UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**

2006 AUG 15 AM 11: 09

U.S. D           COURT
MIDDLE DIS      OF FLORIDA
ORLA        ORIDA

IN RE
Seroquel Products Liability Litigation
MDL DOCKET NO. - 1769 (All Cases)

## SCHEDULING ORDER

1. This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to their order of July 6, 2006 as well as all related actions originally filed in this court or transferred or removed to this court. These actions are listed in the Schedules attached hereto. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2. The actions described in paragraph 1 of this order are coordinated for pretrial purposes.

3. All pleading or papers shall be filed electronically; no copies will be necessary. All papers filed in these actions shall bear the identification "MDL Docket No. 1769 ", and when such paper relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such paper does not relate to all of these actions the individual docket numbers assigned by the Clerk of this Court (as listed in the Schedules hereto) of those actions to which the paper relates shall also be listed. If such paper relates to five or fewer actions the abbreviated caption of each of the actions may be listed opposite its number.

4. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court. All Attorneys appearing before this Court shall use the CM/ECF docket system.  Counsel are directed to the website located at www.flmd.uscourts.gov under "CM/ECF" where they can request their password from the Court. (***Note:* Pro Se parties are exempt from the electronic filing requirement.**) Tutorials on the use of the Court's electronic case filing system are available on the Court's website. By obtaining a password Counsel subject themselves to the Local Rules of this Court including Local Rule 2.04 relating to Discipline.  All Counsel must familiarize themselves with the Local Rules of Court and  the Court's CM/ECF Administrative Policies and Procedures. Counsel shall obtain their personal passwords immediately but in any event no later than September 1, 2006.  Paper copies of Orders and Notices will not be sent to Counsel.  It is Counsel's responsibility to keep advised of all activity in this case.

5. Any paper which is to be filed in any of these actions shall be filed electronically with the Clerk of this Court and not with the transferor district court.

6. Prior to the first pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto as well as on all pro se litigants. Any attorney who wishes to have his name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk of this Court with notice to all other persons on such service list. The parties shall present to the Court at the first pretrial conference a list of attorneys for purposes of service. Only one attorney for each party separately represented shall be included on such list. Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney Service List as well as on all pro se litigants.

7. Prior to the first pretrial conference, counsel for each group of parties whose interests are similarly aligned shall designate liaison counsel, subject to the approval of the Court. Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

8. Upon remand of any of these actions the parties may be required to provide to this Court copies of any necessary and relevant papers previously filed in this action to be included with the documents sent to the transferor district court.

9. No parties to any of these actions shall be required to obtain local counsel in this district and the requirements of Rule 2.01 and 2.02 of the Local Rules of this Court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

10. Hearings shall not be held on any motions filed except by order of Court upon such notice as the Court may direct.

11. Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

12. Any orders including protective orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court upon application.

13. All discovery proceedings in these actions are stayed until further order of this Court and the

time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Rules of Civil Procedure, are tolled until the first pretrial conference at which time a discovery schedule will be established.

14. All deadlines for responding to a complaint or a pending motion are stayed pending the establishment of a schedule for responses to be determined at the initial pretrial conference.

15. The Court will be guided by the *Manual for Complex Litigation, Fourth* approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

16. All other matters will be discussed at the initial pretrial conference before the undersigned and the Honorable David A. Baker, to be held in Courtroom 2, at the George C. Young United States Courthouse and Federal Building, 80 N. Hughey Avenue, Orlando, Florida 32801 at 2:30 PM on Thursday  September 7, 2006. No later than August 24, 2006, counsel shall furnish suggestions for items to be included on the agenda for this conference.

17. Counsel and Pro Se parties are required to attend a meeting to prepare for the initial pretrial conference on Thursday September 7, 2006 at 1:00 PM in room 529 of the George C.  Young Courthouse. The purpose of this meeting is for counsel and the parties to review and narrow the issues to be discussed at the initial pretrial conference.

18. The parties shall file a response to the Interested Persons Order, attached to this Order, within the time prescribed thereon.


**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 15, 2006.


Anne C. Conway
United States District Judge