67. The Seroquel Defendants, in addition to knowing misrepresentations, made misrepresentations without any reasonable grounds for believing its statements to be true to Plaintiffs, other patients, and the medical and psychiatric communities.

68. The Seroquel Defendants, through its misrepresentations, intended to induce justifiable reliance by Plaintiffs, other patients, and the medical and psychiatric communities.

69. The Seroquel Defendants, through its marketing campaign and communications with treating physicians or psychiatrists, was in a relationship so close to that of Plaintiffs and other patients that it approaches and resembles privity.

70. The Seroquel Defendants owe a duty to the medical and psychiatric communities, Plaintiffs, and other consumers, to conduct appropriate and adequate studies and tests for all its products, including Seroquel, and to provide appropriate and adequate information and warnings.

71. The Seroquel Defendants failed to conduct appropriate or adequate studies for Seroquel. The Seroquel Defendants failed to exercise reasonable care by failing to conduct studies and tests of Seroquel.

72. As a direct and proximate result of the Seroquel Defendant's negligent misrepresentations, Plaintiffs developed diabetes, pancreatitis and/or life threatening complications therefrom and were caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including, but not limited to, pancreatitis, diabetic ketoacidosis, and diabetic coma. The Seroquel Defendants are liable to Plaintiffs jointly and severally for all general, special and equitable relief to which Plaintiff is entitled by law.

## SIXTH CLAIM FOR RELIEF

### BREACH OF EXPRESS WARRANTY

73. Plaintiffs hereby incorporate by this reference all other paragraphs of this Complaint as if fully set forth herein at length.

74. The Seroquel Defendants are merchants and/or sellers of Seroquel. Defendants sold Seroquel to consumers, including Plaintiffs, for the ordinary purpose for which such drugs are used by consumers. The Seroquel Defendants made representations to Plaintiffs about the quality or characteristics of Seroquel by affirmation of fact, promise and/or description.

75. The representations by the Seroquel Defendants became part of the basis of the bargain between Defendants and Plaintiffs. Seroquel did not comport with the representations made by Defendants in that it was not safe for the use for which it was marketed. Plaintiffs have notified Defendants that Defendants has breached its express warranties. This breach of warranty by Defendants was a proximate cause of the injuries and monetary loss suffered by Plaintiffs.

## SEVENTH CLAIM FOR RELIEF

### BREACH OF IMPLIED WARRANTY

76. Plaintiffs hereby incorporate by this reference all other paragraphs of this Complaint as if fully set forth herein at length.

### 1. Warranty of Merchantability

77. The Seroquel Defendants are merchants and/or sellers of Seroquel. Plaintiffs purchased Seroquel as placed in the stream of commerce by the Seroquel Defendants and used it for the ordinary purpose for which such drugs are used by consumers. At the time it was purchased by Plaintiffs, Seroquel was not fit for the ordinary purpose for which such drugs are used because it was not manufactured, designed or marketed in a manner to accomplish its purpose safely. The Seroquel Defendants' breach of its implied warranty of merchantability was a direct and proximate cause of Plaintiffs' injuries, diseases, and damages complained of herein.

### 2. WARRANTY OF FITNESS

78. The Seroquel Defendants placed Seroquel into the stream of commerce with the knowledge that Plaintiffs were purchasing said drugs for a particular purpose. Further, Defendants knew, or should have known, that Plaintiffs were relying on Defendants' skill or judgment to select goods fit for Plaintiffs' purpose.

79. The Seroquel Defendants delivered goods that were unreasonably dangerous and unfit for Plaintiffs' particular purpose, in that they were defectively designed and did not come with adequate warnings.

80. The Seroquel Defendants' failure to select and sell a product which was reasonably safe for its intended use was a direct and proximate cause of Plaintiffs' injuries, diseases, and damages complained of herein.

### EIGHTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

81. To the detriment of Plaintiffs the Seroquel Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful collection of, inter alia, payments for Seroquel.

