UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products			Case No. 6:06-md-1769-Orl-22DAB
       Liability Litigation

                                                        **(ALL CASES)**

_____/

**MDL PLAINTIFFS' STATEMENT OF ISSUES AND TOPICS TO BE
DISCUSSED AT NOVEMBER 20, 2006 DISCOVERY CONFERENCE, AND
PRELIMINARY OBSERVATIONS AND COMMENTS ON THOSE POINTS
FOR THE COURT'S BENEFIT**

    The MDL Plaintiffs, by and through their undersigned liaison counsel, hereby file this Statement of Issues and Preliminary Observations and Comments on Discussion Points to be considered during the Discovery Conference set by the Court on November 20, 2006 at 10:00 A.M. The issues and discussion points set forth below are not prioritized in any particular order of importance. The Defendants and counsel for Plaintiffs continue to discuss some of these topics at the present time:

    1.    <u>Plaintiffs' Steering Committee</u>. Formation of Plaintiffs' Steering Committee (PSC) and the appointment of Co-Lead Counsel, Paul Pennock and Camp Bailey. The Court is requested to further consider this proposal by the MDL Plaintiffs, and the procedure to be followed in the event the Court accepts the proposal to memorialize these appointments.

    2.    <u>Production of IND and NDA</u>. The formatting in which the Defendants, AstraZeneca, produced to the Plaintiff the IND and NDA for Seroquel. The CDs containing the IND and NDA are not searchable despite a prior request by the Plaintiffs. The formatting in which the IND and NDA were produced is, in essence, no different than the production of 200 bankers boxes full of hard

copy documents. Although the documents are Bates stamped, the Plaintiffs are not able to access or correlate the Bates stamps to any particular system. As two examples, the documents are Bates-stamped but neither the name of the files, the labels on the disks, nor the folders indicate the Bates range. Thus they are not searchable in their present format. Second, the documents themselves are not usable in any type of personal computer format. Even on the most sophisticated computer system at Weitz & Luxenberg, it took over five (5) minutes to open one particular document which turned out to be 8667 pages or 202 MB. Discussions are on-going with the Defendants on this topic which began on November 15th.

   3.   <u>Discovery Related to Preemption Motion</u>. Plaintiffs are contemplating the filing of a formal Request for Production related to preemption issues, and have so notified the Defendants. Given the time frame in which the Court would like to complete preemption briefing, Plaintiffs view this as a time urgent matter. Defendants have proposed a different approach to document discovery, one which would focus on the production of key witness custodial files. Plaintiffs are willing to consider Defendants' proposal but not if it may result in prejudicial delay. Plaintiffs' Request for Production would be made, *inter alia*, in conjunction with certain 30(b)(6) depositions designed to identify additional documents and witnesses who can be deposed on such topics as regulatory issues, testing, communications with the FDA, risk information which Defendants chose not to disclose to the FDA, when Defendants knew of the risks at issue in this litigation, communications with foreign regulatory agencies regarding risks and warning requirements, internal communications regarding risk issues, and all forms of communications to physicians regarding risks or benefits associated with Seroquel. This discovery should also provide some basic information that will ultimately help facilitate discovery on other issues. For example, at this point MDL Plaintiffs do not even have corporate organizational charts that would assist and expedite the discovery process and

identification of key personnel and departments to be targeted.

    4. <u>Timing of the Defendants' Preemption Motion</u>.  Astrazeneca had advised Plaintiffs that the form of its motion will be a Rule 12(b)(6) motion on the pleadings and that there will be no reference to any Plaintiff Fact Sheets.  Although this will need to be addressed in more detail, in essence the Plaintiffs do not believe that such a Rule 12(b)(6) motion without extrinsic evidence or reliance upon anything outside the four corners of the Complaint is proper or viable because this Court must accept every complaint and allegation as true, which would include fraud allegations, among other things and claims.  Even though Plaintiffs obviously have not seen the motion, in essence it would have to argue as a matter of law across the 6,000 plus cases that no Plaintiff has a cause of action under any theory.  In the discovery which the Plaintiffs intend to begin as soon as possible, evidence will be developed to overcome this Preemption motion both on legal and factual grounds in the event that the 12(b)(6) motion is translated into or accepted as a Rule 56 Motion for Summary Judgment, or if Defendants otherwise attempt to rely on extrinsic evidence.  The Plaintiffs believe the Defendants' approach to a strict 12(b)(6) motion, however unprecedented it seems to the Plaintiffs and under the current case law, also runs the risk of substantial delay to these proceedings.

    5. <u>Protective Order and Filing Documents Under Seal</u>.  It is the fundamental position of the Plaintiffs that documents should not be filed under seal.  Plaintiffs understand this Court's views and the local Rules on this issue.  However, the Plaintiffs are of course willing to cooperate on a procedure in the event the Court adopts one.  This issue was discussed and proposals made, but not resolved on November 15-17, 2006.

