UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769

This document relates to:

Carlos DiCiolla, et al. v. Johnson & Johnson Company, et al.,
6:06-cv-01052-ACC-DAB

_____/

DEFENDANT ASTRAZENECA'S OPPOSITION TO MOTION
TO WITHDRAW AS COUNSEL FOR PLAINTIFF DICIOLLA

Counsel for Plaintiff Carlos DiCiolla, the law firm of Aylstock, Witkin, & Sasser,

("Aylstock") has filed a motion seeking leave to withdraw as counsel for Plaintiff and

suggesting that the court consider appointing a guardian *ad litem* on Plaintiff's behalf.

*See* Doc. No. 73.  This Court should deny the motion because:  1) Aylstock has failed to

make a showing of good cause; and 2) there is no basis on which to appoint a guardian *ad*

*litem* for Plaintiff Diciolla.

**ARGUMENT**

**I.      AYLSTOCK HAS NOT SHOWN GOOD CAUSE TO WITHDRAW**

To assure that clients are not unfairly abandoned by their lawyers, withdrawal

without substitution of counsel may only be granted by this Court for good cause shown.

Fla. R. Prof'l. Conduct 4-1.16(b)(6), (d).  A motion to withdraw should be supported by

"a detailed explanation of the reasons why [counsel] believes that 'good cause' [for

withdrawal] exists."  *See, e.g.*, *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996)

(affirming denial of motion to withdraw where counsel only made "vague reference" to the reasons for withdrawal).

Here, Aylstock's purported "good cause" is that the firm is having trouble contacting Plaintiff. (Counsel for Pl's. Mot. for Leave to Withdraw at 2). Aylstock claims that it has made many attempts to contact Plaintiff by "means of hiring investigators and calling the employer, family members, and treating psychiatrist." (Mot. to Withdraw at 2). Despite this statement, Aylstock fails to provide a single detail about, or evidence documenting, its alleged attempts to contact Plaintiff.

Nowhere in Aylstock's motion is the Court informed of: 1) who the investigators are, 2) how the investigators verified the contacts' addresses or phone numbers, 2) the dates and times the investigators attempted to reach these contacts, 3) or whether counsel ever attempted a physical, in-person visit to Plaintiff, or any of the other contacts. Absolutely no evidence that these attempts were made, such as an investigator's field notes or call log, is appended to Aylstock's motion. Because Aylstock has failed to provide a detailed explanation of the reasons why good cause exists, its motion should be denied.

## II.   THERE IS NO BASIS FOR APPOINTING A GUARDIAN *AD LITEM*

AstraZeneca also opposes Aylstock's suggestion that the Court consider appointing a guardian *ad litem* on behalf of Plaintiff. There is no basis in law or fact for the appointment of a guardian *ad litem* for Plaintiff. Federal Rule of Civil Procedure 17(c) provides that "the court shall appoint a guardian *ad litem* for an infant or incompetent person not otherwise represented in an action . . . ." To determine whether

the appointment of a guardian *ad litem* is appropriate under Rule 17(c), the district court

must look to the law of the plaintiff's domicile.  Fed. R. Civ. P. 17(b).  According to the

complaint in this case, Plaintiff Carlos DiCiolla is domiciled in California.  Under

California law, the test for incompetence "is whether the party has the capacity to

understand the nature or consequences of the proceeding, and is able to assist counsel in

preparation of the case."  *In re C.G. v. C.G.*, 27 Cal.Rptr.3d 872, 875 (2005).

There has been no proffer that Plaintiff is an "incompetent person" unable to

understand the nature or consequences of these proceedings.  Neither Plaintiff, nor his

counsel, have presented the court with an affidavit by any medical professional or family

member indicating that Plaintiff is incompetent as to warrant the appointment of a

guardian *ad litem*.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d

Cir. 2003), *cert. denied*, 540 U.S. 1195 (2004) (finding that although a litigant's "bizarre

behavior" alone is insufficient to trigger a mandatory inquiry into the party's

competency, a court likely abuses discretion where it fails to consider whether 17(c)

applies when confronted with evidence that the party has been adjudicated incompetent,

or evidence from a mental health professional that the party suffers from a mental illness

that renders the party legally incompetent).  Moreover, the fact that Plaintiff allegedly

ingested an atypical anti-psychotic medication, generally prescribed for the treatment of

certain mental conditions, is not indicative of incompetence.  *See, e.g.*, *Magallon v.

Livingston*, 453 F.3d 268, 272 (5th Cir. 2006) (the question under Rule 17(c) is not

whether the party is mentally ill, but rather whether the party can care for his or her own

interests in litigation).

Rather, Counsel simply alleges that Plaintiff suffers from a mental condition that *may* be preventing him from communicating with counsel.  (Mot. to Withdraw at 2). Counsel submits no additional evidence in support of this "mental condition" and the effect it allegedly has upon Plaintiff.  The only assertion Counsel makes is that Plaintiff does not communicate with his lawyers.  This assertion could be indicative of a number of things, including Plaintiff's lack of interest in pursuing this litigation.  *See Hudnall v. Hudnall*, 800 F.2d 377 (4th Cir. 1986) ("Parties to litigation behave in a great variety of ways that might be thought to suggest some degree of mental instability," however, rule 17(c) contemplates a form of "mental deficiency which . . . affects the person's practical ability to manage his or her own affairs").  Aylstock's suggestion that the Court consider appointing a guardian *ad litem* on behalf of Plaintiff should therefore be denied.

### CONCLUSION

In sum, there has been no proffer by Plaintiff's counsel that there is good cause for withdrawal.  Plaintiff's counsel has also failed to provide a basis for the costly appointment of a guardian *ad litem* on Plaintiff's behalf.  Thus, AstraZeneca respectfully requests that this court deny Aylstock's motion to withdraw and for appointment of a guardian *ad litem*.

AstraZeneca further requests that, should this Court determine withdrawal is appropriate, the following terms and conditions be incorporated in any Order of Withdrawal:

> 1.  Plaintiff shall be afforded sixty (60) days to obtain new counsel; and

2.  If an entry of appearance is not entered by new counsel within sixty

(60) days from the date of the Court's Order permitting Aylstock's withdrawal, then

Plaintiff's cause of action shall be dismissed without prejudice.

Respectfully Submitted,


s/James W. Mizgala
Michael W. Davis
James W. Mizgala
Attorneys for Defendants AstraZeneca
Pharmaceuticals LP and AstraZeneca LP
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:    (312) 853-7000
Facsimile:     (312) 853-7036
E-mail:         mdavis@sidley.com
                    jmizgala@sidley.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th of November, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

s/ James W. Mizgala
Michael W. Davis
James W. Mizgala
Attorneys for Defendants AstraZeneca
Pharmaceuticals LP and AstraZeneca LP
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
E-mail:        mdavis@sidley.com
               jmizgala@sidley.com

## SERVICE LIST
(As of November 30, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

**Carlos DiCiolla, et al. v. Johnson & Johnson Company, et al.,**
**6:06-cv-01052-ACC-DAB**

| | |
|---|---|
| **Russell H. Rein**<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450 | |