UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products               Case No. 6:06-md-1769-Orl-22DAB
         Liability Litigation
                                                              **(ALL CASES)**

_____/

**MDL PLAINTIFFS' MOTION FOR APPOINTMENT OF
PLAINTIFFS' STEERING COMMITTEE AND CO-LEAD COUNSEL;
MEMORANDUM IN SUPPORT**

The MDL Plaintiffs, by and through their undersigned Liaison Counsel, hereby file this Motion and Memorandum to Authorize Plaintiffs' Steering Committee, and Appointment of Co-Lead Counsel.  In support of this Motion the following would be stated:

1. This Motion is being filed pursuant to M.D.L.R. 3.01(a)(2006).

2. Initially at the Hearing on September 7, 2006 the Court was not inclined to agree to or then see the need for a Plaintiffs' Steering Committee (PSC), but allowed Plaintiffs to ask the Court to re-visit the issue at a later time (Hrg. Tr. 6/16-18; 8/4-10).

3. The Plaintiffs hereby renew their request for a Plaintiffs' Steering Committee and, as the Defendants have also requested on several occasions (Hrg. Tr. 50/5-10;11/6/06, Hrg. Tr. 35/9-14), for the appointment of Lead Counsel.  Specifically, in this matter the Plaintiffs are requesting that co-Lead Counsel be appointed.

4. What the Plaintiffs are proposing is a Steering Committee which will be different from the conventional PSC normally seen in Multi-District Litigation cases.  As this Court has noted, there are a limited number of law firms involved, to-date approximately 37 by undersigned counsel's count.  Nevertheless, as Liaison Counsel it is very difficult to coordinate all events, and to reach

agreement on litigation issues that need to be decided on a prompt and expedited basis. It has been the observation of Liaison Counsel that many of the attorneys involved herein are very experienced from previous MDL litigations. Therefore, a PSC is appropriate to utilize this experience of counsel. Further, the vast majority of the expected cases to be transferred to this District, the best estimate being 6,000 to 8,000, are being handled by probably five to six law firms. It is representatives from these Firms who would comprise the PSC.

5.  Liaison Counsel knows that in more traditional PSCs with Liaison Counsel and Lead Counsel there are onerous burdens placed upon the Court with respect to maintenance and review of contemporaneous attorneys' fees documentation and time. See Annotated Manual for Complex Litigation, § 40.21, at 830-831 (4th ed. 2006). See also, J. Beck & A. Vale, Drug and Medical Device Product Liability Deskbook § 14.121, at 235-239 (2006). What is being requested by the Plaintiffs will not impose this burden on the Court.

6.  The PSC being proposed would have general authority to make decisions concerning the litigation such as retention of experts, covering and taking of depositions, serving discovery, document reviews, overall coordination with Defendants' counsel on procedural and substantive matters affecting the litigation, attending Court conferences for the purpose of speaking on behalf of all Plaintiffs' counsel, having authority to reach agreement and stipulations with Astrazeneca counsel, and making both strategic and tactical decisions involving the progress and handling of the litigation. The PSC will coordinate discovery and motion practice. Liaison Counsel will be part of the PSC so that he can keep the other Plaintiffs' counsel informed. The moving Plaintiffs request that a Court Order be entered generally authorizing the formation of the PSC as identified below, and for approval of these general powers and duties as specified herein. The creation of the PSC

will better enable and equip Plaintiffs with the ability to comply with and meet the Court's scheduling parameters for this MDL.

7. From the PSC designated co-Lead Counsel is being requested. See General Manual on Complex Litigation, *supra,* § 10.221, at 37-38; § 22.62 at 540-541. Co-Lead Counsel will take the responsibilities of dealing on a daily basis with Defendants' counsel, as they have also requested, and will have the ability to bind the PSC and the other attorneys in these cases on certain decisions, such as those dealing with cooperation in setting depositions, discovery responses, meet-and-confers that will necessarily take place, and will be available for emergency matters that might by necessity be brought before Judge Conway or Judge Baker. It is anticipated that the proposed PSC will in most instances also participate, or a majority of them, in these dealings with the Defendants. When necessity dictates, however, co-Lead Counsel will have authority to bind the PSC, act on behalf of the PSC, and as it may affect other counsel having cases in the MDL.

8. Further, it is represented to the Court that to the extent possible, through Liaison Counsel, all attorneys who have cases in the MDL will be kept apprised of developments and what is occurring, including scheduling issues, discovery, document identification, document depository, access to common benefit materials, discovery, and the other businesses of the PSC. Further, members of the PSC will be available to confer with all counsel through Liaison Counsel, or directly, to the extent practical and possible with regard to decision-making. Nevertheless, the PSC must be empowered to make decisions in this litigation that will not delay the Court's ultimate time table.

9. There are no special assessments or added attorneys' fees being requested by any member appointed to the PSC, or as co-Lead Counsel. The PSC will, however, require assessments from its members for the sole purpose of reimbursement to local Liaison Counsel for his expenses being incurred in the litigation. It is also proposed by the requested PSC that Liaison Counsel and

his firm be compensated in this litigation, based upon an hourly fee approved by the Court, with a request for Lodestar in the event the litigation is successfully resolved for Plaintiffs. There will be no other financial assessments that will be sought for approval by the PSC and/or co-Lead Counsel. However, members of the PSC will be required, upon request by co-Lead Counsel, to contribute financially to the prosecution of the litigation against the Defendants including, for example, costs for retention of experts, depositions fees, court reporter expenses, expenses related to a document depository (regardless of its composition whether physical or electronic in nature), litigation and document support benefitting all cases, subpoena fees, and otherwise the normal fees assessed with litigation. The PSC will agree amongst itself in terms of any pro-rata nature for the litigation contribution. However, the PSC would be empowered to request cost and expense contributions from non-PSC members, based upon a *pro-rata* or per capita assessment.

10. Plaintiffs state that this request for the PSC and co-Lead Counsel is primarily based upon the principles of functionality and practicality, and for these reasons it will be set up in a non-traditional way whereas non-members of the PSC will not be assessed for any attorneys' fees to members of the PSC, or percentages of settlements, nor will PSC members receive any additional compensation from the Court. The PSC members will receive only what their respective attorney/client contract fee agreements provide. The only obligation of all Plaintiffs' counsel would be to ultimately contribute to compensation of Liaison Counsel, and their fair share of the costs.

11. The Court is requested, therefore, to appoint the following members to the Plaintiffs' Steering Committee:

        a.     Ken Bailey, Bailey Perrin Bailey LLP;

        b.     Paul Pennock, Weitz & Luxenberg, P.C.;

        c.     Mike Perrin, Bailey Perrin Bailey LLP;

  d. Camp Bailey, Bailey Perrin Bailey LLP;

  e. Keith Jensen, Jensen, Belew & Gonzalez, PLLC;

  f. Larry Gornick, Levin, Simes, Kaiser & Gornick, LLP;

  g. John Driscoll, Brown & Crouppen, PC;

  h. Pete Schneider, Grady, Schneider & Newman, L.L.P.;

  I.. Dave Matthews and Lizy Santiago, Abraham, Watkins, Nichols, Sorrels, Matthews & Friend;

  j. Scott Burdine, Hagans, Burdine, Montgomery, Rustay & Winchester, P.C.; and

  k. Seth Webb, Brown & Crouppen, P.C.

Additionally, the PSC would anticipate that additional members if they so request can be added to the group.  Again, the primary purpose of the PSC is to strategically and tactically move the MDL litigation forward, and to be available to supply the litigation resources and to be in a position to work this case up in accordance with the Court's ultimate procedural and substantive schedules.

  12. From the proposed PSC the following two (2) members are requested to be appointed by the Court as co-Lead Counsel:

  a. Paul Pennock

  b. Camp Bailey

  13. The creation of this PSC and co-Lead Counsel shall not preclude the other attorneys in the MDL from attending hearings, conferences, depositions, and the like.  Also, to the extent any opposition to a decision by the PSC or co-Lead Counsel cannot informally be resolved, any counsel in the MDL still may file Motions or Objections with the Court.

5

14. At the Magistrate Court's discovery conference on November 20, 2006 this issue was raised. Judge Baker requested Liaison Counsel to file an appropriate Motion with the Court as soon as possible. This was memorialized in the Court's follow-up Order. (Dkt. 83; 11/20/06 Hrg. Tr. at 8-9) Based upon prior statements made by Mike Davis, Defendants' Lead and Liaison Counsel, there is no known opposition to either the creation of either a Plaintiffs' Steering Committee, or to the appointment of co-Lead Counsel. (See Hrg. Tr. 11/6/06, 33/23-35/14, comments by Mr. Pennock and Mr. Davis.)

15. That in the event the Court grants this Motion, Liaison Counsel stands ready to submit a proposed Order if so directed.

16. Prior to service of this Motion, Liaison Counsel first contacted all known attorneys with cases in the MDL via electronic communications to advise them of this proposal. Additionally, several draft copies of this Motion, with all principal substantive provisions, were sent to all attorneys who have cases in the MDL. To date, there has been no opposition to the proposed PSC, or co-Lead Counsel, voiced by any attorney in the MDL.

WHEREFORE, the Plaintiffs in the MDL, through Liaison Counsel, respectfully request the Court to enter an appropriate Order appointing and authorizing the creation of a Plaintiffs' Steering Committee with general and specific powers to be used at their discretion, as well as appointment of co-Lead Counsel.

RESPECTFULLY SUBMITTED this 30th day of November, 2006.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2006, I electronically filed the foregoing **MDL PLAINTIFFS' REQUESTING THE COURT'S AUTHORIZATION OF**

**PLAINTIFF'S STEERING COMMITTEE, AND APPOINTMENT OF CO-LEAD COUNSEL AND MEMORANDUM** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.  I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class mail delivery to the non-CM/ECF Participants listed on the attached Service List.

      /s/ Larry M. Roth
**Larry M. Roth**
**Plaintiffs' Liaison Counsel**
**Florida Bar No. 208116**
**LAW OFFICE OF LARRY M. ROTH, P.A.**
**1615 Edgewater Drive, Suite 180 [32804]**
**Post Office Box 547637**
**Orlando,  Florida   32854-7637**
**Telephone:   407 - 872-2239**
**Facsimile:    407 - 872-6927**
**E-mail:         LROTH@roth-law.com**

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797    .<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,<br>Marguerite Devon French*** |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |

## SERVICE LIST
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>***Pro Se*** |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334<br>***Pro Se*** |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Thomas Campion, Esq.<br>Andrew C. White, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>tcampion@dbr.com<br>andrew.white@dbr.com<br><br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorney for Defendant AstraZenca, PLC*** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants, Astrazeneca Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| David P. Matthews, Esq.<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>Telephone: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Robert G. Smith, Jr., Esq.<br>Lorance & Thompson, PC<br>2900 N. Loop W, Suite 500<br>Houston, TX 77092<br>Telephone: (713) 868-5560<br>rgs@lorancethompson.com<br>***Attorneys for Defendant, Carlos Hernandez*** | Howard Nations<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Flo<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkings.com |
| Lori A. Siler<br>The Law Offices of Howard L. Nations<br>4515 Yoakum Boulevard<br>Houston, TX 770066<br>(713) 807-87400<br>(713) 807-8423 (telecopier)<br>www.howardnations.com | |