UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 6:06-md-1769-ACC-DAB |
| | § | |
| SEROQUEL PRODUCTS | § | ALL CASES |
| LIABILITY LITIGATION | § | |
| | § | |
| MDL 1769 | § | |
| _____ | § | |

PLAINTIFFS' MOTION FOR ENTRY OF ORDER
AND TO COMPEL DEPOSITION AND BRIEF IN SUPPORT THEREOF

1. Attempts in September, 2006, to either reach agreement on a the propriety of a preservation order or a representation on the record by AstraZeneca ("AZ") that nothing was being overwritten or deleted in the normal course of business, did not produce an agreement. On Monday 11/6/06 counsel for AstraZeneca was provided a proposed Order Pertaining to Preservation of Evidence and Production Protocol (the "Proposed Order") in a form substantially similar to that attached as Exhibit "A".[1]

2. The Proposed Order, of course, pertains to two broad topics: preservation (relatively straightforward) and electronic production protocol (much more dependent on an open discourse between IT personnel for both sides). While the Proposed Order speaks for itself it substantially addresses all of the matters raised in the Manual for Complex Litigation, § 40.25 (Exhibit "I"), requires production in the most useful, useable and searchable form (native format) and delays any obligation for AZ to produce a privilege or redaction log until after production of "preemption issue discovery" so as not to hinder the beginning and completion of AZ's obligations in this regard.

---

[1] A number of changes had to made to the form originally provided given the near complete absence of information provided by AZ regarding their computer systems to date.

- 1 -

3. On 11/6/06 AZ would not agree to make any representation on the record regarding what was or was not being overwritten or deleted. The attempts to reach agreement regarding either the Proposed Order or any preservation representation in the following two weeks prior to the Monday 11/20/06 hearing culminated in a step backwards. The day before the hearing AZ would only agree that "[s]ubject to further order of the Court, the parties may continue routine erasures of computerized data pursuant to existing program but shall preserve any printouts of any such data". Exhibit "B".

4. In the two weeks that AZ had the Proposed Order prior to 11/20/06 AZ had not identified a single sentence of the Proposed Order that they would agree to. That remains true today.

5. On 11/20/06 your Honor directed the parties to file by today agreed or competing proposals to cover document preservation, document production protocol and resolution of the issue about the formatting of things already produced. Transcript, 11/20/06, 43:1-12. The first two matters are fully addressed in the Proposed Order, the third will be addressed in a separate filing.

6. At the hearing, Plaintiffs counsel requested an information technology ("IT") deposition. Your Honor stated: "I don't think you need a 30(b)(6) to make your arguments here. If you have a full discussion as to the nature of the record keeping and record retention policy, seems to me you will have sufficient basis to make your arguments." Transcript, 11/20/06, 44:8-12. Despite numerous requests by Plaintiffs in the 15 days that have elapsed since this directive there has been nothing close to a full discussion of either the record keeping (electronic or paper) or the record retention policies (electronic or paper) with anyone at AZ or their counsel. These requests started hours after the directive.

7. The day of the hearing AZ counsel inquired what topics Plaintiffs believed needed to be addressed. Plaintiffs responded quoting your Honor and identifying other topics such as those addressed in the Manual for Complex Litigation. Exhibit "C". The following day, Tuesday 11/21/06, Plaintiffs followed up during the day and later identified additional technical topics for this full discussion. Exhibits "D".

8. After numerous requests to have IT personnel engage in the court-directed discussion (as opposed to just attorneys) that request was again made on Tuesday 11/28/06 prior to an agreed Friday 12/2/06 teleconference. That conference occurred. One AZ attorney participated. No AZ IT person was on the line. The one AZ attorney who participated declined to discuss any preservation issues and disclosed no information about AZ's record keeping or record retention policies (electronic or otherwise). This conference was scheduled nine business days after the Court's directive and only two before the Court's filing deadline.

9. AZ did make a specific inquiry as to whether Plaintiffs would agree to 100% TIFF production and no native format production (unless later designated then AZ may or may not agree) and Plaintiffs provided AZ their position on this request, in writing, within hours. Exhibit "F".[2]

10. Given that Plaintiffs could not make any informed submission - as this Court presumed would occur based on AZ's disclosures - the following day Saturday 12/2/06, Plaintiffs explained the dilemma AZ's lack of disclosures had placed them in and provided AZ a draft of an IT deposition notice. Exhibit "G".

---

[2] Specifically, Plaintiffs advised AZ in response that "[Plaintiffs] request that AZ produce everything (eg., all documents, detailer sales notes, records, data and emails, both AZ based and third party used for business) in its native format (Word, Word Perfect, Excel, Powerpoint, Email, Access, SQL & all databases used by AZ for Seroquel, etc.) and if and only if AZ posits that the native format no longer exists than to alternatively produce same in a single page bates-labeled TIFF format with an accompanying load file.A number of changes had to made to the form originally provided given the near complete absence of information provided by AZ regarding their computer systems to date."

11. After much coordination on Monday 12/4/06 and Tuesday 12/5/06 AZ was provided yet another full opportunity to do as the Court asked.  Today, on Tuesday 12/5/06, AZ had a second attorney participate and stated: 1) they were trying to get IT people lined up to understand what AZ was doing in terms of gathering information on preservation efforts; and 2) that AZ would send an email (not yet received) purporting to say that emails have been preserved.  Also, the second AZ attorney stated AZ was willing to produce email data load files and accompanying metadata.  That made the afternoon of Tuesday 12/5/06 the first time that AZ has ever made any offer to produce anything other than a TIFF file in this MDL (to the best of the knowledge of the undersigned).  While welcome news, it came much too late to reach any agreements on the Proposed Order, which AZ has had in its possession for 29 days and has never made a substantive response to.

12. Plaintiffs will continue to endeavor to reach any possible agreements with AZ on either preservation or a production protocol (another conference is being scheduled).  However, at this point it has become more than clear that this Court's intervention is needed.  Recognizing that AZ did not intend to have the full discussion of its record keeping and document retention policies as directed by this Court; on Monday 12/4/06, Plaintiffs served an IT deposition notice containing the same topics provided AZ two days earlier.  Exhibit "H" (the 4 page service list was excluded from this exhibit).  Plaintiffs noticed this deposition for Friday 12/8/06.  Plaintiffs greatly dislike serving a notice without an agreement to produce a deponent.  Plaintiffs, of course, also had and have an obligation to provide this Court an informed view of AZ's record keeping and record retention policies by 12/5/06 so Plaintiffs would have sufficient basis to make their arguments regarding production protocols.  AZ has denied Plaintiffs this knowledge with full and fair warning from this Court of its obligation.

13. Based on the foregoing, Plaintiffs respectfully request and move for two things.  First, the entry of the Proposed Order as submitted or in a form this Court might prefer.  Second, even if such an order is entered, Plaintiffs request the first possible hearing on the propriety and date for the noticed IT deposition.  Exhibit "H".  Plaintiffs submit that even if a production-preservation order is entered Plaintiffs absolutely need this deposition for two reasons: 1) to have a basic understanding of how to expect, understand and appreciate AZ's electronic productions; and 2) it is essential to permit Plaintiffs to conduct meaningful carefully tailored "preemption discovery" to attempt to meet this Court's schedule.  Finally, to the extent Plaintiffs will be expected to be informed of AZ's recordkeeping and document retention policies on Monday 12/11/06, they need to take this deposition before that hearing.

14. Plaintiffs have advised AZ of that they would request a hearing on this deposition at the Court's earliest opportunity prior to the Monday 12/11/06 hearing.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray for the entry of the Proposed Order attached as Exhibit "A" hereto or in a form this Court might prefer and for the entry of an order compelling AZ to designate representative(s) who shall testify to the matters known or reasonably available to AZ by Friday 12/8/06 or some other date certain in accordance with the topics identified on Exhibit "H" and for such other and further relief that this Honorable Court might find just or appropriate.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Larry M. Roth | Paul J. Pennock |
| LAW OFFICES OF LARRY M. ROTH, P.A. | Michael E. Pederson |
| Post Office Box 547637 | John Broaddus |

Orlando, FL  32854-7637
Telephone: (407) 872-2239
Facsimile: (407) 872-6927
E-mail: LROTH@roth-law.com

_____/s/_____
T. Scott Allen
CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
Facsimile: (713) 650-1720
E-mail: sallen@crusescott.com

_____/s/_____
K. Camp Bailey
Michael W. Perrin
F. Kenneth Bailey, Jr.
Fletcher Trammell
BAILEY PERRIN BAILEY L.L.P.
The Lyric Centre
440 Louisiana, Suite 2100
Houston, Texas 77002
Telephone:  (713)425-7100
Facsimile:  (713)425-7101
E-mail: mperrin@bpblaw.com
cbailey@bpblaw.com
kbailey@bpblaw.com
ftrammell@bpblaw.com

_____/s/_____
Keith M. Jensen
David A. Singleton
JENSEN, BELEW & GONZALEZ, P.L.L.C.
1024 N. Main Street
Fort Worth, Texas 76106
Telephone: (817) 334-0762
Facsimile:  (817) 334-0110

WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Facsimile: (212) 363-2721
E-mail: Ppennock@Weitzlux.com
Mpederson@Weitzlux.com
Jbroaddus@Weitzlux.com


_____/s/_____
Kenneth W. Smith
Justin Witkin
Bryan Aylstock
AYLSTOCK, WITKIN & SASSER, P.L.C.
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503
Telephone:  (850) 916-7450
Facsimile:  (850) 916-7449
E-mail:  KSmith@AWS-LAW.com
JWitkin@AWS-LAW.com
BAylstock@AWS-LAW.com


_____/s/_____
John J. Driscoll
BROWN & CROUPPEN, P.C.
720 Olive Street, #1800
St. Louis, MO 63101
Telephone: (314) 421-0216
Facsimile: (314) 421-0359
E-mail: Jdriscoll@brownandcrouppen.com




_____/s/_____
Lawrence J. Gornick
William A. Levin
LEVIN SIMES KAISER & GORNICK, LLP
One Bush Street, 14th Floor
San Francisco, CA  94014
Telephone: (415)646-7160
Facsimile: (415)981-1270

E-mail: kj@kjensenlaw.com
dsingleton123@yahoo.com

E-mail: lgornick@lskg-law.com
wlevin@levinslaw.com

\_\_\_\_\_/s/_____
Matthew E. Lundy
Lisa L. Stewart
LUNDY & DAVIS, L.L.P
333 N. Sam Houston Parkway East
Suite 375
Houston, Texas 77060
Telephone: (281)272-0797
Facsimile:  (281)272-0781
E-mail: mlundy@lundydavis.com
lstewart@lundydavis.com

\_\_\_\_\_/s/_____
Matthew F. Pawa, Esq.
Benjamin A. Krass
LAW OFFICES OF MATTHEW F. PAWA, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA  02459
Telephone: (617) 641-9550
Facsimile: (617) 641-9551
E-Mail: mp@pawalaw.com
bkrass@pawalaw.com

\_\_\_\_\_/s/_____
Todd Harvey
WHATLEY DRAKE, L.L.C.
2323 2nd Avenue North
Birmingham, AL  35203
Telephone: (205)328-9576
Facsimile: (205)328-9669
E-mail: THARVEY@whatleydrake.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he and at various times Camp Bailey, Esq., Michael Pederson, Esq., Fletch Trammell, Esq. and Plaintiffs' IT expert, Mr. Jonathan Jaffe, have conferred with counsel for defendants including in scheduled multi-person teleconferences on Friday, 12/1/06 and Tuesday, 12/5/06, regarding all of the relief sought in the motions set forth above and despite numerous diligent efforts agreement was not achieved.  Accordingly, this motion is being submitted for determination by this Court.

\_\_\_\_\_/s/_____
Keith M. Jensen

- 8 -

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served on lead counsel for AstraZeneca by the means indicated below and on the attorneys listed on the attached service list be regular mail on the December 5, 2006.

__x__ Facsimile  
__x__ Email  
_____ Overnight Delivery  
_____ Hand Delivery  
_____ Certfied Mail  

                                                        _____/s/_____  
                                                        One of Plaintiffs Attorneys

## SERVICE LIST
(As of November 10, 2006)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

Paul J. Pennock, Esq.
Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane - 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
Mpederson@weitzlux.com

Camp Bailey, Esq.
Fletcher Trammell, Esq.
Michael W. Perrin, Esq.
Bailey Perrin Bailey, LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7240
cbailey@bpblaw.com
mperrin@bpblaw.com

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com

Tommy Fibich, Esq.
Fibich, Hampton & Leebron, L.L.P.
1401 McKinney, Suite 1800
Five Houston Center
Houston, TX 77010
Telephone: (713) 751-0025
tfibich@fhl-law.com

Matthew F. Pawa, Esq.
Law Offices of Matthew F. Pawa, P.C.
1280 Centre St., Suite 230
Newton Centre, MA 02459
Telephone: (617) 641-9550
Mp@pawalaw.com

John Driscoll, Esq.
Brown & Crouppen, PC
720 Olive St.
St. Louis, MO 63101
Telephone: (314) 421-0216
Jdriscoll@brownandcrouppen.com
asmith@brownandcrouppen.com
blape@brownandcrouppen.com

Keith M. Jensen, Esq.
Jensen, Belew & Gonzalez, PLLC
1024 North Main
Fort Worth, TX 76106
Telephone: (817) 334-0762
kj@kjensenlaw.com

Scott Allen, Esq.
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
sallen@crusescott.com

2

Matthew E. Lundy, Esq.
Lundy & Davis, LLP
333 North Sam Houston Parkway East
Suite 375
Houston, TX 77060
Telephone: (281) 272-0797
mlundy@lundydavis.com

W. Todd Harvey, Esq.
Whatley Drake, LLC
2323 2nd Avenue North
Birmingham, AL 35203
Telephone: (205) 328-9576
THARVEY@whatleydrake.com
ecf@whatleydrake.com

Lawrence J. Gornick, Esq.
William A. Levin, Esq.
Dennis J. Canty, Esq.
Levin Simes Kaiser & Gornick, LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
lgornick@lskg-law.com
dcanty@lskg-law.com
llsimes@levins-law.com
jkaiser@lskg-law.com
echarley@lskg-law.com
ddecarli@lskg-law.com
bsund@lskg-law.com
astavrakaras@lskg-law.com

Gregory P. Forney, Esq.
Shaffer Lombardo Shurin
911 Main Street, Suite 2000
Kansas City, MO 64105
Telephone: (816) 931-0500
gforney@sls-law.com
rbish@sls-law.com
***Attorney for Defendant,***
***Marguerite Devon French***

Robert L. Salim, Esq.
Robert L. Salim Attorney at Law
PO Box 2069
Natchitoches, LA 71457-2069
Telephone: (318) 352-5999
robertsalim@cp-tel.net

Eric B. Milliken, Esq.
3 Sir Barton Ct.
Newark, DE 19702
***Pro Se***

Justin Witkin, Esq.
Ken Smith, Esq.
Aylstock, Witkin & Sasser, PLC
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503
Telephone: (850) 916-7450
Jwitkin@AWS-LAW.com
ablankenship@aws-law.com
aburrus@aws-law.com
asmith@aws-law.com
ksmith@aws-law.com
noverholtz@aws-law.com
jsafe@aws-law.com

Louisiana Wholesale Drug Co. Inc.
C/O Gayle R. White
Registered Agent
Highway 167N
Sunset, LA 70584
***Pro Se***

Aaron C. Johnson, Esq.
Summers & Johnson
717 Thomas
Weston, MO 64098
Telephone: (816) 640-9940
firm@summersandjohnson.com

3

Catherine Solomon
(current address unknown)
*Pro Se*

Todd S. Hageman, Esq.
Simon and Passanante, PC
701 Market St., Suite 1450
St. Louis, MO 63101
Telephone: (314) 241-2929
thageman@spstl-law.com

Randy Niemeyer
15863 Pike 43
Bowling Green, MO 63334
*Pro Se*

Thomas Campion, Esq.
Andrew C. White, Esq.
Drinker Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
Telephone: (973) 360-1100
tcampion@dbr.com
andrew.white@dbr.com
*Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*

Mary B. Cotton
John D. Giddens, P.A.
226 North President Street
Post Office Box 22546
Jackson, MS 39225-2546
(601) 355-2022
betsy@law-inc.com

Michael Davis, Esq.
James Mizgala, Esq.
Sidley, Austin, LLP
Bank One Plaza
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7731
mdavis@sidley.com
jmizgala@sidley.com
*Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*

Timothy Reese Balducci, Esq.
The Langston Law Firm, PA
P.O. Box 787
100 South Main Street
Booneville, MS 38829-0787
Telephone: (662) 728-3138
tbalducci@langstonlaw.com

Elizabeth Raines, Esq.
Baker, Sterchi, Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
raines@bscr-law.com
*Attorney for Defendant AstraZenca, PLC*

Kenneth W. Bean, Esq.
Sandberg, Phoenix & von Gontard
One City Centre
15th Floor
St. Louis, MO 63101-1880
Telephone: (314) 231-3332
kbean@spvg.com
*Attorney for Defendant Dr. Asif Habib*

Robert L. Ciotti, Esq.
Carlton Fields, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5736
Telephone: (813) 223-7000
rciotti@carltonfields.com
**Attorney for Defendants, Astrazeneca Pharmaceuticals, LP and Astrazeneca LP**

Aaron K. Dickey, Esq.
Goldenberg and Heller, PC
P.O. Box 959
2227 S. State Road 157
Edwardsville, IL 62025
Telephone: (618) 650-7107
aaron@ghalaw.com

Jona R. Hefner, Esq.
3441 W. Memorial, Suite 4
Oklahoma City, OK 73134-7000
Telephone: (405) 286-3000
attorneyokc@hotmail.com

Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone: (949) 720-1288
mrobinson@robinson-pilaw.com

David P. Matthews, Esq.
Abraham, Watkins, Nichols, Sorrels, Matthews & Friend
800 Commerce Street
Houston, TX 77002-1776
Telephone: (713) 222-7211
dmatthews@abrahamwatkins.com
agoff@abrahamwatkins.com
jrhoades@abrahamwatkins.com
jwebster@abrahamwatkins.com

Robert A. Schwartz, Esq.
Bailey & Galyen
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744
bschwartz@galyen.com

Robert G. Smith, Jr., Esq.
Lorance & Thompson, PC
2900 N. Loop W, Suite 500
Houston, TX 77092
Telephone: (713) 868-5560
rgs@lorancethompson.com
**Attorneys for Defendant, Carlos Hernandez**

Howard Nations
4515 Yoakum Boulevard
Houston, TX 77006-5895
Telephone: (713) 807-8400
nations@howardnations.com

Salvatore M. Machi
Ted Machi & Associates, PC
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Scott Burdine, Esq.
Hagans Burdine Montgomery Rustay & Winchester, P.C.
3200 Travis, Fourth Flo
Telephone: (713) 222-2700
sburdine@hagans-law.com

Pete Schneider, Esq.
Grady, Schneider & Newman, L.L.P.
801 Congress, 4th Floor
Houston, Texas 77002
(713) 228-2200
pschneider@gsnlaw.com