UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: § | Case No. 6:06-md-1769-ACC-DAB |
| § | |
| **SEROQUEL PRODUCTS** § | **ALL CASES** |
| **LIABILITY LITIGATION** § | |
| § | |
| **MDL 1769** § | |
| § | |

PLAINTIFFS' FIRST AMENDED MOTION FOR ENTRY OF ORDER AND
TO COMPEL DEPOSITION AND BRIEF IN SUPPORT THEREOF

1. Attempts in September, 2006, to either reach agreement on a the propriety of a preservation order or a representation on the record by AstraZeneca ("AZ") that nothing was being overwritten or deleted in the normal course of business, did not produce an agreement. On Monday 11/6/06 counsel for AstraZeneca was provided a proposed Order Pertaining to Preservation of Evidence and Production Protocol (the "Proposed Order") in a form substantially similar to that attached as Exhibit "A".[1]

2. The Proposed Order, of course, pertains to two broad topics: preservation (relatively straightforward) and electronic production protocol (much more dependent on an open discourse between IT personnel for both sides). While the Proposed Order speaks for itself, it substantially addresses all of the matters raised in the Manual for Complex Litigation, § 40.25 (Exhibit "I"), requires production in the most useful, useable and searchable form and delays any obligation for AZ to produce a privilege or redaction log until after production of "preemption issue discovery" so as not to delay or hinder the beginning and completion of AZ's obligations in this regard.

3. On 11/6/06 AZ would not agree to make any representation on the record regarding what was or was not being overwritten or deleted. The attempts to reach agreement regarding

---

[1] A number of changes had to made to the form originally provided given the near complete absence of information provided by AZ regarding their computer systems to date.

- 1 -

either the Proposed Order or any preservation representation in the following two weeks prior to the Monday 11/20/06 hearing culminated in a step backwards. The day before the hearing AZ would only agree that "[s]ubject to further order of the Court, the parties may continue routine erasures of computerized data pursuant to existing programs but shall preserve any printouts of any such data". Exhibit "B".

4. In the two weeks that AZ had the Proposed Order prior to 11/20/06 AZ had not identified a single sentence of the Proposed Order that they would agree to. That remains true today.

5. On 11/20/06 your Honor directed the parties to file by 12/5/06 agreed or competing proposals to cover document preservation, document production protocol and resolution of the issue about the formatting of things already produced. Transcript, 11/20/06, 43:1-12. The first two matters are fully addressed in the Proposed Order, the third is being addressed in a separate filing.

6. At the hearing, Plaintiffs counsel requested an information technology ("IT") deposition. Your Honor stated: "I don't think you need a 30(b)(6) to make your arguments here. If you have a full discussion as to the nature of the record keeping and record retention policy, seems to me you will have sufficient basis to make your arguments." Transcript, 11/20/06, 44:8-12. Despite numerous requests by Plaintiffs in the 16 days that have elapsed since this directive there has been nothing close to a full discussion of either the record keeping (electronic or paper) or the record retention policies (electronic or paper) with anyone at AZ or their counsel. These requests started hours after the directive.

7. The day of the hearing AZ counsel inquired what topics Plaintiffs believed needed to be addressed. Plaintiffs responded quoting your Honor and identifying other topics such as those

addressed in the Manual for Complex Litigation. Exhibit "C". The following day, Tuesday 11/21/06, Plaintiffs followed up during the day and later identified additional technical topics for this full discussion. Exhibits "D".

8. After numerous requests to have IT personnel engage in the court-directed discussion (as opposed to just attorneys) that request was again made on Tuesday 11/28/06 prior to an agreed Friday 12/2/06 teleconference. That conference occurred. One AZ attorney participated. No AZ IT person was on the line. The one AZ attorney who participated declined to discuss any preservation issues and disclosed no information about AZ's record keeping or record retention policies (electronic or otherwise). This conference was scheduled nine business days after the Court's directive and only two before the Court's filing deadline.

9. AZ did make a specific inquiry as to whether Plaintiffs would agree to 100% TIFF production and no native format production (unless later designated then AZ may or may not agree) and Plaintiffs provided AZ their position on this request, in writing, within hours. Exhibit "F".[2]

10. Given that Plaintiffs could not make any informed submission - as this Court presumed would occur based on AZ's disclosures - the following day Saturday 12/2/06, Plaintiffs explained the dilemma AZ's lack of disclosures had placed them in and provided AZ a draft of an IT deposition notice. Exhibit "G".

11. After much coordination on Monday 12/4/06 and Tuesday 12/5/06 AZ was provided yet another full opportunity to do as the Court asked. Yesterday, on Tuesday 12/5/06, AZ had a

---

[2] Specifically, Plaintiffs advised AZ in response that "[Plaintiffs] request that AZ produce everything (eg., all documents, detailer sales notes, records, data and emails, both AZ based and third party used for business) in its native format (Word, Word Perfect, Excel, Powerpoint, Email, Access, SQL & all databases used by AZ for Seroquel, etc.) and if and only if AZ posits that the native format no longer exists than to alternatively produce same in a single page bates-labeled TIFF format with an accompanying load file.A number of changes had to made to the form originally provided given the near complete absence of information provided by AZ regarding their computer systems to date."

second attorney participate and stated: 1) they were trying to get IT people lined up to understand what AZ was doing in terms of gathering information on preservation efforts; and 2) that AZ would send an email (not yet received) purporting to say that emails have been preserved. Also, the second AZ attorney stated AZ was willing to produce email data load files and accompanying metadata. That made the afternoon of Tuesday 12/5/06 the first time that AZ has ever made an offer to produce anything other than a TIFF file in this MDL (to the best of the knowledge of the undersigned). While welcome news, it came much too late to reach any agreements on the Proposed Order, which AZ has had in its possession for 30 days and has never made a substantive response to.

12. Plaintiffs will continue to endeavor to reach any possible agreements with AZ on either preservation or a production protocol (another conference is being scheduled). However, at this point it has become more than clear that this Court's intervention is needed. There are a number it items in the Proposed Order which could be greatly simplified with AZ's substantive input. However, without that input, and with the filing deadline Plaintiffs had no choice but to submit a comprehensive order.

13. Recognizing that AZ did not intend to have the full discussion of its record keeping and document retention policies as directed by this Court; on Monday 12/4/06, Plaintiffs served an IT deposition notice containing the same topics provided AZ two days earlier. Exhibit "H" (the 4 page service list was excluded from this exhibit). Plaintiffs noticed this deposition for Friday 12/8/06. Plaintiffs greatly dislike serving a notice without an agreement to produce a deponent. Plaintiffs, of course, also had an obligation to provide this Court an informed view of AZ's record keeping and record retention policies by 12/5/06 so Plaintiffs would have sufficient basis to make their arguments regarding production protocols. AZ has denied Plaintiffs this

knowledge with full and fair warning from this Court of its obligation.

14. Based on the foregoing, Plaintiffs respectfully request and move for two things. First, the entry of the Proposed Order as submitted or in a form this Court might prefer. Second, even if such an order is entered, Plaintiffs request the first possible hearing on the propriety and date for the noticed IT deposition. Exhibit "H". Plaintiffs submit that even if a production-preservation order is entered Plaintiffs absolutely need this deposition for two reasons: 1) to have a basic understanding of how to expect, understand and appreciate AZ's electronic productions; and 2) it is essential to permit Plaintiffs to conduct meaningful carefully tailored "preemption discovery" to attempt to meet this Court's schedule. Finally, to the extent Plaintiffs will be expected to be informed of AZ's recordkeeping and document retention policies on Monday 12/11/06, they need to take this deposition before that hearing.

15. Plaintiffs have advised AZ of that they would request a hearing on this deposition at the Court's earliest opportunity prior to the Monday 12/11/06 hearing.

16. Plaintiffs therefore request oral argument pursuant to Local Rule 3.01(j), and estimate that the Plaintiffs would need 10 minutes to address the propriety and need for the deposition and should the Court desire argument on the Proposed Order Plaintiffs estimate that those issues may take 15 minutes to an hour or more.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray for the entry of the Proposed Order attached as Exhibit "A" hereto or in a form this Court might prefer and for the entry of an order compelling AZ to designate representative(s) who shall testify to the matters known or reasonably available to AZ by Friday 12/8/06 or some other date certain in accordance with the topics identified on Exhibit "H" and for such other and further relief that this Honorable Court might find just or appropriate.

Respectfully submitted,

/s/ Larry M. Roth
Larry M. Roth
LAW OFFICES OF LARRY M. ROTH, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
Facsimile: (407) 872-6927
E-mail: LROTH@roth-law.com

/s/ T. Scott Allen
T. Scott Allen
CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
Facsimile: (713) 650-1720
E-mail: sallen@crusescott.com

/s/ K. Camp Bailey
K. Camp Bailey
Michael W. Perrin
F. Kenneth Bailey, Jr.
Fletcher Trammell
BAILEY PERRIN BAILEY L.L.P.
The Lyric Centre
440 Louisiana, Suite 2100
Houston, Texas 77002
Telephone: (713)425-7100
Facsimile: (713)425-7101
E-mail: mperrin@bpblaw.com
cbailey@bpblaw.com
kbailey@bpblaw.com
ftrammell@bpblaw.com

/s/ Paul J. Pennock
Paul J. Pennock
Michael E. Pederson
John Broaddus
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Facsimile: (212) 363-2721
E-mail: Ppennock@Weitzlux.com
Mpederson@Weitzlux.com
Jbroaddus@Weitzlux.com

/s/ Kenneth W. Smith
Kenneth W. Smith
Justin Witkin
Bryan Aylstock
AYLSTOCK, WITKIN & SASSER, P.L.C.
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503
Telephone: (850) 916-7450
Facsimile: (850) 916-7449
E-mail: KSmith@AWS-LAW.com
JWitkin@AWS-LAW.com
BAylstock@AWS-LAW.com

/s/ John J. Driscoll
John J. Driscoll
BROWN & CROUPPEN, P.C.
720 Olive Street, #1800
St. Louis, MO 63101
Telephone: (314) 421-0216
Facsimile: (314) 421-0359
E-mail: Jdriscoll@brownandcrouppen.com

| | |
|---|---|
| /s/ Keith M. Jensen<br>Keith M. Jensen<br>David A. Singleton<br>JENSEN, BELEW & GONZALEZ, P.L.L.C.<br>1024 N. Main Street<br>Fort Worth, Texas 76106<br>Telephone: (817) 334-0762<br>Facsimile:  (817) 334-0110<br>E-mail: kj@kjensenlaw.com<br>dsingleton123@yahoo.com | /s/ Lawrence J. Gornick<br>Lawrence J. Gornick<br>William A. Levin<br>LEVIN SIMES KAISER & GORNICK, LLP<br>One Bush Street, 14th Floor<br>San Francisco, CA  94014<br>Telephone: (415)646-7160<br>Facsimile: (415)981-1270<br>E-mail: lgornick@lskg-law.com<br>wlevin@levinslaw.com |
| /s/ Matthew E. Lundy<br>Matthew E. Lundy<br>Lisa L. Stewart<br>LUNDY & DAVIS, L.L.P<br>333 N. Sam Houston Parkway East<br>Suite 375<br>Houston, Texas 77060<br>Telephone: (281)272-0797<br>Facsimile:  (281)272-0781<br>E-mail: mlundy@lundydavis.com<br>lstewart@lundydavis.com | /s/ Matthew F. Pawa<br>Matthew F. Pawa, Esq.<br>Benjamin A. Krass<br>LAW OFFICES OF MATTHEW F. PAWA, P.C.<br>1280 Centre Street, Suite 230<br>Newton Centre, MA  02459<br>Telephone: (617) 641-9550<br>Facsimile: (617) 641-9551<br>E-Mail: mp@pawalaw.com<br>bkrass@pawalaw.com |

 /s/ Todd Harvey
Todd Harvey
WHATLEY DRAKE, L.L.C.
2323 2nd Avenue North
Birmingham, AL  35203
Telephone: (205)328-9576
Facsimile: (205)328-9669
E-mail: THARVEY@whatleydrake.com

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he and at various times Camp Bailey, Esq., Michael Pederson, Esq., Fletch Trammell, Esq. and Plaintiffs' IT expert, Mr. Jonathan Jaffe, have conferred with counsel for defendants including in scheduled multi-person teleconferences on Friday, 12/1/06 and Tuesday, 12/5/06, regarding all of the relief sought in the motions set forth above and despite numerous diligent efforts agreement was not achieved.  Accordingly, this motion is being submitted for determination by this Court.

      /s/ Keith M. Jensen_____
Keith M. Jensen

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on lead counsel for AstraZeneca by the means indicated below and on the attorneys listed on the attached service list by email or regular mail on the December 6, 2006.

\_\_\_\_\_ Facsimile
\_\_x\_\_ Email
\_\_\_\_\_ Overnight Delivery
\_\_\_\_\_ Hand Delivery
\_\_\_\_\_ Certfied Mail

      /s/ Keith M. Jensen_____
One of Plaintiffs Attorneys