# EXHIBIT C

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to F.R.C.P. 34, plaintiffs request that defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP, within 30 days, serve written responses to the following requests for production and produce the documents and things herein described at the law offices of Larry M. Roth, P.A., 1615 Edgewater Drive, Suite 180, Orlando, Florida 32854.

## INSTRUCTIONS

In responding to this Request, YOU are required to produce all DOCUMENTS in YOUR possession, custody, or control, including documents which are reasonably available to YOU, or in the possession, custody, or control of YOUR agents, consignees, representatives or investigators, or YOUR attorneys or their agents, employees, representatives, or investigators.

If any of the DOCUMENTS or information requested cannot be produced in full, YOU are required to specify, to the extent possible, the reasons for YOUR inability to produce the remainder, and the approximate date when YOU expect to produce such DOCUMENTS, if at all.

If any request is deemed to call for the production of privileged or otherwise protected information or materials, YOU must provide the following information in a written response, designating and identifying those DOCUMENTS or information withheld from production on grounds of privilege:

    (a)    The reason for withholding the DOCUMENT or information;

    (b)    A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;

    (c)    A brief description of the DOCUMENT, including:

        a.    The date of the DOCUMENT;

        b.    The number of pages, attachments, and appendices;

        c.    The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person;

    (d)    The name of each person who was sent, shown, or copied on the DOCUMENT, or has had access to or custody of the DOCUMENT, together with an identification of each such person;

    (e)    The present custodian; and,

    (f)    The subject matter of the DOCUMENT, and in the case of any DOCUMENT relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

This Notice and Request imposes a continuing obligation upon YOU. If, after producing DOCUMENTS or information responsive to this Request, additional information or DOCUMENTS become available to YOU, YOU are required to produce such additional DOCUMENTS or information.

With respect to each DOCUMENT requested which has been lost, destroyed, or otherwise disposed of since its preparation or receipt, YOU shall provide the following information separately as to each such DOCUMENT:

    (a)    A general description of the subject matter, author, recipient(s), date;

    (b)    The identity of each person who has received a copy or had an opportunity to receive a copy thereof;

    (c)    The last custodian of the DOCUMENT or copies thereof;

    (d)    The full particulars or circumstances whereby the DOCUMENT was disposed of, destroyed, or otherwise lost;

    (e)    Copies of any DOCUMENT destruction instruuctions or directives; and,

    (f)    Copies of any DOCUMENT destruction acknowledgement forms or receipts for the destruction of DOCUMENTS.

All DOCUMENTS produced in response to these requests shall be produced either corresponding to number of the specific request to which the DOCUMENTS are responsive, or in the order and in the manner that they are kept in the usual course of business.

All DOCUMENTS requested shall include all DOCUMENTS and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared or generated or received prior to relevant time period.

All DOCUMENTS that exist in electronic form are to be produced in electronic form and in their native form or other searchable form, not in an electronic form that is merely a picture of a DOCUMENT such as a .TIFF file, a .TIF file, or a .PDF file.

## DEFINITIONS

1. "DOCUMENTS" includes documents within the meaning of F.R.C.P. 34 as amended effective December 1, 2006, and particularly includes "electronically stored information."

2. "RELATED TO" and "RELATING TO" means constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in part of whole.

3. "COMMUNICATIONS" means any manner or method in which information is communicated from one human being to another including (but not limited to) any written, oral or electronic contact, and/or discussion or exchange of information.

4. "PERSON" shall include any individual or entity, other than your attorneys.

5. "SEROQUEL" means quetiapine fumarate, in any form, including (but not limited to) the medication marketed and sold under the brand name Seroquel, any chemical equivalents marketed in foreign countries, and any predecessor or non-final derivation of the drug.

6. "YOU," "YOUR," or "ASTRAZENECA" refers to each of the defendants ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, as well as all partners,

3

directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with ASTRAZENECA. The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or other representatives. The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### Request for Production No. 1:

All COMMUNICATIONS and drafts of COMMUNICATIONS between YOU and the FDA regarding any risk or adverse event associated with the use of SEROQUEL.

### Request for Production No. 2:

All DOCUMENTS and drafts of DOCUMENTS RELATED TO COMMUNICATIONS between YOU and the FDA regarding any risk or adverse event associated with the use of SEROQUEL.

### Request for Production No. 3:

All DOCUMENTS ever in YOUR possession, custody or control RELATED TO any risk or adverse event associated with the use of SEROQUEL which YOU did not provide to the FDA prior to January 2004.

### Request for Production No. 4:

All DOCUMENTS ever in YOUR possession, custody or control RELATED TO any risk or adverse event associated with the use of SEROQUEL which YOU have not provided to the FDA.

### Request for Production No. 5:

All COMMUNICATIONS and drafts of COMMUNICATIONS between YOU and FDA regarding the efficacy of SEROQUEL.

**Request for Production No. 6:**

All DOCUMENTS and drafts of DOCUMENTS RELATED TO COMMUNICATIONS between YOU and FDA regarding the efficacy of SEROQUEL.

**Request for Production No. 7:**

All COMMUNICATIONS and drafts of COMMUNICATIONS between YOU and any consumer or healthcare professional regarding the use of SEROQUEL (including, but not limited to, "Dear Doctor," "Dear Customer" and/or "Dear Healthcare Professional" letters).

**Request for Production No. 8:**

All DOCUMENTS and drafts of DOCUMENTS RELATED TO COMMUNICATIONS between YOU and any consumer or healthcare professional regarding the use of SEROQUEL (including but not limited to "Dear Doctor," "Dear Customer" and/or "Dear Healthcare Professional" letters).

**Request for Production No. 9:**

All COMMUNICATIONS and drafts of COMMUNICATIONS between YOU and the FDA regarding the marketing of SEROQUEL.

**Request for Production No. 10:**

All COMMUNICATIONS and drafts of COMMUNICATIONS between YOU and any foreign regulatory agency regarding any risk or adverse event associated with the use of SEROQUEL.

**Request for Production No. 11:**

All DOCUMENTS and drafts of DOCUMENTS RELATED TO COMMUNICATIONS between YOU and any foreign regulatory agency regarding any risk or adverse event associated with the use of SEROQUEL.

**Request for Production No. 12:**

All DOCUMENTS which constitute, evidence or RELATE TO studies performed by third parties RELATED TO risks or adverse events associated with the use of SEROQUEL.

**Request for Production No. 13:**

All DOCUMENTS which constitute, evidence or RELATE TO studies performed by third parties RELATED TO the efficacy of SEROQUEL.

**Request for Production No. 14:**

All DOCUMENTS which constitute, evidence or RELATE TO consensus statements relevant to SEROQUEL.

**Request for Production No. 15:**

All DOCUMENTS which RELATE TO the training of sales representatives in the marketing and sale of SEROQUEL.

**Request for Production No. 16:**

All DOCUMENTS which RELATE TO SEROQUEL speaker training and peer marketing.

**Request for Production No. 17:**

All DOCUMENTS which constitute, evidence or RELATE TO qualitative or quantitative marketing surveys of doctors and/or patients RELATED TO SEROQUEL.

**Request for Production No. 18:**

All video or audio recordings or transcripts RELATED TO any SEROQUEL launch meetings.

**Request for Production No. 19:**

All video or audio recordings or transcripts RELATED TO any SEROQUEL sales meetings.

**Request for Production No. 20:**

All DOCUMENTS and drafts of DOCUMENTS which constitute, evidence or RELATE TO Standby Statements RELATED TO SEROQUEL.

**Request for Production No. 21:**

All DOCUMENTS which identify SEROQUEL Speakers Bureau or Thought Leaders.

**Request for Production No. 22:**

All DOCUMENTS and drafts of DOCUMENTS which constitute, evidence or RELATE TO the SEROQUEL Global Label.

**Request for Production No. 23:**

All DOCUMENTS and drafts of DOCUMENTS which constitute, evidence or RELATE TO the SEROQUEL Publication Plan.

**Request for Production No. 24:**

All DOCUMENTS and drafts of DOCUMENTS not otherwise responsive to these requests which RELATE TO the marketing of SEROQUEL.

**Request for Production No. 25:**

All DOCUMENTS which RELATE TO CME programs sponsored by AstraZeneca addressing the use of SEROQUEL.

**Request for Production No. 26:**

All DOCUMENTS which RELATE TO the use of SEROQUEL other than in the treatment of adult patients suffering from schizophrenia or bipolar mania.

**Request for Production No. 27:**

All DOCUMENTS which RELATE TO the facts and contentions set forth in your responses to interrogatories served herewith.

LEVIN SIMES KAISER & GORNICK LLP

Lawrence J. Gornick (CA State Bar No. 136290)
Dennis J. Canty (CA State Bar No. 207978)
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415-273-8138
Facsimile: 415-981-1270
E-mail:    lgornick@lskg-law.com
           dcanty@lskg-law.com