## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769 (ALL CASES)

_____/

**ASTRAZENECA'S COMBINED RESPONSE AND OPPOSITION TO PLAINTIFFS'
FIRST AMENDED MOTION FOR ENTRY OF ORDER
AND TO COMPEL DEPOSITION AND MEMORANDUM IN SUPPORT**

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") oppose Plaintiffs' Motion for Entry of Order and to Compel Deposition, and move for entry of an Order adopting the proposed Stipulation attached hereto as Exhibit 1. On Friday, December 08, 2006, AstraZeneca reached agreement in principle with Plaintiffs on the issues raised in Plaintiffs' Motion and the parties are negotiating a proposed order regarding production. Because no agreement has yet been formalized, AstraZeneca submits this response to Plaintiffs' Motion to ensure that its position is before the Court in the event any issues will need to be raised with the Court.

### Introduction

Just as the recent Amendments to the Federal Rules contemplate, the parties have been meeting, conferring and discussing various electronic evidence issues, including preservation and production issues. Issues are being resolved and discussions are continuing several times a week. AstraZeneca has participated fully in these negotiations and has offered several proposals, which are discussed below, in an attempt to meet Plaintiffs' discovery requests and needs. AstraZeneca is quite willing to work to find resolutions acceptable to both Plaintiffs and AstraZeneca and has been negotiating with Plaintiffs in a

reasonable and good-faith manner. These efforts appear to have paid off. On Friday, December 8, 2006, the parties reached agreement in principle on many, if not all, of the issues raised in Plaintiffs' Motion. A draft of a stipulation regarding document production and preservation issues ("Stipulation"), which incorporates AstraZeneca's understanding of the parties' agreement reached orally on Friday, December 08, 2006 is attached as Exhibit 1. To the extent that there are any issues that remain open as of the hearing on Monday, the parties should be ordered to continue to meet and confer on these issues and present to the Court, to the extent possible, a joint plan for discovery. AstraZeneca believes that the parties could reach agreement on many of the issues in 21 days. To the extent the Court wishes to enter an order at this time, AstraZeneca respectfully requests that the Court enter an order adopting the Stipulation attached as Exhibit 1.

The Stipulation contemplates that the parties will produce electronic documents in a reasonably usable manner, as required by the Federal Rules. Fed. R. Civ. P. 34(b).

## This Court Should Adopt the Terms of the Stipulation

AstraZeneca has offered to search for and produce responsive electronic documents by identifying relevant AstraZeneca employees and searching the electronic and hard copy documents of those individuals. AstraZeneca has offered to work with the Plaintiffs to insure that the most relevant custodians' documents and files are searched. AstraZeneca has also offered to produce electronic documents in a form that is reasonably usable, in full compliance with the recent amendments to Rule 34. AstraZeneca is willing to produce hard copy documents in the manner in which they are maintained to a responsible

vendor of Plaintiffs' choosing, or in the alternative, produce hard copy documents in Tagged Image File Format ("TIFF") with corresponding OCR files, as long as the Plaintiffs agree to share in the costs of converting hard copy documents into electronic documents.

        1.    Production of Electronic Documents in TIFF Format Is Appropriate in this MDL Litigation.

As many courts recognize, it is standard practice to order production of electronic documents in imaged (TIFF or PDF) format. Native file production is the exception, not the rule. See Wyeth v. Impax Labs., Inc., No. Civ. A. 06-222-JJF, 2006 WL 3091331, at *1-2 (D. Del. Oct. 26, 2006); CP Solutions PTE, Ltd., v. Gen. Elec. Co., No. 3:04-cv-2150 (JBA) (WIG), 2006 U.S. Dist. LEXIS 27053, at *13-14 (D. Conn. Feb. 6, 2006) (declining to require production of native file documents); In re Priceline.com, Inc. Sec. Litig., 233 F.R.D. 88, 91 (D. Conn. 2005) (explaining that TIFF or PDF format is the most secure format for production of electronic documents); In re Zyprexa Prods. Liab. Litig., No. MDL 1596, 2004 WL 3520246, at *1 (E.D.N.Y. July 22, 2004) (ordering all responsive electronic documents to be produced as TIFF images); Standing Order of the United States District Court for the District of Delaware ¶ 6 (attached as Exhibit 2) (default rule is that "electronic documents shall be produced to the requesting party as image files") , *available at* http://www.ded.uscourts.gov/OrdersMain.htm; see also The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production 33 at Illustration i. (January 2004) (attached as Exhibit 3) (absent "a prior order of the court based on a showing of need," production of imaged files complies with Rule 34), *available at* http://www.thesedonaconference.org/ publications_html and; Courtney Ingraffia Barton, The Current Legal Landscape for Native File Production, Digital Discovery & e-

Evidence 4-6 (2005) ("[T]here is no widespread movement toward native file production as a legal standard.").

The new amendments to Fed. R. Civ. P. 34 require only that parties produce documents in a "form . . . that [is] reasonably usable." The Advisory Committee Notes make it clear that "[t]he rule does not require a party to produce electronically stored information in the form i[n] which it is ordinarily maintained, as long as it is produced in a reasonably usable form." Fed. R. Civ. P. 34(b) 2006 Amendment advisory committee's note. The comments to the amendments, published on July 25, 2005, explicitly note the disadvantages of native file production, such as "[the] inability to redact, leading to privilege problems, an inability to [B]ates-stamp the 'document' for purposes of litigation management and control, which is not an insignificant consideration, particularly in complex multi-party cases . . . ." See Jud. Conf. Comm. on Rules of Prac. & Proc., Report to the Chief Justice of the United States and Members of the Judicial Conference of the United States, Agenda E18 at Rules App. C-66 (Sept. 2005) (attached as Exhibit 4), *available at* http://www.uscourts.gov/rules/ Reports/ST09-2005.pdf..

It is precisely these difficulties that are at issue here for AstraZeneca. For example, AstraZeneca could not Bates-label or confidentiality stamp native files because technology does not exist for Bates labeling or confidentiality stamping native files in a production of the size in this litigation. Importantly, any such markings in a native file would alter the very metadata that Plaintiffs claim they are so interested in. Technology also does not exist that would allow AstraZeneca to redact privileged or privacy related materials from the native files. AstraZeneca has no choice on the issue of redactions. There are privacy

requirements under FDA regulations and the laws of all U.S. jurisdictions, that legally mandate that AstraZeneca redact certain confidential and personally private information (medical information, patient information, social security numbers, etc.).  See, e.g., 21 CFR § 20.63(a); 21 CFR § 20.63(f).  AstraZeneca must be able to efficiently and properly redact both privileged and this private information.

Further, AstraZeneca must be able to both mark its documents for confidentiality and Bates-label its documents.  AstraZeneca's IND and NDA production alone totaled over 480,000 pages, and AstraZeneca anticipates its future productions will be even larger.  In a document production of this magnitude, it is incredibly important for the Court and the parties to be assured that the documents being used in deposition and at trial are the documents that were produced.  Being able to check exhibits by Bates-number to an imaged and Bates-labeled document provides an efficient and well-respected manner of doing just that.  While it is true that hard-copy documents can be altered, it is much more difficult to do so and easier to detect than it is for electronic documents.

AstraZeneca's need to redact documents, place Production Numbers on documents and mark documents for confidentiality was explained to Plaintiffs.  The parties have agreed that electronic documents will be produced in TIFF, with accompanying data load files that contain agreed-upon metadata fields.  The data load files are fully searchable for the metadata fields, including the text field.  This manner of production meets Plaintiffs' desire for the ability to search the e-mails and documents with a search/review tool and also protects AstraZeneca's very real and imperative document integrity and redaction needs.[1]

---

[1] For documents that need to be redacted for privilege or privacy, the metadata for the

>       2.      Production on a Custodian-by-Custodian Basis for the Relevant Time Period Is a Reasonable Approach.

AstraZeneca also has proposed producing discovery on a rolling basis by custodian, after consulting with Plaintiffs on the particular custodians whose documents are to be produced and on the order of the custodial productions.  Production on a custodian-by-custodian basis is a reasonable approach as it obviates the need for Plaintiffs to fashion individual requests for production of documents, and ensures that Plaintiffs receive all relevant documents, not just those documents that are responsive to the individual requests they propound.  It also saves time for both the Court and the parties, by avoiding disputes regarding the appropriateness of individual requests.  Moreover, by eliminating the requirement that AstraZeneca search for documents that are responsive to individual requests, custodial production gets documents to Plaintiffs faster.

Importantly, the breadth of custodial production shortens the overall life of the MDL.  If individual requests are propounded, after reviewing documents and/or taking depositions, Plaintiffs may discover other avenues of discovery they wish to pursue and may seek to propound additional requests and take additional depositions.  With a custodial production, Plaintiffs can be sure that they have all relevant documents before taking depositions and can pursue all appropriate avenues efficiently.

In the November 6, 2006 hearing before this Court, counsel for Plaintiffs expressly agreed to such a custodial basis production:

---

documents cannot be produced in electronic form because the metadata cannot be redacted in electronic form.  Thus, redacted documents will be produced in TIFF with a TIFF image of the metadata, both in redacted form. If Plaintiffs wish to OCR the TIFF image, AstraZeneca is willing to share the cost of that processing.

> Mr. Pennock: And we would also—we have already initiated discussions with the defendants in terms of their document production beyond the new drug application and beyond the IND. And we spoke about doing that on a custodial basis which is then we would identify and prioritize those persons from whom we would like documents produced and they'll go get that person's entire document production and give it to us. And we would do that on some type of rolling basis, hopefully working out a schedule that's agreeable to the Court. **I have spoken with Mr. Davis and we agreed that if it's okay with the Court we would like to have an opportunity to come up with the custodial file production schedule over the next 30 days, and propose that to the Court.**

It appears from recent conversation with Plaintiffs that they may intend to walk away from this agreement. The process of discovery in a litigation as complex as this requires that the parties be able to rely upon agreements reached and that the parties not be allowed to retract an agreement without a substantial showing of good cause. Nonetheless, AstraZeneca is continuing discussions with Plaintiffs regarding custodial production and will advise the Court of the parties' progress at the next hearing.

        3.      <u>Hard Copy Documents Will Be Produced for Inspection and Copying.</u>

It appears the parties have reached, or are close to reaching, agreement on this point. AstraZeneca has proposed that hard copy documents will be produced in TIFF, with accompanying load and OCR text files, and that the parties will share in the costs of converting the hard copy documents into electronic form. This agreement is fully supported by the case law. <u>See</u> <u>Monarch Ins. Co. v. Spach</u>, 281 F.2d 401, 413 n. 30 (5th Cir. 1960) ("Ordinarily, [Rule 34] does not require the adversary to furnish copies."); <u>see also</u> <u>Cardenas v. Dorel Juvenile Group, Inc.,</u> 230 F.R.D. 611, 620 (D. Kan. 2005) (stating that "under Rule 34, a responding party need only make requested documents available for inspection and copying; it need not pay the copying costs[,]" and requiring plaintiffs to reimburse defendant for reasonable copying and shipping costs); <u>Obiajulu v. City of Rochester, Dep't of Law</u>, 166

7

F.R.D. 293, 297 (W.D.N.Y. 1996) ("Rule 34 allows the plaintiff 'to inspect and copy' relevant documents and does not require a responding party to pay for copying costs of voluminous materials."); <u>see</u> <u>generally</u> Moore's Fed. Prac.-Civ. § 34.14.6 ("A party producing documents will ordinarily not be put to the expense of making copies for the requesting party.").

        4.    <u>Plaintiffs Should Pay the Costs of Copying or Producing Plaintiffs' Set of Electronic Documents.</u>

Under Rule 34, Plaintiffs are responsible for the cost of copying and shipping any responsive materials. <u>See</u> above. Thus, while AstraZeneca will pay for the cost of processing and reviewing electronic documents so that they can be made ready for production, Plaintiffs are required to pay for the cost of the actual production of documents. The agreement of the parties on this matter has also been included in the Stipulation attached as Exhibit 1.

The costs of reviewing and redacting documents in this case for privilege and privacy will be substantial and will be extremely lopsided. For example, tens of thousands of redactions were required for AstraZeneca's IND and NDA production. AstraZeneca estimates that it will need to review millions of pages of documents prior to production. Due to concerns over privacy and privilege, each page of each document will need to be reviewed and possibly redacted. Plaintiffs in these types of cases, however, typically produce only a handful of documents and do not have the privacy and privilege redactions required of AstraZeneca. Thus, Plaintiffs should be ordered to pay the costs to produce any documents they receive.

Based on the foregoing, this Court should enter an Order adopting the Stipulation attached as Exhibit 1, order the parties to continue to meet and confer on any outstanding issues and order the parties to submit an agreed plan in 30 days.

### Plaintiffs' Motion to Compel Should Be Denied

The parties have also reached agreement as to Plaintiffs' just-noticed Rule 30(b)(6) deposition.[2] Plaintiffs demanded that AstraZeneca prepare and put up a witness with company-wide knowledge on 28 multipart topics. Disregarding the local rules of this Court, which require 10 days notice for depositions, Plaintiffs provided AstraZeneca with a mere three days to do so. The parties have agreed that AstraZeneca will serve objections to the notice no later than Wednesday, December 13, 2006. The parties have agreed to hold a meet and confer over the scope of the notice and AstraZeneca's objections shortly thereafter.

It is very reasonable and appropriate in this situation to allow AstraZeneca time to review the topic requests, object to the over breadth of the topics, narrow the topics and have time to prepare a witness or, more likely, witnesses. Like many companies, AstraZeneca has many different employees responsible for each of its many electronic systems and databases. Thus, no single representative could possibly cover all the topics identified by Plaintiffs without intense and detailed research and preparation. Identifying all of the appropriate representatives, arranging for their availability, and allowing all of those representatives the opportunity to review appropriate information in preparation for the deposition within the three days provided would be prohibitive, if not impossible.

---

[2] Plaintiffs e-mailed the 28-topic Rule 30(b)(6) deposition notice to AstraZeneca on Saturday, December 2, 2006.

9

Indeed, Plaintiffs' deposition notice is so overly broad, unduly burdensome, and harassing, that no party could reasonably be expected to meaningfully comply with the notice within the time Plaintiffs have provided. The noticing party is required to reasonably limit the topics to be covered in such a deposition, and Plaintiffs have not done so here. As just one example, Request 23 of 28 seeks:

> 23. A description of any and all cell phones, PDAs, digital convergence devices, Blackberry's Palm Pilots, Treos or other portable electronic devices, whether owned by AZ or by others, used by any AZ employees AstraZeneca [sic], its employees, representatives and independent contractors, in the performance of their employment or job function, both that are synced back to the server and not synced back to the server.

This topic is objectionable for many reasons, only a few of which are set forth here. First, it seeks obviously irrelevant information in that it seeks information for all employees, whether involved in Seroquel or not. This topic also seeks information that is by definition not in the possession, custody or control of AstraZeneca in that it seeks information concerning "independent contractors." The topic is overbroad in that it would require an interview of each of AstraZeneca's employees, representatives and independent contractors (including, on its face, employees like mail clerks, security guards and janitors) to determine if they owned any of these devices and whether it was ever used for "work" purposes. Finally, the topic is also overbroad and vague in that it seeks a "description of" these devices. The Request does not properly identify what information Plaintiffs are seeking. Are Plaintiffs seeking the identity and model type of each cell phone, the identity of the service provider, the details of the service plan?

The other topics are equally overbroad, vague and objectionable. Providing AstraZeneca with sufficient time to object to the requests individually and discuss with Plaintiffs what topics are appropriate is entirely reasonable.

### Document Preservation

As the Advisory Committee notes state, the "requirement that the parties discuss preservation does not imply that courts should routinely enter preservation orders." Fed. R. Civ. P. 26(f) 2006 Amendment advisory committee's note. Indeed, the Rules anticipate that prior to the entry of any preservation order, the parties first discuss preservation needs. Importantly, in these discussions, the parties must balance the need to "preserve relevant evidence and to continue routine operations critical to ongoing activities." Id. As the Advisory Committee recognized, "[c]omplete or broad cessation of a party's routine computer operations could paralyze the party's activities. *Cf. Manual for Complex Litigation (4th)* § 11.422 ('A blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-to-day operations.')." Id.

The Amendments to the Rules and the law are in accord, preservation orders should not be entered without a showing of need by Plaintiffs—a showing that Plaintiffs cannot and do not even attempt to make. See, e.g., Humble Oil & Ref. Co. v. Harang, 262 F. Supp. 39, 42-43 (E.D. La. 1966) (stating that injunctive relief is available only where a party will suffer irreparable injury and an adequate alternative remedy (e.g., money damages) is not otherwise obtainable). The mere theoretical possibility that a party might destroy

documents—assuming that is, in fact, Plaintiffs' argument—does not establish irreparable injury.

> Were the fact that a party to a law suit would suffer irreparable injury if a document were destroyed the sole test for the issuance of an injunction to prevent its destruction, injunctions should issue in every case in which important documents are within the control of either party. Obviously, this is not done and it cannot and should not be done.

Id. at 43.  Instead, a party seeking a document preservation order must prove "an imminent threat of destruction or concealment of the evidentiary documents . . . ."  Id.  See also Abdallah v. Coca-Cola Co., No. Civ. A. 1:98CV3679-RW, 1999 WL 527835, at *2 (N.D. Ga. July 16, 1999) (denying request for document preservation order finding "no basis for concern regarding Coca-Cola's efforts to preserve all documents relevant to this lawsuit"); Pepsi-Cola Bottling Co. v. Cargill, Inc., Civ. No. 3-95-784, 1995 WL 783610, at *3 (D. Minn. Oct. 20, 1995) (denying motion for document preservation order where there was no "adequate showing that equitable relief was warranted"); In re Potash, No. 3-93-197, MDL No. 981, 1994 WL 1108312, at *8 (D. Minn. Dec. 5, 1994) (declining to enter preservation order because "[p]laintiffs do not assert that some recent developments in the case, which arose just prior to the filing of this Motion, have led them to believe that relevant documents were in jeopardy of destruction").

Plaintiffs cannot make any such showing and their Motion should be denied. The law is clear and in agreement with the Amendments to the Rules—because of the existence of pending litigation, AstraZeneca already is required to take steps to preserve relevant documents.  See Fed. R. Civ. P. 26.  See Hester v. Bayer Corp., 206 F.R.D. 683, 685 (M.D. Ala. 2001) ("Whenever a lawsuit is filed, the defendant is automatically required to

12

take all appropriate steps to preserve any and all information which might be relevant to the litigation.  To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists.") (citing Rule 26). *See, e.g.*, Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 888-89 (S.D.N.Y. 1999); Wm. T. Thompson Co. v. Gen. Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984); Carlucci v. Piper Aircraft Corp., 102 F.R.D. 472, 485-86 (S.D. Fla. 1984).  Accordingly, because of the existing obligations placed on AstraZeneca by the Federal Rules, any document preservation order would be redundant and unnecessary.

Well before Plaintiffs commenced the present litigation, AstraZeneca instituted document-preservation efforts to ensure its compliance with its general obligations to preserve documents that may have relevance to SEROQUEL®-related litigation.  First, as AstraZeneca has advised Plaintiffs, AstraZeneca has retained backup media for e-mail since approximately November 2002, before this litigation commenced.  Second, as early as September 12, 2003, and on at least ten other occasions since then, including as recently as November 28, 2006, AstraZeneca has issued document preservation memorandums reminding its employees of their ongoing obligation to preserve documents relevant to pending SEROQUEL® litigation.

Finally, the costs to AstraZeneca generally to implement this type of order—in light of the protections already in place—would be unduly burdensome.  See, e.g., Manual for Complex Litigation (4th) § 11.442 ("A blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-

to-day operations."). Indeed, in 2002, in an analogous situation, a representative for Bayer estimated that a preservation order's requirement that Bayer remove and preserve all back-up tapes would, by itself, impose a one-time cost of $1.4 million, plus labor costs. Memorandum in Support of Motion to Vacate at 5, Watson v. Bayer Corp., No. 02-107 (La. Civ. Dist. Ct. Mar. 4, 2002) (attached as Exhibit 5).

Because Plaintiffs have made no showing that AstraZeneca has taken affirmative steps to destroy documents, and further because of AstraZeneca's obligations under the Federal Rules and the preservation procedures that AstraZeneca put in place more than three years ago, the Court should reject Plaintiffs' suggestion that a preservation order is warranted.

Finally, any preservation order should apply equally to both Plaintiffs and Defendants. Therefore, AstraZeneca respectfully requests that the Court enter the Stipulation that is attached as Exhibit 1.

## Conclusion

WHEREFORE, for the above reasons, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP respectfully request that this Court (1) deny Plaintiffs' Motion for entry of their proposed order, (2) deny Plaintiffs' Motion to compel the deposition of a Rule 30(b)(6) representative, and (3) enter the proposed Stipulation attached as Exhibit 1, or in a form that this Court prefers.

DATED:  December 8, 2006

s/ Michael W. Davis_____
Michael W. Davis
James W. Mizgala
Attorneys for Defendants AstraZeneca
Pharmaceuticals LP and AstraZeneca LP
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:     (312) 853-7000
Facsimile:      (312) 853-7036
E-mail:          mdavis@sidley.com
                     jmizgala@sidley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the 8th of December, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

                  s/ Michael W. Davis_____
                  Michael W. Davis
                  James W. Mizgala
                  Attorneys for Defendants AstraZeneca
                  Pharmaceuticals LP and AstraZeneca LP
                  SIDLEY AUSTIN LLP
                  One South Dearborn Street
                  Chicago, IL  60603
                  Telephone:   (312) 853-7000
                  Facsimile:    (312) 853-7036
                  E-mail:       mdavis@sidley.com
                                    jmizgala@sidley.com

**SERVICE LIST**
(As of December 8, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey, LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Justin Witkin, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* |

| | |
|---|---|
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334<br>***Pro Se*** |
| Thomas Campion, Esq.<br>Andrew C. White, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>tcampion@dbr.com<br>andrew.white@dbr.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com | Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com | David P. Matthews, Esq.<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>Telephone: (713) 222-7211<br>dmatthews@abrahamwatkins.com |
| Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com | Robert G. Smith, Jr., Esq.<br>Lorance & Thompson, PC<br>2900 N. Loop W, Suite 500<br>Houston, TX 77092<br>Telephone: (713) 868-5560<br>rgs@lorancethompson.com |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546 | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 |
| Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400 | |