# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769

This document relates to (ALL CASES)

_____/

ORDER REGARDING DOCUMENT
PRODUCTION PROTOCOL AND PRESERVATION

For all documents in the possession of and produced by AstraZeneca Pharmaceuticals LP, AstraZeneca LP ("AstraZeneca") and Plaintiffs (collectively "Parties") in this litigation, the Court orders the following production protocol:

**I. DOCUMENT PRODUCTION**

   **A.** Format of Production.

   **i)** <u>Documents in hard copy</u>:  For all documents which the producing party intends to make the original documents available in a mutually agreed upon depository, the parties agree to confer regarding whether such documents should be scanned into electronic format and possible cost shifting.

   With respect to documents that are collected by either party in order to respond to a discovery request in this action, that party agrees – before any hard copies are made of those documents – to inform the other party that such a collection has been made.  The producing party agrees that the cost of making documents available for inspection is a cost borne by the producing party.  The producing party agrees to make available such documents for inspection in electronic format.  Where the cost of making the documents available in electronic format is determined to be less than 15% over the cost of making traditional hard-copy documents available for inspection, then the producing party shall

- 1 -

Case 6:06-md-01769-ACC-DAB   Document 100-2   Filed 12/10/06   Page 3 of 10 PageID 769

bear the expense.[1] To the extent the cost of making the documents available in electronic format is greater than 15% over the cost of making the documents available in traditional hard-copy format, then the parties shall confer on the issue of sharing the cost by which scanning exceeds copying, staffing and maintaining a document depository.

**ii)** Electronic documents:

**(1)** Unredacted electronic documents shall be produced at a minimum of 300x300dpi in single-page TIFF format, with an accompanying load file that contains, to the extent possible and practicable, the following metadata fields:

a. Electronic document type;
b. Create date;
c. File name & file location
d. Source location;
e. Starting production number;
f. Ending production number;
g. Custodian;
h. Last date modified;
i. Date produced for discovery;
j. The system and software program used for production;
k. Author;
l. Recipient(s);
m. Document date (if different from create date);
n. cc(s);
o. bcc(s);
p. Subject;
q. Title;
r. Attachment information (for e-mails);
s. Full text of the document extracted from the original native format in searchable form (eg. a ".txt" file); and
t. Whether the document was previously produced.

---

[1] The producing party is to bear said expenses in light of the opportunity for the producing party to benefit from additional cost-savings by not maintaining, staffing, or otherwise making available a physical facility/depository and because it is less expensive to perform redaction from electronic images as compared to hard-copy documents.

- 2 -

When it is possible, but the producing party deems it impracticable, to produce these metadata fields for a group of documents the producing party shall promptly confer on how, if at all, the impracticability can be overcome.

   **(2)** Before Excel spreadsheets are converted to TIFF format, all hidden rows and columns will be displayed and their text included in the text extracted.

   **(3)** Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. Where exact duplicates are not produced, the producing party shall identify each duplicate not produced including the custodian and the duplicate location. The Plaintiffs shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.  AstraZeneca will produce documents on DVD until provided hard drives from Plaintiffs, and shall then produce documents on those hard drives unless and until they run out (in which case they will use DVD's) or until the parties agree upon on another medium.  After review of documents, the Parties may make reasonable requests that certain documents that are identified by production number be produced in their "native" format. After such a request is received, the Parties shall meet and confer with respect to the production of, document integrity of and sharing of costs related to the production of native documents on a document-by-document basis.

   **(4)** Redacted documents shall be produced in single-page TIFF format, at a minimum of 300x300dpi with an accompanying load file that contains the agreed upon metadata fields above, excluding any field (including any text files) which contain redactions. Since the document as kept in the routine course of business was searchable, the producing party will perform Optical Character Recognition ("OCR") on the redacted documents to preserve the requesting party's ability to search the documents.  The producing party shall

- 3 -

bear the expense of the OCR and shall provide the OCR text as part of the document production. If redacted files are provided in the same load file as unredacted then the load file should indicate whether the file has been redacted.

Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. Where exact duplicates are not produced, the producing party shall identify each duplicate not produced including the custodian and the duplicate location. The Plaintiffs shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format. AstraZeneca will produce documents on DVD until provided hard drives from Plaintiffs, and shall then produce documents on those hard drives unless and until they run out (in which case they will use DVD's) or until the parties agree upon on another medium.

   **iii)** Data bases and other non-custodial files or systems: The Parties agree to use good faith efforts to confer over the discoverability of responsive data contained within data bases and other potential "non-custodial" files or systems.[2] The Parties also agree to use good faith efforts to reach agreement on the format of production, to the extent that any data base information is produced. The Court's assistance may be sought if the Parties have failed to reach agreement after good faith discussions within ____ days. To aid these discussions AstraZeneca shall provide the lists of the most likely custodians of

---

[2] Including: 1) adverse event database; 2) sales call tracking database; 3) IMS database; 4) clinical communications database; 5) regulatory database; 6) regulatory contact databases; 7) clinical trial database; 8) medical literature database; 9) research report database; 10) documentum or similar databases (document management systems used by many pharmacy companies); 11) visitor speakers bureau and/or thought leader databases; 12) clinical payments database; 13) field force rosters; and 14) instant message, voicemail, discussion forum and prior website page databases, transcripts and recovery.

relevant electronic materials and each relevant electronic system as well as the names of the person responsible for its electronic document retention policies and "e-discovery liaison" as set forth in paragraph 2 of the Default Standard for Discovery of Electronic Documents ("E-Discovery") from the U.S.D.C. for the District of Delaware within ____ days.  See, Document 99-2 (filed by AZ 12/8/08), Exhibit 2, pp. 1-2.

    **B.**  Production Numbering. Each page of a produced document shall have a legible, unique page identifier ("Production Number") and confidentiality legend (where applicable) electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than the Production Number, confidentiality legend (where applicable), and redactions addressed above.

    **C.**  Search terms.  The parties shall confer and submit a joint (or if not joint, competing) positions on the methods to be used and lists of search terms, words and phrases that AZ shall use to search all electronic media potentially containing relevant information within ____ days of the entry of this order (collectively "Search Terms"). Documents responsive to any agreed or adjudicated query search shall then be reviewed by defendants for responsiveness and privilege, and thereafter produced electronically in accordance with the guidelines herein.  Defendants shall reasonably accommodate plaintiffs' requests for (i) searches of newly created data, and (ii) modified searches on previously searched data.  For example, plaintiffs may submit Search Terms pertaining to preemption issue discovery and later ask that the same media be searched with additional terms, words or phrases.  Defendants will be prohibited from using any additional searches other than those developed with the plaintiffs without sharing such Search Terms and results with plaintiffs.  To aid the parties in identifying Search Terms and

discoverable data AstraZeneca shall produce a concordance (similar to those attached to depositions) within ____ days, each time a new Seroquel discovery search is run, which identifies all words that occur in the electronic search, how many times each word occurs in the aggregate and in how many documents each word occurs (software such as "Concordance" can generate such results).

      D.  <u>Privilege and redaction logs</u>.  AZ shall produce their first privilege log or redaction log within ____ days after it asserts it has produced all discoverable electronic and hard copy information that AZ in good faith asserts is discoverable in relation to Plaintiffs' First Set of Requests for Production or preemption discovery issues, so as not to hinder the immediate production of such materials.  Should the producing party seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), the producing party shall supply a privilege log listing the documents and data for which such limitation of discovery is claimed within 15 days after any production of electronic or hard copy documents, indicating:

      a.  The identity of each document's author, writer, sender;
      b.  The identity of each document's recipient, addressee, or person for whom it was intended;
      c.  The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;
      d.  The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document and the adjudication of the applicability of the privilege without waiving it; and
      e.  The claimed grounds for the limitation of discovery (*e.g.*, "attorney-client privilege.").

Should the producing party seek to redact any document or data based on some limitation of discovery (including but not limited to a claim of privilege), the producing party shall supply a redaction list separate from the privilege log addressed above within

15 days after any production of redacted electronic or hard copy documents or data for which such limitation of discovery is claimed, indicating:

    a.    The claimed grounds for the redaction;
    b.    The nature of the redacted material sufficient to permit the adjudication of the applicability of the privilege without waiving it (*e.g.*, "patient name," "trade secret," etc.); and
    c.    A description of the exact process used for redaction.

During the pendency of the litigation, an electronic copy of the original unredacted data shall be securely preserved in such manner so as to preserve without modification, alteration, or addition the content of such data, including any meta-data associated therewith.

    **E.** Costs:

    i) Readily accessible electronically stored information ("ESI"): While each Party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents, initially each Party will bear the costs to process and review its own documents. Where documents are produced in electronic form, the receiving Party will bear the production costs incurred by the producing Party (this is intended to cover costs such as the costs of storage, CDs, DVDs, hard drives and shipping).

    **ii)** Inaccessible ESI: To the extent that any Party requests data that is not readily accessible, the Parties shall comply with the Federal Rules of Civil Procedure in determining whether the inaccessible data is to be produced and which Party will bear what portion of the costs of production, including the costs to process and review such data to the extent such process or review is unique or non-standard. The Parties expressly agree that they will confer concerning inaccessible ESI prior to seeking the Court's assistance.

**II**. **PRESERVATION**

A. The Parties shall abide by the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26, and preserve all documents relevant to this litigation in a manner consistent with those guidelines. AstraZeneca has represented that it has retained a copy of all e-mail on backup media since approximately November 2002 and since September 12, 2003, has sent at least ten memorandums reminding its employees of their ongoing obligation to preserve documents relevant to pending Seroquel litigation. AstraZeneca is ordered to continue to retain all such e-mail. If any attorney for a Plaintiff before this Court has not communicated, in writing, to any Seroquel Plaintiff that they have a continuing obligation to preserve all potentially discoverable information, they shall do so within 7 days of the entry of this order. Plaintiffs liaison counsel shall provide a copy of this order to additional Plaintiffs attorneys not presently before the Court.

Specifically, AstraZeneca shall preserve all documents and other records—including electronically stored information—containing information potentially relevant to the subject matter of this litigation. The Parties shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. The Parties agree to confer regarding the appropriateness of the back up, any back-up data and retention of third party email accounts (eg., hotmail, yahoo, etc.) used for Seroquel related business, computers not backed up by AstraZeneca's network (including laptops used by Seroquel sales representatives) and the potential sharing of costs for such retention and submit an agreed order or competing proposals on same within 14 days of the entry of this order.

**III. MEET AND CONFER OBLIGATIONS**

**A.** The Parties agree that they will use all reasonable efforts to confer regarding discovery, including any proposed changes to this Order. The Parties also agree that they will seek this Court's assistance only after reasonably exhausting efforts to resolve the matter by agreement.

DONE and ORDERED in Orlando, Florida on December ___, 2006.

_____
David A. Baker
United States Magistrate Judge