# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation | MDL No. 05-1726 (JMR/AJB) |
| This Document Relates to All Actions | **(CONSOLIDATED FILING BY PLAINTIFFS)** |

During a conference held on December 21, 2006, the parties sought permission for plaintiffs to join multiple plaintiffs on complaints in the MDL proceeding.[1]

Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise . . .

Thus, permissive joinder is applicable in all cases under Rule 20(a) where Plaintiffs have claims that: (1) arise out of the same transaction or occurrence; and (2) involve a question of law or fact common to all joined parties. *See Madison v. Hennepin County*, 2003 U.S. Dist. LEXIS 11715, at *3-*4 (D. Minn. July 1, 2003); *Multi-Tech Systems, Inc. v. Net2Phone, Inc.*, 2000 U.S. Dist. LEXIS 22683, at *21 (D. Minn. June 26, 2000).

---

[1] As the Eighth Circuit held in *Mosley v. General Motors Corp.*, the application of Rule 20 is a matter within the discretion of the district court. *Id.* at 1332. The court explained "[t]he purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* at 1332 (citation omitted). Thus, '"[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."' *Id.* at 1332-33 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

6947           1

Joinder of plaintiffs for the purpose of consolidated filing is consistent with the Court's policy to lessen expenses and inconvenience to the parties. Plaintiffs and Defendant will not have to waste resources related to filing fees and drafting or responding to individual complaints. Further if such joinder proves to be inefficient or prejudicial to any parties, Rule 20(b) and Rule 42(b) vest in the Court the discretion to order separate filings or make such other orders as will prevent delay or prejudice. *See Mosley,* 497 F.3d at 1332.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Multiple plaintiffs may initiate an action in this MDL in one complaint so long as the plaintiffs are residents of the same state and allege the same claims under that state's laws.

2. Any time a complaint is filed, consistent with the terms of this Order, where multiple parties are listed on the complaint, there shall be a single filing fee charged by the Clerk.

3. This Order is entered for the purpose of facilitating and promoting the filing of claims into the MDL, and to further the efficient prosecution of this action.

4. This Order neither requires nor imposes any obligation on any Plaintiff or Defendant in this MDL and this Order does not constitute or imply a waiver of any defenses, arguments or positions by Medtronic; including, specifically, Medtronic's position that the claims of each individual plaintiff shall be tried separate and apart from all other plaintiffs joined in the multiple plaintiff action.

IT IS SO ORDERED THIS 8th day of January, 2007.

          __s/ Arthur J. Boylan_____
          Arthur J. Boylan
          United States Magistrate Judge