UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

_____

This Document Relates to ALL CASES

_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

_____

This Document Relates to ALL CASES

_____

**DEFENDANTS' MOTION FOR SHARED ALLOCATION OF COSTS TO
PRODUCE DOCUMENTS IN A MUTUALLY BENEFICIAL FORMAT WITH
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP

(collectively "AstraZeneca"), by and through their undersigned counsel and pursuant to

Middle District Local Rule 3.01(a), hereby move for the allocation of certain costs incurred

in producing documents in a mutually beneficial format.   In support of this Motion,

AstraZeneca states as follows:

1.      AstraZeneca seeks an equitable arrangement that equally allocates between parties the costs of the following special and additional document processing steps, which exceed AstraZeneca's discovery obligations under the Federal Rules of Civil Procedure:

a.      First, Plaintiffs should at least share equally in the *scanning* costs that must be incurred to convert AstraZeneca's responsive hard copy documents into single-page Tagged Image File Format ("TIFF") along with an accompanying load file.

b.      Second, Plaintiffs should share equally in the costs incurred *additionally* to process all of the produced hard copy and electronic documents so that they may be *searchable by both Plaintiffs and AstraZeneca*, by virtue of the separate and further creation of searchable text files of unredacted documents and Optical Character Recognition ("OCR") text files of unredacted portions of redacted documents and hard copy documents.

2.      AstraZeneca's position is supported not only by case authority interpreting and applying the requirements of the Federal Rules of Civil Procedure (including Rule 34 of the Federal Rules of Civil Procedure), but also by the Middle District of Florida's civil discovery handbook.  As recognized by the Middle District of Florida's discovery handbook, courts are often called upon to "allocate the resulting expenses among the parties" that arise when the parties "agree to … the production of some or all discovery materials in an electronic format."  MIDDLE DISTRICT DISCOVERY, ¶ VII.A.5, at p. 22.  Where, as here, "the parties are unable to agree on who bears the costs," then "the Court's resolution will consider, among other factors:  (i) whether the cost of producing is disproportional to the anticipated benefit of requiring its production; (ii) the relative expense and burden on each side of producing it; (iii) the relative benefit to the parties of producing it; and (iv) whether

the responding party has any specialized or customized system for storing or retrieving the information." *Id.*, ¶ VII.A.4(d), at p. 22.  As explained in the accompanying memorandum, these factors overwhelmingly support AstraZeneca's reasonable cost-sharing proposal.

WHEREFORE, based on the above as well as the reasons set forth in the accompanying Memorandum, AstraZeneca respectfully requests the Court allocate the costs describe above equally between the parties.

## MEMORANDUM OF LAW

## I.  INTRODUCTION

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") submit this memorandum in support of their motion for the shared allocation of certain costs that will be incurred in connection with the production of documents by AstraZeneca to Plaintiffs in the manner agreed to by the parties.  As reflected in CMO No. 2, the parties have agreed that AstraZeneca will convert documents to the following format for production, which they recognize will benefit both Plaintiffs and AstraZeneca:

> AstraZeneca shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying load file, an extracted file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

CMO No. 2, ¶ III.A.1.[1]

---

[1]  Paragraph III.D.1. of CMO No. 2, entitled "Documents and readily accessible electronically stored information (ESI)," provides:  "While each Party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents and readily accessible ESI, initially each Party will bear the costs to process and review its own documents and readily accessible ESI.  The parties shall submit simultaneous briefs on January 16, 2007 addressing how to allocate all, some or none of the cost of producing such documents and readily accessible ESI."  *See* CMO No. 2, ¶ III.D.1.

The cost allocation issues raised here are narrow.  AstraZeneca alone will bear the costs that it must incur in searching for, collecting, reviewing, and redacting as necessary, all hard copy and electronic documents it produces in this MDL.  But, AstraZeneca respectfully submits, Plaintiffs should be required to share equally in two categories of special and additional costs that must be incurred to convert the documents it produces to the electronic format that Plaintiffs wish, and that AstraZeneca has agreed to provide.  Importantly, AstraZeneca seeks only an equitable arrangement that equally allocates between parties the costs of certain additional document procession efforts that exceed AstraZeneca's standard discovery obligations under the Federal Rules of Civil Procedure.

- First, Plaintiffs should at least share equally in the *scanning* costs that must be incurred to convert AstraZeneca's responsive hard copy documents into single-page Tagged Image File Format ("TIFF") along with an accompanying load file.

- Second, Plaintiffs should share equally in the costs incurred *additionally* to process all of the produced hard copy and electronic documents so that they may be *searchable by both Plaintiffs and AstraZeneca*, by virtue of the separate and further creation of searchable text files of unredacted documents and Optical Character Recognition ("OCR") text files of unredacted portions of redacted documents and hard copy documents.

Put simply, Plaintiffs should be required to share equally in these costs because both Plaintiffs and AstraZeneca will benefit equally from the additional document processing that will be undertaken pursuant to the parties' agreed-upon document formatting.  As explained below, AstraZeneca's position is supported not only by case authority interpreting and

applying the requirements of the Federal Rules of Civil Procedure, but also by the Middle

District of Florida's civil discovery handbook.

## II. ARGUMENT

The cost allocation issues before the Court do not involve any effort by AstraZeneca

to "shift" to Plaintiffs the costs that defendants are required by law to incur in responding to

document requests in civil litigation. Indeed, as contemplated by the Federal Rules of Civil

Procedure, AstraZeneca alone will bear the substantial expenses that it must incur in

searching for, collecting, reviewing for relevance and privilege, and redacting where

necessary and appropriate, all of the hard copy and electronic documents that may be the

subject of Plaintiffs' document production requests in this litigation. Instead, the cost

allocation issues before the Court include only certain *special and additional expenses* that

will be incurred to make AstraZeneca's documents available to Plaintiffs in the electronic

format that Plaintiffs wish.

As the parties have agreed, it is in their mutual interests for AstraZeneca to convert

both hard copy and electronic documents into single-page Tagged Image File Format

("TIFF") with an accompanying load file, an extracted text file of electronic documents that

are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted

portions of redacted documents and hard copy documents. *See* CMO 2, ¶ ¶ III.A.1.[2]

---

[2]  While the Court is likely familiar with the terminology generally employed in discussing electronic discovery issues, AstraZeneca has provided for the Court's convenience and reference the glossary of terms and related definitions of the Sedona Conference on e-discovery and digital information management, a true and correct copy of which is attached hereto as Exhibit A. *See* Exh. A (THE SEDONA CONFERENCE GLOSSARY: E-DISCOVERY & DIGITAL INFORMATION MANAGEMENT (May 2005)) ["SEDONA CONFERENCE GLOSSARY"].

AstraZeneca has agreed on its own to cover the full cost of converting its electronic documents from their "native" state to TIFF images, with accompanying files that contain metadata.[3]   However, the remaining expenses associated with AstraZeneca's document production in the particular format agreed to by the parties and reflected in CMO No. 2 involve additional and discretionary processes – such as converting hard copy documents into a more user-friendly electronic TIFF format, and creating searchable text files of both electronic and hard copy documents.   Under the Federal Rules of Civil Procedure, AstraZeneca is not obligated to perform these additional and discretionary processes.   Hence, AstraZeneca has asked Plaintiffs to share in the costs of this additional processing.   Because both sides will benefit equally from these additional processing steps that AstraZeneca will undertake pursuant to the parties' agreed-upon format of production, both sides should share equally in the costs that will be incurred.

The law is crystal clear that it is the requesting party – here, Plaintiffs – who must bear the costs for copying documents produced in discovery.   *See* Fed. R. Civ. Proc. 34(a) (producing party's obligation is only to permit requesting party the opportunity to copy documents at the requesting party's expense); *Monarch Ins. Co. of Ohio v. Spach*, 281 F.2d 401, 413 n.30 (5th Cir. 1960) (same); *Niagra Duplicator Co. v. Shackleford*, 160 F.2d 25, 26-

---

As used herein, the terms "OCR," "TIFF," "native format," and "metadata" have the meanings set forth in the Sedona Conference Glossary of terms.

[3]   It is neither feasible nor practicable for AstraZeneca to produce its electronic documents in their "native" state in this litigation.   For a detailed discussion of why such a native file production is impractical and unfeasible here, *see* AstraZeneca's Combined Response and Opposition to Plaintiffs' First Amended Motion For Entry of Order and to Compel Deposition and Memorandum In Support (dated December 8, 2006), filed previously. Accordingly, the parties have agreed that AstraZeneca will not generally produce its electronic documents in their "native" state in this litigation.

27 (D.C. Cir. 1947) (reversing as "invalid" trial-court order requiring responding party to pay costs to "copy or photostat" responsive documents, because Rule 34 places such burdens on requesting parties); MOORE'S FEDERAL PRACTICE, CIVIL, § 34.14.5 (2006) ("A party producing documents will ordinarily not be put to the expense of making copies for the requesting party.") (citing cases); MIDDLE DISTRICT DISCOVERY: A HANDBOOK ON CIVIL DISCOVERY PRACTICE IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA (M.D. Fla. 2001) [hereinafter "MIDDLE DISTRICT DISCOVERY"], ¶ III.B.4, at p. 14 ("photocopying of documents will generally be the responsibility of the inspecting party"); *see also* pp. 6-7, *infra* (citing cases).[4]

Here, the "copying" of hard copy documents is to be accomplished pursuant to CMO No. 2 through the optical scanning of responsive documents into TIFF format. AstraZeneca certainly should not be required to bear this expense alone. If anything, it is *Plaintiffs alone* who should be required to cover the scanning of any hard copy documents through the TIFFing process. *See, e.g.*, MIDDLE DISTRICT DISCOVERY, ¶ III.B.5, at p. 14 ("The producing party should cooperate reasonably if the inspecting party wishes to scan rather than copy documents. *The inspecting party must pay for all expenses associated with the scanning*.") (emphases added). Nevertheless, AstraZeneca has indicated its willingness to share equally

---

[4]  Like other orders that incorrectly "allocate the burdens of expense in pretrial discovery," an order requiring the responding party to pay duplicating costs and provide copies of responsive documents to the requesting party runs afoul of the fundamental principle that "each party is to bear the 'ordinary burden of financing his own suit.'" *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506-07 (1st Cir. 1982) (reversing order requiring defendant to pay costs to translate into English documents produced in response to production requests where the responsive documents were in foreign languages) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 179 (1974)).

in these additional costs based upon the recognition that it too will benefit from having hard copy documents converted into electronic TIFF format.

AstraZeneca also should not alone bear the costs of generating searchable text files for both hard copy and electronic documents in order to make its responsive documents available to Plaintiffs in the agreed-upon format. Indeed, the creation of these text files and the accompanying OCR process plainly exceeds AstraZeneca's obligations under the Federal Rules of Civil Procedure. *See also*, *e.g.*, MIDDLE DISTRICT DISCOVERY, ¶ VII.A.4(C) at p. 21 ("The discovering party should bear any special expenses incurred by the responding party in producing requested electronic information."). Again, however, AstraZeneca has recognized that both sides stand to benefit from this additional processing of its hard copy and electronic documents to be achieved through the creation of searchable text files and the OCR process. Thus, AstraZeneca submits that, in all fairness, the parties should equally bear these additional costs as well.

As recognized by the Middle District of Florida's discovery handbook, courts are often called upon to "allocate the resulting expenses among the parties" that arise when the parties "agree to … the production of some or all discovery materials in an electronic format." MIDDLE DISTRICT DISCOVERY, ¶ VII.A.5, at p. 22. Where, as here, "the parties are unable to agree on who bears the costs," then "the Court's resolution will consider, among other factors: (i) whether the cost of producing is disproportional to the anticipated benefit of requiring its production; (ii) the relative expense and burden on each side of producing it; (iii) the relative benefit to the parties of producing it; and (iv) whether the responding party has any specialized or customized system for storing or retrieving the information." *Id.*, ¶

VII.A.4(d), at p. 22.  These factors overwhelmingly support AstraZeneca's reasonable cost-sharing proposal.[5]

**A.**    **The Parties Should Be Ordered to Share the Cost of Converting Hard Copy Documents into Electronic TIFF Format**

AstraZeneca's proposal that the parties share equally in the cost of converting hard copy documents into electronic TIFF format is not only reasonable, but vastly exceeds its obligations under Rule 34 of the Federal Rules of Civil Procedure.  Under Rule 34, "a responding party need only make requested documents *available* for inspection and copying; it need not pay for the copying costs."  *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005) (emphasis in original); *accord*, *Monarch Ins. Co.*, 281 F.2d at 413 n. 30; *Shackleford*, 160 F.2d at 26-27; *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 297 (W.D.N.Y. 1996); *see also Singletary v. Reed*, No. 06-C-323-C, 2006 WL 3591868, at *1 (W.D. Wisc., Dec. 8, 2006) ("Plaintiff should note that Rule 34 does not require the defendant to provide him with free copies of the documents he wants"; "[i]f plaintiff wishes to have copies of materials in defendant's possession for his own records, he will be responsible for paying the costs of duplicating the material.").  In fact, it is hornbook law that

---

[5]  The first of these factors is not germane here, as AstraZeneca is not presently seeking to avoid production of any particular documents.  The second and third factors favor equal cost sharing.  Indeed, the "relative" burdens and benefits of the additional processing at issue do not depend on which side undertakes the additional related expenses.  The third-party vendor costs for the additional processing will be the same regardless of which side commissions the vendors.  And, as noted above, each side stands to benefit equally from the additional processing at issue.  The fourth favor also favors equal cost sharing, given that AstraZeneca has no specialized or customized internal system for the requisite additional processing and, indeed, has had to commission third-party vendors to perform it.  *See* Affidavit of Howard Reissner ("Reissner Aff.") (attached hereto as Exhibit B).

the party requesting discovery must pay for copies of documents made available for

production to it.  *See* MOORE'S FEDERAL PRACTICE, CIVIL, § 34.14.5 (2006).[6]

In CMO No. 2, the parties have agreed to a document production format in which

AstraZeneca will produce hard copy documents in TIFF format with OCR text files.  Neither

of these additional steps – the scanning of hard copy documents into TIFF format, or the

creation of searchable OCR text files – are remotely required by the Federal Rules of Civil

Procedure.  As such, AstraZeneca's request that Plaintiffs be required at least to share equally

in the costs associated with this additional processing of its hard copy documents is entirely

reasonable and appropriate.  Indeed, as noted above, this district's discovery handbook

explicitly provides that it is the "inspecting party" (*i.e.*, Plaintiffs) that "must pay for *all*

expenses associated with the scanning" of hard copy documents into an electronic format,

such as the TIFF files provided for under the parties' agreement in this case.  MIDDLE

DISTRICT DISCOVERY, ¶ III.B.5, at p. 14 (emphasis added).  Moreover, the conversion of hard

copy documents into TIFF format, with fully searchable OCR text files, will benefit Plaintiffs

by enabling them to perform electronic searches of the documents that they could not

otherwise readily perform, without substantial additional work at their sole expense, in a

standard Rule 34 production of paper documents.  Accordingly, it is eminently fair for the

Court to order that the parties should share equally in the costs that will be incurred to

---

[6]  Consequently, AstraZeneca could have elected to satisfy its document production
obligations under Rule 34 through the standard practice of making responsive hard copy
documents available for inspection and copying by Plaintiffs; in such instance, Plaintiffs
would be responsible for paying *all* of the costs of copying, scanning, and converting
searchable files for those documents.

convert AstraZeneca's hard copy documents into electronic, text-searchable format pursuant to the parties' agreement.[7]

**B.    The Parties Should Be Ordered to Share the Costs of Creating Searchable Text Files of Electronic Documents**

A similar cost-sharing arrangement is equally appropriate for electronic documents. Importantly, unlike the hard copy documents, AstraZeneca is *not* asking that Plaintiffs be required to share in the cost of converting electronic documents into TIFF format. AstraZeneca agrees to pay the full cost of that process. AstraZeneca also has agreed to bear the cost of reviewing and redacting, where appropriate, the electronic documents it produces. Further still, AstraZeneca agrees to bear on its own the costs of providing to Plaintiffs the selected fields of metadata that the parties have previously negotiated.

AstraZeneca requests only that Plaintiffs share the cost of taking the *additional* step of *generating searchable text files* that accompany the TIFF images. AstraZeneca is not required under the Rules to take this additional step and, therefore, should not have to pay the full cost of doing so.[8]  Thus, as with the conversion of paper hard copy documents to

---

[7]  As set forth in detail in the attached affidavit of Howard Reissner, the anticipated costs that will be incurred in converting hard copy documents into TIFF format with searchable text files are as follows. First, AstraZeneca is charged 9.5 cents per page to TIFF *copies* of its hard copy paper documents, and 13.5 cents per page to TIFF *original* AstraZeneca hard copy paper documents. Second, AstraZeneca is further charged an additional 3 cents per page in order to perform an OCR (or "optical character recognition") scan of each hard copy document, creating a searchable "text" file for each imaged document. *See* Exh. B (Reissner Aff., ¶¶ 3(a), 4(b)).

[8]  Indeed, under Rule 34(b) of the Federal Rules of Civil Procedure, parties in AstraZeneca's position are required only to produce documents as they are kept in the ordinary course of their business or in a "reasonably usable" form. *See, e.g.*, Fed. R. Civ. Proc. 34(b), 2006 Amendment Advisory Committee's note. They are not additionally required to generate

electronic form, AstraZeneca's offer to share the costs for the creation of these text files is a reasonable position.

      1.      **Production of Electronic Documents in TIFF Format, with Load File and Searchable Metadata, Is Consistent with Standard Practice and Satisfies the Requirements of the Federal Rules of Civil Procedure**

The parties have agreed that AstraZeneca will produce its electronic documents in imaged (TIFF) format, with the negotiated metadata fields. This agreement is consistent with standard practice today. *See, e.g., In re Priceline.com, Inc. Sec. Litig.*, 233 F.R.D. 88, 91 (D. Conn. 2005) (explaining that TIFF or PDF format is the most secure format for production of electronic documents); *In re Zyprexa Prods. Liab. Litig.*, No. MDL 1596, 2004 WL 3520246, at *1 (E.D.N.Y., July 22, 2004) (ordering all responsive electronic documents to be produced as TIFF images).[9]

AstraZeneca has no obligation under the Federal Rules to provide text files – at its own cost – to Plaintiffs, in addition to electronic images, load files and searchable metadata. Indeed, AstraZeneca's production of electronic documents in TIFF format, along with a load file and searchable metadata, enables Plaintiffs to search and sort the productions using any commercially available database software. This production in itself is "reasonably useable"

---

searchable text files with respect to the documents and materials made available for inspection and copying.

[9] *See also* Policies and Procedures of the United States District Court for the District of Delaware, ¶ 6 (Ad Hoc Committee for Electronic Discovery - Electronic Discovery Default Standard) (default rule is that "electronic documents shall be produced to the requesting party as image files"), *available at* http://www.ded.uscourts.gov/OrdersMain.htm; *The Sedona Principles; Best Practices Recommendations & Principles for Addressing Electronic Document Production* 33 at illustration i (Jan. 2004) (absent "a prior order of the court based on a showing of need," production of imaged files complies with Rule 34), *available at* http://www.thesedona conference.org/publications_html.

and, therefore, satisfies AstraZeneca's responsive discovery obligations under Rule 34(b).

Indeed, courts have held that production of electronic documents in TIFF format with

accompanying metadata – but without additional searchable text files – is sufficient under

Rule 34. *See, e.g., In re Priceline.com, Inc. Sec. Litig.*, 233 F.R.D. at 91 (ordering production

of electronic documents in TIFF or PDF format with searchable metadata). Courts, in fact,

have permitted the production of electronic documents in formats *less* useable than a

production solely in TIFF format with accompanying metadata. *See*, *e.g.*, *India Brewing,*

*Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 194 (E.D. Wis. 2006) (holding that "[i]f a party

produces its electronic information in a hard copy format that mimics the manner in which

that information is stored electronically, then that party has not disobeyed Rule 34") (internal

citation omitted); *see also The Sedona Principles; Best Practices Recommendations &*

*Principles for Addressing Electronic Document Production*, 33 at illustration i (Jan. 2004)

(absent "a prior order of the court based on a showing of need," production of imaged files

complies with Rule 34), *available at* http://www.thesedona conference.org/publications html.

Accordingly, the production of text files, in addition to TIFFs, with load files and searchable

metadata, exceeds AstraZeneca's obligations under the Federal Rules of Civil Procedure.

### 2. The Court Should Order the Parties to Share Equally in the Cost of Generating Searchable Text Files for Electronic Documents

AstraZeneca is willing to create and share searchable text files; AstraZeneca has

merely asked that Plaintiffs be required to share the costs to be incurred by AstraZeneca in

generating these searchable text files. This is only fair insofar as both parties will benefit

from the creation of the text files. Put differently, Plaintiffs should not be permitted to take

advantage of AstraZeneca's additional work to process documents without sharing in the

costs incurred to perform such additional document processing.[10]  Indeed, cost-sharing

arrangements like the one AstraZeneca proposes are not unusual.  *See, e.g.*, *Wiginton v. CB*

*Richard Ellis, Inc.*, 229 F.R.D. 568, 570 (N.D. Ill. 2004) (ordering that the receiving party

pay 75% of the e-discovery costs where outside vendor was hired to "restore and extract the

user e-mails from the tapes, perform searches for keywords and file attachment types, and

load the results of the searches onto [vendor's] Internet-based system, for review");

*Multitechnology Services, L.P. v. Verizon Southwest f/k/a GTE Southwest Inc.*, No. Civ.A.

4:02-CV-702-Y, 2004 WL 1553480 (N.D. Tex July 12, 2004) (ordering the parties share in

the cost of producing defendant's "accessible" electronic data; i.e., information stored in

defendant's computer databases).

     Here, AstraZeneca is willing to go beyond its production obligations and create

searchable text files for the Plaintiffs.  AstraZeneca is even willing to share in the cost of

creating those files, because, in fairness, it too will benefit from them.  AstraZeneca merely

---

[10]  The cost of generating searchable text files of electronic documents are discussed in the attached affidavit of Howard Reissner.  Briefly, those costs are as follows.  First, for each document, AstraZeneca's outside technology vendor extracts into separate files the document's text and all of its metadata.  *See* Exh. B (Reissner Aff., ¶ 4(a)).  By contract, this third-party vendor charges AstraZeneca $375 per gigabyte of data extracted from native file format documents.  *See id.*  Second, before documents can be produced, this technology vendor must further provide a second outside vendor with a TIFF version of each document, which allows the document to be electronically Bates-stamped and also, where appropriate, designated for confidentiality purposes and redacted as needed.  *See id.* at ¶ 4(c).  The first outside vendor charges AstraZeneca 2.5 cents per page to perform this conversion, and another 8 cents per file delivered to the second vendor.  *See id.* at ¶¶ 4(b), 4(c).  Third, for electronic documents that require redaction, the extracted text document cannot be produced (as the redacted information will remain in that text file).  *See id.* at ¶ 4(d).  Instead, the redacted document must be OCR-scanned in order to produce a searchable text file.  *See id.*  The second outside vendor charges 3 cents per page for this service.  *See id.*

asks that Plaintiffs be required to share equally in the costs incurred in the generation of such mutually beneficial work.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs should be ordered to share equally in the costs that will be incurred in converting AstraZeneca's responsive and non-privileged hard copy documents into electronic TIFF format, and in generating searchable text files of both hard copy documents and electronic documents, pursuant to the parties' agreed-upon format for the production of AstraZeneca's documents.  Because these additional document processing steps are not required of AstraZeneca by the Federal Rules of Civil Procedure, and because both parties stand to benefit from them, it is fair and reasonable that the parties be ordered to share equally in these additional costs.

Respectfully submitted,


<u>/s/ Shane T. Prince</u>
Fred T. Magaziner
Shane T. Prince
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

E-mail: fred.magaziner@dechert.com
         shane.prince@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP*
*and AstraZeneca LP*


Dated: January 25, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 25th of January, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

<u>/s/ Shane T. Prince</u>

**SERVICE LIST**
(As of December 15, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey, LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>***Pro Se*** |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>**Attorneys for Defendant AstraZeneca, PLC** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>**Attorney for Defendants AstraZeneca**<br>**Pharmaceuticals, LP, and AstraZeneca LP** |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com | David P. Matthews, Esq.<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>Telephone: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>irhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |

| | |
|---|---|
| Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |

| | |
|---|---|
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | |