UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

**MDL DOCKET NO. 1769**

This Document Relates to ALL CASES

## ORDER

This cause is before the Court on MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) filed December 12, 2006.

The United States Magistrate Judge has submitted a Report recommending that the Motion be granted in part, denied in part, and modified.

After an independent *de novo* review of the record in this matter, and noting that no objections have been raised as to the proposed changes to Case Management Order No. 1, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed December 22, 2006 (Doc. No.113), is **ADOPTED** and **CONFIRMED** and made a part of this Order with respect to Case Management Order No. 1.

2. MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) is granted in part, denied in part, and modified as follows:

## **CASE MANAGEMENT ORDER NO. 1**

I.  **SCOPE**

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of July 6, 2006; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (3) all related cases originally filed in this Court or transferred or removed to this Court.

All subsequent Orders of this Court with the designation "All Cases" entered in MDL-1769 shall likewise apply to all cases that are, or become, part of this MDL, regardless of whether that case was part of MDL-1769 when the order was entered.

II.  **ORGANIZATION OF COUNSEL**

   A.  **Plaintiffs' Lead Counsel**

   Plaintiffs' Lead Counsel will coordinate this litigation on behalf of all Plaintiffs, will be responsible for dealing with Defendants' counsel day-to-day, and will have the authority to bind and/or act on behalf of all Plaintiffs.  The responsibilities of Plaintiffs' Lead Counsel, by themselves or through their designees, shall include, but not be limited to, the following:

1. <u>Discovery</u>

    (a) Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file civil actions that are consolidated with the instant multidistrict litigation known as "MDL-1769, *In re Seroquel® Products Liability Litigation*."

    (b) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

    (c) Cause to be issued in the name of all Plaintiffs the necessary pretrial discovery requests, motions, and subpoenas. Similar requests, notices, and subpoenas may be caused to be issued by Plaintiffs' Lead Counsel upon written request by an individual attorney in order to assist him/her in the preparation of his/her case.

    (d) Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs.

2. <u>Hearings and Meetings</u>

    (a) Call meetings of counsel for Plaintiffs for any appropriate purpose.

    (b) If any evidentiary hearings are held in this MDL, examine witnesses and introduce evidence on behalf of Plaintiffs.

    (c) Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

3. <u>Miscellaneous</u>

(a) Submit and argue any motions presented to the Court on behalf of Plaintiffs as well as oppose, when necessary, any motions submitted by the Defendants or other parties which involve matters within the sphere of the responsibilities of Plaintiffs' Lead Counsel.

(b) Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by Plaintiffs' Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within 5 days after she/he knows or should reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulations will be automatically binding on that party.

(c) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs' attorneys.

(d) Prepare periodic status reports summarizing Plaintiffs' Lead Counsel's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to other Plaintiffs' attorneys.

(e) Perform any tasks necessary and proper for Plaintiffs' Lead Counsel to accomplish its responsibilities as defined by the Court's orders.

(f) Perform such other functions as may be expressly authorized or required by further orders of the Court.

(g) All matters presented to the Court must comply with the Local Rules, especially Local Rule 3.01(g).

B. **Defendants' Lead Counsel**

Defendants' Lead Counsel shall coordinate this litigation on behalf of all Defendants, and will have the authority to bind and/or act on behalf of all Defendants.

C. **Liaison Counsel**

To the extent they have not already done so, Plaintiffs' Lead Counsel and Defendants' Lead Counsel shall each designate an attorney to serve as Liaison Counsel who will be charged with essentially administrative matters. The responsibilities of Liaison Counsel are set forth in the Court's August 15, 2006 Scheduling Order. Liaison Counsel shall (1) maintain and distribute to co-counsel and opposing Liaison Counsel an up-to-date service list; (2) coordinate service and filing; (3) serve as the recipient of all Court orders; (4) receive and distribute pleadings, Orders, and motions by overnight courier service, email, or fax, unless such service has been waived, in writing, by a receiving counsel; (5) maintain and make available to all co-counsel at reasonable hours a complete file of all documents served by or upon each party (except such documents that may be available in the document depository); and (6) carry out such other duties as the Court may order.

## II. STATUS CONFERENCES

Status conferences shall be held approximately every 6 weeks, on a date selected by the Court, or at such other time as the Court may order. To aid the Court and the parties in preparing for future conferences, Lead Counsel for the parties shall meet and confer at least 10 days prior to each future status conference to attempt to agree upon a proposed agenda for the conference. Not less than 3 business days prior to the conference, the parties shall submit a joint agenda that reports on the number of cases in the MDL and the number tagged for transfer, that lists all motions that have been fully briefed and not yet decided, that lists all motions filed but not yet fully briefed, and that identifies any issue that either or both parties wish to raise with the Court. The parties may submit at the same time separate statements of their positions on said issues. If the parties agree that they would like the Court to take any action, the joint agenda shall so state. The agenda is intended to inform the Court of matters that the parties desire to raise at the status conference, and the Court may amend or augment its agenda as it deems appropriate.

## III. SERVICE OF ORIGINAL COMPLAINTS/AMENDMENTS ADDING PARTIES

To eliminate disputes over service of process and to reduce the expense of such service, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") have agreed to waive service of process for Seroquel-related cases alleging personal injury filed in federal court and alleging injuries consistent with the stated purpose of this MDL, subject to the provisions of Fed. R. Civ. P. 4(d). The notice required by that rule should be provided to the following representative of AstraZeneca:

>Paulette Hendrix
>AstraZeneca Pharmaceuticals LP
>Law Department (FOP3)
>1800 Concord Pike
>Wilmington, Delaware  19850

Plaintiffs shall have 30 days from the date of this Order (or, if later, 30 days from the date a case is subsequently filed in, removed to, or transferred to this Court) to provide notice to AstraZeneca.  Notwithstanding any prior Orders of this Court to the contrary, defendants' answers shall be due at the time set forth in the Federal Rules of Civil Procedure.

### IV.    MOTIONS

#### A.    Notice of Motions and Briefing Schedule

Except for emergencies or unless otherwise agreed by the parties, motions shall not be brought for hearing at any time other than a regularly scheduled status conference.

In order to be heard at a regularly scheduled status conference, a motion must be filed and served at least 20 days before said conference.  Any motion filed and served less than 20 days before a status conference shall be heard not at the upcoming status conference but at the status conference thereafter.  The Court may rule on motions without a hearing.

Absent an Order of the Court, briefs in response to motions shall be filed 11 days after the date of service. Replies are not permitted absent leave of Court.

#### B.    Applicable Rules

Motion practice shall be governed by the applicable Federal and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

C.   **Telephone Hearings**

Hearings may also be conducted by telephone at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties are available and receive at least 48 hours' notice. In an emergency, the Court may shorten the notice requirement. Telephone conference calls will often serve as an efficient substitute for Court appearances, as for example, where counsel desire to present short arguments and obtain an immediate ruling. The Court itself may initiate conference calls on procedural or scheduling matters.

V.   **SERVICE OF DOCUMENTS**

A.   **Orders**

Henceforth, the Clerk of Court shall forward only to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel a copy of each order or other document normally served by the Clerk. Service on Liaison Counsel shall be considered service on all parties. Counsel wishing to be removed from the electronic service list should notify the Clerk.

B.   **Pleadings, Motions and Other Documents**

A party filing a pleading, motion, or other document shall provide one copy to Plaintiffs' Liaison Counsel and one copy to Defendants' Liaison Counsel. A copy of the document shall also be submitted to Liaison Counsel, as Liaison counsel may agree, on a disc or CD-ROM in either WordPerfect format or Microsoft Word, or by email in .pdf format. Service on Plaintiffs' Liaison Counsel constitutes service on all Plaintiffs' counsel and Plaintiffs who are unrepresented. Any pleading, motion or other document directed at a non-AstraZeneca Defendant shall be served on Defendants' Liaison Counsel, as well as on the Defendant to whom the pleading, motion or other document is directed. Service and distribution by Liaison Counsel

to other attorneys of record shall be by overnight courier service, fax or email, reserving any receiving counsel the right to waive, in writing, such receipt.

    **C.**    **Electronic Service/Web Site/Virtual Depository**

Lead Counsel are to confer as to whether electronic service of documents is appropriate in these actions and/or whether a web site and virtual depository would be helpful and advance the course if this litigation. At the appropriate time, counsel shall report to the Court regarding these matters.

**DONE** and **ORDERED** in Orlando, Florida on January 26, 2007.

*[Signature]*
ANNE C. CONWAY
United States District Judge