# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABLITY LITIGATION | MDL DOCKET  NO: 6:06-mdl-1769-Orl-22DAB |
| | (ALL CASES) |

---

## PLAINTIFFS' UNOPPOSED MOTION FOR REDUCED FILING FEES

**TO THE HONORABLE JUDGE OF SAID COURT**:

Plaintiffs joined pursuant to Federal Rule of Civil Procedure 20 file this Unopposed Motion for Reduced Filing Fees, and request that, pursuant to 28 U.S.C. §1407, and in the interest of equity the Court approve a reduced filing fee for each severed Plaintiff who must disaggregate under the Court's January 26, 2007 Order.

1.      On January 26, 2007, the Court ordered that each Plaintiff named in transferred causes containing more than one Plaintiff be severed from those causes and required to pay a filing fee of $350.00 per cause.

2.      The majority of Plaintiffs in this MDL were joined pursuant to Rule 20 in a series of complaints filed in the United States District Court for the District of Massachusetts.[1]  Plaintiffs' counsel believe that joinder of these Plaintiffs complied with the requirements of Federal Rule of Civil Procedure 20 and joined these Plaintiffs in good faith.

3.      Plaintiffs appreciate the administrative burden confronting the Court and its staff related to the management of such a volume of cases, but in the interest of

---

[1] A total of 6560 Plaintiffs were filed in 21 complaints by the Bailey Perrin Bailey law firm in the United States District Court for the District of Massachusetts.  Without reduction of the filing fees required of these Plaintiffs, and assuming that all severed Plaintiffs decide to proceed with their case, Bailey Perrin Bailey will be required to pay **$2,296,000** in filing fees immediately.

efficient administration of justice, reduction of an inequitable burden on each joined Plaintiff and in light of the fact that the cases will be handled, for the most part, uniformly in this MDL, Plaintiffs respectfully request that the Court impose a reduced filing fee on each individual Plaintiff joined pursuant to Rule 20 in a complaint filed in Federal District Court.

## II. MEMORANDUM

4.     The purpose of filing fees is to provide resources to the Court for the administration of lawsuits.  *See U.S. v. Kras*, 409 U.S. 434, 448 (1973) (filing fees "seek to make the system self-sustaining and paid for by those who use it rather than by tax revenues drawn from the public at large."); *see also Manes v. Goldin*, 400 F.Supp. 23, 30 (E.D.N.Y. 1975).

5.     The manner and amount of individual case administration required of a transferee court in multi-district litigation is unique.  28 U.S.C. §1407.   Under the mechanism created by Section 1407, cases remain in a transferee court for the limited purpose of "coordinated or consolidated pretrial proceedings."  *Id*. at (a).

6.     In other words, the function of a transferee court is to address issues common to all, or a substantial number of, consolidated cases.  Traditional administration of individual transferred cases in the transferee court is neither contemplated nor allowed by Section 1407 and the cases which interpret its purpose.

7.     In furtherance of this principle, it is the parties' understanding that the Court's clerk intends to implement an automated system for opening files and creating dockets in the Court's computer system, further reducing its administrative burden.

8.     A corollary purpose of multi-district consolidation is to promote "the convenience of parties and witnesses and…promote the just and efficient conduct of such actions."  *Id*.  This language is commonly interpreted to imply an intent to "effectuate an overall savings of cost and a minimum inconvenience to all concerned."  *See e.g. In re Nissan Motor Corp. Antitrust Litigation*, 385 F.Supp. 1253, 1255

(Jud.Pan.Mult.Lit.1974);  *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation*, 424 F.Supp. 504, 507 (Jud.Pan.Mult.Lit.1976).

9.      In applying the foregoing principles to the issue of the amount of filing fees required of Plaintiffs joined under Rule 20, this Court should allow a partial reduction of the amount each newly severed Plaintiff must pay for two reasons.

10.      First, the administrative burden placed on the Court and its staff by the newly severed cases will be minimal, in light of the coordinated context in which the Court will address consolidated cases.

11.      Second, requiring a full filing fee will actually result in an increase in costs to Plaintiffs as opposed to any savings, which is contemplated by Section 1407. This is because disaggregated Plaintiffs will be required to pay twice the filing fee in this Court that they would have paid had they attempted to avoid the MDL by filing in state court in Defendant's home state.  Indeed, the Plaintiffs who are the subject of this motion originally filed their claims in Federal court intending to streamline this process – knowing they would ultimately be before this Court as part of the MDL.

12.      In so filing, aggregated plaintiffs were motivated, in part, by a desire to spare the Federal court system and the Judicial Panel on Multi-District Litigation unnecessary administrative burden.  Because of this decision, and the Court's Order, these Plaintiffs now face a far higher individual burden than Plaintiffs who attempted to avoid this Court by originally filing their claims in state courts.[2]

13.      Imposing a significantly higher fee on Plaintiffs who originally filed in Federal court than that which applies to Plaintiffs originally filing in state courts sends an unfortunate message to prospective plaintiffs in this type of case – that they will be punished for attempting to streamline the litigation process by filing their claims in

---

[2] For example, if Plaintiffs who originally filed in Federal court had instead chosen to sue Defendants in their home state of Delaware, they would have been charged only $175.00 in state court filing fees.  See Delaware Superior Court Rule of Civil Procedure 77(h).

forums where they know the claims will ultimately be heard.  Instead, plaintiffs will be encouraged to file their claims in state courts and force defendants to remove them to Federal courts, adding wasteful layers to the consolidation process and detracting from the efficient administration of justice.

14.     There is precedent for reducing the amount of filing fees under appropriate circumstances.  *See, e.g., Sellers v. U.S.*, 881 F.2d 1061, 1062 -1063 (11th Cir. (Ala.) 1989) ("District courts enjoy wide discretion in deciding whether a partial filing fee is fair and appropriate in a particular case... In setting a partial fee, the court may consider the purpose of the rule imposing the filing fee, the litigation history of the petitioner, the apparent good faith in prosecution of the lawsuit, the actual dollars involved as well as the percentages, and our basic policy that this court is open to all good faith litigants, rich and poor alike.") (citations omitted).  Federal courts have discretion to alter the fees under appropriate circumstances.  *See id.*; see also 28 U.S.C § 1931(b) (specifying portion of filing fee to be deposited in special Treasury fund in the event "the court authorizes a fee under section 1914(a)... of less than $250[.]")

15.     In this case, due to the large number of Plaintiffs who are submitting their claims to this Court under the more-efficient MDL process, it is appropriate to reduce the individual filing fee due from each Plaintiff to the amount Plaintiffs would have paid in Delaware state court – $175.00.  Reducing the fee will minimize the erosion of any recovery due to the Plaintiffs, while still ensuring the Court will receive a substantial sum of money with which to administer these cases.

16.     Pursuant to M.D. Fla.L.R. 3.01(g), counsel for MDL Plaintiffs, Fletcher V. Trammell, secured consent from Defendant AZ for this Motion.  Defendants agree and consent to this Motion.

WHEREFORE, the Court is requested to enter an Order providing that those Plaintiffs whose claims originated in the Federal court system and who must disaggregate

themselves under the Court's January 26, 2007 Order be permitted to pay a reduced filing fee of $175.00.

RESPECTFULLY SUBMITTED this 22nd day of February, 2007.

**BAILEY PERRIN BAILEY LLP**


By: ___/s/ Fletcher V. Trammell___
     F. Kenneth Bailey Jr.
     Texas State Bar No. 01543500
     Michael W. Perrin
     Texas State Bar No. 15797500
     K. Camp Bailey
     Texas State Bar No. 24006782
     Fletcher V. Trammell
     Texas State Bar No. 24042053
     440 Louisiana St., Suite 2100
     Houston, Texas 77002
     (713) 425-7100 Telephone
     (713) 425-7101 Facsimile

     Counsel for MDL Plaintiffs

## <u>CERTIFICATE OF CONFERENCE</u>

I HEREBY CERTIFY that on  this 21st day of February, 2007, I conferred with opposing counsel Fred Magaziner in a good faith effort to resolve the issues raised by Plaintiffs' Unopposed Motion for Reduced Filing Fees, and opposing counsel is unopposed to said motion.

/s/ Fletcher V. Trammell_____<br>
Fletcher V. Trammell

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of February, 2007, I electronically filed the foregoing **PLAINTIFFS' UNOPPOSED MOTION FOR REDUCED FILING FEES** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.  I further certify that I emailed the documents in electronic form to Plaintiff's Liaison Counsel Larry Roth and Defendants' Liaison Counsel Robert L. Ciotti.  I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class U. S. Mail delivery to the non-CM/ECF Participants listed on the attached Service List.

/s/ Fletcher V. Trammell_____<br>
Fletcher V. Trammell

SERVICE LIST

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>**Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.** | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>**Attorney for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP** |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731 | David Dickens<br>Miller & Associates<br>105 North Alfred St.<br>Alexandria, VA 22314-3010<br>Tel: (703) 519-8080<br>ddickens@doctoratlaw.com |

| | |
|---|---|
| mdavis@sidley.com<br>jmizgala@sidley.com<br>**Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP** | |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>Jdriscoll@brownand crouppen.com<br>asmith@brownand crouppen.com<br>blape@brownandcrouppen.com |
| Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**Attorney for Defendant, Marguerite Devon French** |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| | |

| | |
|---|---|
| W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com |
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>firm@summersandjohnson.com | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| William A. Levin<br>Levin Simses Kaiser & Gornick, LLP<br>One Bush St., 14th Floor<br>San Francisco, CA 94104 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>**Pro Se** |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com |

| | |
|---|---|
| Tel: (2215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>Shane.prince@dechert.com<br>Eben.flster@dechert.com<br>Elizabeth.balakhani@dechert.com<br>**Attorneys for Defendant Astrazeneca Pharmaceuticals, LP** | jwebster@abrahamwatkins.com |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033<br>**Pro Se** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com |
| Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620<br>**Pro Se** | Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>Mp@pawalaw.com |
| Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com | Elizabeth Raines<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Rd., Suite 500<br>Kansas City, MO 64108-2504<br>Tel: (816) 471-2121<br>raines@bscr-law.com<br>**Attorneys for Defendant AstraZeneca, PLC** |
| Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com | Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>LROTH@roth-law.com |
| Robert L. Salim<br>Robert L. Salim Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@abrahamwatkins.com |

| Pete Schneider | Robert A. Schwartz |
|---|---|
| Grady, Schneider & Newman, L.L.P. | Bailey & Galyen |
| 801 Congress, 4th Floor | 18333 Egret Bay Blvd., Suite 120 |
| Houston, TX 77002 | Houston, TX 77058 |
| Tel: (713) 228-2200 | Tel: (281) 335-7744 |
| pschneider@gsnlaw.com | bschwartz@galyen.com |
| Robert G. Smith, Jr. | Catherine Solomon |
| Lorance & Thompson, PC | 3100 N.E. 83 |
| 2900 N. Loop W, Suite 500 | Gladstone, MO 64119 |
| Houston, TX 77092 | **Pro Se** |
| Justin Witkin | |
| Ken Smith | |
| Aylstock, Witkin & Sasser, PLC | |
| 4400 Bayou Blvd., Suite 58 | |
| Pensacola, FL 32503 | |
| Tel: (850) 916-7450 | |
| Jwitkins@AWS-LAW.COM | |
| ablankenship@aws-law.com | |
| aburrus@aws-law.com | |
| asmith@aws-law.com | |
| ksmith@aws-law.com | |
| noverholtz@aws-law.com | |
| jsafe@aws-law.com | |