may ultimately benefit the disposition of claims in this MDL. To provide a mechanism and framework for ADR should the parties choose to discuss settlement of any or all of claims pending in this MDL, this Court hereby appoints the following six (6) attorneys as mediators:

1.
2.
3.
4.
5.
6.

Each of these attorneys maintains an office for the practice of law in the Middle District of Florida, which will allow for ease of attendance before this Court should any issues or updates be required. How they will be assigned cases for mediation will be addressed in a subsequent order of this Court.

The mediation process shall proceed as follows:

a. Within 90 days of receiving a Fact Sheet and authorizations for medical records, the defendants shall advise the plaintiffs of whether the case is one that the defendants are willing to mediate in an effort resolve the matter by settlement.

b. If the defendants indicate their willingness to mediate the case, the plaintiffs have stipulated before this Court that the plaintiffs will agree to mediate any case or cases that the defendants might select.

c. To the extent possible, the parties should attempt to mediate at least 10 cases in one 10 hour session with the mediator. The mediation should therefore be scheduled in order that at least 10 cases will be discussed. Nothing herein shall be construed to preclude the discussion of a larger group of cases (e.g. by state of residence or category of injury).

  d. Each mediator shall be compensated at the hourly rate of \_\_\_\_\_ and the mediator shall be compensated for the entire 10 hour session as well as reasonable preparation time.

  e. The parties shall share the cost of the mediator equally but either side may apply to this Court for a different division of costs of the mediation, upon a showing that the defendant or the plaintiff, as the case may be, were not making good faith efforts to mediate the matter(s).

  f. Nothing herein shall be construed to prevent either side from moving this Court for a modification or withdrawal of this Order, upon a showing that the cost of the mediation process exceeds the benefits generally being achieved, or that one side is not proceeding in good faith or if the process is not achieving sufficient success.

  g. The meditations shall take place in Orlando at a location to which the mediator and the parties have agreed. Attendance by at least one attorney for each side is required, but the plaintiffs and a representative of the defendant may appear by telephone.

  This Court will issue a further order regarding the form and timing of status reports regarding the mediation process.

  **G.** **Defendants' Discovery Proposal**

  Plaintiffs have reviewed defendants' discovery proposal and find numerous problems with this proposal. Respectfully, plaintiffs do not see how the parties using defendants' proposal could meet the Court's explicit desire to have plaintiffs' cases ready for remand in two years. As a result, plaintiffs object to defendants' proposal on the following grounds:

1. Defendants production of the "First 80" Custodial Files shall not begin production, beyond the first 8 files, until April 30, 2007,

2. Defendants will not complete production of the "First 80" Custodial Files until September 30, 2007.

3. Defendants will not provide, but will agree to negotiate the production of additional Custodial Files, as they are discovered. However, should they agree to provide these files, they will not complete production of these documents until February 1, 2008.

4. Defendants want 75 days notice before conducting depositions of current or former employees of defendants. As a result, depositions of the first witnesses would not begin until May or June of 2007. Plaintiffs will lose at least two months of deposition time.

5. Defendants' proposal for Generic Experts or as plaintiffs have referred to as General Experts, contemplates service of their expert reports before fact discovery of the defendants is even completed. While defendants' expert reports will not be due until a month after plaintiffs' experts' depositions are completed.

6. Defendants have also proposed an Expedited discovery schedule for at least 100 of plaintiffs cases. These cases will be accelerated and require a case specific expert report by May 31, 2007. This is well before any discovery of defendants will have been completed. Moreover, this number of plaintiffs could easily result in at least 500 additional depositions, which will significantly detract from the focus of preparing the vast majority of cases for remand. Plaintiffs see no benefit to this proposal and the goal of a resolution of this litigation. As this Court has pointed out, this type of proposal will only result in a "scattering of effort". See, Pre-Trial Conference Tr. 22:9-20, December 11, 2006.

### H. Case Specific Experts

Absent an agreement to try cases in the MDL, plaintiffs see no need to designate Case Specific Experts by either side until after these cases are remanded for case specific discovery prior to trial. To get involved in case specific discover will result in a "scattering of effort". However, should the Court require expert reports for some other reason, then reports from these case specific experts should be produced 90 days before trial as per Federal Rule of Civil Procedure 26 (a)(2) and in no case should they be required until after the completion of plaintiffs' discovery of defendants and the case specific discovery of the individual plaintiff, including treating doctors depositions. Plaintiffs' counsel has often found that after the treating doctors deposition the expert will have a much clearer picture of the medical records and the thoughts of the treater.

Moreover, to require case specific expert reports and depositions will only sidetrack the parties efforts away from their primary goal of getting these cases ready for remand. In contrast any effort to schedule expert depositions before completion of discovery is contrary to the federal rules and requires plaintiffs to designate experts and to provide reports and conduct depositions before fact discovery is completed with defendants. This clearly is to the advantage of the defendants and will result in extreme prejudice to plaintiffs claims.

Defendants have proposed a time line for the production of case specific expert reports, which is unrealistic and outrageous, as it will require their production before even a single deposition is conducted of defendants or the vast majority of the document discovery is even begun. To say defendants' proposed playing field is uneven is a vast understatement.

Currently plaintiffs are of the opinion that conducting case specific discovery on even a limited number of cases may not be helpful to either side as trials may not take place in the MDL and

defendants have taken the position that none of these cases have any settlement value. See, Pretrial Conference Tr. 38:.14-18, Dec. 11, 2006.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court sign the Plaintiffs proposed Scheduling Order submitted herewith, as it complies with the stated goals of this MDL Court.

Dated: February 26, 2007

Respectfully Submitted

By: _____/s/_____
Michael E. Pederson
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038
Telephone: 212-558-5500
Facsimile: 212-363-2721

Attorneys for Plaintiffs

T:\DMDL\Seroquel\MDL Court\Motions\Regarding Plaintiffs Proposed Disovery\Memo.wpd

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2007, I electronically filed the foregoing **Plaintiffs' Motion for Adoption of a Schedule and Method of: Defendants' Document Production; Depositions of Defendants' Witness; Generally Applicable Expert Discovery; and Motions of General Applicability in the MDL with Memorandum of Law in Support Thereof** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List. I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class U.S. Mail delivery to the non-CM/ECF Participants listed on the attached Service List.

/s/ Michael E. Pederson
Michael E. Pederson

T:\DMDL\Seroquel\MDL Court\Motions\Regarding Plaintiffs Proposed Disovery\Memo.wpd

## SERVICE LIST
(As of February 23, 2007)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
(407) 872-2239 - tel.
LROTH@roth-law.com

Matthew F. Pawa, Esq.
Law Offices of Matthew F.Pawa, P.C.
1280 Centre St., Suite 230
Newton Centre, MA 02459
(617) 641-9550 - tel.
Mp@pawalaw.com

Keith M. Jensen, Esq.
Jensen, Belew & Gonzalez, PLLC
1024 North Main,
Fort Worth, TX 76106
(817) 334-0762 - tel.
kj@kjensenlaw.com

Matthew E. Lundy, Esq.
Lundy & Davis, LLP
333 North Sam Houston Parkway East
Suite 375
Houston, TX 77060
(281) 272-0797 - tel.
mlundy@lundydavis.com

Camp Bailey, Esq.
Fletcher Trammell, Esq.
Michael W. Perrin, Esq.
Bailey Perrin Bailey, LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
(713) 425-7240 - tel.
cbailey@bpblaw.com
ftrammell@bpblaw.com
Mperrin@bpblaw.com

Tommy Fibich, Esq.
Fibich, Hampton & Leebron, L.L.P.
1401 McKinney, Suite 1800
Five Houston Center
Houston, TX 77010
(713) 751-0025 - tel.
tfibich@fhl-law.com

John Driscoll, Esq.
Brown & Crouppen, PC
720 Olive St.
St. Louis, MO 63101
(314) 421-0216 - tel.
Jdriscoll@brownandcrouppen.com

Scott Allen, Esq.
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
713-650-6600 - tel.
sallen@crusescott.com

Todd Harvey, Esq.
Whatley Drake, LLC
2323 2nd Avenue North
Birmingham, AL 35203
(205) 328-9576 - tel.
THARVEY@whatleydrake.com

Lawrence J. Gornick, Esq.
William A. Levin, Esq.
Levin Simes Kaiser & Gornick, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
(415) 646-7160 - tel.
lgornick@lskg-law.com

Robert L. Salim, Esq.
Robert L. Salim Attorney at Law
PO Box 2069
Natchitoches, LA 71457-2069
(318) 352-5999 - tel.
robertsalim@cp-tel.net
(By Mail)

David P. Matthews, Esq.
Lizzy Santiago, Esq.
Matthews & Associates
2905 Sackett Street
Houston TX 77098
(713) 222-8080
dmatthews@thematthewslawfirm.com
lsantiago@thematthewslawfirm.com

Justin Witkin, Esq.
Ken Smith, Esq.
Aylstock, Witkin & Sasser, PLC
4400 Bayou Boulevard
Suite 58
Pensacola, FL 32503
(850) 916-7450 - tel.
Jwitkin@AWS-LAW.com
Ksmith@AWS-LAW.com

Aaron C. Johnson, Esq.
Summers & Johnson
717 Thomas
Weston, MO 64098
(816) 640-9940 - tel.
(By mail)

Scott Burdine, Esq.
Hagans Burdine Montgomery
Rustay & Winchester, P.C.
3200 Travis, Fourth Floor
Houston, Texas 77006
(713) 222-2700
sburdine@hagans-law.com

Pete Schneider, Esq.
Schneider, Pete
Grady, Schneider & Newman, L.L.P.
801 Congress, 4th Floor
Houston, Texas 77002
(713) 228-2200
pschneider@gsnlaw.com

Todd S. Hageman, Esq.
Simon and Passanante, PC
701 Market St., Suite 1450
St. Louis, MO 63101
thageman@spstl-law.com

Gregory P. Forney, Esq.
Shaffer Lombardo Shurin
911 Main Street, Suite 2000
Kansas City, MO 64105
gforney@sls-law.com

Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive 7th Floor
Newport Beach, CA 92660
(949) 720-1288
mrobinson@rcrlaw.net

Robert A. Schwartz, Esq.
Bailey & Galyen
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
(281) 335-7744
bschwartz@galyen.com

Howard Nations, Esq.
Lori A. Siler, Esq.
4515 Yoakum Blvd.
Houston, TX 77006
(713) 807-8400
lori@howardnations.com

Eric B. Milliken, Esq.
3 Sir Barton Ct.
Newark, DE 19702
*Pro Se*
(By Mail)

Louisiana Wholesale Drug Co. Inc.
C/O Gayle R. White
Registered Agent
Highway 167N
Sunset, LA 70584
*Pro Se*
(By Mail)

Catherine Solomon
3100 N.E. 83
Gladstone, MO 64119
*Pro Se*
(By Mail)

Randy Niemyer
15863 Pike 43
Bowling Green, MO 63334
*Pro Se*
(By Mail)

Mary Cotton, Esq.
John D. Giddens, P.A.
226 North President Street
PO Box 22546
Jackson, MS 39225-2546
(601) 355-2022
betsy@law-inc.com

Salvatore M. Machi, Esq.
Ted Machi & Associates PC
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
(By Mail)

Aaron K. Dickey, Esq.
Goldenberg and Heller, PC
PO Box 959
2227 S. State Road 157
Edwardsville, IL 62025
(618) 650-7107
aaron@ghalaw.com

Timothy Reese Balducci, Esq.
The Langston Law Firm, P.A.
P.O. Box 787
100 South Main St.
Booneville, MS 38829
(By Mail)

Thomas Campion, Esq.
Drinker Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100 - tel.
tcampion@dbr.com
Attorneys for Defendants Janssen
Pharmaceutical Products and Johnson &
Johnson Co.

3

Michael Davis, Esq.
James Mizgala, Esq.
Sidley, Austin, LLP
Bank One Plaza
One South Dearborn Street
Chicago, IL 60603
(312) 853-7731 - tel.
mdavis@sidley.com
jmizgala@sidley.com
Attorneys for Defendants AstraZeneca LP
and AstraZeneca Pharmaceuticals, LP

Elizabeth Raines, Esq.
Baker, Sterchi, Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
raines@bscr-law.com
Attorney for Defendant AstraZenca, PLC

Matthew J. Hamilton, Esq.
Pepper Hamilton
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103
hamiltonm@pepperlaw.com
Attorneys for Defendant Eli Lilly & Co.

Kenneth W. Bean, Esq.
Sandberg, Phoenix & von Gontard
One City Centre
15th Floor
St. Louis, MO 63101-1880
(By Mail)

Robert L. Ciotti, Esq.
Carlton Fields, P.A.
4221 W. Boy Scout Blvd.
Suite 1000
Tampa, FL 33607
(813) 223-7000
rciotti@carltonfields.com
Attorneys for Defendants AstraZeneca LP
and AstraZeneca Pharmaceuticals, LP

Fred Magaziner, Esq
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2587
fred.magaziner@dechert.com
(By Mail)

4