UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Seroquel Products Liability Litigation     Case No. 6:06-md-1769-Orl-22DAB

MDL Docket No. 1769

THIS DOCUMENT RELATES TO ALL CASES

ORDER

This cause is before the Court on MDL **Plaintiffs' Motion Requesting the Court to adopt and enter the Schedule and Method Of: Defendants' Document Production; Depositions of Defendants' Witnesses; Generally Applicable Expert Discovery; and Motions of General Applicability**.

To facilitate timely, uniform and efficient document production by defendants and conclude all discovery and rulings of general applicability (ie. matters of law that may need to resolved for all cases) to ready these cases for remand, it is hereby ORDERED as follows:

I.  CUSTODIAL FILES

The Custodial File are those items set forth herein that were or are maintained by the defendants or by an individual employee or former employee of the defendants relating to Seroquel in any way. Custodial File includes but is not limited to: all hard copy and electronic documents from all sources including all hard copy files, desktop and laptop computers as well as personal computer devices such as Personal Digital Assistants (PDA), BlackBerry, or other such devices. "Documents" shall have the broadest possible meaning and interpretation ascribed to it, including,

but not limited to: writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondnent through detection devices into reasonably usable form. Additionally, any "documents" contained on any computers and all devices utilizing microchips to facilitate processing, analysis, or storage of data.

On or before April 7, 2007 (the 8 month anniversary of this Court's initial conference in this litigation), defendants must complete production of all documents and information as described herein that were contained within the Custodial Files for the "First 80" allegedly relevant custodians (selected by defendants) whose names appear on the attached Exhibit A. All documents contained within these "First 80" Custodians' Files as of, at the earliest, September 7, 2006 shall be produced. (This date is selected on the basis that the defendants have asserted that a later date would be problematic, because they would have to "re-do" much of the collection they have already completed.) However, plaintiffs may obtain additional discovery with respect to the November 16, 2006 Food and Drug Administration letter ("November 16th FDA letter") to defendant AstraZeneca Pharmaceuticals, LP (AZP LP). Inasmuch as this recent letter advised AZP LP that certain Seroquel sales information was "false or misleading because it minimizes the risk of hyperglycemia and diabetes mellitus and fails to communicate important information regarding neuroleptic malignannt syndrome, tardive dyskinesia, and the bolded cataracts precaution." In view of this potentially relevant ongoing conduct by the defendants, on or before May 1, 2007, defendants shall collect and supplement all of the Custodial Files for the "First 80" custodians with information/documents in those Custodians Files (as defined above) that were extant as of February 16, 2007. Nothing herein shall preclude plaintiffs from seeking additional document discovery from AZP LP with respect to

this November 16, 2006 FDA letter.

It is expected that the plaintiffs will identify additional persons for whom they require Custodial Files. Plaintiffs may demand the production of additional Custodial Files but all demands for Custodial Files shall be completed by November 1, 2007. However, nothing herein shall preclude the plaintiffs from applying to this court for Custodial File production and depositions for custodians whom plaintiffs discover after November 1, 2007. In that event(s), and in the event the Court grants such additional discovery, the Court will set the time-lines for the file production and depositions. Nothing herein shall be construed to preclude defendants from objecting to the production of a Custodial File or Files.

Within 45 days of a Custodial File demand, defendants shall produce the Custodial File and the Certification of Completeness as described below.

As to such documents that can not be produced in a custodial-based production or are more logically produced in a non-custodial based production, those documents shall be produced pursuant to demands that plaintiffs serve in accordance with this Court's Case Management Order No. 2, Sec. II. H., p. 7, dated January 26, 2007.

## II.    CERTIFICATION OF COMPLETENESS

Each document production hereafter made by the defendants shall be simultaneously accompanied with a signed and dated Certification of Production attesting to the completeness of the production at the time of collection. For any document production made to date, defendants shall complete said production (if it is incomplete) and provide a Certification of Production by April 7, 2007.

### III. SCHEDULING OF DEFENDANT CORPORATE WITNESS DEPOSITIONS

All depositions of defendants' present or former officers and employees shall be completed by February 1, 2008.

Plaintiffs may commence depositions of defendants in accordance with Sec. II. E. of CMO No. 2. Depositions of defendants shall not be noticed on less than 45 days notice but may be on longer notice and, where practicable, longer notice is encouraged in order to avoid scheduling issues. However, the depositions shall go forward on the noticed dates, unless the parties agree to alternate dates. Any agreed to alternate dates shall be firm dates as though they were the noticed dates. The parties are expected to cooperate professionally and courteously with regard to scheduling of depositions, and intervention of this Court with regard to scheduling issues should be avoided.

Absent good cause shown, plaintiffs are permitted only one deposition of each deponent.

Plaintiffs may not conduct more than 15 depositions of defendants in a calendar month.

Due to frequent scheduling issues for witnesses during the month of August, no depositions shall be noticed for or conducted during that month, unless the parties consent.

### IV. GENERAL EXPERT DISCOVERY AND MOTIONS OF GENERAL APPLICABILITY

Rule 26 expert disclosure for any plaintiffs' expert of general applicability shall be served by March 1, 2008.

Rule 26 expert disclosure for any defense expert of general applicability shall be served by April 1, 2008.

All depositions of the parties' general experts shall be completed by June 1, 2008.

On no less than 30 days notice, the party adducing an expert may conduct a video taped *de*

4

*bene esse* (trial) deposition of the expert. Opposing counsel may attend and cross examine the witness. This Court's deposition protocol order shall apply in all relevant respects to such depositions. Said trial video depositions of such experts may then be used in any future trial of cases remanded from this Court in lieu of live testimony from that expert. Nothing herein shall be construed to preclude any objections to all or some of the expert's testimony, except that no party may object to use of the deposition at trial upon the grounds that the expert is not appearing live. The trial video deposition may not be noticed for a date that is less than 30 days after the discovery deposition of that expert.

All motions of general applicability (ie. that may affect all or substantially all of the cases pending in this MDL) shall be filed by July 1, 2008.

All opposition papers to any motions of general applicability shall be filed by August 1, 2008.

The Court will set hearing dates for any motions of general applicability after such motions are filed. In the event that motions are filed that may require an evidentiary hearing involving experts, the Court will attempt to consult counsel in order that experts' schedules can be reasonably accommodated.

Nothing herein shall be construed as precluding any party from making any motions in any individual cases, in accordance with the federal rules, local rules and this Court's prior orders.

## V. DEFENDANT'S FACT SHEET

Nothing herein shall preclude a later order by this Court or any remand court directing that defendants serve what is now commonly referred to as a Defendants' Fact Sheet in the individual cases. The form of such Fact Sheet, if any, will be determined at a later date but will generally encompass information regarding the detail/sales persons who "detailed" the individual plaintiff's

prescribing physician and other treating physicians regarding Seroquel.

**DONE** and **ORDERED** in Orlando, Florida on March___, 2007

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

cc: Counsel of Record

# EXHIBIT "A"

## APPENDIX A

| No. | CUSTODIAN | COLLECTION DATE |
| --- | --- | --- |
| 1 | Beamish, Don G. | 10/12/2005 |
| 2 | Blessington, James K. | 10/12/2005 |
| 3 | Boornazian, Lisa | 9/26/2005 |
| 4 | Boorstein, John | 10/12/2005 |
| 5 | Bradley, Kathryn | 10/12/2005 |
| 6 | Brecher, Martin Bruce | 9/27/2005 |
| 7 | Bucklen, Kristin | 07/06/2006 |
| 8 | Busch, Kim A. | 10/12/2005 |
| 9 | Byers, Cindy | Approx. 05/09/2006 |
| 10 | Campbell, Denise | 10/12/2005 |
| 11 | Carey, Rosemarie | Approx. 07/06/2006 |
| 12 | Casty, Frank | 07/06/2006 |
| 13 | Chavoshi, Soheil | 05/09/2006 |
| 14 | Chitra, Rohini | Approx. 07/06/2006 |
| 15 | Deshmukh, Vinay | Approx. 07/06/2006 |
| 16 | Dev, Vikram | Approx. 05/05/2006 |
| 17 | Domine, Lisa | 05/09/2006 |
| 18 | Dusak, Betsy | Approx. 07/06/2006 |
| 19 | Dwyer, Donald | 10/05/2005 |

| 20 | Fors, Susanne | Approx. 07/06/2006 |
|---|---|---|
| 21 | Gaskill, James L. | 10/12/2005 |
| 22 | Gellar, Wayne | To Be Supplied |
| 23 | Goldstein, Jeff | Approx. 07/06/2006 |
| 24 | Hall, Marietta | Approx. 07/06/2006 |
| 25 | Hamill, Kevin | 05/09/2006 |
| 26 | Hatzipavlides, Harry | 10/12/2005 |
| 27 | Hebe, Julie | Approx. 07/06/2006 |
| 28 | Herbst, Richard | Approx. 07/06/2006 |
| 29 | Hoegstedt, Johan | 10/12/2005 |
| 30 | Holl, Linda | 07/06/2006 |
| 31 | Jackson, Marianne | 10/12/2005 |
| 32 | Jones, Kathryn | 07/06/2006 |
| 33 | Jones, Martin AM | 10/12/2005 |
| 34 | Law, Heather | 10/12/2005 |
| 35 | Lawrence, Terri | Approx. 07/06/2006 |
| 36 | Lazarus, Art | 05/09/2006 |
| 37 | Leong, Ronald | 10/12/2005 |
| 38 | Limp, Gerald L | 10/12/2005 |
| 39 | Lloyd (Washington), Lisa M. | 10/12/2005 |
| 40 | MacFadden, Wayne | 10/12/2005 |

| 41 | Makar, Mina | Approx. 07/06/2006 |
|---|---|---|
| 42 | Mazzella, Vincent | Approx. 07/06/2006 |
| 43 | McCormack, Eileen | 07/06/2006 |
| 44 | McKee, Victor | Approx. 05/09/2006 |
| 45 | McKenna, Kevin | 10/12/2005 |
| 46 | Melville, Margaret G | Approx. 10/12/2005 |
| 47 | Minnick, Jim G. | Approx. 10/12/2005 |
| 48 | Morris, Jeff | 07/06/2006 |
| 49 | Mueller, Karin | 10/12/2005 |
| 50 | Mullen, Jamie A. | 10/12/2005 |
| 51 | Murray, Michael F. | 10/12/2005 |
| 52 | Ney, Christine | Approx. 07/06/2006 |
| 53 | Palczuk, Linda | Approx. 07/06/2006 |
| 54 | Paulson, Alfred | 05/09/2006 |
| 55 | Peipher, Charles | 10/12/2005 |
| 56 | Pethick, Ned | Approx. 07/06/2006 |
| 57 | Phillips, Bethany | Approx. 07/06/2006 |
| 58 | Polinsky, Ronald J. | Approx. 07/06/2006 |
| 59 | Quan, Marian | Approx. 07/06/2006 |
| 60 | Repp, Ed | 05/09/2006 |
| 61 | Rubenstein, Vance | Approx. 05/09/2006 |

| 62 | Schipke, Connie | 07/06/2006 |
|----|----|----|
| 63 | Schwartz, Jack A. | Approx. 10/12/2005 |
| 64 | Scott, Mark S. | 10/12/2005 |
| 65 | Sepelyak, Robert | Approx. 07/06/2006 |
| 66 | Sermeno, Al | 07/06/2006 |
| 67 | Shahangian, Narges | 07/06/2006 |
| 68 | Shaw, Joan | 07/06/2006 |
| 69 | Smith, Ann C | 10/12/2005 |
| 70 | Smith, Brian P. | Approx. 05/09/2006 |
| 71 | Smith, Christine Duffy | Approx. 07/06/2006 |
| 72 | Street, Jamie S. | Approx. 07/06/2006 |
| 73 | Tenlen, Martin | Approx. 05/09/2006 |
| 74 | Trotter, Christophus | Approx. 05/09/2006 |
| 75 | Van Steenis, Brian | 10/12/2005 |
| 76 | Viscount, Thomas | Approx. 05/09/2006 |
| 77 | Warner, Linda | 10/12/2005 |
| 78 | Wilson, Ellis | Approx. 07/06/2006 |
| 79 | Wingertz, Sue-Ellen | Approx. 07/06/2006 |
| 80 | Zimmerman, Paul | 05/09/2006 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2007, I electronically filed the foregoing **Order** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List. I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class U.S. Mail delivery to the non-CM/ECF Participants listed on the attached Service List.

/s/ Michael E. Pederson
Michael E. Pederson

T:\DMDL\Seroquel\MDL Court\Motions\Regarding Plaintiffs Proposed Disovery\Proposed Order.wpd