**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liablity Litigation.**

**Case No. 6:06-md-1769-Orl-22DAB**

_____/

# ORDER

Attorneys in this action, having made application pursuant to Local Rule 4.11(b) for permission to bring a laptop computer and electronic equipment into the George C. Young United States Courthouse for use in connection with a hearing in this case, it is **ORDERED** as follows:

1. Fred Magaziner, Stephen McConnell, Robert L. Ciotti, Shane Prince, Kenneth L. Topping, and Kathryn L. Connelly are each allowed to bring one "Blackberry" phone/email device and Kenneth Topping or Shane Prince one laptop computer into the George C. Young United States Courthouse for use during the status conference on **FRIDAY, MARCH 2, 2007** before the undersigned judicial officer scheduled to begin at **10:00 A.M.**

2. Paul Pennock, Mike Pederson, Fletch Trammel, Keith Jensen, and Scott Allen are hereby each granted permission to bring a BlackBerry phone/email device into the George C. Young United States Courthouse on **FRIDAY, MARCH 2, 2007**, for use in the discovery conference before the undersigned judicial officer scheduled to begin at **10:00 A.M.**

3. The individuals listed above shall present a copy of this order to personnel each time they enter the courthouse with such equipment. In their discretion, courthouse security personnel may require to present picture identification at the time of entry.

4. The equipment described above is subject to inspection at any time by courthouse security personnel. Counsel are responsible to assure that any devices permitted under this Order do not create any noise or disturbance.

5. Defendants' Motion to Allow Use of Electronic Equipment (Doc. No. 159) is **GRANTED.**

6. Plaintiffs' Motion to Allow Use of Electronic Equipment (Doc. No. 158) is **GRANTED.**

7. It is further **ORDERED** that **all future** motions of either side to allow use of electronic equipment at any future hearing or status conference should be incorporated in the joint agenda required by the Case Management Order No. 1 (Doc. No. 130 at 6), where applicable.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Court Security Officers

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liablity Litigation.**

**Case No. 6:06-md-1769-Orl-22DAB**

_____/

## ORDER

Attorneys in this action, having made application pursuant to Local Rule 4.11(b) for permission to bring a laptop computer and electronic equipment into the George C. Young United States Courthouse for use in connection with a hearing in this case, it is **ORDERED** as follows:

1. Fred Magaziner, Stephen McConnell, Robert L. Ciotti, Shane Prince, Kenneth L. Topping, and Kathryn L. Connelly are each allowed to bring one "Blackberry" phone/email device and Kenneth Topping or Shane Prince one laptop computer into the George C. Young United States Courthouse for use during the status conference on **FRIDAY, MARCH 2, 2007** before the undersigned judicial officer scheduled to begin at **10:00 A.M.**

2. Paul Pennock, Mike Pederson, Fletch Trammel, Keith Jensen, and Scott Allen are hereby each granted permission to bring a BlackBerry phone/email device into the George C. Young United States Courthouse on **FRIDAY, MARCH 2, 2007**, for use in the discovery conference before the undersigned judicial officer scheduled to begin at **10:00 A.M.**

3. The individuals listed above shall present a copy of this order to personnel each time they enter the courthouse with such equipment. In their discretion, courthouse security personnel may require to present picture identification at the time of entry.

    4.      The equipment described above is subject to inspection at any time by courthouse security personnel. Counsel are responsible to assure that any devices permitted under this Order do not create any noise or disturbance.

    5.      Defendants' Motion to Allow Use of Electronic Equipment (Doc. No. 159) is **GRANTED.**

    6.      Plaintiffs' Motion to Allow Use of Electronic Equipment (Doc. No. 158) is **GRANTED.**

    7.      It is further **ORDERED** that **all future** motions of either side to allow use of electronic equipment at any future hearing or status conference should be incorporated in the joint agenda required by the Case Management Order No. 1 (Doc. No. 130 at 6), where applicable.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Court Security Officers

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liablity Litigation.**

Case No. 6:06-md-1769-Orl-22DAB

_____/

## ORDER

Attorneys in this action, having made application pursuant to Local Rule 4.11(b) for permission to bring a laptop computer and electronic equipment into the George C. Young United States Courthouse for use in connection with a hearing in this case, it is **ORDERED** as follows:

1. Fred Magaziner, Stephen McConnell, Robert L. Ciotti, Shane Prince, Kenneth L. Topping, and Kathryn L. Connelly are each allowed to bring one "Blackberry" phone/email device and Kenneth Topping or Shane Prince one laptop computer into the George C. Young United States Courthouse for use during the status conference on **FRIDAY, MARCH 2, 2007** before the undersigned judicial officer scheduled to begin at **10:00 A.M.**

2. Paul Pennock, Mike Pederson, Fletch Trammel, Keith Jensen, and Scott Allen are hereby each granted permission to bring a BlackBerry phone/email device into the George C. Young United States Courthouse on **FRIDAY, MARCH 2, 2007**, for use in the discovery conference before the undersigned judicial officer scheduled to begin at **10:00 A.M.**

3. The individuals listed above shall present a copy of this order to personnel each time they enter the courthouse with such equipment. In their discretion, courthouse security personnel may require to present picture identification at the time of entry.

4. The equipment described above is subject to inspection at any time by courthouse security personnel. Counsel are responsible to assure that any devices permitted under this Order do not create any noise or disturbance.

5. Defendants' Motion to Allow Use of Electronic Equipment (Doc. No. 159) is **GRANTED.**

6. Plaintiffs' Motion to Allow Use of Electronic Equipment (Doc. No. 158) is **GRANTED.**

7. It is further **ORDERED** that **all future** motions of either side to allow use of electronic equipment at any future hearing or status conference should be incorporated in the joint agenda required by the Case Management Order No. 1 (Doc. No. 130 at 6), where applicable.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Court Security Officers