# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation.**

**Case No. 6:06-md-1769-Orl-22DAB**

_____/

## ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S UNOPPOSED MOTION FOR REDUCED FILING FEES (Doc. No. 155)**
>
> **FILED:** February 15, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

In this multi-district litigation, Plaintiffs have sued Defendants for claims arising for alleged injuries from ingesting AstraZeneca's Seroquel, an atypical antipsychotic medication that allegedly can cause diabetes and related disorders. Doc. No. 1. On July 10, 2006, the original litigation consisted of 114 actions pending in six districts across the United States. Doc. No. 1. Many other Conditional Transfer Orders have transferred cases since the Initial Transfer Order and more are expected to be transferred to this Court.

As of December 11, 2006[1], Defendants represented that there were 7,297 plaintiffs in Seroquel cases pending throughout the United States, with 6,561 plaintiffs (or 94% of the total plaintiffs) represented by one firm, Bailey Perrin Bailey, with cases filed in Massachusetts. The

---

[1] Defendants report that, as of February 26, 2007, they have notice of 1,516 Seroquel cases with 8,452 plaintiffs pending in federal court. Doc. No. 164.

claims of the 6,560 plaintiffs in the Massachusetts cases are consolidated into approximately 106 cases and the 6,560 Plaintiffs are from forty-seven of the fifty United States. Doc. Nos. 113, 155 n.1. As this Court previously explained, because these multiple plaintiff cases do not appear to seek relief arising from the same transaction or occurrence, severance of the individual plaintiffs was recommended pursuant to Federal Rule of Civil Procedure 21[2]. Doc. No. 113. On January 26, 2007, the presiding District Judge Conway ordered that each Plaintiff named in transferred causes containing more than one Plaintiff (aside from those asserting consortium claims) be severed from those cases and required to pay a filing fee of $350.00 per case. Doc. No. 129.

Plaintiffs seeks a reduction in the filing fee because "without reduction of the filing fees required of these Plaintiffs, and assuming that all severed Plaintiffs decide to proceed with their case, Bailey Perrin Bailey will be required to pay $2,296,000 in filing fees immediately." Doc. No. 155 n.1.

Plaintiffs have filed a Motion for Reduced Filing Fees (Doc. No. 155), requesting that the fees be reduced because "the cases will be handled, for the most part, uniformly in this MDL." Doc. No. 155 at 2. "The administrative burden placed on the Court and its staff by the newly severed cases will be minimal, in light of the coordinated context in which the Court will address consolidated cases." Doc. No. 155 ¶ 10. Plaintiffs contend that requiring a full filing fee will result in an increase in costs to Plaintiffs because they will be required to "pay twice the filing fee in this Court than they would have paid had they attempted to avoid the MDL by filing in state court in Defendant's home state." Doc. No. 155 ¶ 11. Plaintiffs contend that they were motivated, in part, by a desire to "spare" the federal court system "unnecessary administrative burden" and will be

---

[2]Permissive joinder is governed by Federal Rules of Civil Procedure 20 and 21, which provide that multiple plaintiffs may "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P 20(a). Pursuant to Rule 21, the Court may sever any claim against a party, which will proceed separately. Fed. R. Civ. P. 21.

forced to pay much more than those Plaintiffs who chose to file in state court and paid, for example, the $175.00 filing fee in Delaware state court. Doc. No. 155 ¶ 13. To require Plaintiffs to pay the full amount, would encourage future plaintiffs to file their claims in state courts[3] and force defendants[4] to remove them to federal court.

The statute governing filing fees in federal court, 28 U.S.C. § 1914(a), reads:

> The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.

As Judge Bartle, faced with a similar situation in ordering severance of cases in the multidistrict litigation *In re Diet Drugs*, explained concerning the $150 filing fee prevailing in 2004:

> Section 1914(a) has two salutary purposes. First, it is a revenue raising measure. The filing fees are deposited with the Treasury, with $90 of each fee designated to a special fund "to be available to offset funds appropriated for the operation and maintenance of the courts of the United States." 28 U.S.C. § 1931(a). Second, § 1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits. Had each plaintiff initially instituted a separate lawsuit as should have occurred here, a fee would have been collected for each one for a total of more than $9,000. Thus, the federal fisc and more particularly the federal courts are being wrongfully deprived of their due. By misjoining claims, a lawyer or party need not balance the payment of the filing fee against the merits of the claim or claims.
>
> The sixty-two plaintiffs here are simply the tip of the iceberg. We have already granted severance orders involving almost two thousand plaintiffs in other actions which are part of this mass tort multidistrict litigation. Two of the complaints had named over seven hundred plaintiffs apiece. There are potentially thousands of additional misjoined plaintiffs. If the $150 fee is eliminated for all severed plaintiffs in MDL 1203, the government will suffer a loss of hundreds of thousands of dollars

---

[3] Here, of course, the plaintiffs did choose to file their cases in federal court. Given the wide variation in fees charged by various state courts, Plaintiffs' reference to the relatively low fees in Delaware, without discussion of the other alternatives, is unpersuasive. Moreover, given the nature and scope of these cases, it seems unlikely that differences in filing fees would play a significant role in the choice of a forum for litigation.

[4] Defendants do not oppose waiver of the filing fee. However, the Court recognizes that if Plaintiffs' prediction comes true and prospective plaintiffs file in state court, the burden of the filing fee may then fall on the Defendants, who will have to pay $350 per case to remove it and may appreciate the precedent of a reduced filing fee or the avoidance of the situation altogether.

> in revenue at the very time the workload of the clerk's office is being greatly increased because of the added filings.
>
> As noted above, § 1914(a) requires the clerk to obtain a $150 filing fee from parties "instituting a civil action, suit or proceeding whether by original process, removal or otherwise." (emphasis added). By including the words *proceeding* and *otherwise,* Congress has given the statute a very broad reach. While it is true that the plaintiffs started out with one civil action, this court has now compelled the filing of separate complaints for each of the plaintiffs. The filing of a separate complaint constitutes the institution of a civil action or proceeding – if not by original process or removal, then *otherwise*.
>
> For the reasons stated above, we view the payment of a $150 filing fee for every severed and amended complaint not only as just but as mandated by § 1914(a). We do not read § 1914(a) to bestow a free ride on misjoined or misjoining plaintiffs.

*In re Diet Drugs*, 325 F. Supp.2d 540, 541-42 (E.D. Pa. 2004), *app. dism'd*, 418 F.3d 372 (3d Cir. 2005) (holding no appellate jurisdiction existed for interlocutory appeal of filing fee issue); *cf. In re Asbestos Prods. Liability Litig.,* Civ. A. No. 2 MDL 875, 1996 WL 239863, *5 n.12 (E.D. Pa. May 2, 1996) (requiring payment of fees in more than 17,000 maritime asbestos cases because "the costs applicable to these filings are great and the burden and cost to the court system has been considerable"); *Hernandez v. United States Lines, Inc.*, 1999 WL 1062463, *2 (S.D. N.Y. Nov. 18, 1999) (holding that payment of filing fee was required, but recognizing that jurisdiction over cases had just been transferred as part of a multi-district litigation).

When the *Diet Drugs* analysis is applied to this case, it is clear that Plaintiffs argument is disingenuous and focuses solely on the cost of the situation from Plaintiffs' (or their counsels') perspective, ignoring the gatekeeping feature of a filing fee and the cost of managing 6,450 additional cases in the federal court system as a whole, both as part of this multi-district case and once remanded to the transferor or other proper court, as individual cases. By their own admission, the law firm representing the vast majority (94%) of Plaintiffs has thus far saved almost $2.3 million paying the filing fee for only 106 cases – or $37,000 – in federal court in Massachusetts; yet the burden on the federal courts reflects the seriousness and numerosity of the cases. Each of these cases

-4-

*is* a serious matter, consideration of which should not be diminished, even symbolically, by a reduction of fees. Accordingly, the motion is denied insofar as it seeks a reduction in the required filing fee.

The Court approves the proposal by the parties that an amended short form complaint incorporating the prior allegations be filed by each Plaintiff in the newly created docket and that Defendant may likewise file a short form answer to the amended complaint.

It is **ORDERED** that the required fee shall be paid by or on behalf of each Plaintiff within 15 days of the Plaintiff serving his or her Plaintiff Fact Sheet (PFS). The fee will be excused for any Plaintiff who dismisses or fails to serve a PFS and thereby has his or her case dismissed. It is further **ORDERED** that each Plaintiff file an amended complaint within 15 days of serving the PFS or by March 19, 2007, whichever is later. Defendants shall file answers to the amended complaint within 20 days of its filing.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record