UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS            MDL DOCKET NO:
LIABLITY LITIGATION                 6:06-mdl-1769-Orl-22DAB

                                    (ALL CASES)

**PLAINTIFFS' MOTION FOR ADOPTION OF CMO 4: PLAINTIFF SPECIFIC DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

**TO THE HONORABLE JUDGE OF SAID COURT**:

Pursuant to the Court's March 7, 2007 Order, Plaintiffs file this Motion and incorporated memorandum of law for adoption of CMO 4, attached hereto as Exhibit 1, governing Plaintiff-specific depositions.

1.   At the outset, Plaintiffs note that the mechanism and substance of individual Plaintiff discovery must be dictated by the rate and content of defendants' discovery responses.

2.   One year prior to the commencement of this MDL, defendants began collection of documents from the 80 custodians it unilaterally identified as "persons with knowledge of Seroquel."

3.   To date, almost two years after collection began, not one completed "custodial file" has been produced. The files that have been produced appear to be missing important information, such as email.

4.   Further, Plaintiffs' efforts to determine the information that constitutes a "custodial file", or the identity and role of entities within the syndicate of companies that contribute to bringing Seroquel to market, have been ignored. This lack of information has left Plaintiffs and the Court in an awkward position. Plaintiffs are prejudiced for two reasons. First, Plaintiffs cannot demand information from witnesses or entities whose identity is hidden by

defendants. In other words, Plaintiffs have to choose from a group of names given by defendants with virtually no other useful information. Second, even if Plaintiffs could somehow identify witnesses in this manner, Plaintiffs will never know how the information they are given is compiled or what types of information have been held back for what reason.

5.      Moreover, the Court is at a loss to respond to Plaintiffs' clear disadvantage because there is no standard for the content of discovery responses to which defendants must adhere. Under this system, defendants will abide by the Court's order as long as they produce whatever documents they select, by certain dates.

6.      Thus, the result of the current document production procedure is that defendants unilaterally, and in a method that is completely unknown to Plaintiffs or the Court, decide what information Plaintiffs need to meet their burdens and from which witnesses and entities. Plaintiffs have been prohibited by the Court from making a single document request.

7.      Plaintiffs respectfully submit that defendants' program for producing their documents and witnesses will not allow Plaintiffs to effectively litigate their cases and ought to be discontinued in favor of traditional discovery.

8.      Nevertheless, from the defense-selected documents that have been produced, and independent investigation, Plaintiffs have made the following discoveries:

- 66% of Seroquel usage is off-label, or for unapproved uses;
- In January of this year, the US Health and Human Services commission reported that "off-label" use of Seroquel is not supported by sufficient medical evidence and in some cases increases the risk of death;
- In November of 2006, the FDA determined that certain AstraZeneca promotional materials for Seroquel were "false or misleading because it minimizes the risk of hyperglycemia and diabetes mellitus…" The FDA also determined that "[t]he promotional material raises significant public health and safety concerns through its minimization of the risks associated with Seroquel."; and

- Two clinical investigators responsible for research used in Seroquel's new drug application have since been convicted of felonies related to their clinical trial practice and debarred by the FDA.

9. Against this backdrop, defendants now contend that it is appropriate to commence individual plaintiff discovery consisting of depositions of plaintiffs, the physician(s) that prescribed Seroquel to plaintiffs and the physician(s) who treated plaintiffs for Seroquel-induced injuries. These depositions will be the basis for dispositive motions on fact-dependent issues such as the applicability of the learned intermediary defense and statute of limitations defense.

10. Defendants' contention is unacceptable for three reasons. First, it is not practical that defendants can commence a rigorous plaintiff deposition schedule when they cannot produce a single complete "custodial" file in one and a half years. Second, plaintiff depositions at this stage are duplicative and useless. Third, Plaintiffs will be deprived of any meaningful opportunity to contest defendants' learned intermediary or statute of limitations defenses due to lack of adequate discovery.

11. Plaintiff depositions ordered for the purpose of trial preparation at this time are a waste of the parties' resources. Any deposition taken in the MDL will occur at least a year or more prior to trial in the transferor court and defendants will probably want them re-taken prior to trial. Thus, such a procedure will ensure that all plaintiff depositions done in this Court will be duplicated by the transferor courts.

12. Further, depending on the scope of discovery allowed by the Court, case-specific depositions at this stage of the litigation could be irreparably prejudicial to Plaintiffs.

13. Under the current document production mechanism, prescribing physician depositions will commence before Plaintiffs have had a reasonable opportunity to conduct discovery. Specifically, before a prescribing physician is deposed, Plaintiffs must have adequate discovery to demonstrate to the witness what defendants knew about Seroquel's risks at the time the drug was prescribed to the Plaintiff. Further, Plaintiffs must have information related to all contact between the prescribing physician and any representative of defendants. With

defendants' inability to produce a single complete "custodial" file after nearly two years of collection, it is impossible to expect that this essential information will be available to Plaintiffs prior to depositions.

14. The principle that generic discovery must precede specific discovery is not novel. All other MDLs involving immature torts, all intelligent commentary and the Manual for Complex Litigation support Plaintiffs' position. In the closest corollary to this MDL, the Zyprexa MDL, generic discovery proceeded for two years and as a result 18,000 cases were settled before any case specific discovery, other than Plaintiff Fact Sheets, was ordered.

15. The Zyprexa case specific phase is highly instructive on the time required to properly prepare atypical antipsychotic cases for trial. After completion of generic discovery and the vast majority of MDL cases were settled, Judge Jack Weinstein ordered that cases filed in the Eastern District of New York be fully discovered and tried. This Order applied to only twenty-eight cases and of that group only seven cases remain as the other cases were settled and three cases were dismissed. No case specific depositions were ordered in cases not set for trial. With respect to the seven remaining cases it has been over eight months since the inception of case specific discovery in the twenty eight cases eligible to be tried. Discovery is still not complete.

16. Similarly, in defendants' stalking horse, the Baycol MDL, complete generic discovery preceded any case specific discovery. It was not until several thousand cases were settled that the court ordered defendants' pilot program.

17. Immediate, extensive case specific discovery has only been conducted in MDLs where the tort is mature, many cases have been tried and settled and all generic discovery is complete, such as in the asbestos litigation.

18. The reason the generic before specific principle is so consistently applied is very simple-all courts recognize the fundamental principle that information relevant to Plaintiffs' claims is not public. Defendants possess essential relevant information and Plaintiffs' only means of accessing such information is through formal discovery. <u>The facts must be</u>

<u>comprehensively discovered in order for Plaintiffs to both meet their affirmative evidentiary burdens and effectively contest defendants' affirmative defenses.</u>

19.  Plaintiffs in this MDL have only one day in court.  Plaintiffs' counsel respectfully request that this Court consider the precedent established in **all** similar complex litigations and postpone case specific depositions so that Plaintiffs claims can be considered fairly.

20.  Notwithstanding the foregoing, should the Court proceed with immediate case specific depositions, Plaintiffs propose the attached case specific deposition schedule.

WHEREFORE, the Court is requested to enter the attached Case Management Order 4.

RESPECTFULLY SUBMITTED this 6th day of April, 2007.

**BAILEY PERRIN BAILEY LLP**

By: ___/s/ Fletcher V. Trammell___
F. Kenneth Bailey Jr.
Texas State Bar No. 01543500
Michael W. Perrin
Texas State Bar No. 15797500
K. Camp Bailey
Texas State Bar No. 24006782
Fletcher V. Trammell
Texas State Bar No. 24042053
440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile

Counsel for MDL Plaintiffs

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on this 5th day of April, 2007, I conferred with opposing counsel Fred Magaziner and Elizabeth Balakhani regarding the issues raised by this Plaintiffs' Motion for Adoption of CMO 4.  Opposing counsel is opposed to Plaintiffs' proposal.

/s/ Fletcher V. Trammell_____
Fletcher V. Trammell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2007, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR ADOPTION OF CMO 4: PLAINTIFF SPECIFIC DISCOVERY AND INCORPORATED MEMORANDUM OF LAW** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.  I further certify that I emailed the documents in electronic form to Plaintiff's Liaison Counsel Larry Roth and Defendants' Liaison Counsel Robert L. Ciotti.  I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class U. S. Mail delivery to the non-CM/ECF Participants listed on the attached Service List.

/s/ Fletcher V. Trammell_____
Fletcher V. Trammell

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABLITY LITIGATION** | **MDL DOCKET NO:** **6:06-mdl-1769-Orl-22DAB** |
| | **(ALL CASES)** |

## CASE MANAGEMENT ORDER NO. 4

1. Defendants may depose up to 50 Plaintiffs between June 15, 2007 and November 15, 2007.

2. The Court will address the scheduling of remaining Plaintiff-specific discovery after the completion of the foregoing depositions.

3. SERVICE LIST

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>**Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.** | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>**Attorney for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP** |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731 | David Dickens<br>Miller & Associates<br>105 North Alfred St.<br>Alexandria, VA 22314-3010<br>Tel: (703) 519-8080<br>ddickens@doctoratlaw.com |

| | |
|---|---|
| mdavis@sidley.com<br>jmizgala@sidley.com<br>**Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP** | |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>Jdriscoll@brownand crouppen.com<br>asmith@brownand crouppen.com<br>blape@brownandcrouppen.com |
| Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**Attorney for Defendant, Marguerite Devon French** |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey | Jona R. Hefner |

| | |
|---|---|
| 2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com | 3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com |
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>firm@summersandjohnson.com | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| William A. Levin<br>Levin Simses Kaiser & Gornick, LLP<br>One Bush St., 14th Floor<br>San Francisco, CA 94104 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>**Pro Se** |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (2215) 994-4000 | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |

| | |
|---|---|
| Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>Shane.prince@dechert.com<br>Eben.flster@dechert.com<br>Elizabeth.balakhani@dechert.com<br>**Attorneys for Defendant Astrazeneca Pharmaceuticals, LP** | |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033<br>**Pro Se** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com |
| Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620<br>**Pro Se** | Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>Mp@pawalaw.com |
| Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com | Elizabeth Raines<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Rd., Suite 500<br>Kansas City, MO 64108-2504<br>Tel: (816) 471-2121<br>raines@bscr-law.com<br>**Attorneys for Defendant AstraZeneca, PLC** |
| Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com | Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>LROTH@roth-law.com |
| Robert L. Salim<br>Robert L. Salim Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@abrahamwatkins.com |
| Pete Schneider | Robert A. Schwartz |

| | |
|---|---|
| Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>Tel: (713) 228-2200<br>pschneider@gsnlaw.com | Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com |
| Robert G. Smith, Jr.<br>Lorance & Thompson, PC<br>2900 N. Loop W, Suite 500<br>Houston, TX 77092 | Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>**Pro Se** |
| Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | |