## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**                    **Case No. 6:06-md-1769-Orl-22DAB**

_____

**This Document Relates to ALL CASES**

### CASE MANAGEMENT ORDER NO. 3
### (Deposition Protocols)

This Order shall govern certain depositions taken with respect to these MDL proceedings. The motion (Doc. No. 146) for approval of the deposition protocol is **GRANTED, in part,** as set forth herein.

## I.     GENERAL PROVISIONS

### A.     Scope

This protocol applies to defendant's employees and certain third parties (former employees, authors of relevant studies, and persons or entities who engaged in relevant work with respect to Seroquel) but does not apply to plaintiffs, family members, employers, or doctors (plaintiff-specific witnesses) or to any third party witnesses not affiliated (now or in the past) with Defendant.  The parties currently disagree as to the timing and manner of depositions of plaintiff-specific witnesses. No party waives its rights regarding such depositions and the parties will hereafter address this issue with the Court.

### B.     Deposition Notices

1.     *Notice of Deposition Procedures*.  A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena issued or served in these MDL proceedings.

2.    *Contents of Notice*.  In addition to the information required by Fed. R. Civ. P. 30(b), each deposition notice shall include the name and, if known, the general occupational description of each deponent, a general description of the topic(s) for examination, the name and telephone number of the primary examiner designated by Lead or Liaison Counsel, and the date, time and place of the deposition.  If the examiner cannot be identified at the time the notice of deposition is served, a telephone number will be set forth in the notice so that interested counsel may obtain information regarding the deposition.  If the deposition is to be videotaped, the notice shall state the name, firm and address of the videotape recorders.

**C.    Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.  There shall be no smoking in any room in which a deposition is being conducted.

**D.    Attendance**

1.    *Who May Be Present*.  Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL No. 1769 Confidentiality Stipulation or Protective Order shall be excluded

from the deposition.   Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

2.      *Unnecessary Attendance.*      Unnecessary attendance by counsel is discouraged.   Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend. No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

3.      *Notice of Intent to Attend a Deposition.*   In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in this MDL should advise Liaison Counsel for the noticing party not fewer than three (3) business days prior to the deposition, whenever feasible.

## II.   CONDUCT OF DEPOSITIONS

### A.   Examination

Questioning of a witness should be by only two attorneys for all Plaintiffs and two attorneys for all Defendants in MDL No. 1769, designated by Lead Counsel or by Liaison Counsel for each side, except that a present or former employee of a Defendant may also be questioned by an attorney for that Defendant.   Once the witness has fully answered a question, that same or substantially the same question shall not be unreasonably asked again by a subsequent questioner.   While other counsel may seek answers to additional questions, these additional questions shall be asked by one of the two designated counsel.   Periodic recesses will be permitted during a deposition for designated counsel to consult with colleagues about additional lines of examination.   Counsel for Plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with Plaintiffs'

Lead Counsel, may examine a deponent concerning matters not previously covered.  Three (3) days before a deposition requested or noticed by Plaintiffs or Defendants, Liaison Counsel for the noticing party shall give other Liaison Counsel notice of the identity of the attorney(s) who may examine the deponent.

**B.     Duration**

Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness.  Absent agreement of the parties or order of this Court based on a showing of good cause, the length of depositions shall be limited to two (2) deposition days as set forth herein.   Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

**C.     Deposition Day**

A deposition day typically shall last no more than nine (9) hours, including lunch and breaks.  There shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch.  Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

**D.     Locations for Depositions.**

Unless otherwise agreed, depositions of AstraZeneca's current employees and officers will take place in Philadelphia, PA at locations to be designated by Plaintiffs' Lead or Liaison Counsel.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of Defendants to appear at the designated locations.   Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties. The location of a deposition or depositions taken in sequence shall be as consistent as possible within a particular city, so that videotape equipment, if being used, may be left in

place.  If the deposition of an AstraZeneca employee or officer is scheduled to occur in the offices of Defendants' Lead Counsel, the deposition shall take place in an adequately-sized room and Plaintiffs' counsel shall be provided with another room in which to confer during breaks.

### E.   Depositions of Witnesses Who Have No Knowledge of the Facts

An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party within fifteen (15) days before the date of the noticed deposition a declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge.  Notwithstanding such declaration, the noticing party may proceed with the deposition.  The right of the responding witness to seek a protective order or other appropriate relief during or following the deposition is reserved.

### F.   Cross-Noticing and Coordination with State Court Actions

It is the expectation of this Court that depositions of all former or current officers and management personnel of AstraZeneca will be cross-noticed in this MDL and in the various state court proceedings.  Because almost all Seroquel Plaintiffs in the various state courts are represented by counsel who also represent Plaintiffs in this MDL, it is the Court's expectation that absent good cause shown, former or current officers and management personnel of AstraZeneca shall be deposed only once, for use in both the MDL and in state courts.  Lead Counsel in the MDL shall coordinate with any Plaintiff's counsel in a state court action who does not represent, and is not affiliated with co-counsel who represent, any Plaintiffs in this MDL so that a witness shall not have to appear for a

deposition more than once.   In a coordinated deposition, the Court expects counsel for Plaintiffs in the MDL to coordinate with Plaintiffs' counsel in state court proceedings, to the extent possible, to select a primary examiner.   For any deposition noticed in state court and cross-noticed in this MDL, however, MDL counsel shall have at least one day to question the deponent.   Additionally, no deposition noticed in state court shall be cross-noticed in this MDL unless:   (1) the deponent's custodial file is produced in this MDL at least sixty (60) days prior to the scheduled deposition date; (2) the deposition is cross-noticed at least thirty (30) days prior to the scheduled deposition date; and (3) counsel for the parties have met and conferred with respect to the cross-notice.   Examinations shall be conducted in accordance with the provisions of paragraph II.A., above.

No attorney who represents both a state court Plaintiff and an MDL Plaintiff shall participate in such a cross-noticed deposition unless designated by MDL Lead Counsel, nor shall an attorney who is the co-counsel of such an attorney in any state court Seroquel case participate in such a deposition unless so designated.   If a deposition has been properly cross-noticed in this MDL as described above, then a subsequent deposition of that witness cannot be taken except for good cause shown as determined by this Court.

### G.   Objections and Directions Not to Answer

1.   Counsel shall comply with Fed. R. Civ. P. 30(d)(1).   When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.   Any objection made at a deposition shall be deemed to

have been made on behalf of all other parties.  All objections, except those as to form, responsiveness and privilege, are reserved until trial or other use of the depositions.

        2.      Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

        3.      Counsel shall not make objections or statements which might suggest an answer to a witness.

        4.      Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent or his or her counsel intend to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

      **H.**     **Evidentiary Form of Questions**

        It is stipulated by Plaintiffs and Defendants that in the event the parties seek to use at any trial the deposition testimony of any witness offering an opinion, the parties shall not raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the case being tried.  For example, if one jurisdiction requires an opinion to be expressed to a reasonable degree of

certainty, the parties shall not object to an opinion given to a reasonable degree of probability.

### I.      Telephonic and Internet Participation

1.      *Telephonic Participation.*    Telephone depositions shall not be permitted except by order of the Court or by consent of the parties.

2.      *Internet Participation.*   The parties will explore the possibility of providing internet facilities for depositions and court hearings.

### J.      Disputes During Depositions

Disputes between the parties should be addressed to this Court rather than the District Court in the District in which the deposition is being conducted.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the MDL Magistrate Judge, David A. Baker, by telephone.  If the MDL Magistrate Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time.  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(4), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

### K.      Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(2) subject to the following rules:

1.      *Real-time Feed.*   All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2.      *Video Operator.*   The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).   At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3.      *Attendance.*   Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4.      *Standards*.   Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.   To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view will be changed only as necessary to record accurately the natural body movements of the deponent.   Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded.   Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.   The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a Bible, medical equipment, or other props, except to the extent that the prop is used as an aide in order to demonstrate and/or explain the witness' testimony.

5.      *Filing.*   The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.   No part of

the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

### L.    Cost of Deposition

The noticing party shall bear the initial expense of both videotaping and stenographic recording.  The parties shall pay for their own copies of transcripts and videotapes of depositions.

## III.    USE OF DEPOSITIONS

Depositions of AstraZeneca employees and former employees taken in this MDL proceeding or in any state action relating to Seroquel in which AstraZeneca is a party may be used by or against any person (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

(i)     who is a party to this litigation;

(ii)    who was present or represented at the deposition;

(iii)   who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

(iv)    who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this Court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

Depositions of AstraZeneca employees and former employees taken in this MDL proceeding or in any state action relating to Seroquel in which AstraZeneca is a party may be used in any Seroquel-related action in state court to the extent permitted by that state's law and rules.

**DONE and ORDERED** in Orlando, Florida on April 13, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE