**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  **Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769 (ALL CASES)**

---

## DEFENDANT ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

### INTRODUCTION

Plaintiffs' motion to compel AstraZeneca to produce documents is a bad faith effort to inflame the Court by misrepresenting the state of discovery in this MDL.  Plaintiffs never met and conferred with AstraZeneca about this motion, which is in part moot, in part premature, and in total guaranteed to extend rather than streamline discovery.

The salient fact is that plaintiffs already have received more than 4 million pages of AstraZeneca documents, ***including all of the documents produced by the first eight custodians.***  Plaintiffs will have all of the documents for the next nine custodians in a matter of days.  And AstraZeneca anticipates completing production of the initial 80 document custodians by the end of June, as scheduled.  Further, AstraZeneca has offered dates for all the 30(b)(6) depositions requested by plaintiffs, most of which depositions will be completed this month.  In short, plaintiffs have nothing to complain about.

Moreover, plaintiffs have not supported and cannot support their request to change the method of producing documents in this MDL.  As demonstrated below, switching from custodial production would not expedite discovery.  To the contrary, the result would be

a painfully protracted document production process.  For all of these reasons, plaintiffs'
motion to compel should be denied.

## ARGUMENT

**I.     PLAINTIFFS' MOTION IS MOOT AS TO THE FIRST EIGHT
CUSTODIANS BECAUSE ASTRAZENECA HAS COMPLETED AND
CERTIFIED ITS DOCUMENT PRODUCTION.**

The premise of plaintiffs' motion is that document production needs to be
changed because plaintiffs still do not have the complete document sets for the first eight
custodians.  But plaintiffs do have those documents – and a certification of completeness to
go with them.  Moreover, at the time plaintiffs filed their motion to compel, they knew they
would be in receipt of the documents before the motion could be ruled upon.

AstraZeneca does not dispute that its early production of custodial documents
has been slowed as AstraZeneca has worked through myriad technical problems with its
document processing vendor, problems that AstraZeneca believes are now largely resolved.
*See infra*, Part IV.A.  At the April 12 Status Conference, counsel for AstraZeneca stated that
we "expect[ed]" to complete the document production for the First Eight Custodians within
one week.  Transcript of April 12, 2007 Status Conference at 30:5-7.  But before the
scheduled production, AstraZeneca learned that the vendor had failed to follow an
established protocol designed to ensure the documents produced were responsive and not
privileged.  This failure delayed the final, essential phases of review and processing on a
large volume of documents and made it impossible to meet the target completion date.
AstraZeneca informed plaintiffs about these additional documents on April 19 (*see* Exhibit 3

to Plaintiffs' Motion) and immediately began processing, reviewing, and coding the documents for production.

Within four days, AstraZeneca produced a significant portion of these documents. *See* Exhibit A. On the next day, April 24, AstraZeneca informed plaintiffs that the remaining documents for the First Eight Custodians would be produced within the next week -- a significant piece of correspondence that plaintiffs omitted from the exhibits to their motion. *See* Exhibit B. Plaintiffs raised no objection in response to this email. Nor did they seek to meet-and-confer with defendants about the document production, as required by Rule 37(a)(2)(A) and Local Rule 3.01(g). If plaintiffs had fulfilled this duty, they would have learned that the remaining documents were in the final stages of production review and would be produced within two days. Instead, plaintiffs moved to compel the documents on April 26.

On Friday, April 27, AstraZeneca mailed plaintiffs the final set of documents from the First Eight Custodians. *See* Exhibit C.[1] And on Monday, April 30, AstraZeneca served plaintiffs with a Certification of Complete Custodial Production for the First Eight Custodians. *See* Exhibit D. That Certification does not track the vague language proposed in plaintiffs' motion, but instead goes far beyond, providing detail on the repositories searched for each custodian (hard copy files, desktop or laptop computer, personal network drive, and email account) and the search terms AstraZeneca used to identify relevant electronic documents. *See id.*

---

[1] The final production included fewer pages than provided in the estimate to plaintiffs. The total was actually 44,570.

Thus, before plaintiffs' motion found its way to this Court's desk, plaintiffs' primary basis for filing the motion was moot: AstraZeneca had completed and certified the production of documents from the First Eight Custodians. Although plaintiffs were obliged to advise the Court of this fact under Local Rule 3.01(g), plaintiffs did not so inform the Court or otherwise withdraw or modify their motion.

## II.   PLAINTIFFS' REQUEST THAT THE COURT COMPEL PRODUCTION OF DOCUMENTS FROM OTHER CUSTODIANS IS PREMATURE.

To the extent that plaintiffs seek to compel the production of documents from additional custodians, plaintiffs' motion is premature and unfounded. AstraZeneca is in violation of no discovery deadline. To the contrary, AstraZeneca has assembled a production database for the first 80 custodians of approximately 18.5 million pages (including IND and NDA) and is poised to produce documents from this database expeditiously over the next several weeks.[2] More specifically:

- 100 percent of documents have been collected at AstraZeneca and delivered to the vendor that converts documents into the format required by Case Management Order No. 2.

- 100 percent of these documents have been converted to TIFF format and delivered to the production vendor.

---

[2]   More than 50 million pages of document were actually collected. Millions of pages of irrelevant documents (for example, emails stating "Please join us in the conference room for birthday cake"), and millions of pages of duplicate documents (for example, the same email being sent to 20 custodians) had to be eliminated to make the production database meaningful and manageable.

- AstraZeneca's contract attorneys have reviewed all but approximately 3,000 documents for relevance and potential privilege.[3]

- The approximately 17,000 documents awaiting privilege review are being addressed by dozens of attorneys, and will be completed in time for the June 30, 2007 production.

- Production for the first 8 custodians was 100 percent complete on April 27, 2007 and was in plaintiffs' hands on April 28. *Approximately 4 million pages of documents have been produced to date.*

- AstraZeneca's production vendor is presently conducting the final searches that prepare the production media for the next 9 custodians, which are scheduled to be 100 percent complete and in plaintiffs' hands on May 7, 2007. *This production should constitute approximately 750,000 additional pages of documents for these 9 custodians.*

- An additional 21 custodians are projected to be 100 percent complete and in plaintiffs hands on May 24, 2007 (approximately 77,600 documents). (Plaintiffs were advised of the custodians included in this group on April 16, 2007 – as agreed – not a week

---

[3] The remaining documents contain technical flaws that prohibit them from being converted into the agreed TIFF format. These flaws are germane to the original documents and are not the fault of AstraZeneca. AstraZeneca's production vendor has a dedicated team working full time to resolve these technical flaws. Case Management Order No. 2 does not prohibit AstraZeneca from producing these tech-flaw documents as-is if AstraZeneca is unable to resolve the flaws before the production deadlines. AstraZeneca has produced as-is documents for previous custodians, and it will continue to do so if necessary.

late, as plaintiffs assert without support in their motion. *Compare* Exhibit E *with* Motion at ¶ 15.[4]

- AstraZeneca expects to complete production for 21 additional custodians by June 11 (approximately 278,800 documents).

- AstraZeneca expects to complete production (with certifications) for the final group of 21 custodians by June 29 (approximately 246,200 documents).

- AstraZeneca already has begun to collect documents for production from additional custodians, beyond the 80 already identified to plaintiffs.

Given that AstraZeneca is moving forward with document production and has every expectation of producing documents as to the remaining custodians on a timely basis, plaintiff's motion is premature as to those custodians.

## III.   PLAINTIFFS' OTHER DOCUMENT PRODUCTION COMPLAINTS ARE UNSUPPORTED AND UNSUPPORTABLE.

In an attempt to create a discovery crisis where there is none, plaintiffs have made assorted misrepresentations regarding the state of discovery. AstraZeneca has not attempted to respond to each of plaintiffs' misstatements, given the limited time available for responding to plaintiffs' motion. The following examples are sufficient to demonstrate that plaintiffs' arguments do not provide a basis for departing from the custodial discovery plan negotiated by the parties and entered by the Court in Case Management Order No. 2.

*First*, plaintiffs contend that they cannot move forward with depositions because of delays in document production. *See* Motion at ¶¶ 17, 19. Plaintiffs fail to

---

[4] Plaintiffs were advised of the custodians to be produced in the successive groups on April 23, 2007. *See* Exhibit F.

mention that, at the time they filed their Motion, they had noticed eleven 30(b)(6) depositions on more than 250 topics.  Plaintiffs and AstraZeneca thereafter agreed that AstraZeneca would produce eight 30(b)(6) witnesses on sixteen different dates (two days for each witness).  Five of these 30(b)(6) depositions are scheduled to take place prior to May 22, the date of the next-scheduled Status Conference, another deposition is scheduled to take place on May 23 and 24, and the remaining two depositions will occur in June.

With respect to depositions of other witnesses, plaintiffs notified defendants on April 1 of the identities of ten custodians whom they expected to depose.  Since only one of these custodians was also on the initial list of eight, AstraZeneca agreed that, after completing its production of documents from the First Eight Custodians, it would focus on producing documents for the remaining nine.  These are the nine custodians whose documents AstraZeneca expects to produce by May 7.  Thus, plaintiffs will be able to notice these depositions to follow promptly upon completion of the 30(b)(6) depositions.

*Second*, plaintiffs assert that "that none of these eighty (80) potential witnesses appears to have worked for Defendants prior to 1996" and that their testimony "may be irrelevant" to the facts at issue.  Motion at ¶¶ 11, 20.  Plaintiffs do not and cannot support these assertions.  Half of the 80 persons on the AstraZeneca list worked for the company in or before 1996.  With a limit of 25 AstraZeneca witnesses to depose, *see* Doc. No. 173 (Order dated March 7, 2007) at Pt. 2, plaintiffs already have indicated they will depose at least 10 people on the list developed by defendants.  Obviously, plaintiffs believe the testimony of these witnesses will be relevant.  Moreover, plaintiffs are free to identify

7

additional custodians to AstraZeneca. *See* Doc. No. 129 (Case Management Order No. 2) at Pt. II.B.  To date, plaintiffs have not done so.

*Third*, plaintiffs complain that "[t]he documents themselves were clearly incomplete, often not searchable, and were not in any chronological order when produced." Motion at ¶ 19.  This objection is not well taken because plaintiffs requested, and AstraZeneca agreed, that documents would be produced on a rolling basis (*i.e.*, that AstraZeneca would not wait until a custodians' production was complete before producing any documents from that custodian).  Further, AstraZeneca has been producing documents in the format requested by plaintiffs and set forth in Case Management Order No. 2, which requires that the metadata for each document list the document's creation date. *See* Doc. No. 129 (Case Management Order No. 2) at III.B.(b).  It should be a simple matter for plaintiffs to sort the documents produced by AstraZeneca by date, if they so choose.

## IV.   CUSTODIAL PRODUCTION IS THE MOST EFFICIENT METHOD OF PRODUCTION, AND SWITCHING PRODUCTION METHODS AT THIS TIME WOULD ONLY RESULT IN DELAY.

Ultimately, plaintiffs ask the Court to order that an entirely new method be adopted for producing documents in this MDL.  Significantly, plaintiffs do not explain how or why switching to another method of document production would be faster or more efficient than the custodial system.  The reason for this glaring omission is that ***abandonment of custodial production would significantly slow down the production of documents and delay depositions.***

8

**A.**   **Previous Production Issues Have Not Been Caused by Custodial Production and Have Been Resolved.**

Electronic production of documents is a highly frontloaded, complex, multi-step, and lengthy process. Each document must be collected at one of AstraZeneca's many sites, sent to a vendor for conversion into TIFF format, culled for potential relevance, sent to a second vendor to be loaded into a complex document management database, de-duplicated so that the same document is not reviewed and produced dozens of times, and reviewed by a contract attorney for relevance and potential privilege. If a document is potentially privileged, it must be reviewed by a second attorney specifically tasked with making the privilege call. In accordance with federal law, the contract attorneys must redact all confidential information that may identify patients, a laborious process of creating blackouts over specific document text. Finally, the production vendor must run a series of searches (which are so complicated that they take approximately a week) to categorize documents for production, Bates-stamp producible documents, create a hard drive containing the production run, and deliver that hard drive to AstraZeneca's lawyers for a quality control check. Only then is the hard drive produced to plaintiffs in accordance with the MDL schedule.

*Each of these steps is required regardless of whether documents are produced on a custodial or other basis.* And it is with respect to the mechanics of this process that AstraZeneca has experienced start-up delays in document production. The problems primarily stemmed from a failure of AstraZeneca's production vendor to understand and address the scope, complexity, and priority of this project. The production vendor failed to deploy server capacity adequate to support a database this large, resulting in numerous crashes, slowdowns, lost days, and missing documents.

9

Other major failures included: (1) the vendor's devotion of insufficient hardware to support production runs, which caused final production searches to last weeks instead of the present one week; (2) the vendor's failure to devote manpower to the project sufficient to support the massive effort made by AstraZeneca's hundreds of contract attorneys, such that those contract attorneys were often left with insufficient or wrongly prioritized work; (3) the vendor's total failure to create a process management system so that any document's place in the production pipeline could be identified at any time; (4) the vendor's provision of insufficiently skilled technical personnel; and (5) the vendor's creation of a document management process that had never been tested or approved, and therefore was filled with errors and omissions.

AstraZeneca did not expect this sub-par level of service. The production vendor is the third largest in the United States, has more than 500 employees, has dozens of Fortune 500 clients, and has won many awards including "Litigation Support Team of the Year - 2006" from the Litigation Technology Awards organization. This vendor has successfully worked other AstraZeneca litigations. Its failures in this production appear to be an anomaly caused by a poor management team that has been totally replaced.

In February 2007, AstraZeneca engaged McCarter & English LLP to crisis-manage this production. The crisis management process has resulted in: (1) a complete reshuffle of the production vendor's management of this project such that a competent team was put in place; (2) creation of a pipeline system and verified process allowing prioritizing of documents and the ability to predict work completion; (3) a massive increase in server capacity; (4) a substantial increase in hardware resources dedicated to this production; (5) a

10

massive increase in support staffing; (6) increased tech support, both quantity and quality; and (7) a massive increase in attorney manpower.

While there are still problems with the production vendor's competency to manage this process, all major issues have been resolved.  Recent and contemporaneous large productions are the result of these changes.   As set forth in Part II,  the difficult phases of the production process – collection and initial review -- that required hundreds of thousands of man hours and many millions of dollars to complete, are finished or substantially finished. *The production of the first 80 custodians is on schedule to complete on June 30, 2007 in compliance with the MDL Order.*

### B. A Shift From the Custodian System Will Substantially Delay This Litigation.

All collection of AstraZeneca's documents was based upon the custodial system.  The production database is structured to divide and code documents by custodian.  All of AstraZeneca's 300+ contract attorneys have been trained to code documents by custodian.  All the productions that have heretofore occurred are based on custodians.  AstraZeneca's production database is not designed to sort documents by subject matter, especially not by some unknown categories that plaintiffs now arbitrarily seek to foist upon it.  Instead, documents have been coded by custodian, as agreed by plaintiffs and directed by the Court in Case Management Order No. 2.  All productions that have occurred and are scheduled to occur are based on the custodial system.

To abandon the custodian production in favor of some form of subject matter categorization would be disastrous for the discovery schedule in these cases.  AstraZeneca would have to first engage the production vendor to rewrite the database to include whatever

11

subject matter fields plaintiffs demand.  The production database's ability to function that way when it is not designed to do so is, at best, doubtful.  A series of text searches, requiring weeks, would have to be run to attempt to artificially code documents into plaintiffs' preferred groupings.  These categorizations would then have to be reviewed by contract attorneys.

All of the months of work, hundreds of thousands of man hours, and many millions of dollars that AstraZeneca just spent to bring itself into compliance with the MDL scheduling order dictating custodial production would have to be scrapped, to be replaced with a different system of dubious efficiency, at unknown but surely massive cost, on a schedule impossible to predict.  To be blunt, such a course would be astonishingly wasteful and could result only in delays in document production at a time when AstraZeneca has gotten its custodial system running efficiently.

This Court has emphasized time and again its objective of moving this MDL forward expeditiously.  Requiring AstraZeneca to start over in constructing the electronic framework for a document production system is not going to get documents out faster or depositions scheduled sooner – just the opposite.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel should be denied.

DATED:  May 2, 2007

/s/ Fred T. Magaziner
Fred T. Magaziner
Shane T. Prince
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

## VERIFICATION OF A. RICHARD WINCHESTER

I am an attorney licensed to practice law in the state of Delaware, and a partner at the law firm of McCarter & English, LLP, counsel for defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca"). AstraZeneca engaged McCarter & English LLP on February 15, 2007 to manage this document production. I was appointed document management counsel at that time and serve in that role presently.

I have personal knowledge of the facts stated in the attached brief, titled "Defendant AstraZeneca's Opposition To Plaintiffs' Motion To Compel Discovery," that occurred on or after February 15, 2007. The facts stated in the attached brief that occurred on or after February 15, 2007 regarding AstraZeneca's document productions, and the problems related to those productions, are true and accurate. If called, I could and would competently testify to these facts.

_____

A. Richard Winchester

Subscribed and sworn to before me
this ___2nd___ day of May, 2007.


_Francis J. Rogers_
Notary Public

My commission expires: May 17, 2007

FRANCIS J. ROGERS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 17, 2007

ME1 6354218v.1

## CERTIFICATE OF SERVICE

I hereby certify that, on the 2nd of May, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

/s/ Shane T. Prince

**SERVICE LIST**
(As of December 15, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>*Pro Se* |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com | David P. Matthews, Esq.<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>Telephone: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>irhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |

| | |
|---|---|
| Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |

Fred T. Magaziner
Marjorie Shiekman
A. Elizabeth Balakhani
Shane T. Prince
Eben S. Flaster
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19103
(215) 994-4000
fred.magaziner@dechert.com
shane.prince@dechert.com
marjorie.shiekman@dechert.com
eben.flaster@dechert.com
elizabeth.balakhani@dechert.com