**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ AUG 1 8 2004 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x

In re: ZYPREXA                                    MDL No. 1596
PRODUCTS LIABILITY LITIGATION

-------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

-------------------------------------------------x

## CASE MANAGEMENT ORDER NO. 4

IT IS HEREBY ORDERED:

## I.    PRETRIAL CONSOLIDATION

### A.    Captions; Separate Filing

Orders, pleadings, motions, and other documents will bear a caption similar to
that of this Order.  If generally applicable to all consolidated actions, orders, pleadings, motions
shall include in their caption the notation that they relate to "ALL ACTIONS" and be filed and
docketed only in the master file.  Documents intended to apply only to particular cases will
indicate in their caption the individual case number(s) of the case(s) to which they apply, and
extra copies shall be provided to the clerk if necessary to facilitate filing and docketing in both
the master case file and the specified individual case files.

### B.    Discovery Requests and Responses

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed
with the Court except when specifically ordered by the Court or to the extent offered in
connection with a motion.



C.     <u>Appearance of Counsel</u>

Counsel who have appeared in the transferor district court before transfer need not

enter a separate appearance in this court.  No parties to any action will be required to obtain local

counsel in this District, but are required to register with the Clerk for use of the Court's

electronic filing system.

## II.     ORGANIZATION OF DEFENDANTS' COUNSEL

A.     <u>Lilly's Lead Counsel</u>

Nina M. Gussack of Pepper Hamilton LLP, 3000 Two Logan Square,

Philadelphia, PA, 19103-2799, is hereby designated Lead Counsel for defendant Eli Lilly and

Company ("Lilly").  Ms. Gussack's e-mail address is gussackn@pepperlaw.com.

B.     <u>Defendants' Liaison Counsel</u>

Samuel J. Abate, Jr. of McCarter & English, 245 Park Avenue, New York, NY

10167, is hereby designated Liaison Counsel for the defendants.  The Court may appoint

additional liaison counsel for healthcare providers or other defendants in the future if it deems it

necessary.  Mr. Abate's e-mail address is sabate@mccarter.com.

## III.     SERVICE OF ORIGINAL COMPLAINTS; MOTIONS AND OTHER DOCUMENTS

A.     <u>Original Complaints</u>

To eliminate disputes about service of process and to reduce the expense of such

service, Lilly has agreed to waive service of process for claims filed in federal court that fall

within the scope of the Zyprexa Products Liability Litigation, pursuant to the provisions of

Federal Rule of Civil Procedure 4(d).  The Notice required by Rule 4(d) shall be sent to Nina M.

Gussack, Pepper Hamilton LLP.  Plaintiffs shall have 30 days from the date of this Order or the

date of filing of any action, whichever is later, to provide notice of the original complaint. Lilly

shall move, plead, or otherwise respond to any complaint so noticed within 45 days of the date of

the transfer of the action to this Court by the Judicial Panel on Multidistrict Litigation, or, in the

case of actions already transferred to this Court as of the date of this Order, within 45 days of

receipt of the Notice required by Rule 4(d). Nothing in this provision shall prevent or exclude

Plaintiffs' counsel from effectuating service of process on Lilly in accordance with Rule 4 of the

Federal Rules of Civil Procedure, including specifically, Rules 4(c) and 4(m).

**B.**     **Service of Motions and Other Documents**

        The Plaintiffs' Steering Committee ("PSC") and any party filing with the Court a

motion or other document relating to all actions shall provide one copy each to the Vice-Chair of

the PSC Michael A. London (mlondon@dandl-law.com) and to Plaintiffs' Liaison Counsel

Christopher A. Seeger (cseeger@seegerweiss.com) and one copy each to Defendants' Lead and

Liaison Counsel by overnight mail or hand delivery. In addition, an electronic version of any

document filed shall be provided at the time of service to counsel identified above by electronic

mail. If any document contains a paper image of other documents, electronic images of such

documents shall be served by electronic mail in PDF format, unless the volume of exhibits is so

large that PDF format is impracticable, in which case the exhibits shall be served by overnight

delivery. Service on Lead and Liaison Counsel constitutes service upon all counsel for the

respective side. Liaison Counsel shall serve attorneys of record for its respective side via

electronic mail, U.S. mail or overnight delivery.

## IV.   TRANSFERRED CASES

### A.   <u>Orders Superseded</u>

Any order entered in a transferor court is vacated to the extent it relates to scheduling or discovery, and scheduling and discovery shall be governed by this and subsequent Orders entered in MDL 1596.

### B.   <u>Motions</u>

The Court will set a schedule for determination of any motions filed in a transferor court, on request by a party.

## V.   STATUS CONFERENCES

### A.   <u>Regularly Scheduled Conferences</u>

The Court will convene regular status conferences in this litigation, subject to the Court's calendar. The Court will notify Liaison Counsel of all status conferences and Liaison Counsel shall notify all other counsel. Except for emergencies, motions should not be brought for hearing at any time other than a regularly scheduled status conference. To be heard at a status conference, motions must be filed at least 21 days prior to the conference. Any opposition must be served 10 days prior, to the conference. Any reply brief must be served four days prior to the conference. No sur-replies shall be filed without leave of Court.

The PSC and Lead Counsel for Lilly shall (1) confer at least 10 days before each scheduled conference and attempt to resolve outstanding disputes; and (2) provide the Court at least 7 days prior to each conference a joint report, describing the conduct of the Litigation, and listing all motions and other matters the parties anticipate addressing at the conference. Parties should make every effort not to notice depositions for days on which status conferences are scheduled, and no deposition shall go forward on such days without prior leave of Court.

**B.**   **Telephone Conferences**

Telephone conferences may be scheduled at the Court's discretion by prior arrangement through the Court's chambers, if all necessary parties are available and receive at least 24 hours' notice.

**C.**   **Communication with the Court**

All communications with the Court should be through Lead or Liaison Counsel. If circumstances require direct correspondence with the Court by any individual counsel, copies shall be simultaneously served on Lead and Liaison Counsel. Any motion filed on behalf of one or more plaintiffs shall state whether the motion is approved by the PSC.

## VI.   INITIAL DISCOVERY PLAN

**A.**   **Summary**

The following is a summary of the initial schedule. The parties will submit a more specific plan on September 17, 2004.

| | |
|---|---|
| Commencement of production of information by Lilly (subject to entry of a Protective Order and an Order governing the method of production) | August 19, 2004 |
| Filing and service of an Amended Class Action Complaint | September 1, 2004 |
| Service of Plaintiffs' First Set of Document Requests | Lilly's objections/responses due August 9, 2004 |
| Service of Plaintiffs' First Set of Interrogatories | 15 days from entry of this Order. Defendants' objections/responses 45 days thereafter |
| Service of Completed Plaintiff's Fact Sheet | See VI.B. |
| Depositions of Plaintiffs | Starting October 1, 2004 |
| Depositions of Plaintiffs' Treating Physicians | See VI.H |

Depositions of Current or Former Employees of
Defendant Lilly............................................................... Starting October 1, 2004
                                                pursuant to Discovery Plan to be
                                                submitted September 17, 2004

Expected conclusion of fact discovery              December 31, 2005

**B.**    **Plaintiff's Fact Sheet**

        Each plaintiff shall have 45 days from the filing of his or her case, or its transfer

to the MDL, to complete and serve a court-approved Fact Sheet and HIPAA-compliant

authorizations.  A case shall be deemed transferred to the MDL either: (a) on the date that the

certified copy of the Conditional Transfer Order issued by the Judicial Panel on Multidistrict

Litigation ("JPML") is entered in the docket of this Court, or (b) where transfer is contested, the

date of transfer in any subsequent order from the JPML.

        Each plaintiff whose case has already been filed in or transferred to this Court

shall have 45 days from the date of approval of the Fact Sheet to complete and serve on

defendants a completed Fact Sheet, and HIPAA-compliant authorizations.

        Lilly will notify each new plaintiff of his/her obligation under this paragraph.

**C.**    **Plaintiffs' First Set of Document Requests**

        Lilly will serve a response to Plaintiffs' First Set of Requests for Production of

Documents on or before August 9, 2004.

**D.**    **Production of Documents**

        The parties shall meet and confer on the form of the production of documents by

all parties, and shall submit to the Court an agreed protocol for the production of documents or a

report identifying the issues in dispute, as directed by Magistrate Judge Chrein.  Lilly shall

employ its best efforts to produce documents on a rolling basis.

**E.    Numbering System**

Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation. The parties will meet and confer regarding a schedule for the orderly production of different categories of documents and establish a prioritized list of documents and data subject to production.

**F.    Plaintiffs' First Set of Interrogatories**

Within 15 days of the date of the entry of this Order, plaintiffs shall serve upon defendants a First Set of Interrogatories subject to Fed. R. Civ. P. 33(a). Defendants' written responses and objections shall be served within 45 days.

**G.    Depositions of Plaintiffs and Others**

Depositions of plaintiffs, family members and other witnesses relating to each plaintiff's case, may commence after October 1, 2004.

**H.    Treating Physicians**

It is contemplated that depositions of treating physicians will commence after December 1, 2004. However, plaintiffs reserve all rights for an adjournment of same.

**I.    Deposition of Lilly Employees**

Depositions of individual Lilly employees, or former employees, may commence October 1, 2004. The PSC reserves the option to notice up to four Rule 30(b)(6) depositions of Lilly in September 2004.

**J.    Protective Orders**

The parties further reserve all rights to object to party and non-party depositions set forth in VI(G), VI(H) and VI(I) above, except as set forth in this Order and any subsequent

discovery plan and/or proposed order that will be submitted by the parties on September 17, 2004.

## VII.    DETAILED DISCOVERY PLAN

### A.    <u>Detailed Discovery Plan</u>

On or before September 17, 2004, the PSC and Lilly shall submit to the Court a proposed discovery plan that will set forth as specifically as possible the discovery that the parties plan to conduct and the reasons for that discovery. The plan, which may be modified during the course of the Litigation, shall:

- describe the scope of the ongoing and proposed document production; set forth the expected volume of the documents produced and requested to be produced; and set forth the reasons for the discovery of these documents; and,

- identify proposed deponents by name or description; the length of the each expected deposition; the reason for the deposition; and a proposed schedule for taking the depositions, organized by month;

- summarize the unresolved disputes among the parties as to the scope of discovery.

## VIII.    PROCEDURES GOVERNING DISCOVERY

### A.    <u>Coordination of Discovery with Other Courts; Avoidance of Multiple Requests</u>

The PSC and Lilly shall confer regarding procedures for coordination of state-court discovery with discovery in this MDL, with each side reserving its position as to whether an Order should be entered by the Court.

**B.**      **Pending Discovery Requests**

Any written discovery and notice of deposition served in a case transferred to this MDL before the date of this Order is deemed withdrawn.  The obligations of non-parties to respond to subpoenas is not affected by this Order.

**C.**      **Initial Disclosures**

In light of the discovery plan set forth herein, the parties are relieved of the responsibility to provide initial disclosures under Rule 26(a)(1).

**D.**      **Privilege**

A party who, relying on any privilege or on the work product doctrine, does not produce all relevant or requested documents in response to a request for production of documents or a subpoena must state that it is invoking a privilege and must specify which privilege or doctrine it is invoking.  The parties are to confer to determine the format and time for production of privilege logs, which shall be produced on a reasonable, rolling basis, and which shall be consistent with EDNY Local Rules.  Where courts in other jurisdictions have ordered the production of any document initially withheld by defendant as privileged or work product, the party shall either produce the document in these proceedings or timely move for a protective order.

Any inadvertent production of any document, data, or tangible thing deemed by the producing party to be protected from production on the grounds of the attorney-client privilege, the work product doctrine, physician-patient privilege, or any other applicable doctrine, and any inadvertent production of any document or data deemed by the producing party to be confidential but not so marked by such party, shall not be deemed a waiver of any applicable privilege or law.  A party that has received such materials shall, upon request by the

producing party, promptly (1) return the materials, including any produced electronic media containing such materials, and (2) delete or destroy any and all copies in its possession, custody, or control, including, but not limited to, an copies in electronic form. The party that has inadvertently produced protected materials shall promptly produce replacements for the originally produced materials, including, if applicable, replacements for produced electronic media, that (1) do not include the protected materials, or (2) in the case of the inadvertent production of confidential materials not so marked, that include such materials marked as provided in the Protective Order to be entered in this litigation.

## IX.     DEPOSITION PROCEDURES

The parties contemplate that the conduct of depositions of parties and non-parties shall be subject to Deposition Guidelines to be set forth in a separate Order. The parties shall meet and confer on the issue of deposition scheduling and procedures, and shall submit to the Court an agreed order or a report identifying the issues in dispute, as directed by Magistrate Judge Chrein. No witness should be deposed on the same subject more than once in MDL 1596 without good cause shown. In addition, it is a declaration of principle of the MDL Magistrate Judge that this prohibition extends to state court Zyprexa personal injury actions. This declaration of principle of the MDL Magistrate Judge does not bind any state court litigant for who this Court does not have jurisdiction.

## X.     CONFIDENTIALITY ORDER

The parties shall meet and confer on a confidentiality order, and shall submit to the Court an agreed order or a report identifying the issues in dispute, as directed by Magistrate Judge Chrein.

## XI.   PRESERVATION OF DOCUMENTS

The parties are reminded of their obligations to preserve relevant information and documents.  The parties shall meet and confer on the preservation of documents, and shall submit to the Court an agreed order for the preservation of records, or a report identifying the issues in dispute, as directed by Magistrate Judge Chrein.

## XII.   NEXT CONFERENCE

The next pretrial conference is scheduled for September 28, 2004 at 2.30 p.m.

## XIII.   LATER FILED CASES

The terms of this order, including pretrial consolidation and coordination of discovery with state cases, shall apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims of injuries arising out of the use or ingestion of Zyprexa.  Objections to such consolidation or other terms of this order shall promptly be filed, with a copy served on Liaison Counsel for plaintiffs and defendants.

SO ORDERED

Hon. A. Simon Chrein
United States Magistrate Judge

Dated: August 5, 2004
Brooklyn, New York

Hon. Jack B. Weinstein
Senior District Judge

Dated: 8, 5, 2004
Brooklyn, New York

-11-

4-3   Filed 05/02/07   Page 12 of 69 PageID 2153

JUL-27-2006  12:22PM  FROM-TRGS          212-594-6374        704731861 32587  Page 1 of 2  P.2/3
Case 1:04-md-01596-JBW-RLM        Document 649        Filed 08/04/2006        93

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:  ZYPREXA PRODUCTS
        LIABILITY LITIGATION

MDL No. 1596 (JBW)

-------------------------------------------------------x

THIS DOCUMENT APPLIES TO:
ALL CASES

### CASE MANAGEMENT ORDER No. 18
#### (Discovery, Motion and Trial Schedule)

The Plaintiffs Steering Committee and defendant Eli Lilly and Company jointly request

an extension to the previously ordered discovery, motion and trial schedule. *See* CMO No. 14,

May 1, 2006. The parties have settled all cases subject to trial in the Eastern District of New

York that were filed prior to March 1, 2006. Because the only cases presently available for trial

in the Eastern District of New York have all been filed since March 1, 2006, the parties seek

additional time to fully discover and prepare these cases for trial.

The Special Master for Discovery, Peter H. Woodin, has recommended that the parties'

request for additional time be granted and that the Court adopt    the proposed revised schedule

submitted jointly by the parties.

The Court grants the parties' request for an extension of the discovery, motion and trial

schedule. Therefore, IT IS HEREBY ORDERED:

### Discovery Schedule leading to *Daubert* and Summary Judgment Hearings

1.   Fact Discovery shall be completed by November 20, 2006.

2.   Plaintiffs' Rule 26 general and case specific liability expert reports shall be filed on or
     before December 1, 2006.



3.  Defendant's Rule 26 general and case specific liability expert reports shall be filed on or before December 15, 2006.

4.  Plaintiffs' and Defendant's rebuttal expert reports shall be filed on or before December 22, 2006.

5.  Deposition of experts shall completed by January 31, 2007.

6.  *Daubert* and Summary Judgment Motions shall be filed on or before February 16, and made returnable March 19, 2007.

7.  Responses to *Daubert* and Summary Judgment Motions shall be filed on or before February 28, 2007.

8.  Replies to *Daubert* and Summary Judgment Motions shall be filed on or before March 9, 2007.

9.  Hearing on *Daubert* and Summary Judgment Motions shall be held March 19, 2007.

### Pre-trial Schedule – Cases Designated for Trial in the Eastern District of New York

10.  Plaintiffs' and Defendant's witness lists, exhibit lists, and deposition designations shall be filed by April 9, 2007.

11.  Plaintiffs' and Defendant's counter-designations shall be filed by April 16, 2007.

12.  Motions in *Limine* shall be filed by April 16, 2007.

13.  Trial shall begin April 23, 2007.

Dated: July 27, 2007
Brooklyn, New York

Jack B. Weinstein
Senior United States District Judge:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

IN RE ST. JUDE MEDICAL, INC.,          :
SILZONE HEART VALVES PRODUCTS :
LIABILITY LITIGATION                   :        MDL DOCKET NO. 1396

**<u>PRETRIAL ORDER NO. 20</u>**

The parties having stipulated thereto, the Court orders:

I.      **CASE-SPECIFIC FACT DISCOVERY**

A.      **Governing Law:**  Case-specific fact discovery shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any other Pretrial Order.  Nothing in this order shall be construed to modify or amend previously entered orders concerning merits discovery or expert discovery.

B.      **Discovery Initiation Date:**  For purposes of this Order and for purposes of discovery in MDL 1396, the Court establishes a "case-specific discovery initiation date" ("DID") which is:

1.      September 1, 2002 for those civil actions that were originally filed in or transferred to and docketed in the District of Minnesota on or before September 1, 2002;

2.     the first day of the month following the date that a civil action is filed in or transferred to and docketed in the District of Minnesota to the extent such an event occurs after September 1, 2002.

3.     The Court may extend the deadlines established by this Order for good cause shown.

C.     **Plaintiff's Initial Disclosures:**  Within one (1) month of the entry of this order or one (1) month of the DID, whichever is later, each plaintiff shall deliver to defendants (a) the disclosures required by Fed.R.Civ.P. 26(f), (b) hard copies of all documents identified in the Rule 26(f) disclosure and (c) a completed Plaintiff's Initial Disclosure in the form attached as Exhibit 1 to Pretrial Order No. 2.  To the extent such information has been previously provided to defendants pursuant to Pretrial Order No. 2, each plaintiff is obligated to provide all later acquired information and/or documents bearing on all disclosures previously made by such plaintiff to the extent required by Rule 26(e).

D.     **Medical Examinations.**  Within six (6) months of the DID (i.e., by March 1, 2003 for cases with a DID of September 1, 2002), Defendants may move for orders scheduling medical examinations of plaintiffs pursuant to and in accordance with the requirements of Fed.R.Civ.P. 35, except that a plaintiff shall not be required to travel an unreasonable distance for medical examinations.  In the event that a medical examination is to take place requiring plaintiff to travel more than fifty (50) miles, the party requesting the examination shall tender to plaintiff's counsel five (5) calendar days in advance of such examination a sum equal to the

reasonable round-trip travel and lodging expenses to be incurred by plaintiff, and one attorney for plaintiff, to attend the examination.

**E.    Completion of Case Specific Fact Discovery:**  Case specific fact discovery shall be completed within seven (7) months of the DID (i.e., by April 1, 2003 for cases with a DID of September 1, 2002).

**F.    Mandatory Mediation:**  Within (10) months of the DID (i.e., by July 1, 2003 for cases with a DID of September 1, 2002), the parties shall stipulate to a mediator or establish an order for mediation of the individual cases.  If the parties are unable to agree, the court shall appoint a mediator.  All such mediations will be held in Minneapolis, Minnesota, unless otherwise agreed to by the parties.

**G.    Disclosure of Plaintiff's Experts:**  Within eight (8) months of the DID (i.e., by May 1, 2003 for cases with a DID of September 1, 2002), plaintiff shall identify duly-qualified generic and case-specific experts and provide the disclosures required by Fed.R.Civ.P. 26(a)(2)(A).

**H.    Disclosure of Defendants' Experts:** Within nine (9) months of the DID (i.e., by June 1, 2003 for cases with a DID of September 1, 2002), defendants shall identify duly-qualified generic and case-specific experts and provide the disclosures required by Fed.R.Civ.P. 26(a)(2)(A).

**I.    Disclosure of Supplemental Experts**: Within ten (10) months of the DID, plaintiff shall identify any supplemental experts who will offer expert opinions on topics for which defendants have identified an expert, but for which plaintiff has

not yet identified an expert, and provide the disclosures required by Fed.R.Civ.P. 26(a)(2)(A).

     **J.**    **Depositions of Generic Experts:**  Depositions of the parties' generic experts shall be governed by the terms of Pretrial Order No. 21.

     **K.**    **Depositions of Case Specific Experts:**  Within forty-five (45) days of the identification of case-specific experts hereunder, the parties may take the deposition of such case-specific experts.  It is understood and agreed between the parties that unless otherwise agreed or ordered by the Court, the depositions of plaintiff's experts shall proceed first followed by the depositions of defendants' experts.

**II.**    **REMAND PROCEDURES**

    **A.**    **Remand Report**

     In order to monitor the completeness of discovery in cases where all discovery deadlines are expired, within twelve (12) months of the DID (i.e., by September 1, 2003 for cases with a DID of September 1, 2002), the parties are required to complete and submit a joint report to the Court containing information about remaining discovery, if any, and disputes between the parties.  The purpose of the report is to facilitate the completion of each parties' pretrial efforts prior to remand.  Upon receipt of a Remand Report from the parties, the Court may either order the case remanded to its home jurisdiction or make such orders so as to allow the completion of discovery

**B.**     **Record on Remand:**  Once the Court has ordered that a particular case be remanded, the parties shall stipulate to this Court the portions of the record that are to be returned to the transferor court.  That portion of the record can then be combined with the record that already exists in the transferor court, providing the transferor court with the entire file necessary for the ultimate disposition of the case

**C.**     **Discovery After Remand:**  In the event there is a significant delay between the date of remand and the trial date in a particular case, for good cause shown, any party may petition the transferor court for additional case-specific discovery.

IT IS SO ORDERED:

_____
Honorable John R. Tunheim

ENTERED:   September 9, 2002_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

REZULIN PRODUCTS LIABILITY                      MASTER FILE
LITIGATION (MDL No. 1348)
                                                00 Civ. 2843
This Document Relates to:  All Cases
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AMENDED
PRETRIAL ORDER NO. 2**
      (Pretrial Schedule)

LEWIS A. KAPLAN, *District Judge.*

**1      Conduct of discovery on behalf of plaintiffs**

All discovery directed against defendants and non-party witnesses on behalf of plaintiffs shall be undertaken by or under the direction of Plaintiffs' Executive Committee ("PEC") on behalf of all plaintiffs with cases in this MDL as well as on behalf of all plaintiffs in state court cases that are coordinated with this MDL or as to which there is an agreement or order to utilize discovery generated herein.

**2      Discovery**

**2.1      Completion date**

Unless otherwise ordered, all discovery in these consolidated cases shall be completed on or before January 31, 2002.  Although the Court will consider any application for an extension, the parties should assume that no extension will be granted.

**2.2      Defendants' document production**

**2.2.1**    Warner-Lambert has represented to the Court that it has been collecting and placing relevant documents in a depository, which documents will be made available also in the form of electronic images on CD-ROM, that most of the roughly 3.5 million documents collected from originally targeted custodians will be in the depository by January 2, 2001, and that the detail force documents gathered in its Roanoke warehouse will be made available by February 1, 2001.  To the extent, if any, that it has not done so previously, Warner-Lambert shall make these documents available to plaintiffs on a rolling basis.

**2.2.2**    The PEC may serve a Rule 34 request on defendants on or before November 17, 2000.

**2.2.3**    All documents requested by the PEC on or before November 17, 2000, and all documents that Warner-Lambert has represented it will produce (*see* ¶ 2.2.1) shall be placed in its depository no later than February 1, 2001.

**2.2.4**    Warner-Lambert shall provide logs of materials withheld from any document production on privilege, work product or other grounds no later than 45 days after the groups of documents from which the materials were withheld are placed in the depository.

**2.2.5**    Subject to compliance with the confidentiality order entered this date, the PEC, at its own expense, may establish and regulate access to its own depository containing copies or images of documents produced by Warner-Lambert.

**2.3      Plaintiffs' depositions of defendants**

**2.3.1**   Plaintiffs may commence Rule 30(b)(6) depositions relating to the organization of Warner-Lambert and the identification of potential deposition witnesses immediately.

**2.3.2**   Subject to paragraph 2.3.3 hereof, plaintiffs may commence non-party fact depositions of witnesses believed to have testimony relevant to Warner-Lambert's conduct immediately.

**2.3.3**   The PEC and defendants promptly shall confer and attempt to agree upon a comprehensive deposition schedule providing for the completion of fact depositions of defendants' present and former employees and agents, and any other persons under defendants' control, by September 30, 2001.  Any such schedule shall comply with paragraph 2.1 hereof.  If the parties fail to agree upon such a schedule, they shall so report to the Court no later than February 1, 2001, including in their report the reasons for their inability to agree and the extent of any partial agreement.

**2.3.4**   Plaintiffs' Liaison Counsel ("PLC") shall give at least two weeks' notice of each deposition scheduled in this case that is expected to deal with material common to other Rezulin cases  to counsel of record in and judges presiding over Rezulin cases pending in state courts.

**2.4**   **Interrogatories**

**2.4.1**   Interrogatories shall be served by the PEC on defendants only if the information sought cannot practically be obtained by a review of documents or through depositions.  The limitation on the number of interrogatories provided in the third sentence of Fed. R. Civ. P. 33(a) shall not apply.

**2.4.2**   The PEC immediately may serve initial interrogatories pursuant to S.D.N.Y. Civ. R. 33.3 relating to the identity of witnesses and the location of documents.

**2.4.3**   The PEC may serve additional interrogatories until August 2, 2001.  Within fifteen days after service of such interrogatories, counsel shall meet and confer to resolve any objections defendants may have thereto.  Insofar as objections are not interposed, or if revised interrogatories are agreed upon, the defendants shall answer the interrogatories within the time provided by Rule 33 or within twenty days after such conference, whichever is longer, unless the parties otherwise agree or the Court otherwise orders.

**2.4.4**   Contention interrogatories may not be served absent leave of Court.

**2.5**   **Fact discovery against plaintiffs**

**2.5.1**   Fact discovery against plaintiffs shall take place concurrently with the PEC's discovery against defendants.

**2.5.2**   **Plaintiffs with claims of personal injury**

**2.5.2.1**            Defendants have provided the PEC with a proposed plaintiff questionnaire, including requests for medical, employment and insurance authorizations and other pertinent documents, to be completed under oath by all plaintiffs.  The parties shall agree upon the content of such a questionnaire and the form of authorizations by November 17, 2000, failing which they shall submit their respective positions to the Court by November 21, 2000 for determination.  The sworn responses to the questionnaire shall be treated as interrogatory answers.  To the extent that any documents or

responses are withheld on the grounds of privilege, plaintiffs shall provide a privilege log.

**2.5.2.2**                 By January 2, 2001 or forty days after a questionnaire is approved by the Court, whichever is later, completed sworn questionnaires with the required documents and duly executed authorizations shall be served on defendants' counsel by each plaintiff in each case included in this MDL that was docketed in this Court on or before the date of this order.  Plaintiffs in MDL 1348 cases subsequently docketed in this Court shall be served such materials no later than forty days after the date of such docketing or the date required for cases docketed prior to the date of this order, whichever is later.

**2.5.2.3**                 In the event a plaintiff fails to serve a timely and sufficient response to the questionnaire, including all necessary documents and authorizations, defendants may send a warning letter to the plaintiff's counsel of record (with a copy to the PLC) identifying the deficiencies in that plaintiff's response and warning that the failure to provide all of the required information within thirty days of the date of the letter may result in the dismissal of that plaintiff's action.  Any such letter shall be sent by certified mail, return receipt requested.

**2.5.2.4**                 Following receipt of a response to the questionnaire, defendants may seek additional discovery with respect to the claim of the responding plaintiff from that plaintiff and from non-party witnesses by means provided in the Federal Rules of Civil Procedure.

105

6

     **2.5.2.5**           In exigent circumstances, the parties may agree and, absent agreement, any party may apply for leave to conduct an expedited deposition to preserve testimony. The service of any such motion by a plaintiff shall follow or be accompanied by a completed questionnaire and all required authorizations and copies of all medical, employment and/or insurance records in the possession of the moving plaintiff or that may be obtained by that plaintiff through reasonable efforts.

**2.5.3**    **Class action and other plaintiffs**

     **2.5.3.1**           The PEC and defendants' counsel will propose to the Court procedures for discovery against plaintiffs who assert class action or other claims, in lieu of or in addition to claims of existing or potential personal injury, on or before December 15, 2000.

**3**    **Class actions**

**3.1**    The PEC shall file a consolidated amended class action complaint no later than December 15, 2000.

**3.2**    Defendants may commence discovery of class representatives on January 16, 2001. The PEC shall use its best efforts to expedite completion and service of questionnaires and authorizations by class representatives.

**3.3**    The PEC shall serve plaintiffs' motion for class certification and supporting papers on or before January 16, 2001.

**3.4**    The parties shall meet and confer about a schedule for class related discovery and

briefing and report to the Court no later than January 31, 2001.

**4      Experts**

**4.1**    The PEC shall provide expert disclosures pursuant to Rule 26 no later than October

30, 2001, whereupon defendants may commence depositions of plaintiffs' experts..

**4.2**    Defendants shall provide their expert disclosures within thirty days after receiving

PEC's disclosures, whereupon the PEC may commence depositions of defendants'

experts.

**4.3**    All expert discovery shall be completed on or before January 31, 2002.

**4.4**    The parties shall attempt to agree and shall confer with the Court concerning

scheduling of motions relating to the admissibility of expert testimony, including the

scheduling of motions in limine, *Daubert* submissions and evidentiary hearings,  after

the expert depositions are completed and on or before December 15, 2001.

**5      Dispositive and Summary Judgment Motions**

Because the parties may not be in a position to make all potential summary judgement

motions until after the last decision by this Court with respect to the admissibility of

any expert testimony, the last day for summary judgment motions, given the discovery

that needs to be completed,  shall be on January 31, 2002 or the thirtieth day after the

last decision by this Court with respect to the admissibility of any expert testimony.

**6      Final report regarding pretrial proceedings to be completed prior to remand**.

107

8

On or before January 31, 2002, the parties shall meet, confer and report to the Court concerning any other pretrial proceedings, including dispositive motions and/or motions in limine, or any discovery, that remains to be completed in any of the then pending cases, so that this Court can determine whether each is ready for trial and remand to its respective transferor court.

SO ORDERED.

Dated: December 13, 2000

_____
Lewis A. Kaplan
United States District Judge

FROM : NEW YORK IMMIGRATION SVCS. INC.   FAX NO. : 1212 577 6804          Dec. 06 2000 10:18AM P1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE:

REZULIN PRODUCTS LIABILITY
LITIGATION (MDL-1348)

This Document Relates To:  All Cases

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

(PROPOSED ORDER)

MASTER FILE

00 Civ. 2843 (LAK)


## PRETRIAL ORDER NO. 4
### (Plaintiff's Fact Sheet)

Lewis A. Kaplan, *District Judge*.

        Pursuant to Paragraph 2.5.2.1 of this Court's Pretrial Order No. 2 (Pretrial Schedule), the

Court has been informed that the Plaintiffs' Executive Committee ("PEC") and the defendants

have agreed upon the form of plaintiffs' questionnaire, including requests for medical,

employment and insurance authorizations and other pertinent documents in the form of the

attached Plaintiff's Fact Sheet, and therefore, upon review of the proposed Plaintiff's Fact Sheet,

it is hereby

        **ORDERED**, as follows:

        1.        **Adoption of Plaintiff's Fact Sheet.**  The attached Plaintiff's Fact Sheet,

including requests for medical, employment and insurance authorizations and other pertinent

documents, is to be completed under oath by all plaintiffs pursuant to the schedule and

procedures previously Ordered in Pretrial Order No. 2 (Pretrial Schedule).

Doc #30198270.WPD

RZ 0013129

FROM : NEW YORK IMMIGRATION SVCS. INC.   FAX NO. : 1212 577 6804       Dec. 06 2000 10:18AM P2
109   03/11/05
03:59 PM ET
E-SERVED
BRACO MDL 1631

2.    **Supplementation of Completed Fact Sheet.** The person completing the Fact Sheet shall have the duty and the right to supplement any response to the Fact Sheet if the party learns that any such response is incomplete or incorrect, or if new information responsive to the Fact Sheet becomes known to that party.

3.    **Depositions of Plaintiffs.** Subject to further Orders of this Court regarding protocols to be observed in taking depositions, questions at the deposition of a plaintiff shall not seek mere repetition of information provided in that plaintiff's completed Fact Sheet. However, nothing in this Order shall prevent defendants from asking questions directed at confirming, correcting, supplementing, updating, explaining and/or expanding the information provided in a completed Fact Sheet to the extent permitted by the Federal Rules of Civil Procedure.

4.    **Specific Objections Pursuant to Applicable State Law.** To the extent that any party contends that a response to any item requested in the Fact Sheet is prohibited by the substantive state law applicable to their case, they must serve a written objection to providing that response, including the legal basis for that objection, at or before service of the completed Fact Sheet.

5.    **Privilege Claims.** To the extent that any information, documents or authorizations required to be provided in response to the Fact Sheet are withheld on the grounds of privilege, a privilege log shall be provided of the information, documents or authorizations withheld.

6.    **Redaction of Information.** To the extent that any information is redacted from any document for any reason, a redaction log of the redacted information that sets forth the legal basis for the redaction shall be provided to the defendants. Upon request, the attorneys for

DEC 06 2000 10:17 AM                    1212 577 6804          PAGE.02

the defendants may inspect, on an "attorneys' eyes only" basis, such redacted material.  If there is a dispute whether any redacted material qualifies for redaction, counsel may move for a ruling, which may require this Court's *in camera* inspection of the redacted material on the issue of whether that information is entitled to redaction.

7.   **Validity of Authorizations**.  All authorizations to obtain records provided pursuant to this Order, or any other Order of this Court, shall remain valid during the entire time that the action of the plaintiff who provided the authorization is pending in this Court,  any transferor Court or any Court to which such action is remanded.  No such authorization shall be valid after the action of the plaintiff who provided the authorization is concluded, either by settlement or by entry of final judgement.

8.   **Notification of Request for Records**.  Whenever defendants request records pursuant to authorizations provided with the Fact Sheet , the principal attorney for that plaintiff, as identified in Item I.A.5 of the completed Fact Sheet, shall be provided with a copy of that request for records.

9.   **Copies of Records Received Pursuant to Authorization.**   Whenever records are received by defendants in response to a request pursuant to authorizations provided with the Fact Sheet, a copy of those records shall be provided to the principal attorney for that plaintiff as identified in Item I.A.5. of the completed Fact Sheet.

10.   **Documents Previously Produced by Defendants.**  Nothing in this Order or the Fact Sheet shall be construed as requiring a plaintiff to produce copies of documents produced by the defendants in these MDL proceedings or in other Rezulin litigation, if those documents were rightfully received by that plaintiff or by his or her counsel.

FROM : NEW YORK IMMIGRATION SVCS. INC.   FAX NO. : 1212 577 6804        Dec. 06 2000 10:19AM P3

11.   **Admissibility of Information Provided via Fact Sheet.**   Neither this Order, nor the completion of a Fact Sheet and the required authorizations, shall prejudice the right of any party to contest the admissibility of any information or documents disclosed.

12.   This Order shall apply to all cases docketed in MDL 1348 and will remain in effect in all such cases after remand to transferor courts.

SO ORDERED

Dated:  12/5/00

Lewis A. Kaplan
United States District Judge

Doc #30193270.WPD

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE:

MASTER FILE

REZULIN PRODUCTS LIABILITY
LITIGATION (MDL-1348)                    00 Civ. 2843 (LAK)

This Document Relates To:  All Cases

- - - - - - - - - - - - - - - - - - - - - - - - - -x


## STIPULATION AND [PROPOSED] ORDER

The parties, by their undersigned counsel, have met and conferred as to certain issues pertaining to ongoing discovery and have agreed to this joint application respectfully requesting that this Court enter the following Pretrial Order in this MDL proceeding:

\*        \*        \*        \*        \*        \*

## PRETRIAL ORDER NO. 82

Lewis A. Kaplan, *District Judge.*

On November 9, 2000, this Court entered Pretrial Order No. 2 (Pretrial Schedule), which addressed discovery in these MDL proceedings. When that Order was entered there were approximately 310 plaintiffs in 128 cases in this MDL.  Pretrial Order No. 2 provided that discovery in all cases was to be completed before January 31, 2002.  Paragraph 2.1.

On July 26, 2001 the Court entered Pretrial Order No. 27, which extended the time to complete  discovery for an additional six months until July 31, 2002.  As of today, Rezulin litigation in federal court involves more than 3800 plaintiffs named in nearly 600 actions.  In

113   E-SERVED
03/11/05
03:59 PM ET
06-md MDL 1651

addition, new cases continue to be filed and transferred so that it has become impracticable to set a single date for the completion of discovery of the plaintiffs in all cases.

Therefore, in order to provide the parties with a reasonable time to complete discovery including discovery regarding the claims of each of the MDL plaintiffs and in order to provide for timely remand of cases that are trial ready, it is hereby

ORDERED, as follows:

1.     When a plaintiff has provided discovery in compliance with paragraph 2.5 of Pretrial Order No. 2 and with Pretrial Order No. 4,  and complete medical records have been produced to or obtained by defendants, the defendants may proceed with depositions and other discovery in regard to that plaintiff's claims.  Such discovery shall be completed within 120 days of commencement of those depositions unless one of the parties obtains an extension from the Court for cause, which may include the fact that an excessive number of plaintiffs are subject to discovery of their claims within a given period.

2.     Upon the completion of defendants' discovery, the completion of  discovery and disclosure pursuant to other Pretrial Orders in this MDL proceeding, and the disposition of all applicable motions, cases will be considered for suggestion of remand to their transferor court in a manner and pursuant to a schedule to be determined by this Court. If the defendants contend that the transferor court is not the appropriate United States District Court for the trial of a case in which remand has been requested, they may file the appropriate motion, which will be determined by this Court prior to any suggestion of remand of that case.

3.     If any plaintiff has not completely complied with the discovery requirements set forth above and in the prior Orders of this Court, his or her case shall not be considered for

114
SERVED
03/11/05
03:59 PM ET
BY CDI MDL 1431

remand until this Court has determined that the discovery obligations of the plaintiff have been completed and the aforesaid requirements have been met.

4.    The Court may consider applications for a suggestion of remand of a case based upon circumstances not specifically addressed in this Order.

5.    To the extent that this Pretrial Order conflicts with any procedures or deadlines established by prior Orders of this Court in these MDL proceedings, the procedures and deadlines of this Order shall control, however, to the extent there is no such conflict, the prior Orders of this Court in these MDL proceedings shall remain in effect. This Order shall have no effect on deadlines or procedures established by this Court that are not addressed herein.

6.    This Order applies to all cases docketed in MDL 1348.

*        *        *        *        *

Respectfully submitted this 4th day of April, 2002:


Melvyn I. Weiss
Regina LaPolla (RL-9578)
Milberg, Weiss, Bershad, Hynes &
Lerach, L.L.P.
One Pennsylvania Place
New York, NY 10019
Telephone: (212) 594-5300


Charles A. Mathis, Jr.
Mathis, Adams & Tate, P.C.
Herman, Casey & Kitchens, LLP
Suite 1400 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303


Glenn J. Pogust (GP- 4845)
Kaye Scholer, LLP
425 Park Avenue
New York, New York 10022
Telephone (212) 836-7801

Counsel for the Warner-Lambert
Defendants

115

E-SERVED
03/11/05
03:59 PM ET
EXXON MDL 1431

Telephone: (404) 523-5000

Arnold Levin
Levin, Fishbein, Sedran & Berman
Suite 500, 510 Walnut Street
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500

Ramon Rossi Lopez
Lopez, Hodes, Restaino, Milman,
Skikos & Polos
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660
Telephone: (949) 640-8222

Plaintiffs' Executive Committee

SO ORDERED

Dated: 4/29/0r

Copies mailed 04/29/02
Chambers of Judge Kaplan
PMC

_____
Lewis A. Kaplan
United States District Judge

It is ORDERED that counsel to whom this Order is
sent is responsible for faxing a copy to all counsel
and retaining verification of such in the case file.
Do not fax such verification to Chambers.

4

Doc #RevisedPTO.WPD



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

REZULIN PRODUCTS LIABILITY
LITIGATION

This Document Relates to: All Actions
-------------------------------------------------------x

MASTER FILE
00 Civ. 2843 (LAK)
(MDL No. 1348)

## STIPULATION OF THE PARTIES AS TO THE CONDUCT OF FUTURE FACT AND EXPERT DISCOVERY

The parties, by and through undersigned counsel, have met and conferred as to certain issues pertaining to ongoing discovery and have agreed to this joint application for an order to expedite the conclusion of fact and expert discovery in the above referenced proceeding providing as follows:

1.      The parties may continue to take depositions pursuant to Pretrial Order No.12, including depositions of corporate representatives and current or former employees of the Warner-Lambert defendants, up to and through the discovery cut-off of July 31, 2002; and

2.      Expert disclosure and motions as referenced in paragraphs 4, 5 and 6 of Pretrial Order No. 2 shall commence not less than 30 days after the completion of fact discovery.  Therefore, plaintiffs' expert disclosures pursuant to Rule 26 shall be provided no later than August 31, 2002, and all other deadlines set forth in paragraphs 4, 5 and 6 of Pretrial Order No. 2 shall be rescheduled accordingly.

*RZ 0151130*

117    03/11/05
03:59 PM ET
E-SERVED

WHEREFORE, the parties respectfully request that the Court enter an order as allowing the parties to conduct fact and expert discovery as outlined above.

Respectfully submitted this 1st of April, 2002:

Melvyn I. Weiss
Regina LaPolla (RL-9578)
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300

Charles A. Mathis, Jr.
Mathis & Adams, PC
Herman, Mathis, Casey, Kitchens & Gerel LLP
Suite 1400 The Equitable Building
100 Peachtree Street
Atlanta, GA 30303
Telephone: (404) 523-5000

Arnold Levin
Levin, Fishbein, Sedran & Berman
Suite 500
510 Walnut Street
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500

Ramon Rossi Lopez
Lopez, Hodes, Restaino, Milman, Skikos, Polos
450 Newport Center Drive, 2nd Floor
Newport Beach, CA 92660
Telephone: (949) 640-8222

**Plaintiffs' Executive Committee**

Glenn Pogust (GP-4845)
Kaye, Scholer, LLP
425 Park Avenue
New York, NY 10022

**Counsel for Defendants**

SO ORDERED,
Dated: April 29, 2002

Lewis A. Kaplan
United States District Judge

Copies mailed 04/29/02
Chambers of Judge Kaplan

It   ORDERED that counsel to whom this Order is
sent is responsible for faxing a copy to all counsel
and retaining verification of such in the case file.
Do not fax such verification to Chambers.

116

RE-SERVED
03/11/05
03:59 PM ET
DEPUY MDL 1407

THE HONORABLE BARBARA J. ROTHSTEIN

1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7            WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE
9

| | |
|---|---|
| 10   IN RE: PHENYLPROPANOLAMINE (PPA) | MDL No. 1407 |
| 11   PRODUCTS LIABILITY LITIGATION | |
| | FINAL MDL PRETRIAL ORDER FOR |
| 12   This document relates to the actions listed on | CASES INCLUDING EPHEDRA |
| 13   Attachment A | CLAIMS |

14
15              **FINAL MDL PRETRIAL ORDER**

     This Final MDL Pretrial Order describes the events that have taken place in MDL 1407

16 and those items that require further action by the transferor court.  A copy of this Final MDL

17 Pretrial Order, along with the case file and materials, will be provided to the transferor court.

18           **I.**     **INTRODUCTION**

19      On August 28, 2001, the Judicial Panel for Multidistrict Litigation ("JPML")

20 designated this Court as the transferee court for all individual, consumer class and other

21 federal cases arising out of the sale or use of over-the-counter cough/cold and appetite

22 suppressant products containing phenylpropanolamine ("PPA") for pre-trial consolidation

23
24
25   FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
     EPHEDRA CLAIMS-1
     (MDL 1407)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



110

1  and coordination. *In re: Phenylpropanolamine ("PPA") Products Liability Litigation*, MDL

2  No. 1407.

3      The proceedings in this MDL 1407 began in earnest with the Order re: Initial

4  Conference dated November 1, 2001, requiring plaintiffs and defendants to submit proposed

5  committee rosters, and scheduling the initial conference for November 16, 2001. Since then:

6  (1) generic fact discovery has been completed or substantially completed as to most MDL

7  defendants (including written discovery, document production and review, discovery

8  depositions and requests for admissions); (2) a procedure for case-specific fact discovery in

9  each case has been implemented, and discovery has been underway since 2002; (3) Rule 26

10  disclosures of generic experts have been made, the discovery depositions of those experts

11  have been completed, and a process to permit the adoption of those experts' opinions in other

12  cases transferred or being transferred to this MDL has been adopted; (4) trial preservation

13  depositions of several of plaintiffs' and defendants' generic experts are underway or have

14  been taken; (5) and the Court has resolved *Daubert* motions challenging plaintiffs' expert

15  opinions solely as to general causation.

16      Given the foregoing, the Court is satisfied that the PPA aspects of this MDL have

17  sufficiently matured and the Court has issued a Suggestion of Remand for the cases listed on

18  Attachment A to facilitate their remand by the JPML to their transferor courts. All case-

19  specific PPA fact discovery is complete, and such discovery cannot be reopened without

20  permission of the transferor court. Although the case-specific PPA fact discovery is

21  complete, there are Ephedra aspects of the case remaining that make it a candidate for

22  transfer to the MDL No. 1598 *In re Ephedra Products Liability Litigation* ("Ephedra MDL

23  No. 1598"). Ephedra MDL No. 1598 was established on April 13, 2004, in the Southern

24  District of New York before Judge Jed S. Rakoff. Given that Ephedra discovery has not been

25  FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
EPHEDRA CLAIMS-2
(MDL 1407)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600



1  conducted in the PPA MDL, the cases listed on Attachment A would benefit from the

2  coordinated discovery proceedings in the Ephedra MDL No. 1598 that is overseeing

3  coordinated discovery in cases such as these alleging product injuries as a result of Ephedra

4  ingestion. The cases listed on Attachment A involve common questions of fact with actions

5  previously transferred under 28 U.S.C. § 1407 to the Ephedra MDL No. 1598, and

6  consequently, a tag-a-long notice should be filed with the Clerk of the JPML upon remand.

7  If transferred to the Ephedra MDL, the cases listed on Attachment A will once again return to

8  the transferor court when the Ephedra discovery is complete for further case-specific

9  proceedings, including designation and discovery of case-specific experts, independent

10  medical examinations, pre-trial motion practice and final disposition. Below is a more

11  detailed overview of the proceedings in MDL 1407 to date concerning the PPA aspects of the

12  cases listed on Attachment A.

## II.   ADMINISTRATION OF CASES

### A.   Lead and Liaison Counsel.

15       By order entered on November 20, 2001, this Court appointed and assigned certain

16  responsibilities to Lead and Liaison Counsel for Plaintiffs and Defendants.   (Order

17  Appointing Lead and Liaison Counsel (signed Nov. 19, 2001, entered Nov. 20, 2001).  The

18  responsibilities of each are delineated in Memorandum in Support of Proposed Language

19  Ordered by the Court in its November 1, 2001, "Order re:  Initial Conference" (Nov. 14,

20  2001) (hereinafter, "Memo Nov. 14, 2001")).

### B.   Committees.

22       The Court approved and appointed members to various committees designed to manage

23  and advance the litigation, including the Plaintiff's Steering Committee ("PSC").   (Order

24  Appointing Members to Plaintiffs' and Joint Committees (Jan. 17, 2002) (hereafter "Order

25  FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
EPHEDRA CLAIMS-3
(MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



12

1    Jan. 17, 2002")).   As part of its duties and responsibilities, the PSC assists all plaintiffs in

2    MDL 1407 by overseeing discovery (including conducting extensive discovery of each

3    defendant), by communicating with plaintiff lawyers, by appearing before this Court, by

4    attending status conferences and by preparing motions and responses regarding case-wide

5    discovery matters.   The PSC acts on behalf of or in consultation with Plaintiffs' Lead

6    Counsel in the management of the litigation.   (Order Jan. 17, 2002; Plaintiffs' Lead

7    Counsels' Status Report No. 1 (Nov. 30, 2001)); Memo Nov. 14, 2001).

8    **C.   Common Benefit Fund**.

9         In order to provide for costs and attorneys' fees that the PSC (and its appointed

10   subcommittees) may be entitled to receive for providing case-wide services over the last

11   several years, the court provided for sequestration of four (4%) percent of all payments made

12   by defendants in settlements or in satisfaction of judgments of cases transferred to MDL

13   1407, to be placed in escrow into the common benefit fund (a/k/a MDL 1407 Fee and Cost

14   Trust Account).   Similarly, in those state court cases where plaintiffs have agreed to

15   coordinate with and use the MDL 1407 work product, the court provided for sequestration of

16   three (3%) percent of all such payments.   (The 4% and 3% payments are referred to

17   collectively herein as "MDL Assessment").   The MDL Assessments are to be deposited by

18   defendants into the common benefit fund and the total dollar amounts of these assessments

19   are confidential. The common benefit fund will provide payment to PSC members and other

20   common benefit attorneys for the PSC's work product to the extent that the court ultimately

21   determines that the service was authorized, necessary and beneficial to plaintiffs. The MDL

22   Assessment requirement applies to all MDL 1407 payments made by defendants to plaintiffs,

23   regardless of whether a plaintiff's case is disposed of while on the MDL 1407 docket or

24   following remand to the transferor court.

25   FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
     EPHEDRA CLAIMS-4
     (MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



122
SERVED
03/11/05
03:59 PM ET
Bates MDL 1407

1        The Common Benefit fund is governed by Amended CMO 8 (Establishing Plaintiffs'

2    Litigation Expense Fund to Compensate and Reimburse Attorneys for Services Performed

3    and Expenses Incurred for Common Benefit), CMO 16 (Establishing MDL 1407 Fee and

4    Cost Trust Account and Procedures) and CMO 20 (Establishing Common Benefit Fee

5    Committee, Procedures, and Standards to Determine Compensable Fees and Costs).  CMO

6    16 effectuates CMO 8 and details the procedures for (1) assessing and depositing these funds

7    into the account; (2) protecting the confidentiality of the information submitted to and from

8    the Trustee; (3) insuring the accuracy of the information provided; (4) reporting by the

9    Trustee to Liaison Counsel; and (5) resolving assessment disputes. (CMO 16).  CMO 20

10   establishes the Common Benefit Fee Committee, and sets forth (1) procedures for the review

11   of common benefit fee and cost applications and subsequent responsibilities, and (2)

12   standards for the review of common benefit fees and costs. (CMO 20).

13   **D.**   **State/Federal Coordination.**

14       It became evident in the beginning of MDL 1407 that the extensive parallel state and

15   federal PPA litigation, involving many of the same defendants and the same plaintiffs'

16   counsel in both state and federal courts, warranted particular emphasis on coordinated

17   discovery.  To this end, the parties in state and federal court have jointly succeeded in

18   reducing costs and expenses to themselves and the court system by coordinating most generic

19   discovery proceedings.  For example, depositions of defendant representatives and

20   employees were all cross-noticed and, with few exceptions, witnesses were deposed only

21   once for purposes of all cases in the country. Such was also the case during expert discovery.

22   Finally, the parties' presentation of expert testimony under *Daubert* (*see infra* Part III.C.)

23   was  coordinated  with  many  state  court  judges  overseeing  state  court  coordinated

24

25   FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
     EPHEDRA CLAIMS-5
     (MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



1   proceedings.  Overall, serious efforts were made by the parties and this Court to achieve

2   meaningful coordination, which were met with considerable success.

3   **E.    Denial of Class Certification.**

4          The Court denied class certification in eight nationwide and one Louisiana statewide

5   personal injury actions and in seven economic injury actions.  (Order granting Defendants'

6   Motion to Strike Class Allegations and Deny Class Certification (Jan. 5, 2002); Order

7   Extending Court's June 5, 2002 Order Denying Class Certification to Additional Cases (Feb.

8   24, 2003); Order Denying Plaintiffs' Motion for Class Certification Pursuant to Rule

9   23(B)(3) for Economic Injury Claims (Sept. 4, 2003); (Order Denying Plaintiffs' Renewed

10  Motion for Class Certification Pursuant to Rule 23(B)(3) for Economic Injury Claims (Feb.

11  7, 2003); Order Denying Certification of Kentucky Economic Injury Class (Nov. 5, 2003)).

12                              **III.  DISCOVERY**

13         This MDL has proceeded in a relatively quick and stream-lined fashion, thanks in large

14  measure to the cooperation of the parties.  Shortly after commencing this case in the winter

15  of 2001, the court began issuing Case Management Orders ("CMOs") to govern most case-

16  wide issues, as well as case-specific orders.  The Court entered 20 CMOs, as well as

17  supplements to them.  Some of the specific CMOs are discussed, *infra*, expanding on their

18  specific subject matter.    All CMOs are accessible at the Court's website,

19  (www.wawd.uscourts.gov/ wawd/mdl.nsf/main/page.)  The primary orders that governed the

20  pretrial management of the discovery in this litigation are CMO Nos. 1, 2, 3, 6, 6A, 10 and

21  19.

22  •   CMO 1:   established a protocol for generic fact discovery (governing, *inter alia*,

23        written discovery, document production and depositions of defendants' corporate

24        representatives and employees);

25  FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
    EPHEDRA CLAIMS-6
    (MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2

124 SERVED
03/11/05
03:59 PM ET
BDPCD/MDL 1437


- **CMO 2:**   set forth a confidentiality order;

- **CMO 3:**   provided a document preservation order; and

- **CMO 6, 6A, 10 & 19:**   established a protocol for case-specific fact discovery (governing, *inter alia*, written discovery (including a Fact Sheet and Records Authorizations, document production and depositions of plaintiffs and case-specific fact witnesses).

A.   **Generic Fact Discovery.**

1.   **Document Discovery.**   Extensive fact discovery was conducted against defendants and was substantially completed against most defendants by mid-2003.  In an effort to attain consistency and to avoid undue duplication, the parties negotiated and agreed substantially upon master sets of requests for production and interrogatories ("Master Set of Written Discovery") which are attached to CMO 1.  No further general document requests or interrogatories were allowed to be propounded on defendants without leave of Court.  To the extent that any defendant had previously produced documents and/or made responses to document requests or interrogatories also contained in the Master Set of Written Discovery prior to January 21, 2002, those productions and/or responses were deemed responsive to the same requests contained in the Master Set of Written Discovery.  (CMO 1 Parts V.E., V.F.).

Discovery was also conducted be the parties from Yale University and the various hospitals participating in the Hemorrhagic Stroke Project, from the trade association, the Consumer Healthcare Products Association, and from the U.S. Food and Drug Administration.

The PSC created a document depository located in Minneapolis, Minnesota, where millions of documents produced by defendants were stored, reviewed and digitized for use in

FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
EPHEDRA CLAIMS-7
(MDL 1407)

**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



125

1  discovery and for purposes of creating "trial packages" for all plaintiffs who were interested

2  and who agreed to the set-aside percentage.

3      **2.    Depositions of Common Fact Witnesses.**  The basic principles governing the

4  taking of depositions of defendants' non case-specific (generic) fact witnesses were set forth

5  in CMO 1.  Cross-notices between state court proceedings and the MDL proceedings were

6  encouraged.  (CMO 1 Part V.G.).  In the interest of efficiency and federal-state coordination,

7  several defendants cross-noticed the depositions of company witnesses, HSP Investigators

8  and CHPA employees in their respective state court proceedings.

9  **B.    Case-Specific Fact Discovery.**

10      The basic principles of governing the taking of fact discovery of plaintiffs were set

11  forth in CMO 6 (case-specific fact discovery procedure and plan).  Under CMO 6, later

12  modified by CMO 10, cases docketed in the MDL by February 12, 2002, had case-specific

13  discovery cut-off dates of February 28, 2003.  Cases docketed after February 28, 2003,

14  were to have case-specific discovery completed within 12 months of the docket date.

15  (CMO 6 Part VI.).  As discussed further below, however, due to numerous delays many of

16  these case-specific discovery cut-off dates were extended.

17      **1.    Case-Specific Fact Discovery of Plaintiffs.**

18          **a.    Plaintiff Fact Sheets (PFSs).**  Under CMO 6, plaintiffs in every case

19  transferred to MDL 1407 were ordered to complete a plaintiff fact sheet (PFS).  (CMO 6

20  Part II.A.).  Plaintiffs were required to complete and serve on defendants' liaison counsel

21  fact sheets.  In the event of a plaintiff's failure to serve a completed PFS, defendants'

22  liaison counsel was to send a warning letter to that plaintiff.  If, within 30 days of a

23  warning letter, the plaintiff had still failed to serve a completed PFS, defendants were able

24

25  FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
EPHEDRA CLAIMS-8
(MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2

126
03/11/05
03:59 PM ET

1   to seek appropriate relief from the Court if a meet and confer did not otherwise resolve the

2   issue. (CMO 6 Part III.A.).

3        Under CMO 10, entered seven months after CMO 6, the Court ordered that no case

4   would be considered for remand if any plaintiff had not completely complied with the

5   discovery requirements of its prior orders, including the completion of a PFS. (CMO 10 ¶ 1).

6   Failure to provide complete PFS responses tolled the period for completion of fact discovery,

7   which would not run until one year after defendants' receipt of a completed PFS and its

8   accompanying authorizations. (CMO 10 ¶ 3).

9        Finally, CMO 19 provides for the issuance of a Show Cause Order why the Court

10  should not dismiss a case for failure to prosecute, based on a plaintiff's failure to timely file a

11  PFS or cure a PFS that is not complete in all respects within fifteen days of notice of

12  deficiencies.

13            **b.**     **Other Written Discovery.**  In addition to the PFS, defendants were

14  entitled to propound ten (10) interrogatories and ten (10) requests for production (non-

15  duplicative of any issue raised via PFS) on each plaintiff during the case-specific fact

16  discovery time period.  (CMO 6 Parts III.B.-III.C.).  Plaintiffs were to serve responses to

17  each type of request within 45 days of service of them.  Upon remand, the parties may

18  obtain updated medical records.

19            **c.**     **Depositions.**  Defendants were entitled to conduct ten (10) depositions

20  of fact witnesses ("fact witnesses" include plaintiffs' treating physicians) as part of their

21  case-specific discovery.  (CMO 6 Part III.D.).  Defendants were allowed to take additional

22  depositions upon a showing of good cause.  Upon remand, the parties may move the

23  transferor court to take additional depositions including newly identified fact witnesses

24  regarding plaintiff's current medical condition for good cause and necessity.  In the event

25  FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
    EPHEDRA CLAIMS-9
    (MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



127 E SERVED
03/11/05
03:59 PM ET
BERGEN/MDL 1407

1    good cause and necessity is shown to update the plaintiff's deposition, shortened time limits

2    may be imposed, depending on the circumstances.

3    **2.    Case-Specific Fact Discovery of Defendants.**    Plaintiffs were allowed to

4    propound on defendants no more than ten (10) case-specific interrogatories and ten (10) case-

5    specific document requests.  (CMO 6 Part IV.A.-IV.B.).  Plaintiffs were also allowed to

6    conduct case-specific depositions of witnesses affiliated with defendants.  (CMO 6 Part

7    IV.C.).

8    **B.    Expert Discovery.**

9        **1.    Generally.**  Expert discovery was divided into two main categories:  generic

10   experts (testifying regarding issues of general applicability, including general causation)

11   and case-specific experts (testifying on behalf of a specific plaintiff).  The Court ordered

12   that only generic expert discovery would be conducted in the MDL, leaving case-specific

13   expert discovery for completion upon remand.  Under the process established by the MDL

14   Court, experts were disclosed by certain members of the PSC and by defendants.

15   Individual plaintiffs could then adopt those expert disclosures or disclose their own experts.

16   If a plaintiff adopted the experts disclosed by certain members of the PSC with respect to

17   any issues of widespread applicability, that plaintiff may nevertheless later designate

18   different experts to testify at trial on the same issues provided:  (1) the later-designated

19   experts rely upon the same or substantially the same evidence, opinions and/or theories

20   relied upon by the PSC expert(s) adopted by that plaintiff; and (2) such opinions, evidence

21   and/or theories have not been previously determined by the MDL to be scientifically

22   unreliable or otherwise inadmissible.  Similarly, a defendant may later may later designate

23   expert(s) different from the generic expert(s) disclosed by defendants to testify at trial on

24   the same issues provided that the later-designated expert(s) rely upon the same or

25   FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
     EPHEDRA CLAIMS-10
     (MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



128

substantially the same evidence, opinions and/or theories relied upon by defendants'
previously disclosed generic expert(s).   Expert-specific challenges, such as to the
qualifications or specific causation opinions to the later-designated experts, are preserved.
These issues are addressed more specifically in prior MDL Orders, including without limit
MDL Order entered September 9, 2002.

Numerous general causation experts on behalf of both plaintiffs and defendants
testified at their depositions.   Discovery as to these experts was to be completed by March
10, 2003, with subsequently transferred cases subject to the provisions of CMO 9 which
provides for the adoption of, or designation of experts on issues of general applicability.
(Order re:   Expert Discovery Schedule (Mar. 22, 2002) and CMO 9).   Several general
causation experts also testified at the *Daubert* hearing.  A copy is attached hereto.

   **2.**     **_Daubert_.**    On April 28 – May 1, 2003, the Court conducted hearings
regarding the admissibility of plaintiffs' expert opinions as to general causation pursuant to
Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharms., Inc.* 509
U.S. 579 (1993).  The Court entered its findings in its Order Granting in Part and Denying
in Part MDL Defendants' Motion to Preclude Plaintiffs' Expert Opinions as to General
Causation Pursuant to Fed. R. Evid. 702 and 703 and *Daubert,* on June 18, 2003.

   **3.**     **Case-Specific Expert Discovery.**    Upon remand of the cases back to the
transferor courts, case-specific expert discovery must be conducted.   This will include
scheduling of plaintiffs' and defendants' designations of case-specific experts, service of
reports by the case-specific experts, depositions of case-specific experts and motion
practice relating to those experts.   Case-specific experts consist of experts rendering
opinions about the medical condition of specific plaintiffs, life-care planners, economists
and other case-specific experts rendering non-medical opinions.   This discovery may

FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
EPHEDRA CLAIMS-11
(MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



1   include independent medical examinations of plaintiffs.  In contrast to the expert discovery

2   in the MDL relating solely to general causation, case-specific experts will opine among

3   other things on specific causation with regard to individual plaintiffs as well as damages.

## IV.  PRODUCT IDENTIFICATION ORDERS

### A.  Identification of Defendants and Products Ingested (CMO 13).

There were numerous cases pending in MDL 1407 that assert claims of individuals who allege to have ingested one or more PPA-containing products.  Certain cases and/or plaintiffs listed numerous manufacturing defendants but failed to state with specificity which products they allegedly ingested and failed to identify the manufacturers of the products that allegedly caused their injuries.  On May 2, 2003, the Court entered CMO 13 which required each plaintiff in a multi-defendant case to file and serve (within 30 days of entry of the order) an affirmation setting forth the PPA product he/she allegedly ingested and the manufacturer of that product.  Defendants could then seek dismissals under CMO 13 for the claims of any plaintiffs who failed to identify them in the PFS, if any, and in their affirmations.  (CMO 13).

Because of the potentially burdensome and unnecessary filings of numerous pages and documents, the parties submitted a proposed CMO 13A to the Court to streamline the dismissal process and minimize the amount of filings to obtain dismissals.  CMO 13A provided the defendants whose products are not identified in a plaintiff's affirmation a mechanism for getting dismissed from the claims made by that plaintiff.  (CMO 13A).

### B.  Severance of Multiple-Plaintiff Cases (CMO 15).

There were numerous cases pending in MDL 1407 that joined the unrelated claims of numerous plaintiffs who allege to have taken a PPA-containing product.  The plaintiffs in these multi-plaintiff cases failed to specify which products they allegedly ingested and failed to identify the manufacturers of the products that allegedly caused their injuries.  On

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2

130

1    May 29, 2003, the Court entered CMO 15, which required each plaintiff in a multi-

2    plaintiff[1] case to file and serve an individual new complaint within 30 days of entry of the

3    order.    Under CMO 15, plaintiffs' individual complaints were to provide specific

4    allegations regarding:    (1) the products allegedly ingested; (2) the dates on which the

5    products were ingested; (3) the injury alleged; and (4) the dates of injury.  (CMO 15).

6        CMO 15A served as an adjunct to CMO 15 to give the parties a mechanism to

7    resolve "non-compliant" served complaints and dismissal of original multi-plaintiff

8    complaints.  CMO 15A allowed defendants to move to dismiss with prejudice the original

9    case as to those plaintiffs who failed to properly file an individual new complaint and as to

10   those plaintiffs who filed an individual new complaint which did not identify a product

11   manufactured by the moving defendant.  (CMO 15A).

12                        V.    PROCEDURES FOR REMAND

13   A.    Discovery to be Conducted Prior to Remand.

14       The Court entered CMO 17C which details the procedures and conditions before a

15   case will be considered "ripe for remand."  (CMO 17C).  The Court only considers a case

16   ripe for remand if the discovery permitted by CMOs Nos. 1, 6, 6A, 10, 13, 13A, and 15

17   ("and any additional orders" entered by the Court) has been completed.  All other generic

18   fact and expert discovery permitted by the Court is considered time barred.  The remand

19   process is initiated by defendants, on a monthly basis, filing a list of cases they believe

20   have become ripe for remand during the preceding month.  A plaintiff may also submit

21   cases believed to be ripe.  The Court then issues an Order to Show Cause why the cases

22   listed on the Order should not be suggested for remand, setting dates for responses and

23   _____

24   [1] "Multi-plaintiff cases" refer to cases that involve more than one plaintiff who alleges that they ingested a product
     containing PPA.  This term does not refer to plaintiffs with derivative claims.

25   FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
     EPHEDRA CLAIMS-13                               Williams, Kastner & Gibbs P.L.L.C.
     (MDL 1407)                                      Two Union Square, Suite 4100 (98101-2380)
                                                     Mail Address: P.O. Box 21926
                                                     Seattle, Washington 98111-3926
                                                     (206) 628-6600

     1608644.2



1   replies. Once the Magistrate Judge has ruled on the objections to remand, the Court issues
2   a Suggestion of Remand Order which is forwarded to the Judicial Panel On Multi-District
3   Litigation. The Suggestion of Remand Order triggers the mediation requirements set forth
4   in CMO 18C. The Court will subsequently designate this Final MDL Pretrial Order,
5   along with any supplements and/or amendments thereto, as the Final Pretrial Order in all
6   cases for which the Panel issues an Order for Remand. (CMO 17C).

7   **B.    Remaining Discovery After Remand.**

8   Case-specific expert discovery has been deferred pending remand. The transferor
9   court has jurisdiction over setting the case-specific expert discovery schedule, any other
10  case-specific discovery and any other pre-trial matters not addressed by this Court. (*See*
11  *supra* Part III.C.3.).

12  **C.    MDL Mediation Requirement.**

13  Within seven (7) days of a case being named on the Court's Suggestion of Remand
14  Order (*See supra* Part V.A.), the parties are to notify the Court whether they intend to
15  mediate the case per CMO 18C in a submission entitled "Election Regarding Alternative
16  Dispute Resolution." If the parties elect to mediate, the mediation is to be scheduled
17  within 30 days and completed within 90 days of the date of the Suggestion of Remand
18  Order. If the parties choose not to mediate, they are required to conduct a meet and confer
19  conference with Special Master Professor Francis McGovern within 21 days of the Court's
20  Preliminary Order. (CMO 18C). This Court appointed Professor McGovern as a Special
21  Master to assist the Court in coordinating case management matters between the MDL
22  litigation and the matters pending in state courts. (Order Jan. 17, 2002). Nothing in CMO
23  18C prevents the parties from agreeing to mediate these, or any additional cases or groups
24  of cases before or after remand.

25  FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
EPHEDRA CLAIMS-14
(MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



132 SERVED
03/11/05
03:59 PM ET
EPHEDRA MDL 1407

The parties have agreed upon a number of mediators from the following areas: California, Texas, Louisiana, Alabama, Mississippi, North Carolina, South Carolina, Tennessee, Northeast, Midwest and Northwest. Nothing in CMO 18C prevents the parties from agreeing to a mediator not on that list or agreeing to mediate any additional cases or groups of cases. (CMO 18C).

## VI.  SUMMARY OF ACTIVITIES UPON REMAND

The following activities remain to be completed upon remand of the cases from the Ephedra MDL listed on Attachment A and include but are not limited to:

- Case-specific expert designation and discovery;
- Independent medical examinations;
- Obtain updated medical records and, upon a showing of good cause and necessity, updating the plaintiff's deposition, and/or deposing additional or newly identified fact witnesses.  In the event good cause and necessity is shown to update the plaintiff's deposition, shortened time limits may be imposed, depending on the circumstances;
- Any pending motions that the parties bring to the attention of the transferor court;
- Pretrial motion practice, including specific causation motions; and
- Final disposition.

## VII. DOCUMENTS TO BE SENT TO TRANSFEROR COURT

The clerk of the transferee court will forward to the transferor court (electronically where feasible) a copy of:  (1) this Pretrial Order and attachments; (2) the docket sheet for the particular case being remanded and all documents identified on that docket sheet; and (3) the docket sheet for MDL 1407.  The docket sheet for each particular case being remanded will be deemed to include and incorporate all matters on the MDL 1407 docket

FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
EPHEDRA CLAIMS-15
(MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2



1   sheet that refer or pertain to "all cases" or that otherwise refer or pertain to the particular

2   case being remanded.

3        In the event a party believes that the docket sheet for a particular case being

4   remanded is not correct or complete for any reason, a party to that case may, with notice

5   to all other parties to the action, file with the transferor court a Designation Amending the

6   Record.   Upon receiving that Designation, the transferor court will make any needed

7   changes to the docket.  If the docket is revised to include additional documents, the parties

8   should provide those documents to the transferor court.

## VIII.  CONCLUSION

10        This MDL Pretrial Order does not expand or modify any prior order of the Court.

11   The Plaintiffs' Steering Committee and defendants have agreed that, upon receipt from the

12   Judicial Panel of a final remand order for a particular case, this Pretrial Order is to be

13   provided to the appropriate transferor court without the necessity of a motion by any party

14   to that case.

15        DATED at Seattle, Washington this *13th* day of *December*, 2004.

17

18   HON. BARBARA JACOBS ROTHSTEIN
    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25   FINAL MDL PRETRIAL ORDER FOR CASES INCLUDING
    EPHEDRA CLAIMS-16
    (MDL 1407)

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1608644.2

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY
LITIGATION,

MDL NO. 1407

CASE MANAGEMENT ORDER
NO. 17C REMAND OF CASES

This document relates to all
actions.

**This case management order replaces and supercedes Case Management Order ("CMO") Nos. 17, 17A and 17B.**

**I.   INTRODUCTION**

Proceedings in this MDL 1407 began in earnest with the Order re Initial Conference dated November 1, 2001, requiring plaintiffs and defendants to submit proposed committee rosters, and scheduling the initial conference in this MDL for November 16, 2001.  Since then: (1) generic fact discovery (including written discovery, document production and review, discovery depositions, and requests for admissions) has been completed or substantially completed as to most MDL defendants for which "common benefit" discovery is being undertaken by the Plaintiffs; (2) a procedure for case-specific

ORDER
Page - 1 -

fact discovery in each case has been implemented, and discovery pursuant thereto in cases subject to these MDL proceedings has been underway since 2002; (3) Rule 26 disclosures of generic experts have been made, discovery depositions of those experts are complete; and a process has been established to permit the adoption of those experts' opinions in other cases transferred or being transferred to this MDL; (4) trial preservation depositions of several of plaintiffs' and defendants' generic experts are underway or have been taken; (5) and *Daubert* motions have been filed challenging plaintiffs' generic medical experts' opinions as to general causation, briefing, and hearings on said motions have been completed, and the Court has issued its Decision on said motions.

Given the foregoing, the Court is satisfied that this Multi-District Litigation has sufficiently matured, such that, subject to the following procedures and conditions, qualified cases may now be considered by the Court for purposes of issuing a Suggestion of Remand Order to facilitate their remand by the Judicial Panel on Multidistrict Litigation ("JPML") to their transferor courts for further case-specific proceedings and final disposition.

**II. <u>REMAND CRITERIA- RIPENESS</u>**

Generic fact discovery of defendants was required to be completed within specific time periods, as set forth in CMO No. 1, subject to certain extensions of time. Discovery as to experts on general causation, and issues of general applicability, was required to be completed by no later than March 10, 2003, with subsequently transferred cases subject to the provisions of CMO No.

ORDER
Page - 2 -

9, providing for the adoption of or designation of experts on issues of general applicability.  Case-specific fact discovery of plaintiffs in each case subject to these MDL proceedings was required to be completed within specific time periods depending on when each case was docketed in these proceedings, as set forth in CMO Nos. 6 and 6A.

In any case docketed in this MDL, a case will only be considered ripe for remand if the case is in compliance with CMOs Nos. 1, 6, 6A, 10, 13, 13A, 15, and any additional orders entered by this Court.  Specifically, all of the following criteria must have been completed and/or fulfilled before a case will be considered ripe for remand:

· Plaintiff's fact sheet must be substantially complete per CMO Nos. 6 and 6A and all identified deficiencies must be corrected per CMO Nos. 6, 6A and 10;

· Plaintiff must have executed all appropriate authorizations, including new HIPAA-compliant authorizations if requested by defendants, as required by CMO Nos. 6 and 6A;

· Any permitted and timely filed discovery propounded by defendant(s) pursuant to CMO Nos. 6, 6A, or 10 must have been completed with no discovery disputes remaining unresolved;

· The deadline, as the same may have been extended by stipulation or Court order, for case-specific fact discovery must have passed and not be subject to any extensions under CMO Nos. 6, 6A or 10;

· If applicable to the case, plaintiff must have complied with the requirements of  CMO No. 15 and any additional orders entered by this Court;

· The deadline for adopting or identifying generic experts per CMO No. 9 must have passed;

· Any summary judgment motion arising from the Court's *Daubert* Order entered June 18, 2003, applicable to the case must have been ruled upon.

**III.     REMAND PROCEDURE**

    **A.  Spreadsheet of Cases Ripe for Remand**

On July 1, 2004, liaison counsel for defendants shall provide to the court and to liaison counsel for plaintiffs a spreadsheet listing all cases deemed ripe for remand as of June 1, 2004, using the criteria set forth in Section II of this order. This spreadsheet shall include the following information as to each case: case caption, MDL cause number, transferor court, identity of all defendants, and fact discovery deadline. Defense liaison counsel shall provide this spreadsheet to the court and to liaison counsel for plaintiffs in electronic form.

Counsel shall provide similar spreadsheets on August 2, 2004, September 1, 2004, October 1, 2004, and thereafter as directed by the court. Each of these subsequent spreadsheets shall identify cases that are considered ripe for remand as of the date of the previous spreadsheet, but shall not include any cases that were included on a previous spreadsheet. (For example, the spreadsheet filed on August 2, 2004, will identify those cases that are considered ripe for remand as of July 1, 2004, but not those cases that were included on the July 1, 2004 spreadsheet.)

While it shall be the responsibility of defense liaison counsel to provide the spreadsheets, any party to a case may file a notice of ripeness for remand on the monthly dates specified by the court.

    **B. Orders to Show Cause**

The court will issue orders to show cause why each case

ORDER
Page - 4 -

designated as ripe for remand should not be remanded. The orders will set forth the dates by which objections and replies shall be filed, together with noting dates.

### C.   Objections and Responses

Any party to a case may submit an objection to the remand of a particular case as directed in the court's orders to show cause.  Objections shall be limited to ten (10) double-spaced pages, and responses shall be limited to five (5) pages. Objections and responses must be served on liaison counsel, as well as counsel of record in the case to be remanded. To the extent possible, service upon liaison counsel should be electronic. There shall be no hearings permitted on any given show cause order except by leave of court.

### D.   Eligibility for Remand

The court has appointed Magistrate Judge Theiler to consider and rule on objections filed pursuant to Section III(c), above. Any case in which a show cause order has issued will be deemed eligible for remand if (a) no written objection is filed by the date specified in the court's order, or (b) upon Magistrate judge Theiler overruling all objections to remand of that case.

A party whose case has been deemed not eligible for remand as a result of a successful objection may resubmit the case on the dates set forth herein, after curing the grounds on which the objection was sustained.

### E.   Suggestion of Remand Order

Following Magistrate Judge Theiler's determination

ORDER
Page – 5 –

regarding eligibility, the court will issue a Suggestion of Remand Order to be forwarded to the JPML, containing the names of the cases the court views as appropriate for remand. Issuance of a Suggestion of Remand Order triggers the Alternative Dispute Resolution requirements contained in CMO 18B for the cases listed in that order.

**F. Conditional Remand Order from the JPML**

Within seven (7) days of the date that a Conditional Remand Order is filed by the JPML with this transferee court, the parties will submit a joint proposed Final MDL Pretrial Order for the Court's signature. Such order will describe the events that have taken place in MDL 1407 and those items that require further action by the transferor court. A copy of the Final MDL Pretrial Order, along with the case file and materials, will be provided to the transferor court.

**IV.  CONCLUSION**

As the remand process progresses, it may become clear that aspects of this procedure could benefit from modification in order to make improvements or to lessen the burden on any participant in this process. Such participants may include the JPML, the parties, this court, any of the transferor courts, the Special Master Francis McGovern, or Magistrate Judge Theiler. The parties are instructed to confer prior to proposing changes to this procedure.

1          DATED this 23rd day of June, 2004.

2
                              s/ Barbara Jacobs Rothstein
3                             Barbara Jacobs Rothstein
                              United States District Court Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

141

03/11/05
03:59 PM ET

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (Phentermine/
Fenfluramine/Dexfenfluramine)
PRODUCTS LIABILITY LITIGATION

:
:
:

MDL Docket No. 1203

PRETRIAL ORDER NO. 417
(Expert Discovery Schedule)

This Order will govern Expert Discovery in all cases that are part of this coordinated proceeding.

**Disclosure and Discovery**

Generic Expert Witness

1.       On or before March 1, 1999, or six (6) months following the Discovery Initiation Date ("DID") in an individual action, Plaintiffs shall identify each generic expert witness who is reasonably expected to testify for Plaintiffs on issues of general or widespread applicability in this litigation including but not limited to experts who would testify on general causation, i.e., the ability or tendency of the drugs to cause any of the injuries alleged (such witnesses shall be hereafter referred to as "Generic Experts"). In addition, Plaintiffs shall simultaneously provide to Defendants for such Generic Expert, the disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, except that such disclosures need not encompass testimony, if any, which such Generic Expert is expected to offer on issues relating only to liability or damages as to a particular Plaintiff.

2.       All discovery depositions of Generic Experts identified pursuant to paragraph 1 above shall be taken no later than May 15, 1999, or eight and one-half months (8½) following the DID in an individual action, whichever is later.

3.     On or before May 15, 1999, or eight and one-half (8½) months following the DID in an individual action, the Defendants shall identify each Generic Expert who is reasonably expected to testify in response to the expert testimony disclosed pursuant to paragraph 1 of this Order.   In addition, Defendants shall simultaneously provide the expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, except that such disclosures need not encompass testimony, if any, which such Generic Expert is expected to offer on issues relating only to liability or damages as to a particular Plaintiff.

4.     All discovery depositions of Generic Experts identified pursuant to paragraph 3 above shall be taken no later than August 1, 1999, or eleven (11) months following the DID in an individual action, whichever is later.

5.     Within ten (10) days of receiving the notice of deposition of any person identified as a Generic Expert pursuant to paragraphs 1 and 3 above, the opposing party shall provide a written statement of its intentions with regard to conducting a separate deposition of the witness for purposes of preserving the witness' testimony for use at trial.   All objections to any such preservation deposition, or with regard to the manner, method, and procedure proposed for conducting such preservation deposition, shall be brought to the attention of the Special Discovery Master and shall be fully and finally resolved before the discovery deposition of the expert witness involved.   As a general rule, depositions for purposes of preserving an expert's testimony for use at trial shall take place not less than ten (10) days after the discovery deposition of the witness.

2

<u>Case Specific Expert Witness Disclosure and Discovery</u>

6.    No later than the close of the non-expert witness deposition period allowed for each individual case pursuant to PTO 292, each Plaintiff shall identify each expert witness who is expected to testify for Plaintiff on any issue other than economic damages and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7.    Within thirty (30) days after the close of the fact witness deposition period allowed for each individual case, each Defendant shall identify each expert witness who is expected to testify for Defendant on any issue other than economic damages and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

8.    After the time for making the disclosures required by paragraph 7, discovery depositions of expert witnesses identified in response to paragraphs 6 and 7 may begin and shall be completed within sixty (60) days after the date by which Defendants are to disclose expert witnesses pursuant to paragraph 7.  The period of time for taking such depositions may be extended by the Special Discovery Master for good cause shown.


<u>Supplemental Experts Reports</u>

9.    The Court recognizes that there may be limited circumstances where it will be both necessary and appropriate for a party to identify an expert to supplement prior opinions in response to expert opinions disclosed pursuant to this Order.  The circumstances under which the parties will be permitted to offer such supplemental opinions and the procedures governing

3

disclosure and discovery of such supplemental opinions will be decided by the Special Discovery Master, subject to approval by the Court.

## Case Specific Expert Witnesses on Economic Damages

10.    Expert witnesses who are expected to testify only on economic damages issues in particular cases must be identified by a plaintiff and Fed. R. Civ. P. 26(a)(2) disclosures filed in the transferor court and served on each defendant within thirty (30) days of the filing in the transferor Court of the Order of Remand issued by the Judicial Panel for Multi-District Litigation. Within thirty (30) days thereafter, or at such time as the transferor court directs, each defendant shall identify its experts on economic damages, and file and serve its Rule 26(a)(2) disclosures.

## Medical Examinations of Plaintiffs

11.    At any time after the DID in an individual action, Defendants may schedule medical examinations of Plaintiff(s), pursuant to and in accordance with Federal Rule of Civil Procedure 35, except that a Plaintiff shall not be required to travel an unreasonable distance for medical examinations.   Disputes concerning whether Plaintiff is being asked to travel an unreasonable distance for a medical examination shall be presented to the Special Discovery Master.  In the event that a medical examination is to take place requiring Plaintiff to travel more than fifty (50) miles, and if the Special Discovery Master overrules any objection to such travel, the party requesting the examination shall tender to Plaintiff's counsel five (5) calendar days in

4

advance of such examination a sum equal to the reasonable round-trip travel and lodging expenses

to be incurred by Plaintiff, and one attorney for Plaintiff, to attend the examination.

BY THE COURT:

BECHTLE, J.

1/6/99

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (Phentermine/           :
Fenfluramine/Dexfenfluramine)             :          MDL Docket No. 1203
PRODUCTS LIABILITY LITIGATION             :

PRETRIAL ORDER NO. 292

This Order will govern Deposition Discovery Scheduling for non-expert witnesses in all
cases that are part of this coordinated proceeding.

SCHEDULE FOR NON-EXPERT WITNESS
DEPOSITION DISCOVERY

Depositions for non-expert witnesses in cases having a Discovery Initiation Date ("DID")
on or before August 1, 1998, may commence on October 1, 1998, and shall be completed no later
than May 1, 1999. Depositions for non-expert witnesses in cases with DIDs after August 1, 1998,
may commence ninety (90) days after the DID and shall be completed no later than two hundred and
seventy (270) days after the DID. Plaintiffs shall be entitled to conduct twenty (20) simultaneous
tracks of depositions. Defendants, collectively, shall also be entitled to conduct twenty (20)
simultaneous tracks of depositions unless otherwise ordered. No depositions shall take place on
weekends during the period November 25 through November 29, 1998 and December 23, 1998
through January 3, 1999.

PROCEDURE FOR NON-EXPERT WITNESS
DEPOSITION DISCOVERY

1.   Fifteen (15) days before the beginning of the first monthly period (10/1/98) and forty-five
(45) days before the beginning of each subsequent monthly period allotted for deposition discovery,
the Plaintiffs' Management Committee and Defendants' Liaison Counsel shall exchange lists of the
persons to be deposed during the next deposition period. Each list shall state the name and affiliation

147
03/11/05
03:59 PM ET

Beacy MDL 1451

of the witness, an estimate of the numbers of hours or days required for the deposition, and the proposed location of the deposition. Within fourteen (14) days of receipt of the lists, counsel shall meet to confirm a schedule for each deposition period. A copy of this schedule shall be provided to the Court and the Special Discovery Master within five (5) days. By noon each Friday, during the period for depositions, counsel shall confirm the deposition schedule for the following week. The parties shall use their best efforts to cooperate in the scheduling of depositions, and avoid multiple depositions of the same witness. Any dispute shall be brought promptly to the attention of the Court and the Special Discovery Master so as not to interfere with the progress of the non-expert witness deposition discovery schedule.

2.  All depositions shall be noticed at least twenty (20) days before the scheduled date for the deposition by notice served on all members of the Plaintiffs' Management Committee and one attorney for each Defendant separately represented. The notice shall contain an estimate of the amount of time which will be required for the completion of the deposition and may include a request for production of documents not previously produced. In addition, if the notice requests that the deponent produce documents in connection with his deposition, such documents (or complete copies thereof) will be produced at the place designated at least ten (10) days prior to the date scheduled for the commencement of the deposition. Once these documents are provided, the parties are encouraged to negotiate stipulations as to the authenticity of such documents so as to expedite the deposition process.

3.  The deposition guidelines, previously outlined in Pretrial Order No. 21, will apply to all depositions.

2

148    03/11/05
03:59 PM ET

4.  Pursuant to Fed. R. Civ. P. 29, the parties may, by written stipulation, agree to conduct non-expert case specific depositions at such times and places as may be convenient for the parties. A copy of all such written stipulations shall be provided to the Special Discovery Master. In the absence of a written stipulation, the notice and reporting requirements of paragraph 1 shall apply.

5.  Beginning on November 1, 1998, and every two (2) weeks thereafter, Plaintiffs' Management Committee and Defendants' Liaison Counsel shall each submit a joint report advising the Court and the Special Discovery Master of the total number of depositions completed and summarizing the testimony provided.

6.  On or before February 1, 1999, or within six (6) months of the DID, Plaintiffs' Management Committee and Defendants' Liaison Counsel shall submit to the Court and the Special Discovery Master a joint report which shall contain the following:

    (a)    The total number of remaining depositions;

    (b)    The name and affiliation of each remaining witness;

    (c)    The estimated number of hours or days required to complete the remaining depositions; and

    (d)    A schedule for the completion of these depositions within the time limits prescribed by this Order.

149

03/11/05
03:59 PM ET

## OTHER DISCOVERY

7.     The parties are encouraged to consider other discovery devices permitted in the
Federal Rules of Civil Procedure such as Requests for Admissions pursuant to Rule 36 to the extent
these devices may eliminate or reduce the need for deposition discovery.  The parties, however, may
use such additional discovery devices only with prior authorization of the Special Discovery Master.

BY THE COURT:

BECHTLE, J.

Date: _Sept . 24 , 1998_

4

150

03/11/05
03:59 PM ET
Bascol MDL 1431

September 10, 1998

s