UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This Document Relates to ALL CASES**

## ASTRAZENECA'S COMBINED MOTION AND MEMORANDUM FOR IMPLEMENTATION OF CASE-SPECIFIC DISCOVERY

AstraZeneca moves this Court to enter the attached draft order implementing the case-specific discovery program adopted by the Court on June 11. AstraZeneca has met and conferred with plaintiffs in an effort to resolve issues related to the implementation of this discovery program. Although the parties agreed on certain points, they could not agree on the overall structure of the plan because plaintiffs seek, among other things, to control the selection of cases subject to discovery and to slash the time for AstraZeneca to depose witnesses (to four or five hours for plaintiffs and two hours for physicians).

This brief sets forth AstraZeneca's proposal for implementing this Court's June 11 order and preliminarily responds to many of the issues raised in plaintiffs' motion. Part I addresses plaintiff depositions, and Part II focuses on physician depositions. AstraZeneca will address plaintiffs' requests for a Defendants' Fact Sheet and depositions of sales representatives in AstraZeneca's opposition to plaintiffs' motion, which will be filed on or before July 2.

**I.      DEPOSITIONS OF PLAINTIFFS OR THEIR LEGAL REPRESENTATIVES**

**A**.      **Start Date for Plaintiff Depositions**

The June 11 order provides for the first-round case designation process to be completed on August 1 and for depositions of the 30 designated plaintiffs to be completed that month.  The parties agree that the depositions of the plaintiffs designated on August 1 should actually commence on September 4.  This will allow the parties to schedule deposition dates, staffing and venues in a more orderly manner.  Under this agreed approach, the second group of plaintiffs would be identified on September 4 and deposed in October; the third group identified on October 1 and deposed in November, and so forth.  *See* Proposed CMO ¶ II.A.

**B.      Plaintiffs Eligible for Deposition**

The Court's discovery order provides that plaintiffs will be deposition-eligible if they have served substantially complete fact sheets with authorizations for collection of medical records.  Doc. No. 225 at ¶ 2.  However, another factor should be considered in the deposition-eligibility of plaintiffs:  the time required to collect medical records.  Significant time passes between the date on which AstraZeneca sends a signed authorization to a healthcare provider and the date on which a healthcare provider responds to AstraZeneca's request.  This time lag is exacerbated where, as here, many plaintiff fact sheets do not name any, much less all, prescribing and treating physicians and do not identify pharmacies where prescriptions were filled.  Often, records received from one doctor will reveal that plaintiffs saw other physicians not named on the PFS.  Additional record requests must be served to obtain these records.

AstraZeneca therefore proposes that plaintiffs eligible for deposition during 2007 be limited to the 2,400 plaintiffs who served verified fact sheets with authorizations on or before March 31 and for whom AstraZeneca is more likely to have records. This approach will create an ample pool from which the parties and the Court can select the 120 plaintiffs who will be deposed in 2007. Those plaintiffs who served verified fact sheets with authorizations after March 31 will become deposition-eligible in January of 2008. *See* Proposed CMO ¶ I.B.

Plaintiffs have objected to this proposal. Apparently they want the latitude to designate for deposition plaintiffs whose authorizations were not provided until May or June and for whom few or no medical records have been produced. Setting those cases for deposition prematurely would undermine the objectives of the Court's case-specific discovery order: The Court and the parties would learn little from depositions conducted without medical records, and the cases would not be advanced toward meaningful motion practice or trial readiness.

Plaintiffs argue at length that case-specific discovery should be conducted efficiently. The way to maximize efficiency is to provide that the plaintiffs who first become eligible for deposition are those who first served their fact sheets.

### C. Selecting Plaintiffs for Deposition and Determining Where Plaintiffs Are Deposed

The Court's June 11 order stated that plaintiffs would be selected for deposition by plaintiffs, defendants, and the Court. Doc. No. 225 at ¶ 3. The Court crafted this plan to balance the input of the Court and parties in selecting cases for discovery.

Plaintiffs want to upset this balance by providing that plaintiffs dictate the state from which deposition-eligible cases be selected each month. AstraZeneca has three responses.

First, plaintiffs should not be allowed to seize control of the discovery process based on speculation about how AstraZeneca will conduct discovery that has not commenced. This Court limited to *30* the number of cases designated for discovery each month. Having chosen to represent in excess of seven thousand clients, plaintiffs' counsel cannot now complain they do not have enough lawyers to defend 30 plaintiffs' depositions in a month and to participate in related depositions of two doctors per case.

Second, AstraZeneca would be happy to have plaintiffs' counsel set the dates for all plaintiff depositions. This would streamline the deposition scheduling process. Accordingly, AstraZeneca's draft order provides that, when plaintiffs designate their ten cases for a given month, plaintiffs also must provide the dates on which the plaintiffs will be available. Two weeks after plaintiffs receive the designations from the Court and AstraZeneca, plaintiffs must provide the dates for those plaintiff depositions. Further, AstraZeneca has no objection to plaintiffs determining where they want to be deposed. AstraZeneca has incorporated these provisions into the proposed order appended to this brief. *See* Proposed Order ¶ II.D.

Third, plaintiffs state that, if they are allowed to decide the state in which discovery is conducted, they will mandate that only Florida-resident plaintiffs be deposed in September and October, to prepare those cases for trial in this District. But the Court does not have jurisdiction to try cases transferred to this MDL. 28 U.S.C. § 1407(a); *Lexecon, Inc.*

4

*v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).[1]  Only one atypical case originally filed in this District by a Florida resident is now pending in this MDL.[2]  Moreover, plaintiffs previously argued that they wanted to expedite trial of the first three cases filed in Florida, and then dismissed all three cases.

The Court's 3-deposition per case plan is not designed to facilitate immediate trial of a few cases (which would take more than 3 depositions).  Rather, the June 11 order is designed to move a number of cases toward motion practice and trial readiness while providing information on the range of cases in these coordinated proceedings, so the Court and the parties can make informed choices about the future of this litigation.  Allowing plaintiffs to restrict discovery to a given state will not serve this purpose.

In short, this Court struck a careful balance in determining how and by whom cases should be selected for depositions.  Plaintiffs have provided no basis for upsetting that balance.

### D.     Length of Plaintiffs' Depositions

Fed. R. Civ. P. 30(d)(2) provides that seven-hour depositions will be the norm, unless the Court or the parties (by stipulation) provide additional time.  AstraZeneca proposes that the seven-hour time limit apply here.  *See* Proposed CMO ¶ II.C.

---

[1] Pursuant to CMO 2 (Doc. No. 129) at ¶ 2, "disaggregated cases, though filed here, retain their status as transfer cases, subject to remand upon completion of the multidistrict proceedings."

[2] In *Gee v. AstraZeneca*, No. 6:07-CV-0325, plaintiff alleges that plaintiff's decedent suffered pulmonary edema and died as a result of ingesting Seroquel.

Plaintiffs argue that plaintiff depositions be limited to either four or five hours, contrary to the presumption of Rule 30(d)(2). In an attempt to justify their proposed restriction of AstraZeneca's discovery, plaintiffs assert that AstraZeneca will have ample discovery from the plaintiff fact sheets and medical records. That is the equivalent of AstraZeneca asking that plaintiffs' time deposing AstraZeneca personnel be shortened because plaintiffs have AstraZeneca documents. A party is entitled to gather written discovery and documents, and then to question the witnesses about those documents.

The need for adequate deposition time is particularly acute here. Plaintiffs have complicated histories that will take time to explore. Because plaintiffs have mental health issues, deposing counsel probably will require time to elicit responsive answers to their questions. If AstraZeneca is not given sufficient time to question these witnesses, it will be necessary to depose plaintiffs a second time to prepare cases for trial.

The way to avoid such follow-up depositions in virtually all cases is to allow AstraZeneca sufficient time to depose plaintiffs in the first place. Seven hours is what the Federal Rules provide, and seven hours is what AstraZeneca seeks here.

### E. Appearance or Non-Appearance of Plaintiffs

In other litigation, plaintiffs have tried to dismiss most or all of the cases designated by defendants for discovery or trial. Defendants have no objection to the dismissal of cases, but those dismissals should be with prejudice. Plaintiffs should not be allowed to evade their discovery obligations by dismissing a case, only to refile the case at a later date. *See* Proposed CMO ¶ IV. Nor should they be permitted to cancel a scheduled deposition without providing an alternate date. *See id.* ¶ 2.F.

Plaintiffs who do not show up for their depositions should be dismissed with prejudice, in accordance with Fed. R. Civ. P. 37(d) and (b)(2)(c), unless plaintiffs can show good cause. The Court also should provide that, if AstraZeneca is not given reasonable notice (48 hours) that a plaintiff will not appear, plaintiffs' counsel should be responsible for travel and court reporter costs incurred by defense counsel. *See* Fed. R. Civ. P. 37(d); Proposed CMO ¶ II.F. Such a requirement in the *Baycol* MDL has provided an incentive for plaintiffs' counsel to contact their clients before a deposition and find out whether those clients actually intend to litigate their claims.

## II.     PHYSICIAN DEPOSITIONS

### A.     Scheduling

Plaintiffs have agreed that AstraZeneca should be allowed to depose a plaintiff before deposing the plaintiff's treater and prescriber. Pl. Motion (Doc. No. 236) at 4. However, plaintiffs attempt to raise other obstacles to scheduling physician depositions.

First, plaintiffs argue that depositions of a plaintiff's prescribing and treating physicians should only be allowed in the month in which the plaintiff is deposed. Further, plaintiffs want the Court to mandate that depositions of prescribing and treating physicians in the same case be scheduled for the same day. Plaintiffs concede that this would be "impossible" to schedule cooperatively and therefore assert that "compulsory process" should be used. Pl. Motion (Doc. No. 236) at 13.

Thus, plaintiffs want AstraZeneca to alienate fact witness physicians by taking virtually every physician to court to enforce a subpoena setting a specific deposition date for the convenience of plaintiffs' counsel. Besides being unfair to defendants and a waste of

7

judicial resources, plaintiffs' proposal would not work.  This Court cannot order a non-party witness in another district to appear for a deposition on a given date.  Moreover, courts in other districts will not compel physicians to appear on a particular date to simplify the schedules of  lawyers.

Physician depositions are ordinarily set to accommodate the physicians' schedules.  That is what should happen here.  AstraZeneca will use its best efforts to complete the physician depositions within the month of the plaintiffs' depositions and to schedule the prescriber and treater in the same case on consecutive days.  But this will not be possible in many cases.  Accordingly, the attached draft order provides some flexibility in scheduling physician depositions, while including a deadline by which prescriber and treater depositions must be completed in a given case, absent a showing of good cause.  *See* Proposed CMO ¶ III.A.

Plaintiffs raise one other point that is directed toward the scheduling of physician depositions.  Plaintiffs ask the Court to order that depositions not take place on Saturdays or Sundays, absent agreement of the parties.  Pl. Motion (Doc. No. 236) at 15.  Plaintiffs already have told AstraZeneca that they will not agree to weekend depositions.

AstraZeneca is no more interested in conducting weekend depositions than plaintiffs. But sometimes a physician is only available on a Saturday, so that is when the deposition has to be taken.  AstraZeneca therefore has incorporated into its draft order a provision that would allow the scheduling of the rare weekend deposition.  *See* Proposed CMO ¶ III.C.

### B. Who Goes First

Plaintiffs have agreed that during depositions AstraZeneca will be allowed to question physician witnesses before plaintiffs question them. *See* Pl. Motion (Doc. No. 236) at 16; Proposed CMO ¶ III.B.

### C. Length of Depositions

As with plaintiff depositions, plaintiffs' counsel seek to impose unfair time limits upon AstraZeneca's depositions of prescribing and treating physicians. Specifically, plaintiffs contend that AstraZeneca should be allowed only two hours to depose doctors. Plaintiffs assert that AstraZeneca will not need more time, "particularly since there will be two (2) hours of follow up by Plaintiff's counsel." Pl. Motion (Doc. No. 236) at 16.

Two hours would not provide AstraZeneca sufficient time to conduct "a fair examination of the deponent," as contemplated by Fed. R. Civ. P. 30(d)(2), particularly in these cases, which involve complex psychiatric and medical histories, questions of physician knowledge and informed decisionmaking, and alternate causation, among other important questions at the heart of this litigation. AstraZeneca is entitled to an adequate opportunity and time to develop the record on these key fact witnesses. Accordingly, AstraZeneca should be allowed to take the time allotted by the Federal Rules – seven hours – if that much time is required to learn and explore the facts in a particular case. The order proposed by AstraZeneca therefore limits physician depositions to seven hours. *See* Proposed CMO ¶ III.B.

Because physician depositions cannot be cut short as plaintiffs propose, it also will be impossible to schedule the depositions of the prescribing and treating physician in the

same case on the same day. As set forth above, AstraZeneca will attempt to schedule these depositions on consecutive days.

### D.	Restriction on Communications with Physicians

Plaintiffs also contend that AstraZeneca's counsel should be barred from contacting physicians because such communications are prohibited under HIPAA and state law. *See* Pl. Motion (Doc. No. 236) at 14. Not only do plaintiffs want to bar substantive communications between doctors and lawyers, plaintiffs want to bar defense counsel's staff from making routine phone calls to physician offices to work out convenient deposition dates. Plaintiffs contend the only communication should be a subpoena, containing a deposition date that will be imposed on the physician by compulsory process. *See id.* at 13-14.

That is not the law. HIPAA bars covered entities from releasing protected information absent authorization. 45 C.F.R. § 164.508. Here, plaintiffs have signed HIPAA-compliant releases that expressly authorize physicians to release information relating to their medical care, treatment, and observations.[3]

In addition, some states allow communications between defense counsel and plaintiffs' physicians, on the theory that the confidentiality afforded physician-patient communications has been waived by the commencement of litigation. *See, e.g.*, *Bryant v. Hilst*, 136 F.R.D. 487, 488 n.1 (D. Kan. 1991) (addressing Kansas statute which provides that

---

[3] Specifically, the authorization states: "I hereby authorize all healthcare providers, physicians, hospitals, clinics and institutions, medical facilities, mental health clinics, mental health hospitals, [and] pharmacies . . . to release all existing medical records and information relating to the medical care, treatment, physical/mental condition, and documentation of medical expenses revealed by your observation or treatment past, present and future . . . regarding Patient to" defense counsel.

"there is no [physician-patient] privilege" in an action in which the condition of the patient is at issue); *Felder v. Wyman*, 139 F.R.D. 85, 87-88 (D.S.C. 1991) (recognizing that there is no physician-patient privilege under South Carolina law); *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 129 (D.D.C. 1983) (requiring plaintiffs to waive physician-patient privilege when a plaintiff's condition was at issue). Since questions of privilege must be determined in accordance with state law, *see* Fed. R. Evid. 501, this Court should not enter a blanket bar on communications that are legal in some states.

Most importantly, the Court should reject plaintiffs' attempt to gut this Court's June 11 order with the unworkable proposal that AstraZeneca only be allowed to schedule physician depositions by subpoena. As described above, the usual practice is for a paralegal to communicate with a physician's staff to determine the date or dates on which the physician will be available for deposition. Even if a physician happens to answer his or her own telephone, these communications do not address privileged or confidential information; they concern the physician's schedule. Accordingly, this Court should allow physician depositions to be scheduled according to the procedures routinely followed in each state.

## III. ADDITIONAL DISCOVERY ISSUES

- Plaintiffs argue that the Court should establish a procedure for expedited resolution of discovery disputes. Pl. Motion (Doc. No. 236) at 14-15. AstraZeneca agrees that the Court should advise the parties how it would like them to proceed if intractable problems arise during a deposition.

- Plaintiffs want AstraZeneca to complete a Defendants' Fact Sheet. Pl. Motion (Doc. No. 236) at 3, 8-10. AstraZeneca will address the scope and timing of any such discovery in its opposition to plaintiffs' motion.

- Plaintiffs also want to depose AstraZeneca sales representatives prior to prescriber and treater depositions. Pl. Motion (Doc. No. 236) at 3. This request should be denied. This Court has not provided for the completion of case-specific depositions at this time, but rather has ordered specific, limited discovery. Any depositions of sales representatives, like depositions of other witnesses, should be deferred to a later date, for reasons that will be addressed in AstraZeneca's upcoming opposition.

## CONCLUSION

For the foregoing reasons, the Court should enter the draft case management order appended to this brief.

Respectfully submitted on this the 22nd day of June, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 22nd of June, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

/s/ Shane T. Prince

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |