**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| In re:  Seroquel Products<br>Liability Litigation | Case No. 6:06-md-1769-ORL-22DAB<br>(ALL CASES) |

**ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION
TO APPOINT KENNETH FEINBERG AS SPECIAL SETTLEMENT
MASTER AND TO ESTABLISH AN ADR PROCEDURE**

Plaintiffs' motion to appoint Kenneth Feinberg as special settlement master is nothing more than an inappropriate attempt to coerce AstraZeneca into an early global settlement. Indeed, plaintiffs' counsel apparently hope that hiring Mr. Feinberg will help them extract from AstraZeneca the same sort of global settlement they obtained from a different defendant, Eli Lilly and Company, in the *Zyprexa* settlement.[1] But Mr. Feinberg's *Zyprexa* experience with these plaintiffs' lawyers makes him unacceptable to AstraZeneca as a settlement master in this litigation. If the time comes to appoint such a master, that job should go to someone without preconceived views, who is acceptable to both sides.

Moreover, appointment of any settlement master or establishment of any settlement program is premature. AstraZeneca requires significant case-specific discovery to

---

[1] *See* Nat'l Law Journal, "Suits surge against makers of anti-psych drug" (May 7, 2007), *available at:* http://www.law.com/jsp/nlj/PubArticleNLJ.jsp?id=1178010281276 (Seroquel plaintiffs' counsel Pennock described as saying that not settling Seroquel cases could end up costing AstraZeneca $10 billion, and stating that Seroquel litigation will be bigger than Zyprexa. Pennock further describes his aim to spread out large numbers of cases to give Plaintiffs "as many different pressure points on AstraZeneca as we can obtain").

determine its position with respect to any settlement in this litigation. That discovery has not yet started.

Plaintiffs have twisted AstraZeneca's position by proposing that, once the Court-ordered discovery has been completed *in each case*, AstraZeneca could elect to mediate that case through a court-ordered program, administered by Mr. Feinberg. But AstraZeneca is not ready to discuss any settlement in this litigation, and Mr. Feinberg is not in the business of administering case-by-case discovery programs. His reputation and business are founded on the big settlement. *See* The Feinberg Group, LLP website, Creative Settlement Terms and Conditions, *available at:* http://www.feinberggroup.com/settlement.htm ("The firm has been especially effective in developing strategies and procedures in mass claim litigation for resolving current as well as future claims to achieve a final comprehensive resolution …."). Thus, plaintiffs' proposal is nothing but an effort to get Mr. Feinberg in the door.

The Court should reject plaintiffs' attempt to impose their preferred special master on AstraZeneca. After case-specific discovery has gone forward for some months, AstraZeneca will have at least some of the information it needs to formulate its position and to discuss any settlement program with the Court and with plaintiffs.

I.  **KENNETH FEINBERG IS NOT A PROPER CHOICE FOR SPECIAL MASTER.**

It is too early to appoint *any* special master for settlement. After case-specific discovery proceeds in a broad sampling of cases, the parties can meet and confer. At that point, ADR might be appropriate, and only then would it make sense to appoint a special

master for settlement.  But Mr. Feinberg should not be a candidate for that post, at any time, for three reasons.

*First*, Mr. Feinberg should not be considered for settlement master for precisely the reason that he has been proposed by plaintiffs:  his recent experience crafting a global settlement in the *Zyprexa* litigation.  Indeed, Judge Jack Weinstein, who presides over the *Zyprexa* MDL, has cautioned against the use of such "repeat players" as special masters because a "special master's past and potential future encounters with the same attorneys may affect his or her actions in the present case."  *See* Jack B. Weinstein, Ethical Dilemmas in Mass Tort Litigation, 88 Nw. U. L. Rev. 469, 558 (1994).  Mr. Feinberg's very recent relationship with plaintiffs' counsel in the *Zyprexa* litigation makes him a repeat player and, thus, an improper choice here.[2]  Indeed, plaintiffs make clear that they want Mr. Feinberg to bring his *Zyprexa* experience to bear in this litigation.

Notwithstanding plaintiffs' apparent belief that this litigation should be treated as *Zyprexa* redux, Seroquel *is* a different drug, with a different set of facts and different defendants.  Membership in the same class of drugs does not make the Seroquel litigation ripe for settlement simply because many *Zyprexa* cases settled.  AstraZeneca is entitled to a settlement master who will bring a clean slate to any ADR activity that may take place in this litigation.  *See Manual for Complex Litigation* § 11.52 (4th ed.) ("It is generally preferable to

---

[2] That plaintiffs' counsel played an essential role in the *Zyprexa* litigation is undisputed.  *See, e.g.,* Pl. Br. (Doc. No. 235) at 2 ("The undersigned was personally present at the meetings when Special Master Feinberg helped counsel to cooperate and navigate matters of great complexity with even greater ramifications."); *see also* http://www.weitzlux.com/seroquel/seroquelzyprexa_402771.html ("QUOTABLES: ... Weitz and Luxenberg reports that the firm was on the steering committee of the MDL litigation for the atypical antipsychotic drug Zyprexa.  The committee secured $700 million in payments for 8000 victims who developed diabetes after taking Zyprexa").

appoint special masters with the parties' consent, and either to permit the parties to agree on the selection or to make the appointment from a list submitted by the parties").

*Second*, although AstraZeneca acknowledges Mr. Feinberg's experience as a mediator, AstraZeneca would object to his appointment here, even if he had not been involved in the *Zyprexa* litigation.  Plaintiffs, as evidenced by their opposition to case-specific discovery, do not share AstraZeneca's view that facts are needed before settlement can be considered.  Some of Mr. Feinberg's writing suggests that he, too, is happy to skip over the factual details in pursuit of settlement.  Although he identifies "immature torts" as a problem in mediation, he offers advice in one article on how to negotiate a large-scale settlement even before a "track record is developed concerning the quality and value of the claims."  *See* Kenneth R. Feinberg, "Reporting from the Front Line – One Mediator's Experience with Mass Torts," 31 Loy. L.A. L. Rev. 359, 366 (1998).  From AstraZeneca's perspective, Mr. Feinberg's approach of "negotiating in the dark, with expectation rather than hard evidence determining the different negotiating postures," would be an exercise in futility.  *Id.*  AstraZeneca sought case-specific discovery so it could obtain the "hard evidence" needed to formulate a position on settlement.

*Third*, plaintiffs' attempt to secure Mr. Feinberg's appointment over AstraZeneca's objections is antithetical to established ADR practice.  Alternate dispute resolution is most likely to be successful when both sides "buy into" the process.  *See* Leslie J. Lott, How to "Win" in Mediation, 537 PLI/Pat 607, 611 ("[I]t is a precondition for successful medication that both sides be amenable to a negotiated solution").  Compelling AstraZeneca to participate in settlement talks that it considers premature, with a special

4

master to whom AstraZeneca objects, would not serve to advance this litigation.  For all these reasons, plaintiffs' motion to appoint Mr. Feinberg special settlement master should be denied.

## II.    PLAINTIFFS' PROPOSAL TO ESTABLISH A MEDIATION PROGRAM IS PREMATURE.

Plaintiffs justify their proposed mediation program by distorting AstraZeneca's position regarding settlement.  They claim that AstraZeneca has conceded that individual cases will be "potentially ripe for ADR" once the case-specific discovery ordered by the Court has been completed.  Pl. Br. (Doc. No. 235) at 4.  Plaintiffs suggest that AstraZeneca designate any case that AstraZeneca wants to mediate "[w]ithin 10 days of the completion of the depositions of Plaintiff's prescribing and/or treating physician …." *Id.* at 6.  Only AstraZeneca would be allowed to designate cases for mediation, and plaintiffs would agree to mediate any designated case.  *Id.* at 6.  Initial mediations would be scheduled in batches of five cases before Mr. Feinberg.  *Id.*

As plaintiffs know, however, no mediations would take place under this program any time soon.  AstraZeneca has never said that it would be ready to mediate individual cases as the early physician depositions are completed.  To the contrary, AstraZeneca repeatedly has stated that it requires discovery in a substantial number of cases in order to formulate its position on mediation.  *See, e.g.*, AstraZeneca LP and AstraZeneca Pharmaceuticals LP's Motion (Doc. No. 204) at 3.  This discovery has not even commenced, much less proceeded to a point at which AstraZeneca would be in any position to discuss ADR.  Accordingly, AstraZeneca would not be referring any cases to this mediation program.

Given that plaintiffs repeatedly have been advised of AstraZeneca's position, why do they push to establish a mediation program now? The answer appears in paragraphs (a) and (d) of plaintiffs' proposal. In addition to giving Mr. Feinberg responsibility for mediating individual cases and, if necessary, recommending the establishment of a panel of mediators, plaintiffs would grant Mr. Feinberg expansive authority to "continue to provide assistance to the Court as to alternatives for the resolution of this litigation and the implementation of a settlement program." Pl. Br. (Doc. No. 235) at 6 ¶ a. Thus, while Mr. Feinberg would not have individual cases to mediate, he would be available to explore "alternatives," such as a *Zyprexa*-type settlement. Indeed, plaintiffs' proposal makes clear that "[n]othing herein shall be construed to preclude the discussion of a larger group of cases (e.g. by state of residence or category of injury). " *Id.* at 6 ¶ d.

It is too early to discuss the best mechanism for managing any MDL settlement program or determining the person to oversee such a program. At this stage, the parties and the Court do not know what the individual cases are going to look like. Therefore, any attempt to establish a settlement program now would be no more than a guess at what might work at some date in the future. Rather than indulging in such guessing games, the Court should defer creation of any ADR program until information on the cases is available, so the program could be tailored to meet the specific needs of this litigation. At that point, the parties should meet and confer about a process for selecting a mediator to which both sides can agree.

## CONCLUSION

This litigation is not the *Zyprexa* litigation. And while plaintiffs' counsel seek to duplicate the result they obtained in *Zyprexa* litigation, they cannot force that outcome on AstraZeneca. Plaintiffs' motion seeks to do just that, long before AstraZeneca has had the opportunity to develop its position on settlement. Accordingly, plaintiffs' motion to appoint Mr. Feinberg as Special Master for Settlement and to establish an ADR plan should be denied.

Respectfully submitted on this the 2nd day of July, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Susan A. Weber
SIDLEY AUSTIN LLP
Bank One Plaza
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7820
Facsimile: (312) 853-7036
saweber@sidley.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 2nd of July, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

/s/ Shane T. Prince

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |