**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| In re:  Seroquel Products Liability Litigation | Case No. 6:06-md-1769-ORL-22DAB (ALL CASES) |

_____

**ASTRAZENECA'S RESPONSE TO PLAINTIFFS' REQUEST
TO CONDUCT CASE-SPECIFIC DISCOVERY BEYOND
THE SCOPE OF THE COURT'S JUNE 11 DISCOVERY ORDER**

Having failed to persuade the Court to bar case-specific discovery, plaintiffs now propose *expanding* the Court's carefully-crafted discovery plan to make that discovery at best cumbersome and at worst undoable. Specifically, plaintiffs want to add multiple witnesses – sales representatives – and to require that those sales representatives be deposed *before* physicians may be deposed. Plaintiffs also want AstraZeneca to complete a "Defendant Fact Sheet" that would require customized searches of numerous databases for every case. Further, plaintiffs want AstraZeneca to provide that information just a few days after a case is selected for discovery and to certify that "all requested documents have been supplied" within that narrow time frame.

AstraZeneca can and will provide certain of the discovery plaintiffs seek. However, this Court should reject the rest of plaintiffs' proposals, which seek to make the Court's streamlined discovery program utterly unmanageable. Specifically:

*The Court should order that sales representative depositions be conducted later in this litigation.* To obtain the most crucial information about a significant number of cases quickly and efficiently, the Court limited the scope of discovery at this time to three

witnesses per case: the plaintiff (or plaintiff's representative), the prescribing physician, and one treating physician. Depositions of spouses who have asserted derivative claims, other fact witnesses, additional treaters, and experts have been deferred. Depositions of sales representatives should occur when the rest of fact discovery is conducted – not as a part of the Court's initial case-specific discovery plan. Plaintiffs may want sales representative testimony to try cases, but that testimony is not necessary to the immediate objectives of the Court's discovery program.

*The Court should limit any case-specific discovery that AstraZeneca produces now to materials that are pertinent to the depositions of prescribers and that can be produced without delaying the Court's case-specific discovery plan.* The Court's case-specific discovery plan did not contemplate expedited production of a Defendants' Fact Sheet ("DFS") or similar discovery. Nevertheless, AstraZeneca stands ready to produce certain information to plaintiffs prior to the depositions of prescribing physicians. The discovery requested by plaintiffs, however, encompasses materials not pertinent to the depositions authorized by the Court's case-specific discovery order and that cannot be produced on the schedule in the Court's discovery plan. Plaintiffs should not be allowed to use these discovery requests to delay case-specific discovery.

*AstraZeneca's case-specific discovery should be served 10 days before the prescriber is deposed.* Plaintiffs also argue that AstraZeneca should be required to serve case-specific discovery five or ten days after a case is designated for case-specific discovery. *Compare* Pl. Br. (Doc. No. 236) at 12 *with* Pl. Br., Ex. 1 (Doc. No. 236-2) at 1. This timetable is unworkable (as plaintiffs designed it to be). In mass tort litigation, many

plaintiffs discontinue their cases when their depositions are noticed or shortly after they are deposed. AstraZeneca should not be required to expend resources producing discovery for cases that will not go forward. Moreover, producing this case-specific discovery will require AstraZeneca to search numerous databases (some of which pose special challenges because they are no longer in operation), using searches crafted to each case. Accordingly, the discovery should be due 10 days before the deposition of plaintiff's prescriber. This will allow AstraZeneca time to collect the information and plaintiffs time to absorb the information before they might use it in a deposition.

For all these reasons, the Court should adopt AstraZeneca's plan for providing plaintiffs certain case-specific discovery in conjunction with the depositions ordered by the Court.

**ARGUMENT**

**I.   SALES REPRESENTATIVE DEPOSITIONS SHOULD BE DEFERRED UNTIL LATER IN THIS LITIGATION.**

Plaintiffs have proposed that depositions of sales representatives be added to this Court's carefully-constructed case-specific discovery plan and that these depositions be completed before AstraZeneca is allowed to depose plaintiffs' prescribing and treating physicians. Pl. Br. ( Doc. No. 236) at 3. Plaintiffs further contend that all of these depositions should be completed in a calendar month. Plaintiffs' proposal seeks to undermine the discovery process designed by this Court.

In its June 11 Order (Doc. No. 225), the Court opted for a narrowly-tailored case-specific discovery plan that will allow the parties and the Court to learn the basic facts about plaintiffs' claims, but without conducting (at this time) the full discovery necessary to

prepare cases for trial. Accordingly, depositions of many fact witnesses of interest to defendants have been deferred. Indeed, depositions of *spouses who are parties to these lawsuits* have been deferred, as have the depositions of other relatives, friends, employers, additional treating physicians, and experts.

Sales representative depositions should be deferred as well. AstraZeneca does not dispute that plaintiffs are entitled to depose sales representatives before their cases proceed to trial. But those depositions do not have to take place now. Plaintiffs can question physicians about what, if anything, they recall from sales representative visits when physicians are deposed. That does not foreclose plaintiffs from questioning sales representatives in the future, or from re-noticing a physician deposition in the highly unusual case in which a sales representative gives testimony inconsistent with that of a physician. Plaintiffs may prefer to take these depositions in a certain sequence, but this Court has the authority to determine the order of discovery as part of managing this litigation. *See generally* Fed. R. Civ. P. 26(d).

Indeed, allowing sales representative depositions could result in a "tail wagging the dog" scenario in the initial round of case-specific discovery. A physician may have been visited by half-a-dozen or more AstraZeneca sales representatives over the time relevant to a particular claim. Thus, if sales representative depositions are allowed now, the parties could end up spending more time and resources on those depositions than on the plaintiff and physician depositions authorized by the Court.

Further, plaintiffs' suggestion that depositions of 30 plaintiffs, an unknown number of sales representatives, and then 60 doctors should take place in a calendar month

4

demonstrates plaintiffs' real objective: establish an impossible schedule and then argue that case-specific discovery should be shut down when the schedule is not met.

Deferring depositions of sales representatives also would reduce the burden of producing case-specific documents requested by plaintiffs. Several of those requests have no bearing on plaintiff or physician depositions and relate only to depositions of sales representatives, which are beyond the scope of the Court's June 11 Order. Production of such documents should be deferred, along with the sales representative depositions. The Court should not allow plaintiffs to so expand the case-specific discovery program that it no longer serves the Court's objective of focusing on the critical evidence in a range of cases.

## II.  ASTRAZENECA WILL PRODUCE CERTAIN CASE-SPECIFIC DOCUMENTS PRIOR TO PRESCRIBER DEPOSITIONS.

Plaintiffs have proposed a Defendants' Fact Sheet that would require AstraZeneca to answer 34 queries and produce 7 categories of documents for each physician who will testify in this early round of depositions. Moreover, plaintiffs want AstraZeneca to complete this production five or ten days after a case has been designated for discovery. *See* Pl. Br. (Doc. No. 236) at 12; Pl. Br., Ex. 1 (Doc. No. 236-2) at 1.

AstraZeneca could retort that the proposed Defendants' Fact Sheet falls outside the scope of the Court's June 11 discovery Order and should be addressed, if at all, at a future date. However, in the spirit of cooperation, AstraZeneca is willing to produce certain materials requested by plaintiffs. Several overarching limitations must, however, be imposed on plaintiffs' discovery demands.

*First,* AstraZeneca should not be required to produce case-specific discovery before plaintiffs are deposed. Experience shows that some plaintiffs do not appear for their

5

own depositions. AstraZeneca should not be required to collect discovery materials for cases that plaintiffs do not intend to litigate. Further, AstraZeneca may not be able to identify the physicians whom it seeks to depose until after plaintiffs have testified. Moreover, plaintiffs concede that these documents would be used in cross-examining physicians, not in questioning plaintiffs. Pl. Br. (Doc. No. 236) at 3, 8. Accordingly, AstraZeneca should produce the discovery materials set forth below no later than 10 days before the deposition of a plaintiff's prescribing physician.

*Second*, AstraZeneca's obligation to produce physician-specific information should extend only to the physician who prescribed Seroquel. Requiring AstraZeneca to search databases for information relating to treating physicians, who were not involved in the decisions to place plaintiffs on Seroquel, would needlessly increase the burden on AstraZeneca.

*Third*, AstraZeneca should produce documents only for the period starting six months before the plaintiff started taking Seroquel and ending six months after the plaintiff stopped taking Seroquel (if the plaintiff has discontinued the medicine).

Subject to these constraints, AstraZeneca proposes to produce the following information, as it relates to Seroquel, before a prescribing physician is deposed:

DFS § II. A.1. Plaintiffs seek each "Dear Doctor" or "Dear Healthcare Provider" letter sent to a physician witness, and certain specific information about that letter.

> *AstraZeneca already has produced some "Dear Doctor" and "Dear HealthCare Provider" letters and is continuing to search for other letters. With respect to at least some of the letters, AstraZeneca expects to be able to inform plaintiffs whether a particular prescribing physician received the letter.*

DFS § II.A.2. Plaintiffs seek any responses to a Physician Information Request ("PIR") by a physician witness.

6

> *AstraZeneca will search its PIR database and produce any responses to PIRs from the prescribing physician. (The PIR database, like many of the databases at issue here, is an old database that runs searches very slowly. Extracting information for each prescribing physician will be very time-consuming.)*

DFS § II.B.1.  Plaintiffs seek information regarding contacts between sales representatives and physician witnesses.

> *AstraZeneca will produce sales representative call logs pertaining to Seroquel for the prescribing physician. (These logs are stored on three distinct databases, some of which are no longer in operation and require that individual search programs be written to obtain logs pertaining to a specific prescriber.)*

DFS § II.B.2.  Plaintiffs seek information regarding the number of samples provided to physician witnesses, the dates any samples were provided, lot numbers, and the persons who provided samples.

> *The presence or absence of samples is not likely to be disputed in most cases. Where Seroquel sampling history is disputed, AstraZeneca will search for data on samples provided to the prescriber in question. Production of this information for all prescribers would be unduly burdensome and time-consuming because collection of sampling information would require searches of three separate databases, one of which is no longer in use and another of which is controlled by an outside vendor.*

DFS § II.C.1.  Plaintiffs seek information on whether a physician witness was retained in any capacity by AstraZeneca or otherwise provided compensation of any kind, and specifics related to that compensation.

> *AstraZeneca will search its accounts payable database and produce any entry reflecting any payment to a prescribing physician and the amount of that payment.*

DFS § II.C.2.  Plaintiffs seek information on whether a physician witness attended any event sponsored by AstraZeneca, including events supported in whole or in part by educational grants or other means.

> *AstraZeneca has not identified any reliable database that captures this information prior to September 2006. Plaintiffs can ask physicians about their attendance at such events, of course.*

7

DFS § II.C.3.   Plaintiffs seek information on whether any physician witness has contacted AstraZeneca.

> *As stated above, AstraZeneca will produce information from its PIR database reflecting contacts from a prescribing physician pertaining to Seroquel.*

DFS § III.1.   Plaintiffs seek any information tracking a Physician Witness's prescribing habits.

> *AstraZeneca is in communication with IMS, the entity that provides AstraZeneca with information on physician prescribing habits, subject to strict confidentiality rules. AstraZeneca hopes to produce IMS data for each prescribing physician and will advise the Court and plaintiffs if such production is not feasible.*

DFS § IV.1-3.   Plaintiffs seek information on any adverse events reported to AstraZeneca with respect to a particular plaintiff.

> *AstraZeneca has produced Medwatch adverse event reports prior to June 30, 2005. AstraZeneca will produce remaining Medwatch reports prior to the commencement of plaintiff depositions (proposed to start September 1). Plaintiffs can search those materials. Most adverse event reports do not identify the patient in question.*

DFS § V.   Plaintiffs seek various information related to Seroquel advertising in the media market in which plaintiff and the physician witnesses reside.

> *AstraZeneca did not advertise Seroquel on a regional basis. Plaintiffs served discovery relating to Seroquel marketing on June 26. AstraZeneca will respond to that discovery in due course.*

DFS § VI.1.   Request for production of sales representative call notes.

> *See supra,* **at DFS § II.B.1.**

DFS § VI.2.   Request for production of sales representative training materials.

> *These materials have no bearing on the plaintiff and physician depositions authorized by this Court for early discovery. AstraZeneca is producing these materials as part of its general MDL production.*

DFS § VI.3.   Request for production of sales representative personnel and other files.

> *These materials are not pertinent to depositions of physicians.*

8

DFS § VI.4. Request for production of any document that relates or refers to plaintiff.

*See supra*, **at DFS § IV.1-3.**

DFS § VI.5. Request for production of any document sent to or received from a physician witness.

*See supra*, **at DFS §§ II.A.2., II.B.1., II.C.1., and II.C.3.**

DFS § VI.6. Request for production of any document reflecting communications between AstraZeneca and any physician witness concerning the risks and/or benefits of Seroquel.

*See supra*, **at DFS §§ II.A.2., II.B.1., II.C.1., and II.C.3.**

DFS § VI.7. Request for production of any document purporting to describe prescribing practices of a physician witness.

*See supra*, **at DFS § III.1.**

The scope of discovery and the production timetable set forth above will amply address plaintiffs' interest in having any documents necessary to cross-examine prescribing physicians. Moreover, AstraZeneca's proposal meets this need in a manner that will not unduly burden defendants or subvert the purposes of the Court's carefully-structured case specific discovery program.

## CONCLUSION

For the foregoing reasons, the Court should defer sales representative discovery until a later stage in this MDL and reject plaintiffs' overreaching DFS in favor of the manageable discovery proposal set forth above.

9

Respectfully submitted on this the 2nd day of July, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Susan A. Weber
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7820
Facsimile: (312) 853-7036
saweber@sidley.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 2nd of July, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

/s/ Shane T. Prince

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

14

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

15

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |