# EXHIBIT "A"

1

```
 1                    UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
 2                        ORLANDO DIVISION

 3                 Docket No.6:06-MD-1769-Orl-22DAB

 4   . . . . . . . . . . . . . .
     IN RE:                         :
 5   SEROQUEL PRODUCTS LIABILITY     :
     LITIGATION                      :          Orlando, Florida
 6   MDL DOCKET No. 1769             :          September 7, 2006
                                     :            2:30 p.m.
 7   ALL CASES                       :
                                     :
 8   . . . . . . . . . . . . . .:

 9
                   TRANSCRIPT OF PRETRIAL CONFERENCE
10             BEFORE THE HONORABLE ANNE C. CONWAY
                   UNITED STATES DISTRICT JUDGE
11                           AND
               BEFORE THE HONORABLE DAVID A. BAKER
12               UNITED STATES MAGISTRATE JUDGE

13   APPEARANCES:

14   For the Plaintiffs:        Paul Pennock

15                              Larry M. Roth

16                              Scott Allen

17                              K. Camp Bailey

18                              Michael W. Perrin

19                              Matthew F. Pawa

20                              Matthew E. Lundy

21                              Keith M. Jensen

22                              John J. Driscoll

23                              Kenneth W. Smith

24                              Lawrence J. Gornick

25   Court Reporter:     Sandra K. Tremel, RMR/CRR
```

Exhibit A

```
 1   APPEARANCES CONTINUED:

 2   For the Plaintiffs:          F. Kenneth Bailey, Jr.

 3                                W. Todd Harvey

 4   For the Defendant

 5   AstraZeneca:                 Michael W. Davis

 6                                David B. Barlow

 7                                James W. Mizgala

 8                                Robert L. Ciotti

 9   For the Defendant

10   Margueritte Devon French:    Tracey Dujakovich

11

12   Proceedings recorded by mechanical stenography, transcript

13   produced by computer-aided transcription.

14

15

16

17

18

19

20

21

22

23

24

25
```

1    the original motion.

2            MR. DRISCOLL:   There was no question in my mind,

3    Your Honor that Judge Herndon acted without jurisdiction

4    at the time he entered those orders.

5            JUDGE CONWAY:   I guess there's another question

6    about the motion for reconsideration since that was

7    clearly -- as --

8            MR. DRISCOLL:   I think even more clear that he

9    had no jurisdiction at the time that he denied the motion

10   to reconsider.

11           JUDGE CONWAY:   All right.   Are you -- is someone

12   intending to file a new motion?

13           MR. DRISCOLL:   I am not, Your Honor.

14           JUDGE CONWAY:   Because on the record they stand

15   dismissed.   So I don't know what the defense wants to do

16   about that.

17           MR. DRISCOLL:   We unfortunately, Your Honor --

18           JUDGE CONWAY:   The defense was --

19           MR. DRISCOLL:   -- we have not spoken on that

20   issue.   That is one thing that we did not speak about

21   prior to today's hearing.   So perhaps if you would grant

22   us leave within seven days to resolve that, we could

23   report back to the Court in that time.

24           JUDGE CONWAY:   Because we need to know whether

25   those cases are part of this or not part of this.

1          MR. DAVIS:  My understanding, I think this is

2    what Mr. Driscoll is affirming, is those cases are part of

3    this MDL, that the Court was without jurisdiction to enter

4    the orders and without further jurisdiction to enter a

5    motion for reconsideration or entertain a motion for

6    reconsideration.  So unless I'm misinterpreting what

7    Mr. Driscoll is saying, those cases are before this Court.

8          JUDGE CONWAY:  Well, I'm not inclined to just

9    ignore the order of a fellow judge, so.  I would prefer

10   there be some motion or agreement on both sides before

11   I --

12         MR. DAVIS:  So far so good in terms of our

13   cooperation.  And we'll do that certainly within 14 days

14   and hopefully --

15         JUDGE CONWAY:  If you two can't agree, then I'll

16   be happy to rule on some sort of motion, but --

17         MR. DAVIS:  We all recognize that, Your Honor.

18   Thank you.

19         MR. DRISCOLL:  Yes, Your Honor.

20         JUDGE CONWAY:  All right.

21      I'll let Judge Baker address some discovery issues.

22         JUDGE BAKER:  Have you -- well, let me ask it

23   this way a little more positively.  What discussions have

24   you had about exchanging the new drug applications and

25   plaintiffs' medical records and courses of treatment?

```
 1              MR. PENNOCK:  Yes, Your Honor.  Actually we have
 2    had some very good discussions pursuant to the Court's
 3    directive.  We met at 1:00.  I think that was very helpful
 4    because we sat down and essentially there -- I don't think
 5    there is anything in major dispute on this agenda.  There
 6    are a lot of things that we need to say we're going to
 7    agree to -- try to agree to, and one of them is the IND
 8    and the NDA.
 9         We -- both sides agree that it's going to be produced
10    in short order, but the first thing we both acknowledge
11    needs to happen is that we have to get a protective order
12    in place.  The defendants will require that before they'll
13    disclose it.  And as you know that's typical.
14         So they have already today at the conference,
15    Mr. Davis and Mr. Mizgala gave to each of us their
16    proposed protective order.  We indicated to them we'll get
17    back to them very shortly and with any suggestions or
18    tweaking that we might want to have done with respect to
19    it.  Hopefully, we can get together and have a protective
20    order that's completely agreed to by both sides, but if
21    not, we may need the Court's assistance on some small
22    matters of dispute.  We don't know.  It's likely I think
23    we'll have an agreement on the protective order.  Once we
24    get that in place, we hope that at some point in the near
25    term and there's a little debate how long it will take the
```

1   defendants, but the defendants will need some time to put

2   together the IND and NDA then they're going to get it to

3   us on CD.  So the short of it --

4           JUDGE BAKER:  That's the part I don't understand

5   is why that should take any time at all.  Those things are

6   in existence.  You have known you're going to need to

7   produce that.  Why should there be any delay associated

8   with that?

9           MR. DAVIS:  Your Honor, the issue outside of --

10  just boil it down, we are in a position where we can

11  produce hard copy.  The question is I think counsel would

12  like very much for the documents that we produce over the

13  course of this litigation be produced in the CD.  And that

14  does take time.  In this electronic age --

15          JUDGE BAKER:  It doesn't take very much time.  I

16  can go to Office Depot and get a scanner and software and

17  have it done tomorrow morning.  I don't care how many

18  thousands of page it is.

19          MR. DAVIS:  We're not talking about a long

20  period of time, Your Honor.

21          JUDGE BAKER:  Why didn't you start that

22  yesterday?  You know you're going to be doing it.  Go

23  ahead and get it ready while we're working on the

24  protective order.

25          MR. DAVIS:  We are.  With all due respect we

1   are, Your Honor.  We're all working on that.  And we

2   discussed a 60 day period.  But I have also shared with

3   plaintiffs' counsel if we can do better then that, we'll

4   do better than that.  I mean, there's no reason for us to

5   want to hold that up at all.  Indeed, we have produced it

6   once in hard copy.  It's the electronic formatting of the

7   NDA and the IND.  So we intend to do that and we'll move

8   as briskly as we can.  And that was the subject of our

9   discussion with plaintiffs' counsel.

10          JUDGE BAKER:  Well, again, there's absolutely no

11  mystery in this case or any case like it that that is

12  something you're going to be producing.  And it seems to

13  me knowing that that's something that actually should have

14  been done before now, that you should have it ready.  But

15  regardless of that, it's just not something that takes

16  very long in this day and age of electronic -- and I dare

17  say an awful lot of that stuff was produced to the FDA in

18  electronic format.  Not the lab tests, I suppose, but even

19  that I suspect was.  There are different formats.  But

20  this part of it is not rocket science or even hard medical

21  science.  This is easy technology.

22          MR. DAVIS:  The NDA and the IND, and the Court

23  recognizes this, is hundreds of thousands of documents.  I

24  won't go through this with Court what the IND and NDA

25  contain because the Court appears very familiar with its

1   substance.  It contains clinical trials, the

2   communications with the FDA.  We're talking about 200,000

3   boxes of material and -- forgive me I misspoke.  Not

4   200,000 boxes but 200 boxes of material.  And therein lies

5   the rub in terms of getting these documents on a CD as we

6   have indicated to plaintiffs' counsel and I represent to

7   the Court what we'll do.

8        And what we had discussed was a 60 day period.  And

9   you know, given the other matters that we're likely to be

10  taking up in terms of tendering to the Court master

11  pleadings, exchanging information with respect to the

12  plaintiff's fact sheet, you know, we don't believe that's

13  an unreasonable period of time, Your Honor, and would ask

14  for that, for that period of time.

15       You know, that being said, you know, I'm not going to

16  hold back a CD once we have that prepared.  I will not

17  hold it back.  But I don't want -- I recognize the

18  importance of this Court's control dates and they are set

19  in concrete and then placed in stone.  And so I don't want

20  to be in a position where right out of the box I'm in this

21  very awkward position with respect to that.  So we will

22  move swiftly.  But I think the period of time that we

23  discussed and that we would like is, if the Court's going

24  to talk about setting some timeframe, is that 60 days.

25  And I'll leave it at that, Your Honor.