# EXHIBIT "E"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to ALL CASES

## ORDER

This cause is before the Court on MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) filed December 12, 2006.

The United States Magistrate Judge has submitted a Report recommending that the Motion be granted in part, denied in part, and modified.

After an independent *de novo* review of the record in this matter, and noting the parties' objections to the proposed changes to Case Management Order No. 2, and Plaintiffs' objections to severance, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed December 22, 2006 (Doc. No.113), is **ADOPTED** and **CONFIRMED** and made a part of this Order with respect to Case Management Order No. 2 and severance.

1

2. All of the plaintiffs' claims (except for consortium claims) are hereby severed. The Clerk is directed to open new separate files for each named plaintiff (with the consortium exception noted above). By separate order the Court will advise Plaintiffs' counsel of the new case numbers, and the procedures for filing separate Amended Complaints and the payment of the filing fees (or application to proceed *in forma pauperis*). From this date forward all cases filed in this MDL are subject to this requirement. The disaggregated cases, though filed here, retain their status as transfer cases, subject to remand upon completion of the multidistrict proceedings.

3. All cases directly filed in the Orlando Division of the Middle District of Florida that are related to this MDL will be reviewed at the conclusion of these proceedings to determine whether they should be transferred to the district court in which the plaintiff resides.

4. The next status conference is scheduled before Magistrate Judge David A. Baker on February 8, 2007 at 10 AM., in Courtroom 6.

5. MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) is granted in part, denied in part, and modified as follows:

## CASE MANAGEMENT ORDER NO. 2

**I. Plaintiff Fact Sheets and Dismissals**

A. No later than January 31, 2007, at least 500 plaintiffs shall have either: (1) served AstraZeneca with completed Plaintiff Fact Sheets, executed authorizations, and responsive

documents requested in the Fact Sheets (collectively "PFS"), or (2) stipulated to dismissal without prejudice of their claims and stipulated that, should he/she later re-file, he/she shall do so by filing a complaint in a United States District Court in which venue is proper, shall not join any parties or amend his/her pleadings in any way that would defeat diversity jurisdiction, and shall not object to said case being transferred to this MDL. No later than February 28, 2007, and the last business day of each succeeding month ending June 30, 2007 one-fifth of the Bailey plaintiffs shall do the same. No later than February 28, 2007, and the last business day of each succeeding month ending April 30, 2007 one-third of the non-Bailey plaintiffs shall do the same. By February 16, 2007 plaintiffs' counsel shall file a designation of the month each client's completed form is due.

B. All plaintiffs whose complaints are docketed in this MDL after January 31, 2007 shall serve AstraZeneca with their PFSs within 45 days after docketing.

C. If AstraZeneca has not received a completed PFS for a plaintiff within 10 days following the due date set forth above, AstraZeneca will send a Notice of Overdue Discovery to plaintiff's counsel identifying the discovery overdue and stating that, unless the plaintiff complies with the Court's discovery orders, the case will be subject to dismissal.

D. If AstraZeneca has not received a completed PFS within 20 days after serving a plaintiff with a 10-day notice, AstraZeneca may submit to the Court an Order dismissing the Complaint without prejudice, using the form attached as Exhibit A to this Order. Plaintiff shall have 10 business days from the date AstraZeneca submits the dismissal order to file a notice certifying that the plaintiff has served upon AstraZeneca and AstraZeneca has

received a completed PFS, and attaching appropriate documentation of receipt. If a plaintiff files such a notice, the plaintiff's claims shall not be dismissed. Unless plaintiff has served AstraZeneca with a completed PFS and has moved to vacate the dismissal without prejudice within 60 days after entry of any such Order of Dismissal Without Prejudice, the order will be converted to a Dismissal With Prejudice upon AstraZeneca's motion.

II.     **AstraZeneca's Production of Documents**

A. By December 19, 2006, AstraZeneca shall produce to Lead Counsel for plaintiffs current organizational charts reflecting its general corporate structure, the structure of the Seroquel team, and the structure of the drug safety team. By January 15, 2006, AstraZeneca shall produce to Lead Counsel for plaintiffs available organizational charts reflecting its general corporate structure, the structure of the Seroquel team, and the structure of the drug safety team for the past ten years. Plaintiffs may at any time serve a written request for additional organizational charts, and AstraZeneca reserves the right to object to such requests. By December 22, 2006, AstraZeneca shall identify the eight custodians for whom it has already substantially collected documents ("the Eight Custodians") and the other custodians (approximately 72) from whom it has begun to collect documents and/or whom it has identified as persons who have custody of documents that are potentially relevant to this litigation.

B. Plaintiffs may thereafter request that AstraZeneca collect and produce documents from AstraZeneca officers and employees who are not among the approximately 80

custodians whom AstraZeneca has identified. AstraZeneca reserves the right to object to such requests.

C. AstraZeneca shall first produce the documents collected from the Eight Custodians. Thereafter, AstraZeneca shall attempt to produce documents to plaintiffs in the order that plaintiffs request AstraZeneca to produce such documents from custodians other than the Eight Custodians, taking into account the status of document collections already underway.

D. AstraZeneca shall begin producing documents collected from the Eight Custodians on or before January 5, 2007, and AstraZeneca shall thereafter produce documents collected from all other custodians as soon as practicable.

E. Plaintiffs may notice the depositions of custodians following receipt of notice from AstraZeneca that the production of the custodian's documents is complete. In the event plaintiffs elect to take a custodian's deposition prior to receiving notice that production is complete, they may do so, but plaintiffs shall not be entitled to further depose that witness on the grounds that document production was not complete. AstraZeneca reserves the right to object to notices of deposition on any basis contemplated by the Federal Rules of Civil Procedure or by case law. On or before February 15, 2007, the parties shall present to the Court a joint proposed Order setting forth the guidelines for conducting depositions of witnesses in this MDL.

F. On or before January 5, 2007, AstraZeneca shall provide Lead Counsel for plaintiffs with a list of databases that correspond to the 14 categories identified in plaintiffs' proposed order regarding document production and preservation,[1] and which potentially contain information relevant to Seroquel. Thereafter, and before January 25, 2007, AstraZeneca will allow plaintiffs to conduct informal interviews, in person or by telephone, of a knowledgeable AstraZeneca-employed IT person or persons who can adequately address plaintiffs' questions about said databases and how information can potentially be produced or extracted from them. If, after any such interview, plaintiffs determine that the individual cannot adequately answer their questions or does not have the requisite knowledge about the database in question, plaintiffs shall identify the issues for which they seek additional information, and AstraZeneca shall promptly identify an IT employee with knowledge of such issues and present that person for interview. Each such interview shall be conducted by one plaintiffs' lawyer and one IT person employed by plaintiffs on behalf of all plaintiffs, although more than one plaintiffs' lawyer and IT person may listen to the interview in person or via telephone. The interviewing lawyer shall be designated by or have the authority of Lead Counsel for Plaintiffs.

---

[1] Plaintiffs' proposed order identified the following types of databases: 1) adverse event database; 2) sales call tracking database; 3) IMS database; 4) clinical communications database; 5) regulatory database; 6) regulatory contact databases; 7) clinical trial database; 8) medical literature database; 9) research report database; 10) documentum or similar databases (document management systems used by many pharmacy companies); 11) visitor speakers bureau and/or thought leader databases; 12) clinical payments database; 13) field force rosters; and 14) instant message, voicemail, discussion forum and prior website page databases, transcripts and recovery.

G. All pending Requests for Production, Requests for Admission, Interrogatories, and deposition notices directed to AstraZeneca are deemed withdrawn. AstraZeneca shall not be required to respond to these previously-served written discovery requests or deposition notices.

H. Once plaintiffs have collectively served AstraZeneca with at least 2,500 completed PFSs, plaintiffs shall be permitted to serve discovery requests and deposition notices other than as set forth herein. AstraZeneca reserves the right to object to any such future discovery requests on any basis contemplated by the Federal Rules of Civil Procedure, by the Local Rules, or by case law.

### III. Format of Production of Custodial Files

A. Format of Production

1. AstraZeneca shall produce all responsive hard copy and electronic documents in single-page Tagged Image File Format ("TIFF") with an accompanying load file, an extracted text file of electronic documents that are unredacted, and an Optical Character Recognition ("OCR") text file of unredacted portions of redacted documents and hard copy documents.

2. Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the

problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. The metadata for documents which have been "de-duplicated" across custodial files will indicate the names of the custodians in whose files the documents are located. The Plaintiffs shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format. AstraZeneca will produce documents on DVD or hard drives.

3. Each page of a produced document shall have a legible, unique page identifier ("Bates Number") and confidentiality legend (where applicable) on the face of the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than the Bates Number, confidentiality legend (where applicable), and redactions addressed above.

4. For redacted documents not yet reviewed by AstraZeneca as of the date of this order, the metadata for each document will indicate the basis for the redaction (e.g., "other AstraZeneca product," "privacy," or "privilege") at the time the redacted document is produced.

B.  Metadata

To the extent possible and practicable, AstraZeneca will provide the following metadata fields:

(a) Electronic document type;

(b) Create date;

(c) File name;

(d) File location;

(e) Source location;

(f) Starting production number;

(g) Ending production number;

(h) Custodian;

(I) Last date modified;

(j) Author;

(k) Recipient(s);

(l) Document date (if different from create date);

(m) cc(s);

(n) bcc(s);

(o) Subject;

9

    (p) Title; and

    (q) Attachment information (for e-mails).

If AstraZeneca determines that it is impossible to produce certain metadata fields for a type or types of documents, AstraZeneca shall so inform plaintiffs. If AstraZeneca determines that the production of certain metadata fields for a type or types of documents would be impracticable, unduly burdensome or unduly expensive, AstraZeneca shall so inform plaintiffs, and the parties shall promptly meet and confer on what should be done, without prejudice to AstraZeneca's right to object to production of such metadata fields or plaintiffs' right to move to compel such production.

  C. Databases

    1. AstraZeneca's identification of databases and its permitting plaintiffs to interview a person or persons who can speak knowledgeably and informatively about said databases as set forth in paragraph II.F. above may not be construed as an agreement to produce such databases. After plaintiffs have collectively served AstraZeneca with at least 2,500 completed PFSs, the Parties will confer regarding the discoverability and feasibility of any request for production of a database, including the form and scope of any such production.

    2. The Court's assistance may be sought only after the Parties have failed to reach agreement after good faith discussions.

D.    Costs

    1. <u>Documents and readily accessible electronically stored information ("ESI")</u>: While each Party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents and readily accessible ESI, initially each Party will bear the costs to process and review its own documents and readily accessible ESI.

    2. <u>Inaccessible and/or legacy ESI</u>: To the extent that any Party requests data that is not readily accessible, the Parties shall comply with the Federal Rules of Civil Procedure in determining whether the inaccessible data is to be produced and which Party will bear what portion of the costs of production, if any, including the costs to process or review unique or non-standard data. The Parties shall confer concerning inaccessible ESI prior to seeking the Court's assistance.

E.    Privilege Log

AstraZeneca will provide a privilege log in compliance with the Federal Rules of Civil Procedure as soon as practicable, but in no event more than 120 days after its first production of documents for which privilege is asserted to apply and then continuing on a

11

rolling basis thereafter. The privilege log will indicate the custodian from whom the privileged document was collected.

## IV. Preservation of Documents

All parties and their counsel shall preserve evidence that may be relevant to his action. The duty extends to document, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail (for AstraZeneca only, to the extent practicable and to the extent a custodian utilized a program that allowed maintenance of such voicemail), E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data (excluding duplicative data maintained for purposes of disaster recovery), removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, diagrams, graphic presentation, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, filed folders, indices, and metadata, is also included in this definition. Each party shall take reasonable steps to preserve all

documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties. The definition and scope of the term "nonparties" will be defined later.

The failure of any party to have preserved in the past every potentially relevant "document, data and tangible thing," as defined above, shall not in and of itself mean that said party has engaged in spoliation of evidence. Any party who believes that another party has engaged in spoliation may move for any relief he/she/it thinks appropriate and the opposing party may respond to said motion on any basis that he/she/it thinks appropriate.

V.    **Amendment of Previous Orders**

This Order supersedes any prior orders of this Court to the extent that it is inconsistent with such Orders.

**DONE** and **ORDERED** in Orlando, Florida on January 26, 2007.

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge

<u>Exhibit A</u>

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation,

MDL DOCKET NO. 1769

This document relates to:

INSERT CASE INFORMATION

_____

    IT IS ON THIS ___ day of _____, 200__ **ORDERED** as follows:

    1.    All of the claims of following Plaintiffs only are **DISMISSED WITHOUT PREJUDICE** from the above-captioned cases for failure to timely serve upon Defendants a completed PFS with all requested information, documents, and authorizations:

Plaintiff X (Case Name, Case No.),

Plaintiff Y (Case Name, Case No.)

    2.    Plaintiffs may reinstate their claims upon motion to this Court to vacate the Dismissal Without Prejudice provided that Plaintiffs serve Defendants with a substantially complete PFS, responsive documents and authorizations. If such dismissal is vacated, the claims of those plaintiffs shall relate back to the date of original filing and will be treated for all purposes as if they had never been dismissed in the first place.

DATED: _____     _____

**ORDERED BY THE COURT**

**EXHIBIT A**

1