# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation

                                        Case No.  6:06-md-1769-Orl-22DAB

_____/

# ORDER

In Case Management Order No. 4 ("CMO No. 4"), the Astrazeneca Defendants were required by July 11, 2007 to file an "Eligible Plaintiffs List," listing the cases to which they do not object and identify the date by which they received the PFS and medical records authorizations.  Doc. No. 263 at § I(A).  Although Defendants filed a document entitled "Astrazeneca's Objections to Plaintiffs' Designations and Propose Eligible Plaintiffs List" (Doc. No. 266[1]), which referred to certain exhibits, those exhibits were not attached and filed in the CM/ECF system as required.  Defendants attempted to "file" certain exhibits at 12:23 a.m. on July 12, 2007 by sending them through email to the Chambers email box.  Emailing documents fails to comply with the requirements of either the Federal Rules of Civil Procedure or the Administrative Procedures for Electronic Filing[2], which reads as follows:

## II. FILING AND SERVICE OF DOCUMENTS

### A.  FILING

1.      In General:

        a.      Electronic filing is mandatory.  Any document in a case shall be filed electronically except as otherwise provided by these procedures or by court order.

---

[1]The document, which was due on July 11, 2007, was filed on July 12, 2007 after midnight, according to the Notice of Electronic Filing.

[2]Defendants have previously failed to follow the requirements of the Administrative Procedures.  *See* Doc. No. 60, 71.

      b.      E-mailing a document to the Clerk or to the assigned Judge does not constitute filing the document.

Administrative Procedures for Electronic Filing in Civil and Criminal Cases of the Middle District § II(A)(1)(b).  Therefore, emailing the exhibits to the Judge's Chambers does not constitute a filing. Defendants have failed to comply with the requirements of CMO 4 § I(A).  Doc. No. 263.

Defendants filed two other "Notices" consisting completely of spreadsheet exhibits without any explanation of their content, and which are in such a small font that they are illegible.  Doc. Nos. 267, 268.  It appears that these exhibits relate to Doc. No. 266. However, as "voluminous exhibits," they are governed by § IV(B)(3) which requires:

> If the exhibit attached to any particular document is five megabytes or more, the document and exhibit must be filed according to the following procedure . . .
> 1.   <u>Index</u>: A filer must prepare an exhibit index and file the index as an attachment to the main document.
> 2.   <u>Separate Attachment:</u> Each separate exhibit must be filed as a separate attachment to the main document.
> 3.   <u>Size Limitation</u>: If an exhibit exceeds five megabytes, that  exhibit must be separated into components of five megabytes or less, and each component of the exhibit must be filed as a separate attachment to the main document.

Administrative Procedures for Electronic Filing in Civil and Criminal Cases of the Middle District § IV(B)(3).  Doc. Nos. 267 and 268 are **STRICKEN**.  Defendants are **ORDERED** to file (or refile) in a legible 12-point font which list **ONLY** an "Eligible Plaintiffs List," listing (1) the cases to which they do not object; (2) the date by which Defendants received the PFS and (3) the date by which Defendants received the medical records authorizations.

In these and any other matters, if counsel encounter technical difficulties that cannot be resolved in consultation with the Clerk's Office, they should seek relief or guidance from the Court. For example if filing by means of a CD ROM solves a file size limitation issue, counsel may suggest such a solution and seek authorization.

**DONE** and **ORDERED** in Orlando, Florida on July 13, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record