UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

---

This Document Relates to ALL CASES

## ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS

### INTRODUCTION

Plaintiffs' motion for sanctions is yet another attempt to inflame the Court by making false charges about AstraZeneca's document production efforts. AstraZeneca has met the Court's discovery deadlines, produced 10.5 million pages of documents to date, and attempted to work with plaintiffs through every technical glitch and issue raised along the way. In fact, it is plaintiffs' sanctions motion (not AstraZeneca's discovery conduct) that violates this Court's orders. Plaintiffs filed their motion at 8:47 p.m. on the eve of July 4, without even trying to "meet and confer" with AstraZeneca. Further, the Court's June 8 Order made clear that the Court would not hear further debate about the pace and format of AstraZeneca's document production. Plaintiffs nevertheless chose to file the instant motion, rehashing old production issues *that have already been resolved*. Indeed, on June 7, plaintiffs certified the *resolution* of the very same issues they now purport to re-raise in this sanctions motion.

Plaintiffs' claims of prejudice are specious. Plaintiffs assert that they have suffered prejudice to their ability to depose AstraZeneca's employees. And yet, the relief sought by

plaintiffs' sanctions motion is thoroughly unrelated to any such alleged prejudice; it is a court order that would (i) prohibit AstraZeneca from filing fact sheet-related motions; and (ii) adopt plaintiffs' version of the case-specific discovery program. Plaintiffs' claims of prejudice are disingenuous at best, and are insufficient to support a motion for sanctions.

Because the instant motion is both procedurally and substantively flawed, it should be denied.

## ARGUMENT

### A.   Plaintiffs' Motion Should Be Denied Because They Have Violated M.D.L.R. 3.01(g).

In an attempt to ambush AstraZeneca[1] at the July 5 status conference, plaintiffs filed their motion for sanctions hours after close of business on July 3, the night before a national holiday. Under M.D.L.R. 3.01(g),[2] plaintiffs were required to confer with AstraZeneca in good faith before filing motions of this kind, but plaintiffs' counsel did not. Compliance with Local Rule 3.01(g) is not optional. The requirements of Local Rule 3.01(g) must be satisfied before a motion subject to the Rule may be filed with the court. *See Schaff v. Smithkline Beecham Corp.*, No. 06-CV-120, 2006 WL 2246146, at *2 (M.D. Fla. Aug. 4, 2006). Plaintiffs violated Local Rule 3.01(g) by failing adequately to meet and confer with

---

[1]   (*See* Ex. A; Email Exchange Between A. Dupre and P. Pennock, 6/29/07) (dismissing counsel for AstraZeneca's invitation to discuss any outstanding discovery issues and declaring: "Your [sic] in breach . . . . We'll deal w it next week").

[2]   In relevant part, Local Rule 3.01(g) states: "Before filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion and shall file with the motion a statement . . . certifying that the moving counsel has conferred with opposing counsel . . . ."

AstraZeneca's counsel before filing the instant sanctions motion. Plaintiffs' motion is procedurally improper and should be denied for this reason alone.

In the days before the July 5 conference, the parties exchanged numerous emails and discussed a host of discovery issues, but plaintiffs never mentioned the instant motion. (*See, e.g.*, Ex. A, *supra*). As this Court has held, the requirement of a good faith conference requires more than demands and unilateral correspondence; it requires counsel to communicate regarding the motion **before** the motion is filed. *Pickett v. Executive Preference Corp.*, No. 05-CV-1128, 2006 WL 204938, at * 1 (M.D. Fla. July 20, 2006); *see also New Hampshire Indem. Co., Inc. v. Reid*, No., 05-CV-1280, 2006 WL 1760624, at *2 (M.D. Fla. June 23, 2006) (merely sending correspondence to opposing counsel is insufficient to meet the obligation of a conference). Plaintiffs' failure to comply with this requirement is inexcusable.

The Rule 3.01(g) "certification" signed and filed by plaintiffs' counsel belies any implication that counsel "conferred" regarding the motion before it was filed. The certification fails to state that plaintiffs in fact satisfied the good faith meet-and-confer requirement; instead, it merely asserts that plaintiffs "have attempted to resolve the outstanding issues set forth in this motion" since January 2007. Pl. Motion (Doc. 256) at 6. The truth is that plaintiffs made no mention of this motion before it was filed.

Accordingly, consistent with Middle District case law, plaintiffs' motion for sanctions should be denied without consideration of the merits. *See Reid*, 2006 WL 1760624, at *1 (failure to meet and confer as required by Rule 3.01(g) "mandates dismissal" of motions); *see also Cook v. Pizza Hut of Am., Inc.*, 2006 WL 1582167 (M.D. Fla. June 6, 2006).

3

### B. Plaintiffs' Motion For Sanctions Should Be Also Denied Because They Have Never Moved To Compel.

Plaintiffs ask this Court to impose various sanctions on AstraZeneca, even though sanctions are procedurally impermissible. The Eleventh Circuit has held that Rule 37 requires a formal order compelling discovery before sanctions are authorized.[3] *United States v. Certain Real Prop.*, 126 F.3d 1314, 1317-1318 (11th Cir. 1997); *see also Martin v. Northwestern Mut. Life Ins. Co.*, No. 04-CV-2328, 2006 WL 148991, *2, n.3 (M.D. Fla. Jan. 19, 2006) ("While some courts may have applied [Rule 37] for discovery violations absent an order [to compel], the Eleventh Circuit has specifically refused to take that leap.") (citing *United States v. Certain Real Prop.*, 126 F.3d at 1316-17). Here, plaintiffs have "neither cited nor alleged the existence of decisional law from this circuit upholding Rule 37 sanctions in the absence of a court order compelling discovery." *Certain Real Prop.*, 126 F.3d at 1317. Plaintiffs persistently skip the step of filing any motion to compel, because such a motion would develop a record and would permit the Court to understand the unreasonableness and burdensomeness of plaintiffs' demands.[4] Because plaintiffs have never moved to compel on any of the discovery failures they allege, their motion for sanctions should be denied.

---

[3] Federal Rule of Civil Procedure 37 governs discovery sanctions.

[4] Not only have plaintiffs failed to file any motion to compel, but on some issues, such as databases (*see* Section C.4., *infra*), plaintiffs have never even made a discovery request.

4

### C. No Sanctions Are Warranted Here, In Any Event, Because AstraZeneca Has Complied With The Court's Discovery Orders.

Apart from the serious procedural infirmities, plaintiffs' motion alleges discovery failures that simply do not exist (and which would not support plaintiffs' requested sanctions even if they did). As detailed below, AstraZeneca has met its discovery obligations in good faith.

#### 1. AstraZeneca Has Produced The Entire IND/NDA To Plaintiffs.

Because AstraZeneca's entire IND/NDA has been produced to plaintiffs, plaintiffs' sanctions arguments related to this issue are puzzling. In November 2006, shortly after the parties agreed to a protective order, AstraZeneca produced to plaintiffs 450,000 pages of IND/NDA, including any amendments and communications with the FDA. Five months later, at the April 12, 2007 status conference, plaintiffs for the first time mentioned CANDA (Computer Assisted NDA), an electronic version of the NDA submitted to the FDA in addition to the paper NDA. The Seroquel CANDA contains the same information as the Seroquel NDA (which was produced to plaintiffs in November 2006), with the exception of Item 12 (Case Report Forms). The FDA did not require that Item 12 be submitted in hard copy, so AstraZeneca submitted it only as part of CANDA.

Item 12 was not separately produced to plaintiffs because other parts of the NDA summarize the information in Item 12, and AstraZeneca believed that Item 12 was duplicative of the NDA production already made. Nevertheless, after plaintiffs asked for CANDA, AstraZeneca began the process of producing Item 12 – the *only* part of the Seroquel CANDA plaintiffs did not already have. Item 12 was preserved on DLT tapes in a format that is now obsolete, and AstraZeneca was forced to locate a vendor capable of

converting the tapes. AstraZeneca kept plaintiffs informed during all stages of the process. Shortly after the tapes were converted, AstraZeneca produced Item 12.

Significantly, during discussions in the past week, plaintiffs could name nothing currently missing from the NDA production. (*See* Ex. B; Email Exchange Between S. McConnell and P. Pennock, 7/11/07).

    2.    <u>AstraZeneca Produced Organizational Charts Early, Often, And Abundantly</u>.

CMO 2 required AstraZeneca to produce organizational charts reflecting its general corporate structure, the structure of the Seroquel team, and the structure of drug safety by January 15, 2007. *See* CMO 2, ¶ II.A. AstraZeneca complied.

Plaintiffs now argue that AstraZeneca failed to meet its discovery obligations because it did not produce organizational charts *sooner* than CMO 2's January deadline. *See* Pl. Motion at 3. The argument is meritless. CMO 2 was the first time the Court set a deadline for AstraZeneca's production of organizational charts, and AstraZeneca met that deadline. CMO 2 allowed plaintiffs to request additional organizational charts beyond the initial production made by AstraZeneca, *see* CMO 2, ¶ II.A, plaintiffs have done so, and AstraZeneca has responded. (*See, e.g.*, Ex. C; Email from K. Kearns to P. Pennock, et al.).

Plaintiffs also seem to be complaining that AstraZeneca witnesses produced *additional* organizational charts at their depositions. It is certainly true that at her 30(b)(6) deposition, AstraZeneca's Booth-Barbarin produced organizational charts relating to the topics on which she testified, as did other AstraZeneca 30(b)(6) designees. Plaintiffs accompanied their 30(b)(6) deposition notices with document requests, and the organizational charts produced at the 30(b)(6) depositions fell within the scope of those

6

requests. AstraZeneca's *compliance* with plaintiffs' discovery requests is hardly a basis for the imposition of sanctions.

        3.     AstraZeneca's Custodial Production Was Timely And Appropriate.

AstraZeneca completed document production for the first 80 Custodians a week *before* the Court's June 30 deadline. AstraZeneca certified the completion of that production on June 29 (Ex. D; Letter to M. Pederson). Significantly, AstraZeneca has produced 10.5 million pages of custodial documents. Plaintiffs now have the overwhelming majority of core documents related to Seroquel, in part due to the success of AstraZeneca's custodial production. To be clear, June 30, 2007 was the only Court-ordered deadline for completion of the custodial production, and AstraZeneca met that deadline. Nevertheless, plaintiffs in their motion take issue with AstraZeneca's custodial production on several grounds. None has any merit.

First, plaintiffs complain that AstraZeneca's "custodial selection has omitted many significant witnesses and documents . . . particularly those from Europe." Pl. Motion at 4-5. Plaintiffs have never been limited to the documents from the First 80 custodians, however. Plaintiffs have been free to designate additional custodians and to serve additional discovery requests. *See* CMO 2, at ¶¶ II.B. and H. Indeed, plaintiffs recently served AstraZeneca with hundreds of requests for documents on a host of topics, and AstraZeneca has responded. Plaintiffs also – again, only quite recently – named some additional custodians. Plaintiffs' delay in requesting additional documents cannot be a basis for sanctions against AstraZeneca.

7

Second, plaintiffs take issue with AstraZeneca's use of search terms. The use of keyword searches to identify potentially responsive electronic documents has become well-accepted. *See Treppel v. Biovail Corp.*, 233 F.R.D. 363, 364 (S.D.N.Y. 2006); *see also* Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production, comment 11.a. (June 2007). Here, AstraZeneca gave plaintiffs in April a list of its 60 search terms. If plaintiffs wanted AstraZeneca to use additional terms, plaintiffs could have simply asked or tailored additional discovery requests accordingly. Given the enormous volume of electronic data involved, AstraZeneca's use of search terms was reasonable. Nor does the use of search terms violate any court order. AstraZeneca should not be *sanctioned* by the Court for employing a standard document retrieval methodology – particularly where, as here, plaintiffs have long had the opportunity to ask AstraZeneca to amend or otherwise broaden the search terms it was using to find, collect, and produce responsive documents, but have not done so. During discussions in the past week, AstraZeneca offered to run additional search terms suggested by plaintiffs. (*See* Ex. B, *supra*). As usual, plaintiffs have been stubbornly unresponsive.

Finally, contrary to plaintiffs' assertion, AstraZeneca has repeatedly certified to plaintiffs that it searched relevant share drives for custodial documents. AstraZeneca even included its certification on share drives in the Joint Resolution stipulation filed with the Court. (*See* Ex. E; Joint Resolution at 6-7). By attaching a months-old version of the certification instead of the Joint Resolution, plaintiffs are trying to mislead the Court.

Third, plaintiffs allege that AstraZeneca's custodial production is missing a "great deal of email." Pl. Motion, at 5. But AstraZeneca's custodial production did not attempt to

exclude emails. To the contrary, AstraZeneca systematically collected electronic information on each custodian's computer, including emails. Indeed, AstraZeneca has produced nearly 53,000 emails for the first Eight (8) Custodians alone.

Plaintiffs have provided AstraZeneca with no support for their allegations; if they did, AstraZeneca would promptly look into it. This issue provides no legitimate grounds for plaintiffs' improper request for sanctions.

Fourth, plaintiffs' motion also seeks imposition of sanctions on AstraZeneca with respect to certain technical issues that have *already been resolved*. Plaintiffs on June 7, 2007 filed a notice with the Court certifying that the technical issues about which they complain in their motion for sanctions were resolved.[5] See Pl. Joint Statement of Resolved Issues (Doc. 221). AstraZeneca will not recount here the correspondence between the parties regarding the timelines for resolving the technical issues. Suffice it to say, all of the technical issues subject to the June 7, 2007 Joint Statement have been, or will be, resolved by the end of next week.

In short, AstraZeneca has complied with this Court's orders, and production from its first 80 custodians is complete. Plaintiffs are wasting the Court's time by rehashing this completed production.

### 4. AstraZeneca Has Not Violated Any Orders To Produce Databases.

Plaintiffs' request for sanctions for AstraZeneca's "failure" to produce databases is absurd. Plaintiffs have not even served AstraZeneca with any discovery requests for

---

[5] Plaintiffs' counsel also told counsel for AstraZeneca that he understood AstraZeneca's estimates were only estimates, and that problems could arise. (Ex. F; Email from M. Pederson to A. Dupre, 6/7/07).

9

wholesale production of the databases (*See* Ex. G; Email from S. McConnell to P. Pennock, 6/29/07),[6] nor has AstraZeneca violated any orders to produce databases.

Plaintiffs also assert that AstraZeneca has violated CMO 2 by identifying only a small number of databases in January. But CMO 2 required AstraZeneca to list databases that corresponded to 14 discrete categories identified by plaintiffs. *See* CMO 2 ¶ II.F. AstraZeneca did exactly that. In addition, AstraZeneca produced two IT witnesses for informal interviews, as well as for four days of 30(b)(6) depositions about AstraZeneca databases. In short, plaintiffs' request for sanctions related to discovery about AstraZeneca's databases is entirely groundless.

## CONCLUSION

Plaintiffs have made no showing of prejudice arising from stale, *resolved* discovery disputes about the pace and quantum of document production. Because AstraZeneca has complied with its discovery obligations as detailed above, and because plaintiffs' motion for sanctions is both procedurally and substantively improper, AstraZeneca respectfully asks that the Court DENY the motion.

---

[6] Plaintiffs recently served AstraZeneca with requests for production of marketing documents, which contained a request for production of *one* database.

Respectfully submitted on this the 16th day of July, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
Stephen J. McConnell
Steven B. Weisburd
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 16, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

/s/ A. Elizabeth Balakhani

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

...

| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |