# EXHIBIT

# B

**McConnell, Stephen**

| | |
|---|---|
| **From:** | Pennock, Paul [PPennock@weitzlux.com] |
| **Sent:** | Wednesday, July 11, 2007 6:43 PM |
| **To:** | McConnell, Stephen; Jim Freebery; Magaziner, Fred; Munno, Thomas; Kerns, Kevin; Balakhani, Elizabeth; Adupre@mccarter.com |
| **Subject:** | RE: Meet-and-confer re sanctions motion |

I don't think your email was helpful on any score.  As for avoiding the Court's involvement, that is impossible because of the prejudice we have already sustained.

-----Original Message-----
From: McConnell, Stephen [mailto:stephen.mcconnell@dechert.com]
Sent: Wednesday, July 11, 2007 6:37 PM
To: Pennock, Paul; Jim Freebery; Magaziner, Fred; Munno, Thomas; Kerns, Kevin; Balakhani, Elizabeth; Adupre@mccarter.com
Subject: Re: Meet-and-confer re sanctions motion

Paul,

The purpose of my e-mail was to try to set forth your requests so that we could then see whether we could do anything to address your current concerns raised in your motion and to avoid involving the Court.

If so, please let us know.

Thank you.

- Steve

----- Original Message -----
From: Pennock, Paul <PPennock@weitzlux.com>
To: McConnell, Stephen
Cc: ftrammell@bpblaw.com <ftrammell@bpblaw.com>; lgornick@lskg-law.com <lgornick@lskg-law.com>; cbailey@bpblaw.com <cbailey@bpblaw.com>; kbailey@bpblaw.com <kbailey@bpblaw.com>; sallen@crusescott.com <sallen@crusescott.com>; eblizzard@blizzardlaw.com <eblizzard@blizzardlaw.com>; Pederson, Mike <MPederson@weitzlux.com>; Jaffe, Jonathan <jjaffe@weitzlux.com>
Sent: Wed Jul 11 17:49:21 2007
Subject: RE: Meet-and-confer re sanctions motion

IND/NDA
Your statement is incorrect. Plaintiffs counsel are aware of problems that remain.  Plaintiffs counsel on the phone could not delineate them. Just as, for example, none of the several defense lawyers on the phone could tell us if the "key term" search for a particular word would pick up a partial spelling of the word. Collectively, none of you knew.

Org Charts
Our positions have been made clear in numerous discussions, depositions and demands, as well as your commitments.

Custodial Productions
Again, your statements are incorrect and are emblematic of the manner in which AZ and its counsel have dealt with discovery.  We said that defendants' counsel should have looked through all of the documents that each custodian had.  Munno, or someone else on your side, made reference to looking through all of the documents in the company.  We had been led to believe, and so has the Court, that you did look through all of the documents for each custodian.  Considering the fact that many

1

of the custodians only worked on Seroquel for years, the "non" Seroquel
documents would be few and far between.  In any event, you have mislead
us and the Court and have produced a set of documents that by definition
is incomplete.

Databases
Your characterization of the lengthy discussion is incomplete and thus
inaccurate.  In any event, we continue to await your production of the
databases that contain discoverable information in this litigation, as
has been formally demanded and then discussed, ad nauseum, for months.
You said that the databases are not ready to be produced, and we pointed
out that given the fact that they have been discussed for months, they
should have been prepared for production a long time ago.

There was a great deal more said and discussed.  Your "Readers Digest"
version, requiring a similar reply, is not helpful.




-----Original Message-----
From: McConnell, Stephen [mailto:stephen.mcconnell@dechert.com]
Sent: Wednesday, July 11, 2007 5:16 PM
To: Pennock, Paul
Cc: Munno, Thomas; Magaziner, Fred; Kerns, Kevin; Balakhani, Elizabeth;
Jim Freebery; Adupre@mccarter.com
Subject: Meet-and-confer re sanctions motion


Paul,

In today's call, we went over the issues raised in your sanctions
motion.

IND-NDA
Plaintiffs' counsel is not currently aware of any IND-NDA documents that
plaintiffs do not already have.  I understand that you will contact your
NDA review team and alert us if they know of any missing documents.  (We
do not believe there are any).

Organization Charts
Defendants produced organization charts in January and at the 30(b)(6)
depositions.  We also agreed to produced additional charts in response
to your amended set of 76 document requests.  Plaintiffs' primary
objection is that, although you received several additional charts
during depositions, and have requested others through RFPs, you did not
receive every company organization chart in January.  I am not sure how
we can address that complaint -- which we disagree is what the Judge
ordered -- but please let us know if there is something more you seek.


Custodial production
Your sanctions motion contends that our search terms were incomplete.
Defendants requested that plaintiffs provide additional search terms.
Plaintiffs' counsel said that "we'd never be able to come up with a
comprehensive list," but agreed to consider providing a list of
additional search terms.  At the same time, you suggested that nothing
less than having defense lawyers read all of the company's documents
would satisfy you.

Databases
Plaintiffs request immediate production of all 59 databases they
identified (some of those are not actually databases).   Defendants
provided interviews, depositions, and additional information regarding
databases.  Some of those databases are enormous and not reasonably

searchable.   Nonetheless, Defendants are already producing materials
from databases in response to certain subject matter document requests.


We believe that our positions are reasonable while yours are extreme.
But we remain willing to discuss these issues with you right up to the
hearing before Judge Baker.

- Steve


This e-mail is from Dechert LLP, a law firm, and may contain information
that is confidential or privileged. If you are not the intended
recipient, do not read, copy or distribute the e-mail or any
attachments. Instead, please notify the sender and delete the e-mail and
any attachments. Thank you.