# EXHIBIT G

# McConnell, Stephen

**From:** McConnell, Stephen
**Sent:** Friday, June 29, 2007 11:27 AM
**To:** 'PPennock@weitzlux.com'
**Cc:** Magaziner, Fred; Munno, Thomas; Torregrossa, Brennan; Kerns, Kevin; Jim Freebery
**Subject:** Databases

Dear Paul:

I am responding to your e-mail of June 27 regarding databases. Your statements regarding databases are a bit intemperate, inaccurate, and, frankly, puzzling. Plaintiffs have not served any discovery requests for databases. Accordingly, we have been (a) producing the documents of the 80 custodians required by CMO 2, and (b) addressing the only discovery requests that you have served. Because you have not served a discovery request with respect to the databases, you have no basis for filing a motion to compel. Indeed, we are surprised that you would threaten to bring such a motion, since the Court has expressed its displeasure when you have prematurely raised discovery issues during or just before status conferences.

We have repeatedly asked you to prioritize the databases -- or, more precisely, the information you are seeking from databases -- that you would like produced. We have also repeatedly told you that production of information from the databases is extremely time-consuming and, without some direction from your side, we cannot initiate the process. You have simply refused to prioritize or give us any indication of what information you seek from the databases; instead, you have demanded that we complete a chart of technical information on 59 databases. To a large degree, the information that your chart demands has already been provided to you during two IT interviews and four full days of 30(b)(6) depositions about those subjects. Additionally, although we do not agree that this detailed level of technical information is necessary for you to frame your substantive document requests, we stand by our statements during the IT 30(b)(6) depositions that we would follow-up and provide you with additional answers in a number of areas. We are currently working to pull that information for you.

As we have already told your colleagues, if there is any background information about the databases that you believe you do not have, please let us know and we will look into it. But it is nothing less than exasperating that you insist that we do your work for you and comb deposition transcripts and interview notes to fill out the chart with information that you already have and to try to guess what it is you do not think you have (or why it was not sufficient information). Nevertheless, we will send you a chart on Monday. I expect that there will further discussion.

Your demand for all databases is unduly burdensome. Even if that were not self-evident (which it is) it is easily demonstrable, particularly by the IT interviews and depositions. In point of fact, you are not entitled to wholesale databases; you are entitled to discoverable information that resides in databases. Your database demand is duplicative of your recent Document Requests and proposed Defendants' Fact Sheet. We are working to provide you with documents from some of the databases in response to your recent Document Requests, and hope to do so in relatively short-term. We remain open to further discussion, but nothing will be accomplished if you refuse to give us a prioritized list of the relevant databases from which you seek information.

Finally, your position is (as is becoming dismayingly typical) inconsistent with a party's obligation to meet and confer in good faith before engaging in discovery motion practice. If you are determined to file the threatened motion and certify that we have met and conferred about a dispute over nonexistent discovery requests, we will not hesitate to bring to the Court's attention the full context of the parties' conduct in addressing (or creating) discovery disputes.

- Steve