**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation**

                                                        **Case No. 6:06-md-1769-Orl-22DAB**

_____/

**ORDER**

Pursuant to Case Management Order No. 2 (CMO-2) (Doc. 129), Defendants are permitted to seek dismissal of the claims of Plaintiffs who have failed to serve upon Defendants substantially complete and verified Plaintiff Fact Sheets (PFSs), and, in some cases, medical records authorizations, in a timely manner. The CMO-2 dismissal procedure has been in active use by the parties for approximately two months. In this short time, it has become apparent to the Court that certain of these procedures have created a sizeable burden on the parties, as well as on the Court and the Clerk's office. In an effort to reduce the burden on everyone involved, Judge Baker entered an Order on June 22, 2007 (Doc. 237) requiring the parties to file any dispositive motions relating to more than four cases in the Master case (6:06-md-1769-Orl-22DAB), rather than in each individual case to which the motion pertains. While this new procedure has been effective in reducing the workload of the parties and the Court, the Clerk's office is still bearing the brunt of the CMO-2 dismissal process. The docket clerks are now responsible for docketing and entering the Court's Master case Orders in individual cases, as well as closing and, in some cases, reopening individual files more frequently.

Therefore, in an effort to eliminate the docket clerks' efforts in closing cases upon a dismissal without prejudice, only to be required to reopen them if the Court ultimately orders the dismissal vacated, the Court **ORDERS** the following changes to CMO-2:

1. Provision (I)(D) of CMO-2 (Doc. 129) is amended to read: "If AstraZeneca has not received a completed and verified PFS, along with any other requested information, documents and authorizations, within 20 days after serving a plaintiff with a 10-day notice, AstraZeneca may submit to the Court an Order dismissing the Complaint **with prejudice**, using the form attached as Exhibit A to this Order. Plaintiff shall have **eighty days** from the date AstraZeneca submits the dismissal order to file a notice certifying that the plaintiff has served upon AstraZeneca and AstraZeneca has received a completed and verified PFS, along with any other requested information, documents, and authorizations, and attaching appropriate documentation of receipt. If a plaintiff files such a notice, the plaintiff's claims shall not be dismissed. If, however, a plaintiff fails to file such a notice within the time allotted, the plaintiff's claims shall be dismissed with prejudice."

2. Exhibit A to CMO-2 (Doc. 129) is revised to indicate that the claims of the Plaintiffs to which the dismissal motion applies are "**DISMISSED WITH PREJUDICE**."

3. All other provisions of CMO-2 not amended by this Order, or any previous Order, shall remain in full effect.

4. The new dismissal procedures shall be retroactively applied to all motions for dismissal without prejudice filed pursuant to CMO-2 **on or after July 6, 2007**. All such motions shall now be considered motions for dismissal *with* prejudice, and plaintiffs shall have eighty

days from the date the motions were originally filed in which to submit a notice indicating the requested discovery has been served.

     5.     All motions for dismissal without prejudice filed pursuant to CMO-2 *before* **July 6, 2007** will continue to be examined and resolved by the Court according to the original CMO-2 procedures.

     **DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 19, 2007.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge