UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This Document Relates to ALL CASES

## ASTRAZENECA'S MEMORANDUM REGARDING THE LEGALITY AND ADVISABILITY OF HAVING THIS COURT OBTAIN JURISDICTION FOR ALL PURPOSES OVER CASES FILED BY FLORIDA-RESIDENT PLAINTIFFS

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("Astra Zeneca") submit this memorandum in response to the fourth paragraph of the order entitled "Notice of Two Hearings" dated July 6, 2007 (Doc. No. 264), which provides:

> As discussed preliminarily at the last hearing, the parties are directed to file memoranda, not exceeding seven pages, by Friday, July 20, 2007, addressing the advisability and legal authority for the possible transfer to this Court, during the pendency of the MDL, of cases filed in other Districts that bear a relationship to Florida (such as the residence of the plaintiff) that might justify such a change of venue by the transferor courts.

*Id.* (emphases omitted). As explained below, this Court has the authority under certain circumstances ultimately to obtain jurisdiction for all purposes over such Florida-related actions, and AstraZeneca believes it would be advisable for this Court to do so.

## BACKGROUND

This MDL proceeding involves over 7,200 plaintiffs from at least 48 states whose actions against AstraZeneca were transferred here from various U.S. district courts across the country.[1] The pending complaints assert various state-law claims arising from the use of AstraZenaca's atypical antipsychotic medication, Seroquel. The gravamen of the claims, which sound primarily in "failure to warn" theories, is that using Seroquel

---

[1] The majority of plaintiffs appear to reside in California, Ohio, North Carolina, South Carolina, Georgia, Mississippi, Missouri, Wisconsin, West Virginia, and Washington.

1

allegedly caused plaintiffs to contract "diabetes and diabetes-related illnesses." 12/11/06 Status Conference Tr. at 32:10-12 & 3/2/07 Status Conference Tr. at 49:16 (statements of plaintiffs' counsel); s*ee also In re Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (JPML 2006). Several Florida-resident plaintiffs originally filed actions in the Middle District of Florida; all but one has since been voluntarily dismissed.[2] By AstraZeneca's calculation, there are 127 cases pending in this MDL that were originally filed by Florida residents in federal courts outside of Florida.[3]

## DISCUSSION

**1. This Court Has The Legal Authority, Under Certain Circumstances, To Obtain Jurisdiction For All Purposes Over Florida-Related Actions Pending In This MDL That Were Originally Filed Elsewhere**

Upon the termination of pre-trial coordination proceedings in the MDL, this Court – as transferee court – has no authority to retain cases that were not originally filed in the Middle District of Florida unless the parties so consent. *See* MDL R. 7.6(b). Typically, the only actions that need not be returned to the Judicial Panel on Multidistrict Litigation ("JPML") when an MDL closes are those that *originated* in the transferee court; all other actions "shall be remanded by the Panel to the transferor district[s] for trial" "absent unusual circumstances." *Id.*; *see also Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26, 43 (1998) (holding that transferee court exceeded its authority under

---

[2] The remaining Florida action that was originally filed in this district is *Gee v. AstraZeneca, et al.*, 6:07-CV-0325.

[3] Many of the complaints, as filed, improperly joined plaintiffs from multiple jurisdictions alleging claims that lacked any common transaction or occurrence. For instance, *Aaron, et al. v. AstraZeneca LP, et al.*, 06-CV-11847 (D. Mass. 2006), included 997 plaintiffs whose claims had nothing in common but the allegation that they had at some point ingested Seroquel. This Court rectified that problem by severing each plaintiff's claims into separate actions under Rule 21. *See* CMO No. 1, Doc. No. 130.

2

28 U.S.C. § 1407 in trying to retain jurisdiction over party's objections that proper venue for trial lay in district where action was initially filed).[4]

Although this MDL contains only one case originally filed in the Middle District of Florida, this Court has three means to secure jurisdiction for all purposes over the actions of other Florida-resident plaintiffs that might survive the MDL's termination.

First, the parties could waive any venue objections and consent to having certain cases remain in the transferee court for all purposes. *See, e.g., In re Carbon Dioxide Indus. Antitrust Litig.*, 229 F.3d 1321 (11th Cir. 2000) (*Lexecon* does not prohibit parties from waiving venue objections where the MDL transferee court otherwise has subject matter jurisdiction)[5]; *see also In re Dippin' Dots Patent Litig.*, MDL No. 1377, Docket No. 1:00-CV-907 (N.D. Ga. July 23, 2001) (transferee court ordered all parties to file a pleading stating whether they consented to trial in the transferee district).[6]

Second, assuming AstraZeneca's consent, this Court could oversee a procedure whereby Florida-resident plaintiffs whose actions were originally filed elsewhere are permitted, during some discrete time period, to dismiss their cases and promptly re-file

---

[4] Notably, the U.S. Supreme Court in *Lexecon* held that "the statutory language of § 1407 precludes a transferee court from [itself] granting" any motion under 28 U.S.C. § 1404(a), which is the conventional vehicle for effecting a transfer to a more convenient venue. 523 U.S. at 41 n.4. Such motions may be granted only by transferor courts.

[5] The Eleventh Circuit in *Carbon Dioxide Indus. Antitrust Litig.* affirmed the MDL transferee court's order denying plaintiffs' motion to transfer cases back to the original transferor court because the plaintiffs had previously stipulated that the MDL transferee court had jurisdiction and would try their cases in the Middle District of Florida. 229 F.3d at 1326-27; *see also In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1377 n.4 (JPML 2003) (citing this 11th Circuit holding with approval).

[6] Without citing any authority, plaintiffs incorrectly suggest that this Court can obtain jurisdiction for all purposes over any transferred action in this MDL (including ones with no connection to Florida) merely if plaintiffs unilaterally elect to amend their complaints to allege venue is alternatively proper here under 18 U.S.C. § 1391. Pltfs' Brief, at pp. 2, 3, 4. Yet AstraZeneca *does* agree that venue for the Florida-related cases discussed above would be proper in this district.

them in the Middle District of Florida. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.132, at p. 224 (2004). This option could be feasible only if AstraZeneca would agree that any re-filed cases would be deemed to *relate back* to the original filing date, and not treated as new actions for statute of limitations purposes. *Id.*

Third, at the close of the MDL, this Court could recommend to the JPML that it remand specifically identified actions of Florida-resident plaintiffs to the transferor courts with a directive that they re-transfer those actions back to this Court under the federal venue transfer statute, 28 U.S.C. § 1404(a). *See Lexicon*, 523 U.S. at 19 (original transferor court may rely on 28 U.S.C. §§ 1404 or 1406 to transfer action back to the MDL transferee court for trial); *Kenwin Shops, Inc. v. Bank of La.*, 1999 WL 294800 (S.D.N.Y. May 11, 1999) (venue transfer motion granted by transferor court under section 1404(a) where transferee court had endorsed re-transfer back for final resolution). The JPML gives great deference to such suggestions by MDL transferee courts. *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d at 1377 n.4.

In addition to these three avenues for possibly retaining jurisdiction over the actions of Florida-resident plaintiffs, this Court may also affect the timing of any remand and re-transfer. Under the MDL Rules, the JPML "shall" consider appropriate remand "at or before the conclusion of coordinated or consolidated pretrial proceedings," either *sua sponte*, on motion of a party, or in response to the suggestions of the transferee court. MDL R. 7.6(c)(i)-(iii). The JPML generally looks to the transferee court's guidance on appropriate timing. Indeed, the MDL transferee court has wide leeway regarding when to suggest remand — while discovery is still underway, just before trial, or at different intervals for different cases. *See In re Patenaude*, 210 F.3d 135, 143 (3d Cir. 2000).

4

### 2. AstraZeneca Favors The Advisability Of Having Those Florida-Related Actions Filed By Florida-Resident Plaintiffs Ultimately Litigated And Adjudicated Before This Court

After due consideration, AstraZeneca favors having the Florida-related actions that were originally filed in other federal district courts re-transferred to this Court for all purposes, including trial to the extent necessary.[7] There are several reasons why this result would be advisable and further the interests of justice.

First, consistent with the federal venue transfer statute, 28 U.S.C. § 1404(a), it makes sense for this Court to recommend that the JPML remand actions with the directive that the transferor courts transfer each action based on plaintiffs' residency pursuant to section 1404(a). When considering whether to transfer a case under section 1404(a), a court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). Here, these factors substantially weigh in favor of a transfer based on plaintiff's residence, including re-transfer of Florida-related actions to this Court. Indeed, cases involving Florida-resident plaintiffs typically will also involve Florida prescribing and treating physicians, among other key Florida fact witnesses. Having such cases adjudicated here in Florida will thus likely save all parties considerable resources, and

---

[7] If the parties consent to this Court's jurisdiction for all purposes over actions of Florida-resident plaintiffs, the additional advisability analysis that follows is largely moot.

5

also maximize the presentation at trial of live testimony from local Florida witnesses. Moreover, under any choice-of-law regime, plaintiffs' state of residence typically will determine the tort law governing the claims because that is where the prescribing physician prescribed Seroquel, where plaintiff obtained and ingested Seroquel, and where plaintiff suffered his or her alleged injury.[8] The convenience of parties and witnesses and the interest of justice strongly counsel in favor of having these actions ultimately remanded for further proceedings, including trial, to a district court in the state where the plaintiff resides – including this Court for Florida-resident plaintiffs. *See also Lexecon*, 523 U.S. at 34 ("Section 1404(a) authorizes a district court to transfer a case in the interests of justice and for the convenience of the parties and witnesses.").

Hence, this Court should preside over actions brought by Florida-resident plaintiffs for the same reason all actions surviving at the close of this MDL should ultimately be transferred to the most proper and convenient fora. Indeed, the most sensible forum to preside over any given action surviving the MDL's termination would be the one with the most substantial nexus to the particular action, which will generally be the forum in which the plaintiff and other key physician witnesses reside and the one most familiar with applying that forum's substantive law. As experience has shown, this sensible approach with respect to which forum should preside over any actions that must be tried would help ensure that similar cases receive "similar treatment," which "promote[s] public confidence in the courts through consistent, predictable, and cost-effective outcomes." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.2, at p. 348.

---

[8] *See, e.g.*, RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 ("[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties").

In addition, the cases pending in this MDL would most likely move forward expeditiously upon remand if Florida-related cases were to be resolved in this Court, which is already well-acquainted with the underlying issues developed in the MDL *and* with Florida law.  Having the court that has already invested substantial time and effort managing pre-trial proceedings and understanding the core issues lead the way would also provide substantial benefits not only to the parties in the Florida-related cases, but to all of these Seroquel actions.  Indeed, the procedures adopted and rulings made by this Court would provide invaluable guidance to courts across the land in managing and resolving these pending claims in a just, efficient, and consistent manner.  Consequently, the results in Florida may provide a template for the adjudicated resolution (or alternative dispute resolution) of thousands of similar actions pending in other jurisdictions, thereby reducing the overall strain on judicial resources posed by this massive litigation.  *See* MANUAL FOR COMPLEX LITIGATION, §§ 22.2 & 22.634.

## CONCLUSION

This Court has the legal authority to obtain jurisdiction for all purposes over a subset of actions in this MDL — through mutual consent of the parties, or by recommending that the JPML remand Florida residents' actions to the original transferor courts to effect an immediate re-transfer back to this Court.  Having this Court preside over Florida plaintiffs' actions would serve the interests of judicial economy, consistency, and fairness.

DATED: July 20, 2007

/s/ *Fred T. Magaziner*
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Tel.: (215) 994-4000; Fax: (215) 994-2222
fred.magaziner@dechert.com

Steven B. Weisburd
Gretchen S. Sween
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 20, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

/s/ Elliot M. Gardner

## SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

12

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |

12859227.1.LITIGATION 7/20/2007 1:41 PM