UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br><br>**MDL 1769**<br><br>**This Document Relates to All Cases** | Case No. 6:06-md-1769-ACC-DAB<br><br>PLAINTIFFS' LIST OF SPECIFIC MATTERS AND L.R. 3.01(g) CERTIFICATION |

Pursuant to the Court's July 6, 2007 Notice of Hearing, plaintiffs submit the following list of specific matters upon which they intend to rely at the evidentiary hearing scheduled for July 26, 2007.

### ASTRAZENECA'S FAILURES TO MAKE TIMELY AND ADEQUATE DISCOVERY

#### Custodial Production

AstraZeneca's custodial production has caused severe prejudice to Plaintiffs as follows:

1. <u>AstraZeneca's Custodial Production is missing data.</u>

AstraZeneca's production is missing important data, such as voicemail, fax attachments, MS Word documents utilizing "track changes," video attachments, and emails sent or received by proxies of custodians. AstraZeneca's production is missing many emails from some of the most important custodians. AstraZeneca has failed to

provide an explanation. The custodial production has omitted many significant witnesses and documents, particularly those from Europe.

    2.   <u>AstraZeneca employed a flawed de-duplication method.</u>

Plaintiffs still have not been able to determine with certainty the methodology employed by AstraZeneca to remove purportedly duplicative documents from production. However, it is evident from the documents and metadata which have been produced that: (a) AstraZeneca's productions for individual custodians do not contain all of the documents authored, received or retained by that particular custodian; and (b) the metadata produced with each document fails to consistently and reliably identify all custodians of that document. AstraZeneca's flawed de-duplication method has resulted in the elimination of important metadata and the removal of non-duplicative documents.

    3.   <u>AstraZeneca's key word list is inadequate.</u>

Though AstraZeneca claimed early on that the custodial production method was the quickest way to move the litigation along, and represented that it would produce all documents associated with the 80 custodians it had identified, plaintiffs only learned the truth in early May, when AstraZeneca produced its first certification of completion. The certification contains a list of key terms AstraZeneca employed in its search of custodian's files. The list omits dozens of key terms, including medical terms, Seroquel-specific acronyms, synonyms and misspellings, and has various technical limitations. As a result, AstraZeneca's search is woefully inadequate.

    4.   <u>AstraZeneca failed to timely produce documents.</u>

Production of documents from 80 custodians selected by AstraZeneca was to begin with the first eight on January 5, and was to continue on a rolling basis through June 30.

AstraZeneca failed to live up to these obligations. At the hearing on April 12, 2006, AstraZeneca promised identification, production and certification of custodial files on a revised schedule. AstraZeneca then failed to live up to those promises.

As of June 11, AstraZeneca had produced documents from only 48 custodians. On June 25, 2007, AstraZeneca produced additional documents from 61 of the 80 custodians, including the first eight. Plaintiffs did not receive complete productions for 80 custodians on a rolling basis over a six month period. Instead, plaintiffs received a trickle of documents over four and a half months, and an overwhelming majority of documents in the last 45 days.

5. <u>AstraZeneca's production has many technical flaws.</u>

The parties met and conferred extensively regarding the technical flaws in AstraZeneca's production prior to the last proposed evidentiary hearing. AstraZeneca agreed to certain corrective measures as set forth in the Joint Statement of Resolved Issues. AstraZeneca has failed to comply with agreed deadlines for those corrective measures. AstraZeneca has failed to supply corrected load files, failed to provide consistent metadata, failed to supply text with page breaks, failed to provide Excel spreadsheets in usable form, and refused to provide objective coding of hard-copy documents.

In order to resolve issues surrounding blank pages in its custodial productions, AstraZeneca produced further documents on July 18. For two of the custodians – two of the first eight – the first production had been so poor that AstraZeneca completely replaced the productions. The files received on July 18 have the same technical problems that plaintiffs had identified months earlier.

<u>Production of the IND/NDA</u>

At the initial pretrial conference on September 7, 2006, AstraZeneca informed the court that the "electronic formatting" of the IND/NDA was under way. As the Court then pointed out, it should already have been produced, particularly since much of that material had been produced to the FDA in electronic format. AstraZeneca was ordered to produce electronic versions of the IND/NDA on or before November 7, 2006.

When AstraZeneca produced the DVD's containing electronic files related to AstraZeneca's IND/NDA for Seroquel, those files:

   a. contained only images of documents, and were not searchable;
   b. were multi-page TIFFs, of which many were thousands of pages in length and hundreds of megabytes in size; as a result, some could not be opened, even on higher-end workstations;
   c. contained images which were Bates numbered, though the file names, folders, and DVD labels failed to indicate corresponding Bates numbers or ranges;
   d. were not accompanied by "load files" – separate files containing descriptive information, such as the Bates number and metadata, to facilitate search and review.

Furthermore, that production was incomplete. Importantly, that production omitted the CANDA safety database, which AstraZeneca used to communicate safety information to the FDA, and which is essential to a meaningful review of the IND/NDA. It was not until June that Plaintiffs first received any CANDA data.

Databases

By January 5, 2007, AstraZeneca was to have provided plaintiffs with a list of databases in which information relevant to this litigation might be found. Plaintiffs then conducted informal interviews of AstraZeneca employees. Through these interviews, "meet and confers" and 30(b)(6) depositions, plaintiffs have now extracted from AstraZeneca the names of 59 relevant databases.

To assist with the prioritization, formatting and production of these databases, plaintiffs requested basic information about each. AstraZeneca first refused to provide this information. After plaintiffs' counsel indicated they would seek the court's assistance, AstraZeneca finally provided the information on July 2, 2007. AstraZeneca has not produced any of these databases, and must commence production immediately.

Organizational Charts

Pursuant to CMO-2, AstraZeneca was to produce organizational charts "reflecting its general corporate structure, the structure of the Seroquel team, and the structure of the drug safety team" no later than January 15, 2007. AstraZeneca did produce approximately 20 pages of organizational charts in January. Then, on May 14, 2007, at the 30(b)(6) deposition of Ann Booth-Barbarian, AstraZeneca produced additional but incomplete sets of charts. Amidst custodial productions, AstraZeneca produced additional charts on June 25, 2007. Plaintiffs have propounded formal requests for further organizational charts. AstraZeneca initially responded to those requests with objections, and its amended responses indicating that it is "still investigating." AstraZeneca's failure to timely produce organizational charts has delayed plaintiffs' ability to identify key witnesses for custodial production and deposition.

## RELIEF REQUESTED

To remedy the prejudice resulting from the failures set forth above, plaintiffs informed AstraZeneca that they would seek certain relief. Plaintiffs request an order that AstraZeneca:

1) Within 30 days:

    a. Produce all documents responsive to outstanding requests for production;

    b. Produce all additional custodial files identified by plaintiffs; and

    c. Produce all databases;

2) Translate, at AstraZeneca's expense, all documents produced in foreign languages;

3) Extend plaintiffs' expert disclosure deadlines to coincide with AstraZeneca's;

4) Strike the those affirmative defenses asserted by AstraZeneca which are related to the dispositive motions due to be filed on or before July 31, 2007;

5) Strike the learned intermediary affirmative defense asserted by AstraZeneca in all cases to be scheduled for case-specific discovery in August and September;

6) Strike the learned intermediary affirmative defense asserted by AstraZeneca in all cases to be scheduled for case-specific discovery in each month thereafter until AstraZeneca has produced documents in accordance with (1) and (2) above.

<u>3.01(g) CERTIFICATION</u>

Counsel have engaged in substantial and continuing meet and confer sessions, in person, by telephone and by email on the matters which are the subject of this motion. AstraZeneca rebuffed plaintiffs' latest request for a further telephonic meet and confer on these issues. The parties will continue to meet and confer, but are unable to agree on the resolution of this motion.

<u>LIST OF SUPPORTING LEGAL AUTHORITY</u>

*Metropolitan Opera Assn., Inc. v. Local 100, Hotel Employees and Restaurant Employees Int's Union*, 212 F.R.D. 178, 181 (S.D.N.Y. 2003)  (Rule 37 authorizes sanctions for negligence or tactical intransigence as well as willful/intentional wrongs with intentional behavior, actions taken in bad faith or grossly negligent behavior justifies sever disciplinary measures.  Imposition of sanctions lies in the court's discretion.)

*Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659 (M.D. Ala. 2000)  (Upon a motion for sanctions, the burden rests on the non-producing party to show that its actions were substantially justified or harmless.)

*Gratton v. Great American Communications*, 178 F.3d 1373 (11th Cir. 1999) (Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process.)

*In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006) (Prejudice from unreasonable delay is presumed, and regardless of belated compliance, failure to produce documents as ordered is sufficient prejudice.)

*Lyell Theatre Corp. v. Loews Corp.,* 91 F.R.D. 97 (Imposition of sanctions lies in the court's discretion.)

*Halas v. Consumer Services, Inc.,* 16 F.3d 161 (7th Cir. 1994)  (Violation of a discovery order is not a predicate to the imposition of sanctions under Rules 37(b)(2) and 26(e); an oral directive from the district court is a sufficient basis for Rule 37(b)(2) sanctions.)

*McMullen v. Bay Ship Mgmt.*, 335 F.3d 215 (3d Cir. 2003) (Violation of a discovery order is not a predicate to the imposition of sanctions under Rule 37.)

*Thibeault v. Square D Co.*, 960 F.2d 239  (1st Cir. 1992)  (Rule 26(e) does not require violation of a court order to impose sanctions.)

*Flury v. Daimler Chrysler Corp.,* 427 f.3d 939 (11th Cir. 2005)  (Courts have inherent power to impose sanctions upon violation of a discovery order.)

*Chambers v. Nasco, Inc.,* 501 U.S. 32 (1991)  (Courts have inherent power to impose sanctions upon violation of a discovery order.)

*Residential Funding Corp. v. DeGeorge Financial Corp.,* 306 F.3d 99 (2nd Cir. 2002) (Courts have inherent power to impose sanctions upon violation of a discovery order.)

*Arthur v. Atkinson Freight Lines Corp.,* 164 F.R.D. 19 (S.D.N.Y. 1995) (Under the federal rules, a party and its counsel have an affirmative duty to produce not only responsive materials of which they are aware, but also those which they reasonably ought to have been aware.)

*Wells v. Orange County School Board*, Case No. 6:05-cv-479-Orl-28DAB, 2006 U.S. Dist. LEXIS 81265. (Sanctions are appropriate where a party has prejudiced its opponent by implementing an inadequate plan to gather documents.)

*Wouters v. Martin County*; 9 F.3d 924 (11th Cir. 1993) (The filing of a motion to compel is not a prerequisite to an award of sanctions pursuant to Rule 37.)

*Tarlton v. Cumberland County Correctional Facility*, 192 F.R.D. 165 (D.N.J. 2000) (It was not defendant's option to simply react to plaintiff's fortuitous discovery of the existence of relevant documents by making disjointed searches, each time coming up with a few more documents, and each time representing that that was all they had.  Under the federal rules, the burden does not fall on plaintiff to learn whether, how and where defendant keeps relevant documents.)

*Nat'l Assn. of Radiation Survivors v. Turnage*, 115 F.R.D. 543 (N.D. Cal. 1987) (The defendant's various discovery omissions are directly attributable to the failure of defendant and its counsel to establish a coherent and effective system to faithfully and effectively respond to discovery requests.  The defendant employed an unconscionably careless procedure to handle discovery matters, suggesting a callous disregard for its obligations as a litigant.)

The Sedona Principles: Second Edition; Best Practices, Recommendations & Principles For Addressing Electronic Document Production, June 2007 (Comment 3.a.) (Parties should attempt to resolve discovery issues at the outset of discovery, including, but not limited to: identification of data sources, identities of individuals likely to have relevant electronically stored information, and use of search terms and other methods of reducing the volume of information to be produced.)

LIST OF SUPPORTING EVIDENCE

Plaintiffs will rely on the following:

Declarations and Testimony

Percipient Witnesses:

Michael Pederson

Jonathan Jaffe

Melina Marcano

Expert Witnesses:

John Martin

Court Proceedings

All Court proceeding transcripts in this matter, including but not limited to:

*September 7, 2006 Hearing:* 20:1 – 21:25; 50:16-18

*November 6, 2006 Hearing:* 12:20-24

*November 20, 2006 Hearing:* 36:15 – 37:7; 54:1-13; 73:11-17

*December 11, 2006 Hearing:* 48:1-25; 51:12-24; 54:4-7; 57:20-24; 65:18-21; 67:13-19; 68:11-16; 74:1-25

*December 12, 2006 Hearing:* 7:9-11

*March 2, 2007:* 13:5-7; 16:24 – 17:5; 20:20-25; 29:21; 35:22-24; 39:25-40:12

*April 10, 2007 DE Hearing:* 10:10-15; 26:5-11

*April 12, 2007 Hearing:* 6:20-24; 7:23-25; 8:1-25; 9:1-25; 10:1-15; 11:12-24; 12:2-25; 13:1-25; 14:8-23; 15:3-9; 16:22-25; 18:10-11; 21:1-25; 22:1-15; 23:8-25; 24:1-8; 25:7-11; 28:5-10; 30:19-23; 32:13-15; 35:18-21; 36:5-19; 37:5-7; 45:3-6; 76:7 – 77:7; 78:15-18

*May 22, 2007 Hearing:  3:1 – 4:23;* 5:23,25; 6:1-14; 7:17 – 9:19; 11:6-10; 13:7-10; 14:18-21; 15:6-8; 15:12-13; 16:2-17; 24:5-23; 26:1-8; 27:14-17; 30:24-25; 31:1-3

*June 13, 2007 Hearing:* 7:1-25

Depositions

All depositions taken in this matter, including but not limited to:

*Deposition Transcript of Ann V. Booth-Barbarin taken May 14, 2007:*  9:24 – 13:21; 60:21 – 63:8; 64:8 – 65:16

*Deposition Transcript of Alfred Paulson taken June 20, 2007:* 198:1 – 225:25

Documents Produced by AstraZeneca

Document AZSER 08028911; AZ/SER 3153444 – AZ/SER 3153475 and associated metadata; AZ/SER 0780272

Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Request for Production of Documents dated June 25, 2007.

Amended Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Request for Production of Documents dated July 3, 2007

Articles

Dechert OnPoint March 2006 Article entitled "Electronic Discovery Rule Changes Upcoming"

Correspondence

Selected Correspondence between the parties on the matters identified herein.

Pleadings

All pleadings and documents on file in this action.

/s/ Dennis J. Canty
Dennis J. Canty, Esq.
Levin, Simes, Kaiser & Gornick
44 Montgomery Street, Suite 3600
San Francisco, CA 94104
