US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____2_____

6:06-md-01769-ACC-DAB

**In Re:  Seroquel Products Liability
Litigation**

Date Identified:
_____

Date Admitted:
_____

# Exhibit 2

1

```
1                    UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
2                         ORLANDO DIVISION

3              Docket No.6:06-MD-1769-Orl-22DAB

4    . . . . . . . . . . . . . . . .
     IN RE:                        :
5    SEROQUEL PRODUCTS LIABILITY   :
     LITIGATION                    :        Orlando, Florida
6    MDL DOCKET No. 1769           :        September 7, 2006
                                   :        2:30 p.m.
7    ALL CASES                     :
                                   :
8    . . . . . . . . . . . . . .:

9
                  TRANSCRIPT OF PRETRIAL CONFERENCE
10           BEFORE THE HONORABLE ANNE C. CONWAY
                 UNITED STATES DISTRICT JUDGE
11                          AND
             BEFORE THE HONORABLE DAVID A. BAKER
12              UNITED STATES MAGISTRATE JUDGE

13   APPEARANCES:

14   For the Plaintiffs:          Paul Pennock

15                                Larry M. Roth

16                                Scott Allen

17                                K. Camp Bailey

18                                Michael W. Perrin

19                                Matthew F. Pawa

20                                Matthew E. Lundy

21                                Keith M. Jensen

22                                John J. Driscoll

23                                Kenneth W. Smith

24                                Lawrence J. Gornick

25   Court Reporter:     Sandra K. Tremel, RMR/CRR
```

PROCEEDINGS - September 07, 2006

20

1   are, Your Honor.  We're all working on that.  And we

2   discussed a 60 day period.  But I have also shared with

3   plaintiffs' counsel if we can do better then that, we'll

4   do better than that.  I mean, there's no reason for us to

5   want to hold that up at all.  Indeed, we have produced it

6   once in hard copy.  It's the electronic formatting of the

7   NDA and the IND.  So we intend to do that and we'll move

8   as briskly as we can.  And that was the subject of our

9   discussion with plaintiffs' counsel.

10          JUDGE BAKER:  Well, again, there's absolutely no

11  mystery in this case or any case like it that that is

12  something you're going to be producing.  And it seems to

13  me knowing that that's something that actually should have

14  been done before now, that you should have it ready.  But

15  regardless of that, it's just not something that takes

16  very long in this day and age of electronic -- and I dare

17  say an awful lot of that stuff was produced to the FDA in

18  electronic format.  Not the lab tests, I suppose, but even

19  that I suspect was.  There are different formats.  But

20  this part of it is not rocket science or even hard medical

21  science.  This is easy technology.

22          MR. DAVIS:  The NDA and the IND, and the Court

23  recognizes this, is hundreds of thousands of documents.  I

24  won't go through this with Court what the IND and NDA

25  contain because the Court appears very familiar with its

21

1   substance.  It contains clinical trials, the

2   communications with the FDA.  We're talking about 200,000

3   boxes of material and -- forgive me I misspoke.  Not

4   200,000 boxes but 200 boxes of material.  And therein lies

5   the rub in terms of getting these documents on a CD as we

6   have indicated to plaintiffs' counsel and I represent to

7   the Court what we'll do.

8        And what we had discussed was a 60 day period.  And

9   you know, given the other matters that we're likely to be

10  taking up in terms of tendering to the Court master

11  pleadings, exchanging information with respect to the

12  plaintiff's fact sheet, you know, we don't believe that's

13  an unreasonable period of time, Your Honor, and would ask

14  for that, for that period of time.

15       You know, that being said, you know, I'm not going to

16  hold back a CD once we have that prepared.  I will not

17  hold it back.  But I don't want -- I recognize the

18  importance of this Court's control dates and they are set

19  in concrete and then placed in stone.  And so I don't want

20  to be in a position where right out of the box I'm in this

21  very awkward position with respect to that.  So we will

22  move swiftly.  But I think the period of time that we

23  discussed and that we would like is, if the Court's going

24  to talk about setting some timeframe, is that 60 days.

25  And I'll leave it at that, Your Honor.

PROCEEDINGS - September 07, 2006

50

 1   get somebody appointed with specific powers, we'll take

 2   that up --

 3           MR. ROTH:  Okay.

 4           JUDGE BAKER:  -- that way.

 5           MR. DAVIS:  If I may, Your Honor.  I affirm what

 6   Mr. Roth has said.  Experience teaches me, lawyers being

 7   lawyers, to have persons who serve as lead is immensely

 8   helpful to the defendants, to the plaintiffs and, frankly,

 9   to the Court.  So, I would ask that the Court consider

10   that and perhaps we can take it up in 60 days.

11           JUDGE BAKER:  All right.  I did want to ask you,

12   are we likely to have some pretty good battles about

13   AstraZeneca's internal documents?

14           MR. DAVIS:  I don't think we're going to have

15   battles, no.  I think we had a good meeting this afternoon

16   before the Court, and I think we're going to develop a

17   plan to roll out documents to provide counsel with the

18   documents that they request.

19       And I'm not here to be before this Court to embroil

20   myself either with Your Honor or Judge Conway in a

21   discovery wrangle.  I hope not to ever have to be in a

22   serious dispute with the Court.  And I'm confident that's

23   how plaintiffs will address it as well.  I say that, and

24   experience teaches me that from time to time there are

25   issues.  That being said, I don't want to put you out of a