US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____4_____

6:06-md-01769-ACC-DAB

**In Re:  Seroquel Products Liability Litigation**

Date Identified: _____

Date Admitted: _____

# Exhibit 4

```
 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                         ORLANDO DIVISION

 3                 Docket No.6:06-MD-1769-Orl-22DAB

 4    . . . . . . . . . . . . . . ..
     IN RE:                          :
 5   SEROQUEL PRODUCTS LIABILITY     :
     LITIGATION                      :          Orlando, Florida
 6   MDL DOCKET No. 1769             :          November 20, 2006
                                     :          10:00 a.m.
 7   ALL CASES                       :
                                     :
 8   . . . . . . . . . . . . . . .:

 9
                 TRANSCRIPT OF PRETRIAL CONFERENCE
10             BEFORE THE HONORABLE DAVID A. BAKER
                   UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13   For the Plaintiffs:         Paul Pennock

14                               Larry M. Roth

15                               K. Camp Bailey

16                               Fletch Trammell

17                               Matthew E. Lundy

18                               Keith M. Jensen

19                               John J. Driscoll

20                               Lawrence J. Gornick

21                               Michael E. Pederson

22

23

24   Court Reporter:  Sandra K. Tremel, RMR/CRR

25
```

```
 1  PDF, but that issue would not resolve the issue of whether
 2  they would like the pages to be broken down as single
 3  pages or as multiple pages.
 4       The issue with regard to the file format is it has
 5  been presented to us is that they would like each document
 6  separated out into individual files for each document.
 7  And that may well be -- individual files for each page of
 8  the documents.  So if you had a 50 page document, it was
 9  produced as a 50 page file.  What they would like is 50
10  separate files and we're looking into whether we can do
11  that and how we can get that done.  And I would expect
12  that we will be able to do that.  It's just that we
13  weren't asked to do that before we had to produce our
14  documents.
15            THE COURT:  Well, I'm assuming that there is a
16  host of different kinds of documents.  Some are probably
17  things that were originally written in Word and then other
18  things that were lab reports and other things that were
19  protocols and other things that were things that were
20  submitted to the FDA and attachments, a lot of duplicates
21  and things started one way and then I suspect you stored
22  them in many different ways on various serves, whatever it
23  is AstraZeneca calls it's NDA or the IND, is that -- do
24  they take all those things and then put them into a single
25  place on the computer and everything that was something
```

1   else is transformed into a PDF?
2           MS. KELBER:  Exactly.  It's maintained by
3   AstraZeneca in one space as PDFs and that's what we
4   replicated for our production.
5           THE COURT:  And is that created by scanning or
6   by an electronic conversion?
7           MS. KELBER:  Scanning.
8           MR. CAMP BAILEY:  After the first hearing we had
9   on September 7, we got together and kind of had multiple
10  tracks going here.  We have the MDL here.  We also have
11  some state court litigation going up in Delaware and the
12  Delaware CMO that was proposed on, I think, November --
13  September 20th, we specified kind of a specific format
14  that we'd like them in which is kind of the standard in
15  the industry.  And what it is is TIF, single page TIF
16  which has an OCR page that goes with it.  It has a load
17  file that tells everything, kind of where it's going.  I'm
18  botching this all up because I'm not a computer expert. I
19  think that's how most databases today are run.
20          And what I think the Court's talking about
21  specifically is we had a provision that says after initial
22  production and image file format is complete, a party may,
23  if we have an issue with the particular file or something,
24  upon specific request, seek production of electronic
25  documents in their native format, which means we can ask

1       MR. DAVIS: Yes. Thank you, Your Honor.
2  Your Honor, we're proposing a 12(b)(6) motion.
3  That's the vehicle to present to the Court. As I
4  understand what Mr. Pennock and what Mr. Trammell have
5  said, there have been a series of misstatements or
6  misinformation provided to the FDA or information that was
7  concealed or hidden. That's how I understand what you
8  have been saying. And Your Honor, that sort of
9  information, one, we believe doesn't exist, but if it
10 does, it's barred in terms of preemption by the Buckman
11 ruling, the United States Supreme Court, which sanctioned
12 the presentation of a preemption motion early on as a
13 threshold matter on using a 12(b)(6).
14      So what they've been saying with respect to the
15 nature of the discovery that they need relates to
16 information that we misrepresented to the FDA or failed to
17 provide to the FDA or concealed to the FDA, and that
18 information is not information that is germane to the
19 12(b)(6) motion under the Supreme Court's decision in
20 Buckman which sanctioned the use of the 12(b)(6) vehicle.
21      The second point I would like to make to the Court,
22 as I sit here and listen to this timeframe and all of the
23 discovery when we're prepared to file a preemption motion
24 on January 15, is that it's a 12(b)(6) motion that we
25 intend. They can make all these arguments with respect to

```
 1          THE COURT:  Well, let me say this.  If you get
 2   your requests out by Wednesday, I would expect Mr. Davis
 3   to be able to identify for me on the 8th any issues he
 4   contemplates in terms of objections or difficulty in
 5   production.  If not chapter and verse, at least topically
 6   so that we can determine whether -- and again, as we
 7   discussed back in September, and as I mentioned it at the
 8   outset today, the rules provide 30 days for this and two
 9   weeks for that and but not everything needs the 30 days.
10   I really -- I know you have done this, but I want you to
11   continue and really take it to heart.  ==If there's==
12   ==important things like an organization chart or issues like==
13   ==that, I'm just not going to have any patience, either==
14   ==side, making it hard for the other side.==  ==Do the easy==
15   ==stuff easily.==  ==Because it's going to -- it will be to==
16   ==everybody's benefit both in the short-term and the long==
17   ==term.==  So I'm not going to require that they file a formal
18   response, but Mr. Davis, be ready to talk about any
19   problems with that on the 8th.
20          MR. DAVIS:  As the Court knows, we will do the
21   very best we can.  We're talking about addressing issues
22   that are figments right now.  I don't have the requests so
23   I'm -- I can't respond other than to say, again, that we
24   don't have a completed plaintiffs' fact sheet and here we
25   are responding to some discovery that hasn't even been or
```