US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____13_____

6:06-md-01769-ACC-DAB

**In Re: Seroquel Products Liability Litigation**

Date Identified: _____

Date Admitted: _____

# Exhibit 13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Seroquel Products Liability Litigation     Case No. 6:06-md-1769-ORl-22DAB

MDL Docket No. 1769

THIS DOCUMENT RELATES TO ALL CASES

**PLAINTIFFS' MOTION FOR AN ORDER: 1. COMPELLING DEFENDANTS TO PROVIDE COMPLETE CERTIFIED PRODUCTION OF THE FIRST EIGHT CUSTODIAL FILES AND ALL OTHER CUSTODIAL FILES PRODUCED TO DATE; 2. SUSPENDING THE CUSTODIAL PRODUCTION METHOD UPON COMPLETION OF THE PRODUCTION OF THE OUTSTANDING CUSTODIAL FILES PRODUCED TO DATE; AND 3. IMMEDIATELY PERMITTING PLAINTIFFS TO PROCEED BY A NOTICE TO PRODUCE METHOD OF DISCOVERY**

The MDL Plaintiffs, by and through their undersigned counsel, hereby move the Court for the entry of the attached Order: 1. compelling Defendants to provide complete certified production of the First Eight Custodial Files and all other custodial files produced to date under the definition set forth below; 2. suspending the custodial production method upon completion of the production of the outstanding custodial files produced to date; and 3. immediately permitting Plaintiffs to proceed by a Notice to Produce method of discovery, and in support of this Motion and Combined Memorandum, the following will be stated:

1.      Plaintiffs are compelled to bring the instant Motion due to Defendants' continued failure to produce discovery as directed by this Court.  This ongoing and constant production problem has prejudiced and will continue to prejudice Plaintiffs as they attempt to meet this MDL Court's discovery deadlines.

1

2. This Motion and Combined Memorandum is being filed pursuant to Federal Rule of Civil Procedure Rule 37; MDL 1769 CMO 2; this Court's previous rulings at a hearing on April 12, 2007; and M.D.L.R. 3.01(a).

I. **DEFENDANTS HAVE FAILED TO PROVIDE TIMELY AND COMPLETE CUSTODIAL FILES AND THUS THE CUSTODIAL FILE METHOD OF PRODUCTION HAS FAILED**

3. Previously, the Plaintiffs have conferred with counsel for Defendants and repeatedly requested completion of the "First Eight Custodial Files", as per Middle District Rule 3.01(g). In fact, during breaks at the hearing on April 12, 2007 Plaintiffs and Defense counsel discussed the custodial production problems and Plaintiffs were assured in open court that these problems would be resolved. They were not resolved.

4. When the parties first met over eight months ago to discuss discovery in September 2006, as later memorialized in CMO 2 dated January 26, 2007 (see, Exhibit "1" attached hereto), the parties agreed that "AstraZeneca shall begin producing documents collected from the Eight Custodians on or before January 5, 2007, and AstraZeneca shall thereafter produce documents collected from all other custodians as soon as practicable." (Exhibit "1" at Section II, Paragraph D.) As this Court is aware, these First Eight Custodians of the initial list of eighty (80) custodians were chosen by the Defendants and, because the Defendants chose them, the Court and the Plaintiffs understood that the production would be rapidly completed.

5. Just the opposite has occurred, as Plaintiffs have been told that production is indeed still incomplete. As of today, four months later, we have still not received a single

certification of complete production for any of the First Eight Custodial Files. The issues raised in this motion are not the first time that these issues have been raised with the Court.

6.  In fact, Defendants have not yet agreed to a clear definition of "custodial file", so what the Defendants eventually deem to be a complete custodial file may be far from complete. Plaintiffs respectfully submit the proposed definition in footnote 1 below for what makes up a custodial file. This definition is necessary to ensure that Defendants include all relevant documents necessary to serve the purpose of assuring Plaintiffs that we have the complete file.[1]

7.  On April 12, 2007, Magistrate Judge Baker held a hearing with the parties and these very same production issues were addressed. At this hearing, Defendants' counsel represented to the Court that the production for the First Eight Custodians would be certified complete within one week. (See, Transcript of April 12, 2007 Hearing attached hereto as Exhibit "2" at: Page 28, Lines 8-10; Page 30, Lines 5-7; Page 30, Lines 19-23; and Page 32, Lines 13-15.)

---

[1] It is important that both sides have an acceptable definition of what makes up the Custodial File. To that end, Plaintiffs submit the following definition as part of the submitted Order: "The Custodial File are those items set forth herein that were or are maintained by the Defendants or by an individual employee or former employee of the defendants relating to Seroquel in any way. Custodial File includes but is not limited to: all hard copy and electronic documents from all sources including all hard copy files, desktop and laptop computers, as well as personal computer devices such as Personal Digital Assistants (PDA), BlackBerry, or other such devices. "Documents" shall have the broadest possible meaning and interpretation ascribed to it, including but not limited to: writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, the Custodial File are those items set forth herein that were or are maintained by the defendants or by an individual employee or former employee of the defendants relating to Seroquel in any way. Custodial File includes but is not limited to: all hard copy and electronic documents from all sources including all hard copy files, desktop and laptop computers as well as personal computer devices such as Personal Digital Assistants (PDA), BLACKBERRY, or other such devices. "Documents" shall have the broadest possible meaning and interpretation ascribed to it, including, translated, if necessary, by the respondent through detection devices into reasonably usable form. Additionally, any "Documents" contained on any computers and all devices utilizing microchips to facilitate processing, analysis, or storage of data."

3

8. This Court emphasized the importance of complete and timely production of Defendants' custodial files by saying, "[w]ell, when I set the June 30 deadline based on your representations as to how you chose to produce these things, I thought having this conference a third of way through from that time to the deadline that we would have a third of them done by now. We have got none." (Exhibit "2" at Page 36, Lines 5-10.)

9. Moreover, when Defendants once again failed to explain why the custodial productions were not complete, this Court recognized, "that's the excuse I heard in September. It's the excuse I heard in November. It's the excuse I heard in December. There's just no reason why that should have happened. There's no reason why the plaintiffs should be subjected to – I'm totally underwhelmed by the production that's been provided by the defendant to date." (Exhibit "2" at Page 36, Lines 13 – 19.)

10. The due date for certifying the complete production of the First Eight Custodial Files was supposed to be April 19, 2007, which was one week from the court hearing. In fact, two weeks have now passed and Plaintiffs still have no Certification of Completeness.

11. Plaintiffs are significantly prejudiced as we continue to work to complete discovery within this Court's deadlines. Also, Plaintiffs point out that none of these eighty (80) potential witnesses appears to have worked for Defendants prior to 1996 when Seroquel was in the pre-clinical and development phases. Thus, there is a pressing need to review all of these custodial files, so as to determine the names of other witnesses and documents which may be of much greater relevance to the Defendants' fraudulent and other culpable conduct.

4

12. In spite of Defendants' representations to the Court and to Plaintiffs at the last hearing that "things are going to start moving in a more quick manner and it's going to get out in a plaintiff's hands in a much - - in a much quicker time period" (Exhibit "2" at Page 25, Lines 9-11), Defendants have recently advised that there remains a large number of documents from the First Eight Custodians that they have yet to produce.

13. Instead of providing a Certification of Completeness on April 19, 2007 as promised, Defendants sent an e-mail to Plaintiffs' technology consultant, Jonathan Jaffe, in which they indicated that Sixty Thousand (60,000) documents still needed to be produced for the First Eight Custodians. (See, e-mail from Rodney Miller to Jonathan Jaffe dated April 19, 2007 attached hereto as Exhibit "3".) Noticeably, there is no indication in this e-mail as to how many pages are contained within these documents. In spite of Defendants' contentions, the First Eight Custodial Files appear to be far from complete.[2]

14. Significantly, it would appear that Defendants have been collecting these custodial files for several years and this process should be substantially completed by now.

15. At the April 12, 2007 hearing, Defendants' counsel promised the following schedule for the flow of defense documents:

> "By Monday, this coming Monday the 16th of April, we will give plaintiffs the names of 21 custodians, 21 additional witnesses for whom document production can be complete on or before May 14. By Monday, April 23rd, that's a week from this Monday, we will give plaintiffs the names of 21 more witnesses or custodians by whom

---

[2] At the hearing, Defendants' counsel claimed, "[w]hat is left over is a small fraction that had either technical issues or that there was a privileged document that needed negotiation and we're trying to get that out the door. We suspect they'll have complete productions within a week for all the first eight." (Exhibit "2" Page 28, Lines 5-10.) Respectfully, 60,000 documents is not a small number of documents to review.

5

> production will be complete no later than June 11. And also another 21 by whom production -- for whom production will be complete no later than June 29." (Exhibit "2" at Page 76, line 17 to Page 77, line 1.)

The first list, calling for the Defendants to name the next 21 custodians to be produced, was not given to the Plaintiffs until April 23, 2007 – one week after the promised date. After failing to adhere to the first two dates as promised at the hearing, Plaintiffs are very concerned that continued production issues will severely prejudice Plaintiffs' ability to meet the deadlines set by this Court.

16. Defendants should finish and certify the complete production of the First Eight Custodial Files and all other custodial files produced to date, while permitting Plainitffs to immediately begin to seek discovery as permitted under the Federal Rules of Civil Procedure.

## II. THE CUSTODIAL METHOD OF PRODUCTION SHOULD BE IMMEDIATELY CHANGED TO THE TRADITIONAL NOTICE OF PRODUCTION METHOD WHILE DEFENDANTS COMPLETE PRODUCTION OF THE FIRST EIGHT CUSTODIAL FILES AND ALL OTHER CUSTODIAL FILES PRODUCED TO DATE

17. This Court has made these discovery deadlines extremely time sensitive and Defendants' production failures are putting Plaintiffs' cases at risk. After setting forth the production of documents from the First Eight Custodians, CMO 2 stated, "[p]laintiffs may notice the depositions of custodians following receipt of notice from AstraZeneca that the production of the custodian's documents is complete. In the event plaintiffs elect to take a custodian's deposition prior to receiving notice that production is complete, they may do so, but plaintiffs shall not be entitled to further depose that witness on the grounds that document production was not complete." (Exhibit "1" at Section II,

6

Paragraph E.) Plaintiffs clearly cannot begin to notice these non-30(b)(6) depositions because Defendants cannot certify complete production and there continues to be a large number of documents left to review.

18. The Court has expressed its own concerns about the timing of Defendants' production. At the April 12, 2007 hearing, this Court asked, "What don't you understand about moving this case forward? . . . You know you have an obligation to see if there are any problems, is this satisfactory? Particularly, you haven't certified the completeness of these. How are you going to get these files produced by the end of June?" (Exhibit "2" at Page 21, Lines 12-13, 16-20.)

19. As Plaintiffs have pointed out, Defendants did not produce complete custodial files of the First Eight Custodians on or before January 5, 2007 as was discussed in September 2006. Rather, they have intermittently produced documents pertaining to these First Eight Custodians on February 8, 2007; March 16, 2007; March 17, 2007; April 10, 2007; and April 24, 2007. The documents themselves were clearly incomplete, often not searchable, and were not in any chronological order when produced. As produced, these documents do not provide enough complete and useful information to conduct any depositions. In fact, there is a complete lack of preclinical material and scarcity of relevant e-mails. Therefore, Plaintiffs' review of these documents is disjointed and incomplete and Plaintiffs have not been able to begin scheduling depositions, since we know that significant numbers of documents remain to be produced.

20. The custodial file method of discovery is not working in this litigation. Defendants have chosen custodians who are or may be irrelevant to the facts at issue.

Defendants' delay in production will not allow Plaintiffs ample time to find the most relevant and important witnesses for deposition and documents for trial.

21. Defendants should complete and certify the production of the First Eight Custodial Files and all other custodial files produced to date. Further, Plaintiffs request an immediate switch to the Notice to Produce method of discovery under Federal Rule of Civil Procedure Rule 34. Rule 34(a)(1) allows Plaintiffs to serve a request "to produce and permit the party making the request . . . to inspect, copy, test, or sample any designated documents or electronically stored information . . . translated, if necessary, by the respondent into reasonably useable form." As Plaintiffs are respectful of the Court's time sensitive production deadlines, we request immediate permission to serve Rule 34 requests for future production upon Defendants.

WHEREFORE, the Plaintiffs, through Liaison and Lead Counsel, respectfully request the Court to enter an appropriate Order: 1. compelling Defendants to provide complete certified production of the First Eight Custodial Files and all other custodial files produced to date under the definition set forth above; 2. suspending the custodial production method upon completion of the production of the outstanding custodial files produced to date; 3. immediately permitting Plaintiffs to proceed by a Notice to Produce method of discovery; and 4. for such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of April, 2007.

PLAINTIFFS' STEERING COMMITTEE

/s/ Paul J. Pennock_____
Paul J. Pennock,
Plaintiffs Co-Lead Counsel
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, New York 10038

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2007, I electronically filed the foregoing Plaintiffs' Motion for an Order Compelling Certification of Complete Discovery for the First Eight Custodial Files with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List. I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class U.S. Mail delivery to the non-CM/ECF Participants listed on the attached Service List.

/s/ Michael E. Pederson
Michael E. Pederson

10