US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number:         16.07

6:06-md-01769-ACC-DAB

**In Re:  Seroquel Products Liability
           Litigation**

Date Identified:

Date Admitted:

# Exhibit 16.07

# Jaffe, Jonathan

**From:** Dupre, Andrew [ADupre@McCarter.com]
**Sent:** Tuesday, June 05, 2007 11:16 AM
**To:** Jaffe, Jonathan; Pederson, Mike
**Cc:** Freebery, James J.; Winchester, Tony; Yeager, Joe
**Subject:** Seroquel Meet and Confer

Gentlemen:

In furtherance of our continued effort to cooperatively resolve all relevant technical issues in lieu of an evidentiary hearing on June 13, AstraZeneca offers the following summary of the current state of play, and our plans for finalizing all resolutions. We'd like to discuss these issues further in our call scheduled for 2:00pm EST today.

Resolved Issues
Corrected Load Files
Metadata consistency
Swapped MetaData Fields
Page Breaks - we have ordered the vendor to implement the agreed solution. We will share the timeline as soon as we have it.

Objective Coding
Redaction Logs
IP10 Production
CANDA
Foreign Language Documents
30(b)(6) Deposition Documents
Production Key

Nearly Resolved Issues

1. Privilege Logs - the agreed solution is for AstraZeneca to provide its internal control number in the corrected load files and on the privileged logs. The control number will reveal the sequence point of the documents withheld for privilege. This will solve Plaintiffs' complaint regarding document context.

Question to Plaintiffs - because Plaintiffs will receive the sequencing (i.e. context) information they desire from the internal control number, do Plaintiffs still demand that these documents receive production Bates coding? AstraZeneca suggests that, for consistency purposes, it would be better to maintain the "privilege Bates coding" for privileged documents related to the first 80 custodians, and then to use only one coding nomenclature going forward. This would be particularly helpful because there are several productions presently in the pipeline. Please let us know if Plaintiffs will accept this.

2. Data Collection: Plaintiffs have raised two issues on data collection: (a) Plaintiffs want documents that custodians may save onto AstraZeneca share drives, and (b) Plaintiffs want to be sure they received emails that a custodian may have deleted.

We have confirmed with AstraZeneca's collection vendor that documents on share drives are collected and produced. We have further confirmed that the PSTs collected include emails that the custodian deleted through his front-end MS Outlook system.

AstraZeneca believes confirmation of these two points resolves Plaintiffs' issues regarding data collection. Please confirm that you agree.

Issues Under Investigation

1. Excel Spreadsheets - Plaintiffs have raised two issues regarding MS Excel Spreadsheets: (a) there appears to be missing information in the TIFFs of some spreadsheets, and (b) Plaintiffs do not like the way the TIFFs display Excel spreadsheets.

226

Plaintiffs proposed that AstraZeneca provide the native files for all Excel spreadsheets in some type of read-only format. Plaintiffs believe this would resolve both the data issue and the display issue identified above because Plaintiffs could see the whole document as the author of that document saw it. However, this proposal places an additional burden upon AstraZeneca, beyond that required by CMO2

AstraZeneca's vendor was initially very hesitant to endorse that proposal because it generally does not provide metadata scrubbing or read-only lockdown services. In other words, this proposal is not within the production vendor's core competency.

Jonathan Jaffe suggested a fix to this issue of creating an automated system to copy and paste all information from the native file Excel spreadsheets into new Excel spreadsheets. This proposal would theoretically eliminate the metadata that AstraZeneca is not required to provide under CMO2. It would not, however, solve the problem that this production vendor does not provide a read-only lockdown service.

I am currently working with the vendor to try to implement Jonathan's proposal to create a process to automatically copy native Excel sheets into new Excel sheets sans metadata. I will also explore how to get these documents into read-only form for production to Plaintiffs. I will report to Plaintiffs on this issue as I receive more information. AstraZeneca is willing to implement a solution to solve this issue, it is just a matter of finding the right solution.

2. Blank documents - Plaintiffs have identified certain documents that came through the production process as blank, even though they contain objectively coded metadata fields. AstraZeneca has ordered its vendor to identify the problem with these documents, if any. I will report to Plaintiffs on this issue as I receive more information. AstraZeneca is willing to implement a solution to solve this issue, it is just a matter of finding the right solution.

I believe we are very close to entirely resolving all of the Plaintiffs' issues. We look forward to speaking with you at 2:00 pm EST today.

Andrew S. Dupre, Esq.
McCarter & English, LLP
919 N. Market Street, 18th Floor
Wilmington, Delaware 19801
Phone: 302-984-6328
Fax: 302-984-0311

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email(or helpdesk@mccarter.com) and destroy all copies of the original message.