US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____16.11_____

6:06-md-01769-ACC-DAB

**In Re: Seroquel Products Liability Litigation**

Date Identified:

Date Admitted:

# Exhibit 16.11

## Jaffe, Jonathan

| | |
|---|---|
| **From:** | Pennock, Paul |
| **Sent:** | Wednesday, June 27, 2007 5:05 PM |
| **To:** | Fred Magaziner (fred.magaziner@dechert.com); stephen.mcconnell@dechert.com |
| **Cc:** | Camp Bailey (cbailey@bpblaw.com); Kenneth Bailey (kbailey@bpblaw.com); Pirtle, Thomas (tomp@lpm-triallaw.com); Edward Blizzard (eblizzard@blizzardlaw.com); Fletch Trammell (ftrammell@bpblaw.com); Allen Scott (sallen@crusescott.com); Pederson, Mike; Jaffe, Jonathan; Laminack, Richard N. (richl@lpm-triallaw.com); Lawrence J. Gornick (lgornick@lskg-law.com); Larry Roth (LROTH@roth-law.com); David P. Matthews (dmatthews@thematthewslawfirm.com) |
| **Subject:** | Continuing IT Production Failures |

Your co-counsel wrote us on June 25th regarding the agreements that were reached on or before June 7th. As you will see from reviewing the below, I suggest you have them in Orlando next week to answer for these breaches in our agreements and their general failure to abide by the CMOs and their discovery obligations.

1. Load Files  The corrected load files are to be done by July 7th, per our agreement. Your people now tell us that it will perhaps happen by July 15th. That's not acceptable. We had an agreement about which we informed the Court and this must be done by July 7th.

2. Meta data consistency. We can not verify your assertion that it has all been corrected until we receive the load files under number 1. above.

3. Swapped MetaData Fields  You also violated the agreements as to the Swapped MetaData Fields. You were supposed to identify the load files that were incorrect within 7 days. You've still not done that.

4. Page Breaks. You were to complete this by July 19th. You have already anticipatorily breached this, because your people have now told us perhaps July 31st. Moreover, despite promises to complete this on a rolling basis, you've not done so.

5. Excel Sheets  Your people have only now given us a timetable with respect to the Excel Sheets. You've now told us that it won't be done by July 31st, instead of the generally understood on our about July 7th. This is another breach.

6. Objective Coding  You agreed to tell us whether you had created Objective Coding. You have told us that you have. We would like a listing of the fields that you have collected. Please get back to me by Friday as to whether you will give us the identity of the fields.

7. Privilege Logs  We have no current dispute.

8. Redaction Logs  We need to have one additional phone call with you regarding your assertion that you did not agree to this.

9. Blank Documents  Continue to serve the "blank" pages that you say are being produced b/c they actually have some header and footer and thus technically have to be produced. As to the non-Excel blank pages, we do not believe this is a "small subset" as you assert. Pursuant to your timetable, you will identify all of the problematic documents by June 30th. This date is acceptable and we expect re-service of the corrected documents by July 7th, as agreed.

10. IP10 Production. This is no longer an issue.

11. Item 12/CRF's:  We don't know what you're referring to, although we think you might be referring to CANDA. Please explain and we'll respond to your assertion that it was produced by June 8th. If it is CANDA, we agree that it was produced.

12. Foreign Language Documents:  We received the hard drives.

13. 30b6 depo Exhibits:  We received a hard drive and your communication saying they are all on there.

14. We have rejected the Certification. We are not agreeing to the "key word" search of any kind and never have. Our position on this has been consistent from the beginning. We want everything that touches, concerns or relates to Seroquel, atypical antipsychotic and the injuries alleged to be caused by Seroquel in any way. If it meets the definition of discoverable under the federal rules and this court's orders, then we want it and are entitled to it. If you have only been searching by your "key terms" list, we have a big problem. Also, we have repeatedly insisted that we receive any emails or other documents sent by a custodian, deleted by him/her but preserved in somebody else's files or computer, etc. Whether that preservation person is one of the 80 or not does not matter. We also are not limiting it to AZ's email account but any email account funded by AZ. Now, and particularly years ago, Blackberry Service for example was not on a corporate email system. If it exists, we want it. Also, you were supposed to make sure that any information from any common drives be produced. In essence, you have played a long running game of hide the ball and I'm just thankful that we have a Magistrate Judge who will understand what has been going on here.

15. Databases. I've addressed this in my prior email.

16 Production Key. We did this as we agreed we would - on time.