US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____16.13_____

6:06-md-01769-ACC-DAB

In Re:  Seroquel Products Liability
　　　　Litigation

Date Identified: _____

Date Admitted: _____

# Exhibit 16.13

**Jaffe, Jonathan**

| | |
|---|---|
| **From:** | Pennock, Paul |
| **Sent:** | Wednesday, July 11, 2007 5:49 PM |
| **To:** | 'McConnell, Stephen' |
| **Cc:** | Fletch Trammell (ftrammell@bpblaw.com); Lawrence J. Gornick (lgornick@lskg-law.com); Camp Bailey (cbailey@bpblaw.com); Kenneth Bailey (kbailey@bpblaw.com); Allen Scott (sallen@crusescott.com); Edward Blizzard (eblizzard@blizzardlaw.com); Pederson, Mike; Jaffe, Jonathan |
| **Subject:** | RE: Meet-and-confer re sanctions motion |

IND/NDA
Your statement is incorrect. Plaintiffs counsel are aware of problems that remain. Plaintiffs counsel on the phone could not delineate them.  Just as, for example, none of the several defense lawyers on the phone could tell us if the "key term" search for a particular word would pick up a partial spelling of the word. Collectively, none of you knew.

Org Charts
Our positions have been made clear in numerous discussions, depositions and demands, as well as your commitments.

Custodial Productions
Again, your statements are incorrect and are emblematic of the manner in which AZ and its counsel have dealt with discovery.  We said that defendants' counsel should have looked through all of the documents that each custodian had.  Munno, or someone else on your side, made reference to looking through all of the documents in the company.  We had been led to believe, and so has the Court, that you did look through all of the documents for each custodian.  Considering the fact that many of the custodians only worked on Seroquel for years, the "non" Seroquel documents would be few and far between.  In any event, you have mislead us and the Court and have produced a set of documents that by definition is incomplete.

Databases
Your characterization of the lengthy discussion is incomplete and thus inaccurate.  In any event, we continue to await your production of the databases that contain discoverable information in this litigation, as has been formally demanded and then discussed, ad nauseum, for months.  You said that the databases are not ready to be produced, and we pointed out that given the fact that they have been discussed for months, they should have been prepared for production a long time ago.

There was a great deal more said and discussed.  Your "Readers Digest" version, requiring a similar reply, is not helpful.


-----Original Message-----
From: McConnell, Stephen [mailto:stephen.mcconnell@dechert.com]
Sent: Wednesday, July 11, 2007 5:16 PM
To: Pennock, Paul
Cc: Munno, Thomas; Magaziner, Fred; Kerns, Kevin; Balakhani, Elizabeth; Jim Freebery; Adupre@mccarter.com
Subject: Meet-and-confer re sanctions motion

15

Paul,

In today's call, we went over the issues raised in your sanctions motion.

IND-NDA
Plaintiffs' counsel is not currently aware of any IND-NDA documents that plaintiffs do not already have.  I understand that you will contact your NDA review team and alert us if they know of any missing documents.  (We do not believe there are any).

Organization Charts
Defendants produced organization charts in January and at the 30(b)(6) depositions.  We also agreed to produced additional charts in response to your amended set of 76 document requests. Plaintiffs' primary objection is that, although you received several additional charts during depositions, and have requested others through RFPs, you did not receive every company organization chart in January.  I am not sure how we can address that complaint -- which we disagree is what the Judge ordered -- but please let us know if there is something more you seek.

Custodial production
Your sanctions motion contends that our search terms were incomplete. Defendants requested that plaintiffs provide additional search terms.  Plaintiffs' counsel said that "we'd never be able to come up with a comprehensive list," but agreed to consider providing a list of additional search terms.  At the same time, you suggested that nothing less than having defense lawyers read all of the company's documents  would satisfy you.

Databases
Plaintiffs request immediate production of all 59 databases they identified (some of those are not actually databases).   Defendants provided interviews, depositions, and additional information regarding databases.  Some of those databases are enormous and not reasonably searchable.  Nonetheless, Defendants are already producing materials from databases in response to certain subject matter document requests.

We believe that our positions are reasonable while yours are extreme.  But we remain willing to discuss these issues with you right up to the hearing before Judge Baker.

- Steve


This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.