US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____16.22_____

6:06-md-01769-ACC-DAB

**In Re: Seroquel Products Liability Litigation**

Date Identified:

Date Admitted:

# Exhibit 16.22

## Jaffe, Jonathan

**From:** Dupre, Andrew [ADupre@McCarter.com]
**Sent:** Tuesday, June 19, 2007 8:43 AM
**To:** Pederson, Mike
**Cc:** Jaffe, Jonathan; Ksmith@AWS-LAW.com; Rhonda Radliff; Freebery, James J.; Torregrossa, Brennan; Windfelder, Makenzie; Winchester, Tony
**Subject:** RE: Data Base production

Good morning Michael:

Thank you for providing this list. My goal today is to collect sufficient information from Plaintiffs to begin the database production process. I see the process occurring similar to other large pharma litigation, along the following lines:

1. Plaintiffs identify the databases that they want, based on the 30(b)(6) depositions of AstraZeneca's IT people and information gathered from the ~8 million pages of documents that have been produced thus far.

2. AstraZeneca will collect field lists from those databases, including what any cryptic field names actually mean.

3. The parties will meet and confer to determine which fields the plaintiffs actually want/should get. Limiting the field scope to an agreed relevant subset will substantially speed the data extraction, and thereby get the database information to Plaintiffs faster.

4. AstraZeneca will do a test extraction on some agreed subset of the agreed fields, to be approved by Plaintiffs.

5. AstraZeneca will do a final data extraction and production.

The remaining issues in your note (#2-7) do not really relate to databases. Instead, they express more demands to modify the certificate of completeness for the custodial productions. For example, it appears Plaintiffs wish to discuss including an equipment list for each custodian (laptop, blackberry, etc.). I'd of course be happy to discuss these topics with you. However, my opinion is that they are not germane to databases and do not fit with today's call. I don't mean that to be off-putting, but rather to express that if we don't get moving on the databases in a focused manner soon, it will be very difficult to meet the various discovery deadlines in the case.

Does 3pm work for you today? If so, could you email me a dial-in? My best-

Andrew S. Dupre, Esq.
McCarter & English, LLP
405 North King Street 8th Floor
Wilmington, Delaware 19801
Phone: 302-984-6328
Fax: 302-984-0311


-----Original Message-----
From: Pederson, Mike [mailto:MPederson@weitzlux.com]
Sent: Monday, June 18, 2007 9:25 PM
To: Dupre, Andrew

Cc: Jaffe, Jonathan; Ksmith@AWS-LAW.com; Rhonda Radliff
Subject: Data Base production


Andrew,
    Here are some of the issues we need to discuss concerning defendants data base production.  This list is not comprehensive and requires further discussion, but it should get us started.

1)    Need to agree on a process for getting electronic data from the databases:
    a.    We need details on the data stored in each database.
    b.    Once information is received by Plaintiffs, Plaintiffs will review information and make specific requests for test data from each system on rolling request/production basis.
    c.    Defense to provide test data for each request.
    d.    Plaintiffs to review the test data before Plaintiffs requires full copy/download/extract of electronically     stored data
    e.    Once data fields and format are agreed upon, and any technical issues resolved, Defense to provide the electronic data as requested.  Plaintiffs could provide hard drives as required for the ease of transferring      data.

2)    We need an agreement on search terms.
3)    We need a report on the implementation of non destruction policy, tracking of deletions, tracking of backups and   archive maintenance.
4)    We need you to supply server map (Active Directory Design) for all custodians, and proof that each accessible server    was searched.
5)    Defense to supply documentation inventory of all corporate assets in use or control by custodian, and proof if such    assets are searched during production  (custodial or otherwise).
6)    Defense to supply documentation that production search includes all files of custodian's delegates (those working on    behalf of custodians, example: assistants).
7)    Defense to provide Data Topology Map and Messaging planning documents (e-mail server mapping, downtime planning,    archiving, etc.)

    When would be a good time tomorrow to have some initial discussions on these issues? Please advise so I can set up a call in number.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email(or helpdesk@mccarter.com) and destroy all copies of the original message.