UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Seroquel Products Liability Litigation          Case No. 6:06-md-1769-Orl-22DAB

MDL Docket No. 1769

THIS DOCUMENT RELATES TO ALL CASES

### CERTIFICATION OF MICHAEL E. PEDERSON

MICHAEL E. PEDERSON, of full age, certifies as follows:

1. I am an attorney duly admitted to practice law in all of the Courts of the State of New York and I am admitted in the United States District Courts for the Southern, Eastern and Northern Districts of New York. I represent plaintiffs in the Seroquel MDL litigation on behalf of Weitz & Luxenberg, P.C., and I am fully familiar with the facts of these cases and as set forth herein. I make this certification in support of the MDL Plaintiffs' Motion for an Order Imposing Discovery Sanctions.

2. Annexed hereto are the following exhibits, which I hereby certify are true and accurate \ copies:

Ex. 1: Is the end of a series of E-mails received by me on February 21, 2007, in which I was cc'd, that addressed defendants document production and concerns plaintiffs were having with the pace and technical content of the productions.

Ex. 2: On February 21, 2007 I received an E-mail from Shane Prince, which included an attached draft of defendants proposed CMO 4 with Appendix A. attached thereto. Appendix A is now Exhibit 2 attached hereto.

Ex. 3: Is an E-mail I received on April 10, 2007, which advised plaintiffs that defendants were still working on problems plaintiffs were having with reviewing the Excel spreadsheets and the TIFF images, which did not fully recreate the native formatting of the documents.

Ex. 4: Is a copy of a letter dated April 13, 2007, which I sent via regular mail to James J. Freebery, regarding ongoing document production problems plaintiffs were having.

Ex. 5: Is an E-mail dated April 19, 2007, which confirms that James J. Freebery received my letter of April 13, 2007, which had subsequently been E-mailed to him on April 18, 2006, by my legal assistant Yommy Chiu.

Ex. 6: Is an E-mail dated April 19, 2007, which I received from Roddy K. Miller in response to an E-mail I had earlier sent him concerning problems plaintiffs were having with the images plaintiffs were seeing in the productions.

Ex. 7: Is a copy of a letter dated April 30, 2007, with attachments, which I received from James J. Freebery, that purported to address concerns raised in my prior letter dated April 13, 2007, which was E-mailed to defendants on April 18, 2007.

Ex 8: Is a copy of an E-mail and attached letter dated May 21, 2207, which I sent to James J. Freebery, which further outlined and clarified continuing technical issues plaintiffs were having with defendants productions.

Ex 9: Is an E-mail I received from James J. Freebery on May 21, 2007, which confirmed he had received my Exhibit 8 letter.

Ex 10: Is the last E-mail in a string of E-mails, between James J. Freebery and I, which addressed the technical issues plaintiffs intended to discuss during the parties Meet and Confer scheduled for May 30, 2007.

Ex 11: Is an Andrew Dupre E-mail with attached letter from James J. Freebery, which I received on May 31, 2007, that listed defendants understanding of the status of the technical issues raised by plaintiffs during the parties Meet and Confer of May 30, 2007.

Ex 12: Is an E-mail letter prepared by me and sent by my legal assistant Yommy Chiu to James J. Freebery on May 31, 2007, which is a summary of plaintiffs understanding of the status of the technical issues discussed during the parties meet and Confer on May 30, 2007.

Ex 13: Is an E-mail which I received dated June 1, 2007 from Andrew Dupre with an attached letter dated June 1, 2007 from James J. Freebery, that sets forth defendants understanding of the status of the technical issues prior to the Court's June 7, 2007 deadline.

_____
Michael E. Pederson

Dated:     July 23, 2007