US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number:        17.02

6:06-md-01769-ACC-DAB

**In Re:  Seroquel Products Liability
Litigation**

Date Identified:
_____

Date Admitted:
_____

# Exhibit 17.02

# EXHIBIT 2

## Orelli, Jennifer

| | |
|---|---|
| **From:** | Prince, Shane [Shane.Prince@dechert.com] |
| **Sent:** | Wednesday, February 21, 2007 3:57 PM |
| **To:** | Pederson, Mike |
| **Subject:** | FW: Proposed CMO 4 (Discovery and Pilot Program).DOC |

Per Fred's request, here is the draft version of CMO 4 that Fred circulated yesterday.

------------------------------------------------

**From:** Magaziner, Fred

**Sent:** Tuesday, February 20, 2007 6:43 PM

**To:** Pennock, Paul; K. Camp Bailey Esq. (cbailey@bpblaw.com); Fletcher Trammell Esq. (ftrammell@bpblaw.com)

**Cc:** Glenn Pogust - Kayescholer; Susan Weber - Sidley; Gene Schoon; McConnell, Stephen; Munno, Thomas; tkelber@sidley.com; Balakhani, Elizabeth; Topping, Kenneth; Prince, Shane

**Subject:** Proposed CMO 4 (Discovery and Pilot Program).DOC

Attached is a draft of CMO 4. Please understand that we are still working on the language here and there, so even if you were happy with everything we have proposed -- which is highly unlikely, I dare say -- we might still want to change a word here or there, although nothing substantive.

I believe that Joan has already circulated a call-in number for our call at 2:30 EST tomorrow.

<<Proposed CMO 4 (Discovery and Pilot Program).DOC>>


This e-mail is from Dechert LLP, a law firm, and may contain information that is cor

*** eSafe scanned this email for malicious content ***
*** IMPORTANT: Do not open attachments from unrecognized senders ***

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

_____

This Document Relates to ALL CASES

CASE MANAGEMENT ORDER NO. 4
(Generic Discovery Schedule and Expedited Discovery Program)

This Order sets forth the discovery schedule and Expedited Discovery Program for

cases in this MDL and supersedes all prior Orders to the extent it is inconsistent with any

such Orders.

## I.     GENERIC DISCOVERY SCHEDULE

All generic discovery of AstraZeneca shall be completed by [February 1,

2008]. Generic discovery is limited to discovery of facts and issues likely to be common to

the prosecution and defenses of many Seroquel cases, and excludes discovery directed at

AstraZeneca relating to a specific case unless otherwise provided for herein.

A.     Production of AstraZeneca Documents

1.     Consistent with Case Management Order No. 2, AstraZeneca shall

produce documents collected from approximately 80 custodians whom it has identified as

persons who have custody of documents that are potentially relevant to this litigation

("Original Custodians"). AstraZeneca has commenced producing custodial documents from

the Original Custodians, and shall continue to do so on a rolling basis, in the format previously agreed upon by the parties.

      2.     Set forth in Appendix A are collection dates for documents from the 80 Original Custodians. Beginning on April 30, 2007, AstraZeneca will produce documents through the collection dates listed on Appendix A from at least 15 Original Custodians per month. If AstraZeneca produces documents from more than 15 Original Custodians in a month, the additional productions shall count toward the next month's requirement.

      3.     AstraZeneca will continue to collect documents from the 80 Original Custodians through the agreed collection date of July 6, 2006, and shall produce additionally collected documents by September 30, 2007.

      4.     Plaintiffs may request that AstraZeneca collect and produce documents from other AstraZeneca officers and employees ("Additional Custodians"), but it may be impossible for AstraZeneca to produce documents from Additional Custodians until after AstraZeneca has produced documents for the approximately 80 Original Custodians. Plaintiffs may not seek to substitute any Additional Custodians for any of the Original Custodians unless Plaintiffs also agree to an adjustment of the production schedule set forth herein to provide for the delays inherent in the substitution requested, and AstraZeneca reserves the right to object to such requests. The parties shall negotiate a reasonable timeline for production of documents from the Additional Custodians, and shall submit to the Court a joint proposed Order for such production by August 15, 2007. AstraZeneca will complete production of documents for any agreed Additional Custodians by [February 1, 2008].

B.     Depositions of AstraZeneca Witnesses

1.     Pursuant to Case Management Order No. 2, AstraZeneca has identified and produced about 270,000 pages of documents from eight of the Original Custodians. (AZ has also produced about 470,000 pages of NDA/IND materials.) AstraZeneca expects to produce the remaining documents from those eight Original Custodians on or before March 15, 2007. Depositions of these eight custodians may commence on May 1, 2007. Depositions of all other Original Custodians may commence on July 15, 2007.

2.     Plaintiffs shall be permitted to serve AstraZeneca with Rule 30(b)(6) deposition notices relating solely to the issues of the organizational structure of AstraZeneca, and/or identification and location of discoverable documents and information. AstraZeneca reserves the right to object to any such notices on any basis contemplated by the Federal Rules of Civil Procedure or by case law. Rule 30(b)(6) depositions of AstraZeneca designees may commence on May 1, 2007, but only if Plaintiffs have collectively served AstraZeneca with 2,500 completed Fact Sheets as set forth in Paragraph II.H. of Case Management Order No.2.

3.     Depositions of current or former AstraZeneca employees shall be noticed 75 days in advance. Depositions of current or former AstraZeneca employees shall be scheduled at mutually convenient times and locations. In any given calendar month, the Plaintiffs in the MDL will ordinarily take the depositions of no more than 12 current or former employees of AstraZeneca. Requests for depositions of all former AstraZeneca employees shall be made through counsel for AstraZeneca. Absent agreement of the parties,

3

depositions of current or former employees of AstraZeneca may not be scheduled for the month of August 2007.

      C.     <u>Generic Experts</u>

      Generic experts are those experts whose testimony covers issues that are common to multiple cases and does not relate specifically to a particular plaintiff. Absent good cause shown, no party to a case pending in MDL-1769 shall be permitted at trial, whether in this Court or in a transferor court, to present testimony from a generic expert witness except by a generic expert designated within the deadlines set forth in this Order. All discovery of generic experts shall be completed in this MDL and all generic reports and depositions will be available to the entire MDL and apply to all cases. Generic expert disclosures and discovery shall be completed as follows:

      1.     Plaintiffs' Lead Counsel shall designate their generic experts and submit reports by [February 28, 2008]. Any plaintiff who intends to use generic experts other than those designated by Plaintiffs' Lead Counsel at the trial of any case that is or was part of MDL 1769 shall designate his/her generic experts and shall submit reports for each such expert by [February 28, 2008].

      2.     AstraZeneca shall complete depositions of plaintiffs' generic experts, whether designated by Plaintiffs' Lead Counsel or by any other plaintiff, by [March 21, 2008].

      3.     AstraZeneca shall designate its generic experts and submit reports by [April 11, 2008].

        4.      Plaintiffs shall complete depositions of AstraZeneca's generic experts by [May 2, 2008].

        5.      The parties shall file any *Daubert* motions by [May 23, 2008].

        6.      The parties shall file responses to *Daubert* motions by [June 23, 2008].

        7.      The parties may seek leave of Court to file reply briefs in support of *Daubert* motions. Any such briefs shall be filed by [July 23, 2008].

## II.    EXPEDITED DISCOVERY PROGRAM

The parties shall conduct case-specific fact and expert discovery and motion practice in a subset of MDL-1769 cases (the "Expedited Pool" or "Expedited Plaintiffs").

    A.    Selection of Cases

        1.      Plaintiffs have informed the Court that it is their expectation that there will be some attrition, but that if the Expedited Pool consists of at least _____ plaintiffs (not including loss of consortium plaintiffs) at the outset, 100 cases will complete the Expedited Discovery Program. Accordingly, the Expedited Pool shall consist of \_\_\_\_\_ randomly selected plaintiffs (not including loss of consortium plaintiffs). Cases shall be selected from a list of all plaintiffs with cases pending in MDL-1769 as of February 28, 2007, regardless of whether each plaintiff has filed an individual severed complaint as of that date. By March 7, 2007, the parties shall jointly prepare the list of all plaintiffs.

        2.      Each plaintiff shall be assigned a number, and by March 12, 2007, the parties shall jointly select the numbers for plaintiffs in the Expedited Pool using the Research Randomizer website (www.randomizer.org).

         3.      Dismissal of any plaintiff selected for the Expedited Discovery

Program shall be with prejudice.

       B.    Plaintiff Fact Sheets

         1.      Any Expedited Plaintiff who has not previously submitted a completed

Plaintiff Fact Sheet (PFS), executed authorization, and responsive documents requested in

the PFS shall do so within 30 days of being selected for the Expedited Discovery Program,

even if that plaintiff may have originally been designated a later date for service of the PFS.

Executed authorizations shall be served simultaneously with the PFSs.  Absent good cause

shown, the claims of any Expedited Plaintiff who fails to submit a completed PFS, executed

authorizations and responsive documents shall be dismissed with prejudice.

         2.      All plaintiffs with cases pending in MDL-1769 who are not selected

for the Expedited Discovery Program shall continue to serve completed Fact Sheets,

executed authorizations, and responsive documents within the deadlines previously set by the

Court.

       C.    Record Collection

        Record collection for all Expedited Plaintiffs shall commence immediately

upon receipt of executed authorizations.  Within 30 days of being selected for the Expedited

Discovery Program, Expedited Plaintiffs shall produce to AstraZeneca any and all medical

records in their possession, and shall be obligated to supplement such production.  Expedited

Plaintiffs shall cooperate and assist with record collection efforts.  The parties shall collect

Expedited Plaintiff records as expeditiously as possible and shall advise the Court of the

status of record collection at the first status conference after the Expedited Pool is selected.

6

D.    Plaintiff-Specific Causation Reports

By [May 31, 2007], all Expedited Plaintiffs shall submit plaintiff-specific reports ("Expert Reports"), compliant with Federal Rule of Civil Procedure 26(a)(2), from a qualified medical expert who is expected to testify at the time of trial that Seroquel caused the plaintiff to experience injuries or damages. The Expert Report must include a complete statement of the bases and reasons for opining that Seroquel caused the plaintiff to experience injuries or damages, and a description of the specific injuries or damages experienced by the plaintiff. Absent good cause shown, the claims of any Expedited Plaintiff who fails to timely submit an Expert Report as set forth herein shall be dismissed with prejudice.

E.    Fact Discovery

The parties shall promptly begin discovery in the Expedited Pool cases. Appropriate case-specific fact discovery shall be completed by [February 1, 2008].

F.    Fact Witness Depositions

1.    As part of the Expedited Discovery Program, Expedited Plaintiffs and AstraZeneca may take depositions of key fact witnesses, without prejudice to their right to take additional depositions in any Expedited Pool case at a later stage of any such case. If any party believes that the depositions being sought by an opposing party are objectionable for any reason set forth in the Federal Rules of Civil Procedure, said party may seek relief from the Court.

2.    Each Expedited Plaintiff shall be deposed in a major metropolitan area in the federal district in which he/she resides.

3.      If a party or his/her counsel does not intend to attend a deposition, counsel for that party must provide written notice to the attorney who scheduled the deposition at least three business days before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice shall be liable for the fees of the court reporter.

4.      Except for good cause shown, if a plaintiff fails to appear for his/her scheduled deposition, such plaintiff's claims will be dismissed with prejudice.

G.      Expert Discovery

1.      Expedited Plaintiffs who wish to submit case-specific Expert Reports in addition to those required by Section II.D., herein, shall serve such reports by February 29, 2008.  By February 29, 2008, Expedited Plaintiffs shall serve any supplementation to the Expert Reports served pursuant to Section II.D.  Any additional case-specific Expert Reports, and any supplementation to the Expert Reports served pursuant to Section II.D., shall comply with Federal Rule of Civil Procedure 26(a)(2).

2.      AstraZeneca may depose the Expedited Plaintiffs' case-specific experts (including those designated under Section II.D. and Section II.G.(i)) between [March 1, 2008 and May 1, 2008].

3.      AstraZeneca shall submit any case-specific expert reports with regard to Expedited Plaintiffs by [April 1, 2008].  Any such reports shall comply with Federal Rule of Civil Procedure 26(a)(2).

4.      Expedited Plaintiffs may depose AstraZeneca's case-specific experts between [April 2, 2008 and June 1, 2008].

8

H.    Motions

AstraZeneca may file dispositive motions regarding Expedited Plaintiffs at any time that it believes such motions are ripe, but no later than [June 1, 2008]. The parties shall submit any *Daubert* motions related to case-specific experts by [July 15, 2008]. *Daubert* oppositions shall be due on [August 15, 2008]. The parties may seek leave of Court to file reply briefs.

DONE and ORDERED in Orlando, Florida on _____, 2007.

_____

ANNE C. CONWAY
UNITED STATES DISTRICT JUDGE

9

# APPENDIX A

| No. | CUSTODIAN | COLLECTION DATE |
|---|---|---|
| 1 | Beamish, Don G. | 10/12/2005 |
| 2 | Blessington, James K. | 10/12/2005 |
| 3 | Boornazian, Lisa | 9/26/2005 |
| 4 | Boorstein, John | 10/12/2005 |
| 5 | Bradley, Kathryn | 10/12/2005 |
| 6 | Brecher, Martin Bruce | 9/27/2005 |
| 7 | Bucklen, Kristin | 07/06/2006 |
| 8 | Busch, Kim A. | 10/12/2005 |
| 9 | Byers, Cindy | Approx. 05/09/2006 |
| 10 | Campbell, Denise | 10/12/2005 |
| 11 | Carey, Rosemarie | Approx. 07/06/2006 |
| 12 | Casty, Frank | 07/06/2006 |
| 13 | Chavoshi, Soheil | 05/09/2006 |
| 14 | Chitra, Rohini | Approx. 07/06/2006 |
| 15 | Deshmukh, Vinay | Approx. 07/06/2006 |
| 16 | Dev, Vikram | Approx. 05/05/2006 |
| 17 | Domine, Lisa | 05/09/2006 |
| 18 | Dusak, Betsy | Approx. 07/06/2006 |
| 19 | Dwyer, Donald | 10/05/2005 |

| 20 | Fors, Susanne | Approx. 07/06/2006 | |
| 21 | Gaskill, James L. | 10/12/2005 | |
| 22 | Gellar, Wayne | To Be Supplied | |
| 23 | Goldstein, Jeff | Approx. 07/06/2006 | |
| 24 | Hall, Marietta | Approx. 07/06/2006 | |
| 25 | Hamill, Kevin | 05/09/2006 | |
| 26 | Hatzipavlides, Harry | 10/12/2005 | |
| 27 | Hebe, Julie | Approx. 07/06/2006 | |
| 28 | Herbst, Richard | Approx. 07/06/2006 | |
| 29 | Hoegstedt, Johan | 10/12/2005 | |
| 30 | Holl, Linda | 07/06/2006 | |
| 31 | Jackson, Marianne | 10/12/2005 | |
| 32 | Jones, Kathryn | 07/06/2006 | |
| 33 | Jones, Martin AM | 10/12/2005 | |
| 34 | Law, Heather | 10/12/2005 | |
| 35 | Lawrence, Terri | Approx. 07/06/2006 | |
| 36 | Lazarus, Art | 05/09/2006 | |
| 37 | Leong, Ronald | 10/12/2005 | |
| 38 | Limp, Gerald L | 10/12/2005 | |
| 39 | Lloyd (Washington), Lisa M. | 10/12/2005 | |
| 40 | MacFadden, Wayne | 10/12/2005 | |

| 41 | Makar, Mina | Approx. 07/06/2006 |
| 42 | Mazzella, Vincent | Approx. 07/06/2006 |
| 43 | McCormack, Eileen | 07/06/2006 |
| 44 | McKee, Victor | Approx. 05/09/2006 |
| 45 | McKenna, Kevin | 10/12/2005 |
| 46 | Melville, Margaret G | Approx. 10/12/2005 |
| 47 | Minnick, Jim G. | Approx. 10/12/2005 |
| 48 | Morris, Jeff | 07/06/2006 |
| 49 | Mueller, Karin | 10/12/2005 |
| 50 | Mullen, Jamie A. | 10/12/2005 |
| 51 | Murray, Michael F. | 10/12/2005 |
| 52 | Ney, Christine | Approx. 07/06/2006 |
| 53 | Palczuk, Linda | Approx. 07/06/2006 |
| 54 | Paulson, Alfred | 05/09/2006 |
| 55 | Peipher, Charles | 10/12/2005 |
| 56 | Pethick, Ned | Approx. 07/06/2006 |
| 57 | Phillips, Bethany | Approx. 07/06/2006 |
| 58 | Polinsky, Ronald J. | Approx. 07/06/2006 |
| 59 | Quan, Marian | Approx. 07/06/2006 |
| 60 | Repp, Ed | 05/09/2006 |
| 61 | Rubenstein, Vance | Approx. 05/09/2006 |

| 62 | Schipke, Connie | 07/06/2006 |
|----|-----------------|------------|
| 63 | Schwartz, Jack A. | Approx. 10/12/2005 |
| 64 | Scott, Mark S. | 10/12/2005 |
| 65 | Sepelyak, Robert | Approx. 07/06/2006 |
| 66 | Sermeno, Al | 07/06/2006 |
| 67 | Shahangian, Narges | 07/06/2006 |
| 68 | Shaw, Joan | 07/06/2006 |
| 69 | Smith, Ann C | 10/12/2005 |
| 70 | Smith, Brian P. | Approx. 05/09/2006 |
| 71 | Smith, Christine Duffy | Approx. 07/06/2006 |
| 72 | Street, Jamie S. | Approx. 07/06/2006 |
| 73 | Tenlen, Martin | Approx. 05/09/2006 |
| 74 | Trotter, Christophus | Approx. 05/09/2006 |
| 75 | Van Steenis, Brian | 10/12/2005 |
| 76 | Viscount, Thomas | Approx. 05/09/2006 |
| 77 | Warner, Linda | 10/12/2005 |
| 78 | Wilson, Ellis | Approx. 07/06/2006 |
| 79 | Wingertz, Sue-Ellen | Approx. 07/06/2006 |
| 80 | Zimmerman, Paul | 05/09/2006 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

_____

This Document Relates to ALL CASES

CASE MANAGEMENT ORDER NO. 4
(Generic Discovery Schedule and Expedited Discovery Program)

This Order sets forth the discovery schedule and Expedited Discovery Program for
cases in this MDL and supersedes all prior Orders to the extent it is inconsistent with any
such Orders.

I.     GENERIC DISCOVERY SCHEDULE

All generic discovery of AstraZeneca shall be completed by [February 1,
2008]. Generic discovery is limited to discovery of facts and issues likely to be common to
the prosecution and defenses of many Seroquel cases, and excludes discovery directed at
AstraZeneca relating to a specific case unless otherwise provided for herein.

A.     Production of AstraZeneca Documents

1.     Consistent with Case Management Order No. 2, AstraZeneca shall
produce documents collected from approximately 80 custodians whom it has identified as
persons who have custody of documents that are potentially relevant to this litigation
("Original Custodians"). AstraZeneca has commenced producing custodial documents from

the Original Custodians, and shall continue to do so on a rolling basis, in the format previously agreed upon by the parties.

2.      Set forth in Appendix A are collection dates for documents from the 80 Original Custodians. Beginning on April 30, 2007, AstraZeneca will produce documents through the collection dates listed on Appendix A from at least 15 Original Custodians per month. If AstraZeneca produces documents from more than 15 Original Custodians in a month, the additional productions shall count toward the next month's requirement.

3.      AstraZeneca will continue to collect documents from the 80 Original Custodians through the agreed collection date of July 6, 2006, and shall produce additionally collected documents by September 30, 2007.

4.      Plaintiffs may request that AstraZeneca collect and produce documents from other AstraZeneca officers and employees ("Additional Custodians"), but it may be impossible for AstraZeneca to produce documents from Additional Custodians until after AstraZeneca has produced documents for the approximately 80 Original Custodians. Plaintiffs may not seek to substitute any Additional Custodians for any of the Original Custodians unless Plaintiffs also agree to an adjustment of the production schedule set forth herein to provide for the delays inherent in the substitution requested, and AstraZeneca reserves the right to object to such requests. The parties shall negotiate a reasonable timeline for production of documents from the Additional Custodians, and shall submit to the Court a joint proposed Order for such production by August 15, 2007. AstraZeneca will complete production of documents for any agreed Additional Custodians by [February 1, 2008].

2

B.    Depositions of AstraZeneca Witnesses

1.    Pursuant to Case Management Order No. 2, AstraZeneca has identified and produced about 270,000 pages of documents from eight of the Original Custodians. (AZ has also produced about 470,000 pages of NDA/IND materials.) AstraZeneca expects to produce the remaining documents from those eight Original Custodians on or before March 15, 2007. Depositions of these eight custodians may commence on May 1, 2007. Depositions of all other Original Custodians may commence on July 15, 2007.

2.    Plaintiffs shall be permitted to serve AstraZeneca with Rule 30(b)(6) deposition notices relating solely to the issues of the organizational structure of AstraZeneca, and/or identification and location of discoverable documents and information. AstraZeneca reserves the right to object to any such notices on any basis contemplated by the Federal Rules of Civil Procedure or by case law. Rule 30(b)(6) depositions of AstraZeneca designees may commence on May 1, 2007, but only if Plaintiffs have collectively served AstraZeneca with 2,500 completed Fact Sheets as set forth in Paragraph II.H. of Case Management Order No.2.

3.    Depositions of current or former AstraZeneca employees shall be noticed 75 days in advance. Depositions of current or former AstraZeneca employees shall be scheduled at mutually convenient times and locations. In any given calendar month, the Plaintiffs in the MDL will ordinarily take the depositions of no more than 12 current or former employees of AstraZeneca. Requests for depositions of all former AstraZeneca employees shall be made through counsel for AstraZeneca. Absent agreement of the parties,

3

depositions of current or former employees of AstraZeneca may not be scheduled for the month of August 2007.

C.    Generic Experts

Generic experts are those experts whose testimony covers issues that are common to multiple cases and does not relate specifically to a particular plaintiff. Absent good cause shown, no party to a case pending in MDL-1769 shall be permitted at trial, whether in this Court or in a transferor court, to present testimony from a generic expert witness except by a generic expert designated within the deadlines set forth in this Order. All discovery of generic experts shall be completed in this MDL and all generic reports and depositions will be available to the entire MDL and apply to all cases. Generic expert disclosures and discovery shall be completed as follows:

1.    Plaintiffs' Lead Counsel shall designate their generic experts and submit reports by [February 28, 2008]. Any plaintiff who intends to use generic experts other than those designated by Plaintiffs' Lead Counsel at the trial of any case that is or was part of MDL 1769 shall designate his/her generic experts and shall submit reports for each such expert by [February 28, 2008].

2.    AstraZeneca shall complete depositions of plaintiffs' generic experts, whether designated by Plaintiffs' Lead Counsel or by any other plaintiff, by [March 21, 2008].

3.    AstraZeneca shall designate its generic experts and submit reports by [April 11, 2008].

4

4. Plaintiffs shall complete depositions of AstraZeneca's generic experts by [May 2, 2008].

5. The parties shall file any *Daubert* motions by [May 23, 2008].

6. The parties shall file responses to *Daubert* motions by [June 23, 2008].

7. The parties may seek leave of Court to file reply briefs in support of *Daubert* motions. Any such briefs shall be filed by [July 23, 2008].

## II.   EXPEDITED DISCOVERY PROGRAM

The parties shall conduct case-specific fact and expert discovery and motion practice in a subset of MDL-1769 cases (the "Expedited Pool" or "Expedited Plaintiffs").

A.   Selection of Cases

1. Plaintiffs have informed the Court that it is their expectation that there will be some attrition, but that if the Expedited Pool consists of at least _____ plaintiffs (not including loss of consortium plaintiffs) at the outset, 100 cases will complete the Expedited Discovery Program. Accordingly, the Expedited Pool shall consist of _____ randomly selected plaintiffs (not including loss of consortium plaintiffs). Cases shall be selected from a list of all plaintiffs with cases pending in MDL-1769 as of February 28, 2007, regardless of whether each plaintiff has filed an individual severed complaint as of that date. By March 7, 2007, the parties shall jointly prepare the list of all plaintiffs.

2. Each plaintiff shall be assigned a number, and by March 12, 2007, the parties shall jointly select the numbers for plaintiffs in the Expedited Pool using the Research Randomizer website (www.randomizer.org).

5

        3.      Dismissal of any plaintiff selected for the Expedited Discovery

Program shall be with prejudice.

      B.     Plaintiff Fact Sheets

        1.      Any Expedited Plaintiff who has not previously submitted a completed

Plaintiff Fact Sheet (PFS), executed authorization, and responsive documents requested in

the PFS shall do so within 30 days of being selected for the Expedited Discovery Program,

even if that plaintiff may have originally been designated a later date for service of the PFS.

Executed authorizations shall be served simultaneously with the PFSs. Absent good cause

shown, the claims of any Expedited Plaintiff who fails to submit a completed PFS, executed

authorizations and responsive documents shall be dismissed with prejudice.

        2.      All plaintiffs with cases pending in MDL-1769 who are not selected

for the Expedited Discovery Program shall continue to serve completed Fact Sheets,

executed authorizations, and responsive documents within the deadlines previously set by the

Court.

      C.     Record Collection

        Record collection for all Expedited Plaintiffs shall commence immediately

upon receipt of executed authorizations. Within 30 days of being selected for the Expedited

Discovery Program, Expedited Plaintiffs shall produce to AstraZeneca any and all medical

records in their possession, and shall be obligated to supplement such production. Expedited

Plaintiffs shall cooperate and assist with record collection efforts. The parties shall collect

Expedited Plaintiff records as expeditiously as possible and shall advise the Court of the

status of record collection at the first status conference after the Expedited Pool is selected.

D.     Plaintiff-Specific Causation Reports

By [May 31, 2007], all Expedited Plaintiffs shall submit plaintiff-specific reports ("Expert Reports"), compliant with Federal Rule of Civil Procedure 26(a)(2), from a qualified medical expert who is expected to testify at the time of trial that Seroquel caused the plaintiff to experience injuries or damages. The Expert Report must include a complete statement of the bases and reasons for opining that Seroquel caused the plaintiff to experience injuries or damages, and a description of the specific injuries or damages experienced by the plaintiff. Absent good cause shown, the claims of any Expedited Plaintiff who fails to timely submit an Expert Report as set forth herein shall be dismissed with prejudice.

E.     Fact Discovery

The parties shall promptly begin discovery in the Expedited Pool cases. Appropriate case-specific fact discovery shall be completed by [February 1, 2008].

F.     Fact Witness Depositions

1.     As part of the Expedited Discovery Program, Expedited Plaintiffs and AstraZeneca may take depositions of key fact witnesses, without prejudice to their right to take additional depositions in any Expedited Pool case at a later stage of any such case. If any party believes that the depositions being sought by an opposing party are objectionable for any reason set forth in the Federal Rules of Civil Procedure, said party may seek relief from the Court.

2.     Each Expedited Plaintiff shall be deposed in a major metropolitan area in the federal district in which he/she resides.

3.     If a party or his/her counsel does not intend to attend a deposition, counsel for that party must provide written notice to the attorney who scheduled the deposition at least three business days before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice shall be liable for the fees of the court reporter.

4.     Except for good cause shown, if a plaintiff fails to appear for his/her scheduled deposition, such plaintiff's claims will be dismissed with prejudice.

G.     Expert Discovery

1.     Expedited Plaintiffs who wish to submit case-specific Expert Reports in addition to those required by Section II.D., herein, shall serve such reports by February 29, 2008. By February 29, 2008, Expedited Plaintiffs shall serve any supplementation to the Expert Reports served pursuant to Section II.D. Any additional case-specific Expert Reports, and any supplementation to the Expert Reports served pursuant to Section II.D., shall comply with Federal Rule of Civil Procedure 26(a)(2).

2.     AstraZeneca may depose the Expedited Plaintiffs' case-specific experts (including those designated under Section II.D. and Section II.G.(i)) between [March 1, 2008 and May 1, 2008].

3.     AstraZeneca shall submit any case-specific expert reports with regard to Expedited Plaintiffs by [April 1, 2008]. Any such reports shall comply with Federal Rule of Civil Procedure 26(a)(2).

4.     Expedited Plaintiffs may depose AstraZeneca's case-specific experts between [April 2, 2008 and June 1, 2008].

H.     Motions

AstraZeneca may file dispositive motions regarding Expedited Plaintiffs at any time that it believes such motions are ripe, but no later than [June 1, 2008]. The parties shall submit any *Daubert* motions related to case-specific experts by [July 15, 2008]. *Daubert* oppositions shall be due on [August 15, 2008]. The parties may seek leave of Court to file reply briefs.

DONE and ORDERED in Orlando, Florida on _____, 2007.

_____
ANNE C. CONWAY
UNITED STATES DISTRICT JUDGE

# APPENDIX A

| No. | CUSTODIAN | COLLECTION DATE |
|-----|-----------|-----------------|
| 1 | Beamish, Don G. | 10/12/2005 |
| 2 | Blessington, James K. | 10/12/2005 |
| 3 | Boornazian, Lisa | 9/26/2005 |
| 4 | Boorstein, John | 10/12/2005 |
| 5 | Bradley, Kathryn | 10/12/2005 |
| 6 | Brecher, Martin Bruce | 9/27/2005 |
| 7 | Bucklen, Kristin | 07/06/2006 |
| 8 | Busch, Kim A. | 10/12/2005 |
| 9 | Byers, Cindy | Approx. 05/09/2006 |
| 10 | Campbell, Denise | 10/12/2005 |
| 11 | Carey, Rosemarie | Approx. 07/06/2006 |
| 12 | Casty, Frank | 07/06/2006 |
| 13 | Chavoshi, Soheil | 05/09/2006 |
| 14 | Chitra, Rohini | Approx. 07/06/2006 |
| 15 | Deshmukh, Vinay | Approx. 07/06/2006 |
| 16 | Dev, Vikram | Approx. 05/05/2006 |
| 17 | Domine, Lisa | 05/09/2006 |
| 18 | Dusak, Betsy | Approx. 07/06/2006 |
| 19 | Dwyer, Donald | 10/05/2005 |

| 20 | Fors, Susanne | Approx. 07/06/2006 |
|----|---------------|---------------------|
| 21 | Gaskill, James L. | 10/12/2005 |
| 22 | Gellar, Wayne | To Be Supplied |
| 23 | Goldstein, Jeff | Approx. 07/06/2006 |
| 24 | Hall, Marietta | Approx. 07/06/2006 |
| 25 | Hamill, Kevin | 05/09/2006 |
| 26 | Hatzipavlides, Harry | 10/12/2005 |
| 27 | Hebe, Julie | Approx. 07/06/2006 |
| 28 | Herbst, Richard | Approx. 07/06/2006 |
| 29 | Hoegstedt, Johan | 10/12/2005 |
| 30 | Holl, Linda | 07/06/2006 |
| 31 | Jackson, Marianne | 10/12/2005 |
| 32 | Jones, Kathryn | 07/06/2006 |
| 33 | Jones, Martin AM | 10/12/2005 |
| 34 | Law, Heather | 10/12/2005 |
| 35 | Lawrence, Terri | Approx. 07/06/2006 |
| 36 | Lazarus, Art | 05/09/2006 |
| 37 | Leong, Ronald | 10/12/2005 |
| 38 | Limp, Gerald L | 10/12/2005 |
| 39 | Lloyd (Washington), Lisa M. | 10/12/2005 |
| 40 | MacFadden, Wayne | 10/12/2005 |

| 41 | Makar, Mina | Approx. 07/06/2006 |
| 42 | Mazzella, Vincent | Approx. 07/06/2006 |
| 43 | McCormack, Eileen | 07/06/2006 |
| 44 | McKee, Victor | Approx. 05/09/2006 |
| 45 | McKenna, Kevin | 10/12/2005 |
| 46 | Melville, Margaret G | Approx. 10/12/2005 |
| 47 | Minnick, Jim G. | Approx. 10/12/2005 |
| 48 | Morris, Jeff | 07/06/2006 |
| 49 | Mueller, Karin | 10/12/2005 |
| 50 | Mullen, Jamie A. | 10/12/2005 |
| 51 | Murray, Michael F. | 10/12/2005 |
| 52 | Ney, Christine | Approx. 07/06/2006 |
| 53 | Palczuk, Linda | Approx. 07/06/2006 |
| 54 | Paulson, Alfred | 05/09/2006 |
| 55 | Peipher, Charles | 10/12/2005 |
| 56 | Pethick, Ned | Approx. 07/06/2006 |
| 57 | Phillips, Bethany | Approx. 07/06/2006 |
| 58 | Polinsky, Ronald J. | Approx. 07/06/2006 |
| 59 | Quan, Marian | Approx. 07/06/2006 |
| 60 | Repp, Ed | 05/09/2006 |
| 61 | Rubenstein, Vance | Approx. 05/09/2006 |

| 62 | Schipke, Connie | 07/06/2006 |
|----|----|----|
| 63 | Schwartz, Jack A. | Approx. 10/12/2005 |
| 64 | Scott, Mark S. | 10/12/2005 |
| 65 | Sepelyak, Robert | Approx. 07/06/2006 |
| 66 | Sermeno, Al | 07/06/2006 |
| 67 | Shahangian, Narges | 07/06/2006 |
| 68 | Shaw, Joan | 07/06/2006 |
| 69 | Smith, Ann C | 10/12/2005 |
| 70 | Smith, Brian P. | Approx. 05/09/2006 |
| 71 | Smith, Christine Duffy | Approx. 07/06/2006 |
| 72 | Street, Jamie S. | Approx. 07/06/2006 |
| 73 | Tenlen, Martin | Approx. 05/09/2006 |
| 74 | Trotter, Christophus | Approx. 05/09/2006 |
| 75 | Van Steenis, Brian | 10/12/2005 |
| 76 | Viscount, Thomas | Approx. 05/09/2006 |
| 77 | Warner, Linda | 10/12/2005 |
| 78 | Wilson, Ellis | Approx. 07/06/2006 |
| 79 | Wingertz, Sue-Ellen | Approx. 07/06/2006 |
| 80 | Zimmerman, Paul | 05/09/2006 |