US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____17.07_____

6:06-md-01769-ACC-DAB

**In Re:  Seroquel Products Liability
Litigation**

Date Identified:
_____

Date Admitted:
_____

# Exhibit 17.07

# EXHIBIT 7



McCARTER
ENGLISH
ATTORNEYS AT LAW

April 30, 2007

VIA EMAIL AND REGULAR MAIL

Mr. Michael Pederson
Weitz & Luxenberg, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038

Dear Mr. Pederson:

James J. Freebery
Partner
T. 302.984.6306
F. 302.984.2492
jfreebery@mccarter.com

In response to your April 18, 2007 letter, I have contacted other defense counsel and the vendor to discuss the various issues that you have raised and potential solutions thereto. None of these issues present a clear answer or response. Defense counsel, however, have undertaken several steps to address your requests and will continue to do so in a manner that complies with the Case Management Order governing the production of documents.

McCarter & English, LLP
Citizens Bank Building
919 N. Market Street -18th Floor
Wilmington, DE 19801
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

AstraZeneca and the vendor are doing all that is reasonable and more in this particular matter. The vendor has produced documents to plaintiffs' counsel within the normal course of business in that the production is organized into multiple, manageable subfolders based on the name of the custodian. Each page of the .tiff image has a corresponding bates number to assist your review. The production also includes metadata and bibliographic-type coding for each image. Finally, the vendor has provided load files/cross-reference files in a format that is conducive to the reviewer.

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

First, with respect to your request for page breaks, AstraZeneca's manner of producing documents complies with the terms of the Case Management Order and Federal Rules of Civil Procedure regulating this particular matter. The Court and the Rules of Procedure require only that the documents be produced in a manner that is reasonably searchable. In providing plaintiffs' counsel with the extracted and OCR text files, AstraZeneca has satisfied its obligation. Further, this manner of organizing and producing documents fails to offer an advantage as to one party at the expense of another.

Your April 18th letter references a past discussion between one defense counsel and personnel from your information technology department where your staff proposed a method for resolving the page break issue. Your proposal, however, assumes several facts which, because they actually are false, would prevent us from achieving the intended objective. Specifically, your proposal assumes that (1) the vendor has not converted the requested documents into .tiff images; and (2) it is compatible with all systems used by AstraZeneca's vendor. The vendor, however, has - and had - already converted the documents into .tiff images and this conversion process does not allow for the creation of page breaks. To alter the

ME1 6348672v.1

Mr. Michael Pederson
April 30, 2007
Page 2

process at this stage of discovery could cause unforseen problems with the vendor's software and certainly would vastly increase AstraZeneca's product costs, while serving to cause further delay in the production of documents and prevent AstraZeneca from complying with the Court-imposed discovery deadlines. Your statement that this request was made before documents had been produced holds no water. At that point, millions of documents already had been tiffed. Pre-tiffing the documents was necessary to have any hope of meeting the production deadline.

Second, in response to the problems associated with your review of certain spreadsheets, AstraZeneca has learned that these problems cannot be avoided. After speaking with the vendor, it has become known that, due to the sheer size of these spreadsheets, there is no available way to convert these documents into a .tiff image that would allow the reviewer to examine the documents in their native form. You fear that these problems have caused you to lose information included in the original form. Your concern, however, is unfounded, as the .tiff images contain all of the requested information. While this format may not present the data in the most friendly of methods, the .tiff conversion offers the best option for providing a Bates label, confidentiality stamp and/or redaction notice.

Third, concerning the "lump sum" distribution of documents, defense counsel previously produced two sample productions for plaintiffs' review. The second sample, which consisted of 100 documents produced in a "lump sum" fashion, included the suggested revisions. Plaintiffs did not offer any further complaints as to the manner of producing the documents used in the second sample. Defense counsel reasonably interpreted plaintiffs' silence as an acceptance; it cannot be held responsible for the failure to communicate these concerns at a time that would allow for additional revisions. Notwithstanding same, we have addressed this issue with the vendor on a going forward basis.

Further, your comments regarding the use of a spreadsheet are misguided. Defense counsel has produced metadata in a generic load file that can be imported into most 'off the shelf' databases. Had plaintiffs imported the metadata into one of these databases (i.e. Concordance) they could have used the database to systematically link the images and metadata. The vendor, in fact, confirmed the availability of this alternative before production ensued. Plaintiffs, however, elected to use the Excel format, which ultimately required them to manually match the data with the .tiff images. In manually matching the images with the data, plaintiffs reportedly have experienced some difficulty in understanding the terminology and order of documents. Unfortunately, there is nothing that defense counsel or its vendor can do to eliminate this concern, as identical versions of electronic documents are de-duplicated on a family basis and the source name field is populated with the name of every custodian who has a copy of the de-duplicated document.

ME1 6348672v.1

Mr. Michael Pederson
April 30, 2007
Page 3

Fourth, regarding the privilege log, we have spoken with the vendor about your
concern and the vendor has taken the appropriate steps to ensure that there is a
private Bates Number field marking the beginning and end of each document.

Fifth, your April 18th letter noted that several .tiff images cannot be viewed. The
"corrupted images" are not actually corrupted, but actually are electronic mail
backgrounds that get produced as attachments to another image. As you can see,
the file names are in the category of ivy.gif, blankbkgd.gif, etc. Our vendor is willing
to investigate your concerns and provide a replacement image where necessary.
Kindly provide my office with the Bates Number for each image that you have found
difficult to view.

Sixth, with respect to the metadata allegedly omitted from certain documents
located in folder AZ-SER 1341934, defense counsel believes that the entire
metadata file was previously provided in the original production and informed Mr.
Jaffe of such last month (see attached e-mails dated March 22, 2007, March 27,
2007). The perceived omission, however, is likely related to the nature of the
document (i.e. correspondence, chart, memorandum, etc.) as opposed to an input
error. The vendor, nevertheless, would be willing to review your concerns further, if
necessary.

If you have any further questions or concerns, please contact my office at your
earliest convenience.

Sincerely yours,

James J. Freebery

JJF:jr

Enclosures

ME1 6348672v.1

## Redner, Janet

**From:** Miller, Rodney K. [rkmiller@sidley.com]
**Sent:** Thursday, March 22, 2007 3:51 PM
**To:** jjaffe@weitzlux.com
**Cc:** MPederson@weitzlux.com; Winchester, Tony; Kelber, Tamar B.
**Subject:** Seroquel/March 15 and 16 Document Production

Jonathan,

In response to Michael Pederson's voicemail to me today, this e-mail identifies the custodians from whose files documents were produced to you last week.

Specifically, on March 15, we forwarded to you two portable hard drives containing Bates ranges AZ/SER 0752206 through AZ/SER 1270691; AZ/SER 1317624 through AZ/SER 1321872; and AZ/SER 1341934 through AZ/SER 1346941. On March 16, we forwarded a third hard drive containing documents AZ/SER 1452580 through AZ/SER 1457387. The custodians produced are indicated below.

1. AZ/SER 0752206 through AZ/SER 1270691 contains documents from all of the "first eight" AstraZeneca custodians. The documents were grouped by custodian and labeled sequentially. The custodian, and beginning Bates range for each production, are indicated below.

- Lisa Boornazian (beginning at AZ/SER 752206);
- John Boorstein (beginning at AZ/SER 782181);
- Kathryn Bradley (beginning at AZ/SER 915794);
- Kim Busch (beginning at AZ/SER 924843);
- Vikram Dev (beginning at AZ/SER 938617);
- Kevin Hamill (beginning at AZ/SER 940640);
- Karin Mueller (beginning at AZ/SER 1132429);
- Michael Murray (beginning at AZ/SER 1270487).

2. AZ/SER 1317624 through AZ/SER 1321872 are documents from Kathryn Bradley's files.

3. AZ/SER 1341934 through AZ/SER 1346941 are documents from Vikram Dev's files.

4. AZ/SER 1452580 through AZ/SER 1457387 are documents from Mike Murray's files.

Please note that although these documents are identified as coming from certain individuals' files, the source name field in the metadata indicates where those same documents appear in other AstraZeneca custodians' files—including from files of custodians who were not part of the "first eight" produced.

Thanks,

Rodney K. Miller
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853 6098
(312) 853 7036 FAX
rkmiller@sidley.com

4/23/2007

**Redner, Janet**

| | |
|---|---|
| **From:** | Miller, Rodney K. [rkmiller@sidley.com] |
| **Sent:** | Tuesday, March 27, 2007 8:07 PM |
| **To:** | Jaffe, Jonathan |
| **Cc:** | Pederson, Mike; Fernandez, Lenny; Winchester, Tony; Kelber, Tamar B. |
| **Subject:** | RE: Custodial Productions #2 & #3 |

Jonathan, if by productions 2 and 3 you are referring to the productions sent to you under cover letters dated March 15 and March 16, this information was provided to you by e-mail dated March 22. I reattach my earlier e-mail for your reference.

Thanks,

Rodney K. Miller
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853 6098
(312) 853 7036 FAX
rkmiller@sidley.com

---

**From:** Jaffe, Jonathan [mailto:jjaffe@weitzlux.com]
**Sent:** Tuesday, March 27, 2007 1:46 PM
**To:** Miller, Rodney K.
**Cc:** Pederson, Mike; Fernandez, Lenny
**Subject:** Custodial Productions #2 & #3

Rodney,

Who were the custodians produced on productions #2 and #3?

Thanks,
Jonathan Jaffe