US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____17.08_____

6:06-md-01769-ACC-DAB

**In Re:  Seroquel Products Liability Litigation**

Date Identified: _____

Date Admitted: _____

# Exhibit 17.08

# EXHIBIT 8

## Orelli, Jennifer

**From:** Orelli, Jennifer
**Sent:** Monday, May 21, 2007 4:33 PM
**To:** 'jfreebery@mccarter.com'
**Subject:** Document Production Problems



5-Digita.pdf (441 KB)

Dear Mr. Freebery:

Attached please find correspondence from Michael Pederson of Weitz & Luxenberg, P.C. Said correspondence was also sent via regular mail today.

Should you have any questions, please do not hesitate to contact the undersigned.

Thank you,
Jennifer Orelli, Legal Assistant to
Michael E. Pederson
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038
P - (212) 558-5630
F - (212) 363-2721
E - jorelli@weitzlux.com

1

# WEITZ & LUXENBERG

### A PROFESSIONAL CORPORATION
· LAW OFFICES ·

180 MAIDEN LANE • NEW YORK, N.Y. 10038-4925
TEL. 212-558-5500    FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG
ROBERT J. GORDON ††

| | | | | |
|---|---|---|---|---|
| EDWARD S. BOSEK | STEVEN J. GERMAN ▲ | VICTORIA MANIATIS †† | JIM R. ROSS ○ | * Of Counsel |
| EDWARD BRANIFF †† | LAWRENCE GOLDHIRSCH ** | CURT D. MARSHALL ‡ | SHELDON SILVER * | ‡ Also admitted in CT |
| JOHN M. BROADDUS ※ | ROBIN L. GREENWALD * ** | HADLEY L. MATARAZZO †† | FRANKLIN P. SOLOMON ¶ | * Also admitted in FL |
| DANIEL C. BURKE | EDWARD J. HAHN * | RICHARD S. McGOWAN * ‡‡ ‡ | LEMUEL M. SROLOVIC | ‡‡ Also admitted in MA |
| PATTI BURSHTYN †† | CATHERINE HEACOX †† | WILLIAM J. NUGENT | JAMES S. THOMPSON †† | †† Also admitted in NJ |
| LISA NATHANSON BUSCH | RENEÉ L. HENDERSON ** | ANGELA T. PACHECO ○ | JOSH VITOW | § Also admitted in DC |
| BRIAN BUTCHER ○ | MARIE I. IANNIELLO †○ | MICHAEL E. PEDERSON | DOUGLAS D. von OISTE ‡ | † Also admitted in NJ and CT |
| DAVID A. CHANDLER | ERIK JACOBS | PAUL J. PENNOCK ‡ | WILLIAM A. WALSH †† | ** Also admitted in NJ and PA |
| EILEEN CLARKE | GARY P. KLEIN †† | STUART S. PERRY * | JOSEPH P. WILLIAMS | ▲ Also admitted in NJ and DC |
| THOMAS COMERFORD †† | GLENN KRAMER ‡‡ | ELLEN RELKIN *▲ | NICHOLAS WISE | ▲▲ Also admitted in NJ and ME |
| ADAM R. COOPER | JERRY KRISTAL **§ | STEPHEN J. RIEGEL †† | ALLAN ZELIKOVIC | ** Also admitted in DC and TX |
| TERESA A. CURTIN ▲▲ | DEBBI LANDAU | MICHAEL P. ROBERTS | GLENN ZUCKERMAN | ● Also admitted in DC, VA |
| BENJAMIN DARCHE | ROBERTO LARACUENTE * | CHRIS ROMANELLI †† | | ¶ Admitted only in NJ and PA |
| CHARLES M. FERGUSON | HANNAH LIM ✦ | JILLIAN ROSEN | | ✦ Admitted only in NJ |
| STUART R. FRIEDMAN | JAMES C. LONG, JR. ** | DAVID ROSENBAND | | ※ Admitted only in DC, MD, PA and VA |
| | | | | ■ Admitted only in CO |
| | | | | ** Admitted only in IL |
| | | | | ○ Admitted only in TX |

May 21, 2007

<u>Via E-mail and Regular Mail:</u>
Mr. James J. Freebery
McCarter&English
Citizens Bank Building
919 North Market Street 18th Floor
Wilmington, DE 19801

Mr. James J. Freebery:

    In response to your April 30, 2007 letter and pursuant to our discussions of last week, I would like to thank you for offering solutions to some of the problems plaintiffs have addressed. However, I feel that there is still a need to readdress and clarify some of the same issues raised in our meeting last week and in our original April 13, 2007 letter.

    You say that you can not put page breaks in the documents because it is to late. We do not understand how this could have been omitted and we respectfully disagree with your contention that you are in compliance with the Case Management Order and the Federal Rules of Civil Procedure. From the beginning plaintiffs had requested that all documents that defendants were producing be searchable. See, Transcript of Pretrial Conference dated November 20, 2006, P 38 L 4-12, see also, Transcript of Pretrial Conference dated December, 11, 2006, P 53 L 2-25 to P 54 L 1-7. Moreover, defendants are well aware that having page breaks in the documents is one of the basic requirements for doing meaningful searches. Especially, since you are also aware that a number of the documents defendants have produced exceeded 22,000 pages. Without a page break, conducting a search is exactly like looking for the proverbial needle in a haystack. This is not acceptable.

    Further, plaintiffs asked Tamar Kelber in early January 2007 when we could expect the "sample load file, extracted text (with page breaks indicated), and TIFFs as we

215 South Monarch Street, Suite 202
Aspen, CO 81611
(970) 925-6101

210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002
(856) 755-1115

76 South Orange Avenue, Suite 201
South Orange, NJ 07079
(973) 761-8995

100 E. 15th Street, Suite 400
Fort Worth, Texas 76102
(817) 885-7815


2179-123

Mr. James J. Freebery
May 21, 2007
Page 2 of 4

discussed in our last conversation." While that same day Camp Bailey asked Tamar to "[P]lease make sure that both samples are multipage docs, so that we can also make sure the page break tags on the load files will work." Tamar mentions nothing about the lack of page breaks in her response.

Clearly, the issue of putting page breaks in the documents you are producing goes right to the heart of plaintiffs' ability to search the documents. This continues to be a very important issue to the plaintiffs, as we continue to review these documents. Currently plaintiffs' ability to search and find particular pieces of information has been significantly impaired by your method of production. This did not need to happen as plaintiffs offered defendants a cost effective fix to the problem in a series of E-mails sent to Rodney Miller in early February 2007. See, attached E-mails.

Further, your explanation as to why defendants can not put page breaks in the documents is hard for us to understand. Especially, when it appears that the documents in question were still in the process of being collected for these many months.

In your letter you have represented that your vendor had put all the documents into TIFF images, which means that you had to have had all the documents collected. When did this occur? This is upsetting because defendants have been implying that you were still in the process of collecting the files. See, Transcript of Pretrial Conference dated December 11, 2006, P 68 L 14-16, see also, Transcript of Pretrial Conference dated December 12, 2006, P 7 L 23-25 and Transcript of Pretrial Conference dated April 12, 2007, P 29 L 10-21.

Moreover, any assumption that someone cannot insert page breaks into the documents after the conversion of the documents into TIFF images is false. Our IT department has explained that the process of converting a document into a TIFF image and then extracting the relevant text are separate processes. You cannot extract text from TIFF pages (without OCR), so your point that "the vendor, however, has – and had – already converted the requested documents into .tiff images." does not impact upon our request for page breaks. The process of putting page breaks in a document is a separate process, and occurs either before or after the conversion of the document into a TIFF image, and requires access to the native format during the extracted text portion of the process. As I have stated, plaintiffs early in the litigation had requested that the text be re-extracted and that page breaks be put in. This should have been a relatively simple process and could have been accomplished with Windows XP. Thus, pre-tiffing is irrelevant to the process. A step by step guide using Windows XP to put page breaks in the documents was previously provided to you by e-mail and a hardcopy to further explain the process can be provided. Therefore, your explanation is not acceptable and we

continue to request that page breaks be put in the documents you are producing.

Second, in a previous e-mail from Rodney Miller dated April 10, 2007, Mr. Miller stated "we reviewed the documents below and noted that, in converting these Excel spreadsheets to TIFF, the resulting images do not fully recreate the native formatting for these documents. We immediately contacted our vendor, and are working with them to obtain TIFF images that will be more suitable to your review. We will respond shortly with our proposed solution." Yet in your response of April 30, 2007, you stated that "AstraZeneca has learned that these problems cannot be avoided. [T]here is no available way to convert these documents into a .tiff image that would allow the reviewer to examine the documents in their native form." You stated that plaintiffs' "fear that these problems have caused us to lose information included in the original form. [I]s unfounded, as the .tiff images contain all of the requested information." However, Mr. Miller's previous e-mail acknowledged that there was missing data, since the resulting images did not fully recreate the native files. Yet, in your April 30, 2007 letter you say that there was no data lost. We disagree, for example in Kevin Hamill's production IP1, Bates Number AZSER0678314, the document contains 6 pages of numbers, but there is no indication what those numbers stand for. Unless, Kevin Hamill did not bother to label the meaning of these numbers in his Excel spreadsheet, than the image produced to us is not complete and does not contain all relevant information. Therefore, we continue to see this as a problem.

Third, there seems to be some misunderstanding on your part concerning plaintiffs' issue with "lump sum" distribution of documents. Plaintiffs are concerned about the ambiguity in your labeling of the documents and our confusion as to which custodian the metadata is assigned to. For example, in Lisa Boornazian's production IP1, Bates Number AZSER0484646, the SOURCE provided in the metadata had several names in the field: "Beamish, Don|Boornazian, Lisa|Brecher, Martin|Jones, Martin|Leong, Ronald|McFadden, Wayne|McKenna, Kevin|Mullen, Jamie|Scott, Mark." Does this SOURCE indicate that all of these custodians have this same document, and therefore, all the custodians are the originator of the document? Or was this particular document found only in Lisa Boornazian's possession, and thus she is the only originator that this document can be attributed to? We feel defendants need to clear this up.

Further, compounding plaintiffs' difficulty in understanding the terminology and order of the documents is the inconsistency in the methods of production of documents and metadata. For example, in production IP1, the Bates Numbers were produced with no hyphens or dashes and the names in the SOURCE field for AZSER0484646 were separated with a bar. However, in production IP2, the Bates Numbers were produced with a dash AZ-SER0752206, and the names in the SOURCE field for AZ-SER0752206 were separated with a semi-colon. Yet, another change in data presentation was made in

Mr. James J. Freebery
May 21, 2007
Page 4 of 4

production IP3. The Bates Numbers were produced with a slash. Additionally, the order of fields and numbers provided were not consistent. This is very confusing and a consistent numbering system should be utilized. Further, plaintiffs would like to be notified before a production is made and if any changes were necessary.

After you have had an opportunity to review the above issues, I would appreciate your thoughts on how to resolve these problems.

Sincerely,
WEITZ & LUXENBERG, P.C.

Michael Pederson, Esq.