US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____17.11_____

6:06-md-01769-ACC-DAB

**In Re: Seroquel Products Liability Litigation**

Date Identified: _____

Date Admitted: _____

# Exhibit 17.11

# EXHIBIT 11

Case 6:06-md-01769-ACC-DAB   Document 296-10   Filed 07/23/07   Page 2 of 13 PageID 4392

Orelli, Jennifer

| | |
|---|---|
| From: | Dupre, Andrew [ADupre@McCarter.com] |
| Sent: | Thursday, May 31, 2007 4:44 PM |
| To: | Jaffe, Jonathan; Pederson, Mike |
| Cc: | Munno, Thomas; Freebery, James J.; Winchester, Tony; Yeager, Joe |
| Subject: | Meet and Confer on Tech Issues |

Mike and Jonathan:

Attached is a letter summarizing AstraZeneca's understanding of our agreed action items from yesterday's meet and confer session. If you disagree with any of these items, please promptly contact Jim or Tony. Best-

<<1678_001.pdf>>

Andrew S. Dupre, Esq.
McCarter & English, LLP
919 N. Market Street, 18th Floor
Wilmington, Delaware 19801
Phone: 302-984-6328
Fax: 302-984-0311

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email (or helpdesk@mccarter.com) and destroy all copies of the original message.

7/11/2007



**McCARTER & ENGLISH**
ATTORNEYS AT LAW

May 31, 2007

Michael Pederson, Esq.
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038-4925

Re:   Attempt to Agree to Resolution of Plaintiffs' Technical Issues

James J. Freebery
Partner
T. 302.984.6306
F. 302.984.2492
jfreebery@mccarter.com

McCarter & English, LLP
Citizens Bank Building
919 N. Market Street -18th Floor
Wilmington, DE 19801
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

BALTIMORE

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

Dear Mike:

AstraZeneca took the following action items from yesterday's conference. AstraZeneca understands that resolution of most or all of these items will eliminate any need for an evidentiary hearing on June 13, 2007.

1.   Load File: AstraZeneca will provide a supplemental production of modified load and LFP files for the first 14 custodial productions, containing a new Bates numbering convention. The new Bates convention shall be AZSER##########. The new convention shall be used on all future productions, beginning with balance of production due June 11, 2007. We have already informed the vendor of this necessary change and the importance of consistency in labeling going forward. **Status: Resolved**.

2.   Page Breaks: Plaintiffs request that AstraZeneca provide page breaks in extracted text files of documents greater than 10 pages in length which have not previously been OCR'd and produced pursuant to CMO2 III.A.1. AstraZeneca disagrees that the industry standard is to provide such page breaks, or that the Federal Rules of Civil Procedure or CMO2 require AstraZeneca to do so. In fact, AstraZeneca is informed that the majority of litigation support production vendors do not insert page breaks into extracted text files, because the opposing party can determine from the accompanying TIFF file the page number of any search term. Notwithstanding, we acknowledge Plaintiffs' concerns with page breaks and will do everything reasonably within our control to resolve this issue.

Jonathan Jaffe has proposed a possible page break insertion method utilizing a Windows generic text print metrics driver. AstraZeneca's production vendor has previously stated that this method will not reliably create page breaks matching those in the produced TIFF. However, Plaintiffs agreed yesterday that they will accept the error rate that will result from this proposed solution. AstraZeneca will therefore immediately engage its production vendor to quantify the costs and work necessary to actualize this proposal. As an alternative, Plaintiffs also stated they would be satisfied with receiving the native files that underlie these documents (without metadata, of course). AstraZeneca will also explore that solution. Finally, our vendor indicates that OCR'd native files (as opposed to TIFFs) results in greater

ME1 6457822v.1

Michael Pederson, Esq.
May 31, 2007
Page 2

than 90% accuracy and could provide another possible solution to Plaintiff's concerns related to searching. **Status: AstraZeneca is exploring Jonathan Jaffe's proposal with its production vendor today and will report back to Plaintiffs.**

3.  Spot Check Swap Fields - Jonathan Jaffe will provide AstraZeneca a list of examples of this issue. AstraZeneca will spot check the first document of each load file in each folder of each hard drive produced to date. The load file fields will be compared to the objective coding metadata fields on the TIFF image for the same document. The purpose of this spot check is to determine whether the load file fields match the TIFF file fields for each folder on each produced hard drive. AstraZeneca will notify Plaintiffs of inconsistencies between the two document file types. AstraZeneca has already notified its vendor of the importance of this issue going forward. **Status: Resolved.**

4.  Excel Spreadsheets: The parties agree that changing Excel spreadsheets to TIFF is inherently difficult, as Excel spreadsheets, particularly large spreadsheets containing extensive data, are not generally meant to be displayed on 8 1/2 x 11 paper. This issue is a well known problem of conducting ediscovery. Despite this, AstraZeneca will, consistent with Plaintiffs' request, increase the level of QC with respect to TIFFing of Excel spreadsheets. Additionally, AstraZeneca is happy to go back and attempt to re-TIFF problem documents specifically identified by Plaintiffs, to obtain more user friendly recreations of the spreadsheets. **Status: Resolved.**

5.  Privilege Logs: AstraZeneca will provide privilege logs on a schedule faster than the 120 days after production deadline that is accorded to it by CMO2. AstraZeneca will identify documents withheld for privilege by Bates ranges. Because these documents are not being produced, but rather are being withheld pursuant to legal privileges, we have given these documents a slightly different Bates labeling convention. As opposed to AZSER##########, these documents have been designated as AZSERP##########. This difference helps AstraZeneca avoid inadvertent production of privileged documents. Because Plaintiffs will not be loading these privileged documents into a document management system (because they will not be produced), AstraZeneca believes this convention creates no problems. Documents pulled from the privilege log and subsequently produced will be given a production Bates label that uses the standard Bates convention. In other words, all documents produced to Plaintiffs will be Bates stamped according to the convention agreed per item #1 above. Please let us know as soon as possible if Plaintiffs perceive a problem with this plan. The new privilege logs will also contain the field "Custodian." **Status: Resolved.**

6.  Custodian Source Names: the parties agree that this is a non-issue. **Status: Resolved.**

ME1 6457822v.1

Michael Pederson, Esq.
May 31, 2007
Page 3

7.  Line by line redactions: AstraZeneca has to date coded "reasons for redactions" in the meta-data on a document basis, and disagrees that it is required to provide line-by-line redaction reason identification, but is nonetheless willing to work with Plaintiffs on this issue. To be clear, AstraZeneca does not possess a line-by-line reason for redaction for its internal use, and any such mechanism would have to be created from scratch and superimposed onto prior productions. Plaintiffs will provide a report of all documents that contain redactions for more than one reason. The parties will then meet and confer to decide which of these documents, if any, Plaintiffs believe require more specific information. **Status: Resolved.**

8.  Objective coding fields: AstraZeneca and Plaintiffs negotiated 19 fields that would be produced for each document in a load file. Each of those 19 fields was agreed to by both parties and subsequently included in an order - CMO2. AstraZeneca disagrees that it is required to provide objective coding fields beyond those negotiated, agreed, and defined in CMO2. Moreover, AstraZeneca's coding of documents for its own use is privileged attorney work product. However, if Plaintiffs desire specific objective coding fields beyond those listed in CMO2, please name them and AstraZeneca will consider the demand purely as a compromise. **Status: Plaintiffs will identify what specific additional information would be helpful. AstraZeneca will investigate what additional information, if any, is available for hard copy documents that have been scanned and produced as TIFFs.**

9.  IP7 Issue: the parties agree that this issue is resolved. **Status: Resolved.**

10. IP10 Issue: the parties agree that this issue will be resolved by creation of new load files as stated in #1 above. **Status: Resolved.**

11. Blank documents: AstraZeneca explained that these documents are usually backgrounds to email (i.e. decorative attachments of flowers, patterns, etc.). This issue was previously addressed in Jim Freebery's letter of April 30, 2007. AstraZeneca will, pursuant to Plaintiffs' request, provide a sample list of these types of problems. Other potential blank documents will be identified by Plaintiffs and dealt with on an ad hoc basis. **Status: Resolved.**

12. Foreign language documents: AstraZeneca has produced a hard drive containing all foreign language documents for all 80 custodians. The parties agree to meet and confer on the subject of translating these documents into English. To further this meet and confer, attached to this letter please find an Excel spreadsheet that breaks down the foreign language documents by custodial group and language. **Status: Resolved.**

13. Item 12: AstraZeneca will shortly produce Item 12 CRF's in the same manner as it produced the IND-NDA. Plaintiffs will inform AstraZeneca of any perceived issues with this production after review. **Status: Resolved.**

ME1 6457822v.1

Michael Pederson, Esq.
May 31, 2007
Page 4

I am happy to make myself and my technical team available at any time to discuss resolving these issues before June 7, 2007. Specifically, I offer to travel to New York for a meet and confer session on Friday, June 1, 2007, or to have a conference call Monday, June 4, 2007, or to again travel to New York on June 5 or 6, 2007, to resolve whatever of these issues remain.

Finally, AstraZeneca understands that Plaintiffs will today provide their own summary of the issues raised in yesterday's meet and confer session, along with potential solutions to them.

Please contact me to confirm that Plaintiffs agree with this summary.

Very truly yours,

*Andrew S. Dupre for J. J. Freebery*

James J. Freebery

mrh

Enclosure: Foreign Language Document Breakdown

ME1 6457822v.1

# SEROQUEL FOREIGN LANGUAGE DOCUMENTS

Page 1

| FIRST 8 | 263 Documents |
|---|---|
| AFRIKAANS | 1 |
| CHINESE | 2 |
| DUTCH | 21 |
| FINNISH | 2 |
| FRENCH | 13 |
| GERMAN | 23 |
| GREEK | 3 |
| ITALIAN | 10 |
| JAPANESE | 8 |
| KOREAN | 2 |
| NORWEGIAN | 1 |
| POLISH | 2 |
| PORTUGESE | 4 |
| RUSSIAN | 5 |
| SPANISH | 46 |
| SWEDISH | 69 |
| TOTAL | 212 |

Page 2

# SEROQUEL FOREIGN LANGUAGE DOCUMENTS

NEXT 9          274 Documents

DUTCH           21
FRENCH          36
GERMAN          44
GREEK            2
ITALIAN         21
JAPANESE         7
SPANISH         36
SWEDISH         91
TURKISH          2

TOTAL          260

# SEROQUEL FOREIGN LANGUAGE DOCUMENTS

## GROUP 1

114 Documents

| Language | Count |
|---|---|
| CHINESE | 1 |
| DUTCH | 4 |
| GERMAN | 7 |
| ITALIAN | 3 |
| JAPANESE | 3 |
| PORTUGESE | 1 |
| RUSSIAN | 1 |
| SPANISH | 39 |
| SWEDISH | 37 |
| TURKISH | 1 |
| **TOTAL** | **97** |

# SEROQUEL FOREIGN LANGUAGE DOCUMENTS

## GROUP 2

950 Documents

| Language | Count |
|---|---|
| CHINESE | 4 |
| DANISH | 4 |
| DUTCH | 105 |
| FLEMISH | 2 |
| FRENCH | 47 |
| GERMAN | 110 |
| GREEK | 5 |
| HUNGARIAN | 2 |
| ITALIAN | 8 |
| JAPANESE | 74 |
| KOREAN | 3 |
| NORWEGIAN | 19 |
| POLISH | 1 |
| SLOVENIAN | 5 |
| SPANISH | 103 |
| SWEDISH | 327 |
| TURKISH | 2 |
| VIETNAMESE | 2 |
| **TOTAL** | **823** |

Page 5

## SEROQUEL FOREIGN LANGUAGE DOCUMENTS

**GROUP 3** — 839 Documents

| Language | Count |
|---|---|
| CHINESE | 11 |
| CZECH | 1 |
| DANISH | 12 |
| DUTCH | 102 |
| ESTONIAN | 4 |
| FLEMISH | 1 |
| FRENCH | 103 |
| GERMAN | 79 |
| GREEK | 4 |
| HUNGARIAN | 2 |
| ITALIAN | 8 |
| JAPANESE | 74 |
| KOREAN | 3 |
| LATVIAN | 1 |
| LITHUANIAN | 1 |
| NORWEGIAN | 5 |
| POLISH | 1 |
| RUSSIAN | 1 |
| SPANISH | 52 |
| SWEDISH | 343 |
| TURKISH | 4 |
| | 812 |
| **TOTAL** | **812** |

SEROQUEL FOREIGN LANGUAGE

SUMMARY: 2,440 Documents

| Language | Count | Percent |
|---|---|---|
| AFRIKAANS | 1 | 0.05% |
| CHINESE | 18 | 0.82% |
| CZECH | 1 | 0.05% |
| DANISH | 16 | 0.73% |
| DUTCH | 253 | 11.48% |
| ESTONIAN | 4 | 0.18% |
| FINNISH | 2 | 0.09% |
| FLEMISH | 3 | 0.14% |
| FRENCH | 199 | 9.03% |
| GERMAN | 263 | 11.93% |
| GREEK | 14 | 0.64% |
| HUNGARIAN | 4 | 0.18% |
| ITALIAN | 50 | 2.27% |
| JAPANESE | 166 | 7.53% |
| KOREAN | 8 | 0.36% |
| LATVIAN | 1 | 0.05% |
| LITHUANIAN | 1 | 0.05% |
| NORWEGIAN | 25 | 1.13% |
| POLISH | 4 | 0.18% |
| PORTUGESE | 5 | 0.23% |
| RUSSIAN | 7 | 0.32% |
| SLOVENIAN | 5 | 0.23% |
| SPANISH | 276 | 12.52% |
| SWEDISH | 867 | 39.34% |
| TURKISH | 9 | 0.41% |
| VIETNAMESE | 2 | 0.09% |
| **TOTAL** | **2204** | **100.00%** |