# EXHIBIT 21



**McCARTER & ENGLISH**
ATTORNEYS AT LAW

June 1, 2007

Michael Pederson, Esq.
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038-4925

Re: Response to Plaintiffs Letter of May 31, 2007

Dear Mike:

James J. Freebery
Partner
T. 302.984.6306
F. 302.984.2492
jfreebery@mccarter.com

We have received your letter of May 31, 2007 detailing Plaintiffs' understanding of the action items agreed at our May 30, 2007 meet and confer session, held at your office in New York. We are pleased that it seems together we have already resolved 11 of the 13 technical issues that prompted the meet and confer. AstraZeneca remains convinced that all of these issues can be resolved through a cooperative meet and confer process. To that end, I again offer myself and my technical team to meet and confer by phone on Monday morning, June 4, or in person at your office in New York on Tuesday, June 5 or Wednesday, June 6, 2007.

McCarter & English, LLP
Citizens Bank Building
919 N. Market Street -18th Floor
Wilmington, DE 19801
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

I also write to offer an itemized response to your letter. AstraZeneca believes that this response should eliminate from further discussion items that the parties agree are resolved. This letter shall also serve to clarify any remaining unresolved areas, so that we may resolve them through further cooperation.

### Corrected Load Files

BALTIMORE

AstraZeneca agrees to provide new load files, including .LFP and .DAT files, for all productions to date. The new load files will use the new agreed Bates numbering convention.

BOSTON

This issue is resolved.

HARTFORD

### Consistency of MetaData

NEW YORK

NEWARK

AstraZeneca agrees to provide new load files, including .LFP and .DAT files, for all productions to date. The new load files will use the new agreed Bates numbering convention. On a going forward basis, AstraZeneca has ordered its production vendor to consistently separate custodial source names, and to consistently use the terms "Begin Bates" and "End Bates," to the exclusion of other possible labels such as "Beginning Bates."

PHILADELPHIA

STAMFORD

AstraZeneca does not believe it promised to give a letter confirming this agreement, but, for the avoidance of any doubt, this letter may be used for that purpose.

WILMINGTON

ME1 6464201v.1

AstraZeneca does not believe it promised to give a letter stating which metadata fields it will provide with produced documents, but, for the avoidance of any doubt, AstraZeneca hereby confirms that it will provide the fields required by CMO2 III.B. to the extent possible and practicable. The parties agree that, as reflected by the "to the extent possible and practicable" language of CMO2 III.B., every one of these fields is not available for every produced document.

This issue is resolved.

Swapped MetaData Fields

The parties agreed that AstraZeneca will conduct a spot check of the first document in each folder of each produced hard drive to search for swapped metadata fields. The parties did not agree that AstraZeneca will recheck every produced document; to do so would be very slow, extremely expensive, and unduly burdensome. The agreed process is therefore more limited than your May 31st letter implies. AstraZeneca agrees that it will also conduct this check on all future productions.

This issue is resolved.

Page Breaks

AstraZeneca did not promise on May 30th to provide Plaintiffs with new extracted text files for documents greater than 10 pages containing page breaks. Instead, Plaintiffs suggested several proposed technical processes that could provide such files. AstraZeneca agreed to examine these proposals and to report back to Plaintiffs. Obviously, AstraZeneca could not agree to Plaintiffs' proposals on May 30th because several conflicting proposals were offered, and none had yet been vetted by AstraZeneca.

Moreover, AstraZeneca did not agree that Plaintiffs are entitled by the Rules of Civil Procedure or orders of the Court to page breaks in the extracted text files, that industry standard is to provide such page breaks, or that AstraZeneca would provide such page breaks in this litigation. AstraZeneca remains of the opinion, because it is informed so by its production vendors and IT experts, that only a minority of production vendors provide page breaks in extracted text files. Instead, AstraZeneca agreed to examine Plaintiffs' proposals and seek to implement them as a compromise only if doing so would not be unduly burdensome or costly.

That said, AstraZeneca's accepts Jonathan Jaffe's proposal of creating new extracted text files from the native files underlying these documents, then inserting page breaks into those extracted text files using a Windows Generic Text Print Driver. AstraZeneca therefore offers to implement Plaintiffs' proposal for all

Michael Pederson
June 1, 2007
Page 3

productions in this litigation, including future productions, subject to unforeseen technical issues that may arise when this proposal is implemented.

Several vital terms to this proposal do not appear in your May 31st letter. AstraZeneca's willingness to implement this proposal is contingent upon Plaintiffs' acknowledgement of the following:

1. Plaintiffs agree to accept the inherent error rate they acknowledge exists for this process, whatever that error rate may be. AstraZeneca does not guarantee this proposal's success.

2. Plaintiffs will accept one production with the new extracted text files. It would be unduly burdensome, extremely slow, and expensive for AstraZeneca's production vendor to try to recreate the 14 prior productions, but switch out the new extracted files for each. AstraZeneca believes that this should cause no problems for Plaintiffs because the load files in this production will be tagged with "Begin Bates" numbers as agreed above, upon which Plaintiffs can easily base their upload.

3. AstraZeneca will apply this proposal only to produced documents that have not been redacted. As we discussed, the OCR process underlying the redactions inserts a page break into the documents, and therefore page breaks are not an issue for redacted documents. AstraZeneca will apply this solution only to documents of 10 pages or more. Plaintiffs stated that 10 pages is the document size past which it is more difficult for substantive reviewers to determine page breaks by viewing the accompanying TIFF.

Provided Plaintiffs still agree to these conditions, this issue is resolved.

### Excel Spreadsheets

AstraZeneca did not agree to provide Plaintiffs will all new copies of Excel spreadsheets. Instead, the parties agreed that AstraZeneca would reexamine its process for TIFFing Excel spreadsheets to eliminate errors highlighted by Plaintiffs. AstraZeneca currently has a technical team working with its production vendor on this issue, and will report a resolution to Plaintiffs. AstraZeneca also agreed that it would re-TIFF any specific documents that Plaintiffs believe contain errors.

AstraZeneca disagrees that there is a substantial problem with its provision of Excel spreadsheets. This issue was raised by only one of the three Plaintiffs' firms represented on May 30th. The parties agreed that there are certain industry standards for TIFFing Excel spreadsheets such as, for example, running a background script to unhide rows and columns. Plaintiffs seem to be demanding that AstraZeneca run some form of yet unspecified program over-and-above the industry standard to make these TIFFs more user-friendly for Plaintiffs.

ME1 6464201v.1

Michael Pederson
June 1, 2007
Page 4

AstraZeneca does not believe the Rules of Civil Procedure or the Court's orders require it to invent a new TIFFing convention simply because Plaintiffs find the industry standard to be unwieldy. Phrased another way, AstraZeneca believes that utilizing the industry standard protocol for TIFFing Excel spreadsheets meets all its production obligations.

That said, AstraZeneca is willing to compromise with Plaintiffs on this issue. AstraZeneca requests that Plaintiffs construct a wish list for how they wish AstraZeneca to TIFF Excel sheets. AstraZeneca will vet this list through its IT experts and production vendors, and implement any proposed solutions that are not unduly burdensome or expensive.

This issue remains unresolved, but AstraZeneca is willing to examine a proposal from Plaintiffs and to implement proposed solutions to Plaintiffs' perceived issues that are not unduly burdensome or expensive. AstraZeneca requests that Plaintiffs provide such a proposal for it to test and examine. A second meet and confer on this issue to talk through any proposed solution would probably be helpful. AstraZeneca offers to make its technical team available for such a meet and confer session.

### Objective Coding

AstraZeneca disagrees that it promised to provide Plaintiffs with objective coding fields beyond those required by CMO2 III.B. CMO2 III.B was extensively negotiated by the parties before being jointly submitted as a stipulated proposed order. AstraZeneca does not believe Plaintiffs can unilaterally change this stipulation, or force AstraZeneca to provide information beyond that previously agreed and memorialized by the Court's order.

That said, AstraZeneca is willing to compromise with Plaintiffs on this issue. AstraZeneca is presently investigating all fields captured by the collection process. AstraZeneca requests that Plaintiffs submit a list of additional fields that they would like. The parties can then meet and confer to decide what additional fields, if any, will be provided.

This issue is resolved.

### Privilege Logs

The parties agreed that all subsequent privilege logs will contain the field "Custodian."

AstraZeneca agreed to accelerate its production of privilege logs. AstraZeneca does not believe that there is any requirement for it to produce privilege logs faster than the 120 day deadline imposed by CMO2. However,

Michael Pederson
June 1, 2007
Page 5

AstraZeneca will produce its privilege logs to Plaintiffs early, solely as a courtesy to Plaintiffs.

AstraZeneca did not agree to use the Bates convention for produced documents on documents withheld for privilege. For produced documents, AstraZeneca uses the Bates convention AZSER#########. For privileged documents, AstraZeneca uses the convention AZSERP#########. The P for privilege is a protective code that helps prevent inadvertent production of privileged documents.

AstraZeneca disagrees that the difference in the two conventions presents problems for Plaintiffs. The privilege convention is used only on documents that are not produced. Plaintiffs are not loading unproduced documents into their document management system, so the Bates number cannot be a technical issue. Moreover, AstraZeneca has agreed that any withheld documents that are subsequently produced will be stamped with the production Bates convention. This means that every single document that Plaintiffs will receive will be stamped with the agreed Bates convention.

Plaintiffs assertion on May 30th that imposing the production Bates convention onto documents withheld for privilege will provide context for the privilege call is spurious. Gone are the days when productions consisted of handing over boxes of paper documents, in which blank pages were inserted to indicate removal of a privileged document. The vast majority of documents in this production are electronic format, collected through a network search. There is no meaningful context to these documents that can be revealed through Bates numbering. Plaintiffs' demand that AstraZeneca use the production Bates convention for unproduced documents would therefore harm AstraZeneca (by making inadvertent production of privileged documents more likely), but provide no appreciable value to Plaintiffs (because there is no context to be revealed).

AstraZeneca will not change its Bates convention for privileged documents at this time, because Plaintiffs have offered no genuine reason for requiring it to do so. If Plaintiffs have some additional reason for requesting this change that has not yet been disclosed, AstraZeneca is willing to discuss the issue further in another meet and confer session. AstraZeneca will produce its privilege logs early and include the field "Custodian."

AstraZeneca believes this issue is resolved.

### Redaction Logs

AstraZeneca agrees to provide new load files, including .LFP and .DAT files, for all productions to date. The new load files will use the new agreed Bates

ME1 6464201v.1

numbering convention. AstraZeneca has also instructed its vendor to make the consistency change requested by Plaintiffs for all future productions.

The redaction logs will also contain the field "Custodian." Because redacted documents are produced, redaction documents are already stamped with a production Bates number under the agreed convention. The issues Plaintiffs have raised regarding privilege logs therefore do not apply to redaction logs.

AstraZeneca disagrees that it is required to provide a line-by-line reason for redaction. AstraZeneca does not possess such information itself, and creating a method for providing this information would be unduly burdensome and expensive.

That said, AstraZeneca is willing to compromise with Plaintiffs on this issue. The parties agree that this issue applies only to documents containing more than one reason for redaction. Thus far in the production, approximately 12% of produced documents contain redactions. Multiple-reason documents are only a small subset of that 12%. Plaintiffs agreed to provide a report of all documents containing more than one reason for redaction. The parties agreed that Plaintiffs would identify any of those documents that are of particular interest to Plaintiffs. AstraZeneca will then go back and provide line-by-line reason for redaction for those limited, particularly identified documents.

This issue is resolved.

### Blank Documents

The parties agree that a substantial portion of the identified blank documents are merely decorative attachments to personalize emails (i.e. backgrounds of flowers, patterns, etc.). AstraZeneca will provide Plaintiffs a list of documents it has discovered meeting this criteria. The parties agree that AstraZeneca will not waste resources attempting to design a program to convert these documents into TIFF form, as they are irrelevant to this litigation.

AstraZeneca has also ordered its production vendor to identify the problem, if any, with certain blank documents specifically identified by Plaintiffs. AstraZeneca will report the result of this investigation to Plaintiffs.

This issue is resolved.

### IP10 Production

Plaintiffs' letter of May 30th misstates the issue regarding the extra folder in production 10. The folder entitled "remaining non-produced" actually contained documents that should have been produced for the 9 custodians at issue in production 9. In other words, it was a supplemental production. AstraZeneca's

Michael Pederson
June 1, 2007
Page 7

production vendor erroneously gave the folder this confusing name. Production 10 is the only time the documents in that folder were produced.

This issue is resolved.

### CANDA

The parties agree that CANDA ("Item 12") will shortly be produced in the same manner as the IND-NDA.

This issue is resolved.

### Foreign Language Documents

AstraZeneca has provided a hard drive containing all foreign language documents for all 80 custodians. AstraZeneca has provided a spreadsheet containing a breakdown of these documents by custodial group and language type. The parties will meet and confer to discuss a joint effort to translate these documents into English.

This issue is resolved.

### 30(b)(6) Deposition Documents

The parties agreed that AstraZeneca will enter documents used as exhibits in depositions into its document management system, and produce them to Plaintiffs with a production Bates number and a source name matching the 30(b)(6) witness.

This issue is resolved.

### Other Outstanding (i.e. New) Issues

AstraZeneca disagrees that these topics are appropriate for inclusion in the present effort by the parties to avoid the necessity of an evidentiary hearing on June 13, 2007. Plaintiffs raised these issues only as tangents at the meet and confer, and solutions were not proposed. Nonetheless, we have discussed these issues by phone today, and AstraZeneca will investigate Plaintiffs concerns on these topics in preparation for another conference call on Monday, June 4, 2007.

### Production Key

The parties agree that Plaintiffs will provide a key to their production nomenclature, i.e. which hard drive labels IP# refer.

This issue is resolved.

ME1 6464201v.1

Michael Pederson
June 1, 2007
Page 8

I look forward to speaking with you again on Monday, June 4, 2007 to attempt to resolve whatever issues remain.

Very truly yours,

*Andrew S. Dupre for J. J. Freebery*
James J. Freebery

mrh




James J. Freebery

mrh

ME1 6464201v.1