# EXHIBIT
# 29

**From:** Keith Jensen [mailto:kj@kjensenlaw.com]
**Sent:** Wednesday, November 15, 2006 4:57 PM
**To:** Mizgala, James W.; Kelber, Tamar B.; Davis, Michael W.
**Cc:** Pennock, Paul; Camp Bailey; ftrammell@bpblaw.com; lgornick@lskg-law.com; Ken Smith; Pederson, Mike; kbailey@bpblaw.com; Michael Perrin; LROTH@roth-law.com; John Driscoll
**Subject:** Seroquel

Mike/Tamar/James,

I fixed some typos and added para. F(2) to the attached preservation order provided to you on Nov. 6th.  Here you go.  I'll call Tamar tomorrow.

Keith

Keith M. Jensen
Jensen, Belew & Gonzalez, PLLC
1024 N. Main
Fort Worth, Texas 76106
817/334-0762 work
817/706-2305 mobile
817/334-0110 fax
kj@kjensenlaw.com

Sidley Austin LLP mail server made the following annotations on 07/19/07, 14:55
------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations,
that, unless expressly stated otherwise, any U.S. federal tax advice contained
communication, including attachments, was not intended or written to be used, a
used, by any taxpayer for the purpose of avoiding any penalties that may be imp
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice
to by other parties in promoting, marketing or recommending any partnership or
investment plan or arrangement, then (i) the advice should be construed as writ
with the promotion or marketing by others of the transaction(s) or matter(s) ad
communication and (ii) the taxpayer should seek advice based on the taxpayer's
circumstances from an independent tax advisor.

**************************************************************************
This e-mail is sent by a law firm and may contain information that is privilege
If you are not the intended recipient, please delete the e-mail and any attachm
immediately.

**************************************************************************

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: § | Case No. 6:06-md-1769-ACC-DAB |
| §  | |
| **SEROQUEL PRODUCTS** § | |
| **LIABILITY LITIGATION** § | |
| § | |
| **MDL 1769** § | |
| § | |
| ———————————————— § | |
| § | |
| **ALL UNNAMED PLAINTIFFS** § | |
| § | |
| **v.** § | |
| § | |
| **ASTRAZENECA, LP,** § | |
| **ASTRAZENECA PHARMACEUTICALS,** § | |
| **LP, ASTRAZENECA, AB,** § | |
| **ASTRAZENECA, PLC and** § | |
| **ASTRAZENECA, UK LIMITED** § | |

## ORDER PERTAINING TO PRESERVATION OF EVIDENCE AND PRODUCTION PROTOCOL

The following protocol shall be followed for the format of production and preservation of electronic data of the defendant AstraZeneca :

### A. Scope

1.     Except as specifically limited herein, the procedures set forth below and protocols govern the production and preservation of discoverable electronic information (as defined below) by defendants and their domestic subsidiaries and affiliates (collectively, "defendants") during the pendency of this litigation.

2.     Except as otherwise set forth herein, the procedures herein and protocols apply solely to defendants' documents and data existing in electronic form (in the broadest sense consistent with the Federal Rules of Civil Procedure and the laws of Delaware, Florida, Missouri,

- 1 -

New Jersey and New York), including e-mail, electronic peer-to-peer messages, word processing documents, spreadsheets, electronic slide presentations, databases, and other electronic data items, now existing or hereafter created, containing information relating to facts at issue in the litigation ("discoverable electronic information").

### B. Documents & Data to Be Produced

1.    Electronic Files, Documents, & Databases

**Emails.** Electronic mail ("email") containing discoverable electronic information, together with the agreed meta-data associated with each such email, shall be produced in electronic form, in an accessible standard format, and on a standard media, in each case, as agreed to among the parties. Back-up and archival copies of email shall be maintained in accordance with section C, *infra,* pending negotiation of restoration procedures and protocols discussed in section D.2, *infra.* Defendants shall take steps intended to prevent any modifications, alterations, or additions to emails from their original state.

**"Office" documents.** Word processing files, computer presentations (*e.g.*, PowerPoint slides), stand alone databases (*e.g.*, Access), spreadsheets (*e.g.*, Excel) containing discoverable electronic information, together with the agreed meta-data associated with each such document, shall be produced in electronic form, in an accessible standard format, and on a standard media, in each case, as agreed to among the parties.  Back-up and archival copies of documents (including final versions, related versions, and drafts) shall be maintained in accordance with section C, *infra,* pending negotiation of restoration procedures and protocols discussed in section D.2., *infra.* Defendants shall take steps intended to prevent any modification, alteration, or addition as is necessary to create a comprehensive collection of such documents in their original state.

**Databases.**  Databases containing discoverable electronic information and identified on attachment D (this order may be agreed to and entered with attachments A-D, inclusive, left blank for subsequent delineation by the parties), together with the agreed meta-data associated with each such database, shall be produced in a manner agreed to among the parties, subject to redaction of privileged or other non-discoverable information, either as used and maintained in the ordinary course of business (including any forms and variations thereof) or in such other form as may be agreed to among the parties.  To the extent reasonably practicable, production shall include without limitation the software, manuals and computer readable code associated with any reports, file formats, forms, queries, or structure for any databases produced as used and maintained in the ordinary course of business.  Back-up and archival copies of all databases containing discoverable information, regardless of whether identified in attachment D, shall be maintained in accordance with section C, *infra,* pending negotiation of restoration procedures and protocols discussed in section D.2, *infra.*  Defendants shall take steps intended to prevent any modification, alteration, or deletion of the data in such databases but may continue to use such databases and add data to the extent that it does not cause data to be deleted.  If plaintiffs subsequently discover additional databases not included on attachment D, they may request production of such consistent with the procedures outlined herein and Defendants shall not unreasonably refuse production.

**Other.**  To the extent any other documents containing discoverable electronic information are identified, the parties shall meet and confer to determine the manner of production of such documents and any agreed meta-data associated therewith.  Defendants shall not unreasonably refuse production of such documents.  Back-up and archival copies of such other documents (including final versions, related versions, and drafts) shall be maintained in accordance with section C, *infra,*

pending negotiation of restoration procedures and protocols discussed in section D.2, *infra*. Defendants shall take steps intended to prevent any modification, alteration, or addition as is necessary to create a comprehensive collection of such documents in their original state.

**Software.**  Software and operating manuals shall be produced by defendants to enable plaintiffs to access and view any discoverable electronic information produced pursuant to this Pretrial Order.  Software shall mean proprietary software or any other software not commercially available for purchase at retail stores in the United States (e.g. Microsoft Office Suite or Corel Office Solutions).  A reasonable number of copies of such software and operating manuals shall be made available for use by the parties receiving the discovery during the pendency of the litigation. Plaintiffs shall not use software produced by defendants for any purpose, commercial or otherwise, other than the prosecution of this litigation.  At the conclusion of the litigation, such software shall be returned to defendants.

2.            <u>System-Level Meta-data</u>

The parties are to continue meet and confer discussions to identify any system-level meta-data to be produced beyond that already provided by defendants.  Such data may include back-up and archival data, computer system data and computer access data.

3.            <u>Redaction Software</u>

Defendants shall describe to plaintiffs the procedures and software used to redact any documents or data existing in electronic form such that plaintiffs can identify how information was redacted and can obtain and or evaluate the software.

## C. Preservation of Electronic Data

1.       During the pendency of this litigation, defendants shall maintain electronic document and data retention policies designed to ensure the retention of defendants' discoverable electronic information. In connection therewith, defendants shall (i) maintain back-up procedures designed to back up all network storage devices potentially containing discoverable electronic information; (ii) suspend the routine or automatic deletion of discoverable electronic information, including the automatic deletion of electronic mail or removal of unused electronic data and files; and (iii) secure the hard drives (or mirror image back-ups of such hard drives) of all computers potentially containing discoverable electronic information that are not backed up in the ordinary course, before the reformatting, redeployment, or disposal of such hard drives. With respect to items (ii) and (iii), *supra,* these steps shall be interim measures followed while the parties develop agreed alternative measures to accomplish the preservation of data subject to the procedures in items (ii) and (iii). The Court finds that the following electronic data need not be retained or preserved for this litigation and that Defendant can follow its normal electronic retention policies for such data as long as such data does not contain any discoverable information:

a.       electronic data or applications listed in Attachment A to this Order; and

b.       e-mails from or to the person(s) or areas listed in Attachment B to this order.

For the remainder of the electronic files listed in Attachment C to this Order, Defendant will maintain its routine back-up procedures designed to maintain its network storage until the Court determines that the information is not relevant to this litigation or that the information need not be preserved for other reasons.

2.       Plaintiffs will back up all their email and other computer information on backup storage media (*e.g.* hard drive(s), floppy disk(s), CD-ROM(s), JAZ cartridge(s) or otherwise).

3.       Defendant shall retain a consultant to assist it in storing e-mails that have been backed-up from its servers because its servers do not have sufficient space to contain all of the

information currently required to be preserved. Defendants shall implement a new retention policy for its e-mails that permits it to collect information from its servers without the need to maintain daily back-ups. Defendant is to maintain this system until further Order from the Court or dismissal of this action.

4.      Defendants have been maintaining back-ups of certain other network servers likely to contain other discoverable information. Defendants will retain backups of potentially relevant data, which back ups may be kept in the form normally stored in the regular course of business or on back-up tapes (e.g. DAT, DLT), Jaz cartridges, CD-ROMS or hard drives that are new or have been "wiped" clear of all data prior to accepting back-up data.

5.      The parties may eliminate duplicate email and cloned email to the extent that all procedures for the determination of duplicates are discussed and agreed to by the parties. Additionally, a reference to any deleted duplicate email must be maintained so that the receiving party can determine where all copies of the email where maintained.

6.      A copy of all preserved electronic information shall be placed with an independent third party escrow agent. Parties shall meet and confer to develop methods to audit accuracy of production of electronic information using copy of data at above mentioned escrow agent. Furthermore, the copy of data at the escrow agent shall serve as an off site backup.

7.      All electronic information or data archived or backed up as part of a special back-up, whether due to system upgrade, transition planning, system migration, disaster recovery planning, or any other reason, that potentially contains discoverable electronic information shall be securely retained for the remainder of the litigation.

8.      All current or legacy software and hardware necessary to access, manipulate, print, etc., discoverable electronic information that is either "live" or has been archived or backed up shall be securely retained for the remainder of the litigation. If necessary, the parties shall meet and confer

to develop procedures designed to minimize any undue hardship associated with the continued retention of such items.

9.      Any existing or hereafter created "full" (as opposed to incremental) back-up tape or other back-up storage media (collectively, "back up tape") created on a monthly basis, as well as any full back-up tape created on a periodic basis greater than a month (*e.g.*, quarterly or yearly back-up tapes) that potentially contains discoverable electronic information shall be securely retained until December 31, 2006. No later than December 1, 2006, the parties shall meet and confer concerning the disposition of back-up tapes and present to the Court no later than December 15, 2006, the parties' joint (or if not joint, competing) proposals for the continued treatment of such back-up tapes.

10.      Defendants shall obtain certifications on behalf of all employees or independent contractors who (1) work at defendants' facilities for a duration longer than two weeks and (2) are reasonably believed to create, alter or access discoverable electronic information on their non-network storage devices (i.e., desktop hard drives, laptop hard drives, and home computer hard drives), that such devices and any back-up tapes thereof maintained by each such employee or contractor have been searched for discoverable electronic information and any such data has been copied to a backed-up network storage device for the preservation of the same. Defendants shall instruct such employees and contractors in the manner of copying such files so as to retain, without modification or alteration, all meta-data (file creation dates, modification dates, etc.) associated with the files at issue. Defendants shall on a semiannual basis have such employees and contractors that potentially possess discoverable electronic information certify that any newly created data has been copied to a secure, backed-up network storage device to ensure its preservation. The parties shall meet and confer to develop the form of notice and certification directed to defendants' employees, as well as the procedures to be used by defendants' employees and contractors when searching for and copying discoverable electronic information.

- 7 -

11.    Defendants shall implement specific steps to monitor their employees' compliance with the preservation guidelines herein. To that end, the parties shall meet and confer to develop specific procedures to effectuate such monitoring. Further, defendants shall conduct random audits of their employees' non-networked storage devices following receipt of the semiannual certifications required under paragraph C.10 herein. In connection with each semiannual audit, defendants shall search the non-networked storage devices of not less than 10 of their employees believed to possess discoverable electronic information to determine if any discoverable electronic information, not otherwise stored on a network storage device, exists on those employees' non-networked storage devices. If the results of such audits demonstrate substantial non-compliance with the preservation guidelines established herein (i.e., more than two files, in the aggregate, containing discoverable electronic information that were not copied to a network storage device are found on the non-networked storage devices reviewed during a given audit, or 20% of the non-networked storage devices audited during a given audit contain discoverable electronic information that had not been otherwise copied to a network storage device), defendants shall report the same to plaintiffs and the parties shall meet and confer to implement any additional procedures needed to ensure the effective preservation of discoverable electronic information contained on non-networked storage devices. Defendants shall maintain records of any compliance audit undertaken in accordance with this paragraph. The reports of any compliance audit by defendants shall be securely retained by defendants in the event that such information may need to be submitted to the Court.

### D.  Identification of Responsive Electronic Data

1.    All electronic information in the possession of defendants' employees, agents, contractors and consultants must be reviewed for relevance. For the purposes of this section, possession is defined as existing on any computer that such employee, agent, contractor or consultant has access, whether at Defendant's facilities or elsewhere. All relevant material shall be segregated

- 8 -

and separated by user into custodial files.. All email and electronic data (excluding databases) manually identified or segregated by defendants' employees, agents, contractors, or consultants as containing discoverable electronic information, as well as all electronic data existing within directories reasonably identified as being relevant to this litigation, shall be reviewed in their entirety by defendants for responsiveness and privilege, and thereafter such discoverable electronic information which is neither privileged nor otherwise protected shall be produced electronically in accordance with the guidelines herein.

2.      By _____,2006, defendants shall produce a catalog or index of all back-up and archival copies of electronic data as specified in section A.2, *supra,* "Back-up and archival data." The parties shall meet and in good faith confer to identify those tapes likely to create a reasonably comprehensive representation of the discoverable electronic information contained on all archival and back-up media of defendants and determine to what extent back up and archival tapes may be restored.  In selecting any back-up and archival tapes for restoration, the parties shall endeavor to avoid the unnecessary restoration of duplicate or non-responsive data.

3.      To minimize the burden associated with searching all electronic data collected other than such data collected and reviewed in accordance with paragraph D.1 above, including any data restored in accordance with the procedures herein (excluding databases), such data will be pre-screened for responsiveness utilizing search terms agreed upon by the parties.  The parties shall identify query terms designed to retrieve discoverable electronic data.  Documents responsive to any agreed query search shall then be reviewed by defendants for responsiveness and privilege, and thereafter produced electronically in accordance with the guidelines herein.  Defendants shall reasonably accommodate plaintiffs' requests for (i) searches of newly created data, and (ii) modified

searches on previously searched data. Defendants will be prohibited from using any additional searches other than those developed with the plaintiffs without sharing such search terms and results with plaintiffs.

4.     Defendants' search and review shall be conducted in a manner designed to preserve all meta-data (such as file creation and modification dates) associated with the discoverable electronic information being searched or reviewed. The parties shall jointly develop search and review procedures designed to preserve, without alteration or modification, all meta-data associated with defendants' discoverable electronic information.

### E.  General Instructions

1.     Each individual piece of computer media produced must be clearly labeled with a unique media control or "Bates" number that is indelibly written on, or affixed to, both the media itself and any enclosure or case produced with the media. This label or marking shall be affixed in a place and manner that does not obliterate any labeling on the original media, and that does not interfere with the ability to examine or use the media.

2.     Electronic records and computerized information must be produced with sufficient information to permit identification of the producing agent and business unit responsible for the production. This information shall include, without limitation:

a)      The name of the corporation or other entity who is producing the information, along with information such as country, city, site, and department sufficient to uniquely identify the producing agent;

b)      The name or identity of the specific server or computer system from which the back-up was produced or information copied;

c)      To the extent reasonably known, the name or identity of the specific server or computer system upon which the information was originally created; and

d)      To the extent reasonably known, the name or identity of the specific server or computer system upon which the information was maintained during the course of normal business, if different from the system where it was created.

- 10 -

The parties shall meet and confer to develop a standard form containing the information required pursuant to this paragraph.

3.     Electronic records and computerized information must be produced in an intelligible format or together with a technical description of the system from which they were derived sufficient to permit rendering the records and information intelligible.  To the extent necessary to enable plaintiffs to render the records and information intelligible, this description shall include:

     a)  The manufacturer's name and model number for electronic hardware used to create and maintain the electronic records;

     b)  The name and version of the operating system used on the computer where the electronic records were created and maintained;

     c)  The manufacturer's name, product identification, and version number for any software used to create and maintain the electronic records, along with any proprietary software, written documentation, special parameters, and instructions sufficient to permit those records to be read from the media produced; and

     d)  The date, if known, when the information was first created, along with the date of its most recent modification.

4.     To the extent that decryption or access passwords are necessary to unlock any computerized information in its original form, including without limitation electronic mail passwords and file decryption passwords, the parties shall meet and confer to develop appropriate steps to allow plaintiffs to access the data without compromising defendants' confidentiality, security, or proprietary interests.

5.     Except for non-responsive, privileged, or otherwise protected information, any record, document, or data item that was created on a computer or computer system and is to be produced pursuant to this protocol must be produced without redaction, on some form of computer media.  For all such media produced, external labels on the media shall identify the computer(s) from which the copies of computer files were made, and the full names of the individuals or business units who used

- 11 -

the computer so identified.  A record shall also be maintained and produced showing how the information on the media was copied.

6.      Should the producing party seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), the producing party shall supply a list of the documents for which such limitation of discovery is claimed within 15 days after any production of electronic or hard copy documents, indicating:

      a.    The identity of each document's author, writer, sender;

      b.    The identity of each document's recipient, addressee, or person for whom it was intended;

      c.    The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;

      d.    The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

      e.    The claimed grounds for the limitation of discovery (*e.g.*, "attorney-client privilege.").

7.      Should the producing party seek to redact any document based on some limitation of discovery (including but not limited to a claim of privilege), the producing party shall supply a list of the documents for which such limitation of discovery is claimed, indicating:

      a.    The claimed grounds for the redaction;

      b.    The nature of the redacted material (*e.g.*, "patient name," "trade secret," etc.); and

      c.    A description of the exact process used for redaction.

During the pendency of the litigation, an electronic copy of the original unredacted data shall be securely preserved in such manner so as to preserve without modification, alteration, or addition the content of such data, including any meta-data associated therewith.

8.      All computer media must be properly packaged to ensure safe shipping and handling. If any piece of media produced is known to have any physical defect, electronic defect, or damaged

data, or is infected with any virus or other harmful software of any kind, it should be clearly labeled so that appropriate care can be taken during its examination.

9.    All computer media that is capable of write protection should be write protected before production.

10.    All copies of computer files for production shall be created in such a way as to preserve or record the original directory structure and system-level meta-data (file name and path, create, modify, and access date and time, and size).

11.    Following the production of electronic data, defendants shall provide reasonable assistance to plaintiffs in connection with the installation and use of such data and software.

12.    Where documents or electronic data requested herein are not available in electronic form, such documents or data shall be produced on hard copy at an agreed location or failing that at a law office designated by the Plaintiffs in Houston, Texas.

13.    All data or documents to be produced hereunder shall be produced in English, if available.

14.    The parties shall meet and confer to develop appropriate provisions for authenticating electronic data or documents produced herewith, and for using such at deposition or in any other evidentiary manner.

15.    The parties shall meet and confer to develop appropriate provisions for the distribution of and access to electronic data or documents produced herewith.

### F.  Timing & Sequencing of Electronic Discovery

1.    Defendants shall commence the production of discoverable electronic information by _____

2.      Defendants shall produce custodial/user files no less than _____ days following a request and in no event less than 20 days prior to the deposition of the respective custodian.

3.      Defendants shall make best efforts to sequence the production of discoverable electronic information consistent with plaintiffs' requests concerning such discoverable electronic information.

## G.  Resolution of Disputes Concerning Electronic Discovery

1.      All disputes regarding discovery shall be addressed by the parties in a meet and confer prior to the filing of any motion with the court.

2.      If the parties are unable to resolve the dispute, an appropriate motion may be made to the court at that time.

## I. "Hard copy" Documents

1.      To the extent possible, the litigation will be conducted as a "paperless" case and document and deposition discovery conducted so as to maximize efficient and quick access to document discovery by litigants throughout the country and to minimize document production and distribution costs.

2.      All documents that exist in hard copy form that are responsive to discovery requests or orders shall be produced in electronic image form (in the manner provided herein) so long as the document's image conveys the same information as if the subject document was produced in a hard copy form. Documents that present imaging problems shall be promptly identified and thereafter the parties will attempt to mutually resolve the problem amongst themselves.   If the parties are unable to mutually resolve the problem, the issue will resolved by the Court on appropriate motion.

3.      Imaging and document/data identification conventions:

- 14 -

a.      All documents shall be scanned as black and white images at 300 dpi resolution and shall be saved and produced in a Group 4 compression multi-page "TIFF" format file on CD-ROMS.  If color is material to appreciating or comprehending the content of a document, parties shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.

Each page of a document shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

b.      Each page of the scanned document shall have a legible, unique document identifier electronically "burned" onto the image at a location that does not obliterate any information from the source document. There shall be no other legend or stamp placed on the document image unless a document qualifies for designation as confidential (as addressed by other order). In such case the document image may also have burned in an appropriate legend regarding confidentiality at a location that does not obliterate any information from the source document. If a confidential document is later declassified, the party producing the document shall produce a new version of the document without the confidentiality legend.

c.      Document identifiers shall be eight (8) digits in length, the first digit being a unique alpha character that denotes the identity of the producing party and location (e.g. - "C0001234"). As there are only a few location for Defendant, a single letter should suffice for the defendants.  This allows for up to 10 million pages per location.  For plaintiffs, two letters representing the initials of the plaintiff shall be used.  This allows for one million pages per plaintiff.

- 15 -

d.      Each document image file shall be named using the document identifier of the first page of the subject document (e.g. - "C0001234.TIF").

e.      Each CD-ROM of documents, data or email produced by a party shall be uniquely named with a sequential number that includes the producing party's unique alpha identifier (e.g.,  "C001", C002, etc.).  If over 4 CD-ROM's are produced at one time, Defendants will download all such data onto a new hard drive and Plaintiffs will pay the reasonable acquisition costs of the hard drive. Defendants hard drive production shall be accompanied by a letter specifically identifying the number of documents and other items resident on the hard drive.

f.      Document image files (or files containing electronic production of data or email) shall be placed on a CD-ROM (or hard drive as stated in the preceeding paragraph) in a subdirectory or subfolder bearing the same name as the CD-ROM it is located on so that files are not in the root directory of the CD-ROM..  The name of each subdirectory shall be the name the bates number of the first file in the subdirectory (e.g. "C001\C0001234" contains "C0001234.TIF" as its first file).  There will be no more than 1,000 files in any given subdirectory and there must always be at least one subdirectory under the disk name subdirectory (e.g. even if there are only 500 files for disk C002 where the file "C0091234.TIF" is the first file, they will all be stored on the disk under a subdirectory called "C002\C0091234").  The following is an example using "CDROM" as a place holder for the drive letter of the CDROM drive:

    CDROM:\C002\C0091234\C0091234.TIF (1st file of disk)

    CDROM:\C002\C0091234\C0091239.TIF (2nd file of disk)

    CDROM:\C002\C0091234\C0091247.TIF (3rd file of disk)

                              ...

CDROM:\C002\C0093324\C0093324.TIF (1001st file of disk)

2.  Because of the potential for a large number of documents to be produced, it may not be possible to review the images immediately upon production.  If any problems are encountered with imaged document(s), they shall be identified by the requesting party and thereafter the parties will attempt to mutually resolve the problem.

TERMS AGREED AND ACCEPTED:


_____                    _____
Larry M. Roth                                  Michael W. Davis
LAW OFFICES OF LARRY M. ROTH, P.A.             SIDLEY AUSTIN, LLP
Post Office Box 547637                         One South Dearborn
Orlando, FL 32854-7637                         Chicago, Illinois 60603
Telephone: (407) 872-2239                      Phone 312.853.7731
Facsimile: (407) 872-6927                      Fax 312.853.7036
E-mail: LROTH@roth-law.com                     E-mail: mdavis@sidley.com


Date: _____                      Date: _____


        Approved, entered and so ordered, this _____ day of November, 2006.


                                       _____
                                       MAGISTRATE JUDGE PRESIDING

Attachment A

List of electronic data or applications that do not need to be preserved

TO BE DETERMINED

Attachment B

Persons for which e-mails need not be preserved

TO BE DETERMINED

Attachment C

Files for which routine backup procedures can be continued

TO BE DETERMINED

Attachment D

Relevant databases to be produced

TO BE DETERMINED