# EXHIBIT 53

**Lyseight, Jo Ann**

**From:** Freebery, James J.
**Sent:** Tuesday, June 05, 2007 2:15 PM
**To:** Lyseight, Jo Ann; Redner, Janet
**Subject:** Fw: IT issues and their status.

Binder please.

-----Original Message-----
From: Pederson, Mike <MPederson@weitzlux.com>
To: Freebery, James J.; Dupre, Andrew
CC: Jaffe, Jonathan <jjaffe@weitzlux.com>; Rhonda Radliff <radliff@bpblaw.com>; Chuck Hunger <chuckh@lpm-triallaw.com>
Sent: Tue Jun 05 13:29:13 2007
Subject: IT issues and their status.


Via E-mail :
Mr. James J. Freebery
McCarter&English
Citizens Bank Building
919 North Market Street 18th Floor
Wilmington, DE 19801

    Mr. James J. Freebery :

        Per our previous discussion, the parties have come to an agreement on several issues that were raised in our previous meet and confer on May 30, 2007. Further, we will speak again on June 5, 2007 concerning several of the issues outlined below that required further follow-up on the requested information .

                                Corrected Load File

    1.    Defendants have agreed that corrected load files, along with their counterpart .LFP and .DAT files  for all previous productions will be resent to the Plaintiffs. The Plaintiffs still need an estimate on when this will be done.
    2.    Corrections of prior load files should include all changes agreed to by the Defendants as it pertains to the consistency of the MetaData and Bates numbering system

                                Consistency of MetaData

    1.    Defendants have agreed that corrected load files, along with their counterpart .LFP and .DAT files for all previous productions will be resent to the Plaintiffs which will make the field headings consistent and Bates numbers consistent with NO extraneous dashes, spaces, or characters.
    2.    Defendants have agreed that future labeling of Bates numbers will have NO extraneous dashes, spaces,  or characters, and all Bates numbers should be in the form: AZSER0484646 .
    3.    Defendants have agreed that names of all SOURCE in the Metadata field should be separated consistently .
    4.    Defendants have agreed to consistently label the field names.

        a.    If Defendants choose to use the label "Begin Bates," and "End Bates," they will consistently use these terms to the exclusion of all other labels such as "Beginning Bates."

        Swapped MetaData Fields

1

1. Defendants agreed to check each .DAT file for all previous custodial productions IP1 through IP14, for swapped Metadata fields and information and to make any corrections. Defendants have agreed to tell plaintiffs which load files contained swapped fields. The Plaintiffs still need an estimate on when this will be done.

2. Defendants have agreed to check all future productions and make all corrections.

### Page Breaks

1. Defendants have promised to provide page breaks for all productions for documents that are 10 or more pages in length from all previous productions IP1 through IP14 in the extracted text files for non-redacted documents.

2. Defendants agreed to put page breaks in all future productions for documents that are 10 or more pages in length, i.e. all productions after IP14.

3. Plaintiffs have agreed to accept the inherent error rate for this process.

4. Defendants do not guarantee this proposal's success.

5. Plaintiffs have agreed to accept one production with the corrected extracted text files containing page breaks.

6. Defendants have said that page breaks are not an issue for redacted files, as the OCR process underlying the redaction process puts page breaks in the documents.

### Excel Spreadsheets

1. Defendants agreed to provide Plaintiffs with copies of all incomplete Excel documents as previously noted and addressed in an e-mail to Rodney Miller. Defendants are still investigating the cause of this problem and will notify Plaintiffs whether they have conclusively determined additional spreadsheets were affected.

2. It was suggested to avoid future similar problems Defendants will change the parameters of TIFF-ed dimensions with regards to Excel files, so that a complete Excel table can be viewed, even if not printable.

3. Another suggestion was to provide Plaintiffs with a native read only image of the Excel file.

4. Jonathan Jaffe also suggested that he could provide a Macro that allows the Defendants to copy these Excell Spread Sheets so that they are readable by Plaintiffs and avoids the Metadata concerns of the Defendants. Defendants are checking with their vendor and will get back to Plaintiffs on this.

### Objective Coding

1. Defendants were unsure if objective coding on native hardcopy documents was done, but have agreed to provide Plaintiffs with a copy if such coding exists.

### Privilege Logs

1. Defendants agreed to provide Plaintiffs with privilege logs that will include a SOURCE and a Bates Number that corresponds to the documents already produced by the Defendants.

2. Defendants also agreed to use best efforts to provide Plaintiffs with the production of other privilege logs. They have not promised to produce privilege logs faster than what is required under CMO2.

3. Defendants have agreed to investigate how to produce a log of documents pulled for review to substitute for the lack of gaps in the Bates production. They have agreed to investigate the solution proposed by Jonathan Jaffe and get back to the Plaintiffs.

### Redaction Logs

1. Defendants agreed to provide consistent labeling of redaction information.

2

2. Defendants have agreed that corrected load files, along with their counterpart .LFP and .DAT files for all previous productions will be resent to the Plaintiffs.

3. Defendants have agreed that future labeling of Bates numbers will have NO extraneous dashes, spaces, or characters, and all Bates numbers should be in the form: AZSER0404646.

4. As with the privilege logs, Defendants agreed to provide redaction logs that will include a SOURCE and the Bates number that corresponds to the related documents.

5. Defendants have agreed to look into coding future document redactions on a page level instead of a document level as is done presently.

Blank Documents

1. Plaintiffs have provided several examples of documents that are blank with corresponding Metadata that suggests the document should not be blank. Defendants are speaking to their vendor about this issue and will get back to the Plaintiffs.

2. Defendants have explained to Plaintiffs that documents with listings that say 'Document is Blank,' in the image are due to personal customization of e-mails with various designed document boarders.

   a. Defendants have agreed to provide the Plaintiffs with a list of 'File Names' that correlate to the 'Document is Blank' images.

IP10 Production

1. Defendants have explained to the Plaintiffs that in production IP10, the folder "remaining non-produced 04290" was a correction to a vendor error

CANDA

1. Defendants have explained to the Plaintiffs that documents contained within the CANDA database are currently in the production process. Defendants expect that these documents will be ready by June 8, 2007 and forwarded to Plaintiffs on June 9, 2007.

Foreign Language Documents

1. Defendants produced foreign language documents for the 80 custodians identified to date.

2. Defendants provided a breakdown of the different foreign languages used within these documents and the number of documents were each language appears in the documents.

3. The parties will discuss the translation for said documents.

30(b)(6) Deposition Documents

1. Defendants agreed to Bates number and provide all documents disclosed for the 30(b)(6) depositions in an electronic format.

Outstanding Issues

The parties discussed the following issues and did not reach an understanding as to how they can be resolved.

1. The issue of how a custodial file is certified complete is still of concern.

   a. For example, if a named custodian has deleted e-mails or other documents from his system, Plaintiffs will not know that unless they are produced in another custodial file. Tom Munno agreed this could happen.

   b. Defendants created and implemented a list of search terms for the production of documents without consulting the Plaintiffs. Clearly the Court and the

3

Plaintiffs recognize the importance of the search terms in the development of the document production. If the search is limited to the terms as presented by the Defendants it is very likely that important documents will be excluded from the production. Further consultation with Defendants vendor is required.

2. Plaintiffs requested documents that the custodian has access to, or works with, that are related to Seroquel, but may not be in the SOLE custody of a particular custodian. These documents are not found in a database, but rather a common hard drive where everyone on a particular team can access, create and or store documents. It does not look as if Defendants covered these type of documents in their Certification of Completeness. Further consultation with Defendants vendor is required.

3. Plaintiffs raised the issue of how documents are redacted or identified for privilege. Plaintiffs understand these documents are pulled and identified separate from the custodial file. Plaintiffs see this as a problem as the documents once removed from the file do not give the reviewer any context in how they were kept and it impedes the flow of the review. Defendant's position was that their method of Bates stamping the documents and reviewing of same does not allow for the documents to remain within the custodial file production as a whole. However, Defendants have stated that the Source code is provided and from that Plaintiffs' will know exactly where and from what Custodial file the document was pulled from. Further review by Plaintiffs and consultation with Defendants is required.

Production Key

1. Plaintiffs agreed to provide Defendants a key to the production numbering by the Plaintiffs with regards to the labels on the drives provided by the Defendants.

Please provide a timeframe for the completion of the various issues we discussed yesterday. We look forward to your response.

Sincerely,


Michael Pederson, Esq.

    WEITZ & LUXENBERG, P.C.


180 Maiden Lane


New York, NY 10038

4