Cricket Technologies, L.L.C. v John Martin aka Cricket Technologies LLC

U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number: 62

Case Number:
06md 1769-Orl-22 DAB

IN RE:
                    v.
Seroquel Products

Date Identified:
                JUL 2 6 2007

Date Admitted: JUL 2 6 2007

# Domain Statute
## UDRP Disputes

Home | Blog | Alleged Cybersquatters Database | Someone Took Your domain? Rep

Source: National Arbitration Forum

## DECISION

Cricket Technologies, L.L.C. v. John Martin a/k/a Cricket Technologies LLC
Claim Number: FA0408000311353

### PARTIES

Complainant is **Cricket Technologies, L.L.C.** ("Complainant"), represented by **Jordan S. Weinstein**, of **Oblon, Spivak, McClelland, Maier & Neustadt, P.C.**, 1940 Duke Street, Alexandria, VA 22314-3454. Respondent is **John Martin** a/k/a **Cricket Technologies LLC** ("Respondent"), 908 Holly Blossom Court, Great Falls, VA 22066.

### REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is <**crickettechnologies.com**>, registered with **Register.com**.

### PANEL

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.

Judge Harold Kalina (Ret.) as Panelist.

### PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum (the "Forum") electronically on August 12, 2004; the Forum received a hard copy of the Complaint on August 12, 2004.

On August 12, 2004, Register.com confirmed by e-mail to the Forum that the domain name <**crickettechnologies.com**> is registered with Register.com and that Respondent is the current registrant of the name. Register.com has verified that Respondent is bound by the Register.com registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On August 16, 2004, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of September 7, 2004 by

which Respondent could file a Response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@crickettechnologies.com by e-mail.

Having received no Response from Respondent, using the same contact details and methods as were used for the Commencement Notification, the Forum transmitted to the parties a Notification of Respondent Default.

On September 15, 2004, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the Forum appointed Judge Harold Kalina (Ret.) as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the Forum has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent." Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any Response from Respondent.

**RELIEF SOUGHT**

Complainant requests that the domain name be transferred from Respondent to Complainant.

**PARTIES' CONTENTIONS**

A.  Complainant makes the following assertions:

1.  Respondent's <crickettechnologies.com> domain name is identical to Complainant's CRICKET TECHNOLOGIES mark.

2.  Respondent does not have any rights or legitimate interests in the <crickettechnologies.com> domain name.

3.  Respondent registered and used the <crickettechnologies.com> domain name in bad faith.

B.  Respondent failed to submit a Response in this proceeding.

**FINDINGS**

Complainant, Cricket Technologies, L.L.C., is a limited liability company engaged in the business of providing business, computer, and document conversion and storage services since its inception in 2001. Complainant adopted the CRICKET TECHNOLOGIES mark and has continuously used it in commerce in connection with its services since August 2001. Additionally, Complainant owns trademark rights to the CRICKET TECHNOLOGIES mark through registration with the United States Patent and Trademark Office (Reg. No. 2,794,229, issued December 16, 2003).

Since August 2001, Complainant has operated a website linked to the <crickettechnologies.com> domain name. Complainant has paid for all costs associated with maintaining the website.

Respondent, John Martin, was employed by Complainant on August 7, 2001. Complainant's Board of Managers directed and authorized Respondent to register the

<crickettechnologies.com> domain name for and on behalf of Complainant. Respondent reported to Complainant his registration of the disputed domain name to Complainant, with the designation of Respondent as the administrator.

Upon termination of Respondent's employment, Complainant discovered the disputed domain name was registered under Cricket Technologies, LLC listing Respondent as the administrative contact, and could not be transferred from Respondent to Complainant due to Respondent's objection to the transfer.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

In view of Respondent's failure to submit a Response, the Panel shall decide this administrative proceeding on the basis of Complainant's undisputed representations pursuant to paragraphs 5(e), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules.

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1)  the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2)  Respondent has no rights or legitimate interests in respect of the domain name; and
(3)  the domain name has been registered and is being used in bad faith.

### Identical and/or Confusingly Similar

Complainant established in this proceeding that it has rights to the CRICKET TECHNOLOGIES mark as evidenced by its registration with the USPTO. *See Men's Wearhouse, Inc. v. Wick*, FA 117861 (Nat. Arb. Forum Sept. 16, 2002) ("Under U.S. trademark law, registered marks hold a presumption that they are inherently distinctive and have acquired secondary meaning."); *see also Janus Int'l Holding Co. v. Rademacher*, D2002-0201 (WIPO Mar. 5, 2002) (finding that Panel decisions have held that registration of a mark is *prima facie* evidence of validity, which creates a rebuttable presumption that the mark is inherently distinctive. Respondent has the burden of refuting this assumption).

The domain name registered by Respondent, **<crickettechnologies.com>**, is identical to Complainant's CRICKET TECHNOLGOIES mark because the only difference between the two is the addition of the top-level domain ".com." The adidtion of a top-level domain does not significantly distinguish the domain name from the mark under policy ¶ 4(a)(i). *See Pomellato S.p.A v. Tonetti*, D2000-0493 (WIPO July 7, 2000) (finding <pomellato.com> identical to Complainant's mark because the generic top-level domain (gTLD) ".com" after the name POMELLATO is not relevant); *see also Fed'n of Gay Games, Inc. v. Hodgson*, D2000-0432 (WIPO June 28, 2000) (finding that the domain name <gaygames.com> is identical to Complainant's registered trademark GAY GAMES); *see also Interstellar Starship Services Ltd. v. EPIX, Inc.*, 983 F.Supp. 1331, 1335 (D.Or. 1997) (<epix.com> "is the same mark" as EPIX); *see also Victoria's Secret v. Hardin*, FA 96694 (Nat Arb. Forum Mar. 31, 2001) (finding that the <bodybyvictoria.com> domain name is identical to Complainant's BODY BY VICTORIA mark).

The Panel finds that Complainant fulfilled Policy ¶ 4(a)(i).

### Rights or Legitimate Interests

Complainant asserts that Respondent has no rights or legitimate interests in the domain name. Due to Respondent's failure to respond to the Complaint, it is assumed that Respondent lacks rights and legitimate interests in the disputed domain name. The burden shifts to Respondent to show that it does have rights or legitimate interests once Complainant establishes a *prima facie* case pursuant to Policy ¶ 4(a)(ii). *See G.D. Searle v. Martin Mktg.*, FA 118277 (Nat. Arb. Forum Oct. 1, 2002) (holding that where Complainant has asserted that Respondent has no rights or legitimate interests with respect to the domain name it is incumbent on Respondent to come forward with concrete evidence rebutting this assertion because this information is "uniquely within the knowledge and control of the respondent"); *see also Clerical Med. Inv. Group Ltd. v. Clericalmedical.com*, D2000-1228 (WIPO Nov. 28, 2000) (finding that under certain circumstances the mere assertion by Complainant that Respondent has no right or legitimate interest is sufficient to shift the burden of proof to Respondent to demonstrate that such a right or legitimate interest does exist).

Moreover, the Panel may accept all reasonable allegations and inferences in the Complaint as true because Respondent has not submitted a Response. *See Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) (stating that "[i]n the absence of a response, it is appropriate to accept as true all allegations of the Complaint"); *see also Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (Nat. Arb. Forum July 31, 2000) (holding that Respondent's failure to respond allows all reasonable inferences of fact in the allegations of Complainant to be deemed true).

Although Respondent is listed as the Administrative contact in the WHOIS domain name registration information, nothing suggests that Respondent is commonly known by the <crickettechnologies.com> domain name pursuant to Policy ¶ 4(c)(ii). *See Yoga Works, Inc. v. Arpita*, FA 155461 (Nat. Arb. Forum June 17, 2003) (finding that Respondent was not "commonly known by" the <shantiyogaworks.com> domain name despite listing its name as "Shanti Yoga Works" in its WHOIS contact information because there was "no affirmative evidence before the Panel that Respondent was ever 'commonly known by' the disputed domain name prior to its registration of the disputed domain name"); *see also Gallup Inc. v. Amish Country Store*, FA 96209 (Nat. Arb. Forum Jan. 23, 2001) (finding that Respondent does not have rights in a domain name when Respondent is not known by the mark); *see also RMO, Inc. v. Burbridge*, FA 96949 (Nat. Arb. Forum May 16, 2001) (interpreting Policy ¶ 4(c)(ii) "to require a showing that one has been commonly known by the domain name prior to registration of the domain name to prevail").

Additionally, because Respondent registered the domain in the capacity of Complainant's employee acting on behalf of the Complainant, any rights or interests that Respondent had in the domain name as an employee of Complainant ceased upon the termination of Respondent's employment. Moreover, Respondent has not made any independent use of the <crickettechnologies.com> domain name. *See Vinidex Pty. Ltd. v. Auinger*, AF-0402 (eResolution Oct. 18, 2000) (finding that as a former employee, Respondent knew or should have known Complainant's mark was in use as an integral part of the corporate name and as a trademark and that Respondent understood the legitimate interests and rights of Complainant and, by contrast, its own lack of interest or right. This is sufficient for Complainant to establish that Respondent had no rights or interest in the domain name); *see also Nasaco Elec. Pte Ltd. v.*

*A&O Computer AG*, D2000-0374 (WIPO July 14, 2000) (finding that Respondent has no rights or legitimate interests in the domain name where Respondent's former employee registered the domain name and transferred it to Respondent, who has since made no use of the domain name).

The Panel finds that Complainant fulfilled Policy ¶ 4(a)(ii).

<u>Registration and Use in Bad Faith</u>

While each of the four circumstances listed under Policy ¶ 4(b), if proven, evidences bad faith use and registration of a domain name, additional factors can also be used to support findings of bad faith registration and use. *See Twentieth Century Fox Film Corp. v. Risser*, FA 93761 (Nat. Arb. Forum May 18, 2000) (finding that in determining if a domain name has been registered in bad faith, the Panel must look at the "totality of circumstances"); *see also Do The Hustle, LLC v. Tropic Web*, D2000-0624 (WIPO Aug. 21, 2000) ("the examples [of bad faith] in Paragraph 4(b) are intended to be illustrative, rather than exclusive").

Since Respondent registered the <crickettechnologies.com> domain name within the scope of employment with Complainant, Respondent's act of registering the domain name in his individual name and providing his personal contact information such as his home and his personal e-mail address is evidence that Respondent registered and used the domain name in bad faith. *See Arab Bank for Inv. & Foreign Trade v. Akkou*, D2000-1399 (WIPO Dec. 19, 2000) (finding bad faith registration and use where Respondent was employed by Complainant's business, was fully aware of the name of her employer, and made no use of the infringing domain name); *see also Sonic-Crest Cadillac, LLC v. Hayes*, FA 212652 (Nat. Arb. Forum Jan. 14, 2002) (finding bad faith where "Respondent registered the disputed Domain Names on behalf of and with instruction from Complainant, but registered them in the name of Respondent's entity" and "Respondent's registration of the Domain Names for any other entity than Complainant is evidence of a bad faith").

The Panel finds that Complainant fulfilled Policy ¶ 4(a)(iii).

## DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the <crickettechnologies.com> domain name be **TRANSFERRED** from Respondent to Complainant.

Judge Harold Kalina (Ret.), Panelist
Dated: September 27, 2004