# BLIZZARD, McCARTHY & NABERS, L.L.P.
### ATTORNEYS AT LAW

LYRIC CENTRE BUILDING · 440 LOUISIANA, SUITE 1710
HOUSTON, TEXAS 77002-1689

Telephone: (713) 844-3750 · Fax: (713) 844-3755

U.S. District Court
Middle District of Florida
PLAINTIFF EXHIBIT
Exhibit No. #3
Case No. 06md1769-Crl-22 DAB
IN RE: Seroquel
v.
Date Identified: JUL 2 7 2007
Date Admitted: JUL 2 7 2007

July 25, 2007

Phillip G. Spellane                                                          *Via*
Harris Beach, PLLC
99 Garnsey Road
Pittsford, NY 14534

    Re:    Seroquel Products Liability Litigation, MDL No. 1769, Middle District of Florida, Orlando Division

Dear Mr. Spellane:

    Thank you again for speaking with me this morning about the document subpoena and deposition by written questions served on your client, Harris Interactive, Inc. It is unfortunate that we were unable to reach an agreement on this issue. Nevertheless, I wanted to memorialize our conversation as I am sure it will be discussed with the MDL court during the upcoming status conferences.

    I have received and reviewed your July 20, 2007 letter to Mr. Pederson containing your Rule 45 objections to the subpoena. You indicated in your letter and during our telephone conversations that you believe the subpoena to be overly broad and burdensome. As I explained during our conversation, the subpoena seeks documents related only to Seroquel. We are not seeking any documents or communications between Harris Interactive and AstraZeneca related to other products. You repeated that you nonetheless believe that the subpoena is overly broad, that you have served your objections, and that "the ball is in your court." I explained that we cannot narrow the subpoena any further because we are not fully aware of all of the materials in Harris Interactive's possession. As such, it is impossible for me to narrow the subpoena any further. As I also explained, we became aware during a 30(b)(6) deposition of one of AstraZeneca's marketing representatives that Harris Interactive had conducted marketing research on behalf of AstraZeneca. However, that witness was unable to provide any more specific information.

    In an effort to reach a compromise on this issue, I suggested that your client (a) provide a written description of the materials in its possession so that we could attempt to further narrow the subpoena, or (b) present for oral deposition a Harris Interactive representative with knowledge of this subject matter so that we could get a better understanding of the services your client provided to AstraZeneca and the documents that are in your client's possession. You asked for a description of the deposition subject matter and I responded that we would need to depose a representative with knowledge of the marketing research conducted by Harris

Interactive on behalf of AstraZeneca related to Seroquel. You indicated that this was overly broad. You suggested that we serve Harris Interactive with written interrogatories. I explained that interrogatories would be insufficient for a number of reasons. First, interrogatories would not allow us to immediately follow up with additional questions based on the responses. Second, as I explained, we are on a very short discovery time frame. The fact depositions of AstraZeneca's representatives are due to begin at the end of the summer. Serving interrogatories, waiting on the responses, and serving follow document requests or subpoenas would not allow enough time to obtain and become familiar with the documents before these depositions begin in approximately one month. Additionally, based on your client's unwillingness to produce any documents or appear for a deposition at this time, I suspect we would not be provided with sufficient information in response to the interrogatories, but rather would be served only with a series of objections.

I also suggested that we could discuss an extension of the July 30th deadline to comply with the subpoena. You indicated that you were standing by your letter.

You suggested that we get the requested documents from the defendant and/or talk to the judge about any stonewalling issues we have encountered with the defendant. As I explained, although AstraZeneca is producing documents in this litigation, your client may have documents that are not in AstraZeneca's possession that are relevant to this litigation.

We both agreed that the plaintiffs are entitled to third party discovery in this litigation. Unfortunately, at this time, you have indicated that your client will stand by its objections and will not be producing any of the requested documents and will not present a company representative for deposition. I indicated that we would speak to the judge in an effort to obtain some guidance on how to approach this issue. Once we have spoken with the judge, I will be back in touch with you.

Please do not hesitate to contact me should you wish to discuss this matter any further.

Very truly yours,

Holly M. Wheeler