UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769
_____

This Document Relates to ALL CASES LISTED ON EXHIBIT A


MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR
SUMMARY JUDGMENT, AS TO ALL CLAIMS AGAINST
SEVEN IMPROPERLY NAMED DEFENDANTS

The principal defendants in this litigation are AstraZeneca LP and AstraZeneca

Pharmaceuticals LP ("AstraZeneca"). Many plaintiffs have also variously named as defendants

certain other entities, some of which are related to AstraZeneca. This motion addresses a set of

6,533 complaints filed by the plaintiffs listed in Exhibit A attached hereto, which name as

"defendants" the following seven parties: Astra USA Holdings Corporation; AstraZeneca

Research & Development; AstraZeneca R & D Wilmington; AstraZeneca R & D Boston; Astra

USA, Inc.; Astra U.S. Holdings Corporation; and KBI Sub Inc.[1] As shown below, each of these

putative "defendants" has been improperly sued in this litigation. Indeed, each of these seven

entities either (i) does not exist as a cognizable legal entity that can be sued; or (ii) has no

legitimate connection whatsoever to Seroquel, the atypical antipsychotic prescription medication

at issue in this MDL litigation. Moreover, plaintiffs in their complaints allege no facts – and

_____

[1] Notably, claims against two other improperly named defendants – AstraZeneca Latin America Inc. and AstraZeneca HealthCare Foundation – were initially asserted by one plaintiff, but that plaintiff's attorney has signed a stipulation of dismissal, which has now been filed. *See Gee v. AstraZeneca aka Astrazeneca AB, et al.*, Docket No. 07-CV-00325, Second Amend. Complaint ¶ 19 (M.D. Fla. March 21, 2007) and Document No. 9.

could allege no facts – sufficient to establish any legally cognizable basis to link these parties to the plaintiffs' alleged injuries.

Unfortunately, plaintiffs' counsel would not agree to stipulate to the dismissal of these improperly named parties.  That has necessitated this motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), asking this Court to dismiss all claims asserted by the plaintiffs listed on Exhibit A against these seven improperly named defendants.  Alternatively, this Court may convert this motion into a Rule 56 motion, and grant these seven defendants summary judgment because there is no genuine issue of material fact as to any basis for imposing liability on these seven entities.  Plaintiffs have already had ample opportunity to take discovery regarding the identity of proper defendants and to confirm for themselves that each of these seven putative defendants has been improperly sued in this litigation.

## BACKGROUND

This MDL involves over seven thousand plaintiffs who have asserted various state-law claims, which allegedly arise from their use of AstraZenaca's atypical antipsychotic prescription medication Seroquel.  *See In re Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (JPML 2006).  Analysis of the complaints filed to date has revealed that, of the numerous entities named as defendants, many are not proper targets of *any* allegations arising from or related to Seroquel – including each of the following seven entities:  Astra USA Holdings Corporation; AstraZeneca Research & Development; AstraZeneca R & D Wilmington; AstraZeneca R & D Boston; Astra USA, Inc.; Astra U.S. Holdings Corporation; and KBI Sub Inc.  Nevertheless, each of the plaintiffs listed on Exhibit A elected to name one or more of these entities without regard to whether those entities were ever involved in any way with Seroquel or the alleged wrongdoing

identified in their complaints – and, indeed, without regard to whether each named defendant actually exists as a distinct legal entity.[2]  Moreover, none of the complaints at issue here include any specific factual allegations suggesting that plaintiffs could prevail on any Seroquel-related claims against any of the entities that are the subject of this motion.

      Plaintiffs have already had the benefit of discovery that demonstrates categorically that these seven defendants simply do not belong in this litigation.  For instance, plaintiffs have taken a 30(b)(6) corporate representative deposition wherein they had the opportunity to obtain all pertinent information regarding the identities of proper defendants.  *See* Exh. B.[3]  During that deposition, plaintiffs did not pose questions referring by name to *any* of the seven entities at issue here although the corporate structure of the AstraZeneca group of companies was the ostensible topic of the 30(b)(6) deposition.  *See id.*[4]

---

[2] Zeneca Inc., a defendant named in many of the complaints, is the corporation that launched the atypical antipsychotic medication Seroquel in the United States.  Zeneca Inc. later transferred all of its assets and liabilities relating to Seroquel to AstraZeneca Pharmaceuticals LP.  AstraZeneca Pharmaceuticals LP was formed in 1999 in conjunction with the merger of two unrelated corporations – Astra AB of Sweden and Zeneca Group PLC of the United Kingdom.  *See* Exh. B, Deposition of Ann V. Booth-Barbarin ("Booth-Barbarin Dep.") at 32:19-33:9; 35:18-36:8; Exh. C, Booth-Barbarin Deposition Exhibits ("Booth-Barbarin Dep. Exhs.") at 5.  The seven improperly named defendants that are the subject of the instant motion either do not exist as legal entities that can sue or be sued, or have never had even a tenuous involvement with the prescription medication Seroquel.  *See* Exh. E, Booth-Barbarin Decl. at ¶¶ 4-12.

[3] As noted, Exhibit B contains a transcript of the Confidential Deposition of Ann Booth-Barbarin, a corporate representative for the AstraZeneca group of companies, which was taken by plaintiffs' counsel on May 14, 2007.  Defendants' Motion to Seal, seeking leave to file Exhibit C under seal, filed pursuant to the parties' Protective Stipulation and Local Rule 1.09(a), is pending.  *See* Document No. 327.

[4] The deposing attorney represents a set of plaintiffs whose individual complaints, included in the lengthy list of plaintiffs and complaints attached as Exhibit A, have improperly sued Astra USA, Inc., KBI Sub Inc., and Astra USA Holdings Corporation.

In addition, plaintiffs have received voluminous discovery regarding the organizational structure of, relationships among, and distinct activities of, the various AstraZeneca entities.  *See generally* Exh. C.[5]  Finally, plaintiffs have received a sworn affidavit from an AstraZeneca representative further clarifying the relationships among, and the history of, the AstraZeneca entities.  *See generally* Exh. D.[6]  This discovery readily confirms that no basis exists in fact or law for imposing liability on any of these seven improperly named defendants.  The facts revealed by the discovery already in plaintiffs' possession are corroborated succinctly by the Declaration of Ann V. Booth-Barbarin, an AstraZeneca corporate representative, which is attached as Exhibit E.

## LEGAL STANDARDS

A motion for judgment on the pleadings may be made at any time after the pleadings have closed.  *See* FED. R. CIV. PROC. 12(c).  Motions under Rules 12(c) and 12(b)(6) are treated "identically."  *First Merchants Collection Corp.* v. *Rep. of Arg.*, 190 F. Supp. 2d 1336, 1338 n.3 (S.D. Fla. 2002).  Therefore, a Rule 12(c) motion, like a Rule 12(b)(6) motion, is properly granted where – as here – plaintiffs have not, as to certain defendants, alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960, 1974 (2007) ("*Twombly*").  "[C]onclusory allegations, unwarranted factual deductions or

---

[5] As noted, Exhibit C contains the Exhibits to the Confidential Deposition of Ann V. Booth-Barbarin.  Defendants' Motion to Seal, seeking leave to file Exhibit C under seal, filed pursuant to the parties' Protective Stipulation and Local Rule 1.09(a), is pending.  *See* Document No. 327.

[6] Exhibit D is the Affidavit of Ann V. Booth-Barbarin ("Booth-Barbarin Aff."), executed shortly after her deposition on May 23, 2007 and provided to plaintiffs' counsel on May 24, 2007.

legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Where resolution of a Rule 12(c) motion for judgment on the pleadings requires the Court to consider evidence submitted in support of the motion, the Court may convert the motion into a motion for summary judgment under Rule 56.  Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1242 (11th Cir. 2001) (citing FED. R. CIV. P. 56(c)).  The court views the evidence and factual inferences in a light most favorable to the non-moving party.  *Id.* at 1243 (citation and internal quotations omitted).  Rule 56(c)'s plain language, however, "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  That is, "[i]f the non-moving party fails to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof, then the court must enter summary judgment for the moving party." *Gonzalez v. Lee County Hous. Auth.*, 161 F.3d 1290, 1294 (11th Cir. 1998) (quoting *Celotex*, 477 U.S. at 323).

## ARGUMENT

The complaints of those plaintiffs identified in Exhibit A fail to plead facts sufficient to support any legal claim or liability as to the seven defendants that are the subject of this motion, even if plaintiffs' allegations arising from or related to their use of Seroquel were true.  Thus, these complaints are inadequate as a matter of law as to these particular defendants.  *See Twombly*, 127 S. Ct. at 1974 (to withstand a motion to dismiss, a claimant must plead "enough

facts to state a claim to relief that is plausible on its face"); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1114 (11th Cir. 2001) (affirming district court's decision granting a motion to dismiss for failure to state a claim while emphasizing that pleadings must specify how an alleged injury is related to a defendant's alleged conduct).

Rather than plead facts sufficient to support viable claims against any of these seven improperly named defendants, the complaints at issue try to rely on artful pleading tactics to obscure the *absence* of any legitimate reason for naming these additional entities.  For instance, many of the complaints include an expansive list of different entities, including not only AstraZeneca LP and AstraZeneca Pharmaceuticals LP (who are, concededly, properly named as defendants), but also one or more of these seven improperly named entities; those plaintiffs then lump all defendants together as "the AstraZeneca Defendants" followed by conclusory and undifferentiated allegations that *all* of them "were in the business of researching, designing, testing, monitoring, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals, including Seroquel, and other products."  *See*, *e.g.*, *Hall v. AstraZeneca Pharms., LP, et al.*, MDL Docket No. 6:07-cv-00670 (July 20, 2007), Amend. Complaint, ¶¶ 1, 46[7]; *Starr v. AstraZeneca Pharms., LP, et al.*, MDL Docket No. 6:07-cv-01031 (June 29, 2007), Complaint, ¶¶ 7, 8, 10, 11.[8]  Other complaints inadequately follow their ad hoc

---

[7] The *Hall* complaint purports to name Astra USA, Inc., KBI Sub Inc., and Astra USA Holdings Corporation as defendants – but fails to provide any allegations sufficient to tie any of these defendants to Seroquel in a way that could support any viable claim.  *See Hall* Complaint, ¶¶ 16-21, 22-27, 33-37.

[8] The *Starr* complaint purports to name Astra U.S.A., Inc., KBI Sub Inc., and Astra U.S. Holdings Corporation as defendants – but fails to provide any allegations sufficient to tie any of these defendants to Seroquel in a way that could support any viable claim.  *See generally Starr* Complaint.

list of defendants with conclusory allegations that all of them "acted together in concert" with

respect to the alleged misconduct regarding Seroquel.  *See*, *e.g., Ashley v. AstraZeneca LP, et al.*,

MDL Docket No. 6:06-cv-01849, (Dec. 26, 2006) Complaint, ¶¶ 3-9, 11, 13.[9]  Others purport to

name as defendants particular parties that *do not exist as legal entities* – such as "AstraZeneca

Research & Development" – while providing no allegations at all about this putative defendant,

other than to group it indiscriminately with the Complaint's allegations directed at all

"Defendants."  *See, e.g., Brewer v. AstraZeneca Pharms., LP, et al.*, MDL Docket No. 6:07-cv-

00512 (March 30, 3007), Complaint, ¶¶ 1, 12-15.

These allegations are insufficient to satisfy basic pleading requirements because they fail

to allege any specific and plausible connection between these defendants and plaintiffs' claims.

*See Twombly*, 127 S. Ct. at 1960, 1974; *see also Marsh v. Butler County, Ala*., 268 F.3d 1014,

1037 (11th Cir. 2001) ("pleadings must be something more than an ingenious academic exercise

in the conceivable").  It is insufficient under Rule 12(c) (and, indeed, improper under Rule 11[10])

to name as a defendant in litigation a party that plaintiff surmises *might* have *some* conceivable

connection with another entity that is a proper defendant in a lawsuit.  As in *Twombly*, plaintiffs

here "have not nudged their claims across the line from conceivable to plausible" by alleging a

legitimate nexus between any of these seven defendants and plaintiffs' alleged harm.  127 S. Ct.

---

[9]  The *Ashley* complaint purports to name KBI Sub Inc., Astra USA, Inc., AstraZeneca R & D
Boston, AstraZeneca R & D Wilmington – but likewise fails to provide any allegations sufficient
to tie any of these defendants to Seroquel in a way that could support any viable claim.  *See
generally Ashley* Complaint.

[10]  *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (noting that, when filing a pleading
in federal court, an attorney "certifies that he or she has conducted a reasonable inquiry and that
the pleading is well-grounded in fact, legally tenable, and 'is not presented for any improper
purpose'") (quoting FED. R. CIV. P. 11(b)).

at 1974.  Hence, this motion for judgment on the pleadings should be granted, dismissing all of the claims improvidently asserted by the plaintiffs listed on Exhibit A against these seven improperly named defendants, *i.e.*, Astra USA Holdings Corporation, AstraZeneca Research & Development, AstraZeneca R & D Wilmington, AstraZeneca R & D Boston, Astra USA, Inc., Astra U.S. Holdings Corporation, and KBI Sub Inc.[11]

**II**.     **Alternatively, These Seven Improperly Named Defendants Are Entitled To Summary Judgment As To All Claims Asserted Against Them**

If this Court concludes that it must rely on any material extraneous to the pleadings to grant the relief requested, the Court should exercise its authority to convert this Rule 12(c) motion for judgment on the pleadings into a Rule 56 motion for summary judgment.  *See* FED R. CIV. P. 12(c).  While summary judgment should not be granted until the party opposing the motion has had sufficient opportunity for discovery, plaintiffs here have had more than sufficient opportunity to obtain the discovery necessary to confirm that *none* of these seven improperly named defendants belongs in this litigation.[12]  Indeed, as explained below, the uncontroverted facts confirm that all of these seven defendants are entitled to summary judgment either because

---

[11]  These claims should be dismissed with prejudice.  *Cf. Smith v. West Facilities Corp.*, 2006 WL 898134 (S.D. Ala. 2006) (slip opinion) (denying plaintiff's motion to amend pleadings to name proper defendants after information regarding proper corporate entities had been available for months).

[12] As noted, plaintiffs have had ample opportunity for discovery regarding (i) the corporate structure of AstraZeneca and related entities, (ii) the scope and responsibilities of related entities, and (iii) the proper names of any entities actually involved in creating, designing, testing, sterilizing, packaging, distributing, supplying, or marketing Seroquel in the United States.  *See* Exhs. B, C, & D; *see also Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) (affirming district court's decision to grant motion for summary judgment after determining that the outstanding discovery would not save the claims at issue).

they (1) are not separate legal entities that can be sued; or (2) have never had any involvement with, or responsibility for, Seroquel.

### A.    As A Matter Of Law, An Entity That Does Not Exist Cannot Be Sued

"Astra USA Holdings Corporation," "AstraZeneca Research & Development," and "AstraZeneca R & D Wilmington" simply do not exist and, to the best of AstraZeneca's knowledge, have never existed as separate legal entities that could sue or be sued.  *See* Exh. E, Booth-Barbarin Decl. at ¶¶ 4-6.  Neither is the putative defendant "AstraZeneca R & D Boston" a distinct legal entity within the AstraZeneca group of companies; it is just an informal business unit within AstraZeneca Pharmaceuticals LP.  *Id.* at ¶ 7.

A non-existent entity cannot be sued and, where named, such non-entities are routinely dismissed or judgments against them deemed void.  *See, e.g.*, *Freund v. Fleetwood Enters.*, 956 F.2d 354, 361-63 (1st Cir. 1992); *Hussein v. Miller*, 232 F. Supp. 2d 653, 656 (E.D. Va. 2002).[13] Moreover, a basic principle of corporate law is that a mere division of a corporate entity cannot itself be sued because, as a matter of law, it is not a separate legal entity capable of suing or being sued.  *See, e.g., Western Beef, Inc. v. Compton Inv. Co.*, 611 F.2d 587, 591 (5th Cir. 1980); *In re Sugar Indus. Antitrust Litig.*, 579 F.2d 13, 18 (3d Cir. 1978); *Jarzynka v. St. Thomas University of Law*, 310 F. Supp. 2d 1256, 1267 n.3 (S.D. Fla. 2004); *Safeco Ins. Co. of America v. Franklin*, 185 F. Supp. 499, 501 (N.D. Cal. 1960).

---

[13] *See also Sevits v. McKiernan-Terry Corp. (N. J.)*, 264 F. Supp. 810, 811 (S.D.N.Y. 1966) (concluding that certain corporations, after a merger, had ceased to exist and thus "could not properly be served with process" under Rule 12(b)(4) & (5); "neither could the court have in personam jurisdiction over them" under Rule 12(b)(2); and "the complaint, as amended, could not state a claim against [them]" under Rule 12(b)(6) "since they had ceased to exist").

Apart from discovery, the nonexistence of these entities may be confirmed by a simple search of public records through the applicable Secretary of State's website.  But instead of verifying the status of these entities, plaintiffs elected to name them as defendants in this litigation.  Plaintiffs cannot offer evidence sufficient to dispute the fact that "Astra USA Holdings Corporation," "AstraZeneca Research & Development," "AstraZeneca R & D Wilmington," and "AstraZeneca R & D Boston" are *not* legal entities that may themselves be sued as party defendants.  Accordingly, each of these putative defendants is entitled to summary judgment on all claims asserted against them by those plaintiffs listed in Exhibit A.

**B.     No Genuine Issue Of Fact Exists As To Three Improperly Sued Defendants That Have No Viable Connection With Seroquel**

The Court should also grant summary judgment in favor of three defendants who are legally recognizable entities, *i.e.*, Astra USA, Inc., Astra U.S. Holdings Corporation, and KBI Sub Inc., but on the ground that they have no demonstrable involvement with Seroquel or the facts giving rise to the claims asserted in this litigation.  Indeed, as the uncontrovertible facts reveal:

- Astra USA, Inc. is merely a holding company.  It has *never* been involved in creating, designing, testing, sterilizing, packaging, distributing, supplying, or marketing Seroquel in the United States.  *See* Exh. E, Booth-Barbarin Decl. at ¶ 8.

- Astra U.S. Holdings Corporation is a 0.1% limited partner of AstraZeneca LP. The former has *never* been involved in creating, designing, testing, sterilizing, packaging, distributing, supplying, or marketing Seroquel in the United States. *See* Exh. C, Booth-Barbarin Dep. Exhs.  at 4; Exh. E, Booth-Barbarin Decl. at ¶ 9.

- KBI Sub Inc. is a corporation owned entirely by Merck & Co., Inc. ("Merck"). KBI Sub Inc. is a 1% limited partner in AstraZeneca LP that was formed in connection with the dissolution of a joint venture between Astra AB and Merck that predated the merger between Astra AB, a Swedish company, and Zeneca Group PLC of the United Kingdom.  KBI Sub Inc. has *never* had anything to do with Seroquel, as Seroquel was not an Astra product, but rather a Zeneca legacy

product.  *See* Exh. B, Booth-Barbarin Dep. at 32:19-33:9, 35:18-36:8, 155:3-156:2; Exh. E, Booth-Barbarin Decl. at ¶ 10.

The mere fact that these legal entities have some connection to other entities within the AstraZeneca group of companies that might be proper party defendants (due to their actual connection with Seroquel) cannot render these *other* entities liable on a theory of "guilt by association."  That is not, and has never been, the law.[14]  But that is precisely the basis upon which the plaintiffs listed in Exhibit A have purported to sue Astra USA, Inc., Astra U.S. Holdings Corporation, and KBI Sub Inc. in this Seroquel litigation.  Thus, absent any evidence that Astra USA, Inc., Astra U.S. Holdings Corporation, and KBI Sub Inc. were involved in any manner with Seroquel – and plaintiffs can proffer none – all claims asserted against these improperly sued defendants must fail as a matter of law.

\* \* \*

In sum, plaintiffs cannot create a disputed issue of material fact as to the propriety of suing either (1) entities that have no legal existence rendering them capable of being sued (*i.e.*, "Astra USA Holdings Corporation," "AstraZeneca Research & Development," "AstraZeneca R & D Wilmington," and "AstraZeneca R & D Boston"); or (2) entities that have no demonstrable involvement with Seroquel (*i.e.*, Astra USA, Inc., Astra U.S. Holding Corporation, and KBI Sub Inc).  By contrast, the uncontrovertible evidence establishes that summary judgment is warranted as to all claims brought against each of these entities.

---

[14] It is a bedrock legal principle that corporate entities are not by reason of their corporate affiliation (*e.g.*, parent/subsidiary relationship) liable for torts allegedly committed by related corporate entities.  *See, e.g., United States v. Bestfoods*, 524 U.S. 51, 61 (1998); 1 W. Fletcher, ENCYCLOPEDIA OF LAW OF PRIVATE CORPORATIONS § 33, p. 568 (rev. ed. 1990).  That principle applies with even more force with respect to these seven defendants, most of which are not even corporate entities that are related to AstraZeneca LP or AstraZeneca Pharmaceuticals LP.

## CONCLUSION

For the foregoing reasons, AstraZeneca respectfully asks this Court to grant its motion for judgment on the pleadings or, alternatively, for summary judgment, as to all claims against these seven improperly named defendants, *i.e.*, Astra USA Holdings Corporation; AstraZeneca Research & Development; AstraZeneca R & D Wilmington; AstraZeneca R & D Boston; Astra USA, Inc.; Astra U.S. Holdings Corporation; and KBI Sub Inc.  All claims against these improperly sued defendants should be dismissed with prejudice.

DATED:  July 31, 2007

Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com


Steven B. Weisburd
Gretchen S. Sween
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 31, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

<em><u>/s/ Gretchen S. Sween</u></em>

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |

| | |
|---|---|
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |

| | |
|---|---|
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |

| | |
|---|---|
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |