## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**IN RE:  Seroquel Products Liability Litigation**

**MDL Docket No. 1769**

**This document relates to:**

**ALL CASES IN EXHIBIT 1**

## ASTRAZENECA DEFENDANTS' MOTION REQUESTING DISMISSALS WITH PREJUDICE FOR FAILURE TO SERVE RECORDS AUTHORIZATIONS

Certain Plaintiffs have failed to provide executed Authorizations for Release of All Records (Records Authorizations) (see Exhibit 1 for list of cases).[1]  Accordingly, the AstraZeneca Defendants (AstraZeneca) move to dismiss the claims of those Plaintiffs.  Under Case Management Order (CMO) No. 2, Plaintiffs are obligated to provide completed and verified Plaintiff Fact Sheets, including Records Authorizations, within certain deadlines (MDL Docket No. 129 at ¶ I(A)-(B)).  Thirty (30) Plaintiffs represented by the law firm of Bailey Perrin Bailey LLP served their fact sheets in June 2007 without Records Authorizations.  Despite an Overdue Notice letter requesting completed Records Authorizations and a 20-day cure period, those 30 Plaintiffs have still failed to serve any Records Authorizations whatsoever and their claims should be dismissed with prejudice in accordance with Case Management Order No. 2. In support of this Motion, AstraZeneca states as follows:

---

[1]     Pursuant to the Court's June 22, 2007 Order, this Motion is filed in the Master MDL case because it relates to the identical issue in more than four cases.  This Motion applies to the cases in Exhibit 1.

1.     For cases filed prior to January 31, 2007, Paragraph I(A) of CMO No. 2 provides that Plaintiffs' counsel must designate the month when a completed Plaintiff's Fact Sheet, executed Records Authorization, and responsive documents will be served for each Plaintiff (MDL Docket Nos. 129, 285).  For each month, the designated Plaintiff Fact Sheets, Records Authorizations, and responsive documents must be served on or before the last business day of the month.  *Id.*

2.     CMO No. 2 further provides that, if Plaintiffs do not serve a completed Plaintiff Fact Sheet (including completed Records Authorization) within 10 days of the due date, AstraZeneca should send a Notice of Overdue Discovery.  *Id.* ¶ I(C).

3.     If a completed Plaintiff Fact Sheet is not served within 20 days of the Notice, AstraZeneca may submit to the Court an Order dismissing the Complaint with prejudice.  *See* MDL Docket No. 285, amending CMO No. 2  ¶ I(D).

4.     Plaintiffs then have 80 days from the submission of the dismissal order to file a notice certifying that they served AstraZeneca with a completed Plaintiff Fact Sheet and Records Authorizations and provide documentation of receipt, or the case will be dismissed with prejudice.  *Id.*

5.     On June 30, 2007, Plaintiffs' counsel served these 30 Plaintiff Fact Sheets which did not provide Records Authorizations.

6.     On July 10, 2007, AstraZeneca's counsel sent a letter to Plaintiffs' counsel stating that the Records Authorizations were missing for these 30 Plaintiffs and requesting that they be served within 20 days (Exhibit 2).

7.      Plaintiffs' counsel's 20-day cure period under CMO No. 2 to serve completed Plaintiff Fact Sheets expired on July 30, 2007. To date, Plaintiffs' counsel has failed to provide Records Authorizations along with these Plaintiff Fact Sheets served in June 2007.

8.      Records Authorizations are an essential part of a completed Plaintiff Fact Sheet and discovery in these cases cannot be conducted without them. *See, e.g.*, Court's June 11, 2007 Order (MDL Docket No. 225) at ¶ 2 (stating that case-specific discovery can only occur in cases where both substantially complete Plaintiff Fact Sheet and records authorizations have been served). Indeed, the Court has dismissed cases without prejudice where Plaintiffs failed to file a completed medical records authorization. *See, e.g., Allegri v. AstraZeneca LP, et al.*, No. 07-cv-11356, June 27, 2007 Order (dismissing without prejudice for failure to serve verification and medical records authorization).

9.      Moreover, dismissal of cases where a Plaintiff Fact Sheets has been served but the records authorizations are incomplete has been held to be an appropriate sanction in multi-district product liability litigation. *See, e.g., In re PPA Products Liability Litigation*, 460 F.3d 1217, 1235-37 (9th Cir. 2006) (affirming district court's dismissal as appropriate sanction for plaintiff who filed completed fact sheet but failed to provide a records authorization).

10.     Accordingly, AstraZeneca hereby moves the Court to Order the cases to be dismissed with prejudice if Plaintiffs do not serve a signed Records Authorizations and file proof of receipt within 80 days from the date of this Motion.

11.     If Plaintiffs do not serve completed medical records authorizations by October 19, 2007, the Court should dismiss those cases with prejudice in accordance with CMO No. 2.

12.     A form Order listing the cases ripe for dismissal is provided in accordance with CMO No. 2, paragraph I(D) (Exhibit 3).[2]

WHEREFORE, in accordance with the terms of CMO No. 2, AstraZeneca respectfully requests that the Court dismiss the 30 cases in Exhibit 1 with prejudice where no signed Records Authorization has been served and there is no proof of service filed with the Court within 80 days from the date of this Motion.

Dated:  July 31, 2007

/s/ *Brennan J. Torregrossa*
Fred T. Magaziner
Brennan J. Torregrossa
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

---

[2]     Counsel for Plaintiffs provide Plaintiff Fact Sheets, Plaintiff Fact Sheet verifications, and Records Authorizations in electronic format (CD-ROM). On the CD-ROMs, there is one file that contains the Plaintiff Fact Sheets and one file that contains the signed verification to the Plaintiff Fact Sheet and the Records Authorizations. Exhibit 1 contains a list of 30 cases for which AstraZeneca received a verification to the Plaintiff Fact Sheet but no Records Authorizations in those CD-ROMs. If the Court would like to examine the CD-ROMs, AstraZeneca will file them with the Court.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 31st of July, 2007, I caused a true and correct copy of the

foregoing AstraZeneca Defendants' Motion Requesting Dismissals With Prejudice For Failure

To Serve Records Authorizations to be served electronically through ECF upon the following:

> K. Camp Bailey, Esq.
> Michael W. Perrin, Esq.
> Fletcher Trammell, Esq.
> Bailey Perrin Bailey LLP
> The Lyric Centre
> 440 Louisiana, Suite 2100
> Houston, TX 77002
> Telephone: (713) 425-7240
> cbailey@bpblaw.com
> mperrin@bpblaw.com
>
> Larry Roth, Esq.
> Law Offices of Larry M. Roth, P.A.
> Post Office Box 547637
> Orlando, FL 32854-7637
> Telephone: (407) 872-2239
> LROTH@roth-law.com

*/s/ Brennan J. Torregrossa*