# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**IN RE: Seroquel Products Liability
Litigation**

                                         **Case No.  6:06-md-1769-Orl-22DAB**

_____/

## ORDER APPOINTING SPECIAL MASTER AND DIRECTING DISCOVERY

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPOINT A PROJECT MANAGEMENT OFFICE (Doc. No. 271)** |
| **FILED:** | **July 12, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Pursuant to the authority under Rule 53, F. R. Civ. P., a special master is hereby appointed to assist the parties and witnesses in completing case specific discovery as previously directed.

## I.    SPECIAL MASTER (PROJECT MANAGEMENT OFFICE)

A.    The firm of BrownGreer PLC will serve as the Project Management Office to coordinate case specific discovery in this MDL, which will include: determining the availability of physicians and sales representatives for depositions; coordination with liaison counsel for the parties, witnesses, and counsel for the witnesses to schedule such depositions; facilitation of the steps needed to adhere to the deposition and other discovery deadlines set by the Court; maintenance of a deposition calendar; facilitation (and, if necessary, direction by order) of the resolution among the parties and deponents of scheduling conflicts and changes to the deposition schedule; and provision of regularly scheduled reports and other reports as requested on the progress of such discovery.

B.    **Within 10 days BrownGreer PLC shall designate a specific individual to serve as the special master.**  That individual shall file the certification contemplated under Rule 53(b)(3). The special master may make use of appropriate staff of BrownGreer PLC under his or her supervision to accomplish the purposes of this appointment. The special master shall have the authority described in Rule 53(c) and make seek

clarification or assistance from the Court in order to carry out the duties imposed herein.

C.   **The special master is directed to appear** (by telephone) at the next status conference (currently scheduled for August 22, 2007 at 1:30 p.m).  At that time, issues relating to scope of duties, reporting, communications and other matters pertinent under this Order and Rule 53 will be taken up.

D.   The special master shall provide the parties with a schedule of rates and anticipated charges for the services contemplated.  Costs will be divided by the parties 50 per cent from each side.  Any party may raise objections to the charges, first to the special master and then, if necessary, by motion to the Court.

## II.   POTENTIAL TRANSFER OF FLORIDA BASED CASES

Plaintiffs are **ORDERED** to file electronically by August 10, 2007, a specific recitation of their position regarding the transfer of all cases with Florida resident plaintiffs to this Court for trial.

## III.   SCOPE OF CASE SPECIFIC DISCOVERY

As to the case-specific discovery from Defendants set forth in CMO4, Defendants shall provide the call notes for the prescribing physician associated with that Plaintiff in readily accessible **electronic form.**  To the extent the accounts payable records, the IMS (or other prescription tracking database) on prescribing habits, and the PIR or professional information for the prescribing physician associated with that Plaintiff are available in electronic form, Defendant shall provide those in readily accessible electronic form.  The time period that applies to all of the discovery in this paragraph is, at a minimum, to be from six months prior to the first prescription for the particular plaintiff until December 31, 2006.  For other material provided to prescribing physicians at various times, as discussed at the hearing, Defendants are to assemble an index uniquely identifying all such items (and versions) in such a way as will facilitate location and review of the items provided to specific physicians at particular times.  It is the Court's expectation that the efforts of the parties with respect to organizing

these materials (and, indeed, with respect to discovery generally) will be directed, insofar as may be reasonably possible, to making the materials readily and promptly available to all parties in a useful format, unambiguously, without duplication. Technically sophisticated representatives from both sides should confer in a non adversarial manner as to the most efficient methods for accomplishing these goals.

## IV.   OTHER CASE-SPECIFIC DISCOVERY MATTERS

The parties are **ORDERED** to meet and confer on production of documents and records from the Zyprexa litigation.

## V.   ADDITIONAL DISCOVERY FROM DEFENDANTS

Despite their complaints about Defendants' custodian-based document production to date, Plaintiffs indicated at the hearing a desire to get documents associated with 25 additional "custodians." Defendants represented that getting documents from the first 5 of these would require 45 days and from the other 20 another 45 days. The usual time for responding to a document request under the Rules is 30 days. Defendants have not made a sufficient showing to justify these extended periods for ought to be straight forward productions from witnesses supplementary to those 80 chosen by Defendants as likely to provide the most responsive and material documents. If they have not already done so, the parties are directed to confer without delay in good faith and reach agreement regarding the scope of documents to be produced by these witnesses (including the appropriate search terms used to narrow electronically stored information). Documents from the first 10 witnesses shall be produced by September 8, 2007 and from the remaining 15 by October 1, 2007.

**DONE** and **ORDERED** in Orlando, Florida on August 3, 2007.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record