# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

———————————————————

This Document Relates to ALL CASES

## AFFIDAVIT OF GLENN J. POGUST

STATE OF NEW YORK     )
                      : SS.:
COUNTY OF NEW YORK    )

GLENN J. POGUST, being first duly sworn, deposes and says:

1. I am a member of the firm Kaye Scholer LLP, attorneys for defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and related entities ("AstraZeneca") in a number of actions involving claims for personal injury by plaintiffs who claim to have been prescribed the medication Seroquel ®. I am familiar with the facts set forth herein.

2. As part of my representation of AstraZeneca in Seroquel® cases, I have been engaged in meeting and conferring with plaintiffs' counsel in a number of cases pending in state courts around the country regarding the production of documents to those attorneys in their cases. In that regard, providing access to the documents produced by AstraZeneca in these MDL proceedings has been offered as an efficient way to produce discoverable documents in those state cases.

3. One of those state court actions in which I have had extensive discussions with plaintiff's counsel regarding the issue of access to AstraZeneca's production of documents for this MDL proceeding is the case of *Weiss (Markingson) v. AstraZeneca, et al.,* HCDC MN #27-CV-07-1679 (Holahan), pending in the District Court, Fourth Judicial District, County of Hennepin, State of Minnesota ("Weiss case").

4. In that case, plaintiff's counsel, attorney Gale D. Pearson from the firm of Pearson, Randall & Schumacher, Fifth Street Towers, 100 South Fifth Street, Minneapolis, Minnesota, interposed a broad set of document requests as to which access to the MDL document production is particularly appropriate. Accordingly, many of the responses to the Weiss case Request for Production of Documents referred counsel to the MDL document production.

5. I conducted three lengthy telephone conferences with Attorney Pearson and AstraZeneca's local Minnesota counsel on June 7, June 21 and July 21, 2007. During each of those telephone conferences, attorney Pearson has refused to stipulate to a proposed Protective Order in the Weiss case, but has insisted on immediate production of AstraZeneca documents in response to her broad document demands. She has further objected to AstraZeneca's reference to the MDL document production in its responses, arguing that she is not permitted to access any documents produced in the MDL.

6. I pointed out to Attorney Pearson that she is also counsel of record in more than 100 cases that she filed in the U.S. District Court in Minnesota and which have been transferred to this MDL. I further advised her that lead plaintiffs' counsel in these MDL proceedings had

entered into a stipulated confidentiality agreement on behalf of all counsel of record for plaintiffs whose cases have been transferred to these MDL proceedings, and that accordingly she has full access to the MDL document production in her capacity as counsel of record in MDL cases.

7.  Attorney Pearson has taken the position in each of those telephone conferences that the lead counsel for plaintiffs in the MDL had no capacity or authority to bind her to a confidentiality agreement in her cases that have been transferred to the MDL. She told me on more than one occasion during each of the above-referenced telephone conferences that the MDL stipulated confidentiality agreement can have no application to her MDL cases unless she independently consents to that agreement.

Glenn J. Pogust

Sworn to before me
this 10th day of August, 2007:

Notary Public

CYNTHIA M ALBERT
Notary Public, State of New York
No. 01AL6003235
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires February 23, 2010