# Exhibit C

Steven J. Greenstein, Esq.
**TOBIN REITMAN GREENSTEIN CARUSO WIENER & KONRAY, PC**
1743 St. Georges Avenue
P.O. Box 1536
Rahway, New Jersey 07065
732-388-5454

and

Daniel N. Epstein, Esq.
**EPSTEIN ARLEN & RAIA, LLC**
390 Amwell Road, Suite 402
Hillsborough, New Jersey 08844
908-874-6222

Plaintiffs' Co-Liaison Counsel

Jeffrey A. Peck, Esq.
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
973-360-1100

Attorneys for Defendants
Janssen, L.P., Janssen Pharmaceutica, Inc., and
Johnson & Johnson

**FILED**

AUG 0 6 2007

BRYAN D. GARRUTO, J.S.C.

| IN RE: RISPERDAL/SEROQUEL/ ZYPREXA LITIGATION | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. CASE NO.: 274 (MT) |
|---|---|
| | Civil Action |
| | **STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY** |

Pursuant to this Stipulation, the parties, through their counsel, agree as follows:

1. The parties, by and through their counsel, stipulate and agree that this Stipulated Protective Order of Confidentiality -- and any designation of a document, material or information (whether written, graphic, or electronic) as being a "PROTECTED DOCUMENT" subject to this Stipulated Protective Order of Confidentiality --is intended solely to facilitate the preparation and trial of cases in Mass Tort Case No. 274. The term "PROTECTED DOCUMENT" refers to information protected by Rule 4:10-3 of the New Jersey Rules of Court. Any such designation under this Stipulated

Protective Order of Confidentiality shall not be construed as an admission or an agreement by any party:

    a. That the designated disclosure constitutes or contains confidential information; or
    b. That any document, material or information, or any portion thereof, constitutes competent, material, relevant, or admissible evidence in this case.

This Stipulated Protective Order of Confidentiality shall not be construed as a waiver by any party of the right to contest the designation of documents as "PROTECTED" under this Stipulated Protective Order of Confidentiality. Any party desiring to contest the protected designation of specific documents as "PROTECTED" may do so at any time and shall give the producing party notice in writing including the listing and/or specific description of any such document. Such notice shall provide the reason for the challenge. The party or person that produced such documents shall respond in writing stating the reasons the "PROTECTED" documents should be treated as "PROTECTED". The challenging party and the producing party or person shall meet and confer in an attempt to resolve any such disagreements, and absent such agreement, the producing party or person will move the Court for a Protective Order.

2. Any party producing documents at the request of the other party may produce original documents (if that party is in possession of the original), legible copies of requested documents, or images of requested documents on CDs/DVDs, (or plaintiffs' may request production on computer hard drive.)

3. The parties, and law firms appearing as their counsel of record in this Mass Tort Litigation, may make such use of the documents and materials produced by persons subject to this Stipulated Protective Order of Confidentiality as the preparation of this case and trial may reasonably require, but in so doing shall disclose such documents or materials only to such persons, including parties, their employees, counsel of record and their employees, insurers and their employees, and

witnesses, and prospective witnesses, directly involved in the litigation process who in their judgment should have the information from such documents and materials for purposes of preparation of this case and trial, except as follows:

    a.    Johnson & Johnson, Janssen, L.P., AstraZeneca Pharmaceuticals, L.P., AstraZeneca, L.P. and Eli-Lilly Company may make available to the Food and Drug Administration (FDA) or any other governmental agency any documents or materials for inspection by, a governmental agency, and/or submitted to a governmental agency pursuant to said agency's specific request.

4.    Any party and/or experts desiring to do so may render any documents and materials produced by itself or any other party in response to a written discovery request PROTECTED and restricted and subject to the terms and prohibitions of this Stipulated Protective Order of Confidentiality by designating such document or material as herein provided. Designation shall be made by affixing to the documents, electronic material, or written response the words:

"PROTECTED DOCUMENT. DOCUMENT SUBJECT TO PROTECTIVE ORDER." The legend shall be affixed to each page of material to be designated, but shall not obscure any part of the text. A designation shall subject the document or material, and its contents, to this Stipulated Protective Order of Confidentiality without any further act on the part of the person desiring confidentiality.

Any information which is designated "PROTECTED" shall be immediately and at all times hereafter maintained and kept confidential, as subject to this Stipulated Protective Order of Confidentiality.

5.    Prior to dissemination of any information from documents or materials that are protected or subject to this Stipulated Protective Order of Confidentiality, to any witness, prospective witness or other person, counsel so disseminating shall maintain in a log, the name, address, place of employment and employment capacity of each such person who is to receive such information and

shall obtain and maintain a copy of this Order evidencing that such person has executed the undertaking set out in paragraph 9, infra.

6. The parties of record have the right to have persons present in the inspection room at all times during the other party's inspection of physical documents and materials produced pursuant hereto. The original documents and materials produced under the terms of this Stipulation Protective Order of Confidentiality shall remain in the custody and control of the producing party at all times.

7. All documents and materials subject to this Stipulated Protective Order of Confidentiality shall be destroyed or surrendered to the producing party or person upon the conclusion of the Mass Tort Litigation. Conclusion shall be taken and construed as 30 (thirty) days following the entry of a final, non-appealable order disposing of the final State Court case. Upon such conclusion, counsel of record shall notify counsel for the producing party of compliance but shall not be required to make any oath. Counsel shall make a reasonable effort to retrieve any document or information subject to this Order from any party or non-party witness to whom such information has been given, and shall notify counsel for the producing party of the failure to retrieve any such information. Such notification shall include descriptive detail of any document or material not returned. Counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that counsel in the ordinary course of business, but such records will continue to be maintained confidential in conformity with this Order.

This Stipulated Protective Order of Confidentiality shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a

notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

All counsel shall at all times keep secure all notes, abstractions or other work product derived from or containing protected information, shall be obligated to maintain the confidentiality of such work product, and shall not disclose or reveal the contents of said notes, abstractions, or other work product after the documents and information are returned and surrendered.

8. No person who examines any item produced pursuant to a discovery request and the information of which is protected by this Stipulated Protective Order of Confidentiality shall disseminate orally, or by any other means, any protected information other than as permitted by this Order.

All portions of deposition transcripts that relate to information protected by this Stipulated Protective Order of Confidentiality shall be kept confidential. Such portions shall be filed under seal, and shall not be made part of the public record. In the event that any protected material is offered as an attachment to a document or court filing, the protected material shall be filed under seal and shall not become part of the public record. If any protected document is to be offered into evidence, the party asserting confidentiality shall so notify the Court and the Court will then consider what steps, if any, should be taken to protect the confidential information. The party offering such evidence shall have no responsibility to notify the Court as to the claim of confidentiality.

9. Each person examining any protected documents or information pursuant to this Stipulated Protective Order of Confidentiality shall first agree to submit himself or herself to the jurisdiction of this Court and shall agree to be bound by this Order, and shall agree to keep all information received confidential as herein provided.

10. The inadvertent production of any "PROTECTED" documents or information that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine provided that the party or person who produced such document or information provides notice to the recipient within sixty (60) days of the production. If any such protected information is inadvertently produced, the recipient of the protected information agrees that it will promptly return the protected information and all copies of the protected information in its possession, delete any versions of the protected information on any database it maintains and make no use of the information contained in the protected information. The party to whom the any inadvertently produced information was returned shall retain the returned information until the end of the case, including any appeals.

11. References to person in this Stipulated Protective Order of Confidentiality shall be taken and construed to refer to natural persons, and to corporations and other entities.

12. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order be construed to suggest that protected documents or information subject to this Order are relevant or admissible in this or any other litigation.

13. The entry of this Order shall be without prejudice to the rights of the parties, or any of them, or of any nonparty, to seek additional or different protection for protected documents or information from the Court.

14. Any party for good cause shown may apply to the Court for modification of this Stipulated Protective Order, or the Stipulated Protective Order may be modified by consent of the parties in writing.

IT IS SO ORDERED.

_____
Hon. Bryan D. Garruto, J.S.C.

| | |
|---|---|
| Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047<br>T: 973-360-1100<br>F: 973-360-9831<br>Heidi.Hilgendorff@dbr.com<br>**COUNSEL FOR: *Johnson & Johnson, Janssen, LP*** | Steven J. Greenstein, Esq.<br>Tobin Reitman Greenstein<br>Caruso Wiener & Konray, PC<br>1743 St. Georges Avenue<br>P.O. Box 1536<br>Rahway, New Jersey 07065<br>T: 732-388-5454<br>F: 732-388-8711<br>SJG@TEamlaw.com<br>*Plaintiffs' Co-Liaison Counsel* |
| Daniel J. Cohen, Esq.<br>Coughlin Duffy, LLP<br>350 Mount Kemble Avenue<br>P.O. Box 1917<br>Morristown, New Jersey 07962<br>T: 973-267-0058<br>T: 973-267-0058<br>dcohen@coughlinduffy.com<br>**COUNSEL FOR: *AstraZeneca Pharmaceuticals, LP and AstraZeneca LP*** | Daniel N. Epstein, Esq.<br>Epstein Arlen & Raia, LLC<br>390 Amwell Road, Suite 402<br>Hillsborough, NJ 08844<br>T: 908-874-6222<br>F: 908-874-6522<br>d.epstein@epsteinarlen.com *Plaintiffs' Co-Liaison Counsel* |
| John F. Brenner, Esq.<br>McCarter & English, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102-4056<br>T: 973-622-4444<br>F: 973-297-3955 or 973-624-7070<br>jbrenner@mccarter.com<br>**COUNSEL FOR: *Eli Lilly Company*** | |

SFNJ1 1182562v1