# Exhibit D



**SO ORDERED**

**SO ORDERED**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

In Re: SEROQUEL LITIGATION  :       Case No. 07C-SER- 1
                             :
                             :

THIS DOCUMENT RELATES TO:

ALL ACTIONS

### STIPULATED PROTECTIVE ORDER

WHEREAS, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material, and ensure that protection is afforded only to material so entitled, the parties to the above-captioned litigation respectfully request that an Order be entered in this matter governing documents which may be produced by Defendants, for the reason that such documents contain trade secrets, confidential materials, or materials protected by the physician-patient privilege of persons who are not parties to this litigation;

WHEREAS, the parties respectfully request the Court enter a protective order consistent with the following:

1. **Discovery Materials**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects or things, deposition testimony and interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, produced by any party informally or pursuant to the requirements of any court order in the above-captioned matter (the "Litigation"). Together the Plaintiffs and Defendants in

ME1 6508941v.1

this Litigation, as well as their officers, directors, employees and agents (including without limitation their legal counsel), are hereinafter referred to as the "Parties."

## 2. Use of Discovery Materials

The Parties agree Confidential Discovery Materials will be used only for the litigation of this action, In re: Seroquel Litigation, C.A. No. 07C-SER-1 ("Litigation"), including any appeal of this litigation and for any other Seroquel action alleging injuries or other damages therefrom without prior written consent of the producing person or party. All persons receiving or given access to Confidential Discovery Materials in accordance with the terms of this Order will have read and agreed to be bound in this Litigation and in any other Seroquel action alleging injuries or other damages therefrom and will have signed the Endorsement of Protective Order (attached hereto as Exhibit "A") and consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations thereof. Confidential Discovery Materials will not be disclosed except in accordance with paragraphs 3, 5 and 6.

## 3. Procedure to Follow Prior to Disclosure of Confidential Discovery Materials

(a)    Prior to being given access to Confidential Discovery Materials or Confidential Information contained therein, any persons, firm or corporation falling within subparagraphs 6(a)(i-iv) or 6(a)(vii-xii) shall be provided with a copy of this Order by the party providing such Confidential Discovery Materials or Confidential Information, and such providing party shall advise such persons, firm or corporation that pursuant to this Protective Order, such Confidential Discovery Materials or Confidential Information contained therein may not be divulged or disseminated, in any way to any person, firm or corporation, other than as specifically provided in this Order, and that the Court orders such persons, firm, or

2

corporation to comply with the provisions of this Order, and such person, firm or corporation shall read and agree to be bound and will sign the Endorsement of Protective Order (attached hereto as Exhibit A).

(b)     Each person who reviews or examines any item produced pursuant to this Order shall agree to be bound by this Order and will sign the Endorsement of Protective Order which affirms that he or she shall not disseminate any information derived from said examination to any person, firm or corporation not also authorized to examine items under the terms of this Order, and shall take steps reasonably necessary to prevent the disclosure of said information other than in accordance with the terms of this Order.

(c)     Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute the Endorsement of Protective Order.

### 4.  Confidential Discovery Materials

(a)     For the purposes of designating and releasing documents under this Order, "Confidential Discovery Materials" or "Confidential Information" shall mean any discovery materials that the producing party in good faith believes are properly protected under Superior Court Rule 26(c)(7) and may include all non-public information or matter related to: financial or business plans or projections, acquisition offers or expressions of interest, proposed strategic transactions or other business combinations, trade secrets, proprietary technical information and specifications, business and marketing information, plans, and strategies, studies or analyses by internal or outside experts, financial data or results, tax data, assets and liabilities, competitive analyses, personnel, personal financial information, or other commercially or personally sensitive or proprietary information. In the event a Party

3

believes that a document is not Confidential under Superior Court Rule 26(c)(7), that Party shall notify the disclosing Party and the Parties shall make good faith efforts to resolve any dispute with opposing counsel regarding the confidentiality of individual documents. In the event that the dispute cannot be resolved by the Parties, either Party may apply to the Court or Special Master for a determination as to whether the designation is appropriate. The burden rests on the Party asserting/seeking the "Confidential" designation to demonstrate that such a designation is proper. Plaintiffs' medical records and Plaintiff Fact Sheets are presumptively confidential and shall be deemed confidential except as set forth in paragraph 6 (c).

       (b)      The terms of this Order shall in no way affect the right of any person (a) to withhold or redact information on the alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights of such third parties as patients, physicians, clinical investigators, or reporters of claimed adverse reactions; or (b) to withhold or redact information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. If information is redacted in a document on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the Parties may request, and the producing Party shall provide the reason for the redaction.

       (c)      Notwithstanding the foregoing, Confidential Discovery Materials shall not mean information or documents produced or disclosed that are or become, without violating this Order, and apart from the production or disclosure in connection with this Litigation, a matter of public record or publicly available by law or otherwise.

MEI 6508941v.1

5. **Designation of Confidential Discovery Materials**

    (a)    The Party (or, if applicable, non-party) designating Discovery Material as "Confidential" shall be referred to for purposes of this Order as the "Designating Party."

    (b)    Any Discovery Material designated as "Confidential," whether such information is provided orally or by a document, shall be maintained as set forth herein, and shall not be disclosed to any person or entity, except as set forth herein.

    (c)    All Plaintiffs' medical records and Fact Sheets shall be deemed confidential. The parties shall direct medical record collection service(s) used in this litigation to stamp as "Confidential" any medical records collected.

    (d)    All Discovery Material, whether or not filed with the Court, that contains Confidential Information for which the Designating Party seeks protection under this Order shall be designated as "Confidential" as follows:

        (i)    Documents or other tangible Discovery Material shall, at the time of their production shall be so designated by stamping or labeling the same "Confidential" on each page containing any Confidential Information, except in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need be stamped only on the first page of the document in order for the entire document to be treated as having been designated "Confidential."

        (ii)    Any non-party who is producing discovery materials in the Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" the discovery materials that the non-party is producing.

        (iii)    Deposition testimony shall be designated "Confidential" (A) at the taking of the deposition by a statement on the record, by counsel at the time of such

5

disclosure, or (B) by written notice sent to counsel of record for all Parties within twenty (20)

days after receiving a copy of the transcript thereof by counsel making the designations or

thirty (30) days if the deponent shall have testified in a language other than English,

identifying the specific pages thereof designated as "Confidential" by page and line numbers.

In both of the foregoing instances, counsel for the Designating Party shall direct that the

legend "Confidential" be affixed to the portions of the original and all copies of the transcript

containing any Confidential Information.  Counsel shall not permit deposition transcripts to

be distributed to persons beyond those specified in Paragraph 6 below, other than the

deponent, until the relevant period for the designation has expired.  Until the expiration of the

relevant time period, the entire text of the deposition, including exhibits, shall be treated as

confidential under this Order.  If prior to the expiration of the twenty (20) day period a Party

desires to file any motion or pleading that will include reference to, or attach as exhibits, any

portion of the deposition transcript or confidential exhibits thereto, said Party shall give

reasonable notice (not less than five business days prior to the filing of the motion or

pleading) to the Parties and deponent of the proposed filing date of the motion or pleading

and of the pages and/or exhibits to be cited.  Any Party or deponent who desires to designate

or preserve any of the identified material as confidential shall so designate such material no

less than two business days prior to the filing proposed date.  If no Party or deponent

designates any pages or exhibits from the deposition as confidential within the time frame

provided for in this paragraph, then the material will not be treated as Confidential Discovery

Material.

ME1 6508941v.1

(iv)     Non-documentary and non-testimonial material, such as oral statements of counsel on the record, shall be so designated orally at the time of disclosure and promptly confirmed in writing.

(e)     Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential." The Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential" and such materials shall be fully subject to this Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "Confidential" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Order and will thereafter act in good faith to prevent further disclosures except as authorized under the terms of this Order. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery materials as Confidential, subject to their right to dispute such designation in accordance with paragraph 12.

6. **Permissible Disclosure of Discovery Materials**

(a)     Any Discovery Material designated as "Confidential" and/or any information derived therefrom may be disclosed or made available by counsel for the Party receiving such information only to the following persons:

(i)     The Parties to the Litigation (including partners, directors, officers, and employees of Parties);

7

(ii)    Counsel to the Parties who have entered appearances in the Litigation, members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

(iii)   Any persons associated with or employed by such attorneys or their firms, when working in connection with this litigation under the direct supervision of partners or associates of said firms;

(iv)    Any outside experts or consultants who has been consulted for the purpose of being retained, or who has been retained by counsel to provide assistance, expert advice or technical consultation, provided however, that prior to receiving Confidential Discovery Materials, such outside experts or consultants shall execute an Endorsement of Protective Order in the form attached hereto as Exhibit A.

(v)     The Court, the Special Master, and any of their respective staff and administrative personnel, and Court reporters, stenographers and videographers employed to take depositions, and any essential personnel retained by the Court or the Special Master, and

(vi)    Any other person only upon order of the Special Master or the Court or upon written agreement of the Designating Party;

(vii)   Persons working in connection with this litigation under the direct supervision of persons described in section 6(a) (i-iii) above, but only to the extent necessary to perform their work in connection with this litigation;

(viii)  Persons who authored the confidential discovery material or who received such confidential discovery material in the ordinary course of business;

8

(ix)     Any attorney for claimants in other pending U.S. litigations alleging personal injury or arising from the alleged use, purchase, or payment of Seroquel (or as attorneys for claimants in any other pending litigation as the parties may mutually agree or the Court directs) for use in this or such other action, provided the proposed recipient agrees to be bound by this Order and complies with the provisions of paragraph 3;

(x)     Persons noticed for depositions or designated as trial witnesses and their attorneys, or those counsel of record who in good faith expect to testify at deposition or trial, to the extent reasonably necessary in preparing to testify;

(xi)     Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraph 3;

(xii)     Such persons as counsel for the designating party shall consent to in writing before the proposed disclosure.

(b)     All parties and the employees of Parties and their respective counsel, paralegals, and the employees and assistants of all counsel receiving discovery material shall take all steps necessary to prevent the disclosure of Confidential Information other than in accordance with the terms of this Order.

(c)     Medical records for any given plaintiff may be disclosed to any of that plaintiff's health care providers without the requirement of an Endorsement of Protective Order from those health care providers. Additionally, for the purposes of depositions and pleadings filed with this Court, any records that reference the use of any atypical

9

ME1 6508941v.1

antipsychotic, including Seroquel; the reason for the use of any atypical antipsychotic, including Seroquel and/or any condition that a plaintiff claims was caused by Seroquel usage, will be governed by the Court's Rules relating to electronic filing procedures.

### 7. Other Permissible Disclosure

Where produced by a defendant, in addition to the persons described in paragraph 6 above, Confidential Discovery Materials may be disclosed to plaintiff's attorneys, in other filed litigations or alleging injuries or damages resulting from the use of the atypical antipsychotic medication(s) manufactured by the producing defendants(s) including their paralegal, clerical, secretarial and other staff employed or retained by such counsel, provided that such counsel have agreed to be governed by the terms of this Order and have signed the Endorsement of Protective Order.

Nothing in this Order shall be deemed to preclude AstraZeneca LP from disclosing to the Food and Drug Administration, or any other regulatory authority, "Confidential Discovery Materials" or information gleaned from "Confidential Discovery Materials", as may be required by statute or regulation.

### Non-Party Designation of Discovery Material

Any non party to this Litigation may designate any Discovery Material taken from it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Order, upon such non-party's written agreement to be subject to and governed by the terms hereof, and such Discovery Material shall thereafter be handled in accordance with the requirements of this Order. A non-party shall designate any Discovery Material as "Confidential" in a manner consistent with the procedures described in Paragraph 5 hereof.

### 8. Confidential Information in Depositions

MEl 6508941v.1

Nothing shall prevent disclosures beyond those limited by this Order if the Designating Party consents in writing to such disclosure.

(a)    A deponent may during the deposition be shown and examined about Confidential Discovery Materials if the provisions of paragraph 3 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3.  A deponent who is not a party, an employee or representative of a party or the attorney of said non-party, employee, or representative of a party, shall be furnished with a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

(b)    Any physician who treated a plaintiff, non-party fact witness or any other third party for whom there is a litigation need to disclose confidential information can be shown the confidential information prior to and during his or her deposition if he or she complies with the terms of paragraph 3.

(c)    The parties shall use their best efforts to make sure that every witness to be shown Confidential Discovery Material signs the Endorsement of Protective Order.  In the event that a deponent refuses to sign the endorsement, a party may not show a confidential document to the deponent unless the deponent affirms on the record in the deposition that he or she understands that the document and the information contained therein are confidential and understands that he or she is prohibited from sharing or discussing that document or the information contained therein with anyone outside the deposition.

(d) Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent

11

MEI 6508941v.1

unless they sign the Endorsement of Protective Order. This paragraph does not apply to the deposition of Parties or their employees, as they are bound by the provisions of this Order.

(e)    Except as set forth in this paragraph, Confidential Discovery Material may not be provided to current employees of any pharmaceutical company or other entity involved in the distribution, manufacturing or sale of pharmaceuticals. A copy of the signed Endorsement of Protective Order shall be provided to counsel for each defendant in this action at least five (5) business days before access to Confidential Discovery Material is allowed under this subsection. Any defendant may object in writing at least one business day in advance of the date on which access was to be allowed under this subsection, stating the grounds therefore, and serving a copy of such objection, setting forth the basis therefore, on all Parties. The Parties shall thereafter meet and confer to resolve the objection if possible. If the Parties are unable to resolve the objection, plaintiffs may respond to the objection in writing and shall provide the objection and their response to the Special Master, who will then resolve the issue.

9.    **Filing of Confidential Discovery Materials with the Court**

(a)    Discovery Material that has been designated as "Confidential" pursuant to the provisions of this Order and that is filed with the Court shall be filed with the Court under seal in accordance with the Court's Rules and electronic filing procedures. However, if the Court should object to the filing of the Confidential Discovery Materials under seal, it will be the designating party's burden by motion or otherwise to justify the confidential designation.

(b)    If any brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") is filed under seal with the Court because the Filing would disclose information from Discovery Material that has been designated "Confidential"

12

ME1 6508941v.1

pursuant to the provisions of this Order or otherwise would disclose Confidential Information

of any designating Party or any non-party, the Disclosing Party shall comply with the

provisions of this Order and within five (5) business days, shall also file a copy of such Filing

for public inspection that omits only the information that the Designating Party believes

should continue to be sealed for good cause.

### 10. <u>Inadvertent Disclosures</u>

The inadvertent production of any Discovery Materials that would be protected from

disclosure pursuant to the attorney-client privilege, the work product doctrine or any other

applicable privilege or doctrine shall not constitute a waiver of the applicable privilege or

doctrine.  If any such Discovery Materials are inadvertently produced, the recipient of the

Discovery Materials agrees that it will promptly return the Discovery Materials and all copies

of the Discovery Materials in its possession, delete any versions of the Discovery Materials

on any database it maintains and make no use of the information contained in the Discovery

Materials; provided, however, that the party returning such Discovery Materials shall have

the right to apply for an order that such Discovery Materials are not protected from

disclosure by any privilege or doctrine.  The person returning such material may not,

however, assert as a ground for such motion the fact or circumstances of the inadvertent

production.  The party to whom any inadvertently produced discovery materials were

returned shall retain the returned materials until the end of the case, including any appeals.

### 11. <u>Declassification</u>

(a)      Nothing shall prevent disclosure beyond that limited by this Order if the

Designating Party consents in writing to such disclosure.

13

ME1 6508941v.1

(b)    If at any time a Party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of Discovery Materials as confidential made hereunder, such person shall notify the Designating Party of such dispute in writing, specifying by exact Bates number(s), the Discovery Materials in dispute.  The Designating Party shall respond in writing within 10 days of receiving this notification.

(c)    If the Parties are unable to amicably resolve the dispute, the proponent of confidentiality may apply by motion for a ruling that Discovery Materials designated as confidential are entitled to such status and protection under the Court Rules and this Order. Such motion shall be made within thirty (30) days of receipt by the Designating Party of the notification of the recipient's challenge to the designation or such other time period as the Parties may agree in writing.  The Designating Party shall have the burden of proof on such motion to establish the propriety of its confidential designation.

(d)    If the time for filing a motion, as provided in the preceding paragraph, has expired without the filing of any such motion, or ten (10) business days (or such longer time as ordered by this Court) have elapsed after the appeal period for an order that the Discovery Material shall not be entitled to confidential status, the Confidential Discovery Material shall lose its designation.

12. **Confidential Discovery Materials Offered as Evidence at Trial**

(a)    The manner in which Confidential Discovery Material shall be handled at trial shall be determined during the parties' Pretrial Conference.

(b)    Prior to hearing or trial at which the use of Confidential Discovery Materials is anticipated, the parties shall meet and confer regarding the use of the Confidential

14

MEI 6508941v.1

Discovery Materials. If the parties cannot agree, the parties shall request the Court to rule on such procedures governing such use.

**13. Subpoena by other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials or Confidential Information which any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed shall immediately notify the Designating Party in writing of all of the following: (1) the discovery materials that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall Confidential Discovery Materials be produced prior to the receipt of written notice by the Designating Party and after a reasonable opportunity to object has been afforded. Furthermore, the Party or person receiving the subpoena or other process shall cooperate with the Designating Party in any proceeding related thereto. However, the Designating Party shall bear the burden and all costs of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

**14. Non-termination**

The provisions of this Order shall not terminate at the conclusion of this Litigation. Within ninety (90) days after final conclusion of any attorneys' last case in this litigation or any other proceedings involving Seroquel in which the attorney may be permitted to use

15

ME1 6508941v.1

confidential information under the terms of a Protective Order, including any appeals related

thereto, or such other time as the Designated Party may agree in writing, counsel shall, at

their option, return or destroy Confidential Discovery Materials and documents or things

containing Confidential Information and all copies thereof. If counsel elects to destroy

Confidential Discovery Materials, they shall consult with counsel for the Designating Party

on the manner of destruction and obtain such Party's consent as to the method and means of

destruction. Outside counsel, however, shall not be required to return or destroy any pretrial

or trial records that are regularly maintained by that counsel in the ordinary course of

business; which records will continue to be maintained as Confidential Discovery Materials

and Confidential Information in conformity with this Order. However, counsel may retain

the privileged communications, work product, signed copies of the Endorsement of

Stipulation and Protective Order pursuant to paragraph 3, and all court filed documents even

though they contained Confidential Discovery Materials, but such documents shall remain

subject to the terms of this Protective Order.

**15. Modification Permitted**

Nothing in this Order shall prevent any Party or other person from seeking

modification of this Order or from objecting to discovery that it believes to be otherwise

improper.

**16. Responsibility of Attorneys; Copies**

The attorneys of record are responsible for employing reasonable measures to control

and track, consistent with this Order, access to, and distribution of Confidential Discovery

Materials, including abstracts and summaries thereof.

**17. No Waiver of Rights or Implication of Discoverability**

16

ME1 6508941v.1

(a) No disclosure pursuant to any provision of this Order shall waive any rights or privileges of any Party or person granted by this Order.

(b) This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation; nor shall this order imply that Confidential Discovery Materials or Confidential Information are properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Confidential Discovery Materials on any other ground it may deem appropriate.

(c) The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any Party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials or Confidential Information at trial.

(d) Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure or if the Court, after notice to all affected parties orders such disclosures, and that Order is not subject to an appellate stay within 20 days after it is issued.

**18. Miscellaneous**

Nothing in this order shall prevent a producing Party from any use of its own documents and information.

**19. Improper Disclosure of Confidential Discovery Material**

17

Disclosure of Confidential Discovery Materials or Confidential Information other than in accordance with the terms of this Protective Order may subject the disclosing Party or person to such sanctions and remedies as the Court may deem appropriate.

BIFFERATO GENTILOTTI

BY: _____
Linda Richenderfer (DE Bar ID # 4138)
800 N. King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900

Attorneys for Plaintiffs


JACOBS & CRUMPLAR, P.A.

BY: _/s/ Robert Jacobs_____
Robert Jacobs (DE Bar ID #244)
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899
(302) 656-5445

Attorneys for Plaintiffs

McCARTER & ENGLISH, LLP

BY: _/s/ Michael P. Kelly_____
Michael P. Kelly (DE Bar ID #2295)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6331

Attorneys for AstraZeneca Pharmaceuticals LP,
AstraZeneca LP and Zeneca Inc.


SO ORDERED this _____ day of _____, 2007.


_____
Superior Court Judge

18

MEI 6508941v.1

Court: DE Superior Court-New Castle County

Judge: Judge, Seroquel

File & Serve reviewed Transaction ID: 15387966

Current date: 7/9/2007

Case number: 07C-SER-1

Case name: Master Seroquel Case