# Exhibit H




COPY IN CHAMBERS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  PROPULSID<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | : MDL NO. 1355<br>:<br>: SECTION: L<br>:<br>: JUDGE FALLON<br>: MAG. JUDGE AFRICK<br>: |

PRETRIAL ORDER NO. 5

**(Confidentiality)**

**Whereas**, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order applies to all documents and other products of discovery, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof, obtained by the plaintiffs or defendants pursuant to the requirements of any court order, any requirements of self-executing discovery, requests under Rule 34 of the Federal Rules of Civil Procedure, answers to requests for admissions under Rule 36 of the Federal Rules of Civil Procedure,

DATE OF ENTRY
NOV 2 9 2000



Procedure, answers to requests for admissions under Rule 36 of the Federal Rules of Civil Procedure, answers to interrogatories under Rule 33 of the Federal Rules of Civil Procedure, documents subpoenaed under Rule 45 of the Federal Rules of Civil Procedure, and transcripts of depositions under Rule 30 or Rule 31 of the Federal Rules of Civil Procedure (hereinafter "Discovery Material"). With respect Discovery Material produced pursuant to a Fed.R.Civ. P. 45 Subpoena, only the person or entity subpoenaed can make a confidentiality designation with respect to such Discovery Material.

    2.    (a)    Prior to giving access to Discovery Material to any person designated as confidential pursuant to paragraph 3 of this Order, counsel for the party intending to disclose such confidential Discovery Material shall furnish a copy of this Order to the person being given access. The person being given access shall execute an Agreement to Maintain Confidentiality in the form annexed hereto as Exhibit A. Counsel making such disclosure shall retain executed Agreements to Maintain Confidentiality during the pendency of this litigation. Should an instance occur where documents subject to this order are publicly disseminated, counsel for both plaintiffs and defendants shall file all executed Agreements to Maintain Confidentiality with the court for, in camera, review. The requirement to execute an Agreement to Maintain Confidentiality shall not apply to the Court, counsel of record for a party, members or employees of counsel's law firm, or in-house counsel for a party.

    (b)    The parties have agreed that Discovery Material designated as confidential under paragraph 3 hereof will be used only for the purposes of this litigation and any state court litigation relating to the health effects of Propulsid, provided that the court and parties in any such state court litigation agree to be bound with respect to such Discovery Material by the terms of this Order [or by terms of a Protective Order of comparable scope entered in such state court litigation].

3.  (a)  Persons producing "Confidential Discovery Material" may designate as confidential Discovery Material containing sensitive commercial information, financial or business plans, trade secrets, or proprietary, sensitive research and development information, or personal information of a sensitive nature including medical records and sensitive financial information and as may be confidential under Federal Rule of Civil Procedure 26 (c) (7) ("Confidential Discovery Material"). Publicly issued or disseminated documents may not be designated Confidential Discovery Material. Documents given to the designating party by a third party may not be designated Confidential Discovery Material unless that third party is a consultant, contractor, attorney retained by the producing party or other party with whom there is a confidential relationship, and the documents otherwise meet the definition of Confidential Discovery Material. Where such a retainer agreement or confidentiality agreement exists, such document shall be maintained in such a way to preserve it for in-camera inspection by the Court or Magistrate upon motion of the non-producing party.

(b)  With respect to certain information defendants deem highly sensitive because it constitutes trade secrets, or which defendants are prohibited by statute or regulation from revealing, defendants may redact such information, provided that they maintain a full and complete copy (without such redactions) for review by the Court or Magistrate should the PSC elect to challenge such redactions. It is understood that the Court or Magistrate may initially elect to review a representative sample of such materials selected by the parties.

(c)  The designating party shall provide a log of all documents and materials designated as Confidential Discovery Material or redacted pursuant to subparagraph 3 (b) which shall identify the Bates numbers, the type of document, the source of the document, the date of the

document and whether the document is an attachment to another document. Alternatively, where the designating party produces an index to its produced documents, that index shall indicate in the appropriate field whether the Discovery Material is confidential.

(d) The designation by the designating party that any document, answer to interrogatory, or deposition testimony is Confidential Discovery Material shall constitute a representation that such documents have been reviewed by counsel of record or an attorney designated by counsel of record and counsel of record believes there is a good faith basis for such designation.

4. Confidential Discovery Material, if in writing, shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

**SUBJECT TO PROTECTION ORDER**
**MDL NO. 1355 (EDLA)**

Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying, but prior to the actual copying if done expeditiously. The stamp shall be affixed in such manner as not to obliterate or obscure any written matter. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel for the deponent, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30 day period, the entire text of the deposition, including all testimony therein, shall be treated as confidential under this Order. In the event that the producing person inadvertently fails to designate Discovery Material as confidential in this or any other litigation, it may make such a designation subsequently by

notifying all parties to whom such Discovery Material was produced, in writing as soon as practicable. After receipt of such notification, the parties to whom production has been made will treat the designated Discovery Material as having been designated confidential, subject to their right to challenge such designation in accordance with paragraph 8 hereof.

5.  In the event that any question is asked at a deposition which a party or non-party asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. Counsel for the deponent shall, either at the deposition or within 30 days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing, that the information provided in such answer is confidential.

6.  Confidential Discovery Material may not be used by any person receiving such Confidential Discovery Material for any business or competitive purposes and shall be used solely for the purposes of this litigation, and such state court litigations as authorized by paragraph 2(b) hereof, and for no other purpose without prior written approval from the court or the prior written consent of the producing person. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations thereof.

7.  (a) Subject to subparagraphs (b), (c) and (d) below, Confidential Discovery Material shall not be disclosed to anyone other than the outside and in-house attorneys engaged in the conduct of the litigation described in paragraph 2(b), and to the employees of such outside attorneys directly involved in the conduct of such litigation.

(b) For purposes of this litigation, outside attorneys may disclose Confidential Discovery Material to retained experts (including persons directly employed by such experts) and

to retained consultants and to any person expected to testify at trial or at a deposition to the extent that the Discovery Material relates to his/her proposed testimony. Further, outside attorneys may disclose Confidential Discovery Material to clerical and data processing personnel not regularly employed by the parties or their counsel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of Confidential Discovery Material to the extent reasonably necessary to assist a party or its counsel in these proceedings. When so doing, the disclosing outside attorneys and the recipients of the Confidential Discovery Material shall comply with the terms of paragraph 2(a) hereof.

(c) All outside and in-house counsel and the employees and assistants of outside counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Order. Such Confidential Discovery Material shall be made available only to those persons outside counsel deems necessary in the conduct of the litigation.

(d) Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise made available in whole or in part to non-parties (provided the recipients of the Confidential Discovery Material shall comply with the terms of paragraph 2(a) hereof):

(i) to the extent reasonably necessary to investigate the facts of the case, prepare a defense or prosecute a claim;

(ii) during testimony or preparation therefor, to the extent reasonably necessary in testifying or preparing to testify; or

(iii) to administer and establish a document depository in connection with these proceedings.

(e)     Disclosure of Confidential Discovery Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

8.      At any time during the litigation, any party may challenge the designation of such material as "Confidential" by written notice to the person that produced such Confidential Discovery Material. Within 20 days of such a challenge, the person that produced such material shall then respond in writing, setting forth the reasons that person believes the Confidential Discovery Material should be treated as "Confidential." If the parties, upon meeting and conferring, are thereafter unable to agree on whether particular Confidential Discovery Material shall be treated as "Confidential," the producing party must move the court, within 30 days of the written notice challenging the designation of the material as "Confidential," for an order pursuant to Rule 26(c) and shall have the burden of establishing "good cause" pursuant to that rule. The obligation to bring the first motion shall fall upon the producing party. The challenging party shall be obliged to file the second motion, if any. Thereafter, the obligation to bring subsequent motions shall alternate in the same way, but at all times, the burden of establishing "good cause" shall remain with the producing party. Nothing in the preceding paragraph shall prevent any receiving party from challenging any designation on an expedited basis.

9.      This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are

lawfully in their possession and/or lawfully obtained through discovery in this litigation or in any other litigation in which such information was not designated as "confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment, or where there has been a final judgment declaring that such information or documents are not confidential.

10. Any Confidential Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing any such Confidential Discovery Material shall be filed under seal and shall bear the legend: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT." Said Confidential Discovery Material and/or other papers shall be kept under seal until further order of the court; however, said Confidential Discovery Material and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

11. (a) Nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as confidential.

(b) Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

(c) No disclosure pursuant to this paragraph 11 shall waive any rights or privileges of any party granted by this Order.

12. This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that Discovery Material designated as confidential under the terms of this Order is properly discoverable, relevant or admissible in this or any other litigation.

13. The entry of this Order shall be without prejudice to the rights of the parties, or any of them, or of any non-party, to assert or apply for additional or different protection at their discretion.

14. All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Order and to ensure that their clients do so. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

15. The terms of this Order shall survive and remain in effect after the termination of MDL No. 1355 and all lawsuits which now or hereafter are consolidated therein. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of MDL No. 1355.

16. This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Discovery Material at a hearing or trial.

BY THE COURT:

Dated: Nov. 28, 2000

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE