# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This Document Relates to All Cases

### ASTRAZENECA'S UNOPPOSED MOTION TO SEAL DOCUMENTS AND FUTURE FILINGS RELATING TO DR. WAYNE MACFADDEN

AstraZeneca and plaintiffs dispute whether certain documents relating to former AstraZeneca employee, Dr. Wayne MacFadden, should be produced. The documents at issue contain personal and private communications between Dr. MacFadden and other non-parties ("MacFadden Documents") (The MacFadden Documents are specifically identified in Exhibit 1 by bates ranges). AstraZeneca has already produced redacted versions of the MacFadden Documents, and allowed plaintiffs to inspect the un-redacted versions. Plaintiffs now want AstraZeneca to re-produce the MacFadden Documents without any redactions. AstraZeneca objects to plaintiffs' request on the grounds that portions of the MacFadden Documents are prejudicial and irrelevant. *See* Fed. R. Civ. P. 403. Plaintiffs have informed AstraZeneca that they plan to move to compel. AstraZeneca intends to file a motion for a protective order and *in camera* review of the documents at issue.

Because the documents at issue are private and sensitive in nature, pursuant to M.D. L.R. 1.09(a), AstraZeneca hereby moves for an Order to seal the MacFadden Documents, as well as all future motions or filings (including exhibits) describing the MacFadden Documents. In support of its motion, AstraZeneca states the following:

1.    This Court has discretion to control its files and to seal documents where the Court finds "that denial of access is necessary to preserve higher values, and is narrowly tailored to serve that interest." *Rosbach v. Rundle*, 128 F.Supp.2d 1348, 1352 (S.D. Fla. 2000).

2.    The MacFadden Documents contain private communications between Dr. MacFadden and non-parties. Permitting these documents to become part of the public court file would be embarrassing to the non-parties involved. Any public motion or filing that may describe the MacFadden Documents will be equally damaging.

3.    Florida law recognizes the rights of parties, and non-parties, "to privacy and confidentiality as to their personal information." *Berkely v. Eisen*, 699 So.2d 789, 791 (Fla. App. 4 Dist. 1997) (citing *Higgs v. Kampgrounds of America*, 526 So.2d 980, 981 (Fla. 3d DCA 1988); *CAC-Ramsay Health Plans Inc. v. Johnson*, 641 So.2d 434 (Fla. 3d DCA 1994)).

4.    It is, accordingly, "appropriate to seal certain records when those particular records contain highly sensitive and potentially embarrassing personal information about individuals." *Rosbach*, 128 F.Supp.2d at 1352.

5.    Additionally, given the nature of the MacFadden Documents, AstraZeneca will be prejudiced if these documents, or any descriptions thereof, were to become part of the public record and available to the press.

6.    Motions or other filings describing the MacFadden documents may be necessary for the Court to adjudicate the parties' dispute regarding the production of these documents. Any such filings, however, should be sealed from the public.

7.    Sealing is necessary to protect the privacy and identity of persons not parties to this litigation, and to protect AstraZeneca from prejudice or attack by the press.

8. No means other than filing under seal is satisfactory to protect the privacy of the non-parties and the interests of AstraZeneca while providing the Court with critical information needed for addressing the parties' dispute.

9. AstraZeneca requests that these materials remain under seal until this litigation, including any appeals, is final, at which time AstraZeneca asks that the copies of any materials properly filed under seal be destroyed or returned to lead counsel for AstraZeneca.

10. There is good cause for AstraZeneca's request to seal the MacFadden Documents, as well as future motions or filings describing the MacFadden Documents. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984) (affirming an order prohibiting the dissemination of information gained by discovery and explaining what constitutes "good cause"). The public's *general*, attenuated interest in accessing court documents is trumped here by AstraZeneca's *specific* interest in protecting the privacy and identity of non-parties. *Rossbach*, 128 F.Supp.2d at 1352-53 (finding protecting the privacy of non-public individuals from potentially embarrassing publicity outweighs the public's right to know newsworthy information).

11. The Court recently directed AstraZeneca to submit certain documents for an *in camera* review in connection with another motion to seal. *See* July 31, 2007 Order (Doc. 333). AstraZeneca suggests that the same procedure is applicable here and will submit the MacFadden Documents to the Court for an *in camera* review.

12. Counsel for plaintiffs does not oppose AstraZeneca's Motion to Seal.

## CONCLUSION

The MacFadden Documents contain sensitive private and personal communications which should not become part of the public record. Therefore, AstraZeneca respectfully asks that this Court grant this Motion to Seal the MacFadden Documents (Ex. 1). Additionally, AstraZeneca asks for an Order that all future motions or filings (including exhibits) by either party describing the MacFadden Documents shall be filed under seal.

DATED: August 3, 2007

                                      Respectfully submitted,

                                      */s/ Fred T. Magaziner*
                                      Fred T. Magaziner
                                      Stephen J. McConnell
                                      DECHERT LLP
                                      2929 Arch Street
                                      Philadelphia, PA  19103
                                      Telephone: (215) 994-4000
                                      Facsimile: (215) 994-2222
                                      fred.magaziner@dechert.com

                                      *Counsel for AstraZeneca Pharmaceuticals LP*
                                      *and AstraZeneca LP*

## CERTIFICATION OF COUNSEL PURSUANT TO M.D. FLA. L.R. 3.01(g)

Prior to filing this Motion, counsel for AstraZeneca conferred with counsel for the plaintiffs in a good faith attempt to resolve the issues presented in the Motion. Plaintiffs' counsel does not object to the relief sought by AstraZeneca.

/s/ A. Elizabeth Balakhani

## CERTIFICATE OF SERVICE

I hereby certify that, on August 3, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ A. Elizabeth Balakhani*

# EXHIBIT 1
## BATES RANGES OF MACFADDEN DOCUMENTS

AZSER-10375464-10375493
AZSER-10375499-10375508
AZSER-10375513-10375538
AZSER-10375545-10375612
AZSER-10375618-10375627
AZSER-10375629-10375640
AZSER-10375644-10375662
AZSER-10375671-10375676
AZSER-10375677-10375679
AZSER-10375683-10375698
AZSER-10375703-10375715
AZSER-10375719-10375721
AZSER-10375728-10375745
AZSER-10375749-10375761
AZSER-10375763-10375778
AZSER-10375781-10375825
AZSER-10375828-10375883
AZSER-10375884-10375952
AZSER-10375956-10375965
AZSER-10375973-10376002
AZSER-10376005-10376007
AZSER-10376010-10376015
AZSER-10376019-10376034
AZSER-10376036-10376056
AZSER-10376058-10376061
AZSER-10376062-10376069
AZSER-10376071-10376077
AZSER-10376081-10376090
AZSER-10376101-10376106
AZSER-10376110-10376128
AZSER-10376131-10376137
AZSER-10376142-10376149
AZSER-10376151-10376172
AZSER-10376174-10376218
AZSER-10376228-10376230
AZSER-10376234-10376238
AZSER-10376242-10376248
AZSER-10376250-10376252
AZSER-10376254-10376255