**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION** | **MDL Docket No.: 6:06-md-1769-Orl-22DAB** |
| **THIS RELATES TO:** **ALL CASES** | |

# PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER GOVERNING THIRD PARTY DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

The MDL Plaintiffs, by and through their counsel, respectfully submit this Motion for Entry of an Order Governing Third Party Discovery to coordinate third party discovery in this MDL.

1. The parties have met and conferred and generally agree on some of the issues raised in this Motion. The issues on which the MDL Plaintiffs believe AstraZeneca may voice protest are as follows: (1) the Court's jurisdiction over the third parties; (2) the MDL Plaintiffs' request for an order imposing a deadline for third party document production and scheduling a hearing on the third parties' objections to the subpoenas and depositions by written questions; and (3) the means by which the confidential and proprietary nature of third party documents is protected. These issues are addressed in more detail below. Because the parties did not agree on every issue addressed in this Motion, AstraZeneca declined to file the proposed third party discovery plan jointly.

## BACKGROUND

2. AstraZeneca retained various third party vendors to provide services related to Seroquel such as marketing research, product forecasting, tracking and evaluation of prescribing behavior, media planning, medical publishing, and speaker training. Some of these third party vendors were identified during the review of AstraZeneca's document production and during the 30(b)(6) depositions.

3. The MDL Plaintiffs have served 23 document subpoenas and depositions by written questions on the third party vendors located across the country. One subpoena has been withdrawn. A list of the third party vendors with service addresses, a general description of services provided, and the dates of serviced is attached hereto as Exhibit A.

4. The subpoenas seek the following categories of documents: (a) any and all contracts or agreements between AstraZeneca and the third party vendor relating to Seroquel; (b) any and all communications between AstraZeneca and the third party vendor relating to Seroquel; (c) any and all communications between the third party vendor and any other person relating to Seroquel; (d) any and all documents prepared by, prepared for, or received by the third party vendor relating to Seroquel; (e) any and all marketing materials relating to Seroquel prepared by, prepared for, or received by the third party vendor; and (f) all documents reflecting the amount of money paid to the third party vendor by AstraZeneca relating to professional services provided by the third party vendor relating to Seroquel.

5. The first round of subpoenas, which were served in early July, required the third party vendors to produce the requested documents at their offices at 10:00 a.m. on July 30, 2007. The second round of subpoenas, which were served this month, require the third parties to produce the requested documents at their offices at 10:00 a.m. on August 27, 2007. The third

round of subpoenas, which were also served this month, require the third parties to produce the requested documents at their offices at 10:00 a.m. on September 7, 2007. Pursuant to Federal Rule of Civil Procedure 45, the subpoenas were issued and signed by an attorney for the MDL Plaintiffs on behalf of the district courts in which the production was compelled by the subpoenas. FED. R. CIV. P. 45(a)(3)(B). One such subpoena is attached hereto as Exhibit B.

6. The depositions by written questions were noticed in this MDL litigation and were served contemporaneously with the document subpoenas. With the exception of the name and address of the third party vendor, the depositions by written questions are identical. One such deposition by written questions is attached hereto as Exhibit C.

7. AstraZeneca has been served with the Notices of Deposition by Written Questions as required by Federal Rule of Civil Procedure 31. FED. R. CIV. P. 31(a)(3).

8. At this time, the MDL Plaintiffs have had contact with all but three of the third party vendors. Of the 19 third party vendors with whom the MDL Plaintiffs have had contact, 12 have filed and/or served objections to the subpoena and depositions by written questions, or motions to quash the subpoenas. They are (1) Avalere Health, LLC; (2) CME, LLC; (3) Edelman; (4) Excerpta Medica; (5) Harris Interactive, Inc.; (6) i3 CME; (7) Perry Communications Group, Inc.; (8) Simpson Healthcare Executives; (9) Towers Perrin; (10) Verispan, LLC; (11) ZS Associates; and (12) GfK Market Measures. The objections and/or motions are attached hereto as Exhibits D-O.

9. The MDL Plaintiffs have agreed to extend the production deadlines for the third party vendors that have made contact with the MDL Plaintiffs until such time as the Court can address the concerns raised by the third party vendors.

10. On August 16-17, 2007, AstraZeneca wrote to each of the third party vendors with whom the MDL Plaintiffs have had contact requesting their cooperation in this process without asking them to waive their objections or rights. A copy of one such letter is attached hereto as Exhibit P.

**PROPOSED THIRD PARTY DISCOVERY PLAN**

11. As provided by the Manual of Complex Litigation, this Court's express and inherent powers enable the MDL judge to exercise extensive supervision and control of the litigation. Manual of Complex Litigation Fourth, §10.1. The Federal Rules of Civil Procedure 16, 26, 37, 42 and 83 expressly grant wide authority to the courts in managing litigation. Federal Rule of Civil Procedure 16(c)(12) specifically addresses complex litigation, authorizing the Court to "adopt special procedures for managing potentially difficult and protracted litigation that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." FED. R. CIV. P. 16(c)(12). The MDL judge's role "is crucial in developing and monitoring an effective plan for the orderly conduct of pretrial and trial proceedings." Manual of Complex Litigation Fourth, §10.13. "Judges should tailor case-management procedures to the needs of the particular litigation and to the resources available from the parties and the judicial system." *Id*. at §10.1. The MDL Court is encouraged to reduce duplicative activity, minimize the risk of conflict, and avoid unnecessary expense. *Id*. at §20.

12. This Court has a unique familiarity with all aspects of this litigation and is clearly in the best position to address any related third party discovery issues. Considering the large number of third parties who have become or will become involved in this litigation, the parties request the Court implement a third party discovery plan that will promote the just and efficient

conduct of this action, ensure uniformity and timeliness, avoid unnecessary expense to the parties, as well as unnecessary waste of judicial resources.

13. **PRODUCTION DEADLINE**: The depositions of AstraZeneca's witnesses are tentatively scheduled to begin in early October. Although the MDL Plaintiffs and AstraZeneca agree that sufficient time will be needed to review the third party vendor documents before the depositions, AstraZeneca has indicated that the ability of the third party vendors to meet any proposed deadline will be out of its control. The MDL Plaintiffs request the Court issue an order requiring the third party vendors to produce the requested documents no later than September 17, 2007. The MDL Plaintiffs also request the Court set a hearing on or before September 7, 2007 to allow any third party vendor to explain to the Court why it will be unable to meet this deadline. AstraZeneca is unwilling to join in this request.

14. **SCOPE:** The MDL Plaintiffs have agreed that documents related to projects which only tangentially relate to Seroquel need not be produced. The agreement has been communicated to many the third party vendors with whom the MDL Plaintiffs have had contact. Based on this agreement, many of the third party vendors are presently searching for and have agreed to produce responsive documents. A few of the vendors have agreed to prepare "project lists" which will allow the MDL Plaintiffs to further narrow the scope of the document requests. Many others have continued to object to the scope of the subpoena and have not agreed to produce documents until their objections have been addressed. The MDL Plaintiffs have not yet had an opportunity to speak with all of those vendors since AstraZeneca sent the letter requesting their cooperation without asking them to waive their objections and rights. If, after receiving this letter, the vendors are still unwilling to produce the requested documents, the parties request the

Court hear and rule on any remaining third party vendors' objections to the scope of the subpoena during the above requested hearing. AstraZeneca is unwilling to join in this request.

15. **COSTS:** Many third party vendors have also raised the issue of costs associated with locating, gathering and copying the requested documents. The MDL Plaintiffs and AstraZeneca have agreed to equally share the copying costs. The parties have also agreed to further discuss what this will include with regard to vendor costs for larger productions and the format of the production. In addition to copying costs, however, many of the third party vendors are also seeking reimbursement for time spent locating and gathering the requested documents. In addition to the 22 third party vendors listed in Exhibit A, The MDL Plaintiffs anticipate other third party vendors will be identified and served with document subpoenas issued over the next several months. Given the large number of third party vendors involved in this litigation, any agreement to reimburse the vendors for time spent locating the requested documents could expose the MDL Plaintiffs and AstraZeneca to arbitrary and unreasonably high reimbursement demands. Therefore, the MDL Plaintiffs request the Court hear and rule on the third party vendors' objections to the burden and costs associated with locating and gathering the requested documents during the above requested hearing. AstraZeneca is unwilling to join in this request.

16. **CONFIDENTIALITY:** Many of the third party vendors have requested that the confidential and proprietary nature of the requested documents be protected by a confidentiality or protective order. The MDL Plaintiffs and AstraZeneca agree that measures need to taken to protect the confidential and proprietary nature of the third party documents. As the Court is aware, there is currently no protective order in place. On August 10, 2007, AstraZeneca filed a motion re-urging its request for entry of a protective order applicable to documents they have and will produce in this litigation. (Document 367) The MDL Plaintiffs will respond to that

motion separately. Given current time constraints, the MDL Plaintiffs request the Court enter a confidentiality order applicable to the documents produced by any third parties only and have attached as Exhibit Q a proposed order based on the confidentiality order provided in the Manual of Complex Litigation. Although this proposed order was provided to AstraZeneca contemporaneously with a draft of this Motion, AstraZeneca has not provided any comments on this order. AstraZeneca provided comments on the Motion but ultimately declined to join in the filing due to unresolved issues.

**CONCLUSION**

Accordingly, the MDL Plaintiffs respectfully request that this Court address the unresolved issues contained herein and enter an Order governing third party discovery.

Respectfully submitted on this the 20th day of August, 2007.

/s/ K. Camp Bailey
K. Camp Bailey
Bailey Perrin Bailey LLP
440 Louisiana St., Suite 2100
Houston, TX 77002-4206
713-425-7100 Telephone
713-425-7101 Facsimile
cbailey@bpblaw.com
**Co-Lead Counsel for Plaintiff**

**CERTIFICATE OF CONFERENCE**

Pursuant to M.D.L.R. 3.01(g), Ed Blizzard and Holly Wheeler on behalf of the MDL Plaintiffs discussed the issue of the third party discovery plan with defense counsel on multiple occasions. Although the parties were able to reach an agreement on some issues, the parties were unable to resolve a few of the issues addressed in the foregoing Motion. Although defense counsel provided their comments on the motion, defense counsel declined to file the Motion jointly.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

_/s/ K. Camp Bailey

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | |