U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

----------------------------------------------------------x
                                                 :

In re: Seroquel Products Liability Litigation       :

                                                 :
----------------------------------------------------------x

## CME LLC'S RESPONSES AND OBJECTIONS
## TO SUBPOENA DUCES TECUM AND AD TESTIFICANDUM

CME LLC ("CME"), by its attorneys, Davis Wright Tremaine LLP, hereby responds to

the Subpoena Duces Tecum and Ad Testificandum ("Subpoena") dated June 28, 2007 by

Plaintiffs in the above-captioned action ("Plaintiffs"). CME reserves the right to supplement

these responses.

## GENERAL OBJECTIONS

CME objects generally to the Subpoena Duces Tecum and Ad Testificandum as set forth

below. Each of the responses that follows is made subject to these objections. CME also will

assert specific objections to each request where appropriate. To the extent that CME responds to

requests to which it objects, such objections are not waived. In addition, the inadvertent

disclosure of privileged information or release of privileged documents shall not constitute a

waiver of any applicable privilege. CME's responses and productions will be made according to

its best understanding of the terms used in the Subpoena and subject to a reasonable inquiry into

the relevant facts within the time allowed for responding to the requests. CME reserves the right

to correct, amend, modify or supplement its responses from time to time and at any time in the

future, as warranted by the circumstances.

1.      CME objects to these requests to the extent that they seek documents or

information protected by the attorney-client-privilege, attorney work product or any other

applicable privilege.

2.      CME objects to the Subpoena to the extent that it seeks confidential research, commercial, client or propriety information or information that CME received in confidence and/or is obligated to treat confidentially.  CME states that to the extent it may produce any such confidential information, it will only do so under the protections of an appropriate confidentiality order binding all parties and limiting the distribution and use of such confidential information.

3.      CME objects to these requests to the extent that they seek the disclosure of documents and/or information not in CME's possession, custody or control.

4.      CME objects to these requests to the extent that the Instructions contained therein seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules for the Central District of California or any other applicable rules.

5.      CME objects to these requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, unreasonably duplicative, and oppressive, or seek documents that are not relevant to this action entitled *In re Seroquel Products Liability Litigation* (the "action") in aid of which Plaintiffs have issued this Subpoena.

6.      CME objects to these requests to the extent that they seek documents that are publicly available and therefore are of no greater burden for Plaintiffs to obtain than for CME to obtain; are available from sources who are parties to the Action; and/or are already in Plaintiffs' possession.

7.      CME objects to the Subpoena Ad Testificandum to the extent it attempts to request both a written deposition and an oral deposition of CME or any CME employee.  CME states that to the extent it provides any information in response to the deposition by written questions, such response will be in lieu of any oral deposition by CME or any CME employee.

8.      CME objects to the definition of "CME, LLC" in so far as it purports to include

"all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with CME, LLC..., all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf..., all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf."  CME states that it will interpret the Subpoena as requiring a reasonable search for documents and information in the possession of CME LLC.

9.    CME further objects to the definition of "CME, LLC" to the extent it includes any healthcare publishing affiliates of CME, LLC as not reasonably calculated to lead to the discovery of material relevant to the Action.

10.    CME objects to the definition of "RELATED TO" and "RELATING TO" in so far as they purport to include "constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logical, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in part of whole."  CME states that it will interpret the term "relating to," specifically the phrase "relating to Seroquel," to include documents or communications of which Seroquel was the or a subject.  CME will not undertake any search for all documents and communications that might tangentially include the word "Seroquel."

11.    A response that CME will produce documents responsive to any individual request does not imply that CME has located any responsive document, but only that CME will

produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

12.     CME reserves the right to correct, amend, modify or supplement its responses from time to time and at any time in the future, as warranted by the circumstances.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**Document Request Number 1:**

Any and all contracts or agreements between AstraZeneca and CME, LLC relating to Seroquel.

**Response to Document Request Number 1:**

CME objects to this request on the grounds that it is overbroad, vague, unduly burdensome and unclear as to the precise information sought. CME further objects to this request that it is not reasonably calculated to lead to the discovery of material relevant to the Action. Subject to and notwithstanding the specific and general objections cited herein, CME, LLC states that it does not possess any contracts or agreements between AstraZeneca and CME, LLC relating to Seroquel. CME further states that to the extent any predecessor or affiliate of CME, LLC (other than any healthcare publishing affiliates) possesses any non-privileged documents responsive to this request, it will perform a good-faith search for such documents and produce any such documents it may find.

**Document Request Number 2:**

Any and all communications between AstraZeneca and CME, LLC relating to Seroquel.

**Response to Document Request Number 2:**

CME objects to this request on the grounds that it is overbroad, vague, unduly burdensome and unclear as to the precise information sought. CME further objects to this request that it is not reasonably calculated to lead to the discovery of material relevant to the

Action.  Subject to and notwithstanding the specific and general objections cited herein, CME,

LLC states that it does not possess any communications between AstraZeneca and CME, LLC

relating to Seroquel.  CME further states that to the extent any predecessor or affiliate of CME,

LLC (other than any healthcare publishing affiliates) possesses any non-privileged documents

responsive to this request, it will perform a good-faith search for such documents and produce

any such documents it may find.

**Document Request Number 3:**

 Any and all communications between CME, LLC and any other person relating to
Seroquel.

**Response to Document Request Number 3:**

 CME objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought.  CME further objects to this

request that it is not reasonably calculated to lead to the discovery of material relevant to the

Action.  Subject to and notwithstanding the specific and general objections cited herein, CME,

LLC states that it does not possess any communications between CME, LLC and any other

person relating to Seroquel.  CME further states that to the extent any predecessor or affiliate of

CME, LLC (other than any healthcare publishing affiliates) possesses any non-privileged

documents responsive to this request, it will perform a good-faith search for such documents and

produce any such documents it may find.

**Document Request Number 4:**

 Any and all documents prepared by, prepared for, or received by CME, LLC relating to
Seroquel.

**Response to Document Request Number 4:**

 CME objects to this request on the grounds that it is overbroad, vague, unduly

burdensome and unclear as to the precise information sought.  CME further objects to this

request that it is not reasonably calculated to lead to the discovery of material relevant to the Action. Subject to and notwithstanding the specific and general objections cited herein, CME, LLC states that it does not possess documents prepared by, prepared for, or received by CME, LLC relating to Seroquel. CME further states that to the extent any predecessor or affiliate of CME, LLC (other than any healthcare publishing affiliates) possesses any non-privileged documents responsive to this request, it will perform a good-faith search for such documents and produce any such documents it may find.

**Document Request Number 5:**

Any and all marketing materials relating to Seroquel prepared by, prepared for, or received by CME, LLC.

**Response to Document Request Number 5:**

CME objects to this request on the grounds that it is overbroad, vague, unduly burdensome and unclear as to the precise information sought. CME further objects to this request that it is not reasonably calculated to lead to the discovery of material relevant to the Action. Subject to and notwithstanding the specific and general objections cited herein, CME, LLC states that it does not possess any marketing materials relating to Seroquel. CME further states that to the extent any predecessor or affiliate of CME, LLC (other than any healthcare publishing affiliates) possesses any non-privileged documents responsive to this request, it will perform a good-faith search for such documents and produce any such documents it may find.

**Document Request Number 6:**

All documents reflecting the amount of money paid to CME, LLC by AstraZeneca relating to professional services provided by CME, LLC relating to Seroquel.

**Response to Document Request Number 6:**

CME objects to this request on the grounds that it is overbroad, vague, unduly burdensome and unclear as to the precise information sought. CME further objects to this

request that it is not reasonably calculated to lead to the discovery of material relevant to the Action. Subject to and notwithstanding the specific and general objections cited herein, CME, LLC states that it does not possess any documents reflecting the amount of money paid to CME, LLC by AstraZeneca relating to professional services provided by CME, LLC relating to Seroquel. CME further states that to the extent any predecessor or affiliate of CME, LLC (other than any healthcare publishing affiliates) possesses any non-privileged documents responsive to this request, it will perform a good-faith search for such documents and produce any such documents it may find.

## RESPONSES AND OBJECTIONS TO DEPOSITION BY WRITTEN QUESTIONS

CME repeats and incorporates herein its objections to the Subpoena Duces Tecum above. Because CME has not yet produced any documents responsive to the document requests above, it objects to the deposition by written questions in its entirety as premature, irrelevant and not reasonably calculated to lead to the discovery of relevant evidence. CME states that to the extent it may produce any documents responsive to the Subpoena Duces Tecum it will provide appropriate responses to the written questions below or otherwise authenticate the produced documents in an appropriate manner.

## RESPONSES AND OBJECTIONS TO SPECIFIC WRITTEN QUESTIONS

**Deposition Question 1:**

Please state your full name, address, occupation and official title.

**Response to Deposition Question 1:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 2:**

As part of your duties as custodian of records for CME, LLC are you the custodian of the

following records:

      (a)    Any and all contracts or agreements between AstraZeneca and CME, LLC relating to Seroquel.

      (b)    Any and all communications between AstraZeneca and CME, LLC relating to Seroquel.

      (c)    Any and all communications between CME, LLC and any other person relating to Seroquel.

      (d)    Any and all documents prepared by, prepared for, or received by CME, LLC relating to Seroquel.

      (e)    Any and all marketing materials prepared by, prepared for, or received by CME, LLC relating to Seroquel.

      (f)    All documents reflecting amounts paid to CME, LLC by AstraZeneca relating professional services rendered by CME, LLC relating to Seroquel.

**Response to Deposition Question 2:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 3:**

Have you been served with a subpoena for the production the records requested in Question No. 2?

**Response to Deposition Question 3:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 4:**

Do you understand that the subpoena requests all records in your possession, custody, or control relating to Seroquel?

**Response to Deposition Question 4:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 5:**

Please tender at this time all records requested in Question No. 2 and in the subpoena that has been served on you.  Have you complied?  If not, why?

**Response to Deposition Question 5:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 6:**

Are you able to identify these records as the originals or true and correct copies of the originals?

**Response to Deposition Question 6:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 7:**

Are the records you have tendered in response to Question No. 2 and 5 a complete and accurate copy of the records described in Question No. 27.

**Response to Deposition Question 7:**

CME repeats and incorporates its general objections to the deposition by written

questions.

**Deposition Question 8:**

Was it in the regular course of your business, or of an employee in your office having

personal knowledge of the act(s) recorded, to prepare the records, or transmit the information

included in the records, you have tendered in response to Question Nos. 2 and 5?

**Response to Deposition Question 8:**

CME repeats and incorporates its general objections to the deposition by written

questions.

**Deposition Question 9:**

Were the records you have tendered in response to Question Nos. 2 and 5 made at or near

the time when the acts, events, conditions and other information contained therein occurred, were

observed or rendered?

**Response to Deposition Question 9:**

CME repeats and incorporates its general objections to the deposition by written

questions.

**Deposition Question 10:**

Were the records you have tendered in response to Question Nos. 2 and 5 kept in the

regular course of the business of CME, LLC?

**Response to Deposition Question 10:**

CME repeats and incorporates its general objections to the deposition by written

questions.

**Deposition Question 11:**

Were the records you have tendered in response to Question Nos. 2 and 5 transmitted to your files, and did you maintain those records as part of your official duties as the custodian of records for CME, LLC?

**Response to Deposition Question 11:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 12:**

How long does CME, LLC maintain its files, and does CME, LLC ever destroy its files?

**Response to Deposition Question 12:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 13:**

Have you been requested or directed by any person, or has any person suggested to you, that you withhold or protect, for any reason, the records described in Question No. 2? If so, please identify the person who conveyed this information to you and when that event occurred.

**Response to Deposition Question 13:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 14:**

Do you know or have any reason to believe that the records you have tendered in response to Question Nos. 2 and 5 have in any manner been edited, purged, culled, or otherwise

altered?  If so, please identify the records and describe why they were altered.

**Response to Deposition Question 14:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 15:**

If any of the documents or information requested cannot be produced in full, please specify, to the extent possible, the reasons for your inability to produce the remainder, and the approximate date when you expect to produce such documents, if at all.

**Response to Deposition Question 15:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 16:**

With respect to any document that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, please provide the following information separately as to each such document:

    (a)    A general description of the subject matter, author, recipient(s), date;

    (b)    The identity of each person who has received a copy or had an opportunity to receive a copy;

    (c)    The last custodian of the document or copies thereof; and

    (d)    The full particulars or circumstances whereby the document was disposed of, destroyed, or otherwise lost.

**Response to Deposition Question 16:**

CME repeats and incorporates its general objections to the deposition by written questions.

**Deposition Question 17:**

With respect to any documents that have been deemed privileged or otherwise protected information or materials, provide the following information, designating and identifying those documents or information withheld from production on grounds of privilege:

(a)    The reason for withholding the document or information;

(b)    A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;

(c)    A brief description of the document, including:

      a.    The date of the document;

      b.    The number of pages, attachments and appendices; and

      c.    The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person.

**<u>Response to Deposition Question 17</u>:**

       CME repeats and incorporates its general objections to the deposition by written questions.


Dated:    New York, New York
          August 3, 2007

                     DAVIS WRIGHT TREMAINE LLP

                     By: _____
                         Nancy Felsten
                         Kevan Choset
                         1633 Broadway
                         New York, New York  10019
                         (212) 489-8230

                     *Attorneys for Third Party CME, LLC*

U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

-----------------------------------------------------------x
                                                           :
In re: Seroquel Products Liability Litigation              :
                                                           :
-----------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

      I, Kevan Choset, an attorney admitted to practice in the State of New York,

hereby certify that on August 3, 2007, a true and correct copy of CME, LLC's RESPONSES

AND OBJECTIONS TO THE JUNE 28, 2007 SUBPOENA DUCES TECUM AND AD

TESTIFICANDUM were served by Federal Express upon:

      Michael Pederson, Esq.
      Weitz & Luxenberg
      180 Maiden Lane
      New York, NY 10038

                               _____
                                        Kevan Choset