**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

PHILIP G. SPELLANE

DIRECT: (585) 419-8638
FAX: (585) 419-8811
PSPELLANE@HARRISBEACH.COM

July 20, 2007

Michael Pederson, Esq.
Weitz & Luxenberg
180 Maiden Lane
New York, New York 10038

Re: Seroquel Products Liability Litigation
Case Number: MDL No. 1769
Case Pending in the Middle District of Florida, Orlando Division

Dear Mr. Pederson:

We represent Harris Interactive Inc. ("Harris") with respect to your Subpoena Duces Tecum in the above-referenced matter.

As an initial matter, the documentation sought from Harris does not appear to be reasonably related to your client's claims in the underlying matter, or calculated to lead to the discovery of admissible evidence. Specifically, Harris did not develop, market, advertise, prescribe or distribute Seroquel. Its involvement with Seroquel was limited to market surveys, which are not at issue in this action.

Moreover, Harris is a non-party to this action, and the subpoena's sweeping, duplicative requests for documentation demand all documents referring or relating to Seroquel, without regard to the time or manner in which they were sent, received or created. As such, compliance with these demands will be unduly oppressive and burdensome to Harris. Harris has neither the staff nor the resources to set aside its pending projects and spend weeks culling all of its files from all times and locations for any and all documents regarding or referring to Seroquel. As such, Harris cannot consent to production of the requested documents in the absence of advance compensation for its time and effort in complying with your requests. Based upon Harris's experience with similar litigation, such costs are estimated to total a minimum of $7,500.00. Moreover, because the requests demand confidential proprietary information, Harris cannot comply absent a Protective Order safeguarding the confidentiality of any information provided pursuant to a third party subpoena.

Accordingly, pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Harris responds to your numbered requests as follows:

July 20, 2007
Page 2

(1) **Any and all contracts or agreements between AstraZeneca and Harris Interactive relating to Seroquel.**

Harris objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Harris work product, attorney-client privileged materials, and/or attorney work product.

(2) **Any and all communications between AstraZeneca and Harris Interactive relating to Seroquel.**

Harris objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Harris work product, attorney-client privileged materials, and/or attorney work product.

(3) **Any and all communications between Harris Interactive and any other person relating to Seroquel.**

Harris objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Harris work product, attorney-client privileged materials, and/or attorney work product.

(4) **Any and all documents prepared by, prepared for, or received by Harris Interactive relating to Seroquel.**

Harris objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Harris work product, attorney-client privileged materials, and/or attorney work product.

(5) **Any and all marketing materials relating to Seroquel prepared by, prepared for, or received by Harris Interactive.**

Harris objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Harris work product, attorney-client privileged materials, and/or attorney work product.

July 20, 2007
Page 3

(6) All documents reflecting the amount of money paid to Harris Interactive by AstraZeneca relating to professional services provided by Harris Interactive relating to Seroquel.

Harris objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Harris work product, attorney-client privileged materials, and/or attorney work product.

Very truly yours,

*Philip G. Spellane*

Philip G. Spellane

072214 877376.1