# INGENIX.

12125 Technology Drive | Eden Prairie, MN 55344 | phone: (952) 833-7100 | fax: (952) 833-7201 | www.ingenix.com
Matthew Klein | Deputy General Counsel | phone: (952) 833-7156 | matthew.klein@ingenix.com

July 13, 2007

**VIA U.S. MAIL**
Michael Pederson, Esq.              **RULE 45 OBJECTION LETTER**
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

     Re:   *Subpoena Duces Tecum* to i3 CME
           *In re: Seroquel Products Liability Litigation*
           MDL Case 1769, U.S. District Court, M.D. Florida

Dear Mr. Pederson:

   This letter is sent pursuant to F.R.C.P. 45 to object to the document requests and deposition notice contained in the subpoena *duces tecum* delivered to i3 CME in the above-referenced matter. i3 CME is an assumed name for Distance Learning Network, Inc., which is a subsidiary of Ingenix Pharmaceutical Services, Inc.

   i3 CME objects to the subpoena on the grounds that the document requests are vague; the "Subpoena Definitions" are overbroad and create an undue burden on i3 CME; the document requests seek documents from a third party to the litigation (i3 CME) that can be obtained from other parties, including a litigation party (AstraZeneca); the document requests seek documents that are confidential and proprietary to i3 CME and its clients; the scope of the search and production required create an undue burden on i3 CME; and, given the breadth and scope of the document requests, the subpoena provides insufficient time in which to respond.

   By way of example of the undue burden, our preliminary investigation into the document requests in the subpoena indicates that the subpoena could be construed to require i3 CME to search for documents in the possession of between 25 and 50 current employees of i3 CME as well as several former employees and to review between 50 and 100 boxes of documents for potential production.

   i3 CME further objects to the subpoena on the grounds that the "Deposition upon Written Questions" is not consistent with F.R.C.P. 45 or 31. i3 CME reserves the right to object to specific questions on the record in the course of any Deposition upon Written Questions that may occur.

Michael Pederson, Esq.
July 13, 2007
Page 2

    If a protective order has issued, please provide me with a copy so that I can determine whether it adequately addresses i3 CME's confidentiality concerns. Please also contact me to discuss the remainder of these objections and whether the document requests and deposition upon written questions can be narrowed to address these objections.

                                  Sincerely,

                                  Matthew Klein