# MURTHA CULLINA LLP

ATTORNEYS AT LAW

WHITNEY GROVE SQUARE
TWO WHITNEY AVENUE, P.O. BOX 704
NEW HAVEN, CONNECTICUT 06503-0704

TELEPHONE (203) 772-7700
FACSIMILE (203) 772-7723
www.murthalaw.com

JENNIFER M. DELMONICO
(203) 772-7735
JDELMONICO@MURTHALAW.COM

July 12, 2007

VIA FACSIMILE & U.S. MAIL

Michael Pederson, Esq.
Weitz & Luxenberg
180 Maiden Lane
New York, NY  10038

Re: In re Seroquel Products Liability Litigation
    MDL No. 1759 (M.D. Fla.)

Dear Attorney Pederson:

This firm represents Simpson Healthcare Executives in connection with the subpoena you served on July 3, 2007 in the above-referenced litigation. I am writing, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to serve Simpson Healthcare's preliminary written objections to producing the designated materials and to producing electronically-stored information in the form requested in the subpoena.

Simpson Healthcare objects to the subpoena as a whole because it does not allow reasonable time for compliance. Simpson Healthcare objects to Document Requests 1 through 6 because they are overly broad and because compliance would subject Simpson Healthcare to undue burden.

Simpson Healthcare also objects to the form of production specified in the Subpoena Instructions, and objects to Document Requests 1 through 6 to the extent they incorporate the Subpoena Instructions. To the extent Simpson Healthcare produces electronically-stored information, it is willing to do so in single-page TIFF files, but objects to producing electronically-stored information in its native form or some other searchable form. To the extent Simpson Healthcare produces documents that do not exist in electronic form, it is willing to do so in paper form, but objects to producing such documents in single-page TIFF files with corresponding load files.

Finally, Simpson Healthcare objects to the Deposition upon Written Questions because it fails to satisfy the requirements of Rule 31. For example, it fails to name an officer before whom the deposition is to be taken.

BOSTON    HARTFORD    NEW HAVEN    STAMFORD    WOBURN

Michael Pederson, Esq.
July 12, 2007
Page 2

      Please feel free to call me if you would like to discuss Simpson Healthcare's objections in more detail.

      Best regards.

                              Sincerely,

                              Jennifer M. DelMonico