


# TOWERS PERRIN

## Jane O. McCahill
## Corporate Counsel

Centre Square East
1500 Market Street
Philadelphia, PA 19102-4790
215 246-7266
Fax: 215 246-4463
Email: jane.mccahill@towersperrin.com

## LEGAL RESOURCES - FAX COVER SHEET

| | |
|---|---|
| Date: 7.18.2007 | To: Michael Pederson |
| No. Pages: 3 (Including cover sheet) | Location: _____ |
| | Fax Number: 212.344.5461 |

CONFIDENTIALITY NOTICE: The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed above. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us.

Message:



**TOWERS PERRIN**

July 18, 2007

<u>Via e-mail and Facsimile</u>

Michael Pederson
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Re:   <u>In Re Seroquel Products Liability Litigation</u>

<u>NON-PARTY TOWERS PERRIN'S OBJECTIONS TO SUBPOENA SERVED BY PLAINTIFFS</u>

Dear Mr. Pederson:

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, Towers Perrin objects to the subpoena served in the above case as follows:

1. Towers Perrin objects to the subpoena because it is overbroad and to require Towers Perrin, a non party to this litigation, to respond would subject it to an unreasonable and unwarranted burden.

2. Towers Perrin objects to the subpoena to the extent that it imposes onerous, invasive and costly obligations on a non party with respect to production of electronically stored documents.

3. Towers Perrin objects to the subpoena to the extent that it calls for the production of documents that are that are presently in plaintiffs possession or readily available to plaintiffs through means other than burdening a non party to this litigation.

4. Towers Perrin objects to the subpoena to the extent that it purports to require an appearance at deposition in violation of the applicable rules of Civil Procedure.

5. Towers Perrin objects to the subpoena to the extent that it purports to require an appearance at deposition because the timeframe within

Mr. Michael Pederson
Page Two
July 18, 2007



which the appearance is required is unreasonable and the place for appearance inconvenient.

6. Towers Perrin objects to the subpoena to the extent that it seeks discovery that is not relevant to the issues in the above captioned case and therefore exceeds the scope of permissible discovery in this case.

7. Towers Perrin objects to the subpoena to the extent that it calls for the production of documents that constitute work product, contain or reflect attorney-client communications, or are otherwise privileged and/or protected from discovery.

8. Towers Perrin objects to the subpoena to the extent that it seeks to expand the requirements or violate the applicable provisions of the Federal Rules of Civil Procedure or any other applicable statute, rule or regulation.

9. Towers Perrin reserves its right to supplement these responses and objections consistent with the Federal Rules of Civil Procedure.

As I indicated in my telephone message early this week, I am available to discuss at your convenience.

Sincerely,

Jane O. McCahill