07/25/2007 16:45 FAX                         ☑001



# SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
## LAWYERS
### RALEIGH, NORTH CAROLINA

**MAILING ADDRESS**
Post Office Box 2611
Raleigh, North Carolina 27602-2611
FAX: 919-821-6800

**OFFICES**
2500 Wachovia Capitol Center
Raleigh, North Carolina 27601
TELEPHONE: 919-821-1220

## PLEASE DELIVER THIS FACSIMILE IMMEDIATELY

TO: Michael E. Pederson, Esq.

COMPANY: Weitz & Luxenberg, P.C.

FACSIMILE NUMBER: 212-363-2721

CONFIRMATION NUMBER:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM: Michael R. Gordon, Esq.   DIRECT DIAL: 919-821-6798

NUMBER OF PAGES (INCLUDING COVER SHEET): 3

DATE: July 25, 2007   CLIENT/MATTER NUMBER: 8145.17

SPECIAL COMMENTS:

Please see attached.

If you have trouble receiving this transmission or do not receive all pages, please contact the sender directly or our Office Services Department at (919) 821-6644 or (919) 821-6602.

☐ Original will not follow   Original will follow via:
         ☑ Regular Mail   ☐ Overnight Delivery
         ☐ Hand Delivery   ☐ Other

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby noticed that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received the communication in error, please immediately notify us by telephone (if long distance, please call collect) and return the original message to us at the above address via the U.S. Postal Service. Thank you.

#980141_1.DOC

# SMITH, ANDERSON, BLOUNT,
## DORSETT, MITCHELL & JERNIGAN, L.L.P.

LAWYERS

OFFICES
2500 Wachovia Capitol Center
Raleigh, North Carolina 27601

MAILING ADDRESS
P.O. Box 2611
Raleigh, North Carolina
27602-2611

July 25, 2007

MICHAEL R. GORDON
DIRECT DIAL: (919) 821-6798
E-Mail: mgordon@smithlaw.com

TELEPHONE: (919) 821-1220
FACSIMILE: (919) 821-6800

**VIA FACSIMILE (212-363-2721)**
**US MAIL/E-MAIL (mpederson@weitzlux.com)**

Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, New York 10038

**RULE 45 OBJECTION LETTER**

  Re: Subpoena to Verispan
     In Re: Seroquel Products Liability Litigation
     MDL Case 1769, U.S. District Court, M.D. Florida
     Our File No.: 8145.17

Dear Michael:

  I enjoyed speaking with you today. As you now know, we represent Verispan in connection with the subpoena it received regarding the above-referenced matter. Thank you for agreeing to provide me with an immediate 10 (ten) day extension of time. Our new deadline is, therefore, August 9. You further informed me that I should expect to get a call from a lawyer in Houston named "Holly" to discuss a longer extension and other issues regarding the subpoena.

  As we discussed, I am sending you this letter pursuant to F.R.C.P. 45 to object to the subpoena sent to Verispan. Specifically, Verispan objects as follows:

  1. Verispan objects to the subpoena to the extent it requires an obligation to respond greater than that required by the Federal Rules of the Civil Procedure.

  2. The document requests and deposition upon written questions are impermissibly vague.

  3. The "subpoena definitions" are overly broad and create an undue burden on Verispan.

  4. The document requests and deposition upon written questions seek documents from a third party to the litigation (Verispan) that can be obtained from other parties, including a litigation party (Astrazeneca).

#980042_1.DOC

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

July 25, 2007
Page 2

    5.    The document requests and deposition upon written questions seek documents that are confidential and proprietary to Verispan and its clients.

    6.    The requested search and production creates an undue burden on Verispan. Due to the breadth and scope of the document requests and deposition upon written questions, highlighted by the fact that there is not a temporal limitation on the scope of the subpoena, the subpoena provides insufficient time in which to respond.

    7.    Verispan objects to the document requests and deposition upon written questions to the extent that they seek information that might be protected by the attorney-client privilege, work product doctrine, opinion work product doctrine or any other privilege recognized by law.

    8.    Verispan objects to the document requests and deposition upon written questions to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

    9.    Verispan objects to the document requests and deposition upon written questions to the extent that they purport to impose on Verispan an obligation to review, assemble, and produce voluminous materials requiring substantial expenditures of time and imposing unjustifiable expense and inconvenience on Verispan and its attorneys without offering appropriate compensation. This is especially true to the extent that the document request and deposition upon written questions seeks documents and information that is typically purchased by Verispan's clients from Verispan.

    10.    Verispan reserves the right to supplement this response and raise additional objections to the subpoena in the future.

    I look forward to hearing back from "Holly."

                                  Sincerely,

                                  Michael R. Gordon

MRG:kap

#980042_1.DOC