# KELLY, OLSON, MICHOD, DeHAAN & RICHTER, L.L.C.
## ATTORNEYS AT LAW

JOHN A. KELLY, JR.
CHARLES L. MICHOD, JR.*
RONALD M. DEHAAN
PAUL J. RICHTER
STEPHEN B. COHEN†
MARK A. COSTA
STEVEN A. KOGA
DAVID S. ADDUCE
FRANK G. SIEPKER
JOANNE F. HURLEY
MARC J. CHALFEN
JEREMIAH C. VAN HECKE**
R. BRADLEY JOHNSON
ANNA MORRISON-RICORDATI
KIMBERLY A. MAHAN

RAYMOND OLSON, JR. (1933-2004)

*ALSO ADMITTED IN NEW YORK
†ALSO ADMITTED IN INDIANA
**ALSO ADMITTED IN FLORIDA

30 SOUTH WACKER DRIVE
SUITE 2300
CHICAGO, ILLINOIS 60606-7410

FOUNDED 1872

July 20, 2007

TELEPHONE
(312) 236-6700

FACSIMILE
(312) 236-6706

OF COUNSEL
ALVIN L. KAPLAN
CHARLES L. MICHOD, SR.

INDIANA OFFICE
9337 CALUMET AVENUE
SUITE A-1
MUNSTER, INDIANA 46321
(219) 836-1171
(219) 836-2003 FAX

File No. 10639.58

**VIA FACSIMILE (212-344-5461)**

Mr. Michael Pederson
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

RE: IN RE SEROQUEL PRODUCTS LIABILITY LITIGATION: THIRD PARTY SUBPOENA

Dear Mr. Pederson:

Enclosed is a copy of the Motion to Quash which we are prepared to file in this cause unless we come to some understanding on the Subpoena issued against ZS Associates (ZS). This letter is in response to the subpoena served on ZS on July 3, 2007, in the above-referenced matter. We are conducting due diligence in response to the subpoena and, subject to any objections, look forward to working with you to resolve this matter to the satisfaction of the parties.

In the meantime, in addition to what is set forth in the enclosed Motion to Quash, ZS states as follows:

1. ZS objects to the document requests and deposition upon written questions to the extent that they seek documents and information from ZS that may be in the possession of third parties. ZS has no obligation to produce documents that are not in its possession or under its control.

2. ZS objects to the document requests and deposition upon written questions to the extent that they seek information that goes beyond the issues raised in the underlying litigation.

3. ZS objects to the document requests and deposition upon written questions to the extent that they seek information that might be protected by the attorney-client privilege, work product doctrine, opinion work product doctrine, or any other privilege recognized by law.

KELLY, OLSON, MICHOD, DEHAAN & RICHTER, L.L.C.

Mr. Michael Pederson
File No. 10639.58
July 20, 2007
Page 2

4. ZS objects to the document requests and deposition upon written questions to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

5. ZS objects to the document requests and deposition upon written questions to the extent that they purport to impose upon ZS an obligation to review, assemble and produce voluminous materials requiring substantial expenditures of time and imposing unjustifiable expense and inconvenience on ZS and its attorneys without offering appropriate compensation.

6. ZS objects to the document requests and deposition upon written questions to the extent that they are so broadly worded that they arguably purport to oblige production by ZS of documents containing highly sensitive and confidential material and/or trade secrets. ZS objects to the production of any matters internal to ZS, on the grounds that said information is confidential and proprietary in nature, constitutes trade and business secrets, and is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7. ZS objects to the production of documents absent an appropriate protective order governing the production.

8. ZS objects to the Definitions and Instructions to the extent they place an unreasonable burden on ZS or are inconsistent with the applicable rules of civil procedure.

ZS reserves the right to supplement this response and raise additional objections to the subpoena in the future.

Please call me at 312-236-6700 if you have any questions.

Very truly yours,

Ronald M. DeHaan

RMDH:tls
Enc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | ) | Case No. MDL No. 1769 |
| | ) | Case Pending in the |
| SEROCUEL PRODUCTS LIABILITY | ) | Middle District of |
| LITIGATION, | ) | Florida, Orlando Division |

## ZS ASSOCIATES INC. MOTION TO QUASH SUBPOENA SERVED BY PLAINTIFFS

ZS Associates, Inc. ("ZS"), a third-party subpoenaed witness, pursuant to Fed. Rules Civ. Proc. Rule 45(c)(3)(A), (B), 28 USCA, as its Motion to Quash the Subpoena served upon ZS by Plaintiff and, in support, states as follows:

1. On July 3, 2007, ZS was served with a Subpoena issued by Plaintiffs requiring ZS to produce documents in a specified manner and to appear to testify in connection with those documents on July 30, 2007 (Subpoena).

2. The Subpoena violates the standards of Rules Civ. Proc. 45 in that it:

   a. Provides an impossible date and time for the production of twenty-one years of documents from several sources by ZS in less than thirty days.

   b. Does not except from disclosure privileged or other protected matter;

   c. Is overly broad and places an undue burden upon ZS in costs, labor, and materials, for ZS to produce materials which are not and would not lead to evidence, without providing for compensation to ZS for those efforts and costs.

   d. Requires ZS to disclose trade secret and other confidential research, development or commercial information;

e. Requires ZS to produce documents, in Exhibit A, Paragraph 4, of the instructions, in specific formats which would be a great expense to ZS without providing for reimbursement to ZS for those expenses;

f. Requires ZS to produce documents already within the possession, control or dominion of Plaintiffs or other parties to this litigation which could be more easily produced by Plaintiffs or other parties to this litigation at their expense.

3. ZS estimates that the internal cost to ZS to comply with the Subpoena will exceed Two Hundred Thousand Dollars ($200,000.00) and ZS will need to engage external counsel with Federal Trial Bar experience to guide ZS through the new Federal Rules pertaining to electronic discovery and production at an additional cost of at least Twenty Thousand Dollars ($20,000.00).

4. The Subpoena, therefore, subjects ZS to an undue burden.

5. In addition, ZS also objects to the Subpoena because it requires ZS, which is not a party to this litigation, to cull through in excess of twenty-one years of the records of ZS and ZS' predecessors, including computers, hard drives, and hard copies of materials to determine the existence and location of the documents requested from ZS without providing compensation for those efforts.

6. Also, ZS objects to the Subpoena because it requires ZS to review contracts between ZS and clients of ZS to determine what, if any, legal duties and obligations ZS might have to clients of ZS for confidentiality and non-disclosure without providing compensation to ZS for staff or legal assistance in doing so.

WHEREFORE, ZS respectfully requests this Court to quash and strike the Subpoena or, in the alternative, to enter an order substantially modifying the Subpoena to include

2

Plaintiffs' duty to narrow the scope and breadth of the Subpoena, and Plaintiffs' duty to deposit with ZS, prior to ZS' embarking upon complying with that modified Subpoena, an amount of money which ZS estimates might be satisfactory to compensate ZS for its internal labor and costs in complying with that modified Subpoena and to pay ZS' outside counsel for reasonable assistance in complying with that Subpoena.

Respectfully submitted,

ZS ASSOCIATES, INC.

By Ronald M. DeHaan, as attorney to ZS ASSOCIATES, INC.

Ronald M. DeHaan
Kelly, Olson, Michod, DeHaan & Richter, L.L.C.
Attorneys for Third-Party Subpoenaed Witness
30 South Wacker Drive; Suite 2300
Chicago, IL 60606
312-236-6700

3



# KELLY, OLSON, MICHOD, DEHAAN & RICHTER, L.L.C.
## ATTORNEYS AT LAW

JOHN A. KELLY, JR.
CHARLES L. MICHOD, JR.*
RONALD M. DEHAAN
PAUL J. RICHTER
STEPHEN B. COHEN†
MARK A. COSTA
STEVEN A. KOGA
DAVID S. ADDUCE
FRANK G. SIEPKER
JOANNE F. HURLEY
MARC J. CHALFEN
JEREMIAH C. VAN HECKE**
R. BRADLEY JOHNSON
ANNA MORRISON-RICORDATI
KIMBERLY A. MAHAN

RAYMOND OLSON, JR. (1933-2004)

*ALSO ADMITTED IN NEW YORK
†ALSO ADMITTED IN INDIANA
**ALSO ADMITTED IN FLORIDA

30 SOUTH WACKER DRIVE
SUITE 2300
CHICAGO, ILLINOIS 60606-7410

FOUNDED 1872

TELEPHONE
(312) 236-6700

FACSIMILE
(312) 236-6706

OF COUNSEL
ALVIN L. KAPLAN
CHARLES L. MICHOD, SR.

INDIANA OFFICE
9337 CALUMET AVENUE
SUITE A-1
MUNSTER, INDIANA 46321
(219) 836-1171
(219) 836-2003 FAX

# TRANSMITTAL SHEET

DATE/TIME: 7-20-07 @ ____ .m.             FILE NO. 1063958

TO: Michael Pederson
Company: Weitz & Luxenberg
Fax No.: (212) 344 5461

No. of Pages (Includes Cover Sheet): 6       ORIGINAL (will) (will not) be sent.

FROM: Ronald M. DeHaan
KELLY, OLSON, MICHOD, DEHAAN & RICHTER, L.L.C.

_____ Sent pursuant to your request.
_____ I will call you later regarding this.
_____ Please review and give me your comments by calling me at 312-236-6700.
_____ Please make corrections noted.

Comments: Following is my 7-20-07 letter to you with enclosure.

If Any Problems Concerning This Transmission, Please Call Sender
or ___Terry___ at (312) 236-6700

## CONFIDENTIALITY NOTICE:

THE FACSIMILE MESSAGE ACCOMPANYING THIS TRANSMITTAL FORM CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL TO WHOM IT IS SPECIFICALLY ADDRESSED. IF THE READER OF THIS NOTICE IS NOT THE INTENDED ADDRESSEE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY MAIL. WE APPRECIATE YOUR COOPERATION.