UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | No. MDL No. 1769<br>Pending in the Middle District of Florida, Orlando Division |

### RESPONSES AND OBJECTIONS OF NON-PARTY GFK MARKET MEASURES TO PLAINTIFFS' SUBPOENA DATED JUNE 28, 2007

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party GfK Market Measures ("GfK") hereby responds to the requests for production of documents and the written questions set forth in plaintiff's Subpoena dated June 28, 2007 (the "Subpoena") as follows:

### GENERAL OBJECTIONS

1. GfK objects to the Subpoena to the extent that it seeks the production of confidential business information, proprietary information or trade secrets of GfK. GfK will not produce any documents unless a stipulation and order protecting the confidentiality of any confidential materials produced by GfK in response to the Subpoena is signed by the parties and entered by the Court.

2. GfK objects to the Subpoena to the extent that it seeks information or

NY2 - 477285.01

documents that are protected by the attorney-client privilege, that are protected by the work-product doctrine, that were prepared in anticipation of litigation, that constitute or disclose the mental impressions, conclusions, opinions or legal theories of any attorney of GfK concerning this or any other litigation, or that are protected by any other applicable privilege or doctrine. Any production, inadvertent or otherwise, of any information protected from disclosure by virtue of any applicable privilege, doctrine, or other protections shall not be deemed or construed to constitute a waiver of any rights or privileges or other protection, and shall not prejudice the right of GfK to object to any subsequent use of such information. GfK reserves the right to demand the return of any such document, and any copies thereof, and the destruction of any materials that contain information derived from any such document.

3. GfK objects to the Subpoena to the extent that it seeks to impose requirements and obligations in excess of those required or authorized by the Federal Rules of Civil Procedure, or any other applicable law or rules.

4. GfK objects to the Subpoena to the extent it purports to impose upon GfK a continuing obligation to produce documents beyond the date of the Subpoena.

5. GfK objects to the Subpoena on the grounds that it is burdensome, oppressive and unreasonable to the extent that the discovery requests seek information from a non-party that could be obtained from some other source that is more convenient, less burdensome or less expensive.

6. GfK objects to the Subpoena to the extent that the discovery requests are vague, ambiguous, duplicative, unduly burdensome or overbroad.

7. GfK objects to the Subpoena to the extent that responding thereto will require GfK to incur costs and expenses that should be borne by the party serving the Subpoena.

8. GfK objects to the Subpoena to the extent that the discovery requests seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. GfK objects to the Subpoena on the ground that the "relevant time period" for which information is sought is overbroad and unduly burdensome. GfK further objects to instruction No. 3 of the Subpoena on the grounds that it is vague, ambiguous and unduly burdensome.

10. GfK objects to instruction number 1 of the Subpoena on the ground that it is overly broad and unduly burdensome, and seeks to impose requirements and obligations in excess of those required or authorized by the Federal Rules of Civil Procedure, or any other applicable law or rules.

11. GfK objects to instruction number 4 of the Subpoena to the extent that it seeks to impose requirements and obligations in excess of those required or authorized by the Federal Rules of Civil Procedure, or any other applicable law or rules, and is unduly burdensome.

NY2 - 477285.01

12.     GfK objects to plaintiffs' request for a deposition upon written questions on the grounds that that request is inconsistent with Rule 31 of the Federal Rules of Civil Procedure.

13.     GfK's responses to the Subpoena shall not be deemed to constitute admissions as to any particular fact, that any statement or characterization in the Subpoena is accurate or complete, or that any particular document exists, is discoverable, or is admissible into evidence.

14.     The specific responses set forth below are based on information now available to GfK, and GfK reserves the right to revise, correct, add to, or clarify the objections or responses set forth herein at any time.

15.     The objections set forth above (the "General Objections") are incorporated in each response set forth below, and shall be deemed to be continuing even though not specifically referred to in each response to each specific request.  Inclusion of one or more of the General Objections in the specific objection to any given discovery request does not constitute waiver of the remainder of the objections for that request.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

Any and all contracts or agreements between AstraZeneca and GfK Market Measures relating to Seroquel.

**Response:**

GfK objects to the request as overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, see response to Request no. 4.

**Request No. 2:**

Any and all communications between AstraZeneca and GfK Market Measures relating to Seroquel.

**Response:**

GfK objects to this request as overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, see response to Request no. 4.

**Request No. 3:**

Any and all communications between GfK Market Measures and any other person relating to Seroquel.

**Response:**

GfK objects to this request as overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, see response to Request no. 4.

**Request No. 4:**

Any and all documents prepared by, prepared for, or received by GfK Market Measures relating to Seroquel.

**Response:**

GfK objects to this request as overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections and the

5

General Objections set forth above, GfK will produce copies of the final reports that it prepared for AstraZeneca concerning Seroquel from 2000 through the date of this response.

**Request No. 5:**

Any and all marketing materials relating to Seroquel prepared by, prepared for, or received by GfK Market Measures.

**Response:**

GfK objects to this request as overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, see Response to Request No. 4.

**Request No. 6:**

All documents reflecting the amount of money paid to GfK Market Measures by AstraZeneca relating to professional services provided by GfK Market Measures relating to Seroquel.

**Response:**

GfK objects to this request on the grounds that it is unduly burdensome, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that could be obtained from other sources in a manner that is less burdensome and expensive.

CHADBOURNE & PARKE LLP

By _____
Douglas R. Jensen
Attorneys for GfK, Inc.
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100