**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**<br><br>**THIS RELATES TO:**<br><br>**ALL CASES** | **MDL Docket No.:**<br>**6:06-md-1769-Orl-22DAB** |

**CONFIDENTIALITY ORDER FOR THIRD PARTY WITNESSES**

It is hereby ordered that the following provisions shall govern claims of confidentiality by any third party witness in these proceedings:

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any third party witness's claims of confidentiality.

(c) Discovery material containing trade secrets, or other confidential or proprietary research, development, manufacturing, or commercial or business information, may be designated as confidential. Without prejudice to a party's right to seek production of the following information or of a third party witness's right to object to its production, the information subject to a confidentiality designation may include the following: customer names, proprietary licensing, distribution, marketing,

        design, development, research, and manufacturing information – not publicly filed with any federal or state regulatory authority – regarding products and medicines, whether currently marketed or under development; clinical studies not publicly filed with any federal or state regulatory authority; information concerning competitors; production information; personnel records and information; and financial information not publicly filed with any federal or state regulatory authority.

(d)     If any third party witness believes a document not described in the above paragraph should nevertheless be considered confidential, it may make an application to the court. Such application shall only be granted for reasons shown and for extraordinary grounds.

(e)     Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of the lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation. The parties agree that any discovery material produced in this litigation may be used in all actions encompassed by this MDL and in any other Seroquel action brought by or on behalf of any other party who agrees to be bound by the terms of this order.

(f)     If a party believes that a document designated or sought to be designated confidential by a third party witness does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with

   opposing counsel.  In the event that such dispute cannot be resolved by the parties, either party or the third party witness may apply to the court for a determination as to whether the designation is appropriate.  The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(g) At the time of deposition or within 10 days after receipt of the deposition transcript, a party or third party witness may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above.  This designation shall be in writing and served upon all counsel.  No objection shall be interposed at deposition that an answer would elicit confidential information.  Transcripts will be treated as confidential for this 10-day period.  Any portions of the transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

(h) In any application to the court referred to or permitted by this order, the court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

SIGNED THIS _____ day of _____, 2007.

_____
JUDGE