UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769 _

This Document Relates to All Cases in Exhibit "A" to Document No. 328

ASTRAZENECA'S REPLY SUPPORTING ITS F.R.C.P. 12(c) MOTION REGARDING
CERTAIN STRICT LIABILITY "DESIGN DEFECT" AND
RELATED "IMPLIED WARRANTY" CLAIMS

I.      INTRODUCTION

The procedural and substantive arguments in Plaintiffs' Response ("Resp.") merely

confirm that this Motion should be granted.  Procedurally, plaintiffs' baseless criticism of the

"cursory" nature of AstraZeneca's choice-of-law analysis cannot mask their own failure to

demonstrate – as to even *one* plaintiff under *any* choice-of-law regime – that some law other than

that of plaintiffs' state of residency, as pled in their complaints, provides the governing law on

the claims challenged here.  Substantively, plaintiffs concede a number of the jurisdictions at

issue.[1]  Their arguments concerning the remaining disputed jurisdictions involve little more than

cramped interpretations of AstraZeneca's cited authorities, which plaintiffs ineptly criticize as

"dicta."  *See CSX Transportation Inc. v. Trism Specialized Carriers, Inc*., 182 F.3d 788, 790-91

(11th Cir. 1999) (federal courts properly consider "dicta" where predicting how state courts

would rule).  Critically, plaintiffs have failed to satisfy their burden to cite state authorities from

---

[1]  Plaintiffs effectively concede at least seven of the jurisdictions at issue, *i.e.*, Delaware, Michigan, North Carolina, Utah, and Virginia, as well as Pennsylvania and California.  *See* Resp. at 8-9, 14-16, 18, 19.  Their Pennsylvania concession includes only strict liability "design defect" claims, but their effort to salvage "implied warranty" claims in that State is unconvincing and flatly at odds with *Parkinson v. Guidant Corp.*, 315 F. Supp. 2d 741, 752-53 (E.D. Pa. 2004), as well as *Bearden v. Wyeth*, 482 F. Supp. 2d 614, 618 (E.D. Pa. 2006) ("Pennsylvania does not" recognize "strict liability" or "implied warranty" claims "for prescription drugs").

the disputed jurisdictions providing the requisite "assurance," *Chapman v. American Cyanimid Co.*, 861 F.2d 1515, 1520 (11th Cir. 1988), that the challenged claims *do* exist as viable causes of action in the prescription drug context under existing state law.  Moreover, as explained further below, plaintiffs' entire method of analysis is contrary to settled authority governing how federal courts sitting in diversity should, and should not, resolve the sort of state-law issues implicated here.  *See*, *e.g*., *CSX Transportation*, 182 F.3d at 790-91; *Chapman*, 861 F.2d at 1520; *accord Bircher v. Gehl Co*., 88 F.3d 518, 521 (7th Cir. 1996).

II.     **ARGUMENT**

        A.     **Plaintiffs' Baseless Choice-Of-Law Contentions Are Insufficient To Defeat The Instant Motion**

Plaintiffs' use of Seroquel lies at the core of every claim in this MDL, including the products liability claims under strict liability "design defect" and "implied warranty" theories challenged on this Motion.  AstraZeneca's choice-of-law analysis relies on the proposition that the state of plaintiffs' residency, as pled in their own complaints, provides the underlying substantive law governing the products liability claims at issue – because that is where these plaintiffs would have been prescribed and used Seroquel and then suffered their alleged injury (crucial determining factors under any choice-of-law regime).  *See* Motion at 23-24 (citing cases); *see also Bearden v. Wyeth*, 482 F. Supp. 2d 614, 619-21 (E.D. Pa. 2006) (applying products liability law of Arkansas because it was plaintiff's state of "residency" and, thus, where plaintiff "was prescribed, bought, ingested, and was allegedly injured by [defendants'] drug," and where "the parties' relationship was centered"); *accord Dean v. Eli Lilly & Co*., 2007 WL 1589496, *4 (D.D.C. June 1, 2007); *Henderson v. Merck & Co.*, 2005 WL 2600220 (E.D. Pa.

Oct. 11, 2005); *Woodbury v. Janssen Pharm., Inc.*, 1997 WL 201571 (N.D. Ill. Apr. 10, 1997).[2]

Plaintiffs suggest that this Motion is "premature" because different jurisdictions employ "divergent" choice-of-law rules, criticizing AstraZeneca's choice-of-law analysis as "cursory." Resp. at 2-4.  Yet, as the cases cited in AstraZeneca's Motion make clear, courts have overwhelmingly held that the law of plaintiffs' state of residency – *i.e.*, where the plaintiffs were prescribed and used the drug and then suffered their alleged injury – provides the substantive law governing products liability claims *regardless* of which choice-of-law regime applies in the forum jurisdiction (including each approach identified by plaintiffs:  the "governmental interest" test, the "most significant relationship test," and Massachusetts's "functional approach" (Resp. at 3-4)).  *See* Motion at 23-24 & n. 17 (citing and discussing cases).[3]  Plaintiffs' Response cites *no* case indicating that the law of plaintiffs' residency does not in fact provide the governing products liability law under any choice-of-law regime.  Nor do plaintiffs even *argue* that some

---

[2]  Contrary to plaintiffs' claim that AstraZeneca merely "presume[d]" that the challenged claims are governed by the law of plaintiffs' state of residency, Resp. at 2, its Motion clearly *argued and demonstrated* why those laws *do* govern, citing supporting authority, *see* Motion at 23-24. AstraZeneca's use of the word "presumptively" related *solely* to the proposition (which plaintiffs provide no basis to dispute) that plaintiffs' own pleaded state of residency provides a sound proxy for where they were prescribed and used Seroquel and suffered their alleged injury.  *Id.*

[3]  *See also, e.g.*, *Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 965 (7th Cir. 2002) (applying New Jersey's "governmental interest" test and holding that products liability law of Indiana, where plaintiffs resided and drug was ingested, governed); *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 456 (E.D. La. 2006) (under "most significant relationship" test, products liability claims are governed by law of plaintiffs' state of residency, which has strongest interest "by virtue of each state being the place where the plaintiffs reside and, therefore, the states in which the plaintiffs" were prescribed, ingested, and injured by, defendants' drug); *Adamu v. Pfizer, Inc.*, 399 F. Supp. 2d 495, 502 (S.D.N.Y. 2005) (applying Connecticut's doctrine of *lex loci delicti*, under which the law of the place of injury controls; Nigerian law governs claims of Nigerian residents who received the drug there); *Dean v. Eli Lilly & Co.,* 2007 WL 1589496 (D.D.C. June 1 , 2007) (applying the District of Columbia's choice-of-law analysis and holding that Massachusetts, where plaintiffs resided, and purchased and ingested the drug, governs).

different State's law should govern the challenged claims; indeed, they provide no alternative

choice-of-law analysis at all.[4]  Plaintiffs merely assert that the Court should defer resolution of

this Motion to some unspecified later time because, their arguments suggest, the specter of doing

any choice-of-law analysis is simply too daunting in this MDL.  That position is a baseless and

insufficient response to AstraZeneca's legally supported choice-of-law analysis.

> **B**.      **Plaintiffs' Substantive Arguments Are Unavailing, And Premised On A Method Of Analysis Contrary To Settled Eleventh Circuit Authority**

While effectively conceding at least seven of the jurisdictions at issue (*see* n.1, *supra*),

plaintiffs try to avoid dismissal of the challenged claims in the remaining jurisdictions by relying

principally on three rhetorical devices.  First, narrowly construing AstraZeneca's cited cases,

plaintiffs label the reasoning that supports this Motion mere "dicta" and then urge the Court to

disregard those authorities as "inapposite" and "of no assistance to the Court" because the

"holding" in some of the cases was purportedly "limited" or not squarely "on point."  *See*, *e.g*.,

Resp. at 9, 10, 11, 12, 13, 14, 16, 17, 19, 20.  Second, they suggest that the Motion should be

denied because the relevant law in these states is unclear or unsettled with respect to the

existence or non-existence of the challenged claims in the prescription drug context.  *See*, *e.g*.,

*id*. at 9-20.  Third, they advance the novel and fanciful theory that non-viable strict liability

"design defect" claims might be resuscitated whenever merely "coupled with

---

[4]  While criticizing as "cursory" AstraZeneca's analysis under Massachusetts' choice-of-law rules, which govern more than 3,000 plaintiffs whose complaints were filed in Massachusetts federal court, plaintiffs nowhere dispute the *correctness* of that analysis.  *See* Resp. at 4 n.2.  Nor do plaintiffs argue that any particular choice-of-law regime in any other applicable jurisdiction – including Alabama, California, the District of Columbia, Illinois, Indiana, Louisiana, Minnesota, New Jersey, New York, Ohio, Oklahoma, Oregon, South Dakota, or Texas (*see* Resp. at 3; Motion, Exh. A) – would lead to a contrary result.

failure-to-warn claims."  *Id*. at 6, 7, 8, 15.  Each of these arguments is unavailing.

It is the *duty* of a federal court sitting in diversity not merely to ascertain whether there is

some clear holding in precedent squarely on point, but also – if there is no such authority – *to*

*predict* how the state's highest court would rule based on indications in the state's decided cases

as well as similar predictions of other federal courts.  *See*, *e.g*., *State Farm Fire & Cas. Co. v.*

*Steinberg*, 393 F.3d 1226, 1231-32 (11th Cir. 2004); *CSX Transportation, Inc. v. Trism*

*Specialized Carriers, Inc*., 182 F.3d 788, 790-91 (11th Cir. 1999).[5]

Contrary to plaintiffs' suggestion that this Court disregard what they label "dicta" in

AstraZeneca's cited authorities, the Eleventh Circuit in *CSX Transportation* affirmed the district

court's granting of a motion for judgment on the pleadings in a diversity action based on its

prediction that the state's highest court would not recognize plaintiffs' liability claim by

reference to decisions that, while not "directly on point," provide a "barometer for forecasting

the law as would be decided by the [State's] Supreme Court" – *including* "dicta" in such cases

because "it is particularly insightful" to the question presented.  182 F.3d at 790-91.[6]

---

[5]  For instance, in *Jacobs v. Dista Products Co.*, 693 F. Supp. 1029 (D. Wyo. 1988), cited in both plaintiffs' Response and AstraZeneca's Motion, the district court explained that it was "unable to find a Wyoming decision which qualifies as precedent on this specific issue," but that, as a court sitting in diversity, it "*must* make the best estimate of how the state's highest court would rule." *Id.* at 1031 (emphasis added); *see also Fioretti v. Massachusetts General Life Ins. Co*., 53 F.3d 1228, 1235 (11th Cir. 1995) (in "total absence of any relevant precedent, it becomes necessary to prognosticate" how a state court would rule).

[6]  Thus, plaintiffs' core criticism of AstraZeneca's arguments as to each disputed jurisdiction is insufficient.  The clear implication from AstraZeneca's cited authorities is that the challenged claims either do not exist as a matter of law in this prescription drug context, or have never been recognized as viable claims.  Plaintiffs' inability to cite authorities establishing that these claims have been recognized in this context in each jurisdiction, despite their adoption and interpretations of comment k to REST. (2D) OF TORTS § 402A, only further underscores why this Motion should be granted.  Ironically, plaintiffs repeatedly try to diminish AstraZeneca's cited

But more fundamentally, plaintiffs' arguments are contrary to settled principles of federalism, which preclude federal courts in diversity cases from adopting expansive interpretations of state-law liability theories without clear authoritative support in current state law.  *See*, *e.g*., *Birchler v. Gehl Co*., 88 F.3d 518, 521 (7th Cir. 1996); *accord Chapman v. American Cyanamid Co.*, 861 F.2d 1515, 1520 (11th Cir. 1988); *Rhynes v. Branick Mfg. Co*., 629 F.2d 409, 410 (5th Cir. 1980).  Thus, in response to the instant Motion, plaintiffs needed to cite authorities in each jurisdiction sufficient to assure that the challenged claims *are* legally recognized causes of action in the prescription drug context notwithstanding AstraZeneca's cited authorities suggesting the contrary.  Plaintiffs cite no such authority.[7]  And where state law is unclear as to the existence of a particular claim or theory, as plaintiffs contend with respect to several jurisdictions here, principles of federalism require this Court to rule conservatively.

Indeed, the Eleventh Circuit follows the principle that federal courts sitting in diversity, when "faced with opposing plausible interpretations of state law," should reject "expansive interpretation[s]" of state law and instead "choose the narrower interpretation which restricts

cases because they "only" involved assertion of failure-to-warn claims; yet that is hardly surprising in jurisdictions that do not recognize design-defect claims in this context.  That plaintiffs in other cases did not gratuitously over-plead hardly bolsters plaintiffs' unsupported efforts to assert the challenged claims here.

[7]  The closest plaintiffs came is to cite one federal decision regarding Texas law, *see* Resp. at 18 (citing *Gerber v. Hoffman-La Roche, Inc.*, 392 F. Supp. 2d 907, 922 (S.D. Tex. 2005)), but even that effort fails.  *Gerber* is not contrary to the holding in *Hackett v. G.D. Searle & Co*., 248 F. Supp. 2d 591, 595 (W.D. Tex. 2002), that Texas does not recognize strict liability "design defect" claims in the prescription drug context.  The court in *Gerber* dismissed the design-defect claim on other grounds (absence of a "safer alternative design") without citing or discussing *Hackett* or any Texas authority recognizing design-defect claims in the prescription drug context.  Moreover, consistent with *Hackett*, FDA-approved prescription drugs are categorically exempted from Texas's statutory provision governing product liability "design defect" claims.  *See* TEX. CIV. PRAC. & REM. CODE §§ 82.005(a) & (d)(2).

liability," *Birchler v. Gehl Co.*, 88 F.3d 518, 521 (7th Cir. 1996) – particularly where, as here,

plaintiffs have not cited state cases providing the requisite *assurance* that their challenged

theories *are* recognized claims in the prescription drug context in each jurisdiction. *Chapman v.*

*American Cyanamid Co.*, 861 F.2d 1515, 1520 (11th Cir. 1988) (affirming district court's

rejection, in diversity action, of novel state-law liability theory where the relevant state's courts

had "not embraced" the theory yet in the context at issue and there was "no assurance [those]

courts would do so"); *see also Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480,

1486 (11th Cir. 1985) (Anderson, J., concurring in part and dissenting in part) (agreeing with

majority that it is "not appropriate for a federal court, sitting in diversity," to adopt expansive

constructions of state law "when there is no indication that the [state] courts would do so");

*Rhynes v. Branick Mfg. Co.*, 629 F.2d 409, 410 (5th Cir. 1980) (federal courts in diversity cases

properly reject liability theories not clearly supported by that state's decided authority, especially

an "extension of [state] product liability theory," unless "a course of [state] decisions permits us

to extrapolate and predict with assurance" that such "substantive innovation" is part of the

governing state law) (cited with approval in *Chapman*, *supra*).

Hence, plaintiffs' core arguments against AstraZeneca's Motion (*see* p. 4, *supra*)

ultimately cut against them.  Under the governing authorities, what is dispositive is that *plaintiffs*

have failed to cite authority from each of the challenged jurisdictions that provides this Court

with the requisite "assurance," *Chapman*, 861 F.2d at 1520, that these causes of action *do in fact*

*exist* as recognized claims in the prescription drug context under the governing state law.

Moreover, plaintiffs' suggestion that they may resuscitate legally meritless strict liability

"design defect" claims in the prescription drug context whenever such claims are "coupled with

failure to warn claims" (Resp. at 6) is meritless.  Plaintiffs cite not a single case adopting such a radical and unprecedented proposition – which is not surprising given that the entire proposition is contrary to hornbook tort law regarding the distinct and unrelated nature of "design defect" and "failure-to-warn"/marketing defect claims in strict products liability law.  *See*, *e.g.*, Motion at 6 (citing cases); Prosser & Keeton, THE LAW OF TORTS, § 99 (5th ed. 1984); RESTATEMENT (3D) OF TORTS: PRODUCTS LIABILITY, § 2, cmt. a (1998) (setting forth the "*separate* standards of liability for manufacturing defects, design defects, and defects based on inadequate instructions or warnings") (emphasis added).  Plaintiffs feebly suggest that their novel theory might not be explicitly foreclosed by the California Supreme Court's analysis of comment k in *Brown v. Superior Court* (*Applied Labs*.), 751 P.2d 470 (Cal. 1988).  Resp. at 6-7.  But plaintiffs disregard that *Brown* categorically rejects strict liability "design defect" claims in the prescription drug context based on its *extensive policy discussion* in addition to its interpretation of comment k as shielding all prescription drugs from any strict liability design-defect claim.  *Id*. at 474-81.

While the foregoing disposes of plaintiffs' arguments concerning all jurisdictions at issue, their Response raises a few remaining particularized contentions as to five jurisdictions that, though unavailing, invite the following brief rebuttal:

*Indiana*:  Plaintiffs criticize AstraZeneca's reading of *Ortho Pharm. Corp. v. Chapman*, 388 N.E.2d 541, 545-46 (Ind. Ct. App. 1979), as categorically rejecting strict liability design-defect claims in the prescription drug context.  *See* Resp. at 9-10.  But those criticisms are belied by the decision itself, *id*., as well as *In re Ely Lilly & Co., Prozac Prods. Liab. Litig.*, 789 F. Supp. 1448 (S.D. Ind. 1992), cited in AstraZeneca's Motion at 5, 24, which explicitly rejects plaintiffs' position and adopts AstraZeneca's interpretation.  *Id.* at 1453.

*Louisiana*:  As Plaintiffs concede, under *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d

1245, 1250-51 (5th Cir. 1997), "implied warranty" claims fail in Louisiana.  Resp. at 12 & n.14.

Plaintiffs also admit that no common law "strict liability" design-defect claims (this Motion's

other target) exist in Louisiana.  Resp. at 12; *see also Stahl v. Novartis Pharms. Corp.*, 283 F.3d

254, 261 (5th Cir. 2002) ("strict liability" is "not available" as a cognizable theory in Louisiana,

only statutory claims under La. Rev. Stat. Ann. § 9:2800.51 *et seq.*).[8]

*Maryland*:  Plaintiffs concede that their "implied warranty" claims are not viable under

*Fellows v. USV Pharm. Corp.*, 502 F. Supp. 297, 299-300 (D. Md. 1980).  *See* Resp. at 13 &

n.16.  But *Fellows* also dismissed a "strict liability" claim under Maryland law pursuant to

comment k of section 402A, under which only failure-to-warn claims may be asserted against

prescription drug manufacturers.  502 F. Supp. at 300.  This Court should follow *Fellows*, and

dismiss the challenged claims under Maryland law.

*Massachusetts*:  Despite their caustic tone, plaintiffs actually recognize that no strict

liability design-defect claim exists in Massachusetts because its products liability law is

"supplanted by that state's version of the Uniform Commercial Code" and, thus, only breach of

implied warranty claims are cognizable in certain contexts.  Resp. at 14 n. 14.[9]  As to

Massachusetts implied-warranty claims, plaintiffs provide no response to *Lareau v. Page*, 840 F.

---

[8]  Thus, the common law strict liability design-defect and implied warranty claims challenged by this Motion should be dismissed as to 125 of the 127 Louisiana-resident plaintiffs.  The only claims that might survive are the statutory claims pled under La. Rev. Stat. Ann. § 9:2800.51, *et seq.*, by the two remaining plaintiffs (*i.e.*, Frederic Becker and Linda Sonnier).

[9]  Given this concession, it is curious why plaintiffs do not concede that strict liability design-defect claims are not viable in Massachusetts (only implied warranty claims are), as they concede for Delaware.  Both jurisdictions do not recognize causes of action explicitly pled as "strict liability" claims, such as those challenged on this Motion.  Nevertheless, without citing

Supp. 920, 933 (D. Mass. 1993) [cited in AstraZeneca's Motion at 14, 23 n.16], which held that

Massachusetts implied-warranty claims against "pharmaceutical companies" fail under REST.

(2D) OF TORTS § 402A, cmt. k, given that prescription drugs are unavoidably unsafe products.

     *New York*:  Plaintiffs say merely that AstraZeneca's arguments amount to an "affirmative

defense" in New York under *Martin v. Hacker*, 628 N.E.2d 1308, 1311 (N.Y. 1993) and

*Wolfgruber v. Upjohn Co.*, 72 A.D.2d 59, 60-61 (N.Y. App. Div. 1979), *see* Resp. at 14 – but

that is no response to this Motion given the settled rule that Rule 12(c) motions for judgment on

the pleadings may be premised on "an affirmative defense."  *Skritch v. Thornton*, 280 F.3d 1295,

1306 (11th Cir. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1097 n.56 (11th Cir. 2001).

## III.    <u>CONCLUSION</u>

     Both procedurally and substantively, plaintiffs' Response is insufficient to rebut the

showing made in AstraZeneca's Motion that the challenged claims are not legally cognizable in

the prescription drug context in the jurisdictions at issue.  For the foregoing reasons, and those

set forth in the opening brief, AstraZeneca's Motion should be granted.

DATED:  August 22, 2007                Respectfully submitted,

                                    */s/ Fred T. Magaziner*
                                    Fred T. Magaziner
                                    DECHERT LLP
                                    2929 Arch Street
                                    Philadelphia, PA  19103
                                    Telephone: (215) 994-4000
                                    Facsimile: (215) 994-2222
                                    fred.magaziner@dechert.com

---

any authority in which such a claim was recognized (or even asserted by any plaintiff) in
Massachusetts, plaintiffs improperly urge this Court to disregard AstraZeneca's authorities and
permit them to proceed on claims that have no basis in that state's substantive law.

-11-

                                    Steven B. Weisburd
                                    Gretchen S. Sween
                                    Eliot J. Walker
                                    DECHERT LLP
                                    300 West 6th Street, Suite 1850
                                    Austin, TX  78701
                                    Telephone: (512) 394-3000
                                    Facsimile: (512) 394-3001

                                    *Counsel for AstraZeneca Pharmaceuticals LP
                                    and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 22, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system through which all participating parties are

deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on

plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the

attached Service List.

                                    */s/ Gretchen S. Sween*

SERVICE LIST


**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

-16-

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |