**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation**

Case No. 6:06-md-1769-Orl-22DAB

_____/

**ORDER**

This cause comes before the Court for consideration of AstraZeneca's July 31, 2007, Motion for Judgment on the Pleadings Regarding the Strict Liability "Design Defect" Claims and Related "Implied Warranty" Claims Asserted by Plaintiffs in Jurisdictions That Do Not Recognize Those Claims in the Prescription Drug Context (Doc. 328), to which Plaintiffs responded (Doc. 368) on August 10, 2007. AstraZeneca was granted leave to file a Reply, and so replied (Doc. 395) on August 22, 2007.

The instant motion raises two[1] important issues: (1) which state's laws apply to each plaintiff's claims; and (2) whether certain plaintiffs' strict liability "design defect" or "implied warranty" causes of action should be dismissed because they are not recognized as a matter of state law. In the Court's view, the choice of law issue must be resolved as to each plaintiff to which the motion applies before the Court can even begin to consider the more substantive issue of whether certain causes of action are recognized under state law.

---

[1] The Court notes that a third important issue, one not yet raised by AstraZeneca, may eventually arise regarding the over 3,000 plaintiffs in this MDL who initially established venue in the District of Massachusetts but who reside, and may have suffered injury, in other parts of the country.

As both parties have recognized, in diversity actions in which venue has been transferred to another forum pursuant to 28 U.S.C. § 1404, the transferee court must apply the substantive law, including choice of law rules, of the forum from which the action was transferred. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-497 (1941); *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). This principle has been extended to MDL cases transferred to other districts for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Dow "Sarabond" Prods. Liab. Litig.*, 666 F. Supp. 1466, 1468 (D. Colo. 1987) (citing *In re "Agent Orange" Prods. Liab. Litig.*, 580 F. Supp. 690, 695 (E.D.N.Y. 1984)). Therefore, it is essential that this Court engage in a thorough choice of law analysis before proceeding to the heart of AstraZeneca's motion.

Curiously, in their supporting memoranda, both parties deemed it essential to indulge in a careful state-by-state analysis of the substantive issue at hand, but declined to provide the Court with a similar detailed analysis with respect to the choice of law issue. For example, AstraZeneca maintains that "courts have overwhelmingly held that the law of plaintiffs' state of residency…provides the substantive law governing products liability claims *regardless* of which choice of law regime applies in the forum jurisdiction," Doc. 395 at 3, but then fails to engage in any meaningful state-specific discussion. Unfortunately, Plaintiffs offer the Court even less assistance on the choice of law issue, merely identifying a few of the many "divergent" choice of law rules that might apply, and asserting that AstraZeneca's failure to provide any meaningful choice of law analysis in its motion necessitates this Court's denial of the motion as premature. *See* Doc. 368 at 3-4.

In sum, the Court declines to consider the substantive arguments presented in AstraZeneca's motion until it is fully informed as to the appropriate state law to be applied to each plaintiff's case.  Therefore, it is **ORDERED** as follows:

1. AstraZeneca shall first identify all transferor courts from which the cases listed in Exhibit "A" to its motion were transferred.  Thereafter, AstraZeneca shall brief and submit to the Court a state-by-state analysis of the choice of law rules that apply in each identified transferor court.  In addition, AstraZeneca shall attach, as an Exhibit, a spreadsheet identifying: (1) the name and case number of each plaintiff to which the motion applies; (2) the transferor court from which each plaintiff's case was transferred; and (3) the state law it contends should be applied to each plaintiff's case.  Plaintiffs shall be grouped within the spreadsheet according to the state law to be applied.  AstraZeneca's brief and attached exhibit shall be filed electronically with the Court no later than **WEDNESDAY, SEPTEMBER 12, 2007**.

2. Plaintiffs shall file a response highlighting any objections to AstraZeneca's choice of law discussion, and setting forth an independent choice of law analysis, if necessary, no later than **WEDNESDAY, SEPTEMBER 26, 2007**.  In the event Plaintiffs contest any of AstraZeneca's designations as to the state law to be applied to individual plaintiffs' cases, Plaintiffs shall attach, as an Exhibit, a spreadsheet, in the same format as has been submitted by AstraZeneca, reflecting such disagreement.

3. The parties are advised that replies and sur-replies will not be permitted.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 28, 2007.

Copies furnished to:

Counsel of Record

ANNE C. CONWAY
United States District Judge

-4-