## Dennis Canty

| | |
|---|---|
| **From:** | McConnell, Stephen [stephen.mcconnell@dechert.com] |
| **Sent:** | Friday, August 17, 2007 12:22 PM |
| **To:** | Dennis Canty |
| **Cc:** | Magaziner, Fred; Munno, Thomas; Balakhani, Elizabeth; Prince, Shane |
| **Subject:** | Proxies |

Dennis,

The investigation into proxies was in motion the day after the hearing. That investigation is not yet completed, though it is pretty far along. Most people have responded to the info requests and very few of them had e-mails sent on their behalf by proxies. For those who did, the messages seem to have been calendar or travel matters, and the principal was typically cc'd. Some responses weren't clear and warrant follow-up. I'll let you know the results when finished.

- Steve

----- Original Message -----
From: Dennis Canty <dcanty@lskg-law.com>
To: McConnell, Stephen; jjaffe@weitzlux.com <jjaffe@weitzlux.com>; Adupre@mccarter.com; JYeager@McCarter.com <JYeager@McCarter.com>; Munno, Thomas; Torregrossa, Brennan; Tony Winchester; Jim Freebery
Cc: MPederson@weitzlux.com <MPederson@weitzlux.com>; PPennock@weitzlux.com <PPennock@weitzlux.com>; sallen@crusescott.com <sallen@crusescott.com>; cbailey@bpblaw.com <cbailey@bpblaw.com>; ftrammell@bpblaw.com <ftrammell@bpblaw.com>; JDriscoll@brownandcrouppen.com <JDriscoll@brownandcrouppen.com>; kbailey@bpblaw.com <kbailey@bpblaw.com>; KSmith@AWS-LAW.com <KSmith@AWS-LAW.com>; LROTH@roth-law.com <LROTH@roth-law.com>; Larry J. Gornick <lgornick@lskg-law.com>; MPerrin@bpblaw.com <MPerrin@bpblaw.com>; pschneider@gsnlaw.com <pschneider@gsnlaw.com>; LFernandez@weitzlux.com <LFernandez@weitzlux.com>; LSchultz@weitzlux.com <LSchultz@weitzlux.com>; Laura Brandenberg <lbrandenberg@lskg-law.com>; YChiu@weitzlux.com <YChiu@weitzlux.com>; Balakhani, Elizabeth; Magaziner, Fred
Sent: Fri Aug 17 12:42:35 2007
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue

Steve -

What is the status of AZ's investigation into the preservation, collection and production of email from proxies or delegates of the custodians it selected? Has AZ begun the investigation into the proxies or delegates of the custodians selected by plaintiffs? Please advise.

Thanks.

-----Original Message-----
From: McConnell, Stephen [mailto:stephen.mcconnell@dechert.com]
Sent: Thursday, August 16, 2007 12:53 PM
To: jjaffe@weitzlux.com; Adupre@mccarter.com; JYeager@McCarter.com; Munno, Thomas; Torregrossa, Brennan; Tony Winchester; Jim Freebery
Cc: MPederson@weitzlux.com; PPennock@weitzlux.com; sallen@crusescott.com; cbailey@bpblaw.com; Dennis Canty; ftrammell@bpblaw.com;

1

```
JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com;
LROTH@roth-law.com; Larry J. Gornick; MPerrin@bpblaw.com; pschneider@gsnlaw.com;
LFernandez@weitzlux.com; LSchultz@weitzlux.com; Laura Brandenberg;
YChiu@weitzlux.com; Balakhani, Elizabeth; Magaziner, Fred
Subject: Re: Misidentified (uncollected?) custodians IBM collection issue
```

Thanks.

```
----- Original Message -----
From: Jaffe, Jonathan <jjaffe@weitzlux.com>
To: McConnell, Stephen; Adupre@mccarter.com; Yeager, Joe <JYeager@McCarter.com>;
Munno, Thomas; Torregrossa, Brennan; Tony Winchester; Jim Freebery
Cc: Pederson, Mike <MPederson@weitzlux.com>; Pennock, Paul
<PPennock@weitzlux.com>; sallen@crusescott.com <sallen@crusescott.com>;
cbailey@bpblaw.com <cbailey@bpblaw.com>; Canty, Dennis <dcanty@lskg-law.com>;
ftrammell@bpblaw.com <ftrammell@bpblaw.com>; JDriscoll@brownandcrouppen.com
<JDriscoll@brownandcrouppen.com>; kbailey@bpblaw.com <kbailey@bpblaw.com>;
KSmith@AWS-LAW.com <KSmith@AWS-LAW.com>; LROTH@roth-law.com <LROTH@roth-law.com>;
lgornick@lskg-law.com <lgornick@lskg-law.com>; MPerrin@bpblaw.com
<MPerrin@bpblaw.com>; pschneider@gsnlaw.com <pschneider@gsnlaw.com>; Fernandez,
Lenny <LFernandez@weitzlux.com>; Schultz, Laurie <LSchultz@weitzlux.com>;
lbrandenberg@lskg-law.com <lbrandenberg@lskg-law.com>; Chiu, Yommy
<YChiu@weitzlux.com>; Balakhani, Elizabeth; Magaziner, Fred
Sent: Thu Aug 16 15:26:51 2007
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue
```

Steve,

Attached is the list of documents presented at the hearing where Michael Murray was the custodian, but not designated. Please note that I do not have the official exhibit, but this should represent the same documents.

Please note that the Murray, Michael F (Seroquel) address was not just the author of emails, but also the recipient. Changing the display name would not apply there. Besides, if it was one mailbox, then logically, the search would have identified all documents in this mailbox as belonging to Michael Murray, which it did not for those attached.

Thanks,
Jonathan Jaffe

```
-----Original Message-----
From: McConnell, Stephen [mailto:stephen.mcconnell@dechert.com]
Sent: Thursday, August 16, 2007 2:48 PM
To: Jaffe, Jonathan; Adupre@mccarter.com; Yeager, Joe; Munno, Thomas;
Torregrossa, Brennan; Tony Winchester; Jim Freebery
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com; cbailey@bpblaw.com;
Canty, Dennis; ftrammell@bpblaw.com; JDriscoll@brownandcrouppen.com;
kbailey@bpblaw.com; KSmith@AWS-LAW.com; LROTH@roth-law.com; lgornick@lskg-
law.com; MPerrin@bpblaw.com; pschneider@gsnlaw.com; Fernandez, Lenny; Schultz,
Laurie; lbrandenberg@lskg-law.com; Chiu, Yommy; Balakhani, Elizabeth; Magaziner,
Fred
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue
```

Jonathan,

2

Andrew is immersed in the query process, which I think you said warrants highest priority.
Meanwhile, I will tell you what I know about the mailbox issue. ==It is my understanding that AZ employees have just one mailbox. Sometimes they change the display name to reflect new responsibilities. But it's still one mailbox. Thus, the collection should have picked up everything.==
==That being said, we are still looking into this.== You think it is a serious issue, so I am taking it seriously. It might help to look at the metadata of the e-mails in question to supply more answers. I am sure you are busy enough, but it would be helpful if you could send me doc numbers of at least some of the e-mails. (I vaguely recall that you attached an example, perhaps as part of the Martin report or something else, and I am trying to track that down, but more information is always good.)

Thanks,

Steve


-----Original Message-----
From: Jaffe, Jonathan [mailto:jjaffe@weitzlux.com]
Sent: Thursday, August 16, 2007 1:05 PM
To: Adupre@mccarter.com; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan; Tony Winchester; Jim Freebery; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com; cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com; JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com; LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com; pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie; lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue

I don't see it as either/or. To address my and Mr. Pennock's questions, we really need a status call setup and obviously I assume that you need your vendors to give you updates and for your team to compile a list.
These are big issues, so I assume it will take some time to pull everything together, not an off the cuff type of job.

Draft queries should come first, but I'm sure you can start putting the other pieces in motion while you are working on that and we can set up a time to talk.

-----Original Message-----
From: Dupre, Andrew [mailto:ADupre@McCarter.com]
Sent: Thursday, August 16, 2007 12:55 PM
To: Jaffe, Jonathan; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan; Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com; cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com; JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com; LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com; pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie; lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue

Guys, I can respond again or write the draft queries I promised yesterday. Which do you want? I am asking seriously.

Andrew S. Dupre, Esq.
McCarter & English, LLP
405 North King Street 8th Floor
Wilmington, Delaware 19801
Phone: 302-984-6328
Fax: 302-984-0311


-----Original Message-----
From: Jaffe, Jonathan [mailto:jjaffe@weitzlux.com]
Sent: Thursday, August 16, 2007 12:51 PM
To: Dupre, Andrew; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan; Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com; cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com; JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com; LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com; pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie; lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue


Andrew,

My email certainly was written to address real issues, not to achieve litigation points. It was not ghost written, nor do I feel that the serious issues addressed within it warrant the sharply written response below.

I am not trying to trick AZ counsel into revealing investigations, but noting that there's an expectation as we are trying to work toward real solutions that we're kept apprised of your investigations rather than having to elicit responses. As you note, I do give you responses with all due speed to any questions you have.

You still have not answered mine or Mr. Pennock's.

My email indicated no unwillingness to work through issues. To the contrary, I am insisting that we have more input on issues and more meet and conferring, specifically by asking for calls and status updates.

As you note, we made much further strides on yesterday's call than the prior Thursday's. That's because of the presence of Ryan, the developer, from PlanetData who was able to give us quick answers and help us understand the technical limitations of PlanetData and the way we would get back the data. Conferences with the other vendors would likely lead to real solutions and better understanding. My objection and consistent complaint is that we are not engaged in these investigations.

You cite that Mueller's email counts are not low, but to confirm that we would really need something from IBM, who would know better and provide some evidence to support that assertion as well as for the other custodians cited.

Obviously, you recognize your obligation to give us a production of documents related to Seroquel that is comprehensive. I think you also

4

realize that once there is evidence that the production may have not been comprehensive, that plaintiffs have a right to ask questions about the process -- I would maintain that there's a right to ask questions even if there is no evidence that a production was not comprehensive.

My point is that once your investigation showed it was not a production issue that we should have been notified and that we need to be made aware of what investigations are ongoing into the rest of the technical issues.

The issue of alternate email addresses was only discovered very shortly before the sanctions hearing, as were many other issues that were raised as we did a much closer review of actually what we thought was missing in preparation, some of which was prompted by "where's ___" questions by Mr. Martin. We are not withholding issues. It takes much time to confirm each issue. Before we send you anything, we thoroughly examine whether there was an error in our processes. To date, I do not believe that you have ever told us that we were incorrect about a concrete error which we pointed out. This is time-consuming on our side and for my team.

==It's very hard to identify what we do not have -- i.e. emails from certain boxes, voicemails, faxes, video files, files that may have been deduplicated out, files that don't show tracked changes, files that are missing pages, etc.==

==My email was a reminder that we are not the best source for help in those investigations, nor are we looking for a partial fix.==

Take blank pages for example. When we got the first fix, there was no mention of a second. I had to prompt to explain that we believed this fix did not address all the examples from plaintiffs. I am still confused whether the most recent fix is comprehensive, hence the reason for the call I am trying to arrange today with Mr. Yeager. You should be more forthcoming, rather than relying on me to check.

Take the fix for extracted text pages. When we received the fix, it was expected that there would be some error rate, but the range of errors and items like skipping the first break entirely, but reasonably approximating the rest, was never expected and befuddles a technical explanation. When you gave this to us, I would have expected that you would have disclosed these issues.

Take the fix for the load files. We should have been apprised that you would have changed the basic format of each file from UTF-8/ASCII to UTF-16.

Take the custodial identification. When we met May 30th, you insisted that we should ignore the folders into which the names of the custodians were designated, but when you delivered the next productions and the corrected load files, you continued to send letters asserting the Bates ranges assigned to each custodian and even organized the load files by custodian, which you well know is incorrect since documents belong to more than one custodian.

This is not a shouting match. Indeed, yesterday, we had a very polite conversation in which we discussed real issues. If you reread my email,

you will see that the tone is not hostile, but factual and insistent. It's not an attempt to shutdown communication, but start it. It discusses real issues that cannot be categorized as anything but serious. It does not accuse AZ counsel of not investigating, but says that we need to be a part of that process or at least be aware of that. I do not intimate the reasons why we are getting partial solutions, but state that following a certain process will certainly give us partial solutions.

As we continue to receive corrections with errors, I am concerned about a continuing lack of an adequate quality control process. I expect some representation about issues rather than having to find all of them first. For example, after we made you aware of inconsistencies in the load files, we never received a list of the inconsistencies that we had not discovered, nor the files in which they were present. If you discover issues, you are under an obligation to let us know about them, not to protest that we never told you.

Please respond to the questions in my email and Mr. Pennock's. The questions are legitimate and I believe we are entitled to answers, especially due to the continued representation by you and others that you are trying to engage us in resolving these issues.

I'm not out to get you; I'm out to get the documents to which we are entitled in the usable format that we are entitled.

These remain serious problems compromising our ability to review documents, and they deserve a more serious response.

Best regards,
Jonathan Jaffe

-----Original Message-----
From: Dupre, Andrew [mailto:ADupre@McCarter.com]
Sent: Thursday, August 16, 2007 11:32 AM
To: Jaffe, Jonathan; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan; Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com; cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com; JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com; LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com; pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie; lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue

Jonathan:

I am, frankly, surprised you would put your name on something so obviously ghost written by one of Plaintiffs' counsel (it's clear as could be that this communication lacks both your technical acumen and the general tone we share of willingness to work through these technical issues rather than incessantly attempting to score litigation points). There is no need to do that; Plaintiffs' counsel can engage us directly on these topics and we are always willing to talk to them.  I only declined to engage Mr. Pennock yesterday because he was clearly only

interested in an ego contest and I am just the technical liaison lawyer - managing the blustering (to whatever unfortunate extent it is necessary) is handled above my pay grade and I must defer to others to respond to those type of emails.

As far as I remember, Plaintiffs first demonstrated this issue at the July 26 sanctions hearing by putting it up on a MS Power Point slide. If there was a meet/confer on this topic, I don't think I was invited. In the several meet/confers to which I was invited, Plaintiffs (Mr. Gornick particularly) repeatedly stated that the "missing email" problem as stated in the motion for sanctions and related correspondence was that there appeared to be an unusually low number of emails for certain custodians, especially Dev, Mueller, and Busch.  Plaintiffs are wrong outright that there are low emails for Mueller - there are thousands of produced emails.  Busch's emails are low for certain years because she worked on Prilosec rather than Seroquel.  No specific reason for "low" emails for Dev has been identified - it appears he may be just a low email user.  At any rate, these problems, if they are problems at all, are different than the issue at hand - alternate email addresses.  Plaintiffs never gave me a chance to address or investigate this topic before springing it on me unannounced at a sanctions hearing.  If they had, I would have happily done so - I have always investigated any topic that Plaintiffs ask me to.

The only custodian this was identified as a problem for at the sanctions hearing (which, as far as I remember, was the only time this issue was identified at all) was Mike Murray.  I of course ordered the vendors to investigate the problem as identified by Plaintiffs.  My original idea was that some quirk in the deduplication did not recognize Mike Murray (Seroquel) as Mike Murray.  It now appears that, if this is an error, it may have occurred with the collection rather than the production vendors.  I therefore have switched my investigation to audit that work.

Frankly (though I realize you didn't write this), it is untenable for Plaintiffs to allege that we have not moved with deliberate speed, or are trying to offer an incomplete solution, or have hid our investigation of this topic. My investigation would have commenced much earlier had Plaintiffs chosen to share the problem with me when they became aware of it, rather than sandbagging it for use at the sanctions hearing. AstraZeneca has never said it would limit its investigation to your examples.  Rather, it is conducting an overall audit in which exemplars are helpful demonstrations of potential problems, rather than the sole goal.  I asked for the examples because I believed we were working together to solve all of Plaintiffs' issues, and I don't see how it hurt Plaintiffs in the slightest to give them (it took one email containing information that Plaintiffs already had at hand).  I believe that is what we have been ordered to do.

I simply do not believe that Plaintiffs thought AstraZeneca would ignore the issues raised at the sanctions hearing, and were shocked to hear that AstraZeneca is conducting audits related to the issues identified there.  Even if that unlikely situation were so, Plaintiffs could and did solve their supposed ignorance simply by asking me. You may always feel free to ask me about any such topic.

This communication is much sharper in tone than I usually, perhaps ever,

write.  I am trying to express the fact that I need someone to work with
on the Plaintiffs' side that does not solely try to engage me in
shouting matches or trick me into making some blunder.  So far, the only
people I've worked with who meet that description are you and Mike
Pederson. If Plaintiffs wish only to score litigation points, you and I
may as well take the next few months off and let others pointlessly
argue.  If Plaintiffs really want to resolve technical issues, then we
need to talk forthrightly as we did in yesterday's meet/confer regarding
the search terms, where I believe we reached substantial agreement.


Andrew S. Dupre, Esq.
McCarter & English, LLP
405 North King Street 8th Floor
Wilmington, Delaware 19801
Phone: 302-984-6328
Fax: 302-984-0311



-----Original Message-----
From: Jaffe, Jonathan [mailto:jjaffe@weitzlux.com]
Sent: Wednesday, August 15, 2007 6:24 PM
To: Dupre, Andrew; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan;
Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com;
cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com;
JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com;
LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com;
pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie;
lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection
issue


Andrew,

I want to make clear that the investigation of the additional email
boxes needs to be thorough and complete without relying on my examples
as a list to start.  I am trying to be helpful in showing how ubiquitous
the situation of multiple email boxes in AZ is especially amongst the 80
custodians, but clearly that is no substitution for the thorough
examination custodian by custodian including likely interviews, the full
file, of emails from whatever source.  Given the sheer number of
multiple email boxes I have seen, it is not credible that AZ email
administrators or individual custodians were unaware.  My point in these
examples (take Susanne Fors's 9 email boxes) is that Michael Murray is a
common situation, not the exception and was probably well known when the
documents were collected in 2005.

This holds equally true with all of the examples I give to you.  AZ
needs to address the root problems, and not rely on only addressing
examples plaintiffs have come across or provided.  Partial fixes, such
as the blank page fix, only address partial problems and never assure us
that the sum of these partial fixes gives us a complete solution.

We need to make certain that we are not filtering any emails sent to a segregated Seroquel (or Seroguel or similar) email box through search terms, since these emails are all relevant.

We need a concrete date/time for the next status update on this as well as the other issues of potentially missing documents (videos, voicemails, e-rooms, etc.) raised at the hearing.  We also need to know what quality control has been put in place to prevent the same mistakes from continuing with the documents for the new custodians being produced.

Finally, we need to know what other investigations are underway and their progress.  We are seriously disappointed that such an important issue and investigation regarding the collection was not brought to our attention sooner, but came out on the call today.  This is a recurring pattern that I hoped was behind us.  If you know of a substantial issue with the collection or production, you are under an obligation to share it with us including the scope of the problem and status in a timely manner, not waiting until we ask for status or discover it.

Obviously missing and incorrectly categorized documents are very serious issues and need to be addressed with all due speed and urgency.

Thank you,
Jonathan Jaffe

-----Original Message-----
From: Dupre, Andrew [mailto:ADupre@McCarter.com]
Sent: Wednesday, August 15, 2007 5:33 PM
To: Jaffe, Jonathan; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan; Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com; cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com; JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com; LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com; pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie; lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection issue

Thank you Jonathan.  These examples will be helpful in our investigation of this topic.  I will give more information when I have it.  Best-

Andrew S. Dupre, Esq.
McCarter & English, LLP
405 North King Street 8th Floor
Wilmington, Delaware 19801
Phone: 302-984-6328
Fax: 302-984-0311


-----Original Message-----
From: Jaffe, Jonathan [mailto:jjaffe@weitzlux.com]
Sent: Wednesday, August 15, 2007 5:28 PM
To: Dupre, Andrew; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan;

```
Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com;
cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com;
JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com;
LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com;
pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie;
lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection
issue
```

Susanne Fors is one of them. She had 9 email boxes we could count. Notice the misspelling of Seroquel with a g, and we even think that she had 4 separate servers that hosted different (named similarly) versions of the Fors, Susanne (Seroquel) email box.

Fors, Susan
Fors, Susan (PAR&D)
Fors, Susanne (R&D TA CV)
Fors, Susanne (Seroguel)
Fors, Susanne (Seroquel)

It's difficult for us to isolate all instances since obviously we need to determine by email address, but we also know of "Jones, Martin AM (Seroquel)" and Eva Nordstrom - "Nordstrom, Eva (Seroquel)" as well as others that did not have (Seroquel) in them, but something else like Susanne Fors. Lloyd (Washington), Lisa M may be a location or a change in name. We don't know whether the search covered maiden names, i.e. old archives may have been under maiden names, but current boxes would be under married names. "Warner, Linda (Safety)" is another example of where we think there were multiple boxes.

```
-----Original Message-----
From: Dupre, Andrew [mailto:ADupre@McCarter.com]
Sent: Wednesday, August 15, 2007 5:12 PM
To: Jaffe, Jonathan; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan;
Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com;
cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com;
JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com;
LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com;
pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie;
lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: RE: Misidentified (uncollected?) custodians IBM collection
issue
```

Thank you Jonathan. ==As you are aware, the problem appears to be that some custodians made special email addresses beyond their normal "@astrazeneca.com" employee email addresses, and that those tertiary addresses may not have been collected.== The example of these offered by Plaintiffs at the July 26 hearing was Mike Murray.

You said on our call today that Plaintiffs are aware of this problem affecting other custodians. Would it be possible for you to send me a list? Obviously, we will investigate for all custodians, but I want IBM to pay particular attention to custodians like Murray.

Nice to talk to you today.

Andrew S. Dupre, Esq.
McCarter & English, LLP
405 North King Street 8th Floor
Wilmington, Delaware 19801
Phone: 302-984-6328
Fax: 302-984-0311


-----Original Message-----
From: Jaffe, Jonathan [mailto:jjaffe@weitzlux.com]
Sent: Wednesday, August 15, 2007 4:54 PM
To: Dupre, Andrew; Yeager, Joe; Munno, Thomas; Torregrossa, Brennan; Winchester, Tony; Freebery, James J.; McConnell, Stephen
Cc: Pederson, Mike; Pennock, Paul; sallen@crusescott.com; cbailey@bpblaw.com; Canty, Dennis; ftrammell@bpblaw.com; JDriscoll@brownandcrouppen.com; kbailey@bpblaw.com; KSmith@AWS-LAW.com; LROTH@roth-law.com; lgornick@lskg-law.com; MPerrin@bpblaw.com; pschneider@gsnlaw.com; Fernandez, Lenny; Schultz, Laurie; lbrandenberg@lskg-law.com; Chiu, Yommy
Subject: Misidentified (uncollected?) custodians IBM collection issue


Andrew,

As we just discussed on the phone, I am starting as separate email thread on the collection issues that misidentified or did not collect documents for custodians such as Mike Murray by IBM.

Please let us know the scope of what custodians this may affect and the nature of the collection issue and the progress IBM, etc. is making in addressing this.

Best regards,
Jonathan Jaffe

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email(or helpdesk@mccarter.com) and destroy all copies of the original message.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email(or helpdesk@mccarter.com) and destroy all copies of the original message.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s)and may contain confidential and privileged information. Any unauthorized review, use, disclosure or

distribution is prohibited. If you are not the intended recipient,
please contact the sender by reply email(or helpdesk@mccarter.com) and
destroy all copies of the original message.

This email message from the law firm of McCarter & English, LLP is for
the sole use of the intended recipient(s)and may contain confidential
and privileged information. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient,
please contact the sender by reply email(or helpdesk@mccarter.com) and
destroy all copies of the original message.



This e-mail is from Dechert LLP, a law firm, and may contain information
that is confidential or privileged. If you are not the intended
recipient, do not read, copy or distribute the e-mail or any
attachments. Instead, please notify the sender and delete the e-mail and
any attachments. Thank you.