UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL Docket No. 1769

This document relates to:

ALL CASES IN EXHIBIT 1

## ASTRAZENECA'S MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE PLAINTIFF FACT SHEETS

AstraZeneca Pharmaceuticals LP moves to dismiss *with prejudice* the claims of Plaintiffs who have failed to provide Plaintiff Fact Sheets in compliance with Case Management Order No. 2 (CMO No. 2) (*See* Exhibit 1 for list of cases).[1] The Court has already dismissed these claims *without* prejudice, thereby granting each Plaintiff a 60-day opportunity – the last final chance, as it were – to submit a Plaintiff Fact Sheet (PFS) and move to vacate the dismissal. None of these Plaintiffs has done so, however, and under CMO No. 2, AstraZeneca is now entitled to have their claims dismissed *with prejudice*.[2]

---

[1] Pursuant to the Court's June 22, 2007 Order, this Motion is filed in the Master MDL case because it relates to the identical issue in more than four cases. *See* MDL Docket No. 237. This Motion applies to the 31 cases in Exhibit 1.

[2] On July 19, 2007, the Court amended CMO No. 2 to eliminate the dismissal without prejudice step. *See* MDL Docket No. 285 at ¶ 1. The Court ordered that a Plaintiff has 80 days to serve his/her Plaintiff Fact Sheet (and file notice thereof) upon motion to dismiss by AstraZeneca or else the case will be dismissed with prejudice. *See id.* That amended procedure does not apply here because the Court provided that the motions for dismissal filed before July 6, 2007 will be governed by the original CMO No. 2 procedure. *See id.* at ¶ 5.

## MEMORANDUM OF LAW

CMO No. 2 required non-Bailey Plaintiffs who filed their cases before January 31, 2007 (like the Plaintiffs subject to this Motion) to provide completed PFSs (along with executed Records Authorizations) on February 28, March 31, or April 30, 2007. *See* MDL Docket No. 129 at ¶ I(A)-(B). CMO No. 2 further provided that AstraZeneca could send a Notice of Overdue Discovery to Plaintiffs who failed to serve a completed PFS within 10 days of the due date, *see* ¶ I(C), and that if a completed PFS was not served within 20 days of this Notice, AstraZeneca could submit to the Court an Order dismissing the Complaint without prejudice. *See id.* at ¶ I(D). Thereafter, according to CMO No. 2, unless a Plaintiff within 10 days filed a notice certifying that he/she had served AstraZeneca with a completed PFS and provided documentation of receipt, the case would be dismissed without prejudice. *See id.*

The Order granted to each Plaintiff whose case had been dismissed without prejudice one last and final chance to keep his/her case alive. Each such Plaintiff was given an additional 60 days to serve a completed PFS and move to vacate the dismissal. *See id.* CMO No. 2 provided, however, that AstraZeneca could move to convert the dismissal to a dismissal ***with prejudice*** if a Plaintiff did not supplement and move to vacate the dismissal without prejudice. *See id.*

AstraZeneca is now entitled to have the claims of these Plaintiffs dismissed ***with prejudice***. On July 1, 2007, the Court dismissed each Plaintiff's claims ***without*** prejudice, thereby allowing an additional 60-day cure period to each Plaintiff. *See* Court's Dismissal Orders. The 60 days has now run, but none of the Plaintiffs have served a completed Plaintiff

Fact Sheet nor moved to vacate the dismissal without prejudice. Accordingly, AstraZeneca moves the court to dismiss those cases **with prejudice**.[3]

For the foregoing reasons, the Court should dismiss these cases with prejudice.

Dated: August 31, 2007

/s/ Brennan J. Torregrossa
Fred T. Magaziner
Brennan J. Torregrossa
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

---

[3] Other MDL courts have held that dismissal with prejudice is an appropriate sanction in cases where a plaintiff has failed to provide a Plaintiff Fact Sheet. *See, e.g., In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, No. 06-3810, 2007 WL 2189069, at * 4 (8th Cir. Aug. 1, 2007) (affirming district court's dismissal as appropriate sanction for failure to provide Plaintiff Fact Sheets) and at *6 ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial."). *See also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1234 (9th Cir. 2006) (same).

## CERTIFICATE OF SERVICE

I hereby certify that, on the 31st day of August, 2007, I caused a true and correct copy of the foregoing AstraZeneca's Motion Requesting Conversion to Dismissal With Prejudice for Failure to Serve Plaintiff Fact Sheets to be served electronically through ECF upon the following:

>Dennis J. Canty, Esq.
>Jeffrey A. Kaiser, Esq.
>Laurel L. Simes, Esq.
>William A. Levin, Esq.
>Levin, Simes, Kaiser & Gornick, LLP
>36th Floor
>44 Montgomery Street
>San Francisco, CA 94104
>Telephone: (415) 646-7160
>dcanty@lskg-law.com
>
>Larry Roth, Esq.
>Law Offices of Larry M. Roth, P.A.
>Post Office Box 547637
>Orlando, FL 32854-7637
>Telephone: (407) 872-2239
>LROTH@roth-law.com

/s/ *Brennan J. Torregrossa*