UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL Docket No. 1769

This document relates to:

ALL CASES IN EXHIBIT 1

### ASTRAZENECA'S MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE VERIFIED PLAINTIFF FACT SHEETS AND RECORDS AUTHORIZATIONS

The AstraZeneca Defendants move to dismiss *with prejudice* the claims of Plaintiffs who have provided *unverified* Plaintiff Fact Sheets without Records Authorizations, but have never, despite multiple opportunities, provided the *verified* Plaintiff Fact Sheets and Records Authorizations required by Case Management Order No. 2 (CMO No. 2) (*See* Exhibit 1 for list of cases).[1]  The Court has already dismissed these claims *without* prejudice, thereby granting each Plaintiff a 60-day opportunity – the last final chance, as it were – to submit a verified Plaintiff Fact Sheet (PFS) and Records Authorization and move to vacate the dismissal.  None of these Plaintiffs has done so, however, and under CMO No. 2, AstraZeneca is now entitled to have their claims dismissed *with prejudice*.[2]

---

[1]  Pursuant to the Court's June 22, 2007 Order, this Motion is filed in the Master MDL case because it relates to the identical issue in more than four cases. *See* MDL Docket No. 237.  This Motion applies to the 34 cases in Exhibit 1.

[2]  On July 19, 2007, the Court amended CMO No. 2 to eliminate the dismissal without prejudice step. *See* MDL Docket No. 285 at ¶ 1.  The Court ordered that a Plaintiff has 80 days to serve his/her verified Plaintiff Fact Sheet and/or Records Authorization (and file notice thereof) upon motion to dismiss by AstraZeneca or else the case will be dismissed with prejudice. *See id.*  That amended procedure does not apply here because the Court provided that the motions for

## MEMORANDUM OF LAW

CMO No. 2 required Bailey Plaintiffs who filed their cases before January 31, 2007 (like the Plaintiffs subject to this Motion) to provide verified and completed PFSs (along with executed Records Authorizations) by the last business day of the month that the PFSs were designated to be due. *See* MDL Docket No. 129 at ¶ I(A)-(B). CMO No. 2 further provided that AstraZeneca could send a Notice of Overdue Discovery to Plaintiffs who failed to serve such a completed PFS within 10 days of the due date, *see* ¶ I(C), and that if a completed PFS was not served within 20 days of this Notice, AstraZeneca could submit to the Court an Order dismissing the Complaint without prejudice. *See id.* at ¶ I(D). Thereafter, according to CMO No. 2, unless a Plaintiff within 10 days filed a notice certifying that he/she had served AstraZeneca with a completed PFS and Records Authorization and provided documentation of receipt, the case would be dismissed without prejudice. *See id.*

The Order granted to each Plaintiff whose case had been dismissed without prejudice one last and final chance to keep his/her case alive. Each such Plaintiff was given an additional 60 days to serve a verified and completed PFS and Records Authorization and move to vacate the dismissal. *See id.* CMO No. 2 provided, however, that AstraZeneca could move to convert the dismissal to a dismissal ***with prejudice*** if a Plaintiff did not supplement and move to vacate the dismissal without prejudice. *See id.*

AstraZeneca is now entitled to have the claims of these Plaintiffs dismissed ***with prejudice***. On July 1, 2007, the Court dismissed each Plaintiff's claims ***without*** prejudice,

---

dismissal filed before July 6, 2007 will be governed by the original CMO No. 2 procedure. *See id.* at ¶ 5.

2

thereby allowing an additional 60-day cure period to each Plaintiff. *See* Court's Dismissal Orders. The 60 days has now run, but none of the Plaintiffs have served a verified Plaintiff Fact Sheet and Records Authorization nor moved to vacate the dismissal without prejudice. Accordingly, AstraZeneca moves the court to dismiss those cases **with prejudice**.[3]

For the foregoing reasons, the Court should dismiss these cases with prejudice.

Dated: August 31, 2007

/s/ *Brennan J. Torregrossa*
Fred T. Magaziner
Brennan J. Torregrossa
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

---

[3] Other MDL courts have held that dismissal with prejudice is an appropriate sanction in cases where a plaintiff has failed to provide a verified Plaintiff Fact Sheet and records authorization. *See, e.g., In re PPA Products Liability Litigation*, 460 F.3d 1217, 1235-37, 1242 (9th Cir. 2006) (affirming district court's dismissal as appropriate sanction for failure to provide verification and/or records authorization). *See also In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, No. 06-3810, 2007 U.S. App. LEXIS 18238, at *6 (8th Cir. Aug. 1, 2007) ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial.").

3

## CERTIFICATE OF SERVICE

I hereby certify that, on the 31st day of August, 2007, I caused a true and correct copy of the foregoing AstraZeneca's Motion Requesting Conversion to Dismissal With Prejudice for Failure to Serve Verified Plaintiff Fact Sheets and Records Authorizations to be served electronically through ECF upon the following:

> Camp Bailey, Esq.
> Michael W. Perrin, Esq.
> Fletcher Trammell, Esq.
> Bailey Perrin Bailey LLP
> The Lyric Centre
> 440 Louisiana, Suite 2100
> Houston, TX 77002
> Telephone: (713) 425-7240
> cbailey@bpblaw.com
> mperrin@bpblaw.com
>
> Larry Roth, Esq.
> Law Offices of Larry M. Roth, P.A.
> Post Office Box 547637
> Orlando, FL 32854-7637
> Telephone: (407) 872-2239
> LROTH@roth-law.com

*/s/ Brennan J. Torregrossa*