# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation | Case No. 6:06-md-01769-ACC-DAB |
| MDL Docket No. 1769 | |
| THIS DOCUMENT RELATES TO ALL CASES | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER GOVERNING THIRD PARTY DISCOVERY

MDL Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca"), by and through their counsel, respectfully submit this Opposition to Plaintiffs' Motion for Entry of an Order Governing Third Party Discovery in this MDL.

## BACKGROUND

The MDL Plaintiffs served 23 document subpoenas and depositions by written questions on third parties located across the country. While requesting six categories of documents, Plaintiffs summarize the documents sought in the written questions broadly by asking, "Do you understand that the subpoena requests all records in your possession, custody, or control relating to Seroquel?" Deposition Upon Written Question No. 4. As suggested by Plaintiffs, and in the spirit of cooperation, on August 16-17, 2007 AstraZeneca wrote to each of the third party vendors with whom the MDL Plaintiffs had made contact as of that date requesting their cooperation in this process. As described by Plaintiffs, the parties met and conferred on all issues addressed in the motion. The parties are in agreement on most of those issues. However, when the parties failed to reach agreement on the remaining issues, Plaintiffs filed the instant motion unilaterally.

## JURISDICTION FOR A THIRD PARTY DISCOVERY PLAN

It is not clear to Defendants that this Court has appropriate jurisdiction over the third parties, located in Federal Districts across the country, to order a production deadline, to rule on the appropriateness of the scope of the subpoenas, and to order cost shifting. While Plaintiffs are correct that the Federal Rules of Civil Procedure grant wide authority to the courts in managing litigation, section 10 of the Manual of Complex Litigation discusses complex litigation generally, not multi-district litigation specifically, and does not discuss the MDL court's jurisdiction over non-parties.  Plaintiffs properly cite section 20 of the Manual for the concept that the MDL Court is encouraged to reduce duplicative activity, minimize the risk of conflict, and avoid unnecessary expense.   However, the Plaintiffs' proposal, while saving expenses for themselves and AstraZeneca, will cause unnecessary expenses for the third parties who deserve them the least.

Federal Rule of Civil Procedure 45 requires that a subpoena for a deposition or the production of documents be issued from the court for the district where the deposition or production will take place.  Rule 45(a)(2)(B)-(C).  Rule 45 further requires that a "party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court *on behalf of which the subpoena was issued* shall enforce this duty."  Rule 45(b)(3) (*emphasis added*).  Plaintiffs properly issued the third party subpoenas out of the third parties' local districts, but now improperly ask this Court to enforce the subpoenas.

Although the parties to the case were properly transferred to this Court by the judicial panel for multidistrict litigation, the panel has not so transferred the recipients of the third party subpoenas.  Were it to do so, this Court could then assume jurisdiction to define a

discovery plan and enforce the subpoenas.  However, to do so, the panel would need to impose a burden on the third parties that they specifically listed as grounds to quash the subpoena.  Rule 45 requires a court to quash a subpoena if it requires a non-party to travel more than 100 miles from its place of business.  Rule 45(c)(3)(A)(ii).  Plaintiffs have asked this Court to require non-parties from states as far as California, Illinois, and New York to travel to Florida should they suffer an undue burden or expense as a result of the subpoenas.  This is improper under Rule 45. Moreover, any ruling issued by this Court may very well be inconsistent with rulings that may properly issue from the local jurisdictions on the issue of undue burden or expense.  Such conflicting rulings would create a legal morass, and would further burden the non-parties.

**PRODUCTION DEADLINE, SCOPE, AND COSTS**:  While AstraZeneca encourages their cooperation, the ability of the third party vendors to meet any proposed deadline, to agree to the scope of the subpoenas, or to accept proposed cost sharing is out of AstraZeneca's control.  That is precisely why plaintiffs were required to issue subpoenas to seek documents from these vendors in the first place.  AstraZeneca has agreed to equally share the copying costs with Plaintiffs and to further discuss what this will include with regard to vendor costs for larger productions.  This is the case even where AstraZeneca does not believe the third party has documents relevant to the litigation.

**CONFIDENTIALITY:**  The Confidentiality Order proposed by Plaintiffs does not sufficiently protect the third parties in two major respects.  First, while Plaintiffs' proposed order lists several categories of documents that a third party may designate confidential, if a third party wants to designate as confidential a document that does not fall within these categories, it must apply to the court for a confidential designation.  This is a significant burden that should not be placed on non-parties to the action.  If a non-party designates a document as confidential,

it should remain confidential unless and until challenged in court by a party.  The burden and the associated expenses of de-designating confidential documents should fall on the parties to the litigation who are regularly before this court – i.e., Plaintiffs and AstraZeneca -- not the third parties who reside in remote locations and have no stake in the litigation's outcome.

Second, under Plaintiffs' proposed order, anyone may be shown a confidential document so long as an attorney "deems [it] necessary."  That person is not required to sign onto the order, and therefore the third parties are left without any real protection for their confidential documents.  At minimum, should an attorney deem it necessary to share a confidential document, the Court should require any individual viewing the documents to sign a stipulation that he or she is bound by the confidentiality order.  The Court could remedy the shortcomings in Plaintiffs' proposed confidentiality order by either granting AstraZeneca's earlier filed motion for a protective order or issuing an order that applies the current confidentiality stipulation to third parties and their documents.

## CONCLUSION

Accordingly, AstraZeneca respectfully requests that this Court deny Plaintiffs' Motion for Entry of an Order Governing Third Party Discovery.

Respectfully submitted on this the 31st day of August, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

s/ Michael W. Davis
Michael W. Davis
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:    (312) 853-7000
Facsimile:     (312) 853-7036
E-mail:         mdavis@sidley.com

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on the 31st day of August, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participants listed on the attached Service List.

s/ Michael W. Davis
Michael W. Davis
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:     (312) 853-7000
Facsimile:     (312) 853-7036
E-mail:        mdavis@sidley.com

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

6

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>**_Attorney for Defendants AstraZeneca_**<br>**_Pharmaceuticals, LP, and AstraZeneca LP_** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**_Attorney for Defendant,_**<br>**_Marguerite Devon French_** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>**_Pro Se_** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>**_Pro Se_** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>**_Pro Se_** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>**_Pro Se_** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>**_Attorneys for Defendants Janssen_**<br>**_Pharmaceutical Products and Johnson &_**<br>**_Johnson Co._** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>**_Attorneys for Defendants AstraZeneca LP_**<br>**_and AstraZeneca Pharmaceuticals, LP_** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | |

LA1 984278v.2