UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to ALL CASES

## ASTRAZENECA'S MOTION REGARDING APPOINTMENT OF A NEUTRAL, INDEPENDENT TECHNICAL EXPERT TO AID RESOLUTION OF TECHNICAL E-DISCOVERY ISSUES

### INTRODUCTION

To resolve any technical issues affecting AstraZeneca's electronic document production, and to ensure that such production goes forward smoothly and expeditiously, AstraZeneca proposed that the Court appoint a neutral, independent technical expert ("Technical Expert") to consult with and advise the parties on best practices vis-à-vis e-discovery. (*See* Ex. A.; Tr. of Aug. 22, 2007 Pretrial Conference, at 23:22-27:6.) The Court agreed to AstraZeneca's proposal, and directed the parties to meet and confer in an attempt to agree on a nominee for Technical Expert. (*See id.* at 45:9-10.) The Court indicated that in the meantime, it would conduct its own search for a suitable Technical Expert, the implication being that if the parties were unable to agree, the Court would appoint an expert of its own choosing. (*See id.* at 45:10-14.)

Counsel for the parties have had several conference calls and have tried in good faith to agree on a Technical Expert. Plaintiffs proposed a team of three individuals from Hitachi Consulting Corp. ("Hitachi") and Dove Consulting Group, Inc. ("Dove"),[1] namely, Paul

---

[1] Dove is a division of Hitachi.

Turgeon,[2] Jeff Grey, and Harry Abell. AstraZeneca suggested either John Jessen of Electronic Evidence Discovery, Inc. ("EED"), or George Socha, of Socha Consulting LLC ("Socha Consulting"). Despite their best efforts, however, the parties were unable to reach an agreement.

Plaintiffs rejected both Mr. Jessen and Mr. Socha because each of them has either previously been engaged by one or more of the law firms appearing in this case for AstraZeneca—albeit in non-Seroquel®-related matters—or by other pharmaceutical companies. On the other hand, while AstraZeneca has no doubt that the Hitachi-Dove team consists of capable computer consultants, AstraZeneca could not accept that team because its expertise lies elsewhere than in e-discovery and document production. More specifically, as Hitachi's and Dove's Web sites show, and as Larry Gornick, counsel for Plaintiffs, confirmed, Hitachi has no experience with electronic document production. (*See* Ex. C; Google searches of Hitachi's and Dove Consulting's Web sites showing that neither mentions any of the following phrases: "Electronic discovery," "e-discovery," "document production," or "electronically stored information;" Ex. D; Excerpt from Dove's Web site indicating that it has "developed deep expertise in four areas," viz., "Financial Services," "Consumer Broadband," "Consumer Packaged Goods," and "Government and Not-for-Profit.")

Because the parties could not agree on a Technical Expert, AstraZeneca suggested to Plaintiffs that neither party file a motion seeking appointment of its candidate, and instead work with a Technical Expert of the Court's own choosing. Plaintiffs rejected this approach, and have said that they will move for an order appointing the Hitachi-Dove team as Technical Expert.

---

[2]   Mr. Turgeon is Vice President of Dove's Payment Compliance Team. Payment compliance involves the processes by which credit-card companies bill and receive payment. (*See* Ex. B.; Excerpt from Dove's Web site regarding its Payments Compliance practice.)

AstraZeneca believes that it would be inappropriate for the Court to appoint *either* AstraZeneca's or Plaintiffs' proposed experts over the other party's objection. As noted above, the implication of the Court's statement at the August 22 pretrial conference was that, if the parties could not agree on a Technical Expert, the Court would appoint one of its own choosing. (*See* Ex. A; Tr. of Aug. 22, 2007 Pretrial Conference, at 45:9-20.) If the Court is inclined, however, to appoint either party's or both parties' candidates, AstraZeneca respectfully suggests that the Court ought to interview all of the proposed experts and review their qualifications before making a selection.

Plaintiffs have also indicated that they will ask the Court to enter an order setting forth the scope of a Technical Expert's engagement. (*See* Ex. E; Plaintiffs' proposed order.) Plaintiffs' form of order would task the Technical Expert with duties that are inconsistent with, and go far beyond, the understanding reached in court. AstraZeneca respectfully asks the Court to reject Plaintiffs' proposed order, and enter the order attached as Ex. F, which AstraZeneca believes accurately reflects the discussions at the August 22, 2007 conference.

## ARGUMENT

### I. THIS COURT SHOULD SELECT AN EXPERT OF ITS OWN CHOOSING, OR IN THE ALTERNATIVE, SHOULD SELECT ASTRAZENECA'S PROPOSAL AFTER INTERVIEWING BOTH PARTIES' PROPOSED EXPERTS.

As set forth above, AstraZeneca submits that neither parties' proposed expert should be accepted by the Court in light of the parties' inability to reach agreement. If, however, the Court is inclined to choose between the parties' candidates, AstraZeneca asks that the Court independently review the experience and qualifications of AstraZeneca's proposed experts, as well as Plaintiffs' proposed experts, and interview all of them. AstraZeneca believes that the

Court will find that Mr. Jessen and Mr. Socha are highly qualified e-discovery experts, and that one or the other would be an appropriate choice for Technical Expert.

### A. Messieurs Jessen and Socha's Previous Work for Defense Law Firms and Pharmaceutical Companies Is No Bar to Their Appointment.

Plaintiffs did not take issue with the e-discovery qualifications of AstraZeneca's choices, but Plaintiffs rejected both Mr. Jessen and Mr. Socha on the grounds that they have, in the past, been engaged by some of the defense law firms in this case on other matters, and have worked for pharmaceutical companies on other matters. These previous engagements should not, however, disqualify them from consideration for the position of Technical Expert. Indeed, neither is currently working for any law firm appearing here, and neither has ever worked for AstraZeneca. These past engagements are not disqualifying any more than a judge or a magistrate judge should be disqualified from presiding over a matter because he or she was once a lawyer with a firm involved in the litigation, or because he or she previously represented companies in the same industry as one of the parties.

To the contrary, *anyone* with extensive experience in e-discovery consulting is likely to have been engaged at some point by a pharmaceutical company, or by a law firm representing a pharmaceutical company. As the Court is aware, litigation over pharmaceuticals entails voluminous electronic document production by pharmaceutical companies. *Plaintiffs* in pharmaceutical litigation, on the other hand, have comparatively little, if any, electronically stored information to turn over, and are unlikely ever to have employed an e-discovery consultant to help with production. It is unsurprising, then, that e-discovery experts such as Mr. Jessen or Mr. Socha may have gained their expertise, in part, by helping pharmaceutical companies and their counsel comply with their e-discovery obligations.

**B. AstraZeneca Is Confident that upon Interviewing Messieurs Jessen and Socha, the Court Will Find that They Are Well Qualified to Serve as Technical Expert.**

Both Mr. Jessen and Mr. Socha are eminently qualified to assist the Court and the parties in resolving technical issues related to AstraZeneca's electronic document production. Mr. Jessen founded EED in 1987 and now sits on its board of directors. (*See* Ex. G; Excerpt from EED's Web site providing biographies of its directors.) EED, in turn, "is the principal eDiscovery trainer for the federal judiciary and the sole technical advisor to the Sedona Conference." (*See* Ex. H; Excerpt from EED's Web site entitled "The EED Experience.") EED is as an industry leader "in advising law firms and corporations on best practices related to . . . electronic discovery." (*See* Ex. I; Excerpt from EED's Web Site entitled "eDiscovery. Discovered Here.")

Mr. Socha, too, is an e-discovery veteran and an expert in its technical aspects. He has 16 years of experience as a litigation attorney, 14 in automated litigation support, and 10 in electronic discovery. (*See* Ex. J; Excerpt from Socha Consulting's Web site regarding Mr. Socha's service as an electronic-discovery special master.) His experience includes "evaluat[ing] the adequacy and appropriateness of policies, procedures, and technological processes used by [] vendors to procure and work with information stored in electronic, paper, microfilm and other formats." (*See* Ex. K; Excerpt from Socha Consulting's Web Site regarding Mr. Socha's experience with e-discovery.)

As the Court will no doubt find upon interviewing Mr. Socha and Mr. Jessen, both are excellent candidates for Technical Expert. Thus, if the Court is inclined to make a choice from

the suggested candidates, AstraZeneca requests that the Court select either Mr. Socha or Mr. Jessen as Technical Expert.

## II. THE COURT SHOULD REJECT PLAINTIFFS' FORM OF ORDER BECAUSE IT VASTLY EXPANDS THE SCOPE OF A TECHNICAL EXPERT'S POWER AND RESPONSIBILITY BEYOND WHAT THE COURT AND ASTRAZENECA CONTEMPLATED AT THE AUGUST 22 PRETRIAL CONFERENCE.

The role of the proposed Technical Expert, as discussed at the August 22 pretrial conference, was crystal clear—to advise AstraZeneca and Plaintiffs on how best to resolve any outstanding technical issues with AstraZeneca's electronic document production, and on how best to conduct e-discovery going forward. (*See* Ex. A at 25-27.) Nonetheless, Plaintiffs have indicated that they will submit a proposed order contemplating a much different, and broader, role for the Technical Expert than that discussed at the hearing. (*See* Ex. E.) Under Plaintiffs' proposal, the Expert's role would expand well beyond technical matters. (*See id.*) Among other things, Plaintiffs would have the Technical Expert make factual determinations as to the location of responsive materials, and make judgments as to the ***relevancy*** of such materials. (*Id.*) These are not "technical" issues.

Moreover, Plaintiffs propose that the Technical Expert have "unfettered access" to AstraZeneca's employees "outside the presence of AZ's counsel." (*See* Ex. E.) Needless to say, AstraZeneca will provide the Technical Expert with whatever is requested in terms of access to technical employees. However, the Court did not require that AstraZeneca give up its right to have its counsel involved in the process. Nor did the Court require that the expert have "unfettered access" to a wide variety of company personnel, information, and documentation. Plaintiffs' articulation of the Technical Expert's role is simply not what AstraZeneca or the Court

envisioned at the August 22 pretrial conference. The Court should therefore reject Plaintiffs' proposed order.

AstraZeneca submits with this motion a form of order that follows the parties' discussion with the Court at the pretrial conference regarding the role of the Technical Expert. Specifically, the order provides for a neutral expert to provide transparency regarding AstraZeneca's electronic document production, to resolve pending technical disputes as discussed in the sanctions motion, and to establish efficient technical parameters for all e-discovery going forward.

## CONCLUSION

For the reasons stated above, the Court should appoint a Technical Expert of its own choosing, or in the alternative, should choose an expert after interviewing AstraZeneca's and Plaintiffs' proposed experts and reviewing their qualifications. AstraZeneca also respectfully requests that regardless of whom the Court selects as Technical Expert, the Court should reject Plaintiffs' proposed order, and enter the order submitted by AstraZeneca.

Respectfully submitted on this, the 31st day of August, 2007,

<u>/s/ Fred T. Magaziner</u>
Fred T. Magaziner
Kevin T. Kerns
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATION OF COUNSEL PURSUANT TO M.D. FLA. L.R. 3.01(g)

Prior to filing this motion, counsel for AstraZeneca conferred with Plaintiffs' counsel in a good-faith attempt to resolve the issues presented in the motion. Counsel for AstraZeneca and counsel for Plaintiffs were unable to reach agreement on the resolution of the issues presented in the motion.

*/s/ Fred T. Magaziner*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2007, I electronically filed the foregoing and all supporting documents with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing and all supporting documents have been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ *Shacheendra Vinod*

# SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>**Attorneys for Defendant AstraZeneca, PLC** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |