# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**[PROPOSED]**<br>**ORDER APPOINTING INFORMATION**<br>**TECHNOLOGY ADVISOR** |

It is hereby ORDERED as follows:

A.   The firm of Hitachi Consulting is appointed to serve as an IT Advisor to the Court. Hitachi shall:

1)   Conduct an independent audit of AZ's preservation, collection and production of ESI;

2)   Identify ESI which AZ has not yet produced to plaintiffs, and determine why AZ has not produced such ESI. Types of ESI which Hitachi should investigate include: voicemail, fax attachments, video attachments and "track changes" data;

3)   Investigate whether all relevant email for all custodians has been produced. Particular issues which should be addressed include:

    a.   Whether custodians had multiple email addresses;

    b.   Whether and when email was collected from all addresses and all servers;

    c.   Whether custodians used proxies for sending or receiving email;

    d.   Whether and when email was collected from all proxies;

    e.   Whether metadata for all email was provided to plaintiffs;

4) Investigate, analyze, report on, and suggest solutions to technical issues presented by AZ's prior productions;

5) Identify remaining and future difficulties with the production of ESI to plaintiffs;

6) Provide transparency to and implement appropriate quality control for AZ's preservation, collection and production processes;

7) Ensure that, in the future, plaintiffs receive discoverable ESI in the proper form; and

8) Provide such other information and technical assistance as the Court may request.

B.   In furtherance of those duties, the Advisor shall:

1) Receive from Mr. Jaffe and Mr. Martin information identifying problems plaintiffs believe to exist in AZ's preservation, collection and production of ESI;

2) Have unfettered access to the following persons, outside the presence of AZ's counsel:

    a. All relevant technical personnel employed by AZ and each of its vendors,

    b. All personnel with knowledge of, and all information relating to, AZ's investigations of technical issues, and

3) Have unfettered access to all documentation (as set forth in Sedona Principles, Comment 6e) which describes what has been collected, the procedures employed in collection, and steps taken to ensure the integrity of the information collected.

C. Within 7 days, and with the input of the parties, Hitachi Consulting shall designate a specific individual to serve as IT Advisor. The Advisor may make use of appropriate staff of Hitachi under his or her supervision to accomplish the purposes of this appointment. The Advisor may seek clarification or assistance from the Court in order to carry out the duties set forth herein.

D. The Advisor is directed to appear (by telephone) at the next status conference (currently scheduled for September 11, 2007 at 9:30 a.m). At that time, issues relating to scope of duties, reporting, communications and other matters pertinent under this Order will be addressed.

E. The Advisor shall provide the Court and parties with a schedule of rates and anticipated charges for the services contemplated. The Advisor shall submit a monthly bill to the Court, which will apportion costs between the parties.

IT IS SO ORDERED.

Date: _____    _____
                                  Magistrate Judge David A. Baker