# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL Docket No.: 6:06-md-1769-Orl-22DAB |
| THIS RELATES TO: | |
| ALL CASES POTENTIALLY SUBJECT TO DISMISSAL WITH PREJUDICE UNDER CASE MANAGEMENT ORDER NO. 2 | |

**AFFIDAVIT IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE PLAINTIFF FACT SHEETS AND RECORDS AUTHORIZATIONS**

Comes the undersigned, Laurence G. Tien, being counsel for Bailey Perrin Bailey, LLP ("BPB") representing Plaintiffs in multiple actions against Defendant and in support of Plaintiffs' Response to Defendants' MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE VERIFIED PLAINTIFF FACT SHEETS AND RECORDS AUTHORIZATIONS, states and affirms as follows:

I, Laurence G. Tien, being first duly sworn, on oath, depose and say that: I am the supervising attorney in charge of Plaintiff's Fact Sheets ("PFS") in the MDL at BPB. I am competent to make this affidavit, and the facts stated in this affidavit are within my personal knowledge and are true and correct:

1. I have been a licensed attorney for over nine years and have extensive experience in the production of answers to interrogatories, responses to requests for production and fact sheets involving toxic torts and pharmaceutical litigation.

2. I have previously supervised and/or been involved in the production of thousands of interrogatories, answers to interrogatories, responses to requests for production and Plaintiff's Fact Sheets involved in asbestos, fen-phen and Zyprexa litigation.

3. The events and procedures described in this affidavit are a true and correct accounting of all the steps undertaken by Plaintiffs' counsel to complete PFS for the Plaintiffs identified in Defendants' Motion Requesting Conversion to Dismissal with Prejudice.

4. For every BPB Plaintiff identified in Defendants' Motion, we have undertaken extensive efforts to get Plaintiffs to complete or supplement their PFS. This effort involved, at a minimum for each case, the following:

    A. Mailed to each Plaintiff at his/her last known address, on at least four separate occasions from November 2006 to August 2007 including via Certified Mail, Return Receipt Requested, PFS packages with an Acknowledgment and HIPAA authorization, warning the Plaintiff that his/her case could get dismissed for failure to complete and return a completed PFS with a Acknowledgment and HIPAA authorization;

    B. Made weekly live phone calls to all of Plaintiff's known contact numbers, leaving messages when possible concerning the need to supplement their PFS and to return our phone calls confirming receipt;

      C.    Hired a third party call center to make additional live phone calls to Plaintiffs asking them to immediately supplement their PFS and/or call BPB to discuss;

      D.    Engaged a "Phone Tree" automated calling service to call Plaintiffs days, nights, and weekends regarding the urgency to supplement their PFS and to call BBP to discuss;

      E.    Engaged in computerized public records searches to locate "missing" Plaintiffs whose mail was returned unopened or whose phones had been disconnected; and

      F.    Utilized fee-based people locator service to locate "missing" Plaintiffs whose mail was returned unopened or whose phones had been disconnected, with further follow up with identified family members or neighbors to ascertain Plaintiffs' current whereabouts.

5.    As a result of these efforts, BPB now has approximately 5002 cases in this MDL where completed PFS, executed verification, and medical authorizations have been served upon Defendants. This number includes approximately 490 plaintiffs who have now supplemented a missing PFS, verification, or authorization after their initially due date. We continue to receive batches of supplements each week from Plaintiffs in this category.

6.    Despite these efforts, at this time there are still approximately 1046 of our Plaintiffs in this MDL that have not yet responded to our efforts to get them to

supplement their PFS. I am confident that responses will continue to flow into firm from Plaintiffs whether or not we make additional contact efforts.

7. Just this week, numerous Plaintiffs have sent in their supplemental information, including five Plaintiffs where the original CMO2 60 day period has passed. These have been provided to Defendants. These five cases are: Thomas Garcia, 6:07-cv-13463; Dusty Farnsworth, 6:07-cv-11180; Sherri Francis, 6:07-cv-13442; Ricky Hageman 6:07-cv-13532; Ruby Kelsey, 6:07-cv-13741. Defendants have filed motions to convert the dismissals in these five cases to dismissals with prejudice.

8. I have no evidence that any of the remaining 1046 Plaintiffs have made a conscious decision to abandon their claims or to not supplement their discovery. Previously where Plaintiffs have given an indication that they did not wish to supplement or otherwise further participate in their case, steps were taken to voluntarily dismiss those claims. Up until July of this year, BPB had voluntary dismissed approximately 300 such claims. After that time, Defendants thwarted any additional removal of cases by arguing that Plaintiffs were trying to circumvent CMO2.

9. On approximately 364 of the 1046 cases, we can confirm that Plaintiffs have not received notice that their cases are subject to being dismissed with prejudice, as their packets continue to be returned unopened to BPB by the U.S. Postal Service as "unclaimed," "attempted not known," or "unable to forward."

Case 6:06-md-01769-ACC-DAB   Document 442-3   Filed 09/06/07   Page 6 of 6 PageID 8689

FURTHER AFFIANT SAYETH NAUGHT:

_____
LAURENCE G. TIEN

SWORN TO AND SUBSCRIBED before me on the __30th__ day of __August__ _____, 2007.

_____
Notary Public in and for the State of Texas

Heather Santiago
Printed Name

My Commission Expires: 01/08/08

HEATHER SANTIAGO
Notary Public, State of Texas
My Commission Expires
January 08, 2008