# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE:  SEROQUEL PRODUCTS<br><br>LIABILITY LITIGATION | MDL Docket No.:<br>6:06-md-1769-Orl-22DAB |

**This document relates to:**

**JEFFREY ALLEN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12264-ACC-DAB;

**STEVEN APPLE V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12268-ACC-DAB;

**JULIA ARROWOOD V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14584-ACC-DAB;

**CHARLOTTE AUBREY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11367-ACC-DAB;

**POLLY AUSTIN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13052-ACC-DAB;

**BETTY BAILEY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12275-ACC-DAB;

**REBEKAH BAILEY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11370-ACC-DAB;

**CONNIE BARTLETT V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13077-ACC-DAB;

**JACKIE BETTIES V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-15914-ACC-DAB;

**CAROLYN BLAIR V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12304-ACC-DAB;

**SEAN BLOFSKY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12305-ACC-DAB;

**GREGORY BOWERS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13141-ACC-DAB;

**GEORGE BROOKS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13159-ACC-DAB;

**PEGGY CAMP V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14700-ACC-DAB;

**PATRICIA CAPPONI V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11445-ACC-DAB;

**DONNA CAYLOR V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14717-ACC-DAB;

**GARRY COOK V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12391-ACC-DAB;

**SANDRA CRACE V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13308-ACC-DAB;

**TERESA DARNELL V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11497-ACC-DAB;

**LITTLE DAVENPORT V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13330-ACC-DAB;

**MATTHEW DAVIS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-10512-ACC-DAB;

**MARK DEARBORN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13350-ACC-DAB;

**GERARDO DELEON V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16051-ACC-DAB;

**TRACY DILLON V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11515-ACC-DAB;

**GARY DUNNING V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16074-ACC-DAB;

**RICHARD EATWELL V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12445-ACC-DAB;

**WILTON EDWARDS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11532-ACC-DAB;

**ROBERT ESCOBIO V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11538-ACC-DAB;

**LEONARD FLOWERS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11565-ACC-DAB;

**GWENDOLYN FORD V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11567-ACC-DAB;

**CHIRSTOPHER FOX V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16109-ACC-DAB;

**JODIE FURTH V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14877-ACC-DAB;

**PAULA GALLAGHER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12481-ACC-DAB;

**JIMMY GARCIA V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13462-ACC-DAB;

**ROBERTO GARCIA V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11586-ACC-DAB;

**CHERYL GINTER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11597-ACC-DAB;

**BARBARA GONZALEZ V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11601-ACC-DAB;

**YVEARN HALL V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12530-ACC-DAB;

**AMY HALL V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16153-ACC-DAB;

**ALGEE HAMILTON V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13539-ACC-DAB;

**SHARON HANSHEW V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11621-ACC-DAB;

**LILLIAN HARRIS V. ASTRAZENECA LP, et al.,**

Case No. 6:2007-cv-14959-ACC-DAB;

**ROGER HARRIS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14963-ACC-DAB;

**FREDERICK HENSLEY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12554-ACC-DAB;

**ROSA HEWITT V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14981-ACC-DAB;

**MICHAEL HICKS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12155-ACC-DAB;

**DENNIS HINER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11644-ACC-DAB;

**FAITH HOAG V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11646-ACC-DAB;

**PAMELA HUNDLEY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13640-ACC-DAB;

**WILLIAMETTE IRONHAWK V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11668-ACC-DAB;

**VERONICA JOHNSON V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-15040-ACC-DAB;

**BRENDA JONES V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-15045-ACC-DAB;

**DEON JONES V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13700-ACC-DAB;

**LILLIAN JONES V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12604-ACC-DAB;

**RAYMOND KINLAW V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13762-ACC-DAB;

**NICHOLAS KRAGER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11720-ACC-DAB;

**CHARLES KRAKOVER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13799-ACC-DAB;

**JOHN LEFLER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11739-ACC-DAB;

**FULTON LEGETTE, DORA AS ADMINISTRATOR OF THE ESTATE OF FULTON LEGETTE V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13803-ACC-DAB;

**CHRISTINE LEWIS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13810-ACC-DAB;

**PEARLINE LEWIS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16297-ACC-DAB;

**BRIAN LIGGETT V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11747-ACC-DAB;

**LISA LIPSCOMB V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11749-ACC-DAB;

**BARBARA MARTIN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13860-ACC-DAB;

**RONALD MAY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11773-ACC-DAB;

**PAM MCPHERSON V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12695-ACC-DAB;

**DONNA MCQUEEN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13921-ACC-DAB;

**JAY MEDDEAUGH V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12185-ACC-DAB;

**RACHEL MEDLEN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13925-ACC-DAB;

**GROVER MOSLEY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11813-ACC-DAB;

**ROBERT MOSLEY V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11814-ACC-DAB;

**THOMAS MOYNIHAN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-13980-ACC-DAB;

**ROBERT MULLENS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12718-ACC-DAB;

**MARGARET NANCE V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11825-ACC-DAB;

**CHERYL NEAL V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16400-ACC-DAB;

**AUDREY OGLETREE V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11836-ACC-DAB;

**JENNIFER PIERCE V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12763-ACC-DAB;

**JOHN POLCHOWNE V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-15264-ACC-DAB;

**JANCE RAY V. ASTRAZENECA LP, et al.,**
**Not Severed from ABBOTT, et al., ASTRAZENECA, LP, et al.,**
Case No. 6:2006-cv-01853-ACC-DAB;

**WILLIAM REAGAN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16485-ACC-DAB;

**JESSICA ROBBINS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-10735-ACC-DAB;

**TAMMY ROCHESTER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11919-ACC-DAB;

**KATHY ROGERS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11922-ACC-DAB;

**MICHELE ROWLAND V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-15614-ACC-DAB;

**RICHARD SCHRAMM V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14234-ACC-DAB;

**GREGORY SILVERS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-11958-ACC-DAB;

**JOE SIMMONS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-16556-ACC-DAB;

**LINDA STRICKLAND V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12877-ACC-DAB;

**JOHN THAXTON V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12006-ACC-DAB;

**CLIFTON TUCKER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12015-ACC-DAB;

**NICOLE TYLER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12922-ACC-DAB;

**WILLIAM VELEZ V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-14424-ACC-DAB;

**JANE WALTERS V. ASTRAZENECA LP, et al.,**
Not Severed from ABBOTT, et al., ASTRAZENECA, LP, et al.,
Case No. 6:2006-cv-01853-ACC-DAB;

**JENNIFER WARREN V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12955-ACC-DAB;

**HAZEL WATKINS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12034-ACC-DAB;

**ALICE WEBER V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-12966-ACC-DAB;

**BUFUS WOODS V. ASTRAZENECA LP, et al.,**
Case No. 6:2007-cv-10807-ACC-DAB;

---

## PLAINTIFFS' CERTIFICATION OF SERVICE OF PLAINTIFF FACT SHEETS AND RESPONSE TO DEFENDANTS' MOTION REQUESTING DISMISSALS WITHOUT PREJUDICE FOR FAILURE TO VERIFY PLAINTIFF FACT SHEETS

**TO THE HONORABLE COURT:**

  **COME NOW** Plaintiffs, in the above-styled and numbered cases, and file this Certification of Service of Plaintiff Fact Sheets and Response to Defendants' Motion Requesting Dismissals

7

without Prejudice for Failure to Verify Plaintiff Fact Sheets.  For the following reasons, Defendants' Motion should be DENIED:

 1. Plaintiffs hereby give notice and certify that they have previously submitted their completed Plaintiff Fact Sheet ("PFS") to Defendants.  Pursuant to CMO No. 2, a Plaintiff's case shall not be dismissed for failure to provide a completed Fact Sheet once a Plaintiff files this notice and certification.  This certification is being filed within ten business days of Defendants' motion to dismiss.  Documentation of receipt of Plaintiff's Fact Sheets by Defendants is attached as Exhibit "A."

 2. Even though completed PFS have been served with all substantive questions addressed, Defendants are now moving to impose "death penalty" sanctions on these cases based on the lack of signed verifications.

 3. Despite a specific agreement with Sidley Austin LLP, former attorneys in charge for Defendants, that simultaneous service of the signed verification page with the completed PFS **would not** constitute a basis for filing a motion to dismiss, Defendants' new counsel is nevertheless pushing forward on that basis.  In fact, there was a substantial give and take regarding whether or not an authorization would be included on the PFS in the first place.  Eventually, Plaintiffs' counsel agreed to include the verification in return for the oral promise and understanding that verifications would involve additional time above and beyond that required to get the PFS themselves completed and served.  It was specifically agreed that Defendants would not file motions to dismiss if it took additional time to get the verifications signed as long as it did not appear that Plaintiffs were taking advantage of the situation.  As delayed verifications continue to flow to Defendants at a steady pace, it can hardly be argued that Plaintiffs are taking advantage of the situation, or that Defendants have been prejudiced by these minimal delays.

 4. Plaintiffs' and Defendants' counsel (Dechert LLP) had agreed that 500 PFS served per month from all Plaintiffs was more than an adequate pace to produce and digest PFS information on the Plaintiffs in this MDL.  Nevertheless, the Court increased that schedule such

that Bailey Perrin Bailey ("BPB") needed to produce approximately 1200 PFS per month to Defendants. BPB has and will continue to meet the Court's schedule in that regard. As of March 29, 2007, BPB had produced to Defendants a total of 2,890 completed PFS. Even though counsel for both sides had recognized and agreed that verifications involved another correspondence step with the clients, required additional time to gather, and would not form the basis of a motion to dismiss, Defendants immediately started dismissal proceedings with their "Notice of Overdue Discovery Letter" on April 30 charging that Plaintiffs were "unilaterally changing the deadlines for serving PFS." In this letter, counsel complained that of the 2,890 PFS that had been served over the previous three months, 401 (or roughly 14%) of them were lacking simultaneously signed verification pages. Not due to Defendants' threats, but because Plaintiffs already recognized their obligation to get the verifications as timely as possible, by May 31 BPB had served Defendants with an additional 304 signed verifications out of this group of 401, leaving a total of 97 (or roughly 3%) yet to be verified. Despite this progress, Defendants filed a motion to dismiss these remaining 97 cases on May 31, 2007. As of June 14, an additional 60 verifications have been served and 4 cases have been voluntarily dismissed, leaving only 33 (or roughly 1%) of the 2,890 PFS which were due and provided to Defendants in the first three months of production in this MDL. Considering the general population of plaintiffs that these drugs were indicated towards, a 99% achievement rate in such a short period of time is a monumental accomplishment.

5.  As stated above, this Motion is now unquestionably moot as to the 60 Plaintiffs that have now sent their delayed verifications to Defendants and the 4 Plaintiffs that have already dismissed their cases. Attached to this Response is Exhibit "B" which indicates which of the 97 cases fall into each of these categories, as well as the 33 who are still working on their verifications.

6.  It is important to note that of the 33 remaining cases, the substantive information has already been provided to Defendants. What Defendants are complaining of is inaccurate and misleading, but most importantly is ministerial as opposed to substantive. A ministerial act such

9

as signing the verification should not form the basis of a death penalty dismissal. As the history and breakdown detailed in paragraph 4 above indicates, Plaintiffs understood and have continued to diligently undertake getting the verifications executed. Rather than wait for these to completed, however, Plaintiffs thought it was more important to provide the substantive information to Defendants that they requested and now have in their possession. If the Court and Defendants will bear with Plaintiffs these verifications will be provided in short order. These Plaintiffs should not be denied their "one day in court" on a ministerial act, especially at this early stage of the proceedings. The most cited arguments for needing verifications in the first sense, being able to "rely" on the answers given and being able to impeach later variations in testimony, are not even implicated yet in this case. Indeed, in most jurisdictions and in other litigations such as this, there are rules and agreements which do not mandate verifications until needed prior to depositions or trials. This allowance has been recognized in other seroquel cases not before this Court. Alternatively, if necessary, Plaintiffs' counsel could sign these verifications or otherwise stipulate to the information contained within the PFS such that Defendants are able to proceed with this "more reliable" information.

7. As the Court is now aware, initial problems with discovery production are not limited to either side of this litigation. For example, Defendants have just recently been given additional time to address and correct the many technical issues which have plagued their production of documents in this case. These issues are arguably more prejudicial and timely than Plaintiffs' verifications, given that Defendants' documents are part of the general discovery applicable to all cases, as opposed to individual cases. Regardless, an individual should be given the same time to cure as Defendants have been given with regards to their own discovery difficulties.

8. When CMO No. 2's dismissal procedures were submitted by the Parties and ordered by the Court, they were there to address cases where the Plaintiff fails to submit a PFS to Defendants. Defendants are now seeking to expand the scope of CMO No. 2 to include ministerial omissions even though all substantive information has been provided necessary to

conduct an initial investigation of the case. Plaintiffs respectfully submit that such an interpretation was not contemplated when CMO No. 2 was drafted by the parties, nor should it be adopted now by the Court. Additionally, there is no reason to grant a dismissal under CMO No. 2 on a case when the only complaint will be cured in all haste.

9. Plaintiffs' counsel have worked diligently on these PFS since January and will continue to do so in the future. This motion should be recognized as a mere attempt to profit at Plaintiffs' expense off a technical issue not rising to a legitimate basis for dismissal.

WHEREFORE, Plaintiffs request that Defendants' Motion be DENIED for the reasons stated herein.

RESPECTFULLY SUBMITTED this ___14th___ day of June, 2007.

/s/ K. Camp Bailey
K. Camp Bailey
Co-Lead Counsel for Plaintiffs
TSBN 24006782
Bailey Perrin Bailey LLP
The Lyric Centre
440 Louisiana St., Suite 2100
Houston, Texas 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
E-mail: cbailey@bpblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this   14th day of June, 2007, I electronically filed the foregoing **Certification of Service of Plaintiff Fact Sheets and Response to Defendants' Motion Requesting Dismissals without Prejudice for Failure to Verify Plaintiff Fact Sheets** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed below.

Fred T. Magaziner, Esq.
A. Elizabeth Balakhani, Esq.
DECHERT LLP
Circa Center
2929 Arch Street
Philadelphia, PA 19104
fred.magaziner@dechert.com
elizabeth.balakhani@dechert.com

Larry Roth, Esq.
Law Offices of Larry M. Roth, PA
Post Office Box 547637
Orlando, FL 32854-7637
lroth@roth-law.com


/s/ K. Camp Bailey
K. Camp Bailey