UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL Docket No.: 6:06-md-1769-Orl-22DAB |
| THIS RELATES TO: | |
| PLAINTIFFS IDENTIFIED IN EXHIBIT 1 | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE VERIFIED PLAINTIFF FACT SHEETS AND RECORDS AUTHORIZATIONS**

Plaintiffs in the above-styled and numbered cases ("Plaintiffs") file this Response in Opposition to the Motion Requesting Conversion to Dismissal with Prejudice for Failure to Serve Verified Plaintiff Fact Sheets and Records Authorizations filed by the AstraZeneca Defendants ("Defendants"), and would respectfully show the Court as follows:

**I.      SUMMARY OF RESPONSE**

1.      Defendants request that the Court dismiss Plaintiffs' cases *with* prejudice—where such cases have already been dismissed *without* prejudice—pursuant to Defendants' understanding of Case Management Order No. 2 ("CMO 2") (Doc. 129).  In doing so, Defendants run afoul of unequivocal Eleventh Circuit[1] precedent that cautions against

---

[1]    The United States Court of Appeals for the Eleventh Circuit is referred to herein as the "Eleventh Circuit."

1

imposition of "death penalty" sanctions under these circumstances.  Because the requested action is not warranted and because the Eleventh Circuit instructs that ***dismissal without prejudice is an available, lesser sanction***, the Court should maintain the status quo with respect to these cases and deny Defendants' Motion.

2.  This Response, and the issues it addresses, affects approximately 1064 Plaintiffs whose cases have already been dismissed by the Court without prejudice, or who are currently subject to the 80-day waiting period prior to dismissal with prejudice pursuant to the Court's amendment to CMO 2.  (Doc. 285.)

## II.  BACKGROUND

3.  At the time that Defendants first moved to dismiss certain Plaintiffs' cases without prejudice, Plaintiffs certified that Fact Sheets for such Plaintiffs had been obtained and served.  (*See, e.g.,* Plaintiffs' Certification of Service of Plaintiff Fact Sheets and Response to Defendants' Motion Requesting Dismissals Without Prejudice For Failure to Verify Plaintiff Fact Sheets (hereinafter, "Certification and Response"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein for all purposes.)  Pursuant to the language of CMO 2 (stating that "if a plaintiff files such notice [that his/her Fact Sheet has been served], the plaintiff's claims shall not be dismissed), Plaintiffs argued that they had complied with CMO 2 by serving such Fact Sheets and, therefore, those Plaintiffs' cases should not be dismissed.  (Ex. A ¶1.)  Nevertheless, the Court dismissed those cases without prejudice.  For the reasons set forth in Plaintiffs' prior briefing on this issue, such as in the Certification and Response, as well as the arguments contained in this Response, Plaintiffs contend and hereby reassert that they have complied with CMO 2 in

submitting Plaintiffs' Fact Sheets, and object to the dismissal of any Plaintiffs' cases—with or without prejudice—for failure to serve a Fact Sheet verification. As shown below, and as Eleventh Circuit precedent dictates, imposing the ultimate sanction on a plaintiff, dismissal with prejudice (precluding the plaintiff from ever re-filing his/her claim), is a remedy of last resort which should only be applied in extreme circumstances.

4. Contrary to Defendants' suggestion that Plaintiffs have failed to submit Fact Sheets at all, the submitted Fact Sheets only lack the final step of formal verification. Plaintiffs have disputed (and continue to dispute) whether the absence of a verification at this early stage of discovery renders a Fact Sheet "incomplete" for purposes of CMO 2. The express language of CMO 2 does not specifically order that the Fact Sheets be verified.

5. Moreover, the dismissal procedure contained in CMO 2 was the result of protracted, laborious negotiations between Plaintiffs' and Defendants' counsel over the information to be requested in the Fact Sheets, and whether the Fact Sheets required verification at all. Plaintiffs consented to Defendants' demand for verified Fact Sheets only upon the representation by defense counsel that the failure to serve a verified Fact Sheet would not constitute grounds for a motion to dismiss,[2] and upon the parties' agreement that Fact Sheet discovery would proceed at a more manageable pace, which—among other benefits—would permit Plaintiffs' counsel to evaluate individual cases and voluntarily dismiss those Plaintiffs' cases who—through intentional and affirmative action—refused to

---

[2] Defense counsel made this representation provided that it did not appear that Plaintiffs were taking advantage of the situation. Since certain Plaintiffs filed their Response to Defendants' Motion Requesting Dismissals Without Prejudice on or about June 14, 2007, approximately 490 additional defects with respect to verifications have been cured. (*See* Affidavit of Laurence Tien, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein for all purposes.) It can hardly be said that Plaintiffs are taking advantage of the situation because a steady stream of verifications continue to be submitted.

cooperate with the Court's rules and procedures. The more manageable pace of discovery proposed by the parties was not adopted by the Court.

6. Nevertheless, in the spirit of cooperation and in a good faith effort to move the parties' past such discovery disputes, Plaintiffs' attorneys have earnestly and conscientiously worked to obtain any missing Fact Sheet verifications and records authorizations and continue to serve them upon Defendants as they become available, making remarkable strides in a very short period of time. (*See* Ex. B.)

7. Importantly, Defendants have not been prejudiced by the lack of such discovery because case-specific discovery under the Court's schedule has yet to begin with regard to the Plaintiffs currently subject to dismissal with prejudice. Nor may such case specific discovery commence at any time because the cases have already been dismissed. Thus, any of the possible justifications for Defendants' need of Plaintiffs' verifications and records authorizations, including any perceived improved ability to rely on and confirm the information contained in the Fact Sheets for purposes of impeachment, expert opinion thereon, etc. are not implicated where there is no opportunity for additional discovery to take place because the cases are no longer on file.

### III.   ARGUMENT & AUTHORITIES

8. Eleventh Circuit standards for imposing the "Draconian remedy of dismissal" instruct that Plaintiffs' cases should not be dismissed with prejudice. *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir. 1982) (quoting *Marshall v. Segona*, 621 F.2d 763, 767 (5th Cir. 1980)) (internal quotation marks omitted). " [A] dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: (1)

4

a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (italicized emphasis in original); *see also World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (same); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (same); *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (same). "Findings satisfying both prongs of our standard are *essential* before dismissal with prejudice is appropriate." *Betty K Agencies Ltd.*, 432 F.3d at 1339. "[S]uch dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions **are unavailable**." *McKelvey*, 789 F.2d at 1520 (emphasis added). "Mere delay will not suffice; '[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.'" *Kilgo*, 983 F.2d at 192-93 (quoting *McKelvey*, 789 F.2d at 1520).

9. In numerous cases, therefore, the Eleventh Circuit has excused parties' delays and ignorance of court orders because they did not rise beyond mere negligence to the level of "willful misconduct" or "contumacious conduct." *See, e.g., McKelvey*, 789 F.2d at 1520 (holding that plaintiff's failure to respond to show cause order requiring that plaintiff demonstrate why his case should not be dismissed for want of prosecution more than a year after the case had been filed was excusable, "simple negligence" because the record demonstrated that plaintiff's counsel *never received the show cause order from the court*); *see also Beckwith v. Bellsouth Telecomm. Inc.*, 146 Fed.Appx. 368, 370-71, 372-73 (11th Cir.

5

2005) (holding that district court abused its discretion by dismissing a *pro se* plaintiff's case with prejudice for failure to comply with court orders where, over the course of more than two years, plaintiff had been unable file a complaint that complied with the Federal Rules of Civil Procedure, despite numerous court orders to do so; "[w]e cannot say that Beckwith's failure to comply with the orders of the district court was a result of bad faith or willfulness"); *Mingo v. Sugar Cane Growers Co-op.*, 864 F.2d 101, 103 (11th Cir. 1989) (declaring an abuse of discretion the district court's finding that "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has [and] the circumstances of this case cry out for such a just, speedy, and inexpensive determination," where such language did not establish that "the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion.").

10. Here, there is no showing that Plaintiffs have acted in bad faith or willfully disregarded the Courts orders. ***At most, Plaintiffs' silence in response to Plaintiffs' counsel's repeated requests for verifications and records authorizations*** (see Ex. B)***, amounts to negligent disregard of the Court's orders. Such negligence is not a basis for dismissal with prejudice in this circuit. No willful misconduct can be inferred from such silence.***[3]

---

[3] With respect to the delayed verifications, a finding of no willful misconduct is especially appropriate here, where Defendants merely seek supplementation of verifications and records authorizations, a technical defect that is automatically cured when the verifications and records authorizations are supplied. *See Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 366 (5th Cir. 1962) ("Defective verifications may certainly be cured."); *Martinez v. Neiman Marcus Group, Inc.*, No. 3:05-CV-0422-P, 2005 WL 2179137, at *5 (N.D. Tex. Sept. 7, 2005) (refusing to sanction plaintiff for delay in supplying verification to interrogatories, where such delay amounted to only a "technical violation of Fed. R. Civ. P. 33," and the "technical omission" had since been cured); *Doeble v. Sprint Corp.*, No. 00-2053-KHV, 2001 WL 1718259, at *9 (D. Kan. June 5, 2001)

6

11. That death penalty sanctions should not be imposed here is especially underscored by the fact that missing verifications and records authorizations continue to be submitted and served upon Defendants, thus curing any procedural defects, ***including*** verifications and records authorizations from those Plaintiffs whose deadlines have expired under CMO 2 and who are now subject to dismissal with prejudice. (*See* Ex. B.) In view of the above-cited case law, and the fact that previously delayed verifications continue to flow to Defendants as Plaintiffs' counsel receives them, Plaintiffs should not be subjected to the extreme sanction of dismissal with prejudice.

12. Furthermore, the Eleventh Circuit imposes an additional test that must be satisfied before the sanction of dismissal with prejudice is ordered—i.e., an effective, lesser sanction must be unavailable. *See McKelvey*, 789 F.2d at 1520 (requiring that, to impose sanction of dismissal with prejudice, "less drastic sanctions [must be] *unavailable*") (emphasis added); *see also Betty K Agencies Ltd.*, 432 F.3d at 1337-38 (holding that district court must specifically find that lesser sanctions "*will not suffice*") (emphasis added).

13. Here, a lesser, available sanction has already been imposed by the Court because Plaintiffs' cases have already been dismissed without prejudice. The Court is no longer burdened with shepherding and adjudicating such cases, and Defendants cannot show (and have not shown) any prejudice by the Court's simply maintaining the status quo with respect to those cases. ***From Defendants' perspective, the cases are already terminated.*** Indeed, only the Plaintiffs themselves would be harmed, and their due process rights

---

(finding that there was "no evidence that [p]laintiff was prejudiced by the delay in receiving [d]efendants' verification page and there [was] no precedent for finding of waiver in these circumstances"); *cf. Bank of Edgefield v. Farmers' Co-Operative Mfg. Co.*, 52 F. 98, 101 (5th Cir. 1892) (upholding plea requiring verification where plea was sworn to at trial in open court).

7

thwarted, by converting such dismissals to dismissals with prejudice because they have failed to respond to repeated requests for their verifications and records authorizations. Such failure to respond may be attributable to the fact that some Plaintiffs have moved since the commencement of the litigation, are not receiving their mail, have had their telephones disconnected, are experiencing medical issues, or some other unforeseen reason.[4] In fact, as set forth in Exhibit B, with respect to hundreds of Plaintiffs, counsel has received confirmation from the postal service that such Plaintiffs are no longer receiving mail at their record addresses, and such mail has been returned to counsel. Therefore, with respect to this subset of Plaintiffs, counsel can confirm that they have no knowledge that their cases are pending dismissal with prejudice, or that any problem exists with their case at all.

14. Notwithstanding their silence, which does not equal willful misconduct, Plaintiffs deserve their day in court, particularly when it is apparent that hundreds of Plaintiffs are not receiving communications from their attorneys. *See Betty K Agencies*, 432 F.3d at 1339 ("We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing, and we strive to afford a litigant his or her day in court, if possible.") (citation and internal quotation marks omitted); *compare Glades Pharms., LLC v. Murphy*, 227 Fed.Appx. 779, 780 (11th Cir. 2007) (refusing to hold that district court abused its discretion by dismissing case *without prejudice* for failure to comply with discovery orders); *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, 2005 WL 5417814, at *1 (N.D. Ohio Oct. 18, 2005) (dismissing plaintiffs cases *without*

---

[4] Seroquel, an "anti-psychotic" drug, is indicated for individuals suffering from serious mental illnesses. The fact that Seroquel users are having difficulty complying with Court procedures should also be taken into account when weighing whether Plaintiffs' cases should be dismissed with prejudice, denying them any chance for a true adjudication on the merits.

8

*prejudice* for failure to submit fact sheets); *In re Silica Prods. Liab. Litig.*, 398 F.Supp.2d 563, 579 (acknowledging parties' agreement whereby plaintiffs who failed to specifically identify a particular defendants' product on a fact sheet or product identification chart would dismiss that defendant without prejudice, subject to the parties entering a tolling agreement).

15.     If necessary, Plaintiffs' counsel may sign the missing verifications or otherwise stipulate to the information contained within the Fact Sheets such that Defendants would be able to proceed with this more reliable information.  This Court permits parties' attorneys to sign verifications in other circumstances.  *See* L.R. 7.01(e) (allowing attorneys to sign verifications for interrogatories in admiralty and maritime cases); *see also Greene v. United States*, 447 F.Supp. 885, 891 (D.C. Ill. 1978) (recognizing that "if the attorney does answer the interrogatories in his own name, the answers would bind the party on the same principle by which a party is bound by admissions or stipulations entered into by his attorney," citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2172 n.29 (1970)).  If allowed in this instance, this procedure would immediately cure the defect with respect to the missing verifications, and permit the parties to continue to move forward with discovery.

## CONCLUSION

Ultimately, in light of the stringent mandate imposed by the Eleventh Circuit regarding dismissals with prejudice, coupled with Defendants' inability to articulate any prejudice by maintaining the current status of Plaintiffs' cases as dismissed without prejudice, the Court should not convert Plaintiffs' cases to "dismissed with prejudice." At a bare minimum, the current status protects Plaintiffs' due process rights in the event that certain Plaintiffs do later resurface and desire to refile their case. *See Zocaras v. Castro*, 465 F.3d 479, 485 (11th Cir. 2006) ("[T]he sanction imposed should fit the interests jeopardized and the harm caused by the violation."). The Court should deny Defendants' Motion, and grant Plaintiffs such other and further relief to which they may be justly entitled, including but not limited to amending CMO 2 to provide that any of Plaintiffs' cases that may be subject to dismissal under the procedures stated therein shall only be dismissed without prejudice, or alternatively, to allow Plaintiffs' counsel to verify the Facts Sheets or otherwise stipulate to the information contained therein.

Respectfully submitted,

By: ___/s/ K. Camp Bailey_____
F. Kenneth Bailey Jr.
K. Camp Bailey
Fletcher V. Trammell
Robert Cowan
Bailey Perrin Bailey LLP
440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 12th day of September, 2007, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE VERIFIED PLAINTIFF FACT SHEETS AND RECORDS AUTHORIZATIONS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List..  I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class U. S. Mail delivery to the non-CM/ECF Participants listed on the attached Service List.

                        /s/ K. Camp Bailey\_\_\_\_

<u>SERVICE LIST</u>
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. |
| John J. Driscoll | Kenneth T. Fibich |

| | |
|---|---|
| Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |

13

| | |
|---|---|
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375 | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St. |

| | |
|---|---|
| Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com |

15

|  | Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pennsacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |

| | |
|---|---|
| *Pharmaceuticals, LP* | |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN  55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |

|  |  |
|---|---|
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| John Hawkins | Donna Higdon |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN 55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215 |

| | |
|---|---|
| Minneapolis, MN  55402 | |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | Marjorie Shickman<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Mary J. Wrightinton |