UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL Docket No. 1769

This document relates to:

EXHIBIT 1

---

### ASTRAZENECA'S AMENDED MOTION REQUESTING CONVERSION TO DISMISSALS WITH PREJUDICE FOR FAILURE TO SERVE VERIFIED PLAINTIFF FACT SHEETS

The AstraZeneca Defendants move to dismiss *with prejudice* the claims of Plaintiffs who have provided *unverified* Plaintiff Fact Sheets, but have never, despite multiple opportunities, provided the *verified* Plaintiff Fact Sheets required by Case Management Order No. 2 (CMO No. 2) (*See* Exhibit 1 for list of ten cases to which motion applies).[1] The Court has already dismissed these claims *without* prejudice, thereby granting each Plaintiff a 60-day opportunity – the last final chance, as it were – to submit a verified Plaintiff Fact Sheet (PFS) and move to vacate the dismissal.[2] None of these Plaintiffs has done so, however, and under CMO No. 2, AstraZeneca is now entitled to have their claims dismissed *with prejudice*.[3]

---

[1] AstraZeneca files this amended motion to dismiss with prejudice to clarify that Plaintiffs did serve Plaintiff Fact Sheets but failed to serve verifications. AstraZeneca's original motion to dismiss with prejudice incorrectly stated that Plaintiffs failed to provide a Plaintiff Fact Sheet. *See* MDL Docket No. 387.

[2] When AstraZeneca filed the motion to dismiss without prejudice, it did so based solely on the failure to verify the Plaintiff Fact Sheet. *See* Plaintiff's Individual Dockets. After filing that motion, however, AstraZeneca's counsel notified Plaintiffs' counsel on June 22, 2007 that

## MEMORANDUM OF LAW

CMO No. 2 required Bailey Plaintiffs who filed their cases before January 31, 2007 (like the Plaintiffs subject to this Motion) to provide completed PFSs (along with executed Records Authorizations) by the last business day of the month that the PFSs were designated to be due. *See* MDL Docket No. 129 at ¶ I(A)-(B). CMO No. 2 further provided that AstraZeneca could send a Notice of Overdue Discovery to Plaintiffs who failed to serve a completed PFS within 10 days of the due date, *see* ¶ I(C), and that if a completed PFS was not served within 20 days of this Notice, AstraZeneca could submit to the Court an Order dismissing the Complaint without prejudice. *See id.* at ¶ I(D). Thereafter, according to CMO No. 2, unless a Plaintiff within 10 days filed a notice certifying that he/she had served AstraZeneca with a completed PFS and provided documentation of receipt, the case would be dismissed without prejudice. *See id.*

The Order granted to each Plaintiff whose case had been dismissed without prejudice one last and final chance to keep his/her case alive. Each such Plaintiff was given an additional 60 days to serve a completed PFS and move to vacate the dismissal. *See id.* CMO No. 2 provided, however, that AstraZeneca could move to convert the dismissal to a dismissal ***with prejudice*** if a Plaintiff did not supplement and move to vacate the dismissal without prejudice. *See id.*

---

Plaintiffs also failed to provide a Records Authorization. *See* Exhibit 2. Since that time, Plaintiffs ***have not provided*** either a verification or a Records Authorization. While this motion seeks dismissal with prejudice for failure to provide a verification, AstraZeneca contends that dismissal based upon failure to provide a Records Authorization is also appropriate.

[3] On July 19, 2007, the Court amended CMO No. 2 to eliminate the dismissal without prejudice step. *See* MDL Docket No. 285 at ¶ 1. The Court ordered that a Plaintiff has 80 days to serve his/her Plaintiff Fact Sheet (and file notice thereof) upon motion to dismiss by AstraZeneca or else the case will be dismissed with prejudice. *See id.* That amended procedure does not apply here because the Court provided that the motions for dismissal filed before July 6, 2007 will be governed by the original CMO No. 2 procedure. *See id.* at ¶ 5.

AstraZeneca is now entitled to have the claims of these Plaintiffs dismissed ***with prejudice***. On June 18, 2007, the Court dismissed each Plaintiff's claims ***without*** prejudice, thereby allowing an additional 60-day cure period to each Plaintiff. *See* Court's Dismissal Orders. The 60 days has now run, but none of the Plaintiffs have served a verified Plaintiff Fact Sheet nor moved to vacate the dismissal without prejudice. The Plaintiffs have also not provided a Records Authorization to permit AstraZeneca to collect records. Accordingly, AstraZeneca moves the court to dismiss these cases ***with prejudice***.[4]

For the foregoing reasons, the Court should dismiss these cases with prejudice.

Dated: September 14, 2007

/s/ *Brennan J. Torregrossa*
Fred T. Magaziner
Brennan J. Torregrossa
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

---

[4] Other MDL courts have held that dismissal with prejudice is an appropriate sanction in cases where a plaintiff has failed to provide a verified Plaintiff Fact Sheet and records authorization. *See, e.g., In re PPA Products Liability Litigation*, 460 F.3d 1217, 1235-37, 1242 (9th Cir. 2006) (affirming district court's dismissal as appropriate sanction for failure to provide verification and/or records authorization). *See also In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, No. 06-3810, 2007 U.S. App. LEXIS 18238, at *6 (8th Cir. Aug. 1, 2007) ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial.").

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th of September, 2007, I caused a true and correct copy of the foregoing AstraZeneca's Motion Requesting Conversion to Dismissal With Prejudice for Failure to Serve Verified Plaintiff Fact Sheets to be served electronically through ECF upon the following:

>Camp Bailey, Esq.
>Michael W. Perrin, Esq.
>Fletcher Trammell, Esq.
>Bailey Perrin Bailey LLP
>The Lyric Centre
>440 Louisiana, Suite 2100
>Houston, TX 77002
>Telephone: (713) 425-7240
>cbailey@bpblaw.com
>mperrin@bpblaw.com

and via electronic mail upon the following:

>Larry Roth, Esq.
>Law Offices of Larry M. Roth, P.A.
>Post Office Box 547637
>Orlando, FL  32854-7637
>Telephone: (407) 872-2239
>LROTH@roth-law.com

*/s/ Brennan J. Torregrossa*