**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

This Document Relates to ALL CASES

---

# REPORT OF THE SPECIAL MASTER AND PROJECT MANAGEMENT OFFICE FOR CASE-SPECIFIC DISCOVERY

---

**REPORT NUMBER: 1**

**DATE: SEPTEMBER 14, 2007**

# **CONTENTS**

|      |                                                                                      | **PAGE** |
|------|--------------------------------------------------------------------------------------|---------|
| I.   | INTRODUCTION ................................................................................................ 1 | |
|      | A.  Background Information .................................................................... 1 | |
|      | B.  The Purpose of this Report ................................................................ 1 | |
| II.  | GENERAL ACTIVITIES OF THE PMO AND SPECIAL MASTER ............ 2 | |
|      | A.  Contact Counsel for Case-Specific Discovery ..................................... 2 | |
|      | B.  Organizational and Start-Up Activities ................................................ 2 | |
|      | C.  Functions Assumed by the PMO and Special Master ........................... 3 | |
| III. | SPECIFIC MATTERS ADDRESSED ................................................................ 11 | |
|      | A.  Report on Deposition Scheduling ........................................................ 11 | |
|      | B.  Additional Specific Tasks .................................................................... 11 | |

i

## I. INTRODUCTION

    A.    **Background Information.**

In its Order of August 3, 2007 (Document No. 348) ("Appointment Order"), the Court appointed BrownGreer PLC as the Project Management Office ("PMO") to assist in the coordination of case-specific discovery in cases pending in this MDL proceeding. Paragraph I.B. of the Appointment Order directed the PMO to designate a member of the firm to serve as the Special Master for case-specific discovery. In a Designation of Special Master by Project Management Office filed on August 10, 2007 (Document No. 375), the PMO designated Orran L. Brown of the firm as the Special Master.

In Paragraph I.A. of the Appointment Order, the Court directed the PMO to undertake these tasks:

    (1)    Determine the availability of Physicians and Sales Representatives for depositions;

    (2)    Coordinate with liaison counsel for the parties, witnesses, and counsel for the witnesses to schedule such depositions;

    (3)    Facilitate the steps needed to adhere to the deposition and other discovery deadlines set by the Court;

    (4)    Maintain a deposition calendar;

    (5)    Facilitate (and, if necessary, direct by order) the resolution among the parties and deponents of scheduling conflicts and changes to the deposition schedule; and

    (6)    Provide regularly scheduled reports and other reports as requested on the progress of such discovery.

    B.    **The Purpose of this Report.**

At the Status Conference on August 22, 2007, the Court directed the Special Master to submit a monthly report to the Court by the 15th of each month summarizing

the activities of the Special Master and the Project Management Office for the previous month. Pursuant to that direction, the Special Master presents this report as Report No. 1.

## II.  GENERAL ACTIVITIES OF THE PMO AND SPECIAL MASTER

**A.    Contact Counsel for Case-Specific Discovery.**

To facilitate the efficient coordination of case-specific discovery, the Special Master requested and the parties designated the following primary counsel ("Contact Counsel") to work with the PMO and Special Master:

> Buffy K. Martines
> Laminack, Pirtle & Martines
> Lyric Center Building
> 440 Louisiana
> Suite 1250
> Houston, TX  77002
> *Counsel for Plaintiffs in Coordinated Discovery*
>
> Russell O. Stewart
> Faegre & Benson LLP
> 3200 Wells Fargo Center
> 1700 Lincoln Street
> Denver, CO 80203-4532
> *Counsel for Defendants in Coordinated Discovery*

**B.    Organizational and Start-Up Activities.**

To perform their duties under the Appointment Order, the PMO and Special Master have designed and implemented the following staffing plan:

1. *Special Master Direction:*  The Special Master is responsible for directing all the activities of the PMO. Kristi Mullins, a Senior Analyst at BrownGreer, is the Assistant Director of the PMO.

2. *Scheduling Team:*  This team consists of two to six trained Analysts who are responsible for contacting Physicians, scheduling their depositions, and obtaining copies of their medical records. The number of Analysts engaged in these tasks at any one time shall be determined by call volumes. Additional Analysts will be added if necessary. This Team will also handle any cancellations, rescheduling, or other changes to the deposition schedule.

3. *Medical Records Team:*  This team consists of an Analyst and a Claims Specialist who will receive, log in, copy, and send out to Contact Counsel copies of the medical records of each Physician deponent.

4. *Payment Team:*  A lawyer and an Analyst on this team will receive, review and pay statements from Physicians for copy costs and fees for deposition time, as will as track such information to provide reports to the parties for amounts expended by case, and any tax reporting required relating to Physician fees.

5. *Data Input Team:*  An Analyst and two Claim Specialists on this team will be responsible for receiving information from the parties on case designations, Physician designations, Plaintiff depositions, and Sales Representatives, and entering such information into the PMO Seroquel Database application.

6. *Seroquel Database Team:*  A Project Manager and two software Programmers on this team are responsible for constructing and maintaining a database application housed on the PMO's servers to track and report on all information received and generated in the performance by the PMO and Special Master of their duties, and to report on such information to the Court and the parties.  This team is also responsible for constructing and maintaining a centralized Master Calendar, available to the parties through a secure website application, to track and display the schedule for the depositions of Plaintiffs, Physicians and Sales Representatives.

C. **Functions Assumed by the PMO and Special Master.**

As this is the first Report to the Court, the Special Master will summarize the steps taken to perform the duties of the PMO and Special Master to date.  Future Reports will describe developments since the preceding Report.  To date, the PMO and Special Master have undertaken and established these processes to perform the tasks assigned to them in the Appointment Order:

1. *Receipt of Case Designations and Physician Information:*  As soon as reasonably practicable after the Plaintiffs and Defendants designate the 20 cases as ready for case-specific discovery in a particular month, Defendants' Contact Counsel will email

3

to the PMO and to Plaintiffs' Contact Counsel, in an Excel spreadsheet form provided by the PMO, information identifying the 20 cases and contact information on the Prescribing Physicians designated for deposition in each case. Defendants' Contact Counsel will do the same for the ten cases designated by the Court as ready for case-specific discovery for a particular month. As soon as reasonably practicable thereafter, Defendants' Contact Counsel will email to the PMO contact information for the Treating Physician designated for deposition in each of the 30 cases designated as ready for case-specific discovery in a particular month. These Treating Physician designations necessarily trail behind the Prescribing Physician designations, because the Defendants must review a Plaintiff's medical records to identify the Plaintiff's Treating Physicians and then select one of them, often among several possibilities, for deposition. The Special Master has not yet established deadlines for the designation of Physicians for deposition, for the parties are addressing this step diligently. The Special Master will monitor the provision of this information and work with the parties as necessary to maintain the timely flow of this information.

      2.      *Scheduling of Physician Depositions:* Beginning immediately upon receipt of the designations from Defendants, the PMO will place telephone calls to each designated Physician. Working from a standardized script developed by the PMO, the PMO will explain to the Physician the purpose of the call and attempt to set the date, time and place of the deposition. If a date is obtained, the PMO will relay this information to Contact Counsel by email and will place the deposition on the Master Calendar for case-specific depositions (described below in this Report). If the call reaches a voicemail or other answering system, the PMO will leave a detailed message asking for a return call to

4

a toll-free number maintained by the PMO and provided to the Physician. If no return call is received within 24 hours, the PMO will call the Physician again. If the PMO has not reached the Physician within 48 hours after the first attempt, the PMO will send to the Physician by facsimile a written explanation of the purpose of the call and the need for a prompt return call. The PMO will relay to Contact Counsel any logistical issues arising from these calls, such as incorrect or outdated contact information, Physicians who cannot be located, deceased Physicians, questions concerning fees and costs, and other impediments, and will work with Contact Counsel to resolve such issues as rapidly as possible. The primary goal of these efforts is to set the Physicians for deposition within the month for which the Plaintiff's case giving rise to the deposition has been designated, unless circumstances render such setting impossible. The PMO will notify Contact Counsel by email at the end of each day of all depositions scheduled that day and any issues arising that day requiring input from the parties. Beginning on August 26, 2007, the PMO received Physician designations for September cases and immediately began contacting such Physicians. On September 6, 2007, the PMO received certain Physician designations for October cases and began contacting them as well. The results of these efforts are reported in Section III.A. below.

     **3.**    *Plaintiff and Sales Representative Depositions:* The PMO is not at this time responsible for scheduling the depositions of Plaintiffs of or Sales Representatives designated by the parties for case-specific discovery. The parties continue to schedule these depositions and will report the schedule to the PMO. The PMO will add this information to the Seroquel Database and display the dates, times, location and other pertinent information on the Master Calendar.

4. *Medical Records Acquisition:* When scheduling a deposition with a Physician, the PMO will review with the Physician (or his or her scheduling representative) the importance of obtaining copies of the Physician's complete patient file on a Plaintiff. The PMO will ask the Physician to prepare photocopies of these medical records and to send the set of copies to the PMO in Richmond, Virginia, by overnight delivery using a Federal Express account number obtained by the PMO for this purpose. The PMO asks the Physician to copy and send these records to the PMO within seven days after this telephone discussion, in an effort to enhance the likelihood that these records will be obtained in advance of the Physician's deposition. After the PMO receives a set of medical records, the PMO will prepare a duplicate set of photocopies. The PMO will send a set of photocopies to Defendants' Contact Counsel and a set to Plaintiffs' Contact Counsel by two-day delivery, unless the circumstances warrant one-day delivery. The PMO is not scanning these records and is not retaining a set of copies in its offices, for such additional sets do not seem necessary or cost-effective at this time. If more than seven days pass after scheduling a deposition with no receipt of the records from a Physician, the PMO will contact the Physician to seek the records and obtain assurances of cooperation and transmittal of the records, and will continue such contact until the records are received.

5. *Payment of Physician Copy Costs and Deposition Fees*: The PMO has established an escrow account entitled Seroquel Special Master Account with First Market Bank, a federally-insured banking institution in Richmond, Virginia, for the purpose of reimbursing Physicians for the cost of photocopies of medical records and paying Physician fees for deposition time. To avoid the complications of directing the

proper reporting and payment of any tax liability associated with income from the Account, and to minimize the banking fees associated with the Account, the Account is not interest bearing.  The PMO developed a Reimbursement Form to be used by a Physician to seek the payment for copy costs and deposition time.  The PMO will issue checks from the Account to each Physician promptly after receipt of a properly completed Reimbursement Form submitted by a Physician (or any statement from the Physician providing equivalent information), and will track all such payments by payment, date, amount, reason, and case to which the payment relates.  The PMO will issue monthly reports to Contact Counsel on such payments.  As reviewed below in this Report, after conferring with Contact Counsel on the parties' respective positions on the relative contributions into the Account, the Special Master directed that the Defendants fund 60% of this Account and the Plaintiffs fund 40% of this Account.  The Account was funded by receipt of $18,000 from Defendants and $12,000 from Plaintiffs on September 7, 2007, for a total initial fund of $30,000.  The PMO will notify Contact Counsel monthly as and when additional deposits are needed to pay Physician costs or fees, unless demands on the Account warrant a request for funds on a different schedule. The PMO will attempt to maintain an adequate balance in the account to permit payments to Physicians as submitted, without having a larger than needed balance sitting in the Account not producing interest income.

      **6.**      *Physician Packets*:  After successfully scheduling a Physician deposition, the PMO will prepare a packet of information to send to the Physician containing all of the following:

      **(a)**      **Cover Letter:**  A facsimile coversheet, email, or letter (depending on mode of transmission) explaining the contents of the Packet.

7

    **(b)**     **Notice of Deposition:** A Notice of Deposition providing the date, time, and place of the deposition, and the Plaintiff name and case number to which the deposition relates. The PMO has developed a software application to match the Zip Code of the deposition location to time zone, to ensure proper indication on the Notice (and thus on the Master Calendar) of the time and time zone of the deposition.

    **(c)**     **Rule 45 Subpoena:** A subpoena issued under Fed.R.Civ.P. 45 to compel the Physician's attendance at the deposition and production of records. The form subpoena will require production of records by transmittal of photocopies to the PMO within seven days after the date of the subpoena. The Special Master is executing these subpoenae as an attorney authorized to practice in this Court, though each subpoena is issued in the name of the District Court (and Division of such court, if applicable) where the deposition is to occur. The PMO has prepared a software application to translate the location of the deposition to the proper District and Division for this purpose.

    **(d)**     **Medical Authorization Form:** The PMO will obtain from Defendants' Contact Counsel by electronic mail pdf copies of the Medical Authorization Forms executed by each Plaintiff in a case designated for case-specific discovery. The PMO will include a copy of this Form in the Physician Packet.

    **(e)**     **Expense Reimbursement Form:** The Packet will include a copy of the Form created by the PMO for use by Physicians to seek reimbursement for copy costs and/or payment of fees for deposition time.

The PMO will send the Physician Packet to a Physician on the same day on which the deposition is scheduled by the most efficient means available, in this order of preference:

    (a)     Electronic mail with pdf attachment (the most efficient and least expensive method, though the PMO is finding that the majority of the Physicians are not using email regularly and prefer an alternative method);

    (b)     Facsimile;

    (c)     Overnight delivery; or

    (d)     U.S. Mail.

Thus far, the majority of Physicians are requesting the Packets by facsimile.

7. *Other Aspects of Case-Specific Depositions*: The PMO has no responsibility at this time for the arranging of court reporters or the handling of transcripts of depositions or the storage and retention of exhibits used at depositions. The PMO does arrange the location of a Physician deposition if the Physician has a suitable room that will accommodate four to six people and the court reporter's equipment, along with a clear table or working surface for the deposition. If the Physician has no suitable room for this purpose, the PMO has established a line of contact with the national court reporting firm engaged by Defendants. That firm then arranges the location and informs the PMO of such details. The PMO places this information into the Seroquel Application to be displayed on the Master Calendar. Thus far, Physician depositions are not being videotaped and have not required arranging videographers for the sessions. The PMO is not monitoring or receiving Defendants' production under Paragraph II.A of Case Management Order No. 4 of documentation on contacts with a particular Prescribing Physician or the timeliness of Plaintiff's designations of a Sales Representative associated with a Prescribing Physician for deposition, though the parties will bring to the Special Master for resolution any issues relating to these matters.

8. *Master Calendar*: The PMO has designed a Master Calendar for use by the PMO and the parties to remain informed of the case-specific deposition calendar. The PMO will make this available to the parties, beginning the week of September 17, 2007. The PMO will issue a secure password to Plaintiffs' Contact Counsel and to Defendants' Contact Counsel (and to the Court, if the Court would find it helpful) with instructions on the steps required to access the Master Calendar through a website maintained by the PMO. When accessed, the Master Calendar will appear as a monthly

grid calendar, with each date showing the time, deponent name, and case number of any Plaintiff, Sales Representative, or Physician deposition set for each day.  A user may then click on that time and see another screen providing detail on the case, the place of the deposition, the type of deponent being deposed, and when the Medical Records for the deposition were transmitted to the parties.  The PMO will refresh the Master Calendar twice daily to update it with any additions to or changes in the posted schedule.  A user will be able to navigate from month to month, including viewing previous months to see the depositions conducted on the dates shown.

9. *Seroquel Database*:  The PMO has designed a software application to house all the information received and created in the performance of the PMO's duties. This application will feed information to the Master Calendar and will permit automated preparation of the Physician Packet, to minimize the manual handling required for such Packets and the resulting cost.

10. *Weekly Status Call*:  The Special Master conducts status conference calls with Contact Counsel to review progress, discuss solutions to logistical problems, and address and resolve by consensus or direction any disputed case-specific discovery issue. These calls will be held each Friday at 11:00 a.m. ET.

11. *PMO Seroquel*:  The PMO has created an email address of PMOSeroquel@browngreer.com for use by Contact Counsel to send all emails to the PMO.

## III.  SPECIFIC MATTERS ADDRESSED

   A.   **Report on Deposition Scheduling.**

Attached as Exhibit 1 is a Report on Deposition Scheduling showing the progress of the PMO to date in the scheduling of Physician depositions.

   B.   **Additional Specific Tasks.**

In addition to the design and implementation of the duties described in Section II of this Report, the PMO and the Special Master have performed the following specific tasks:

   1.   *Status Conferences*:  The Special Master participated by telephone in the Court's Status Conferences on August 22, 2007, and September 11, 2007.  The Special Master stands ready to attend any such conferences in person if the Court would find such attendance necessary.

   2.   *Administrative Orders in Aid of Case-Specific Discovery*:  As reviewed with the Court and the parties at the September 11, 2007 Status Conference, the Special Master has prepared two draft Orders to specify the need for Physician cooperation in the scheduling and conduct of their depositions and production of records, and achieve uniformity in the fees charged by Physicians for deposition times and copy costs and the manner of payment for such costs and fees.  Contact Counsel have agreed to the form and content of these Orders.  On September 14, 2007, the Special Master filed these agreed Orders, with an unopposed Motion, for the Court's consideration.

   3.   *Disputed Discovery Matters*:  The Special Master has addressed and directed that:

11

(a) The deposition of a Physician should not commence unless Contact Counsel have received copies of the Physician's Medical Records in advance of the deposition.

(b) Defendants are to fund 60% and Plaintiffs are to fund 40% of the Escrow Account for the payment of Physician copy costs and fee for deposition time. This apportionment was based upon the Court's allocation to Plaintiffs in Paragraph III.B of Case Management Order No. 4 of 43% of the allotted time for a Physician deposition, and 57% of the time to Defendants. This share may be revisited upon the request of Plaintiffs or Defendants, depending upon the relative shares of time actually consumed by the parties at these depositions.

(c) The parties are to present to the Special Master their respective positions on the order of questioning at a Physician deposition, for Plaintiffs have requested to be allowed to proceed with the initial questioning of Physicians at some of these depositions. The Special Master will resolve this issue by consensus or direction.

(d) The parties are to present their respective positions on the terms under which a Plaintiff shall disclose the fact and amount of any Zyprexa settlement. The Special Master will resolve this issue by consensus or direction.

The Special Master has also participated in other discussions regarding the rescheduling of certain depositions canceled for various reasons, including Plaintiff illness or other logistical problems. Contact Counsel and the Special Master will attempt to resolve as many disputed issues arising in case-specific discovery as possible without burdening the Court with such matters.

Respectfully submitted,
BROWNGREER PLC

By:    **s/ Orran L. Brown**
Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia  23219
Telephone:  (804) 521-7201
Facsimile:  (804) 521-7299
Email:  obrown@browngreer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I have served a copy of the forgoing on Plaintiffs' Liaison Counsel, Larry Roth, Esquire, and Defendants' Liaison Counsel, Marjorie Shiekman, Esquire, pursuant to CMO No. 1.

                                                 **s/ Orran L. Brown**

Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia 23219
Telephone: (804) 521-7201
Facsimile: (804) 521-7299
Email: obrown@browngreer.com

| SQ101 | PHYSICIAN DEPOSITION SCHEDULING STATUS | | | | | As of: 9/14/07 |
|---|---|---|---|---|---|---|
| | **Status Category** | | September | | October | Total |
| 1.. | **Total Physicians Designated** | | 53 | | 31 | 84 |
| 2. | **Depositions Scheduled** | | 26 | | 5 | 31 |
| | | | In Sept: 18 | In Oct: 8 | In Oct: 4 | In Nov.: 1 | |
| 3. | a) | Notice and Subpoena Packets Issued | 26 | | 5 | 31 |
| 4. | b) | Medical Records Received | 6 | | 0 | 6 |
| 5. | Messages Left for Return Call | | 7 | | 5 | 12 |
| 6. | Awaiting Date from Physician | | 11 | | 10 | 21 |
| 7. | Fees or Other Question Delaying Scheduling | | 4 | | 4 | 8 |
| 8. | Unable to Locate Physician | | 5 | | 5 | 10 |
| 9. | Physician Deceased | | 0 | | 2 | 2 |
| | **Total Physicians Scheduled** | | 26 | | 5 | 31 |
| | **Total Physicians In Progress of Scheduling** | | 27 | | 26 | 53 |

**BrownGreer PLC**

**EXHIBIT 1**

# SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>**Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**Attorney for Defendant, Marguerite Devon French** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>**Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>**Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin, Kreis & Overholtz<br>803 N. Palafox St.<br>Pensacola, FL 32501<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | |

4