UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**DECLARATION OF JONATHAN JAFFE IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER APPOINTING HITACHI CONSULTING AS INFORMATION TECHNOLOGY ADVISOR TO THE COURT** |

I, Jonathan Jaffe, declare as follows:

1. I am manager of Software Development with the law firm Weitz & Luxenberg P.C., co-lead counsel for plaintiffs in the captioned matter. I make this declaration in support of plaintiffs' Motion for Order Appointing Hitachi Consulting as Information Technology Advisor to this Court. I have personal knowledge of the facts set forth herein, and would competently testify to the same if called upon to do so.

2. Attached as Exhibits 1, 2 and 3 are true and correct copies of emails produced by AstraZeneca in this litigation, redacted to account for confidentiality designations. These emails reflect that they were sent by Michael Murray, Susanne Fors and Martin Brecher, "on behalf of" Michael Murray, Susanne Fors and Martin Brecher, respectively. This suggests that these witnesses used multiple mailboxes which were simultaneously available to them.

3. Exhibits 2 and 3 display: [/o=ZENECA/ou=PHWILM/cn=Recipients /cn=(name)] These suggest instances in which different email servers are attempting to resolve the same user name, indicating that these email accounts were spread across multiple servers. Exhibit 2 thus suggests that, at least for Susanne Fors, multiple mailboxes were used across multiple servers.

4. Exhibit 4 is a summary of the results of a search of metadata produced by AstraZeneca. It shows, by year, the number of emails produced in which "Murray Michael F" and "Murray Michael F (Seroquel)" are custodians. If AstraZeneca's "display name" theory were correct, we should expect to see the witness use one "name" and then switch to another at a certain point in time. Instead, we see that both "names" are in use simultaneously through 2006 (presumably the time of data collection). Of more concern, we see many gaps in email from the "Seroquel" mailbox at times when AstraZeneca has produced relevant email from the other mailbox. The available data thus suggest the existence of multiple email boxes and a failure to collect from all of them.

5. Exhibit 5 is a copy of document AstraZeneca introduced as Defendants' Exhibit 67, Bates number AZSER4865045. Exhibit 6 is the accompanying text file for that document. The portions of garbled text and ASCII characters occurring throughout the document clearly indicate that this TIFF file is the product of a hard copy document which was scanned and subjected to optical character recognition.

6. On August 15, 2007, following repeated requests, AstraZeneca made available by telephone a technically sophisticated representative of its vendor, Planet Data. During that conversation, Planet Data indicated that it is the vendor chosen by AstraZeneca to apply search terms to the raw data collected from witnesses. Planet Data further indicated that, despite its role to search the collected data, it did not index this data, nor was it service it offered or contemplated in connection with its employment by AstraZeneca. Indexing files to be searched is a standard industry practice, and searching files that have not been indexed is the equivalent of looking up a phone number in a telephone book that is not alphabetized. The time to search the data increases exponentially.

7. Planet Data indicated that it would take one week to generate a report based on the application of the proposed search terms to the unindexed data. On the August 15 conference call, I suggested to AstraZeneca's vendor a method by which indexing could be completed

2

(estimating 2 million files or 2-3 terabytes of data) in approximately one day. AstraZeneca nevertheless insisted upon running the search through the document text strings.

8. On Weitz & Luxenberg servers, I tested an indexed search of approximately 16 million multi-page documents using some of the proposed terms. This is well in excess of the 800,000 documents produced by AstraZeneca or those estimated to have been collected from the custodians. Results for terms such as "DM," "neurolept*," and "ketoacidosis" were all returned in seconds.

9. I assisted AstraZeneca and Planet Data in forming the syntax and the application of stemming for the proposed search, and forwarded this information to AstraZeneca as requested on August 17. Today, I received the report. Excerpts are attached as Exhibit 15. The report is not in the agreed format, nor does it provide all of the agreed information. Additionally, it does not initially appear that AstraZeneca searched for all of the agreed terms. As noted by Mr. Dupre in Exhibit 16, the report indicates that prior searches for "dm" – and, significantly, the original search for "Seroquel" – do not appear to have resulted in the capture and production of all discoverable information. These terms continue to appear in what AstraZeneca has called the "discard pile."

10. Shortly after AstraZeneca's July 20 production of "corrected" load files, my team and I identified issues which either were not addressed or were complicated by these "corrections," including problems with the page breaks in extracted text files, native excel file issues, duplicate Bates numbers, blank and missing pages, missing "source" data, and metadata fields which do not match correctly. Exhibits 7 through 12 are true and correct copies of email sent to AstraZeneca regarding these issues. With the exception of Exhibit 10, AstraZeneca has not responded to any of these emails. None of these issues have been resolved.

//
//
//

11. At my request, Hitachi Consulting has provided materials which detail the company's resources, as well as the experience and qualifications of certain of its proposed team leaders. Those materials are attached as Exhibits 13 and 14.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct.

Date: August 30, 2007

_____
Jonathan Jaffe