UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This Document Relates to All Cases

## ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF UNREDACTED DOCUMENTS

Plaintiffs want to get their hands on highly salacious but completely irrelevant parts of Dr. Wayne Macfadden's e-mail correspondence. Because plaintiffs have no legitimate need for those parts of Macfadden's correspondence, and because production of those parts would be unduly prejudicial, AstraZeneca opposes Plaintiffs' Motion and Combined Memorandum to Compel Production of the Macfadden Documents (Doc. No. 441; hereafter "Motion").

## BACKGROUND

The relevant facts are not in dispute:

- In the course of reviewing Dr. Wayne Macfadden's e-mails for production in this litigation, AstraZeneca discovered that Dr. Macfadden was apparently involved in relationships with some women with whom he was working on Seroquel-related matters. The e-mail correspondence between Macfadden and these women contains highly explicit sexual descriptions ("Sexual Descriptions").

- Soon after AstraZeneca made this discovery, Macfadden resigned from the company.

- Before producing the Macfadden documents to plaintiffs, AstraZeneca redacted the Sexual Descriptions. AstraZeneca told plaintiffs about the redactions and invited them to review the _un_redacted emails in counsel's office so that plaintiffs could confirm that AstraZeneca had redacted nothing other than the Sexual Descriptions. (In conjunction with a related motion, AstraZeneca also furnished the Court for *in camera* review a set of the unredacted documents.)

Plaintiffs now want the Court to order AstraZeneca to produce the _**un**_redacted documents with all of the Sexual Descriptions, even though the Sexual Descriptions add nothing to the understanding of any actual issue in this litigation.

Even if one assumed for the sake of argument that the personal relationships were relevant to some issue in the litigation, plaintiffs still would have no need for the Sexual Descriptions. The _**redacted**_ version of Macfadden's e-mails that AstraZeneca has already provided to plaintiffs contain plenty of evidence (a) that Macfadden was apparently involved in sexual relationships with various women who were working on Seroquel-related matters, and (b) that Macfadden and his correspondents interspersed Sexual Descriptions into some Seroquel e-mails.

## DISCUSSION

### I. Plaintiffs' Request Should Be Denied As Exceeding Even The Broad Parameters Of Discovery Permitted Under Federal Rule of Civil Procedure 26.

The right to discovery is not unlimited. Parties may obtain by discovery only "matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED. R. CIV. P. 26(b)(1). For these purposes, materials are relevant if they are themselves admissible or if they "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." _Id._ Hence, materials that are neither admissible themselves nor likely to lead to the discovery of admissible evidence are not discoverable.

"[D]iscovery is not a fishing expedition." _Gibbons v. Food Lion, Inc._, 1999 WL 33226474, *1 (M.D. Fla. Feb. 19, 1999) (quoting _Delfrate v. Letts_, 1996 WL 420880, *8 (M.D. Fla. March 25, 1996)). Moreover, "[d]iscovery should be tailored to the issues in the particular case." _Washington v. Brown & Williamson Tobacco Corp._, 959 F.2d 1566, 1570 (11th Cir.

1992). Courts have "wide discretion in setting the limits of discovery" under Rule 26. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (explaining that trial's courts judgment regarding discovery limits will not be overturned unless it involved "a clearly erroneous principle of law" or where "no evidence rationally supports the decision"). Even discovery requests that are otherwise reasonable (and plaintiffs' request is not) may nonetheless be limited. S*ee, e.g., Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000) (explaining that Rule 26(c) gives courts "the power to formulate a detailed solution that reflects the concerns of particular individual disputes").

A. The Sexual Descriptions Are Not Reasonably Calculated to Lead To the Discovery of Admissible Evidence.

The Sexual Descriptions at issue are not discoverable because they are not relevant to any claim or defense, because they would not themselves be admissible at the trial of a Seroquel case and because they could not possibly lead to the discovery of admissible evidence.

For evidence to be admissible, it must be relevant. Fed. R. Evid. 402. Federal Rule of Evidence 401 defines "relevant evidence" as evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Sexual Descriptions do not meet this standard. The nature of Macfadden's misconduct might arguably be relevant to something, but the Sexual Descriptions themselves do not make any fact of consequence "more probable or less probable than it would be without the [Sexual Descriptions]." Indeed, Plaintiffs do not even try to explain how the Sexual Descriptions themselves —as contrasted to the nature of Macfadden's relationships —are relevant to any issue in the litigation. **If the Court would like to compare *in camera* the redacted and the unredacted versions of the Macfadden documents to**

3

**confirm that the Sexual Descriptions themselves are irrelevant, AstraZeneca will provide both versions to the Court.**

Plaintiffs hope to use Macfadden's "personal relationships" to "call into question" not simply his integrity/credibility as a private citizen, but also" the integrity" of *all* clinical research and information "disseminated through the medical community related to Seroquel." Motion at ¶ 8. Even assuming for the sake of argument that Macfadden's misconduct had the significance that plaintiffs attribute to it, it does not follow that plaintiffs are entitled to the Sexual Descriptions. The *redacted* version of Macfadden's documents that AstraZeneca provided to plaintiffs contain ample evidence of Macfadden's misconduct, and plaintiffs are free to offer the *redacted* version in evidence. AstraZeneca may object to the admission of such evidence at trial, of course, but AstraZeneca has not contested plaintiff's right to obtain in discovery the *redacted* version of the documents nor plaintiffs' right to take appropriate follow-up discovery.

Courts have routinely held that sexual material of this kind "simply exceeds the bounds of permissible discovery" and thus should not be allowed. *Rossbach v. Rundle*, 128 F. Supp.2d 1348, 1354 (S.D. Fla. 2000). In *Rossbach*, a sexual harassment case where the presumptive relevance of sexual-misconduct evidence is far more obvious than it is here, the district court prohibited the plaintiff from "pursuing discovery of subject matters not reasonably related to proving the elements of her claims[;]" and the court expressly required that inquiries into intimate matters be tied to the *precise* elements of the claims that plaintiff had pled. *Id.* The *Rossbach* court explained that certain "highly prejudicial" inquiries into defendant's sexual history were "unlikely to produce any admissible evidence" but were "sure to annoy, embarrass, and harass" and, therefore, went beyond the permissible bounds of discovery. Likewise, the

Eleventh Circuit in *Farnsworth* affirmed the district court's ruling that the names and addresses of participants in toxic shock syndrome research were appropriately redacted because of the "highly personal" and "potentially embarrassing" nature of the material in question. 758 F.2d at 1546, 1548. *Id.* at 1546. *See also Gibbons*, 1999 WL 33226474, *3 (quid pro quo sexual discrimination and sexual harassment case wherein district court found that inquiries into prior sexual conduct of parties should be limited).

    B.    <u>The Prejudice from Discovery Of The Requested Materials Outweighs The Ordinary Presumption In Favor Of Broad Discovery.</u>

Even if the Sexual Descriptions were deemed to have some marginal relevance to some issue, that slight relevance would be substantially outweighed by the risk that such discovery would likely subject AstraZeneca or the non-parties to "annoyance, embarrassment, oppression, or undue burden or expense." *Empire of Carolina, Inc. v. Mackle*, 108 F.D.R. 323, 325 (D.C. Fla. 1985) (quoting FED. R. CIV. P. 26(c)). The materials at issue will cause far-flung embarrassment. These explicit, sexual e-mails were obviously drafted as private communications and exchanged between non-parties who may have been (and who may still be) married with families. The Sexual Descriptions would cause embarrassment if broadcast in a public lawsuit that has nothing to do with those personal relationships. The attendant embarrassment and oppression would affect the individuals involved, and their innocent families. AstraZeneca will also be adversely affected and unduly prejudiced if the Sexual Descriptions were to become public or available to the press.

C.  A Protective Stipulation Would Be Insufficient In Light Of The Potential Harm Associated With Further Disclosure.

Plaintiffs have not offered to stipulate that the Sexual Descriptions would be kept confidential, but even if they made such an offer, it would not suffice. Experience teaches that despite such stipulations (or even court-issued protective orders), confidential materials are often leaked. The chance of a leak is exponentially increased in an MDL, of course, where materials are circulated to so many counsel. If plaintiffs had some legitimate need for the Sexual Descriptions, then the risk of a leak would have to be weighed against the need for the materials. But there is no weighing to be done here, since plaintiffs have not articulated any proper use for the Sexual Descriptions.

## CONCLUSION

For the foregoing reasons, AstraZeneca asks that the Court deny plaintiffs' Motion.

DATED: September 17, 2007                    Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Gretchen S. Sween
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 17, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ Gretchen S. Sween

SERVICE LIST

**In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769**

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* |

| | |
|---|---|
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |

| | |
|---|---|
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |

| | |
|---|---|
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |

| | |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pennsacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |

| | |
|---|---|
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN 55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |

7

| | |
|---|---|
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| John Hawkins<br>Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Donna Higdon<br>Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN 55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215 |

| | |
|---|---|
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA 90807-0948 | Marjorie Shickman<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL 62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX 77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN 55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101-2302 | Mary J. Wrightinton |