# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

_____

This Document Relates to ALL CASES

_____

## ORDER

This cause is before the Court upon the request of the Special Master appointed by the Court by Order of August 3, 2007 (Document No. 348), joined in by MDL Plaintiffs and Defendants, for an Order aiding in the coordination of case-specific discovery in this MDL.  After consideration of this request and finding that such an Order would facilitate the orderly, uniform and cost-effective acquisition of relevant information and materials for this litigation, it is **ORDERED** as follows:

1.     ***The Basis for this Order.***  This Order is issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. §1407, Fed.R.Civ.P. 16 and Fed.R.Civ.P. 26(b), and the Court's inherent authority to implement its Order of June 11, 2007 (Document No. 225) and Case Management Order No. 4 entered on July 6, 2007 (Document No. 263) regarding case-specific discovery in this MDL.

The Court recognizes that obtaining information and records from physicians and other healthcare providers concerning their patients who have filed claims in this litigation is an imposition upon the schedules and resources of these physicians and their offices.  This burden is balanced by the necessity of maintaining the effective and orderly administration of justice.  The Court emphasizes that obtaining this information is a critical matter to each plaintiff and to the Defendants for the efficient progress of this litigation and the proper resolution of the disputed issues presented in these cases.  A central purpose of this Order and the use of a Special Master is to reasonably assure that needed information is timely obtained without unreasonable inconvenience or expense.

2.     ***Cases Affected by this Order.***  This Order applies to all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of July 6, 2006 or as tag-along actions, and all related cases originally filed in this Court or transferred or removed to this Court.

3.     ***Discovery Affected by this Order.***  This Order applies to the case-specific discovery of information and materials from physicians and other healthcare providers relating to plaintiffs in the cases referred to in Paragraph 2 (with each such physician or healthcare provider referred to in this Order as a "Physician") by deposition testimony

1

and the steps necessary to obtain the records of each Physician relating to particular plaintiffs in this litigation.

**4.      *Scheduling by the Special Master.***  The Special Master and his staff are authorized to act, on behalf of MDL Plaintiffs and Defendants and as a representative appointed by the Court for this purpose, to contact each Physician to arrange the date, time, and place of a deposition of the Physician, and to arrange the production by such Physician of copies of the records of such Physician on a particular plaintiff identified by the Special Master.

**5.      *Duty of Cooperation.***  Each Physician and the Physician's staff (and the Physician's counsel, if any) shall cooperate with the Special Master in the scheduling of depositions and production of records required by this Order, including the prompt return of calls, letters, emails or other communications from the Special Master and the use of all possible efforts to arrange depositions and the production of patient records on the schedule requested by the Special Master.

**6.      *Fees for Deposition Time.***  If a Physician's usual and customary practice is to require payment of fees for attendance at a deposition, the Physician shall so inform the Special Master when contacted by the Special Master to arrange the deposition.  A Physician who requires such payment shall be paid an hourly rate equal to the Physician's usual and customary hourly charge to the Physician's patients for healthcare services, subject to any Order of the Court limiting the maximum charge for such time. A Physician shall be paid to the nearest half or whole hour for actual deposition time (rounding up for partial half-hour increments) and shall not be paid for preparation time or any other time relating to the deposition.  No Physician may require payment in advance of a deposition but instead shall be compensated in accordance with Paragraph 8 of this Order.

**7.      *Production of Patient Records.***  Each Physician shall cause accurate photocopies to be made of all the Physician's records relating to a particular plaintiff identified by the Special Master, including all notes, charts, prescriptions, billing records, and other material, in hard copy or electronic form, in the Physician's possession, custody, or control relating to the plaintiff.  Each Physician shall provide all such photocopies to the Special Master on the schedule directed by the Special Master.  If it is more efficient for the physician, the records may be supplied to the Special Master in any electronic format which the Special Master approves.  If a Physician's usual and customary practice is to require payment of charges for copies of patient records when requested by a patient, the Physician shall so inform the Special Master when contacted by the Special Master to arrange a deposition.  A Physician who requires such payment shall be paid a per page copy charge equal to the Physician's usual and customary charge per page for copies of patient records, subject to any Order of the Court limiting the amount that can be charged for such copies.

**8.      *Payment of Physician Fees and Records Charges.***  Each Physician seeking payment of fees for deposition time shall submit a statement to the Special Master after the conclusion of the Physician's deposition showing the amount of time incurred in the deposition, in hour and half hour increments, the hourly rate, and the total

payment requested.  .  Each Physician seeking payment of costs for the production of patient records shall submit a statement to the Special Master contemporaneous with or after the provision of copies of such records to the Special Master, showing the number of pages of copies made, the charge per page or as a minimum charge, and the resulting total or minimum charge for the copies.  Each Physician shall also furnish to the Special Master such other information as is requested by the Special Master to permit payment to the Physician, including the Tax Identification Number or Social Security Number of the payee of any fees for deposition time to permit proper reporting by the Special Master of the payment of such fees to applicable taxing authorities.  The Special Master shall review each statement from a Physician for accuracy and compliance with this Order and shall remit payment to the Physician as soon as is reasonably practicable after the Special Master's receipt of a properly completed statement.  The Special Master shall maintain an escrow account for this purpose, funded by MDL Plaintiffs and Defendants in such proportions as directed by the Special Master or the Court.

**9.** ***Issuance and Service of Subpoenae.***  The Special Master is authorized as an attorney practicing in this Court to sign and issue a subpoena to a Physician pursuant to Fed.R.Civ.P. 45(a) to compel the Physician's attendance at a deposition and the Physician's production of patient records as required in Paragraph 7 of this Order, and to serve a subpoena upon a Physician under Fed.R.Civ.P 45(b).  Service of a subpoena upon a Physician by the Special Master by mail, facsimile, email, or other delivery to the Physician shall constitute service under Fed.R.Civ.P 45(b) by a person not a party to this litigation.  The Special Master shall issue each subpoena on behalf of this Court and/or on behalf of a district court in which the deposition or production is compelled by the subpoena, showing the MDL case in this Court to which the subpoena pertains.

**10.** ***Compliance with this Order.***  If necessary to enforce compliance with the terms of this Order or with any subpoena issued under this Order, the Special Master may apply to this Court for such orders as are required, including steps to coordinate with the court in which the deposition or production is compelled to issue such orders as are necessary to ensure timely compliance with this Order.

**11.** ***Relief From This Order.***  Any person seeking relief from any of the provisions of this Order shall file an appropriate motion with this Court and a supporting memorandum stating the relief requested and the basis for such relief, in accordance with the Local Rules of this Court.

**12.** ***Effective Date of this Order.***  This Order shall become effective as of the date of entry by the Court.

**DONE and ORDERED** in Orlando, Florida, on September 19, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

3

Copies furnished to:
Counsel of Record