UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL Docket No.: 6:06-md-1769-Orl-22DAB |
| THIS RELATES TO: PLAINTIFFS IDENTIFIED IN EXHIBIT A | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE PLAINTIFF FACT SHEETS**

**COME NOW** Plaintiffs, through their undersigned attorneys, in the above-styled and numbered cases ("Plaintiffs"), and file this Response in Opposition to the Motion Requesting Conversion to Dismissal with Prejudice for Failure to Serve Plaintiff Fact Sheets (PFS) filed by the AstraZeneca Defendants ("Defendants"), and would respectfully show the Court as follows:

### I. SUMMARY OF RESPONSE

1. Defendants request that the Court dismiss Plaintiffs' cases *with* prejudice—where such cases have already been dismissed *without* prejudice—pursuant to Defendants' understanding of Case Management Order No. 2 ("CMO 2") (Doc. 129). In doing so, Defendants run afoul of unequivocal Eleventh Circuit[1] precedent that cautions against imposition of "death penalty" sanctions under these circumstances. Because the

---

[1] The United States Court of Appeals for the Eleventh Circuit is referred to herein as the "Eleventh Circuit."

requested action is not warranted and because the Eleventh Circuit instructs that ***dismissal without prejudice is an available, lesser sanction***, the Court should maintain the status quo with respect to these cases and deny Defendants' Motion.

2. This response, and the issues it addresses, affects approximately 88 Plaintiffs whose cases have already been dismissed by the Court without prejudice, or who are currently subject to the 80-day waiting period prior to dismissal with prejudice pursuant to the Court's amendment to CMO 2. (Doc. 285.)

## II. BACKGROUND

3. At the time Defendants first moved to convert dismissals without prejudice to dismissals with prejudice, Plaintiffs' attorneys asserted that they acted in good faith, exercised due diligence and conscientiously used all means necessary to effectively and efficiently obtain any missing Plaintiff Fact Sheets along with any corresponding verifications and records authorizations. (*See* Affidavit of Laurence Tien, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein for all purposes.)  Nevertheless, the Court dismissed those cases with prejudice. Notwithstanding the Court's order, and in the spirit of cooperation, Plaintiff's attorneys continue to serve deficient PFS with corresponding verifications and/or records authorizations upon Defendants as they become available, making remarkable strides in a very short period of time. (*See* Ex. B.)  Moreover, Plaintiffs have fully complied with additional requests for updated records authorizations despite having already been timely submitted, illustrating that Defendants are still receiving and processing discovery requests.  Thus, any delay in providing outstanding PFS, verifications and records

authorizations will not prejudice Defendants in that they are still processing previously submitted discovery requests.

4.       Further, Defendants have not been prejudiced by the lack of such discovery because case-specific discovery under the Court's schedule has yet to begin with regard to the Plaintiffs currently subject to dismissal with prejudice.  Nor may such case specific discovery commence at any time because the cases have already been dismissed.  Thus, any of the possible justifications for Defendants' need of PFS are not implicated where there is no opportunity for additional discovery to take place because the cases are no longer on file.

5.       More importantly and as Eleventh Circuit precedent dictates, Plaintiffs contend and hereby reassert that imposing the ultimate sanction on a plaintiff, dismissal with prejudice (precluding the plaintiff from ever re-filing his/her claim), is a remedy of last resort which should only be applied in extreme circumstances.

### III.   ARGUMENT & AUTHORITIES

6.       Eleventh Circuit standards for imposing the "Draconian remedy of dismissal" instruct that Plaintiffs' cases should not be dismissed with prejudice. *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir. 1982) (quoting *Marshall v. Segona*, 621 F.2d 763, 767 (5th Cir. 1980)) (internal quotation marks omitted).  " [A] dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (italicized emphasis in original); *see also World Thrust Films,*

*Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (same); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (same); *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (same). "Findings satisfying both prongs of our standard are *essential* before dismissal with prejudice is appropriate." *Betty K Agencies Ltd.*, 432 F.3d at 1339. "[S]uch dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions ***are unavailable***." *McKelvey*, 789 F.2d at 1520 (emphasis added). "Mere delay will not suffice; '[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.'" *Kilgo*, 983 F.2d at 192-93 (quoting *McKelvey*, 789 F.2d at 1520).

7. In numerous cases, therefore, the Eleventh Circuit has excused parties' delays and ignorance of court orders because they did not rise beyond mere negligence to the level of "willful misconduct" or "contumacious conduct." *See, e.g., McKelvey*, 789 F.2d at 1520 (holding that plaintiff's failure to respond to show cause order requiring that plaintiff demonstrate why his case should not be dismissed for want of prosecution more than a year after the case had been filed was excusable, "simple negligence" because the record demonstrated that plaintiff's counsel *never received the show cause order from the court*); *see also Beckwith v. Bellsouth Telecomm. Inc.*, 146 Fed.Appx. 368, 370-71, 372-73 (11th Cir. 2005) (holding that district court abused its discretion by dismissing a *pro se* plaintiff's case with prejudice for failure to comply with court orders where, over the course of more than two years, plaintiff had been unable file a complaint that complied with the Federal Rules of Civil Procedure, despite numerous court orders to do so; "[w]e

cannot say that Beckwith's failure to comply with the orders of the district court was a result of bad faith or willfulness"); *Mingo v. Sugar Cane Growers Co-op.*, 864 F.2d 101, 103 (11th Cir. 1989) (declaring an abuse of discretion the district court's finding that "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has [and] the circumstances of this case cry out for such a just, speedy, and inexpensive determination," where such language did not establish that "the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion.").

8. Here, there is no showing that Plaintiffs have acted in bad faith or willfully disregarded the Courts orders. *At most, Plaintiffs' silence in response to Plaintiffs' counsel's repeated requests for missing PFS, verifications and records authorizations* (see Ex. B)*, amounts to negligent disregard of the Court's orders. Such negligence is not a basis for dismissal with prejudice in this circuit. No willful misconduct can be inferred from such silence.*

9. That death penalty sanctions should not be imposed here is especially underscored by the fact that missing PFS, verifications and records authorizations continue to be submitted and served upon Defendants, thus curing any procedural defects. In view of the above-cited case law, and the fact that previously delayed PFS, verifications and records authorizations continue to flow to Defendants as Plaintiffs' counsel receives them, Plaintiffs should not be subjected to the extreme sanction of dismissal with prejudice.

10. Furthermore, the Eleventh Circuit imposes an additional test that must be satisfied before the sanction of dismissal with prejudice is ordered—i.e., an effective,

lesser sanction must be unavailable. *See McKelvey*, 789 F.2d at 1520 (requiring that, to impose sanction of dismissal with prejudice, "less drastic sanctions [must be] *unavailable*") (emphasis added); *see also Betty K Agencies Ltd.*, 432 F.3d at 1337-38 (holding that district court must specifically find that lesser sanctions "*will not suffice*") (emphasis added).

11.     Here, a lesser, available sanction has already been imposed by the Court because Plaintiffs' cases have already been dismissed without prejudice. The Court is no longer burdened with shepherding and adjudicating such cases, and Defendants cannot show (***and have not shown***) any prejudice by the Court's simply maintaining the status quo with respect to those cases. ***From Defendants' perspective, the cases are already terminated.***  Indeed, only the Plaintiffs themselves would be harmed, and their due process rights thwarted, by converting such dismissals to dismissals with prejudice because they have failed to respond to repeated requests for their PFS, verifications and records authorizations. Such failure to respond is attributable to the fact that some Plaintiffs have moved since the commencement of the litigation, are not receiving their mail, have had their telephones disconnected, are experiencing medical issues requiring extended hospitilization, or some other unforeseen reason.[2] In fact, as set forth in Exhibit B, with respect to hundreds of Plaintiffs, counsel has received confirmation from the postal service that such Plaintiffs are no longer receiving mail at their record addresses, and such mail has been returned to counsel. Therefore, with respect to this subset of

---

[2]     Seroquel, an "anti-psychotic" drug, is indicated for individuals suffering from serious mental illnesses. The fact that Seroquel users are having difficulty complying with Court procedures should also be taken into account when weighing whether Plaintiffs' cases should be dismissed with prejudice, denying them any chance for a true adjudication on the merits.


Plaintiffs, counsel can confirm that they have no knowledge that their cases are pending dismissal with prejudice, or that any problem exists with their case at all.

12. Notwithstanding their silence, which does not equal willful misconduct, Plaintiffs deserve their day in court, particularly when it is apparent that hundreds of Plaintiffs are not receiving communications from their attorneys. *See Betty K Agencies*, 432 F.3d at 1339 ("We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing, and we strive to afford a litigant his or her day in court, if possible.") (citation and internal quotation marks omitted); *compare Glades Pharms., LLC v. Murphy*, 227 Fed.Appx. 779, 780 (11th Cir. 2007) (refusing to hold that district court abused its discretion by dismissing case *without prejudice* for failure to comply with discovery orders); *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, 2005 WL 5417814, at *1 (N.D. Ohio Oct. 18, 2005) (dismissing plaintiffs cases *without prejudice* for failure to submit fact sheets); *In re Silica Prods. Liab. Litig.*, 398 F.Supp.2d 563, 579 (acknowledging parties' agreement whereby plaintiffs who failed to specifically identify a particular defendants' product on a fact sheet or product identification chart would dismiss that defendant without prejudice, subject to the parties entering a tolling agreement).

## **CONCLUSION**

Ultimately, in light of the stringent mandate imposed by the Eleventh Circuit regarding dismissals with prejudice, coupled with Defendants' inability to articulate any prejudice by maintaining the current status of Plaintiffs' cases as dismissed without prejudice, the Court should not convert Plaintiffs' cases to "dismissed with prejudice." While Plaintiffs understand the Court's desire for an expeditious resolution of litigation, the Court should factor in the efforts and steps that Plaintiffs counsel has undertaken to contact the subject Plaintiffs, as well as the difficulty that plaintiffs suffering from illnesses treated with Seroquel may be having in complying with the Courts orders. At a bare minimum, the current status protects Plaintiffs' due process rights in the event that certain Plaintiffs do later resurface and desire to refile their case. *See Zocaras v. Castro*, 465 F.3d 479, 485 (11th Cir. 2006) ("[T]he sanction imposed should fit the interests jeopardized and the harm caused by the violation."). The Court should deny Defendants' Motion, and grant Plaintiffs such other and further relief to which they may be justly entitled, including but not limited to amending CMO 2 to provide that any of Plaintiffs' cases that may be subject to dismissal under the procedures stated therein shall only be dismissed without prejudice.

Respectfully submitted,

By: \_\_\_/s/ K. Camp Bailey\_\_\_\_
    F. Kenneth Bailey Jr.
    K. Camp Bailey
    Robert Cowan
    Bailey Perrin Bailey LLP
    440 Louisiana St., Suite 2100
    Houston, Texas 77002
    (713) 425-7100 Telephone
    (713) 425-7101 Facsimile
    Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of September, 2007, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION REQUESTING CONVERSION TO DISMISSAL WITH PREJUDICE FOR FAILURE TO SERVE PLAINTIFF FACT SHEET with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List..  I further certify that I mailed the foregoing document and the Notice of Electronic Filing by First-Class U. S. Mail delivery to the non-CM/ECF Participants listed on the attached Service List.

/s/ K. Camp Bailey_____

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800 | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800 |

| | |
|---|---|
| St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff | Jona R. Hefner<br>3441 W. Memorial, Suite 4 |

| | |
|---|---|
| Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. | Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |

|  |  |
|---|---|
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |

| | |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pennsacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com |

|  | asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |
|---|---|

## NON-ECF SERVICE LIST

| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN 55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
|---|---|
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey | Jason Matthew Hatfield<br>Lundy & Davis, LLP |

| | |
|---|---|
| 3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | 300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| John Hawkins | Donna Higdon |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN 55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin | Marjorie Shickman<br>Dechert, LLP |

| | |
|---|---|
| 300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | 2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Mary J. Wrightinton |