UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

_____

This Document Relates to All Cases

ASTRAZENECA'S OBJECTION TO ORDER COMPELLING
FURTHER PRODUCTION OF THE MACFADDEN DOCUMENT
AND MOTION TO VACATE THAT ORDER

Under Federal Rule of Civil Procedure 72(a), AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully object to the Order entered by the Honorable United States Magistrate Judge David A. Baker on September 20, 2007 (Doc. No. 485; hereafter "Order"). The Order concerns documents that AstraZeneca produced to plaintiffs after redacting salacious portions containing explicit descriptions of sexual activity ("Sexual Descriptions"). The Order requires AstraZeneca to produce the documents to plaintiffs in unredacted form, *i.e,*. including all the Sexual Descriptions.

AstraZeneca has provided to the Court for its *in camera* review[1] a complete set of the documents, highlighting those portions that AstraZeneca redacted in the production to plaintiffs. Upon review, the Court will see that the Sexual Descriptions are not relevant, would not be admissible in any trial, and are not reasonably calculated to lead to the discovery of any admissible evidence. Thus, the Sexual Descriptions are not discoverable under Rule 26.

---

[1] The unredacted documents originally delivered to Judge Baker were retrieved by AstraZeneca's counsel at the Court's request. Therefore, AstraZeneca has furnished a second set, with the redacted material highlighted, to enable the Court to consider the instant Objection.

12948892.2

## BACKGROUND OF THE DISCOVERY DISPUTE

The basic facts underlying the dispute are uncontroverted:

- Dr. Wayne Macfadden was an AstraZeneca employee who worked on Seroquel matters.

- While reviewing Dr. Macfadden's e-mails for production in this litigation, AstraZeneca discovered that he was apparently involved in sexual relationships with some women with whom he was also working on Seroquel-related matters. The e-mails between Macfadden and these women include many Sexual Descriptions.

- Very soon after AstraZeneca learned of the Sexual Descriptions in Macfadden's e-mails, Macfadden resigned from the company.

- Before producing these documents to plaintiffs, AstraZeneca redacted the Sexual Descriptions. AstraZeneca explained to plaintiffs' counsel the reason for the redactions, and invited plaintiffs' counsel to review (but not copy) the **un**redacted versions of the e-mails, so that plaintiffs could confirm that AstraZeneca had redacted nothing other than the Sexual Descriptions. Plaintiffs' counsel did review the **un**redacted versions, but nevertheless decided to pursue a motion to obtain possession of these materials.

- Although plaintiffs have not suggested that AstraZeneca redacted anything other than the Sexual Descriptions, plaintiffs filed a Motion and Combined Memorandum to Compel Production of the Macfadden Documents (Doc. No. 441; hereafter "Motion") demanding production of the **un**redacted documents. AstraZeneca opposed the motion (Doc. No. 471).

- The Magistrate Judge entered the following Order:

    The material is discoverable; however, this Order does not determine the relevance or admissibility of the material. The parties are **DIRECTED NOT** to make any dissemination of redacted portions which should be treated as "Confidential" under the Protective Order entered as Doc. No. 478.

## RELEVANT STANDARD

A magistrate judge's decision on a discovery motion is a final decision. 28 U.S.C. § 636(b)(1)(A) (2004). Final decisions are subject to a "clearly erroneous or contrary to law" standard of review. *Id*. at (b)(1)(B); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1292 (11th Cir. 2003). That is, the district court "*shall* modify or set aside any portion of the

12948892.2

2

magistrate judge's order found to be clearly erroneous or contrary to law" where a timely objection has been filed. FED. R. CIV. P. 72(a) (emphasis added); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same standard). The "clearly erroneous" standard applies to a magistrate judge's findings of fact, while the "contrary to law" standard applies to the judge's legal conclusions. *See, e.g., Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981). A finding is "contrary to law" if the applicable law has been misinterpreted or misapplied. *See, e.g., Gunter v. Ridgewood Energy Corp.*, 32 F. Supp.2d 162, 164 (D.N.J. 1998).

Although it is not often that a district court vacates a Magistrate Judge's discovery order, a district court must do so where a mistake of law has been made regarding the proper scope of discovery. *See, e.g., Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1439 (7th Cir. 1994) (emphasizing that the standard for discovery is *relevance* and affirming district court's order rejecting plaintiffs' proposed discovery because the documents were not relevant to the claims in the lawsuit).

## DISCUSSION

### I. THE MAGISTRATE'S ORDER SHOULD BE VACATED AND PLAINTIFFS' REQUEST SHOULD BE DENIED BECAUSE IT EXCEEDS EVEN THE BROAD PARAMETERS OF DISCOVERY PERMITTED UNDER RULE 26

Rule 26(b)(1) defines the basic parameters of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party . . . . *Relevant* information need not be admissible at the trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*.

FED. R. CIV. P. 26(b)(1) (emphasis added). Under Rule 26, a party must produce all requested discovery that is *relevant* to the claims or defenses in the lawsuit, but not discovery that is irrelevant. Accordingly, "relevancy is the touchstone of any discovery

12948892.2        3

request." *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 979 (3d Cir. 1988) (citing FED. R. CIV. P. 26(b) and 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2008, at 41 (1970) ("Perhaps the single most important word in Rule 26(b) is 'relevant' for it is only relevant matter that may be subject to discovery.")). *See also Thompson v. Department of Housing and Urban Development*, 199 F.R.D. 168, 170 (D. Md. 2001) (explaining that, under Rule 26(b)(1) and (2), facts are discoverable only if: "(1) relevant to the subject matter of the litigation; and (2) not privileged; and (3) if not themselves admissible, then reasonably calculated to lead to admissible evidence" and, even then, courts may properly deny discovery requests in light of numerous other factors). This is because the liberal discovery authorized by Rule 26 "is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

Plaintiffs have not seriously tried to explain how the Sexual Descriptions are relevant to any claim or defense. They merely assert that they want to use Macfadden's "personal relationships" to "call into question" not simply his integrity/credibility as a private citizen, but also "the integrity" of all clinical research and information "disseminated through the medical community related to Seroquel." Motion at ¶ 8. Even assuming, *arguendo*, that Macfadden's **relationships** with the women somehow cast doubt on the integrity of AstraZeneca's research, it does not follow that the Sexual Descriptions must be relevant. The ***redacted*** e-mails already in plaintiffs' possession evidence "personal relationships" between Macfadden and women working on Seroquel-related matters. Those redacted e-mails allow plaintiffs to depose Macfadden about the relationships. Assuming, again *arguendo*, that the ***redacted*** e-mails are admissible (and

12948892.2                              4

AstraZeneca maintains that they are not), the redacted versions allow plaintiffs to make whatever arguments they wish to make about the integrity of AstraZeneca's research; but there is nothing about the Sexual Descriptions that would make the documents more relevant to or admissible in this litigation.[2] Indeed, the Magistrate Judge himself expressed doubts as to whether the Sexual Descriptions were "relevant to anything." *See* Transcript of Aug. 22, 2007 Status Conference at 50:1-4.

At the very least, a substantial question exists as to whether the Sexual Descriptions are relevant. Therefore, it was incumbent on the Magistrate Judge to consider the question of relevance before granting the plaintiffs' motion to compel. As the Order itself shows, however, the Magistrate Judge ordered the production of the Sexual Descriptions without first determining that the Sexual Descriptions were relevant, or that the Sexual Descriptions were themselves admissible, or that the Sexual Descriptions were reasonably calculated to lead to the discovery of admissible evidence.

AstraZeneca respectfully submits that the Magistrate Judge erred in proceeding in this fashion. Once AstraZeneca raised the issue of whether the Sexual Descriptions were relevant, *i.e.*, either admissible themselves or reasonably calculated to lead to the discovery of admissible evidence, the Magistrate Judge should have ordered their production only upon a finding that the Sexual Descriptions were relevant. Because the Order was entered *without* a relevancy inquiry, the Order does not square with the bedrock principle that "discovery is not a fishing expedition." *Gibbons v. Food Lion, Inc.*, 1999 WL 33226474, *1 (M.D. Fla. Feb. 19, 1999) (quoting *Delfrate*

---

[2] AstraZeneca does not concede that the redacted e-mails, let alone the redacted Sexual Descriptions, are admissible in evidence, but the Court need not decide that issue in ruling on AstraZeneca's Objection to the Order.

12948892.2                                5

*v. Letts*, 1996 WL 420880, *8 (M.D. Fla. March 25, 1996)). "Discovery should be tailored to the issues in the particular case." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992). Indeed, courts have "wide discretion in setting the limits of discovery" under Rule 26. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Other courts have often concluded that the kind of sexual material at issue here "simply exceeds the bounds of permissible discovery" and thus should not be allowed. *Rossbach v. Rundle*, 128 F. Supp.2d 1348, 1354 (S.D. Fla. 2000). In *Rossbach*, a sexual harassment case where the presumptive relevance of sexual-misconduct evidence was far more obvious than it is here, the district court prohibited the plaintiff from "pursuing discovery of subject matters not reasonably related to proving the elements of her claims[;]" and the court expressly required that inquiries into sexual matters be tied to the precise elements of the pleaded claims. *Id*.

## II. ANY CONCEIVABLE RELEVANCE IS SUBSTANTIALLY OUTWEIGHED BY THE UNFAIR HARM ASSOCIATED WITH FURTHER PRODUCTION OF THE SEXUAL DESCRIPTIONS

Even if the Sexual Descriptions had any marginal relevance to some issue, that slight relevance would be substantially outweighed by the substantial risk that such discovery would subject AstraZeneca and non-parties to "annoyance, embarrassment, oppression." *See, e.g., Empire of Carolina, Inc. v. Mackle*, 108 F.D.R. 323, 325 (D.C. Fla. 1985) (quoting FED. R. Civ. P. 26(c)). As the *Rossbach* court explained, certain "highly prejudicial" inquiries into defendant's sexual history are "unlikely to produce any admissible evidence" but are "sure to annoy, embarrass, and harass." 128 F. Supp.2d at 1354. Moreover, "*[e]ven if relevant*, discovery is not permitted where no need is shown, or compliance would be unduly burdensome,

or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis retained).

The potential harm in producing the Sexual Descriptions is obvious. First, the Sexual Descriptions constitute private communications exchanged between non-parties who may well be married with families; further disclosure could certainly embarrass and oppress the authors and their innocent families. Moreover, disclosure of the Sexual Descriptions would unduly prejudice AstraZeneca by permitting discovery of inflammatory and yet wholly irrelevant material.[3] ["A] court is not required to blind itself to the purpose for which a party seeks information," and discovery that aims to embarrass or harass should be denied. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17*; see also Farnsworth*, 758 F.2d at 1546, 1548 (concluding that any conceivable relevance of the "highly personal" and "potentially embarrassing" redacted material was substantially outweighed by the likelihood of unfair prejudice associated with producing those redactions); *Gibbons*, 1999 WL 33226474, *3 (quid pro quo sexual discrimination and sexual harassment case wherein district court found that inquiries into prior sexual conduct of parties should be limited).

### III. A PROTECTIVE ORDER IS INSUFFICIENT TO PREVENT INAPPROPRIATE DISCLOSURE

The Magistrate Judge's Order assumes that the risks associated with the production of the Sexual Descriptions can be avoided by prohibiting disclosure beyond the plaintiffs' counsel. Experience teaches, however, that in mass tort litigation such as this, with scores of plaintiffs

---

[3] A further indication of the potential harm if the Sexual Descriptions are produced is highlighted by Plaintiffs' counsel's own assertion that he intends to use these descriptions "in questioning of the witnesses." *See* Trans. at 53:23-55:4.

Case 6:06-md-01769-ACC-DAB Document 537 Filed 10/04/2007 Page 8 of 18

lawyers, protective orders do not prevent confidential materials from being leaked. It is impossible for the lead plaintiff's counsel, however well-intentioned they may be, to monitor the conduct of all of the other lawyers who represent plaintiffs in the litigation. Hence, even if the Court were to find that the Sexual Descriptions were indeed relevant and must be produced, the Court should modify the Order to limit distribution of the disputed material to the two co-lead counsel for plaintiffs and the plaintiffs' lawyer who actually deposes Macfadden. There is no conceivable reason why scores of other plaintiffs' lawyers need to have these materials that pose a substantial risk of annoyance, embarrassment, and oppression to parties and non-parties alike.

## CONCLUSION

The Sexual Descriptions can serve no legitimate purpose in this litigation because the material is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. Therefore, AstraZeneca respectfully asks that the Court sustain its Objection and vacate the Magistrate Judge's Order.

DATED: October 4, 2007          Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Gretchen S. Sween
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 4, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Gretchen S. Sween*

SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* |
| John J. Driscoll | Kenneth T. Fibich |

| | |
|---|---|
| Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen. com | Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>j whatley@whatleydrake. com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law. com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |

| | |
|---|---|
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Matthew F. Pawa<br>Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| Mark A. Koehn<br>whrfrat42@yahoo.com | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

12948892.2 - 13 -

| | |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Mark P. Robinson, Jr.<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net<br>twacker@rcrlaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |

| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pennsacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw. com |
|---|---|
| | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN 55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
|---|---|
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 |

| | |
|---|---|
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| John Hawkins<br>Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Donna Higdon<br>Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN 55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA 90807-0948 | Marjorie Shickman<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL 62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX 77092 |

| | |
|---|---|
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN 55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101-2302 | Mary J. Wrightinton |