## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABLITY LITIGATION | MDL DOCKET NO: 6:06-MDL-1769-ACC-DAB |

This document relates to:   *Barnes v. AstraZeneca Pharms. LP,* 6:07-cv- 16752-ACC-DAB
*Colman v. AstraZeneca Pharms. LP,* 6:07-cv- 16751-ACC-DAB
*Donaldson v. AstraZeneca Pharms. LP,* 6:07-cv-16742-ACC-DAB
*Duncan v. AstraZeneca Pharms. LP,* 6:07-cv-16736-ACC-DAB
*Gordon v. AstraZeneca Pharms. LP,* 6:07-cv-16738-ACC-DAB
*Jackson v. AstraZeneca Pharms. LP,* 6:07-cv-00522-ACC-DAB
*Jensen v. AstraZeneca Pharms. LP,* 6:07-cv-16743-ACC-DAB
*Makinson v. AstraZeneca Pharms. LP,* 6:07-cv-16757-ACC-DAB
*Sauvageau v. AstraZeneca Pharms. LP,* 6:07-cv-16754-ACC-DAB
*Thomas v. AstraZeneca Pharms. LP,* 6:07-cv-16748-ACC-DAB
*Wilson v. AstraZeneca Pharms. LP,* 6:07-cv-16740-ACC-DAB

### PLAINTIFFS' SUPPLEMENTAL BRIEFING IN RESPONSE TO ASTRAZENECA'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON THE BASIS OF FEDERAL PREEMPTION

Pursuant to this Court's Order of October 3, 2007 (Doc. 534), the above-referenced Plaintiffs ("Plaintiffs") file their Supplemental Brief as follows:

President Bush signed into law H.R. 3580 on September 27, 2006.[1] The Act's legislative history and pertinent rule of construction provide additional confirmation that Congress does not intend (and has not intended) for Food and Drug Administration ("FDA") regulations to preempt state law tort claims such as those brought by Plaintiffs. Because AstraZeneca cannot overcome the legal presumption against preemption by a showing of "clear and manifest" congressional intent, *see Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005), its Motion should be denied.

---

[1] H.R. 3580, entitled the "Food and Drug Administration Amendments Act of 2007," is also referred to herein as the "FDAAA" or the "Act."

1

I.  **The Sponsor's Statements Prior To The Senate's Approval Of The FDAAA Reveal Congress's Intent.**

From the floor of the U.S. Senate immediately before the Senate passed H.R. 3580, the bill's Senate sponsor, Senator Edward Kennedy, spoke in support of the Act and announced the Act's legislative intent, in pertinent part:

> By enacting this legislation, we do not intend to alter existing state law duties imposed on a drug manufacturer to obtain and disclose information regarding drug safety hazards either before or after a drug receives FDA approval or labeling. .... FDA's approved label has always been understood to be the minimum requirement necessary for approval. In providing the FDA with new tools and enhanced authority to determine drug safety, we do not intend to convert this minimum requirement into a maximum. The Institute of Medicine and others have found that FDA's past performance has been inadequate. While we fully expect substantial improvement as a result of the enactment of this bill, we cannot and do not expect the FDA or this new process to identify every drug specific safety concern before a drug manufacturer becomes aware or should have become aware of such concerns. Nor are the bill's requirements that companies disclose certain safety information to the government intended to substitute for the disclosure requirements that may be required under state law.
>
> \*    \*    \*
>
> Regulation by the Food and Drug Administration and product liability lawsuits against the manufacturers of harmful drugs work together to protect consumers.  Both are needed to force drug companies to disclose health risks posed by their products as soon as those risks are discovered.  .... Effective regulation by the federal government and litigation by victims of dangerous drugs work hand-in-hand to keep patients safe and make drug companies more responsible.  This legislation improves FDA oversight of postmarket drug safety, and does not undermine or preempt the efforts by injured patients to seek redress under State product liability law.

153 Cong. Rec. S11831-32 (statement of Sen. Kennedy).[2]  As the United States Supreme Court has repeatedly admonished: "Statements made by the sponsors of legislation deserv[e] to be accorded substantial weight in interpreting the statute."  452 U.S. 161, 187 n.2 (1981)

---

[2] For the Court's convenience, Plaintiffs attach hereto as Exhibit "A" a transcript of the Senate's final consideration of H.R. 3580 immediately prior to the vote approving the Act.

2

(internal quotation marks omitted); *see also Fed. Energy Admin. v. Algonquin SNG, Inc.*, 426 U.S. 548, 564 (1976); *Schwegmann Brothers v. Calvert Distillers Corp.*, 341 U.S. 384, 394-95 (1951) ("The fears and doubts of the opposition are no authoritative guide to the construction of legislation. It is the sponsors that we look to when the meaning of the statutory words is in doubt.").[3] Senator Kennedy's remarks as the Senate sponsor of H.R. 3580 are entitled to "substantial weight" regarding Congress's intent to preserve—not preempt—duties imposed under state law upon drug companies.[4]

---

[3] H.R. 3580 was a compromise bill formed out of deliberations in conference committee on H.R. 2900 and its Senate counterpart, S. 1082, whose Senate sponsor was Senator Kennedy. Last summer, when H.R. 2900 was working its way through the House of Representatives Energy and Commerce Committee, committee members expressed the following regarding the lack of congressional intent to preempt state law through legislative amendment to the FDA's enforcement powers:

> The additional regulation of pharmaceutical products proposed in this legislation is an effort to provide consumers with increased protection, not an effort to provide pharmaceutical manufacturers with immunity from liability when their products harm consumers. In no way do we intend to occupy this regulatory field to an extent that would limit the right of consumers to seek civil compensation in the event of personal injury or wrongful death resulting from a finding of liability on the part of pharmaceutical manufacturers. To address any unintended consequences this legislation may impose upon a consumer's access to State remedies, we support the future inclusion of language to clarify that nothing in this legislation or in current law is intended to preempt remedies for consumers injured by dangerous drugs. With the inclusion of this language, Congress would strike the appropriate balance between providing the FDA with the necessary authority to protect consumers from adverse drug events and ensuring that Congress does not inadvertently preempt common law remedies. Such language would preserve the status quo, allowing the FDA and state remedies to remain complementary and necessary safeguards to protect American families.

H.R. Rep. No. 110-225, at 197-98 (2007), *at* http://frwebgate.access.gpo.gov/cgi-bin/getdoc.cgi?dbname=110_cong_reports&docid=f:hr225.110.pdf. This statement, endorsed by 12 cosponsors of H.R. 2900—predecessor to H.R. 3580—again lends "substantial weight" to Plaintiffs' position that Congress does not intend, and has not intended, to preempt state law remedies vis-a-vis the FDA's federal regulatory power. Furthermore, the rule of construction to which Senator Kennedy's comments refer, discussed *infra*, "preserves the status quo" per the above-stated intent of bill cosponsors on the House Energy and Commerce Committee.

[4] Republican senators such as Senator Michael Enzi of Wyoming also strongly supported H.R. 3580's passage in the Senate, while acknowledging that the legislation was a "compromise bill" in which "[n]ot everyone got everything they wanted," and specifically identified as a result of that compromise the new "rule of construction" subjecting drug makers to "existing requirements" under federal and state law to disclose health risks associated with drugs (further discussed *infra*). 153 Cong. Rec. S11833 (statement of Sen. Enzi) (Ex. A). Senator Enzi "strongly urge[d] [his] colleagues to vote yes and endorse" the Act. *Id.*

## II. H.R. 3580's Rule Of Construction Reinforces Drug Company Duties Under State Law, And Conclusively Demonstrates The Absence Of Conflict Between FDA Regulations And State Law Remedies.

Senator Kennedy's remarks as Senate sponsor of the FDAAA refer in part to the Act's rule of construction evidencing drug makers' continuing responsibility—under "existing requirements" pursuant to federal and state law—to warn consumers of dangers regarding their products. H.R. 3580, 110th Cong. (2007) (enacted).[5] As Senator Patrick Leahy of Vermont explained the rule:

> The legislation we are set to pass today contains a rule of construction making clear that Congress has again decided that we are not preempting State law regarding the responsibility of drug manufacturers to immediately notify consumers of dangers without waiting for the FDA to act. Drug companies maintain the authority to correct their warning labels if they learn of any information that their products could harm consumers. These corporations can and must immediately correct any existing warning that has been issued and cannot hide behind the Byzantine regulatory structure of the FDA to shield them from liability for causing serious injury. To do otherwise would endanger all Americans who may be injured by their products and would remove the important incentive the corporations currently have to make their products safer and to adequately warn consumers of potential dangers.

153 Cong. Rec. S11834 (statement of Sen. Leahy) (Ex. A).

The rule of construction and regulations cited therein undermine Defendant's contentions in their Motion and at oral argument that any warnings beyond the language of the FDA-approved label render the drug "misbranded," and that the FDA, not the drug company, assumes responsibility for formulating and maintaining the content of such

---

[5] The rule of construction states as follows:
> (I) RULE OF CONSTRUCTION- This paragraph shall not be construed to affect the responsibility of the responsible person or the holder of the approved application under section 505(j) to maintain its label in accordance with existing requirements, including subpart B of part 201 and sections 314.70 and 601.12 of title 21, Code of Federal Regulations (or any successor regulations).

H.R. 3580 § 901(o)(4)(I), 110th Cong. (2007) (enacted).

4

warnings. Instead, the rule mandates that Defendant and other drug makers (*not the FDA*) are responsible for "maintain[ing] [their] labels in accordance with existing requirements ...." H.R. 3580, 110th Cong. (2007) (enacted). That includes—but is not limited to—immediate notification to the FDA of any drug warning strengthening necessitated by, for example, a drug company's knowledge of harmful side effects beyond the scope of a particular drug's warning label. H.R. 3580, 110th Cong. (2007) (enacted); 21 C.F.R. §§ 201.57, 314.70, 601.12 (2007). Most importantly for purposes of the pending Motion, nothing in the rule states—or even suggests—that "existing requirements" imposed under state law are preempted.

Indeed, the legislative history of H.R. 3580, and specifically Senator Kennedy's remarks quoted above, parallel the Supreme Court's recognition in *Bates v. Dow Agrosciences LLC* and *Medtronic, Inc. v. Lohr* that a state cause of action that seeks to enforce a federal requirement "does not impose a requirement that is different from, or in addition to, requirements under federal law. To be sure, the threat of a damages remedy will give manufacturers an additional cause to comply, but the requirements under state and federal law do not differ." *Bates*, 544 U.S. at 448 (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 513 (1996) (O'Connor, J., concurring and dissenting in part)). Put differently, in order to create an actual conflict between federal and state law here—a prerequisite for an implied preemption finding—Defendant must read out of H.R. 3580 the rule of construction and its corollary regulations. Defendant seeks instead to deflect liability for failing to warn of Seroquel's dangerous side-effects (and downplaying side-effects for which some warning

5

was provided)[6] by arguing that the FDA failed to mandate additional warnings for Seroquel—precisely the coveted shield of immunity the rule of construction is designed to pierce. The Court should not countenance Defendant's purposeful ignorance of the rule or the legislative history of the Act, and for all the reasons stated by Plaintiffs, should deny Defendant's Motion.

                Respectfully submitted

By:    /s/ Fletcher V. Trammell
      F. Kenneth Bailey Jr.
      K. Camp Bailey
      Fletcher V. Trammell
      Robert W. Cowan
      **BAILEY PERRIN BAILEY LLP**
      440 Louisiana St., Suite 2100
      Houston, Texas 77002
      (713) 425-7100 Telephone
      (713) 425-7101 Facsimile
      kbailey@bpblaw.com
      cbailey@bpblaw.com
      ftrammell@bpblaw.com
      rcowan@bpblaw.com
      **Co-Lead Attorneys for Plaintiffs**

---

[6] The Court should recall, notwithstanding Defendant's insistence that the FDA-approved label constitutes the *sine qua non* of the Court's preemption analysis, Defendant has failed even to adhere to that warning and has been repeatedly reprimanded by the FDA for promoting Seroquel in violation of the label and FDA-approved uses, as shown in Plaintiffs' Response in Opposition to AstraZeneca's Motion ("Response") at 2-3, 19. In addition, as Plaintiffs describe in their Response, Defendant's preemption argument with respect to these 11 Plaintiffs constitutes pure conjecture because the timeline that Defendant proposes amounts to complete fiction. (Resp. at 2-3 & n.4.) Defendant argues that each of these 11 Plaintiffs' claims are preempted because the Plaintiffs allegedly began taking Seroquel after the FDA mandated a hyperglycemia and diabetes warning for Seroquel in September 2003. However, Defendant failed to fully warn doctors of these risks until it sent a "dear doctor" letter in April 2004, and the FDA hyperglycemia and diabetes warning did not appear in the widely utilized Physician's Desk Reference, which is updated annually, until the 2005 version was available to prescribers. Moreover, as a general matter, these other means of warning patients (e.g., "dear doctor" letters, PDR, etc.) cut against Defendant's contention that the prescription label constitutes the end-all, be-all of drug warnings.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 10th day of October, 2007, I electronically filed the foregoing**:** PLAINTIFFS' SUPPLEMENTAL BRIEFING IN RESPONSE TO ASTRAZENECA'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON THE BASIS OF FEDERAL PREEMPTION with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

                                            /s/ Robert W. Cowan
                                            Robert W. Cowan

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

8

| | |
|---|---|
| bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. | attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St. | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895 |

| | |
|---|---|
| Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* | Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave. | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor |

11

| | |
|---|---|
| Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN 55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| | |

| | |
|---|---|
| John Hawkins | Donna Higdon |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN  55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin | Marjorie Shickman<br>Dechert, LLP |

| | |
|---|---|
| 300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | 2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Mary J. Wrightinton |