UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

_____

This Document Relates to ALL CASES IN EXHIBIT A

**ASTRAZENECA'S MOTION AND MEMORANDUM REGARDING THE
FLORIDA-RELATED CASES PENDING IN THIS MDL**

I.  INTRODUCTION

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") submit this motion and memorandum in response to the discussion at the October 2, 2007 status conference and the Court's subsequent order dated October 10, 2007 ("10/10/2007 Order").

As the Court has aptly recognized, it should ultimately acquire full jurisdiction over *all* of the truly Florida-related cases presently pending in the MDL. Binding Supreme Court precedent, however, prevents effectuating venue transfer of these cases by any motion filed in this Court under 28 U.S.C. § 1404(a). Thus, as explained below, there are two potential avenues to achieve the desired venue transfer of these cases: a time-consuming and circuitous remand-and-retransfer procedure through the JPML and transferor court, which is neither practical nor feasible right now; and mutual party consent, which is the only viable option at this time.

AstraZeneca hereby consents and stipulates to this Court's having full jurisdiction for all purposes over 32 of the 34 cases on Plaintiffs' "Consent List" – *i.e.*, all except for the 2 cases that appear to have no appreciable connection with Florida. There are, however, an additional 106 Florida-related cases over which AstraZeneca believes this

Court should also have full jurisdiction for all purposes, including trial. Those cases are listed on Exhibit A attached hereto, which identifies all of the 138 Florida-related cases over which this Court should ultimately obtain full trial-related jurisdiction consistent with 28 U.S.C. §§ 1404(a) and 1407.

For the reasons set forth further below, AstraZeneca hereby moves the Court to enter an *order to show cause* whereby plaintiffs are required – prior to the upcoming October 30, 2007 pretrial conference – to either (1) consent and stipulate to this Court's having full jurisdiction over each of those additional 106 cases on Exhibit A; or (2) articulate the reasons (if any) for their withholding consent, and show cause why venue in these Florida-related cases is more proper and convenient in Massachusetts federal court as opposed to in this Court. *See also* MANUAL FOR COMPLEX LITIGATION § 20.132, at p. 224 (Federal Judicial Center 2004) (MDL courts may "encourage" mutual party "consent" to having cases remain in transferee court for trial purposes through all available legal means). Indeed, before any of these Florida-related plaintiffs require AstraZeneca and this Court to determine how and when best to begin the arduous remand-and-retransfer process, they should have to make a good-faith *prima facie* showing against the ultimate transfer here for all purposes of each of these 106 Florida-related cases.

## II.  DISCUSSION

AstraZeneca agrees with the Court's expressed view that, "consistent with the law," it should obtain jurisdiction for all purposes, including trial, over *all* of the "truly Florida related cases" that are pending in this MDL. *See* 10/2/2007 Pretrial Conference Transcript, at 31. By AstraZeneca's count, there are currently 138 cases in the MDL that

fall within this category.  *See* Exh. A.[1]  By contrast, plaintiffs' counsel have so far consented to this Court's having such jurisdiction over only a self-selected subgroup of 34 cases, 2 of which appear to have no appreciable connection to Florida.[2]

At the October 2nd pretrial conference, the Court encouraged AstraZeneca to file a venue transfer motion in this Court under 28 U.S.C. § 1404(a) as a means to secure full trial-related jurisdiction over all Florida-related cases that are presently pending in the MDL only for pre-trial coordination purposes.  AstraZeneca has since carefully re-reviewed the governing authorities, including most notably the U.S. Supreme Court's decision in *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26 (1998).  Unfortunately, *Lexecon* appears to hold that MDL courts lack the authority to grant section 1404(a) venue transfer motions in order to transfer to themselves for all purposes, including trial, cases that are among the mix of an MDL.  *See id*. at 34-41 & n.4.  Indeed, the *Lexecon* Court instructed that "the statutory language of § 1407 [the

---

[1] Attached hereto as Exhibit A is a spreadsheet in which AstraZeneca identifies, to the best of its ability at this time based on currently available information, each of the 138 Florida-related cases presently in the MDL, *i.e*., all cases involving plaintiffs whose complaints and PFS responses indicate that (i) the plaintiffs reside in Florida, and (ii) all meaningful facts related to their alleged Seroquel use and injuries occurred overwhelmingly, if not entirely, in Florida.  Exhibit A lists the relevant Florida plaintiff's name and docket number, as well as whether that plaintiff appears on Plaintiffs' Consent List and whether he or she has been deposed so far in the MDL's case-specific discovery program.  AstraZeneca reserves the right to identify additional Florida-related cases over which this Court should ultimately have full jurisdiction, to the extent subsequent discovery uncovers facts supporting such additional identification.

[2] On September 24, 2007, plaintiffs' counsel filed their Consolidated Notice Of Florida Residents Who Desire To Have Their Cases Transferred To The Middle District Of Florida For Trial (Doc. No. 500) [referred to herein as Plaintiffs' "Consent List"].  While it lists 34 plaintiffs, 2 of them are clearly not Florida residents:  Stacey Grulkowski and Tammy Scharet.  Both pled a state *other* than Florida as their state of residence in their complaints, and their PFS responses do not suggest *any* appreciable Florida contacts.  Hence, AstraZeneca suspects that these 2 plaintiffs were included by mistake on Plaintiffs' Consent List.  AstraZeneca does not consent to this Court's having full jurisdiction over these 2 plaintiffs' cases.

MDL statute] *precludes* a transferee court from granting *any* § 1404(a) motion . . . ." 523 U.S. at 41 n.4 (emphases added); *see also In re Patenaude*, 210 F.3d 135, 142-46 (3d Cir. 2000) (interpreting *Lexecon* categorically to prevent any self-transfers under 28 U.S.C. § 1404(a)).

Instead, there are two principal means by which this Court may lawfully acquire full jurisdiction over all Florida-related cases in the MDL. First, the parties could so stipulate, *i.e.*, consent to having these actions remain in the Middle District of Florida for all purposes, including any trial. *See*, *e.g.*, *In re Carbon Dioxide Indus. Antitrust Litig.*, 229 F.3d 1321 (11th Cir. 2000). Second, at the completion of coordinated pre-trial proceedings as to each of the Florida-related cases at issue (and thus when the issue is actually ripe), the Court could then begin the involved and time-consuming procedure whereby it recommends to the JPML that it consider remanding these specifically identified cases to their original transferor court along with a suggestion or directive that those cases be re-transferred back to this Court under 28 U.S.C. § 1404(a). *See*, *e.g.*, *Kenwin Shops, Inc. v. Bank of Louisiana*, 1999 WL 294800 (S.D.N.Y. May 11, 1999). This second option is not viable at this time, because it would require the MDL Court prematurely to remand these cases to the JPML and thereby at least temporarily divest this Court of jurisdiction over cases that can and should be part of these coordinated proceedings.[3] Further, given *Lexecon*, there is no available means – absent mutual party

---

[3] Indeed, it would require this MDL Court prematurely to "remand" these cases to the JPML, so that it may consider whether to follow this Court's recommendation to send them to the transferor court (here, the Massachusetts federal court in which all of the remaining 106 cases at issue were initially filed by the Bailey firm) to rule upon a venue transfer motion under 28 U.S.C. § 1404(a) that, consistent with *Lexecon*, could result in this Court's lawfully acquiring full trial-related jurisdiction over the cases. Under this circuitous procedure, the Court would now have to *surrender jurisdiction* over the cases

consent – to make an end-run around the need to resort to this time-consuming remand-and-retransfer procedure involving the JPML and transferor court. Thus, of these two options, mutual party *consent* is clearly the most efficient, economical, and sensible course at this time.

To date, however, plaintiffs' counsel have consented to this Court's having full jurisdiction over only a *self-selected subgroup* of Florida-related cases. As the Court has recognized, this simply will not suffice. Indeed, neither side should be permitted unilaterally to select any subgroup of Florida-related cases as to which this Court may acquire full jurisdiction for trial purposes, to the exclusion of other Florida-related cases. Although AstraZeneca agrees to stipulate to this Court's having full jurisdiction over the 32 cases on Plaintiffs' Consent List that are truly Florida-related cases, AstraZeneca can see *no principled reason* why plaintiffs will not likewise provide their consent as to the remaining 106 Florida-related cases listed on Exhibit A.

Under these circumstances, AstraZeneca respectfully moves this Court to issue an order to show cause that directs plaintiffs to demonstrate why this Court should not also have full jurisdiction over the remaining 106 Florida-related cases, if indeed these remaining Florida-related plaintiffs still will not agree to stipulate and consent to this

---

at issue – well before coordinated pre-trial case-specific discovery has begun, much less run its course, in these cases. That makes little sense at this time. In fact, the issue of whether this Court has ultimate trial jurisdiction over any of these 106 cases only ripens upon completion of pre-trial coordinated proceedings and case-specific discovery, and at a time when each case is truly trial-ready. Until that point, there is no genuine benefit to having these cases assigned to this Court for all purposes, including trial, given that this Court *currently* has full authority under 28 U.S.C. § 1407, as the MDL transferee court, to conduct and oversee all pre-trial proceedings in a coordinated manner in each of these 106 cases.

Court's acquiring full jurisdiction over their Florida-related cases.[4] Any of these remaining plaintiffs that refuse to so stipulate and consent should be required to articulate the basis (if any) for their refusal, and also to demonstrate why the interests in justice and judicial economy would be furthered by requiring AstraZeneca and this Court to initiate the otherwise arduous, time-consuming, and costly judicial-transfer process needed ultimately to secure this Court's acquiring full trial-related jurisdiction over these plaintiffs' cases – a process which is necessitated *only* if plaintiffs withhold consent.[5] At a minimum, plaintiffs should be required to make a good-faith *prima facie* showing of how and why venue in each of these 106 Florida-related cases is not only proper but also more convenient in the District of Massachusetts – where the Bailey firm elected to file each of these plaintiffs' cases despite the absence of any appreciable connection between any of those plaintiffs' cases and the State of Massachusetts.

---

[4] As AstraZeneca previously demonstrated, consideration of the relevant factors on venue transfer motions under 28 U.S.C. § 1404(a) overwhelmingly supports this Court's having full jurisdiction over the Florida-resident cases at issue.  See AstraZeneca's Memorandum Regarding The Legality And Advisability Of Having This Court Obtain Jurisdiction For All Purposes Over Cases Filed By Florida-Resident Plaintiffs, at pp. 5-7 (Doc. No. 288), filed July 20, 2007.  That prior and undisputed showing is incorporated by reference herein.

[5] Before burdening the federal judiciary (*i.e.*, this Court, the JPML, and the transferor court) with this distracting and time-consuming procedure, plaintiffs should at least be required to provide *some* coherent justification for their position, particularly given the otherwise needless expenditure of judicial and party time and resources that such a position entails.  In the meantime, the Court might consider contacting the U.S. District Court in the District of Massachusetts from which these 106 plaintiffs' Florida-related cases were transferred about the desirability of transferring those cases to the Middle District of Florida and, thereby, help facilitate the possibility of an ultimate transfer of these cases if and when there is a need at the appropriate time to remand them (when trial-ready) to the JPML and then to the transferor court for ruling on a section 1404(a) venue transfer motion.  See also MANUAL FOR COMPLEX LITIGATION §§ 20.133-20.14 (informal communication between implicated federal courts to facilitate coordinated proceedings is encouraged in many instances).

Finally, given that AstraZeneca has now consented to this Court's having full jurisdiction over 32 of the Florida-related plaintiffs included on Plaintiffs' Consent List, the issue of how best to move these cases along in full pre-trial discovery necessarily arises. Pursuant to paragraph 3 of the Court's 10/10/2007 Order, AstraZeneca will by October 23, 2007 present a proposal concerning case-specific discovery for these cases. AstraZeneca also expects to present a proposal concerning how best to approach case-specific discovery in the remaining 106 Florida-related cases identified on Exhibit A.

### III. CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that this Court enter an order to show cause whereby plaintiffs are required – prior to the upcoming October 30, 2007 pretrial conference – to either (1) consent and stipulate to this Court's having full jurisdiction over each of the additional 106 cases on Exhibit A as to which plaintiffs have yet to provide their consent; or (2) show cause why they are withholding consent and, ultimately, how and why venue for these Florida-related cases is both proper and more convenient in the District of Massachusetts, where each case was initially filed, than it is here in the Middle District of Florida.

DATED: October 11, 2007                    Respectfully submitted,

/s/ *Fred T. Magaziner*
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Tel.: (215) 994-4000; Fax: (215) 994-2222
fred.magaziner@dechert.com

>Steven B. Weisburd
>Gretchen S. Sween
>DECHERT LLP
>300 West 6th Street, Suite 1850
>Austin, TX  78701
>Telephone: (512) 394-3000
>Facsimile: (512) 394-3001
>
>*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 11, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

>/s/ *Gretchen S. Sween*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* |
| John J. Driscoll | Kenneth T. Fibich |

| | |
|---|---|
| Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen. com | Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>j whatley@whatleydrake. com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law. com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, [4th] Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |

| | |
|---|---|
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Matthew F. Pawa<br>Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins. com<br>j webster@abrahamwatkins. com |
| Mark A. Koehn<br>whrfrat42@yahoo.com | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Mark P. Robinson, Jr.<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net<br>twacker@rcrlaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |

| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pennsacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw. com |
|---|---|
| | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN 55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
|---|---|
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012 | Patricia Cook |

|  |  |
|---|---|
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| John Hawkins<br>Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Donna Higdon<br>Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN 55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |

| | |
|---|---|
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA 90807-0948 | Marjorie Shickman<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL 62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX 77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN 55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101-2302 | Mary J. Wrightinton |