**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE:  SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL Docket No.: 6:06-MDL-1769-ACC-DAB |
| THIS RELATES TO:<br><br>ALL CASES | |

**PLAINTIFFS' MOTION TO AMEND CURRENT DEADLINES AND VARIOUS DISCOVERY ORDERS**

The MDL Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b), respectfully request this Court to amend or revise some of its current discovery orders and deadlines in the above-referenced litigation for the reasons set forth below, and for cause, would show this Court the following:

## I.
### INTRODUCTION

1.      Plaintiffs are compelled to bring the instant Motion due to Defendants' admitted delay and outright failure to produce discovery as directed by this Court and the resulting prejudice that will inure to Plaintiffs under the Court's current discovery orders and deadlines. In that regard, Plaintiffs move this Court to amend its orders and deadlines to afford Plaintiffs just opportunity to obtain relevant and discoverable documentation and to account for Defendants' "purposely sluggish" cooperation during the current discovery period. (Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393) at 26.)

## II.
### BACKGROUND

2.   As this Court is acutely aware, Plaintiffs have been severely hamstrung thus far by Defendants' approach to discovery in this MDL. These delays and difficulties have thwarted Plaintiffs' ability to conduct even the basic initial discovery, which in turn has hampered Plaintiffs' ability to seek follow-up discovery, respond to Defendants' current and yet-to-be-filed motions, prepare for depositions, designate experts, and prepare expert reports. In Plaintiffs' Motion for Discovery Sanctions of July 3, 2007, Plaintiffs alerted the Court to the possibility that Defendants' delay may have made it impossible for Plaintiffs to meet the Court's impending deadlines. (*See* Pls.' Mot. for Discovery Sanctions (Dkt. 256) at 2.) Acknowledging Plaintiffs' position, on August 21, 2007, this Court held Defendants' conduct to be sanctionable and reserved ruling on specific sanctions pending further discovery and appointment of an ESI special master. (*See* Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393 ) at 2.) At the status conference of September 11, 2007, the Court noted: "It seems evident to me, based on the problems we have had, some of which I've meted out some responsibility and others that are just circumstances, that we have got some problems with our schedule. So I will talk to Judge Conway about that and see what she's thinks. (Transcript of Status Conference held on September 11, 2007 before the Honorable David A. Baker (Dkt. 461) at 50.) More recently, the Court found it "obvious from the nature of things that there may be some issues about meeting...set deadlines." (Transcript of Status Conference held on October 2, 2007 before the Honorable David A. Baker (Dkt. 539) at 39.)

3.   In the meantime, Defendants used the impending appointment of an electronic discovery master as further opportunity to delay resolution of the issues originally raised in the

2

Motion for Sanctions. Plaintiffs are not substantially further along now in getting resolution than they were when the Sanctions order was issued. It is anticipated that the appointment of Special Master Ball on October 5 will greatly increase both the breadth and speed at which Defendants fulfill their discovery obligations in the future. Nevertheless, there still has been, and will be, additional prejudice to Plaintiffs as a result of these delays. Defendants recently filed a Motion to extend their deadline to produce custodial files, which would put off until November 1, 2007 their deadlines to first deliver those files to Plaintiffs. (*See* AstraZeneca's Mot. for Extension of Deadline to Produce Documents from Remaining Custodians (Dkt. 505)) Just last week, counsel for Defendants indicated that they would need an additional three to six weeks just to transfer the existing set of production data from their former production vendor (Zantaz) to a new vendor (FTI Consulting). (*See* E-mail from Robert Pass on October 5, 2007). These scheduling issues do not even take into account the multitude of other issues that Special Master Ball has just been tasked to tackle. Considering that questions remain as to when the <u>initial</u> production of these discovery materials will even occur, not to mention the time needed to load, ensure non-repetition of the past technical issues, and review and digest this material, it is apparent that the deadlines imposed against Plaintiffs should be postponed.

4. This Court's prior orders regarding corporate representative depositions should also be re-considered in light of the harm caused by Defendants' "purposeful sluggishness." Corporate depositions have already begun in this MDL, and rather than postpone those and thereby reward Defendants' sanctionable conduct, Plaintiffs intend to take an additional 18 currently scheduled depositions of AstraZeneca's corporate witnesses in the coming months. In

3

the meantime, Plaintiffs would respectfully ask that two provisions in this Court's orders be re-evaluated.

5.      The first provision that should be addresses is contained in CMO #2 (Dkt. 129), Section E. on page 5, which states:

> E. Plaintiffs may notice the depositions of custodians following receipt of notice from AstraZeneca that the production of the custodian's documents is complete. In the event plaintiffs elect to take a custodian's deposition prior to receiving notice that production is complete, they may do so, but plaintiffs shall not be entitled to further depose that witness on the grounds that document production was not complete.

Given the admitted state of Defendants' "custodial" production, Plaintiffs cannot afford to wait for Defendant to serve notice (and it be reliable in the first instance) that the custodian's documents are complete to proceed with their deposition.  In fact, given that Defendants' custodial production method can probably be best described at this point as a failure, this provision of CMO2 is probably inapplicable to the current state of the case.  Plaintiffs should nevertheless not be held to a provision that was premised on full and complete production by Defendants within the original timetables contemplated.  Plaintiffs fully expect that there will be many circumstances where additional evidence will mandate possible follow-up with some of these witnesses.  This provision in CMO2 should be struck or otherwise addressed in light of the current state of Defendants' production.

6.      The second provision that should be addressed is contained in the Court's order of March 7, 2007 (Dkt. 173), which states:

> **2. RULE 30(b)(6) DEPOSITIONS**.
> By **March 31, 2007** Plaintiffs shall provide their Rule 30(b)(6) designations and identify up to twenty-five (25) "custodial" witnesses they wish to depose as an initial set of witnesses. These depositions may begin **April 16, 2007.** The scope of additional depositions will be covered at the next Status Conference, set for April

>12, 2007, however, any request to depose a substantial number of additional "custodial" witnesses should be supported by specific showings of need and the absence of redundancy.

While this provision appears to address depositions taken pursuant to Federal Rule 30(b)(6), (i.e. "Persons most knowledgeable of certain categories of information") Defendants have interpreted the reference to "custodial" witnesses to mean that Plaintiffs are limited to 25 general depositions in this MDL.  Plaintiffs respectfully request clarification that this provision applied, as titled and referenced, to 30(b)(6) depositions, which were the only category of deposition that could have been intelligently designated by March 31, 2007.  With wide swaths of discovery production still outstanding from Defendants, it would still be extremely difficult today to come up with a definitive list of "the" 25 people to speak with from Defendants' multi-layered, multi-national enterprise regarding Seroquel.  At this point, depositions may provide to be the easiest and most efficient way to advance the ball on general discovery for Plaintiffs.  Plaintiffs should not be limited or penalized in the one discovery area not dependent on Defendant's technical collection methods and shortfalls.  Defendants should likewise not be rewarded for their actions by imposing a limit on the number of key decision makers (the very "custodians" from whom adequate discovery has been thwarted) with whom Plaintiffs should be allowed to speak with under oath.

## III.
### ARGUMENT AND AUTHORITIES

7. Federal Rule of Civil Procedure 6(b) provides, in pertinent part, the Court, for cause shown, may enlarge the specified time period for an act, "with or without motion or notice...if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order."  Courts remain highly deferential in the application of Rule 6(b)

5

and are apt to conclude that an extension is warranted, particularly where movant is procedurally correct.  *See Smith v. District of Columbia*, 430 F.3d 450, 456-57 (C.A. D.C. 2005) (affirming the district court's deadline extension pursuant to Rule 6(b) "that was granted without a formal finding of excusable neglect when the court found no prejudice to the other party").

8. Where a party moves for enlargement as such under Rule 6(b)(1) prior to the expiration of the specified period, the party need not prove that its failure to act "was the result of excusable neglect."  *See* Fed. R. Civ. P. 6(b); *see also Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 896 n. 5 (1990) (contrasting Rule 6(b)(1), which allows the Court to grant a requested extension if made before the specified time period expires, with Rule 6(b)(2) which permits the grant of a post-deadline request for extension only for "cause shown. . .upon motion. . .where the failure to act was the result of excusable neglect").  In the instant matter, Plaintiffs move for enlargement under the provisions of Rule 6(b)(1) as the specified discovery deadlines have yet to expire.

9. Accordingly, courts often grant motions under Rule 6(b)(1) where discovery delays persist or when the interests of justice are best served by the extension of a specified deadline.  *See Lucibello v. City of Cape Coral*, M.D. Fla., No. 24, 2006, Chappell, J. (Feb. 28, 2007) (ORDER) (granting Plaintiffs' Motion to Modify Scheduling Order pursuant to Rules 6(b) and 16(b) seeking ninety (90) day extension of discovery deadline where, despite Plaintiffs' due diligence, "the Defendants. . .failed to proceed cooperatively through the discovery process" and "essentially delayed this action"); *see also Nat'l Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 219-20 (S.D. Fla. 1989) (denying Plaintiff's Motion to Strike Defendant's Motion for Extension of Time under Rule 6(b)(1) within which to file objections to Magistrate order

pertaining to discovery and affirming extension of time where Defendant moved timely for extension).

10. Attempting to remedy discovery abuse, courts have discussed at length the prejudicial effects imputed to litigants where parties fail to timely produce documents in discovery. *See Hallmark Developers, Inc. v. Fulton County, Georgia*, No. 1:02-cv-01862-ODE, 2007 WL 2819519, *4-6 (N.D. Ga. Sept. 27, 2007) (granting Plaintiffs' Motion for Sanctions to prevent additional prejudice where Defendant "[failed] to make required disclosures without substantial justification" and repeatedly provided "'incomplete reports and materials in piecemeal fashion and at the last possible moment, such that there were significant delays in the discovery process. . .and multiple depositions which later proved unnecessary,' Pla.'s Reply"). Correspondingly, the Eleventh Circuit affirmed a district court's order of sanctions against defendants who "improperly objected to interrogatories in order to avoid revealing information; [and], the answers they did give were incomplete and unreasonably narrow; [and], they delayed (either deliberately or carelessly) complying with the Magistrate Judge's orders." *Malatutea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993). There, the defendants did so "for the improper purpose of causing unnecessary delay, increasing the costs of litigation for the Plaintiff, and causing time for discovery to end before the Plaintiff had obtained the discovery materials she needed to litigate the case." *Peer v. Lewis*, No. 06-60146-CIV, 2007 WL 1879151, *3 (S.D. Fla. June 26, 2007) (citing *Malatutea*, 987 F.2d at 1544). As such, where a party "shows bad faith by delaying or disrupting the litigation," a court may appropriately take remedial measures – ordering sanctions against the offending party or extending the discovery period so that litigants may obtain discovery documents necessary to the litigation. *Matatutea*, 987 F.2d at

1545-46 (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978)).  Courts would likewise perceive a risk of undue prejudice to Plaintiffs in the instant case should they remain bound by current discovery deadlines considering Defendants' untimely and incomplete discovery responses to date.

11. Here, this Court has on several previous occasions acknowledged and attributed discovery delays to Defendants' who "[have] not lived up to producing discovery in a timely manner or useable format."  (Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393) at 4.)  Discussing the similar need for sanctions against Defendants in this litigation, the Court explained that "[Defendants'] failure to meet its own commitments and its general chosen course of conduct regarding document production and resolution of difficulties warrants imposition of Rule 37 sanctions."  (Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393) at 13.)

12. Defendants' non-compliance and disregard for the procedures and mandates of this Court have been discussed at length by this Court, have served as the subject of this Court's order of discovery sanctions, and, significantly, have been articulated by Defendants themselves.

13. As mentioned herein, this Court has denounced Defendants' discovery practices as "purposely sluggish" and sanctionable.  (Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393) at 26.)  Appropriately, the Court has deemed Defendants' account of their discovery production as "disingenuous" at best.  (Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393) at 12.)  Although some deficiencies have been "cured by Plaintiffs' efforts," many of those remaining cannot be cured with any amount of diligence on the part of Plaintiffs.  (Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393) at 15.)

14. The Court has recognized this ongoing struggle that belies Plaintiffs' ongoing efforts to proceed with discovery and to meet requisite deadlines. In addressing the issue, the Court previously acknowledged that "at some point we're going to have to come to grips with the effects of the issues that we have had to date completing the opening rounds of discovery and how that affects parties' ability to prepare the rest of the case." (Transcript of Pretrial Conference held on October 2, 2007 before the Honorable David A. Baker (Dkt. 539) at 25.) The litigants - and Plaintiffs in particular - have reached the point in the case where the issue of approaching discovery and expert witness deadlines must be addressed.

15. In turn, Defendants themselves acknowledged the "problems" caused the entire litigation by their own failures. (Transcript of Pretrial Conference held on August 22, 2007 before the Honorable David A. Baker (Dkt. 408) at 24.) Although vowing to "avoid more of these technical problems" in the future, Defendants' production nevertheless continues to be plagued with delays. (Transcript of Pretrial Conference held on August 22, 2007 before the Honorable David A. Baker (Dkt. 408) at 25.) Similarly, Defendants acknowledged that Plaintiffs are entitled to production in the form and quantity they have requested, and assert they are taking steps to comply with this Court's Orders thereof. (Transcript of Pretrial Conference held on August 22, 2007 before the Honorable David A. Baker (Dkt. 408) at 27.) Defendants' promises to comply with this Court's Orders, however, remain unfulfilled, as Plaintiffs have yet to receive requested documentation necessary to proceed in this litigation.

16. As such, this Court would be fully aligned with its policies in this litigation thus far in granting the instant Motion to forestall additional detriment to Plaintiffs and, alternatively,

prevent recurring benefit to Defendants limiting Plaintiffs' ability to access discoverable information and to review it accordingly.

## IV.
### CONCLUSION

17. Based on the foregoing, this Court should enter an Order to address and grant relief from the current discovery deadlines imposed upon Plaintiffs, including the deadline for general discovery to be completed, the deadline for third party discovery to be completed, and the deadline for expert witness designations and reports. Those deadlines should be reset in the future only after Defendants are able to cure and complete their initial general discovery obligations which are needed to advance resolution of this MDL. Additionally, the Order should address the two provisions addressed above in this Court's prior orders that have now been frustrated by Defendants' actions. Considering Defendants' enduring failures in this discovery process, this Court should now be resolute in its prior speculation that "AZ's various decisions and problems that resulted in this sluggishness [appear] to have benefitted AZ by limiting the time available to Plaintiffs to review information and to follow up." (Order Granting Pls.' Mot. for Discovery Sanctions (Dkt. 393) at 26.) Where such is the case, Plaintiffs should be shielded from continued prejudice in the protection of an enlarged discovery period to account for all outstanding discovery document requests and all other issues set forth herein.

18. This Motion is not made for purposes of delay but for cause shown, and, likewise, neither party will be prejudiced by the relief requested.

Respectfully submitted on this the 12th day of October, 2007.

    /s/ K. Camp Bailey
K. Camp Bailey
F. Kenneth Bailey, Jr.
Fletcher V. Trammell
Robert W. Cowan
**Bailey Perrin Bailey LLP**
440 Louisiana St., Suite 2100
Houston, TX  77002-4206
713-425-7100 Telephone
713-425-7101 Facsimile
cbailey@bpblaw.com
**Co-Lead Counsel for MDL Plaintiffs**

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that pursuant to M.D.L.R. 3.01(g), I conferred with Defense Counsel prior to filing this motion.  Defendants do not oppose this Motion to the extent is seeks a specific extension of the generic expert discovery deadlines in this case, however, they are opposed to imprecise discovery deadlines and to amending this Court's Orders regarding the number and repetition of depositions of AstraZeneca witnesses .

   /s/ K. Camp Bailey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   12th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

   /s/ K. Camp Bailey

## SERVICE LIST
(As of September 5, 2007)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769 - Orl - 22DAB

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>lroth@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F.Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX  77060<br>Telephone:  (281) 272-0797       .<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL  35203<br>Telephone:  (205) 328-9576<br>THARVEY@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>**llsimes@levins-law.com**<br>**jkaiser@lskg-law.com**<br>**echarley@lskg-law.com**<br>**ddecarli@lskg-law.com**<br>**bsund@lskg-law.com**<br>**astavrakaras@lskg-law.com** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone:  (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone:  (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL  32503<br>Telephone:  (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>mailto:jsale@aws-law.comksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone:  (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>*Pro Se* |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone:  (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* |

| | |
|---|---|
| Thomas Campion, Esq.<br>Steven M. Selna<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone:  (973) 360-1100<br>tcampion@dbr.com<br>steven.selna@dbr.com<br>heidi.hilgendorff@dbr.com<br><br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone:  (816) 471-2121<br>raines@bscr-law.com<br>***Attorney for Defendant AstraZenca, PLC*** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants, Astrazeneca Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| David P. Matthews, Esq.<br>Matthews & Associates<br>2905 Sackett<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, Virginia 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Howard Nations<br>Lori A. Siler<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net | Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com |

| | |
|---|---|
| James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com | Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| William N. Riley<br>Jamie R. Kendall<br>Price, Waterhouse & Riley, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>(317)633-8787<br>eamos@price-law.com | Earl Francis Carriveau<br>1012 6th Avenue<br>Lake Charles, LA 70601-4706 |

| | |
|---|---|
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett Street<br>Houston, TX 77098<br>(713) 222-8080<br>shawnaf@gld-law.com | Stacy K. Hauer<br>Charles S. Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402<br>(612) 341-0400<br>(800) 755-0098<br>csz@zimmreed.com |
| Buffy Martines<br>Laminack, Pirtle & Martines<br>440 Louisiana, Suite 1250<br>Houston, TX 77002<br>(713) 292-2750<br>buffm@lpm-triallaw.com | |