UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to ALL CASES

## NON-PARTY, ELI LILLY AND COMPANY'S RESPONSE TO DEFENDANTS' MOTION FOR AN ORDER AUTHORIZING ASTRA ZENECA TO OBTAIN FROM ELI LILLY & COMPANY DOCUMENTS FROM THE ZYPREXA MDL RELATING TO SEROQUEL PLAINTIFFS

I. INTRODUCTION

Pursuant to the Court's invitation, Eli Lilly and Company ("Lilly") responds to Defendants' motion for an Order authorizing AstraZeneca to obtain from Lilly certain documents relating to plaintiffs who sued Lilly and who now have lawsuits relating to Seroquel pending in this Court. Lilly is not a party to this litigation, and has no case pending before the Court, but favors appropriate coordination between this Court and the proceedings in *In re Zyprexa Products Liability Litigation*, MDL 1596 (E.D.N.Y.) (Jack B. Weinstein, J.) (the "Zyprexa MDL"). Although Lilly does not oppose, in principle, the sharing of medical records that it and AstraZeneca have collected in their respective MDL proceedings, Lilly urges this Court to coordinate any such efficiencies with Judge Weinstein, who presides over the Zyprexa MDL, in order to ensure that all interested parties share the same understanding of the proposed Order. Finally, Lilly opposes any intrusions into the confidential settlement process being overseen by a settlement master appointed by Judge Weinstein.

## II. DEFENDANTS' PROPOSED FORM OF ORDER

Based on recent discussions with counsel for AstraZeneca, Lilly understands the Court wishes to know whether Lilly agrees to Defendants' proposed form of order. Because counsel for AstraZeneca and Lilly had not finalized the precise language in the proposed order before it was submitted, and in light of potential ambiguity with respect to its scope, on October 1, 2007, counsel for AstraZeneca and Lilly agreed that the scope of the proposed order is as follows:

1. With respect to the term Lilly's "agents," the proposed Order refers only to Pepper Hamilton LLP ("Pepper"), and its record collection company (MCS).

    a. MCS has advised that it has maintained records collected in connection with the Zyprexa MDL, and assuming this Court enters the proposed Order, and Judge Weinstein – by whose authority these documents were collected – agrees, AstraZeneca will contact MCS directly and order the records needed for the plaintiffs who have sued both Lilly and AstraZeneca in their respective MDL proceedings. Counsel agreed that this process will not only expedite the record collection process, but save considerable fees and expenses.

    b. On the issue of costs, AstraZeneca will reimburse Pepper for both the lawyer/clerical time and copying costs associated with reviewing and producing any non-privileged/non-confidential information (i.e., fact sheets and medical records, if any) submitted by these plaintiffs or their counsel directly to Pepper.

2. The proposed Order does not seek information submitted by plaintiffs or their counsel directly to the settlement masters or the amount of the any confidential settlement, and Lilly is opposed to the disclosure of any such information, and it and plaintiffs are bound by the release to maintain confidentiality of all settlement related materials.

3.      This process will be reciprocal, and AstraZeneca will provide the information described above to Lilly's counsel for those plaintiffs who have sued both Lilly and AstraZeneca.

Based on this understanding, and the agreement of counsel, Lilly has no objection to Defendants' proposed form of order, provided the reciprocal nature of this agreement is reflected in the final order.

## III.    CONFIDENTIAL ZYPREXA SETTLEMENT AMOUNTS

Recognizing that there were prior discussions in this Court on the issue of access to confidential settlements between Lilly and certain Zyprexa MDL plaintiffs, even before the recent discussion during the pretrial conference on October 2, 2007 (which is the only transcript Lilly has been provided with), counsel for Lilly recently sought (and received) assurances from AstraZeneca's counsel that the integrity of Lilly's confidential settlement process, and the amounts of any confidential settlements between Lilly and Zyprexa plaintiffs, are not at issue in the present motion. As a result, Lilly will only briefly outline its position on this issue.

In light of the information that will be provided to AstraZeneca relating to the Zyprexa MDL cases (outline above), any request for individual Zyprexa settlement amounts, at this point in the litigation, is premature. Lilly has no objection to AstraZeneca asking plaintiffs, in their deposition or through written discovery, whether the plaintiff filed a case against Lilly relating to Zyprexa, and if so, whether that case has been settled. Any additional information is protected from disclosure pursuant to the confidential settlement agreements between Lilly and these plaintiffs.

Lilly fully understands that individual confidential Zyprexa settlement amounts may need to be submitted *in camera* <u>after</u> a verdict is rendered against AstraZeneca, in order to mold the final judgment. Obviously, this assumes the plaintiff resides in a State whose

substantive law provides for a set-off or credit for prior settlement payments.[1] As the parties are certainly aware, settlement amounts are inadmissible (and do not impact the judgment in any way) in certain jurisdictions. We are not aware of any submission to the Court – in connection with Defendants' present motion or otherwise – that provides an analysis of the relevant State statutes or case law on this issue, and it would be unfair to ask the Court for a ruling in the absence of such information.

Although AstraZeneca has made clear that this issue is not before the Court for resolution, the Court should be aware that there are several interests not before this Court. Many of the Zyprexa settlements were achieved with the assistance of a Special Settlement Master appointed by Judge Weinstein. It does not appear that AstraZeneca has presented this issue (in any way) to Judge Weinstein, or the settlement masters involved in settling the Zyprexa cases, to elicit their views on these critical issues. Since Lilly (and these other interests) are not parties to the Seroquel MDL, if AstraZeneca were to seek specific Zyprexa confidential settlement amounts in a future filing with this Court, we urge the Court – in order to ensure due process – to require AstraZeneca to seek such relief in the Zyprexa MDL.

---

[1] A similar issue might be presented in the context of an AstraZeneca settlement with a plaintiff that provides for a similar offset or credit.

IV. CONCLUSION

For the foregoing reasons, and in reliance upon the agreement of counsel regarding the scope and interpretation of the proposed order, Lilly has no objection to Defendant's proposed form of order, provided the reciprocal nature of this agreement is reflected in the final order.

Respectfully submitted,

By: /s/ Francis E. Pierce, III
Francis E. Pierce, III
FL Bar No. 270921
ELI LILLY AND COMPANY
Cooney, Mattson, Lance, Blackburn, Richards
& O'Connor, P.A.
Post Office Box 4850
111 N. Orange Avenue, Suite 850
Orlando, FL  32802
Phone: (407)843-2100
Fax: (407)843-2061
Email:  Fpierce@cmlbro.com
**Attorney for Non-Party**
**Eli Lilly and Company**

*Of Counsel:*
Nina M. Gussack
Andrew Rogoff
Sean P. Fahey
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA   19103

### CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2007, I electronically filed the foregoing Response to Defendants' Motion for an Order Authorizing Astra Zeneca to Obtain from Eli Lilly & Company Documents from the Zyprexa MDL Relating to Seroquel Plaintiffs with the Clerk of the Court by using the CM/ECM system which will send a notice of electronic filing to the following:

Paul J. Pennock, Esq.
Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane – 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
Mpederson@weitzlux.com
Plaintiffs' Lead Counsel

And

Fred T. Magaziner
Marjorie Shiekman
A. Elizabeth Balakhani
Shane T. Prince
Eben S. Flaster
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19103
(215) 994-4000
fred.magaziner@dechert.com
shane.prince@dechert.com
marjorie.shiekman@dechert.com
eben.flaster@dechert.com
elizabeth.balakhani@dechert.com


By: /s/ Francis E. Pierce, III
Francis E. Pierce, III
FL Bar No. 270921
ELI LILLY AND COMPANY
Cooney, Mattson, Lance, Blackburn, Richards
& O'Connor, P.A.
Post Office Box 4850
111 N. Orange Avenue, Suite 850
Orlando, FL 32802
Phone: (407)843-2100
Fax: (407)843-2061
Email: Fpierce@cmlbro.com
**Attorney for Non-Party**
**Eli Lilly and Company**