UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

_____

This Document Relates to ALL CASES
_____

REPORT OF THE SPECIAL MASTER AND PROJECT
MANAGEMENT OFFICE FOR CASE-SPECIFIC DISCOVERY

REPORT NUMBER:  2

DATE:  OCTOBER  15, 2007

## CONTENTS

**PAGE**

I.      INTRODUCTION ........................................................................... 1

II.     PMO ACTIVITIES .......................................................................... 1

    A.      Standard PMO Reports ........................................................ 1

    B.      Scheduling of Physician Depositions .................................... 3

    C.      Depositions Conducted and Scheduled to Date .................... 6

    D.      Acquisition of Medical Records From Physician Deponents ... 6

    E.      Special Master Escrow Account Information ......................... 7

    F.      Enhancements to Scheduling Procedures ............................ 7

    G.      Procedures for Medical Records Acquisition ....................... 9

    H.      Defining the Instances in Which the PMO Requests
    Medical Records ................................................................ 10

    I.      Master Deposition Calendar ............................................... 11

III.    SPECIFIC MATTERS ADDRESSED BY THE SPECIAL MASTER .......... 12

    A.      Weekly Status Calls ......................................................... 12

    B.      CS Administrative Order No. 3 .......................................... 12

    C.      Disputed Discovery Matters and Other Issues .................... 13

## I. INTRODUCTION

At the Status Conference on August 22, 2007, the Court directed the Special Master to submit a monthly report to the Court by the 15th of each month summarizing the activities of the Special Master and the Project Management Office.  The Special Master filed the first such Report on September 14, 2007.  The Special Master presents this Report No. 2 to update the Court and the Parties on events and progress since the date of the previous Report.

## II. PMO ACTIVITIES

A.      **Standard PMO Reports.**

The PMO has designed and coded into the PMO's Seroquel database application a set of standard Reports to apprise the Court and the parties of critical information on the activities of the PMO and the progress of case-specific discovery.  The PMO will post these Reports on the website that the PMO established and maintains for the Seroquel Case-Specific Depositions Master Calendar.  An authorized user of the website will be able to click on a Reports section of the Master Calendar home page and view the current version of each Report.  The PMO will refresh these Reports on a daily basis each weekday, drawing data automatically from the PMO's Seroquel database application.

The following table identifies and describes these standard Reports.  The sections of this Report immediately after the table provide more detailed explanations of the Reports.  A full set of the current Reports is attached to this Report as Exhibit 1.

| Seroquel PMO Summary Reports | | |
|---|---|---|
| **Physician Depositions Scheduling** | **SQ100** | **Seroquel PMO:  Physician Depositions Scheduling Report**<br><br>(Reports on the number of Physicians designated for cases in the months shown, and the progress of the PMO in scheduling such depositions.) |
| | **SQ101** | **Seroquel PMO:  Case-Specific Depositions Report**<br><br>(Reports on the number of Plaintiff, Physician, and Sales Representative depositions conducted or scheduled to occur as of the date of the Report, by the month in which the depositions were conducted or for which they are scheduled.) |
| **Medical Records** | **SQ200A** | **Seroquel PMO:  Medical Records Status (*By Physician*)**<br><br>(Reports on the status of the PMO's acquisition of Medical Records from Physicians whose depositions have been scheduled but have not yet occurred, listed in alphabetical order by Physician last name.) |
| | **SQ200B** | **Seroquel PMO:  Medical Records Status (*By Deposition Date*)**<br><br>(Reports on the status of the PMO's acquisition of Medical Records from Physicians whose depositions have been scheduled but have not yet occurred, listed by the date of the deposition, with the most imminent deposition listed first.) |
| **Payments to Physicians** | **SQ300** | **Seroquel PMO:  Special Master Escrow Account Summary**<br><br>(Reports on the deposits into, debits from, and current balance in the Special Master Escrow Account maintained to pay Medical Records costs and fees to Physician deponents.) |
| | **SQ301** | **Seroquel PMO:  Special Master Escrow Account Physician Payment Details**<br><br>(Reports on each payment made from the Special Master Escrow Account for Medical Records costs and for fees to Physician deponents.) |

B.      **Scheduling of Physician Depositions.**

The Seroquel PMO Physician Depositions Scheduling Status Report (SQ100 in Exhibit 1) shows the progress of the PMO in scheduling depositions of prescribing and treating Physicians for the Plaintiff cases designated as ready for case-specific discovery in each month shown.  The SQ100 displays this information according to the month in which a case was designated as ready for case-specific discovery.  For example, the statistics shown for October show the progress of scheduling efforts of Physician depositions for the cases designated as ready for case-specific discovery for the month of October.  In some instances, depositions scheduled for those cases have been scheduled in a later month, but this report tracks the information according to the month for which a Plaintiff was designated for case-specific discovery, to permit the Parties and the Court to show the progress of the PMO in scheduling those depositions at any time.  It remains the goal of the Parties and the PMO to schedule each Physician deposition to occur during the month for which the Plaintiff's case was designated for case-specific discovery.  The PMO achieves that goal in the majority of occasions, but issues relating to locating Physicians, fees, and the Physicians' schedules have at times compelled setting some depositions in months subsequent to the month of designation.

The PMO designed the SQ100 to account for the disposition of each Physician name designated by the Parties to the PMO for deposition for the cases designated for the month shown, to reflect how many of the Physicians for the cases that month have been scheduled (either in that month or in a following month if circumstances rendered it impossible to schedule the Physician for the month in which that case was designated).  The categories of SQ100 have the following meanings:

3

**(1)**   **Scheduled or Rescheduled:**  The PMO has scheduled these depositions, or had them scheduled but some circumstance caused them to be rescheduled and the PMO has successfully rescheduled them on a date certain.

**(2)**   **Not Yet Scheduled:**  The PMO is attempting to schedule or reschedule these depositions and they are at one of these points in the scheduling process as of the date of the Report:

(a)   Designation Received by the PMO:  The PMO has received a Physician name from the Parties and has not yet made the initial call to the Physician's office to attempt scheduling.  A Physician remains in this category for a very short time.

(b)   Messages Left for Return Call:  The PMO has called the Physician, was unable to reach a person at the Physician's office, and left a message asking for a return call to the toll-free PMO number.

(c)   48-Hour Packet Sent: At least 48 business day hours have passed since the initial call by the PMO to a Physician, the Physician has made no return call, and the PMO has faxed to the Physician the 48-Hour Packet described in Section F.(2) of this Report below.

(d)   Contact Made/Awaiting Date from Physician:  The PMO has spoken with a Physician or the Physician's scheduling representative (a member of the Physician's staff or the Physician's attorney), the Physician was unable to provide a date in that call, and the PMO awaits word back from the Physician on a date certain.  The PMO calls these Physicians every 24 hours during the week to obtain these dates, if the Physician has not called back with a date.

(e)   Fees/Other Question Delaying Scheduling:  The PMO has spoken with a Physician or the Physician's scheduling representative to obtain a deposition date, but the Physician is demanding fees in excess of those permitted by CS Administrative Order No. 2 (requiring efforts by the Special Master to convince the Physician or the Physician's attorney to comply with the Order), the Physician would like to speak to an attorney before scheduling, or some other question has arisen that has prevented obtaining a date certain from the Physician.  These problems are sent to the Parties each business day and the PMO and Special Master review these issues each day to prevent a Physician from becoming stalled in this category.

4

(3)   **Currently Unable to Schedule:**  As of the date of the Report, one of the following has prevented the PMO from setting the Physician's deposition:

(a)   Unable to Locate Physician:  The contact information provided by the Parties on the Physician is no longer valid, either because the telephone number is incorrect or the Physician is no longer with the facility provided.  The PMO relays these issues to the Parties each business day.  The Parties then research their records to attempt to identify correct contact information.  At times the PMO conducts internet searches to try to locate the Physician.  If all these efforts prove unsuccessful, the Parties have to designate a substitute Physician and the PMO's scheduling efforts begin anew.

(b)   Physician Deceased:  The PMO contacted the Physician's office and learned that the Physician is deceased.  The PMO relays these issues to the Parties each business day.  The Parties then designate a substitute Physician and the PMO commences steps to schedule that Physician.

(c)   Hold Scheduling Efforts for Directions from the Parties:  At times the PMO learns from calls to a Physician that the Physician has had no contact with the Plaintiff, never prescribed Seroquel to the Plaintiff, or treated the Plaintiff on few occasions, or has provided some other information that the Special Master determines should be relayed to the Parties.  In addition, developments in a case may cause the Parties to place scheduling efforts on hold for a short time, such as a Plaintiff's failure to appear at his/her deposition or some other circumstance that questions whether a particular case will proceed.  The PMO relays these issues to the Parties each business day.  If the Parties then direct the PMO to place a Physician on hold while these issues are considered, the PMO suspends scheduling efforts until it received further directions from the Parties.  The Special Master reviews these matters with the Parties no less frequently than weekly, to prevent a Physician or case from becoming stalled in this category.

4)   **PMO Will Not Schedule:**  The PMO received these Physician designations from the Parties, but the PMO will not be expected to schedule them for deposition, because:

(a)   PMO Not Responsible for Scheduling:  For a name designated for an August case before the PMO assumed all Physician scheduling, the Parties undertook to schedule the deposition themselves.  This will occur rarely, if ever, in subsequent months.

(b)     Cancelled/Not to be Scheduled:  The PMO scheduled these depositions, but some development caused them to be canceled and the Parties have instructed the PMO that the Physician will not be deposed.  This usually occurs because a Plaintiff's case has been withdrawn or dismissed.

**C.      Depositions Conducted and Scheduled to Date.**

The Case-Specific Depositions Report (SQ101 in Exhibit 1) shows the total number of Plaintiff, Physician and Sales Representative depositions conducted by the Parties in case-specific discovery beginning in August 2007, or that as of the date of the Report are scheduled to be conducted in the months shown.  The SQ101 displays this information according to the month in which the deposition occurred or is scheduled to occur.

**D.      Acquisition of Medical Records From Physician Deponents.**

The Medical Records Status Reports (SQ200A and SQ200B in Exhibit 1) identify the Physicians from whom the PMO is responsible for obtaining copies of Medical Records in advance of their scheduled depositions, as well as the status of the receipt and distribution of such records.  The Report addresses any deposition that has not yet occurred and shows whether the PMO has received the records and forwarded copies to the Parties.  It also alerts the Parties to any imminent depositions for which records have not been received and the status of the PMO's efforts to obtain them.  The SQ200A provides this information in alphabetical order by Physician last name.  The SQ200B lists the records by order of deposition date with the most imminent date appearing first.

E.     __Special Master Escrow Account Information__.

The Special Master Escrow Account Summary and Special Master Escrow Account Physician Payment Details" (SQ300 in Exhibit 1) shows the total deposits, debits, and balance in the Special Master Escrow Account.  The Parties deposit funds into this Escrow Account to be used by the Special Master to reimburse Physicians for the cost of copying their Medical Records, pay for shipping charges incurred by Physicians to sending records to the PMO incurred by the PMO to send copy sets to the Parties.  The Escrow Account is also used to compensate Physician deponents for deposition time. The Special Master Escrow Account Physician Payment Details Report (S301 in Exhibit 1) provides detail of each payment made to each Physician, the reason for the payment, and the case to which the payment related.

F.     __Enhancements to Scheduling Procedures__.

Based upon experience accumulated since Report No. 1, the PMO and Special Master have made adjustments to certain of the procedures used by the PMO to schedule Physician depositions.  Actually reaching by telephone the person in a Physician's office responsible for scheduling most often is the primary logistical hurdle to overcome in scheduling a Physician deposition.  The majority of the Physicians use automated voicemail answering systems or answering services to receive calls made to the Physician's office.  Usually, the automated voicemail systems do not provide the option of reaching a live operator.  In approximately 50% of the initial calls made to begin the scheduling process, the PMO Scheduling Team can only leave a voicemail message describing the purpose of the call and the name of the Scheduling Team member, with the request for a return call as soon as possible to the PMO toll-free number.  The PMO

found that many Physicians failed to respond to this message, requiring repeat calls by the PMO leaving similar messages asking for return calls.  To escalate the response to these efforts, the PMO adopted the 24-48-10 Rule, under which:

**(1)**   **Twenty-Four Hour Calling:**  If the PMO leaves a message and has not received a return call from the Physician within 24 business hours, the PMO calls the Physician once again in an attempt to reach a scheduling person.  If there is no other option, the PMO again leaves a message asking for a return call.

**(2)**   **Forty-Eight Hour Package:**  If the PMO still has not received a return call from a Physician within 48 business hours after the initial attempt, the PMO sends by facsimile to the Physician a packet containing:

(a)   a cover letter explaining the role of the PMO and the need to schedule the Physician's deposition; and

(b)   a copy of CS Administrative Order No. 1 entered by the Court on September 19, 2007 (Document No. 483), to direct the Physician's attention to the duty to cooperate in scheduling and the other terms of the Court's Order.

The PMO has found that this prompts a Physician's office to return the call to the PMO in approximately 75% of the instances in which the PMO has not yet been able to make contact.

**(3)**   **Ten-Day Notice:**  If the PMO does not receive a response from the Physician to the 48-Hour Packet, the PMO continues to call and leave messages for the Physician.  If despite these efforts the PMO has not received a return call from the Physician within ten calendar days after the initial attempt was made, the PMO selects a deposition date during the month for which the Plaintiff's case was designated for case-specific discovery and sends by facsimile to the Physician a Notice Packet containing:

(a)   a Notice of Deposition stating the date, time and place of the Physician's deposition;

(b)   a Fed.R.Civ.P. 45 subpoena commanding the Physician's attendance at the deposition and production of medical records within seven days after the date of the subpoena;

     (c)     a copy of the Medical Authorization Form signed by the relevant plaintiff authorizing release of Medical Records and testimony, and

     (d)     a Reimbursement Form for the Physician's use in seeking payment for copies or fees for deposition time.

The PMO places these depositions as Alert Depositions in red font on the Master Calendar because at the time of the Notice Packet it is not yet known whether the Physician will actually appear on the date chosen. After the issuance of such a Notice Packet, the PMO continues to contact the Physician's office to secure the Physician's records and attendance at the deposition. Thus far, this tactic has secured the Physician's willingness to appear at a deposition on the date chosen or at some other mutually agreeable date. The PMO has not yet been required to take any action to compel a Physician's attendance at a deposition.

The PMO and Special Master continue to monitor the scheduling process for any other needed enhancements.

### G.     __Procedures for Medical Records Acquisition__.

In the majority of instances, the Medical Records staff at a Physician's office differs from the person responsible for scheduling a Physician's appointments. Thus the PMO frequently is required to make two or more calls to different persons in a Physician's office to obtain the records and to obtain a date for a deposition. The PMO determined that coupling the request for a deposition date with a request for Medical Records in the same call often delayed the PMO's receipt of Medical Records, because the staff handling the scheduling would fail to relay information to the records staff, or the Physician's staff would await finding an available date for the deposition before beginning to assemble and copy Medical Records. For these healthcare providers, copying Medical Records is a routine procedure, but setting a deposition is not, meaning that the deposition issue was delaying the records production.

9

As a result, the PMO altered its original procedures to unlink the request for Medical Records from the request for a deposition date.  The PMO Medical Records Team now requests copies of records directly from the Physician's records staff in a call separate from the Scheduling Team's contacts to determine a deposition time.  This permits the Physician's records staff to assemble and copy records for the PMO without awaiting the calendaring of a Physician's deposition. The change has resulted in the more timely and expeditious receipt of Medical Records by the PMO.

      **H.**      **<u>Defining the Instances in Which the PMO Requests Medical Records</u>.**

In several instances the PMO received inquiries from Physicians who had previously received requests for Medical Records on the same plaintiff from RecordTrak, the national document retrieval firm used by Plaintiffs and Defendants in this litigation to collect Medical Records.  Certain Physicians were reluctant to comply with the PMO's request for medical records when they previously had provided all such documents to RecordTrak, particularly when little time had passed since that document exchange. Under the original PMO procedures, the PMO explained that the Parties were obtaining all the records a second time to ensure a complete file on the Physician's patient and that the Physicians would have to produce another complete set.

The Special Master reviewed this issue with the Parties as part of a discussion on whether the PMO's steps to obtain Medical Records were redundant in some cases o the RecordTrak collection efforts.  After these discussions, the Special Master and the PMO altered their procedures such that if a Physician expresses reluctance to respond to second request for Medical Records because the Physician previously provided documents to RecordTrak, the PMO asks the Physician's office to withhold further copying of records

for the PMO until the PMO can review the issue with the Parties.  The PMO then relays

to the Parties the Physician's statement that all such records were produced.  The Parties

review the Medical Records previously obtained from the Physician to determine whether

the production seems complete, or whether the PMO should go back to the Physician to

ask for a copy of the complete file or for copies of records created since the previous

production by the Physician.  If the Parties inform the PMO that they do not require

additional medical records from the Physician, the PMO will confirm to the Physician

that no further production is required and the PMO ceases efforts to collect those records.

The Master Calendar indicates the status of record collection for each Physician and will

reflect those instances where the PMO is not taking steps to secure records for a

particular Physician.

     **I.**       <u>**Master Deposition Calendar**</u>**.**

     The PMO has made these following enhancements to the functionality of the

Master Deposition Calendar:

     **(1)**     **Searching by Plaintiff**:  The PMO created a search screen to permit a user to enter a Plaintiff's last name.  The Master Calendar then searches its entire listings and produces a results screen listing every deposition conducted or scheduled and yet to be conducted relating to that Plaintiff. This enables a user to locate all depositions connected with a particular Plaintiff.

     **(2)**     **Searching by Case Number**:  The PMO created a search screen allowing a user to enter a case number, rather than a plaintiff name, and retrieve the listing of all depositions conducted or scheduled and yet to be conducted relating to that case.

     **(3)**     **Searching by Deponent Name:**  The PMO created a search screen allowing a user to enter a deponent last name.  The Master Calendar then takes the user to the entry for that deposition on the date on which it was conducted or is scheduled to be conducted.

(**4**)    **Log Out Function:**  The PMO has enhanced the Master Calendar to
permit a user to log out of the Calendar simply by clicking on a Log Out
button.

(**5**)    **Standard Reports**:  The PMO will post to the website all the standard
Reports described in this Report A user will be able to click on the name
of the Report and review the entire Report.

An updated User Manual reflecting these changes and all instructions for use of the

Master Calendar is attached as Exhibit 2.

---

| **III.  SPECIFIC MATTERS ADDRESSED BY THE SPECIAL MASTER** |
| --- |

**A.**    <u>**Weekly Status Calls**</u>.

Each Friday at 11:00 a.m. ET, the Special Master conducts a status call with Ms.

Buffy Martines, representing Plaintiffs, and with Mr. Russell Stewart, representing

Defendants.  In each such call, these Special Master reviews with the Parties the status of

deposition scheduling and any updates on PMO procedures.  The Special Master also

reviews with the Parties any particular deposition or case-specific discovery and

scheduling issues needing to be addressed or resolved.

**B.**    <u>**CS Administrative Order No. 3**</u>.

At the Status Conference on October 2, 2007, the Court expressed a preference

for transitioning to designation by the Parties of cases as ready for case-specific

discovery 60 days in advance of the month for which a case is designated, rather than 30

days as required by Paragraph I.C of Case Management Order No. 4.  The Special Master

prepared a draft Order effecting this change, as well as specifying the dates of case

designations necessary to transition during October and November 2007 to designation of

cases 60 days in advance.  The Special Master reviewed this Order with the Parties and

12

on October 5, 2007, filed a proposed CS Administrative Order No. 3 as an agreed Order, along with an unopposed Motion seeking the Court's approval.  The Court entered the Order on October 5, 2007 (Document No. 547) as CS Administrative Order No. 3.

      C.      **Disputed Discovery Matters and Other Issues**.

In weekly status conference calls and as needed several *ad hoc* calls, the Special Master has reviewed with the Parties particular issues relating to deposition scheduling, the need to retake depositions, the adequacy of documents produced for a deposition, the need to adjourn a deposition to permit full disclosure of the plaintiff's Fact Statement, and other matters affecting particular cases and depositions.  In most instances, the Parties are able to reach agreement on the appropriate resolution.  One such issue could not be resolved by agreement.  On October 5, 2007, the Special Master issued his Report and Recommendation No. 1 (copy attached as Exhibit 3), which addressed a list of documents Plaintiffs seek from Defendants at the depositions of Sales Representatives, beyond the disclosure of contact information between a prescribing Physician and a Sales Representative required of Defendants within five business days after a case is designated for case-specific discovery by Paragraph II.A of Case Management Order No. 4.  The Special Master determined that it did not appear that the Court intended this provision in Case Management Order No. 4 to preclude any additional document discovery relating to Sales Representatives.  The Special Master also determined, however, that the resolution of the legitimacy of Plaintiffs' requests for documents from Sales Representatives

presented questions of the permitted scope of case-specific discovery that the Special

Master could not address without the Court's permission.

Respectfully submitted,

BROWNGREER PLC

By:        **s/ Orran L. Brown**
Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia  23219
Telephone:  (804) 521-7201
Facsimile:  (804) 521-7299
Email:  obrown@browngreer.com

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I have served a copy of the forgoing on Plaintiffs' Liaison Counsel, Larry Roth, Esquire, and Defendants' Liaison Counsel, Marjorie Shiekman, Esquire, pursuant to CMO No. 1.

**s/ Orran L. Brown**
_____

Orran L. Brown
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia  23219
Telephone:  (804) 521-7201
Facsimile:  (804) 521-7299
Email:  obrown@browngreer.com

*Confidential Information*

| SQ100 | Seroquel PMO: Physician Depositions Scheduling Report (As of 10/15/07) | | | | | | |
|---|---|---|---|---|---|---|---|
| | **Status** | **Status Detail** | **8/07** | **9/07** | **10/07** | **11/07** | **Total** |
| 1. | **Scheduled or Rescheduled** | | 21 | 42 | 22 | 9 | 94 |
| 2. | **Not Yet Scheduled** | Designation Received by PMO | 0 | 0 | 2 | 3 | 5 |
| 3. | | Messages Left for Return Call | 0 | 1 | 3 | 6 | 10 |
| 4. | | 48-Hour Packet Sent | 0 | 0 | 0 | 0 | 0 |
| 5. | | Contact Made/Awaiting Date from Physician | 0 | 1 | 8 | 22 | 31 |
| 6. | | Fees/Other Questions Delaying Scheduling | 1 | 1 | 4 | 1 | 7 |
| 7. | | **Total** | **1** | **3** | **17** | **32** | **53** |
| 8. | **Currently Unable to Schedule** | Unable to Locate Physician | 1 | 1 | 5 | 4 | 11 |
| 9. | | Physician Deceased | 0 | 0 | 2 | 0 | 2 |
| 10. | | Hold Scheduling Efforts for Directions from Parties | 2 | 11 | 3 | 0 | 16 |
| 11. | | **Total** | **3** | **12** | **10** | **4** | **29** |
| 12. | **PMO Will Not Schedule** | PMO Not Responsible for Scheduling | 1 | 0 | 0 | 0 | 1 |
| 13. | | Cancelled/Not to be Scheduled | 3 | 9 | 8 | 0 | 20 |
| 14. | | **Total** | **4** | **9** | **8** | **0** | **21** |
| 15. | **Grand Total** | | **29** | **66** | **57** | **45** | **197** |

**EXHIBIT 1**

**BROWNGREER** PLC

*Confidential Information*

| SQ101 | Seroquel PMO:<br>Case-Specific Depositions Report<br>(As of 10/15/07) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | **Deponent Type** | **Status Detail** | **8/07** | **9/07** | **10/07** | **11/07** | **12/07** | **Total** |
| **1.** | **Plaintiffs** | Concluded | 3 | 24 | 18 | 0 | 0 | 45 |
| **2.** | | Scheduled | N/A | N/A | 5 | 0 | 0 | 5 |
| **3.** | | **Total** | **3** | **24** | **23** | **0** | **0** | **50** |
| **4.** | **Physicians** | Concluded | 13 | 15 | 9 | 0 | 0 | 37 |
| **5.** | | Scheduled | N/A | N/A | 40 | 14 | 3 | 57 |
| **6.** | | **Total** | **13** | **15** | **49** | **14** | **3** | **94** |
| **7.** | **Sales Representatives** | Concluded | 0 | 9 | 1 | 0 | 0 | 10 |
| **8.** | | Scheduled | N/A | N/A | 15 | 2 | 0 | 17 |
| **9.** | | **Total** | **0** | **9** | **16** | **2** | **0** | **27** |
| **10.** | **Total Concluded** | | **16** | **48** | **28** | **0** | **0** | **92** |
| **11.** | **Total Scheduled** | | **N/A** | **N/A** | **60** | **16** | **3** | **79** |
| **12.** | **Grand Total** | | **16** | **48** | **88** | **16** | **3** | **171** |

*Confidential Information*

| SQ200A | Seroquel PMO: Medical Records Status (By Physician) (As of 10/15/07) | | | | |
|---|---|---|---|---|---|
| | **Physician  Name** | **Plaintiff  Name** | **Deposition Date** | **Records Status** | **Date Sent to Parties** |
| **1.** | Ahmed, Syed B. | Lamica, Terry L. | 11/29/07   1:00 PM | Records Requested | |
| **2.** | Argawal, Rita | White, Ralph | 10/25/07   2:00 PM | Received at PMO 10/4/07 | 10/4/07 |
| **3.** | Barnes, Cathy | Duvall, Sharon | 10/24/07   1:00 PM | Received at PMO 9/27/07 | |
| **4.** | Caldwell, Robert | LeProwse, Ronald V. | 10/26/07   2:30 PM | Received at PMO 10/8/07 | 10/8/07 |
| **5.** | Capitaine, Raul | Navin, Nora J. | 10/19/07   2:00 PM | Due at PMO 10/16/07 | |
| **6.** | Chastek, James | Dack, Michael D. | 11/19/07   1:00 PM | Received at PMO 10/15/07 | 10/15/07 |
| **7.** | Chughtai, Humayun | Daugherty, Peggy | 10/22/07   10:30 AM | Received at PMO 9/28/07 | 9/28/07 |
| **8.** | Connolly, Lisa | Small, Susan A. | 10/18/07   1:00 PM | Due at PMO 10/16/07 | |
| **9.** | Cristales, Quirico | Cooper, Susan | 10/23/07   11:00 AM | Received at PMO 10/10/07 | 10/10/07 |
| **10.** | Cua, Requeza | Duvall, Sharon | 10/25/07   8:30 AM | Received at PMO 10/10/07 | |
| **11.** | Dixon, Henry | Foreman, Brian Andre | 10/26/07   1:00 PM | Received at PMO 10/8/07 | 10/8/07 |
| **12.** | Franklin, Robert | Linder, Kimberly | 11/12/07   10:00 AM | Received at PMO 8/30/07 | |
| **13.** | Garas, Southair | Cooper, Susan | 10/17/07   10:00 AM | Received at PMO 10/13/07 | 10/13/07 |
| **14.** | Gendron, Joseph | Sauvageau, Leonard | 10/30/07   9:30 AM | Records Requested | |
| **15.** | Glass, Joel | Coppola, James | 10/25/07   1:30 PM | Received at PMO 10/1/07 | 10/1/07 |
| **16.** | Grose, Andrew | Bolton, William | 10/22/07   2:00 PM | Received at PMO 9/20/07 | 9/20/07 |
| **17.** | Hammond, Michael W. | Anderson, Carl E. | 11/30/07   8:30 AM | Received at PMO 10/5/07 | 10/5/07 |
| **18.** | Helfin, Gary | McAlexander, Eileen | 12/7/07   1:00 PM | Records Requested | |
| **19.** | Hohman, Jennifer | Myers, Kenneth | 10/26/07   2:00 PM | Due at PMO 10/16/07 | |
| **20.** | Hoja, Michael J. | Campbell, Betty L. | 10/30/07   8:30 AM | Received at PMO 10/3/07 | 10/3/07 |
| **21.** | Horton, Vivian | Borges, Frank | 11/19/07   10:00 AM | Received at PMO 10/10/07 | |
| **22.** | Iqbal, Fauzia | Martin, Gwen M. | 11/14/07   10:00 AM | Received at PMO 10/11/07 | 10/11/07 |
| **23.** | Jameson, Paula | Zyjewski, Kyle | 10/23/07   10:00 AM | Received at PMO 9/25/07 | 9/25/07 |
| **24.** | Joost, Jane | Osborne, Amy | 10/23/07   2:30 PM | PMO Not Requesting Records | |
| **25.** | Kellogg, Robert T. | Shaw, Geraldine | 11/2/07   8:00 AM | Due at PMO 10/24/07 | |
| **26.** | Khambhati, Raj | Tanke, Mary | 11/14/07   3:00 PM | Records Requested | |
| **27.** | Khan, Abdul | Gillard, Patricia | 10/26/07   10:00 AM | Received at PMO 10/10/07 | 10/10/07 |

*Confidential Information*

| SQ200A | Seroquel PMO: Medical Records Status (By Physician) (As of 10/15/07) | | | | |
|---|---|---|---|---|---|
| | **Physician  Name** | **Plaintiff  Name** | **Deposition Date** | **Records Status** | **Date Sent to Parties** |
| **28.** | Klimo, Lynn | Myers, Kenneth | 12/10/07   8:00 AM | Records Requested | |
| **29.** | Kos, James | Tanner, Kathleen | 11/30/07   2:30 PM | Records Requested | |
| **30.** | Kurlander, Ronald | Tanner, Kathleen | 11/28/07   1:00 PM | Records Requested | |
| **31.** | Landry, Phillip | Sonnier, Linda Mae | 10/19/07   9:00 AM | Received at PMO 9/17/07 | 9/18/07 |
| **32.** | Lee, Elbert | Nelson, Linda | 11/28/07   1:00 PM | Records Requested | |
| **33.** | Mason, Mary J. | Martin, Gwen M. | 10/25/07   1:00 PM | Due at PMO 10/18/07 | |
| **34.** | Mathews, Ressy | Naramore, Jennifer | 10/26/07   9:00 AM | Received at PMO 10/8/07 | 10/8/07 |
| **35.** | McGuire, Patricia | Fetters, George | 10/29/07   9:00 AM | Due at PMO 10/16/07 | |
| **36.** | McNerney, Robert A. | Fetters, George | 10/31/07   10:00 AM | Records Requested | |
| **37.** | Mendoza, Raul Y. | Palen, Larry E. | 10/25/07   1:30 PM | Received at PMO 10/8/07 | 10/8/07 |
| **38.** | Mercurio, Gregory | Episcopo, Joan M. | 11/27/07   12:00 PM | Records Requested | |
| **39.** | Murphy, Carol | Foreman, Brian Andre | 10/23/07   1:00 PM | Received at PMO 10/9/07 | 10/9/07 |
| **40.** | Nayak, Dinesh | Tomlin, Anthony | 10/23/07   7:00 PM | Received at PMO 10/9/07 | 10/9/07 |
| **41.** | Olsen, Loren | Berry, Craig | 10/25/07   3:00 PM | Due at PMO 10/15/07 | |
| **42.** | Overstreet, Angela | Hart, Deon | 10/17/07   1:00 PM | Received at PMO 9/27/07 | 9/27/07 |
| **43.** | Pandelidis, Kirk P. | Godfrey, Ned | 10/24/07   10:00 AM | Records Requested | |
| **44.** | Panjikaran, Rosamma | McCarthy, Kevin R. | 10/23/07   11:00 AM | Received at PMO 10/10/07 | 10/10/07 |
| **45.** | Rankin, James | Robinson, Samuel | 10/17/07   1:30 PM | Received at PMO 10/5/07 | 10/5/07 |
| **46.** | Schulz, Rita | Amir, Ali | 10/17/07   3:30 PM | Received at PMO 10/12/07 | 10/12/07 |
| **47.** | Seminaro, Rafael F. | Tanke, Mary | 12/17/07   10:00 AM | Records Requested | |
| **48.** | Shervette, Robert | Hart, Deon | 10/31/07   1:00 PM | Due at PMO 10/16/07 | |
| **49.** | Spires, Allen | White, Ralph | 10/24/07   5:00 PM | Due at PMO 10/16/07 | |
| **50.** | Steinagel, Geraldine M. | Burrus, Verna | 10/31/07   10:00 AM | Received at PMO 10/12/07 | 10/12/07 |
| **51.** | Swibinski, Edward | Coppola, James | 10/24/07   3:00 PM | Received at PMO 10/2/07 | 10/2/07 |
| **52.** | Taylor, Peggy Boyd | Turner, Althea | 10/25/07   2:30 PM | Records Requested | |
| **53.** | Tekola, Abraham | Linder, Kimberly | 10/17/07   8:00 AM | Received at PMO 8/29/07 | 8/29/07 |

*Confidential Information*

| SQ200A | Seroquel PMO: Medical Records Status (By Physician) (As of 10/15/07) | | | | |
|---|---|---|---|---|---|
| | **Physician Name** | **Plaintiff Name** | **Deposition Date** | **Records Status** | **Date Sent to Parties** |
| 54. | **Trost, Dennis** | Anderson, Carl E. | 11/30/07  2:00 PM | Records Requested | |
| 55. | **Woodrow, Virginia A.** | Howell, Ramon A. | 10/19/07  1:00 PM | Received at PMO 9/21/07 | 9/21/07 |
| 56. | **Woolcock, Ruth** | Frederick, James Berton | 10/30/07  2:00 PM | Received at PMO 9/28/07 | 9/28/07 |
| 57. | **Wylie, Chona G.** | Episcopo, Joan M. | 11/28/07  10:00 AM | Received at PMO 10/9/07 | 10/9/07 |

*Confidential Information*

| SQ200B | Seroquel PMO:<br>Medical Records Status (By Deposition Date)<br>(As of 10/15/07) | | | | |
|---|---|---|---|---|---|
| | **Physician  Name** | **Plaintiff  Name** | **Deposition Date** | **Records Status** | **Date Sent to Parties** |
| 1. | Tekola, Abraham | Linder, Kimberly | 10/17/07   8:00 AM | Received at PMO 8/29/07 | 8/29/07 |
| 2. | Garas, Southair | Cooper, Susan | 10/17/07   10:00 AM | Received at PMO 10/13/07 | 10/13/07 |
| 3. | Overstreet, Angela | Hart, Deon | 10/17/07   1:00 PM | Received at PMO 9/27/07 | 9/27/07 |
| 4. | Rankin, James | Robinson, Samuel | 10/17/07   1:30 PM | Received at PMO 10/5/07 | 10/5/07 |
| 5. | Schulz, Rita | Amir, Ali | 10/17/07   3:30 PM | Received at PMO 10/12/07 | 10/12/07 |
| 6. | Connolly, Lisa | Small, Susan A. | 10/18/07   1:00 PM | Due at PMO 10/16/07 | |
| 7. | Landry, Phillip | Sonnier, Linda Mae | 10/19/07   9:00 AM | Received at PMO 9/17/07 | 9/18/07 |
| 8. | Woodrow, Virginia A. | Howell, Ramon A. | 10/19/07   1:00 PM | Received at PMO 9/21/07 | 9/21/07 |
| 9. | Capitaine, Raul | Navin, Nora J. | 10/19/07   2:00 PM | Due at PMO 10/16/07 | |
| 10. | Chughtai, Humayun | Daugherty, Peggy | 10/22/07   10:30 AM | Received at PMO 9/28/07 | 9/28/07 |
| 11. | Grose, Andrew | Bolton, William | 10/22/07   2:00 PM | Received at PMO 9/20/07 | 9/20/07 |
| 12. | Jameson, Paula | Zyjewski, Kyle | 10/23/07   10:00 AM | Received at PMO 9/25/07 | 9/25/07 |
| 13. | Cristales, Quirico | Cooper, Susan | 10/23/07   11:00 AM | Received at PMO 10/10/07 | 10/10/07 |
| 14. | Panjikaran, Rosamma | McCarthy, Kevin R. | 10/23/07   11:00 AM | Received at PMO 10/10/07 | 10/10/07 |
| 15. | Murphy, Carol | Foreman, Brian Andre | 10/23/07   1:00 PM | Received at PMO 10/9/07 | 10/9/07 |
| 16. | Joost, Jane | Osborne, Amy | 10/23/07   2:30 PM | PMO Not Requesting Records | |
| 17. | Nayak, Dinesh | Tomlin, Anthony | 10/23/07   7:00 PM | Received at PMO 10/9/07 | 10/9/07 |
| 18. | Pandelidis, Kirk P. | Godfrey, Ned | 10/24/07   10:00 AM | Records Requested | |
| 19. | Barnes, Cathy | Duvall, Sharon | 10/24/07   1:00 PM | Received at PMO 9/27/07 | |
| 20. | Swibinski, Edward | Coppola, James | 10/24/07   3:00 PM | Received at PMO 10/2/07 | 10/2/07 |
| 21. | Spires, Allen | White, Ralph | 10/24/07   5:00 PM | Due at PMO 10/16/07 | |
| 22. | Cua, Requeza | Duvall, Sharon | 10/25/07   8:30 AM | Received at PMO 10/10/07 | |
| 23. | Mason, Mary J. | Martin, Gwen M. | 10/25/07   1:00 PM | Due at PMO 10/18/07 | |
| 24. | Glass, Joel | Coppola, James | 10/25/07   1:30 PM | Received at PMO 10/1/07 | 10/1/07 |
| 25. | Mendoza, Raul Y. | Palen, Larry E. | 10/25/07   1:30 PM | Received at PMO 10/8/07 | 10/8/07 |
| 26. | Argawal, Rita | White, Ralph | 10/25/07   2:00 PM | Received at PMO 10/4/07 | 10/4/07 |
| 27. | Taylor, Peggy Boyd | Turner, Althea | 10/25/07   2:30 PM | Records Requested | |

*Confidential Information*

| SQ200B | Seroquel PMO:<br>Medical Records Status (By Deposition Date)<br>(As of 10/15/07) | | | | |
|---|---|---|---|---|---|
| | **Physician  Name** | **Plaintiff  Name** | **Deposition Date** | **Records Status** | **Date Sent to Parties** |
| **28.** | Olsen, Loren | Berry, Craig | 10/25/07  3:00 PM | Due at PMO 10/15/07 | |
| **29.** | Mathews, Ressy | Naramore, Jennifer | 10/26/07  9:00 AM | Received at PMO 10/8/07 | 10/8/07 |
| **30.** | Khan, Abdul | Gillard, Patricia | 10/26/07  10:00 AM | Received at PMO 10/10/07 | 10/10/07 |
| **31.** | Dixon, Henry | Foreman, Brian Andre | 10/26/07  1:00 PM | Received at PMO 10/8/07 | 10/8/07 |
| **32.** | Hohman, Jennifer | Myers, Kenneth | 10/26/07  2:00 PM | Due at PMO 10/16/07 | |
| **33.** | Caldwell, Robert | LeProwse, Ronald V. | 10/26/07  2:30 PM | Received at PMO 10/8/07 | 10/8/07 |
| **34.** | McGuire, Patricia | Fetters, George | 10/29/07  9:00 AM | Due at PMO 10/16/07 | |
| **35.** | Hoja, Michael J. | Campbell, Betty L. | 10/30/07  8:30 AM | Received at PMO 10/3/07 | 10/3/07 |
| **36.** | Gendron, Joseph | Sauvageau, Leonard | 10/30/07  9:30 AM | Records Requested | |
| **37.** | Woolcock, Ruth | Frederick, James Berton | 10/30/07  2:00 PM | Received at PMO 9/28/07 | 9/28/07 |
| **38.** | McNerney, Robert A. | Fetters, George | 10/31/07  10:00 AM | Records Requested | |
| **39.** | Steinagel, Geraldine M. | Burrus, Verna | 10/31/07  10:00 AM | Received at PMO 10/12/07 | 10/12/07 |
| **40.** | Shervette, Robert | Hart, Deon | 10/31/07  1:00 PM | Due at PMO 10/16/07 | |
| **41.** | Kellogg, Robert T. | Shaw, Geraldine | 11/2/07  8:00 AM | Due at PMO 10/24/07 | |
| **42.** | Franklin, Robert | Linder, Kimberly | 11/12/07  10:00 AM | Received at PMO 8/30/07 | |
| **43.** | Iqbal, Fauzia | Martin, Gwen M. | 11/14/07  10:00 AM | Received at PMO 10/11/07 | 10/11/07 |
| **44.** | Khambhati, Raj | Tanke, Mary | 11/14/07  3:00 PM | Records Requested | |
| **45.** | Horton, Vivian | Borges, Frank | 11/19/07  10:00 AM | Received at PMO 10/10/07 | |
| **46.** | Chastek, James | Dack, Michael D. | 11/19/07  1:00 PM | Received at PMO 10/15/07 | 10/15/07 |
| **47.** | Mercurio, Gregory | Episcopo, Joan M. | 11/27/07  12:00 PM | Records Requested | |
| **48.** | Wylie, Chona G. | Episcopo, Joan M. | 11/28/07  10:00 AM | Received at PMO 10/9/07 | 10/9/07 |
| **49.** | Kurlander, Ronald | Tanner, Kathleen | 11/28/07  1:00 PM | Records Requested | |
| **50.** | Lee, Elbert | Nelson, Linda | 11/28/07  1:00 PM | Records Requested | |
| **51.** | Ahmed, Syed B. | Lamica, Terry L. | 11/29/07  1:00 PM | Records Requested | |
| **52.** | Hammond, Michael W. | Anderson, Carl E. | 11/30/07  8:30 AM | Received at PMO 10/5/07 | 10/5/07 |
| **53.** | Trost, Dennis | Anderson, Carl E. | 11/30/07  2:00 PM | Records Requested | |

| SQ200B | Seroquel PMO: Medical Records Status (By Deposition Date) (As of 10/15/07) | | | | |
|---|---|---|---|---|---|
| | **Physician  Name** | **Plaintiff  Name** | **Deposition Date** | **Records Status** | **Date Sent to Parties** |
| 54. | **Kos, James** | Tanner, Kathleen | 11/30/07   2:30 PM | Records Requested | |
| 55. | **Helfin, Gary** | McAlexander, Eileen | 12/7/07   1:00 PM | Records Requested | |
| 56. | **Klimo, Lynn** | Myers, Kenneth | 12/10/07   8:00 AM | Records Requested | |
| 57. | **Seminaro, Rafael F.** | Tanke, Mary | 12/17/07   10:00 AM | Records Requested | |

*Confidential Information*

| SQ300 | Seroquel PMO: Special Master Escrow Account Summary (As of 10/12/07) | |
|---|---|---|
| | **Description** | **Available Funds** |
| **1.** | **Starting Balance   (9/1/07)** | $0.00 |
| **2.** | **Deposits    (9/7/07)** | $30,000.00 |
| **3.** | **Physician Fee Payments** | ($25,745.00) |
| **4.** | **Physician Costs for Medical Records** | ($2,824.86) |
| **6.** | **Federal Express Expenses** | $0.00 |
| **7.** | **Bank Fees** | ($8.00) |
| **8.** | **Ending Balance   (10/12/07)** | **$1,422.14** |

*Confidential Information*

| SQ301 | | | Seroquel PMO: Special Master Escrow Account Physician Payment Details (As of 10/12/07) | | | | |
|---|---|---|---|---|---|---|---|
| | Date | Check No. | Description | Lawsuit | Fees | Expenses | Total Payment |
| 1. | 9/11/07 | 92 | **Payee:** Pain Clinic Associates, PC **Deponent:** Mocair Schnapp, M.D. | Bolton, William 6:06-cv-1145 | $ 750.00 | $ - | $ 750.00 |
| 2. | 9/11/07 | 93 | **Payee:** Pain Clinic Associates, PC **Deponent:** Mocair Schnapp, M.D. | Bolton, William 6:06-cv-1145 | $ 450.00 | $ - | $ 450.00 |
| 3. | 9/11/07 | 95 | **Payee:** Lake County Family Practice, LLC **Deponent:** Mark J. McNaughton, M.D. | Elmore, Deborah 6:07-cv-16085 | $ 370.00 | $ - | $ 370.00 |
| 4. | 9/11/07 | 96 | **Payee:** Mid-Cape Medical **Deponent:** Sharon Mahoney, M.D. | Borgess, Frank 6:07-cv-000357 | $ 225.00 | $ - | $ 225.00 |
| 5. | 9/11/07 | 97 | **Payee:** Neuropsychiatric Associates, Inc PC **Deponent:** Stephen B Gelfand, M.D. | Frederick, James 6:06-cv-1000 | $ - | $ 39.99 | $ 39.99 |
| 6. | 9/12/07 | 99 | **Payee:** William Louis Gerard, M.D. **Deponent:** William Louis Gerard, M.D. | Eggleston, Vounzetta 6:07-cv-14818 | $ - | $ 154.35 | $ 154.35 |
| 7. | 9/14/07 | 100 | **Payee:** PMS Psych Management Solutions **Deponent:** Daniel Koppersmith, M.D. | Haynie-Whynot, Elizabeth 6:07-13107 | $ - | $ 65.00 | $ 65.00 |
| 9. | 9/17/07 | 200163626 | **Payee:** Reginald P. Segar, M.D. **Deponent:** Reginald P. Segar, M.D. | Sonnier, Linda 6:06-cv-01019 | $ 450.00 | $ 131.50 | $ 581.50 |
| 10. | 9/19/07 | 1000 | **Payee:** Phillip Arnold Landry, M.D. **Deponent:** Phillip Arnold Landry, M.D. | Sonnier, Linda 6:06-cv-01019 | $ - | $ 42.75 | $ 42.75 |
| 11. | 9/19/07 | 1001 | **Payee:** Neuropsychiatric Associates, Inc PC **Deponent:** Stephen B Gelfand, M.D. | Frederick, James 6:06-cv-1000 | $ 1,600.00 | $ - | $ 1,600.00 |
| 12. | 9/19/07 | 1002 | **Payee:** Cornerstone Clinic **Deponent:** Akingbade A. Akinyelu, M.D. | Grant, Lisa 6:07-cv-12145 | $ 1,750.00 | $ - | $ 1,750.00 |
| 13. | 9/19/07 | 1004 | **Payee:** Richard A. Moskovitz, M.D. **Deponent:** Richard A. Moskovitz, M.D. | McDaniel, Kimberly 6:07-cv-10361 | $ - | $ 552.00 | $ 552.00 |
| 14. | 9/19/07 | 1005 | **Payee:** Dayton Primary & Urgent Care **Deponent:** Morris L. Brown, M.D. | Cook, Burl 6:07-cv-16017 | $ - | $ 55.75 | $ 55.75 |
| 15. | 9/19/07 | 1006 | **Payee:** Donald Lucas Mulder, M.D. **Deponent:** Donald Lucas Mulder, M.D. | Navin, Nora 6:07-cv-12727 | $ - | $ 25.00 | $ 25.00 |
| 16. | 9/19/07 | 1007 | **Payee:** Rosamma Panjikaran, M.D. **Deponent:** Rosamma Panjikaran, M.D. | McCarthy, Kevin 6:07-cv-11096 | $ - | $ 47.00 | $ 47.00 |
| 17. | 9/19/07 | 1008 | **Payee:** Aspen Medical Group **Deponent:** Joseph Gendron, M.D. | Sauvageau, Leonard 6:07-cv-16754 | $ 2,200.00 | $ - | $ 2,200.00 |
| 18. | 9/19/07 | 1009 | **Payee:** Thomas Robert Wikstrom, M.D. **Deponent:** Thomas Robert Wikstrom, M.D. | Stephens, Terry L. 6:07-cv-15805 | $ 1,200.00 | $ 57.00 | $ 1,257.00 |

*Confidential Information*

| SQ301 | | | Seroquel PMO:<br>Special Master Escrow Account Physician Payment Details<br>(As of 10/12/07) | | | | |
|---|---|---|---|---|---|---|---|
| | **Date** | **Check No.** | **Description** | **Lawsuit** | **Fees** | **Expenses** | **Total Payment** |
| 19. | 9/19/07 | 1010 | **Payee:** Rose Medical Associates<br>**Deponent:** Ruth B. Woolcock, M.D. | Frederick, James<br>6:06-cv-1000 | $    - | $     50.00 | $     50.00 |
| 20. | 9/20/07 | 1011 | **Payee:** Hot Springs Internal Medicine<br>**Deponent:** Andrew J. Grose, M.D. | Bolton, William<br>6:06-cv-1145 | $    - | $     38.75 | $     38.75 |
| 21. | 9/20/07 | 1012 | **Payee:** Joel B. Glass, M.D.<br>**Deponent:** Joel B. Glass, M.D. | Cappola, James<br>6:06-cv-1299 | $  1,600.00 | $    320.00 | $   1,920.00 |
| 22. | 9/21/07 | 1014 | **Payee:** Farris T, Johnson, Jr., M.D.<br>**Deponent:** Farris T. Johnson, Jr., M.D. | Thomas, Helen<br>6:06-cv-1295 | $  1,000.00 | $      - | $   1,000.00 |
| 23. | 9/25/07 | 1015 | **Payee:** Family Practice Center of Avon<br>**Deponent:** Shailesh Joshi, M.D. | Hinton, Joanne<br>6:07-cv-10304 | $    - | $     75.00 | $     75.00 |
| 24. | 9/25/07 | 1016 | **Payee:** Nora L. Fairley, M.D.<br>**Deponent:** Nora L. Fairley, M.D. | Ell, Tim<br>6:07-cv-10515 | $  1,500.00 | $     65.25 | $   1,565.25 |
| 25. | 9/27/07 | 1017 | **Payee:** Jennifer Glassman, M.D.<br>**Deponent:** Jennifer Glassman, M.D. | Stephens, Terry L.<br>6:07-cv-15805 | $  1,600.00 | $    155.00 | $   1,755.00 |
| 26. | 9/27/07 | 1018 | **Payee:** Daniel L. Koppersmith, M.D.<br>**Deponent:** Daniel L. Koppersmith, M.D. | Haynie-Whynot, Elizabeth<br>6:07-13107 | $  1,000.00 | $      - | $   1,000.00 |
| 27. | 9/27/07 | 1019 | **Payee:** Family Practice Center of Avon Park<br>**Deponent:** Shailesh Joshi, M.D. | Hinton, Joanne<br>6:07-cv-10304 | $    - | $    115.84 | $    115.84 |
| 28. | 9/27/07 | 1020 | **Payee:** Jeffrey Schultz, M.D.<br>**Deponent:** Jeffrey Schultz, M.D. | Stillwell, Christopher<br>6:07-cv-16593 | $    - | $     26.50 | $     26.50 |
| 29. | 9/28/07 | 1021 | **Payee:** Lindsay, Hart, Neil & Weigler<br>**Deponent:** Karen Williams | Salmons, Sheryl<br>6:07-cv-12818 | $    - | $     55.05 | $     55.05 |
| 30. | 9/28/07 | 1022 | **Payee:** Hall County Health Department<br>**Deponent:** David Blomert | Naramore, Jennifer<br>6:06-cv-1292 | $    - | $     15.00 | $     15.00 |
| 31. | 9/28/07 | 1023 | **Payee:** Reginald P. Segar, M.D.<br>**Deponent:** Reginald P. Segar, M.D. | Sonnier, Linda<br>6:06-cv-01019 | $    600.00 | $      - | $    600.00 |
| 32. | 9/28/07 | 1024 | **Payee:** Ashok M. Patel, M.D.<br>**Deponent:** Ashook M. Patel, M.D. | Fashner, Sharon<br>6:06-cv-10265 | $  1,600.00 | $     84.00 | $   1,684.00 |
| 33. | 9/28/07 | 1025 | **Payee:** Pinnacle Behavioral Health<br>**Deponent:** Steven Schneir, M.D. | Ellerbee, Lisa<br>6:07-cv-13399 | $    900.00 | $      - | $    900.00 |
| 34. | 9/28/07 | 1026 | **Payee:** Raul Capitone, M.D., P.A.<br>**Deponent:** Raul Capitone, M.D., P.A. | Navin, Nora<br>6:07-cv-12727 | $  1,200.00 | $      - | $   1,200.00 |
| 35. | 9/28/07 | 1027 | **Payee:** Counseling Center of Wayne & Holmes<br>**Deponent:** Humayun Chughtail, M.D. | Daugherty, Peggy<br>6:07-cv-15589 | $    - | $    401.00 | $    401.00 |

*Confidential Information*

| | | | Seroquel PMO:<br>Special Master Escrow Account Physician Payment Details<br>(As of 10/12/07) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SQ301 | Date | Check No. | Description | Lawsuit | Fees | | Expenses | | Total Payment | | |
| 36. | 10/3/07 | 1028 | **Payee:** Thomas J. Murphy, M.D.<br>**Deponent:** Thomas J. Murphy, M.D. | Haynie-Whynot, Elizabeth<br>6:07-13107 | $ | 900.00 | $ | - | $ | 900.00 | |
| 37. | 10/3/07 | 1029 | **Payee:** Advanced Healthcare<br>**Deponent:** John Michael Hoja, M.D. | Campbell, Betty J.<br>6:07-cv-10022 | $ | - | $ | 83.17 | $ | 83.17 | |
| 38. | 10/3/07 | 1030 | **Payee:** Richard A. Moskovitz, M.D.<br>**Deponent:** Richard A. Moskovitz, M.D. | McDaniel, Kimberly<br>6:07-cv-10361 | $ | 2,025.00 | $ | - | $ | 2,025.00 | |
| 39. | 10/3/07 | 1031 | **Payee:** Pain Clinic Associates, PC<br>**Deponent:** Mocair Schnapp, M.D. | Bolton, William<br>6:06-cv-1145 | $ | 225.00 | $ | - | $ | 225.00 | |
| 40. | 10/3/07 | 1032 | **Payee:** Lois Jane Macdonnell, M.D.<br>**Deponent:** Lois Jane Macdonnell, M.D. | Hinton, Joanne<br>6:07-cv-10304 | $ | 1,000.00 | $ | - | $ | 1,000.00 | |
| 41. | 10/3/07 | 1033 | **Payee:** Thomas J. Murphy, M.D.<br>**Deponent:** Thomas J. Murphy, M.D. | Haynie-Whynot, Elizabeth<br>6:07-13107 | $ | - | $ | 57.06 | $ | 57.06 | |
| 42. | 10/8/07 | 1034 | **Payee:** Luis A. Guiffra M.D., PhD<br>**Deponent:** Luis A. Guiffra, M.D., PhD | Turner, Althea<br>6:07-cv-15435 | $ | 1,600.00 | $ | 25.75 | $ | 1,625.75 | |
| 43. | 10/11/07 | 1035 | **Payee:** Maria T. Vargas, M.D.<br>**Deponent:** Maria T. Vargas, M.D. | McCarthy, Kevin<br>6:07-cv-11096 | $ | - | $ | 50.00 | $ | 50.00 | |
| 44. | 10/12/07 | 1036 | **Payee:** Raul R. Capitaine, M.D.<br>**Deponent:** Raul R. Capitaine, M.D. | Navin, Nora<br>6:07-cv-12727 | $ | - | $ | 37.15 | $ | 37.15 | |
| | | | **TOTALS** | | **$** | **25,745.00** | **$** | **2,824.86** | **$** | **28,569.86** | |

# MASTER CALENDAR
# SEROQUEL CASE-SPECIFIC DEPOSITIONS

https://www.browngreer.com/seroquel

# USER MANUAL

**EXHIBIT 2**

BROWNGREER | PLC

115 South 15th Street, Suite 400
Richmond, Virginia 23219-4209

As the Project Management Office (PMO) for Seroquel case-specific discovery, BrownGreer has created a web-based Master Calendar to assist the parties and the Court.  This User Manual tells you how to use the Master Calendar.

1.     <u>**How to Access the Master Calendar**</u>.

From your web browser, go to [https://browngreer.com/seroquel](https://browngreer.com/seroquel)

This is a secured site. It can be accessed only by a person with both of the following:

(1)  A Logon ID name approved by the PMO, using your first initial plus your last name with no spaces, *e.g.*, tsmith.  Your Logon ID will not be case sensitive.

(2)  A Password assigned to that Logon ID.  This password will be a minimum of five and maximum of ten characters and numerals assigned to you by the PMO.  The Password is case sensitive.

To obtain a Logon ID and associated Password, contact the PMO at:
[PMOSeroquel@BrownGreer.com](mailto:PMOSeroquel@BrownGreer.com).

When you access this site, you will see the following Logon Screen.  Enter your Logon ID and Password and click "Logon."



Once on the site, you can remain on as long as you like, provided that your session shows some activity.  For security purposes, if your session remains idle for more than 60 minutes with no user activity, you will be timed out and the session closed.   The Logon Screen

BROWNGREER | PLC

115 South 15th Street, Suite 400
Richmond, Virginia 23219-4209

will appear if you attempt to use the site after a time-out.  To resume using the Calendar, simply follow the Logon steps again.

**2.**　　　**Using the Deposition Calendar Screen.**

After you have successfully logged on to the website, you will see a calendar grid displaying the current month:



Each day in the grid will show four data points for any deposition set that day:

    (1)  The time of the deposition;

    (2)  The name of the deponent, with a Deponent Type Code to indicate the type of deponent;

    (3)  The case number for the individual lawsuit to which the deposition relates; and

    (4)  If the deposition is not of a Plaintiff, the last name of the Plaintiff to whom the deposition relates.

The PMO is using these Deponent Type Codes:

    (1)  P = Plaintiff.

    (2)  PR = Prescribing Physician.

    (3)  TR = Treating Physician.

    (4)  PRTR = Prescribing and Treating Physician.

    (5)  PSS = Pharmaceutical Sales Specialist.

You will be able to navigate to past months to see the depositions held on prior dates, and to future months to see what has been scheduled in those months.

BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia  23219-4209

The PMO has adopted this color scheme for the font in the Calendar to convey certain information:

(1) **Blue = A scheduled deposition that has yet to occur.**

(2) **Black = A deposition that was conducted on the date shown.**

(3) **Red = An Alert Deposition, which is a deposition scheduled for the date shown, but some question has arisen that may cause the deposition to be canceled or rescheduled.  This will be a temporary designation until the question is resolved.**

To see more details about a deposition, double click on a specific deposition.  The Calendar will take you to the Deposition Detail Screen discussed in Section 3 below.

**3.      Using the Deposition Detail Screen.**

After you double click on a deposition name in the Calendar Screen, you will see this Deposition Detail Screen on that deposition:



The Deposition Detail Screen will give you more information on the case to which the deposition relates, the time and place of the deposition, and special instructions relating to the deposition, and the status of the receipt of the physician's medical records in response to the PMO's deposition subpoena.

4.    **Using the Deposition Search Screen.**

To access the Deposition Search function, click on the SEARCH Menu item found on the left side of the screen.  After selecting SEARCH, you will see this Search Screen:



The Search Screen will give you the ability to search the Seroquel Calendar for a specific deposition based upon one of three criteria:  (1) Plaintiff Case Number; (2) Plaintiff Last Name; or (3) Deponent Last Name.  The search function will look for exact matches on the specific characters/data you enter.  Examples:

(a)    If you enter a "6" in Plaintiff Case ID, the results will include all cases with a Case Number starting with a "6."

(b)    If you enter "White" as the Plaintiff's Last Name, the results will be all Plaintiffs with last name "White" or any last name that begins with "White."

Once you enter your search requirements, click SEARCH and the system will display the following Results Screen: (this example is artificial information using White as a Plaintiff Last Name):



If the search returns no results for desirable search, you will be notified "**No Depositions found for given search criteria**."

To view more detail about a specific deposition listed, double-click on the corresponding Plaintiff Name.  This will take you to the Deposition Detail Screen for that deposition.

**5.      Using the Report Screen to View Standard PMO Reports.**

To gain access to the Report Screen, click on the REPORT menu item found on the left side of the Master Calendar screen.  When selected, you will see this Report Menu:

| BROWNGREER | PLC | Seroquel Special Master | | |
|---|---|---|---|---|
| Calendar Search Reports Contact Us Password Logout Help | Physician Deposition Scheduling | **Seroquel PMO Summary Reports** | | |
| | | SQ100 | **Seroquel PMO: Physician Depositions Scheduling Report** (Reports on the number of Physicians designated for cases in the months shown, and the progress of the PMO in scheduling such depositions.) | |
| | | SQ101 | **Seroquel PMO: Case-Specific Depositions Report** (Reports on the number of Plaintiff, Physician, and Sales Representative depositions conducted or scheduled to occur as of the date of the Report, by the month in which the depositions were conducted or for which they are scheduled.) | |
| | | SQ100A | **Seroquel PMO: Medical Records Status (By Physician)** | |

This screen will allow you to access a variety of online status Reports issued by the PMO.  Each Report has been saved in an Adobe PDF format.  To view a report, click on the Report Number (SQ100, SQ101, etc.) and the corresponding PDF will be displayed in a separate browser Window.  When you exit a Report, you will be taken back to the initial Report Screen.  To move to another part of the website, click on the area of the website you would like to see from the list on the left side of the screen.

**6.      How to Contact the PMO From the Master Calendar Website.**

You may contact the PMO directly from the Calendar website by sending an email to the PMOSeroquel email box.  Click on CONTACT US found on the left side of each web page to use this function.

**7.      Using the Password Screen to Change Your Password.**

Any authorized user may change the password issued to the user.  To do so, click on the Password Menu item on the left side of the Master Calendar screen, which will give you this Change Password screen:



You may change your password to one of your choosing, provided that it is a minimum of five and maximum of ten characters and numerals.  The Password is case sensitive. Once you select Submit, the password is changed immediately.  The next time you log onto the system, your new password will be enforced.

## 8.    **Logout.**

When you are finished using Seroquel Calendar application, select the Logout menu option on the left side of the screen.  This will immediately shutdown your connection to the application and close your browser window.

## 9.    **Technical Support.**

If you are experiencing a problem or have any questions or comments, contact the PMO by email to PMOSeroquel@browngreer.com.  You also may call 1-866-897-8900 during the hours of 8:30 a.m. to 5:00 p.m. ET Monday through Friday.  Ask for Network Support when you call.  For emergencies after hours call (804) 241-0672 to reach an on-call support person.

BrownGreer | PLC
115 South 15th Street, Suite 400
Richmond, Virginia 23219-4209

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

_____

This Document Relates to ALL CASES

_____


**REPORT AND RECOMMENDATION NO. 1 BY**
**CASE-SPECIFIC DISCOVERY SPECIAL MASTER**


The Parties raised with the Special Master an issue pertaining to case-specific

discovery in this multidistrict litigation.  The Special Master has reviewed the written and

oral presentations of the Plaintiffs and the Defendants.  In a call on October 5, 2007, the

Special Master informed the Parties of the decision contained in this Report and

Recommendation.

**I.  FACTUAL BACKGROUND**

The issue concerns the document discovery Plaintiffs may obtain from

Defendants relating to a sales representative designated for deposition.  In Paragraph II.A

of Case Management Order No. 4, entered on July 6, 2007 (Document 263), the Court

directed Defendants to provide, within five business days after the designation of a

plaintiff as subject to case-specific discovery, "all available documentation regarding

contact with the prescribing physician associated with that Plaintiff."  In footnote 1 to

Case Management Order No. 4, the Court indicated that it would not require completion

of the "Defendant Fact Sheet" requested by Plaintiffs, but noted that Defendants'

**EXHIBIT 3**

"disclosure requirement includes, at a minimum, call notes, the accounts payable records, the IMS information on prescribing habits, and the PIR or Professional Information Request and any non privileged documents relied on or available to defense counsel in preparation for the depositions."  Paragraph II.B of CMO 4 allows Plaintiffs, at their option, within two business days after Defendant's disclosure of these contact records, to designate for deposition one sales representative associated with each prescribing physician.

 The Parties and the Project Management Office have proceeded with discovery relating to sales representatives in accordance with CMO 4.  After designation of a sales representative for deposition, Plaintiffs have adopted the practice of sending a Notice of Deposition to the sales representative deponent along with the request (or perhaps command, where the Notice is directed to a sales representative that remains an employee of Defendants) that the sales representative produce at the deposition the following documents:

1. Any and all documents provided to you by AstraZeneca, or any of its employees, related to Seroquel.

2. Any and all sales training materials, including but not limited to written materials, video and/or audio tapes.

3. Any and all materials obtained at any national, regional, district or other sales meeting, including but not limited to written materials, videos and/or audio tape.

4. All call notes documenting all contacts with Plaintiff's prescribing physician.

5. Your copy of the AstraZeneca "Medical Literature Binder."

6. Any and all documents related to your AstraZeneca compensation package.

7.      Any and all performance reviews issued during the time
        you detailed/promoted Seroquel.

8.      Any and all documents reflecting any disciplinary action
        taken against you during the time you detailed/promoted
        Seroquel.

9.      Any and all documents reflecting AstraZeneca business
        and/or ethics practices and/or policies.

Defendants have objected on several grounds to production of these documents by

sales representatives in connection with their depositions.  In an effort to facilitate the

implementation of the Court's case-specific discovery program, the Parties reviewed this

issue with the Special Master to attempt to reach a resolution.  The matter presents these

two primary questions:

(1)     Does CMO 4 preclude additional document production by
        Defendants to Plaintiffs relating to sales representative
        deponents?

(2)     If not, are the categories of documents requested by
        Plaintiffs of sales representatives overly broad,
        procedurally inappropriate, or otherwise outside the scope
        of permitted discovery?

## II.  ANALYSIS AND RECOMMENDATION

### A.      Does CMO 4 Prohibit Additional Document Production by Defendants Relating to Sales Representative Deponents?

Defendants argue that the Court's declination to order the production of these

records in CMO 4 indicated that the Court intended CMO 4 to set a maximum on the

permitted discovery related to sales representatives and thus has already ruled that no

additional document production is required of Defendants as to such deponents.  To

Defendants, the proceedings leading to CMO 4, the Court's comments at the July 5, 2007

hearing before entry of CMO 4, and the language of CMO 4 confirm that the Court

3

limited Plaintiffs' document discovery of sales representatives to Defendants' disclosure of documents relating to Defendants' contact with a prescribing physician.  They urge the bulk of the nine categories of documents now requested by Plaintiffs of the sales representative deponents do not concern such contact and thus are forbidden by CMO 4.

Plaintiffs have countered that CMO 4 established a minimum level of disclosure by Defendants as to sale representatives, but did not preclude additional document discovery regarding these current and former employees.  Plaintiffs reason that the purpose of the mandatory disclosures in CMO 4 was to permit Plaintiffs sufficient information to identify the sales representative they wished to depose as to each prescribing physician, rather than ruling that no additional document discovery would ever be conducted.

The Special Master concludes that the Court intended in CMO 4 to establish a minimal level of document disclosure by Defendants relating to sales representatives to permit Plaintiffs to have enough information to identify which sales representative, if any, they wished to depose for each prescribing physician witness.  It appears that the Court was attempting to facilitate the implementation of case-specific discovery in an efficient and orderly manner by staging these mandatory disclosures after the designation of a plaintiff for discovery before Defendants were required to produce contact information with the prescribing physician to be deposed for that plaintiff, rather than requiring Plaintiffs to propound document requests to obtain those documents or forcing Defendants to produce them at some other time unrelated to the deposition schedule. This also eliminated the need for Plaintiffs to conduct further document discovery as to all sales representatives, most of whom will not be deposed, and required them instead to

focus on the one sales representative to be deposed per case.  It does not seem that the Court, when fixing the mandatory minimum document disclosures required of Defendants as to their contact with a prescribing physician for the purpose of selecting one sales representative for deposition, intended to establish the maximum limit on all discovery of documents concerning sales representative deponents at any stage in this litigation.  As a result, the Special Master concludes that the Court did not in CMO 4 foreclose the possibility of any additional document discovery either at some later time, beyond the five business days after case designations by which contact disclosures must be made under CMO 4, on subjects other than contact between Defendants and a prescribing physician.

### B.      Are Plaintiffs Permitted the Documents Requested?

That is not to say that Plaintiffs are entitled to all the documents in all nine categories they now seek from Defendants as to sales representative deponents.  Several of the requests seem overly broad and unduly burdensome and thus would not serve the goal of efficient and prompt implementation of case-specific discovery for this litigation. If permitted, the Special Master would attempt to reach agreement between the Parties on steps to narrow these requests to a more manageable volume of material with more certain utility than the scope of the requests presented, and if such attempts were unsuccessful, to direct such resolution by order.

However, in Paragraph IV of CMO 4, when indicating the Court's intention to appoint a Project Management Office and Special Master to facilitate case-specific discovery, the Court noted that "[t]he duties of this Special Master will be logistical and facilitated, but **will not** include consideration of legal issues as to the scope of discovery."

(emphasis in original.)  Determining whether Plaintiffs shall be permitted the document discovery requested of sales representative deponents and the resolution of Defendants' objections to such discovery may require evaluation of legal issues as to the scope of the discovery permitted on this subject.

While the Special Master is empowered to interpret and apply existing Orders of the Court, such as CMO 4, the Special Master is concerned that he is not authorized, without further guidance from the Court, to consider all the issues presented by Plaintiffs' requests and Defendants' objections to the documents requested.  If CMO 4 were intended to foreclose the possibility of any additional document discovery relating to sales representative witnesses, no further inquiry or analysis would be needed.  Having concluded that CMO 4 does not appear to have decided that issue, the Special Master is reluctant to act further to attempt to resolve the dispute without the Court's permission.

In addition, Defendants have indicated that they wish to have the Court consider the correctness of the Special Master's interpretation of CMO 4 before addressing this issue further with the Special Master.  Such request is appropriate, for it would eliminate the need for further debate over the scope of the requests if the Court were to determine that no additional discovery of sales representative documents will be allowed, either because that is what the Court meant in CMO 4, or that is what the Court determines now to be the proper scope of discovery regardless of what it meant in CMO 4.  As a result, the Special Master issues this Report and Recommendation before proceeding further on the issue.

_____

Orran L. Brown
Special Master for Case-Specific Discovery

DATED:  October 5, 2007

<u>**SERVICE LIST**</u>

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin, Kreis & Overholtz<br>803 N. Palafox St.<br>Pensacola, FL 32501<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | |