UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS            MDL DOCKET NO:
LIABILITY LITIGATION                6:06-MDL-1769-ACC-DAB

This document relates to:    ALL CASES

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO VACATE THE MAGISTRATE'S ORDER COMPELLING FURTHER PRODUCTION OF THE MACFADDEN DOCUMENTS**

Plaintiffs hereby file their Response in Opposition to the Objection to Order Compelling Further Production of the Macfadden Documents and Motion to Vacate that Order (Doc. 537) filed by Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP ("Defendants"), and would respectfully show the Court as follows:

**I.**
**SUMMARY OF RESPONSE**

The Court should uphold Magistrate Judge Baker's Order compelling full production of the Macfadden documents because Defendants fail to show that the Order is "clearly erroneous or contrary to law," as they must. Defendants attempt to persuade the Court to overturn Magistrate Baker's Order by trivializing the critical Seroquel-related research and development roles played by Dr. Wayne Macfadden and the two women with whom he apparently had ongoing, intimate, sexual relationships. But, Macfadden, as United States Medical Director for Seroquel and Director of Clinical Studies, had significant (perhaps ultimate) control over the purportedly "independent" Seroquel-related clinical research performed by the subject females and/or the research results they published to the medical community and the public through their respective firms/institutions. Because Plaintiffs allege that Defendants misrepresented the safety and effectiveness of Seroquel, Plaintiffs are entitled to discover the surrounding circumstances,

1

expectations, and relationships that may have influenced, and possibly compromised, decision-making about Seroquel's safety and efficacy and information communicated to the public about the drug. Indeed, it is the apparent "control/dependence" aspect of the sexual relationships that renders the redacted material discoverable, as further described below. Finally, although an admissibility determination is unnecessary to the Court's decision regarding Defendants' Motion, the redacted material may ultimately be admissible as to the credibility and probable bias of the testimony to be given by Macfadden and the two women at deposition and trial.

## II.
### ARGUMENT AND AUTHORITIES

**A. <u>Standard.</u>**

Under Federal Rule of Civil Procedure 72(a), the district judge may only consider objections and modify only that portion of a magistrate judge's order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Such orders are not subject to a de novo determination. *See, e.g., Merritt v. Int'l Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981); *Williams v. Saxon Mortgage Servs., Inc.*, No. 06-0799-WS-B, 2007 WL 1791649, at *1 (S.D. Ala. June 20, 2007). "The magistrate's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the definite and firm conviction that a mistake has been committed." *Tingley Sys., Inc. v. Healthlink, Inc.*, No. 8:05-CV-1936-T-27MAP, 2007 WL 1365341, at *1 (M.D. Fla. May 9, 2007) (internal quotation marks omitted).

Further, it is well-established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631, 636-37 (N.D. Ga. 2002); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001); *Tate v. United States Postal Serv.*, No. 04-61509-CIV-JORDAN/TORRES, 2007 WL 521848, at

*1 (S.D. Fla. February 14, 2007). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

**B. Defendants Improperly Downplay Macfadden's Influence On Seroquel's Development And Promotion.**

Defendants disingenuously attempt to escape the pivotal role that Macfadden and the two women with whom he apparently had ongoing, sexual relationships played in Seroquel's development and use in the treatment of various mental disorders. Defendants merely characterize Macfadden as an "AstraZeneca employee who worked on Seroquel matters" and the two women as "some women with whom he was also working on Seroquel-related matters." (Defs.' Mot. at 2.) These representations distort the record and ignore the high-level, decision-making capacity in which Macfadden worked, his control over the women that were the subject of his apparent sexual affairs, and the overall influence and effect of such relationships on the advancement and promotion of Seroquel.

Macfadden was not just any AstraZeneca employee. He was AstraZeneca's United States Medical Director for Seroquel and the Director of Clinical Research in the CNS Therapeutic Area. He was, in significant part, responsible for communicating information about Seroquel from AstraZeneca to the medical community at large. As evidence of his directorial capacity relative to Seroquel, Macfadden signed the January 30, 2004 and April 22, 2004 "Dear Doctor" letters informing healthcare providers of the additional warning statement describing the increased risk of hyperglycemia and diabetes associated with Seroquel. In addition, Macfadden engaged third parties—including the institutions/firms with which the two subject females were employed/associated—to conduct clinical research on Seroquel's effectiveness and/or report

such purportedly "independent" information regarding Seroquel studies to the medical community and the public.[1]

Moreover, the two women with whom Macfadden apparently had intimate sexual relationships were themselves integrally involved in Seroquel clinical studies and research reporting. Plaintiffs detail the specific roles the women played relative to Seroquel in their Motion to Compel Production of the Macfadden Documents ("Motion to Compel") ¶¶3-4. (Doc. 441.) It is believed that all or most of the emails between Macfadden and the two women were exchanged via Defendants' email servers. More importantly, the personal and often salacious exchanges between Macfadden and the women were, most often, intertwined with Seroquel-related communications as well. Finally, without detailing the redacted material as previously instructed by Magistrate Judge Baker, the communications suggest some level of personal control and dependence between Macfadden and the women beyond that normally assumed given their professional relationships.

### C. The Unredacted Macfadden Documents Are Relevant To Plaintiffs' Claims.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D.Kan.2006). When the discovery sought appears relevant on its face, the party resisting

---

[1] While Plaintiffs are aware of Macfadden's significant role in Seroquel-related research and promotion, it is entirely possible that Plaintiffs do not fully comprehend the scope of Macfadden's influence on Seroquel, as Defendants have still not fully complied with their document discovery obligations and because Macfadden's deposition has yet to be taken.

the discovery has the burden to establish that it does not come within the scope of relevance as defined under Rule 26(b)(1).

Although the Supreme Court has held that "discovery is not limited to issues raised by the pleadings," Plaintiffs' allegations nevertheless highlight the relevance of the redacted material. *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is the aspect of personal control or dependence mentioned above between Macfadden and the two supposedly "independent" research/communications professionals—and the precise nature of that personal relationship—that renders the unredacted Macfadden documents both relevant and discoverable. Plaintiffs specifically allege, *inter alia*, that AstraZeneca misrepresented Seroquel's effectiveness and safety through "communications including letters to the medical community, and medical literature disseminated . . . to physicians and the public . . . ." (Master Compl. ¶62 (Doc. 42).) Discovery has revealed, as described in Plaintiffs' Motion to Compel, that Macfadden and Defendants engaged numerous third party research and/or marketing institutions—including the institutions with whom the two women were associated/employed—to conduct clinical research on Seroquel and to report results of those studies to medical professionals and others. Thus, the two women were, at least in part, responsible for developing the very research and reporting that was ultimately used by Macfadden and Defendants to promote Seroquel's safety and efficacy to physicians and patients.

Macfadden's personal relationships with these women (which was not disclosed to the FDA, the publishers of the subject medical journals, or to the medical community or public at large) calls into question the integrity of the clinical research and the information disseminated. **The full context of the communications between Macfadden and the two women will reveal the precise nature of the relationships, the degree of control/dependence that existed in the**

**relationships, and may reasonably lead to the discovery of whether the subject research and information was compromised thereby.** Indeed, it is significant that during the time the two women were apparently intimately involved with Macfadden, from roughly 2002 through 2005 and perhaps beyond, the link between second generation anti-psychotics and diabetes became more widely established. Yet, during the same period, Defendants were going to great lengths to downplay the risks of diabetes and hyperglycemia associated with Seroquel, and were aggressively marketing the product for "off-label" uses. Plaintiffs are entitled to the redacted material in order to discover whether the nature of the personal relationships between Macfadden and the two women affected the professional judgment, decision-making, and work product related to Seroquel.[2]

The applicable relevance analysis is not dissimilar to that in, for example, a *quid pro quo* sexual harassment lawsuit, though admittedly such theory involves entirely different legal claims than those Plaintiffs assert. In sexual harassment cases, sexual behavior evidence is not only relevant, it is admissible to determine the effect and influence of inappropriate sexual conduct on the workplace and workplace decision-making. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81-81 (1998) (noting that the real "impact of workplace behavior often depends upon a constellation of surrounding circumstances, *expectations*, and *relationships*") (emphasis added). Thus, sexual relationship evidence is often relevant to whether such relationships improperly influenced decision-making. *See, e.g., Kundak v. Chertoff*, No. SA-05-CV-0709 RF, 2006 WL 1751803, at *2 (W.D. Tex. June 20, 2006) (denying motion for protective order and permitting deposition of a government official where plaintiff claimed he was passed over for job promotion

---

2   The Court should recognize that Plaintiffs are hindered in fully arguing the relevance of the redacted portions of the documents because (1) such documents are not in Plaintiffs' possession, and (2) Judge Baker has ordered that the parties not describe the redacted portions of the documents in their briefing.

6

in part because of previous sexual relationship between the government official and a woman ultimately promoted to job plaintiff sought).

Here, Macfadden was charged, through his high-level job at AstraZeneca, with a position of public trust in that he was chiefly responsible for Seroquel-related research and development, and for communicating information garnered through that work to doctors and the public. In this case, where Plaintiffs allege that Defendants misrepresented the safety and efficacy of Seroquel, Plaintiffs are unequivocally entitled to discover the surrounding circumstances, expectations, and relationships that may have influenced, and possibly compromised, decision-making relative to Seroquel and information communicated to the public about the drug.

Moreover, ultimately the precise nature of the relationships may be admissible to assess the credibility of Macfadden's and the women's testimony in deposition and at trial in terms of bias and prejudice. As Judge Weinstein aptly put it:

> [S]howing the witness to be biased rests on two assumptions: (1) that certain relationships and circumstances impair the impartiality of a witness, and (2) that a witness who is not impartial may, consciously or otherwise, shade his or her testimony in favor of or against a party. *Since bias of a witness is always significant in assessing credibility, **the trier of fact must be sufficiently informed of the underlying relationships, circumstances, and influences operating on the witness to determine whether a modification of testimony reasonably could be expected as a probable human reaction***.

*Behler v. Hanlon*, 199 F.R.D. 553, 557 (D. Md. 2001) (quoting 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 607.04[1] (2d. ed.1997)) (emphasis added). Still, as noted above, for purposes of determining the *discoverability* of such evidence, the Court need not reach an admissibility determination. Fed. R. Civ. P. 26(b)(1).

Finally, the case that Defendants primarily rely upon does not advance their argument that the redacted material is irrelevant. In *Rossback v. Rundle*, the issue before the court

7

involved the *Miami Herald* newspaper's intervention in a sexual harassment lawsuit brought by a former secretary in the Miami-Dade County State Attorney's Office against that office. 128 F.Supp.2d 1348, 1350 (S.D. Fla. 2000). The newspaper sought to prevent the court's entry of any order sealing court records in the case or preventing communication with the media. *Id.* The newspaper desired to publish the salacious material contained in the court's record to the public at large. *Id.* at 1352-53. Indeed, some of that information had already been published. *Id.* at 1352.

At the same time, the defendant state attorney's office sought protection from plaintiff's additional attempts to discover what the court described as "imputations of personal dalliances of employees of the [State Attorney's Office]" who, for the most part, were "not purported to have been involved in the matters that gave rise to [the] action . . . ." *Id.* Those discovery requests included requests for admissions as to whether any of the aforementioned nonparties had "engaged in extramarital affairs," had "drinking problems," or had "made personal long distance phone calls at work." *Id.* The primary concern for the court was that "individuals who by happenstance had the same employer . . . as Plaintiff" would be subject to having their "alleged personal proclivities . . . now also become the subject of news reporting." *Id.* The court also found that the plaintiff's inquiries "into every conceivable office rumor . . . with little or no regard for the subject matter of those rumors" simply "exceeded the bounds of permissible discovery." *Id.* at 1354.

*Rossback* is patently inapposite to whether the unredacted Macfadden documents are discoverable. Here, the requested discovery is already subject to confidentiality, as would be the transcripts of the depositions of Macfadden and the two females, and there have been no assertions or concerns that case information has been or will be leaked to the press. Moreover,

as Plaintiffs have demonstrated above, the redacted information is directly relevant to the precise nature of the relationships between three individuals who, at various influential levels, were responsible for investigating the safety and efficacy of Seroquel and for promulgating information regarding the same to medical professionals and the public.  Finally, as Defendants themselves have admitted, the sexual relationships between Macfadden and the women are not merely rumored, but substantiated in fact by the redacted materials that Plaintiffs seek.  (Mot. at 2.)

Plaintiffs are fully entitled under Rule 26(b) to discover the precise nature of those relationships, to question Macfadden and the two women regarding the relationships, and to discover the relationships' influence on the research and dissemination of information regarding Seroquel.  Plaintiffs will be prejudicially handicapped in this effort unless they are permitted to fully discover the Macfadden documents at issue.

## **CONCLUSION**

For all the foregoing reasons, and for the reasons stated in Plaintiffs' Motion to Compel (Doc. 441), the Court should overrule Defendants' objection to the Magistrate Judge's Order and deny Defendants' Motion.

    Respectfully submitted

By:     /s/ K. Camp Bailey
    F. Kenneth Bailey Jr.
    K. Camp Bailey
    Fletcher V. Trammell
    Robert W. Cowan
    **BAILEY PERRIN BAILEY LLP**
    440 Louisiana St., Suite 2100
    Houston, Texas 77002
    (713) 425-7100 Telephone
    (713) 425-7101 Facsimile
    kbailey@bpblaw.com
    cbailey@bpblaw.com
    ftrammell@bpblaw.com

rcowan@bpblaw.com
**Co-Lead Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2007, I electronically filed the foregoing**:** PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO VACATE THE MAGISTRATE'S ORDER COMPELLING FURTHER PRODUCTION OF THE MACFADDEN DOCUMENTS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/  Robert W. Cowan
Robert W. Cowan

<u>SERVICE LIST</u>
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P., and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| blape@brownandcrouppen.com | |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |

| | |
|---|---|
| *Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* | |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com |

| | |
|---|---|
| *Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* | lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A. | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend |

| | |
|---|---|
| P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | 800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torgrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN  55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138 |

16

|  | tbalducci@langstonlaw.com |
|---|---|
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| John Hawkins | Donna Higdon |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN  55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |

17

|  |  |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | Marjorie Shickman<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C. | Mary J. Wrightinton |

| | |
|---|---|
| 720 Olive St., Suite 1800<br>St. Louis, MO 63101-2302 | |