UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

*This Document Relates to*:

*Barnes v. AstraZeneca Pharms. LP*, 6:07-16752-ACC-DAB
*Colman v. AstraZeneca Pharms. LP*, 6:07-cv-16751-ACC-DAB
*Donaldson v. AstraZeneca Pharms. LP*, 6:07-cv-16742-ACC-DAB
*Duncan v. AstraZeneca Pharms. LP*, 6:07-cv-16736-ACC-DAB
*Gordon v. AstraZeneca Pharms. LP*, 6:07-cv-16738-ACC-DAB
*Jackson v. AstraZeneca Pharms. LP*, 6:07-cv-00522-ACC-DAB
*Jensen v. AstraZeneca Pharms. LP*, 6:07-cv-16743-ACC-DAB
*Makinson v. AstraZeneca Pharms. LP*, 6:07-16757-ACC-DAB
*Sauvageau v. AstraZeneca Pharms. LP*, 6:07-cv-16754-ACC-DAB
*Thomas v. AstraZeneca Pharms. LP*, 6:07-cv-16748-ACC-DAB
*Wilson v. AstraZeneca Pharms. LP*, 6:07-cv-16740-ACC-DAB

**ASTRAZENECA'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
BRIEFING REGARDING ASTRAZENECA'S MOTION FOR
<u>JUDGMENT ON THE PLEADINGS ON THE BASIS OF FEDERAL PREEMPTION</u>**

Plaintiffs' Supplemental Brief asserts that the legislative history of one provision of the recently enacted Food and Drug Administration Amendments Act of 2007 ("FDAAA"), Pub. L. 110-85, undermines AstraZeneca's preemption argument here. Plaintiffs are mistaken.

It is evident from the plain language that the provision in question does not alter the scope of preemption generally—and certainly has no effect whatsoever on AstraZeneca's implied *conflict* preemption arguments here. In fact, plaintiffs bury the actual language of the statute in a footnote. *See* Pls.' Supp. Br. at 4 n.5. They do so because the statute itself provides them no aid. The provision at issue merely establishes a "rule of construction" that applies to Section 901 of FDAAA, which enhances FDA's post-approval oversight of prescription drugs. It simply states that: "This paragraph shall not be construed to affect the responsibility of the

responsible person [*e.g.*, the drug manufacturer] . . . to maintain its label in accordance with *existing requirements*, including subpart B of part 201 and *section[] 314.70* . . . of title 21, Code of Federal Regulations (or any successor regulations)." Pub. L. 110-85 § 901(a) (to be codified at 21 U.S.C. § 355(o)(4)(I)) (emphasis added).

In context—which plaintiffs conspicuously ignore—the meaning of the rule is clear. Section 901 enhances FDA's ability to supervise the safety and labeling of prescription drugs after they are on the market. For example, Section 901 authorizes FDA to require additional post-approval studies or clinical trials to assess a "known serious risk" or "signals of serious risk" related to the use of a drug, and to require new safety labeling changes on an expedited basis. *See id.* The "rule of construction" provision thus states that Section 901, comprehensive though it appears, should not be construed to displace existing FDA labeling rules, including the so-called "Changes Being Effected" or "CBE" rule set forth in 21 C.F.R. § 314.70.

Thus, this provision has absolutely no effect on AstraZeneca's pending preemption motion. Indeed, by clarifying that FDAAA does not displace existing rules and responsibilities, the "rule of construction" leaves this aspect of the law exactly as it was when AstraZeneca briefed the motion. AstraZeneca explained at length in its briefing and argument why the CBE provision does not affect the preemption of plaintiffs' claims. *See generally* AstraZeneca's Br. at 21-23 (explaining that preemption here is consistent with CBE because FDA consistently has rejected the stronger warning plaintiffs seek); Oral Argument Tr. at 13:4-21 (Sept. 27, 2007) (CBE "isn't a regulation that has any impact on preemption here, because for the entire period of September 2003 through November 2006, we know that the agency did not believe that the evidence supported warning that there was a causal relationship") (excerpts at Exh. A).[1]

---

[1] Even if FDAAA somehow would help plaintiffs' position—which it does not—it can offer no support because Congress did *not* intend FDAAA, which was passed in 2007, to apply *retroactively* to events

2

Moreover, because the statutory language of the new enactment is clear—and because the statute itself is not even implicated here—plaintiffs' misguided effort to rely on snippets from the statute's legislative history is contrary to fundamental principles of statutory construction. *See*, *e.g.*, *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) ("when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms") (quotations omitted).[2] In any event, the legislative history does not remotely support plaintiffs' position. The House Report says nothing about the rule of construction whatsoever, and there is no Senate or Conference Report. Lacking any document that purports to represent the views of even one house of Congress, plaintiffs are thus left to mine the separate statements of diverse members of Congress. This approach to statutory construction is entitled to little, if any, weight. *See*, *e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979) ("the remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history"); *accord General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 599 (2004) (same).[3]

Plaintiffs' argument is weaker still because it does not fairly present the individual views it purports to quote. In context, it is evident that the individual members were discussing *field*, rather than conflict, preemption. Thus, the "additional views" of certain House members, not set

---

occurring years earlier (such as the regulatory events at issue here). *See* Pub. L. 110-85, title IX, subtitle A, § 909 ("This subtitle takes effect 180 days *after* the date of enactment of this Act," *i.e.*, September 27, 2007) (emphasis added). Even if there were some ambiguity about FDAAA's temporal scope, and there is not, the Court need not grapple with retroactivity issues because, as we show here, FDAAA does nothing to advance plaintiffs' arguments.

[2] *See also United States v. Gonzales*, 520 U.S. 1, 6 (1997) ("there is no reason to resort to legislative history" where a "straightforward statutory command" exists particularly where (as here) "the legislative history only muddies the waters") (citation omitted); *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994) (rejecting reliance on Senate and House Reports, concluding that "we do not resort to legislative history to cloud a statutory text that is clear").

[3] *See also Thornburg v. Gingles*, 478 U.S. 30, 44 (1986) (committee reports are "the authoritative source for legislative intent"); *Zuber v. Allen*, 396 U.S. 168, 186 (1969) ("Floor debates reflect at best the understanding of individual Congressmen.").

3

forth in the House Report, state only that by providing FDA new enhanced authority over post-approval safety—in their individual views—Congress did not "intend to *occupy this regulatory field.*"  Additional Views accompanying H.R. Rep. 110-225 (July 11, 2007), at 197 (quoted in part in Pls.' Supp. Br. at 3 n.3) (emphasis added).  Senator Kennedy's remarks similarly refer repeatedly to "field" preemption.[4]

Thus, even if these comments could fairly be taken to represent the views of Congress—and they cannot[5]—they would have no bearing on AstraZeneca's pending motion.  That motion is based on the doctrine of implied conflict preemption (not field preemption) arising from the authoritative federal actions of the FDA acting within the scope of its congressionally delegated authority.  Preemption here does not turn on whether Congress has occupied the field, but arises because FDA already has addressed the question of what diabetes-related warning should appear on the Seroquel labeling, has itself drafted and mandated precisely calibrated warning language, and has repeatedly confirmed that a stronger warning of the sort plaintiffs demand is not supported by the evidence.  State law that would require the different warning plaintiffs seek therefore conflicts with FDA's decision on Seroquel's labeling, and is preempted.

---

[4] Plaintiffs' quotation of Senator Kennedy excises statements which make clear that he was discussing field preemption.  *Compare* Pls.' Supp. Br. at 2 (quoting 153 Cong. Rec. S11831-32) *with* 153 Cong. Rec. S11832 (statement of Sen. Kennedy) ("We do not believe that the regulatory scheme embodied in this act is comprehensive enough to *preempt the field* or every aspect of state law. . . .  It is absurd to argue that the FDA, even with the enhanced resources and authorities provided by this legislation, *commands the field* when it comes to postmarket drug safety.") (emphasis added).

[5] This is true both as a matter of law, and because other individual members expressed a pro-preemption position.  *See*, *e.g.*, 153 Cong. Rec. S11839-40 (statement of Sen. Coburn) (discussing correctness of California Supreme Court's ruling in *Dowhal v. SmithKline Beecham*, 88 P.3d 1 (Cal. 2004)—cited in AstraZeneca's Brief at 15 n.12—that plaintiffs could not pursue state law claims for manufacturer's failure to provide warnings determined by FDA to be scientifically unsubstantiated); *id.* at 11840 (statement of Sen. Coburn) (endorsing approach in *Sykes v. Glaxo-SmithKline*, 484 F. Supp. 2d 289 (E.D. Pa. 2007)—discussed in AstraZeneca's Brief at 16—where court found state law claims barred by conflict preemption).

The United States Supreme Court repeatedly has held that "neither an express pre-emption provision nor a saving clause 'bar[s] the ordinary working of conflict pre-emption principles.'" *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 352 (2001) (quoting *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 869 (2000)). Here, Congress has not even passed a savings clause. It has passed a mere rule of construction—and one that by its terms does not displace existing law. Such a provision has no bearing on the scope of conflict preemption, and nothing in the snippets of legislative history on which plaintiffs rely is to the contrary.

Given the unique regulatory history of Seroquel—where FDA has exercised extraordinary oversight in specifically studying the diabetes issue, mandating precisely calibrated warning language, and expressly rejecting the stronger language plaintiffs now urge—plaintiffs err in arguing that the labeling they claim is mandated by state law would not conflict with but run parallel to federal labeling requirements imposed by FDA. *Compare* Pls.' Supp. Br. at 5 (citing *Bates v. Dow Agrosciences LLC* and *Medtronic, Inc. v. Lohr*) *with* Tr. at 32:4-23, 34:10-35:5 (addressing *Lohr* and *Bates*) (Exh. A). This case presents an instance where "the ceiling/floor analysis of FDA labeling requirements essentially drops out" because FDA has rejected the proposition that science supports the warning plaintiffs now seek. *Tucker v. SmithKline Beecham Corp.*, No. 1:04-cv-1748-DFH-WTL, 2007 WL 2726259, at *9 n.4 (S.D. Ind. Sept. 19, 2007). Thus, "[e]ven if" the September 2003 FDA-revised diabetes labeling "is interpreted as only a floor and not a ceiling, the language would still conflict with the warning that plaintiff claims should have been on the drug." *Id.* at *9 n.4; *id.* at *9 (holding a plaintiff's warnings claims regarding the prescription drug Paxil were preempted because under the plaintiff's view, "[s]tate law would require [the manufacturer] to warn that Paxil causes suicidality in adults" contrary to FDA's crafted warning).

5

For plaintiffs to recover on their labeling claims would put state law in direct and irreconcilable conflict with FDA's conclusions and would stand as an obstacle to FDA's ability to regulate the dissemination of risk information in the Seroquel labeling. Therefore, AstraZeneca should be granted partial judgment on the pleadings: To the extent plaintiffs' claims are based on the alleged inadequacy of the diabetes-related warnings in the Seroquel labeling as set forth by FDA in September 2003, they are preempted by federal law.[6]

## CONCLUSION

For the foregoing reasons, plaintiffs' attempts to rely on FDAAA and its legislative history to save their warnings claims should be rejected, and judgment as a matter of law for AstraZeneca remains appropriate.

DATED: October 17, 2007

Respectfully submitted,

/s/ Fred T. Magaziner
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Steven B. Weisburd
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

---

[6] In a final footnote that goes beyond the scope permitted for the supplemental briefing, plaintiffs suggest that preemption is not warranted as to promotional materials addressed in the 2006 DDMAC letter. Pls.' Supp. Br. at 6 n.6. As discussed at the hearing, this argument mixes apples and oranges. Tr. at 13:22-14:17 (Exh. A); AstraZeneca's Br. at 9 n.7 (2006 DDMAC letter "also addresses the manner in which risk information was displayed in certain promotional materials not at issue in this motion"). AstraZeneca's implied conflict preemption argument here is targeted at the FDA-mandated labeling itself—not at promotional materials that any plaintiff may allege depart from that labeling and were actually seen and relied on by his or her prescribing physician with material effect. The latter issue may be addressed at a later time on separate briefing.

Mark E. Haddad
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA  90013
Telephone: (213) 896-6604
Facsimile: (213) 896-6600

Rebecca K. Wood
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
Telephone: (202) 736-8663
Facsimile: (202) 736-8711

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 17, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.

/s/ Lisa Modaff

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX  77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiff s' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX  77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew E. Pawa, Esq.<br>Law Offices of Matthew E. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX  76106<br>Telephone: (817) 334-0762<br>kj@jensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX  77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and.AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** (via U.S. Mail) | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** (via U.S. Mail) |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** (via U.S. Mail) | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** (via U.S. Mail) |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | John Driscoll, Esq.<br>Brown & Crouppen; PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John K. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>(via U.S. Mail) | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 259<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J: Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

12

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@earthlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D.Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |

13

CH1 4027393v.1