UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**
_____
**This Document Relates to ALL CASES**

ASTRAZENECA'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND
CURRENT DEADLINES AND VARIOUS DISCOVERY ORDERS

Plaintiffs' Motion to Amend Current Deadlines and Various Discovery Orders (Dkt. No.

567, "Plaintiffs' Motion") seeks extension of discovery deadlines, and other modifications to

certain currently operative court orders regarding discovery in the MDL.  Specifically, and

setting aside its rhetoric, Plaintiffs' Motion ultimately requests three forms of relief:

(1)     plaintiffs ask the Court to extend the current discovery deadlines with respect to what
        they call completion of "general discovery,"[1] as well as completion of "third party
        discovery" and "expert witness designation and reports" (*see* Plaintiffs' Motion, ¶ 17, at
        p. 10);

(2)     they ask the Court to reconsider the provision in CMO No. 2, § II.E., which limits
        plaintiffs' ability to depose certain AstraZeneca custodial witnesses more than one time
        without a showing of good cause at the appropriate time (*id*.; *see also id*., ¶ 5, at p. 4);
        and

(3)     they ask the Court also to revise the provision in paragraph 2 of the Court's Order dated
        March 7, 2007, which limits plaintiffs' ability to depose more than 25 AstraZeneca
        custodial witnesses without first making "specific showings of need and the absence of
        redundancy" (*id*., ¶ 6, at pp. 4-5; *see also id*., ¶ 17, at p. 10).

As explained below, plaintiffs' second and third requests for relief – in which plaintiffs

seek modification of two specific aspects of the Court's prior orders – are without

_____
[1] As the Court knows, and as plaintiffs' counsel have subsequently recognized since filing their
motion, there presently exists no cut-off "deadline" for completion of "general discovery" in this
MDL.

merit, premature, and should be rejected.  As to plaintiffs' request for modification of current

discovery deadlines, however, AstraZeneca agrees that some of the currently operative

discovery-related deadlines previously established by this Court should be modified in the

interests of justice – as explained further below.

**1.      The Court Should Modify Discovery-Related Deadlines In Order To Manage These Coordinated MDL Proceedings In A Just And Efficient Manner, Consistent With 28 U.S.C. § 1407**

AstraZeneca agrees that the current MDL schedule should be revised – but for reasons

apart from plaintiffs' prolonged attack on the timeliness of document production from

AstraZeneca.  Indeed, the excerpts from prior status conferences quoted by plaintiffs in their

motion reveal the Court's recognition that the "'problems with [the current] schedule'" and

"'issues about meeting…set deadlines'" are multi-faceted; they arise not merely because of any

perceived sluggishness in AstraZeneca's production, but also from many "'other[]'" difficulties

and "'problems'" that "'are just circumstances'" inherent in the complexity and magnitude of

this MDL, which make it "'obvious from the nature of things'" in this mass aggregated pre-trial

proceeding that current "'deadlines'" will need to be reconsidered and expanded.  Plaintiffs'

Motion, ¶ 2, at p. 2 (quoting Transcript of Status Conference, Sept. 11, 2007 (Dkt. 461) at p. 50,

& Transcript of Status Conference, Oct. 2, 2007 (Dkt. 539) at p. 39).

Put simply, under present circumstances, there is no prudent or practical way to cling to

original time-frames and related dates for completion of these MDL proceedings consistent with

this Court's taking seriously its responsibilities to manage these coordinated proceedings in the

just and efficient manner contemplated by 28 U.S.C. § 1407.  Accordingly, AstraZeneca agrees

that the present schedule and related cut-off dates established for this MDL need to be

- 2 -

reconsidered and modified to account for evolving circumstances.  This issue is not unique to these MDL proceedings.  Indeed, courts in prior MDLs and other coordinated proceedings have repeatedly needed to revise and expand initial schedules, to account for the many complexities, complications, and issues that invariably arise in mass-tort multi-district litigation such as this one.

Consequently, while the Court-approved case-specific discovery program continues apace on its separate track, AstraZeneca submits that the most sensible course for the Court to take at this time – both in response to Plaintiffs' Motion and, more generally, to manage this litigation effectively and efficiently – is to oversee the completion of document and written discovery from AstraZeneca in a manner that best reduces prejudice, hardship and undue burden as to both plaintiffs and AstraZeneca.[2]

To this end, the Court should establish a cut-off date for document discovery requests, as well as other written discovery (such as interrogatories), propounded by Plaintiffs on AstraZeneca.  After the established cut-off date, plaintiffs should be required to seek leave of court, upon a showing of good cause, before they may propound any other additional discovery requests on AstraZeneca.  Such an approach is needed to establish the finite set of core discovery

---

[2] On this point, plaintiffs' focus on scorched-earth affirmative document discovery from AstraZeneca – without any regard to the massive undue burden imposed on defendants – is a thinly disguised effort to focus the Court's attention away from the *legally and factually meritless nature* of the overwhelming majority, if not all, of the cases pending in the MDL.  Indeed, case-specific discovery, which has just begun, has confirmed the dubious nature of the cases discovered to date (including those 10 cases per month chosen by plaintiffs' counsel).  Thus, in further overseeing document discovery from AstraZeneca, the Court should be mindful not only of the burden-versus-benefit calculus that all courts must consider in managing the discovery process, *see, e.g.*, *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 523 (2d Cir. 1996), but also of the fundamental truth that plaintiffs' effort to impose disproportionate document discovery obligations on AstraZeneca cannot breathe life into legally and factually meritless cases.

that plaintiffs seek to obtain from AstraZeneca, and thereby facilitate *some possible completion* of the general document and written discovery from AstraZeneca that plaintiffs believe they need to litigate their pending cases.  To date, plaintiffs have continually expanded and modified their discovery requests, and propounded more and different ones, so as to create a constantly moving target – to which they then serially claim that AstraZeneca has insufficiently responded. Moreover, the discovery process has further been prolonged by plaintiffs' issuance of hundreds of overbroad and unduly burdensome document requests – over and above requests for new custodial productions – along with plaintiffs' refusal to prioritize and plaintiffs' persistent overreaching (as has become clear in proceedings before the Special Master).

In their present motion, plaintiffs suggest that they intend to embark upon a course of premature deposition practice in which they ultimately intend to depose dozens of AstraZeneca witnesses, employees and executives multiple times.  They apparently wish to get this Court's pre-cleared approval for such an improper, inefficient, and unduly burdensome discovery strategy, without any showing of good cause or prejudice, based on their conclusory assertion that AstraZeneca's "purposefully sluggish" document discovery responses have "severely hamstrung" plaintiffs' ability to prepare and litigate their cases.  Unless this Court wants to encourage a chronic series of sanctions motions, and related cross-sanctions motions, the time has come to adopt sensible and orderly procedures whereby the hardship and prejudice to both sides is minimized to the greatest extent practicable under the circumstances.  To this end, the Court should enter an order either that plaintiffs may not depose AstraZeneca witnesses until completion of AstraZeneca's document production, or that if plaintiffs proceed to take AstraZeneca depositions there is a strong presumption that the witnesses will not be redeposed.

At the same time, some reasonable discovery cut-off dates need to be set in this MDL. *See*, *e.g.*, *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) (emphasizing that the MDL court "must establish schedules with firm cutoff dates" to control and manage coordinated pre-trial proceedings in a just and efficient manner pursuant to 28 U.S.C. § 1407.  If plaintiffs' affirmative discovery from AstraZeneca is to continue indefinitely, and without any sensible limits, then that would necessarily stymie this Court's desire to have a clear plan for completion of this MDL, and the needed time frame that must be established to wrap up the MDL's coordinated pre-trial proceedings.  Indeed, without reasonable cut-off dates, the document production process will not only be prolonged, but virtually without end – particularly given that (i) Seroquel continues to be a widely prescribed, FDA-approved drug that is still on the market, and (ii) the underlying science concerning Seroquel and all atypical antipsychotics continues to evolve.  Further still, without reasonable time limits imposed on pre-trial discovery proceedings, this Court's desire to have an orderly plan for the completion of the MDL process, and for the trial of certain Florida-related Seroquel cases in this Court, would be virtually unattainable.

Consequently, AstraZeneca recently asked to meet and confer with plaintiffs about the need to establish reasonable discovery cut-off dates, and will be prepared to discuss the issue of discovery scheduling modifications at the upcoming status conference on October 30th, in the context of Plaintiffs' Motion as well as the other important issues on the agenda for that conference.

2.     **Plaintiffs' Request To Delete CMO No. 2, Section II.E., Is Unwarranted, Premature, And Should Be Denied Without Prejudice**

Apart from the general request for expanded pre-trial discovery periods (addressed above), plaintiffs also specifically request that section II.E of Case Management Order ("CMO") No . 2 (Dkt. 129) – designed to limit plaintiffs to *one* deposition of any identified AstraZeneca custodian – be stricken so that plaintiffs may freely re-depose custodial witnesses at some future date.  Plaintiffs' Motion, ¶¶ 5, 17, at pp. 4, 10.  The Court should reject this request.

Indeed, plaintiffs ignore their obligation under CMO No. 3 to show "good cause" to pursue an extension of any given deposition.  CMO No. 3, § II.B. (Dkt. 193).  Plaintiffs' current request identifies no specific cause at all, resorting instead to abstract hyperbole regarding the overall state of discovery in this litigation.  Should plaintiffs actually have a legitimate and sufficient need to re-depose witnesses at some hypothetical future date, plaintiffs may seek to do so, pursuant to CMO No. 3, when the issue is actually ripe in the context of a specific witness, upon a proper showing of good cause.  *Id*.  But at this time, plaintiffs do not have good cause and, instead, are simply trying to evade the sensible orderly procedures adopted by this Court to govern these proceedings.

Moreover, the provision in CMO No. 2, § II.E., that plaintiffs ask this Court to abandon makes good sense.  It is designed to limit plaintiffs to one deposition of any identified AstraZeneca custodial witness, as opposed to either two depositions of a single witness or multiple serial depositions.  This provision is consistent with the settled rule and general practice in MDLs and civil litigation generally that multiple depositions of a single witness are improper, and reserved solely for extraordinary circumstances in which the party seeking additional discovery has demonstrated a particularized and overriding need.  *See*, *e.g*., Fed. R. Civ. P.

- 6 -

30(a)(2)(B); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996) ("repeat

depositions" of a single witness are prohibited absent a clear showing of need in extraordinary

circumstances); *see also In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 530-33 (N.D. Ill.

2005) (applying these principles in MDL context).  It is also consistent with section II.F. of the

Court's CMO No. 3, which clearly contemplates the deposition of AstraZeneca witnesses "only

once":

> Because almost all Seroquel Plaintiffs in the various state courts are represented
> by counsel who also represent Plaintiffs in this MDL, it is the Court's expectation
> that *absent good cause shown, former or current officers and management
> personnel of AstraZeneca shall be deposed only once*, for use in both the MDL
> and in state courts.  Lead Counsel in the MDL shall coordinate with any Plaintiff's
> counsel in a state court action who does not represent, and is not affiliated with
> co-counsel who represent, any Plaintiffs in this MDL so that a witness *shall not
> have to appear for a deposition more than once*.

CMO No. 3, § II.F. (emphases added).

Plaintiffs' Motion provides no good reason for the Court to jettison the challenged

provision in CMO No. 2, § II.E.  At most, plaintiffs vaguely suggest that AstraZeneca's

"sluggish" document discovery somehow supports an unprecedented blanket procedural order

permitting multiple depositions of single witnesses – without any particularized showing of good

cause or compelling need.  The suggestion is baseless.  In sum, plaintiffs' request that this Court

abandon or modify section II.E. of CMO No. 2 should be *denied*, but *without prejudice* to

plaintiffs later seeking a second deposition of some particular AstraZeneca custodial witness

upon a showing of good cause and a particularized need that is genuinely occasioned by some

specifically identified delay in production of documents or materials by AstraZeneca.

3.     **Plaintiffs' Request To Rewrite The Court's Order Of March 7, 2007 – And Its Reasonable Limitation On More That 25 Custodial Depositions Without "Specific Showings Of Need And The Absence Of Redundancy" – Is Unsupported, Premature, And Should Be Denied**

Plaintiffs' Motion also requests that paragraph 2 of the Court's Order of March 7, 2007 (Dkt. 173) be restructured.  That provision states:  "Plaintiffs shall provide their Rule 30(b)(6) designations *and* identify up to twenty-five (25) 'custodial' witnesses they wish to depose as an initial set of witnesses."  3/7/2007 Order (emphasis added).  It further provides that "any request to depose a substantial number of additional 'custodial' witnesses should be supported by *specific showings of need and the absence of redundancy*."  *Id*. (emphasis added).

On its face, this provision distinguishes between Rule 30(b)(6) designations and custodial witnesses, establishing a 25-witness limit for the latter.  *Id*.  As the provision makes plain, plaintiffs must make "specific showings of need and the absence of redundancy" before they may be entitled to depose more than 25 of AstraZeneca's custodial witnesses.  *Id*.  Prior to this motion, plaintiffs themselves interpreted this provision in precisely the same way as AstraZeneca.  For instance, as plaintiffs' counsel Paul Pennock explicitly stated in an April 1, 2007 email to AstraZeneca's counsel Fred Magaziner, "there are several 30b6 [sic] depositions that we need to take, *which are not included in our the 'up to 25'*."[3]

In their motion, plaintiffs now seek to turn the Order on its head, invoking their now-weary crticisms of AstraZeneca's document discovery to request that this particular provision be reconsidered and "clarified" by the Court in a way that would entitle them to take the depositions of more than 25 AstraZeneca custodial witnesses without limitation.  The request should be

---

[3] A true and correct copy of Mr. Pennock's April 1, 2007 email to Mr. Magaziner is attached hereto as Exhibit A.

denied.  Contrary to plaintiffs' new-found position, this aspect of the Court's March 7, 2007 Order does not impose any onerous burdens or requirements on plaintiffs.  Indeed, the provision at issue does not limit plaintiffs to a total of 25 depositions of AstraZeneca witnesses.  Nor does it require plaintiffs now fully and finally to "come up with a definitive list of 'the' 25 people to speak with," as plaintiffs now claim.  Plaintiffs' Motion, ¶ 6, at p. 5.  Rather, on its face, the currently operative provision affords plaintiffs full opportunity to seek and obtain the depositions of *additional* AstraZeneca witnesses, but only upon a proper showing of specific need and absence of redundancy.  In short, Plaintiffs' Motion provides no reason or basis for this Court to alter the provision contained in paragraph 2 of the Court's Order of March 7, 2007.  Plaintiffs' effort to use this motion as a reason for this Court to reconsider the Order's sensible restrictions designed to prevent unnecessary and duplicative or redundant deposition practice should be denied.

## CONCLUSION

For the foregoing reasons, AstraZeneca agrees that the currently operative discovery-related deadlines should be revisited and modified.  But the remainder of Plaintiffs' Motion – including plaintiffs' specific requests for relief from sensible limitations imposed by two current court orders – is unsupported, premature, without merit, and should be denied.

DATED:  October 23, 2007

Respectfully submitted,

*/s/ Fred T. Magaziner*
    Fred T. Magaziner
    Stephen J. McConnell
    DECHERT LLP
    2929 Arch Street
    Philadelphia, PA  19103
    Telephone: (215) 994-4000
    Facsimile: (215) 994-2222
    fred.magaziner@dechert.com

    Steven B. Weisburd
    Gretchen S. Sween
    Eliot Walker
    DECHERT LLP
    300 West 6th Street, Suite 1850
    Austin, TX  78701
    Telephone: (512) 394-3000
    Facsimile: (512) 394-3001

    *Counsel for AstraZeneca Pharmaceuticals LP*
    *and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 23, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Gretchen S. Sween*

-10-

SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca*<br>*Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co.* |

| | |
|---|---|
| John J. Driscoll | Kenneth T. Fibich |
| Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen. com | Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>j whatley@whatleydrake. com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |

| | |
|---|---|
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law. com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |

| | |
|---|---|
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins. com<br>j webster@abrahamwatkins. com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals LP* | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |

| | |
|---|---|
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca*<br>*Pharmaceuticals, LP* |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |

| | |
|---|---|
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pennsacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw. com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca*<br>*Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., $7_{th}$ Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN 55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |

| | |
|---|---|
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| John Hawkins<br>Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Donna Higdon<br>Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |

| | |
|---|---|
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN 55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA 90807-0948 | Marjorie Shickman<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |

| | |
|---|---|
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL 62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX 77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN 55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101-2302 | Mary J. Wrightinton |