**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation**

Case No. 6:06-md-1769-Orl-22DAB

_____

## ORDER

This cause comes before the Court for consideration of Defendants' October 4, 2007, Objection to Order Compelling Further Production of the Macfadden Documents and Motion to Vacate That Order (Doc. 540), to which Plaintiffs responded (Doc. 572) on October 15, 2007.

On September 20, 2007, Magistrate Judge Baker entered on Order compelling Defendants to produce redacted portions of the so-called "Macfadden Documents," succinctly stating:

> The material is discoverable; however, this Order does not determine the relevance or admissibility of the material. The parties are **DIRECTED NOT** to make any dissemination of redacted portions which should be treated as "Confidential" under the Protective Order entered as Doc. No. 478.

Doc. 485. The documents at issue are known to contain several sexually explicit email communications between Dr. Wayne Macfadden, Defendants' former United States medical director for Seroquel, and two women who were apparently involved in independent clinical research studies associated with the development and marketing of Seroquel. Defendants had previously provided the documents to Plaintiffs' counsel; however, the portions of the documents that contained sexually explicit material were redacted. Defendants then allowed Plaintiffs' counsel to review the unredacted versions of the documents in order to confirm that no relevant information had been redacted, but denied subsequent requests by Plaintiffs' counsel to obtain full

possession of the unredacted documents. Consequently, Plaintiffs moved to compel production of the documents in their unredacted form.

Defendants object to Magistrate Judge Baker's decision to allow Plaintiffs' counsel to obtain possession of the unredacted versions of the Macfadden Documents, and primarily argue that the previously redacted portions lack the relevance necessary to remain within the scope of permissible discovery under Fed. R. Civ. P. 26 (b). Doc. 540 at 3-6. In this respect, Defendants maintain that Magistrate Judge Baker did not first inquire into whether the redacted portions of the documents were relevant, and, as such, committed error for which reversal by this Court is necessary. *Id*. at 5. Defendants further submit that, even if the redacted portions of the documents are found to be relevant, such relevance is substantially outweighed by the risk of harm, in the form of annoyance, embarrassment, and harassment, both to AstraZeneca and non-parties alike. *Id*. at 6-7. Finally, Defendants argue that the protective order alluded to in Magistrate Judge Baker's Order is insufficient to protect the redacted portions of the documents from dissemination, and ask that this Court, at the very least, limit dissemination of the unredacted documents to the two co-lead counsel for plaintiffs, and any other attorney who is ultimately charged with deposing Dr. Macfadden. *Id*. at 7-8.

Plaintiffs respond that the Macfadden Documents, in their unredacted form, are highly relevant to the claims presented in this case. Plaintiffs point out that they have specifically alleged that Defendants misrepresented the safety and efficacy of Seroquel to the public, and any communications, sexually explicit or not, between the company's United States medical director for Seroquel and employees of third party institutions involved in clinical research studies related to Seroquel are directly relevant to that claim. Doc. 572 at 4-6. In this regard, Plaintiffs maintain

that Macfadden's personal relationships with these employees "call[] into question the integrity of the clinical research and the information disseminated." *Id*. at 5. In other words, Plaintiffs submit that they are entitled to the redacted portions of the documents "in order to discover whether the nature of the personal relationships between Macfadden and the two women affected the professional judgment, decision-making, and work product related to Seroquel." *Id*. at 6. Plaintiffs ultimately conclude that the redacted portions of the Macfadden documents may even be admissible at trial in order to test the credibility of the testimony of Dr. Macfadden and the two women with whom he regularly communicated. *Id*. at 7.

Pursuant to Fed. R. Civ. P. 72 (a), a party may file objections to an order entered by a magistrate judge to whom a pretrial matter not dispositive of a claim or defense has been referred. A district judge "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72 (a).

In view of the parties' respective arguments, the Court finds that Magistrate Judge Baker's ruling on Plaintiffs' motion to compel was not clearly erroneous or contrary to law. The Macfadden Documents are relevant to Plaintiffs' claim that AstraZeneca misinformed the public regarding the potential health risks of Seroquel inasmuch as they convey the precise nature of the relationships between key players in the development and marketing of Seroquel. As such, Plaintiffs are entitled to the full context of the communications contained in the documents, not just the portions related to "business as usual." In the Court's view, Plaintiffs' request is much more than what Defendants imply is a mere "fishing expedition" which aims only to embarrass or harass; it is a focused inquiry into how certain events may have influenced Defendants' actions with regard to promoting the safety and efficacy of Seroquel.

Further, with regard to Defendants' concerns about possible dissemination of the full contents of the Macfadden Documents, the Court is in agreement with Magistrate Judge Baker that the prior protective order related to confidential documents provides an adequate safeguard. The Court sees no reason to further limit the number of people who may have access to the documents, as all relevant individuals are bound by the protective order. The Court trusts that Plaintiffs' attorneys and personnel will use the utmost care in handling these documents, as the parties have been specifically ordered by Magistrate Judge Baker "**NOT** to make any dissemination of redacted portions…." Doc. 485.

Based on the foregoing, it is **ORDERED** as follows:

1. Defendants' Objection to Order Compelling Further Production of the MacFadden Documents and Motion to Vacate That Order (Doc. 540), filed October 4, 2007, is **OVERRULED**.

2. Magistrate Judge Baker's September 20, 2007, Order granting Plaintiffs' Motion to Compel Production of the Macfadden Documents (Doc. 485) is **AFFIRMED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 23, 2007.

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge David A. Baker

ANNE C. CONWAY
United States District Judge