# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

Case No. 6:06-md-1769-Orl-22DAB

_____/

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO APPOINT SPECIAL MASTER FOR SETTLEMENT AND TO ESTABLISH AN ADR PROCEDURE (Doc. No. 235)** |
| **FILED:** | June 21, 2007 |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |
| **MOTION:** | **PLAINTIFFS' MOTION FOR IMPLEMENTATION OF THE JUNE 11, 2007 COURT ORDER ON CASE SPECIFIC DISCOVERY AND ADR (Doc. No. 236)** |
| **FILED:** | June 21, 2007 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |
| **MOTION:** | **DEFENDANTS' MOTION FOR DISCOVERY AND IMPLEMENTATION OF THE JUNE 11, 2007 CASE-SPECIFIC DISCOVERY ORDER (Doc. No. 238)** |
| **FILED:** | June 22, 2007 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR SANCTIONS DUE TO DEFENDANT'S CONTINUED DISCOVERY FAILURES (Doc. No. 256)** |
| **FILED:** | **July 3, 2007** |

**THEREON** it is **ORDERED** that the motion is **DEFERRED** and will be heard on July 26, 2007 at 9:30 a.m. before the undersigned.

Following oral argument on July 5, 2007, the Court rules as follows:

# CASE MANAGEMENT ORDER NO. 4

In accordance with the Court's Order of June 11, 2007 (Doc. No. 225), this Order sets forth the case-specific discovery schedule and protocols for cases in this MDL. This Order supersedes all prior Orders to the extent it is inconsistent with any such Orders.

## I. CASE SELECTION

A. On July 11, 2007, when Defendants file their objections to the cases Plaintiffs designated as having both substantially complete Plaintiff Fact Sheets ("PFS") and medical records authorizations, Defendants shall also identify, in a separate list (the "Eligible Plaintiffs List"), the cases to which they do not object and identify the date by which Defendants had received both a PFS and medical records authorizations in each case ("PFS Service Date").

B. By July 13, 2007, Defendants shall designate the first five plaintiffs for case specific discovery; Plaintiffs shall do likewise by July 16, 2007. The Court will designate five more shortly thereafter. Discovery as to these 15 cases is to occur between August 13 and August 31, 2007.

C. A similar procedure shall be followed for succeeding months. By way of example, for September discovery, Defendants shall designate 10 cases by July 27, Plaintiffs designate 10 cases by July 30 and the Court thereafter.

D. Counsel are expected to confer in good faith in making their designations so as to facilitate scheduling and logistical issues for each month's group of cases. The parties may make their designations jointly as part of that effort. Further to that end, the parties may include suggestions to the Court as to its designations.

**II. SCOPE OF CASE SPECIFIC DISCOVERY**

A. In addition to the discovery authorized in the Order at Docket number 225, within five business days of the designation of plaintiffs to be subject to case specific discovery, Defendants shall provide all available documentation[1] regarding contact with the prescribing physician associated with that Plaintiff.

B. Within two business days after provision of this documentation, Plaintiffs may, at their option, designate for deposition one sales representative associated with each prescribing physician to be deposed.

**III. PROCEDURE FOR CASE SPECIFIC DISCOVERY**

A. **Deadlines and Scheduling.** Pending establishment of the Project Management Special Master, the parties are responsible for setting the dates and locations for case specific discovery, with Plaintiffs' counsel to take the lead in identifying dates and locations when and where the witnesses associated with plaintiffs will be available. Weekends and holidays are to be avoided except when reasonably necessary to accommodate the schedule of a witness or by stipulation of all affected participants.

B. **Length of Depositions.** Defendants shall be entitled to depose each plaintiff or plaintiff representative for up to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing of good cause. The Court does not anticipate that most plaintiff depositions will take this much time and may impose a shorter time limit upon a showing of unwarranted use of time. Absent a showing of unusual circumstances and approval by the Court, physician depositions will be limited to two hours for Defendants and one and a half hours for Plaintiffs and sales representative depositions to four hours. Counsel may by agreement in particular cases increase these limits to seven hours.

D. **Location of Depositions.** Plaintiffs shall determine the location for each plaintiff deposition. Plaintiffs shall be responsible for arranging rooms for each plaintiff deposition, including one attorney conference room per side for use during the depositions. Defendants shall do likewise for sales representative depositions.

---

[1] While the Court declines to require completion of the "Defendant Fact Sheet" requested by Plaintiffs, this disclosure requirement includes, at a minimum, call notes, the accounts payable records, the IMS information on prescribing habits, and the PIR or professional information request and any non privileged documents relied on or available to defense counsel in preparation for the depositions.

**IV. APPOINTMENT OF A PROJECT MANAGEMENT SPECIAL MASTER**

The Court shall appoint, after consideration of the parties' recommendations, a Special Master to serve the function of a Project Management Office ("PMO") to coordinate case specific discovery, including depositions of physicians and sales representatives and Defendants' provision of doctor specific documents. The duties of this Special Master will be logistical and facilitative but **will not** include consideration of legal issues as to the scope of discovery. The parties are directed to confer and file by July 12, 2007 their joint or respective nominations for a suitable Special Master. This submission should include a resume or other background information about the nominee (and any entity with whom such person is affiliated), including anticipated charges. The parties should submit suggested language as to the scope of duties and authority for the Special Master, consistent with the discussion at the hearing. The Court will enter a separate order appointing the Special Master and setting forth his or her responsibilities and authority. The expense of the Special Master will be borne by both sides.

**V. MISCELLANEOUS MATTERS**

If the parties seek clarification of any aspect of this Order, they may, by July 13, 2007, after complying with Local Rule 3.01(g), file a joint specification of the matters as to which clarification is sought, stating, non argumentatively, the position of each party as to any such item. If the parties desire entry of a general order alerting non-party witnesses to the circumstances of these cases, the need to accommodate tight schedules and the legal significance of court processes, they should submit proposed language to that effect by July 13, 2007. The Court is prepared, if appropriate, to notify United States Magistrate Judges nationally of the exigencies of the cases should issues of scheduling come before other courts. Issues of any individual failures to appear as required will be dealt with on a case by case basis. Possible mechanisms for handling discovery issues on an expedited basis will be discussed at the next status conference.

**DONE** and **ORDERED** in Orlando, Florida on July 6, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record