# EXHIBIT 30

# Dennis Canty

| | |
|---|---|
| **From:** | Dennis Canty |
| **Sent:** | Tuesday, October 09, 2007 11:13 AM |
| **To:** | RStewart@faegre.com |
| **Cc:** | Larry J. Gornick; 'Torregrossa, Brennan'; Laura Brandenberg; Leah Sabel; 'obrown@browngreer.com'; 'buffym@lpm-triallaw.com'; Debra DeCarli |
| **Subject:** | RE: Deposition Scheduling |
| **Attachments:** | Letter to Dennis Canty re September Disclosures.pdf; September Disclosures; Flye_Tracy AZ Case Specific Disclosures 080307.pdf |

Russell:

Thanks for taking the time to speak with me about scheduling. I hope we can work things out amicably.

As set forth below, plaintiffs designated sales reps on September 6, notwithstanding the documented fact that disclosures were deficient. To quote my email of August 6:

> Pursuant to Mr. Magaziner's representations at the July 27, 2007 MDL hearing, and the Court's August 3, 2007 Order, these disclosures were to be made in electronic form. Because they are not, and because plaintiffs do not therefore have the same ability to manipulate and search the data as do defendants, these are tantamount to no disclosures at all. Until the disclosures (particularly the attached call notes and IMS data) are made in a form suitable for analysis, plaintiffs' time to designate a sales representative pursuant to CMO4 will not begin to run.

You replied:

> We will provide the call notes in a searchable form as you requested.

As of September 6, no compliant disclosures had been received.

Having received no response from you, Brennan, or the PMO regarding the email below, nor any response from you to numerous emails requesting dates for depositions of these sales representatives, plaintiffs noticed the depositions in these last weeks of October. They are set to coincide with other depositions in the immediate area, so as to conserve the resources of the parties. I will forward under separate cover a calendar of these pending dates.

As of today, AZ's stated position is that (despite the Court's order that plaintiffs be given what defendants have, in the form that they have it) pdf disclosures are sufficient, and plaintiffs are required to make their designations without the benefit of the Court-ordered disclosures. AZ intends not to produce these designated sales representatives for deposition. Following our discussion, you will inform me in writing (a reply to this email will suffice) as to whether AZ's position has changed. Because of the time constraints imposed by this case-specific discovery schedule, plaintiffs intend to seek appropriate relief immediately. I look forward to your response today, if possible.

---

**From:** Dennis Canty
**Sent:** Thursday, September 06, 2007 8:59 PM
**To:** buffm@lpm-triallaw.com; 'obrown@browngreer.com'
**Cc:** Larry J. Gornick; 'Torregrossa, Brennan'; 'rstewart@faegre.com'
**Subject:** Deposition Scheduling

August

For weeks, plaintiff Getchell has been requesting availability and contact information for the designated sales representative (Winstel). We understand that this former employee has disavowed representation by an attorney, and contact information should be turned over immediately. Please advise.

<u>September</u>

Plaintiffs Coppola, Thomas and Frederick are generally available for the remainder of the month.  The availability of plaintiffs Glover and Flye have not yet been confirmed.

We have tentatively planned that the Coppola (NJ) and Thomas (GA) depositions may be handled by one attorney, and the Frederick (PA), Glover (PA) and Flye (IN) depositions may be handled by another.  Due to this firm's location in California, we request that the depositions in each of those groups be scheduled as close together as possible.

Due to scheduling conflicts, we would prefer that the Coppola and Thomas depositions take place before 9/27.  Plaintiff Coppola will not be able to attend a deposition on 9/17.

Similarly, we would prefer that the Frederick, Glover and Flye depositions be scheduled around a conflict on 9/26-27.  These could carry into October 1 or 2 (but not 3 or 4) if necessary.  With regard to the Frederick deposition, we advise that plaintiff's testimony may be unintelligible due to his Parkinson's disease.

We have yet to receive complete and compliant sales representative disclosures for September plaintiffs.  As set forth in the attached correspondence, we have sought that information since August 6 to aid in our selection of sales representatives for deposition.  Though it was promised, we have never received it.  We ask that the PMO address this matter well in advance of depositions.

Without the aid of the proper, court-ordered disclosures, plaintiffs hereby designate as follows:

Jennifer Caldes (Coppola), Richard O'Rear (Thomas), Frank Daly (Frederick), and Nicholas Gentile (Glover).  The disclosures for Flye (attached) are wholly insufficient for plaintiffs to make a designation.

We also need disclosures of which treating physicians AZ intends to depose.  As a practical matter, and in fairness, such disclosures should be contemporaneous with the prescriber disclosure.  We ask that the PMO order the same in the future.

Thank you for your consideration, and for your considerable efforts in putting all this together.


Dennis J. Canty
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Tel: 415/273-8138