UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re:  Seroquel Products Liability Litigation<br>MDL Docket No.  1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO LODGE ALLEGEDLY "CONFIDENTIAL" MATERIALS AND FOR A DETERMINATION REGARDING CONFIDENTIALITY** |

On October 24, 2007, plaintiffs filed their Motion For Sanctions Due To Misconduct In Case-Specific Discovery (Docket No. 604.)  In support of this motion, plaintiffs referenced numerous deficient disclosures served by AstraZeneca and designated "confidential" pursuant to the terms of the parties' Confidentiality Agreement.  Pursuant to the Agreement, and the terms of the subsequently entered Protective Order (Docket No. 478), plaintiffs were precluded from filing those documents as exhibits to the Canty Declaration in connection with the Motion.  An index of documents plaintiffs were precluded from filing appears as Exhibit A.

As can be seen from the attached example (Exhibit B), which has previously lost its "confidential" designation through challenge, such disclosures contain no information properly protected under Rule 26(c).  Accordingly, plaintiffs seek (1) leave to lodge these materials with the Court for consideration on plaintiffs' Motion for Sanctions; and (2) a determination that these documents, and all such disclosures served by AstraZeneca, are not properly designated "confidential" within the meaning of the Protective Order.

In accordance with paragraph 12(B) of the Protective Order, plaintiffs have challenged the "confidential" designation of AstraZeneca's disclosures (Exhibit C) but have not yet received a written response from AstraZeneca. Paragraph 4(C) of the Protective Order provides, in part, as follows:

> If any Party believes that a document has been improperly designated "confidential" and is not entitled to protection under Federal Rule of Civil Procedure 26(c), that Party will notify the disclosing Party, and the Parties will make good faith efforts to resolve any dispute regarding the confidentiality of individual documents. If the dispute cannot be resolved informally, either Party may apply to the Court for a determination of whether the designation is appropriate. The burden rests on the Party asserting the "Confidential" designation to demonstrate that the designation is proper.

On this motion, it is AstraZeneca's burden to demonstrate that the information contained in the disclosures constitutes "a trade secret or other confidential research, development, or commercial information" or is otherwise entitled to protection.

**L.R. 3.01(g) CERTIFICATION**

Plaintiffs attempted to meet and confer on these issues, but AstraZeneca failed to respond to a request that it state its position. (Exhibit D).

Dated:  October 25, 2007                    LEVIN SIMES KAISER & GORNICK LLP


                                            _____s/_____
                                            Lawrence J. Gornick (CA State Bar No. 136290)
                                            Dennis J. Canty (CA State Bar No. 207978)
                                            Laura M. Brandenberg (CA State Bar No. 238642)
                                            44 Montgomery Street, 36th Floor
                                            San Francisco, CA  94104
                                            Telephone:  415-273-8138
                                            Facsimile:  415-981-1270
                                            E-mail:     lgornick@lskg-law.com
                                                        dcanty@lskg-law.com