**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: Seroquel Products Liability Litigation          Case No. 6:06-md-1769-Orl-22DAB

_____
**This Document Relates to ALL CASES**

**First Status Report of Craig Ball, Special Master - Electronically Stored Information**
**October 26, 2007**

Per the court's direction, I contacted counsel for the parties immediately after my appointment to secure information and set up an expedited teleconference. After setting a few ground rules, we hit the ground running and subsequently the lion's share of the effort was geared to breaking logjams and moving forward to get Astra Zeneca's responsive ESI in the hands of the plaintiffs without further delay and in the forms best suited to review of the data. My forward objective has been to foster agreement between the parties on the most pressing disputed matters and ride herd on those agreements. I'm nonetheless mindful of my backward looking, analytical responsibilities and have made some tentative strides there, but only this week when AstraZeneca began supplying the retrospective data I need.

Our process thus far consists of Mr. Gornick for the plaintiffs submitting an agenda of items of greatest immediate concern to the plaintiffs. He shares it with me and with Mr. Pass for AstraZeneca, and then the two counsel, joined by technical advisors, vendor representatives and other counsel who elect to participate, spend whatever time it takes in a teleconference with me addressing each item of concern, including follow up on issues raised in prior calls. We have had four such teleconferences, each lasting 150-180 minutes. AstraZeneca is invited to raise issues of its own, and the dialog proceeds with the customary back and forth of an informal hearing until it appears that we've made all progress that can be made through discussion. I hope and believe that the process mirrors the court's own procedures, with the exception that we spend much more time resolving matters of a highly technical nature.

We also address particular issues between calls by e-mail. I've asked the parties to agree that I might pursue some ex parte discussions to gather information and seek solutions in a non-adversarial setting. AstraZeneca properly noted that FRCP Rule 53 doesn't permit such communications absent an order setting out the circumstances such communications are permitted with the court or a party. I believe the parties will seek such an order. I also hope we will streamline the joint calls, or employ shorter, more frequent calls to achieve the same ends.

Keeping the e-discovery effort moving forward in an efficient, responsive and cost-effective way has proven somewhat at odds with also looking back at the problems that led to my appointment. Both are important goals, but I'm coming to conclude that they aren't best addressed simultaneously—leastwise not in the same discussions. My sense is that Mr. Pass, coming lately to the matter, naturally prefers not to dwell on the past. Mr. Gornick, positioned as he was at the short end of the discovery stick for so long, inclines toward a historical perspective. I'm mindful of the need not to forget history lest we repeat it, but the assessment of the past is probably best separated from the mostly productive efforts to unyoke the case from prior difficulties and pursue new progress. I've proposed a mechanism to do that, and the parties are considering my proposal.

Matters have so far proceeded in a cooperative and satisfying way. There was the need to direct rather than facilitate on a handful of issues involving, *inter alia*, databases, deadlines and a dispute involving keyword search terms. Hopefully, I fairly balanced the plaintiff's legitimate need for discovery against the need to define an appropriate expenditure of the defendant's time and resources. Keyword search is a crude discovery tool; however, the newly agreed-upon search terms and targeted additional search accepted by the defendant, coupled with the iterative process the parties must employ, should help them realize keyword search's best chance to uncover responsive documents.

Despite the heavy reliance on keyword search, I've underscored AstraZeneca's need to tailor the precision of their search to data being examined. As I wrote them on October 17:

> There will be regions within AZ's universe of ESI where more exacting approaches will be needed. The collections of certain key custodians may require manual review of particular materials for relevant intervals. Some data sets uniquely geared to the issues before the court may need to be addressed with a finer comb than keyword search. I can't speak to those yet, but they *will* surface and the parties should be vigilant in recognizing that keyword search is not a "set-it-and-forget-it" gadget. AZ must approach identifying and producing its responsive ESI in a multidimensional fashion—including some old fashioned elbow grease where it makes sense—and it is not the plaintiffs' primary responsibility to direct that effort.

This mediated meet and confer process we've followed appears to be working; leastwise both sides have so far expressed their satisfaction with how we are proceeding. No doubt, the improved attention and cooperation is attributable to looming sanctions, but whatever the motivation, the end result appears headed down a smoother road. AstraZeneca has changed or added lawyers, advisors and vendors. Through counsel, AstraZeneca professes to be committed to rectifying prior problems. I've pointedly expressed to Mr. Pass my concern that there needs to be more manpower made available to complete the tasks required. I'm given to understand that the bottleneck is within AstraZeneca and may be a function of competing demands on the schedules of those who possess discoverable ESI. I've impressed upon AstraZeneca's counsel the need to gain those persons' immediate attention and am affording him the opportunity to make it happen.

I'm also concerned about and closely monitoring any material delay arising from Astra Zeneca's change of e-discovery vendor from Zantaz to FTI. I've impressed upon Mr. Pass that a multi-week shutdown of electronic discovery efforts to facilitate handoff of data is simply unacceptable. I've directed Mr. Pass to work with Mr. Gornick to coordinate other tasks such that there is virtually no interruption in the processing and production of ESI.

Weeding out the many problems seen in the production heretofore has proven more elusive. Efforts to replace defective load files, reconcile Bates numbering and resolve questions about blank pages has something of a spit-and-bailing wire feel to them, but the hope is that improved communications and some give-and-take will facilitate salvaging much of the production to-date. I want to give the ongoing piecemeal approaches a fair chance to work; but if they fall short, I will quickly push the parties to more sweeping and reliable corrective measures.

Although many persons contribute to the effort, I want to commend to the court the very helpful roles played by both Mr. Pass for AstraZeneca and Mr. Gornick for the plaintiffs. Mr. Pass has done an excellent job in fostering cooperation in a patient and professional way. Mr. Gornick has likewise been willing to pick his battles wisely and set aside unproductive disputes in support of progress. I'd also be remiss if I didn't acknowledge the enormously helpful contribution of Mr. Jaffe for the plaintiffs. In his mastery of the intricacies of the electronic evidence and cooperative creativity, he has no equal.

By such laurels, I do not want to leave the court with the misimpression that the e-discovery problems will soon end. There is more transparency and cooperation needed and much left to do. There is yet a "two steps forward, one step back" cadence to our progress. But there is progress, and I'm optimistic that it will continue.

Respectfully submitted,

**Craig D. Ball, P.C.**

_____
Craig Ball
Texas Bar No, 01632200
1101 Ridgecrest drive
Austin, Texas 78746
TEL: 512-514-0182
FAX: 512-532-6511
E-MAIL: craig@ball.net
WEB: www.craigball.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I have served a copy of the forgoing on Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel.

_____
Craig Ball
Texas Bar No, 01632200
1101 Ridgecrest drive
Austin, Texas 78746
TEL: 512-514-0182
FAX: 512-532-6511
E-MAIL: craig@ball.net
WEB: www.craigball.com