# EXHIBIT I

EOD 6/3/96

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAY 31 1996
DAVID J. MALAND, CLERK
BY _____ DEPUTY

| | |
|---|---|
| MICHAEL G. TURNER, ET AL | § |
| | § |
| VS. | § No. 5-95V-152 |
| | § |
| FIRESTONE TIRE & RUBBER COMPANY, ET AL | § |

## ORDER

During a status conference in this matter held May 30, 1996, it came to the Court's attention from comments of counsel that Scheduling Order Number One, signed January 11, 1996, has not met the Court's goal of an orderly discovery process and timely progression of this litigation. It was stated to the Court that Plaintiffs' counsel misunderstood the January 11, 1996 order. Consequently, the Court is of the opinion that a more aggressive scheduling order is now required. The Court enters the following amended scheduling order. It is hereby

ORDERED that on or before July 15, 1996, one hundred six (106) plaintiffs shall file separate affidavits (meaning one affidavit pertaining to each individual plaintiff) from medical experts or other qualified experts with respect to each plaintiff's claim of exposure to substances from the Red River Army Depot and claims of damages caused by such exposure. Such affidavits must contain the following with respect to all non-property damage claims of each individual plaintiff:

    a.    The facts and evidence of each individual plaintiff's alleged exposure to allegedly toxic chemicals or substances at or from the Red

1

271

EXHIBIT 16

River Army Depot, including the particular substances to which each plaintiff claims exposure, if known, the manufacturer of the chemicals or substances, a description of the manner, duration and concentration of such alleged exposure, and all facts supporting such claims of exposure. At the option of the plaintiffs, such affidavits may rely upon the affidavit testimony of the plaintiffs concerning their claims of exposure;

b. Each particular illness, injury or condition claimed by each individual plaintiff to have been caused by the alleged exposure described in (a) above;

c. Details of any medical examinations, testing, diagnosis or treatment relied upon by the plaintiff or the plaintiff's expert to support their claims as to (a) and (b) above; and

d. As to each illness, injury or condition claimed by each plaintiff, a sworn statement by a medical expert or other qualified expert that to a reasonable degree of medical probability the exposure described I (a) above was a cause of such illness, injury or condition, and a description of all facts supporting such statement and all medical or scientific literature and authorities relied upon by such expert to support such statement; it is further

ORDERED that on or before August 30, 1996, the remaining plaintiffs who did not submit an affidavit as directed in the preceding paragraph shall file separate affidavits (meaning one affidavit pertaining to each individual plaintiff) from medical experts or other qualified

2

experts with respect to each plaintiff's claim of exposure to substances from the Red River Army Depot and claims of damages caused by such exposure. Such affidavits must contain the following with respect to all non-property damage claims of each individual plaintiff:

    a.    The facts and evidence of each individual plaintiff's alleged exposure to allegedly toxic chemicals or substances at or from the Red River Army Depot, including the particular substances to which each plaintiff claims exposure, if known, the manufacturer of the chemicals or substances, a description of the manner, duration and concentration of such alleged exposure, and all facts supporting such claims of exposure. At the option of the plaintiffs, such affidavits may rely upon the affidavit testimony of the plaintiffs concerning their claims of exposure;

    b.    Each particular illness, injury or condition claimed by each individual plaintiff to have been caused by the alleged exposure described in (a) above;

    c.    Details of any medical examinations, testing, diagnosis or treatment relied upon by the plaintiff or the plaintiff's expert to support their claims as to (a) and (b) above; and

    d.    As to each illness, injury or condition claimed by each plaintiff, a sworn statement by a medical expert or other qualified expert that to a reasonable degree of medical probability the exposure described I (a) above was a cause of such illness, injury or condition, and a description of all facts supporting such statement and all medical or scientific

3

literature and authorities relied upon by such expert to support such statement; it is further

ORDERED that on or before July 15, 1996, plaintiffs shall provide to defendants the following with regard to any expert witness who submits the affidavits described above:

  a.  the qualifications of the witness, including the witness' professional and educational background;

  b.  a list of all publications authored by the witness within the preceding ten years;

  c.  a list of any other cases in which the witness has testified as an expert at trial or in deposition within the preceding four years. The list shall include the styles of the cases, the courts in which the cases were pending, the cause numbers, and whether the testimony was in trial or deposition; it is further

ORDERED that a status conference will be held in this matter on September 3, 1996, at the United States Post Office and Federal Courthouse in Texarkana, Texas, at 2:00 p.m. in order that the Court might review the status of these proceedings, make any amendments to this order, and enter additional scheduling orders.

Signed this 31st day of May, 1996.

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

4