UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

---

This Document Relates to

Deborah Elmore v. AstraZeneca LP, et al., 07-CV-16085
Lisa Grant v. AstraZeneca LP, et al., 07-CV-12145
Kimberly Linder v. AstraZeneca LP, et al., 07-CV-12651
Debra Scott v. AstraZeneca LP, et al., 07-CV-14238
Christine Hernandez v. AstraZeneca LP, et al., 07-CV-15736
Sharon Fashner v. AstraZeneca LP, et al., 07-CV-10265
Jesse Runner v. AstraZeneca LP, et al., 07-CV-10424
Frank Borges v. AstraZeneca LP, et al., 07-CV-00357
Sharon Duvall v. AstraZeneca LP, et al., 07-CV-12443
Wayne Olive v. AstraZeneca LP, et al., 07-CV-10151

### ASTRAZENECA'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS IN THEIR POSSESSION OR <u>HAVE THEIR CASES DISMISSED WITH PREJUDICE</u>

In violation of Case Management Order No. 2 ("CMO 2"), the majority of plaintiffs in this MDL have failed to produce relevant and responsive documents in their possession. As the Court has recognized, plaintiffs' systemic failure to comply with their "basic" discovery obligations to produce documents in their possession is sanctionable. *See* August 22, 2007 MDL Status Conference Tr. at 108:10-109:9. This motion is the first of many motions AstraZeneca intends to file to compel plaintiffs to produce documents or have their cases dismissed with prejudice.

Plaintiffs subject to this motion ("Plaintiffs") are 10 of the 15 plaintiffs selected for case-

specific discovery in August 2007. All have admitted that they have relevant documents, including medical records, pharmacy records, diaries relating to their health and to their Seroquel use, employment records, and Seroquel packaging information in their possession. Although under CMO 2, Plaintiffs were required to produce these documents to AstraZeneca at the time they served their Plaintiff Fact Sheets ("PFS"), they did not do so. Despite AstraZenca's repeated requests and the Court's explicit instructions, Plaintiffs continued to refuse to produce these documents before case-specific discovery of their cases began. As a result, AstraZeneca was forced to depose Plaintiffs and their prescribing and treating physicians without the benefit of key documents and medical records. To date, Plaintiffs still have not produced the documents in their possession. Accordingly, pursuant to Rule 37 of the Federal Rules of Civil Procedure, AstraZeneca moves the Court for an Order to compel Plaintiffs to produce relevant documents in their possession within 14 days or have their cases dismissed with prejudice.

## BACKGROUND

CMO 2 obligates Plaintiffs to serve AstraZeneca with a completed PFS and responsive documents requested therein. *See* CMO 2 at ¶ I. The PFS, in turn, requires Plaintiffs to state whether they have in their possession 19 different categories of relevant materials and produce copies of any such materials to AstraZeneca along with their PFS. Accordingly, under CMO 2, if any of the Plaintiffs has relevant documents such as medical records, pharmacy records, Seroquel packaging and remaining medication, journals, diaries, notes, letters, e-mails, and other documents dealing with his/her health or his/her use of Seroquel, those documents should have been produced at the time the PFS was served. *See* Court-Approved PFS (Ex. A). None of the

2

Plaintiffs, however, produced all the documents in their possession at the time they served their PFS.

As a part of the case-specific discovery program, AstraZeneca noticed Plaintiffs' depositions for August 2007. The Notices of Depositions directed Plaintiffs to bring to their depositions the same 19 categories of documents that should have been produced along with the PFS. *See*, Schedule A to Plaintiff Deborah Elmore's Deposition Notice (Ex. B). Again, none of the Plaintiffs brought relevant documents to their depositions.

At their depositions, each of the Plaintiffs testified that (1) he/she has relevant documents (requested by the PFS and Deposition Notice) in his/her possession; and/or (2) such documents were provided to his/her counsel. Despite AstraZeneca's continued requests for such documents, to date, Plaintiffs have not produced the responsive documents in their, or their counsel's, possession. More specifically:

- Plaintiff Deborah Elmore testified that she sent pharmacy records to her lawyers at Bailey Perrin Bailey and that she made a request to her doctors to provide records or other documents to Bailey. Elmore Dep. Tr. at 17:19 - 18:1, 18:14-22 (Ex. C). She also stated that she has Seroquel packaging, labels and pills. *Id.* at 34:2-6. (Ex. C). Counsel for AstraZeneca again specifically requested each of these materials at Plaintiff's deposition. *Id.* at 19:10-11, 34:8-9. (Ex. C). Ms. Elmore still has not produced these materials.

- Plaintiff Lisa Grant testified that she has the following responsive items in her possession, none of which she produced along with her PFS, nor brought with her to her deposition: her federal tax returns for the past five years; medical bills; Seroquel bottles; handwritten records of self-completed glucose tests; her marriage certificate; and her GED diploma. Grant Dep. Tr. at 56:7-19, 57:15-21, 58:21-25, 67:16 - 68:6, 81:23 - 82:1, 98:9-11 (Ex. D). Despite specific requests for all of these documents at Ms. Grant's deposition, *id.* at 39:22-24, 56:18-19, 57:20-21, 58:24-25, 68:2-3, 81:25 - 82:1, 98:9-11 (Ex. D), only the pill bottles and few prescription records have been produced.

- Plaintiff Kimberly Linder testified that she was currently using Seroquel at the time of her deposition, and thus was in possession of Seroquel packaging, which she failed to bring to her deposition. Linder Dep. Tr. at 12:13-17 (Ex. E). Ms. Linder has not yet produced these materials.

3

- Plaintiff Debra Scott was unaware that she was supposed to bring any documents to her deposition because her attorneys never sent her Schedule A to her Notice of Deposition. Scott Dep. Tr. at 12:13 - 12:17 (Ex. F). Ms. Scott testified that she is in possession of the following documents which she did not bring to her deposition and which have still not been produced: medical records; containers of the Seroquel she is currently taking; a handwritten calendar of doctors' appointments; and receipts of out-of-pocket expenses allegedly caused by Seroquel use. *Id.* at 13:18-20, 13:25 - 14:5, 14:19 - 15:9, 73:17 - 74:2 (Ex. F). Each of these documents was specifically requested at Ms. Scott's deposition. *Id.* at 14:15-17, 15:5-8, 74:10-12 (Ex. F).

- Plaintiff Christine Hernandez testified that she has a tremendous amount of responsive documents, none of which she brought to her deposition. She had never seen her Notice of Deposition, including the attached Schedule A, which would have informed her of the categories of documents she was required to bring. Hernandez Dep. Tr. at 35:12-19 (Ex. G.) These documents included: medical appointment calendars, medication logs, logs relating to the state of Ms. Hernandez' mental and physical health, medical records dating back to the 1980s, pharmacy records, an article discussing Seroquel, Seroquel pills and packaging, records of research on antipsychotics, tax returns, medical bills, records relating to her worker's compensation and Social Security disability claims, and documents relating to Ms. Hernandez's prior civil actions, *Id.* at 12:6 - 12:8, 12:22 - 13:1, 14:6 - 16:2, 18:18 – 24, 36:20 - 38:1, 39:5-25, 40:17 - 40:24, 43:1 - 44:15, 47:12 - 47:25, 50:1 - 51:3, 53:21-25, 54:6 - 54:21, 60: 10-17 (Ex. G). Despite this plethora of responsive documents, Ms. Hernandez claimed on her PFS to have none of the requested materials. Each of these categories of documents was specifically requested at Ms. Hernandez's deposition. *Id.* at 20:25 - 21:4, 45: 2-18, 48: 2-5, 50: 9-10, 54: 2-4, 55:4-6; 61:7-9 (Ex. G). Despite those and other repeated requests, none of these materials have yet been produced to AstraZeneca.

- Plaintiff Sharon Fashner testified that she may have in her possession the following documents that she yet to produce: medical bills, list of medications that she takes, pay stubs, tax returns, documents relating to her social security claim, and a Seroquel bottle with pills in it, as well as information related to her prescription. Fashner Dep. Tr. at 39:7-8; 38:25 - 39:3, 80:13-16, 81:6-16, 78:18-25 (Ex. H).

- Plaintiff Jesse Runner testified that he has in his possession tax returns, and credit card bills for out-pf-pocket medical expenses. Runner Dep. Tr. at 91:2-6, 106:11-20 (Ex. I). All of these items were again specifically requested at Mr. Runner's deposition, but none has been produced. *Id.* at 27:5-8; 91:7-8, 106:21-25 (Ex. I).

- Plaintiff Frank Borges testified that he has in his possession a "booklet" relating to his application for social security disability. Borges Dep. Tr. at 11:17 - 12:13, 27:3-13 (Ex. J). Mr. Borges did not bring this booklet to his deposition and it has still not been produced.

- Plaintiff Sharon Duvall testified that she receives some prescriptions from a mail-order pharmacy that was not disclosed on her PFS, and that she may have some of the documents from this pharmacy in her possession. Duvall Dep. Tr. at 63:21 - 64:16, 66:13-20 (Ex. K). Despite specific requests for these materials at Ms. Duvall's deposition, *id.* at 66:21 - 67:1 (Ex. K), they still have not been produced.

- Plaintiff Wayne Olive repeatedly stated at his deposition that he "turned over to [his] attorney" everything he had in his possession related to Seroquel, although he could not remember what these materials exactly were. Olive Dep. Tr. at 26:2 - 26:23 (Ex. L). Mr. Olive did testify that he has books at home containing his medical appointments. *Id.* at 26:24 - 27:21 (Ex. L). Mr. Olive also testified that he has documents related to the drug Lamictal, which he has turned over to his attorney. *Id.* at 34: 20-25 (Ex. L). To date, AstraZeneca has only received some medical records and pharmacy records from plaintiffs' counsel. Despite repeated requests, Mr. Olive's appointment books, and any other responsive documents he may have turned over to his counsel have not been produced.

## ARGUMENT

AstraZeneca is entitled to the relevant and responsive materials in Plaintiffs' possession. Indeed, the Court has already admonished Plaintiffs' counsel to make absolutely "sure that . . . all the documents that [Plaintiffs have] have been produced [before their depositions]." August 22 MDL Status Conference Tr. at 108:24-109:8. Plaintiffs' failure to produce these materials along with their PFS, or at a minimum in advance of the depositions in their case, has substantially prejudiced AstraZeneca's ability to conduct complete and meaningful depositions of Plaintiffs and/or their doctors. Plaintiffs have had ample opportunity to produce the relevant documents in their possession, and their failure to do so is unjustified. Accordingly, the Court should grant AstraZeneca's motion and compel Plaintiffs to produce any and all relevant materials in their possession within 14 days.

Additionally, in the event that any Plaintiff fails to produce the documents in his/her possession within 14 days of the Court's Order, Plaintiff's case should be dismissed with

prejudice. Federal Rule of Civil Procedure 37 confers upon the Court broad discretion to impose sanctions, including dismissal, for failure of a party to comply with discovery orders. *See In re Baycol Products Litigation*, MDL No. 1431, 03-4709, 2007 WL 2310821, at *2 (D. Minn. August 8, 2007) (*slip op.*) (stating Rule 37 "provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice."). Rule 37(b)(2)(C) provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including an order] dismissing the action or proceeding or any part thereof . . . .

Fed. R. Civ. P. 37(b)(2)(C).

An MDL Court has great "discretion to organize, coordinate and adjudicate its proceedings, *including the dismissal of cases for failure to comply with its orders*." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 06-3810, 2007 WL 2189069, at *2 (8th Cir. Aug. 1, 2007) (emphasis added). Because of the unique nature of multidistrict litigation, MDL courts have dismissed with prejudice the claims of plaintiffs who have failed to meet their threshold discovery obligations. For example, in the PPA MDL, the Ninth Circuit affirmed orders dismissing with prejudice the claims of multiple plaintiffs who failed to provide completed fact sheets. *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1232-1243 (9th Cir. 2006). Noting that the *plaintiffs themselves* prevented their claims from going forward, the Court found that "sound management of the [district] court's docket ... counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." *See id.* at 1233-34.

Plaintiffs' continued failure to comply with CMO 2 and this Court's explicit directives to produce these documents, especially in the face of AstraZeneca's repeated requests, should not be tolerated. Given the volume of the cases in this MDL, any sanction lesser than dismissal with prejudice will be ineffective. "Rule 37 does not require the vain gesture of first imposing . . . ineffective lesser sanctions" when dismissal under subsection (b)(2)(C) is warranted. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993).

Respectfully submitted on October 29, 2007,

/s/ *Fred T. Magaziner*
Fred T. Magaziner
Elizabeth Balakhani
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dellllllllchert.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

**CERTIFICATION OF COUNSEL PURSUANT TO M.D. FLA. L.R. 3.01(g)**

Counsel for AstraZeneca has repeatedly conferred with Plaintiffs' counsel regarding the issues raised in this motion but the parties have not been able to resolve the issues and Plaintiffs have not produced the relevant documents.

/s/ A. Elizabeth Balakhani

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 29, 2007, I electronically filed the foregoing and all supporting documents with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing and all supporting documents have been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ A. Elizabeth Balakhani

# SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

12

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |