# EXHIBIT K

1

```
1            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF FLORIDA
2                      ORLANDO DIVISION

3    IN RE:  SEROQUEL PRODUCTS
     LIABILITY LITIGATION
4    MDL DOCKET NO. 1769
     ----------------------------------
5    This Document Relates to 6:07-cv-12433

6    ----------------------------------

7

8

9                       ORAL DEPOSITION

10                       SHARON DUVALL

11                     August 15, 2007

12

13        ORAL DEPOSITION OF SHARON DUVALL, produced as a

14   witness at the instance of the Defendant and duly

15   sworn, was taken in the above-styled and numbered

16   cause on the 15th day of August, 2007, from 9:55 a.m.

17   to 2:07 p.m., before Shauna Foreman, Certified

18   Shorthand Reporter in and for the State of Texas,

19   reported by computerized stenotype machine at the

20   offices of Bailey Perrin Bailey, 440 Louisiana, Suite

21   2100, Houston, Texas, pursuant to the Federal Rules

22   of Civil Procedure and the provisions stated on the

23   record or attached hereto.

24

25
```

```
 1    stuff like that.
 2        Q.   Okay.  That was sent to you in the mail?
 3        A.   Yes.
 4        Q.   Did your fact sheet come to you in the mail
 5    with that stuff?
 6        A.   I don't remember.
 7        Q.   Okay.
 8        A.   No, not with this stuff because they
 9    FedEx'd it.
10        Q.   I want to go through a couple things in
11    your fact sheet.  I'm sure counsel there can help you
12    follow along.
13             I want to start on Page 4.  We're
14    going to jump around.  Page 4, the letter C in the
15    middle of the page asks you to identify your
16    pharmacies for the past 10 years.
17             Do you see that there?
18        A.   Uh-huh.
19        Q.   Yes?
20        A.   Yes.
21        Q.   And you've listed two pharmacies, Walgreens
22    and Wal-Mart; is that right?
23        A.   Well, we send away for our medication.
24        Q.   Okay.  Let me ask my questions and you give
25    me answers, okay?  You've listed two pharmacies in
```

64

1    response to this, Walgreens and Wal-Mart; is that
2    correct?
3         A.   Yes.
4         Q.   Are there any other pharmacies not listed
5    on here where you receive prescription medications?
6         A.   We send away for it, and I don't know who
7    that is.
8         Q.   You don't know who you send away for it
9    from?
10        A.   No.  My husband takes care of all that.
11        Q.   Well, your husband helped you fill out the
12   fact form, correct?
13        A.   Just looking up addresses and stuff.
14        Q.   But you didn't put on here that you send
15   away for medications, did you?
16        A.   No.
17        Q.   And you don't know who it is you send away
18   for medications from?
19        A.   No.
20        Q.   But your husband has that information?
21        A.   Yes.  We get three months at a time for a
22   month's fee.
23        Q.   When did your husband start sending away
24   for your medications?
25        A.   Ever since we've been married.

```
 1      Q.   Do you submit those for payment to any of
 2   your health insurance companies?
 3      A.   No.  We have to pay for one month for three
 4   months.  You have to pay for your medications.
 5      Q.   Does your health insurance plan cover
 6   medications?
 7      A.   No.
 8      Q.   Do you know that for sure, or are you just
 9   guessing?
10      A.   I don't know.
11      Q.   Does your husband know?
12      A.   I don't know.
13      Q.   Do you have any records in your possession
14   showing that you've ever received medications through
15   this send-away company?
16      A.   No.
17      Q.   Does your husband have any records showing
18   that you've received prescriptions through this
19   send-away service?
20      A.   I don't know.  We get them all the time.
21           MR. HOROWITZ:  Obviously this will be
22   in our follow-up letter, but I would like to know the
23   name of this pharmacy and any records that they have
24   associated with this pharmacy.  This is information
25   that was clearly called for within the fact sheet and
```

67

1   also clearly within the scope of information.

2           MS. PARSONS: We will supplement any
3   appropriate discovery requests that have been made.
4   Otherwise, if you're giving me a new request for
5   production during the course of this deposition, I
6   would say I'm going to object to that as the form.

7           MR. HOROWITZ: Obviously this position
8   clearly is not new. It's covered by the fact sheet,
9   it's covered by the request for documents attached to
10  the fact sheet, it's covered by the notice of
11  deposition. Obviously we're not going to solve this
12  dilemma now, so we'll save it for another day.

13          MS. PARSONS: Obviously. Actually,
14  she already testified as to the items that was
15  included not only in the notice of deposition but
16  also those same items that were included as Exhibit A
17  to the notice of deposition are included in Section 8
18  of the fact sheet, and she's indicated that she did
19  not have any of those items in her possession.
20  However, if she is able to locate and produce those
21  items we will, of course, supplement.

22      Q.  (By Mr. Horowitz) Okay. Let me ask you
23  about Section 8. It's on Page 5. It's a list of
24  medications.

25          Do you see that there?