## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re Seroquel Products Liability Litigation        Case No. 6:06-md-1769-ACC-DAB

MDL Docket No. 1769

THIS DOCUMENT RELATES TO ALL CASES

### ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER BARRING DEFENDANTS' SALES REPRESENTATIVES FROM CONTACT WITH TREATING AND PRESCRIBING PHYSICIANS IN DISCOVERY CASES

Plaintiffs have moved for a "protective order" prohibiting sales representatives of AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca sales representatives") from having any contact with treating and prescribing physicians of Plaintiffs who are candidates for deposition until after the physicians are selected for deposition and, if selected, until after the depositions are taken. Plaintiffs claim that this order is "imperative" because "the representatives have not been controlled" in their communications with physicians. (Pl. Mot. at 1, 5.) Plaintiffs further assert that the sales representatives have improperly "prepared" physicians for deposition and that an order is needed to prevent these contacts. (*Id*. at 1, 3-5.)

When Plaintiffs' hyperbole is stripped away, it becomes apparent that there is no meat on the bone of their assertions. Specifically, the proposed order should be denied for four reasons:

- First, there is no evidence that AstraZeneca sales representatives have been preparing physicians for deposition, improperly influencing physicians before their depositions, or engaging in any sort of witness tampering;

- Second, there is no evidence that AstraZeneca's sales representatives have been discussing confidential patient information with physicians;

- Third, there is no legal support for the protective order Plaintiffs seek – the cited cases cannot seriously be construed to apply to the facts of this case;

- Fourth, the proposed order would violate AstraZeneca's First Amendment rights to engage in commercial speech.

As Plaintiffs have not shown that the requested order is supported by the facts or law, their motion should be denied.

## I. ASTRAZENECA IS NOT ENGAGING IN ANY FORM OF WITNESS TAMPERING.

Although Plaintiffs claim that a protective order is necessary to prevent AstraZeneca sales representatives from "[i]nadvertently or [d]eliberately [i]nfluencing" physicians because AstraZeneca sales representatives are preparing physicians for their deposition, they offer no supporting evidence for this assertion. (Pl. Mot. at 1, 2, 4.) Instead, the only examples cited by Plaintiffs involve situations where it was the *treating physicians* who initiated the contact, requesting that AstraZeneca provide them with general information about weight gain or hyperglycemia. (Pl. Mot. at 4.) In one of the instances, the physician contacted AstraZeneca's medical department – not a sales representative – to request such scientific information about Seroquel.

AstraZeneca sales representatives promote Seroquel to prescribing doctors by providing information about the medication's safety and effectiveness in accordance with the FDA-approved labeling. In doing so, they often respond to inquiries from physicians for information about Seroquel or, where appropriate, submit such inquires to AstraZeneca's medical department so that it may respond. Such contact – conducted in the ordinary course of business – is a far cry from Plaintiffs' allegations that AstraZeneca sales representatives are "preparing" physicians for deposition.

2

The two deposition snippets that Plaintiffs provide do not even come close to supporting Plaintiffs' allegations that sales representatives have been unduly influencing deponent physicians.  In the *Stephens* case, Dr. Wikstrom simply testified that, prior to his deposition, he "sp[oke] with the Seroquel rep." (Pl. Mot. at 4.)  Plaintiffs have not provided the full excerpt on this topic, which, when viewed in full, reflects the lack of any improper communications whatsoever:

> Q   Have you done anything to prepare for this deposition today?
>
> A   No.  Very little.  I did speak with the Seroquel rep.  And I just wanted to review what the average weight gain was in a year if someone was on Seroquel.  And I did the same with Risperdal, because that's the medicine she's been on most of the time and continues to be on.
>
> Q   When did you have that conversation with the Seroquel rep?
>
> A   About two weeks ago.
>
> Q   What was the name of that rep?
>
> A   Nancy White.
>
> Q   And, if can you recall, what did you say and what did she say about weight gain on Seroquel?
>
> A   *I just asked her if she could give me the company's information on it.  She said she would get it for me.*  And then – I have it here somewhere.
>
> \* \* \* \* \*
>
> Q   While you're getting that, Doctor, did you actually discuss this litigation with Nancy White?
>
> A   Yeah.  I mentioned that it was going to occur.
>
> Q   *All right.  Did she say anything substantive about this litigation?*
>
> A   *No.  No.  She knew nothing about it.*

(Deposition of Thomas Wikstrom, M.D., 9/26/07, at 11:02 – 12:10 (emphasis added).)

Importantly, there is no allegation that the AstraZeneca sales representative met with Dr. Wikstrom for the purpose of "preparing" him for the deposition, and there is no suggestion in Dr. Wickstrom's testimony that AstraZeneca even initiated the discussion. Nor is there any allegation that the AstraZeneca sales representative provided false information or attempted to influence Dr. Wikstrom to provide false testimony. In fact, as Mr. Wikstrom makes clear, the AstraZeneca sales representative "knew nothing about" the litigation or the deposition.

In the *Ellerbee* case – the second case cited by Plaintiffs – Dr. Schneir testified that, prior to his deposition, he contacted the AstraZeneca medical department to "request some information from AstraZeneca on literature pertaining to hyperglycemia." (Pl. Mot. at 4.) As he made clear at his deposition, Dr. Schneir himself initiated the contact with AstraZeneca, and he did it through the corporate medical department, *not* a sales representative. He did not state that he met with any AstraZeneca employee to "prepare" for his deposition; nor did he state that he ever discussed the deposition or his testimony with anyone at AstraZeneca. And as in the *Stephens* case, there is no allegation that AstraZeneca provided false information or attempted to influence Dr. Schneir to provide false testimony.

Accordingly, neither of these examples provides any basis for Plaintiffs' suggestion that AstraZeneca is "preparing" physicians for deposition. In both cases, the contact was initiated by the physician and there is no evidence whatsoever suggesting any discussions about the deposition or the testimony that the physician would give at that deposition. Both incidents involved the provision of legitimate scientific information about the product to a treating physician who requested such information from the company. An order that stops such contacts could be harmful to the public health, in that it would prevent AstraZeneca from communicating to physicians the safety and efficacy profile of Seroquel. Surely, AstraZeneca

4

should not be precluded from providing efficacy and safety information about Seroquel to physicians – who prescribe Seroquel to improve the health and welfare of their patients – merely because litigation is pending.

Further, to the extent any deponent physician may request information about this litigation, the AstraZeneca sales representatives already have been instructed not to initiate any discussions about the Seroquel litigation, and if a physician asks about the litigation, the sales representatives have been told to respond: "I can't comment on pending litigation." (Ex. A.) There is no evidence that any AstraZeneca sales representative has contravened this instruction in any respect. Plaintiffs' claims that the sales representatives have not been "controlled," therefore, are baseless.

## II.  ASTRAZENECA SALES REPRESENTATIVES ARE NOT DISCUSSING CONFIDENTIAL PATIENT INFORMATION WITH PHYSICIANS.

Not being able to prove the existence of any improper communications, Plaintiffs rely on the mere *possibility* that discussions between Plaintiffs' physicians and sales representatives may breach the confidentiality provided for Plaintiffs' medical records and information. This suggestion, however, is clearly intended to create an issue where one does not exist. While it is important that the confidentiality of Plaintiffs' medical information be maintained, Plaintiffs have no basis for even hinting at any confidentiality breach.[1] Neither of the deposition excerpts cited by Plaintiffs reflects any discussions of plaintiff-specific information. Moreover, the physicians themselves are bound by the patient-physician

---

[1] Florida's physician-patient privilege statute has been strictly interpreted to protect only the "patient's right to confidentiality with respect to information disclosed to a health care provider in the course of the care and treatment of a patient." *West v. Branham*, 576 So. 2d 381, 383 (Fla. App. 1991). *See also Phillips v. Ficarra*, 618 So. 2d 312, 314 (Fla. App. 1993) (the statute "prohibits communications between a doctor and a third party *regarding the medical condition of the doctor's patient*") (emphasis added).

confidentiality privilege and there is no reason that they should not be trusted to maintain that confidentiality. In short, there is no allegation of any sort that AstraZeneca sales representatives are discussing privileged or confidential patient-specific information with *any* physicians, let alone physicians of Plaintiffs in this litigation. The mere possibility of such communications – without more – cannot provide a basis for the protective order that Plaintiffs seek.

### III. PLAINTIFFS HAVE OFFERED NO LEGAL SUPPORT FOR THE PROTECTIVE ORDER THAT THEY SEEK.

Not only is there no factual support for any protective order, but there is a complete lack of legal support as well. Plaintiffs cite only to general propositions that a judge has authority to "supervise" a proceeding, which may include issuing protective orders. (Pl. Mot. at 5-6.) Plaintiffs, however, have not cited to a single case in which a court has actually issued anything akin to the broad protective order that they have requested. Nor have they cited to any case in which communications conducted in the ordinary course of business between a physician and a sales representative were prohibited once that physicians' patient filed a lawsuit against the drug manufacturer.

Instead, Plaintiffs cite a few cases in which courts issued protective orders barring contact with witnesses under strikingly different fact patterns than the one presented here. (Pl. Mot. at 7.) In the cases cited by Plaintiffs, the courts prohibited contact with witnesses because, *e.g.,* the witnesses were represented by counsel, they were being harassed, or they were being threatened. (Pl. Mot. at 7.) For example, in *Murata Mfg. Co. v. Bel Fuse Inc.*, No. 03 C 2934, 2004 WL 1194740 (N.D. Ill. May 26, 2004), the court issued a protective order prohibiting a plaintiff in a patent case from contacting defendant's customers because the court found that the contact was not for the purpose of discovery of relevant information but for the purpose of

harassment. In *Long Island Lighting Co. v. Allianz Underwriters Ins. Co.*, 771 N.Y.S.2d 123 (N.Y. App. 2004), the court prohibited the defendant from *ex parte* communications with the plaintiff's former employees, apparently because counsel for both parties were contacting the former employees in an attempt to offer legal representation. In *Canadian Amer. Oil Co. v. NLRB*, 82 F.3d 469 (D.C. Cir. 1996), the appellate court noted that the lower court *could have* issued a protective order restricting union officials' contact with employees *based on reports of intimidation and threats of violence by union officials against the employees*. Clearly, none of these cases even come close to supporting Plaintiffs' position here.

The tenuous nature of Plaintiffs' argument is revealed by their claim that "[w]e must prevent scenarios in which a physician only remembers what he has been recently told by the sales representative or has read on company hand-outs and materials," while at the same time asserting that Plaintiffs' counsel are able to meet with Plaintiffs' physicians *ex parte* before their depositions. (Pl. Mot. at 7, n. 2.) In other words, Plaintiffs want exclusive contact with physicians before their depositions to show them cherry-picked AstraZeneca internal documents, and with no legitimate basis at all, they seek to prevent AstraZeneca's sales force from conducting its ordinary course of business – including providing physicians general information about diabetes and weight gain – even when the physicians request such information.

In short, there is no reason for this Court to take the unprecedented step of entering the protective order requested by Plaintiffs, which would interfere with communications made in the ordinary course of business. Without either law or facts on Plaintiffs' side, their motion should be denied.

## IV. THE PROTECTIVE ORDER REQUESTED BY PLAINTIFFS WOULD VIOLATE ASTRAZENECA'S FIRST AMENDMENT RIGHTS.

Finally, given Plaintiffs' failure to proffer any evidence of unlawful or deceptive communications by AstraZeneca, the requested protective order would violate AstraZeneca's First Amendment rights to engage in commercial speech. The Supreme Court has recognized that advertising and soliciting of pharmaceutical drugs constitutes commercial speech protected by the First Amendment. *See, e.g., Thompson v. W. States Med. Ctr.*, 535 U.S. 357, 366 (2002). There can be no question that "publication of beneficial information about drugs or treatment," including information that "which calls attention to medicines, devices, compounds, treatments or preparations for . . . diseases or conditions which are approved by recognized medical authorities as beneficial" is protected by the First Amendment. *See People v. Leverson*, 8 Cal. Rptr. 734, 735 (Cal. App. Dep't Super. Ct. 1960); *see also IMS Health Inc. v. Ayotte*, 490 F. Supp. 2d 163, 175 (D.N.H. 2007) (pharmaceutical sales detailing practices are protected by First Amendment and restrictions on such detailing "are subject to First Amendment scrutiny because they affect both the speaker's ability to communicate with his intended audience and the audience's right to receive information"); *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 766 (1978) (discussing a corporation's First Amendment freedom of speech rights).

As long as such commercial speech concerns a lawful activity and is not misleading, the government may not regulate the speech unless: (1) the asserted governmental interest is substantial; (2) the regulation directly advances the asserted government interest; and (3) the regulation is no more extensive than necessary to further the governmental interest. *See Central Hudson Gas & Elec. Corp. v. Public Serve. Comm'n of N.Y.*, 447 U.S. 557, 566 (1980); *accord IMS Health*, 490 F. Supp. 2d at 177. As the proponent of the speech restriction here, Plaintiffs bear the burden of establishing that each of these requirements is met. *See, e.g., Bolger*

8

*v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 71 n.20 (1983).  Courts have applied this test to restrictions on information and advertising about pharmaceutical drugs.  *See, e.g., Thompson*, 535 U.S. at 367-78; *Knoll Pharm. Co. v. Sherman*, 57 F. Supp. 2d 615, 621-23 (N.D. Ill. 1999).  In doing so, courts have recognized that

> "[h]ealth care providers are highly trained professionals who are committed to working in the public interest.  They certainly are more able than the general public to evaluate truthful pharmaceutical marketing messages.  Accordingly, the State simply does not have a substantial interest in shielding them from sales techniques that enhance the effectiveness of truthful and non-misleading marketing information.  Instead, if the State is concerned that truthful detailing is causing health care providers to make inadvisable prescribing decisions, 'the remedy to be applied is more speech, not enforced silence.' "

*IMS Health*, 490 F. Supp. 2d at 181, quoting *Whitney v. Calif.*, 274 U.S. 357, 377 (1927) (Brandeis, J. concurring).

Plaintiffs assert that these fundamental principles should not apply when the parties are involved in litigation, while citing no case law for the assertion that AstraZeneca's First Amendment rights are somehow diminished because it is a defendant in a lawsuit.  Moreover, as discussed above, there is *no* substantial government interest in support of the requested protective order here, given that Plaintiffs have failed to show *any* type of improper communications or tampering with witnesses.  Further still, Plaintiffs have not even tried to satisfy their burden to establish that the protective order they seek is no more extensive than necessary to remedy any supposed misconduct of AstraZeneca.  As a result, Plaintiffs' proposed order would infringe upon AstraZeneca's First Amendment right to engage in commercial speech.

9

## **CONCLUSION**

In conclusion, based on the foregoing reasons, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP respectfully request that Plaintiffs' Motion for Protective Order Barring Defendants' Sales Representatives from Contact with Treating and Prescribing Physicians in Discovery Cases be DENIED in full.


DATED:     10/29/2007                    s/ Michael W. Davis
                                                       Michael W. Davis
Susan A. Weber
Sherry A. Knutson
Kara L. McCall
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:    (312) 853-7000
Facsimile:     (312) 853-7036
E-mail:          mdavis@sidley.com
                    jmizgala@sidley.com

Fred T. Magaziner
Shane T. Prince
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone:    (215) 994-4000
Facsimile:     (215) 994 2222
E-mail:          fred.magaziner@dechert.com
                    shane.prince@dechert.corn

Attorneys for Defendants AstraZeneca
Pharmaceuticals LP and AstraZeneca LP

**CERTIFICATE OF SERVICE**

      I hereby certify that, on the 29th of October, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that there are no non-CM/ECF participants listed as counsel of record in this case.

                                                              s/ Michael W. Davis
                                                    Michael W. Davis
                                                    SIDLEY AUSTIN LLP
                                                    One South Dearborn Street
                                                    Chicago, IL  60603
                                                    Telephone:   (312) 853-7000
                                                    Facsimile:    (312) 853-7036
                                                    E-mail:       mdavis@sidley.com
                                                                              jmizgala@sidley.com

                                                  Attorneys for Defendants AstraZeneca
                                                 Pharmaceuticals LP and AstraZeneca LP

CH1 3992502v.2

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiff s' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew E. Pawa, Esq.<br>Law Offices of Matthew E. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@jensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and. AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** (via U.S. Mail) | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** (via U.S. Mail) |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** (via U.S. Mail) | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** (via U.S. Mail) |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | John Driscoll, Esq.<br>Brown & Crouppen; PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John K. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>(via U.S. Mail) | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 259<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J: Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@earthlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D.Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |

CH1 4035149v.3