## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation | Case No. 6:06-md-01769-ACC-DAB |
| MDL Docket No. 1769 | |
| | **PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| DOCUMENT RELATES TO ALL CASES | |

By way of this motion, Plaintiffs seek relief from continued prejudice occasioned by AstraZeneca's failure to produce documents responsive to Plaintiffs' specific requests for production. Despite several meet and confers and multiple promises from AstraZeneca that the requested documents would be forthcoming, Plaintiffs have not received entire categories of documents, many of which were requested more than five months ago. As a result, Plaintiffs have been severely prejudiced by having to prepare for and take depositions of AstraZeneca's witnesses without the benefit of these documents. In several cases described below, AstraZeneca has agreed to produce certain documents by specific dates in the future. However, because AstraZeneca has made similar promises in the past and repeatedly failed to live up to these promises, Plaintiffs address those documents as well.

### I.   BACKGROUND

Plaintiffs have served AstraZeneca with four sets of requests for production. The first set was served on May 25, 2007. After meeting and conferring with AstraZeneca on June 7, 2007 in Philadelphia, Plaintiffs served an amended first request for production ("First Requests") on June 11, 2007. AstraZeneca served objections and responses to the First Requests on June 25, 2007, a copy of which is attached hereto as Exhibit 1. AstraZeneca served amended objections and

1

responses to the First Requests on July 3, 2007, a copy of which is attached hereto as Exhibit 2. AstraZeneca served second amended objections and responses to the First Requests on October 11, 2007, a copy of which is attached hereto as Exhibit 3.

Plaintiffs served AstraZeneca with their second request for production ("Marketing Requests") on June 26, 2007, following the June 7, 2007 30(B)(6) deposition of AstraZeneca Marketing Director, Charles Peipher.    These requests sought documents and materials specifically related to the marketing of Seroquel.  The parties conferred by telephone about these requests on July 13, 2007 and August 16, 2007.  AstraZeneca served objections and responses to the Marketing Requests on July 26, 2007, a copy of which is attached hereto as Exhibit 4. AstraZeneca served amended objections and responses to the Marketing Requests on the evening of October 23, 2007, a copy of which is attached hereto as Exhibit 5.

Plaintiffs served AstraZeneca with their third request for production ("Sales Requests") on July 6, 2007, following the June 20, 2007 30(B)(6) deposition of AstraZeneca National Sales Director, Alfred Paulson.  These requests sought documents and materials specifically related to the sales strategy and materials for Seroquel.  AstraZeneca served objections and responses to the Sales Requests on August 6, 2007, a copy of which is attached hereto as Exhibit 6.  The parties conferred about these requests on August 16, 2007.  On October 11, 2007, AstraZeneca served amended objections and responses to the Sales Requests, a copy of which is attached hereto as Exhibit 7.

Plaintiffs served AstraZeneca with their fourth request for production ("PRA Requests") on July 23, 2007 following the July 18, 2007 30(B)(6) deposition of AstraZeneca's Director of Promotional Regulatory Affairs, James Gaskill.  AstraZeneca served objections and responses to the PRA Requests on August 22, 2007, a copy of which is attached hereto as Exhibit 8.  On

2

October 11, 2007, AstraZeneca served amended objections and responses to the PRA Requests, a copy of which is attached hereto as Exhibit 9.

Plaintiffs and AstraZeneca have met and conferred in person, over the telephone and in writing on several occasions in order to resolve the issues relating to these requests for production.   Although Plaintiffs' requests for production were served several months ago, AstraZeneca has still failed to produce entire categories of responsive documents despite its repeated promises to do so.

Plaintiffs are in the process of deposing AstraZeneca witnesses.   The deposition of Denise Campbell, AstraZeneca's Direct-To-Consumer Marketing Director, was taken on October 10-11, 2007.   AstraZeneca did not provide its amended responses to the Marketing Requests until approximately two weeks after the deposition.   The second deposition of James Gaskill was taken on October 25-26, 2007.   Yet AstraZeneca has still failed to provide documents requested through the PRA requests, or has failed to identify previously produced PRA documents, which number more than 62,000 pages, by bates number.   The deposition of Susanne Fors, AstraZeneca's Director of Global Regulatory Affairs, is being taken on October 31-November 1, 2007.   AstraZeneca has advised that documents relevant to this deposition will not be provided until mid-November.

As the Court is aware, Plaintiffs have requested the depositions of twenty-five (25) AstraZeneca representatives.   Though Plaintiffs have been requesting deposition dates for these witnesses for months, AstraZeneca has provided dates for only eighteen (18) of the identified witnesses.   Plaintiffs have noticed the depositions of those witnesses.   With the exceptions of the weeks of Thanksgiving and Christmas, one or two of these depositions are scheduled to take place each week until the end of the year.   Upon being notified by Plaintiffs' counsel that

AstraZeneca had not produced documents responsive to the requests for production that were particularly relevant to the depositions of Susanne Fors and James Gaskill, AstraZeneca suggested Plaintiffs reschedule the depositions until such time as AstraZeneca had produced all relevant documents.   Given the Court's current discovery deadlines, the crammed deposition schedule, and the time and effort it has taken to get the eighteen (18) depositions scheduled, Plaintiffs have declined to postpone general discovery simply because AstraZeneca has again failed to produce relevant documents in a timely manner.

## II.   PLAINTIFFS' FIRST REQUESTS

### A.   ASTRAZENECA HAS PROMISED AND FAILED TO PRODUCE NUMEROUS CATEGORIES OF DOCUMENTS.

Although Plaintiffs' First Requests were served approximately five months ago, AstraZeneca still has not produced many responsive documents which AstraZeneca indicated have been gathered and/or are being processed and/or will be gathered and produced/supplemented.   Below is a list of the requests to which Plaintiffs are still awaiting promised documents along with a general description of the requests.   Each of these requests seeks documents and materials relating to Seroquel.

### (1)   Request Nos. 5 and 6- Senior Executive Team (SET) meeting minutes, agendas and discussion:

In its June 25, 2007 responses, AstraZeneca asserted objections to these requests and stated it was in the process of determining whether responsive documents exist.  *See* Exhibit 1, p. 11.   In its July 3, 2007 responses, AstraZeneca removed its objections and stated that the requested materials were being gathered and would be produced.  *See* Exhibit 2, pp. 10-11. AstraZeneca anticipated this process would take <u>four to five weeks</u>.  *See id.*  In its October 11, 2007 amended responses, AstraZeneca stated it has gathered and is processing the documents but

that some redaction would be necessary. *See* Exhibit 3, p. 11. Plaintiffs have still not received these documents even though, according to AstraZeneca's July responses, Plaintiffs should have received the documents in August. AstraZeneca has not provided any explanation for this delay. On October 23, 2007, AstraZeneca advised that it *expects* to produce these documents by October 29, 2007. *See* October 23, 2007 letter from AstraZeneca counsel, Kevin Kerns, to Plaintiffs' counsel, Holly Wheeler, attached hereto as Exhibit 10.

    (2)    **Request No. 7 - Communications between SET members:**

In its July 3, 2007 responses, subject to its objections, AstraZeneca stated that it would run searches for such documents in the appropriate files, employing search terms "Seroquel" and "quetiapine." *See* Exhibit 2, p. 11. In its October 11, 2007 responses, AstraZeneca stated that it is collecting documents from SET members and will run searches for such documents in the appropriate files, employing search terms "Seroquel" and "quetiapine." *See* Exhibit 3, pp. 11-12. Plaintiffs have not received these documents. In fact, based on AstraZeneca's most recent responses, it appears AstraZeneca has not even begun searching for responsive documents. Furthermore, limiting its search by employing only the terms "Seroquel" and "quetiapine" was never agreed to by Plaintiffs and is clearly inadequate. On October 23, 2007, AstraZeneca advised that it did not limit its search to the terms "Seroquel" and "quetiapine," that responsive documents have already been produced (no bates numbers were provided), and that it will produce additional responsive documents by November 1, 2007. *See* Exhibit 10.

    (3)    **Request No. 10 - United States Leadership Team (USLT) meeting discussion documents:**

In its June 25, 2007 responses, AstraZeneca asserted numerous objections and privileges and stated that some USLT meeting minutes have been produced and additional meeting minutes and agendas would be produced. *See* Exhibit 1, p. 13. No bates numbers were provided for the

documents previously produced. *See id.* In its July 3, 2007 responses, AstraZeneca removed its objections and assertions of privilege and again indicated that some USLT minutes have been produced and additional minutes and agendas will be produced. *See* Exhibit 2, p. 12. Again, bates numbers were not provided. *See id.* AstraZeneca further indicated that it had requested the documents from the person responsible for maintaining the documents, that some redaction would be necessary, and that it would take a <u>few weeks</u> before AstraZeneca could produce the documents. *See* Exhibit 2, p. 12. In its October 11, 2007 responses, AstraZeneca stated that it had gathered potentially responsive documents which are being processed, but indicated that some redaction would be necessary. *See* Exhibit 3, p. 13. Again, according to its July responses, AstraZeneca should have provided the documents in July. Plaintiffs still have not received these documents even though three (3) months have passed since AstraZeneca's promised production date. On October 23, 2007, AstraZeneca advised that it will produce these documents by October 29, 2007. *See* Exhibit 10. To the extent AstraZeneca honors its commitment, this issue may become moot.

      **(4)    Request No. 12 - Patient information sheets intended for dissemination in Japan, the United Kingdom, Australia, Canada, Sweden and any other in foreign country and any existing English translations:**

In its June 25, 2007 responses, AstraZeneca asserted numerous objections. *See* Exhibit 1, p. 14. In its July 3, 2007 responses, AstraZeneca asserted the same objections but indicated that it would produce patient information sheets for Japan, the United Kingdom, Australia, Canada, and Sweden that reside in the GEL (Global Electronic Library) database. *See* Exhibit 2, p. 13. On August 21, 2007, AstraZeneca advised that it expected to receive Swedish documents responsive to Request Nos. 12-14 that week and would immediately send them off for processing

and production.  *See* August 21, 2007 email from Kevin Kerns to Ed Blizzard and Holly Wheeler, attached hereto as Exhibit 11.

On September 5, 2007, AstraZeneca advised as follows:

"Over the past several weeks or so we have sought to obtain correspondence between the third-party marketing company (Astellas) that markets Seroquel in Japan and Japanese regulators. After some effort, we have secured Astellas' agreement to provide us with:

- all Annual Safety Reports for Seroquel, which includes (i) the safety information relating to Seroquel for the calendar year in question and (ii) Astellas's analysis and comments therefor, and all written and formal communication between Astellas and the Japanese MHLW relating thereto;
- the Reevaluation Report for Seroquel, which includes (i) the safety information relating to Seroquel for six (6) years from the date of the grant of the Manufacturing Approval for Seroquel in Japan (i.e. December 6, 2000) and (ii) Astellas's analysis and comments therefor, and all written and formal communication between Astellas and the Japanese MHLW relating thereto;
- all Package Inserts for Seroquel (together with their respective cover letters) and all written and formal communication between Astellas and the MHLW relating thereto;
- all Japanese Dear Dr. Letters (if any);
- all Queries relating to Seroquel's clinical safety information from the Japanese MHLW and Astellas's Response to those Queries (if any).

We expect to receive these materials by September 15, 2007, and process them for production shortly thereafter."

*See* September 5, 2007 email from Kevin Kerns to Ed Blizzard and Holly Wheeler, attached hereto as Exhibit 12.

In its October 11, 2007 responses, AstraZeneca asserted the same objections, identified bates numbers for responsive documents from the United Kingdom and Canada, indicated that patient information sheets from Japan and Sweden were being processed for production, and that it would produce patient information sheets from Australia, to the extent they exist, as soon as feasible.  *See* Exhibit 3, p. 14.  Plaintiffs still have not received documents from Japan, Sweden, Australia or any other for country besides the UK and Canada.  On October 23, 2007, AstraZeneca advised that patient information sheets from Canada were previously produced and

7

identified bates numbers, that it will produce patient information sheets from Sweden by October 29, 2007, and will produce Japan and Australia patient information sheets "as quickly as possible." *See* Exhibit 10. Plaintiffs still have not received these documents.

    (5)    **Request No. 13 - Dear Doctor/Healthcare Provider letters disseminated in foreign countries and any existing English translations:**

In its June 25, 2007 responses, AstraZeneca asserted numerous objections. *See* Exhibit 1, p. 15. In its July 3, 2007 responses, AstraZeneca asserted the same objections but indicated that it would produce Dear Doctor Letters for Japan, the United Kingdom, Australia, Canada, and Sweden that reside in the GEL database. *See* Exhibit 2, p. 14. In its October 11, 2007 responses, AstraZeneca asserted the same objections, stated that it does not believe any Dear Doctor Letters were sent in the UK and Australia, and stated that it is processing responsive documents from Canada, Sweden and Japan for production. *See* Exhibit 3, pp. 14-15. Plaintiffs still have not received these documents. On October 23, 2007, AstraZeneca advised that Dear Doctor letters disseminated in Canada were previously produced and identified the bates numbers. *See* Exhibit 10. AstraZeneca also advised that it does not believe Dear Doctor letters were disseminated in the UK or Australia and that it hopes to produce responsive documents from Sweden and Japan by November 5, 2007. *See id.*

    (6)    **Request No. 14 - Draft package inserts, patient information sheets and Dear Doctor/Healthcare Provider letters that were prepared for any foreign country and any existing English translations:**

In its June 25, 2007 responses, AstraZeneca asserted numerous objections and privileges. *See* Exhibit 1, pp. 15-16. In its July 3, 2007 responses, AstraZeneca asserted the same objections and privileges but indicated it would produce responsive documents for Japan, the UK, Australia, Canada and Sweden that reside in the GEL database. *See* Exhibit 2, pp. 14-15. In its October 11, 2007 responses, AstraZeneca asserted the same objections and privileges, identified bates

number ranges for final patient information sheets and package inserts for the UK and Canada, stated that final patient information sheets, package inserts and Dear Doctor letters for Japan are being processed for production, that it is collecting and processing final patient information sheets, to the extent they exist, and package inserts from Australia and Sweden, that Dear Doctor Letters for Canada and Sweden are being processed for production, and that AstraZeneca does not believe Dear Doctor Letters were sent in the UK and Sweden. *See* Exhibit 3, pp. 15-16.

It is Plaintiffs' understanding that the GEL database automatically deletes drafts of stored documents once the documents are finalized/approved and that AstraZeneca has not taken any measures to modify the database in order to ensure that such drafts are not deleted. Therefore, it is Plaintiffs understanding that any drafts that did exist at one time in the GEL database no longer exist. On October 23, 2007, AstraZeneca advised that final versions of the requested documents are being collected. *See* Exhibit 10. Plaintiffs have not received these documents.

(7)     **Request No. 24 - Drafts and amendments to clinical study report 125:**

Study 125 was a Phase IV international study that compared the effect on glucose metabolism of Seroquel, Zyprexa and Risperdal in the treatment of patients with schizophrenia. Study 125 is also known as the STAGE (Schizophrenia Trial to evaluate Atypical antipsychotic Glucose Effects). Documents and communications related to this study are particularly relevant to Plaintiffs' claim that Seroquel therapy causes weight gain, metabolic syndrome, hyperglycemia and diabetes. This study monitored those conditions in patients treated with Seroquel and its competitors.

In its June 25, 2007 responses, AstraZeneca asserted numerous objections and privileges but stated that it has or will produce the clinical study report of Study 125 and any amendments thereto. *See* Exhibit 1, pp. 22-23. To the extent documents had already been produced, no bates

9

numbers were identified. In its July 3, 2007 responses, AstraZeneca removed its assertions of privilege and all objections except its objection to the request to the extent it seeks documents that are not obtainable. *See* Exhibit 2, p. 21. AstraZeneca indicated that it has or will produce the clinical study report of Study 125 and any amendments thereto. *See id.* Again, however, no bates numbers were identified. In its October 11, 2007 responses, AstraZeneca asserted the same objection, finally identified bates number ranges for responsive documents, and indicated that appendices to Study 125 clinical report would be produced. *See* Exhibit 3, p. 23. On October 23, 2007, AstraZeneca advised that it is processing those appendices. *See* Exhibit 10. Plaintiffs still have not received the appendices.

(8)     **Request No. 39 - Standard Operating Procedure (SOP) compliance reports:**

In its June 25, 2007 responses, AstraZeneca asserted numerous objections and privileges. *See* Exhibit 1, p. 31. In its July 3, 2007 responses, AstraZeneca asserted the same objections and privileges but indicated it would produce all such reports to the extent they relate to Seroquel. *See* Exhibit 2, p. 27. AstraZeneca's October 11, 2007 response to this request is identical. *See* Exhibit 3, p. 30. Plaintiffs have not received any documents responsive to this request. On October 23, 2007, AstraZeneca advised that these materials would require significant redaction and it anticipates the documents will be produced by the end of November. *See* Exhibit 10. Plaintiffs were entitled to receive these documents at the end of June. There is no excuse for a five month delay in the production of these documents.

(9)     **Request No. 41 - Regulatory queries and responses:**

Plaintiffs seek all regulatory queries, foreign and domestic, and responses to those queries regarding Seroquel. In its June 25, 2007 responses, AstraZeneca asserted numerous objections and indicated that responsive documents relating to Seroquel in the U.S. had been produced or

would be produced if located.  *See* Exhibit 1, p. 33.  In its July 3, 2007 responses, AstraZeneca expanded on its objections and indicated it would be willing to produce all U.S. regulatory queries and responses, which would take <u>four to six weeks</u> to retrieve from the GEL database, or an index which would include dates, record numbers and summaries of responsive documents. *See* Exhibit 2, pp. 28-29.

On August 21, 2007, AstraZeneca agreed to produce queries from foreign regulatory authorities and responses for the Netherlands, Australia and Canada that reside in the GEL database.  *See* Exhibit 11.  AstraZeneca further advised that the UK regulatory correspondence is not in GEL but is centrally stored, that AstraZeneca personnel were manually pulling all safety and labeling correspondence with the UK authorities, and these materials were being processed for production.  *See id*.  Lastly, AstraZeneca advised that Swedish correspondence is partly in hard copy form and partly stored in GEL and is not translated.  *See id*.  However, because the Netherlands is the "Reference Member State" for the European Union for the Seroquel compound, some fourteen (14) European countries, including Sweden, follow the Netherlands regarding regulatory matters relating to Seroquel.  *See id*.  Thus, anything that was sent to Swedish authorities was also sent to regulatory authorities in the Netherlands and, by giving the Plaintiffs a complete download of correspondence with authorities in the Netherlands in GEL (the large majority of which is in English), the Plaintiffs will have a complete set of what was sent to Swedish authorities.  *See id*.  As already described above, AstraZeneca agreed to produce Japanese regulatory queries, if any, shortly after September 15, 2007.  *See* Exhibit 12.

In its October 11, 2007 responses, AstraZeneca asserted the same numerous objections and indicated that it was processing the above-referenced index.  *See* Exhibit 3, p. 31. AstraZeneca further indicated that it would produce responsive documents from the GEL

database for the Netherlands, Australia, and Canada, and the UK documents relating to safety and labeling to the extent they exist in a central location, which had been collected and were being processed for production. *See id* at p. 32. AstraZeneca further indicated that it was processing documents from Japan for production. *See id*. at pp. 32-33. Plaintiffs still have not received any of these documents.

As indicated above, the deposition of AstraZeneca's Global Regulatory Affairs Director is scheduled to begin on October 31, 2007. The requested documents, as well as those responsive to Request Nos. 13, 14, 34 and 42 are particularly relevant to the subject matter of that deposition. On October 23, 2007, AstraZeneca advised that it would not be producing most of these responsive documents until November even though these documents were requested more than five months ago. *See* Exhibit 10. AstraZeneca's failure to produce these documents prior to the deposition of AstraZeneca's Global Regulatory Affairs Director has severely prejudiced Plaintiffs.

### (10)    Request No. 42 - Marketing company queries and responses:

In its June 25, 2007 responses, AstraZeneca asserted numerous objections to this request. *See* Exhibit 1, pp. 33-34. In its July 3, 2007 responses, AstraZeneca continued to assert numerous objections and stated that marketing queries and responses are not centrally filed. *See* Exhibit 2, p. 30. AstraZeneca further indicated that responsive documents were from certain custodial files and that those documents would be identified by bates numbers. Lastly, AstraZeneca stated that marketing company queries go to GDSP if Global Medical Affairs cannot answer a query by using a standard response, and that AstraZeneca would produce the standard responses if possible. *See id*. In its October 11, 2007 responses, AstraZeneca asserted the same objections, stated it will produce standard responses that are accessible from the

12

QUEST database, and provided numerous bates numbers for documents previously produced from certain custodial files for the years 2000-2006.  *See* Exhibit 3, pp. 33-34.  Plaintiffs still have not received the QUEST materials or responsive documents dated prior to 2000.  On October 23, 2007, AstraZeneca advised that these documents are being processed for production but did not advise when these documents would be produced.  Plaintiffs have not yet received these documents.

(11)   **Request No. 54 - Material prepared for Barry Arnold for seminars, conferences and presentations on the subject of pharmacovigilance and safety surveillance:**

Barry Arnold is AstraZeneca's Vice President of Global Drug Safety.  Mr. Arnold participates in conferences all over the world on the topic of drug safety.  Although asserting various objections to this request (*see* Exhibit 1, p. 40; Exhibit 2, p. 34-35; Exhibit 3, pp. 43-44), in its July 3, 2007 responses, AstraZeneca stated that it would produce responsive documents. *See* Exhibit 2, p. 36.  In its more recent responses, AstraZeneca stated that it would produce responsive documents *from Mr. Arnold's custodial file*.  *See* Exhibit 3, p. 43.  Plaintiffs' request is not so limited and Plaintiffs still have not received any documents responsive to this request. On October 23, 2007, AstraZeneca indicated it would produce these documents by November 1, 2007.  *See* Exhibit 10.

(12)   **Request No. 56 - Minutes of meetings from the Benefit/Risk Team for Seroquel:**

Although initially asserting numerous objections to this request (*see* Exhibit 1, p. 41), AstraZeneca removed its objections and stated it would produce responsive documents.  *See* Exhibit 2, p. 36.  In its October 11, 2007 responses, AstraZeneca stated responsive documents are being processed.  *See* Exhibit 3, p. 36.  On October 23, 2007, AstraZeneca advised it would produce responsive documents by November 5, 2007.  *See* Exhibit 10.

(13)   **Request No. 57 - Discussion documents for meetings of the Benefit/Risk Team:**

As with Request No. 56, AstraZeneca initially asserted several objections to this request. *See* Exhibit 1, p. 41.   In its July 3, 2007 responses, AstraZeneca removed its objections and stated it would produce all responsive materials and identify the materials by bates numbers.   *See* Exhibit 2, p. 36.   In its October 11, 2007 responses, AstraZeneca stated it would produce these materials "to the extent the documents are stored in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials."   This language appears in many of AstraZeneca's responses.   Plaintiffs believe AstraZeneca has not performed a reasonable investigation into and search for these documents. Plaintiff never agreed to the limited locations identified as being searched by AstraZeneca. Plaintiffs request that the Court address this issue as it relates to all of AstraZeneca's responses. On October 23, 2007, AstraZeneca advised it would produce responsive documents by November 5, 2007.  *See* Exhibit 10.

(14)   **Request No. 59 - Communications between attendees of Safety Evaluation and Review Meetings (SERM) and pre-SERM meetings:**

In its June 25, 2007 responses, AstraZeneca asserted numerous objections and privileges. *See* Exhibit 1, p. 42.  In its July 3, 2007 responses, AstraZeneca asserted the same objections and privileges but stated that "it will run searches in the appropriate custodial files, employing the search terms 'Seroquel' and 'quetiapine.'"   *See* Exhibit 2, p. 37.   In its October 11, 2007 responses, served more than three (3) months later, AstraZeneca asserted the same objections and stated that it is "in the process of identifying the appropriate custodians" and will run the searches previously described.  *See* Exhibit 3, p. 45.  On October 23, 2007, AstraZeneca advised that its search was not limited to the search terms "Seroquel" and "quetiapine."  *See* Exhibit 10.

14

AstraZeneca further advised that some responsive documents had been produced (no bates numbers were identified) and additional responsive documents will be produced; however, no production date was provided. *See id.* Plaintiffs have not received responsive documents and, as indicated by its most October amended responses, it appears AstraZeneca has not even begun searching for these documents even though this request was made more than five months ago.

      (15)    **Request No. 66 - Agency Contacts (FDA) for Seroquel:**

In its most recent responses, AstraZeneca stated it would produce all Agency Contacts not provided in the IND/NDA production from the GEL database. *See* Exhibit 3, p. 47. These documents have not been produced.

**B.**    **MISCELLANEOUS OBJECTIONS AND INCOMPLETE RESPONSES**

      (1)    **Request No. 23 - Internal and external communications, including emails, regarding protocols for clinical study 125:**

In its June 25, 2007 responses, AstraZeneca asserted numerous objections and privileges to this request. *See* Exhibit 1, pp. 21-22. AstraZeneca stated that external communications with the FDA had been produced in various files and in its IND/NDA productions. *See id.* at p. 22. In its July 3, 2007 responses, AstraZeneca provided the same objections, assertions of privilege and response. *See* Exhibit 2, pp. 20-21. In its October 11, 2007 responses, AstraZeneca stated that "no central file exists with respect to Study 125 communications." *See* Exhibit 3, p. 23. Plaintiffs never agreed to limit their requests to communications to the extent they exist in a central file. AstraZeneca's unilateral creation of this limitation is improper. On October 23, 2007, AstraZeneca advised that it is unable and unwilling to perform a search for these documents. *See* Exhibit 10. Though AstraZeneca may be unwilling to perform this search, it is certainly capable of doing so. Plaintiffs request that the Court order AstraZeneca to search for and produce these documents.

(2)    **Request No. 58 – Communications between members of the Benefit/Risk Team for Seroquel related to team issues:**

In its initial responses, AstraZeneca asserted various objections and privileges.  *See* Exhibit 1, p. 42.  In its July 3, 2007 responses, AstraZeneca asserted the same objections and privileges but stated it "will run searches in the appropriate custodial files, employing the search terms 'Seroquel' and 'quetiapine.'"  *See* Exhibit 2, p. 37.  In its October 11, 2007 responses, AstraZeneca stated that it would produce Benefit/Risk Team *meeting minutes*.  *See* Exhibit 3, p. 45.  AstraZeneca said nothing about the requested communications and no responsive documents have been produced.  On October 23, 2007, AstraZeneca advised that it maintains its objection to produce communications between team members.  *See* Exhibit 10.

(3)    **Request No. 67 – Notes regarding contacts with any foreign regulatory authority about Seroquel:**

AstraZeneca has asserted numerous objections and privileges in response to this request.  *See* Exhibit 1, pp. 47-48; Exhibit 2, p. 40; Exhibit 3, p. 67.  AstraZeneca suggests the requested material is not relevant to this litigation and that the burden of collecting the material outweighs any probative value.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D.Kan.2006).  It is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules.  *Tate v. United States Postal Serv.*, 2007 U.S. Dist. LEXIS 10086 *3 (S.D. Fla. 2007); *American Sec. Educators, Inc. v. Miami-Dade*

*County*, 2006 U.S. Dist. LEXIS 81994 *2-3 (S.D. Fla. 2006).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1).  When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that it does not come within the scope of relevance as defined under Rule 26(b)(1).  AstraZeneca cannot establish that the requested documents do not come within the scope of relevance.  Plaintiffs request that the Court overrule AstraZeneca's objections and assertions of privilege and order AstraZeneca to produce responsive documents.

(4)     **Request No. 75 – UK Marketing Authorization Applications:**

AstraZeneca has asserted numerous objections and privileges in response to this request. *See* Exhibit 1, pp. 52; Exhibit 2, p. 43; Exhibit 3, p. 51.  The request seeks a very specific category of documents.  Plaintiffs request that the Court overrule AstraZeneca's objections and assertions of privilege and order AstraZeneca to produce responsive documents.

(5)     **Request No. 34 - Justification Documents concerning Seroquel label changes:**

In its July 3, 2007 responses, AstraZeneca stated it was producing all Justification Documents for Seroquel. *See* Exhibit 2, p. 26.  In its October 11, 2007 responses, AstraZeneca stated that Justification Documents were not prepared specifically for changes to the *U.S.* label. *See* Exhibit 3, p. 28.  Plaintiffs have advised AstraZeneca that their request was not so limited and have requested clarification on whether Justification Documents were prepared for changes to foreign Seroquel labels.  On October 23, 2007, AstraZeneca advised that it *will* investigate whether any Justification Documents for foreign Seroquel label changes exist. *See* Exhibit 10. Thus, although this request was served more than five (5) months ago, for unknown reasons,

AstraZeneca did not begin investigating the existence of foreign Justification Documents until very recently.

### III.   PLAINTIFFS' MARKETING REQUESTS

These requests were served on June 26, 2007.  On July 13, 2007, AstraZeneca and Plaintiffs met and conferred on the requests and Plaintiffs agreed to limit several of the requests. *See* July 16, 2007 and July 26, 2007 email exchange between Plaintiffs' counsel, Holly M. Wheeler, and AstraZeneca counsel, Kevin Kerns, attached hereto as Exhibit 13.  AstraZeneca served its objections and responses on July 26, 2007.  *See* Exhibit 4.  On October 23, 2007, AstraZeneca served its amended responses.  *See* Exhibit 5.

According to the amended responses, AstraZeneca is still searching for, gathering and/or processing meeting minutes and/or agendas from the following teams:

- Request No. 1(c) – Bipolar Execution Strategy Team;
- Request No. 1(d) – Brand and Portfolio Management Team;
- Request No. 1(f) – Consumer Marketing Team;
- Request No. 1(w) – Professional Communications Team;
- Request No. 1(y) – Publications Delivery Team;
- Request No. 1(dd) – Seroquel Value Team;
- Request No. 1(jj) – Therapeutic Area Leadership Team;
- Request No. 1(ll) – U.S. Communications Team; and
- Request No. 1(nn) – U.S. Product Team.

*See* Exhibit 5, pp. 6-27.

AstraZeneca has failed to produce notes taken by team members during team meetings. These notes were requested in Request Nos. 1(a)-(oo).  *See* Exhibit 5, pp. 6-27.  AstraZeneca has objected to this request as overly broad and burdensome.

18

Although Plaintiffs initially requested communications regarding Seroquel for the teams identified in Request No. 1(a)-(oo), Plaintiffs later limited its request to communications regarding Seroquel between the members of only ten (10) of those teams.   Despite this limitation, AstraZeneca has still refused to search for and produce these communications.  *See* Exhibit 5, pp. 29-30.

AstraZeneca has indicated that it is also still trying to determine the existence of, searching for, gathering and/processing the following documents:

- Request No. 4 – Seroquel Product Strategic Plans, Annual Business Updates and Rolling Business Updates, PIR Standard Responses, and Media Plans (*See* Exhibit 5, p. 30-36);

- Request No. 9 – Operational Plans (*see id.* at p. 37-39);

- Request No. 10 - Publication Plans (*see id.* pp. 39-40);

- Request No. 11 – Communication Plans (*see id.* at pp. 40-41);

- Request No. 12 – Brand Strategic Summaries (*see id.* at pp. 41-42);

- Request No. 15 – Target Product Profiles (*see id.* at p. 43);

- Request No. 18 – Seroquel Hotline Transcriptions (*see id.* at pp. 44-45);

- Request No 21 – Marketing and Sales Business Policies and Guidelines Manual updates (*see id.* at pp. 46-47);

- Request No. 23 – AstraZeneca University course materials (*see id.* at p. 47);

- Request No. 24 – AstraZeneca Academy course materials (*see id.*);

- Request No. 26 – Project JANUS documents specifically identified by title (as limited by Plaintiffs) (*see id.* at pp. 48-52);

- Request No. 28 – U.S. Communication Team publications (*see id.* at p. 53);

- Request No. 31 – list of speakers on the Speakers Bureau for Seroquel (*see id.* at p. 56);

- Request No. 32 – speaker training materials (*see id.* at p. 57);

- Request No. 35 – videos and records of speakers and advocates for Seroquel (*see id.* at pp. 58-58);

- Request 36 – documents reflecting to Seroquel speakers and advocates (*see id.* at p. 59);

- Request No 37 – Speaker Evaluation Forms (*see id.* at pp. 59-60);

- Request No. 38 – Newsletters (*see id.* at pp. 60-63);

- Request No. 44 – Advisory Board policies (*see id.* at pp. 70-71);

- Request No. 46 – Seroquel Town Hall Meeting agendas and presentations (*see id.* at pp. 71-72); and

- Request No. 47 – Medical Education & Grants Office (MEGO) formation documents (*see id.* at p. 72).

AstraZeneca has failed to provide bates numbers for specifically requested documents which have apparently been produced:

- Request No. 5 – Mania Dosing Cards (*see id.* at p. 36);

- Request No. 6 – Mini Mono Sell Sheets (*see id.*);

- Request No. 7 – Mood Sell Sheets (*see id.*);

- Request No. 22 – Antipsychotic Side Effect Checklists (*see id.* at p. 47);

- Request No. 29 – specifically identified documents related to "Growing to be the Best" (*see id.* at pp. 54-55);

- Request No. 32 – speaker training materials (*see id.* at p. 57);

- Request No. 33 – Seroquel materials provided to speakers (*see id.* at pp. 57-58);

- Request No. 34 - Seroquel materials provided to speakers during specifically identified meeting and programs (*see id.* at p. 58);

- Request No. 45 – materials distributed during Case Study Programs (*see id.* at p. 71);

- Request No. 52 – documents provided to Pharmaceutical Sales Specialists for use in discussing the package insert and Dear Doctor letters with physicians (*see id.* at pp. 74-75);

- Request No. 53 – sales representative training materials (*see id.* at p. 75);

- Request No. 54 - launch materials for new indications provided to sales representatives (*see id.* at pp. 75-76);

- Request No. 55 – obstacle handling materials (*see id.* at p. 76); and

- Request No. 57 – marketing materials submitted to the FDA for an advisory opinion (*see id.* at p. 77).

Through Request No. 61, Plaintiffs seek communications between AstraZeneca and various third party vendors.  *See* Exhibit 5, p. 79.  AstraZeneca has indicated that responsive documents do not exist in a central file.  *See id.*  As the Court is aware, Plaintiffs have subpoenaed documents and communications from many of these thirds parties.  Many of these third parties have failed to comply with the subpoenas and/or have indicated that email communications are impossible to retrieve and/or require the purchase of special software and/or will be require a large number of IT to retrieve at a high cost.  If AstraZeneca produces these documents, the burden on the non-parties, as well as their anticipated costs, will be significantly reduced.

## IV.    PLAINTIFFS' SALES REQUESTS

### A.    AstraZeneca has promised and failed to produce numerous categories of documents.

Although these requests were served more than three months ago, AstraZeneca has again not produced many responsive documents, which AstraZeneca has indicated have been gathered and/or are being processed and/or will be gathered and produced.  Below is a list of the requests to which Plaintiffs are still awaiting documents and a general description of the requests:

### (1)    Request No. 4 – Voicemails and transcripts left for Pharmaceutical Sales Specialists (PSS) regarding Seroquel:

AstraZeneca objected to this request as overly broad and burdensome.  *See* Exhibit 6, p. 7; Exhibit 7, p. 7.  Subject to its objections, AstraZeneca identified some bates numbers of voicemail transcripts.  *See id.*  In its October 11, 2007 responses, AstraZeneca stated that

responsive documents were located in its PRA production which consists of approximately 62,000 pages of documents. *See* Exhibit 7, p. 8. Specific identifying bates numbers were not provided. *See id.* AstraZeneca further stated that it will produce additional responsive documents to the extent they are stored in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials. *See id.* No further documents have been produced. On October 23, 2007, AstraZeneca advised that scripts for voicemails are still being processed for production. *See* Exhibit 10.

       (2)     **Request No. 9 - Government Employee/Service Provider forms:**

AstraZeneca objected to this request as overly broad and burdensome. *See* Exhibit 6, pp. 9-10; Exhibit 7, p. 10. Subject to its objections, AstraZeneca stated that it has located responsive documents in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials and will produce them. See Exhibit 7, p. 10. No documents have been produced. On October 23, 2007, AstraZeneca advised that responsive are still being collected and processed for production. *See* Exhibit 10.

       (3)     **Request No. 17 - Form letters and responsive documents sent to healthcare providers following the submission of a Professional Information Request (PIR):**

AstraZeneca asserted numerous objections to this request. *See* Exhibit 6, p. 13; Exhibit 7, p. 14. Subject to its objections, AstraZeneca identified numerous bates numbers of responsive documents in its October 11, 2007 responses. *See* Exhibit 7, pp. 14-15. However, AstraZeneca also indicated that further responsive documents were being processed for production. *See id.* at p. 16. On October 23, 2007, AstraZeneca indicated that PIR responses are still being collected and it expects these documents will be produced by November 15, 2007. *See* Exhibit 10.

**B.**     **ASTRAZENECA HAS FAILED TO IDENTIFY BATES NUMBERS OF PREVIOUSLY PRODUCED DOCUMENTS.**

AstraZeneca responded to many of the Sales Requests by referring Plaintiffs to its PRA production.   However, AstraZeneca failed to identify specific bates numbers identifying responsive documents within the PRA production.  The requests include the following:  (

- Request No. 4 - voicemails and transcripts left for Pharmaceutical Sales Specialists regarding Seroquel (*see* Exhibit 6, pp. 7-8);

- Request No. 6 - approved reprints and printouts utilized by Pharmaceutical Sales Specialists (*see id.* at p. 9);

- Request No. 7 - "Scientific" and "Commercial" exhibits (*see id.* at p. 9);

- Request No. 26 – patient education materials (*see* Exhibit 6, p. 23);

- Request 28 - e-detailing documents (*see id.* at p. 23); (6) Request No. 29 - core message documents (*see id.* at p. 24); and

- Request No. 33 - "Drive the Dose" sales and/or tool kits (*see id.* at p. 33).
  AstraZeneca has refused to provide bates numbers for these documents, indicating

that the burden to do so is no greater for Plaintiffs than it is for AstraZeneca.  *See* Exhibit

10.  AstraZeneca states that it has provided an index in the form of an Excel spreadsheet

which would allow Plaintiffs to search the PRA production which consists of

approximately 62,000 pages.   *See id.*   However, even if Plaintiffs could locate the

requested documents, the index does not contain bates numbers.  Therefore, Plaintiffs

cannot locate the documents in the PRA production.   These are AstraZeneca's

documents.   AstraZeneca is in a far superior position to identify by bates number

documents responsive to Plaintiffs' document requests.

## V.    PLAINTIFFS' PRA REQUESTS

### A.    AstraZeneca has promised and failed to produce documents.

AstraZeneca has not produced many responsive documents which it has indicated have

been gathered and/or are being processed and/or will be gathered and produced.  Below is a list

23

of the requests to which Plaintiffs are still awaiting documents and a general description of the requests:

    (1)    **Request No. 6 - Communications sent to Pharmaceutical Sales Specialists (PSS) instructing them to cease use of promotional items identified in Request No. 3:**

Subject to its objections, AstraZeneca stated it is investigating the request and will produce any non-privileged communications and notices. *See* Exhibit 9, p. 11. AstraZeneca has not produced any responsive documents. On October 23, 2007, AstraZeneca advised that it has "not been able to locate any database, departmental or archival file, or files from an individual responsible for creating/storing" responsive documents. *See* Exhibit 10. Again, Plaintiffs have not agreed to this search limitation and request that the Court address this issue.

    (2)    **Request No.7 - Off-label reprints and accompanying scripts:**

Subject to its objections, AstraZeneca stated it is investigating the request and will produce any "Seroquel-related reprints containing new treatment/uses and accompanying scripts. *See* Exhibit 9, p. 11. On October 23, 2007, AstraZeneca advised that responsive documents were produced with its PRA production; however, not bates numbers were provided. *See* Exhibit 10.

    (3)    **Request No. 12 – US PRA Guidance Document, PRA Guidance for Speaker/Facilitator Training Needs:**

Subject to its objections, AstraZeneca stated responsive documents have been collected and are being processed for production. *See* Exhibit 9, p. 13. No responsive documents have been produced.

**B.**    **ASTRAZENECA HAS FAILED TO IDENTIFY BATES NUMBERS FOR PREVIOUSLY PRODUCED DOCUMENTS.**

AstraZeneca referred Plaintiffs to the PRA production but did not provide bates numbers identifying those documents within the 62,000 page PRA production.

24

- Request No. 3 - Various specifically identified materials relating to Seroquel and diabetes that were sent to AstraZeneca's sales representatives (*see* Exhibit 9, pp. 8-9);

- Request No 8 - materials that became the subject of the eSTaR escalation process (*see* Exhibit 9, p. 12); and

- Request No. 10 - Outpatient Specialty Care Workshop materials (*see* Exhibit 9, pp. 12-13).

AstraZeneca refuses to provide bates numbers for the other requested items.  *See* Exhibit 10.

## C.   MISCELLANEOUS OBJECTIONS AND ASSERTIONS OF PRIVILEGE

With respect to Request No. 9, which seeks the Principles of Prescription Drug Promotion, AstraZeneca has asserted various privileges.  *See* Exhibit 9, p. 12.  AstraZeneca's aggressive promotion of Seroquel for approved and off-label uses is a principle part of this litigation.  AstraZeneca's guide that purportedly governs its promotion of it products is obviously relevant.  Plaintiffs request that the Court require AstraZeneca to submit the document for the Court's review and, if appropriate, order its production to Plaintiffs.

Respectfully submitted on this the 30th day of October, 2007,

By:   /s/ Ed Blizzard
Ed Blizzard
Holly M. Wheeler
Blizzard, McCarthy & Nabers, LLP
The Lyric Center
440 Louisiana, Suite 1710
Houston, Texas 77002
Telephone: (713) 844-3750
Facsimile: (713) 844-3755
Eblizzard@blizzardlaw.com
Hwheeler@blizzardlaw.com

*Counsel for Plaintiffs*

## **M.D.L.R. 3.01(g) CERTIFICATE OF CONFERENCE**

The parties have met and conferred on the issues addressed in the foregoing motion.  The parties were unable to reach an agreement.

/s/ Holly M. Wheeler

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October 2007, I e-mailed the foregoing document to Defendants, along with a copy via electronic mail to all participants in the CM/ECF system, and that I mailed the foregoing document by first class mail to the non-CM/EDF participants listed on the attached service list.

/s/ Holly M. Wheeler

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone:  (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com<br>jorelli@weitzlux.com<br>ychiu@weitzlux.com<br>lschultz@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillion@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX  77002<br>Telephone:  (713) 425-7240<br>cbailey@bpblaw.com<br>bailey-svc@bpblaw.com<br>tcarter@bpblaw.com<br>mperrin@bpblaw.com<br>kbailey@bpblaw.com<br>ltien@bpblaw.com<br>hsantiago@bpblaw.com<br>ftrammell@bpblaw.com<br>nkoole@bpblaw.com<br>ndoyle@bpblaw.com<br>tbaker@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone:  (407) 872-2239<br>lroth@roth-law.com | Kenneth T. Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX  77010<br>Telephone:  (713) 751-0025<br><br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Benjamin A. Krass, Esq.<br>Law Offices of Matthew F.Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone:  (617) 641-9550<br>Mp@pawalaw.com<br>bkrass@pawalaw.com | John Driscoll, Esq.<br><br>Seth S. Webb, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO  63101<br>Telephone:  (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com<br>swebb@brownandcrouppen.com |

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone:  (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX  77060<br>Telephone:  (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Mitchell M. Breit<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL  35203<br>Telephone:  (205) 328-9576<br>THARVEY@whatleydrake.com<br>mbreit@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lsabel@lskg-law.com<br>lbrandenberg@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone:  (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Counsel for Defendant,***<br>***Marguerite Devon French*** |

## SERVICE LIST
(As of October 16, 2007)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No.  1769 - Orl - 22DAB

| | |
|---|---|
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone:  (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL  32503<br>Telephone:  (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>mailto:jsale@aws-law.comksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone:  (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO  64119<br>*Pro Se* |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone:  (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* |

## SERVICE LIST
(As of October 16, 2007)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No.  1769 - Orl - 22DAB

| | |
|---|---|
| Thomas Campion, Esq.<br>Steven M. Selna<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone:  (973) 360-1100<br>tcampion@dbr.com<br>steven.selna@dbr.com<br>heidi.hilgendorff@dbr.com<br><br>**Counsel for Defendants Janssen**<br>**Pharmaceutical Products and Johnson &**<br>**Johnson Co.** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Timothy E. Kapshandy, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>efilingnotice@sidley.com<br>jjobes@sidley.com<br>tkapshandy@sidley.com<br>**Counsel for Defendants AstraZeneca LP**<br>**and AstraZeneca Pharmaceuticals, LP** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone:   (816) 471-2121<br>raines@bscr-law.com<br>**Counsel for Defendant AstraZenca, PLC** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Counsel for Defendant Dr. Asif Habib** |

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>atravis@carltonfields.com<br>tpaecf@cfdom.net<br>***Counsel for Defendants, Astrazeneca***<br>***Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Carlos A. Prietto, III<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcrlaw.net |
| David P. Matthews, Esq.<br>Matthews & Associates<br>2905 Sackett<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, Virginia 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Howard Nations<br>Lori A. Siler<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

## SERVICE LIST
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |
| Fred T. Magaziner, Esq.<br>Marjorie Shiekman, Esq.<br>A. Elizabeth Balakhani, Esq.<br>Shane T. Prince, Esq.<br>Eben S. Flaster, Esq.<br>Margaret S. Osborne, Esq.<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michlle.kirsch@dechert.com<br>Gretchen.sween@dechert.com<br>Margaret.osborne@dechert.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |

## SERVICE LIST
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation
MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net | Linda S. Svitak<br>Bridget Ahmann<br>Krisann C. Kleibacker Lee<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>bahmann@faegre.com<br>wjohnson@faegre.com<br>klee@faegre.com |
| James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com | Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Dale Kent Perdue<br>D. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com<br>dperdue@cpaslaw.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

## SERVICE LIST
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>Price, Waterhouse & Riley, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>(317)633-8787<br>eamos@price-law.com | Earl Francis Carriveau<br>1012 6th Avenue<br>Lake Charles, LA 70601-4706 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett Street<br>Houston, TX 77098<br>(713) 222-8080<br>shawnaf@gld-law.com | Stacy K. Hauer<br>Charles S. Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402<br>(612) 341-0400<br>(800) 755-0098<br>csz@zimmreed.com |
| Buffy Martines<br>Laminack, Pirtle & Martines<br>440 Louisiana, Suite 1250<br>Houston, TX 77002<br>(713) 292-2750<br>buffm@lpm-triallaw.com | Ted C. Wacker, Esq.<br>Robinson Cacalgnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA  92660<br>(949) 720-1288<br>twacker@rcrlaw.net |
| Craig Ball<br>craig@ball.net | Orran Lee Brown<br>obrown@browngreer.com |
| Robert W. Cowan<br>rcowan@bpblaw.com<br>nkoole@bpblaw.com | Gary Reed Gober<br>200 Fourth Avenue North<br>Suite 700<br>Nashville, TN  37219 |
| Mary J. Wrightinton<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 | Robert G. Smith<br>Lorance & Thompson, P.C.<br>Suite 500<br>2900 North Loop West<br>Houston, TX  77092 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia Street<br>PO Box 467<br>Edwardsville, IL  62025 | Dale Kent Purdue<br>Clark Perdue Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH  43215 |

## SERVICE LIST
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Jason Matthew Hatfield<br>Lundy & Davis, L.L.P.<br>300 North College Avenue<br>Suite 309<br>Fayetteville, AR  72701 | Christopher A. Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| John Hawkins<br>(No Information Available) | Donna Higdon<br>(No Information Available) |
| Brenda Rice<br>(No Information Available) | Evelyn Rodriguez<br>(No Information Available) |
| Steven B. Weisburd, Esq.<br>Dechert, LLP<br>3000 W. 6th Street, Suite 1850<br>Austin, TX  78701 | Mark A. Koehn<br>Whrfrat42@yahoo.com |