# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation | Case No. 6:06-md-01769-ACC-DAIS |
| MDL Docket No. 1769 | |
| | **RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| DOCUMENT RELATES TO ALL CASES | |

### RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (hereinafter "AstraZeneca") answer and object to Plaintiffs' Request for Production as follows.

As Plaintiffs are aware, AstraZeneca has produced over 10.3 million pages of documents in this MDL over the past 7 months collected from the custodial files of the 80 custodians. AstraZeneca has established a schedule for the review, processing, and production of documents from the 80 custodians by the June 30, 2007 deadline set by the MDL court, and this schedule cannot be changed without risking violation of the court's order and substantially affecting the production of documents in this MDL, as well as the production of documents in Seroquel® product liability cases pending in state courts. As outlined in its individual responses below, AstraZeneca is in the process of producing documents, has agreed to produce additional documents as necessary to satisfy its obligations under the Federal Rules of Civil Procedure, and



PLAINTIFF'S
EXHIBIT

will continue to produce documents on a rolling basis pursuant to meet-and-confer sessions with Plaintiffs' Lead Counsel.

## GENERAL OBJECTIONS

1.     AstraZeneca objects to Plaintiffs' requests to the extent that they seek documents or information protected against disclosure by the attorney-client privilege, work product doctrine, or other applicable privileges.  In setting forth its responses, AstraZeneca does not waive attorney-client, work product, or other applicable privilege or immunity from disclosure which may attach to information called for in, or responsive to, these discovery requests.  In answering all or any portion of any discovery request, AstraZeneca neither admits the existence of any facts set forth or assumed by the request for production, nor concedes the relevance or materiality of the request or the subject matter to which the request refers.  Furthermore, the fact that AstraZeneca has responded to part or all of any request is not intended to and shall not be construed to be a waiver by AstraZeneca of any part of any objection to any request.

2.     AstraZeneca's responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving the following rights: (i) the right to raise all questions of authenticity, materiality, and admissibility as evidence, for any purpose, with respect to the documents produced or made available for inspection and copying, which may arise in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding; (ii) the right to object to the use of said information and/or documents in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding, on any

2

grounds; and (iii) the right to object on any ground at any time to other discovery requests involving said information and/or documents or the subject matter thereof.

3.     Much of the information sought herein is highly confidential and proprietary and consists of valuable commercial information, trade secrets, or business confidential materials, the disclosure of which would be highly prejudicial to AstraZeneca and the value of which cannot be calculated as money damages.  AstraZeneca specifically objects to these requests to the extent that they seek information or documents that AstraZeneca has gathered relating to its competitors, which is proprietary, highly confidential, and the disclosure of which would compromise its business interests because Seroquel® (quetiapine fumarate) is a currently distributed medication.  Consequently, to the extent such information is discoverable, it will be produced only subject to the MDL stipulated protective order.

4.     Many of Plaintiffs' requests seek documents that have already been produced or are in the process of being produced in the MDL.  AstraZeneca has produced over 10.3 million pages of documents representing a part of AstraZeneca's ultimate document production.  These documents are being produced in formats that are fully searchable by Plaintiffs pursuant to their own requested specifications, thereby presenting Plaintiffs with no greater burden in identifying documents in the production that are responsive to these requests for production than would be incurred by AstraZeneca.

5.     AstraZeneca objects to these requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents.

3

AstraZeneca objects to these requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found. Additionally, documents may exist which reference Seroquel® generally, but are not relevant to the issues presented in this litigation. AstraZeneca is willing to consider any narrowing of these requests which Plaintiffs may present.

6. Many of the requests set forth herein seek information or documents, the disclosure of which would violate privacy rights of non-parties including, but not limited to, those privacy rights guaranteed by the federal and state constitutions as well as federal and state statutes and regulations. AstraZeneca objects to the disclosure of personal identifying information pertaining to those who reported adverse events, participated in clinical trials, or took Seroquel® for any reason at any time. AstraZeneca is precluded from disclosing the identities of patients, hospitals, or health care professionals (or any third party) who report events covered by the adverse event reporting process. *See, e.g.,* 21 C.F.R. § 20.63(f). To the extent that documents containing information protected from disclosure by federal or state law are produced, AstraZeneca will redact such documents to remove personally identifiable information.

7. AstraZeneca objects to these requests to the extent that they purport to require AstraZeneca to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

8.      AstraZeneca objects to the privilege log requirements imposed in Instruction 4. AstraZeneca will provide a privilege log containing sufficient information to allow Plaintiffs to evaluate the privilege claim.

9.      AstraZeneca objects to the definition of "Seroquel" in Definition No. 6 as vague and overbroad.  Per agreement reached between Stephen McConnell (Dechert LLP, Counsel for AstraZeneca) and Camp Bailey (Plaintiffs' Lead Counsel) on June 25, 2007, AstraZeneca defines "Seroquel" as "the antipsychotic drug quetiapine fumarate, in any form, including (but not limited to) the medication marketed and sold under the brand name Seroquel®, any chemical equivalents, and any predecessor or non-final derivation of the drug marketed by any AstraZeneca entity in foreign countries."

10.      AstraZeneca objects to the extent that these requests, as well as Definition No. 11 (the definition of "you," "your" or "AstraZeneca"), are directed to and include AstraZeneca PLC, AstraZeneca AB, and/or AstraZeneca UK Limited, entities that, upon information and belief, have not been served in this case.  These Responses are being made only on behalf of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

11.      AstraZeneca objects to the definition of "Injuries" in Definition No. 12 with respect to the inclusion of type I diabetes.

12.      AstraZeneca objects to the definition of "relevant period" in Definition No. 10 as overbroad.  Documents in this case have been produced pursuant to a cutoff date negotiated by the parties.

13.     Several of Plaintiffs' discovery requests seek documents or information about adverse events other than those allegedly experienced by Plaintiffs.  AstraZeneca objects to any discovery request seeking this type of information as overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

14.     AstraZeneca objects to the extent that any request seeks information related to products other than Seroquel®, which information is not being produced.

15.     New or additional information may become known to AstraZeneca in the future. Accordingly, AstraZeneca reserves the right to revise, correct, add to, or clarify any of the responses set forth herein.

### RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

AstraZeneca's General Objections are incorporated by reference into each response set forth below.

REQUEST FOR PRODUCTION NO. 1:  All corporate organizational charts that show the legal and business relationship between AstraZeneca PLC and ICI American Holdings and any corporate entities that are related to and/or affiliated with the previously identified companies.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is vague and ambiguous particularly with respect to the phrase "legal and business relationships."  AstraZeneca further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that various organizational charts have already been produced at the Rule 30(b)(6) deposition of

6

AstraZeneca witness Ann Booth-Barbarin on May 14, 2007.  Furthermore, Ms. Booth-Barbarin

provided testimony concerning corporate organization during her deposition, as well as provided

a supplemental affidavit dated May 23, 2007.

REQUEST FOR PRODUCTION NO. 2:  All corporate organizational charts for the non-U.S.
business entities that were involved in the research and development, regulatory, marketing,
production, and sales of Seroquel®.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is still investigating to determine the extent to which organizational charts for AstraZeneca

AB and AstraZeneca UK Limited exist.

REQUEST FOR PRODUCTION NO. 3:  A list of all current and past employees who held
senior leadership positions from Vice President on up for the non-U.S. business entities who
were involved in the research and development, clinical studies, drug safety, regulatory, risk
management, marketing, production, and sales of Seroquel from its initial development to the
present.
**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to the extent that this request

purports to require AstraZeneca to create a compilation and/or other document summary that

does not currently exist.

By way of further response, various 30(b)(6) depositions have been taken or are scheduled to be taken concerning AstraZeneca's operations in the U.K. and Sweden, which will provide information responsive to this request.

REQUEST FOR PRODUCTION NO. 4:  A list of all current and previous Senior Executive Team (SET) members from the date of the merger between Astra AB and Zeneca Group PLC to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to the extent that this request purports to require AstraZeneca to create a compilation and/or other document summary that does not currently exist.

Subject to and without waiving its general and specific objections, AstraZeneca states that a list of current SET members was produced at the Rule 30(b)(6) deposition of Ann Booth-Barbarin on May 14, 2007.  AstraZeneca further states that the following people were members of the SET for the specified years:

**1999**

Tom McKillop
Ake Stavling
Jonathan Symonds
Claes Wilhelmsson
Michael O'Brien
Carl-Gustaf Johansson
John Patterson
Barrie Thorpe
Gunnar Christiani

## 2000

Tom McKillop
Ake Stavling
Jonathan Symonds
Claes Wilhelmsson
Bruno Angelici
Carl-Gustaf Johansson
John Patterson
Barrie Thorpe
Gunnar Christiani

## 2001

Tom McKillop
Ake Stavling
Jonathan Symonds
Claes Wilhelmsson
Bruno Angelici
David Brennan
John Patterson
Barrie Thorpe
Tony Bloxham

## 2002

Tom McKillop
Ake Stavling
Jonathan Symonds
Bruno Angelici
David Brennan
Jan Lundberg
John Patterson
Martin Nicklasson
Barrie Thorpe
Tony Bloxham

## 2003

Tom McKillop
Jonathan Symonds
Bruno Angelici
David Brennan

Jan Lundberg
John Patterson
Martin Nicklasson
Barrie Thorpe
Tony Bloxham

**2004**

Tom McKillop
Jonathan Symonds
John Patterson
Bruno Angelici
David Brennan
Jan Lundberg
Martin Nicklasson
Barrie Thorpe
Tony Bloxham

**2005**

Tom McKillop
Jonathan Symonds
John Patterson
Bruno Angelici
David Brennan
Jan Lundberg
Martin Nicklasson
Barrie Thorpe
Tony Bloxham

**2006**

David Brennan
Jonathan Symonds
John Patterson
Bruno Angelici
Tony Zook
Jan Lundberg
Martin Nicklasson
David Smith
Tony Bloxham

REQUEST FOR PRODUCTION NO. 5:  All SET meeting minutes and/or agenda including video conference recordings and all documents prepared for the participants for such meetings regarding Seroquel, from the date of the merger between Astra AB and Zeneca Group PLC to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is in the process of determining whether it possesses documents responsive to this request,

and that its investigation is ongoing.


REQUEST FOR PRODUCTION NO. 6:  All documents, materials and agendas prepared for discussion prior to or during the SET members meetings related to Seroquel from the date of the merger between Astra AB and Zeneca Group PLC to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request as duplicative of

Request No. 5.  AstraZeneca also objects to this request on the grounds that it seeks documents

protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is in the process of determining whether it possesses documents responsive to this request,

and that its investigation is ongoing.

REQUEST FOR PRODUCTION NO. 7:  All documents and communications between SET members related to Seroquel from the date of the merger between Astra AB and Zeneca Group PLC to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 8:  A list of all current and previous United States Leadership Team (USLT) members from the teams inception to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to the extent that this request

purports to require AstraZeneca to create a compilation and/or other document summary that

does not currently exist.

Subject to and without waiving its general and specific objections, AstraZeneca states

that a list of current USLT members was produced at the Rule 30(b)(6) deposition of Ann Booth-

Barbarin on May 14, 2007.  AstraZeneca further states that with these responses, it is producing

lists of USLT members for the period 1999 to 2007.

REQUEST FOR PRODUCTION NO. 9:  All USLT members meeting minutes and/or agenda including video conference recordings and all documents prepared for the participants for such meetings regarding Seroquel, from the teams inception to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that USLT meeting minutes for the relevant time period that relate to Seroquel® have been produced and additional non-privileged, responsive USLT minutes and agendas for the relevant time period that relate to Seroquel® will be produced.

REQUEST FOR PRODUCTION NO. 10:  All documents, materials and agendas prepared for discussion prior to or during the USLT members meetings related to Seroquel.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request as duplicative of Request No. 9.  AstraZeneca also objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that USLT meeting minutes for the relevant time period that relate to Seroquel® have been produced and additional non-privileged, responsive USLT minutes and agendas for the relevant time period that relate to Seroquel® will be produced.

REQUEST FOR PRODUCTION NO. 11:  The patent application for Seroquel and any amendments thereto.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that with these responses, it is producing the application for the patent covering Seroquel®.

REQUEST FOR PRODUCTION NO. 12:  All patient information sheets intended for dissemination in Japan, the United Kingdom, Australia, Canada, Sweden, and any other foreign country regarding Seroquel and any English translations that exist.

**RESPONSE:**  AstraZeneca objects to this request for foreign documents as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory

agency has different standards of review, different labels, different pricing, and different social

systems under which the medication was prescribed.  Each foreign regulatory body

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients.  Discovery regarding foreign regulatory authorities and foreign

labeling is therefore irrelevant and the burden of collecting and producing such discovery far

outweighs any arguable probative value.

REQUEST FOR PRODUCTION NO. 13:  All Dear Doctor/Healthcare Provider Letters intended for dissemination in Japan, the United Kingdom, Australia, Canada, Sweden and any other foreign country regarding Seroquel and any English translations that exist.

**RESPONSE:** AstraZeneca objects to this request for foreign documents as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory

agency has different standards of review, different labels, different pricing, and different social

systems under which the medication was prescribed.  Each foreign regulatory body

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients.  Discovery regarding foreign regulatory authorities and foreign

labeling is therefore irrelevant and the burden of collecting and producing such discovery far

outweighs any arguable probative value.

REQUEST FOR PRODUCTION NO. 14:  All draft package inserts, patient information sheets, and Dear Doctor/Healthcare Provider letters pertaining to Seroquel that were prepared for any foreign country and any English translations that exist.

**RESPONSE:** AstraZeneca objects to this request for foreign documents as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory

agency has different standards of review, different labels, different pricing, and different social

systems under which the medication was prescribed.  Each foreign regulatory body

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients.  Discovery regarding foreign regulatory authorities and foreign

labeling is therefore irrelevant and the burden of collecting and producing such discovery far

outweighs any arguable probative value.  AstraZeneca also objects to this request on the grounds

that it seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

REQUEST FOR PRODUCTION NO. 15:  All documents produced by you during the course of
all United States Attorney investigations related to Seroquel.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, seeks

irrelevant information, and is not reasonably calculated to lead to the discovery of admissible

evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that with these responses, it is producing all non-privileged and non-protected documents

produced by AstraZeneca during the United States Attorney's investigation related to Seroquel®.

REQUEST FOR PRODUCTION NO. 16:  All documents in your possession related to any
research or clinical trials in which Dr. Richard Borison had any involvement.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to

lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents relating to clinical trials involving Seroquel® have already been produced in AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 17:  All documents in your possession related to any research or clinical trials in which Bruce Diamond had any involvement.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents relating to clinical trials involving Seroquel® have been produced in AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 18:  All documents in your possession related to any research or clinical trials in which Eric Poehlman had any involvement.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.  AstraZeneca further states that at the June 5, 2007 meet and confer session at Dechert LLP's Philadelphia office, counsel for Plaintiffs agreed to provide a basis for the relevance of its request relating to Eric Poehlman, but has yet to do so.

Subject to and without waiving its general and specific objections, AstraZeneca states that Eric Poehlman did not have any involvement with Seroquel®.

REQUEST FOR PRODUCTION NO. 19:  All documents in your possession related to any research or clinical trials in which Walter DeNino had any involvement.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to

lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the

period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on

the grounds that it seeks documents protected by the attorney-client privilege, attorney work

product, or other applicable privileges.  AstraZeneca further states that at the June 5, 2007 meet

and confer session at Dechert LLP's Philadelphia office, counsel for Plaintiffs agreed to provide

a basis for the relevance of its request relating to Walter DeNino, but has yet to do so.

Subject to and without waiving its general and specific objections, AstraZeneca states

that Walter DeNino did not have any involvement with Seroquel®.


REQUEST FOR PRODUCTION NO. 20:  All blood test results, charts, graphs and databases relating to Defendant's use of QUICKI in their studies.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous.  AstraZeneca further

objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant

information, and is not reasonably calculated to lead to the discovery of admissible evidence.

AstraZeneca further objects to this request on the grounds that it is unduly burdensome and seeks

documents that are not relevant to the claims or defenses of any party or to the subject matter of

this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly

insofar as it is not limited to Seroquel® or the period of time allegedly relevant to this lawsuit.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive information is contained within the various clinical trial study protocols already

produced in various files and in AstraZenecas's November 2006 and June 8, 2007 productions of

the IND/NDA materials.


REQUEST FOR PRODUCTION NO. 21:  All draft protocols, protocols, and amendments to
protocols related to Study 125.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. AstraZeneca further objects to this request on the grounds that

it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of

any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence, particularly insofar as it is not limited to the period of time allegedly

relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that protocols related to Study 125 and amendments thereto have already been produced in

various files, as well as AstraZenecas's November 2006 and June 8, 2007 productions of the

IND/NDA materials.

REQUEST FOR PRODUCTION NO. 22:  All documents, drafts and any amendments to the
Statistical Analysis Plan for Study 125.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that

it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of

any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence, particularly insofar as it is not limited to the period of time allegedly

relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents have already been produced from various files, as well as

AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 23:  All e-mails, and both internal and external
communications regarding protocols to Study 125.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is extraordinarily over

broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead

to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to the period of time

allegedly relevant to this lawsuit.  AstraZeneca further objects to this request to the extent that it

seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that external communications with the FDA have already been produced from various files, as

well as AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA

materials.

REQUEST FOR PRODUCTION NO. 24:  All drafts and amendments to the clinical study report
of Study 125.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that

it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of

any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence, particularly insofar as it is not limited to the period of time allegedly

relevant to this lawsuit.  AstraZeneca further objects to this request to the extent that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it has or will produce the clinical study report of Study 125 and any amendments thereto.

REQUEST FOR PRODUCTION NO. 25:  All underlying documents and communications for Study 125.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "underlying documents and communications." AstraZeneca further objects to this request on the grounds that it is extraordinarily over broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

REQUEST FOR PRODUCTION NO. 26:  All case report forms relating to the adverse events as referenced in Defendants Discussion Document (AZSER4302750) on Seroquel.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "case report forms relating to the adverse events." AstraZeneca further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that AstraZeneca maintains "Case Report Forms" only for adverse events related to clinical trials; it does not maintain "Case Report Forms" for post-marketing adverse events.

REQUEST FOR PRODUCTION NO. 27:  All records for the 117 weight gain reports referenced to Seroquel in discussion document (AZSER2258529).

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "all records."  AstraZeneca further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca will produce responsive documents for the 117 weight gain reports discussed in the Discussion Document (AZSER2258529).

REQUEST FOR PRODUCTION NO. 28:  A complete inventory listing the Case Report Forms that the Defendants, Iron Mountain or any other entity under the control of Defendants has stored/archived with respect to all Seroquel related clinical trials sponsored by the Defendants.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous. AstraZeneca further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to the extent that this request purports to require AstraZeneca to create a compilation and/or other document summary that

24

does not currently exist.  AstraZeneca further objects to this request to the extent that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is still investigating to determine whether such an inventory listing exists.  To date,

AstraZeneca has located no such inventory listing.


REQUEST FOR PRODUCTION NO. 29:  A complete inventory listing of the Case Report
Forms that the Defendants, Iron Mountain or any other entity under the control of Defendants
has stored/archived with respect to all Seroquel related clinical trials conducted under the
Investigator Sponsored Study (ISS) program.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous.

AstraZeneca further objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to the extent that this request

purports to require AstraZeneca to create a compilation and/or other document summary that

does not currently exist.  AstraZeneca further objects to this request to the extent that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is still investigating to determine whether such an inventory listing exists.  To date,

AstraZeneca has located no such inventory listing.

REQUEST FOR PRODUCTION NO. 30:  All "Keep Under Review" lists for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous.

AstraZeneca further objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents for the relevant time period have already been produced.

AstraZeneca further states that it is in the process of determining whether it possesses additional

documents responsive to this request for the relevant time period and that its investigation is

ongoing.


REQUEST FOR PRODUCTION NO. 31:  All Patient Risk Management Plans (PRMP) for Seroquel, or similar documents, from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous.

AstraZeneca further objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents for the relevant time period have already been produced.

Investigation is ongoing and to the extent that additional non-privileged, responsive documents

are located, AstraZeneca will produce PRMPs for Seroquel® for the relevant time period.

REQUEST FOR PRODUCTION NO. 32:  All minutes from the Safety Evaluation and Review Meetings (SERM) and Pre-SERM meetings for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents have already been produced.  Investigation is ongoing and to the extent that additional non-privileged, responsive SERM minutes for the relevant time period that relate to Seroquel® are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 33:  All discussion documents and agendas prepared for the Safety Evaluation and Review Meetings (SERM) and Pre-SERM meetings for Seroquel as described in the Patient Risk Management Plan (PRMP) (AZ/SER 3783050 – AZ/SER3783104) and Overview of Drug Safety (AZ/SER 0491060 – AZ/SER 0491069) from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request on the grounds that it

seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents have already been produced.  Investigation is ongoing and to the extent that additional non-privileged Discussion Documents and agendas prepared for SERM for the relevant time period that relate to Seroquel® are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 34:  All Justification Documents concerning Seroquel label changes prepared from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.  AstraZeneca further objects to this request to the extent that it calls for documents relating to foreign labeling as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory agency has different standards of review, different labels, different pricing, and different social systems under which the medication was prescribed.  Each foreign regulatory body independently decides the content of the prescribing information that may or must be provided to physicians and/or patients.  Discovery regarding

foreign regulatory authorities and foreign labeling is therefore irrelevant and the burden of collecting and producing such discovery far outweighs any arguable probative value.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents have already been produced.  Investigation is ongoing and to the extent that additional non-privileged Justification Documents that relate to Seroquel® label changes are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 35:  All Justification Documents concerning changes to the Seroquel Core Data Sheets (CDS) prepared from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents have already been produced.  Investigation is ongoing and to the extent that additional non-privileged Justification Documents that relate to changes in Seroquel® Core Data Sheets are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 36:  All Position Papers concerning any safety or efficacy topic related to Seroquel prepared from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca also objects to this request on the grounds that it

seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents for the relevant time period have already been produced.

Investigation is ongoing and to the extent that additional non-privileged Position Papers that

relate to the safety or efficacy of Seroquel® are located, AstraZeneca will supplement its

production for the relevant time period.


REQUEST FOR PRODUCTION NO. 37:  All Standard Operating Procedures (SOP) concerning pharmacovigilance and safety surveillance utilized by you from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents have been produced in connection with the Rule 30(b)(6) Deposition

of Vita Petrik on May 16-17, 2007.

REQUEST FOR PRODUCTION NO. 38:  All "Working Instructions" related to pharmacovigilance and safety surveillance utilized by you from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, is duplicative of Request No. 37, seeks irrelevant information, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents have been produced in connection with the Rule 30(b)(6) Deposition

of Vita Petrik on May 16-17, 2007.

REQUEST FOR PRODUCTION NO. 39:  All reports concerning whether Standard Operating Procedures (SOP) related to pharmacovigilance and safety surveillance were complied with by you from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, is duplicative of Request No. 37, seeks irrelevant information, and is not reasonably

calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this

request on the grounds that it seeks documents protected by the attorney-client privilege, attorney

work product, or other applicable privileges.

REQUEST FOR PRODUCTION NO. 40:  All Periodic Safety Update Reports (PSUR) for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that PSURs were included within AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.  Additionally, PSURs from 1997-2006, organized chronologically in a set of five binders, were produced on May 23, 2007, in advance of the 30(b)(6) Deposition of AstraZeneca's Rule 30(b)(6) representative for U.S. Regulatory Affairs, Kathryn Bradley.

REQUEST FOR PRODUCTION NO. 41:  All regulatory authority queries and any responses to regulatory authority queries as referenced in Overview of Drug Safety (AZ/SER 0491068-AZ/SER 0491069) regarding Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request to the extent that it seeks queries from foreign regulatory entities as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory agency has different standards of review, different labels, different pricing, and different social systems under which the medication was prescribed.  Each foreign regulatory body independently decides the content

of the prescribing information that may or must be provided to physicians and/or patients.

Discovery regarding foreign regulatory authorities and foreign labeling is therefore irrelevant

and the burden of collecting and producing such discovery far outweighs any arguable probative

value.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents related to Seroquel® in the U.S. have already been produced in

AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.  To

the extent that additional non-privileged, responsive documents for the relevant time period

related to Seroquel® in the U.S. are located, AstraZeneca will supplement its production for the

relevant time period.

REQUEST FOR PRODUCTION NO. 42:  All marketing company queries and responses to
marketing company queries as referenced in Overview of Drug Safety (AZ/SER 0491068-
AZ/SER 0491069) regarding Seroquel from the time Seroquel was introduced to the market to
the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request to the extent that it

seeks information related to marketing queries from foreign entities as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Discovery regarding foreign

queries is irrelevant and the burden of collecting and producing such discovery far outweighs any

arguable probative value.

Subject to and without waiving its general and specific objections, AstraZeneca states

that to the extent this request is seeking adverse event reports from foreign countries, responsive

documents have been produced in AstraZenecas's November 2006 and June 8, 2007 productions

of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 43:  All reports of adverse events (AE), serious adverse
events (SEA), adverse drug reactions (ADR), or Serious Unexpected Suspected Adverse
Reactions (SUSAR) received by you concerning Seroquel.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents have been produced within AstraZenecas's November 2006 and June

8, 2007 productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 44:  All reports provided by you to the FDA, concerned
member state authorities, or concerned ethics committees regarding adverse events (AE), serious
adverse events (SEA), adverse drug reactions (ADR), or Serious Unexpected Suspected Adverse
Reactions (SUSAR) for Seroquel from the time Seroquel was introduced to the market to the
present.  This request includes, but is not limited to, weekly listings of SUSAR as referenced in
the Patient Risk Management Plan (PRMP) for Seroquel (AZ/SER 3783076).

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request to the extent that it

seeks foreign documents as overly broad, unduly burdensome, harassing, not reasonably

calculated to lead to the discovery of admissible evidence, and outside the possession and/or

control of AstraZeneca.  Each foreign regulatory agency has different standards of review,

different labels, different pricing, and different social systems under which the medication was

prescribed.  Each foreign regulatory body independently decides the content of the prescribing

information that may or must be provided to physicians and/or patients.  Discovery regarding

foreign regulatory authorities and foreign labeling is therefore irrelevant and the burden of

collecting and producing such discovery far outweighs any arguable probative value.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it has produced documents responsive to this request within AstraZenecas's November 2006

and June 8, 2007 productions of the IND/NDA materials.


REQUEST FOR PRODUCTION NO. 45:  All laboratory abnormalities reflecting hyperglycemia
and glycemic dysregulation reported to or by you in connection with Seroquel from the time
Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is vague and ambiguous

particularly with respect to the term "laboratory abnormalities."  AstraZeneca further objects to

this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant

information, and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 46:  All Annual Safety Reports for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that Annual Safety Reports were included within AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.  Furthermore, NDA Annual Reports from September 2000 through September 2005 and IND Annual Reports for 1989-2006 (except 1999), all organized chronologically in binders, were produced on May 23, 2007, in advance of the 30(b)(6) Deposition of AstraZeneca's Rule 30(b)(6) representative for U.S. Regulatory Affairs, Kathryn Bradley.

REQUEST FOR PRODUCTION NO. 47:  All Line Listings (LL), including Quarterly Line Listings (QLL), for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents related to line listings submitted to the FDA were included within AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 48:  All quarterly reports prepared by Drug Safety Compliance, Support & Systems for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that it will produce non-privileged documents responsive to this request for the relevant time period.

REQUEST FOR PRODUCTION NO. 49:  All documents describing the MedRa coding system, including the MedRa dictionary, from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous with respect to the term "Medra;"  AstraZeneca assumes that Plaintiffs are referring to "MedDRA."  AstraZeneca further objects on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states the MedDRA dictionary is publicly available on the Internet to Plaintiffs.

REQUEST FOR PRODUCTION NO. 50:  All Investigative Brochures and Investigator Brochure updates for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents have already been produced.  Investigation is continuing and to the extent that additional non-privileged, responsive documents for the relevant time period are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 51:  All Core Data Sheets and Core Data Sheet updates for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents for the relevant time period related to Seroquel® in the U.S. have been produced from various files, as well as within AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.

38

<u>REQUEST FOR PRODUCTION NO. 52</u>:  All Good Clinical Practices utilized by you for Seroquel as referenced in the Patient Risk Management Plan (PRMP) for Seroquel (AZ/SER 3783077) from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is vague and ambiguous

particularly with respect to the fact that "Good Clinical Practices" are not in and of themselves

documents.  AstraZeneca further objects to this request on the grounds that it is overly broad,

unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents have been produced from various files as well as in connection with

the Rule 30(b)(6) deposition of Jamie Mullen on May 17-18, 2007 (Dep. Ex. 5, "Initiation,

Approval, Sponsorship, and Conduct of All Trials).  AstraZeneca states that it is in the process of

determining whether it possesses additional documents for the relevant time period responsive to

this request, and that its investigation is ongoing.

.

<u>REQUEST FOR PRODUCTION NO. 53</u>:  All informed consent forms to be signed by patients prior to participating in any clinical trials involving Seroquel®.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that the master form for each clinical trial is attached as an exhibit to the formal protocol and has

been produced from various files, as well as in AstraZenecas's November 2006 and June 8, 2007

productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 54:  All materials prepared by or for Barry Arnold for all
seminars, conferences and presentations on the subject of pharmacovigilance and safety
surveillance from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it

seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

REQUEST FOR PRODUCTION NO. 55:  All company clinical comments generated by you in
connection with any Global Drug Safety Physician's (GDSP) review of reports for Seroquel with
a fatal outcome, reports assessed as life threatening, and reports of topics that are classified as
"Keep Under Review Topics," from the time Seroquel was introduced to the market to the
present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is in the process of determining whether it possesses documents for the relevant time

period responsive to this request, and that its investigation is ongoing.

REQUEST FOR PRODUCTION NO. 56:  All minutes of meetings of Benefit/Risk Team for
Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it

seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents for the relevant time period have already been produced.

Investigation is ongoing and to the extent that additional non-privileged minutes of the

Benefit/Risk Team for Seroquel® are located, AstraZeneca will supplement its production for

the relevant time period.

REQUEST FOR PRODUCTION NO. 57:  All materials and agendas prepared for discussion
prior to or during the meetings of Benefit/Risk Team for Seroquel from the time Seroquel was
introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it

seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents for the relevant time period have already been produced. Investigation is ongoing and to the extent that additional non-privileged responsive documents are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 58:  All communications between members of the Benefit/Risk Team for Seroquel related to team issues from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is extraordinarily over broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

REQUEST FOR PRODUCTION NO. 59:  All communications between attendees of the Safety Evaluation and Review Meetings (SERM) and Pre-SERM meetings related to safety issues concerning Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request as duplicative of Request Nos. 32 and 33.  AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

REQUEST FOR PRODUCTION NO. 60:  All Pharmacovigilance Plans for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous, particularly with respect to the term "Pharmacovigilance Plans."  AstraZeneca further objects on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that it is not aware of any document titled "Pharmacovigilance Plans" for Seroquel.

REQUEST FOR PRODUCTION NO. 61:  All minutes or notes of meetings of the Regulatory Core Team for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous with respect to the term "Regulatory Core Team for Seroquel."  AstraZeneca further objects on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

REQUEST FOR PRODUCTION NO. 62:  All minutes or notes of meetings of the Regulatory
Project Team for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that

it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of

any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence, particularly insofar as it is not limited to the period of time allegedly

relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

        Subject to and without waiving its general and specific objections, AstraZeneca states

that to date it has not located any minutes of the Regulatory Project Team.  Investigation is

continuing, and to the extent that non-privileged, responsive minutes for the relevant time period

are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 63:  All minutes or notes of meetings of the Defense
Team for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous with respect to the

term "Defense Team for Seroquel."  AstraZeneca further objects on the grounds that it is overly

broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead

to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

44

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

REQUEST FOR PRODUCTION NO. 64:  All minutes or notes of meetings of the Labeling Team for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous, particularly with respect to the phrase "Labeling Team for Seroquel."  AstraZeneca further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

REQUEST FOR PRODUCTION NO. 65:  All minutes or notes of meetings of the Executive
Approved Team for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is vague and ambiguous,

particularly with respect to the term "Executive Approved Team;" AstraZeneca believes that

Plaintiffs mean "Executive Approval Team."  AstraZeneca further objects to this request on the

grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that to date it has not located any minutes of the Executive Approval Team.  Investigation is

continuing, and to the extent that non-privileged, responsive minutes for the relevant time period

are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 66:  All Agency Contacts (FDA) for Seroquel, not yet
provided in the IND or NDA.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that

it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of

any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence, particularly insofar as it is not limited to the period of time allegedly

relevant to this lawsuit.  AstraZeneca further objects to this request to the extent that it seeks

foreign documents as overly broad, unduly burdensome, harassing, not reasonably calculated to

lead to the discovery of admissible evidence, and outside the possession and/or control of

AstraZeneca.  Each foreign regulatory agency has different standards of review, different labels,

different pricing, and different social systems under which the medication was prescribed.  Each

foreign regulatory body independently decides the content of the prescribing information that

may or must be provided to physicians and/or patients.  Discovery regarding foreign regulatory

authorities and foreign labeling is therefore irrelevant and the burden of collecting and producing

such discovery far outweighs any arguable probative value.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents have been produced within AstraZenecas's November 2006 and June

8, 2007 productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 67:  All notes regarding contacts with any foreign
regulatory authority about Seroquel.

**RESPONSE:**  AstraZeneca objects to this request for foreign documents as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory

agency has different standards of review, different labels, different pricing, and different social

systems under which the medication was prescribed.  Each foreign regulatory body

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients.  Discovery regarding foreign regulatory authorities is therefore

irrelevant and the burden of collecting and producing such discovery far outweighs any arguable

probative value.  AstraZeneca also objects to this request to the extent that it seeks documents

protected by the attorney-client privilege, attorney work product, or other applicable privileges.


REQUEST FOR PRODUCTION NO. 68:  All Risk Opportunity Logs for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous, particularly in its

use of the term "Risk Opportunity Logs."  AstraZeneca further objects to this request on the

grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not

reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further

objects to this request on the grounds that it is unduly burdensome and seeks documents that are

not relevant to the claims or defenses of any party or to the subject matter of this action, nor

reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is

not limited to the period of time allegedly relevant to this lawsuit.

Subject to and without waiving its general and specific objections, AstraZeneca states

that to the extent Plaintiffs intended to seek Risk Opportunity Registers, responsive documents

for the relevant time period have already been produced.  Investigation is ongoing and to the

extent that additional non-privileged, responsive documents are located, AstraZeneca will

supplement its production for the relevant time period.

48

REQUEST FOR PRODUCTION NO. 69:  All Regulatory Risk Assessments for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that

it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of

any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence, particularly insofar as it is not limited to the period of time allegedly

relevant to this lawsuit.

Subject to and without waiving its general and specific objections, AstraZeneca states

that responsive documents for the relevant time period have already been produced.

Investigation is ongoing and to the extent that additional non-privileged, responsive documents

are located, AstraZeneca will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 70:  All warning letters from DDMAC, all responses to
such letters and all follow-up responses from the FDA, not yet provided in the IND or NDA.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous, particularly with

respect to the term "warning letters."  AstraZeneca further objects on the grounds that it is overly

broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead

to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to the period of time allegedly relevant to this lawsuit or to Seroquel®.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents for the relevant time period have been produced within AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.

REQUEST FOR PRODUCTION NO. 71:  All documents related to "Seroquel Stride."

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that it has already produced responsive documents.  Investigation is ongoing and to the extent that AstraZeneca locates non-privileged, responsive "Seroquel Strides", it will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 72:  All documents related to "CNS Newsflash."

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it

seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it has already produced responsive documents.  Investigation is ongoing and to the extent that AstraZeneca locates non-privileged, responsive "CNS Newsflashes" relating to Seroquel®, it will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 73:  All documents related to "Seroquel Highlights."

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it has already produced responsive documents.  Investigation is ongoing and to the extent that AstraZeneca locates non-privileged, responsive "Seroquel Highlights," it will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 74:  All documents related to "Manager's Briefs."

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it

seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it has already produced responsive documents.  Investigation is ongoing and to the extent

that AstraZeneca locates non-privileged, responsive "Manager's Briefs" relating to Seroquel®, it

will supplement its production for the relevant time period.

REQUEST FOR PRODUCTION NO. 75:  The UK Marketing Authorization Applications for
Seroquel.

**RESPONSE:**  AstraZeneca objects to this request for foreign documents as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory

agency has different standards of review, different labels, different pricing, and different social

systems under which the medication was prescribed.  Each foreign regulatory body

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients.  Discovery regarding foreign regulatory authorities and foreign

labeling is therefore irrelevant and the burden of collecting and producing such discovery far

outweighs any arguable probative value.

<u>REQUEST FOR PRODUCTION NO. 76</u>:  All drafts and amendments to Seroquel Product Strategic Plans as referenced to "Product Strategic Plans For Seroquel" (AZSER0589524) from 1996 to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it has already produced responsive documents.  Investigation is ongoing and to the extent that AstraZeneca locates additional non-privileged, responsive Product Strategic Plans for Seroquel®, it will supplement its production for the relevant time period.

Dated:  June 25, 2007

By: <u>/s/ Kevin T. Kerns</u>
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
215-994-4000
Counsel for Defendants AstraZeneca
    Pharmaceuticals LP and AstraZeneca LP

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of June, 2007, I served the foregoing

Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs'

Request for Production of Documents via electronic mail upon counsel on the attached service

list.  Service on Plaintiffs' Liaison Counsel constitutes service on all unrepresented plaintiffs.


By: /s/ Kevin T. Kerns
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
215-994-4000
Counsel for Defendants AstraZeneca
    Pharmaceuticals LP and AstraZeneca LP

June 25, 2007

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals LP and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |