# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation | Case No. 6:06-md-01769-ACC-DAIS |
| MDL Docket No. 1769 | |
| | **SECOND AMENDED RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** |
| DOCUMENT RELATES TO ALL CASES | |

## SECOND AMENDED RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (hereinafter "AstraZeneca") hereby supplement their answers to Plaintiffs' Request for Production as follows. These supplemental answers include information previously communicated to Plaintiffs' Counsel in emails and additional document productions from the time of serving its Amended Responses on July 5, 2007 to the present.

As Plaintiffs are aware, AstraZeneca has produced nearly 11 million pages of documents in this MDL in over 10 months, the vast majority of which are documents collected from the custodial files of 94 custodians and the IND and NDA.



PLAINTIFF'S EXHIBIT 5

## GENERAL OBJECTIONS

1.     AstraZeneca objects to Plaintiffs' requests to the extent that they seek documents or information protected against disclosure by the attorney-client privilege, work product doctrine, or other applicable privileges.  In setting forth its responses, AstraZeneca does not waive attorney-client, work product, or other applicable privilege or immunity from disclosure which may attach to information called for in, or responsive to, these discovery requests.  In answering all or any portion of any discovery request, AstraZeneca neither admits the existence of any facts set forth or assumed by the request for production, nor concedes the relevance or materiality of the request or the subject matter to which the request refers.  Furthermore, the fact that AstraZeneca has responded to part or all of any request is not intended to and shall not be construed to be a waiver by AstraZeneca of any part of any objection to any request.

2.     AstraZeneca's responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving the following rights: (i) the right to raise all questions of authenticity, materiality, and admissibility as evidence, for any purpose, with respect to the documents produced or made available for inspection and copying, which may arise in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding; (ii) the right to object to the use of said information and/or documents in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding, on any grounds; and (iii) the right to object on any ground at any time to other discovery requests involving said information and/or documents or the subject matter thereof.

3.     Much of the information sought herein is highly confidential and proprietary and consists of valuable commercial information, trade secrets, or business confidential materials, the disclosure of which would be highly prejudicial to AstraZeneca and the value of which cannot be calculated as money damages.  AstraZeneca specifically objects to these requests to the extent that they seek information or documents that AstraZeneca has gathered relating to its competitors, which is proprietary, highly confidential, and the disclosure of which would compromise its business interests because Seroquel® (quetiapine fumarate) is a currently distributed medication.  Consequently, to the extent such information is discoverable, it will be produced only subject to the MDL stipulated protective order.

4.     Many of Plaintiffs' requests seek documents that have already been produced or are in the process of being produced in the MDL.  AstraZeneca has produced nearly 11 million pages of documents representing a part of AstraZeneca's ultimate document production.  These documents are being produced in formats that are fully searchable by Plaintiffs pursuant to their own requested specifications, thereby presenting Plaintiffs with no greater burden in identifying documents in the production that are responsive to these requests for production than would be incurred by AstraZeneca.

5.     AstraZeneca objects to these requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents.  AstraZeneca objects to these requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.

3

Additionally, documents may exist which reference Seroquel® generally, but are not relevant to the issues presented in this litigation. AstraZeneca is willing to consider any narrowing of these requests which Plaintiffs may present.

      6.     Many of the requests set forth herein seek information or documents, the disclosure of which would violate privacy rights of non-parties including, but not limited to, those privacy rights guaranteed by the federal and state constitutions as well as federal and state statutes and regulations.   AstraZeneca objects to the disclosure of personal identifying information pertaining to those who reported adverse events, participated in clinical trials, or took Seroquel® for any reason at any time.  AstraZeneca is precluded from disclosing the identities of patients, hospitals, or health care professionals (or any third party) who report events covered by the adverse event reporting process. *See, e.g.,* 21 C.F.R. § 20.63(f).  To the extent that documents containing information protected from disclosure by federal or state law are produced, AstraZeneca will redact such documents to remove personally identifiable information.

      7.     AstraZeneca objects to these requests to the extent that they purport to require AstraZeneca to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

      8.     AstraZeneca objects to the privilege log requirements imposed in Instruction 4. AstraZeneca will provide a privilege log containing sufficient information to allow Plaintiffs to evaluate the privilege claim.

9.    AstraZeneca objects to the definition of "Seroquel" in Definition No. 6 as vague and overbroad. Per agreement reached between Stephen McConnell (Dechert LLP, Counsel for AstraZeneca) and Camp Bailey (Plaintiffs' Lead Counsel) on June 25, 2007, AstraZeneca defines "Seroquel" as "the antipsychotic drug quetiapine fumarate, in any form, including (but not limited to) the medication marketed and sold under the brand name Seroquel®, any chemical equivalents, and any predecessor or non-final derivation of the drug marketed by any AstraZeneca entity."

10.    AstraZeneca objects to the extent that these requests, as well as Definition No. 11 (the definition of "you," "your" or "AstraZeneca"), are directed to and include AstraZeneca PLC, AstraZeneca AB, and/or AstraZeneca UK Limited, entities that, upon information and belief, have not been served in this case. These Responses are being made only on behalf of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

11.    AstraZeneca objects to the definition of "Injuries" in Definition No. 12 with respect to the inclusion of type I diabetes.

12.    AstraZeneca objects to the definition of "relevant period" in Definition No. 10 as overbroad. Documents in this case have been produced pursuant to a cutoff date negotiated by the parties.

13.    Several of Plaintiffs' discovery requests seek documents or information about adverse events other than those allegedly experienced by Plaintiffs. AstraZeneca objects to any

discovery request seeking this type of information as overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

       14.     AstraZeneca objects to the extent that any request seeks information related to products other than Seroquel®, which information is not being produced.

       15.     New or additional information may become known to AstraZeneca in the future. Accordingly, AstraZeneca reserves the right to revise, correct, add to, or clarify any of the responses set forth herein.

## SECOND AMENDED RESPONSES TO PLAINTIFFS'
## REQUEST FOR PRODUCTION OF DOCUMENTS

AstraZeneca's General Objections are incorporated by reference into each response set forth below.

**REQUEST FOR PRODUCTION NO. 1:** All corporate organizational charts that show the legal and business relationship between AstraZeneca PLC and ICI American Holdings and any corporate entities that are related to and/or affiliated with the previously identified companies.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous particularly with respect to the phrase "legal and business relationships." AstraZeneca further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that it provided documents that are sufficient to show the legal and business relationship between AstraZeneca PLC and ICI American Holdings and any corporate entities that are related to and/or affiliated with the previously identified companies. Specifically, AstraZeneca produced

6

various organizational charts at the Rule 30(b)(6) deposition of AstraZeneca witness Ann Booth-

Barbarin on May 14, 2007.  These organizational charts are identified as AZ/SER 10376259-

AZ/SER 10376271.  Furthermore, Ms. Booth-Barbarin provided testimony concerning corporate

organization during her deposition, as well as provided a supplemental affidavit dated May 23,

2007.


REQUEST FOR PRODUCTION NO. 2:  All corporate organizational charts for the non-U.S.
business entities that were involved in the research and development, regulatory, marketing,
production, and sales of Seroquel®.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states

that, consistent with an agreement with plaintiffs' counsel, organizational charts from Sweden,

UK and Japan were produced on September 28, 2007 and are identified as AZSER11110596-

AZSER11110603.


REQUEST FOR PRODUCTION NO. 3:  A list of all current and past employees who held
senior leadership positions from Vice President on up for the non-U.S. business entities who
were involved in the research and development, clinical studies, drug safety, regulatory, risk
management, marketing, production, and sales of Seroquel from its initial development to the
present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to the extent that this request

purports to require AstraZeneca to create a compilation and/or other document summary that does not currently exist.

By way of further response, AstraZeneca states that it will not create the requested list, and that a 30(b)(6) deposition has been noticed to be taken concerning AstraZeneca's operations in the U.K. and Sweden, which will provide information responsive to this request. AstraZeneca has located a witness who will provide information responsive to this request for the UK and Swedish defendants.

REQUEST FOR PRODUCTION NO. 4: A list of all current and previous Senior Executive Team (SET) members from the date of the merger between Astra AB and Zeneca Group PLC to the present.

**RESPONSE:** AstraZeneca states that a list of current SET members was produced at the Rule 30(b)(6) deposition of Ann Booth-Barbarin on May 14, 2007. This document is identified as AZSER 10376258. AstraZeneca further states that the following people were members of the SET for the specified years:

**1999**

Tom McKillop
Ake Stavling
Jonathan Symonds
Claes Wilhelmsson
Michael O'Brien
Carl-Gustaf Johansson
John Patterson
Barrie Thorpe
Gunnar Christiani

**2000**

Tom McKillop

8

Ake Stavling
Jonathan Symonds
Claes Wilhelmsson
Bruno Angelici
Carl-Gustaf Johansson
John Patterson
Barrie Thorpe
Gunnar Christiani

**2001**

Tom McKillop
Ake Stavling
Jonathan Symonds
Claes Wilhelmsson
Bruno Angelici
David Brennan
John Patterson
Barrie Thorpe
Tony Bloxham

**2002**

Tom McKillop
Ake Stavling
Jonathan Symonds
Bruno Angelici
David Brennan
Jan Lundberg
John Patterson
Martin Nicklasson
Barrie Thorpe
Tony Bloxham

**2003**

Tom McKillop
Jonathan Symonds
Bruno Angelici
David Brennan
Jan Lundberg
John Patterson
Martin Nicklasson
Barrie Thorpe

Tony Bloxham

**2004**

Tom McKillop
Jonathan Symonds
John Patterson
Bruno Angelici
David Brennan
Jan Lundberg
Martin Nicklasson
Barrie Thorpe
Tony Bloxham

**2005**

Tom McKillop
Jonathan Symonds
John Patterson
Bruno Angelici
David Brennan
Jan Lundberg
Martin Nicklasson
Barrie Thorpe
Tony Bloxham

**2006**

David Brennan
Jonathan Symonds
John Patterson
Bruno Angelici
Tony Zook
Jan Lundberg
Martin Nicklasson
David Smith
Tony Bloxham

REQUEST FOR PRODUCTION NO. 5:  All SET meeting minutes and/or agenda including video conference recordings and all documents prepared for the participants for such meetings regarding Seroquel, from the date of the merger between Astra AB and Zeneca Group PLC to the present.

RESPONSE: AstraZeneca states that it has gathered and is processing for production all SET minutes and agendas regarding Seroquel.  Some redaction of discussions relating to other products will likely be necessary.  After reasonable investigation, AstraZeneca does not believe that video conference recordings of SET meetings exist.

REQUEST FOR PRODUCTION NO. 6:  All documents, materials and agendas prepared for discussion prior to or during the SET members meetings related to Seroquel from the date of the merger between Astra AB and Zeneca Group PLC to the present.

RESPONSE:  AstraZeneca states that it has gathered and is processing responsive materials for production.  Again, some redaction of discussions relating to other products will likely be necessary.

REQUEST FOR PRODUCTION NO. 7:  All documents and communications between SET members related to Seroquel from the date of the merger between Astra AB and Zeneca Group PLC to the present.

RESPONSE: AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

11

Subject to and without waiving its general and specific objections, AstraZeneca states
that it is collecting documents from the SET members and will run searches for such documents
in the appropriate files, employing search terms "Seroquel" and "quetiapine."

REQUEST FOR PRODUCTION NO. 8:  A list of all current and previous United States
Leadership Team (USLT) members from the teams inception to the present.

**RESPONSE:** AstraZeneca states that a list of current USLT members was produced at the Rule

30(b)(6) deposition of Ann Booth-Barbarin on May 14, 2007.  This document is identified as

AZSER 10376258.  Moreover, on June 25, 2007, AstraZeneca also produced lists of historical

USLT members for the period 1999 to 2007.   AstraZeneca identifies these documents as

AZSER 10382766-AZSER10382774.

REQUEST FOR PRODUCTION NO. 9:  All USLT members meeting minutes and/or agenda
including video conference recordings and all documents prepared for the participants for such
meetings regarding Seroquel, from the teams inception to the present.

**RESPONSE:** AstraZeneca has produced what it believes to be a complete set of these minutes

relating to Seroquel® at AZSER10415523-10415633.  After reasonable investigation,

AstraZeneca does not believe that video conference recordings of USLT exist.

12

REQUEST FOR PRODUCTION NO. 10:  All documents, materials and agendas prepared for discussion prior to or during the USLT members meetings related to Seroquel.

**RESPONSE:** AstraZeneca has gathered potentially responsive documents and those documents are being processed.  Some redaction of discussions relating to other products will likely be necessary.

REQUEST FOR PRODUCTION NO. 11:  The patent application for Seroquel and any amendments thereto.

**RESPONSE:** AstraZeneca produced the application for the patent covering Seroquel® on June 25, 2007.  AstraZeneca identifies this document as AZSER10382597-AZSER10382765.

REQUEST FOR PRODUCTION NO. 12:  All patient information sheets intended for dissemination in Japan, the United Kingdom, Australia, Canada, Sweden, and any other foreign country regarding Seroquel and any English translations that exist.

**RESPONSE:**  AstraZeneca objects to this request for foreign documents as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory agency has different standards of review, different labels, different pricing, and different social systems under which the medication was prescribed.  Each foreign regulatory body independently decides the content of the prescribing information that may or must be provided to physicians and/or patients.  Discovery regarding foreign regulatory authorities and foreign labeling is therefore irrelevant and the burden of collecting and producing such discovery far outweighs any arguable probative value.

13

Subject to and without waiving its general and specific objections, AstraZeneca

states that it has produced all relevant product labeling, including patient information sheets, for

UK at bates numbers AZSER10765920-AZSER10766474.  All relevant product labeling,

including patient information sheets, for Canada has been produced at bates numbers

AZSER11142181-AZSER11143068.  Product labeling, including patient information sheets

from Japan and Sweden are being processed for production.  AstraZeneca will produce patient

information sheets for Australia, to the extent they exist, as soon as feasible.

REQUEST FOR PRODUCTION NO. 13:  All Dear Doctor/Healthcare Provider Letters intended
for dissemination in Japan, the United Kingdom, Australia, Canada, Sweden and any other
foreign country regarding Seroquel and any English translations that exist.

**RESPONSE:** AstraZeneca objects to this request for foreign documents as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory

agency has different standards of review, different labels, different pricing, and different social

systems under which the medication was prescribed.  Each foreign regulatory body

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients.  Discovery regarding foreign regulatory authorities and foreign

labeling is therefore irrelevant and the burden of collecting and producing such discovery far

outweighs any arguable probative value.

Subject to and without waiving its general and specific objections, AstraZeneca

states that, after reasonable investigation, AstraZeneca does not believe that any Dear Doctor

14

Letters for Seroquel®were sent in the United Kingdom and Australia. AstraZeneca is processing responsive documents from Canada, Sweden and Japan for production.

REQUEST FOR PRODUCTION NO. 14: All draft package inserts, patient information sheets, and Dear Doctor/Healthcare Provider letters pertaining to Seroquel that were prepared for any foreign country and any English translations that exist.

**RESPONSE:** AstraZeneca objects to this request for foreign documents as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and outside the possession and/or control of AstraZeneca. Each foreign regulatory agency has different standards of review, different labels, different pricing, and different social systems under which the medication was prescribed. Each foreign regulatory body independently decides the content of the prescribing information that may or must be provided to physicians and/or patients. Discovery regarding foreign regulatory authorities and foreign labeling is therefore irrelevant and the burden of collecting and producing such discovery far outweighs any arguable probative value. AstraZeneca also objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it has produced all, relevant, final patient information sheets and package inserts for UK (AZSER10765920-AZSER10766474) and Canada (AZSER11142181-AZSER11143068). Final patient information sheets, package inserts and Dear Doctor letters for Japan are being processed for production. AstraZeneca is collecting and processing final patient information

15

sheets, to the extent they exist, and package inserts from Australia and Sweden. Dear Doctor

letters for Canada and Sweden are being processed for production. After reasonable

investigation, AstraZeneca does not believe that any Dear Doctor Letters for Seroquel® were

sent in the United Kingdom and Australia.


REQUEST FOR PRODUCTION NO. 15:  All documents produced by you during the course of
all United States Attorney investigations related to Seroquel.

**RESPONSE:** AstraZeneca states that it has produced all non-privileged and non-protected

documents produced by AstraZeneca during the United States Attorney's investigation related to

Seroquel® at AZSER10380344-AZSER10382596; AZSER10382775-AZSER10382824;

AZSER10764042-AZSER10764508; AZSER11110604-AZSER11142180. AstraZeneca will

supplement this production if any additional nonprivileged documents are subsequently produced

in the United States Attorney investigation related to Seroquel®.


REQUEST FOR PRODUCTION NO. 16:  All documents in your possession related to any
research or clinical trials in which Dr. Richard Borison had any involvement.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to

lead to the discovery of admissible evidence. AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the

period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on

the grounds that it seeks documents protected by the attorney-client privilege, attorney work

product, or other applicable privileges.  AstraZeneca further objects by stating that this request

seeks all documents in AstraZeneca's possession related to any research or clinical trials in

which the specified individuals had any involvement, regardless of whether these trials relate to

Seroquel®.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that responsive documents relating to clinical trials involving

Seroquel® have already been produced in AstraZenecas's November 2006 and June 8, 2007

productions of the IND/NDA materials and AstraZeneca's September 28, 2007 published

submissions file share production.  By way of further response, AstraZeneca identifies the

documents beginning with bates numbers AZ/SER7579394, AZ/SER2816260, AZ/SER0305459,

AZSER13076412 and AZ/SER7642414 as responsive.

REQUEST FOR PRODUCTION NO. 17:  All documents in your possession related to any
research or clinical trials in which Bruce Diamond had any involvement.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to

lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the

period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on

the grounds that it seeks documents protected by the attorney-client privilege, attorney work

product, or other applicable privileges.  AstraZeneca further objects by stating that this request

seeks all documents in AstraZeneca's possession related to any research or clinical trials in

which the specified individuals had any involvement, regardless of whether these trials relate to

Seroquel®.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that responsive documents relating to clinical trials involving

Seroquel® have been produced in AstraZenecas's November 2006 and June 8, 2007 productions

of the IND/NDA materials and AstraZeneca's September 28, 2007 published submissions file

share production.  By way of further response, AstraZeneca identifies the documents beginning

with bates numbers AZ/SER7579394, AZ/SER2816260, AZ/SER0305459, AZSER13076412

and AZ/SER7642414 as responsive.

REQUEST FOR PRODUCTION NO. 18:  All documents in your possession related to any
research or clinical trials in which Eric Poehlman had any involvement.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to

lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the

18

period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on

the grounds that it seeks documents protected by the attorney-client privilege, attorney work

product, or other applicable privileges.  AstraZeneca further objects by stating that this request

seeks all documents in AstraZeneca's possession related to any research or clinical trials in

which the specified individuals had any involvement, regardless of whether these trials relate to

Seroquel®.  AstraZeneca states that at the June 7, 2007 meet and confer session at Dechert

LLP's Philadelphia office, counsel for Plaintiffs agreed to provide a basis for the relevance of its

request relating to Eric Poehlman, but has yet to do so.

 Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that it has found no documents pertaining to Eric Poehlman and

any involvement with Seroquel®.


REQUEST FOR PRODUCTION NO. 19:  All documents in your possession related to any
research or clinical trials in which Walter DeNino had any involvement.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks irrelevant information, and is not reasonably calculated to

lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the

grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or

defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to

the discovery of admissible evidence, particularly insofar as it is not limited to Seroquel® or the

period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request on

the grounds that it seeks documents protected by the attorney-client privilege, attorney work

product, or other applicable privileges.  AstraZeneca further objects by stating that this request

19

seeks all documents in AstraZeneca's possession related to any research or clinical trials in

which the specified individuals had any involvement, regardless of whether these trials relate to

Seroquel®. AstraZeneca states that at the June 7, 2007 meet and confer session at Dechert

LLP's Philadelphia office, counsel for Plaintiffs agreed to provide a basis for the relevance of its

request relating to Walter DeNino, but has yet to do so.

      Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that it has found no documents pertaining to Walter DeNino

and any involvement with Seroquel®.


REQUEST FOR PRODUCTION NO. 20: All blood test results, charts, graphs and databases
relating to Defendant's use of QUICKI in their studies.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence. AstraZeneca further objects to this request on the grounds that

it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of

any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery

of admissible evidence, particularly insofar as it is not limited to Seroquel® or the period of time

allegedly relevant to this lawsuit.

      Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that responsive information is contained within the various

clinical trial study protocols already produced in various files and in AstraZenecas's November

2006 and June 8, 2007 productions of the IND/NDA materials and AstraZeneca's September 28,

2007 published submissions file share production..  By way of further response, AstraZeneca

understands that additional information responsive to this request (as well as responsive to

Request 45) resides in a database in Sweden.  AstraZeneca has taken steps to have this

information extracted from the database and will produce a native SAS file containing

responsive information.  AstraZeneca further states that it is not withdrawing its objections to

this request because it is not agreeing to search every employees' computer where QUICKI may

be referenced.

REQUEST FOR PRODUCTION NO. 21:  All draft protocols, protocols, and amendments to
protocols related to Study 125.

**RESPONSE:** AstraZeneca objects to this request to the extent it seeks draft documents that may
not be obtainable.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that protocols related to Study 125 and amendments thereto

have already been produced in various files, as well as AstraZenecas's November 2006 and June

8, 2007 productions of the IND/NDA materials.  AstraZeneca further identifies the following

documents as responsive:  AZ/SER 8548161-AZ/SER 8548187; AZ/SER 1224083-AZ/SER

1224157; AZ/SER 7345188-AZ/SER 7345635; AZ/SER 8424843-AZ/SER 8425104; AZ/SER

8612468-AZ/SER 8612494; AZ/SER 8984696-AZ/SER 8985143.

REQUEST FOR PRODUCTION NO. 22:  All documents, drafts and any amendments to the Statistical Analysis Plan for Study 125.

**RESPONSE:** AstraZeneca objects to this request to the extent it seeks draft documents that may not be obtainable.

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states that statistical analysis plans related to Study 125 and amendments thereto have already been produced in various files, as well as AstraZenecas's November 2006 and June 8, 2007 productions of the IND/NDA materials.  AstraZeneca identifies the following documents as responsive: AZ/SER 8548161-AZ/SER 8548187; AZ/SER 8628429-AZ/SER 8628455; AZ/SER 8425105-AZ/SER 8425131.

REQUEST FOR PRODUCTION NO. 23:  All e-mails, and both internal and external communications regarding protocols to Study 125.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is extraordinarily over broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request on the grounds that it is unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to the period of time allegedly relevant to this lawsuit.  AstraZeneca further objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

22

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca has determined that no central file exists with respect to Study 125 communications. By way of further response, AstraZeneca states that external communications with the FDA have already been produced from various files, as well as AstraZeneca's November 2006 and June 8, 2007 productions of the IND/NDA materials and AstraZeneca's September 28, 2007 published submissions file share production.

REQUEST FOR PRODUCTION NO. 24:  All drafts and amendments to the clinical study report of Study 125.

**RESPONSE:**  AstraZeneca objects to this request to the extent it seeks draft documents that may not be obtainable.

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states that it has produced the clinical study report of Study 125 and any amendments thereto. By way of further response, it identifies the following documents as responsive: AZ/SER 1860716-AZ/SER 1861256; AZ/SER 7345188-AZ/SER 7345635; AZ/SER 8424843-AZ/SER 8425104; AZ/SER 8612468-AZ/SER 8612494; AZ/SER 8984696-AZ/SER 8985143. AstraZeneca will supplement this request with the appendices to the Study 125 clinical study report.

REQUEST FOR PRODUCTION NO. 25:  All underlying documents and communications for Study 125.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "underlying documents and communications."

23

AstraZeneca further objects to this request on the grounds that it is extraordinarily over broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca incorporates by reference it's responses to Requests 21 through 24 above.

REQUEST FOR PRODUCTION NO. 26:  All case report forms relating to the adverse events as referenced in Defendants Discussion Document (AZSER4302750) on Seroquel.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "case report forms relating to the adverse events." AstraZeneca further objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states that AstraZeneca maintains "Case Report Forms" only for adverse events related to clinical trials; it does not maintain "Case Report Forms" for post-marketing adverse events as referenced in the Discussion Document identified.

By way of further response, AstraZeneca has produced all of the adverse event reports for Seroquel® in the CLINTRACE database, which includes the information on the case report

24

forms.  AstraZeneca identifies these documents as: AZSER10383132-AZSER10415455;

AZSER10415634-AZSER10415650.

REQUEST FOR PRODUCTION NO. 27:  All records for the 117 weight gain reports referenced
to Seroquel in discussion document (AZSER2258529).

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous,

particularly with respect to the phrase "all records."  AstraZeneca further objects to this request

on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is

not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that its Clintrace production referenced in AstraZeneca's

response to Request No. 26 will include the 117 weight gain reports discussed in the Discussion

Document (AZSER2258529).  Counsel for AstraZeneca understands that these documents have

tracking numbers for identification.  AstraZeneca identifies this Clintrace production as:

AZSER10383132-AZSER10415455; AZSER10415634-AZSER10415650.

REQUEST FOR PRODUCTION NO. 28:  A complete inventory listing the Case Report Forms
that the Defendants, Iron Mountain or any other entity under the control of Defendants has
stored/archived with respect to all Seroquel related clinical trials sponsored by the Defendants.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous.

AstraZeneca further objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

25

discovery of admissible evidence.  AstraZeneca further objects to the extent that this request

purports to require AstraZeneca to create a compilation and/or other document summary that

does not currently exist.  AstraZeneca further objects to this request to the extent that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states it has made multiple inquiries regarding Request 28 and it

appears that such an inventory does not exist.


REQUEST FOR PRODUCTION NO. 29:  A complete inventory listing of the Case Report
Forms that the Defendants, Iron Mountain or any other entity under the control of Defendants
has stored/archived with respect to all Seroquel related clinical trials conducted under the
Investigator Sponsored Study (ISS) program.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is vague and ambiguous.

AstraZeneca further objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to the extent that this request

purports to require AstraZeneca to create a compilation and/or other document summary that

does not currently exist.  AstraZeneca further objects to this request to the extent that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

26

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states it has made multiple inquiries regarding Request 29 and it appears that such an inventory does not exist.

REQUEST FOR PRODUCTION NO. 30: All "Keep Under Review" lists for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:** After reasonable investigation, AstraZeneca has produced responsive documents at bates numbers AZSER10764824-AZSER10764828.

REQUEST FOR PRODUCTION NO. 31: All Patient Risk Management Plans (PRMP) for Seroquel, or similar documents, from the time Seroquel was introduced to the market to the present.

**RESPONSE:** After reasonable investigation, AstraZeneca states that it has produced what it believes to be a complete set of PRMPs and safety surveillance plans. These documents are identified as AZ/SER 7346505-7347015, AZSER10415456-AZSER10415477, and AZ/SER 6352466-6352540.

REQUEST FOR PRODUCTION NO. 32: All minutes from the Safety Evaluation and Review Meetings (SERM) and Pre-SERM meetings for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:** After reasonable investigation, AstraZeneca states that all relevant SERM and Pre-SERM minutes have been produced at AZSER10415478-AZSER10415522.

REQUEST FOR PRODUCTION NO. 33: All discussion documents and agendas prepared for the Safety Evaluation and Review Meetings (SERM) and Pre-SERM meetings for Seroquel as described in the Patient Risk Management Plan (PRMP) (AZ/SER 3783050 – AZ/SER3783104) and Overview of Drug Safety (AZ/SER 0491060 – AZ/SER 0491069) from the time Seroquel was introduced to the market to the present.

**RESPONSE:** After reasonable investigation, AstraZeneca states all relevant, non-privileged

discussion documents and agendas prepared for the SERM and Pre-SERM meetings for

Seroquel® have been produced at AZSER10478320-AZSER10481057.

REQUEST FOR PRODUCTION NO. 34: All Justification Documents concerning Seroquel label changes prepared from the time Seroquel was introduced to the market to the present.

**RESPONSE:** After reasonable investigation, AstraZeneca states that "Justification Documents"

were not prepared specifically for changes to the US label for Seroquel®. Documents supporting

AstraZeneca's proposed label changes have been produced in AstraZeneca's November 2006

and June 8, 2007 productions of the IND/NDA materials and AstraZeneca's September 28, 2007

published submissions file share production.

REQUEST FOR PRODUCTION NO. 35: All Justification Documents concerning changes to the Seroquel Core Data Sheets (CDS) prepared from the time Seroquel was introduced to the market to the present.

**RESPONSE:** After reasonable investigation, AstraZeneca states that it has produced

Justification Documents concerning changes to the Seroquel® Core Data Sheets (CDS) at

AZSER10478320-AZSER10481057.

REQUEST FOR PRODUCTION NO. 36:  All Position Papers concerning any safety or efficacy topic related to Seroquel prepared from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that it has produced Position

Papers concerning any safety or efficacy topic related to Seroquel® at AZSER10478320-

AZSER10481057.

REQUEST FOR PRODUCTION NO. 37:  All Standard Operating Procedures (SOP) concerning pharmacovigilance and safety surveillance utilized by you from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that responsive SOPs and

Working Instructions were identified at and produced in connection with the Rule 30(b)(6)

Deposition of Vita Petrik on May 17, 2007 at AZ/SER 1858078-AZ/SER 1858089, AZ/SER

1284436-AZ/SER 1284486, AZSER 10379928-AZSER 10379952, AZSER10379965-

AZSER10380443.  AstraZeneca produced additional SOPs and Working Instructions at

AZSER10790605-AZSER10791350.

REQUEST FOR PRODUCTION NO. 38:  All "Working Instructions" related to pharmacovigilance and safety surveillance utilized by you from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca incorporates by reference its response to Request 37 above.

REQUEST FOR PRODUCTION NO. 39: All reports concerning whether Standard Operating Procedures (SOP) related to pharmacovigilance and safety surveillance were complied with by you from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. AstraZeneca also objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states it will produce all such reports to the extent they relate to Seroquel®.

REQUEST FOR PRODUCTION NO. 40: All Periodic Safety Update Reports (PSUR) for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:** After reasonable investigation, AstraZeneca states that a complete sets of PSURs from 1997-2006, organized chronologically in a set of five binders, were produced on May 23, 2007, in advance of the 30(b)(6) Deposition of AstraZeneca's Rule 30(b)(6) representative for U.S. Regulatory Affairs, Kathryn Bradley. AstraZeneca identifies these documents as AZ/SER 456808-AZ/SER 457398; AZ/SER 457602-AZ/SER 457870; AZ/SER 458072-AZ/SER 459458; AZ/SER 460205-AZ/SER 460587; AZ/SER 461764-AZ/SER 462146; AZ/SER 480443-AZ/SER 480444; AZ/SER 2469546-AZ/SER 2480185.

REQUEST FOR PRODUCTION NO. 41:  All regulatory authority queries and any responses to regulatory authority queries as referenced in Overview of Drug Safety (AZ/SER 0491068-AZ/SER 0491069) regarding Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that, to the extent it seeks

documents relating to foreign regulatory authorities, it is overly broad, unduly burdensome,

seeks irrelevant information, and is not reasonably calculated to lead to the discovery of

admissible evidence.  AstraZeneca further objects to this request to the extent that it seeks

queries from foreign regulatory entities as overly broad, unduly burdensome, harassing, not

reasonably calculated to lead to the discovery of admissible evidence, and outside the possession

and/or control of AstraZeneca.  Each foreign regulatory agency has different standards of review,

different labels, different pricing, and different social systems under which the medication was

prescribed.  Each foreign regulatory body independently decides the content of the prescribing

information that may or must be provided to physicians and/or patients.  Discovery regarding

foreign regulatory authorities and foreign labeling is therefore irrelevant and the burden of

collecting and producing such discovery far outweighs any arguable probative value.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that responsive documents related to Seroquel® in the U.S.

have already been produced in AstraZeneca's November 2006 and June 8, 2007 productions of

the IND/NDA materials and AstraZeneca's September 28, 2007 published submissions file share

production.  AstraZeneca is processing for production an index from GEL of the contacts

between AstraZeneca and FDA  that references the date, the record number, and includes a brief

summary of each document.  The index will be an excel spreadsheet and be fully searchable.

In addition, consistent with the agreements reached during meet and confers, AstraZeneca agreed to produce responsive documents housed in GEL for Netherlands, Australia, and Canada. AstraZeneca is working diligently to extract the responsive materials from GEL. AstraZeneca also agreed to produce responsive UK documents relating to safety and labeling that are kept in central location. These UK documents have been collected and are being processed for production. Swedish correspondence is partly in hard copy form and partly stored in GEL. It is not translated. However, because the Netherlands is the "Reference Member State" for the European Union for the Seroquel® compound, some 14 European countries follow the Netherlands regarding regulatory matters relating to Seroquel. Sweden is one of these countries. Thus, anything that was sent to Swedish authorities was also sent to regulatory authorities in the Netherlands. By producing correspondence with regulatory authorities in the Netherlands from GEL (the large majority of which is in English), AstraZeneca essentially is producing complete set of what was sent to Swedish authorities. With respect to Japanese Regulatory documents, AstraZeneca will be producing responsive materials both from AZ KK and Astellas, the third party licensee that marketed Seroquel® in Japan. Specifically, AstraZeneca is processing the following for production: (A) all Annual Safety Reports for Seroquel, which includes (i) the safety information relating to Seroquel® for the calendar year in question and (ii) Astellas's analysis and comments therefor, and all written and formal communication between Astellas and the Japanese MHLW relating thereto; (B) the Reevaluation Report for Seroquel, which includes (i) the safety information relating to Seroquel® for six (6) years from the date of the grant of the Manufacturing Approval for Seroquel® in Japan (i.e. December 6, 2000) and (ii) Astellas's analysis and comments therefor, and all written and formal communication between Astellas and

32

the Japanese MHLW relating thereto; (C) all Package Inserts for Seroquel® (together with their

respective cover letters) and all written and formal communication between Astellas and the

MHLW relating thereto; and (D) all Queries relating to Seroquel's clinical safety information

from the Japanese MHLW and Astellas's Response to those Queries (if any).

-

REQUEST FOR PRODUCTION NO. 42:  All marketing company queries and responses to
marketing company queries as referenced in Overview of Drug Safety (AZ/SER 0491068-
AZ/SER 0491069) regarding Seroquel from the time Seroquel was introduced to the market to
the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request to the extent that it

seeks information related to marketing queries from foreign entities as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Discovery regarding foreign

queries is irrelevant and the burden of collecting and producing such discovery far outweighs any

arguable probative value.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca it will produce the standard responses used by the marketing

company  that are accessible from the QUEST database.  By way of further response, marketing

company queries only go to GDSP if Global Medical Affairs cannot answer a query by using a

standard response.  For the years 2000-2006, responsive marketing company queries from GDSP

33

files were produced in the custodial files of R. Leong, Wayne Geller, and Vikram Dev.

AstraZeneca identifies the beginning bates numbers for responsive documents as

| | | |
|---|---|---|
| AZ/SER0485279 | AZ/SER 0487640 | AZ/SER1275964 |
| AZ/SER0485282 | AZ/SER 0487644 | AZ/SER1275965 |
| AZ/SER0485284 | AZ/SER0487645 | AZ/SER0754261 |
| AZ/SER0752623 | AZ/SER0487647 | AZ/SER1275966 |
| AZ/SER 0487481 | AZ/SER 0487649 | AZ/SER0489139 |
| AZ/SER0753782 | AZ/SER1852183 | AZ/SER1275989 |
| AZ/SER0753787 | AZ/SER1852184 | AZ/SER0489147 |
| AZ/SER0753789 | AZ/SER0487655 | AZ/SER0754487 |
| AZ/SER0753791 | AZ/SER0753820 | AZ/SER7274668 |
| AZ/SER 0487609 | AZ/SER 0487656 | AZ/SER7278013 |
| AZ/SER0753793 | AZ/SER0487659 | AZ/SER 0491173 |
| AZ/SER 0487616 | AZ/SER1852200 | AZ/SER2030595 |
| AZ/SER 0487617 | AZ/SER 0487661 | AZ/SER0754998 |
| AZ/SER0753794 | AZ/SER 0487662 | AZ/SER 0491181 |
| AZ/SER0753796 | AZ/SER 0487663 | AZ/SER 0491183 |
| AZ/SER0487618 | AZ/SER 0487665 | AZ/SER 0491184 |
| AZ/SER0753798 | AZ/SER 0487668 | AZ/SER 0491179 |
| AZ/SER1273794 | AZ/SER 0487670 | AZ/SER 0491199 |
| AZ/SER 0487620 | AZ/SER 0487673 | AZ/SER 0491201 |
| AZ/SER0753812 | AZ/SER0487675 | AZ/SER 0491203 |
| Z/SER0753813 | AZ/SER 0487677 | AZ/SER 0491208 |
| AZ/SER1852177 | AZ/SER0487678 | AZ/SER 0491216 |
| AZ/SER1852178 | AZ/SER0487679 | AZ/SER 0491217 |
| AZ/SER1273797 | AZ/SER0487681 | AZ/SER 0491213 |
| AZ/SER 0487624 | AZ/SER0753823 | AZ/SER 0491214 |
| AZ/SER0753815 | AZ/SER0753824 | AZ/SER 0491219 |
| AZ/SER1852179 | AZ/SER 0487683 | AZ/SER 0491303 |
| AZ/SER0753817 | AZ/SER0487685 | AZ/SER0755027 |
| AZ/SER1273798 | AZ/SER0487687 | AZ/SER 0491309 |
| AZ/SER0487625 | AZ/SER 0487691 | AZ/SER0491312 |
| AZ/SER0487627 | AZ/SER0487693 | AZ/SER 0491314 |
| AZ/SER0487629 | AZ/SER0487694 | AZ/SER 0491356 |
| AZ/SER0487631 | AZ/SER 0487695 | AZ/SER0491363 |
| AZ/SER0487633 | AZ/SER 0487696 | AZ/SER 0491373 |
| AZ/SER0487634 | AZ/SER 0487697 | AZ/SER 0491445 |
| AZ/SER1852181 | AZ/SER 0487703 | AZ/SER 0491449 |
| AZ/SER0753819 | AZ/SER0487704 | AZ/SER 0491451 |
| AZ/SER0487636 | AZ/SER 0490183 | AZ/SER 0491624 |
| AZ/SER 0487637 | AZ/SER 0490185 | AZ/SER 0491656 |

| | | |
|---|---|---|
| AZ/SER 0491664 | AZ/SER 0492366 | AZ/SER 0493105 |
| AZ/SER 0491667 | AZ/SER 0492369 | AZ/SER 0493113 |
| AZ/SER 0491672 | AZ/SER 0492459 | AZ/SER 0493115 |
| AZ/SER 0491683 | AZ/SER 0492456 | AZ/SER 0493148 |
| AZ/SER 0491713 | AZ/SER 0492466 | AZ/SER 0493149 |
| AZ/SER1276837 | AZ/SER 0492489 | AZ/SER1277789 |
| AZ/SER0491715 | AZ/SER0754947 | AZ/SER 0493145 |
| AZ/SER 0491717 | AZ/SER 0492610 | AZ/SER1277790 |
| AZ/SER0491719 | AZ/SER0760169 | AZ/SER 0493150 |
| AZ/SER 0491872 | AZ/SER 0492621 | AZ/SER1277791 |
| AZ/SER 0491874 | AZ/SER0755163 | AZ/SER 0493154 |
| AZ/SER 0491878 | AZ/SER 0492624 | AZ/SER 0493158 |
| AZ/SER0755037 | AZ/SER 0492626 | AZ/SER 0493169 |
| AZ/SER 0491881 | AZ/SER 0492629 | AZ/SER 0493171 |
| AZ/SER 0491884 | AZ/SER0760186 | AZ/SER2867838 |
| AZ/SER 0491956 | AZ/SER 0492644 | AZ/SER0756923 |
| AZ/SER 0492041 | AZ/SER 0492649 | AZ/SER0757077 |
| AZ/SER 0492063 | AZ/SER0492651 | AZ/SER1278121 |
| AZ/SER 0492066 | AZ/SER 0492657 | AZ/SER1853632 |
| AZ/SER0755042 | AZ/SER 0492661 | AZ/SER0757288 |
| AZ/SER 0492060 | AZ/SER 0492663 | AZ/SER0757292 |
| AZ/SER0492062 | AZ/SER 0492666 | AZ/SER0757291 |
| AZ/SER 0492084 | AZ/SER0755165 | AZ/SER2030635 |
| AZ/SER 0492082 | AZ/SER 0492654 | AZ/SER0759639 |
| AZ/SER0492083 | AZ/SER 0492766 | AZ/SER0759637 |
| AZ/SER0755043 | AZ/SER 0492785 | AZ/SER0759642 |
| AZ/SER1276855 | AZ/SER0760288 | AZ/SER0759654 |
| AZ/SER 0492181 | AZ/SER1277772 | AZ/SER0760073 |
| AZ/SER 0492183 | AZ/SER 0493057 | AZ/SER0760102 |
| AZ/SER 0492245 | AZ/SER 0493059 | AZ/SER7386683 |
| AZ/SER 0492248 | AZ/SER1277775 | AZ/SER7387940 |
| AZ/SER 0492250 | AZ/SER 0493066 | AZ/SER7387941 |
| AZ/SER0492252 | AZ/SER 0493076 | AZ/SER7387992 |
| AZ/SER1853393 | AZ/SER 0493077 | AZ/SER7391311 |
| AZ/SER0755084 | AZ/SER 0493084 | AZ/SER7392391 |
| AZ/SER0755086 | AZ/SER 0493086 | AZ/SER7409845 |
| AZ/SER 0492255 | AZ/SER 0493088 | AZ/SER6663282 |
| AZ/SER 0492284 | AZ/SER 0493090 | AZSER7955500 |
| AZSER7940503 | AZ/SER 0493079 | AZ/SER7284927 |
| AZSER7940506 | AZ/SER 0493081 | AZSER7955501 |
| AZ/SER 0492319 | AZ/SER0493082 | AZ/SER7284931 |
| AZ/SER 0492339 | AZ/SER1277777 | AZ/SER1729310 |
| AZ/SER0492341 | AZ/SER 0493092 | AZ/SER7285482 |
| AZ/SER 0492371 | AZ/SER1277778 | AZ/SER1729311 |

| | | |
|---|---|---|
| AZ/SER7285506 | AZ/SER7310263 | AZ/SER6980822 |
| AZ/SER7285526 | AZ/SER7310266 | AZ/SER6980826 |
| AZ/SER7285527 | AZ/SER7310285 | AZ/SER6972850 |
| AZ/SER7285535 | AZ/SER7310385 | AZ/SER6972857 |
| AZ/SER7285537 | AZ/SER7310390 | AZ/SER6972865 |
| AZ/SER7289261 | AZ/SER7310389 | AZ/SER6992943 |
| AZ/SER1854967 | AZ/SER7310394 | AZ/SER6977091 |
| AZ/SER7290030 | AZ/SER0769390 | AZ/SER6977149 |
| AZ/SER7290033 | AZ/SER7310533 | AZ/SER6977163 |
| AZ/SER7283926 | AZ/SER7310573 | AZ/SER6977170 |
| AZ/SER7282914 | AZ/SER7310575 | AZ/SER6977176 |
| AZ/SER7282930 | AZ/SER7310580 | AZ/SER6993942 |
| AZ/SER7282931 | AZ/SER7310579 | AZ/SER7000342 |
| AZ/SER7307676 | AZ/SER7299438 | AZ/SER7000370 |
| AZ/SER7307843 | AZ/SER7306903 | AZ/SER7000374 |
| AZ/SER7307936 | AZ/SER7306906 | AZ/SER7000397 |
| AZ/SER7307888 | AZ/SER7306912 | AZ/SER7000380 |
| AZ/SER7309269 | AZ/SER7307009 | AZ/SER7000385 |
| AZ/SER7309280 | AZ/SER0767953 | AZ/SER7000414 |
| AZ/SER7309394 | AZ/SER 0506372 | AZ/SER7000462 |
| AZ/SER7309407 | AZ/SER0493439 | AZ/SER7010684 |
| AZ/SER7309624 | AZ/SER0493441 | AZ/SER7012220 |
| AZ/SER7309678 | AZ/SER1855227 | AZ/SER7012221 |
| AZ/SER7309693 | AZ/SER0493647 | AZ/SER7012611 |
| AZ/SER7309773 | AZ/SER0493649 | AZ/SER7012632 |
| AZ/SER7309777 | AZ/SER0495669 | AZ/SER0780300 |
| AZ/SER7309929 | AZ/SER0771956 | AZ/SER1742465 |
| AZ/SER7309933 | AZ/SER0772184 | AZ/SER1751308 |
| AZ/SER7310029 | AZ/SER0772187 | AZ/SER0780679 |
| AZ/SER7310047 | AZ/SER7421068 | AZ/SER1753303 |
| AZ/SER7310061 | AZ/SER0497989 | AZ/SER1753346 |
| AZ/SER7310053 | AZ/SER0773250 | AZ/SER1860194 |
| AZ/SER7310133 | AZ/SER0773253 | AZ/SER1862188 |
| AZ/SER7310128 | AZ/SER0773582 | AZ/SER2886058 |
| AZ/SER7310186 | AZ/SER0773588 | AZ/SER2886378 |
| AZ/SER7310201 | AZ/SER0498865 | AZ/SER1823352 |
| AZ/SER7310198 | AZ/SER 0498972 | AZ/SER2152421 |
| AZ/SER7310209 | AZ/SER0499026 | AZ/SER2152429 |
| AZ/SER7310218 | AZ/SER0499028 | AZ/SER1292111 |
| AZ/SER7310228 | AZ/SER0499039 | AZ/SER1864793 |
| AZ/SER7310225 | AZ/SER0499051 | AZ/SER1864797 |
| AZ/SER7310248 | AZ/SER0499053 | AZ/SER1864801 |
| AZ/SER7310247 | AZ/SER0773663 | AZ/SER1292175 |
| AZ/SER7310260 | AZ/SER0499115 | AZ/SER1865399 |

AZ/SER1865402           AZ/SER1344900           AZ/SER7345146
AZ/SER1344591           AZ/SER3250229           AZSER08638778


REQUEST FOR PRODUCTION NO. 43:  All reports of adverse events (AE), serious adverse
events (SEA), adverse drug reactions (ADR), or Serious Unexpected Suspected Adverse
Reactions (SUSAR) received by you concerning Seroquel.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that it has produced

CLINTRACE detailed case reports at bates numbers AZSER10383132-AZSER10415455 and

AZSER10415634-AZSER10415650.  In addition, AstraZeneca has produced SUSAR Reports

and Quarterly Line Listings at bates numbers AZSER10477613-AZSER10478319;

AZSER10481091-AZSER10481130.


REQUEST FOR PRODUCTION NO. 44:  All reports provided by you to the FDA, concerned
member state authorities, or concerned ethics committees regarding adverse events (AE), serious
adverse events (SEA), adverse drug reactions (ADR), or Serious Unexpected Suspected Adverse
Reactions (SUSAR) for Seroquel from the time Seroquel was introduced to the market to the
present.  This request includes, but is not limited to, weekly listings of SUSAR as referenced in
the Patient Risk Management Plan (PRMP) for Seroquel (AZ/SER 3783076).

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, duplicative of other requests, seeks irrelevant information, and is not reasonably

calculated to lead to the discovery of admissible evidence.  AstraZeneca further objects to this

request to the extent that it seeks foreign documents as overly broad, unduly burdensome,

harassing, not reasonably calculated to lead to the discovery of admissible evidence, and outside

the possession and/or control of AstraZeneca.  Each foreign regulatory agency has different

standards of review, different labels, different pricing, and different social systems under which

the medication was prescribed.  Each foreign regulatory body independently decides the content

of the prescribing information that may or must be provided to physicians and/or patients.

Discovery regarding foreign regulatory authorities and foreign labeling is therefore irrelevant

and the burden of collecting and producing such discovery far outweighs any arguable probative

value.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that responsive documents have been produced within

AstraZeneca's November 2006 and June 8, 2007 productions of the IND/NDA materials and

AstraZeneca's September 28, 2007 published submissions file share production..  AstraZeneca

also has produced SUSAR Reports and Quarterly Line Listings at AZSER10481091-10481130

and AZSER10477613-AZSER10478319; PSURs at AZ/SER 456808-AZ/SER 457398; AZ/SER

457602-AZ/SER 457870; AZ/SER 458072-AZ/SER 459458; AZ/SER 460205-AZ/SER 460587;

AZ/SER 461764-AZ/SER 462146; AZ/SER 480443-AZ/SER 480444; AZ/SER 2469546-

AZ/SER 2480185; and NDA Annual Reports from September 2000 through September 2005 and

IND Annual Reports for 1989-2006 at AZ/SER 133360-AZ/SER 140088; AZ/SER 140099-

AZ/SER 140303, AZ/SER 453037-AZ/SER 456807, and AZSER10764829-AZSER10765222.


REQUEST FOR PRODUCTION NO. 45:  All laboratory abnormalities reflecting hyperglycemia
and glycemic dysregulation reported to or by you in connection with Seroquel from the time
Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is vague and ambiguous

particularly with respect to the term "laboratory abnormalities."  AstraZeneca further objects to

this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

By way of further response, see AstraZeneca's response to Request 20.

REQUEST FOR PRODUCTION NO. 46:  All Annual Safety Reports for Seroquel from the time Seroquel was introduced to the market to the present.

RESPONSE:  After reasonable investigation, AstraZeneca states that Annual Safety Reports were included within AstraZeneca's November 2006 and June 8, 2007 productions of the IND/NDA materials.  Furthermore, NDA Annual Reports from September 2000 through September 2005 and IND Annual Reports for 1989-2006 (except 1999), all organized chronologically in binders, were produced on May 23, 2007, in advance of the 30(b)(6) Deposition of AstraZeneca's representative for U.S. Regulatory Affairs, Kathryn Bradley.  The 1999 Report was subsequently produced.  AstraZeneca believes that this constitutes a complete production, and identifies these documents as AZ/SER 133360-AZ/SER 140088; AZ/SER 140099-AZ/SER 140303, AZ/SER 453037-AZ/SER 456807, and AZSER10764829-AZSER10765222.

REQUEST FOR PRODUCTION NO. 47:  All Line Listings (LL), including Quarterly Line Listings (QLL), for Seroquel from the time Seroquel was introduced to the market to the present.

RESPONSE:  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that responsive documents related to line listings submitted to

the FDA were included within AstraZenecas's November 2006 and June 8, 2007 productions of

the IND/NDA materials.  Specifically, the line listings are included in the PSUR's which

Plaintiffs already possess (see response to Request 40).  AstraZenenca has produced the

Quarterly Line Listings, which are generated for Europe regulatory submissions, and identifies

them as AZSER10477613-AZSER10478319.

REQUEST FOR PRODUCTION NO. 48:  All quarterly reports prepared by Drug Safety
Compliance, Support & Systems for Seroquel from the time Seroquel was introduced to the
market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, duplicative of other requests, seeks irrelevant information, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that the PSUR and SUSAR Reports and the Quarterly Line

Listings identified in response to Request 44 above are responsive to this request.

REQUEST FOR PRODUCTION NO. 49:  All documents describing the MedRa coding system, including the MedRa dictionary, from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous with respect to the term "Medra;" AstraZeneca assumes that Plaintiffs are referring to "MedDRA." AstraZeneca further objects on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states that the MedDRA dictionary is publicly available on the Internet to Plaintiffs.  AstraZeneca has produced the MedDRA SOP for AstraZeneca at AZSER10791787-AZSER10791858.

REQUEST FOR PRODUCTION NO. 50:  All Investigative Brochures and Investigator Brochure updates for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states these brochures and brochure updates have been produced within the custodial production and AstraZeneca's November 2006 and June 8, 2007 productions of the IND/NDA materials and AstraZeneca's September 28, 2007 published submissions file share production.  AstraZeneca will identify bates numbers for the responsive documents.

REQUEST FOR PRODUCTION NO. 51:  All Core Data Sheets and Core Data Sheet updates for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states that it believes it has produced all Cora Data Sheets through the date of its IND/NDA production and identifies those documents as AZ/SER6983947, AZ/SER1919455, AZ/SER6604778, AZ/SER6389787, AZ/SER 0505410, AZ/SER0918586, AZ/SER2887504, AZ/SER6365644, AZ/SER10227062, AZ/SER6490551.

REQUEST FOR PRODUCTION NO. 52:  All Good Clinical Practices utilized by you for Seroquel as referenced in the Patient Risk Management Plan (PRMP) for Seroquel (AZ/SER 3783077) from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that it believes responsive documents were included in the documents produced in response to Request Nos. 37 and 38.

REQUEST FOR PRODUCTION NO. 53:  All informed consent forms to be signed by patients prior to participating in any clinical trials involving Seroquel®.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

42

Subject to and without waiving its general and specific objections, after reasonable investigation, AstraZeneca states that the master form for each clinical trial is attached as an exhibit to the formal protocol and has been produced from various files, as well as in AstraZeneca's November 2006 and June 8, 2007 production of the IND/NDA materials and AstraZeneca's September 28, 2007 published submissions file share production.. AstraZeneca identifies these documents as AZ/SER5490838, AZ/SER6734536, AZSER10198768, AZSER10132260, AZ/SER6735915, AZ/SER0130697, AZSER7966423, AZ/SER0123766, AZ/SER0096109, AZ/SER0005436, AZ/SER0006017.

REQUEST FOR PRODUCTION NO. 54:  All materials prepared by or for Barry Arnold for all seminars, conferences and presentations on the subject of pharmacovigilance and safety surveillance from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it will produce Seroquel®-related documents from Barry Arnold's custodial file.

43

REQUEST FOR PRODUCTION NO. 55:  All company clinical comments generated by you in connection with any Global Drug Safety Physician's (GDSP) review of reports for Seroquel with a fatal outcome, reports assessed as life threatening, and reports of topics that are classified as "Keep Under Review Topics," from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that responsive information, to

the extent that it exists, was produced with the CLINTRACE production which it identifies as

AZSER10383132-AZSER10415455, AZSER10415634-AZSER10415650.

REQUEST FOR PRODUCTION NO. 56:  All minutes of meetings of Benefit/Risk Team for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that responsive documents are

being processed for production.

REQUEST FOR PRODUCTION NO. 57:  All materials and agendas prepared for discussion prior to or during the meetings of Benefit/Risk Team for Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:**  AstraZeneca is investigating and will produce responsive documents to the extent

the documents are stored in one or more databases, departmental files, archival files, or in the

files of the individuals responsible for creating and/or storing such materials.

REQUEST FOR PRODUCTION NO. 58:  All communications between members of the Benefit/Risk Team for Seroquel related to team issues from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is extraordinarily over

broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead

to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent

that it seeks documents protected by the attorney-client privilege, attorney work product, or other

applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it will produce the Benefit/Risk Team meeting minutes.

REQUEST FOR PRODUCTION NO. 59:  All communications between attendees of the Safety Evaluation and Review Meetings (SERM) and Pre-SERM meetings related to safety issues concerning Seroquel from the time Seroquel was introduced to the market to the present.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly

burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the

discovery of admissible evidence.  AstraZeneca further objects to this request as duplicative of

Request Nos. 32 and 33.  AstraZeneca also objects to this request to the extent that it seeks

documents protected by the attorney-client privilege, attorney work product, or other applicable

privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is in the process of identifying the appropriate custodians and will run searches in the

those appropriate custodial files, employing the search terms "Seroquel" and "quetiapine."

45

REQUEST FOR PRODUCTION NO. 60:  All Pharmacovigilance Plans for Seroquel.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that pharmacovigilance

information is reflected in the appendix to the PRMP's which it is producing in response to

Request No. 31.  AstraZeneca incorporates by reference its response to Request No. 31 above.


REQUEST FOR PRODUCTION NO. 61:  All minutes or notes of meetings of the Regulatory
Core Team for Seroquel.

**RESPONSE:**  AstraZeneca objects to this request as vague and ambiguous with respect to the

term "Regulatory Core Team for Seroquel."

Subject to and without waiving its general and specific objections, after reasonable

investigation, AstraZeneca states that it has been unable to locate any minutes for the Regulatory

Core Team for Seroquel®.


REQUEST FOR PRODUCTION NO. 62:  All minutes or notes of meetings of the Regulatory
Project Team for Seroquel.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that it has been unable to

locate any minutes for the Regulatory Project Team for Seroquel®.


REQUEST FOR PRODUCTION NO. 63:  All minutes or notes of meetings of the Defense
Team for Seroquel.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that it has been unable to

locate any minutes for the Defense Team for Seroquel®.

REQUEST FOR PRODUCTION NO. 64:  All minutes or notes of meetings of the Labeling Team for Seroquel.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that it has confirmed that there

are no minutes of meetings of the Labeling Team for Seroquel®.

REQUEST FOR PRODUCTION NO. 65:  All minutes or notes of meetings of the Executive Approved Team for Seroquel.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that it has confirmed that there

are no minutes of meetings of the Executive Approval Team.  The only documents created for

this team are those that reflect the team's approval of labeling.  AstraZeneca has produced

Seroquel Executive Approval Forms at AZSER10765855-AZSER10765919.

REQUEST FOR PRODUCTION NO. 66:  All Agency Contacts (FDA) for Seroquel, not yet provided in the IND or NDA.

**RESPONSE:**  AstraZeneca will produce, all Agency Contacts with FDA from GEL relating to

the safety and/or efficacy of Seroquel® that were created after AstraZeneca extracted the

documents that were produced in its November 2006 and June 8, 2007 productions of the

IND/NDA materials.

47

REQUEST FOR PRODUCTION NO. 67:  All notes regarding contacts with any foreign regulatory authority about Seroquel.

**RESPONSE:**  AstraZeneca objects to this request for foreign documents as overly broad, unduly

burdensome, harassing, not reasonably calculated to lead to the discovery of admissible

evidence, and outside the possession and/or control of AstraZeneca.  Each foreign regulatory

agency has different standards of review, different labels, different pricing, and different social

systems under which the medication was prescribed.  Each foreign regulatory body

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients.  Discovery regarding foreign regulatory authorities is therefore

irrelevant and the burden of collecting and producing such discovery far outweighs any arguable

probative value.  AstraZeneca also objects to this request to the extent that it seeks documents

protected by the attorney-client privilege, attorney work product, or other applicable privileges.


REQUEST FOR PRODUCTION NO. 68:  All Risk Opportunity Logs for Seroquel.

**RESPONSE:**  AstraZeneca states that responsive documents are being processed for production.


REQUEST FOR PRODUCTION NO. 69:  All Regulatory Risk Assessments for Seroquel.

**RESPONSE:**  After reasonable investigation, AstraZeneca states that responsive documents for

the relevant time period have already been produced.  Investigation is ongoing and to the extent

that additional non-privileged, responsive documents are located, AstraZeneca will supplement

its production for the relevant time period.  AstraZeneca identifies responsive documents as:

| | | |
|---|---|---|
| AZ/SER1597085 | AZ/SER0917750 | AZ/SER1318609 |
| AZ/SER3743078 | AZ/SER0918051 | AZ/SER0920108 |

| | | |
|---|---|---|
| AZ/SER1883772 | AZSER08782642 | AZ/SER1570667 |
| AZ/SER1587024 | AZ/SER6349689 | AZ/SER1911198 |
| AZ/SER1598481 | AZ/SER1867470 | AZ/SER3662602 |
| AZ/SER3664385 | AZ/SER3690531 | AZ/SER1577323 |
| AZ/SER0787592 | AZ/SER6346982 | AZ/SER6398433 |
| AZ/SER4179876 | AZ/SER6349265 | AZ/SER6349946 |
| AZ/SER1867452 | AZ/SER6349279 | AZ/SER6349313 |
| AZ/SER2035775 | AZ/SER5311384 | AZ/SER6345264 |
| AZ/SER6354399 | AZ/SER1568831 | |

REQUEST FOR PRODUCTION NO. 70:  All warning letters from DDMAC, all responses to such letters and all follow-up responses from the FDA, not yet provided in the IND or NDA.

RESPONSE:  After reasonable investigation, AstraZeneca states that responsive documents for the relevant time period have been produced within AstraZeneca's November 2006 and June 8, 2007 productions of the IND/NDA materials and AstraZeneca's September 28, 2007 published submissions file share production.

REQUEST FOR PRODUCTION NO. 71:  All documents related to "Seroquel Stride."

RESPONSE:  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, AstraZeneca states that this request seeks the same materials sought in Plaintiffs' Second Set of Requests for Production ("Marketing Requests") No. 54.  AstraZeneca incorporates by reference it's objections and responses to those requests as if those responses were set forth fully herein.

REQUEST FOR PRODUCTION NO. 72:  All documents related to "CNS Newsflash."

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that this request seeks the same materials sought in Plaintiffs' Second Set of Requests for Production ("Marketing") Nos. 38 and 54 and Plaintiffs' Third Set of Requests for Production ("Sales") No. 22.  AstraZeneca incorporates by reference it's objections and responses to those requests as if those responses were set forth fully herein.

REQUEST FOR PRODUCTION NO. 73:  All documents related to "Seroquel Highlights."

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that this request seeks the same materials sought in Plaintiffs' Second Set of Requests for

50

Production ("Marketing") No. 38. AstraZeneca incorporates by reference it's objections and responses to those requests as if those responses were set forth fully herein.


REQUEST FOR PRODUCTION NO. 74: All documents related to "Manager's Briefs."

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. AstraZeneca also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, attorney work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that this request seeks the same materials sought in Plaintiffs' Second Set of Requests for Production ("Marketing") Nos. 38 and 54. AstraZeneca incorporates by reference it's objections and responses to those requests as if those responses were set forth fully herein.


REQUEST FOR PRODUCTION NO. 75: The UK Marketing Authorization Applications for Seroquel.

**RESPONSE:** AstraZeneca objects to this request for foreign documents as overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and outside the possession and/or control of AstraZeneca. Each foreign regulatory agency has different standards of review, different labels, different pricing, and different social systems under which the medication was prescribed. Each foreign regulatory body

51

independently decides the content of the prescribing information that may or must be provided to

physicians and/or patients. Discovery regarding foreign regulatory authorities and foreign

labeling is therefore irrelevant and the burden of collecting and producing such discovery far

outweighs any arguable probative value.


REQUEST FOR PRODUCTION NO. 76: All drafts and amendments to Seroquel Product
Strategic Plans as referenced to "Product Strategic Plans For Seroquel" (AZSER0589524) from
1996 to the present.

**RESPONSE:** AstraZeneca states that this request seeks the same materials sought in Plaintiffs'

Second Set of Requests for Production ("Marketing") No. 4 and Plaintiffs' Third Set of Requests

for Production ("Sales") No. 31. AstraZeneca incorporates by reference it's objections and

responses to those requests as if those responses were set forth fully herein.



Dated: October 11, 2007

                                    By: /s/ Kevin T. Kerns
                                    Dechert LLP
                                    Cira Centre
                                    2929 Arch Street
                                    Philadelphia, PA 19104-2808
                                    215-994-4000
                                    Counsel for Defendants AstraZeneca
                                       Pharmaceuticals LP and AstraZeneca LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2007, I served the foregoing

Second Amended Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca

LP to Plaintiffs' Request for Production of Documents via electronic mail upon the below-listed

counsel and upon liaison counsel pursuant to CMO 1.  Service on Plaintiffs' Liaison Counsel

constitutes service on all unrepresented plaintiffs.

Paul J. Pennock, Esq.
Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane - 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
MPederson@weitzlux.com
*Plaintiffs' Lead Counsel*

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com
*Plaintiffs' Liaison Counsel*

Scott Allen, Esq.
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
sallen@crusescott.com

Camp Bailey, Esq.
Michael W. Perrin, Esq.
Fletcher Trammell, Esq.
Bailey Perrin Bailey LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7240
cbailey@bpblaw.com
mperrin@bpblaw.com
*Plaintiffs' Lead Counsel*

Edward Blizzard, Esq.
Holly Wheeler, Esq.
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana, Ste. 1710
Houston, TX 77002
Telephone: (713) 844-3750
Eblizzard@blizzardlaw.com
hwheeler@blizzardlaw.com

Dated:  October 11, 2007

By:  /s/ Laura Linn Noggle
      Dechert LLP
      30 Rockefeller Plaza
      New York, NY 10112-2200
      (212) 698-3500