# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation | Case No. 6:06-md-01769-ACC-DAB |
| MDL Docket No. 1769 | |
| DOCUMENT RELATES TO ALL CASES | **RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

## RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (hereinafter "AstraZeneca") answer and object to Plaintiffs' Fourth Request for Production as follows.

As Plaintiffs are aware, AstraZeneca has produced over 10.5 million pages of documents in this MDL over the past 9 months collected from the custodial files of the 80 custodians, and, most recently, from other central repositories in response to Plaintiffs' requests for production. As outlined in its individual responses below, AstraZeneca is in the process of producing documents, has agreed to produce additional documents as necessary to satisfy its obligations under the Federal Rules of Civil Procedure, and will continue to produce documents on a rolling basis pursuant to meet-and-confer sessions with Plaintiffs' Lead Counsel.



PLAINTIFF'S EXHIBIT 8

## GENERAL OBJECTIONS

1.      AstraZeneca objects to Plaintiffs' requests to the extent that they seek documents

or information protected against disclosure by the attorney-client privilege, work product

doctrine, or other applicable privileges.  In setting forth its responses, AstraZeneca does not

waive attorney-client, work product, or other applicable privilege or immunity from disclosure

which may attach to information called for in, or responsive to, these discovery requests.  In

answering all or any portion of any discovery request, AstraZeneca neither admits the existence

of any facts set forth or assumed by the request for production, nor concedes the relevance or

materiality of the request or the subject matter to which the request refers.  Furthermore, the fact

that AstraZeneca has responded to part or all of any request is not intended to and shall not be

construed to be a waiver by AstraZeneca of any part of any objection to any request.

2.      AstraZeneca's responses are made without in any way waiving or intending to

waive, but, on the contrary, intending to preserve and preserving the following rights: (i) the

right to raise all questions of authenticity, materiality, and admissibility as evidence, for any

purpose, with respect to the documents produced or made available for inspection and copying,

which may arise in any subsequent proceeding in, or the trial of, this lawsuit or any other action

or proceeding; (ii) the right to object to the use of said information and/or documents in any

subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding, on any

grounds; and (iii) the right to object on any ground at any time to other discovery requests

involving said information and/or documents or the subject matter thereof.

3.      Much of the information sought herein is highly confidential and proprietary and

consists of valuable commercial information, trade secrets, or business confidential materials, the

disclosure of which would be highly prejudicial to AstraZeneca and the value of which cannot be calculated as money damages. AstraZeneca specifically objects to these requests to the extent that they seek information or documents that AstraZeneca has gathered relating to its competitors, which is proprietary, highly confidential, and the disclosure of which would compromise its business interests because Seroquel® (quetiapine fumarate) is a currently distributed medication. Consequently, to the extent such information is discoverable, it will be produced only subject to the MDL stipulated protective order.

4.     Many of Plaintiffs' requests seek documents that have already been produced or are in the process of being produced in the MDL. AstraZeneca has produced over 10.5 million pages of documents representing a part of AstraZeneca's ultimate document production. These documents are being produced in formats that are fully searchable by Plaintiffs pursuant to their own requested specifications, thereby presenting Plaintiffs with no greater burden in identifying documents in the production that are responsive to these requests for production than would be incurred by AstraZeneca. Where AstraZeneca agrees to produce additional documents responsive to this request, it agrees to do so only to the extent the documents are maintained in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials.

5.     AstraZeneca objects to these requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. AstraZeneca objects to these requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.

Additionally, documents may exist which reference Seroquel® generally, but are not relevant to the issues presented in this litigation. AstraZeneca is willing to consider any narrowing of these requests which Plaintiffs may present.

6.      Some of the requests seek information or documents, the disclosure of which would violate privacy rights of non-parties including, but not limited to, those privacy rights guaranteed by the federal and state constitutions as well as federal and state statutes and regulations. AstraZeneca objects to the disclosure of personal identifying information pertaining to those who reported adverse events, participated in clinical trials, or took Seroquel® for any reason at any time. AstraZeneca is precluded from disclosing the identities of patients, hospitals, or health care professionals (or any third party) who report events covered by the adverse event reporting process. See, e.g., 21 C.F.R. § 20.63(f). To the extent that documents containing information protected from disclosure by federal or state law are produced, AstraZeneca will redact such documents to remove personally identifiable information.

7.      AstraZeneca objects to these requests to the extent that they purport to require AstraZeneca to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

8.      AstraZeneca objects to the privilege log requirements imposed in Instruction 4. AstraZeneca will provide a privilege log containing sufficient information to allow Plaintiffs to evaluate the privilege claim.

9.      AstraZeneca objects to the definition of "Seroquel" in Definition No. 6 as vague and overbroad. Per agreement reached between Stephen McConnell (Dechert LLP, Counsel for

AstraZeneca) and Camp Bailey (Plaintiffs' Lead Counsel) on June 25, 2007, AstraZeneca defines "Seroquel" as "the antipsychotic drug quetiapine fumarate, in any form, including (but not limited to) the medication marketed and sold under the brand name Seroquel®, any chemical equivalents, and any predecessor or non-final derivation of the drug marketed by any AstraZeneca entity."

10.     AstraZeneca objects to the definition of "Injuries" in Definition No. 12 with respect to the inclusion of type I diabetes.

11.     AstraZeneca objects to the definition of "relevant period" in Definition No. 10 as overbroad.  Documents in this case have been produced pursuant to a cutoff date negotiated by the parties.

12.     AstraZeneca objects to the extent that any request seeks information related to products other than Seroquel®.

13.     New or additional information may become known to AstraZeneca in the future. Accordingly, AstraZeneca reserves the right to revise, correct, add to, or clarify any of the responses set forth herein.

## RESPONSES TO PLAINTIFFS' FOURTH
## REQUEST FOR PRODUCTION OF DOCUMENTS

AstraZeneca's General Objections are incorporated by reference into each response set

forth below.

REQUEST FOR PRODUCTION NO. 1:  All minutes or notes from meetings of the AZAP Team
and its predecessors, including the PRA Review Team and eSTaR Team, related to Seroquel. See
Deposition of James Gaskill, pp. 21, 24, 26-27.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad and

unduly burdensome, particularly insofar as the request seeks notes.  AstraZeneca further objects

to this request on the grounds that it seeks documents protected by the attorney-client privilege,

attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it will produce non-privileged AZAP Team, PRA Review Team, and eSTaR Team meeting

minutes to the extent minutes relate to Seroquel® and are stored in one or more databases,

departmental files, archival files, or in the files of the individuals responsible for creating and/or

storing such materials.  AstraZeneca will identify these documents by bates numbers.

REQUEST FOR PRODUCTION NO. 2:  All discussion documents and agendas related to
Seroquel prepared for the teams listed in Request No. 1.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad and

unduly burdensome, particularly insofar as the request seeks "all discussion documents and

agendas."  AstraZeneca further objects to this request on the grounds that it seeks documents

protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that, in addition to discussion documents and agendas already produced in the custodial files, it will produce non-privileged AZAP Team, PRA Review Team, and eSTaR Team meeting agendas and discussion documents to the extent the documents relate to Seroquel® and are stored in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials.  AstraZeneca will identify these documents by bates numbers.

REQUEST FOR PRODUCTION 3:  All materials sent by you to your sales representative related to Seroquel and diabetes, hyperglycemia, metabolic syndrome and/or weight gain, including but not limited to:

     (a)    Weight Gain and Diabetes Sell Sheets referenced, for example, in AZ/SER 3907056;

     (b)    Diabetes and Weight Gain Information Sheets referenced, for example, in AZS/SER 3912712;

     (c)    All metabolic training sheets referenced, for example, in AZ/SER 3905696;

     (d)    The diabetes/hyperglycemia presentation in an electronic professional sales aid (#240119) referenced, for example, in AZ/SER 3928832;

     (e)    Diabetes Slide Deck referenced, for example, in AZ/SER 3912392;

     (f)    The diabetes/hyperglycemia presentation in a professional website (#241344) referenced, for example, in AZ/SER 3928832;

     (g)    The Professional Sales Aid (#238110) referenced, for example, in AZ/SER 3928831;

     (h)    Professional sales aids Nos. 235097 and 235098 referenced, for example, in AZ/SER 3928832;

     (i)    PCP CVA Guide referenced, for example, in AZ/SER 3904766;

     (j)    Convention e-detail (#244055) referenced, for example, in AZ/SER 3928832; and

      (k)     Diabetes and Sedation pages referenced, for example, in AZ/SER 3907394.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all materials." AstraZeneca further objects to this request on the grounds that it is duplicative of Request Nos. 5, 10, and 27 in Plaintiffs' Third Request for Production of Documents, served July 6, 2007.

Subject to and without waiving its general and specific objections, AstraZeneca refers to its responses to Request Nos. 5, 10, and 27 in Plaintiffs' Third Request for Production of Documents, served July 6, 2007. (See Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Third Request for Production of Documents, served August 6, 2007). To the extent that additional non-privileged responsive documents exist in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials, AstraZeneca will produce them as well. The Diabetes Slide Deck requested in (e) has already been produced in the custodial files. The bates numbers are: AZ/SER 3912393-AZ/SER 3912408.


REQUEST FOR PRODUCTION 4: All documents reflecting the dates the items requested on Request No. 3 were approved by the eSTaR process.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all documents."

Subject to and without waiving its general and specific objections, AstraZeneca states that it will produce spreadsheets reflecting the time periods that PRA approved Seroquel® items were approved for use by AstraZeneca's sales representatives. Counsel for AstraZeneca plans to

meet and confer with counsel for Plaintiffs to discuss the format and content of these

spreadsheets.


REQUEST FOR PRODUCTION  5:  All documents reflecting the time periods the items
requested on Request No. 3 were utilized by your sales representatives.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad and

unduly burdensome, particularly insofar as it seeks "all documents."  AstraZeneca further objects

to this request on the grounds that it seeks documents protected by the attorney-client privilege,

attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it will produce spreadsheets reflecting the time periods PRA approved Seroquel® items were

approved for use by AstraZeneca's sales representatives.  Counsel for AstraZeneca plans to meet

and confer with counsel for Plaintiffs to discuss the format and content of these spreadsheets.


REQUEST FOR PRODUCTION  6:  All communications and notices sent by you to your sales
representatives instructing them to cease use of any item requested in Request No. 3. See
Deposition of James Gaskill, pp. 213-214.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad and

unduly burdensome, particularly insofar as it seeks "all communications."  AstraZeneca further

objects to this request on the grounds that it seeks documents protected by the attorney-client

privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states it

is investigating this request and will produce non-privileged communications and notices sent to

sales representatives instructing them to cease use of any item requested in Request No. 3 to the

extent these documents are stored in one or more databases, departmental files, archival files, or
in the files of the individuals responsible for creating and/or storing such materials.


REQUEST FOR PRODUCTION 7:  All off-label reprints and accompanying scripts related to
Seroquel sent by you to sales representatives discussed during the deposition of James Gaskill.
See Deposition of James Gaskill, pp. 82-85.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad and

unduly burdensome, particularly insofar as it seeks "all" Seroquel®-related off-label reprints and

accompanying scripts provided by AstraZeneca to its sales representatives.  AstraZeneca further

objects to this request on the grounds that it is vague and ambiguous, particularly with respect to

the phrase "off-label reprints."

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is investigating this request and will produce Seroquel®-related reprints containing new

treatment/uses and accompanying scripts to the extent they exist in one or more databases,

departmental files, archival files, or in the files of the individuals responsible for creating and/or

storing such materials.


REQUEST FOR PRODUCTION 8:  All materials related to Seroquel that became the subject of
the eSTaR Escalation Process referenced, for example, in the Promotional Regulatory Affairs
Policies marked as Exhibit 17 to the Deposition of Charles Peipher and discussed during the
deposition of James Gaskill. See Deposition of James Gaskill, pp. 38-39, 77- 93.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is overly broad and

unduly burdensome, particularly insofar as it seeks "all materials."  AstraZeneca further objects

to this request on the grounds that it seeks documents protected by the attorney-client privilege,

attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it is investigating this request and will produce non-privileged Seroquel®-related materials that became the subject of the eSTaR Escalation Process to the extent they exist in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials.

REQUEST FOR PRODUCTION 9:  The Principles of Prescription Drug Promotion referenced, for example, in AZ/SER 3906523.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

REQUEST FOR PRODUCTION 10:  The Outpatient Specialty Care workshop materials referenced, for example, in AZ/SER 3905744.

**RESPONSE:**  AstraZeneca states that Outpatient Specialty Care workshop materials related to Seroquel® have already been produced from AstraZeneca's August 17, 2007 production of PRA approved materials. The bates numbers for AstraZeneca's PRA production are: AZ/SER 10415651-AZ/SER 10415651.

REQUEST FOR PRODUCTION 11:  The Speaker Program Materials (SPM) for Seroquel referenced, for example, in AZ/SER 3904736.

**RESPONSE:**  AstraZeneca objects to this request on the grounds that it is duplicative of Request Nos. 33 and 34 in Plaintiffs' Second Request for Production of Documents, served June

26, 2007.

Subject to and without waiving its general and specific objections, AstraZeneca refers to its responses to Request Nos. 33 and 34 in Plaintiffs' Second Request for Production of Documents, served June 26, 2007. (See Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Second Request for Production of Documents, served July 26, 2007).

REQUEST FOR PRODUCTION 12: US PRA Guidance Document, PRA Guidance for Speaker/Facilitator Training Needs referenced, for example, in AZ/SER 3904739.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as the request is not limited to Seroquel®. AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it is investigating this request and will produce non-privileged responsive documents to the extent they exist in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials.

REQUEST FOR PRODUCTION 13: The New Use and Treatment Guidelines referenced during the deposition of James Gaskill. See Deposition of James Gaskill, p. 83.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as the request is not limited to Seroquel®. AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-

client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states

that it is investigating this request and will produce non-privileged responsive documents to the

extent they exist in one or more databases, departmental files, archival files, or in the files of the

individuals responsible for creating and/or storing such materials.


Dated:  August 22, 2007                    By:  /s/ Kevin T. Kerns
                                                Dechert LLP
                                                Cira Centre
                                                2929 Arch Street
                                                Philadelphia, PA  19104-2808
                                                215-994-4000
                                                Counsel for Defendants AstraZeneca
                                                Pharmaceuticals LP and AstraZeneca LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22th day of August, 2007, I served the foregoing

Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs'

Fourth Request for Production of Documents via electronic mail upon counsel on the attached

service list.  Service on Plaintiffs' Liaison Counsel constitutes service on all unrepresented

plaintiffs.

Dated:  August 22, 2007                    By:  /s/ Allison M. Rovner
                                                Dechert LLP
                                                Cira Centre
                                                2929 Arch Street
                                                Philadelphia, PA  19104-2808
                                                215-994-4000

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>Attorney for Defendants AstraZeneca<br>Pharmaceuticals LP and AstraZeneca LP | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>Attorney for Defendant,<br>Marguerite Devon French |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |

| | |
|---|---|
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*** |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |

| | |
|---|---|
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |