UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br><br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**FIRST AMENDED RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS** |

### FIRST AMENDED RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (hereinafter "AstraZeneca") amend their answers and objections to Plaintiffs' Fourth Request for Production as follows.

As Plaintiffs are aware, AstraZeneca has produced nearly 11 million pages of documents in this MDL in over 10 months, the vast majority of which are documents collected from the custodial files of 94 custodians and the IND and NDA. As outlined in its individual responses below, AstraZeneca is in the process of producing documents, has agreed to produce additional documents as necessary to satisfy its obligations under the Federal Rules of Civil Procedure, and will continue to produce documents on a rolling basis pursuant to meet-and-confer sessions with Plaintiffs' Lead Counsel.



## GENERAL OBJECTIONS

1.  AstraZeneca objects to Plaintiffs' requests to the extent that they seek documents or information protected against disclosure by the attorney-client privilege, work product doctrine, or other applicable privileges. In setting forth its responses, AstraZeneca does not waive attorney-client, work product, or other applicable privilege or immunity from disclosure which may attach to information called for in, or responsive to, these discovery requests. In answering all or any portion of any discovery request, AstraZeneca neither admits the existence of any facts set forth or assumed by the request for production, nor concedes the relevance or materiality of the request or the subject matter to which the request refers. Furthermore, the fact that AstraZeneca has responded to part or all of any request is not intended to and shall not be construed to be a waiver by AstraZeneca of any part of any objection to any request.

2.  AstraZeneca's responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving the following rights: (i) the right to raise all questions of authenticity, materiality, and admissibility as evidence, for any purpose, with respect to the documents produced or made available for inspection and copying, which may arise in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding; (ii) the right to object to the use of said information and/or documents in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding, on any grounds; and (iii) the right to object on any ground at any time to other discovery requests involving said information and/or documents or the subject matter thereof.

3.  Much of the information sought herein is highly confidential and proprietary and consists of valuable commercial information, trade secrets, or business confidential materials, the disclosure of which would be highly prejudicial to AstraZeneca and the value of which cannot be

calculated as money damages. AstraZeneca specifically objects to these requests to the extent that they seek information or documents that AstraZeneca has gathered relating to its competitors, which is proprietary, highly confidential, and the disclosure of which would compromise its business interests because Seroquel® (quetiapine fumarate) is a currently distributed medication. Consequently, to the extent such information is discoverable, it will be produced only subject to the MDL stipulated protective order.

4. Many of Plaintiffs' requests seek documents that have already been produced or are in the process of being produced in the MDL. AstraZeneca has produced nearly 11 million pages of documents representing a part of AstraZeneca's ultimate document production. These documents are being produced in formats that are fully searchable by Plaintiffs pursuant to their own requested specifications, thereby presenting Plaintiffs with no greater burden in identifying documents in the production that are responsive to these requests for production than would be incurred by AstraZeneca. Where AstraZeneca agrees to produce additional documents responsive to this request, it agrees to do so only to the extent the documents are maintained in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials.

5. AstraZeneca objects to these requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. AstraZeneca objects to these requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found. Additionally, documents may exist which reference Seroquel® generally, but are not relevant to

3

the issues presented in this litigation. AstraZeneca is willing to consider any narrowing of these requests which Plaintiffs may present.

6. Some of the requests seek information or documents, the disclosure of which would violate privacy rights of non-parties including, but not limited to, those privacy rights guaranteed by the federal and state constitutions as well as federal and state statutes and regulations. AstraZeneca objects to the disclosure of personal identifying information pertaining to those who reported adverse events, participated in clinical trials, or took Seroquel® for any reason at any time. AstraZeneca is precluded from disclosing the identities of patients, hospitals, or health care professionals (or any third party) who report events covered by the adverse event reporting process. See, e.g., 21 C.F.R. § 20.63(f). To the extent that documents containing information protected from disclosure by federal or state law are produced, AstraZeneca will redact such documents to remove personally identifiable information.

7. AstraZeneca objects to these requests to the extent that they purport to require AstraZeneca to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

8. AstraZeneca objects to the privilege log requirements imposed in Instruction 4. AstraZeneca will provide a privilege log containing sufficient information to allow Plaintiffs to evaluate the privilege claim.

9. AstraZeneca objects to the definition of "Seroquel" in Definition No. 6 as vague and overbroad. Per agreement reached between Stephen McConnell (Dechert LLP, Counsel for AstraZeneca) and Camp Bailey (Plaintiffs' Lead Counsel) on June 25, 2007, AstraZeneca defines "Seroquel" as "the antipsychotic drug quetiapine fumarate, in any form, including (but not limited to) the medication marketed and sold under the brand name Seroquel®, any chemical

equivalents, and any predecessor or non-final derivation of the drug marketed by any AstraZeneca entity."

10. AstraZeneca objects to the definition of "Injuries" in Definition No. 12 with respect to the inclusion of type I diabetes.

11. AstraZeneca objects to the definition of "relevant period" in Definition No. 10 as overbroad. Documents in this case have been produced pursuant to a cutoff date negotiated by the parties.

12. AstraZeneca objects to the extent that any request seeks information related to products other than Seroquel®.

13. New or additional information may become known to AstraZeneca in the future. Accordingly, AstraZeneca reserves the right to revise, correct, add to, or clarify any of the responses set forth herein.

## AMENDED RESPONSES TO PLAINTIFFS' FOURTH
## REQUEST FOR PRODUCTION OF DOCUMENTS

AstraZeneca's General Objections are incorporated by reference into each response set forth below.

REQUEST FOR PRODUCTION NO. 1: All minutes or notes from meetings of the AZAP Team and its predecessors, including the PRA Review Team and eSTaR Team, related to Seroquel. See Deposition of James Gaskill, pp. 21, 24, 26-27.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as the request seeks notes. AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that, after reasonable investigation, it has been unable to locate any minutes from meetings of the AZAP Team and its predecessors, including the PRA Review Team and eSTaR Team, related to Seroquel®.

REQUEST FOR PRODUCTION NO. 2: All discussion documents and agendas related to Seroquel prepared for the teams listed in Request No. 1.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as the request seeks "all discussion documents and agendas." AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it is investigating this request, and, in addition to discussion documents and agendas already

6

produced in the custodial files, it will produce non-privileged AZAP Team, PRA Review Team, and eSTaR Team meeting agendas and discussion documents to the extent the documents relate to Seroquel® and are stored in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials. AstraZeneca will identify these documents by bates numbers. AstraZeneca further states that it has already produced AZAP Team, PRA Review Team, and eSTaR Team meeting agendas in the custodial files. The bates numbers for these documents are: AZSER10626818, AZ/SER4588604, AZ/SER4588606, AZ/SER4590974, AZ/SER4588602, AZ/SER4461225, AZ/SER6904422, AZ/SER4658474, AZ/SER4490925, AZ/SER4492540, AZ/SER4490116, AZ/SER4487803, AZ/SER4487055, AZ/SER4486049, AZ/SER4485541, AZ/SER4484772, AZ/SER4656219, AZ/SER2702961, AZ/SER1457273, AZ/SER4699084, AZ/SER4482998, AZ/SER2715540, AZ/SER3382764, AZ/SER4479844, AZ/SER4478213, AZ/SER4476522, AZ/SER4474910, AZ/SER4474561, AZ/SER2703938, AZ/SER4665856, AZ/SER4497554, AZ/SER2794370, AZ/SER4679288, AZ/SER4535944, AZ/SER4539327, AZ/SER3904744, AZ/SER2573435, AZ/SER4540869, AZ/SER1457280, AZ/SER3904789, AZ/SER2530961, AZ/SER4548214, AZ/SER4549025, AZ/SER3670021, AZ/SER4549147, AZ/SER2715675, AZ/SER4551595, AZ/SER4529213, AZ/SER4554429, AZ/SER4553897, AZ/SER4554763, AZ/SER3905751, AZ/SER4556330, AZ/SER4556554, AZ/SER4556729, AZ/SER2705494, AZ/SER4556991, AZ/SER5602599, AZSER08257975, AZ/SER6942869, AZ/SER6865459, AZ/SER4559633, AZ/SER4559509, AZ/SER3926084, AZ/SER2749849, AZ/SER3926083, AZ/SER3906201, AZ/SER2280819, AZ/SER4595034, AZ/SER3925871, AZ/SER4595142, AZ/SER2675423, AZ/SER3925861, AZ/SER3925805, AZ/SER2377239, AZ/SER4393451, AZ/SER3912884, AZ/SER2793799, AZ/SER3912975, AZ/SER4393559, AZ/SER2793803, AZ/SER3913240,

AZ/SER3716075, AZSER09206281, AZ/SER3930400, AZ/SER1500254, AZ/SER3916101, AZ/SER3924670, AZ/SER3908027, AZ/SER3924774, AZ/SER3925451, AZ/SER2746645, AZ/SER4372674, AZ/SER3922817, AZ/SER4373028, AZSER08118149, AZ/SER2714365, AZ/SER7571182, AZ/SER2053693, AZSER69212936, AZ/SER3920425, AZ/SER4509411, AZ/SER7019021, AZSER09213442, AZ/SER2745835, AZSER09176271, AZ/SER2862087, AZ/ESR3923167, AZ/SER3715338, AZ/SER4748396, AZ/SER4509991, AZ/SER 0700358, AZ/SER6379903, AZ/SER5167659, AZ/SER6380838, AZ/SER6381198, AZ/SER3921351, AZ/SER4632907, AZ/SER4737620, AZ/SER3923303, AZSER09443740, AZ/SER3912388, AZ/SER4737882, AZ/SER4737778, AZ/SER4738101, AZ/SER3073465, AZSER10626818, AZ/SER1779958, AZ/SER4321135.

REQUEST FOR PRODUCTION 3: All materials sent by you to your sales representative related to Seroquel and diabetes, hyperglycemia, metabolic syndrome and/or weight gain, including but not limited to:

(a) Weight Gain and Diabetes Sell Sheets referenced, for example, in AZ/SER 3907056;

(b) Diabetes and Weight Gain Information Sheets referenced, for example, in AZS/SER 3912712;

(c) All metabolic training sheets referenced, for example, in AZ/SER 3905696;

(d) The diabetes/hyperglycemia presentation in an electronic professional sales aid (#240119) referenced, for example, in AZ/SER 3928832;

(e) Diabetes Slide Deck referenced, for example, in AZ/SER 3912392;

(f) The diabetes/hyperglycemia presentation in a professional website (#241344) referenced, for example, in AZ/SER 3928832;

(g) The Professional Sales Aid (#238110) referenced, for example, in AZ/SER 3928831;

8

  (h) Professional sales aids Nos. 235097 and 235098 referenced, for example, in AZ/SER 3928832;

  (i) PCP CVA Guide referenced, for example, in AZ/SER 3904766;

  (j) Convention e-detail (#244055) referenced, for example, in AZ/SER 3928832; and

  (k) Diabetes and Sedation pages referenced, for example, in AZ/SER 3907394.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all materials." AstraZeneca further objects to this request on the grounds that it is duplicative of Request Nos. 5, 10, and 27 in Plaintiffs' Third Request for Production of Documents, served July 6, 2007.

Subject to and without waiving its general and specific objections, AstraZeneca refers to its responses to Request Nos. 5, 10, and 27 in Plaintiffs' Third Request for Production of Documents, served July 6, 2007 (see Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Third Request for Production of Documents, served August 6, 2007). To the extent that additional non-privileged responsive documents exist and are stored in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials, AstraZeneca will produce them as well. The Diabetes Slide Deck requested in (e) has already been produced in the custodial files. The bates numbers are: AZ/SER 3912393-AZ/SER 3912408.

REQUEST FOR PRODUCTION 4: All documents reflecting the dates the items requested on Request No. 3 were approved by the eSTaR process.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all documents."

Subject to and without waiving its general and specific objections, AstraZeneca states that, on September 12, 2007, it provided Plaintiffs with an ".mbd" (Microsoft Access) file reflecting the dates that PRA-approved, Seroquel®-specific materials were approved for use by AstraZeneca's sales representatives. Counsel for AstraZeneca and counsel for Plaintiffs have been unable to agree on a method for redacting additional, non-privileged responsive eSTaR data in native format and, therefore, AstraZeneca intends to engage Special Master Craig Ball to provide technical advice regarding the proper method for redacting such data.

REQUEST FOR PRODUCTION 5: All documents reflecting the time periods the items requested on Request No. 3 were utilized by your sales representatives.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all documents." AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that, on September 12, 2007, it provided Plaintiffs with an ".mbd" (Microsoft Access) file reflecting the dates that PRA-approved, Seroquel®-specific materials were utilized by AstraZeneca's sales representatives. Counsel for AstraZeneca and counsel for Plaintiffs have been unable to agree on a method for redacting additional, non-privileged responsive eSTaR data in native format and, therefore, AstraZeneca intends to engage Special Master Craig Ball to provide technical advice regarding the proper method for redacting such data.

REQUEST FOR PRODUCTION 6: All communications and notices sent by you to your sales representatives instructing them to cease use of any item requested in Request No. 3. See Deposition of James Gaskill, pp. 213-214.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all communications." AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states it is investigating this request and will produce any non-privileged communications and notices sent to sales representatives instructing them to cease use of any item requested in Request No. 3 to the extent these documents exist and are stored in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials.

REQUEST FOR PRODUCTION 7: All off-label reprints and accompanying scripts related to Seroquel sent by you to sales representatives discussed during the deposition of James Gaskill. See Deposition of James Gaskill, pp. 82-85.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all" Seroquel®-related off-label reprints and accompanying scripts provided by AstraZeneca to its sales representatives. AstraZeneca further objects to this request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "off-label reprints."

Subject to and without waiving its general and specific objections, AstraZeneca states that it is investigating this request and will produce any Seroquel®-related reprints containing new treatment/uses and accompanying scripts to the extent they exist and are stored in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials.

REQUEST FOR PRODUCTION 8: All materials related to Seroquel that became the subject of the eSTaR Escalation Process referenced, for example, in the Promotional Regulatory Affairs Policies marked as Exhibit 17 to the Deposition of Charles Peipher and discussed during the deposition of James Gaskill. See Deposition of James Gaskill, pp. 38-39, 77- 93.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as it seeks "all materials." AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it is investigating this request and will produce non-privileged, Seroquel®-related materials that became the subject of the eSTaR Escalation Process to the extent they exist in one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials. AstraZeneca further states that responsive documents may be found in AstraZeneca's August 17, 2007 production of PRA approved materials. The bates numbers for AstraZeneca's PRA production are: AZ/SER 10415888-AZ/SER 10477612; AZ/SER 10415651-AZ/SER 10477612.

REQUEST FOR PRODUCTION 9: The Principles of Prescription Drug Promotion referenced, for example, in AZ/SER 3906523.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

REQUEST FOR PRODUCTION 10: The Outpatient Specialty Care workshop materials referenced, for example, in AZ/SER 3905744.

**RESPONSE:** AstraZeneca states that Outpatient Specialty Care workshop materials related to

12

Seroquel® have already been produced in AstraZeneca's August 17, 2007 production of PRA approved materials. The bates numbers for AstraZeneca's PRA production are: AZ/SER 10415888-AZ/SER 10477612; AZ/SER 10415651-AZ/SER 10477612.

REQUEST FOR PRODUCTION 11: The Speaker Program Materials (SPM) for Seroquel referenced, for example, in AZ/SER 3904736.

RESPONSE: AstraZeneca objects to this request on the grounds that it is duplicative of Request Nos. 33 and 34 in Plaintiffs' Second Request for Production of Documents, served June 26, 2007.

Subject to and without waiving its general and specific objections, AstraZeneca refers to its responses to Request Nos. 33 and 34 in Plaintiffs' Second Request for Production of Documents, served June 26, 2007. (See Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Second Request for Production of Documents, served July 26, 2007).

REQUEST FOR PRODUCTION 12: US PRA Guidance Document, PRA Guidance for Speaker/Facilitator Training Needs referenced, for example, in AZ/SER 3904739.

RESPONSE: AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as the request is not limited to Seroquel®. AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that responsive documents have been collected and are being processed for production.

13

REQUEST FOR PRODUCTION 13: The New Use and Treatment Guidelines referenced during the deposition of James Gaskill. See Deposition of James Gaskill, p. 83.

**RESPONSE:** AstraZeneca objects to this request on the grounds that it is overly broad and unduly burdensome, particularly insofar as the request is not limited to Seroquel®. AstraZeneca further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, attorney-work product, or other applicable privileges.

Subject to and without waiving its general and specific objections, AstraZeneca states that it has been unable to locate a document entitled "New Use and Treatment Guidelines." The document referenced during the deposition of James Gaskill is entitled "Submission Guide for Reprints Containing New Treatment/Uses of Approved Products." That document has been produced in the custodial production and in association with Jim Gaskill's 30(b)(6) deposition. For example, responsive bates numbers include AZ/SER 10383077 – AZ/SER 10383115.

Dated: October 11, 2007

By: /s/ Kevin T. Kerns
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
215-994-4000

Counsel for Defendants AstraZeneca
Pharmaceuticals LP and AstraZeneca LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2007, I served the foregoing First Amended Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Fourth Request for Production of Documents via electronic mail upon the below-listed counsel and upon liaison counsel pursuant to CMO 1. Service on Plaintiffs' Liaison Counsel constitutes service on all unrepresented plaintiffs.

Paul J. Pennock, Esq.
Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane - 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
MPederson@weitzlux.com
***Plaintiffs' Lead Counsel***

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com
***Plaintiffs' Liaison Counsel***

Scott Allen, Esq.
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
sallen@crusescott.com

Camp Bailey, Esq.
Michael W. Perrin, Esq.
Fletcher Trammell, Esq.
Bailey Perrin Bailey LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7240
cbailey@bpblaw.com
mperrin@bpblaw.com
***Plaintiffs' Lead Counsel***

Edward Blizzard, Esq.
Holly Wheeler, Esq.
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana, Ste. 1710
Houston, TX 77002
Telephone: (713) 844-3750
Eblizzard@blizzardlaw.com
hwheeler@blizzardlaw.com

Dated: October 11, 2007

By: /s/ Laura Linn Noggle
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112-2200
(212) 698-3500