# EXHIBIT  2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: ZYPREXA**<br>**PRODUCTS LIABILITY LITIGATION** | **MDL No. 1596** |

**THIS DOCUMENT RELATES TO**:
**ALL CASES**

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on this date the Plaintiff's Steering Committee filed before the Honorable Jack B. Weinstein, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, for entry of an Order in the form submitted herewith, granting Motion for Order Preserving Confidentiality of Plaintiffs' Settlement Agreements in the above-captioned action.

PLEASE TAKE FURTHER NOTICE that in support of this motion, the PSC shall rely upon this Notice of Motion, and Motion for Order Preserving Confidentiality of Plaintiffs' Settlement Agreement and the Exhibits submitted herewith, as well as all papers Plaintiff has previously filed in these proceedings.

Dated: October 25, 2007.

PLAINTIFFS' STEERING COMMITTEE

By:   *Kenneth T. Fibich*
Kenneth T. Fibich
Fibich, Hampton & Leebron, LLP
1401 McKinney, Suite 1800
Houston, TX 77010
(713) 751-0025
(713) 751-0030 FAX

<table>
<tr><td>
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**IN RE: ZYPREXA**
**PRODUCTS LIABILITY LITIGATION**

**THIS DOCUMENT RELATES TO**:
**ALL CASES**
</td><td>
**MDL No. 1596**
</td></tr>
</table>

## MOTION FOR ORDER PRESERVING CONFIDENTIALITY
## OF PLAINTIFFS' SETTLEMENT AGREEMENTS

The Plaintiffs' Steering Committee files this Motion for Order Preserving Confidentiality of Plaintiffs' Settlement Agreements as follows:

**I.      INTRODUCTION**

Certain individuals who  made claims against, and are now settling with,  Eli Lilly and Company ("Lilly")  arising out of their ingestion of Zyprexa, have also made claims against AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") arising out of their ingestion of the atypical antipsychotic, Seroquel.  Seroquel claims are pending in the United States District Court for the Middle District of Florida, Orlando Division, in In Re: Seroquel Products Liability Litigation, MDL Docket No. 1769 ("Seroquel MDL"). On or about September 24, 2007 AstraZeneca filed Defendants' Motion for an Order Authorizing AstraZeneca to Obtain from Eli Lilly & Company Documents from The Zyprexa MDL Relating to Seroquel Plaintiffs (the "Motion"), seeking an order from the Middle District of Florida requiring Lilly to produce to AstraZeneca essentially all documentation obtained by Lilly in this litigation relating to Plaintiffs who have also

made claims in the Seroquel MDL.[1] In response to the Motion, on October 18, 2007 the Magistrate Judge of the Middle District of Florida, David A. Baker, signed an order which requires production, *inter alia,* of "any submissions made by, or on behalf of, individuals who are plaintiffs in this MDL in support of their settlement claims in any settlement of their Zyprexa-related personal injury claims filed against Lilly in the Zyprexa MDL (excluding any specific dollar amounts included in such submissions)."[2] Although this provision in Magistrate Baker's order is ambiguous, it is potentially broad enough to require Lilly to turn over documents that are confidential and unrelated to any potential Seroquel claim. Plaintiffs seek an order from this Court prohibiting Lilly from producing documents or otherwise disclosing to AstraZeneca confidential settlement information exchanged between Lilly and Plaintiffs in the course of settling the Zyprexa litigation. Moreover, Plaintiffs seek an order protecting Plaintiffs from being required to disclose confidential Zyprexa settlement information, including confidential settlement amounts, during the course of discovery in Seroquel litigation unless such disclosure is authorized by the specific order of this Court.

## II.  JURISDICTION OF THE SETTLEMENT PROCESS

This Court, with the assistance of a Special Settlement Master, has overseen the entire settlement process between Lilly and Plaintiffs. Accordingly, Plaintiffs are of the opinion that this Court is the proper Court to determine (i) what constitutes confidential settlement documents/information and (ii) whether Lilly is authorized/required to produce such information exchanged in the Zyprexa litigation settlement process. Unfortunately, AstraZeneca has not has not seen fit to make application to this Court for an order, nor has it sought this Court's counsel regarding the appropriate scope of production of settlement documents. An Order from this Court

---

[1] A true and correct copy of AstraZeneca's Motion is attached hereto as Exhibit "A".

prohibiting the production of confidential settlement documents should be given deference by AstraZeneca and should compel AstraZeneca to come before this Court and seek a production order in the event AstraZeneca can show a legally justified and compelling need for the production of confidential settlement information.[3]

## III.    CONFIDENTIAL SETTLEMENT DOCUMENTS

Magistrate Baker's order requires Lilly to produce "any submissions made by … plaintiffs … in support of their settlement claims…" Again, this language is ambiguous and subject to varying interpretations. The ambiguity and broadness of the language potentially contemplates production of a number of confidential documents that have no bearing on Seroquel litigation. By way of example, and without limitation, the request arguably contemplates the production of documents relating to the non monetary terms or conditions of the settlement agreements between Lilly and Plaintiffs and Plaintiffs' counsel; the evaluation processes and procedures utilized in conjunction with the determination and acceptance or rejection of settlement values and claims administration; and the history, background and/or the substance of the negotiations surrounding the settlement agreements. Such documents are not clearly relevant to Seroquel litigation. Disclosure of such documents would constitute an unwarranted invasion of the settlement process and of Plaintiffs privacy rights. In the Motion, AstraZeneca did not verbalize a justification for such an invasion, but merely recited that it was "entitled" to the documents.  The order signed by Magistrate Baker does not limit production so as to avoid such an invasion. An Order of this Court is required to protect Plaintiffs from AstraZeneca's overreaching request.

---

[2] A true and correct copy of Magistrate's Baker's order is attached hereto as Exhibit "B".
[3] As Exhibit A reflects, no such showing was made in the Florida action.

## IV.     CONFIDENTIAL SETTLEMENT AMOUNTS

AstraZeneca purports not to be seeking information regarding specific settlement amounts. However, on information and belief, AstraZeneca has asked Plaintiffs to disclose the amount of their settlements with Lilly in deposition, causing objection and controversy within the depositions. Additionally, AstraZeneca has initiated discussions on several occasions in the Seroquel MDL as to the issue of access to confidential settlements between Lilly and certain Zyprexa claimants. Moreover, the Order entered by Magistrate Baker states "The matter of disclosure of information related to settlement of Zyprexa-related claims is reserved for future consideration". Consequently, it is reasonable to conclude that AstraZeneca intends to seek an order compelling the discovery of confidential settlement amounts. Accordingly, an order protecting disclosure of those amounts in addition to other confidential information is ripe for this Court's consideration and necessary to preserve Plaintiffs' legitimate interests in confidentiality.  If, under the law in the various jurisdictions implicated, AstraZeneca is entitled to an offset for the amount of a Plaintiff's settlement with Lilly or otherwise entitled to know the amount of a Plaintiff's settlement with Lilly, AstraZeneca can seek a modification of this Court's order upon a showing of its legally justified entitlement to the information.

## V.     CONCLUSION

This Court has a vested interest in making determinations as to (i) what constitutes confidential settlement information between Lilly and Plaintiffs and (ii) whether AstraZeneca has a compelling need to require disclosure of information deemed confidential by Lilly and Plaintiffs in Zyprexa litigation. Plaintiffs request that this Court enter an Order protecting them from disclosure absent a determination by this Court that such a compelling need exists.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order preserving the confidentiality of Plaintiffs' settlement agreements and amounts, and grant Plaintiffs such other and further relief, in accordance with the foregoing, to which they may be entitled.

Dated: October 25, 2007

PLAINTIFFS' STEERING COMMITTEE

By: *Kenneth T. Fibich*
         Kenneth T. Fibich
         Fibich, Hampton & Leebron, LLP
         1401 McKinney, Suite 1800
         Houston, TX 77010
         (713) 751-0025
         (713) 751-0030 FAX

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served on the following Defendant via certified mail, return receipt requested and via the court's electronic filing system on this 25th day of October, 2007.

Nina Gussack, Esq.
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
and
Samuel J. Abate, Jr.
Pepper Hamilton, LLP
420 Lexington Avenue
Suite 2320
New York, NY 10170-2399
(212) 808-2700
*Counsel for Defendant, Eli Lilly and Company*

         *Kenneth T. Fibich*
         Kenneth T. Fibich

4

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

_____

**This Document Relates to ALL CASES**

---

## DEFENDANTS' MOTION FOR AN ORDER AUTHORIZING ASTRAZENECA TO OBTAIN FROM ELI LILLY & COMPANY DOCUMENTS FROM THE ZYPREXA MDL RELATING TO SEROQUEL PLAINTIFFS

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP

("AstraZeneca") respectfully move the Court to adopt and enter the attached Order (Ex.

A) authorizing AstraZeneca to obtain from Eli Lilly & Company ("Lilly") copies of (a)

any and all medical records, mental health records, employment records and educational

records of individuals who are plaintiffs in this MDL and who made claims of personal

injury against Lilly in In re Zyprexa Products Liability Litigation, No. 04-MD-1596

(E.D.N.Y.) ("Zyprexa MDL"), relating to their ingestion of Zyprexa; (b) all other

documents or discovery responses, including Plaintiff Fact Sheets, that were produced or

submitted to Lilly in the Zyprexa MDL by, or on behalf of, individuals who are plaintiffs

in this MDL and who made claims of personal injury against Lilly relating to their

ingestion of Zyprexa; and (c) any submissions made by, or on behalf of, individuals who

are plaintiffs in this MDL in support of their settlement claims in any settlement of their

Zyprexa-related personal injury claims filed against Lilly in the Zyprexa MDL (excluding

any specific dollar amounts included in such submissions).[1]  In support of its motion,

AstraZeneca states the following:

1.      Many of the plaintiffs in this MDL have also sued Lilly in the

Zyprexa MDL, alleging that Zyprexa has caused the very same injuries they allege were

caused by Seroquel in this litigation.

2.      In connection with the Zyprexa MDL, many such Seroquel

plaintiffs produced or submitted to Lilly Fact Sheets, discovery responses and/or other

documents, and Lilly may have collected the medical, mental health, educational and/or

employment records of many such plaintiffs.  Additionally, a number of these plaintiffs

may have been deposed in the Zyprexa MDL, and some have settled their Zyprexa-

related personal injury claims.

3.      As the Court has already acknowledged, AstraZeneca is entitled to

the documents or records relating to Seroquel plaintiffs that were produced or submitted

to Lilly in the course of the Zyprexa MDL because those documents or records are

relevant to plaintiffs' claims and AstraZeneca's defenses in this litigation.  *See* August

22, 2007 MDL Hearing Tr. at 98:1-13 ("some of these [Zyprexa-related documents]

sound like pretty fundamental documents that defendants are going to be entitled to get");

July 27, 2007 MDL Hr. Tr. at 76:11-12 ("presumptively [AstraZeneca] is going to be

entitled to" the Zyprexa documents).  Additionally, AstraZeneca can significantly

---

[1]    AstraZeneca intends to obtain the specific dollar amounts of the Zyprexa settlements
directly from plaintiffs.

expedite the record collection process and reduce costs by obtaining copies of records that Lilly has already collected.

      4.     Because Seroquel plaintiffs have brought personal injury claims, AstraZeneca is entitled to obtain documents and/or records relating to such plaintiffs that would otherwise be confidential.

      5.     AstraZeneca agrees to treat as confidential any documents and/or records it obtains from Lilly relating to Seroquel plaintiffs, and to use such documents and/or records consistent with the Seroquel MDL Protective Order and only for the purposes of the Seroquel litigation.

      6.     Counsel for AstraZeneca and Lead Counsel for plaintiffs have spent significant time discussing the issues raised in this motion. While the parties agree in principal that AstraZeneca is entitled to this material, they cannot reach an agreement on the language of the proposed order regarding settlement-related submissions. AstraZeneca has consulted with counsel for Lilly and Lilly consents to the entry of the proposed order, however.

## CONCLUSION

     AstraZeneca is entitled to records and documents pertaining to Seroquel plaintiffs that were submitted to, or obtained by, Lilly in the course of the Zyprexa MDL, including Fact Sheets, medical or mental health records, and any settlement-related submissions. Accordingly, AstraZeneca requests that the Court enter the proposed order authorizing AstraZeneca to obtain from Lilly any and all such documents or records.

Respectfully submitted on this the 24th day of September, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
A. Elizabeth Balakhani
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals
LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 24th of September, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing document and the notice of electronic filing was served on Plaintiffs' Liaison Counsel in accordance with CMO No. 1.

/s/ A. Elizabeth Balakhani

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for AstraZeneca conferred with Lead Counsel for plaintiffs in a good faith effort to resolve the issues raised in this motion. While Lead Counsel for plaintiffs and counsel for AstraZeneca agree in principal, they cannot reach an agreement as to the language of the proposed order.

/s/ A. Elizabeth Balakhani

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| Salvatore M. Machi | Jona R. Hefner, Esq. |
|---|---|
| Ted Machi & Associates PC | 3441 W. Memorial, Suite 4 |
| 18333 Egret Bay Blvd., Suite 120 | Oklahoma City, OK 73134-7000 |
| Houston, TX 77058 | Telephone: (405) 286-3000 |
| Telephone: (281) 335-7744 | attorneyokc@hotmail.com |
| David Dickens | Pete Schneider, Esq. |
| Miller & Associates | Grady, Schneider & Newman, L.L.P. |
| 105 North Alfred Street | 801 Congress, 4th Floor |
| Alexandria, VA 22314-3010 | Houston, TX 77002 |
| (703) 519-8080 | (713) 228-2200 |
| ddickens@doctoratlaw.com | pschneider@gsnlaw.com |
| Fred T. Magaziner | Lawrence J. Gornick, Esq. |
| Marjorie Shiekman | William A. Levin, Esq. |
| A. Elizabeth Balakhani | Dennis J. Canty, Esq. |
| Shane T. Prince | Levin Simes Kaiser & Gornick LLP |
| Eben S. Flaster | 44 Montgomery Street, 36th Floor |
| DECHERT LLP | San Francisco, CA 94104 |
| Cira Centre | Telephone: (415) 646-7160 |
| 2929 Arch Street | lgornick@lskg-law.com |
| Philadelphia, PA 19103 | dcanty@lskg-law.com |
| (215) 994-4000 | lsimes@levins-law.com |
| fred.magaziner@dechert.com | jkaiser@lskg-law.com |
| shane.prince@dechert.com | echarley@lskg-law.com |
| marjorie.shiekman@dechert.com | ddecarli@lskg-law.com |
| eben.flaster@dechert.com | bsund@lskg-law.com |
| elizabeth.balakhani@dechert.com | astavrakaras@lskg-law.com |
| Scott Burdine, Esq. | Lowell Finson |
| Hagans Burdine Montgomery | Phillips & Associates |
| Rustay & Winchester, P.C. | 3030 North 3rd Street |
| 3200 Travis, Fourth Floor | Suite 1100 |
| Houston, TX 77006 | Phoenix, AZ 85012 |
| Telephone: (713) 222-2700 | (602) 258-8900, ext. 295 |
| sburdine@hagans-law.com | lowellf@phillipslaw.ws |
| Gale D. Pearson | Robert H. Shultz |
| Stephen J. Randall | Heyl, Royster |
| Pearson, Randall & Schumacher, P.A. | 103 West Vandalia Street |
| Fifth Street Towers, Suite 1025 | P.O. Box 467 |
| 100 South 5th Street | Edwardsville, IL 62025 |
| Minneapolis, MN 55402 | (618) 656-4646 |
| (612) 767-7500 | rshultz@hrva.com |
| attorneys@outtech.com | bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |

# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation.

Case No. 6:06-md-1769-Orl-22DAB

_____/

## ORDER

> This cause came on for consideration with oral argument on the following motions filed herein:

| |
|---|
| **MOTION:** **DEFENDANTS' MOTION FOR AN ORDER AUTHORIZING ASTRAZENECA TO OBTAIN FROM ELI LILLY & COMPANY DOCUMENTS FROM THE ZYPREXA MDL RELATING TO SEROQUEL PLAINTIFFS** (Doc. No. 492) |
| **FILED:** **September 24, 2007** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** as set forth herein. |

1. AstraZeneca is entitled to obtain from Lilly and/or Lilly's agents copies of (a) any and all medical records, mental health records, employment records and educational records of individuals who are plaintiffs in this MDL and who made claims of personal injury against Lilly in In re Zyprexa Products Liability Litigation, No. 04-MD-1596 (E.D. N.Y.) ("Zyprexa MDL"), relating to their ingestion of Zyprexa; (b) all other documents or discovery responses, including Plaintiff Fact Sheets, that were produced or submitted to Lilly in the Zyprexa MDL by, or on behalf of, individuals who are plaintiffs in this MDL and who made claims of personal injury against Lilly relating to their ingestion of Zyprexa; and (c) any submissions made by, or on behalf of, individuals who are plaintiffs in this MDL in support of their settlement claims in any settlement of their

Zyprexa-related personal injury claims filed against Lilly in the Zyprexa MDL (excluding any specific dollar amounts included in such submissions);

2.     All plaintiffs in this MDL who also filed Zyprexa-related personal injury claims against Lilly in the Zyprexa MDL shall be deemed to have authorized Lilly and/or its agents to provide to AstraZeneca copies of any and all such documents and/or records; and

3.     Before obtaining such documents and/or records, AstraZeneca shall furnish to Plaintiffs' Lead Counsel the names of Seroquel plaintiffs whose documents and/or records AstraZeneca intends to obtain from Lilly.

4.     The matter of disclosure of information related to settlement of Zyprexa-related claims is reserved for future consideration.

     **DONE** and **ORDERED** in Orlando, Florida on October 18, 2007.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-2-

----

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

----

**IN RE: ZYPREXA
PRODUCTS LIABILITY LITIGATION**

**MDL No. 1596**

----

**THIS DOCUMENT RELATES TO:
ALL CASES**

----

## ORDER PRESERVING CONFIDENTIALITY
## OF PLAINTIFFS' SETTLEMENT AGREEMENTS

This _____ day of October, 2007, upon consideration of the Plaintiffs' Steering Committee's Motion for Order Preserving Confidentiality of Plaintiffs' Settlement Agreements, the Court having considered the Motion and argument of counsel, it is hereby ordered that:

1.    Eli Lilly and Company ("Lilly") shall not produce confidential settlement documents or otherwise disclose confidential settlement information exchanged between Lilly and any Zyprexa settling Plaintiff to any third party.

2.    The term "confidential information" shall be construed in the broadest sense to include any information exchanged between Lilly, Plaintiffs and Plaintiffs' counsel during the course of settlement negotiation and implementation.

3.    Plaintiffs shall not disclose and shall not be compelled to disclose confidential settlement information, including settlement amounts, absent specific order of this Court.

3.    The Court invites any third party who has compelling need and/or legal justification to require the disclosure of confidential settlement information between Lilly and any Plaintiff to make application to this Court for an Order authorizing production/disclosure of same.

Dated:  October _____, 2007

_____
Jack B. Weinstein
United States District Judge