UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re:  Seroquel Products Liability Litigation<br>MDL Docket No.  1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**SUPPLEMENTAL STATEMENT PURSUANT TO LOCAL RULE 3.01G**<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO LODGE ALLEGEDLY "CONFIDENTIAL" MATERIALS AND FOR A DETERMINATION REGARDING CONFIDENTIALITY (DOCKET NO. 610)** |

On October 25, 2007, Plaintiffs filed their Motion for Leave to Lodge Allegedly "Confidential" Materials and for a Determination Regarding Confidentiality.  (Docket No. 610.) As of that date, Defendants had not stated their position regarding Plaintiffs' challenge to the "confidential" designation of various disclosures.  Plaintiffs received the attached letter on October 29.

To be clear, plaintiffs do **not** seek to file these documents under seal.  Plaintiffs' motion seeks the following relief: 1) for permission to lodge the referenced documents with the Court for consideration on this motion and plaintiffs' Motion for Sanctions; and 2) for a determination that these documents, and all such disclosures served by AstraZeneca, are not properly designated "confidential" within the meaning of the Protective Order.

AstraZeneca has still failed to respond to plaintiffs' email of October 24, 2007 (Exhibit D to the motion) and has stated no position with respect to Item 1 above.  AstraZeneca's letter appears to state its position with respect to Item 2.  AstraZeneca has abandoned the "confidential" designation with respect to Dear Doctor letters and PIR's.  AstraZeneca still

claims, however, that communications with third parties (call notes), records of payments made to third party witnesses (A/P records) and information originally obtained from and allegedly belonging to third parties (IMS data) is properly protected from disclosure.

Pursuant to paragraph 4(C) of the Protective Order, it is AstraZeneca's burden to demonstrate that the information contained in the disclosures constitutes "a trade secret or other confidential research, development, or commercial information" or is otherwise entitled to protection.

Dated: November 1, 2007  LEVIN SIMES KAISER & GORNICK LLP

_____/s/ Dennis J. Canty_____
Lawrence J. Gornick (CA State Bar No. 136290)
Dennis J. Canty (CA State Bar No. 207978)
Laura M. Brandenberg (CA State Bar No. 238642)
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415-273-8138
Facsimile: 415-981-1270
E-mail:    lgornick@lskg-law.com
           dcanty@lskg-law.com



UNITED STATES | ENGLAND | GERMANY | CHINA

October 29, 2007

By E-Mail and Fax

Laura Brandenberg, Esq.
Levin Simes Kaiser & Gornick, LLP
44 Montgomery, 36th Floor
San Francisco, CA 94104

    Re: Seroquel MDL/Challenge to Confidentiality of Disclosures for Thomas, Coppola, James, Glover, Naramore, and Godfrey

Dear Laura:

    Responding to your e-mail of October 17, 2007, AstraZeneca addresses the challenges to the confidentiality of the categories of information included within its MDL case-specific disclosures as follows:

    1) Call Notes: It is AstraZeneca's position that call notes are properly protected as confidential information. The call notes database is a proprietary database owned by or licensed to AstraZeneca and used only within AstraZeneca. Any dissemination of the structure, organization, or categories of information tracked in the database could provide competitors with a distinct advantage. Call notes are internal documents that describe the sales person's experience with each physician, including notes of discussions with each physician. This information is particularly confidential and is only used for internal purposes. Call notes are never publicly disseminated as they could provide competitors with a distinct advantage. Thus, AstraZeneca is not willing to de-designate these documents.

    2) Payments to Doctors: It is AstraZeneca's position that information regarding payments to doctors are properly protected as confidential information. There are privacy and commercial concerns regarding these payments. Certain payments reflect physicians' participation in AstraZeneca's clinical trial programs. This information, to the extent it reveals details about AstraZeneca's clinical trial program, is particularly confidential and is only used for internal purposes. Thus, AstraZeneca is not willing to de-designate these documents.

    3) IMS Data: It is AstraZeneca's position that IMS data is properly protected as confidential information. This data is not publicly disseminated or publicly available, and

Laura Brandenberg, Esq.
October 29, 2007

is only used for internal purposes. Furthermore, IMS Health, Inc. has specifically requested, and Plaintiffs have agreed, that this data be maintained as confidential. Thus, AstraZeneca is not willing to de-designate this information.

    4) Dear Doctor Letters Received by Particular Physician: AstraZeneca is willing to agree to de-designate information confirming that any such letters were sent to a particular physician in its MDL case-specific disclosures.

    5) PIRs: Because patient-identifying information is not contained within its PIR responses, AstraZeneca is willing to agree to de-designate PIR responses produced as part of its MDL case-specific disclosures.

    Please contact me if you have any questions.

    Very truly yours,

    Russell Stewart

cc: Buffy Martines, Esq.

fb.us.2385033.01