# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE:<br><br>SEROQUEL PRODUCTS LIABILITY LITIGATION | IN RE:<br>MDL NO. 1769<br>CASE PENDING IN THE<br>MIDDLE DISTRICT OF<br>FLORIDA, ORLANDO<br>DIVISION |

## PAREXEL'S MOTION FOR A PROTECTIVE
## ORDER REGARDING PLAINTIFFS' SUBPOENA DUCES TECUM

Parexel MMS (Parexel") respectfully moves, pursuant to Fed. R. Civ. P. 26(c) and 45(c), for a protective order regarding the subpoena duces tecum annexed hereto as Exhibit A served upon it on in July by the plaintiffs in the above-referenced multidistrict litigation pending in the Middle District of Florida, Orlando Division.

For the reasons explained below, the subpoena by its terms would impose undue burden and expense on Parexel. Indeed, Parexel's preliminary estimate is that it would take weeks of work to comply with the subpoena; that the internal manpower costs of production is likely to exceed $125,000; and that the legal costs of production and defending a deposition could reach $25,000. For these and other reasons, the subpoena should be quashed. Alternatively, the Court should order plaintiffs to narrow the scope of the subpoena and to compensate Parexel for all of its reasonable costs in complying with the subpoena.

In support of this motion, Parexel states as follows:

1.      The litigation at issue involves thousands of cases in which plaintiffs have sued AstraZeneca Pharmaceuticals LP ("AstraZeneca") and six other AstraZeneca related companies. Plaintiffs allege that they suffered personal injuries as a result of false advertising and failing to warn persons about the side effects of Seroquel, an AstraZeneca medication for bipolar disease, schizophrenia and other mental illnesses.  Parexel is *not* a defendant in the case and it is *not* mentioned in the 33-page complaint.

2.      Parexel's business includes assisting its clients in developing and launching pharmaceutical products.  Since about 2000, Parexel has worked extensively with AstraZeneca regarding Seroquil. Parexel's work has included, for example, assisting AstaZeneca to produce medical journal articles about the results of the use of Seroquel in clinical trials.

3.      Plaintiffs' subpoena lists six requests (see Exhibit A hereto) that together, without *any* time limits, seek *all* documents - *everything* - that Parexel has regarding Seroquel over a seven-year business relationship.  Plaintiffs' subpoena might as well have made one request for all the documents regarding Seroquel.

4.      As an initial matter, the documentation sought from Parexel does not appear to be reasonably related to plaintiffs' claims in the underlying matter, or calculated to lead to the discovery of admissible evidence.  Specifically, Parexel *did not* develop, market, advertise, prescribe or distribute Seroquel.

5.      Yet, the subpoena's sweeping, duplicative requests demand *all* documents mentioning or referring to Seroquel, without regard to the time or manner in which they were sent, received or created.  As such, compliance with those demands will be unduly oppressive and burdensome.

- 2 -

6.      Parexel should not be required to divert substantial staff and resources from its pending projects to spend weeks culling its files for *all* documents mentioning or referring to Seroquel. Parexel's preliminary estimates are that approximately 20 of its employees have done work on Seroquel, and that each person would spend 15 hours searching for, locating, and duplicating all documents he/she has that are responsive to the subpoena. That totals 300 hours. Moreover, a task of this nature would require appointment of a project manager to coordinate all of the information.  Given the scope of the subpoena and the extent of services performed by Parexel relating to Seroquel, this could involve an additional 100 billable hours, and at a reasonable hourly work rate of $250 per person, thereby adding $25,000 to Parexel's costs.  The subpoena would also require Parexel's Client Finance Department to collect financial information for almost seven years.  Parexel estimates that this would require the full-time work of one employee for one month, at $150/hour.   This would add approximately $25,000 to Parexel's costs. Thus, Parexel's billable time responding to the subpoena would very likely exceed $125,000

7.      Moreover, because the subpoena demands production of confidential proprietary information, and could very well include documents protected by the attorney-client privilege and the attorney work product doctrine, and because the subpoena seeks the deposition testimony of Parexel as well, the attorneys' fees and costs of complying with the subpoena could reach or exceed $25,000.

8.      Plaintiffs' subpoena lists six requests, but it might as well have stated just one asking for all documents regarding Seroquel.  As for the specific six requests of the subpoena, Parexel responds as follows:

(1) **Any and all contracts or agreements between AstaZeneca and Parexel MMS relating to Seroquel.**

Parexel objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Parexel work product, attorney-client privileged materials, and/or attorney work product.

(2) **Any and all communications between AstraZeneca and Parexel MMS relating to Seroquel.**

Parexel objects to this request as vague, overbroad and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Parexel work product, attorney-client privileged materials, and/or attorney work product.

(3) **Any and all communications between Parexel MMS and any other person relating to Seroquel.**

Parexel objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Parexel work product, attorney-client privileged materials, and/or attorney work product.

(4) **Any and all documents prepared by, prepared for, or received by Parexel MMS relating to Seroquel.**

Parexel objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Parexel work product, attorney-client privileged materials, and/or attorney work product.

(5) **Any and all marketing materials relating to Seroquel prepared by, prepared for, or received by Parexel MMS.**

Parexel objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Parexel work product, attorney-client privileged materials, and/or attorney work product.

(6) **All documents reflecting the amount of money paid to Parexel MMS by AstraZeneca relating to professional services provided by Parexel MMS relating to Seroquel.**

Parexel objects to this request as vague, overbroad, and unduly burdensome. Moreover, this demand requests, in whole or in part, materials that are or may constitute confidential and proprietary documents and information, Parexel work product, attorney-client privileged materials, and/or attorney work product.

9.      Since receiving the subpoena, Parexel's counsel has attempted in good faith to negotiate a narrowing of the scope of the subpoena, and arrangements for plaintiffs to pay for Parexel's substantial costs in responding to the subpoena.  Although plaintiffs and their counsel are required to "take reasonable steps to avoid imposing undue burden or expense" on a person subject to a subpoena, Fed.R.Civ.P. 45(c)(1), plaintiffs have not offered any significant reduction in the scope of the subpoena, and they have not offered to pay for the time it will take Parexel to respond to the subpoena. While Parexel's counsel is willing to continue discussions with plaintiffs'counsel to reach a workable agreement, it seems likely that the Court's intervention is needed to protect Parexel from this subpoena.

10.      Parexel is filing herewith a memorandum in support of this motion and the affidavit of Claudia Piano.

WHEREFORE, Parexel respectfully requests the Court to quash the subpoena.

*Alternatively,* Parexel respectfully requests the Court to order plaintiffs to engage in good faith discussion with Parexel (a) to narrow the scope of the subpoena to documents for which it has a "substantial need" and which it "cannot … otherwise" obtain, Fed. R. Civ. P. 45(c)(B)(iii), and (b) to compensate Parexel promptly for its reasonable time incurred in producing documents and testifying in response to the subpoena.

PAREXEL MMS

By its attorneys,

_____
Edward Kurmeich (CT06803)
William I. Haslun III (CT02660)
Ivey, Barum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
203-661-6000

Of Counsel:
Kurt S. Kusiak, BBO #559254
Robert M. Mendillo, BBO #342780
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
617-542-5542

Dated:  September 18, 007

## CERTIFICATE OF SERVICE

I, Edward Krumeich, hereby certify that a true and accurate copy of the above document was served on this 18th day of September, 2007, upon counsel of record and upon:

*For Plaintiffs:*
Holly M. Wheeler
Blizzard, McCarthy & Nabers, LLP
440 Louisiana, Suite 1710
Houston, Texas 77002
Telephone No.: (713) 844-3750
Facsimile No.: (713) 844-3755

Michael Pederson
Weitz & Luxenberg
180 Meriden Lane
New York, NY 10038-4925
Telephone No.: (212) 558-5000
Facsimile No.: (212) 344-5461

*For AstraZeneca:*
Kenneth E. Friedman
SIdley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone No.: (213) 896-6055
Facsimile No.: (213) 896-6600

*For Parexel:*
Kurt S. Kusiak, BBO #559254
Robert M. Mendillo, BBO #342780
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
Telephone No.: (617) 542-5542
Facsimile No.: (617) 542-1542

Edward Krumeich

## **RULE 26 CERTIFICATE**

I, Robert M. Mendillo, an attorney for Parexel in this matter, hereby certify that I have conferred in good faith with plaintiffs' counsel, Holly Wheeler, in an effort to resolve the dispute at issue without court action, but that we have been unable to do so, although we have agreed to continue efforts to resolve the dispute.

 /s/  Robert M. Mendillo
Robert M. Mendillo

EXHIBIT A

JUN-29-2007 15:22 From:                              To:860 528 2720        P.2/43

SpAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF              Connecticut

In Re: Seroquel Products Liability Litigation          **SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MDL No. 1769
Case Pending in the
Middle District of
Florida, Orlando Divison

TO:  Parexel MMS
     181 Harbor Drive
     Stamford, CT 06902

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Parexel MMS, 181 Harbor Drive, Stamford, CT  06902 | DATE AND TIME 7/30/2007 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A attached.

| PLACE   Parexel MMS, 181 Harbor Drive, Stamford, CT  06902 | DATE AND TIME 7/30/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | 06/28/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael Pederson, ESQ Weitz & Luxenberg 180 Maiden Lane, New York, NY 10038 212-558-5500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A TRUE COPY
ATTEST

PROCESS SERVER
ERIC ROBIN

JUN-29-2007 15:23 From:                                     To:850 528 2720                    P.3/43

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|        | DATE | PLACE |
|--------|------|-------|
| SERVED |      |       |

| SERVED ON (PRINT NAME)   | MANNER OF SERVICE |
|--------------------------|-------------------|

| SERVED BY (PRINT NAME)   | TITLE |
|--------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
               DATE                         SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to be affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

JUN-29-2007 15:23 From:                                          To:860 528 2720        P.4/43

## EXHIBIT "A" TO SUBPOENA

### SUBPOENA INSTRUCTIONS

1.      In responding to this Deposition Upon Written Questions, you are required to produce all documents known or reasonably available to you, regardless of whether such documents are in your possession, custody, or control or in the possession, custody, or control of your agents, consignees, representatives or investigators, or your attorneys or their agents, employees, representatives, or investigators.

2.      All documents produced in response to this request shall be either:

      (a)      Produced in the order and in the manner that they are kept in the usual course of business, or

      (b)      Organized and labeled to correspond with the categories in the demand.

3.      All documents requested shall include all documents and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared, generated or received prior to the relevant time period. Unless otherwise indicated, the relevant time period for the information sought is 1986 to present.

4.      All documents that exist in electronic form are to be produced in electronic form and in their native form or other searchable form, not in an electronic form that is merely a picture of a document such as a TIFF file, a TIF file, or a PDF file. All documents that do not exist in electronic form are to be produced in single page TIFF files with corresponding load files.

JUN-29-2007 15:23 From:                          To:860 528 2720          P.5/43

## SUBPOENA DEFINITIONS

1.      "SEROQUEL" means the drug quetiapine fumarate, also known by the brand name Seroquel, and any predecessor or non-final derivation of the drug that later became Seroquel. Also included in the definition of Seroquel are any chemical equivalents marketed in foreign countries.

2.      "ASTRAZENECA" refers to AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB, AstraZeneca UK Limited and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with AstraZeneca. The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf. The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

3.      "DOCUMENT" or "DOCUMENTS" as used herein shall be construed in the broadest possible sense and means, without limitation, any reports, memorandum, records, studies, data compilations, graphs, charts, invoices, receipts, recordings, notes, photographs, studies, analyses, projections, forecasts, plans, estimates, working papers, summaries, opinions or reports of consultants, and other types of written, graphic, printed or electronic submissions of information, and all drafts thereof.

4.      "RELATED TO" and "RELATING TO" means constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording,

JUN-29-2007 15:24 From:                                To:860 528 2720          P.6/43

noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in part of whole.

5.    "COMMUNICATIONS" means any manner or method in which information is passed from one human being or entity to another including (but not limited to) any written, oral or electronic contact, and/or discussion or exchange of information.

6.    "MARKETING MATERIALS" includes without limitation any records or documents relating to the following:

(a)    Product pricing, selling, shipping, mailing, distributing, delivering, advertising, and promoting;

(b)    Market planning;

(b)    Communications to consumers or doctors, including advertising, press releases, detail pieces (including e-detailing materials), promotional literature, Dear Doctor letters, Q and As, etc.;

(c)    Testing, including copy testing, persuasion testing, market testing, and focus groups performed to determine or identify key messages to be sent to consumers or doctors;

(d)    Tracking and message recall; and

(e)    Media plans.

7.    "PAREXEL MMS" means Parexel MMS and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with Parexel MMS.  The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.  The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries'

or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

    8.      "PERSON" shall include an individual or entity, other than attorneys.

    9.      "Or" and "and" will be used interchangeably.

## DOCUMENTS REQUESTED

    1.      Any and all contracts or agreements between AstraZeneca and Parexel MMS relating to Seroquel.

    2.      Any and all communications between AstraZeneca and Parexel MMS relating to Seroquel.

    3.      Any and all communications between Parexel MMS and any other person relating to Seroquel.

    4.      Any and all documents prepared by, prepared for, or received by Parexel MMS relating to Seroquel.

    5.      Any and all marketing materials relating to Seroquel prepared by, prepared for, or received by Parexel MMS.

    6.      All documents reflecting the amount of money paid to Parexel MMS by AstraZeneca relating to professional services provided by Parexel MMS relating to Seroquel.

JUN-29-2007 15:24 From:                          To:860 528 2720        P.8/43

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### ORLANDO DIVISION

| In Re: Seroquel Products Liability Litigation | Case No. 6:06-md-01769-ACC-DAB |
|---|---|
| MDL Docket No. 1769 | **PLAINTIFFS' DEPOSITION UPON WRITTEN QUESTIONS DIRECTED TO PAREXEL MMS** |
| DOCUMENT RELATES TO ALL CASES | |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

1.    Please state your full name, address, occupation and official title.

ANSWER: _____

2.    As part of your duties as custodian of records for Parexel MMS are you the custodian of the following records:

(a)    Any and all contracts or agreements between AstraZeneca and Parexel MMS relating to Seroquel.

(b)    Any and all communications between AstraZeneca and Parexel MMS relating to Seroquel.

(c)    Any and all communications between Parexel MMS and any other person relating to Seroquel.

(d)    Any and all documents prepared by, prepared for, or received by Parexel MMS relating to Seroquel.

(e)    Any and all marketing materials prepared by, prepared for, or received by Parexel MMS relating to Seroquel.

JUN-29-2007 15:24 From:                                To:850 528 2720           P.9/43

 

      (f)     All documents reflecting amounts paid to Parexel MMS by AstraZeneca relating

to professional services rendered by Parexel MMS relating to Seroquel.

ANSWER: _____   _____

3.     Have you been served with a subpoena for the production the records requested in

Question No. 2?

ANSWER: _____ _____

4.     Do you understand that the subpoena requests all records in your possession, custody, or

control relating to Seroquel?

ANSWER: _____ ____

5.     Please tender at this time all records requested in Question No. 2 and in the subpoena that

has been served on you. Have you complied? If not, why?

ANSWER: _____

6.     Are you able to identify these records as the originals or true and correct copies of the

originals?

ANSWER: _____   _____

7.     Are the records you have tendered in response to Question Nos. 2 and 5 a complete and

accurate copy of the records described in Question No. 2?

ANSWER: _____   _____

8.     Was it in the regular course of your business, or of an employee in your office having

personal knowledge of the act(s) recorded, to prepare the records, or transmit the information

included in the records, you have tendered in response to Question Nos. 2 and 5?

ANSWER: _____   _____

JUN-29-2007 15:25 From:                                      To:866 528 2720          P.18/43

9.      Were the records you have tendered in response to Question Nos. 2 and 5 made at or near the time when the acts, events, conditions and other information contained therein occurred, were observed or rendered?

ANSWER: _____

10.      Were the records you have tendered in response to Question Nos. 2 and 5 kept in the regular course of the business of Parexel MMS?

ANSWER: _____

11.      Were the records you have tendered in response to Question Nos. 2 and 5 transmitted to your files, and did you maintain those records as part of your official duties as the custodian of records for Parexel MMS?

ANSWER: _____

12.      How long does Parexel MMS maintain its files, and does Parexel MMS ever destroy its files?

ANSWER: _____

13.      Have you been requested or directed by any person, or has any person suggested to you, that you withhold or protect, for any reason, the records described in Question No. 2? If so, please identify the person who conveyed this information to you and when that event occurred.

ANSWER: _____

14.      Do you know or have any reason to believe that the records you have tendered in response to Question Nos. 2 and 5 have in any manner been edited, purged, culled, or otherwise altered? If so, please identify the records and describe why they were altered.

ANSWER: _____

JUN-29-2007 15:25 From:                                    To:860 528 2720        P.11/43

15.    If any of the documents or information requested cannot be produced in full, please specify, to the extent possible, the reasons for your inability to produce the remainder, and the approximate date when you expect to produce such documents, if at all.

ANSWER: _____

16.    With respect to any document that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, please provide the following information separately as to each such document:

    (a)    A general description of the subject matter, author, recipient(s), date;
    (b)    The identity of each person who has received a copy or had an opportunity to receive a copy;
    (c)    The last custodian of the document or copies thereof; and
    (d)    The full particulars or circumstances whereby the document was disposed of, destroyed, or otherwise lost.

ANSWER: _____       _____

17.    With respect to any documents that have been deemed privileged or otherwise protected information or materials, provide the following information, designating and identifying those documents or information withheld from production on grounds of privilege:

    (a)    The reason for withholding the document or information;
    (b)    A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;
    (c)    A brief description of the document, including:
        a.    The date of the document;
        b.    The number of pages, attachments and appendices; and
        c.    The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person.

4

JUN-29-2007 15:25 From:                                To:866 528 2720              P.12/43

(d)     The name of each person who sent, received, was copied on, or had custody of the document, together with an identification of each such person;

(e)     The present custodian; and,

(f)     The subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

ANSWER: _____

18.     With whom have you spoken concerning this deposition on written questions?

ANSWER: _____

19.     Identify the person or persons that assisted you in responding to these questions.

ANSWER: _____

20.     Other than the court reporter, who is present with you at the time you prepared your answers and/or are answering this deposition on written questions?

ANSWER: __ _____

JUN-29-2007 15:25 From:                                    To:860 529 2720          P.13/43

_____

WITNESS (Custodian of Records)

Before   me,   the   undersigned   authority,   on   this   day   personally   appeared

_____, known to me to be the person whose name is subscribed to the

foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon

his/her oath that the answers to the foregoing questions are true and correct. I further certify that

the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2007.


_____

NOTARY PUBLIC

My Commission Expires:  _____

6

JUN-29-2007 15:25 From:                    To:860 528 2720        P.14/43

Dated:  June 29, 2007            PLAINTIFFS' STEERING COMMITTEE

                        By:    /s/ Paul J. Pennock
                               Paul J. Pennock
                               *Plaintiffs' Co-Lead Counsel*
                               WEITZ & LUXENBERG, P.C.
                               180 Maiden Lane
                               New York, NY 10038

                               Camp Bailey
                               *Plaintiffs' Co-Lead Counsel*
                               Bailey, Perrin, Bailey, LLP
                               The Lyric Center
                               440 Louisiana, Suite 2100
                               Houston, Texas 77002

                               Larry Roth
                               *Plaintiffs' Liaison Counsel*
                               Law Offices of Larry M. Roth, P.A.
                               1615 Edgewater Drive, Suite 1801
                               Orlando, Florida 32804

JUN-29-2007 15:25 From:                                          To:850 528 2720          P.15/43

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2007, that I e-mailed the foregoing Deposition Upon Written Questions to Defendants, along with a copy by e-mail to all participants in the CM/ECF system, and that I mailed the foregoing document by Federal Express to the non-CM/EDF participants listed on the attached service list.

### PLAINTIFFS' STEERING COMMITTEE

By: /s/ Michael Pederson
    Michael Pederson, Esq.
    Weitz & Luxenberg, P.C.
    180 Maiden Lane
    New York, New York 10038

*Plaintiffs' Co-Lead Counsel*