UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br><br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**PLAINTIFFS' DEPOSITION UPON WRITTEN QUESTIONS DIRECTED TO PAREXEL MMS** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

1. Please state your full name, address, occupation and official title.

**ANSWER**: _____

2. As part of your duties as custodian of records for Parexel MMS are you the custodian of the following records:

   (a) Any and all contracts or agreements between AstraZeneca and Parexel MMS relating to Seroquel.

   (b) Any and all communications between AstraZeneca and Parexel MMS relating to Seroquel.

   (c) Any and all communications between Parexel MMS and any other person relating to Seroquel.

   (d) Any and all documents prepared by, prepared for, or received by Parexel MMS relating to Seroquel.

   (e) Any and all marketing materials prepared by, prepared for, or received by Parexel MMS relating to Seroquel.



PLAINTIFF'S EXHIBIT C

    (f)    All documents reflecting amounts paid to Parexel MMS by AstraZeneca relating to professional services rendered by Parexel MMS relating to Seroquel.

**ANSWER**: _____

3.    Have you been served with a subpoena for the production the records requested in Question No. 2?

**ANSWER**: _____

4.    Do you understand that the subpoena requests all records in your possession, custody, or control relating to Seroquel?

**ANSWER**: _____

5.    Please tender at this time all records requested in Question No. 2 and in the subpoena that has been served on you. Have you complied? If not, why?

**ANSWER**: _____

6.    Are you able to identify these records as the originals or true and correct copies of the originals?

**ANSWER**: _____

7.    Are the records you have tendered in response to Question Nos. 2 and 5 a complete and accurate copy of the records described in Question No. 2?

**ANSWER**: _____

8.    Was it in the regular course of your business, or of an employee in your office having personal knowledge of the act(s) recorded, to prepare the records, or transmit the information included in the records, you have tendered in response to Question Nos. 2 and 5?

**ANSWER**: _____

9. Were the records you have tendered in response to Question Nos. 2 and 5 made at or near the time when the acts, events, conditions and other information contained therein occurred, were observed or rendered?

**ANSWER**: _____

10. Were the records you have tendered in response to Question Nos. 2 and 5 kept in the regular course of the business of Parexel MMS?

**ANSWER**: _____

11. Were the records you have tendered in response to Question Nos. 2 and 5 transmitted to your files, and did you maintain those records as part of your official duties as the custodian of records for Parexel MMS?

**ANSWER**: _____

12. How long does Parexel MMS maintain its files, and does Parexel MMS ever destroy its files?

**ANSWER**: _____

13. Have you been requested or directed by any person, or has any person suggested to you, that you withhold or protect, for any reason, the records described in Question No. 2? If so, please identify the person who conveyed this information to you and when that event occurred.

**ANSWER**: _____

14. Do you know or have any reason to believe that the records you have tendered in response to Question Nos. 2 and 5 have in any manner been edited, purged, culled, or otherwise altered? If so, please identify the records and describe why they were altered.

**ANSWER**: _____

15.     If any of the documents or information requested cannot be produced in full, please specify, to the extent possible, the reasons for your inability to produce the remainder, and the approximate date when you expect to produce such documents, if at all.

**ANSWER:** _____

16.     With respect to any document that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, please provide the following information separately as to each such document:

    (a)    A general description of the subject matter, author, recipient(s), date;
    (b)    The identity of each person who has received a copy or had an opportunity to receive a copy;
    (c)    The last custodian of the document or copies thereof; and
    (d)    The full particulars or circumstances whereby the document was disposed of, destroyed, or otherwise lost.

**ANSWER:** _____

17.     With respect to any documents that have been deemed privileged or otherwise protected information or materials, provide the following information, designating and identifying those documents or information withheld from production on grounds of privilege:

    (a)    The reason for withholding the document or information;
    (b)    A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;
    (c)    A brief description of the document, including:
        a.    The date of the document;
        b.    The number of pages, attachments and appendices; and
        c.    The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person.

    (d)    The name of each person who sent, received, was copied on, or had custody of the document, together with an identification of each such person;

    (e)    The present custodian; and,

    (f)    The subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

**ANSWER:** _____

18.    With whom have you spoken concerning this deposition on written questions?

**ANSWER:** _____

19.    Identify the person or persons that assisted you in responding to these questions.

**ANSWER:** _____

20.    Other than the court reporter, who is present with you at the time you prepared your answers and/or are answering this deposition on written questions?

**ANSWER:** _____

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2007.

_____
NOTARY PUBLIC

My Commission Expires: _____

6

Dated: June 29, 2007

                                  PLAINTIFFS' STEERING COMMITTEE

By:   /s/ Paul J. Pennock
       Paul J. Pennock
       ***Plaintiffs' Co-Lead Counsel***
       WEITZ & LUXENBERG, P.C.
       180 Maiden Lane
       New York, NY 10038


       Camp Bailey
       ***Plaintiffs' Co-Lead Counsel***
       Bailey, Perrin, Bailey, LLP
       The Lyric Center
       440 Louisiana, Suite 2100
       Houston, Texas 77002


       Larry Roth
       ***Plaintiffs' Liaison Counsel***
       Law Offices of Larry M. Roth, P.A.
       1615 Edgewater Drive, Suite 1801
       Orlando, Florida 32804

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2007, that I e-mailed the foregoing Deposition Upon Written Questions to Defendants, along with a copy by e-mail to all participants in the CM/ECF system, and that I mailed the foregoing document by Federal Express to the non-CM/EDF participants listed on the attached service list.

PLAINTIFFS' STEERING COMMITTEE

By: /s/ Michael Pederson
    Michael Pederson, Esq.
    Weitz & Luxenberg, P.C.
    180 Maiden Lane
    New York, New York 10038

*Plaintiffs' Co-Lead Counsel*

# EXHIBIT "A" TO SUBPOENA

## SUBPOENA INSTRUCTIONS

1. In responding to this Deposition Upon Written Questions, you are required to produce all documents known or reasonably available to you, regardless of whether such documents are in your possession, custody, or control or in the possession, custody, or control of your agents, consignees, representatives or investigators, or your attorneys or their agents, employees, representatives, or investigators.

2. All documents produced in response to this request shall be either:

    (a) Produced in the order and in the manner that they are kept in the usual course of business, or

    (b) Organized and labeled to correspond with the categories in the demand.

3. All documents requested shall include all documents and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared, generated or received prior to the relevant time period. Unless otherwise indicated, the relevant time period for the information sought is 1986 to present.

4. All documents that exist in electronic form are to be produced in electronic form and in their native form or other searchable form, not in an electronic form that is merely a picture of a document such as a TIFF file, a TIF file, or a PDF file. All documents that do not exist in electronic form are to be produced in single page TIFF files with corresponding load files.

## SUBPOENA DEFINITIONS

1. "SEROQUEL" means the drug quetiapine fumarate, also known by the brand name Seroquel, and any predecessor or non-final derivation of the drug that later became Seroquel. Also included in the definition of Seroquel are any chemical equivalents marketed in foreign countries.

2. "ASTRAZENECA" refers to AstraZeneca Pharmaceuticals LP, AstraZeneca LP, AstraZeneca AB, AstraZeneca UK Limited and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with AstraZeneca. The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf. The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

3. "DOCUMENT" or "DOCUMENTS" as used herein shall be construed in the broadest possible sense and means, without limitation, any reports, memorandum, records, studies, data compilations, graphs, charts, invoices, receipts, recordings, notes, photographs, studies, analyses, projections, forecasts, plans, estimates, working papers, summaries, opinions or reports of consultants, and other types of written, graphic, printed or electronic submissions of information, and all drafts thereof.

4. "RELATED TO" and "RELATING TO" means constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording,

noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in part of whole.

5. "COMMUNICATIONS" means any manner or method in which information is passed from one human being or entity to another including (but not limited to) any written, oral or electronic contact, and/or discussion or exchange of information.

6. "MARKETING MATERIALS" includes without limitation any records or documents relating to the following:

    (a)    Product pricing, selling, shipping, mailing, distributing, delivering, advertising, and promoting;

    (b)    Market planning;

    (b)    Communications to consumers or doctors, including advertising, press releases, detail pieces (including e-detailing materials), promotional literature, Dear Doctor letters, Q and As, etc.;

    (c)    Testing, including copy testing, persuasion testing, market testing, and focus groups performed to determine or identify key messages to be sent to consumers or doctors;

    (d)    Tracking and message recall; and

    (e)    Media plans.

7. "PAREXEL MMS" means Parexel MMS and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with Parexel MMS. The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf. The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries'

or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

8. "PERSON" shall include an individual or entity, other than attorneys.

9. "Or" and "and" will be used interchangeably.

## DOCUMENTS REQUESTED

1. Any and all contracts or agreements between AstraZeneca and Parexel MMS relating to Seroquel.

2. Any and all communications between AstraZeneca and Parexel MMS relating to Seroquel.

3. Any and all communications between Parexel MMS and any other person relating to Seroquel.

4. Any and all documents prepared by, prepared for, or received by Parexel MMS relating to Seroquel.

5. Any and all marketing materials relating to Seroquel prepared by, prepared for, or received by Parexel MMS.

6. All documents reflecting the amount of money paid to Parexel MMS by AstraZeneca relating to professional services provided by Parexel MMS relating to Seroquel.