```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
 2                          ORLANDO DIVISION

 3              Docket No.6:06-MD-1769-Orl-22DAB

 4       . . . . . . . . . . . . . ..
         IN RE:                          :
 5       SEROQUEL PRODUCTS LIABILITY     :
         LITIGATION                      :       Orlando, Florida
 6       MDL DOCKET No. 1769             :       September 11, 2007
                                         :       9:30 a.m.
 7       ALL CASES                       :
                                         :
 8       . . . . . . . . . . . . . .:

 9
                    TRANSCRIPT OF PRETRIAL CONFERENCE
10              BEFORE THE HONORABLE DAVID A. BAKER
                   UNITED STATES MAGISTRATE JUDGE
11

12      APPEARANCES:

13      For the Plaintiffs:        Paul Pennock

14                                 Larry M. Roth

15                                 Scott Allen

16                                 F. Kenneth Bailey

17                                 Camp Bailey

18                                 Lawrence Gornick

19                                 Richard Laminack

20                                 Buffy Martines

21                                 Kenneth Smith

22                                 Jonathan Sedgh

23                                 Holly Wheeler

24                                 Dennis Canty (by phone)

25
```


PLAINTIFF'S EXHIBIT

1   research about them before you do that. But this should
2   happen in the next day or two.
3           MR. MCCONNELL: Great. Thank you.
4           THE COURT: Okay. Let me turn next to
5   third-party discovery issues. How many and where are
6   there motions to compel for protective order?
7           MS. WHEELER: Your Honor, Holly Wheeler for the
8   plaintiffs. I'll address that.
9       We're preparing several motions to compel, but at
10  this point we're still working with the attorneys for
11  these various third parties to come to an agreement which
12  would allow them to feel comfortable to produce these
13  documents. We are preparing a few right now, but we're
14  also still in talks with them.
15          THE COURT: Well, let me tell you what my
16  position is. I think it's at least arguable under the MDL
17  authority that I could directly deal with those motions.
18  I'm not inclined to take on that fight because it's not
19  clear.
20      I think it's also not crystal-clear, but I think
21  there's certainly precedent that the Courts, where the
22  witnesses have been subpoenaed, can defer any such motions
23  back to me, and it's up to them, it's up to those judges,
24  but knowing how I would react, I think most of them would
25  defer them back to me because of the complexity of this

9

```
 1   case.
 2          So if you tell me where they are, I will contact
 3   those judges and let them know that I'm available to take
 4   them back, but I don't want to override their authority.
 5   So that's how I'm planning to proceed with that.
 6          So it would be my expectation that to the extent
 7   there are those motions to be resolved, I will encourage
 8   the other judges to send them back to me for resolution.
 9          Like I say, I think there's ample authority for that,
10   although specifically you can read Rule 26 that way.
11   Rule 45 really doesn't read that way, and I understand
12   it's legal, but I feel comfortable with that.
13              MR. MAGAZINER:  Your Honor, I would think it's
14   possible that in the course of litigation, either
15   plaintiffs or we might be filing motions in other courts
16   from time to time.  I would ask how the Court would like
17   us to inform Your Honor that we have done so.  Because I
18   know the Court doesn't encourage correspondence.  This
19   would not be a motion that is filed in this Court.
20          I would think the thing to do is just to add Your
21   Honor to the service list, if that would work, so that if
22   Miss Wheeler files a motion in the District of Nebraska,
23   it would be served on you.  If we file a motion in the
24   District of Washington --
25              THE COURT:  How are you going to serve it on me?
```

10

```
 1   I'm just asking.
 2              MR. MAGAZINER:  I don't know the answer, but I
 3   know in other situations like this where --
 4              THE COURT:  I'll tell you what you can do is
 5   serve it by sending an electronic copy to the chambers
 6   e-mail address, which you have used for some other things.
 7              MR. MAGAZINER:  All right.  Without any cover
 8   letter or anything?  We would just --
 9              THE COURT:  Yeah.  Just put it there so we can
10   see it.
11              MR. MAGAZINER:  Okay.  Thank you, Your Honor.
12              MS. WHEELER:  Your Honor, if I can say one
13   thing.  One of the reasons why we have not started filing
14   the motions to compel is because the biggest holdup
15   appears to be the confidentiality.
16       If we could get some kind of confidentiality order in
17   place to protect these third-party documents, I don't
18   think it will be necessary to file many of these motions.
19              THE COURT:  That's why I was apologizing.
20   That's my fault at this point.
21       Okay.  Just given the preface that you just made, in
22   general are things proceeding?  Are you getting anything?
23              MS. WHEELER:  We have gotten two sets of
24   documents from two third parties.  As I said, a lot of
25   them just want some kind of confidentiality in place and
```

```
 1  they have already agreed that they'll give up their
 2  documents.
 3         And then the last issue that's really causing a bit
 4  of delay is costs.  So that's really going to be what the
 5  motions to compel focus on.
 6            THE COURT:  Okay.  Well, they're certainly
 7  entitled to be heard about that.
 8       Okay.  I'll get that confidentiality order out.
 9            MS. WHEELER:  Thank you, Your Honor.
10            THE COURT:  Mr. Brown.
11            MR. BROWN:  Yes, Your Honor.  Good morning.
12            THE COURT:  Good morning.  I'm up to you now.
13  How are things going?
14            MR. BROWN:  Your Honor, if you have time, I can
15  give you a brief report on what we've accomplished since
16  our last status conference on the 22nd of August.  And
17  then it would also give us the context for the items
18  listed on your agenda, which concerns an order that we
19  feel is necessary to aid in implementing your
20  case-specific discovery plan.
21       We have a written report that the Court had asked us
22  to file on the 15th of each month, so that is forthcoming
23  soon.  But I think to understand the issues that are on
24  the agenda, we need to take a little bit of time and tell
25  you what we have accomplished since the 22nd.
```