## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE: | ) | IN RE: |
|  | ) | MDL NO. 1769 |
|  | ) | CASE PENDING IN THE |
| SEROQUEL PRODUCTS | ) | MIDDLE DISTRICT OF |
| LIABILITY LITIGATION | ) | FLORIDA, ORLANDO |
|  | ) | DIVISION |

### PAREXEL'S AMENDED OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER THIS MATTER TO THE MDL COURT; AND, PAREXEL'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

For the reasons set forth below, plaintiffs' motion to transfer this matter to the MDL Court in Florida should be denied; plaintiffs' motion to compel Parexel, an innocent third party, to spend $150,000 or more to produce <u>every</u> document it has that mentions or refers to Seroquel from its seven-year business relationship with AstraZeneca, should be denied; and, Parexel's previously filed motion for a protective order should be allowed.

### A.     This Court Can and Should Decide This Discovery Dispute.

Parexel's offices are in this District; the subpoena was issued in and served in this District; and, it is undisputed that this Court has the authority and ability to decide this dispute. This Court <u>should</u> decide this dispute for the following reasons:

1.      While plaintiffs acknowledge that the federal rules "require" the parties' motions regarding the requested discovery to be brought in this Court (Plaintiffs' Motion at p.7, ¶ 16), they cite no authority – and Parexel believes that there is none – that <u>requires</u> this Court to transfer the pending motions to the MDL Court.

2.      Although the MDL Court itself expressed its willingness to hear disputes such as this one before this Court, it has <u>not</u> expressed a need or a preference to decide such disputes, nor has it indicated that it would be inappropriate or unwise for non-MDL courts to decide discovery motions.  (See Plaintiffs' Motion at Exhibit F, pages 8-9.)

3.      Transferring this dispute to the MDL Court would likely cause Parexel to incur more legal expenses.  If a hearing is scheduled in the MDL Court, Parexel's counsel will have to travel to Florida and in all likelihood will have to retain Florida counsel.  Moreover, plaintiffs have readily admitted that their dispute with Parexel (and other nonparties) will not end here: "Moreover, the non-party discovery [sought here against Parexel and Simpson Healthcare Systems] is not likely to end with their subpoena compliance.  Rather, there is a possibility that Plaintiffs may pursue oral depositions of these nonparties at some point in the future." (Plaintiffs' Motion at page 10, ¶ 20.)  Essentially, plaintiffs are seeking to have Parexel – which is not in Florida and is not a party to the MDL case – be subject to the complete jurisdiction of the MDL Court.  Such a result is unfair, unwarranted, and unnecessary.

4.      Plaintiffs are clearly seeking home field advantage in Florida.  They claim, "The MDL Court is familiar with the problems Plaintiffs have encountered with AstraZeneca's electronic production, which Plaintiffs contend is far from complete and which the Court has described as incomplete and unusable." (Plaintiffs' Motion at p. 17, ¶ 32.)  Because Parexel has worked closely with AstraZeneca on Seroquel projects for many years, plaintiffs clearly intend to press in the MDL Court that Parexel is guilty by association, and thus every single document that Parexel has that mentions or refers to Seroquel should be ordered to be produced at Parexel's expense.  Parexel respectfully maintains that a new set of eyes – this Court's – would be better to decide the discovery dispute at issue in this District.

**B.      This Court Should Deny Plaintiffs'
Motion to Compel**.

Plaintiffs' motion to compel does <u>not</u> dispute the following points raised in Parexel's motion for a protective order:

1.      Parexel is an innocent third party, it has no dog in the MDL Court fight, and it is at best a witness in that litigation.

2.      Plaintiffs are seeking to have Parexel produce <u>all</u> documents it has that mention or refer to Seroquel for the life (about seven years) of its business relationship with AstraZeneca.

3.      Parexel fairly estimates that it will cost more than $150,000 to comply with the deposition subpoena.

4.      The Tenth Circuit's decision in <u>In re Coordinated Proceedings in Petroleum Products Litigation</u>, 669 F. 2d 620 (10th Cir. 1982), supports Parexel's position that if it has to spend time and money responding to plaintiffs' subpoena, then plaintiffs should pay for it – even if Parexel <u>can</u> "afford it."

Based upon these undisputed points, plaintiffs' motion to compel should be denied. Moreover, various points that plaintiffs raise in their motion do not change the analysis:

1.      Contrary to plaintiffs' contention, Parexel has <u>not</u> waived its right to object to the document production and written deposition questions (questions that are directed solely at determining Parexel's search for and production of the subpoenaed documents).   Indeed, plaintiffs' papers confirm that after receiving the subpoena, Parexel's counsel attempted to negotiate a resolution of this dispute, and plaintiffs' counsel, in recognition of this, allowed Parexel more time to determine whether and how to respond.  No firm deadline for compliance was ever expressed, and Parexel moved for a protective order only after concluding that the good faith discussions that had occurred between the parties could not lead to a resolution.  By the

parties' course of dealings, Parexel had <u>not</u> waived or abandoned any of its rights or acted in a late or untimely fashion.  Thus, the motions at issue should be decided on their merits.

2.      Plaintiffs' papers devote time to tarring AstraZeneca, claiming that both the FDA and the MDL Court have criticized it.  (See Plaintiffs' Motion at p. 3 ¶ 5; p. 17 at ¶ 32; p. 20-21 at ¶41.)  This Court should reject plaintiffs' attempt to make Parexel guilty by association.  There is <u>no</u> allegation that Parexel has done anything wrong or in any way caused the harm that plaintiffs allegedly suffered from taking Seroquel.

3.      Plaintiffs state that they have served 23 non-party subpoenas in their case, and "only a handful has complied with the subpoenas."  (Plaintiffs' Motion at p. 7, ¶ 16.)  This speaks volumes to the reasonableness of the subpoenas.  Assuming that all 23 subpoenas are of the "give us <u>everything</u> you have that mentions Seroquel" variety,  it is no wonder that only a handful of those subpoenaed has complied.  Parexel does not want to spend over $150,000 to comply with its subpoena, Simpson Healthcare Executives do not want to spend over $102,000 to comply with its subpoena (Plaintiffs' Motion at Ex. J), and obviously numerous other third parties do not want to spend thousands and thousands of dollars producing documents in response to a fishing expedition.

4.      Plaintiffs argue that because Parexel has over 6,300 employees and generated over $600 million in revenue last year, it should bear a portion of the costs of production.  (Plaintiffs' Motion at p. 20, ¶¶s 39 and 41.)  This is simply unfair, and contrary to case law and Rule 26 (c).  Moreover, these plaintiffs <u>can afford</u> to pay Parexel's costs.  This MDL case involves "More than 6,000 separate actions against AstraZeneca," Plaintiffs' Motion at p. 2, ¶ 1), and all of these plaintiffs appear to be represented by three major class action law firms and 12 other law offices (see plaintiffs' certificate of service).  If Parexel's $150,000 estimate of its

costs of production is divided among the 6,000 separate actions, then the plaintiffs in each action (or their attorneys, if they are advancing costs) would have to contribute <u>only</u> $25.00 each to pay Parexel's costs of production ($150,000 ÷ 6,000 = $25.00).   This could hardly create any financial hardship to any of the plaintiffs or their large team of attorneys – especially if, as plaintiffs state, they <u>and   AstraZeneca</u> have agreed to consider reimbursing the nonparties for some of their costs.   (Plaintiffs' Motion at p. 17, ¶ 17.) Under these circumstances, Parexel should not be required to absorb any of the cost involved in the expensive and time-consuming production called for by the subpoena.

### Conclusion

For all of the reasons stated above, this matter should not be transferred to the MDL Court, Parexel's motion for a protective order should be allowed, plaintiffs' motion to compel should be denied, and Parexel should be granted such additional relief as is deemed just and appropriate under the circumstances.

PAREXEL MMS

By its attorneys,

_____
Edward Krumeich
William I. Haslun III
Ivey, Barum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
203-661-6000

Of Counsel:
Kurt S. Kusiak, BBO #559254
Robert M. Mendillo, BBO #342780
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
617-542-5542

## **CERTIFICATION**

This is to certify that on October 24, 2007, a copy of the foregoing Objection to Plaintiffs' Motion to Transfer this Matter to the MDL Court; and Parexel's Oppoisition to Plaintiffs' Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*For Plaintiffs:*

Sean K. McElligott
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Telephone No. 203-336-4421

Holly M. Wheeler, Esq.
Edward Blizzard, Esq.
Blizzard, McCarthy & Nabers, LLP
440 Louisiana, Suite 1710
Houston, Texas 77002
Telephone No.: (713) 844-3750
Facsimile No.: (713) 844-3755

Michael Pederson, Esq.
Weitz & Luxenberg
180 Meriden Lane
New York, NY 10038-4925
Telephone No.: (212) 558-5000
Facsimile No.: (212) 344-5461

*For AstraZeneca:*
Kenneth E. Friedman
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone No.: (213) 896-6055
Facsimile No.: (213) 896-6600

Fred T. Magaziner
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19103


*For Simpson Healthcare Executives, Inc.*
Jennifer Morgan DelMonico
Joselyn Griffen
Murtha Cullina L.L.P.
Whitney Grove Square, Two Whitney Avenue
New Haven, CT. 06510


*For Parexel:*
Kurt S. Kusiak, BBO #559254
Robert M. Mendillo, BBO #342780
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
Telephone No.: (617) 542-5542
Facsimile No.: (617) 542-1542

Edward Krumeich