**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | |
| This document relates to: | |
| *Deborah Elmore v. AstraZeneca LP, et al.*, 07-CV-16085 | |
| *Lisa Grant v. AstraZeneca LP, et al.*, 07-CV-12145 | |
| *Kimberly Linder v. AstraZeneca LP, et al.*, 07-CV-12651 | **MDL DOCKET NO:** |
| *Debra Scott v. AstraZeneca LP, et al.*, 07-CV-14238 | **6:06-MDL-1769-ACC-DAB** |
| *Christine Hernandez v. AstraZeneca LP, et al.*, 07-CV-15736 | |
| *Sharon Fashner v. AstraZeneca LP, et al.*, 07-CV-10265 | |
| *Jesse Runner v. AstraZeneca LP, et al.*, 07-CV-10424 | |
| *Sharon Duvall v. AstraZeneca LP, et al.* 07-CV-12443 | |

**CERTAIN PLAINTIFFS' RESPONSE IN OPPOSITION AND INCORPORATED
MEMORANDUM TO ASTRAZENECA'S MOTION TO COMPEL PLAINTIFFS
WITH DOCUMENTS IN THEIR POSSESSION OR HAVE THEIR CASES
<u>DISMISSED WITH PREJUDICE</u>**

The above-referenced Plaintiffs ("Plaintiffs") hereby file their Response in Opposition and Incorporated Memorandum to AstraZeneca's Motion to Compel Plaintiffs with Documents in Their Possession or Have Their Cases Dismissed With Prejudice (the "Motion" (Doc. 620)), and would respectfully show the Court as follows:

1

## I.
## SUMMARY OF RESPONSE

Plaintiffs have already complied with AstraZeneca's document requests that are the subject of its Motion, with the exception of a lone Plaintiff that counsel has been unable to contact, as shown below.  AstraZeneca's Motion is, therefore, moot.  Notwithstanding such compliance, the Court should also deny the Motion because it constitutes mere pretext to additional, unjust summary dismissals that would contravene United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") precedent, and where such dismissals further compound the discovery inequities caused by Defendants' failed and sanctionable production efforts.

## II.
## ARGUMENT & AUTHORITIES

**A.**    **Plaintiffs Have Substantially Complied With AstraZeneca's Document Requests, Rendering The Motion Moot.**

As evidenced by the Affidavit of Plaintiffs' attorney Keith Weber (the "Weber Affidavit"), attached hereto as Exhibit A and incorporated herein by reference for all purposes, most Plaintiffs (all but one) have responded to Plaintiffs' counsel's instruction to diligently search for documents they referenced in their depositions, and have surrendered to their lawyers those responsive documents in Plaintiffs' possession, custody, or control.  Such documents either have already been forwarded to AstraZeneca's counsel, or Plaintiffs' counsel are in the process of expeditiously forwarding same.  (Ex. A.)

**B.**   **AstraZeneca's Motion Is Mere Pretext To Additional Summary Dismissals Of Plaintiffs' Cases, Without Respect To Discovery Inequities And Plaintiffs' Due Process Concerns In This Litigation.**

Plaintiffs cannot help but be suspicious of AstraZeneca's motives in filing this Motion.  AstraZeneca's counsel (1) filed the Motion despite Plaintiffs' counsel's assurances in the meet and confer process that AstraZeneca would promptly receive any requested documents; (2) refused to pull down the Motion after, in keeping with Plaintiffs' counsel's earlier assurances of cooperation, Plaintiffs began serving their responsive documents upon AstraZeneca; (3) specifically violated a written agreement with Plaintiffs' counsel to compile a list of Plaintiffs who testified that they had documents that had not been produced, and to forward that list to Plaintiffs' counsel before filing the Motion; (4) apparently refuses to proffer a formal request to Plaintiffs' counsel identifying the documents that certain Plaintiffs testified they had in their possession, custody, or control, or even the names of such Plaintiffs who gave such testimony; and (5) filed the Motion on one day, then argued the following day to the Court that such matters should be resolved by the Special Master – Project Management Office ("SM-PMO").  All of this seems (unsurprisingly to Plaintiffs) as though AstraZeneca is more interested in triggering a technical violation resulting in additional dismissals than actually receiving the documents themselves.

Indeed, Plaintiffs' counsel has repeatedly promised full cooperation to AstraZeneca's lawyers regarding the production of Plaintiffs' documents identified in deposition testimony (as well as *all* Plaintiffs' documents generally).  Moreover, as proven by the Weber Affidavit, Plaintiffs have already substantially complied with AstraZeneca's requests that are the subject of this Motion.  AstraZeneca's counsel also promised Plaintiffs' lawyers in an

email that AstraZeneca would submit to Plaintiffs' counsel—prior to filing the Motion—a list of Plaintiffs who testified they had documents that had not been produced to AstraZeneca.  Plaintiffs' lawyers never received such a list.  Finally, despite Plaintiffs' counsel's repeated requests, AstraZeneca's lawyers refuse to formally request or identify the documents discussed in a given Plaintiff's deposition—this despite the fact that Plaintiffs' lawyers routinely experience a significant delay (several weeks) in receiving deposition transcripts from the court reporting service, putting Plaintiffs are at an automatic procedural disadvantage regarding their ability to supplement the document production before AstraZeneca pulls the trigger on a motion to compel such as this one.

Moreover, AstraZeneca argued at length at the October 30, 2007 status conference—one day after they filed this Motion—that issues of this type should first be raised with the SM-PMO.  Specifically, defense counsel informed the Court:

> Your honor, it's been our process and our procedure in this case specific discovery to raise disputes like this with the PMO.  And I can say that these disputes, one of them, this in a motion was raised with the PMO on the late designation of sales representatives.  ***The other issues [pending motions to compel, for example] have not been addressed by the PMO.***  And from your transcript of the August hearing here, I think you indicated that a lot of these issues in dispute should be resolved by Mr. Brown, and that he had more than just a scheduling role. . . . .  You indicated there's a more substantive portion of the PMO's undertaking then [sic] simply scheduling and telling doctors what to do.  It is to resolve disputes.

(Tr. of Oct. 30, 2007 Status Conference 34:12-25, 35:1.)  Nevertheless, AstraZeneca did not first raise issues addressed in this Motion with the SM-PMO.

Looking forward as to how to fairly and adequately address such production issues in the future—and pursuant to this Court's recent order and AstraZeneca's own position voiced

in the last status conference—issues relative to production of Plaintiffs' documents should first be raised with the SM-PMO for possible resolution before burdening the Court. The SM-PMO should also employ the formal request process and other procedures discussed below. In addition, Plaintiffs' cases should not be subject to dismissal upon being given a narrow (e.g., 10-day) window to comply with AstraZeneca's requests. The failure to produce documents in such a short timeframe does not comport with Eleventh Circuit criteria for imposing death penalty sanctions. Such a dismissal procedure only serves to further exacerbate the inequities in document discovery in this litigation.

### 1. The Parties Should First Attempt to Resolve Issues Like Those Raised In AstraZeneca's Motion Through The SM-PMO.

The Court has already ordered the parties to confer with the SM-PMO regarding the issues raised in AstraZeneca's Motion to determine whether the alleged deficiencies in Plaintiffs' document production may be remedied with "appropriate expedition." (Notice of Hr'g and Order of Nov. 1, 2007 (Doc. 638).) The SM-PMO is to report the status of this matter to the Court in his November 13, 2007 report to the Court. (Notice of Hr'g and Order of Nov. 1, 2007 (Doc. 638).)

Should similar issues arise in the future, defense counsel should be required to raise them with the SM-PMO for possible resolution short of burdening the Court with a motion to compel. Also, the SM-PMO should institute a formal notice procedure, requiring AstraZeneca to notify Plaintiffs' counsel of the identity of specific documents testified to by a given Plaintiff as being within his/her possession, custody, or control that are relevant to the lawsuit. A primary justification for such a procedure is the inherent lag time in Plaintiffs' counsel receiving the deposition transcripts from the court reporting service, theoretically

permitting AstraZeneca to file its motions to compel even before Plaintiffs have had any opportunity to identify the subject documents, much less request the documents from the clients.

Once any such issues are presented to the SM-PMO and a formal request for the specific documents described in a given deposition is served upon Plaintiffs, Plaintiffs shall be given a reasonable period of time—e.g., 20 days—to supplement the discovery as requested. If AstraZeneca is dissatisfied with Plaintiffs' production at that point, only then may it file a motion to compel with the Court. Such motions should be subject to the full briefing schedule imposed by the Court under Case Management Order No. 1.[1]

Finally, Plaintiffs should be permitted to sign an acknowledgment, declaration, or similar instrument affirming, under penalty of perjury, that a given Plaintiff conducted a diligent search for the documents previously identified in his/her deposition, but was unable to locate the documents. Any other procedure would render AstraZeneca's document production-related deposition questions as traps for the unwary. Under AstraZeneca's proposal, a Plaintiff surely will not realize that, if s/he testifies that she possesses documents that she is later unable to locate after the deposition, her case is then automatically subject to dismissal.

### 2. Eleventh Circuit Precedent Proscribes Imposition Of Death Penalty Sanctions As Proposed By AstraZeneca.

Finally, in this Circuit, a given Plaintiff's failure to produce documents on demand within a compressed time period is simply insufficient grounds to justify the "Draconian

---

[1]    Entering a general order that dismisses cases without a motion deprives individual Plaintiffs of their right to respond to the merits of Defendants' request for dismissal. Essentially, Defendants would be able to secure a dismissal any time they *contend* a Plaintiff has documents that have not been produced.

remedy of dismissal." *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir. 1982) (quoting *Marshall v. Segona*, 621 F.2d 763, 767 (5th Cir. 1980)) (internal quotation marks omitted).  "[A] dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (italicized emphasis in original); *see also World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (same); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (same); *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (same). "Findings satisfying both prongs of our standard are *essential* before dismissal with prejudice is appropriate."  *Betty K Agencies Ltd.*, 432 F.3d at 1339.   "[S]uch dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions *are unavailable*." *McKelvey*, 789 F.2d at 1520 (emphasis added).

In numerous cases, therefore, the Eleventh Circuit has excused parties' delays and ignorance of court orders because they did not rise beyond mere negligence to the level of "willful misconduct" or "contumacious conduct." *See, e.g., McKelvey*, 789 F.2d at 1520 (holding that plaintiff's failure to respond to show cause order requiring that plaintiff demonstrate why his case should not be dismissed for want of prosecution more than a year after the case had been filed was excusable, "simple negligence" because the record demonstrated that plaintiff's counsel *never received the show cause order from the court*); *see also Beckwith v. Bellsouth Telecomm. Inc.*, 146 Fed.Appx. 368, 370-71, 372-73 (11th Cir.

2005) (holding that district court abused its discretion by dismissing a *pro se* plaintiff's case with prejudice for failure to comply with court orders where, over the course of more than two years, plaintiff had been unable file a complaint that complied with the Federal Rules of Civil Procedure, despite numerous court orders to do so; "[w]e cannot say that Beckwith's failure to comply with the orders of the district court was a result of bad faith or willfulness"); *Mingo v. Sugar Cane Growers Co-op.*, 864 F.2d 101, 103 (11th Cir. 1989) (declaring an abuse of discretion the district court's finding that "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has [and] the circumstances of this case cry out for such a just, speedy, and inexpensive determination," where such language did not establish that "the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion.").

Here, no preliminary sanctions other than dismissal with prejudice have been proposed by Defendants.  Eleventh Circuit case law advises, however, that the premature imposition of death penalty sanctions is subject to reversal.  *See, e.g., McKelvey*, 789 F.2d at 1520.

Finally, as the Court is aware but undoubtedly weary from, Plaintiffs' individual discovery shortcomings pale in comparison to the massive discovery failures on the defense side of the aisle.  Plaintiffs should not be subject to more severe sanctions than AstraZeneca for failure to timely produce documents.  *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) ("[D]iscovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise[;] . . . compliance with the requirements of

Rule 26 is not merely aspirational.")  Sanctions imposed on Plaintiffs that are more severe than those put on AstraZeneca only serves to amplify the imbalance in the discovery process so far.  As Special Master Craig Ball recognized in his most recent report to the Court, Plaintiffs have been at the "short end of the discovery stick for so long."  (1st Status Report of Special Master Ball, October 26, 2007, at 2.)  Therefore, the Court should also refuse to adopt the relief sought in the Motion for the additional reason of the procedural history of this litigation and AstraZeneca's own sanctionable discovery conduct.  (Order of Aug. 21, 2007 (Doc. 393).)

## CONCLUSION

For all the foregoing reasons, the Court should DENY AstraZeneca's Motion.

Respectfully submitted

By:   /s/ K. Camp Bailey
     F. Kenneth Bailey Jr.
     K. Camp Bailey
     Fletcher V. Trammell
     Robert W. Cowan
     **BAILEY PERRIN BAILEY LLP**
     440 Louisiana St., Suite 2100
     Houston, Texas 77002
     (713) 425-7100 Telephone
     (713) 425-7101 Facsimile
     kbailey@bpblaw.com
     cbailey@bpblaw.com
     ftrammell@bpblaw.com
     rcowan@bpblaw.com
     **Co-Lead Attorneys for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 9th day of November, 2007, I electronically filed the foregoing: CERTAIN PLAINTIFFS' RESPONSE IN OPPOSITION AND INCORPORATED MEMORANDUM TO ASTRAZENECA'S MOTION TO COMPEL PLAINTIFFS WITH DOCUMENTS IN THEIR POSSESSION OR HAVE THEIR CASES DISMISSED WITH PREJUDICE with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/  Robert W. Cowan
Robert W. Cowan

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca*<br>*Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co.* |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimses@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co*. | attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St. | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895 |

| | |
|---|---|
| Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals LP* | Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca*<br>*Pharmaceuticals, LP* |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave. | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor |

| | |
|---|---|
| Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca*<br>*Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN  55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| | |

| John Hawkins | Donna Higdon |
|---|---|
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN  55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin | Marjorie Shickman<br>Dechert, LLP |

17

| | |
|---|---|
| 300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | 2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Mary J. Wrightinton |