## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:  Seroquel Products Liability Litigation

Case No. 6:06-md-1769

_____

This Document Relates to ALL CASES

_____

### ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

AstraZeneca is working diligently to satisfy numerous competing discovery

obligations in this litigation, and Plaintiffs' Motion is an unnecessary and wasteful distraction

from that effort.  To begin, Plaintiffs' Motion largely seeks documents that already have been

produced or currently are being processed for production, including many document

categories for which AstraZeneca has given Plaintiffs specific anticipated production dates.

Moreover, nearly every issue raised in Plaintiffs' Motion was addressed in a comprehensive

letter provided to counsel on October 23, 2007 – yet Plaintiffs' Motion is written almost as if

that letter never happened.  See Exhibit 10 to Plaintiffs' Motion (hereinafter Pl. Ex. _).  For

the handful of Plaintiffs' nearly 300 requests for which AstraZeneca is standing on its

objections, Plaintiffs make no showing as to why these objections should be overruled –

instead, they summarily state that they are entitled to the documents.  See Raffa v. Wachovia

Corp., 2003 WL 21517778, *3 (M.D. Fla., May 15, 2003) ("Once a relevancy objection has

been raised, the party seeking discovery must demonstrate that the request is within the scope

discovery.") (citation omitted).  Simply put, Plaintiffs' Motion should be denied.

Between May 25 and July 23, 2007, Plaintiffs served four sets of Requests for Production of Documents on AstraZeneca. These requests total **294** separate requests, including subparts. The majority of these requests seek "all" documents about a subject and encompass Seroquel's greater than ten-year life cycle. To locate and produce documents sought by Plaintiffs or establish the non-existence of certain requested documents, counsel for AstraZeneca has interviewed dozens of company employees to determine whether the requested documents existed, and, if so, where. This effort has been substantial and labor-intensive. Over the last several months and through today, AstraZeneca has responded to Plaintiffs' first four sets of Requests for Production by producing nearly 40,000 documents, containing almost 240,000 pages, over 230 pieces of multi-media material, and one native SAS file. To get these materials to Plaintiffs as quickly as possible, AstraZeneca has produced them on a rolling basis in more than a dozen productions.

Plaintiffs complain that AstraZeneca improperly limited its search in response to these requests to one or more databases, departmental files, archival files, or in the files of the individuals responsible for creating and/or storing such materials. It bears emphasis that the documents produced in response to these requests comprise a mere fraction of AstraZeneca's overall discovery efforts. AstraZeneca has produced the IND, NDA, and custodial files from approximately 100 AstraZeneca employees who had significant involvement with Seroquel. AstraZeneca is also preparing to produce documents and data in response to what it anticipates will be greater than 50 sets of Requests for Production of databases and database related materials. By qualifying its responses with the "central location" language, AstraZeneca was merely stating that it could not and would not interview every employee in the entire global company to determine whether that employee had

responsive documents. Without such parameters, AstraZeneca could never complete a reasonable investigation to locate responsive documents and certify substantial completion of its document production. It is impossible to search every ostensible "location" in the company, and not surprisingly, the Federal Rules of Civil Procedure do not require this kind of heroic effort. See Fed. R. Civ. P. 26(b)(2)(B); 26(b)(2)(C).

There have been numerous meet and confer sessions where AstraZeneca has sought to refine the scope of these expansive requests. On October 17, 2007, Plaintiffs' counsel sent an email to AstraZeneca's counsel listing outstanding Requests for Production. See Defendants' Exhibit A (hereinafter Def. Ex. __) (Oct. 17, 2007 email from H. Wheeler to K.Kerns). On October 23, 2007, counsel for AstraZeneca responded to the email with a detailed letter outlining the plan for the production of documents responsive to the majority of Plaintiffs' outstanding requests. See Pl. Ex. 10 (Oct. 23, 2007 letter from K. Kerns to H. Wheeler). That letter invited Plaintiffs' counsel to prioritize the timing of AstraZeneca's production of materials and asked for a meet and confer to discuss that issue. See id. at 10. Rather than respond, Plaintiffs ignored the letter and filed this Motion, even though many of the issues raised in this Motion were addressed in the letter.[1]

For the reasons described more fully below, because AstraZeneca has either satisfied or given a production date in response to the overwhelming majority of Plaintiffs' requests, and because AstraZeneca is standing on valid objections to the remaining six out of 294 requests, the Motion should be denied.

---

[1] AstraZeneca served its Amended Responses to Plaintiffs' Second Set of Requests for Production ("Marketing Requests") on October 23, 2007. See Pl. Ex. 5. Plaintiffs never met and conferred regarding these Amended Responses prior to filing this motion. See Fed. R. Civ. P. 37(a)(2)(B).

I.     **ASTRAZENECA IS NOT REQUIRED TO IDENTIFY BATES NUMBERS IN RESPONSE TO PLAINTIFFS' REQUESTS.**

Throughout their Motion, Plaintiffs complain that AstraZeneca failed to identify documents by their specific bates numbers in response to numerous requests, most of which sought Promotional Regulatory Affairs ("PRA") materials.  See Plaintiffs' Motion regarding Marketing Requests Nos. 5-7, 22, 29, 32-34, 45, 52-55, 57, Sales Requests Nos. 4-7, 10, 26-29, 33, and PRA Requests Nos. 3, 7, 8, and 10.  As an initial matter, the Federal Rules of Civil Procedure do not require a party to identify bates numbers in response to **any** requests for production.  See Fed. R. Civ. P. 34.  Rather, the Rules require that "a party who produces documents . . . shall produce them as they are kept in the usual course of business."  See Fed. R. Civ. P. 34(b)(i).  AstraZeneca agreed to go beyond its obligations and provided thousands of bates numbers references for 110 requests, including subparts.  By doing so, AstraZeneca has not assumed the obligation to identify bates numbers responsive to each and every request.

AstraZeneca did not agree to provide specific bates references for requests that sought PRA documents.  For such requests, AstraZeneca identified the complete PRA production by bates number – AZ/SER 10415651-10477612.  In addition, AstraZeneca provided a detailed index allowing Plaintiffs to identify PRA materials.  Specifically, pursuant to agreements reached during a meet and confer, AstraZeneca provided Plaintiffs with an ".mdb" (Microsoft Access) database reflecting Seroquel-specific eSTaR data on September 12, 2007.  See Def. Ex. B (Sept. 12, 2007 letter from J. Yeager to J. Jaffe).  The eSTaR data includes, among other things, the date that each piece was approved for use by AstraZeneca's sales representatives, and the dates such materials were actually utilized.  AstraZeneca also

provided to Plaintiffs searchable indices to the PRA production.  At the meet and confer, AstraZeneca specifically explained how to use the ".mdb" database and the indices to locate specific PRA materials within the production.  Plaintiffs' Motion completely ignores the fact that AstraZeneca produced this Microsoft Access database and PRA indices.  The information contained therein allows Plaintiffs to perform searches for specific documents and/or PRA identification numbers within AstraZeneca's PRA production.  Given the information already provided to Plaintiffs, the burden for pinpointing the specific bates ranges is no greater for Plaintiffs than for AstraZeneca.  Plaintiffs' request that AstraZeneca be required to provide even more information is simply make-work, has no basis in the Rules or case law, and should be denied.

## II.     PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION ("CLINICAL REQUESTS")

Plaintiffs' initial requests contained 159 separate requests, including subparts.  Many of these requests were vastly overbroad, such as Request 19, which sought "[a]ll e-mails and internal memorandum from current and former employees within the non-US business entities concerning Seroquel."  See Def. Ex. C at 9 (Plaintiffs' Request for Production of Documents).  Many of the requests were duplicative of one another.  Prior to responding to this first set of requests, the parties met and conferred.  As a result of this meet and confer, Plaintiffs withdrew over half of the original requests.  Seventy-six requests remained.

To date, AstraZeneca has fully responded to 61 requests, partially responded to 11 requests, and stood on objections to only one request.  AstraZeneca will fully respond to the outstanding requests by February 14, 2008.

1.  **Plaintiffs' challenges to AstraZeneca's Responses to the Clinical Requests are substantially resolved.**

Several of the issues raised by Plaintiffs are moot because AstraZeneca has produced responsive documents.  In fact, AstraZeneca produced documents responsive to three of the challenged requests more than four days prior to the filing of Plaintiffs' Motion. Specifically, on October 24, 2007, AstraZeneca produced documents responsive to Requests 5 and 6.  See Def. Ex. D (Oct. 24, 2007 letter from J. Yeager to J. Jaffe).[2]  Likewise, four days prior to the filing of Plaintiffs' Motion, AstraZeneca produced United States Leadership Team materials responsive to Request 10.  See Def. Ex. E (Oct. 26, 2007 letter from J. Yeager to J. Jaffe).  Plaintiffs' Motion makes no reference to these productions.

Since the filing of Plaintiffs' Motion, AstraZeneca produced Risk Benefit Team minutes and materials responsive to Requests 56 and 57 on November 5, 2007.  See Def. Ex. F (Nov. 5, 2007 letter from J. Yeager to J. Jaffe).  Similarly, Barry Arnold's custodial file, which contains documents responsive to Request 54, was produced on November 1, 2007. See Def. Ex. G (Nov. 1, 2007 letter from J. Yeager to J. Jaffe).  In addition to the bates numbers AstraZeneca identified in a July 25, 2007 email, see Def. Ex. H (July 25, 2007 email from K. Kerns to E. Blizzard), in response to Request 24, AstraZeneca produced the complete Study 125 clinical study report, including appendices, on November 12, 2007.  See Def. Ex. I (Nov. 12, 2007 letter from J. Yeager to J. Jaffe).  AstraZeneca also produced documents responsive to Request 39 on November 12, 2007.  Id.  AstraZeneca continues to produce documents.

---

[2] The production of Senior Executive Team ("SET") materials sought in requests 5, 6, and 7 was delayed due to European privacy laws.  AstraZeneca informed Plaintiffs of these privacy issues during meet and confers and elsewhere.

2. **Requests 7 and 59 – Communications between SET members and communications between attendees of Safety Evaluation Review Meetings (SERM) and pre-SERM meetings**

Requests 7 and 59 seek to expand the custodial production.  AstraZeneca already has produced a significant number of documents responsive to these requests because some of the approximately 100 custodians whose files have been produced are SET Member or SERM attendees.  Furthermore, as stated in counsel for AstraZeneca's October 23, 2007 letter, AstraZeneca is in the process of collecting and producing responsive communications, if any, from the remaining SET and SERM members.  See Pl. Ex. 10 at 2, 5.

3. **Requests 12, 13, 14, and 41– Foreign patient information sheets, Dear Doctor Letters, package inserts, and regulatory authority queries and responses**

Collection and production of materials regarding foreign regulatory authorities and foreign labeling is of dubious relevance, and collection and production of these materials is immensely burdensome compared to its minimal probative value.  Nevertheless, AstraZeneca agreed to produced documents for certain foreign countries (UK, Sweden, Netherlands, Australia, Japan, and Canada).  Plaintiffs now move to compel all foreign patient information sheets, Dear Doctor letters, package inserts, and correspondence with the local regulatory authority for each of the more than 80 countries where Seroquel is marketed throughout the world.  In their Motion, Plaintiffs do not articulate a single reason such materials are reasonably calculated to lead to the discovery of admissible evidence.

Counsel for the parties discussed these requests at a meet and confer session on June 28, 2007, and AstraZeneca offered to produce foreign patient information sheets, package inserts, and Dear Doctor letters for Sweden, Canada, the United Kingdom, Australia, and Japan, subject to Plaintiffs' right to later demand more.  AstraZeneca embodied this proposal

in a formal discovery response on July 5, 2007. See Pl. Ex. 2 at 13-15. Plaintiffs have not requested materials from additional countries since AstraZeneca served its Amended Responses. Even Plaintiffs' October 17, 2007 email regarding outstanding discovery does not argue that Plaintiffs were entitled to additional countries. See Def. Ex. A. Rather, this demand surfaced for the first time in this Motion, where Plaintiffs announced that AstraZeneca should be required to produce documents from "other" unspecified "countries."

In response to Requests 12 and 14 seeking patient information sheets and package inserts, the parties agree that AstraZeneca has produced responsive documents from the United Kingdom and Canada. Plaintiffs incorrectly state that they have not received documents from Sweden. Plaintiffs' Motion at 7. Responsive documents from Sweden were produced on October 26, 2007. See Def. Ex. E. AstraZeneca also has produced final package inserts for Japan and Australia. See Def. Ex. E; Def. Ex. J (Oct. 5, 2007 letter from J. Yeager to J. Jaffe). AstraZeneca is working with the Australian and Japanese marketing companies to collect patient information sheets and will produce them by February 14, 2008. To the extent that Request 14 also seeks drafts of these documents, AstraZeneca never agreed to produce drafts. See Pl. Ex. 10 at 3.

In response to Request 13, AstraZeneca has produced Dear Doctor letters for Canada and Japan. AstraZeneca recently received a responsive document for Australia and is processing the document for production. AstraZeneca has concluded that no responsive documents from Sweden exist.

In response to Request 41, AstraZeneca agreed to produce responsive materials for the Netherlands, Australia, the United Kingdom, Japan, and Sweden. In fact, AstraZeneca produced responsive documents for the United Kingdom on October 26, 2007, and

responsive documents for the Netherlands and Japan on November 12, 2007.  See Def. Exs. E; I.  AstraZeneca will produce responsive documents from the other countries listed above by February 14, 2008.

Given the significant quantity of foreign Seroquel information that AstraZeneca has agreed to produce, Plaintiffs should be limited from seeking information from other countries absent a showing that the relevance of such information outweighs the burden of producing it.  Plaintiffs have not articulated a single reason why foreign regulatory discovery should go further in this case, which is comprised of US Plaintiffs.   The Federal Rules of Civil Procedure grant the court discretion to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C)(iii); see Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001) (undue burden to permit discovery when similar information has been produced).

### 4.  Request 42 – Marketing company queries and responses

As stated in AstraZeneca's October 23rd letter, AstraZeneca will produce responsive documents by November 15, 2007.  See id.  Specifically, on November 12, 2007, AstraZeneca produced some responsive documents.  See Def. Ex. I.  AstraZeneca will produce additional responsive documents by November 15, 2007.

### 5.  Request 66 – Agency Contacts (FDA) for Seroquel, not yet provided in the IND or NDA.

AstraZeneca has already produced Agency Contacts in its IND/NDA production.  AstraZeneca will produce additional responsive documents by February 14, 2008.

6.  **Request 23 – All internal and external communications, including emails regarding protocols for clinical study 125.**

AstraZeneca's custodial, IND/NDA, and published submission file share productions contain a significant number of documents responsive to this broad request. As explained in Section I above, AstraZeneca is not required to identify bates numbers. Plaintiffs have not identified any categories of materials that they believe to be missing from these productions. Instead, Plaintiffs merely seek an order compelling AstraZeneca to search and produce documents, and this request should be denied. See Tolliver v. Fed. Republic of Nigeria, 265 F.Supp.2d 873, 880 (W.D. Mich.2003) ("mere hope that additional discovery may give rise to winning evidence does not warrant the authorization of wide-ranging fishing expeditions") (citation omitted). As explained above, it is impossible to search every ostensible "location" in the company, and the Federal Rules of Civil Procedure do not require this kind of heroic effort. See Fed. R. Civ. P. 26(b)(2)(B); 26(b)(2)(C).

7.  **Request 58 – Communications between members of the Benefit/Risk Team from the time Seroquel was introduced to the market to the present.**

Some of the members of the Risk Benefit Team are included within the approximately 100 custodians whose files have been produced. Communications among team members are not maintained in a central file, and it is an undue burden for AstraZeneca to identify and search the files of each and every individual team member over the years for each and every possible communication. See Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 187 (1st Cir. 1989) ("They ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up.").

10

### 8.   Request 67 – Notes regarding contacts with any foreign regulatory authority about Seroquel

Notes were not withheld from the custodial production.  To the extent that any of the approximately 100 custodians' files contained "notes" regarding contacts with foreign regulatory authorities, those notes have been produced.

Beyond that, this request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  AstraZeneca has asserted these objections and others since its initial responses to these requests.  This Motion is the first time that Plaintiffs challenge these objections.  Although Plaintiffs' Motion on this issue is improper as there has been no meet and confer, AstraZeneca further responds that Seroquel is marketed in more than 80 countries and it is unduly burdensome for AstraZeneca to search the files throughout the company for notes.  Plaintiffs' Motion cites the legal standard for relevance but does not articulate a single reason that such "notes" are relevant. See Mack, 871 F.2d at 187.

### 9.   Request 75 – UK Marketing Authorization Applications

AstraZeneca has stood on its objection to produce the UK Marketing Authorization Applications since its initial responses, and Plaintiffs never met and conferred regarding these objections.  Plaintiffs now contend that this request seeks a "narrow category of documents."  In fact, the UK Marketing Authorization Applications are the UK equivalent of the IND/NDA, which would consist of tens of thousands of pages.  This request is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  In their Motion, Plaintiffs do not assert any facts showing that this request seeks information that is relevant or likely to lead to admissible evidence.  Plaintiffs

have not made any showing that the UK Marketing Authorization Applications are in any way relevant to products liability suits brought in the United States.  See Raffa, 2003 WL 21517778 at *3.

### 10.  Request 34 – Justification Documents concerning Seroquel label changes

AstraZeneca produced "Justification Documents" concerning changes to the Seroquel Core Data Sheet in response to Request 35.  Other "Justification Documents" were not prepared for changes to the US or foreign Seroquel labels.

## III.   PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION ("MARKETING REQUESTS")

Plaintiffs made a total of 160 Marketing Requests, including subparts.  Plaintiffs asked for some categories of documents that, as AstraZeneca has learned after substantial investigation, do not exist at AstraZeneca.  See, e.g., Request 1(s) – Marketing Counsel. Plaintiffs' Request Nos. 1 through 3 sought minutes and agendas for 41 "teams."  See Def. Ex. K at 6-7 (Plaintiffs' Marketing Requests served on June 26, 2007).  Only 17 of the requested 41 "teams" were teams that had minutes and agendas.  Fifteen of the 41 "teams" did not exist at AstraZeneca at all.

Plaintiffs also misidentified categories of documents.  AstraZeneca learned that categories had been misidentified after undertaking significant investigation and needed to reorganize its search efforts to find the documents as correctly named.

As with the other sets of Requests, Plaintiffs' Motion with respect to the Marketing Requests essentially complains about documents that have already been produced or which AstraZeneca has already agreed to produce.  In response to the non-"team" related requests, AstraZeneca has identified for Plaintiffs 1,428 custodial file bates numbers for documents

already produced to Plaintiffs. AstraZeneca has completed 82 of 117 of the non-team related requests. AstraZeneca will complete its response to the remaining requests by February 14, 2008.

1. **Plaintiffs' Motion raises issues that were previously resolved and raises issues about which the parties never met and conferred.**

In this Motion to Compel, Plaintiffs raise issues for the very first time and raise issues that had been previously resolved. For example, Plaintiffs take issue for the first time with AstraZeneca's objection to producing notes for the 41 "teams" listed in Request 1. Over three months ago when serving its Responses, AstraZeneca objected to Plaintiffs' request for notes as overly broad and unduly burdensome. See Pl. Ex. 4 at 6-23. AstraZeneca stands on this objection because identifying and locating notes for these potentially hundreds of team members would be an undue burden and would effectively undo the concept of a custodial production. Additionally, notes were not withheld from the custodial production, and Plaintiffs are free to search the custodial files for such documents. During meet and confers and e-mail exchanges, Plaintiffs never challenged AstraZeneca's objection to collecting notes. See, e.g. Def. Ex. L (Aug. 17, 2007 email from H.Wheeler discussing minutes but not notes). Since the parties have not conferred on this issue as required by Rule 37(a)(2)(B), Plaintiffs cannot raise the issue now for the first time.

Plaintiffs' Motion also seeks to compel production of "[a]ll communications between team members" for the 41 "teams." AstraZeneca consistently has objected to this request because communications among team members are not maintained in a central file, and it would be an undue burden for AstraZeneca to identify and search the files of each individual team member. See Pl. Ex. 4 at 23-24; Pl. Ex. 5 at 29-30. AstraZeneca also stated in its

Responses that after Plaintiffs receive and review the team minutes, AstraZeneca will consider reasonable requests to search additional custodial files for communications among team members. See id. Plaintiffs have made no such requests, and, prior to the instant Motion, never questioned AstraZeneca's response.

### 2. Team-related responses

AstraZeneca has identified 405 custodial bates numbers for responsive minutes and agendas already produced to Plaintiffs. See Pl. Ex. 5 at 6-29. AstraZeneca has produced minutes and agendas for four teams in response to these requests, and it will produce by February 14, 2008, additional responsive documents for six teams.

Plaintiffs move to compel the production of documents for nine teams. AstraZeneca has identified a total of 226 custodial bates numbers for the nine teams that are the subject of this Motion. AstraZeneca produced documents responsive to three of the nine teams upon which Plaintiffs move – 1(nn) – U.S. Product Team on September 14, 2007; 1(dd) – Seroquel Value Team on November 7, 2007; and 1(f) – Consumer Marketing Team on November 12, 2007. See Def. Ex. M (Sept. 14, 2007 letter from J. Yeager to J. Jaffe); Def. Ex. N (Nov. 7, 2007 letter from J. Yeager to J. Jaffe; Def. Ex. I. As stated in its Amended Responses, AstraZeneca is processing for production additional documents responsive to Request 1(c) – Bipolar Execution and Strategy Team; 1(d) Brand and Portfolio Management Team; 1(y) – Publications Delivery Team; and 1(ll) U.S. Communications Team. Pl. Ex. 5 at 7-9, 18-19, 25-27. AstraZeneca will produce the remaining materials by February 14, 2008. To the extent that additional documents exist for 1(jj) – Therapeutic Area Leadership Team and 1(nn) – U.S. Product Team, they too will be produced by February 14, 2008.

AstraZeneca provided bates numbers from the custodial production in response to Request 1(w) – Professional Communications Team.  See Pl. Ex. 5 at 17-18.  After reasonable investigation, AstraZeneca has been unable to locate additional responsive documents.

### 3.  Request 23 – AstraZeneca University course materials related to Seroquel

In its Amended Responses, AstraZeneca stated that it will produce responsive materials.  See Pl. Ex. 5 at 47.  Most, if not all responsive materials, have been produced in AstraZeneca's PRA production.  To the extent that additional responsive documents exist, AstraZeneca will produce them by February 14, 2008.

### 4.  Request 26 – Documents relating to Project JANUS

AstraZeneca identified 224 custodial file bates numbers for responsive documents already produced to Plaintiffs.  See Pl. Ex. 5 at 48-52.  After reasonable investigation, AstraZeneca has been unable to locate documents responsive to subparts (b) or (l). Documents responsive to subpart (j) are in AstraZeneca's PRA production.  AstraZeneca's investigation of Project JANUS documents is ongoing, and it will produce any additional responsive documents, to the extent they exist, by February 14, 2008.

### 5.  Request 28 – U.S. Communications Team Publications Booklet

In its Amended Response, AstraZeneca identified two custodial bates numbers for the U.S. Communications Team Publications booklet.  See Pl. Ex. 5 at 53.  In addition, AstraZeneca is processing for production one additional U.S. Communications Team Publications booklet, which it will produce by February 14, 2008.

6. **Requests 31 and 36 – Spreadsheet of Seroquel speakers used by AstraZeneca and payments for Seroquel speakers**

AstraZeneca produced spreadsheets reflecting Seroquel speakers and payments to those speakers on October 24, 2007, and in its Amended Responses, AstraZeneca identified bates numbers for those documents. See Def. Ex. D; Pl. Ex. 5 at 56, 59. To the extent that additional that additional Seroquel speaker names and payments information exists, AstraZeneca will produce them by February 14, 2008.

7. **Request 35 – Audio recordings of Seroquel speakers**

AstraZeneca will produce audio recordings of Seroquel speakers by February 14, 2008.

8. **Request 38 – Newsletters related to Seroquel**

In response to this request, AstraZeneca: (1) identified 179 custodial bates numbers for Seroquel-related newsletters already produced to Plaintiffs; (2) referred to AstraZeneca's PRA production; (3) stated that additional electronic newsletters may be found through Sales InSite, which is currently subject to the database meet and confer process; and (4) stated that it was processing for production additional responsive documents. See Pl. Ex. 5 at 60-63. As stated in its Amended Responses, AstraZeneca will produce non-privileged responsive documents from Sales InSite in accordance with the meet and confer process.[3]

9. **Request 46 – Seroquel Town Hall meeting agendas and presentations**

AstraZeneca's Amended Responses identified nine custodial bates numbers for responsive documents already produced to Plaintiffs. See Pl. Ex. 5 at 71-72. Additional responsive documents were produced on November 7, 2007. See Def. Ex. N.

---

[3] On November 6, 2007, Plaintiffs served their 11th Request for Production of Documents seeking "[a]ll relevant Seroquel and Seroquel related data from Sales InSite." See Def. Ex. O at 7.

**10. AstraZeneca's Responses to the remaining marketing requests raised by Plaintiffs.**

AstraZeneca will produce by November 15, 2007 Professional Information Request ("PIR") Standard Responses, which are responsive to Request 4(b).  AstraZeneca will produce documents responsive to the following requests by February 14, 2008:  4 – Annual Business Updates and Rolling Business Updates; 9 – Operational plans; 10 – Publication Plans; 11 – Communication Plans; 15 – Target Product Profiles; 21 – Marketing and Sales Business Policies and Guidelines Manual updates; 24 – AstraZeneca Academy course materials; 32 – Speaker training materials; 37 – Speaker evaluation forms; 44 – Advisory Board policies; and 47 – Documents sufficient to reflect the formation of MEGO.

To the extent such documents exist in one or more databases, departmental files, archival files, or the files of the individual responsible for creating and/or storing such materials, AstraZeneca will also produce by February 14, 2008 documents responsive to Request 4 – Seroquel Product Strategic Plans; Request 4(f) – Seroquel media plans; Request 12 – Brand Strategy Summaries; and Request 18 – Seroquel Hotline transcriptions.

## IV.   PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION ("SALES REQUESTS")

AstraZeneca has fully responded to 28 of the 33 requests made in Plaintiffs' Sales Requests which were served July 6, 2007.  Thirty of Plaintiffs' Sales Requests cover the entire life cycle of Seroquel.  AstraZeneca has also provided Plaintiffs with the custodial bates numbers of 460 documents responsive to these 28 requests.  AstraZeneca met and conferred with Plaintiffs regarding the Sales Requests on August 17, 2007 and has continued to produce documents on a rolling basis.

17

AstraZeneca addresses individually the three outstanding requests upon which Plaintiffs move.

### 1. Request 4 - Voicemails and transcripts left for pharmaceutical sales specialists regarding Seroquel

AstraZeneca responded to this request by: (1) providing custodial bates numbers referencing responsive voicemails and transcripts; (2) referring to its PRA production, which also contains responsive voicemails and transcripts; and (3) stating that it would produce additional materials.  See Pl. Ex. 7 at 7-8.  AstraZeneca will produce these documents by February 14, 2008.

### 2. Request 9 - Signed government employee/service provider forms

In its Amended Response dated October 11, 2007, AstraZeneca stated that it had located responsive documents and would produce them.  AstraZeneca extracted signed Government Employee/Service Provider forms from the LBX database and produced them to Plaintiffs on November 12, 2007.  See Def. Ex. I.  AstraZeneca will produce additional responsive documents by February 14, 2008.

### 3. Request 17 - Form letters and responsive documents sent to healthcare providers following the submission of a Professional Information Request

AstraZeneca has provided Plaintiffs with 154 custodial bates numbers for responsive documents already produced to them.  See Pl. Ex. 7 at 14-16.  In its Amended Response dated October 11, 2007, AstraZeneca also stated that it had located additional materials.  AstraZeneca has extracted Standard Responses to Professional Information Requests from the Paris and Webstir databases and will produce these materials by November 15, 2007.

## V.    PLAINTIFFS' FOURTH REQUESTS FOR PRODUCTION ("PRA REQUESTS")

Plaintiffs' Fourth Request for Production of Documents propounded 23 requests, including subparts.  These requests seek documents and materials regarding AstraZeneca's promotional regulatory affairs ("PRA") over the more than ten-year history of Seroquel.  Over the course of that time, terminology, technology, and personnel have evolved.

The issues raised by Plaintiffs' Motion were addressed in the October 23, 2007 letter from AstraZeneca's counsel.  See Pl. Ex. 10.

### 1.   Request 6 – Communications sent to Pharmaceutical Sales Specialists instructing them to cease use of promotional items

As stated in the October 23 letter, AstraZeneca has yet to locate responsive documents.  Id. at 8-9.  AstraZeneca continues to search for responsive documents and, to the extent these materials are located, AstraZeneca will produce them to Plaintiffs by February 14, 2008.

### 2.   Request 12 – U.S. PRA Guidance for Speaker/Facilitator Training Needs

AstraZeneca produced these documents on November 8, 2007.  See Def Ex. P (Nov. 8, 2007 letter from J. Yeager to J. Jaffe).

### 3.   Request 9 – Principles of Prescription Drug Promotion

Plaintiffs move for an *in camera* review of the AstraZeneca's Principles of Drug Promotion.  AstraZeneca has asserted that this document is protected from disclosure by the attorney-client privilege.  Plaintiffs do not attempt to challenge the validity of this privilege objection, but rather merely assert that the document is "obviously relevant" and concerns an issue that is "a principle part of this litigation."  See Plaintiffs' Motion at 25.  This argument

is not sufficient to overcome the privilege associated with attorney-client communications, nor does it create grounds to justify an *in camera* review.

## VI.    CONCLUSION

Plaintiffs should not have filed the instant Motion.  Most of the issues raised in Plaintiffs' Motion have been resolved or are in the process of being resolved, and are therefore moot.  For the few requests for which AstraZeneca is withholding documents based on objections, for example, Clinical Request 75 and PRA Request 9, those objections should be upheld, and the Motion should be denied.

In the alternative, based on AstraZeneca's detailed plan for production set forth herein, and in prior responses, letters, and emails, AstraZeneca asks that this Court defer ruling on this Motion until after the February 14, 2008 date by which AstraZeneca will complete its productions of documents responsive to Plaintiffs' first four sets of Requests for Production.

Respectfully submitted on this the 12th day of November, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
Kevin T. Kerns
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 12th of November, 2007, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that the

foregoing document and the notice of electronic filing was served on Plaintiffs' Liaison

Counsel in accordance with CMO No. 1.


/s/ Colleen Casey Voshell

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>**Attorney for Defendants AstraZeneca**<br>**Pharmaceuticals, LP, and AstraZeneca LP** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**Attorney for Defendant,**<br>**Marguerite Devon French** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>**Pro Se** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>**Pro Se** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>**Pro Se** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>**Pro Se** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>**Attorneys for Defendants Janssen**<br>**Pharmaceutical Products and Johnson &**<br>**Johnson Co.** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>**Attorneys for Defendants AstraZeneca LP**<br>**and AstraZeneca Pharmaceuticals, LP** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |