# EXHIBIT L

## Voshell, Colleen Casey

**From:** Holly Wheeler [hwheeler@blizzardlaw.com]
**Sent:** Friday, August 17, 2007 5:29 PM
**To:** McConnell, Stephen; Kerns, Kevin; Voshell, Colleen Casey
**Cc:** Edward Blizzard
**Subject:** Yesterday's Meet and Confer

Steve, Kevin and Colleen:

Thank you for speaking with us yesterday. Below is my understanding of our agreements and disagreements regarding our first 3 sets of requests for production. If I have left anything out or have misstated your position, please let me know. We understand that everything addressed below is subject to your objections.

First Requests for Production:

We identified several requests to which you responded that documents would be produced. As of yesterday, we had not received those documents or bates ranges. The requests I am referring to are RFP Nos. 2, 5, 6, 12-14, 20, 23, 25, 30, 34-36, 39, 41, 45, 47-49, 54-57, 60, 65, 66, 68, 71-74 and 76.

RFP Nos. 12-14 seek patient information sheets, Dear Doctor letters, and package inserts disseminated in foreign countries. With respect to this requests, you indicated as follows:

- Documents from UK and Canada are currently being processed and you hope to get those documents to us in the next week to 10 days;

- Documents from Sweden are being sent to you;

- You are still working on obtaining documents from Australia; and

- Japanese documents are held by a third party over whom you have no control.

In response to RFP No. 41, AstraZeneca indicated their willingness to produce all regulatory authority queries and responses for the United States. We pointed out that the request was not limited to the United States. You indicated that it would be overly burdensome to locate such queries and responses in certain foreign countries. You further indicated that you would let us know today which foreign country documents are stored in the GEL database. Once we receive this information, we will determine whether it will be necessary to go to the court to address the foreign document production.

As also discussed, we received Kevin's email of July 25th identifying by bates numbers documents responsive to RFP Nos. 1, 4, 8, 11, 15, 21, 22, 24, 31, 40, 46. We are in the process of reviewing these documents and will let you know if we identify any deficiencies. With respect to RFP No. 31, we believe your identification of a single European Patient Risk Management (AZ/SER 7346505) for Seroquel may be deficient. Further, according to Kevin's

11/12/2007

email, you still owe us identifications for RFP Nos. 42, 51, 53 and 69. You have agreed to look into these issues.

With respect to RFP Nos. 7, 10, 21-22, 30, 37-38, 42, 44, 50, 52, 58, 59, 61-5, and 69, you responded that responsive document may be produced after additional inquiries/searches. Since that time, we have received letters from McCarter English identifying bates ranges responsive to RFP Nos. 10, 59 and 64. We are in the process of reviewing these documents and will let you know if we identify any deficiencies. We have not received any further information about the other listed RFPs. We requested that you indicate in a supplemental or amended response that such searches/inquiries were performed and identify by bates number any responsive documents or indicate that no responsive documents were located. We agreed AZ would amend or supplement their responses once all issues were addressed so to avoid multiple amendments/supplements.

In Kevin's July 24th email, we were told that certain documents would be provided to us by August 7th. You indicated that McCarter English should have these documents and you will follow up with them.

Second Request for Production (Marketing):

As we discussed, many of your responses to these RFPs suggest responsive documents will be produced "to the extent they exist in a central location." These include RFP Nos. 1(a), 1(d), 1(e), 1(f), 1(g), 1(h), 1(n), 1(t), 1(w), 1(y), 1(z), 1(cc), 1(dd), 1(ii), 1(jj), 1(kk), 1(mm), 1(nn), 1(oo), 2, 4, 10, 11, 12, 15, 16, 18, 23, 24, 28, 32, 37, 39, 42, 43, 46, 53, 54, 56, 57, and 59. While we agree this may be an appropriate response for meeting minutes requested in RFP 1, we do not agree it is appropriate for the remaining requests which seek, *for example*, materials related to Seroquel marketing campaigns (4), Publication Plans for Seroquel (10), Communication Plans for Seroquel (11), Brand Strategic Summaries (12), and training materials (32). We cannot agree to a production of these documents only if they exists in some undefined central location. This language does not offer us any assurances that a thorough search has been performed for these documents. This is an issue we will need to address with the court.

We did not discuss RFP Nos. 18, 29, 39, and 40 to which you responded that bates numbers or deposition exhibit numbers will be identified. Please provide this information.

With respect to RFP Nos. 4, 5, 6, 7, 21, 29, 33, 34, 45, 50, 52, 53, 54, 55, 56, 57, 59, to which you responded that responsive documents will be included in the PRA production, we may have to revisit this issue once we have had an opportunity to review the PRA production.

Third Request for Production (Sales):

We see the same problem with the "to the extent they exist in a central location" in response to RFP Nos. 9, 17, 18, 24, 25, 30. In addition, in response to RFP Nos. 4, 11, 18, 20, 23, 31, 32, 33, you indicate that you are unaware of any responsive documents existing in a central location. This language is problematic for the same reasons. We have no way of knowing whether a sufficient search was made for these documents. Unless this language is removed and we are assured that a through search has been complete, we will have to address this issue with the court.

11/12/2007

With respect to RFP Nos. 4, 5, 6, 7, 10, 26, 27, 28, 29, 33, to which you responded that responsive documents will be included in the PRA production, we may have to revisit this issue once we have had an opportunity to review the PRA production.

Finally, you indicated that PRA materials ordered by the court would be produced yesterday or today along with a searchable index that will allow us to more easily locate materials used with the specific physicians. We expect the index to comply with the Court's August 3 order.

Please let me know if any part of this email does not accurately set forth our agreements and conversations during the meet and confer. If you wish to further discuss any of these issues, please let us know.

Have a nice weekend.

**Holly M. Wheeler**

440 Louisiana, Suite 1710

Houston, Texas 77002

(713) 844-3750

(713) 844-3755

www.blizzardlaw.com

11/12/2007