# EXHIBIT O

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation | Case No. 6:06-md-01769-ACC-DAB |
| MDL Docket No. 1769 | **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS #11** |
| DOCUMENT RELATES TO ALL CASES | |

Pursuant to F.R.C.P. 34, plaintiffs' request that defendants AstraZeneca Pharmaceuticals LP, and AstraZeneca LP and any other responding entities both foreign or domestic, within 30 days after the service of Plaintiffs' Request for Production of Documents, dated on November 6, 2007, serve written responses to the following Plaintiffs' Request for Production of Documents and produce the documents and things herein described at the law offices of Weitz & Luxenberg, 180 Maiden Lane, New York, NY 10038.

## INSTRUCTIONS

1.      In responding to this Request, you are required to produce all documents known or reasonably available to you, regardless of whether such documents are in your possession, custody, or control or in the possession, custody, or control of your agents, consignees, representatives or investigators, or your attorneys or their agents, employees, representatives, or investigators.

- 1 -

2.    If any of the documents or information requested cannot be produced in full, please specify, to the extent possible, the reasons for your inability to produce the remainder, and the approximate date when you expect to produce such documents, if at all. In the event that responsive documents or information requested herein have already been produced, identify the location of such documents by specific Bates Number and identify the previous Custodial Files or other document productions where said documents or information can be found.

3.    With respect to any document that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, please provide the following information separately as to each such document:

(a)    A general description of the subject matter, author, recipient(s), date;

(b)    The identity of each person who has received a copy or had an opportunity to receive a copy;

(c)    The last custodian of the document or copies thereof;

(d)    The full particulars or circumstances whereby the document was disposed of, destroyed, or otherwise lost;

(e)    Copies of any document destruction intructions or directives; and

(f)    Copies of any document destruction acknowledgement forms or receipts for the destruction of documents.

4.    With respect to any documents that have been deemed privileged or otherwise protected information or materials, you must provide the following information

in a written response, designating and identifying those documents or information withheld from production on grounds of privilege:

    (a)    The reason for withholding the document or information;

    (b)    A statement of the legal basis for the claim of privilege, work product or other ground for non-disclosure;

    (c)    A brief description of the document, including:

        a.    The date of the document;

        b.    The number of pages, attachments and appendices; and

        c.    The name(s) of its author(s) or preparer(s) and identification by employment and title of each such person.

    (d)    The name of each person who sent, received, was copied on, or had custody of the document, together with an identification of each such person;

    (e)    The present custodian; and,

    (f)    The subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation, in sufficient detail to enable the Court to determine the propriety of any claim of privilege.

5.    All documents produced in response to this request shall be either:

    (a)    Organized and labeled to correspond with the number of the specific demand to which the documents are responsive, or

      (b)    Produced in the order and in the manner that they are kept in the usual course of business.

6.    All documents requested shall include all documents and information that relate in whole or in part to the relevant time period, or to events or circumstances during such relevant time period, even though dated, prepared, generated or received prior to the relevant time period.

7.    All documents should be produced in the form or forms in which the information is ordinarily maintained or in a resonably usable form, and will include all reasonably accessible metadata, and shall enable the receiving party to have the same ability to access, search, and display the information as the producing party.

8.    Produce all data in Normalized form unless infeasible in which case Plaintiffs' request AstraZeneca to maintain Normalization to the degree possible. Plaintiffs will accept the following formats in order of feasibility whereby the format produced does not result in the loss of data due to the limitations of the format, for instance the individual cells of an Excel spreadsheet are limited to 255 characters and thus inappropriate for a longer field.

      (a)    XML with accompanying schema

      (b)    Microsoft SQL database

      (c)    Access database

      (d)    Set of separated value files

9.    All redactions shall be printed in TIFF format, Bated, with an accompanying OCR, metadata (indicating redaction reason) and load file. The value of any field redacted should be changed to REDACTED: <BATES NUMBER>.

10.     All fields removed for privilege shall have their value changed to PRIVILIGED: <REASON>.

11.     This Notice and Request imposes a continuing obligation upon you.  If, after producing documents or information responsive to this request, additional information or documents become available to you, you are required to produce such additional documents or information.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.     "Documents" includes documents within the meaning of F.R.C.P. 34 as amended effective December 1, 2006, and particularly includes "electronically stored information."

2.     "Related to" and "relating to" means constituting, pertaining to, in connection with, reflecting, respecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in part of whole.

3.     "Communications" means any manner or method in which information is passed from one human being or entity to another including (but not limited to) any written, oral or electronic contact, and/or discussion or exchange of information.

4.     "Person" shall include an individual or entity, other than attorneys.

- 5 -

5.      "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address and phone number, and when referring to a natural person, additionally, the present or last known place of employment.

6.      "Seroquel" means the antipsychotic drug quetiapine fumarate, in any form, including (but not limited to) the medication marketed in the U.S and any foreign county by any AstraZeneca entity and sold under the brand names Seroquel, and any predecessor or non-final derivation of the drug.

7.      "Antipyschotics" means any of the class of drugs or neuroleptics used for the treatment of the symptoms of psychoses including schizophrenia, bipolar mania or disorder, and other similar mental ailments and conditions.

8.      "Atypical antipyschotics" means any of the class of drugs approved for the treatment of schizophrenia and Bipolar I that are primarily active on dopamine 2 receptors and ratio of serotonin (5-HT) receptor binding. Included, in this definition are the drugs Seroquel, Abilify (aripiprazole), Clozaril (clozapine), Risperdal (risperidone), Zyprexa (Olanzapine), and Geodon (ziprasidone).

9.      "Or" and "and" will be used interchangeably.

10.      Unless otherwise indicated, the "relevant period" for the information sought is 1986 to the present.

11.      "You," "your," or "Astrazeneca" refers to Defendants Astrazeneca Pharmaceuticals LP, Astrazeneca LP, AstraZeneca PLC, AstraZeneca AB and AstraZeneca UK Limited as well as all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities

affiliated with, Astrazeneca Pharmaceuticals LP, Astrazeneca LP, AstraZeneca PLC, AstraZeneca AB, and AstraZeneca UK Limited and any other named Defendants in this lawsuit foreign and domestic. The terms "you" or "your" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or other representatives. The terms "you" or "your" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

12.    "Injuries" shall refer to the development and/or exacerbation of endocrine or metabolic conditions or disorders, including pancreatitis, hyperprolactinemia, weight gain, and any and all diabetes-related symptoms or injuries including (without limitation) diabetes, diabetes mellitus, insulin dependent diabetes mellitus (IDDM), non-insulin dependent diabetes mellitus (NIDDM), type I diabetes, type II diabetes, hyperglycemia, glucose dysregulation, ketoacidosis, diabetic coma, and death.

13.    "Warning" shall mean a statement advising plaintiffs and their treating physicians of an association between the use of SEROQUEL and the incidence of injuries.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All relevant Seroquel and Seroquel related data from Sales InSite including the tables and fields identified below, but not limited to those fields specified should either the producing party know of any other highly relevant data or the fields and tables specified have been superimposed with another data structure that stores its schema within the rows and data of the database itself as is the case with a Documentum

database. In addition, plaintiffs' request AstraZeneca provide screen shots of Sales InSite

user interface.

2.     Plaintiffs' request the following tables and fields including any and all

lookup table values stored in other tables in the database necessary to decipher codes and

currently employed by AstraZeneca to do the same.

        a.      **Announcement**
- i.    Announcement
- ii.    AnnouncementAttachment
- iii.    AnnouncementProduct
- iv.    AnnouncementDiseaseState
- v.    AnnouncementSyncronization

        b.      **Sales Insight Reporting**
- i.    WEB_SALES_REPORTS
- ii.    RPT_CATEGORIES_CTBL
- iii.    RPT_CAT_TYPE_REL_CTBL
- iv.    RPT_SYNCHRONIZATIONS
- v.    RPT_OPTIONS_CTBL
- vi.    RPT_JOB_AIDS_CTBL

        c.      **Promotional Ordering Enhancement**
- i.    COMPASS_EMPLOYEE_APPENDIX
- ii.    PROMO_TEAM_TOPIC
- iii.    TEAM_MARKET
- iv.    BRAND
- v.    COMPASS_IES_ITEM
- vi.    PROMO_ITEM_ACCESS

        d.      **Sales Insight Alerts**
- i.    ALERT_PROCESSING
- ii.    ALERTS
- iii.    ALERTS_SUBJECT_CTBL

Plaintiffs' reserve the right to make additional requests for production of documents upon further review of the documents provided and upon completion of depositions of defendants.

Dated:  New York, New York
November 6, 2007.

PLAINTIFFS' STEERING COMMITTEE

By:      /s/ Michael E Pederson
Michael E. Pederson
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038

Camp Bailey
*Plaintiffs' Co-Lead Counsel*
Bailey, Perrin, Bailey, LLP
The Lyric Center
440 Louisiana, Suite 2100
Houton, Texas 77002

Larry Roth
*Plaintiffs' Liaison Counsel*
Law Offices of Larry M. Roth, P.A.
1615 Edgewater Drive, Suite 1801
Orlando, Florida 32804

- 9 -

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2007, that I e-mailed the foregoing request for production of documents to the Defendants, along with a copy by e-mail to all participants in the CM/ECF system, and that I mailed the foregoing document by First Class Mail to the non-CM/ECF participants listed on the attached service list.

PLAINTIFFS' STEERING COMMITTEE

By:     /s/ Michael E. Pederson
        Michael E. Pederson
        WEITZ & LUXENBERG, P.C.
        180 Maiden Lane
        New York, NY 10038