SONNENSCHEIN NATH & ROSENTHAL LLP
Rachel G. Balaban (RB8472)
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
Fax: (212) 768-6800
*Attorneys for Non-Parties Klemtner Advertising, Inc.
and Saatchi & Saatchi Healthcare*



DOC # 545

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SUBPOENAS SERVED ON HARRIS INTERACTIVE, INC. KLEMTNER ADVERTISING, INC. SAATCHI & SAATCHI HEALTHCARE, AND EDELMAN | Misc. Action No. M8-85 |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION THIS RELATES TO: ALL CASES | MDL 1769 |

FILED
2007 OCT -5 PM12: 42
U.S. DISTRICT COURT
S.D. OF N.Y.

## NOTICE OF NON-PARTIES KLEMTNER ADVERTISING, INC. AND SAATCHI & SAATCHI HEALTHCARE'S MOTION TO QUASH PLAINTIFFS' SUBPOENAS AND FOR A PROTECTIVE ORDER

PLEASE TAKE NOTICE that, upon the accompanying Affidavit of Rachel G. Balaban,

sworn to on October 5, 2007, and the exhibits attached thereto, and the Memorandum of Law In

Support of Non-Parties Klemtner Advertising, Inc. and Saatchi & Saatchi Healthcare's

(collectively, "Saatchi") Motion to Quash and For a Protective Order and In Opposition to

Plaintiffs' Motion Requesting Transfer to Seroquel Products Liability MDL Litigation or

Alternatively Granting Motion To Compel Production of Nonparty Documents, Saatchi, through

its undersigned counsel, will move this Court before the Honorable Victor Marrero at the United

States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New

York, on October 9, 2007 at 11 a.m., pursuant to Rules 45(c) and 26(c) of the Federal Rules of

Civil Procedure, to quash Plaintiffs' subpoenas and issue a protective order.


Dated: New York, New York
      October 5, 2007

                    SONNENSCHEIN NATH & ROSENTHAL LLP

              By:                        

                    Rachel G. Balaban
                    1221 Avenue of the Americas
                    New York, New York 10020
                    (212) 768-6000
                    Fax: (212) 768-6800
                    *Attorneys for Non-Parties Klemtner Advertising,*
                    *Inc. and Saatchi & Saatchi Healthcare*


TO:    Holly Wheeler
        Blizzard McCArthy & Nabers
        440 Louisiana Street - Suite 1710
        Houston, TX 77002
        *Attorneys for Plaintiffs*

        Michael Pederson, Esq.
        Paul Pennock, Esq.
        Weitz & Luxenberg, P.C.
        180 Maiden Lane - 17th Floor
        New York, NY 10038
        *Co-Counsel for Plaintiffs*

Philip G. Spellane, Esq.
Harris Beach
99 Garnsey Road
Pittsford, NY 14534
*Attorneys for Harris Interactive, Inc.*

Brian S. Kaplan, Esq.
Kasowitz, Benson, Torres, & Friedman, LLP
1633 Broadway
New York, NY 10019
*Attorneys for Edelman, Inc.*

Fred Magaziner
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104

Kenneth E. Friedman
Sidley Austin LLP
555 West Fifth Street
Los Angeles, California 90013

*Attorneys for AstraZeneca Pharmaceuticals LP and AstraZeneca LLP*

SONNENSCHEIN NATH & ROSENTHAL LLP
Rachel G. Balaban (RB8472)
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
Fax: (212) 768-6800
*Attorneys for Non-Parties Klemtner Advertising, Inc.*
*and Saatchi & Saatchi Healthcare*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SUBPOENAS SERVED ON HARRIS INTERACTIVE, INC. KLEMTNER ADVERTISING, INC. SAATCHI & SAATCHI HEALTHCARE, AND EDELMAN | Misc. Action No. M8-185 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION THIS RELATES TO: ALL CASES | MDL 1769 |

**AFFIDAVIT OF RACHEL G. BALABAN IN SUPPORT OF NON-PARTIES KLEMTNER ADVERTISING, INC. AND SAATCHI & SAATCHI HEALTHCARE'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER AND IN OPPOSITION TO PLAINTIFFS' MOTION REQUESTING TRANSFER TO SEROQUEL PRODUCTS LIABILITY MDL LITIGATION OR ALTERNATIVELY GRANTING MOTION TO <u>COMPEL PRODUCTION OF NONPARTY DOCUMENTS</u>**

STATE OF NEW YORK      )
                           ) ss.:
COUNTY OF NEW YORK  )

        RACHEL G. BALABAN, being duly sworn, deposes and says:

        1.       I am an attorney admitted to practice before this Court and the courts of the State of New York.  I am a partner of Sonnenschein Nath & Rosenthal LLP, attorneys for non-parties Klemtner Advertising, Inc. and Saatchi & Saatchi Healthcare.  I submit this affidavit (1) in opposition to plaintiffs' motion to transfer and to compel, (2) in support of Saatchi's motion to quash and for a protective order and (3) to transmit the documents attached hereto.  As set forth herein, I have conferred in good faith with counsel for plaintiffs in an effort to resolve the dispute without court action.

        2.       Since in or around 2000, Klemtner Advertising, Inc. and its successor Saatchi & Saatchi Healthcare (collectively, "Saatchi") have performed various marketing services for AstraZeneca LP ("AstraZeneca"), a defendant in the underlying litigation pending in the Middle District of Florida, entitled *In re:  Seroquel Products Liability Litigation*, relating to the prescription drug "Seroquel" manufactured by AstraZeneca (the "MDL litigation").  In July of 2007, Saatchi received subpoenas from plaintiffs to produce documents and respond to written deposition questions.  (A copy of the subpoenas are attached as Exhibit A.)

        3.       Shortly after receipt of the subpoenas, Saatchi forwarded them to me for review.  On July 26, 2007, I received an initial extension until the middle of August to respond to the subpoenas from Ms. Holly Wheeler of Blizzard, McCarthy & Nabers, L.L.P., counsel for plaintiffs in the MDL litigation, but informed her that Saatchi would need additional time to respond to the subpoenas.  In response, Ms. Wheeler wrote "I'm sure a longer extension will be

- 2 -

fine." (*See* E-mails between R. Balaban and H. Wheeler, dated July 26, 2007.) (A copy of the e-mail communications referenced herein are attached in chronological order as Exhibit B.)

    4.      In their motion, plaintiffs attempt to create the impression that Saatchi simply ignored its obligations with regard to responding to the non-party subpoenas. This is not true. In fact, after the initial extension of time to respond, I was in regular telephone and e-mail communication with Ms. Wheeler throughout August and September regarding Saatchi's response to the subpoena. (*See*, *e.g.*, E-mails between R. Balaban and H. Wheeler, dated August 15, 2007 and September 17, 2007 (Ex. B).)

    5.      Plaintiffs blatantly misstate the facts by claiming that "Klemtner and Saatchi indicated there would be no problem producing the requested documents by the end of September." (Motion at ¶40.) Specifically, on multiple occasions, both verbally and in writing, I informed Ms. Wheeler that Saatchi objected to the subpoenas on grounds of overbreadth and undue burden. However, I also informed her that in a good faith effort to reach an agreement on production, we were working to identify the extent of responsive documents still in Saatchi's possession, custody or control and hoped that we could reach an agreement on a reasonable production of documents in a reasonable period of time. (*See*, *e.g.*, E-mails from R. Balaban to H. Wheeler, dated September 17 and 19, 2007 (Ex. B).)

    6.      I also informed Ms. Wheeler, on multiple occasions, that Saatchi would not be able to produce any documents until an appropriate confidentiality order was entered in the MDL litigation. She informed me that she understood this concern as other non-parties had expressed similar concerns. The MDL Court only entered a confidentiality order on September 19, 2007. (*See* Protective Order, dated September 19, 2007, attached as Exhibit C.)

7. After researching the extent of responsive documents still in Saatchi's possession, I provided Ms. Wheeler with two lists of projects created by Saatchi that related in some way to Seroquel in an effort to narrow the scope of documents for production. (Saatchi's project lists are attached as Exhibit D; *see also* E-mail from R. Balaban to H. Wheeler, dated September 17, 2007 (Ex. B).) Saatchi identified 496 projects dating back to 2000.

8. While Ms. Wheeler narrowed the list to some extent, plaintiffs still requested that any documents relating to nearly 200 projects be produced. (Plaintiffs' project lists are attached as Exhibit E.) Ms. Wheeler also demanded that Saatchi produce "all documents, including communications, and contracts relating to the projects we choose from your job list," among meeting her other numerous conditions, "no later than October 3rd" or plaintiffs would file a motion to compel. (E-mail from H. Wheeler to R. Balaban, dated September 17, 2007 (Ex. B).)[1]

9. After reviewing the projects identified by plaintiffs with Saatchi, I wrote to Ms. Wheeler again to explain the burden associated with producing what is likely to be tens of thousands of pages of documents and asked if plaintiffs would further narrow their requests and agree to the payment of costs, including attorneys' fees. (*See* E-mail from R. Balaban to H. Wheeler, dated September 19, 2007.) Instead of continuing the parties' efforts to work together to come to a reasonable agreement, plaintiffs filed their motion.

10. We have continued to do research regarding the documents related to the projects identified by plaintiffs. I am informed that documents relating to projects from 2000 through

---

[1] Plaintiffs attach as Exhibit C to their motion what they represent is a spreadsheet created by their counsel relating to documents "purportedly created by Saatchi or Klemtner and produced by AstraZeneca in the MDL" and claim that it is representative of the work Saatchi did for AstraZeneca. (Motion at fn. 5.) This document was not previously provided to us. Neither have copies of these documents been made available. If this demonstrates anything, it is that plaintiffs are improperly insisting that a non-party go through the burden and expense of locating, gathering, and reviewing documents already in their possession or available from AstraZeneca.

- 4 -

approximately 2006 have been in an off-site warehouse facility used by Saatchi. Saatchi has recalled 49 boxes of documents from this facility containing documents relating to these and other projects. In addition to these 49 boxes, searches may need to be done of individual employees' hard copy and electronic files as well as on Saatchi's shared drive.

11.    Saatchi has put a team in place of 5 to 6 employees to conduct this initial review and gathering of relevant documents (the "Saatchi team"), including to determine what documents in the 49 boxes relate to the projects identified by plaintiffs' counsel. We also are working with the information technology ("IT") professionals familiar with Saatchi's computer systems in an effort to determine what documents are on the shared drive and to what extent e-mail retrieval is possible.

12.    With regard to Saatchi's shared drive, the IT professionals have isolated the files that may relate in some way to Seroquel but not necessarily to the specific projects identified by plaintiffs' counsel. I have been informed that there are over 14,000 of such files constituting nearly 20 gigabytes of electronic data.

13.    The IT professionals also are working on determining whether the mailboxes of certain Saatchi employees can be retrieved. During our multiple conversations, I asked Ms. Wheeler to provide me with a list of the Saatchi employees identified during the course of the MDL litigation for whom they request documents. On September 17, 2007, Ms. Wheeler provided me with a list of 27 individuals that she indicated was not "exhaustive." (*See* E-mail from H. Wheeler to R. Balaban, dated September 17, 2007 (Ex. B).) In a later e-mail, however, Ms. Wheeler stated that she "never requested documents from those people." (*See* E-mail from H. Wheeler to R. Balaban, dated September 19, 2007 (Ex. B).) This is not consistent with the scope of the subpoena and her other statements (*see e.g.*, Sept. 17th e-mail (Ex. B)).

- 5 -

14.     If plaintiffs do request that e-mail searches be performed with regard to these 27 individuals or other individuals,[2] I understand from the IT professionals that this will be a multi-step process. The first step is to determine which employees still are currently employed by Saatchi and whether their mailboxes are available. In addition, I am informed that in approximately the fourth quarter of 2006, Saatchi switched e-mail systems from Groupwise to Lotus Notes. Because of this switch, I understand that the IT professionals will have to review catalogs of tapes to identify the mailboxes from the Groupwise system of requested individuals and configure a server to retrieve any available data from the Groupwise system. After this phase has been completed, we will have to run searches, agreed upon by the parties, in the mailboxes of requested individuals. Those documents then will have to be reviewed to determine if they relate to the projects identified by plaintiffs' counsel.

15.     After the documents from all of these various sources are collected, attorneys at Sonnenschein will have to review them for privilege and confidentiality determinations and a Sonnenschein paralegal will assist in preparing the documents for production. We anticipate that there will be attorney-client communications and work product throughout the collected documents. A privilege log also will need to be drafted by a Sonnenschein attorney if requested by plaintiffs.

16.     Plaintiffs previously requested that we provide them with a cost estimate including time spent by Saatchi and its attorneys relating to the non-party subpoenas. In an attempt to further cooperate with plaintiffs, I informed Ms. Wheeler that a "very rough estimate" of costs would be approximately $45,000 to $65,000, including time spent by the Saatchi team to

---

[2] From 2000, I understand that hundreds of Saatchi employees or contractors may have worked on Seroquel projects, even if for an extremely limited period of time. After a review of the documents relating to the projects identified by plaintiffs' counsel, it may be possible to determine the individuals who worked on these particular projects.

- 6 -

isolate, locate and gather documents as well as attorney and paralegal time to review any such documents. (*See* E-mails between R. Balaban and H. Wheeler, dated September 19, 2007 (Ex. B).) Indeed, based on our further research and initial collection of documents, we believe that it is premature to provide a meaningful estimate of costs and reserve the right to supplement the record with the actual time spent by, and the fees associated with, Saatchi and their IT professionals and Sonnenschein, in responding to the non-party subpoenas, including the cost associated with having to respond to plaintiffs' motion, for reimbursement by plaintiffs. We also will provide any other actual costs, including reproduction costs.

RACHEL G. BALABAN

Sworn to before me this
5th day of October, 2007

Notary Public

LAIN GEORGE
Notary Public, State of New York
No. 01GE6170630
Qualified in Kings County
Commission Expires July 9, 20 11

17573741

- 7 -

SONNENSCHEIN NATH & ROSENTHAL LLP
Rachel G. Balaban (RB8472)
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
Fax: (212) 768-6800
*Attorneys for Non-Parties Klemtner Advertising, Inc.*
*and Saatchi & Saatchi Healthcare*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SUBPOENAS SERVED ON HARRIS INTERACTIVE, INC. KLEMTNER ADVERTISING, INC. SAATCHI & SAATCHI HEALTHCARE, AND EDELMAN | Misc. Action No. M8-85 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS<br><br>LIABILITY LITIGATION<br><br>THIS RELATES TO:<br><br>    ALL CASES | MDL 1769 |

## CERTIFICATE OF SERVICE

I, Rachel G. Balaban, hereby certify that on October 5, 2007, true and correct copies of

the attached documents, in the above captioned proceeding, were served in accordance with the

Federal Rules of Civil Procedure, via Federal Express overnight delivery, upon:

Holly Wheeler
Blizzard McCArthy & Nabers
440 Louisiana Street - Suite 1710

Houston, TX 77002
*Attorneys for Plaintiffs*

Michael Pederson, Esq.
Paul Pennock, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane - 17th Floor
New York, NY 10038
*Co-Counsel for Plaintiffs*

Philip G. Spellane, Esq.
Harris Beach
99 Garnsey Road
Pittsford, NY 14534
*Attorneys for Harris Interactive, Inc.*

Brian S. Kaplan, Esq.
Kasowitz, Benson, Torres, & Friedman, LLP
1633 Broadway
New York, NY 10019
*Attorneys for Edelman, Inc.*

Fred Magaziner
Dechert LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104

Kenneth E. Friedman
Sidley Austin LLP
555 West Fifth Street
Los Angeles, California 90013

*Attorneys for AstraZeneca Pharmaceuticals LP and AstraZeneca LLP*

Dated: October 5, 2007
New York, New York

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
Rachel G. Balaban

1221 Avenue of the Americas
New York, New York 10020
Phone: (212) 768-6700

2