DOC # 555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: SUBPOENAS SERVED ON HARRIS INTERACTIVE, INC., KLEMTNER ADVERTISING, INC., SAATCHI & SAATCHI HEALTHCARE, AND EDELMAN | Misc. Action No. M8-185 |
|---|---|

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>THIS RELATES TO:<br>    ALL CASES | MDL 1769 |
|---|---|

FILED
2007 OCT -9 PH 1:29
S.D. OF N.Y.

HARRIS INTERACTIVE'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT
OF HARRIS'S MOTION FOR A PROTECTIVE ORDER

HARRIS BEACH PLLC
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 687-0100

**Of Counsel:**
Brian A. Bender, Esq. (BAB-0218)

## Preliminary Statement

Harris Interactive, Inc. ("Harris") respectfully requests that this Court issue an order denying plaintiffs' motion to transfer and/or compel. Plaintiffs' discovery requests – as drafted – are overly broad and will subject Harris to unreasonable cost and expense. Harris has attempted to reach an agreement with plaintiffs concerning the scope and cost-sharing aspects of their requests, but the parties have been unable to agree on terms. Thus, an order compelling Harris to respond to plaintiffs' discovery requests as they currently exist would run afoul of Fed.R.Civ.P. 26(b)(2)(C)(iii) and Fed.R.Civ.P. 45(c)(1), which protect non-parties from undue burden associated with discovery sought by a litigant.

In an effort to remedy this situation while still cooperating as best it can, Harris moves for a protective order absolving it of any obligation to respond to plaintiffs' demands as they are written and limiting the scope of plaintiffs' discovery in a manner that satisfies both the needs of the underlying litigation and the statutory interest in insulating non-parties from undue burden and expense.

## Discussion

The party or attorney who issues a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. F.R.C.P. 45(c)(1). The determination of whether subjecting a non-party to a subpoena will pose an undue burden under Fed.R.Civ.P. 45 is committed to the discretion of the court. Jones v. Hirschfeld, 219 F.R.D. 71 (S.D.N.Y. 2003). The court must limit a party's discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii). A protective order limiting discovery should be issued where plaintiffs' demands are unduly burdensome on their face. See Concord Boat Group Corp. v. Brunswick Corp., 169 F.R.D. 44 (S.D.N.Y. 1996).

The demands issued by plaintiffs in this matter are unduly burdensome on their face, insofar as they amount to little more than broad-sweeping, non-specific, boilerplate requests. This is demonstrated by the repeated use of vague, catch-all terms and phrases such as "any and all," "relating to," "reflecting," "any other person" and "documents." See Exhibit "E" to plaintiffs' moving papers at "Documents Requested." Plaintiffs' definitions for the term "documents" and the phrase "related to" serve only to broaden the scope of the already overreaching demands. They read:

> "'DOCUMENT' and 'DOCUMENTS' as used herein shall be read in the broadest possible sense and means, without limitation, any reports, memorandum, records, studies, data compilations, graphs, charts, invoices, receipts, recordings, notes, photographs, studies, analyses, projections, forecasts, plans, estimates, working papers, summaries, opinions or reports of consultants, and other types of written, graphic, printed or electronic submissions of information, and all drafts thereof."

2

> "'RELATED TO' and 'RELATING TO' means constituting, pertaining to, in connection with, reflecting, regarding, concerning, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in part of whole."

Exhibit "E" to plaintiffs' moving papers at "Subpoena Definitions" ¶¶ 3-4.

It is also notable that plaintiffs' demands seek the production of such information for a 21-year period ("1986 to present"). Id. at "Subpoena Instructions" ¶ 3. In sum, plaintiffs' demands are not as specific and germane to the underlying litigation as Mr. Pederson suggests. See Affirmation of Michael Pederson at ¶ 31.

Harris will incur undue burden and expense if it is required to respond to plaintiffs' demands as they are drafted. The sheer breadth of plaintiffs' demands calls for the location, preservation, review and production of any information that could conceivably be read as having a direct, indirect or tangential relationship to interactions between Harris and AstraZeneca concerning Seroquel at any time in the past 21 years.[1] The effort and expense associated with responding to such a request transcends reason, taxes the resources of any corporation, and is disproportionate to the issues and amounts in controversy of virtually any action currently pending in this Court. The fact that Harris is a non-party to the underlying action further supports this point.

A non-party faced with an overly-burdensome subpoena is not required to conference with counsel for the serving party prior to filing a motion to quash or a motion for a protective

---

[1] This assumes Harris had relationships with AstraZeneca during that entire period, and must be juxtaposed with allegations made in plaintiffs' motion that the relevant time period may actually be 2000 to present. See Affirmation of Michael Pederson at ¶ 7.

3

order. However, recognizing its obligation to respond to reasonable requests for discovery and in the interests of justice, Harris attempted to negotiate a compromise with plaintiffs. Harris agreed to provide relevant, non-privileged, reasonably accessible information so long as plaintiffs agreed to narrow the scope of their written requests and compensate Harris for some of the costs associated with making the production. Despite Harris's ongoing efforts in this regard, plaintiffs persist in their refusal to narrow the scope of their requests. They insist instead that they are entitled to review all of the potentially discoverable materials maintained by Harris and make requests for specific portions of same on an *ad hoc* basis. This is unreasonable and has prevented any meaningful discussion about cost-sharing. As such, Harris timely served written objections to plaintiffs' demands on July 20, 2007. See Exhibit "M" to plaintiffs' moving papers.

Harris's concerns are valid. To date, it has located approximately 25 electronically-maintained project list files that may contain information relevant to plaintiffs' demands (as interpreted in the context of the underlying litigation). Each project list file contains thousands of pages of data. The total cost of the time and labor required to locate, review and make a production from all of the files is estimated at $25,000.[2] Moreover, Harris – not plaintiffs – has the right to determine the method used to produce its information. See Fed.R.Civ.P. 34(b). The method of production suggested by Harris is appropriate under Fed.R.Civ.P. 34(b), while plaintiffs' position will be unduly time-consuming, disruptive or damaging to Harris's business operations. In either case, requiring Harris to bear the entire cost of the production would be contrary to the law governing disclosure by non-parties. See e.g. Fed.R.Civ.P. 45(c)(2)(B); and

---

[2] The $7,500 estimate reported by plaintiffs was provided before the project files were located and their size was known. The current estimate of $25,000 accounts for this factor and is based upon prior similar experience in non-party discovery proceedings.

4

<u>In Re. Law Firms of McCourts and McGrigor Donald</u>, 2000 U.S, Dist. LEXIS 80287 (S.D.N.Y. Apr. 9, 2001).

Under the circumstances, it would be appropriate for this Court to issue an order pursuant to Fed.R.Civ.P. 26(c)(2) and 45(c) stating, at a minimum, that:

    a. Harris need only produce to plaintiff those portions of the approximately 25 project list files that are not privileged and are relevant to the matters discussed in ¶ 7 of Mr. Pederson's affirmation in support of plaintiffs' motion; and

    b. Plaintiffs will reimburse Harris for half of the expenses it incurs in making the production (including but not limited to attorneys' fees and expenses associated with the location and preservation of the approximately 25 project list files discussed above, the review and production of those files or their constituent parts to plaintiffs, any additional disclosure sought by plaintiffs arising out of the subpoena in issue, and the litigation of the instant application).

**WHEREFORE,** it is respectfully requested that this Court issue an order denying plaintiffs' motion, granting Harris's motion and granting Harris such other and further relief as may seem just and proper.

Dated: New York, New York
      October 5, 2007

                            Yours etc.,

                            **HARRIS BEACH PLLC**

                            _[signature]_

                            Brian A. Bender, Esq. (BAB-0218)
                            HARRIS BEACH PLLC
                            Attorney for **HARRIS INTERACTIVE, INC.**
                            100 Wall Street, 23rd Floor
                            New York, New York 10005
                            (212) 687-0100

250913.1