# Exhibit 1

```
─────────────────────────────────────  :
UNITED STATES DISTRICT COURT           :
EASTERN DISTRICT OF NEW YORK           :
─────────────────────────────────────X
IN RE: ZYPREXA                         :   MDL No. 1596
PRODUCTS LIABILITY LITIGATION          :
─────────────────────────────────────X
THIS DOCUMENT RELATES TO:              :
ALL CASES                              :
─────────────────────────────────────
```

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on this date AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") filed before the Honorable Jack B. Weinstein, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, for entry of an Order in the form submitted herewith, granting the Motion to Intervene for the Limited Purpose of Opposing the Plaintiffs' Steering Committee's Motion for a Protective Order in the above-captioned matter.

PLEASE TAKE FURTHER NOTICE that in support of this Motion, AstraZeneca shall rely upon this Notice of Motion, and Motion to Intervene for the Limited Purpose of Opposing the Plaintiffs' Steering Committee's Motion for a Protective Order and the Exhibits submitted herewith.

Dated: November 14, 2007                    Respectfully submitted,


/s/ *Matthew J. Lang*
_____
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
Telephone (215) 994-4000
Facsimile:  (215) 994-2222
E-mail:  fred.magaziner@dechert.com

Matthew J. Lang
EDNY Bar. No. ML2942
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
matthew.lang@dechert.com

Randolph S. Sherman
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022
Telephone (212) 836-8000
Facsimile  (212) 836-8689
E-mail: rsherman@kayescholer.com

Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

```
─────────────────────────────────────── :
UNITED STATES DISTRICT COURT            :
EASTERN DISTRICT OF NEW YORK            :
───────────────────────────────────────X
IN RE: ZYPREXA                          :    MDL No. 1596
PRODUCTS LIABILITY LITIGATION           :
───────────────────────────────────────X
THIS DOCUMENT RELATES TO:               :
ALL CASES                               :
───────────────────────────────────────
```

## MOTION OF ASTRAZENECA LP AND ASTRAZENECA PHARMACEUTICALS LP TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR A PROTECTIVE ORDER

AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca"), pursuant to Federal Rule of Civil Procedure 24(b), hereby move this Honorable Court for leave to intervene in this matter for the limited purpose of opposing the plaintiffs' motion for a protective order (Document No. 1433). A copy of AstraZeneca's opposition to the requested protective order, sought to be filed, is attached as Exhibit 1. The reasons supporting this motion are set forth in the memorandum attached to this motion, which is incorporated herein as though fully set forth.

WHEREFORE, AstraZeneca respectfully requests that the Court grant it leave to intervene in this action for the limited purpose of challenging the proposed protective order and accept the attached opposition for filing.

Dated: November 14, 2007                    Respectfully submitted,

*/s/ Matthew J. Lang*
_____

Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

Matthew J. Lang
EDNY Bar. No. ML2942
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
matthew.lang@dechert.com

Randolph S. Sherman
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

# EXHIBIT 1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
IN RE: ZYPREXA                              :    MDL No. 1596
PRODUCTS LIABILITY LITIGATION               :
-----------------------------------X
THIS DOCUMENT RELATES TO:                   :
ALL CASES                                   :
```

## ASTRAZENECA LP'S AND ASTRAZENECA PHARMACEUTICALS LP'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") oppose the Plaintiffs' Steering Committee's motion for a protective order. The only plaintiffs who are affected by discovery in the Seroquel litigation are those plaintiffs who have placed their factual representations at issue by also suing AstraZeneca to recover for the same diabetes they ascribed to Zyprexa in this litigation. The Seroquel plaintiffs apparently seek to hide from AstraZeneca the factual contentions and support they presented to justify their claims against Eli Lilly and Company ("Lilly").[1]

None of their arguments justifies entry of a new protective order by this Court. The discovery ordered in the Seroquel litigation has been determined by the judicial authority duly authorized to oversee that litigation. The Seroquel plaintiffs are acting inappropriately in asking this Court to decide what information is relevant to the Seroquel litigation – a role that has been assigned by the Judicial Panel for Multidistrict Litigation to the United States District Court for the Middle District of Florida – or for relief from part of an order issued by that court.

---

[1] The Seroquel plaintiffs appear to be challenging AstraZeneca's right to the documents ordered to be produced in Section 1(c) of Judge Baker's October 18, 2007 order (Exhibit B to plaintiffs' motion) – a position they argued before Judge Baker but lost – and its right to other factual material. The protective order they request would cover "any information exchanged between Lilly, Plaintiffs and Plaintiffs' counsel during the course of settlement negotiation and implementation."

Moreover, the Seroquel plaintiffs have waived their privacy rights to hide this information from AstraZeneca. There is no conflict with any order issued by this Court or even the parties' agreements. And there is no basis for their conclusory assertion that the discovery of factual information ordered in the Seroquel litigation would interfere with the settlement process in this litigation. The Seroquel plaintiffs' attempt to protect their own documents from discovery by engaging in after-the-fact forum-shopping should be rejected.

1.  It is important to clarify what is and what is not at issue here. First, the only documents Judge Baker ordered to be produced are the Seroquel plaintiffs' own records, fact sheets and claim submissions (in Lilly's possession). These are documents they themselves placed at issue by suing a different pharmaceutical manufacturer for causing the same diabetes for which they have also sued Lilly. Second, any confidential document produced in the Seroquel MDL will be subject to the strictures imposed by the protective order issued in that litigation.

Third, AstraZeneca has not asked for, and does not want, any negotiation or evaluation documents. AstraZeneca is not seeking to look behind the scenes at the Zyprexa settlement process and Judge Baker's order does not purport to order any such documents to be produced. AstraZeneca has, and will, seek only the factual information that is relevant to the claims and defenses in the Seroquel litigation.

Fourth, although the Seroquel plaintiffs and Lilly also ask this Court to issue an order protecting the individual award amounts which Seroquel plaintiffs have or will receive for their Zyprexa claims, they may have forgotten that this Court has already done so. This Court's September 5, 2006 order sealed individual award amounts "subject to the court's power to modify the order upon a showing of need and appropriateness." AstraZeneca does not seek a

modification of that order at this time. And Judge Baker's order did not, by any reading, reach such information. Indeed, it even expressly excluded "any specific dollar amounts" included in plaintiffs' submissions in support of their settlement claims. *See* Baker Order at ¶ 1.

Finally, the information that Lilly files with the United States Securities and Exchange Commission will never be at issue because it is, or will be, public. This includes: the master settlement agreement; the typical terms of releases signed by each settling plaintiff; the total amount Lilly has paid to settle these cases; the number of cases it has settled, and the overall amounts Lilly will have paid to settle additional Zyprexa cases in the future.

  2  The Seroquel plaintiffs have no justification for asking this Court to countermand Judge Baker's order or to determine questions as to the relevancy of potential discovery to claims and defenses in the Seroquel litigation. Their proper recourse, to the extent that they object to Magistrate Judge Baker's order or find it, as they claim, "ambiguous," is to ask Judge Baker for clarification or reconsideration and/or to appeal the order to Judge Conway, the district court judge presiding over the Seroquel MDL. If they do not obtain the results they view as due through these steps, their further recourse is through an appeal to the Eleventh Circuit, and ultimately a writ to the Supreme Court. They have not availed themselves of any of these procedures. Rather, they have chosen to ask this Court to act in opposition to a sister court that is properly presiding over the litigation for which this discovery is sought.

The proper procedure, with respect to any future discovery sought by AstraZeneca in the Seroquel litigation, would be to request the district court presiding in the Seroquel litigation to determine whether such documents are relevant to the Seroquel litigation – and, if germane, whether the Seroquel plaintiffs, by filing that litigation, waived the right to keep them confidential. These are questions that the district court presiding over the Seroquel litigation is

particularly well placed to decide for two reasons. First, that court is knowledgeable about the claims and defenses asserted in the Seroquel litigation. Second, it is the district court appointed by the Judicial Panel on Multidistrict Litigation to resolve the discovery and other pre-trial disputes that may arise in that litigation. *See, e.g., Superior Oil Co. v. American Petrofina Co.*, 785 F.2d 130 (5th Cir. 1986) ("Questions of the discoverability in the [collateral] litigation of materials discovered in [this] litigation are, of course, for the [collateral] courts"); *accord United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428-29 (10th Cir. 1990).

3.   Disclosure of the material at issue is fully consistent with this Court's own protective order, which anticipates that such material may be required to be disclosed pursuant to a duly entered court order. Paragraph 14 of Case Management Order No. 3 (Protective Order) expressly anticipates that discovery orders regarding the material may be issued: "[i]f another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials which a person has obtained under the terms of this Order. . . ."

Moreover, it does not even suggest that a party subject to such an order apply to this Court. It simply requires the party to "promptly notify the designating party in writing" and to refrain from complying until the designating party has received such notice and had a reasonable opportunity to object." *Id.* In this instance, AstraZeneca notified both plaintiffs and Lilly before it filed its motion for an order and each had a reasonable opportunity to object. Thus, the protections this Court provided by order have been fully met for the materials covered by Judge Baker's order. And there is no basis to conclude that they would not be fully met by the parties subject to this Court's order with respect to any materials sought in the future.

Likewise, nothing in the plaintiffs' and Lilly's master settlement agreement or the exemplar release form provide plaintiffs with a basis for objecting to Judge Baker's order or any

- 4 -

potential future order requiring disclosure of their submissions supporting their claims or signed settlement agreements including releases of legal claims. Both documents provide that their confidentiality agreement does not preclude disclosure if it is required by law. *See* Lilly 10-Q, filed Aug. 4, 2006, Ex. 10 at 17 ("except as required by any law"); Ex. A to Ex. 10 ¶ 11 ("except as may be required by law").

In addition, the master settlement agreement and the exemplar release also expressly anticipate that disclosure of the materials will arise in other lawsuits: "If the subject of the MOU, this Agreement, its terms or any Confidential Discovery Materials shall arise in any such legal proceedings. . . ." *Id.*, Ex. 10 at 18; Ex. A to Ex. 10 ¶ 11(2). The only requirements the agreements impose are: to "oppose disclosure," "give Lilly notice and an opportunity to intervene to oppose disclosure," "file under seal any documents disclosing this Confidential Release, its terms, the Master Settlement Agreement, its terms or any Confidential Discovery Materials," and "to take reasonable measures to ensure" that the materials are kept confidential and disclosures occur in camera. *Id.*, Ex. 10 at 19, Ex. A. to Ex. 10 ¶ 11(2).

Thus, their own confidentiality agreements assume that the disclosure question will be determined by the court presiding over the proceedings for which disclosure is sought – hence the requirement to give Lilly an opportunity to intervene. Further, nothing in Judge Baker's order, or any conceivable future order, would require plaintiffs to default on the obligations their confidentiality agreements impose. However, even if there *were* a conflict between Judge Baker's order and the settlement agreements, parties cannot avoid the Federal Rules of Civil Procedure by stipulation. "[T]he simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery." *Conopco*, 2007 U.S. Dist. LEXIS 27339 at *14; *accord Griffin v. Mashariki*, 1997 U.S. Dist. LEXIS 19325 (S.D.N.Y. Dec. 8, 1997)

(ordering disclosure). Here, however, the agreements fully permit compliance with the federal discovery rules and with any court's order.

4. Furthermore, AstraZeneca has a right to all the factual information that is relevant to the claims and defenses in the Seroquel litigation, so long as it is not privileged – which this is not. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); *Computdyne Corp. v. Shane*, 244 F.R.D. 282, 2007 U.S. Dist. LEXIS 60454 at *2-*3 (S.D.N.Y. Aug. 16, 2007) (Rule 26(b)(1) applies to prior settlement-related documents, citing cases, and ordering production of prior settlement-related documents); *Conopco, Inc. v. Wein*, 2007 U.S. Dist. LEXIS 27339 at *13 (S.D.N.Y. Apr. 4, 2007) ("*Federal Rule of Civil Procedure 26(b)(1)* sets the standard for pretrial disclosure, and requires only that the information sought be relevant and calculated to lead to the discovery of admissible evidence.") (noting that settlement-related information is not privileged and denying motion to quash subpoena of prior settlement-related documents); *Rates Technology Inc. v. Cablevision Systems Corp.*, 2006 U.S. Dist. LEXIS 76595 (E.D.N.Y. Oct. 20, 2006) (ruling that Rule 26(b)(1) governs discovery of settlement-related documents; that such documents are not privileged, and affirming Magistrate Judge's order that the documents be produced); *Newman & Assoc. v. J.K. Harris & Co.*, 2005 U.S. Dist. LEXIS 38123 at *7 (S.D.N.Y. Dec. 15, 2005) ("There is no independent settlement privilege") (ordering disclosure of defendant's "correspondence with government entities pertaining to accusations of misleading advertising or other deceptive business practices" that are "highly relevant to both the claims of the plaintiff

and the counterclaims of the defendants," *id.* at *11).

The factual contentions and factual support for the Seroquel plaintiffs' submissions are relevant to the claims and defenses at issue in the Seroquel litigation. Plaintiffs' statements to *anyone* about their atypical antipsychotic prescription drug use, pre-existing and current medical conditions, attribution of the complained-of medical conditions to particular causes, and consequent damages are relevant to the subject matter of the Seroquel litigation. These statements are also unquestionably reasonably calculated to lead to admissible evidence. Used to question the Seroquel plaintiffs in depositions alone, they can reasonably be expected to lead to admissible evidence on the merits, for impeachment, or both.

The settlement agreements signed by the Seroquel plaintiffs are also directly relevant to the subject matter of the Seroquel litigation and AstraZeneca's defenses. For example, they include releases of legal claims. Several provisions of the publicly-disclosed draft exemplar release suggest that the actual releases may well preclude one or more claims that plaintiffs have asserted in the Seroquel litigation. But the Seroquel MDL court would need to see the specific terms of each Seroquel plaintiff's final, signed Zyprexa claim releases to compare to the claims pending before it to resolve these questions.

5.      Plaintiffs provide no reasons for their conclusory assertion that production of the plaintiffs' submissions, subject to the Seroquel protective order, would interfere with the settlement process in the Zyprexa MDL. And it is difficult to conjure what reasons there might be. Certainly it would not interfere with the settlement process for those plaintiffs who have already settled, and it would not discourage Lilly from settling with additional plaintiffs.

Nor is there any legitimate way in which it might interfere with the settlement process for those who have not yet concluded the process. AstraZeneca has not asked for, and does not

-7-

want, any negotiation documents or evaluation grids – the documents that might reflect compromises posited solely for settlement purposes. AstraZeneca is interested in the factual contentions and underlying data the Seroquel plaintiffs' offered in support of their Zyprexa settlement claims. These are supposed to be truthful statements, a more detailed version of their publicly filed complaints. The only way in which disclosure under the Seroquel protective order would discourage them from settling their Zyprexa claims is if they would otherwise attest to one set of facts in the Zyprexa settlement process and a contrary set of facts in the Seroquel litigation. *That* cannot constitute good cause for a protective order when plaintiffs themselves have placed the information at issue in separate litigation. "'Good cause' in the current context requires more than oneupmanship gone awry." *Bennett v. La Pere*, 112 F.R.D. 136, 1986 U.S. Dist. LEXIS 20494 at *11-*13 (D.R.I. Sept. 12, 1986) (ordering production of plaintiffs' prior settlement-related documents and concluding that this was unlikely to discourage them from settlement because "the alternative to settlement would be a double whammy: the loss of the benefit of the bargain and the more public airing occasioned by a full-blown trial").

Likewise, any future required disclosure of the terms of the settlement agreements would also not discourage settlement. If these plaintiffs were hitherto willing to legally bind themselves to terms such as releases of legal claims, based on legal advice, they must have expected them to be enforced. But whether their releases implicate claims they asserted in the Seroquel litigation is something for the Seroquel MDL court to determine, not the plaintiffs.

Plaintiffs do not meet the burden of showing good cause for the Rule 26(c) protective order they seek and they are in the wrong court to challenge or clarify Judge Baker's order or to challenge the relevance of discovery to the Seroquel litigation. This Court should deny their motion and discourage their disrespect for its sister court.

Dated: November 14, 2007                    Respectfully submitted,

                                            */s/ Matthew J. Lang*
                                            _____
                                            Fred T. Magaziner
                                            DECHERT LLP
                                            2929 Arch Street
                                            Philadelphia, PA 19103
                                            Telephone: (215) 994-4000
                                            Facsimile: (215) 994-2222
                                            fred.magaziner@dechert.com

                                            Matthew J. Lang
                                            EDNY Bar. No. ML2942
                                            DECHERT LLP
                                            30 Rockefeller Plaza
                                            New York, NY 10112
                                            Telephone: (212) 698-3500
                                            Facsimile: (212) 698-3599
                                            matthew.lang@dechert.com

                                            Randolph S. Sherman
                                            KAYE SCHOLER LLP
                                            425 Park Avenue
                                            New York, New York 10022
                                            Telephone: (212) 836-8000
                                            Facsimile: (212) 836-8689
                                            rsherman@kayescholer.com

                                            *Counsel for AstraZeneca Pharmaceuticals LP
                                            and AstraZeneca LP*

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT <br> EASTERN DISTRICT OF NEW YORK <br> ———————————————————X <br> IN RE: ZYPREXA <br> PRODUCTS LIABILITY LITIGATION <br> ———————————————————X <br> THIS DOCUMENT RELATES TO: <br> ALL CASES | : <br> : <br> : <br> : MDL No. 1596 <br> : <br> : <br> : <br> : |

### MEMORANDUM IN SUPPORT OF ASTRAZENECA LP'S AND ASTRAZENECA PHARMACEUTICALS LP'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR A PROTECTIVE ORDER

AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") are defendants in the Seroquel MDL in which the discovery at issue either has arisen and may arise in the future. AstraZeneca's interests are directly implicated because its rights to discovery and to defend itself in the Seroquel litigation would be impeded by entry of the protective order requested. This Court has already recognized that AstraZeneca's interests are at issue by ordering plaintiffs to notify the attorneys on the Seroquel MDL service list of their motion and this Court's scheduled hearing on November 20, 2007. *See* Oct. 30, 2007 Order (No. 04-MD-01596, Document 633-2).

AstraZeneca manufactures the atypical antipsychotic Seroquel and has been sued by a number of plaintiffs who are also plaintiffs in the Zyprexa MDL who have claimed that Seroquel caused the same injuries that they had attributed to Zyprexa in this litigation. The Judicial Panel for Multidistrict Litigation determined that the many Seroquel lawsuits pending in federal courts were appropriate for MDL treatment and assigned jurisdiction over pre-trial discovery and other issues to the United States District Court for the Middle District of Florida. District Judge Conway and Magistrate Judge Baker of that court have been assigned to adjudicate these issues.

In response to Magistrate Judge Baker's order to Eli Lilly and Company to produce three

categories of documents that the Seroquel plaintiffs had produced or submitted in the Zyprexa litigation, *see* Exhibit B to plaintiffs' motion, plaintiffs asked this Court to take jurisdiction over discovery in the Seroquel litigation with respect to documents produced, submitted or generated in this one. Plaintiffs have not identified any conflict between Judge Baker's order and any protective order this Court has already issued to govern this litigation, or any conflict between the existing protective orders governing the Zyprexa MDL and any likely future discovery order issued by the Seroquel MDL. Thus, AstraZeneca is not asking here for a modification of any protective order this Court has already issued. Rather, AstraZeneca opposes plaintiffs' request for an additional protective order which appears to be a request that this Court wrest control over discovery in the Seroquel MDL from the duly assigned court.

A motion to intervene for this limited purpose is the appropriate method for AstraZeneca to assert its rights in this matter. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 774, 778 (3d Cir. 1994) ("We have routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information," noting that the "procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action"); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose."); *accord Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988); *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987).

AstraZeneca therefore respectfully requests leave to intervene for this limited purpose, and specifically requests permission to file the attached Opposition to Plaintiffs' Motion for

Protective Order. The attached opposition explains in more detail why this Court should deny the protective order plaintiffs request and decline plaintiffs' invitation to countermand the Seroquel MDL court's order or to supervise discovery in the Seroquel litigation.

Dated: November 14, 2007          Respectfully submitted,

/s/ Matthew J. Lang

Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Matthew J. Lang
EDNY Bar. No. ML2942
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
matthew.lang@dechert.com

Randolph S. Sherman
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
rsherman@kayescholer.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

```
UNITED STATES DISTRICT COURT         :
EASTERN DISTRICT OF NEW YORK         :
―――――――――――――――――――――――――――――X
IN RE: ZYPREXA                       :    MDL No. 1596
PRODUCTS LIABILITY LITIGATION        :
―――――――――――――――――――――――――――――X
THIS DOCUMENT RELATES TO:            :
ALL CASES                            :
```

## ORDER

AND NOW, this ___ day of November, 2007, after consideration of AstraZeneca LP's and AstraZeneca Pharmaceuticals LP's Motion to Intervene for the Limited Purpose of Opposing Plaintiffs' Steering Committee's Motion for Order Preserving Confidentiality of Plaintiffs' Settlement Agreements and other relief, and any response thereto, IT IS HEREBY ORDERED that the Motion is GRANTED, and AstraZeneca LP and AstraZeneca Pharmaceuticals LP are granted leave to intervene for the limited purpose of opposing the plaintiffs' proposed protective order, and AstraZeneca LP's and AstraZeneca Pharmaceuticals LP's Opposition to Plaintiffs' Motion for Protective Order is accepted for filing.

BY THE COURT:

_____
Jack B. Weinstein, Senior United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th of November, 2007, I electronically filed the foregoing Motion to Intervene for the Limited Purpose of Opposing the Plaintiffs' Steering Committee's Motion for a Protective Order and Memorandum in Support thereof with the Clerk of the Court by using the CM/ECF system in this matter and in the In Re: Seroquel Products Liability Multi-District Litigation, MDL No. 1769, in the United States District Court for the Middle District of Florida (Case No. 6:06-md-01769), which will send a notice of electronic filing to all counsel of record. I further certify that I have served by electronic mail a copy of the Motion on:

Nina Gussack, Esq.
Andrew Rogoff, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
and
Samuel J. Abate, Jr., Esq.
PEPPER HAMILTON LLP
420 Lexington Avenue
Suite 2320
New York, NY 10170
Telephone : (212) 808-2700
*Counsel for Eli Lilly and Company*

Kenneth T. Fibich, Esq.
Fibich, Hampton & Leebron, LLP
1401 McKinney, Suite 1800
Houston, TX 77010
Telephone: (713) 751-0025
Facsimile: (713) 751-0030
*Plaintiffs' Steering Committee*

/s/ *Margaret S. Osborne*