UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| In Re:  Seroquel Products Liability Litigation<br>MDL Docket No.  1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**PLAINTIFFS' PROPOSAL RE ALLOCATION OF SM-ESI FEES** |

Pursuant to the Court's November 1, 2007 Order (Doc. No. 638) plaintiffs submit the following proposal regarding the allocation of SM-ESI fees.

AstraZeneca must bear 100% of all fees incurred by the SM-ESI.

Any other proposal would improperly impose sanctions upon *plaintiffs* as a result of AstraZeneca's purposefully sluggish, unusable custodial production and its failure to comply with CMO2.   While the duties of the SM-ESI are "forward-looking," there would be no need for a SM-ESI absent the "pervasive defects," "succession of boneheaded errors" and "imperceptible quality assurance" (Report of SM-ESI, November 13, 2007, Document 663) in AstraZeneca's production to date.

Furthermore, it is appropriate that AstraZeneca bear this cost because the efforts of the SM-ESI have been focused entirely upon ameliorating the effects of AstraZeneca's failures: those that occurred prior to the July 27, 2007 hearing, and those that continue through the present day.  This is evident from the agenda distributed prior to each SM-ESI conference, as well as the summary of the events of each conference.  These are attached as Exhibit A in chronological order.[1]

This record reflects that the SM-ESI has considered the issues which were the subject of the July 27 hearing on plaintiffs' Motion for Sanctions: technical issues with prior productions,

---

[1] Following the October 23rd call, defendants initially prepared summaries of conferences which were then red-lined by plaintiffs.  This practice begins at page 8 of Exhibit A.

1

missing email (e.g. Vikram Dev), multiple email mailboxes, production of multimedia files (such as voicemail), search terms, and the like.

The SM-ESI requested and has begun review of documentation of AstraZeneca's collection and preservation efforts.

The SM-ESI is considering and investigating AstraZeneca's failure to preserve information, such as portions of the GEL database, and voicemail.

The SM-ESI is considering and investigating AstraZeneca's continued failures to produce usable information, including "concealment and misrepresentation that can't be attributed only to gross incompetence." (Report of SM-ESI.)

The SM-ESI is ensuring that plaintiffs receive documentation regarding databases, and are able to conduct interviews with properly knowledgeable personnel – the very interviews plaintiffs were entitled to conduct in January, but were denied.  The "marathon session on Saturday" regarding databases (Report of SM-ESI) was conducted *ex parte* with AstraZeneca, following its wholly absurd estimate of June 30 for completion of database production.

In short, the SM-ESI's considerable efforts are devoted to extricating plaintiffs from the ever-widening hole AstraZeneca has dug and continues to dig, and returning plaintiffs to the position they should have occupied had AstraZeneca complied with the Sedona Principles, CMO2, and the Federal Rules.    In allocating to plaintiffs any portion of the SM-ESI's fee, the Court would, in effect, be sanctioning plaintiffs for AstraZeneca's conduct.


Dated:  November 14, 2007                                LEVIN SIMES KAISER & GORNICK LLP


                                                                       /s/ Dennis J. Canty_____
Lawrence J. Gornick (CA State Bar No. 136290)
Dennis J. Canty (CA State Bar No. 207978)
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Telephone:  415-273-8138
Facsimile:  415-981-1270
E-mail:         lgornick@lskg-law.com
                    dcanty@lskg-law.com

2