UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products
Liability Litigation

Case No.
6:06-md-1769-Orl-22DAB

MDL DOCKET NO. 1769

THIS DOCUMENT RELATES TO ALL CASES

MDL PLAINTIFFS' MOTION AND COMBINED MEMORANDUM OF LAW
TO COMPEL DISCOVERY OF DOCUMENTS REVIEWED BY WITNESSES
IN PREPARATION FOR DEPOSITIONS

I.   INTRODUCTION

The MDL Plaintiffs have noticed numerous corporate witnesses for future depositions and have been conducting them on a rolling basis over the past few months. These witnesses are represented by counsel paid for by the Defendants. In conducting these depositions, Plaintiffs have been confronted with improper objections in violation of state and federal rule as noted below.

While taking these key depositions, Plaintiffs have regularly been denied to see or even inquire about any documents these witnesses have reviewed in preparation for the deposition. The witnesses have testified that they have met with attorneys and reviewed documents provided by the them, but refuse to answer any questions about them after being advised by counsel not to answer due to an attorney-client and work-product privilege.

By way of example, Plaintiffs refer to a November 7, 2007 deposition of Athena Ruhl, an AstraZeneca employee for 20 years. The witness testified that she met with several attorneys over a 5 or 6 day period and reviewed approximately 50 documents prior to the deposition. (See

Exh. 1, November 7, 2007 deposition of Athena Ruhl, 8: 8-17)  The witness was asked what type of documents she had reviewed and there was an immediate objection by the defense counsel invoking the attorney-client privilege. (*Id* at 11: 2-23.)

Plaintiffs contend that documents reviewed by a witness in preparation for a deposition should be identified and produced, unless it contains legal strategy, legal opinions or legal conclusions for which defendant should produce an appropriate privilege log.

The defendants insisted on procedures that impose the MDL depositions on state court litigation across the country.  Therefore, MDL discovery is being held contemporaneously with state court discovery but this raises the question as to what jurisdiction's rule should govern the attorney work-product objection.   Plaintiffs urge this court to fashion an Order from the decisions in each of the jurisdictions involved before this court; federal, New York, New Jersey and Delaware.

II.      **FEDERAL STATUTES AND THE "SPORCK" RULE**

      **A.      Background**

Any writing used by a witness to refresh memory while testifying can be required to be produced by questioning counsel. *See* Fed. R. Evid. 612 (2007).  Documents used by the witness before testifying, such as at a deposition, must also be made available unless the court determines, by an in camera examination, that the writing contains matters not related to the subject matter of the testimony.   Fed. R. Civ. P. 26 (b)(3) protects documents produced in anticipation of litigation or for trial as a work product.  Such documents are discoverable only upon a showing that the party seeking discovery has substantial need of the materials and is unable without undue hardship to obtain the equivalent of the materials by other means.

The interaction of Fed. R. Evid. 612 with Fed. R. Civ. P. 26 has given rise to a limited exception, known as the "selection and compilation" rule first recognized in Sporck v. Peil, 759 F.2d 312 (3d Cir. 1985). See also, US ex. rel. Bagley v. TRW, 212 FRD 554, 564 (CD Cal. 2003). Where counsel for the witness has selected and compiled a number of documents from a larger production and producing those materials would reveal counsel's mental impressions or strategy, the court may deem them protected as a work product.

**B.      A Document Is Not Automatically Protected By Attorney/Client Privilege or Work Product Protection Simply Because it Was Shown By an Attorney To A Client In Preparation For A Deposition.**

No privilege attaches to a document simply by reason of its passage from an attorney to client, or vice versa, where there is no independent privilege which attaches to a document. U.S. v. McDonald, 313 F. 2d 832 (2d Cir. 1963). In Colton v. U.S, 306 F.2d 633 (2d Cir. 1962) the court cited with approval to the Massachusetts District Court's oft-quoted formulation of the requisite showing before the attorney/client privilege can properly be asserted:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

United States v. United Shoe Mach. Corp., 89 F.Supp. 357, 358-59 (D.Mass. 1950).

Because assertion of attorney/client privilege acts as a barrier to a party's search for the truth, it is to be narrowly construed, and the party resisting disclosure bears the burden of

establishing the existence of the privilege.   Muller v. Walt Disney, 871 F. Supp. 678, 682 (S.D.N.Y. 1994).

**C.**   **The Sporck "Selection and Compilation Exception" Does Not Apply To Any Case Based Merely Upon Counsel's Objections At Depositions and Unsworn and Conclusory Allegations.**

Selecting and organizing documents from a larger production does not always convey information about the attorney's mental impressions or strategy.

The Sporck exception has been recognized by numerous courts but has been rejected, criticized and limited by others.  For example, the Second Circuit has limited the Sporck exception to those cases where there is a real, rather than speculative, concern that the thought processes of counsel would be exposed through disclosure of the compiled documents.   Gould v Mitsui Mining & Smelting Co., 825 F.2d 676 (2d Cir. 1987).   Furthermore, the party invoking the privilege has the heavy burden of establishing its applicability, US v. International Broth. of Teamsters,  119 F3d 210, 214 (2d Cir. 1997), US v. Nixon, 418 US 683 (1974) and it is the objecting party's burden to prove the factual basis for its invocation of the work product rule.  Byrnes v Empire Blue Cross, 1999 WL 1125114 (S.D.N.Y. 1999).  Such a burden of objective proof cannot be met through conclusory ex parte affidavits which simply assert the attorney's selection was created pursuant to a carefully orchestrated defense strategy and usually calls for an in camera review.  In re Grand Jury Subpoenas, 318 F.3rd 379, 386 (2d Cir. 2003).  Counsel must be more specific than merely stating that his "strategy and mental thoughts" would be revealed by producing the documents.  Hendrick v Avis, 916 F.Supp. 256 (S.D.N.Y. 1996), Hunter's Ridge Golf Co. Inc. v. Georgia Pacific 233 FRD 678 (USDC MD Fl., 2006).

An example of the speculative nature of exposing counsel's thought processes arose in In re Air Crash Disaster Near Warsaw Poland on May 9, 1987, 1996 WL 684434 (E.D.N.Y. 1996).

In that case the defendant airline resisted supplying plaintiffs with those maintenance records it selected, complied and had translated from Polish to English claiming it would reveal counsel's thought processes.  The court found that argument to be speculative and ordered production but required plaintiffs to share in the cost of the translation.

Even in those cases where the selection and compilation by counsel may reveal work product, courts have sometimes found that public policy and proper administration of justice militates against non-discovery.  See Mineba v. Mineba, 143 FRD 494, 499 (S.D.N.Y. 1992) and In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1015-19 (1st Cir. 1988) (criticizing Sporck and refusing to apply it to documents which will be used as deposition exhibits when Case Management Order in complex case involving over 2 million documents required their earlier disclosure).

To satisfy Fed. R. Evid. 612 criteria the questioner should elicit from the deponent that he viewed the document and it refreshed his recollection or influenced his testimony.  Laborers Local 17 Health Benefit Fund v Philip Morris,1998 WL 414933 (S.D.N.Y. 1998).  Rule 612 may not require production where counsel fails to establish that the witness either relied on documents in giving testimony or that documents influenced his testimony.  In re Comair Air Disaster Litigation, 100 FRD 350, 353 (E.D. Ky. 1983) (determination must be made regarding the extent to which the documents were consulted and relied upon) but the rule in New York federal courts appear to be broader.  See Berkey Photo v Eastman Kodak, 74 FRD 613, 615-16 (S.D.N.Y. 1977) (disclosure denied but in the future any materials counsel considers a work product should not be shown to his witness if they are to be withheld from opposing parties).

**D.    The New York Rule**

Article 31 of New York's Civil Practice Law and Rules governs state discovery procedures. It requires "full disclosure" and protects work product. CPLR 3101 (c). However, in New York an attorney's work product is defined as documents prepared by counsel acting as such, and to materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory and strategy. Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 803 NYS2d 532 (1st. Dept. 2005), Doe v. Poe, 244 AD2d 450, 451-52, 664 N.Y.S.2d 120 (2d Dept. 1997), aff'd 92 N.Y.2d 864, 677 N.Y.S.2d 770 (1998).

The burden of demonstrating that particular items are immune from discovery is upon the party asserting immunity. Koump v. Smith, 25 N.Y.2d 287, 303 N.Y.S.2d 858 (1969). The mere assertion that items constitute an attorney's work product will not suffice as meeting the burden placed on the resisting party. Doe v. Poe. The rule in New York for examining a document used by a witness is broader than its federal counterpart. It does not appear that the Sporck rule was ever adopted by New York State courts. Indeed, Sporck v. Peil's sixty-nine page Westlaw Keycite yields no citation by any New York state court. In New York, generally, an adversary has the right to examine any writing used by a witness to refresh his recollection at trial. People v Gezzo, 307 NY 385 (1954) and this rule has been extended to depositions, Doxtator v. Swarthout, 38 A.D.2d 782, 328 N.Y.S.2d 150 (4th Dept. 1972). Documents reviewed prior to testifying at a deposition for the purpose of refreshing the memory of a witness must be made available to the adversary. Stern v Aetna, 159 A.D.2d 1013, 552 N.Y.S.2d 730 (4th Dept. 1990). Whatever privilege existed is waived when the document is used prior to the deposition to refresh the witness's recollection. Rouse v. County of Greene, 115 A.D.2d 162,

495 N.Y.S.2d 496 (3d Dept.1985), <u>Merrill Lynch Realty Commercial Services v. Rudin Management</u>, 94 A.D.2d 617, 462 N.Y.S.2d 16 (1st Dept.1983), <u>Hermann v. General Tire and Rubber Co.</u>, 79 A.D.2d 955, 435 N.Y.S.2d 14 (1st Dept. 1981) (insurance investigator's conversation with an accident witness not work product after it had been used to refresh a deposition witness's recollection because any such privilege was waived by such use).

In <u>Bloss v Ford Motor</u>, Co.126 A.D.2d 804, 510 N.Y.S.2d 304 (3d Dept. 1987), seventy-six boxes of design documents produced to the plaintiff was indexed by the defendant and its attorney claimed the index was insulated from discovery. The court found that the index was not work product because that term has been narrowly construed to include only material prepared in an attorney's professional capacity and which necessarily involved professional skills. As no legal opinions, strategy or conclusions were being sought and defendant had not shown that the indexing of the documents was accomplished by using any particular legal skills, the court ruled they were not privileged.

### E.    The New Jersey Rule

New Jersey state courts do not appear to have adopted <u>Sporck</u>. Plaintiff could find no state court decisions applying the rule. As a result, the Third Circuit's ruling in <u>Sporck</u> is binding precedent upon New Jersey federal courts.

### F.    The Delaware Rule

Delaware state courts do not appear to have adopted <u>Sporck</u>. Plaintiff could find no state court decisions applying the rule. As a result, the Third Circuit's ruling in <u>Sporck</u> is binding precedent upon Delaware federal courts.

## III    CONCLUSION

This Court should enter an order prohibiting defendant from objecting to questions concerning documents viewed prior to a deposition and requiring defendant to identify and produce any document reviewed by a witness unless it contains legal strategy, legal opinions or legal conclusions for which defendant should produce an appropriate privilege log.

Respectfully submitted on this 21st day of November, 2007.


/s/ Paul J. Pennock
Paul J. Pennock
Plaintiffs' Co-Lead Counsel
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, NY 10038
Telephone:   (212) 558-5500
Facsimile:    (212) 363-2721
E-mail:   ppennock@weitzlux.com


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.



/s/ Paul J. Pennock

# EXHIBIT

# A

0008
1   make a distinction please point it out to me, all
2   right, but for the most part I will just refer to the
3   company as Astra Zeneca or AZ; is that okay?
4   A.    That's okay.
5   Q.    And if you need to make the distinction you do
6   that, all right?
7   A.    Okay.
8   Q.    Prior to coming in here to give your
9   deposition did you do any preparation?
10  A.    I met with my attorneys.
11  Q.    When you say your attorneys, who are you
12  referring to?
13  A.    I met with at various times the three folks
14  here in the room, January, Peter and Kim.
15  Q.    Now, these lawyers represent Astra Zeneca; you
16  understand that?
17  A.    Yes, I do.
18  Q.    Are you partially represented here today?
19  A.    I'm sorry, I don't understand your question.
20  Q.    Are with any one of these lawyers representing
21  you personally, in other words, have you hired them as
22  your lawyers.
23  A.    No, I have not personally hired anyone.
24  Q.    So you met with counsel for your employer
0009
1   Astra Zeneca?
2   A.    That's correct.
3   Q.    And what periods of time did you meet with
4   them in terms of how many days and when and where?
5   A.    We met at the Astra Zeneca offices and you
6   asked how many periods of time, I would say we met
7   over a period of several days.
8   Q.    The Astra Zeneca offices are in Wilmington,
9   Delaware?
10  A.    Yes, they are.
11  Q.    So the lawyers came in to Wilmington Delaware
12  and met with you at your office?
13  A.    That's correct.
14  Q.    Or conference room?
15  A.    Right.
16  Q.    And you say it was over a period of days?
17  A.    Yes.
18  Q.    During what time frame did these meetings
19  occur?
20  A.    Within the last three weeks or so.

21 Q.     And approximately how many days did you meet?
22 A.     I think it was over a period of five or six
23 days, not full days.
24 Q.     Was it five or six half days, full days,
0010
1 that's what I was going to ask?
2 A.     A couple half days and a couple full days.
3 Q.     So is it fair to summarize that you've met
4 with AZ's lawyers for approximately three days in
5 preparation, couple half days and a couple full days?
6 A.     That's fair.
7 Q.     All right.  Now, during these meetings did you
8 review any materials?
9 A.     Yes, we did.
10 Q.     What types of materials did you review?
11 A.     We looked at various documents.
12 Q.     How many?
13 A.     I don't remember.
14 Q.     A little or a lot?
15 A.     Somewhere in between.  In terms of a lot can
16 you be more specific?
17 Q.     Sure.  More than 100 or less than 100?
18 A.     Less than 100.
19 Q.     More than 50 or less than 50?
20 A.     That might be in the range but I'm speculating
21 at this point, sir.
22 Q.     Is it fair to say somewhere around 50, best
23 you can do now?
24 A.     I would say somewhere less than 50, that's the
0011
1 best I can do now.
2 Q.     How about 50 to 30 or 30 to 50?
3 A.     That feels right but again I'm speculating, I
4 do not remember.
5 Q.     What type of documents were there?
6        MS. DODD:  I'm going to object at this
7 point and invoke the privilege.
8 BY MR. PIRTLE:
9 Q.     The Astra Zeneca lawyer has asserted the
10 attorney-client privilege and what I'm doing now is
11 I'm going to make a record so I'm going to ask you are
12 you going to follow the Astra Zeneca lawyer's
13 instruction?
14 A.     Yes, I am.
15 Q.     All right.  So let me be clear: you've
16 reviewed some number of documents and we've pinned it

17  down somewhere between 30 and 50 you think, right?
18  A.     That's about right.
19  Q.     And just let me state very clearly on the
20  record tell me what specific documents you reviewed in
21  preparation for this deposition?
22          MS. DODD:  And same objection.  I'll
23  instruct her not to answer.
24          MR. PIRTLE:  Fair enough.

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Benjamin A. Krass, Esq.<br>Law Offices of Matthew F.Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Seth Webb, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

<u>**SERVICE LIST**</u>

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX  77060<br>Telephone:  (281) 272-0797      .<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2001 Park Place North, Suite 1000<br>Birmingham, AL  35203<br>Telephone:  (205) 328-9576<br>THARVEY@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone:  (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone:  (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769 - Orl - 22DAB

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>*Pro Se* |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* |

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Thomas Campion, Esq.<br>Steven M. Selna<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone:  (973) 360-1100<br>tcampion@dbr.com<br>steven.selna@dbr.com<br>heidi.hilgendorff@dbr.com<br><br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** | Joseph C. Langston, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone:   (816) 471-2121<br>raines@bscr-law.com<br>***Attorney for Defendant AstraZenca, PLC*** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** |

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants, Astrazeneca***<br>***Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>K. Lindsay Rakers, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| David P. Matthews, Esq.<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, Virginia 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Howard Nations<br>Lori A. Siler<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769 - Orl - 22DAB

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Brennan Joseph Torregrossa<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net | Linda S. Svitak<br>Russell O. Stewart<br>Krisann Kleibacker Lee<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com |
| James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com | Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769 - Orl - 22DAB

| | |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>Price, Waterhouse & Riley, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>(317)633-8787<br>eamos@price-law.com | Earl Francis Carriveau<br>1012 6th Avenue<br>Lake Charles, LA 70601-4706 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett Street<br>Houston, TX 77098<br>(713) 222-8080<br>shawnaf@gld-law.com | Stacy K. Hauer<br>Charles S. Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402<br>(612) 341-0400<br>(800) 755-0098<br>csz@zimmreed.com |
| Buffy Martines<br>Laminack, Pirtle & Martines<br>440 Louisiana, Suite 1250<br>Houston, TX 77002<br>(713) 292-2750<br>buffm@lpm-triallaw.com | |