UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: SUBPOENAS SERVED ON HARRIS INTERACTIVE, INC., KLEMTNER ADVERTISING, INC., SAATCHI & SAATCHI HEALTHCARE, AND EDELMAN | Misc. Action No. M8-185 |
|---|---|

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

------------------------------------------------X
IN RE SEROQUEL PRODUCTS      :
LIABILITY LITIGATION              :
------------------------------------------------X    MDL 1769
THIS RELATES TO                      :
ALL CASES                                 :
------------------------------------------------X

## DECLARATION OF CHARLES G. BAKALY, III

CHARLES G. BAKALY, III hereby declares as follows:

1. I am the practice head of the Litigation Communications practice of non-party Daniel J. Edelman, Inc. ("Edelman"). I have been an attorney since 1980 and am currently a member of the Bar of the District of Columbia. This Declaration is based on my personal knowledge except where otherwise indicated. I submit this declaration to provide additional clarification to the Court in connection with its consideration of Plaintiffs' motion to compel and in support of Edelman's motion to quash the subpoena served by the plaintiffs in this action, or in the alternative, for a protective order.

2. Edelman's Litigation Communications practice was retained through AstraZeneca's outside counsel (Sidley Austin LLP) in 2006 at the direction of the company's internal counsel to

provide strategic communications counsel as part of the Company's strategy in responding to the *Seroquel MDL*, Seroquel state-court claims, and potential state Attorneys General actions regarding Seroquel.

3. In the course of providing strategic counsel to AstraZeneca, Edelman was retained to perform services including, but not limited to, advice in connection with assisting with public and media relations, preparing for potential public issues, developing crisis management protocols, and other work involving counsel. Edelman attempted to maintain documents and communications relating to these services for AstraZeneca in a confidential manner, to conspicuously mark documents it prepared as "privileged and confidential," "attorney client communication," or "attorney work product," and to not disclose any confidential information except as expressly authorized by counsel.

4. Accordingly, certain documents in the files of the Litigation Communications practice may be protected from disclosure by the attorney-client privilege and/or work product doctrine.

5. It is my understanding that AstraZeneca has indicated that it wishes to protect, and not to waive, any attorney-client or work product privileges associated with the Litigation Communications practice that may be covered by the subpoena served by the plaintiffs in this action.

6. As part of their motion to compel, it is my understanding that plaintiffs' counsel requested that Edelman compile a privilege log with respect to privileged communications. I understand that Edelman is willing to agree to that request so that the Court can determine, on a document-by-document basis, which documents are in fact privileged and protected from disclosure.

7. Our initial estimates are that a privilege log with respect to this subject matter will be labor intensive and could potentially involve review of tens of thousands of documents. Because the privilege at issue belongs to AstraZeneca, it is my understanding that counsel for Edelman has also asked counsel for AstraZeneca to assist in privilege determinations and they have agreed to do so.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on November 27, 2007.

_____
CHARLES G. BAKALY, III