

**BLIZZARD,
McCARTHY &
NABERS, LLP**

ATTORNEYS AT LAW

Lyric Centre Building
440 Louisiana, Suite 1710
Houston, Texas 77002-1689

Telephone 713-844-3750
Facsimile  713-844-3755

www.blizzardlaw.com

November 20, 2007

*Via Electronic Mail*
Rachel G. Balaban, Esq.
Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, NY 10020

Re:  In Re: Seroquel Products Liability Litigation; MDL No. 1769; Subpoenas served on Harris Interactive, Inc., Klemtner Advertising, Inc., Edelman, Inc., and Saatchi & Saatchi Healthcare

Dear Ms. Balaban:

Thank you for speaking with me this morning following the hearing with Judge Baker.

As you know, we have already eliminated 296 of the 496 Seroquel related projects identified by Saatchi and Klemtner. We believe the many of the 296 projects we eliminated likely contain relevant information to the claims in this litigation. However, in an effort to compromise and to lessen the burden on your clients, we eliminated these 296 projects based on the limited information provided which suggested the projects may have related only tangentially to this litigation.

We would be happy, and indeed agree that it would be in our best interest, to eliminate additional projects that may not relate to the claims in this litigation. In order for us to do so, however, we need more information about the 200 remaining Seroquel related projects. To that end, I suggested that your clients provide a brief description of the remaining 200 projects. The project list you previously provided contains only what appear to be project titles. In reviewing AstraZeneca's production, I noted that some third party vendor documents often contain an "Objective," "Introduction," or "Summary" of a project at the beginning of the project document. To the extent your clients' documents contain such a description, I am confident that by providing that information we can further narrow the project list. If the project documents do not contain that information, we just ask that your clients do the best that they can to create a brief description.

If your clients believe this suggestion is too burdensome, we would also be willing to interview or depose the person with the most knowledge of the Seroquel projects. As I mentioned, we can conduct a 30(B)(6) deposition by telephone or in



PLAINTIFF'S
EXHIBIT
A

person in New York prior to next Wednesday's hearing. This would allow us to run through some of remaining 200 Seroquel related projects and get as much information as possible in an effort to further narrow the project list. You advised that no one person would have information about all 200 projects. I understand your concern and suggest that we do the best we can and get as much information from the person *most* knowledgeable.

You have requested that I provide additional information about the subject matter of the Seroquel related projects of which we are most interested. I have provided a significant amount of such information through the Excel spreadsheet previously provided to you, in my motion and during the hearing earlier today. As I advised earlier today, the spreadsheet was created after my review of documents produced by AstraZeneca in this litigation. I am not sure which of the 200 remaining Seroquel related projects the identified documents would fall within; however, I can tell you with certainly that we are interested at a minimum in the projects that relate to the themes I addressed during the hearing, which include the following: (1) the advertising or promotion of Seroquel for any purpose beyond the treatment of schizophrenia or bipolar acute mania and major depressive episodes; (2) the targeting a primary care physicians (PCPs) and any testing, research, or analysis of the effect of Seroquel marketing on PCPs and their prescribing habits; (3) the targeting of consumers, including any suggestion that consumers have been misdiagnosed with depression and should seek treatment for bipolar disorder; (4) "Drive the Dose" and any dose case study analysis; and (5) diabetes/hyperglycemia/weight gain information provided to sales representative, the medical community or consumers. If your clients can tell me which projects may potentially relate to the above categories, we can attempt to further narrow the project list.

After we spoke this morning, I re-reviewed the list of 200 remaining Seroquel projects. Based on the limited information provided and your request, I have attempted to prioritize some of those Seroquel related projects as follows:

(1) Weight Gain/Hyperglycemia/Diabetes (Job Nos. ASE046x01; 450ASMSQP050081);
(2) Drive the Dose (Job Nos. ASE090x02; ASE094x02; ASE096x02; ASE097x02; ASE098x02; ASE101x02; ASE127x02; ASE131x02; ASE132x02; ASE133x02; ASE134x02; ASE141x02; ASE174x03)
(3) PCP Targeting (Job Nos. ASE251x03; ASE252x03; 450ASMSQP40032; 450ASMSQP40071; 450ASMSQP40077; 450ASMSQP40078; 450ASMSQP050007; 450ASMSQP050015; 450ASMSQP050017; 450ASMSQP050065; 450ASMSQP050070; 450ASMSQP050073; 450SMSQP050033);
(4) Reprint Projects (Job Nos. ASE003x00; ASE004x00; ASE005x00; ASE011x00);
(5) LTC/Geriatric Projects (Job Nos. ASE0038x01; ASE039x01);
(6) Diagnosis of depression vs. bipolar disorder (Job No. 450ASMSQP070023);
(7) Label Change (to the extent the change concerns weight gain, hyperglycemia, or diabetes) (Job Nos. ASE136x02; 450ASMSQP050045); and

(8) Objection Handlers (also located in the Driver the Dose category) (ASE050x01; ASE051x01; 450ASMSQP050066; 450ASMSQP060006).

While I have attempted to prioritize the remaining 200 projects, I still need additional information regarding any *unidentified* projects (of the remaining 200) simply because the titles do not provide enough information to prioritize and I have no knowledge of the subject matter of the unidentified projects.

With respect to the technical issues, it is my understanding based on your comments that your clients cannot search their electronic files by project; however, they may be able to search the files by project number. I have asked that you provide more detailed information about the problems your clients have encountered in their efforts to locate responsive documents, including identifying the titles of Seroquel electronic files and subfiles which may contain information related the requested projects. We also discussed your clients hard copy files which you advised are organized by project and are stored in approximately 50 large boxes. If it turns out that we are able to further narrow the project lists, and the vast majority of documentation and communications (including emails) are contained in the project specific hard copy files, we may be agreeable to your client producing hard copies of those documents. You indicated you would follow up with your client to determine what information is contained in the hard copy files.

I have also requested that you provide additional information about the estimated costs your clients will incur. I understand this estimate may vary depending on the number of projects that we ultimately identify; however, I ask that you and your clients do the best that you can to provide more detailed information regarding the costs associated with processing the documents relating to the 200 previously identified projects. As I mentioned on the telephone, I believe the court instructed the nonparties to further research these costs.

Also, I requested the information the court mentioned with respect to the amounts billed to AstraZeneca by your clients for the Seroquel related projects. I request that you provide this information to me before the next hearing on Wednesday, November 28th.

I am available to talk again this afternoon and tomorrow. I can also be available by cell phone on Friday and I have provided you with that number. Please let me know once you have spoken with your client about the above issues.

Yours truly,

Holly M. Wheeler