

**BLIZZARD,**
**McCARTHY &**
**NABERS, LLP**

ATTORNEYS AT LAW

Lyric Centre Building
440 Louisiana, Suite 1710
Houston, Texas 77002-1689

Telephone 713-844-3750
Facsimile   713-844-3755

www.blizzardlaw.com

November 27, 2007

***Via Electronic Mail***
Rachel G. Balaban, Esq.
Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, NY  10020

Re:     *In Re:  Seroquel Products Liability Litigation; MDL No. 1769; Subpoenas*
*served on Klemtner Advertising and Saatchi & Saatchi Healthcare*

Dear Ms. Balaban:

We are discussing your proposals contained in your letter of November 26th.  The proposals you discuss may be acceptable to the plaintiffs; however, before we can agree, I still need some additional information about the projects we previously identified.  Last week we discussed the possibility of your clients providing additional information about the projects so that I could further narrow the project list.  Your letter does not address this issue.  If we agree to accept a hard copy production of the job files that your client has located, which according to you will consist of 40-50 boxes of documents, additional information about these projects will be particularly important.  Providing additional information will lessen the burden on your client and on the parties and will reduce production costs.  Some of the job descriptions for the job files your client has located are self-explanatory; however, most do not provide enough information for me to determine whether they relate to this litigation.  Please let me know whether your client will provide additional information about these projects so we can attempt to eliminate projects that may only remotely relate to this litigation, thereby lessening the hard copy production.

In your letter you also indicate that job files could not be located for either of the projects relating to weight gain/hyperglycemia/diabetes and that an electronic search by job number did not locate any documents.  These projects are particularly relevant to this litigation.  Therefore, I ask that your client perform a more comprehensive search for these documents. Once I have had an opportunity to review the projects for which your client was unable to locate hard copy job files, and if your client will provide additional information about those projects as requested, I will be in a better position to know whether an electronic search by job number alone will suffice or whether, as in the case with the weight gain/hyperglycemia/diabetes projects, a more comprehensive search may be necessary.

Your letter does not contain the amounts billed by your clients on the Seroquel related projects.  The court and I requested this information last week.    Although

PLAINTIFF'S EXHIBIT

AstraZeneca and the plaintiffs have agreed to share some of the nonparties' reasonable costs, as you know, we have also requested that the court apportion some of those costs to your client.  The amounts billed by your clients relate to this issue.  With respect the attorneys' fees, as I indicated over the telephone last week and in my letter of November 21st, I do not believe attorney review of your clients' business records is warranted.  Again, if your clients will agree to provide me with your invoices, I will discuss those fees with Mr. Friedman.

I understand that you are in a deposition today so I ask that you call me later this afternoon or this evening so that we can further discuss these issues.  In the meantime, I will review the list of job files you provided with your letter and attempt to identify the projects which include self-explanatory job descriptions and for which I will *not* need additional information.  I will have that information to you as soon as possible.

Thank you.

Yours truly,

Holly M. Wheeler

Cc:    Kenneth Friedman
       Scott Allen