UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>THIS RELATES TO:<br><br>ALL CASES | MDL 1769<br><br>SUPPLEMENTAL DECLARATION ON BEHALF OF HARRIS INTERACTIVE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF CROSS MOTION FOR A PROTECTIVE ORDER |

**PHILIP G. SPELLANE**, an attorney duly admitted to practice law in the State of New York, affirms the truth of the following under penalty of perjury:

1. I am a member of Harris Beach PLLC, attorneys for Harris Interactive Inc. ("Harris"). I submit this Supplemental Declaration in accordance with this Court's request for the same made during a telephone conference hearing held on November 20, 2007. In particular, and in accordance with the Court's direction, I address the issue of Harris' application for reimbursement of legal fees incurred in complying with the non-party subpoena.

2. As discussed with the Court during that conference, Harris has located 25 files that appear to be responsive to the non-party subpoena. Those files relate to market research that Harris performed on behalf of defendant Astra-Zeneca with respect to its product known as Seroquel. All 25 electronic files contain detailed information that should be reviewed prior to production.

3. For example, the files contain extensive proprietary information belonging to Harris. While I acknowledge that a Protective Order is in place, given the nature of plaintiffs' allegations in this action and the alleged involvement of Harris, much if not all, these files need to be reviewed prior to production.

4. In addition, in the unlikely event any of the files contains a name or other identifying information about any respondent, such information would need to be redacted.

5.  During the hearing, the Court inquired about the amount of fees paid by Astra-Zeneca to Harris for this work. Those fees total approximately $3.7 million. Plainly Harris' work was extensive and produced significant volumes of data. In fairness to all involved in this litigation, these materials should be reviewed by counsel prior to production. Indeed standard practice is for counsel to review documents prior to production and thereby familiarize himself/herself with the content of the responses. It is respectfully submitted that counsel for all parties to this litigation already have done the same, or will do so, prior to their respective productions.

6.  By email on October 23, 2007, I forwarded to Ms. Wheeler, counsel for plaintiffs, the following estimate of the work needed to be done by both Harris staff and this firm prior to production. Those estimates are as follows:

Harris survey staff locating/assembling responsive data: 25 hrs. @ avg. of $170/hr = $4,250

Harris staff preparing data for transfer to counsel: 10 hrs. @ avg. of $170/hr = $1,700

Counsel's review of Harris data: 50 hrs. @ avg. of $375/hr = $18,750

Harris Beach IT creation of production: 25 hrs. @ avg. of $170/hr = $4,250

Total: $28,950

7.  It is respectfully submitted that my rate of $375 per hour is appropriate and consistent with the rates charged by attorneys who have been practicing civil litigation for 25 years at comparable firms in western New York. By way of background, I received my Bachelor's Degree from Hamilton College in Clinton New York in 1977 and my law degree from St. John's University School of Law in 1981. I have been practicing in New York since my admission in 1982. I have been a member of Harris Beach PLLC since January, 1990. Harris Beach PLLC is a National Law Journal top 250 law firm based in Rochester, New York. Harris Beach has served as general counsel to Harris for more than 12 years. I am the attorney at Harris Beach PLLC most familiar with Harris'

responses to non-party subpoenas such as the one at bar. Accordingly, it is respectfully submitted that I can perform the most efficient review of the files.

       8.    Finally, as detailed in the accompanying affirmation of Jennifer H. Thomas, Harris' in-house general counsel, the company has two in-house attorneys. That staff focuses on day-to-day corporate matters and, for purposes of efficiency, refers all litigated matters to Harris Beach PLLC.

Dated: Pittsford, New York
      November 27, 2007

                                              /s/ Philip G. Spellane
                                              Philip G. Spellane
                                              Harris Beach PLLC
                                              Attorney for Harris Interactive Inc.

229826 926919.2