**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation**

                                                Case No.  6:06-md-1769-Orl-22DAB

_____

**ORDER**

This cause comes before the Court for consideration of AstraZeneca's Motion For Judgment on the Pleadings Regarding the Strict Liability "Design Defect" Claims and Related "Implied Warranty" Claims Asserted by Plaintiffs in Jurisdictions That Do Not Recognize Those Claims in the Prescription Drug Context (Doc. 328), filed July 31, 2007, to which Plaintiffs responded (Doc. 368) on August 10, 2007.  AstraZeneca was granted leave to file a Reply, and so replied (Doc. 395) on August 22, 2007.  Supplemental briefs (Docs. 490, 509) were submitted thereafter by the parties at the Court's request, and oral argument was heard on the motion on September 27, 2007.  Upon careful consideration of the arguments presented by the parties, the Court determines that AstraZeneca's motion is due to be **DENIED** at this time.

AstraZeneca seeks judgment on the pleadings with respect to the strict liability "design defect" and/or "implied warranty" claims of over 3,600 plaintiffs whose cases have been transferred to this Court for consolidated pretrial proceedings.  AstraZeneca maintains that such claims are not legally cognizable in the twenty-seven jurisdictions in which the plaintiffs reside. In response, Plaintiffs submit that AstraZeneca erroneously assumes that the law of each plaintiff's state of residence applies to their respective cases, and further suggest that a meaningful choice of law analysis must be conducted before the Court can fairly rule on the

motion. Plaintiffs also contest AstraZeneca's characterization of the applicable state law with respect to twenty-two of the twenty-seven relevant jurisdictions.

At the Court's request, the parties provided supplemental briefing on the narrower issue of which state's law applies to each plaintiff's case. AstraZeneca maintains that the choice of law rules applicable in the sixteen jurisdictions in which the plaintiffs filed their complaints all indicate that the plaintiff's state of residence, as pled in the complaint and as confirmed in the Plaintiff Fact Sheet, is determinative of the state law to be applied to their case. In response, Plaintiffs object to AstraZeneca's characterization of the choice of law rules applicable in two of the sixteen jurisdictions, as well as to all of AstraZeneca's designations of the particular state law to be applied to each plaintiff's case. In this regard, Plaintiffs argue that, in certain cases, a plaintiff's state of residence, as stated in the complaint or in response to a Plaintiff Fact Sheet inquiry, may not be the state in which that plaintiff resided when he or she took Seroquel, or the state in which the plaintiff was allegedly injured. Thus, Plaintiffs submit, the precise facts of each case must be further discovered before the choice of law rules of any of the sixteen jurisdictions can be fairly applied.

Having carefully considered the parties' respective positions, the Court concludes that there are too many unresolved issues at this point in the litigation to enable a full and fair resolution of the instant motion at this time. The Court anticipates, however, that further case-specific discovery will significantly clarify much of the current uncertainty surrounding each plaintiff's relevant state of residence and place of injury. As such, the Court will reconsider the issues presented by the motion at a later stage in these proceedings, after additional case-specific

discovery has been conducted, should AstraZeneca deem it appropriate to reassert the motion at that time.

Based on the foregoing, it is **ORDERED** that AstraZeneca's Motion For Judgment on the Pleadings Regarding the Strict Liability "Design Defect" Claims and Related "Implied Warranty" Claims Asserted by Plaintiffs in Jurisdictions That Do Not Recognize Those Claims in the Prescription Drug Context (Doc. 328) is **DENIED** without prejudice to AstraZeneca's refiling at a later stage in this proceeding.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 27, 2007.

Copies furnished to:

Counsel of Record

ANNE C. CONWAY
United States District Judge