UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re Seroquel Products Liability Litigation
MDL Docket No. 1769

**This Document Relates to All Cases**

**ASTRAZENECA'S OPPOSITION TO MDL PLAINTIFFS' MOTION AND COMBINED MEMORANDUM OF LAW TO COMPEL DISCOVERY OF DOCUMENTS REVIEWED BY WITNESSES IN PREPARATION FOR DEPOSITIONS**

**I.      INTRODUCTION**

AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") hereby oppose the MDL Plaintiffs' Motion And Combined Memorandum Of Law To Compel Discovery Of Documents Reviewed By Witnesses In Preparation For Depositions (Doc. No. 711) ["Motion"]. Plaintiffs' Motion seeks a broad order compelling AstraZeneca to identify and produce documents selected by defense counsel and then shown to any company witness in privileged deposition preparation sessions, and an accompanying order prohibiting AstraZeneca from asserting privilege objections at future depositions in response to questions related to this issue. The Motion is meritless and must be denied for at least two clear reasons:

(1)     Plaintiffs have not satisfied their initial burden of establishing the necessary *foundation* under Federal Rule of Evidence 612.  *See*, *e.g*., *In re Managed Care Litig*., 415 F. Supp. 2d 1378, 1380 (S.D. Fla. 2006); *Medtronic Xomed, Inc. v. Gyrus Ent. LLC*, 2006 U.S. Dist. LEXIS 17202, **11-18 (M.D. Fla. 2006); *accord Sporck v. Peil*, 759 F.2d 312, 317-19 (3d Cir.), *cert. denied*, 474 U.S. 903 (1985); and

(2)     Plaintiffs seek the compelled disclosure of attorney opinion work-product entitled to "nearly absolute immunity," *Cox v. Administrator U.S. Steel & Carengie*, 17 F.3d 1386, 1422 (11th Cir. 1994); *Sporck v. Peil*, 759 F.2d at 315-16, based on nothing but the out-dated and discredited proposition that merely showing a witness a document in preparation for deposition constitutes an automatic waiver

of work-product and attorney-client privileges. *In re Managed Care Litig.*, 415 F. Supp. 2d at 1381; *Medtronic Xomed*, 2006 U.S. Dist. LEXIS 17202, at \*\*17-18.

Remarkably, plaintiffs' Motion does not identify: (i) any particular document they believe must be, but has not been, produced by AstraZeneca; (ii) any witness whose recollection was refreshed by reviewing any specific document before his or her deposition; (iii) any witness whose subsequent deposition testimony was influenced by reviewing that particular document; (iv) any overwhelming and compelling need on the part of plaintiffs that might conceivably warrant obliterating the privileged and protected status of the information at issue; and/or (v) why the interests of justice would only be served if this Court were to grant the unprecedented relief plaintiffs seek. Yet plaintiffs must prove *all* these points before this Court could even entertain their Motion consistent with Federal Rule of Evidence 612, Federal Rule of Civil Procedure 26(b)(3), and the governing authorities. Further still, plaintiffs' requested relief is not only wildly overbroad, but without any legitimate legal basis. As shown below, because plaintiffs have failed to satisfy their burdens under the applicable legal standards, their unsupported Motion must be denied.

## II. BACKGROUND

Plaintiffs purport to identify a "problem" they have encountered in deposing AstraZeneca witnesses where defense counsel assert "improper objections" based on "attorney-client and work-product privilege." Motion at 1. Yet the "problem" concerns only that small *subset* of documents (from among those *already* produced to plaintiffs) that *AstraZeneca's counsel selected* to show to company witnesses in privileged deposition preparation sessions – which by its very nature reveals counsel's impressions and opinions about which materials are important

and, thus, is entitled to protection from disclosure to adversaries under the "opinion" work-product doctrine.  *See generally* Declaration of Jan Dodd ("Dodd Decl.").

Plaintiffs' Motion references only the November 7-8, 2007 deposition of a single AstraZeneca employee, Athena Ruhl.  *See* Motion at 1 & Exh. A.  In the cited excerpt, plaintiffs' counsel asked Ms. Ruhl if she met with defense counsel in preparation for her deposition, for how long, and whether she and AstraZeneca's counsel reviewed any documents together.  *Id.*  When plaintiffs' counsel asked what specific documents Ms. Ruhl reviewed in her deposition preparation sessions with counsel, AstraZeneca's counsel properly objected on privilege grounds.  *Id.*  Importantly, plaintiffs' counsel during the deposition at no point established that Ms. Ruhl's review of any document refreshed her recollection in any way as to any facts, nor that her review of any document influenced her deposition testimony in any way.  *See id.*

Yet without laying the foundation required under Federal Rule of Evidence 612 for even this single excerpt, plaintiffs now seek an unprecedentedly broad order (i) "prohibiting" AstraZeneca in the future "from objecting to questions concerning documents viewed prior to a deposition," and (ii) "requiring" AstraZeneca "to identify and produce any document reviewed by a witness unless it *contains* legal strategy, legal opinions or legal conclusions for which defendant should produce an appropriate privilege log."  Motion at 8 (emphasis added).[1]

---

[1] In addition, plaintiffs wrongly suggest that – in response to their Motion (which references only one deposition, and fails to lay any proper foundation as to it) – AstraZeneca somehow bears the burden of both identifying *all* documents that may have been shown to *any* company witness prior to deposition, and also making some particularized evidentiary showing as to each document within the entire universe of unidentified materials implicated by plaintiffs' over-reaching demands.  Plaintiffs cite *no authority* for such an unprecedented and improper burden

3

### III.     ARGUMENT

#### A.     Plaintiffs' Motion Is Procedurally Defective, Because They Have Failed To Satisfy Their Threshold Burden To Lay The Necessary Foundation Required By Federal Rule Of Evidence 612

Under Federal Rule of Evidence 612, plaintiffs must satisfy each of "three conditions" before they may be entitled to request production of a specifically identified document that was reviewed by an adverse witness before testifying in deposition or trial. *In re Managed Care Litig.*, 415 F. Supp. 2d 1378, 1380 (S.D. Fla. 2006). Those three conditions, derived from the text of Rule 612 itself, are: (1) the witness used the particular writing "to refresh" the witness's recollection; (2) the witness used the document "for the purpose of testifying," *i.e.*, review of the writing actually influenced the witness's subsequent testimony; and (3) under the circumstances, the "interests of justice" require that the document reviewed by the witness must be produced. FED. R. EVID. 612; *see also In re Managed Care Litig.*, 415 F. Supp. 2d at 1380 (citing *Sporck v. Peil*, 759 F.2d at 317-18); *Medtronic Xomed, Inc. v. Gyrus Ent. LLC*, 2006 U.S. Dist. LEXIS 17202, at **11-18 (M.D. Fla., March 27, 2006) (citing *Sporck* and *In re Managed Care Litig.*, supra); *accord* Wright & Gold, 28 FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6185 (2007). By failing to satisfy these burdens as to *any* document that *any* witness may have reviewed with defense counsel before his or her deposition, "deposing counsel has failed to lay a proper foundation under Rule 612." *Sporck*, 759 F.2d at 317-18.

Plaintiffs misstate the law by suggesting deposing counsel need merely establish that the deponent's review of a particular document *either* "refreshed his recollection *or* influenced his

---

shifting, for there is none. Moreover, given that plaintiffs have not laid any proper foundation as to any document or any company witness, AstraZeneca has no evidentiary burden at all here.

testimony." Motion at 5 (emphasis added). On the contrary, the sole authority they cited for that proposition, *Laborers Local 17 Health Benefit Fund v. Philip Morris*, 1998 WL 414933, *5 (S.D.N.Y. 1998), holds that Rule 612's foundational requirements demand a three-part showing that "(1) the witness used the document to refresh his memory *and* (2) the witness's testimony was affected by the refreshed recollection, *and* (3) the court determines that production is necessary in the interest of justice." *Id*. at *5 (emphasis added).[2]

Here, plaintiffs have failed to establish the requisite foundation as to any AstraZeneca witness and any document – including the sole deponent their Motion identifies, Ms. Ruhl. First, plaintiffs do not prove that Ms. Ruhl's recollection was actually *refreshed* in any way by any documents she may have been shown in deposition preparation sessions with counsel. *See Medtronic Xomed*, 2006 U.S. Dist. LEXIS 17202, at **13-17 (denying motion to compel where movant failed to "prove that [the deponent] refreshed his recollection by means of [the particular] document" at issue); *Sporck*, 759 F.2d at 317; *United States v. Wright*, 489 F.2d 1181, 1188-89 (D.C. Cir. 1973).[3] Second, plaintiffs fail to establish that Ms. Ruhl's deposition

---

[2] Plaintiffs incorrectly suggest that their Motion is somehow proper under New York "state discovery law" (Motion at 6-7). Of course, the federal rule applies here, but even if New York law somehow did apply, it requires the same *foundational* requirements as Rule 612 which plaintiffs fail to meet: the movant must *first* establish that some particular witness used a particular document to "refresh" the witness's recollection, which then "actually" influenced the witness's subsequent testimony. 5 N.Y. PRACTICE, EVIDENCE IN NEW YORK STATE & FEDERAL COURTS, § 6:81 (2006); *see also*, *e.g.*, *Hayes v. Henault*, 16 N.Y.S.2d 798, 801 (N.Y. App. Div. 1987) (reversing for lack of foundation because principle that adversaries may inspect writings "used by a witness to refresh his recollection" clearly "does not come into play until" it is established "the witness actually use[d] the document to refresh his recollection").

[3] The premise of plaintiffs' Motion – that Rule 612 entitles them to identification and production of any document a company witness may have reviewed prior to deposition – is contrary to hornbook law. *See*, *e.g.*, Wright & Gold, 28 FEDERAL PRACTICE AND PROCEDURE: EVIDENCE, § 6185 ("even where a witness reviewed a writing before or while testifying, if the witness did not

testimony was *influenced* in any way by her prior review of any documents. *See Sporck*, 759 F.2d at 318 (Rule 612's "second requirement" is not met "without a showing that the document actually influenced the witness's testimony"); *Medtronic Xomed*, 2006 U.S. Dist. LEXIS 17202, at **17-18 (motion to compel denied where plaintiff failed to "meet its burden of proving that [the witness] used the contested document for the purpose of testifying," *i.e.*, that the witness's "testimony was influenced by the contested document"). Thus, plaintiffs have not shown how the "interests of justice" would be served only if AstraZeneca were ordered to identify which already-produced documents its counsel reviewed with Ms. Ruhl prior to her deposition.

In sum, plaintiffs' Motion must be denied because they have not established as to any witness or document the required foundation under Rule 612. Moreover, there is *no support whatsoever* for plaintiffs' demand for a *pre*-deposition identification and production of whatever documents defense counsel might select and then show to company witnesses in preparing for any deposition. If this Court were to grant plaintiffs' requested relief, despite the absence of any proper foundation, it would distort Rule 612 and constitute reversible error.

> **B.  Plaintiffs Have Not Met Their Additional Burden Under Federal Rule Of Civil Procedural 26(b)(3), Which Provides Nearly Absolute Protection For The Attorney Opinion Work-Product At Issue Here**

Even if plaintiffs had laid a proper foundation under Rule 612 as to some document reviewed by Ms. Ruhl or another company witness – which they have not – that would not end the inquiry, because the identity of the documents at issue here is protected from disclosure as

---

rely on the writing to refresh memory, Rule 612 confers no rights on the adverse party"). Moreover, Rule 612 has *never* been read to support the sort of *pre*-deposition/*pre*-testimony order that plaintiffs request.

attorney opinion work-product under Federal Rule of Civil Procedure 26(b)(3).[4]

Plaintiffs contend that privilege or work-product protection attaches only to a document reviewed by a company witness prior to deposition that "contains" legal strategy, legal opinions, or legal conclusions of AstraZeneca's counsel. *See* Motion at 2, 8. That fundamentally misstates the law. As the Eleventh Circuit has held, the protections afforded to attorney "opinion work product" under Rule 26(b)(3) broadly extend to any "material which *reflects* an attorney's mental impressions, conclusions, opinions, or legal theories." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (emphasis added); *Medtronic Xomed, Inc.*, 2006 U.S. Dist. LEXIS 17202, at **9-10 (citing *Cox*). This distinct category of attorney work product "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances" that do not apply here. *Cox*, 17 F.3d at 1422; FED. R. CIV. PROC. 26(b)(3) (courts "shall protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation"); *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into … the mental impressions of an attorney.").

Here, the sole issue genuinely raised by plaintiffs' Motion is whether they are entitled to learn which specific documents AstraZeneca's counsel chose to review with Ms. Ruhl from

---

[4] Rule 612 analysis must be calibrated in light of the privileged and protected status of the information at issue. Wright & Gold, 28 FEDERAL PRACTICE & PROCEDURE: EVIDENCE §§ 6185, 6188; *Sporck*, 759 F.2d at 318-19 ("Proper application of Rule 612 should never implicate an attorney's selection, in preparation for a witness's deposition, of a group of documents that he believes critical to a case," thereby leaving "deposing counsel" to choose what documents are important for a witnesses "through his own wit, and not through the wit of his adversary"). As the notes to Rule 612 emphasize, "'nothing in the rule [should] be considered as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory.'" *In re Managed Care*, 415 F. Supp. 2d at 1380 (quoting FED. R. EVID. 612, Advisory Comm. Notes).

7

among the reams of voluminous documents *already produced* to plaintiffs in this case.[5]  The answer is no.  Indeed, this category of information is entitled to near-absolute protection from disclosure as opinion work-product under the Eleventh Circuit's standard in *Cox*, because defense counsel's selection itself reflects the attorney's mental impressions and opinions as to what counsel thinks is important to the case and the particular witness at issue.  See Dodd Decl., ¶¶ 5-9.  The leading and seminal case is *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985), which addressed this exact issue and held that "the selection process of defense counsel" choosing "certain documents" out of many thousands produced in the litigation to show to a witness in preparation for deposition was entitled to heightened protection as attorney "opinion" work-product under Rule 26(b)(3).  *Id*. at 315-16 ("the selection process itself represents defense counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation," which must be shielded from disclosure to adversaries); *Shelton v. Am. Motors Corp*., 805 F.2d 1323, 1329 (8th Cir. 1996) (same); *accord In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997).  Notably, *Sporck* has been repeatedly embraced and applied within the Eleventh Circuit.  *Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 682 (M.D. Fla. 2006) (confirming vitality of *Sporck*, but holding its principle does not apply where defendant "was not asked to produce all of the documents they selected for a

---

[5] Because plaintiffs already received production of each of the documents shown to Ms. Ruhl in privileged deposition preparation sessions with AstraZeneca's counsel, *see* Dodd Decl., ¶¶ 5-6, the only issue is whether plaintiffs are entitled to discover *which* documents defense counsel chose as important to review with her from among the materials already produced in the case.  As detailed above, disclosure of that information would violate the attorney opinion work-product doctrine.  Indisputably, a direct and real – not speculative – basis exists (*Hunter's Ridge Golf Co.*, 233 F.R.D. at 683) to conclude that the attorney opinion work-product of AstraZeneca's counsel is squarely implicated by plaintiffs' Motion.  *See generally* Dodd Decl.; *see also Sporck*, 759 F.2d at 318-19.

8

deponent to use in preparing for a deposition"); *cf. Medtronic Xomed, Inc.*, 2006 U.S. Dist. LEXIS 17202, at *12; *In re Managed Care Litig.*, 415 F. Supp. 2d at 1380.

Even the seemingly inapposite federal cases cited by plaintiffs support AstraZeneca to the extent they are germane at all.  If anything, they merely confirm that the principle pronounced in *Sporck* remains good law squarely applicable to the situation here.  *See, e.g.*, *In re Grand Jury Subpoenas, etc.*, 318 F.3d 379, 385-86 (2d Cir. 2003) (citing *Sporck* with approval, but concluding it was inapposite where bank records sought in discovery did not involve disclosure of "selection and compilation" of documents by counsel for a privileged deposition preparation session as in *Sporck*); *In re San Juan Dupont Laza Hotel Fire Litig.*, 859 F.2d 1007, 1017-19 (1st Cir. 1988) (recognizing vitality of *Sporck* and *Shelton*, but holding their principle was inapplicable where discovery sought did not involve counsel selecting a few documents from thousands for deposition preparation).[6]  The various state-law cases plaintiffs cite (*see* Motion at 6-7) clearly do not apply in this MDL; "federal law governs" questions concerning the "work product doctrine" in federal diversity cases.  *Hunter's Ridge Golf Co.*, 233 F.R.D. at 681 n.1; *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990).  In any event, it is dispositive that plaintiffs cite no case from New York, New Jersey or Delaware state courts *rejecting* the seminal principle – applied in *Sporck* and its progeny – that counsel's selection of a few documents from voluminous materials in the context of privileged deposition preparation

---

[6] Other federal cases cited by plaintiffs conclude that *Sporck*'s opinion work-product principle may apply but the issue could not be determined on the record before the courts, *see Gould v. Mitsui Mining & Smelting Co.*, 825 F.2d 676 (2d Cir. 1987); *Byrnes v. Empire Blue Cross*, 1999 WL 1125114 (S.D.N.Y. Dec. 6, 1999), while others still are entirely inapposite as they neither mention *Sporck* or involve any comparable situation, *see United States v. Intern'l Broth. of Teamsters*, 119 F.3d 210 (2d Cir. 1997); *Hendrick v. Avis*, 916 F. Supp. 256 (W.D.N.Y. 1996).

9

sessions constitutes attorney opinion work product to which litigation adversaries are not entitled.[7] Hence, their inapposite state cases provide no basis for this Court to enter an unprecedented ruling eviscerating AstraZeneca's clear rights under the work product doctrine.

Finally, plaintiffs' Motion is premised on the out-dated and discredited notion that merely showing a document to a witness in deposition preparation effects an automatic waiver of privilege and protection – a proposition explicitly rejected by leading commentators, Wright & Gold, 28 FEDERAL PRACTICE & PROCEDURE § 6188, as well as courts within the Eleventh Circuit.  *See In re Managed Care Litig*., 415 F. Supp. 2d at 1381 (rejecting "automatic waiver" approach reflected in "a few old district court cases" in favor of modern view that such an approach "is inconsistent with both the plain language of Rule 612 and with the advisory committee notes); *Medtonic Xomed, Inc.*, 2006 U.S. Dist. LEXIS 17202, at **17-18.  Because plaintiffs have failed to satisfy the foundation requirements under Rule 612, their Motion must be denied on procedural grounds without any occasion to address these more substantive issues.

## IV.     CONCLUSION

For the foregoing reasons, plaintiffs' Motion (Doc. No. 711) should be denied.

DATED:  November 30, 2007                    Respectfully submitted,

                                                                         */s/ Fred T. Magazifier*

---

[7] At most, plaintiffs say it "does not appear" *Sporck* has been explicitly adopted, even while admitting that New York cases protect attorney work product that "reflect[s]" counsel's analysis, conclusions and strategies (Motion at 6), which is entirely consistent with the holdings in *Sporck* and its progeny.  Moreover, plaintiffs not only disregard their failure to satisfy New York's foundational requirements (*see* n.2, *supra*), but also authority holding that a witness's review of documents in preparation for testimony "does *not* constitute a waiver" of "work product" protection under New York's C.P.L.R. 3101(c).  *Geffers v. Canisteo Central Sch. Dist. No. 463201*, 482 N.Y.S.2d 635, 635 (N.Y. App. Div. 1984) (emphasis added) (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)).

        Fred T. Magaziner
        DECHERT LLP
        2929 Arch Street
        Philadelphia, PA  19103
        Telephone: (215) 994-4000
        Facsimile: (215) 994-2222
        fred.magaziner@dechert.com

        Steven B. Weisburd
        Gretchen S. Sween
        Eliot Walker
        DECHERT LLP
        300 West 6th Street, Suite 1850
        Austin, TX  78701
        Telephone: (512) 394-3000
        Facsimile: (512) 394-3001

        *Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

      I hereby certify that, on November 30, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

              */s/ Gretchen S. Sween*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | |