UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This Document Relates to ALL CASES

## DECLARATION OF JAN DODD IN SUPPORT OF ASTRAZENECA'S OPPOSITION TO MDL PLAINTIFFS' MOTION AND COMBINED MEMORANDUM OF LAW TO COMPEL DISCOVERY OF DOCUMENTS REVIEWED BY WITNESSES IN PREPARATION FOR DEPOSITIONS

My name is Jan Dodd, and I declare:

1. I am over the age of eighteen, and I am competent to make this declaration. I provide this declaration based upon my personal knowledge. If called upon to do so, I would testify as to the facts in this declaration under oath at trial.

2. I am a partner in the litigation department of the law firm Kaye Scholer LLP, which represents AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") in the above-captioned litigation. I submit this declaration in conjunction with that litigation.

3. I am the attorney who prepared and defended the AstraZeneca employee, Athena Ruhl, for her deposition in this litigation.

4. In preparing Ms. Ruhl for her deposition, I met with her in conference rooms at AstraZeneca's office in Wilmington, Delaware for a number of hours over a period of six days.

5. In advance of my meetings with Ms. Ruhl, I conducted several levels of review of the vast documents that have been produced to plaintiffs in this litigation. Initially I reviewed a voluminous subset of 15,835 previously produced documents. Upon careful review I reduced the initial cut to a subset of 195 documents. I then further narrowed the subset to 67 documents that, in exercising my professional judgment, I believed was important to share with Ms. Ruhl

when we met. In the time I met with Ms. Ruhl, I actually reviewed with her approximately 42 documents. I made the selection as to what was important based on my understanding of the legal issues in this litigation and my perception of her relationship to the underlying facts.

6. Before showing any document to Ms. Ruhl, I confirmed that the document had previously been produced to plaintiffs in this litigation.

7. The only documents reviewed by Ms. Ruhl in preparation for her deposition were at my selection and under my direction.

8. The precise selection and compilation that I made specifically to prepare Ms. Ruhl for her deposition is a concrete, non-hypothetical instance of attorney opinion work product. The selection of documents for Ms. Ruhl's deposition preparations, itself a tangible thing, was made in anticipation not only of litigation, but of her pending deposition in particular. I prepared the document selection on behalf of my client AstraZeneca and Ms. Ruhl, AstraZeneca's employee.

9. My understanding is that, under Federal Rule of Civil Procedure 26(b)(3), I need not and cannot identify the specific documents that I select to show a witness during a privileged deposition preparation session without impinging upon the attorney opinion work product protection that that process is afforded. My professional understanding is that attorney opinion work product is entitled to exceedingly deferential protection and near absolute immunity from disclosure under the governing law. Were I required to identify the specific documents that I selected and distilled to review with the witness, I would be revealing to my adversary important aspects of my understanding as to what is important about the case. As an attorney, I view the process of selecting, organizing, and marshalling documents as a proper and necessary part of preparing my client's defense, and have a legally justified expectation that only my client, and not its litigation adversaries, is entitled to the benefit of my mental impressions, opinions, and thought processes.

10. On November 7-8, 2007, I defended Ms. Ruhl's deposition taken by plaintiffs' counsel in this litigation. During Ms. Ruhl's deposition, when plaintiff's counsel asked questions about the deposition preparation process, I allowed Ms. Ruhl to answer questions about the general process of reviewing documents as part of her preparation. I only objected when I perceived that plaintiffs' counsel was improperly asking the witness to identify the specific documents we had reviewed together. My objection to the latter line of questions was based on my understanding that counsel was asking for my attorney opinion work product as to what I had selected as being important to her preparation.

11. At no point in Ms. Ruhl's deposition did Ms. Ruhl testify that any particular document refreshed her recollection about any underlying facts or influenced her testimony in any way.

I declare under penalty of perjury under the laws of the United States of America and the laws of the state of Florida that the foregoing is true and correct to the best of my knowledge.

Signed this 30th day of November, 2007, in Los Angeles, California.

_____
Jan Dodd