UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to ALL CASES

## MOTION FOR RECONSIDERATION AND/OR CLARIFICATION

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") hereby move the Court to reconsider and/or clarify certain portions of its November 16, 2007 Report and Recommendation Regarding the Amended Schedule for General Discovery and Trial and Case Management of Florida Cases ("Report and Recommendation")(Doc. No. 695).

### A.      Native Production of AstraZeneca's Documents

AstraZeneca asks the Court to clarify the language in paragraphs 2 and 3.A of the Report and Recommendation, which could be read to suggest that AstraZeneca is required to produce (or produce again) all electronically stored information ("ESI") in native format (Doc. No. 695 at ¶¶ 2, 3.A). As AstraZeneca informed the Court in its Notice Regarding Substantial Completion of Document Production (Doc. No. 680), and after numerous discussions with plaintiffs and with the Special Master for ESI, AstraZeneca intends to reproduce a portion of its existing production in native format (*i.e.*, the format in which the ESI was created and/or is stored by AstraZeneca) in order to address issues that were present in the initial production. AstraZeneca also intends to produce some, but not all, ESI in native

format going forward.  The specific categories of documents that AstraZeneca expects to produce in native format are these:

- <u>Custodial Collections</u> – AstraZeneca expects to reproduce in native format all non-email ESI previously produced as part of its custodial production, provided that such ESI did not require redactions.  AstraZeneca also will produce in native format non-email ESI responsive to the over 100 additional search terms run across the custodial collections, provided that such ESI does not require redactions.  Emails will be produced in a searchable electronic format extracted from the native email stores as discussed with plaintiffs and the Special Master for ESI.  Redacted ESI (including redacted emails), along with previously-produced paper documents (together comprising approximately 15% of the custodial production), will be produced (or reproduced) in TIFF format.

- <u>Requests for Production ("RFPs")</u> – AstraZeneca expects to produce in native format non-database ESI responsive to pending and future RFPs, provided that such ESI does not require redaction.[1]  AstraZeneca also expects to reproduce in native format unredacted, non-database ESI that it has already produced in response to past RFPs.  Redacted ESI and paper documents responsive to RFPs will be produced in TIFF format.

---

[1] This paragraph discusses non-database ESI that generally was produced in response to plaintiffs' RFPs 1-5.  Database extractions responsive to plaintiffs' RFPs 6-54, and any database extractions responsive to RFPs 1-5, are discussed in the next paragraph (dealing with databases).

- <u>Databases</u> – There are two categories of database extractions. The first category, extractions from document management systems, will be produced in native format. The second category, extractions from transactional databases, will be produced in electronically searchable format.[2] The production of ESI extracted from AstraZeneca databases is currently the subject of multiple meet-and-confers between the parties under the oversight of the Special Master for ESI.

### B.     Third Party Depositions

AstraZeneca requests that the Court clarify the language of paragraph 3.B of the Report and Recommendation that gives plaintiffs, but not AstraZeneca, until May 30, 2008 to complete depositions of third parties (Doc. No. 695 at ¶ 3.B). It would be unfair to allow plaintiffs to continue to take general third party fact discovery until May 30 but to prohibit AstraZeneca from doing so. Thus, AstraZeneca asks the Court to recommend that the May 30, 2008 deadline will apply to both parties.

### C.     Generic Expert Deadlines and *Daubert* Motions

AstraZeneca asks the Court to reconsider its recommendation regarding deadlines for generic expert disclosures (Doc. No. 695 at ¶¶ 3.C, M, N) and *Daubert* motions (Doc. No. 695 at ¶ P). The Report and Recommendation uses dates that appear in the parties' Joint Notice Regarding the Proposed Scope of Case-Specific Discovery in Florida-Related Cases

---

[2] If extractions from transactional databases were produced in native format, plaintiffs would need specific systems to host the various formats. AstraZeneca expects that the form of database extractions will be agreed to by the parties and, where appropriate, will be in native format.

("Joint Florida Notice")(Doc. No. 684), but it applies those dates in a way that the parties never intended.

In negotiating and preparing their Joint Florida Notice, the parties intended only to propose a schedule for the Florida-related cases. Indeed, the Joint Florida Notice states clearly both in its title and in the introductory paragraph that it applies *only* to "case-specific discovery in the Florida-related cases." The Joint Florida Notice did not purport to address the subject of <u>MDL-wide</u> general expert discovery.

The subject of <u>MDL-wide</u> general expert discovery was addressed in the Court's Order of March 7, 2007 (Doc. No. 173 at ¶ 4), which set these deadlines:

a. Plaintiffs' designation and reports of their general experts by December 31, 2007.

b. Defendants' designation and reports of their general experts by February 15, 2008.

c. All general expert witness discovery to be complete by March 15, 2008.

The parties anticipated, of course, that the Court would likely amend that schedule, but it was not the purpose of the Joint Florida Notice to address the issue.

In using the proposed Florida dates from paragraphs M and N of the Joint Florida Notice as new dates for overall, MDL-wide general expert disclosure and discovery, the Court has created a schedule that is quite different from what the parties intended. Although these paragraphs reference "general experts expected to testify at any trial," they were meant only to create supplemental procedures regarding those general experts, previously disclosed and deposed as part of the MDL-wide general expert discovery process, who were chosen to testify at trials of cases in the Florida "Initial Trial Pool."

The proposed schedule, if not amended, would give significant unfair advantage to plaintiffs and unduly prejudice AstraZeneca. Plaintiffs have presumably been working for months on their MDL-wide general expert reports, and the recommended new schedule gives them an <u>additional 7 1/2 months</u>, including <u>76 days after the May 31 close of fact discovery</u>, to fine tune those reports. AstraZeneca would then have only 28 days to obtain responsive reports, which is even less time than the 46 days that the Court's March 7, 2007 Order gave AstraZeneca.

The schedule for MDL-wide general expert discovery should be amended to place plaintiffs and AstraZeneca on the level playing field that was originally intended and proposed by the parties. Accordingly, AstraZeneca requests that the Court modify the schedule as follows:

| Date | Event |
|---|---|
| June 8, 2008 | Plaintiffs' MDL-wide general expert reports to be served |
| August 8, 2008 | AstraZeneca's MDL-wide general expert reports to be served |
| August 8-September 22, 2008 | Depositions of MDL-wide general experts |

The above schedule could be adopted without the need to change the schedule for the Florida cases. The chart below shows how the two schedules could work in tandem. (The ***bold italized*** items are unchanged from the Court's Report and Recommendation.)

| <u>Date</u> | <u>General Discovery</u> | <u>Florida Discovery</u> |
|---|---|---|
| April 28, 2008 | | ***Start of case-specific fact discovery for Initial Trial Pool*** |
| May 30, 2008 | ***Close of general fact discovery*** | |

| | | |
|---|---|---|
| June 8, 2008 | Plaintiffs' MDL-wide general expert reports to be served | |
| July 31, 2008 | | *Close of case-specific fact discovery for Initial Trial Pool* |
| August 8, 2008 | AstraZeneca's MDL-wide general expert reports to be served | |
| August 8, 2008 | Start of MDL-wide general expert depositions | |
| August 15, 2008 | | *Plaintiff's Initial Trial Pool case-specific expert reports to be served, together with supplemental reports, if any, from previously disclosed general experts expected to testify in Initial Trial Pool cases* |
| September 12, 2008 | | *AstraZeneca's Initial Trial Pool case-specific expert reports to be served, together with supplemental reports, if any, from previously disclosed general experts expected to testify in Initial Trial Pool cases* |
| September 15, 2008 | | *Start of depositions of Initial Trial Pool case-specific experts* |
| September 22, 2008 | Close of MDL-wide general expert depositions | |
| October 15, 2008 | | *Close of depositions of Initial Trial Pool case-specific experts* |
| October 31, 2008 | *Daubert motions* | *Daubert motions* |

### D.     Dispositive Motions

AstraZeneca requests that the Court clarify that its recommended October 31, 2008 deadline for dispositive motions (Doc. No. 695 at ¶¶ 3.D, R) applies only to (1) dispositive motions generally applicable to all or to a large number of cases (¶ 3.D), and (2) dispositive

motions applicable to individual cases in the Florida Initial Trial Pool (¶ R). Case-specific dispositive motions cannot be filed by October 31, 2008 in the thousands of cases not part of the Florida Initial Trial Pool in which case-specific discovery will not be complete (and, in most cases, will likely not yet even have begun).

AstraZeneca also requests that the Court order that plaintiffs' responses to AstraZeneca's dispositive motions be due within 14 days of AstraZeneca's filing of such motions. As to each dispositive motion that AstraZeneca files prior to the October 31, 2008 deadline, plaintiffs should be given a reasonable time after the motion is filed to respond, rather than a single deadline far in the future to respond to all dispositive motions. For example, if AstraZeneca files a case-specific summary judgment motion on June 1, plaintiffs' opposition should be due on June 15, not November 24.

### E.     Limitations on Case-Specific Depositions

AstraZeneca requests that the Court reconsider its recommendation regarding limitations on case-specific depositions (Doc. No. 695 at ¶ I). The Federal Rules of Civil Procedure permit each party in a litigation to take up to 10 depositions, with each deposition lasting 7 hours. Fed. R. Civ. P. 30. If the Court's recommendation is adopted, however, AstraZeneca will have spent 3 of its 10 allotted depositions (plaintiff, prescribing doctor, and treating doctor) per case by the close of the limited discovery phase, and in the all-important physician depositions, AstraZeneca will have been limited to a mere two hours of

questioning.[3] If AstraZeneca cannot complete those depositions within 2 hours, it will have to re-notice them, which will leave it with only 5 remaining depositions of right.

Such a program is unfair and prejudicial to AstraZeneca. Many of these plaintiffs suffer from serious mental illnesses that inhibit their ability to recall and testify about their Seroquel use and past medical history. Thus, in order to ascertain even the basic facts underlying plaintiffs' claims, AstraZeneca may well need to depose a larger number of fact witnesses (*e.g.*, plaintiffs' friends and family members) than is typical in a product liability case. More importantly, because of the nature of their illnesses, most plaintiffs have seen a myriad of doctors over years of treatment, and AstraZeneca could easily need to depose upwards of 10 doctors (or even more) in any given case to discover why the plaintiff was prescribed Seroquel to begin with, why other drug therapies were discontinued and/or prescribed in conjunction with Seroquel, why Seroquel may have been prescribed despite a clear warning label about the possibility of increased hyperglycemic risk, why Seroquel may have been discontinued, and the real causes and true extent of plaintiff's claimed injuries.[4] By contrast, plaintiffs' counsel already have unfettered access to plaintiffs' fact witnesses and doctors – as the Court knows, the law in many states prohibits defense counsel from

---

[3]  Although plaintiffs will also get the opportunity to depose prescribers and treaters for 2 hours in the limited discovery phase, the depositions will presumably count against AstraZeneca's total since AstraZeneca will select the doctors to depose.

[4]  By way of example, Florida-resident plaintiff Hope Lorditch has identified 19 treating doctors to date (a prescriber and 3 former treaters identified in her Plaintiff Fact Sheet, and an additional 15 current treaters identified at her deposition). Notably, this number does not necessarily include all of Ms. Lorditch's past treating doctors. AstraZeneca will provide the documents upon which these numbers are based if the Court would like to review them.

meeting *ex parte* with a plaintiff's doctor, but permits plaintiff's counsel to do so.[5] Thus, plaintiffs can prepare cases for trial without needing to use their allotted depositions to discover information from the most important witnesses.

To correct this prejudice, AstraZeneca requests that each party be allowed to depose 10 non-physician fact witnesses, as well as all the significant treating and prescribing doctors. At the very least, depositions taken in the limited discovery phase should not count against a party's total.

### F. Sanctions

AstraZeneca respectfully requests that the Court reconsider the inclusion of certain language in paragraph 3.A of its Report and Recommendation referring to extreme sanctions, such as "striking of the Answer or particular defenses" if AstraZeneca fails to meet the "deadline" or fails "to make reasonable progress on the rolling production" (Doc. No. 695 at ¶ 3.A).[6]

It is premature for the Court to consider such extreme sanctions now, given that AstraZeneca's document production will be ongoing until March 14, 2008. Moreover, without adequate notice of what constitutes "reasonable progress on the rolling production," AstraZeneca cannot properly be sanctioned for failure to achieve such progress. Yet another reason why the talk of sanctions is premature is that AstraZeneca's production obligations remain a moving target. Plaintiffs are still serving document requests (54 to date, including

---

[5]  *See* AstraZeneca's Combined Motion and Memorandum for Implementation of Case-Specific Discovery (Doc. No. 238 at ¶ II.D).

[6]  AstraZeneca raises this issue now only to avoid any risk of later being deemed to have waived its right to object thereto.

26 with multiple questions and subparts in just the last three weeks); AstraZeneca has yet to interpose all of its objections; and the Court has yet to issue any rulings. Sanctions ought not to be a subject for discussion when the precise scope of AstraZeneca's obligations is not yet even defined, and when there is no basis for believing that AstraZeneca will fail to meet its obligations. AstraZeneca further submits that the extreme sanctions threatened by the Court are not appropriate because they are not rationally related to any perceived "purposeful sluggishness" in AstraZeneca's document production, and there has been no finding of bad faith or willfulness on AstraZeneca's part.

AstraZeneca intends and expects to produce documents on a rolling basis, and to substantially complete its production of documents as described in its Notice Regarding Substantial Completion of Document Production by March 14, 2008 (*see* Doc. No. 680).

## CONCLUSION

AstraZeneca respectfully requests the Court to reconsider and/or clarify the issues set forth herein.

Respectfully submitted on this the 3rd day of December, 2007,

/s/ Fred T. Magaziner
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

**CERTIFICATION OF COUNSEL PURSUANT TO M.D. FLA. L.R. 3.01(g)**

Prior to filing this motion, counsel for AstraZeneca conferred with plaintiffs' counsel but were unable to reach agreement on the resolution of the issues presented in the motion.

*/s/ Shane T. Prince*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 3rd of December, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that the foregoing document and the notice of electronic filing was served on Plaintiffs' Liaison Counsel in accordance with CMO No. 1.

*/s/ Shane T. Prince*

-2-

# SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

-3-

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

-5-

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | |