

**BLIZZARD,**
**McCARTHY &**
**NABERS, LLP**

ATTORNEYS AT LAW

Lyric Centre Building
440 Louisiana, Suite 1710
Houston, Texas 77002-1689

Telephone 713-844-3750
Facsimile   713-844-3755

December 6, 2007                    www.blizzardlaw.com

___

*__Via Electronic Mail__*
Rachel G. Balaban, Esq.
Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, NY  10020

> Re:  *In Re:  Seroquel Products Liability Litigation; MDL No. 1769; Subpoenas*
>      *served on Klemtner Advertising and Saatchi & Saatchi Healthcare*

Dear Ms. Balaban:

I write to respond to your letter of November 30, 2007 and to follow up on some of my previous requests.

After the hearing on November 28th, I sent you an email advising that the plaintiffs would agree to the production of the hard copy job files that had already been located by your client, as you had previously proposed in your letter of November 26th, 2007, without the need for additional information about those projects.  We agreed to do this because you suggested that requiring your client to provide additional information about these projects would be burdensome.  Nevertheless, you have now provided what can only be described as very vague information about some of the projects located by your client.  For example, the information provided about the PCP Updates Sell Sheet (Job No. 450ASMSQP40032) was limited to "sell sheet used by sales representatives."  It is impossible for us to further narrow this list based on the information provided.  Therefore, I reiterate the plaintiffs' agreement to your proposal that your client produce the 110 hard copy job files.  Plaintiffs will share the copying costs of that production with AstraZeneca (assuming AstraZeneca agrees) and we would like color copies of the documents.

With respect to the projects for which there was no output, did not go forward, or have not been retained, we suggested to the court that Saatchi provide a list of those projects along with a declaration or affidavit that no documents exist or were disposed of and, to the extent possible, provide the dates or general time period that any job files were disposed of.  You have indicated that this is too burdensome.  Although I disagree with your statements about my request, we are willing to accept an affidavit from your client which simply identifies these projects and states that, after a reasonable search, no documents associated with these projects were located.  We do not ask that your client provide information about the dates or general time period that any job files were disposed of.



PLAINTIFF'S
EXHIBIT

D

With respect to your request that we attempt to further narrow the projects for which hard copy job files could not be located, I have reviewed the two spreadsheets you provided relating to consumers and the medical community. Unfortunately, most of the additional descriptions you provide are very vague and do not contain any substantive or new information. For example, on the first page of the Medical Community list, the only additional information provided for 11 of the listed projects is "this project includes finishing writing and laying out the Sell Sheet." This description does not provide enough information for me to determine whether the projects are related to this litigation. As you have requested, I will provide these lists to the court with my report so the court can review these additional descriptions.

The electronic discovery issue remains problematic. It appears to me that your clients are saying that there is no feasible way to locate and isolate documents relating to Seroquel projects. This just seems inconceivable to me and I cannot agree simply to withdraw plaintiffs' requests for the documents relating to these projects based on the limited information provided. I believe this is an issue that will be best handled by Special Master Ball. The information you provided, including the 48 pages of results from your client's searches employing the search terms "diabetes" and "weight gain," further emphasizes the need for a technical specialist who can have a productive conversation with the right person at Saatchi & Saatchi, knows what questions to ask, can figure out the best solution to the problem, and make a recommendation to the court. Special Master Ball has the necessary technical skill to get to the bottom of this issue in the most expeditious way possible. If Special Master Ball determines there is no practical or economical way for your client to produce the documents relating to these projects, I am sure he will advise the court as much and the plaintiffs will accept the court's informed decision.

With respect to the cost and attorney fee issue, as you know, we have asked the court to apportion some of the costs and fees to your client. I will not confirm, as you have requested, that the plaintiffs will share all undetermined costs and fees with AstraZeneca. Based on the new information you provided today regarding the amounts Saatchi billed AstraZeneca for its work on Seroquel, we will reiterate our request to the court that Saatchi bear some of these costs and fees. With respect to the attorney fees, the only figure you have provided is the estimated $35,000 in fees for attorney document review. Again, we disagree that attorney document review is necessary. You have stated that there are several other categories of fees for which your client request reimbursement. I have requested on at least two occasions that you provide copy of your invoices. The court may need to make a determination regarding the reasonableness of these fees. Providing this information will surely be helpful in that regard.

In sum, I believe the issue regarding the 110 hard copy job files is resolved. We will accept and pay for the color copies of the entire production of those documents. I believe we have made a reasonable request for an affidavit that simply identifies the projects for which documents could not be located after a reasonable search. Please let me know if your client will agree to this proposal. On the electronic discovery issue, the plaintiffs will recommend to the court that the matter be referred to Special Master Ball.

I will inform the court that your client is opposed to this recommendation and will provide the court with your correspondence.  On the cost and fee issue, plaintiffs will reiterate our request to the court that some of these costs and fees be apportioned to your client and I will let the court know that we have requested your redacted invoices.

Please let me know if you have any questions or further comments.  Thank you.

Yours truly,

Holly M. Wheeler

Cc:    Kenneth Friedman
       Scott Allen