**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:  Seroquel Products Liability Litigation,**
**MDL DOCKET NO. 1769**

**This document relates to:**

**ALL CASES**

_____

**ASTRAZENECA'S MOTION TO COMPEL CERTAIN**
**FLORIDA PLAINTIFFS TO PROVIDE FULL AND COMPLETE**
**ANSWERS TO PLAINTIFF FACT SHEET QUESTIONS**

AstraZeneca LP and AstraZeneca Pharmaceuticals LP (collectively

"AstaZeneca") move this Honorable Court to compel those Florida Plaintiffs who have

not served a materially complete Plaintiff Fact Sheet ("PFS") to provide full and

complete answers to those PFS questions to which they provided no response or gave

inadequate responses (*e.g.*, "do not recall" or "will supplement if necessary").

Contemporaneous with this filing and in compliance with Magistrate Judge Baker's

Report and Recommendation concerning the schedule for discovery of Florida cases,[1]

AstraZeneca has filed a Notice that identifies those Florida Plaintiffs who have not served

a materially complete PFS, as well as the specific areas of deficiency.[2]

_____

[1]  AstraZeneca has objected to certain portions of the Report and Recommendation, but not the initial deadlines in the case management order for discovery of the Florida cases.

[2]  AstraZeneca has sent each Florida Plaintiff a detailed letter identifying all of Plaintiff's PFS deficiencies.  The charts attached to AstraZeneca's Notice do not specify every PFS deficiency, but rather identify those that are material and

The PFS is the starting point for a defendant's assessment of the plaintiff's lawsuit and the precondition to proceeding with further discovery.  A materially complete PFS is one in which all applicable questions are answered fully, completely, and unevasively.  As a general matter, incomplete or evasive PFS responses severely impair AstraZeneca's ability to conduct further discovery and prepare a defense.  Given that the Florida Plaintiffs will make up the initial trial pool, without full and adequate PFS responses, AstraZeneca will be impeded in evaluating potential trial cases – and even in making determinations as to which cases should be selected for further discovery.  Accordingly, AstraZeneca respectfully requests that the Court compel these Florida Plaintiffs to provide full and complete answers to all PFS questions identified in Exhibits 1 and 2 to AstraZeneca's Notice.[3]

---

critical to the upcoming case selection process.  AstraZeneca does not waive its right to seek supplementation of any other PFS questions to which Plaintiffs did not provide full and complete answers.

[3]   In order to comply with the Court's filing requirements regarding font and page size, AstraZeneca had to split its PFS deficiency chart into two separate documents.  The chart in Exhibit 1 identifies eleven categories of PFS deficiencies and the chart in Exhibit 2, an additional ten categories of PFS deficiencies for each Florida Plaintiff.  The charts identify the deficient responses. If a particular category is left blank for a Plaintiff, that means that Plaintiff provided a substantive response to that question.  If either the Court or Plaintiffs would prefer, AstraZeneca can make the full Microsoft excel spreadsheet available in electronic format.

## **MEMORANDUM OF LAW**

### I.      RELEVANT BACKGROUND

Magistrate Judge Baker's Report and Recommendation of November 16, 2007, sets forth a recommended schedule for the handling of cases determined to be properly venued in Florida.  The parties have followed Magistrate Judge Baker's recommendation and submitted, on November 30, 2007, a list to the Court of Plaintiffs who ingested, obtained, or were prescribed Seroquel in Florida.  Report and Recommendation, Case Management Order for Florida Cases, ¶ A, Nov. 16, 2007.

The Report and Recommendation also states that:

> By December 15, 2007, AstraZeneca will identify all
> Florida Plaintiffs who (1) have not already submitted a
> materially complete PFS or (2) have not produced
> responsive documents requested in the PFS.  This list shall
> specify any alleged deficiencies for each Florida Plaintiff.

*Id.* ¶ B.

AstraZeneca has heeded this recommendation as well and filed a Notice that lists all such Plaintiffs and reveals the deficiencies on each Plaintiff's PFS.  *See* AstraZeneca's Notice of Filing of List of Florida Plaintiffs with Materially Deficient Plaintiff Fact Sheets (Doc. No. 740).  The Notice details the precise nature of the deficiencies, but in general, these Plaintiffs have (1) failed to provide any answer to certain questions, (2) responded "do not recall" to numerous questions, (3) answered other questions incompletely, or (4) stated that they will supplement "if necessary."

Plaintiffs provided these deficient responses to PFS questions about core issues, including, for example:

- Plaintiff's Seroquel use;
- When and why the Plaintiff stopped using Seroquel;
- The specific date on which Plaintiff first became aware of the alleged injury;
- The expenses allegedly incurred as a result of using Seroquel;
- Healthcare providers and pharmacies;
- Plaintiff's medical background, other medications, and possible use of illicit drugs;
- Fact witnesses, insurance and benefits, and prior legal actions, and;
- Basic personal information, such as Plaintiff's city of birth, high school, and employment history.

AstraZeneca sent "deficiency letters" to each of the Florida Plaintiffs regarding their inadequate responses.  Although AstraZeneca received some supplemental responses, the PFSs remain seriously deficient in the areas set forth on the attached charts.

Magistrate Judge Baker has also recommended that "[a]ll Florida Plaintiffs who have not already submitted materially complete PFSs consistent with CMO 2 shall do so by January 15, 2008."  Report and Recommendation, Case Management Order for Florida Cases, ¶ C.

The Report and Recommendation has yet to be adopted in whole or in part, and the January 15, 2007, deadline for Plaintiffs to cure their PFS deficiencies remains a recommendation.  Even if it is adopted, this motion seeks no more and no less than what the federal rules require of Plaintiffs:  namely, to provide full, complete, and

responsive answers to all applicable PFS questions because Plaintiffs' non-substantive responses severely impair AstraZeneca's ability to discover basic information about these Plaintiffs and their claims.

## II.     ARGUMENT

Plaintiffs who are the subject of this motion served PFSs that lack information about critical issues concerning liability and damages.  Recently, the Court granted a similar motion to compel in another case in the MDL.  *See Lostetter-Warsame v. AstraZeneca LP*, No. 6:07-cv-12179-Orl-22-DAB (M.D. Fla., Order filed Dec. 7, 2007) (Doc. No. 15) (hereafter "*Warsame*") (ruling that the Plaintiff must provide to AstraZeneca the following information in response to the following PFS questions: (a) name of high school; (b) name of current and past employer(s); (c) name of current and past insurer(s); (d) identity of any worker's compensation, social security, or disability claims filed; (e) prior legal actions filed, if any; (f) prior criminal convictions, if any; (g) city of birth; (h) dates of unemployment; (i) dosage of Seroquel; (j) reason plaintiff stopped taking Seroquel; (k) specific dates plaintiff used Seroquel and the date on which she was diagnosed with diabetes; (l) expenses plaintiff allegedly incurred as a result of using Seroquel; and (m) identity of any fact witnesses).  In issuing the Order in *Warsame*, the Court recognized that it is crucial that plaintiffs produce, at a minimum, information responsive to these PFS questions.  In addition, in response to AstraZeneca's motion, plaintiff's counsel in *Warsame* supplemented the PFS with information about plaintiff's Seroquel use, the names and addresses of the prescribing physician, the dispensing pharmacies, the healthcare providers that plaintiff consulted, and her medical history –

conceding the importance of this information and AstraZeneca's right to full and adequate responses as to these PFS questions.

All of these categories are critical to assessing the merits of a plaintiff's claim.  In support of its motion in *Warsame*, AstraZeneca argued that PFS questions are standardized interrogatories and that Warsame's deficient responses -- whereby she left answers blank, said "not applicable," said "do not recall," and said "will supplement if necessary" -- are contrary to the requirements of the federal rules and CMO 2.  The same arguments apply with equal force to the Florida Plaintiffs listed in Exhibit 1 to AstraZeneca's Notice because a materially complete PFS is one in which all applicable questions are answered as Rule 33 requires -- that is, in a manner that is responsive, full, complete and unevasive.  *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005).

Indeed, the case for compelling Florida Plaintiffs to correct deficiencies is even stronger here than in *Warsame* because the proposed case management order in the Report and Recommendation would require AstraZeneca to make its case-specific discovery selections based on PFS responses.  The selection process, though, for AstraZeneca and potentially for the Court cannot work as intended based on the deficiencies in Plaintiffs' PFSs.  For example, Plaintiff Angela Dockett failed to provide responsive answers to the following questions:

- name of her prescribing physician;
- dates of unemployment;
- her Seroquel dosage;
- the dates of her first and last use of Seroquel;

- the reason she stopped taking Seroquel;
- the date she was diagnosed with her alleged injury;
- the expenses she alleges she incurred from using Seroquel; and
- whether she has filed any prior legal actions.

Plaintiff Cynthia McGrath's PFS is just as deficient because she omitted information about:

- city of birth;
- name of high school;
- name of current and past employers and dates of unemployment;
- the date of her first use of Seroquel;
- the reason she stopped taking Seroquel;
- her alleged injury and the date on which was diagnosed with her alleged injury;
- the expenses she alleges she incurred from using Seroquel;
- the names of any fact witnesses;
- the names of insurers;
- information about workers' compensation, social security or disability claims;
- whether she has filed any prior legal actions; and
- whether she has any prior criminal convictions.

Further, Ms. McGrath did not sign the verification to her PFS or provide any medical records authorizations.

Although the particular information missing from each Plaintiff's PFS may differ, in each case the result is to deprive AstraZeneca not only of information critical to the case but also of the ability to compare these cases (as it must in order to make case selections as set forth in the Report and Recommendation).

In sum, as set forth in Exhibits 1 and 2 to AstraZeneca's Notice, the Florida Plaintiffs have failed to serve materially complete PFSs.  Plaintiffs should be ordered to cure these deficiencies with full and complete answers by January 15, 2008.

## III.    CONCLUSION

AstraZeneca respectfully requests that the Court grant its motion to compel the Florida Plaintiffs to provide full, complete, and responsive answers to those PFS questions that AstraZeneca has identified as deficient.

Respectfully submitted,

Dated:  December 14, 2007                          /s/ *Fred T. Magaziner*
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

**<u>CERTIFICATION</u>**

In accordance with Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 3.01(g), I hereby certify that counsel for AstraZeneca conferred and corresponded with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion.  To date, Plaintiffs have not provided the discovery that AstraZeneca has attempted to secure without Court intervention, thereby necessitating this motion to compel.


Dec. 14, 2007

<u>/s/ Fred T. Magaziner</u>
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 14, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Gretchen S. Sween*

**SERVICE LIST**

**IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**
**MDL DOCKET NO. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |