UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re Seroquel Products Liability Litigation
MDL Docket No. 1769

**This Document Relates to All Cases**

ASTRAZENECA'S OPPOSED MOTION AND MEMORANDUM OF LAW
TO CONTINUE JANUARY 28, 2008 EVIDENTIARY HEARING

## I.      INTRODUCTION

AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") respectfully move

the Court to postpone the evidentiary hearing on plaintiffs' alleged discovery prejudice currently

set for January 28, 2008 because the prejudice issues are not yet ripe for adjudication.  Plaintiffs

claim that they have been prejudiced by untimely and ill-formatted productions of electronically

stored information, claiming that they have been denied access to documents and thus would be

hindered in taking depositions.  Corrected productions are being prepared as per the Court's

March 2008 substantial completion deadline.  Accordingly, whether (and the extent to which)

plaintiffs have suffered their claimed prejudice cannot be determined until both the corrected

production of this information is completed in March 2008 and the depositions are, in fact, taken.

Simply put, trying to adjudicate plaintiffs' prejudice (if any) in January 2008 – when most of the

events that ostensibly would reveal any prejudice will not take place until after March 2008 –

would put the proverbial cart before the horse.  Moreover, a premature hearing would in fact

prejudice AstraZeneca, given that the Court has allowed AstraZeneca until March to complete

the corrected production and thus mitigate any potential prejudice.

The hearing also should be continued to a later date to avoid violating AstraZeneca's due

process rights from lack of adequate notice and opportunity for discovery.  Plaintiffs have never

clearly articulated the nature and evidence of any alleged prejudice.  A January hearing date likely does not permit sufficient time for adequate discovery as to what specific prejudice plaintiffs intend to prove and the evidence they will use to prove it.  Basic principles of judicial economy dictate that the Court should postpone a hearing that would need to be repeated when the evidence is fixed and discovered, and the issues are thus ripe for adjudication.

## II.    BACKGROUND

In its August 21, 2007 Sanctions Order, the Court concluded that some, but not all, of the discovery-related activities about which plaintiffs had complained were sanctionable.  *See* Sanctions Order (Doc. No. 393) at 2.   The Court granted plaintiffs' sanctions motion in part, finding that AstraZeneca's failures to cooperate in database production and "to timely and systematically produce electronic discovery associated with eighty AZ 'custodians'" in searchable form were sanctionable.  *Id.*

The Court concluded, however, that "further discovery" and proffers of "specific prejudice or added costs the sanctionable conduct has caused" would be necessary before the Court could rule "on the appropriate sanctions." *Id*.  Thus, the Court was "unable to determine the appropriate nature and amount of sanctions" at that time.  *Id.* at 28.  The Sanctions Order provided that plaintiffs would have a later opportunity "to present evidence and argument as to any specific prejudice or damage from AstraZeneca's failure timely to produce 'usable' or 'reasonably accessible' documents in this litigation, including motion costs."  *Id.*

On November 21, 2007, the Court issued a notice for a January 28, 2008 "evidentiary hearing" on issues raised in the August 21 Sanctions Order, presumably including plaintiffs' opportunity to present evidence of specific prejudice.  As explained below, the issue of prejudice

will not be ripe for adjudication on January 28, 2008, and a hearing at that time would violate due process.

## III.    LEGAL STANDARD

When considering sanction requests under Federal Rule of Civil Procedure 37, courts properly consider, among other things, whether the record establishes clear prejudice to the other party stemming from the violation.  FED. R. CIV. P. 37; *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see also Snow v. Bellamy Mfg. & Repair*, 1995 WL 902210, *2 (N.D. Ga. Sept. 26, 1995) (denying sanction of striking defendant's answer where "[p]laintiff has not identified any specific prejudice he has experienced from the delay in production"). Eleventh Circuit law precludes sanctions absent a clear and concrete record showing a legally sufficient nexus among (1) the particular sanction at issue, (2) the precise discovery misconduct, and (3) the actual prejudice caused by that misconduct.  *See Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1151-52 (11th Cir. 2006); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982).  The parties will not be in a position to create such a record with competent evidence relevant to those evidentiary requirements by January 28, 2008.

## IV.    ARGUMENT

### A.    The Prejudice Issue Will Not Be Ripe By January 28, 2008.

AstraZeneca is eager to lay the sanctions issue to rest and see the focus of this litigation return to the merits of the underlying cases.  But whether plaintiffs intend to assert some prejudice related to the delayed ESI production or intend to remake their sanctions case and start the process all over again, the issues will not be ripe for adjudication on January 28, 2008.

To be sure, the Court should not hold a prejudice hearing while remedial production is ongoing and the full extent of any prejudice cannot be ascertained or adjudicated.  The Court is affording plaintiffs an evidentiary hearing to give them a "further opportunity to present evidence and argument as to any prejudice or damages," which they failed to present at the July 26, 2007 hearing.  *See* Sanctions Order (Doc. No. 393) at 28.  That is consistent with the legal requirement that a party requesting sanctions present concrete evidence of prejudice and establish a clear nexus among the alleged prejudice, the sanctionable conduct, and the sanction to be imposed.  *Chudasama*, 123 F.3d at 1366; *Serra Chevrolet*, 446 F.3d at 1151.

Plaintiffs have claimed that they "suffer[ed] great prejudice" by untimely and ill-formatted production of electronically stored information ("ESI") in general discovery.  *See* Sanctions Motion at 2.  To date, however, plaintiffs have not supported that prejudice claim with any evidence, but have simply asserted that they "are behind in preparing for depositions of AstraZeneca employees and plaintiffs' doctors" and speculated that the production delay "may well have made it impossible for plaintiffs to meet the court's deadline for completing these depositions."[1]  *Id.*  Indeed, Plaintiffs have revealed the fluid nature of their prejudice claims – unfixed to any available evidence – in the variable allegations of prejudice in a series of discovery motions brought in the wake of the Court's Sanctions Order.  *See, e.g.*, Doc. Nos. 591, 604, 609,  629, 641, 662, 711, 724.  Plaintiffs have also attempted to muddy the waters here by embarking on discovery expeditions on the subject of past problems that the Court has already adjudicated. Thus, plaintiffs have initiated precisely the "formal round of discovery about

---

[1] If plaintiffs intend to prove some kind of prejudice *different from* that mentioned in their Sanctions Motion, plaintiffs would be required to put AstraZeneca on notice of the nature of the new alleged prejudice and to provide access to adequate discovery related thereto.

discovery" and "mini litigation" about sanctions and discovery responses that the Court had hoped to avoid.[2]  *See* August 22, 2007 Trans. at 43-46.

The circumstances, however, make clear that the plaintiffs' claimed substantive prejudice has not yet occurred.  AstraZeneca expects that general discovery production, including the re-production of native document data, will be substantially complete by March 14, 2008.  *See* AstraZeneca's Notice Regarding Substantial Completion of Document Production (Doc. No. 680).  Thus, plaintiffs do not yet have the production that might allow them to ascertain whether any material documents were not produced earlier, as they allege.  And given that the Court has stayed case-specific discovery and has allowed plaintiffs to defer deposition of AstraZeneca officers and managers until after March 14, 2008, most of the depositions that plaintiffs complain they cannot timely complete in preparation for trial are not even scheduled to ***commence*** until later in 2008.  Thus, two points are indisputable:  (1) the Court cannot determine in January whether and to what extent plaintiffs have been denied access to documents until plaintiffs actually have the documents produced in the remedial production; and (2) the Court cannot determine in January whether and to what extent plaintiffs have been hindered in the taking of depositions until those depositions are actually taken.

With discovery (both remedial and in the normal course) still ongoing, the measure of prejudice – whether substantive or financial – is a moving target, and it would be unfair to

---

[2] A few days after the parties received this Court's November 21 hearing Notice, AstraZeneca received further indications of plaintiffs' desire to have the tail wag the dog in this lawsuit. Plaintiffs caused subpoenas to be issued to two litigation support firms that AstraZeneca retained to assist it and its counsel with document production.  The subpoenas seek a wide range of documents and identify a massive list of deposition topics, almost all of which relate to the firms' work helping AstraZeneca respond to discovery in this MDL.  The subpoenaed parties are objecting to the subpoenas, and AstraZeneca has filed motions to transfer consideration of those (and AstraZeneca's) objections to this Court.  The Court should sustain the objections because plaintiffs' requests far exceed the scope of Rule 26, are irrelevant to any open matter, and improperly seek to invade the attorney-client privilege and the work-product doctrine.

attempt to adjudicate the extent of plaintiffs' prejudice in January 2008 when the Court has given

AstraZeneca until March to accomplish remedial production and thus mitigate any potential

prejudice.  If the current production remedies the prior problems as promised, plaintiffs'

substantive prejudice based on alleged inability to prosecute their cases will be mitigated or

eliminated.  To the extent plaintiffs are claiming financial prejudice (and AstraZeneca does not

have proper notice of such claims, as discussed below), those costs are still capable of being

accrued.  The Court should postpone any prejudice hearing until the discovery upon which

plaintiffs based their claims of prejudice is complete and the extent of plaintiffs' claims of

prejudice are fixed, and thus subject to proof and adjudication.

> **B.**    **Before A Hearing, Due Process Requires That AstraZeneca Have Notice And An Opportunity To Test Any Evidence Of Prejudice.**

The Court should also postpone the prejudice hearing to meet due process concerns that

require AstraZeneca to receive fair notice of, and an opportunity to test, any evidence of concrete

prejudice that plaintiffs may allege.  Sanctions clearly implicate due process concerns.  *See Serra*

*Chevrolet*, 446 F.3d at 1151-52 (reversing sanctions that failed to satisfy "basic standard of due

process," because they were not "'just' and 'specifically related to the particular 'claim' which

was at issue in the order to provide discovery'") (quoting *Ins. Corp. of Ireland*, 456 U.S. at 707).

Before any sanctions hearing takes place, AstraZeneca is entitled to collect more than the

merely conclusory statements about prejudice upon which plaintiffs have relied thus far in their

sanctions-related briefing.  And once plaintiffs provide such notice of their prejudice,

AstraZeneca has the right to – and fully intends to – utilize discovery to explore those prejudice

claims, both in terms of substance and cost.  Although the Court was clear that it saw no benefit

in turning the sanctions hearing into a second litigation, basic due process and fairness principles

mandate that AstraZeneca be permitted to test these claims prior to the hearing.  Counsel for

AstraZeneca intends to serve that discovery immediately and will work (without waiving its rights) to get that discovery completed in time for any hearing. That said, it is unlikely, given the time frames accorded all parties under the Federal Rules of Civil Procedure to object and respond to discovery, that that discovery will be completed prior to the January 28th hearing date. The better approach, comporting with essential due process concerns, would be to build prejudice identification and related discovery into a scheduling order with a hearing set for a date after the close of fact discovery.

**IV. CONCLUSION**

For the foregoing reasons, AstraZeneca respectfully requests that this Motion be granted and the evidentiary hearing currently set for January 28, 2008 be continued until such time as the issues scheduled to be addressed have ripened.

DATED: December 17, 2007                    Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
Stephen McConnell
Benjamin Barnett
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

David Venderbush
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

### CERTIFICATE OF COUNSEL PURSUANT TO M.D. FLA. L.R. 3.01(g)

I hereby certify that, on December 17, 2007, I conferred with plaintiffs' counsel about the relief requested in this motion.  Counsel for plaintiffs indicate that they oppose this motion.

*/s/ Gretchen S. Sween*

### CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Gretchen S. Sween*

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | |