# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

Case No. 6:06-md-1769-Orl-22DAB

This Document Relates to ALL CASES

---

## SUPPLEMENTAL REPORT OF THE SPECIAL MASTER AND PROJECT MANAGEMENT OFFICE FOR CASE-SPECIFIC DISCOVERY

REPORT NUMBER: 4A

DATE: DECEMBER 18, 2007

Pursuant to this Supplemental Report No. 4A, the Special Master for Case-Specific Discovery files the Special Master's Report and Recommendation No. 3 on the discovery disputes resolved by the Special Master and referenced in the Report No. 4 of the Special Master and Project Management Office for Case-Specific Discovery filed on December 14, 2007.

          Respectfully submitted,

          BROWNGREER PLC

By:    **s/ Orran L. Brown**
      Orran L. Brown
      Virginia State Bar No. 25832
      BrownGreer PLC
      115 South 15th Street, Suite 400
      Richmond, Virginia  23219
      Telephone:  (804) 521-7201
      Facsimile:  (804) 521-7299
      Email:  obrown@browngreer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I have served a copy of the forgoing on Plaintiffs' Liaison Counsel, Larry Roth, Esquire, and Defendants' Liaison Counsel, Marjorie Shiekman, Esquire, pursuant to CMO No. 1.

              s/ Orran L. Brown
              Orran L. Brown
              Virginia State Bar No. 25832
              BrownGreer PLC
              115 South 15th Street, Suite 400
              Richmond, Virginia  23219
              Telephone:  (804) 521-7201
              Facsimile:  (804) 521-7299
              Email:  obrown@browngreer.com

# SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

1

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin, Kreis & Overholtz<br>803 N. Palafox St.<br>Pensacola, FL 32501<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

3

4

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | |

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

───────────────────────────────

This Document Relates to ALL CASES

───────────────────────────────

**REPORT AND RECOMMENDATION NO. 3 BY
CASE-SPECIFIC DISCOVERY SPECIAL MASTER**

**I.  INTRODUCTION**

Pursuant to the Court's direction during the October 30, 2007 Status Conference and in its Order of November 1, 2007 (Document No. 683), the Special Master has addressed these three areas with the Parties:

(1) The documents requested by Plaintiffs from Sales Representatives designated for deposition in case-specific discovery;

(2) AstraZeneca's Motion to Compel Plaintiffs to Produce Documents in Their Possession or Have Their Cases Dismissed with Prejudice (Document No. 620); and

(3) Plaintiffs' Motion for Sanctions Due to Misconduct in Case Specific Discovery (Document No. 604).

The Special Master has concluded his proceedings on the first two of these matters. This Report and Recommendation addresses their resolution. The third will require further efforts with the Parties and will be the subject of a separate Report and Recommendation.

## II.  DISCUSSION

A. **Documents Relating to Sales Representative Deponents.**

As described in the Special Master's Report and Recommendation No. 1 (*see* Document No. 571) and Report No. 3 of the Special Master and Project Management Office for Case-Specific Discovery (Document No.   ), Plaintiffs have issued subpoenas to Sales Representatives chosen by Plaintiffs for deposition commanding that the Sales Representative produce ten categories of documents.  Defendants have objected to the production of these records on several grounds.  In Report and Recommendation No. 1, the Special Master rejected Defendants' argument that the Court in Paragraph II.A. of Case Management Order 4 ("CMO 4") precluded any document production relating to Sales Representative deponents beyond the mandatory disclosures of contact information described in Paragraph III.A and Footnote 1 of CMO 4.  The Court endorsed this interpretation in Paragraph 1 of its Order of November 1, 2007.

In telephone conferences with Plaintiffs and Defendants on November 2, 2007, November 7, 2007, November 9, 2007, and November 16. 2007, the Special Master reviewed the dispute over production of these materials with the Parties.  As a result of the cooperative efforts in those calls, the following Table 1 outlines the results reached by the Parties and the Special Master on these ten categories of documents originally sought by Plaintiffs (using "documents" in the broadest Fed.R.Civ.P. 34 sense):

2

| Table 1 | | SALES REPRESENTATIVE DOCUMENTS |
|---|---|---|
| | **ITEM** | **STATUS** |
| **1.** | **Any and all documents provided to you by AstraZeneca, or any of its employees, related to Seroquel.** | Withdrawn by Plaintiffs. |
| **2.** | **Any and all sales training materials, including but not limited to written materials, video and/or audio tapes.** | Defendants shall require a Sales Representative deponent to locate and produce to Plaintiffs all such documents in the possession, custody, or control of that deponent. |
| **3.** | **Any and all materials obtained at any national, regional, district or other sales meeting, including but not limited to written materials, videos and/or audio tape.** | Defendants shall require a Sales Representative deponent to locate and produce to Plaintiffs all such documents in the possession, custody, or control of that deponent |
| **4.** | **All call notes documenting all contacts with Plaintiff's prescribing physician.** | Defendants are all producing call notes in their possession to all prescribing Physicians as part of their CMO 4 mandatory disclosures.  In addition, Defendants shall require a Sales Representative deponent to locate and produce to Plaintiffs all such documents in the possession, custody, or control of that deponent that are not duplicative of the call notes being produced by Defendants from their records. |
| **5.** | **Your copy of the AstraZeneca "Medical Literature Binder."** | Withdrawn by Plaintiffs. |
| **6.** | **Any and all documents related to your AstraZeneca compensation package.** | Defendants shall produce documents to Plaintiffs showing the compensation, including bonuses, of the Sales Representative deponent. |
| **7.** | **Any and all performance reviews issued during the time you detailed/promoted Seroquel.** | Defendants shall produce these documents to Plaintiffs.  Defendants have this data in reasonably available form beginning on January 1, 2002.  Plaintiffs agree that for the remaining cases in the Limited Case-Specific Discovery program that Defendants may begin their production with that date. |

3

| Table 1 | | SALES REPRESENTATIVE DOCUMENTS |
|---|---|---|
| | **ITEM** | **STATUS** |
| 8. | **Any and all documents reflecting any disciplinary action taken against you during the time you detailed/promoted Seroquel.** | Defendants proposed producing to Plaintiffs documents showing disciplinary actions relating to Seroquel. Plaintiffs want all disciplinary actions. The Special Master has directed Defendants to produce the printouts from their databases showing all disciplinary actions of any kind involving the Sales Representative. Defendants have this data in reasonably available form beginning on January 1, 2002. Plaintiffs agree that for the remaining cases in the Limited Case-Specific Discovery program that Defendants may begin their production with that date. |
| 9. | **Any and all documents reflecting AstraZeneca business and/or ethics practices and/or policies.** | Defendants shall require a Sales Representative deponent to locate and produce to Plaintiffs all such documents in the possession, custody, or control of that deponent. |
| 10. | **E-mail correspondence between you and Plaintiff's prescribing physician or any member of the prescribing physician's staff.** | Defendants shall require a Sales Representative deponent to locate and produce to Plaintiffs all such documents in the possession, custody, or control of that deponent. |

As to all documents to be produced as described above:

(1) **Time Period:** The production shall cover the time period during which the Sales Representative detailed Seroquel (except as modified for the beginning date of the production period in Items 7 and 8 in Table 1).

(2) **When Production is to be Made:** Defendants shall exercise diligent efforts to produce the documents to Plaintiffs as soon as possible in advance of the Sales Representative's deposition and no later than the commencement of such deposition.

(3) **Employee Status:** Defendants shall make such production as to all Sales Representative deponents who are current employees of Defendant(s); shall produce the information in Categories 6 through 8 to any former employee; and shall exercise diligent efforts to secure the production of Categories 2 through 4 and 9

4

    and 10 from any Sales Representative deponent who is a former employee.  Defendants shall notify Plaintiffs immediately upon determining that they will be unsuccessful in securing the cooperation of any former employee in the production of any of the materials in Categories 2 through 4 or 9 and 10.

 (4) **Mode of Production:**  Such production shall be made in hard copy form and/or an electronic pdf images, as Plaintiffs prefer.

 (5) **Resolution of Future Disputes:**  The Parties shall meet and confer promptly if any issue arises in the future regarding compliance with these discovery obligations and raise with the Special Master any such issue they are unable to resolve themselves.

Plaintiffs have agreed to provide a revised Exhibit A list for their deposition Notices of Sales Representatives, reflecting the terms set out above.  While reserving their right to request such information in the future if the need arises, Plaintiffs have agreed that Defendants need not provide these documents relating to cases in which the Sales Representatives depositions had, as of November 16, 2007, already occurred.  At this time, no further proceedings are needed on this issue.

 **B.** <u>**AstraZeneca's Motion to Compel Plaintiffs to Produce Documents in Their Possession or Have Their Cases Dismissed with Prejudice (Document No. 620)**</u>.

In this Motion, Defendants asserted that the Plaintiffs in ten cases failed to produce along with their Plaintiff Fact Sheets ("PFS") or at their depositions the 19 categories of documents required by CMO 2, the PFS, and the Notices of Deposition to these Plaintiffs.  Defendants asked for an order compelling these Plaintiffs to produce these records within 14 days or have their cases dismissed with prejudice.

The Special Master reviewed this Motion with the Parties during conference calls on November 2, 2007, November 9, 2007, and November 16, 2007.  Plaintiffs' Response to the Motion was filed on November 9, 2007.  In that Response, Plaintiffs indicated that the required

documents had been produced as to all but one of the cases.  Plaintiffs stated on November 16, 2007 that they are working with Defendants and shall provide the materials for that Plaintiff as soon as possible.

In the cases remaining in the Limited Case-Specific Discovery program, Plaintiffs shall review the completeness of each Plaintiff's PFS disclosures and shall exercise diligent efforts to produce to Defendants as soon as possible in advance of the Plaintiff's deposition and no later than the commencement of such deposition any documents in a Plaintiff's possession not produced with the Plaintiff's PFS.  The Parties shall meet and confer promptly if any issue arises in the future regarding compliance with these discovery obligations and raise with the Special Master any such issue they are unable to resolve themselves.

 

/s/ Orran L. Brown
Orran L. Brown
Special Master for Case-Specific Discovery

DATED:  December 4, 2007