# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation.                                               Case No.  6:06-md-1769-Orl-22DAB
_____/

## ORDER AND AMENDED REPORT AND RECOMMENDATION REGARDING THE SCHEDULE FOR GENERAL DISCOVERY AND TRIAL AND CASE MANAGEMENT OF FLORIDA CASES

This cause came on for consideration with oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **ASTRAZENECA'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF REPORT AND RECOMMENDATION REGARDING THE AMENDED SCHEDULE FOR GENERAL DISCOVERY AND TRIAL AND CASE MANAGEMENT OF FLORIDA CASES (Doc. No. 728)** |
| **FILED:** | **December 3, 2007** |

**THEREON** it is **ORDERED** that the Motion is **GRANTED** in part to the extent it was unopposed by Plaintiffs, and **DENIED** in all other respects, as set forth below.

| | |
|---|---|
| **MOTION:** | **JOINT MOTION REGARDING EXPERT WITNESSES (Doc. No. 755)** |
| **FILED:** | **December 20, 2007** |

**THEREON** it is **ORDERED** that the Motion is **GRANTED** and incorporated below.

The Report and Recommendation (Doc. No. 695) for the amended schedule for general

discovery and trial and case management of Florida cases is **AMENDED** as follows:

1.  As a general matter, the scope of discovery in native format is a matter for the SM-ESI to determine, including which format is most useful for the parties to use in discovery of electronic information.  *See* Doc. No. 695 at 2 § 3A.

2.  **Both** sides will be allowed the opportunity for third party discovery set forth in § 3B. All such discovery should be completed by May 30, 2008.  *See* Doc. No. 695 at 2 § 3B.

3.  To the extent AstraZeneca seeks a change in the language regarding potential sanctions as set forth in § 3A, the Motion is **DENIED.**  The language serves as an admonition only, not a determination of any matter in issue.

4.  To the extent AstraZeneca seeks an increase in the number of depositions it may take above the 10 deposition limit in Federal Rule of Civil Procedure 30(a)(2)(A) as set forth in ¶ I, the Motion is **DENIED without prejudice.**  This matter may be addressed again either generally or in particular Florida cases as circumstances may warrant.

5.  By their Joint Motion (Doc. No. 755) the parties have agreed to certain modifications with regard to *Daubert* motions and general expert discovery. The Court will incorporate these changes to § 3C and ¶¶ N, M, and P.

6.  To the extent AstraZeneca's request to modify the dispositive motions deadlines is not moot, the Motion is **Denied** as unnecessary.  The Court will add a recommendation that if either party intends to file more than one dispositive or *Daubert* motion, then the party must file for the court's approval at least 30 days in advance a motion for leave to file more than one such motions spelling out the party's proposal for the Court's pre-approval.

## AMENDED REPORT AND RECOMMENDATION
## REGARDING THE SCHEDULE FOR GENERAL DISCOVERY AND
## TRIAL AND CASE MANAGEMENT OF FLORIDA CASES

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court for consideration of the schedule for completion of general discovery and motion practice and the handling of cases determined to be properly venued in Florida. *See* Doc. Nos. 567, 623, and 684. After discussion with the parties and in consideration of the difficulties in discovery to date, it is **respectfully RECOMMENDED** that the Court enter new scheduling orders encompassing the following.

### General Discovery and Motion Practice

1. All case-specific discovery be terminated as of November 30, 2007 (allowing spillover into December 2007 to complete matters that could not be accommodated in November).[1]

2. Deny without prejudice any pending Motion to Dismiss cases based on a Plaintiff's failure to provide a complete PFS and document production. Due to the repeated failures of AstraZeneca timely to complete its own discovery obligations (as most recently reflected in its plan to produce all electronic documents in native format because of technical failures in previous productions), it would be unfair to dismiss cases based on a Plaintiff's dilatory discovery responses. No additional such motions directed to Plaintiffs should be permitted without leave of Court.

3. Based on AstraZeneca's representation (Doc. No. 680) as to its ability to certify substantial completion of its production of documents (ESI and paper), a new schedule for completing all general discovery and the filing of motions should be established.

---

[1] The parties appear to have acceded to and implemented this recommendation without waiting for the Court's entry of an Order.

A. By March 14, 2008, AstraZeneca shall certify complete production of documents called for in its custodial collections, Plaintiffs' Requests for Production (subject to objections and rulings by the Court), the results of use of additional search terms, and the results of appropriate database queries.  AstraZeneca shall make these materials available on a rolling basis (the progress of which is to be supervised and directed by SM-ESI) in native (or other appropriate agreed or directed) format.[2]  **Unexcused failure of AstraZeneca to meet this deadline (or its failure to make reasonable progress on the rolling production) may result in the striking of the Answer or particular defenses or other sanctions.**

B.  Following certification of substantial completion of AstraZeneca's document production, Plaintiffs may complete depositions of corporate witnesses, third parties and limited additional Requests for Production.  The scope of and limits on this additional discovery are subject to Court review, and all such fact discovery should be completed by May 30, 2008.  AstraZeneca may complete depositions of third parties by May 30, 2008.

C.  Plaintiffs shall identify and provide reports for all general experts expected to testify at trials of cases selected for the Initial Trial Pool by August 8, 2008. AstraZeneca shall identify and provide reports for all general experts expected to testify at trials of cases selected for the Initial Trial Pool by September 12, 2008. Depositions of general experts shall occur between September 15 and October 15, 2008. As to MDL cases not selected for the Initial Trial Pool, the Parties shall be permitted, on dates that may be set by agreement

---

[2]Plaintiffs assert that receipt and review of the reproduced documents in a new format will entail very large costs. The matter of such costs can be considered by the undersigned in connection of the outstanding sanctions issues.

-4-

of the Parties or by later orders of this Court or transferor courts, to identify additional general experts not previously identified for Initial Trial Pool cases.

D.  The deadline for non-expert based dispositive motions should be October 31, 2008, with Responses by November 24, 2008.  By October 31, 2008, the parties shall file any *Daubert* motions related to general or case-specific experts.  Responses to *Daubert* motions shall be filed November 24, 2008.  If such motions are filed, the parties should indicate whether an evidentiary hearing is requested, the basis for such request and its anticipated duration.  If either party anticipates filing more than one dispositive motion or *Daubert* motion, it shall file a motion, complying with local Rule 3.01(g), seeking leave to do so at least 30 days in advance.  Any such motion shall provide a specific rationale for filing multiple motions and shall include pertinent information such as the anticipated timing of the motions, and the length and the nature of the supporting record.

## Case Management Order for Florida Cases

A.  By November 30, 2007, the parties shall submit to the court a list of all Plaintiffs who reside in Florida or who ingested, obtained, or were prescribed Seroquel in Florida (hereinafter the "Florida Plaintiffs").  The parties shall submit an appropriate stipulation or other pleading to allow venue of these cases to be fixed in this Court.

B.  By December 15, 2007, AstraZeneca will identify all Florida Plaintiffs who (1) have not already submitted a materially complete PFS or (2) have not produced responsive documents requested in the PFS. This list shall specify any alleged deficiencies for each Florida Plaintiff.

C.  All Florida Plaintiffs who have not already submitted materially complete PFSs consistent with CMO 2 shall do so by January 15, 2008.

D. All Florida Plaintiffs who have not already produced to AstraZeneca all documents in their possession responsive to the document requests set forth in the PFS shall do so by January 15, 2008.

E.  Seventy-five cases[3] of Florida Plaintiffs shall be selected for limited case-specific discovery, subject to the same procedures and rules that govern the current Limited Case-Specific Discovery Program except that depositions of doctors shall last 4 hours (2 hours per side). Plaintiffs shall select 25 cases by January 15, 2008, and AstraZeneca and the Court shall each select 25 cases by January 25, 2008. These 75 cases shall hereafter be referred to as the "Discovery Pool." AstraZeneca shall produce discovery materials relating to sales representatives and prescribing physicians consistent with CMO 4 two weeks after selection, and plaintiffs shall have one week after production to identify one sales representative to depose.

F.  Limited Case-Specific Discovery of the Discovery Pool cases shall be completed by April 15, 2008.  The parties shall make appropriate use of the SM-PMO to carry out all of the Florida case discovery.   As noted above, the existing case-specific discovery program is to end November 30, 2007.

G.  Out of the cases in the Discovery Pool, 30 cases[4] shall be selected for full discovery. Plaintiffs shall select 15 cases by April 22, 2008; and AstraZeneca shall select 15 cases by April 25, 2008. These 30 cases shall hereafter be referred to as the "Initial Trial Pool."

---

[3]The parties suggested choosing 60 cases for the Discovery Pool.  This recommendation is for 75 based on the anticipated winnowing of cases prior to trial and is intended to assure that an adequate number of cases will be ready for trial. Additional cases may be added to this Pool as events may dictate appropriate.

[4]The parties suggested choosing 20 cases for the Initial Trial Pool.  This recommendation is for 30 based on the anticipated winnowing of cases prior to trial and is intended to assure that an adequate number of cases will be ready for trial. Additional cases may be added to this Pool as events may dictate appropriate.

H.  Full case-specific fact discovery in the Initial Trial Pool shall commence on April 28, 2008 and shall end on July 31, 2008.

I.  Subject to further consideration by the Court as to scope and limitations, all further case-specific discovery in the Initial Trial Pool shall be conducted in accordance with the Federal Rules of Civil Procedure, except that any Party may re-depose a witness who has already given a limited case specific deposition, notwithstanding FRCP 30(a)(2)(B). Limited case-specific depositions and any depositions repeated in the full discovery program shall count against the limitation on the number (10 per side) of depositions included in FRCP 30(a)(2)(A).

J.  Depositions of sales representatives shall be limited to 5 hours.

K.  Either party may re-depose any witness who has already been deposed during Limited Case-Specific Discovery. Such a re-deposition will count against the noticing party's total limit. The second deposition of a witness may used as a *de bene esse* or trial deposition if noticed as such.

L.  Except as set forth in this Order, all full case-specific discovery in the Initial Trial Pool shall be governed by the Federal Rules of Civil Procedure. The parties will use their best efforts to accommodate the schedules of lawyers assigned to specific cases and/or expert fields.

M.  By August 15, 2008, each plaintiff in the Initial Trial Pool shall identify and provide reports for all case-specific experts expected to testify at trial. AstraZeneca shall be entitled to depose all such experts between September 15 and October 15, 2008.

N.  By September 12, 2008, AstraZeneca shall identify and provide reports for all case-specific experts expected to testify at trials of cases in the Initial Trial Pool. Plaintiffs shall be entitled to depose all such experts between September 15 and October 15, 2008.

O.  Depositions of AstraZeneca's experts may occur before all depositions of plaintiffs' experts are complete. However, to the extent plaintiffs and AstraZeneca designate a general expert

in the same field (*e.g.*, endocrinology), or a case-specific expert in the same field and in the same case (*e.g.*, a case-specific endocrinology expert for plaintiff John Doe), plaintiffs' expert shall be deposed before AstraZeneca's.

P.  By October 31, 2008, the Parties shall file any *Daubert* motions related to general or case-specific experts in the cases selected for the Initial Trial Pool. Responses to *Daubert* motions shall be filed November 24, 2008. If such motions are filed, the Parties should indicate whether an evidentiary hearing is requested, the basis for such request, and its anticipated duration.

Q.  Following completion of discovery in the Initial Trial Pool cases, the Court, after consultation with parties, will determine how and before whom the cases should be scheduled for trial.

R.  Dispositive Motions:  Dispositive motions shall be filed by October 31, 2008. Responses shall be filed by November 24, 2008.  If such motions are filed, the parties should indicate whether an evidentiary hearing is requested, the basis for such request and its anticipated duration.  If either party anticipates filing more than one dispositive motion or *Daubert* motion, it shall file a motion, complying with local Rule 3.01(g), seeking leave to do so at least 30 days in advance.  Any such motion shall provide a specific rationale for filing multiple motions and shall include pertinent information such as the anticipated timing of the motions, and the length and the nature of the supporting record.

S.  The Court shall hereafter establish a schedule for motions in limine, other pretrial requirements and trials.

T.  All dates provided herein are subject to change by further Order of the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2007.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE

JUDGE
Copies furnished to:

Counsel of Record