**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| This document relates to:<br>**ALL CASES** | 6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CERTAIN FLORIDA PLAINTIFFS TO PROVIDE FULL AND COMPLETE ANSWERS TO FACT SHEET QUESTIONS**

Plaintiffs in the above-referenced litigation submit this Response in Opposition to the Motion to Compel Certain Florida Plaintiffs to Provide Full and Complete Answers to Fact Sheet Questions (Doc. 741) filed by Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "Defendants"), and would respectfully show the Court as follows:

**I.**
**SUMMARY OF RESPONSE**

Remarkably—and without perceptible discretion or self-restraint—Defendants filed a Notice identifying <u>all 174</u> Florida Plaintiffs' Fact Sheet ("PFS") responses as materially deficient. (Doc. 740, hereinafter, the "Notice".)  Defendants also moved to compel "complete" responses to the same. (Doc. 741.)  Defendants' Notice and Motion call into serious question Defendants' commitment to the Court's trial plan for the Florida cases (the "Florida Trial Program"), notwithstanding the air of cooperation Defendants exhibited regarding the submission of the Parties' Joint Notice Regarding Proposed Scope of Case-Specific Discovery in Florida-Related Cases. (Doc. 684.)  Instead, as Plaintiffs' counsel

1

predicted, Defendants persist in their efforts to "filter" cases, recommitting to their game plan of delay and disruption—while all but ignoring the Court's declared intention to proceed efficiently and systematically to trial on cases in the Florida Trial Progam. (Doc. 759)[1]

Defendants' design to derail the Court's Florida Trial Program even before it is affirmed by Judge Conway is made apparent by review of the procedural background not mentioned in Defendants' Motion, as well as through examining the minutia in the PFS submissions that Defendants claim is material and lacking. Importantly, Defendants overlook the fact that in July 2007, in response to a Court order (Doc. 225), Defendants failed to lodge any objections regarding PFS insufficiencies with respect to 92 of the 174 Florida Plaintiffs, and further identified those same 92 Plaintiffs as "eligible" to participate in the prior Case-Specific Discovery ("CSD") program. (Doc. 266.) A list of those 92 Florida Plaintiffs whose PFS were deemed substantially complete for purposes of CSD "eligibility" is attached hereto as Exhibit A and incorporated herein for all purposes. At a minimum, the Court should deem those 92 Florida Plaintiffs' PFS materially complete for purposes of potential Discovery Pool selection under the Florida Trial Program, Defendant's Motion notwithstanding. (Doc. 759.)

---

[1] The Court correctly and presciently discerned Defendants' intentions and their conflict with the Court's vision for a bellwether trial plan in the October 30, 2007 status conference:

> [Defendants'] obvious intent is to pick off the cases that [they] think[s] that are legally and factually un[su]stainable to reduce the number that actually would be eligible to go to trial through various mechanisms provided in the rules of procedure and I'm not being pejorative when I say that. My concern is if he's successful with that, then we don't have anything left to try or very little. I want to have enough trials if the whole program, the trial program, would be to have enough to make some sense.

(Tr. of Oct. 30, 2007 Status Conference 50:15-24.)

In addition, Defendants have deposed a sizeable number of Florida Plaintiffs in the prior CSD program. During those depositions, Defendants either reviewed the PFS with the deponent and solicited testimony thereon and/or deemed certain information sufficiently *immaterial* so as to forego inquiry on those topics altogether. Furthermore, Florida Plaintiffs selected for the Discovery Pool may be subject to another round of depositions, including Plaintiffs', treaters', and prescibers' depositions.

Thus, as Defendants recognize in their Motion, the PFS are "starting point[s] for a defendant's assessment of the plaintiff's lawsuit" (Motion at 2), but they should not be viewed as the zenith of the parties' discovery efforts nor a procedural hurdle for Defendants to impose at will. In any event, the Florida Plaintiffs will continue to comply with the schedule set forth in the Court's Amended Report and Recommendation (Doc. 759), and will endeavor in good faith to supplement Florida Plaintiffs' PFS responses by January 15, 2008 so as to fulfill the applicable requirements of Case Management Order 2 in all material respects.

## II.
## ARGUMENT

**A.    Defendants Already Identified 92 Of The Florida Plaintiffs As Eligible To Participate In Further Case-Specific Discovery.**

Defendants' nascent complaint that all 174 Florida Plaintiffs have submitted materially deficient PFS responses ignores Defendants' "Eligible Plaintiffs List" filed with the Court last July. (Doc. 266.) Defendants submitted the Eligible Plaintiffs List pursuant to the Court's order that Plaintiffs' counsel initially file a list of Plaintiffs' names and case numbers "for which both substantially complete [PFS] . . . have been served," and that

Defendants file objections to the same for those Plaintiffs "whose [PFS] . . . are not substantially complete." (Doc. 225) With respect to 92 of the 174 Florida Plaintiffs, Defendants failed to lodge any objections to the PFS responses that had been served, and designated those same 92 Plaintiffs as eligible to participate in the further case-specific discovery. (Ex. A.) Defendants should not now be permitted to lodge tardy objections to those 92 Florida Plaintiffs' PFS responses so as to create a potential procedural impasse with respect to the Florida Trial Program. Indeed, Defendants' Motion proffers no legitimate explanation for such Plaintiffs' eligibility for further case-specific discovery via the earlier CSD program, but not for the Discovery Pool in the Florida Trial Program. At a minimum, the Court should deny Defendants' Motion with respect to the 92 Plaintiffs listed on Exhibit A.[2]

**B.** **Defendants Have Deposed Numerous Florida Plaintiffs They Now Claim Submitted Incomplete PFS Responses.**

Defendants' position regarding the materiality of certain PFS responses is further undermined by the fact that Defendants have already deposed a large number of Florida Plaintiffs, along with their prescribers/treaters. (Those Plaintiffs' names and case numbers are listed in Exhibit B, which is attached hereto and incorporated herein for all purposes.) In those depositions, Defendants either solicited the allegedly incomplete PFS information

---

[2]     Defendants may argue that they reserved their right to object further to the "Eligible Plaintiffs" PFS responses, and did not admit that the "Eligible Plaintiffs'" fact sheets were incomplete. (Doc. 266.) However, any such preservation of objections to the PFS is plainly incongruous with the Court's order (Doc. 225), in which Defendants were ordered to object by July 11, 2007 to any cases on the list submitted by Plaintiffs' counsel "*whose Plaintiff Fact Sheets . . . have not been received or are not substantially complete*." (Doc. 225, emphasis added.) Defendants should not now be given a second opportunity to object to these same PFS responses, particularly to the extent they failed to comply with this Court's order in July 2007. Moreover, and notably, Defendants have not moved to dismiss such Plaintiffs' cases for materially incomplete PFS responses, as they have with other Plaintiffs. In sharp contrast, they have proceeded to further discovery in many such cases, including often numerous depositions.

personally from the Plaintiff, or neglected to ask the Plaintiffs any questions about certain topics.

For example, in Plaintiff Jesse Runner's deposition, Defendants obtained the following information from Mr. Runner that was not originally included in his PFS response:[3]

- Seroquel dosage information (Jesse Runner Dep. Tr. ("Runner Dep.") at 216:14:25);

- Reason for Seroquel use (Runner Dep. at 217:1-5);

- Timeframe of Seroquel use (Runner Dep. at 225:4-6; 280:20-22);

- Reason stopped taking Seroquel (Runner Dep. at 225:24-25);

- Date of injury diagnoses (Runner Dep. at 31:5-11); and

- Expenses incurred from Seroquel use (Runner Dep. at 86-87; 106; 265; 269-70).

Despite having obtained all the above information from Mr. Runner in his sworn deposition testimony, Defendants' nevertheless complain in their Motion that the same information is incomplete on Mr. Runner's PFS response.[4] In addition, Defendants apparently did not consider the names of any fact witnesses relative to Mr. Runner's case sufficiently important to inquire about the same in his deposition.

---

[3] Plaintiffs have cited page and, often, line references from Mr. Runner's deposition, but are not filing a copy of the deposition transcript solely to reduce the quantity of paper the Court must handle. Upon request from the Court, Plaintiffs will promptly supplement this Response with a copy of Mr. Runner's deposition transcript.

[4] Additionally, with respect to two PFS information categories—names of current/past employers and name of high school—Mr. Runner responded "N/A" on his PFS response. Defendants claim that such responses are "ambiguous and require clarification." (Defs.' Florida Plaintiffs: Material PFS Deficiencies 1 at 1 n.2.) However, Defendants already obtained the desired "clarification" regarding both categories of information in Mr. Runner's deposition. (Names of current/past employers (Runner Dep. at 47-65; 51:17-23); Name of high school (Runner Dep. at 43:3-4).)

Other deposed Plaintiffs are similarly situated to Mr. Runner in that Defendants have already discovered the information complained of in their Motion—or Defendants neglected to inquire about such categories of information in the depositions— but the PFS responses purportedly remain "incomplete."[5] Requiring Mr. Runner (and other similarly situated Plaintiffs) to additionally provide the requested information in their PFS responses elevates form over substance and simply creates additional make-work for Plaintiffs' counsel and Plaintiffs alike.

Therefore, with respect to the Florida Plaintiffs that Defendants have had the opportunity to depose, the Court should deem those Plaintiffs' PFS obligations fulfilled— either because those Plaintiffs have supplied any missing PFS information, or because Defendants waived their opportunity to inquire in the depositions about certain categories of information.  Furthermore, selection of any Florida Plaintiffs' cases in the Discovery Pool may provide Defendants' an additional opportunity for Defendants to discover purportedly incomplete PFS information through additional deposition testimony.

C.      **Many Of Defendants' Objections Are Spurious.**

A large number of Defendants' objections regarding allegedly material PFS deficiencies appear contrived.  For example, with respect to at least 40 Florida Plaintiffs, Defendants complain because those Plaintiffs were unable to provide the precise day (date) they began taking and/or stopped taking Seroquel, even though those Plaintiffs provided the corresponding month and year in their PFS responses.  Defendants also seek to compel

---

[5]   For brevity's sake, Plaintiffs have not supplied in this Response a deposition-by-deposition accounting of the information for the other deposed Plaintiffs as they have for Mr. Runner.  However, Plaintiffs' counsel will promptly supply this information for the Court upon request.

6

additional PFS information from more than 40 Plaintiffs who were unable to supply the "specific identity of the doctor at the facility who prescribed him/her Seroquel" (Defs.' Florida Plaintiffs: Material PFS Deficiencies 1 at 1 n.1), but who nevertheless furnished the name and address of the facility where they were treated and prescribed Seroquel.

Finally, Defendants ignore the legal significance of the procedural device that they themselves insisted upon relative to the PFS: the requirement that all Plaintiffs verify their PFS responses. In other words, where a Plaintiff must declare under penalty of perjury—and in short order, under the MDL's schedule—that the responses s/he provides on the PFS are true and correct, then "I don't know" and "I don't recall" are perfectly legitimate (and expected) responses. Defendants should not be permitted to have it both ways—to require verification of PFS responses, but then complain about perceived inadequacies in such responses premised on a declarant's attested absence of knowledge or recollection. The practical effect of the granting of Defendants' Motion may be to pave the way for additional, unwarranted, and arbitrary dismissals based upon Plaintiffs' alleged inability to timely and satisfactorily meet Defendants' unilateral standard of "completeness" for PFS responses, which runs counter to the aims of the Florida Trial Program, as identified above.[6]

---

[6] See discussion, *supra* at 1-2 and n. 1. Defendants' plea for an order to compel PFS responses based upon the Court's order in *Lostetter-Warsame v. AstraZeneca LP* is similarly unavailing. (Motion at 6-7.) Plaintiff Lostetter-Warsame is not a Florida Plaintiff and, therefore, not subject to the time constraints and near-term additional discovery opportunities contemplated by the Court's Florida Trial Program. Indeed, such an order is incompatible with the schedule and objectives of Florida Trial Program. Moreover, Magistrate Baker has recommended ceasing dismissals of Plaintiffs' cases on the basis of allegedly incomplete PFS responses in light of AstraZeneca's "repeated failures . . . [to] timely complete its own discovery obligations" (Doc. 759), rendering the *Lostetter-Warsame* order an ineffective "filter" that Defendants attempt via their Motion to impose upon the Florida Plaintiffs' cases—a filter that may indefinitely and unnecessarily prolong the parties' and Court's preparation of the Florida cases for trial.

## CONCLUSION

For the foregoing reasons, the Court should DENY Defendants' Motion. Alternattively, and at a minimum, the Court should DENY the Motion with respect to the 92 Plaintiffs identified in Exhibit A that Defendants have already designated as eligible for further case-specific discovery.

                Respectfully submitted

By:   /s/ K. Camp Bailey
      F. Kenneth Bailey Jr.
      K. Camp Bailey
      Fletcher V. Trammell
      Robert W. Cowan
      **BAILEY PERRIN BAILEY LLP**
      440 Louisiana St., Suite 2100
      Houston, Texas 77002
      (713) 425-7100 Telephone
      (713) 425-7101 Facsimile
      kbailey@bpblaw.com
      cbailey@bpblaw.com
      ftrammell@bpblaw.com
      rcowan@bpblaw.com
      **Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 26th day of December, 2007, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL CERTAIN FLORIDA PLAINTIFFS TO PROVIDE FULL AND COMPLETE ANSWERS TO FACT SHEET QUESTIONS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

                                           /s/  Robert W. Cowan
                                           Robert W. Cowan

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. | attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St. | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895 |

| | |
|---|---|
| Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* | Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave. | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor |

13

| | |
|---|---|
| Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

14

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN 55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| | |

| | |
|---|---|
| John Hawkins | Donna Higdon |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN  55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin | Marjorie Shickman<br>Dechert, LLP |

| | |
|---|---|
| 300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | 2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Mary J. Wrightinton |