UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re Seroquel Products Liability Litigation
MDL Docket No. 1769
**This Document Relates to All Cases**

**ASTRAZENECA'S MOTION TO MAINTAIN THE CONFIDENTIALITY OF
CERTAIN EXHIBITS CITED AT THE DEPOSITION OF DENISE CAMPBELL**

**I.  INTRODUCTION**

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP (collectively "AstraZeneca") file this motion to maintain the confidential status of certain market research and strategic planning documents cited as exhibits and referenced in the deposition of Denise Campbell on October 10, 2007 and October 11, 2007.[1]

The documents at issue and the portions of the transcript referencing them are entitled to confidential status because they involve AstraZeneca's non-public and proprietary information that was properly designated as "confidential" consistent with the governing authorities. As detailed in the accompanying Declaration of Don Beamish, Executive Director Commercial Operations, at AstraZeneca ("Beamish Decl." (attached as Exhibit A hereto)), the market research and strategic planning documents at issue include competitively sensitive commercial information that AstraZeneca has always kept confidential. Public disclosure of this information would harm AstraZeneca's pecuniary interests by creating a commercial and competitive disadvantage. Hence, "good cause" exists for these designated confidential materials to remain confidential and subject to the safeguards established by the Protective Order – including the

---

[1] AstraZeneca seeks to maintain the confidential status of Exhibits 5, 6, 7, 8, 11, 12, 13, 18, 20, 21, 24, 25, 27, 31, 32, 33, 35, 36, 37, 38, 39, 40, 43, 44, 46, 48, 49, 50, 51, and 52.

requirement that confidential discovery materials be filed under seal to prevent unnecessary access by third parties, including AstraZeneca's competitors.[2] *See* Protective Order, ¶¶ 6, 10 (Doc. No. 478).

Under the Protective Order, plaintiffs have full access to the confidential documents for litigation purposes. Plaintiffs have identified no need for removing confidentiality protections at this point in the litigation. Under the governing "balancing of interests" analysis, *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985), AstraZeneca's interest in having these proprietary materials continue to receive the confidentiality protections afforded by the Protective Order substantially outweighs any interests on the part of plaintiffs to avoid the Protective Order's safeguards for preventing unwarranted disclosure of confidential discovery materials.

## II. BACKGROUND OF THE CURRENT CONFIDENTIALITY DISPUTE[3]

At the October 10, 2007 and October 11, 2007 deposition of AstraZeneca Senior Director of Consumer Marketing Denise Campbell, plaintiffs introduced as exhibits a number of internal company documents produced by AstraZeneca. On October 29, 2007, AstraZeneca sent plaintiffs' counsel Scott Allen a letter in which it designated as confidential specific exhibits and related passages in the deposition. (See October 29, 2007 Letter from Tara Lawler (attached as

---

[2] Seroquel is an FDA-approved medication that competes with other atypical antipsychotic medications such as Eli Lilly & Co.'s "Zyprexa," Janssen Pharmaceutical's "Risperdal," and Bristol-Myers Squibbs' "Abilify."

[3] AstraZeneca has previously provided the Court with a more general background on the Protective Order and production of confidential documents in this litigation, in AstraZeneca's Response to Plaintiffs' Motion Regarding the Confidentiality of Certain Case-Specific Discovery Disclosures and Related Materials filed on November 7, 2007 (Doc. No. 645) at 3-4.

Exhibit B hereto)). On November 5, 2007, plaintiffs' counsel Dennis Canty replied with an e-mail disputing AstraZeneca's confidentiality designations. (See November 5, 2007 E-mail from Dennis Canty (attached as Exhibit C hereto)).

On November 15, 2007, AstraZeneca sent Mr. Canty a letter providing the bases of its confidentiality designations (See November 15, 2007 Letter from Tara Lawler (attached as Exhibit D hereto)). This letter requested that Mr. Canty provide AstraZeneca with any objections within seven days. Ten days later, on November 25, 2007, counsel for AstraZeneca sent an e-mail to Mr. Canty stating, "Since I have not heard from you, I will assume your objections to [AstraZeneca]'s confidentiality designations have been resolved. If this is incorrect, please respond by noon tomorrow stating any further objections to the confidentiality designations." (See November 25, 2007 E-Mail from Tara Lawler (attached as Exhibit E hereto)). Again, Mr. Canty did not respond.

On November 30, 2007, AstraZeneca, acting under the reasonable belief that Mr. Canty agreed to its confidentiality designations for the Denise Campbell deposition, sent an e-mail to the Court reporters enclosing the designations (See November 30, 2007 E-Mail from Tara Lawler (attached as Exhibit F hereto)).

A full 20 days after receiving AstraZeneca's initial explanation of its designations, Mr. Canty finally responded with an e-mail disputing the bases for the confidentiality designations and stating that, "If no motion is timely made, we will treat these documents as having lost their confidentiality per the terms of the protective order." (See December 5, 2007 E-mail from Dennis Canty (attached as Exhibit G hereto)). The parties then attempted to resolve this dispute. During their initial discussion by telephone, both sides agreed that the current procedure for

3

resolution of confidentiality disputes was not working well. Plaintiffs agreed to work toward a new process, but demanded that if the parties did not agree on a new procedure, AstraZeneca must file this motion under paragraph 12(c) of the PO by December 28, 2007. (See December 18, 2007 E-mail from Dennis Canty (attached as Exhibit H hereto)).

AstraZeneca now files this Motion to ensure that the confidential documents and related testimony are afforded the protections set forth in the Protective Order. The materials at issue involve confidential commercial information that is properly protected under Federal Rule of Civil Procedure 26(c)(1)(G), and public disclosure of them would threaten to harm AstraZeneca by placing it at a distinct competitive disadvantage.

### III.   DISCUSSION

#### A.   AstraZeneca's Market Research Information and Strategic Plans are Entitled to Confidentiality Protection Under the Protective Order and Rule 26(c)(1)(G).

##### 1.   **Commercial Information Is Entitled to Confidentiality Protection.**

Plaintiffs seek, without reason, to remove confidentiality designations from 28 proprietary documents containing confidential marketing and other commercial information. Plaintiffs have these documents in their possession subject to the Protective Order to use for litigation purposes. Plaintiffs have articulated no reason, such as needing to file any protected document with the Court, for challenging confidentiality at this point in the litigation.

The Protective Order and Federal Rule of Civil Procedure 26(c)(1)(G) provide broad protection for discovery materials that involve confidential commercial information.[4] Courts

---

[4] For a complete summary of the governing sections of the Protective Order and the federal rules, as well as a complete citation to the relevant case law, see AstraZeneca's previous briefing. (Doc. No. 645).

recognize the important policy considerations underlying Rule 26(c) "to permit litigants and the courts to examine a party's internal records, which may include . . . valuable business secrets and commercial data, without unnecessarily exposing them to the public's and competitors' view.." *In re Zyprexa Injunction*, 474 F.Supp.2d 385, 394 (E.D.N.Y. 2007). Rule 26(c)(1)(G) itself explicitly extends protection to a broad range of commercial information. Fed. R. Civ. P. 26(c)(1)(G) (permitting protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"); *see also* 8 Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2043, at p. 556 (1994) (describing Rule 26(c)(1)(G) as containing an "open-ended series of terms" entitled to protection); 6 MOORE'S FEDERAL PRACTICE: CIVIL §§ 26.105[1][b], 26.105[8][a] (2007).

"Courts have consistently held that marketing information is confidential commercial information . . ." *Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 576, 577 (N.D. Ga. 1989) (citing *American Standard v. Pfizer, Inc.*, 828 F.2d 734 (Fed. Cir. 1987); *see also Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1358 (Fed. Cir. 2006); *Maritime Cinema Service Corp. v. Movies en Route, Inc.*, 60 F.R.D. 587, 590 (S.D.N.Y. 1973); *Borden Co. v. Sylk*, 289 F. Supp. 847, 848 (E.D. Pa. 1968); *see also In re Rezulin Prod. Liab. Litig.*, 2000 WL 1839744, *2 (S.D.N.Y. Dec. 13, 2000). Marketing plans specifically qualify as protectible "commercial information" under the Rule. *In re Zyprexa Inj.*, 474 F.Supp.2d at 415 ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, **marketing plans**, revenue information, pricing information, and the

5

like." (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (emphasis added)).

The confidentiality protections for proprietary commercial information such as marketing plans should not be cast aside lightly. Confidential business information that is acquired or compiled by a corporation in the course and conduct of its business is a recognized form of property to which the corporation has the exclusive right and benefit. *See Carpenter v. United States*, 484 U.S. 19, 26 (1987). The "extent of the property right" afforded to confidential business information is generally determined "by the extent to which the owner of the secret protects [its] interest from disclosure to others." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001-03 (1984).

The key factors in determining what materials are protected under Rule 26(c)(1)(G) as confidential commercial information, are (1) whether the party has "properly safeguarded" the proprietary information at issue by limiting access to only corporate personnel, and (2) whether public disclosure of the information would threaten to place that party at a "commercial disadvantage" or "competitive disadvantage." *Nestle Foods Corp. v. Aetna Cas. & Surety Co.*, 129 F.R.D. 483, 484 (D.N.J. 1990); *accord Duracell*, 126 F.R.D. at 577 (N.D. Ga. 1989); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981); *see also* 6 MOORE'S FEDERAL PRACTICE: CIVIL § 26.105[8][a].

### 2. The Documents At Issue Are Entitled to Continued Confidentiality Protection.

AstraZeneca can readily satisfy its threshold burden of "good cause" as to these materials, and any balancing of interests tips overwhelmingly in favor of AstraZeneca. AstraZeneca properly designated its market research and strategic planning documents as

"confidential," given that they contain "confidential commercial information" within the scope of Rule 26(c)(1)(G). *See, e.g., Zenith Radio Corp.*, 529 F. Supp. at 890-92. Public disclosure of these documents, which describe AstraZeneca's non-public, proprietary research on various aspects of the pharmaceutical market and its plans for future marketing of Seroquel, would threaten to harm AstraZeneca by providing its competitors with competitively sensitive information as to which they otherwise would not have access. *See* Beamish Decl. at ¶¶ 10-11. Thus, "good cause" under Rule 26(c)(1)(G) exists for these materials to continue to enjoy the confidentiality protections to which they are entitled by law and pursuant to the Protective Order.

AstraZeneca uses a variety of methods to study the market for atypical antipsychotic drugs through methods including focus groups, marketing consultants, consumer and physician surveys, internet research, and internally generated reports. *See id.* at ¶ 5. Gathering this market information requires considerable effort and expense. Many of the documents at issue discuss and/or summarize this research.

Other documents at issue detail AstraZeneca's strategic plans to compete in the market for atypical antipsychotic drugs, given its understanding of market conditions. These documents discuss extremely sensitive matters such as AstraZeneca's long-terms plans to develop the Seroquel brand, projections regarding market trends, and the opinions of senior AstraZeneca personnel regarding the strengths and weaknesses of AstraZeneca and its competitors. *See id.* at ¶ 6.

Like its competitors as to their confidential marketing strategy materials, AstraZeneca treats its own documentation and related information as private proprietary information. *See id.* at ¶ 8. Documents such as these are *never* shared with competitors or anyone else outside of

AstraZeneca. This information is particularly confidential, safeguarded within AstraZeneca, and only used for internal purposes. *See id.* at ¶¶ 8, 10.

The information at issue is never publicly disseminated as it could provide competitors with a distinct advantage. *See id.* at ¶¶ 6-11. The market analyses, business purposes and strategies which are clearly set forth in these documents are developed based upon AstraZeneca's long-term customer knowledge and experience marketing in the atypical antipsychotic market. *See id.* at ¶¶ 5-6. Access to these confidential materials would enable competitors to easily determine when and where AstraZeneca invests in particular tactics and strategies and capitalize on these insights by re-adjusting their own competitive efforts accordingly. *See id.* at ¶ 11. Because the information therein reflects years of competitive intelligence about how AstraZeneca can best meet the needs of different market segments and what messages are best received by particular market segments, competitor access to such private materials would allow them to "free ride" on AstraZeneca's years of efforts to their own advantage and AstraZeneca's disadvantage. *Id.* Thus, this non-public, proprietary information was properly designated as confidential consistent with the governing authority.

Although some of the documents at issue were drafted several years ago, that fact is not dispositive of whether or not confidentiality protections are appropriate. Those older documents contain information that remains applicable and sensitive today such as long-term strategic objectives and sales projections. *See id.* at ¶ 12. Their disclosure would harm AstraZeneca's present business and marketing efforts by informing competitors how AstraZeneca intends to market Seroquel and allowing them to adjust their own strategies accordingly. A document does not have to be recent in order to qualify for protection, if the confidential information contained

therein is "still potentially applicable." *SmithKline Beecham Corp. v. Apotex Corp.*, 2001 WL 62600 at *1 (N.D. Ill. 2001); *see also Zenith Radio Corp. v. Matsuhita Elec. Indus. Co*, 529 F. Supp. at 891-92 ("It would appear that, in the hands of an able and shrewd competitor, old data could indeed be used for competitive purposes.").

Public disclosure of AstraZeneca's marketing research and strategy information and related documents – including access to such materials by competitors – would put AstraZeneca at a commercial and competitive disadvantage, particularly where competitors are not simultaneously required publicly to disclose and provide AstraZeneca with their comparable confidential proprietary information and materials. *See* Beamish Decl. at ¶ 3. In this sense, such disclosure would injure AstraZeneca by forcing it to surrender knowledge of the pharmaceutical market uniquely held by AstraZeneca, thereby both diminishing the value of the information and providing an unfair competitive advantage to AstraZeneca's competitors. Thus, the information at issue is protected as "confidential" under the Protective Order, which should continue to protect AstraZeneca's privacy interests in these materials.

### B. AstraZeneca's Interest In Preserving The Confidential Materials From Disclosure Outweighs Any Interest Asserted By Plaintiffs.

AstraZeneca's interest in preserving the confidentiality of the materials at issue from unnecessary and unwarranted disclosure to its competitors and the general public outweighs any interest that could be asserted by plaintiffs. *See Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (emphasizing that a "balancing of interests" analysis applies in circumstances such as this). Plaintiffs have not informed AstraZeneca of the basis of their objections to the confidentiality designations of the market research and strategic planning documents nor have they stated for what purpose they allegedly need confidentiality protections

removed. AstraZeneca is unaware of any legally cognizable interest in not complying with the minimally restrictive safeguards imposed by the Protective Order. Nonetheless, there can be no question that this balancing of interests overwhelmingly tips in favor of AstraZeneca.

AstraZeneca's interest is in making sure that its competitors and the general public do not needlessly obtain access to confidential, competitively sensitive discovery materials. AstraZeneca's interest in preserving the confidential nature of this information plainly outweighs any interest plaintiffs may have in publicly disclosing these documents. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (the public has "no common law right of access" to discovery materials), *In re Zyprexa Injunction*, 474 F.Supp.2d at 412-14 (explaining that "[w]ithout an ability to restrict public dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to needless annoyance, embarrassment, oppression, or undue burden or expense") (quoting *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001)). Plaintiffs cannot show any overriding interest in avoiding the minimal inconvenience of filing these documents under seal in accord with the Court's Protective Order and Local Rules. AstraZeneca has already provided these confidential discovery materials to plaintiffs, and asks merely that the Protective Order's safeguards against unnecessary and unwarranted harm to the confidential nature of these materials continue to apply. Simply put, there is no need at this point in the litigation for the parties to dispute the confidentiality of these documents or for the Court to take time to adjudicate that issue.

## III. CONCLUSION

For the foregoing reasons, AstraZeneca's Motion should be granted. Plaintiffs' challenges to the confidentiality designation of the market research and strategic planning documents are without merit. Such materials are entitled to confidentiality protection under both the terms of the Protective Order and governing law.

DATED: December 28, 2007         Respectfully submitted,

/s/ Fred T. Magaziner
Fred T. Magaziner
Brennan Torregrossa
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

David Venderbush
DECHERT LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF CONFERENCE

As per Local Rule 3.01(g), AstraZeneca attempted to meet and confer on these issues but the parties have been unable to resolve their disputes.

/s/ Tara S. Lawler

## CERTIFICATE OF SERVICE

I hereby certify that, on December 28, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ Tara S. Lawler

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey<br>Michael W. Perrin<br>Fletcher Trammell<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP*** | Gregory P. Forney<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*** |

| | |
|---|---|
| Elizabeth Raines<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |