## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| This document relates to: | |
| **ALL CASES** | **6:06-MDL-1769-ACC-DAB** |

**PLAINTIFFS' RESPONSE IN OPPOSITION AND INCORPORATED MEMORANDUM OF LAW TO DEFENDANTS' MOTION AND MEMORANDUM OF LAW TO CONTINUE JANUARY 28, 2008 EVIDENTIARY HEARING**

Plaintiffs in the above-referenced litigation submit this Response in Opposition and Incorporated Memorandum of Law to the Motion and Memorandum of Law to Continue the January 28, 2008 Evidentiary Hearing (Doc. 745, hereinafter, the "Motion") filed by Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "Defendants"), and would respectfully show the Court as follows:

### I.
### SUMMARY OF RESPONSE

Defendants' Motion is a poorly disguised attempt to delay, for the sake of delay only, the sanctions evidentiary hearing set for January 28, 2008. Defendants' expressed due process concerns, should the Court refuse to continue the hearing, are mere contrivances unsupported by applicable case law. More specifically, to afford Defendants due process in the sanctions context, Defendants need only have had notice of the possible imposition of sanctions, and an opportunity to respond orally or in writing. It is without question that Defendants have been given several months notice and multiple opportunities to be heard on the matter of discovery abuse sanctions. Moreover, Defendants' argument regarding their

1

need to await Plaintiffs' responses to Defendants' recently cobbled and served written discovery ignores the fact that Defendants procrastinated in serving that discovery until the eve of the hearing, bypassing months of earlier opportunities.  The Court should also be wary of Defendants' request to delay the hearing until after completion of their remedial discovery production.  Plaintiffs' prejudice caused by Defendants' established discovery abuse is simply unrelated to how (and whether) Defendants fix the problems with their discovery going forward.  Finally, Defendants' Motion ignores this Court's admonition in the Local Rules strongly disfavoring such requests for continuances.   The Court should deny Defendants' Motion.

## II.
## ARGUMENT & AUTHORITIES

A.     **<u>Defendants' Unsupported Due Process Contentions And Eleventh-Hour Discovery Requests Are No Basis For Delay Of The Evidentiary Hearing.</u>**

Defendants' assertion that proceeding with the evidentiary hearing on January 28, 2008 violates their due process rights is simply insupportable.  "Due process requires that the [party] be given fair notice that [its] conduct may warrant sanctions and the reasons why."  *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306-1307 (11th Cir. 2006); *In re Moz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *see Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir. 1987).  "Importantly, a party can be given notice from either the court or from the party seeking sanctions."  *In re Sunshine Jr. Stores*, 456 F.3d at 1307.  Due process "requires only that the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing."  *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 n.14 (11th Cir. 2002).  "[A] motion for sanctions under Rule 37 . . . places both [the] party and its

attorney on notice that the court may assess sanctions against either or both . . . ."  *Stuart I Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1142 (11th Cir. 1998).

      Here, Defendants were on notice of the possible imposition of sanctions since at least July 3, 2007, when Plaintiffs filed their first Motion for Sanctions (Doc. 256), if not significantly before that date given the Court's admonitions regarding Defendants' failure to meet discovery obligations.[1]  Defendants had an opportunity to respond in writing to the potential assessment of sanctions via their response to Plaintiffs' sanctions motion.  (Doc. 278.)  An evidentiary hearing was held on July 26, 2007 to determine whether Defendants' discovery delays were sanctionable.  Furthermore, Defendants unequivocally had notice of impending sanctions against them when the Court found, in its August 21, 2007 order, that Defendants' conduct in discovery was indeed sanctionable.  (Doc. 393.)  Finally, Defendants were again put on notice of the possibility of the Court's assessment of sanctions against them via the Court's notice of the January 28, 2008 hearing, which was ordered on November 20, 2007.  Any contention that Defendants have been given inadequate notice and opportunity to be heard regarding the potential imposition of sanctions is simply incredible.

      Defendants' argument that they have not had the opportunity to "test," through discovery, Plaintiffs' allegations of prejudice is similarly unfounded.   (Mot. at 6-7.)

---

[1]
> 23    [THE COURT]: You're entitled to the documents sooner than that,
> 24    and then you're going to pick the witnesses that you
> 25    really need to take.  I don't know why it should take more
> 1    than six or seven months to get all – everything you
> 2    need.
> 3    MR. PENNOCK:  Well, Judge, we have been here, as
> 4    the Court is well aware, for six months already.
> 5    THE COURT:  That's what troubles me.  You should
> 6    have had some – a lot of this stuff way before now.  If
> 7    you haven't gotten it, that's a problem.

(Tr. of Hr'g March 2, 2007 at 12-13.)

Plaintiffs continually alleged that they had been prejudiced by Defendants' discovery abuses before, during, and, as Defendants recognize in their Motion, after the filing and prosecution of Plaintiffs' first sanctions motion. (Mot. at 4 ("Plaintiffs have revealed ... [their] allegations of prejudice in a series of discovery motions brought in the wake of the Court's Sanctions Order. *See, e.g.*, Doc. Nos. 591, 604, 609, 629, 641, 662, 711, 724.").) Yet, if Defendants desired to "test" Plaintiffs' prejudice claims through discovery, they did not do so immediately following the filing of their first sanctions motion; nor did Defendants do so after the sanctions hearing; nor did Defendants attempt to discover the prejudice suffered by Plaintiffs after the Court made its sanctions findings, nor after the Plaintiffs filed any of the above-listed motions. Defendants even procrastinated nearly a month after the Court noticed the January 28, 2008 hearing—and only contemporaneously with filing this Motion—to serve any discovery on Plaintiffs, notwithstanding Defendants' assertions that Plaintiffs' responses to that discovery are critical to "test" Plaintiffs' allegations prior to the evidentiary hearing.[2] The Court should not be swayed by Defendants' unsupported, eleventh-hour

---

[2] Defendants served Plaintiffs with 277 requests for admission, 10 requests for production, and 24 interrogatories, most with 4-6 or more subparts, on December 17, 2007, the same day Defendants filed this Motion. Without waiving any objections that Plaintiffs may lodge or motions for protective order that Plaintiffs may seek with regard to that discovery, Defendants have served the discovery sufficiently in advance of the January 28, 2008 hearing so as to receive Plaintiffs' objections and responses several days in advance of the hearing under the timeframes afforded by the Federal Rules of Civil Procedure—despite Defendants' contentions that it is unlikely the discovery will be completed prior to the evidentiary hearing. (Mot. at 7.) Moreover, most of Defendants' recent discovery requests merely injects an additional, unnecessary procedural layer with regard to evidence that is already of record, which Defendants will have the opportunity to present at the evidentiary hearing. For example, 267 of the 277 requests for admission ask Plaintiffs to admit or deny that they tendered specific document exhibits in depositions of AstraZeneca representatives—e.g., Request for Admission No. 11 asks "Admit that in the deposition of Denise Campbell on October 10-11, 2007, you used a document bates numbered AZ/SER 10379213-21 as Exhibit 2." An additional 266 requests for admission follow exactly the same pattern, changing only the name of the deponent, the date, and document and exhibit numbers. Instead of having their attorneys drafting makework discovery concerning matters that are already of record in this litigation, perhaps it would be advisable for Defendants to engage additional attorneys to resolve the discovery problems that have culminated in the January 28, 2008 hearing.

claims of purportedly necessary additional discovery in order to proceed with the evidentiary

hearing on January 28, 2008.   This simply amounts to more of Defendants' discovery

gamesmanship.[3]

---

[3]       On August 21, 2007, Defendants' counsel Fred Magaziner assured the Court that the "sluggishness" in Defendants' production would be corrected, and promised complete cooperation with the yet-to-be-appointed SM-ESI:

| | |
|---|---|
| 25 | [Mr. Magaziner:] We are determined that Your Honor's perception of |
| 1 | what we are doing will change.  And to that end, we would |
| 2 | make the following proposal: We would ask that the Court |
| 3 | appoint a neutral, independent technical consultant expert |
| 4 | who will work day in and day out with us, with our team, |
| 5 | with plaintiffs' team, presumably chiefly Mr. Jaffe, who |
| 6 | is here in the courtroom again today, day in and day out |
| 7 | to make sure whatever problems still remain from the' |
| 8 | the production that we've already made that those problems are |
| 9 | resolved satisfactorily so there will be no further issues |
| 10 | for the Court. |
| 11 |    If the technical person we're envisioning says, here |
| 12 | is the fix that needs to be done to resolve this problem |
| 13 | that still remains from the past production, we intend to |
| 14 | implement that fix so there's nothing further to be |
| 15 | discussed about have we or have we not done the right |
| 16 | thing with the past productions to correct the problems |
| 17 | that crept into them over the course of the last many |
| 18 | months. |
| 19 |    And then going forward, we would like that technical |
| 20 | person to work with our team and with plaintiffs' team to |
| 21 | make sure we are doing the things that the plaintiffs and |
| 22 | special master and we think are best.  And if the—I |
| 23 | call him the special master, if the technical—neutral, |
| 24 | independent technical expert says, what you're doing now |
| 25 | isn't right, I'd like you to do it a different way, we |
| 1 | will do it a different way that the technical expert tells |
| 2 | us to do it. |

(Tr. of Hr'g Aug. 22, 2007 at 24-26.).  But the promised future cooperation in discovery, and deference to the SM-ESI, has not been occurring, according to the most recent reports from the SM-ESI:

> During the database conference in New York, I learned that AstraZeneca intends to return to TIFF and load file production for items it redacts, estimated to be as much as 15% of its production for certain collections. To do so, AstraZeneca will employ optical character recognition (OCR) to loosely reconstruct the electronic searchability of information *not* redacted. Though a less-than-optimum method, TIFF redaction wouldn't be a cause for significant concern for word processed documents and e-mail because it's minimally adequate when applied to ESI that formats to letter-size page format and is basically a "flat" text document containing little or no three-dimensional data or numeric information. Of significant concern, however,

**B.** **Remedial Production Need Not Be Complete In Order For Plaintiffs To Present Evidence Of Prejudice Suffered And Expenses Incurred As A Result Of Defendants' Sanctionable Conduct.**

Furthermore, Defendants' argument that the Court should delay the sanctions hearing until after March 2008, when Defendants "predict"—but have not certified that—they will complete their remedial discovery production, is without merit.  Defendants' discovery abuses have already been deemed sanctionable by the Court.  (Doc. 393.)  Plaintiffs are prepared and entitled to present evidence of the extent of those abuses and the resulting harm and prejudice at the January 28, 2008 hearing.  Defendants' past misconduct in discovery has severely prejudiced Plaintiffs, regardless of how (and whether) Defendants may remedy their discovery problems in the future.

Moreover, Defendants' "judicial economy" argument—that the Court should continue the evidentiary hearing until after completion of Defendants' attempted discovery fixes—apparently indicates that Plaintiffs may have new evidence of sanctionable conduct to present after March 2008.  Plaintiffs are nevertheless entitled to present evidence that they now have, and obtain the proper remedy for the significant expense and prejudice occasioned by Defendants' misconduct thus far.  In asking the Court to simply "wait and see" whether they will continue to violate the Court's Orders, the directives of the SM-ESI, and the

---

is AstraZeneca's avowed intention to use TIFF redaction for more complex file types, particularly spreadsheets, because doing so will destroy the usability of the evidence and corrupt its contents. I *advised* AstraZeneca that it should not employ TIFF redaction and OCR for items like spreadsheets that will be rendered unusable and corrupted by the process. AstraZeneca's counsel indicated that defendant would not accept my guidance in that regard.

(Am. 3rd Status Report of SM-ESI Craig Ball (Doc. 747) at 4.)

Federal Rules, Defendants effectively seek an indefinite continuance of the January 28, 2008 hearing.

Lastly, Defendants' Motion complains at length about Plaintiffs' supposedly unsubstantiated allegations of prejudice that are "unfixed to any evidence." (Mot. at 3-6.) Plaintiffs will not be baited by Defendants into proffering evidence of its prejudice claims in response to this Motion. Indeed, the precise reason that the Court is holding the evidentiary hearing next month is so that Plaintiffs may present their evidence at that time in the appropriate forum. The Court should deny Defendants' Motion.

**C.     Defendants' Request For Continuance Contravenes This Court's Admonition In The Local Rules.**

Finally, Defendants' Motion seeking a continuance of the evidentiary hearing ignores the Court's admonishment for Track Three (complex litigation) cases in the Local Rules that "[a] motion to . . . continue any pretrial conference, hearing or trial is severely disfavored ...." L.R. 3.05(c)(3)(D). The rule explains that "in light of the need for special judicial attention" in such cases, "counsel should prosecute or defend a Track Three Case only if able to accommodate the scheduling demands." *Id.* The Court should not accept Defendants' transparent efforts to further delay these proceedings under any circumstances, much less in light of the express disapproval thereof in the Court's rules.

CONCLUSION

For the foregoing reasons, the Court should DENY Defendants' Motion.

Respectfully submitted

By:    /s/ K. Camp Bailey
       F. Kenneth Bailey Jr.
       K. Camp Bailey
       Fletcher V. Trammell
       Robert W. Cowan
       **BAILEY PERRIN BAILEY LLP**
       440 Louisiana St., Suite 2100
       Houston, Texas 77002
       (713) 425-7100 Telephone
       (713) 425-7101 Facsimile
       kbailey@bpblaw.com
       cbailey@bpblaw.com
       ftrammell@bpblaw.com
       rcowan@bpblaw.com
       **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of December, 2007, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION AND INCORPORATED MEMORANDUM OF LAW TO DEFENDANTS' MOTION AND MEMORANDUM OF LAW TO CONTINUE JANUARY 28, 2008 EVIDENTIARY HEARING with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/  Robert W. Cowan
Robert W. Cowan

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co*. | attorneyokc@gmail.com |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St. | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895 |

| | |
|---|---|
| Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>*Counsel for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals LP* | Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca*<br>*Pharmaceuticals, LP* |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave. | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor |

| | |
|---|---|
| Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca*<br>*Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN  55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| | |

| | |
|---|---|
| John Hawkins | Donna Higdon |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN  55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin | Marjorie Shickman<br>Dechert, LLP |

| | |
|---|---|
| 300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | 2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Mary J. Wrightinton |