## Decker, Brian

**From:** Kerns, Kevin
**Sent:** Sunday, December 30, 2007 10:41 AM
**To:** Decker, Brian
**Subject:** FW: Dec. 13 Letter to Special Master Ball

**Attachments:** Dec._13_.pdf



Dec._13_.pdf (147 KB)

-----Original Message-----
From: Kerns, Kevin
Sent: Friday, December 14, 2007 1:58 PM
To: Craig Ball; Larry J. Gornick; Dennis Canty
Cc: rpass@carltonfields.com
Subject: Dec. 13 Letter to Special Master Ball

Mr. Ball:

Please see the attached.

Sincerely,

Kevin T. Kerns



Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

**KEVIN T. KERNS**

kevin.kerns@dechert.com
+1 215 994 2729 Direct
+1 215 655 2729 Fax

December 13, 2007

Craig Ball, Esquire
1101 Ridgecrest Drive
Austin, TX 78746

Dear Mr. Ball:

This letter to you and Mr. Gornick follows your email dated December 7, 2007 sent at 10:10 A.M. Eastern Time and this past Wednesday's teleconference regarding AstraZeneca's databases. While we would normally simply send you a reply via e-mail, in this instance we felt it important to set forth in detail AstraZeneca's position on two issues – namely, (1) redactions in TIFF format, and (2) the status of the custodial declarations.

### *Redactions in TIFF Format*

We discussed the issue of redaction format for AstraZeneca productions both at the mediation in New York City on December 4-5, 2007 and on Wednesday during our weekly call. As you know, in each of Plaintiffs' forty-nine Rule 34 requests for database information, Plaintiffs instructs AstraZeneca that where AstraZeneca chose to redact information residing on databases, "[a]ll redactions *shall* be printed in TIFF format . . . . " (See e.g., Instruction No. 9 to each of Plaintiffs' database Requests for Production) (emphasis added). The instruction to redact in TIFF is consistent with *Case Management Order No. 2* entered by Judge Conway on January 26, 2007. In responding to the first twenty-two database Requests for Production AstraZeneca has not objected to Plaintiffs' demand for this form of production. Moreover, counsel for AstraZeneca have advised you and Plaintiffs' counsel that AstraZeneca does not intend to object to this form of production demand in the remaining twenty-seven database Requests for Production. As such, this appears to be a database issue over which the parties have no disagreement.

During the two-day mediation session in New York City, you expressed the view that AstraZeneca should not redact database productions in TIFF format. You repeated your views again during our call on Wednesday, December 12th. As you know, we took issue with this position, noting that TIFF redactions were what Plaintiffs' counsel asked for and were fully consistent with AstraZeneca's Rule 34 production obligations. Although you acknowledged that AstraZeneca's offered form of production was consistent with Judge Conway's *Case*



December 13, 2007
Page 2

*Management Order* and Plaintiffs' discovery demands, you made it clear that in your view the agreement on this form of production (at least on the part of Plaintiffs' counsel) was ill-advised and imprudent.

We continue to believe that AstraZeneca's agreement to produce TIFF redactions is consistent with *Case Management Order No. 2*, the instructions set forth in Plaintiffs' Rule 34 Requests for Production, and the letter and spirit of existing law under Fed. R. Civ. P. 34. Unfortunately, if Plaintiffs' counsel act on the concerns you have raised regarding the form of production such that there is no longer an agreement between the parties, we will have little choice but to raise this issue on substantive and procedural grounds with Judge Baker.

### *Custodial Declarations Regarding Mailbox Addresses*

At your request, we have been investigating the issue of multiple email addresses for AstraZeneca custodians. As we advised you and Plaintiffs' counsel, the manner in which AstraZeneca collected and captured data captured all relevant emails regardless of whether the custodians had simultaneous e-mail boxes. Given this information (which will be confirmed by Ms. Field in the next couple of days), we consider the matter of multiple email addresses as requiring no further investigation or discussion.

Nonetheless, you asked us to prepare a declaration to be executed by AstraZeneca's custodians regarding the email addresses that they used during the relevant time period. Over the course of several calls during the months of October and November, the parties worked extensively to reach an agreement regarding the language of the custodial declarations. In that regard, you suggested, and the parties agreed, to draft the declarations in a manner that sought to exclude confusing, legalistic terms. Simplicity and clarity were particularly important since you also demanded that the declaration include a provision indicating the custodians were signing the declarations under the penalty of perjury. During Wednesday's call, the parties reported that they have reached an agreement in principle on the language of the declarations. The lone unresolved issue was whether the declaration should contain language surrounding the scope of the declarant's investigation before signing the declaration be made "to the best of [the declarant's] recollection." The parties sought your input regarding this issue. You expressed the view that the parties' agreement on the matter of "to the best of [the declarant's] recollection" was "an end run" around you, and asked that AstraZeneca immediately issue a prior version of the declaration that you supported to all one hundred and three custodians produced to date in the litigation.



December 13, 2007
Page 3

We are prepared to continue our discussions with Plaintiffs' counsel regarding a form of declaration that both sides can agree on to all one hundred and three AstraZeneca custodians. We believe that this declaration should be sufficient for this exercise, particularly because we have already confirmed that AstraZeneca's e-mail collection protocols already capture multiple mailboxes. In a further effort to get past this issue, Astra Zeneca is also willing to provide you and Plaintiffs' counsel a list of email addresses used by all one hundred and three custodians in the relevant time period. If, despite the additional step that AstraZeneca is now proposing, you continue to insist that we issue a form of declaration for which AstraZeneca has significant and serious concerns, we will have no choice but raise this issue with Judge Baker.

We hope that this letter helps clarify AstraZeneca's position on these two important issues and allows the parties to focus today's call on issues that are actual disputes and not those where there was or there is agreement between the parties.

Sincerely,

Kevin T. Kerns

KTK/dt
cc.   Larry Gornick