UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to ALL CASES

### ASTRAZENECA'S PROPOSED PLAN REGARDING THE FORMAT AND CONTENT OF THE JANUARY 28, 2008 HEARING

On December 19, 2007, the Court noticed a status conference for January 4, 2008 "concerning the format and content of the evidentiary hearing and oral argument on the electronically stored information ("ESI") issues and the matters set forth in Doc. 706." (Doc. 751). In Document 706, the Court noticed an evidentiary hearing and oral argument for January 28, 2008 on the following: "the [ESI] issues raised in the Court's August 21, 2007 Order finding sanctionable conduct by [AstraZeneca]" (Doc. 393, the "Sanctions Order"); "the issues raised in the Reports of SM-ESI Ball" (Docs. 613, 663, and 743); and "discovery issues raised by Plaintiffs at the ensuing status conferences (since August 21, 2007)."

AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca"), by its undersigned counsel, hereby submit its proposed plan regarding the format and content of the evidentiary hearing and oral argument currently scheduled for January 28, 2008. As explained in detail in AstraZeneca's contemporaneously filed Objections to Plaintiffs' Proposed Sanctions Plan, if the hearing were to go forward on January 28, expanding it to include the last two sets of issues set forth above would be unworkable and would violate AstraZeneca's due process rights. Accordingly, this Proposed Plan addresses the format and content of the hearing only insofar as the hearing would address plaintiffs' purported prejudice and damages. Moreover, even the

discrete issues of prejudice and damages will not be crystallized – and therefore would be best suited for adjudication – after the March 14, 2008 "substantial completion" deadline. For that reason, as well as the severe tightness of the deadlines that would have to be met to complete the various litigation tasks required for a fair, efficient hearing (as shown in the schedule below), AstraZeneca separately has moved the Court to postpone the January 28, 2008 to a later time. (Doc. 764). If the Court grants that motion, the milestone dates outlined herein would accordingly be adjusted to a more realistic timetable.

### The ESI Issues Raised in the Sanctions Order

AstraZeneca's position is that the only relevant issues to be determined under this subject are whether and to what degree, if any, plaintiffs can prove they have suffered prejudice or damages stemming from conduct previously found by the Court to be sanctionable. This is consistent with the Court's own observations regarding the January 28, 2008 hearing, as expressed in its August 21, 2007 Sanctions Order, that it was reserving for a later time consideration of the "nature and amount" of any sanctions that might be awarded subject to any evidence plaintiffs could bring forth regarding the "prejudice or damages" they had incurred, (*Id.* at. 28), as well as the Court's expressed desire to obviate the need for a "formal round of discovery about discovery" and avoid the "issue of sanctions and discovery responses [becoming] any more of a mini litigation than it already has." (Aug. 22, 2007 Hearing Transcript at 43-46).

Because the Court has already made the predicate specific findings regarding potentially sanctionable conduct, AstraZeneca submits that all evidence and argument at any sanctions hearing should be directed to prejudice and damages issues only, and not to an examination – or re-examination – of issues relating to what caused the ESI discovery problems or who may have

been responsible for them. All such other issues are irrelevant at this point and will burden the Court and the parties unnecessarily with time-consuming, possibly multi-day proceedings, as well as with unnecessary, unproductive discovery that would serve no useful objective. Moreover, the time for evidence on culpability (as opposed to prejudice and damage) was at the full day sanctions hearing held last July, not at the upcoming hearing scheduled for January 28.

For these reasons, as well as those additional reasons expressed in AstraZeneca's motions to quash third party subpoenas issued to AstraZeneca's prior litigation support vendors, Planet Data and Zantaz, or for protective orders as to those subpoenas,[1] it is also AstraZeneca's position that no discovery should be permitted of Planet Data or Zantaz or of AstraZeneca's attorneys involved with ESI discovery, specifically Andrew Dupre, Esq., whom plaintiffs previously identified. Such discovery would have nothing to do with Plaintiffs' claims of prejudice or damage, and would be time-consuming, expensive and distracting. The only discovery under this subject that is appropriate is discovery on the issues of alleged prejudice and damage.

In its November 20 Order, the Court indicated that, at the January 28 hearing, "[t]he parties should be prepared to address how relevant information from the Special Master-ESI bears on the issues and how it should be presented." (Doc. 706) In theory, a party should be able at the hearing to reference *relevant, un-objected to* portions of SM Ball's Reports – if any – that reflect his expressed views, comments and observations on matters falling within the scope of his authority (subject to the other party having the right to object to such portions as being outside the scope of his authority or on any other applicable ground). However, SM Ball's third report is the subject of a contemporaneously filed objection and, in any event, none of his three reports have information that bears on the prejudice and damage issues that would be the subject

---

[1] *E.g.*, Rule 26(b)(1) does not encompass discovery about discovery and, in any event, the discovery of these vendors invades the attorney-client privilege and/or work product doctrine.

of the hearing. Moreover, even if information in SM Ball's Reports were considered, such information should not be deemed a finding of fact or conclusion of law since SM Ball has not conducted an evidentiary hearing. Either party should be permitted to submit evidence challenging or otherwise addressing any portion of the Special Master's Reports. *See* Fed. R. Civ. P. 53(f)(1).

This approach is consistent with the Court's Order appointing SM Ball as a Special Master pursuant to Rule 53, Fed. R. Civ. P (*see* Order Re: Appointment of Special Master for ESI (Sept. 27, 2007)), and thereafter issuing an order dated October 5, 2007 setting forth SM Ball's authority and duties. SM Ball is limited to making "a report to the court as required by the order of appointment." *See* Fed. R. Civ. P. 53(e); see also Oct. 5, 2007 Order ("The SM-ESI shall regularly file a written report, in such format he deems most helpful, identifying his activities and the status of matters within his purview."). SM Ball's reports are not themselves evidence, and under Rule 53, Fed. R. Civ. P., SM Ball cannot testify as a witness. If he were to submit evidence or give testimony, his role as Special Master would be compromised, as he would be subject to cross-examination and impeachment by either party[2]

### Pre-Hearing Schedule

AstraZeneca suggests the following schedule, assuming that the hearing remains set for January 28, 2008:

<u>Wednesday, Jan. 9</u> – Plaintiffs must disclose their witnesses (both fact and experts, if any).

<u>Thursday, Jan. 10</u> – Plaintiffs must disclose a list of all exhibits it intends to introduce at the hearing in support of its case in chief, including any exhibits on which its experts may rely.

---

[2] Because Rule 53 does not provide for discovery or cross-examination of a special master, the Special Master's input in this matter must be limited to his Reports, as set forth in Rule 53(e), and subject to challenge by either party as provided for in sub-section (f)(1). *See generally* Manual for Complex Litigation §11.52 (4th ed.).

4

Monday, Jan. 14 – AstraZeneca must disclose their witnesses (both fact and experts, if any).

Tuesday, Jan. 15 – AstraZeneca must disclose a list of all exhibits it intends to introduce at the hearing in support of its case in chief, including any exhibits on which its experts may rely.

Witness Disclosures:

As for each witness disclosed by either party, that party – at the time of disclosure – must include a good faith, but brief, description of the subject matter of the witness' testimony. This requirement would apply both to expert and non-expert witnesses, and there would be no requirement of any additional submission (such as a report) by any expert witness. Each such witness (both fact and expert) must be made available for deposition if requested by the other side between January 14 and January 22, 2008.

Exhibit Disclosures:

Each document disclosed by a party must be separately numbered and identified on the form used by the Middle District for exhibit disclosures. If an exhibit has not previously been produced in discovery, it must be produced to the other side at this time. To the extent a party intends to designate all or part of a Report of SM Ball, the party must identify that portion specifically within its list of exhibits. To the extent a party deems all or part of a document on its exhibit list to be confidential, it shall so designate it at this time.

Tuesday, January 22 – Last day for depositions.

Wednesday, January 23 – Objections to any exhibits on the grounds of hearsay, relevance, or authenticity shall be made no later than this date. In this regard, either party may

5

object to the admissibility of a designation of all of part of a Report of SM Ball on the grounds that it is irrelevant to the issues or beyond the scope of SM Ball's authority, or on any other applicable ground. In addition, no later than this date, objections shall be made to any designation of a document as confidential. Further, to the extent one side believes a document to be introduced by the other side is "confidential," it must so designate it at this time (unless it has previously done so, in which case it shall be assumed that the party is designating the document as "confidential").

Any document to which no objection is made shall be deemed admitted and any document designated as confidential to which no objection is made to such designation shall be deemed confidential for purposes of the hearing.

Objections to any witnesses shall also be made no later than this date, and any motions in limine shall be filed no later than this date.

<u>Thursday, January 24</u> – No later than this date, each side shall submit its brief with respect to the various issues, and also may file its unopposed exhibits.

<u>Friday, January 25</u> – No later than this date, each side shall provide the other with a three-ring binder notebook (or set of such notebooks) with numbered tabs containing its correspondingly numbered exhibits as previously identified. Demonstrative exhibits also shall be exchanged or made available for inspection by this date.

DATED: January 3, 2008          Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com


*/s/ Robert W. Pass*
Florida Bar Number 183169
Carlton Fields, P.A.
215 South Monroe Street, Suite 500
Tallahassee, Florida 32301-1866
Telephone: (850) 224-1585
Facsimile: (850) 222-0398
rpass@carltonfields.com

*/s/ Chris S. Coutroulis*
Florida Bar Number 300705
/s/ Robert L. Ciotti
Florida Bar Number 333141
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida 33607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 3, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ *Joshua G. Schiller*

# SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey<br>Michael W. Perrin<br>Fletcher Trammell<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP*** | Gregory P. Forney<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*** |

| | |
|---|---|
| Elizabeth Raines<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |