# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

**MDL DOCKET NO. 1769**

_____

**This Document Relates to ALL CASES**

## ASTRAZENECA'S OBJECTIONS TO
## PLAINTIFFS' PROPOSED SANCTIONS PLAN

## I.   INTRODUCTION

AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca")

respectfully submits the following objections to plaintiffs' proposed plan for the January

28, 2008 hearing.  As AstraZeneca proposes in a separate filing, that hearing should be

limited to considering any *actual* prejudice plaintiffs can prove they suffered as a result

of conduct this Court has already *found* to be potentially sanctionable in its August 21,

2007 Order.[1]

Plaintiffs' "kitchen sink" approach, which seeks to expand the January 28th

sanctions hearing to include discovery issues that have not been the subject of proper

notice (much less a factual finding by this Court) raises very significant due process

issues prejudicing AstraZeneca.  Based on the cursory email sent to AstraZeneca counsel

shortly before the December 18, 2007 monthly MDL conference – the only hearing plan

plaintiffs have offered as of this filing – plaintiffs apparently envision the January 28th

hearing to be an open forum on any claimed instance of AstraZeneca's alleged discovery

_____

[1]      AstraZeneca will submit a detailed plan for an eventual sanctions hearing in a
separate document.

misconduct that Plaintiffs may wish to raise on the spur of the moment.  Indeed, plaintiffs have not indicated what these violations are; they are simply described by plaintiffs as "issues discovered since July 26."  Suffice to say, apart from the August 21, 2007 Order, there has not been a judicial finding that AstraZeneca has committed any sanctionable offenses.

Although plaintiffs' vague plan for the January 28th hearing is objectionable on many levels, their proposal is perhaps most disturbing in that it would deprive AstraZeneca of fundamental due process rights.  Given the severity of the sanctions plaintiffs have claimed at various times to be seeking – including striking the learned intermediary "defense" and eight-figure monetary sanctions – AstraZeneca's due process rights are particularly implicated here.  At a minimum, plaintiffs must describe in detail the conduct at issue, the prejudice they have suffered as a result of that particular conduct, and the sanctions they seek.  Indeed, Eleventh Circuit case law requires that sanctions be specifically tailored to the particular discovery misconduct at issue as well as the prejudice actually suffered by the plaintiffs.    Depending on what the allegations are, AstraZeneca may very well be entitled to discovery, briefing, and a separate hearing to put on affirmative evidence.  Permitting plaintiffs to move on January 28th for sanctions stemming from conduct that this Court has not previously ruled upon, without full and proper procedural safeguards, would violate AstraZeneca's due process rights.

Moreover, plaintiffs' proposed plan is unworkable as a hearing "plan."  For instance, given the March 14, 2008 "substantial completion" deadline, any hearing on prejudice or sanctions at this time is premature.  Plaintiffs also propose to enter as evidence at the hearing Special Master Ball's ("SM Ball") findings and reports.  This

would be improper, as this Court's Rule 53 referral order do not empower SM Ball to resolve factual disputes and make factual findings—but even if it did, any such findings would then be subject to *de novo* review by the Court following full adversarial proceedings.[2] Moreover, any use of SM Ball's reports as "evidence" would effectively turn the Special Master into a court-appointed expert and fatally undermine his ability to assist the parties in the technical aspects of discovery, as he is charged to do.

## II.   BACKGROUND

In its August 21, 2007 Sanctions Order, the Court concluded that some, but not all, of the discovery-related activities had complained were potentially sanctionable. *See* Sanctions Order (Doc. No. 393) at 2.  This Sanctions Order was based on a motion and briefing by plaintiffs and AstraZeneca (Doc. Nos. 256, 278), specific listing by plaintiffs of purported sanctionable conduct by AstraZeneca (Doc. No. 289), and a day long evidentiary hearing on July 26, 2007.

In its Sanctions Order, the Court concluded that "further discovery" and proffers of "specific prejudice or added costs the sanctionable conduct has caused" would be necessary before the Court could rule "on the appropriate sanctions." *Id.*  Thus, the Court was "unable to determine the appropriate nature and amount of sanctions" at that time. *Id.* at 28.  The Sanctions Order provided that plaintiffs would have a later opportunity "to present evidence and argument as to any specific prejudice or damage from AZ's failure timely to produce 'usable' or 'reasonably accessible' documents in this litigation, including motion costs." *Id.*

---

[2]   Moreover, AstraZeneca disagrees with SM Ball's most recent report and is filing formal objections to the report.

On November 20, 2007, the Court issued a notice for a January 28, 2008
"evidentiary hearing" on issues raised in the August 21 Sanctions Order, including,
presumably, plaintiffs opportunity to present evidence of specific prejudice. *See* Notice
of Hearing (Doc. No. 706).  The Court's Notice of Hearing noticed an evidentiary
hearing "on the electronically stored information ("ESI") issues raised in this Court's
August 21, 2007 Order finding sanctionable conduct by Defendants (Doc. No. 393); the
issues raised in the Reports of SM-ESI Ball; and discovery issues raised by plaintiffs at
ensuing status conferences (since August 21, 2007)."[3]  *Id.*  At the December 18, 2007
Status Conference, the Court indicated its preference to hold a separate status conference
related to the form and content of the noticed January 28 hearing and the Court issued a
notice to this effect.  *See* Notice of Hearing (Doc. No. 751).

On December 17, 2007, plaintiffs sent defense counsel an e-mail outlining
evidence plaintiffs intend to present regarding sanctions and a proposed schedule.  *See* E-
mail from Dennis Canty (attached as Exhibit A).  In that e-mail, plaintiffs proposed,
"Evidence should be limited to: (1) issues discovered since July 26; (2) evidence
concerning issues arising prior to July 26 but not available to the proponent prior to July
26; (3) plaintiffs' prejudice, e.g. costs; (4) issues tendered by plaintiffs' motion for
sanctions re case-specific discovery."  *Id.*  Plaintiffs also proposed that "SM-ESI reports
are deemed admitted as Court records" and "SM-ESI to prepare final report covering

---

[3]    AstraZeneca is uncertain as to whether the Court intends to consider issues raised
in the reports of SM Ball and subsequent discovery issues raised by Plaintiffs as
part of the sanctions hearing, or simply wishes to address them at the same
hearing, but in different sessions.  If the former (as Plaintiffs implicitly assume),
AstraZeneca's objections stated below stand.  If the latter, AstraZeneca submits
that those issues should be addressed at a separate hearing in order to avoid any
appearance that these additional issues infected any sanctions decision.

issues identified by the parties." Finally, plaintiffs proposed that they take the depositions of Planet Data and Zantaz, Andrew Dupre, and "discovery related to data purged from GEL." *Id.* To date, plaintiffs have not provided any more formal proposal regarding the hearing or identified which sanctions they seek to tie to certain conduct.

## III. ARGUMENT

### A. Any Prejudice Will Not Be Ripe Until March 14, 2008 And A January 28, 2008 Hearing Would Result In A Waste Of Time and Resources.

As outlined in AstraZeneca's Motion to Continue January 28, 2008 Evidentiary Hearing (Doc. No. 745), the Court cannot effectively hold a hearing to analyze plaintiffs' alleged prejudice while remedial production is ongoing, because the nature and extent of any actual prejudice cannot genuinely be ascertained or adjudicated. AstraZeneca will not restate the arguments in that motion, except to note that plaintiffs' current plan all but guarantees serial hearings on the moving target of alleged prejudice in light of ongoing discovery and, thus, would waste substantial judicial resources. Despite claiming that they have "suffer[ed] great prejudice" by untimely and ill-formatted production of electronically stored information ("ESI") in general discovery, *see* Sanctions Motion (Doc. No. 256) at 2, plaintiffs have not supported that prejudice claim with any actual facts. Rather than adjudicating plaintiffs' shifting and unsupported claims of prejudice in an *ad hoc* fashion, it would be more efficient to set a date on which those issues will be determined and require that plaintiffs spell out in detail their alleged actual prejudice prior to the hearing, after AstraZeneca has had an opportunity to discover their claimed prejudice. The March 14, 2008 deadline for substantial completion of document production is the obvious date for fixing Plaintiffs' prejudice claims. The Court can set a briefing schedule after that date and schedule a comprehensive hearing to discuss

plaintiffs' prejudice. This is far more efficient than the current approach, which will inevitably result in multiple hearings.

### B.    Plaintiff's Plan Would Violate AstraZeneca's Due Process Rights.

AstraZeneca is eager to lay the sanctions issue to rest and see the focus of this litigation return to the merits of the underlying cases. However, this cannot be at the expense of due process.

Sanctions cannot lawfully be imposed without affording the party to be sanctioned due process. *See Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1151-52 (11th Cir. 2006). In assessing due process protections that must be afforded in the context of sanctions hearings, the Eleventh Circuit has articulated a sliding scale where the more serious the sanction sought, the more protections that must be provided, with default judgment or dismissal constituting the most severe sanctions. *See, e.g., DeVaney v. Continental American Insurance Co.*, 989 F.2d 1154, 1159-60 (11th Cir. 1993); *see also General Dynamics Corporation v. Selb Manufacturing Co.*, 481 F.2d 1204, 1211 (8th Cir. 1973). Plaintiffs in these proceedings have repeatedly sought significant discovery sanctions, including striking the "learned intermediary defense."[4] *See* Plaintiffs' List of Specific Matters (Doc. Id. 289). Plaintiffs themselves have recognized the severity of this sanction in their own submissions to the Court. *See*

---

[4]    As AstraZeneca has previously emphasized, in most jurisdictions the protections afforded pharmaceutical companies by the "learned intermediary" doctrine do not involve an affirmative defense at all, but rather operate to limit the nature and extent of the defendant's legal duty to warn under state law. Hence, by asking the Court to strike the so-called learned intermediary defense, Plaintiffs have effectively asked this Court to modify state substantive law as a federal procedural discovery sanction – which is clearly improper in any circumstance. Moreover, any such unprecedented sanction would be more drastic than the severe sanction of striking an affirmative defense.

Plaintiffs' Reply Brief Supporting Motion for an Order deeming the Plaintiffs' Prior Motion for Sanctions as Having Been Filed in Certain Cases (Doc. Id. 648), at 8 (stating that striking of learned intermediary "defense" is warranted as a severe sanction and citing to several default judgment cases); *see also General Dynamics*, 481 F.2d at 1211 (recognizing the sanction of striking an affirmative defense is "one of the more drastic afforded by Rule 37(b)").

Given the severity of the sanctions potentially at issue, due process requires that plaintiffs provide a more detailed accounting of the conduct at issue, the prejudice they have suffered, and the sanctions sought.

1.   *Plaintiffs' Proposal Extends the Sanctions Hearing Beyond Its Permissible Bounds.*

As set forth separately, in AstraZeneca's proposed hearing plan, the scope of the upcoming hearing ought to limited to the actual prejudice suffered by plaintiffs as a result of conduct that has been actually adjudicated by the Court. Unfortunately, plaintiffs' current proposal fails to provide the details necessary for AstraZeneca to defend itself at *any* hearing, much less a hearing that ought to be focused on actual prejudice.

Plaintiffs seek to present evidence related to "issues discovered since July 26" and "issues arising prior to July 26, but not available to [plaintiffs] prior to July 26." *See* E-mail from Dennis Canty (Ex. A). These issues (whatever they may be) have never been formally presented to the Court and due process mandates that AstraZeneca have an opportunity to address them in a proper manner.

2.   *Plaintiffs' Must Tie Specific Proposed Sanctions to Specific Conduct.*

Outside of conclusory statements regarding "prejudice" allegedly suffered, plaintiffs have never articulated how specific sanctions they seek are tied to any

particular discovery misconduct.  A failure to present such evidence, particularly with sufficient time to provide AstraZeneca an opportunity to respond, violates a key requirement for any sanction:  proportionality.

Eleventh Circuit law precludes sanctions absent a clear and concrete record showing a legally sufficient nexus among (1) the particular sanction at issue, (2) the precise discovery misconduct, and (3) the actual prejudice caused by that misconduct. *See Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1151-52 (11th Cir. 2006).  This "nexus" requires that the sanction be proportionate to the discovery conduct. Moreover, the Eleventh Circuit has cautioned that a court should not award severe sanctions when less severe ones would suffice. *Wouters v. Martin County*, 9 F.3d 924, 934 (11th Cir. 1993); *see also Snow v. Bellamy Mfg. & Repair*, Civ. A. No. 1:94CV957JTC, 1995 WL 902210, *2 (N.D. Ga. Sept. 26, 1995) (denying sanction of striking defendant's answer where "[p]laintiff has not identified any specific prejudice he has experienced from the delay in production").

Plaintiffs have yet to provide the required nexus between particular conduct and a specific sanction.  Instead, plaintiffs have opted for a mud-on-the-wall approach, lumping all conduct together and requesting a combination of monetary and legal sanctions.  This is the exact approach that is prohibited by the Eleventh Circuit.  The more severe sanctions, such as striking a defense, that require particularized findings of fact. *See Sussman v. Salem, Saxon and Nielsen, P.A.*, 154 F.R.D. 294, 300-01 (M.D. Fla. 1994) (holding that the most severe sanctions, such as dismissal and default judgment, are "draconian measures" that require that a court find a willful act, bad faith or fault in failing to obey a discovery order).

In *Serra Chevrolet*, the Eleventh Circuit held that sanctions must be just and specifically related to the conduct that was at issue. *See* 446 F.3d at 1151. In *Serra*, the District Court awarded sanctions against defendant for abuse of the discovery process. *Id.* at 1145. These sanctions were a $700,000 fine and striking three out of thirty-one of defendant's affirmative defenses. The Eleventh Circuit reversed, holding that neither sanction satisfied due process. *Id.* at 1151-1152. First, the fine was reversed and remanded because the District Court provided no explanation or rationale for the amount. *Id.* at 1151. Second, the striking of affirmative defenses was reversed because there was "absolutely no nexus between the documents that the district court ordered produced in its discovery orders and the court's sanction striking GM's affirmative defenses." *Id.* at 1152; *see also Bayoil v. Polembros*, 196 F.R.D. 479, 482 (S.D. Tex. 2000) (requiring a finding by "a preponderance of the evidence establishes that a party's misconduct has tainted the evidentiary resolution of the issue" before striking an affirmative defense).

*Serra Chevrolet* is instructive in examining plaintiffs' current plan. Plaintiffs' plan provides that all "briefs and supporting evidence" would be filed with the Court a week before the hearing on January 21. *See* E-mail from Dennis Canty (Ex. A). It contains no staggered briefing schedule, no point prior to the parties' simultaneous submissions by which plaintiffs must reveal to AstraZeneca what specific conduct they seek to tie to any particular sanction they are seeking, and therefore no opportunity for AstraZeneca to properly prepare to defend against these claims at the hearing. In short, plaintiffs seek to keep their claims of prejudice as vague as possible for as long as possible, and deprive AstraZeneca of a meaningful opportunity to confront plaintiffs' evidence. Indeed, plaintiffs have admitted as much, noting in their Response in

Opposition to AstraZeneca's Motion to Continue the January 28 hearing that they intend to avoid telling AstraZeneca what evidence they have to support their claims of prejudice until the January 28 hearing. (Doc. 764 at p. 7).

Proceeding in the fashion envisioned by plaintiffs thus will result in the Court being presented with evidence that necessarily will have been less rigorously tested – and the Court correspondingly with less guidance – than due process requires for the severe sanctions plaintiffs seek. *Serra Chevrolet* requires more than this. For any finding of monetary sanctions, the Court must specifically tie dollars to sanctionable actions. For any striking of affirmative defenses, the Court must specifically tie defenses to such actions. Underlying any of these findings must be a specific articulation by plaintiffs for the benefit of the Court and an adequate opportunity for AstraZeneca to test these claims.

### C.      Plaintiffs' Plan Would Utilize Improper Evidence.

Plaintiffs' current proposal seeks to admit evidence that should not be considered as part of the current sanctions hearing. Specifically, plaintiffs propose that "SM-ESI reports are deemed admitted as Court records" and that "SM-ESI [Ball] to prepare final report covering issues identified by the parties."

Such reports are not proper evidence in an adversarial hearing focused on Plaintiffs' alleged prejudice. To begin, SM Ball was not empowered to make factual findings relevant to a sanctions hearing. Even if he were, SM Ball's factual findings must be subject to adversarial proceedings and his reports subject to *de novo* review by the Court.[5] Finally, use of SM Ball's report as evidence in a sanctions hearing would fatally impair SM Ball's ability to continue as a special master.

---

[5]     AstraZeneca filed its Objections to SM Ball's most recent report concurrently with these Objections.

1. *Rendering Facts or Opinions on Issues Relating to Sanctions Goes Well Beyond the Charge of SM Ball.*

Use of SM Ball's reports as evidence in a sanctions hearing is improper because SM Ball was not appointed to make factual findings or to render opinions relevant to whether or what type of sanctions are appropriate. In the order appointing SM Ball, the Court stated: "The primary duty of this Special Master is to assist and, when necessary, *direct* the parties in completing required discovery of electronically stored information with reasonable dispatch and efficiency." Order, dated Sept. 27, 2007 (Doc. No. 511) (emphasis in original). The Court further clarified the authority and duties SM Ball. *See* Order, dated Oct. 5, 2007 (Doc. No. 546). As the Court reiterated: "The primary duty of this Special Master is to *assist* and, when necessary, *direct* the parties in completing required discovery of electronically stored information with reasonable dispatch and efficiency." *Id.* (emphasis in original). The Order directs SM Ball to review the discovery to date, including the "methods and procedures used [to] retrieve and produce such information, and the results of those efforts," but the purpose of that review is to "obtain sufficient information from both sides as to the procedures used and problems encountered to determine whether past discovery is reasonably complete and, if not, what steps are needed to make it so." *Id.*

Critically, the Order does not direct or authorize SM Ball to make any findings of fact, or to inquire beyond the question of whether discovery is reasonably complete, and if not, how best to complete it. The primary purpose of SM Ball is *forward-looking*, i.e., to assist in ongoing discovery. Use or admission of his reports as "evidence" at a sanctions hearing would go beyond the purpose for which SM Ball was appointed, and would effectively turn SM Ball into a Court appointed expert, raising significant

11

procedural and evidentiary issues.  Moreover, as discussed below, using SM Ball's reports as evidence in an adversarial hearing would frustrate the purpose for which SM Ball was appointed.[6]

> 2. *SM Ball's Reports Are Not Proper Evidence Because Any Factual Findings Contained Therein Were Not Part of an Adversarial Proceeding.*

Even if he were empowered to make factual findings relating to prejudice or sanctions, none of the factual findings in SM Ball's report have evidentiary value because such findings were not subject to adversarial proceedings, as required by law.  *See* MANUAL FOR COMPLEX LITIGATION § 11.52 ("the order of reference may direct a special master to make findings of fact, but due process requires that the findings be based on evidence presented at an adversarial hearing").

Here, there has been no such adversarial hearing.  Indeed, the Court's Order envisions the opposite – a cooperative process in which the parties engage in open and informal dialogue in an attempt to make discovery progress.  Any attempt to use SM Ball's reports – which are designed to provide a status report to the Court – as "evidence" at the sanctions hearing is antithetical to the meet and confer process established by the Court and SM Ball.  Encouraging AstraZeneca, in the spirit of cooperation, to discuss discovery issues in an open fashion and then to allow those very discussions to be used

---

[6]   Further, SM Ball's preparation of a sanctions specific report, which is suggested by Plaintiffs, not only goes beyond his charge as a Special Master under Federal Rule of Civil Procedure 53, but also is more consistent with the rule of a court-appointed expert under Federal Rule of Evidence 706.  Rule 706 states that a court-appointed witness may be called to testify by the court or by any party, and that the witness shall be subject to cross-examination and discovery.  No such cross examination or discovery has taken place.

against AstraZeneca at a sanctions hearing would be profoundly unfair, and constitute clear prejudice to AstraZeneca.

### 3. *SM Ball's Reports Are Not Proper Evidence Because They Are Subject to De Novo Review.*

SM Ball's reports also may not be received as evidence at the January 28 hearing because his reports are subject to objection and review – a process that is not yet complete. Under Federal Rule of Civil Procedure 53(f)(3), the Court must decide *de novo* all objections to findings of fact made or recommended by a special master. Putting aside issues of relevancy and reliability,[7] under Rule 53(f)(1), SM Ball's reports have no evidentiary value until the Court, having provided AstraZeneca an opportunity to be heard, takes formal action and adopts the reports.

### 4. *Use of SM Ball's Reports, Including a "Final" Report, at a Hearing Would Inhibit SM Ball's Ability to Function Effectively as a Special Master.*

Plaintiffs' proposal would irreparably damage the ability of SM Ball to continue as special master in this case. Use of SM Ball's reports as evidence against one party would jeopardize SM Ball's role as a neutral participant in the discovery process and would serve as a strong disincentive to the open sharing of information, which is at the core of the current discovery process. Moreover, if SM Ball were to appear as a witness at the hearing, his ability to act as special master could be further damaged because it may become necessary for AstraZeneca to cross examine him regarding his findings.

---

[7] There are significant hearsay issues related to SM Ball's report. First, the report itself is not a judicial finding and is not the product of any evidentiary proceedings. Therefore, at this point, the report itself is inadmissible hearsay. Second, the report is based largely on hearsay statements made to SM Ball and the accuracy of these statements have not been tested by any evidentiary process or cross examination.

Further, given that substantial completion of database production is not expected until March 14, Plaintiffs' suggestion that SM Ball issue a "final report" at this point highlights the prematurity of the January 28 hearing date  Substantial completion of production is anticipated until March 14.  Given this timeframe, it is hard to imagine how SM Ball could issue a true "final report," *i.e.*, one that summarizes all of his findings and concludes his role as special master.  At best, such a plan is premature.  At worst, such a proposal is veiled request for a "sanctions report" from SM Ball, which plaintiffs can attempt to shoehorn into evidence and create a *de facto* Court-appointed expert.  As set forth above, such use of SM Ball's reports is plainly improper.  The Court should decline any such invitation to skirt the rules of civil procedure and evidence.[8]

---

[8] Plaintiffs also propose to take the deposition of Andrew Dupre "if necessary."  As the Court is well aware, Mr. Dupre is an attorney representing AstraZeneca in the Seroquel litigation.  As Plaintiffs have not yet served AstraZeneca with a notice for Mr. Dupre's deposition, AstraZeneca will not address this issue in great detail here, except to note that this District requires that to justify an attorney deposition, the moving party must make a strong showing of relevance and need.  *See, e.g., LaJoie v. Pavcon, Inc.*, No. 97-312-CIV-FTM-25D, 1998 U.S. Dist. LEXIS 23175 (M.D. Fla. June 23, 1998).  Insofar as Ms. Dupre's knowledge is not relevant to the specific issue before the Court—Plaintiffs' actual prejudice—and his communications protected from disclosure by the attorney-client and work product privileges, AstraZeneca certainly opposes any deposition of Mr. Dupre.  AstraZeneca will reserve substantial briefing on this issue if and when it becomes necessary.

## IV.    CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that the Court deny

plaintiffs' proposal for the currently scheduled evidentiary hearing and grant

AstraZeneca's separately filed plan for an evidentiary haring.

DATED:  January 3, 2008                           Respectfully submitted,

                                                  */s/ Fred T. Magaziner*
                                                  Fred T. Magaziner
                                                  Stephen McConnell
                                                  Benjamin Barnett
                                                  DECHERT LLP
                                                  2929 Arch Street
                                                  Philadelphia, PA  19103
                                                  Telephone: (215) 994-4000
                                                  Facsimile: (215) 994-2222
                                                  fred.magaziner@dechert.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 3, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Joshua G. Schiller*

# SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey<br>Michael W. Perrin<br>Fletcher Trammell<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals LP and AstraZeneca LP*** | Gregory P. Forney<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals LP*** |

| | |
|---|---|
| Elizabeth Raines<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |