A CERTIFIED TRUE COPY
ATTEST
By April Layne on Dec 21, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**Dec 21, 2007**

FILED
CLERK'S OFFICE

IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION

MDL No. 1769

FILED
12-31-07
Date                        Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in the two District of New Jersey actions and Eastern District of Pennsylvania action listed on Schedule A brought this motion pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the actions to the Middle District of Florida for inclusion in MDL No. 1769. Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC, and AstraZeneca LP oppose the motion to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Middle District of Florida, and that transfer of these actions to the Middle District of Florida for inclusion in MDL No. 1769 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Middle District of Florida was a proper Section 1407 forum for actions involving claims of injury related to the prescription drug Seroquel. *See In re Seroquel Products Liability Litigation*, 447 F.Supp.2d 1376 (J.P.M.L. 2006).

Plaintiffs argue against transfer, *inter alia*, that these putative class actions, in which third-party payors seek economic damages stemming from an allegedly fraudulent marketing scheme involving the pharmaceutical Seroquel, do not share sufficient questions of fact with the personal injury claims in the previously centralized actions in MDL No. 1769, which primarily arise from product defect and failure to warn, to warrant transfer. We are unpersuaded by this argument. Regardless of any differences in legal theory, these claims similarly arise from representations about the safety of Seroquel and its adverse effects, in particular, the incidence of diabetes and related diseases in users. Inclusion of the present claims in MDL No. 1769 has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). Whenever the transferee judge deems remand

---

[*] Judge Scirica took no part in the decision of this matter.

- 2 -

of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Anne C. Conway for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |

IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION                    MDL No. 1769

## SCHEDULE A

### District of New Jersey

Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funds, et al. v. AstraZeneca Pharmaceuticals, LP, et al., C.A. No. 3:07-2313

International Brotherhood of Electrical Workers Local 98 v. AstraZeneca Pharmaceuticals, LP, et al., C.A. No. 3:07-2639

### Eastern District of Pennsylvania

Teamsters Joint Council Local No. 53 Retiree Health & Welfare Fund v. AstraZeneca Pharmaceuticals, LP, C.A. No. 2:07-2752