**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to ALL CASES | MDL DOCKET NO:<br>6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE IN OPPOSITION AND INCORPORATED
MEMORANDUM TO ASTRAZENECA'S MOTION TO MAINTAIN
THE CONFIDENTIALITY OF CERTAIN EXHIBITS CITED
AT THE DEPOSITION OF DENISE CAMPBELL**

The Plaintiffs ("Plaintiffs") in the above-referenced litigation hereby file their Response in Opposition and Incorporated Memorandum to AstraZeneca's Motion to Maintain the Confidentiality of Certain Exhibits Cited at the Deposition of Denise Campbell (the "Motion" (Doc. 762)), and would respectfully show the Court as follows:

**I.
SUMMARY OF RESPONSE**

AstraZeneca has failed to meet its burden of demonstrating that certain exhibits cited at the deposition of Denise Campbell constitute "a trade secret or other confidential research, development, or commercial information" or are otherwise entitled to protection under Federal Rule of Civil Procedure 26(c) or the Court's Protective Order of September 19, 2007 (the "Protective Order" (Doc. 478)). *See* Fed. R. Civ. P. 26(c)(1)(G). Shirking its "burden to demonstrate that the [Confidential] designation is proper," AstraZeneca rather cursorily concludes that the balancing of interests articulated in *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985) "tips overwhelmingly" in its favor. (*See* Protective Order, ¶ 4(C); Motion, III. A.) In doing so, AstraZeneca ignores the material distinctions between *Farnsworth* and this case. Also, by its conduct,

AstraZeneca continues to ignore the Court's repeated cautioning against unnecessary confidentiality designations.

Thus, in keeping with articulated public policy and purpose, the Court should deny AstraZeneca's Motion upon a determination that the exhibits are not properly designated "confidential" within the prescriptions of Rule 26(c) or within the meaning of the Protective Order.

## II.
### BACKGROUND

AstraZeneca has continued to improperly designate as confidential discoverable documentation including exhibits related to the deposition testimony of Denise Campbell that are the subject of AstraZeneca's Motion.  While Plaintiffs conceded the confidentiality status of information related to deponent's compensation, Plaintiffs additionally invoked the directives of paragraph 12(c) of the Protective Order in order to challenge the confidentiality designation of such documents and to require that AstraZeneca move the Court to order protection in that regard.

By its Motion, AstraZeneca has attempted but failed to meet its burden of establishing the exhibits as containing trade secrets or other confidential material subject to protection.  AstraZeneca has also improperly sought to shift the burden to Plaintiffs to provide bases for challenging such confidentiality designations.

The Protective Order is clear in its instruction that "[t]he burden rests on the Party asserting the "Confidential" designation to demonstrate that the designation is proper," and, moreover, that the party challenging confidentiality need only "notify the disclosing Party" and "make good faith efforts to resolve any disputes regarding the confidentiality"

at issue.  (*See* Protective Order, ¶ 4(C).)  Plaintiffs have complied with all such obligations set forth in the Court's Protective Order and thus urge the Court to deny AstraZeneca's Motion as it has failed to comply with the Protective Order and has not otherwise met its burden of demonstrating the confidentiality of the exhibits at issue.

## III.
### ARGUMENT & AUTHORITIES

**A.   AstraZeneca Has Failed to Meet Its Burden to Demonstrate That Exhibits Cited at the Deposition of Denise Campbell Constitute Confidential Information Entitled to Protection.**

Pursuant to the directives of Federal Rule of Civil Procedure 26(c) and the terms of the Protective Order, AstraZeneca bears the burden of establishing confidentiality and likewise overcoming the presumption of discoverability in connection with deposition exhibits.  Rule 26(c)(1)(G) requires that AstraZeneca prove the information at issue is either a trade secret or "other confidential research, development, or commercial information."  The Rule's "good cause" standard for establishing confidential protection of a trade secret requires that a host of "commonly accepted criteria" be met.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) ("These criteria require that [the defendant] must have consistently treated the information as closely guarded secrets, that the information represents substantial value to [the defendant], that it would be valuable to [the defendant's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination."); *see also Farnsworth*, 758 F.2d at 1547 (party seeking protective order must show the order is necessary to protect from "annoyance, embarrassment, oppression, or undue burden or expense") (citing Fed. R. Civ. P. 26(c)).

Even more rigorous is the Eleventh Circuit's balancing of interests analysis in connection with the "good cause" standard of Rule 26(c). *See In re Alexander Grant & Co.,* 820 F.2d 352, 356 (11th Cir. 1987) (citing *Farnsworth*, 758 F.2d at 1547 ("While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule.")). In addition to determining whether or not the material at issue contains trade secrets, "[t]his standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co.*, 263 F.3d at 1313 (citing *Farnsworth*, 758 F.2d at 1547).

Correspondingly, the Protective Order instructs that "the burden rests on the Party asserting the "Confidential" designation to demonstrate that the designation is proper." (Protective Order, ¶ 4(C).)

AstraZeneca has repeatedly failed to comply with these provisions. Rather, AstraZeneca relies on a very narrow reading of *Farnsworth* in concluding that its interest in establishing confidentiality designation of deposition exhibits outweighs any interest asserted by Plaintiffs. (*See* Motion, I; III. C.) AstraZeneca's application of the "balancing of interests" analysis of *Farnsworth* is thus misguided.

Avoiding not only the balancing of interests but also the "good cause" standard, AstraZeneca addresses only certain criteria in its Motion and consequently fails to comply with Eleventh Circuit precedent and applicable federal rules.

### 1. *Farnsworth*'s Balancing of Interests Analysis Does Not Yield a Finding of Confidentiality Under the Circumstances.

AstraZeneca ignores critical distinctions between *Farnsworth* and this case, rendering *Farnsworth* inapposite. In *Farnsworth*, the Eleventh Circuit prefaced its "balancing of interests" analysis with a simple proposition: "The law's basic presumption is that the public is entitled to every person's evidence," and, accordingly "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." 758 F.2d at 1546-47 (citing *Blackmer v. United States*, 284 U.S. 421, 438 (1932)). The appellee, the Center for Disease Control (the "Center"), overcame this presumption to achieve protection of highly personal material in light of the overwhelming public policy interest in maintaining confidentiality thereof and because the Center had otherwise provided to appellants "every single document requested" in litigation. *Id.* at 1547. "It is undisputed that the information sought by [the appellant in *Farnsworth*] is of a highly personal nature," including names and addresses of participants in a CDC study involving questions of medical and pregnancy history, sexual practices, and contraceptive methods. *Id.* at 1546. In connection with public policy and the protection of such material, the Eleventh Circuit further emphasized the following:

> The Center's purpose is the protection of the public's health. Central to this purpose is the ability to conduct probing scientific and social research supported by a population willing to submit to in-depth questioning. Undisputed testimony in the record indicates that disclosure of the names and addresses of these research participants could seriously damage this voluntary reporting. Even without an express guarantee of confidentiality **there is still an expectation, not unjustified, that when *highly personal and potentially embarrassing information is given for the sake of medical research, it will remain private***.

*Id.* (emphasis added).

Alternatively, the exhibits at issue in this case contain nothing of such a "personal and potentially embarrassing" nature as would entitle them to protection for the sake of medical research, public health, or any other regarded public purpose. *Farnsworth,* thus, does not mandate protection of materials in this case.

Furthermore, the Center's motion for protective order and confidentiality designation was narrowly tailored so as to include only names and addresses of study participants where the Center had previously complied with all discovery obligations. *Id*. at 1546, 1548. The Center had provided appellants with "every piece of information regarding its . . . studies," which constituted "an enormous quantity of information regarding the Center's research." *Id*. at 1546-47. Throughout the litigation, the Center remained cooperative and actively involved in the discovery program and document production therein. In addition to providing every document requested, the Center continually supplemented its discovery responses and indicated its "willingness to update the information provided to [the appellants]." *Id*. at 1546. In fact, "**[t]he sole deletion concerned names and addresses**." *Id*. at 1548 (emphasis added). The Eleventh Circuit therefore affirmed the district court's limited protective order on the grounds that "the Center's interests in keeping its participants' names confidential outweighed discovery interests of [the appellants]." *Id*. at 1545.

Unlike the Center's compliance with discovery obligations and very limited request for protection, AstraZeneca has repeatedly failed to adhere to the Court's discovery Orders, has avoided document production, and has sought to improperly

designate perhaps millions of discoverable documents as confidential.[1] For these reasons, AstraZeneca's conclusion that the balancing of interests analysis of *Farnsworth* yields similar results in this case is misguided and erroneous.

### 2. AstraZeneca Cannot Otherwise Prove that Deposition Exhibits Contain Trade Secrets or Confidential Information Entitled to Protection.

AstraZeneca has failed to establish that certain exhibits cited at the deposition of Denise Campbell contain trade secrets or confidential information entitled to protection under Federal Rule of Civil Procedure 26(c) or under the Court's Protective Order. Even if AstraZeneca had proven the existence of trade secrets in that context, it would still fail under the requisite balancing of interests analysis as previously described herein. *See e.g.*, *Chicago Tribune Co*, 263 F.3d at 1314-15 (even if the district court determined that documents do in fact contain trade secrets, the court must nevertheless balance the party's interest in keeping the information confidential against its adversary's interest in disclosure).

The mere labeling of information as "proprietary" or "commercial information" is insufficient to establish the information as confidential or as containing trade secrets so as to warrant protection under court order or the federal rules. *See Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, ITT, 139 F.3d 1396, 1411, n.25 (11th Cir. 1998) ("We are cognizant of the fact that not all confidential information rises to the level of a trade secret."). Although AstraZeneca has failed to address the "commonly accepted criteria that define [trade secrets]," the Eleventh Circuit has required a party seeking such

---

[1] Because AstraZeneca has failed to identify "confidential" as a field in its metadata production, Plaintiffs have no means by which to calculate the exact number of documents produced and designated "confidential."

confidentiality designation to establish these prerequisites: "that [the defendant] must have consistently treated the information as closely guarded secrets, that the information represents substantial value to [the defendant], that it would be valuable to [the defendant's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Id*. at 1313-14 (remanding to district court where defendant failed to prove the existence of trade secret but instead submitted an overly conclusory affidavit and privilege log).

Most notably, AstraZeneca has not proven that it has consistently treated such marketing materials as closely guarded secrets or that it has not disseminated the information in some format to third parties. Like the defendant in *Chicago Tribune Co.*, AstraZeneca has instead provided only a conclusory declaration in support of its Motion. (*See* Declaration of Donald G. Beamish (Doc. 762-2).) The declaration fails to identify the requisite criteria and provides only vague statements concerning dissemination.

Based on the foregoing, the Court should deny AstraZeneca's Motion in its entirety.

**B.    The Court Recognizes There Has Been a Vast Overdesignation of Confidentiality By AstraZeneca and Has Cautioned Against Such Designation.**

Since the inception of this litigation, the Court has expressed its disfavor for unnecessary confidentiality designations. Specifically, Judge Conway informed parties of the following:

> This Court, and in general ***these two judges in particular, really disfavor filing things under seal or approving the filing of things under seal***. And we will not approve a proposed order that allows you to file things under seal carte blanche . . . [W]hen it comes to filing things ***you***

> ***actually need to make a real showing that it's entitled to some protection and not just waiving your hands and saying trade secret*** or lab research or something like that.

(Tr. of Sept. 7, 2006 Pretrial Conference 22:10-22.)  Similarly, Magistrate Judge Baker reminded parties that he would be reluctant to "bless" such a designation considering that the material at issue is presumptively discoverable.  (*See* Tr. of Aug. 22, 2007 Pretrial Conference 134:8-9,136:4-6 ("I'll say this: you reached an agreement, which I told you I wasn't going to bless as an order back a year ago."; "I don't like those orders.").)

With the entry of the Protective Order months later, the Court approved only the most narrowly tailored directives concerning confidentiality designations and has continued to caution against unnecessary confidentiality restrictions.  Most notably and in response to Plaintiffs' counsel's expressed concern for illusory confidentiality designations in this matter, the Court agreed that there has been a vast overdesignation of confidentiality and further detailed the "problem" as follows:

> [W]hat's happened here is what happens in most of these cases, and oftentimes there's corporations on both sides, is everybody wants to designate almost everything as confidential and almost none of it really is.  Now, I'm not prejudging anything here, but for walking around purposes, companies don't want people talking about stuff.  But ***when it's in litigation, there's really not very much that's protected from public disclosure because it's in open court***.  This is taxpayer funded.  Here we are.

(Tr. of Aug. 22, 2007 Pretrial Conference 135:18-25, 136:1-3.)

Despite the Court's admonition, AstraZeneca has continued to improperly designate as confidential documents and materials that are presumptively discoverable.  AstraZeneca has failed to "make a real showing" that marketing materials are entitled to such protection as prescribed by the Court.  Instead, AstraZeneca's attempts have cast it

in a role contrary to public policy and purpose of the Court. Addressing defense counsel in that regard, Magistrate Judge Baker explained the following:

> [J]ust so you're clear about what my attitude is, most of this – *just company stuff is not going to be worthy of filing under seal*. And let me explain to you why. *There's a public policy purpose that this is an open public forum*.

(Tr. of Aug. 22, 2007 Pretrial Conference 137:2-7.)

The Court has consistently articulated its position disfavoring confidentiality designations and protective orders and thus should refuse to grant AstraZeneca's Motion where AstraZeneca has not only failed to afford the Court's rulings and reasoning adequate deference but also failed to meet its burden of proving confidentiality.

## IV.
### CONCLUSION

For the foregoing reasons, as well as arguments set forth in Plaintiffs' previously filed briefing, the Court should DENY AstraZeneca's Motion to Maintain the Confidentiality of Certain Exhibits Cited at the Deposition of Denise Campbell in its entirety.

        Respectfully submitted

By:   /s/ K. Camp Bailey
      F. Kenneth Bailey Jr.
      K. Camp Bailey
      Fletcher V. Trammell
      Robert W. Cowan
      **BAILEY PERRIN BAILEY LLP**
      440 Louisiana St., Suite 2100
      Houston, Texas 77002
      (713) 425-7100 Telephone
      (713) 425-7101 Facsimile
      kbailey@bpblaw.com
      cbailey@bpblaw.com
      ftrammell@bpblaw.com
      rcowan@bpblaw.com
      Co-Lead Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2008, I electronically filed the foregoing: **PLAINTIFFS' RESPONSE IN OPPOSITION AND INCORPORATED MEMORANDUM TO ASTRAZENECA'S MOTION TO MAINTAIN THE CONFIDENTIALITY OF CERTAIN EXHIBITS CITED AT THE DEPOSITION OF DENISE CAMPBELL** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/ Robert W. Cowan
Robert W. Cowan

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Robert L. Ciotti<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>*Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca LP* |
| Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com | Heidi Elizabeth Hilgendorff<br>Thomas Campion<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>*Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| blape@brownandcrouppen.com | |
| Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant, Marguerite Devon French* | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simses Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com |
| Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com |

| | |
|---|---|
| *Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co*. | |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Benjamin A. Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>bkrass@pawalaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com |

| | |
|---|---|
| *Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* | lezzlie@howardnations.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Carlos A. Prietto, III<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive<br>7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A. | Lizy Santiago<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend |

| | |
|---|---|
| P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>*Plaintiffs' Liaison Counsel* | 800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com<br>lsantiago@abrahamwatkins.com |
| Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com | Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com |
| Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>brennen.torregrosssa@dechert.com<br>*Counsel for Defendant Astrazeneca Pharmaceuticals, LP* | Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>twacker@rcrlaw.net |
| W. Todd Harvey<br>Joe R. Whatley, Jr.<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

NON-ECF SERVICE LIST

| | |
|---|---|
| Bridget Ahmann<br>Faegre & Benson, LLP<br>90 S. 7th St., Ste 2200<br>Minneapolis, MN  55402-3901 | Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138 |

|  | tbalducci@langstonlaw.com |
|---|---|
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com | Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 |
| Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012 | Patricia Cook |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Warren Frazier | James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 | Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| John Hawkins | Donna Higdon |
| Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Krisann C. Kleibacker Lee<br>Faegre & Benson LLP<br>90 S 7th St. Ste. 2200<br>Minneapolis, MN  55402-3901 | Louisiana Wholesale Drug Co. Inc.<br>c/o Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584 |

|  |  |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 | Stephen J. McConnell<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Gale D. Pearson<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 |
| Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>First Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 | Brenda Rice |
| Evelyn Rodriguez | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 | Marjorie Shickman<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | Linda S. Svitak<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South Seventh St.<br>Minneapolis, MN  55402-3901 |
| Seth S. Webb<br>Brown & Crouppen, P.C. | Mary J. Wrightinton |

| | |
|---|---|
| 720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | |