**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769

**This document relates to:**

**ALL CASES**

_____

**ASTRAZENECA'S REPLY SUPPORTING ITS**
**MOTION TO COMPEL CERTAIN FLORIDA PLAINTIFFS**
**TO PROVIDE FULL AND COMPLETE**
**ANSWERS TO PLAINTIFF FACT SHEET QUESTIONS**

Plaintiffs' response (Doc No. 760) ["Response"] provides no legitimate excuse for

these 174 Florida plaintiffs' blatant failure to provide the information required in their sworn

Plaintiff Fact Sheet ("PFS") responses.  PFSs are like basic initial "interrogatories" (MANUAL

FOR COMPLEX LITIGATION, FOURTH § 22.83 & n. 1420 (2004)), to which AstraZeneca is

entitled to receive complete and non-evasive responses under CMO No. 2 and governing

authority.  FED. R. CIV. P. 37(a)(4); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230

F.R.D. 682, 685 (M.D. Fla. 2005); *see also Dollar v. Long Mfg., N.C.*, 561 F.2d 613, 616-17

(5th Cir. 1977).  Indeed, complete verified PFS responses are "the starting point" to the

defendant's discovery, and a "precondition to proceeding with further discovery" in an MDL.

*In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1224 (9th Cir. 2006).  Thus,

AstraZeneca's motion to compel (Doc. No. 741) should be granted:  the inadequacies in

plaintiffs' PFS responses constitute not only a failure to provide discovery under Federal

Rules of Civil Procedure 33 and 37(b), but also a denial of AstraZeneca's rights to completed

sworn PFS responses under CMO No. 2.

Plaintiffs' Response incorrectly argues that AstraZeneca has effectively waived its right to obtain the PFS responses that the Court ordered all plaintiffs to provide in CMO No. 2.  None of plaintiffs' arguments has any merit.

First, plaintiffs argue that because AstraZeneca did not object to including 92 of these Florida plaintiffs in the eligibility list for the August-to-November limited case-specific discovery program, AstraZeneca should be prevented from moving to compel full and adequate PFS responses now.  *See* Response at 2-4.  According to plaintiffs, by accepting these 92 plaintiffs' PFS responses as "substantially complete" for the limited purpose of determining their "eligibility" for that program, AstraZeneca must accept these deficient PFS responses as substantially compete for *all* purposes in this litigation.  *Id.*  This is nonsense.

Although AstraZeneca allowed these plaintiffs to remain on the eligibility list, it was at the same time trying through deficiency letters and meet-and-confers to get the missing information from each of these 92 plaintiffs.  Moreover, AstraZeneca expressly stated in its eligibility filings that it was *not* waiving the discovery rights that plaintiffs now claim AstraZeneca somehow waived:

- "By including a plaintiff on the Eligible Plaintiff List, AstraZeneca does not waive its rights and remedies available under the Federal Rules of Civil Procedure of under the Orders of this Court.  AstraZeneca specifically reserves its right to seek any appropriate remedy as to any plaintiff with a case pending in this MDL, including an order compelling a plaintiff to supplement his or her PFS and/or dismissing his or her case."  AstraZeneca's Notice of Filing Eligible Plaintiffs List (Doc. No. 273), at p. 2.

- "In setting forth its objections to plaintiff's designations, AstraZeneca does not waive its rights and remedies available under the Federal Rules of Civil Procedure of under the Orders of this Court.  AstraZeneca specifically reserves its right to seek any appropriate remedy as to any plaintiff with a case pending in this MDL, including an order compelling a plaintiff to supplement his or her PFS and/or dismissing his or her case.  *AstraZeneca's non-objection*

*at this time to a plaintiff's [eligibility] designation is not an admission that the plaintiff's PFS is substantially complete*."  AstraZeneca's Objections to Plaintiffs' Designations and Proposed Eligible Plaintiffs List (Doc. No. 266), at pp. 2-3 (emphasis added).

Further still, AstraZeneca explicitly told the plaintiffs and the Court that it had applied a minimal threshold for inclusion in the August-to-November limited case specific discovery program – *i.e.,* that for purposes of determining eligibility for that discovery program, AstraZeneca was disallowing only those plaintiffs whose PFS deficiencies were the most extreme and "blatant."  *See* AstraZeneca's Notice of Filing Eligible Plaintiffs List (Doc. No. 273), at p. 1 n.1; AstraZeneca's Objections to Plaintiffs' Designations and Proposed Eligible Plaintiffs List (Doc. No. 266), at p. 2.[1]

This Court's Orders neither stated nor even hinted that by allowing a plaintiff to remain on the August/November eligibility list, AstraZeneca would in any way be waiving or compromising its rights later to obtain proper PFS responses.  Yet that is precisely what plaintiffs now ask this Court to rule.  In short, plaintiffs' argument is premised on a gross distortion of the record, and would deny AstraZeneca's discovery rights under both the Federal Rules of Civil Procedure and this Court's Orders.

Second, plaintiffs' Response argues that no matter how deficient a PFS response might be, the plaintiff need not *ever* properly complete the PFS if AstraZeneca has deposed the plaintiff.  *See* Response at 4-6.  This argument is contrary to both CMO No. 2 and basic

---

[1]     Such "blatant" PFS deficiencies that led AstraZeneca to exclude a plaintiff from the Eligible Plaintiffs List included serving no PFS at all, no verification, no medical-records authorization, or a failure to identify at least one prescribing and treating physician.  *See* AstraZeneca's Notice of Filing Eligible Plaintiffs List (Doc. No. 273), at p. 1 n.1; *accord* AstraZeneca's Objections to Plaintiffs' Designations and Proposed Eligible Plaintiffs List (Doc. No. 266), at p. 2.

principles of discovery.[2]  It is contrary to CMO No. 2 because that order unambiguously

obligates each plaintiff to provide sworn responsive and non-evasive answers to the PFS, and

most certainly does *not* provide that a plaintiff is somehow relieved of that obligation if

AstraZeneca deposes him or her.  And the argument is contrary to basic principles of

discovery because a litigant is entitled *both* to depose the adverse party under Rule 30 *and* to

obtain proper responses to interrogatories (or, here, PFSs) under Rule 33.  *See*, *e.g.*, *Drouin v.

Symetra Life Ins. Co.*, 242 F.R.D. 167, 167-69 (D. Mass 2007) (rejecting as "without merit"

argument that plaintiff "did not have to serve further [interrogatory] answers" in response to

defendant's deficiency letters and motion to compel because the requested information "was

also disclosed in a deposition which was conducted after the interrogatories were served").[3]

In fact, it is well settled that:

- the "methods of discovery are complementary, not alternative or exclusive," *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 241 (N.D. W. Va. 1970) (emphasizing that "[a]nswers to interrogatories may be useful in developing later depositions"); *Heyward v. Stouffer*, No. 91-1452, 1991 U.S. Dist. LEXIS 18692, at *10 n.1 (E.D. Pa. Dec. 23, 1991) ("A lawyer reviewing answers to interrogatories before taking a deposition is the legal equivalent of a surgeon peering at an X-ray before taking the blade."); *see also* 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE:

---

[2]   While plaintiffs make much of the fact that AstraZeneca's motion did not mention that 20 of these 174 plaintiffs had been deposed in the August-to-November limited case-specific discovery program, that fact should make no difference at all. Moreover, plaintiffs' contentions as to those few plaintiffs have no bearing on the other 154 plaintiffs subject to this motion to compel.

[3]   *See also Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y. 1969) (emphasizing the absence of authority allowing parties to provide inadequate interrogatory responses if their depositions are taken); *Heyward v. Stouffer*, No. 91-1452, 1991 U.S. Dist. LEXIS 18692, at *10 n.1 (E.D. Pa. Dec. 23, 1991) (rejecting "misguided view" that a deposition is "a proper procedural substitute for providing complete answers to interrogatories").

CIVIL 2D § 2169 (2007); *Franchise Programs, Inc. v. Mr. Aqua Spray, Inc.*, 41 F.R.D. 172, 174 (S.D.N.Y. 1966); and

- "[d]epositions and interrogatories serve different purposes," *Artese v. Academy Collection Serv.*, No. 3:96 CV 2546, 1998 U.S. Dist. LEXIS 8743, at *2 (D. Conn. June 5, 1998); *see also Guadango v. Wallack Ader Levithan Assocs.*, 950 F. Supp. 1258, 1261 (S.D.N.Y. 1997).

Thus, just as AstraZeneca is entitled to complete sworn interrogatory responses from a plaintiff regardless of whether that party's deposition is later taken, it is entitled to full and proper PFS responses as well.[4]  Plaintiffs cite no authority for their suggestion to the contrary, as there is none.

The consequences of plaintiffs' arguments also cannot be ignored.  In effect, plaintiffs ask that their own deficient discovery conduct in the PFS process be forever excused and that AstraZeneca be put to the unfair and improper burden at each plaintiffs' deposition of asking again the exact same questions already asked in the PFSs.  Worse still, plaintiffs assert that any failure to re-ask any of the same questions at a subsequent deposition should mean that AstraZeneca has "waived" its ability to obtain the information already called for, independently, by the PFS.  Response at 6.  This would be a fundamental abuse of process, and a violation of both the spirit and the letter of the discovery rules in any lawsuit.  The prejudice to AstraZeneca is particularly clear here, where the Court has limited AstraZeneca

---

[4]     Depositions serve the additional purpose of permitting a party to evaluate and test the witness's credibility.  For example, when confronted at her deposition with her sworn PFS response stating that she had no criminal record and had not used illegal drugs, Plaintiff Mary Ann Tanke admitted that both sworn PFS responses were untrue.  She testified that while she had intentionally lied about her criminal record in her PFS response, the incorrect answer as to illegal drugs might have been her counsel's error.  AstraZeneca has the right similarly to test other plaintiffs' veracity as to those matters about which the Court ordered them to provide complete and non-evasive responses to all of the questions asked in the standardized PFS.

to 10 depositions in trial-selected cases.  AstraZeneca should not be required to expend any of its limited deposition time re-asking plaintiffs the questions they already should have answered completely in their sworn PFS responses.  Moreover, plaintiffs' failure to provide adequate PFS responses stymies AstraZeneca's investigation and ability to prepare for the plaintiffs' depositions.  *See*, *e.g.*, *Stranger v. Checker Auto Parts*, No. 05-632, 2006 U.S. Dist. LEXIS 29135, at **34, 40-42, 47-48, 51 (D.N.M., Mar. 24, 2006).

<u>Finally</u>, plaintiffs' Response tries to defend the many "I don't know" or "I don't recall" responses in their clients' PFSs as "perfectly legitimate (and expected) responses." Response at 7.  Such a sworn response may be adequate if indeed it is the *truth – i.e.*, the plaintiff genuinely does not know or recall, despite a good-faith effort to respond completely and adequately based on all information within the plaintiff's possession, custody or control. *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("'answers to interrogatories must be responsive, full, complete and unevasive," and the "answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control'": "'the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not'") (quoting *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)).[5]  But depositions taken to date

_____

[5]     Nor may "a party responding to discovery . . . simply claim ignorance or a lack of knowledge if requested information is accessible through reasonable inquiry and investigation."  *Marozsan v. Veterans Admin.*, No. S84-500, 1991 U.S. Dist. LEXIS 20884, at *4 (N.D. Ind. June 24, 1991); *see also Joyner v. Rex Corp.*, No. 3:06-cv-397-J-33MCR, 2007 U.S. Dist. LEXIS 26364, at *13 (M.D. Fla. Apr. 10, 2007); *3M*

confirm that many plaintiffs used "I don't know" responses in their PFSs to evade discovery

when they actually *did* know the requested information.  For instance:

- Plaintiff Lori Quinn provided no answer for PFS questions about city of birth, marital status, height and weight, and stated on her PFS that she "did not recall" which high school she attended or the names of any of her employers for the past 10 years (*see* Quinn PFS at p. 2) – but she readily answered *all* of these questions at her deposition, including listing two of the "several" high schools she attended, and the names of six employers since 1998.  *See* Quinn Dep. at 35:20–37:21; 40:8-20, 41:8–53:17.

- Plaintiff Christine Hernandez reported on her PFS that she did not recall her city of birth nor which family member suffered from diabetes (*see* Hernandez PFS at pp. 2, 6) – but during her deposition, she easily provided her city of birth, and specified that it was her grandfather on her father's side that suffered from Type 2 diabetes.  *See* Hernandez Dep. at 5:9-14; 161:22–162:10.

- Plaintiff Sharon Fashner reported on her PFS that she was unable to recall her dates of employment (*see* Fashner PFS at p. 2) – but at her deposition she was able to pinpoint her exact date of last employment.  *See* Fashner Dep. at 80:10-12.

Thus, the plaintiffs to whom this motion is addressed did not take particular care in filling out

their PFSs, as plaintiff Mary Tanke candidly admitted at her deposition:

> When I filled out this packet of information, I didn't think anything was going to come about it.  So, saying that I did a particular job, a good job, obviously I didn't. . . .  It was just my laziness. . . .  [T]here's a lot of, you know, papers and stuff I've had to fill out and I just N/A, N/A, N/A, you know, not applicable.  So, that's my laziness, you know.

Tanke Dep. at 100:17-23; 101:1-4.[6]  Lest the Court think AstraZeneca is cherry-picking, the

chart of Florida Plaintiffs' Deficiencies sets forth the numerous instances of "Do Not Recall"

in response to such inquiries as city of birth, name of high school, and reason for

_____

*Innovative Props. Co. v. Tomar Elecs., Inc.*, No. 05-756 MJD/AJB, 2006 U.S. Dist. LEXIS 80571, at * 17 (D. Minn. July 21, 2006); *Rohm & Haas Co. v. Brotech Corp.*, No. 90-109-JRR, 1990 U.S. Dist. LEXIS 20117, at *21 (D. Del. Sept. 14, 1990). .

[6]   AstraZeneca has not burdened the Court with copies of plaintiffs' PFSs and deposition transcripts, but would lodge them promptly with the Court upon request.

- 7 -

discontinuing use of Seroquel.  *See* Doc. No. 740, Exhs. 1 & 2.  In sum, permitting plaintiffs'

"Do Not Recall" responses to stand threatens to make a mockery of the entire PFS process,

and to deprive AstraZeneca of the written PFS discovery responses to which it is entitled.

Accordingly, AstraZeneca respectfully requests that the Court grant its motion to

compel the Florida Plaintiffs to provide full, complete, and responsive answers to those PFS

questions that AstraZeneca has identified as deficient.

DATED:  January 10, 2008                              Respectfully submitted,

                                                      */s/ Fred T. Magaziner*
                                                      Fred T. Magaziner
                                                      Brennan Torregrossa
                                                      DECHERT LLP
                                                      2929 Arch Street
                                                      Philadelphia, PA  19103
                                                      Telephone: (215) 994-4000
                                                      Facsimile: (215) 994-2222
                                                      fred.magaziner@dechert.com

                                                      Steven B. Weisburd
                                                      DECHERT LLP
                                                      300 West 6th Street, Suite 1850
                                                      Austin, TX  78701
                                                      Telephone: (512) 394-3000
                                                      Facsimile: (512) 394-3001

                                                      *Counsel for AstraZeneca Pharmaceuticals LP*
                                                      *and AstraZeneca LP*

## **<u>CERTIFICATE OF CONFERENCE</u>**

Counsel for AstraZeneca met and conferred with co-lead counsel for plaintiffs in a good-faith attempt to resolve the issues presented in the motion to which this reply relates. The Court specifically granted leave to file this reply.

*/s/ Michelle Hart Yeary*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on January 10, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Eliot J. Walker*

<u>**SERVICE LIST**</u>

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorneys for Defendant AstraZeneca, PLC*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |