# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ x
IN RE: NEW YORK RENU WITH MOISTURELOC : Index No. 766,000/2007
PRODUCT LIABILITY LITIGATION :
:
:
------------------------------------------------------------ x
THIS DOCUMENT APPLIES TO ALL CASES :
------------------------------------------------------------ x

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

------------------------------------------------------------ x
: MDL No.: 1785
IN RE: BAUSCH & LOMB CONTACT LENS : C/A No. 2:06-MN-77777-DCN
SOLUTION PRODUCT LIABILITY LITIGATION :
:
------------------------------------------------------------ x
THIS DOCUMENT APPLIES TO ALL CASES :
------------------------------------------------------------ x

## JOINT ORDER APPOINTING SPECIAL MASTER

The Hon. Helen E. Freedman, the presiding judge in the New York Coordinated ReNu with MoistureLoc Product Liability Litigation and the Hon. David C. Norton, presiding judge in Multidistrict Litigation No. 1785 held a joint conference with lead plaintiffs' and defendant's counsel in the ReNu with MoistureLoc Litigation on October 18, 2007. At the conference, the parties and the Courts addressed the adoption of uniform rules to govern redaction of documents produced in discovery as well as claims of privilege with respect to documents sought to be obtained in discovery by plaintiffs. It is hereby ORDERED as follows:

The respective Courts appoint Fordham University School of Law Professor Daniel Capra, Esq. as Special Discovery Master/Referee ("Special Master") in the New York coordinated ReNu with MoistureLoc Product Liability Litigation and in Multidistrict Litigation No. 1785.

2694048v1

Judge Norton hereby appoints Professor Capra as the Special Master pursuant to Fed. R. Civ. P. 53. That rule permits a federal court to appoint a Special Master to "perform duties consented to by the parties" or "to address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(A); 53(a)(1)(C).

Justice Freedman hereby appoints Professor Capra as the Special Master pursuant to CPLR 3104. That rule allows a New York court to appoint a Referee to oversee disputes relating to discovery issues. *See* CPLR 3104(a).[1] The parties have consented to Professor Capra's appointment as the Special Master.

I. **Duties of the Special Master**

Pursuant to the Order of the Courts, Special Master Capra shall review privilege logs, privilege redaction logs, redaction logs and any documents identified to him by plaintiffs to the extent necessary to test and determine the propriety of redactions and to fairly resolve Bausch & Lomb Inc.'s privilege claims or for otherwise withholding and/or redacting such documents. Special Master Capra shall also review any challenges to the designation of documents as confidential.

The Special Master shall supervise document discovery with respect to claims of confidentiality, privilege, and the redaction of documents, and when necessary, make recommended rulings for the Courts' consideration on disputes that may arise in connection with redaction/privilege issues.

---

[1] Professor Capra will perform the same functions in both the MDL and New York proceedings.

- 2 -

2694048v1

## II. Document Review Process

Defendant Bausch & Lomb, Inc. will provide any assistance required and/or requested by the Special Master to facilitate the review process including producing and arranging documents in a manner that will ease the burden of review. During the course of the review process the Special Master and his designee(s) shall have access to all materials to which Bausch & Lomb, Inc. has asserted privilege claims as well as all documents and information redacted or withheld for any other reason. .

## III. Ex Parte Communications

Fed. R. Civ. P. 53(b)(2)(B) directs the Courts to set forth the circumstances in which the Special Master may communicate *ex parte* with the Courts or a party.[2] The Special Master may communicate *ex parte* with the Courts, without notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters. The Special Master may not communicate *ex parte* with any party or counsel without first providing opposing Liaison Counsel notice and an opportunity to be heard. Such notice shall indicate the general nature of the proposed communication.

## IV. In Camera Review

The Special Master shall review all documents and information which is in dispute *in camera*. Counsel for the Parties shall designate an attorney or attorneys to be available to the Special Master to answer any questions that the Special Master may have regarding these documents. For purposes of this review effort, all such persons shall be deemed officers of the Court, such that their access will not give rise to a waiver of any privilege or confidentiality claims.

---

[2] CPLR 3104 does not specifically address *ex parte* communications, but the parties have agreed that the provisions stated herein shall apply in the New York proceeding.