# Exhibit G

**Pennock, Paul**

| | |
|---|---|
| From: | McConnell, Stephen [stephen.mcconnell@dechert.com] |
| Sent: | Wednesday, October 03, 2007 7:27 PM |
| To: | Pennock, Paul |
| Cc: | dmatthews@thematthewslawfirm.com; mraven@Sidley.com; Munno, Thomas |
| Subject: | Re: Privilege Log |

Thanks for the XIII categories of questions. I forwarded them to Marc, who is cc'd on this message.

----- Original Message -----
From: Pennock, Paul <PPennock@weitzlux.com>
To: McConnell, Stephen
Cc: dmatthews@thematthewslawfirm.com <dmatthews@thematthewslawfirm.com>
Sent: Wed Oct 03 17:49:34 2007
Subject: Privilege Log

Steve (I don't have Raven's email address on hand),

As discussed last Thursday, here is a list of questions that I have regarding your position with respect to privilege. I would appreciate it if you could provide the answer to these questions as soon as possible.

I.   1. If a document is drafted by someone in the company* and then sent to an attorney for review and comment do you consider the draft, as it was constituted before the attorney makes any edits or suggested changes, as privileged?

   2. After the document comes back from the lawyer and the changes are made and circulated, without any indication that an attorney made edits and/ or suggested changes, do you consider the document privileged?

   3. If that same document is finalized and incorporates the attorneys changes and then is disseminated outside of the company (e.g. to the F.D.A.), do you consider it privileged?

II.   1. If meeting minutes are for meetings that did not include attorneys and only a portion of the minutes are a statement of attorney advice being re-conveyed to others, do you consider all of the minutes privileged?

   2. If meeting minutes are for meetings that did include a lawyer, but nothing in the minutes reflect that the lawyer gave or was asked for advice, do you consider any or all of the minutes privileged? If only some of the minutes, which portions?

III.   1. If an email did not include attorneys as recipients or authors and only a portion of the emails are a statement of attorney advice being re-conveyed to others, do you consider all of the email privileged?

   2. If an email did include attorneys as recipients, but nothing in the email reflects that the lawyer gave or was asked for advice, do you consider any or all of the email privileged? If so, please explain.

IV   1. If a document (which is not itself privileged ) is received by the company and then forwarded to an attorney for review and comment, do you consider the document to be privileged by virtue of it having been forwarded to an attorney for review and comment?

   2. If a document (which is not itself privileged) is received by the company and a summary or description of it in any form is sent to an attorney for review and comment, do you consider the document to be privileged by virtue of a summary or description of it having been forwarded to an attorney for review and comment?

V.   1. You have claimed a privilege for 36 study protocols. Please review and more fully state the basis for each of these.

1

  2. You have claimed a privilege for 264 draft study protocols. Please more fully state the basis for how draft study protocols can be accorded attorney client privilege.

VI. 1. Please more fully describe the basis for the calendar entries being privileged?

VII. 1. What is your basis for asserting an attorney client privilege as follows: "This document reflects activities performed at the request of legal counsel about..." ?

  2. Please explain how it is that an action that someone takes is protected by attorney client privilege?

VIII. 1. Please provide a supplemental, more detailed explanation for the claimed privilege in each of the documents with an "unidentified author". If you sort your excel spread sheet, you will see that there are 8,501 documents where you claim an attorney client privilege and yet there is no author. In my opinion, you should release all of these immediately. A particularly puzzling set of examples is that you have declared an attorney client privilege for 138 documents entitled "note(s)" and yet there is no author identified.

IX. There are 526 "Draft Publications". If these are science publications, how or why would there be any attorney involvement at all? We have a tough time understanding that and therefore think that these are probably all subject to disclosure.

X. An overarching problem is that about 50% (nearly 17,000) of the documents for which you've declared an attorney client privilege do not have an attorney as an author or recipient. What suggestions do you have for exploring all of these, because we find that number to be very unusual.

XI. There are 28 documents entitled "Labeling". What are these?

XII. Why are "Marketing Materials" being withheld? There are 241 such documents and they are not denoted as drafts even though you have a category "draft marketing materials." So, we need a clarification of what these 241 "marketing materials" documents are.

XIII. Specific Examples (these are in no way exclusive of questions that I have regarding specific documents)

  1. Will you please review the following documents that are within the following Bates numbered pages and either provide the document or a supplemental, more detailed explanation for the claimed privilege:

    AZSERP0009452-89

  2. Will you please review the following documents that are within the following Bates numbered pages and either provide the document or a supplemental, more detailed explanation for the claimed privilege:

    AZSERP00065836-39.

*This includes any officer, employee, agent, third party vendor or contractor of/for the company.


Paul J. Pennock, Esq..
Weitz & Luxenberg, P.C.
120 Wall Street, 15th Floor
New York, NY  10005
tell. (212) 558-5549
fax (212) 363-2721
E-mail:  Ppennock@weitzlux.com



This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the

e-mail and any attachments. Thank you.