UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to ALL CASES

RESPONSE OF ASTRAZENECA LP AND ASTRAZENECA
PHARMACEUTICALS LP TO PLAINTIFFS' STATEMENT RE: FORMAT
AND CONTENT OF EVIDENTIARY HEARING

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") submit this response to Plaintiffs' Statement Re: Format and Content of Evidentiary Hearing. Plaintiffs have submitted a vague and incomplete "Statement" in contravention of this Court's clear directive at the January 4th hearing. Plaintiffs' submission plainly fails to give AstraZeneca anything close to adequate notice of either the particulars of Plaintiffs' prejudice and damages claims, or the specific evidence Plaintiffs will offer in support thereof at the January 28th sanctions hearing. Moreover, Plaintiffs' submission would deprive AstraZeneca of any meaningful opportunity to conduct discovery testing Plaintiffs' supposed prejudice and damages – discovery to which the Court has recognized AstraZeneca is entitled. Under the circumstances, the Court should reject Plaintiffs' inadequate proposal and cancel the upcoming January 28th hearing. At a minimum, the Court should postpone the hearing until such time as Plaintiffs fully comply with the Court's directive and AstraZeneca is afforded adequate time and opportunity to test Plaintiffs' contentions and identified evidence in discovery and to prepare for a rescheduled hearing.

### I. Plaintiffs' Statement Does Not Comply With This Court's Requirement That Plaintiffs Specifically Identify The Sanctions Sought And Supporting Evidence

The Court was very clear about the necessary contents of Plaintiffs' submission due on January 8th. On January 4, 2008, the Court stated, "very specifically, plaintiffs must explicitly define what they're seeking and what the scope is." *See* Tr. of Pretrial Conference at 36:18–19 (Jan. 4, 2008) (Doc. No. 781) [hereinafter "Jan. 4th Conference"] (attached as Exhibit B). In unambiguous terms, this Court instructed Plaintiffs that their January 8th filing must set forth "increased technical costs that it's contending should be the subject of sanctions or compensatory sanctions arising from the technical problems, and then defining what evidence you're planning to submit to support that." *Id.* at 37:17–21. Further, this Court made it clear that if Plaintiffs' January 8th filing lacked the requisite specificity, then "defendants, as I say, can object to the scope and say, look, this is just a mishmash and we're objecting to it." *Id.* at 37:22–24.

Plaintiffs' submission both lacks specificity and strays beyond the appropriate scope of the hearing. As AstraZeneca has previously argued, the detail this Court required in its directive is necessary under Eleventh Circuit case law in order for AstraZeneca adequately to defend itself at the hearing against Plaintiffs' undefined and shifting claims of prejudice. Plaintiffs' submission neither complies with the Court's January 4th oral order nor provides the detailed notice to which AstraZeneca is entitled by law.

### II. Plaintiffs' Statement Improperly Focuses On Irrelevant Issues And Threatens To Expand The Scope Of The Hearing

Plaintiffs' submission is facially deficient. Rather than provide AstraZeneca (and the Court) with proper notice and even the most rudimentary elements of a hearing plan – such as an estimate or accounting of claimed damages, a detailed description or even a summary of

documentary evidence to be proffered at the hearing, identification of all witnesses to provide oral and written testimony along with a description of their anticipated testimony, and a discovery and deposition schedule with deadlines – Plaintiffs instead spend five pages of their eight-page submission detailing irrelevant (and in some cases inaccurate[1]) procedural history and background that have no bearing whatsoever on the January 28th hearing. By contrast, Plaintiffs' summary of their claimed prejudice takes up slightly less than one page. *See* Pls.' Statement Re: Format and Content of Evidentiary Hr'g at 6–7 (Jan. 8, 2008) (Doc. No. 786).

If leaving so many fundamental questions unanswered despite the Court's order and less than three weeks before the scheduled hearing were not troubling enough, Plaintiffs muddy the waters further with a closing caveat that threatens to turn the January 28th hearing into an open forum to attack unspecified conduct unrelated to the focus of the hearing: "This [time] estimate does not include time that may be needed . . . to address issues which plaintiffs have not anticipated being relevant to this hearing." *Id.* at 8. With that ambiguous remark, Plaintiffs apparently seek the ability, unilaterally and at their whim, to expand the scope of the hearing – an effort the Court already has rejected, *see* Jan. 4th Conference at 19:14–21 and 37:21–24, and should continue to reject.

---

[1]  Plaintiffs assert that "AstraZeneca admits responsibility for the repeated discovery failures which have resulted in substantially increased costs to plaintiffs." *Id.* at 6. In the statements referenced by Plaintiffs, AstraZeneca simply agreed that the Court has already ruled on the conduct at issue and that the January 28 hearing should be limited to determination of prejudice. *See* Jan. 4th Conference at 19:1–20:17. AstraZeneca disputes that these errors "have resulted in substantially increased costs to plaintiffs." *See* Pls.' Statement at 5.

### III. Plaintiffs' Statement Fails To List Any Specific Evidence They Plan To Introduce At The Hearing, Despite The Court's Clear Directive That They Do So

In a single-sentence section entitled "Evidence," Plaintiffs state merely that they plan to present "evidence of the foregoing costs by declarations of witnesses from the various law firms representing Plaintiffs (containing foundational material and authenticating exhibits) and the live testimony of Jonathan Jaffe." *Id.* at 7. As an initial matter, AstraZeneca objects to Plaintiffs' plan to present evidence by declaration unless AstraZeneca is afforded the opportunity to test the statements made in such declarations with both discovery depositions and trial depositions of each declarant.

Yet there is an even more glaring problem with Plaintiffs' proposal: Plaintiffs nowhere indicate who those declarants are, what they will say, or the nature of the specific exhibits on which they intend to rely. Further, Plaintiffs propose no schedule for submission of those declarations and supporting documentation. For the one witness that they do identify, Mr. Jaffe, Plaintiffs fail to provide any description of his anticipated testimony. Moreover, Plaintiffs fail to address, much less provide details of, a schedule for depositions and additional discovery, despite the Court's acknowledgement that AstraZeneca is entitled to discovery "of what it is you're trying to prove." Jan. 4th Conference at 20:18–22.[2]

---

[2] Plaintiffs' assert that "AstraZeneca will provide a *new, additional* . . . production in native format" and that "[f]urther, AstraZeneca will make that production in a time frame even more compressed than the last – between late January and mid-March – and concurrently with its production of databases, which alone will require substantial commitment of plaintiffs' IT resources." Pls.' Statement at 7 (emphasis in the original). To the extent Plaintiffs are arguing that these productions cause prejudice to Plaintiffs, AstraZeneca is entitled to adequate time to test these contentions through discovery because AstraZeneca is now producing documents in a form (native) *originally demanded by Plaintiffs*. *See* Tr. of Pretrial Conference 159:3–12 (July 26, 2007) (Doc. No. 342) ("[W]e really did want to get all of the documents in native format."); Pls.' Mem. Regarding Produc. of Accessible Data by AZ 3 (Jan. 17, 2007) (Doc. No. 125) ("Plaintiffs move to have all AZ's documents produced in their native format (as Plaintiffs

4

Plaintiffs' failure to provide the Court and AstraZeneca with a reasonable level of detail regarding their *evidence* of the costs they have supposedly incurred as a result of AstraZeneca's actions is particularly curious given that Plaintiffs' began making repeated claims of prejudice *over four-and-a-half months ago*. *See*, *e.g.*, Tr. of Pretrial Conference 40:8–9 (Aug. 22, 2007) (Doc. No. 408) (relevant portions of the August 22nd transcript attached hereto as Exhibit C) ("And if we do decide that we want to pursue a monetary sanction, we think it could be a seven-figure number."). The Court's August 21st Order and November 14th Notice of Hearing further provided Plaintiffs with such notice. Plaintiffs have, therefore, known for a long time that they would eventually be obligated to define with specificity and then prove with evidence their assertions of actual prejudice.

In short, Plaintiffs' vague and otherwise incomplete proposal for the January 28th hearing puts AstraZeneca and the Court no closer than they were one week ago to understanding Plaintiffs' specific claims of prejudice and how they will attempt to prove them.

### IV. Plaintiffs' Noncompliance With The Court's Directives Warrants Relief From The Current Schedule

AstraZeneca has previously predicted to the Court that a January 28th hearing date may not be feasible given the vagueness of Plaintiffs' prejudice claims. Unfortunately, Plaintiffs' purported "Statement" about the hearing does very little to clarify this uncertainty and, in fact, makes the prospect of a January 28th hearing all the more unrealistic. As of today – with the hearing scheduled in a little more than two weeks – AstraZeneca knows virtually nothing about

---

originally requested)."). Further, the databases Plaintiffs reference are those that *Plaintiffs themselves* specifically demanded in over forty database-related Requests for Production. Put simply, AstraZeneca cannot be required to pay additional costs in the form of sanctions for the near limitless scope of Plaintiffs' database discovery demands.

the declarants, witnesses, testimony, or documentary evidence that will be used by Plaintiffs at the hearing to support their claims of prejudice. Absent such details, AstraZeneca cannot determine what additional discovery needs to be propounded, what depositions need to be scheduled, or whether and in what form AstraZeneca will need to present affirmative evidence at the hearing.[3]

Given Plaintiffs' prior claims of seven-figure damages, such a compressed schedule would unfairly prejudice AstraZeneca. Indeed, even if the Court at the upcoming January 15th telephonic conference were to order Plaintiffs to provide the necessary information to AstraZeneca the next day, AstraZeneca still would have less than two weeks to prepare for the January 28th hearing. Due Process and basic fairness demand that AstraZeneca have proper notice and more time than that to conduct discovery and prepare its defense. *See*, *e.g.*, AstraZeneca's Objections to Plaintiffs' Proposed Sanctions Plan (Doc. 771) (citing, *inter alia*, *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137 (11th Cir. 2006)).[4] Moreover, Plaintiffs should not be permitted to benefit and obtain an adversarial advantage from their own failure to abide by this Court's directive adequately to define their claims of prejudice and set forth their supporting evidence. Allowing Plaintiffs to hide behind vague and unsupported claims of prejudice, coupled with their steadfast refusal to disclose in any detail the evidence on

---

[3]  AstraZeneca served Plaintiffs with discovery (including Interrogatories, Requests for Production of Documents, and Requests for Admissions) on December 17th that targeted their then-articulated claims of prejudice. While the time for responding to this discovery has not run, Plaintiffs' submission is silent on when and if they will respond to this clearly relevant discovery. AstraZeneca might need to depose the (as-of-yet unidentified) declarants mentioned by Plaintiffs – depending on who they are and the testimony they intend to proffer, and Mr. Jaffe, depending on the nature of his testimony as well.

[4]  Thus, submission of the schedule outlined in Exhibit A, should the Court decide to proceed with the January 28th hearing, is submitted without prejudice to or waiver of AstraZeneca's due process objections.

which Plaintiffs intend to rely until the day of the hearing, is fundamentally unfair and contrary to a just resolution of the sanctions issues.

Accordingly, AstraZeneca respectfully requests that the Court reject the Plaintiffs' deficient filing of January 8th.  Under the circumstances, Plaintiffs' failure to provide the detailed disclosures required by the Court's directives warrants cancellation of the January 28th hearing.  At a minimum, any such hearing should be postponed and rescheduled for some future date after Plaintiffs have fully and adequately disclosed their claims of prejudice and the evidence that they will present against AstraZeneca, and after AstraZeneca is afforded sufficient time to conduct discovery of those claims and that evidence to develop its defense.  Alternatively, if the Court determines, despite AstraZeneca's prior arguments and those contained herein, to proceed with the hearing on January 28th, AstraZeneca requests (without waiving its objections) that the Court enter the Scheduling Order attached as Exhibit A.

DATED:       January 11, 2008         Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
Stephen J. McConnell
Benjamin R. Barnett
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Robert W. Pass
Chris S. Coutroulis
Carlton Fields
CNL Center at City Commons
450 S. Orange Avenue, Suite 500
Orlando, Florida 32801-3336
Phone: 407.849.0300

7

Toll Free: 888.849.9191
Fax: 407.648.9099
rpass@carltonfields.com

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 11, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' Liaison Counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Brian R. Decker*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey<br>Michael W. Perrin<br>Fletcher Trammell<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP*** | Gregory P. Forney<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*** |

11

| | |
|---|---|
| Elizabeth Raines<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |