## PRE-HEARING SCHEDULE

Subject to and without waiving its arguments and objections (including due process) set forth in the Response of AstraZeneca LP and AstraZeneca Pharmaceuticals LP to Plaintiffs' Statement Re: Format and Content of Evidentiary Hearing, on January 28th, AstraZeneca requests that should the Court determine to proceed with the sanctions hearing on January 28, 2008, the Court enter and enforce the following Scheduling Order.

| Wednesday, January 16 | |
|---|---|
| | Plaintiffs' Witnesses<br><br>Plaintiffs shall disclose to AstraZeneca by 5:00 p.m. EST each of their witnesses (both fact and experts, if any), separately identifying those who will testify live and those who will testify by declaration.<br><br>If a witness is to testify live, the disclosure of each witness must include a good-faith but brief description of the subject matter of the witness's testimony. This requirement applies to expert and nonexpert witnesses, and there is no requirement of any additional submission (such as a report) by any expert witness.<br><br>Declarations shall be limited to statements regarding foundational material and authentication of exhibits.<br><br>Each such statement and declaration must be produced to AstraZeneca such that they are in its physical or electronic possession by 5:00 p.m. EST.<br><br>Each witness (both fact and expert) shall be made available for deposition between January 21 and January 24, 2008.<br><br>Plaintiffs' Documents<br><br>With respect to each category of "sanctionable conduct" found by the Court in its Order of August 21, 2007, Plaintiffs produce to AstraZeneca – such that they are in AstraZeneca's physical possession no later than 5:00 p.m. EST – each of the following documents, separating such documents into the category of "sanctionable conduct" to which the documents relate:<br><br>1. All documents Plaintiffs intend to introduce as Exhibits in their case-in-chief at the hearing (including any documents on which any of its experts |

| | |
|---|---|
| | may rely).  Each such document must be separately numbered and identified on the form used by the Middle District for exhibit disclosures.

2.  To the extent not produced in response to #1 above, in connection with Plaintiffs' claim that the sanctionable conduct caused Plaintiffs "substantially increased costs in three areas" (Plaintiffs' Statement, p. 6), Plaintiffs shall produce all of the following:

   a.  All time and expense records supporting Plaintiffs' claimed "increased IT costs to date" and "judicial costs" (*id.*), including the specific descriptions and supporting documentation associated with each such record.

   b.  In connection with Plaintiffs claim that "in order to handle the new, parallel production of data in such a significantly compressed timeframe, it was necessary for plaintiffs to contract with a vendor" (*id. at 7*):

      (i)  All requests for proposals (or similar inquiries) made to vendors in connection with this litigation;

      (ii)  All responses received by Plaintiffs from vendors regarding above-referenced proposals (or inquiries); and

      (iii)  The contract ultimately agreed upon by Plaintiffs and a vendor.

To the extent Plaintiffs deem all or part of a document on its exhibit list to be confidential, it shall so designate it at this time.

<u>Plaintiffs' Responses to AstraZeneca's Discovery Requests</u>

Plaintiffs serve by electronic mail their responses to AstraZeneca's Interrogatories, Requests for Production of Documents, and Requests for Admissions which were served December 17, 2007.  Produced documents shall be in AstraZeneca's physical possession no later than 5:00 p.m. EST. |
| Monday, January 21 – Thursday, January 24 | |
| | <u>Depositions of Plaintiffs' Witnesses</u>

Each witness identified by Plaintiffs must be made available for deposition. |

| Monday, January 21 | |
|---|---|
| | **AstraZeneca's Witnesses**<br><br>AstraZeneca shall disclose to Plaintiffs by 12:00 noon EST each of its witnesses (both fact and experts, if any), separately identifying those who will testify live and those who will testify by declaration.<br><br>If a witness is to testify live, the disclosure of each such witness must include a good-faith but brief description of the subject matter of the witness' testimony. This requirement applies to expert and nonexpert witnesses, and there is no requirement of any additional submission (such as a report) by any expert witness.<br><br>Declarations shall be limited to statements regarding foundational material and authentication of exhibits.<br><br>Each such statement and declaration must be produced to Plaintiffs such that they are in Plaintiffs' physical or electronic possession by 5:00 p.m. EST.<br><br>Each witness (both fact and expert) shall be made available for deposition between January 22 and January 24, 2008.<br><br>**AstraZeneca's Documents**<br><br>AstraZeneca shall produce – such that they are in Plaintiffs' physical possession no later than 5:00 p.m. EST – each of the documents it intends to introduce as Exhibits in its case-in-chief at the hearing (including any documents on which any of its experts may rely). Each such document must be separately numbered and identified on the form used by the Middle District for exhibit disclosures.<br><br>To the extent AstraZeneca deems all or part of a document on its exhibit list to be confidential, it shall so designate it at this time. |
| Tuesday, January 22 – Thursday, January 24 | |
| | **Depositions of AstraZeneca's Witnesses**<br><br>Each witness identified by AstraZeneca must be made available for deposition. |

| | |
|---|---|
| Wednesday, January 23 | |
| | Motions in Limine |
| | Any motions in limine shall be filed no later than this date. |
| | Witness Objections |
| | Objections to any witness testifying at the hearing – other than for lack of disclosure – shall be made no later than this date. |
| | Document Objections |
| | Objections to any exhibits on the grounds of hearsay, relevance, or authenticity shall be made no later than this date. |
| | In addition, no later than this date, objections shall be made to any designation of a document as confidential. |
| | Cross-Confidentiality |
| | To the extent one side believes a document to be introduced by the other side is "confidential," it must so designate it at this time (unless it has previously done so, in which case it shall be assumed that the party is designating the document as "confidential"). |
| | Failure to Object |
| | Any document to which no objection is made shall be deemed admitted and any document designated as confidential to which no objection is made to such designation shall be deemed confidential for purposes of the hearing (except that designations made under the cross-confidentiality provision above are preserved to the hearing). |
| Thursday, January 24 | |
| | Briefs |
| | No later than this date, each side shall submit its brief with respect to any issue it wishes to raise or contest at the hearing. |
| | Unopposed Exhibits |
| | On or after this date, each side may file its unopposed exhibits. |

| Friday, January 25 | |
|---|---|
| | Exhibit Binders<br><br>No later than this date, each party shall provide the opposing party and the Court with a three-ring binder notebook (or set of such notebooks) with numbered tabs containing its correspondingly numbered exhibits as previously identified.<br><br>Demonstrative Exhibits<br><br>No later than this date, each party shall exchange with the opposing party, or make available for inspection, all demonstrative exhibits to be used at the hearing.  A courtesy copy of these demonstrative exhibits will be provided to the Court at this time. |