**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation**

                                                 **Case No. 6:06-md-1769-Orl-22DAB**

_____

**CASE MANAGEMENT ORDER NO. 5**

**General Discovery and Motion Practice - All Cases**

1.      All case-specific discovery shall be considered terminated as of November 30, 2007 (allowing spillover into December 2007 to complete matters that could not be accommodated in November).[1]

2.      All pending Motions to Dismiss filed pursuant to Case Management Order No. 2, and based on a Plaintiff's failure to provide a Plaintiff Fact Sheet or verification, shall be denied without prejudice. Due to the repeated failures of AstraZeneca to timely complete its own discovery obligations (as most recently reflected in its plan to produce all electronic documents in native format because of technical failures in previous productions), it would be unfair to dismiss cases based on a Plaintiff's dilatory discovery responses. No additional such motions directed to Plaintiffs shall be permitted without leave of Court. In this regard, the Court notes that Plaintiffs have been on notice since the Magistrate Judge's issuance of his initial recommendations (Doc. 695) on November 16, 2007, that all Florida Plaintiffs would be required to provide any missing

---

[1] The parties have already complied with this section in anticipation of the Court's entry of this Order adopting the Magistrate Judge's recommendations.

Plaintiff Fact Sheets and verifications no later than January 15, 2008.  Therefore, AstraZeneca

may seek leave of Court to file motions to dismiss, with regard to the Florida Plaintiffs, for any

failure to provide Plaintiff Fact Sheets or verifications, after the January 15, 2008 deadline has

passed.

3.      Based on AstraZeneca's representation (Doc. 680) as to its ability to certify

substantial completion of its production of documents (ESI and paper), a new schedule for

completing all general discovery and the filing of motions is established as follows:

A.      By March 14, 2008, AstraZeneca shall certify complete production of

documents called for in its custodial collections, Plaintiffs' Requests for Production

(subject to objections and rulings by the Court), the results of use of additional search

terms, and the results of appropriate database queries.  AstraZeneca shall make these

materials available on a rolling basis (the progress of which is to be supervised and

directed by the SM-ESI) in native (or other appropriate agreed or directed) format.

**Unexcused failure of AstraZeneca to meet this deadline (or its failure to make**

**reasonable progress on the rolling production) may result in the striking of the**

**Answer or particular defenses or other sanctions.**

B.      Following certification of substantial completion of AstraZeneca's

document production, Plaintiffs may complete depositions of corporate witnesses, third

parties and limited additional Requests for Production.  The scope of, and limits on, this

additional discovery are subject to Court review, and all such fact discovery should be

completed by May 30, 2008.  AstraZeneca may complete depositions of third parties by May 30, 2008.

C.    Plaintiffs shall identify and provide reports for all general experts expected to testify at trials of cases selected for the Initial Trial Pool by August 8, 2008. AstraZeneca shall identify and provide reports for all general experts expected to testify at trials of cases selected for the Initial Trial Pool by September 12, 2008.  Depositions of general experts shall occur between September 15 and October 15, 2008.  As to MDL cases not selected for the Initial Trial Pool, the Parties shall be permitted, on dates that may be set by agreement of the Parties or by later orders of this Court or transferor courts, to identify additional general experts not previously identified for Initial Trial Pool cases.

D.    The deadline for non-expert based dispositive motions shall be October 31, 2008, with Responses due by November 24, 2008.  By October 31, 2008, the parties shall file any *Daubert* motions related to general or case-specific experts.  Responses to *Daubert* motions shall be filed no later than November 24, 2008.  If such motions are filed, the parties shall indicate whether an evidentiary hearing is requested, the basis for such request and its anticipated duration.  If either party anticipates filing more than one dispositive motion or *Daubert* motion, it shall file a motion, complying with local Rule 3.01(g), seeking leave to do so at least 30 days in advance.  Any such motion shall provide a specific rationale for filing multiple motions and shall include pertinent information such as the anticipated timing of the motions, and the length and the nature of the supporting record.

**Case Management and Trial of Florida Cases**

A.      By November 30, 2007, the parties shall submit to the Court a list of all Plaintiffs who reside in Florida or who ingested, obtained, or were prescribed Seroquel in Florida (hereinafter "Florida Plaintiffs").  The parties shall submit an appropriate stipulation or other pleading to allow venue of these cases to be fixed in this Court.[2]

B.      By December 15, 2007, AstraZeneca will identify all Florida Plaintiffs who (1) have not already submitted a materially complete PFS or (2) have not produced responsive documents requested in the PFS.  This list shall specify any alleged deficiencies for each Florida Plaintiff.[3]

C.      All Florida Plaintiffs who have not already submitted materially complete Plaintiff Fact Sheets consistent with Case Management Order No. 2 shall do so by January 15, 2008.

D.      All Florida Plaintiffs who have not already produced to AstraZeneca all documents in their possession responsive to the document requests set forth in the PFS shall do so by January 15, 2008.

E.      Seventy-five cases of Florida Plaintiffs shall be selected for limited case-specific discovery, subject to the same procedures and rules that govern the current Limited Case-Specific Discovery Program except that depositions of doctors shall last 4 hours (2 hours per side). Plaintiffs shall select 25 cases by January 15, 2008, and AstraZeneca and the Court shall each select 25 cases by January 25, 2008.  These 75 cases shall hereafter be referred to as the

---

[2] The parties have already complied with this section in anticipation of the Court's entry of this Order adopting the Magistrate Judge's recommendations.

[3] AstraZeneca has already complied with this section in anticipation of the Court's entry of this Order adopting the Magistrate Judge's recommendations.

"Discovery Pool."  AstraZeneca shall produce discovery materials relating to sales representatives and prescribing physicians consistent with CMO 4 two weeks after selection, and plaintiffs shall have one week after production to identify one sales representative to depose.

      F.      Limited Case-Specific Discovery of the Discovery Pool cases shall be completed by

April 15, 2008.  The parties shall make appropriate use of the SM-PMO to carry out all of the Florida case discovery.  As noted above, the existing case-specific discovery program ended November 30, 2007.

      G.      Out of the cases in the Discovery Pool, 30 cases shall be selected for full discovery. Plaintiffs shall select 15 cases by April 22, 2008; and AstraZeneca shall select 15 cases by April 25, 2008.  These 30 cases shall hereafter be referred to as the "Initial Trial Pool."

      H.      Full case-specific fact discovery in the Initial Trial Pool shall commence on April 28, 2008 and shall end on July 31, 2008.

      I.      Subject to further consideration by the Court as to scope and limitations, all further case-specific discovery in the Initial Trial Pool shall be conducted in accordance with the Federal Rules of Civil Procedure, except that any Party may re-depose a witness who has already given a limited case specific deposition, notwithstanding FRCP 30(a)(2)(B).  Limited case-specific depositions and any depositions repeated in the full discovery program shall count against the limitation on the number (10 per side) of depositions included in FRCP 30(a)(2)(A).

      J.      Depositions of sales representatives shall be limited to 5 hours.

      K.      Either party may re-depose any witness who has already been deposed during

Limited Case-Specific Discovery.  Such a re-deposition will count against the noticing party's total limit.  The second deposition of a witness may be used as a *de bene esse* or trial deposition if noticed as such.

L.      Except as set forth in this Order, all full case-specific discovery in the Initial Trial Pool shall be governed by the Federal Rules of Civil Procedure.  The parties will use their best efforts to accommodate the schedules of lawyers assigned to specific cases and/or expert fields.

M.      By August 15, 2008, each plaintiff in the Initial Trial Pool shall identify and provide reports for all case-specific experts expected to testify at trial.  AstraZeneca shall be entitled to depose all such experts between September 15 and October 15, 2008.

N.      By September 12, 2008, AstraZeneca shall identify and provide reports for all case-specific experts expected to testify at trials of cases in the Initial Trial Pool.  Plaintiffs shall be entitled to depose all such experts between September 15 and October 15, 2008.

O.      Depositions of AstraZeneca's experts may occur before all depositions of plaintiffs' experts are complete.  However, to the extent plaintiffs and AstraZeneca designate a general expert in the same field (*e.g.*, endocrinology), or a case-specific expert in the same field and in the same case (*e.g.*, a case-specific endocrinology expert for plaintiff John Doe), plaintiffs' expert shall be deposed before AstraZeneca's.

P.      By October 31, 2008, the Parties shall file any *Daubert* motions related to general or case-specific experts in the cases selected for the Initial Trial Pool.  Responses to *Daubert* motions shall be filed November 24, 2008.  If such motions are filed, the Parties should indicate

whether an evidentiary hearing is requested, the basis for such request, and its anticipated duration.

      Q.    Following completion of discovery in the Initial Trial Pool cases, the Court, after consultation with the parties, will determine how and before whom the cases should be scheduled for trial.

      R.    Dispositive motions shall be filed by October 31, 2008.  Responses shall be filed by November 24, 2008.  If such motions are filed, the parties should indicate whether an evidentiary hearing is requested, the basis for such request and its anticipated duration.  If either party anticipates filing more than one dispositive motion or *Daubert* motion, it shall file a motion, complying with local Rule 3.01(g), seeking leave to do so at least 30 days in advance.  Any such motion shall provide a specific rationale for filing multiple motions and shall include pertinent information such as the anticipated timing of the motions, and the length and the nature of the supporting record.

      S.    The Court shall hereafter establish a schedule for motions in limine, other pretrial requirements and trials.  The Court anticipates starting trials in February, 2009.

      T.    All dates provided herein are subject to change by further Order of the Court; however, it would be an understatement to say that the Court is deeply distressed by the pace of this MDL to date.  Accordingly, the Court will look with great disfavor on any motions seeking to extend the deadlines established in this Order.

      **DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 11, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

-7-

Counsel of Record
Unrepresented Parties