UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re Seroquel Products Liability Litigation
MDL Docket No. 1769

**This Document Relates to All Cases**

NOTICE OF NON-COMPLIANCE AND MOTION OF ASTRAZENECA LP AND
ASTRAZENECA PHARMACEUTICALS LP TO
POSTPONE JANUARY 28, 2008 EVIDENTIARY HEARING

Defendant AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby notify the Court of Plaintiffs' material noncompliance with the Court's January 15, 2008 scheduling Order and move, accordingly, to postpone the January 28, 2008 hearing. Postponement is mandated by the material deficiencies in Plaintiffs' submission of exhibits, declarations, and description of live testimony. Plaintiffs did not provide billing records for many of the attorneys claiming costs, as ordered by the Court. They did not tie specific alleged costs with conduct found to be sanctionable, as ordered by the Court. They did not organize documents to correspond to categories of sanctionable conduct, as ordered by the Court. What they did provide – a thread-bare description of anticipated testimony from their live witness – does not provide AstraZeneca with adequate notice. Moreover, Plaintiffs' responses to AstraZeneca's discovery requests shed little light on Plaintiffs' claimed prejudice. The responses contained objections to key interrogatories and notably failed to identify or provide any memoranda, internal correspondence and other pertinent records. The consequence for those deficiencies, per the Court's order, should be postponement of the January 28 hearing.

The Court also should postpone the hearing because Plaintiffs have injected additional facts which they have not tied to sanctionable conduct and about which

1

AstraZeneca cannot possibly take discovery in the time remaining before January 28. For instance, in their responses to AstraZeneca's discovery requests, served after the close of business on January 16, 2008, Plaintiffs – for the first time – disclosed the identity of a new vendor that Plaintiffs claim to have retained to handle AstraZeneca's native file production at a cost of over three million dollars. Plaintiffs retained that vendor on *January 16, 2008* – the Court's deadline for Plaintiffs to produce evidence of their costs. The retention of that vendor, less than two weeks prior to the hearing, raises very serious questions, necessitating significant and immediate discovery will be very difficult to complete under the current schedule, and further requires that the January 28 hearing be postponed.[1]

## I. PLAINTIFFS' JANUARY 16 COURT-ORDERED PRODUCTION WAS PROCEDURALLY AND SUBSTANTIVELY DEFICIENT.

On January 15, 2008, the Court ordered Plaintiffs to provide, among other things, the following "with respect to each category of 'sanctionable conduct'":

- All time and expense records supporting Plaintiffs' claimed costs, including the "specific descriptions and supporting documentation associated with each such record";
- Documents and communications related to Plaintiffs' requests for proposal to vendors and the final contract; and
- "All documents Plaintiffs intend to introduce as Exhibits."

*See* Order Regarding the Discovery Schedule for the January 28, 2008 Evidentiary Hearing (Jan. 15, 2008) ("January 15 Order") (Doc. No. 798). The Court also required

---

[1] The deficiencies outlined below must be viewed in light of the significant, multi-million dollar sanction that Plaintiffs seek. Given the severity of the claimed relief and Plaintiffs' repeated failures to provide AstraZeneca with any link between claimed "sanctionable conduct" and evidence of actual costs, the Court would be justified in cancelling the hearing. Even if the Court determined that postponement was appropriate, any continued hearing must be predicated on complete and total disclosure by Plaintiffs.

2

Plaintiffs to respond to AstraZeneca's pending discovery requests with respect to the January 28th hearing. *Id.* The Court ordered Plaintiffs to provide these disclosures "no later than 5:00 p.m. EST on **January 16, 2008**." *Id.* (emphasis in original). The Court made the consequence for failing to abide by its Order very clear: postponement of the hearing until the close of discovery. *See* Tr. of January 15, 2008 Pre-Trial Conference at 17: 16-20 ("[Y]ou can file a notice and I'll take off this hearing and the issues of these sanctions will be carried till the close of discovery as I do in a routine case.").

Plaintiffs began producing their declarations and supporting exhibits shortly before 5:00 p.m. on January 16, 2008, via email to AstraZeneca's counsel, and continued until approximately 5:30 p.m. *See, e.g.,* E-mail from Leah Sabel to Stephen McConnell, *et al.*, sent on 1/16/08 at 4:57 p.m., E-mail from Leah Sabel to Stephen McConnell, *et al.*, sent on 1/16/08 at 5:42 p.m. (e-mails producing declarations, supporting exhibits, and discovery responses collectively attached as Exhibit A). In addition, Plaintiffs notified AstraZeneca's counsel at approximately 5:15 p.m. that the documents responsive to AstraZeneca's interrogatories and document requests were too large to transmit electronically, and were being posted to a secure site on a Weitz & Luxembourg server. *See* E-mail from Dennis Canty to Leah Sabel, *et al.*, sent on 1/16/08 at 5:16 p.m. (attached as Exhibit B). Among the documents produced by Plaintiffs is a contract with IKON for services to be provided by a second vendor, Cataphora, to host AstraZeneca's native file production. The contract is dated January 16, 2008; the "all-in" price of the contract to Plaintiffs is $3.3 million. *See* Statement of Work for Bailey Perrin Bailey, at 6 (attached as Exhibit C).

Apart from issues of untimely and convoluted service, Plaintiffs' production does not materially comply with the Court's disclosure requirements. The Court gave Plaintiffs fair notice that such deficiencies would result in postponement of the hearing. Plaintiffs' disclosure of new and significant factual and legal issues that will require additional discovery over and above that contemplated by the current schedule also requires that the hearing be postponed.

## II.  THE COURT SHOULD POSTPONE THE JANUARY 28 HEARING.

Plaintiffs' submission is deficient in many ways and fails to provide AstraZeneca with the details necessary to adequately prepare for the January 28 hearing.

### A.  Plaintiffs Failed to Provide Required Evidentiary Support for their Alleged "Increased Costs."

The Court's Order specifically required Plaintiffs to produce "[a]ll time and expense records supporting Plaintiffs' claimed 'increased IT costs to date' and 'judicial costs' . . . including the specific descriptions and supporting documentation associated with each such record." Jan. 15, 2008 Order at 2. Plaintiffs failed to meet these requirements in at least three ways.

*First*, Plaintiffs provided six declarations – from attorneys Pennock, Pederson, Allen, Bailey, Sedgh, and Brandenberg – that contain only conclusory statements of time allegedly spent on ESI issues. No documentation supports these declarations. For example, Mr. Pennock's Declaration, identifies the method by which he calculated his claimed hours – namely, having his secretary initially cull relevant emails followed by further review by Mr. Pennock – but Plaintiffs did not produce the e-mails that supposedly form the basis of the claimed time. *See* Affidavit of Paul Pennock (attached as Exhibit D).

4

*Second*, Plaintiffs produced time records for various individuals containing entries that are facially unrelated to the "sanctionable conduct" and fail to provide any further explanation or documentary support. For example, Plaintiffs seek reimbursement for eight hours of time for an IT individual to "Write report on 'Hours spent on Seroquel'" on August 23, 2007. *See* Exhibit A to Declaration of Sung Kim (attached as Exhibit E).

*Third*, Plaintiffs' time records are almost all uniformly vague and do not appear to be created in any ordinary course of business. Under these circumstances, Plaintiffs were required to provide documentary support for these records as reflected in the Court's January 15 Order.

### B. Plaintiffs' Failed to Tie Specific Costs to "Sanctionable Conduct."

During the January 14, 2008 telephone conference, the Court informed Plaintiffs that they must "tie [claimed time] back to the sanctionable conduct" and must provide AstraZeneca with sufficient disclosures such that these claims can be "joined and tested." Plaintiffs have done exactly the opposite – they produced either blanket statements of time, or time records which they have not linked to the sanctionable conduct. For example, Mr. Gornick seeks reimbursement for participation at all status conferences since July 2007. *See* Exhibit 1 to Affidavit of Lawrence Gornick (attached as Exhibit F). This attempt to recapture all costs for standard litigation activities, such as attending status conferences, cannot be tied to any "sanctionable conduct." Absent records demonstrating a link between claimed costs and "sanctionable conduct," AstraZeneca cannot meaningfully test Plaintiffs' claims at the January 28th hearing.

Even more egregiously, Plaintiffs' January 16th revelation of the same-day retention of a new vendor to handle native file productions at a cost of $3.3 million raises a host of issues that further require postponement of the January 28th hearing. First,

Plaintiffs failed to tie this new cost to any sanctionable conduct in any way, much less give AstraZeneca sufficient information to join and test such an enormous amount. Second, Plaintiffs' last-minute revelation raises a number of questions whose answers would require significant discovery will be very difficult to complete under the current schedule. For example, it appears from the face of the contract that another vendor, Cataphora, is actually providing Plaintiffs with the physical services to host AstraZeneca's native file production. Thus, the contract may include profit mark-ups from IKON that should not be passed on to AstraZeneca in this setting. *See* Statement of Work for Bailey Perrin Bailey, at 5 (Exhibit C).

Moreover, given Plaintiffs' repeated statements throughout this litigation that they wanted and were prepared to handle native file productions, it is inappropriate for Plaintiffs to exploit the prior sanctions order as a pretext to upgrade its document hosting and review tool. Because additional discovery of the facts surrounding this move to IKON/Cataphora is both relevant and warranted, AstraZeneca is seeking today depositions of a representative from IKON to discuss the contract negotiations, as well a production of relevant emails and correspondence from both Plaintiffs and IKON.

Because Plaintiffs have failed to follow the Court's directive to tie the costs to the conduct at issue, AstraZeneca cannot assess the degree to which the retention of IKON/Cataphora is related to problems with AstraZeneca's prior production of documents, as opposed to a limitation in Plaintiffs' current system, without inspecting the system itself. Moreover, whether all the features offered by Plaintiffs' new vendor are necessary to handle native file productions cannot be measured unless AstraZeneca first learns, in detail, the specifications of Plaintiffs' current system. Insofar as the cost of

moving to IKON/Cataphora constitutes *over three-quarters of the total costs* Plaintiffs are claiming as a result of problems with AstraZeneca's prior productions, it is imperative that AstraZeneca have the ability to conduct additional discovery of both IKON and Plaintiffs in order to test their damages theory.

Under the current schedule, AstraZeneca must complete depositions of Plaintiffs' witnesses within a three-day period, from January 21 through 24. Given the additional discovery that AstraZeneca now must take to explore Plaintiffs' retention of IKON/Cataphora and to understand the details of Plaintiffs' current document review system, this schedule now appears unworkable. Due process demands that AstraZeneca—which is effectively being asked to fund this multi-million dollar transition via a sanctions award—have more than three days to explore the details surrounding the switch to a new vendor.

### C. Plaintiffs Failed to Separate Specific Materials into Categories of Sanctionable Conduct.

The Court's Order specifically required Plaintiffs to separate the documents they produced to AstraZeneca into "the category of 'sanctionable conduct' to which the documents relate." January 15, 2008 Order at 1. This requirement to segregate the materials in Plaintiffs' submission extended not just to "[a]ll documents Plaintiffs intend to introduce as Exhibits in their case-in-chief at the hearing (including any documents on which any of its experts may rely)," but also the additional evidentiary materials provided, including "[a]ll time and expense records supporting Plaintiffs' claimed 'increased IT costs to date" and "judicial costs" . . . including the specific descriptions and supporting documentation associated with each such record."

The catch-all statement on Plaintiffs' Exhibit List referencing the Court's Sanctions Order, "AZ's failure timely to produce 'usable' or 'reasonably accessible' documents in this litigation," plainly fails to fulfill this requirement.

**D.    Plaintiffs Failed to Provide Adequate Detail for Proposed Live Witness Testimony.**

Plaintiffs identify Jonathan Jaffe as the only witness they intend to call live at the January 28 hearing and provide a Witness Statement that includes a description of Mr. Jaffe's anticipated testimony. But the description is so brief that it is virtually useless. Plaintiffs' disclose that Mr. Jaffe will testify "to the substantial additional cost in investigating and analyzing problems in AstraZeneca's custodial production," and the "facts and circumstances surrounding plaintiffs' selection of a vendor to handle AstraZeneca's additional 'native' production." *See* Witness Statement, at 2 (attached as Exhibit G). This description is no more detailed, or helpful, than the description of costs in Plaintiffs' Statement of Facts for Evidentiary Hearing, January 8, 2008 (Doc. 786), which this Court previously found to be inadequate. The Court ordered the Plaintiffs to provide a "good faith, but brief" description of each witness's testimony. But the description provided by Plaintiffs' counsel fails to provide AstraZeneca with any fair and reasonable notice of the particulars of Mr. Jaffe's anticipated testimony.

**E.    Plaintiffs Failed to Provide Adequate Responses to AstraZeneca's Discovery Requests.**

Plaintiffs' responses to AstraZeneca's discovery requests fail to provide AstraZeneca much of the critical information it would need to proceed with the sanctions hearing. The bulk of the roughly 30,000 page production consists of e-mails between representatives of Plaintiffs and defense counsel. The production was neither imaged nor

Bates-numbered, and not organized in a way that would link particular documents with specific document requests. Plaintiffs also do not appear to have made any real effort to remove plainly meaningless documents, as the production includes "Out-of-Office" reminders from certain attorneys and other plainly useless documents. *See, e.g.*, E-mail from Tamar Kelber, dated 11/15/06, regarding Out of Office AutoReply: Format for Discovery (attached as Exhibit H). Moreover, absent from Plaintiffs' production are any memoranda, or e-mails between Plaintiffs' counsel, their staff, and IT personnel regarding any topic covered in AstraZeneca's Requests for Production or any documents related to Weitz & Luxenberg's document platform and their decision to initially host the document review. Such documents and emails are necessary to understand fully the reasons that may underlie Plaintiffs very recent decision to retain IKON and Cataphora to host native file productions. Additionally, Plaintiffs failed to respond to several key interrogatories. For example, Plaintiffs fail to provide meaningful responses to Interrogatory 17, which focuses on the technical capacities of Plaintiffs' current document review and management system. A response to this interrogatory, in particular, is critical to AstraZeneca's ability to test Plaintiffs' claim that they need an outside vendor.[2]

---

[2] For a number of other interrogatories, Plaintiffs refuse to answer on the grounds that it is "unrelated to the matters at issue on January 28." This wholesale refusal is not proper under the Federal Rules and the Court's January 15 Order. All of these interrogatories relate to other claims of "prejudice" by Plaintiffs and should be answered, or Plaintiffs should be deemed to have waived any future claims of prejudice.

## III. CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that the Court postpone the hearing set for January 28, 2008.

DATED: January 18, 2008            Respectfully submitted,

/s/ *Fred T. Magaziner*
Fred T. Magaziner
Stephen McConnell
Benjamin Barnett
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 18, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ *Joshua G. Schiller*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey<br>Michael W. Perrin<br>Fletcher Trammell<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP*** | Gregory P. Forney<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion<br>Heidi E. Hilgendorff<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis<br>James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*** |

| | |
|---|---|
| Elizabeth Raines<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** | John Driscoll<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

15

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |