# EXHIBIT G

# Leah Sabel

| | |
|---|---|
| **From:** | Larry J. Gornick |
| **Sent:** | Sunday, January 20, 2008 7:34 PM |
| **To:** | 'Barnett, Ben' |
| **Cc:** | McConnell, Stephen; Magaziner, Fred; rpass@carltonfields.com; Coutroulis, Chris S.; Yannella, Philip; Balakhani, Elizabeth; Dennis Canty; PPennock@weitzlux.com; lroth@roth-law.com; cbailey@bpblaw.com; kbailey@bpblaw.com; sallen@crusescott.com |
| **Subject:** | RE: Discovery Relating to January 28, 2008 Hearing |

Dear Ben,

I must say your latest email has me scratching my head. You noticed my deposition and Dennis Canty's deposition for Orlando on 1/24. I have proposed to produce Mr. Jaffe for deposition in Orlando on 1/24 but now you insist that Orlando is an inconvenient place for AZ to take a deposition? It appears to me that you guys are trying to manufacture issues in support of your attempt to delay the sanction hearing. Please let me know immediately if you intend to take Mr. Jaffe's deposition on 1/24 in Orlando, and if so, the location.

Twice in the last few days I have invited you to explain how your subpoena to IKON could yield information relevant to the issues presently before the court. The only thing you can come up with is that it is relevant to plaintiffs' need to hire a vendor. How IKON could provide information as to why plaintiffs needed to hire a vendor is beyond me. Please explain.

I am happy to meet and confer with you about the depositions you think you need and can do so at 11:00 eastern tomorrow morning. Give me a call-in number and I will call you then.

Lawrence J. Gornick
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
(415) 646-7179

---

**From:** Barnett, Ben [mailto:Ben.Barnett@dechert.com]
**Sent:** Sunday, January 20, 2008 4:21 PM
**To:** Larry J. Gornick
**Cc:** McConnell, Stephen; Magaziner, Fred; rpass@carltonfields.com; Coutroulis, Chris S.; Yannella, Philip; Balakhani, Elizabeth; Dennis Canty; PPennock@weitzlux.com; lroth@roth-law.com; cbailey@bpblaw.com; kbailey@bpblaw.com; sallen@crusescott.com
**Subject:** RE: Discovery Relating to January 28, 2008 Hearing

Larry --

I take it from you response that you are refusing to produce Mr. Jaffe for deposition in New York City. That is unfortunate particularly since we have so little time before the hearing and at least three of the other deponents are also in New York City. Since we have to depose Mr. Jaffe before the hearing, I will see if we agree with your stated location.

1

I don't know that it is productive for us to debate our right to take depositions of the declarants you intend to introduce at the hearing.  We think that Judge Baker clearly ruled that we had the right to take this discovery.  I am willing to meet and confer on this issue but we need to schedule this call for tomorrow in the event that we cannot resolve it and need to raise it with the Court on Tuesday.

As to your further questions relating our request for inspection and the subpoena to IKON, I don't believe I have any obligation to establish the relevance of our discovery.  Moreover, I don't see why an explanation is necessary.  This discovery goes to the heart of your claim that the native productions required you and your colleagues to retain IKON.  The contract alone cannot begin to answer all the questions surrounding this claim and decision to move from DOXS to IKON  Again, we can discuss this Monday but absent a prompt, reasonable agreement to move forward with this discovery, we will need to address this promptly with Judge Baker.

Thanks.

Ben

---

**From:** Larry J. Gornick [mailto:lgornick@lskg-law.com]
**Sent:** Saturday, January 19, 2008 9:34 AM
**To:** Barnett, Ben
**Cc:** McConnell, Stephen; Magaziner, Fred; rpass@carltonfields.com; Coutroulis, Chris S.; Yannella, Philip; Balakhani, Elizabeth; Dennis Canty; PPennock@weitzlux.com; lroth@roth-law.com; cbailey@bpblaw.com; kbailey@bpblaw.com; sallen@crusescott.com
**Subject:** RE: Discovery Relating to January 28, 2008 Hearing

Mr. Jaffe will be in Orlando.  If you want his deposition you may take it there.

With respect to the other depositions you have requested, I said what I meant and I meant what I said.  See page 21 of the 1/15 transcript if you have any questions about the grounds.  Nevertheless, as I said in my last email: "I am happy to meet and confer with you about why you think they are necessary."

With respect to DOX you say: "this inspection is imperative to understand why Plaintiffs are now retaining IKON to manage current and future document and data productions in this litigation." We don't understand how your inspection of DOX could explain why we hired IKON.  Please explain what it is you would do in your inspection, what you would test and what you are looking for.  Once again I also invite you to provide specifics as to the information you seek and your contentions regarding relevance so that we can give your request reasonable consideration.

With respect to the IKON subpoena, you have failed to explain its relevance.  You have the contract.  What else do you need?

Lawrence J. Gornick
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
(415) 646-7179

2

**From:** Barnett, Ben [mailto:Ben.Barnett@dechert.com]
**Sent:** Friday, January 18, 2008 9:56 PM
**To:** Larry J. Gornick
**Cc:** McConnell, Stephen; Magaziner, Fred; rpass@carltonfields.com; Coutroulis, Chris S.; Yannella, Philip; Balakhani, Elizabeth; Dennis Canty; PPennock@weitzlux.com; lroth@roth-law.com; cbailey@bpblaw.com; kbailey@bpblaw.com; sallen@crusescott.com
**Subject:** RE: Discovery Relating to January 28, 2008 Hearing

Larry --

You did propose presenting Mr. Jaffe for deposition on January 24th in Orlando, FL. Given that Mr. Jaffe is in New York City as are several other witnesses we need to depose and we have an office there, we issued a notice for next Thursday in New York City. Because we need to depose a number of Weitz & Luxenberg employees it would make sense to conduct them on one day in a single location.

There was a discussion during Tuesday's telephonic hearing about attorney depositions but Judge Baker's Order does not reflect a requirement that AstraZeneca apply for leave to conduct such depositions. If you are taking the position that we must apply to the Court to take any of the depositions we noticed today, please let me know so we can address this with the Court on Tuesday.

While you are correct that under normal circumstances you would have thirty days to object or other respond to our request to inspect the DOXS system. Given that we did not receive any specific statement of your claims of prejudice and evidence until Wednesday night, we were not in a position to to serve relevant discovery relating to the DOXS system until that time. While I don't know that I am obligated to explain the relevance of this proper discovery, this inspection is imperative to understand why Plaintiffs are now retaining IKON to manage current and future document and data productions in this litigation..

The explanation with respect to IKON is the same. Given that you are taking the position that the decision to hire IKON is part of the monetary damages for which you seek sanctions, it is hard to understand how you could dispute the relevance of this subpoena or deposition.

Thanks.

Ben

> **From:** Larry J. Gornick [mailto:lgornick@lskg-law.com]
> **Sent:** Friday, January 18, 2008 8:17 PM
> **To:** Barnett, Ben
> **Cc:** McConnell, Stephen; Magaziner, Fred; rpass@carltonfields.com; Coutroulis, Chris S.; Yannella, Philip; Balakhani, Elizabeth; Dennis Canty; PPennock@weitzlux.com; lroth@roth-law.com; cbailey@bpblaw.com; kbailey@bpblaw.com; sallen@crusescott.com
> **Subject:** RE: Discovery Relating to January 28, 2008 Hearing
>
> Ben, by email dated January 17, I offered to make Mr. Jaffe available for deposition on January 24 at 10:00 AM in Orlando. He is still available. Please provide a location for this deposition in Orlando.
>
> With respect to the other depositions you noticed, on January 15 you confirmed with Magistrate Baker that you would have to make an application to the court if you wanted depositions of the "declarants." (See page 21 of the transcript.) I do not believe you have done that. If I am correct in that regard, you are not entitled to take any of these depositions. Nevertheless, I am happy to meet and confer with you about why you think they are necessary.

Our response to Your Request For Entry On Land for the purposes of inspecting the Weitz & Luxenberg DOX document platform is due in 30 days.  Therefore, it is defective in that it seeks entry in only six.  Further, your request seeks information that is not relevant to any issues before the Court.  Please explain with specificity the information you seek and your contentions regarding relevance.

Your subpoena to IKON also appears to seek irrelevant information.  Please explain the relevance.

_____

Lawrence J. Gornick
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Direct: (415) 646-7179
lgornick@lskg-law.com

-----Original Message-----
From: Barnett, Ben [mailto:Ben.Barnett@dechert.com]
Sent: Friday, January 18, 2008 1:59 PM
To: Larry J. Gornick; Dennis Canty; PPennock@weitzlux.com; lroth@roth-law.com; cbailey@bpblaw.com; seroquel@bpblaw.com
Cc: McConnell, Stephen; Magaziner, Fred; rpass@carltonfields.com; Coutroulis, Chris S.; Yannella, Philip; Balakhani, Elizabeth
Subject: Discovery Relating to January 28, 2008 Hearing


Dear All --

Attached please find correspondence and discovery relating to the January 28th Hearing.

Thanks very much.

Ben

<<Document.pdf>>


This e-mail is from Dechert LLP, a law firm, and may contain
information that is confidential or privileged. If you are not the
intended recipient, do not read, copy or distribute the e-mail or any
attachments. Instead, please notify the sender and delete the e-mail
and any attachments. Thank you.