# EXHIBIT L

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**DECLARATION OF ROBERT SCHOENHAUT IN SUPPORT OF REQUEST FOR MONETARY SANCTIONS** |

I, Robert Schoenhaut declare:

1. I submit this affirmation in an effort to explain why Weitz & Luxenberg needed to seek outside hosting for the second discovery production.

2. At the outset of the Seroquel litigation in 2006, Weitz & Luxenberg made a business and financial decision that would be in the best interest of all Plaintiffs. Weitz & Luxenberg intended to host the document production by the Defendants that would be managed by Weitz & Luxenberg's IT Department. Weitz & Luxenberg planned to upgrade its DOXS system in order to facilitate the production. The Defendants objected to the Plaintiffs' initial proposal of a native production plan and after much compromise and deliberation, the parties submitted CMO 2 (Doc. 129), outlining the method of production of documents using a TIFF format in the MDL.

3. As firm Controller, I declare that Weitz & Luxenberg cannot sustain and support a 2nd discovery production in the Seroquel litigation without detrimentally burdening the rest of this firm.

4. There has already been a negative ripple effect throughout Weitz & Luxenberg due to the time and effort that my IT staff has dedicated to Seroquel discovery as a result of what I understand were AZ's production failures. The costs in other areas of Weitz & Luxenberg as a result of AZ's Seroquel discovery failures cannot be precisely tabulated, nor would I be comfortable estimating. However, I am certain that there has been a "ripple effect" cost through lost time and delayed efforts.

5. Jonathan Jaffe, our Manager of Software Development, was anticipated to have a minimal role in the discovery stage of the Seroquel litigation: The productions, if done correctly, would be basic and straightforward for our personnel to process and host the data. However, Mr. Jaffe was forced to have a central position as more and more discovery setbacks occurred. Mr. Jaffe's value to this firm is significant, but for most of 2007 Weitz & Luxenberg was compelled to run on a daily basis without his steady assistance. The firm cannot allow this to continue and, accordingly, an outside vendor is needed for this new production.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of January 2008 in New York, New York.

*Robert Schoenhoaut*

Sworn to before me this
16th day of January, 2008

*[signature]*
NOTARY PUBLIC

BARBARA A. PARENTE
Notary Public, State of New York
No. 43-4825778
Qualified in Richmond County
Commission Expires October 31, 20_10_