UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769

This document relates to:

ALL CASES

_____

ASTRAZENECA'S SECOND MOTION TO COMPEL CERTAIN
FLORIDA PLAINTIFFS TO PROVIDE FULL AND COMPLETE ANSWERS TO
PLAINTIFF FACT SHEET QUESTIONS FOR CASE SELECTION PURPOSES

AstraZeneca LP and AstraZeneca Pharmaceuticals LP (collectively

"AstraZeneca") move to compel those Florida plaintiffs who have not yet served a

materially complete Plaintiff Fact Sheet ("PFS") to provide full and complete answers to

those PFS questions to which they provided no response or gave inadequate responses

(*e.g.*, "do not recall" or "will supplement if necessary").  Without the information it

seeks, AstraZeneca cannot make informed case selections for the case-specific discovery

program that the Court has ordered.  Exhibits 1, 2 and 3[1] identify those Florida Plaintiffs

_____

[1]    Exhibit 1 lists the most pressing PFS deficiencies of each case.  Exhibits 2 and 3
are a chart describing the PFS deficiencies in greater detail.

In order to comply with the Court's filing requirements regarding font and page
size, AstraZeneca had to split its PFS deficiency chart into two separate
documents.  The chart in Exhibit 2 identifies eleven categories of PFS
deficiencies and the chart in Exhibit 3, an additional eight categories of PFS
deficiencies.  The charts identify the deficient responses.  If a particular category
is left blank for a plaintiff, that means that plaintiff provided a substantive
response to that question.  If either the Court or plaintiffs would prefer,

who did not serve a materially complete PFS by the January 15, 2008 deadline set by CMO No. 5, as well as the specific areas of deficiency.[2]

AstraZeneca requests that the Court compel these Florida plaintiffs to provide full and complete answers to all PFS questions identified in Exhibits 2 and 3 within 10 days. AstraZeneca further asks that it be allowed to select its cases for discovery 10 days after all Florida plaintiffs have provided materially complete PFSs, rather than on January 25, as presently ordered. This relief will not delay the overall Florida schedule, because discovery can begin immediately with the cases that plaintiffs have selected, plus the cases that the Court will soon select.

## MEMORANDUM OF LAW

## I.   RELEVANT BACKGROUND

Magistrate Judge Baker's Report and Recommendation of November 16, 2007, set forth a recommended schedule for the handling of cases determined to be properly venued in Florida. The Court adopted Magistrate Judge Baker's recommendations in Case Management Order No. 5 (Doc. No. 792).

---

AstraZeneca can make the full Microsoft excel spreadsheet available in electronic format.

[2]   AstraZeneca has sent counsel for each Florida plaintiff a detailed letter identifying each plaintiff's PFS deficiencies. The charts attached as Exhibits 2 and 3 do not specify every PFS deficiency, but rather identify those that are material and critical to the upcoming case selection process. AstraZeneca does not waive its right to seek supplementation of any other PFS questions to which plaintiffs did not provide full and complete answers.

The CMO states that:

> By December 15, 2007, AstraZeneca will identify all
> Florida Plaintiffs who (1) have not already submitted a
> materially complete PFS or (2) have not produced
> responsive documents requested in the PFS.  This list shall
> specify any alleged deficiencies for each Florida Plaintiff.

Case Management and Trial of Florida Cases, ¶ B.

In anticipation of this Order, AstraZeneca filed a Notice that listed the deficiencies of each Florida plaintiff's PFS.  *See* AstraZeneca's Notice of Filing of List of Florida Plaintiffs with Materially Deficient Plaintiff Fact Sheets (Doc. No. 740).  As AstraZeneca explained, even though it had sent deficiency letters to each and every plaintiff months before, as of December 2007 many plaintiffs (1) had still failed to provide answers to certain basic questions,[3] (2) had answered other questions incompletely and (3) had responded "do not recall" or "would supplement if necessary" to numerous questions.

CMO No. 5 further specifies that "[a]ll Florida Plaintiffs who have not already submitted materially complete PFSs consistent with CMO 2 shall do so by January 15, 2008."  Case Management and Trial of Florida Cases, ¶ C.

---

[3]     Among the information that many plaintiffs had failed to provide were (a) the dates of Seroquel usage; (b) when and why plaintiff stopped using Seroquel; (c) the specific date on which plaintiff first became aware of the alleged injury; (d) the expenses allegedly incurred as a result of using Seroquel; (e) the names and addresses of healthcare providers and pharmacies; (f) information regarding plaintiff's medical background, other medications or usage of illicit drugs; (e) information regarding fact witnesses, insurance providers and prior legal actions; and (f) basic personal information such as plaintiff's city of birth, high school and employment history.

On December 14, 2007, AstraZeneca filed a Motion to Compel Certain Florida Plaintiffs to Provide Full and Complete Answers to Plaintiff Fact Sheet Questions with this Court (Doc. No. 741).  The Court denied the motion without prejudice (Doc. No. 793), and explicitly ordered that if "any of the Florida Plaintiffs fail to meet the established deadline, AstraZeneca may then file a motion seeking appropriate relief."

On January 14, 2008, 164 of the 174 Florida plaintiffs submitted supplemental PFSs.  Seven Florida plaintiffs submitted supplemental PFSs after the January 15, 2008 deadline.  Although still not complete, 133 of the PFSs contain enough information that AstraZeneca can evaluate whether to designate the case for discovery. However, 34 of the PFSs are still materially deficient.[4]  In six of these cases, plaintiffs did not supplement their Fact Sheets at all, either completely failing to address any of the deficiencies identified by AstraZeneca or not even serving a supplemental PFS.  These cases will be the subject of a separately-filed motion.  In the remaining 28 cases, plaintiffs provided additional information, but still left some basic questions blank or responded with incomplete or contradictory answers.  In other words, long since their PFSs were due, s*ee* CMO No. 2, (Doc. No. 129), and despite deficiency letters and in disregard of CMO No. 5, these plaintiffs have still failed to provide even the most basic information about their claims.

---

[4]     Virtually no plaintiff provided any information regarding monetary damages, instead stating that "Plaintiff has paid and will have to pay medical bills and expenses for treatment of the injuries sustained (see above in Section V, past B) as a result of using Seroquel."  This global deficiency will be the subject of a separately-filed motion.

## II.    ARGUMENT

### A.    AstraZeneca Is Entitled to the Information Plaintiffs Have Failed to Provide

The failure of these Florida plaintiffs to provide the information required in their sworn PFS responses should not be excused.  PFSs are like basic initial "interrogatories" (MANUAL FOR COMPLEX LITIGATION, FOURTH § 22.83 & n. 1420 (2004)), to which AstraZeneca is entitled to receive complete and non-evasive responses under CMO Nos. 2 and 5, and governing authority.[5]  FED. R. CIV. P. 37(a)(4); *see also Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005); *Dollar v. Long Mfg., N.C.*, 561 F.2d 613, 616-17 (5th Cir. 1977).  Indeed, complete, verified PFS responses are "the starting point" to the defendant's discovery, and a "precondition to proceeding with further discovery" in an MDL.  *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1224 (9th Cir. 2006).

Plaintiffs who are the subject of this motion served PFSs that lack information about critical issues concerning liability and damages.  Recently, the Court granted a similar motion to compel in another case in the MDL.  *See Lostetter-Warsame v. AstraZeneca LP*, No. 6:07-cv-12179-Orl-22-DAB (M.D. Fla., Order filed Dec. 7, 2007) (Doc. No. 15) (hereafter "*Warsame*") (ruling that the plaintiff must provide to AstraZeneca the following information in response to the following PFS questions: (a) name of high school; (b) name of current and past employer(s); (c) name of current and past insurer(s); (d) identity of any worker's compensation, social security, or disability

---

[5]    The inadequacies in plaintiffs' PFS responses abrogate not only CMO Nos. 2 and 5 but Federal Rules of Civil Procedure 33 and 37(b).

claims filed; (e) prior legal actions filed, if any; (f) prior criminal convictions, if any; (g) city of birth; (h) dates of unemployment; (i) dosage of Seroquel; (j) reason plaintiff stopped taking Seroquel; (k) specific dates plaintiff used Seroquel and the date on which she was diagnosed with diabetes; (l) expenses plaintiff allegedly incurred as a result of using Seroquel; and (m) identity of any fact witnesses).  In issuing the Order in *Warsame*, the Court recognized that it is crucial that plaintiffs produce, at a minimum, information responsive to these PFS questions.[6]  A materially complete PFS is one in which all applicable questions are answered as Rule 33 requires – that is, in a manner that is responsive, full, complete and unevasive.  *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005).

It is particularly important that Florida plaintiffs correct deficiencies because CMO No. 5 requires AstraZeneca to make its case-specific discovery selections based on PFS responses.  AstraZeneca cannot fairly be asked to use deficient PFSs in selecting its cases for discovery.  For example, AstraZeneca should not be asked to decide whether to designate Deborah Powell's case when she has failed to provide, among other key information, (a) the city where she was born; (b) the name of her high school; (a) the names of any employers; (b) the name of her prescribing physician; (c) the year she began taking Seroquel; (d) the expenses she alleges she incurred from using

---

[6]    In response to AstraZeneca's motion, plaintiff's counsel in *Warsame* supplemented the PFS with information about plaintiff's Seroquel use, the names and addresses of the prescribing physician, the dispensing pharmacies, the healthcare providers that plaintiff consulted, and her medical history, conceding the importance of this information and AstraZeneca's right to full and adequate responses as to these PFS questions.

Seroquel; or (e) the names and address of any fact witnesses.  Similarly, it would be

unfair to require AstraZeneca to decide whether to designate plaintiff Cherylyn Thomas

for discovery when she has failed to disclose (a) the name of her prescribing physician;

(b) the year she stopped taking Seroquel; (c) the reason she stopped taking Seroquel; (d)

the year her diabetes was diagnosed; (e) the expenses she alleges she incurred from using

Seroquel; and (f) the names and addresses of any fact witnesses.  Further, Plaintiff

Thomas states that she has been unemployed "due to school," but has failed to provide

the names of any schools other than her high school.  Although the particular information

missing from each plaintiff's PFS may differ, in each case the result is to deprive

AstraZeneca not only of information critical to the case but also of the ability to compare

these cases to one another (as it must in order to make case selections as set forth in CMO

No. 5).

> **B.      AstraZeneca Has Not Waived Its Right to Responsive PFSs**

Twelve of the plaintiffs who are the subject of this motion were included in the

eligibility list for the August-to-November limited case-specific discovery program.

Plaintiffs have previously argued that because AstraZeneca treated these plaintiffs' PFS

responses as "substantially complete" for the limited purpose of determining their

"eligibility" for the August/November program, AstraZeneca must accept these deficient

PFS responses as substantially compete for *all* purposes in this litigation.  *See* Plaintiffs'

Response In Opposition to Defendants' Motion to Compel Certain Florida Plaintiffs to

Provide Full and Complete Answers to Fact Sheet Questions (Doc. No. 760), at 2-4.  This

argument has no merit.

Although AstraZeneca allowed these plaintiffs to remain on the eligibility list last July, it was at the same time trying through deficiency letters and meet-and-confers to get the missing information from them.  Moreover, AstraZeneca expressly stated in its eligibility filings that it was *not* waiving the discovery rights that plaintiffs now claim AstraZeneca somehow waived:

- "By including a plaintiff on the Eligible Plaintiff List, AstraZeneca does not waive its rights and remedies available under the Federal Rules of Civil Procedure or under the Orders of this Court.  AstraZeneca specifically reserves its right to seek any appropriate remedy as to any plaintiff with a case pending in this MDL, including an order compelling a plaintiff to supplement his or her PFS and/or dismissing his or her case." AstraZeneca's Notice of Filing Eligible Plaintiffs List (Doc. No. 273), at p. 2.

- "In setting forth its objections to plaintiff's designations, AstraZeneca does not waive its rights and remedies available under the Federal Rules of Civil Procedure or under the Orders of this Court.  AstraZeneca specifically reserves its right to seek any appropriate remedy as to any plaintiff with a case pending in this MDL, including an order compelling a plaintiff to supplement his or her PFS and/or dismissing his or her case. *AstraZeneca's non-objection at this time to a plaintiff's [eligibility] designation is not an admission that the plaintiff's PFS is substantially complete*."  AstraZeneca's Objections to Plaintiffs' Designations and Proposed Eligible Plaintiffs List (Doc. No. 266), at pp. 2-3 (emphasis added).

Further still, AstraZeneca explicitly told the plaintiffs and the Court that it had applied a minimal threshold for inclusion in the August-November limited case specific discovery program – *i.e.,* that for purposes of determining eligibility for that discovery program, AstraZeneca was disallowing only those plaintiffs whose PFS deficiencies were the most extreme and "blatant."  *See* AstraZeneca's Notice of Filing Eligible Plaintiffs

List (Doc. No. 273), at p. 1 n.1; AstraZeneca's Objections to Plaintiffs' Designations and Proposed Eligible Plaintiffs List (Doc. No. 266), at p. 2.[7]

This Court's Orders neither stated nor even hinted that by allowing a plaintiff to remain on the August/November eligibility list, AstraZeneca would in any way be waiving or compromising its rights to later obtain proper PFS responses.

Plaintiffs have also argued that no matter how deficient a PFS response might be, the plaintiff need not *ever* properly complete the PFS if AstraZeneca has deposed the plaintiff. *See* Response at 4-6. This argument is contrary to both CMO No. 2 and basic principles of discovery. It is contrary to CMO No. 2 because that order unambiguously obligates each plaintiff to provide sworn responsive and non-evasive answers to the PFS, and most certainly does *not* provide that a plaintiff is somehow relieved of that obligation if AstraZeneca deposes him or her. And the argument is contrary to basic principles of discovery because a litigant is entitled *both* to depose the adverse party under Rule 30 *and* to obtain proper responses to interrogatories (or, here, PFSs) under Rule 33. *See*, *e.g.*, *Drouin v. Symetra Life Ins. Co.*, 242 F.R.D. 167, 167-69 (D. Mass 2007) (rejecting as "without merit" argument that plaintiff "did not have to serve further [interrogatory] answers" in response to defendant's deficiency letters and motion to compel because the

---

[7]     "Blatant" PFS deficiencies that led AstraZeneca to exclude a plaintiff from the Eligible Plaintiffs List included serving no PFS at all, no verification, or no medical-records authorization, or failing to identify at least one prescribing and treating physician. *See* AstraZeneca's Notice of Filing Eligible Plaintiffs List (Doc. No. 273), at p. 1 n.1; *accord* AstraZeneca's Objections to Plaintiffs' Designations and Proposed Eligible Plaintiffs List (Doc. No. 266), at p. 2.

requested information "was also disclosed in a deposition which was conducted after the interrogatories were served").[8]  In fact, it is well settled that:

- the "methods of discovery are complementary, not alternative or exclusive," *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 241 (N.D. W. Va. 1970) (emphasizing that "[a]nswers to interrogatories may be useful in developing later depositions"); *Heyward v. Stouffer*, No. 91-1452, 1991 U.S. Dist. LEXIS 18692, at *10 n.1 (E.D. Pa. Dec. 23, 1991) ("A lawyer reviewing answers to interrogatories before taking a deposition is the legal equivalent of a surgeon peering at an X-ray before taking the blade."); *see also* 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2169 (2007); *Franchise Programs, Inc. v. Mr. Aqua Spray, Inc.*, 41 F.R.D. 172, 174 (S.D.N.Y. 1966); and that

- "[d]epositions and interrogatories serve different purposes," *Artese v. Academy Collection Serv.*, No. 3:96 CV 2546, 1998 U.S. Dist. LEXIS 8743, at *2 (D. Conn. June 5, 1998); *see also Guadango v. Wallack Ader Levithan Assocs.*, 950 F. Supp. 1258, 1261 (S.D.N.Y. 1997).

Thus, just as AstraZeneca is entitled to complete, sworn interrogatory responses from a plaintiff regardless of whether that party's deposition is later taken, it is entitled to full and proper PFS responses as well.[9]  Plaintiffs cite no authority for their suggestion to the contrary, as there is none.

---

[8]  *See also Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y. 1969) (emphasizing the absence of authority allowing parties to provide inadequate interrogatory responses if their depositions are taken); *Heyward v. Stouffer*, No. 91-1452, 1991 U.S. Dist. LEXIS 18692, at *10 n.1 (E.D. Pa. Dec. 23, 1991) (rejecting "misguided view" that a deposition is "a proper procedural substitute for providing complete answers to interrogatories").

[9]  Depositions serve the additional purpose of permitting a party to evaluate and test the witness's credibility.  For example, when confronted at her deposition with her sworn PFS response stating that she had no criminal record and had not used illegal drugs, Plaintiff Mary Ann Tanke admitted that both sworn PFS responses were untrue.  She testified that while she had intentionally lied about her criminal record in her PFS response, the incorrect answer as to illegal drugs might have been her counsel's error.  AstraZeneca has the right similarly to test other

The consequences of plaintiffs' arguments also cannot be ignored.  In effect, plaintiffs ask that their own deficient discovery conduct in the PFS process be forever excused and that AstraZeneca be put to the unfair and improper burden at each plaintiff's deposition to waste valuable time asking the exact same questions already posed in the PFSs.  Worse still, plaintiffs asserted that any failure to re-ask any of the same questions at a subsequent deposition should mean that AstraZeneca has "waived" its ability to obtain the information already called for, independently, by the PFS.  *See* Response at 6. This would be a fundamental abuse of process, and a violation of both the spirit and the letter of the discovery rules in any lawsuit.  The prejudice to AstraZeneca is particularly clear here, where the Court has limited AstraZeneca to 10 depositions in trial-selected cases.  AstraZeneca should not be required to expend any of its limited deposition time re-asking plaintiffs the questions they were required to answer previously in their sworn PFS responses.  Moreover, plaintiffs' failure to provide adequate PFS responses stymies AstraZeneca's investigation and ability to prepare for the plaintiffs' depositions.  *See*, *e.g.*, *Stranger v. Checker Auto Parts*, No. 05-632, 2006 U.S. Dist. LEXIS 29135, at **34, 40-42, 47-48, 51 (D.N.M., Mar. 24, 2006).

**C.      Plaintiffs Have Abused the PFS Process**

Plaintiffs' Response to AstraZeneca's Motion to Compel Certain Florida Plaintiffs to Provide Full and Complete Answers to Fact Sheet Questions tried to defend the many "I don't know" or "I don't recall" responses in their clients' PFSs as "perfectly

plaintiffs' veracity as to those matters about which the Court ordered them to provide complete and non-evasive responses.

- 11 -

legitimate (and expected) responses." Response at 7. Such a sworn response may be adequate if indeed it is the *truth* – *i.e.*, the plaintiff genuinely does not know or recall, despite a good-faith effort to respond completely and adequately based on all information within the plaintiff's possession, custody or control. *See Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("'answers to interrogatories must be responsive, full, complete and unevasive," and the "answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control'": "'the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not'") (quoting *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)).[10] But depositions taken to date confirm that many plaintiffs responded with "I don't know" in their PFSs when they actually *did* know the requested information. For instance:

- Plaintiff Lori Quinn provided no answer for PFS questions about city of birth, marital status, height and weight, and stated on her PFS that she "did not recall" which high school she attended or the names of any of her employers for the past 10 years (*see* Quinn PFS at p. 2) – but she readily answered *all* of these questions at her deposition, including listing two of the "several" high schools she attended,

---

[10]   Nor may "a party responding to discovery . . . simply claim ignorance or a lack of knowledge if requested information is accessible through reasonable inquiry and investigation." *Marozsan v. Veterans Admin.*, No. S84-500, 1991 U.S. Dist. LEXIS 20884, at *4 (N.D. Ind. June 24, 1991); *see also Joyner v. Rex Corp.*, No. 3:06-cv-397-J-33MCR, 2007 U.S. Dist. LEXIS 26364, at *13 (M.D. Fla. Apr. 10, 2007); *3M Innovative Props. Co. v. Tomar Elecs., Inc.*, No. 05-756 MJD/AJB, 2006 U.S. Dist. LEXIS 80571, at * 17 (D. Minn. July 21, 2006); *Rohm & Haas Co. v. Brotech Corp.*, No. 90-109-JRR, 1990 U.S. Dist. LEXIS 20117, at *21 (D. Del. Sept. 14, 1990).

and the names of six employers since 1998.  *See* Quinn Dep. at 35:20–37:21; 40:8-20, 41:8–53:17.

- Plaintiff Christine Hernandez reported on her PFS that she did not recall her city of birth nor which family member suffered from diabetes (*see* Hernandez PFS at pp. 2, 6) – but during her deposition, she easily provided her city of birth, and specified that it was her grandfather on her father's side that suffered from Type 2 diabetes.  *See* Hernandez Dep. at 5:9-14; 161:22–162:10.

- Plaintiff Sharon Fashner reported on her PFS that she was unable to recall her dates of employment (*see* Fashner PFS at p. 2) – but at her deposition she was able to pinpoint her exact date of last employment.  *See* Fashner Dep. at 80:10-12.

As plaintiff Mary Tanke candidly admitted at her deposition:

> When I filled out this packet of information, I didn't think anything was going to come about it.  So, saying that I did a particular job, a good job, obviously I didn't. . . .  It was just my laziness. . . .  [T]here's a lot of, you know, papers and stuff I've had to fill out and I just N/A, N/A, N/A, you know, not applicable.  So, that's my laziness, you know.

Tanke Dep. at 100:17-23; 101:1-4.[11]

The 28 supplemental PFSs that are the subject of this motion are filled with "do not recall" and "do not know" answers, and there is no reason to believe that these answers are any more legitimate than the answers that Quinn, Hernandez and Fashner provided.  Lest the Court think AstraZeneca is cherry-picking, Exhibits 1, 2 and 3 set forth numerous instances of "Do Not Recall" in response to such inquiries as city of birth, name of high school, and reason for discontinuing use of Seroquel.  In sum, permitting plaintiffs' "Do Not Recall" responses to stand threatens to make a mockery of the entire PFS process, and to deprive AstraZeneca of the written PFS discovery responses to which it is entitled.

---

[11]  AstraZeneca has not burdened the Court with copies of plaintiffs' PFSs and deposition transcripts, but will provide them to the Court upon request.

- 13 -

III.     **CONCLUSION**

AstraZeneca respectfully requests that the Court grant its motion to compel the Florida plaintiffs to provide full, complete, and responsive answers to those PFS questions that AstraZeneca has identified as deficient within 10 days, and allow AstraZeneca to reserve judgment on its case-specific discovery selections until 10 days after plaintiffs have fulfilled their discovery obligations.

Respectfully submitted,

Dated:  January 23, 2008                     /s/ *Fred T. Magaziner*
                                             Fred T. Magaziner
                                             DECHERT LLP
                                             Cira Centre
                                             2929 Arch Street
                                             Philadelphia, PA 19104
                                             (215) 994-4000

                                             Attorneys for Defendants
                                             AstraZeneca Pharmaceuticals LP
                                             and AstraZeneca LP

## <u>CERTIFICATION</u>

In accordance with Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 3.01(g), I hereby certify that counsel for AstraZeneca conferred and corresponded with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion.  To date, Plaintiffs have not provided the discovery that AstraZeneca has attempted to secure without Court intervention, thereby necessitating this motion to compel.


Jan. 23, 2008

<u>/s/ Fred T. Magaziner</u>
Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

## CERTIFICATE OF SERVICE

I hereby certify that, on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ *Elliot M. Gardner*

**SERVICE LIST**

**IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**
**MDL DOCKET NO. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |