# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:  Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

_____

**This Document Relates to ALL CASES**

### ASTRAZENECA LP AND ASTRAZENECA PHARMACEUTICALS LP'S LEGAL ISSUES BRIEFING RELATED TO THE JANUARY 28, 2008 EVIDENTIARY HEARING

Pursuant to paragraph "I" of this Court's Order Regarding the Discovery Schedule for the January 28, 2008 Evidentiary Hearing (Doc. No. 798), defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby submit this brief on certain legal issues related to that upcoming evidentiary hearing.[1]

## I.      BACKGROUND

As this Court has made clear, the purpose of the January 28, 2008 hearing is to resolve the issue left open in the Court's August 21, 2007 sanctions order ("8/21/07 Order") – *i.e.*, the nature and amount of sanctions to be imposed for the particular discovery conduct of AstraZeneca the Court deemed sanctionable in that Order.  Specifically, the Court has properly focused on incremental increased technical costs and expenses actually incurred by plaintiffs as a direct result of, and specifically tied to, the past discovery conduct held to be sanctionable – as

_____

[1] "No later than January 24, 2008, each side shall submit its brief with respect to any legal issue not yet covered which it wishes to raise or contest at the [January 28th] hearing."  Order Regarding the Discovery Schedule for the January 28, 2008 Evidentiary Hearing (Doc. No. 798), ¶ I, at p. 3 (Jan. 15, 2008) (emphasis omitted).

well as plaintiffs' reasonable motion costs and expenses with respect to that specific conduct.[2]
In the context of this legal issues submission related to the upcoming hearing, it is necessary first
to review what conduct was (and was not) previously held to be sanctionable by the Court, and
then briefly to review the nature of plaintiffs' current sanctions demands and claimed supporting
evidence.

### A.    The Court's August 21, 2007 Order

This Court granted plaintiffs' sanctions motion only "in part."  *See* 8/21/07 Order (Doc.
No. 393), at 1.  It held that sanctions "may be imposed" for some – not all – of the discovery-
related activities about which plaintiffs had complained, but also found "a lack of willfulness or
bad faith" on AstraZeneca's part as to even that conduct.  *Id*. at 24.

Plaintiffs moved for sanctions "based on four categories of conduct":   alleged problems
with production of certain "elements of the IND/NDA" for Seroquel; claimed deficiencies in
production of "organizational charts"; problems with identifying relevant "databases"; and
problems with AstraZeneca's "custodial production"  *Id*. at 1-2.  The Court, however, held that
"some of the conduct Plaintiffs have complained about is not sanctionable[.]"  *Id*. at 2.  Indeed,
AstraZeneca's "sanctionable conduct" specifically was found to include (1) its "failure to

---

[2]  For instance, at the Pretrial Conference on January 4, 2008, the Court unambiguously
instructed plaintiffs to set forth by January 8th whatever "increased technical costs" that they
were "contending should be the subject of sanctions or compensatory sanctions arising from the
technical problems" that gave rise to the Court's sanctions ruling, and requiring them to detail
whatever "evidence [plaintiffs were] planning to submit to support that."  *See* Tr. of Pretrial
Conference, at pp. 36–37 (Jan. 4, 2008) (Doc. No. 781).  Further, the Court's comments at the
January 15, 2008 telephone conference reflect its proper recognition that plaintiffs might seek
only those additional costs and expenses that were directly "tie[d]" to, and "necessary only
because of," the particular "sanctionable conduct" identified in the Court's August 21, 2007
Order.  *See* Tr. of Pretrial Conference, at pp. 5-6 (Jan. 15., 2008) (Doc. No. 805).

cooperate in the production of the databases," and (2) "its failure to timely and systematically produce electronic discovery associated with eighty AZ 'custodians' in any manageable, searchable form." *Id.*[3]  The Court was "unable to determine the appropriate nature and amount of sanctions at th[e] time" and, thus, provided that plaintiffs would later have the opportunity "to present evidence and argument as to any specific prejudice or damages" that might justify entering any specific sanction, *id.* at 28 – as would be plaintiffs' burden to prove.

- ***"Database Production" Discovery Delays and Insufficient Communication***:  The first category of "sanctionable" conduct was what the Court called "AZ's failure to cooperate" as much as it should have "in identification leading to appropriate production of its relevant databases." 8/21/07 Order, at 19.  The Order faulted AstraZeneca because it was found to have "stopped participating in the process" (i) "to confer on the databases," and (ii) "to cooperate in providing personnel familiar for Plaintiffs to interview to determine which ones to seek production of." *Id.*  After noting that "[b]oth parties must bear some of the responsibility for the breakdown" in communication resulting in the motion to compel, the Order found that "it is primarily AZ, as the creator and owner of the information, which has failed to make a sincere

---

[3] Although the Court's ruling rebuked those aspects of AstraZeneca's discovery conduct (*see* 8/21/07 Order, at 16-26), the Order also explicitly emphasized that *plaintiffs* shared *at least some* of the blame for the discovery delays and problems at issue.  As to database production issues, for instance, the Court found that "the posturing and petulance displayed by *both sides* on this issue shows a disturbing departure from the expected professionalism necessary to get this case ready for appropriate resolution," and that "*[b]oth parties* must bear some of the responsibility for the breakdown" that led to plaintiffs' motion to compel. *Id.* at 18 (emphases added).  Such findings necessarily cast grave doubt on plaintiffs' improper and overbroad effort to recover monetary sanctions categorically, and on an undifferentiated basis, based on *all* time and effort expended by their legal counsel and support staff in relation to their sanctions motion and any underlying issues – including aspects of the motion on which plaintiffs did *not* prevail, and even those aspects of plaintiffs' conduct in the parties' prior meet-and-confer efforts that the Court's Order recognized as *sharing part of the blame* for the discovery breakdowns at issue.

effort to facilitate an understanding of what records are kept and what their availability might be." *Id*. at 18-19.  While the Court did not determine what "relief" should "be awarded" in relation to this issue, *id*. at 19, the terms of its Order make plain that it would be improper for plaintiffs to seek any sanctions award of attorneys' fees and expenses related to their own share of the blame for the parties' communication breakdowns regarding database production issues.

- *"Custodial Production" Issues*:  The Order provided that "AZ's biggest failure" was what the Court called "'purposeful sluggishness' in the production from its self-chosen 'custodians'[.]"  8/21/07 Order, at 19.  The Court concluded that the record from the sanctions hearing "shows a number of specific failings in AZ's chosen efforts to meet its discovery commitments" in relation to the custodial production.  *Id*. at 21.[4]  Yet the Court also noted that "[t]his is not to say that AZ completely ignored its responsibilities."  *Id*. at 22.  Still, the Court's ultimate conclusion was that "the lateness and general ineffectuality" of AstraZeneca's efforts in resolving problems with its custodial production warranted the imposition of some appropriate sanctions even in the absence of AstraZeneca's "lack of willfulness or bad faith" here.  *Id*. at 22, 24.  Thus, because "AZ has not been as cooperative as possible in resolving the custodial issues," the Court held "that sanctions are warranted for AZ's failure to produce 'usable' or 'reasonable accessible' documents" in connection with certain aspects of its custodial production.  *Id*. at 27-28.  To that end, the Order concluded:  "Plaintiffs will be allowed a further opportunity to present evidence and argument as to any prejudice or damages from AZ's failure timely to

---

[4] The "specific failings" identified in the Order are:  "The key word search was plainly inadequate.  Attachments, including non verbal files, were not provided.  Relevant emails were omitted.  AZ's deduplication method remains mysterious.  Production was tardy.  AZ's efforts in preventing and solving technical problems were woefully deficient."  8/21/07 Order, at 21.

produce 'usable' or 'reasonable accessible' documents in this litigation, including motion costs." *Id*. at 28.

**B.      Plaintiffs' Demands for Sanctions and Purported Evidence**

In their recent disclosure filings on January 16, 2008, plaintiffs – after being specifically ordered to do so by the Court on the teleconference the preceding day – finally professed to disclose the evidence they intended to offer in support of their sanctions demands.  Even then, plaintiffs' disclosures were conclusory, largely unsubstantiated, and wholly inadequate.[5]

Plaintiffs' sanction demands involve:  $3.3 million related to plaintiffs' contract with IKON, a third-party document vendor; and approximately $950,000 in claimed attorneys' fees, costs, and expenses.  The entire amount of plaintiffs' requested sanctions is about $4.25 million.

• ***Vendor IKON/Cataphora***:  On the day that their evidentiary submissions were due, plaintiffs contracted with IKON to "provide processing services and a hosted solution through an authorized IKON business partner."  *See* Statement of Work for Bailey Perrin Bailey, dated January 16, 2008 (attached as Exhibit A).  The "authorized IKON business partner" is identified as Cataphora.  *Id.* at 5.  Cataphora provides technical services and proprietary technology for the document platform.  *Id.*  Among other things, the contract calls for IKON to host and support AstraZeneca's production for up to three years, provide project design and planning, de-duplication, "custom filtering, culling & categorization of all data," "Non-Responsive Isolation," "Tone of Voice analysis," "Completeness assessment and report," "Data integrity assessment

---

[5] Beyond their insufficient evidentiary showing, plaintiffs have also refused or failed to produce information that AstraZeneca properly sought in discovery.  That inequitable conduct should be factored into considering or calculating any sanctions award.  *See Cram v. Elec. Data Sys. Corp.*, No. 07cv1842-LAB(NLS), 2007 U.S. Dist. LEXIS 91294, at *13-14 (S.D. Cal. Dec. 12, 2007) (permitting party to raise "equitable considerations" in opposition to requested sanctions).

and report," and "'Hot Doc' searching." *Id.* The "all in" price for the project for the first full terabyte is $3.3 million. *Id.* at 6. AstraZeneca is currently seeking discovery about these claimed vendor costs and fees, in an effort to understand this item of claimed sanctions and test whether any, much less all, of these claimed expenses may properly be shifted to AstraZeneca.

- ***Attorneys' fees, costs, and other expenses***: Plaintiffs submitted 15 declarations of attorneys, paralegals, and technical personnel in support of their claim of attorneys' fees, costs, and expenses. Although plaintiffs did not provide a sum total of claimed fees and costs, an initial review of their declarations suggests that they are claiming over $953,700 in fees and costs. Plaintiffs' counsel admit that they have not kept contemporaneous time records in the ordinary course of business. *See* Statement of Compliance with January 15, 2008 Order (Doc. No. 807), at 5. Plaintiffs based their fee claims solely on declarations and retrospectively constructed time estimates. *See, e.g.*, Declaration of Lawrence J. Gornick in Support of Request for Monetary Sanctions, at ¶ 8 (declaring that time records "were derived from a review of [his] calendar, the Court's docket, phone records, Master Ball's bills and [his] recollection.") (attached as Exhibit B). Of the several attorneys submitting time claims, only a few even purported to provide any itemized statements for their claimed time and, even then, the itemization consists mostly of categorical "block" billing of lumped time coupled with vague and imprecise descriptions. The remaining attorneys and paralegals provided no meaningful accounting apart from unduly broad, improperly lumped, and conclusory statements of their claimed aggregated time culled together after the fact. S*ee, e.g.*, Declaration of T. Scott Allen, Jr. in Support of Request for Monetary Sanctions (attached as Exhibit C). While the declarations of technical support staff include accompanying time detail, they not only include entries for mere

"administrative support" and "correspondence," but entirely fail to confirm that the *only* time listed is that which is specifically related to the particular conduct this Court held to be sanctionable.  Based on AstraZeneca's review to date, it appears that *none* of plaintiffs' time claims is properly supported by adequate documentation or other contemporaneous records, and also limited to incremental additional time solely occasioned by the precise conduct held to be sanctionable by the Court.

Plaintiffs' declarations reveal numerous other fundamental problems, which undermine the adequacy of their evidentiary substantiation for the amounts they seek to recover as sanctions.  As will be developed and explained at the upcoming sanctions hearing, plaintiffs' submissions reflect, *inter alia*: (i) a failure to limit their requested sanctions to only those fees, costs, and expenses specifically related to the particular sanctionable conduct identified in the Court's August 21, 2007 Order; (ii) improper "block" entries of entire days (in 8-hour and even 12-hour increments) with imprecise and unduly broad categorical descriptors (*e.g.,* 17 consecutive days of "Prepare for Sanctions Hearing"[6]); (iii) efforts by all plaintiffs' counsel and support staff to recover sanctions for virtually any time related to what they categorically label "ESI issues"; (iv) efforts by paralegal support staff improperly to rely on conclusory assertions and aggregations, undifferentiated "block" entries, or even hearsay vouching for claimed time of others; and (v) a general approach to documentation and substantiation that is wholly

---

[6] For instance, the reconstructed time sheets for both partner Lawrence Gornick and associate Dennis Canty for July 9 through July 25, 2007 are *identical* in so describing their time.  *Compare* chart entitled "Total Fees Incurred by Lawrence J. Gornick" (attached as Exhibit D), at 1; *with* chart entitled "Total Fees Incurred by Dennis J. Canty" (attached as Exhibit E), at 1-2.

inconsistent with plaintiffs' burdens in support of their sanctions demands and this Court's duty

to provide an accounting in support of any sanctions award.

## II.   DISCUSSION

### A.   The Nature And Extent Of Plaintiffs' Burdens At The January 28, 2008 Evidentiary Hearing In Connection With Their Sanctions Requests

Plaintiffs, as the party seeking sanctions, bear the burden of proof and the burden of

persuasion at the January 28th hearing – just as any "fee applicant bears the burden of

establishing entitlement and documenting the appropriate hours and hourly rates" as to "awards

of attorneys' fees." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303

(11th Cir. 1988); *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th

Cir. 1997) (applying *Norman* to discovery sanctions awards).  Here, plaintiffs bear the burden of

proving that each aspect of their requested relief is just and reasonable, and has the requisite

direct and specific "'nexus'" to the particular sanctionable conduct at issue.  *Serra Chevrolet,

Inc. v. General Motors Corp.*, 446 F.3d 1137, 1152 (11th Cir. 2006) (citation omitted); *accord

Harris v. City of Philadelphia*, 47 F.3d 1311, 1330-31 (3d Cir. 1995) (reversing discovery

sanction order given "the absence of a more decided nexus" between sanction imposed and "the

delay in submission of the documents" at issue); *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th

Cir. 1990) (remanding sanctions award for lack of "nexus" between particular sanctionable

conduct and the amount of fees and costs awarded as discovery-related sanctions; "the court

must determine which of the attorney's fess and expenses [at issue] were the result of specific

violations of the [discovery] rules").

Indeed, under Federal Rule of Civil Procedure 37, any discovery sanctions award must be

"just" and may extend only to those "reasonable expenses, including attorney's fees, *caused by*"

the particular discovery misconduct held to be sanctionable.  FED. R. CIV. P. 37(b)(2) (emphasis added); *see also Serra Chevrolet, Inc.*, 446 F.3d at 1146-47; *Stuart I. Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1140 (11th Cir. 1998); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1446-47 (11th Cir. 1985).  As the Eleventh Circuit has insisted, sanction awards must be "both 'just' and *specifically related* to" the "particular" discovery misconduct found sanctionable. *Serra Chevrolet, Inc.*, 446 F.3d at 1150-52 (emphasis added; citation omitted); *Hughes v. Matchless Metal Polish Co.*, No. 2:04-cv-485-FtM-29DNF, 2007 U.S. Dist. LEXIS 70472, at *12-13 (M.D. Fla., Sept. 24, 2007).

Any sanctions award also must be "'fully supported by the record.'"  *Stuart I. Levin & Assocs.*, 156 F.3d at 1140 (quoting *Carlucci*, 775 F.2d at 1447).  The "magnitude of sanctions awarded" must be supported by both an adequate "justification," and "an accounting by the [district] court" sufficient to enable the appellate court to determine whether every aspect of the sanction awarded is "'just.'"  *Serra Chevrolet, Inc.*, 446 F.3d at 1151 (internal citations omitted). Plaintiffs "bear[] the burden of producing satisfactory evidence" to support their sanction demands – including the burden of providing the Court with a full and adequate "accounting" that is not only supported by proper documentation and substantiation, but also focused solely on those expenses, costs, and fees that may properly be awarded.  *Norman*, 836 F.2d at 1299-1302; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 436-37 (1983); *Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.*, 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003) (finding attorneys' fees applicant had "not provided sufficient support to satisfy its burden," citing *Hensley*).[7]  The

---

[7] Where the "documentation" of the party seeking an award of attorneys' fees is "inadequate," courts have broad discretion to deny awards or, at least, to "reduce the award accordingly" in light of the fee applicant's failure of adequate proof.  *Hensley*, 461 U.S. at 433.  It is the

affidavits submitted in support of their sanctions requests must provide sufficient information to enable the court to establish clearly on the record that any fees awarded extend only to those caused by the specific conduct held to be sanctionable.  *Collins v. Jackson County*, No. 02-3054-CO, 2004 U.S. Dist. LEXIS 10462, at *7 (D. Or. May 27, 2004) (citing *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385-86 (9th Cir. 1988) (finding abuse of discretion for attorneys' fees award as to work "not incurred as a result of" sanctionable conduct)).

Any sanction award involving attorneys' fees must be "limited to those reasonably and necessarily incurred" as a result of the particular sanctionable conduct at issue.  *Wild Cats, Inc. v. Blas*, No. 06-22345-King-Garber, 2007 U.S. Dist. LEXIS 41229, at *1 (S.D. Fla., May 29, 2007) (citing *Abbott Labs. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000)).  A court must exclude from any sanctions award those attorneys' fees, costs or expenses that are "excessive, redundant or otherwise unnecessary."  *Norman*, 836 F.2d at 1303.  A court must also exclude fees, costs and expenses for work that the party would need to undertake even in the absence of sanctionable conduct.  *See, e.g., Phoenix Four, Inc. v. Strategic Resource Corp.*, No. 05 Civ. 4837, 2006 U.S. Dist. LEXIS 52402, *7 (S.D.N.Y. Aug. 1, 2006) (reducing fee request for time spent reviewing documents because the attorney "would have had to review these documents anyway").

---

obligation of the party seeking any attorneys' fee award to "maintain billing time records in a manner that will enable [the courts] to identify distinct claims" and to ensure that fee awards do not include items that properly should be excluded from any lawful award.  *Id*. at 437.  Plaintiffs here apparently did not maintain *any* contemporaneous billing time records, even after notice of their opportunity to present evidence on sanctions and the need for supporting attorney time records as provided by the Court's August 21, 2007 Order.

Indeed, this Court recently recognized that no award of discovery-related sanctions may properly include costs or expenses that are not specifically related to the particular sanctionable conduct at issue, or that are otherwise "redundant" or "administrative" in nature. *The Hamilton Group (Delaware), Inc. v. Chriskev, Inc.*, No. 6:07-cv-1139-Orl-22DAB, 2008 U.S. Dist. LEXIS 380, at *2 (M.D. Fla., Jan. 3, 2008) (Baker, M.J.); *see also Ortho Pharm. Corp. v. Sona Distributors, Inc.*, 117 F.R.D. 170, 174 n.3 (S.D. Fla. 1986) (requiring that all costs be "traceable to the improper conduct leading to the imposition of sanctions"); *Oscher v. Solomon Tropp Law Group, P.A.*, 373 B.R. 159, 161 (Bankr. M.D. Fla. 2007) (disallowing many "items that [were] not chargeable as to the [d]efendants as relating to the sanctioned conduct" specifically identified in "the findings [of] the Court's Sanctions Order").[8]

Moreover, parties seeking sanctions cannot rely on "the use of block time entries and imprecise descriptions of the work performed" to substantiate their sanction requests; "excessive use of block billing will ordinarily result in a reduction of fees." *Oscher*, 373 B.R. at 162 ("deducting" from sanction award "the time spent on extraneous activities," "removing all time entries not related to the conduct" held sanctionable, and "reducing proportionately the fees where block time entries included work not related to" that particular sanctionable conduct); *accord Sea Spray Holdings, Ltd.*, 277 F. Supp. 2d at 325-26 (reducing fee request in part because "the substantial amount block billing in the fee requests renders it difficult to determine whether,

---

[8] The federal courts in Florida – including this Court – have routinely rejected, or at least substantially limited, attorneys' fees awards where the party seeking the sanctions had overreached or where its evidentiary submissions were inadequate to support the amounts requested. *See, e.g., The Hamilton Group (Delaware), Inc.*, 2008 U.S. Dist. LEXIS 380, at **1-2; *Estefan Enterprises, Inc. v. Coco Bongo, Inc.*, No. 8:05-cv-00810, 2007 U.S. Dist. LEXIS 53352, at **7-11 (M.D. Fla. July 24, 2007); *Savoie v. Am. Sec. Ins. Co.*, No. 3:05cv244, 2006 U.S. Dist. LEXIS 48545, at *3 (N.D. Fla. July 17, 2006).

and/or the extent to which, the work done by [requesting party's] attorneys is duplicative or unnecessary"); *Phoenix Four, Inc.*, 2006 U.S. Dist. LEXIS 52402, at *7 (reducing fee request in part because "the firm's use of block billing makes it impossible to identify the work specifically related to the motion, and separate it from unrelated work").

Finally, the court must exclude from any sanctions award time related to any unsuccessful aspect of a motion to compel that, as here, was granted merely in part. *Compare Norman*, 836 F.2d at 1302 (reaffirming that "the district court must deduct time spent on discrete and unsuccessful claims"); *with* 8/21/07 Order, at 1-2 (granting plaintiffs' motion to compel only "in part").

### B. Numerous Aspects Of Plaintiffs' Sanction Demands Are Legally Impermissible and Factually Unsubstantiated

Application of the foregoing principles and governing requirements raises a host of legal issues and serious questions related to plaintiffs' overbroad requests for sanctions here. Although those issues will be fully explored at the January 28th hearing, and are currently the topic of expedited discovery, they can be expected to include at least the following:

- *Are plaintiffs legally entitled to recover as sanctions an award of any costs, expenses, or attorneys' fees that they fail to prove were specifically caused by the precise conduct held to be sanctionable in the Court's August 21, 2007 Order?* No. As detailed above, Eleventh Circuit law requires the Court to limit any sanction award to only those costs, expenses, and fees that are not only reasonable and just under Rule 37(b)(4), but also those as to which plaintiffs have satisfied their legal burden of proving that they are specifically related to the precise discovery conduct held to be sanctionable in the Court's August 21st Order. *See* pp. 8-11, *supra*.

12

• *Are plaintiffs legally entitled to recover as sanctions an award of any costs, expenses, or attorneys' fees for which they have failed to provide adequate documentation and substantiation?*  No.  The law imposes on plaintiffs both the burdens of proof and persuasion at the January 28th hearing – and this includes the burden to provide adequate documentation and substantiation for each and every item of cost, expense, and attorneys' fee for which they seek an award of sanctions.  *See* pp. 8-10 & n.7, *supra*.  At a minimum, the Court should properly reduce any sanction award to account for plaintiffs' failure to provide sufficient and precise documentation and substantiation for any item of cost, expense, or fee sought by them.

• *Are plaintiffs legally entitled to use the Court's August 21, 2007 Order and sanction ruling as a means to compel AstraZeneca to pay for any and all expenses related to any "ESI Issues" in this litigation – including all meet-and-confers on any electronic discovery issues, court conferences, and conferences with Special Master Ball?*  No.  The Court's August 21st Order did not categorically hold that AstraZeneca had committed sanctionable conduct with respect to each and every aspect of the parties' past discussions, and any hearing related to, electronic discovery issues.  *See* pp. 2-4, *supra*; *see generally* 8/21/07 Order.

• *Are plaintiffs legally entitled to recover the entirety of their requested sanctions – including attorneys' fees for all aspects of their prior motion for sanctions and related court hearings, even though the Court granted their sanctions motion only "in part"?*  No.  It was plaintiffs' obligation to exclude from any sanction request those costs, expenses, and fees that relate to issues for which they did not prevail, and it is this Court's duty to ensure that such items are excluded from any sanctions award.  *See* pp. 2, 8-12, *supra*.

13

• ***Are plaintiffs legally entitled to recover in an award of sanctions those aspects of their sanctions request that involve excessive, duplicative, unnecessary or otherwise unreasonable attorneys' fees or other expenses?*** No.  It was plaintiffs' obligation to exclude from any sanction requests any and all such costs, expenses, and fees, and it is this Court's duty to ensure that such items are excluded from any sanctions award.  *See* pp. 8-12, *supra.*  Plaintiffs cannot be permitted to obscure those aspects of their fee requests that are not properly awardable through overbroad time descriptions, imprecise allocations, and the absence of any adequate supporting documentation.

• ***Are plaintiffs legally entitled to premise their request for attorneys' fees on reconstructed time sheets with block time entries and imprecise descriptions of the work performed?*** No.  Plaintiffs were required not only adequately and precisely to describe and document their claimed time, but also to avoid unduly broad "block" time entries that prevent more close assessments by AstraZeneca and the Court of the legitimacy of plaintiffs' fee requests to ensure that no sanction award includes time for any work not specifically related to the particular sanctionable conduct found in the Court's August 21, 2007 Order.  *See* pp. 9-11, *supra.*

• ***Are plaintiffs entitled to recover costs that they would have incurred anyway in the ordinary course of this litigation?*** No.  As a general matter, the Court must exclude from any sanction award the time spent or costs incurred that would have had to be done anyway even in the absence of the particular conduct found to be sanctionable by the Court's August 21, 2007 Order.  *See* pp. 8-12, *supra.*  Plaintiffs' single biggest claim – the $3.3 million January 16, 2008 outside vendor contract with IKON to house the native-file production – is, at least in some

respects, a cost that plaintiffs would have necessarily incurred in this litigation and, thus, cannot entirely be recoverable as a sanction cost. In fact, AstraZeneca expects that discovery may confirm that no part of this sanctions request is appropriate. For instance, it is not clear that the Weitz and Luxenberg computer system was properly configured and sufficiently powerful to house such a large production. Plaintiffs thus would have had to retain an outside vendor to process any document production in native format, which is notably the format originally requested by plaintiffs themselves. Moreover, plaintiffs' controller has claimed that it was a business decision not to house the new production in-house, despite an earlier business decision to do so. *See* Declaration of Robert Schoenhaut in Support of Request for Monetary Sanctions.

* * *

At this time, while expedited discovery is ongoing and AstraZeneca is still trying to understand the nature of plaintiffs' precise sanction demands and the actual evidence (if any) in support of each item within that enormous multi-million dollar effort, AstraZeneca is unable to identify every conceivably implicated legal issue that it might raise and argue at the January 28th hearing. Nonetheless, the foregoing discussion is designed to comply with the Court's request for legal issues identification in paragraph "I" of its Order Regarding the Discovery Schedule for the January 28, 2008 Evidentiary Hearing (Doc. No. 798), and AstraZeneca reserves the right to press further legal issues at the January 28th hearing, and in post-hearing briefing, once the

nature and putative support for plaintiffs' various sanctions demands is presented and more fully understood by both AstraZeneca and the Court.

DATED:          January 24, 2008                   Respectfully submitted,

                                                   */s/ Stephen J. McConnell*
                                                   Stephen J. McConnell
                                                   Benjamin R. Barnett
                                                   DECHERT LLP
                                                   2929 Arch Street
                                                   Philadelphia, PA  19103
                                                   Telephone: (215) 994-4000
                                                   Facsimile: (215) 994-2222
                                                   *stephen.mcconnell@dechert.com*

                                                   Steven B. Weisburd
                                                   DECHERT LLP
                                                   300 West 6th Street, Suite 1850
                                                   Austin, Texas  78701
                                                   Telephone: (512) 394-3000
                                                   Facsimile: (512) 394-3001

                                                   David Venderbush
                                                   DECHERT LLP
                                                   30 Rockefeller Plaza
                                                   New York, NY 10112
                                                   Telephone: (212) 698-3500
                                                   Facsimile: (212) 698-3599

                                                   *Counsel for AstraZeneca Pharmaceuticals LP*
                                                   *and AstraZeneca LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 24, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system through which all participating parties are

deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on

plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the

attached Service List.

*/s/ Eliot J. Walker*

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |