**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation.**

**Case No. 6:06-md-1769-Orl-22DAB**

_____/

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION TO COMPEL DISCOVERY OF DOCUMENTS REVIEWED BY WITNESSES IN PREPARATION FOR DEPOSITIONS (Doc. No. 711)**
>
> **FILED:** November 21, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED.**

In this multi-district litigation, Plaintiffs have sued Defendants for claims arising for alleged injuries from ingesting AstraZeneca's Seroquel, an atypical antipsychotic medication that allegedly can cause diabetes and related disorders. Doc. No. 1. During Plaintiffs depositions of AstraZeneca's corporate representatives, when Plaintiffs have inquired about documents these witnesses reviewed in preparation for the deposition, the witnesses refuse to answer any questions about the documents after being advised by counsel not to answer due to an attorney-client and work-product privilege. Doc. No. 711.

In this Motion to Compel, Plaintiffs now seek to compel the identification by deponents of documents reviewed with AstraZeneca's attorneys prior to their depositions. Doc. No. 711. AstraZeneca contends that the identity of the *collection* of documents used by counsel to prepare the witnesses for depositions is privileged and protected from disclosure by the work-product doctrine,

based on the analysis described in *Sporck v. Peil*, 759 F.2d 312, 317-19 (3rd Cir. 1985), and its progeny.

Plaintiffs present as a specific example of AstraZeneca's assertion of the privilege the deposition of Athena Ruhl, a twenty-year AstraZeneca employee. Ms. Ruhl testified that she met with several attorneys (provided by AstraZeneca) over a five- or six-day period and reviewed approximately fifty documents prior to the deposition. Doc. No. 711, Ex. A at 8. When Plaintiffs' counsel inquired what type of documents she had reviewed, there was an immediate objection by defense counsel invoking the attorney-client privilege. Doc. No. 711, Ex. A at 11.

Plaintiffs contend that documents reviewed by a witness in preparation for a deposition should be identified and produced, unless the documents contains legal strategy, legal opinions, or legal conclusions for which Astrazeneca should produce an appropriate privilege log. Astrazeneca contends the collection of documents its counsel selected (from among thousands of pages) to show to company witnesses in privileged deposition preparation sessions reveals counsel's impressions and opinions about which materials are important and is entitled to protection from disclosure under the "opinion" work-product doctrine, citing *Sporck v. Peil*, 759 F.2d 312, 317-19 (3d Cir. 1985). Because the Court finds on this record, AstraZeneca has not shown that disclosure of the documents Ms. Ruhl reviewed in preparation for her deposition creates a "real, non-speculative danger" of revealing counsel's thoughts, protection is not warranted.

## ANALYSIS

**Federal Rules and Case Law and Eleventh Circuit Precedent Apply**

When a witness uses attorney work product to refresh his memory, the potential for conflict exists between Rule 612, which favors disclosure of materials used to refresh a witness's recollection, and the work-product privilege, as reflected in Federal Rule of Civil Procedure

26(b)(3). *See In re Joint Eastern and Southern Dist. Asbestos Litigation*, 119 F.R.D. 4, 5-6 (E. & S.D. N.Y. 1988) (citing 3 J. WEINSTEIN, WEINSTEIN'S EVIDENCE ¶ 612[04]). Rule 612 provides that an adverse party is entitled to the production of a document if a witness uses the document to refresh his/her memory either (1) while testifying or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice. FED. R. EVID. 612. The work product doctrine protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's representative, including its attorney. FED. R. CIV. PRO. 26(b)(3). The party resisting discovery bears the burden of demonstrating the applicability of the work product doctrine. *Auto Owners Ins. Co. v. Totaltape, Inc*., 135 F.R.D. 199, 201 (M.D. Fla.1990).

While acknowledging that Federal Rules of Evidence and Civil Procedure apply to the issue, Plaintiffs seem to also contend that various state rules or statutes also apply. *See* Doc. No. 711 at 6-7. AstraZeneca correctly observes that the Federal Rules apply (Doc. No. 724 at 5 n.2), but cites no relevant Eleventh Circuit precedent[1]. In a multi-district (MDL) case, because the MDL judge is acting as a judge of the discovery district when she uses the authority outlined in the MDL statute, appeal from the exercise of such authority generally lies in the circuit court embracing that discovery district. *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.,* 444 F.3d 462, 467 (6th Cir. 2006) (citing cases).

AstraZeneca argues as if the Third Circuit case of *Sporck* is the universally recognized rule in disputes over such cases. In *Sporck*, a divided panel of the Third Circuit concluded that, "the selection and compilation of documents by counsel . . . in preparation for pretrial discovery falls

---

[1] AstraZeneca cited a Southern District of Florida case, *In re Managed Care Litig.*, 415 F. Supp. 2d 1378, 1380 (S.D. Fla. 2006), which is not precedential, and a Middle District of Florida case, *Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 681 (M.D. Fla. 2006) which distinguishes the *Sporck* precedent. The Middle District of Florida case *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 2006 WL 786425, *4 (M.D. Fla. 2006), merely cites *Sporck* for a general statement on the application of Rule 612.

within the highly-protected category of opinion work product." 759 F.2d at 316. Since *Sporck* was decided twenty-two years ago, there has been a good deal of disagreement and/or distinguishing case law, holding that mere selection and grouping of information by counsel for a deponent to review does not automatically transform discoverable documents into work product. *See*, *e.g.*, *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1018 (1st Cir. 1988) (*Sporck* decision is flawed because "it assumes that the revelatory nature of the sought-after information is, in itself, sufficient to cloak the information with the heightened protection of opinion work product"); *Raytheon Aircraft Co. v. U.S. Army Corps of Eng'rs*, 183 F.Supp.2d 1280, 1291 (D. Kan. 2001) (requiring defendant to disclose the list of public documents consulted in the compilation of two protected reports did not permit an unfair "peek" into defendant's legal mind).

The Eleventh Circuit has yet to adopt or endorse the *Sporck* approach. At least two other Middle District of Florida Judges (Richardson and Snyder) have acknowledged the *Sporck* decision's far-reaching effect and distinguished the facts before them from the *Sporck* decision. *See Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 681 (M.D. Fla. 2006) ("Not every selection and compilation of third-party documents by counsel transforms that material into attorney work product"); *Jackson v. Geometrica, Inc.*, No. 3:04cv640-J-20HTS, 2006 WL 510059, *1 (M.D. Fla. Mar. 2, 2006) (distinguishing *Sporck* and ordering production of certain documents). In criticizing *Sporck*, Judge Snyder opined "not everything which may give inkling of a lawyer's mental impressions, conclusions, opinions or legal theories is protected as the lawyer's work-product. Almost every adversarial position adopted can, through deduction, give some indication of thought processes or strategy." *Jackson*, 2006 WL 510059 at *1 (citing *Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 520 (D. Minn.1992). It is clear "that an overly

broad application of work-product immunity could easily eviscerate the discovery rules and their purpose." *Id*.

**Balancing Test Applies**

Courts have generally found that a balancing test applied on a case-by-case basis can reconcile the competing interests in the need for full disclosure and the need to protect the integrity of the adversary system protected by the work-product rule. *Asbestos Litigation*, 119 F.R.D. at 5-6 (citing *Barco Photo Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D. N.Y. 1977)). The rules may be reconciled because the "interests of justice" standard of Rule 612 incorporates as part of the balancing analysis the protection afforded by the work-product doctrine, while the "substantial need" requirement of Rule 26 can take into account the need for disclosure under Rule 612. *Id.* (citing *In re Comair Air Disaster Litigation*, 100 F.R.D. 350, 353 (E.D. Ky. 1983).

In deciding whether to order production of such privileged materials, courts have relied on a balancing test, considering three relevant factors: (1) whether witness "coaching" may have occurred; (2) whether the documents reviewed constitute "factual" or "opinion/core" work product; or (3) whether the request constitutes a fishing expedition. *See Hoglund v. Limbach Constructors, Inc.*, No. 95-2847, 1998 WL 307457, *6 (S.D. Fla. Mar. 30, 1998) (ordering diary to be produced) (citing *Parry v. Highlight Ind., Inc.*, 125 F.R.D. 449, 452-53 (W.D. Mich. 1989) (discussing three-factor test)). Judge Sifton explained the reasoning behind such a test in *Asbestos Litigation* (three years after the *Sporck* decision):

> [U]nder certain circumstances a party who uses work product in preparation for testimony may waive the work-product privilege. . . . [I]n light of the modern rules favoring broad disclosure, it is disquieting to posit that a party's lawyer may "aid" a witness with items of work product and then prevent totally the access that might reveal and counteract the effects of such assistance. There is much to be said for a view that a party or its lawyer, meaning to invoke the privilege, ought to use other and different materials, available later to a cross-examiner, in the preparation of

> witnesses. When this simple choice emerges the decision to give the work product to the witness could well be deemed a waiver of the privilege. Thus, one of the factors to be considered in balancing the interests according to the *Barco* court is whether the attorney using the work product attempted "to exceed the limits of preparation on the one hand and concealment on the other." Other factors to be weighed include whether the work product is "factual" work product or "opinion" work product involving the attorney's conclusions and legal strategies, which are absolutely protected. A court will also consider whether the request constitutes a fishing expedition.

*Id.* at 6 (quoting *Barco Photo,* 74 F.R.D. at 616-17; other citations omitted). In one of the few Middle District of Florida cases to deal with a similar issue, Judge Jenkins, in *Auto Owners Insurance Company v. Totaltape, Inc.,* cited the approach in *Asbestos Litigation*, in finding the work-product privilege waived for an insurer's claims files where the claims manager repeatedly referred to the files during his deposition. 135 F.R.D. 199, 202 (M.D. Fla. 1990) (citing *Asbestos Litigation*, 119 F.R.D. at 5-6).

The Federal Practice and Procedure treatise authors also cite the following factors as suggesting that the balance should be struck in favor of adverse-party rights: the inability for the adverse party to obtain access to the matters related by the writing through means other than production of the writing, the absence of opinion work product, discrepancies between a witness's testimony and the contents of the writing used to refresh, heavy reliance on a particular document by the witness, testimony that is especially important, disclosure of a significant part of the writing in the witness's testimony, and evidence that witness "coaching" may have occurred. 28 Charles Alan Wright & Victor J. Gold, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6188 (1993).

In this case, AstraZeneca has filed the declaration of Jan Dodd, Esq., a partner in the law firm Kaye Scholer LLP, representing AstraZeneca in this litigation. Doc. No. 724-2. Ms. Dodd is the attorney who prepared and defended the twenty-year AstraZeneca employee, Athena Ruhl, for her deposition. Doc. No. 724-2. Ms. Dodd states that she prepared Ms. Ruhl for her deposition by

-6-

meeting with her for "a number of hours over a period of six days." Doc. No. 724-2 ¶ 4. Ms. Dodd states:

> In advance of my meetings with Ms. Ruhl, I conducted several levels of review of the vast documents that have been produced to plaintiffs in this litigation. Initially I reviewed a voluminous subset of 15,835 previously produced documents. Upon careful review I reduced the initial cut to a subset of 195 documents. I then further narrowed the subset to 67 documents that, in exercising my profession judgment, I believed was important to share with Ms. Ruhl when we met. In the time I met with Ms. Ruhl, I actually reviewed with her *approximately 42 documents*. I made the selection as to what was important based on my understanding of the legal issues in this litigation and my perception of her relationship to the underlying facts. . . . Before showing any document to Ms. Ruhl, I confirmed that the document had previously been produced to plaintiffs in this litigation. . . The *only* documents reviewed by Ms. Ruhl in preparation for her deposition *were at my selection and under my direction.*

Doc. No. 724-2 ¶¶ 5-7 (emphasis added).

From the statements in Ms. Dodd's declaration, it is clear that the witness, a twenty-year employee of AstraZeneca, did no independent preparation to familiarize herself with the relevant documentation in order to provide appropriate testimony. The fact that the witness, in six days of preparation, herself felt no need to consult other documents suggests either a preternatural memory or extraordinary reliance on counsel to determine what would be foremost in her mind. To repeat Judge Sifton's observation: "[I]n light of the modern rules favoring broad disclosure, it is disquieting to posit that a party's lawyer may 'aid' a witness with items of work product[2] and then prevent totally the access that might reveal and counteract the effects of such assistance." *Asbestos Litigation*, 119 F.R.D. at 5-6. In this case, AstraZeneca, whose burden it is to demonstrate the applicability of the work-product doctrine, has not provided the documents *in camera* or otherwise and does not contend that they individually are "factual" or "opinion/core" work product. By using

---

[2] It is not clear in this case that the individual documents Plaintiffs seek are work-product because AstraZeneca has not presented them; Ms. Dodd stated that she only selected documents from those previously produced.

counsel's selection of documents as the only source for the witness's re-familiarization with matters of record, AstraZeneca exposes that selection to scrutiny.

The record does not show any improper witness "coaching." Every responsible attorney prepares with her client-witness before that witness testifies. However, when the *only* documents reviewed[3] by a twenty-year employee over the course of *six days* of preparation are 42 documents out of 15,835 exclusively selected by counsel, such preparation suggests the substitution of the lawyer's judgment for the witness's recollections. Construed too broadly, the work product privilege can interfere with the essential function of the discovery process of narrowing issues for trial. *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990). "Whatever heightened protection may be conferred upon opinion work product, that level of protection is not triggered unless disclosure creates a real, non-speculative danger of revealing the lawyer's thoughts." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1015 (1st Cir. 1988). On this record, AstraZeneca in resisting disclosure, has not shown that disclosure of the documents Ms. Ruhl reviewed in preparation for her deposition creates a "real, non-speculative danger" of revealing counsel's thoughts, and, to the extent it might, Plaintiffs are entitled to know what documents the witness relied on.

Accordingly, Plaintiff's Motion to Compel Discovery of Documents Reviewed by Witnesses in Preparation for Depositions (Doc. No. 711) is **GRANTED**. It is **ORDERED** that documents reviewed by a witness in preparation for a deposition will be identified and produced unless the individual document standing alone is protected by a privilege.

---

[3] Ms. Dodd's statement that "[a]t no point in Ms. Ruhl's deposition did Ms. Ruhl testify that any particular document refreshed her recollection about any underlying facts or influenced her testimony in any way" is of no weight. From this statement, it is not even clear that Plaintiffs' counsel inquired whether particular documents refreshed Ms. Ruhl's recollection. Once Ms. Dodd invoked the privilege, Plaintiffs' counsel need not have inquired further.

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record