UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Orlando Division

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br><br>MDL Docket No. 1769<br><br><br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**PLAINTIFFS' MEMORANDUM RE REASONABLENESS OF SUBMITTED COSTS AND FEES** |

## I. INTRODUCTION

In accordance with the Court's January 15, 2008 order, Plaintiffs have served Declarations which set forth the time and hourly rates of attorneys, legal assistants and information technology professionals who have expended considerable time and effort due to AstraZeneca's failure to timely produce usable or reasonably accessible documents[1]. The Declarations also set forth the costs incurred by Plaintiffs as a result of AstraZeneca's sanctionable conduct. The time spent and hourly rates set forth in these declarations are fair and reasonable. On January 23, 2008 AstraZeneca admitted in open court that it was not contesting Plaintiffs' rates or the reasonableness of their claimed hours. Therefore, the Court should award the full amount of fees and costs sought by Plaintiffs.

## II. LEGAL AUTHORITY

In determining attorney fees, a court considers ". . . the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299

---

[1] The fees and costs sought in this motion have been limited to the issues relevant to the 1/28/08 hearing: Plaintiffs' increased costs associated with AstraZeneca's failure to timely produce usable or reasonably accessible documents. Plaintiffs do not waive their right to recover the entirety of the fees and costs expended as a result of AstraZeneca's sanctionable conduct at a later date.

(11th Cir. 1988); see also *Universal Commun. Sys. v. Turner Broadcasting* Sys. 2006 U.S. Dist. LEXIS 22062, 2 (D.Fla. 2006).

In determining the geographic location of the rate applicable (in particular where attorneys fees are awarded as sanctions) courts have applied the rate where the applicant practices and the actual rates are charged. (See e.g., *Eve's Garden, Inc. v. Upshaw & Upshaw* 801 So. 2d 976, (Fla. 2d DCA 2001), awarding as discovery sanctions the higher hourly market rate where Plaintiffs' counsel practiced as opposed to the lower hourly market rate where the lawsuit was pending.)

Where attorney fees and costs are awarded as sanctions, courts have broad discretion to determine the appropriate sanction awarded, including broad discretion in determining the applicable hourly rate. *Oschar v. Soloman Tropp Law Group, P.A. (In re Atl Int'l Mortg. Co)* 373 B.R. 159, 161 (Bankr. D. Fla. 2007). In addition to traditional attorneys fees and costs, courts have awarded fees for time traveled as sanctions, recognizing that "[t]he defendants were aware that the failure to provide discovery could result in unnecessary hearings, and that those hearings would require plaintiffs' counsel to travel." *Eves Garden*, 801 So. 2d 976 at 979.

Courts have the authority to award cost and expenses as sanctions. "Rule 37 sanctions are intended to 1) compensate the court and other parties for the added expense cause by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Snow v. Bellamy Mfg. & Repair*, 1995 U.S. Dist. LEXIS 22112, 3 (D. Ga. 1995). An award of the opposing party's expenses is considered the mildest form of sanction. *Id.* Due to the alternative sanctions available under Rule 37, the Court has ". . . broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co., Ltd*. 987 F.2d 1536, 1542 (11th Cir. 1993).

An award of attorney fees as sanctions ". . . is not a typical application for compensation, but an award of sanctions against a recalcitrant party in order to deter such conduct in the future. As such, strict conformance with the standards germane to a typical fee application is not required." *Oschar*, 373 B.R. 159 at 161. In awarding a seemingly large sanction, courts have noted that that ". . . the magnitude of sanctions is bounded only by what is reasonable in light of the circumstances. While the amount of sanctions may still seem rather large, it is necessary to look at it from the perspective of the overall costs in discovery in this matter." *Id*. at 162.

### III.   THE FEES AND COSTS SOUGHT BY PLAINTIFFS ARE FAIR AND REASONABLE

#### A.  The Hourly Rates and Time Sought by Attorneys is Reasonable

In support of an award for sanctions, Plaintiffs have submitted several declarations of attorneys who have expended considerable time and effort due to AstraZeneca's sanctionable conduct. As set forth above, Plaintiffs are entitled to an award of attorneys fees based on the prevailing market rate in the area they practice, and the Court has broad discretion to award fees as discovery sanctions. In addition to the declarations submitted, Plaintiffs have provided the Court with a spreadsheet containing the range of attorney fees charged by attorneys nationwide. (See Ex. A to the Declaration of Laura Brandenberg filed concurrently herewith.) This chart contains a sample of hourly rates charged by attorneys practicing at law firms of similar skill and expertise as Plaintiffs in several geographic locations[2].

Plaintiffs' attorneys maintain offices and practice in various locations across the country, and are seeking the prevailing market rate in their respective areas of practice. Specific to this motion, Plaintiffs seek to recover fees for attorneys practicing in San Francisco, California (Levin Simes Kaiser & Gornick, LLP), Houston, Texas (Bailey, Perrin & Bailey and Crust,

---

2 The attached chart includes the range of hourly rates charged by McCarter & English and Morgan Lewis & Bockius, two of the several law firms representing AstraZeneca.

Scott, Henderson & Allen), and New York, New York (Weitz & Luxenberg). While this case has been consolidated to in the Middle District of Florida, Plaintiffs' counsel is not located in Florida, did not file in Florida and has not chosen to litigate in Florida. Instead, these cases were consolidated and removed to Florida for pretrial purposes, and will eventually be remanded. Thus, Florida rates should not apply and the prevailing market rate should be that where the attorney is practicing. As discussed below, the rates and time submitted for Plaintiffs' counsel are fair and reasonable as compared to others lawyers of similar skill, experience and reputation in their respective locations, notably, counsel for AstraZeneca.

### 1.  San Francisco Attorneys, Levin Simes Kaiser & Gornick, LLP ("LSKG")

Three attorneys, Lawrence Gornick, Dennis Canty and Laura Brandenberg have submitted supporting declarations of their time spent as a result of AstraZeneca's sanctionable conduct at $625/hour, $450/hour, and $300/hour, respectively.[3] (Exs. 1, 2 & 3 on Plaintiffs' Exhibit List.) As seen in Exhibit B, these rates are in line with other attorneys of similar skill practicing in San Francisco. Rates for partners practicing in San Francisco range from $775/hour to $495/hour comparable to Mr. Gornick's hourly rate of $625. (Ex. B to the Declaration of Laura Brandenberg filed concurrently herewith.) Rates for associates practicing in San Francisco range from $485 to $275, comparable to the rates applied by Mr. Canty, $450 and Ms. Brandenberg, $300. (Ex. B.) In addition, Mr. Gornick has explained the hourly rate charged by other attorneys of similar skill in San Francisco based on his personal knowledge and experience derived from many years of practice in San Francisco. (Ex.1 on Plaintiffs' Exhibit List.) Falling within the established market rates of attorneys practicing in San Francisco, the rates submitted by the attorneys at LSKG are fair and reasonable.

---

[3] Mr. Gornick's hourly rate in 2008 is $650.00/hr; Mr. Canty's hourly rate in 2008 is $470/hr.

The time submitted by the attorneys at LSKG is also reasonable. Mr. Gornick and Mr. Canty have been the Plaintiffs' attorneys largely responsible for bringing Plaintiffs' motion for sanctions, presenting Plaintiffs' evidence at the July evidentiary hearing, working with Mr. Jaffe in bringing AstraZeneca's sanctionable conduct to light, communicating with Mr. Ball and again presenting Plaintiffs' evidence at the January 28, 2008 evidentiary hearing. (Exs.1 & 2 on Plaintiffs' Exhibit List.) In further support of their time, the attorneys at LSKG have each submitted charts detailing the various tasks performed. (Exs. 1.01, 2.01 & 3.01 on Plaintiffs' Exhibit List.) In an effort to be fair and reasonable, and to avoid excessive or redundant time entries, both Mr. Gornick and Mr. Canty have limited their time spent on various tasks, and are not seeking time for certain phone calls and internal conferences relevant to issues sought to be recovered here. (Exhibits 1 & 2 on Plaintiffs' Exhibit List.) The estimated time spent on matters limited to AstraZeneca's sanctionable conduct is conservative and should be recovered in full.

In addition to the fees sought, Plaintiffs also seek recovery for the costs, including travel expenses, incurred as a result of AstraZeneca's sanctionable conduct. Attached as Exhibit 2 to the Declaration of Mr. Gornick (Ex. 1.02 on Plaintiffs' Exhibit List) is a chart detailing the costs incurred by LSKG, including corresponding bills. These costs have been reasonably incurred in connection with the work performed due to AstraZeneca's sanctionable conduct, and should be awarded in full as part of the award on discovery sanctions.

**2.     New York Attorneys: Weitz & Luxenberg, P.C.**

Two attorneys, Paul J. Pennock and Michael E. Pederson, have submitted supporting declarations of their time expended in support of Plaintiffs' motion for sanctions. Both Mr. Pennock and Mr. Pederson's hourly rates are $500.00/hour. (Exs. 4 and 10 on Plaintiffs' Exhibit List.) As seen in Exhibit B, New York rates range as high as $920/hour for partners and

$595/hour for associates. A rate of $500/hour for both Mr. Pennock and Mr. Pederson falls below the prevailing market rate when compared with other attorneys of similar skill and experience in New York, New York. It should also be noted that McCarter & English, LLP, counsel for AstraZeneca charges rates as high as $650/hour in its Newark, New Jersey office (presumably lower than those charged in New York). Morgan Lewis & Bockius who also represent AstraZeneca, charge rates as high as $850/hour in its Philadelphia office (again, presumably lower than those charged in New York). (Ex. B.) The rate sought by Plaintiffs of $500.00 for Mr. Pennock and Mr. Pederson is fair and reasonable.

Additionally, Mr. Pennock has limited his time sought to 50 hours, a third of the 150 hours estimated to have been spent in connection to AstraZeneca's sanctionable conduct. (Exhibit 4 on Plaintiffs' Exhibit List.) Mr. Pederson has also limited his time to 100 hours, half of the 200 hours estimated to have been expended as a result of AstraZeneca's sanctionable conduct. (Exhibit 10 on Plaintiffs' Exhibit List.) These are extremely conservative time estimates and hourly rates for attorneys who have played an important role in this litigation are fair and reasonable, and should be recovered in full.

### 3. Houston Attorneys: Bailey Perrin & Bailey and Cruse, Scott, Henderson & Allen

Two attorneys, K. Camp Bailey of Bailey Perrin & Bailey, and Scott Allen of Cruse, Scott, Henderson & Allen, have submitted supporting declarations of the time spent by them as a result of AstraZeneca's sanctionable conduct. The hourly rate sought by both Mr. Bailey and Mr. Allen's hourly rate is $400.00. (Exs. 12 and 17 on Plaintiffs' Exhibit List.) As seen in Exhibit B, the hourly rate charged by partners in Houston ranges from a high of $795/hour to a low of $400/hour. Falling on the lowest end of the spectrum, both Mr. Bailey and Mr. Allen's hourly rate is fair and reasonable as compared with other attorneys of similar skill and experience in Houston, Texas.

Additionally, Mr. Bailey and Mr. Allen have limited their time spent to 50 and 17.5 hours. (Exs. 12 & 17 on Plaintiffs' Exhibit List.)  As lead counsel, these time estimates are conservative, the rates sought fall below the prevailing market rate, and the attorneys fees sought by them should be awarded in full.

### B.  The Hourly Rates and Time Sought by Non-Attorneys is Reasonable.

The applicable fee for non-attorneys is determined in the same manner as attorneys, with reasonable fees determined by the prevailing market rate.  "Courts have held that a lodestar-style analysis is appropriate in evaluating the reasonableness of fees charged by accountant and other non-attorney professionals." *SEC v. Digges*, 2007 U.S. Dist. LEXIS 95207, 5 (D. Fla. 2007); see also *In re Computer Learning Ctrs., Inc.* 285 B.R. 191, 199 (Bankr. D. Va. 2002).

Due to AstraZeneca's sanctionable conduct, six informational technology professionals at the law firm of Weitz & Luxenberg, including Mr. Jonathan Jaffe, have invested hundreds of hours discovering, assessing and attempting to remedy the various technical problems inherent in AstraZeneca's custodial production.  At the direction of Mr. Jaffe, Sung Kim, Alla Swanson, Boris Gonopolsky, Brendan McAteer, and Lenny Fernandez have spent considerable time dealing with AstraZeneca's production.  (Exs. 6, 7, 8, 9 & 13 on Plaintiffs' Exhibit List.)  Each employee has submitted a declaration setting forth in careful detail the nature and amount of time spent performing various tasks.  The supporting declaration of Jonathan Jaffe (Ex. 16 on Plaintiffs' Exhibit List) sets forth the reasonable rate informational technology professionals in New York City of $125.00.  Plaintiffs request that this rate be applied to the time expended by these five Weitz & Luxenberg employees.

As the Court is aware, the effort of Mr. Jaffe has been critical in discovering, evaluating and attempting to remedy the many technical failures in AstraZeneca's custodial production.

The work performed by Mr. Jaffe has been set forth in careful detail in Exhibit 16, and the hours sought by him are a conservative estimate of his time expended as a result AstraZeneca's sanctionable conduct. Mr. Jaffe's hourly rate is $150.00. This is a comparable market rate for information technology professionals in New York. Exhibit 16.02 contains the invoices of Mr. John Martin, an information technology professional who was retained to investigate and analyze the technical issues present in AstraZeneca's production. Mr. Martin, of similar skill and experience to that of Mr. Jaffe charges an hourly rate ranging from $150.00 - $200.000/hour for his consulting services. A comparable rate of $150.00 for Mr. Jaffe's time, whose level of skill and expertise has been continually demonstrated throughout this litigation, is fair and reasonable.

Plaintiffs have also submitted supporting declarations of three legal assistants employed at Weitz & Luxenberg in New York: Jonathan Sedge (Ex. 11 on Plaintiffs' Exhibit List), and Yommy S. Chiu and Eileen Sugiarto (Ex. 5 on Plaintiffs' Exhibit List). As set forth in their declarations, the time spent is non-duplicative, has been carefully documented, and is limited to work relevant to AstraZeneca's sanctionable behavior sought to be recovered here.

The hourly wage applicable to Mr. Sedgh, currently pending admission to the New York Bar, is $175.00. As seen in Exhibit B, the <u>lowest</u> associate hourly rates in New York range as high as $375.00/hour to $155.00/hour. A rate of $175.00 for Mr. Sedgh, falling at the lowest end of the spectrum for New York associates is comparable to the prevailing market rate.

The hourly rate for Ms. Chiu and Ms. Sugiarto is $100, as set forth in the Declaration of Mr. Gornick. (Exhibit 1 on Plaintiffs' Exhibit List.) A rate of $100.00 for similar legal services in New York is reasonable as compared with the prevailing market rates. (See *Tosto v. Zelaya*, 2003 U.S. Dist. LEXIS 23540, 8-9 (D.N.Y. 2003), finding the rate for paralegals ranging from $100.00/hour to $125.00/hour reasonable.)

8

## C.  The Costs Submitted for the Third Party Vendor is Reasonable.

To remedy AstraZeneca's deficient custodial production, it is necessary for the entire production to be re-produced in its native format.  As previously stated, the Court has the authority to award this vendor cost as sanctions, with expenses considered to be the mildest form of sanction.  *Snow* 1995 U.S. Dist. LEXIS 22112 at 3.  Due to the alternative sanctions available under Rule 37, the Court has ". . . broad discretion to fashion appropriate sanctions for violation of discovery orders."  *Malautea* 987 F.2d 1536 at 1542.

This native production would not be necessary but for the many technical deficiencies permeating AstraZeneca's initial custodial production.  It is difficult to imagine a more direct cost stemming from AstraZeneca's sanctionable conduct.  Plaintiffs should not be prejudiced further.  AstraZeneca should pay for the entire cost associated with the native production.

Plaintiffs have retained IKON as the third party vendor to process and store the native production.  The cost associated with this production is estimated at $3,300,000.00. (Exhibit 16.09 on Plaintiffs' Exhibit List.)

Plaintiffs received several quotes from various vendors before enlisting the services of IKON.  Included in the Declaration of Jonathan Jaffe are several quotes from various vendors, ranging in estimates of $2.1 M (Ex. 16.05 on Plaintiffs' Exhibit List) to $5.3M (Exhibit 16.07 on Plaintiffs' Exhibit List).  While many factors were considered in retaining IKON to host the native production, the projected cost of $3,300,000, falling in mid-range of the various estimates obtained, is a reasonable cost that falls within the purview of Rule 37 sanctions, and should be paid in full by AstraZeneca.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs request that the fees and costs incurred as a result of AstraZeneca's sanctionable failure to make timely and usable custodial production be awarded in full as discovery sanctions.


Dated:   January 24, 2008	LEVIN SIMES KAISER & GORNICK LLP


	s/ Lawrence J. Gornick
	Lawrence J. Gornick (CA State Bar No. 136290)
	Dennis J. Canty (CA State Bar No. 207978)
	44 Montgomery Street, 36th Floor
	San Francisco, CA  94104
	Telephone:  415-273-8138
	Facsimile:  415-981-1270
	E-mail:       lgornick@lskg-law.com
	                  dcanty@lskg-law.com