US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____4_____

6:06-md-01769-ACC-DAB

**In Re:  Seroquel Products Liability Litigation**

Date Identified:

Date Admitted:

# Exhibit 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Seroquel Products Liability Litigation      Case No.: 6:06-md-01769-ACC-DAB
MDL Docket No. 1769

DOCUMENT RELATES TO ALL CASES

DECLARATION OF PAUL J. PENNOCK IN SUPPORT
OF REQUEST FOR MONETARY SANCTIONS

I, Paul J. Pennock, declare:

1.      I am an attorney licensed to practice before all New York courts and am admitted to practice *pro hac vice* before this Court in the *In re Seroquel Product Liability Litigation* (the "Litigation").  I am associated with the law firm of Weitz & Luxenberg, P.C.  I am Co-Lead Counsel and have personal knowledge of all facts stated in this Declaration.

2.      I had my secretary pull from my emails all emails to or from Jonathan Jaffe that she perceived were related to ESI discovery issues in Seroquel.  I then reviewed those emails to assess which of them did indeed relate to the ESI production and the problems associated with it.  I did not have her pull, nor did I review, any of the other hundreds of emails on ESI issues to co-counsel or other attorneys/persons within or without my firm.  A review of these emails from Mr. Jaffe, who was central to the ESI issues from their inception, helped me to recall the myriad of events and the timeline of those events throughout 2007.

3.      I estimate that I spent a total of at least 50 hours regarding ESI discovery issues from January 2007 until today.  This includes all work:  drafting/reviewing emails regarding the issues; telephonic conferences and meet and confers with all lawyers and other persons involved; meetings

with Mr. Jaffe and other staff in my firm including attorney Mike Pederson, newly graduated lawyer Jonathan Sedgh and paralegals; motion review/preparation; and preparation for and argument of ESI issues before the Court.  This is a deliberately very conservative estimate.  It is likely that the actual time spent dealing with the ESI was closer to 150 hours, but I am certain that 50 hours is not an overestimate and in order to have absolute confidence that the time I am claiming is more than fair, I am claiming 50 hours to be the amount of time spent on these matters.

4.	I additionally spent time assisting the preparation for the sanctions hearing and attending the hearing.  That time I can reconstruct more specifically and it was 14 hours.  I am not claiming time for travel to the hearing, because there was a status hearing scheduled at the same time and I would have needed to travel to that in any event.  Similarly, I am not claiming any other travel time, except that the time spent traveling to and from Philadelphia from New York City for a meet and confer on these issues is included in the 50 hours claimed.

5.	I am asking for compensation at the rate of $500 per hour.  I have come to learn that the competitive rate for a lawyer of my experience in New York City engaging in complex litigation for a large firm such as the defendant's firms is closer to $700 per hour.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 16th day of January 2008 in New York, New York.

/s/ Paul J. Pennock
Paul J. Pennock