US District Court
Middle District of Florida

**PLAINTIFFS' EXHIBIT**

Exhibit Number: _____15_____

6:06-md-01769-ACC-DAB

**In Re: Seroquel Products Liability Litigation**

Date Identified: _____

Date Admitted: _____

# Exhibit 15

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>**DECLARATION OF ROBERT SCHOENHAUT IN SUPPORT OF REQUEST FOR MONETARY SANCTIONS** |

I, Robert Schoenhaut declare:

1. I submit this affirmation in an effort to explain why Weitz & Luxenberg needed to seek outside hosting for the second discovery production.

2. At the outset of the Seroquel litigation in 2006, Weitz & Luxenberg made a business and financial decision that would be in the best interest of all Plaintiffs. Weitz & Luxenberg intended to host the document production by the Defendants that would be managed by Weitz & Luxenberg's IT Department. Weitz & Luxenberg planned to upgrade its DOXS system in order to facilitate the production. The Defendants objected to the Plaintiffs' initial proposal of a native production plan and after much compromise and deliberation, the parties submitted CMO 2 (Doc. 129), outlining the method of production of documents using a TIFF format in the MDL.

3. As firm Controller, I declare that Weitz & Luxenberg cannot sustain and support a 2nd discovery production in the Seroquel litigation without detrimentally burdening the rest of this firm.

4. There has already been a negative ripple effect throughout Weitz & Luxenberg due to the time and effort that my IT staff has dedicated to Seroquel discovery as a result of what I understand were AZ's production failures. The costs in other areas of Weitz & Luxenberg as a result of AZ's Seroquel discovery failures cannot be precisely tabulated, nor would I be comfortable estimating. However, I am certain that there has been a "ripple effect" cost through lost time and delayed efforts.

5. Jonathan Jaffe, our Manager of Software Development, was anticipated to have a minimal role in the discovery stage of the Seroquel litigation: The productions, if done correctly, would be basic and straightforward for our personnel to process and host the data. However, Mr. Jaffe was forced to have a central position as more and more discovery setbacks occurred. Mr. Jaffe's value to this firm is significant, but for most of 2007 Weitz & Luxenberg was compelled to run on a daily basis without his steady assistance. The firm cannot allow this to continue and, accordingly, an outside vendor is needed for this new production.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of January 2008 in New York, New York.

Robert Schoenhoaut

Sworn to before me this
16th day of January, 2008

NOTARY PUBLIC

BARBARA A. PARENTE
Notary Public, State of New York
No. 43-4825778
Qualified in Richmond County
Commission Expires October 31, 20 10