# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 6:06-md-1769-ACC-DAB |
| | § | |
| **SEROQUEL PRODUCTS** | § | **ALL CASES** |
| **LIABILITY LITIGATION** | § | |
| | § | |
| **MDL 1769** | § | |
| ———————————————— | § | |

PLAINTIFFS' MOTION FOR ENTRY OF ALTERNATIVE PRODUCTION
AND PRESERVATION ORDER, BRIEF IN SUPPORT AND RESPONSE TO
ASTRAZENECA'S MOTION FOR ENTRY OF ORDER[1]

The proposed Order Pertaining to Preservation of Evidence and Production Protocol attached as Exhibit "A" to Plaintiffs First Amended Motion for Entry of Order and to Compel Deposition (document 92) is substantively similar the Honorable Eldon E. Fallon's Production and Preservation of Defendants' Electronic Data which he entered when presiding over the *In re Propulsid Products Liability Litigation* MDL (Judge Fallon now presides over the Vioxx MDL). Plaintiffs do not withdraw these motions or that proposed order ("Proposed Order #1").

On November 20th this Court directed the parties "to submit either agreed proposals to cover document preservation, production protocol and resolution of this issue about formatting of things already produced by December 5th". Transcript 11/20/06, at 43:6-9.  Plaintiffs did so (documents 91 & 92), AZ did not.

AZ's non-submission was grossly prejudicial to the Plaintiffs. Plaintiffs were forced to file a production protocol order with zero information as to AZ's relevant electronic systems, retention policies or practices. AZ had possession of Plaintiffs' Proposed Order #1 for over one month and never made a single proposed changed to it.  AZ then unilaterally filed its order

---

[1] "AstraZeneca's ["AZ"] Combined Response…" (document 99) while not styled as a motion, says in its first sentence, that AZ "move[s] for entry of an Order adopting [AZ's] proposed Stipulation".

Friday evening after providing it to Plaintiffs' counsel less than 3 hours earlier (late Friday afternoon) and not soliciting a single comment as to whether it correctly reflected any agreement AZ purportedly believed was struck.

AZ's assertion that its submitted order reflects the parties agreement is not correct. AZ's order did not clearly or correctly reflect the one agreement in principal the parties did orally achieve on Friday 12/8/06; to wit, that electronic documents would be produced with load files that contain fully searchable text files (eg. ".txt" files) corresponding to bate-stamped TIFF's & various metadata fields. The parties still have not achieved a final agreement on what metadata fields (eg. author, subject, etc.) will be produced.

In light of that agreement in principal and to continue good faith negotiations, Plaintiffs conferred with and provided AZ mark-ups of AZ's form of order that the Plaintiffs would actually agree to on Saturday. A multi-person conference on Sunday achieved no agreement on Plaintiffs' modifications to AZ's order.

If this Court is inclined to adopt the form of AZ's proposed order over Proposed Order #1, Plaintiffs alternatively propose and attach hereto as Exhibit "A" their proposed form of AZ's submitted order ("Proposed Order #2"). Also, to the extent the Court might find it useful, Exhibit "B" is a "redline" comparing Proposed Order #2 to AZ's version.

Despite the Court's directive to "have a full discussion as to the nature of the record keeping and record retention policy", [Transcript, 11/20/06, 44:8-12] despite numerous requests and opportunities, no such discussion, or even a partial one has occurred. This alone should justify at least the preservation order in Proposed Order #2, as it severely prejudices Plaintiffs ability to argue in favor of, let alone present evidence on same, and further continues to justify the motion to compel an IT 30(b)(6) deposition.

What is additionally justified and may help resolve the prejudice suffered by Plaintiffs as a result of AZ's non-compliance is the portion of Proposed Order #2 that incorporates the E-discovery standards that AZ attached to its combined response and motion.  See, "A[Z's] Combined Response…"; document 99-2, Exhibit 2.  Proposed Order #2 adopts the disclosure provisions of the Default Standard for Discovery of Electronic Documents ("E-Discovery") from the U.S.D.C. for the District of Delaware.  See, Exhibit "A", Proposed Order #2, at 4-5.  AZ has not disclosed a single item from these very E-Discovery standards it apparently supports.  Those items are lists of the most likely custodians of relevant electronic materials and each relevant electronic system as well as the names of the person responsible for its electronic document retention policies and "e-discovery liaison".  Proposed Order #2 would facilitate and expedite the necessary database production conferences by requiring these basic disclosures by a date certain of the Court's choosing.  *Id*.

AZ has consistently opposed the parties jointly selecting search terms.  However, again, the E-Discovery standards AZ supplied to the Court require this.  "The parties shall reach agreement as to the method of searching, and the words, terms and phrases to be searched…".  See, document 99-2, Exhibit 2, p. 4, ¶ 5.

Heeding the local rules the Plaintiffs will not reply herein to AZ's substantive responses on production protocol, preservation or the timing of an IT 30(b)(6) deposition.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully and alternatively pray for the entry of Proposed Order #2 and further relief that this Honorable Court might find just or appropriate.

Respectfully submitted,


 /s/ Larry M. Roth
Larry M. Roth
LAW OFFICES OF LARRY M. ROTH, P.A.
Post Office Box 547637
Orlando, FL  32854-7637
Telephone: (407) 872-2239
Facsimile: (407) 872-6927
E-mail: LROTH@roth-law.com


 /s/ T. Scott Allen
T. Scott Allen
CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
Facsimile: (713) 650-1720
E-mail: sallen@crusescott.com


 /s/ K. Camp Bailey
K. Camp Bailey
Michael W. Perrin
F. Kenneth Bailey, Jr.
Fletcher Trammell
BAILEY PERRIN BAILEY L.L.P.
The Lyric Centre
440 Louisiana, Suite 2100
Houston, Texas 77002
Telephone:  (713)425-7100
Facsimile:  (713)425-7101
E-mail: mperrin@bpblaw.com
cbailey@bpblaw.com
kbailey@bpblaw.com
ftrammell@bpblaw.com


 /s/ Paul J. Pennock
Paul J. Pennock
Michael E. Pederson
John Broaddus
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Facsimile: (212) 363-2721
E-mail: Ppennock@Weitzlux.com
Mpederson@Weitzlux.com
Jbroaddus@Weitzlux.com


 /s/ John J. Driscoll
John J. Driscoll
BROWN & CROUPPEN, P.C.
720 Olive Street, #1800
St. Louis, MO 63101
Telephone: (314) 421-0216
Facsimile: (314) 421-0359
E-mail: Jdriscoll@brownandcrouppen.com


 /s/ Lawrence J. Gornick
Lawrence J. Gornick
William A. Levin
LEVIN SIMES KAISER & GORNICK, LLP
One Bush Street, 14th Floor
San Francisco, CA  94014
Telephone: (415)646-7160
Facsimile: (415)981-1270
E-mail: lgornick@lskg-law.com
wlevin@levinslaw.com

_/s/ Keith M. Jensen_____            _/s/ Matthew E. Lundy_____
Keith M. Jensen                                  Matthew E. Lundy
David A. Singleton                               Lisa L. Stewart
JENSEN, BELEW & GONZALEZ, P.L.L.C.               LUNDY & DAVIS, L.L.P
1024 N. Main Street                              333 N. Sam Houston Parkway East
Fort Worth, Texas 76106                          Suite 375
Telephone: (817) 334-0762                         Houston, Texas 77060
Facsimile:  (817) 334-0110                        Telephone: (281)272-0797
E-mail: kj@kjensenlaw.com                         Facsimile:  (281)272-0781
dsingleton123@yahoo.com                           E-mail: mlundy@lundydavis.com
                                                  lstewart@lundydavis.com


_/s/ Todd Harvey_____
Todd Harvey
WHATLEY DRAKE, L.L.C.
2323 2nd Avenue North
Birmingham, AL  35203
Telephone: (205)328-9576
Facsimile: (205)328-9669
E-mail: THARVEY@whatleydrake.com


## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on Friday 12/8/06 and again on Sunday 12/10/06 he and Camp Bailey, Esq., Michael Pederson, Esq., Larry Gornick, Esq., Fletch Trammell, Esq. and/or Plaintiffs' IT experts, Mr. Jonathan Jaffe and Mr. Keith Altman, have conferred with counsel for defendants regarding all of the relief sought herein and despite numerous diligent efforts agreement was not achieved.  Accordingly, this motion is being submitted for determination by this Court.


_/s/ Keith M. Jensen_____
Keith M. Jensen

<u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served on lead counsel for AstraZeneca by the means indicated below and on the attorneys listed on the attached service list by email on the December 10, 2006 and will be sent by regular mail to those not e-mailed on Monday, December 11, 2006.

\_\_\_\_\_ Facsimile
\_\_x\_\_ Email
\_\_\_\_\_ Overnight Delivery
\_\_\_\_\_ Hand Delivery
\_\_\_\_\_ Certfied Mail

            /s/  Keith M. Jensen_____
           One of Plaintiffs Attorneys

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77002<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |

**SERVICE LIST**

(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797 .<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>***Pro Se*** |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334<br>***Pro Se*** |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Thomas Campion, Esq.<br>Andrew C. White, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone:  (973) 360-1100<br>tcampion@dbr.com<br>andrew.white@dbr.com<br><br>**Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>**Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone:   (816) 471-2121<br>raines@bscr-law.com<br>**Attorney for Defendant AstraZenca, PLC** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>**Attorney for Defendant Dr. Asif Habib** |

11

## SERVICE LIST
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants, Astrazeneca***<br>***Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| David P. Matthews, Esq.<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>Telephone: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Robert G. Smith, Jr., Esq.<br>Lorance & Thompson, PC<br>2900 N. Loop W, Suite 500<br>Houston, TX 77092<br>Telephone: (713) 868-5560<br>rgs@lorancethompson.com<br>***Attorneys for Defendant, Carlos Hernandez*** | Howard Nations<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |

**SERVICE LIST**
(As of November 10, 2006)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Flo<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkings.com |
| Lori A. Siler<br>The Law Offices of Howard L. Nations<br>4515 Yoakum Boulevard<br>Houston, TX 770066<br>(713) 807-87400<br>(713) 807-8423 (telecopier)<br>www.howardnations.com | |

13

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation,**
**MDL DOCKET NO. 1769**

**This document relates to (ALL CASES)**

_____/

**ORDER REGARDING DOCUMENT**
**PRODUCTION PROTOCOL AND PRESERVATION**

For all documents in the possession of and produced by AstraZeneca Pharmaceuticals

LP, AstraZeneca LP ("AstraZeneca") and Plaintiffs (collectively "Parties") in this litigation,

the Court orders the following production protocol:

**I. DOCUMENT PRODUCTION**

   **A.** Format of Production.

   **i)** Documents in hard copy:  For all documents which the producing party intends

to make the original documents available in a mutually agreed upon depository, the

parties agree to confer regarding whether such documents should be scanned into

electronic format and possible cost shifting.

   With respect to documents that are collected by either party in order to respond to

a discovery request in this action, that party agrees – before any hard copies are made of

those documents – to inform the other party that such a collection has been made.  The

producing party agrees that the cost of making documents available for inspection is a

cost borne by the producing party.  The producing party agrees to make available such

documents for inspection in electronic format.  Where the cost of making the documents

available in electronic format is determined to be less than 15% over the cost of making

traditional hard-copy documents available for inspection, then the producing party shall

bear the expense.[1]  To the extent the cost of making the documents available in electronic format is greater than 15% over the cost of making the documents available in traditional hard-copy format, then the parties shall confer on the issue of sharing the cost by which scanning exceeds copying, staffing and maintaining a document depository.

**ii)** Electronic documents:

**(1)** Unredacted electronic documents shall be produced at a minimum of 300x300dpi in single-page TIFF format, with an accompanying load file that contains, to the extent possible and practicable, the following metadata fields:

    a.  Electronic document type;
    b.  Create date;
    c.  File name & file location
    d.  Source location;
    e.  Starting production number;
    f.  Ending production number;
    g.  Custodian;
    h.  Last date modified;
    i.  Date produced for discovery;
    j.  The system and software program used for production;
    k.  Author;
    l.  Recipient(s);
    m.  Document date (if different from create date);
    n.  cc(s);
    o.  bcc(s);
    p.  Subject;
    q.  Title;
    r.  Attachment information (for e-mails);
    s.  Full text of the document extracted from the original native format in searchable form (eg. a ".txt" file); and
    t.  Whether the document was previously produced.

---

[1] The producing party is to bear said expenses in light of the opportunity for the producing party to benefit from additional cost-savings by not maintaining, staffing, or otherwise making available a physical facility/depository and because it is less expensive to perform redaction from electronic images as compared to hard-copy documents.

When it is possible, but the producing party deems it impracticable, to produce these metadata fields for a group of documents the producing party shall promptly confer on how, if at all, the impracticability can be overcome.

(**2**) Before Excel spreadsheets are converted to TIFF format, all hidden rows and columns will be displayed and their text included in the text extracted.

(**3**) Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. Where exact duplicates are not produced, the producing party shall identify each duplicate not produced including the custodian and the duplicate location. The Plaintiffs shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.  AstraZeneca will produce documents on DVD until provided hard drives from Plaintiffs, and shall then produce documents on those hard drives unless and until they run out (in which case they will use DVD's) or until the parties agree upon on another medium.  After review of documents, the Parties may make reasonable requests that certain documents that are identified by production number be produced in their "native" format. After such a request is received, the Parties shall meet and confer with respect to the production of, document integrity of and sharing of costs related to the production of native documents on a document-by-document basis.

(**4**) Redacted documents shall be produced in single-page TIFF format, at a minimum of 300x300dpi with an accompanying load file that contains the agreed upon metadata fields above, excluding any field (including any text files) which contain redactions. Since the document as kept in the routine course of business was searchable, the producing party will perform Optical Character Recognition ("OCR") on the redacted documents to preserve the requesting party's ability to search the documents.  The producing party shall

bear the expense of the OCR and shall provide the OCR text as part of the document production.  If redacted files are provided in the same load file as unredacted then the load file should indicate whether the file has been redacted.

Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. Where exact duplicates are not produced, the producing party shall identify each duplicate not produced including the custodian and the duplicate location. The Plaintiffs shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format.  AstraZeneca will produce documents on DVD until provided hard drives from Plaintiffs, and shall then produce documents on those hard drives unless and until they run out (in which case they will use DVD's) or until the parties agree upon on another medium.

**iii)** Data bases and other non-custodial files or systems: The Parties agree to use good faith efforts to confer over the discoverability of responsive data contained within data bases and other potential "non-custodial" files or systems.[2]  The Parties also agree to use good faith efforts to reach agreement on the format of production, to the extent that any data base information is produced. The Court's assistance may be sought if the Parties have failed to reach agreement after good faith discussions within ____ days.  To aid these discussions AstraZeneca shall provide the lists of the most likely custodians of

---

[2]   Including: 1) adverse event database; 2) sales call tracking database; 3) IMS database; 4) clinical communications database; 5) regulatory database; 6) regulatory contact databases; 7) clinical trial database; 8) medical literature database; 9) research report database; 10) documentum or similar databases (document management systems used by many pharmacy companies); 11) visitor speakers bureau and/or thought leader databases; 12) clinical payments database; 13) field force rosters; and 14) instant message, voicemail, discussion forum and prior website page databases, transcripts and recovery.

relevant electronic materials and each relevant electronic system as well as the names of the person responsible for its electronic document retention policies and "e-discovery liaison" as set forth in paragraph 2 of the Default Standard for Discovery of Electronic Documents ("E-Discovery") from the U.S.D.C. for the District of Delaware within _____ days.  See, Document 99-2 (filed by AZ 12/8/08), Exhibit 2, pp. 1-2.

**B.**  Production Numbering. Each page of a produced document shall have a legible, unique page identifier ("Production Number") and confidentiality legend (where applicable) electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the document image other than the Production Number, confidentiality legend (where applicable), and redactions addressed above.

**C.**  Search terms.  The parties shall confer and submit a joint (or if not joint, competing) positions on the methods to be used and lists of search terms, words and phrases that AZ shall use to search all electronic media potentially containing relevant information within _____ days of the entry of this order (collectively "Search Terms"). Documents responsive to any agreed or adjudicated query search shall then be reviewed by defendants for responsiveness and privilege, and thereafter produced electronically in accordance with the guidelines herein.   Defendants shall reasonably accommodate plaintiffs' requests for (i) searches of newly created data, and (ii) modified searches on previously searched data.  For example, plaintiffs may submit Search Terms pertaining to preemption issue discovery and later ask that the same media be searched with additional terms, words or phrases.   Defendants will be prohibited from using any additional searches other than those developed with the plaintiffs without sharing such Search Terms and results with plaintiffs.  To aid the parties in identifying Search Terms and

discoverable data AstraZeneca shall produce a concordance (similar to those attached to depositions) within _____ days, each time a new Seroquel discovery search is run, which identifies all words that occur in the electronic search, how many times each word occurs in the aggregate and in how many documents each word occurs (software such as "Concordance" can generate such results).

D.   <u>Privilege and redaction logs</u>.  AZ shall produce their first privilege log or redaction log within _____ days after it asserts it has produced all discoverable electronic and hard copy information that AZ in good faith asserts is discoverable in relation to Plaintiffs' First Set of Requests for Production or preemption discovery issues, so as not to hinder the immediate production of such materials.  Should the producing party seek to withhold any document based on some limitation of discovery (including but not limited to a claim of privilege), the producing party shall supply a privilege log listing the documents and data for which such limitation of discovery is claimed within 15 days after any production of electronic or hard copy documents, indicating:

a.   The identity of each document's author, writer, sender;
b.   The identity of each document's recipient, addressee, or person for whom it was intended;
c.   The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;
d.   The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document and the adjudication of the applicability of the privilege without waiving it; and
e.   The claimed grounds for the limitation of discovery (*e.g.*, "attorney-client privilege.").

Should the producing party seek to redact any document or data based on some limitation of discovery (including but not limited to a claim of privilege), the producing party shall supply a redaction list separate from the privilege log addressed above within

15 days after any production of redacted electronic or hard copy documents or data for which such limitation of discovery is claimed, indicating:

    a.    The claimed grounds for the redaction;

    b.    The nature of the redacted material sufficient to permit the adjudication of the applicability of the privilege without waiving it (*e.g.*, "patient name," "trade secret," etc.); and

    c.    A description of the exact process used for redaction.

During the pendency of the litigation, an electronic copy of the original unredacted data shall be securely preserved in such manner so as to preserve without modification, alteration, or addition the content of such data, including any meta-data associated therewith.

    **E.** Costs:

    i) Readily accessible electronically stored information ("ESI"): While each Party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents, initially each Party will bear the costs to process and review its own documents. Where documents are produced in electronic form, the receiving Party will bear the production costs incurred by the producing Party (this is intended to cover costs such as the costs of storage, CDs, DVDs, hard drives and shipping).

    **ii)** Inaccessible ESI: To the extent that any Party requests data that is not readily accessible, the Parties shall comply with the Federal Rules of Civil Procedure in determining whether the inaccessible data is to be produced and which Party will bear what portion of the costs of production, including the costs to process and review such data to the extent such process or review is unique or non-standard. The Parties expressly agree that they will confer concerning inaccessible ESI prior to seeking the Court's assistance.

## II. PRESERVATION

A. The Parties shall abide by the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26, and preserve all documents relevant to this litigation in a manner consistent with those guidelines. AstraZeneca has represented that it has retained a copy of all e-mail on backup media since approximately November 2002 and since September 12, 2003, has sent at least ten memorandums reminding its employees of their ongoing obligation to preserve documents relevant to pending Seroquel litigation. AstraZeneca is ordered to continue to retain all such e-mail.  If any attorney for a Plaintiff before this Court has not communicated, in writing, to any Seroquel Plaintiff that they have a continuing obligation to preserve all potentially discoverable information, they shall do so within 7 days of the entry of this order.  Plaintiffs liaison counsel shall provide a copy of this order to additional Plaintiffs attorneys not presently before the Court.

Specifically, AstraZeneca shall preserve all documents and other records—including electronically stored information—containing information potentially relevant to the subject matter of this litigation. The Parties shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. The Parties agree to confer regarding the appropriateness of the back up, any back-up data and retention of third party email accounts (eg., hotmail, yahoo, etc.) used for Seroquel related business, computers not backed up by AstraZeneca's network (including laptops used by Seroquel sales representatives) and the potential sharing of costs for such retention and submit an agreed order or competing proposals on same within 14 days of the entry of this order.

## III. MEET AND CONFER OBLIGATIONS

**A.** The Parties agree that they will use all reasonable efforts to confer regarding discovery, including any proposed changes to this Order. The Parties also agree that they will seek this Court's assistance only after reasonably exhausting efforts to resolve the matter by agreement.

DONE and ORDERED in Orlando, Florida on December ___, 2006.

_____
David A. Baker
United States Magistrate Judge

# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation,**
**MDL DOCKET NO. 1769**

**This document relates to (ALL CASES)**

_____/

**ORDER REGARDING DOCUMENT**
**PRODUCTION PROTOCOL AND PRESERVATION**

      For all documents in the possession of and produced by AstraZeneca Pharmaceuticals

LP, AstraZeneca LP ("AstraZeneca") and Plaintiffs (collectively "Parties") in this litigation,

the Court orders the following production protocol:

**I. DOCUMENT PRODUCTION**

    **A.** Format of Production.

        **i)** Documents in hard copy:  For all documents which the producing party intends

to make the original documents available in a mutually agreed upon depository, the

parties agree to confer regarding whether such documents should be scanned into

electronic format and possible cost shifting.

        With respect to documents that are collected by either party in order to respond to

a discovery request in this action, that party agrees – before any hard copies are made of

those documents – to inform the other party that such a collection has been made.  The

producing party agrees that the cost of making documents available for inspection is a

cost borne by the producing party.  The producing party agrees to make available such

documents for inspection in electronic format.  Where the cost of making the documents

available in electronic format is determined to be less than 15% over the cost of making

traditional hard-copy documents available for inspection, then the producing party shall

- 1 -

Deleted: PROPOSED STIPULATION

Deleted: parties hereby stipulate to

Formatted: DPW PF,pf, Indent: First line:  0"

Deleted: Hard

Formatted: Font: 12 pt, Underline

Formatted: Font: 12 pt

Deleted: . Defendants shall produce all responsive hard copy documents in Tagged Image File Format ("TIFF") with an accompanying load file and OCR text file. The cost of converting such documents to TIFF files with OCR shall be shared equally by Plaintiffs and AstraZeneca.

Formatted: Font: 12 pt

Formatted: Centered

bear the expense.[1]  To the extent the cost of making the documents available in electronic format is greater than 15% over the cost of making the documents available in traditional hard-copy format, then the parties shall confer on the issue of sharing the cost by which scanning exceeds copying, staffing and maintaining a document depository.

**ii)** Electronic documents:

**(1)** Unredacted electronic documents shall be produced at a minimum of 300x300dpi in single-page TIFF format, with an accompanying load file that contains, to the extent possible and practicable, the following metadata fields:

a.   Electronic document type;
b.   Create date;
c.   File name & file location;
d.   Source location;
e.   Starting production number;
f.   Ending production number;
g.   Custodian;
h.   Last date modified;
i.   Date produced for discovery;
j.   The system and software program used for production;
k.   Author;
l.   Recipient(s);
m.   Document date (if different from create date);
n.   cc(s);
o.   bcc(s);
p.   Subject;
q.   Title;
r.   Attachment information (for e-mails);
s.   Full text of the document extracted from the original native format in searchable form (eg. a ".txt" file); and
t.   Whether the document was previously produced.

Deleted: (a)

Formatted: Line spacing:  single, Numbered + Level: 1 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at:  1" + Tab after:  1.25" + Indent at:  1.25"

Deleted: (b)

Deleted: (c)

Deleted: ;

Deleted: (d)

Deleted: (e)

Deleted: (f)

Deleted:

Deleted: (g)

Deleted: (h)

Deleted: (i)

Deleted: and

Deleted: (j)

Deleted: .

---

[1] The producing party is to bear said expenses in light of the opportunity for the producing party to benefit from additional cost-savings by not maintaining, staffing, or otherwise making available a physical facility/depository and because it is less expensive to perform redaction from electronic images as compared to hard-copy documents.

Formatted: Centered

When it is possible, but the producing party deems it impracticable, to produce these metadata fields for a group of documents the producing party shall promptly confer on how, if at all, the impracticability can be overcome.

**(2)** Before Excel spreadsheets are converted to TIFF format, all hidden rows and columns will be displayed and their text included in the text extracted.

**(3)** Documents that present imaging or formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems. The Parties are not required to produce exact duplicates of electronic documents stored in different electronic locations. Where exact duplicates are not produced, the producing party shall identify each duplicate not produced including the custodian and the duplicate location. The Plaintiffs shall produce documents on either DVD or CD and may produce fact sheets by email in ".pdf" format. AstraZeneca will produce documents on DVD until provided hard drives from Plaintiffs, and shall then produce documents on those hard drives unless and until they run out (in which case they will use DVD's) or until the parties agree upon on another medium. After review of documents, the Parties may make reasonable requests that certain documents that are identified by production number be produced in their "native" format. After such a request is received, the Parties shall meet and confer with respect to the production of, document integrity of and sharing of costs related to the production of native documents on a document-by-document basis.

**(4)** Redacted documents shall be produced in single-page TIFF format, at a minimum of 300x300dpi with an accompanying load file that contains the agreed upon metadata fields above, excluding any field (including any text files) which contain redactions. Since the document as kept in the routine course of business was searchable, the producing party will perform Optical Character Recognition ("OCR") on the redacted documents to preserve the requesting party's ability to search the documents. The producing party shall

bear the expense of the OCR and shall provide the OCR text as part of the document

production.  If redacted files are provided in the same load file as unredacted then the load

file should indicate whether the file has been redacted.

        **iii)** Data bases: The Parties agree to use good faith efforts to meet and confer to

attempt to resolve the problems. The Parties are not required to produce exact duplicates of

electronic documents stored in different electronic locations. Where exact duplicates are not

produced, the producing party shall identify each duplicate not produced including the

custodian and the duplicate location. The Plaintiffs shall produce documents on either DVD

or CD and may produce fact sheets by email in ".pdf" format.  AstraZeneca will produce

documents on DVD until provided hard drives from Plaintiffs, and shall then produce

documents on those hard drives unless and until they run out (in which case they will use

DVD's) or until the parties agree upon on another medium.

        **iii)** Data bases and other non-custodial files or systems: The Parties agree to use good

faith efforts to confer over the discoverability of responsive data contained within data

bases and other potential "non-custodial" files or systems.[2] The Parties also agree to use

good faith efforts to reach agreement on the format of production, to the extent that any

data base information is produced. The Court's assistance may be sought if the Parties

have failed to reach agreement after good faith discussions within _____ days.  To aid

these discussions AstraZeneca shall provide the lists of the most likely custodians of

relevant electronic materials and each relevant electronic system as well as the names of

---

[2]  Including: 1) adverse event database; 2) sales call tracking database; 3) IMS database;
4) clinical communications database; 5) regulatory database; 6) regulatory contact databases; 7)
clinical trial database; 8) medical literature database; 9) research report database; 10)
documentum or similar databases (document management systems used by many pharmacy
companies); 11) visitor speakers bureau and/or thought leader databases; 12) clinical payments
database; 13) field force rosters; and 14) instant message, voicemail, discussion forum and prior
website page databases, transcripts and recovery.

the person responsible for its electronic document retention policies and "e-discovery

liaison" as set forth in paragraph 2 of the Default Standard for Discovery of Electronic

Documents ("E-Discovery") from the U.S.D.C. for the District of Delaware within

days.  See, Document 99-2 (filed by AZ 12/8/08), Exhibit 2, pp. 1-2.

> **Deleted:** .
> **Formatted:** Font: 12 pt
> **Deleted:**
> **Formatted:** Underline

    **B.** Production Numbering. Each page of a produced document shall have a legible,

unique page identifier ("Production Number") and confidentiality legend (where applicable)

electronically "burned" onto the image at a location that does not obliterate, conceal, or

interfere with any information from the source document. No other legend or stamp will be

placed on the document image other than the Production Number, confidentiality legend

(where applicable), and redactions addressed above.

    **C.** Search terms.  The parties shall confer and submit a joint (or if not joint,

> **Formatted:** Normal, Justified, Indent: First line:  0.5", Tabs:  0", Left + 0.5", Left + 1", Left + 1.5", Left + 2", Left + 2.5", Left + 3", Left + 3.5", Left + 4", Left + 4.5", Left + 5", Left + 5.5", Left

competing) positions on the methods to be used and lists of search terms, words and

phrases that AZ shall use to search all electronic media potentially containing relevant

information within _____ days of the entry of this order (collectively "Search Terms").

Documents responsive to any agreed or adjudicated query search shall then be reviewed

by defendants for responsiveness and privilege, and thereafter produced electronically in

accordance with the guidelines herein.  Defendants shall reasonably accommodate

plaintiffs' requests for (i) searches of newly created data, and (ii) modified searches on

previously searched data.  For example, plaintiffs may submit Search Terms pertaining to

preemption issue discovery and later ask that the same media be searched with additional

terms, words or phrases.  Defendants will be prohibited from using any additional

searches other than those developed with the plaintiffs without sharing such Search

Terms and results with plaintiffs.  To aid the parties in identifying Search Terms and

discoverable data AstraZeneca shall produce a concordance (similar to those attached to

> **Formatted:** Centered

depositions) within _____ days, each time a new Seroquel discovery search is run, which

identifies all words that occur in the electronic search, how many times each word occurs

in the aggregate and in how many documents each word occurs (software such as

"Concordance" can generate such results).

> **Deleted:** Costs:
>
> **Formatted:** Font: 12 pt

  D.  Privilege and redaction logs.  AZ shall produce their first privilege log or

redaction log within _____ days after it asserts it has produced all discoverable electronic

and hard copy information that AZ in good faith asserts is discoverable in relation to

Plaintiffs' First Set of Requests for Production or preemption discovery issues, so as not

to hinder the immediate production of such materials.  Should the producing party seek to

withhold any document based on some limitation of discovery (including but not limited

to a claim of privilege), the producing party shall supply a privilege log listing the

documents and data for which such limitation of discovery is claimed within 15 days

after any production of electronic or hard copy documents, indicating:

  a.  The identity of each document's author, writer, sender;
  b.  The identity of each document's recipient, addressee, or person for whom it was intended;
  c.  The date of creation or transmittal indicated on each document, or an estimate of that date, indicated as such, if no date appears on the document;
  d.  The general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document and the adjudication of the applicability of the privilege without waiving it; and
  e.  The claimed grounds for the limitation of discovery (*e.g.*, "attorney-client privilege.").

  Should the producing party seek to redact any document or data based on some

limitation of discovery (including but not limited to a claim of privilege), the producing

party shall supply a redaction list separate from the privilege log addressed above within

> **Formatted:** Centered

15 days after any production of redacted electronic or hard copy documents or data for

which such limitation of discovery is claimed, indicating:

    a.     The claimed grounds for the redaction;
    b.     The nature of the redacted material sufficient to permit the adjudication of
        the applicability of the privilege without waiving it (*e.g.*, "patient name,"
        "trade secret," etc.); and
    c.     A description of the exact process used for redaction.

During the pendency of the litigation, an electronic copy of the original unredacted data

shall be securely preserved in such manner so as to preserve without modification,

alteration, or addition the content of such data, including any meta-data associated

therewith.

    **E.** Costs:

    i) Readily accessible electronically stored information ("ESI"): While each Party

expressly reserves its rights to seek costs relating to this litigation, including the costs of

producing documents, initially each Party will bear the costs to process and review its own

documents. Where documents are produced in electronic form, the receiving Party will bear

the production costs incurred by the producing Party (this is intended to cover costs such as

the costs of storage, CDs, DVDs, hard drives and shipping).

    ii) Inaccessible ESI: To the extent that any Party requests data that is not readily

accessible, the Parties shall comply with the Federal Rules of Civil Procedure in determining

whether the inaccessible data is to be produced and which Party will bear what portion of the

costs of production, including the costs to process and review such data to the extent such

process or review is unique or non-standard. The Parties expressly agree that they will confer

concerning inaccessible ESI prior to seeking the Court's assistance.

**Deleted:** i) Readily accessible ESI: While each Party expressly reserves its rights to seek costs relating to this litigation, including the costs of producing documents, initially each Party will bear the costs to process and review its own documents. Where documents are produced, the receiving Party will bear the production costs incurred by the producing Party.  This is intended to cover costs such as the costs of storage (CDs, DVDs, hard drives), shipping, and costs unique to a particular Party's request(s) (such as engineering time for unique or non-standard requests).

**Deleted:** and/or legacy

**Deleted:** meet and

**Formatted:** Centered

**II. PRESERVATION**

Formatted: Font: Bold

A. The Parties shall abide by the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26, and preserve all documents relevant to this litigation in a manner consistent with those guidelines. AstraZeneca has represented that it has retained a copy of all e-mail on backup media since approximately November 2002 and since September 12, 2003, has sent at least ten memorandums reminding its employees of their ongoing obligation to preserve documents relevant to pending Seroquel litigation. AstraZeneca is ordered to continue to retain all such e-mail. If any attorney for a Plaintiff before this Court has not communicated, in writing, to any Seroquel Plaintiff that they have a continuing obligation to preserve all potentially discoverable information, they shall do so within 7 days of the entry of this order. Plaintiffs liaison counsel shall provide a copy of this order to additional Plaintiffs attorneys not presently before the Court.

Deleted: Specifically,

Formatted: Font color: Black

Specifically, AstraZeneca shall preserve all documents and other records—including electronically stored information—containing information potentially relevant to the subject matter of this litigation. The Parties shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. The Parties agree to confer regarding the appropriateness of the back up, any back-up data and retention of third party email accounts (eg., hotmail, yahoo, etc.) used for Seroquel related business, computers not backed up by AstraZeneca's network (including laptops used by Seroquel sales representatives) and the potential sharing of costs for such retention and submit an agreed order or competing proposals on same within 14 days of the entry of this order.

Deleted: Parties

Deleted: meet and

Deleted: retention of

Deleted: the cost allocation

**III. MEET AND CONFER OBLIGATIONS**

Formatted: Centered

**A.** The Parties agree that they will use all reasonable efforts to confer regarding discovery, including any proposed changes to this Order. The Parties also agree that they will seek this Court's assistance only after reasonably exhausting efforts to resolve the matter by agreement.

DONE and ORDERED in Orlando, Florida on December ___, 2006.

David A. Baker
United States Magistrate Judge

_____

- 9 -