UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Marketing, Sales Practices,
and Products Liability Litigation

Case No. 6:06-md-1769-Orl-22DAB

_____/

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's Notice of Joint Hearing dated January 15, 2008 (Docket Entry No. 797), the Class Action Plaintiffs (as defined below) and Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC and AstraZeneca LP (collectively, "AstraZeneca"), by and through their counsel, respectfully submit this Joint Initial Status Report and Motion to Allow Electronic Equipment at the January 29, 2008 Status Conference.

**I.  STATUS REPORT**

Three class action lawsuits (collectively, the "Third Party Payor Class Actions") have been transferred to In re Seroquel Products Liability Litig. (MDL Docket No. 1769) before this Court pursuant to Conditional Transfer Order No. 34 of the Judicial Panel on Multidistrict Litigation, dated August 2, 2007. By this instant report, plaintiffs Ironworkers Local No. 399 and Participating Employers Health and Welfare Funds ("Ironworkers"),[1] Teamsters Joint Council Local No. 53 Retiree Health and Welfare Fund ("Teamsters"),[2] and International Brotherhood of Electrical Workers Local 98 ("IBEW")[3] (collectively, "Class Plaintiffs") and

---

[1] *Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funds, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, Docket No. 3:07-2313 (D.N.J.).

[2] *Teamsters Joint Council Local No. 53 Retiree Health & Welfare Fund v. AstraZeneca Pharmaceuticals, LP*, Docket No. 2:07-2752 (E.D. Pa.).

[3] *International Brotherhood of Electrical Workers Local 98 v. AstraZeneca Pharmaceuticals, LP, et al.*, Docket No. 3:07-2639 (D.N.J.).

AstraZeneca submit their respective positions regarding the coordination and scheduling of discovery in this proceeding and a proposed Agenda for the January 29, 2008 Status Conference.

No formal discovery has occurred in the Third Party Payor Class Actions. Discovery has been ongoing in MDL No. 1769 since approximately September 2006. AstraZeneca is in the process of producing documents to the personal injury plaintiffs in MDL No. 1769. Depositions of AstraZeneca corporate representatives are also in progress.

Counsel for the Class Action Plaintiffs have each received a copy of the confidentiality Order applicable to the general discovery of AstraZeneca previously entered in this Court on September 19, 2007, and shall execute said agreement.

## II. CONSOLIDATED AMENDED COMPLAINT AND MOTION TO DISMISS

Class Plaintiffs shall file and serve a single Consolidated Amended Class Action Complaint ("CAC") no later than February 28, 2008. AstraZeneca shall not be required to answer or otherwise respond to the three separate complaints currently filed in the Third Party Payor Class Actions.

AstraZeneca shall answer, move or otherwise plead and serve a response to the CAC no later than March 28, 2008. If AstraZeneca files a motion to dismiss the Consolidated Amended Complaint, Plaintiffs shall file and serve any opposition to AstraZeneca's motion on or before April 28, 2008.

In the event a complaint survives AstraZeneca's motion(s) to dismiss, AstraZeneca shall file and serve an answer to Plaintiffs' then-operative complaint thirty (30) days after any decision from the Court on such motion(s).

### III. STAY OF ACTIONS AND DISCOVERY

Class Plaintiffs and AstraZeneca agree that the Third Party Payor Class Actions should not be stayed. The parties also agree that, upon the execution by counsel for Class Plaintiffs of the Endorsement of Protective Order attached to the Protective Order entered by the Court on September 19, 2007 in MDL No. 1769, Class Plaintiffs should be permitted access to all of the discovery materials produced in connection with any previously-pending cases in MDL No. 1769.[4]

After meeting and conferring, however, the parties have been as yet unable to reach agreement regarding the manner in which other discovery should proceed and how these cases should be coordinated with the previously-pending actions in the MDL. As a result, Class Plaintiffs and AstraZeneca are submitting herewith their respective initial proposals for scheduling and case management of the Third Party Payor Class Actions. See Class Plaintiffs' Proposed Case Management Order No. 1 Regarding Third-Party Payor Cases (Exhibit A); Class Plaintiffs' Proposed Scheduling Order No. 1 Regarding Third-Party Payor Cases (Exhibit B); AstraZeneca's Proposed Case Management Order No. 1 Regarding Third-Party Payor Cases (Exhibit C); and AstraZeneca's Proposed Scheduling Order No. 1 Regarding Third-Party Payor Cases (Exhibit D).

#### 1. Depositions

The parties agree that any deposition noticed after January 29, 2008 in MDL No. 1769 should be cross-noticed in the Third Party Payor Class Actions, and that counsel for the parties in the Third Party Payor Class Actions may participate at those depositions in a manner approved by the Court and/or as may be agreed to by the parties. After meeting and conferring, the parties

---

[4] AstraZeneca's agreement in this regard is not a concession that any such discovery is relevant or admissible in any of the above matters.

have been unable to reach agreement as to the specifics for such participation, and would like to discuss that issue with the Court.

    2.    <u>Other Discovery</u>

(A)    AstraZeneca believes that all other discovery in the Third Party Payor Class Actions, whether related to parties or non-parties, should be stayed pending the resolution of any motion(s) to dismiss filed by AstraZeneca as to Class Plaintiffs' to-be-filed Consolidated Amended Complaint. In the event a complaint survives AstraZeneca's motion(s) to dismiss, upon answer of that complaint by AstraZeneca, it is AstraZeneca's position that discovery should proceed focusing on, but not limited to, matters that are relevant to Plaintiffs' anticipated motion for class certification; provided, however, that any discovery seeking information that would be relevant to these matters only if a class is certified should not proceed until a decision on the motion for class certification. In all cases, no discovery should proceed that is duplicative of any discovery previously obtained in connection with any previously-pending cases in MDL No. 1769.

(B)    Class Plaintiffs believe that, upon the filing of an answer, motion to dismiss or other response by AstraZeneca as to Class Plaintiffs' Consolidated Amended Complaint, non-duplicative discovery relevant to Class Plaintiffs' anticipated motion for class certification should proceed. Further, upon resolution of any motion(s) to dismiss, all other non-duplicative discovery should proceed.

(C)    The parties agree that they should meet and confer with regard to scheduling class certification discovery and briefing (assuming a complaint survives AstraZeneca's motion(s) to dismiss) within thirty (30) days hereof for purposes of submitting a proposed schedule for such matters to the Court.

IV.  **AGENDA**

The parties would like to discuss the following issues:

1. Their respective positions regarding the scheduling and scope of future discovery in this proceeding, including the proposed orders attached as Exhibits A through D hereto;

2. Access by Class Plaintiffs to discovery already produced and anticipated for production in MDL No. 1769; and

3. Whether the Third Party Payor Class Actions should be coordinated, rather than consolidated, with the personal injury cases in MDL No. 1769.

Class Plaintiffs would like to discuss the following additional items:

1. The organization of Plaintiffs' counsel in the Third Party Payor Class Actions.

V.  **MOTION TO ALLOW ELECTRONIC EQUIPMENT**

Pursuant to Middle District Local Rule 4.11(b), Class Plaintiffs and AstraZeneca jointly move for Court approval for the use of electronic equipment at the January 29, 2008 Status Conference, and as grounds therefore would show as follows:

A.  The following attorneys for the Class Action Plaintiffs seek to utilize BlackBerry email devices, cell phones without camera capabilities and a laptop computer to facilitate communication with their offices regarding discovery issues and access to their calendars for scheduling purposes:

 1. James J. Pepper (BlackBerry, laptop computer);
 2. Halley F. Ascher (BlackBerry, laptop computer);
 3. Casandra A. Murphy (BlackBerry, laptop computer);
 4. Kenneth Smith (cellular telephone, laptop computer); and

        5.    Brian J. McCormick, Jr. (BlackBerry, laptop computer).

B.    The following attorneys for AstraZeneca seek to utilize BlackBerry email devices, cell phones without camera capabilities and a laptop computer to facilitate communication with their offices regarding discovery issues and access to their calendars for scheduling purposes:

        1.    J. Gordon Cooney, Jr. (BlackBerry, laptop computer); and

        2.    Brian W. Shaffer (BlackBerry, laptop computer).

C.    Counsel for the parties represent, pursuant to Middle District Local Rule 4.11(b), that these devices will be switched to "silent activation mode" while in the courtroom.

Respectfully submitted on this the 25th day of January, 2008,

**SHELLER, P.C.**

By: _____
Stephen A. Sheller
Brian J. McCormick, Jr.
1528 Walnut Street, Floor 3
Philadelphia, PA 19102
Tel: (215) 790-7300
Fax: (215) 546-0942
*Counsel for Plaintiffs*

**MORGAN LEWIS & BOCKIUS LLP**

_____
J. Gordon Cooney, Jr.
Brian W. Shaffer
Kristofor T. Henning
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
*Counsel for Defendants*

**FINKELSTEIN THOMPSON LLP**
Richard M. Volin
Halley F. Ascher
Rosalee B. Connell
1050 30th Street, NW
Washington, D.C. 20007
Tel: (202) 337-8000
Fax: (202) 337-8090
*Counsel for Plaintiffs*

**HARRY R. BLACKBURN
& ASSOCIATES**
Harry R. Blackburn
208 Kings Highway South
Cherry Hill, NJ 08034
Tel: (856) 795-5758
Fax: (856) 428-1255
*Counsel for Plaintiffs*

**CAFFERTY FAUCHER LLP**
William R. Kane
1717 Arch Street
Philadelphia, PA 19103
Tel: (215) 864-2800
Fax: (215) 864-2810
*Counsel for Plaintiffs*

**CHIMICLES & TIKELLIS LLP**
Joseph G. Sauder
Denise Davis Schwartzman
Benjamin F. Johns
361 West Lancaster Avenue
Haverford, PA 19041
*Counsel for Plaintiffs*

**SCHIFFRIN, BARROWAY
TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Terence S. Ziegler
Casandra A. Murphy
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
*Counsel for Plaintiffs*