# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Marketing, Sales Practices,
and Products Liability Litigation

Case No. 6:06-md-1769-Orl-22DAB

**This Document Relates to:**

*Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funs, et al. v. AstraZeneca Pharmaceuticals, LP,* transferred from the United States District Court for the District of New Jersey, C.A. No. 3:07-2313;

*International Brotherhood of Electrical Workers Local 98 v. AstraZeneca Pharmaceuticals, LP, et al,* transferred from the United States District Court for the District of New Jersey, C.A. No. 3:07-2639; and

*Teamsters Joint Council Local No. 53 Retiree Health & Welfare Fund v. AstraZeneca Pharmaceuticals, LP,* transferred from the United States District Court for the Eastern District of Pennsylvania, C.A. No. 2:07-2752.

**[Plaintiffs' Proposed] CASE MANAGEMENT ORDER NO. 1
REGARDING THIRD-PARTY PAYOR CASES**

**AND NOW**, this _____ day of _____ 2008, after a status conference with counsel for the parties in the above matters held on January 29, 2008, it is hereby **ORDERED** as follows:

I. **Background**

(A) By Order dated August 2, 2007, the Judicial Panel on Multi-District Litigation transferred the above putative class action lawsuits (the "Third Party Payor Class Actions") to this Court for coordination with the pending cases in In re Seroquel Products Liability Litig. (MDL Docket No. 1769);

(B) For the convenience of the parties and witnesses and to avoid unnecessary repetition of discovery and other matters already completed in the pending MDL cases, pre-trial proceedings in the Third Party Payor Class Actions will be coordinated, but not consolidated, with the pending cases in In re Seroquel Products Liability Litig. (MDL Docket No. 1769);

(C) Any Order or provision therein entered in the MDL cases prior to the date of this [Proposed] Case Management Order No. 1 shall govern the proceedings in the Third Party Payor Class Actions only if and to the extent described below, or as described in subsequent modifications hereto; and

(D) This Order shall govern the practice and procedure in the Third Party Payor Class Actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to its order of August 2, 2007.

## II. General Provisions

(A) All pleading or papers shall be filed electronically; no copies will be necessary. All papers filed in these actions shall bear the identification "MDL Docket No. 1769", and "IN RE: Seroquel Marketing, Sales Practices, and Products Liability Litigation."

(B) Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court. All Attorneys appearing before this Court shall use the CM/ECF docket system. Counsel are directed to the website located at www.flmd.uscourts.gov under "CM/ECF" where they can request their password from the Court. **(*Note:* Pro Se parties are exempt from the electronic filling requirement.)** Tutorials on the use of the Court's electronic case filing system are available on the Court's website. By obtaining a password Counsel subject themselves to the Local Rules of this Court including Local Rule 2.04 relating to Discipline. All Counsel must familiarize themselves with the Local

Rules of Court and the Court's CM/ECF Administrative Policies and Procedures. Counsel shall obtain their personal passwords immediately but in any event no later than March 1, 2008. Paper copies of Orders and Notices will not be sent to Counsel. It is Counsel's responsibility to keep advised of all activity in this case.

(C) Any paper which is to be filed in any of these actions shall be filed electronically with the Clerk of this Court and not with the transferor district court.

(D) Upon remand of any of these actions the parties may be required to provide to this Court copies of any necessary and relevant papers previously filed in this action to be included with the documents sent to the transferor district court.

(E) No parties to any of these actions shall be required to obtain local counsel in this district and the requirements of Rule 2.01 and 2.02 of the Local Rules of this Court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

(F) Hearings shall not be held on any motions filed except by order of Court upon such notice as the Court may direct.

(G) Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

(H) The Court will be guided by the *Manual for Complex Litigation, Fourth* approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

(I) Status conferences shall be held approximately every 6 weeks, on a date selected by the Court, or at such other time as the Court may order. To aid the Court and the parties in preparing for future conferences, TPP Liaison Counsel (as defined below) for the parties shall meet and confer at least 10 days prior to each future status conference to attempt to agree upon a proposed agenda for the conference. Not less than 3 business days prior to the conference, the parties shall submit a joint agenda that reports on the number of cases in the MDL and the number tagged for transfer, that lists all motions that have been fully briefed and not yet decided, that lists all motions filed but not yet fully briefed, and that identifies any issue that either or both parties wish to raise with the Court. The parties may submit at the same time separate statements of their positions on said issues. If the parties agree that they would like the Court to take any action, the joint agenda shall so state. The agenda is intended to inform the Court of matters that the parties desire to raise at the status conference, and the Court may amend or augment its agenda as it deems appropriate.

### III. Liaison Counsel.

(A) Counsel for the named plaintiffs in the Third Party Payor Class Actions shall appoint and identify to counsel for Defendants Liaison Counsel who shall be referred to as "TPP Plaintiffs' Liaison Counsel." Counsel for AstraZeneca shall likewise appoint and identify to counsel for Plaintiffs Liaison Counsel who shall be referred to as "TPP Defendant's Liaison Counsel." "TPP Plaintiffs' Liaison Counsel" and "TPP Defendant's Liaison Counsel" are referred to collectively herein as "TPP Liaison Counsel." The responsibilities for respective liaison counsel with respect to the Third Party Payor Class Actions are the same as those set forth in ¶ 7 of the Court's Scheduling Order dated August 15, 2006 (Docket Entry No. 4) and ¶ II(C) of Case Management Order No. 1 (Docket Entry No. 130).

(B) The parties in the Third Party Payor Class Actions shall serve all pleadings, filings, discovery requests, discovery responses and any other document served on opposing counsel in the ordinary course of litigation only on the respective TPP Liason Counsel and Liaison Counsel for the existing MDL cases. Thus, no party in the Third Party Payor Class Actions shall be required to serve any document on any counsel in the existing MDL cases except Liaison Counsel.

**IV.     Incorporation of Protective Order.**

The Protective Order dated September 19, 2007 (Docket Entry No. 478) as well as the modification to that Protective Order set forth in the Court's Order dated October 18, 2007 (Docket Entry No. 587) shall apply to the Third Party Payor Class Actions.

**V.     Motions**

**A.     Notice of Motions and Briefing Schedule**

Except for emergencies or unless otherwise agreed by the parties, motions shall not be brought for hearing at any time other than a regularly scheduled status conference.

In order to be heard at a regularly scheduled status conference, a motion must be filed and served at least 20 days before said conference. Any motion filed and served less than 20 days before a status conference shall be heard not at the upcoming status conference but at the status conference thereafter. The Court may rule on motions without a hearing.

Absent an Order of the Court, briefs in response to motions shall be filed 11 days after the date of service. Replies are not permitted absent leave of Court.

**B.     Applicable Rules**

Motion practice shall be governed by the applicable Federal and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

### C. Telephone Hearings

Hearings may also be conducted by telephone at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties are available and receive at least 48 hours' notice. In an emergency, the Court may shorten the notice requirement. Telephone conference calls will often serve as an efficient substitute for Court appearances, as for example, where counsel desire to present short arguments and obtain an immediate ruling. The Court itself may initiate conference calls on procedural or scheduling matters.

### VI. Service of Documents

### A. Orders

Henceforth, the Clerk of Court shall forward only to TPP Plaintiffs' Liaison Counsel and TPP Defendants' Liaison Counsel a copy of each order or other document normally served by the Clerk. Service on TPP Liaison Counsel shall be considered service on all parties. Counsel wishing to be removed from the electronic service list should notify the Clerk.

### B. Pleadings, Motions and Other Documents

A party filing a pleading, motion, or other document shall provide one copy to TPP Plaintiffs' Liaison Counsel and one copy to TPP Defendants' Liaison Counsel. A copy of the document shall also be submitted to TPP Liaison Counsel, as TPP Liaison Counsel may agree, on a disc or CD-ROM in either WordPerfect format or Microsoft Word, or by email in .pdf format. Service on TPP Plaintiffs' Liaison Counsel constitutes service on all Class plaintiffs' counsel. Any pleading, motion or other document directed at a non-AstraZeneca Defendant shall be served on TPP Defendants' Liaison Counsel, as well as on the Defendant to

whom the pleading, motion or other document is directed. Service and distribution by TPP Liaison Counsel to other attorneys of record shall be by overnight courier service, fax or email, reserving any receiving counsel the right to waive, in writing, such receipt.

### C. Electronic Service/Web Site/Virtual Depository

TPP Plaintiffs' Liaison Counsel shall confer with all of Class plaintiffs' Counsel as to whether electronic service of documents is appropriate in these actions and/or whether a website and virtual depository would be helpful and advance the course of this litigation. At the appropriate time, counsel shall report to the Court regarding these matters.

### VII. Case Management Order No. 3 (Deposition Protocols).

Case Management Order No. 3 (Deposition Protocols) (Docket Entry No. 193) shall apply to the Third Party Payor Class Actions except for Sections II(A) and II(F), and except as otherwise modified by Scheduling Order No. 1 for the Third Party Payor Class Actions entered by the Court on _____, 2008.

### VII. Modification.

The Court may modify this Order for good cause shown.

SO ORDERED THIS _____ DAY OF _____, 2008

                                               _____
                                               Anne C. Conway
                                               United States District Judge