# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Marketing, Sales Practices,
and Products Liability Litigation

Case No. 6:06-md-1769-Orl-22DAB

This Document Relates to:

*Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funs, et al. v. AstraZeneca Pharmaceuticals, LP,* transferred from the United States District Court for the District of New Jersey, C.A. No. 3:07-2313;

*International Brotherhood of Electrical Workers Local 98 v. AstraZeneca Pharmaceuticals, LP, et al,* transferred from the United States District Court for the District of New Jersey, C.A. No. 3:07-2639; and

*Teamsters Joint Council Local No. 53 Retiree Health & Welfare Fund v. AstraZeneca Pharmaceuticals, LP,* transferred from the United States District Court for the Eastern District of Pennsylvania, C.A. No. 2:07-2752.

**[Plaintiffs' Proposed] SCHEDULING ORDER NO. 1
REGARDING THIRD-PARTY PAYOR CASES**

**AND NOW**, this ____ day of _____ 2008, after a status conference

with counsel for the parties in the above matters held on January 29, 2008, it is hereby

**ORDERED** as follows:

I.    **Plaintiffs' Amended Consolidated Complaint, Defendants' Response And Briefing Schedule.**

(A)    Class Plaintiffs shall file an Amended Consolidated Complaint

consolidating the above actions under the docket number assigned to *Ironworkers Local Union*

*No. 68 & Participating Employers Health & Welfare Funs, et al. v. AstraZeneca*

*Pharmaceuticals, LP,* transferred from the United States District Court for the District of New

Jersey, C.A. No. 3:07-2313, on or before February 28, 2008 (the "Third Party Payor Class Actions");

      (B)     Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC and AstraZeneca LP (collectively, "AstraZeneca") shall respond to Plaintiffs' Amended Consolidated Complaint on or before March 28, 2008. AstraZeneca is under no obligation to respond to the existing complaints in the above matters;

      (C)     If AstraZeneca files a motion to dismiss the Amended Consolidated Complaint, Plaintiffs shall file and serve any opposition to AstraZeneca's motion on or before April 28, 2008;

      (D)     In the event a complaint survives AstraZeneca's motion(s) to dismiss, AstraZeneca shall file an answer to Plaintiffs' then-operative complaint thirty (30) days after any decision from the Court requiring such an answer;

## II.    Discovery Pending Defendants' Motion To Dismiss.

      (A)     Upon the execution of the Endorsement of Protective Order attached to the Protective Order entered by the Court on September 19, 2007 in In re Seroquel Products Liability Litig. (MDL Docket No. 1769) by all counsel of record for Plaintiffs in the above-captioned class actions, Plaintiffs shall be permitted access to all of the discovery materials produced in connection with any previously-pending cases in MDL No. 1769 (hereinafter, the "Individual Personal Injury Actions"), as well as AstraZeneca's continuing production of documents and electronic data, which is expected to be completed by mid-March 2008. Plaintiffs' access to the existing MDL No. 1769 discovery is not a concession by AstraZeneca that any such discovery is relevant or admissible in any of the above matters;

(B)    Merits discovery and class certification discovery should proceed according to the staged schedule set forth below:

(C)    **Discovery Stage I:**

(1)    Commencing on January 29, 2008 and continuing until the earlier of (i) AstraZeneca's filing of an Answer to Class Plaintiffs' Amended Consolidated Complaint or (ii) completion of briefing on AstraZeneca's Motion to Dismiss Plaintiffs' Amended Consolidated Complaint, all depositions in the Individual Personal Injury Actions shall be cross-noticed in the Third Party Payor Class Actions, and counsel for the parties in the Third Party Payor Class Actions may appear and participate at those depositions;

(2)    The parties in the Third Party Payor Class Actions may re-notice and re-depose at a later date any witness deposed during this time period, except as to any questions actually asked by such counsel during the initial deposition; and

(3)    All other discovery in the Third Party Payor Class Actions shall be stayed

(D)    **Discovery Stage II**

(1)    Commencing on the earlier of (i) AstraZeneca's filing of an Answer to Class Plaintiffs' Amended Consolidated Complaint or (ii) completion of briefing on AstraZeneca's Motion to Dismiss Plaintiffs' Amended Consolidated Complaint and continuing until the Court's ruling on AstraZeneca's Motion to Dismiss Plaintiffs' Amended Consolidated Complaint, all depositions in the Individual Personal Injury Actions shall be cross-noticed in the Third Party Payor Class Actions, and counsel for the parties in the Third Party Payor Class Actions may appear and participate at those depositions;

(2)     The parties in the Third Party Payor Class Actions may re-notice and re-depose at a later date any witness deposed during this time period, but only as to issues that (i) arise as a result of discovery propounded by Class Plaintiffs, (ii) relate to class issues, or (iii) are otherwise non-duplicative of questions asked by any counsel during the initial deposition;

(3)     AstraZeneca may object to the re-noticing of a deposition of any witness deposed during this time period, and the parties shall meet and confer with regard to such objections within ten (10) days thereafter.  If, after meeting and conferring with Class Plaintiffs, AstraZeneca does not consent to the scope and/or propriety of any re-noticed deposition, AstraZeneca may petition the court based on good cause to limit the scope or disallow the re-noticed deposition;

(4)     Class Plaintiffs and AstraZeneca may propound written discovery on class certification issues only; and

(5)     Other than participating in depositions as set forth above, non-class certification discovery shall remain stayed.

(E)     **Discovery Stage III**

(1)     Commencing on the Court's ruling on AstraZeneca's Motion to Dismiss Plaintiffs' Amended Consolidated Complaint, all depositions in the Individual Personal Injury Actions shall be cross-noticed in the Third Party Payor Class Actions, and counsel for the parties in the Third Party Payor Class Actions may appear and participate at those depositions;

(2)     The parties in the Third Party Payor Class Actions may re-notice and re-depose at a later date any witness deposed during this time period, but only as to issues that (i) arise as a result of discovery propounded by Class Plaintiffs or (ii) relate to class issues;

4

(3)     Further, if an AstraZeneca witness was deposed under the guidelines set forth above in Section II(D) above, Class Plaintiffs may re-notice that same witness at a later date for questioning only as to issues that (i) arise as a result of discovery propounded by Class Plaintiffs, (ii) relate to class issues, or (iii) are otherwise non-duplicative of questions asked during the initial deposition;

(4)     AstraZeneca may object to the re-noticing of a deposition of any witness deposed during this time period, and the parties shall meet and confer with regard to such objections within ten (10) days thereafter.  If, after meeting and conferring with Class Plaintiffs, AstraZeneca does not consent to the scope and/or propriety of any re-noticed deposition, AstraZeneca may petition the court based on good cause to limit the scope or disallow the re-noticed deposition;

(5)     Class Plaintiffs and AstraZeneca may notice depositions related to class certification issues only;

(6)     Class Plaintiffs and AstraZeneca may propound written discovery related to the merits of the Third Party Payor Class Actions; and

(7)     Any other stays on discovery shall be lifted.

(F)     All depositions will be conducted in accordance with certain provisions of Case Management Order No. 3 (Deposition Protocols), entered by the Court on April 17, 2007, as set forth in the Case Management Order in this case.

**III.    Modification of Deadlines.**

The Court may modify this Order for good cause shown.


SO ORDERED THIS _____ DAY OF _____, 2008.


_____
Anne C. Conway
United States District Judge