# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: Seroquel Products Liability Litigation                    **MDL DOCKET NO. 1769**

**This Document Relates to:**

*Ironworkers Local Union No. 68 & Participating*
*Employers Health & Welfare Funs, et al. v. AstraZeneca*
*Pharmaceuticals, LP,* transferred from the United States
District Court for the District of New Jersey, C.A. No.
3:07-2313;

*International Brotherhood of Electrical Workers Local*
*98 v. AstraZeneca Pharmaceuticals, LP, et al,* transferred
from the United States District Court for the District of
New Jersey, C.A. No. 3:07-2639; and

*Teamsters Joint Council Local No. 53 Retiree Health &*
*Welfare Fund v. AstraZeneca Pharmaceuticals, LP,*
transferred from the United States District Court for the
Eastern District of Pennsylvania, C.A. No. 2:07-2752.

## CASE MANAGEMENT ORDER NO. 1

**AND NOW,** this _____ day of _____ 2008, after a status conference

with counsel for the parties in the above matters held on January 29, 2008, it is hereby

**ORDERED** as follows:

### I.   Background

(A)    By Order dated August 2, 2007, the Judicial Panel on Multi-District

Litigation transferred the above putative class action lawsuits ("the Third Party Payor Class

Actions") to this Court for coordination with the pending cases in In re Seroquel Products

Liability Litig. (MDL Docket No. 1769);

(B)     Although the Third Party Payor Class Actions have not been consolidated with the pending cases in In re Seroquel Products Liability Litig. (MDL Docket No. 1769), pre-trial proceedings in the Third Party Payor Class Actions actions will be coordinated with the pending MDL cases for the convenience of the parties and witnesses and to avoid unnecessary repetition of discovery and other matters already completed in the pending MDL cases; and

(C)     The Court has entered numerous Orders regarding the existing MDL cases, including several Case Management and Scheduling Orders.  Except as set forth below and incorporated herein, however, those Orders will not govern the proceedings in the Third Party Payor Class Actions.  Only this Order and any subsequently entered Orders that expressly apply to the Third Party Payor Class Actions will control the proceedings in these cases.

## II.     Liaison Counsel.

A.     Counsel for the named plaintiffs in the Third Party Payor Class Actions shall appoint and identify to counsel for Defendants Liaison Counsel who shall be referred to as "TPP Plaintiffs' Liaison Counsel."  Counsel for AstraZeneca shall likewise appoint and identify to counsel for Plaintiffs Liaison Counsel who shall be referred to as "TPP Defendant's Liaison Counsel."  "TPP Plaintiffs' Liaison Counsel" and "TPP Defendant's Liaison Counsel" are referred to collectively herein as "TPP Liaison Counsel."  The responsibilities for respective liaison counsel with respect to the Third Party Payor Class Actions are the same as those set forth in ¶ 7 of the Court's Scheduling Order dated August 15, 2006 (Docket Entry No. 4)(attached as Exhibit 1) and ¶ II(C) of Case Management Order No. 1 (Docket Entry No. 130)(attached as Exhibit 2).

B.     The parties in the Third Party Payor Class Actions shall serve all pleadings, filings, discovery requests, discovery responses and any other document served on

opposing counsel in the ordinary course of litigation only on the respective TPP Liason Counsel and Liaison Counsel for the existing MDL cases.  Thus, no party in the Third Party Payor Class Actions shall be required to serve any document on any counsel in the existing MDL cases except Liaison Counsel.

**III.    Incorporation Of Prior Scheduling, Case Management And Other Orders**

(A)    **Protective Order.**   The Protective Order dated September 19, 2007 (Docket Entry No. 478)(attached as Exhibit 3) as well as the modification to that Protective Order set forth in the Court's Order dated October 18, 2007 (Docket Entry No. 587)(attached as Exhibit 4) shall apply to the Third Party Payor Class Actions;

(B)    **Scheduling Order.**

(1)    Paragraphs 1-3, 5 and 8-15 of the Court's Scheduling Order dated August 15, 2006 (Docket Entry No. 4)(attached as Exhibit 1) shall apply to the Third Party Payor Class Actions.

(2)    Paragraph 4 of the Court's Scheduling Order shall also apply to the Third Party Payor Class Actions; provided, however, that the September 1, 2006 deadline for counsel to obtain passwords for the Court's electronic filing system shall not apply.

(C)    **Case Management Order No. 1.**

(1)    Paragraph II of Case Management Order No. 1 (Docket Entry No. 130)(attached as Exhibit 2) shall apply to the Third Party Payor Class Actions.

(2)    Paragraphs IV.A – IV.C of Case Management Order No. 1 (Docket Entry No. 130) shall apply to the Third Party Payor Class Actions.

(2)    Paragraphs V.A – V.C of Case Management Order No. 1 (Docket Entry No. 130) shall also apply to the Third Party Payor Class Actions; provided,

however, that (1) all references to Liaison Counsel in those paragraphs shall be deemed to refer to the respective TPP Liaison Counsel; and (2) the reference to "Lead Counsel" in ¶ V(C) shall be deemed to refer to TPP Liaison Counsel.

        (D)    **Case Management Order No. 3 (Deposition Protocols).** Case Management Order No. 3 (Deposition Protocols) (Docket Entry No. 193)(attached as Exhibit 5) shall apply to the Third Party Payor Class Actions, except as modified by Scheduling Order No. 1 for the Third Party Payor Class Actions entered by the Court on _____, 2008 or as otherwise modified by the Court for the Third Party Payor Class Actions.

    **IV.**    **Modification.**

        (A)    The Court may modify this Order for good cause shown.

SO ORDERED THIS _____ DAY OF _____, 2008

_____
Anne C. Conway
United States District Judge

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FILED

2006 AUG 15 AM 11:09

U.S. DI....... COURT
MIDDLE DIST.....OF FLORIDA
ORLANDO FLORIDA

IN RE
Seroquel Products Liability Litigation
MDL DOCKET NO. - 1769 (All Cases)

## SCHEDULING ORDER

1. This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to their order of July 6, 2006 as well as all related actions originally filed in this court or transferred or removed to this court. These actions are listed in the Schedules attached hereto. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2. The actions described in paragraph 1 of this order are coordinated for pretrial purposes.

3. All pleading or papers shall be filed electronically; no copies will be necessary. All papers filed in these actions shall bear the identification "MDL Docket No. 1769 ", and when such paper relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such paper does not relate to all of these actions the individual docket numbers assigned by the Clerk of this Court (as listed in the Schedules hereto) of those actions to which the paper relates shall also be listed. If such paper relates to five or fewer actions the abbreviated caption of each of the actions may be listed opposite its number.

4. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court. All Attorneys appearing before this Court shall use the CM/ECF docket system. Counsel are directed to the website located at www.flmd.uscourts.gov under "CM/ECF" where they can request their password from the Court. (*Note:* Pro Se parties are exempt from the electronic filing requirement.) Tutorials on the use of the Court's electronic case filing system are available on the Court's website. By obtaining a password Counsel subject themselves to the Local Rules of this Court including Local Rule 2.04 relating to Discipline. All Counsel must familiarize themselves with the Local Rules of Court and the Court's CM/ECF Administrative Policies and Procedures. Counsel shall obtain their personal passwords immediately but in any event no later than September 1, 2006. Paper copies of Orders and Notices will not be sent to Counsel. It is Counsel's responsibility to keep advised of all activity in this case.

5. Any paper which is to be filed in any of these actions shall be filed electronically with the Clerk of this Court and not with the transferor district court.

6. Prior to the first pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto as well as on all pro se litigants. Any attorney who wishes to have his name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk of this Court with notice to all other persons on such service list. The parties shall present to the Court at the first pretrial conference a list of attorneys for purposes of service. Only one attorney for each party separately represented shall be included on such list. Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney Service List as well as on all pro se litigants.

7. Prior to the first pretrial conference, counsel for each group of parties whose interests are similarly aligned shall designate liaison counsel, subject to the approval of the Court. Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

8. Upon remand of any of these actions the parties may be required to provide to this Court copies of any necessary and relevant papers previously filed in this action to be included with the documents sent to the transferor district court.

9. No parties to any of these actions shall be required to obtain local counsel in this district and the requirements of Rule 2.01 and 2.02 of the Local Rules of this Court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

10. Hearings shall not be held on any motions filed except by order of Court upon such notice as the Court may direct.

11. Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

12. Any orders including protective orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court upon application.

13. All discovery proceedings in these actions are stayed until further order of this Court and the

time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Rules of Civil Procedure, are tolled until the first pretrial conference at which time a discovery schedule will be established.

14. All deadlines for responding to a complaint or a pending motion are stayed pending the establishment of a schedule for responses to be determined at the initial pretrial conference.

15. The Court will be guided by the *Manual for Complex Litigation, Fourth* approved by the Judicial Conference of the United States and counsel are directed to familiarize themselves with that publication.

16. All other matters will be discussed at the initial pretrial conference before the undersigned and the Honorable David A. Baker, to be held in Courtroom 2, at the George C. Young United States Courthouse and Federal Building, 80 N. Hughey Avenue, Orlando, Florida 32801 at 2:30 PM on Thursday September 7, 2006. No later than August 24, 2006, counsel shall furnish suggestions for items to be included on the agenda for this conference.

17. Counsel and Pro Se parties are required to attend a meeting to prepare for the initial pretrial conference on Thursday September 7, 2006 at 1:00 PM in room 529 of the George C. Young Courthouse. The purpose of this meeting is for counsel and the parties to review and narrow the issues to be discussed at the initial pretrial conference.

18. The parties shall file a response to the Interested Persons Order, attached to this Order, within the time prescribed thereon.

DONE and ORDERED in Chambers, in Orlando, Florida on August 15, 2006.

Anne C. Conway
United States District Judge

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

_____

**This Document Relates to ALL CASES**

## ORDER

This cause is before the Court on MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) filed December 12, 2006.

The United States Magistrate Judge has submitted a Report recommending that the Motion be granted in part, denied in part, and modified.

After an independent *de novo* review of the record in this matter, and noting that no objections have been raised as to the proposed changes to Case Management Order No. 1, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

Therefore, it is ORDERED as follows:

1.    The Report and Recommendation filed December 22, 2006 (Doc. No.113) , is **ADOPTED and CONFIRMED** and made a part of this Order with respect to Case Management Order No. 1.

2.    MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) is granted in part, denied in part, and modified as follows:

## CASE MANAGEMENT ORDER NO. 1

### I.    SCOPE

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of July 6, 2006; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (3) all related cases originally filed in this Court or transferred or removed to this Court.

All subsequent Orders of this Court with the designation "All Cases" entered in MDL-1769 shall likewise apply to all cases that are, or become, part of this MDL, regardless of whether that case was part of MDL-1769 when the order was entered.

### II.    ORGANIZATION OF COUNSEL

#### A.    Plaintiffs' Lead Counsel

Plaintiffs' Lead Counsel will coordinate this litigation on behalf of all Plaintiffs, will be responsible for dealing with Defendants' counsel day-to-day, and will have the authority to bind and/or act on behalf of all Plaintiffs.  The responsibilities of Plaintiffs' Lead Counsel, by themselves or through their designees, shall include, but not be limited to, the following:

1.   Discovery

(a) Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file civil actions that are consolidated with the instant multidistrict litigation known as "MDL-1769, *In re Seroquel® Products Liability Litigation.*"

(b) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

(c) Cause to be issued in the name of all Plaintiffs the necessary pretrial discovery requests, motions, and subpoenas. Similar requests, notices, and subpoenas may be caused to be issued by Plaintiffs' Lead Counsel upon written request by an individual attorney in order to assist him/her in the preparation of his/her case.

(d) Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs.

2.   Hearings and Meetings

(a) Call meetings of counsel for Plaintiffs for any appropriate purpose.

(b) If any evidentiary hearings are held in this MDL, examine witnesses and introduce evidence on behalf of Plaintiffs.

(c) Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

3.    <u>Miscellaneous</u>

(a)  Submit and argue any motions presented to the Court on behalf of Plaintiffs as well as oppose, when necessary, any motions submitted by the Defendants or other parties which involve matters within the sphere of the responsibilities of Plaintiffs' Lead Counsel.

(b)  Negotiate and enter into stipulations with Defendants regarding this litigation.  All stipulations entered into by Plaintiffs' Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within 5 days after she/he knows or should reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulations will be automatically binding on that party.

(c)  Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs' attorneys.

(d)  Prepare periodic status reports summarizing Plaintiffs' Lead Counsel's work and progress.  These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to other Plaintiffs' attorneys.

(e)  Perform any tasks necessary and proper for Plaintiffs' Lead Counsel to accomplish its responsibilities as defined by the Court's orders.

(f) Perform such other functions as may be expressly authorized or required by further orders of the Court.

(g) All matters presented to the Court must comply with the Local Rules, especially Local Rule 3.01(g).

**B.** **Defendants' Lead Counsel**

Defendants' Lead Counsel shall coordinate this litigation on behalf of all Defendants, and will have the authority to bind and/or act on behalf of all Defendants.

**C.** **Liaison Counsel**

To the extent they have not already done so, Plaintiffs' Lead Counsel and Defendants' Lead Counsel shall each designate an attorney to serve as Liaison Counsel who will be charged with essentially administrative matters. The responsibilities of Liaison Counsel are set forth in the Court's August 15, 2006 Scheduling Order. Liaison Counsel shall (1) maintain and distribute to co-counsel and opposing Liaison Counsel an up-to-date service list; (2) coordinate service and filing; (3) serve as the recipient of all Court orders; (4) receive and distribute pleadings, Orders, and motions by overnight courier service, email, or fax, unless such service has been waived, in writing, by a receiving counsel; (5) maintain and make available to all co-counsel at reasonable hours a complete file of all documents served by or upon each party (except such documents that may be available in the document depository); and (6) carry out such other duties as the Court may order.

## II.   STATUS CONFERENCES

Status conferences shall be held approximately every 6 weeks, on a date selected by the Court, or at such other time as the Court may order.  To aid the Court and the parties in preparing for future conferences, Lead Counsel for the parties shall meet and confer at least 10 days prior to each future status conference to attempt to agree upon a proposed agenda for the conference.  Not less than 3 business days prior to the conference, the parties shall submit a joint agenda that reports on the number of cases in the MDL and the number tagged for transfer, that lists all motions that have been fully briefed and not yet decided, that lists all motions filed but not yet fully briefed, and that identifies any issue that either or both parties wish to raise with the Court.  The parties may submit at the same time separate statements of their positions on said issues.  If the parties agree that they would like the Court to take any action, the joint agenda shall so state.  The agenda is intended to inform the Court of matters that the parties desire to raise at the status conference, and the Court may amend or augment its agenda as it deems appropriate.

## III.   SERVICE OF ORIGINAL COMPLAINTS/AMENDMENTS ADDING PARTIES

To eliminate disputes over service of process and to reduce the expense of such service, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") have agreed to waive service of process for Seroquel-related cases alleging personal injury filed in federal court and alleging injuries consistent with the stated purpose of this MDL, subject to the provisions of Fed. R. Civ. P. 4(d).  The notice required by that rule should be provided to the following representative of AstraZeneca:

Paulette Hendrix
AstraZeneca Pharmaceuticals LP
Law Department (FOP3)
1800 Concord Pike
Wilmington, Delaware 19850

Plaintiffs shall have 30 days from the date of this Order (or, if later, 30 days from the date a case is subsequently filed in, removed to, or transferred to this Court) to provide notice to AstraZeneca. Notwithstanding any prior Orders of this Court to the contrary, defendants' answers shall be due at the time set forth in the Federal Rules of Civil Procedure.

## IV.    MOTIONS

### A.    Notice of Motions and Briefing Schedule

Except for emergencies or unless otherwise agreed by the parties, motions shall not be brought for hearing at any time other than a regularly scheduled status conference.

In order to be heard at a regularly scheduled status conference, a motion must be filed and served at least 20 days before said conference. Any motion filed and served less than 20 days before a status conference shall be heard not at the upcoming status conference but at the status conference thereafter. The Court may rule on motions without a hearing.

Absent an Order of the Court, briefs in response to motions shall be filed 11 days after the date of service. Replies are not permitted absent leave of Court.

### B.    Applicable Rules

Motion practice shall be governed by the applicable Federal and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

### C.   Telephone Hearings

Hearings may also be conducted by telephone at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties are available and receive at least 48 hours' notice.   In an emergency, the Court may shorten the notice requirement.   Telephone conference calls will often serve as an efficient substitute for Court appearances, as for example, where counsel desire to present short arguments and obtain an immediate ruling.   The Court itself may initiate conference calls on procedural or scheduling matters.

### V.   SERVICE OF DOCUMENTS

#### A.   Orders

Henceforth, the Clerk of Court shall forward only to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel a copy of each order or other document normally served by the Clerk.   Service on Liaison Counsel shall be considered service on all parties.   Counsel wishing to be removed from the electronic service list should notify the Clerk.

#### B.   Pleadings, Motions and Other Documents

A party filing a pleading, motion, or other document shall provide one copy to Plaintiffs' Liaison Counsel and one copy to Defendants' Liaison Counsel.   A copy of the document shall also be submitted to Liaison Counsel, as Liaison counsel may agree, on a disc or CD-ROM in either WordPerfect format or Microsoft Word, or by email in .pdf format.   Service on Plaintiffs' Liaison Counsel constitutes service on all Plaintiffs' counsel and Plaintiffs who are unrepresented.   Any pleading, motion or other document directed at a non-AstraZeneca Defendant shall be served on Defendants' Liaison Counsel, as well as on the Defendant to whom the pleading, motion or other document is directed.   Service and distribution by Liaison Counsel

to other attorneys of record shall be by overnight courier service, fax or email, reserving any receiving counsel the right to waive, in writing, such receipt.

C.    Electronic Service/Web Site/Virtual Depository

Lead Counsel are to confer as to whether electronic service of documents is appropriate in these actions and/or whether a web site and virtual depository would be helpful and advance the course if this litigation.  At the appropriate time, counsel shall report to the Court regarding these matters.

DONE and ORDERED in Orlando, Florida on January 26, 2007.

ANNE C. CONWAY
United States District Judge

**EXHIBIT 3**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

## MDL DOCKET NO. 1769

**This Document Relates to ALL CASES**

## PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

1. **Discovery Materials:** This Order governs the handling of confidential discovery materials, and applies to all products of discovery and all information derived therefrom, including, but not limited to, documents, objects and things, deposition testimony and interrogatory/request for admission responses, and any copies, excerpts or summaries, produced by any party informally or pursuant to any court order in the above-captioned matter ("Discovery Materials"). Plaintiffs and Defendants, as well as their officers, directors, employees, agents and legal counsel, are referred to as the "Parties."

2. **Use of Discovery Materials:** Confidential Discovery Materials (defined below) shall be used only for the litigation, including appeals, of this action, *In re: Seroquel Products Liab. Litig.*, MDL 1769 ("Litigation"), and any other Seroquel action alleging injuries or other damages. All persons given access to Confidential Discovery Materials shall (a) read and agree to be bound by this Order, (b) sign the Endorsement of Protective Order (Exhibit "A"), and (c) consent to this

-1-

Court's continuing jurisdiction for purposes of enforcing and remedying any violations of the Order. Confidential Discovery Materials shall not be disclosed except in accordance with paragraphs 3, 5 and 6, herein.

3. **Procedure Prior to Disclosure of Confidential Discovery Materials:** Prior to access to Confidential Discovery Materials, those within subparagraph 6(a) shall be (a) provided a copy of this Order by the party providing the Confidential Discovery Materials; (b) advised that Confidential Discovery Materials may not be divulged other than as specifically provided herein; (c) required to comply with the provisions of this Order, after reading and agreeing to be bound by it; and (d) required to sign the Endorsement of Protective Order (attached as Exhibit A). Anyone who reviews or examines any item produced under this Order shall not only agree to be bound by this Order and sign Exhibit A, but also shall take steps reasonably necessary to prevent the disclosure of confidential information. However, persons who come into contact with Confidential Discovery Materials or related information for clerical or administrative purposes, and who do not retain copies, are not required to sign the Endorsement of Protective Order.

4. **Confidential Discovery Materials**

(A)  For purposes of this Order, "Confidential Discovery Materials" shall mean any discovery materials that the producing party, in good faith, designates as "confidential" pursuant to this Order based on the belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c).

(B)  In addition, discovery material in the possession of AstraZeneca AB, AstraZeneca plc, and AstraZeneca U.K. ltd containing "personal data" as defined in E.U. Directive 95/46 and related

enactments in the countries of Sweden or the United Kingdom will be designated "Confidential Discovery Material." In general terms, personal data consists of any and all data including information that may refer directly or indirectly to a natural person who is alive.

(C) If any Party believes that a document has been improperly designated "confidential" and is not entitled to protection under Federal Rule of Civil Procedure 26(c), that Party will notify the disclosing Party, and the Parties will make good faith efforts to resolve any dispute regarding the confidentiality of individual documents. If the dispute cannot be resolved informally, either Party may apply to the Court for a determination of whether the designation is appropriate. The burden rests on the Party asserting the "Confidential" designation to demonstrate that the designation is proper. Plaintiffs' medical records are presumptively confidential and will be deemed confidential except as set forth in paragraph 6(d). By agreement of the Parties, Defendants may use information contained in Plaintiff Fact Sheets for required submissions to the Food and Drug Administration.

(D) The terms of this Order shall in no way affect the right of any person to withhold or redact information on grounds of immunity from discovery, such as attorney/client privilege, work product, or privacy grounds; or to withhold or redact information on grounds that such information is not relevant or reasonably calculated to lead to the discovery of admissible evidence, but upon request the reasons for such withholding or redaction shall be provided.

(E) Confidential Discovery Materials does not include information or documents produced or disclosed that are or become, without violating this Order, a matter of public record or publicly available by law or otherwise.

## 5. Designation of Confidential Discovery Materials

(A)  The Party designating Discovery Material as "Confidential" will be referred to as the "Designating Party."

(B)   Any Discovery Material designated as "Confidential," whether the information is provided orally or by a document, will be maintained as explained herein, and will not be disclosed to any person or entity, except as set forth herein.

(C)  All Plaintiffs' medical records and Fact Sheets will be deemed confidential. The parties will direct medical record collection service(s) used in this litigation to stamp as "Confidential" any medical records collected.

(D)  All Discovery Material, whether or not filed with the Court, that contains Confidential information that the Designating Party seeks protection under this Order shall be designated as "Confidential" as follows:

(1) Documents or other tangible Discovery Material will, at the time of their production be designated by stamping or labeling "Confidential" on each page containing any confidential information. In the case of multi-page documents bound together, the word(s) "Confidential" need be stamped only on the first page of the document in order for the entire document to be treated as "Confidential."

(2) Any non-party who is producing discovery materials in the Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" the discovery materials that the non-party is producing.

(3) Deposition testimony shall be designated "Confidential" (A) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (B) by written notice sent to counsel of record for all Parties within twenty (20) days after receiving a copy

of the transcript by counsel making the designations or thirty (30) days if the deponent testified in a language other than English, identifying the specific pages designated as "Confidential" by page and line numbers. In both instances, counsel for the Designating Party will label "Confidential" the portions of the original and all copies of the transcript containing any confidential information. Counsel will not permit deposition transcripts to be distributed to persons beyond those specified in Paragraph 6, other than the deponent, until the relevant period for the designation has expired. Until the expiration of the relevant time period, the entire text of the deposition, including exhibits, shall be treated as confidential under this Order. If prior to the expiration of the twenty (20) day period a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits, any portion of the deposition transcript or confidential exhibits thereto, the Party will give reasonable notice (not less than five business days prior to the filing of the motion or pleading) to the Parties and the deponent of the proposed filing date of the motion or pleading and of the pages and/or exhibits cited. Any Party or deponent who desires to designate or preserve any of the identified material as confidential will designate the material no less than two business days prior to the filing proposed date. If no Party or deponent designates any pages or exhibits from the deposition as confidential within the time frame provided, then the material will not be treated as Confidential Discovery Material.

(4) Non-documentary and non-testimonial material, such as oral statements of counsel on the record, will be designated orally at the time of disclosure and promptly confirmed in writing.

(E)   Inadvertent failure to designate Discovery Material as "Confidential" does not constitute a waiver and may be corrected by supplemental written notice designating such Discovery Material as "Confidential." The Party receiving such supplemental written notice will then mark and treat materials as "Confidential" and those materials will be fully subject to this Order as if they had been initially designated. A person disclosing Discovery Material that is subsequently designated as "Confidential" will assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive it under the terms of this Order and will act in good faith to prevent further disclosures except as authorized under the terms of this Order. This may include seeking appropriate relief regarding any such material that may have already been filed with a court.

After receipt of such notification, the parties will treat the designated materials as Confidential, subject to their right to dispute such designation in accordance with paragraph 12.

### 6. Permissible Disclosure of Discovery Materials

(A)   Any Discovery Material designated as "Confidential," and any information derived therefrom, may be disclosed only to the following persons: (I) the Parties (including their directors, officers, and employees); (ii) counsel to the Parties who have entered appearances in the Litigation, as well as their partners and associates, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying and litigation support services, such as translators and interpreters); (iii) any persons associated with or employed by such attorneys or their firms, when working in connection with this litigation under the direct supervision of partners or associates of those firms; (iv) any outside experts who have been consulted for the purpose of being retained, or who have been retained by counsel to provide assistance, expert advice or technical consultation; provided that, prior to receiving Confidential Discovery Materials, outside experts or consultants will execute the Endorsement of Protective Order attached as Exhibit A; (v) the judges of the Court, Court staff, and any essential personnel retained or appointed by the Court (including Special Masters and their staffs); (vi) any other person only upon order of the Court or upon written agreement of the Designating Party; (vii) persons working in connection with this litigation under the direct supervision of persons described in section 6(a) (i-iii) above, but only to the extent necessary to perform their work in connection with this litigation; (viii) persons who authored the confidential discovery material or who received such confidential discovery material in the ordinary course of business; (ix) any attorney for claimants in other pending U.S. litigations alleging personal injury

or arising from the alleged use, purchase, or payment of Seroquel (or as attorneys for claimants in any other pending litigation as the parties may mutually agree or the Court directs) for use in this or such other action, provided the proposed recipient agrees to be bound by this Order and complies with the provisions of paragraph 3; (x) persons noticed for depositions or designated as trial witnesses and their attorneys, or those counsel of record who expect to testify at deposition or trial, to the extent reasonably necessary in preparing to testify; and (xi) such persons as counsel for the designating party shall consent to in writing before the proposed disclosure.

(B)  Nothing in this Order prevents or restricts counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents. Counsel will not disclose any Confidential item unless its disclosure is pursuant to the procedures of paragraph 3.

(C)  All Parties, their respective counsel, and others bound by this Order will take all steps necessary to prevent the disclosure of Confidential Discovery Materials other than in accordance with the terms of this Order.

(D)  Medical records for any plaintiff may be disclosed to that plaintiff's health care providers without first obtaining an Endorsement of Protective Order from those providers. This Court's Rules relating to electronic filing procedures shall govern the filing with the Court of depositions, pleadings, or other materials that reference the use of any atypical antipsychotic, including Seroquel; the reason for the use of any atypical antipsychotic, including Seroquel; and/or any condition that a plaintiff claims was caused by Seroquel usage.

7. **Other Permissible Disclosure:** Where produced by a defendant, Confidential Discovery Materials may be disclosed to plaintiff's attorneys in other filed actions alleging injuries or damages resulting from the use of the atypical antipsychotic medication(s) manufactured by the producing defendants(s), including their paralegal, clerical, secretarial and other staff employed or retained by such counsel; provided that such counsel have agreed to be governed by the terms of this Order and have signed the Endorsement of Protective Order.

8. **Non-Party Designation of Discovery Material:** Any non party to this Litigation may designate any Discovery Material taken from it, whether pursuant to subpoena or by agreement, as "Confidential" under the terms of this Order, so long as the non party has a written agreement to be subject to and governed by the requirements of this Order. A non-party will designate any Discovery Material as "Confidential" in a manner consistent with the procedures described in Paragraph 5.

9. **Confidential Information in Depositions:** Nothing shall prevent broader disclosures beyond those limited by this paragraph if the Designating Party consents in writing to such disclosure.

(A) A deponent may during the deposition be shown and examined about Confidential Discovery Materials if the provisions of paragraph 3 are complied with. Deponents will not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3. A deponent who is not a party, an employee or representative of a party or the attorney of said non-party, employee, or representative of a party, will be furnished with a copy of this Order before being examined about, or asked to produce potentially confidential documents.

(B)   Any physician who treated a plaintiff, non-party fact witness or any other third party may be shown confidential information prior to and during his or her deposition if (I) there is a litigation need to show the information to the physician; and (ii) the physician complies with the terms of paragraph 3 herein.

(C)   The parties will use their best efforts to make sure that every witness that will be shown Confidential Discovery Material signs the Endorsement of Protective Order. In the event that a deponent refuses to sign the endorsement, a party may not show a confidential document to the deponent unless the deponent affirms on the record in the deposition that they understand that the document and the information contained therein are confidential and understand that they are prohibited from sharing or discussing that document or the information contained therein with anyone outside the deposition.

(D)   Except as set forth in this paragraph, Confidential Discovery Material may not be provided to current employees of any pharmaceutical company or other entity involved in the distribution, manufacturing or sale of pharmaceuticals.  A copy of the signed Endorsement of Protective Order shall be provided to counsel for each defendant in this action at least five (5) business days before access to Confidential Discovery Material is allowed.  Any defendant may object in writing at least one business day in advance of the date which access was to be allowed, stating the grounds and serving a copy of such objection on all Parties.  The Parties will meet and confer to resolve the objection if possible. If the Parties cannot resolve the objection, plaintiffs may respond to the objection in writing and will provide the objection and their response to the Court which will then resolve the issue.

10. **Filing of Confidential Discovery Materials with the Court:** Filing of material under seal in this Court is governed by Local Rule 1.09.

11. **Inadvertent Disclosures:** The inadvertent production of any Discovery Materials that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine will not constitute a waiver of the applicable privilege or doctrine. If any such Discovery Materials are inadvertently produced, the recipient of the Discovery Materials agrees that, upon discovery or notification of such a disclosure, it will promptly return the Discovery Materials and all copies of the Discovery Materials in its possession, delete any versions of the Discovery Materials on any database it maintains and make no use of the information contained in the Discovery Materials; provided, however, that the party returning such Discovery Materials shall have the right to apply for an order that such Discovery Materials are not protected from disclosure by any privilege or doctrine. The person returning such material may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production. The party to whom any inadvertently produced discovery materials were returned shall retain the returned materials until the end of the case, including any appeals.

12. **Declassification**

(A) Nothing shall prevent disclosure beyond that limited by this Order if the Designating Party consents in writing to such disclosure or upon order of the Court.

(B) If at any time a Party wishes for any reason to dispute a designation of Discovery Materials as confidential, such person shall notify the Designating Party of such dispute in writing,

-10-

specifying by exact Bates number(s), the Discovery Materials in dispute. The Designating Party shall respond in writing within 10 days of receiving this notification.

(C) If the Parties are unable to amicably resolve the dispute, the proponent of confidentiality may request by motion a ruling that Discovery Materials designated as confidential are entitled to such status and protection under the Federal Rules and this Order. Such motion shall be made within thirty (30) days of receipt by the Designating Party of the notification of the recipient's challenge to the designation, or such other time period as the Parties may agree to in writing. The Designating Party shall have the burden of proof on such motion to establish the propriety of its confidential designation.

(D) If the time for filing a motion has expired without the filing of any such motion, or ten (10) business days (or such longer time as ordered by this Court) have elapsed after the appeal period for an order that the Discovery Material shall not be entitled to confidential status, the Confidential Discovery Material shall lose its designation.

13. **Confidential Discovery Materials Offered as Evidence at Trial:** The manner in which Confidential Discovery Material will be handled at trial shall be determined by the court conducting the trial.

14. **Subpoena by Other Courts or Agencies:** If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials (or confidential information) which any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed will immediately notify the Designating Party in writing of all of the following: (a) the discovery materials that are requested

for production in the subpoena; (b) the date which compliance with the subpoena is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. Confidential Discovery Materials shall not be produced prior to the receipt of written notice by the Designating Party and after a reasonable opportunity to object has been offered. Further, the Party or person receiving the subpoena or other process will cooperate with the Designating Party in any proceeding related thereto. The Designating Party will bear the burden and all costs of opposing the subpoena on grounds of confidentiality.

15. **Return or Certified Destruction of Confidential Materials:** The provisions of this Order will not terminate at the conclusion of this Litigation. Within ninety (90) days after conclusion of any attorneys' last case in this or any other proceedings involving Seroquel in which the attorney may be permitted to use confidential information under the terms of a Protective Order, including any appeals related thereto, or such other time as the Designated Party may agree in writing, counsel will, at their option, return or destroy Confidential Discovery Materials and documents or things containing confidential information and all copies. If counsel elects to destroy Confidential Discovery Materials, they will consult with counsel for the Designating Party on the manner of destruction and obtain such Party's consent as to the method and means of destruction. Outside counsel, however, will not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Discovery Materials in conformity with this Order. However, counsel may retain the privileged communications, work product, signed copies of the

Endorsement of Stipulation and Protective Order pursuant to paragraph 3, and all court filed documents even though they contained Confidential Discovery Materials, but such documents will remain confidential subject to the terms of this Protective Order.

16. **Modification Permitted:** Nothing herein shall prevent any Party or other person from seeking modification of this Order, or objecting to discovery it believes to be improper.

17. **Responsibility of Attorneys as to Copies:** The attorneys of record are responsible for employing reasonable measures to control and track access to and distribution of Confidential Discovery Materials, including abstracts and summaries.

18. **No Waiver of Rights or Implication of Discoverability**

(A) No disclosure pursuant to any provision of this Order will waive any rights or privileges of any Party or person granted by this Order.

(B) This Order will not enlarge or affect the proper scope of discovery in this or any other litigation; nor will it imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Confidential Discovery Materials on any other ground it deems appropriate.

(C) The entry of this Order shall be without prejudice to the rights of the Parties, or any non-party to assert or apply for additional or different protection. Nothing herein prevents any Party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials at trial.

(D)  Nothing will prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosures, subject to any review as authorized under the Federal Rules of Civil Procedure or the Local Rules of this Court.

19.  **Miscellaneous:**  Nothing in this Order prevents a producing Party from any use of its own documents and information.

20. **Improper Disclosure of Confidential Discovery Material:** Disclosure of Confidential Discovery Materials other than in accordance with this Order may subject the disclosing Party or person to sanctions and remedies as the Court may deem appropriate.

SO ORDERED this 19th day of September, 2007.

_David A. Baker_

DAVID A. BAKER

UNITED STATES MAGISTRATE JUDGE

## ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that information or documents designated as Confidential Discovery Materials or confidential information are provided to me subject to the Protective Order ("Order") dated September 18, 2007 (the "Protective Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and, that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential Discovery Material or confidential information pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Discovery Materials or Confidential Information, in any form whatsoever, and that such Confidential Discovery Materials and Confidential Information may be used only for the purposes authorized by the Order.

I further agree to return all copies of any Confidential Discovery Materials or any document or thing containing Confidential Information I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Discovery Material and Confidential Information will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, Middle District of Florida, Orlando Division, for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

**EXHIBIT 4**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation.

Case No. 6:06-md-1769-Orl-22DAB

_____/

## ORDER

This cause came on for consideration with oral argument on the following motion filed

herein:

| | |
|---|---|
| MOTION: | PLAINTIFFS' PROPOSED NON-PARTY AGREEMENT ON DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL (Doc. No. 541) |
| FILED: | October 4, 2007 |

THEREON it is ORDERED that the motion is GRANTED in part.

The "Endorsement of Protective Order" proposed by the parties is approved with the

following modification to the fifth paragraph, in place of the sentence consenting to the jurisdiction

of this Court:

I further agree and attest to my understanding that, if I fail to abide by the
terms of the Order, I may be subject to sanctions, including contempt of court, for
such failure. I am aware that any disputes as to issues related to the order may be
referred by any court with jurisdiction over discovery provided in this litigation to
the United States District Court for the Middle District of Florida.

DONE and ORDERED in Orlando, Florida on October 18, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

**EXHIBIT 5**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769                    Case No. 6:06-md-1769-Orl-22DAB

_____

This Document Relates to ALL CASES

## CASE MANAGEMENT ORDER NO. 3
### (Deposition Protocols)

This Order shall govern certain depositions taken with respect to these MDL proceedings. The motion (Doc. No. 146) for approval of the deposition protocol is GRANTED, in part, as set forth herein.

## I.    GENERAL PROVISIONS

### A.    Scope

This protocol applies to defendant's employees and certain third parties (former employees, authors of relevant studies, and persons or entities who engaged in relevant work with respect to Seroquel) but does not apply to plaintiffs, family members, employers, or doctors (plaintiff-specific witnesses) or to any third party witnesses not affiliated (now or in the past) with Defendant. The parties currently disagree as to the timing and manner of depositions of plaintiff-specific witnesses. No party waives its rights regarding such depositions and the parties will hereafter address this issue with the Court.

### B.    Deposition Notices

1.    *Notice of Deposition Procedures.*    A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena issued or served in these MDL proceedings.

2.    *Contents of Notice.*  In addition to the information required by Fed. R. Civ. P. 30(b), each deposition notice shall include the name and, if known, the general occupational description of each deponent, a general description of the topic(s) for examination, the name and telephone number of the primary examiner designated by Lead or Liaison Counsel, and the date, time and place of the deposition.  If the examiner cannot be identified at the time the notice of deposition is served, a telephone number will be set forth in the notice so that interested counsel may obtain information regarding the deposition.  If the deposition is to be videotaped, the notice shall state the name, firm and address of the videotape recorders.

C.    **Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.  There shall be no smoking in any room in which a deposition is being conducted.

D.    **Attendance**

1.    *Who May Be Present.*  Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL No. 1769 Confidentiality Stipulation or Protective Order shall be excluded

from the deposition. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

      2.    *Unnecessary Attendance.*   Unnecessary attendance by counsel is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend. No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

      3.    *Notice of Intent to Attend a Deposition.* In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in this MDL should advise Liaison Counsel for the noticing party not fewer than three (3) business days prior to the deposition, whenever feasible.

## II.   CONDUCT OF DEPOSITIONS

### A.   Examination

      Questioning of a witness should be by only two attorneys for all Plaintiffs and two attorneys for all Defendants in MDL No. 1769, designated by Lead Counsel or by Liaison Counsel for each side, except that a present or former employee of a Defendant may also be questioned by an attorney for that Defendant. Once the witness has fully answered a question, that same or substantially the same question shall not be unreasonably asked again by a subsequent questioner. While other counsel may seek answers to additional questions, these additional questions shall be asked by one of the two designated counsel. Periodic recesses will be permitted during a deposition for designated counsel to consult with colleagues about additional lines of examination. Counsel for Plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with Plaintiffs'

Lead Counsel, may examine a deponent concerning matters not previously covered. Three (3) days before a deposition requested or noticed by Plaintiffs or Defendants, Liaison Counsel for the noticing party shall give other Liaison Counsel notice of the identity of the attorney(s) who may examine the deponent.

    **B.**    **Duration**

        Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. Absent agreement of the parties or order of this Court based on a showing of good cause, the length of depositions shall be limited to two (2) deposition days as set forth herein. Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

    **C.**    **Deposition Day**

        A deposition day typically shall last no more than nine (9) hours, including lunch and breaks. There shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

    **D.**    **Locations for Depositions.**

        Unless otherwise agreed, depositions of AstraZeneca's current employees and officers will take place in Philadelphia, PA at locations to be designated by Plaintiffs' Lead or Liaison Counsel. Defense counsel will make reasonable efforts to obtain the agreement of former employees of Defendants to appear at the designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties. The location of a deposition or depositions taken in sequence shall be as consistent as possible within a particular city, so that videotape equipment, if being used, may be left in

place.  If the deposition of an AstraZeneca employee or officer is scheduled to occur in the offices of Defendants' Lead Counsel, the deposition shall take place in an adequately-sized room and Plaintiffs' counsel shall be provided with another room in which to confer during breaks.

**E.      Depositions of Witnesses Who Have No Knowledge of the Facts**

An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party within fifteen (15) days before the date of the noticed deposition a declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge.  Notwithstanding such declaration, the noticing party may proceed with the deposition.  The right of the responding witness to seek a protective order or other appropriate relief during or following the deposition is reserved.

**F.      Cross-Noticing and Coordination with State Court Actions**

It is the expectation of this Court that depositions of all former or current officers and management personnel of AstraZeneca will be cross-noticed in this MDL and in the various state court proceedings.  Because almost all Seroquel Plaintiffs in the various state courts are represented by counsel who also represent Plaintiffs in this MDL, it is the Court's expectation that absent good cause shown, former or current officers and management personnel of AstraZeneca shall be deposed only once, for use in both the MDL and in state courts.  Lead Counsel in the MDL shall coordinate with any Plaintiff's counsel in a state court action who does not represent, and is not affiliated with co-counsel who represent, any Plaintiffs in this MDL so that a witness shall not have to appear for a

deposition more than once.   In a coordinated deposition, the Court expects counsel for Plaintiffs in the MDL to coordinate with Plaintiffs' counsel in state court proceedings, to the extent possible, to select a primary examiner.  For any deposition noticed in state court and cross-noticed in this MDL, however, MDL counsel shall have at least one day to question the deponent.   Additionally, no deposition noticed in state court shall be cross-noticed in this MDL unless:  (1) the deponent's custodial file is produced in this MDL at least sixty (60) days prior to the scheduled deposition date; (2) the deposition is cross-noticed at least thirty (30) days prior to the scheduled deposition date; and (3) counsel for the parties have met and conferred with respect to the cross-notice.   Examinations shall be conducted in accordance with the provisions of paragraph II.A., above.

No attorney who represents both a state court Plaintiff and an MDL Plaintiff shall participate in such a cross-noticed deposition unless designated by MDL Lead Counsel, nor shall an attorney who is the co-counsel of such an attorney in any state court Seroquel case participate in such a deposition unless so designated.  If a deposition has been properly cross-noticed in this MDL as described above, then a subsequent deposition of that witness cannot be taken except for good cause shown as determined by this Court.

G.     **Objections and Directions Not to Answer**

1.     Counsel shall comply with Fed. R. Civ. P. 30(d)(1).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  Any objection made at a deposition shall be deemed to

have been made on behalf of all other parties. All objections, except those as to form, responsiveness and privilege, are reserved until trial or other use of the depositions.

2.    Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

3.    Counsel shall not make objections or statements which might suggest an answer to a witness.

4.    Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent or his or her counsel intend to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

**H.    Evidentiary Form of Questions**

It is stipulated by Plaintiffs and Defendants that in the event the parties seek to use at any trial the deposition testimony of any witness offering an opinion, the parties shall not raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the case being tried. For example, if one jurisdiction requires an opinion to be expressed to a reasonable degree of

certainty, the parties shall not object to an opinion given to a reasonable degree of probability.

### I.    Telephonic and Internet Participation

1.    *Telephonic Participation.*  Telephone depositions shall not be permitted except by order of the Court or by consent of the parties.

2.    *Internet Participation.*  The parties will explore the possibility of providing internet facilities for depositions and court hearings.

### J.    Disputes During Depositions

Disputes between the parties should be addressed to this Court rather than the District Court in the District in which the deposition is being conducted.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the MDL Magistrate Judge, David A. Baker, by telephone.  If the MDL Magistrate Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time.  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(4), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

### K.    Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(2) subject to the following rules:

1.     *Real-time Feed.*  All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2.     *Video Operator.*  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3.     *Attendance.*  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4.     *Standards.*  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view will be changed only as necessary to record accurately the natural body movements of the deponent.  Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.  The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a Bible, medical equipment, or other props, except to the extent that the prop is used as an aide in order to demonstrate and/or explain the witness' testimony.

5.     *Filing.*  The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.  No part of

the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

### L.   Cost of Deposition

The noticing party shall bear the initial expense of both videotaping and stenographic recording. The parties shall pay for their own copies of transcripts and videotapes of depositions.

## III.   USE OF DEPOSITIONS

Depositions of AstraZeneca employees and former employees taken in this MDL proceeding or in any state action relating to Seroquel in which AstraZeneca is a party may be used by or against any person (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

(i)   who is a party to this litigation;

(ii)   who was present or represented at the deposition;

(iii)   who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

(iv)   who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this Court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

Depositions of AstraZeneca employees and former employees taken in this MDL proceeding or in any state action relating to Seroquel in which AstraZeneca is a party may be used in any Seroquel-related action in state court to the extent permitted by that state's law and rules.

**DONE and ORDERED** in Orlando, Florida on April 13, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE