# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation     MDL DOCKET NO. 1769

**This Document Relates to:**

*Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funs, et al. v. AstraZeneca Pharmaceuticals, LP,* transferred from the United States District Court for the District of New Jersey, C.A. No. 3:07-2313;

*International Brotherhood of Electrical Workers Local 98 v. AstraZeneca Pharmaceuticals, LP, et al,* transferred from the United States District Court for the District of New Jersey, C.A. No. 3:07-2639; and

*Teamsters Joint Council Local No. 53 Retiree Health & Welfare Fund v. AstraZeneca Pharmaceuticals, LP,* transferred from the United States District Court for the Eastern District of Pennsylvania, C.A. No. 2:07-2752.

### SCHEDULING ORDER NO. 1

**AND NOW**, this ____ day of _____ 2008, after a status conference with counsel for the parties in the above matters held on January 29, 2008, it is hereby **ORDERED** as follows:

    I.    **Plaintiffs' Amended Consolidated Complaint, Defendants' Response And Briefing Schedule.**

        (A)    Plaintiffs shall file an Amended Consolidated Complaint consolidating the above actions under the docket number assigned to *Ironworkers Local Union No. 68 & Participating Employers Health & Welfare Funs, et al. v. AstraZeneca Pharmaceuticals, LP,* transferred from the United States District Court for the District of New Jersey, C.A. No. 3:07-2313, on or before February 28, 2008;

(B) Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca PLC and AstraZeneca LP (collectively, "AstraZeneca") shall respond to Plaintiffs' Consolidated Amended Complaint on or before March 28, 2008. AstraZeneca is under no obligation to respond to the existing complaints in the above matters;

(C) If AstraZeneca files a motion to dismiss the Consolidated Amended Complaint, Plaintiffs shall file and serve any opposition to AstraZeneca's motion on or before April 28, 2008;

(D) In the event a complaint survives AstraZeneca's motion(s) to dismiss, AstraZeneca shall file an answer to Plaintiffs' then-operative complaint thirty (30) days after any decision from the Court requiring such an answer;

**II.     Discovery Pending Defendants' Motion To Dismiss.**

(A) Upon the execution of the Endorsement of Protective Order attached to the Protective Order entered by the Court on September 19, 2007 in MDL No. 1769 by all counsel of record for Plaintiffs in the above-captioned class actions, Plaintiffs shall be permitted access to all of the discovery materials produced in connection with any previously-pending cases in In re Seroquel Products Liability Litig. (MDL Docket No. 1769). Plaintiffs' access to the existing MDL discovery is not a concession by AstraZeneca that any such discovery is relevant or admissible in any of the above matters;

(B) The depositions of any witnesses to be deposed after January 29, 2008 in In re Seroquel Products Liability Litig. (MDL Docket No. 1769) also shall be deemed as noticed in these cases, and lawyers for Plaintiffs in these cases and AstraZeneca may participate at those depositions subject to and in accordance with the provisions of Case Management Order No. 3 (Deposition Protocols), entered by the Court on April 17, 2007, or as otherwise approved by the

Court. Plaintiffs and AstraZeneca may not re-depose any witness deposed in the personal injury cases absent the agreement of the opposing counsel or an Order from the Court authorizing further examination of such witness(es) for good cause shown.

(C) All other discovery is hereby stayed pending the resolution of any motion(s) to dismiss filed by AstraZeneca as to Plaintiffs' then-operative complaint, and during that time no party may serve any formal or informal discovery requests (including subpoenas or deposition requests) on any party or non-party.

### III. Initial Period Of Discovery.

(A) In the event a complaint survives AstraZeneca's motion(s) to dismiss, upon answer of that complaint by AstraZeneca, further discovery shall be focused on, but not limited to, matters that are relevant to Plaintiffs' anticipated motion for class certification; provided, however, that any discovery seeking information that would be relevant to these matters only if a class is certified is prohibited prior to a decision on Plaintiffs' anticipated motion for class certification.

(B) In addition to the limitations on discovery set forth above, no discovery that is duplicative of any discovery previously obtained in connection with any previously-pending cases in In re Seroquel Products Liability Litig. (MDL Docket No. 1769) is permitted. All discovery taken in any previously pending cases in In re Seroquel Products Liability Litig. (MDL Docket No. 1769), however, shall be treated as also taken in these cases, subject to all parties' objections regarding the relevance or admissibility of any such discovery in these cases.

(D) The parties shall meet and confer with regard to scheduling class certification discovery and briefing (assuming a complaint survives AstraZeneca's motion(s) to dismiss) and submit a proposed schedule for such matters (either jointly or with the parties'

respective positions noted) within thirty (30) days hereof. The parties will also promptly meet and confer after a decision from the Court on Plaintiffs' anticipated motion for class certification in order to attempt to reach an agreement on the scope and schedule for any additional discovery and future proceedings in these cases that can be submitted to the Court and shall submit such a proposed schedule to the Court (either jointly or with the parties' respective positions noted) within thirty (30) days after a decision from the Court on Plaintiffs' motion for class certification.

**IV.     Modification of Deadlines.**

    (A)     The Court may modify this Order for good cause shown.

SO ORDERED THIS _____ DAY OF _____, 2008.

_____
Anne C. Conway
United States District Judge