UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769

This document relates to:

ALL CASES

---

DECLARATION OF MARC E. RAVEN IN SUPPORT OF
ASTRAZENECA'S OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF LOGGED DOCUMENTS
AND FOR APPOINTMENT OF SPECIAL MASTER

Marc E. Raven, an attorney at law duly admitted to practice before the courts of Illinois, hereby declares as follows:

1. I am a partner at Sidley Austin LLP ("Sidley") and am one of the counsel representing AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") in this matter. Since March 2007, I have had responsibility for overseeing the preparation of AstraZeneca's privilege log and for discussions and correspondence with plaintiffs' counsel regarding the log. I am fully familiar with the facts and circumstances set forth herein.

2. I submit this Declaration in support of AstraZeneca's opposition to plaintiffs' motion to compel production of documents listed on AstraZeneca's privilege log and for appointment of a special master to review the log and documents listed on it.

3. AstraZeneca provided its first privilege log to plaintiffs on March 7, 2007, reflecting documents from eight custodians.

4. On July 3, 2007, AstraZeneca provided plaintiffs with an updated log reflecting documents from nine additional custodians. AstraZeneca subsequently provided plaintiffs with further updated logs on July 30, 2007, reflecting documents from another twenty-one additional custodians; on September 19, 2007, reflecting documents from another twenty-one additional custodians; on October 23, 2007, reflecting documents from another twenty-one additional custodians; and on January 7, 2008, reflecting documents from another ten additional custodians.

5. Attached hereto as Exhibit A is a true and correct copy of a transmittal e-mail dated July 30, 2007, from AstraZeneca counsel Joe P. Yeager of McCarter & English, LLP ("McCarter"), to Jonathan Jaffe, Manager of Software Development at Weitz & Luxenberg, P.C. ("Weitz"), which represents plaintiffs in this proceeding, and Weitz attorney Michael Pederson forwarding an updated AstraZeneca privilege log. Attached hereto as Exhibit B is a true and correct copy of a transmittal e-mail from Mr. Yeager to Mr. Jaffe dated September 19, 2007, forwarding another updated log. Each of these e-mails identifies the attachment thereto as an "updated privilege log that now includes entries of documents withheld corresponding to productions for the following custodians," and goes on to list those additional custodians.

6. On March 7, 2007, plaintiffs' counsel requested that AstraZeneca provide its log in a searchable format. AstraZeneca complied with that request on March 16, 2007. Attached hereto as Exhibit C is a true and correct copy of an e-mail exchange between AstraZeneca counsel Rodney K. Miller of Sidley and Mr. Jaffe reflecting plaintiffs' request

for a searchable format and AstraZeneca's redelivery of its initial log in such a format, which also was used for the subsequent updated logs.

7. I am informed that, at a meet-and-confer on May 30, 2007 (which I did not attend), plaintiffs asked AstraZeneca to alter its privilege log in two respects. First, plaintiffs wanted the log to indicate the name(s) of the custodian(s) from whose files each logged document came. AstraZeneca agreed to add this information. Second, plaintiffs wanted the log to include Bates numbers assigned from the same series as the documents produced by AstraZeneca. After further discussions on this point, the two sides agreed that AstraZeneca would instead provide, for each document on the log, the unique control number assigned by its electronic-discovery vendor, as AstraZeneca already was doing for documents it was producing. On June 26, 2007, AstraZeneca counsel Andrew S. Dupre of McCarter sent plaintiffs via e-mail a revised version of the privilege log corresponding to AstraZeneca's production for its first eight custodians, which reflected both the source custodian(s) and the control number for each document logged. Attached hereto as Exhibit D is a true and correct copy of Mr. Dupre's transmittal e-mail to Mr. Pederson, Mr. Jaffe, and Rhonda Radliff, a manager at Bailey Perrin Bailey LLP ("Bailey"), which represents plaintiffs in this case.

8. I am unaware of any other issue being raised by plaintiffs concerning AstraZeneca's privilege log, for which I continued to have oversight responsibility, until September 19, 2007.

9. Attached hereto as Exhibit E is a true and correct copy of an e-mail message dated September 19, 2007, from Paul J. Pennock of Weitz to AstraZeneca counsel Fred T. Magaziner of Dechert LLP ("Dechert") regarding AstraZeneca's privilege log.

10. Attached hereto as Exhibit F is a true and correct copy of an e-mail message dated September 21, 2007, from me to Mr. Pennock responding to his September 19 e-mail to Mr. Magaziner (with attachments omitted).

11. On September 27, 2007, I and other AstraZeneca counsel participated in a conference call with Mr. Pennock during which he indicated that he wished to send us a list of questions about AstraZeneca's privilege log and privilege claims. Attached hereto as Exhibit G is a true and correct copy of an e-mail message dated October 3, 2007, from Mr. Pennock to Stephen J. McConnell of Dechert containing such questions.

12. Attached hereto as Exhibit H is a true and correct copy of a letter dated October 16, 2007, from me to Mr. Pennock containing AstraZeneca's answers to the questions contained in Mr. Pennock's his October 3 e-mail to Mr. McConnell. Along with this letter, I sent Mr. Pennock an updated version of the AstraZeneca attorney list that I had sent to him as an attachment to my September 21 e-mail. Attached hereto as Exhibit I is a true and correct copy of an e-mail also dated October 16, 2007, from me to Mr. Pennock correcting a mistake in Exhibit H, the letter I had sent him earlier that day. My October 16 letter contained, among other things, a proposal to add a column to AstraZeneca's privilege log explaining attorney involvement in privileged communications where no lawyer was listed on the log as recipient or author. I did not state in my letter, nor did I or any of my co-counsel state at any other point in the meet-and-confer discussions that preceded the filing of plaintiffs' motion, that AstraZeneca would add this information only if plaintiffs dropped their request for a special master to review AstraZeneca's privilege claims.

13. Attached hereto as Exhibit J is a true and correct copy of an e-mail message dated October 24, 2007, from Mr. Pennock to me and others responding to my October 16 letter.

14. Attached hereto as Exhibit K is a true and correct copy of an e-mail message dated October 25, 2007, from me to Mr. Pennock responding to his October 24 e-mail.

15. On October 25, 2007, I and other AstraZeneca counsel participated in a conference call with Mr. Pennock, Mr. Jaffe, and Ken Bailey of the Bailey law firm. During this call, Messrs. Pennock and Bailey stated that the time had come for the parties to proceed with an *in camera* review by a special master. Attached hereto as Exhibit L is a true and correct copy of a letter dated November 7, 2007, from me to Mr. Pennock addressing plaintiffs' position regarding a special master and other aspects of the parties' discussions about AstraZeneca's privilege log.

16. Attached hereto as Exhibit M is a true and correct copy of an e-mail message dated November 20, 2007, from Mr. Pennock to me with an attached proposed form of Joint Order Appointing Special Master.

17. Attached hereto as Exhibit N is a true and correct copy of an e-mail message dated November 26, 2007, from Mr. McConnell to Mr. Pennock.

18. Attached hereto as Exhibit O is a true and correct copy of an e-mail message dated November 27, 2007, from Mr. Pennock to Mr. McConnell and me.

19. Attached hereto as Exhibit P is a true and correct copy of an e-mail message dated December 7, 2007, from Mr. McConnell to Mr. Pennock.

20.     Attached hereto as Exhibit Q is a true and correct copy of an e-mail message dated December 31, 2007, from Mr. Pennock to me.

21.     Attached hereto as Exhibit R is a true and correct copy of a letter dated January 4, 2008, from me to Mr. Pennock.

22.     Attached hereto as Exhibit S is a true and correct copy of an e-mail message dated January 7, 2008, from Mr. Pennock to Mr. McConnell and me. Later that day, I and other AstraZeneca counsel participated in a conference call with Mr. Pennock regarding AstraZeneca's privilege log.

23.     Attached hereto as Exhibit T is a true and correct copy of an e-mail message dated January 8, 2008, from Mr. Pennock to me. This was the final communication I received from Mr. Pennock before plaintiffs filed their motion on January 10.

24.     At no point in the meet-and-confer discussions that preceded the filing of plaintiffs' motion did plaintiffs assert that the log must list every individual e-mail message in every e-mail string; that any document simultaneously sent to attorneys and non-attorneys must be produced; or that AstraZeneca had not submitted sufficient information for plaintiffs to evaluate its work-product claims.

25.     On January 25, 2008, AstraZeneca sent plaintiffs a DVD containing AstraZeneca's production of an initial set of documents that have been removed from AstraZeneca's privilege log, deemed producible upon review by the attorney team preparing the privilege log, or deemed producible after being identified by the privilege log team as related to documents in one of these two categories (e.g., attached documents or overlapping e-mail strings). This production included 1,989 documents. Attached hereto as Exhibit U is

a true and correct copy of a transmittal letter dated January 25, 2008, from Mr. Yeager to Mr. Jaffe identifying this production and stating that AstraZeneca will produce additional documents identified via this process as soon as possible. The privilege log team expects to finish producing by the end of February 2008 the production (in complete or redacted form, as appropriate) of all documents that to date have been removed from the log or deemed producible during the logging process on the bases stated in Exhibit U. Production of these documents was delayed for over a month and a half for technical reasons stemming from the recently-completed migration of AstraZeneca's massive discovery database from Zantaz's Introspect system to FTI Consulting's Ringtail system.

26. The most recent cumulative privilege log furnished to plaintiffs on January 7, 2008, lists 19,533 documents. For 11,980 of these documents, the log asserts a work-product claim.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2008.

*[signature]*
Marc E. Raven