# RAVEN DECLARATION EXHIBIT E

**REDACTED**

From: Pennock, Paul [mailto:PPennock@weitzlux.com]
Sent: Wednesday, September 19, 2007 7:00 PM
To: Magaziner, Fred; McConnell, Stephen
Cc: cbailey@bpblaw.com
Subject: Privilege Logs

Dear Fred and Steve,

I have read through large portions of your privilege logs. It appears to me that you have yet another significant problem in terms of deliberate non-disclosure of discoverable information. I am happy to give you the opportunity to correct this, but we need to move very quickly. Let me sketch out for you some preliminary observations.

1. First and foremost, it is a massive log. That alone suggests that there are a large volume of fraudulently designated documents.

2. The number of alleged requests for legal advice also are suspicious. There are requests for legal advice with a dozen people on an email and I don't think there are any lawyers on the email, or if there are they do not appear to be the people to whom the email is directed. Worse yet, there are alleged requests for legal advice from "unidentified" authors. That's a new one. How do you know that the requestor has the benefit of an attorney-client relationship?

3 What appears to be a particularly egregious abuse (and deliberate discovery order violation) is the following assertion for huge numbers of documents: "This document reflects activities performed at the request of legal counsel about...." I would like an explanation of that. How is it that an action that someone takes, in one instance that I saw it was a "calendar entry", is protected by attorney client privilege? The fact that the lawyer told them to take the action might be privileged (of course, you've waived that

1

since you've told us in the log that the lawyer directed the action) but the action isn't. There might be instances where it would be but those do not appear to be what happened with the vast majority of these "documents".

So, I have three requests at this time. As we are moving into depositions in about 2 weeks, you need to do these immediately. (Please note that this week we received about 50% of your privilege log entries).

1. By Monday, September 24th, please give me a list of every attorney whose name appears in your privilege log and what firm or office within the company that they work for. There are no "Esq." that I saw nor did I see any law firm references. After we get that, we can talk about some further information we might be entitled to in this regard. This is very easily done, as your people have already decided that the material is attorney-client privileged, so they must have a roster of who an attorney on these documents. I assume they did anyway. If they were just guessing that someone might be a lawyer, please so advise.

2. By Monday, September 24th, please provide me with the basis for attorney-client privilege for all documents where a lawyer is neither the recipient nor the author. Again, as you've told us and the court, these documents went through levels of review. Therefore, you undoubtedly have a record for the decision that was made on each document. At present, we would like to know why each document without any attorneys being a recipient or an author are privileged.

3. By Monday, September 24th, please provide me with the legal basis there for protecting an action directed by an attorney as opposed to the communication from the attorney directing the action. I will of course be looking at this issue but, as part of your meet and confer obligations, please provide me with any law that you have on this.

Time is of the essence and so we need to speak about all of this as soon as possible. I should note that the above is what I would term the "first peal-back" only. Once we get a sense of what your people were doing and why, I would imagine that more improprieties will begin to unravel and I will point them out. So, please do not construe the above as any limitation on our complaints about this privilege log. In this regard, I've noticed thousands of "work product" designations that are equally mystifying.

Thank you for your prompt attention to this important and disturbing development.

Paul