# RAVEN DECLARATION EXHIBIT J

## Raven, Marc E.

| | |
|---|---|
| **From:** | Pennock, Paul [PPennock@weitzlux.com] |
| **Sent:** | Wednesday, October 24, 2007 3:04 PM |
| **To:** | Raven, Marc E.; Pederson, Mike; Jaffe, Jonathan; dcanty@lskg-law.com; cbailey@bpblaw.com; kbailey@bpblaw.com; sallen@crusescott.com; Sedgh, Jonathan |
| **Cc:** | tmunno@dechert.com; smcconnell@dechert.com; awinchester@mccarter.com; jfreebery@mccarter.com; Wile, Kenneth E.; Jaffe, Jonathan |
| **Subject:** | RE: AstraZeneca/Seroquel -- Group 3 privilege log |

Marc,

Until your letter of 10/16, we were unaware that you were sending "cumulative" updates of the privilege log. By all appearances, you were serving supplements to the log. This, as you saw in my prior email, created a good deal of extra work for us and "sent us down some rabbit trails." We're going to trace back the prior service of your "cumulative" privilege logs but we do not think that this was properly noted. We believe that this is yet another example of how AZ has improperly manipulated the discovery process in this litigation. Additionally, we object to the service of any additional "cumulative" logs. Therefore, please immediately confirm your agreement to the following: All changes to the logs you just served yesterday must come as a separate log. So, each time you add documents, they should come in their own separate, new log that can be loaded with the prior logs but which we can also maintain and review independently. Any documents removed from the log should also come by separate log and that also should not be cumulative. Finally, please immediately specify any documents that you have removed from any of the "logs" that you've previously sent. I want this by Monday, Oct 29th. I think you should provide this by Friday, but I'll accept them Monday, so you have this weekend to complete the work. Also, you have now had nearly a month to determine whether many of the documents that I identified should in fact be privileged. You said in your letter that you were looking into these. I would like a definitive answer to those questions on Friday.

Thank you and I look forward to speaking with you tomorrow.


-----Original Message-----
**From:** Raven, Marc E. [mailto:mraven@Sidley.com]
**Sent:** Tuesday, October 23, 2007 4:49 PM
**To:** Pennock, Paul; Pederson, Mike; Jaffe, Jonathan; dcanty@lskg-law.com
**Cc:** tmunno@dechert.com; smcconnell@dechert.com; awinchester@mccarter.com; jfreebery@mccarter.com; Wile, Kenneth E.
**Subject:** RE: AstraZeneca/Seroquel -- Group 3 privilege log

Gentlemen:

Here is the third and final section of the log in pdf form.

Marc

<<Group3PrivlLogPart3.pdf>>

| | |
|---|---|
| **From:** | Raven, Marc E. |
| **Sent:** | Tuesday, October 23, 2007 3:47 PM |
| **To:** | 'ppennock@weitzlux.com'; 'mpederson@weitzlux.com'; 'jjaffe@weitzlux.com'; 'dcanty@lskg-law.com' |
| **Cc:** | 'tmunno@dechert.com'; 'smcconnell@dechert.com'; A. Richard Winchester (awinchester@mccarter.com); James J. Freebery |

1/27/2008

(jfreebery@mccarter.com); Wile, Kenneth E.

**Subject:** RE: AstraZeneca/Seroquel -- Group 3 privilege log

Gentlemen:

Per my previous e-mail (see below), here is the second section of the log in pdf form.

Marc

<< File: Group3PrivLogPart2.pdf >>

---

**From:** Raven, Marc E.
**Sent:** Tuesday, October 23, 2007 3:43 PM
**To:** 'ppennock@weitzlux.com'; 'mpederson@weitzlux.com'; 'jjaffe@weitzlux.com'; 'dcanty@lskg-law.com'
**Cc:** 'tmunno@dechert.com'; 'smcconnell@dechert.com'; A. Richard Winchester (awinchester@mccarter.com); James J. Freebery (jfreebery@mccarter.com); Wile, Kenneth E.

**Subject:** AstraZeneca/Seroquel -- Group 3 privilege log

Gentlemen:

Attached please find the first of three sections of AstraZeneca's privilege log in pdf form, updated to include documents from the custodians in Group 3. This is a cumulative log that includes all documents as to which AZ claims privilege and/or work product to date. Per Special Master Ball's instructions, we are providing the log both in pdf form and in Access database form. We have broken up the pdf version of the log to send in three parts because of its size. I will send two additional e-mails momentarily containing the second and third sections, followed by a fourth e-mail transmitting the Access database version.

In the course of preparing this updated log, we recently discovered that some copies of some of the e-mails collected from AZ's first 80 custodians were erroneously omitted from AZ's review database (and hence in some instances omitted from AZ's production and in other instances omitted from its privilege log). All of these omitted documents were copies of e-mails whose recipients included one or more bcc recipients. We have instructed our vendors to give the highest priority to fixing this problem, which appears to have affected a relatively small number of documents.

In the meantime, we searched AZ's database to see whether any e-mail messages that had already been designated for inclusion in the privilege log have bcc information currently in the database, and we found a small number that do. Accordingly, we have modified the format of our log to include this information. In the pdf version of the log, bcc information has been added to the cc column (and is now headed "cc/bcc"). In the Access database version, bcc information is contained in a separate field.

Please feel free to contact us should you have any questions about this issue.

Marc

<< File: Group3PrivLogPart1.pdf >>

1/27/2008

```
Sidley Austin LLP mail server made the following annotations on 10/23/07, 15:49
---------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations,
that, unless expressly stated otherwise, any U.S. federal tax advice contained
communication, including attachments, was not intended or written to be used, a
used, by any taxpayer for the purpose of avoiding any penalties that may be imp
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice
to by other parties in promoting, marketing or recommending any partnership or
investment plan or arrangement, then (i) the advice should be construed as writ
with the promotion or marketing by others of the transaction(s) or matter(s) ad
communication and (ii) the taxpayer should seek advice based on the taxpayer's
circumstances from an independent tax advisor.

******************************************************************************
This e-mail is sent by a law firm and may contain information that is privilege
If you are not the intended recipient, please delete the e-mail and any attachm
immediately.

******************************************************************************

*** eSafe scanned this email for malicious content ***
*** IMPORTANT: Do not open attachments from unrecognized senders   ***
```