# RAVEN DECLARATION EXHIBIT L



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| ONE SOUTH DEARBORN | BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO, IL 60603 | CHICAGO | LONDON | SINGAPORE |
| (312) 853 7000 | DALLAS | LOS ANGELES | TOKYO |
| (312) 853 7036 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

mraven@sidley.com
(312) 853-7162

FOUNDED 1866

November 7, 2007

<u>Via E-Mail</u>

Paul J. Pennock, Esq.
Weitz & Luxenberg P.C.
180 Maiden Lane
New York, NY 10038-4925

*In re Seroquel Products Liability Litigation*, **MDL Docket No. 1769 (M.D. Fla.)**

Dear Paul:

We have given careful thought to plaintiffs' position that issues concerning AstraZeneca's privilege log now have been identified well enough for a referral to a special master to be appropriate. We respectfully disagree. Not surprisingly given the extent of discovery in this litigation, the questions plaintiffs have raised about the bases for AstraZeneca's privilege claims are many and varied. Thus far, our exploration of those questions has been confined to two relatively brief phone calls and, in between, an exchange of correspondence. We believe these communications overall have been constructive, and you have indicated that you agree. There are, however, unresolved issues that we believe we can continue to work through and in fact must work through if we are to meet our obligations to each other and the Court to minimize the burden that this potentially *very* burdensome topic – privilege logs – presents. Once the parties have gone as far as they reasonably can in resolving the issues themselves, the two sides should be able to agree on a sensible process for resolving any remaining disputes. The following are among the reasons why the parties are not yet at that stage:

1. <u>Lack of Explanation for Plaintiffs' Positions on Certain Issues.</u> During our most recent phone call, you identified only one answer (out of 21) in our October 16 letter (to question VI.1., regarding calendar entries) with which you said plaintiffs were satisfied. Yet, plaintiffs have not explained how there might be any disagreement on a number of other questions (let alone explain why plaintiffs disagree if, in fact, they do). These questions include numbers I.2., I.3., II.1, II.2., III.1., III.2., IV.1., IV.2., and XIII.1. If you believe that any of the positions we have articulated in response to these questions are incorrect, then you should say so and explain why. The meet-and-confer process, whose importance to the Magistrate Judge is well known to both sides, is rendered meaningless unless plaintiffs identify their arguments so that AstraZeneca can respond.

2. <u>Questions V.1 and XII.</u> On Questions, V.1. and XII., we agreed in our October 16 letter to reexamine each of the documents in the categories identified. As we said during our

Paul J. Pennock, Esq.
November 7, 2007
Page 2

subsequent call, we will be producing some documents in each category. Until this occurs, there is no way to know whether there is any dispute.

       3. <u>Categories Where More Information Has Been Requested: Questions VIII.1. and X.</u> Questions VIII.1. and X. identify categories in which privilege log entries do not contain the name of a lawyer. In reply, we offered to provide additional information in a new field, elaborating on AstraZeneca's basis for claiming privilege and clarifying the nature of counsel's involvement where necessary. You have not responded to this proposal, and therefore submission of this issue to a special master or the Court is obviously premature. We may have no dispute. In any event, it is highly unlikely that the Court would be satisfied with plaintiffs' failure to respond.

       4. <u>Apparent Disputes</u>. Even as to those few questions (all relating to documents routinely subject to legal review) where the parties may well disagree even after further consideration, our discussions to date have been couched in terms too general for a referral now to be useful to moving the matter forward. An appropriate next step, as we have stated previously, would be for you to identify a limited number of specific examples from each of the broad categories of documents encompassed by your questions for us to reexamine and comment on individually. We believe it is likely that such a process, which would not take long to complete, would at least result in a substantial narrowing of disputed issues, if not eliminate them altogether. After that, if any disputes do remain, the Manual for Complex Litigation suggests that the parties should explore whether the Court's examination of such "specimen documents" could obviate the need for a special master. *See* Manual for Complex Litig., § 33.25 at 63-64 (4th ed. 2004).

      As you know, the appointment of a special master to deal with pretrial matters is not authorized unless the need for one is clear. *See* Advisory Committee Notes to Fed. R. Civ. P. 53(c)(1)(C) (2003 Amendments). We have not yet reached that point, and we may never get there, assuming the meet-and-confer process is allowed a meaningful opportunity to work. AstraZeneca is prepared to do its part. We perceive some impatience on the part of plaintiffs, but that is not a justification for short-circuiting the process, especially when AstraZeneca began producing privilege logs eight months ago, in early March, and plaintiffs have only recently raised broad questions about AstraZeneca's attorney-client privilege assertions.

      We would be happy to have a call with you later this week to talk about where we go from here. Please let us know your availability.

                                                              Very truly yours,

                                                            Marc E. Raven

cc:    Thomas F. Munno, Esq.
         Stephen J. McConnell, Esq.
         Kenneth E. Wile, Esq.