# RAVEN DECLARATION EXHIBIT M

# Raven, Marc E.

| | |
|---|---|
| **From:** | Pennock, Paul [PPennock@weitzlux.com] |
| **Sent:** | Tuesday, November 20, 2007 7:17 PM |
| **To:** | Raven, Marc E. |
| **Cc:** | stephen.mcconnell@dechert.com; Sedgh, Jonathan |
| **Subject:** | Privilege Logs |
| **Attachments:** | seroquel.draft.special.master.PDF |

Attached is is a standard order that will cover what we need here in terms of a Special Master. Let me know if you have any objections to this or if you'd like to modify it in any way. Of course, if you simply want to continue along the road we've been on for 3 months, then I'll have to make a motion. We need a Special Master on these issues. It is S.O.P. that one be appointed. There is always one in an MDL. I look forward to hearing from you. Please call or email me tomorrow if you can with your thoughts.


Paul J. Pennock, Esq.
Weitz & Luxenberg, P.C.
120 Wall Street, 15th Floor
New York, NY 10005
tel. (212) 558-5549
fax (212) 363-2721
E-mail: Ppennock@weitzlux.com

## JOINT ORDER APPOINTING SPECIAL MASTER

It is hereby ORDERED as follows:

The Court hereby appoints as the Special Master pursuant to Fed. R. Civ. P. 53. That rule permits a federal court to appoint a Special Master to "perform duties consented to by the parties" or "to address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(A); 53(a)(1)(C).

Duties of the Special Master

Pursuant to the Order of the Courts, Special Master ---- shall review privilege logs, privilege redaction logs, redaction logs and any documents identified to h-- by plaintiffs to the extent necessary to test and determine the propriety of redactions and to fairly resolve AZ's privilege claims or for otherwise withholding and/or redacting such documents. Special Master ------- shall also review any challenges to the designation of documents as confidential.

The Special Master shall supervise document discovery with respect to claims of confidentiality, privilege, and the redaction of documents, and when necessary, make recommended rulings for the Court's consideration on disputes that may arise in connection with redaction/privilege issues.

## I. Document Review Process

Defendant AZ will provide any assistance required and/or requested by the Special Master to facilitate the review process including producing and arranging documents in a manner that will ease the burden of review. During the course of the review process the Special Master and his designee(s) shall have access to all materials to which AZ has asserted privilege claims as well as all documents and information redacted or withheld for any other reason. .

## II. Ex Parte Communications

Fed. R. Civ. P. 53(b)(2)(B) directs the Court to set forth the circumstances in which the Special Master may communicate *ex parte* with the Courts or a party. The Special Master may communicate *ex parte* with the Court, without notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters. The Special Master may not communicate *ex parte* with any party or counsel without first providing opposing Co-Lead Counsel and Liaison Counsel notice and an opportunity to be heard. Such notice shall indicate the general nature of the proposed communication.

## III. In Camera Review

The Special Master shall review all documents and information which is in dispute *in camera*. Counsel for the Parties shall designate an attorney or attorneys to be available to the Special Master to answer any questions that the Special Master may have regarding these documents. For purposes of this review effort, all such persons shall be deemed officers of the Court, such that their access will not give rise to a waiver of any privilege or confidentiality claims

Because this process is necessarily *ex parte*, all oral communications shall be recorded by a court reporter. The parties shall share the expense of this recording equally, and all transcripts shall be filed under seal. If requested by the Special Master or the Court, the parties may submit written briefing to supplement the *in camera* review process. All such written submissions shall be filed under seal.

## IV. Review of Special Master's Findings/Recommendations

Any party objecting to a ruling by the Special Master must notify the Special Master and all other interested parties of its intention to raise an objection (by facsimile or

- 2 -

electronic mail) within three (3) business days after receiving the Special Master's written recommendation. Thereafter, said objection must be raised with the Court within twenty (20) days of the receipt (by facsimile or electronic mail) of the Special Master's written recommendation. If notification of a party's intention to challenge the Special Master's written recommendation is not given within three (3) business days, the Courts may adopt the recommended ruling as its order on the disputed issue. The Courts shall review all objections to any finding, report, or recommendation of the Special Master *de novo*, as required by Fed. R. Civ. P. 53(g).[1] The Courts will set aside the Special Master's rulings on procedural matters only for abuse of discretion.

## V. Compensation of Special Master

The parties have agreed to compensate the Special Master at a rate of $--- per hour. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Courts may issue.

Within fourteen (14) days of this Order, the parties shall establish an initial operating account of $15,000. Plaintiffs and AZ shall share this cost equally, with Plaintiffs' share being borne equally by all plaintiffs firms with cases filed in this MDL. The Courts will not order any additional payments until the retainer is fully earned.

The Special Master in this proceeding shall maintain normal billing records of time spent on this matter with reasonably detailed descriptions of his activities. Upon the Courts' request, the Special Master shall submit a written formal report of his activities for filing in these coordinated proceedings.

## VI.   Term of Appointment

The appointment of --------, Esq. shall extend from the date of this order through August 31, 2008. Affidavit

Fed. R. Civ. P. 53(b)(3) requires a Special Master to submit an affidavit "disclosing any ground for disqualification under 28 U.S.C. § 455" before appointment. A copy of the Special Master's affidavit is attached to this Order. The Special Master and the parties shall notify the Courts immediately if they become aware of potential grounds for disqualification.