# RAVEN DECLARATION EXHIBIT P

## Raven, Marc E.

**From:** McConnell, Stephen [stephen.mcconnell@dechert.com]
**Sent:** Friday, December 07, 2007 6:10 PM
**To:** Pennock, Paul
**Cc:** Munno, Thomas; Wile, Kenneth E.; Raven, Marc E.
**Subject:** Privilege Log

Paul,

First, I apologize for the delay in getting back to you. Today is my first day back in the office. My knee still hurts, but I will make sure that no crankiness creeps into my message.

We continue to think that any special master order is inappropriate at this stage. Your draft order unintentionally helps demonstrate that a special master is premature -- and the draft is, in any event, too vague and open-ended to provide a basis for constructive discussion.

Here are just a few of the major problems. The draft literally says that Plaintiffs are prepared to submit all 18,000+ logged documents to a special master. There is not even a requirement to meet and confer further about what will be submitted. The result will be delay and chaos. Moreover, we're still waiting for an explanation as to why AZ's work product claims for documents created during a period of intense litigation are subject to challenge. What you tell us could, of course, have a significant impact on what is and is not submitted to a special master, if one is appointed.

We have other broad concerns about Plaintiffs' rush to a special master as reflected in their draft order. The special master's duties are defined much too broadly and ambiguously. As written, the draft seems to sweep in relevancy and confidentiality issues ("all documents and information redacted or withheld for any other reason") -- topics we've never even mentioned during our meet-and-confer. We see no reason to use an expensive special master as a substitute for the meet-and-confer requirement. The procedural provisions also need a great deal of work. (One quick example among many: do Plaintiffs expect AZ to agree that Plaintiffs can cap their fee responsibility at $7,500? We can't tell.)

Once we've completed the additional work that needs to be done, we'll be happy to work with you on an agreed order. Your attachment, however, shows only that we are not there, yet.

Please let us know when you're ready to pick up where we left off in the meet-and-confer process.

I hope the weekend treats you well.

Regards.

- Steve


This e-mail is from Dechert LLP, a law firm, and may contain information that is con

1/27/2008