# RAVEN DECLARATION EXHIBIT R


SIDLEY

| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| ONE SOUTH DEARBORN | BRUSSELS | NEW YORK |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

mraven@sidley.com
(312) 853-7162                    FOUNDED 1866

January 4, 2008

## VIA E-MAIL AND FACSIMILE

Paul J. Pennock
Weitz & Luxenberg
180 Maiden Lane
New York, NY  10038

    Re: *In re Seroquel Products Liability Litigation*, MDL Docket No. 1769 (M.D. Fla.)

Dear Paul:

    We understand from your remark at the end of the December 18 status conference and your December 31 e-mail to me that plaintiffs plan to move the Court next week to appoint a special master to review the documents listed on AstraZeneca's privilege log. As we have stated previously, plaintiffs have not come close to completing the meet-and-confer process. There are important issues plaintiffs have yet to address. Even assuming that appointment of a special master might be appropriate in the future, plaintiffs have failed to try to narrow the issues or make a realistic proposal as to how a special master should accomplish a review.

    When you engaged with us in a substantive dialogue for a brief stretch in late September and October, we thought we were making good progress in laying the groundwork for more detailed discussions that would enable the parties to eliminate a great many potential disagreements over AZ's privilege claims. In the wake of our initial round of talks, you acknowledged in an e-mail to Steve McConnell of Dechert and me on November 27 that AZ had "been acting in good faith" and had not "done anything wrong in [its] approach to this particular issue." Given the tensions in this case in other areas, we were pleased that, collectively, plaintiffs and AZ were making substantial progress on privilege.

    Rule 53, though, requires more follow-through than we've seen from plaintiffs since October. As noted in our letter of November 7, the appointment of a special master to deal with pretrial matters is not authorized unless the need for one is clear. *See* Advisory Committee Notes to Fed. R. Civ. P. 53(c)(1)(C) (2003 Amendments). For more than two months now, plaintiffs have left key questions unanswered, thus preventing the parties from making further progress towards determining whether and to what extent the aid of a special master might truly be warranted. For example, plaintiffs still have not articulated any basis for disagreeing with many of the positions set forth in our October 16 letter answering plaintiffs' questions about



Paul J. Pennock
January 4, 2008
Page 2

AZ's approach to various privilege issues.  Likewise, plaintiffs have failed to respond to AZ's proposal to address their concerns about log entries that don't contain the name of a lawyer; we offered in the same October 16 letter to elaborate on the basis for the privilege claim and clarify the nature of counsel's involvement where necessary.  Also, plaintiffs still haven't explained why AZ's work product claims for documents created during a period of intense litigation are subject to challenge; nor, for that matter, have plaintiffs even said whether they think there are grounds for questioning any of those claims.

Not surprisingly given plaintiffs' failure to carry the conversation forward, plaintiffs' November 20 attempt at a draft order appointing a special master for privilege issues would (if adopted) lead to mass confusion, delay, and a virtually impossible assignment for the master.  As Steve pointed out in his December 7 e-mail to you, that draft contemplates submission to a master not only of all 18,000– documents on AZ's privilege log but also of issues of relevancy and confidentiality -- all without any requirement that the parties meet and confer to try to narrow the scope of the master's task.  At the same time, plaintiffs' draft order seemingly would saddle AZ with virtually the entire cost of this massive enterprise.

As you yourself acknowledged in November, AZ has tried in good faith to address the broad concerns plaintiffs first began raising in September, more than six months after AZ delivered its initial privilege log.  It remains AZ's goal to avoid unnecessary motion practice, which is in neither AZ's nor plaintiffs' interests.  Thus, AZ is continually reexamining its privilege claims in order to ensure that plaintiffs are not improperly deprived of information they are entitled to discover.  This has made plaintiffs' fitful attention to this topic and failure to advance reasonable proposals to resolve issues *before* it might be necessary to resort to a special master all the more frustrating.

Notwithstanding our frustration, we are fully prepared to resume the meet-and-confer process with you at any time.  Accordingly, we invite you, instead of filing your motion next week, to contact us to schedule a call or meeting at your convenience.

Very truly yours,

Marc E. Raven

cc:    Thomas F. Munno, Esq.
       Stephen J. McConnell, Esq.
       Kenneth E. Wile, Esq.