**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re Seroquel Products Liability Litigation**
**MDL Docket No. 1769**
**This Documents Relates to All Cases**

**ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT WRITTEN QUESTION DEPOSITIONS OF CUSTODIANS OF RECORDS FOR "KEY OPINION LEADERS" AND FOR LEAVE TO CONDUCT ORAL DEPOSITIONS OF "KEY OPINION LEADERS"**

Plaintiffs want the Court to allow them to take two depositions of each of six identified physicians (the "Key Opinion Leaders"). Plaintiffs propose first to take a Rule 31 "written question" deposition of the physicians' "custodians," and then to take Rule 30 oral depositions of the same physicians. Because these physicians are individuals and not business entities, however, they will no doubt have to be their own "custodians." So what plaintiffs really propose is to take two separate depositions of each physician.

Plaintiffs' proposed procedure is both pointless and unfair. Even if each physician actually had a separate "custodian," the proposed Rule 31 written question depositions would be cumbersome, burdensome and completely unnecessary. The procedure is even worse if each physician has to be deposed twice. Accordingly, the Court should deny plaintiffs' motion, but allow plaintiffs to use Rule 45 subpoenas to obtain documents from the physicians; thereafter, if necessary, plaintiffs may take the oral depositions of these physicians.

The Federal Rules of Civil Procedure authorize this Court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. PROC. 26(b)(2)(C)(i). The Court has a great deal of discretion in this regard. *See Holloman v. Mail-*

*Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229-32 (9th Cir. 2006) (noting that a district court has "broad discretion" in administering pretrial MDL proceedings).

The procedure proposed by plaintiffs for getting discovery of the six physicians is unreasonably burdensome and cumulative. Plaintiffs can obtain the discovery they seek without needlessly encumbering either these physicians or AstraZeneca, simply by first subpoenaing the physicians' records and then, if necessary, taking Rule 30 oral depositions.

Courts have long recognized that depositions by written questions under Rule 31 are often burdensome, inconvenient, inadequate and unfair.[1] *See, e.g., Bieganek v. Wilson*, No. 84 C 10899, 1986 U.S. Dist. LEXIS 29558, at *2, 4 (N.D. Ill. Feb. 6, 1986) (granting a protective order because deposition on written questions would be "oppressive"); *Knox v. Anderson*, 21 F.R.D. 97, 99 (D. Haw. 1957) (viewing depositions by written questions as "at best []

---

[1] *Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 U.S. Dist. LEXIS 56903, at *8-10 n.2 (N.D. Cal. July 27, 2007) explains the process for noticing and conducting a Rule 31 deposition:

> [A] deposition upon written questions basically [] work[s] as follows. [A plaintiff] send[s] out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the [plaintiff] would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the [plaintiff] written re-cross-examination questions for the witness. When all the questions—without any answers—are ready, the [plaintiff] would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, see Fed. R. Civ. P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the [plaintiff] and defendant.

cumbersome.”). The process is particularly burdensome for the cross-examining party – in this case, AstraZeneca – which must submit its cross- and re-cross questions before knowing how the witness has answered the questions put to him/her on direct examination. Because written-question depositions do “not permit the probing follow-up questions necessary in all but the simplest litigation,” they deny counsel the opportunity to “‘explore all the nuances of [the] actions which are relevant to th[e] litigation.’” *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549-550 (S.D.N.Y. 1989); *see also Lopez*, 2007 U.S. Dist. LEXIS 56903, at *8-10 n.2 (noting that a Rule 31 deposition “permits no opportunity for follow-up questions when a witness makes a statement that is unexpected,” and that “[p]oorly worded questions will often result in useless answers”). Especially where the deposing party seeks “explanations regarding . . . documents” and “[t]he information sought is broad and unspecific,” courts have repeatedly held that written deposition questions are inadequate. *Hay & Forage Indus. v. Ford. New Holland, Inc.*, 132 F.R.D. 687, 690-91 (D. Kan. 1990); *see also Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 160 F.R.D. 582, 590 (S.D. Cal. 1995).

The problem is further compounded by many of plaintiffs’ proposed written deposition questions for the six physicians, which are overbroad, vague and searching. If this procedure were allowed, AstraZeneca would be forced to engage in a game of trying to predict the testimony each physician might give on direct and re-direct examination, and then gamble that it had correctly predicted the answers when framing its questions for cross- and re-cross examination. This task would be close to impossible, and it is highly unlikely that AstraZeneca would guess correctly. With regard to overbreadth, consider Question 5 which asks, “Please tender at this time all records identified in Question No. 2 and in the SUBPOENA that has been served on you. Have you complied? If not, why not?” Pls.’ Mot., Ex. 2., at 16. AstraZeneca

cannot possibly anticipate how a physician might answer such an open-ended "why" query, and thus cannot hope to develop a cross-examination question on point. Plaintiffs' proposed questions include many such sweeping inquiries.

Plaintiffs' written questions are also rife with ambiguity, and thus invite nuanced and unexpected answers for which AstraZeneca cannot possibly prepare in advance a fitting cross-examination. For example, if a witness seeks clarification of the term "relating to" in Question 2, *see, e.g.*, Pls.' Mot., Ex. 2, at 15, the officer conducting the deposition will be chained to plaintiffs' script, *see Lopez*, 2007 U.S. Dist. LEXIS 56903, at *8-10 n.2, and will have to deny the witness the clarification that counsel might otherwise provide in a live deposition. Similar vagueness and inconsistency pervade almost all of plaintiffs' questions, in such words and phrases as "served," "tender," "complied," "true and correct," "regular course of business," "tendered," "at or near the time," "transmitted to your files," "official duties," "destroy," "for any reason," "have in any manner been edited, purged, culled, or otherwise altered," "to the extent possible," "lost, destroyed, or otherwise disposed of," "last custodian," "disposed of, destroyed, or otherwise lost," "that have been deemed privileged," "concerning," "assisted," and "who is present with you at the time you prepared your answers." *See* Pls.' Mot., Ex. 2, at 15-19. AstraZeneca can neither anticipate nor prepare effective cross-questions given such answers or requests. Plaintiffs' use of Rule 31 would thus subject AstraZeneca to an impossibly difficult burden. Given the stakes of this litigation, requiring AstraZeneca to leave its ability to question these physicians up to chance hardly seems fair or appropriate.

Moreover, plaintiffs' proposed discovery scheme is unreasonably cumulative and duplicative. As noted, there is no real distinction here between a physician's "custodian" and the physician him/herself, because these are individuals and not business entities. Thus, plaintiffs

are effectively seeking to take *two depositions of the same person* – first as a "custodian" and second as a "key opinion leader" – without any showing of need or good cause. Yet it is well settled that multiple depositions are disfavored by the courts, and for good reason. *See, e.g.*, *Dixon v. Certainteed Corp*., 164 F.R.D. 685, 690 (D. Kan. 1996). Here, there is a far superior alternative available for plaintiffs: plaintiffs can simply subpoena the physicians' records under Federal Rule of Civil Procedure 45, evaluate the documents on their own, and then proceed, if needed, with oral depositions of the physicians.

For the foregoing reasons, plaintiffs' motion should be denied.

DATED: February 1, 2008

Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 1, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Eliot J. Walker*

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

<table>
<tr><td>Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>Plaintiffs' Lead Counsel</td><td>Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel</td></tr>
<tr><td>Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>Plaintiffs' Liaison Counsel</td><td>Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com</td></tr>
<tr><td>Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com</td><td>Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net</td></tr>
<tr><td>Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com</td><td>Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com</td></tr>
<tr><td>Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com</td><td>E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com</td></tr>
</table>

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |