# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**
**MDL DOCKET NO. 1769**
_____

**This Document Relates to All Cases**

### ASTRAZENECA'S APPEAL FROM, OBJECTION TO, AND MOTION TO VACATE MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL RE: DOCUMENTS REVIEWED BY WITNESSES IN PREPARATION FOR DEPOSITIONS

Under Federal Rule of Civil Procedure 72(a), defendants AstraZeneca LP and

AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully appeal from, object to, and move

to vacate the Order entered on January 24, 2008 by Magistrate Judge Baker (Doc. No. 820)

["Order"], which granted plaintiffs' Motion to Compel Discovery of Documents Reviewed By

Witnesses In Preparation for Depositions (Doc. No. 711) ["Motion"].  AstraZeneca requests the

opportunity to present oral argument in support of this appeal and motion to vacate.

## I.     INTRODUCTION

This Court has an obligation to vacate any magistrate judge order that is "contrary to

law" or premised on "clearly erroneous" findings.  FED. R. CIV. PROC. 72(a); 28 U.S.C.

§ 636(b)(1)(A).  The appealed-from Order is precisely such a ruling.  Magistrate Judge Baker has

ordered AstraZeneca's counsel to identify and re-produce to plaintiffs, prior to any company

witness deposition, whatever *subset* of documents from among the voluminous documents

*already produced* to plaintiffs that *defense counsel selected* and then reviewed with any company

witness in privileged deposition preparation sessions.  The Order suffers from two fundamental

errors that require this Court to vacate it.  First, while purporting to premise the Order on Federal

Rule of Evidence 612, Magistrate Judge Baker failed to require plaintiffs to satisfy the threshold

foundational burdens imposed on them under Rule 612.  Second, Magistrate Judge Baker erred by refusing to recognize that the precise information at issue here constitutes opinion work product, because identification of the subset of already-produced documents defense counsel selected as important to review with witnesses in deposition preparation would reveal counsel's mental impressions and thought processes.  Thus, like other opinion work product, the information at issue here is entitled to near-absolute protection from disclosure to litigation adversaries under governing law.  The Court should vacate the Order for either of these two independently dispositive reasons.  In the meantime, the Court should extend the temporary stay of the Order's application entered by the Magistrate Judge, while the Court considers this appeal and, if necessary, through the time afforded by law for any further interlocutory appellate review by the Eleventh Circuit of the critically important issues raised herein.

## II.   BACKGROUND

In their Motion, filed on November 21, 2007, plaintiffs purported to identify a problem encountered in deposing AstraZeneca company witnesses, which concerned the small subset of documents selected by defense counsel from among the voluminous materials already produced to plaintiffs that were then reviewed with witnesses in privileged deposition preparation sessions. *See* Motion at 1.  Plaintiffs claimed that it was wrong for AstraZeneca to assert that this information was shielded from discovery, under either the attorney work product doctrine or attorney-client privilege.  Hence, plaintiffs' Motion asked that every specific subset of documents that AstraZeneca's counsel selected and then showed to any given witness during privileged deposition preparation sessions be identified as well as produced.

Despite the breadth of plaintiffs' requested relief, their Motion referred to only one example:  the November 7-8, 2007 deposition of AstraZeneca employee Athena Ruhl.  *See*

Motion at 1 & Exh. A.  Plaintiffs asked Ms. Ruhl if she had met with defense counsel in preparation for her deposition, for how long, and whether she and her counsel reviewed any documents together.  *Id.*  When plaintiffs' counsel asked what specific documents Ms. Ruhl reviewed in her deposition preparation sessions with counsel, her attorney objected on privilege grounds.  *Id.*  Plaintiffs' counsel at no point during the deposition (or in their Motion) established that Ms. Ruhl had reviewed any document that refreshed her recollection as to any facts, or that influenced her deposition testimony in any way.  *See* Motion, Exh. A.  Plaintiffs also never identified any documents they believe must be, but have not been, produced; any witness whose recollection was refreshed by reviewing any documents before his or her deposition; or any witness whose deposition testimony was impacted by any such pre-deposition review.

In its Opposition (Doc. No. 724) ["Opp."], AstraZeneca argued that plaintiffs' Motion should be denied, both because plaintiffs did not satisfy the threshold foundation requirements of Federal Rule of Evidence 612, and because plaintiffs sought the compelled disclosure of information that was protected as opinion work product.  *Id.*  AstraZeneca attached the Declaration of Jan Dodd (Doc. No. 724-2) ["Dodd Decl."], the attorney who prepared Ms. Ruhl for deposition and engaged in the selection process to compile the subset of already-produced documents that Ms. Dodd reviewed with Ms. Ruhl prior to her deposition.  As Ms. Dodd explained, she reviewed 15,835 previously produced documents and selected a subset of approximately 42 documents based on her understanding of the legal issues in this litigation and her perception of the deponent's relationship to the underlying facts.  Dodd Decl. at ¶ 5.

On January 24, 2008, Magistrate Judge Baker issued a sweeping Order requiring identification and production under Rule 612 of not just the subset of documents related to Ms. Ruhl, but every subset of documents selected by defense counsel to review with *any* company

3

witness in deposition preparation.  *See* Order at 1-2, 8.  While invoking Rule 612, the Order

never finds that plaintiffs satisfied their threshold Rule 612 foundational burdens.  It then

categorically rejects AstraZeneca's opinion work product arguments, concluding that

AstraZeneca "has not shown that disclosure of the documents Ms. Ruhl reviewed in preparation

for her deposition creates a 'real, non-speculative danger' of revealing counsel's thoughts" and

mental impressions.  *Id*. at 2.  The Order thus disregards standards applicable to opinion work

product and instead applies a balancing test applicable to ordinary work product.  *Id*. at 5-6.  In

granting plaintiffs' Motion, the Magistrate Judge expressed concern about Ms. Ruhl's failure

independently to review documents in preparation for her deposition apart from those she may

have reviewed with her lawyer, and stated that "such preparation suggests the substitution of the

lawyer's judgment for the witness's recollections."  *Id*. at 8.

## III.    STANDARD OF REVIEW

A United States District Court "*shall* modify or set aside any portion of the magistrate

judge's order found to be clearly erroneous or contrary to law" where a timely objection to any

non-dispositive matter has been filed.  FED. R. CIV. PROC. 72(a) (emphasis added); *see also* 28

U.S.C. § 636(b)(1)(A) (reciting same standard).[1]  The "clearly erroneous" standard applies to a

magistrate judge's factual findings, while the "contrary to law" standard applies to legal

conclusions.  *See, e.g., Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981); *Gunter v.

Ridgewood Energy Corp*., 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (order is "contrary to law" if

the magistrate misinterpreted or misapplied applicable law); *see also St. Fleurose v. Worldwide*

---

[1] A magistrate judge's decision on a discovery motion or other non-dispositive pretrial order is a
final decision, 28 U.S.C. § 636(b)(1)(A), subject to a "clearly erroneous or contrary to law"
standard of review by the district court.  28 U.S.C. § 636(b)(1)(B); *see also In re Commissioner's
Subpoenas*, 325 F.3d 1287, 1292 & n.2 (11th Cir. 2003).

*Dedicated Services, Inc.*, 2007 WL 4287614 (M.D. Fla. Dec. 5, 2007) (vacating magistrate's discovery-related order as contrary to law).

## IV.     ARGUMENT

### A.     The Order Should Be Vacated Because Plaintiffs Failed To Satisfy Their Threshold Burden To Lay The Foundation Required By Federal Rule Of Evidence 612 As To Any Witness And Any Document

The stated legal basis for the Magistrate Judge's extraordinarily broad Order is Federal Rule of Evidence 612.  *See* Order at 2-3, 5, 8.  The Order must be vacated because it fails to require plaintiffs to satisfy their threshold foundational burdens under Rule 612.

Where its requirements have been met, Rule 612 may require disclosure of a writing used by a witness "to refresh memory for the purpose of testifying."  FED. R. EVID. 612; *see also* 28 Wright & Gold, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6185 (2007).  Under Rule 612, plaintiffs must first satisfy each of "three conditions" before they may be entitled to request production of a specifically identified document that was reviewed by an adverse witness before testifying in deposition or trial.  *In re Managed Care Litig.*, 415 F. Supp. 2d 1378, 1380 (S.D. Fla. 2006).  Those three conditions, derived from the text of Rule 612 itself, are:  (1) the witness used the particular writing "to refresh" the witness's recollection; (2) the witness used the document "for the purpose of testifying," *i.e.*, review of the writing actually influenced the witness's subsequent testimony; and (3) under the circumstances, the "interests of justice" require that the document reviewed by the witness must be produced.  *Id*. at 1380 (citing *Sporck v. Peil*, 759 F.2d 312 (3d Cir.), *cert. denied*, 474 U.S. 903 (1985), as "the leading appellate decision discussing Rule 612"); *Medtronic Xomed, Inc. v. Gyrus Ent. LLC*, 2006 U.S. Dist. LEXIS 17202, **11-18 (M.D. Fla., Mar. 27, 2006) (citing *Sporck* and *In re Managed Care Litig*.); *Nutramax Labs., Inc. v. Twin Labs, Inc*., 183 F.R.D. 458, 468 (D. Md. 1998).  As courts

and commentators have stressed, these "three foundational elements *must* be met *before* Rule 612 is applicable with respect to documents reviewed by a witness to prepare for a deposition." *Nutramax Labs., Inc.*, 183 F.R.D. at 468 (citing cases; emphasis added); *see also* 28 Wright & Gold, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6185.

Here, as the record confirms, plaintiffs failed to satisfy their threshold foundational burdens as to *any* document that *any* witness may have reviewed with defense counsel before his or her deposition – including Ms. Ruhl, the sole deponent identified in plaintiffs' Motion.

First, plaintiffs nowhere established that Ms. Ruhl's recollection was actually *refreshed* in any way by any documents that she might have been shown in deposition preparation sessions with defense counsel.  For this reason alone their Motion should have been denied as to any documents that may have been shown to Ms. Ruhl prior to her deposition.  *See Medtronic Xomed*, 2006 U.S. Dist. LEXIS 17202, at **13-17 (denying motion to compel where movant failed to "prove that [the deponent] refreshed his recollection by means of [the particular] document" at issue); *accord Sporck*, 759 F.2d at 317; *United States v. Wright*, 489 F.2d 1181, 1188-89 (D.C. Cir. 1973).

Second, plaintiffs did not establish that Ms. Ruhl's deposition testimony was *influenced* in any way by her prior review of any documents before her deposition.  Hence, as in *Medtronic Xomed*, plaintiffs' Motion should have been denied because they also failed to meet their "burden of proving that [the witness] used the contested document for the purpose of testifying," *i.e.*, that the witness's "testimony was influenced by the contested document."  2006 U.S. Dist. LEXIS 17202, at **17-18; *see also Sporck*, 759 F.2d at 318 (Rule 612's "second requirement" is not met "without a showing that the document actually influenced the witness's testimony").

Because the record shows that plaintiffs did not satisfy either the first or second foundational requirements under Federal Rule of Evidence 612 for Ms. Ruhl or any other AstraZeneca deponent, the Magistrate Judge erred by racing ahead to discussion of any balancing test in relation to Rule 612's third foundational requirement. *Compare* Order at 5; *with Nutramax Labs.*, 183 F.R.D. at 468 ("If the first two elements are not met, then the inquiry ends, as Rule 612 is inapplicable."); *Bank Hapoalim, B.M. v. American Home Ass. Co.*, 1994 WL 119575, *6 (S.D.N.Y. 1994) (Rule 612's balancing test might apply only after it is established the documents at issue "have had an impact on the testimony" of the witness); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 202 (M.D. Fla. 1990) (Rule 612 foundation met where deposition showed deponent made "reference to" and "repeatedly reviewed" the documents at issue "during the deposition").

In fact, the Order itself acknowledges plaintiffs' failure to establish the requisite foundation under Rule 612. *See* Order at 8 n.3 ("it is not even clear that Plaintiffs' counsel inquired whether particular documents refreshed Ms. Ruhl's recollection"). Instead of denying plaintiffs' Motion as required by law, Magistrate Judge Baker ruled that AstraZeneca counsel's proper objections to questions that sought disclosure of privileged and protected information somehow operated to excuse plaintiffs from conducting the required inquiry. *Id.* That ruling is clearly erroneous and contrary to law. It is well settled that, despite any objections from opposing counsel, it is the responsibility of deposing counsel to ask appropriate and non-objectionable questions of any deponent that are sufficient to establish the requisite foundation under Rule 612. *See, e.g., Sporck*, 759 F.2d at 318 (emphasizing need for "incisive" foundational questioning under Rule 612); *Butler Manuf. Co., Inc. v. Americold Corp.*, 148 F.R.D. 275, 278 (D. Kan. 1993) (emphasizing that "a party must delve more thoroughly into the

circumstances in order to furnish an adequate basis to use Rule 612 as a tool to obtain disclosure," and finding that "the witness was asked only cursorily about refreshing his recollection by use of the [document]").[2]  Thus, the Magistrate Judge certainly should have "decline[d] to order a blanket production of all documents" that Ms. Ruhl may have "reviewed in preparation for h[er] deposition."  *In re ML-LEE Acquisition Fund II Sec. Litig.*, 848 F. Supp. 527, 567 (D. Del. 1994).

In the absence of any evidence of recollection refreshment and testimonial influence, Magistrate Judge Baker appears to have improperly substituted his own speculation in place of the evidentiary record required by law – by positing, without factual or legal basis, that Ms. Ruhl's review of documents selected by counsel "suggests the substitution of the lawyer's judgment for the witness's recollections."  Order at 8.  If affirmed by this Court, the Magistrate Judge's *ipse dixit* approach would eviscerate the well-settled burden imposed on plaintiffs and all other litigants to lay the requisite factual foundation for the application of Rule 612.[3]

Finally, even if plaintiffs had laid the requisite foundation as to Ms. Ruhl (which they did not), there is *no support* whatsoever for the Order's *litigation-wide* mandate for a *pre*-deposition/*pre*-testimonial identification and re-production to plaintiffs of whatever subset of

---

[2] The Order's assertion that "[o]nce Ms. Dodd invoked the privilege, Plaintiffs' counsel need not have inquired further" (Order at 8 n.3), is contrary to law.  Under settled authority, it is plaintiffs' obligation to create a record satisfying all of Rule 612's foundational requirements.

[3] AstraZeneca has never disputed that, prior to her deposition, Ms. Ruhl *reviewed* certain documents selected by defense counsel, all of which were previously produced to plaintiffs.  As courts and commentators have made clear, however, "[e]ven where a witness reviewed a writing before or while testifying, if the witness did not rely on the writing to refresh memory, Rule 612 confers no rights on the adverse party."  *United States v. Sheffield*, 55 F.3d 341, 343 (8th Cir. 1995); 28 Wright & Gold, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6185.  Hence, the Order's apparent supposition that any document merely *shown* to a witness in deposition preparation is necessarily one that refreshed that witness's memory, impacted the witness's testimony, and was necessarily "relied on" by the witness in giving his or her subsequent deposition testimony (*see* Order at 2, 6, 8), is not only unsupported by the record of Ms. Ruhl's deposition (much less that of every other AstraZeneca witness) but it is also contrary to law.

already-produced documents defense counsel might select and then show to any company

witness in preparing for *any* deposition in the past or in the future.  *See Sporck*, 759 F.2d at 318-

19 (reversing pre-deposition disclosure order; mandamus granted where "the trial court did not

properly condition its application of Rule 612 on a showing that petitioner relied upon the

requested documents for his testimony and that those documents impacted on his testimony").[4]

If this Court were to confirm the Order despite plaintiffs' patent failure to satisfy their threshold

foundational burdens under Rule 612, it would constitute reversible error.

### B.   The Order Should Be Vacated Because It Compels The Identification Of Information Shielded From Disclosure To Litigation Adversaries Under The Attorney "Opinion" Work Product Doctrine

In addition to the Order's legal error concerning plaintiffs' failure to meet their threshold

foundational burden under Federal Rule of Evidence 612, Magistrate Judge Baker also

committed an equally fundamental legal error by failing to recognize that the identity of the

documents at issue here is protected from disclosure as attorney opinion work product under

Federal Rule of Civil Procedure 26(b)(3).[5]  Magistrate Judge Baker rejected outright the well-

established proposition that an attorney's selection of a small subset of documents from a

voluminous document production to show to a witness in preparation for deposition constitutes

opinion work product.  *See* Order 3-5.  In this respect, the Order is contrary to law, premised on

clearly erroneous findings, and simply cannot stand.

---

[4] Even the case primarily relied upon by Magistrate Judge Baker explicitly recognizes that Rule 612 does not apply prospectively because the requesting party must ask the necessary questions of each witness and lay the requisite "foundation" before requesting any disclosure.  *In re Joint Eastern & Southern Dist. Asbestos Litig.*, 119 F.R.D. 4 (E.D.N.Y. & S.D.N.Y. 1988).

[5] It is well settled that "federal law governs" questions concerning the "work product doctrine" in federal diversity cases.  *Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 681 n.1 (M.D. Fla. 2006); *accord Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990); *see also* 6 MOORE'S FEDERAL PRACTICE: CIVIL § 26.70[7] ("The work product doctrine is governed by a uniform federal standard, even in diversity cases.").

9

1.      **The Selection By Counsel Of A Small Subset of Documents From Voluminous Documents Produced In The Case To Review With A Witness In Deposition Preparation Sessions Constitutes Attorney Opinion Work Product Entitled To Near-Absolute Protection**

The modern work product doctrine stems from the Supreme Court's seminal decision in *Hickman v. Taylor*, 329 U.S. 495 (1947), and is now codified in Federal Rule of Civil Procedure 26(b)(3).  In *Hickman*, the Supreme Court established the core doctrinal underpinning for the protection afforded opinion work product that is so essential to our adversarial system of justice:

> [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.  Proper preparation of a client's case demands that [the lawyer] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.  That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.  This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, *mental impressions, personal beliefs, and countless other tangible and intangible ways* – aptly though roughly termed . . . the 'Work product of the lawyer.'"

329 U.S. at 510-11 (emphasis added; citation omitted).  *Hickman* stresses the "demoralizing" effect on the legal profession if the "attorney's thoughts" and "mental impressions" were "open to opposing counsel on demand."  *Id.* at 511.  Confirming the principle that each side must rely on its own wits and not the wits of its adversary, the *Hickman* Court pronounced that "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney."  *Id.* at 510-11; *see also id.* at 516 (Jackson, J., concurring) ("Discovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary."); 6 MOORE'S FEDERAL PRACTICE: CIVIL § 26.70[1].

Under Federal Rule of Civil Procedure 26(b)(3), there is a critical distinction between (1) *ordinary* work product, which may be ordered disclosed to adversaries upon a showing of "substantial need" and undue hardship; and (2) attorney *opinion* work product, which is entitled

to near-absolute protection.  *Upjohn v. United States*, 449 U.S. 383, 399-401 (1981); *Hickman*, 329 U.S. at 510-12.  Rule 26(b)(3) instructs that courts "*shall* protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."  FED. R. CIV. PROC. 26(b)(3) (emphasis added).

As the Eleventh Circuit has held, anything "that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product.'" *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (emphasis added) (citing *Hickman*, *Upjohn*, and *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977)); *Medtronic Xomed, Inc.*, 2006 U.S. Dist. LEXIS 17202, at **9-10 (citing *Cox*).  This distinct category of attorney work product "'enjoys a nearly absolute immunity'" under Federal Rule of Civil Procedure 26(b)(3).  *Cox*, 17 F.3d at 1422 (citation omitted).[6]

Here, the issue is whether plaintiffs are entitled to learn which subset of specific documents AstraZeneca's counsel selected from among the voluminous documents already produced in this case to review with Ms. Ruhl in preparation for her deposition.  Contrary to the Order's conclusion, such information is entitled to near-absolute protection as opinion work-product because defense counsel's selection and compilation of documents itself inescapably reflects the attorney's mental impressions and opinions as to what counsel thinks is important to the case and the particular witness at issue.  *See* Dodd Decl., ¶¶ 5-9.  That result is consistent with the holdings on this precise issue by courts across the country applying *Hickman*, *Upjohn*, and Federal Rule of Civil Procedure 26(b)(3).  *In re Allen*, 106 F.3d 582, 607-08 (4th Cir. 1997);

---

[6] The Order's suggestion that opinion work product protection extends only to tangible documents that themselves *contain* an attorney's mental impressions (*see* Order at 2), is premised on a legal standard that is contrary to the Eleventh Circuit's instruction that "'opinion work product'" protection broadly extends to anything tangible or intangible "that *reflects* an attorney's mental impressions, conclusions, opinions, or legal theories[.]'"  *Cox*, 17 F.3d at 1422 (citation omitted; emphasis added).

*Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986); *Sporck v. Peil*, 759 F.2d 312 (3d Cir.), *cert. denied*, 474 U.S. 903 (1985); *see also P.J. ex rel. Jensen v. Utah*, __ F.R.D. __, 2007 WL 4246319, *7 (D. Utah Nov. 28, 2007); *In re Student Fin. Corp.*, 2006 WL 3484387, *15 (E.D. Pa. Nov. 29, 2006); *Johnson v. Ocean Ships, Inc.*,  2006 WL 2166192, *3 (W.D. Wash. July 31, 2006); *Stone Container Corp. v. Arkwright Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 2400, **7-12 (N.D. Ill. Feb. 22, 1995); *United States v. District Council of N.Y. City & Vicinity of the United Bhd. of Carpenters and Joiners of Am.*, 1992 WL 208284, **6-14 (S.D.N.Y. Aug. 18, 1992); *Jaroslawicz v. Engelhard Corp.*, 115 F.R.D. 515, 517 (D.N.J. 1987); *Omaha Public Power Dist. v. Foster Wheeler Corp.*, 109 F.R.D. 615, 616 (D. Neb. 1986); *In re LTV Sec. Litig.*, 89 F.R.D. 595, 613 (N.D. Tex. 1981); *accord* 6 MOORE'S FEDERAL PRACTICE: CIVIL § 26.70 (discussing "work product protection" for an "attorney's selection and compilation of a group of documents out of thousands").

        In *Sporck v. Peil*, the Third Circuit held that "the selection process of defense counsel" choosing "certain documents" out of many thousands produced in the litigation to show to a witness in preparation for deposition was entitled to heightened protection as attorney "opinion" work product under Rule 26(b)(3).  759 F.2d at 315-16.  Issuing a writ of mandamus to reverse the district court's order compelling pre-deposition identification of such documents, the court held that "the selection process itself represents defense counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation," which is shielded from disclosure under *Hickman* and Rule 26(b)(3).  *Id*.

        The Eighth Circuit in *Shelton* similarly held that an attorney's selection and compilation of a subset of documents from reams produced in the case constituted "opinion work product" shielded from discovery by litigation adversaries under *Hickman* and Rule 26(b)(3).  *See* 805

F.2d at 1329.  Applying its test for opinion work product from *In re Murphy*, 560 F.2d 326, 336

(8th Cir. 1977) – the very test later cited and adopted by the Eleventh Circuit in *Cox* – the Court

of Appeals held that the attorney's "mental selective process" in choosing the subset of

documents at issue necessarily "reflects [counsel's] legal theories and thought processes, which

are protected as work product."  805 F.2d at 1329 ("In cases that involve reams of documents

and extensive document discovery, the selection and compilation of documents is often more

crucial than legal research.").  Accordingly, the Eighth Circuit held that the district court

committed reversible error when it failed to recognize that where "counsel has engaged in a

process of selecting and compiling documents in preparation for litigation, the mere

acknowledgement of the existence of those documents [and their identity] would reveal

counsel's mental impressions, which are protected as work product."  *Id*. ("district court erred in

holding that the information sought by the plaintiffs was not protected as work product").

 The Fourth Circuit has reached the same conclusion, holding that the "opinion work

product" doctrine prevents disclosure of an attorney's "selection and collection" of a subset of

documents regarding plaintiff's employment records under *Hickman* and Rule 26(b)(3), because

"revealing an attorney's thoughts and opinions to an opposing party runs contrary to the

principles underlying the adversary process."  *In re Allen*, 106 F.3d at 607-09.  Once again,

counsel's "choice" of which documents were important to the litigation was held to constitute

"opinion work product" because the lawyer's "selection and compilation of these particular

documents" in and of itself "reveals her thought processes and theories regarding this litigation."

*Id*. at 608; *see also id*. ("'In selecting and ordering a few documents out of thousands counsel

could not help but reveal important aspects of his understanding of the case.'") (citation omitted).

The opinion work product principle established by these authorities is squarely applicable here. Hence, the information that the Order directs AstraZeneca to disclose to plaintiffs' counsel constitutes "'opinion work product,'" which – like other opinion work product – is properly entitled to "'nearly absolute immunity'" under Rule 26(b)(3) pursuant to Eleventh Circuit law. *Cox*, 17 F.3d at 1422 (citation omitted).

### 2.    The Order's Legally Incorrect Reasoning Is Based On A Misinterpretation Of Inapposite And Distinguishable Authorities

The crux of the Magistrate Judge's analysis is that the opinion-work-product/document-selection rationale of "*Sporck* and its progeny" has been criticized and discredited by other cases, which supposedly confirm that no opinion work product protection attaches to AstraZeneca counsel's selection of that subset of documents from the voluminous production here to review with Ms. Ruhl prior to her deposition. Order at 1-2, 2-5, 8. That is demonstrably incorrect. The cases cited in the Order are not only distinguishable, but actually confirm the application here of the principles applied in *Sporck*, *Shelton*, *Allen* and the many other cases cited by AstraZeneca.

For instance, Magistrate Judge Baker cites and erroneously interprets *Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678 (M.D. Fla. 2006). *See* Order at 4. In that case, Judge Richardson actually confirmed the vitality of the "opinion work product" principles adopted and applied by the Third Circuit in *Sporck* and the Eighth Circuit in *Shelton*, but found those principles not at issue because – unlike here – the defendant in that case "was not asked to produce all of the documents they selected for a deponent to use in preparing for a deposition." 233 F.R.D. at 681-82. Hence, unlike the "real, non-speculative, risk" of disclosing an attorney's mental impressions and protected opinion work product in *Sporck* and *Shelton* (and equally here), Judge Richardson reasoned that the defendant had not shown any comparable real and non-speculative risk of revealing protected opinion work product where the discovery requests at

issue merely asked the defendant "to produce documents relating to specific allegations in the litigation, such as all documents relating to any instances since 1993 where [defendant] entered property not owned by [defendant] in relation to a wildfire."  *Id*. at 682.

Similarly, *Jackson v. Geometrica, Inc*., 2006 WL 510059 (M.D. Fla. Mar. 2, 2006), also cited by the Magistrate Judge here, *see* Order at 4, supports AstraZeneca.  Judge Snyder in *Jackson* also recognized the principle of *Sporck* and *Shelton* that "an attorney's compilation of documents constitutes work product for which protection is available," but held that the principle did not apply where – unlike here – "Defendant is not being asked for a compilation of documents that would reveal strategies or opinions regarding this case."  2006 WL 510059, at **1-2.  Instead, *Jackson* involved the defendant's refusal to produce documents in response to basic requests such as all "documents that 'evidence, refer, or relate to any communication(s) … concerning any of the issues relating to this case.'"  *Id*.  Unlike the subset of already-produced documents selected by counsel at issue in *Sporck* and *Shelton* – and here as well – Judge Snyder held simply that "the matters inquired into" by plaintiff's document requests "are not of a nature such that they should be considered 'essentially internal and which the lawyer could reasonably expect would never see the light of day.'"  *Id*. at *2 (citation omitted).

Other cases cited by Magistrate Judge Baker in which courts distinguished or refused to extend *Sporck* nevertheless recognized that its principles and holding remain applicable where – as here – the information sought is identification of that subset of documents selected by opposing counsel from among thousands produced in the case for purposes of witness deposition preparation.  For instance, the Order cites *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007 (1st Cir. 1988), which actually involved review of an order that required deposing attorneys merely to identify in advance of each deposition the *exhibits* they intended to use at

depositions of adverse or neutral witnesses.  *Id*. at 1009.  The First Circuit rejected the contention

by plaintiffs in the case that this requirement compelled disclosure of "opinion" work product,

holding instead that "only ordinary work product is involved in the identification protocol"

because the order at issue just required counsel disclose a few days prior to the deposition

information "that will undeniably be gained during the course of the deposition."  *Id*. at 1014-15,

1017.  In that distinct context, there indeed existed no "real, nonspeculative danger" of revealing

the sort of mental impressions properly shielded from disclosure by the opinion work product

doctrine.  *Id*.  The First Circuit criticized plaintiff counsel's effort to extend the principles of

*Sporck* and *Shelton* to encompass their distinguishable case because, unlike the entirely private

information in those cases (and here as well), pre-deposition disclosure of exhibits to be used a

few days later involved information that "would soon be revealed in any event."  *Id*. at 1017-18.

> *Sporck* should be distinguished because, unlike in this case, the lawyer's selection
> process there was never designed to see the light of day; the exhibits had been
> selected not for use in examination of an adverse or neutral witness, but for a
> markedly more private purpose – preparation of the attorney's own client.  We
> believe the distinction is a critical one.

*Id.*  Here too, AstraZeneca's selection process "was never designed to see the light of day."  *Id*.

Thus, if anything, *San Juan* supports AstraZeneca's arguments based on *Sporck* and *Shelton* in

this particular context, not the Order's rejection of those arguments.

     Likewise, *In re Joint Eastern & Southern Dist. Asbestos Litig.*, 119 F.R.D. 4 (E.D.N.Y. &

S.D.N.Y. 1988), cited repeatedly by the Magistrate Judge, *see* Order 3, 5-7, supports

AstraZeneca to the extent it is germane at all.  There, the plaintiff's attorney had prepared "a

'product book'" consisting of "a series of photographs of asbestos products shown to plaintiff"

prior to his deposition "to assist him in identifying the asbestos product to which he was

exposed."  119 F.R.D. at 5.  When the defendant (whose asbestos product was identified in that

pre-deposition exercise) sought production of the product book, plaintiff's counsel objected on

"work product" grounds.  *Id*.  Citing *Sporck*, Judge Sifton stated that if indeed the product book and photographs constituted "opinion work product" because their disclosure would reveal opposing counsel's mental impressions and thought processes, then it would be entitled to "absolute protection" from disclosure.  *Id*. at 6.  But the court concluded that those materials amounted to "mere factual work product," because it was "not persuaded that the pictures sought reveal much concerning the attorney's thinking or legal strategy or constitute a selection or ordering of information" such as that at issue in *Sporck*.  *Id*.  For that reason, Judge Sifton applied the lower standard of protection afforded ordinary work product, and ordered the product book produced because defendants had made a sufficient showing of "substantial need" and inability to otherwise discover the materials at issue under Rule 26(b)(3).  *Id*. at 6-7.[7]  Given that the information at issue here is identical to the situation in *Sporck*, which Judge Sifton recognized would be entitled to heightened protection as "opinion work product," *Asbestos Litigation* supports AstraZeneca.

The Order also relies heavily on Judge Jenkins' analysis (and reference to *Asbestos Litigation*) in *Auto Owners Ins. Co. v. Totaltape, Inc*., 135 F.R.D. 199 (M.D. Fla. 1990), but that case too is distinguishable.  It neither mentions *Sporck* nor involves any counsel's selection of a subset of documents from among those already produced in the litigation to show to a witness in

_____

[7] The Order cites *Asbestos Litigation* to suggest that the compelled disclosure of AstraZeneca's opinion work product here is determined by reference to the lower standard of "substantial need" and weak balancing test applicable to ordinary work product.  *See* Order at 5.  Under *Upjohn*, however, that constitutes **reversible error**.  *See* 449 U.S. at 400-02.  Moreover, the Order recites certain "factors" from the Wright & Gold treatise that it says go into the court's "balance." Order at 6.  Even if such a balancing test could apply here, those factors weigh overwhelmingly *against* compelled disclosure:  plaintiffs have "access" to each already-produced document shown to Ms. Ruhl; counsel's selection of the subset of documents confirms the *presence*, not "absence of opinion work product" here; there is *no evidence* that Ms. Ruhl used any of the documents "to refresh" her recollection, no evidence of "heavy reliance" on any document in her testimony, and no "disclosure of a significant part of a[ny] writing in [her] testimony"; and no evidence of any witness "couching," as the Order admits.  *Id*. at 6-8.

preparation for deposition.  Instead, *Auto Owners* involved the compelled production of

insurance "claims files" that the deponent (the insurance company's claims manager) repeatedly

made "reference to" and "repeatedly reviewed … during his deposition."  *Id*. at 202.  Because

the record confirmed that Rule 612's foundational requirements were satisfied, given that the

deponent had used the claims file to "refresh his memory" during the deposition itself, Judge

Jenkins concluded that the defendant had "waived" any "work product protection" it might have

had to the "the entire claims files contained in the two binders reviewed [by the deponent] at his

deposition."  *Id*. at 202 & n.2.  The court further emphasized that, while opinion work product

"deserves special protection under Rule 26(b)(3)," compelled disclosure of the particular claims

files at issue would not reveal the sort of "'mental impressions'" that are entitled to protection

from disclosure to litigation adversaries.  *Id.*  Thus, *Auto Owners* is distinguishable both because

(1) Rule 612's foundational requirements had been satisfied there, unlike here; and (2) no

opinion work product involving counsel's selection of a subset of documents to review with a

witness prior to deposition was at issue there, as it is here.

Finally, the Order relies heavily on inapposite cases involving the initial *production* of

documents that were not otherwise available nor produced to the opposing party, while ignoring

the undisputed fact that all of the counsel-selected documents at issue here that were shown to

Ms. Ruhl in preparation for her deposition *had already been produced* to plaintiffs.[8]  It is well

---

[8] That distinction renders inapposite the many cases cited in the Order that consider the very
different issue of whether particular documents claimed to be privileged must nonetheless be
produced for the first time in the litigation.  *See Auto Owners Ins. Co.*, 135 F.R.D. at 202
(ordering production of insurer's inter-office correspondence and claims files that had been
withheld from production where witness referred to them repeatedly at deposition as having
refreshed his recollection) (cited in Order at 3, 6); *Raytheon Aircraft Co. U.S. Army Corps of
Engineers*, 183 F. Supp. 2d 1280, 1290-91 (D. Kan. 2001) (ordering production of certain
documents not yet produced because they had not been prepared in anticipation of litigation)
(cited in Order at 4); *Jackson v. Geometrica, Inc.*, 2006 WL 510059 (M.D. Fla. Mar. 2, 2006)

established that there is "no justification" to order the identification and re-production of any

subset of already-produced documents the witness might have reviewed with her counsel in

privileged deposition preparation sessions.  8 Wright & Miller, FEDERAL PRACTICE AND

PROCEDURE: CIVIL 2D § 2016.2 & n.42 (2007) (emphasizing that "where the documents reviewed

by the witness have already been produced, there is no justification for requiring revelation by

counsel of the exact identity or sequence of materials actually reviewed" prior to deposition); *see

also In re Grand Jury Subpoenas, etc.*, 318 F.3d 379, 385 (2d Cir. 2003).[9]  Where, as here, "all

of the documents sought in the Motion to Compel have previously been produced in compliance

with discovery requests," any order requiring identification of which subset of those documents

defense counsel "selected for [a witness] to review prior to his deposition would violate Rule

26(b)(3) by requiring [the] attorney to reveal his evaluation of the documents and his opinion of

the more important legal and factual issues in the litigation."  *Stone Container Corp.*, 1995 U.S.

Dist. LEXIS 2400, at **11-12.

---

(ordering production of documents not yet produced) (cited in Order at 4); *Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 518 (D. Minn. 1992) (ordering production of factual interrogatory responses and documents upon which defenses were based, while distinguishing *Sporck* as inapposite because it involved a subset of documents "selected by counsel for the specific purpose of preparing the witness for an adverse deposition" on legitimate expectation such information "would always remain confidential") (cited in Order at 4); *Hoglund v. Limbach Constructors, Inc.*, 1998 WL 307457 (S.D. Fla. Mar. 30, 1998) (ordering production of plaintiff's diary not yet produced in the litigation) (cited in Order at 5); *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (holding that *Sporck* does not mean a deponent can rely on the work product doctrine to shield from discovery the underlying "facts which are contained in those documents") (cited in Order at 8).

[9] Indeed, as Professors Wright and Miller agree in their leading treatise, "'[p]roper application of Rule 612 should never implicate an attorney's selection, in preparation for a witness' deposition, of a group of documents that he believes critical to a case.'"  8 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2016.2 & n.42 (quoting *Sporck*, 759 F.2d at 813); *see also District Council of N.Y. City & Vicinity of the United Bhd. of Carpenters and Joiners of Am.*, 1992 WL 208284, at *12 (there is "no possible benefit to be gained" in comparable circumstances except wrongly gaining "insight into opposing counsel's trial preparation, strategy and thought processes by her selective identification" of certain documents among those "already provided" along with many others "in a more comprehensive" document production).

Thus, where documents sought in the motion to compel have already been produced, Rule 612 should not require an attorney to reveal up front his selection, in preparation for his client's deposition, of a group of documents he believes critical to the case. If [plaintiffs'] counsel had questioned [the deponent] about particular topics and then determined whether [the witness] relied on a specific document in order to refresh his recollection about a particular topic, [defense counsel's] work product – represented by his selection of a specific group of documents – would not be revealed. Rather, [plaintiffs'] counsel would receive information about the particular documents selected by [defense counsel] *only through [plaintiff] counsel's own ingenuity and his identification of important substantive areas on which he should question [the witness].*

*Id.* (emphasis added); *accord Sporck*, 759 F.2d at 318; *Omaha Public Power Dist.*, 109 F.R.D. at 617.

In short, the cases cited in the Order do not support Magistrate Judge Baker's rejection of AstraZeneca's opinion work product arguments and, to the extent they are germane at all, those cases support AstraZeneca.

### 3.   By Compelling Disclosure Of Attorney Opinion Work Product, The Order Is Contrary To Law And Cannot Stand

Magistrate Judge Baker's Order does not purport to distinguish the opinion work product holdings in *Sporck*, *Shelton*, *Allen* and the other cases cited by AstraZeneca; it just declines to apply the holdings of those cases on indistinguishable facts. The core premise of the Order is that "AstraZeneca has not shown that the disclosure of the documents Ms. Ruhl reviewed in preparation for her deposition creates a 'real, non-speculative' danger of revealing counsels thoughts" and, thus, opinion work product protection "is not warranted." Order at 2. But that premise is clearly erroneous and contrary to law. Given the undisputed fact that all of the documents reviewed by Ms. Ruhl with her counsel in privileged deposition preparation sessions had already been produced previously to plaintiffs, the sole purpose of the identification and disclosure mandated by the Order is to reveal which subset of documents within that voluminous production defense counsel deemed material and important to the case generally and this witness

20

in particular.  Because selecting 42 documents from a universe of 15,385 necessarily reveals the thought processes of counsel, the Order's conclusion that such revelation does not create any "'real, non-speculative danger' of revealing counsel's thoughts" is patently incorrect.[10] Plaintiffs' counsel are supposed to be engaged in their own comparable exercise when they select whichever documents from among those produced in the case that they think are important to show to a particular witness at a deposition – but the law requires them to do so through their own independent effort, judgment and mental processes, and not "on wits borrowed from the[ir] adversary."  *Hickman v. Taylor*, 329 U.S. at 516 (Jackson, J., concurring).

Even while admitting that there is no evidence of any "improper witness 'coaching'" by AstraZeneca's counsel here, the Order nevertheless concludes that any documents shown to Ms. Ruhl in deposition preparation sessions should be specifically identified and then re-produced to plaintiffs because, in Ms. Ruhl's instance, the "*only* documents [she] reviewed" were those selected by counsel.  Order at 8 (emphasis in original).  There is no legitimate basis in law why the protections of the attorney work product doctrine should turn on whether a witness did or did not review documents in deposition preparation apart from those selected by her counsel for that purpose.[11]  All witnesses in these situations rely on their legal counsel to prepare for depositions.

---

[10] The Order's footnote 2 suggests that Magistrate Judge Baker may have misunderstood the issues here.  *See* Order at 7 n.2.  AstraZeneca never contended that the "underlying documents" that defense counsel selected to review with Ms. Ruhl are themselves protected "individually" as work product.  *Id.*  Indeed, they have all been produced to plaintiffs already.  *See* Dodd Decl., ¶¶ 5-7.  What constitutes attorney opinion work product here is the *selection and compilation* of those particular documents by defense counsel from among 15,385 as important and potentially relevant to the particular witness's deposition.  For the same reason, the Order's reference to AstraZeneca's failure to submit for "*in camera* review" the 42 documents selected by defense counsel to review with Ms. Ruhl (Order at 7-8) entirely misses the point.

[11] The Order insinuates that Ms. Ruhl was somehow derelict because she did not personally wade through thousands of documents but instead relied on a legal professional to do so on her behalf, *see* Order at 7, and then uses this perceived fact as a reason to reject AstraZeneca's attorney opinion work product arguments here.  In effect, the Order seems to say that *because* an attorney,

21

That is not relying on counsel "for the witness' recollection," as the Order asserts without basis. *Id.* It is merely a witness legitimately relying on her own counsel for legal judgment and mental impressions about what issues and documents are relevant and important to the case generally and the witness in particular – which are counsel's thought processes and mental impressions entitled to protection as opinion work product under Rule 26(b)(3).[12]

In the end, Magistrate Judge Baker's holding would eviscerate protection from disclosure for such attorney opinion work product because, under his view of what the law should be, any documents selected by counsel and shown to a witness in preparation for a deposition must be produced in advance of any deposition – *regardless* of whether those documents already have been produced to the party taking the deposition; *regardless* of whether the compelled identification of that subset of documents reveals the attorney's mental impressions and thought processes which under Rule 26(b)(3) "shall be protected from disclosure"; and *regardless* of whether the information that would be disclosed falls squarely within the "degree of privacy" that the Supreme Court has long insisted to be essential to the proper functioning of our adversarial system of justice. *Hickman v. Taylor*, 329 U.S. at 511. But that is not – and should not be – law. This Court should vacate the Order and direct that plaintiffs' Motion is denied.

---

acting in her professional capacity, did this particular work instead of the witness, the *attorney's* labor does *not* merit protection as *attorney* opinion work product. *See id.*

[12] Even if the Order were correct that a witness's review in deposition preparation of only documents chosen by counsel somehow deprived counsel's selection of opinion work product protection, that essential predicate for the Order is necessarily *witness specific* and, on this record, could apply only to Ms. Ruhl and *not* to every other potential AstraZeneca company witness. Hence, the stated basis for the Order, even if accepted by this Court, cannot justify the Order's mandate as to any (much less all) other company witnesses. This Court should at a minimum revise the Order so that it applies *solely* to that subset of counsel-selected documents reviewed with Ms. Ruhl in preparation for her deposition.

**C. This Court Should Extend The Current Stay Of The Appealed-From Order's Application During The Pendency Of Its Determination Of This Appeal, And Any Subsequent Appeal To The Eleventh Circuit**

During the pendency of this Court's review of the important issues raised herein, AstraZeneca respectfully requests the Court to extend the temporary stay of the Order's application entered by Magistrate Judge Baker on January 31, 2008 (Doc. No. 844).  By its terms, that stay order remains in effect only until February 8th unless this Court extends the stay.  *Id.*[13]  Accordingly, AstraZeneca requests that the Court stay application of the Order during the pendency of its own review and determination of these issues.  If for any reason this Court were to affirm the Order in any way, AstraZeneca also requests that the Court extend the stay throughout and including the time provided by law for AstraZeneca to pursue interlocutory appellate review by writ of mandamus.  As the Eleventh Circuit has recognized:  "In the context of discovery orders which will compromise a claim of privilege or an invasion of privacy rights, mandamus has been found appropriate due to the importance of the privilege, the seriousness of the injury if discovery is obtained, and the difficulty of obtaining effective review once the privileged information has been made public.  *In re Ford Motor Co*., 345 F.3d 1315, 1316 (11th Cir. 2003) (considering a petition for writ of mandamus); *see also Sporck*, 759 F.2d at 314-15 & n.4 (writ of mandamus issued to correct errors comparable to those at issue here).  Good cause exists for the requested stay – particularly given the importance of the issues at stake, and the irreparable harm that would occur in the event of that AstraZeneca's arguments are found

---

[13] Magistrate Judge Baker conditioned his agreement to stay the Order pending appeal to this Court on AstraZeneca's filing of this appeal by Monday, February 4, 2007 – a time period *shorter* than that afforded by the Federal Rules of Civil Procedure.  Under Federal Rules of Civil Procedure 6(a) and 72(a), AstraZeneca actually had until *February 7th* in which to file its appeal.  AstraZeneca has complied with Magistrate Judge Baker's condition and filed this appeal on shortened time, rather than request further relief seeking the full time afforded by law in which to prepare and file this appeal.

meritorious after it has been compelled by operation of the Order to disclose to its litigation

adversaries information ultimately held to constitute protected opinion work product.

## V.       CONCLUSION

For the foregoing reasons, this Court should vacate the Order under Federal Rule of Civil

Procedure 72(a), and enter a new order denying plaintiffs' Motion.  The Court also should extend

the temporary stay currently in effect throughout its consideration of these issues as well

as, to the extent necessary, the time afforded by law for review by the Eleventh Circuit.

DATED:  February 4, 2008                         Respectfully submitted,

*/s/ Stephen J. McConnell*
Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Steven B. Weisburd
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001

*Counsel for AstraZeneca Pharmaceuticals LP
and AstraZeneca LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

<em><u>/s/ Eliot J. Walker</u></em>

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |