**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  Seroquel Products Liability
Litigation

                              Case No. 6:06-md-1769-Orl-22DAB

_____

**This Document Relates to ALL CASES**

_____

**ORDER**
**(CS Administrative Order No. 4)**

      This cause is before the Court upon the request of the Special Master appointed by the Court by Order of August 3, 2007 (Document No. 348), joined in by MDL Plaintiffs and Defendants, for an Order aiding in the coordination of case-specific discovery in this MDL.  After consideration of this request and finding that such an Order would facilitate the orderly, uniform and cost-effective acquisition of relevant information and materials for this litigation, it is **ORDERED** as follows:

      **1.**    *The Basis for this Order.*  This Order is issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. §1407, Fed.R.Civ.P. 16 and Fed.R.Civ.P. 26(b), and the Court's inherent authority to implement its Order of June 11, 2007 (Document No. 225), Case Management Order No. 4 entered on July 6, 2007 (Document No. 263), and Case Management Order No. 5 entered on January 11, 2008 (Document No. 792) regarding case-specific discovery in this MDL.

      **2.**    *Cases Affected by this Order.*  This Order applies to all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of July 6, 2006 or as tag-along actions, and all related cases originally filed in this Court or transferred or removed to this Court.

      **3.**    *Discovery Affected by this Order*.  This Order applies to the case-specific discovery of information and materials from entities (including but not limited to physicians, healthcare providers, pharmacies, educational facilities, former and present employers, insurance providers, and government agencies) relating to plaintiffs in the cases referred to in Paragraph 2 by deposition testimony and the steps necessary to obtain the records of each Physician relating to particular plaintiffs in this litigation.

      **4.**    *Duty to Accept Court-Approved Authorization to Release Medical Records*.  The Authorization Form attached to this Order as Exhibit A is HIPPA

**EXHIBIT 1**

compliant and has been approved for use in all cases affected by this Order. Accordingly:

    (a)    All physicians, health care providers, or any other entity asked to produce records relating to a plaintiff (all referred to as "Entities") shall accept the Authorization Form as valid for all cases affected by this Order;

    (b)    Entities may not request or insist upon different forms or terms different from the Authorization Form;

    (c)    When signed by a patient and plaintiff in cases affected by this Order, the Authorization Form shall be relied upon by all Entities to authorize the release of all medical records, including all psychiatric records;

    (d)    No facility-specific or different form shall be necessary for production of any records relating to a current or former patient;

    (e)    No separate release for psychiatric records shall be necessary for production of any records relating to a current or former patient;

    (f)    A photocopy or pdf image of the Authorization Form shall be accepted;

    (g)    No original signatures shall be required on the Authorization Form for production of any records relating to a current or former patient;

    (h)    Any Authorization Form dated after July 1, 2006, shall be effective for production of any records relating to a current or former patient and no differently dated Authorization shall be necessary or requested by the Entities;

    (i)    The Project Management Office is authorized to white-out any date and re-date the Authorization Form if necessary to secure the production of any records relating to a current or former patient;

    (j)    Entities may not impose any waiting period for the production of records; and

    (j)    Entities may not condition the release of requested records upon the payment of unreasonable "processing" or "handling" fees.

**DONE and ORDERED** in Orlando, Florida, on February \_\_\_\_\_, 2008.

_____
**DAVID A. BAKER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
Counsel of Record

**WE ASK FOR THIS:**

**SPECIAL MASTER:**

By: *[signature]*

Orran L. Brown, Special Master
Virginia State Bar No. 25832
BrownGreer PLC
115 South 15th Street, Suite 400
Richmond, Virginia 23219
Telephone: (804) 521-7201
Facsimile: (804) 521-7299
Email: obrown@browngreer.com

**AGREED:**

**PLAINTIFFS' COUNSEL:**

By: *[signature]*

Buffy K. Martines
Laminack, Pirtle & Martines
Lyric Center Building
440 Louisiana
Suite 1250
Houston, TX 77002
Telephone: (713) 292-2750
Facsimile: (713) 223-4870
Email: buffym@lpm-triallaw.com

*Counsel for Plaintiffs in Coordinated Discovery*

**DEFENDANTS' COUNSEL:**

By: _____
Russell O. Stewart
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
Telephone: (303) 607-3688
Facsimile: (303) 607-3600
Email: rstewart@faegre.com

*Counsel for Defendants in Coordinated Discovery*