UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: 6:06-MDL-1769-ACC-DAB |
| _____ | |

This document relates to: ALL CASES

**PLAINTIFFS' OPPOSITION TO ASTRAZENECA'S
APPEAL FROM, OBJECTION TO AND MOTION TO VACATE
MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL RE: DOCUMENTS REVIEWED BY
<u>WITNESSES IN PREPARATION FOR DEPOSITIONS</u>**

Plaintiffs hereby file their Opposition to the Appeal From, Objection To, and Motion To Vacate Magistrate Judge Baker's Order Compelling Production of Documents Reviewed By Witnesses in Preparation for Depositions (Doc. No. 853) filed by Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP ("Defendants").  Plaintiffs request that Magistrate Judge Baker's Order (Doc. No. 820) be affirmed and that the Defendants produce all documents they have previously claimed to be protected by the attorney-client and work-product privileges, as well as any documents that witnesses review in preparation of their depositions in the future.

**I.     OVERVIEW**

Corporate depositions have been proceeding since October 2007 in this MDL and are scheduled to conclude in May 2008 in accordance with CMO 5 (Doc. No. 792).  The witnesses' duties include development, marketing, sales, branding, regulatory affairs, FDA compliance, and clinical trials – each of which play an important role in this litigation.  The witnesses' deposition testimony will be used in preparation for, and as evidence in trials that are scheduled to commence in February 2009.

1

These witnesses have consistently been instructed not to answer any questions pertaining to what they reviewed in preparation for their depositions while in the presence of their attorneys. Some of the witnesses were asked questions about facts dating back 10 years, and have testified that they reviewed documents to prepare for their depositions. They have each relied on a review of such documents over several days of meetings in anticipation of these depositions.

Defendants argue that the documents shown to the witnesses in preparation for depositions need not be produced to Plaintiffs because they are *opinion* work product. (Doc. No. 853). However, merely choosing a select number of documents out of a larger group does not reveal an attorney's mental impressions nor does it give insight on his/her strategy of the case. Defendants are now asking that this Court reverse Magistrate Judge Baker's Order, and contend their position is supported by Rule 612 of The Federal Rules of Evidence and Federal Rules Of Civil Procedure 26(b)(3).

These Rules and the Eleventh Circuit case law are clear in that these documents, which have not been submitted for *in camera* review by Defendants at any time, are discoverable. Magistrate Judge Baker has properly distinguished (as have other Courts) in the Eleventh Circuit and Middle District of Florida), the *Sporck*[1] ruling in the Third District (Doc. No. 820).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), the District Judge is only permitted to modify or set aside any portion of a Magistrate Judge's order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Such orders are not subject to a *de novo* determination. *See, e.g., Merritt v. Int'l Broth. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.1981); *Williams v.*

---

[1] *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985)

*Saxon Mortgage Servs., Inc.*, No. 06-0799-WS-B, 2007 WL 1791649, at *1 (S.D. Ala. June 20, 2007). ("The magistrate's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the definite and firm conviction that a mistake has been committed.") *Tingley Sys., Inc. v. Healthlink, Inc.*, No. 8:05-CV-1936-T-27MAP, 2007 WL 1365341, at *1 (M.D. Fla. May 9, 2007) (internal quotation marks omitted).

Magistrate Judge Baker's ruling was not erroneous or contrary to law. Magistrate Judge Baker properly ruled on the facts presented before him while taking into account the Federal Rules and prior court rulings.

### III.     ARGUMENT

####     A.     Plaintiffs Have Successfully Complied With Rule 612 Of The Federal Rules Of Evidence Shifting The Burden To Defendants To Produce All Documents Related To The Testimony Of Corporate Witnesses

Federal Rule of Evidence 612 provides that "if a witness uses a writing to refresh memory for the purpose of testifying, either - (1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing *in camera*, excise any portions not so related, and order delivery of the remainder to the party entitled thereto." FED. R. EVID. 612.

AstraZeneca's corporate witnesses in this litigation have vital roles as employees and are high on the corporate ladder regarding Seroquel. These high-level witnesses are familiar with the day-to-day operations at AstraZeneca and have critical knowledge of pertinent facts that are crucial to this case. In preparation for their depositions, these corporate employees are prepared

by numerous defense attorneys. It is improbable that these witnesses remember issues as far back as the mid-1990's pertaining to Seroquel. They must review documents in order to prepare to testify. The fact that the witnesses meet with defense lawyers over an extended period of time demonstrates that their review of documents is refreshing their recollection.

Almost every corporate witness has testified on the record that they met with Defendants' lawyers over a week-long period in order to prepare for their depositions.[2] These witnesses admit to reviewing documents that were given to them by defense lawyers in order to prepare for their depositions.[3] Not one deponent ever testified that he reviewed any documents on his own in order to refresh his recollection of past events. Attorneys for the Defendants have instructed the witnesses in nearly every deposition not to answer any questions regarding pre-deposition document review.

Defendants contend that Plaintiffs have not met their initial burden under Rule 612 to establish that witnesses relied upon the documents in order to refresh their recollection of past events (Doc. No. 853). The Plaintiffs are caught in a "Catch-22" that Magistrate Judge Baker noted and resolved in his Order (Doc. No. 820). By way of example, Plaintiffs refer to the December 20, 2007 Deposition of Wayne Macfadden (*See* Exh. D, December 20, 2007 Deposition of Wayne Macfadden at 35-50). Dr. Macfadden was ordered by counsel not to answer questions pertaining to documents reviewed prior to his deposition. When Dr. Macfadden was asked if his review of documents "refreshed" his recollection, he testified that he didn't know what having his 'memory refreshed' or his 'memory jogged' meant. *Id.* In an

---

[2] See Exhibit A: October 26, 2007 Deposition of James Gaskill at 414-417, See Exhibit B: October 31, 2007 Deposition of Susanne Fors at 168-173, See Exhibit C: November 7, 2007 Deposition of Athena Ruhl, at 14-17, See Exhibit D: December 20, 2007 Deposition of Wayne Macfadden at 48-50, See Exhibit E: January 10, 2008 Deposition of John Anthony Schwartz at 17-19.
[3] *Id.*

attempt to establish a clear record on this issue with these highly educated individuals, Plaintiffs have been forced to deal with far-fetched answers to the most basic and simple questions, resulting in further prejudice. Plaintiffs can question a deponent repeatedly to satisfy Rule 612, however, if the witnesses are ordered not to answer questions on the record or testify that they do not understand the most simple and basic questions, the Plaintiffs cannot shift the burden to Defendants under Rule 612.

Moreover, these depositions usually take place over two days with weeks of preparation involving multiple attorneys, and there has yet to be one witness who has admitted to reviewing a single e-mail, document, journal, or any notes on their own in preparation for their deposition. As Magistrate Judge Baker stated in his Order, "The fact that the witness, in six days of preparation, herself felt no need to consult other documents suggests either a preternatural memory or extraordinary reliance on counsel to determine what would be foremost in her mind."[4] (See Doc. No. 820 at 7)

The next step pursuant to Rule 612 is to have the Court decide if these documents reviewed prior to depositions should be produced in the interests of justice. The language of Rule 612 makes no mention of any privileged communications between an attorney and client.[5] Defendants have squandered two opportunities to request an *in camera* inspection by the Court,

---

[4] Referring to a declaration by Defendant's counsel regarding Athena Ruhl, a twenty-year employee of AstraZeneca, that she did not review any documents on her own.

[5] "If Congress had intended to preclude or restrict the judicial power to require production of privileged documents, it could have used more specific and precise language to reflect its intent. For example, the Congress could have explicitly included qualifying language to the effect that privileged matters should not normally be produced, unless the court found it absolutely necessary in the interests of justice. But Congress chose to use a much more general and broader standard, thus suggesting a wider range of judicial discretion in this area." *See Barrer v. Women's National Bank*, 96 F.R.D. 202, 204 (D.D.C. 1982)

as the language of Rule 612 dictates.[6] Instead, Defendants point to non-binding case law in order to influence this Court to reverse the Magistrate Judge's Order (Doc. No. 820 at 3-4).

In accordance with Rule 612, Plaintiffs request that if this Court finds there is a question raised as to the relationship between the documents reviewed by witnesses in preparation of their depositions and the subject matter of their testimony, then those documents be examined *in camera* by Magistrate Judge Baker to determine whether or not their distribution is "in the interests of justice."[7]

### B. Documents Selected By An Attorney For Review By Deponents In Preparation For A Deposition Are Not Protected Against Disclosure Under Federal Rules Of Civil Procedure 26(b)(3)

Federal Rule Of Civil Procedure 26(b)(3) provides the scope and limits of discovery pertaining to trial preparation materials. Under this sub-division, the documents may be produced "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

Defendants contend that the documents being reviewed by the witnesses were already produced to the Plaintiffs in the initial discovery process (Doc. No. 853). However, the ongoing problems that have been revealed throughout this discovery phase have led to Defendants being ordered to re-produce documents in a native format no later than March 14, 2008. Plaintiffs have

---

[6] "If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing *in camera*, excise any portions not so related, and order delivery of the remainder to the party entitled thereto." FED. R. EVID. 612.

[7] "The court also determined that Appellant failed to show that the recordings would reveal his attorney's mental impressions or litigation strategies, noting that Appellant had not submitted the recordings for *in camera* review. As a result, the court held that the recordings were not entitled to the heightened protection afforded opinion work product." *See In re Grand Jury Subpoena Dated July 6, 2005,* 510 F.3d 180 (2d Cir. 2007)

created a record at these corporate depositions that when this "last straw" deadline given by the Court passes, Plaintiffs may need to re-depose certain witnesses due to the undue hardship caused by Defendants and the substantial need for an evenhanded deposition, after receiving discovery documents in their entirety almost one year past due (See Exh. C, November 7, 2007 Deposition of Athena Ruhl at 6-9).

Federal Rule Of Civil Procedure 26(b)(3) states that, "[i]n ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney…concerning the litigation." As noted earlier, the Eleventh Circuit has not adopted the *Sporck* approach concerning Rule 26(b)(3). However, the issue regarding *opinion* versus *ordinary* work product has been raised in the Middle District of Florida.

Defendants have argued that documents reviewed by witnesses prior to their deposition should be labeled as *opinion* work product without carrying the heavy burden placed upon them by this Court in earlier rulings. "[T]he party asserting the privilege must show a real, rather than speculative, concern that counsel's thought processes in relation to pending or anticipated litigation will be exposed through disclosure of the compiled documents." See *Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678 (M.D. Fla. 2006). Rather than acknowledging that they have the duty under the work-product doctrine, to construct a valid reason for their failure to produce these documents, Defendants have attempted to shift this burden to the Plaintiffs in anticipation of a new ruling, which would separate this Court from its predecessor's decisions. "The party resisting discovery bears the burden of demonstrating the applicability of the work-product doctrine." See *Jackson v. Geometrica, Inc*. 2006 WL 510059 (M.D. Fla. Mar. 2, 2006). Magistrate Judge Baker has properly ruled, as have previous Courts in

this District, that the party claiming the work-product and attorney-client privilege must satisfy its burden prior to a Judge protecting the disclosure of these documents.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that Magistrate Judge Baker's Order be affirmed and that Defendants produce all documents that witnesses have reviewed prior to their depositions. Moreover, Plaintiffs request that this issue be resolved expeditiously in order to protect Plaintiffs from any further prejudice in the upcoming depositions scheduled over the next month and beyond. If the Court decides that an *in camera* review of these documents is warranted, Plaintiffs request that these documents be produced immediately to the Court so this matter is resolved without further delay. If oral arguments on this matter are to be scheduled, as requested by Defendants, we ask that this date be set at the Court's earliest convenience.

Dated: New York, New York
      February 15, 2008

                                      Respectfully submitted,

                                      _____s/Paul J. Pennock_____
                                      Paul J. Pennock
                                      Plaintiffs' Co-Lead Counsel
                                      WEITZ & LUXENBERG, P.C.
                                      180 Maiden Lane
                                      New York NY 10038

                                      Camp Bailey
                                      Plaintiffs' Co-Lead Counsel
                                      BAILEY, PERRIN, BAILEY, LLP
                                      440 Louisiana, Suite 2100
                                      Houston TX 77002

                                      Larry Roth
                                      Plaintiffs' Liaison Counsel
                                      1615 Edgewater Drive, Suite 1801
                                      Orlando FL 32804

## Certificate of Service

      I HEREBY CERTIFY that on this 15th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that by using the CM/ECF the foregoing has been served on Plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

                                            \_\_\_\_\_s/Paul J. Pennock_____

<u>Service List</u>

In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769-Orl-DAB

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Benjamin A. Krass, Esq.<br>Law Offices of Matthew F.Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797      .<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ecf@whatleydrake.com |

| | |
|---|---|
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone:  (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>Attorney for Defendant,<br>Marguerite Devon French |
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone:  (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL  32503<br>Telephone:  (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone:  (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>*Pro Se* |

| | |
|---|---|
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** |
| Thomas Campion, Esq.<br>Steven M. Selna<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>tcampion@dbr.com<br>steven.selna@dbr.com<br>heidi.hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** | Joseph C. Langston, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorney for Defendant AstraZenca, PLC*** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>**_Attorney for Defendants, Astrazeneca Pharmaceuticals, LP and Astrazeneca LP_** | Aaron K. Dickey, Esq.<br>K. Lindsay Rakers, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| David P. Matthews, Esq.<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, Virginia 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Howard Nations<br>Lori A. Siler<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |

| | |
|---|---|
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net | Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com |
| James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com | Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |