# Exhibit A

Confidential - James Gaskill, Pharm.D.

Page 404

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

- - -

IN RE:

SEROQUEL LITIGATION     : MDL NO. 1769
                        :
THIS DOCUMENT RELATES:
TO ALL ACTIONS          :

- - -

C O N F I D E N T I A L

- - -

October 26, 2007

- - -

Continued videotape deposition of JAMES GASKILL, Pharm.D., held at the offices of Golkow Technologies, Inc., 51st Floor, One Liberty Place, Philadelphia, Pennsylvania 19103 at 8:39 a.m. before Linda L. Golkow, Registered Diplomate Reporter, Certified Shorthand Reporter.

- - -

Golkow Technologies, Inc.
51st Floor
One Liberty Place
Philadelphia, Pennsylvania  19103
877.370.3377

Confidential - James Gaskill, Pharm.D.

Page 413

1              - - -
2         THE VIDEOTAPE TECHNICIAN:
3     Good morning.  Today is October
4     26, 2007.  It is 39 minutes after
5     8 a.m., and Mr. Pirtle, you're on
6     the record.
7              - - -
8         JAMES GASKILL, Pharm.D.,
9     having been previously sworn,
10    was examined and testified as
11    follows:
12             - - -
13              EXAMINATION
14             - - -
15   BY MR. PIRTLE:
16        Q.    Mr. Gaskill, my name is Tom
17   Pirtle.  How are you doing?
18        A.    Good.
19        Q.    You understand you're still
20   under oath?
21        A.    Yes.
22        Q.    This is the second day of
23   your deposition here in Philadelphia,
24   correct?

Confidential - James Gaskill, Pharm.D.

Page 414

1       A.      That's correct.
2       Q.      I also represent plaintiffs
3   in the MDL.  You understand that?
4       A.      Yes.
5       Q.      So, I'm on the opposite side
6   of the lawsuit from your employer.  Do
7   you understand that?
8       A.      Yes.
9       Q.      I believe Mr. Blizzard
10  didn't ask and I want to ask, did you
11  review any documents in preparation for
12  this deposition?
13      A.      Yes.
14      Q.      What documents did you
15  review, sir?
16              MR. SCHOON:  I'm going to
17          object and instruct him not to
18          answer the question to the extent
19          he's reviewed documents that were
20          shown to him by counsel.  If he's
21          reviewed other documents, he can
22          answer that question.
23  BY MR. PIRTLE:
24      Q.      I want to make sure my

Confidential - James Gaskill, Pharm.D.

Page 415

1   record is clear.
2           Have you reviewed documents?
3       A.   Yes.
4       Q.   Have you reviewed documents
5   shown to you by AstraZeneca's lawyers?
6       A.   I've reviewed documents
7   shown to me by the three attorneys at
8   this table.
9       Q.   Who represent AstraZeneca?
10      A.   Correct.
11      Q.   Will you tell me the
12  documents that you have reviewed that
13  were shown to you by the AstraZeneca
14  lawyers?
15          MR. SCHOON:  Then I'll
16      object and instruct the witness
17      not to answer that question.
18  BY MR. PIRTLE:
19      Q.   Will you follow that
20  instruction?  Yes, the answer --
21      A.   I'm following the advice of
22  my attorney.
23          MR. SCHOON:  Yes.
24  BY MR. PIRTLE:

Confidential - James Gaskill, Pharm.D.

Page 416

1    Q.    Now, have you reviewed any
2    other documents?
3    A.    With respect to my job?
4    Q.    In preparation for this
5    deposition is the context of the
6    question.
7    A.    No.
8    Q.    Between the break yesterday
9    afternoon and this morning, have you
10   reviewed documents?
11   A.    Yes.
12   Q.    Tell me the documents that
13   you reviewed in the interim between the
14   first day of your deposition and the
15   continuation of your deposition this
16   morning.
17          MR. SCHOON: I'm going to
18       make the same objection and the
19       same instruction. You can answer
20       if you reviewed any documents
21       other than documents that were
22       shown to you by counsel.
23          THE WITNESS: I did not
24       review any documents other than

1            shown to me by these three
2            attorneys.
3    BY MR. PIRTLE:
4         Q.    Let me make the record
5    clear.
6                Between the time this
7    deposition adjourned yesterday afternoon
8    and this morning when you walked in here,
9    you were shown documents by AstraZeneca
10   counsel, correct?
11        A.    Yes.
12        Q.    You reviewed the documents
13   shown to you by AstraZeneca counsel?
14        A.    Yes.
15        Q.    Tell me those documents.
16              MR. SCHOON:  The same
17        objection and same instruction.
18   BY MR. PIRTLE:
19        Q.    We're making a record.  I'm
20   sorry it's a bit stilted.  You're not
21   going to answer my question, right?
22        A.    I'm following the advice of
23   my attorney.
24        Q.    Is he your lawyer or is he

1   AstraZeneca's lawyer?

2       A.   I believe he's serving as --
3   working for AstraZeneca counseling me is
4   my understanding.

5       Q.   You hadn't retained
6   AstraZeneca's lawyers?

7       A.   No, absolutely not.  He's
8   being retained by AstraZeneca.

9       Q.   Okay.
10          Let's move on to other
11  subjects.

12          Now, Mr. Blizzard asked you
13  yesterday if you knew the phrase "This is
14  not your first rodeo."  Do you remember?

15      A.   Yes.

16      Q.   And I believe you said you
17  didn't know what he meant.

18      A.   I wasn't familiar with that
19  phrase, right.

20      Q.   If you take that "this is
21  not your first rodeo" means this is not
22  the first time that you've been involved
23  in this kind of situation, will you
24  answer this question.  The DDMAC letters