# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation.**

**Case No. 6:06-md-1769-Orl-22DAB**

_____/

## ORDER

This cause came on for consideration with oral argument[1] on the following motions filed herein:

> **MOTION:** **ASTRAZENECA'S MOTION TO MAINTAIN THE CONFIDENTIALITY OF CERTAIN EXHIBITS CITED AT THE DEPOSITION OF DENISE CAMPBELL (Doc. No. 762)**
>
> **FILED:** December 28, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as premature.**

AstraZeneca moves to maintain the confidential status of (1) certain market research and strategic planning documents cited as exhibits and referenced in the deposition of Denise Campbell in October 2007; (2) Market Pro Information[2] for Pharmaceutical Sales Specialists produced in spreadsheet format; and (3) materials and testimony concerning "call note" information in exhibits and the deposition of former employee Susan Cleckley[3]. AstraZeneca argues that these documents are entitled to confidential status because they involve AstraZeneca's non-public and proprietary information; disclosure of the information would harm AstraZeneca's pecuniary interests by creating

---

[1] January 29, 2008 at 10:00 a.m.

[2] This issue was raised in four individual cases: *Eddi Glover v. Astrazeneca Pharmaceuticals*, Case No. 6:06-cv-977-Orl-22DAB, *James Frederick v. Astrazeneca Pharmaceuticals*, Case No. 6:06-cv-1000-Orl-22DAB, *Jennifer Naramore v. Astrazeneca Pharmaceuticals*, Case No. 6:06-cv-1292-Orl-22DAB, *Helen Thomas v. Astrazeneca Pharmaceuticals*, Case No. 6:06-cv-1295-Orl-22DAB.

[3] This issue was raised in the case of *Ned Godfrey v. Astrazeneca Pharmaceuticals*, Case No. 6:06-cv-979-Orl-22DAB.

a commercial and competitive disadvantage. Plaintiffs contend that AstraZeneca has failed to meet its burden of demonstrating the materials and exhibits in questions constitute "trade secret or other confidential research, development, or commercial information" entitled to protection under the Federal Rules or the Court's Protective Order (Doc. No. 478).

At the crux of the parties' disagreements about the "confidential" materials is the Protective Order provision governing deposition materials which states in pertinent part:

(D) All Discovery Material, whether or not filed with the Court, that contains Confidential information that the Designating Party seeks protection under this Order shall be designated as "Confidential" as follows:

\* \* \*

> (3) Deposition testimony shall be designated "Confidential" (A) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (B) by written notice sent to counsel of record for all Parties within twenty (20) days after receiving a copy of the transcript by counsel making the designations . . . identifying the specific pages designated as "Confidential" by page and line numbers. In both instances, counsel for the Designating Party will label "Confidential" the portions of the original and all copies of the transcript containing any confidential information. Counsel will not permit deposition transcripts to be distributed to persons beyond those specified in Paragraph 6, other than the deponent, until the relevant period for the designation has expired. Until the expiration of the relevant time period, the entire text of the deposition, including exhibits, shall be treated as confidential under this Order. *If prior to the expiration of the twenty (20) day period a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits, any portion of the deposition transcript or confidential exhibits thereto,* the Party will give reasonable notice (not less than five business days prior to the filing of the motion or pleading) to the Parties and the deponent of the proposed filing date of the motion or pleading and of the pages and/or exhibits cited. Any Party or deponent who desires to designate or preserve any of the identified material as confidential will designate the material no less than two business days prior to the filing proposed date.

Doc. No. 478 (emphasis added). Declassification of confidential documents is governed by § 12:

> (B) *If at any time a Party wishes for any reason to dispute a designation of Discovery Materials as confidential*, such person shall notify the Designating Party of such dispute in writing, specifying by exact Bates number(s), the Discovery Materials in dispute. The Designating Party shall respond in writing within 10 days of receiving this notification.
>
> (C) If the Parties are unable to amicably resolve the dispute, the proponent of confidentiality *may request by motion a ruling that Discovery Materials designated as confidential are entitled to such status* and protection under the Federal Rules and this Order. Such motion shall be made within thirty (30) days of receipt by the Designating Party of the notification of the recipient's challenge to the designation, or such other time period as the Parties may agree to in writing. The Designating Party shall have the burden of proof on such motion to establish the propriety of its confidential designation.

Doc. No. 478 § 12 (emphasis added).

By including the parties suggested language in the Protective Order that "[i]f at any time a Party wishes for any reason to dispute a designation of Discovery Materials as confidential," the parties are not given free reign to obtain rulings on "confidential" designations. Rather, in accordance with Local Rule 3.03, discovery is not to be filed with the Court in the public record, unless it is "necessary to presentation and consideration of a motion to compel, etc." Middle District of Florida, Local Rule 3.03. Implicit in the meaning of "any reason" is that there is a controversy which arises from or involves the documents marked confidential, something more than simply a controversy over the document's status as confidential[4]. This application of the terms of the Protective Order is consistent with the portion of the Protective Order that requires action to declassify a marked-"confidential" document if a party desires to file it in conjunction with "any motion or pleading." Any contrary application of § 12 of the Protective Order is an improvident use of scarce judicial resources. Neither party cites a pending controversy involving the "Confidential"

---

[4] Under the terms of Protective Order, the document remains "Confidential" until challenged, as long as the appropriate designation process is followed.

documents at issue here. In fact, AstraZeneca filed its respective Motions to Maintain Confidentiality in response to Plaintiffs' assertion of their position that certain documents were not entitled to "Confidential" status; Plaintiffs are not relying on these particular "Confidential" documents in support of any particular controversy in the case, nor have Plaintiffs set forth a compelling reason at this juncture for court intervention to strip the documents of their "Confidentiality" status.

The Court concurs with AstraZeneca's description of the situation: "Under the Protective Order, Plaintiffs have full access to the confidential documents for litigation purposes. Plaintiffs have identified no need for removing confidentiality protections at this point in the litigation." Doc. No. 762 at 2. Moreover, the Court has previously indicated with regard to Plaintiffs' prior Motion for Leave to Lodge Allegedly "Confidential" Materials and for a Determination Regarding Confidentiality (Doc. No. 610), that "Plaintiffs should submit for review only those items it actually intends to file in support of some pertinent matter and only those Defendant still maintains are entitled to protection." Doc. No. 688 at 2.

Accordingly, AstraZeneca's respective Motions to Maintain Confidentiality are **DENIED** as premature and without prejudice to reassertion in the event the "Confidential" documents at issue are necessary to Plaintiffs' presentation of a motion to compel or a dispositive motion and Plaintiffs seek to file them in the public docket of the Court.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record