

**BMN** BLIZZARD,
McCARTHY &
NABERS, LLP

ATTORNEYS AT LAW

Lyric Centre Building
440 Louisiana, Suite 1710
Houston, Texas 77002-1689

Telephone  713-844-3750
Facsimile   713-844-3755

www.blizzardlaw.com

February 21, 2008

Robert M. Mendillo
Sally & Fitch, LLP
One Beacon Street
Boston, MA 02108



Re:    In Re Seroquel Products Liability Litigation
       MDL No. 1769

Dear Mr. Mendillo:

I received your letter of February 19, 2008 and respond as follows.

As you are well aware, on December 20, 2007 Plaintiffs and Parexel filed a Joint Statement with the court memorializing our agreements regarding the details and timing of Parexel's production.  We discussed these agreements at length and exchanged the Joint Statement prior to its filing to ensure that we were in agreement on its content.  As part of that agreement, Parexel was to produce the following five categories of documents relating to Seroquel during the month of January:  (1) all master service agreements, (2) the Excel spreadsheet from which the Parexel project lists produced in connection with the deposition of Donna Casparro were generated, (3) definitions/descriptions of the codes contained in the project lists, (4) project definitions, and (5) a sampling of time and event schedules.  As was discussed during the deposition of Ms. Casparro and during the hearing on December 18, 2007, the whole purpose behind our request for these particular documents was to enable us to gain a better understanding of the Seroquel-related projects so that we could identify specific projects for which additional documents and communications would be sought.  It was always our intention to obtain additional documents once we had identified these projects.  This intention is clearly expressed in the Joint Statement:

"On or before February 4, 2008, after reviewing the five (5) categories of documents/materials described in Paragraph 1, Plaintiffs will provide Parexel with a list of the projects chosen from the project lists for which Plaintiffs seek all documents, materials and communications."

Therefore, I strongly disagree with your statement that our request for additional documents "is inconsistent with the terms and intent of the Joint Statement."

As we also agreed, Parexel was to produce additional documents on or before February 5, 2008, including but not limited to: (1) documents, materials *and communications* relating to the advisory boards meetings; (2) documents, materials *and communications* relating to all PowerPoint presentations and slide kits; (3) documents, materials *and communications* relating to CBC's continuing medical education programs relating to Seroquel or any disease state (on

and off-label) for which Seroquel may have been prescribed; and (4) documents, materials *and communications* relating to Study 49 (BOLDER I), Study 135 (BOLDER II) and Study 114 (CAFE). Despite this agreement, Parexel failed produce relevant communications until February 19, 2008. Parexel granted itself this extension without my agreement. Nevertheless, in an effort to avoid further involvement by the court, I overlooked Parexel's failure to honor this agreed upon deadline.

On February 4, 2008, I provided you with a list of 200 Seroquel related projects for which we sought additional documents. The projects were carefully chosen based upon our review of the approximately 550 project definitions provided by Parexel. As I explained to you in detail during our conversation on February 12, 2008, I included *all* projects for which we sought additional documents, including those listed in the previous paragraph, because at the time the list was created, Parexel had not yet produced documents pertaining to the 48 projects you reference in your letter. Therefore, your statements regarding the amount of time and adequacy of my review of the Parexel documents are also incorrect and taken out of context.

We have been very patient in our efforts to obtain documents from Parexel. We have narrowed the list of projects for which we seek documents by more than half. We extended agreed upon deadlines at your request prior to the filing of the Joint Statement and overlooked Parexel's prior violation of those deadlines. Despite all of this, you have now requested that we further prioritize projects and set realistic deadlines for production. It is our position that we have made every reasonable effort to resolve this matter with your client. Furthermore, in light of the fact that the document subpoena was served more than 7 months ago, we believe March 4, 2008 is a realist production deadline. Again, we provided you with the project list on February 4, 2008. Therefore, Parexel will have had an entire month to gather and produce the requested documents. An additional 8-10 weeks for Parexel to complete production as you suggest in your letter is not acceptable. If Parexel fails to complete production on or before March 4, 2008, Parexel will again have failed to honor the Joint Statement.

With respect to your comments regarding the costs and fees incurred by Parexel MMS, as you know it is our position that those costs and fees, with the exception of reasonable duplication costs, should be borne by Parexel MMS. According to financial documents produced by Parexel, Parexel generated approximately $10.5 million in revenue for its work on Seroquel between 2000 and 2007, and is projecting another approximately $1.6 million in revenue in 2008. Ms. Casparro repeatedly testified that Parexel considers itself to be AstraZeneca's partner in the marketing of Seroquel. Given the financial benefit Parexel has derived from its work on Seroquel and its close relationship with AstraZeneca, we continue to believe Parexel's estimated costs and fees in the amount of $58,000 and its estimated additional costs and fees in the amount of $40,000 should be borne by Parexel.

There is a status conference scheduled to take place in Orlando on March 11th at 10:00 a.m. However, because I believe this matter requires urgent attention in light of the discovery deadlines, I will be filing a second motion to compel this week based on your representation that Parexel does not intend to comply with March 4, 2008 deadline agreed upon in our Joint Statement.

On another matter, Parexel has designated all the documents produced thus far as confidential. Please allow this letter to serve as our written notification to Parexel challenging some of those confidentiality designations under the terms of the Protective Order entered by the court on September 19, 2007 which I have included for your convenience. As the documents produced by Parexel do not yet contain bates numbers, I am providing you with the 60 project definitions we are challenging by email and overnight delivery. Once you have had an opportunity to review these documents, please call me to discuss.

Sincerely,

Holly M. Wheeler

cc:    Richard Josephson
       Ed Blizzard
       Ken Bailey
       Camp Bailey
       Fletch Trammell
       Larry Gornick
       Larry Roth
       Dennis Canty
       Scott Allen
       Paul Pennock