## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| In Re: Seroquel Products Liability Litigation | ) ) ) ) | Case No. 6:06 md-1769-ACC-DAB |
| MDL Docket No. 1769 | ) ) ) | |

### PAREXEL'S  MMS's RESPONSE TO PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY PAREXEL MMS

### Introduction

Plaintiffs' motion is a waste of the Court's time.  PAREXEL is not refusing to produce documents.  It just needs more time to do the 200 hours of work needed to handle plaintiffs' request.  Plaintiffs have refused to give PAREXEL even one more day.  They have rushed into Court in complete disregard of their obligations to try to resolve this matter without the Court's intervention.

After PAREXEL timely produced over 400,000 pages of documents on 48 Seroquel projects in five weeks, plaintiffs now want PAREXEL to produce even more documents on 152 Seroquel projects in four weeks.  Plaintiffs' position is unfair and unrealistic, especially because plaintiffs do not articulate any actual harm that they would suffer if PAREXEL were allowed reasonable additional time to produce these documents.  They simply insist on having the documents now.

For the reasons explained below, plaintiffs' motion to produce all requested document by March 4, 2008 should be denied.  PAREXEL would not object to an order requiring it to produce the additional documents by May 13, 2008.

## Background

The salient facts are as follows:

1.      On December 20, 2007, plaintiffs and PAREXEL filed a Joint Report and Statement of Narrowed Issues (Doc. No. 753) ("Joint Statement").

2.      On December 21, 2007, the Court issued an order (Doc. No. 758) denying as moot PAREXEL'S motion for a protective order and plaintiffs' motion to compel documents from PAREXEL.

3.      The Joint Statement required PAREXEL to produce certain documents by January 14, 2008; certain additional documents by January 18, 2008; and, certain additional documents by February 5, 2008.  The Joint Statement also allowed plaintiffs to request, by February 4, 2008, after reviewing the documents PAREXEL produced by January 14 and 18, 2008, additional "Project List" documents; and,  PAREXEL agreed to produce these additional project list documents by March 4, 2008.

4.      On January 10, 2008, PAREXEL sent to plaintiffs by overnight mail DVD Disc #1 containing all of the documents due by January 14, 2008 and all of the documents due by January 18, 2008 (see **Exhibits A and B** hereto).  Disc #1 contained 192.6 megabytes of information, which constitutes approximately 13,300 pages.

5.      On January 23, 2008, PAREXEL sent plaintiffs an email regarding documents due by February 5, 2008 (see **Exhibit C** hereto).  The email advised that "we will be able to produce on time [by February 5th] all of the requested documents except for emails."  As for the emails, PAREXEL explained:

> As you can imagine, the volume of emails is substantial, and identifying them, gathering them together, and reviewing them is quite a time-consuming task.  Moreover, while we have a team working on the entire project, its leader, Donna Casparro, left yesterday for a very important business meeting in India.  She had to spend a good amount of time preparing for the meeting, and she will not be back from India until February 1st.

6.      Plaintiffs did not object to PAREXEL's position that it would "need at least three more weeks" to produce the emails.  Id.

7.      On February 4, 2008, PAREXEL sent to plaintiffs by overnight mail DVD Discs #2 and #3 (see **Exhibit D** hereto).  These discs contained everything due by February 5, 2008 except for the emails, which PAREXEL hoped to send plaintiffs by February 21, 2008.  Disc #2 and Disc #3 contained 4.38 gigabytes of information, or approximately 306,600 pages.

8.      On February 5, 2008, plaintiffs requested all documents, materials and communications for 200 Seroquel projects.  As PAREXEL had produced documents for (and was working on producing emails for) 48 of the projects, plaintiffs were effectively requesting production of all materials for 152 additional projects by March 4, 2008.  The scope of this additional request was not evident when the Joint Statement was filed.

9.      On February 12, 2008, PAREXEL's counsel (Attorney Mendillo) spoke with plaintiffs' counsel (Attorney Wheeler) about narrowing the scope of this request given the time and work needed to produce such a huge volume of additional documents.  Attorney Wheeler would not agree to any modification.

10.     On February 19, 2008, PAREXEL sent to plaintiffs by overnight mail three more DVDs (Disks #4, #5 and #6) containing the requested emails (see **Exhibit E** hereto).  These three discs totaled 1.2 gigabytes of information, or an estimated 89,000 additional pages.  The cover

letter explained that PAREXEL had thus produced a total of over 404,000 pages, which took 120 hours to do.

11.     Turning to production of the documents for 152 additional projects by March 4, 2008, PAREXEL advised that it was "impractical and burdensome" because it would require "an additional 200 hours" of work by the PARAXEL team, a team which needed to "continue to function as a business and meet the need of its clients."  PAREXEL advised that it would take 8-10 weeks to complete the production, and urged plaintiffs to consider narrowing the scope, to "prioritize the projects at issue," or to confer to set "realistic deadlines."  (See **Exhibit E**)

12.     Plaintiffs refused to engage in <u>any</u> discussion along the lines suggested.  They refused to discuss <u>any</u> modification or <u>any</u> extension.  They filed this motion requesting that all documents be produced by March 4 – even though plaintiffs have acknowledged spending only a few hours looking at the 404,000 pages produced to date.

## <u>Argument</u>

PAREXEL Has Produced Over 400,000 Pages In Timely Fashion,
And Legitimately Needs 8-10 Weeks to Produce The Hundreds of
Thousands of Additional Pages Plaintiffs Have Requested Without
<u>Even Reviewing What PAREXEL Has Already Produced.</u>

PAREXEL is a non-party.  In response to plaintiffs' subpoena requesting it to produce any and all documents that mentioned or referenced to Seroquel over a six-year period, PAREXEL agreed to produce documents under the Joint Statement.  Everything that is due to date has been produced: PAREXEL personnel worked 120 hours producing over 400,000 pages that plaintiffs have barely looked at.

Despite the fact that plaintiffs have barely looked at what has already been produced, PAREXEL is willing to produce hundreds of thousands of additional documents regarding 152 additional projects.  It just needs more time, but plaintiffs refuse – and they refuse without

articulating any actual harm they will suffer if they obtain all that they want by May 13 as opposed to March 4.

PAREXEL simply cannot do the job by March 4.  The unexpected large volume of additional work now required (the extent of which PAREXEL could not have known about when the Joint Statement was filed) must be done by a team of people "who regularly charge their hours to billable projects.  It is not work that can be delegated to other employees or temporary workers, given the need for accuracy and confidentiality."  (See **Exhibit E** hereto)."  The PAREXEL team cannot be expected to drop everything to put in the 200 hours needed to satisfy plaintiffs' desire for additional documents – documents that it may very well have already: PAREXEL understands that Astra-Zeneca has produced 13 million pages to plaintiffs, and believes that virtually every document obtainable from PAREXEL is obtainable from Astra-Zeneca.

To the extent that the Joint Statement is a contract,  in Florida, and generally at common law, there is a covenant of good faith and fair dealing in all contracts.  County of Brevard v. Miorelli Eng'g Inc., 703 So. 2d 1049, 1050 (Fla. 1997) ("every contract includes an implied covenant that the parties will perform in good faith"); Restatement (Second of Contracts § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement").  PAREXEL has been proceeding in good faith. It produced many documents ahead of schedule, and it promptly alerted plaintiffs when it needed more time. Plaintiffs, however, are ignoring the covenant of good faith and fair dealing by insisting that their huge supplemental request for documents be produced by march 4th – despite the fact that they have articulated no prejudice if PAREXEL, which is not a party or a defendant, simply is given more time needed to produce what they want.

Moreover, under the Federal Rule of Civil Procedure, plaintiffs are obligated to "take reasonable steps to avoid imposing undue burden" on PAREXEL, and the Court is required to allow PAREXEL "reasonable time for compliance" and to protect it from "undue burden." Fed. R. Civ. P. 45(c) (1), and 45 (c) (3) (A) (i) and (iv).  All PAREXEL is asking for is more time. Plaintiffs have requested documents for three times as many projects (152 to 48), and have asked PAREXEL to do basically twice as much work (200 hours to 120 hours) in less time.  Allowing plaintiffs' motion would constitute an undue burden.

PAREXEL trusts that the Court will not be swayed by plaintiffs' claim that because PAREXEL considers itself to be Astra-Zeneca's partner in marketing Seroquel and has billed Astra-Zeneca over $11 million through the years (see Motion at 4,) the Court should order production of documents by March 4th.  This bogus argument rejects the reality of the situation, and is especially meritless because plaintiffs have not really looked at what has been produced over the past two months, and because PAREXEL is simply seeking additional time to produce additional documents that plaintiffs probably will not look at for months either.

## Conclusion

For all of these reasons, PAREXEL respectfully requests that plaintiffs' motion be denied.  PAREXEL does not object to an order that it produce the additional requested documents by May 13.  PAREXEL also respectfully requests such additional relief as is deemed just and appropriate under the circumstances.

## HEARING  REQUESTED

Respectfully submitted,

PAREXEL MMS
By its attorneys,

_____/s/_____
Robert M. Mendillo, BBO #342780
Amber Anderson Villa, BBO #647566
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
617-542-5542

Dated: February 26, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February 2008 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

_____/s/_____
Robert M. Mendillo