UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In re Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

**This Document Relates to All Cases**

**ASTRAZENECA'S [EMERGENCY] MOTION AND COMBINED MEMORANDUM
FOR A LIMITED EXTENSION OF TIME TO SEARCH FOR AND PRODUCE
RESPONSIVE DOCUMENTS AS TO TWO OF THE FIVE CATEGORIES OF
DOCUMENTS ORDERED TO BE PRODUCED IN THE FEBRUARY 21, 2008 ORDER**

I.      INTRODUCTION

        Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), defendants AstraZeneca LP and

AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully request an extension of time in

which to produce certain responsive documents that the Court recently ordered to be produced in

its February 21, 2008 order granting in part and denying in part plaintiffs' motion to compel.  *See*

Doc. No. 869 ("Order").  That Order requires AstraZeneca to produce five specifically identified

categories of documents "within 11 days of the date of this Order" – by March 3, 2008.[1]

        As explained below, good cause exists for the Court to modify this timing aspect of the

Order to provide that AstraZeneca's production of responsive documents shall *begin* no later

than 11 days from the date of the Order.  AstraZeneca anticipates that it should be able to comply

with the Order as to two if not three of the five categories of documents by the 11-day deadline

of March 3, 2008.  But as to the remaining two categories – the Order's item (2), *i.e.*, plaintiffs'

Clinical Request No. 23 for communications regarding protocols for clinical study 125 ("item

_____

[1] AstraZeneca moves on an emergency basis for an extension of time in light of the fast-
approaching March 3, 2008 date established by the Court's Order of February 21, 2008.

(2)" or "Request 23"); and item (3), *i.e.*, plaintiff's Clinical Request No. 58 for communications between members of the Benefit/Risk Team for Seroquel ("item (3)" or "Request 58") – AstraZeneca knows at this point that it will require more time under the circumstances.  Thus, AstraZeneca asks, based on the information available at this time, that it be permitted at least an additional thirty (30) days from the current due date for these two items, and an additional sixty (60) days from the current due date for any foreign-related searches and productions on those items.  AstraZeneca will plan to report on the progress, status and completion dates (past or anticipated) of its production efforts in response to the Order, including on items (2) and (3), at the upcoming March 11, 2008 conference.

AstraZeneca requests additional time pursuant to Rule 6(b)(1)(A) because of the enormous effort and burden required to identify, locate, collect, process, and then produce responsive documents from the multiple sources in the company where potentially responsive documents will be located as to Request 23 (item (2)) and Request 58 (item (3)) – which is made even more daunting given the massive effort simultaneously underway to meet the March 14, 2008 substantial-completion deadline for the company's other productions.  As illustrated by the declarations filed concurrently herewith,[2] AstraZeneca is working diligently in response to the Court's recent directive that it search for and produce documents responsive to Requests 23 and 58.  Promptly upon receipt of the Order, AstraZeneca devoted a large commitment of resources by outside counsel, inside counsel, IT specialists, and company employees to the work implicated by the Order.  Nevertheless, the many substantial tasks inherent in searching for, collecting, processing and then producing the significant volume of additional documents responsive to Requests 23 and 58 – much of which will require new custodial collections,

---

[2] *See* Declaration of Kevin T. Kerns ("Kerns Decl."), Declaration of A. Richard Winchester ("Winchester Decl."), and Declaration of William Adams ("Adams Decl.").

domestically *and abroad* (*see* Kerns Decl., ¶¶ 7, 12, 18) – present timing obstacles and purely logistical problems that cannot be overcome in the abbreviated time period afforded under the Order.  Accordingly, as detailed below, good cause exists under the liberal Rule 6(b)(1)(A) standard to afford AstraZeneca extensions of time to comply with at least these two items in the Court's February 21 Order compelling it to search for and produce responsive nonprivileged documents.

## II.    BACKGROUND

Plaintiffs' extensive document discovery has been proceeding in this MDL for months and, pursuant to Case Management Order No. 5 (Doc. No. 792), the substantial completion date for AstraZeneca's production of documents is March 14, 2008.  Plaintiffs have variously served on AstraZeneca 56 different sets of requests for production of documents with many hundreds of different requests, as recently as January 14, 2008.  To date, AstraZeneca's vast production has involved well over one million documents consisting of substantially more than twelve million pages.  AstraZeneca presently has more than 800 attorneys working on meeting the March 14, 2008 substantial-completion date.  *See* Winchester Decl., ¶ 3(f).[3]

On October 30, 2007, plaintiffs filed a motion to compel with respect to a few of their requests for production (Doc. No. 629) ["Motion"], which remained pending for several months after oral argument was heard at the December 18, 2007 conference.[4]  On February 21, 2008, the

---

[3] By that date, AstraZeneca will have substantially completed (1) the reproduction of the extensive custodial productions and the production of additional custodial documents; (2) the reproduction of prior RFP productions; and (3) the production of documents from 23 databases, including GEL, responsive to RFPs not objected to and received prior to filing of the notice regarding substantial completion.  This involves an enormous effort, and the reproductions and initial productions of millions of pages of documents.

[4] Plaintiffs initially raised a broader array of issues, which were narrowed in part as provided under the parties' December 14, 2007 Statement of Narrowed Issues Relating to Plaintiffs'

Court issued its order on plaintiffs' Motion.  As the Order reflects, the Court ultimately

addressed nine (9) discrete items:

     (1)    "[Clinical] Request No. 14 – Drafts of package inserts, patient information sheets and Dear Doctor/Healthcare Provider letters relating to Seroquel that were prepared for five foreign countries and existing English translations";

     (2)    "[Clinical] Request No. 23 – Internal and external communications, including emails, regarding protocols for clinical study 125";

     (3)    "[Clinical] Request No. 58 – Communications between members of the Benefit/Risk Team for Seroquel";

     (4)    "[Clinical] Request No. 67 – Notes regarding contacts with any foreign regulatory authority in the UK, Australia, Canada, Japan, Sweden and the Netherlands relating to Seroquel";

     (5)    "[Clinical] Request No. 75 – UK Marketing Authorization Applications relating to Seroquel";

     (6)    "Marketing Request No. 2 – Notes relating to Seroquel taken by members of the teams identified in Request No. 1";

     (7)    "Marketing Request No. 3 – Communications relating to Seroquel between members of ten specific teams";

     (8)    "PRA Requests – Principles of Prescription Drug Promotion"; and

     (9)    "Bates numbering – The identification of bates numbers for documents contained in AstraZeneca's Marketing, Sales, and PRA production."

Order at 1-6.

The Court granted in part and denied in part plaintiffs' Motion.  *Id.*  Specifically, the

Court denied the Motion without prejudice as to items (6) and (7) because it was unclear whether

plaintiffs satisfied their meet-and-confer obligations.  *See id.* at 5.  On items (1) and (9), the

Order refers certain specifically identified matters to the Special Master-Electronically Stored

---

Motion to Compel Defendants' Responses to Requests for Production of Documents (Doc. No. 739).

Information ("SM-ESI") for further consideration and determinations.  *See id*. at 1-2, 6-7.[5]  As to

the remaining five items – *i.e*., items (2), (3), (4), (5), and (8) – the Order grants plaintiffs'

Motion and directs AstraZeneca to make certain specifically identified productions "within 11

days of the date of this Order," *i.e*., by March 3, 2008.  *See id*. at 2-4, 5-6.

     **_Item (2)_**:  The Order directs AstraZeneca to "search for and produce documents

regarding protocols for clinical study 125."  Order at 3.  It thus rejects AstraZeneca's objections

that this discovery should be denied either because the requested documents are "cumulative" or

"duplicative" of materials already produced, or because it would be unduly burdensome for

AstraZeneca to comply with this production request.  *Id*.  The Order acknowledges that aspects

of this production may be "cumulative," and also does not deny the inherently burdensome and

time-consuming nature of the obligation to "search for and produce" responsive documents

constituting "the internal and external communications, including emails, regarding protocols for

clinical study 125."  *See id*.  Yet the Order affords only "11 days" in which AstraZeneca is to

begin and complete its search for, and production of, responsive documents.  *Id*.

     **_Item (3)_**:  The Order directs AstraZeneca to identify, search for, and produce documents

responsive to plaintiffs' request for "communications between members of the Benefit/Risk

Team for Seroquel."  Order at 3.  It thus rejects AstraZeneca's objection and argument that this

discovery should be denied either because plaintiffs have already received certain responsive

materials in AstraZeneca's custodial production, or because it would be unduly burdensome to

require AstraZeneca independently to search for responsive documents that may be in the

---

[5] The Order identifies with particularity the "matter[s]" being referred to the SM-ESI for either a particularized "determination," Order at 2, or for "assist[ance] … in establishing a methodology to resolve disputes concerning the authenticity of the documents (but not to decide the authenticity itself)."  *Id*. at 7.  As to item (1), the Order also notes that AstraZeneca's February 14, 2008 production appears to have "mooted" aspects of plaintiffs' Motion as to "final documents."  *Id*. at 2.

possession of the sizeable number of individuals within the company who may reasonably be expected to have such documents. *Id.* As the Order concludes, even if the requisite document search and production effort would be very burdensome, it "is not an *undue* burden" sufficient to deny production. *Id.* (emphasis added). Yet again, the Order affords only "11 days" in which to begin and complete this undeniably burdensome search and production effort. *Id.*

**_Item (4)_**: The Order directs AstraZeneca to search for and produce "notes" responsive to plaintiffs' Clinical "Request No. 67" related to certain foreign regulatory contacts, but only "to the extent that the information is located in the United States and kept in electronic form." Order at 3-4. The Order directs that such responsive notes be produced "within 11 days." *Id.* at 4. AstraZeneca is attempting to comply with the 11-day deadline, but will in any event produce the responsive electronic information by the March 14th deadline for production of GEL database electronic information as per to the mediated agreement brokered before the SM-ESI, which encompasses this same information as well as other information.

**_Item (5)_**: The Order concludes that the "UK Marketing Authorization Applications related to Seroquel" sought by plaintiffs' Clinical Request No. 75 appear "not burdensome to produce." Order at 4. After concluding that such information would be discoverable under Rule 26(b), the Court affords AstraZeneca "11 days" for production "to the extent the information is located in the United States and kept in electronic form." *Id.* AstraZeneca will comply with the Order by the current 11-day deadline, to the extent any documents exist pursuant to the Order's parameters, which AstraZeneca is currently ascertaining.

**_Item (8)_**: The Order overrules AstraZeneca's assertion of the attorney-client privilege to preclude production of a "guide" called "Principles of Prescription Drug Promotion." Order at 6. Upon concluding that "the guide has lost its attorney-client privilege, if it ever had any," by

virtue of it having "been broadly circulated within the company," the Court ordered that, "within 11 days," AstraZeneca "will produce the Principles of Prescription Drug Promotion, which shall be treated as confidential in accordance with the Court's prior orders." *Id.* AstraZeneca respectfully disagrees with this conclusion and its rationale, but will respect the Court's Order and comply with the current 11-day deadline.

## III.   ARGUMENT

### A.   Under Federal Rule Of Civil Procedure 6(b)(1)(A), Courts Liberally Grant Pre-Deadline Motions For Time Extensions In Response To Court Ordered Deadlines

AstraZeneca comes to the Court in advance of the Order's 11-day deadline to show good cause under Federal Rule of Civil Procedure 6(b)(1)(A) for an extension of time in which to search for and produce documents responsive to plaintiffs' Request 23 (item (2)) and Request 58 (item (3)). *See* FED. R. CIV. PROC. 6(b)(1)(A).[6] Under Rule 6(b), although a party may file a motion for extension of time either before or after expiration of the applicable deadline, Rule 6(b)(1)(A) affords *liberal* allowance of extensions where (as here) they are sought *before* the deadline expires: "When a party requests an extension before the time period has expired, the district court usually will be liberal in granting the request." 1 MOORE'S FEDERAL PRACTICE-CIVIL § 6.06[2]; *id.* § 6.06[1][a] (courts liberally grant pre-deadline extension motions, as compared to post-deadline motions under Rule 6); *Baden v. Craig-Hallum*, 115 F.R.D. 582, 585 (D. Minn. 1987) (emphasizing that pre-deadline extension motions under Rule 6(b) "are to be liberally permitted"); *Boykin v. Commerce Union Bank of Union City*, 109 F.R.D. 344, 349

---

[6] As Rule 6(b)(1) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." FED. R. CIV. PROC. 6(b); *see also* 1 MOORE'S FEDERAL PRACTICE-CIVIL § 6.06[1][a] (2007) ("Rule 6(b)(1) provides a general authorization for district courts to extend time periods," including any time period established by a court order).

(W.D. Tenn. 1986) ("Liberal treatment of Rule 6(b) motions is indeed the normal practice and is consistent with Rule 1's admonishment that the Rules are to 'be construed to secure the just, speedy, and inexpensive determinations of every action.'"); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 n.5 (1990).[7]  As recognized in the Middle District of Florida, motions for extension are the proper vehicle to alert the Court of a party's good-faith expectation – pre-expiration – of inability to comply with a discovery deadline.  *See*, *e.g.*, *VIPRE Systems LLC v. NITV LLC*, 2007 WL 1231825, *1 (M.D. Fla. Apr. 26, 2007) ("If [defendant] needed an enlargement of time to produce documents, … [then defendant] could and should have filed a motion for additional time with the Court."); *see also* HANDBOOK ON CIVIL DISCOVERY PRACTICE IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA § I(E)(1) (2001) (emphasizing that "counsel should move for an extension of time to respond" if a party expects to be unable to meet any court-ordered discovery deadline).

An extension of time is properly granted under Rule 6(b)(1)(A) whenever the movant establishes "good cause" for the request.  FED. R. CIV. PROC. 6(b)(1)(A).  The requisite "good cause" exists upon "some showing of '*good faith* on the part of the party seeking enlargement and *some reasonable basis* for noncompliance within the time specified.'"  *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993) (emphasis added; citation omitted); *Wilson v. Transworld Systems, Inc.*, 2000 WL 1310658, *1 (M.D. Fla. Sept. 1, 2000) (same).  Courts "generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions."  1

---

[7] The 2007 amendments to the Federal Rules of Civil Procedure slightly altered the phrasing and subparagraph numbering in Rule 6 governing motions for timing extensions, and substituted the term "good cause" for the former "for cause" terminology.  As stated in the advisory committee notes, those changes were "purely stylistic."  FED. R. CIV. PROC. 6, Adv. Comm. Notes (2007 amendments).

8

MOORE'S FEDERAL PRACTICE-CIVIL § 6.06[2]; *United States v. Miller Bros. Const. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974) (Rule 6 time extensions "should be liberally granted absent a showing of bad faith" or "undue prejudice"); *accord Boykin*, 109 F.R.D. at 349; 4B Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1165 (2007).[8]

### B.   "Good Cause" Exists To Extend The Time For AstraZeneca To Identify, Search For, Collect, Process, And Then Produce Documents Responsive To Request 23 (Item (2)) And Request 58 (Item (3))

Good cause under Rule 6(b)(1)(A) exists to afford AstraZeneca an extension of time here. As set forth in the accompanying declarations, the work needed to be performed in connection with complying with the Order on items (2) and (3) simply cannot be done in the 11 days initially allotted by the Court.  Unlike the comparably discrete and manageable tasks required in order to comply with the Order on items (4), (5), and (8),[9] these productions are extraordinarily burdensome and time consuming and, thus, require far more than the 11 days allotted.  As the Court will recall, AstraZeneca's arguments and objections on items (2) and (3) included

---

[8] It is well recognized that such extension requests are properly granted unless the moving party has acted in "bad faith" or granting the extension would otherwise impose serious hardship or unfair prejudice upon the adverse party.  *See generally* 4B C.A. Wright & A.R. Miller, FEDERAL PRACTICE & PROCEDURE § 1165; 1 MOORE'S FEDERAL PRACTICE-CIVIL § 6.06[2].  In fact, courts across the country routinely afford additional time to respond to discovery requests where the party has some reasonable basis for its request and is otherwise unable to comply with current deadlines despite good-faith efforts.  *See, e.g.*, *Miller v. International Business Machines*, 2006 WL 995160, *2 (N.D. Cal. Apr. 14, 2006); *Davis v. Lancaster Cnty. of Corrections*, 2007 WL 2066456, *1 (D. Neb. July 16, 2007); *Baldauf v. Garoutte*, 2007 WL 2697445, *3 (D. Colo. Sept. 11, 2007).

[9] This is not to say that the effort required to comply with the Order's items (4) and (5) is not labor intensive and does not demand a substantial commitment of resources.  But by limiting responsive materials on these items to information located in the United States and kept in electronic form, the Order circumscribes the search and collection effort significantly, unlike items (2) and (3), and thus addresses in part some of AstraZeneca's initial concerns.  As noted, AstraZeneca will comply with the Order on item (5) within the 11-day deadline; and, as to electronic information responsive to item (4), production will be substantially completed as part of the GEL database production pursuant the mediated agreement reached before the SM-ESI.

highlighting the unduly burdensome nature of the requests. *See* Kerns Decl., ¶¶ 3-6. While the Order may have concluded that the burden on AstraZeneca was not a sufficiently "undue" burden so as to deny plaintiffs' motion to compel on these two categories of documents, compliance with the requests by AstraZeneca remains very burdensome.

AstraZeneca anticipates that the volume of documents responsive to plaintiffs' Requests 23 and 58 in items (2) and (3) will be very sizeable, and ultimately involve many thousands of documents in hard-copy or electronic form. *See, e.g*., Kerns Decl., ¶ 7. While some responsive documents may have been collected previously, compliance with each request necessarily will demand numerous new document collections from an array of different individuals located in various different places, domestically or abroad, and also will likely include many documents in foreign languages, adding an additional level of complication. *Id.*, ¶¶ 7, 11-20. In addition to the timing problems and pure logistical problems inherent in identifying and collecting potentially responsive documents for items (2) and (3), there is also the necessary and time-consuming process of uploading collected documents, reviewing them for responsiveness and privilege, assembling the subset of documents following attorney review that are actually responsive to the two requests at issue, and then, ultimately, producing them to plaintiffs. *See id.*, ¶ 8; Adams Decl., ¶¶ 7-10; Winchester Decl., ¶¶ 3-6. The entire search, collection, review and processing effort is made all the more difficult and time consuming with respect to foreign document collections and the existence of any foreign-language responsive documents. *See* Kerns Decl., ¶¶ 12, 15, 18, 20; Winchester Decl., ¶¶ 3-4. This substantial amount of time-consuming and extensive work cannot be completed in any short amount of time, much less the highly abbreviated time period afforded by the Order. *See* Kerns Decl., ¶¶ 2, 11, 16, 32; Winchester Decl., ¶ 5.

For instance, as to plaintiffs' Request 23, AstraZeneca has so far identified approximately two dozen separate custodians who may have been involved with the protocols for clinical study 125. *See* Kerns Decl., ¶ 12. Four of them were among the 103 custodians whose files have already been searched and produced to date. *Id*. Consequently, compliance with item (2) in the Order requires AstraZeneca to search and collect the custodial files of a significant number of additional custodians – many of whom are either in the United Kingdom or Sweden.[10] *Id*. As AstraZeneca has demonstrated here and previously, the collection, processing, review and production of custodial documents is difficult and time consuming. Winchester Decl., ¶¶ 3-6; *see also* Declaration of A. Richard Winchester (Doc. No. 680) (previously filed Nov. 13, 2007). Indeed, merely acquiring Seroquel-related information locally stored in any custodian's computer requires IT resources to have physical access to the computer itself – which poses further logistical complexities, especially for UK and Swedish custodians. These factors and difficulties alone serve to illustrate why 11 days affords AstraZeneca insufficient time in which to not just identify, access and acquire the potentially responsive materials held by each of these many custodians, but also to further process, review, prepare and ultimately produce responsive documents as to item (2).

Likewise, as to Request 58, the Risk Benefit Team first met at the end of July 2006, and since the team's inception, approximately 22 separate individuals have attended Risk Benefit Team meetings. *See* Kerns Decl., ¶¶ 16-18. Ten of those attendees are included within the 103 custodians whose files have been produced; however, given the July 6, 2006 production cut-off

---

[10] As to Swedish custodians, the collection and processing of responsive documents may be expected to include at least some Swedish documents, which raises further complicating issues and makes even more arduous and complicated the time-consuming effort that will be required by AstraZeneca's already time-consuming efforts to comply with the Order. *See* Kerns Decl., ¶¶ 12, 15, 18, 20.

date, by definition, these custodial productions need to be updated to produce responsive documents in response to the Court's Order on item (3). *Id.*, ¶ 18. While the files of six of the remaining dozen custodians have been collected, the files of the final six (two of whom are in Sweden and will likely have at least some non-English documents) need to be collected. *Id.* In light of these facts, the 11 days initially allocated in the Order for all search, processing and production activities is impractical. Further compounding matters, one of the collected custodians is an in-house legal counsel at AstraZeneca; hence, that individual's documents will necessarily require close review for privilege. *Id.* Under these extraordinary circumstances, 11 days does not afford AstraZeneca sufficient time to collect, process, review, prepare and ultimately produce documents responsive to plaintiffs' Request 58.

In short, good cause exists for AstraZeneca's request for additional time under Rule 6(b)(1)(A) because of the sheer amount of time-consuming effort needed to locate, collect, process and then produce the documents potentially responsive to Requests 23 and 58 – which is, of course, but a fraction of the enormous production efforts simultaneously underway with all deliberate speed to meet the March 14th substantial completion date for AstraZeneca's other productions, as noted above. Although AstraZeneca has devoted substantial resources in connection with its document production efforts, including yet additional resources to locate, process and produce the additional documents that are the subject of the Court's recent Order – and has done so while at the same time devoting massive resources toward completing production by the substantial-completion date for the company's other productions – it simply cannot pull the already-committed resources from the general substantial-completion effort to focus on this new and labor-intensive effort carrying a deadline preceding March 14. *See* Kerns Decl., ¶¶ 4, 6, 14, 19, 32; Winchester Decl., ¶ 6. Indeed, the pendency of AstraZeneca's

12

upcoming March 14 substantial-compliance date provides yet another reason why its request for

an extension of time in which to search for and produce responsive documents on items (2) and

(3) in the Order should be granted.  AstraZeneca has clearly made the requisite showing of "good

faith" here, and its accompanying declarations set forth the "reasonable basis" underlying its

anticipated inability to meet the Order's 11-day deadline on items (2) and (3) despite its diligent

good-faith efforts.  *See Williams*, 151 F.R.D. at 431 (internal quotations and citation omitted);

*Wilson*, 2000 U.S. Dist. LEXIS 15667, at **2-3 (same).

 AstraZeneca understands that it is this Court's customary practice to grant a party "eleven

days" from the date of an order on a motion to compel to produce responsive documents.  *See*,

*e.g.*, *Omega Patents, LLC v. Fortin Auto Radio, Inc.*, 2006 WL 2038534, *4 (M.D. Fla. July 19,

2006) (Baker, M.J.); *Cozort v. State Farm Mut. Auto. Ins. Co.*, 233 F.R.D. 674 (M.D. Fla. 2005)

(Baker, M.J.).[11]  However, the typical scenario in which this Court has applied such an 11-day

period for production after a compel order involved document production obligations that were

far less onerous than those at issue here, and as to which the defendants (unlike here) had not

even objected on grounds of undue burden.  *Compare* Kerns Decl., ¶¶ 3-6.[12]  For example, in

*Cozort*, this Court granted a plaintiff's motion to compel and gave the defendant 11 days simply

"to produce any additional responsive documents" that might exist after suggesting that the

responsive documents had already been produced and the motion to compel was moot.  233

---

[11] *See also Hamilton Group (Delaware), Inc. v. Chriskev, Inc.*, 2007 WL 4463985 (M.D. Fla. Dec. 17, 2007) (Baker, M.J.); *Life Ins. Settlement Ass'n, Inc. v. Financial Research Ass'n, LLC*, 2007 WL 4557188 (M.D. Fla. Dec. 20, 2007) (Baker, M.J.); *Shams v. State Farm Mut. Ins. Co.*, 2007 WL 496610 (M.D. Fla. Feb. 12, 2007) (Baker, M.J.); *Hanusich v. C.B. Fleet Holding Co.*, 2006 WL 2048252 (M.D. Fla. July 20, 2006) (Baker, M.J.).

[12] Because "decisions about whether enlargements of time are warranted tend to be *case specific*," *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994) (emphasis added), this Court must carefully consider the unique circumstances here with respect to the time reasonably needed to comply with the Court's Order as to items (2) and (3), despite any general preference for affording parties 11 days in which to respond to compel orders.

F.R.D. at 678; *see also Hamilton Group*, 2007 WL 4463985, at *1 (giving defendant 11 days to produce documents already identified in its Rule 26 disclosures, after defendant offered no excuse for a delay in producing documents); *Life Ins. Settlement Ass'n, Inc.*, 2007 WL 4557188, at *1 (requiring production in 11 days for narrow category of payment information related to party's paid participation in seminars and conferences where party opposed discovery on relevance grounds but not undue burden); *Shams*, 2007 WL 496610, at *6 (giving defendant 11 days to produce claims files already collected and listed on privilege log).

By contrast, courts have long recognized that where a party's undue burden objection is rejected, the party can be expected to need additional time from that ruling in which to search for and produce documents commensurate with the unavoidable burden inherent in complying with any related compel order. *See, e.g.*, *United States v. Marsten Apts.*, 1997 U.S. Dist. LEXIS 14388, *9 (E.D. Mich. June 16, 1997) (granting additional extension of "21 days" to collect and produce certain payroll records over and above the many weeks already afforded to produce responsive documents in response to court's compel order; despite overruling objection that the search and production effort "would be unduly burdensome," court rules that "defendants will be given additional time to comply with this portion of the discovery order"). Indeed, courts have routinely granted parties' requests for 30 or more days of additional time in the context of burdensome production efforts. *See, e.g., Equal Employment Opportunity Comm'n v. New Enterprise Stone & Lime Co.*, 74 F.R.D. 628, 629-31 (W.D. Pa. 1977) (confirming that Rule 6(b) "motion to extend" granting additional "33 days" to search for and produce responsive documents was properly granted where burdensome effort would involve "considerable searching in the company's files"); *Biben v. Card*, 119 F.R.D. 421, 423-24, 428-30 (W.D. Mo. 1987) (overruling undue burden objection, but granting "thirty (30) days" in which to produce

materials to which the objection related).  Moreover, where (as here) burdensome search and production efforts involve collection of responsive documents located not only throughout the country, but also "overseas," courts have long recognized that an extension of even *more* time is warranted.  *Barrows v. Koninklijke Luchtvaart Maatschappij*, 11 F.R.D. 400, 401-02 (S.D.N.Y. 1951) (granting defendant's request for 90-day extension of time in which to search for and produce documents where compliance would require defendant to gather responsive documents and information "from many places" domestically and overseas).

Accordingly, good cause exists for AstraZeneca to be afforded more than the 11 days that this Court has typically afforded parties to search for and produce documents in the context of documents requests that were either not burdensome at all, or far less burdensome than those at issue here.  In the limited time afforded by the Order, AstraZeneca cannot fairly be expected to conduct its document identification, search, collection, processing and production tasks for the dozens of additional domestic and foreign document custodians implicated here.  It takes more time to contact the more than forty custodians implicated by items (2) and (3), locate potentially responsive documents (which may or may not have been collected before), electronically load the documents into the document review system, translate any documents in foreign languages, review the documents to identify those documents actually responsive to the two requests at issue, perform any necessary privilege and confidentiality review, assemble the documents for electronic production, and then, ultimately, produce them to plaintiffs.  Despite AstraZeneca's extensive good-faith efforts to date, the practical reality is that additional time on items (2) and (3) in the Court's Order will be needed.  Because plaintiffs cannot establish any "undue prejudice," *Miller Bros. Constr. Co*., 505 F.2d at 1035, that they would genuinely suffer if

15

AstraZeneca were granted the time extensions it seeks herein, the Court should grant this motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(A).

## IV.     CONCLUSION

For the foregoing reasons, the Court should grant AstraZeneca's motion under Federal Rule of Civil Procedure 6(b)(1)(A).  The timing aspect of the Order should be modified to provide that AstraZeneca's completion of its production of the materials ordered to be produce shall begin by March 3, 2008, which is 11 days from the date of the Court's Order.  However, as to items (2) and (3), good cause exists for AstraZeneca to be afforded at least an additional thirty (30) days from the current due date in which to search for and produce responsive nonprivileged documents on these two items, and an additional sixty (60) days from the current due date for foreign-related searches and productions on those items.  AstraZeneca will plan to report on the progress, status and completion dates (past or anticipated) of its production efforts in response to the Order, including on items (2) and (3), at the upcoming March 11, 2008 conference.

DATED:  February 27, 2008                    Respectfully submitted,

*/s/ Stephen J. McConnell*
 Stephen J. McConnell
 DECHERT LLP
 2929 Arch Street
 Philadelphia, PA  19103
 Telephone: (215) 994-4000
 Facsimile: (215) 994-2222
 stephen.mcconnell@dechert.com

 Steven B. Weisburd
 DECHERT LLP
 300 West 6th Street, Suite 1850
 Austin, TX  78701
 Telephone:  (512) 394-3000
 Facsimile:  (512) 394-3001
 steven.weisburd@dechert.com

 *Counsel for AstraZeneca Pharmaceuticals LP*
 *and AstraZeneca LP*

16

**<u>CERTIFICATE OF CONFERENCE PURSUANT TO M.D. FLA. L.R. 3.01(g)</u>**

I hereby certify that, on February 26 and 27, 2008, I corresponded with plaintiffs' counsel regarding this motion and the relief requested.  Counsel for plaintiffs indicated that they oppose the motion.

/s/ <em>Chris S. Coutroulis</em>

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on February 27, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

<em>/s/ Eliot Walker</em>

17

## <u>SERVICE LIST</u>

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca*<br>*Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |