UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

DECLARATION OF KEVIN T. KERNS IN SUPPORT OF ASTRAZENECA'S
[EMERGENCY] MOTION FOR A LIMITED EXTENSION OF TIME TO SEARCH
FOR AND PRODUCE RESPONSIVE DOCUMENTS AS TO TWO OF THE FIVE
CATEGORIES OF DOCUMENTS ORDERED TO BE PRODUCED IN THE
FEBRUARY 21, 2008 ORDER

My name is Kevin T. Kerns, and I declare:

1.      I am over the age of eighteen, and am a partner at the law firm of Dechert LLP.  I am responsible for various matters in this litigation, including the production of data and documents responsive to requests for production, including database information.  I make this declaration in support of AstraZeneca's Motion for a Limited Extension of Time to Search for and Produce Responsive Documents as to Two of the Five Categories of Documents Ordered to be Produced in the February 21, 2008 Order.  I am familiar with the matters stated herein, based on my personal knowledge and experience at Dechert, and could and would testify competently thereto under oath.

2.      Given the many time-consuming steps that need to be taken to comply with the aspects of the Court's February 21, 2008 Order ("Order") discussed below, as well as AstraZeneca's ongoing discovery efforts to comply with the substantial completion deadline of March 14, 2008, I do not believe that AstraZeneca can meet the Order's eleven-day deadline (*i.e.*, by March 3, 2008) for two of the five items (discussed below) that the Court directed to be produced in its Order.

## I.      Background Regarding Items 2 and 3 of the Court's February 21, 2008 Order.

3.      Plaintiffs' Request 23 sought the production of "All e-mails, and both internal and external communications regarding protocols to Study 125."

4.      AstraZeneca objected to Request 23 on among other grounds that it was "extraordinarily over broad," and "unduly burdensome," and sought privileged information. Given my understanding that these communications are not maintained in a central location, producing all communications responsive to this request would be very burdensome on AstraZeneca in that it would necessarily involve the collection, processing and review of documents from a potentially significant number of custodians beyond the 103 custodians identified by both AstraZeneca and Plaintiffs.

5.      Plaintiffs' Request 58 sought the production of "All communications between members of the Benefit/Risk Team for Seroquel related to team issues from the time Seroquel was introduced to the market to the present."

6.      AstraZeneca objected to producing documents responsive to this Request on among other grounds, that the Request was "extraordinarily over broad," "unduly burdensome," and sought privileged information. Given my understanding that these communications are not maintained in a central location, producing all communications responsive to this request would be very burdensome on AstraZeneca in that it would necessarily involve the collection, processing and review of documents from a potentially significant number of custodians beyond the 103 custodians identified by both AstraZeneca and Plaintiffs.

## II.    Efforts Necessary To Comply With The Order

7.      AstraZeneca anticipates that the volume of documents responsive to plaintiffs' Requests 23 and 58 will be sizeable, and will require the review of many thousands of documents. Although some responsive documents may have been collected previously, compliance with these two requests will necessitate new document collections from in excess of twenty (20) AstraZeneca employees in the United States, the United Kingdom and Sweden.

8.      In addition to the timing and logistical problems inherent in identifying and collecting potentially responsive documents for Requests 23 and 58, there is also the necessary and time-consuming process of uploading collected documents, attorney review for responsiveness and privilege, assembling the subset of documents actually responsive to the two requests at issue, and then, ultimately, producing them to plaintiffs.

9.      Beyond its initial investigation when it was served with and responded to these discovery requests, AstraZeneca has been working to comply with the Order since receiving it late in the afternoon on Thursday, February 21.

10.     The details of the many necessarily time-consuming steps required to produce the documents ordered for production are described below.

### A.     Plaintiffs' Request No. 23

11.     AstraZeneca has taken or is in the process of taking the following steps to produce documents responsive to Request 23 regarding "the internal and external communications, including emails, regarding protocols for clinical study 125." Consistent with what is explained more fully below, and in the Declarations of William Adams and A. Richard Winchester, it is my belief that production of these documents cannot be completed by March 3, 2008.

12.     AstraZeneca has identified approximately twenty (20) AstraZeneca employees who might reasonably be expected to possess responsive documents, given that I am advised that there is no central repository for these communications.  Four of these individuals, Martin Brecher, Joan Shaw, Martin Jones and Vince Mazzella, were included in the 103 custodians whose custodial documents have been produced through the July 6, 2006 cut off date.[1]  Of the remaining identified individuals, I understand that a substantial number are either in the UK or Sweden.  As a result, to comply with the Order as to plaintiffs' Request 23, AstraZeneca will need to conduct collections both domestically and abroad in the UK and Sweden.  Further, as to Swedish custodians, some of the responsive documents may be in foreign languages, which will add further complications in connection with reviewing the materials for responsiveness, privilege or production.

13.     On Friday, February 22, 2008, AstraZeneca began the process of collecting the files of these additional custodians.  As detailed in the Declaration of A. Richard Winchester, the collection of custodial files is a complex process with multiple steps involving both in-house and external IT resources designed to ensure the integrity of the collected data.

14.     In addition to the actual collection of custodial files, it will take time for the documents that are collected to be processed, uploaded into the review platform, reviewed and then, ultimately, processed for production to plaintiffs.  Based on my experience and given the

---

[1] It is not necessary for AstraZeneca to update these prior custodial productions in response to the Court's Order regarding Request 23 since I am advised that the Study 125 Protocol was finalized substantially prior to the July 6, 2006 cut-off date.  Nonetheless, counsel for AstraZeneca presented a proposal to Plaintiffs' counsel in a meet and confer session on December 16, 2007 to update prior custodial productions tied to the depositions of AstraZeneca employees being scheduled.

many different time-consuming tasks that need to be accomplished, I believe that AstraZeneca cannot complete by March 3, 2008 its production of responsive documents in compliance with the Order with respect to plaintiffs' Request 23.

15.     At this time, there are too many uncertain variables to ascertain or estimate when AstraZeneca may actually be able to complete all of the tasks required to be performed to produce the responsive documents.  At a minimum, AstraZeneca's request for an additional thirty (30) days from the current due date would afford the company and its counsel a time period in which it can perform a significant number of the many different time consuming tasks that must be performed to comply with the search and production obligation imposed by the Order as to plaintiffs' Request 23.  As to materials collected from foreign document custodians in relation to Request 23, the additional logistical and other complications inherent in AstraZeneca's search, collection, review and processing tasks – which will be compounded by the anticipated presence of foreign language documents in the foreign custodial files – can reasonably be expected to make the entire process even more time consuming.  Given the added complexities attendant upon foreign collections, even AstraZeneca's request for an additional sixty (60) days from the current due date for production of such materials may afford insufficient time in which to comply with plaintiffs' Request 23, depending on a host of variables that cannot be ascertained at this time.

### B.     Plaintiffs' Request 58

16.     AstraZeneca has taken or is in the process of taking the following steps to produce documents responsive to Request 58 regarding "communications between members of the

Benefit/Risk Team for Seroquel." It is my belief that production of those documents cannot be completed by March 3, 2008.

17.     AstraZeneca has identified the AstraZeneca employees who might possess responsive documents, particularly given that I am advised that there is no central repository for such communications.

18.     As a result of this investigation, it was determined that approximately 20 AstraZeneca employees attended Risk Benefit team meetings, the first of which, according to the minutes, took place on July 17, 2006. Ten of these attendees are included within the 103 custodians whose custodial files have been produced. Given the current July 6, 2006 custodial production cut off date (after the date of the first team meeting), by definition, these custodial productions will need to be updated to produce responsive documents. Although Plaintiffs' counsel have not responded to AstraZeneca's proposal to update custodial productions discussed in footnote 1 above, AstraZeneca has already taken steps to update the prior custodial productions for these ten employees consistent with the Court's Order. Of the remaining custodians, two are in Sweden, and their files need to be collected, giving rise to the concomitant complexities for foreign collections described above. Additionally, one of the remaining custodians is in-house counsel at AstraZeneca; and thus those documents will require closer privilege review.

19.     AstraZeneca is adding additional attorney and other legal professionals to the current review teams to support the review and productions implicated by the Court's February 21st Order. Specifically, a substantial team of attorneys and others from Dechert LLP is being added to focus on the production of documents responsive to Requests 23 and 58.

Notwithstanding this additional commitment of resources, I do not believe that this substantial amount of time-consuming and extensive work can be completed in the 11-day period presently afforded by the Order – especially when considered in the context of the existing efforts, including the database productions described in detail below, that are underway in order to comply with the Court's Order regarding substantial completion of AstraZeneca's discovery obligations by March 14, 2008.

20.      As described above for Request 23, there are at this time too many uncertain variables to ascertain or estimate when AstraZeneca may actually be able to complete all of the tasks required to be performed to produce the responsive documents.  At a minimum, AstraZeneca's request for an additional thirty (30) days from the current due date would afford the company and its counsel a time period in which it can perform a significant number of the many different time consuming tasks that must be performed to comply with the search and production obligation imposed by the Order as to plaintiffs' Request 58.  As to materials collected from foreign document custodians in relation to Request 58, the additional logistical and other complications inherent in AstraZeneca's search, collection, review and processing tasks – which may be compounded by the anticipated presence of foreign language documents in the foreign custodial files – can reasonably be expected to make the entire process even more time consuming.  Given the added complexities attendant upon foreign collections, even AstraZeneca's request for an additional sixty (60) days from the current due date for production of such materials may afford insufficient time in which to comply with plaintiffs' Request 58, depending on a host of variables that cannot be ascertained at this time.

### III. Background Concerning Plaintiffs' Database-Related Requests For Production ("RFP") In This Litigation

21.     At the direction of Mr. Craig Ball, the Special Master for Electronically Stored Information ("SM-ESI"), the parties met and conferred, from October 17, 2007 through November 20, 2007, regarding more than fifty (50) AstraZeneca databases about which Plaintiffs had expressed an interest. I managed this process on behalf of AstraZeneca, and personally represented AstraZeneca during a number of these meet-and-confer sessions.

22.     During these meet-and-confer sessions, AstraZeneca technical resources were made available to answer questions posed by Plaintiffs' technical representatives and lawyers. For each of these database meet and confer sessions, AstraZeneca made available at least one, and at times several, technical resources (some of whom reside in foreign countries) to answer informally Plaintiffs' questions. AstraZeneca also provided technical documentation regarding the database before the sessions if it was available. Plaintiffs were generally permitted to ask wide-ranging questions regarding the content and technical capabilities of each database.

23.     Following the database meet and confer sessions, Plaintiffs served forty-nine (49) separate Rule 34 requests for information from 49 AstraZeneca databases (Plaintiffs' 6th through 54th sets of document requests). AstraZeneca served formal responses and objections to each of these requests, the last of which responses was served on December 30, 2008.

24.     Beginning before and continuing after AstraZeneca's formal responses to the database RFPs were served, the parties have engaged in ongoing and substantial discussions regarding the scope and format of AstraZeneca's database productions.

25.     Among other things, the parties participated in two separate database mediation sessions under the oversight of the SM-ESI.  These sessions took place in New York on December 4-5, 2008, and in Orlando on January 3-4, 2008.

26.     In addition to the more formal mediation sessions, over the past several months, there have been essentially continuous discussions between the parties regarding the scope and format of database productions.  The SM-ESI has overseen and facilitated these discussions which have taken the form of weekly, or sometimes twice weekly, comprehensive telephone conferences.  In addition, the parties have communicated directly by both telephone and email.

27.     As a result of these discussions, the parties have reached agreement on the format and scope of production with respect to a substantial number of the AstraZeneca databases that were the subject of a Rule 34 Request.  Specifically, the GEL database may contain information responsive to the Court's February 21, 2008 Order regarding Request 67.[2]  At the Orlando mediation, the parties reached an agreement regarding the scope and timing of AstraZeneca's GEL production.  The parties agreed that the GEL document production would be completed by March 14, 2008.  To the extent that responsive information is stored in electronic form and readily accessible in the United States, that information may be in GEL and will be included in the GEL production on or before March 14, 2008.[3]

---

[2] That section of the Order states, "It is **ORDERED** that, within 11 days of the date of this Order, AstraZeneca will produce notes regarding contacts with any foreign regulatory authority in the UK, Australia, Canada, Japan, Sweden and the Netherlands relating to Seroquel to the extent the information is located in the United States and kept in electronic form."

[3] AstraZeneca's investigation has revealed that responsive documents, if any, that are stored electronically and are reasonably accessible in the United States exist either in GEL or in the custodial files of Susanne Fors and Margaret Melville, both of whom are included within in the 103 custodians whose files have been produced.

28.     The GEL agreement requires that AstraZeneca produce, by March 14, 2008, the Seroquel related documents from GEL as well as certain fields of metadata. To the extent that information responsive to Request 67 exists in electronically, AstraZeneca is working toward producing that information by March 14, 2008, consistent with the GEL agreement.[4]

29.     AstraZeneca began making its promised, rolling, database productions on January 2, 2008. The pace and particulars of that rolling production are reflected in paragraph 30, below.

## IV.    AstraZeneca's Database-Related Productions To Date

30.     Since the database meet and confer process commenced on October 17, 2007, AstraZeneca has made a number of database productions from nineteen (19) AstraZeneca systems. The dates of these productions, and a brief description of each of these productions is described below. In addition, AstraZeneca has continued producing custodial documents, documents responsive to plaintiffs' other Rule 34 Requests for Production, and has started the agreed upon native file reproduction.

| Date of Production | Description of Documents Produced |
| --- | --- |
| December 17, 2007 | 57th production containing documents responsive to particular RFPs, namely, Market Pro and Planet database extracts |
| January 2, 2008 | 61st production containing files extracted from ClinTrace Database |
| January 16, 2008 | 66th production containing information from AstraZeneca's Touchstone Interactive database |
| January 21, 2008 | 68th production containing supplemental documents contained within AstraZeneca's ClinTrace database |
| January 25, 2008 | 69th production containing documents contained within AstraZeneca's |

---

[4] The GEL agreement also provides that additional metadata regarding the folders where the Seroquel documents reside will be produced by April 18, 2008.

|  | Seroquel LSD database |
|---|---|
| February 1, 2008 | 73rd production containing information from AstraZeneca's Impact Database and a reproduction of Planet Database |
| February 4, 2008 | 74th production containing information from AstraZeneca's Sampling Database |
| February 7, 2008 | 77th production containing information from AstraZeneca's CSTP Database |
| February 8, 2008 | 78th production containing information from AstraZeneca's Step 2000, AZER, AZU, Webstir, and LBX Databases. |
| February 15, 2008 | 84th production containing information from the SAM Database |
| February 15, 2008 | 85th production containing information from the SPW and Field Coaching Forms Databases |
| February 20, 2008 | 86th production containing information from the KnowBol and IIRIS Databases |
| February 21, 2008 | 87th production containing information from the SAM Database |
| February 21, 2008 | 88th production containing information from the ClinTrace Database |
| February 21, 2008 | 89th production containing information from the Planet Database |
| February 22, 2008 | 90th production containing information from the eSTaR Database |

## V.   AstraZeneca's Database-Related Productions That Are Anticipated And Planned To Occur Between The February 21, 2008 Date Of The Order And March 14, 2008

31.     In addition to the productions referenced above, between the entry of the Order on

the Motion to Compel dated February 21, 2008 and the substantial completion deadline of March

14, 2008, AstraZeneca expects that it will produce Seroquel-related information from the

following twelve (12) databases or systems:  CRF-DEN; Viewpoint; ICON, COMPASS/PREP,

Cornerstone, MACS, Sales Insite, Dashboards, AZ-US.com, GEL, eRooms and Outlook Public Folders. As discussed further in the Declaration of William Adams (filed concurrently), the preparation of each of these productions requires a significant amount of effort with respect to the extraction, processing, hosting, review and production.

32.    As described above and in other declarations filed concurrently, the collection, processing and production of custodial documents are labor intensive and time-consuming tasks. Based on the foregoing as well as my experience in this and other litigation, and given the many different time-consuming tasks that need to be accomplished, I do not believe that AstraZeneca could complete by March 3, 2008 its production of responsive documents in compliance with the Order with respect to plaintiffs' Requests 23 or 58.

I declare under penalty of perjury under the laws of the United States and the laws of the state of Florida that the foregoing is true and correct to the best of my knowledge.

Dated:  February 27, 2008

Kevin T. Kerns