## Dennis Canty

| | |
|---|---|
| **From:** | Dennis Canty |
| **Sent:** | Tuesday, February 05, 2008 10:42 AM |
| **To:** | 'Pass, Robert W.'; Larry J. Gornick |
| **Cc:** | Craig Ball; Kerns, Kevin; Freebery, James J.; Dupre, Andrew |
| **Subject:** | RE: Seroquel MDL: GEL Proposal |

This is plaintiffs' response to AstraZeneca's January 28, 2008 "Proposed Plan for Reasonable Identification and Production of Material Seroquel GEL Drafts." While plaintiffs are willing to work with AstraZeneca to formulate a plan which would adequately provide for the identification and production of all relevant ESI from GEL, the Proposed Plan is inadequate. Plaintiffs' proposals for improvement of the plan are below.

Introduction

The Proposed Plan is critically limited. First, the Proposed Plan fails to address one entire category of ESI – that which at all times resided solely within GEL, and was never imported to or exported from it. (Plaintiffs understand that AstraZeneca may not have intended the Proposed Plan to address this category, but the Proposed Plan does not make the distinction.)

Second, the Proposed Plan fails to address SM-ESI's many requests (the first of which was in October of last year) for AstraZeneca to first *identify* the ESI which at one time existed and may have found its way out of GEL, and *determine* whether it has been retained. The Proposed Plan instead proceeds from an assumption that GEL contributors retained everything (a flawed premise) and that AstraZeneca's obligation extends only to the location and production of that which still exists. Plaintiffs will not agree to a plan which begins with "Step 3," rather than "Step 1."

Third, nothing in the Proposed Plan for GEL (the GLOBAL Electronic Library) addresses identification or production of ESI from countries other than the United States. Plaintiffs will not agree to a plan which is so limited.

To the extent the Proposed Plan seeks to postpone production of GEL drafts, plaintiffs have made their position clear. AstraZeneca has an obligation to produce by March 14, 2008 all relevant ESI which exists or at any time existed in GEL. Plaintiffs will not here belabor the point.

What AstraZeneca Would Produce, And Why

The Proposed Plan states that AstraZeneca has produced all GEL drafts in the possession of the 103 custodians – 23 of which plaintiffs selected after "ample opportunity" to identify relevant people. AstraZeneca contends that documents outside of that production "lie at the outer margins" of discoverable information.

But AstraZeneca has produced ZERO complete custodial files. The 23 custodians chosen by plaintiffs were chosen after a review of those incomplete files. We have since discovered that AstraZeneca failed to properly collect and preserve ESI from at least half a dozen of the custodians selected by plaintiffs. Moreover, by its latest estimate, AstraZeneca anticipates producing to plaintiffs at least 100,000 custodial documents never before seen in any format (more than one-tenth its prior production).

The Proposed Plan nevertheless sets forth a method for location and production of documents which fall into several categories. Plaintiffs have insufficient information to determine whether these categories are adequate, as the system and the documents are solely in the possession of AstraZeneca. Plaintiffs agree that GEL likely

contains documents in which plaintiffs have no interest (i.e., inactive ingredients, bulk substances, etc.) and share AstraZeneca's desire to eliminate drafts of such documents from the search, review and production process.

Plaintiffs propose that AstraZeneca provide a list of all "categories" of documents stored in GEL, so that the parties might agree on the scope of inquiry. AstraZeneca would then identify all related ESI which may have existed, and determine whether it was retained and where.

How AstraZeneca Would [Identify] Such Documents

AstraZeneca proposes a targeted interview process involving high level employees in Drug Safety and Regulatory Affairs, who would then identify individuals likely to have made substantive contributions. Plaintiffs have insufficient information to determine whether these departments are adequate. In fact, from AstraZeneca's GEL memorandum to the SM-ESI, it appears that not all of the departments deemed most significant by AstraZeneca are included in the Proposed Plan (e.g. Non-Clinical Affairs and Safety Assessment, Study Delivery).

Note: over the months since "non-retention" was first discovered, AstraZeneca provided ever increasing estimates of the number of employees who were likely to have created intermediate data in GEL, but (despite the SM-ESI's repeated inquiries) has failed to disclose the actual number of these contributors, nor gave any information about the overlap between GEL contributors and custodians. AstraZeneca should respond to the SM-ESI's inquiries. Based upon information available to date, plaintiffs propose as follows:

AstraZeneca will produce a list of all GEL users (2000 to present) with permissions to edit GEL documents falling into one of the agreed categories, including the name, department, title, and dates those permissions were held. This information will assist plaintiffs in determining which departments and individuals may be appropriate for interview. The purpose of the interviews will be to identify ESI which at any time existed, and determine whether it still exists, and if so, where. Plaintiffs' representatives will be present at interviews of AstraZeneca employees, which will be conducted pursuant to a "script," upon which plaintiffs will have input.

Rationale For Limitation

Again, plaintiffs share AstraZeneca's desire to eliminate from the review process documents which are not relevant to the claims in the litigation. But AstraZeneca must provide reliable information from which plaintiffs can determine the proper scope of inquiry.

Follow-Up For Specific Documents

No agreed plan for the investigation and production of ESI will relieve AstraZeneca of the burden to ensure that relevant drafts are produced by March 14, 2008. If plaintiffs need to "follow-up," it will be with the Court for violation of discovery orders.

```
-----Original Message-----
From: Pass, Robert W. [mailto:RPass@CarltonFields.com]
Sent: Monday, January 28, 2008 3:28 PM
To: Larry J. Gornick; Dennis Canty
Cc: Craig Ball; Kerns, Kevin; Freebery, James J.; Dupre, Andrew
Subject: Seroquel MDL: GEL Proposal

 <<GELProposal.pdf>>
```

    Dennis and Larry, I attach our GEL Proposal.  I look forward to hearing back from you concerning it.

    Regards, Bob


Robert Pass
Attorney at Law
Carlton Fields, P.A.
215 S. Monroe Street, Suite 500
Tallahassee, FL 32302
Phone (850) 513-3608
Fax (850) 222-0398
e-mail: rpass@carltonfields.com
www.carltonfields.com