**Dennis Canty**

| | |
|---|---|
| **From:** | Dennis Canty |
| **Sent:** | Tuesday, October 23, 2007 11:20 AM |
| **To:** | Pass, Robert W. |
| **Cc:** | Adupre@mccarter.com; Larry J. Gornick; Jaffe, Jonathan; Craig Ball; Laura Brandenberg |
| **Subject:** | "Sketch" of Spoliation Motion |
| **Attachments:** | optowave.pdf |

Bob:

    This is to give you an overview regarding spoliation. In a recent decision, Magistrate Judge Baker granted adverse inference sanctions against a defendant found to have destroyed ESI. See *Optowave Co. v. Nikitin*, 2006 U.S. Dist. LEXIS 81345 (D. Fla. 2006). The decision (attached) provides an excellent synopsis of applicable spoliation law.

> "Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information. While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

*Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 127 (S.D. Fla 1987)

    While spoliation sanctions are governed by federal law, the 11th Circuit does not set forth specific guidelines for determination of spoliation. Therefore, the court may rely on appropriate state law authority in determining spoliation and issuing appropriate orders. *Flury v. Daimler Chrysler Corp. 427 F.3d 93, 9449* (11th Cir.2005.) Florida courts consider the following factors:

1. Whether the evidence existed at one time;
2. Whether the spoliator had a duty to preserve the evidence; AND
3. Whether the evidence was critical to an opposing party being able to prove its prima facie case or a defense.

*Golden Yachts, Inc. v. Hall*, 920 So.2d 777, 781 (Fla. 4th DCA 2006.)

    The determination of appropriate sanctions for spoliation lies in the court's discretion, and must be determined on a case-by-case basis. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004). Courts have broad discretion to impose sanctions due to inherent power to manage own affairs and orderly disposition of cases. *Flury v. Daimler Chrysler Corp. 427 F.3d 93, 9449* (11th Cir.2005.) Sanctions may include an adverse inference instruction to the jury (*Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997)) and, in particularly egregious cases, default (*Telectron, Inc. v. Overhead Door Corp*. 116 F.R.D. 107 (S.D. Fla 1987)).

    At all relevant times, drafts and annotations of AstraZeneca's regulatory submissions were maintained in the GEL database. While it is at this time difficult for plaintiffs to identify with specificity what AstraZeneca has NOT produced, the drafts and annotations presumptively contain evidence of the state of AstraZeneca's knowledge regarding the safety and efficacy of Seroquel at the time of its disclosures to regulatory agencies. Those documents reflect AstraZeneca's choices in what and what not to tell regulatory agencies about Seroquel, and are clearly relevant to plaintiffs' case-in-chief, as well as AstraZeneca's affirmative defenses, including the defense of preemption.

At all relevant times, Audix voicemail was one of the primary means of communication between management and the sales force concerning the promotion of Seroquel. Among other things, management used the Audix voicemail system to instruct sales representatives on how to handle physician inquiries concerning the causal link between Seroquel and diabetes. Sales representatives' use of Audix was mandatory and monitored. These voicemails are clearly relevant to plaintiffs' case-in-chief, as well as AstraZeneca's affirmative defenses, including the learned intermediary defense.

AstraZeneca knew this information was relevant to the litigation and would be sought by plaintiffs. By its own admission, AstraZeneca's duty to preserve the information arose no later than September of 2003. To this day, AstraZeneca has failed to preserve any of this ESI.