UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769 (ALL CASES)

_____/

**ASTRAZENECA'S COMBINED RESPONSE AND OPPOSITION TO PLAINTIFFS'
FIRST AMENDED MOTION FOR ENTRY OF ORDER
AND TO COMPEL DEPOSITION AND MEMORANDUM IN SUPPORT**

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") oppose Plaintiffs' Motion for Entry of Order and to Compel Deposition, and move for entry of an Order adopting the proposed Stipulation attached hereto as Exhibit 1. On Friday, December 08, 2006, AstraZeneca reached agreement in principle with Plaintiffs on the issues raised in Plaintiffs' Motion and the parties are negotiating a proposed order regarding production. Because no agreement has yet been formalized, AstraZeneca submits this response to Plaintiffs' Motion to ensure that its position is before the Court in the event any issues will need to be raised with the Court.

### Introduction

Just as the recent Amendments to the Federal Rules contemplate, the parties have been meeting, conferring and discussing various electronic evidence issues, including preservation and production issues. Issues are being resolved and discussions are continuing several times a week. AstraZeneca has participated fully in these negotiations and has offered several proposals, which are discussed below, in an attempt to meet Plaintiffs' discovery requests and needs. AstraZeneca is quite willing to work to find resolutions acceptable to <u>both</u> Plaintiffs and AstraZeneca and has been negotiating with Plaintiffs in a

take all appropriate steps to preserve any and all information which might be relevant to the litigation. To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists.") (citing Rule 26). *See, e.g.*, Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 888-89 (S.D.N.Y. 1999); Wm. T. Thompson Co. v. Gen. Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984); Carlucci v. Piper Aircraft Corp., 102 F.R.D. 472, 485-86 (S.D. Fla. 1984). Accordingly, because of the existing obligations placed on AstraZeneca by the Federal Rules, any document preservation order would be redundant and unnecessary.

==Well before Plaintiffs commenced the present litigation, AstraZeneca instituted document-preservation efforts to ensure its compliance with its general obligations to preserve documents that may have relevance to SEROQUEL®-related litigation. First, as AstraZeneca has advised Plaintiffs, AstraZeneca has retained backup media for e-mail since approximately November 2002, before this litigation commenced. Second, as early as September 12, 2003, and on at least ten other occasions since then, including as recently as November 28, 2006, AstraZeneca has issued document preservation memorandums reminding its employees of their ongoing obligation to preserve documents relevant to pending SEROQUEL® litigation.==

Finally, the costs to AstraZeneca generally to implement this type of order—in light of the protections already in place—would be unduly burdensome. See, e.g., Manual for Complex Litigation (4th) § 11.442 ("A blanket preservation order may be prohibitively expensive and unduly burdensome for parties dependent on computer systems for their day-