# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability
Litigation**

**Case No.  6:06-md-1769-Orl-22DAB**

_____

# ORDER

## I. INTRODUCTION

This cause comes before the Court for consideration of Defendants' February 4, 2008,

Appeal From, Objection to, and Motion to Vacate Magistrate Judge's Order Granting Plaintiffs'

Motion to Compel Re: Documents Reviewed By Witnesses in Preparation for Depositions (Doc.

853), to which Plaintiffs responded (Doc. 863) on February 15, 2008, and AstraZeneca's Motion

to Strike Plaintiffs' Improper Exhibits in Relation to Pending Appeal From Non-Dispositive

Matter Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(A) (Doc. 864),

filed February 19, 2008.

On January 24, 2008, the magistrate judge entered an Order (Doc. 820) compelling

Defendants to identify and produce documents reviewed by witnesses in preparation for

depositions.  Plaintiffs initially sought to compel the identification and production of the

documents after encountering objections by defense counsel during the depositions of corporate

witnesses.  Apparently, when asked which documents they reviewed in preparation for their

depositions, certain defense witnesses were instructed by counsel not to answer on the ground that

the information was shielded from discovery under either the attorney work product doctrine or

the attorney-client privilege.  Plaintiffs, believing that such information was indeed discoverable,

sought to compel AstraZeneca to identify and produce any documents reviewed by defense witnesses prior to their deposition, unless such documents were individually privileged or protected as attorney work product.  The magistrate judge ultimately found that AstraZeneca had not adequately supported its claim that such documents were protected from discovery, and, accordingly, granted Plaintiffs the relief they sought.  Defendants now seek relief in this Court, and request that the entirety of the magistrate judge's order be vacated and that the magistrate judge be directed to deny Plaintiffs' motion to compel.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72 (a), a district judge must affirm a magistrate judge's order on a nondispositive matter unless that order is found to be "clearly erroneous or contrary to law." Under the "clearly erroneous" standard, "the factual findings of a trial court must be allowed to stand unless the reviewing court is left with the definite and firm impression that a mistake has been made."  *Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1534-35 (11th Cir. 1983).

## III. ANALYSIS

Defendants object to the magistrate judge's order on two grounds: (1) it fails to require Plaintiffs to meet the requirements of Fed. R. Evid. 612, pertaining to disclosure of writings used by witnesses to refresh their memories for the purposes of giving testimony; and (2) it compels the disclosure of documents protected by the attorney "opinion" work product doctrine.

On the first of these grounds, Defendants argue that the magistrate judge erred in failing to require Plaintiffs to establish, pursuant to Fed. R. Evid. 612, that the witnesses' testimony was influenced by the documents sought, and that the witnesses' recollection was actually refreshed

by any of the documents they reviewed.  Instead, Defendants assert, the magistrate judge "rac[ed] ahead" to discussion of whether production of the documents would serve the interests of justice. The Court disagrees with Defendants' assertion that Plaintiffs were required to satisfy Rule 612 in order for the magistrate judge to find it proper to order production of the documents.  In reality, while the magistrate judge identified and briefly discussed Rule 612 with regard to its potential conflict with Fed. R. Civ. P. 26(b)(3), he did not ultimately rely on the Rule as a means by which to compel the documents sought by Plaintiffs.  On the contrary, it is evident from the order that the magistrate judge concluded that the documents were discoverable because Defendants had not met their burden of demonstrating that the documents were protected by the attorney work product doctrine.  Therefore, the Court rejects Defendants' contention that the magistrate judge failed to require Plaintiffs to meet their burden under Rule 612, as Rule 612 did not form the basis for the magistrate judge's conclusion that the documents should be disclosed.

Defendants next assert that the magistrate judge erred in finding that the documents Plaintiffs sought to compel were not protected "opinion" work product.  In essence, Defendants maintain that the magistrate judge erroneously declined to characterize the attorney's selection of documents to be reviewed by witnesses in preparation for their depositions as opinion work product, thus denying the documents the heightened protection normally afforded documents reflecting an attorney's mental impressions.  As the following discussion illustrates, the issue raised by Defendants is anything but settled.

The United States Supreme Court first recognized that an attorney's "written statements, private memoranda and personal recollections" should be afforded qualified immunity from discovery in *Hickman v. Taylor*, 329 U.S. 495 (1947), noting that "[i]n performing h[er] various

duties . . . it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id*. at 510.  The resulting "work product doctrine," as currently codified in Fed. R. Civ. P. 26 (b)(3), instructs that "documents and tangible things" prepared by a party or representative in anticipation of litigation or trial are not ordinarily discoverable absent a showing by the party seeking discovery that "it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26 (b)(3)(A).  Further, even upon a party's showing of substantial need and undue hardship, a court ordering discovery must still "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26 (b)(3)(B).

The United States Supreme Court highlighted the heightened standard applicable to documents and things that revealed an attorney's mental processes in *Upjohn Co. v. U.S.*, 449 U.S. 383 (1981), where the Court noted, "[a]s Rule 26 and *Hickman* make clear, such work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship." *Id*. at 401.  In the wake of *Upjohn*, courts drew similar distinctions between ordinary work product and so-called "opinion" work product, although there remained some disagreement regarding the scope of the heightened protections afforded work product containing the mental impressions of the attorney. *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d Cir. 2007) (requiring a showing of real, non-speculative concern that the documents will reveal the attorney's thought processes); *In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007) (citing *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977) for the proposition that opinion work product is discoverable only in the rarest and most

extraordinary circumstances); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (requiring both that an attorney's mental impressions be at issue, and the need for the material be compelling).

In the midst of disagreement over the degree of protection to be given to opinion work product, courts have also differed in their approaches to the classification of certain types of work product as "opinion" work product.  For example, in *Sporck v. Piel*, 759 F.2d 312 (3d Cir. 1985), the Third Circuit considered a discovery dispute, similar to the dispute now before this Court, between parties to a securities fraud class action lawsuit.  At the deposition of one of the defendants in the case, counsel for the plaintiff elicited testimony indicating that the deponent had reviewed several documents with his attorney in preparation for the deposition.  *Id*. at 313-14. The plaintiff's attorney thereafter sought to compel identification and production of the selection of documents the defense attorney used in preparing the defendant for his deposition.  *Id*. at 314. The defense resisted production, claiming that the selection of documents was protected by the attorney work product doctrine.  *Id*.  The trial court granted the plaintiff's motion, holding that the documents were not protected "opinion" attorney work product.  *Id*.

The Third Circuit disagreed with the lower court, holding that documents selected by counsel in preparation for pretrial discovery "fall[] within the highly-protected category of opinion work product." *Id*. at 316.  In this regard, the court reasoned that an attorney's selection of a few documents from among thousands in order to prepare a witness for a deposition inevitably revealed the attorney's understanding of the case, and, as such, should be afforded the utmost protection from disclosure.  *Id*.  Therefore, in the court's view, the trial court had an obligation "to protect against unjustified disclosure of defense counsel's selection process." *Id*.

In the instant case, Defendants attempt to portray the *Sporck* rule as the universally accepted rule; however, the magistrate judge correctly concluded that the Eleventh Circuit has neither adopted nor endorsed the rule.  This Court additionally notes that no district judge in the Middle District of Florida has, upon review of a magistrate judge's order compelling production of documents alleged to be protected under the attorney work product doctrine, ever adopted or endorsed the rule announced in *Sporck*, at least in any published opinion.  In fact, the magistrate judge noted "a good deal of disagreement and/or distinguishing case law" regarding the *Sporck* decision, citing, among others, the First Circuit's opinion in *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007 (1st Cir. 1988).

In *San Juan*, the court reviewed a pretrial discovery order entered in a multi-district litigation involving nearly 2,000 plaintiffs who were injured or whose relatives died in a hotel fire in 1986.  *San Juan*, 859 F.2d at 1009.  The discovery order required parties taking depositions to identify exhibits they intended to use at the deposition five days before the deposition was to be taken.  *Id*. Counsel for the plaintiffs claimed that such identification was protected as attorney work product and appealed the order to the district judge.  *Id*.  The district judge upheld the order, concluding that the identification procedure did not contravene the attorney work product doctrine.  *Id*. at 1009-1010.  The First Circuit agreed, highlighting the transferee court's need to consider the "systemic needs of the litigation" when crafting discovery protocols to guide pretrial proceedings in large multi-district litigations.  *Id*. at 1013.  In concluding that the discovery order compelled disclosure of otherwise unprotected attorney work product, the court announced that "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinion, or legal theories is protected as opinion work product."  *Id*. at 1015.  In the court's view,

the heightened level of protection afforded "opinion" work product was "not triggered unless

disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts." *Id*.  Such

heightened review was not triggered in that instance, and, therefore, compelled disclosure of the

parties' exhibit lists prior to depositions did "not implicate opinion work product and thus [did]

not constitute an impermissible per se intrusion into the lawyer's protected zone of privacy."  *Id*.

at 1018.

　　　　The Court acknowledges that, like *Sporck*, *San Juan* is not a controlling authority in this

case; however, the magistrate judge was in the unenviable position of deciding an issue for which

there exists no clearly established legal principle in this jurisdiction.  In circumstances such as

these, the Court cannot say that the magistrate judge's selection of the *San Juan* case, as well as

other related caselaw, in support of what he deemed to be the more persuasive view on the issue,

was a legal misstep.  In sum, the Court concludes that the magistrate judge's finding that

Defendants failed to adequately demonstrate that the documents sought by Plaintiffs are protected

"opinion" work product was neither clearly erroneous nor contrary to law.

### IV. CONCLUSION

　　　　Based on the foregoing, it is **ORDERED** as follows:

　　　　1.　　　　Defendants' Appeal From, Objection to, and Motion to Vacate Magistrate Judge's

Order Granting Plaintiffs' Motion to Compel Re: Documents Reviewed by Witnesses in

Preparation for Depositions (Doc. 853), filed February 4, 2008, is **OVERRULED**.

　　　　2.　　　　The magistrate judge's January 24, 2008, Order granting Plaintiffs'

Motion to Compel Discovery of Documents Reviewed By Witnesses in Preparation for

Depositions (Doc. 820) is **AFFIRMED**.  Defendants' request for a stay of this order during the

time allowed by law for interlocutory appellate review is **DENIED**, as Defendants have demonstrated neither a probable likelihood of success on the merits nor that the "balance of equities" weighs heavily in favor of a stay. *See U.S. v. Hamilton*, 963 F.2d 322, 323 (11th Cir. 1992).

      3.      Defendants' Motion to Strike Plaintiffs' Improper Exhibits in Relation to Pending Appeal From Non-Dispositive Matter Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) (Doc. 864) is **GRANTED**.  There is no binding Eleventh Circuit precedent on the issue presented by this motion.  The Court is, however, persuaded by the rule espoused by the Third Circuit in *Haines v. Liggett Group Inc.*, 975 F.2d 81 (3d Cir. 1992), which limits the district judge's review of a magistrate judge's nondispositive discovery ruling to the evidence that was originally before the magistrate judge.  Further, because this Court's review of the magistrate judge's order in this instance is not *de novo*, but rather is limited to a finding of clear error, the Court finds that it would be improper to look to anything but the record that existed at the time the magistrate judge issued his ruling. Accordingly, the Court has disregarded Exhibits A, B, D and E to Plaintiffs' response (Doc. 863), as none of these exhibits were before the magistrate judge when he considered Plaintiffs' motion to compel.

      **DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 27, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge David A. Baker

ANNE C. CONWAY
United States District Judge