UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re: Seroquel Products Liability Litigation<br><br>MDL Docket No. 1769<br><br>DOCUMENT RELATES TO ALL CASES | Case No. 6:06-md-01769-ACC-DAB<br><br>RESPONSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS #8 |

**RESPONSE OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP
AND ASTRAZENECA LP TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS #8**

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (hereinafter "AstraZeneca"), by and through their attorneys, respond and object to Plaintiffs' Request for Production of Documents #8 (the "Requests") as follows:

**PRELIMINARY STATEMENT**

Since November 5, 2007, Plaintiffs have served AstraZeneca with 48 sets of Requests for Production, each set seeking "all relevant Seroquel and Seroquel related data" from 48 different databases or systems. These Requests were served after AstraZeneca produced nearly 12 million pages of documents in this MDL over an approximately 11 month period, the vast majority of which are documents collected from the custodial files of approximately 100 AstraZeneca custodians and the Seroquel IND and NDA. Each of these 48 sets of Requests is similar to the instant set except that each relates to a different database or system used by AstraZeneca. These Requests were served following extensive meet-and-confer sessions, during which AstraZeneca made available (at significant cost) business and technical representatives to answer questions by Plaintiffs' counsel and Plaintiffs' technical representatives. AstraZeneca believed that the purpose of these meet-and-confer sessions was, in part, to narrow the scope of database discovery. Instead, with very limited exception, Plaintiffs served Requests for Production seeking "all Seroquel and Seroquel related data" for nearly every database that was discussed during these meet-and-confer sessions.

**GENERAL OBJECTIONS**

1. AstraZeneca objects to these Requests to the extent they are vague, ambiguous, argumentative, unreasonably cumulative or duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of

any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2.  AstraZeneca further objects to these Requests to the extent they seek information or documents, or otherwise purport to impose obligations upon AstraZeneca, beyond those permitted by the Federal Rules of Civil Procedure, Case Management Order No. 2, and/or any other Orders entered by the Court in this matter. Specifically, AstraZeneca objects to any attempt to dictate the form of AstraZeneca's data production beyond that of a "reasonably usable form" as required by Fed. R. Civ. P. 34.

3.  AstraZeneca objects to these Requests to the extent they seek documents or information protected from discovery by the attorney-client privilege, the work product doctrine, any other applicable privilege, or that are otherwise immune or protected from disclosure. In setting forth its responses, AstraZeneca does not intend to waive any applicable protections or privileges; on the contrary, AstraZeneca specifically intends to preserve any and all applicable protections and privileges. Further, by responding to these Requests, AstraZeneca neither admits the existence of any facts set forth or assumed by the Requests, nor concedes the relevance or materiality of such Requests or the subject matter to which they refer.

4.  AstraZeneca's responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving the following rights:

    (a)  the right to raise all questions of authenticity, materiality, and admissibility as evidence, for any purpose, with respect to the documents and/or information produced or made available for inspection and copying, which may arise in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding;

    (b)  the right to object to the use of said information and/or documents in any subsequent proceeding in, or the trial of, this lawsuit or any other action or proceeding, on any grounds;

    (c)  the right to object on any ground at any time to other discovery requests involving said information and/or documents or the subject matter thereof; and

    (d)  the right at any time to revise, correct, add to or clarify any of the answers made herein.

5.  AstraZeneca objects to these Requests to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Seroquel (quetiapine fumarate). AstraZeneca will not produce such information or documents.

6.  AstraZeneca objects to these Requests to the extent they seek information or documents containing highly confidential, proprietary, and valuable commercial information, trade secrets, or business confidential materials, the disclosure of which would be highly

prejudicial to AstraZeneca and the value of which cannot be calculated as money damages. AstraZeneca specifically objects to these Requests to the extent they seek information or documents that AstraZeneca has gathered relating to its competitors, which is proprietary, highly confidential, and the disclosure of which would compromise its business interests because Seroquel is a currently distributed medication. Consequently, to the extent such information is discoverable, it will be produced only subject to the MDL stipulated protective order.

7.    AstraZeneca objects to these Requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. AstraZeneca objects further to these Requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found. Additionally, AstraZeneca does not consider as Seroquel documents and does not generally produce documents which reference Seroquel generally, but are not relevant to the issues presented in this litigation.

8.    AstraZeneca objects to these Requests to the extent they seek information or documents the disclosure of which would violate privacy rights of non-parties including, but not limited to, those privacy rights guaranteed by the federal and state constitutions as well as federal and state statutes and regulations, as well as applicable foreign governmental statutes and regulations. AstraZeneca objects generally to the disclosure of personal identifying information pertaining to those who reported adverse events, participated in clinical trials, or took Seroquel for any reason at any time. AstraZeneca is precluded from disclosing the identities of patients, hospitals, or health care professionals (or any third party) who report events covered by the adverse event reporting process. *See, e.g.*, 21 C.F.R. § 20.63(f). To the extent that documents containing information protected from disclosure by federal or state law are produced, AstraZeneca will redact such documents to remove personally identifiable information. Further, AstraZeneca states that the reporting of an adverse experience does not reflect a conclusion by AstraZeneca or the FDA that Seroquel caused or contributed to the experience.

9.    AstraZeneca objects to these requests to the extent they purport to require AstraZeneca to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

10.   AstraZeneca objects to these Requests to the extent they seek documents or information regarding current, planned, or future studies, on the grounds that such discovery could impair AstraZeneca's ability to conduct such studies and cause injury to AstraZeneca's business interests, particularly where final decisions have yet to be made. AstraZeneca objects generally to any request for studies not limited to relevant Seroquel-related clinical or pre-clinical studies.

11.   AstraZeneca objects to these Requests insofar as they seek documents or information beyond that permitted or contemplated by Case Management Order No. 2. Specifically, AstraZeneca objects to any request that seeks information or documents relating to products other than Seroquel, the product allegedly ingested (however, this objection does not

apply to information (a) about another drug that is necessary to understand something about Seroquel, such as where the other drug is being used as a comparator in a Seroquel study; or (b) pertaining to alleged adverse experiences associated with Seroquel other than those claimed; or (c) pertaining to promotion or advertising other than that allegedly relied upon).

12. AstraZeneca interprets these Requests as seeking information contained only in the database specifically identified in Request for Production No. 1. AstraZeneca objects to these Requests to the extent that they seek information that is not obtainable from the database identified in Request for Production No. 1.

13. AstraZeneca objects to these Requests to the extent they seek documents or information that are more appropriately sought, if at all, via case-specific discovery. To the extent AstraZeneca agrees to make productions of databases or systems, it will not re-produce data contained within those systems in response to case-specific discovery requests.

14. Because of the overly broad nature of these Requests, it is not possible for AstraZeneca to anticipate all possible grounds for objection with respect to any of the specific requests set forth therein. AstraZeneca reserves the right to supplement, correct, or clarify any of its responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review, or of any new or additional information that may become known to AstraZeneca in the future.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. AstraZeneca objects to Instruction No. 1 of these Requests to the extent it is intended to seek information or documents are protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure, or that are outside of AstraZeneca's possession, custody or control, in the possession of third parties, and/or in the public domain.

2. AstraZeneca objects to Instructions No. 2 through 8, 10, and 11 of these Requests to the extent they are overly broad, unduly burdensome, and intended to seek information or documents, or otherwise impose obligations upon AstraZeneca, beyond those permitted by the Federal Rules of Civil Procedure, Case Management Order No. 2, and/or any other Orders entered by the Court.

3. AstraZeneca objects to Instruction No. 2 of these Requests on the grounds that it is unduly burdensome. AstraZeneca has produced documents and information in formats that are fully searchable by Plaintiffs and therefore the burden of identifying such documents, or the location of such documents, is the same for Plaintiffs as it is for AstraZeneca.

4. AstraZeneca objects to the privilege log requirements imposed in Instruction No. 4 to the extent they attempt to impose obligations upon AstraZeneca that differ from or exceed those imposed by Case Management Order No. 2 and any subsequent agreements by the parties.

AstraZeneca will provide a privilege log containing sufficient information to allow Plaintiffs to evaluate AstraZeneca's privilege claims.

5. AstraZeneca objects to Instruction No. 8 on the grounds that the terms "Normalized form" and "Normalization" are undefined, vague and ambiguous, and to the extent it is intended to seek information or documents, or otherwise impose obligations upon AstraZeneca, beyond those permitted by the Federal Rules of Civil Procedure, specifically, Fed. R. Civ. P. 34; Case Management Order No. 2; and/or any other Orders entered by the Court.

6. AstraZeneca objects to the definition of "Seroquel" in Definition No. 6 as vague and overbroad. Per agreement reached between Stephen McConnell (Dechert LLP, Counsel for AstraZeneca) and Camp Bailey (Plaintiffs' Lead Counsel) on June 25, 2007, AstraZeneca defines "Seroquel" as "the antipsychotic drug quetiapine fumarate, in any form, including (but not limited to) the medication marketed and sold under the brand name Seroquel, any chemical equivalents, and any predecessor or non-final derivation of the drug marketed by any AstraZeneca entity."

7. AstraZeneca objects to the definition of "relevant period" in Definition No. 10 to the extent it is overly broad, unduly burdensome, and intended to seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. AstraZeneca will produce responsive information only through the date of the database extract. AstraZeneca objects to this Definition to the extent it purports to impose any obligation on AstraZeneca to update the database extracts and productions.

8. AstraZeneca objects to the definition of "Injuries" in Definition No. 12 to the extent it is overly broad, unduly burdensome, and intended to seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it includes Type I diabetes.

9. AstraZeneca objects to the definition of "Warning" in Definition No. 13 to the extent it is inconsistent with the use of that term by regulatory authorities or the pharmaceutical industry generally on the grounds that such discovery is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSES TO INDIVIDUAL REQUESTS FOR PRODUCTION OF DOCUMENTS**

AstraZeneca incorporates its General Objections into each of the responses that follows. Any specific objections set forth in the response are in addition to those objections and, unless otherwise specified, AstraZeneca's responses are limited in accordance with each of its objections. To the extent AstraZeneca offers to produce confidential information or documents, it will only do so subject to and in reliance upon the protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 1:**

 All relevant Seroquel and Seroquel related data from GEL (Global Electronic Library) including the tables and fields identified below, but not limited to those fields specified should either the producing party know of any other highly relevant data or the fields and tables specified have been superimposed with another data structure that stores its schema within the rows and data of the database itself as is the case with a Documentum database. For all documents previously produced, please provide a table or spreadsheet associating the document with the meta-data in acceptable formats listed below

  a. **GEL Document:** GEL Documents relative data

  b. **GEL Mail:** Documentum mail queue - table dmi_queue_item, including recipients email address (from the user_address attribute on the dm_user object).

  c. **Auditing:**

   i. Data relative to Documentum dm_audittrail.

   ii. All audits for register audits trial events in SliM docbase - types prefixed with "gel_".

   iii. Full Audit data for modification made after a document has been Approved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

 AstraZeneca objects to this Request on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrase "all relevant Seroquel and Seroquel related data" and "any other highly relevant data." AstraZeneca objects further to this Request on the grounds that it is unduly burdensome and seeks information or documents that are not reasonably calculated to lead to the discovery of admissible evidence.

 Subject to and without waiving its objections, AstraZeneca states it will produce Seroquel-related GEL documents from the United States and the "gel_document" fields for these documents, including the folder path for these materials. AstraZeneca will determine the most efficient and reasonable manner of production and will advise Plaintiffs whether it will produce responsive information in one of the methods specified in Instruction No. 9, or some alternate

method. Further, AstraZeneca has agreed to produce regulatory documents from GEL from the following foreign countries: Netherlands, Australia, Sweden, and Canada; AstraZeneca objects to producing any additional foreign information from GEL because the burden of extracting and producing such information far outweighs the marginal utility of such information.

The GEL database was discussed at the December 4-5, 2007 mediation. AstraZeneca expects those discussions to continue in the coming days and will participate in such discussions in good faith.

**REQUEST FOR PRODUCTION NO. 2:**

Plaintiff request the following tables and fields including any and all lookup table values stored in other tables in the database necessary to decipher codes and currently employed by AstraZeneca to do the same. Because there were no samples provided, we are requesting all fields from the table listed.

- a. Document Types: dm_sysobject, az_document, gel_document, gel_link_document, gel_support_document, gel_xml_fragment
- b. Folder Types:
    - i. gel_folder, gel_approval, gel_approval_cd, gel_approval_pi, gel_approval_pl, gel_approval_sl, gelcountry, gel_documentation_package, gel_event, gel_event_type
    - ii. gel_indication, gel_product, gel_drug_product, gel_drug_substance, gel_excipient, gel_formulated_drug, gel_medical_device, gel_mf_drug_product,
    - iii. gel_mf_drug_substance
    - iv. gel_mf_formulated_drug, gel_primary_package, gel_protective_package, gel_sales_pack, gel_secondary_package, get_starting_material, gel_region_gel_site
    - v. gel_authority_site, gel_mc_site
    - vi. gel_mfg_site, gel_supply_link, gel_therapy_area
- c. Rendition Information Table: pdf_rendition_queue
- d. GEL Migration: gel_migration_control

    e.    Document Grouping: gel_relation_category, gel_relation_detail, gel_event_action, gel_binding_option, gel_mandatory_for_doctype

    f.    Links Across Docbases: gel_link_management

    g.    Checked Out Documents: gel_checked_out_docs

    h.    Workflows (Electronic Approvals): gel_wf_performer, gel_wf_due_date, gel_wf_reject_task

    i.    PDF Concatenation: gel_lock_manager

    j.    Annotations meta-data and files with contest: No list of tables were made available.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

AstraZeneca objects to this Request insofar as it is duplicative of Request For Production Nos. 1 and 2, *supra*, and therefore cumulative and unduly burdensome. By way of further response, AstraZeneca incorporates its objections and responses to Request For Production No. 1, *supra*, as if set forth fully herein.

Dated: December 10, 2007        By: /s/ Kevin T. Kerns
                                             Dechert LLP
                                             Cira Centre
                                           2929 Arch Street
                                           Philadelphia, PA  19104-2808
                                           215-994-4000
                                           Counsel for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of December, 2007, I served the foregoing Responses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Plaintiffs' Request for Production of Documents via electronic mail upon the below-listed counsel and upon liaison counsel pursuant to CMO 1. Service on Plaintiffs' Liaison Counsel constitutes service on all unrepresented plaintiffs.

Paul J. Pennock, Esquire
Michael E. Pederson, Esquire
Weitz & Luxenberg, P.C.
180 Maiden Lane – 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
MPederson@weitzlux.com
***Plaintiffs' Lead Counsel***

Larry Roth, Esquire
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com
***Plaintiffs' Liaison Counsel***

Camp Bailey, Esquire
Michael W. Perrin, Esquire
Fletcher Trammell, Esquire
Bailey Perrin Bailey LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7240
cbailey@bpblaw.com
mperrin@pblaw.com
***Plaintiffs' Lead Counsel***

Dated: December 10, 2007

By: /s/ Colleen Casey Voshell
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
215-994-4000