# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation.

                                   Case No.  6:06-md-1769-Orl-22DAB

_____/

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| MOTION: | PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT WRITTEN QUESTION DEPOSITIONS OF CUSTODIANS OF RECORDS FOR "KEY OPINION LEADERS" AND FOR LEAVE TO CONDUCT ORAL DEPOSITIONS OF "KEY OPINION LEADERS" (Doc. No. 818) |
|---|---|
| FILED: | January 23, 2008 |

THEREON it is **ORDERED** that the motion is **GRANTED.**

| MOTION: | PLAINTIFFS' SUPPLEMENTAL MOTION FOR LEAVE TO CONDUCT WRITTEN QUESTION DEPOSITIONS OF CUSTODIANS OF RECORDS FOR "KEY OPINION LEADERS" AND FOR LEAVE TO CONDUCT ORAL DEPOSITIONS OF "KEY OPINION LEADERS" (Doc. No. 857) |
|---|---|
| FILED: | February 8, 2008 |

THEREON it is **ORDERED** that the motion is **GRANTED.**

Plaintiffs seek to serve subpoenas to the custodians of records for seven medical doctors characterized by Plaintiffs as "key opinion leaders" who served as principal or co-investigators or analyzed clinical trials involving Seroquel, were involved with papers and reports regarding Seroquel, promoted the prescription and use of Seroquel, presented information regarding use of

Seroquel including to the FDA or other regulators, consulted or participated on "advisory boards," or performed other services relating to Seroquel.  Plaintiffs seek to obtain their records in response to the subpoenas, to obtain the testimony of the custodian under the written question depositions, and if they deem appropriate, to take the oral deposition testimony of one or all of the key opinion leaders.

Plaintiffs contend that the role of "key opinion leaders" in the promotion of the drug and in disseminating "learned opinions" concerning drugs and medical issues is related, under Plaintiffs' theory of the case, to how AZ contacted agents and promoted off-label use of the product and dealt with criticism on the diabetes and related issues.

AZ opposes the Motion, contending that Plaintiffs in effect want to take two depositions of each of the seven physicians because the physicians are individuals and not business entities and "no doubt [will] have to be their own 'custodians.'"  Doc. No. 851.  AZ argues the Court should deny Plaintiffs' motion, but allow Plaintiffs to use Rule 45 subpoenas to obtain documents from the physicians, and Plaintiffs may additionally take the oral depositions of these physicians if necessary. AZ contends the procedure proposed by Plaintiffs is unreasonably burdensome and cumulative for AZ because AZ must submit its cross- and re-cross questions before knowing how the witness has answered the questions put to him/her on direct examination.

AZ further argues Plaintiffs' proposed written deposition questions are overbroad, vague, and searching.  An example of a question AZ cites as overbroad is "Please tender at this time all records identified . . . . Have you complied? If not, why not?"  Doc. No. 851 at 3.  Because AZ "cannot possibly anticipate how a physician might answer such an open-ended 'why' query," AZ argues it cannot "hope to develop a cross-examination question on point."  AZ also contends the questions are "rife with ambiguity" exemplified by such words as "served," "destroy," "lost, destroyed, or

otherwise disposed of," "last custodian," etc.   AZ almost completely ignores the fact that the deposition on written questions is directed to a *records custodian*.   Moreover, "besides propounding cross questions and redirect questions, parties may object to questions propounded by others."  8A Charles Alan Wright, Arthur R. Miller & Richard Marcus, Federal Practice and Procedure: Civil 2d § 2131 (1994).  "Service of such objection preserves the objections, but does not itself provide a basis for quashing the notice of deposition."  *Id*.

Although depositions on written questions under Rule 31 are generally regarded as more cumbersome than an oral examination and are rarely used for that reason, it is presumptively Plaintiffs' prerogative to use this discovery tool if they wish.

AZ also argues that Plaintiffs are really seeking to depose the same person twice, because the records custodian for the physician is the same as the physician, but they have offered no proof that the physician is the records custodian.  The authors of the Federal Practice and Procedure Treatise opine that there is not a prohibition on a second deposition where the initial deposition was taken under Rule 31, which is less taxing – and, in this case, may not even be the same person as the records custodian.  *Id*. § 2132 n.1.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record