**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation.**                                                                           **Case No.  6:06-md-1769-Orl-22DAB**
_____/

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NONPARTY PAREXEL MMS (Doc. No. 871)**
>
> **FILED:**      February 21, 2008
> _____
>
> **THEREON** it is **ORDERED** that the Motion is **GRANTED** in part.

Following motion practice on non-party[1] Parexel's reluctance to produce documents to Plaintiffs, the parties previously reached agreement as to production of documents from Parexel by March 4, 2008.  Doc. No. 753.  On February 20, 2008, Parexel notified Plaintiffs that it did not intend to produce all of the documents sought by the agreed-to date of March 4, 2008, but needed an additional eight to ten weeks longer.  Plaintiffs filed the instant motion, Parexel filed a Response (Doc. No. 881), and the matter came on for hearing on March 11, 2008.  Doc. No. 892.

The parties had agreed to a two-stage production process.  Doc. No. 753.  Parexel would produce certain documents in January 2008 which would allow Plaintiffs a better understanding of the Seroquel-related projects Parexel performed for AstraZeneca.  On February 4, 2008, Plaintiffs would provide a list to Parexel of projects for which it sought documents, and on

---

[1] Parexel MMS has since been named, but not yet served, as a defendant in the related Payor cases consolidated under Case No. 07-cv-5000-Orl-22DAB.

March 4, 2008, Parexel would produce the documents for the projects on Plaintiffs' list. Doc. No. 753.

At the hearing, Plaintiffs argued that, if Parexel is allowed an extension until May, then by the time Parexel produces the documents, the depositions will have already been taken. Parexel in response contends that it only has six people who can review and produce the documents and to produce the documents from the last 152 projects[2] identified by Plaintiffs is physically impossible; the documents sought are duplicative of those produced by AstraZeneca, and Parexel could finish the production by May 13, 2008.

It is **ORDERED** as follows:

1. Parexel shall produce the documents from any projects that it has ready as of the date of this Order immediately; Parexel shall produce the documents from at least 50 of the remaining unproduced projects by March 17, 2008 at the latest.

2. Parexel shall produce the documents from 50 more of the unproduced projects by March 24, 2008.

3. Parexel shall produce the documents from the last 52 unproduced projects by March 31, 2008, which shall complete the entire production.

4. To the extent Plaintiffs can prioritize the projects they seek in the production, they must provide the list of priorities one week prior to the date of the next production; otherwise Parexel may prioritize the production as it sees fit.

---

[2]Plaintiffs contend the initial list of 500 projects was narrowed to 200; Parexel contends it swiftly produced the documents from 48 projects, expecting the list to shrink so that the rest could be produced quickly, when Plaintiffs then requested the remaining 152 of 200 projects be produced. The Court need not resolve this discrepancy because there is no dispute that Plaintiffs are entitled to the documents from the remaining 152 projects.

**DONE** and **ORDERED** in Orlando, Florida on March 12, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record