UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769

This document relates to:

GILBERT GEE, as personal representative of the estate
of Mildred Gee v. ASTRAZENECA LP, et al.
Case No. 6:07-cv-00325

CHRISTINA MCGRATH v. ASTRAZENECA LP, et al.
Case No. 6:07-cv-01399

_____

ASTRAZENECA'S MOTION TO DISMISS THE CASES
OF GILBERT GEE AND CHRISTINA MCGRATH

AstraZeneca LP and AstraZeneca Pharmaceuticals LP (collectively

"AstraZeneca") hereby move this Court to dismiss with prejudice the cases of Florida

Plaintiffs Gilbert Gee and Christina McGrath.

Mr. Gee has never submitted any PFS whatsoever.

Ms. McGrath served an *unverified* PFS that not only was missing a good

deal of fundamental information, but also was unaccompanied by the required signed

medical records authorization.  Despite multiple requests, she has failed to supplement

her PFS or cure these clear deficiencies.

AstraZeneca respectfully requests that the Court dismiss the claims of

these plaintiffs with prejudice.

**MEMORANDUM OF LAW**

I.     **RELEVANT BACKGROUND**

    A.     **Procedural History**

Magistrate Judge Baker's November 16, 2007 Report and Recommendation set forth a proposed schedule for the discovery of all MDL cases determined to be properly venued in Florida.  *See* MDL Doc. No. 695.  Among other things, the Recommendation directed all Florida Plaintiffs to serve AstraZeneca with materially complete PFSs by January 15, 2008.  *Id.* at ¶ C.  The Recommendation also directed AstraZeneca to identify the Florida Plaintiffs who had not served materially complete PFSs.  *Id.* at ¶ B.  On December 14, 2007, AstraZeneca filed a Notice that specifically identified the deficiencies of each Florida Plaintiff's PFS.  *See* AstraZeneca's Notice of Filing of List of Florida Plaintiffs with Materially Deficient Plaintiff Fact Sheets, MDL Doc. No. 740 ("Notice").  This Notice showed that Mr. Gee had not submitted any PFS at all, and that Ms. McGrath's PFS was extraordinarily deficient.  *Id.* AstraZeneca also informed Mr. Gee's counsel by letter that it had not received a PFS from him, and it sent two letters to Ms. McGrath's counsel detailing the deficiencies in her PFS.

On December 21, 2007, Magistrate Judge Baker issued an Amended Report and Recommendation, but did not alter the January 15, 2008 deadline for service of materially complete PFSs.  *See* MDL Doc. No. 759 at ¶ C.  On January 11, 2008, the Court adopted the Amended Report and Recommendation, with some modifications, as CMO No. 5.  *See* MDL Doc. Nos. 791, 792.  The Court expressly acknowledged that the

Florida Plaintiffs had been on notice since November 16, 2007 that they would be required to serve materially complete PFSs by January 15, 2008, and stated that AstraZeneca could seek leave to move to dismiss the case of any Florida Plaintiff who failed to meet that deadline.  CMO No. 5, MDL Doc. No. 792 at ¶ 2.

**B.      These Plaintiffs' Deficiencies**

Gilbert Gee *has not served any PFS whatsoever.*  Thus, he is in clear violation not only of CMO No. 5, but also of CMO No. 2.[1]  AstraZeneca sent a letter to Mr. Gee's counsel on November 27, 2007 (attached as Exhibit A), notifying him that Mr. Gee's PFS was overdue and informing him that AstraZeneca would move to dismiss Mr. Gee's case if he failed to serve a PFS.  Since Mr. Gee still has not served a PFS, his case should be dismissed.

Christina McGrath submitted  a PFS that is functionally no better than no PFS at all.  Her PFS was not verified, it was not accompanied by a signed medical authorization, and instead of providing substantive answers, she answered a multitude of key questions with the phrase "will supplement."  Among other things, Ms. McGrath's PFS omitted:

- her city of birth;
- the name of her high school;
- the name of her current and past employers and dates of unemployment;
- *her alleged injury* and the date on which she was diagnosed with her alleged injury;

---

[1]      Mr. Gee filed his complaint in the Middle District of Florida on March 9, 2007. According to CMO No. 2, his PFS was due 45 days later – on April 23, 2007.  *See* MDL Doc. No. 129.

- the expenses she alleges she incurred from using Seroquel;

- her dispensing pharmacies;

- her current height and weight;

- her medical history;

- the names of any fact witnesses;

- the names of her insurers;

- information about workers' compensation, social security, or disability claims;

- whether she has filed any prior legal actions; and

- whether she has any prior criminal convictions.[2]

AstraZeneca sent letters to Ms. McGrath's counsel on November 20, 2007 and December 13, 2007 that detailed all of Ms. McGrath's PFS deficiencies, but Ms. McGrath has never supplemented her PFS or otherwise cured the deficiencies.[3]

## II.    ARGUMENT

As this Court recognized in *Lostetter-Warsame v. AstraZeneca LP*, No. 6:07-cv-12179-Orl-22-DAB (M.D. Fla., Order filed Dec. 7, 2007, Doc. No. 15) (hereafter "*Warsame*"), PFS questions are standardized interrogatories. Deficient responses -- answers left blank, or marked "will supplement," "not applicable," or "do not recall" – are contrary to the requirements of the Federal Rules and CMO No. 2. A materially

---

[2]    AstraZeneca has not attached Ms. McGrath's PFS as an exhibit to this motion because what little information it does contain mainly relates to the identity of her medical providers, and is thus confidential. AstraZeneca will submit Ms. McGrath's PFS to the Court under seal if the Court wishes to review it.

[3]    AstraZeneca has not attached the deficiency letters as exhibits to this motion because they contain confidential information about Ms. McGrath. AstraZeneca will submit these deficiency letters to the Court under seal if the Court wishes to review them.

complete PFS is one in which all applicable questions are answered as Rule 33 requires –
that is, in a manner that is responsive, full, complete, and unevasive.  *See Essex Builders
Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005).

      Both Mr. Gee's failure to submit any PFS at all and Ms. McGrath's
extraordinarily deficient PFS manifest a willful disregard of this Court's orders.
AstraZeneca has repeatedly requested PFSs from these plaintiffs and, of course, the Court
has entered several orders requiring plaintiffs to submit complete PFSs.  Plaintiffs Gee
and McGrath, however, have thumbed their noses at AstraZeneca and the Court.

      Plaintiffs' inexcusable disregard of their discovery obligations has greatly
prejudiced AstraZeneca.  AstraZeneca was supposed to have available to it enough
information about all the Florida-plaintiff cases to allow a meaningful selection of cases
for the Discovery Pool and, later, the Initial Trial Pool.  *See* CMO No. 5, MDL Doc. No.
792. By withholding information from AstraZeneca, these plaintiffs have made it
impossible for AstraZeneca to evaluate their claims.

      The problems created by incomplete and non-substantive PFS responses
have been ongoing for some time.  As long ago as the May 22, 2007 pretrial conference,
Magistrate Judge Baker explained: "If [the Plaintiffs] don't cure it, it's going to get
dismissed."  Pretrial Conference Tr. 40:7-8, May 22, 2007.  Since then, the Court has
dismissed over a thousand cases of plaintiffs who failed to provide verified PFSs with
signed medical authorizations.

      The time has come to dismiss the Gee and McGrath cases.  AstraZeneca
respectfully requests that the Court grant its motion to dismiss with prejudice the cases of

Gilbert Gee, as personal representative of the estate of Mildred Gee; and Christina

McGrath.

Respectfully submitted,

Dated:  March __, 2008

/s/ *Fred T. Magaziner*

Fred T. Magaziner
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP
and AstraZeneca LP

## CERTIFICATE OF SERVICE

I hereby certify that, on March __, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants listed below.

Dean F. Mosley, Esq.
Law Office of Dean F. Mosley
150 N. Orange Avenue Ste. 405
Orlando, FL  32801
Telephone: (407) 649-7111

Robert A. Schwartz, Esq.
Bailey & Galyen
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744
bschwartz@galyen.com

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL  32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com
*Plaintiffs' Liaison Counsel*

/s/ *Shane Prince*

# EXHIBIT A



**Dechert**
LLP

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax
www.dechert.com

MARGARET S. OSBORNE

margaret.osborne@dechert.com
+1 215 994 2229 Direct
+1 215 655 2229 Fax

November 27, 2007

**VIA FACSIMILE & FIRST-CLASS MAIL**

Dean F. Mosley, Esq.
Mosley & Mosley, P.A.
20 N. Orange Ave., Suite 807
Orlando, FL 32801

Re:     In re: Seroquel Products Liability Litigation (MDL Docket No. 1769) –
        Notice of Overdue Discovery

        Gilbert Clinton Gee, as Personal Representative of the Estate of Mildred Gee v.
        AstraZeneca LP, et al.
        MDL Case No. 6:07-cv-00325-ACC-DAB

Dear Counsel:

I am writing to inform you that our records indicate that the Plaintiff Fact Sheet in the above-
captioned case is overdue.  The case was filed after January 31, 2007 and was docketed in the
MDL more than 45 days ago.  To date, however, our records indicate that we have not received a
Plaintiff Fact Sheet for Mildred Gee.  Therefore, in accordance with CMO No. 2, paragraph I(B),
the Plaintiff Fact Sheet for the case listed above is overdue.

If a response is still due in this case, please provide the requisite information within twenty (20)
days to Marjorie Shiekman, Esquire, Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia,
PA 19104, or fax to (215) 655-2019.  Alternatively, the Plaintiff Fact Sheet can be electronically
mailed to seroquelpfs@dechert.com.  If a completed Plaintiff Fact Sheet is not served within that
time period, AstraZeneca will move for dismissal pursuant to Case Management Order No. 2, and
the case may be dismissed by the Court.  If you have already submitted a response in this case,
please let me know.

Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton  San Francisco  Washington DC
Brussels  Frankfurt  London  Luxembourg  Munich  Paris



Dean F. Mosley, Esq.
Page 2

If you have any questions, please contact me.  Thank you for your cooperation in this matter.

Sincerely,

Margaret S. Osborne

MSO:ew

<table>
<tr><td>JOB STATUS REPORT</td></tr>
</table>

```
TIME  : 11/27/2007 10:42
NAME  : DECHERT LLC
FAX#  : 2159942000
TEL#  :
SER.# : 000005090583
```

```
DATE,TIME        11/27  10:40
FAX NO./NAME     914078944284
DURATION         00:01:38
PAGE(S)          03
RESULT           OK
MODE             STANDARD
                 ECM
```

# Dechert
LLP

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

## FAX TRANSMISSION SHEET

| DATE | November 27, 2007 | | |
|------|-------------------|---|---|
| TO | Dean F. Mosley, Esquire<br>Mosley & Mosley, P.A. | TEL<br>FAX | 407.894.4282<br>407.894.4284 |
| FROM | Margaret S. Osborne | TEL<br>FAX | +1 215 994 2229<br>+1 215 655 2229 |
| EMAIL | margaret.osborne@dechert.com | | |
| TOTAL NUMBER OF PAGES, INCLUDING<br>THIS COVER SHEET | | 3 | |

**IF ALL PAGES ARE NOT RECEIVED,**
**PLEASE CALL +1 215 994 4000**

**OPERATOR**

**TIME OF TRANSMISSION**

**CONFIDENTIALITY NOTE**
The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that you should not further disseminate, distribute or copy this message. In addition, if you have received this message in error, please notify us immediately by collect telephone call and return the original message to us at the above address via the United States Postal Service. Thank you.

## MESSAGE

Please see the attached.



Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

## FAX TRANSMISSION SHEET

| | | | |
|---|---|---|---|
| **DATE** | November 27, 2007 | | |
| **TO** | Dean F. Mosley, Esquire<br>Mosley & Mosley, P.A. | **TEL**<br>**FAX** | 407.894.4282<br>407.894.4284 |
| **FROM**<br><br>**EMAIL** | Margaret S. Osborne<br><br>margaret.osborne@dechert.com | **TEL**<br>**FAX** | +1 215 994 2229<br>+1 215 655 2229 |
| **TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET** | | 3 | |

**IF ALL PAGES ARE NOT RECEIVED,
PLEASE CALL +1 215 994 4000**

**OPERATOR**

**TIME OF TRANSMISSION**

**CONFIDENTIALITY NOTE**
The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that you should not further disseminate, distribute or copy this message. In addition, if you have received this message in error, please notify us immediately by collect telephone call and return the original message to us at the above address via the United States Postal Service. Thank you.

## MESSAGE

Please see the attached.