UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re Seroquel Products Liability Litigation

MDL Docket No. 1769

This Document Relates to All Cases

DECLARATION OF ROBERT PASS
IN SUPPORT OF ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION TO
COMPEL IDENTIFICATION AND PRODUCTION OF "INTERMEDIATE DATA"
FROM ASTRAZENECA'S GEL DATABASE

My name is Robert Pass, and I declare:

1. I am an attorney admitted to practice in Florida. I am a member of the law firm Carlton Fields, attorneys for defendant AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") in the above-captioned matter. I make this declaration in support of AstraZeneca's Opposition To Plaintiffs' Motion To Compel Identification And Production Of "Intermediate Data" From AstraZeneca's GEL Database. I am familiar with the matters stated herein, based on my personal knowledge, and could and would testify competently thereto under oath.

2. Since early October 2007, I have been actively involved in AstraZeneca's interactions on the subject of electronically stored information ("ESI") with Mr. Craig Ball, the Court's appointed Special Master-Electronically Stored Information ("the "SM-ESI"). I was designated by AstraZeneca as "lead attorney" liaison to the SM-ESI, in accordance with the

Court's September 27, 2007 Order (Doc. No. 511), requiring that AstraZeneca make such a designation.

3. On November 5, 2007, Plaintiffs served AstraZeneca with requests for production of Seroquel-related data from AstraZeneca's Global Electronic Library ("GEL") database. A true and correct copy of Plaintiffs' Request for Production No. 8 is attached hereto as Exhibit A.

4. Throughout November 2007, the parties and the SM-ESI had extensive discussions about the GEL database.

5. On December 12, 2007, at the direction of the SM-ESI, AstraZeneca described to the SM-ESI a potential plan to search for and identify relevant, Seroquel-related drafts that are no longer housed on GEL but exist elsewhere, as reflected in AstraZeneca's Submission to SM-ESI Regarding Identification and Production of GEL drafts, a true and correct copy of which is attached as Exhibit. B. AstraZeneca proposed to focus on drafts of specific categories of GEL documents deemed relevant or likely to lead to the discovery of relevant evidence, rather than on all documents currently housed on GEL regardless of relevance.

6. In January 2008, AstraZeneca engaged in discussions with the SM-ESI, and considered his comments, to finalize its proposal for identification and production of additional relevant draft documents that may have existed at one time on the GEL database. AstraZeneca discussed GEL-related issues separately with the SM-ESI on a number of occasions and on every weekly call with the SM-ESI and plaintiffs in January 2008 except one (at which the issue was merely deferred). *See* Agendas for Weekly SM-ESI Calls, true and correct copies of which are attached hereto as Exhibits C, D, and E; Emails from SM-ESI to plaintiffs' and defendants'

counsel dated January 21, 2008, and January 24, 2008, true and correct copies of which are attached hereto as Exhibits F and G.

7. On January 28, 2008, AstraZeneca presented its GEL proposal to plaintiffs. *See* AstraZeneca's Proposed Plan for Reasonable Identification and Production of Material Seroquel "GEL Drafts" ("Proposed Plan"), a true and correct copy of which is attached hereto as Exhibit H. The plan seeks to identify GEL users (beyond the 103 key custodians whose files have already been produced in this litigation) that may have Seroquel-related GEL drafts and to collect and produce responsive materials in their files. The plan identifies seven "key" categories of GEL documents that AstraZeneca reasonably expected may involve materials relevant to plaintiffs' claims to facilitate the identification and production of document drafts in those categories. The plan entails interviews of AstraZeneca employees involved in preparation of these regulatory and safety documents, to identify both the location of any drafts that may exist and the names of additional employees likely to have had substantive drafting input.

8. Plaintiffs have admitted that "GEL likely contains documents in which plaintiffs have no interest …". February 5, 2008 Email from Canty to Pass, a true and correct copy of which is attached hereto as Exhibit I.

9. AstraZeneca offered plaintiffs the opportunity – after reviewing documents produced from GEL under the March 14 production – to request any specific draft they believe would be relevant and central to their case but which has not been produced. *See* Proposed Plan at 5; AstraZeneca's Reply to Canty Email Regarding GEL, a true and correct copy of which is attached hereto as Exhibit J.

10. AstraZeneca has commenced the implementation of its Plan and remains willing to entertain plaintiffs' suggestions.

11. On February 12, 2008, the SM-ESI directed AstraZeneca to identify all available backup tapes containing GEL materials, and directed both AstraZeneca and plaintiffs to propose a sampling protocol to determine whether additional relevant drafts exist. *See* February 12, 2008 Email from SM-ESI to Pass, a true and correct copy of which is attached hereto as Exhibit K.

12. On February 20 and 28, 2008, AstraZeneca identified backup tapes containing GEL materials. *See* February 20 and 28, 2008 Emails from Kerns to Canty et al., true and correct copies of which are attached hereto as Exhibit L.

13. While AstraZeneca was developing that SM-ESI-directed proposal, Plaintiffs filed their Motion To Compel Identification And Production Of "Intermediate Data" From AstraZeneca's GEL Database on February 27, 2008.

14. On February 29, 2008, AstraZeneca provided the SM-ESI with its protocol for sampling of the backup tapes. A true and correct copy of AstraZeneca's Sampling Protocol Regarding GEL Backup Tapes is attached hereto as Exhibit M.[1] Later that evening, plaintiffs provided the SM-ESI and AstraZeneca with their proposed sampling protocol. *See* February 29 Email from Canty to Pass, a true and correct copy of which is attached as Exhibit N. On March 3, 2008, AstraZeneca provided the Sampling Protocol to plaintiffs. *See* March 3, 2008 Email from Bogdonoff to Canty, a true and correct copy of which is attached as Exhibit O. After input from the SM-ESI and further work by AstraZeneca, on March 7, 2008, AstraZeneca provided the SM-ESI and plaintiffs a revised version of that Protocol and a response to plaintiffs' protocol, a true

---

[1] Exhibit M contains redactions of potentially sensitive technical information.

and correct copy of which is attached hereto as Exhibit P,[2] and advised plaintiffs and the SM-ESI that AstraZeneca has begun implementing that protocol.

15.  On March 12, 2008, plaintiffs submitted their response to AstraZeneca's revised protocol. A true and correct copy of Plaintiffs' response is attached hereto as Exhibit Q.

I declare under penalty of perjury under the laws of the United States and the laws of the state of Florida that the foregoing is true and correct to the best of my knowledge.

Dated: March 17, 2008

_____
Robert Pass

---

[2] Exhibit P contains redactions of potentially sensitive technical information.