FILED
April 4, 2008 11:42 AM
Date                Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

A CERTIFIED TRUE COPY
ATTEST
By April Layne on Apr 04, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 04, 2008

FILED
CLERK'S OFFICE

IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION
Mabel M. Hensley, etc. v. Astra Pharmaceuticals, L.P., et al., )
   S.D. Indiana, C.A. No. 1:07-596 )
Pedro Garza, Jr., etc. v. AstraZeneca Pharmaceuticals, LP, ) MDL No. 1769
   N.D. Texas, C.A. No. 3:07-1987 )

## TRANSFER ORDER

**Before the entire Panel**[*]: Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively AstraZeneca) move, pursuant to 28 U.S.C. § 1407(c), to transfer two actions to the Middle District of Florida for inclusion in MDL No. 1769. Neither plaintiff responded to the motion.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Middle District of Florida, and that transfer of these actions to the Middle District of Florida for inclusion in MDL No. 1769 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Middle District of Florida was a proper Section 1407 forum for actions involving claims of injury related to the prescription drug Seroquel. *See In re Seroquel Products Liability Litigation*, 447 F.Supp.2d 1376 (J.P.M.L. 2006).

The actions in MDL No. 1769 primarily involve allegations of the onset of diabetes, hyperglycemia or related disorders, or the risk of such conditions, following ingestion of Seroquel. Plaintiffs in the two actions now before the Panel allege that Seroquel caused neuroleptic malignant syndrome (NMS); however, given that at least some claims related to NMS are already pending in MDL No. 1769, and, to date, AstraZeneca has identified only the present two outlying actions that involve NMS and no other condition, inclusion of these two actions in MDL No. 1769 is appropriate. Moreover, plaintiffs in the two actions have not responded to the motion and apparently acquiesce to inclusion of their claims in MDL No. 1769. The transferee judge is well situated to determine the degree that these plaintiffs' claims will benefit from centralized pretrial proceedings with the claims in the actions pending in MDL No. 1769. It may be, on close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions

---

[*] Judge Scirica took no part in the decision of this matter.

- 2 -

appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Anne C. Conway for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |