# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation.**

**Case No. 6:06-md-1769-Orl-22DAB**

_____/

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR IDENTIFICATION AND PRODUCTION OF INTERMEDIATE DATA FROM ASTRAZENECAS' GEL DATABASE (Doc. No. 877)** |
| **FILED:** | **February 27, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. The parties and Special Master are **directed** to follow the process and requirements as set forth at the April 10, 2008 hearing. The parties are **ORDERED** to file their legal briefs as to AstraZeneca's duties to preserve documents by 5:00 p.m. on April 15, 2008.

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO LODGE CONFIDENTIAL MATERIAL (Doc. No. 925)** |
| **FILED:** | **April 4, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED.**

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (Doc. No. 937)** |
| **FILED:** | **April 8, 2008** |

**THEREON it is ORDERED that the motion is GRANTED. Provided, however, this extension in no way relieves the parties of other obligations and deadlines set forth in CMO #5. Further, this extension shall not be the basis for seeking relief from that Order. In particular, the parties are reminded that the deadlines for filing of dispositive motions is NOT extended.**

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY FOR PHYSICIAN DISCOVERY IN FLORIDA DISCOVERY POOL CASES (Doc. No. 938)** |
| **FILED:** | **April 8, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**. The parties are directed to file by April 14, 2008 at 5:00 p.m. their Joint Proposal for accommodating the delay in the physician depositions.

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO AMEND/CORRECT CMO #1 (Doc. No. 936)** |
| **FILED:** | **April 8, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED.**

CMO #1 is amended as follows:

A. Status Conferences. Status conferences shall be held approximately every 6 weeks, on a date selected by the Court, or at such other time as the Court may order.

B. Issues Not Subject of Pending Motions. At least 7 business days prior to the conference, Lead Counsel for the parties shall exchange proposed agendas listing every issue that is not the subject of a pending motion but that the parties might raise at the conference. The proposed agenda items shall be listed with enough detail and specificity that the opposing party will be able to meaningfully consider each issue. The parties shall thereafter engage in a meaningful "meet and confer" on each issue in order to try to resolve it in good faith. If an issue is not resolved, the parties may include it on the joint agenda for the status conference, with enough detail and specificity that the Court will understand the nature of the dispute. The parties may, but shall not be required to, submit at the same time as the joint agenda their separate statements of their positions on said issues. No attorney for any party shall attempt to present to the Court at any status conference any issue that has not been subject to the process described above.

C. Joint Agenda. Not less than 3 business days prior to the conference, the parties shall submit a joint agenda that reports on the number of cases in the MDL and the number tagged for transfer, that lists all motions that have been fully briefed, and that identifies all other issues in accordance with paragraph B, above.

D. If the parties agree that they would like the Court to take any action, the joint agenda shall so state.

E. The agenda is intended to inform the Court of matters that the parties desire to raise at the status conference, and the Court may amend or augment its agenda as it deems appropriate.

The Report and Recommendation No. 5 by Case-Specific Discovery Special Master (Doc. No. 934) is adopted as follows:

1. Initial Review by the Special Master: Subject to Paragraph 4 and except for potentially dispositive motions, Plaintiffs and Defendants shall not, by motion, argument, or otherwise, present to the Court a dispute relating to Case-Specific Discovery under CMO 4 or CMO 5 in an individual case or in any groups of cases (a "Case-Specific Dispute") without having first presented the dispute to the Special Master for resolution.

2. Procedures for Each Issue Presented: The Special Master shall determine the procedures necessary for each Case-Specific Dispute presented to the Special Master. Certain such matters may require urgent resolution, while others may benefit from further discussion and argument. In some instances, the Special Master shall receive the positions of each party in writing by email and hear argument on each matter by telephone conference, either in the weekly status calls or in specially-called telephone conferences. Unless the matter requires additional time or is placed on a different argument or fact-gathering schedule, the Special Master shall resolve each Case-Specific Dispute presented to him relating to Case-Specific discovery within ten days of its initial presentation.

3. Manner of Resolution: Each Case-Specific Dispute presented to the Special Master shall be resolved either by agreement by Plaintiffs and Defendants, or by a Report and Recommendation issued by the Special Master reflecting the Special Master's decision on the issue. Plaintiffs and Defendants may then pursue whatever procedure they wish before the Court relating to any such Report and Recommendation, but unless and until the Report and Recommendation is altered by the Court, the Parties shall observe the determinations made in such Report and Recommendation.

4. Presentation to the Court Without Special Master Review: If Plaintiffs or Defendants determine that: (a) they do not wish to present to the Special Master a Case-Specific Dispute, but instead wish to present it directly to the Court; or (b) they believe that a particular issue does not constitute a Case-Specific Dispute subject to Paragraph 1, the party making such determination shall provide opposing counsel with no less than seven business days' notice of such determination and of the nature and substance of the issue, before the matter is presented to the Court by motion, argument, or otherwise, unless Plaintiffs and Defendants otherwise agree.

**DONE** and **ORDERED** in Orlando, Florida on April 10, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record