FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

03 OCT 20  PM 1: 30

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

SUSAN ZEHEL-MILLER, as next friend,
Parent and guardian to Vallent Zehel, a minor;
REBAJEAN SIMMONS; KERRY DIXON;
and THERESA HOLSTED; individually
and on behalf of those similarly situated,

    Plaintiffs,

v.

ASTRAZENACA, PLC;
ASTRAZENACA PHARMACEUTICALS, LP,

    Defendants.
              /

Case No. 6: 03cv1258

JURY TRIAL REQUESTED

---

**ANSWER AND AFFIRMATIVE AND/OR SEPARATE DEFENSES OF**
**ASTRAZENECA PHARMACEUTICALS LP TO PLAINTIFFS' COMPLAINT**

  Defendant AstraZeneca Pharmaceuticals LP (hereinafter "AstraZeneca"), erroneously

named herein as "AstraZenaca Pharmaceuticals, LP," answers plaintiffs' Complaint as follows:

### I. Jurisdiction and Venue

  1.  AstraZeneca states that the allegations of paragraph 1 call for legal conclusions to

which no response is required.  To the extent that the allegations are construed as factual

allegations, AstraZeneca admits that this Court has subject matter jurisdiction of this action.

  2.  AstraZeneca denies that the purported class "has an undivided interest in

obtaining injunctive and equitable relief," or any other relief, from AstraZeneca.  To the extent

that the allegations are construed as factual allegations, AstraZeneca admits that this Court has

subject matter jurisdiction of this action.

  3.  AstraZeneca states that the allegations of paragraph 3 call for legal conclusions to

which no response is required.  To the extent that the allegations are construed as factual



TPA#1857934.2

allegations, AstraZeneca states that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 3, and therefore denies same.

## II. **Parties**

4.       AstraZeneca denies that its sales representatives promoted SEROQUEL® (quetiapine fumarate) to Plaintiff Zehel-Miller's physician for off-label use.  AstraZeneca further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 4, and therefore denies same.

5.       AstraZeneca states that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 5, and therefore denies same.

6.       AstraZeneca states that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 6, and therefore denies same.

7.       AstraZeneca states that it lacks knowledge or information sufficient to admit or deny the allegations of paragraph 7, and therefore denies same.

8.       AstraZeneca denies that it is a Delaware corporation and states that it is a Delaware limited partnership with its principal place of business in Delaware.  AstraZeneca admits that it distributes, markets, and sells SEROQUEL® (quetiapine fumarate), a prescription medication, in the State of Florida and elsewhere in the United States.  AstraZeneca further states that Zeneca Inc. launched SEROQUEL® (quetiapine fumarate) in the United States, but also states that Zeneca Inc. no longer has any involvement with SEROQUEL® (quetiapine fumarate) and has transferred all of its pharmaceutical assets and liabilities to AstraZeneca Pharmaceuticals LP.  AstraZeneca further states, upon information and belief, that AstraZeneca PLC is a U.K. PLC headquartered in London, and that AstraZeneca PLC was formed in 1999 as a result of the merger between Zeneca Group PLC and Astra AB.  AstraZeneca denies that AstraZeneca PLC

undertook any of the actions listed in the allegations of paragraph 8 and that AstraZeneca PLC has any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies any remaining allegations of paragraph 8.

9.      AstraZeneca denies the allegations of paragraph 9.

## III. Facts

10.      AstraZeneca admits that there have been reports of diabetes in people with schizophrenia and other ailments who were treated with SEROQUEL® (quetiapine fumarate), but denies that SEROQUEL® (quetiapine fumarate) causes diabetes. AstraZeneca denies any remaining allegations of paragraph 10.

11.      AstraZeneca admits that, pursuant to licensure by the Food and Drug Administration ("FDA"), it developed, manufactures, markets, promotes, and sells SEROQUEL® (quetiapine fumarate). AstraZeneca denies that AstraZeneca PLC undertook any of the actions listed in the allegations of paragraph 11 or had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies any remaining allegations of paragraph 11.

12.      AstraZeneca admits the allegations of paragraph 12 to the extent that they are directed to SEROQUEL® (quetiapine fumarate). The remaining allegations are directed to medications other than SEROQUEL® (quetiapine fumarate) and, therefore, AstraZeneca makes no response to same.

13.      AstraZeneca denies the allegations of paragraph 13.

14.      AstraZeneca admits that the FDA approved SEROQUEL® (quetiapine fumarate) in 1997 and denies the remaining allegations of paragraph 14.

15.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, labels, packages, distributes, supplies, markets, advertises, and sells SEROQUEL® (quetiapine fumarate) in the United States, including the State of Florida.  AstraZeneca denies that it dispenses SEROQUEL® (quetiapine fumarate), and states that SEROQUEL® (quetiapine fumarate) is dispensed by pharmacies pursuant to prescriptions written by physicians. AstraZeneca denies that AstraZeneca PLC undertook any of the actions listed in the allegations of paragraph 15 or had any involvement with SEROQUEL® (quetiapine fumarate).  AstraZeneca further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16.     AstraZeneca admits that, pursuant to licensure by the FDA, it designed, tests, manufactures, labels, packages, distributes, supplies, markets, advertises, and sells SEROQUEL® (quetiapine fumarate).  AstraZeneca denies that it caused plaintiffs to ingest SEROQUEL® (quetiapine fumarate).  AstraZeneca denies that AstraZeneca PLC undertook any of the actions listed in the allegations of paragraph 16 or had any involvement with SEROQUEL® (quetiapine fumarate).  AstraZeneca further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 16, and therefore denies same.

17.     AstraZeneca admits that, as the FDA has concluded, SEROQUEL® (quetiapine fumarate) is safe and effective when prescribed and used in accordance with the FDA-approved labeling.  AstraZeneca further admits that, pursuant to licensure by the FDA, it promotes SEROQUEL® (quetiapine fumarate) in accordance with the FDA-approved prescribing information.  AstraZeneca denies any remaining allegations of paragraph 17.

18.     AstraZeneca denies the allegations of paragraph 18.

19.     AstraZeneca denies that the allegations of paragraph 19 fully and accurately describe the purpose for which physicians prescribe SEROQUEL® (quetiapine fumarate) or the pharmacodynamics of the medication.  AstraZeneca denies any remaining allegations of paragraph 19.

20.     AstraZeneca denies that the allegations of paragraph 20 fully and accurately describe the dosage and administration of SEROQUEL® (quetiapine fumarate).  AstraZeneca admits that there have been reports of diabetes in people with schizophrenia and other ailments who were treated with SEROQUEL® (quetiapine fumarate), but denies that SEROQUEL® (quetiapine fumarate) causes diabetes.  AstraZeneca denies any remaining allegations of paragraph 20, as such allegations are conclusory, vague, and ambiguous.

21.     AstraZeneca denies the allegations of paragraph 21.

22.     AstraZeneca admits that, pursuant to licensure by the FDA, it distributes SEROQUEL® (quetiapine fumarate) in accordance with the FDA-approved prescribing information.  AstraZeneca denies any remaining allegations of paragraph 22.

23.     AstraZeneca denies the allegations of paragraph 23.

24.     AstraZeneca admits that, as the Food and Drug Administration ("FDA") has concluded, SEROQUEL® (quetiapine fumarate) is safe and effective when prescribed and used in accordance with the FDA-approved labeling.  AstraZeneca further admits that, pursuant to licensure by the FDA, it promotes SEROQUEL® (quetiapine fumarate) in accordance with the FDA-approved prescribing information.  AstraZeneca denies any remaining allegations of paragraph 24.

25.     AstraZeneca denies the allegations of paragraph 25.

26.    AstraZeneca denies that SEROQUEL® (quetiapine fumarate) causes diabetes. AstraZeneca further denies that the allegations of paragraph 26 fully and accurately describe the medical and scientific literature pertaining to atypical antipyschotics, including SEROQUEL® (quetiapine fumarate), and diabetes. AstraZeneca denies any remaining allegations.

27.    AstraZeneca admits that the FDA approved SEROQUEL® (quetiapine fumarate) for prescription by physicians in 1997. AstraZeneca further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 27 and therefore denies same.

28.    AstraZeneca denies the allegations of paragraph 28 to the extent that they are intended to be directed at it and SEROQUEL® (quetiapine fumarate). AstraZeneca specifically denies any inference of fault or liability on its behalf that may be drawn from the allegations of paragraph 28.

29.    AstraZeneca states, upon information and belief, that Japan's Ministry of Health, Labor, and Welfare has required language in the labeling of  SEROQUEL® (quetiapine fumarate) in Japan relating to diabetes and glucose monitoring, but denies that the Japanese labeling for SEROQUEL® (quetiapine fumarate) is safer or more accurate than the FDA-approved U.S. labeling for SEROQUEL® (quetiapine fumarate). AstraZeneca further states that the FDA-approved labeling for SEROQUEL® (quetiapine fumarate) accurately reflects the available scientific and medical evidence. AstraZeneca denies any remaining allegations of paragraph 29.

30.    AstraZeneca states, upon information and belief, that Japan's Ministry of Health, Labor, and Welfare has required language in the labeling of  SEROQUEL® (quetiapine fumarate) in Japan relating to diabetes and glucose monitoring, but denies that the allegations of

paragraph 30 fully and accurately state that warning.  AstraZeneca denies that SEROQUEL®
(quetiapine fumarate) causes diabetes.  AstraZeneca denies any remaining allegations of
paragraph 30.

31.     AstraZeneca admits that the Japanese Ministry of Health, Labor, and Welfare
asked it to notify Japanese physicians of  a small number of reports relating to diabetes.
AstraZeneca denies that SEROQUEL® (quetiapine fumarate) causes diabetes and further denies
any remaining allegations of paragraph 30.

32.     AstraZeneca states the allegations of paragraph 32 appear to be directed against
medications other than SEROQUEL® (quetiapine fumarate) and, therefore, require no response
from AstraZeneca.  To the extent that such allegations are construed as factual allegations
directed at AstraZeneca, AstraZeneca states that it lacks the knowledge or information necessary
to respond to such allegations and therefore denies the same.

33.     AstraZeneca denies the allegations of paragraph 33.

### IV. <u>Class Action Allegations</u>

34.     AstraZeneca states that the allegations of paragraph 34 call for legal conclusions
to which no response is required.  To the extent that the allegations are construed as factual
allegations, AstraZeneca denies that the allegations of plaintiffs' Complaint, including paragraph
34, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and further denies
that plaintiffs are entitled to pursue relief on behalf of a class.

35.     AstraZeneca denies that the allegations of plaintiffs' Complaint, including
paragraph 35, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and
further denies that plaintiffs are entitled to pursue relief on behalf of a class.

36.     AstraZeneca denies that the allegations of plaintiffs' Complaint, including paragraph 36, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and further denies that plaintiffs are entitled to pursue relief on behalf of a class.

37.     AstraZeneca denies that plaintiffs have met the requirements of Federal Rule of Civil Procedure 23 and are entitled to class treatment.  AstraZeneca admits that physicians have prescribed SEROQUEL® (quetiapine fumarate) to numerous persons throughout the United States.  AstraZeneca further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 37 and therefore denies same.

38.     AstraZeneca denies the allegations of paragraph 38 including all its subparts.

39.     AstraZeneca denies the allegations of paragraph 39.

40.     AstraZeneca denies the allegations of paragraph 40.

41.     AstraZeneca denies the allegations of paragraph 41.

42.     AstraZeneca denies the allegations of paragraph 42.

43.     AstraZeneca denies the allegations of paragraph 43.

44.     AstraZeneca denies the allegations of paragraph 44.

**Count I - Negligence**

45.     AstraZeneca incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

46.     AstraZeneca admits that, pursuant to licensure by the FDA, it designed, manufactures, sells, and supplies SEROQUEL® (quetiapine fumarate).

47.     AstraZeneca denies the allegations of paragraph 47.

48.     AstraZeneca denies the allegations of paragraph 48.

49.     AstraZeneca denies the allegations of paragraph 49.

50.     To the extent that the allegations of paragraph 50 state conclusions of law, no response is necessary.  However, AstraZeneca further states that the allegations of paragraph 50 are conclusory, vague, and ambiguous, and denies that the allegations of paragraph 50 fully and accurately state its duty under the law, and therefore denies those allegations.  AstraZeneca admits that at all times it complied with its duty under the law.

51.     AstraZeneca denies the allegations of paragraph 51, including all its subparts.

52.     AstraZeneca denies the allegations of paragraph 52.

53.     AstraZeneca denies the allegations of paragraph 53.

54.     AstraZeneca denies the allegations of paragraph 54.

55.     AstraZeneca denies the allegations of paragraph 55.

56.     AstraZeneca denies the allegations of paragraph 56.

57.     AstraZeneca denies the allegations of paragraph 57.

## Count II - Fraud

58.     AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

59.     AstraZeneca denies the allegations of paragraph 59.

60.     AstraZeneca denies the allegations of paragraph 60, including all its subparts.

61.     AstraZeneca denies the allegations of paragraph 61.

62.     AstraZeneca denies the allegations of paragraph 62.

63.     AstraZeneca denies the allegations of paragraph 63.

## Count III – Failure to Warn

64.     AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

65.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures and sells SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate).

66.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, sells, and distributes SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate).

67.     AstraZeneca denies the allegations of paragraph 67.

68.     AstraZeneca denies the allegations of paragraph 68.

69.     AstraZeneca denies the allegations of paragraph 69.

70.     AstraZeneca denies the allegations of paragraph 70.

71.     AstraZeneca denies the allegations of paragraph 71.

## Count IV – Strict Products Liability (Failure to Warn)

72.     AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

73.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate).  AstraZeneca denies the remaining allegations of paragraph 73.

74.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, distributes, and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies the remaining allegations of paragraph 74.

75.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, distributes and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies the remaining allegations of paragraph 75.

## Count V – Strict Products Liability (Restatement Second of Torts)

76.     AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

77.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, distributes and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies the remaining allegations of paragraph 77.

78.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, distributes and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies the remaining allegations of paragraph 78.

79.     AstraZeneca denies the allegations of paragraph 79.

80.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, distributes and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies the remaining allegations of paragraph 80.

81.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, distributes and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but

denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies the remaining allegations of paragraph 81.

82.     AstraZeneca denies the allegations of paragraph 82.

83.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures, distributes and supplies SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate). AstraZeneca denies the remaining allegations of paragraph 83.

84.     AstraZeneca denies the allegations of paragraph 84.

## Count VI – Breach of Express Warranty

85.     AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

86.     AstraZeneca denies the allegations of paragraph 86.

87.     AstraZeneca denies the allegations of paragraph 87.

88.     AstraZeneca denies the allegations of paragraph 88.

## Count VII – Breach of Implied Warranty

89.     AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

90.     AstraZeneca admits that, pursuant to licensure by the FDA, it markets, sells and distributes SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate).  AstraZeneca denies the remaining allegations of paragraph 90.

91.     AstraZeneca denies the allegations of paragraph 91.

92.     AstraZeneca denies the allegations of paragraph 92.

93.     AstraZeneca denies the allegations of paragraph 93.

**Count VIII – Concealment, Suppression, or Omission of Material Facts**

94.     AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

95.     AstraZeneca admits that, pursuant to licensure by the FDA, it manufactures and sells SEROQUEL® (quetiapine fumarate) for prescription by physicians, but denies that AstraZeneca PLC had any involvement with SEROQUEL® (quetiapine fumarate).

96.     AstraZeneca denies the allegations of paragraph 96.

97.     AstraZeneca denies the allegations of paragraph 97.

98.     AstraZeneca denies the allegations of paragraph 98.

99.     AstraZeneca denies the allegations of paragraph 99.

100.    AstraZeneca denies the allegations of paragraph 100.

101.    AstraZeneca denies the allegations of paragraph 101.

102.    To the extent that the allegations of paragraph 102 state conclusions of law, no response is necessary.  However, denies that the allegations of paragraph 102 fully and accurately state its duty under the law, and therefore denies those allegations.  AstraZeneca admits that at all times it complied with its duty under the law.

103.    AstraZeneca denies the allegations of paragraph 103.

104.    AstraZeneca denies the allegations of paragraph 104.

105.    AstraZeneca denies the allegations of paragraph 105.

106.    AstraZeneca denies the allegations of paragraph 106.

107.    AstraZeneca denies the allegations of paragraph 107.

108.    AstraZeneca denies the allegations of paragraph 108.

109.   AstraZeneca denies the allegations of paragraph 109.

110.   AstraZeneca denies the allegations of paragraph 110.

111.   AstraZeneca denies the allegations of paragraph 111.

112.   AstraZeneca denies the allegations of paragraph 112, including all its subparts.

113.   AstraZeneca denies the allegations of paragraph 113.

114.   AstraZeneca denies the allegations of paragraph 114.

### Count IX – Medical Monitoring, Injunctive, and Equitable Relief

115.   AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

116.   AstraZeneca denies the allegations of paragraph 116.

117.   AstraZeneca denies the allegations of paragraph 117.

118.   AstraZeneca denies the allegations of paragraph 118, including all its subparts.

119.   AstraZeneca admits that early detection and diagnosis of diabetes may be beneficial to a patient.  AstraZeneca denies the remaining allegations of paragraph 119 and specifically denies that SEROQUEL® (quetiapine fumarate) causes diabetes.

120.   AstraZeneca admits that early detection and diagnosis of diabetes may be beneficial to a patient.  AstraZeneca further admits that testing procedures exist which facilitate diagnosis of diabetes.  AstraZeneca denies the remaining allegations of paragraph 120 and specifically denies that SEROQUEL® (quetiapine fumarate) causes diabetes.

121.   AstraZeneca states that the allegations of paragraph 121 are conclusory, vague, and ambiguous, and therefore denies same.  AstraZeneca specifically denies that SEROQUEL® (quetiapine fumarate) causes diabetes.

122.   AstraZeneca denies the allegations of paragraph 122.

123.    AstraZeneca denies the allegations of paragraph 123, including all its subparts.

124.    AstraZeneca denies the allegations of paragraph 124.

125.    AstraZeneca denies the allegations of paragraph 125.

126.    AstraZeneca denies the allegations of paragraph 126.

## Count XII [sic] – Unjust Enrichment

127.    AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

128.    AstraZeneca denies the allegations of paragraph 128.

129.    AstraZeneca denies the allegations of paragraph 129.

130.    AstraZeneca denies the allegations of paragraph 130.

131.    AstraZeneca denies the allegations of paragraph 131.

## Count XIII [sic] – Deceptive and Unfair Trade Practices

132.    AstraZeneca incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

133.    AstraZeneca denies the allegations of paragraph 133.

134.    AstraZeneca denies the allegations of paragraph 134.

135.    AstraZeneca denies the allegations of paragraph 135.

136.    AstraZeneca denies the allegations of paragraph 136, including all its subparts.

137.    AstraZeneca denies the allegations of paragraph 137.

WHEREFORE, AstraZeneca requests that the Court enter judgment in its favor and against plaintiffs on all counts and allegations of their complaint and that the Court award such other relief as it deems just and proper.

## SEPARATE OR AFFIRMATIVE DEFENSES

1.      Plaintiffs' alleged injuries were proximately caused by circumstances, events, or persons over whom AstraZeneca had no authority or control and for which AstraZeneca is not answerable in damages to Plaintiffs.

2.      Plaintiffs assumed the risks, if any, inherent in the use of SEROQUEL® (quetiapine fumarate).

3.      To the extent Plaintiffs' claims were caused by the actions, omissions or products of persons or entities, over whom AstraZeneca has no dominion, authority or control, AstraZeneca is entitled to have its liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to governing law.

4.      Plaintiffs' recovery is barred and/or should be reduced under the applicable law because of Plaintiffs' contributory negligence or fault and/or comparative negligence or fault.

5.      Plaintiffs' alleged injuries, if related to their use of SEROQUEL® (quetiapine fumarate), were caused by an unforeseeable material and substantial alteration, change, improper handling, or misuse of the product after it left the control of AstraZeneca.

6.      The New Drug Application for SEROQUEL® (quetiapine fumarate) was approved by the United States Food and Drug Administration under the applicable statute, 21 U.S.C. § 301 et seq., and regulations promulgated thereunder.  Compliance with such statutes and regulations by Defendants demonstrates that SEROQUEL® (quetiapine fumarate) was safe and effective and not unreasonably dangerous and, further, preempts and bars Plaintiffs' claims against AstraZeneca.  Compliance with such regulations also demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.

7.      Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the pervasive federal regulation of prescription drug manufacturing, testing, marketing, and labeling.

8.      Plaintiffs' claims against AstraZeneca are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts and the Restatement (Second) of Torts, including, but not limited, to Section 402A, comment k.

9.      Persons other than AstraZeneca stood in the position of learned intermediary between Plaintiffs and AstraZeneca which therefore owed and breached no duty to warn plaintiffs directly, and the SEROQUEL® (quetiapine fumarate) Plaintiffs allegedly used was therefore neither unreasonably dangerous nor defective by virtue of any alleged absence of adequate warnings or instructions.

10.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted against AstraZeneca in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of the prescription drug SEROQUEL® (quetiapine fumarate), including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art, and the applicable standard of care based upon available medical and scientific knowledge.

11.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

12.     Plaintiffs' Complaint against AstraZeneca fails to state a claim upon which relief may be granted.

13.    Plaintiffs' claims against AstraZeneca are barred, in whole or in part, by laches, waiver and/or estoppel.

14.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate alleged damages.

15.    The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of AstraZeneca was not the proximate and/or competent producing cause of such alleged injuries and damages.

16.    Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

17.    The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including AstraZeneca.

18.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

19.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to costs, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, rescission, unjust enrichment, disgorgement, or restitution.

20.    Plaintiffs' claims are barred in whole or in part because the commercial speech relating to SEROQUEL® (quetiapine fumarate) was not false or misleading and is protected under the First Amendment to the United States Constitution and the applicable state constitution.

21.     Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

22.     Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

23.     This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

24.     Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.

25.     Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning SEROQUEL® (quetiapine fumarate).

26.     Plaintiffs' alleged injuries and damages, if any, were the result of an idiosyncratic reaction which AstraZeneca could not reasonably foresee.

27.     Plaintiffs' claims for breach of warranty are barred because Plaintiffs failed to give timely notice of any alleged breach of warranty.

28.     AstraZeneca did not sell or distribute the prescription drug SEROQUEL® (quetiapine fumarate) directly to Plaintiffs, and Plaintiffs did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims are therefore barred by lack of privity between Plaintiffs and AstraZeneca.

29.     Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable provisions of the applicable state's Uniform Commercial Code.

30.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for compensation for medical monitoring.

31.     Plaintiffs' purported allegations of fraud, misrepresentation, deception, omission and concealment do not comply with Rule 9(b) of the Federal Rules of Civil Procedure and thus fail to state a claim for which relief may be granted.

32.     Plaintiffs' Complaint fails to state a claim for fraud, misrepresentation, deception, omission and/or concealment.

33.     Plaintiffs' Complaint fails to state a claim against AstraZeneca upon which relief can be granted for punitive or exemplary damages.

34.     Plaintiffs' claim for punitive or exemplary damages is barred under the applicable state and federal law.  Permitting recovery of punitive or exemplary damages in this action would contravene AstraZeneca's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution and other provisions of the United States Constitution and the applicable state constitutions.

35.     Unless AstraZeneca's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate AstraZeneca's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the applicable state constitutions, and also would be improper under the applicable state common law and public policies.

36.     Plaintiffs' claim for punitive damages against AstraZeneca cannot be maintained, because an award of punitive damages would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, the applicable state constitutions, and the applicable state common law and public policies.

37.     Plaintiffs' claim for punitive damages against AstraZeneca cannot be maintained because any award of punitive damages would be by a jury that: (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of AstraZeneca; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to adequate trial court and appellate judicial

review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate AstraZeneca's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the applicable state constitutions, and also would be improper under the applicable state common law and public policies.

38.     To the extent that the applicable state law permits punishment to be measured by the net worth or financial status of AstraZeneca and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the applicable state constitutions.

39.     With respect to Plaintiffs' demand for punitive or exemplary damages, AstraZeneca specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive or exemplary damages awards under federal law and the applicable state law.

40.     No act or omission of AstraZeneca was willful, unconscionable, oppressive, fraudulent, wanton, malicious, reckless, intentional, or with actual malice, with reckless disregard for the safety of Plaintiffs or with conscious disregard and indifference to the rights, safety and welfare of Plaintiffs, and therefore Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages. Plaintiffs' Complaint seeks damages in excess of those permitted by law. AstraZeneca asserts any statutory or judicial

protection from punitive or exemplary damages which is available under the applicable law, and any award of punitive or exemplary damages is barred.

41.     Plaintiffs' claims purportedly asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because these statutes and regulations do not contain or create any private cause of action.

42.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for negligence per se.

43.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted on a class-wide basis.

44.     A class action is an inappropriate vehicle for the prosecution of Plaintiffs' claims.

45.     Plaintiffs' class action claims fail because Plaintiffs are inadequate class representatives.

46.     Plaintiffs' class action claims fail because the questions of law and fact presented in the Complaint are not common to the putative class.

47.     Plaintiffs' class action claims fail because questions of law and fact common the members of the putative class do not predominate over questions affecting only individual members.

48.     Plaintiffs' class action claims fail because a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

49.     Plaintiffs' Complaint fails to state a claim for unlawful conduct under any state consumer protection statute, because AstraZeneca completely complied with the applicable law in connection with the distribution of SEROQUEL® (quetiapine fumarate).

50.     Plaintiffs' claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

51.     Plaintiffs, or their physicians, were aware or should have been aware of any potential hazards reported to be associated with the use of SEROQUEL® (quetiapine fumarate) and appreciated or should have appreciated these potential hazards based, in part, on the directions, information, and warnings provided by AstraZeneca and others generally available in the medical and scientific literature.  Therefore, Defendant AstraZeneca had no duty to warn of any alleged danger or defect.

52.     Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by the Plaintiffs without substantially impairing the usefulness or intended purpose of the product.

53.     Venue is improper with respect to the claims of Plaintiffs who are not residents of Florida.

54.     This Court is not the proper forum and is not a convenient forum for the adjudication of Plaintiffs' claims.

55.     Plaintiffs' claims have been improperly joined in this action.

56.     AstraZeneca reserves the right to modify, clarify, amend, or supplement these separate or affirmative defenses as discovery proceeds in this case.

## JURY DEMAND

AstraZeneca hereby demands a trial by jury.

## PRAYER

WHEREFORE, AstraZeneca prays that this Court enter judgment on its behalf and against Plaintiffs, that Plaintiffs take nothing thereby, and that the Court grant AstraZeneca such other and further relief as allowed by law.

Edward W. Gerecke
Florida Bar No. 328332
Chris S. Coutroulis
Florida Bar No. 300705
CARLTON FIELDS, P.A.
One Harbour Place (33602)
Post Office Box 3239
Tampa, Florida 33601
Telephone:      (813) 223-7000
Facsimile:      (813) 229-4133
E-Mail:         egerecke@carltonfields.com

and

Michael W. Davis
Steven J. Ellison
David B. Barlow
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 S. Dearborn Street, 48th Floor
Chicago, IL 60603
Telephone:      (312) 853-2657
Facsimile:      (312) 853-7036
E-Mail:         mdavis@sidley.com
                sellison@sidley.com
                dbarlow@sidley.com
Attorneys for AstraZeneca Pharmaceuticals LP

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of this pleading was mailed to Bryan F. Aylstock, 55 Baybridge Drive, Gulf Breeze, FL 32561, this 13th day of October, 2003.

Attorney