UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This Document Relates to All Cases

**ASTRAZENECA'S MOTION FOR AN ORDER DIRECTING PLAINTIFFS
TO PRODUCE ZYPREXA-RELATED DOCUMENTS IN THEIR
ACTUAL OR CONSTRUCTIVE POSSESSION WITHIN ELEVEN (11) DAYS**

## I. INTRODUCTION

AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully move the Court to adopt and enter the attached Order (Exh. A) directing the Florida plaintiffs in this litigation who have also asserted claims in *In re Zyprexa Products Liab. Litig.*, No. 04-MD-1596 (E.D.N.Y.) (the "Zyprexa MDL"), to produce the following documents in their actual or constructive possession:

(a) any and all medical records, mental health records, employment records and educational records relating to their ingestion of Zyprexa;

(b) all other documents or discovery responses, including Plaintiff Fact Sheets, that were produced or submitted by them in the Zyprexa MDL; and

(c) any submissions made in support of their settlement claims in any settlement of their Zyprexa-related personal injury claims filed in the Zyprexa MDL (excluding any specific dollar amounts included in such submissions[1]).

AstraZeneca has been forced to seek this relief because the Florida Seroquel plaintiffs participating in the Zyprexa MDL have failed to produce *any* Zyprexa documents in this litigation – despite two court orders in this MDL requiring production of plaintiffs' documents

---

[1] While AstraZeneca's outstanding document requests are broad enough to include the specific dollar amounts involved in any Zyprexa-related settlement, and without waiving its right to obtain this relevant information as well, AstraZeneca does not seek that particular information at this time.

and yet another court order confirming the discoverability of Zyprexa documents. As this Court has recognized, the Zyprexa documents are relevant to the claims asserted here because the same plaintiffs who previously claimed that *Zyprexa* had caused their alleged hyperglycemia and diabetes injuries are now claiming in this MDL that *Seroquel* caused *those very same injuries*.

The Florida plaintiffs' obligation to produce the Zyprexa documents extends to documents not only in plaintiffs' actual possession, but also their constructive possession. Thus, plaintiffs are obligated to produce Zyprexa documents that they have the legal right or practical ability to obtain, including documents in the possession of their present or former attorneys and documents they included in submissions in the Zyprexa MDL.

In light of the advanced stage of discovery in the Seroquel cases bought by the Florida plaintiffs and the relevance of the Zyprexa documents to these plaintiffs' claims, AstraZeneca asks the Court specifically to compel production of Zyprexa documents by the Florida plaintiffs participating in the Zyprexa MDL within eleven (11) days of the Court's Order.

## II. BACKGROUND

Plaintiffs in this MDL have sued AstraZeneca claiming that use of Seroquel caused their alleged injuries such as diabetes or hyperglycemia. But many of these same plaintiffs previously sued Eli Lilly & Co. ("Lilly") claiming that its competing atypical antipsychotic, Zyprexa, is what caused them to suffer the same alleged injuries. In fact, fifteen (15) of the seventy-five (75) Florida plaintiffs in the Florida Discovery Pool filed suit against Lilly alleging that their ingestion of Zyprexa (not Seroquel) is what caused their alleged injuries.[2] These plaintiffs'

---

[2] The 15 plaintiffs are Karen Barber, Carole Bonebrake, Lois C. Brown, Dena Browning, Sandra Carter, Sharon E. Duvall, Lynda L. Epps, Benjamin Head, Hope M. Lorditch, Joe McDaniel, Brian Murphy, Lori Quinn, Candida Rodriguez, Michael W. Wilson, and George Zackschewski.

Zyprexa claims are pending, along with other Zyprexa suits against Lilly, in *In re Zyprexa Prods. Liab. Litig.* before the Honorable Jack B. Weinstein in the Eastern District of New York.

As this Court knows, Lilly is in the process of settling claims made in the Zyprexa MDL. In connection with that litigation and resulting settlement process, a substantial amount of discovery and other documentary work has been undertaken. As this Court has recognized, the Zyprexa materials are discoverable by AstraZeneca because they are relevant to the claims asserted by the same plaintiffs in this Seroquel litigation. *See* October 18, 2007 Order, at 1-2 (Doc. No. 586) (requiring Lilly to produce Zyprexa documents relating to the Florida plaintiffs); August 22, 2007 MDL Hearing Tr., at 98:1-13 (Exh. B) (characterizing Zyprexa documents as "pretty fundamental documents that defendants are going to be entitled to get"); *see also* July 27, 2007 MDL Hearing Tr., at 76:11-12 (Exh. C).

AstraZeneca has long sought discovery of these documents from plaintiffs, propounding discovery requests to obtain any and all documents and other information in plaintiffs' actual or constructive possession related to plaintiffs' Zyprexa use as well as plaintiffs' lawsuits and settlement papers related to the Zyprexa litigation. Indeed, AstraZeneca demanded production of such relevant and discoverable materials from the very start – in the document requests accompanying the Plaintiff Fact Sheet ("PFS") approved and ordered by the Court. For instance, AstraZeneca requested "[c]opies of *all pleadings*, including but not limited to complaints, answers, answers to interrogatories, deposition notices, transcripts of depositions, [and] *settlement papers* . . . , in any action for personal injuries by or on behalf of you at any time during your life." PFS at 10 (Request No. 16) (emphases added). AstraZeneca also requested *all* "[d]ocuments concerning any antipsychotic medications you have used or ingested, other than Seroquel," as well as *all* "notes, letters, e-mails or other documents written by you or received by

3

you . . . which refer to the use of any other antipsychotic medications." PFS at 10 (Request Nos. 10 & 17). AstraZeneca repeated these same requests in the deposition notices to plaintiffs.

The Court has twice ordered plaintiffs to produce documents responsive to AstraZeneca's requests: (1) in Case Management Order No. 2, dated January 26, 2007, which effectively required all plaintiffs to produce completed PFSs and responsive documents by June 30, 2007, *see* CMO No. 2, at 2-3 (Doc. No. 129); and (2) in Case Management Order No. 5, dated January 11, 2008, which reaffirmed specifically that all Florida plaintiffs – including the 75 Florida plaintiffs that constitute the Florida Discovery Pool – must have served completed PFSs and produced all responsive documents no later than January 15, 2008, *see* CMO No. 5, at 4 (Doc. No. 792).

While awaiting plaintiffs' delinquent productions, AstraZeneca attempted to obtain plaintiffs' Zyprexa documents from other possible sources. For instance, on September 24, 2007, AstraZeneca moved for an Order authorizing it to obtain from third-party Lilly or its counsel the Zyprexa-related documents concerning the plaintiffs asserting claims here. *See* Defendants' Motion for an Order Authorizing AstraZeneca to Obtain from Eli Lilly & Company Documents from the Zyprexa MDL Relating to Seroquel Plaintiffs (Doc. No. 492). On October 18, 2007, this Court granted the motion (which plaintiffs did not even oppose) and therein identified three categories of discoverable documents from the Zyprexa MDL[3] while ordering

---

[3] The three categories of Zyprexa MDL documents identified in the Court's Order are coextensive with the relief sought here – namely "(a) any and all medical records, mental health records, employment records and educational records of individuals who are plaintiffs in this MDL and who made claims of personal injury against Lilly in In re Zyprexa Products Liability Litigation, No. 04-MD-1596 (E.D. N.Y.) ("Zyprexa MDL"), relating to their ingestion of Zyprexa; (b) all other documents or discovery responses, including Plaintiff Fact Sheets, that were produced or submitted to Lilly in the Zyprexa MDL by, or on behalf of, individuals who are plaintiffs in this MDL and who made claims of personal injury against Lilly relating to their ingestion of Zyprexa; and (c) any submissions made by, or on behalf of, individuals who are

Lilly and its counsel to produce these documents. *See* October 18, 2007 Order, at 1-2 (Doc. No. 586).[4] Lilly and its counsel had very few responsive documents, however, forcing AstraZeneca to turn back to plaintiffs to obtain these relevant and already-requested Zyprexa documents – documents that many plaintiffs admitted in deposition that they had not even searched for, much less produced, in response to AstraZeneca's discovery requests in this MDL. *See, e.g.*, Duvall Depo. Tr., at 12:25-13:18 (Exh. D); Lorditch Depo. Tr., at 172:23-173:16 (Exh. E).

By April 2008, AstraZeneca still had not received any Zyprexa documents from the Florida plaintiffs participating in the Zyprexa MDL. AstraZeneca thus served a third-party subpoena on Kenneth R. Feinberg of The Feinberg Group, LLP, one of four special masters in the Zyprexa MDL who had received Zyprexa documents from plaintiffs in support of their settlement claims. In response to the subpoena, Judge Weinstein issued an order to show cause why the subpoena should not be quashed. Rather than press a subpoena to a special master appointed by a court in another MDL, AstraZeneca chose to withdraw the subpoena to Mr. Feinberg and file the present Motion to again perfect AstraZeneca's rights to obtain these discoverable materials *from plaintiffs* and, thus, require plaintiffs to comply with their discovery obligations in this MDL.

---

plaintiffs in this MDL in support of their settlement claims in any settlement of their Zyprexa-related personal injury claims filed against Lilly in the Zyprexa MDL (excluding any specific dollar amounts included in such submissions)." October 18, 2007 Order, at 1-2 (Doc. No. 586).

[4] After the Court granted the Lilly Motion, plaintiffs filed a motion in the Zyprexa MDL to preserve the confidentiality of "settlement agreements and amounts." The motion was resolved when plaintiffs clarified that they were only objecting to disclosure of specific settlement amounts. AstraZeneca had already made clear that it was not seeking specific settlement amounts at this stage in the litigation, and the October 18, 2007 Order explicitly excluded "specific dollar amounts" from any production.


### III. ARGUMENT

AstraZeneca has spent over a year trying to obtain Zyprexa MDL documents from the Florida plaintiffs and others without success, and now faces the unfair prospect of conducting expert discovery in the Florida Discovery Pool without such relevant materials. Plaintiffs' failure to produce these documents in violation of their clear discovery obligations in this MDL, including Orders of this Court, is inexcusable. There can be no question that plaintiffs have actual or constructive possession of these materials. The documents are either in the physical possession of the plaintiffs themselves or in the possession of plaintiffs' legal counsel in this litigation or the Zyprexa litigation. Moreover, plaintiffs may easily obtain any documents they submitted in the Zyprexa MDL, including submissions made to the four special masters,[5] merely by asking for them (if plaintiffs or their counsel claim that they failed to retain copies of these relevant materials). Put simply, the Florida plaintiffs participating in the Zyprexa MDL should be required to produce the categories of Zyprexa documents identified in the Court's October 18, 2007 Order in their actual or constructive possession within 11 days.

### A. The Florida Plaintiffs Participating In The Zyprexa MDL Are Obligated To Produce To AstraZeneca The Categories of Zyprexa Documents Identified In The Court's October 18, 2007 Order

As detailed above, AstraZeneca has repeatedly sought Zyprexa documents from plaintiffs in document requests set forth in the Plaintiff Fact Sheets and as attachments to deposition notices. *See* PFS Request Nos. 10, 16, 17; Depo. Notice Request Nos. 10, 16, 17. In its October 18, 2007 Order requiring Lilly and its counsel to produce Zyprexa documents relating to the

---

[5] In addition to Mr. Feinberg, the special masters in the Zyprexa MDL are Michael K. Rozen (also of The Feinberg Group), Catherine A. Yanni (of JAMS), and Hon. John K. Trotter (Ret.) (also of JAMS).

Florida plaintiffs, the Court identified three categories of Zyprexa documents that are discoverable by AstraZeneca. *See* October 18, 2007 Order, at 1-2 (Doc. No. 586).

Plaintiffs themselves are obligated to produce these three categories of Zyprexa documents because they fall within the scope of AstraZeneca's document requests to plaintiffs – requests with which this Court has repeatedly ordered that plaintiffs must comply. In particular, the first category of documents (medical records, mental health records, employment records and educational records relating to ingestion of Zyprexa) falls within the scope of AstraZeneca's Request No. 10, which calls for documents concerning plaintiffs' ingestion of antipsychotic medications other than Seroquel. The second category of documents (documents or discovery responses submitted to Lilly in the Zyprexa MDL) falls within the scope of AstraZeneca's Request No. 16, which calls for pleadings, discovery responses, and other papers in any action for personal injuries. And the third category of documents (submissions to support plaintiffs' settlement claims in the Zyprexa MDL) falls within the scope of AstraZeneca's Request Nos. 16 and 17 – which call for, *inter alia*, all settlement papers and other litigation documents concerning these plaintiffs as well as other documents related to plaintiffs' use of antipsychotic medications other than Seroquel.

As this Court previously recognized in ordering production of the very materials at issue here, these categories of Zyprexa documents not only are relevant to the claims and defenses in this MDL, *see* October 18, 2007 Order (Doc. No. 586), but also constitute "fundamental documents that defendants are going to be entitled to get." August 22, 2007 MDL Hearing Tr., at 98:1-13 (Exh. B). Plaintiffs themselves have never disputed the relevance of the documents

7

and have never objected to their production.[6] Plaintiffs therefore have been and continue to be obligated to produce the three categories of Zyprexa documents identified in the Court's October 18, 2007 Order.

### B. The Florida Plaintiffs Are Obligated To Produce All Responsive Zyprexa Documents In Their Actual Or Constructive Possession

The Florida plaintiffs have an obligation to produce Zyprexa documents in their actual or constructive possession. This obligation arises from the Federal Rules of Civil Procedure, which govern plaintiffs' responses to AstraZeneca's document requests and require production of documents in plaintiffs' possession, custody, or control. *See* FED. R. CIV. P. 30(b)(2); FED. R. CIV. P. 34. This obligation also arises from the language in the Plaintiff Fact Sheets and the Court's Orders, which require production of documents in the possession of plaintiffs and their lawyers. PFS at 9; CMO No. 5, at 4 (Doc. No. 792).

For purposes of document discovery, possession is not limited to actual physical possession. Rather, documents in a party's "possession" include documents in that party's actual or constructive possession. *See, e.g., Lans v. Gateway 2000, Inc.*, 110 F. Supp. 2d 1, 5 (D.D.C. 2000) ("It is well established that documents in the possession of a party's agent, such as an attorney or accountant, are deemed to be in the party's possession because the party retains control over the documents."); *L.H. v. Schwarzenegger*, 2008 WL 782734, at *2 (E.D. Cal. 2008) (ordering parties "to produce all documents in their actual or constructive possession"); *see also Forum Ins. Co. v. Keller*, 1992 WL 297580, at *3 (S.D.N.Y. 1992) (sanctioning party for discovery abuse and emphasizing that party "is deemed to be in constructive possession" of requested documents that were not in party's actual physical possession). In effect, documents

---

[6] While plaintiffs have objected to the production of specific settlement figures from the Zyprexa litigation, settlement figures were specifically excluded from the Court's October 18, 2007 Order, and AstraZeneca is not seeking that information at this time.

are in a party's constructive possession – and thus discoverable – whenever the party has legally cognizable "control" over the materials. *See Lans*, 110 F. Supp. 2d at 5; 8A Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2210 (1994).

For purposes of both the Federal Rules of Civil Procedure and the doctrine of constructive possession, a party is deemed to have "control" over discovery materials whenever it has "the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). In practice, courts have further broadened this definition and required production if the party has the "practical ability" to obtain the documents from another, "irrespective of his legal entitlement to the documents." *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007); *accord Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989). In this way, courts have compelled discovery to ensure that litigants have "access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be obtained easily from a third-party source." *Ice Corp.*, 245 F.R.D. at 517 (emphasis omitted).

Here, plaintiffs clearly have control – and thus constructive possession – of any and all Zyprexa documents in the possession of their legal counsel in either this litigation or (if different) the Zyprexa litigation, given that plaintiffs have a full legal right to obtain those documents upon request. In fact, the law is crystal "clear" that any "documents in the possession of a party's *current or former counsel* are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Fed. Armored Express, Inc.*, 1998 WL 43125, at * 4 (S.D.N.Y. 1998); *Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) (same); *see*

9

*also Jans ex rel. Jans v. The GAP Stores, Inc.*, 2006 WL 2691800, at *1 (M.D. Fla. 2006) (Rule 34 encompasses documents possessed by party's "former or present counsel").

Plaintiffs also have control – and thus constructive possession – of any documents submitted by them or on their behalf to the four special masters in the Zyprexa MDL that remain in the special masters' possession, given that plaintiffs have the "practical ability" to obtain those documents from the special masters upon request. *See Ice Corp.*, 245 F.R.D. at 517. Any documents in the special masters' possession can be obtained easily by plaintiffs, who continue to communicate with them about claims or settlements in the Zyprexa MDL. Plaintiffs, who have an established and ongoing relationship with the special masters, can simply contact the special masters' offices directly to obtain copies of their own documents that they themselves submitted.

In sum, plaintiffs' obligation to produce Zyprexa documents gives rise to an obligation to obtain those documents from a variety of sources, including their Zyprexa MDL attorneys and the special masters in the Zyprexa MDL. Plaintiffs' obvious failure to contact these sources throughout the course of this MDL – and their corresponding failure to produce critical Zyprexa documents to AstraZeneca despite court order – should be remedied immediately. To facilitate prompt access by AstraZeneca to plaintiffs' documents in the possession of the four Zyprexa special masters, the Court should also consider specifically ordering plaintiffs immediately to request in writing that they receive copies from each Special Master of all documents submitted to that Special Master on their behalf in the context of the Zyprexa litigation.

IV.   **CONCLUSION**

For the foregoing reasons, this Court should grant AstraZeneca's Motion for an Order Directing Plaintiffs to Produce Zyprexa-Related Documents in Their Actual or Constructive Possession Within 11 Days.

DATED:  April 28, 2008                                   Respectfully submitted,

/s/ *Fred T. Magaziner*
  Fred T. Magaziner
  Stephen J. McConnell
  DECHERT LLP
  2929 Arch Street
  Philadelphia, PA  19103
  Telephone: (215) 994-4000
  Facsimile: (215) 994-2222
  fred.magaziner@dechert.com

  Steven B. Weisburd
  Molly Stephens
  DECHERT LLP
  300 West 6th Street, Suite 1850
  Austin, TX  78701
  Telephone: (512) 394-3000
  Facsimile: (512) 394-3001

  *Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF CONFERENCE PURSUANT TO M.D. FLA. L.R. 3.01(g)

I hereby certify that I conferred with counsel for plaintiffs regarding the relief requested in this motion. As of April 28, 2008, plaintiffs have not yet produced the requested documents.

*/s/ Shane T. Prince*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 28, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Eliot J. Walker*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |

17

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |