# EXHIBIT B

Page 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Docket No.6:06-MD-1769-Orl-22DAB

```
. . . . . . . . . . . . . . . .
IN RE:                              :
SEROQUEL PRODUCTS LIABILITY         :
LITIGATION                          :      Orlando, Florida
MDL DOCKET No. 1769                 :      August 22, 2007
                                    :      1:30 p.m.
ALL CASES                           :
                                    :
. . . . . . . . . . . . . . . .:
```

TRANSCRIPT OF PRETRIAL CONFERENCE
BEFORE THE HONORABLE DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiffs:         Larry M. Roth

                            Scott Allen

                            F. Kenneth Bailey

                            Camp Bailey

                            E. Ashley Cranford

                            Dennis Canty

                            Lawrence Gornick

                            Glenn Kramer

                            Fletch Trammell

                            Holly Wheeler

                            Angela Nixon

                            Robert Cowen

                            Gail Pearson

Page 94

1  like I knew a lot more after that than before I saw it.
2      How many are you talking about? When are you going
3  to do this? And are there others that the defendant
4  thinks are Florida cases that aren't covered by this?
5      MR. TRAMMELL: We haven't -- Your Honor directed
6  that all Florida cases be considered eligible for trial
7  here. We reached out to those plaintiffs to begin the
8  process of conferring with them about whether they'd like
9  to have their case tried here. It's going to be their
10 choice. But we've started that process. We expect to
11 have it done and have the entire group of trial plaintiffs
12 have the petitions or have moved for leave to amend their
13 positions to establish venue here within 30 days.
14     THE COURT: All right. We'll do that. And then
15 I'm going to give the defendants the opportunity for -- to
16 raise any legal theory they want to have the Court
17 exercise jurisdiction over the ones they think belong
18 here.
19     MR. MAGAZINER: Our position is that all the
20 cases that have been filed by Florida residents should be
21 transferred or --
22     THE COURT: No, I understand. And I'm going to
23 give you the chance to do that and let you argue whatever
24 you think the most substantial basis for doing that is.
25 And then there may be a plaintiff or two that the

Page 95

1  residence is in question. I understand that. But you'll
2  have a chance to do that and they'll be able to oppose it
3  if they want to oppose it and Judge Conway or I will rule
4  on that. And then whether it's -- well, we'll rule on it.
5  There's different ways to accomplish that potentially and
6  you can argue whatever you think is best, and the Court
7  will rule on whatever we think is right.
8      MR. MAGAZINER: Lest my position be unclear on
9  this record, we will oppose the idea of the plaintiffs
10 should pick and choose which of their cases --
11     THE COURT: You're real clear on that and I
12 understand that position.
13     All right. Defendants raised an issue about -- that
14 I didn't -- just raised the subject, getting Zyprexa
15 related documents. What's going on with that?
16     MR. MAGAZINER: We have a meet and confer on
17 this. Mr. Camp Bailey and I and Ms. Balakhani talked on
18 the telephone and then we had another communication from
19 Mr. Bailey this morning, I guess -- last night.
20     I believe this is the situation: Plaintiffs agree
21 that we are entitled to get any medical records or other
22 documentation that Eli Lilly collected with regard to
23 plaintiffs in this litigation who also were suing Eli
24 Lilly for Zyprexa related injuries.
25     Plaintiffs disagree, and we have not been able to

Page 96

1  resolve this with the meet and confer, or the question
2  whether we ought to be able to get from Eli Lilly any
3  submissions that plaintiffs made to Eli Lilly to support
4  their Zyprexa claims.
5      In other words, if plaintiff in the Zyprexa
6  litigation filled out a fact sheet, submitted it to Eli
7  Lilly, we believe we are entitled to get that. It's
8  clearly discoverable. It's going to be admissible at
9  trial and we're entitled to get it from Lilly.
10     Plaintiff will say we're not -- plaintiff have said
11 we're not entitled to get those sorts of submissions.
12 We're entitled to get records that Lilly collected about
13 plaintiffs, but we're not entitled to get whatever the
14 plaintiffs in this litigation submitted to Lilly to
15 support their claims in the Zyprexa litigation.
16     That is a complete, I think, scope of our
17 disagreement; is that correct, Mr. Bailey?
18     MR. CAMP BAILEY: What we've agreed to do is
19 we've agreed to facilitate expediting AstraZeneca's
20 collection of documents that Eli Lilly may have collected
21 in the Zyprexa case. Those include medical records,
22 pharmacy records, basically anything they got, either
23 through a HIPPA authorization signed by a client who was
24 common to that case and this case or that Eli Lilly -- or
25 that the plaintiffs, I guess, themselves provided to Eli

Page 97

1  Lilly.
2      The proposed order they have given us and the
3  language, I guess, that caused the problems for us is that
4  it says, any submissions. And the true background of the
5  Zyprexa case for most of these clients is that settlement
6  discussions began almost as soon as the cases began. In
7  fact, many cases didn't even file cases. And many -- most
8  of those submissions were all done under an ongoing
9  settlement process that is still ongoing this day. Most
10 of these claims are still undergoing a settlement process.
11 And we didn't want the overbroad language used in the
12 proposed order to somehow compel us to turn over a bunch
13 of documents that are used being -- being support our
14 settlement discussions which are still ongoing with these
15 cases.
16     Once the cases are settled, at that time maybe we can
17 turn over things such as fact sheets. But settlement
18 releases, other submissions that we -- and communications
19 between us and Pepper Hamilton, the law firm representing
20 Lilly, we think are protected and subject to a
21 confidentiality order in the Zyprexa case as well as
22 confidentiality agreements in the documents themselves.
23     MR. MAGAZINER: Your Honor --
24     MR. CAMP BAILEY: I'm trying to help, it's just
25 that there are certain documents we feel are beyond --

### Page 98

1  THE COURT: Some of these sound like pretty
2  fundamental documents that defendants are going to be
3  entitled to get. I mean, they're not -- you know, if
4  there's inconsistent positions being taken by the
5  plaintiffs or different recitation of their symptoms or
6  when they started and what caused them and what they were
7  taking, and if that's what you're talking about -- it's
8  one thing talking about settlement postures, but these
9  basic facts that are admissions -- I'll call them
10  admissions, but statements by the -- by a party that
11  relate to the subject matter, they're going to -- we're
12  going to get to those so that AstraZeneca can deal with
13  them on a timely basis.
14  MR. CAMP BAILEY: Your Honor, it may be an issue
15  of just more narrowly tailoring what we will agree to.
16  THE COURT: Well, I mean, I don't know what
17  we're talking about, but it -- I mean, I don't think the
18  settlement privilege is going to -- or settlement
19  discussion privilege is going to exempt out whatever
20  their -- the equivalent in the Zyprexa case was the
21  plaintiff fact sheets and there's probably some other
22  things too, now -- and the final settlement. I mean,
23  whatever they pay, they're just -- you know, to the extent
24  that there's been a financial recovery and there's
25  potential for whatever state law, joint and several

### Page 99

1  liability issues or joint tort feasor or however the
2  correct terminology is, to avoid a double recovery, the
3  defendants are entitled to that, too.
4  MR. MAGAZINER: This will come up later on
5  another item of the agenda. But we've already had
6  instructions in the depositions we've taken of the
7  plaintiffs. We've had instruction by plaintiffs' counsel
8  to plaintiffs that they are not to answer our question
9  about how much money they have received from Eli Lilly in
10  settlement of their claim against Lilly for diabetes
11  allegedly caused by the use of Zyprexa.
12  MR. KEN BAILEY: And there's a reason for that,
13  Your Honor. There's a reason for that theory, I think.
14  First of all, let me say this: We're not saying
15  we're not going to give it to them. We're just saying
16  that at the present time, it's a very short window of time
17  until this settlement is concluded.
18  THE COURT: How short?
19  MR. KEN BAILEY: Like, 60-90 days, as early as
20  that.
21  THE COURT: Well --
22  MR. KEN BAILEY: And so I'm not saying they
23  don't --
24  THE COURT: Mr. Magaziner has been saying 60-90
25  days about things and we've had a problem with that.

### Page 100

1  MR. KEN BAILEY: It's in the agreement, Your
2  Honor. The date specific is that it's when we're supposed
3  to be able to get our releases and everything in. And
4  there is still an ongoing evaluation of what the amount of
5  money is that these people are going to be getting. It's
6  a moving target.
7  THE COURT: If it's not resolved, it's not
8  resolved. But if it is resolved, then --
9  MR. KEN BAILEY: It's not resolved yet.
10  THE COURT: Well, it is for some of them, I take
11  it.
12  MR. KEN BAILEY: No, sir.
13  MR. CAMP BAILEY: It is. Well, some clients --
14  THE COURT: All right. I've made my views
15  clear. Go ahead and confer some more, see if you can
16  narrow this or make it more precise.
17  And, Mr. Magaziner, if you need to put it in the form
18  of a motion to compel, we'll deal with it that way.
19  MR. MAGAZINER: Thank you, Your Honor.
20  MR. GORNICK: May I ask that Mr. Magaziner serve
21  Eli Lilly?
22  They have a dog in this fight and they will come in
23  here, my prediction is, and object to --
24  THE COURT: Well, if there's a colorable
25  argument that this is covered by another judge's

### Page 101

1  confidentiality order or --
2  MR. MAGAZINER: As I've informed Mr. Bailey,
3  Your Honor, we consulted for months with Eli Lilly's
4  counsel to make sure that the former order we were
5  presenting to Your Honor would be acceptable to them and
6  that they would respect it.
7  THE COURT: You can make that representation in
8  the motion.
9  MR. MAGAZINER: Yes.
10  THE COURT: All right. We've had this come up
11  several times, but I list it as another item. Issues that
12  have -- that are arising with respect to case specific
13  deposition other than the -- what I call the PMO issues
14  and I just heard a couple more. Anything else that --
15  MR. MAGAZINER: Yes, Your Honor. There are -- I
16  think it would be helpful to have some guidance from the
17  Court on how we ought to proceed.
18  Let me begin by saying that the program has been
19  extremely useful to date, I hope -- certainly for us, I
20  hope for plaintiffs' counsel, as I understand more about
21  the nature of the cases that we're dealing with in this
22  litigation.
23  But I think there are two areas in which we would
24  seek the Court's guidance. One is: Problems that we are
25  encountering in depositions and how we are to deal with