# EXHIBIT D

page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION
MDL DOCKET NO. 1769

---

This Document Relates to 6:07-cv-12433

---

ORAL DEPOSITION
SHARON DUVALL
August 15, 2007

ORAL DEPOSITION OF SHARON DUVALL, produced as a witness at the instance of the Defendant and duly sworn, was taken in the above-styled and numbered cause on the 15th day of August, 2007, from 9:55 a.m. to 2:07 p.m., before Shauna Foreman, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of Bailey Perrin Bailey, 440 Louisiana, Suite 2100, Houston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

□page 2

APPEARANCES

FOR PLAINTIFF:

TRACY PARSONS, ESQ.
BAILEY PERRIN BAILEY
440 Louisiana
Suite 2100
Houston, Texas 77002
Telephone: 713-425-7100 - Fax: 713-425-7101
E-mail: jbruzzese@bpblaw.com

FOR DEFENDANTS:

JEFFREY H. HOROWITZ, ESQ.
MATTHEW D. KOHEL, ESQ.
KAYE SCHOLER
425 Park Avenue
New York, New York 10022
Telephone: 212-836-8592 - Fax : 212-836-8689
E-mail: abrown@kayescholer.com

page 11

answered my question, but let me make sure it's on the record.

Other than yesterday's meeting for a half hour with Tracy, have you met with any other lawyers to prepare yourself for today's deposition?

A. No.

Q. I want to show you what we're going to mark as Duvall Exhibit No. 1, which is the notice of deposition of plaintiff Sharon Duvall. I'm going to hand this to you and your counsel, and my first question is: Have you ever seen Duvall Exhibit 1 before?

A. (Witness reviews the document.)

(Exhibit 1 marked.)

A. No. I've never seen anything before.

Q. (By Mr. Horowitz) Okay. I will represent to you -- your counsel can correct me if I'm wrong -- but this is what's called a notice of deposition, which is a legal document that the lawyers deal with in order to set your deposition for today. And the reason I'm asking you to take a look at it is if you turn to Page 4, there's something called Schedule A.

Do you see that there in front of you?

A. Yeah.

Q. Have you ever seen before I just showed you

page 12

Duvall Exhibit 1 Schedule A to your deposition notice?

A. No.

Q. So, this is the first time you've seen this document?

A. Yes.

Q. What I want to do, then, is walk through -- this is -- Schedule A is a request for things that you might have in your possession about your case, okay? Before I do that, is it fair to say then that you didn't bring any documents with you to the deposition in response to the requests in Schedule A?

A. No.

Q. Let's walk through some of these -- we don't have to go through all of them, but there's some I want to ask you about, okay? Are you with me?

A. Yes.

Q. Excellent. Do you have in your possession any medical records from any of your doctors for the past 10 years -- do you have any medical records?

A. No.

Q. Did you give your lawyers any medical records?

A. No.

Q. Do you have in your possession any pharmacy

page 13

records from the past 10 years?

A. No.

Q. Do you have any documents in your possession related to Seroquel?

A. No.
Q. And you don't have, then, any old bottles of Seroquel?
A. No.
Q. Any packaging from Seroquel that you received from the pharmacy?
A. No.
Q. Have you provided any of these things to your lawyers?
A. No.
Q. Let me make a simple question. Have you given your lawyers any documents other than filling out your fact sheet?
A. No.
Q. Have you ever filed a Social Security disability claim?
A. Have I ever filed it? No.
Q. Have you ever filed a worker's compensation claim?
A. 35 years ago.
Q. Do you have any documents from that claim

page 66

Q. Do you submit those for payment to any of your health insurance companies?
A. No. We have to pay for one month for three months. You have to pay for your medications.
Q. Does your health insurance plan cover medications?
A. No.
Q. Do you know that for sure, or are you just guessing?
A. I don't know.
Q. Does your husband know?
A. I don't know.
Q. Do you have any records in your possession showing that you've ever received medications through this send-away company?
A. No.
Q. Does your husband have any records showing that you've received prescriptions through this send-away service?
A. I don't know. We get them all the time.
MR. HOROWITZ: Obviously this will be in our follow-up letter, but I would like to know the name of this pharmacy and any records that they have associated with this pharmacy. This is information that was clearly called for within the fact sheet and

page 67

also clearly within the scope of information.
MS. PARSONS: We will supplement any appropriate discovery requests that have been made. Otherwise, if you're giving me a new request for production during the course of this deposition, I would say I'm going to object to that as the form.
MR. HOROWITZ: Obviously this position clearly is not new. It's covered by the fact sheet, it's covered by the request for documents attached to the fact sheet, it's covered by the notice of deposition. Obviously we're not going to solve this dilemma now, so we'll save it for another day.
MS. PARSONS: Obviously. Actually, she already testified as to the items that was included not only in the notice of deposition but also those same items that were included as Exhibit A to the notice of deposition are included in Section 8 of the fact sheet, and she's indicated that she did not have any of those items in her possession. However, if she is able to locate and produce those items we will, of course, supplement.
Q. (By Mr. Horowitz) Okay. Let me ask you about Section 8. It's on Page 5. It's a list of medications.
Do you see that there?