**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation**

Case No. 6:06-md-1769-Orl-22DAB

_____

**ORDER**

**I. INTRODUCTION**

This cause comes before the Court for consideration of Plaintiffs' April 4, 2008, Appeal From, Objections to, and Motion to Vacate Magistrate Judge's Order Governing Permissible Contact and Retention of Certain Florida-Related Physicians As Defense Experts (Doc. 927), to which Defendants responded (Doc. 947) on April 15, 2008, and Plaintiffs' March 25, 2008, Opposed Motion to Stay Operation of Magistrate Judge's Order Governing Permissible Contact and Retention of Certain Florida-Related Physicians As Defense Experts (Doc. 915), to which Defendants responded (Doc. 933) on April 7, 2008.

On March 21, 2008, the United States Magistrate Judge entered an Order (Doc. 912) governing Defendants' retention of certain Florida physicians as expert witnesses. Defendants had initially sought guidance from the Court "out of an abundance of caution" when they began considering certain Florida physicians as potential expert witnesses for the cases selected as part of the Florida trial pool. Specifically, Defendants sought a ruling from the Court authorizing them to contact and retain physicians for the purposes of giving expert testimony in cases in which the physician was not that particular plaintiff's treater, but happened to be named as a treating physician by some other plaintiff in this litigation. Plaintiffs opposed the relief requested,

countering that Florida privilege law prohibited the communications sought by Defendants. The Magistrate Judge ultimately found that prohibiting Defendants from contacting any of the thousands of treating physicians designated by Plaintiffs had the potential to deprive Defendants of a fair opportunity to present a defense in the cases selected for trial in Florida, and, accordingly, granted Defendants the relief they requested, subject to several restrictions. Plaintiffs now seek relief in this Court, and request that the Magistrate Judge's Order be vacated. In the alternative, Plaintiffs propose that the Court modify the Magistrate Judge's Order to include several additional restrictions on Defendants' contact with Florida physicians.

## II. STANDARD OF REVIEW

A district judge must affirm a magistrate judge's order on a nondispositive matter unless that order is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard, "the factual findings of a trial court must be allowed to stand unless the reviewing court is left with the definite and firm impression that a mistake has been made." *Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1534-35 (11th Cir. 1983).

## III. ANALYSIS

Plaintiffs' appeal boils down to the following issue: whether the Magistrate Judge's conclusion that Defendants are not prohibited from contacting Florida physicians for purposes of retaining them as expert witnesses in cases involving non-patients is in conflict with Florida physician-patient privilege law. Plaintiffs argue that the Magistrate Judge's Order "is contrary to law for the fundamental reason that it permits ex parte contact and discussions between Defendants' counsel and Plaintiffs' treating physicians, in violation of the expansive reach of

section 456.057, as interpreted by *Acosta* [*v. Richter*, 671 So. 2d 149 (Fla. 1996)]." Doc. 927 at 12. According to Plaintiffs, Florida law clearly prevents *ex parte* contact between Defendants and the treating physicians of all plaintiffs in this litigation. The Magistrate Judge found otherwise, and the Court agrees.

> The Florida law relating to the physician-patient privilege provides, in pertinent part:
>
> Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.

FLA. STAT. § 456.057 (8). In *Acosta*, the Supreme Court of Florida considered the scope of the physician-patient privilege with respect to *ex parte* contacts between defense counsel and the plaintiff's own treating physicians. In holding that such contact was prohibited by Florida law, the court noted that the physician-patient privilege prohibited the "meeting privately or otherwise communicating ex parte with the plaintiff's treating physicians." *Acosta*, 671 So. 2d at 152. Notably, the court had no opportunity to address the quite different issue presented in the instant litigation: whether Florida law prohibits *ex parte* contact between defense counsel and one plaintiff's present or past treating physician, for possible testimony as an expert witness in a separate *non-patient plaintiff's* case. In the Court's view, Florida's physician-patient privilege relates only to a specific plaintiff's case, in which defense counsel seeks *ex parte* contact with that particular plaintiff's own treating physician. Here, Defendants openly acknowledged that such contact is prohibited, and instead sought only to contact and retain physicians as expert witnesses

in cases involving plaintiffs who have never been treated by those physicians. Under these circumstances, the physician-patient privilege does not apply, as the contact between defense counsel and the physicians hired as expert witnesses does not implicate the disclosure of confidential patient information. Plaintiffs' arguments and case citations with respect to the scope of the Florida physician-patient privilege are, therefore, inapposite.

The Court additionally notes that it denied class certification in a case related to this litigation for good reason. Each of the individual cases contains critical issues of causation, liability and damages that will need to be decided on unique, case-specific facts. Therefore, Plaintiffs' concerns about one plaintiff's loss on an issue translating to another plaintiff's loss on the same issue, and thereby creating conflict between patient and doctor,[1] are largely unfounded. Each case will rise or fall on its own individual facts.

## IV. CONCLUSION

For the reasons stated, the Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. Furthermore, the Court finds that the additional restrictions proposed by Plaintiffs would severely and unnecessarily restrict Defendants' right to hire local experts. Both parties are entitled to an equal opportunity to hire experts who practice locally, as juries generally prefer to hear from experts from within their community. All other arguments not specifically addressed in this Order are found to be without merit.

Based on the foregoing, it is **ORDERED** as follows:

---

[1] Plaintiffs offered the following hypothetical: Plaintiff A loses on a causation or liability issue due to the expert testimony of Dr. B (treating physician of Plaintiff B). As a result, Plaintiff B also stands to lose on that issue, putting Dr. B in conflict with her own patient, Plaintiff B. *See* Doc. 927 at 16.

1. Plaintiffs' Appeal From, Objections to, and Motion to Vacate Magistrate Judge's Order Governing Permissible Contact and Retention of Certain Florida-Related Physicians As Defense Experts (Doc. 927), filed April 4, 2008, is **OVERRULED**.

2. The Magistrate Judge's March 21, 2008, Order granting in part AstraZeneca's Motion For Entry of Order Governing Permissible Contact and Retention of Certain Florida-Related Physicians as Defense Experts (Doc. 912) is **AFFIRMED**.

3. Plaintiffs' Opposed Motion to Stay Operation of Magistrate Judge's Order Governing Permissible Contact and Retention of Certain Florida-Related Physicians As Defense Experts (Doc. 915) is **DENIED**, as Plaintiffs have demonstrated neither a probable likelihood of success on the merits nor that the "balance of equities" weighs heavily in favor of a stay. *See U.S. v. Hamilton*, 963 F.2d 322, 323 (11th Cir. 1992).

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 2, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge David A. Baker

ANNE C. CONWAY
United States District Judge