UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation.

Case No. 6:06-md-1769-Orl-22DAB

_____/

AMENDED[1] ORDER
(CS Administrative Order No. 4)

This cause is before the Court upon the request of the Special Master appointed by the Court by Order of August 3, 2007 (Document No. 348), joined in by MDL Plaintiffs and Defendants, for an Order aiding in the coordination of case-specific discovery in this MDL. After consideration of this request and finding that such an Order would facilitate the orderly, uniform and cost-effective acquisition of relevant information and materials for this litigation, it is **ORDERED** as follows:

   **1.**   *The Basis for this Order.* This Order is issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. §1407, Fed.R.Civ.P. 16 and Fed.R.Civ.P. 26(b), and the Court's inherent authority to implement its Order of June 11, 2007 (Document No. 225), Case Management Order No. 4 entered on July 6, 2007 (Document No. 263), and Case Management Order No. 5 entered on January 11, 2008 (Document No. 792) regarding case-specific discovery in this MDL.

   **2.**   *Cases Affected by this Order.* This Order applies to all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of July 6, 2006 or as tag-along actions, and all related cases originally filed in this Court or transferred or removed to this Court.

   **3.**   *Discovery Affected by this Order.* This Order applies to the case-specific discovery of information and materials from entities (including but not limited to physicians, healthcare providers, pharmacies, educational facilities, former and present employers, insurance providers, and government agencies) relating to plaintiffs in the cases referred to in Paragraph 2 by deposition testimony and the steps necessary to obtain the records of each Physician relating to particular plaintiffs in this litigation.

   **4.**   *Duty to Accept Court-Approved Authorization to Release Medical Records.* The Authorization Form attached to this Order as Exhibit A is HIPPA compliant and has been approved for use in all cases affected by this Order. Accordingly:

---

[1] CS Administrative Order No. 4 is hereby amended solely to include "Exhibit A," which was inadvertently omitted from the original Order.

(a) All physicians, health care providers, or any other entity asked to produce records relating to a plaintiff (all referred to as "Entities") shall accept the Authorization Form as valid for all cases affected by this Order;

(b) Entities may not request or insist upon different forms or terms different from the Authorization Form;

(c) When signed by a patient and plaintiff in cases affected by this Order, the Authorization Form shall be relied upon by all Entities to authorize the release of all medical records, including all psychiatric records;

(d) No facility-specific or different form shall be necessary for production of any records relating to a current or former patient;

(e) No separate release for psychiatric records shall be necessary for production of any records relating to a current or former patient;

(f) A photocopy or pdf image of the Authorization Form shall be accepted;

(g) No original signatures shall be required on the Authorization Form for production of any records relating to a current or former patient;

(h) Any Authorization Form dated after July 1, 2006, shall be effective for production of any records relating to a current or former patient and no differently dated Authorization shall be necessary or requested by the Entities;

(i) The Project Management Office is authorized to white-out any date and re-date the Authorization Form if necessary to secure the production of any records relating to a current or former patient;

(j) Entities may not impose any waiting period for the production of records; and

(k) Entities may not condition the release of requested records upon the payment of unreasonable "processing" or "handling" fees.

**DONE and ORDERED** in Orlando, Florida, on May 22, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

**EXHIBIT A**

AUTHORIZATION FOR RELEASE OF ALL RECORDS

Patient Name: _____
Other name(s) used by Patient: _____
DOB: _____
Social Security Number: _____
Case Name: _____

**PROVIDER NAME**: _____
**PROVIDER ADDRESS**: _____

I hereby authorize all health care providers, physicians, hospitals, clinics and institutions, medical facilities, mental health clinics, mental health hospitals, pharmacies, educational facilities, former and present employers, insurance providers, including Medicare and Medicaid, Social Security Administration disability Determination Services, and Department of Workers' Claims, to release all existing medical records and information, relating to the medical care, treatment, physical/mental condition, and documentation of medical expenses revealed by your observation or treatment past, present and future, including records generated by third parties, as well as all education and employment records regarding Patient to:

_____

And to:  Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois  60603

And to:  Representatives of AstraZeneca

I understand that this authorization includes but is not limited to information regarding the diagnosis and treatment of drug, alcohol, Acquired Immune Deficiency Syndrome (AIDS), and psychiatric and psychological disorders including Psychotherapy Notes[2] as defined by the Health Insurance Portability and Accountability Act 45 CFR 164.50.  It also includes x-ray reports, laboratory reports, CT scans reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, fetal monitor strips, discharge summaries, photographs, surgery consent forms, inform consent forms regarding family planning, admission and discharge records, operation records, doctor and nurses notes, prescriptions, medical bills, invoices, histories, diagnoses, home health records, diabetic flow sheets, electronic and digital records, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information.  It also includes, to the extents such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other document or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc).  It also includes my

---

[2] Psychotherapy notes means notes recorded (in any medium) by a health care provider who is a mental health professional (including social workers) documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of the individual's record.

3

complete employment personnel file, including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports and/or any and all other records relating to my employment past and present, and all educational records, including courses taken, degrees obtained, and attendance records.  This listing is not meant to be exclusive.

**This authorization permits you to release copies of records you made in connection with examinations, diagnosis and treatment of me; it does not permit you nor does it authorize you, to speak to anyone concerning your care and treatment of me.  It does not permit you to interview or to give statement concerning your care and treatment of me.**

I, the undersigned individual am on notice that:
- This request for disclosure of protected health information, and any disclosure of the same pursuant hereto is at the request of the individual.
- Any health care provider disclosing the above requested information may not condition treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization.
- This authorization can be revoked through written notice to the individual above listed entities, except to the extent that action has been taken in reliance on this authorization.  The undersigned is aware of the potential that protected health information disclosed pursuant to this authorization is subject to re-disclosure in a manner that will not be protected by HIPAA regulations.
- A photocopy of this authorization shall be considered as effective and valid as the original, and this authorization will remain in effect until settlement or final disposition of the above-referenced case or five (5) years form the date of this authorization, whichever comes later.

I have carefully read and understand the above, and do herein expressly and voluntarily authorize the disclosure of the above information about, or medical records of, my condition to those persons or agencies listed above.


Date: _____

_____
(Signature) Patient or Patient Representative

_____
Printed name of Patient's Representative (if applicable)


_____
Description of Representative's authority to act for patient/relations to patient (if applicable)


Address:  [Plaintiff's name and address]
_____
_____
_____


**This authorization is designed to be in compliance with the Health Insurance Portability and Accountability Act ("HIPAA") 45 CFR Parts 160 and 164.**