UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This Document Relates to All Cases

ASTRAZENECA'S REPLY IN SUPPORT OF ITS MOTION FOR
AN ORDER DIRECTING PLAINTIFFS TO PRODUCE ZYPREXA-RELATED
DOCUMENTS IN THEIR ACTUAL OR CONSTRUCTIVE POSSESSION

Plaintiffs' Response to AstraZeneca's Motion illustrates why AstraZeneca has been forced to seek relief from the Court. Although plaintiffs admittedly have Zyprexa-related materials in their actual or constructive possession that they should have produced almost one year ago, they continue to avoid their discovery obligations by misinterpreting the categories of Zyprexa documents AstraZeneca seeks, wrongly shifting their burden of production to others, and raising meritless and waived confidentiality objections for the first time. This Reply addresses three misleading arguments set forth in plaintiffs' Response.

Compliance With Local Rule 3.01(g): AstraZeneca complied with Local Rule 3.01(g) by conferring in good faith with plaintiffs and then filing its Motion, with the required Certification, only after issues remained unresolved. On April 24, 2008, counsel for AstraZeneca telephoned plaintiffs' lead counsel to discuss the 15 plaintiffs' failure to produce Zyprexa-related documents. Given the pressing need for production of all responsive documents from these Discovery Pool plaintiffs and plaintiffs' lengthy delay in production, counsel advised that AstraZeneca would move for production of the documents if they were not promptly produced. Plaintiffs' counsel asked AstraZeneca to delay filing any

motions until he had a chance to investigate the issue, and AstraZeneca agreed.

On April 25th, plaintiffs' counsel confirmed that at least 10 of the plaintiffs at issue have Zyprexa-related documents in their actual or constructive possession. *See* Response Exhibit A at 2 (identifying specific documents). Plaintiffs' counsel explained that he was unable to comment on the 5 remaining plaintiffs because he did not represent them in the Zyprexa litigation and had not contacted their Zyprexa counsel. Counsel for AstraZeneca again requested that all 15 plaintiffs produce Zyprexa-related documents. On April 28th, however, despite the prior confirmation that at least 10 plaintiffs have responsive documents, plaintiffs' counsel indicated that none of those plaintiffs would be producing any documents and failed to provide any information about the remaining 5 plaintiffs. *Id.* AstraZeneca therefore filed the present Motion.

As described above, AstraZeneca complied with the Local Rules by engaging in a substantive dialogue with plaintiffs' counsel over a multi-day period and by filing its Motion only when the parties were unable to reach a resolution due to plaintiffs' continued failure to produce the requested documents. *See M.J. Thiele Architect, Inc. v. Tideway Golfview, LLC*, 2008 WL 68581, at *1 n.1 (M.D. Fla. Jan. 4, 2008) (noting that the purpose of L.R. 3.01(g) is to require the parties to communicate substantively in person or by telephone). Plaintiffs cite no authority that requires AstraZeneca to wait indefinitely for a resolution, especially where, as here, plaintiffs' cases are in the late stages of fact discovery and the documents should have been produced nearly a year ago.

Plaintiffs focus on the language used by AstraZeneca in the Certificate of Conference accompanying its Motion and argue that because the Certificate does not specifically recite

that "counsel did not agree," the Motion violates Local Rule 3.01(g) and should not be considered. *See* Response at 2-3. Plaintiffs cite no authority to support this argument, which would essentially give an opposing party veto power over any motion as long as no formal disagreement is expressed. In any event, the specific language of the Certificate is immaterial in light of plaintiffs' Response and continued refusal to produce the requested documents, which demonstrate that the parties are in dispute and require intervention by the Court. *Cf. Kinch v. Big Lots Stores, Inc.*, 2008 WL 660289, at *1 n.3 (M.D. Fla. Mar. 6, 2008) (noting that although plaintiffs' motion did not comply with L.R. 3.01(g), the court would consider the motion on its merits because defendants filed a response in opposition).

<u>Zyprexa Documents at Issue</u>:  Although AstraZeneca's Motion requests all Zyprexa-related documents in plaintiffs' actual or constructive possession, plaintiffs misinterpret the Motion as seeking only those documents produced to Lilly. *See, e.g.*, Response at 4. As AstraZeneca made clear in its Motion, it has already sought documents in Lilly's possession. But not all Zyprexa-related documents are available from Lilly. Contrary to plaintiffs' assertion that Lilly is "indisputabl[y] . . . the comprehensive repository" for Zyprexa documents, Response at 3, Lilly has informed AstraZeneca that it has documents for only 5 of the 15 plaintiffs at issue and does not have certain categories of responsive documents in its possession – specifically those identified by plaintiffs' counsel on April 25th.[1] AstraZeneca is therefore seeking to enforce what plaintiffs have been obligated to produce all

---

[1] Plaintiffs also misinterpret AstraZeneca's May 20, 2008 email identifying the plaintiffs for whom Lilly will produce documents to argue (incorrectly) that AstraZeneca only recently requested documents from Lilly. Response to Motion for Leave at 2. AstraZeneca began general discussions with Lilly about Zyprexa documents even before the Court issued its October 18, 2007 Order, and continued more specific discussions after the Order. Because Lilly is only now preparing to produce documents, AstraZeneca has not violated the Court's October 18, 2007 Order, as plaintiffs contend. *See* Response at 3 n.6.

along – Zyprexa-related documents in *plaintiffs'* actual or constructive possession.  *See* Motion at 6-10.  Plaintiffs do not and cannot contend that production would impose an undue burden on them, particularly because plaintiffs or their counsel almost certainly retained a copy of any documents collected for the Zyprexa settlements, regardless of whether they were submitted to Lilly, any of the four special masters, or no one at all.

Confidentiality Objection:  The record is clear that, *except for settlement figures*, plaintiffs have never objected to the production of Zyprexa-related documents on confidentiality or any other grounds.  They did not object to the court-approved requests encompassing Zyprexa-related documents in the PFS.  They did not object to the same requests attached to their deposition notices.  Nor did they object to AstraZeneca's proposal to collect their Zyprexa-related documents from Lilly.  Plaintiffs have therefore waived any confidentiality objection.  *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 4322764, at *1 (M.D. Fla. Dec. 11, 2007) ("[A]ny claim of confidentiality has been waived because of the Defendant's failure to assert it in its initial responses to discovery.").  And to the extent plaintiffs categorically withheld these documents on confidentiality grounds, the objection is doubly waived because plaintiffs never provided AstraZeneca with a confidentiality log.[2]

In any event, the new confidentiality objections that plaintiffs raise in their Response are devoid of merit.  The 5 plaintiffs represented by separate counsel in the Zyprexa MDL refuse to contact their Zyprexa counsel for documents, contrary to their undisputed obligation to do so, Motion at 8-10, and object to production based on confidentiality restrictions that may or may not exist.  Response at 4-5; Response to Motion for Leave at 2-3.  But

---

[2] In fact, plaintiffs have never even provided a privilege log to AstraZeneca with respect to any document or privilege objection.

4

unidentified confidentiality protections would not limit *plaintiffs'* production of *plaintiffs' own documents*.  The general purpose of confidentiality protections is to protect the producing party's documents in the hands of a *receiving* party – not its own hands.  More importantly, the protective order *in this MDL* is plainly sufficient to address any genuine confidentiality concerns.  Indeed, AstraZeneca has produced a significant number of highly sensitive, confidential documents pursuant to this protective order.

Similarly, all 15 plaintiffs raise a confidentiality objection with respect to requesting documents from the special masters in the Zyprexa MDL.  Response at 5-6.  But there is no confidentiality doctrine that would prevent the special masters from giving *plaintiffs* – at *plaintiffs'* request – *plaintiffs'* own documents, which is what AstraZeneca seeks here.  Indeed, plaintiffs' confidentiality argument illustrates why AstraZeneca must rely on plaintiffs to obtain these Zyprexa-related documents.  If AstraZeneca were to subpoena any party other than plaintiffs (such as the special masters) to obtain plaintiffs' documents, AstraZeneca would face an objection that the party cannot produce plaintiffs' documents without plaintiffs' express consent.  AstraZeneca is therefore seeking the documents directly from their source – plaintiffs – and respectfully requests that its Motion be granted.

DATED:  May 27, 2008	Respectfully submitted,

*/s/ Fred T. Magaziner*
Fred T. Magaziner
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 27, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Eliot J. Walker*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |