**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**IN RE:  Seroquel Products Liability
Litigation**

                                    **Case No. 6:06-md-1769-Orl-22DAB**

_____

**This Document Relates to ALL CASES**
_____

**ORDER
(CS Administrative Order No. 5)**

      This cause is before the Court upon the request of the Special Master appointed by the Court by Order of August 3, 2007 (Document No. 348), joined in by MDL Plaintiffs and Defendants, for an Order aiding in the coordination of case-specific discovery in this MDL. After consideration of this request and finding that such an Order would facilitate the orderly, uniform and cost-effective acquisition of relevant information and materials for this litigation, it is **ORDERED** as follows:

      **1.**    *The Basis for this Order*.  This Order is issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to 28 U.S.C. § 1407, Fed.R.Civ.P. 16 and Fed.R.Civ.P. 26(b), and the Court's inherent authority to implement its Order of June 11, 2007 (Document No. 225), Case Management Order No. 4 entered on July 6, 2007 (Document No. 263), and Case Management Order No. 5 entered on January 11, 2008 (Document No. 792) regarding case-specific discovery in this MDL.  The terms of this Order shall apply in the event of any conflict with the provisions of CMO 4 or CMO 5.

      **2.**    *Scope of this Order*.  This Order applies to the full case-specific discovery in the cases selected for the Initial Trial Pool under paragraph 6 of CMO No. 5.

      **3.**    *Number of Depositions.*  Pursuant to Fed.R.Civ.P. 30(a)(2)(A), and subject to Paragraph 13 of this Order, Plaintiffs may depose up to a total of ten witnesses per Initial Trial Pool case and Defendant may depose up to a total of ten witnesses per Initial Trial Pool Case.

      **4.**    *Duration of Each Deposition*.  The duration of each deposition shall be governed by Fed.R.Civ.P. 30(d) except time for sales representatives shall be governed by CMO 5.

      **5.**    *Designation of Deponents.*  No later than twenty days after a case is designated as a Trial Pool case, Plaintiffs and Defendants shall designate the Physicians, Sales Representatives (except as provided by Paragraph 11) and any other person the designating Party

intends to depose in the case, and shall serve such designations upon the other Party and the PMO. In the event that both Parties designate the same individual for deposition, the PMO shall allocate the request for deposition to one Party or the other and thereafter shall alternate duplicate requests between the Parties. The Party to whom the requested deposition has been allocated shall be deemed to have designated the deposition. Any designations by a Party may be modified or supplemented at any time to add or alter deponent designations, subject to the other provisions of this Order and the provisions of Paragraph H of CMO No. 5 regarding the conclusion of full case-specific discovery in the Initial Trial Pool cases.

6. *Designation Method.* Each Party shall make the designations under Paragraph 5 simultaneously at 5:00 pm ET on date due, in an Excel spreadsheet e-mailed to the PMO and to the other Party providing, at a minimum: (a) the date of the designation; (b) the name of the deponent designated; (c) the name and number of the Initial Trial Pool case(s) in which the deponent is designated; (d) the time desired for questioning; (e) whether the deposition will be videotaped; (f) whether the PMO is requested to obtain any records from the deponent and, if so, for what period of time; and (g) if the PMO is to obtain records from a deponent, and/or if the designating Party requests that the PMO issue a notice and/or subpoena for a deponent, the address and telephone number of the deponent. Within five business days after receipt of the deposition designations by the other Party, Plaintiffs and Defendants shall serve on the other Party and the PMO the Excel spreadsheet indicating whether the Party requests questioning time of any deponent designated by the other Party, and if so, the amount of time requested. Each Party shall use this Excel spreadsheet method for any other designations made under this Order. The PMO may replace the spreadsheet method with a web-based exchange system to enhance efficiency.

7. *The Conduct of a Deposition.* The examination and cross-examination of a deponent shall proceed in accordance with Fed.R.Civ.P.30. The party designating a deponent under Paragraph 5 may question the witness first. The Special Master shall resolve any disputes between the Parties on this issue.

8. *Calculation of the Number of Depositions for Each Party*. Any deposition designated by a Party pursuant to Paragraph 5 shall be considered to be a deposition taken by such Party for purposes of calculating the number of depositions by such Party for Initial Trial Pool case under Paragraph 3. The Special Master shall resolve any disputes between the Parties on this issue.

9. *Responsibility for Payment of Physician Time and Record Copying Costs.* Each Party shall be responsible for the payment of the fees of any physician deposed in proportion to the amount of time the Party used for questioning in the deposition as determined with reference to the transcript prepared by the court reporter. Each Party shall be responsible for one-half of the amounts paid to records providers for the costs of copies obtained by the PMO for a deposition in an Initial Trial Pool case. The Special Master may adjust the allocation as circumstances warrant in a particular case or to facilitate the payment process.

10. *Court Reporter.* The Party designating a deposition under Paragraph 5 shall be responsible for arranging the court reporter and videographer, if necessary, for such deposition.

If both parties designate the same person as a deponent in the same Initial Trial Pool case, the party proceeding with questioning first under Paragraph 7 shall arrange for the court reporter and videographer, if necessary, for such deposition.

   **11.** *Contact Disclosures.* If contact information required by Paragraph II.A of CMO No. 4 was previously produced in Limited Case-Specific Discovery, Plaintiffs shall designate any Sales Representative disclosed there in accordance with Paragraph 5. For those physicians for whom disclosures were not made in Limited Case-Specific Discovery, no later than ten days after their designation for deposition, Defendants shall provide to Plaintiffs the contact information required by Paragraph II.A of CMO No. 4. Plaintiffs have the right to notify Defendants of the need for supplemental disclosures relating to any physician as to whom disclosures were made previously. The Special Master shall resolve any disputes as to this issue. No later than five business days after the date Defendants provide contact information or supplemental information, Plaintiffs may designate for deposition any Sales Representatives associated with the Prescribing Physician.

   **12.** *PMO Processes.* Except as modified by this Order, the PMO shall continue in the case-specific discovery of Initial Trial Pool cases its processes for assisting in case-specific discovery followed during the Limited Case-Specific Discovery program. CS Administrative Orders 1 through 4 shall apply to case-specific discovery in the Initial Trial Pool cases.

   **13.** *Modifications of this Order.* By agreement or by decision of the Special Master, the parties and the Special Master may modify any of the terms of this Order as necessary to facilitate the full case-specific discovery in the Initial Trial Pool cases, including the matters subject to Fed.R.Civ.P. 30(a)(2) and Fed.R.Civ.P. 30(d), provided that such modifications are consistent with CMO No. 5 and any other order of the Court.

   **DONE and ORDERED** in Orlando, Florida, on May ____, 2008.

                _____
                **DAVID A. BAKER**
               **UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
Counsel of Record

**WE ASK FOR THIS:**

**SPECIAL MASTER:**

By:     s/ Orran L. Brown
       Orran L. Brown, Special Master
       Virginia State Bar No. 25832
       BrownGreer PLC
       115 South 15th Street, Suite 400
       Richmond, Virginia 23219
       Telephone: (804) 521-7201
       Facsimile: (804) 521-7299
       E-Mail: obrown@browngreer.com

**AGREED:**

| **PLAINTIFFS' COUNSEL:** | **DEFENDANTS' COUNSEL:** |
|---|---|
| s/ Buffy K. Martines | s/ Russell O. Stewart |
| Buffy K. Martines | Russell O. Stewart |
| Laminack, Pirtle & Martines | Faegre & Benson LLP |
| Lyric Center Building | 3200 Wells Fargo Center |
| 440 Louisiana, Suite 1250 | 1700 Lincoln Street |
| Houston, TX 77002 | Denver, CO 80203-4532 |
| Telephone: (713) 292-2750 | Telephone: (303) 607-3688 |
| Facsimile: (713) 223-4870 | Facsimile: (303) 607-3600 |
| E-Mail: buffym@lpm-triallaw.com | E-Mail: rstewart@faegre.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |