# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to:

**ALL CASES**

MDL DOCKET NO:

**6:06-MDL-1769-ACC-DAB**

## PLAINTIFFS' MOTION TO COMPEL THE RECONVENING OF THE DEPOSITION OF DR. MICHAEL J. REINSTEIN AND FOR RELATED RELIEF, AND MOTION FOR ORAL HEARING

Plaintiffs in the above-referenced MDL proceeding ("Plaintiffs") hereby file the above-entitled motion requesting the following relief:

1. the Court's issuance of an Order compelling the reconvening of the oral deposition of Dr. Michael J. Reinstein, M.D. (the "Reinstein Deposition");

2. (a) the Court's *in camera* inspection of certain documents[1] that were and are intended to be used as exhibits in the Reinstein Deposition, but that were improperly over-designated as "confidential" by Defendant AstraZeneca, without legal basis, such that Plaintiffs were unable to use the documents in the examination of Dr. Reinstein because of his refusal to sign or comply with the Protective Order (Doc. 478) in this case; and (b) the Court's issuance of an Order declassifying those documents from confidential status;

3. the Court's issuance of a Show Cause Order, requiring AstraZeneca to show good cause and a balancing of the interests in favor of maintaining the confidentiality of all prior deposition transcripts and exhibits thereto within 10 days, in light of the over-designation of purportedly "confidential" documents referenced in Item 2 above;

4. the Court's issuance of an Order staying the current June 30, 2008 general fact discovery deadline until such time as the matter of the declassification of

---

[1] Pursuant to Local Rule 1.09 and the Court's Protective Order § 10, Plaintiffs have today filed their Motion to Seal Exhibits 1-42 to this Motion, requesting leave to file under seal with the Clerk of the Court 42 documents that Plaintiffs reference herein as Exhibits 1-42, which represent a sampling of documents AstraZeneca designated as confidential that Plaintiffs intended (and intend) to use in the oral examination of Dr. Reinstein.

documents requested in this Motion is resolved and Plaintiffs have had an opportunity to examine Dr. Reinstein with regard to the documents including those referenced in Item 2 above; and

5.  pursuant to Local Rule 3.01(j), Plaintiffs request oral hearing on this Motion at the next regularly scheduled status conference, or at such earlier time that the Court may direct.

While mindful of the Court's strict trial preparation schedule under Case Management Order No. 5 ("CMO No. 5"), Plaintiffs are duty-bound to raise with the Court the prejudicial circumstances relative to the Reinstein Deposition and AstraZeneca's over-designation of allegedly confidential documents and to seek the relief described herein, and would respectfully show the Court as follows:

## I.
## SUMMARY

AstraZeneca has tied Plaintiffs' hands with respect to Plaintiffs' full deposition examination of Dr. Reinstein, as well as other depositions in Seroquel-related litigation against AstraZeneca.[2]   AstraZeneca accomplished this through its over-designation of documents it produced as "confidential"—a fact of which the Court has been aware since at least August 2007:

> [W]hat's happened here [in this litigation] is what happens in most of these cases, . . . is everybody wants to designate almost everything as confidential and almost none of it really is.  Now, I'm not prejudging anything here, but for walking around purposes, companies don't want people talking about stuff.  But ***when it's in litigation, there's really not very much that's protected from public disclosure because it's in open court.***  This is taxpayer funded.  Here we are.

---

[2]      *See* n. 6 and accompanying text, *infra* at 7.

2

(Tr. of Aug. 22, 2007 Pretrial Conference 153:18-25, 136:1-3; emphasis added.)   The Protective Order in this case does not permit Plaintiffs to show a deponent any "confidential" document unless the deponent has signed the endorsement thereto, or acknowledged on the record that the documents are confidential and that s/he will not share or discuss them outside the deposition.[3]

In the Reinstein Deposition, Plaintiffs' counsel were deprived of any meaningful examination of Dr. Reinstein about AstraZeneca-produced documents because AstraZeneca had previously and wrongfully classified each of those documents as "confidential" pursuant to the Court's Protective Order (Doc. 478), and Dr. Reinstein refused to comply with the terms of the Protective Order.  (Doc. 478.)  As a result, AstraZeneca fundamentally and prejudicially denied Plaintiffs' right to examine a key witness concerning AstraZeneca-produced documents by over-designating those documents as confidential.

---

[3]    The Protective Order § 9 states:

> **Confidential Information in Depositions:**  Nothing shall prevent broader disclosures beyond those limited by this paragraph if the Designating Party consents in writing to such disclosure.
>
> (A)  A deponent may during the deposition be shown and examined about Confidential Discovery Materials if the provisions of paragraph 3 are complied with [--i.e., reviews the Protective Order and signs the endorsement].   A deponent who is not a party, an employee or representative of a party or the attorney of said nonparty, employee, or representative of a party, will be furnished a copy of this Order before being examined about, or asked to produce potentially confidential documents.
>
> *    *    *
>
> (C)  The parties will use their best efforts to make sure that every witness that will be shown the Confidential Discovery Material signs the Endorsement of Protective Order.  In the event that a deponent refuses to sign the endorsement, a party may not show a confidential document to the deponent unless the deponent affirms on the record in the deposition that they understand the document and the information contained therein are confidential and understand that they are prohibited from sharing or discussing that document or the information contained therein with anyone outside the deposition.

Now, with the rapidly approaching close of the time period for completion of general fact discovery under CMO No. 5, Plaintiffs are forced to seek this relief from the Court so that they may reconvene the Reinstein Deposition, avoid future, unwarranted deposition-related delays and costs created by AstraZeneca's over-designation of documents, and achieve a fair and final determination as to whether so-called "confidential" AstraZeneca documents to be used as Reinstein Exhibits—as well as other deposition transcripts and exhibits that AstraZeneca has also claimed are also "confidential"—are in fact deserving of such protection.

As shown below, while the umbrella Protective Order entered in this case helps to facilitate discovery in this complex litigation, it should not be used to substantively expand the protection provided by Federal Rule of Civil Procedure 26(c)(7) or to overcome First Amendment and common law rights of access to the courts and to petition the government. The mere designation of documents by AstraZeneca as "confidential" does not make them so, but only postpones temporarily the Court's decision as to whether such classification is justified.  The Court should make that determination now with respect to the sampling of Reinstein exhibits (Exhibits 1-42 here), and order AstraZeneca to show good cause and a balancing of Plaintiffs' and AstraZeneca's interests in favor of maintaining the confidentiality designations of other deposition transcripts and exhibits.

## II.
## BACKGROUND

On June 30, 2008, the time period expires for Plaintiffs' discovery of AstraZeneca's corporate witnesses and third parties, pursuant to the terms of CMO No. 5, as modified by the Order of April 11, 2008 (Doc. 943).

On February 21, 2008, this Court issued an Order denying AstraZeneca's Motion to Maintain the Confidentiality of Certain Exhibits Cited at the Deposition of Denise Campbell. (Doc. 870).  Pursuant to the terms of the Protective Order in this case (Doc. 478), Plaintiffs challenged the confidentiality of the Denise Campbell deposition exhibits (after having had the opportunity to depose Ms. Campbell regarding those exhibits, unlike their examination of Dr. Reinstein), and AstraZeneca filed its motion to preserve the confidentiality of the same. (Doc. 762.)

The Court denied AstraZeneca's motion on the basis that it was premature.  The crux of the Court's Order was that it would be an "improvident use of scarce judicial resources" for the Court to consider the parties' dispute over the declassification of confidential documents as an issue unto itself, ***absent a "need for removing confidentiality protections" such as where the documents are "necessary to Plaintiffs' presentation of a motion to compel . . . ."*** (Doc. 870 at 3-4.)[4]

By this Motion to Compel, Plaintiffs demonstrate an imperative need for the Court to assess the legal justification for AstraZeneca's confidentiality designations.  In the deposition of Dr. Michael Reinstein, which was noticed for and convened on May 28, 2008 in Chicago, Illinois, the deponent refused to sign the endorsement that accompanies the Protective Order in this case, and otherwise refused on the record to be bound by the terms of the Protective Order.  As a result, Plaintiffs' counsel were wholly deprived of the opportunity to examine Dr. Reinstein regarding any of the documents that AstraZeneca had previously produced to

---

[4]    Respecting the Court's Order (Doc. 870), although Plaintiffs' have desired to persist in challenging before the Court AstraZeneca's confidentiality designations, Plaintiffs have been unable to do so until a "need for removing confidentiality protections" arose, notwithstanding the procedures otherwise set forth in the Protective Order. (Doc. 478).

Plaintiffs, but had designated as "confidential."  Plaintiffs' counsel established on the deposition record that they had been prejudicially denied the chance to examine Dr. Reinstein regarding the exhibits, would request permission from the Court to reconvene the deposition at a later date, and would seek an order from the Court lifting the confidentiality restrictions currently imposed on the documents intended to be used as exhibits in the Reinstein deposition.

Dr. Reinstein's years-long financial relationship with AstraZeneca and seemingly extensive knowledge of Seroquel clinical trials, development, and marketing render the value of his full deposition testimony incalculable.  Reinstein has been a member of AstraZeneca's Seroquel "Speakers Bureau" for nearly ten years, traveling the country and internationally, lecturing to doctors and others about the safety and efficacy of Seroquel treatment.  He has been paid several hundred thousand dollars by AstraZeneca for promoting Seroquel in that fashion.  He conducted early retrospective studies regarding the health benefits and side effects of Seroquel treatment, and purports to have co-authored medical articles regarding those studies.  According to documents Dr. Reinstein himself produced, he may also have been, at one time, the most prolific prescriber of Seroquel in the world.

This issue is time-critical, and out of necessity requires the Court's departure from the procedures set forth in the Protective Order for challenging documents' "confidential" designation.  As noted above, the general liability discovery period ends on June 30, 2008— 18 days from the date Plaintiffs filed this Motion.  Under the time constraints of CMO No. 5, Plaintiffs cannot comply with the procedures set forth in Protective Order § 12 ¶¶ (B) and (C) and achieve any satisfactory redress of the issues raised in this Motion in advance of the

discovery cutoff.  (Doc. 478.)  Those procedures may require as much or more than 51 days to play out.  Indeed, even if Plaintiffs' counsel sufficiently challenged the confidentiality of the AstraZeneca documents in the Reinstein Deposition on May 28, 2008 for purposes of triggering Protective Order § 12(B), there would still inadequate time complete the Protective Order's process for such challenges before the June 30, 2008 deadline.  Absent the Court's consideration of this Motion, Plaintiffs cannot remedy the prejudicial effects of AstraZeneca's over-classification of confidential documents on Plaintiffs' oral examination of Dr. Reinstein.[5]

Moreover, Plaintiffs are justifiably concerned that this issue may arise in the numerous depositions scheduled for these last few weeks prior to the close of discovery of AstraZeneca and third-party witnesses.[6]  Plaintiffs have scheduled numerous depositions of AstraZeneca personnel and third parties to be conducted on or before June 30, 2008.[7]  Absent

---

[5]    This same procedural dilemma will repeatedly present itself when it comes time to file and respond to dispositive motions in this litigation.  Under an assumed 11-day time window to respond to Motions, pursuant to CMO No. 1, there is simply insufficient time to challenge the confidentiality designations of transcripts and exhibits pursuant to the procedures set forth in the Protective Order, requiring the parties to repeatedly move the Court to file deposition transcripts and exhibits in support of motions and responses under seal.  *See* discussion *infra* at 19-20.

[6]    Similar obstacles to the full examination of witnesses have already arisen in the Delaware Seroquel litigation, including the depositions of four prescribers in which the doctors refused, either on their own or on advice of counsel, to sign the endorsement to the protective order in that case, or stipulate to the confidentiality of documents on the record.  The protective order entered in the Delaware litigation is substantially identical to the Protective Order in this case, and the same documents have been produced by AstraZeneca in Delaware as here, with the same confidentiality designations.

[7]    | | |
|---|---|
| 6/16/2008 | Linda Warner, Associate Director of Drug Safety |
| 6/18/2008 | Barry Arnold, PhD, Vice President Global Drug Safety |
| 6/19/2008 | Dr. Carol Tamminga, Key Opinion Leader |
| 6/20/2008 | David Brennan, AstraZeneca CEO |
| 6/20/2008 | Patricia Suppes, Key Opinion Leader |
| 6/25/2008 | Ronald Leong, Senior Medical Director |
| 6/25/2008 | Claudia Piano, Parexel MMS, Senior Client Services Director |
| 6/26/2008 | Dr. Robert Hirscfield, Key Opinion Leader |

a Court ruling as to the proper confidentiality protections due these documents, Plaintiffs fear that similar impediments to the examination of the above-listed witnesses may arise.

### III.
### ARGUMENT & AUTHORITIES

**A.**  **The Reinstein Deposition Exhibits Do Not Constitute Confidential Information Entitled To Protection.**

It "has become commonplace . . . [for] parties [to] stipulate to . . . protective order[s] allowing each other to designate particular documents as confidential and subject to protection" pursuant to Rule 26(c)(7), a tool that has "replace[d] the need to litigate the claim to protection document by document . . . ." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001).  "Nevertheless, calling a document confidential does not make it so in the eyes of the court; these consensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved . . . ."  *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1362 (N.D. Ga. 2002).

The "inevitable moment" has arrived for AstraZeneca to substantiate its claims regarding confidentiality of exhibits used in the Reinstein Deposition and others, as well as the confidentiality designations of the transcripts themselves.  Pursuant to Federal Rule of Civil Procedure 26(c), AstraZeneca bears the burden of establishing confidentiality and likewise overcoming the presumption of discoverability in connection with deposition exhibits.  *See CBS, Inc.*, 184 F.Supp.2d at 1362 ("Once challenged, . . . any decision to enter a Rule 26(c) protective order must be construed in light of the presumption in favor of public access to the courts."); *see also, e.g., Chicago Tribune*, 263 F.3d at 1307; *Union Oil Co. v.*

*Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("What happens in the halls of government is presumptively public business.  Judges deliberate in private, but issue public decisions after public arguments based on public records.").

Rule 26(c)(1)(G) requires that AstraZeneca prove the information at issue is either a trade secret or "other confidential research, development, or commercial information."  The Rule's "good cause" standard for establishing confidential protection of such information requires that a host of "commonly accepted criteria" be met.  *See Chicago Tribune*, 263 F.3d at 1313.  Coupled with the Rule 26 standard, the Eleventh Circuit has imposed a balancing of interests test.  *See In re Alexander Grant & Co.*, 820 F.2d 352, 356 (11th Cir. 1987) (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985), for the proposition that "[w]hile Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule").  "This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential."  *Chicago Tribune*, 263 F.3d at 1313.

AstraZeneca simply cannot meet those tests with respect to the documents and deposition transcripts in question.  AstraZeneca will be unable to establish that the exhibits and transcripts contain trade secrets or confidential information entitled to protection under Federal Rule of Civil Procedure 26(c) or under the Court's Protective Order.  The mere labeling of information as "proprietary" or "commercial information" is insufficient to establish the information as confidential or as containing trade secrets so as to warrant protection under court order or the federal rules.  *See Camp Creek Hospitality Inns, Inc. v.*

*Sheraton Franchise Corp.*, ITT, 139 F.3d 1396, 1411, n.25 (11th Cir. 1998) ("We are cognizant of the fact that not all confidential information rises to the level of a trade secret."). In previous submissions on the issue of confidentiality of documents, AstraZeneca has failed to address the "commonly accepted criteria that define [trade secrets]," which the Eleventh Circuit requires a party seeking to enforce such confidentiality designation to establish: "that [the defendant] must have consistently treated the information as closely guarded secrets, that the information represents substantial value to [the defendant], that it would be valuable to [the defendant's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Chicago Tribune*, 263 F.3d at 1313-14 (remanding to district court where defendant failed to prove the existence of trade secret but instead submitted an overly conclusory affidavit and privilege log).

Even if AstraZeneca proves that the documents in question are entitled to trade secret protection, the documents would still not be entitled to protection under the requisite balancing of interests analysis as previously described herein. *See e.g.*, *Chicago Tribune Co*, 263 F.3d at 1314-15 (holding that even if the district court determined that documents do in fact contain trade secrets, the court must nevertheless balance the party's interest in keeping the information confidential against its adversary's interest in disclosure). Plaintiffs' interests in disclosure are manifest: they are constitutionally entitled to examine Dr. Reinstein, a key AstraZeneca witness, regarding the documents, and future depositions in this and other Seroquel-related depositions should not be compromised by the wrongful over-designation of the subject documents as confidential. Moreover, as discussed further

discussed below, the public's right to these judicial records outweigh AstraZeneca's interest in secrecy.[8]

In response to previous motions submitted to the Court concerning the confidentiality of documents, AstraZeneca has relied on a very narrow reading of *Farnsworth* in concluding that its interest in establishing confidentiality designation of deposition exhibits outweighs any interest asserted by the Plaintiffs.  But, *Farnsworth* addressed the particular circumstance of the disclosure of highly personal material including names and addresses of participants in a Center for Disease Control study involving personal questions of medical and pregnancy history, sexual practices, and contraceptive methods.   758 F.2d at 1546 (declaring that "[e]ven without an express guarantee there is still an expectation, not unjustified, that when ***highly personal and potentially embarrassing information is given for the sake of medical research, it will remain private***.")  *Id.* (emphasis added).   Here, however, none of the documents proffered as Reinstein exhibits contain any "personal and potentially embarrassing" information as would entitle them to protection for the sake of medical research, public health, or any other regarded public purpose.  *Farnsworth* simply does not mandate protection of the Reinstein and other deposition exhibits and transcripts.

Finally, certain of the documents to be proffered as exhibits in Dr. Reinstein's deposition have already been submitted to government agencies and/or other third parties, yet AstraZeneca is still claiming that those documents are confidential.  (*See* Exhibits 5-7, 11, 14-15, 34-35, 38.)  In addition, many of the documents are 6-10 years old or older.  (*See* Exhibits 1-12, 14-17, 21-33, 36, 38, 40, 42.)   They evidence the company's internal

---

[8]        *See* discussion *infra* at 16-18.

knowledge regarding the safety and efficacy of Seroquel—a drug that has been on the market since 1997—from its inception.  It is difficult to envision what advantage such antiquated documents might offer AstraZeneca's antipsychotic drug competitors, most of which are embroiled in their own litigation over this controversial class of drugs.  *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559, 574-75 (E.D.N.Y 1985) ("***An important factor in determining whether disclosure will cause competitive harm is whether the information that the party seeks to protect is current or stale.***") (emphasis added); *United States v. Int'l Bus. Machs. Corp.*, 67 F.R.D. 40, 48-49 (S.D.N.Y. 1975) (holding that information 3-15 years old was stale and not entitled to protection); *Rosenblatt v. Northwest Airlines, Inc.*, 54 F.R.D. 21, 23 (S.D.N.Y. 1971) (deeming need for court's protection diminished because information was one year old); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 311 (N.D. Cal. 2005) (applying Fed. R. Civ. P. 26(c) and determining that letter from surgical gel manufacturer's employee to third party consultant transmitting information for animal study to be performed did not constitute trade secret, where letter was ten years old**,** manufacturer had made publicly available substantial information and data concerning subject of test, and there was no evidence that information was proprietary).  Even more difficult is determining what "value" there is in such documents at this point in time vis-a-vis "the effort of [their] creation and lack of dissemination."  *Chicago Tribune*, 263 F.3d at 1313-14.  However, that is for AstraZeneca, not Plaintiffs, to establish.[9]

---

[9]      Albeit no firm offer was made in Plaintiffs' meet and confer discussions with AstraZeneca's counsel pursuant to Local Rule 3.01(g), AstraZeneca may offer, in response to this Motion, to either secure Dr. Reinstein's endorsement of the Protective Order, or to waive the requirements of the Protective Order for purposes of Dr. Reinstein's deposition, allowing Plaintiffs' counsel to show documents to Dr. Reinstein for purposes of completing the deposition.  Neither of those options is satisfactory to Plaintiffs.  First, Dr. Reinstein has already sworn on the record in the deposition that he would not sign the Protective Order, and offered

**B.**     **Plaintiffs Are Constitutionally Entitled To A Full And Fair Opportunity To Examine Dr. Reinstein Regarding AstraZeneca's Documents.**

AstraZeneca has unjustly and prejudicially used the confidentiality provisions of the Protective Order as a shield from discovery by over-designating documents as confidential, guarding as quasi-privileged documents that support Plaintiffs' claims without any substantive legal basis for doing so.  "[T]he right to confront and cross-examine witnesses is a fundamental aspect of procedural due process.  . . . .  The right to present evidence is, of course, essential to the fair hearing required by the Due Process Clause."  *Jenkins v. McKeithen*, 395 U.S. 411, 428 (1969); *In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir. 1941) ("[It] would . . . violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied upon by his opponent presented at the hearing of his case so that he may have opportunity to cross-examine his opponent's witnesses and to offer evidence in rebuttal."); *see Interstate Commerce Comm'n v. Louisville & Nashville R. Co.*, 227 U.S. 88, 93 (1913) ("[M]anifestly there is no hearing when the party does not know what evidence is offered or considered, and is not given an opportunity to test, explain, or refute."); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."); *Carter v. Morehouse Parish Sch. Bd.*, 441 F.2d 380, 382 (5th Cir. 1971) ("A ruling based on evidence which a party has not been allowed to confront or rebut is one which denies due process.").  AstraZeneca's continued improper designation of

---

several reasons—under oath—for not doing so.  For AstraZeneca to suddenly produce an endorsement signed by Dr. Reinstein would reek of improper influence over the witness.  Finally, AstraZeneca should not be permitted to simply waive, at its pleasure, the requirements of the Protective Order to avoid this Court's review of the bases for confidentiality of the documents presented as exhibits in deposition.  If AstraZeneca is permitted to selectively and unilaterally waive confidentiality protections in certain, non-party depositions, that begs the question of whether the documents are truly deserving of confidentiality protection at all.

documents such as the Reinstein exhibits deny Plaintiffs their constitutional guarantee of procedural due process.

Moreover, there exists a "general duty to give what testimony one is capable of giving," considering that "any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (identifying four factors as relevant to determining whether an evidentiary privilege should be created). The Eleventh Circuit has previously rejected the overbroad application of confidentiality protections and evidentiary privilege in light of their adverse effects on a plaintiff's pursuit of federal claims. *Adkins*, 488 F.3d at 1329. In that case, the plaintiff appealed the district court's order limiting plaintiff's discovery of medical peer review documents to those involving physicians in plaintiff's department at defendant hospital and to the time period preceding plaintiff's suspension. *Id*. at 1324. On appeal, the Eleventh Circuit acknowledged that the medical peer review privilege may serve important interests. *Id*. at 1329. However, "guided by the principles disfavoring privileges" and the "overriding goal" of the litigation—"the discovery of evidence essential to determining whether there [is a cause of action]"—the Eleventh Circuit held the information the privilege sought to protect did "not warrant the extraordinary protection of an evidentiary privilege" in that civil rights case. *Id*. at 1328-29. In so holding, the Eleventh Circuit emphasized that "the documents that [defendant] seeks to protect are critical to [plaintiff's] discrimination claims." *Id*. at 1329. Further, "the only way that [plaintiff] can demonstrate the existence of disparate treatment in his case against the hospital is to compare his peer review with the peer review files of other physicians." *Id*.

Noting the "important distinction between privilege and protection of documents," the Eleventh Circuit examined the district court's authority to protect parties' interests in the absence of privilege through other established means such as "protective orders, confidentiality agreements and, when appropriate, by disclosure only after in-camera review of these documents." *Id*. at 1330. Even when pursuing avenues to protect the confidentiality of unprivileged documents, however, the Eleventh Circuit emphasized that the district court was still "bound to adhere to the liberal spirit of the Federal Rules." *Id*. at 1331 (internal quotations omitted) (emphasis added). Thus, because the district court's protective "limits excessively narrowed the scope of discovery," the Eleventh Circuit held that the district court erred by denying plaintiff greater latitude in order to access documents relevant to his claim. *Id.* (emphasis added).

Thus, "in a world where discovery abuse has become common, and refusal to comply with discovery . . . often appears to be a tactical decision made after a cost/benefit analysis by the litigants," Plaintiffs here require the Court's intervention to prevent the denial of due process. *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1146 (11th Cir. 2006). Under the present circumstances, Plaintiffs' fair examination of witnesses is improperly contingent upon the witnesses agreement to be bound by the Protective Order, when the documents that AstraZeneca claims are subject to that Order are not entitled to confidentiality protections at all. Only after the Court's review and declassification of documents wrongfully designated confidential by AstraZeneca will Plaintiffs be able to effectively examine witnesses such as Dr. Reinstein.

**C.**     **Continued Baseless Secrecy Of AstraZeneca's Documents Violates Both Public Policy And Constitutional Rights.**

This Court has repeatedly expressed its disfavor for overbroad confidentiality designations.  Judge Conway has previously informed the parties that

> This Court, and in general *these two judges in particular, really disfavor the filing of things under seal or approving the filing of things under seal.*   And we will not approve a proposed order that allows you to file things under seal carte blanche . . . [W]hen it comes to filing things *you actually need to make a real showing that it's entitled to some protection and not just waiving your hands and saying trade secret or lab research or something like that.*

(Tr. of Aug. 22, 2007 Pretrial Conference 135:18-25, 136:1-3; emphasis added.)

Despite that admonition, AstraZeneca has continued to improperly designate as "confidential" documents and deposition transcripts, including the documents at issue here, that are undeserving of confidentiality protection.  AstraZeneca's conduct in that regard has cast it in a role that is contrary to public policy and the Court's function as an open forum.  Addressing defense counsel in that regard, Magistrate Judge Baker explained:

> [J]ust so you're clear about what my attitude is, most of this – just company stuff is not going to worthy of filing under seal. And let me explain to you why.  *There's a public policy purpose that this is an open public forum.*

(Tr. of Aug. 22, 2007 Pretrial Conference 137:2-7; emphasis added.)

Magistrate Baker's position with respect to the confidential status of documents is soundly supported by controlling and persuasive precedent.  "The law's basic presumption is that the public is entitled to every person's evidence," and, accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible."  *Farnsworth*, 758 F.2d at 1546-47; *see Blackmer v. United States*, 248 U.S. 421, 438 (1932).  Accordingly, "once a

matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir.1992).

Beyond public policy concerns, the continued secrecy of documents evidencing AstraZeneca's knowledge of serious health hazards related to Seroquel, information which Plaintiffs contend was withheld from the Food and Drug Administration ("FDA") and other government officials and/or healthcare providers, violates Seroquel users' and other persons' First Amendment and common law rights to petition their government and access the courts. The First Amendment's Petition Clause, made applicable to the states through the Fourteenth Amendment, "protects people's rights to make their wishes and interests known to government representatives in the legislature, judiciary, and executive branches." *Biddulph v. Mortham*, 89 F.3d 1491, 1496 (11th Cir. 1996) (citing *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.* 365 U.S. 127, 138-41 (1961)); *see McDonald v. Smith*, 472 U.S. 479, 481 (1985) (noting that "James Madison in congressional debate on Petition Clause made clear that people have the right to communicate their will through direct petitions to the legislature and government officials"); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 508-12 (1972). More specifically, there is a First Amendment right of access to civil trial proceedings. *See Chicago Tribune,* 263 F.3d at 1310 (11th Cir. 2001). In addition, the public has a common-law right to inspect and copy judicial records, although the right is not absolute. *See Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 597-98 (1978). Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to keep documents confidential and under seal in civil cases. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544 (7th Cir. 2002)

(denying joint motion to maintain certain documents under seal); *Jaufre ex rel. Jaufre v. Taylor,* 351 F.Supp.2d 514 (E.D. La. 2005) (denying joint motion to seal court record); *Stamp v. Overnite Transp. Co.,* No. Civ. A. 96-2320-GTV, 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record).

Plaintiffs contend that certain of the documents at issue here, which were and are intended to be used as exhibits in the Reinstein Deposition, show that AstraZeneca violated FDA regulations regarding drug warnings:

> (e) Warnings.  Under this section heading, the labeling shall describe serious adverse reactions and potential safety hazards, limitations in use imposed by them, and steps that should be taken if they occur.  ***The labeling shall be revised to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a new drug; a causal relationship need not have been proved.***

21 C.F.R. § 201.57(e).  As Plaintiffs allege will be shown through the Court's examination of the Reinstein exhibits that have been requested to be filed under seal, AstraZeneca failed for years to revise its Seroquel warning to include statements regarding known risks of diabetes mellitus, hyperglycemia, and weight gain associated with Seroquel, despite a legal mandate that it do so in light of reasonable evidence of an association between those serious hazards and Seroquel.   Through unwarranted confidentiality protections, AstraZeneca prevents Plaintiffs, their counsel, or any other citizen from presenting evidence of this alleged deception to the FDA and/or other proper authorities, in violation of their First Amendment rights.   The attendant secrecy of these proceedings may also prevent persons injured by Seroquel from timely seeking redress of their injuries.

**D.** **The Court Should Stay The June 30, 2008 Deadline To Complete Discovery Of AstraZeneca's Corporate Witnesses And Third Parties Until The Issue Of Confidentiality Of Documents Is Resolved.**

Plaintiffs respectfully request that the Court stay the June 30, 2008 deadline to complete their discovery of AstraZeneca's witnesses and third party witnesses such as Dr. Reinstein until the Court can resolve the issues raised by this Motion. Absent such a stay, the Plaintiffs may be unable to complete the deposition examination of Dr. Reinstein, as well as any other depositions in which similar issues related to the confidentiality of documents arise. Plaintiffs request the stay only for so long as necessary to resolve these issues, and do not intend for the stay to alter other deadlines imposed under CMO No. 5, or any future trial date. The stay is requested not for delay only, but so that justice can be done.

**E.** **Plaintiffs Request That The Court Issue A Show Cause Order, Putting AstraZeneca To Its Proof That The Deposition Exhibits And Transcripts Deserve Confidentiality Protections.**

In view of the above arguments, as well as the Court's analysis of the Reinstein exhibits requested to be submitted with the Motion to Seal, Plaintiffs also seek the issuance of a Show Cause Order by the Court, requiring that AstraZeneca, within 10 days of the Order, show good cause and a favorable balancing of the interests under *Chicago Tribune* and other applicable law for maintaining each of the deposition transcripts and accompanying exhibits that it has declared "confidential" in this litigation. 263 F.3d at 1307-14; *see CBS, Inc.*, 184 F.Supp.2d at 1362. Plaintiffs contend that, like the Reinstein exhibits, the transcripts and exhibits attendant to other depositions that AstraZeneca has designated as "confidential" are undeserving of trade secret or other protections under Rule 26(c)(7) and/or fail the balancing of interests test imposed by the Eleventh Circuit.

AstraZeneca has been aware of the "over-designation of documents" issue for nearly a year, if not more.   Plaintiffs believe that a 10-day Show Cause Order will allow AstraZeneca to review the finite number of depositions that it has claimed are confidential (of at least the company, former employee, and third party vendor witnesses), and the subset of exhibits thereto (many of which were used repetitively across numerous depositions), and determine whether it will—*as it did with the review of its privilege log in recent months*—voluntarily remove some confidentiality designations before Court intervention is required. Most of those deposition transcripts and exhibits will be used either in support of or in response to upcoming dispositive motions, as well as at trial, and it would certainly not waste judicial resources to consider the protections that should be afforded those documents now. That is far preferable to continuing the cumbersome "filing under seal" process each and every time a party seeks to use a document or deposition excerpt in filing or responding to a motion.

## CONCLUSION

For all the above reasons, Plaintiffs ask the Court to review *in camera* Exhibits 1-42 hereto, which have been requested to be submitted to the Clerk with Plaintiffs' Motion to Seal pursuant to Local Rule 1.09 and the Protective Order § 10; and upon such review, Plaintiffs' request the Court enter an Order declassifying those documents as confidential. Plaintiffs also request the following additional relief:

1.  the Court's issuance of an Order compelling the reconvening of the oral deposition of Dr. Michael J. Reinstein, M.D. (the "Reinstein Deposition");

2.  the Court's issuance of a Show Cause Order, requiring AstraZeneca to show good cause and a balancing of the interests in favor of maintaining the

confidentiality of all prior deposition transcripts and exhibits thereto within 10 days;

3. the Court's issuance of an Order staying the current June 30, 2008 general liability discovery deadline until such time as the matter of the declassification of documents requested in this Motion is resolved and Plaintiffs have had an opportunity to examine Dr. Reinstein with regard to the documents referenced in this Motion; and

4. pursuant to Local Rule 3.01(j), Plaintiffs request oral hearing on this Motion at the next regularly scheduled status conference, or at such earlier time that the Court may direct.

as well as such other and further relief to which the Plaintiffs may be justly entitled.

DATED: June 12, 2008                                 Respectfully submitted,


By: ___/s/ Robert W. Cowan_____
       F. Kenneth Bailey Jr.
       K. Camp Bailey
       Fletcher V. Trammell
       Robert W. Cowan
       **BAILEY PERRIN BAILEY LLP**
       440 Louisiana St., Suite 2100
       Houston, Texas 77002
       (713) 425-7100 Telephone
       (713) 425-7101 Facsimile
       kbailey@bpblaw.com
       cbailey@bpblaw.com
       ftrammell@bpblaw.com
       rcowan@bpblaw.com
       **Co-Lead Counsel for Plaintiffs**

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that on June 12, 2008, I met and conferred via email and telephone with counsel for AstraZeneca regarding the issues raised and relief requested in this Motion.  The parties were unable to agree to a resolution of the Motion.

/s/  K. Camp Bailey
K. Camp Bailey

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of June, 2008, I electronically filed the foregoing: PLAINTIFFS' MOTION TO COMPEL THE RECONVENING OF THE DEPOSITION OF DR. MICHAEL J. REINSTEIN AND FOR RELATED RELIEF, AND MOTION FOR ORAL HEARING with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/  Robert W. Cowan
Robert W. Cowan

**CM/ECF SERVICE LIST**
(Updated April 2, 2008)

In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 – Orlando – 22DAB

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** |

| | |
|---|---|
| Robert L. Ciotti<br>Chris S. Coutroulis<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>**Counsel for Defendants AstraZeneca**<br>**Pharmaceuticals, L.P, and AstraZeneca** | Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**_Counsel for Defendant, Marguerite Devon French_** |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |

| | |
|---|---|
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>elliot.gardner@dechert.com<br>gretchen.sween@dechert.com<br>iliano.guerrero@dechert.com<br>Amanda.lanham@dechert.com<br>Christina.keddie@dechert.com<br>Elizabeth.kimmelman@dechert.com<br>Nathaniel.bessie@dechert.com<br>Margaret.osborne@dechert.com<br>Brennan.torregrossa@dechert.com<br>Elliot.walker@dechert.com<br>Stephen.mcconnell@dechert.com<br>***Counsel for Defendant Astrazeneca Ph.*** |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP<br>and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>***Plaintiff's Lead Counsel*** |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>**Plaintiffs' Liaison Counsel** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pennsacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN 55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

**NON-CM/ECF SERVICE LIST**

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnorld, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Plaace N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |

| | |
|---|---|
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH  44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY  42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN  55402 | John Hawkins |
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |

| | |
|---|---|
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |

| | |
|---|---|
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |
| James J. Walker<br>Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Seth Webb<br>Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |