UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This document relates to:  ALL CASES

_____

ASTRAZENECA'S BRIEF REGARDING PROTOCOL FOR SELECTION
OF TRIAL CASES AND REPLENISHMENT OF THE TRIAL POOL

The Court has asked the parties for their views on how cases should be selected for trial, and how the "Initial Trial Pool" should be replenished.  AstraZeneca's position is set forth below.

I.      INTRODUCTION

There are currently 30 Florida cases in the Initial Trial Pool ("Trial Pool").  Plaintiffs propose that they unilaterally hand-pick their best cases for the Court to try.  AstraZeneca favors random selection of trial cases, as recommended by the Manual for Complex Litigation, or in the alternative, a system of strikes.

Because selecting representative cases is the most important aspect of the case selection process, the Trial Pool should be kept large enough that representative cases can be picked.  Accordingly, the Court should implement a replenishment program to replace cases in the Trial Pool that plaintiffs voluntarily dismiss.

**II.      ARGUMENT**

**A.      Selection Of Representative Cases For Trial Is Critical To Advancing This Litigation.**

It is well-established that in mass tort cases involving numerous claimants, selecting a subset of cases for initial trials can give the court and the parties a fair look at what future cases may hold.  As the Court appreciates, choosing truly representative cases for the first trials will help move this litigation toward an ultimate end.  The Manual for Complex Litigation stresses the importance of selecting representative cases in this context: "If individual trials, sometimes referred to as bellwether trials  or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases. . . . The more representative the test cases, the more reliable information about similar cases will be."   Manual for Complex Litigation, Fourth Edition, § 22.315, p. 536.

**1.      *Allowing Plaintiffs To Unilaterally Select Their "Best" Cases For Trial Will Not Advance The Court's Litigation Management Objectives.***

Plaintiffs propose that they be allowed to pick the initial trial cases.  Allowing plaintiffs to unilaterally hand-pick their "best" cases for trial, however, will not produce meaningful information about the wide range of cases in this litigation.  Plaintiffs' selection criteria might involve any number of considerations unrelated to relative merit, such as a gamble that a jury would award large damages to a sympathetic plaintiff despite a weak specific-causation case.  As such, early verdicts in plaintiffs' self-selected cases will be unreliable and, ultimately, would defeat the purpose of the bellwether system the Court and the parties worked so hard to develop and implement.

The leading authorities have rejected a plaintiffs' "best" case approach to initial trial selection. *See* Manual for Complex Litigation § 22.315, p. 536 (permitting plaintiffs and defendants to choose which cases to try initially "may skew  the information that is produced."); *In re Chevron, U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997)(noting that trial of cases selected by each side separately is not representative; "[i]t is simply a trial of . . . the 'best' and . . . the 'worst' cases contained in the universe of claims involved in [the] litigation."); *In re Welding Fume Prods. Liab. Litig.*, 2007 WL 1702953, *1, MDL 1535 (N.D. Ohio June 6, 2007) ("trials of cases all picked by plaintiffs might provide less than a full view of the strengths and weaknesses of the parties' positions.").

Absent a "core element [of] representativeness," a trial selection protocol cannot "achieve its value ascertainment function . . . or answer troubling causation or liability issues common to the universe of claimants." *Chevron*, 109 F.3d at 1019; *cf. Liggett v. Engle*, 853 So.2d 434, 455, n.24 (Fla. App. 2003) (extrapolation of individual damages impermissible where "class representatives were hand-picked by plaintiffs' counsel and cannot be viewed as a . . . representative sample").  Here, plaintiffs' proposed selection procedure would produce at best a handful of verdicts with little or no "value ascertainment function."  Additionally, plaintiffs' proposed procedure is fundamentally unfair because it would stack the initial trial deck against AstraZeneca without advancing the overall litigation to any significant degree.

### 2.     *Consistent With The Manual For Complex Litigation, Trial Cases Should Be Selected Randomly.*

The Manual for Complex Litigation recommends that "[t]o obtain the most representative cases from the available pool, a judge should direct the parties to select test cases randomly or limit the selection to cases that the parties agree are typical of the mix of

3

cases." Manual for Complex Litigation, § 22.315, p. 536; *see also Chevron*, 109 F.3d at 1019 (suggesting a randomly selected sample of cases for trial). Random selection of trial cases from the Trial Pool is an efficient and appropriate method here.

The Trial Pool contains 30 Florida-resident cases selected by the parties. AstraZeneca proposes that trial cases be selected from the Trial Pool by randomly assigning each case a number from 1 to 30, and scheduling cases for trial in sequential order. If a case is dismissed or otherwise disposed of before trial, the next case in line would then be set. This approach accounts for the real possibility that cases may get dismissed before trial, and provides predictability of the case that will be up next. Additionally, by knowing the exact order of cases for trial, the parties will be able to focus all their efforts on a handful of cases at a time, and the pipeline of trial-ready cases will not be dry if the Court or the parties dismiss or dispose of a case before trial.

If the Court is not inclined to randomly select cases, AstraZeneca proposes, as an alternative, the following fair and balanced trial selection protocol. Plaintiffs and AstraZeneca would each nominate initial slates of seven cases from the Trial Pool. To discourage trials of outlier cases that could skew comparisons with the population of cases overall, each side would be allowed to strike four cases from the other's slate, leaving two slates of three cases each. The Court would then select a case from plaintiffs' slate, and a case from AstraZeneca's slate for the first two trials. In the event that the Court or the parties dismiss or otherwise dispose of a selected case before trial, the Court would replace that case with another case from the same slate.

4

This approach also encourages selection of representative cases, and eliminates cases that one or both sides perceive as outliers. While both sides obviously have incentives to select cases that they believe they can win, the mix of cases selected through this method will be more balanced and yield better information about the cases overall. Finally and importantly, this approach achieves simple fairness by allowing AstraZeneca to participate equally with plaintiffs in the trial selection process.

**B.      The Court Should Implement A Replenishment Program To Keep The Trial Pool Large Enough For Representative Cases To Be Selected.**

As the Court is aware, the Trial Pool consists of 15 cases picked by plaintiffs and 15 cases picked by AstraZeneca. Experience in other mass torts has shown that as cases go through discovery and move closer to trials, plaintiffs' counsel often dismiss defendants' picks so as to leave only plaintiffs' self-selected cases in the potential trial pool. Plaintiffs thus have the ability to manipulate the entire case selection process, regardless of the protocol adopted by the Court, by voluntarily dismissing all of AstraZeneca's picks, as well as any other weak cases. Plaintiffs' ability to narrow the Trial Pool could defeat the Court's objectives in creating a sizable Trial Pool comprised of cases selected by both sides.

To prevent plaintiffs from hijacking the case-selection process, and to assure that the Trial Pool remains large enough for representative cases to be selected, the Court should adopt a replenishment program to replace cases that plaintiffs dismiss from the Trial Pool. At the May 9, 2008 hearing, the Court expressed both its desire to keep the Initial Trial Pool large enough that trial cases can be selected appropriately, and its intention to replenish the Trial Pool if there is significant diminishment. *See* May 9, 2008 Status Conference Tr. at 22:1-14.

Consistent with the Court's guidance, AstraZeneca proposes the following replenishment program:  (1) each Trial Pool case dismissed shall be replaced with another case from the 45 Florida cases remaining in the Discovery Pool; (2) if the dismissed case was one of AstraZeneca's picks, AstraZeneca will select the replacement case from the Discovery Pool; (3) if the dismissed case was one of plaintiffs' picks, plaintiffs will select the replacement case from the Discovery Pool; (4) the parties will use their best efforts to select replacement cases that have undergone the most case-specific discovery; (5) plaintiffs are urged to dismiss the cases that they have no intention of pursuing as early in the pre-trial process as possible so as not to interfere with trial settings; and (6) scheduling conflicts and/or problems caused by plaintiffs' late and untimely dismissals will be addressed by the Court at the appropriate time.

## III.    CONCLUSION

For the foregoing reasons, the Court should not abdicate its case selection authority to plaintiffs; rather, to assure that representative cases are chosen, the Court should select trial cases randomly from the Trial Pool, or in the alternative, adopt AstraZeneca's strike system. To keep the Trial Pool large enough for representative cases to be picked, the Court should adopt a replenishment program to replace cases that plaintiffs voluntarily dismiss from the Trial Pool

Respectfully submitted on this 20th day of June, 2008.

>*/s/ Fred T. Magaziner*
>Fred T. Magaziner
>A. Elizabeth Balakhani
>DECHERT LLP
>2929 Arch Street
>Philadelphia, PA  19103
>Telephone: (215) 994-4000
>Facsimile: (215) 994-2222
>fred.magaziner@dechert.com
>
>*Counsel for Defendants AstraZeneca LP*
>*and AstraZeneca Pharmaceuticals LP*

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |