# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation.

Case No.  6:06-md-1769-Orl-22DAB

_____/

## ORDER

This cause came on for consideration with oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **ASTRAZENECA'S MOTION FOR AN ORDER DIRECTING PLAINTIFFS TO PRODUCE ZYPREXA-RELATED DOCUMENTS IN THEIR ACTUAL OR CONSTRUCTIVE POSSESSION (Doc. No. 962)** |
| **FILED:** | **April 28, 2008** |

**THEREON** it is **ORDERED** that the Motion is **GRANTED**.

AstraZeneca seeks an order directing Plaintiffs who have also asserted a claim in *In re*

*Zyprexa Products Liab. Litig.*, No. 04-MD-1596 (E.D. N.Y.) to produce Zyprexa-related materials

in their actual and constructive possession.  AstraZeneca seeks medical, mental health, employment,

and educational records produced relating to the ingestion of Zyprexa; all discovery responses they

submitted in the Zyprexa MDL; and any submissions made in support of any settlement claims in

the Zyprexa MDL *excluding* "any specific dollar amounts included in such submissions."

AstraZeneca contends the Zyprexa documents are relevant to the claims asserted here because,

according to AstraZeneca, fifteen of the same plaintiffs who previously sued Eli Lilly & Co.

claiming that Zyprexa had caused their alleged hyperglycemia and diabetes injuries are Plaintiffs in

this MDL against AstraZeneca claiming that Seroquel has caused the same injuries.  Doc. No. 962.

Documents concerning Plaintiffs' other personal injury lawsuits or their use of other antipsychotic medications were first sought by AstraZeneca in document requests accompanying the Plaintiff Fact Sheets.  Doc. No. 962.  These responses were due for the seventy-five Florida Discovery Pool cases on January 15, 2008.  Doc. No. 792.  The same information was subsequently requested in deposition notices to Plaintiffs being deposed.

Plaintiffs respond that they are not opposed to production of their documents related to the Zyprexa MDL (excluding settlement documents, settlement amounts, and documents related to the settlements).  Doc. No. 985 n. 1.  Additionally, according to Plaintiffs, they have already produced the documents sought in AstraZeneca's Motion, and "were in the process of attempting to resolve any related issues when AstraZeneca, without appreciable warning and compliance with the Local Rules, filed its already-prepared Motion."  Doc. No. 985.  Plaintiffs maintain that the documents sought "have already been produced or simply do not exist."  Doc. No. 985 at 2.  Ten of the Florida Discovery Pool Plaintiffs are represented by the same counsel in the Zyprexa MDL and this Seroquel MDL; five have different counsel in the two cases and it is unlikely or questionable that Plaintiffs could get those documents to release to AstraZeneca.  Doc. No. 985 at 2.  Plaintiffs also object to producing medical records that they contend are already available to AstraZeneca via the RecordTrak system.  Doc. No. 985.

In AstraZeneca's Reply (Doc. No. 1003) to Plaintiff's Response, AstraZeneca argues that Plaintiff erroneously limited the discussion to only those documents Plaintiffs actually produced to Lilly, rather than all Zyprexa-related documents available from Plaintiffs, within their actual or

constructive possession.  AstraZeneca has been informed by Lilly that it has documents for only five

of the fifteen plaintiffs at issue.  Doc. No. 1003. According to AstraZeneca, Lilly and its counsel had

very few responsive documents; attempts to subpoena the documents from one of the special masters

in the Zyprexa MDL were  met with an order to show cause why the subpoena should not be

quashed by the presiding trial judge; AstraZeneca withdrew that subpoena.  Doc. No. 962 at 5.

AstraZeneca is entitled to discovery from Plaintiffs of "any nonprivileged matter that is

relevant to any party's claim or defense."  FED. R. CIV. P. 26(b)(1).  More than eight months ago,

in October 2007, this Court ordered that AstraZeneca was entitled to obtain from Lilly and/or Lilly's

agents copies of the exact same documents that AstraZeneca seeks in this Motion (also excluding

any specific dollar amounts included in such submissions).  Doc. No. 586.  The Court also ordered

that all Plaintiffs in this MDL who also filed Zyprexa-related personal injury claims against Lilly

in the Zyprexa MDL were deemed to have authorized Lilly and/or its agents to provide to

AstraZeneca copies of any and all such documents and/or records.  Doc. No. 586.  Plaintiffs have

not raised confidentiality objections to producing the documents sought, and such objections would

be overruled; nor have Plaintiffs provided a privilege log.  Plaintiffs' allegations of diabetes and

hyperglycemia allegedly caused by other drugs, including Zyprexa, and Plaintiffs' use of other

antipsychotic medications are issues **directly relevant** to Plaintiffs' claims against AstraZeneca in

this case.  Plaintiffs have an obligation to obtain their *own* documents from their *own* counsel

(whether in this case or another) that relate to their personal injury claims including against Lilly

(excluding settlement amounts which are not sought).

It is **ORDERED** that Astrazeneca's Motion for an Order Directing Plaintiffs to Produce

Zyprexa-related Documents in Their Actual or Constructive Possession (Doc. No. 962) is

**GRANTED**.  Plaintiffs Barber, Bonebrake, Brown, Brwoning, Carter, Head, McDaniel Rodriguez, Wilson, Zackschewski, Duvall, Epps, Lorditch, Murphy, and Quinn are **ORDERED** to produce within eleven (11) days the medical, mental health, employment, and educational records produced in the Zyprexa-MDL relating to the ingestion of Zyprexa; all discovery responses they submitted in the Zyprexa MDL; and any submissions made in support of any settlement claims in the Zyprexa MDL **excluding** any specific dollar amounts included in such submissions.

**DONE** and **ORDERED** in Orlando, Florida on June 23, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record