# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In re Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

**This Document Relates to All Cases**

## AMENDMENT TO PROTECTIVE ORDER

**WHEREAS**, on September 19, 2007, a Stipulated Protective Order was entered for these matters ("Protective Order"); and

**WHEREAS**, the parties have reported to the Court that there have been times during the course of depositions of key opinion leaders, as well as physicians who treated a plaintiff, when those witnesses refused to comply with paragraph 3 of the Protective Order (Doc. No. 478) before being shown or questioned about confidential information as defined in the Protective Order; and

**WHEREAS**, the amendment of certain provisions set forth in the Protective Order would permit plaintiffs to show confidential information to a physician-witness, key opinion leader witness, or other non-party witness who refuses to comply with paragraph 3 of the Protective Order or question that physician-witness, key opinion leader witness, or other non-party witness about confidential information while maintaining all of the other provisions of the Protective Order; and

**WHEREAS**, all terms in the Protective Order not specifically modified herein shall remain in effect;

IT IS HEREBY ORDERED THIS _____ DAY OF JUNE, 2008, that Section 9(B) of the Protective Order is hereby amended to provide as follows:

1

(B) Any physician who treated a plaintiff ("physician-witness"), key opinion leader witness, or any other non-party witness may be shown confidential information prior to and during his or her deposition if (i) there is a litigation need to show the information to the witness; and (ii) the physician-witness, key opinion leader witness, or other non-party witness complies with the terms of paragraph 3 herein. If a physician-witness, key opinion leader witness, or other non-party witness declines to comply with the terms of paragraph 3, either by signing the Endorsement of Protective Order (attached as Exhibit A to the Protective Order), or pursuant to paragraph 9(C) of the Protective Order affirming on the record in the deposition that they understand that the document and the information contained therein are confidential and understand that they are prohibited from sharing or discussing that document or the information contained therein with anyone outside the deposition, the physician-witness, key opinion leader witness, or other non-party witness may nevertheless be shown or questioned about confidential information at the deposition, provided that no copies of the confidential information shall be left in the possession of that witness and/or of his or her counsel and that copies of that confidential information shall not be attached to or included with any original or copy of the transcript of that deposition when it is provided to that witness for review, signature or any other purpose. Notwithstanding the provisions of this paragraph, all parties are directed to make reasonable and good faith efforts to obtain agreement by all physician-witnesses, key opinion leader witnesses, and other non-party witnesses to comply with paragraph 3 before invoking the procedures set forth this in this paragraph, and in the event that any witness is shown or questioned

2

about confidential material pursuant to the terms of this paragraph, that confidential material shall remain confidential pursuant to this Protective Order.