# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation,
MDL DOCKET NO. 1769

This document relates to:

ALL CASES

_____

### [PROPOSED] ORDER ON THE SELECTION OF CASES FOR TRIAL

1. The parties have agreed on the procedure set forth herein as a means to select for bellwether trials in this MDL cases that are representative of the general types of cases in this MDL.  Each party specifically reserves the right to raise with the Court any objections to the trial of one or more cases that are not representative of the cases in this MDL.

2. Counsel for plaintiffs and defendants each have selected six cases from the Initial Trial Pool ("ITP"), have ranked the cases in the order in which they would like the cases to be tried, and have assigned the cases to two groups for the purposes of discovery deadlines.

3. The following cases shall constitute Group One:

|    | **Plaintiffs' Selections**      | **Defendants' Selections**         |
|----|----------------------------------|------------------------------------|
| 1. | Linda Guinn, 6:07-cv-10291       | Sandra Carter, 6:07-cv-13234       |
| 2. | Janice Burns, 6:07-cv-15959      | Clemmie Middleton, 6:07-cv-10949   |
| 3. | Richard Unger, 6:07-cv-15812     | Hope Lorditch, 6:07-cv-12657       |

4. The following cases shall constitute Group Two:

|   | **Plaintiffs' Selections** | **Defendants' Selections** |
|---|---|---|
| 1. | Connie Curley, 6:07-cv-15701 | David Haller, 6:07-cv-15733 |
| 2. | Linda Whittington, 6:07-cv-10475 | Charles Ray, 6:07-cv-11102 |
| 3. | Eileen McAlexander, 6:07-cv-10360 | William Sarmiento, 6:07-cv-10425 |

5. Trials shall alternate between cases selected by plaintiffs and cases selected by defendants. Plaintiffs' highest-ranked case shall be tried first; defendants' highest-ranked case shall be tried second; plaintiffs' second highest-ranked case shall be tried third; defendants' second highest-ranked case shall be tried fourth; and so on.

6. If a case is voluntarily or involuntarily dismissed prior to trial, or resolved by summary judgment or otherwise, it shall be replaced on the trial schedule with that party's next highest-ranked case. For example, if plaintiffs' no. 1-ranked case is dismissed, plaintiffs' no. 2-ranked case shall be tried in its place. If all of the cases that defendants have selected for Group One are dismissed or otherwise resolved, the second trial shall be of defendants' highest-ranked case from Group Two.

7. All deadlines set forth in CMO No. 5 with regard to identification of experts, expert reports, expert depositions, *Daubert* motions, and dispositive motions shall apply to the Group One cases.

8. The deadlines for Group Two cases shall be as follows:

| | |
|---|---|
| **October 15, 2008** | Plaintiffs' identification and reports of all general and case-specific experts expected to testify at trial |
| **November 12, 2008** | Defendants' identification and reports of all general and case-specific experts expected to testify at trial |

- 3 -

| | |
|---|---|
| **November 15 - December 22, 2008** | Depositions of experts |
| **January 15, 2009** | *Daubert* motions |
| **February 15, 2009** | Responses to *Daubert* motions |
| **January 15, 2009** | Dispositive motions |
| **February 15, 2009** | Responses to dispositive motions |

9. The Court shall establish by later Order(s) deadlines for the parties to rank the cases in the Initial Trial Pool that are not included in Groups One and Two, and deadlines for the identification of experts, expert reports, expert depositions, *Daubert* motions, and dispositive motions in those cases. Such deadlines shall be based in part on the disposition of cases in Groups One and Two. If the cases in Groups One and Two are disposed of more quickly than anticipated, the parties will be given ample time to work up a new group of cases before such cases are scheduled for trial.

10. No general expert may be deposed a second time unless the party requesting the second deposition demonstrates why such deposition is necessary.

11. This Order does not rescind CMO No. 5 but supplements it only as specifically set forth herein. Nothing herein precludes either party from petitioning the Court to amend or modify this procedure.

_____
DAVID A. BAKER
UNITES STATES MAGISTRATE JUDGE