# EXHIBIT  A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
CASE NO. mdl nO. 1769 - Middle Dist.FL
### AFFIDAVIT OF SPECIAL PROCESS SERVER

**Jason Holinka**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( X ) Subpoena
( ) Other:

1. ( X ) By leaving a copy with the named party, **Dr. Michael Jay Reinstein** personally on **September 2, 2008**.

2. ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3. ( ) On the within party, ------- by leaving a copy with  -------, on -------, and informed that person of the contents thereof.

4. ( X ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**          RACE: **Caucasian**          APPROXIMATE AGE: **55-60**

5. ( X ) That the place where and the time of day when the documents were served were as follows:

PLACE: **4755 N. Kenmore Ave., Chicago, IL 60640**
TIME OF DAY: **4:00 PM**

6. ( ) That he was unable to serve the within named party ------- located at ------- for the reason: -------

Signed and Sworn to before me
This **4**th day of **September 2008**.

_____
Jason Holinka
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

OFFICIAL SEAL
FELICIA CONROY
NOTARY PUBLIC-STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/19/11

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern _____ DISTRICT OF _____ Illinois

In re SEROQUEL Products Liability

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  mdl nO. 1769 - Middle Dist.FL

TO:  Dr. Michael Jay Reinstein
4755 N. Kenmore Avenue
Chicago IL 60640   (telephopne 773 9898 9868)

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Fraterrogo, Beranek, Felereisel & Kasbohm<br>56 West Monroe St, Suite 3400 - Chicago IL 60603-5081 | DATE AND TIME<br>9/24/2008 8:30 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David P Matthews / attorney | 8/28/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David P Matthews - Matthews & Associates, Seroquel Plaintiff Discovery Committee
2905 Sackett Street, Houston Tx 77098 - 713 522 5050; 888 520 5202; fax 713 535 7184

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | | |
|---|---|---|
| In re: SEROQUEL PRODUCTS | X | Case No. 6:06-md-01769-ACC-DAB |
| LIABILITY LITIGATION | X | |
| | X | |
| MDL Docket No. 1769 | X | |
| | X | |
| Document Relates to All Cases | X | |

**SECOND AMENDED NOTICE
TO CONTINUE THE  ORAL VIDEOTAPED DEPOSITION of
DR.  MICHAEL JAY REINSTEIN**

To:    AstraZeneca Pharmaceutical, LP and AstraZeneca, LP

Fred Magaziner, Esq.
Dechert, LLP
2929 Arch Street
Philadelphia PA 19104

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys, will take the oral and videotaped deposition of the witness named below, at the date, time and place specified below.

This SECOND AMENDED NOTICE issues to reschedule the Court ordered second day of deposition testimony.

| | |
|---|---|
| WITNESS: | **DR.  MICHAEL JAY REINSTEIN** |
| Date: | Wednesday, September 24, 2008 |
| Time: | Beginning at 8:30 a.m. |
| Place: | Fraterrogo, Beranek, Feieresel & Kasbohm |
| | 56 West Monroe Street, Suite 3400 |
| | Chicago IL 60603-5081 |

In general, the witness may be examined on the topics of his knowledge and experience regarding Seroquel (quetiapine).   The witness will also be examined on the topics of his communications with AstraZeneca, its agents and other consultants, and other third parties regarding

Seroquel; any/all meetings in which he participated with AstraZeneca, its agents or other consults and third parties regarding Seroquel; and the information and materials he received from AstraZeneca or its agents regarding Seroquel.   The witness will also be examined regarding his involvement as a consultant to AstraZeneca or its agents; as a "key opinion leader" or thought leader; as a member of any advisory board; as an author or co-author of any publication or any oral, audio or videotaped presentation, together with the visual aids or demonstratives related to such presentations; and as the reviewer of any papers and information drafted for submission to medical journals, professional conferences or other groups or associations in which Seroquel was to be discussed.   The witness may also be examined regarding his knowledge of AstraZeneca's development, retention, compensation, training, oversight and monitoring of AstraZeneca speaker bureau members, thought leaders, consultants and opinion leaders who prepared, or assisted in the preparation of manuscripts concerning Seroquel, or who spoke publicly about Seroquel or the conditions Seroquel has been used to treat.   The witness may also be examined regarding his knowledge and/or involvement in the planning and/or conduct of any clinical trials of Seroquel; as a clinical trial researcher, either as principal investigator or otherwise; and in the analysis of data and information regarding Seroquel. The witness may also be examined regarding the compensation and other things of value received by the witness from AstraZeneca and/or its agents and any other source relating to the services performed by witness relating in any manner to Seroquel.   The witness may also be examined on the process by which documents, communications and other materials and information relating to Seroquel were requested, gathered and collected from or by the witness for purposes of this deposition.

The deposition will be taken before a court reporter who is authorized by law to administer oaths pursuant to Fed.R.Civ.P. 28 and videographer with Golkow Technologies, One Liberty Place, 51st Floor, 1650 Market Street, Philadelphia, Pennsylvania 19103.

The deposition will continue from day to day, Sundays and court-recognized holidays excepted, for a total of five additional hours plaintiff examination.   A copy of the Court's June 25, 2008 Order was served with the original notice to reconvene this deposition. A copy of Case Management Order No. 3 (Deposition Protocol) was also provided with the original notice.  Both are incorporated here by reference.

---

Dated:   August 29,  2008

By:     /s/_____

David P. Matthews
*Plaintiffs' Counsel*
Matthews & Associates
2905 Sackett Street
Houston Tx 7098
713 522 5250
713 535 7184 - facsimile

Camp Bailey
*Plaintiffs' Co-Lead Counsel*
Bailey, Perrin, Bailey, LLP
440 Louisiana, Suite 2100
Houston Tx 77002

Paul J. Pennock
*Plaintiffs' Co-Lead Counsel*
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York NY 10038

Larry Roth
*Plaintiffs' Liaison Counsel*
Law Offices of Larry M. Roth, P.A.
1615 Edgewater Drive, Suite 1801
Orlando FL 32804

## Certificate of Service

I hereby certify that on this 29th day of August, 2008, I e-mailed the foregoing Amended Notice toTake Videotaped Oral Deposition to Defendants, and that a copy of same was sent via electronic email to all participants in the EM/ECF system.

/s/_____

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com<br>jorelli@weitzlux.com<br>ychiu@weitzlux.com<br>lschultz@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillion@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>bailey-svc@bpblaw.com<br>tcarter@bpblaw.com<br>mperrin@bpblaw.com<br>kbailey@bpblaw.com<br>ltien@bpblaw.com<br>hsantiago@bpblaw.com<br>ftrammell@bpblaw.com<br>nkoole@bpblaw.com<br>ndoyle@bpblaw.com<br>tbaker@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>lroth@roth-law.com | Kenneth T. Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Benjamin A. Krass, Esq.<br>Law Offices of Matthew F.Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com<br>bkrass@pawalaw.com | John Driscoll, Esq.<br>Seth S. Webb, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com<br>swebb@brownandcrouppen.com |

## SERVICE LIST
(As of October 16, 2007)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No.  1769 - Orl - 22DAB

| | |
|---|---|
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone:  (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX  77060<br>Telephone:  (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Mitchell M. Breit<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL  35203<br>Telephone:  (205) 328-9576<br>THARVEY@whatleydrake.com<br>mbreit@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA  94104<br>Telephone:  (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lsabel@lskg-law.com<br>lbrandenberg@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone:  (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Counsel for Defendant,*<br>*Marguerite Devon French* |

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone:  (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL  32503<br>Telephone:  (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>mailto:jsale@aws-law.comksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone:  (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO  64119<br>*Pro Se* |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone:  (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* |

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No.  1769 - Orl - 22DAB**

| | |
|---|---|
| Thomas Campion, Esq.<br>Steven M. Selna<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone:  (973) 360-1100<br>tcampion@dbr.com<br>steven.selna@dbr.com<br>heidi.hilgendorff@dbr.com<br><br>***Counsel for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Timothy E. Kapshandy, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>efilingnotice@sidley.com<br>jjobes@sidley.com<br>tkapshandy@sidley.com<br>***Counsel for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone:  (816) 471-2121<br>raines@bscr-law.com<br>***Counsel for Defendant AstraZenca, PLC*** | |

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>atravis@carltonfields.com<br>tpaecf@cfdom.net<br>***Counsel for Defendants, Astrazeneca***<br>***Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | |
| David P. Matthews, Esq.<br>Matthews & Associates<br>2905 Sackett<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, Virginia 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Howard Nations<br>Lori A. Siler<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |
| Fred T. Magaziner, Esq.<br>Marjorie Shiekman, Esq.<br>A. Elizabeth Balakhani, Esq.<br>Shane T. Prince, Esq.<br>Eben S. Flaster, Esq.<br>Margaret S. Osborne, Esq.<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michlle.kirsch@dechert.com<br>Gretchen.sween@dechert.com<br>Margaret.osborne@dechert.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |

**SERVICE LIST**
(As of October 16, 2007)

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net | Linda S. Svitak<br>Bridget Ahmann<br>Krisann C. Kleibacker Lee<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>bahmann@faegre.com<br>wjohnson@faegre.com<br>klee@faegre.com |
| James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com | Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Dale Kent Perdue<br>D. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com<br>dperdue@cpaslaw.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

## SERVICE LIST
(As of October 16, 2007)

### In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 - Orl - 22DAB

| | |
|---|---|
| William N. Riley<br>Jamie R. Kendall<br>Price, Waterhouse & Riley, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>(317)633-8787<br>eamos@price-law.com | Earl Francis Carriveau<br>1012 6th Avenue<br>Lake Charles, LA 70601-4706 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett Street<br>Houston, TX 77098<br>(713) 222-8080<br>shawnaf@gld-law.com | Stacy K. Hauer<br>Charles S. Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402<br>(612) 341-0400<br>(800) 755-0098<br>csz@zimmreed.com |
| Buffy Martines<br>Laminack, Pirtle & Martines<br>440 Louisiana, Suite 1250<br>Houston, TX 77002<br>(713) 292-2750<br>buffm@lpm-triallaw.com | Ted C. Wacker, Esq.<br>Robinson Cacalgnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288<br>twacker@rcrlaw.net |
| Craig Ball<br>craig@ball.net | Orran Lee Brown<br>obrown@browngreer.com |
| Robert W. Cowan<br>rcowan@bpblaw.com<br>nkoole@bpblaw.com | Gary Reed Gober<br>200 Fourth Avenue North<br>Suite 700<br>Nashville, TN 37219 |
| Mary J. Wrightinton<br>720 Olive Street, Suite 1800<br>St. Louis, MO 63101-2302 | Robert G. Smith<br>Lorance & Thompson, P.C.<br>Suite 500<br>2900 North Loop West<br>Houston, TX 77092 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia Street<br>PO Box 467<br>Edwardsville, IL 62025 | Dale Kent Purdue<br>Clark Perdue Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215 |

## SERVICE LIST
(As of October 16, 2007)

### In Re: Seroquel Products Liability Litigation
MDL Docket No.  1769 - Orl - 22DAB

| | |
|---|---|
| Jason Matthew Hatfield<br>Lundy & Davis, L.L.P.<br>300 North College Avenue<br>Suite 309<br>Fayetteville, AR  72701 | Christopher A. Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| John Hawkins<br>(No Information Available) | Donna Higdon<br>(No Information Available) |
| Brenda Rice<br>(No Information Available) | Evelyn Rodriguez<br>(No Information Available) |
| Steven B. Weisburd, Esq.<br>Dechert, LLP<br>3000 W. 6th Street, Suite 1850<br>Austin, TX  78701 | Mark A. Koehn<br>Whrfrat42@yahoo.com |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769                    Case No. 6:06-md-1769-Orl-22DAB

_____

This Document Relates to ALL CASES

CASE MANAGEMENT ORDER NO. 3
(Deposition Protocols)

This Order shall govern certain depositions taken with respect to these MDL proceedings. The motion (Doc. No. 146) for approval of the deposition protocol is **GRANTED, in part,** as set forth herein.

I.      GENERAL PROVISIONS

        A.      Scope

                This protocol applies to defendant's employees and certain third parties (former employees, authors of relevant studies, and persons or entities who engaged in relevant work with respect to Seroquel) but does not apply to plaintiffs, family members, employers, or doctors (plaintiff-specific witnesses) or to any third party witnesses not affiliated (now or in the past) with Defendant. The parties currently disagree as to the timing and manner of depositions of plaintiff-specific witnesses. No party waives its rights regarding such depositions and the parties will hereafter address this issue with the Court.

        B.      Deposition Notices

                1.      *Notice of Deposition Procedures.*  A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena issued or served in these MDL proceedings.

2.      *Contents of Notice.* In addition to the information required by Fed. R. Civ. P. 30(b), each deposition notice shall include the name and, if known, the general occupational description of each deponent, a general description of the topic(s) for examination, the name and telephone number of the primary examiner designated by Lead or Liaison Counsel, and the date, time and place of the deposition. If the examiner cannot be identified at the time the notice of deposition is served, a telephone number will be set forth in the notice so that interested counsel may obtain information regarding the deposition. If the deposition is to be videotaped, the notice shall state the name, firm and address of the videotape recorders.

**C.      Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions. There shall be no smoking in any room in which a deposition is being conducted.

**D.      Attendance**

1.      *Who May Be Present.* Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL No. 1769 Confidentiality Stipulation or Protective Order shall be excluded

from the deposition.   Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

2.   *Unnecessary Attendance.*   Unnecessary attendance by counsel is discouraged.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend. No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

3.   *Notice of Intent to Attend a Deposition.*  In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in this MDL should advise Liaison Counsel for the noticing party not fewer than three (3) business days prior to the deposition, whenever feasible.

## II.      CONDUCT OF DEPOSITIONS

### A.     Examination

Questioning of a witness should be by only two attorneys for all Plaintiffs and two attorneys for all Defendants in MDL No. 1769, designated by Lead Counsel or by Liaison Counsel for each side, except that a present or former employee of a Defendant may also be questioned by an attorney for that Defendant.  Once the witness has fully answered a question, that same or substantially the same question shall not be unreasonably asked again by a subsequent questioner.  While other counsel may seek answers to additional questions, these additional questions shall be asked by one of the two designated counsel.  Periodic recesses will be permitted during a deposition for designated counsel to consult with colleagues about additional lines of examination. Counsel for Plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with Plaintiffs'

Lead Counsel, may examine a deponent concerning matters not previously covered.  Three (3) days before a deposition requested or noticed by Plaintiffs or Defendants, Liaison Counsel for the noticing party shall give other Liaison Counsel notice of the identity of the attorney(s) who may examine the deponent.

**B.      Duration**

Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness.  Absent agreement of the parties or order of this Court based on a showing of good cause, the length of depositions shall be limited to two (2) deposition days as set forth herein.   Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

**C.      Deposition Day**

A deposition day typically shall last no more than nine (9) hours, including lunch and breaks.  There shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch.  Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

**D.      Locations for Depositions.**

Unless otherwise agreed, depositions of AstraZeneca's current employees and officers will take place in Philadelphia, PA at locations to be designated by Plaintiffs' Lead or Liaison Counsel.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of Defendants to appear at the designated locations.   Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties. The location of a deposition or depositions taken in sequence shall be as consistent as possible within a particular city, so that videotape equipment, if being used, may be left in

place. If the deposition of an AstraZeneca employee or officer is scheduled to occur in the offices of Defendants' Lead Counsel, the deposition shall take place in an adequately-sized room and Plaintiffs' counsel shall be provided with another room in which to confer during breaks.

### E.  Depositions of Witnesses Who Have No Knowledge of the Facts

An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party within fifteen (15) days before the date of the noticed deposition a declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such declaration, the noticing party may proceed with the deposition. The right of the responding witness to seek a protective order or other appropriate relief during or following the deposition is reserved.

### F.  Cross-Noticing and Coordination with State Court Actions

It is the expectation of this Court that depositions of all former or current officers and management personnel of AstraZeneca will be cross-noticed in this MDL and in the various state court proceedings. Because almost all Seroquel Plaintiffs in the various state courts are represented by counsel who also represent Plaintiffs in this MDL, it is the Court's expectation that absent good cause shown, former or current officers and management personnel of AstraZeneca shall be deposed only once, for use in both the MDL and in state courts. Lead Counsel in the MDL shall coordinate with any Plaintiff's counsel in a state court action who does not represent, and is not affiliated with co-counsel who represent, any Plaintiffs in this MDL so that a witness shall not have to appear for a

deposition more than once.   In a coordinated deposition, the Court expects counsel for Plaintiffs in the MDL to coordinate with Plaintiffs' counsel in state court proceedings, to the extent possible, to select a primary examiner.  For any deposition noticed in state court and cross-noticed in this MDL, however, MDL counsel shall have at least one day to question the deponent.   Additionally, no deposition noticed in state court shall be cross-noticed in this MDL unless:  (1) the deponent's custodial file is produced in this MDL at least sixty (60) days prior to the scheduled deposition date; (2) the deposition is cross-noticed at least thirty (30) days prior to the scheduled deposition date; and (3) counsel for the parties have met and conferred with respect to the cross-notice.  Examinations shall be conducted in accordance with the provisions of paragraph II.A., above.

No attorney who represents both a state court Plaintiff and an MDL Plaintiff shall participate in such a cross-noticed deposition unless designated by MDL Lead Counsel, nor shall an attorney who is the co-counsel of such an attorney in any state court Seroquel case participate in such a deposition unless so designated.  If a deposition has been properly cross-noticed in this MDL as described above, then a subsequent deposition of that witness cannot be taken except for good cause shown as determined by this Court.

G.      Objections and Directions Not to Answer

1.      Counsel shall comply with Fed. R. Civ. P. 30(d)(1).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  Any objection made at a deposition shall be deemed to

have been made on behalf of all other parties.  All objections, except those as to form, responsiveness and privilege, are reserved until trial or other use of the depositions.

       2.     Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

       3.     Counsel shall not make objections or statements which might suggest an answer to a witness.

       4.     Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent or his or her counsel intend to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

    **H.**    **Evidentiary Form of Questions**

       It is stipulated by Plaintiffs and Defendants that in the event the parties seek to use at any trial the deposition testimony of any witness offering an opinion, the parties shall not raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the case being tried.  For example, if one jurisdiction requires an opinion to be expressed to a reasonable degree of

certainty, the parties shall not object to an opinion given to a reasonable degree of probability.

  **I.**    **Telephonic and Internet Participation**

    1.   *Telephonic Participation.*   Telephone depositions shall not be permitted except by order of the Court or by consent of the parties.

    2.   *Internet Participation.*   The parties will explore the possibility of providing internet facilities for depositions and court hearings.

  **J.**    **Disputes During Depositions**

    Disputes between the parties should be addressed to this Court rather than the District Court in the District in which the deposition is being conducted. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the MDL Magistrate Judge, David A. Baker, by telephone. If the MDL Magistrate Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(4), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

  **K.**    **Video Depositions**

    By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(2) subject to the following rules:

1.   *Real-time Feed.*   All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2.   *Video Operator.*   The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).   At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3.   *Attendance.*   Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4.   *Standards.*   Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.   To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view will be changed only as necessary to record accurately the natural body movements of the deponent.   Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded.   Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.   The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a Bible, medical equipment, or other props, except to the extent that the prop is used as an aide in order to demonstrate and/or explain the witness' testimony.

5.   *Filing.*   The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.   No part of

the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

      **L.**    **Cost of Deposition**

The noticing party shall bear the initial expense of both videotaping and stenographic recording. The parties shall pay for their own copies of transcripts and videotapes of depositions.

## III.   USE OF DEPOSITIONS

Depositions of AstraZeneca employees and former employees taken in this MDL proceeding or in any state action relating to Seroquel in which AstraZeneca is a party may be used by or against any person (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

     (i)    who is a party to this litigation;

     (ii)   who was present or represented at the deposition;

     (iii)  who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

     (iv)  who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this Court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

Depositions of AstraZeneca employees and former employees taken in this MDL proceeding or in any state action relating to Seroquel in which AstraZeneca is a party may be used in any Seroquel-related action in state court to the extent permitted by that state's law and rules.

**DONE and ORDERED** in Orlando, Florida on April 13, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

## Jana Montgomery

| | |
|---|---|
| **From:** | Robert Cowan |
| **Sent:** | Thursday, September 11, 2008 8:43 AM |
| **To:** | Jana Montgomery |
| **Subject:** | FW: Seroquel - 2nd am notice to depose Dr Reinstein 9/24/08 |

## Robert W. Cowan

BAILEY PERRIN BAILEY
DIRECT: 713-425-5244
MAIN: 713-425-7100
FACSIMILE: 713-425-7101

This email is for the use of the intended recipient(s) only. If you have received this email in error, please notify the sender immediately and then delete it. If you are not the intended recipient, you must not keep, use, disclose, copy or distribute this email without the author's prior permission. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. The information contained in this communication may be confidential and may be subject to the attorney-client privilege. If you are the intended recipient and you do not wish to receive similar electronic messages from us in future then please respond to the sender to this effect.

**From:** Rushlegal@aol.com [mailto:Rushlegal@aol.com]
**Sent:** Friday, August 29, 2008 12:08 PM
**To:** mleger@galyen.com; ShawnaF@gld-law.com; noverholtz@aws-law.com; sburdine@hagans-law.com; mbreit@whatleydrake.com; Norma Koole; raines@bscr-law.com; Laurence Tien; lsvitak@faegre.com; bschwartz@galyen.com; swebb@brownandcrouppen.com; dperdue@cpaslaw.com; lschultz@weitzlux.com; elizabeth.balakhani@dechert.com; jkaiser@lskg-law.com; tpaecf@cfdom.net; tabaker@bpblaw.com; attorneys@outtech.com; asmith@aws-law.com; andrea@howardnations.com; mlundy@lundydavis.com; steven.selna@dbr.com; obrown@browngreer.com; efilingnotice@sidley.com; Tracy Carter; jfreebery@mccarter.com; Isabel@lskg-law.com; lsantiago@thematthewslawfirm.com; jdriscoll@brownandcrouppen.com; craig@ball.net; firm@summersandjohnson.com; mpederson@weitzlux.com; shane.prince@dechert.com; lgornick@lskg-law.com; hwheeler@blizzardlaw.com; ejones@carltonfields.com; Fletch Trammell; wjohnson@faegre.com; jwitkin@aws-law.com; nations@howardnations.com; YChiu@weitzlux.com; kjensenlaw@gmail.com; bwallace@hrva.com; betsy@law-inc.com; jdillion@weitzlux.com; gretchen.sween@dechert.com; ddecarli@lskg-law.com; tbalducci@langstonlaw.com; tfibich@FHL-Law.com; eamos@price-law.com; KSmith@aws-law.com; lezzlie@howardnations.com; tharvey@whatleydrake.com; tkapshandy@sidley.com; Ken Bailey; lowellf@phillipslaw.ws; pschneider@gsnlaw.com; blape@brownandcrouppen.com; lcollins@cpaslaw.com; tcampion@dbr.com; eben.flaster@dechert.com; llsimes@levins-law.com; sgebhardt@blizzardlaw.com; atravis@carltonfields.com; Nancy Doyle; rhailey@sprynet.com; aburrus@aws-law.com; kim@howardnations.com; jmartin@crusescott.com; Twacker@rcrlaw.net; jmizgala@sidley.com; bailey-syc@bpblaw.com; scottarmstrong1235@earthlink.net; astavrakaras@lskg-law.com; dmatthews@thematthewslawfirm.com; bkrass@pawalaw.com; buffm@lpm-triallaw.com; jsafe@aws-law.com; ppennock@weitzlux.com; fred.magaziner@dechert.com; ecf@whaeydrake.com; whrfrat42@yahoo.com; rciotti@carltonfields.com; Heather Santiago; bahmann@faegre.com; robertsalim@cp-tel.net; Robert Cowan; kj@kjensenlaw.com; rschultz@hrva.com; heidi.hilgendorff@dbr.com; esugiarto@weitzlux.com; michelle.kirsc@dechert.com; echarley@lskg-law.com; attorneyokc@hotmail.com; lroth@roth-law.com; davidhwang@plblaw.com; isale@aws-law.com; charles@howardnations.com; jdibbley@lundydavis.com; jjobes@sidley.com; Mike Perrin; tpearson@mccarter.com; lbrandenberg@lskg-law.com; ddickens@doctoratlaw.com; asmith@brownandcrouppen.com; alist@cpaslaw.com; Thageman@spstl-law.com; jorelli@weitzlux.com; marjorie.shiekman@dechert.com; dcanty@lskg-law.com; eblizzard@blizzardlaw.com; ccoutroulis@carltonfields.com; klee@faegre.com; ablankenship@aws-law.com; lori@howardnations.com; sallen@crusescott.com; csz@zimmerreed.com; mdavis@sidley.com; Camp Bailey; margaret.osborne@dechert.com; bsund@lskg-law.com; aaron@ghalaw.com; mb@pawalaw.com

**Subject:** Seroquel - 2nd am notice to depose Dr Reinstein 9/24/08

Counsel, attached please find Plaintiffs' Second Amended Notice to Reconvene the deposition of Dr. Michael Jay Reinstein on Wednesday, September 24, 2008 at 8:30 a.m.

_____

It's only a deal if it's where *you* want to go. Find your travel deal **here**.

9/11/2008