UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

This Document Relates to ALL CASES

### REPORT AND RECOMMENDATION NO. 7 BY CASE-SPECIFIC DISCOVERY SPECIAL MASTER

#### I.  INTRODUCTION

The Defendants filed Motions to Dismiss four cases (Murphy, White, Zackschewski and Alvarez) that the Parties and the PMO had placed in a Hold status with no further case-specific discovery undertaken in the cases.  In their Reponses to these motions, the Plaintiffs made several statements regarding the meaning of the PMO Hold status, to which Defendants have objected.  The Special Master reviewed these issues with the Parties in a telephone conference on September 5, 2008.

#### II.  RULING

A.  **Procedures Regarding Cases Placed on Hold.**

The following steps shall apply to the Hold status for any cases in which the PMO and the Special Master are involved in the scheduling of case-specific discovery:

(1) The Parties and the Special Master will review any case where either party believes that the case is not proceeding on a timely basis and will place a case in the Hold status where either the Parties agree or the Special Master determines that further discovery efforts shall be suspended.

(2) A case may remain in the Hold status for up to 60 days.

EXHIBIT 6

(3) A case will come out of the Hold status (a) if the Parties agree; (b) the Special Master so directs; or (c) the 60-day period for Hold Status has expired.

(4) Before filing a motion to dismiss a case in the Hold status on the ground of failure to prosecute, to provide discovery, or on any ground concerning the failure of the case to proceed, Defendants shall present the matter to the Special Master and the Plaintiffs either in a weekly status conference or in a special call as needed. Plaintiffs shall then have up to seven days (or such time as the Parties agree or the Special Master directs) to inform Defendants and the Special Master whether the case will be dismissed with prejudice by stipulation, or whether such dismissal is opposed. If the dismissal is opposed, Defendants may then file such motions as they deem appropriate.

(5) In any pleadings filed relating to dismissal motions on cases that have been in a Hold status after conclusion of Step (4), the Parties shall not refer to the former Hold status of the case except to describe the factual history of the case and the actions of the PMO, the Special Master and the Parties pursuant to this procedure.

B. **The Four Pending Motions.**

To permit the Parties the opportunity to observe this procedure for the four cases identified above:

(1) Plaintiffs shall withdraw without prejudice their Responses to the Motions to Dismiss filed in each case;

(2) Defendants shall withdraw without prejudice the Motion to Dismiss in each case; and

(3) Plaintiffs shall inform Defendants and the Special Master no later than September 12, 2008, whether dismissal of each case will be made by stipulation or is opposed. If dismissal is opposed, Step 5 of the above procedure shall apply.

These steps are necessary to implement the now-adopted procedure in Section A as to these four cases. The Special Master has concluded that Defendants' Motions to Dismiss in these cases did not indicate an intent by Defendants to subvert or by-pass the PMO or the Special Master process. Nor were Plaintiffs' Reponses to the Motions undertaken with any disregard of any PMO or Special Master process. The Special Master and the Parties had discussed the discovery scheduling issues regarding these cases on several prior occasions. The procedure

3

announced in this Report and Recommendation will avoid any future confusion over the import of a "Hold" status under our process.

_____
Orran L. Brown
Special Master for Case-Specific Discovery

DATED: September 11, 2008