# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  Seroquel Products Liability Litigation
MDL Docket No. 1769

This document relates to:

ALL CASES IN EXHIBIT 1

---

**ASTRAZENECA'S MOTION TO DISMISS CASES**
**OF PLAINTIFFS WHO HAVE FAILED TO SERVE VERIFIED**
**PLAINTIFF FACT SHEETS AND RECORDS AUTHORIZATIONS**

Under Case Management Order ("CMO") No. 2, every MDL plaintiff is obligated to serve AstraZeneca with a completed, verified Plaintiff Fact Sheet ("PFS") and an executed Authorization for Release of All Records ("Records Authorization") within certain deadlines. *See* Doc. No. 129 at ¶¶ I.A.-B.  The 14 plaintiffs listed in Exhibit 1 have failed to serve their PFSs and/or Records Authorizations, despite a Notice of Overdue Discovery and a 20-day cure period.  *See* Exhibit 1.  Accordingly, AstraZeneca hereby moves the Court to dismiss the cases of these plaintiffs.  In support of its Motion, AstraZeneca states as follows:

1. CMO No. 2 provides that every plaintiff must serve a completed, verified PFS, executed Records Authorization, and responsive documents within the month designated by plaintiff's counsel for service or, if the case was docketed in the MDL after January 31, 2007, within 45 days from the date of docketing.  Doc. No. 129 at ¶¶ I.A.-B.

2. CMO No. 2 further provides that if a plaintiff does not serve a completed, verified PFS (including an executed Records Authorization) within 10 days of the due date, AstraZeneca should send plaintiff's counsel a Notice of Overdue Discovery.  *Id.* at ¶ I.C.

3. Counsel for AstraZeneca sent a Notice of Overdue Discovery to counsel for each plaintiff identified in Exhibit 1. Each plaintiff had ample opportunity after receiving the notice to comply with CMO No. 2 – well over the 20-day cure period prescribed in that Order – but plaintiffs still have failed to serve their PFSs and/or Records Authorizations.

4. On September 22, 2008, pursuant to CMO No. 5, AstraZeneca requested, and subsequently was granted, leave to move to dismiss the cases of 14 plaintiffs who had not served timely, substantially complete PFSs.

5. Dismissal of cases where plaintiffs failed to provide a completed PFS has been held to be an appropriate sanction in multi-district product liability litigation. *See, e.g., In re PPA Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (affirming district court's dismissal as appropriate sanction for failure to complete PFSs). *See also In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. 06-3810, 2007 WL 2189069, at *4 (8th Cir. Aug. 1, 2007) (same).

6. The Court already has dismissed the claims of many plaintiffs in this MDL with prejudice due to their failure to serve PFSs and Records Authorizations. *See, e.g.*, *Aaron v. AstraZeneca, LP, et al.,* No. 6:06-cv-1846, October 22, 2007 Order (MDL Doc. No. 595) (dismissing claims with prejudice for plaintiffs' failure to serve Records Authorizations or verified PFSs); *Dees v. AstraZeneca LP, et al*., No. 6:07-cv-13352, October 25, 2007 Order (MDL Doc. No. 606) (dismissing claims with prejudice for plaintiffs' failure to serve PFSs).

7. Because the plaintiffs listed in Exhibit 1 have had ample opportunity to comply with the Court's Orders and serve their verified PFSs and/or Records Authorizations,

AstraZeneca respectfully requests that the Court dismiss their claims without prejudice, and further order that the dismissals shall be converted to "with prejudice" in 80 days unless plaintiffs serve AstraZeneca with completed, verified PFSs, responsive documents, and records authorizations and move to reinstate their cases. *See* Doc. No. 285 at ¶ 1; *see also* Doc. No. 1066 (08/26/08 Order dismissing the cases of fifteen plaintiffs for PFS deficiencies).

8.  Pursuant to the Order amending CMO No. 2, a form Order listing the 14 cases ripe for dismissal is attached as Exhibit 2. *See id*.

WHEREFORE, AstraZeneca respectfully requests that the Court dismiss without prejudice the claims of the 14 plaintiffs listed in Exhibit 1 because they have failed to serve completed PFSs and/or Records Authorizations, and that the Court convert the dismissals to "with prejudice" unless plaintiffs serve AstraZeneca with completed, verified PFSs, responsive documents, and records authorizations and move to reinstate their cases within 80 days.

Dated:  September 22, 2008          /s/ *Brennan J. Torregrossa*
                                    Fred T. Magaziner
                                    Brennan J. Torregrossa
                                    DECHERT LLP
                                    Cira Centre
                                    2929 Arch Street
                                    Philadelphia, PA 19104
                                    (215) 994-4000

                                    *Attorneys for Defendants*
                                    *AstraZeneca Pharmaceuticals LP*
                                    *and AstraZeneca LP*