UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769 (ALL CASES)

### DEFENDANTS' MOTION FOR LEAVE TO FILE MORE THAN ONE *DAUBERT* MOTION IN THE FLORIDA TRIAL POOL "GROUP ONE" CASES

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca"), pursuant to Case Management Order No. 5 (Doc. No. 792) ["CMO No. 5"], move the Court for leave to file four (4) separate *Daubert* motions with respect to the plaintiffs' experts in the 12 "Group One" cases in the Florida Initial Trial Pool. As explained below, good cause exists for AstraZeneca's *Daubert* briefing proposal because it will result in a clearer and more efficient briefing and presentation of *Daubert* issues to the Court, and will reduce the total number of pages devoted to briefing these issues.

### SUPPORTING MEMORANDUM

On January 11, 2008, the Court entered CMO No. 5, which in relevant part provides that, "[b]y October 31, 2008,[1] the Parties shall file any *Daubert* motions related to general or case-specific experts in the cases selected for the Initial Trial Pool." (Doc. No. 792, ¶P). CMO No. 5 further provides that if either party anticipates filing "more than one" *Daubert* motion, "it shall file a motion, complying with Local Rule 3.01(g), seeking leave to do so at least 30 days in advance." CMO No. 5 (Doc. No. 792), ¶R.[2]

---

[1] By subsequent Order dated August 1, 2008, the due date for filing *Daubert* motions, as well as dispositive motions, was changed to November 3, 2008. *See* Doc. No. 1059.

[2] Under the Court's August 1, 2008 Order, the due date for this motion is October 3, 2008.

14014191.3    1

Plaintiffs have served 12 expert reports with respect to the Group One cases. While the reports' content spans a wide array of topics, the proffered opinions of plaintiffs' experts often overlap. For example, plaintiffs have proffered generic experts whose opinions relate to the claims of more than one plaintiff. Plaintiffs also have proffered several case-specific experts, each of whom uses substantially similar language, bases and methodology in his or her separate reports as to several plaintiffs.

Under CMO No. 5, AstraZeneca would be permitted to file 12 *Daubert* motions of 25 pages each – *i.e.*, one in each of the 12 Group One cases – for a maximum total of 300 pages of briefing. However, given the number of experts involved, it would not be feasible for AstraZeneca to brief all of the relevant *Daubert* issues in each case in 25 pages. Moreover, because as noted above, the opinions and issues presented by these reports overlap, adherence to CMO No. 5's initial suggestion of a single *Daubert* motion separately filed for each of the 12 "Group One" cases would result in the unnecessary repetition of arguments.

Accordingly, AstraZeneca proposes to streamline the process by filing four separate *Daubert* motions, each of which would be filed in, and bear the caption of, all 12 "Group One" cases. The format and content of the four *Daubert* motions is anticipated to be as follows:

(1) The first *Daubert* motion would relate to the admissibility of the "general causation" opinions of plaintiffs' three (3) generic witnesses: Arnett, Plunkett, and Wirshing. AstraZeneca anticipates that this first motion and accompanying memorandum would not exceed fifty (50) pages in length.

(2) The second *Daubert* motion would address overarching issues relating to the admissibility of the "specific causation" opinions offered by the seven (7) case-specific witnesses: Perry, Nair, Marks, Young, Abramson, Kendrick, and Tulloch. AstraZeneca anticipates that this second motion and accompanying memorandum would not exceed sixty (60) pages in length. Any additional *Daubert* arguments related to case-specific causation will be incorporated in the individual summary judgment briefs for each case (working within the page limits for those briefs already established by the Court).

(3) The third *Daubert* motion would relate to the admissibility of plaintiffs' "damages" witnesses: Raffa and Deutsch. AstraZeneca anticipates that this motion and accompanying memorandum would not exceed twenty-five (25) pages in length.

(4) Finally, the fourth motion would present AstraZeneca's *Daubert*-related arguments concerning various other opinions and statements in plaintiffs' expert reports that do not directly related to causation and damages, but which AstraZeneca will demonstrate are not admissible – such as, for example, witnesses purporting to give opinions outside their areas of putative expertise. AstraZeneca anticipates that this last motion and accompanying memorandum, which will address an array of arguments applicable to all of plaintiffs' experts, would not exceed sixty (60) pages in length.

Based on AstraZeneca's best current estimates of the required pages to brief its arguments, AstraZeneca's proposal would result in less than 200 pages of briefing as opposed to the aggregate total of 300 pages otherwise available under the separate case briefing approach initially envisioned by CMO No. 5. Further, AstraZeneca's proposal would avoid unnecessary repetition of arguments, and allow for clear presentation of the distinct *Daubert*-related issues raised by plaintiffs' various reports in an orderly, sensible and efficient manner that will substantially assist the Court in considering and ruling upon AstraZeneca's *Daubert* challenges.

**WHEREFORE**, AstraZeneca respectfully requests that the Court grant it leave to file more than one *Daubert* motion in the Florida "Group One" cases consistent with the protocol set forth above.

## LOCAL RULE 3.01(G) CERTIFICATION

AstraZeneca's counsel has repeatedly attempted to meet and confer with plaintiffs' counsel about this motion. Despite emails and telephone calls beginning on September 23, 2008, plaintiffs' counsel never responded. .

14014191.3

3

Respectfully submitted,

*/s/ Stephen J. McConnell*
Fred T. Magaziner
Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Steven B. Weisburd
DECHERT LLP
300 West 6 th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert .com

*/s/ Chris S. Coutroulis*
Florida Bar Number 300705
Robert L. Ciotti
Florida Bar Number 333141
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida  33607
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 2, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on

14014191.3

4

plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ Robert L. Ciotti