UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

THIS DOCUMENT RELATES TO ALL CASES

ASTRAZENECA'S EMERGENCY MOTION TO SEAL
ITS NOVEMBER 3, 2008 AND RELATED FILINGS THAT CONTAIN
PLAINTIFFS' "CONFIDENTIAL" MEDICAL INFORMATION OR, IN THE
ALTERNATIVE, FOR RELIEF FROM THE MDL PROTECTIVE ORDER

Defendants, AstraZeneca Pharmaceuticals LP and AstraZeneca LP (hereinafter "AstraZeneca"), by and through their undersigned counsel and pursuant to Local Rule 1.09(a) of the Local Rules of this Court, hereby file the instant Motion in connection with their summary judgment and *Daubert* motions, the first of which are due on November 3, 2008. This Motion seeks leave to file under seal the motions, responses, and any permitted replies, along with the exhibits thereto, which incorporate plaintiffs' medical information deemed confidential by the Protective Order governing this MDL. In the alternative, the Motion seeks the de-designation of plaintiffs' medical information and fact sheets as confidential, thereby obviating the need to file such briefing and exhibits under seal. In support of its Motion, AstraZeneca states as follows:

1. AstraZeneca's summary judgment and *Daubert* motions in the Group One trial cases are due on November 3, 2008 (Doc. No. 1059 at ¶ 2).

2. AstraZeneca's motions and memoranda of law, as well as any responses and permitted replies, necessarily will be replete with references to plaintiffs' medical records

1

and fact sheets. Furthermore, exhibits to these filings will include medical records and fact sheets, as well as other documents, such as deposition transcripts and expert reports, all of which contain information pertaining to plaintiffs' psychological conditions and medical histories.

3. Because the public filing of such briefing and exhibits would violate the Protective Order governing this MDL, which provides that "[a]ll Plaintiffs' Medical Records and Fact Sheets will be deemed confidential" and that confidential discovery materials can be filed with the Court only under seal pursuant to Local Rule 1.09, (Doc. No. 478 at ¶¶ 5(C) & 10), AstraZeneca asked plaintiffs' counsel to join with AstraZeneca in a motion for leave to file under seal any briefing and exhibits that would reveal plaintiffs' medical information. Plaintiffs' counsel refused to join in such a motion. By opposing AstraZeneca's Motion while maintaining that plaintiffs' fact sheets and medical records are confidential, plaintiffs' counsel are seeking to make it difficult or impossible for AstraZeneca to file its summary judgment and *Daubert* motions.

4. Because AstraZeneca must file its summary judgment and *Daubert* motions for the Group One trial cases in one week – on November 3rd – it now seeks emergency relief. AstraZeneca asks the Court either to allow it to file its motions and exhibits under seal or, in the alternative, to vacate Paragraph 5(C) of the Protective Order so that plaintiffs' fact sheets and medical records no longer are deemed confidential.

5. AstraZeneca will not be able to file meaningful motions if it is required to file them with wholesale redactions. Significant and important parts of the record would be blacked out, resulting in incomprehensible filings. For example, each of AstraZeneca's

individual summary judgment motions contains a background section with detailed information about that plaintiff's medical history, and those medical details, along with specific testimony by plaintiffs' healthcare providers, are discussed throughout the motions. Moreover, plaintiffs' fact sheets and medical records are among the most important exhibits, but without the relief requested herein, AstraZeneca would have to redact these documents in their entirety. Most of the other exhibits are deposition transcripts of plaintiffs' experts and healthcare providers, and these transcripts are filled with discussions about plaintiffs' medical conditions, including specific quotations from plaintiffs' medical records. Given the considerable number of redactions that would be necessary, requiring AstraZeneca to file redacted motions and exhibits would deprive it of its right to present record-based arguments in support of its summary judgment and *Daubert* motions.

6. Pursuant to Local Rule 1.09(a) regarding filings under seal, AstraZeneca submits the following additional information for the Court's consideration, which corresponds to the numerical subparts of the Rule:

(i) The materials to be filed under seal include AstraZeneca's summary judgment and *Daubert* motions, responses, and any permitted replies, along with the exhibits thereto, containing plaintiffs' medical information that is deemed confidential by Paragraph 5(C) of the Protective Order and that does not implicate any issues of public health, safety, or social-political interest.

(ii) The filing of plaintiffs' medical information is necessary so that the Court can make an informed decision on AstraZeneca's summary judgment and *Daubert* motions.

3

(iii) Sealing plaintiffs' medical information is necessary at this time because the Protective Order governing this MDL deems the information confidential and provides that confidential materials can be filed with the Court only under seal pursuant to Local Rule 1.09.

(iv) As discussed below, AstraZeneca believes that plaintiffs' medical information is no longer confidential because plaintiffs have put their medical information at issue by filing these lawsuits. If the Court disagrees, however, there is no means other than filing under seal to protect the medical information at issue here, while at the same time preserving AstraZeneca's right to present record-based arguments in support of its summary judgment and *Daubert* motions. Redaction would only result in incomprehensible briefing and exhibits.

(v) AstraZeneca proposes that any materials it files under seal be accompanied by a letter from counsel for AstraZeneca certifying that the materials contain plaintiffs' private medical information. AstraZeneca further proposes that such materials remain under seal until this litigation, including any appeals, is final, at which time AstraZeneca will ask that the copies of any materials properly filed under seal be destroyed or returned to counsel for the producing party.

(vi) Unless the Court determines that plaintiffs have waived confidentiality in their fact sheets and medical records, good cause exists for AstraZeneca's request to seal the summary judgment and *Daubert* motions, responses, and replies, and any exhibits thereto, to protect plaintiffs' medical information. As explained above, AstraZeneca's briefing will be replete with references to plaintiffs' medical information, and the vast

4

majority of the exhibits AstraZeneca is filing in support of its briefing are plaintiffs' medical records or transcripts discussing plaintiffs' medical information. The Protective Order therefore requires AstraZeneca to file this briefing and the exhibits under seal. (Protective Order, Doc. No. 478, at ¶¶ 5(C) & 10).

7. In the alternative, AstraZeneca submits that the Court should vacate Paragraph 5(C) of the Protective Order. This is justified because it is well-settled that when a patient sues in a public forum over his or her medical condition, the patient waives any privilege, including confidentiality, over his or her medical information. *See, e.g.*, *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1476 (11th Cir. 1984) (applying Florida law of privileges to state-law claims in federal court and holding that plaintiff waived any privilege over his medical records by bringing the action); *Barron v. Florida Freedom Newspapers, Inc.*, 531 So. 2d 113, 119 (Fla. 1988) (ordering a court file containing medical information to be unsealed and holding that "[a]lthough generally protected by one's privacy right, medical reports and history are no longer protected when the medical condition becomes an integral part of the civil proceeding, particularly when the condition is asserted as an issue by the party seeking closure"); F.S.A. § 90.503 (providing that there is no privilege for "communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense"); *see also Harley v. Health Center of Coconut Creek, Inc.*, 469 F. Supp. 2d 1212, 1213 (S.D. Fla. 2006) ("[I]f a patient puts his or her mental or physical condition at issue at trial, the patient is considered to have waived the privileged communication with their doctor."). If the rule were otherwise, any plaintiff could do what plaintiffs are

attempting to do here – bring a lawsuit that centers on his or her confidential information, but then hide behind that confidential information to conduct the lawsuit in secret.

**WHEREFORE**, based on the foregoing discussion and authorities, AstraZeneca respectfully requests that the Court grant its Motion, and permit the filing under seal of any briefing and exhibits that reveal plaintiffs' medical information or, in the alternative, permit the public filing of plaintiffs' medical information by vacating Paragraph 5(C) of the Protective Order.

Dated: October 27, 2008.                    /s/ Fred T. Magaziner

Fred T. Magaziner
Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

Chris S. Coutroulis
Florida Bar Number 300705
Robert L. Ciotti
Florida Bar Number 333141
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida  33607
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
ccoutroulis@carltonfields.com
*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF CONFERRAL

In accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, I hereby certify that, as set forth in paragraph 3 of the above-referenced motion, moving counsel has conferred with plaintiffs' counsel in a good-faith effort to resolve the issues raised by this motion, but counsel have not agreed on its resolution.

/s/ Chris Coutroulis

## CERTIFICATE OF SERVICE

I hereby certify that, on Monday, October 27, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ Chris Coutroulis

# SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |