**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| This document relates to:<br>    ALL CASES | 6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO SEAL ITS NOVEMBER 3, 2008 FILINGS THAT CONTAIN CONFIDENTIAL DOCUMENTS PRODUCED BY THE FDA AND BY ASTRAZENECA AND REQUEST FOR EXPEDITED CONSIDERATION (DOC. 1108)**

On a tremendously accelerated timeline,[1] Plaintiffs respond in opposition to AstraZeneca's Motion to Seal its November 3, 2008 filings that contain discussion of and/or exhibits/excerpts from purportedly "confidential" AstraZeneca and Food & Drug Administration ("FDA") documents (Doc. 1108, hereinafter the "Motion"). It is not Plaintiffs' intention to respond in "Chicken Little" fashion to AstraZeneca's Motion. Plaintiffs are mindful of this Court's pragmatic, businesslike approach to such matters. Yet it is impossible for Plaintiffs to overstate the gravity of the issues raised by AstraZeneca, the Court's decision on which will almost unquestionably dictate the future openness (or secrecy), as well as scope and duration, of this litigation.

---

[1] Defense counsel filed their Motion after normal business hours at 6:10 p.m. central time on October 30, 2008, minutes after consulting with Plaintiffs' counsel and stating that AstraZeneca "was thinking about" filing such a Motion. The Court clerk informed Plaintiffs' liaison counsel on the morning of October 31, 2008 that Plaintiffs then had less than six hours to respond to AstraZeneca's Motion, the response having been ordered due by the Court at 4:00 p.m. central time the same day. While nevertheless attempting to comply with the Court's instruction, Plaintiffs object to the expedited briefing schedule ordered by the Court, which has prejudiced Plaintiffs by permitting the filing of only a cursory response to the significant issues raised in AstraZeneca's Motion, as further described herein.

1

In rendering its decision, the Court should be acutely aware of the following: (1) Local Rule 1.09(a) and this Court's prior admonitions regarding sealing wholly contradict AstraZeneca's request for "carte-blanche" approval to file FDA and AstraZeneca documents under seal, and (2) AstraZeneca's desired endgame seeks to convert this public proceeding in a public forum into the equivalent of a private arbitration isolated from public view. Indeed, if the Court grants AstraZeneca's request to permit the wholesale filing of FDA and AstraZeneca's documents—sight unseen—under seal, then the Court will have effectively ordered that the courtroom and remaining proceedings therein, including *Daubert* and summary judgment hearings, trial, and the records thereof, must also be sealed. In support of their response, Plaintiffs would further show the Court as follows:

1. Local Rule 1.09(a)—which applies to this litigation and AstraZeneca's Motion—sets forth a specific procedure for seeking leave to file documents under seal in the Middle District of Florida. That rule requires the "identification and description of *each item proposed for sealing*" and a statement of "the reason that filing [and sealing] *each item* is necessary." In addition, the proponent of the seal must submit a memorandum of legal authority supporting the sealing of particular items. Disregarding the Rule, AstraZeneca asks the Court to fashion a broad order that effectively seals all AstraZeneca and FDA documents, without meeting **any** burden to describe "each item proposed for sealing" or the "reason that filing [and sealing] each item is necessary," much less providing legal support for those positions.

2. This Court has unequivocally instructed the parties since the inception of this litigation that orders such as that which AstraZeneca now seeks **would not be issued**:

> This Court, and in general these two judges in particular, really disfavor the filing of things under seal or approving the filing of things under seal. And we will not approve a proposed order that allows you to file things under seal carte blanche . . . . [W]hen it comes to filing things ***you actually need to make a real showing that it's entitled to some protection and not just waiving your hands and saying trade secret or lab research or something like that.***

(Tr. of Sept. 7, 2006 Pretrial Conference 22:12-22 (Conway, C.J.); emphasis added.)

> [J]ust so you're clear about what my attitude is, ***most of this— just company stuff is not going to be worthy of filing under seal. And let me explain to you why. There's a public policy purpose that this is an open public forum.***

(Tr. of Aug. 22, 2007 Pretrial Conference 137:2-7 (Baker, M.J.); emphasis added.)

> [W]hat's happened here is what happens in most of these cases, . . . is everybody wants to designate almost everything as confidential ***and almost none of it really is***. Now, I'm not prejudging anything here, but for walking around purposes, companies don't want people talking about stuff. ***But, when it's in litigation, there's really not very much that's protected from public disclosure because it's an open court. This is taxpayer funded. Here we are.***

(Tr. of Aug. 22, 2007 Pretrial Conference 136:18-25, 136:1-3 (Baker, M.J.); emphasis added.) Thus, not only does Local Rule 1.09(a) expressly require a showing that as a matter of law each document should be sealed, this Court has already admonished the lawyers that it would not issue sweeping orders permitting the parties to seal entire categories of documents, as AstraZeneca now requests.[2]

      3.      Moreover, AstraZeneca's clinging to the Protective Order (Doc. 478) fails to provide a legal basis for sealing documents from public view. Contrary to AstraZeneca's

---

[2] This is an entirely different request than that granted by the Court on October 29, 2008 (Doc. 1107). The legal basis for redacting patients' personally identifiable information from their medical records is virtually self-evident, unlike the baseless assertions that AstraZeneca now raises in this Motion.

3

bold re-characterization of the Protective Order, it does not "provide[] that confidential discovery materials *can be filed with the Court only under seal* . . . ." (Mot. ¶ 2.) The Order simply instructs that "[f]iling of material under seal in this Court is governed by Local Rule 1.09." (Doc. 478 ¶ 10.) AstraZeneca has not complied with that procedure, as described above, and instead seeks exemption from it.[3]

    4.    Indeed, the mere fact that AstraZeneca has deemed the unidentified documents as "confidential does not make it so in the eyes of the court . . . ." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002). While it "has become commonplace . . . [for] parties [to] stipulate to . . . protective order[s] allowing each other to designate particular documents as confidential and subject to protection," *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001), such "consensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved . . . ," *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1362. *See In re Zyprexa Prods. Liab. Litig.*, ___ F.R.D. ___, No. 04-MD-1596, 2008 WL 4097408, at *158 (E.D.N.Y. Sept. 5, 2008) ("Documents that are properly protected under Rule 26(c)[(1)(G)] should nonetheless be declassified unless defendant demonstrates an extraordinary reason to keep them under seal.") Plaintiffs have challenged, and will continue to challenge, AstraZeneca's wrongful, legally baseless over-designation of allegedly "confidential" documents, but its Motion seeks to deprive Plaintiffs of that opportunity. *See Estate of Martin Luther King, Jr.*, 184 F. Supp.

---

[3] Even under the Protective Order, the burden remains on AstraZeneca to "establish the propriety of its confidential designation." (Doc. 478 ¶ 12(c).) This Motion improperly seeks to shift that burden to Plaintiffs instead.

2d at 1362 ("Once challenged, . . . any decision to enter a Rule 26(c)(1) protective order must be construed in the light of the presumption in favor of public access to the courts."); *see also Chicago Tribune*, 263 F.3d at 1307; *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("What happens in the halls of government is presumptively public business. Judges deliberate in private, but issue public decisions after public arguments based on public records."). Plaintiffs, of course, cannot challenge any Rule 26(c) basis for designating as "confidential" and sealing *specific* documents because AstraZeneca has not identified those documents for the Court or Plaintiffs.[4]

---

[4] AstraZeneca argues that its "correspondence with the FDA about Seroquel . . . constitutes sensitive commercial information that is entitled to protection" automatically. (Mot. ¶ 6(b).) However, unless specifically exempt, all FDA records "shall be made available for public disclosure upon request regardless [of] whether any justification or need for such records have [sic] been shown." 21 C.F.R. § 20.20(b). Although 21 C.F.R. § 20.61 considers information pertaining to trade secrets, and commercial and financial information to be confidential and not subject to public disclosure, courts consistently review the relevant documents to determine whether particular correspondence with the FDA falls within these categories or the nearly identical categories enumerated in Fed. R. Civ. P. 26(c)(1)(G). *See, e.g.*, *Fisher v. SmithKline Beecham Corp.*, No. 07-CV-0347A(F), 2008 WL 4501860, at *10 (W.D.N.Y. Sept. 29, 2008). *Cunningham v. SmithKline Beecham*, No. 2:07-cv-174, 2008 WL 2572076, at *3-5 (N.D. Ind. June 25, 2008); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 311-12 (N.D. Cal. 2005); *Waelde v. Merk, Sharp & Dohme*, 94 F.R.D. 27, 28-30 (D.C. Mich. 1981).

Moreover, the only case that AstraZeneca cites on this point is inapposite. In *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, defendant filed a motion to seal any regulatory correspondence (specifically, letters between defendant and the FDA) contained in a Final Pretrial Order ("FPTO"). No. 03-6025, 2007 WL 2085350, at *4 (D.N.J. July 18, 2007). According to the United States District Court for the District of New Jersey, defendant specifically stated that the information it sought to seal was plaintiff's inaccurate description of correspondence between defendant and the FDA. *Id.* The court conducted its analysis under D.N.J. L. Civ. R. 5.3(c)(2), which requires a court to determine, prior to restricting public access: (1) the nature of the materials at issue; (2) the legitimate private or public interest which warrants sealing; (3) the clearly defined and serious injury that would result if the materials were not sealed; and (4) why any less restrictive alternative to sealing is not available. *Id.* at *3.

In considering the third prong of D.N.J. L. Civ. R. 5.3(c)(2), the court noted that the FDA had not yet responded to plaintiff's FOIA request regarding the documents at issue. *Id.* at *5. The court also noted that "the sealing of the documents will be rendered moot if they are released to the public by the FDA pursuant to the FOIA request." *Id.* n.3. The court further noted that it was aware of defendant's assertions that plaintiff was "improperly using the judicial process to gain access to confidential documents for use in its business." *Id.* The court found that "the regulatory correspondence referenced in the FPTO is sensitive information that shall remain under seal unless released to [plaintiff] or the public by the FDA through a FOIA request." *Id.* In contrast, here, AstraZeneca is the party that is improperly using the judicial process.

Notably, Plaintiffs here are still investigating the source of the FDA documents that AstraZeneca recently served upon Plaintiffs' counsel, which may certainly have a bearing on whether those documents are

5. Finally, sound bases for the Court's recognition that public policy commands open courts are amplified in this litigation, where the health (and lives) of thousands if not millions of Seroquel may be affected. As Judge Weinstein recently determined in unsealing several hundred of defendant's allegedly confidential documents in the parallel *Zyprexa* MDL:

> Unsealing accords with this country's general policy of public accessibility of court records. *See Nixon v. Warner Communication*, 435 U.S. 589, 597 . . . (1978) (recognizing a "general right to inspect and copy public records and documents, including judicial records and documents."). Documents may be protected under Rule 26(c) of the Federal Rules of Civil Procedure if the court finds that there is "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G). But "[d]ocuments that are properly protected under Rule 26(c)(7) should nonetheless be declassified unless defendant demonstrates an extraordinary reason to keep them under seal." Order 7-8, Mar. 30, 2007, Docket No. 04-MD-1956, Docket Entry No. 1227. Lilly's legitimate interest in confidentiality does not outweigh the public interest in disclosure at this stage of the litigation. *Gamble v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) ("A district court that concludes that there is a public right of access to judicial documents . . . acts within its jurisdiction when it modifies or vacates a protective order to allow that access"). The documents are now so outdated that unsealing will not significantly harm Lilly.
>
> Public access is . . . advisable because this litigation involves issues of great public interest, the health of hundreds of thousands of people . . . [and] fundamental questions about our system of approval and monitoring of pharmaceutical products . . . . [P]ublic disclosure, congruent with our long tradition of

---

entitled to confidentiality protection. For example, if the documents were produced pursuant to a FOIA request, Plaintiffs are stymied as to what possible basis AstraZeneca might claim that they are confidential.

> open courts, is desirable. *See In re Zyprexa Injunction*, 474 F.Supp.2d 385, 394-95 (E.D.N.Y.2007); *see, e.g., In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559, 572 (E.D.N.Y.1985), aff'd 821 F.2d 139 (2d Cir.1987) (declassifying documents upon a showing "that the need for disclosure outweighs the need for further protection"); *see also In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir.1987) ("It is undisputed that a district court retains the power to modify or lift protective orders that it has entered."); Monograph, *Individual Justice in Mass Tort Litigation* 66-72 (1995); Aaron Twerski, *et al.*, *Secrecy and the Civil Justice System*, 9 J. of L. & Pol'y, 51, 51-107 (2000); Note, *Secrecy in Civil Trials: Some Tentative Views*, 9 J. of L. & Pol'y 53 (2000); Catherine Wimberly et al., *Secrecy in Law and Science*, 23 Cardozo L. Rev. 1 (2001). Some documents have already been released. *See In re Zyprexa Injunction*, 474 F.Supp.2d 385 (E.D.N.Y.2007). Most are so old as to be unlikely to reveal current secrets.

*In re Zyprexa*, ___ F.R.D. ___, 2008 WL 4097408, at *158-*159. As plaintiffs alleged in the *Zyprexa* MDL, Plaintiffs in this litigation likewise allege (and will show through AstraZeneca's own documents) that AstraZeneca failed for years to share its knowledge regarding the significantly increased risk of weight gain, hyperglycemia, and diabetes mellitus with the FDA, prescribing physicians, or the general public, despite a legal mandate that it do so through revised labeling in light of reasonable evidence of an association between those serious health risks and Seroquel. *See* 21 C.F.R. § 201.57(e) (2007). Through unwarranted confidentiality protections, the secrecy of these proceedings sought by AstraZeneca may prevent Seroquel doctors and patients from soon (or ever) learning of the dangers inherent in that drug, much less patients' seeking timely redress of their injuries.

WHEREFORE, the Court should deny AstraZeneca's Motion, and require that AstraZeneca comply with the letter of Local Rule 1.09(a). Plaintiffs should be given a reasonable opportunity to respond to a proper motion (one that complies with Local Rule

1.09(a)) filed by AstraZeneca on or before November 3, 2008. As permitted by the Local Rules, Plaintiffs' response would specifically challenge AstraZeneca's arguments for filing particularly identified AstraZeneca and FDA documents under seal. L.R. 1.09(a); L.R. 3.01(b).

DATED: October 31, 2008              Respectfully submitted,

                By:   /s/ K. Camp Bailey
                    F. Kenneth Bailey Jr.
                    K. Camp Bailey
                    Fletcher V. Trammell
                    Robert W. Cowan
                    **BAILEY PERRIN BAILEY**
                    440 Louisiana St., Suite 2100
                    Houston, Texas 77002
                    (713) 425-7100 Telephone
                    (713) 425-7101 Facsimile
                    kbailey@bpblaw.com
                    cbailey@bpblaw.com
                    ftrammell@bpblaw.com
                    rcowan@bpblaw.com
                    **Co-Lead Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 31st day of October, 2008, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO SEAL ITS NOVEMBER 3, 2008 FILINGS THAT CONTAIN CONFIDENTIAL DOCUMENTS PRODUCED BY THE FDA AND BY ASTRAZENECA AND REQUEST FOR EXPEDITED CONSIDERATION (DOC. 1108) with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

                              /s/ Robert W. Cowan
                              Robert W. Cowan

**CM/ECF SERVICE LIST**
(Updated April 2, 2008)

In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 – Orlando – 22DAB

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** |

| | |
|---|---|
| Robert L. Ciotti<br>Chris S. Coutroulis<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>***Counsel for Defendants AstraZeneca Pharmaceuticals, L.P, and AstraZeneca*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Counsel for Defendant, Marguerite Devon French*** |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |

| | |
|---|---|
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>elliot.gardner@dechert.com<br>gretchen.sween@dechert.com<br>iliano.guerrero@dechert.com<br>Amanda.lanham@dechert.com<br>Christina.keddie@dechert.com<br>Elizabeth.kimmelman@dechert.com<br>Nathaniel.bessie@dechert.com<br>Margaret.osborne@dechert.com<br>Brennan.torregrossa@dechert.com<br>Elliot.walker@dechert.com<br>Stephen.mcconnell@dechert.com<br>***Counsel for Defendant AstraZeneca Ph.*** |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels, Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>***Plaintiff's Lead Counsel*** |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

15

| | |
|---|---|
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN 55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

**NON-CM/ECF SERVICE LIST**

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |

| | |
|---|---|
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH 44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY 42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA 19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402 | John Hawkins |
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC 27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC 27406 |

| | |
|---|---|
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |

| | |
|---|---|
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |
| James J. Walker<br>Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Seth Webb<br>Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |