# EXHIBIT 45

384

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This Document Relates to:

Burns v. AstraZeneca, LP, et al.
Guinn v. AstraZeneca, LP, et al.
Curley v. AstraZeneca, LP, et al.

[Janice Burns 6:07-cv-15959]
[Linda Guinn 6:07-cv-10291]
[Connie Curley 6:07-cv-15701]

Miami Beach, Florida
October 20, 2008
12:30 o'clock p.m.

VOLUME III

PAGES 384 - 571

- - - - - - - - - -

DEPOSITION

OF

JENNIFER B. MARKS, M.D.

- - - - - - - - - -

JOB NO: 959152
Reported By:
Evan A. Ferguson, RPR
Notary Public, State of Florida
Esquire Deposition Services
Fort Lauderdale Office
Phone 954-331-4400

433

1 psychiatric and other problems that she had?
2   A  Well, I am not a psychiatrist, I don't think
3 she clearly has an indication for Seroquel, but I could
4 be wrong about that.
5   Q  Are you going to offer any opinions about
6 whether it was an appropriate therapeutic decision to
7 use Seroquel, and the way that her physicians prescribed
8 it?
9   A  If someone asked me about it I would give my
10 opinion, yes.
11   Q  Is it offered anywhere here in this report?
12   A  No, I don't believe so.
13   Q  And you don't hold yourself out as an expert
14 in prescribing Seroquel, correct?
15   A  No.
16   Q  You don't hold yourself out as an expert in
17 treating pain, do you?
18   A  No.
19   Q  You don't hold yourself out as an expert in
20 treating sleep disorders, do you?
21   A  No.
22   Q  You don't hold yourself out as the expert in
23 treating any kind of psychiatric disorder, do you?
24   A  No.
25   Q  And if I understand you correctly you have

<!-- page 434 -->

434

1 never prescribed Seroquel, right?
2   A  Correct.
3   Q  You don't even think you have ever refilled a
4 prescription for Seroquel, correct?
5   A  I am pretty sure I have not.
6   Q  You are not aware of any patient who has ever
7 been in your care where you have had to think about the
8 risks or benefits of Seroquel for somebody who is your
9 patient?
10   A  No.
11   Q  And you are not going to offer an opinion that
12 there was any other therapeutic choice that you think
13 was a better choice for Ms. Curley from the standpoint
14 of her endocrinologic issues?
15   A  For her endocrinologic issues there may have
16 been better choices, I don't know about her psychiatric
17 issues.
18   Q  Are you going to offer an opinion that there
19 was some specific agent that you think would have been a
20 better choice for her from the standpoint of metabolic
21 issues?
22   A  If someone were to ask me, I would offer an
23 opinion.
24   Q  Well, did you form an opinion prior to writing
25 this report?

435

1   A  Did I form an opinion prior to writing this
2 report?
3   Q  Yes, is that part of the opinions that you
4 understand you are offering in this case?
5   A  No.
6   Q  So I mean I could offer you an opinion
7 about -- I could ask you whether you like the painting
8 sitting behind you, but the purpose of being here today
9 is to know what the opinions are that you expect - that
10 you have attempted to develop in your report, and that
11 you would expect to offer if this case would go to
12 trial, and so let me ask this question.
13      Have you attempted to develop an opinion as to
14 whether there was a better therapeutic choice for
15 Ms. Curley from the standpoint of metabolic issues?
16   A  Yes, I think there were choices that might
17 have been better.
18   Q  Where is that in your report?
19   A  It's not in my report.
20   Q  What choices would have been better?
21   A  Well, there are a couple of atypical
22 antipsychotics, which according to what I have read and
23 been exposed to, may not have the same metabolic effects
24 as Seroquel.
25   Q  Those are Abilify and Geodon that we talked

436

1 about last time?
2   A  Correct.
3   Q  And you say they may not have the same
4 effects?
5   A  Correct.
6   Q  But you haven't done a review of all of the
7 literature for Abilify and Geodon?
8   A  I am not an expert, no.
9   Q  And you haven't looked to see whether there
10 are any head-to-head studies comparing Abilify and
11 Geodon for metabolic effects to Seroquel, correct?
12   A  I don't believe that there are, not from what
13 I have come across, no.
14   Q  And you don't know what the mean weight shifts
15 are on Abilify or Geodon at any particular dose,
16 correct?
17   A  I don't recall.
18   Q  And do you know what percent of patients have
19 gained 7 percent or more of their body weight on Abilify
20 or Geodon?
21   A  No, I don't.
22   Q  Do you know what percentage of patients have
23 reported hyperglycemic events on Abilify or Geodon by
24 any way you might want to measure a hyperglycemic event?
25   A  No.

## Page 569

```
                        READING AND SIGNING


        _____   _____
            (DATE)              (NAME)


        Sworn to and subscribed before
        me this ____ day of _____, 2008.


        _____
                  Notary Public
            My Commission expires:
```

## Page 570

```
                        ERRATA SHEET
        PAGE NO.   LINE NO.

        _____   _____   _____
        _____   _____   _____
        _____   _____   _____
        ...

        SIGNATURE_____   DATE_____
```

## Page 571

October 26, 2008

TO: JENNIFER B. MARKS, M.D., DEPONENT
C/O THOMAS PIRTLE, ESQUIRE
LAMINACK, PIRTLE & MARTINEZ, LLP.
5020 MONTROSE BOULEVARD, 9TH FLOOR
HOUSTON, TEXAS 77006

RE: Seroquel Products Litigation: Janice Burns
MDL DOCKET NO. 1769 6:07-cv-15959
Please take note that on Monday, the 20th day of October 2008, you gave a deposition in the above referred to matter. At that time, you did not waive signature. It is now necessary that you sign your deposition.

As previously agreed to, the transcript will be furnished to you through your counsel. Please read the following instructions:

At Page 570 you will find an errata sheet. As you read your deposition, any changes or corrections that you wish to make should be noted on the errata sheet, citing page and line number of said change. DO NOT write on the transcript itself. Once you have read the transcript and noted any changes, be sure to sign and date the errata sheet and return these pages in the self-addressed envelope that has been provided for your convenience. You need not return the entire transcript.
If you do not read and sign the deposition within thirty (30) days, the original, which has already been forwarded to the ordering attorney, may be filed with the Clerk of the Court. If you wish to waive your signature, sign your name in the blank at the bottom of this letter and return it to us.

Very truly yours,

Evan A. Ferguson
(Esquire Deposition Services)
I do hereby waive my signature.

_____
JENNIFER B. MARKS, M.D.
cc: via transcript:   HOPE S. FREIWALD, ESQUIRE