**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This document relates to:

| | |
|---|---|
| Linda Guinn | 6:07-cv-10291 |
| Janice Burns | 6:07-cv-15959 |
| Richard Unger | 6:07-cv-15812 |
| Connie Curley | 6:07-cv-15701 |
| Linda Whittington | 6:07-cv-10475 |
| Eileen McAlexander | 6:07-cv-10360 |
| ~~Sandra Carter~~ | ~~6:07-cv-13234~~ |
| ~~Clemmie Middleton~~ | ~~6:07-cv-10949~~ |
| ~~Hope Lorditch~~ | ~~6:07-cv-12657~~ |
| David Haller | 6:07-cv-15733 |
| ~~Charles Ray~~ | ~~6:07-cv-11102~~ |
| ~~William Sarmiento~~ | ~~6:07-cv-10425~~ |

_____

**ASTRAZENECA'S PROPOSED AGENDA**
**FOR HEARING ON DECEMBER 4 AND 5**

At Magistrate Judge Baker's invitation, Plaintiffs and Defendants, through their undersigned counsel, conferred regarding an agenda for the hearing on December 4 and 5, 2008, on AstraZeneca LP's and AstraZeneca Pharmaceuticals LP's ("AstraZeneca") *Daubert* motions and motions for summary judgment, and Plaintiffs' responses thereto.  Despite several attempts, the parties have been unable to reach agreement on an overall agenda, although, as set forth below, they have reached agreement that witnesses will not attend or be called live.

AstraZeneca hereby submits the following proposed agenda and requests that the Court consider and hear argument on the motions as follows:

14255718.1

<u>Thursday, December 4, 2008</u>

| | |
|---|---|
| 10:00 a.m. — 12:30 p.m. | Overview and Introduction, and AstraZeneca's Motion to Exclude General Causation Testimony.<br>*70 minutes per side (which allows for a 10 minute mid-morning break)* |
| 12:30 p.m. | Break for Lunch |
| 1:30 p.m. — 3:30 p.m. | AstraZeneca's Motion to Exclude Specific-Causation Testimony of Plaintiffs' Case-Specific Causation Witnesses<br>*60  minutes per side* |

<u>Friday, December 5, 2008</u>

| | |
|---|---|
| 8:00 a.m. — 11:45 a.m. | Arguments raised in Omnibus Memoranda and AstraZeneca's Motions for Summary Judgment as to (1) Plaintiff David Haller, (2) Plaintiff Linda Whittington, (3) Plaintiff Connie Curley, (4) Plaintiff Linda Guinn, (5) Plaintiff Eileen McAlexander, (6) Plaintiff Richard Unger, and (7) Plaintiff Janice Burns.<br><br>*AstraZeneca proposes to argue the summary judgment issues topically and by subject matter for all plaintiffs, rather than argue each summary judgment motion on a plaintiff by plaintiff basis.  AstraZeneca proposes to address Issues pertaining to each plaintiff as appropriate in the context of the arguments presented on each issue.*<br><br>*AstraZeneca proposes that the parties split evenly 3 ½ hours of time, assuming a 15 minute mid-morning break.* |

AstraZeneca respectfully requests that the Court hear its *Daubert* motions on medical causation – both *general* medical causation, and *specific* medical causation – on Day One of the two day hearings, because these are the first case-dispositive arguments advanced by AstraZeneca in its Omnibus Legal Memorandum, and in each of the seven individual motions for summary judgment.  As AstraZeneca's briefing explains, Plaintiffs must establish medical causation through expert testimony under settled law.  Thus, if either AstraZeneca's *Daubert* motions on general or specific causation are granted by the Court, then AstraZeneca would be

14244766.1                                     2

entitled to summary judgment for lack of causation in each of these seven remaining Group One cases. Given the case-dispositive implications of AstraZeneca's two medical-causation *Daubert* motions, AstraZeneca respectfully submits that these two motions should be addressed first on Day One. Plaintiffs have provided no compelling reason why their alternative wishes to evade these case-dispositive Daubert issues until later or at the end of the upcoming hearings can or should override AstraZeneca's request that these two *motions filed by AstraZeneca* be taken up first by the Court.

AstraZeneca submits that the remaining important issues raised by its Omnibus Legal Memorandum and the individual summary judgment motions – including remaining issues of causation, preemption, learned intermediary, fraud, and design defect – can and should be addressed during Day Two of the two day hearings.

AstraZeneca suggests that its other two motions – AstraZeneca's Motion Under *Daubert* and Federal Rules of Evidence 702, 401 and 403 to Exclude or Limit Testimony of Paul Deutsch and Frederick Raffa, and Motion to Exclude Non-Causation Expert Testimony under Federal Rules of Evidence 702, 401 and 403 – be submitted on the papers without oral argument, but that the parties be prepared to address any particular questions the Court may have about those motions as well. Alternatively, to the extent the Court would prefer to address issues raised by those motions at a later time along with motions *in limine*, the parties be prepared to argue these two remaining motions at any later time should the Court so direct.

The parties have agreed and stipulated that no live witnesses will be present and no live testimony will be offered in connection with the arguments on these various motions during the proceedings on December 4 and 5.

14244766.1                                    3

DATED:  December 2, 2008                     Respectfully submitted,

                                            /s/ Steven B. Weisburd_____
                                            Steven B. Weisburd
                                            David Venderbush
                                            DECHERT LLP
                                            300 West 6th Street, Suite 1850
                                            Austin, TX  78701
                                            Telephone: (512) 394-3000
                                            Facsimile: (512) 394-3001
                                            steven.weisburd@dechert.com

                                            Stephen J. McConnell
                                            DECHERT LLP
                                            2929 Arch Street
                                            Philadelphia, PA  19103
                                            Telephone: (215) 994-4000
                                            Facsimile: (215) 994-2222
                                            stephen.mcconnell@dechert.com


                                            /s/ Chris S. Coutroulis_____
                                            Chris S. Coutroulis (Fla. Bar No. 300705)
                                            Robert L. Ciotti (Fla. Bar No. 333141)
                                            CARLTON FIELDS, P.A.
                                            Corporate Center Three at International Plaza
                                            4221 W. Boy Scout Blvd.
                                            Tampa, FL  22607
                                            Telephone: (813) 223-7000
                                            Facsimile: (813) 229-4133
                                            ccoutroulis@carltonfields.com

                                            *Counsel for AstraZeneca LP and AstraZeneca*
                                            *Pharmaceuticals LP*


                            **CERTIFICATE OF SERVICE**

        I hereby certify that, on December 2, 2008, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system through which all participating parties are

deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on

14244766.1                          4

Plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the

attached Service List.

         /s/ Chris S. Coutroulis
*Attorney*