**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br>This document relates to:<br>*Linda Guinn*, No. 6:07-CV-10291<br>*Janice Burns*, No. 6:07-CV-15959<br>*Richard Unger*, No. 6:07-CV-15812<br>*Connie Curley*, No. 6:07-CV-15701<br>*Linda Whittington*, No. 6:07-CV-10475<br>*Eileen McAlexander*, No. 6:07-CV-10360<br>*David Haller*, No. 6:07-CV-15733 | MDL DOCKET NO:<br>6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' NOTICE OF PROPOSED AGENDA
FOR HEARINGS SET FOR DECEMBER 4 AND 5, 2008**

Plaintiffs in the above-referenced cases ("Plaintiffs") hereby submit their proposed agenda for the Court's hearings on the dispositive motions and motions to exclude expert witness testimony, and responses thereto, currently pending before the Court.

Plaintiffs' agenda is streamlined and topical.[1]  It is also true to Plaintiffs' long-advocated, efficient, global-to-specific approach to issues before the MDL.  (*See generally* Docs. 603, 660.)

More particularly, Plaintiffs propose that the Court first hear and consider the broadest, most comprehensive issues first—issues that touch not only every case in Trial Group One, but potentially every case in the MDL.  Then, in logical, 'top-down' sequence, Plaintiffs' proposed agenda moves from those 'universal' legal issues (legal adequacy of Seroquel's warnings, federal preemption) to general medical causation (affecting the class of Trial Group One cases), and finally concludes with case-specific legal and evidentiary matters, which only then require

---

[1] As Defendants' proposed agenda recognizes, each of the topics outlined in Plaintiffs' proposal below, including general and specific medical causation, is encompassed by Defendants' Omnibus Legal Memorandum as well as Plaintiffs' Response thereto.  (*See* Doc. 1171 at 2.)

1

the Court and parties to delve into issues of proof unique to each individual case. Day One of Plaintiffs' agenda would be consumed only by the global issues. Day Two would cover law and evidence that may vary from case to case.

Plaintiffs' approach also differs from Defendants' proposal in at least one other significant aspect. Plaintiffs' proposed agenda provides the Court at the outset a thorough litigation overview, including the parties' respective theories of the cases, claims, defenses, and evidence. That context is critical, for example, so that the Court may avoid deciding 'in a vacuum' issues such as whether to admit or exclude expert witness testimony, as Defendants' proposal would have the Court do. In other words, while the Court may be able to evaluate the "who" and "how" of Plaintiffs' experts' testimony absent any litigation background, the pivotal "what" and "why" of that testimony—premised on the evidentiary record developed over the last two-and-a-half years—may only be fairly appreciated and understood in the context of the cases themselves.

Defendants' contrary approach swings from de-contextualized evidentiary matters relative to general medical causation (applicable to the Trial Group One cases as a class), to specific medical causation issues (applicable to each case uniquely) on day one, then back to a hodgepodge of MDL-comprehensive and case-specific legal issues on the second day. Defendants' agenda also affords no time for establishing the background or context of the litigation and arguments to be heard by the Court. Defendants' proposed agenda also allocates the allotted hours unwisely and inefficiently—e.g., parceling out four hours of argument to causation alone, with half of those hours devoted to Plaintiffs' mere three general causation witnesses.

Therefore, Plaintiffs propose the following agenda:

2

<u>Thursday, December 4, 2008—*Global Issues Day*</u>

| | |
|---|---|
| 10:00 to 11:30 a.m. | Failure to Warn:<br>Adequacy of Warning as a Matter of Law<br>*45 minutes of argument per side* |
| 11:30 to 11:40 a.m. | Break<br>*10 minutes* |
| 11:40 a.m. to 12:20 p.m. | Federal Preemption<br>*20 minutes of argument per side* |
| 12:20 to 12:40 p.m. | Design Defect<br>*10 minutes of argument per side* |
| 12:40 to 1:40 p.m. | Lunch<br>*1 hour* |
| 1:40 to 3:30 p.m. | General Medical Causation<br>*50 minutes of argument per side, with incorporated 10-minute break between Defendants' and Plaintiffs' presentations* |

<u>Friday, December 5, 2008—*Case-Specific Issues Day*</u>

| | |
|---|---|
| 8:00 to 9:20 a.m. | Failure to Warn:<br>Learned Intermediary / Plaintiffs' Prescribers' "Independent Knowledge" and Other Alleged "Causal Breaks"<br>*40 minutes of argument per side* |
| 9:20 to 9:30 a.m. | Break<br>*10 minutes* |
| 9:30 to 10:00 a.m. | Fraud, Negligent Misrepresentation<br>*15 minutes of argument per side* |
| 10:00 to 11:20 a.m. | Specific Medical Causation<br>*40 minutes of argument per side* |
| 11:20 to 11:40 a.m. | Non-causation Expert Testimony /<br>Damages Expert Testimony<br>*10 minutes of argument per side* |
| 11:40 to 11:45 a.m. | Court's final remarks, housekeeping, dismissal |

Finally, Plaintiffs and Defendants have stipulated that live witnesses shall not attend nor be called to testify at the December 4 and 5, 2008 hearings, as Defendants' proposal states. (Doc. 1171 at 1.)  Also, should the Court choose to hear AstraZeneca's Motion Under *Daubert* and Federal Rules of Evidence 702, 401 and 403 to Exclude or Limit Testimony of Paul Deutsch and Frederick Raffa, and AstraZeneca's Motion to Exclude Non-Causation Expert Testimony under Federal Rules of Evidence 702, 401 and 403, along with Plaintiffs' responses thereto, at a later date together with motions *in limine*, as Defendants have proposed (in part), then Plaintiffs would request that the balance of time allocated above for those two motions (Day 2: 11:20 to 11:40 a.m.) be reallocated evenly to Plaintiffs' and Defendants' time period for arguing the Specific Medical Causation motion and response (an additional 10 minutes per side).

DATED:  December 2, 2008                    Respectfully submitted,


By:     /s/ K. Camp Bailey                  
        F. Kenneth Bailey Jr.
        K. Camp Bailey
        Fletcher V. Trammell
        Robert W. Cowan
        **BAILEY PERRIN BAILEY**
        440 Louisiana St., Suite 2100
        Houston, Texas 77002
        (713) 425-7100 Telephone
        (713) 425-7101 Facsimile
        kbailey@bpblaw.com
        cbailey@bpblaw.com
        ftrammell@bpblaw.com
        rcowan@bpblaw.com
        **Co-Lead Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December, 2008, the attached and foregoing PLAINTIFFS' NOTICE OF PROPOSED AGENDA FOR HEARINGS SET FOR DECEMBER 4 AND 5, 2008 was filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically serve a copy of the foregoing on all known, registered counsel of record:

/s/ Robert W. Cowan
Robert W. Cowan