**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation**

Case No. 6:06-md-1769-Orl-22DAB

**This document relates to:**

**LINDA GUINN v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:07-cv-10291-Orl-22DAB

**JANICE BURNS v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:07-cv-15959-Orl-22DAB

**RICHARD UNGER v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:07-cv-15812-Orl-22DAB

**CONNIE M. CURLEY v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:07-cv-15701-Orl-22DAB

**LINDA WHITTINGTON v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:07-cv-10475-Orl-22DAB

**EILEEN MCALEXANDER v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:07-cv-10360-Orl-22DAB

**DAVID D. HALLER v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:07-cv-15733-Orl-22DAB

_____

## ORDER

This order relates to the recent *Daubert* and summary judgment motions and responses filed by the parties in the above-captioned cases, as well as the *Daubert* hearing scheduled for December 4 and 5, 2008. Upon review of each party's proposed agenda for the hearing, the Court deems it necessary to advise the parties regarding their duties with respect to the issues slated for discussion.

First, the Court is troubled by the parties' apparent agreement not to elicit any live testimony from any of the experts whose testimony AstraZeneca seeks to exclude. The parties are reminded that the Court plays an important role with respect to the admissibility of expert testimony. According to the United States Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993):

> Faced with a proffer of expert scientific testimony . . . the trial judge must determine at the outset . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Id.* at 592-93. In essence, "*Daubert* requires that trial courts act as 'gatekeepers' to ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002).

With the exception of Dr. Arnett, Plaintiffs' experts did not clearly convey in their reports the specific opinions about which they intend to testify. Thus, it was the Court's intent to hear from the experts themselves at the hearing in order to clarify the information contained within their reports. Accordingly, the Court advises Plaintiffs that if they do not intend to produce their experts for live testimony at the hearing, they should be prepared to supply the Court with specific details about the opinions of their proffered experts.

Second, the Court is dismayed by the form, substance and volume of Plaintiffs' responses to AstraZeneca's *Daubert* and summary judgment motions. The responses serve more to bury the Court in paperwork (much of which does not appear relevant) than to clarify and narrow the issues in each case. Such information overload puts a serious strain on the Court's time and resources.

Accordingly, Plaintiffs are advised that any future filings must be narrowly-tailored to the issues at hand and must include only those attached documents that are central to the Court's consideration of those issues.

Finally, with respect to the hearing agenda, the Court is primarily concerned about fulfilling its gatekeeping obligation under *Daubert*. Therefore, the hearing will mainly focus on the *Daubert* issues, i.e., the opinions of Plaintiffs' experts and AstraZeneca's objections to those opinions. At the conclusion of argument on the *Daubert* motions, and time permitting, the Court will consider whether to hear argument on any other issues.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 3, 2008.

Copies furnished to:

Counsel of Record

ANNE C. CONWAY
United States District Judge