EXHIBIT "B"

1

```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
 2                   ORLANDO DIVISION

 3           Docket No.6:06-MD-1769-Orl-22DAB

 4    . . . . . . . . . . . . . .
      IN RE:                        :
 5    SEROQUEL PRODUCTS LIABILITY   :
      LITIGATION                    :     Orlando, Florida
 6    MDL DOCKET No. 1769           :     November 5, 2008
                                    :     10:00 a.m.
 7    ALL CASES                     :
                                    :
 8    . . . . . . . . . . . . . .:

 9

10              TRANSCRIPT OF PRETRIAL CONFERENCE
             BEFORE THE HONORABLE DAVID A. BAKER
11               UNITED STATES MAGISTRATE JUDGE

12    APPEARANCES:

13    For the Plaintiffs:      Paul Pennock

14                             Larry M. Roth

15                             Camp Bailey

16

17    For the Defendant

18    AstraZeneca:             Chris Coutroulis

19                             Stephen J. McConnell

20

21

22    Court Reporter:  Sandra K. Tremel

23

24    Proceedings recorded by mechanical stenography, transcript

25    produced by computer-aided transcription
```

```
 1                    P R O C E E D I N G S
 2          THE DEPUTY CLERK:   The case number is
 3   6:06-MD-1769-ORL-22DAB in Re: The Seroquel Products
 4   liability litigation.
 5      Counsel for plaintiffs, please state your appearances
 6   first.
 7          MR. ROTH:  Larry Roth, liaison counsel for
 8   plaintiffs.
 9          MR. PENNOCK:  Paul Pennock for plaintiffs.
10          MR. BAILEY:  Camp Bailey for plaintiffs.
11          MR. COWEN:  Robert Cowen, plaintiffs.
12          MS. RELKIN:  Ellen Relkin, plaintiffs.
13          MS. SILER:  Lori Siler, plaintiffs.
14          MS. LEGER:  Moya Leger, plaintiffs.
15          MS. GIBSON:  Molly Gibson, plaintiffs.
16          MS. BAGGETT:  Renee Baggett, plaintiffs.
17          MR. DICKENS:  David Dickens, plaintiffs.
18          MR. KIRCHMER:  Chris Kirchmer, plaintiffs.
19          MR. ROTH:  Steve, I think you're up.
20          MR. McCONNELL:  For AstraZeneca, Steve
21   McConnell.
22          MR. COUTROULIS:  Chris Coutroulis for
23   AstraZeneca.
24          MR. CIOTTI:  Robert Ciotti for AstraZeneca.
25          THE COURT:  Okay.  I set the hearing to provide
```

1   clarification if necessary with respect to the motion to

2   seal documents that are related to the motions that have

3   come in.

4       It was my intention that given the circumstances of the

5   cases, that the public filing of any motions be of a quality

6   and character to allow any member of the public who's

7   looking at the public record to understand the nature and

8   gist of the arguments being made, without getting into

9   material that's either the plaintiff's medical information

10  or trade secret information of the defendant or a third

11  party.

12      And to the extent those things have to be under seal

13  and redacted, that the public document indicate that there's

14  been a redaction and provide some short statement as to the

15  nature of the material being redacted, sufficient to allow

16  someone to follow the argument.

17      That was the intention of my order, and I don't know

18  how much a problem that creates for the parties as they file

19  their documents and responses, but that was my intention.

20  Does that clarify things or provide people enough guidance

21  to know how to proceed?   There's no magic to this.

22          MR. PENNOCK:   Your Honor, this is Paul Pennock

23  for the plaintiffs.   Yes, that actually does provide some

24  significant clarification as to what you were intending.

25  I think that, from our perspective, if -- I think that is

1   a procedure that we can, so to speak, deal with over the

2   next 19 days to get our oppositions filed.

3        So in other words we -- so long -- I mean, my entire

4   concern throughout the discussions we've been having

5   internally with the plaintiffs, is simply that we don't want

6   to have a situation where the substance of what we are doing

7   to oppose these very significant motions is in any way

8   affected by any procedure, particularly the ones requested

9   by the defendants, in terms of getting the job done.

10  So, so long as we don't have to be overly concerned, if you

11  will, with the descriptions and so forth, and our main focus

12  can just be on getting the papers properly filed with the

13  court.  I mean, plaintiffs are obviously -- would be fine

14  with that.

15            THE COURT:  I mean, your focus obviously has to

16  be on what I'll call the master document or documents that

17  the -- Judge Conway's going to be looking at.

18       But, again, and I know it puts a burden on you to, in

19  effect, do a second one, but it can -- depending on the --

20  and I haven't looked at the motions that came in Monday

21  really at all, except to see that there were some.  But,

22  again, I think for most of the arguments that I contemplated

23  that you -- that would be coming up, that it's -- you can

24  make a general reference to what it is that's redacted, and

25  even though that the -- somebody looking at it wouldn't then

1    be able to sort of tell whether those facts are true, if

2    it's referring to a medical condition or medical history of

3    a particular plaintiff, you just say, you know, redacted

4    material, referring to defendant's -- or plaintiff's medical

5    history.  And I think that let's them follow the legal

6    argument without needing to test the -- I mean, Judge Conway

7    will be looking at the factual basis, but that doesn't need

8    to be public.

9         Mr. Coutroulis, Mr. McConnell, is that consistent with

10   your understanding with what's going on?

11        MR. COUTROULIS:  Judge Baker, it's Chris

12   Coutroulis.  I think I understand the general parameters

13   that the Court is laying out, but I would like to ask for

14   some clarification, because it seems to me if what we're

15   talking about are those papers that pursuant to your

16   earlier order were filed under seal because they contained

17   information about the plaintiff's medical history, I think

18   that does give us guidance about what would be filed

19   publicly and what would be redacted from those papers

20   where the issue is the plaintiff's medical history.

21   And I can report then in that regard, we have had

22   discussions with the plaintiff's counsel, and based on our

23   assessment of the issues and those discussions, we

24   understand that the plaintiff want social security numbers

25   redacted and material that is truly embarrassing, personal

1  or medical information, we don't have any problem with that.

2  I think there is still an issue, though, about some of the

3  other information.  We've had some discussions about that.

4  AstraZeneca's position is that in light of the allegations

5  that are being made in these cases, information about

6  weight, blood sugar and other medical conditions that are

7  regarded as risk factors for diabetes or symptoms of

8  diabetes, is not the kind of information that we should need

9  to redact from the public record, and we have proposed to

10  plaintiff's counsel that we proceed in the manner that I

11  just described, where that would not be redacted, but the

12  social security numbers or embarrassing personal information

13  would be redacted.

14      We think that's appropriate and reasonable in these

15  cases.  And we understand that they're considering that.  I

16  think it would be most efficient if we had a working

17  understanding about that.  At this point we have made the

18  sealed filing.  We have not made the redacted public filings

19  of that, which was filed under seal.  We thought that

20  because the information that's being protected here is the

21  plaintiffs' medical information, that they are to give us,

22  acting in good faith, guidelines on what it is they would

23  like to see redacted.

24      And so we've had those discussions, and that would be

25  parameters that we would propose that at least preliminarily

1   we understand the plaintiffs are amenable to considering.

2   It seems to me, that's one issue.

3      A very different and second issue is, as the plaintiffs

4   get ready to file any motions they may file, I think their

5   due date is this coming Monday, and then several weeks from

6   now, when they file their opposition to our motion, it's not

7   simply oppositions to the motions that were filed under

8   seal, but we also filed motions in the public record.  We

9   had asked the Court to let us file some of that information

10   under seal.  Your Honor denied that motion without

11   prejudice.

12      We have gone ahead and made those filings in the

13   public record, so we are not renewing that motion.  We

14   became comfortable as we worked harder on this and drilled

15   down further on the nature of our filings and the arguments

16   that we could file that publicly and did so on Monday.

17   And so the issue that was raised by our second motion is no

18   longer a live issue.  But I do suspect that when the

19   plaintiffs get ready to file their own motions and their

20   opposition, they may wish to use documents that have been

21   designated confidential by AstraZeneca.  These would be

22   documents that don't get into the plaintiffs medical

23   records, but get into AstraZeneca confidential information.

24   And I think it would be helpful if we could talk about some

25   procedures and guidelines on that.  I can tell you that

1    AstraZeneca recognizes that when confidential information is

2    sought to be presented in connection with a pending motion,

3    we appreciate that the Court sets a high standard for a

4    finding of confidentiality that would be sufficient to

5    justify a filing under seal.

6         We're well aware of that, and we will act in the utmost

7    good faith.  But I do think we need to have some procedure

8    about that.  Mr. McConnell and I would suggest that if the

9    plaintiffs know that they're planning to use AstraZeneca

10   confidential documents, that they give us notice of that and

11   we will react very promptly to advise them as to whether in

12   the present context, where these documents are being used in

13   connection with pending motions and we're not simply in a

14   discovery context, AstraZeneca intends to continue to assert

15   confidentiality on those documents.

16        I think that we do need some kind of procedure for

17   that, and it really stands apart from the issues relating to

18   the plaintiffs' medical records.

19             MR. PENNOCK:  Your Honor, this is Paul Pennock

20   for the plaintiffs.  I thought that the procedure that

21   your Honor had envisioned would work just fine.  Again, we

22   have 19 days until we file oppositions for some of the

23   most substantial motions anyone will ever see.

24   And I can tell the Court in all honestly, it will be

25   impossible to effectively get that done if we have any kind

1   of procedure that involves some sort of communications or we

2   need to confer with the defendants and then enlisting the

3   Court's intervention, I presume.

4   So, you know, however, if we have this master document

5   concept, where we file whatever we're going to file, and

6   that's the goal here, is to get the complete, total and

7   accurate information before Judge Conway.  We get that -- we

8   focus on getting that done and then we can -- I think your

9   Honor's idea that we have some sort of pseudo mirror

10   document that edits out references to anything that has to

11   do with AstraZeneca internal documents and makes reference

12   to them in some descriptive way so that -- as the Court

13   said, someone reading the argument can follow it.  Then I

14   think we can do that.  That is not going to be such a burden

15   that would make it essentially impossible to get this done

16   in 19 days.

17        We will be able to do that.  And I think that

18   procedure should satisfy the defendants.  But anything where

19   we need to start sending documents to defendant, have them

20   look at them, get back to us.  I've been involved in those

21   things before, during motion practice timelines that were

22   months long, not a couple of weeks long, and even then it

23   was a very difficult process, and I can tell the Court that

24   we'll be coming back to you right before Thanksgiving,

25   probably saying, look, this just doesn't work.

1    So, I think the master document idea works for

2  plaintiffs and we should adopt that for anything that we're

3  filing.  And at some point in the near future, we can always

4  have these issues resolved if they need to be, on whether

5  the documents should remain sealed, because I know the Court

6  has sort of a view that these things shouldn't be sealed

7  unless they absolutely have to be.

8    THE COURT:  Yeah.  I think given the complexity

9  of the issues and probably the volume of material that,

10  again, the focus for each side as they operate under these

11  deadlines, should be to get your best work product

12  together that can be submitted, and then when you're done

13  with that, we can -- the same deadline won't apply for

14  getting the public document out there.

15    I do want a public document for all of these that is

16  informative.  But, again, I'm not as concerned that that

17  meet the same deadline that we've got for getting material

18  that Judge Conway needs to look at.

19    So I think particularly with respect to the response

20  that's now ticking, the clock is ticking on, get your work

21  product done.  I think trying to send over, as you go

22  through that drafting process, send over to the defendants,

23  you know, lists of things that you're going to attaching or

24  relying on, would just make it too difficult for you to pull

25  that together.

1    So go ahead and get it finished.  You know, as you get

2    close to being finished, you might go ahead and start

3    feeding it to the defendants so that they can react.  But

4    I'll be satisfied if within, you know, a few days after the

5    sealed filing, then you still have some more work to do,

6    both sides working together to come up with the best

7    possible public document, and then I'll be available to

8    resolve any disputes that you can't resolve, in terms of

9    what the redacted form will look like.

10    And it's clear to me that both sides recognize what my

11    attitude is on here.  As Mr. Coutroulis said, there should

12    be as little sealed as necessary.  And even as to that, that

13    there should be enough description that people can

14    understand your argument.

15    So I think that will work and -- just as a practical

16    matter, let you get your work done, and get Judge Conway

17    what she needs to have, and also protect the public interest

18    in having a -- by the time the cases get argued, that the

19    public will be able to understand what's going on.

20    MR. COUTROULIS:  Judge Baker, it's Chris

21    Coutroulis, just one question of clarification.  As I

22    understand the procedure, if the plaintiffs are going to

23    be referring to documents that AstraZeneca produce that

24    are marked "confidential," they would file those documents

25    in unredacted form only in the sealed filing they would

1   make, in the public filing they would redact out

2   information -- it doesn't necessarily need to be done on

3   the same day they make the sealed filing, but they would

4   redact that information out, and what would be filed

5   publicly would be redacted versions in accordance with the

6   guidelines that you just set out.  But the unredacted

7   would be filed under seal.

8          THE COURT:  Right, and before that redacted

9   filing there would be a meet and confer where you -- you

10   know, probably a lot of that that you'll be able to

11   release from confidentiality.  So it doesn't need to be as

12   redacted as everything that you've claimed during

13   discovery.

14          And, again, that needs to be a good faith meet and

15   confer, just as you said, you'll try to un-designate as much

16   as you can and also work on sort of the descriptive insert

17   that goes in the open space for the redaction, to have some

18   descriptive language that's suitable.

19          And, again, I recognize that you're operating under

20   deadlines, but you should be able to do that within a short

21   period of time after the sealed filings, so that we can have

22   a public filing that, as Mr. Pennock said, sort of mirrors

23   as best we can what's under seal.

24          MR. PENNOCK:  Your Honor, this is Paul Pennock.

25   I mean, I think this is an excellent plan that's very

1  workable, and I appreciate the court's indulgence and

2  recognition that we just need to mainly get the work, the

3  primary work done.

4      But I just wanted to note that our oppositions are due

5  November 24th.  I'm sure there's, you know, on Tuesday,

6  November 25th, anyone in my office is probably just going to

7  be sleeping all day, and then we get into Thanksgiving.

8  I was wondering if the Court would allow us until, you know,

9  the following week, say December 3rd, to get this redacted

10 filing on file.  That means that after the Thanksgiving

11 weekend we could get together with a serious meet and confer

12 with the defendants on Monday the 1st, and then get

13 everything prepared and filed, you know, at some point by

14 Wednesday.

15            THE COURT:  That sounds workable to me.

16            MR. PENNOCK:  Thank you, Judge.

17            THE COURT:  Any other clarification on these

18 issues?  I've got one other matter I want to take up with

19 you while I've got you on the phone.

20            MR. McCONNELL:  Actually, this is Steve

21 McConnell, you Honor, I did want to just follow-up on that

22 scheduling.  I'm not sure I quite understood it.

23 It sounds like the plaintiffs will file their oppositions,

24 their motions on the oppositions on the 24th, and everything

25 will be under seal.  I don't know if they have to file a

1    motion to seal.  Obviously, we would agree with it.

2    But, in any event, they file something that's under seal and

3    then there would be a couple of days that would go by and we

4    would do a meet and confer.  And, obviously, to the extent

5    we can clear out the underbrush on the confidentiality

6    documents, it would -- I just want to make sure -- is there

7    a schedule now as to when we would have to file whatever we

8    have to file in order to keep things under seal?

9    Because if it's -- my only concern, your Honor, is that

10   there are likely to be lots and lots of documents.  And I

11   hope that we can agree on lots and lots of them, but there

12   still may be a large number that are in dispute, and I just

13   want to make sure that we had adequate time to brief

14   whatever we had to brief.

15           THE COURT:  Well, he's talking about a meet and

16   confer like on the 1st and 2nd of December.  And then if

17   you need to have a hearing, I'll be available to resolve

18   any of those things, you know, Wednesday or Thursday of

19   that week.

20           So that will give you the day before Thanksgiving, I

21   guess, and the Thanksgiving weekend, to the extent you need

22   to work it, which I apologize for, but that's -- you know,

23   life goes on, to sort of do your thinking before the meet

24   and confer, and then you'll have the meet and confer, and if

25   there's things you can't resolve, I'll be available to clear

1  that out.

2       MR. McCONNELL:  Yeah, your Honor, the logistical

3  issue that I was concerned about was, to the extent there

4  are documents where we hold fast, we say, we really think

5  these are trade secrets and the plaintiff disagrees, that

6  a way for us to demonstrate that to the Court, given the

7  high threshold that we're looking at, ordinarily involves

8  getting an affidavit from somebody.  And I'm just saying

9  that a compressed period of time can make that sort of

10 difficult, especially given the holiday.

11      THE COURT:  Well, it will be a little

12 compressed, but we can deal with it.

13      MR. PENNOCK:  Well, your Honor, perhaps one

14 solution might be that where there is agreement, that

15 material can then be filed per the agreement in redacted

16 form in the public record and whatever remains that might

17 be in this agreement, hopefully it's not much, but I don't

18 know that, perhaps there could be more time for filing

19 that in the public record if issues need to be resolved

20 with the Court and if it's not possible to do that in the

21 time frame.

22      THE COURT:  Well, let's see how it goes.  I'm

23 going to give you some flexibility on this, because this

24 is not a -- it's not going to affect Judge Conway's

25 ability to digest what she needs to digest, so I'm going

1   to work with you on this.

2           MR. McCONNELL:  We appreciate it, your Honor.  I

3   guess there is one belated scheduling question and that

4   is, as I indicated on the materials that we filed under

5   seal because they deal with the plaintiff's medical

6   record, we haven't made the redacted public filings yet,

7   and obviously we want to do that as quickly as we can.  As

8   I indicated, we've had discussions with plaintiffs'

9   counsel.  If we have agreement on the parameters, along

10  the lines that I outlined we have been discussing, I then

11  think we can proceed to do that and get that on file

12  reasonably soon.

13          It seems to me, though, that before we have agreement

14  on what's to be redacted and what isn't to be redacted,

15  we're not really in a position to start the process and get

16  that publicly filed.

17          So I would like, you know, some flexibility on that.

18  I think we've made a proposal to plaintiffs' counsel as of

19  yesterday, and as soon as we hear back, we can move ahead on

20  that.  I think we may need a couple of weeks to get it all

21  ironed out and get that material filed in redacted form, on

22  the public record.

23          THE COURT:  Well, yeah, I hope it's quicker than

24  that, but, again, I'm going to be -- I'm not going to set

25  a firm deadline.  I think everybody understands what the

1    goal is here.  And if we move toward that and get it done,

2    then I'll be satisfied.

3            MR. PENNOCK:  Thank you, Judge.

4            MR. McCONNELL:  Thank you.

5            THE COURT:  All right.  I did want to talk to

6    you briefly about the oral argument that's set for early

7    December.  I wanted to find out from defendants first, how

8    long to you think you need, in terms of oral argument

9    time, for Judge Conway?

10           MR. McCONNELL:  Your Honor, you're referring to

11    the -- I think there are two days set aside for those

12    arguments.

13           THE COURT:  Right.

14           MR. ROTH:  Yeah, your Honor, we had actually had

15    some discussions with Mr. Pennock about this, and at one

16    point we weren't sure whether or not those hearings would

17    require an evidentiary component, you know, testimony by

18    witness, cross-examination and all that.

19    I think we've agreed that it doesn't look like it does.

20    I think that -- given that, I think that we're probably

21    looking at -- I mean, a lot of it obviously comes down to

22    Judge Conway, how much she wants to listen and what kind of

23    time line she'll impose, but I'd say a full day.

24           MR. McCONNELL:  Yeah, your Honor, just to put it

25    in perspective and I very much appreciate the question,

1    and certainly one we'll give considerable thought to.   But

2    just to put in perspective what was filed, and I don't

3    know if the plaintiffs are also contemplating filing their

4    own motion, those would be due this coming Monday, but we

5    filed seven summary judgment motions.   That's summary

6    judgment motion in the seven remaining cases of the

7    initial trial pool of twelve.   The plaintiffs have already

8    dismissed five of the twelve.

9         So there are seven summary judgment motions.   There was

10   an omnibus legal memorandum that was submitted in support of

11   those seven motions and then, in addition, there are four

12   separate Daubert motions; one dealing with general causation

13   expert testimony, another with specific causation expert

14   testimony, another dealing with the two damage experts and a

15   fourth dealing with non-medical causation opinions that are

16   being expressed by the plaintiffs' experts.

17        So there are quite a few motions that are up, and I

18   don't know if the plaintiffs are contemplating filing any of

19   their own.   So I do think it's going to take some time to go

20   through them all, but I agree with Mr. McConnell, it really

21   depends on Judge Conway's preferences.   But there is a fair

22   amount to take up.

23            MR. PENNOCK:   Judge, this is Paul Pennock.   I

24   act -- I'm in agreement that there's a tremendous amount

25   to take up.   In my experience, arguments on Daubert or

1   Frye type motions easily consume -- just those motions,

2   and I mean just a general motion would consume an entire

3   day of argument.  It certainly could.

4       I really could not imagine us getting this all done in

5   one day.  If we all want to have a reasonable opportunity to

6   lay out some very detailed and complex facts and legal

7   argument, I think we will need both days to do that on all

8   these different motions.

9       It may be that on day two we're done by lunchtime, I

10  don't know.  But in my experience, these motions could

11  easily consume both full days, and I would ask that Judge

12  Conway be asked to set them both aside and envision that

13  that may happen.

14          MR. McCONNELL:  Your Honor, I think I agree with

15  that.  You know, as we get closer, we will certainly

16  refine our thoughts on it.  But given the scope of what's

17  out there and the four Daubert motions, seven summary

18  judgment motions, I am in agreement with Mr. Pennock.

19          THE COURT:  Okay.  I suspect that Judge Conway

20  will come up with an agenda and, you know, after she's had

21  a chance to look at the motions and decide which ones she

22  wants to hear first and how long to allocate.  If you have

23  suggestions in that regard, you might want to file it as a

24  proposal.  I don't know whether it's clear that the

25  arguments are going to be over in Tampa, because we've got

1  two investitures, one on Thursday afternoon and one on

2  Friday afternoon, for new judges, that are going to be in

3  the Tampa courthouse.

4       And so that's where Judge Conway is going to be both

5  days, and on both days there'll be shorter days because of

6  the ceremonies that are scheduled at four o'clock on each

7  day.

8       So I just wanted to get a feel from you whether both

9  days did need to be set aside.  She has put them on her

10  calendar, and I suspect she'll -- now that the bulk of the

11  motions are in, maybe all of them, she'll probably set her

12  own agenda on that.  Again, if you have some specific

13  suggestions, again, it will be better to do it as a joint

14  document, with what both sides think is appropriate, but

15  she'll obviously tell you what she wants to hear and when

16  she wants to hear it.

17       MR. McCONNELL:  Thank you, your Honor.  I think

18  we probably will have some suggestions for the judge to

19  consider.  When would you like us to submit that?

20       MR. PENNOCK:  Well, if I may, Judge, we received

21  defendants' motions Monday afternoon.  Some of us haven't

22  even had a chance to read through them all yet, and I was

23  hoping that -- I thank -- I'm glad that we're able to

24  submit some type of proposal as to the agenda or the time

25  frame set aside for the different motions, but I would

1    like, if possible, to not have to do that until early next

2    week, because we need to get through them and then confer

3    on our side as to what we think we'd need.

4         THE COURT:  No need to rush that.  I say if you

5    get it in by the end of next week we can look at it and

6    that gives Judge Conway plenty of time to figure out how

7    she wants to schedule it.

8         All right.  Anything else anybody wants to take up?  I

9    guess we've got a status conference set for next week.

10   Generally, do we still need that?

11        MR. PENNOCK:  Yes, Judge.

12        THE COURT:  All right.  Well, we'll keep that on

13   the calendar and deal with that in the ordinary course

14   then.

15        Anything else for now?

16        MR. McCONNELL:  No.  Thank you, your Honor.

17        MR. PENNOCK:  Thank you very much, your Honor.

18        THE COURT:  All right.  We're in recess.

19                C E R T I F I C A T E

20

21        I certify that the foregoing is a correct

22   transcript from the record of proceedings in the

23   above-entitled matter.

24

25   \s\SANDRA K. TREMEL  November 18, 2008