**EXHIBIT 1**

RICHMOND COUNTY, GA.
CLERK SUPERIOR COURT
FILED FOR RECORD

IN THE SUPERIOR COURT OF RICHMOND COUNTY 98 OCT -8 PM 4:30
STATE OF GEORGIA

ELAINE C. JOHNSON
CLERK OF SUPERIOR COURT

STATE OF GEORGIA,          *
                           *
                           *
                           *   INDICTMENT
vs.                        *   NO. 97-RCCR-169
                           *
RICHARD L. BORISON         *
                           *
   Defendant.              *
                           *

## PLEA AGREEMENT

It is agreed by the State of Georgia ("the State"), by and through its undersigned attorneys, and the defendant Richard L. Borison ("Borison"), and his undersigned attorney, as follows:

1.

Borison acknowledges that he has reviewed and discussed the Indictment against him in this matter with his attorneys and his attorneys have explained to him their understanding of the State's evidence.

*[signature]* (Richard L. Borison)
*[signature]* (Michael C. Garrett)

1

14122

149

RICHMOND COUNTY, GA.
CLERK, SUPERIOR COURT
FILED FOR RECORD

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

98 OCT -2 PM 4:30

ELAINE C. JOHNSON
CLERK OF SUPERIOR COURT

| | |
|---|---|
| STATE OF GEORGIA, | |
| vs. | INDICTMENT<br>NO. 97-RCCR-169 |
| RICHARD L. BORISON | |
| Defendant. | |

## PLEA AGREEMENT

It is agreed by the State of Georgia ("the State"), by and through its undersigned attorneys, and the defendant Richard L. Borison ("Borison"), and his undersigned attorney, as follows:

1.

Borison acknowledges that he has reviewed and discussed the Indictment against him in this matter with his attorneys and his attorneys have explained to him their understanding of the State's evidence.

*(signature)* (Richard L. Borison)
*(signature)* (Michael C. Garrett)

1

36112

149

Borison being fully cognizant of his rights, and in exchange for the considerations to be made by the State as set forth in Paragraph 3 below, agrees as follows:

(A) That Borison is in fact guilty of and will knowingly and voluntarily enter a plea of guilty to the following Counts of the Indictment, with the sentences for all counts to be served concurrently:

    i. Racketeer Influenced and Corrupt Organizations (O.C.G.A. § 16-14-4(a))

        - Count 113 (to serve ten years and a $25,000 fine)

    ii. Theft by Taking (O.C.G.A. § 16-8-2)

        - Count 11 (to serve five years concurrently with the sentence imposed in count 113, pay a $100,000 fine and pay $2,500 in restitution)

        - Count 21 (to serve five years concurrently with the sentence imposed in count 113 and pay $5,000 in restitution)

        - Count 43 (to serve five years concurrently with the sentence imposed in count 113 and pay $120,000 in restitution)

        - Count 46 (to serve five years concurrently with the sentence imposed in count 113 and pay $200,000 in restitution)

        - Count 50 (to serve five years concurrently with the sentence imposed in count 113 and pay $15,000 in restitution)

        - Count 55 (to serve five years concurrently with the sentence imposed in count



(Richard L. Borison)
(Michael C. Garrett)

3

34112

150

                                  113 and pay $340,000 in restitution)

- Count 57 (to serve five years following the sentence imposed in count 113 and pay $500 in restitution)

- Count 59 (to serve five years following the sentence imposed in count 113 and pay $70,000 in restitution)

- Count 60 (to serve five years following the sentence imposed in count 113 and pay $700,000 in restitution)

- Count 61 (to serve five years following the sentence imposed in count 113 and pay $500 in restitution)

- Count 64 (to serve five years following the sentence imposed in count 113 and pay $500,000 in restitution)

- Count 65 (to serve five years following the sentence imposed in count 113 and pay $750,000 in restitution)

- Count 67 (to serve ten years on probation following the sentence imposed in count 57 and pay $50,000 in restitution)

- Count 68 (to serve ten years on probation following the sentence imposed in count 57 and pay $3,000 in restitution)

- Count 70 (to serve ten years on probation following the sentence imposed in count 57 and pay $450,000 in restitution)

- Count 74 (to serve ten years on probation following the sentence imposed in count 57 and pay $70,000 in restitution)

*(signature)* (Richard L. Borison)
*(signature)* (Michael C. Garrett)

4

36332

151

- Count 75 (to serve ten years on probation following the sentence imposed in count 57 and pay $500,000 in restitution)
- Count 81 (to serve ten years on probation following the sentence imposed in count 57 and pay $250,000 in restitution)

iii. Theft of Services (O.C.G.A. § 16-8-5)

- Count 83 (to serve five years on probation following the sentence imposed in count 67)
- Count 84 (to serve five years on probation following the sentence imposed in count 67)
- Count 85 (to serve five years on probation following the sentence imposed in count 67)
- Count 86 (to serve five years on probation following the sentence imposed in count 67)
- Count 87 (to serve five years on probation following the sentence imposed in count 67)
- Count 88 (to serve five years on probation following the sentence imposed in count 67)
- Count 89 (to serve five years on probation following the sentence imposed in count 67)
- Count 90 (to serve five years on probation following the sentence imposed in count 67)
- Count 91 (to serve five years on probation following the sentence imposed in count 67)

 (Richard L. Borison)

(Michael C. Garrett)

5

36112

152

- Count 92 (to serve five years on probation following the sentence imposed in count 67)

 iv. False Statements and Representations (O.C.G.A. § 16-10-20)

- Count 93 (to serve five years on probation following the sentence imposed in count 67)

- Count 96 (to serve five years on probation following the sentence imposed in count 67)

- Count 97 (to serve five years on probation following the sentence imposed in count 67)

- Count 98 (to serve five years on probation following the sentence imposed in count 67)

- Count 99 (to serve five years on probation following the sentence imposed in count 67)

- Count 106 (to serve five years on probation following the sentence imposed in count 67)

- Count 108 (to serve five years on probation following the sentence imposed in count 67)

(B) Borison agrees to pay a fine of $125,000.00, $100,000.00 of said fine to be paid at the time of sentencing from Borison's assets in the Receiver's custody. The Receiver is directed immediately to pay $100,000.00 from Borison's assets in partial payment of the above-referenced fine.



(Richard L. Borison)

(Michael C. Garrett)

6

26112

153

(C) Borison agrees immediately to pay $50,000.00 of the fees and expenses incurred as a result of the appointment of the Receiver in this case. The Receiver shall retain sufficient funds from Borison's assets for the payment of his fees and expenses, which payment shall not constitute part of, nor be credited towards, the fine or restitution paid by Borison pursuant to this Plea Agreement or the forfeiture set forth in the Consent Final Judgment in the State's civil case against Borison.

(D) Borison agrees to execute documentation necessary to bar him from participation in the clinical testing and study of investigational new drugs in human subjects and to render him ineligible to receive investigational drugs pursuant to 21 CFR § 312.70(b).

(E) Borison agrees to the following conditions of probation:

    i. Borison will not act, whether formally, informally or in substance, as a Principal Investigator on any clinical research of any kind;

    ii. Borison will not work for the Board of Regents of the University System of Georgia, or any unit thereof;

    iii. Borison will not work for any person or entity that provides goods or services to the Board of


(Richard L. Borison)
(Michael C. Garrett)

7

154

      Regents of the University System of Georgia or any unit thereof; and

  iv. Borison will not sign, write, complete or authorize any prescription for any drug, whether or not he is authorized to do so by any medical doctor, to himself or any other person.

(F) Borison further agrees to make restitution of $4,260,000.00 pursuant to O.C.G.A. § 17-14-1 et seq. Borison shall receive credit towards such restitution for all sums paid by him pursuant to the Consent Final Judgment in that certain action styled <u>State of Georgia v. Richard L. Borison</u>, Civil Action File No. CV97-77. The restitution to be paid by Borison is, however, separate and apart from the fine agreed to in subparagraph (B), above, and the payment of fees and expenses incurred as the result of the appointment of the Receiver in this case, referenced in subparagraph (C), above. Payment of the fine and fees and expenses of Receivership shall not in any way reduce the amount owed by Borison as restitution. Not less than $2,500,000.00 of such restitution shall be paid within thirty (30) days of the date of the Court's acceptance of Borison's plea in this case. To the extent any amount of the restitution remains unpaid, payment of the remaining balance shall be made at the rate of $250.00 per month, beginning 180 days after Borison's release from incarceration. All restitution payments shall be

      _/s/ RLB_ (Richard L. Borison)
      _/s/ MCG_ (Michael C. Garrett)

8

made by Borison directly to the Board of Regents of the University System of Georgia, 270 Washington Street, Trinity Washington Building, 7th Floor, Atlanta, GA 30334. No payment of restitution, forfeiture, fines, fees or expenses by defendant Richard L. Borison, will in any way operate to reduce Bruce I. Diamond's obligations under his Plea Agreement.

(G) Borison further agrees to cooperate fully with the State, providing truthful information and testimony concerning the offenses to which he is pleading guilty, the activities surrounding the offenses alleged in the Indictment, and the activities of others relevant to the offenses alleged in the Indictment. Borison's cooperation is given freely and voluntarily, and shall include assisting in the recovery of assets subject to forfeiture, providing documents, truthful information and testimony to any agency of the federal government, any of the sister states or any foreign government, upon the request of the State. Borison specifically agrees voluntarily to appear and provide truthful testimony at hearings and the trial of any civil, criminal or administrative action or proceeding brought by the State of Georgia, the United States, any of the sister states, or any foreign state, if requested by the State of Georgia.

(H) Borison further agrees that he shall not seek first offender status.

_____ (Richard L. Borison)
_____ (Michael C. Garrett)

9

156

(I) Borison acknowledges and understands that the Court is not bound by the sentencing recommendations of the State.

3.

In exchange for the consideration set forth in paragraphs (1) and (2) above, the State of Georgia agrees as follows:

(A) The State will accept Borison's plea of guilty, as provided in paragraph (2), above, in full satisfaction of all possible criminal charges by the State of Georgia, known to the State at the time of his guilty plea, which might have been brought in the State of Georgia against the defendant.

(B) The State will recommend a sentence of 30 years of imprisonment, with no more than 15 years to be served in confinement and the balance of the sentence to be served on probation. The State shall recommend such sentence and ~~Diamond~~ Borison shall not seek a lower sentence.

(C) The State will recommend a fine of $125,000.00, $100,000.00 of which shall be paid immediately after sentencing. The State shall recommend such fine and Borison shall not seek a lower fine. As a term and condition of probation, Borison shall pay the remainder of said fine at $200.00 per month, beginning 180 days after his discharge from the correctional system. Defendant Borison shall remain on probation until the fine is

(Richard L. Borison)
(Michael C. Garrett)

10

34112

paid in full, but in no event shall probation terminate earlier than two (2) years after his release from incarceration.

4.

The Receiver shall promptly liquidate Borison's assets in accordance with his plea of guilty and the Consent Final Judgment entered in the companion civil case.

5.

The State of Georgia and Borison hereby agree that any breach of this agreement by Borison would: (a) not relieve Borison of his plea of guilty; (b) permit the State to reinstate and proceed with prosecution on any other charges arising from the matters referred to in the indictment; (c) permit the State to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statements and/or obstruction of justice; and (d) permit the State to utilize against Borison in any subsequent judicial proceeding any and all statements made by him. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the Superior Court of Richmond County, Georgia. The burden of establishing such a breach shall be upon the State and shall be established by a preponderance of the evidence. The


(Richard L. Borison)
(Michael C. Garrett)

11

158

Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

6.

Borison understands that in the event of a conviction of one or more of the counts alleged in the Indictment he could receive probation, incarceration, a suspended sentence, a fine, or a combination thereof. In the event of conviction of more than one count alleged in the Indictment, Borison understands that he could be sentenced to serve the sentence imposed for each count consecutively or concurrently.

7.

Borison understands that by entering into this Plea Agreement he is acknowledging his guilt as to the offenses to which he pleads guilty.

8.

Borison understands and acknowledges that he has the right to a trial by jury, that there is a presumption of his innocence, that he has the right to subpoena witnesses to testify on his behalf and to cross-examine the State's witnesses, that he has the right not to testify at trial and remain silent, and that he

                            _RLB_ (Richard L. Borison)

                        12 _MCG_ (Michael C. Garrett)

has the right not to incriminate himself, such that he may decline to testify or present evidence.

9.

Borison understands and acknowledges that by entering into this Plea Agreement he waives the rights referenced above, and does so freely, voluntarily, knowingly and intelligently, after consulting with his counsel.

10.

Borison acknowledges that he has received no threat and is entering into this Plea Agreement and pleading guilty freely, voluntarily, knowingly and intelligently.

11.

Borison understands and has fully discussed with his attorneys that this Plea Agreement shall become effective only upon its acceptance by the Court and the Court's acceptance of his plea of guilty.

SO AGREED, this 6th day of October, 1998.

_____
Michael E. Hobbs
Counsel to the Attorney General

(Richard L. Borison)

(Michael C. Garrett)

13

160

_____
Daniel J. Craig
District Attorney
Augusta Judicial Circuit

_____
David S. McLaughlin
Assistant Attorney General
Special Assistant District Attorney

_____
John E. Floyd
Special Assistant Attorney General
Special Assistant District Attorney

RLB (Richard L. Borison)
MCG (Michael C. Garrett)

14

36112

161

## ACCEPTANCE OF PLEA AGREEMENT

I, Richard L. Borison, have read this agreement and had this agreement read to me by my attorney, Michael C. Garrett. I have discussed this agreement with my attorneys and I fully understand it and agree to its terms.

*(signed)* Richard L. Borison

I, Michael C. Garrett, attorney for defendant Richard L. Borison, have explained the Indictment and the State's evidence received through discovery and my investigation of the charges to Richard L. Borison. I believe the defendant understands the charges against him and the evidence that would be presented against him at a trial. I have read this agreement, have been given a copy of it for our files, and have explained it to Richard L. Borison. To the best of my knowledge and belief, Richard L. Borison understands this agreement.

*(signed)* Michael C. Garrett
Attorney for Defendant
Richard L. Borison

*RLB* (Richard L. Borison)
*MCG* (Michael C. Garrett)

15

36112

162

RICHMOND COUNTY GA.
CLERK, SUPERIOR COURT
FILED FOR RECORD

IN THE SUPERIOR COURT OF Richmond COUNTY GEORGIA

98 OCT -8 PH 4:30

ELAINE C. JOHNSON
CLERK OF SUPERIOR COURT

State of Georgia

vs.

Richard L. Borison, M.D.

NO. 97-RCCR-169

OFFENSE: Theft by Taking   Theft of Services

False Statements   RKO

PLEA OF GUILTY (NOLO CONTENDERE)
ACKNOWLEDGEMENT AND WAIVER OF RIGHTS

I am the person named in this case charged with the above offense(s). Of my own free will I want to plead guilty (nolo contendere) to the offense(s) of _____

My lawyer is Garrett + Gilliard, P.C. _____ Fully knowing and understanding my rights, I am waiving and giving them up by making my initials to my answers to the questions below.

1. Do you know and understand that you do not have to say, sign, or do anything that will show or tend to show you are guilty unless you want to?
   Yes RLB    No ___

2. Are you now under the influence of any drug, medicine, or alcohol?
   Yes ___    No RLB

3. Do you know and understand what you are charged with?
   Yes RLB    No ___

4. Do you know and understand that you have a right to a jury trial?
   Yes RLB    No ___

5. Do you want to be tried by a jury?
   Yes ___    No RLB

6. Do you know and understand that you have the right to attack, challenge, complain or object to who is on the jury because of their race, color, sex, or other reason?
   Yes RLB    No ___

7. Has your lawyer told you that you have this right?
   Yes RLB    No ___

8. Do you know and understand that you are giving up and waiving this right?
   Yes RLB    No ___

9. Do you know and understand that you have the right to make the State or District Attorney bring in witnesses to testify against you under oath at a court trial, and that you and your lawyer have the right to question and cross-question these witnesses under oath?
   Yes RLB    No ___

10. Do you know and understand that the witnesses you think or feel will testify for you in your defense can be made to come to a court trial?
    Yes RLB    No ___

11. Do you know and understand that you do not have to plead guilty or not guilty (nolo contendere) to any charge unless a Grand Jury has heard sworn evidence and then charged you in an indictment?
    Yes RLB    No ___

12. Do you know and understand that a Grand Jury has (has not) heard sworn testimony and then charged you in an indictment?
    Yes RLB    No ___                                                          Yes RLB    No ___

13. Do you know and understand that you can be sentenced as follows for the offense(s) of:
    Theft by Taking (1-10yrs per count) - to  18 X 10 = 180
    False Statements (1-5yrs per count) - to   7 X 5  =  35
    Theft of Services (1-10 yrs per count) - to 10 X 10 = 100
    RKO (5-20yrs) - to 1 X 20 = 20

163

14. Do you know and understand that whatever sentence(s) is (are) given can be made to start after any sentences you are now serving?
Yes _RTB_  No _____

15. Do you know and understand that if you are on probation or parole your plea of guilty (nolo contendere) to this offense may cause your probation or parole to be revoked or taken away?
Yes _RTB_  No _____

16. Are you pleading guilty (nolo contendere) because your lawyer has told you the State or District Attorney has agreed to ask for or recommend a certain sentence?
Yes _____  No _RTB_

17. What have you been told the State or District Attorney agreed to ask for or recommend?
(incorporate the plea agreement as if set forth here)

18. Do you know and understand that even though the State or District Attorney may ask for or recommend a certain sentence the Court is not bound to accept that request or recommendation but the Court can give you either a greater or a lesser sentence than asked for or recommended?
Yes _RTB_  No _____

19. Knowing and understanding this, do you still want to plead guilty (nolo contendere)?
Yes _RTB_  No _____

20. Has anybody made any other agreement or promise to you or your lawyer to cause you to plead guilty (nolo contendere)?
Yes _____  No _RTB_

21. Has anyone made any threat against you to cause you to plead guilty (nolo contendere)?
Yes _____  No _RTB_

22. Are you satisfied with what your lawyer has done for you in this case?
Yes _RTB_  No _____

23. Are you satisfied that your lawyer is competent?
Yes _RTB_  No _____

24. Do you know what competent means?
Yes _RTB_  No _____

25. Are you satisfied that your lawyer is a good lawyer?
Yes _RTB_  No _____

26. Are you satisfied that your lawyer has explained to you all of your constitutional rights and all of your civil rights and all of your due process rights?
Yes _RTB_  No _____

27. Are you satisfied that your lawyer has acted in your best interest?
Yes _RTB_  No _____

28. Do you understand all the questions you have answered so far and initialed?
Yes _RTB_  No _____

29. Is your decision to plead guilty (nolo contendere) made freely and voluntarily?
Yes _RTB_  No _____

30. Did you in fact commit the offense(s) of _Theft by Taking, Theft of Services_ _False Statements, RICO_
Yes _RTB_  No _____

31. Are you in fact guilty as charged in the indictment or accusation?
Yes _RTB_  No _____

I understand all the questions above and I have shown that I know and understand my rights and waive them by putting my initials in the correct blank after each question.

_Richard T Bowen_   10/8/08

164

## CERTIFICATE OF LAWYER

I am counsel for the defendant in the above case. I hereby certify that I have investigated the facts of this case and the evidence available to the State and I believe that it is in the best interests of the defendant to plead guilty (nolo contendere) to the offense(s) specified or indicated.

I further certify that I have reviewed all the above questions with the defendant and have assured myself that (s)he knows and understands them, and that (s)he has indicated his (her) rights and his (her) waiver of them by initialling the appropriate blank after each question.

_____
COUNSEL FOR DEFENDANT

Date: 10-8-98

## CERTIFICATE OF (ASSISTANT) DISTRICT ATTORNEY

I hereby certify that I have carefully examined the foregoing plea, and I further certify that all the required and appropriate blanks thereon have been filled correctly to enable the Court to accept the plea and impose sentence.

Dated this ____ day of _____ October, 19 98.

_____
(ASSISTANT) DISTRICT ATTORNEY

3

165

IN THE SUPERIOR COURT OF _Richmond_ COUNTY, GEORGIA

STATE OF GEORGIA

v.

_Richard L. Bacison_

NO. 97 - _____
OFFENSE: Racketeering Influenced & Corrupt Organization
Theft by Taking (8 cts) - Theft of Services (10 counts)
False Statements (7 counts)

### ORDER

The Court reviewed the foregoing plea, formal acknowledgment and waiver of rights of the defendant and has ascertained that the understanding and waiver of rights represented thereby is both intelligent and voluntary. In particular, from questioning of the defendant and his counsel and from the aforesaid plea, acknowledgment and waiver, the Court has affirmatively determined that (1) there is a factual basis for the plea; (2) that the defendant knows and understands the nature of the charge and the consequences of the plea; (3) that the plea is freely and voluntarily entered, uninfluenced by the slightest hope of benefit or the remotest fear of injury; (4) that the fact justify the plea and that there has been a knowing and intelligent waiver of (5) the right to trial by jury, (6) confrontation of witnesses, and (7) the privilege against self-incrimination.

WHEREFORE, the Court accepts the plea. Further ordered, that this order and defendant's plea, acknowledgment and waiver of rights, with certificates of defense and State's counsel attached, be filed as part of the record herein.

This _8_ day of _October_, 19_98_.

_____
JUDGE, SUPERIOR COURT
AUGUSTA JUDICIAL CIRCUIT

166