UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to:

| | |
|---|---|
| Linda Guinn | 6:07-cv-10291 |
| Janice Burns | 6:07-cv-15959 |
| Richard Unger | 6:07-cv-15812 |
| Connie Curley | 6:07-cv-15701 |
| Linda Whittington | 6:07-cv-10475 |
| Eileen McAlexander | 6:07-cv-10360 |
| David Haller | 6:07-cv-15733 |

## ASTRAZENECA'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT 1998, 1999 AND 2006 LETTERS FROM FDA'S DIVISION OF DRUG MARKETING, ADVERTISING, AND COMMUNICATIONS

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby move *in limine* to exclude evidence and argument about a 1998 Warning Letter (Ex. 1), a 1999 Untitled Letter (Ex. 2), and a 2006 Untitled Letter (Ex. 3) sent by the FDA's Division of Drug Marketing, Advertising and Communications ("DDMAC") to AstraZeneca (collectively the "DDMAC Letters"). Pursuant to 21 C.F.R. §314.81(b)(3)(i), AstraZeneca is required to submit all promotional pieces to DDMAC for review. DDMAC's review ensures that the submitted promotional material is "truthful, balanced, and accurately communicated." *See* http://www.fda.gov/cder/ddmac.

In 1998, DDMAC sent a Warning Letter to Zeneca (AstraZeneca's predecessor) about promotional materials for a number of products that are not at issue in this litigation.

*See* Ex. 1. *See also* 10/25/07 Dep. of J. Gaskill, at 273:9-23 (excerpts designated by plaintiffs attached as Ex. 4). In a follow-up May 1999 Untitled Letter, DDMAC raised a concern that certain promotional materials "minimize the potential of Seroquel to cause ocular changes." *See* Ex. 2. *See also* 10/25/07 Dep. of J. Gaskill, at 267:18-283:9 (Ex. 4). In response, Zeneca modified the promotional pieces at issue, and DDMAC took no further action. After reviewing another Seroquel promotional piece in 2006, DDMAC sent AstraZeneca an Untitled Letter expressing concern that the piece was "false or misleading because it minimizes the risk of hyperglycemia and diabetes mellitus and fails to communicate important information regarding neuroleptic malignant syndrome, tardive dyskinesia, and the bolded cataracts precaution." *See* Ex. 3. *See also* 10/25/07 Dep. of J. Gaskill, at 92:23-102:12 (Ex. 4). In response, AstraZeneca agreed to withdraw the promotional piece at issue, although it did not believe the piece was "false or misleading." *See* 10/25/07 Dep. of J. Gaskill, at 99:12-100:14, 101:15-102:12 (Ex. 4).

Plaintiffs seek to use evidence of the DDMAC Letters to suggest that AstraZeneca should be liable to these plaintiffs because the FDA previously stated that certain Seroquel promotions were "false or misleading." But there has been no showing that the underlying pieces were actually seen by the plaintiffs' prescribing physicians; therefore, the pieces and DDMAC's Letters have no connection to the prescribing decisions in ***these*** cases. Moreover, the 1998 Warning Letter did not involve Seroquel and so has nothing to do with these cases at all. AstraZeneca therefore moves to exclude the DDMAC Letters on the following grounds: (1) the DDMAC Letters are irrelevant because they lack a causal nexus to the

plaintiffs' cases; and (2) the DDMAC Letters are unfairly prejudicial and will only delay trial with testimony about the complex scheme governing prescription drug promotional pieces.

## ARGUMENT

### I. The DDMAC Letters Are Irrelevant Because There Is No Evidence That Plaintiffs' Prescribing Physicians Ever Saw The Promotional Pieces Involved.

For evidence of promotional activity to be relevant, there must be some connection between that activity and the harm plaintiff is alleging. *See, e.g., Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1308 (11th Cir. 1999) (requiring showing that prescribing physician relied on information from manufacturer); *Beale v. Biomet, Inc.*, 492 F. Supp. 2d 1360, 1377-78 (S.D. Fla. 2007) (requiring plaintiff to offer evidence that physician "was influenced by any of Biomet's marketing materials"). Thus, as AstraZeneca has demonstrated in its Motion to Exclude Evidence And Argument About Irrelevant Marketing Activities (filed contemporaneously and incorporated here by reference), promotional activity that was never seen by the prescribing physician is irrelevant and should be excluded. *See Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 927 (5th Cir. 1980) (affirming exclusion of advertisements that were not relied upon by plaintiff).[1] *See also In re Norplant Contraceptive Prod. Liab. Litig.*, 1997 WL 81092, at *1 (E.D. Tex. Feb. 21, 1997) ("Absent evidence that the physicians were exposed…the promotional and advertising materials are not relevant evidence.").

Plaintiffs have no evidence suggesting that their prescribing physicians saw, much less relied upon, the promotional pieces subject to the DDMAC Letters. As such, those pieces are irrelevant and inadmissible, and DDMAC's concern about the pieces similarly has

---

[1] Fifth Circuit decisions prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

- 3 -

no bearing on these plaintiffs' claims. Even if the promotional pieces in question were in fact "false or misleading" – which AstraZeneca disputes – they could not have misled the prescribing physicians in these cases.

Further, neither the 1998 Warning Letter nor the 1999 Untitled Letter has any connection to the injuries plaintiffs allege in these cases. The 1998 Warning Letter did not address Seroquel at all, and the 1999 Untitled Letter said nothing about the promotion of Seroquel related to hyperglycemia, diabetes, or weight gain. As such, neither letter is relevant in these diabetes cases.

Nor may plaintiffs use the DDMAC Letters to suggest generally that the FDA has previously found AstraZeneca's promotional activity "false or misleading." Under Fed. R. Evid. 404(b), evidence of other acts "is not admissible to prove the character of a person in order to show action in conformity therewith." It is therefore inappropriate to allow evidence of prior conduct for the purpose of inferring that AstraZeneca has a "propensity" for engaging in "false or misleading" advertising. *See United States v. Mills*, 138 F.3d 928, 936 (11th Cir. 1998) (affirming exclusion of evidence that defendant previously falsified customs forms in unrelated incident, where government sought to use evidence to improperly infer defendant "is disposed to lie to the government"); *Reyes v. Missouri Pac. R.R. Co.*, 589 F.2d 791, 794 (5th Cir. 1979) (error to admit evidence of train conductor's prior intoxication convictions to suggest conductor was intoxicated on night of train accident).

Finally, because the promotional pieces subject to the DDMAC Letters have no connection to the prescribing physicians in these cases, neither the pieces nor DDMAC's opinion regarding the pieces may serve as the basis of any punitive damage award. *Philip*

*Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057, 1063 (2007) ("[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties..., *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation."). Because "a jury may not...use a punitive damages verdict to punish a defendant directly on account of harms it is alleged to have visited on non-parties," *Williams*, 127 S. Ct. at 1064, it would be inappropriate to award punitive damages in these cases on the basis of alleged misleading promotional activities that were never seen by plaintiffs' prescribing physicians. *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1016 (9th Cir. 2007) (finding evidence of fraudulent scheme directed at other victims created "significant risk" that jury would punish for harm to non-parties in violation of *Williams*).

## II. The DDMAC Letters Are Unfairly Prejudicial And Misleading.

It would also be unfairly prejudicial to allow plaintiffs to use the DDMAC Letters to suggest AstraZeneca engages in "false or misleading" promotional activity, because neither the Warning Letter nor the Untitled Letters constitute a final determination by the FDA that AstraZeneca in fact engaged in "false or misleading" conduct. *See* FDA Regulatory Procedures Manual §4-1-1 ("Warning Letters – Policy"), available at http://www.fda.gov/ora/compliance_ref/rpm/chapter4/ch4-1.html ("A Warning Letter is informal and advisory. It communicates the agency's position on a matter, but it does not commit FDA to taking enforcement action. For these reasons, FDA does not consider Warning Letters to be final agency action..."); FDA Regulatory Procedures Manual §4-2-1 ("Untitled Letters – Policy"), available at

http://www.fda.gov/ora/compliance_ref/rpm/chapter4/ch4-2.html (noting that an Untitled Letter "cites violations that do not meet the threshold of regulatory significance for a Warning Letter," and "does not include a warning statement that failure to take prompt correction may result in enforcement action"). Notwithstanding the preliminary nature of the DDMAC Letters, plaintiffs want the jury to believe the Letters constitute a formal agency finding of "misbranding." *See, e.g.*, 10/25/07 Dep. of J. Gaskill, at 97:5-18 (Ex. 4).

It would be misleading and unfairly prejudicial to allow plaintiffs to create the impression that these non-final agency determinations mean AstraZeneca engaged in improper promotional conduct. *See Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 547 F. Supp. 2d 939, 947 (E.D. Wis. 2008) (dismissing misbranding claim based on FDA Untitled Letter because the letter "did not constitute an agency 'determination'"); *Kociemba v. G.D. Searle & Co.*, 683 F. Supp. 1582, 1584 (D. Minn. 1988) (excluding as irrelevant and unfairly prejudicial an FDA report that was "highly critical" of defendant's research practices where report did not make defendant's liability "more probable than not"). *See also Johnson v. Ford Motor Co.*, 988 F.2d 573, 580 (5th Cir. 1993) (upholding exclusion of preliminary agency inquiry letters resulting in no official action); *Gehl v. Soo Line R.R. Co.*, 967 F.2d 1204, 1208 (8th Cir. 1992) (excluding as prejudicial government safety assessment that did not discuss the accident relevant to plaintiff's claims because "[t]here is a danger that government reports, even if not particularly probative, will nonetheless sway the jury by their aura of special reliability and trustworthiness").

Moreover, introduction of the DDMAC Letters would require a satellite mini-trial regarding DDMAC's structure and function, the intricate enforcement scheme pertinent to

promotional activity, and the regulatory significance of a Warning Letter and Untitled Letter. This mini-trial would be required to correct the misimpression that the DDMAC Letters constitute a conclusive finding that AstraZeneca is guilty of "false or misleading" promotional activity or "misbranding." In order to avoid this result and streamline the trials of these cases, it is appropriate to exclude evidence of the DDMAC Letters pursuant to Rule 403.

## CONCLUSION

For the above reasons, AstraZeneca respectfully requests an Order excluding evidence and argument about the 1998 Warning Letter, 1999 Untitled Letter, and 2006 Untitled Letter.

DATED: January 8, 2009            Respectfully submitted,

*/s/ Steven B. Weisburd*
Steven B. Weisburd
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

*/s/ Chris S. Coutroulis*
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.

Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for Defendants AstraZeneca LP and
AstraZeneca Pharmaceuticals LP*

## CERTIFICATE OF CONFERENCE PURSUANT TO M.D. FLA. L.R. 3.01(g)

I hereby certify that I, Steven Weisburd, conferred with counsel for plaintiffs in good faith regarding the relief requested in this motion. Plaintiffs' counsel responded that they oppose the relief requested in this motion.

*/s/ Steven B. Weisburd*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ A. Elizabeth Balakhani*

- 8 -

# SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant, Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City; OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |