**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This document relates to:**

| | |
|---|---|
| **Linda Guinn** | **6:07-cv-10291** |
| **Janice Burns** | **6:07-cv-15959** |
| **Richard Unger** | **6:07-cv-15812** |
| **Connie Curley** | **6:07-cv-15701** |
| **Linda Whittington** | **6:07-cv-10475** |
| **Eileen McAlexander** | **6:07-cv-10360** |
| **David Haller** | **6:07-cv-15733** |

---

## ASTRAZENECA'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT FOREIGN SEROQUEL LABELS AND FOREIGN REGULATORY ACTIONS

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby move *in limine* to exclude evidence and argument about foreign labeling and regulatory action, including the regulation of Seroquel in Japan, France, and Holland. The Eleventh Circuit has previously concluded that evidence of foreign regulatory actions confuses the jury and is thus irrelevant and unfairly prejudicial. *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 771 n.2, 773 (11th Cir. 1988). The same is true of the foreign regulatory actions in these cases.

Plaintiffs have themselves acknowledged that AstraZeneca's compliance with foreign regulatory requirements is not an issue in these cases.[1] Plaintiffs hope nonetheless to divert attention from the fact that AstraZeneca scrupulously complied with all the FDA's directives on the wording of the Seroquel label by showing the jury: (a) that the Japanese regulatory authority (MHLW) required AstraZeneca to add a diabetes contraindication to the Japanese label in 2002; (b) that the French regulatory authority (AFSSAPS) in 2005 denied AstraZeneca permission to market Seroquel in France; and (c) that the Dutch regulatory authority (MEB) asked AstraZeneca to add language about hyperglycemia and diabetes to the Seroquel label in 2000-2001.

Plaintiffs have argued that these foreign regulatory decisions are relevant to show that AstraZeneca was "on notice of the risk of diabetes-related adverse events and the association between Seroquel therapy and diabetes-related injuries prior to Defendants' revision of Seroquel's label in 2004." *See* Pls.' Non-Causation Resp. at 11. Plaintiffs are wrong. In certain circumstances, the adverse events leading to the foreign regulatory action might be relevant to show whether AstraZeneca was on notice of the risk of diabetes. The AstraZeneca scientists' analysis of those adverse events may be relevant to show what AstraZeneca scientists believed at the time. And the FDA's analysis and decisions are relevant because they show what AstraZeneca was obligated to do in the United States.[2] The

---

[1] *See* Mot. to Exclude Non-Causation Expert Test., at 2, 8-9, 15, 40 (Doc. No. 1121), and Pls.' Resp. in Opp. to AstraZeneca's Mot. to Exclude Non-Causation Expert Test., at 16 (filed under seal) ("Pls.' Non-Causation Resp."). AstraZeneca's prior Motion asked the Court to preclude expert testimony regarding regulatory actions in foreign countries. That Motion is pending.

[2] AstraZeneca's Omnibus Motion in support of summary judgment described the FDA's ongoing investigation of atypical antipsychotics, including Seroquel, and diabetes-related risks. *See, e.g.*, Omnibus Legal Mem. in

jury would not benefit, however, from learning that an agency in Japan, Holland, or France, applying different regulatory standards to the same adverse event data that the FDA had, reached conclusions regarding diabetes warnings that were at odds with the conclusion reached by the FDA with respect to warnings in the United States. Rather, evidence of these foreign regulatory decisions would only confuse and mislead the jury, waste time, and unfairly prejudice AstraZeneca. Introduction of this evidence would supplant the FDA's role as the only relevant regulatory authority in this case. It would import confusing foreign labeling standards at odds with the FDA's domestic regulatory scheme. It would invite the jury to render a verdict based on those inapplicable foreign regulatory standards, rather than on the relevant domestic standards at issue in this case. Finally, admission of this evidence would require litigation of multiple satellite issues regarding the unique criteria employed by foreign agencies in making regulatory decisions – a result at odds with this Court's desire for streamlined trials. *See* Dec. 9, 2008 Order (Doc. No. 1181).

## **ARGUMENT**

### I. **Other Courts Have Excluded Evidence Of Foreign Regulatory Actions.**

In cases where U.S.-resident plaintiffs used products governed by U.S. standards, other courts have ruled that evidence of foreign regulatory actions was irrelevant, unfairly prejudicial, and confusing. For example, in *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 771 n.2, 773 (11th Cir. 1988), the Eleventh Circuit affirmed the trial court's exclusion of evidence that chainsaws sold in Sweden required additional safety features not required in the U.S., in order "to avoid confusing the jury with Swedish law and statistics." *See also*

Support of AstraZeneca's Summary Judgment, at 12-18 (Doc No. 1113). Plaintiffs did not contest these facts in their response.

*Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1327 (6th Cir. 1992) (affirming exclusion of testimony regarding foreign safety standards); *accord Buzzell v. Bliss*, 358 N.W.2d 695, 699 (Minn. Ct. App. 1984) (finding any probative value of English standard to be "outweighed by its potential to confuse or mislead the jury"); *Garmon v. Cincinnati, Inc.*, 1993 WL 190923, at *3 (Tenn Ct. App. June 4, 1993) (finding inadmissible foreign regulatory "rules and standards not having the force and effect of law" in Tennessee).

In the pharmaceutical context, courts have refused to admit evidence of foreign regulatory actions, even where plaintiffs contend those decisions are relevant to "notice." *See In re Baycol Prod. Liab. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) (rejecting plaintiffs' contention that evidence of foreign regulatory actions "demonstrate Defendants had notice" of "dangerous side effects," and concluding that the evidence "would likely cause jury confusion"). The relevance of foreign regulatory decisions about pharmaceutical products is particularly strained, and the likelihood of juror confusion is particularly high, because:

> Each government must weigh the merits of permitting the drug's use and the necessity of requiring a warning. Each makes its own determination as to the standards of degree of safety and duty of care. This balancing of the overall benefits to be derived from a product's use with the risk of harm associated with that use is peculiarly suited to a forum of the country in which the product is to be used. Each country has its own legitimate concerns and its own unique needs which must be factored into its process of weighing the drug's merits, and which will tip the balance for it one way or the other. . . .

*Harrison v. Wyeth Labs.*, 510 F. Supp. 1, 4-5 (E.D. Pa. 1980), *aff'd*, 676 F.2d 685 (3d Cir. 1982) (dismissing case on *forum non conveniens* grounds where foreign regulatory standards regarding drug safety were at issue, and finding "[q]uestions as to the safety of drugs marketed in a foreign country are properly the concern of that country"). The case law thus

establishes that courts exclude foreign regulatory actions in pharmaceutical litigation to avoid a thicket of confusing, conflicting, and tangential regulatory schemes. *See Baycol*, 532 F. Supp. 2d at 1054. *See also Jones v. Lederle Labs.*, 785 F. Supp. 1123, 1127 (E.D.N.Y. 1992) (dismissing case where allegedly safer vaccine available in Japan did not comply with FDA testing standards, and thus existence of Japanese vaccine could not serve as basis for liability).

**A. The Court Should Exclude Evidence About The Japanese Label Change.**

AstraZeneca began to sell Seroquel in Japan in February 2001. In October 2002, responding to 13 adverse drug reaction reports that were also reported to the FDA, the Japanese regulatory authority, MHLW, required AstraZeneca to add to Seroquel's label a "black box" warning about diabetes. The MHLW also required AstraZeneca to add language to the "Contraindications" section, stating that Seroquel should not be taken by patients with diabetes.[3] To this day, with Seroquel approved in 86 countries, Japan remains the ***only*** country that requires such a contraindication.

This motion does not challenge the potential relevance of the 13 adverse events themselves, but that does not mean the Japanese agency's decision in reaction to those 13 adverse events is also relevant. To the contrary, the agency's decision adds nothing to the question of notice. *See Baycol*, 532 F. Supp. 2d at 1054 (rejecting plaintiffs' argument that foreign regulatory action was admissible to prove notice because "notice is not dependent on governmental action.").

[3] In November 2002, the MHLW ordered AstraZeneca to send "Dear Doctor" letters informing Japanese physicians of the changes.

Plainly, plaintiffs' only purpose in presenting evidence of the Japanese regulatory decision will be to make the jury think that the Japanese "got it right" by requiring an extraordinary warning required nowhere else in the world, whereas the FDA, looking at the same adverse events, "got it wrong." *See, e.g.*, Report of Laura M. Plunkett ¶ 43 (Ex. 1) (comparing United States and Japanese label and concluding, "[a]t the time that the Seroquel labeling failed to adequately warn physicians of the risks associated with use of the drug, other international regulatory bodies were requiring specific changes to product labeling related to the risks of hyperglycemia and diabetes."); 10/8/08 Dep. of Dr. Bruce Perry, at 163:12-18 (Ex. 2) ("I think the labeling is softer than it should be. . . . [A] prescribing physician should pay more attention to and probably would if the labeling in the U.S. was similar, for example, to the labeling for Seroquel in Japan."). But an argument that the Japanese were right and the FDA was wrong has no place in the trial of these cases. Indeed, because of the differences in the U.S. and Japanese regulatory schemes, the evidence the MHLW found sufficient to support a contraindication could not and, in fact, did not support a similar labeling change in the United States.

If the Court were to allow plaintiffs to present evidence and argue about Japanese regulatory events, AstraZeneca would have the right to respond in kind. For example, AstraZeneca would be entitled to present evidence on the difference between the social, political and medical landscapes in the United States and Japan, on how and why Japan's regulatory system differs greatly from the American system, on how and why the MHLW imposes different requirements and employs different labeling and evidentiary standards than the FDA, and on why the Japanese regulatory system reflects a more prophylactic approach

than the approach taken in the U.S. (and for that matter, in every other country), as evidenced by the MHLW's decision to require a diabetes contraindication when no other country has done so. AstraZeneca would also be entitled to present evidence about the 80-plus other foreign countries that to this day do not require a contraindication in Seroquel's label. This mini-trial focused on the Japanese regulatory regime, and possibly the regimes of 80-plus other foreign countries, would confuse the jury, distract from the core issues in this case and pointlessly lengthen the trial. Moreover, it might give rise to the highly prejudicial and improper suggestion that the FDA does not care as much about its citizens as the MHLW. Hence, the Court should exclude evidence of the Japanese label change.

### B. The Court Should Exclude Evidence About Events In France.

In 2005, ***after*** the FDA had already determined in 2004 exactly the diabetes warning that should be included in the U.S. Seroquel label, the French regulatory authority, AFSSAPS, denied AstraZeneca permission to sell Seroquel in France, and commented on the safety of Seroquel with respect to metabolism disorders. Plaintiffs' expert, Dr. Plunkett, has cited this French action as support for her opinion that AstraZeneca failed to provide adequate warnings to American physicians of the risks associated with Seroquel. *See* Report of Laura M. Plunkett ¶ 43 (Ex. 1).

A ***2005*** decision by the French regulatory authority, however, plainly has no possible bearing on what AstraZeneca should have known in ***2004***. Even plaintiffs themselves have conceded that evidence of foreign regulatory actions is relevant only to the extent that it "put Defendant on notice of the risk of diabetes-related adverse events and the association between Seroquel therapy and diabetes-related injuries ***prior to Defendant's revision of***

***Seroquel's label in 2004***." Pls.' Non-Causation Resp. at 11 (emphasis added). The Court should therefore exclude evidence of the French regulatory action.

### C. The Court Should Exclude Evidence About The Dutch Label Change Request.

In October 2000, after receiving information from AstraZeneca, the Dutch regulatory authority, MEB, recommended inclusion of glycemic effects in the "Warnings/Precautions" and "Undesirable Effects" sections of the label applicable in the European Union. After lengthy study of the issue in connection with European regulators, AstraZeneca complied with the request and changed the label.

As with the Japanese label change and the French decision, the Dutch label change shows only that a different regulatory authority, applying different standards in a different social and medical landscape, reached a conclusion different than the conclusion reached by the FDA under the U.S. system. If the Court were to allow plaintiffs to inject the Dutch issue at trial, AstraZeneca would be entitled to present its own evidence and arguments on the Dutch decision, thereby preventing the streamlined trials envisioned by the Court. Hence, the Court should exclude evidence of the Dutch label change pursuant to Rules 402 and 403.

## CONCLUSION

For the above reasons, AstraZeneca respectfully requests an Order excluding evidence and argument about foreign labeling and regulatory actions relating to Seroquel.

DATED: January 8, 2009

Respectfully submitted,

*/s/ Steven B. Weisburd*
Steven B. Weisburd
DECHERT LLP

300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

*<u>/s/ Chris S. Coutroulis</u>*
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*

**<u>CERTIFICATE OF CONFERENCE PURSUANT TO M.D. FLA. L.R. 3.01(g)</u>**

I hereby certify that I, Steven Weisburd, conferred with counsel for plaintiffs in good faith regarding the relief requested in this motion. Plaintiffs' counsel responded that they oppose the relief requested in this motion.

*<u>/s/ Steven B. Weisburd</u>*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ A. Elizabeth Balakhani*

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant, Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |