UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to:

| | |
|---|---|
| Linda Guinn | 6:07-cv-10291 |
| Janice Burns | 6:07-cv-15959 |
| Richard Unger | 6:07-cv-15812 |
| Connie Curley | 6:07-cv-15701 |
| Linda Whittington | 6:07-cv-10475 |
| Eileen McAlexander | 6:07-cv-10360 |
| David Haller | 6:07-cv-15733 |

---

ASTRAZENECA'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE AND ARGUMENT
ABOUT THE ZOLADEX SETTLEMENT

Defendants AstraZeneca and AstraZeneca Pharmaceuticals LP ("AstraZeneca")

hereby move *in limine* to exclude evidence and argument about AstraZeneca's 2003

settlement with the federal government relating to the pricing of Zoladex, an anti-cancer

medication, or about the Corporate Integrity Agreement ("CIA") that was part of that

settlement.  (Hereafter, evidence related to the Zoladex settlement and the CIA will be

referred to collectively as "the CIA evidence.")

The CIA evidence is completely irrelevant to these cases.  The claims here are for

personal injury allegedly caused by Seroquel, not for violation of reimbursement rules in the

pricing of Zoladex.  Moreover, admission of the CIA evidence would unfairly prejudice

AstraZeneca. Therefore, Federal Rules of Evidence 402 and 403 require that the CIA evidence be kept out of these trials.

## FACTUAL BACKGROUND

In 2003, AstraZeneca settled the federal government's claim that AstraZeneca had overcharged for Zoladex, a cancer medicine. *See* June 20, 2003 Department of Justice Press Release (Ex. 1). As part of the settlement, AstraZeneca entered into a five-year Corporate Integrity Agreement. *Id. See also* CIA (Ex. 2). The CIA required AstraZeneca to report the "Average Sale Price" for Zoladex and seven other drugs. CIA at 10-13 and Appendix A. The CIA did ***not*** impose any reporting obligations with respect to Seroquel. *Id.*[1]

Even though it has nothing at all to do with Seroquel, plaintiffs in this litigation have repeatedly and extensively questioned AstraZeneca witnesses about the Zoladex CIA. There is every reason to believe that plaintiffs will do the same thing at trial unless the Court prohibits such tactics.

## ARGUMENT

### I.    The CIA Evidence Is Not Relevant To Any Issue In These Cases.

Evidence is relevant only if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." *United States v. Vander Luitgaren*, 2008 WL 2610465, at *1 (M.D. Fla. June 30, 2008) (Conway, J.). *See also* Fed. R. Evid. 402.

---

[1] The CIA also required AstraZeneca to distribute a "Code of Conduct" to certain employees, to implement a compliance program for pricing, marketing, and sales practices, and to train employees about sales of government-reimbursed products. CIA at 1, 4-10.

The core issues "of consequence to the determination" of these personal injury cases issues include whether Seroquel caused plaintiffs' alleged diabetes, and whether AstraZeneca adequately warned doctors about the claimed health risks. The fact that AstraZeneca allegedly overcharged the government for Zoladex does not make it more probable that Seroquel caused plaintiffs' alleged diabetes, nor does it make it more probable that AstraZeneca failed to warn doctors about the risks of Seroquel.

Other courts have routinely excluded such "other product" evidence. *See Miller v. Ford Motor Co.*, 2004 WL 4054843, at *12 (M.D. Fla. Jul 22, 2004) (excluding evidence of lawsuits, claims, and accidents involving other vehicles as irrelevant and unduly prejudicial, and rejecting argument that evidence was probative to "notice" or a conscious decision to place profit over safety). *See also Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 340 (N.D. Ill. 1988) (excluding evidence of problems with different drug because "[t]he issue here is . . . not [defendant's] marketing of any other products," and concluding that "reference to this evidence is irrelevant and highly prejudicial"); *In re Richardson-Merrell Inc. "Bendectin" Prod. Liab. Litig.*, 624 F. Supp. 1212, 1249 (S.D. Ohio 1985) (defendant's alleged falsification of data from clinical investigation of different drug inadmissible). For the same reasons, this Court should exclude the CIA evidence.

Plaintiffs may argue that the CIA evidence is relevant to their fraud claim because it shows a past history of fraud, making it more likely that AstraZeneca deliberately misled doctors about the risks of Seroquel. Federal Rule of Evidence 404(b) prohibits the admission of such evidence, however: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Thus,

evidence of prior conduct cannot be admitted for the purpose of suggesting that the defendant has a "propensity" for engaging in bad acts. *See United States v. Mills*, 138 F.3d 928, 936 (11th Cir. 1998) (affirming exclusion of evidence that defendant previously falsified customs forms in unrelated incident, where government sought to use evidence to improperly suggest defendant "is disposed to lie to the government"); *Reyes v. Missouri Pac. R.R. Co.*, 589 F.2d 791, 794 (5th Cir. 1979) (error to admit evidence of train conductor's prior intoxication convictions to suggest conductor was intoxicated on night of train accident).

Under Rule 404(b), courts in other pharmaceutical litigation have excluded evidence of conduct unrelated to the drugs at issue. *See, e.g., Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329,1334-35 (9th Cir. 1985) (unrelated misconduct excluded under Rule 404(b) because "it does nothing except generally show defendant in a bad light"); *In re: Vioxx Prod. Liab. Litig.*, 2005 WL 3164254, at *1 (E.D. La. Nov. 21, 2005) (excluding, under Rule 404(b), alleged misconduct unrelated to drug). This Court should do likewise.

Further, the CIA evidence is inadmissible to support plaintiffs' punitive damages claims. As the Supreme Court held in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003):

> A defendant's dissimilar acts, independent from the acts upon which liability is premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.

*See also Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057, 1064 (2007) ("[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . . , *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation."); *Merrick v. Paul Revere Life Ins. Co.*,

500 F.3d 1007, 1016 (9th Cir. 2007) (finding evidence of fraudulent scheme directed at other victims created "significant risk" that jury would punish for harm to non-parties in violation of *Williams*); *Miller*, 2004 WL 4054843, at *2 (concluding that evidence concerning dissimilar prior accidents could not serve as basis for punitive damage award).  For these reasons, plaintiffs' punitive damages claims cannot be used to justify the admission of the CIA evidence.

## II.      The CIA Evidence Is Unfairly Prejudicial, Misleading, And A Waste Of Time.

The CIA evidence is completely irrelevant, as demonstrated above, but even if it were somehow marginally relevant to some issue in these cases, it would still have to be excluded because it is so highly prejudicial, because it would confuse and mislead the jury, and because it would waste valuable trial time. *See Noel Shows, Inc. v. United States*, 721 F.2d 327, 329 (11th Cir. 1983) (even evidence that is marginally relevant should be excluded "if it would confuse the issues, mislead the jury or waste time to an extent substantially outweighing its probative value"). *See also* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Other courts have held that it is unfairly prejudicial to admit evidence of alleged wrongdoing with respect to a product or conduct that is not central to the case. *See Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1484 (11th Cir. 1997) (affirming Rule 403 exclusion of investigation into allegedly defective truck design that "had absolutely nothing to do with"

the truck at issue). *See also Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1334-35 (9th Cir. 1985) (appropriate to exclude "innuendos of collateral misconduct" in pharmaceutical case pursuant to Rule 403).  Courts have also excluded prior government investigations or lawsuits due to the prejudicial effect of that evidence. *See Allstate Ins. Co. v. James*, 845 F.2d 315, 320-21 (11th Cir. 1988) (excluding evidence that defendants "were the subject of a criminal investigation and refused to cooperate" because of "double" prejudice); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2868923, at **1-2, 10 (M.D. Fla. Oct. 6, 2006) (excluding prior discrimination lawsuits and EEOC claims as unfairly prejudicial and improper "bad acts" evidence).  For similar reasons, the CIA evidence would properly be excluded under Rule 403, even if it were relevant.

## CONCLUSION

For the above reasons, AstraZeneca respectfully requests an Order excluding evidence and argument about the Zoladex litigation, AstraZeneca's settlement of that litigation, or the Corporate Integrity Agreement.

DATED:  January 8, 2009                    Respectfully submitted,

                                           */s/ Steven B. Weisburd*
                                           Steven B. Weisburd
                                           DECHERT LLP
                                           300 West 6th Street, Suite 1850
                                           Austin, TX  78701
                                           Telephone: (512) 394-3000
                                           Facsimile: (512) 394-3001
                                           steven.weisburd@dechert.com


                                           Stephen J. McConnell
                                           DECHERT LLP
                                           2929 Arch Street

Philadelphia, PA  19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

*/s/ Chris S. Coutroulis*
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL  22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for Defendants AstraZeneca LP and
AstraZeneca Pharmaceuticals LP*


## CERTIFICATE OF CONFERENCE PURSUANT TO M.D. FLA. L.R. 3.01(g)

I hereby certify that I, Steven Weisburd, conferred with counsel for plaintiffs in good

faith regarding the relief requested in this motion.  Plaintiffs' counsel responded that they

oppose the relief requested in this motion.

*/s/ Steven B. Weisburd*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that, on January 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ A. Elizabeth Balakhani

# SERVICE LIST

## In Re: Seroquel Products Liability Litigation
## MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca*<br>*Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |