**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to:

    ALL TRIAL GROUP ONE CASES

MDL DOCKET NO:

    **6:06-MDL-1769-ACC-DAB**

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT**
**RELATED TO CERTAIN ISSUES AND/OR REQUEST FOR LIMITING**
**INSTRUCTIONS**

    Plaintiffs in Trial Group One ("Plaintiffs") respectfully move the Court for an order excluding all evidence, references, testimony, and/or argument relating to the topics set forth below.  In the event this Court does not exclude such matters, then Plaintiffs requests that a mandatory limiting instruction as to its proper use be given upon its admission and each and every time thereafter as such a reference is made pursuant to Fed. R. Evid. 105.

**I.**

**SPECIFIC GROUNDS FOR MOTION IN LIMINE AND/OR LIMITING**
**INSTRUCTIONS**

    Defendants should be precluded from any comment or inference, or submitting any evidence, eliciting any testimony, or documents suggesting or referring to the following matters at trial**:**

**A.**    **That a verdict for the Plaintiff will adversely impact pharmaceutical companies'**
**incentive/ability to develop new medications.**

    Such "evidence," if any, and argument is highly subjective, constitutes unsupported speculation and is too remote, is likely to involve matters outside the record, including hearsay and double hearsay, and is in the nature of telling the jury the consequences of the its verdict.  For these reasons alone, it should be excluded.  For many of the same reasons, it is not relevant to any matter in

1

this action.  *See* Fed. R. Evid. 402 (only relevant evidence is admissible).  Finally, no expert has been designated to testify on such matters, which would require expert support.  *See* Fed. R. Evid. 702, 703.  Even if one had been designated, there is no indication that such conclusions and opinions would be scientifically or statistically reliable under *Daubert*.  *Id.*

Under Fed. R. Evid. 403, even "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence."  Thus, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

**B.**     **That any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide.**

Such "evidence," if any, and argument is highly subjective, constitutes unsupported speculation and is too remote, is likely to involve matters outside the record, including hearsay and double hearsay, and is in the nature of telling the jury the consequences of the its verdict.  In addition, appeals to "community conscience" or collective self-interest are viewed as improper.  *See, e.g., Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1239 (5th Cir. 1985).  For these reasons alone, it should be excluded.  For many of the same reasons, it is not relevant to any matter in this action.  *See* Fed. R. Evid. 402.  Finally, no expert has been designated to testify on such matters which would require expert support.  *See* Fed. R. Evid. 702, 703.  Even if one had been designated, there is no indication that such conclusions and opinions would be scientifically or statistically reliable under *Daubert*.  *Id.*

2

Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

**C.** **That this case or other Seroquel or second generation antipsychotic product liability litigation cases may have a negative impact on the stock price of AstraZeneca or any other publicly traded pharmaceutical manufacturer, or cause it or its employees any sort of financial hardship or loss of employment.**

Such "evidence," if any, and argument is highly subjective, constitutes unsupported speculation and is too remote, is likely to involve matters outside the record, including hearsay and double hearsay, and is in the nature of telling the jury the consequences of the its verdict.  In addition, such appeals to "community conscience" or collective self-interest are improper.  *Westbrook,* 754 F.2d at 1239.  For these reasons alone, it should be excluded.  For many of the same reasons, it is not relevant to any matter in this action. *See* Fed. R. Evid. 402.  Finally, no expert has been designated to testify on such matters which would require expert support.  *See* Fed. R. Evid. 702, 703.  Even if one had been designated, there is no indication that such conclusions and opinions would be scientifically or statistically reliable under *Daubert*.  *Id.*

Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

**D.** **That this case or any other AstraZeneca or second generation antipsychotic products liability case may cause an increase in the cost of purchasing or maintaining insurance.**

Such "evidence," if any, and argument is highly subjective, constitutes unsupported speculation and is too remote, is likely to involve matters outside the record, including hearsay and double hearsay, and is in the nature of telling the jury the consequences of its verdict.  In addition, the

such appeals to "community conscience" or collective self-interest are improper. *Westbrook,* 754 F.2d at 1239. For these reasons alone, it should be excluded. For many of the same reasons, it is not relevant to any matter in this action. *See* Fed. R. Evid. 402. Finally, no expert has been designated to testify on such matters which would require expert support. *See* Fed. R. Evid. 702, 703. Even if one had been designated, there is no indication that such conclusions and opinions would be scientifically or statistically reliable under *Daubert*. *Id.*

Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

**E.      That this case or any other AstraZeneca product liability case may cause an increase in the cost of purchasing medications for the public.**

Such "evidence," if any, and argument is highly subjective, constitutes unsupported speculation and is too remote, is likely to involve matters outside the record, including hearsay and double hearsay, and is in the nature of telling the jury the consequences of the its verdict. In addition, such appeals to collective self-interest are improper. *Westbrook,* 754 F.2d at 1239. For these reasons alone, it should be excluded. For many of the same reasons, it is not relevant to any matter in this action. *See* Fed. R. Evid. 402. Finally, no expert has been designated to testify on such matters which would require expert support. *See* Fed. R. Evid. 702, 703. Even if one had been designated, there is no indication that such conclusions and opinions would be scientifically or statistically reliable under *Daubert*. *Id.*

Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

4

**F.**     <u>That the Plaintiff is covered by some form of insurance or other collateral source for the incident in question.</u>

Under the collateral source rule, which is well-established in Florida, the fact that any of the Plaintiffs were covered by some form of insurance or other collateral source for their Seroquel prescriptions, healthcare, and/or covering their injury is irrelevant to any issue in this case and any mention or inference, direct or indirect, will be harmful and unduly prejudicial to the Plaintiffs. *See, e.g., Koletzke v. Small*, 900 So. 2d 752, 754 (Fla. Ct. App. [2d Dist.] 2005); *Benton v. CSX Transp., Inc.*, 898 So. 2d 243, 245 (Fla. Ct. App. [4th Dist.] 2005); *see also Gormley v. GTE Prods. Corp.*, 587 So. 2d 455, 457 (Fla. 1991). This includes any payments or coverage by AstraZeneca for the costs of Seroquel samples or Seroquel prescriptions through a prescription drug assistance program. Under Fed. R. Evid. 402 and 403, even if such evidence or argument is relevant, which it is not, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

**G.**     <u>That an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law.</u>

Federal and Florida state law both permit the award of punitive damages. To suggest otherwise is improper and would be unduly prejudicial. *See generally TXO Prod. Corp. v. Alliance Res. Corp.,* 509 U.S. 443, 462 (1993).

**H.**     <u>The purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases.</u>

Such "evidence," if any, and argument constitutes unsupported speculation, insurance company propaganda and hype, and is likely to involve matters outside the record. It is, therefore, also irrelevant to any matter at issue in this case. *See* Fed. R. Evid. 402. No expert has been designated to testify on such matters which would require expert support. *See* Fed. R. Evid. 702.

Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.  Such language and argument suggest that this lawsuit is groundless.  Had that been the case, this Court would have addressed the problem.

**I.**      **That Plaintiffs' attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation, advertise, seek to obtain clients in a manner different from that used by defense counsel, or routinely employ contingent fee arrangements.**

Such evidence or argument would be irrelevant, unduly prejudicial, and calculated solely to inflame the jury.  *See Bufford v. Rowan Companies, Inc.* 994 F.2d 155, 157-58 (5th Cir. 1993) (quoting and relying upon *United States v. McDonald*, 620 F.2d 559, 564 (5th Cir. 1980)).  It should be excluded under Fed. R. Evid. 402 and 403.

**J.**      **Other Seroquel cases and other cases involving Plaintiffs' counsel or other drugs.**

As this court is perhaps best aware, there are thousands of other Seroquel cases pending in the courts.  The result in those cases, including stipulations of voluntary dismissal, dismissals with prejudice for failure to cooperate in discovery, and other dispositive resolutions, are irrelevant in these matters in Trial Group One, and introduction of such matters before the jury would be so prejudicial as likely to cause a mistrial.  For these reasons, any such reference should be excluded under Rules 402 and 403.

Similarly, Plaintiffs' counsel have participated in a number of well-known cases, including breast implant, asbestos, and fen-phen litigation, and litigation regarding other antipsychotic drugs such as the *Zyprexa* MDL.  None of those cases, nor the fact that counsel participated in them, is relevant here.  Moreover, even if it were, its probative value, if any, would be outweighed by the potential for undue prejudice.  Fed. R. Evid. 403.

Finally, Defendant may try to introduce into the case matters pertaining to drug litigation involving breast implant, asbestos, and fen-phen litigation, or litigation regarding other antipsychotic drugs such as the *Zyprexa* MDL, or involving other prescription drugs or medical devices. The specific medical issues relating to a given patient are difficult and complex. Allowing such evidence would result in time-consuming, collateral mini-trials to determine whether the drug at issue caused injury and would be highly prejudicial and likely to confuse or mislead the jury.

**K.     Unsupported hearsay statements of health care providers.**

Defendants should be prevented from eliciting, referencing, or introducing any statements, based upon hearsay  discussions with healthcare providers.  *See* Fed. R. Evid. 802, 805 (double hearsay);  *Bradley v. Brotman*, 836 So. 2d 1129, 1135 (Fla. Ct. App. [4th Dist.] 2003) (citing, *inter alia*, Fed. R. Evid. 403).  Where such conversations involve unsupported medical conclusions and opinions, such evidence or argument also violates Rule 702 and 703.

**L.     The potential impact on pharmaceutical companies and/or the FDA, if any, of permitting state failure to warn claims to be asserted or of allowing a plaintiff in such a case to prevail.**

Defendants are likely to argue that permitting state failure to warn claims, such as this one, to be asserted has the following effects: (1) causes or pressures drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits; (2) undercuts the FDA's mission to provide only scientifically valid warnings; (3) frustrates the FDA's protective regime; and (4) that too many warnings of serious injuries will dilute the effectiveness of warnings generally. Such "evidence," if any, and argument is highly subjective, constitutes unsupported speculation and is too remote, is likely to involve matters outside the record, including hearsay and double hearsay, and is in the nature of telling the jury the consequences of its verdict.  In addition, appeals to

"community conscience" or collective self-interest are improper. *Westbrook,* 754 F.2d at 1239. For those reasons alone, such evidence or argument should be excluded. For many of the same reasons, it is not relevant to any matter in this action. *See* Fed. R. Evid. 402. Finally, no expert has been designated to testify on such matters which would require expert support. *See* Fed. R. Evid. 702, 703. Even if one had been designated, there is no indication that such conclusions and opinions would be scientifically or statistically reliable under *Daubert*. *Id.*

Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

**M.    The fees received and/or charged by Plaintiffs' experts for work in lawsuits involving drugs other than Seroquel and reference to them as "paid litigation experts" or the like.**

Defendants are likely to attempt to show that certain of Plaintiffs' experts have received substantial sums of money for work in other kinds of cases. While evidence of fees received in this case is arguably relevant to show potential bias, evidence relating to work in other cases involving other drugs has no probative value and is, therefore, irrelevant. Defense counsel may also attempt to refer to Plaintiffs' experts in prior trials as "paid litigation experts" or the like in an apparent attempt to make some distinction between these well-qualified physicians and what Defendants' term "real doctors." Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time. In particular, a holding otherwise would open the trial to all sorts of collateral evidence, including of the vast amounts of research funding certain defense experts had received from pharmaceutical defendants for work with other drugs.

8

**N.**     **That any Plaintiffs' counsel may have advertised for persons injured by the use of Seroquel or in any other manner.**

As this court is perhaps best aware, millions of Seroquel prescriptions have been written. The fact that some attorneys may utilize their First Amendment right to advertise is irrelevant in this matter and introduction of such matters before the jury would be so prejudicial as to likely cause a mistrial. For these reasons, any such reference should be excluded under Rules 402 and 403.

Under Fed. R. Evid. 403, even if such evidence or argument is relevant, its minuscule probative value is vastly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time.

**O.**     **That FDA approval of Seroquel means that AstraZeneca met its standard of care and/or fulfilled its duty to warn as a matter of law.**

The Court should exclude or limit any evidence or argument that FDA approval of Seroquel means that Defendants met their standard of care and/or fulfilled their duty to warn as a matter of law. This is not a correct statement of Florida law as, for example, Florida has not adopted the FDA standards as its own. AstraZeneca is entitled to tell the jury that its drug was approved by the FDA; however, it is not entitled to suggest that such approval has legal significance beyond that which it actually has. Otherwise, confusion of the issues and misleading the jury, clearly the intent of such arguments, would result. For these reasons, any such reference, inference or suggestion should be excluded.

In the event this Court does not exclude and/or limine such matters, then Plaintiff requests that a limiting instruction as to its proper use be given upon its admission and each and every time thereafter as such a reference is made pursuant to Fed. R. Evid. 105.

**P.**     **Jury consultants.**

Defendant may refer to the use, identity or presence of jury consultants assisting Plaintiff. Such reference is improper because it is irrelevant and potentially unduly prejudicial.

**Q.**     **Settlement, negotiations or the lack thereof.**

Mentioning or referencing any settlement demands, offers, negotiations, or the fact that AstraZeneca allegedly does not engage in them is irrelevant and improper. *See* Fed. R. Evid. 408.

**R.**     **Stipulations.**

Mentioning or referencing the refusal of either party to enter into a stipulation prior to trial or otherwise seeking any stipulation from counsel in the presence of the jury is impermissible and should be excluded.

**S.**     **Motions to exclude or in limine.**

The filing of this motion, its contents, other such motions and their contents, and any agreements or proceedings in connection with this motion or reference to any such matter would be irrelevant and unduly prejudicial.

**T.**     **Product labeling and other evidence of drugs other than Seroquel taken by Plaintiffs.**

Defendants may attempt to introduce evidence and make reference to the warning labels accompanying other prescription drugs Plaintiffs took.  Defendants questioned Plaintiffs at length in their depositions regarding the other prescriptions drugs that Plaintiffs had taken over periods of several years, if not decades.  Such drugs were prescribed for and/or provided to Plaintiffs by their physicians.  Florida has adopted a learned intermediary doctrine.  Thus, Plaintiffs' knowledge and understanding, if any, of risks associated with other drugs and other warnings addressed to physicians is irrelevant.  Equally important, even if relevant, the microscopic probative value, if any, of such

evidence is vastly outweighed by the potential for undue prejudice, confusion as to the standard of care and Plaintiffs' role therewith, and misleading the jury.

Each drug is different and a physician makes his or her decision to use a drug based upon a balance of safety, efficacy and need.  Thus, the fact that Plaintiffs may use other drugs that include a warning similar to the one Seroquel should have had is not relevant to their prescribers' decisions to prescribe Seroquel for them.  To allow such evidence to be admitted, evidence which could be highly prejudicial, confusing and misleading, would require that Plaintiffs be permitted to show what ameliorative measures Plaintiffs' medical providers have taken to address the issues raised by such warnings, what circumstances have changed, what the new drug is needed for and all of the factors that went into the balance reached by the prescriber with respect to the other drug.  Such evidence should be excluded under Rule 402 and 403.

Moreover, such evidence may be admitted, if at all, only with the ordinary scientific indicia of reliability under *Daubert.*

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that the foregoing evidence and argument be excluded or, at a minimum, that a limiting instruction be issued as to its proper use upon its admission and each and every time thereafter as such reference is made pursuant to Fed. R. Evid. 105.

DATED:  January 13, 2009                    Respectfully submitted


                                            By:    /s/ Fletcher V. Trammell
                                                   F. Kenneth Bailey Jr.
                                                   K. Camp Bailey
                                                   Fletcher V. Trammell
                                                   Robert W. Cowan
                                                   **BAILEY PERRIN BAILEY**

440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile
kbailey@bpblaw.com
cbailey@bpblaw.com
ftrammell@bpblaw.com
rcowan@bpblaw.com
**Co-Lead Counsel for Plaintiffs**

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that pursuant to L.R. 3.01(g), I conferred with counsel for Defendants on January 12, 2009 regarding the substance of this Motion.  Defense counsel responded that they were unable to state that they agreed or were opposed to the Motion until they had the opportunity to review the Motion's substance, and indicated that they would review their position after viewing the filing.

/s/  Robert W. Cowan
Robert W. Cowan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2009, I electronically filed the foregoing: PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO CERTAIN ISSUES AND/OR REQUEST FOR LIMITING INSTRUCTIONS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/  Robert W. Cowan
Robert W. Cowan

## CM/ECF SERVICE LIST
(Updated April 2, 2008)

In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 – Orlando – 22DAB

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen Pharm.<br>Products and Johnson & Johnson Co.*** |

| | |
|---|---|
| Robert L. Ciotti<br>Chris S. Coutroulis<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>**Counsel for Defendants AstraZeneca**<br>**Pharmaceuticals, L.P, and AstraZeneca** | Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**_Counsel for Defendant, Marguerite Devon French_** |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |

16

| | |
|---|---|
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>elliot.gardner@dechert.com<br>gretchen.sween@dechert.com<br>iliano.guerrero@dechert.com<br>Amanda.lanham@dechert.com<br>Christina.keddie@dechert.com<br>Elizabeth.kimmelman@dechert.com<br>Nathaniel.bessie@dechert.com<br>Margaret.osborne@dechert.com<br>Brennan.torregrossa@dechert.com<br>Elliot.walker@dechert.com<br>Stephen.mcconnell@dechert.com<br>***Counsel for Defendant AstraZeneca Ph.*** |

17

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP<br>and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>***Plaintiff's Lead Counsel*** |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>**Plaintiffs' Liaison Counsel** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN 55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

**NON-CM/ECF SERVICE LIST**

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |

| | |
|---|---|
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH  44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY  42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN  55402 | John Hawkins |
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |
| Gary Thomas Iscoe | Janssen, L.P. |

| | |
|---|---|
| Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |
| Brenda Rice | Evelyn Rodriguez |

|  |  |
|---|---|
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |
| James J. Walker<br>Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Seth Webb<br>Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |