UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to:

*Linda Guinn*, No. 6:07-CV-10291

*Janice Burns*, No. 6:07-CV-15959

*Richard Unger*, No. 6:07-CV-15812

*Connie Curley*, No. 6:07-CV-15701

*Linda Whittington*, No. 6:07-CV-10475

*Eileen McAlexander*, No. 6:07-CV-10360

*David Haller*, No. 6:07-CV-15733

MDL DOCKET NO:

6:06-MDL-1769-ACC-DAB

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT FOREIGN SEROQUEL LABELS AND FOREIGN REGULATORY ACTIONS**

Plaintiffs in the above-captioned MDL proceeding hereby respond in opposition to the Motion *in Limine* to Exclude Evidence and Argument about Foreign Seroquel Labels and Foreign Regulatory Actions (Doc. 1201, the "Motion") filed by Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca" or the "Company").

**I.**
**SUMMARY OF RESPONSE**

AstraZeneca's Motion attempts to convolute otherwise simple issues of "notice" and "scienter" arising from Seroquel's serious hazards identified by foreign regulatory agencies in 2000-2002 and 2004.  It is undisputed that the pivotal issues in these cases include:

- whether AstraZeneca failed to warn of risks of Seroquel that were known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time Plaintiffs ingested Seroquel;

- whether AstraZeneca failed to exercise reasonable care in marketing and selling Seroquel without an adequate warning; and

- with respect to AstraZeneca's misrepresentation claims, whether AstraZeneca knew or should have known that the representations it made were false, or whether it acted in reckless disregard of their truth or falsity and/or omitted information that made other statements misleading.

The 2002 Japanese Dear Doctor Letter,[1] the 2005 French government's denial of permission to market Seroquel in that country,[2] and the 2000-2001 Dutch regulatory authority's request that AstraZeneca add warning language to Seroquel's European label regarding hyperglycemia and diabetes[3]—occurring during the relevant times that Plaintiffs ingested Seroquel—demonstrate AstraZeneca's notice and knowledge of serious hazards reasonably associated with Seroquel.  They are also probative of AstraZeneca's reaction to that notice and knowledge, especially in view of the company's communications with FDA during the same time periods and its continuing position that there exists *no* evidence of a causal association between Seroquel and glucose dysregulation, hyperglycemia, and/or diabetes.  The Court may alleviate any issues of alleged jury confusion (or unfair prejudice or wasted time) through an appropriate and simple limiting instruction that the Japanese, French, and Dutch "warning" standards are different from the legal standard applicable to this case under Florida law.  AstraZeneca's motion should be denied.

---

[1]   *See* Pls.' Omnibus Legal Mem. Resp'g in Opp'n to Defs.' Summ. J. Mot. at 25-28 and accompanying referenced notes and exhibits, which are incorporated herein by reference.  Because of the claimed confidential nature of the documents referenced in this Response pursuant to the Protective Order (Doc. 478), Plaintiffs have simply incorporated those documents by reference to their earlier summary judgment briefing and exhibits.  If the Court desires for Plaintiffs to move to file under seal the precise exhibits referenced herein, they will do so promptly upon the Court's instruction.

[2]   *See id.* at 12 n.66 & Ex. 1, incorporated herein by reference.

[3]   *See* Pls.' Omnibus Legal Mem. Resp'g in Opp'n to Defs.' Summ. J. Mot. at 21-25 and accompanying referenced notes and exhibits, which are incorporated herein by reference.

## II.
## ARGUMENT AND AUTHORITIES

### A. **Standard.**

"The standard for what constitutes relevant evidence is a low one: evidence is relevant if it has '*any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. La Rosa*, 236 Fed. App. 584, 588 (11th Cir. 2007) (quoting Fed. R. Evid. 401) (emphasis added). All relevant evidence is admissible unless it is excluded under law. Fed. R. Evid. 402; *United States v. Rosin*, 263 Fed. Appx. 16, 30 (11th Cir. 2008). "Furthermore, determinations as to the relevancy of evidence are well within the broad discretion of the district courts and will not be disturbed on appeal absent a showing that the trial court abused its discretion." *United States v. Tinoco*, 304 F.3d 1088, 1121 (11th Cir. 2002) (internal quotation marks, brackets, and citation omitted). "Thus, when evidence is challenged solely on the ground that it is irrelevant, it is inadmissible only if it fails to meet the definition of Rule 401 – it must be without probative value as to *any* fact of consequence to the determination of the action." *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 267 (5th Cir. 1980) (emphasis added). "If it is relevant as to *any* issue, it is relevant to the action and is not inadmissible under Rule 402." *Id.*

Furthermore, under Federal Rule of Evidence 403, a court's "discretion to exclude evidence . . . is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (citations and internal quotations omitted). Rule 403 "favors admissibility of relevant evidence and should be invoked very sparingly to bar its admission," as "the rule permits the exclusion of relevant evidence only when its probative value is *substantially*

*outweighed* by the potential for undue harm." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1502 (11th Cir. 1985) (emphasis added); *see also United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir. 1984) ("Rule 403 is an extraordinary remedy . . . ."). The careful use of "substantially" demonstrates the emphasis placed on that balancing test, and the Rule's sparing use is advised because it "allows the court to exclude admittedly probative evidence." *United States v. Ross*, 33 F.3d 1507, 1524 (11th Cir. 1994). Under Rule 403, "[u]nfair testimony . . . is 'not to be equated with testimony simply adverse to the opposing party.'" *United States v. 0.161 Acres of Land in Birmingham, Ala.*, 837 F.2d 1036, 1041 (11th Cir. 1988) (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)). Slight prejudice is insufficient to warrant granting a motion in limine. *Gross v. Black & Decker (U.S.), Inc.*, 695 F.2d 858, 863 (5th Cir. 1983) (citing *United States v. Hearod*, 499 F.2d 1003 (5th Cir. 1974)). Given the weight and effect of the inclusion or exclusion of such evidence, it is difficult to make a pretrial determination on Rule 403 evidentiary issues without a substantive background. *See Hines v. Consol. R.R. Corp.*, 926 F.2d 262, 274 (3d Cir. 1991) ("Excluding evidence under Fed. R. Evid. 403 at the pretrial stage is an extreme measure.").

**B. Courts Have Not Uniformly Excluded Foreign Regulatory Evidence Under Rules 401 And 403.**

Contrary to AstraZeneca's suggestion, all courts are not in agreement that evidence related to foreign regulation of products that are the subject of American litigation should be excluded in every circumstance. In the *In re Rezulin Products Liability Litigation* MDL, defendants sought to exclude in a motion *in limine* all evidence, expert or otherwise, on the subject of foreign regulatory actions on the same bases that AstraZeneca seeks to exclude

similar evidence here.  *See* 309 F. Supp. 2d 531, 552 (S.D.N.Y. 2004).  That evidence included conclusions by such foreign agencies that Rezulin's risks outweighed its benefits and reports that other countries had withdrawn Rezulin from their markets in advance of the FDA doing so in the United States.  *Id.* at 551 n.73.  Yet, the Court found "no legal basis upon which now to rule . . . that testimony regarding foreign regulatory actions is irrelevant as a matter of law in a United States products liability case governed by American law."  *Id.* at 553.  "Any ruling as to the relevancy of otherwise admissible evidence concerning foreign regulatory actions therefore would be premature."  *Id.*[4]

Similarly, in *Blevins v. New Holland N.A., Inc.*, 128 F. Supp. 2d 952, 959 (D.W.V. 2001), defendant sought to exclude through a motion *in limine* plaintiff's expert's testimony as to "foreign safety standards" or "tests performed in the furtherance of such standards."  *Id.* The district court refused, stating:

> Without the nature and context of any testimony, and the foundation for it, I cannot exclude such testimony. It may or may not be admissible, but at this point I cannot make that determination. I know of no legal doctrine-nor has any been cited to me-that would make such evidence inadmissible *under any circumstances*. **Both engineering principles and human nature transcend national boundaries, and thus under certain circumstances proof of foreign standards may be relevant and helpful to a jury in determining the issues.**

*Id.* (emphasis added).  Therefore, the case law is, at best, mixed on the issue of relevance of foreign regulatory actions and policy.

---

[4]     The court did not address the argument regarding probative value of the evidence under Rule 403, as it determined the evidence could not be presented through the plaintiff's expert testimony because the testimony was lay matter, and excluded only the *expert testimony* thereon under Rule 702.  *Id.*  "[T]he challenged testimony rests on a set of non-technical factual allegations – specifically the actions taken or not taken by foreign regulators . . . with respect to Rezulin – that plaintiffs would use as springboards for arguments about defendant's conduct in the United States."  *Id.*

Furthermore, as the district court determined in *Sherry v. Massey Ferguson, Inc.*, No. 1:96-CV-76, 1997 WL 480893, at *1 (W.D. Mich. June 5, 1997), the probative value of such foreign regulatory evidence is not as a matter of law substantially outweighed by unfair prejudice, jury confusion, and the like. *Id.* at *1-2. Addressing the issues of notice and scienter in the design defect context, the district judge distinguished the *Deviner v. Electrolux Motor, AB* opinion that AstraZeneca claims to be controlling on this Court (Mot. at 1, 3), aptly writing:

> In support of their contention that clear precedent bars admission of the European design documents, defendants cite two cases. *See Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319 (6th Cir. 1992) (citing *Deviner v. Electrolux Motor, AB*, 844 F.2d 769 (11th Cir. 1988). In both *Hurt* and *Deviner*, the courts held that the district court did not err by refusing to admit evidence of foreign legal standards because evidence of such foreign requirements could lead to jury confusion. Neither case, however, held foreign legal standards were inadmissible as a matter of law, merely that declining to admit such evidence did not constitute an abuse of discretion. Neither case addressed whether the evidence was admissible on an issue such as [alternate design] feasibility. Moreover, in *Deviner*, the court expressly based its decision on the potential for jury confusion concerning the appropriate legal standard. *Id.* at 773.
>
> In addition, certain state courts also have addressed the appropriateness of admitting foreign designs in American product liability actions. In *Cantrell v. Hennessey Ind., Inc.*, 829 S.W.2d 875, 877 (Tex. App. 1992), *cert. denied* 508 U.S. 912, 113 S.Ct. 2347, 124 L.Ed.2d 256 (1993), the Texas Court of Appeals concluded that design information from foreign jurisdictions was relevant to plaintiff's design defect case. The court concluded that:
>
> [w]hether a safer design suitable for one machine is adaptable to another is a question of feasibility to be decided by the trier of fact, not a question to be resolved in ruling on discovery

> requests. Evidence of the actual use of, or availability of practical, safer alternatives is therefore relevant.

> *Id.* (citations omitted). Similarly, the Minnesota Court of Appeals concluded that the trial court committed no error in allowing testimony concerning the design of chain brakes in foreign jurisdictions, while excluding evidence of foreign legal standards:

> The court admitted testimony on current chain saw technology from around the world, but explained that while technology available in other jurisdictions is relevant, legal standards in other jurisdictions are not.

> *Tews v. Husqvarna, Inc.*, 390 N.W.2d 363, 367 (Minn. App. 1986).

> While I agree that evidence of European legal standards and requirements . . . will unnecessarily confuse the jury, plaintiffs have not at this time sought to introduce foreign legal standards. *Instead, plaintiffs contend that evidence of foreign tractor design is relevant to the feasibility of alternate tractor designs, **and potentially to defendants' knowledge** of such alternate designs. Evidence that an alternate tractor design was in production at the time of the subject tractor's manufacture unquestionably is relevant to the feasibility of plaintiff's design theory. Advertisement of such alternate designs may also be relevant to **defendants' knowledge** of such alternatives.*

*Sherry*, 1997 WL 480893, at *1 (emphasis added).

Identically here, Plaintiffs do not seek to introduce evidence of Japanese, French, or Dutch regulatory or legal standards. The documents Plaintiffs cite above,[5] however, are plainly relevant and probative of AstraZeneca's notice and knowledge of information that may lead a reasonable juror to believe that AstraZeneca misrepresented, or omitted, that information or failed to meet the standard of care relative to warning about Seroquel's risks

---

[5]     *See* notes 1-3 and accompanying text, *supra*.

at times material to Plaintiffs' cases.  That is particularly true in light of the standards

favoring admissibility under Rules 401 and 403 set forth above.  (*See* Resp., *supra* at 3-4.)

**C.      An Appropriate Limiting Instruction Minimizes Any Danger Of Jury Confusion Over Foreign Regulatory Standards.**

As noted above, *Deviner* did not exclude evidence of foreign regulatory or legal

standards as a matter of law.  844 F.2d at 773-74.  The United States Court of Appeals for the

Eleventh Circuit ("Eleventh Circuit") merely held that, by granting defendant's motion in

limine and excluding evidence of Swedish safety regulations pertaining to chain saws, the

"District Court's desire to avoid confusing the jury with Swedish law and statistics cannot

rightly be described as abuse of discretion . . . ." *Id.* at 773.  In any event, it appears from the

*Deviner* opinion that the district court *permitted* rebuttal evidence on those very same topics,

again without the Eleventh Circuit assigning any error:

> Error [as to the ruling on the motion in limine] in this instance
> would be harmless, ***as in cross-examination of witnesses there
> was considerable discussion of the diminution in number and
> severity of injuries in Sweden and Canada and the various
> possible reasons to explain the phenomena experienced in the
> logging industry of those countries.***  The trial court's broad
> discretion in admitting or excluding evidence was emphasized
> in *Nettles v. Electrolux Motor AB*, 784 F.2d 1574, 1580-81
> (11th Cir. 1986), citing Rule 403 FRE . . . .  That discretion
> was not abused in the case at bar.

*Deviner*, 844 F.2d at 774 (emphasis added).  Indeed, as AstraZeneca neglects to mention in

its Motion, the *Nettles* Eleventh Circuit opinion cited in *Deviner* had already reached

precisely the opposite conclusion that AstraZeneca advocates here:

> Electrolux also contends that the district court erred [regarding
> an] evidentiary ruling[].    Electrolux objected to Olof
> Goeransson's testimony that Swedish regulations required
> chain brakes on chain saws in 1978.  Electrolux argues that the

> testimony was irrelevant, highly prejudicial, and constituted reversible error. ***Nettles sought to show that Electrolux <u>knew first hand</u> that chain brakes were very beneficial. Olof Goeransson's testimony was relevant to that issue.***
>
> District courts are given discretion to determine when the benefits of such evidence outweighs the chance that confusion or prejudice will result from its introduction.  Fed. R. Evid. 403.  The district court in this case did not abuse its discretion.

*Nettles*, 784 F.2d at 1580.  Therefore, AstraZeneca's request for the Court to prospectively exclude evidence and argument regarding all foreign regulatory evidence is without supporting authority in this Circuit.

Finally, any claimed jury confusion based on actions taken by foreign regulatory agencies relative to Seroquel may be easily offset by an appropriate limiting instruction to the jury.  The jury may be instructed that the cited evidence and argument (notes 1-3, *supra*) are not offered as a standard for the jury to use to determine that a similar (or different) warning should have be given, and that the laws and regulations of those respective foreign countries is irrelevant to the jurors determination as to whether AstraZeneca provided physicians an adequate warning.   The jury may also be instructed that the only controlling law on the failure to warn issue and all Plaintiffs' claims is Florida law, over which the Court shall further instruct the jurors.  *See United States v. Cardenas*, 234 Fed. Appx. 892, 897-98 (11th Cir. 2007) (approving use of limiting instruction in context of inextricably intertwined factual and legal issues "to ensure there was no confusion regarding the purpose of the evidence"); *United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996) ("We presume that a jury follows the court's instructions.").   AstraZeneca's other claims of unfair prejudice are meritless because they are based upon the mere fact that the evidence is unfavorable.  *0.161*

*Acres of Land*, 837 F.2d at 1041 ("Unfair testimony . . . is 'not to be equated with testimony simply adverse to the opposing party.'" (quoting *Dollar*, 561 F.2d at 618)).   The Court should deny the Motion.

### III.
### CONCLUSION

For the foregoing reasons, AstraZeneca's Motion *in Limine* to exclude evidence and argument regarding so-called "irrelevant marketing activities" should be denied.

Respectfully submitted

By:      /s/ K. Camp Bailey
F. Kenneth Bailey Jr.
K. Camp Bailey
Fletcher V. Trammell
Robert W. Cowan
**BAILEY PERRIN BAILEY LLP**
440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile
kbailey@bpblaw.com
cbailey@bpblaw.com
ftrammell@bpblaw.com
rcowan@bpblaw.com
*Co-Lead Attorneys for Plaintiffs*

Richard N. Laminack
Thomas W. Pirtle
Buffy K. Martines
Laminack, Pirtle & Martines
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
(713) 292-2750 Telephone
(713) 292-2755 Facsimile
rickl@lpm-triallaw.com
tomp@lpm-triallaw.com
buffym@lpm-triallaw.com
*Lead Trial Counsel for Plaintiff*
*Linda Guinn*

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of January, 2009, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT FOREIGN SEROQUEL LABELS AND FOREIGN REGULATORY ACTIONS  with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

_____
/s/  Robert W. Cowan

**CM/ECF SERVICE LIST**
**(Updated April 2, 2008)**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 – Orlando – 22DAB**

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** |

| | |
|---|---|
| Robert L. Ciotti<br>Chris S. Coutroulis<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>**Counsel for Defendants AstraZeneca**<br>**Pharmaceuticals, L.P, and AstraZeneca** | Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com |

| | |
|---|---|
| | rbish@sls-law.com<br>***Counsel for Defendant, Marguerite Devon French*** |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000 |

| | |
|---|---|
| | Fred.magaziner@dechert.com |
| | Marjorie.shiekman@dechert.com |
| | shane.prince@dechert.com |
| | cheryl.inwek@dechert.com |
| | Eben.flaster@dechert.com |
| | elizabeth.balakhani@dechert.com |
| | michelle.kirscEh@dechert.com |
| | elliot.gardner@dechert.com |
| | gretchen.sween@dechert.com |
| | iliano.guerrero@dechert.com |
| | Amanda.lanham@dechert.com |
| | Christina.keddie@dechert.com |
| | Elizabeth.kimmelman@dechert.com |
| | Nathaniel.bessie@dechert.com |
| | Margaret.osborne@dechert.com |
| | Brennan.torregrossa@dechert.com |
| | Elliot.walker@dechert.com |
| | Stephen.mcconnell@dechert.com |
| | ***Counsel for Defendant AstraZeneca Ph.*** |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>***Plaintiff's Lead Counsel*** |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN  55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

## NON-CM/ECF SERVICE LIST

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |

| | |
|---|---|
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH  44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY  42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN  55402 | John Hawkins |

| | |
|---|---|
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |

| | |
|---|---|
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |

| | |
|---|---|
| James J. Walker<br>Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Seth Webb<br>Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |