## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**<br>This document relates to:<br>*Linda Guinn*, No. 6:07-CV-10291<br>*Janice Burns*, No. 6:07-CV-15959<br>*Richard Unger*, No. 6:07-CV-15812<br>*Connie Curley*, No. 6:07-CV-15701<br>*Linda Whittington*, No. 6:07-CV-10475<br>*Eileen McAlexander*, No. 6:07-CV-10360<br>*David Haller*, No. 6:07-CV-15733 | **MDL DOCKET NO:**<br>**6:06-MDL-1769-ACC-DAB** |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT DOCTOR MACFADDEN'S PERSONAL RELATIONSHIPS

Plaintiffs hereby file their Response in Opposition to Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca") Motion in Limine to Exclude Evidence and Argument About Doctor Macfadden's Personal Relationships ("Motion") (Doc. 1196), and would respectfully show the Court as follows:

### I.
### SUMMARY OF RESPONSE

AstraZeneca seeks to exclude evidence and argument about personal and/or sexual relationships between Dr. Wayne Macfadden ("Macfadden"), AstraZeneca's former United States Medical Director for Seroquel and the Director of Clinical Research in the CNS Therapeutic Area, and "certain women," who include a clinical researcher and author of publications clearly favorable to Seroquel, and a medical marketer responsible for promoting Seroquel through medical publications and other means.

While these relationships are not surprisingly a source of embarrassment for AstraZeneca, they are certainly relevant and highly probative evidence of one high level AstraZeneca employee's determination to exploit his sexual relationships with these women in order to elevate Seroquel's status in the prescribing medical community through supposedly "independent" publications of Seroquel safety and efficacy data. Moreover, the mere existence of these relationships calls into question the integrity of the scientific work product of those involved, and is particularly relevant in the context of AstraZeneca's efforts to tout itself as a responsible, scientific company whose primary concern is promoting patient safety by providing complete and well-balanced information about Seroquel to the prescribing medical community.

## II
## BACKGROUND

In order to fully understand the significance of Macfadden's position at AstraZeneca and the role the subject relationships played in the development and marketing of Seroquel, some background information is necessary. Since this issue first emerged through Plaintiffs' Motion to Compel Production of the Macfadden Documents (Doc. 441) and again in Defendants' Objection to Order Compelling Further Production of the Macfadden Documents and Motion to Vacate that Order (Doc. 537) and Plaintiffs Response to same (Doc. 572), Plaintiffs have taken multiple depositions, including those of Macfadden and the supervisor of one of the women at issue. These depositions, along with Macfadden's email correspondence with these women, which has become known as the "Macfadden Documents," alone provide ample evidence relevant to and probative of the issues in this litigation.

2

Macfadden served as AstraZeneca's U.S. Medical Director for Seroquel and the Director of Clinical Research in the Central Nervous System (CNS) Therapeutic Area beginning in 2001 until his termination in 2006.[1]  At least 90% of his time at AstraZeneca was devoted to Seroquel-related matters.[2]  Among his job responsibilities, Macfadden planned Seroquel clinical trials and reported on the results of those trials.[3]  He was the responsible clinical research physician and an author on the bipolar depression trials (BOLDER I and II), which resulted in the approval of Seroquel by the FDA in 2004 for the treatment of bipolar depression.[4]

As U.S. Medical Director for Seroquel, Macfadden was also engaged in the ongoing diabetes discussions at AstraZeneca.  He was consulted on strategy and decision-making regarding the monitoring of glucose in the Seroquel clinical trials.[5] In fact, after BOLDER I revealed elevated glucose levels in study participants, Macfadden changed the BOLDER II protocol in an effort to more accurately monitor blood glucose in study participants.[6] As the "physician at AstraZeneca with the most tenure on Seroquel," he signed the January 30, 2004 and April 22, 2004 "Dear Doctor" letters informing healthcare providers of the additional warning statement mandated by the FDA which described the increased risk of

---

[1]      Deposition of Dr. Wayne Macfadden ("MacFadden Dep.") at 34:3-13; 442:23-443:7; 447:17-449:4; 939:9-940:24 (Exhibit 1).  Because of this and other Exhibits referenced in this Motion are subject to the Protective Order in this case (Doc. 478), Plaintiffs have concurrently moved to file such Exhibits with the Court under seal.

[2]      *Id*. at 34:17-35:6 (Ex. 1).

[3]      *Id*. at 604:15-605:6 (Ex. 1).

[4]      *Id*. at 220:18-221:1; 342:24-343:5; 358:24-359:4; 990:4-6 (Ex. 1).

[5]      *Id*. at 273:10-274:6; 274:24-275:4 (Ex. 1).

[6]      *Id*. at 468:12-469:2 (Ex. 1).

hyperglycemia and diabetes associated with Seroquel.[7]

Macfadden was actively involved in the marketing and promotion of Seroquel and served on multiple commercial/marketing teams including the Seroquel Leadership Team, Brand Team, Commercial Team, and Bipolar Execution and Strategy Team ("BEST").[8]  In an effort to expand Seroquel prescribing beyond the field of psychiatry, MacFadden was consulted on the decision to market Seroquel to primary care physicians who treated patients with dementia.[9]  He also interacted with Key Opinion Leaders who were generally well-respected physicians chosen by AstraZeneca to promote Seroquel to their colleagues and the medical community at large.[10]

As Director of Clinical Research in the CNS Therapeutic Area, Macfadden engaged third parties in the United States and abroad to conduct clinical research involving Seroquel and its competitors.  One of these third parties was the Institute of Psychiatry (IOP) in London, a postgraduate institute of the University of London and a school of King's College London. While collaborating with IOP, Macfadden became involved in a sexual relationship with an IOP researcher who, as well as being involved in other Seroquel-related projects, participated in the clinical research and abstract preparation relating to the effectiveness of Seroquel for use in the treatment of schizophrenia.[11]  Their affair lasted from 2002 to 2006.[12]

---

[7]      *Id*. at 141:11-142:10; 144:7-144:16; 148:10-16 (Ex. 1).

[8]      Macfadden Dep. at 94:4-9; 97:3-15 (Ex. 1).

[9]      *Id*. at 178:23-179:12; 181:18-182:23184:10-186:7 (Ex. 1).

[10]      *Id*. at 154:22-156:10 (Ex. 1).

[11]      *Id*. at  870:20-873:1-23; 878:4-880:24; 894:2-10; 896:13-897:15; 898:11-899:1; 899:16-900:11; 911:13-912:15 (Ex. 1).

[12]      *Id*. at 914:2-5; 944:17-945:1 (Ex. 1).

During that time period, several of the IOP researcher's papers relating to the effectiveness of atypical antipsychotics in general and Seroquel in particular were published.[13]  The results of her research were presented at conferences attended by the medical community and were sent to U.S. physicians in response to Physician Information Requests (PIR).[14]

Macfadden also engaged third parties specializing in medical publishing to prepare and edit manuscripts reporting the results of the clinical studies which were ultimately published in various medical journals and to locate authors for those manuscripts.[15]  One of these "ghost writers" was Parexel MMS (Medical Marketing Services) ("Parexel").[16]  In addition to its publication responsibilities, Parexel organized advisory committees and prepared slide sets, posters and hand outs that were presented by AstraZeneca at medical conferences.[17]  Sometime during 2004, while collaborating with Parexel *and* while still involved in a sexual relationship with the IOP researcher, Macfadden became involved in a sexual relationship with the Parexel Program Manager responsible for AstraZeneca.[18]  Among her Seroquel-related responsibilities, the Parexel Project Manager was responsible for the "Seroquel global publications business," including the publication of BOLDER I and

---

[13]     *See* Exhibit 2 [MacFadden Dep. Ex. 54], Exhibit 3 [MacFadden Dep. Ex. 55], Exhibit 4 [MacFadden Dep. Ex. 56], and Exhibit 5 [MacFadden Dep. Ex. 57].  These documents are a sampling of the IOP researcher's articles on atypical antipsychotics and Seroquel.  Although these articles are published, they identify the IOP researcher by name. Therefore, Plaintiffs will seek leave to file these, as well as the other exhibits to the opposition, under seal.

[14]     Macfadden Dep. at 882:20-883:22; 885:11-886:1; 886:18-886:21; 887:24-888:13 (Ex. 1).

[15]     *Id*. at 983:2-19 (Ex. 1).

[16]     *Id*. at 97:16-98:4 (Ex. 1).

[17]     *Id*. at 306:11-24; 308:5-21 (Ex. 1).

[18]     *Id*. at 944:17-945:1; 979:17-980:1; 983:20-982:2 (Ex. 1).

II on which Macfadden was listed as an author.[19]   It was the BOLDER I and II studies that supported AstraZeneca's FDA registration for a bipolar depression indication.[20]   The term "publications" as used by Parexel, included not only scientific literature appearing in medical journals, but also posters and abstracts that are presented at medical conferences and medical association meetings.[21]   Thus, the Parexel Project Manager was responsible in part for communicating Seroquel efficacy and safety data to the medical community through multiple means.

## III.
## ARGUMENT & AUTHORITY

AstraZeneca seeks an order excluding evidence and argument relating to Dr. Macfadden's relationships on the grounds of relevance and unfair prejudice.  Both arguments fail for the reasons set forth below.

**A.**   **Macfadden's sexual relationships are relevant to the issues in this litigation.**

AstraZeneca suggests that Plaintiffs can point to no evidence suggesting the relationships affected the data of the integrity of clinical research and information disseminated, influence AstraZeneca's promotion of Seroquel, or influenced the plaintiffs or their prescribers.  (Mot. at 3).  This assumption is not only incorrect, but an improper attempt to elevate the relevance standard.

"The standard for what constitutes relevant evidence is a low one: evidence is

---

[19]      *Id.* at 229:11-14; 234:11-235:3; 236:22-237:8; 999:16-20) (Ex. 1).

[20]      Deposition of Jack Schwartz, AstraZeneca's Executive Director of Seroquel Development ("Schwartz Dep.") at 60:13-61:6 (Exhibit 6).

[21]      Deposition of Claudia Piano, Parexel MMS Group Director of Account Services ("Piano Dep.") at 26:11-27:6 (Exhibit 7).

relevant if it has '*any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  *United States v. La Rosa*, 236 Fed. App. 584, 588 (11th Cir. 2007) (quoting Fed. R. Evid. 401) (emphasis added).  All relevant evidence is admissible unless it is excluded under law.  Fed. R. Evid. 402; *United States v. Rosin*, 263 Fed. Appx. 16, 30 (11th Cir. 2008).  "Relevancy . . . exists only as a relation between an item of evidence and a matter properly provable in the case."  *Steger v. General Electric Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) (quoting Fed. R. Evid. 401 advisory committee notes) (internal quotation marks omitted).  "Furthermore, determinations as to the relevancy of evidence are well within the broad discretion of the district courts and will not be disturbed on appeal absent a showing that the trial court abused its discretion."  *United States v. Tinoco*, 304 F.3d 1088, 1121 (11th Cir. 2002) (internal quotation marks, brackets, and citation omitted).  "Thus, when evidence is challenged solely on the ground that it is irrelevant, it is inadmissible only if it fails to meet the definition of Rule 401 – it must be without probative value as to *any* fact of consequence to the determination of the action."  *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 267 (5th Cir. 1980).  "If it is relevant as to *any* issue, it is relevant to the action and is not inadmissible under Rule 402."  *Id.*

Plaintiffs specifically allege, *inter alia*, that AstraZeneca misrepresented Seroquel's effectiveness and safety through "communications including letters to the medical community, and medical literature disseminated . . . to physicians and the public . . . ."[22] Plaintiffs contend that AstraZeneca controlled and manipulated efficacy and safety data in an effort to make that data appear more favorable to Seroquel.  With the assistance of

---

[22]     Master Compl. ¶62 (Doc. 42).

researchers and medical marking companies such as Parexel, AstraZeneca exercised vast control over medical publications and the materials presented at medical conferences which were passed off as independent and unbiased.

Macfadden was charged, through his high-level job at AstraZeneca, with a position of public trust in that he was chiefly responsible for Seroquel-related research and development, and for communicating information generated from that work to doctors and the public. The women with whom Macfadden engaged in long-term sexual affairs were, at least in part, responsible for developing and publishing the very research that was ultimately used by Macfadden and AstraZeneca to promote Seroquel's safety and efficacy to physicians and patients.

The nature of their communications suggest a level of control and dependence between Macfadden and these women. The IOP researcher suggested that Macfadden would "punish" her if she even looked at studies that were favorable to Seroquel's competitors.[23] He actively encouraged her to conduct research the results of which would be favorable to Seroquel and AstraZeneca,[24] and promised sexual favors in exchange for intelligence on AstraZeneca's competitors.[25] In addition to his sexual involvement with the Parexel Program Manager, it appears he also provided her with prescription painkillers.[26] Thus, the applicable relevance analysis is not dissimilar to that in, for example, a *quid pro quo* sexual harassment lawsuit, though admittedly such theory involves entirely different legal claims than those

---

[23]     Macfadden Dep. at 948:4-951:16 (Ex. 1); *see* Exhibit 8 [Macfadden Dep. Ex. 63].

[24]     Macfadden Dep. at 904:4-911:3 (Ex. 1); *see* Exhibit 9 [Macfadden Dep. Ex. 59].

[25]     Macfadden Dep. at 914:22-916:11; 917:7-918:18 (Ex. 1); *see* Exhibit 10 [Macfadden Dep. Ex. 60].

[26]     MacFadden Dep. at 997:1-12; 1027:15-2028:15 (Ex. 1); *see* Exhibit 11 [Macfadden Dep. Ex. 79].

8

Plaintiffs assert.  In sexual harassment cases, sexual behavior evidence is not only relevant, it is admissible to determine the effect and influence of inappropriate sexual conduct on the workplace and workplace decision-making.  *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81-81 (1998) (noting that the real "impact of workplace behavior often depends upon a constellation of surrounding circumstances, *expectations*, and *relationships*") (emphasis added).  Thus, sexual relationship evidence is often relevant to whether such relationships improperly influenced decision-making.  *See, e.g., Kundak v. Chertoff*, No. SA-05-CV-0709 RF, 2006 WL 1751803, at *2 (W.D. Tex. June 20, 2006) (denying motion for protective order and permitting deposition of a government official where plaintiff claimed he was passed over for job promotion in part because of previous sexual relationship between the government official and a woman ultimately promoted to job plaintiff sought).  It is the aspect of personal control and dependence as seen in their correspondence that is relevant to the effect and influence of the inappropriate sexual conduct not only on their decision-making, but also on the reliability of their work product.

The Macfadden relationships are also relevant to the trustworthiness of the information AstraZeneca was disseminating to the medical community.  It is well-established that physicians who prescribe pharmaceutical products rely in part on the safety and efficacy data published in the medical literature about those drugs. For this reason, an author of a scientific article is required to disclose any potential conflict of interest because such conflict may affect the trustworthiness of the article in the mind of the reader. While certainly understanding that pharmaceutical companies often sponsor research, physicians nevertheless expect the data to be presented in as unbiased and well-balanced manner as possible.  Indeed, it is incumbent upon pharmaceutical to provide unbiased and well-balanced information so

that prescribing physicians have all the necessary information to protect their patients.

There is no doubt that Macfadden's relationships were never disclosed to the FDA or the medical community, though Macfadden agreed that sexual relationships between clinical researchers and management members of pharmaceutical companies can create bias which can affect the integrity of the science.[27]  Macfadden also acknowledged that sexual relationships can affect a person's judgment.[28]  Although Macfadden denies that *his* multiple sexual relationships with these women created a conflict of interest,[29] he in fact teased the IOP researcher about the obvious conflict of interest as he reviewed drafts of her papers on Seroquel.[30]  Furthermore, AstraZeneca clearly acknowledged the inappropriateness of the relationships when, upon their discovery of his personal correspondence with these women, Macfadden was "given the opportunity to resign."[31]

The Parexel Project Manager's supervisor also testified that a personal relationship between Parexel employee involved on Seroquel projects and AstraZeneca employee could clearly cause a conflict of interest.[32]  For that reason, Parexel maintains a policy against such relationships.[33]  She was unaware of the sexual affair between Macfadden and the Project

---

[27]     Macfadden Dep. at 927:6-24 (Ex. 1).

[28]     *Id*. at 946:19-947:4 (Ex. 1).

[29]     *Id*. at 461:9-462:2; 801:5-802:3. Macfadden has admitted to additional sexual affairs with a clinical researcher assistant at AstraZeneca, (*id*. at 945:2-946:4), and a clinical researcher in California also involved in Seroquel clinical trials. (*id*. at 1024:9-23) (Ex. 1).

[30]     Macfadden Dep. at 928:13-931:18 (Ex. 1); *see* Exhibit 12 [Macfadden Dep. Ex. 62]; Macfadden Dep., 959:21-964:22; *see* Exhibit 13 [Macfadden Dep. Ex. 66].

[31]     Macfadden Dep. at 442:23-443:7; 447:17-449:4; 939:9-940:24 (Ex. 1).

[32]     Piano Dep. at 188:24-189:9; 204:11-18 (Ex. 7).

[33]     *Id*. at 204:19-21 (Ex. 7).

Manager but acknowledged that the relationship was inappropriate.[34]  She further testified that Macfadden's credibility is certainly called into question by his behavior and that she also would have fired him.[35]  At the very least, this evidence suggests that Macfadden and these women concealed an enormous conflict of interest that could have affected physicians' reliance on the efficacy and safety information they received about Seroquel.

This evidence is also relevant to the claims of AstraZeneca representatives that their primary concern was patient safety and that Seroquel efficacy and safety information provided to prescribing physicians, whether through sales representatives, scientific publications or other materials presented at medical conferences, was comprehensive and well-balanced.  In this case, where the jury will undoubtedly hear such testimony from AstraZeneca's witnesses and similar argument from AstraZeneca's attorneys, the jury is unequivocally also entitled to hear the surrounding circumstances, expectations, and relationships that may have influenced, and possibly compromised, decision-making relative to Seroquel and information communicated to the medical community about the drug.

Moreover, ultimately the precise nature of the relationships may be admissible to assess the credibility of Macfadden's testimony in deposition and at trial in terms of bias and prejudice.  As Judge Weinstein aptly put it:

> [S]howing the witness to be biased rests on two assumptions:
> (1) that certain relationships and circumstances impair the
> impartiality of a witness, and (2) that a witness who is not
> impartial may, consciously or otherwise, shade his or her
> testimony in favor of or against a party. *Since bias of a witness
> is always significant in assessing credibility,* ***the trier of fact
> must be sufficiently informed of the underlying relationships,***

---

[34]     *Id*. at 204:22-205:3; 205:15-206:22 (Ex. 7).

[35]     *Id*. at 209:8-19 (Ex. 7).

> *circumstances, and influences operating on the witness to*
> *determine whether a modification of testimony reasonably*
> *could be expected as a probable human reaction.*

*Behler v. Hanlon*, 199 F.R.D. 553, 557 (D. Md. 2001) (quoting 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 607.04[1] (2d. ed.1997)) (emphasis added). Plaintiffs intend to play potions of Macfadden's videotaped deposition for the jury. The evidence of the Macfadden's relationships with the supposedly independent researchers and the woman responsible for communicating Seroquel safety and efficacy data to the U.S. medical community and public bear on Macfadden's credibility as a witness.

Because the evidence of Macfadden's relationships tends to make the existence of facts of consequence more probable—e.g., that AstraZeneca misrepresented Seroquel's effectiveness and safety, in part, through Macfadden's control over Seroquel clinical research and the content of resulting publications which were ultimately disseminated to physicians and the public—the evidence is relevant, and AstraZeneca's Motion should be denied.

**B.** **The probative value of Macfadden's relationships substantially outweighs the potential for undue harm.**

The Court should also reject AstraZeneca's alternative argument that evidence of Macfadden's relationships should be excluded under Federal Rule of Evidence 403. A court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (citations and internal quotations omitted). Rule 403 "favors admissibility of relevant evidence and should be invoked very sparingly to bar its admission," as "the rule permits the exclusion of relevant evidence only when its probative value is *substantially outweighed* by the potential for undue harm." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1502 (11th Cir. 1985) (emphasis added); *see also United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir. 1984) ("Rule 403

12

is an extraordinary remedy . . . .").  Under Rule 403, "[u]nfair testimony . . . is 'not to be equated with testimony simply adverse to the opposing party.'"  *United States v. 0.161 Acres of Land in Birmingham, Ala.*, 837 F.2d 1036, 1041 (11th Cir. 1988) (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)).  Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403.

Moreover, slight prejudice is insufficient to warrant granting a motion in limine. *Gross v. Black & Decker (U.S.), Inc.*, 695 F.2d 858, 863 (5th Cir. 1983) (quoting *United States v. Hearod*, 499 F.2d 1003 (5th Cir. 1974)).  Given the weight and effect of the inclusion or exclusion of such evidence, it is difficult to make a pretrial determination on Rule 403 evidentiary issues without a substantive background.  *See Hines v. Consol. R.R. Corp.*, 926 F.2d 262, 274 (3d Cir. 1991) ("Excluding evidence under Fed. R. Evid. 403 at the pretrial stage is an extreme measure.").

The cases cited by AstraZeneca are completely dissimilar the facts of the present case do not advance their argument that evidence Macfadden's relationships would be unfairly prejudicial.  In *Williams v. City of Kansas City, Mo.*, 223 F.3d 749 (8th Cir. 2000), a stock clerk employed by the Kansas City Public Works Department brought a sexual harassment suit against her supervisor.  The court excluded evidence of the clerk's prior affairs with customers as being not probative of whether the plaintiff would seek an affair with a co-worker.  *Id.* at 755.  In *Stahl v. Sun Microsystems, Inc.*, 19 F3d. 533 (10th Cir. 1994), the appellate court confirmed the district court's exclusion of evidence of a sexual affair between the plaintiff's supervisor and that supervisor's assistant because the relevance to *credibility* of the supervisor was only slight.  *Id.* at 539 (emphasis added). In *Monotype Corp. PLC v. Intl.*

13

*Typeface Corp.*, 43 F.3d 443 (9th Cir. 1994), a breach of contract case brought by a typeface machine manufacturer against a typeface design promoter, the appellate court affirmed the district court's order excluding from evidence an email sent by a third party which contained a derogatory term used to describe an employee of the plaintiff.  *Id*. at 450.

In the present case, for the reasons explained above, the probative nature of the Macfadden relationships far surpasses the evidence excluded in the above cases.  Moreover, Plaintiffs are not arguing relevance of the MacFadden relationships only in terms of credibility and are not seeking to admit the Macfadden documents simply because they contain salacious material that will inflame the jury.  Rather, Plaintiffs assert that the relationships affected the judgment of the persons involved which in turn compromised the information that was ultimately disseminated to physicians who are responsible for treating the mentally ill.   Any embarrassing effect felt by AstraZeneca or its former U.S. Medical Director for Seroquel hardly reaches the level of "unfair" under these circumstances.  In this case, Rule 403 clearly favors the admissibility of this evidence.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Court should deny Defendants' Motion in Limine to Exclude Evidence and Argument About Doctor Macfadden's Personal Relationships.

Respectfully submitted

By: _____/s/ K. Camp Bailey_____
           F. Kenneth Bailey Jr.
           K. Camp Bailey
           Fletcher V. Trammell
           Robert W. Cowan
           **BAILEY PERRIN BAILEY LLP**
           440 Louisiana St., Suite 2100
           Houston, Texas 77002
           (713) 425-7100 Telephone
           (713) 425-7101 Facsimile
           kbailey@bpblaw.com
           cbailey@bpblaw.com
           ftrammell@bpblaw.com
           rcowan@bpblaw.com
           *Co-Lead Attorneys for Plaintiffs*

           Richard N. Laminack
           Thomas W. Pirtle
           Buffy K. Martines
           Laminack, Pirtle & Martines
           5020 Montrose Blvd., 9th Floor
           Houston, Texas 77006
           (713) 292-2750 Telephone
           (713) 292-2755 Facsimile
           rickl@lpm-triallaw.com
           tomp@lpm-triallaw.com
           buffym@lpm-triallaw.com
           *Lead Trial Counsel for Plaintiff*
           *Linda Guinn*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2009, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT DOCTOR MACFADDEN'S PERSONAL RELATIONSHIPS  with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

           /s/  Robert W. Cowan_____

## CM/ECF SERVICE LIST
### (UPDATED APRIL 2, 2008)

### IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION
### MDL DOCKET NO. 1769 – ORLANDO – 22DAB

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** |
| Robert L. Ciotti | Mary B. Cotton |

| | |
|---|---|
| Chris S. Coutroulis<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>***Counsel for Defendants AstraZeneca***<br>***Pharmaceuticals, L.P, and AstraZeneca*** | John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Counsel for Defendant, Marguerite Devon*** |

|  | *French* |
|---|---|
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com |

|  | Marjorie.shiekman@dechert.com |
|  | shane.prince@dechert.com |
|  | cheryl.inwek@dechert.com |
|  | Eben.flaster@dechert.com |
|  | elizabeth.balakhani@dechert.com |
|  | michelle.kirscEh@dechert.com |
|  | elliot.gardner@dechert.com |
|  | gretchen.sween@dechert.com |
|  | iliano.guerrero@dechert.com |
|  | Amanda.lanham@dechert.com |
|  | Christina.keddie@dechert.com |
|  | Elizabeth.kimmelman@dechert.com |
|  | Nathaniel.bessie@dechert.com |
|  | Margaret.osborne@dechert.com |
|  | Brennan.torregrossa@dechert.com |
|  | Elliot.walker@dechert.com |
|  | Stephen.mcconnell@dechert.com |
|  | ***Counsel for Defendant AstraZeneca Ph.*** |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>***Plaintiff's Lead Counsel*** |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL 32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN 55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

## NON-CM/ECF SERVICE LIST

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |

| | |
|---|---|
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH  44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY  42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN  55402 | John Hawkins |

| | |
|---|---|
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |

| | |
|---|---|
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |

| | |
|---|---|
| James J. Walker<br>Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Seth Webb<br>Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |