**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION** <br> This document relates to: <br><br> *Linda Guinn*, No. 6:07-CV-10291 <br> *Janice Burns*, No. 6:07-CV-15959 <br> *Richard Unger*, No. 6:07-CV-15812 <br> *Connie Curley*, No. 6:07-CV-15701 <br> *Linda Whittington*, No. 6:07-CV-10475 <br> *Eileen McAlexander*, No. 6:07-CV-10360 <br> *David Haller*, No. 6:07-CV-15733 | **MDL DOCKET NO:** <br> **6:06-MDL-1769-ACC-DAB** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT GHOSTWRITING**

The above-listed Plaintiffs submit their Response in Opposition ("Response") to the Motion *in Limine* (Doc. 1197, the "Motion") to exclude evidence and argument about alleged ghostwriting filed by Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca" or the "Company"), and would respectfully show the Court as follows:

**I.**
**SUMMARY OF RESPONSE**

Although it has failed to identify a single document or exhibit to which its requested relief would pertain, AstraZeneca seeks to preclude crucial evidence supporting numerous claims by Plaintiffs claims regarding AstraZeneca's intentional misrepresentations, as evidenced through the creation and/or sponsorship of ghostwritten publications and other literature related to non-medically necessary uses of Seroquel and the safety and efficacy of Seroquel compared to first generation antipsychotics and other atypical antipsychotics.  Contrary to AstraZeneca's conclusory assertion that ghostwriting is a common practice in the industry and therefore

1

appropriate, ghostwriting is, in reality, a spurious tool employed by AstraZeneca in its fraudulent manipulation of clinical trials' and studies' data through seemingly independent and credible articles.  Evidence of this fraudulent practice is both relevant and necessary to the prosecution of Plaintiffs' claims, *inter alia*, for damages for AstraZeneca's scheme to maximize sales and profits at the expense of consumer safety.  Evidence of unethical conduct in clinical trials reporting, for example, is relevant to show that AstraZeneca's decisions regarding the safety and efficacy of Seroquel and related trial participants were unduly based on marketing outcomes and complicit with the suppression of negative data.

In addition, AstraZeneca suggests that such evidence is irrelevant because ghostwriting has no connection to the prescribing decisions pertinent to Plaintiffs' cases.  That argument conceals from the Court the fact that, through ghostwriting, AstraZeneca was able to bury unfavorable trial data regarding Seroquel and, in turn, market Seroquel in an unduly (and dangerously) favorable light to the medical community at large.  Seroquel prescribers were, therefore, improperly influenced in their prescribing decisions with respect to Seroquel.  Such evidence of AstraZeneca's conduct in this regard is also relevant to Plaintiffs' claims that AstraZeneca knew of the dangerous side effects associated with Seroquel but nevertheless sought to suppress such negative data borne from clinical trials, as well as to Plaintiffs' claims that AstraZeneca failed to warn of the serious and life-threatening illnesses associated with Seroquel ingestion.

For the reasons outlined herein, the Court should deny AstraZeneca's Motion in its entirety and reserve rulings on specific evidence for trial.

## II.
## ARGUMENT & AUTHORITIES

**A.**    <u>**Standard.**</u>

 "The standard for what constitutes relevant evidence is a low one: evidence is relevant if it has '*any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. La Rosa*, 236 Fed. App. 584, 588 (11th Cir. 2007) (quoting Fed. R. Evid. 401) (emphasis added).  All relevant evidence is admissible unless it is excluded under law.  Fed. R. Evid. 402; *United States v. Rosin*, 263 Fed. Appx. 16, 30 (11th Cir. 2008).  "Furthermore, determinations as to the relevancy of evidence are well within the broad discretion of the district courts and will not be disturbed on a appeal absent a showing that the trial court abused its discretion." *United States v. Tinoco*, 304 F.3d 1088, 1121 (11th Cir. 2002) (internal quotation marks, brackets, and citation omitted).  "Thus, when evidence is challenged solely on the ground that it is irrelevant, it is inadmissible only if it fails to meet the definition of Rule 401 – it must be without probative value as to *any* fact of consequence to the determination of the action." *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 267 (5th Cir. 1980).  "If it is relevant as to *any* issue, it is relevant to the action and is not inadmissible under Rule 402." *Id.*

A court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (citations and internal quotations omitted).  Rule 403 "favors admissibility of relevant evidence and should be invoked very sparingly to bar its admission," as "the rule permits the exclusion of relevant evidence only when its probative value is *substantially outweighed* by the potential for undue harm." *Hendrix v. Raybestos-Manhattan, Inc.***,** 776 F.2d 1492, 1502 (11th Cir. 1985) (emphasis added); *see also*

*United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir. 1984) ("Rule 403 is an extraordinary remedy . . . ."). Under Rule 403, "[u]nfair testimony . . . is 'not to be equated with testimony simply adverse to the opposing party.'" *United States v. 0.161 Acres of Land in Birmingham, Ala.*, 837 F.2d 1036, 1041 (11th Cir. 1988) (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)).

Likewise, an *in limine* ruling is proper only where the category of evidence at issue is precisely defined. *See United States v. Rosenthal*, 793 F.2d 1214, 1237 (11th Cir. 1986) (upholding the trial court's denial of motion in limine that was too broad, where subject matter that movant sought to exclude was undefined). Requests for non-specific relief by a motion *in limine*, seeking the exclusion of a broad class of evidence generally, as opposed to objectionable documents or exhibits specifically, should be denied as a court cannot practically rule that it will bar some hypothetical category of evidence without having seen the evidence at issue. *See United States v. Posner*, 594 F. Supp. 923, 927-28 (S.D. Fla. 1984) (denying motion in limine as premature where court could not make determination as to the admissibility of the evidence prior to knowing whether the witness would testify at trial); *United States v. Feola*, 651 F. Supp. 1068, 1129 (S.D.N.Y. 1987) ("It would be improper for this Court to speculate as to the circumstances that might surround the introduction of this evidence at trial, specifically, the adequacy of the foundation, . . . the probative value weighed against the potential prejudicial impact in light of the evidence presented, and the purpose for which such a statement will be introduced at the time."), *aff'd*, 875 F.2d 857 (2d Cir. 1989), *cert. denied*, 493 U.S. 834 (1989).[1]

---

[1]  *See also United States v. Hickerson*, 732 F.2d 611, 613 (7th Cir. 1984) (holding limine motion that "was far too broad to pinpoint the objectionable . . . evidence" did not preserve objection for appeal); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, C-10-110-MWB, 2009 WL 88357, at *16 ("Notwithstanding the parties' heated dispute about the admissibility of [plaintiff's marketing materials], the court finds that it cannot determine at this time whether any of the challenged evidence is admissible. The parties have not provided the court . . .with copies of any of the . . . marketing materials at issue."); *Dahlgren v. Muldrow*, No. 1:06-CV00065-MP-AK, 2008 WL

**B.**     **Evidence Of AstraZeneca's Ghostwriting Practices Is Relevant.**

Plaintiffs have alleged that AstraZeneca affirmatively misled the healthcare profession as a whole, including Plaintiffs' prescribing healthcare providers, about the risks associated with its prescription drug, Seroquel.  Any evidence showing that AstraZeneca exerted its control so as to improperly influence the content of published articles or other literature relating to the safety or efficacy of Seroquel is plainly relevant to Plaintiffs' claims that AstraZeneca failed to warn of known safety risks related to Seroquel.

*1.     Plaintiffs' prescribers reviewed and relied on ghostwritten literature.*

Contrary to AstraZeneca's assertions, its own sales call notes pertaining to Plaintiffs' prescribing physicians evidence AstraZeneca's use of ghostwritten literature in the deliberate influence of Plaintiffs' physicians' prescribing habits.  Through their sales force, AstraZeneca meticulously detailed each Seroquel prescriber on the purported benefits and weight neutral profile of Seroquel with the aid of articles, other literature and related reprints ghostwritten either in whole or in part.

In most instances, such authorship was facilitated by third party medical marketing firms, such as Parexel and Complete Healthcare Communications, Inc. ("CHC").  For example, former and current employees of AstraZeneca have testified that Parexel prepared manuscripts for

---

186641, at *5 (N.D. Fla. Jan. 18, 2008) ("While the Court agrees with the general proposition stated by Plaintiff [that third-party hearsay statements in police reports must fall within a hearsay exception to be admissible], because no specific hearsay statement has been identified, Plaintiff's motion in limine must be denied."); *St. Cyr v. Flying J Inc.*, 3:06-CV-13-J-33TEM, 2007 WL 2696791, at *2 (M.D. Fla. Sept. 12, 2007) (denying corporate defendant's motion in limine to prevent plaintiffs' reference to defendant's "size" at trial; "Defendant has cast its net too broad . . . . [A]n order barring reference to Defendant's size would be difficult to enforce and would potentially bar Plaintiffs from presenting relevant and probative evidence."); *Bismark v. Lang*, No. 2:02CV556-FTM-29SPC, 2006 WL 709521, at *2 (M.D. Fla. Mar. 17, 2006) ("The request to preclude plaintiff's testimony as to matters within boundaries of expert testimony is not specific enough for the Court to grant on an in limine basis.").

Further, the Court has already prohibited objections to exhibits *by category* in its Order of Dec. 24, 2008 (Doc. 1187).

AstraZeneca having first generated data gap analyses, focusing not on the clinical data but on the existing literature to determine what was needed.[2]  Drafts were circulated to purported authors for their comment and review.[3]  Ultimately, the literature generated by Parexel was used in marketing and promotional activities.[4]  In turn, Plaintiffs' physicians were influenced to prescribe Seroquel more often and at dangerously high doses.  In detailing Plaintiff Guinn's, Burns' and Whittington's prescribers on the benefits of Seroquel, for example, AstraZeneca's sales representatives employed literature purportedly authored by Dr. Henry Nasrallah but in reality drafted either in whole or in part by CHC as a marketing tool on AstraZeneca's behalf.[5]  Similarly, in detailing Plaintiff Unger's, Curley's and McAlexander's prescribers, AstraZeneca's sales representatives used literature purportedly authored by Dr. Michael Reinstein that was in

---

[2]      *See* Deposition of Wayne McFadden ("McFadden Dep.") at 306:16-17, permission to file under seal as Exhibit A requested; *see also* Deposition of Jamie Mullen ("Mullen Dep.") at 591:10-13, 599:11-14; 600:18-19, 601:1-3, permission to file under seal as Exhibit B requested.  Because these and other Exhibits to this Response are covered by the Protective Order (Doc. 479), Plaintiffs have moved to file such Exhibits under seal concurrently with the filing of this Response.

[3]      *See* McFadden Dep. at 307:9-11 (Ex. A), permission to file under seal requested.

[4]      *See* Mullen Dep. at 591:10-13 (Ex. B), permission to file under seal requested.

[5]      *See* Nodal Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit C requested; Billingsley Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit D requested; Malcolm Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit E requested.
         In addition, the healthcare providers who prescribed Seroquel to Plaintiffs Guinn, Unger, Whittington and McAlexander were exposed to manipulated study data wherein full authorship was concealed in the Kasper reprint. In those instances, prescribers were induced to believe that Dr. Kasper had authored such literature despite the fact that AstraZeneca had commissioned its third party medical marketing contact, Parexel, to do the same.  (*See* Nodal Disclosure at Ex. A (Ex. C), permission to file under seal requested; Cabada Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit F requested; Malcolm Disclosure at Ex. A (Ex. E), permission to file under seal requested; Saleh Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit G requested; Inaganti Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit H requested.)  Likewise, literature purportedly authored by Dr. Arvanitis but in fact drafted by CHC-commissioned authors, was used to influence the prescribers of Plaintiffs Burns and Curley.  (*See* Billingsley Disclosure at Ex. A (Ex. D), permission to file under seal requested; Cases First Supplemental Disclosure at 1 and Exhibit A, permission to file under seal as Exhibit I requested.)  In addition, PRIZE study abstracts commissioned by AstraZeneca for CHC oversight with concealed authorship were employed to influence the prescribing habits of Plaintiff Guinn's and Burns' prescribers.  (*See* Nodal Disclosure at Ex. A (Ex. C), permission to file under seal requested; Billingsley Disclosure at Ex. A (Ex. D), permission to file under seal requested.)  Plaintiff Guinn's prescriber was exposed to similar QUEST study abstracts.  (*See* Nodal Disclosure at Ex. a (Ex. C), permission to file under seal requested.)

fact created either in whole or in part through CHC joint ventures for marketing purposes.[6]   In addition, Plaintiff Haller's prescribing healthcare providers were exposed to numerous articles and reports pertaining to Parkinson's disease as it relates to Seroquel treatment that were written either in whole or in part by CHC prior to AstraZeneca naming esteemed academics as authors.[7] Because Plaintiffs' prescribers were exposed to such literature in which risk/benefit analyses pertaining to Seroquel were manipulated so as to suppress negative study outcomes, Plaintiffs' prescribers could not have had adequate knowledge of the risks associated with Seroquel when determining Plaintiffs' course of treatment.

AstraZeneca's undue influence on the medical community's and physicians' choice of treatments has resulted in preventable harm in the cases of Plaintiffs.   For these reasons, evidence of AstraZeneca's misconduct is both relevant and admissible, and the Court should deny AstraZeneca's Motion *in Limine* in its entirety.

## 2. *In related litigation, motions in limine to exclude similar categories of evidence have been denied.*

In related litigation, similar attempts by a defendant to exclude evidence of unethical conduct associated with published articles and the reporting of clinical trials data therein have been rejected.  *See In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2005 WL 3164254, *2, 4 (E.D. La. Nov. 21, 2005) (the "*Vioxx* MDL").  In the *Vioxx* MDL, on defendant Merck's Motion *in Limine* to exclude alleged unethical conduct associated with its clinical trials, including evidence that certain trials were conducted and manipulated solely for marketing purposes, United States District Judge Fallon ruled that admissibility was "[d]ependent on proof and may involve credibility" and denied Merck's Motion.  *Id*. at *4.  Merck also moved to exclude claims

---

[6]      *See* Cabada Disclosure at Ex. A (Ex. F), permission to file under seal requested; Wilson Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit J requested; Lavian Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit K requested.

[7]      *See, e.g.,* Burke Disclosure at 2 and Exhibit A, permission to file under seal as Exhibit L requested.

that it paid individuals to be listed as authors of Merck-commissioned literature; that it removed individuals' names as authors of Merck-sponsored studies for improper reasons; and that authors of Vioxx articles did not disclose their financial ties to Merck. *Id*. at *2. Again, Judge Fallon refused to grant defendant's broad-based Motion in Limine to exclude the referenced evidence, rejecting Merck's attempt to prematurely label the evidence as irrelevant or overly prejudicial. *Id*. (reserving ruling on specific material until trial).

Notably, of Merck's eighteen Motions in Limine, similar in substance and scope to those of AstraZeneca, the Court granted only two in their entirety and one in part. *Id*. at *2-7. Generally, the Court characterized Merck's requested relief as "too vague and broad." *Id*. As the *Vioxx* MDL court denied requests to exclude broad categories of evidence where defendant failed to identify specific documents or exhibits at issue, this Court should deny AstraZeneca's Motion as it too fails to identify a single specific document or exhibit subject of AstraZeneca's request for relief.

> 3.      *Evidence of AstraZeneca's misconduct is relevant and admissible for purposes of impeachment and to show motive, notice, intent, and state of mind.*

Through depositions of its corporate witnesses, AstraZeneca has asserted that it is an ethical company that highly prioritizes patients' safety. Evidence of unethical conduct in the masking of negative clinical trials results through the manipulation of manuscripts and other literature is relevant and admissible as impeachment evidence to rebut such allegations. Likewise, AstraZeneca's misconduct in this regard is relevant to show the Company's state of mind with respect to the sacrifice of patient safety through the concealment of emerging safety data.

> 4.      *Evidence of AstraZeneca's unethical conduct is admissible to show conformity with AstraZeneca's character.*

Pursuant to Federal Rule of Evidence 406(a), "[e]vidence of the . . . routine practice of an

organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the habit or routine practice." Fed. R. Evid. 406(a). "Courts are inclined to leniency" when it comes to the admission of evidence of routine business practice. *Fritche v. Alumax, Inc.*, 931 F. Supp. 662, 676 (D. Neb. 1996) (quoting 2 Jack Weinstein & Margaret Berger, *Weinstein's Evidence* ¶ 406[03] at 406-17 (1992)). "This is because routine business practices . . . are derived from concerted planning activities driven by economic concerns . . . which are of necessity more regimented than individual conduct." *Id*. The evidence of AstraZeneca's unethical conduct in the creation and/or sponsorship of ghostwritten literature including the manipulation of clinical trials and trials data reported therein is relevant to show that when AstraZeneca failed to adequately warn Plaintiffs or their prescribers about the risks associated with Seroquel, it was acting in conformity with its routine practice.

Federal Rule of Evidence 405 provides, in pertinent part, "[i]n all cases in which evidence of character or a trait of character . . . is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross examination, inquiry is allowable into relevant specific instances of conduct." Fed. R. Evid. 405(a). Federal Rule of Evidence 404(b) affirms that where evidence of other wrongs or acts is not admissible to prove character or to show action in conformity therewith, it "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). As such, evidence of AstraZeneca's unethical conduct in the creation and/or sponsorship of ghostwritten literature, including the manipulation of clinical trials reporting in efforts to increase Seroquel sales and subvert negative data, is relevant and admissible to rebut any argument by AstraZeneca that it was acting with

reasonable care with respect to its sales and marketing of Seroquel, *inter alia*, and to show AstraZeneca's motive and proof of a plan regarding its attempts to minimize reported risks and maximize sales.

### 5. *Evidence of AstraZeneca's ghostwriting is not overly prejudicial.*

AstraZeneca has failed to cite a single case in support of the proposition that such evidence would result in unfair prejudice. AstraZeneca's half-hearted suggestion that admission of the evidence it seeks to exclude would result in "a high risk of delay" because "AstraZeneca would have to present evidence on . . . [the] issue [of ghostwriting], in order to establish the integrity of the articles and their authors"—without more—fails to demonstrate that any alleged delay would "substantially outweigh" the probative value of such evidence. The Court should deny the Motion, as the probative value of AstraZeneca's intentional misrepresentation in the creation and/or sponsorship of ghostwritten publications and other literature is highly relevant and not unfairly prejudicial.

If, however, the Court finds that the term "ghostwriting" itself is unfairly prejudicial— which it is not—the Court may rule that Plaintiffs are excluded from using the term "ghostwriting" but still permitted to explain to the jury the implications of AstraZeneca's intentional misrepresentations, as evidenced through the creation and/or sponsorship of ghostwritten publications and other literature related to non-medically necessary uses of Seroquel and the safety and efficacy of Seroquel.

### III.
### CONCLUSION

For the foregoing reasons, the Court should deny AstraZeneca's Motion *in Limine* in its entirety.

DATED:  January 21, 2009              Respectfully submitted,


By:    /s/ K. Camp Bailey

F. Kenneth Bailey Jr.
K. Camp Bailey
Fletcher V. Trammell
Robert W. Cowan
**BAILEY PERRIN BAILEY**
440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile
kbailey@bpblaw.com
cbailey@bpblaw.com
ftrammell@bpblaw.com
rcowan@bpblaw.com
**Co-Lead Counsel for Plaintiffs**

Richard N. Laminack
Thomas W. Pirtle
Buffy K. Martines
Laminack, Pirtle & Martines
5020 Montrose Blvd., 9th Floor
Houston, Texas 77006
(713) 292-2750 Telephone
(713) 292-2755 Facsimile
rickl@lpm-triallaw.com
tomp@lpm-triallaw.com
buffym@lpm-triallaw.com
***Lead Trial Counsel for Plaintiff***
***Linda Guinn***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2009, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT GHOSTWRITING with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/  Robert W. Cowan

**CM/ECF SERVICE LIST**
**(Updated April 2, 2008)**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 – Orlando – 22DAB**

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** |
| Robert L. Ciotti<br>Chris S. Coutroulis | Mary B. Cotton<br>John D. Giddens, P.A. |

| | |
|---|---|
| Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>**Counsel for Defendants AstraZeneca**<br>**Pharmaceuticals, L.P, and AstraZeneca** | P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**Counsel for Defendant, Marguerite Devon**<br>**French** |

| | |
|---|---|
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com |

|  | shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>elliot.gardner@dechert.com<br>gretchen.sween@dechert.com<br>iliano.guerrero@dechert.com<br>Amanda.lanham@dechert.com<br>Christina.keddie@dechert.com<br>Elizabeth.kimmelman@dechert.com<br>Nathaniel.bessie@dechert.com<br>Margaret.osborne@dechert.com<br>Brennan.torregrossa@dechert.com<br>Elliot.walker@dechert.com<br>Stephen.mcconnell@dechert.com<br>***Counsel for Defendant AstraZeneca Ph.*** |
| --- | --- |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>***Plaintiff's Lead Counsel*** |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN  55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

## NON-CM/ECF SERVICE LIST

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |

| | |
|---|---|
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH  44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY  42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN  55402 | John Hawkins |

| | |
|---|---|
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |

| | |
|---|---|
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |
| James J. Walker | Seth Webb |

| | |
|---|---|
| Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |