# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:  Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This document relates to:**

| | |
|---|---|
| Linda Guinn | **6:07-cv-10291** |
| David Haller | **6:07-cv-15733** |
| Janice Burns | **6:07-cv-15959** |
| Richard Unger | **6:07-cv-15812** |
| Connie Curley | **6:07-cv-15701** |
| Linda Whittington | **6:07-cv-10475** |
| Eileen McAlexander | **6:07-cv-10360** |

_____

## ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO CERTAIN ISSUES AND/OR REQUEST FOR LIMITING INSTRUCTIONS

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") respectfully request that the Court deny plaintiffs' motion in its entirety or otherwise defer ruling until trial.  Plaintiffs filed a sweeping, overbroad, and vaguely worded motion *in limine*.  In many instances the motion itself fails to provide a "concise statement of the *precise relief requested*," as required by Local Rule 3.01(a), making it difficult to determine the scope of plaintiffs' requests or the grounds upon which plaintiffs believe they are entitled to any relief.  For this reason, the Court should deny or defer ruling on the motion.  *See Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 2006 WL 1071997, at *2 (M.D. Fla. Apr. 24, 2006) (denying motion *in limine* that was "too vague for the Court to make a ruling excluding evidence"); *Bismark v. Lang*, 2006 WL 709521, at *2 (M.D. Fla. Mar. 17, 2006) (denying motion *in limine* that was "not specific enough").

Alternatively, should the Court decide to entertain plaintiffs' motion at this time, AstraZeneca responds below to each subject in the order raised by plaintiffs' motion. AstraZeneca identifies those issues that are unopposed or partially unopposed, and those issues that AstraZeneca opposes (to the extent AstraZeneca is able to determine the scope of plaintiffs' requested relief).

> "**A.** **That a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications.**"

> "**B.** **That any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide.**"

> "**C.** **That this case or other Seroquel or second generation antipsychotic product liability litigation cases may have a negative impact on the stock price of AstraZeneca or any other publicly traded pharmaceutical manufacturer, or cause it or its employees any sort of financial hardship or loss of employment.**"

AstraZeneca does not intend to introduce evidence on or otherwise argue these points. It is impossible at this stage, however, to fully anticipate the arguments plaintiffs will make in these cases.  Should plaintiffs "open the door" to this evidence, AstraZeneca reserves its right to respond in kind.

> "**D.** **That this case or any other AstraZeneca or second generation antipsychotic products liability case may cause an increase in the cost of purchasing or maintaining insurance.**"

> "**E.** **That this case or any other AstraZeneca product liability case may cause an increase in the cost of purchasing medications for the public.**"

AstraZeneca does not intend to introduce evidence on or otherwise argue these points. It is impossible at this stage, however, to fully anticipate the arguments plaintiffs will make

in these cases.  Should plaintiffs "open the door" to this evidence, AstraZeneca reserves its

right to respond in kind.

> **"F.    That the Plaintiff is covered by some form of insurance or other collateral source for the incident in question."**

AstraZeneca has agreed to Joint Requested Instruction No. 27, which instructs the

jury on the collateral source rule in accordance with Florida Standard Jury Instruction 6.13.[1]

AstraZeneca does not intend to introduce evidence or otherwise argue that plaintiffs'

expenses were covered by some form of insurance or other collateral source.[2]  AstraZeneca

opposes this motion, however, to the extent plaintiffs seek to exclude evidence of

AstraZeneca's patient prescription assistance programs.  These programs help low-income

individuals and facilities get the prescriptions they need, and are available to applicants

meeting the programs' eligibility requirements.  *See http://www.astrazeneca-us.com/help-*

*affording-your-medicines/.*

As an initial matter, there is no evidence that any of these plaintiffs received

prescription assistance pursuant to any of AstraZeneca's programs.  Therefore, the program

is not a "collateral source" covered by the rule.  Moreover, the Eleventh Circuit has found

that charitable benefits available to indigent patients are not a "collateral source."  *See*

---

[1] The Joint Requested Instruction provides, "You should not reduce the amount of compensation to which the Plaintiff is otherwise entitled on account of wages, medical insurance payments, or other benefits which the evidence shows the Plaintiff received from some other source.  The court will reduce as necessary the compensation to which the Plaintiff is entitled on account of any such payments."

[2] AstraZeneca does not read plaintiffs' motion to seek wholesale exclusion of insurance records that are otherwise relevant to plaintiffs' injury claims.  To the extent plaintiffs' motion does seek to exclude such records, however, AstraZeneca opposes the motion.  The collateral source rule does not bar evidence that is otherwise relevant and happens to mention a collateral source.  *See generally C&W Leasing, Inc. v. Orix Credit Alliance, Inc.*, 957 F.2d 815, 821 n.6 (11th Cir. 1992) (finding collateral source rule did not bar evidence relevant to whether or not plaintiff suffered injury, because "[t]hat rule comes into play, if at all, in determining how much plaintiff may recover, ***after*** it is established that plaintiff has been injured.") (emphasis added).

*Peterson v. Willie*, 81 F.3d 1033, 1039 (11th Cir. 1996) (collateral source rule does not bar evidence of government benefits; "[t]here is no dispute that the medical care available to Florida's indigents is admissible.").  *See also Florida Physician's Ins. Reciprocal v. Stanley*, 452 So. 2d 514, 515 (Fla. 1984) ("[F]ree or low cost services from governmental or charitable agencies available to anyone with specific disabilities is admissible.…  Such evidence violates neither the statutory nor the common-law collateral source rule…").

Furthermore, should plaintiffs open the door by arguing that punitive damages are warranted because AstraZeneca is driven purely by profit motives, or because Seroquel is more expensive than other, allegedly "better" or "safer" treatment options, AstraZeneca is entitled to introduce evidence of its charitable programs to rebut that claim.

**"G.    That an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law."**

AstraZeneca opposes the motion.  AstraZeneca does not dispute the general principle that federal and Florida law permit the award of punitive damages in certain circumstances, but such damages are inappropriate in these cases as a matter of both law and fact.  For this reason, AstraZeneca has reserved its contentions that punitive damages are not appropriate as a matter of Florida law, should not be submitted to the jury, and that any punitive damage verdict would violate AstraZeneca's state and federal constitutional rights.  *See* Joint Requested Jury Instructions, at p. 3.  If necessary, the Court can address these issues of law at the charge conference or another appropriate time.

At the same time, however, AstraZeneca is clearly entitled to argue to the jury that the facts of these cases do not warrant any award of punitive damages.  AstraZeneca is further entitled to argue to the jury that the record does not support one or more of the legal

requirements set forth in any instruction the Court may give on punitive damages.  Thus, to the extent plaintiffs seek to preclude such argument, the Court should deny the motion.

> **"H.    The purported 'litigation crisis,' 'lawsuit crisis,' 'lawsuit abuse,' or similar terms or phrases."**

> **"I.    That Plaintiffs' attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation, advertise, seek to obtain clients in a manner different from that used by defense counsel, or routinely employ contingent fee arrangements."**

AstraZeneca does not intend to introduce evidence on or otherwise argue these points, provided that plaintiffs' counsel do not disparage AstraZeneca as "Big Pharma," comment on the size of AstraZeneca's legal team, or otherwise characterize the defense team as "corporate lawyers," the "corporation's lawyers," "Big Pharma lawyers," or use similar terms or phrases.  Point I also appears to request exclusion of evidence or argument about attorney advertising generally.  AstraZeneca will not introduce evidence or argue about attorney advertising generally, but Seroquel-specific attorney advertising is relevant and admissible in appropriate cases for the reasons discussed in Point N, *infra*.

> **"J.    Other Seroquel cases and other cases involving Plaintiffs' counsel or other drugs."**

AstraZeneca agrees that neither the number of other Seroquel cases nor their outcome is relevant in any particular plaintiff's case.  Nor does AstraZeneca intend to introduce evidence or otherwise argue about counsels' involvement in other pharmaceutical litigation generally.  AstraZeneca otherwise opposes the motion, which is overbroad in two respects.  First, certain evidence relating to the *Zyprexa* MDL may be relevant.  For example, evidence that a plaintiff took Zyprexa or participated in that litigation is clearly relevant and

admissible, as it undermines (if not bars) any claim that Seroquel caused the injury alleged here.  Further, evidence that plaintiffs' experts participated in that litigation is admissible, because AstraZeneca is entitled to explore on cross-examination whether those experts took positions inconsistent with the positions they are taking in this litigation.

Second, plaintiffs' motion is overbroad to the extent it seeks to preclude AstraZeneca from cross-examining plaintiffs' experts on their involvement in other pharmaceutical litigation, including but not limited to the *Zyprexa* MDL, and their relationships with plaintiffs' counsel.  Such cross-examination, which may go to the experts' credibility and bias, is entirely permissible under Rule 611(b).

**"K.     Unsupported hearsay statements of health care providers."**

AstraZeneca opposes the motion.  It is unclear, based on the two sentences of argument plaintiffs provide, precisely the evidence they contend should be excluded as "hearsay."  Plaintiffs fail to provide any specific examples of any such testimony.  It is also unclear to what extent plaintiffs, by this motion, seek to exclude specific documents, as opposed to testimony of plaintiffs' treating physicians.  Based on vagueness alone, the Court should deny the motion.  *See Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 2006 WL 1071997, at *2 (M.D. Fla. Apr. 24, 2006) (denying motion *in limine* that was "too vague for the Court to make a ruling excluding evidence"); *Bismark v. Lang*, 2006 WL 709521, at *2 (M.D. Fla. Mar. 17, 2006) (denying motion *in limine* to preclude testimony where motion was "not specific enough").  It appears from the title and the two-sentence argument that plaintiffs seek a categorical exclusion of all out-of-court statements of healthcare providers on hearsay and Rule 702/703 grounds.  AstraZeneca

responds below with examples of the ways in which such evidence could be admissible pursuant to the Federal Rules.  To the extent the Court allows plaintiffs to clarify or supplement their objections, which AstraZeneca submits should be denied as untimely, AstraZeneca reserves the right to further respond.

The Federal Rules of Evidence contemplate numerous ways in which the statements of plaintiffs' healthcare providers may be admissible.  For example, should the healthcare providers testify at trial, their prior deposition testimony could be admissible as an out-of-court prior statement, assuming the prerequisites of Rule 801(d)(1) are met.  Moreover, should the healthcare providers be "unavailable" as defined by Rule 804(a), their testimony could be admissible pursuant to the Rule 804(b) hearsay exception.  Further, the credibility of the healthcare providers could be attacked or supported with hearsay statements under Rule 806.

Similarly, any number of exceptions to the hearsay rule may permit the admission of hearsay statements contained in medical records.  For example, in the right circumstances such statements could qualify as hearsay exceptions pursuant to Rule 803(1) (present sense impression); Rule 803(2) (excited utterance); Rule 803(3) (then existing mental, emotional, or physical condition); Rule 803(4) (statements for purposes of medical diagnosis or treatment); Rule 803(6) (records of regularly conducted activity); Rule 803(16) (statements in ancient documents); or Rule 807 (residual exception).  Further, to the extent plaintiffs testify about their treatment, medical history, or condition, medical records that are inconsistent with that testimony could be used on cross-examination.  *See* Fed. R. Evid. 611(b).  Of course, to the extent medical records reflect plaintiffs' out-of-court statements,

such statements would also be an admission by a party-opponent, and admissible pursuant to Rule 801(d)(2).

Finally, plaintiffs seek a categorical exclusion of healthcare providers' opinions pursuant to Rules 702 and 703. Plaintiffs, however, fail to identify any specific testimony that they claim is improper "expert opinion." Indeed, AstraZeneca has identified certain of plaintiffs' healthcare providers as non-retained expert witnesses. These witnesses should be permitted to offer expert opinions pursuant to Rule 702, and plaintiffs have raised no specific challenges to them as experts. Rule 701 also allows opinion testimony of lay witnesses in certain circumstances. Courts routinely allow opinion testimony of treating physicians to the extent those opinions satisfy the requirements of Rule 701. *See, e.g.*, *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (treating physician's diagnosis of injury was permissible lay opinion); *Principi v. Survivair, Inc.*, 231 F.R.D. 685, 692 (M.D. Fla. 2005) ("A treating physician is not an 'expert' witness if he or she testifies about observations based on personal knowledge, including the treatment of a party.").

Thus, the Court should deny plaintiffs' categorical request to exclude all "unsupported hearsay statements of health care providers."

**"L.    The potential impact on pharmaceutical companies and/or the FDA, if any, of permitting state failure to warn claims to be asserted or of allowing a plaintiff in such a case to prevail."**

AstraZeneca opposes the motion. By filing these lawsuits, plaintiffs have put directly at issue the adequacy of the warning mandated by the FDA. AstraZeneca has already shown that plaintiffs' challenges are barred as a matter of law by the doctrine of implied preemption. *See, e.g.*, Omnibus Legal Mem. In Supp. Of AstraZeneca's Summ. Judg. Mot., at 11-19, 24-

34 (Doc. 1113). Even if plaintiffs' claims were to survive that legal challenge, however, AstraZeneca is entitled to present evidence regarding the FDA's regulatory scheme generally, the FDA's regulation of Seroquel, and the FDA's many regulatory determinations with respect to the specific warnings required on atypical antipsychotic medications, including Seroquel.

Further, plaintiffs intend to argue that the FDA is "underfunded," "understaffed," or fails adequately to assess the risks and benefits of medications prior to and after approval. *See, e.g.*, Pls.' Omnibus Legal Mem. Resp. In Opp. To AstraZeneca's Summ. Judg. Mot., at 7-11 (filed under seal). AstraZeneca objects to those gross mischaracterizations of the FDA's extensive and vigorous regulatory oversight. Should plaintiffs be permitted to "open the door," however, AstraZeneca would be entitled to respond in kind. For example, AstraZeneca would be entitled to show that: (1) the positions espoused by plaintiffs' experts would contradict or subvert the FDA's regulatory scheme and its regulatory determinations with respect to Seroquel; (2) the FDA's regulatory determinations with respect to Seroquel reflect the agency's careful balancing of competing objectives and considerations embodied in Seroquel's FDA-approved labeling, including the balance between providing physicians with risk information the FDA determines to be substantiated by the underlying science while not "overwarning" and thereby potentially deterring beneficial uses of the medicine; and (3) the FDA's careful balancing of competing considerations would be undermined by the labeling changes that plaintiffs and their putative experts propose as allegedly "adequate" while second-guessing the FDA's determinations.

Finally, plaintiffs challenge this evidence on the grounds that it requires expert testimony to support it.  AstraZeneca has designated two experts, Lisa Rarick, M.D., and Marianne Mann, M.D., who are qualified and prepared to offer expert opinions about regulatory matters in these cases.  Plaintiffs raised no *Daubert* challenge to either expert, and it is too late to do so now in the guise of a vague motion *in limine*.

> **"M.    The fees received and/or charged by Plaintiffs' experts for work in lawsuits involving drugs other than Seroquel and reference to them as 'paid litigation experts' or the like."**

AstraZeneca opposes the motion.  Plaintiffs acknowledge that evidence of fees received by experts in these cases is relevant to bias.  *See* Pls.' Mot. at 8.  Similarly, the fact that certain experts previously testified on behalf of other plaintiffs in other products liability litigations, testify on behalf of only plaintiffs, or made significant sums of money testifying as experts is all relevant to bias and credibility, and thus is a permissible area of cross-examination under Rule 611(b).  Indeed, plaintiffs themselves routinely inquire into prior financial relationships between AstraZeneca and defendants' experts arising from non-Seroquel issues.

> **"N.    That any Plaintiffs' counsel may have advertised for persons injured by the use of Seroquel or in any other manner."**

AstraZeneca opposes the motion.  As noted in Point I, *supra*, AstraZeneca does not intend to introduce evidence or otherwise argue that plaintiffs' counsel advertise generally.  Where, however, there is a nexus between Seroquel-specific lawyer advertising and an issue in dispute in the litigation, such advertising may become relevant.  AstraZeneca therefore opposes the motion to the extent the record indicates lawyer advertising played a role in a

plaintiff's treatment decisions, or played a role in a plaintiff's belief that he or she suffered injury as a result of Seroquel.

For example, plaintiff Linda Guinn claims her prescribing physician switched her to another atypical antipsychotic in July 2006 because of plaintiff's alleged development of diabetes.[3] AstraZeneca is entitled to rebut that contention with evidence that Ms. Guinn asked to be switched to another atypical antipsychotic drug after seeing an advertisement and filing this lawsuit.[4] In Ms. Guinn's case, the fact that plaintiff saw an advertisement and filed this lawsuit is relevant to explain the circumstances surrounding her discontinuance of Seroquel treatment, where Ms. Guinn's prescribers believed and testified that Seroquel was helping to treat the symptoms of her serious mental illness.[5] Similarly, in Mr. Unger's case, where he discussed possible Seroquel discontinuance with his endocrinologist after seeing a lawyer advertisement,[6] AstraZeneca is entitled to explore the extent to which Mr. Unger's request was based not on the medical opinion of any of his treating physicians, but instead on his lawyers' advertisements.

> **"O.     That FDA approval of Seroquel means that AstraZeneca met its standard of care and/or fulfilled its duty to warn as a matter of law."**

AstraZeneca opposes the motion. As noted in Point L, *supra*, plaintiffs, by filing these lawsuits, have directly put at issue both: (1) the adequacy of the warnings and risk disclosures mandated by the FDA with respect to Seroquel; and (2) whether Seroquel's

---

[3] *See* Pl. Guinn's Resp. in Opp. to AstraZeneca's Summ. Judg. Mot., at 3 (filed under seal).

[4] *See* AstraZeneca's Mot. for Summ. Judg., Case No. 6:07-cv-10291 (L. Guinn), at 6 (filed under seal).

[5] *See id.*

[6] *See* AstraZeneca's Mot. for Summ. Judg., Case No. 6:07-cv-15812 (R. Unger), at 5 (filed under seal).

benefits outweigh its risks, as the FDA determined in approving Seroquel as safe and effective.  AstraZeneca has argued on summary judgment that federal law preempts both aspects of plaintiffs' state-law attacks.  Even if plaintiffs' claims were to survive AstraZeneca's summary judgment motions, however, AstraZeneca is clearly entitled to present evidence and argument to the jury on both issues.  First, AstraZeneca is entitled to present evidence and argue to the jury that the specific warning and risk disclosure language approved by the FDA constituted an "adequate" warning, and thus plaintiffs have failed to satisfy the legal requirements set forth in any instruction the Court may give on the scope of AstraZeneca's duty.  Second, AstraZeneca is entitled to present evidence and argue to the jury that the FDA's approval of Seroquel as safe and effective, after engaging in the FDA's balancing of risks against benefits, supports AstraZeneca's contention that Seroquel is not defective by design.  Thus, to the extent plaintiffs seek to preclude such evidence or argument, AstraZeneca opposes the motion.

>   **"P.     Jury consultants."**

>   **"Q.     Settlement, negotiations, or lack thereof."**

>   **"R.     Stipulations."**

>   **"S.     Motions to exclude or in limine."**

AstraZeneca agrees that neither party should be permitted to introduce evidence on or otherwise argue these points.

>   **"T.     Product labeling and other evidence of drugs other than Seroquel taken by Plaintiffs."**

AstraZeneca opposes the motion.  As an initial matter, plaintiffs' motion is vague and overbroad.  It is unclear whether plaintiffs seek to exclude ***all*** evidence of other drugs taken

by plaintiffs.  To the extent they do, evidence of plaintiffs' other treatment can be relevant to a host of issues, including potential alternative causes for plaintiffs' alleged injuries, the seriousness of plaintiffs' illness, and other risk factors.  It would therefore be inappropriate to categorically exclude such evidence on the basis of such a vague motion.

To the extent plaintiffs seek to exclude the ***labeling*** for other drugs that plaintiffs took, that labeling is admissible.  As an initial matter, where the other drug labeling discloses potential side effects similar to the side effects alleged by plaintiffs, it is evidence of a possible alternate cause.  Other product labeling is also relevant to the risk/benefit analysis plaintiffs' prescribers undertook when making treating decisions.  This risk/benefit analysis is central to plaintiffs' failure to warn and design defect claims, as plaintiffs concede.  *See* Joint Requested Instruction No. 7 (instructing duty to warn runs to learned intermediary, who performs risk/benefit analysis); Joint Requested Instruction No. 16 (instructing that product is unreasonably dangerous if "by reason of a defect in its design, the risk of danger in the design outweighs the benefits.").  Plaintiffs claim the prescribers at issue would not have prescribed Seroquel had alleged risks been more fully disclosed.  As a result, AstraZeneca is entitled to challenge that claim with evidence that plaintiffs' prescribers considered similar or more grave risks when treating plaintiffs with other medications.

Further, to the extent plaintiffs are permitted to offer self-serving testimony that they never would have taken Seroquel had they known the risks, or that they are concerned about their health as a result of taking Seroquel, AstraZeneca is clearly entitled under Rule 611(b)

to cross-examine plaintiffs about the risks they accepted when taking other prescription medications.[7]

## CONCLUSION

For the above reasons, AstraZeneca respectfully requests an Order denying plaintiffs' motion in its entirety or otherwise deferring ruling until trial because of its defects.  Should the Court consider the motion on its merits, AstraZeneca respectfully requests an Order denying the motion with respect to Points F, G, J, K, L, M, N, O, and T.  AstraZeneca has no objection to the remaining Points, but reserves the right to introduce evidence on or otherwise argue those points to the extent plaintiffs "open the door" or otherwise engage in the same conduct that they seek to preclude by this motion.

DATED:  January 23, 2009            Respectfully submitted,

            */s/ Steven B. Weisburd*

            Steven B. Weisburd
            DECHERT LLP
            300 West 6th Street, Suite 1850
            Austin, TX  78701
            Telephone: (512) 394-3000
            Facsimile: (512) 394-3001
            steven.weisburd@dechert.com

            Stephen J. McConnell
            DECHERT LLP
            2929 Arch Street
            Philadelphia, PA  19104
            Telephone: (215) 994-4000
            Facsimile: (215) 994-2222

---

[7] Plaintiffs correctly concede that Florida has adopted a learned intermediary doctrine, and thus AstraZeneca's duty to warn runs only to the prescribing healthcare provider.  *See* Pls.' Mot. at 10; Joint Requested Instruction No. 7 (Learned Intermediary Doctrine – Duty to Warn).  Pursuant to this doctrine, the focus is properly on the doctors' decisions – not plaintiffs' self-serving second-guessing of those decisions.

stephen.mcconnell@dechert.com

*/s/ Chris S. Coutroulis*
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL  22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for Defendants AstraZeneca LP and*
*AstraZeneca Pharmaceuticals LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/  A. Elizabeth Balakhani*

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca*<br>*Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |