**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:  Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This document relates to:**

| | |
|---|---|
| **Linda Guinn** | **6:07-cv-10291** |
| **David Haller** | **6:07-cv-15733** |
| **Janice Burns** | **6:07-cv-15959** |
| **Richard Unger** | **6:07-cv-15812** |
| **Connie Curley** | **6:07-cv-15701** |
| **Linda Whittington** | **6:07-cv-10475** |
| **Eileen McAlexander** | **6:07-cv-10360** |

_____

**ASTRAZENECA'S OPPOSITION TO PLAINTIFFS'**
**MOTION AND INCORPORATED MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR REQUESTED SPOLIATION INSTRUCTION**

In September 2000 AstraZeneca submitted to the Dutch regulatory authorities

("MEB") a document entitled "Safety Position Paper" ("Position Paper") that related to

Seroquel and glucose regulation.  AstraZeneca has produced this Position Paper to plaintiffs.

Plaintiffs have used the Position Paper extensively in discovery, relied on it to oppose

summary judgment, and marked it as Plaintiffs' Exhibit 19 in these cases.[1]  This Position

Paper did not accurately reflect AstraZeneca's position in September 2000 regarding

Seroquel and glucose regulation.  As an initial matter, the paper contained an incorrect

statement of the company's position.  Moreover, the paper did not include the comprehensive

review of relevant safety data from clinical trials, and animal and pharmacology studies,

---

[1] As plaintiffs recognized, this Court's confidentiality restrictions prevent the parties from disclosing the
documents and testimony relating to the Position Paper; plaintiffs have previously submitted the Position Paper
to the Court under seal.  *See* Pls.' Mot. at 2 n.1.

which AstraZeneca had conducted in the summer of 2000.  AstraZeneca thus submitted a

revised document to the MEB in January 2001 with a cover letter explaining the previous

mistake.[2]

Plaintiffs nevertheless ask the Court to give the jury a spoliation instruction about the

Position Paper, solely because Plaintiffs' Exhibit 19 is unsigned and neither AstraZeneca nor

the MEB could locate a "signed copy" of the same document.  *See* Pls.' Mot. at 2.  Plaintiffs

presumably want to argue to the jury that Plaintiffs' Exhibit 19 – and not the revised

document submitted in January 2001 – reflects AstraZeneca's "official company position" to

the MEB about Seroquel's alleged risks of impaired glucose regulation at the time.  Plaintiffs

apparently are concerned that AstraZeneca will claim that the absence of a signature on the

Position Paper proves that it does not accurately reflect the company's position.

In fact, AstraZeneca will not make that argument.  First, AstraZeneca will not dispute

that the Position Paper – Plaintiffs' Exhibit 19 – was sent to the MEB in September 2000.

Second, AstraZeneca will prove that Plaintiffs' Exhibit 19 was not the company's position on

Seroquel's alleged risks of impaired glucose regulation in September 2000.  AstraZeneca will

not, however, suggest the lack of a signature on the Position Paper is in any way relevant to

prove that point.  Plaintiffs will presumably argue the fact that Plaintiffs' Exhibit 19 was sent

to the Dutch regulatory authorities means it was AstraZeneca's "official" position.

AstraZeneca will present evidence and testimony explaining why the Position Paper contains

an erroneous statement that does not accurately reflect the company's position about the

---

[2] It is undisputed that AstraZeneca produced these documents to plaintiffs.

alleged risks of impaired glucose regulation in September 2000.  The jury can weigh both arguments and decide what significance, if any, to place on the document.

Thus, the fact that the Position Paper is unsigned and nobody has a signed version is of no significance in these cases.  The Position Paper itself is in plaintiffs' possession and on their Exhibit List.  To remove any doubt, AstraZeneca is willing to stipulate to the following:

1) AstraZeneca will not contest that Wayne Geller submitted a copy of Plaintiffs' Exhibit 19 to the Medicines Evaluation Board ("MEB") in 2000;

2) AstraZeneca will not argue that the absence of a signed copy of Plaintiffs' Exhibit 19 is relevant to whether Exhibit 19 reflected the company's position on Seroquel's alleged risk of impaired glucose regulation in 2000; and

3) AstraZeneca will not argue that it submitted to the MEB a version of the Position Paper in September 2000 that differed in any substantive way from Plaintiffs' Exhibit 19.

Although this stipulation would obviate the need for any time-consuming litigation or argument about alleged "spoliation," plaintiffs' proposed spoliation instruction is also inappropriate as a matter of law.  Specifically, plaintiffs cannot show that: (1) any evidence relating to the Position Paper is "missing" other than ***possibly*** a signature page; (2) any such evidence was destroyed while AstraZeneca was under a duty to preserve it; (3) any evidence was destroyed that is critical to plaintiffs' *prima facie* case; or (4) there is any evidence that AstraZeneca acted in bad faith.  Plaintiffs' failure to meet ***any one*** of these elements makes a spoliation instruction inappropriate; here, plaintiffs cannot satisfy ***any*** of the elements.  For these reasons, an adverse inference instruction is particularly inappropriate and, in fact,

plaintiffs' proposed instruction would unfairly prejudice AstraZeneca in a manner that is not warranted by the facts or the law.[3]

## ARGUMENT

Federal law governs the imposition of spoliation sanctions, including the adverse inference instruction plaintiffs seek here. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). Federal courts in Florida have determined that a party seeking an adverse inference instruction based on the spoliation of evidence must first prove to the Court that: (1) the missing evidence existed at one time; (2) the non-moving party had a duty to preserve the evidence at the time it was destroyed; and (3) the evidence is critical to the moving party's ability to prove its *prima facie* case. *See Wilson v. Wal-Mart Stores, Inc.*, 2008 WL 4642596, at *2 (M.D. Fla. Oct. 17, 2008); *Lockheed Martin Corp. v. L-3 Comm. Corp.*, 2007 WL 3171299, at *2 (M.D. Fla. Oct. 25, 2007); *Optawave Co., Ltd. v. Nikitin*, 2006 WL 3231422, at *8 (M.D. Fla. Nov. 7, 2006).[4] In addition, in this Circuit an adverse inference instruction is an appropriate spoliation sanction "only when the absence of that evidence is predicated on bad faith." *Penalty Kick Management Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1294 (11th Cir. 2003); *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997).

Plaintiffs cannot meet any of these elements.

---

[3] AstraZeneca has already objected to Plaintiffs' Proposed Jury Instruction No. 25, which is the subject of this Motion and was submitted with the Pretrial Statements; AstraZeneca incorporates those objections herein.

[4] Plaintiffs rely in part on Florida state law to suggest they should be entitled to an adverse inference instruction upon a mere showing that the evidence in question was lost, without also showing AstraZeneca was under a duty to preserve the evidence. Although the Court may look to state law principles to guide its analysis, federal law, not Florida law, is controlling here, as plaintiffs concede. *See Flury*, 427 F.3d at 944; *Optawave*, 2006 WL 3231422, at *8; Pls.' Mot. at 3.

A.   **Plaintiffs Have Failed To Show Anything Is Missing Other Than Possibly A Signature Page.**

Plaintiffs argue for an adverse inference instruction based on the lack of a "signed copy" of the Position Paper submitted to the MEB.  Pls.' Mot. at 2.  A "signed copy" could not be located in AstraZeneca's files, and in response to plaintiffs' request, the MEB itself confirmed that it too does not have a "signed copy."  Nobody knows for sure whether a "signed copy" exists or ever existed,[5] and nobody has any evidence that AstraZeneca intentionally destroyed any "signed copy," to the extent it ever existed.  Although there appears to be no "signed copy" of the Position Paper in existence, AstraZeneca is willing to stipulate that Plaintiffs' Exhibit 19 was submitted to the MEB by Dr. Geller.  *See supra* at 3.

Further, plaintiffs have no evidence that there ever was a signed version of the Position Paper that differed in any substantive way from Plaintiffs' Exhibit 19, and as noted above, AstraZeneca does not contend otherwise.  Thus, the only thing plaintiffs truly claim is "missing" is Plaintiffs' Exhibit 19 with one addition – Dr. Geller's signature.  Plaintiffs have failed to establish that such a document actually existed.

B.   **Plaintiffs Have Failed To Show AstraZeneca Destroyed A "Signed Copy" Of The Position Paper While Under A Duty To Preserve It.**

Even assuming a "signed copy" of Plaintiffs' Exhibit 19 ever existed – which plaintiffs have not shown – plaintiffs also have no evidence that any "signed copy" was destroyed after AstraZeneca's duty to preserve in this case arose in 2003.  The Position Paper is a 2000 document, and plaintiffs have ***no evidence*** to suggest when a "signed copy" was

---

[5] Dr. Geller testified, eight years later, that he could not recall whether he actually signed the Position Paper. *See* May 9, 2008 Dep. of Wayne Geller, at 893:24-895:24 (designated confidential).  The color-coded deposition designations, previously provided to the Court, contain this testimony.  Should the Court desire AstraZeneca to file under seal the precise testimony referenced, AstraZeneca will do so promptly.

lost, and under what circumstances.  It is therefore pure speculation to ***assume*** AstraZeneca intentionally destroyed a "signed copy" of the Position Paper in 2003 or later.

    **C.**    **Plaintiffs Have Failed To Show A "Signed Copy" Of The Position Paper Is Critical To Plaintiffs' *Prima Facie* Case.**

    Plaintiffs have the Position Paper, have used it extensively in discovery, have argued its significance in opposing summary judgment, and intend to use it at trial.  AstraZeneca is: (1) not disputing that the Position Paper was sent to the MEB; and (2) not arguing that the absence of a "signed copy" is relevant to whether the Position Paper reflected the company's position.  Plaintiffs have neither argued nor proven that Dr. Geller's signature is in itself critical to their case; the question is whether Plaintiffs' Exhibit 19 accurately reflected the position of the company in September 2000.  Indeed, plaintiffs' continued reliance on the Position Paper suggests that the existence of a "signed copy" is of no significance to their *prima facie* case – they will contend the Position Paper reflects the company's position whether it is signed or not.   To rebut that contention, AstraZeneca will in no way rely on the absence of a "signed copy" of the Position Paper, but will instead explain the circumstances surrounding the creation of a Position Paper that included inaccurate, incomplete statements. It is clear, then, that neither party views the absence of a "signed copy" as probative of whether the Position Paper reflected AstraZeneca's position.  Thus, the "signed copy" of the Position Paper is not critical to plaintiffs' case, and the fact that neither AstraZeneca nor the MEB has a "signed copy" does not warrant an adverse inference instruction.

    **D.**    **Plaintiffs Have Failed To Show That AstraZeneca Acted In Bad Faith.**

    Finally, even assuming plaintiffs could satisfy the other elements necessary to give rise to an adverse inference instruction, they cannot demonstrate bad faith on the part of

AstraZeneca with respect to any "signed copy" of the Position Paper.  "Mere negligence in losing or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case." *Bashir*, 119 F.3d at 931 (internal quotations omitted).  Federal courts in Florida have routinely declined to impose sanctions or draw an adverse inference where there was no evidence of bad faith.  *See*, *e.g.*, *Penalty Kick*, 318 F.3d at 1294 (declining to draw an adverse inference for lost document because there was no indication of bad faith); *Bashir*, 119 F.3d at 931 (affirming district court's decision declining to draw an adverse inference where there was no evidence that the missing tape was purposefully lost or destroyed); *Viktor v. Makita U.S.A., Inc.*, 2007 WL 3334260, at *2 (M.D. Fla. Nov. 9, 2007) (no spoliation sanction because there was no bad faith).

Plaintiffs argue there is evidence of bad faith with respect to the "signed copy" of the Position Paper for two reasons.  First, plaintiffs bootstrap the Court's August 21, 2007 Order (Doc. 393) regarding the pace of document production, seeking to use that prior discovery Order to raise an inference of general "bad faith."  Pls.' Mot. at 3.  This is improper.  As plaintiffs concede, the showing of "bad faith" must relate to the "destruction of ***the evidence***."  *Id.* (emphasis added).  The August 21, 2007 Order did not relate to the Position Paper in any way, and did not address any allegations of spoliation.  Moreover, to the extent plaintiffs intend to ask the Court's permission to introduce its prior discovery Order as evidence the jury may consider during deliberation, such a request would be improper and risk unfair prejudice to AstraZeneca.  This underscores the sideshow nature of this whole issue, for plaintiffs propose to spend valuable Court time and resources relitigating long-

resolved, complex, and confusing ***discovery*** issues in front of the jury, rather than trying these cases on their individual merits.

Second, plaintiffs argue that bad faith is evidenced by AstraZeneca's production of documents "substantively connected to the missing document, generated during precisely the same time period."  Pls.' Mot. at 3.  This argument defies logic.  It would be wrong to infer AstraZeneca acted in bad faith by failing to produce a "signed copy" of the Position Paper while at the same time: (1) producing the Position Paper that was sent to the MEB; and (2) producing numerous other contemporaneous documents relating to that Position Paper.  This is not evidence of "bad faith" – to the contrary, it is evidence that AstraZeneca complied with its discovery obligations and acted in good faith, particularly when taking into account the great significance plaintiffs have placed on these produced documents throughout the litigation.  *See* Pls.' Mot. at 3.

In short, even if plaintiffs could establish the other elements necessary to give rise to an adverse inference instruction regarding the "signed copy" of the Position Paper, they have failed to satisfy their burden of showing any evidence of bad faith.  Accordingly, an adverse inference instruction is not appropriate.

## <u>CONCLUSION</u>

For the above reasons, an adverse inference instruction is not warranted given the facts and the governing law of this Circuit.  Accordingly, AstraZeneca respectfully requests an Order denying plaintiffs' motion in support of their requested spoliation instruction.

DATED:  January 23, 2009                Respectfully submitted,

*/s/ Steven B. Weisburd*

Steven B. Weisburd
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

*/s/ Chris S. Coutroulis*
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL  22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for Defendants AstraZeneca LP and
AstraZeneca Pharmaceuticals LP*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/  A. Elizabeth Balakhani*

## <u>SERVICE LIST</u>

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca*<br>*Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |