UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

Case No. 6:06-md-1769-ORL-22DAB

### ASTRAZENECA'S MEMORANDUM REGARDING ITS VIEW AS TO HOW TO PROCEED WITH ALTERNATIVE DISPUTE RESOLUTION, GIVEN THE PRESENT POSTURE OF THE CASES

During the week of January 12, 2009, at the Court's pretrial conferences and *Daubert* and summary judgment hearings in the *Guinn* and *Haller* cases, AstraZeneca, at the Court's request, agreed to participate in a mediation with Professor Saltzburg serving as mediator.  On Thursday January 22 in person, and on Friday 23, 2009 by phone, AstraZeneca's designated lead counsel for that mediation, Earl Austin, conferred with counsel for plaintiffs with respect to the parties' respective views as to how best to proceed with mediation given the present posture of the cases.  Pursuant to the Court's order of January 21, 2009 (Doc. 1218), AstraZeneca hereby submits its view on that subject.

For the reasons expressed below, AstraZeneca believes the mediation should address and be limited to the seven remaining cases in the Florida Group 1 trial pool,[1] each of which has been fully discovered and set for trial.  In contrast, Plaintiffs have expressed a preference that the mediation should address all of the pending cases in the MDL.

---

[1] Pursuant to the Court's case management orders, the parties each designated six cases for the Florida Group 1 trial pool.  Plaintiffs subsequently dismissed five of the cases that were designated by AstraZeneca.

14471407.1
14482716.1

As to the seven remaining cases, the parties have completed their discovery (including not only of the plaintiffs and their treating and prescribing physicians and, where appropriate, nurse practitioners, but also of AstraZeneca corporate officials and both general and case specific expert witnesses on each side). The parties jointly have submitted extensive pretrial statements in all seven cases as well as proposed jury instructions, many but not all of which are agreed to by the parties. In all seven Group 1 cases, AstraZeneca has submitted summary judgment and *Daubert* motions. The Court has heard testimony of two of plaintiff's three general causation experts, as well as plaintiff's specific causation experts in the first two cases presently set to be tried (*Guinn* and *Haller*). Moreover, the Court has heard summary judgment arguments in *Guinn* and *Haller*. The summary judgment and *Daubert* motions, as well as multiple motions *in limine* submitted by each side, are pending. In short, both parties are well aware of the key facts, legal principles, and evidentiary issues in these seven cases and would be fully prepared to discuss them with Professor Saltzburg.

In contrast, AstraZeneca (and perhaps plaintiffs' counsel as well) knows very little about the merits of the remaining cases. Discovery is ongoing in the Group 2 trial cases and no case specific discovery has taken place in any of the other cases in the MDL. As a result, AstraZeneca has virtually no information about the merits of these cases in this MDL (beyond what was contained in the often-inaccurate and insufficient plaintiff fact sheets).

The facts of the seven Group 1 cases are very favorable to AstraZeneca – despite the fact that six of the cases were designated for trial by plaintiffs' counsel. Indeed, those facts, which are explored in detail in AstraZeneca's summary judgment and case specific

*Daubert* motions, are so favorable that AstraZeneca believes a successful outcome is likely whether on motion or by jury verdict. In the event that plaintiffs were to prevail, AstraZeneca does not believe such a judgment could be sustained on appeal, for the various reasons it has set forth in its dispositive and *Daubert* motions.

To date, AstraZeneca has received no proposal from plaintiffs' counsel regarding settlement of any of the seven Group 1 cases. Obviously, if such a proposal were received, AstraZeneca would entertain it in good faith. However, AstraZeneca does not view these cases as having merit. Moreover, the lack of merit in these cases, six of which are plaintiff's top choices from the MDL cases governed by Florida law, coupled with the fact that plaintiffs dismissed the other five cases designated by AstraZenca (see, *supra* at n.1), suggests that the other cases in this MDL are at least as favorable for AstraZeneca as these initial cases. As a result, AstraZeneca believes that bringing these additional cases into the mediation would not make sense – both because the parties would have no basis on which to discuss their specific merits (whether by individual cases or groupings) and, in that context, their inferred value from AstraZeneca's perspective would be even less than the present cases.

Therefore, AstraZeneca urges the Court to limit this mediation to the seven remaining cases in the Florida Group 1 trial pool.

In its January 21, 2009 Order, the Court also provided each party with an opportunity to identify a list of documents it would suggest for review by Professor Saltzburg in connection with this mediation. In that regard, AstraZeneca would suggest the following:

- AstraZeneca's Omnibus Legal Memorandum in Support of AstraZeneca's Summary Judgment Motions in the Florida Trial Pool "Group One" Cases (Case No. 6:06-md-01769, Docket No. 1113, with unredacted page 56 and Exs. 42 and 43 at Docket No. 1131).

- AstraZeneca's Motion for Summary Judgment in *Guinn* (Case No. 6:07-cv-1029, Docket No. 13)

- AstraZeneca's Motion for Summary Judgment in *Haller* (Case No. 6:07-cv-15733, Docket No. 13).

- AstraZeneca's Motion for Summary Judgment in *Whittington* (Case No. 6:07-cv-10475, Docket No. 12).

- AstraZeneca's Motion for Summary Judgment in *Curley* (Case No. 6:07-cv-15701, Docket No. 13).

- AstraZeneca's Motion for Summary Judgment in *McAlexander* (Case No. 6:07-cv-10360, Docket No. 12).

- AstraZeneca's Motion for Summary Judgment in *Unger* (Case No. 6:07-cv-15812, Docket No. 13).

- AstraZeneca's Motion for Summary Judgment in *Burns* (Case No. 6:07-cv-15959, Docket No. 13)

- AstraZeneca's Motion to Exclude the General Causation Testimony of Plaintiffs' General and Case-Specific Witnesses and Supporting Memorandum of Law (Case No. 6:06-md-01769, Docket No. 1112).

- AstraZeneca's Motion to Exclude the Specific Causation Testimony of Plaintiffs' Case Specific Causation Witnesses (Case No. 6:06-md-01769, Docket No. 1134).

- AstraZeneca's Motion and Supporting Memorandum of Law to Exclude Non-Causation Expert Testimony Under Federal Rules of Evidence 702, 401 and 403 (Case No. 6:06-md-01769, Docket No. 1121).

- AstraZeneca's Motion and Supporting Memorandum Under Daubert and Federal Rules of Evidence 702, 401 and 403 to Exclude or Limit the Testimony of Paul Deutsch and Frederick Raffa (Case No. 6:06-md-01769, Docket No. 1135).

Respectfully submitted,

14471407.1
14482716.1

4

/s/ Chris S. Coutroulis
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida 33607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 23, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system through which all participating parties are deemed served.

/s/ Robert L. Ciotti
Attorney

14471407.1
14482716.1

5