UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to:

ALL CASES

MDL DOCKET NO:
6:06-MDL-1769-ACC-DAB

**PLAINTIFFS' MEMORANDUM REGARDING THEIR VIEW AS TO HOW TO PROCEED WITH ALTERNATIVE DISPUTE RESOLUTION, GIVEN THE PRESENT POSTURE OF THE CASES**

Pursuant to the Court's direction in its Notice of Hearing dated January 20, 2009 (Doc. 1218), the parties' designated lead counsel for mediation, Ken Bailey (for Plaintiffs) and Earl Austin (for AstraZeneca), met and conferred on January 22 and 23, 2009 regarding the parties' respective views on alternative dispute resolution ("ADR") given the status of the MDL cases. Following those discussions between Messrs. Bailey and Austin, and in accordance with the Court's directive, Plaintiffs submit their position statement regarding ADR, and would respectfully show the Court as follows:

1. *Plaintiffs' position*—Plaintiffs' counsel has already agreed to the Court's selecting Professor Stephen A. Saltzburg to serve as mediator. Plaintiffs acknowledge that time between the appointment of Professor Saltzburg and the start of trial in the *Linda Guinn* case is extremely short. Still, Plaintiffs encourage the Court to set a schedule for mediation incorporating any available time before trial, while recognizing that trial and mediation may also proceed concurrently on separate tracks. Plaintiffs propose that the parties be permitted to supply Professor Saltzburg with a limited set of background materials to educate him on the parties' respective positions, and Plaintiffs

1

have listed their proposed materials *infra* (¶5), as well as propose for the professor to have ex parte access to the parties' designated representatives, and vice versa, before, during, and after mediation.  Finally, in accordance with Chief Judge Conway's comments from the bench on January 16, 2009,[1] Plaintiffs strongly contend, for reasons set forth below, that the scope of ADR must include all MDL cases, not merely those in Trial Group One as AstraZeneca proposes.

    2. **_Plaintiffs' Response to AstraZeneca's View on ADR_**—AstraZeneca does not share Plaintiffs' enthusiasm for the proposition that ADR presents an efficient, cost-effective, and less judicially taxing means to resolve this litigation.  Indeed, AstraZeneca's apparently entrenched stand against efforts to explore amicable resolution of the litigation as a whole appears not to have wavered in the <u>three years</u> since this MDL commenced.[2]  In those three years, AstraZeneca has sold nearly $4 billion dollars or more

---

[1]     MR. TRAMMELL:  Your Honor, one other thing before we start, regarding mediation.  As I'm sure the Court is aware, the plaintiffs and the firms that represent these people are expending all available resources to prepare for trial in these cases.  That being said, we expect to delegate people to participate in the mediation with authority to resolve not only the trial cases but all cases involved in the MDL, and it's our hope and expectation that the defendants will do the same thing.

    THE COURT:  Well, that's usually what we do at mediation.

(Hr'g Tr. at 3:21-4:7, Jan. 16, 2009 (Doc. 1219).)

[2]     THE COURT:  Somebody, I don't think it's the board or somebody in the executive suite, for example, makes the decision that you have no interest in exploring ADR prior to some date long in the future.  Who's making that decision?

                          \*    \*    \*

    THE COURT:  . . . . [I]t is part of the Court's role to make sure that the cases are being managed in an appropriate way and in terms of how discovery is being produced and how settlements – potential settlements are being considered.  And at some point, as I said, in the beginning of our conference this afternoon, I'm disappointed with what's gone forward so far.

(Hr'g Tr. at 90:9-13; 91:13-19, Apr. 12, 2006 (Doc. 196).)

    [THE COURT:]  . . . . [I]t was my hope and thought based on mutual run of things that we would have in place long ago a parallel ADR

2

per year of Seroquel. AstraZeneca's net profit in 2006 is reported to have been $8.2 billion dollars. Meanwhile, the number of Seroquel cases nationwide continues to climb at an alarming rate; it is estimated there are currently in excess of 15,000 Seroquel cases on file in this country, the largest single concentration of which are, of course, before this Court.

3.      Ultimately, from AstraZeneca's perspective, it appears that the Company considers it a smart business decision to maintain the status quo—i.e., to continue to pay its dozen or more global mega-firms hundreds of millions of dollars per year to keep the

---

mechanism. Defendant has opposed that for reasons on its own view of the litigation . . . . I will simply observe that the defendant's attitude on that is out of the mainstream. They're entitled to be out of the mainstream on that and to litigate every one of these cases to the Supreme Court as many times as the rules and statutes permit. I don't know if that is really in their business or corporate interest, but that's not for me to decide.

\*   \*   \*

[MR. MAGAZINER:]  . . . . We have not said we are going to try every case all the way to the U.S. Supreme Court. We have not said that we are engaging in scorched earth . . . . We've said we want to take some discovery, we want to understand the nature of these almost 11,000 cases filed against us . . . , we want to understand what we're dealing with, and then we'll come back to the court and report to the court our position with regard to ADR.

I'm assuming we will be able to do that by the end of the year [2007] ....

\*   \*   \*

THE COURT: You act like you don't know what the case is about. .... I can't believe AstraZeneca hasn't talked to hundreds, if not thousands, of doctors about what's happened over the course of the last few years, so all I'm saying is AstraZeneca is not a babe in woods when it comes to figuring out what this case is about. And to act like you need a hundred doctors' depositions under your belt and a hundred plaintiffs' depositions under your belt before you know what you're doing is a little disingenuous. . . . . I'm not going to go forward with ADR unless both sides want to do it. You've already said you don't want to do [it].

(Hr'g Tr. 60:22-61:1; 61:4-10; 62:1-3; 62:5-12; 63:5-6; 63:12-20.)

3

*Seroquel* MDL plates spinning as a "cost of doing business," while refusing to aid any progress toward 'global' resolution of the litigation as we enter its fourth year.[3]

4.  Indeed, Plaintiffs cannot help but be curious as to AstraZeneca's position regarding the point of the Court's bellwether trial program, particularly in light of AstraZeneca's position implied (if not stated) today that it intends to work up the thousands of MDL cases at a pace of 12 or less at a time, only then to consider submitting those fully discovered, trial-ready cases to ADR.[4] (Defs.' Mem. at 2-3 (Doc. 1234).) Resolution at that pace is not justice, and it is antithetical to this Court's MDL mission.[5] Furthermore, emboldened by the Court's outstanding summary judgment and *Daubert* rulings, AstraZeneca's Memorandum all but guarantees the Company's success on the pending motions, at trial, and on appeal, more than suggesting that it has no incentive to negotiate. In short, AstraZeneca's litigation strategy appears unchanged over time.[6]

---

[3] Meanwhile, with some 28,000 claims against it now resolved in the *In re Zyprexa Products Liability Litigation*, and while under investigation by the Department of Justice and other governmental entities, Zyprexa's maker, Eli Lilly & Company, nevertheless reported sales of Zyprexa of $4.8 billion for 2007.

[4] "The benefits of settlement are diminished, however, if it is postponed until discovery is completed. A better approach may be to target early discovery at information needed for settlement negotiations." Manual for Complex Litig. (Fourth) § 13.12 (2004).

[5] The purpose of multidistrict litigation ("MDL") is to "promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters *common among all cases*." *In re: Meridia Prods. Liab. Litig.*, 328 F.Supp.2d 791, 798 (N.D. Ohio 2004) (emphasis added); *see In re Phenylpropanolamine Prods. Liab. Litig.*, No. MDL 1407, 2004 WL 2034587, at *2 (W.D. Wash. Sept. 3, 2004) (same); *see also In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1543 (9th Cir. 1996) ("section 1407(a) does not transfer the case for the conduct of *all* pretrial proceedings, only those that are '*coordinated and consolidated*'") (emphasis added), *rev'd on other grounds sub nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

[6] *See* n.2, *supra*. "[R]esistance to settlement arises from unreasonable or unrealistic attitudes of parties and counsel, in which case the judge can help them reexamine their premises and assess their cases realistically." Manual for Complex Litig. (Fourth) § 13.11. "The judge can then facilitate negotiations by removing obstacles to compromise and can help overcome the intransigence or militance of clients [or their lawyers]." *Id.* "[H]elpful measures include scheduling settlement conferences, directing or encouraging reluctant parties, insurers, and other potential contributors to participate . . . , and promptly deciding motions whose resolution will lay the groundwork for settlement." *Id.*

5. ***Documents Suggested for Professor Saltzburg's Review***—

- Plaintiffs' Omnibus Memorandum Responding in Opposition to Defendants' Summary Judgment Motions (and accompanying exhibits).

- Individual Plaintiffs' Responses in Opposition to Defendants' Summary Judgment Motions.

- FDA letters to AstraZeneca dated December 18, 2008 and December 22, 2008, and accompanying attachments.

- Complaint of Plaintiff Roger Courson (as an exemplar).

- Master Settlement Agreement in the *In re Zyprexa Products Liability Litigation* and the settlement grid/matrix.

DATED:  January 23, 2009              Respectfully submitted

By:      /s/ K. Camp Bailey
F. Kenneth Bailey Jr.
K. Camp Bailey
Fletcher V. Trammell
Robert W. Cowan
**BAILEY PERRIN BAILEY**
440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile
kbailey@bpblaw.com
cbailey@bpblaw.com
ftrammell@bpblaw.com
rcowan@bpblaw.com
*Co-Lead Attorneys for MDL Plaintiffs,*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January, 2009, I electronically filed the foregoing: PLAINTIFFS' MEMORANDUM REGARDING ITS VIEW AS TO HOW TO PROCEED WITH ALTERNATIVE DISPUTE RESOLUTION GIVEN THE PRESENT POSTURE OF THE CASES with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel registered with the Court's CM/ECF system.

/s/  Robert W. Cowan
Robert W. Cowan