UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation
MDL DOCKET NO. 1769

This document relates to:

| | |
|---|---|
| Linda Guinn | 6:07-cv-10291 |
| David Haller | 6:07-cv-15733 |
| Janice Burns | 6:07-cv-15959 |
| Richard Unger | 6:07-cv-15812 |
| Connie Curley | 6:07-cv-15701 |
| Linda Whittington | 6:07-cv-10475 |
| Eileen McAlexander | 6:07-cv-10360 |

## ASTRAZENECA'S EMERGENCY UNOPPOSED MOTION TO SEAL ITS SUBMISSION IN OPPOSITION TO PLAINTIFFS' NOTICE OF INTENT TO FILE EMERGENCY MOTION FOR SANCTIONS FOR DISCOVERY ABUSE

Pursuant to Local Rule 1.09(a) of the Local Rules of the United States District Court for the Middle District of Florida, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") hereby seek leave to file under seal AstraZeneca's Submission In Opposition To Plaintiffs' Notice Of Intent To File Emergency Motion For Sanctions For Discovery Abuse, along with the exhibits thereto, which incorporate correspondence with the FDA deemed confidential by the Protective Order governing this MDL. In support of its Motion, AstraZeneca states as follows:

1. On Friday, January 23, 2009, Plaintiffs filed a Notice of Intent To File Emergency Motion For Sanctions For Discovery Abuse. This Notice referenced confidential correspondence from the FDA (the FDA letters), which are the focus of Plaintiffs' Notice.

2. AstraZeneca has designated the FDA letters confidential pursuant to the Protective Order governing this MDL.

3. AstraZeneca's Submission responding to Plaintiffs' Notice includes references to the confidential FDA letters.

4. Plaintiffs have indicated an intent to file their Motion for Sanctions under seal, recognizing the Court's Protective Order governs the disclosure of this information. *See* Plaintiffs' Notice, at 2 n.1.

5. The public filing of such Submission would violate the Protective Order governing this MDL, which provides that confidential discovery materials can be filed with the Court only under seal pursuant to Local Rule 1.09 (Doc. No. 478 at ¶ 10).

6. Given the timing and sensitive nature of Plaintiffs' Notice and AstraZeneca's Submission, AstraZeneca now seeks emergency relief. AstraZeneca has consulted with Plaintiffs' counsel, and Plaintiffs do not oppose this motion.

7. The Court previously ruled that summary judgment and *Daubert* motions, as well as associated responses or replies and exhibits, which contain confidential information may be filed under seal. *See* October 29, 2008 Order (Doc. 1107). The Court also outlined procedures for filing of redacted documents at a later date. AstraZeneca asks the Court to allow it to file its submission pursuant to the same procedures set forth in the Court's October 29, 2009 Order.

8. AstraZeneca will not be able to file a meaningful response to Plaintiffs' Notice if it is required to file it with wholesale redactions. Significant and important parts of the record would be blacked out, resulting in an incomprehensible filing.

9. Pursuant to Local Rule 1.09(a) regarding filings under seal, AstraZeneca submits the following additional information for the Court's consideration, which corresponds to the numerical subparts of the Rule:

(i) The materials to be filed under seal include AstraZeneca's Submission In Opposition To Plaintiffs' Notice Of Intent To File Emergency Motion For Sanctions For Discovery Abuse, along with the exhibits thereto, referencing confidential correspondence between AstraZeneca and the FDA, which AstraZeneca produced as confidential pursuant to the MDL Protective Order.

(ii) The filing of the Submission with reference to and discussion of the confidential FDA letters is necessary so that the Court can make an informed and prompt decision on Plaintiffs' request to postpone trial, which is currently scheduled to begin February 2, 2009.

(iii) Sealing this information is necessary at this time because the Protective Order governing this MDL provides that confidential information can be filed with the Court only under seal pursuant to Local Rule 1.09.

(iv) There is no means other than filing under seal to protect the information at issue here, while at the same time preserving AstraZeneca's right to present record-based arguments in opposition to Plaintiffs' request. Redactions would only result in an incomprehensible brief.

(v) AstraZeneca proposes that any materials it files under seal be accompanied by a letter from counsel for AstraZeneca certifying that the materials contain confidential information. AstraZeneca further proposes that such materials remain under seal

until this litigation, including any appeals, is final, at which time AstraZeneca will ask that the copies of any materials properly filed under seal be destroyed or returned to counsel for the producing party.

   (vi) Good cause exists for AstraZeneca's request to seal its Submission. As explained above, AstraZeneca's briefing will be replete with references to and discussion of documents designated as confidential, including confidential correspondence with the FDA. The Protective Order therefore requires AstraZeneca to file its briefing and the exhibits under seal. *See* Protective Order at ¶ 10. Moreover, this correspondence is sensitive commercial information that is entitled to protection. *See Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *4-5 (D.N.J. July 18, 2007) (finding that correspondence between the defendant and the FDA was sensitive information that should remain sealed to the public). AstraZeneca has a similar "legitimate interest in protecting non-public correspondence between it and the governmental agency primarily responsible for its regulation." *Id.*

  **WHEREFORE**, AstraZeneca respectfully requests that the Court grant its Unopposed Motion, and permit the filing under seal of AstraZeneca's Submission In Opposition To Plaintiffs' Notice Of Intent To File Emergency Motion For Sanctions For Discovery Abuse, as well as exhibits thereto, that reveal confidential information.

Dated: January 26, 2009.                    Respectfully submitted,

/s/ Fred T. Magaziner
Fred T. Magaziner
Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com
stephen.mcconnell@dechert.com

Chris S. Coutroulis
Florida Bar Number 300705
Robert L. Ciotti
Florida Bar Number 333141
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida  33607
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

**CERTIFICATE OF CONFERRAL**

In accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, I hereby certify that, as set forth in Paragraph 6 of the above-referenced motion, moving counsel conferred with Plaintiffs' Lead Counsel, and Plaintiffs do not oppose this Motion.

*/s/ Chris S. Coutroulis*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 26, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Chris S. Coutroulis*