# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation.**

Case No. 6:06-md-1769-Orl-22DAB

_____/

## ORDER

This cause came on for consideration of the facilitation of alternative dispute resolution in accordance with this Court's expressed policy of encouraging appropriate disposition before trial of many civil cases with resultant savings in time and costs to the litigants and to the Court without sacrificing the quality of justice to be rendered or the right of the litigants to a full trial in the event of an impasse following mediation. *See* Middle District of Florida Local Rule 9.01(b).

Therefore, pursuant to the authority under Rule 53, F.R. Civ. P., Professor Stephen Saltzburg is hereby appointed as Special Master for alternative dispute resolution in this Multi District Litigation. Within five (5) days, Professor Saltzburg shall file the certification contemplated under Rule 53(b)(3).

The primary duty of this Special Master (hereinafter "SM-ADR") is to assist the parties in supervised settlement consideration. Each side has designated a lead attorney as contacts for the Special Master. These designees shall have sufficient authority and knowledge to make commitments and carry them out to allow the Special Master to accomplish his duties.

The SM-ADR will be compensated at his standard hourly rate, to be split 50/50 between the sides. *See* Local Rule 9.02(f). The SM-ADR shall have the authority to act as a mediator, facilitator, conciliator; and otherwise. He has the authority to meet with both sides or *ex parte*,[1] he may suggest

---

[1] This authority includes the power to require attendance in person or by telephone any individuals whose participation in the process is deemed useful or necessary.

-2-

alternatives, analyze issues, question perceptions, use logic, conduct private caucuses, stimulate negotiations between opposing sides and keep order. *See* Local Rule 9.01(a). The SM-ADR should focus on the cases in the immediate trial groups, but has the authority to include mediation or other resolution of the full Multi District Litigation.

The SM-ADR shall regularly file a written report, in such format he deems most helpful, cognizant that "absent a settlement, the mediator will report only to the presiding judge as to whether the case settled, was adjourned for further mediation (by agreement of the parties), or that the mediator declared an impasse." *See* Local Rules 9.01(a), 9.06. The report may indicate if the SM-ADR requires additional authority or the actions taken to accomplish the tasks. The restrictions on the parties' use of information derived during the mediation conference shall apply. Local Rule 9.07(b). The first report shall be filed by February 16, 2009.

The parties are **ORDERED** to serve on the SM-ADR, their respective confidential mediation statements, including any documents for the SM-ADR to review, by **January 28, 2009.**

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record