# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation.

Cause No. 6:06-md-1769-Orl-22DAB

_____/

## MOTION TO SEAL AND NOTICE OF MOTION

COMES NOW, WILLIAM G. ROSCH, III, on behalf of EDWARD REPP, Movant (a non-party), and respectfully moves this Honorable Court to allow the sealing of certain described items and in support hereof would respectfully show unto this Honorable Court the following:

Pursuant to the Local Rules for the United States District Court, Middle District of Florida, Rule 1.09(a), EDWARD REPP, Movant (a non-party), hereby respectfully moves the Court for an Order allowing him to file under seal the following items set forth in *sealed* **Exhibit A**. Good cause exists for the filing of this motion and for the request to file items under seal.

This motion is based on the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In this multi-district litigation, Plaintiffs have sued Defendants for claims arising for alleged injuries from ingesting AstraZeneca's Seroquel, an atypical antipsychotic medication that allegedly can cause diabetes and related disorders.[1]

### II   COMPLIANCE WITH LOCAL RULE 1.09 REQUIREMENTS

(i). Identification and description of each item proposed for sealing is annexed to the "filed" motion.[2]

(ii). One or more of the items may be relevant to one or more of the legal or factual issues in this case.

(iii). Sealing each item, until further orders of the Court, is necessary because it is more likely than not that the items are relevant to the claims raised in the case. However, Movant is not sufficiently familiar with previous privilege assertions, discovery, disclosure, production and Confidentiality Orders

---

[1] The undesigned is not fully familiar with the substantive issues made the basis of claims or defenses. In fact, the undersigned's knowledge of the factual and procedural posture of the case can be best described as akin to the physical characteristics of the Platte River; a mile wide and an inch deep. Thus, to avoid setting out on some speculation binge, the introduction herein was lifted, literatim, from an order signed by United States Magistrate Judge David A. Baker on January 24, 2008.

[2] Characterization of items set forth in the attached *sealed* Exhibit A is not intended to infer either logical or legal relevance to any issue of the case. Rather, the index of items is intended as a guide only, and was created to comply with Local Rule 1.09(a)(i).

of the Court in the case and the relationship, if any, between or among, the items proposed for sealing and such privilege assertions, discovery, disclosure, production and Confidentiality Orders in the case.

(iv). Means other than sealing, until appropriate Orders of the Court issue, are unsatisfactory to preserve the interests of all parties, and potentially affected[3] persons.

(v). It is respectfully recommended that the proposed duration of the seal be sufficient for all parties and affected persons to have an opportunity to advance claims with respect to the items sealed, and for a reconciliation of competing interests.

## III  DISCUSSION

Middle District of Florida Local Rule 1.09(a) provides authority and guidelines to counsel seeking to file items under seal. Movant has complied with Local Rule 1.09(a)(i-v). Upon information and belief, there is good cause and legal authority supporting the relief.

This Court has the power to seal records to protect confidential and proprietary interests of the parties and affected persons. *See* Local Rule 1.09.

Though the courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598

---

[3] "Affected" in the "produce and effect" sense not the "assumed artificiality" sense.

(1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* As the Ninth Circuit put it,

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

In *Nixon*, the Supreme Court asserted that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## IV   CONCLUSION

For the foregoing reasons, Movant respectfully submits that good cause exists for the granting of the Motion to Seal and for an order requiring that items listed in the attached Exhibit A be filed under seal, and, therefore, Movant respectfully requests that the Court so order.

Dated: February 2, 2009.

WILLIAM G. ROSCH, III
ROSCH & ROSS
4605 Post Oak Place Dr., Suite 224
Houston, Texas 77027

713-222-9595 telephone
713-222-0906 fax
Email: rosch@rosch-ross.com

**ATTORNEY FOR MOVANT**

## CERTIFICATE OF SERVICE

I, William G. Rosch, III, hereby certify that on the 29th day of January, 2009, a true and correct copy of the Motion to Seal was provided by electronic means to the following:

Plaintiffs Liaison Counsel
Larry Roth
1615 Edgewater Drive, Suite 180
P. O. Box 547637
Orlando, Florida 32804
lroth@roth-law.com

Defendants Liaison Counsel
Chris Coutroulis
Carlton Fields
4221 West Boy Scout Blvd., Suite 1000
P. O. Box 3239
Tampa, Florida 33601-3239
ccoutroulis@carltonfields.com

_____
WILLIAM G. ROSCH, III