**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to:

    **ALL CASES**

MDL DOCKET NO:

    **6:06-MDL-1769-ACC-DAB**

<u>PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO
MAINTAIN THE CONFIDENTIALITY OF CERTAIN CHALLENGED
DOCUMENTS FILED UNDER SEAL AS EXHIBITS TO
PLAINTIFFS' MOTION RESPONSES (DOC. 1222)</u>

By Plaintiffs' count, the parties have filed over two dozen motions, responses, and

notices with the Court relating to the status and/or filing of documents and deposition

testimony designated by AstraZeneca as "confidential" under the Protective Order (Doc.

478).  Approximately <u>254 exhibits</u> along with most of Plaintiffs' filings to which they pertain

are presently before the Court, filed under seal.  The Court has repeatedly declared its

conviction that this is an open, taxpayer funded forum.  Yet today, the Court has

implemented new procedures facilitating future sealed filings.  Furthermore, whether any of

the sealed filings in fact deserve confidentiality protection has never been addressed or

decided by the Court.  At this juncture, AstraZeneca has carte blanche to designate any

document it wishes as confidential, and Plaintiffs are effectively helpless to prevent or

change unwarranted designations.

Plaintiffs' summary judgment and *Daubert* responses themselves, and most or all the

exhibits, have been filed under seal with the Court since November 24, 2008, never having

been filed of public record, despite the Court's earlier-expressed wishes.[1]   Plaintiffs

challenged the bases for AstraZeneca's confidentiality assertions regarding each of those

documents, prompting the filing of AstraZeneca's Motion to Maintain the Confidentiality of

Certain Challenged Documents Filed Under Seal (the "Motion," Doc. 1222).  Through its

Motion, AstraZeneca seeks to maintain the confidentiality of 59 unique exhibits, by

Plaintiffs' tally.

     As a preliminary matter, Plaintiffs do not contest AstraZeneca's ability or desire to

restrict access to those documents or portions of documents that contain true trade secrets or

otherwise protectable, confidential information—e.g., portions of the Investigational New

Drug application ("IND") for Seroquel that contain the formula for Seroquel, for example, or

even portions of the "call notes" to the extent that they reveal confidential marketing

strategies that are currently in use and otherwise protected from disclosure to its competitors

by AstraZeneca.

     However, as to the remaining collection of documents that AstraZeneca desires to

keep secret, AstraZeneca has set forth no sustainable legal basis for doing so.  Indeed, it is

apparent from the Motion that AstraZeneca's primary concern is the dissemination of

---

[1]     THE COURT:  Right, and before that redacted filing there would be a meet and confer where you—you know, probably a lot of that you'll be able to release from confidentiality.  So it doesn't need to be as redacted as everything that you've claimed during discovery.

And, again, that needs to be a good faith meet and confer, just as you said, you'll try to un-designate as much as you can . . . .

And, again, I recognize that you're operating under deadlines, but you should be able to do that within a short period of time after the sealed filings, so that we can have a public filing that . . . sort of mirrors as best we can what's under seal.

(Hr'g Tr., Nov. 5, 2008, at 12:8-23.)

*unfavorable* information about the Company, its inner-workings, and Seroquel.   That

concern, while understandable in a business context, finds no support in the law.   For the

reasons that follow, the Court should inspect *in camera* the documents listed in Exhibit A to

the Motion and unseal those documents, along with Plaintiffs' Omnibus summary judgment

and *Daubert* responses.

**I.**
**ARGUMENT & AUTHORITIES**

**A.**     <u>**AstraZeneca Has Not Met Its Burden To Maintain The Secrecy Of The Majority**</u>
<u>**Of Filings At Issue.**</u>

This Court has unequivocally admonished the parties since this litigation's inception

that broad orders regarding the sealing of documents such as that which AstraZeneca now

seeks ***would not issue***:

> This Court, and in general these two judges in particular, really
> disfavor the filing of things under seal or approving the filing
> of things under seal. And we will not approve a proposed order
> that allows you to file things under seal carte blanche . . . .
> [W]hen it comes to filing things ***you actually need to make a***
> ***real showing that it's entitled to some protection and not just***
> ***waiving your hands and saying trade secret or lab research or***
> ***something like that.***

(Tr. of Sept. 7, 2006 Pretrial Conference 22:12-22 (Conway, C.J.); emphasis added.)

> [J]ust so you're clear about what my attitude is, ***most of this—***
> ***just company stuff is not going to be worthy of filing under***
> ***seal.  And let me explain to you why.  There's a public policy***
> ***purpose that this is an open public forum.***

(Tr. of Aug. 22, 2007 Pretrial Conference 137:2-7 (Baker, M.J.); emphasis added.)

> [W]hat's happened here is what happens in most of these cases,
> . . . is everybody wants to designate almost everything as
> confidential ***and almost none of it really is***.  Now, I'm not
> prejudging anything here, but for walking around purposes,

> companies don't want people talking about stuff. ***But, when it's in litigation, there's really not very much that's protected from public disclosure because it's an open court. This is taxpayer funded. Here we are.***

(Tr. of Aug. 22, 2007 Pretrial Conference 136:18-25, 136:1-3 (Baker, M.J.); emphasis added.) The Court's attitude towards sealed filings comports with Local Rule 1.09(a), which expressly requires a showing *as a matter of law* that **each document** should be sealed by the proponent of the sealing. AstraZeneca's Motion makes no such particularized showing *as a matter of law* and instead casts broad, untailored arguments canvassing the vast majority of documents at issue—mostly identifying them as "commercially detrimental" or generating "unfair negative publicity."

Moreover, AstraZeneca's mere clinging to the Protective Order alone does not provide a legal basis for sealing documents from public view. While it "has become commonplace . . . [for] parties [to] stipulate to . . . protective order[s] allowing each other to designate particular documents as confidential and subject to protection" pursuant to Rule 26(c)(7), *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001), "calling a document confidential does not make it so in the eyes of the court," *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1362 (N.D. Ga. 2002). "[T]hese consensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved . . . ." *Id.*

Pursuant to Federal Rule of Civil Procedure 26(c), AstraZeneca bears the burden of establishing confidentiality and likewise overcoming the presumption of discoverability. *See id.* ("Once challenged, . . . any decision to enter a Rule 26(c) protective order must be construed in light of the presumption in favor of public access to the courts."); *see also, e.g.*,

*Chicago Tribune*, 263 F.3d at 1307; *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("What happens in the halls of government is presumptively public business.  Judges deliberate in private, but issue public decisions after public arguments based on public records.").

Rule 26(c)(1)(G) requires that AstraZeneca prove the information at issue is either a trade secret or "other confidential research, development, or commercial information."  The Rule's "good cause" standard for establishing confidential protection of such information requires that a host of "commonly accepted criteria" be met.  *See Chicago Tribune*, 263 F.3d at 1313.  Coupled with the Rule 26 standard, the Eleventh Circuit has imposed a balancing of interests test.  *See In re Alexander Grant & Co.*, 820 F.2d 352, 356 (11th Cir. 1987) (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985), for the proposition that "[w]hile Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule").  "This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential."  *Chicago Tribune*, 263 F.3d at 1313.

AstraZeneca simply cannot meet those tests with respect to the majority of documents in question.  AstraZeneca is unable to establish that the exhibits contain trade secrets or confidential information entitled to protection under Federal Rule of Civil Procedure 26(c). The mere labeling of information as "proprietary" or "commercial information" is insufficient to establish the information as confidential or as containing trade secrets so as to warrant protection under court order or the federal rules. *See Camp Creek Hospitality Inns,*

*Inc. v. Sheraton Franchise Corp., ITT*, 139 F.3d 1396, 1411, n.25 (11th Cir. 1998) ("We are cognizant of the fact that not all confidential information rises to the level of a trade secret."). In previous submissions on the issue of confidentiality of documents, AstraZeneca has failed to address the "commonly accepted criteria that define [trade secrets]," which the Eleventh Circuit requires a party seeking to enforce such confidentiality designation to establish: "that [the defendant] must have consistently treated the information as closely guarded secrets, that the information represents substantial value to [the defendant], that it would be valuable to [the defendant's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Chicago Tribune*, 263 F.3d at 1313-14 (remanding to district court where defendant failed to prove the existence of trade secret but instead submitted an overly conclusory affidavit and privilege log).

Importantly, a large number of the exhibits in question have been used as exhibits in deposition where lawyers for AstraZeneca's competitors Eli Lilly & Company, Inc. ("Lilly") and Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("Janssen") were present and privy to many if not most of the so-called confidential, "sensitive" documents and/or testimony about those documents. For example, of the documents listed in Motion Exhibit A, lawyers for Lilly and Janssen were present during Wayne Geller's examination over Nos. 4, 18, 27, 28, 30, and 33. Similarly, Lilly and Janssen representatives were present during the examination of Wayne Macfadden and were exposed to Exhibit A Nos. 4, 12, and 13. In fact, Lilly and Janssen representatives attended most if not all of the AstraZeneca corporate representative depositions that Plaintiffs took. In light of AstraZeneca's willing disclosure of the above and other "top secret" documents to its competitors, it is difficult to imagine that any of the

documents at issue could fairly be characterized as "closely guarded secrets."  Were Lilly's and Janssen's attorneys actually not going to discuss the deposition contents with their clients?  That seems remarkably unrealistic.[2]

Even if AstraZeneca proves that the documents in question are entitled to trade secret protection, the documents would still not be entitled to protection under the requisite balancing of interests analysis as discussed above.  *See e.g*., *Chicago Tribune Co*, 263 F.3d at 1314-15 (holding that even if the district court determined that documents do in fact contain trade secrets, the court must nevertheless balance the party's interest in keeping the information confidential against its adversary's interest in disclosure).  As described in this response, the public's right to access those judicial records outweighs AstraZeneca's interest in secrecy.

Finally, a large number of the documents are 6-10 years old or older.  They evidence the company's internal knowledge regarding the safety and efficacy of Seroquel—a drug that has been on the market since 1997—from its inception.  It is difficult to envision what advantage such antiquated documents might offer AstraZeneca's competitors, most of which are embroiled in their own litigation over this controversial class of drugs.  *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559, 574-75 (E.D.N.Y 1985) ("***An important factor in determining whether disclosure will cause competitive harm is whether the information that the party seeks to protect is current or stale.***") (emphasis added); *United States v. Int'l Bus. Machs. Corp.*, 67 F.R.D. 40, 48-49 (S.D.N.Y. 1975) (holding that information 3-15 years old was stale and not entitled to protection); *Rosenblatt v. Northwest*

---

[2]     Given additional time, Plaintiffs are able to supply the Court with the identification of numerous other documents that were exposed to Lilly and Janssen representatives.

*Airlines, Inc.*, 54 F.R.D. 21, 23 (S.D.N.Y. 1971) (deeming need for court's protection diminished because information was one year old); *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 311 (N.D. Cal. 2005) (applying Fed. R. Civ. P. 26(c) and determining that letter from surgical gel manufacturer's employee to third party consultant transmitting information for animal study to be performed did not constitute trade secret, where letter was ten years old**,** manufacturer had made publicly available substantial information and data concerning subject of test, and there was no evidence that information was proprietary). Even more difficult is determining what "value" there is in such documents at this point in time vis-a-vis "the effort of [their] creation and lack of dissemination." *Chicago Tribune*, 263 F.3d at 1313-14. However, that is for AstraZeneca, not Plaintiffs, to establish.

Thus, public filing here is warranted by the simple fact that in this open forum, the public has no access to key components of the Court's litigation docket in this case, even where the documents in question are undeserving of protection from disclosure. It is AstraZeneca's burden to prove the documents are entitled to protection, and it has not met that burden.

**B.   This Court's Prior Order Establishes A Legitimate Litigation Need To Evaluate Confidentiality Claims Relative To The Documents At Issue.**

Generally speaking, Plaintiffs have repeatedly articulated litigation needs for overturning AstraZeneca's broad confidentiality designations, such as obstacles in using documents in depositions (*see* Doc. 1016 at 1-8 & n.6) and retaining potential testifying or consulting experts (*see* Doc. 1042 at 40-42.). Importantly, the "litigation need" tenet through which AstraZeneca (always) attempts to stifle Plaintiffs' efforts to file AstraZeneca's documents of public record is not part of the parties' agreed Protective Order, signed by the

Court in September 2007 (Doc. 478).   Instead, that supposed additional prerequisite to challenging confidentiality designations arose from a subsequent Order (Doc. 870), in which the Court sought to limit the parties' respective confidentiality challenges and rebuttals because of strained judicial resources.  (Doc. 870 at 3.)

However, the basis for the Court's subsequent Order (Doc. 870) was Local Rule 3.03, which states that discovery should not be filed with the Court unless it is "necessary to the presentation or consideration of a motion to compel, *motion for summary judgment*, a motion for injunctive relief, or other similar proceedings."  L.R. 3.03 (d) (emphasis added).  (*See* Order, Doc. 870, at 3.)  From the Local Rule, the Court determined that the parties should not be permitted to challenge confidentiality for its own sake, but only when necessary to file motions and responses such as those referenced in the Rule.[3]  Here, the documents in question are all exhibits to Plaintiffs' summary judgment and *Daubert* responses, as noted. Pursuant to the Court's prior Order, Plaintiffs have thus established a litigation need *per se*, justifying the Court's review of the legitimacy of the confidential status of the documents. (Doc. 870.)

Looking forward, at least one additional, general litigation need is foreseen.  Plaintiffs will continue to be hamstrung in their efforts to describe for the Court in public filings those

---

[3]          Rather, in accordance with Local Rule 3.03, discovery is not to be filed with the Court in the public record, unless it is "necessary to presentation and consideration of a motion to compel, etc."  Middle District of Florida, Local Rule 3.03.   Implicit in the meaning of "any reason" [to challenge confidentiality designations, as provided in the Protective Order] is that there is a controversy which arises from or involves the documents marked confidential, something more than simply a controversy over the document's status as confidential.

(Doc. 870 at 3.)

issues raised by or through the contents of AstraZeneca documents without fear of violating the Protective Order, such as the issues identified in Plaintiffs' recently filed Emergency Motion for Sanctions (Doc. 42 in the *Guinn* and *Haller* cases).  In fact, the Court ruled that the Motion for Sanctions complied with the Protective Order and did not necessitate sealing. (Order, Doc. 1248, at 3.)   Yet, in other instances, Plaintiffs may feel compelled to file motions, responses, and the like, along with exhibits, unnecessarily under seal to avoid being tripped up by the Protective Order, all without the Court ever having determined that the documents at issue warrant any protection.   At least with respect to the documents in question here—many of which are likely to be exhibits to Plaintiffs' upcoming summary judgment and *Daubert* responses for Trial Group Two—the Court should carefully evaluate the merits of those sealed filings.

C.     **AstraZeneca's Motion Is Devoid Of Legal Authority Supporting The Perpetuation Of The Sealed Filings.**

AstraZeneca further argues that FDA's "heav[y] regulat[ions] [concerning] what information about public prescription products is disseminated to the public" prevents filing the documents at issue in the public record.  Yet, AstraZeneca cites not a single regulation, statute, or case that is on all fours with the proposition.  Indeed, it is beyond ironic that, in claiming that the information should not be revealed to the public out of concern for "public safety" and to prevent "confusion and alarm in patients," AstraZeneca cites the *Zyprexa* litigation, which recently held that the *unsealing* of previously confidential Eli Lilly documents was necessary to *protect* the court's legitimate interest in the health of hundreds of thousands of Zyprexa users:

Unsealing accords with this country's general policy of public accessibility of court records. *See Nixon v. Warner Communication*, 435 U.S. 589, 597 . . . (1978) (recognizing a "general right to inspect and copy public records and documents, including judicial records and documents."). Documents may be protected under Rule 26(c) of the Federal Rules of Civil Procedure if the court finds that there is "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G).   But "[d]ocuments that are properly protected under Rule 26(c)(7) should nonetheless be declassified unless defendant demonstrates an extraordinary reason to keep them under seal."  Order 7-8, Mar. 30, 2007, Docket No. 04-MD-1956, Docket Entry No. 1227.  Lilly's legitimate interest in confidentiality does not outweigh the public interest in disclosure at this stage of the litigation. *Gamble v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) ("A district court that concludes that there is a public right of access to judicial documents . . . acts within its jurisdiction when it modifies or vacates a protective order to allow that access").  The documents are now so outdated that unsealing will not significantly harm Lilly.

Public access is . . . advisable because this litigation involves issues of great public interest, the health of hundreds of thousands of people . . . [and] fundamental questions about our system of approval and monitoring of pharmaceutical products . . . .  [P]ublic disclosure, congruent with our long tradition of open courts, is desirable.  *See In re Zyprexa Injunction*, 474 F.Supp.2d 385, 394-95 (E.D.N.Y.2007); *see, e.g., In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559, 572 (E.D.N.Y.1985), aff'd 821 F.2d 139 (2d Cir.1987) (declassifying documents upon a showing "that the need for disclosure outweighs the need for further protection"); *see also In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir.1987) ("It is undisputed that a district court retains the power to modify or lift protective orders that it has entered."); Monograph, *Individual Justice in Mass Tort Litigation* 66-72 (1995); Aaron Twerski, *et al.*, *Secrecy and the Civil Justice System*, 9 J. of L. & Pol'y, 51, 51-107 (2000); Note, *Secrecy in Civil Trials: Some Tentative Views*, 9 J. of L. & Pol'y 53

> (2000); Catherine Wimberly et al., *Secrecy in Law and Science*,
> 23 Cardozo L. Rev. 1 (2001). Some documents have already
> been released. *See In re Zyprexa Injunction*, 474 F.Supp.2d 385
> (E.D.N.Y.2007). Most are so old as to be unlikely to reveal
> current secrets.

*In re Zyprexa Prods. Liab. Litig.*, 263 F.R.D. 69, 208-209 (E.D.N.Y. 2008).  Just as plaintiffs alleged in the *Zyprexa* MDL, Plaintiffs in this litigation likewise allege that AstraZeneca failed for years to share its knowledge regarding the significantly increased risk of weight gain, hyperglycemia, and diabetes mellitus with the FDA, prescribing physicians, or the general public, despite legal obligations that it do so.  Through unwarranted confidentiality protections, the secrecy of these proceedings sought by AstraZeneca may prevent Seroquel doctors and patients from soon (or ever) learning of the dangers inherent in that drug, much less patients' seeking timely redress of their injuries.

## II.
## CONCLUSION

For the foregoing reasons, the Court should deny AstraZeneca's Motion, and require the public filing of Plaintiffs' Omnibus summary judgment and *Daubert* responses, together with the exhibits accompanying those filings.

DATED:  February 2, 2009                    Respectfully submitted,

                                            By:    /s/ K. Camp Bailey
                                                   F. Kenneth Bailey Jr.
                                                   K. Camp Bailey
                                                   Fletcher V. Trammell
                                                   Robert W. Cowan
                                                   **BAILEY PERRIN BAILEY**
                                                   440 Louisiana St., Suite 2100
                                                   Houston, Texas 77002
                                                   (713) 425-7100 Telephone
                                                   (713) 425-7101 Facsimile
                                                   kbailey@bpblaw.com
                                                   cbailey@bpblaw.com
                                                   ftrammell@bpblaw.com
                                                   rcowan@bpblaw.com
                                                   **Co-Lead Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on this 2nd day of February, 2009 I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO MAINTAIN THE CONFIDENTIALITY OF CERTAIN CHALLENGED DOCUMENTS FILED UNDER SEAL AS EXHIBITS TO PLAINTIFFS' MOTION RESPONSES (DOC. 1222) with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.


                                            /s/  Robert W. Cowan
                                            Robert W. Cowan

**CM/ECF SERVICE LIST**
(Updated April 2, 2008)

In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 – Orlando – 22DAB

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** |

| | |
|---|---|
| Robert L. Ciotti<br>Chris S. Coutroulis<br>Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>***Counsel for Defendants AstraZeneca***<br>***Pharmaceuticals, L.P, and AstraZeneca*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |

| | |
|---|---|
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Counsel for Defendant, Marguerite Devon French*** |
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |

| | |
|---|---|
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com<br>shane.prince@dechert.com<br>cheryl.inwek@dechert.com<br>Eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com<br>michelle.kirscEh@dechert.com<br>elliot.gardner@dechert.com<br>gretchen.sween@dechert.com<br>iliano.guerrero@dechert.com<br>Amanda.lanham@dechert.com<br>Christina.keddie@dechert.com<br>Elizabeth.kimmelman@dechert.com<br>Nathaniel.bessie@dechert.com<br>Margaret.osborne@dechert.com<br>Brennan.torregrossa@dechert.com<br>Elliot.walker@dechert.com<br>Stephen.mcconnell@dechert.com<br>***Counsel for Defendant AstraZeneca Ph.*** |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA  92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN  55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

**NON-CM/ECF SERVICE LIST**

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |

| | |
|---|---|
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH  44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY  42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN  55402 | John Hawkins |
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |

| | |
|---|---|
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL 33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La 70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA 22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA 22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La. 70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas 75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402 |

| | |
|---|---|
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |
| James J. Walker<br>Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Seth Webb<br>Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |