A CERTIFIED TRUE COPY
ATTEST

By Dana Stewart on Feb 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
Feb 10, 2009

2009 FEB 11 AM 9:46

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION

| | |
|---|---|
| Pennsylvania Employees Benefit Trust Fund v. AstraZeneca Pharmaceuticals, LP, E.D. Pennsylvania, C.A. No. 2:08-4787 | MDL No. 1769 |

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in this Eastern District of Pennsylvania action moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Middle District of Florida for inclusion in MDL No. 1769. Defendant AstraZeneca Pharmaceuticals LP opposes the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Middle District of Florida, and that transfer of this action to the Middle District of Florida for inclusion in MDL No. 1769 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Middle District of Florida was a proper Section 1407 forum for actions involving claims of injury related to the prescription drug Seroquel. *See In re Seroquel Products Liability Litigation*, 447 F.Supp.2d 1376 (J.P.M.L. 2006).

Plaintiff argues against transfer, *inter alia*, that this action, in which a third-party payor seeks economic damages stemming from an allegedly fraudulent marketing scheme involving the pharmaceutical Seroquel, does not share sufficient questions of fact with the personal injury claims in most of the previously centralized actions in MDL No. 1769, which primarily arise from product defect and failure to warn, to warrant transfer. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Regardless of any differences in legal theory, the present claims still arise from representations about the safety of Seroquel and its adverse effects, in particular, the incidence of diabetes and related diseases in users. Moreover, the Panel has already transferred actions to MDL No. 1769 which, like the present one, involve claims for economic damages. Inclusion of these claims in MDL No. 1769 has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that prevents repetition of previously considered matters and allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). Whenever the transferee judge deems remand

---

[*] Judge Hansen took no part in the decision of this matter.

- 2 -

of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Anne C. Conway for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen* |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |