# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to:

### *Trial Group One Plaintiffs*

**MDL DOCKET NO:
6:06-MDL-1769-ACC-DAB**

---

### PLAINTIFFS' COMBINED SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANTS' *DAUBERT* AND SUMMARY JUDGMENT MOTIONS, AND PLAINTIFFS' INCORPORATED RULE 56(f) MOTION FOR CONTINUANCE

In light of recent specific causation *Daubert* and summary judgment opinions issued by the Court within the past two weeks,[1] most recently last Friday, February 6, 2009, the remaining Trial Group One Plaintiffs ("Plaintiffs") file this Supplemental Memorandum in Response to Defendants' *Daubert* and Summary Judgment Motions. For good cause shown, respectfully request the relief described in this Motion under Federal Rule of Civil Procedure 56(f)—i.e., a continuance of approximately 60 days to designate additional specific causation experts and serve reports, to conduct depositions, and to file and respond to specific causation *Daubert* and summary judgment briefing. Pursuant to L.R. 3.09(d), each Plaintiff on behalf of whom this Motion is filed, has been informed of the Motion and has consented to it. Plaintiffs would respectfully show the Court as follows:

---

[1] Order of Jan. 30, 2009, *Guinn v. AstraZeneca Pharm. LP, et al.*, No. 6:07-cv-10291 (Doc. 47); Order of Feb. 6, 2009, *Haller v. AstraZeneca Pharm. LP, et al.*, No. 6:07-cv-15733 (Doc. 50).

# I.

## BACKGROUND

On January 11, 2008, the Court entered Case Management Order No. 5, establishing a bellwether trial program consisting of Florida-resident Plaintiffs' cases. (Doc. 792.)  The Court approved 12 cases for inclusion in Trial Group One on July 14, 2008.  (Doc. 1044.)  General causation, specific causation, and/or damages experts for all 12 cases were diligently researched, interviewed, and identified, and Plaintiffs designated their expert witnesses and served expert reports by early September 2008.  (Doc. 1059.)  Plaintiffs' designated experts then had between September 15, 2008 and October 3, 2008 to sit for their depositions, several of which extended multiple days.  (*Id.*)  Plaintiffs responded to Defendants' summary judgment and *Daubert* motions on November 24, 2008.  (*Id.*; *see, e.g.,* Doc. 1158.)  On January 6, 2009, the Court ordered that Plaintiffs Guinn's and Haller's specific causation experts appear for a *Daubert* hearing commencing on January 14, 2009.  (Doc. 1189.)  On January 14, 2009, Brian Tulloch, M.D. appeared and testified as Plaintiff Haller's specific causation endocrinologist. On January 15, 2009, Israel Jack Abramson, M.D., Plaintiff Haller's case-specific psychiatrist, and Jennifer Marks, M.D., Plaintiff Guinn's case-specific endocrinologist, appeared and testified before the Court.  (K. Camp Bailey Aff. ("Bailey Aff.), attached as Exhibit A, ¶ 3.)

As evidenced by the Court's recent opinions in the *Guinn* and *Haller* cases, the Court rejected those plaintiffs' specific causation experts' methodologies and approach to proof under the Florida specific causation standard.  However, as the Court stressed in its Orders, those rulings were strictly confined to the application of Florida law to the specific facts of the cases, and the opinions were "in no way intended to prevent a full

and fair evaluation of the specific facts of each of the other cases involved in this litigation." (*Guinn* Doc. 47 at 15; *Haller* Doc. 50 at 67.)

There is no dispute that diabetes is by its nature a multi-factorial disease—Plaintiffs' and defense experts agree on that point.  It is hornbook law that a combination of causative factors—as with nearly any disease or medical condition for which a person seeks a legal remedy in tort—necessarily triggers "concurrent causation" analysis.[2] Plaintiffs maintain that Florida's "substantial contributing factor" test supplants "but for" (sole) causation in such cases.  *See, e.g.*, *Christopher v. Cutter Labs*, 53 F.3d 1184, 1191 (11th Cir. 1995) (interpreting Florida causation law and holding, in a multi-factorial disease case (HIV), that "plaintiffs must show that it is 'more likely than not' that the defendant's act was a substantial factor in bringing about the injury"); *Stahl*, 438 So. 2d at 19 ("In . . . 'concurrent cause' cases, the Florida courts have abandoned *sub silientio* the 'but for' test and have employed instead a 'substantial factor' test for the obvious reason that adherence to the 'but for' test in this limited type of case leads to anomalous and unacceptable results."); *Gen. Tel. Co. v. Choate*, 409 So. 2d 1101, 1104 n.2 (Fla. Ct. App. [2d Dist.] 1982) ("The Florida Supreme Court seems to have modified the traditional 'but for' test to the more modern 'substantial factor' test in cases with separate concurrent causes of the injury."); *cf. Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1369 (S.D. Fla. 2008) ("Florida courts follow the 'but for' causation-in-fact test as to injuries that do not result from separate concurrent causes.").  Plaintiff Guinn's and

---

[2]     *See, e.g.*, *Stahl v. Metropolitan Dade County*, 438 So. 2d 14, 18 (Fla. Ct. App. [3d Dist.] 1983) ("'The defendant sets a fire, which merges with a fire from some other source; the combined fires burn the plaintiff's property, but either one would have done it alone.'" (quoting W. Prosser, Handbook of the Law of Torts § 41, at 239 (4th ed. 1971))); *id.* ("Restricted to the question of causation alone, and regarded merely as a rule of exclusion, the 'but for' rule serves to explain the greater number of cases; but there is one type of situation in which it fails.  If two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed.").

Haller's expert witness reports and deposition testimony were guided largely, if not exclusively, by the "substantial factor" test based on the foregoing reasonable interpretation of Florida law.[3]

Nevertheless, in both the *Guinn* and *Haller* Orders, the Court determined that the causation standard applicable to "concurring causes" is, "at best, unsettled" under Florida law.  (*Guinn* Doc. 47 at 11; *Haller* Doc. 50 at 65.)  The Court found, however, that evidence of specific causation was lacking in those two cases under either the "but for" or "substantial factor" test.  For example, the Court determined with respect to the *Haller* case that no reasonable juror could conclude, based on Drs. Tulloch's opinion, "that Seroquel was the 'but for' cause of, or even a factor that contributed substantially to, diabetes in Haller."  (*Haller* Doc. 50 at 65.)  Similarly, the Court found that Dr. Marks was unable to conclude that "but for Guinn's ingestion of Seroquel and the weight gain accompanying it," Guinn never would have developed diabetes, while also finding there was no evidence in the record "from which a reasonable juror could conclude that Seroquel contributed substantially to producing Guinn's injury."  (*Guinn* Doc. 47 at 11-

---

[3]     *Compare State v. Hubbard*, 751 So. 2d 552, 567 (Fla. 1999) (holding that in the criminal law context, "where 'two causes, each alone sufficient to bring about the harmful result, operate together to cause it,' the 'but for' test becomes impossible to prove.  In these circumstances, the State may prove 'cause-in-fact' causation by demonstrating that the defendant's conduct was a 'substantial factor' in bringing about the harm." (internal citations omitted)), *with Eversley v. State*, 748 So. 2d 963, 967 (same), *and Owens-Corning Fiberglas Corp. v. Terwilliger*, 599 So. 2d 130, 132 (Fla. Ct. App. [3d Dist.] 1992) ("'Properly viewed, then, Florida follows the 'but for' causation-in-fact test in negligence cases, as modified by the limited 'substantial factor' exception applicable only in those concurring causes cases where each of the said concurring causes could have alone produced the plaintiff's injury'" (quoting *Stahl*, 438 So. 2d at 19)), *and Barrow v. Bristol-Myers Squibb*, No. 96-689-CIV-ORL-19B, 1998 WL 812318, at *36 (M.D. Fla. Oct. 29, 1998) ("However, in those cases in which each of two or more concurring causes could alone have produced the plaintiff's injury, the court will apply the 'substantial factor' test for causation-in-fact."); *see also Tieder v. Little*, 502 So. 2d 923, 925-26 (Fla. Ct. App. [3d Dist.] 1987) ("There is, however, a 'substantial factor' exception to the 'but for' test where two causes concur to bring about an event in fact, either one of which would have been sufficient to cause the identical result.  In that narrow circumstance, it is settled that a '[d]efendant's conduct in an action for personal injuries is considered a case [in fact] of the event if it was a material and substantial factor in bringing it about.'" (quoting *Loftin v. Wilson*, 67 So. 2d 185, 191 (Fla. 1953)) (internal citation omitted)).

14.)  Thus, it is unclear whether the Court will require Plaintiffs' experts to meet the "but

for" or "substantial factor" tests, or both, to survive future *Daubert* and summary

judgment motions.

Prior to the Court's issuance of the *Guinn* and *Haller* summary judgment Orders,

Plaintiffs' counsel advised the Court on January 28, 2009 that based on the Orders, there

may be additional summary judgment evidence as to specific causation with which

Plaintiffs may seek to supplement the summary judgment record—e.g., through

declaration of Plaintiffs' designated specific causation experts.  (Tr. Hr'g, Jan. 28, 2009,

at 29:7-12.)  In response, the Court expressed its strong view that testimony by Plaintiffs'

specific causation experts made after the experts' reports issued, depositions were taken,

and summary judgment motions were filed, would be viewed with disfavor to the extent

it constituted "new" opinion evidence, and it would not be considered by the Court if

deemed "[in]appropriate" under *Daubert*.  (*Id.* at 29:13-30:3.)  The Court instructed,

"That's not how *Daubert* is supposed to work."  (*Id.* at 29:19.)  Ultimately, the Court

admonished Plaintiffs' counsel to "think before you file something."  (*Id.* at 30:8.)[4]

---

[4]         MR TRAMMELL: Obviously, based on your ruling we might – I mean, there will be information that will supplement the existing record.  So there will be new summary judgment evidence.

THE COURT: As to specific causation?

MR. TRAMMELL: As to specific causation.

THE COURT: Well, see that's one of the problems with this case.  You have your expert give an opinion.  They take a deposition based on the opinion, which some of them have just been spoonfed by the plaintiffs, when they file their motion for summary judgment, you have a declaration and then the Daubert hearing is all new stuff.  That's not how Daubert is supposed to work.

\*   \*   \*

THE COURT: I just don't want to get a whole bunch of motions to strike from the defendants because – I want you to think before you file something.

(Tr. Hr'g, Jan. 28, 2009, at 29:7-30:8.)

## II.
## ARGUMENT & AUTHORITIES

Looking forward, the Court's uncertainty as to the applicable Florida specific causation test and the *Guinn* and *Haller* opinions may subject Plaintiffs' cases to prejudicial summary judgment. The unmistakable implication of the *Guinn* and *Haller* rulings is that Plaintiffs' specific causation experts may be held to the "but for" standard, notwithstanding the "unsettled" nature of Florida law or whether they satisfy the "substantial factor" test. Should the Court find that those experts' opinions are improperly and insufficiently limited to "substantial factor" causation, and their opinions fail to meet the "but for" test, the Court may resolve to summarily dispose of those cases.

**A.    Leave To Conduct Additional Expert Witness Discovery Eliminates Prejudice Stemming From The Court's *Guinn* And *Haller* Decisions.**

Plaintiffs vigorously contend that 'but for' causation is a wholly improper, inferior standard for concurring cause cases such as these, and that the overwhelming weight of Florida and other jurisprudence supports Plaintiffs' position. In addition, Plaintiffs respectfully disagree with the Court regarding the aptness of particularized inquiries the Court made of plaintiffs' specific causation experts in *Guinn* and *Haller*, such as whether the expert must quantify the relative contributions of other risk factors versus Seroquel's contribution to Plaintiffs' injuries, (*Guinn* Doc. 47 at 13), whether other risk factors as to the cause of diabetes must be ruled out (*id.* at 14), whether the expert must determine if other risk factors of diabetes were the sole cause (*Haller* Doc. 50 at 53 n.263), whether the expert must identify an 'exact mechanism' by which the drug caused the Plaintiffs' diabetes (*id.* at 58), whether the expert must opine that Plaintiff never would have suffered the same injury absent his ingestion of the drug (*id.* at 60), whether a multi-factorial disease can ever be a provable, recoverable injury under

this interpretation of Florida law (*id.* at 59-60 & n.282), or whether any doctor (or expert) utilizing the same general process used by medical professionals to reach opinions as to diagnosis, prognosis, and course of treatment (i.e., differential diagnosis) can ever be used to determine the cause of diabetes in any individual (*id.* at 45 n.252).

Absent a different approach to Plaintiffs' cases than that currently spelled out in the governing Case Management Orders, prejudicial summary judgments may result. Indeed, summary disposition of Plaintiffs' cases based on the specific causation standard set forth in *Guinn* and *Haller*—effectively because of Plaintiffs' cases' (unfortunate) sequencing and preparation with the *Guinn* and *Haller* cases—contravenes due process and a fundamental purpose of the Court's bellwether trial program.  In other words, individual causation in Plaintiffs' cases may effectively be predetermined by the fact that those cases were mandatorily and simultaneously prepared for trial alongside *Guinn* and *Haller*, enjoying no benefit from Court's instructions in *Guinn* and *Haller* that the remaining Florida Trial Pool cases may enjoy.  *Compare Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 319 (5th Cir. 1998) (interpreting Texas law as requiring that "causation must be determined as to individuals, not groups"), *with Berry v. CSX Transp., Inc.*, 709 So. 2d 552, 557 (Fla. Ct. App. [1st Dist.] 1998) (recognizing that "specific causation" requires proof that "the substance did cause the disease in a *specific individual*" (citing Federal Judicial Center, *Reference Manual on Scientific Evidence*, 126 (1994))) (emphasis added).

It is without question that a bellwether trial program's core function is "clarifying and streamlining the relevant issues."  *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1007-1008 (9th Cir. 2008) (observing that "bellwether trial was meant to be a

'learning process'" and to "establish the relative strengths and weaknesses of the parties"), *cert. denied*, *E.I. Du Pont de Nemours & Co. v. Stanton*, 129 S. Ct. 762 (2008). And, while "[a] bellwether trial designed to answer . . . troubling causation or liability issues *common* to the universe of claimants has as a core element representativeness," it may not "properly be used to determine *individual* causation and damages for other plaintiffs."  *Cimino*, 151 F.3d at 318 (emphasis original, citation and internal quotation marks omitted).  The Manual for Complex Litigation also adds that while "[r]ulings on motions under Federal Rule of Civil Procedure 12 and 56 may be deemed to apply" to other cases in the complex proceeding, "parties should not, however, be automatically precluded from presenting special issues or requests in individual cases by supplemental pleadings, motions, and arguments."

Without a fair opportunity for Plaintiffs to meet causation standards set forth only days ago in *Guinn* and *Haller*, the Court's opinions can have no instructive effect with respect to those cases, but may simply lead to further summary dispositions.  Millions of dollars in legal fees and countless hours of the Court's and attorneys' time will have been spent preparing those cases for trial.  Moreover, any prejudice to Defendants of conducting further specific causation expert testimony in light of the Court's opinions would pale in comparison to the prejudice suffered by Plaintiffs in having their cases dismissed.

**B.**     **Plaintiffs' Proposed Schedule Preserves The Work The Parties Have Already Committed To Trial Group One Cases While Minimizing Delay.**

Although Plaintiffs diligently used the discovery process, through timely identifying their experts, allowing for review of the tens of thousands of pages of medical records, clinical studies, peer-reviewed articles, and other relevant documents, and

generating expert reports—all in a greatly compressed period of approximately 39 business days—and subsequently and timely offering the experts for deposition, Plaintiffs did not reasonably anticipate the Court's recent interpretation of Florida specific causation law, given the multi-factorial nature of diabetes and Florida law on concurrent causation, nor did Plaintiffs know that the Court would deem Florida law on the issue to be, 'at best, unsettled.'   (Bailey Aff. ¶ 9.)   Further, as noted, the Court admonished Plaintiffs' counsel not to attempt to modify with 'new' opinion testimony Plaintiffs' specific causation experts' opinions that were already of record.   (Bailey Aff. ¶ 7.) Plaintiffs are left without a choice but to seek leave of the Court to conduct additional expert witness discovery in light of the Court's Orders.

In order to fairly incorporate the Court's interpretation of Florida specific causation law as announced in the Court's first two dispositive opinions in this litigation, without prejudicing the Plaintiffs and summarily dispensing with nearly a year of trial preparation in 5 cases, Plaintiffs request time to designate 1-2 additional case-specific expert witnesses per case in Trial Group One, and to complete attendant discovery. Plaintiffs contend that the bulk of that discovery may be completed within approximately 60 days, and that the next trial may be fully prepared in approximately 90 days.  Plaintiffs request that the Court enter the following schedule for completing additional specific-causation discovery:

| | |
|---|---|
| Trial Group One Plaintiffs designate 1-2 additional case-specific expert witnesses per case and provide reports | March 9, 2009 |
| Defendants' depositions of Plaintiffs' newly designated case-specific experts completed | March 30, 2009 |

| | |
|---|---|
| Defendants' combined case-specific *Daubert* and summary judgment motion on newly designated case-specific experts (one motion) | April 6, 2009 |
| Plaintiffs' combined case-specific *Daubert* and summary judgment response on newly designated case-specific experts (one response) | April 13, 2009 |
| *Daubert* hearings | Week of April 20, 2009 |
| Trial setting in Plaintiffs' next Florida trial selection | May 18, 2009 |

(Bailey Aff. ¶ 10.)

For good cause shown, Plaintiffs seek this relief from the Court not for delay only, but so that justice may be done. Plaintiffs cannot obtain the identified information from any other source. No trial date has been scheduled for the cases remaining in Trial Group One. (Bailey Aff. ¶ 11.)

### III.
### <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Plaintiffs' Rule 56(f) Motion for Continuance, and set a schedule for completion of specific causation expert witness discovery as described herein.

DATED: February 13, 2009             Respectfully submitted

By: ____ /s/ K. Camp Bailey _____
F. Kenneth Bailey Jr.
K. Camp Bailey
Fletcher V. Trammell
Robert W. Cowan
**BAILEY PERRIN BAILEY**
440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile

kbailey@bpblaw.com
cbailey@bpblaw.com
ftrammell@bpblaw.com
rcowan@bpblaw.com
***Co-Lead Attorneys for Plaintiffs***

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)

I HEREBY CERTIFY that prior to the filing of this Motion, Plaintiffs' counsel conferred with counsel for AstraZeneca on February 9, 2009 regarding the issues raised and relief requested in this Motion. The parties were unable to reach agreement or resolution regarding the relief sought in the Motion absent Court intervention.

/s/  Robert W. Cowan
Robert W. Cowan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February, 2009, I electronically filed the foregoing: PLAINTIFFS' COMBINED SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANTS' DAUBERT AND SUMMARY JUDGMENT MOTIONS, AND PLAINTIFFS' INCORPORATED RULE 56(f) MOTION FOR CONTINUANCE with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/  Robert W. Cowan
Robert W. Cowan

**CM/ECF SERVICE LIST**
**(Updated April 2, 2008)**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 – Orlando – 22DAB**

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** |
| Robert L. Ciotti<br>Chris S. Coutroulis | Mary B. Cotton<br>John D. Giddens, P.A. |

| Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>**Counsel for Defendants AstraZeneca**<br>**Pharmaceuticals, L.P, and AstraZeneca** | P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
|---|---|
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**Counsel for Defendant, Marguerite Devon**<br>**French** |

| | |
|---|---|
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH 43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com |

|  | shane.prince@dechert.com |
|  | cheryl.inwek@dechert.com |
|  | Eben.flaster@dechert.com |
|  | elizabeth.balakhani@dechert.com |
|  | michelle.kirscEh@dechert.com |
|  | elliot.gardner@dechert.com |
|  | gretchen.sween@dechert.com |
|  | iliano.guerrero@dechert.com |
|  | Amanda.lanham@dechert.com |
|  | Christina.keddie@dechert.com |
|  | Elizabeth.kimmelman@dechert.com |
|  | Nathaniel.bessie@dechert.com |
|  | Margaret.osborne@dechert.com |
|  | Brennan.torregrossa@dechert.com |
|  | Elliot.walker@dechert.com |
|  | Stephen.mcconnell@dechert.com |
|  | ***Counsel for Defendant AstraZeneca Ph.*** |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>**Counsel for Defendants AstraZeneca LP**<br>**and AstraZeneca Pharmaceuticals LP** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>***Plaintiff's Lead Counsel*** |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>**Plaintiffs' Liaison Counsel** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN  55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

## NON-CM/ECF SERVICE LIST

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas  77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN  38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY  10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/  70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA  70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ  85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN  37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN  47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL  35203 |

| | |
|---|---|
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH 44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY 42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE 19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX 77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN 37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA 19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN 46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR 72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402 | John Hawkins |

| | |
|---|---|
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |

| | |
|---|---|
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |
| James J. Walker | Seth Webb |

| | |
|---|---|
| Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |