UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

ASTRAZENECA'S MOTION TO COMPEL DISCOVERY DEPOSITION
OF PLAINTIFFS' EXPERT DONNA ARNETT, PH.D.

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP

("AstraZeneca") file this motion in response to the Court's February 11, 2009 Order

granting the parties' request for a briefing and argument schedule regarding further

proceedings in the MDL.  AstraZeneca intends to submit a separate memorandum

addressing all issues covered by the Order on or before the March 16, 2009 deadline.

However, in light of the Court's recent rulings on the *Daubert* motions, AstraZeneca files

this separate motion in advance of the March 16, 2009 deadline to address the discrete

issue of a deposition of Donna Arnett, Ph.D.

Specifically, AstraZeneca requests an order requiring Plaintiffs to produce Dr.

Arnett for a second discovery deposition within twenty days of the Court's ruling on this

motion.  A second deposition is necessary because Dr. Arnett has expressed multiple new

opinions in her November 24, 2008 Declaration, and AstraZeneca has not had the

opportunity to examine Dr. Arnett regarding her new opinions.  Unlike Drs. Wirshing,

Plunkett, Tulloch and Marks who were cross-examined at the *Daubert* hearings, Dr.

Arnett did not appear at these hearings.  Moreover, in each of the last two months,

Plaintiffs have cancelled Dr. Arnett's deposition on short notice in a state court Seroquel

case in Missouri, thus depriving AstraZeneca of an opportunity to explore her new opinions there. In support of this motion, AstraZeneca states as follows:

1.  Following AstraZeneca's *Daubert* motion, Dr. Arnett, like Plaintiffs' other expert witnesses, submitted a Declaration containing new opinions, and inconsistencies with prior opinions, that AstraZeneca should have the opportunity to explore. The new opinions in Dr. Arnett's Declaration change her testimony substantially. For example, in her first supplemental report, Dr. Arnett states that "limited data were provided in the NDA related to glucose, insulin, or other biochemical indices of metabolic risk." *See* Expert Report of Donna K. Arnett, Ph.D. (undated) attached as Exhibit 1. By contrast, in paragraph 1 of her Declaration, Dr. Arnett states that "it was not until I evaluated the NDA that I discovered that a wide range of metabolic risk factor data, such as dyslipidemia and glucose were collected in the randomized controlled trials included in the NDA." *See* November 24, 2008 Declaration of Donna K. Arnett, Ph.D., M.S.P.H. attached as Exhibit 2. Dr. Arnett's Declaration does not further identify the "wide range" of data to which she refers or otherwise explain any basis for her new conclusion that the "aggregate" of the NDA data "indicate a metabolic toxicity from Seroquel." *Id.*

2.  In addition, Dr. Arnett did not review either AstraZeneca's 2008 FDA Submission or Study 125 prior to her deposition, but she discusses both in detail in her Declaration. In paragraph 2 of her Declaration, Dr. Arnett calculates relative risks from the data in the 2008 FDA Submission relating to changes in glucose measurements. In paragraph 3, she discusses Study 125 in detail and claims that, despite the negative primary outcome, the results of this clinical trial actually support her opinions. Moreover, in paragraph 4, Dr. Arnett adds new opinions regarding alleged direct

mechanisms similar to the mechanism opinions Dr. Tulloch added in response to the Defendants' briefing. In paragraphs 7 and 10, Dr. Arnett offers new opinions on the CATIE clinical trials. These new opinions are not simply revisions or minor additions. Rather, Dr. Arnett's Declaration identifies data and includes her own calculations that constitute the core of her opinions.

      3.     Pursuant to Local Rule 3.01(g), AstraZeneca attempted to resolve the issue of Dr. Arnett's deposition with Plaintiffs. Plaintiffs responded that they would permit a second deposition of Dr. Arnett, but only after she issues an apparently forthcoming supplemental report and not within any particular timeframe. Given the history of prior efforts to schedule Dr. Arnett's deposition, discussed in the next paragraph, Plaintiffs' response indicating that Dr. Arnett would be made available at some unspecified future date appears to reflect a continuation of the gamesmanship that has plagued AstraZeneca's efforts to schedule and take this deposition. Moreover, Dr. Arnett's Declaration warrants a second deposition whether or not she issues a supplemental report, and Plaintiffs should not be permitted to delay indefinitely while Dr. Arnett allegedly prepares another supplemental report (Dr. Arnett already has produced an original report, a supplemental report and her Declaration). If a supplemental report is forthcoming, Plaintiffs should be required to produce it now and, in light of prior cancellations of Dr. Arnett's deposition, Plaintiffs should be required to produce Dr. Arnett for deposition within twenty days of an order on this motion.

      4.     As noted above, AstraZeneca's efforts to take Dr. Arnett's deposition after she submitted her Declaration have been unavailing. Following Dr. Arnett's MDL deposition in October 2008, Plaintiffs identified her as an expert witness in a case

pending in Missouri state court, *Rosas v. AstraZeneca*.  Because Dr. Arnett's deposition was scheduled in *Rosas*, AstraZeneca did not seek an additional deposition in these proceedings.  Dr. Arnett's deposition in *Rosas* was scheduled for January 29, 2009.  On January 26, 2009, Plaintiffs canceled the deposition "for scheduling reasons" and announced they were willing to produce Dr. Arnett for a deposition in *Rosas* one day after she testified in the MDL trial in *Guinn*.  After the Court granted summary judgment in *Guinn*, Plaintiffs re-scheduled and AstraZeneca noticed Dr. Arnett's deposition in *Rosas* for February 12, 2009.  Once again, however, Plaintiffs canceled the deposition, this time a day before the deposition.  Moreover, rather than agree to offer Dr. Arnett for a deposition on a later date, Plaintiffs withdrew her as an expert in *Rosas* rather than permit a deposition.  Accordingly, AstraZeneca seeks an order compelling Dr. Arnett's deposition within twenty days of a ruling on this motion rather than some unspecified future date that may never arrive.

5.      Because of the changes and inconsistencies in Dr. Arnett's opinions and Plaintiffs' refusal to make her available for deposition, an additional discovery deposition is necessary.  Plaintiffs already have made clear that they intend to call Dr. Arnett to testify, but AstraZeneca has not had the opportunity to fully and fairly explore the underlying bases for her opinions.  Accordingly, AstraZeneca respectfully requests that the Court order Plaintiffs to produce Dr. Arnett for an additional MDL deposition within twenty days of a ruling on this motion.

## M.D. Fla. Local Rule 3.01(g) Certification

AstraZeneca hereby certifies that it has conferred in good faith with opposing

counsel but that Plaintiffs and AstraZeneca were unable to resolve the issues raised by

this motion.  The results of the parties' conference are described above in paragraph 3.

DATED: February 13, 2009.

Respectfully submitted,

Steven B. Weisburd
David Venderbush
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com
david.venderbush@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 944-2222
stephen.mcconnell@dechert.com

/s/ Jane F. Thorpe
Jane F. Thorpe
Scott A. Elder
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
jane.thorpe@alston.com
scott.elder@alston.com

/s/ Chris S. Coutroulis
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at Int'l Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

Joe G. Hollingsworth
SPRIGGS & HOLLINGSWORTH
1350 I St. N.W.
Washington, D.C. 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
jhollingsworth@spriggs.com

*Counsel for AstraZeneca LP and*
*AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 13, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ Chris S. Coutroulis
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at Int'l Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com