```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    ORLANDO DIVISION

IN RE:

SEROQUEL PRODUCTS LIABILITY LITIGATION,

MDL DOCKET NO. 1769

----------------------------------------------------------

                     January 28, 2009

                  Transcript of Proceedings
                     HEARING ON MOTIONS

            Before the Honorable DAVID A. BAKER
                 United States Magistrate Judge


APPEARANCES:

For the Plaintiffs:          Fletch Trammell
                               Larry M. Roth
                               Robert Cowan


For the Defendants:          Chris Coutroulis
                               Earl Austin
```

Proceedings recorded by mechanical stenography,
transcript produced with computer-aided transcription.

ANTHONY ROLLAND
407.760.6023

```
1                   P R O C E E D I N G S

2                   (CASE CALLED.)

3                   THE COURT:  All right.  There are a number of

4     things to cover and you've got an appointment down the hall,

5     so let me go through them.

6                   Docket number 1221 is AstraZeneca's motion to

7     file under seal its responses to motions in limine that have

8     plaintiff's medical information.  The motion is unopposed,

9     but as I've told you before and it's particularly true in

10    this past month or six weeks, it is very difficult for the

11    court because of the number of people involved and the

12    logistics to handle processing deliberation consideration of

13    all of your motions when parts of the record are under seal.

14    I've told you many times that I personally, Judge Conway I

15    know, and this court have a strong bias against filing things

16    under seal anyway and that's one reason along with the public

17    interest.  Individual medical information is a strongly

18    recognized exception to that, and so at least as to that

19    motion, despite the difficulties that it creates, I'm

20    inclined to grant that.

21                  Where would that leave us in terms of getting

22    things tendered?  Have you already tendered all the things

23    that you wanted submitted on that?

24                  MR. AUSTIN:  Yes, we have, Your Honor.

25                  THE COURT:  All right.  So it would just be a
```

1  matter of those being officially filed under seal as opposed
2  to those being tendered.
3              MR. AUSTIN:  That's right.
4              THE COURT:  All right.  We have motion number at
5  1222 which is AstraZeneca's motion to maintain
6  confidentiality of various documents.  As I read this I
7  didn't understand it to relate to anything that has been
8  filed or is contemplated for immediate filing, is that
9  correct?
10             MR. AUSTIN:  Actually these are documents that
11 are, were exhibits to the, to plaintiff's motions on the,
12 opposition actually to our Daubert and summary judgment
13 motions.  The motions have been filed.  We've met and
14 conferred about the various exhibits and reached some
15 agreements on some and still have some disputes on some.  We
16 have filed our brief and the plaintiff's brief is not yet
17 due.  Just to be precise, we filed Daubert motions, we filed
18 summary judgment motions, the plaintiffs filed oppositions,
19 they attached certain exhibits, and then there were
20 confidential portions of some of those exhibits.
21             THE COURT:  Have those been tendered?
22             MR. AUSTIN:  And their filings were under seal,
23 Your Honor.  And they have sought to lift the confidentiality
24 on those.  We've met and conferred, reached some agreements,
25 and then still have some disputes.

```
 1              THE COURT:  Well, that's my point.  The motions
 2   have been briefed and those materials submitted under my
 3   prior order from December.
 4              MR. AUSTIN:  Exactly right.
 5              THE COURT:  So this is outside the pleading
 6   process.
 7              MR. AUSTIN:  Right.  This is the one motion that
 8   is sort of advanced to a further stage.
 9              THE COURT:  Well, as I read the motion, and there
10   is no response yet, it seems to me it gets into some complex
11   issues about what are, what is proprietary information and
12   what's essentially public and all of that.  My inclination
13   would be to set an evidentiary hearing for that on February
14   13 so I can have a real record.
15              MR. AUSTIN:  That's fine, Your Honor.
16              THE COURT:  We have document number 1230 which is
17   plaintiff's unopposed motion to seal exhibits that are
18   referenced in the plaintiff's responses in opposition to
19   motions in limine to exclude evidence and argument about Dr.
20   MacFadden's personal relationships, alleged ghostwriting and
21   clinical investigators' misconduct.
22              Where does that stand?
23              MR. TRAMMELL:  Well, Your Honor, again, Fletch
24   Trammell for the plaintiffs.  My understanding is we filed
25   that motion under seal because we're required to under the
```

1    protective order that we've agreed to with AstraZeneca and
2    been entered into by the court.  It's the same type of issue
3    as the confidentiality issues that you'll hear on the 13th.
4    I'm not sure whether our motion has been granted to file
5    those things under seal.  We did so only because we're
6    required to under the protective order.
7              THE COURT:  Have they been submitted?
8              MR. TRAMMELL:  The documents, I believe, are in
9    the hands of the court.
10             MR. COWAN:  Sorry, Your Honor.  Robert Cowan for
11   plaintiff.  We have not submitted the documents because I
12   believe it's local rule 1.09 A, I believe we're required to
13   wait for the court's instructions to go ahead and file the
14   documents.
15             THE COURT:  I assume AstraZeneca would prefer
16   those things to be sealed.
17             MR. AUSTIN:  That's correct, Your Honor.
18             THE COURT:  Well, we've got to get those motions
19   ruled on so I'm going to allow it at least provisionally to
20   be tendered under seal.  Any reason not to have the
21   continuation of that seal considered at that February 13
22   hearing?
23             MR. AUSTIN:  I think that makes sense, Your
24   Honor.
25             THE COURT:  Okay.  So I will provisionally grant

1  number 1230 and you can get those submitted today.  I mean
2  we're already looking at the motions that they relate to.
3              MR. COWAN:  We'll do so, Your Honor.
4              THE COURT:  And then I'll decide whether to
5  continue that seal at the February 13 hearing.
6              Number 1237 is AstraZeneca's motion to seal its
7  submission in opposition to the plaintiff's notice of intent
8  to file a motion.  There's some companion motions in the
9  individual cases that relate to this whole subject about the
10 plaintiff's emergency motions for sanctions, and AstraZeneca
11 has a motion docketed in the Guinn case at number 43 to seal
12 the plaintiff's notice of intent and plaintiff has a motion
13 at 42 to seal the exhibits referenced in the emergency
14 motion.  Let me hear from AstraZeneca about all this.
15             MR. COUTROULIS:  Your Honor, if I may just start
16 us out on that.  Since this relates to the filings that the
17 plaintiffs first made this past Friday of a notice of intent
18 to file, I think they have now actually filed as of Monday
19 and we filed briefs in response.  Our brief in response to
20 their notice we sought leave to file under seal.  They filed
21 the underlying documents to which this whole matter relates
22 with a motion filed under seal.  Their notices from Friday
23 however and their actual memorandum filed this past Monday I
24 believe were filed in the public record and we do want to
25 discuss that with Your Honor.

```
 1                I don't know if in the context of this hearing
 2    our discussions would necessarily get into the content of the
 3    documents themselves that I think both parties recognize are
 4    confidential, at least by their filings, but to the extent
 5    that's the case, we would ask that this proceeding be sealed.
 6                THE COURT:  Well, I'm not inclined to do that and
 7    just govern your language accordingly.
 8                The documents that you're talking about, are
 9    these the ones that have been reported in the trade press,
10    the FDA documents?
11                MR. COUTROULIS:  Mr. Austin is prepared to
12    address that.
13                MR. AUSTIN:  What I understand has been reported
14    in the press is the references in their motions which were
15    not filed under seal.
16                THE COURT:  There were articles published in
17    December and January referring to FDA letters that were sent
18    to AstraZeneca on Seroquel in December.  Are those the
19    letters?
20                MR. AUSTIN:  That's correct.  The existence of
21    the letters has been publicized in terms of their content and
22    the actual details of the discussions between the FDA and
23    AstraZeneca are confidential and they're confidential under
24    FDA regulations.
25                THE COURT:  The fact of the letters and the
```

1   subject matter is subject to articles in the press.

2            MR. AUSTIN:  That's true.

3            THE COURT:  All right.  Did you want to argue?

4            MR. AUSTIN:  I think both sides have, I don't

5   believe that as we stand here today that there's an

6   opposition or contention that the letters themselves are not

7   confidential.  I don't think that's the position that the

8   plaintiffs have taken.  I think the question right now is

9   whether they should be filed under seal, and our opposition

10  necessarily discusses those letters should be filed under

11  seal, and we've also asked that the motions that were filed,

12  the notice that was filed on Friday and then the following

13  motion that was filed on Monday also be put under seal

14  because it effectively discusses the content of the

15  documents.  These are regulatory documents from the FDA that

16  the FDA under the Code of Federal Regulations, and there's

17  actually an exception under an exemption under the Freedom of

18  Information Act that makes these sorts of letters highly

19  confidential.  They contain competitive business information.

20  The fact of the discussions with the FDA is not only

21  sensitive to the agency and should be done in an orderly

22  fashion, but it also would prejudice AstraZeneca with its

23  competitors if the competitors sort of knew the process of

24  the discussions before they were resolved.  So, again, I'm

25  not sure that there's any contention as we sit here today

1      that the letters themselves are not confidential.  I think
2      the question is how do we handle them and how do we handle
3      the motions that necessarily refer to them.
4                MR. COWAN:  Your Honor, if I may briefly respond.
5                There's two different issues here.  There are the
6      issues of the filing of the actual FDA letters themselves
7      under seal, which I'll address in a minute, but there's also
8      the issue of their desire to file our motions and notice of
9      motion under seal, and it's important for the court to know a
10     couple of things about that notice and motion.  The notice
11     and motion do not quote from the FDA letters.  They do not --
12     they paraphrase language from the FDA letters, but they do it
13     in the context of saying the FDA letters support plaintiff's
14     contention that, or the FDA letters support Dr. Wershing's
15     testimony that.
16               It is also important to note, as the court has
17     already recognized, that this information was available in
18     the press over the course of the last two months.  We filed
19     the FDA documents themselves in an abundance of caution with
20     respect to the protective order.  However, with respect to
21     the protective order, it's also important for the court to
22     note that these documents were produced to us without
23     compliance with the protective order in that they were not
24     stamped confidential as required by provisions of the
25     protective order, and therefore did not fall within those

1   protections.  They were served with a letter saying they're
2   governed by the protective order, however, the letter did not
3   say that the documents were confidential.  And the protective
4   order, document 478, specifically addresses what's required
5   to designate a document as confidential.
6            MR. TRAMMELL:  Also, Your Honor, notwithstanding
7   the fact that they weren't designated and even if they had
8   been, the plaintiffs do dispute that these documents are
9   confidential.
10           MR. AUSTIN:  Your Honor, if I could respond
11  briefly.
12           THE COURT:  Go ahead.
13           MR. AUSTIN:  The motions that the notice that was
14  filed on Friday and the motion on Monday refers to the
15  contents of the documents in the very same sense that if
16  these were medical records and we said they support
17  AstraZeneca's position that Mr. Jones had X or Miss Smith had
18  Y, that's the same thing as reciting the content of the
19  records.  This is no different.  And under the practice of
20  the protective order they should have filed them under seal.
21  We're simply asking that that be done at this time.
22           As far as the letters, yes, there was press
23  coverage of their existence, but in terms of the anticipated
24  action of the FDA, the requested action of the FDA,
25  AstraZeneca's potential proposed responses, none of that has

```
 1    been in the public record and shouldn't be.  It's
 2    confidential under FDA regulations under the Code of Federal
 3    Regulations and it shouldn't be out there prematurely.  The
 4    agency should be allowed to conduct its discussions and its
 5    regulatory actions without the interference of plaintiff's
 6    counsel.  The documents were produced as confidential in the
 7    ordinary course of a general production.  We also gave them
 8    copies at an individual deposition and that transmittal made
 9    it clear that they were also confidential.
10              MR. TRAMMELL:  Your Honor, briefly.  Mr. Austin
11    got a little bit into the motion for sanctions which I know
12    is not set for today and I won't talk about it but to say the
13    public, if it has any interest at all in plaintiff's medical
14    information, that interest is negligible compared to the
15    public's interest in information about risks associated with
16    Seroquel, which the FDA acknowledges that it does in
17    requiring this label change.  We do dispute that these
18    documents are confidential, that they're required to any
19    protection under the protective order or this court's rules.
20              THE COURT:  All right.  Here's what I think is
21    going to happen.  I don't know this, I'm surmising that when
22    you do meet with Judge Conway, and my plan is to go down and
23    join you in the courtroom for that, I've got a ten o'clock
24    hearing, I don't know whether Judge Conway is going to start
25    with you exactly at ten, but I'm hoping my ten o'clock
```

1  hearing will be brief and I'm going to head on down there to
2  hear what she does, but my thought is on this new motion for
3  sanctions that she's going to want to have further
4  proceedings on it, so the ruling I'm going to make right now
5  is a provisional one.  As to the motion to file the exhibits
6  under seal that are submitted in support of the motion, I
7  will grant that provisionally, subject to any further review
8  that Judge Conway makes and decides how she wants to use
9  those things.
10              With respect to the motions to seal the actual
11  notice of intent to file the motion and the motion itself,
12  I'm satisfied that the, while not free from doubt, that the
13  plaintiffs have pulled back far enough from the content so as
14  there's not so much revealed as to be, pose any overleaning
15  problems, so I'm going to deny those motions which were, I
16  believe, filed at number 1237 in the master docket and number
17  43 in the Guinn case and there's a companion one in the other
18  individual case.  So the notice of intent to file the motion
19  and the motion itself will remain in the public docket, the
20  exhibits will be provisionally filed under seal, and then
21  Judge Conway can decide how she wants to proceed with
22  consideration of the merits of that motion.
23              All right.  Anything else we need to take care of
24  before you meet with Judge Conway?
25              MR. TRAMMELL:  One other matter, Your Honor.  We

1    raised this on the phone earlier in the week.  Plaintiff have
2    pending motions for certain challenges in entries in their
3    privilege log.  I believe an in camera production has been
4    made and at this point we're waiting on a ruling.  Here on
5    the eve of trial it would seem that some production in
6    response to our challenges --
7         THE COURT:  Where is that docketed?
8         MR. TRAMMELL:  I don't know the exact docket
9    number, Your Honor.
10        THE COURT:  Is it in the Guinn case?
11        MR. TRAMMELL:  It's in the master case.  It was
12   filed a long time ago.  I'm not sure entirely when or what
13   the docket number is.  It was answered by AstraZeneca, they
14   made an in camera production I believe, some documents were
15   reviewed, and it has yet to be ruled upon.
16        MR. COUTROULIS:  I'm not exactly sure what motion
17   counsel is referring to.  I mean we did have a whole
18   procedure as the court will recall, an in camera, and then we
19   had guidance from the court both in the form of I believe a
20   written order and some further discussion pursuant to a
21   procedure that the court had established and I was not aware
22   that there was still a pending issue on this.  They did raise
23   this on Monday, but I think I indicated at the time I did not
24   know what they were referring to specifically and I'm still
25   not certain.

1       MR. COWAN:  Your Honor, it has been a long time
2  and unfortunately I don't have the document in front of me,
3  but what I propose to do with the court's permission is to
4  file a very brief notice this afternoon calling to the
5  court's attention that particular motion and the status, at
6  least from plaintiff's perspective, as to where we left off
7  on the privilege log issue.
8       THE COURT:  All right.  I'll tell you, I've got
9  an electronic motions list and it hasn't been showing up
10 here, so it may not have been, it may have gotten terminated
11 or may have not been designated as a motion when it was
12 filed.  And if it's not on that list, I tend to not think
13 about it.
14      MR. COWAN:  I understand, Your Honor.  We will
15 look into it further.  It is our position that there is a
16 motion pending and unfortunately I just don't have the
17 document number in front of me, but we will file that notice
18 later today.
19      THE COURT:  Any guess as to when it was filed?
20      MR. COWAN:  Early summer, 2008.
21      MR. COUTROULIS:  Like I said, Your Honor, I
22 didn't think there were any live issues on privilege.  I
23 thought we had resolved that procedure back in the summer and
24 the first time --
25      THE COURT:  I was expecting such a thing but I

1    don't recall it either.

2              MR. COUTROULIS:  The first time I heard of this

3    at all was Monday at the telephonic conference.  We're days

4    before trial and, like I said, I don't think there is a

5    pending matter.  If there is, I would suggest that the

6    plaintiffs have been quite dilatory in raising this as a live

7    issue.

8              THE COURT:  We'll see.  I can tell you I'm

9    looking through the docket entries here as we're talking and

10   the court's version of the docket when there's a pending

11   motion there's a little symbol in it and there's nothing in

12   the summer that's still pending.  But that doesn't mean that,

13   as I say, it can happen that you filed it with the wrong name

14   and so it didn't show up as a motion and therefore it doesn't

15   come up on my list or we could have terminated it either in

16   error or said it was terminated but really didn't decide

17   everything.  That can happen.

18             MR. COUTROULIS:  I understand.

19             THE COURT:  They can investigate it, talk to you,

20   file your notice this afternoon.

21             MR. COUTROULIS:  The only other thing I can say

22   is we have four days to meet and confer to get up pretrial

23   stipulations in seven cases, and while I wasn't involved in

24   every single meeting I don't recall anything about privileged

25   documents coming up at any of those sessions which were over

1  the holidays and early January.
2          THE COURT:  Anything else before I let you go
3  down the hall?
4          MR. AUSTIN:  Your Honor, just one last point of
5  clarification.  I understood the court's rulings on the issue
6  about the sealing of the motions for sanctions that the court
7  would allow, would keep the notice of intent that the
8  plaintiffs filed on Friday and their motion on Monday, those
9  would still be in the record.  Document 1237 which the court
10 referenced is actually AstraZeneca's motion to seal its
11 opposition to the notice of intent and there we believe we
12 did go into the documents in some detail and we would ask
13 that that, that our opposition be filed under seal as opposed
14 to their motions.
15         THE COURT:  Well, I tell you what:  You filed an
16 opposition to a notice of intent.  My inclination would be to
17 strike that, remove it from the record, and let you file a
18 response to the motion, and if you want to provisionally file
19 that under seal, I'll authorize that.
20         MR. AUSTIN:  All right.
21         THE COURT:  You know, filing an opposition -- the
22 notice of intent to file is sort of not a document and I
23 understand why you reacted as you did, but it will be
24 confusing to us to consider it that way, so does that serve
25 your purpose?

```
 1              MR. AUSTIN:  It just depends on when Judge Conway
 2   wants to take it up.  What we actually did is we filed an
 3   opposition to the motion yesterday, but we actually did it in
 4   such a way that incorporated our previous opposition so that
 5   that, the thing yesterday isn't confidential because we
 6   didn't, we drafted it in such a way that we didn't have to
 7   ask for the court to seal that because it incorporated by
 8   reference much of what we had filed previously.
 9              THE COURT:  You filed -- which document did you
10   file that in?
11              MR. AUSTIN:  In both, I believe.
12              THE COURT:  But not in the master docket.
13              MR. AUSTIN:  Yes.  I can, I believe I can confirm
14   that.
15              THE COURT:  Well, I've got the master docket up
16   here and the Guinn docket, but I don't think I had looked at
17   your response in the Guinn case.  I've got it here now
18   though.
19              MR. AUSTIN:  That response we were not asking to
20   file under seal.
21              THE COURT:  Because it doesn't contain anything.
22              MR. AUSTIN:  Right.  We incorporate it by
23   reference.  So that's why we wanted to file the opposition to
24   the notice of intent under seal.
25              THE COURT:  Do you have anything that's now in
```

Case 6:06-md-01769-ACC-DAB   Document 1281   Filed 02/13/09   Page 18 of 19 PageID 24263

18

```
1     the public records as to this response to the motion for
2     sanctions that's in the, that you want sealed, anything
3     that's now public that you want sealed?
4              MR. AUSTIN:  Well, other than their motions.
5              THE COURT:  Which I've ruled on.
6              MR. AUSTIN:  Other than that, no.
7              THE COURT:  So it's your opposition to the notice
8     you did submit under seal.
9              MR. AUSTIN:  Yes.  Opposition to the notice of
10    intent we filed under seal.
11             THE COURT:  I'll talk to Judge Conway, see if she
12    wants you to redo that with a new docket entry that makes it
13    easier to identify what it is.
14             MR. AUSTIN:  Right.  We tried to frankly limit
15    the number of things we were asking to file under seal.  We
16    may have inadvertently created more problems.
17             THE COURT:  Well, again, that was the plaintiff's
18    reaction to file the notice of intent.  I know why they did
19    it.  I know why you responded.  I wish things weren't going
20    that way, but I understand.
21             All right.  So that can stand the way it is for
22    now and I'll take that up with Judge Conway or you may all
23    take it up when I go down to join you in a few minutes.
24             We're in recess.
25             (HEARING CONCLUDED.)
```

ANTHONY ROLLAND
407.760.6023

1
2             I certify that the foregoing is a correct
3   transcript from the record of proceedings in the
4   above-entitled matter.
5
6                           *s/ Anthony Rolland*
7                           ANTHONY ROLLAND
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25