EXHIBIT A

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA,

       Plaintiff,

vs.

ELI LILLY AND COMPANY,

       Defendant.

Case No. 3AN-06-5630 CI

## ORDER GRANTING BLOOMBERG'S MOTION TO UNSEAL RECORDS

### I.   INTRODUCTION

This case stems from Defendant Eli Lilly and Company's ("Lilly" or "Defendant") production, marketing, and distribution of the antipsychotic medicine Zyprexa.  Plaintiff State of Alaska (the "State" or "Plaintiff") sued asserting claims of strict products liability, fraud and misrepresentation, negligence, and violations of Alaska's Unfair Trade Practices and Consumer Protection Act (the "UTPA").  The State sought medical expenses for recipients of the Alaska Medicaid Program allegedly harmed by Zyprexa, restitution for the cost of Zyprexa prescriptions paid by the State, and civil penalties for violation of the UTPA.  Midway through trial, the parties settled all claims.  The matter now comes before the Court on Bloomberg, LLC, d/b/a Bloomberg News's ("Bloomberg") motion to intervene and unseal confidentially filed documents.

### II.   BACKGROUND

On July 30, 2007, pursuant to Alaska Rule of Civil Procedure 26(c)(7) ("Rule 26(c)(7)"), the Court entered a protective order "[t]o expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately

protect confidential material, and ensure that protection is afforded only to material so entitled" (the "protective order").[1]   The protective order extended to all "information that the producing party in good faith believe[d was] properly protected under [Rule] 26(c)(7); under any Federal or state statutes, regulations or court rules; or under Federal or state constitutions."[2]   The protective order provided that any confidential discovery materials filed with the Court were to be "kept under seal until further order of the Court."[3]

Relying on the protective order, the parties filed under seal numerous pleadings and exhibits, which Lilly claims contain confidential information, specifically communications with the Food and Drug Administration ("FDA") and deposition transcripts discussing trade secrets and other confidential business information.[4]

On March 7, 2007, at the outset of trial, Bloomberg moved to intervene and unseal documents filed under seal and to assert the public's right of access to any documents which any party may attempt to seal or file under seal.[5]   Bloomberg argued that "[u]nder the First Amendment, the common law, and Alaska's statutes and rules, court records cannot be sealed absent specific findings that there is a compelling interest that overcomes the right of public access to the records; that sealing is necessary to preserve that interest; and that there are no less restrictive alternatives to sealing."[6]   Bloomberg argued that pleadings and documents were sealed without such findings and must be unsealed.[7]   Bloomberg set forth twenty-five pleadings filed under seal or filed with sealed attachments, which Bloomberg

---

[1] Protective Order, July 30, 2007.

[2] Id. at 2.

[3] Id. at 12.

[4] Def. Eli Lilly and Company's Opp'n Bloomberg, LLC D/B/A Bloomberg News' Mot. Intervene and Unseal Records ("Lilly Opp'n") 2.

[5] Mot. Intervene and Unseal Records.

[6] Memo. Supp. Mot. Intervene and Unseal Records 1-2.

[7] Id. at 2.

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

argued the Court should release.[8]  Bloomberg claimed that the protective order does not meet the rigorous requirements for sealing judicial records and requested records filed under seal be unsealed, and that the provisions of the Protective Order that permitted the parties to file matters under seal be vacated.[9]

That same day, Lilly opposed release of the sealed records.  Lilly claimed that Bloomberg failed to distinguish between the legal standards applicable to protection of dispositive pleadings and the protection of nondispositive pleadings.[10]   Lilly asserted that a party seeking to protect documents filed with dispositive pleadings must illustrate a "compelling reason" for keeping the documents sealed[11] but need only show "good cause" for keeping documents attached to nondispositive pleadings sealed.[12]   Lilly argued that harm would result from disclosure of confidential information and outlined reasons why disclosure of a number of documents would cause harm.[13]  Lilly requested the Court postpone ruling on specific challenges to the confidentiality of sealed documents until the trial concluded.[14]

The Court deferred deciding the matter until conclusion of trial.  On March 26, 2008, the parties settled.   Following settlement, the Court allowed Lilly to supplement its opposition to Bloomberg's motion.

On April 25, 2008, Lilly supplemented its opposition and argued, specific to the pleadings enumerated in Bloomberg's motion, why the Court should keep those

---

[8] Id. at 3-6.
[9] Id.  at 14.
[10] Lilly Opp'n 4.
[11] Id.
[12] Id. at 8-9.
[13] Id. at 6-10.
[14] Id. at 10.

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

pleadings or certain documents attached to those pleadings sealed.[15]  In addition, Lilly set forth a number of pleadings that Lilly did not contest unsealing.[16]

On May 2, 2008, Bloomberg replied arguing that Lilly's justification for protecting sealed documents consisted "of nothing more than the conclusory, unsupported assertion that disclosure will harm Eli Lilly's competitive position."[17] Bloomberg argued that Lilly failed to support its allegations of harm with evidence of specific facts or concrete examples showing particular harm that outweighs Bloomberg's and the public's right of access.[18]  Bloomberg undertook a pleading-by-pleading analysis, applying the two standards outlined by Lilly, illustrating why Lilly failed to justify keeping the records sealed.[19]  Further, Bloomberg asserted that, to the extent legitimate reasons exist for protecting confidentially filed documents, Lilly had not demonstrated that redaction would be inadequate to protect those documents.[20]  Finally, Bloomberg argued that the Court should permit Bloomberg's counsel to review any documents retained under seal, subject to counsel's agreement to abide by the terms of the protective order, because Bloomberg is unfairly hampered in its ability to respond to Lilly's assertions that harm will result if documents are unsealed.[21]

## III.   DISCUSSION

Bloomberg seeks to access specific pleadings and attachments unilaterally designated by the parties as "confidential" and filed under seal pursuant to a blanket protective order, and Bloomberg seeks to vacate the protective order.  Lilly opposes

---

[15] Def. Eli Lilly and Company's Supplemental Resp. Bloomberg, LLC D/B/A Bloomberg News' Mot. Intervene and Unseal Records ("Lilly's Supplemental Resp.") 6-20.
[16] Id.
[17] Bloomberg's Reply Supplemental Resp. Mot. Intervene and Unseal Records.
[18] Id. at 1-2.
[19] Id. at 6-16, 18-20.
[20] Id. at 21-22.
[21] Id. at 22.

unsealing a number these pleadings and attachments arguing that they contain trade secrets and information that would competitively disadvantage Lilly.

## A. Public Right to Access Court Records and Rule 26(c) Protective Orders Under Alaska Law

Generally, Alaska court records are accessible to the public.[22]  However, mechanisms exist for courts to maintain records under seal as confidential.  Alaska Rule of Civil Procedure 26(c) ("Rule 26(c)") allows Alaska courts, with good cause, to enter any protective order that "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[23]  Protective orders may mandate:

> (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition, after being sealed, be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.[24]

Alaska courts have "broad discretion to determine the scope and extent of discovery and to craft protective orders."[25]

---

[22] Alaska R. Admin. P. 37.5(d)(1).

[23] DeNardo v. Bax, 147 P.3d 672, 677 (Alaska 2006) (quoting Rule 26(c)).

[24] Alaska R. Civ. P. 26(c) (emphasis added).

[25] DeNardo, 147 P.3d at 676 (Alaska 2006).

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

In addition, pursuant to the Alaska Administrative Rules, Alaska courts may, by order, limit access to public information in an individual case record by sealing or making confidential the case file or individual records therein.[26]  Alaska courts may limit public access if the court finds that a legitimate interest in confidentiality outweighs the public interest in disclosure.[27]

Pursuant to Rule 26(c)(7), the Court entered the protective order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled. The protective order required that any documents designated as confidential and filed with the Court be maintained under seal.

While Civil Rule 26(c) and the Alaska Administrative Rules contemplate a court making specific findings before issuing a protective order or sealing records from public access, "the unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[28]  It would severely impeded the progress of discovery in complex litigation, if a court were required to make specific findings on individual invocations of Rule 26(c).  Thus, courts often fashion blanket protective orders such as the one at issue.  While blanket protective orders are inherently subject to challenge and modification, as the party resisting disclosure is not required to make a particularized showing of good cause with respect to any individual document,[29] parties unhindered ability to unilaterally

---

[26] Alaska R. Admin. P. 37.6(a).

[27] Alaska R. Admin. P. 37.6(b) (such legitimate interest in confidentiality include, but are not limited to, risk of injury to individuals; individual privacy rights and interests; proprietary business information; the deliberative process; or public safety).

[28] Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

[29] San Jose Mercury News, Inc. v. U.S. Dist. Court - N. Dist., 187 F.3d 1096, 1103 (9th Cir. 1999).

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

designate documents as confidential substantially facilitates the discovery process.[30] Such protective orders serve the vital function of securing the just, speedy, and inexpensive determination of complex civil disputes by encouraging full disclosure of all conceivably relevant evidence.[31]

Blanket protective orders are essential to court facilitation of discovery in complex litigation.  Thus, the Court will not vacate the protective order.  However, to satisfy Alaska's mandate that court records be accessible by the public, the unilateral designation of documents filed in courts as confidential, even if pursuant to a blanket protective order, without a finding of good cause or that a legitimate interest in confidentiality outweighs the public interest in disclosure, must be reviewed when the public seeks to unseal specific records.

Alaska law regarding Rule 26(c) protective orders is extremely limited.  In situations where an Alaska rule is similar to a Federal rule, as is the case with Rule 26(c),[32] the Alaska Supreme Court has repeatedly found federal authorities to be

---

[30] See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F.Supp. 866, 879 n.18 (E.D. Pa. 1981).

[31] See S.E.C. v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2001); see also Bachner v. Pearson, 479 P.2d 319, 323 (Alaska 1970) ("The importance of a thorough and effective system of pretrial discovery in the resolution of civil matters cannot be overemphasized.").

[32] Federal Rule of Civil Procedure 26(c) provides:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;

persuasive when interpreting the Alaska rule.[33]   Further, the Alaska Supreme Court has recognized that "the entire mechanism for pretrial discovery provided for in Alaska's Rules of Civil Procedure has been taken from the system established in the Federal Rules of Civil Procedure."[34]

On the issue of public access to records filed as confidential pursuant to a Rule 26(c) protective order, the Court finds recent Ninth Circuit decisions particularly informative.

---

> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs. (emphasis added).

[33] McNett v. Alyeska Pipeline Serv. Co., 856 P.2d 1165, 1168 (Alaska 1993) (citing Fenner v. Bassett, 412 P.2d 318, 321 (Alaska 1966)).

[34] Bachner, 479 P.2d at 323 (comparing Alaska Rules of Civil Procedure 26-37 with Federal Rules of Civil Procedure 26-37 and noting that the following commentary regarding the importance of discovery in federal courts applies equally to discovery in Alaska courts, "[i]n the theory of the federal rule-makers, discovery, with all its forms, is the make-or-break device of the whole system, for pleadings are required to be only generally informative, and clarifying motions are neither encouraged nor efficacious. Unless the discovery rules function sufficiently well, issues will often come to trial or pretrial sprawling and unformed; and many litigants will reach the courtroom ill-prepared.").

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

## B. Ninth Circuit Decisions Regarding Public Access to Court Records Filed Confidential Pursuant to a Protective Order.

While federal courts do not recognize that the First Amendment bestows on the public a right to access court records,[35] the U. S. Supreme Court has recognized a federal common law right "to inspect and copy public records and documents,"[36] and "[f]ederal appellate courts have uniformly concluded that this common law right extends to both criminal and civil cases."[37]   However, "[t]he federal common law right of access is not absolute, and is not entitled to the same level of protection accorded a constitutional right."[38] "Thus, although the common law right creates a strong presumption in favor of access, [as does Alaska law,] the presumption can be over come by sufficiently important countervailing interests."[39]  In determine whether to limit public access to court records, Ninth Circuit courts consider all relevant factors, including:

> "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets . . . .   After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."[40]

---

[35] See, e.g., San Jose Mercury News, 187 F.3d at 1102 (deferring deciding whether the First Amendment also bestows on the public a prejudgment right of access to civil court records.).

[36] Nixon v. Warner Commc'n, 435 U.S. 589, 597 (1978).

[37] San Jose Mercury News, 187 F.3d at 1102.

[38] Id.

[39] Id.

[40] Foltz v. State Farm Mut. Auto. Ins. Co., 331 P.3d 1122, 1135 (9th Cir. 2003) (quoting Hagestad v. Tragesser,  49 F.3d 1430, 1434 (9th Cir. 1995)) (emphasis added).

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

The Ninth Circuit has carved out an exception to this presumption for material filed under seal pursuant to a valid protective order.   " '[W]hen a party attaches a sealed discovery document to a <u>nondispositive motion</u>, the usual presumption of the public's right of access is rebutted.' "[41] The Ninth Circuit has reasoned that " '[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.' "[42]   "The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the 'broad power of the district court to fashion protective orders.' "[43] "In short, 'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."[44]

The Ninth Circuit limited this exception to nondispositive motions and expressly distinguished between nondispositive motions and dispositive motions. The court noted that while "the public has less of a need for access to court records attached only to nondispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action,'"[45] "[t]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments [filed pursuant to a Rule 26(c) protective order] . . . because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in

---

[41] <u>Id.</u> at 1135 (quoting <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206, 1213 (9th Cir. 2002)).

[42] <u>Id.</u> (quoting <u>Phillips</u>, 307 F.3d at 1213).

[43] <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180 (quoting <u>Phillips</u>, 307 F.3d at 1213).

[44] <u>Foltz</u>, 331 F.3d at 1135.

[45] <u>Kamakana</u>, 447 F.3d at 1179 (quoting <u>Phillips</u>, 307 F.3d at 1213).

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

ensuring the 'public's understanding of the judicial process and of significant public events.' "[46]

Adopting these standards, the Court will undertake a pleading-by-pleading review of the records Bloomberg requests the Court unseal.

## C. Nondispositive Pleadings

Bloomberg requests the Court unseal twenty-three nondispositive pleadings, which allegedly contain confidential information. Lilly objects to unsealing a number of these documents. Lilly claims that "good cause" exists for maintaining these documents under seal because the information contained in the documents constitutes trade secrets and disclosure would create a competitive disadvantage to Lilly.

A party asserting "good cause" bears the burden, for each particular document it seeks to protect, of demonstrating that " '(1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm.' "[47]   Courts have found "good cause" where a party shows that disclosure of information puts the party at a competitive disadvantage.[48]   A party requesting a protective order must provide " 'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm.' "[49]   "Any such order [ ] requires that the court's determination 'identify and discuss the factors it considered in its 'good cause' examination.' "[50]

---

[46] Id. at 1179 (quoting Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289,1294 (9th Cir. 1986)).

[47] Foltz, 331 F.3d at 1131 (quoting in parenthetical Deford v. Schmid Prods. Co., 120 F.R.D 648, 653 (D. MD. 1987)).

[48] Zenith Radio, 529 F.Supp. at 890.

[49] Foltz, 331 F.3d at 1130 (quoting in parenthetical Deford, 120 F.R.D at 653).

[50] Id.

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

To determine if "good cause" exists to seal nondispositive pleadings, the Court has conducted an *in camera* review of all pleadings Bloomberg requests the Court release.   The following is the Court's analysis of these pleadings labeled according to the court system's docket and the parties' briefing.

### 1. 02/29/2008 Notice of Filing Under Seal; Attorney: Jamieson, Brewster H.

This docket entry corresponds to Lilly's Motion to Seal Exhibits to Eli Lilly and Company's Petition for Review.   Since Lilly withdrew the petition for review, Bloomberg stipulates that this docket entry may remain sealed.  The Court makes no finding whether this pleading satisfies the good cause standard but maintains its confidentiality under the protective order since no intervenenor seeks access to the pleading.

### 2. 02/28/2008 Defendant Eli Lilly and Company's Notice of Filing Under Seal; Attorney; Jamieson, Brewster H.

This docket entry corresponds to Defendant Eli Lilly and Company's Motion Requesting Confidential Protections of Regulatory Communications Not Subject to Public Disclosure.  In this pleading, Lilly requested the Court protect from disclosure Lilly's 2007 FDA submissions, communications related to these FDA submissions, and any references to these FDA submissions.  Lilly requested that Courtroom View Network not be allowed to record portions of the trial that would involve disclosure of these submissions and communications.   On the record, the Court denied this motion and allowed Courtroom View Network to record the entire trial.

There are no confidential Lilly documents attached to this pleading, but Lilly requests four exhibits, Plaintiff's Ex. Nos. 10105, 10106, 10107, and 10111, that are discussed in the pleading stay confidential.  Of these exhibits, only Plaintiff's Ex. No. 10106 is in the Court's possession.  The Court discusses Plaintiff's Ex. No. 10106 in Section III.C.5, below.  The Court is not in possession of the other three exhibits.

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

While these exhibits may have been submitted for review, they were not submitted with the pleading or any other pleading and were not admitted at trial. These documents are not part of the court record. Thus, the Court will not order disclosure of these documents. However, the Court will not maintain the confidentiality of the subject pleading. The Court unseals Defendant Eli Lilly and Company's Motion Requesting Confidential Protections of Regulatory Communications Not Subject to Public Disclosure and attachments.

### 3. 02/25/2008 Notice of Filing Under Seal a Pleading Titled "State of Alaska's Request for Clarification of the Court's Order Excluding Evidence of the Defendant's Profits, Net Worth, and the Price of Zyprexa;" Attorney Sanders Eric T.

This docket entry corresponds to State of Alaska's Request for Clarification of the Court's Order Excluding Evidence of the Defendant's Profits, Net Worth, and the Price of Zyprexa. Lilly requests that Plaintiff's Ex. Nos. 4121 and 8262, attached to the pleading, remain confidential. Lilly claims that Plaintiff's Ex. No. 4121 contains market research and strategic marketing discussions that Lilly has attempted to keep confidential and that competitors would use to Lilly's competitive disadvantage. Lilly claims Plaintiff's Ex. No. 8262 is an email that reflects internal Lilly discussions about its products and plans for further medical and regulatory development and that permitting Lilly's competitors to access this email could give them insight into Lilly's development plans for Zyprexa.

Lilly supports these claims through conclusory statements lacking factual support. Plaintiff's Ex. 4121 is a strategy and implantation overview for marketing Zyprexa to primary care physicians. This document was created August 2000. Lilly has failed to illustrate how disclosing eight-year-old market research and projections will create a competitive disadvantage. Plaintiff's Ex. 8262 is an email discussing a November 23, 1999 meeting of Lilly's Executive Steering Committee for Olanzaphine-associated Weight Changes and Hyperglycemia. Any information in

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

these emails regarding weight changes and hyperglycemia possibly associated with Zyprexa was extensively discussed at trial. Lilly fails to illustrate how this dated document will create a competitive disadvantage or cause harm. The Court unseals State of Alaska's Request for Clarification of the Court's Order Excluding Evidence of the Defendant's Profits, Net Worth, and the Price of Zyprexa and attachments.

### 4. 02/25/2008 Notice of Filing Under Seal a pleading titled "Request for Clarification of the Court's Order Excluding Testimony Regarding Other Drugs Manufactured by Defendant Eli Lilly and Company:" Attorney: Sanders Eric T.

This docket entry corresponds to Plaintiff's Request for Clarification of the Court's Order Excluding Testimony or Argument Regarding Other Drugs Manufactured by Defendant Eli Lilly and Company. Lilly requests that Plaintiff's Ex. Nos. 8262 and 10052 and excerpts from the Sidney Taurel deposition ("Taurel deposition"), which are attached to the pleading, be kept confidential. The Court has already unsealed Plaintiff's Ex. No. 8262. Lilly argues that Plaintiff's Ex. No. 10052 contains a presentation to Lilly's Global Management Team, setting forth priorities and business strategies, which is not publicly available and was not widely disseminated within Lilly because competitors could use the information to Lilly's competitive disadvantage. Lilly argues that the Taurel deposition references internal Lilly discussions regarding both Zyprexa and Prozac, reflects internal Lilly planning, and is not available to Lilly's competitors. Lilly cites a declaration by Lilly Manager of Global Competitive Intelligence Gerald Hoffman (the "Hoffman declaration") in support of its claim that information in the Taurel deposition could be used by Lilly's competitors to Lilly's competitive disadvantage.

Plaintiff's Ex. No. 10052 is not attached to this pleading and from the short description in Lilly's brief the Court can not determine what exhibit Lilly refers to as Plaintiff's Ex. No. 10052. Further, the conclusory statement that "[t]his document is not publicly available and was not widely disseminated within the company because

competitors could use this information to Lilly's competitive disadvantage" with no supporting facts or affidavits is inadequate to show "good cause" for sealing a document.

Lilly relies on the Hoffman declaration to support its assertion that the Taurel deposition "could be used by Lilly's competitors to Lilly's competitive disadvantage." The Hoffman declaration does not discuss the Taurel deposition and only discuss general principles of competitive intelligence and the importance of maintaining secrecy. The excerpt from the Taurel deposition pertains to questions regarding Lilly's loss of its Prozac patent – a topic extensively discussed at trial. Lilly has failed to show that disclosure of the deposition excerpt will cause harm. The Court unseals Plaintiff's Request for Clarification of the Court's Order Excluding Testimony or Argument Regarding Other Drugs Manufactured by Defendant Eli Lilly and Company and attachments.

### 5. 02/20/2008 Lilly's Notice of: Reply re: Mtn Exclude Evidence New York Times Articles, Filed Under Seal; Attorney: Jamieson, Brewster H.

This docket entry corresponds to Defendant Eli Lilly and Company's Reply in Further Support of its Motion in Limine to Exclude Evidence Relating to New York Times Articles. Lilly opposes disclosure of one attached exhibit. Lilly refers to this exhibit as Plaintiff's Ex. No. 10106; however, as attached to the pleading, the exhibit is labeled Exhibit B. The Court will refer to this document as Plaintiff's Ex. No. 10106. This document is a portion of Lilly's 2007 regulatory response, submitted to the FDA, to allegations in a December 17, 2006 New York Times article and discusses results of a internet-based physician survey conduct by Harris Interactive between February 2001 and August 2002 regarding Zyprexa side effects, specifically hyperglycemia and diabetes. Lilly relies on a declaration by Lilly Vice President of Global Regulatory Affairs Timothy Franson (the "Franson declaration") to support its argument that the submissions and communications contained in

Plaintiff's Ex. No. 10106 "are so current that companies with products in competition with Zyprexa and Symbyax could use this information to gain unfair insight to their benefit, as well as to exploit this information to harm Lilly in the market place."

Lilly has failed to show how disclosure of Plaintiff's Ex. No. 10106 will harm Lilly. The document does not contain trade secrets, and Lilly has failed to illustrate how this document will competitively disadvantage Lilly. Lilly's possible knowledge of Zyprexa side effects, specifically hyperglycemia and diabetes, were the subject of extensive testimony at trial. This information is not new. The Court unseals Defendant Eli Lilly and Company's Reply in Further Support of its Motion in Limine to Exclude Evidence Relating to New York Times Articles and attachments.

### 6. 02/2002008 Reply: Motion in Limine Exclude Regulatory Communication filed under seal; Attorney: Jamieson, Brewster H.

This docket entry corresponds to Defendant Eli Lilly and Company's Reply in Further Support of Its Motion in Limine to Exclude References to Regulatory Communications and Developments. Lilly does not oppose unsealing this pleading and attachments.

### 7. 02/20/2008 Eli Lilly and Company's Notice of Filing its Reply in Further Support of Its Motion in Limine to Exclude Evidence Relating to New York Times Articles Under Seal

This docket entry is duplicative. The pleading addressed in Section III.C.5 was mistakenly docket twice. Lilly only filed one pleading titled Reply in Further Support of Its Motion in Limine to Exclude Evidence Relating to New York Times Articles.

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

### 8. 02/19/2008 Notice of Filing Under Seal – Objection to the State's Motion in Limine to Exclude Evidence; Eli Lilly and Company (Defendant)

This docket entry corresponds to Defendant Eli Lilly and Company's Objection to the State of Alaska's Motions in Limine to Exclude Evidence Relating to Zyprexa's Efficacy or Benefits of Zyprexa for (1) Indicated Uses, and (2) Non-Indicated or "Off-Label" Uses, filed February 14, 2008.  Lilly does not oppose unsealing this pleading and attachments.

### 9. 02/20/2008 Plaintiff's Response to Defendant's Motion in Limine to Exclude References to Foreign Regulatory Action

This docket entry corresponds to Plaintiff's Response to Defendant's Motion in Limine to Exclude Reference to Foreign Regulatory Action, filed February 14, 2008. Lilly does not oppose unsealing this pleading and attachments.

### 10. 02/14/2008 Plaintiff's Response to Defendant's Motion in Limine to Exclude Testimony and Call Notes of Non-Alaska Based Sales Representatives

This docket entry corresponds to Plaintiff's Response to Defendant's Motion in Limine to Exclude Testimony and Call Notes of Non-Alaska Based Sales Representatives.  Lilly opposes unsealing two excerpts from the deposition transcript of David Neosges (the "Neosges deposition"), attached to this pleading as Exhibit A.  Lilly argues that these excerpts contain discussion of confidential Lilly documents, Lilly's training plans and policies for its sale force, and Lilly's computer and communication systems.  Lilly cites the Hoffman declaration in support of its contention that "information pertaining to the training of Lilly's sales force is of particular interest to Lilly's competitors, and Lilly would suffer competitive harm from its disclosure."

The Hoffman declaration does not discuss the Neosges deposition.  As noted above, the Hoffman declaration merely discusses general principles of competitive intelligence and the importance of maintaining secrecy.  Lilly fails to illustrate, with any specificity, how Lilly competitors would use this information to harm Lilly.  Such conclusory states are inadequate to show good cause for keeping the Neosges deposition confidential.  The Court unseals Plaintiff's Response to Defendant's Motion in Limine to Exclude Testimony and Call Notes of Non-Alaska Based Sales Representatives and attachments.

### 11.   02/14/2008 Plaintiff's Response to Defendant's Motion in Limine to Exclude Reference to Recent Regulatory Communications and Developments

This docket entry corresponds to Plaintiff's Response to Defendant's Motion to Exclude References to Recent Regulatory Communications and Developments.  Lilly does not oppose unsealing this pleading and attachments.

### 12.   02/11/2008 Notice of Filing Plaintiff's Objections to Defendant's Page/Line Counter Designations Under Seal

This docket entry corresponds to Plaintiff's Objections to Defendant's Page/Line Counter Designations.  The exhibits attached to these objections are excerpts of deposition testimony by Lilly witnesses Charles Beasely Jr., M.D.; Alan Breier, M.D.; John C. Lechleiter, Ph.D.; David Neosges; Sidney Taurel; Gary Tollefson, M.D.; and Robin Wojcieszek.  Lilly concedes that substantial portions of these excerpts were played at trial, but nevertheless contends that the depositions should remain under seal.  Lilly contends that these deposition excerpts contain "discussions of trade secrets, internal business documents, and other confidential business information."  Lilly does not indicate the nature of alleged trade secrets or confidential business information and merely makes a conclusory statement that the "information, if released, could be used by Lilly competitors to Lilly's disadvantage in

the market place."   Lilly does not present facts establishing that the information includes trade secret or how Lilly's competitors will use this information to Lilly's disadvantage.   Lilly cites the Hoffman and Franson declarations which do not specifically address these depositions.  Further, Lilly states that "it would be a waste of judicial resources to . . . wade through each prior, obsolete round of designations for each separate witness and analyze which lines of testimony were not played in open court."

Lilly inappropriately places the burden on the Court to undertake necessary steps to show good cause for sealing these depositions.  Lilly's reliance on general conclusory declarations which do not discuss the pleadings at issue is inadequate to show good cause for maintaining the confidentiality of these records.   The Court unseals Plaintiff's Objections to Defendant's Page/Line Counter Designations and attachments.

### 13.   02/11/2008   Eli   Lilly's   Notice   of   Filing   Deposition Designations Under Seal; Attorney Jamison, Brewster H.

This docket entry corresponds to Eli Lilly and Company's Deposition Counter-Designations for Trial.    Attached to this pleading are excerpts of deposition testimony by Lilly witnesses Michael Bandick, Jack E. Jordan, Bruce Kinon, M.D., and Denice M. Torres.  Lilly objects to unsealing these transcripts and references its argument discussed in Section III.C.12 for keeping these depositions confidential. For reasons the Court discusses in Section III.C.12, the Court unseals Eli Lilly and Company's Deposition Counter-Designations for Trial and attachments.

### 14.   02/04/2008  Notice  of  Filing  Counter-Designations  and Excerpts of Depositions under Seal; Brewster H. Jamison (Attorney) on Behalf of Eli Lilly and Company

This document entry corresponds to Defendant Eli Lilly and Company's Deposition Counter-Designations for Trial.  Attached to this pleading are transcript

excerpts from Lilly witnesses Beasely, Breier, Lechleiter, Noesges, Taurel, Tollefson, and Wojcieszek.   Lilly objects to unsealing these transcripts and references its argument discussed in Section III.C.12.   For reasons discussed in Section III.C.12, the Court unseals Defendant Eli Lilly and Company's Deposition Counter-Designations for Trial and attachments.

### 15.   02/04/2008 Notice of Filing Motion in Limine to Exclude Certain Testimony of the State's Experts Under Seal; Brewster H. Jamieson (Attorney) on Behalf of Eli Lilly and Company

This docket entry corresponds to Defendant Eli Lilly and Company's Motion in Limine to Exclude Certain Testimony of the State's Experts.   Attached to the pleading is a document bates numbered FDACDER 2154-2168.   FDACDER 2154-2168 is a review and evaluation of clinical data regarding the association of atypical antipsychotics, including Zyprexa, with diabetes mellitus.   The FDA produced this document to Lilly in the Zyprexa multidistrict litigation pending before Judge Jack B. Weinstein.   Under the terms of the blanket protective order issued in the multidistrict litigation, this document was labeled confidential.   Lilly argues that "[t]he confidentiality rights to this document are held by FDA, and this Court should not disclose it to the public without permitting FDA the opportunity to assert its document's confidentiality."

As evident in this order, not all documents produced pursuant to a blanket protective order satisfy the requirements for sealing records.   Lilly has failed to make a good cause argument for keeping this document sealed.   Instead, Lilly claims that the FDA must assert the document's confidentiality.   Lilly presents no law in support of this claim.   The FDA is not a party to this proceeding, and the Court will not rely on hypothetical or conjectural harm to the FDA in determining whether to maintain the confidentiality of this document.   However, that being said, after reviewing the document at issue, the Court can not conceive how disclosure of this document

would harm the FDA.  The Court unseals Defendant Eli Lilly and Company's Motion in Limine to Exclude Certain Testimony of the State's Experts and attachments.

### 16.   02/04/2008 Notice of Filing Motion in Limine to Exclude Evidence Relating to New York times Articles Under Seal

This docket entry corresponds to Defendant Eli Lilly and Company's Motion in Limine to Exclude Evidence Relating to New York Times Articles.  Lilly does not oppose unsealing this pleading and attachments.

### 17.   02/04/2008 Notice of Filing Plaintiff's Amended Trail Deposition Designations Under Seal: Eric T. Sanders (Attorney) on Behalf of State of Alaska (Plaintiff)

This docket entry corresponds to Plaintiff's Amended Trial Deposition Designations.  Attached to this pleading are deposition transcripts of Lilly witnesses Bandick, Jordan, Kinon, and Torres.  Lilly objects to unsealing these transcripts and references its argument discussed in Section III.C.12.  For reasons discussed in Section III.C.12, the Court unseals Plaintiff's Amended Trial Deposition Designations and attachments.

### 18.   1/28/2008 Notice of Filing Plaintiff's Objections to Defendant's Page/Line Designations and Exhibits Under Seal; Eric T. Sanders (Attorney) on behalf of State of Alaska (Plaintiff)

This docket entry corresponds to Plaintiff's Counter Designations to Defendant's Deposition Designations for Trial.  Attached to this pleading are deposition transcripts of Lilly witnesses Beasley and Tollefson.  Lilly objects to unsealing these transcripts and references its argument discussed in Section III.C.12.  For reasons discussed in Section III.C.12, the Court unseals Plaintiff's Counter Designations to Defendant's Deposition Designations for Trial and attachments.

**19.  1/28/2008 Notice of Filing Plaintiff's Objections to Defendant's Page/Line Designations and Exhibits Under Seal; Eric T. Sanders (Attorney) on Behalf of State of Alaska (Plaintiff)**

This docket entry corresponds to Plaintiff's Objections to Defendant's Page/Line Designations. Attached to this pleading are deposition transcripts of Lilly witnesses Beasley and Tollefson. Lilly object to unsealing these transcripts and references its argument discussed in Section III.C.12. For reasons discussed in Section III.C.12, the Court unseals Plaintiff's Objections to Defendant's Page/Line Designations for trial and attachments.

**20.  01/25/2008 Notice of Filing Supplemental Page 77 Under Seal; Eric T. Sanders (Attorney) on behalf of State of Alaska (Plaintiff)**

This docket entry corresponds to Supplemental Page 77 to Plaintiff's Trial Deposition Designation. This supplemental page contains excerpts of the deposition transcript of Lilly witness Bandick. Lilly object to unsealing these transcripts and references its argument discussed in Section III.C.12. For reasons discussed in Section III.C.12, the Court unseals Supplemental Page 77 to Plaintiff's Trial Deposition Designation and attachment.

**21.  01/23/2008 Notice of Filing Deposition Designation Under Seal; Brewster H. Jamison (Attorney) on behalf of Eli Lilly and Company**

This docket entry corresponds to Eli Lilly and Company's Deposition Designations for Trial, filed January 22, 2008. Attached to this pleading are deposition transcripts of Lilly witnesses Beasley and Tollefson. Lilly objects to unsealing these transcripts and references its argument discussed in Section III.C.12. For reasons discussed in Section III.C.12, the Court unseals Defendant Eli Lilly and Company's Deposition Designations for Trail and attachments.

### 22.   01/22/2008 Notice of Filing Pleadings Under Seal; Eric T. Sanders (Attorney) on behalf of State of Alaska (Plaintiff)

This docket entry corresponds to Plaintiff's Trial Deposition Designations. Attached to this pleading are deposition transcripts of Lilly witness Jerry Clewell, Kenneth Kwong, M.D., Susan Schuler, Michelle Sharp, and Sidney Taurel.   Lilly notes that the State withdrew these witnesses between submitting this original deposition designation and its final designation.   Also attached are deposition transcripts from Bandick, Beasely, Breier, Jordan, Kinon, Lechleither, Neosges, Tollefson, Torres, and Wojcieszek. Lilly reasserts its argument discussed in Section III.C.12 in objecting to unsealing this pleading.   For reasons discussed in Section III.C.12, the Court unseals Plaintiff's Trial Deposition Designations and attachments.

### 23.   12/20/2007 Notice of Filing Pleadings and Exhibits Under Seal, Re: Defendant's Motion to Compel Discovery; Eric T. Sanders (Attorney) on behalf of State of Alaska (Plaintiff)

This docket entry corresponds to Plaintiff's Response to Defendant's Motion to Compel Discovery. Attached to this pleading is an excerpt from Plaintiff's Zyprexa Backgrounder,[51] confidentially filed around May 25, 2007, which includes block quotations from a confidential Lilly document, Plaintiff's Ex. No. 3909. Lilly objects to unsealing this pleading without first redacting content in the excerpt from Plaintiff's Zyprexa Backgrounder regarding Plaintiff's Ex. No. 3909.  Lilly says that Plaintiff's Ex. No. 3909 is a draft letter to healthcare professionals which was not available outside of the company nor widely disseminated within the company and

---

[51] On or about May 25, 2008, the State filed, under seal, a pleading titled "Plaintiff's Reply to Eli Lilly's Response to Plaintiff's Motion Concerning Claims and Proofs" and a pleading titled "Plaintiff's Zyprexa Backgrounder."  Due to error on behalf of Alaska Court System, these pleadings were not docketed or file stamped and copies of the notices of filing under seal were not included in the case file.  This error has been remedied.  The confidentiality of these pleadings has not been challenged, so the Court will not unseal these pleadings at this time.

argues that "Lilly would be at a severe competitive disadvantage if this document w[as] released because draft documents give competitors insight into Lilly's clinical analysis and thought process." Lilly cites the Hoffman declaration in support.

Plaintiff's Ex. No. 3909 is not a draft letter to healthcare professionals. It is a May 2003 email from Alan Breier to Lilly's "Zyprexa leadership" answering "8 of the most pointed questions" on the important issue of hyperglycemia. In the email Breier writes "[p]lease feel free to forward as you deem appropriate." Lilly has failed to show good cause for keeping this document sealed. The Court unseals Plaintiff's Response to Defendant's Motion to Compel Discovery and attachments.

### D. Dispositive Pleadings

Bloomberg requests the Court unseal two sealed nondispositive pleadings. Lilly objects to unsealing these documents because the information contained in the documents constitutes trade secrets and other confidential information and disclosure would create a competitive disadvantage to Lilly.

A party seeking to seal dispositive pleadings bears the burden of overcoming the strong presumption favoring public access. The party must articulate compelling reasons, supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure.[52]   "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[53] The 3rd Circuit as "expressly recognized that courts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive

---

[52] Kamakana, 447 P.3d at 1178.
[53] Id. at 1179.

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

standing."[54]   Under this standard, a court "must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling without relying on hypothesis or conjecture."[55]

To determine if "compelling reasons" exist for sealing dispositive pleadings, the Court has conducted an *in camera* review of all documents Bloomberg requests the Court release.  The following is the Court's analysis of these pleadings labeled according to the court system's docket and the parties' briefing.

### 1. 01/25/2008 Notice of Filing Supplemental Exhibits in Opposition to Lilly's Motion for Summary Judgment Under Seal

This docket entry corresponds to Plaintiff's Notice of Filing Supplemental Exhibits in Opposition to Lilly's Motion for Summary Judgment.  Lilly objects to unsealing Exhibit 12, which Lilly refers to as Plaintiff's Ex. Nos. 10098 and 10099. Lilly says these exhibits are excerpts from Lilly sales representative "call notes," which are rough notes concerning sales representative discussions with physicians. Lilly claims that "[c]ompetitors could use the call notes to approximate what concerns Lilly's customers – doctors – share with Lilly about its products as well as its competitor's products" and that "call notes could be used like market research, costing Lilly the time, expense, and good will it has expended to compile this information."   Lilly cites the Hoffman declaration's general discussion regarding competitive intelligence gather in the pharmaceutical industry.

Lilly fails to present facts that support its contention that disclosure of these calls notes will cause harm.   Lilly does not reference specific call notes that constitute confidential market research or that would cause competitive disadvantage.  Further, the call notes, generated in 2002 and 2003, pertain to issues

---

[54] Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3rd Cir. 1991) (internal quotations omitted).
[55] Pintos v. Pacific Creditors Ass'n, 504 F.3d 792, 802 (9th Cir. 2007) (internal citations and quotation omitted).

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records

extensively discussed at trial. Lilly's cursory, conclusory statements are inadequate to support a finding that harm will result from disclosure of these five-year-old call notes. The Court unseals these supplemental exhibits.

### 2. 01/08/2008 Notice of Filing Pleadings Under Seal; Attorney: Orlansky, Susan C.

This docket entry corresponds to State of Alaska's Opposition to Lilly's Motion for Summary Judgment. Lilly objects to unsealing excerpts of the Robin Wojcieszk deposition attached to the pleading. Lilly states that the deposition excerpts "contain references to confidential communications between Lilly and the FDA, as well as internal communications with Lilly's sales force."

Regarding the communications between Lilly and the FDA, Lilly offers no basis beyond general reference to the Franson declaration for why these communications must remain confidential. The arguments advanced by Lilly to prevent disclosure of the communications do not establish compelling reasons for keeping the excerpts under seal. Furthermore, Lilly does not attempt to show why harm to Lilly outweighs the public interest in disclosure. The Court unseals State of Alaska's Opposition to Lilly's Motion for Summary Judgment and attachments.

## IV.   Conclusion

Bloomberg's motion to unseal records is granted according to the discussion above.

DATED at Anchorage, Alaska, this 13th day of June 2008.

_____
MARK RINDNER
Superior Court Judge


*I certify that on June 13, 2008 a copy was mailed to:*

Eric Sanders, Brewster Jamieson, Jon Dawson

_____ — Law Clerk
*Administrative Assistant*

State v. Eli Lilly
3AN-06-5630 CI
Order Granting Bloomberg's Motion to Unseal Records