## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to:

**TRIAL GROUP ONE CASES**

MDL DOCKET NO:

**6:06-MDL-1769-ACC-DAB**

### PLAINTIFFS' APPEAL FROM, OBJECTIONS TO, AND MOTION TO VACATE MAGISTRATE JUDGE'S ORDER EXCLUDING EVIDENCE AND ARGUMENT ABOUT FOREIGN SEROQUEL LABELS AND FOREIGN REGULATORY ACTIONS

Under Federal Rule of Civil Procedure 72(a), Plaintiffs in the above-referenced cases ("Plaintiffs") respectfully appeal from, object to, and move to vacate the Order entered on January 30, 2009 by United States Magistrate Judge Baker (Doc. 1253, the "Order"), which granted the Motion *In Limine* to Exclude Evidence and Argument About Foreign Seroquel Labels and Foreign Regulatory Actions (Doc. 1201, the "Motion") filed by Defendants AstraZeneca Pharmaceuticals, LP and AstraZeneca LP (collectively, "Defendants" or "AstraZeneca"). In addition, Plaintiffs have concurrently filed a Motion for Reconsideration, asking Magistrate Judge Baker to amend his Order on the same bases identified in this appeal and objection. Plaintiffs file the appeal and objection to preserve their rights to have Judge Conway consider the issues raised.

### I.
### SUMMARY

Plaintiffs respectfully submit that Magistrate Baker erred in entering the Order excluding evidence and argument about foreign Seroquel labels and foreign regulatory actions on two grounds: (1) in ruling that such evidence is not relevant to Plaintiff's main case, and (2) by determining that limiting instructions will not alleviate the risk that the evidence will confuse the

jury.[1]  The Court also incorrectly determined that the evidence may be admissible for a very narrow rebuttal purpose that is extremely unlikely arise at trial.

As a fundamental matter, where AstraZeneca's knowledge is an element of proof for Plaintiffs' failure to warn, fraud, and negligent misrepresentation claims, on which Plaintiffs bear the burden, what AstraZeneca was being *told* by regulatory authorities concerning Seroquel's *safety* during the relevant time period from 2001-2005 is *per se* evidence that "has any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable."  Fed. R. Evid. 401.  The 2000-2001 Dutch regulatory authority's request that AstraZeneca add warning language to Seroquel's European label regarding hyperglycemia and diabetes, the 2002 Japanese Dear Doctor Letter, and the 2005 French government's denial of permission to market Seroquel in that country[2] are relevant because they are highly probative of AstraZeneca's notice and knowledge of a causal association between Seroquel and glucose dysregulation, hyperglycemia, and/or diabetes during the period at issue. They are also relevant because they are highly probative of AstraZeneca's reaction to that notice and knowledge, especially in view of the company's communications with the United States Food and Drug Administration ("FDA") during the same time periods and its continuing position that there exists *no* evidence of a causal association between Seroquel and glucose dysregulation, hyperglycemia, and/or diabetes.  The Court's finding that the documents are irrelevant is clearly erroneous and contrary to law.

---

[1]     Doc. 1253 at 10-11.

[2]     *See* Pls.' Omnibus Legal Mem. Resp'g in Opp'n to Defs.' Summ. J. Mot. ("Omnibus Br.") at 12, 24, and 26 and accompanying referenced notes and exhibits 1, 21-25, and 29, which are incorporated herein by reference. Because of the claimed confidential nature of the documents referenced herein, pursuant to the Protective Order (Doc. 478), Plaintiffs have simply incorporated those documents by reference to their earlier summary judgment briefing and exhibits currently filed under seal.  If the Court desires for Plaintiffs to move to file under seal the precise exhibits referenced herein, they will do so promptly upon the Court's instruction.

Further, the foreign regulatory documents will not confuse the jury any more than evidence that Seroquel is approved by the FDA, or that the FDA periodically has requested that AstraZeneca revise Seroquel's labeling or strengthen its warnings.   The implicated FDA standards – like the foreign regulatory standards – are not a substitute for the operative legal standard under Florida law.   Just as the jury may require an instruction that FDA approval does not mean AstraZeneca has not violated Florida law, so too may a similar instruction be given regarding the documents at issue here.   In any event, as the three documents are not evidence of foreign *legal standards*, there is minimal risk of jury confusion or wasted trial time as a result of their introduction into evidence with the appropriate instruction to the jury.   In light of the highly probative nature of the Dutch, Japanese, and French documents, the minimal risk of unfair prejudice, jury confusion, or wasted time that they present, and the ability to reduce that minimal risk even further through Plaintiffs' proposed limiting instructions, the exclusion of those documents under Federal Rule of Evidence 403 is clearly erroneous and contrary to law.

Alternatively, a ruling on the admissibility of these three documents should be delayed until trial, when Plaintiffs will have the opportunity to establish their foundation and context. Finally, these three documents are admissible on cross-examination of AstraZeneca's witnesses as rebuttal to a far broader array of direct testimony than identified by the Order.   The Court should clarify the circumstances under which Plaintiffs may discuss and introduce these documents into evidence for rebuttal purposes, or better, leave that determination for trial.

## II.
## BACKGROUND

In September 2000, the Medicines Evaluation Board ("MEB"), which is the Dutch regulatory authority, reportedly sent a request to AstraZeneca for an overview and assessment of

all reports of glucose metabolism disorders associated with Seroquel.[3]  The Dutch serve as the reference member state for Seroquel for the European Union.  Participating European countries follow Holland's lead when it comes to all Seroquel labeling decisions.[4]  Plaintiffs contend that AstraZeneca responded to the MEB's request by submitting a Safety Position Paper that Wayne Geller, M.D., AstraZeneca Medical Director, Drug Safety, prepared following a June 2000 internal safety meeting.[5]  Dr. Geller's Safety Position Paper, which it believed AstraZeneca has never submitted to the FDA, supports Plaintiffs' contention that there is a causal association between Seroquel and glucose dysregulation, hyperglycemia, and diabetes.[6]  Plaintiffs contend that as a result of this submission, the MEB required AstraZeneca to add a warning to Seroquel regarding hyperglycemia and exacerbation of pre-existing diabetes.[7]

In November 2002, the Japanese government mandated issuance of a "Dear Doctor" letter from AstraZeneca to prescribers in that country in response to 12 "serious cases (including 1 death) of hyperglycaemia, diabetic ketoacidosis, and diabetic coma where causality with [Seroquel] could not be ruled out" that occurred during the 21 month period Seroquel had been available in Japan.[8]  In pertinent part, the Japanese "Dear Doctor" letter instructed that diabetic patients must not be prescribed Seroquel, that Seroquel patients should receive careful blood monitoring, and that information on Seroquel's adverse reactions and the action to be taken must be explained fully to patients and their families.[9]

Plaintiffs also contend that in February 2005, the French government denied marketing

---

[3]     *See id.* Ex. 22.

[4]     Brecher Dep. at 378:16-379:4 (Omnibus Br. Ex. 11).

[5]     Omnibus Br. Exs. 21 & 23.

[6]     Omnibus Br. Ex. 21 at 11.

[7]     Vikram Dev Dep. at 649:6 (Omnibus Br. Ex. 24); *see also* Omnibus Br. Ex. 25.

[8]     Omnibus Br. Ex. 29 at 1.

[9]     *Id.* at 1-2.

authorization for Seroquel in that country based on serious public health concerns.[10]  Plaintiffs believe that in its letter to AstraZeneca, the French government explained why it disagreed with AstraZeneca's position that the available information did not establish a causal relationship between Seroquel and diabetes.[11]

### III.
### ARGUMENT & AUTHORITIES

**A.**     <u>**Standard of Review.**</u>

Pursuant to Federal Rule of Civil Procedure 72(a), the district judge in a case "must consider timely objections" to a magistrate judge's nondispositive order and "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  Under that standard, the district judge must not defer to the magistrate's factual findings that are clearly erroneous, and reviews the magistrate's legal conclusions *de novo*.  *See, e.g.*, *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 526 (M.D. Fla. 1988); *see also Mitchell v. Consol. Freightways Corp.*, 747 F. Supp. 1446, 1447 n.1 (M.D. Fla. 1990) (stating there is no material distinction between "*de novo*" and "contrary to law" review).  "A court has the power to exclude evidence in limine only when the evidence is clearly inadmissible on all potential grounds."  *Stewart v. Hooters of Am., Inc.*, Civ. No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

**B.**     <u>**Foreign Seroquel Labels and Foreign Regulatory Action Are Relevant To And Highly Probative Of Defendants' Notice And Knowledge Of The Causal Association Between Seroquel And Glucose Dysregulation, Hyperglycemia, And/Or Diabetes.**</u>

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

---

[10]     Omnibus Br. Ex. 1.

[11]     *Id.* at AZ/SER 6353335.

without the evidence."   Fed. R. Evid. 401.   According to the Order, the Dutch regulatory authority's warning request, Japanese Dear Doctor Letter, and the French government's letter denying marketing authorization for Seroquel in that country are irrelevant to Plaintiffs' main case, notwithstanding Plaintiffs' allegations: (1) that AstraZeneca failed to warn of risks of Seroquel that were known or knowable in light of the ***generally recognized and prevailing best scientific and medical knowledge available at the time Plaintiffs ingested Seroquel***; (2) that AstraZeneca failed to exercise ***reasonable care*** in marketing and selling Seroquel without an adequate warning; and (3) that AstraZeneca knew or should have known that the representations it made were false, or whether it acted in reckless disregard of their truth or falsity and/or omitted information that made other statements misleading.[12]

No other court that Plaintiffs have been able to identify has found this type of evidence ***irrelevant*** to a products liability case.  *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 552 (S.D.N.Y. 2004) ("The Court finds no legal basis upon which now to rule, as urged by [defendant], that testimony regarding foreign regulatory actions is irrelevant as a matter of law in a United States products liability case governed by American law.  The authorities cited by defendants do not stand for this broad proposition . . . .").[13]  Rather, courts have found foreign product labels and foreign legal standards relevant in products liability cases because they are probative of defendants' knowledge about the safety of their products.  For example, in *Nettles v. Electrolux Motor AB*, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") found testimony that "Swedish regulations required chain brakes on chain saws in

---

[12]        Doc. 1253 at 9-10.

[13]        Although the *Rezulin* court concluded that plaintiffs' ***expert witnesses*** were not the "appropriate vehicles" for introducing testimony regarding foreign regulatory actions because they were the subject of lay testimony, Plaintiffs have not indicated that they intend to use their experts at trial as vehicles for introducing the Dutch regulatory authority's warning request, Japanese Dear Doctor Letter, and the French government's letter denying marketing access for Seroquel in France.

1978" relevant to issue of whether defendant "knew first hand that chain brakes were very beneficial." 784 F.2d 1574, 1580 (11th Cir. 1986). In *Estate of Tobin v. SmithKline Beecham Pharmaceuticals*, the United States District Court for the District of Wyoming found "foreign product labeling evidence relevant since it may potentially demonstrate the defendant's knowledge of potential side effects resulting from the ingestion of Paxil" and the "adequacy of the warning provided by the defendant to customers in the United States." Civil No. 00-CV-0025-Bea, 2001 WL 36102165, at 1 (D. Wy. May 18, 2001).

The Dutch, Japanese, and French documents are relevant because they demonstrate what AstraZeneca knew about the relationship between Seroquel and glucose dysregulation, hyperglycemia, and diabetes and help establish when AstraZeneca gained that knowledge, which may lead a reasonable juror to believe that AstraZeneca misrepresented, or omitted, safety information or failed to meet the standard of care relative to warning about Seroquel's risks at times material to Plaintiffs' cases. The significance of the foreign regulatory documents as to AstraZeneca's notice, knowledge, and reaction to Seroquel safety information communicated to the company by those authorities is perhaps best exemplified by evidence showing that the Japanese action prompted AstraZeneca to undertake further, extensive, self-initiated clinical study of diabetes incidence with Seroquel usage,[14] which in turn motivated Seroquel's most recent warning label changes, including changes reportedly being negotiated with the FDA even today.[15]

Based on similar reasoning, in *Worsham v. A.H. Robins Co.*, the Eleventh Circuit held that documents discussing adverse reactions associated with the defendant's product were properly admitted into evidence as proof of the defendant's state of mind and therefore were not

---

[14]    Brecher Dep. at 1018:2-1020:16 (Omnibus Br. Ex. 11).

[15]    Omnibus Br. at 31-35 and accompanying notes and exhibits.

hearsay.  734 F.2d 676, 686-87 (11th Cir. 1984).  In *Worsham*, the adverse reaction reports were offered to show that the defendant was receiving notice of a defect in its product that, in conjunction with what the defendant already knew about the product, should have caused it to take action.  *Id.* at 687.  As the Eleventh Circuit explained, there was a dispute at trial over whether the defendant "received notice about defect and its possible consequences of a type sufficient to make it to take action," as will undoubtedly be the case in Plaintiffs' trials.  *Id.*  The Dutch, Japanese, and French documents that Plaintiffs seek to introduce are unquestionably relevant to AstraZeneca's state of mind regarding Seroquel's alleged defect, and the contrary finding in the Magistrate Judge's Order is clearly erroneous and contrary to law.

Further, "evidence of similar occurrences may be offered to show a defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation."  *Borden, Inc. v. Florida E. Coast Ry. Co.*, 772 F.2d 750, 754 (11th Cir. 1985); *see also Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984) (stating that "[t]he relevancy of similar accident evidence has been firmly established in this circuit").[16]  In *Hahn v. Sterling Drug, Inc.*, the plaintiff asserted that the district court abused its discretion by refusing to admit into evidence a United States Food and Drug Administration ("FDA") report that compiled statistics of other ingestion of the drug at issue in that case.  805 F.2d 1480, 1483 (11th Cir. 1986) (per curiam).  The Eleventh Circuit stated:

---

[16]      Such evidence must satisfy two requirements to be admissible: (1) "conditions substantially similar to the occurrence in question must have caused the prior accident"; and (2) "the prior accident must not have occurred too remote in time."  *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (5th Cir. 1980); *accord Weeks*, 733 F.2d at 1491 (11th Cir. 1984).  As the Eleventh Circuit explained in *Heath v. Suzuki Motor Corp.*, the first requirement, also known as the "substantial similarity" doctrine, prevents jury confusion by precluding admission of dissimilar, prejudicial evidence.  126 F.3d 1391, 1396 (11th Cir. 1997) (stating that the "substantial similarity" doctrine "applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury").

> It is not clear from the record below whether the plaintiff established that the prior incidents occurred under conditions substantially similar to those of this case, ***but if upon retrial it develops that the conditions were similar and the evidence of prior accidents might be relevant*** to either the defendant's notice, the magnitude of danger involved, the defendant's ability to correct known defects, the lack of safety for intended uses, the strength of the product, the standard of care, or the causation, ***such evidence should not be excluded***.

*Id.* (emphasis added).  At the very least, the Japanese Dear Doctor Letter qualifies as evidence of similar occurrences because it describes adverse events ("accidents," to use *Hahn*'s terminology) caused by Seroquel in Japan during the relevant times that Plaintiffs ingested Seroquel.  As those prior accidents are relevant to Defendant's notice and knowledge of the causal relationship between Seroquel and glucose dysregulation, hyperglycemia, and diabetes, *Hahn* precludes exclusion of the Japanese Dear Doctor Letter.

**C.     The Probative Value Of The Dutch, Japanese, And French Documents Outweigh Any Risk Of Jury Confusion, Especially In Light Of Plaintiffs' Proposed Limiting Instructions.**

Given the highly probative nature of the Dutch, Japanese, and French documents, the minimal risk of jury confusion as a result of their introduction into evidence, and the ability to reduce that minimal risk even further through Plaintiffs' proposed limiting instructions, those documents are not excludable under Federal Rule of Evidence 403.  "Because [Rule 403] permits the exclusion of relevant evidence only when its probative value is substantially outweighed by the potential for undue harm, the rule favors admissibility and should be invoked very sparingly to bar its admission."  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1502 (11th Cir. 1985); *see also Shankin v. Norkolk S. Ry. Co.*, 369 F.3d 978, 989 n.7 (6th Cir. 2004) ("Courts and commentators have recognized that it is ***preferable to admit a relevant document for a limited purpose with appropriate instructions, rather than exclude admissible evidence***

*altogether*.") (emphasis added); *Rubert-Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 479 (1st Cir. 2000) ("Because the Federal Rules of Evidence favor the admissibility of evidence, less intrusive measures to minimizing the prejudicial effect of evidence are preferred to excluding evidence."); *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657 (3d Cir. 2000).

"Where, as here, the probative value of the excluded evidence is great, and the danger that the evidence will be considered for an improper purpose is slight, and easily mitigated by the issuance of a proper instruction, Rule 403 requires that the evidence should be admitted." *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028 (9th Cir. 2003) (O'Scannlain, J., concurring in part and dissenting in part) (citing 2 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u> § 403.02[2][c] (2d ed. 2003)).  Although evidence of foreign regulatory or legal standards might unnecessarily confuse the jury or waste trial time, the Dutch, Japanese, and French documents that Plaintiffs seek to introduce are not evidence of those countries' regulatory or legal standards.  *See Sherry v. Massey Ferguson, Inc.*, No. 1:96-CV-76, 1997 WL 480893, at *2 (W.D. Mich. June 5, 1997) ("While I agree that evidence of European legal standards and requirements . . . will unnecessarily confuse the jury, plaintiffs have not at this time sought to introduce foreign legal standards."); *id.* ("Instead, plaintiffs contend that evidence of foreign tractor design is relevant to the feasibility of alternate tractor designs, and potentially to defendants' knowledge of such alternate designs.").[17]

Moreover, Plaintiffs' proposed limiting instructions will further reduce the minimal risk of unfair prejudice and jury confusion.  *United States v. Howard*, No. 07-15511, 2009 WL 57017, at *2 (11th Cir. 2009) ("The risk of unfair prejudice can be reduced by a district court's

---

[17]    In addition, while Plaintiffs have not indicated that they seek to introduce foreign Seroquel labels into evidence, foreign product labels have been held not to confuse the jury unnecessarily. *Estate of Tobin*, 2001 WL 36102165, at *2 ("The foreign labels are relevant and otherwise admissible and will not have a tendency to unnecessarily confuse or inflame the jury.").

limiting instruction, and this court will presume the jury followed the court's instruction." (citing *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005))); *Bolt v. Halifax Hosp. Med. Ctr.*, 851 F.2d 1273, 1289 (11th Cir. 1988) ("We are confident that any danger of jury confusion can be avoided by proper limiting instructions."), *vacated on other grounds*, 861 F.2d 1233 (11th Cir. 1988).  The jury may be instructed that the cited evidence and argument are not offered as a standard for the jury to use to determine that a similar (or different) warning should have been given, and that the laws and regulations of those respective foreign countries is irrelevant to the jurors determination as to whether AstraZeneca provided physicians an adequate warning.  The jury may also be instructed that the only controlling law on the failure to warn issue and all Plaintiffs' claims is Florida law, over which the Court shall further instruct the jurors.

In an analogous factual context, the United States Court of Appeals for the Fifth Circuit held that he probative value of "adverse reactions" reports, offered to establish drug manufacturer's knowledge of problems associated with use of its drug in product liability action, was not outweighed by their prejudicial nature even though many of reports detailed complications other than complication involved in the instant action, where trial judge's limiting instruction prevented possible jury confusion.  *Mauldin v. Upjohn Co.*, 697 F.2d 644, 648 (5th Cir. 1983).  Further, in the civil and criminal contexts, limited instructions are deemed sufficient "to ensure there [is] no confusion regarding the purpose of the evidence" when there are inextricably intertwined factual and legal issues.  *United States v. Cardenas*, 234 Fed. Appx. 892, 897-98 (11th Cir. 2007); *United States v. Alexander*, 135 F.3d 470, 478 (7th Cir. 1998) ("We have consistently held that . . . a[ ] [limiting] instruction provides an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence."); *DeShiro v. Branch*, No. 96-cv-800, 1996 WL 663973 (M.D. Fla. Nov. 13, 1996)

(rejecting defendants' argument that they would not receive fair trial due to jury confusion in sexual harassment action in absence of severance, stating that "any possible jury confusion can be managed with appropriate jury instructions, including limiting instructions, and specially tailored verdict forms"), *quoted in Monsanto v. Fleming*, No. 3:07-cv-105-J-33HTS, 2007 WL 3521724, at *5 (M.D. Fla. Nov. 15, 2007).

At the very least, a ruling on the admissibility of the Dutch, Japanese, and French documents should be postponed until trial, when Plaintiffs will have the opportunity to establish their foundation and context.  *See Worthington v. County of Suffolk*, No. 02-CV-723, 2007 WL 2115038 (E.D.N.Y. July 20, 2007) ("However, the court has found that the testimony is relevant. Accordingly, it should not be lightly excluded and appropriate instructions can be provided to the jury to minimize confusion or prejudice.  As such, any determination as to the exclusion of the testimony at issue under Rule 403 is best deferred to trial." (internal citation omitted)); *Blevins v. Holland N.A., Inc.*, 128 F. Supp. 2d 952, 959 (D. W.V. 2001) (refusing to rule on admissibility of foreign safety standard or testing where no context or foundation had been laid); *see also* 2 Weinstein's Federal Evidence § 105.03[3] ("Total exclusion of evidence of mixed admissibility in jury cases would hardly be appropriate, since its exclusion might well deny the jury access to facts that are essential to reaching a reasonably accurate decision.").

**D.**    **The Dutch, Japanese, And French Document Are Admissible As Rebuttal Evidence On Cross-Examination.**

The Magistrate Judge's Order is also contrary to law in that the Order forecloses use of the Dutch, Japanese, and French documents for purposes of rebuttal on cross-examination of AstraZeneca's witnesses.  In *Deviner v. Electrolux Motor, AB*, the Eleventh Circuit did not explicitly address the relevance of evidence that there was a reduction in the number and severity of chain saw injuries in Sweden after chain brakes became mandatory on chain saws under

Swedish law in 1978.  844 F.2d 769, 773-74 (11th Cir. 1988).  Rather, the court stated that the "District Court's desire to avoid confusing the jury with Swedish law and statistics cannot rightly be described as abuse of discretion."[18]  *Id.* at 773.  The court concluded that "[i]n any event, error in this instance would be harmless, as in cross-examination of witnesses there was considerable discussion of the diminution in number and severity of injuries in Sweden and Canada and the various possible reasons to explain the phenomena experience in the logging industry of those countries."  *Id.* at 774.  Thus, as the Eleventh Circuit indicated subsequently, *Deviner* stands for the proposition that "exclusion of certain evidence [is] not reversible error when similar evidence [is] 'leaked' through the exclusion."  *Onishea v. Hopper* 171 F.3d 1289, 1303 (11th Cir. 1999) (citing *Deviner*).

The Magistrate Judge's Order does not expressly find that Plaintiffs' may discuss and introduce the Dutch, Japanese, and French documents for rebuttal purposes on cross-examination of AstraZeneca's witnesses.  To the extent that the Order does permit Plaintiffs to discuss and introduce these documents for rebuttal purposes, the Order unnecessarily and unfairly limits their use: "[E]vidence of prevailing foreign regulation may be relevant in rebuttal on cross-examination of [AstraZeneca] employees as to their general knowledge of whether the foreign regulations/changes are linked to a 'diminution in number and severity of injuries' in the foreign countries and the 'various possible reasons to explain the phenomena experience' in those countries."  (Doc. 1253) (citing *Deviner*, 844 F.2d at774)).  There are a numerous other

---

[18]    Indeed, Plaintiffs are confused by the statement in the Order that the *Deviner* court "concluded that evidence of foreign regulatory actions in the main case ***would confuse the jury and is thus irrelevant*** and unfairly prejudicial."  (Doc. 1253 at 10 (emphasis added).)  As the Court is aware, Rule 403 deals only with the exclusion of relevant evidence and does not convert relevant evidence into irrelevant evidence.

circumstances in which the Dutch, Japanese, and French documents are admissible for rebuttal purposes on cross-examination of AstraZeneca's witnesses.[19]

## CONCLUSION

For the foregoing reasons, the Court should vacate the Magistrate's Order.  At a minimum, the Court should modify the Order as Plaintiffs have proposed in this objection and appeal.

DATED:  February 13, 2009                    Respectfully submitted,

                                             By:    /s/ Robert W. Cowan
                                                    F. Kenneth Bailey Jr.
                                                    K. Camp Bailey
                                                    Fletcher V. Trammell
                                                    Robert W. Cowan
                                                    **BAILEY PERRIN BAILEY LLP**
                                                    440 Louisiana St., Suite 2100
                                                    Houston, Texas 77002
                                                    (713) 425-7100 Telephone
                                                    (713) 425-7101 Facsimile
                                                    kbailey@bpblaw.com
                                                    cbailey@bpblaw.com
                                                    ftrammell@bpblaw.com
                                                    rcowan@bpblaw.com
                                                    **Co-Lead Counsel for Plaintiffs**

---

[19]    For example, those documents would be admissible to rebut claims (1) that there is no causal association between Seroquel and weight gain, glucose dysregulation, hyperglycemia, and/or diabetes; (2) that Dr. Geller's Safety Position Paper was an internal company draft; (3) that Seroquel has a more favorable safety profile than first generation antipsychotics and other second generation antipsychotics; (4) that foreign regulatory actions are irrelevant to FDA decision-making in this country; and (5) that AstraZeneca's warnings complied with "state of the art" scientific and technical knowledge that existed at relevant times.

## <u>CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)</u>

I HEREBY CERTIFY that prior to the filing of this document, Plaintiffs' counsel conferred with counsel for AstraZeneca on February 13, 2009 via email correspondence regarding the issues raised and relief requested in this Motion. AstraZeneca's counsel and Plaintiffs' counsel were unable to reach a resolution of the matter absent Court involvement.

/s/ Robert W. Cowan
Robert W. Cowan

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of February, 2009, I electronically filed the foregoing: PLAINTIFFS' APPEAL FROM, OBJECTIONS TO, AND MOTION TO VACATE MAGISTRATE JUDGE'S ORDER EXCLUDING EVIDENCE AND ARGUMENT ABOUT FOREIGN SEROQUEL LABELS AND FOREIGN REGULATORY ACTIONS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List.

/s/ Robert W. Cowan
Robert W. Cowan

## CM/ECF SERVICE LIST
### (Updated April 2, 2008)

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769 – Orlando – 22DAB

| | |
|---|---|
| Scott Allen<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Tel: (713) 650-6600<br>sallen@crusescott.com | Rachel G. Balaban<br>rbalaban@sonnenschein.com |
| Craig D. Ball, PC<br>1101 Ridgecrest Dr<br>Austin, TX 78746<br>512/514-0182<br>craig@ball.net | Brian A. Bender<br>bbender@harrisbeach.com |
| Ed Blizzard<br>Blizzard McCarthy & Nabers, LLP<br>440 Louisiana St., Suite 1710<br>Houston, TX 77002-1689<br>713/844-3750<br>713/844-3755 (fax)<br>eblizzard@blizzardlaw.com<br>sgebhardt@blizzardlaw.com | Mitchell M. Breit<br>Whatley, Drake & Kallas, LLC<br>2001 Park Place N - Ste 1000<br>PO Box 10647<br>Birmingham, AL 35203<br>205/328-9576<br>205/328-9669 (fax)<br>mbreit@whatleydrake.com |
| William Louis Bross<br>wlbross@hgdlawfirm.com<br>ccorrero@hgdlawfirm.com | Orran L. Brown<br>Obrown@browngreer.com |
| Scott Burdine<br>Hagans, Burdine, Montgomery,<br>Rustay & Winchester, P.C.<br>3200 Travis, 4th Floor<br>Houston, TX 77006<br>Tel: (713) 222-2700<br>sburdine@hagans-law.com | Thomas Campion<br>Heidi E. Hilgendorff<br>Drinker, Biddle & Reath, LLP<br>500 Campus Dr.<br>Florham Park, NJ 07932-1047<br>Tel: (973) 360-1100<br>thomas.campion@dbr.com<br>heidi.hilgendorff@dbr.com<br>jeffrey.peck@dbr.com<br>***Counsel for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** |
| Robert L. Ciotti<br>Chris S. Coutroulis | Mary B. Cotton<br>John D. Giddens, P.A. |

| | |
|---|---|
| Carlton Fields, P.A.<br>42212 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607-5736<br>Tel: (813) 223-7000<br>rciotti@carltonfields.com<br>tpaecf@cfdom.net<br>atravis@carltonfields.com<br>ccoutroulis@carltonfields.com<br>ejones@carltonfields.com<br>***Counsel for Defendants AstraZeneca***<br>***Pharmaceuticals, L.P, and AstraZeneca*** | P.O. Box 22546<br>Jackson, MS 39225-2546<br>Tel: (601) 355-2022<br>betsy@law-inc.com |
| Michael Davis<br>James Mizgala<br>Timothy F. Capshandy<br>Mark Haddad<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>jjobes@sibley.com<br>tcapshandy@sibley.com<br>mhaddad@sibley.com | Aaron K. Dickey<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Route 157<br>Edwardsville, IL 62025<br>Tel: (618) 650-7107<br>aaron@ghalaw.com |
| John J. Driscoll<br>Brown & Crouppen, PC<br>720 Olive St., Suite 1800<br>St. Louis, MO 63101<br>Tel: (314) 421-0216<br>jdriscoll@brownandcrouppen.com<br>bsmith@brownandcrouppen.com<br>rbrooks@brownandcrouppen.com<br>blape@brownandcrouppen.com | Kenneth T. Fibich<br>Fibich, Hampton & Leebron, LLP<br>1401 McKinney St., Suite 1800<br>Five Houston Center Houston, TX 77010<br>Tel: (713) 751-0025<br>tfibich@fhl-law.com |
| Lowell W. Finson<br>lowellf@phillipslaw.ws<br>brandyt@phillipslaw.ws<br>ronf@phillipslaw.ws | Gregory P. Forney<br>Shaffer, Lombardo & Shurin<br>911 Main St., Suite 2000<br>Kansas City, MO 64105<br>Tel: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Counsel for Defendant, Marguerite Devon***<br>***French*** |

| | |
|---|---|
| Lawrence J. Gornick<br>William A. Levin<br>Dennis J. Canty<br>Levin, Simes, Kaiser & Gornick, LLP<br>44 Montgomery St., 36th Floor<br>San Francisco, CA 94104<br>Tel: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com<br>lbrandenburg@lskg-law.com<br>lsabel@lskg-law.com<br>ndeming@lskg-law.com | Todd S. Hageman<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Tel: (314) 241-2929<br>thageman@spstl-law.com |
| Jona R. Hefner<br>3441 W. Memorial, Suite 4<br>Oklahoma, OK 73134-7000<br>Tel: (405) 286-3000<br>attorneyokc@hotmail.com<br>attorneyokc@gmail.com | Keith M. Jensen<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Tel: (817) 334-0762<br>kj@kjensenlaw.com<br>kjensenlaw@gmail.com |

| | |
|---|---|
| Aaron C. Johnson<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Tel: (816) 640-9940<br>aaron@summersandjohnson.com<br>firm@summersandjohnson.com | Brian S. Kaplan<br>bkaplan@kasowitz.com |
| Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN  46204<br>Tel: 317-633-8787<br>jkendall@price-law.com<br>eamos@price-law.com | Mark A. Koehn<br>whrfrat42@yahoo.com |
| Edward T. Krumeich<br>ekrumeich@ibolaw.com | D. Andrew List<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215<br>Tel: 877-220-2203<br>alist@cpaslaw.com |
| L. Leonard Lundy<br>llundy@lundylaw.com | Matthew E. Lundy<br>Lundy & Davis<br>333 N. Sam Houston Pkwy., E<br>Suite 375<br>Houston, TX 77060<br>Tel: (281) 272-0797<br>mlundy@lundydavis.com<br>jdibbley@lundydavis.com |
| Joshua Aaron Machlus<br>jmachlus@rumberger.com<br>docketingorlando@rumberger.com | Fred T. Magaziner<br>Marjorie Shickman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Stephen J. McConnell<br>Gretchen Sween<br>Brennen Joseph Torregrossa<br>Dechert, LLP<br>2929 Arch St., Cira Center<br>Philadelphia, PA 19104-2808<br>Tel: (215) 994-4000<br>Fred.magaziner@dechert.com<br>Marjorie.shiekman@dechert.com |

|  | shane.prince@dechert.com |
|  | cheryl.inwek@dechert.com |
|  | Eben.flaster@dechert.com |
|  | elizabeth.balakhani@dechert.com |
|  | michelle.kirscEh@dechert.com |
|  | elliot.gardner@dechert.com |
|  | gretchen.sween@dechert.com |
|  | iliano.guerrero@dechert.com |
|  | Amanda.lanham@dechert.com |
|  | Christina.keddie@dechert.com |
|  | Elizabeth.kimmelman@dechert.com |
|  | Nathaniel.bessie@dechert.com |
|  | Margaret.osborne@dechert.com |
|  | Brennan.torregrossa@dechert.com |
|  | Elliot.walker@dechert.com |
|  | Stephen.mcconnell@dechert.com |
|  | ***Counsel for Defendant AstraZeneca Ph.*** |

| | |
|---|---|
| David P. Matthews<br>Abraham, Watkins, Nichols, Sorrels,<br>Matthews & Friend<br>800 Commerce St.<br>Houston, TX 77002-1776<br>Tel: (713) 222-7211<br>dmatthews@abrahamwatkins.com<br>agoff@abrahamwatkins.com<br>jrhoades@abrahamwatkins.com<br>jwebster@abrahamwatkins.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com | Brian J. McCormick<br>bjmccormick@sheller.com |
| Sean K. McElligott<br>Koskoff, Koskoff & Bieder, PC<br>350 Fairfield Ave<br>Bridgeport, CT 06604<br>203/336-4421<br>smcelligott@koskoff.com | Robert Mendillo<br>Amber Anderson<br>Kurt S. Kusiak<br>rmm@sally-fitch.com<br>ara@sally-fitch.com<br>ksk@sally-fitch.com<br>cah@sally-fitch.com |
| James Mizgala<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn St.<br>Chicago, IL 60603<br>Tel: (312) 853-7731<br>jmizgala@sidley.com<br>lmodaff@sidley.com<br>efilingnotice@sidley.com<br>***Counsel for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals LP*** | Howard Nations<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Tel: (713) 807-8400<br>nations@howardnations.com<br>lori@howardnations.com<br>kim@howardnations.com<br>andrea@howardnations.com<br>charles@howardnations.com<br>lezzlie@howardnations.com |

| | |
|---|---|
| Matthew F. Pawa<br>Benjamin Krass<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Tel: (617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com | Paul J. Pennock<br>Michael E. Pederson<br>Weitz & Luxenburg, P.C.<br>180 Maiden Lane – 17th Floor<br>New York, NY 10038<br>Tel: (212) 558-5500<br>Ppennock@weitzlux.com<br>Lschutlz@weitzlux.com<br>MPederson@weitzlux.com<br>JOrelli@weitzlux.com<br>esugiarto@weitzlux.com<br>jdillon@weitzlux.com<br>jsedgh@weitzlux.com<br>ychiu@weitzlux.com<br>*Plaintiff's Lead Counsel* |
| Francis Edmund Pierce, III<br>fpierrce@cmlbro.com<br>cmiller@cmlbro.com<br>dmalinowski@cmlbro.com | Carlos A. Prietto, III<br>Ted C. Wacker<br>Robinson Calcagnie & Robinson<br>620 Newport Center-Drive, 7th Floor<br>Newport Beach, CA 92660<br>Tel: 940-720-1288<br>cbregman@rcrlaw.net<br>cprietto@rcrlaw.net<br>ctakanabe@rcrlaw.net<br>kschaeffer@rcelaw.net<br>twacker@rcelaw.net |
| William N. Riley<br>Jamie R. Kendall<br>301 Massachusetts Ave.<br>Indianapolis, IN 46204<br>Tel: 317-633-8787<br>wriley@price-law.com<br>eamos@price-law.com<br>jkendall@price-law.com | Mark P. Robinson, Jr.<br>Robinson Calcagnie & Robinson<br>620 Newport Center Dr., 7th Floor<br>Newport Beach, CA 92660<br>Tel: (949) 720-1288<br>mrobinson@robinson-pilaw.com<br>mrobinson@rcrlaw.net |

| | |
|---|---|
| Larry  Roth<br>Law Offices of Larry M. Roth, P.A.<br>P.O. Box 547637<br>Orlando, FL 32854-7637<br>Tel: (407) 872-2239<br>lroth@roth-law.com<br>lcarrington@roth-law.com<br>epoit@roth-law.com<br>**Plaintiffs' Liaison Counsel** | Robert A. Schwartz<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744<br>bschwartz@galyen.com<br>anixon@galyen.com |
| Kenneth W. Smith<br>Aylstock Witkin Kreis & Overholtz<br>803 North Palafox St.<br>Pensacola, FL  32501<br>Tel: (850) 916-7450<br>ksmith@awkolaw.com<br>kws6619@msn.com<br>rvasquez@awkolaw.com<br>rbaggett@awkolaw.com<br>churt@awkolaw.com<br>gcosby@awkolaw.com | Russell O. Stewart<br>Bridgett Ahmann<br>Linda Svitak<br>Faegre & Benson LLP<br>90 S. 7th St., Suite 2200<br>Minneapolis, MN  55402<br>rstewart@faegre.com<br>lmcwhirt@faegre.com<br>nmalik@faegre.com<br>mbeliveau@faegre.com<br>lsvitak@faegre.com |
| Joe R. Whatley, Jr.<br>W. Todd Harvey<br>2323 2nd Ave. N<br>Birmingham, AL 35203-0647<br>Tel: (205) 328-9576<br>tharvey@whatleydrake.com<br>jwhatley@whatleydrake.com<br>ecf@whatleydrake.com | Justin Witkin<br>Ken Smith<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Blvd., Suite 58<br>Pensacola, FL 32503<br>Tel: (850) 916-7450<br>Jwitkins@AWS-LAW.COM<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com |

**NON-CM/ECF SERVICE LIST**

| | |
|---|---|
| Mr. Terry Bryant<br>Gregg A. Anderson<br>Terry Bryant, LLP<br>8584 Katy Freeway, Suite 100<br>Houston, Texas 77024 | John M. Bailey<br>Law Offices of John M. Bailey<br>5978 Knight Arnold, Suite 400<br>Memphis, TN 38115 |
| Timothy Reese Balducci<br>The Langston Law Firm, P.A.<br>P.O. Box 787<br>100 South Main St.<br>Booneville, MS 38829<br>Tel: (662) 728-3138<br>tbalducci@langstonlaw.com | Kenneth W. Bean<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Tel: (314) 231-3332<br>kbean@spvg.com |
| Barry A. Bohrer<br>Morvillo, Abramowitz, Grand<br>565 Fifth Avenue<br>New York, NY 10017 | Philip Bohrer<br>Scott Brady<br>Bohrer Law Firm, LLC<br>8721 Jefferson Highway, Suite B<br>Baton Rouge, La/ 70809 |
| Earl Francis Carriveau<br>1012 6th Ave.<br>Lake Charles, LA 70601-4706 | Robert F. Clarke<br>Phillips & Associates<br>3030 North Third St., Ste 1100<br>Phoenix, AZ 85012<br>602/258-8900 |
| Lee Coleman<br>Hughes & Coleman<br>444 James Robertson Pkwy., Suite 201<br>Nashville, TN 37219 | Patricia Cook |
| J. Aaron Cooke<br>Cooke Law Firm<br>331 Columbia Street<br>Lafayette, IN 47902-0188 | Elizabeth Ashley Cranford<br>Russell Jackson Drake<br>2001 Park Place N., Suite 1000<br>PO Box 10647<br>Birmingham, AL 35203 |

| | |
|---|---|
| Cannon Curlee | Mark W. Davis<br>Davis & Feder, P.A.<br>P.O. Drawer 6829<br>Gulfport, MS 39506-7018 |
| Jason B. Eshelman<br>Eshelman Legal Group<br>263 Portage Trail Ext.<br>West Cuyahoga Falls, OH  44223 | Russell Jackson Drake |
| Kelly Fowler<br>Fowler Law Offices<br>PO Box 952<br>Owensboro, KY  42302 | Warren Frazier |
| James J. Freebery<br>McCarter & English, LLP<br>18th Floor<br>919 N. Market St.<br>Wilmington, DE  19801 | Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett St.<br>Houston, TX  77098 |
| Gary Reed Gober<br>200 Fourth Ave. North<br>Suite 700<br>Nashville, TN  37219<br>615/297-8300 | Christopher Gomez<br>Miller & Associates<br>555 E. City Avenue, Suite 910<br>Bala Cynwyd, PA  19004 |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Pkwy.<br>Suite C<br>Indianapolis, IN  46254-2600 | Jason Matthew Hatfield<br>Lundy & Davis, LLP<br>300 North College Ave.<br>Suite 309<br>Fayetteville, AR  72701 |
| Stacy K. Hauer<br>Charles Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN  55402 | John Hawkins |

| | |
|---|---|
| Marcus Edward Hayes, Sr.<br>Crumley & Associates<br>2400 Freeman Mill Rd.<br>Greensboro, NC  27406 | Donna Higdon |
| Gail Holt | Marshall Hurley<br>Marshall Hurley PLLC<br>2400 Freemand Mill Road, Suite 200<br>Greensboro, NC  27406 |
| Gary Thomas Iscoe<br>Steinger Iscoe & Phillips<br>1645 Palm Beach Lakes Blvd., Suite 900<br>West Palm Beach, FL  33401-2204 | Janssen, L.P.<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 |
| Johnson & Johnson<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932-1047 | Louisiana Wholesale Drug Co., Inc.<br>c/o Gayle White, Registered Agent<br>Highway 167 N<br>Sunset, La  70584 |
| Lois M. Lynch | Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Tel: (281) 335-7744 |
| Michael J. Miller<br>Miller & Associates<br>105 N. Alfred St.<br>Alexandria, VA  22314 | Michael J. Miller<br>The Miller Firm, LLC<br>108 Railroad Avenue<br>Orange, VA  22960 |
| Eric B. Milliken<br>3 Sir Barton Ct.<br>Newark, DE 19702-2033 | Randy Niemeyer<br>15863 Pike 43<br>Bowling Green, MO 63334-2620 |

| | |
|---|---|
| Angela Parker | Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, PA<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>612/767-7500 |
| Dale Kent Perdue<br>Clark Perdue Arnold & Scott<br>471 East Broad St., Suite 1400<br>Columbus, OH  43215 | Thomas E. Pittenger<br>Eric Guirard, PLC<br>1075 Government Street<br>Baton Rouge, La.  70802 |
| Joseph Ronald Poirot<br>Ferrer, Poirot & Wansborough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, Texas  75219 | Stephen Randall<br>Pearson Randall & Schumacher<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402 |
| Brenda Rice | Evelyn Rodriguez |
| Seth S. Webb<br>Brown & Crouppen, P.C.<br>720 Olive St., Suite 1800<br>St. Louis, MO  63101-2302 | Robert L. Salim<br>Attorney At Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Tel: (318) 352-5999<br>robertsalim@cp-tel.net |
| Alan G. Schwartz<br>Wiggin & Dana<br>PO Box 1832<br>Natchitoches, La.  71457-2069 | Ellen R. Serbin<br>Perona Langer Beck Lallande & Serbin<br>300 San Antonio Dr.<br>Long Beach, CA  90807-0948 |
| Robert H. Shultz<br>Heyl, Royster<br>103 W. Vandalia St.<br>P.O. Box 467<br>Edwardsville, IL  62025<br>618/656-4646 | Robert G. Smith<br>Lorance & Thompson, PC<br>Suite 500<br>2900 N Loop W<br>Houston, TX  77092 |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119 | John Hunter Stevens<br>PO Box 16570<br>Jackson, MS  39236-6570 |
| | |

| | |
|---|---|
| James J. Walker<br>Carter Mario Injury Lawyers<br>54 Broad Street<br>Milford, CT  06460 | Seth Webb<br>Brown & Crouppen, PC<br>720 Olive Street, Suite 1800<br>St. Louis, MO  63101-2302 |
| Colin C. West<br>Bingham McCutchen, LLP<br>3 Embarcadero Ctr<br>San Francisco, CA  94110 | Mary J. Wrightinton |