**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:  Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This Document Relates to:**

| | |
|---|---|
| **Janice Burns** | **6:07-cv-15959** |
| **Richard Unger** | **6:07-cv-15812** |
| **Connie Curley** | **6:07-cv-15701** |
| **Linda Whittington** | **6:07-cv-10475** |
| **Eileen McAlexander** | **6:07-cv-10360** |

_____

**ASTRAZENECA'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f) FOR A CONTINUANCE**
**IN THE REMAINING FIVE FLORIDA GROUP ONE CASES**

## I.      INTRODUCTION

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca")

hereby file this memorandum in opposition to Plaintiffs' Combined Supplemental

Memorandum In Response To Defendants' *Daubert* And Summary Judgment Motions, And

Plaintiffs' Incorporated Rule 56(f) Motion For Continuance ("Pltfs' Supp. Resp. & Rule

56(f) Mtn.").  In their motion, Plaintiffs concede that, on the current closed record,

AstraZeneca's pending motions are due to be granted, unless the Court entertains their

"continuance" request under Federal Rule of Civil Procedure 56(f) to give them a ***do-over*** in

terms of their specific-causation expert testimony in each of the five remaining "Group One"

cases in the Florida Initial Trial Pool.  For the reasons set forth below, Plaintiffs' Rule 56(f)

motion should be denied, and AstraZeneca should be granted summary judgment in each of

these five remaining Group One cases.

II.     **DISCUSSION**

In the wake of its Orders in *Guinn* and *Haller*, the Court granted the parties leave to file simultaneous supplemental briefs on AstraZeneca's pending summary judgment and *Daubert* motions in the remaining five "Group One" cases filed by Plaintiffs Burns, Curley, McAlexander, Unger and Whittington.  AstraZeneca filed its supplemental brief last Friday, demonstrating that the same reasons underlying the Court's Orders in *Guinn* and *Haller* apply and support orders granting AstraZeneca summary judgment in each of these five cases.  Plaintiffs' filing, although partly styled as their "Supplemental Memorandum In Response," nowhere argues that AstraZeneca is not entitled to summary judgment on the record in any of these five cases.  On the contrary, it effectively concedes that, under *Guinn* and *Haller*, AstraZeneca *is* entitled to summary judgment in each case on the record now.[1]

The essence of Plaintiffs' response is their remarkable effort at this late stage to invoke Federal Rule of Civil Procedure 56(f) and ask the Court for "a continuance of approximately 60 days to designate additional specific causation experts and serve reports, to conduct depositions, and to file and respond to specific causation *Daubert* and summary judgment briefing."  Pltfs' Supp. Resp. & Rule 56(f) Mtn., at p. 1.  At bottom, Plaintiffs request a *second chance* to start specific-causation expert disclosure and discovery all over again in these five cases.  They contend that it would supposedly violate "due process" to grant AstraZeneca's motions without affording Plaintiffs "a fair opportunity" to re-work their case-specific expert testimony from scratch with new experts – given that, they claim,

---

[1] *See*, *e.g.*, Pltfs' Supp. Resp. & Rule 56(f) Mtn., at p. 7 (effectively conceding that, under the analysis and reasoning of the Court's Orders in *Guinn* and *Haller*, "summary judgments may result" in each of the five remaining Group One cases on the current record).

"Plaintiffs did not reasonably anticipate the Court's recent interpretation of Florida specific causation law." *Id.* at 7-9. It is curious for Plaintiffs to say they need a continuance based on the suggestion that, "only days ago in *Guinn* and *Haller*," the Court pronounced the "causation standards" under Florida law that these five remaining Group One Plaintiffs must "meet." Pltfs' Supp. Resp. & Rule 56(f) Mtn., at p. 8; *see also id.* at 2. In fact, Plaintiffs' suggestion is contradicted by their own acknowledgement elsewhere in their brief that the Court's rulings in *Guinn* and *Haller* (1) excluded the testimony of these specific-causation experts as speculative and inadmissible *ipse dixit* that is methodologically infirm and scientifically unreliable under *Daubert* and, thus, insufficient under *either or both* the "but for" and "substantial factor" tests; and (2) left *unresolved* the issue related to the governing Florida causation standard, which the Court's rulings identify as "unsettled." *Id.* at 4-5.

But more fundamentally, Plaintiffs' Rule 56(f) motion for a continuance should be denied because – for several clear reasons – it is procedurally and substantively meritless.

First, as a procedural matter, Plaintiffs' Rule 56(f) motion is untimely and also does not satisfy the basic requirements for a Rule 56(f) continuance. Rule 56(f) motions should be made no later than when the summary judgment opponent's response is due.[2] But Plaintiffs here waited to invoke Rule 56(f) until 3 months after AstraZeneca filed its summary judgment motions, 2 months after Plaintiffs filed their omnibus and individual opposition briefs (which made no reference to needing additional discovery), and even then, only after

---

[2] *See*, *e.g.*, *Little League Baseball, Inc. v. Kaplan*, 2008 WL 5156266 (S.D. Fla. Dec. 8, 2008); *United States ex rel. Heater v. Holy Cross Hosp., Inc*., 2007 WL 2480236, *6 (S.D. Fla. Aug. 29, 2007); *cf.*, *Barfield v. Brierton*, 883 F.2d 923, 931-32 (11th Cir. 1989) (Rule 56(f) motion not barred on "untimeliness" grounds where filed two-weeks after summary judgment motion was filed); *McCool v. Bridgestone/Firestone North American Tire, LLC*, 222 Fed. Appx. 847, 850 (11th Cir. 2007) (Rule 56(f) request for continuance timely where made prior to plaintiff's opposition brief).

the Court's *Guinn* and *Haller* opinions when Plaintiffs' counsel sensed they would lose these cases with their chosen experts.  Plaintiffs cite no authority supporting their continuance request, which is improper under Rule 56(f) authorities on these facts.  *See*, *e.g.*, *Hogan v. BellSouth Corp.*, 396 F. Supp. 2d 1333, 1336 & n.2 (N.D. Ga. 2004) (Rule 56(f) motion untimely where plaintiff failed to raise need for additional discovery in her summary judgment response brief and sought relief only after magistrate judge's report and recommendation that summary judgment be granted); *Sweeney v. Smith,* 2005 WL 3095591, *4 (N.D. Ga. Nov. 17, 2005) (Rule 56(f) motion untimely where filed 2 months after defendant's summary judgment motion and 1½ months after plaintiff's response).

Even if Plaintiffs' motion were not untimely, the "affidavit" from Plaintiff counsel K. Camp Bailey that they have filed does not remotely satisfy the requirements governing Rule 56(f) motions.  It is well settled that parties invoking Rule 56(f) cannot rely on vague assertions that additional time for further discovery would allow them to adduce unspecified additional evidence that could help defeat a pending summary judgment motion, but rather must identify precisely how postponing the hearing will adduce specific admissible evidence that is reasonably expected to defeat summary judgment.  *See Hickman v. Wal-Mart Stores, Inc.*, 152 F.R.D. 216, 221 (M.D. Fla. 1993).[3]  Plaintiffs' affidavit here is decidedly vague, nonspecific, and imprecise, and fails to satisfy the preconditions for Rule 56(f) motions.

---

[3] As *Hickman* explains:  "In order for the court to consider a motion based on Rule 56(f) the movant must file an affidavit explaining:  (1) what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what effort the affiant has made to obtain them; and (4) why the affiant was unsuccessful in those efforts."  152 F.R.D. at 221 ("'Vague assertions by the non-moving party that Discovery will uncover unspecified facts are not enough to trigger Rule 56(f) protection.'") (citation omitted).  Here, Plaintiffs' affidavit fails to satisfy any of these fundamental requirements to Rule 56(f).

*Hickman*, 152 F.R.D. at 221.  Indeed, it does not even purport to identify the specific-causation witness(es) or testimony that Plaintiffs propose to develop, nor demonstrate how such unspecified new testimony is reasonably expected to in fact cure the *Daubert* deficiencies in their present witnesses' testimony.

Moreover, the procedural posture of Plaintiffs' Rule 56(f) motion for a "continuance" further dooms the effort.  In each of these five cases, Plaintiffs not only filed their summary judgment opposition briefs months ago, but each Plaintiff has also *filed final pre-trial statements* and represented to the Court that, as far as Plaintiffs are concerned, each case is *ready for trial*.  In this light, Plaintiffs' request for a do-over of their specific-causation expert testimony is particularly baseless.  Plaintiffs say they would be "prejudiced" if AstraZeneca's summary judgment motions were granted and their cases dismissed.  But they boldly ask the Court to allow them to *start all over again* the process of specific-causation expert disclosure, expert report exchange, expert deposition practice, motion practice, and the *Daubert* specific-causation hearing – even though their proposal renders a nullity the binding nature of this Court's prior scheduling orders and Case Management Orders ("CMOs"), and despite the utter waste of time and expense to the Court and AstraZeneca.[4]  This is not how the civil justice system is supposed to operate, and does in fact operate.

---

[4] Under the expert disclosure and discovery schedule set forth in this Court's CMOs, as in other cases, Plaintiffs have had "ample opportunity to locate experts for this case, and [their] experts had ample opportunity to develop their theories …, to explain their underlying methodology, and test their theories prior to the *Daubert* hearing."  *Pride v. BIC Corp.*, 218 F.3d 566, 579 (6th Cir. 2000) (rejecting motion to reopen expert discovery after adverse *Daubert* ruling).  Hence, Plaintiffs' continuance motion is tantamount to a request for leave from the CMO's schedule for Plaintiffs tardily to disclose new additional case-specific experts on the issue of specific medical causation, which plainly would be improper and untimely at this late stage of the proceedings.

Second, as a more substantive matter, Plaintiffs' efforts are indistinguishable from those that the federal courts – including the Eleventh Circuit – have consistently rejected time and again.  The law is clear that Plaintiffs are not entitled to their requested do-over and second chance at specific causation expert disclosure and discovery now that the Court has informed them that their expert specific-causation testimony does not meet "the exacting standards of reliability" imposed by Rule 702 and *Daubert*.  *Weisgram v. Marley*, 528 U.S. 440, 455 (2000).  In *Rink v. Cheminova, Inc.*, 400 F.3d 1286 (11th Cir. 2005), for instance, the Eleventh Circuit affirmed the district court's denial of a substantially identical motion for continuance after a Middle District of Florida *Daubert* ruling excluded the testimony of the plaintiffs' sole product-defect and specific-causation witness.  *Id*. at 1296-97 (citing *Weisgram*, 528 U.S. at 455-56, as "faulting a litigant for not taking steps to supplement its evidence with another expert when the opposing party was challenging a crucial expert").  As here, the plaintiffs in *Rink* made no genuine showing of entitlement to a continuance.  *Id*.[5]  In affirming the denial of a continuance, the Eleventh Circuit emphasized the basic unfairness in permitting any such evidentiary do-over:

> [G]ranting a continuance to allow the class representatives to find another
> expert would have required the court, as well as [the defendant], to invest
> more time and effort to determine the new expert's reliability.  Requiring
> the district court and [the defendant] to conduct such an inquiry at this

---

[5] The Eleventh Circuit in *Rink* cited four factors for determining whether the trial court's denial of a continuance was an abuse of discretion:  "(1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial."  400 F.3d at 1296.  As in *Rink*, Plaintiffs here have not even attempted to, and cannot, demonstrate their entitlement to any Rule 56(f) continuance under those factors.

> advanced stage of litigation after already conducting an intensive *Daubert*
> hearing would represent a substantial inconvenience.

*Id.*; *accord McCool v. Bridgestone/Firestone North American Tire, LLC*, 222 Fed. Appx.
847, 854-57 (11th Cir. 2007) (affirming trial court ruling, which held that "replacing an
expert that had already been excluded on *Daubert* grounds [is] not a valid basis for granting a
Rule 56(f) continuance"); *see also Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir.
1987) ("denial of a continuance is within the broad discretion of the district court").

   Other circuits have likewise rejected *Daubert* do-overs.  In *Pride v. BIC Corp.*, 218
F.3d 566 (6th Cir. 2000), the United States Court of Appeals for the Sixth Circuit also
rejected substantially identical motions to modify the expert discovery schedule after an
adverse *Daubert* ruling, which it denounced as a "transparent attempt to reopen the *Daubert*
hearing now that the weaknesses in [plaintiff's] expert testimony have been pointed out."  *Id.*
at 579.  The Court of Appeals in *Pride* relied on the United States Supreme Court's rejection
in *Weisgram* of the argument that litigants should get a second chance to "shore[] up their
cases" when "their expert testimony [is] found inadmissible."  *Id.*  As the Supreme Court
reasoned in *Weisgram*:  "Since *Daubert* … parties relying on expert evidence have had
notice of the exacting standards of reliability such evidence must meet," and thus "[i]t is
implausible to suggest, post-*Daubert*, the parties will initially present less than their best
expert evidence in the expectation of a second chance should their first try fail."  528 U.S. at
455.  This basic rule of civil practice applies with full force here.  Moreover, courts in
comparable circumstances have emphasized the patent and undue prejudice that such a do-
over would create for the defendant, who has "selected its own expert witnesses and
developed motion and trial strategies based on [plaintiffs' initial] expert witness evidence."

*Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 760 (8th Cir. 2006) (rejecting plaintiff's attempt to substitute expert after initial expert withdrawn in face of *Daubert* challenge).

Since *Weisgram*, federal courts uniformly have rejected such efforts for a "second chance" on *Daubert* when presented with the very "fairness" arguments Plaintiffs advance here. *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001) (holding that "fairness does not require that a plaintiff, whose expert witness testimony has been found inadmissible under *Daubert*, be afforded a second chance to marshal other expert opinions and shore up his case before the court may consider a defendant's motion for summary judgment"); compare Pltfs' Supp. Resp. & Rule 56(f) Mtn., at pp. 7-9. As in other cases, "plaintiffs had a full and fair opportunity to develop and defend their choice of experts. That they failed in that endeavor does not entitle them to begin anew." *Lippe v. Bairnco Corp.*, 99 Fed. Appx. 274, 280 (2d Cir. 2004). Especially at this stage of the proceedings, Plaintiffs plainly would not properly be permitted "to reincarnate [their] expert proof" yet again, through a motion for leave to file supplemental expert reports. *Nisus Corp. v. Perma-Chink Systems, Inc.*, 327 F. Supp. 2d 844, 854-55 (E.D. Tenn. 2003). Their do-over request at this late stage plainly fares no better. *See Nelson*, 243 F.3d at 250; *see also Woods v. Wills*, 2005 WL 5990326, *10 (E.D. Mo. Oct. 27, 2005) (denying request for additional time to secure new expert after *Daubert* motion filed); *Adams v. Cooper Indus., Inc.*, 2008 WL 339714, *1 (E.D. Ky. Feb. 5, 2008) (granting motion to strike new expert testimony submitted with motion to reconsider adverse *Daubert* ruling). Finally, it is telling that Plaintiffs cite no authority in support of their continuance request in this context, just as other parties failed to do when their comparable efforts were rejected. *Nelson*, 243 F.3d at 249 (rejecting

contention that trial court erred by not affording plaintiffs "an opportunity to obtain expert testimony to remedy deficiencies" in their initial expert testimony before summary judgment granted against them, which is "made without any authority to support it"); *Nisus Corp.*, 327 F. Supp. 2d at 854-55 (emphasizing that plaintiffs' failure to cite any of the overwhelming authority against their expert testimony do-over request "speak[s] volumes as to the legal merit of [their] motion.").

In sum, it comes too late for Plaintiffs to say they wish to identify and disclose new specific-causation experts. The time for such expert disclosure and discovery under this Court's CMOs has long since come and gone. Plaintiffs' approach is not the way *Daubert* is supposed to operate. Nor can Plaintiffs exacerbate the "moving target" nature of their specific-causation experts' opinions by abandoning their disclosed experts, and starting all over again with entirely new experts. Plaintiffs' Rule 56(f) motion should be denied.

\* \* \*

It remains only briefly to note a few points regarding Plaintiffs' misleading and erroneous discussion of Florida's governing causation standard – even though it is as immaterial to summary judgment for AstraZeneca in these five cases as it was in *Guinn* and *Haller*.[6] First, Plaintiffs' discussion is premised on the misunderstanding that "but for" cause means the same thing as "sole cause," from which they wrongly assert that the "but for" test cannot be applied in any concurrent cause cases. As AstraZeneca has explained, a "but for"

---

[6] In its filing this past Friday, AstraZeneca discussed at greater length why, under Florida law, both the generally applicable "but for" standard under FSJI 5.1(a) and the substantial factor standard in FSJI 5.1(b) apply in these concurring cause cases. *See* AstraZeneca's Supplemental Memorandum In Support Of Its Summary Judgment And Daubert Specific-Causation Motions In The Remaining Five Florida Group One Cases, at pp. 51-55 (citing and discussing authorities).

cause is not the same thing as the "sole" cause.  *See also Marinelli v. Grace*, 608 So. 2d 833,

835 (Fla. App. 1992) (Anstead, J., concurring) (emphasizing difference between "but for"

cause and the "sole" cause, and that any confusion is dispelled by giving both FSJI 5.1(a) and

5.1(b) in concurring cause cases).  Second, *Christopher v. Cutter Labs.*, 53 F.3d 1184 (11th

Cir. 1995), was not even a concurring cause case, and its reference to the "substantial factor"

requirement does not exclude application of the "but for" test.  Indeed, *Christopher* on the

point cites *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015 (Fla. 1984), and *Reaves v.

Armstrong World Indus., Inc.*, 569 So. 2d 1307 (Fla. App. 1990), both of which were

concurring cause cases that applied the "but for" test and found causation lacking.  Third,

Plaintiffs cite and quote *Stahl v. Metro Dade Cty.*, 438 So. 2d 14, 18-19 (Fla. App. 1983), but

attempt to obscure the expressly "limited" nature of the *Stahl* exception to "but for" causation

by materially altering the quotation, which explicitly cabins "the 'substantial factor'

exception" to "*these* so-called 'concurrent cause' cases [*where each of the concurrent causes

alone could have produced-in-fact the plaintiff's injury*]…."  *Stahl*, 438 So. 2d at 18

(emphasis added; brackets in original); *compare* Pltfs' Supp. Resp. & Rule 56(f) Mtn., at p. 3

(quoting *Stahl*, with material language omitted).  Fourth, *General Tel. Co. of Florida v.

Choate*, 409 So. 2d 1101 (Fla. App. 1982), referred only in a footnote to any abandonment of

the "but for" test in "concurring cause cases," 409 So. 2d at 1104 n.2, and the *Stahl*

correctly reads *Choate*'s dictum to apply only to the narrow subclass of concurring cause

cases *Stahl* discusses – *i.e*., cases involving multiple causes each of which *alone* would have

been sufficient to bring about the entire injury.  438 So. 2d at 19.  Fifth, *Ugaz v. American

Airlines, Inc.*, 576 F. Supp. 2d 1354 (S.D. Fla. 2008), also refers to the application of the "but

for" test except in cases involving "separate, concurring causes," *id*. at 1369, but given that it cites *Stahl* for this proposition, *Ugaz* can only be read as similarly referring to the limited exception discussed in *Stahl*. Sixth, the remainder of Plaintiffs' cited cases (in footnote 4 of their Motion) – by Plaintiffs' own parentheticals – merely support the limited nature of the *Stahl* exception, as AstraZeneca discussed in its supplemental brief.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 56(f) motion should be denied, and AstraZeneca's pending summary judgment and *Daubert* specific-causation motions in the remaining five cases in Group One of the Florida Initial Trial Pool should be granted.

DATED:  February 16, 2009              Respectfully submitted,

/s/Steven B. Weisburd
Steven B. Weisburd
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

/s/Chris S. Coutroulis
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.

Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL  22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@cartlonfields.com

*Counsel for Defendants AstraZeneca LP and
AstraZeneca Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on <u>February 16, 2009</u>, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/Chris S. Coutroulis

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Robert Cowan, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>rcowan@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | Seth S. Webb, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>swebb@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin, Kreis & Overholtz<br>803 N. Palafox St.<br>Pensacola, FL 32501<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson, Esq.<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ  85012<br>(602) 258-8900<br>lowellf@phillipslaw.ws |
| Gale D. Pearson, Esq.<br>Stephen J. Randall, Esq.<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Roster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL  62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD  57702<br>(605) 399-3994<br>Scottarmstrong1235@earthlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN  55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE  19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN  46254<br>(317)299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH  43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |
| Jane F. Thorpe<br>Scott A. Elder<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA  30309<br>(404) 881-7000<br>jane.thorpe@alston.com<br>scott.elder@alston.com | |