UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This document relates to:

| | |
|---|---|
| Linda Guinn | 6:07-cv-10291 |
| David Haller | 6:07-cv-15733 |

### MOTION FOR EXTENSION OF TIME TO FILE BILL OF COSTS

Pursuant to Fed. R. Civ. P. 54(d)(1), Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") respectfully move for an extension of time to file their bills of costs in the above-captioned cases.  AstraZeneca is actively working to put together its bills of costs in *Guinn* and *Haller* but seeks additional time to pull together the various documentation required and to make necessary allocations since some of the deposition transcripts at issue apply to multiple cases.  In an abundance of caution, AstraZeneca respectfully requests permission to file its bills of costs with the Clerk in both cases on or before March 17, 2009.

### Memorandum of Law

On February 4, 2009, the Clerk entered judgment against the plaintiff and in favor of AstraZeneca in *Guinn v. AstraZeneca Pharmaceuticals LP*.  On February 9, 2009, the Clerk entered judgment against the plaintiff and in favor of AstraZeneca in *Haller v. AstraZeneca Pharmaceuticals LP*.  In both cases, the judgments entered by the Clerk provided that the Defendants "shall recover their costs of action," consistent with the Court's finding in its summary judgment orders in those cases that "the Defendants shall recover their costs of action."

Fed. R. Civ. P. 54(d)(1) provides that the Clerk, rather than the Court, initially determines the costs that are taxable and application is made to the Court only in the event of an objection to

the clerk's award.  The rule does not provide a time frame for the filing of a bill of costs (unlike a motion for attorneys' fees).  Local Rule 4.18, which states that it is to be read "[i]n accordance with [Rule] 54," states that "all claims for costs or attorneys fees … shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment."  Pursuant to this local rule, if a "motion or petition" for costs were necessary these would have been due February 18, 2009 in *Guinn*, and today (February 23, 2009) in *Haller*.

The language of Local Rule 4.18 does not appear to be implicated in a situation where no such motion or petition is necessary because, as here, the Court already has determined that a party "shall recover [its] costs of action."  In such a situation, the Court's ruling has mooted the need for a motion and all that remains is for the party to lodge with the Clerk its bill of costs for which neither the language of Local Rule 4.18 nor Rule 54(d) sets a time limit.  It has come to AstraZeneca's attention, however, that some decisions in this District have construed Local Rule 4.18 as requiring the filing of the bill of costs (as opposed to only a motion or petition) within the 14 day time limit.  Such an interpretation would seem at odds with the initial language of the Local Rule which specifically contemplates that it be interpreted "in accordance with [Rule] 54," which sets no such time restriction on the filing of a bill of costs.  Moreover, Judge Merryday has questioned whether the Rule is valid at all because it goes beyond Fed. R. Civ. P. 54 in requiring even the filing of a motion.  *See Doss-Clark v. Babies and Beyond Pediatrics, P.A.*, 2007 WL 157770, *6 n.13 (M.D. Fla. 2007) (Local Rule 4.18 "conflicts with Rule 54" and "Rule 54 controls").

In light of the foregoing, AstraZeneca respectfully suggests that Local Rule 4.18 does not apply here because the judgments entered by the Clerk, following the Court's summary judgment orders, expressly provide that costs would be recovered by AstraZeneca.  If Local Rule 4.18 does

not apply, no extension of time would be necessary. Nevertheless, if the Court were to determine that Local Rule 4.18 does apply, AstraZeneca requests an extension of time – until March 17, 2009 – in which to file its bill of costs in each of the *Guinn* and *Haller* cases.[1]

### Local Rule 3.01(g) Certificate of Conference

Counsel for AstraZeneca has conferred with opposing counsel to determine whether counsel agree on the resolution of this motion. Opposing counsel indicates that they oppose this motion.

DATED: February 23, 2009

>Respectfully submitted,
>
>/s/ Chris S. Coutroulis_____
>Chris S. Coutroulis
>Fla. Bar No. 300705
>Robert L. Ciotti
>Fla. Bar No. 333141
>CARLTON FIELDS, P.A.
>Corporate Center Three at International Plaza
>4221 W. Boy Scout Blvd.
>Tampa, FL  22607
>Telephone: (813) 223-7000
>Facsimile: (813) 229-4133

---

[1] This request would come three business days after the bill of costs would have been due in *Guinn* (and on the day it would have been due in *Haller)* if Local Rule 4.18 governs the filing of a bill of costs as well as any necessary motion or petition for costs. AstraZeneca respectfully requests that this brief delay, which has caused no prejudice to plaintiffs whatsoever nor otherwise impacted these proceedings in any way, be excused by the Court pursuant to Fed. R. Civ. P. 6(b)(1)(B). AstraZeneca and its counsel have acted in the utmost good faith in connection with this filing. *Pioneer Investment Services Co., v. Brunswick Associates LP*, 507 U.S. 380, 388, 395 (1993) (factors governing finding of excusable neglect include length of delay and impact on judicial proceedings; prejudice to opposing parties, and movant's good faith). Moreover, as set forth above, the Rule does not on its face appear to be applicable to a situation where there has already been an award of costs made in the judgment itself and all that remains is for a bill of costs to be filed. *Id.* at 386-87, 398 (excusable neglect where notice of bar date was ambiguous and no prejudice to other side or evidence of bad faith was shown); *see also Skywalker Records, Inc. v. Navarro*, 742 F. Supp. 638 (S.D. Fla. 1990) (excusable neglect where attorney failed to appreciate the time limitation on application for costs under the local rules). Thus, if AstraZeneca is wrong in its construction of the Rule, it respectfully requests that its brief delay in filing this motion as to *Guinn* be excused.

ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for AstraZeneca LP and AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 23, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system through which all participating parties are deemed served.

/s/ Chris S. Coutroulis_____
Attorney