## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This document relates to:

| | |
|---|---|
| Linda Guinn | 6:07-cv-10291 |
| Janice Burns | 6:07-cv-15959 |
| Richard Unger | 6:07-cv-15812 |
| Connie Curley | 6:07-cv-15701 |
| Linda Whittington | 6:07-cv-10475 |
| Eileen McAlexander | 6:07-cv-10360 |
| David Haller | 6:07-cv-15733 |

## ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' MOTION TO
## RECONSIDER ORDER (DOC. 1253)

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca")

hereby oppose Plaintiffs' Motion to Reconsider Order (Doc. 1287) ("Plaintiffs' Motion").

On January 30, 2009, this Court correctly granted AstraZeneca's Motion *In Limine* To

Exclude Evidence And Argument About Foreign Seroquel Labels and Foreign Regulatory

Actions.  *See* Order at 9-11 (Doc. 1253).  The Order concluded that "[t]he foreign Seroquel

labels and the foreign regulatory actions have no relevance to Plaintiffs' main case.  More

importantly, whatever minimal relevance the foreign regulatory actions might have is clearly

overwhelmed by the likelihood of jury confusion." *Id.* at 10.  The Court further correctly

concluded that a limiting instruction proposed by plaintiffs "will not alleviate the risk of jury

confusion." *Id.* at 11.

Plaintiffs' Motion raises no arguments meriting reconsideration, and indeed is virtually a *verbatim copy* of their simultaneously-filed appeal to Judge Conway regarding the same Order. *Compare* Plaintiffs' Motion; *with* Plaintiffs' Appeal From, Objections To, and Motion to Vacate Magistrate Judge's Order Excluding Evidence And Argument About Foreign Seroquel Labels And Foreign Regulatory Actions (Doc. 1288) (hereafter "Appeal"). Plaintiffs' duplicate filing warrants no consideration whatsoever, when the Court has plainly already disposed of plaintiffs' arguments and Judge Conway is concurrently considering plaintiffs' appeal regarding the exact same issues and arguments. At minimum, plaintiffs' duplicate filing certainly cannot demonstrate that the Court's Order is such "clear error" that reconsideration is required to correct a "manifest injustice." *McGuire v. The Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (Conway, J.).

Because AstraZeneca has already briefed the relevant substantive issues in its original motion *in limine*, and because AstraZeneca sets forth those arguments at greater length for Judge Conway's benefit in AstraZeneca's Opposition to the Appeal,[1] AstraZeneca offers the following abbreviated response to plaintiffs' Motion.

I.      STANDARD OF REVIEW

"When evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly'." *McGuire v. The Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (Conway, J.) (internal

---

[1] AstraZeneca hereby incorporates by reference its Opposition to the Appeal, which is filed contemporaneously.

quotation omitted).  Three grounds justify reconsideration of an order:  "(1) an intervening

change in controlling law; (2) the availability of new evidence; and (3) the need to correct

clear error or manifest injustice."  *Id.*  It is not appropriate to use a Motion for

Reconsideration as a vehicle to raise new theories or arguments, or to merely relitigate an

issue that has already been decided.  *Id.*

      II.     **ARGUMENT**

      A.     **The Order Already Disposed Of Plaintiffs' Arguments, Is In Accord With**
               **<u>Controlling Caselaw, And Thus Is Not "Clear Error".</u>**

      Plaintiffs have argued, once again, that three foreign regulatory actions are relevant to

AstraZeneca's "notice and knowledge": (a) that the Japanese regulatory authority (MHLW)

required AstraZeneca to add a diabetes contraindication to the Japanese label in 2002;

(b) that the French regulatory authority (AFSSAPS) in 2005 denied AstraZeneca permission

to market Seroquel in France; and (c) that the Dutch regulatory authority (MEB) asked

AstraZeneca to add language about hyperglycemia and diabetes to the Seroquel label in

2000-2001.  Plaintiffs raised precisely these arguments in opposing AstraZeneca's motion *in

limine*.  *See* Plaintiffs' Response In Opposition to AstraZeneca's Motion *In Limine* To

Exclude Evidence And Argument About Foreign Seroquel Labels And Foreign Regulatory

Actions, at 1-2 (Doc. 1225) ("Response").  Plaintiffs have conceded, however, that the

evidence is "irrelevant to the jurors' determination as to whether AstraZeneca provided

physicians an adequate warning," *id*. at 9, and furthermore that the evidence "might

unnecessarily confuse the jury or waste trial time."  Appeal at 10.   The Court considered

and rejected these arguments:  "Plaintiffs contend that they do not seek to introduce evidence

of Japanese, French, or Dutch regulatory or legal standards, but plan to argue the

'documents' are relevant and probative of AstraZeneca's notice and knowledge of information that its actions failed to meet the standard of care relative to warning about Seroquel's risks.... The foreign Seroquel labels and the foreign regulatory actions have no relevance to Plaintiffs' main case." Order, at 2. In making this ruling, the Court carefully analyzed and distinguished the cases cited by plaintiffs – cases that plaintiffs cite again in the present Motion[2] – and further concluded evidence of foreign regulatory actions regarding Seroquel would be unfairly prejudicial and confusing to the jury, even if a proposed limiting instruction was given. *Id.* at 11. Plaintiffs have therefore raised no new arguments that warrant reconsidering the Court's Order. It was well-reasoned, considering and disposing of the same arguments plaintiffs raise again here, and is thus not "clear error." Indeed, the Court's ruling is consistent with Eleventh Circuit law, and the law of several other circuits, that evidence of foreign regulatory actions confuses the jury and is thus irrelevant and unfairly prejudicial. *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 771 n.2, 773 (11th Cir. 1988); *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1327 (6th Cir. 1992); *In re Baycol Prod. Liab. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007); *accord Colangelo v. Novartis Pharms. Corp.*, 2002 WL 32153354, at *4 (Ill. Cir. Ct. Dec. 17, 2002); *Buzzell v. Bliss*, 358 N.W.2d 695, 699 (Minn. Ct. App. 1984); *Garmon v. Cincinnati, Inc.*, 1993 WL 190923, at *3

---

[2] The cases cited by plaintiffs on pages 6-8 of plaintiffs' Motion, which they did not cite in their opposition to AstraZeneca's original motion, merely stand for the uncontroversial proposition that adverse event reports might be relevant to show a defendant's notice of a particular alleged risk, a point AstraZeneca does not dispute. That does not make any subsequent foreign regulatory actions resulting from such adverse events relevant, as AstraZeneca demonstrated in its original Motion. *See generally* AstraZeneca's Motion *In Limine* To Exclude Evidence And Argument About Foreign Seroquel Labels and Foreign Regulatory Actions (Doc. 1201).

(Tenn Ct. App. June 4, 1993).  The ruling is also consistent with prior decisions that refused to consider foreign regulatory actions when determining whether to dismiss failure to warn and negligence claims.  *See In re Meridia Prods. Liab. Litig.*, 447 F.3d 861, 867 (6th Cir. 2006); *Jones v. Lederle Labs.*, 785 F. Supp. 1123, 1127 (E.D.N.Y. 1992).

Indeed, plaintiffs' own briefing demonstrates the risk of jury confusion that the Court's Order properly recognized.  Plaintiffs admit that evidence relating to the laws and regulations of foreign countries is "irrelevant" to their claim – whether AstraZeneca provided an adequate warning – and yet still seek introduction of this evidence despite their further concession that it may indeed "unnecessarily confuse the jury or waste trial time."  *See* Response at 9; Appeal at 10.  Plaintiffs claim the evidence is relevant to "notice" – yet provide no explanation for how three differing regulatory approaches provide "notice" to AstraZeneca of anything.[3]  Plaintiffs' attempt to introduce three conflicting, different regulatory responses thus only heightens the confusion caused by this evidence, making exclusion appropriate.

Given this precedent, including the Eleventh Circuit's decision in *Deviner*, and the numerous cases concluding that foreign regulatory actions or labeling for pharmaceutical products is inadmissible in a case involving a U.S. plaintiff, the Court's Order excluding foreign regulatory evidence was not "clear error," and requires no reconsideration. [4]

---

[3] Indeed, although plaintiffs claim the evidence goes to "notice," in reality they clearly intend to use the evidence to support their core failure to warn claim – i.e., to suggest that AstraZeneca should be liable for failing to provide warnings in the U.S. that were consonant with warnings required in Holland or Japan.

[4] Plaintiffs argue it is appropriate to introduce the ***documents*** underlying the foreign regulatory actions, without mention of the subsequent foreign regulatory actions themselves,

**B.    Plaintiffs' Request To Allow Foreign Regulatory Actions To Be Used In Cross-Examination On Rebuttal Would Eviscerate The Court's Orde**

Plaintiffs acknowledge that the Order "forecloses use of the Dutch, Japanese, and French documents for purposes of rebuttal on cross-examination of AstraZeneca's witnesses." Plaintiffs' Motion at 12; *see also id.* (Order "does not expressly state that Plaintiffs may discuss and introduce the Dutch, Japanese, and French documents for rebuttal purposes on cross-examination of AstraZeneca's witnesses.").

Plaintiffs nevertheless argue they should be permitted to introduce evidence of foreign regulatory actions on a broad range of "rebuttal" topics, including but not limited to the core issues of whether "there is [a] causal association between Seroquel and weight gain, glucose dysregulation, hyperglycemia, and/or diabetes," or whether "AstraZeneca's warnings complied with 'state of the art' scientific and technical knowledge that existed at relevant times." Motion at 13 and n. 19. In other words, if AstraZeneca contests in any way plaintiffs' claims, plaintiffs believe they should be entitled to introduce evidence of foreign regulatory actions "in rebuttal." This sweeping request would clearly eviscerate and render meaningless the Court's Order.

---

and that a limiting instruction can safeguard against any juror confusion arising from introduction of these documents. *See* Motion at 3, 8-12. The Order correctly recognized, however, that evidence of the documents underlying the foreign regulatory actions is "akin to evidence of foreign legal standards," and a limiting instruction "will not alleviate the risk of jury confusion." Order at 11.

## CONCLUSION

For the above reasons, AstraZeneca respectfully requests that the Court deny Plaintiffs' Motion for Reconsideration. The Order excluding evidence of foreign regulatory actions was not "clear error," but is instead consistent with the law of the Eleventh Circuit and other jurisdictions finding evidence of foreign regulatory actions irrelevant and unfairly prejudicial.

DATED: February 24, 2009                Respectfully submitted,

*/s/ Steven B. Weisburd*
Steven B. Weisburd
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

*/s/ Chris S. Coutroulis*
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL  22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for Defendants AstraZeneca LP and
AstraZeneca Pharmaceuticals LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

*/s/ Eliot J. Walker*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca*<br>*Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen*<br>*Pharmaceutical Products and Johnson &*<br>*Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP*<br>*and AstraZeneca Pharmaceuticals, LP* |

| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
|---|---|
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |