UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This document relates to:

| | |
|---|---|
| Linda Guinn | 6:07-cv-10291 |
| Janice Burns | 6:07-cv-15959 |
| Richard Unger | 6:07-cv-15812 |
| Connie Curley | 6:07-cv-15701 |
| Linda Whittington | 6:07-cv-10475 |
| Eileen McAlexander | 6:07-cv-10360 |
| David Haller | 6:07-cv-15733 |

---

### ASTRAZENECA'S OPPOSITION TO PLAINTIFFS' APPEAL FROM, OBJECTIONS TO, AND MOTION TO VACATE MAGISTRATE JUDGE'S ORDER EXCLUDING EVIDENCE AND ARGUMENT ABOUT FOREIGN SEROQUEL LABELS AND FOREIGN REGULATORY ACTIONS

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby oppose Plaintiffs' Appeal From, Objections To, and Motion to Vacate Magistrate Judge's Order Excluding Evidence And Argument About Foreign Seroquel Labels And Foreign Regulatory Actions (Doc. 1288) (hereafter "Appeal").  On January 30, 2009, Magistrate Judge Baker correctly granted AstraZeneca's Motion *In Limine* To Exclude Evidence And Argument About Foreign Seroquel Labels and Foreign Regulatory Actions. *See* Order at 9-11 (Doc. 1253).  The Order concluded that "[t]he foreign Seroquel labels and the foreign regulatory actions have no relevance to Plaintiffs' main case.  More importantly, whatever minimal relevance the foreign regulatory actions might have is clearly overwhelmed by the likelihood of jury confusion." Order at 10.  Magistrate Judge Baker

further correctly concluded that a limiting instruction proposed by plaintiffs "will not alleviate the risk of jury confusion." *Id.* at 11.

Magistrate Judge Baker's ruling is consistent with Eleventh Circuit law, and the law of several other circuits, that evidence of foreign regulatory actions confuses the jury and is thus irrelevant and unfairly prejudicial. *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 771 n.2, 773 (11th Cir. 1988); *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1327 (6th Cir. 1992); *In re Baycol Prod. Liab. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007); *accord Colangelo v. Novartis Pharms. Corp.*, 2002 WL 32153354, at *4 (Ill. Cir. Ct. Dec. 17, 2002); *Buzzell v. Bliss*, 358 N.W.2d 695, 699 (Minn. Ct. App. 1984); *Garmon v. Cincinnati, Inc.*, 1993 WL 190923, at *3 (Tenn Ct. App. June 4, 1993). Magistrate Judge Baker's ruling is also consistent with prior decisions that refused to consider foreign regulatory actions when determining whether to dismiss failure to warn and negligence claims. *See In re Meridia Prods. Liab. Litig.*, 447 F.3d 861, 867 (6th Cir. 2006); *Jones v. Lederle Labs.*, 785 F. Supp. 1123, 1127 (E.D.N.Y. 1992).

Given this authority, plaintiffs are wrong to claim Magistrate Judge Baker's Order is "contrary to law," as required to warrant vacating that Order. *See* Fed. R. Civ. Proc. 72(a). Indeed, plaintiffs concede that "evidence of foreign regulatory or legal standards might unnecessarily confuse the jury or waste trial time," Appeal at 10, as the Magistrate Judge concluded, Order, at 10-11, but nonetheless seek to relitigate this decided issue. Magistrate Judge Baker's ruling was correct and should not be vacated.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), "a district judge must affirm a magistrate judge's order on a nondispositive matter unless that order is found to be 'clearly erroneous or contrary to law'." *In re Seroquel Prod. Liab. Litig.*, 2008 WL 591929, at *1 (M.D. Fla. Feb. 28, 2008). The "contrary to law" standard is not satisfied where there is a mere conflict between prior precedent. *See United States v. Block 44, Lots 3, 6*, 177 F.R.D. 692, 694 (M.D. Fla. 1997) (overruling objection to magistrate judge's ruling where "[t]he Order fully addressed the arguments of counsel and the applicable case law.").

## II. ARGUMENT

Plaintiffs have argued, once again, that three foreign regulatory actions are relevant to AstraZeneca's "notice and knowledge": (a) that the Japanese regulatory authority (MHLW) required AstraZeneca to add a diabetes contraindication to the Japanese label in 2002; (b) that the French regulatory authority (AFSSAPS) in 2005 denied AstraZeneca permission to market Seroquel in France; and (c) that the Dutch regulatory authority (MEB) asked AstraZeneca to add language about hyperglycemia and diabetes to the Seroquel label in 2000-2001. Plaintiffs raised precisely these arguments in opposing AstraZeneca's motion *in limine*. *See* Plaintiffs' Response In Opposition to AstraZeneca's Motion *In Limine* To Exclude Evidence And Argument About Foreign Seroquel Labels And Foreign Regulatory Actions, at 1-2 (Doc. 1225) ("Response"). Plaintiffs have conceded, however, that the evidence is "irrelevant to the jurors' determination as to whether AstraZeneca provided physicians an adequate warning," *id.* at 9, and furthermore that the evidence "might unnecessarily confuse the jury or waste trial time." Appeal at 10. Magistrate Judge Baker

considered and rejected plaintiffs' arguments: "Plaintiffs contend that they do not seek to introduce evidence of Japanese, French, or Dutch regulatory or legal standards, but plan to argue the 'documents' are relevant and probative of AstraZeneca's notice and knowledge of information that its actions failed to meet the standard of care relative to warning about Seroquel's risks.... The foreign Seroquel labels and the foreign regulatory actions have no relevance to Plaintiffs' main case." Order, at 2. In making his ruling, Magistrate Judge Baker carefully analyzed and distinguished the cases cited by plaintiffs – cases that plaintiffs cite again in the present motions – and further concluded evidence of foreign regulatory actions regarding Seroquel would be unfairly prejudicial and confusing to the jury, even if a proposed limiting instruction was given. *Id*. at 11. Plaintiffs have therefore raised no new arguments that warrant either reconsidering or vacating Magistrate Judge Baker's Order. That Order was well-reasoned, considering and disposing of the same arguments plaintiffs raise again here, and is thus not "clearly erroneous or contrary to law."

> A. **Other Courts Have Excluded Evidence Of Foreign Regulatory Actions, And Thus Magistrate Judge Baker's Order Is Not "Clearly Erroneous Or Contrary To Law".**

In its motion *in limine*, which is incorporated herein by reference, AstraZeneca explained that the foreign regulatory actions at issue are irrelevant and unfairly prejudicial, and that the evidence is not relevant to "notice" or "knowledge." *See generally* AstraZeneca's Motion *In Limine* To Exclude Evidence And Argument About Foreign Seroquel Labels and Foreign Regulatory Actions (Doc. 1201). In certain circumstances, the adverse events leading to the foreign regulatory action might be relevant to show whether

4

AstraZeneca was on notice of the alleged risk of diabetes.[1] The AstraZeneca scientists' analysis of those adverse events may be relevant to show what AstraZeneca scientists believed at the time. And the FDA's analysis and decisions are relevant because they show what AstraZeneca was obligated to do in the United States. But the jury would not benefit from learning that an agency in Japan, Holland, or France, applying different regulatory standards to the same adverse event data that the FDA had, reached conclusions regarding diabetes warnings that were at odds with the conclusion reached by the FDA with respect to warnings in the United States.

Thus, as AstraZeneca showed in its motion *in limine*, in cases where U.S.-resident plaintiffs used products governed by U.S. standards, other courts have ruled that evidence of foreign regulatory actions was irrelevant, unfairly prejudicial, and confusing. For example, in *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 771 n.2, 773 (11th Cir. 1988), the Eleventh Circuit affirmed the trial court's exclusion of evidence that chainsaws sold in Sweden required additional safety features not required in the U.S., in order "to avoid confusing the jury with Swedish law and statistics." *See also Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1327 (6th Cir. 1992) (affirming exclusion of testimony regarding foreign safety standards); *accord Buzzell v. Bliss*, 358 N.W.2d 695, 699 (Minn. Ct. App. 1984) (finding any probative value of English standard to be "outweighed by its potential to confuse or mislead the jury"); *Garmon v. Cincinnati, Inc.*, 1993 WL 190923, at *3 (Tenn Ct.

---

[1] The cases cited by plaintiffs on pages 7-8 of their Appeal, which plaintiffs did not cite in their opposition to AstraZeneca's original motion, merely stand for the uncontroversial proposition that adverse event reports might be relevant to show a defendant's notice of a particular alleged risk, a point AstraZeneca does not dispute.

App. June 4, 1993) (finding inadmissible foreign regulatory "rules and standards not having the force and effect of law" in Tennessee).

In the pharmaceutical context, courts have refused to admit evidence of foreign regulatory actions, even where plaintiffs contend those decisions are relevant to "notice." *See In re Baycol Prod. Liab. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) (rejecting plaintiffs' contention that evidence of foreign regulatory actions "demonstrate Defendants had notice" of "dangerous side effects," and concluding that the evidence "would likely cause jury confusion"); *id.* ("notice is not dependent on governmental action."). The relevance of foreign regulatory decisions about pharmaceutical products is particularly strained, and the likelihood of juror confusion is particularly high, because:

> Each government must weigh the merits of permitting the drug's use and the necessity of requiring a warning. Each makes its own determination as to the standards of degree of safety and duty of care. This balancing of the overall benefits to be derived from a product's use with the risk of harm associated with that use is peculiarly suited to a forum of the country in which the product is to be used. Each country has its own legitimate concerns and its own unique needs which must be factored into its process of weighing the drug's merits, and which will tip the balance for it one way or the other. . . .

*Harrison v. Wyeth Labs.*, 510 F. Supp. 1, 4-5 (E.D. Pa. 1980), *aff'd*, 676 F.2d 685 (3d Cir. 1982) (dismissing case on *forum non conveniens* grounds where foreign regulatory standards regarding drug safety were at issue, and finding "[q]uestions as to the safety of drugs marketed in a foreign country are properly the concern of that country"). The case law thus establishes that courts exclude foreign regulatory actions in pharmaceutical litigation to avoid a thicket of confusing, conflicting, and tangential regulatory schemes. *See Baycol*, 532 F. Supp. 2d at 1054. *See also Colangelo v. Novartis Pharms. Corp.*, 2002 WL 32153354, at *4

6

(Ill. Cir. Ct. Dec. 17, 2002) (excluding evidence regarding foreign package inserts for Parlodel).

Indeed, prior decisions establish that foreign regulatory actions do not give rise to triable issues of fact regarding the adequacy of a warning, even when those actions are at odds with U.S. regulatory actions. In the *Meridia* litigation, for example, the court held that the plaintiffs could not escape summary judgment by using evidence of European labeling to undermine the adequacy of the U.S. FDA-mandated labeling:

> Plaintiffs also allege that the warning label for Meridia's European equivalent contains more detailed instructions for the treating physician. Citing no authority, Plaintiffs argue that the difference in instructions creates a triable issue of fact. We disagree. American regulators have different priorities and deal with often more diverse populations than their European counterparts. The issue is whether the United States label . . . provides adequate instruction upon which a physician may safely base her treatment strategy.

*In re Meridia Prods. Liab. Litig.*, 447 F.3d 861, 867 (6th Cir. 2006). *See generally Jones v. Lederle Labs.*, 785 F. Supp. 1123, 1127 (E.D.N.Y. 1992) (dismissing case where allegedly safer vaccine available in Japan did not comply with FDA testing standards, and thus existence of Japanese vaccine could not serve as basis for liability).

Indeed, plaintiffs' own briefing demonstrates the risk of jury confusion that Magistrate Judge Baker's Order properly recognized. Plaintiffs admit that evidence relating to the laws and regulations of foreign countries is "irrelevant" to their claim – whether AstraZeneca provided an adequate warning – and yet still seek introduction of this evidence despite their further concession that it may indeed "unnecessarily confuse the jury or waste trial time." *See* Response at 9; Appeal at 10. Plaintiffs claim the evidence is relevant to "notice" – yet provide no explanation for how three differing regulatory approaches provide

7

"notice" to AstraZeneca of anything.[2] Plaintiffs' attempt to introduce three conflicting, different regulatory responses thus only heightens the confusion caused by this evidence, making exclusion appropriate.

Given this precedent, including the Eleventh Circuit's decision in *Deviner*, and the numerous cases concluding that foreign regulatory actions or labeling for pharmaceutical products is inadmissible in a case involving a U.S. plaintiff, Magistrate Judge Baker's Order excluding foreign regulatory evidence was not "clearly erroneous or contrary to law," and should be affirmed.[3]

### B. Plaintiffs' Request To Allow Foreign Regulatory Actions To Be Used In Cross-Examination On Rebuttal Is Contrary To Magistrate Judge Baker's Order.

Plaintiffs acknowledge that Magistrate Judge Baker's Order "forecloses use of the Dutch, Japanese, and French documents for purposes of rebuttal on cross-examination of AstraZeneca's witnesses." Appeal at 12; *see also id.* at 13 (Order "does not expressly find that Plaintiffs may discuss and introduce the Dutch, Japanese, and French documents for rebuttal purposes on cross-examination of AstraZeneca's witnesses.").

---

[2] Indeed, although plaintiffs claim the evidence goes to "notice," in reality they clearly intend to use the evidence to support their core failure to warn claim – i.e., to suggest that AstraZeneca should be liable for failing to provide warnings in the U.S. that were consonant with warnings required in Holland or Japan.

[3] Plaintiffs argue it is appropriate to introduce the ***documents*** underlying the foreign regulatory actions, without mention of the subsequent foreign regulatory actions themselves, and that a limiting instruction can safeguard against any juror confusion arising from introduction of these documents. *See* Appeal at 3, 9-12. Magistrate Judge Baker correctly recognized, however, that evidence of the documents underlying the foreign regulatory actions is "akin to evidence of foreign legal standards," and a limiting instruction "will not alleviate the risk of jury confusion." Order at 11.

Plaintiffs nevertheless argue they should be permitted to introduce evidence of foreign regulatory actions on a broad range of "rebuttal" topics, including but not limited to the core issues of "whether there is a causal association between Seroquel and weight gain, glucose dysregulation, hyperglycemia, and/or diabetes," or whether "AstraZeneca's warnings complied with 'state of the art' scientific and technical knowledge that existed at relevant times." Appeal at 13-14 and n. 19. In other words, if AstraZeneca contests in any way plaintiffs' claims, plaintiffs believe they should be entitled to introduce evidence of foreign regulatory actions "in rebuttal." This sweeping request would clearly eviscerate and render meaningless Magistrate Judge Baker's Order.

## CONCLUSION

For the above reasons, AstraZeneca respectfully requests that the Court deny Plaintiffs' Appeal From, Objections To, And Motion To Vacate Magistrate Judge's Order Excluding Evidence And Argument About Foreign Seroquel Labels And Foreign Regulatory Actions. Magistrate Judge Baker's Order excluding evidence of foreign regulatory actions was not "clearly erroneous or contrary to law," but is instead consistent with the law of the Eleventh Circuit and other jurisdictions finding evidence of foreign regulatory actions irrelevant and unfairly prejudicial.

DATED: February 24, 2009          Respectfully submitted,

*/s/ Steven B. Weisburd*
Steven B. Weisburd
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000

Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

*/s/ Chris S. Coutroulis*
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ Eliot J. Walker

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant, Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |