# Exhibit 1

## CONFIDENTIALITY AGREEMENT BETWEEN ASTRAZENECA PHARMACEUTICALS LP AND ELI LILLY AND COMPANY

AstraZeneca Pharmaceuticals LP ("AstraZeneca") and Eli Lilly and Company ("Lilly") (collectively, the "Parties") recognize that, in the course of pending and future litigation involving Seroquel® and/or Zyprexa®, parties to such litigation (the "Litigation") may seek discovery of, or obtain, another party's sensitive business information. AstraZeneca and Lilly acknowledge the other's need to control the dissemination of its sensitive business information and to protect such information from disclosure to competitors. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and adequately protect confidential material, the parties agree as follows:

1. In addition to any protective order in place, AstraZeneca and Lilly enter into this Agreement because they are marketplace competitors, and they desire to institute additional safeguards to prevent their respective confidential information from being disclosed to employees or agents of the other, particularly employees and agents of the other involved in product development or business and competitive decision-making functions, unless the disclosure is expressly authorized by a protective order and is preceded by advance written notice.

2. For purposes of this Agreement, "Confidential Information" or "Confidential Documents" shall mean any type or classification of information which is designated upon disclosure to another party in the Litigation as "Confidential," whether revealed by a party or non-party during a deposition, in a document or thing, in an interrogatory answer, in another discovery response, or otherwise. Confidential Information includes all originals and all copies of abstracts, notes or summaries of Confidential Information. Confidential Information shall not include publicly available materials, such as medical literature, nor shall it

include materials or information made public through trial testimony or court filings not under seal. For purposes of this Agreement, a "party" is AstraZeneca, Lilly and any employees or former employees of either AstraZeneca or Lilly.

      3. "Outside Counsel" means counsel of record for the Parties who are actively engaged in the conduct of the Litigation; and the partners, associates, secretaries, legal assistants, contract attorneys and employees or other representatives of such an attorney to the extent reasonably necessary to render professional services in the Litigation.

      4. Lilly's Outside Counsel shall not disclose confidential information produced by AstraZeneca to any employee, agent or representative of Lilly, unless before the disclosure occurs Lilly's counsel provides AstraZeneca's counsel, Michael W. Davis or James W. Mizgala of Sidley Austin LLP, at least fifteen business days advance notice in writing stating that a disclosure is to be made, identifying the person(s) to whom the disclosure is to be made (name and position with or relationship to Lilly), identifying by Bates number, deposition exhibit number or deposition page-line ranges the AstraZeneca confidential information to be disclosed, and stating the purpose of the disclosure. The written notice shall be served on AstraZeneca's counsel by fax or electronic mail. If, within the fifteen day advance written notice period, AstraZeneca's counsel notifies Lilly's counsel in writing, including via email, that AstraZeneca objects to the proposed disclosure, no disclosure shall be made unless and until the dispute is resolved as set forth in paragraph 6 below.

      5. AstraZeneca's Outside Counsel shall not disclose confidential information produced by Lilly to any employee, agent or representative of AstraZeneca, unless before the disclosure occurs AstraZeneca's counsel provides Lilly's counsel, Nina M. Gussack or Andrew R. Rogoff of Pepper Hamilton LLP, at least fifteen business days advance notice in writing

stating that a disclosure is to be made, identifying the person(s) to whom the disclosure is to be made (name and position with or relationship to AstraZeneca), identifying by Bates number, deposition exhibit number or deposition page-line ranges the Lilly confidential information to be disclosed, and stating the purpose of the disclosure. The written notice shall be served on Lilly's counsel by fax or electronic mail. If, within the fifteen day advance written notice period, Lilly's counsel notifies AstraZeneca's counsel in writing that Lilly objects, including via email, to the proposed disclosure, no disclosure shall be made unless and until the dispute is resolved as set forth in paragraph 6 below.

6. If counsel for the party designating the confidential information to be disclosed objects in writing, including via email, to the disclosure, counsel immediately shall meet and confer in an effort to resolve the dispute. If counsel are not able to reach an agreement, any dispute arising out of or related to this Agreement shall be settled by binding and confidential arbitration. The parties shall work together to agree on a binding neutral arbitrator and arbitration procedure to resolve any such dispute. The designating party shall commence the arbitration process within five business days of reaching an agreement on an arbitrator, unless the other party consents in writing to a longer period. The confidentiality of the information in dispute shall be maintained until entry of an arbitration award or an agreement among counsel resolving the dispute.

7. Before any confidential information is disclosed pursuant to such arbitration award to any person under this Agreement, that person shall first be advised that the information is confidential; that he or she must hold such information in confidence, and that he or she is bound by the terms of this Agreement. That person shall execute an acknowledgement

of his or her obligations to not further disclose such information which acknowledgment shall promptly be provided to the party designating the information as confidential that:

    (a)    the signatory has read and understands this Agreement and will abide by it;

    (b)    the signatory understands that willful, knowing, or any other unauthorized disclosures of the Confidential Documents or their substance may constitute a breach of the signatory's agreement to maintain confidentiality; and

    (c)    the signatory consents to the exercise of personal jurisdiction by the court where any aspect of the Litigation is pending.

8.    This Agreement in no way modifies or amends any protective order, but rather supplements some of its terms as to AstraZeneca and Lilly; and this Agreement in no way affects or modifies plaintiffs' duties, rights and obligations under any protective order.

9.    Any document which the producing party intends to designate as Confidential shall be stamped (or otherwise have the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL." For purposes of this Agreement, the term "document" means all tangible items, whether written, recorded or graphic, whether produced or created by a party or another person, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. A party may designate documents produced by its third-party vendors as "Confidential" by notifying counsel for the other party that all documents being produced are to be accorded such protection.

10.    Confidential Documents shall not be filed with a court except when required in connection with matters pending before a court. If filed, they shall be filed in a sealed envelope or otherwise confidentially secured in keeping with the practices and procedures

of a particular court, clearly marked "Confidential — Subject to protection pursuant to Agreement" and shall remain sealed while in the office of the Clerk so long as they retain their status as Confidential Documents.

11. Nothing in this Agreement shall prevent or otherwise restrict Outside Counsel from rendering advice to their clients in the Litigation and, in the course thereof, relying generally on examination of Confidential Documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 4 and 5.

12. If a court or an administrative agency subpoenas or orders production of Confidential Documents which a party or its counsel has obtained under the terms of this Agreement, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.

13. The provisions of this Agreement shall not terminate at the conclusion of the Litigation. Within 90 days after final conclusion of all aspects of the Litigation, Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of such party or person (if it retains at least one copy of the same), destroyed. All counsel shall certify compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

-6-

**CONSENTED TO BY:**

_____              _____
                                         Nina M. Gussack
                                         Andrew R. Rogoff
                                         Pepper Hamilton LLP
                                         3000 Two Logan Square
                                         Eighteenth & Arch Streets
                                         Philadelphia, PA 19103
                                         Telephone: (215) 981-4000
                                         Facsimile: (215) 981-4750

**ATTORNEYS FOR ASTRAZENECA**            **ATTORNEYS FOR ELI LILLY AND**
**PHARMACEUTICALS LP**                   **COMPANY**

*[signature]*

Nina M. Gussack
Andrew R. Rogoff
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

ATTORNEYS FOR ELI LILLY AND COMPANY

<u>CONSENTED TO BY:</u>

*[signature]*

Ramsey Sherman
Kaye Scholer LLP
425 Park Ave
New York, N.Y. 10520

ATTORNEYS FOR ASTRAZENECA PHARMACEUTICALS LP