# Exhibit 2

## CONFIDENTIALITY AGREEMENT BETWEEN
## ASTRAZENECA PHARMACEUTICALS LP
## AND JANSSEN, L.P., JANSSEN PHARMACEUTICA INC.
## AND JOHNSON & JOHNSON

AstraZeneca Pharmaceuticals LP ("AstraZeneca") and Janssen, L.P., Janssen Pharmaceutica Inc. and Johnson & Johnson (hereinafter "Janssen") (collectively, the "Parties") recognize that, in the course of pending and future litigation involving Seroquel® and/or Risperdal®, parties to such litigation (the "Litigation") may seek discovery of, or obtain, another party's sensitive business information. AstraZeneca and Janssen acknowledge the other's need to control the dissemination of its sensitive business information and to protect such information from disclosure to competitors. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and adequately protect confidential material, the parties agree on this 25th day of April, 2008, as follows:

1. In addition to any protective order in place, AstraZeneca and Janssen enter into this Agreement because they are marketplace competitors, and they desire to institute additional safeguards to prevent their respective confidential information from being disclosed to employees or agents of the other, particularly employees and agents of the other involved in product development or business and competitive decision-making functions, unless the disclosure is expressly authorized by a protective order and is preceded by advance written notice.

2. For purposes of this Agreement, "Confidential Information" or "Confidential Documents" shall mean all information provided by one Party to this Agreement to the other, including without limitation any type or classification of information which is designated upon disclosure to another party in the Litigation as "Confidential," whether revealed by a party or non-party during a deposition, in a document or thing, in an interrogatory answer,

in another discovery response, or otherwise. Confidential Information includes all originals and all copies of abstracts, notes or summaries of Confidential Information. Confidential Information shall not include publicly available materials, such as medical literature, nor shall it include materials or information made public through trial testimony or court filings not under seal. For purposes of this Agreement, a "Party" is AstraZeneca, Janssen and any employees or former employees of either AstraZeneca or Janssen.

3. "Outside Counsel" means counsel of record for the Parties who are actively engaged in the conduct of the Litigation; and the partners, associates, secretaries, legal assistants, contract attorneys and employees or other representatives of such an attorney to the extent reasonably necessary to render professional services in the Litigation.

4. Janssen's Outside Counsel shall not disclose to any employee, agent or representative of Janssen, nor to any person or entity not party to this Agreement, any confidential information produced by AstraZeneca unless there is a written agreement between Janssen and AstraZeneca permitting such disclosure, or unless before the disclosure occurs Janssen's counsel provides AstraZeneca's counsel, Stephen J. McConnell or Brennan J. Torregrossa of Dechert LLP, at least fifteen business days advance notice in writing stating that a disclosure is to be made, identifying the person(s) to whom the disclosure is to be made (name and position with or relationship to Janssen), identifying by Bates number, deposition exhibit number or deposition page-line ranges the AstraZeneca confidential information to be disclosed, and stating the purpose of the disclosure. The written notice shall be served on AstraZeneca's counsel by fax or electronic mail. If, within the fifteen day advance written notice period, AstraZeneca's counsel notifies Janssen's counsel in writing, including via email, that

-2-

AstraZeneca objects to the proposed disclosure, no disclosure shall be made unless and until the dispute is resolved as set forth in paragraph 6 below.

5. AstraZeneca's Outside Counsel shall not disclose to any employee, agent or representative of AstraZeneca, nor to any person or entity not party to this Agreement, any confidential information produced by Janssen unless there is a written agreement between Janssen and AstraZeneca permitting such disclosure, or unless before the disclosure occurs AstraZeneca's counsel provides Janssen's counsel, Thomas F. Campion or Jeffrey A. Peck of Drinker Biddle & Reath LLP, at least fifteen business days advance notice in writing stating that a disclosure is to be made, identifying the person(s) to whom the disclosure is to be made (name and position with or relationship to AstraZeneca), identifying by Bates number, deposition exhibit number or deposition page-line ranges the Janssen confidential information to be disclosed, and stating the purpose of the disclosure. The written notice shall be served on Janssen's counsel by fax or electronic mail. If, within the fifteen day advance written notice period, Janssen's counsel notifies AstraZeneca's counsel in writing that Janssen objects, including via email, to the proposed disclosure, no disclosure shall be made unless and until the dispute is resolved as set forth in paragraph 6 below.

6. If counsel for the party designating the confidential information to be disclosed objects in writing, including via email, to the disclosure, counsel immediately shall meet and confer in an effort to resolve the dispute. If counsel are not able to reach an agreement, any dispute arising out of or related to this Agreement shall be settled by binding and confidential arbitration. The parties shall work together to agree on a binding neutral arbitrator and arbitration procedure to resolve any such dispute. The designating party shall commence the arbitration process within five business days of reaching an agreement on an arbitrator, unless

the other party consents in writing to a longer period. The confidentiality of the information in dispute shall be maintained until entry of an arbitration award or an agreement among counsel resolving the dispute.

7. Before any confidential information is disclosed pursuant to such arbitration award to any person under this Agreement, that person shall first be advised that the information is confidential; that he or she must hold such information in confidence, and that he or she is bound by the terms of this Agreement. That person shall execute an acknowledgement of his or her obligations to not further disclose such information which acknowledgment shall promptly be provided to the party designating the information as confidential that:

(a) the signatory has read and understands this Agreement and will abide by it;

(b) the signatory understands that willful, knowing, or any other unauthorized disclosures of the Confidential Documents or their substance may constitute a breach of the signatory's agreement to maintain confidentiality; and

(c) the signatory consents to the exercise of personal jurisdiction by the court where any aspect of the Litigation is pending.

8. This Agreement in no way modifies or amends any protective order, but rather supplements some of their terms as to AstraZeneca and Janssen; and this Agreement in no way affects or modifies plaintiffs' duties, rights and obligations under any protective order.

9. Any document provided by one Party to the other shall be deemed to be "Confidential" regardless of whether it is stamped (or otherwise has the legend recorded upon it) "CONFIDENTIAL." For purposes of this Agreement, the term "document" means all tangible items, whether written, recorded or graphic, whether produced or created by a party or another

person, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. A Party may designate documents produced by its third-party vendors as "Confidential" by notifying counsel for the other Party that all documents being produced are to be accorded such protection.

10. Confidential Documents shall not be filed with a court except when required in connection with matters pending before a court. If filed, they shall be filed in a sealed envelope or otherwise confidentially secured in keeping with the practices and procedures of a particular court, clearly marked "Confidential — Subject to protection pursuant to Agreement" and shall remain sealed while in the office of the Clerk so long as they retain their status as Confidential Documents.

11. Nothing in this Agreement shall prevent or otherwise restrict Outside Counsel from rendering advice to their clients in the Litigation and, in the course thereof, relying generally on examination of Confidential Documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 4 and 5.

12. If a court or an administrative agency subpoenas or orders production of Confidential Documents which Outside Counsel for a Party has obtained under the terms of this Agreement, before complying with such subpoenas or orders, such Outside Counsel shall promptly notify the other Party or other person who designated the documents of the pendency of such subpoena or order.

13. It is understood that in the case of any breach of any of the terms of this agreement by one of the Parties hereto, the other parties may take any appropriate action to seek

any appropriate remedy. This agreement is to be applied, interpreted, and construed according to the laws of the State of New York.

14. The provisions of this Agreement shall not terminate at the conclusion of the Litigation. Within 90 days after final conclusion of all aspects of the Litigation, Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of such party or person (if it retains at least one copy of the same), destroyed. All counsel shall certify compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

**CONSENTED TO BY:**

*Brennan Torregrossa*
Dechert LLP
4/25/08

*Jeffrey Peck*
*Drinker Biddle & Reath*
4/25/08

**ATTORNEYS FOR ASTRAZENECA PHARMACEUTICALS LP**

**ATTORNEYS FOR Janssen, L.P., Janssen Pharmaceutica Inc. and Johnson & Johnson**

## WITNESS CONFIDENTIALITY AGREEMENT BETWEEN
### ASTRAZENECA PHARMACEUTICALS LP
### AND JANSSEN, L.P., JANSSEN PHARMACEUTICA INC.
### AND JOHNSON & JOHNSON

AstraZeneca Pharmaceuticals LP ("AstraZeneca") and Janssen, L.P., Janssen Pharmaceutica Inc. and Johnson & Johnson (hereinafter "Janssen") (collectively, the "Parties") entered into a Confidentiality Agreement on April 25, 2008 to define the terms under which one of the Parties would provide documents and information produced in pending and future litigation involving Seroquel® and/or Risperdal® (the "Litigation") to the other Party while maintaining the confidentiality of any sensitive business information produced and while maintaining the producing Party's ability to control the dissemination of its sensitive business information and protect it from disclosure to competitors (the "AZ/Janssen Confidentiality Agreement"). The Parties further recognize that there are people who may be asked to testify in the Litigation who were employed by both AstraZeneca and Janssen over the course of their careers (a "Witness"). AstraZeneca and Janssen agree that it is in the joint interest of the Parties and of a Witness to have access to the documents produced in the Litigation by either Party that the Witness would have authored or seen during his or her employment by that Party, and therefore, the Parties further agree on this 25th day of April, 2008, as follows:

1. Either Party may request of the other copies of documents and information produced in the Litigation that was authored by, addressed to, or copied to that Witness while that Witness was employed by the producing Party.

2. All documents or information provided pursuant to this Witness Confidentiality Agreement are to be deemed "Confidential Information" pursuant to the AZ/Janssen Confidentiality Agreement regardless of whether it is stamped (or otherwise has the legend recorded upon it) "CONFIDENTIAL." It is expressly agreed by the Parties that such

Confidential Information may be shown to or discussed with the Witness at the sole discretion of Outside Counsel for the Party who will be presenting that witness to testify.

3. If Outside Counsel for the Party providing documents or information pursuant to this Witness Confidentiality Agreement so chooses, he or she shall be permitted to attend any meetings during the times in which the Witness will be shown such Confidential Information produced by their client or during the times in which such Confidential Information will be discussed with the Witness.

4. In the event that Outside Counsel for the Party providing documents or information pursuant to this Witness Confidentiality Agreement chooses to attend a meeting with the Witness and Outside Counsel for the other Party, the terms the of AZ/Janssen Confidentiality Agreement shall apply to all Confidential Information disclosed to Outside Counsel that was not produced by their own client.

5. Nothing in this Agreement shall prevent or otherwise restrict Outside Counsel from rendering advice to their own clients in the Litigation and, in the course thereof, relying generally on examination of Confidential Information; provided, however, that in rendering such advice and otherwise communicating with their own client, Outside Counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of the AZ/Janssen Confidentiality Agreement.

6. It is understood that in the case of any breach of any of the terms of this agreement by one of the parties hereto, the other parties may take any appropriate action to seek any appropriate remedy. This agreement is to be applied, interpreted, and construed according to the laws of the State of New York.

7. Except as expressly stated herein, this Witness Confidentiality Agreement does not modify or amend the AZ/Janssen Confidentiality Agreement. This Witness Confidentiality Agreement in no way modifies or amends any protective order, but rather supplements some of their terms as to AstraZeneca and Janssen; and this Agreement in no way affects or modifies plaintiffs' duties, rights and obligations under any protective order.

8. The provisions of this Agreement shall not terminate at the conclusion of the Litigation. Within 90 days after final conclusion of all aspects of the Litigation, Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of such party or person (if it retains at least one copy of the same), destroyed. All counsel shall certify compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

**CONSENTED TO BY:**

*Brennan Torregrossa*
Dechert LLP
4/25/08

*[signature]*
Drinker Biddle - Reath
4/25/08

**ATTORNEYS FOR ASTRAZENECA PHARMACEUTICALS LP**

**ATTORNEYS FOR Janssen, L.P., Janssen Pharmaceutica Inc. and Johnson & Johnson**