# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Barbara Schwab, et al.,

                              Plaintiffs,

        -against-                                                 **ORDER**
                                                                        04-CV-1945 (JBW)

Philip Morris USA Inc., et al.,

                              Defendants.
-------------------------------------------------------X

**GOLD, S., U.S.M.J.:**

        Plaintiffs seek production of the Total Exposure Study ("TES"). The TES is a massive, ongoing research study, designed and sponsored by defendant Philip Morris, investigating the "total amount of smoke . . . to which people smoking cigarettes with different tar yields . . . are exposed." Def. Mem. at 2-3. The TES data is comprised of samples of 34 "biomarkers of exposure" for over 4,500 individuals. Id. at 3. Although the samples have been collected and processed, the data has not yet been analyzed. Defendants seek a protective order, arguing that production of the TES data would be burdensome and would adversely affect the research.

        In determining whether to compel discovery, the Court conducts a balancing test pursuant to Rule 26 and enjoys wide latitude in its decision. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984) (a "trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery"). See also Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992) ("A trial court enjoys wide discretion in its handling of pre-trial discovery. . . ."). Rule 26(b)(2)(iii) provides that a court should limit discovery if the "burden . . . [of production] outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(iii). Moreover, Rule 26(c) authorizes a court to issue a protective order for requested discovery materials to guard against

oppression or undue burden. FED. R. CIV. P. 26(c). Pursuant to Rule 26, the Court weighs the need and relevance of the requested discovery against any harm, prejudice or burden of production on the other party. Anker v. G.D. Searle & Co., 126 F.R.D. 515, 518 (M.D. N.C. 1989). Applying this balancing test, courts have denied production of scientific research where the burden outweighed the relevance. See Dow Chemical Co. v. Allen, 672 F.2d 1262 (7th Cir. 1982) (affirming the court's refusal to enforce subpoenas of ongoing research); Anker, 126 F.R.D. 515; In re R.J. Reynolds Tobacco Co., 518 N.Y.S.2d 729 (N.Y. Sup. Ct. 1987).

In this case, defendants have shown that production would be burdensome. Among the arguments made by defendants are that the progress of the study would be interrupted by the need to verify data and correct errors in it before responding to any conclusions drawn from the data by plaintiffs, and that the integrity of the study would be subject to attack if it were used for purposes of litigation. Additionally, the Manual for Complex Litigation suggests that ongoing, scientific research data should be protected from discovery in litigation, but that the "written protocol, the statistical plan, sample data entry forms, and a specific description of the progress of the study until it is completed" should be provided. (4th ed.) § 22.87 at pp. 443-44. Defendants have represented that these materials are in the process of being produced.

Plaintiffs, on the other hand, have failed to show that the TES has significant relevance to their claims. First, defendants have confirmed that none of their outside testifying experts have reviewed the TES data or intend to rely upon it when offering expert testimony at trial, and that even their internal scientists will not be relying on the study if and when they testify. Cf. Simon v. G.D. Searle & Co., 119 F.R.D. 680, 682 (D. Minn. 1987) (requiring defendant to produce data from an ongoing study because the information sought would be considered by the expert and

was therefore necessary for effective cross-examination). Second, plaintiffs have failed to show that the data will be valuable to them. Plaintiffs base their complaint on allegations of fraud, i.e., that the cigarette industry made "false and deceptive statements" concerning the health benefits of smoking light cigarettes, even though it knew that smoking light cigarettes was dangerous. First Am. Compl. ¶¶ 7-8, 77. Moreover, plaintiffs allege that the fraud has been ongoing for decades. Id. at ¶ 139. At trial, plaintiffs must prove what defendants knew and when they knew it. It is difficult to imagine how research data that has not yet been analyzed would help prove the existence of such a fraud, let alone any long-standing history of fraud. Defendants have argued without contradiction that the TES is an ongoing study which has not yet produced any findings. Even if the data indicates that light cigarettes are no less dangerous than regular ones, the TES cannot help plaintiffs establish the fraud claims if the cigarette industry did not have the data and drew no inferences from it during the time period relevant to the complaint.

For these reasons and those stated during the argument held on April 19, 2005, defendants' motion for a protective order precluding discovery of the TES is granted.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
April 20, 2005

*C:\MyFiles\schwab 042005.wpd*