**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation**

Case No. 6:06-md-1769-Orl-22DAB

**This document relates to:**

**LINDA GUINN v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:07-cv-10291-Orl-22DAB**

**DAVID D. HALLER v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:07-cv-15733-Orl-22DAB**

## ORDER

This cause comes before the Court for consideration of AstraZeneca's Motion for Extension of Time to File Bill of Costs (Doc. 1305), to which Plaintiffs responded in opposition (Doc. 1340). AstraZeneca first contends that it technically need not seek an extension of time because Local Rule 4.18(a), which requires that "all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment," does not apply in this instance. In this regard, AstraZeneca maintains that because the Court has already determined that AstraZeneca is entitled to costs, as set forth in the judgments entered in both cases, all that remains is the lodging of the bills of costs with the Clerk, which do not constitute "motion[s] or petition[s]" for costs governed by Local Rule 4.18.

AstraZeneca acknowledges, however, that "some decisions in this District have construed Local Rule 4.18 as requiring the filing of the bill of costs (as opposed to only a motion or petition) within the 14 day time limit." Doc. 1305 at 2. In light of this recognition, AstraZeneca alternatively requests an extension of time to file the overdue bills of costs,[1] and maintains that its tardiness in requesting the extension of time should be excused.

The Court notes that indeed AstraZeneca is entitled to recover costs in both of the above-captioned cases, as set forth in the corresponding judgments. *See* Doc. 51, *Haller v. AstraZeneca Pharms. LP, et al.*, No. 6:07-cv-15733-Orl-22DAB; Doc. 51, *Guinn v. AstraZeneca Pharms. LP, et al.*, No. 6:07-cv-10291-Orl-22DAB. It is decidedly unclear, however, whether Local Rule 4.18 was intended to cover situations in which a party's entitlement to costs has already been found, and all that is left to do is lodge a bill of costs with the Clerk. Indeed, it is conceivable that a bill of costs is neither an "application" for costs nor a "claim" for costs governed by the fourteen day time limit imposed by Rule 4.18. Furthermore, in the event Local Rule 4.18 does not apply, the prevailing Federal Rule of Civil Procedure sets no time limit for the filing of a bill of costs.[2] Thus, although it would have been better practice for AstraZeneca to have filed its bills of costs within the fourteen day time period set forth by Rule 4.18, the Court cannot say for sure whether AstraZeneca was required to do so.

---

[1] If Local Rule 4.18 applies, the bills of costs would have been due February 18, 2009 in *Guinn* and February 23, 2009 in *Haller*, respectively.

[2] Rule 54 of the Federal Rules of Civil Procedure merely states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Nonetheless, even if Rule 4.18 does apply, the Court finds adequate grounds for excusing AstraZeneca's untimely request for an extension of time to file the bills of costs. The motion was filed within five days after the fourteen day time limit expired in the *Guinn* case and on the day the time limit was to expire in the *Haller* case, rendering the delay only a brief one. Furthermore, AstraZeneca asserted in its motion that no prejudice to the Plaintiffs would result from the delay, and Plaintiffs demonstrated no such prejudice in their response to the motion. Therefore, the Court has no evidence before it tending to indicate that granting AstraZeneca's motion for extension of time will adversely affect Plaintiffs or the proceedings in the above-captioned cases.

As a final note, the Court observes that AstraZeneca filed proposed bills of costs in both *Guinn* and *Haller* on March 10, 2009, which were taxed by the Clerk on March 11, 2009. Therefore, under Fed. R. Civ. P. 54(d)(1), Plaintiffs now have five days to file objections, if appropriate.

Based on the foregoing, it is **ORDERED** as follows:

1. AstraZeneca's Motion for Extension of Time to File Bill of Costs (Doc. 1305) is **GRANTED**.

2. The Clerk is directed to file a copy of this Order in each of the above-captioned cases.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 11, 2009.

Copies furnished to:

Counsel of Record

ANNE C. CONWAY
United States District Judge