## APPENDIX 1

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This document relates to ALL CASES**

_____

### [PROPOSED] ORDER FOR COMPLETING GENERAL EXPERT DISCOVERY

This Order establishes deadlines for identifying general experts in this MDL, and for completing discovery and *Daubert* briefing related to such experts.

It is hereby **ORDERED** as follows:

1.  This Order shall apply to every case that is now or later becomes part of this MDL. For purposes of this Order, such a case shall be referred to as an "MDL Case," both while the case is part of this MDL and after remand.

2.  A General Expert is an expert whose opinions address issues that are common to multiple cases and do not relate specifically to a particular plaintiff (hereafter "General Opinion"). A Case-Specific Expert is an expert whose opinions apply to an individual plaintiff's particular case, such as an expert who opines on the specific cause(s) of a plaintiff's alleged injuries.

3.  Except for good cause shown, no party shall be entitled at the trial of any MDL Case to present the testimony of any General Expert who was not identified in

accordance with paragraph 4, below, and no General Expert shall be entitled at the trial of any MDL Case to present testimony that is of a general nature and that is broader than or differs from the testimony that he/she presented pursuant to paragraph 4, below.  Nothing in this Order, however, prevents a General Expert from also being designated as a Case Specific Expert to give an opinion about a specific case.

4. The deadlines related to General Experts shall be as follows:

| Date | Action |
| --- | --- |
| **May 15, 2009** | Plaintiffs' Lead Counsel shall identify and provide reports for all General Experts. |
| **June 1, 2009** | Any plaintiff who wishes to present at trial the testimony of a General Expert not identified by Plaintiffs' Lead Counsel shall identify and provide reports for all such General Experts. |
| **July 1, 2009** | AstraZeneca shall identify and provide reports for all General Experts. |
| **July 15 – Sept. 15, 2009** | Depositions of General Experts. |
| **October 15, 2009** | *Daubert* motions related to General Experts. |
| **November 30, 2009** | Responses to *Daubert* motions. |
| **Date to be determined** | Oral argument or hearing on *Daubert* motions |

This Order does not establish a schedule for identification of Case Specific Experts.  That issue will be addressed by later order of this Court or of transferor courts.

5. No General Expert may be deposed a second time except for good cause shown.

6. A Case-Specific Expert shall be permitted to explain his/her case-specific opinion on injury or causation by reference to General Opinions that he/she developed in the course of forming his/her opinions in a specific case, provided that:

2

3

      a.      The General Opinions offered have not been excluded as unreliable under *Daubert* or through other rulings of this Court; and

      b.      Any General Opinion that the Case-Specific Expert offers in explaining his/her case-specific opinion (i) is neither broader than nor different from the General Opinion of a General Expert, (ii) is relevant to the issues as to which the case-specific testimony is proffered, and (iii) is otherwise admissible under the Federal Rules of Evidence and applicable case law.

**IT IS SO ORDERED.**

Dated:  March ___, 2009

                                                              _____
                                                              ANNE C. CONWAY
                                                             United States District Judge