UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL DOCKET NO:<br>6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF REMAND
OF TRANSFERRED CASES TO THE TRANSFEROR COURTS**

Pursuant to the Court's Order of February 11, 2009 (Doc. 1270, the "Order"), those individual Plaintiffs whose personal-injury cases have been transferred to this District under 28 U.S.C. § 1407 and who have not consented to trial in this District (hereinafter "Plaintiffs")[1] submit this Memorandum in Support of Remand of Transferred Cases to the Transferor Courts (the "Memorandum"). In short, substantially all coordinated and consolidated, non-case specific discovery is complete, and any remaining issues (identified below) should be resolved by the Court in the coming weeks and without delaying its suggestion of remand. For the reasons shown below, the Court should expeditiously suggest remand of Plaintiffs' cases to the Judicial Panel on Multidistrict Litigation ("J.P.M.L.").

---

[1] Plaintiffs and Defendants, in accordance with the Court's Order, have separately filed a jointly prepared document identifying for the Court each Plaintiff's name, case number, state of citizenship, state of residence, and district in which his/her case was originally filed. (Doc. 1385.) The "Plaintiffs" referred to in this Memorandum are listed in the joint document—as well as occasionally herein—as "non-Florida" Plaintiffs.

1

A.     **Appropriateness of Immediate Suggestion of Remand.**

This MDL proceeding has been pending since July 2006.  Plaintiffs' cases were originally filed in or removed to approximately 50 different federal jurisdictions around the country.  Presently, about 5,992 Plaintiffs' (non-Florida) cases remain before this Court.  (*See* n.1, *supra*.)

In terms of general discovery, the parties have conducted an estimated 44 oral depositions of general liability witnesses, and although difficult to precisely quantify, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "Defendants") are believed to have produced around 2.8 million documents.  Hundreds more cases-specific depositions have been taken in both Florida and non-Florida cases.  General causation expert witnesses have been designated for both sides, expert reports have been generated, and experts' depositions have been taken.  The Court has heard and denied, or is in the process of considering, *Daubert* motions filed by Defendants against Plaintiffs' general causation experts.  Defendants have also filed dispositive motions against the first group of cases designated for trial in this District.  The Court has ruled on limited, Florida-law-based, case-specific dispositive issues in two cases, and is in the process of ruling on Defendants' only remaining non-state-law-based defense raised in those motions—federal preemption.  The Court and parties, in sum, have substantially readied Plaintiffs' cases for trial but for case-specific experts and other particularized pretrial matters unique to each Plaintiff's case.

Although events may arise in the future before trial warranting the reopening of discovery as to a discrete issue and/or set of issues, Plaintiffs cannot presently anticipate the substance or nature of those issues.  Therefore, at present, general discovery is complete.

The Florida cases are stayed pending appeal of the *Guinn* case to the United States Court of Appeals for the Eleventh Circuit, and the Court has ordered that no further discovery shall be conducted in Florida cases during the appeal. (Doc. 1331.) The Plaintiffs' (non-Florida) cases have sat idle since at least 2007, the vast majority of them having been inactive since their filing in or around 2006. Although very narrow discovery-related issues and decisions on motions remain in the litigation, as further identified below, Plaintiffs foresee that everything else remaining to be done in their cases is case-specific and not appropriately the subject of further coordinated and consolidated proceedings before this Court.

As a final preliminary matter, at the January 28, 2009 hearing Defendants' counsel stated their intent to move the Court again for a *Lone Pine* order or similar "filtering" mechanism to "screen" and summarily dismiss individual Plaintiffs' cases. Plaintiffs will address in their submission on March 31, 2009 and at the April 7, 2009 hearing such arguments raised in Defendants' memorandum submitted today, if any. For now, Plaintiffs simply state that Defendants' lack of success in disposing of cases on any global legal grounds (as opposed to discovery sanctions and case-specific grounds) cannot justify summary, expedited dismissals of Plaintiffs' cases simply for purposes of winnowing those cases subject to remand. No matter how Defendants may reimagine such "filtering" devices, they are all inherently case-specific, require the Courts' interpretation of 30+ states' laws, and fail for the same prematurity, fairness, and due process infirmities that existed the first time the Court denied Defendants' *Lone Pine* request. (Doc. 688.)

**B.      Procedure for Remand.**

Thus, as the Court is aware, when an MDL transferee judge "perceives his or her role in the case has ended," the transferee court should make a suggestion of remand to the J.P.M.L. *Kinley Corp. v. Integrated Resources Equity Corp. (In re Integrated Resources, Real Estate Ltd. Partnership Sec. Litig.),* 851 F. Supp. 556, 562 (S.D.N.Y. 1994). A suggestion of remand is appropriate where a case will not "benefit from further coordinated proceedings as part of the MDL . . . ," *McKinney v. Bridgestone/Firestone, Inc. (In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.),* 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001), and "when everything that remains to be done is case-specific." *Bridgestone/Firestone,* 128 F. Supp. 2d at 1197 (quoting *In re Patenaude,* 210 F.3d 135, 145 (3d Cir.2000)).

The ultimate decision of whether to remand a case from a transferee court rests with the J.P.M.L. *See* 28 U.S.C. § 1407. Yet, "[i]n considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Data General Corp. Antitrust Litigation,* 510 F.Supp. 1220, 1226 (J.P.M.L. 1979) (quoting *In re Holiday Magic Sec. & Antitrust Litigation,* 433 F.Supp. 1125, 1126 (J.P.M.L.1977)). The federal multidistrict litigation statute, 28 U.S.C. § 1407, mandates that each transferred action "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a); *see* J.P.M.L. Rule 7.6. ("Each action transferred only for coordinated or

consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial.").

As noted, Plaintiffs agree with the Court's assessment in the Order that "all corporate and third party discovery" and discovery regarding "all general experts in the non-Florida cases" is substantially complete at this juncture in the litigation, with the exception of minor discovery-related items identified below. Plaintiffs do not hereby intend to waive any right to seek leave to reopen general discovery in the future if circumstances or events so warrant.

**C.    Minor Discovery-Related Issues May Be Resolved By The Court Even After Suggestion Of Remand.**

Plaintiffs have identified the following, limited discovery-related issues that the Court has already determined to undertake, or which the Plaintiffs will ask the Court to address in the very near future. None of the items identified in this section should delay this Court's suggestion of remand to the J.P.M.L.

- **Decide issue of confidentiality of Defendants' documents and identified deposition testimony**—Last month, the parties resolved in advance of a hearing before Magistrate Judge Baker a number of their disputes concerning Defendants' claimed confidentiality of documents Defendants produced in discovery. As promised in that hearing, the parties have already undertaken meet and confer obligations to address and attempt to resolve disagreements concerning alleged confidentiality of Defendants' remaining documents as well as certain deposition testimony. Judge Baker has set a hearing for May 7, 2009 to hear testimony and argument regarding Defendants' continued maintenance of confidentiality protections as to any such documents and testimony. Plaintiffs ask the Court to decide this issue notwithstanding remand so that the transferor courts may be guided by a uniform analysis of the documents and interpretation of federal law governing confidentiality, sealed court records, and Federal Rule of Civil Procedure 26(c).

- **Decide issues related to Defendants' privilege log**—Plaintiffs' counsel and defense counsel have also agreed to participate in further meet and confer sessions concerning the breadth and ambiguity of documents indentified on Defendants' privilege log. Depending on the outcome of those meetings,

> Plaintiffs will file, as necessary, motion(s) challenging Defendants' privilege designations as to particular documents or categories of documents. Plaintiffs will file the motion(s) sufficiently in advance of the May 7, 2009 hearing before Magistrate Judge Baker that Defendants' have the opportunity to respond to Plaintiffs' motion(s) in advance of the hearing. As with confidentiality related issues, Plaintiffs ask the Court to decide this issue notwithstanding remand so that the transferor courts are guided by a uniform analysis of the privilege log and documents, as well as interpretation of the Federal Rules of Evidence and applicable case law.

Contrarily, Plaintiffs do not consider it necessary for the Court to rule at this time on any of the Parties' (Plaintiffs' or Defendants') objections to deposition testimony offered in the first seven Initial Trial Pool cases. Plaintiffs' believe that Defendants will agree that the designated deposition testimony in those cases will necessarily change prior to trial in future cases, and those decisions are best left to the trial counsel and courts in those cases.

## CONCLUSION

There exists no basis for the non-Florida cases to sit idle pending the *Guinn* appeal or further Florida-law-related proceedings in this Court. The federal statutes and rules governing multidistrict litigation unequivocally direct that remand is appropriate when the cases before the transferee court will no longer benefit from consolidated or coordinated proceedings, and all that is left to be done is case-specific trial preparation. This Court has effectively completed its task of comprehensively readying the transferred cases for trial on a global, coordinated, and consolidated basis. The remaining, case-specific trial preparation belongs to the transferor Courts. Prompt suggestion of remand to the J.P.M.L. is now appropriate.

DATED: March 16, 2009                              Respectfully submitted,


                                                  By:   /s/ K. Camp Bailey
                                                                F. Kenneth Bailey Jr.
                                                                K. Camp Bailey
                                                                Fletcher V. Trammell
                                                                Robert W. Cowan
                                                                **BAILEY PERRIN BAILEY**
                                                                440 Louisiana St., Suite 2100
                                                                Houston, Texas 77002
                                                                (713) 425-7100 Telephone
                                                                (713) 425-7101 Facsimile
                                                                kbailey@bpblaw.com
                                                                cbailey@bpblaw.com
                                                                ftrammell@bpblaw.com
                                                                rcowan@bpblaw.com
                                                                **Co-Lead Counsel for Plaintiffs**


## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 16th day of March, 2009, I electronically filed the foregoing: PLAINTIFFS' MEMORANDUM IN SUPPORT OF REMAND OF TRANSFERRED CASES TO THE TRANSFEROR COURTS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.


                                                                 /s/  Robert W. Cowan
                                                                 Robert W. Cowan