82. Plaintiffs were injured by the cumulative and indivisible nature of the Seroquel Defendants' conduct. The cumulative effect of the Seroquel Defendants' conduct directed at physicians and consumers was to artificially create demand for Seroquel at an artificially inflated price. Each aspect of the Seroquel Defendants' conduct combined to artificially create sales of Seroquel.

83. The Seroquel Defendants have unjustly benefited through the unlawful and/or wrongful collection of, inter alia, payments for Seroquel and continue to so benefit to the detriment and at the expense of Plaintiffs.

84. Accordingly, Plaintiffs seek full disgorgement and restitution of the Seroquel Defendants' enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## NINTH CLAIM FOR RELIEF

### VIOLATION OF STATE CONSUMER PROTECTION LAWS

85. Plaintiffs hereby incorporate by this reference all other paragraphs of this Complaint as if fully set forth herein at length.

86. The Seroquel Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various state consumer protection statutes that allow consumers to pursue claims. Plaintiffs assert this claim on behalf of the Plaintiffs whose claims arise in the states identified below and pursuant to the statutes identified below:

(a) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code § 40.50.471, et seq.;

(b) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, et seq.;

(c) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, et seq.;

(d) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. and the Consumer Legal Remedies Act, Civ. Code § 1750 et seq. ("CLRA");

(e) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, et seq.;

(f) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, et seq.;

(g) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, et seq.;

(h) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, et seq.;

(i) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, et seq.;

(j) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, et seq.;

(k) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, et seq.;

(l) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, et seq.;

(m) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5.1, et seq.;

(n) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, et seq.;

(o) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, et seq.;

(p) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, et seq.;

(q) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, et seq.;

(r) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, et seq.;

(s) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, et seq.;

(t) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, et seq.;

(u) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, et seq.;

(v) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, et seq.;

(w) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, et seq.;

(x) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, et seq.;

(y) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, et seq.;

(z) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, et seq.;

(aa) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, et seq.;

(bb) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, et seq.;

(cc) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, et seq.;

(dd) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51-15-01, et seq.;

(ee) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, et seq.;

(ff) Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made representations in violation of Okla. Stat. tit. 15 § 751, et seq.;

(gg) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, et seq.;

(hh) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, et seq.;

(ii) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, et seq.;

(jj) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, et seq.;

(kk) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, et seq.;

(ll) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, et seq.;

(mm) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

(nn) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13-1 1-1, et seq.;

(oo) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, et seq.;

(pp) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, et seq.;

(qq) Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, et seq.;

(rr) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A-6-101, et seq.;

(ss) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, et seq.; and

(tt) Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-100, et seq.

### TENTH CLAIM FOR RELIEF

### GROSS NEGLIGENCE/MALICE

87. Plaintiffs hereby incorporate by this reference all other paragraphs of this Complaint as if fully set forth herein at length.

88. The wrongs done by the Seroquel Defendants were aggravated by the kind of malice, fraud and reckless disregard for the rights of others, the public and Plaintiffs for which the law allows the imposition of exemplary damages, in that the Seroquel Defendants' conduct:

- was specifically intended to cause substantial injury to Plaintiffs;

- when viewed objectively from the Seroquel Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Seroquel Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or

- included a material representation that was false, with the Seroquel Defendants knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation be acted on by Plaintiff. Plaintiff relied on the representation and suffered injury as a proximate result of this reliance.

89. Plaintiffs therefore seek exemplary damages in an amount within the jurisdictional limits of the court. Plaintiffs also allege that the acts and omissions of named AstraZeneca, whether taken singularly or in combination with others, constitute gross negligence which proximately caused the injuries to Plaintiffs. In that regard, Plaintiffs seek exemplary damages in an amount that would punish Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

90. AstraZeneca's actions, described above, were performed willfully, intentionally, with malice and/or with reckless disregard for the rights of Plaintiffs and the public. At a minimum, AstraZeneca's acts and omissions were (a) specifically intended to cause substantial injury to Plaintiffs and/or (b) when viewed objectively from the standpoint of the Seroquel Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. AstraZeneca had actual and subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others, including Plaintiffs. As such, Plaintiffs are entitled to punitive damages against AstraZeneca.

## VII. DAMAGES

91. By reason of the foregoing, Plaintiffs, demand judgment for damages against the Seroquel Defendants including compensatory damages, costs of the prosecution of this action, and further, demands trial by jury of all issues so triable, and for such other and further relief as this Court deems just and proper.

92. As a direct and proximate result of Plaintiffs ingestion and use of AstraZeneca's defective product, Seroquel, Plaintiffs injuries include, but are not limited to the following damages and seek recovery thereon:

    1. Disability:
    2. Onset of Stage II Diabetes;
    3. Diabetic coma;
    4. Past and future emotional distress including, without limitation, justifiable fear of disease;
    5. Loss of Enjoyment of Life;
    6. Physical and Mental Pain and Suffering;
    7. Inconvenience;

8. Past and future mental anguish;

9. Physical Pain and Suffering;

10. Increased risk of debilitating disease;

11. Medical Monitoring through their lifetime;

12. Plaintiffs' spouses, where named, also seek damages for loss of consortium, services, love and affection;

13. Past and future medical expenses;

14. Physical impairment; and

15. Physical disfigurement.

16. Death.

## VIII.  WRONGFUL DEATH & SURVIVAL DAMAGES

93. In the case where Plaintiffs have suffered a wrongful death due to The Seroquel Defendants' acts and omissions complained of herein, Plaintiffs' heirs and representatives seek compensation for the following general and special damages including, but not limited to, damages for survival and wrongful death claims that Plaintiffs have sustained both in their individual capacity and as personal representatives of the estate:

   a. The conscious physical pain and suffering sustained by Decedent prior to their death;

   b. The mental anguish sustained by Decedent prior to their death;

   c. The physical impairment suffered by Decedent prior to their death;

   d. The disfigurement suffered by Decedent prior to their death;

   e. Reasonable and necessary medical expenses incurred by Decedent prior to their death;

   f. Reasonable funeral and burial expenses incurred by Decedent and their estate;

   g. Decedent's lost earning capacity;

   h. The loss of household services, consortium, pecuniary loss, companionship and society which Plaintiffs received from Decedent prior to their last illnesses and death; and

    i.    The mental anguish suffered by Plaintiffs as a consequence of the last illnesses and death of Decedent.

## VIII.   PUNITIVE DAMAGES

94. Plaintiffs hereby incorporate by this reference all other paragraphs of this Complaint as if fully set forth herein at length.

95. At all times relevant hereto, Defendants had actual knowledge of the defective and dangerous nature of Seroquel as set forth herein and continued to design, manufacture, market, promote, distribute and sell it so as to maximize sales and profits at the expense of the public's health and safety and in conscious disregard for the foreseeable serious harm caused by the drug. The Seroquel Defendants' conduct exhibits such an entire want of care as to establish that its actions were a result of fraud, ill will, recklessness, gross negligence, malice and/or willful and intentional disregard for the safety and rights of consumers of its drugs such as Plaintiffs. Plaintiffs therefore seek to recover punitive and exemplary damages to the fullest extent permitted by law.

## IX. COUNT

### LOSS OF CONSORTIUM

96. Plaintiffs hereby incorporate by reference all other paragraphs of this Complaint as if fully set forth and further allege as follows:

97. In cases where Plaintiffs were married at the time of their respective injuries, the spouses of such plaintiffs were entitled to their comfort, care, affection, companionship, services, society, advice, guidance, counsel and consortium.

98. As a direct and proximate result of one or more of those wrongful acts or omissions of the Defendants described above, Plaintiffs' spouses have been and will be deprived of their

comfort, care, affection, companionship, services, society, advice, guidance, counsel and consortium.

## XI. STATE STATUTORY PRODUCT LIABILITY LAW

99. To the extent any of the states where given plaintiffs reside have statutory product liability law in addition or in lieu of the common law allegations set forth above those plaintiffs hereby plead and incorporate by reference those statutory allegations.

## X. DEMAND FOR JURY TRIAL

100. Plaintiffs hereby demand trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Seroquel Defendants as follows:

(a) compensatory damages on each cause of action;

(b) punitive damages on all counts as permitted by applicable law;

(c) awarding reasonable attorneys' fees, expert fees, costs of prosecution and costs of court;

(d) prejudgment and post-judgment interest at the highest legal rate, and

(e) granting such additional and further relief as the Court deems just and proper.

- 32 -

Respectfully submitted,

s/
Larry M. Roth
LAW OFFICES OF LARRY M. ROTH, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
Facsimile: (407) 872-6927
E-mail: LROTH@roth-law.com

s/
T. Scott Allen
CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
Facsimile: (713) 650-1720
E-mail: sallen@crusescott.com

s/
K. Camp Bailey
Michael W. Perrin
F. Kenneth Bailey, Jr.
Fletcher Trammell
BAILEY PERRIN BAILEY L.L.P.
The Lyric Centre
440 Louisiana, Suite 2100
Houston, Texas 77002
Telephone: (713)425-7100
Facsimile: (713)425-7101
E-mail: mperrin@bpblaw.com
cbailey@bpblaw.com
kbailey@bpblaw.com
ftrammell@bpblaw.com

Paul J. Pennock
Michael E. Pederson (MEP 4363)
John Broaddus
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Facsimile: (212) 363-2721
E-mail: Ppennock@Weitzlux.com
Mpederson@Weitzlux.com
Jbroaddus@Weitzlux.com

s/
Kenneth W. Smith
Justin Witkin
Bryan Aylstock
AYLSTOCK, WITKIN & SASSER, P.L.C.
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503
Telephone: (850) 916-7450
Facsimile: (850) 916-7449
E-mail: KSmith@AWS-LAW.com
JWitkin@AWS-LAW.com
BAylstock@AWS-LAW.com

John J. Driscoll
BROWN & CROUPPEN, P.C.
720 Olive Street, #1800
St. Louis, MO 63101
Telephone: (314) 421-0216
Facsimile: (314) 421-0359
E-mail: Jdriscoll@brownandcrouppen.com

s/
Keith M. Jensen
David A. Singleton
JENSEN, BELEW & GONZALEZ, P.L.L.C.
1024 N. Main Street
Fort Worth, Texas 76106
Telephone: (817) 334-0762
Facsimile: (817) 334-0110
E-mail: kj@kjensenlaw.com
dsingleton123@yahoo.com

s/
Lawrence J. Gornick
William A. Levin
LEVIN SIMES KAISER & GORNICK, LLP
One Bush Street, 14th Floor
San Francisco, CA 94014
Telephone: (415)646-7160
Facsimile: (415)981-1270
E-mail: lgornick@lskg-law.com
wlevin@levinslaw.com

s/
Matthew E. Lundy
Lisa L. Stewart
LUNDY & DAVIS, L.L.P
333 N. Sam Houston Parkway East
Suite 375
Houston, Texas 77060
Telephone: (281)272-0797
Facsimile: (281)272-0781
E-mail: mlundy@lundydavis.com
lstewart@lundydavis.com

s/
Matthew F. Pawa, Esq.
Benjamin A. Krass
LAW OFFICES OF MATTHEW F. PAWA, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
Telephone: (617) 641-9550
Facsimile: (617) 641-9551
E-Mail: mp@pawalaw.com
bkrass@pawalaw.com

Todd Harvey
WHATLEY DRAKE, L.L.C.
2323 2nd Avenue North
Birmingham, AL 35203
Telephone: (205)328-9576
Facsimile: (205)328-9669
E-mail: THARVEY@whatleydrake.com