    6. <u>Plaintiffs' Fact Sheets</u>.  The timing of the Plaintiffs' Fact Sheets (PFS) in accordance with the comments made by this Court in its Order of November 9, 2006.  (Dkt. 70)  To the extent that discussion is held on this point, the Plaintiffs might request the Court's indulgence in that

several of the participating Plaintiffs' counsel may like to address the Court on some of the practical issues about the timing and completion of the Plaintiffs' Fact Sheets. Additionally, Plaintiffs would like to address with the Court, as part of the timing discussion, the way in which Plaintiffs came to agree to the format of the Plaintiffs' Fact Sheet presented to the Court. In short, Plaintiffs' agreement on the format was made in connection with an overall agreement which included the timing of production and the dismissal procedure. As part of the discussion the Plaintiffs will address the issue of the proposed schedule on the PFS as not interfering with the Court's overall concept of the time frame in which to have these cases ready for remand, and to which Defendants agreed on appropriateness of the timing for their purposes as well. Alternatively, Plaintiffs would like the Court to consider Plaintiffs' previously proposed Fact Sheet form which could be answered in a shorter time frame than that agreed to by the parties.

7. <u>Preservation Order</u>. The issue of a Preservation Order which, of course, is provided for in the Manual for Complex Litigation. <u>See</u> § 40.25, at 841 (4th ed.). A proposed Preservation Order has been submitted to the Defendants by the Plaintiffs. However, it is not anticipated that any agreement will be reached on this matter prior to November 20, 2006.

8. <u>Defendant Fact Sheets</u>. Defendants have highly relevant information concerning individual plaintiffs and their doctors. Once a plaintiff produces a fact sheet, Defendant will be in a position to complete a fact sheet for that plaintiff. Defendant fact sheets have become somewhat common in mass tort litigation. Plaintiffs have provided Defendants with a proposed Defendant Fact Sheet and understand that Defendant is in the process of formulating its position. No agreement has been reached on this point but it should be ripe for some type of discussion at the November 20th Conference.

9. <u>Discovery Timeline</u>. Plaintiffs have prepared a rough timeline for discovery to be

done in this court prior to remand. This is one item that the Plaintiffs believe can be openly discussed with the Court, as well as the Defendants.

10. <u>Full Preparation in Individual Cases</u>. It is the Plaintiffs' belief that certain individual cases can be identified for this Court to handle on a case specific basis in order to place some of the issues and ultimate Court rulings in context. Plaintiffs propose selecting approximately twenty (20) cases to proceed with case-specific discovery, along with the general MDL discovery. Plaintiffs believe this will provide context for the Court with respect to the overall issues involved in this litigation, and as well as providing a basis for the provision of guidance to the transferor courts on remand. No agreement was reached on this issue, but it is a subject that the Plaintiffs would like to address with the Court, at least preliminarily at the November 20th Conference.

11. <u>Legal Motions</u>. Plaintiffs expect that the Defendants will be filing their own list of points which will include what motions pertaining to strictly legal issues that might be able to be filed and decided without regard to individual facts. However, most motions do seem to the Plaintiffs to be very case specific and fact-oriented, as well as involving the different laws of many states and circuits. However, to the extent the Defendants believe that certain motions solely related to legal issues might be considered, the Plaintiffs believe that motions directed toward certain affirmative defenses by the Plaintiffs would be proactively filed to potentially help narrow the issues for the transferor courts upon remand.

[**NOTE:** Several of these items addressed above such as ¶2 in Plaintiffs' points previously have come up and been discussed in even more detail through the parallel state court proceedings in Delaware. Thus, although some of these issues have not been discussed specifically in this MDL in that detail, they have been previously discussed at length in the state court proceedings by other counsel with these same MDL Defendants' attorneys, and the latter knew the need for what type of production format to make.

RESPECTFULLY SUBMITTED this 17th day of November, 2006.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this <u>17th  day of November, 2006</u>, I electronically filed the foregoing **MDL PLAINTIFFS' STATEMENT OF ISSUES AND TOPICS TO BE DISCUSSED AT NOVEMBER 20, 2006 DISCOVERY CONFERENCE AND PRELIMINARY OBSERVATIONS AND COMMENTS ON THOSE POINTS FOR THE COURT'S BENEFIT** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.  I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class mail delivery to the non-CM/ECF Participants listed on the attached Service List.

      /s/ Larry M. Roth
**Larry M. Roth**
**Plaintiffs' Liaison Counsel**
**Florida Bar No. 208116**
**LAW OFFICE OF LARRY M. ROTH, P.A.**
1615 Edgewater Drive, Suite 180 [32804]
Post Office Box 547637
Orlando,  Florida   32854-7637
**Telephone:**     407 - 872-2239
**Facsimile:**      407 - 872-6927
**E-mail:**          LROTH@roth-law.com

## SERVICE LIST
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey, LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX  77060<br>Telephone:  (281) 272-0797     .<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL  35203<br>Telephone:  (205) 328-9576<br>THARVEY@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone:  (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |

## SERVICE LIST
(As of November 10, 2006)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No.  1769 - Orl - 22DAB

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL  32503<br>Telephone:  (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone:  (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>***Pro Se*** |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone:  (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334<br>***Pro Se*** |
| Thomas Campion, Esq.<br>Andrew C. White, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone:  (973) 360-1100<br>tcampion@dbr.com<br>andrew.white@dbr.com<br><br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorney for Defendant AstraZenca, PLC*** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** |
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants, Astrazeneca Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| David P. Matthews, Esq.<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>Telephone: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Robert G. Smith, Jr., Esq.<br>Lorance & Thompson, PC<br>2900 N. Loop W, Suite 500<br>Houston, TX 77092<br>Telephone: (713) 868-5560<br>rgs@lorancethompson.com<br>***Attorneys for Defendant, Carlos Hernandez*** | Howard Nations<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery Rustay & Winchester, P.C.<br>3200 Travis, Fourth Flo<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | |