**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to:  All Cases

_____

**ASTRAZENECA'S RESPONSE TO PLAINTIFFS'**
**MEMORANDUM IN SUPPORT OF REMAND**

In accordance with the Court's February 11, 2009 Order, Doc. No. 1270, defendants

AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") hereby submit their

Response to Plaintiffs' Memorandum in Support of Remand of Transferred Cases to the

Transferor Courts ("Plaintiffs' Memorandum"), Doc. No. 1387.

**I.      INTRODUCTION**

Plaintiffs propose an immediate remand of almost 6,000 cases, a remand that would

be literally unprecedented in the annals of multidistrict litigation.  The Judicial Panel on

Multidistrict Litigation ("JPML") stated its expectation that this Court would "dispos[e] of

spurious cases quickly," JPML Transfer Order, MDL No. 1769 (July 6, 2006), Doc. No. 1 at

2, but plaintiffs would instead have this Court return thousands of cases to the transferor

courts without first screening out those that are spurious.

Plaintiffs' purpose in seeking immediate remand is clear:  to avoid having this Court

scrutinize their inventory of cases, recognizing that even minimal screening would result in

the dismissal of numerous cases.  Plaintiffs are so determined to get their cases out of this

Court before screening that they have proposed a remand of all 6,000 cases *en masse* without

offering any suggestions on how such a remand could be accomplished, without considering the impact on the transferor courts, and without acknowledging, let alone addressing, the procedural chaos that their proposed mass remand would cause.  To make such an immediate remand seem more feasible, plaintiffs have assured the Court that all generic expert discovery has already occurred, which is not so, and have disingenuously stated that common-issue discovery of AstraZeneca is complete as well, even though at this very moment they are seeking such discovery in state court.

AstraZeneca respectfully urges the Court to reject plaintiffs' suggestion of an immediate, unprecedented mass remand.  Consistent with the objectives set by the JPML when it established this MDL, and as AstraZeneca explained in its Submission on the Future of the MDL ("AstraZeneca's Submission"), Doc. No. 1386, AstraZeneca believes that the best way to move this litigation toward a just and expeditious resolution is for the Court to complete its work on the common issues while simultaneously implementing a two-phase process to screen the non-Florida cases.

## II.  AN IMMEDIATE REMAND OF ALL NON-FLORIDA CASES WOULD DEFEAT COORDINATION AND LEAD TO A PROCEDURAL MORASS

Plaintiffs assert that the Court should "expeditiously" and "prompt[ly]" suggest that the JPML remand all 6,000 non-Florida cases, but plaintiffs have not suggested how such a mass remand could possibly be accomplished.  *See* Doc. No. 1387 at 1, 6.

An *en masse* remand of 6,000 cases would be unprecedented and contrary to the JPML's expectation that this Court would quickly dispose of spurious cases.  *See* Doc. No. 1386 at 5-12; Doc. No. 1 at 2.  Even those few MDL courts that have remanded large numbers of cases have avoided the kind of wholesale remand that plaintiffs propose:

- Other MDL courts have conditioned remands on plaintiffs' meeting certain criteria, but plaintiffs here apparently propose that no standards at all would have to be met in order for a case to qualify for remand;[1]

- Other MDL courts have developed schedules that take account of practical realities, but plaintiffs here urge this Court to dump all the cases on the transferor courts at one time;[2] and

- Other MDL courts have been sensitive to the impact on transferor courts, but plaintiffs here do not even acknowledge the havoc that a 6,000-case remand would wreak, let alone propose any suggestions to avoid it.[3]

If all the non-Florida cases were remanded right now, without any prior screening, almost 5,000 cases would return to Judge Nancy Gertner in the District of Massachusetts, thereby saddling Judge Gertner with the responsibility of coordinating those thousands of cases, and making her, in effect, a quasi-MDL judge.  About 450 other cases would be returned to Judge Richard Kyle in the District of Minnesota, creating another de facto MDL

---

[1]     *See, e.g., In re PPA Prods. Liab. Litig.*, MDL No. 1407, Case Management Order Nos. 17, 17B, 17C (W.D. Wash.), *available at* http://www.wawd.uscourts.gov/SpecialCaseNotices/mdl1407_casemgmtorders.htm.

[2]     Most MDL courts that have remanded large numbers of cases have done so over an extended period of time.  For example, in the Breast Implant litigation (MDL No. 926), 5,228 cases were remanded over the course of four years; in the PPA litigation (MDL No. 1407), 488 cases were remanded over four years; and in the Diet Drugs litigation (MDL No. 1203), 139 cases were remanded over five years.  *See In re Breast Implant Prods. Liab. Litig.*, MDL No. 926, *available at* http://www.fjc.gov/BREIMLIT/ORDERS/orders.htm; *see also* JPML Statistics for Fiscal Years 2003-2008, *available at* http://www.jpml.uscourts.gov/General_Info/Statistics/statistics.html.

[3]     *See, e.g., In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, Pretrial Order No. 1962, 2001 WL 497313 (E.D. Pa. May 9, 2001) (entering final Pretrial Order summarizing litigation), *available at* http://www.fenphen1203.com/977294.html.

in his court.[4]  The remaining 619 cases would be scattered throughout 50 different districts.
*See* Doc. No. 1386, App. 2.  These numbers likely will increase, as additional Seroquel cases
are being filed in or removed to federal courts nearly every month.[5]  *See, e.g.*, CTO-81, Doc.
No. 1392 (entered March 24, 2009) (transferring 10 cases with 89 plaintiffs to this MDL).
Moreover, as explained in AstraZeneca's Submission, because so few MDL plaintiffs filed
suit in their home districts, Judges Gertner and Kyle and the other transferor judges might
further transfer thousands of cases under 28 U.S.C. § 1404 to plaintiffs' districts of residence
– in 91 of the 94 United States District Courts – thereby creating additional "mini-MDLs" in
the District of South Carolina (375 cases), Southern District of Ohio (304 cases), Southern
District of Mississippi (243 cases), and numerous other courts.  *See* Doc. No. 1386, App. 3.

Whether or not the transferor courts opt to send the cases to other courts, numerous
district courts – at least 52, and perhaps as many as 91 – would have to manage large
numbers of Seroquel cases, which would require a herculean judicial effort.  For the parties,
it would be a challenge even to keep track of thousands of cases in scores of different courts.
Much worse, instead of a well-coordinated litigation that achieves the purpose of MDL
consolidation, the Seroquel litigation would turn into a disorganized, procedural morass.
Inconsistent rulings would issue out of scores of different courts, as each court grappled with
identical or substantially identical issues.

---

[4]      Many of the estimated 476 cases in which AstraZeneca has not yet received a Plaintiff Fact
Sheet ("PFS"), and about which AstraZeneca knows next to nothing, were originally filed in the
District of Minnesota.  *See* Doc. No. 1386 at 8 n.10.

[5]      Even if this Court were to remand all the non-Florida cases to the transferor districts, this
MDL would likely remain open, and the JPML would likely continue transferring newly-filed cases
to it, so that the cases could benefit from the general discovery taken in this MDL and from the
rulings issued by this Court.

AstraZeneca's Submission lays out how this Court can adopt time-tested screening devices, in a carefully-phased approach, to weed out spurious cases before remand, and explains how such screening would substantially lessen the burden of this litigation on other federal courts. *See* Doc. No. 1386 at 5-16.  The precise mechanism for screening can be fine-tuned, of course, but some kind of effective screening is essential to an expeditious resolution of this litigation.  AstraZeneca urges the Court to do as other courts have done, and as the JPML contemplated when it established this MDL:  implement a screening program to dispose of spurious cases, rather than send thousands of unscreened cases to other district courts around the country.[6]

## III.    PLAINTIFFS ARE WRONG TO SAY THAT GENERIC EXPERT DISCOVERY IS COMPLETE

In their eagerness to get their cases out of this Court before any screening occurs, plaintiffs inaccurately assert that "discovery regarding 'all general experts in the non-Florida cases' is substantially complete."[7]  Doc. No. 1387 at 5.  Plaintiffs have simply ignored the express language of CMO No. 5:

As to MDL cases not selected for the Initial Trial Pool, the Parties shall be permitted, on dates that may be set by agreement of the Parties or by later orders of this Court or

---

[6]    Plaintiffs do not even acknowledge the categories of cases that the Court will almost certainly not want to remand under any circumstances.  For example, the Plaintiff Fact Sheet ("PFS") program is an essential part of this MDL, but there are currently about 476 plaintiffs who have not yet served their PFSs; the Court would surely not want to remand such cases without first requiring plaintiffs to serve their PFSs.  Additionally, there are other cases which, based on the PFSs, appear to be utterly devoid of merit – cases in which plaintiffs claim that they were diagnosed with diabetes before they began to use Seroquel and that they used Seroquel before it came on the market.  *See* Doc. No. 1386 at 10.

[7]    This position is directly at odds with statements that plaintiffs made just over two months ago, when they sought to designate a new general expert witness, to amend the opinions of their existing experts, and to re-depose AstraZeneca's experts.  *See infra* Part IV.

transferor courts, to identify additional general experts not previously identified for Initial Trial Pool cases.

Doc. No. 792 at § 3.C.

Although AstraZeneca certainly does not object to plaintiffs' limiting themselves for all future trials to their three previously-designated general expert witnesses (Drs. Arnett, Plunkett, and Wirshing) and the expert opinions that those three experts have proffered,[8] AstraZeneca is skeptical about plaintiffs' true intentions.  AstraZeneca believes that plaintiffs are very likely planning to ask Drs. Arnett, Plunkett, and/or Wirshing to opine on new developments, such as anything emerging from the FDA Advisory Committee scheduled for April 8, 2009 (*see, e.g.,* 03/26/09 Email from Paul Pennock, Co-Lead Counsel for MDL Plaintiffs, to counsel for AstraZeneca, attached as Appendix A (showing that plaintiffs are already focused on the Advisory Committee)), even while plaintiffs are assuring the Court that they are done with generic expert discovery.  If AstraZeneca is right, then plaintiffs' actual plans need to be taken into account.  Moreover, even if plaintiffs truly do intend to refrain from obtaining supplemental opinions from their existing three experts, plaintiffs cannot deprive AstraZeneca of its right under CMO No. 5 to name additional general experts and to offer additional opinions.  AstraZeneca designated 18 generic experts for the Florida Initial Trial Pool of 30 cases, but the prospect of defending hundreds (or thousands) of cases around the country in many different courts – perhaps simultaneously – might well require AstraZeneca to designate a limited number of additional generic experts, or offer additional opinions, as CMO No. 5 expressly allows it to do.

---

[8]      AstraZeneca's *Daubert* motions regarding Drs. Plunkett and Arnett are pending, of course.

This Court has ordered that all general expert discovery will be completed in this MDL.  *See* Doc. No. 1270.  AstraZeneca respectfully urges the Court to discuss this issue with the parties on April 7 and thereafter, depending on what plaintiffs may reveal about their true intentions, to adopt an Order that will accomplish the Court's goal of completing generic expert discovery and motion practice in this MDL before any cases are remanded.

## IV.  THE COURT SHOULD ENSURE THAT PLAINTIFFS ARE NOT TRYING TO CIRCUMVENT THIS COURT'S ORDER BY TELLING THE COURT THAT GENERAL DISCOVERY IS COMPLETE

In trying to dodge any case screening by this Court, plaintiffs assert that "general discovery is complete," but they attempt to reserve the right "to reopen general discovery in the future if circumstances or events so warrant."  Doc. No. 1387 at 2, 5 (stating also that "all corporate and third party discovery … is substantially complete").

AstraZeneca would certainly welcome a decision by plaintiffs to seek no more discovery from AstraZeneca, but that plainly is not in fact what plaintiffs have in mind.[9] First, plaintiffs' reservation of rights is so broad and ill-defined that it would allow almost any further discovery that plaintiffs might wish to take.  Second, and more telling, at the same time plaintiffs are encouraging this Court to remand the non-Florida cases by saying that general discovery is complete, plaintiffs are actually seeking to take general discovery of AstraZeneca in the New Jersey state court consolidated litigation, with every intention, no

---

[9]     It is telling that at the January 28, 2009 Pretrial Conference, plaintiffs asked the Court to "reopen" discovery and to permit them (a) to request additional documents from AstraZeneca, (b) to depose at least three additional AstraZeneca fact witnesses, (c) to re-depose AstraZeneca's expert witnesses, (d) to amend their exhibit lists, (e) to amend their deposition designations, and (f) to obtain new opinions from their expert witnesses.  *See* 01/28/09 Tr. of Pretrial Conference at 8:19-10:19.  Plaintiffs also filed a motion requesting similar relief on January 26, 2009.  *See Guinn v. AstraZeneca LP, et al.*, Case No. 6:07-cv-10291, Doc. No. 41.

doubt, of using that discovery in federal court trials of remanded MDL cases. Thus, even though this Court has ordered that "before any non-Florida cases are remanded, Plaintiffs will be required to complete all corporate and third party discovery" in this MDL, plaintiffs now seem to be trying an "end run" around this Court's directive. *See* Doc. No. 1270; 03/26/09 Pennock Email, attached as Appendix A.

This circumvention should not be allowed. AstraZeneca asks the Court to enter an order formally closing common-issue fact discovery of AstraZeneca, precluding all MDL plaintiffs from seeking any additional general discovery of AstraZeneca or of third parties in this Court or in any other court after remand, and prohibiting all MDL plaintiffs from using at trial any common-issue discovery that might be obtained hereafter in any other Seroquel litigation. Some legitimate exceptions may be necessary, of course, and AstraZeneca has addressed them in the proposed form of order that it has attached as Appendix B.

## V.   THIS COURT SHOULD RESOLVE THE CONFIDENTIALITY AND PRIVILEGE ISSUES

Plaintiffs have told the Court that only two discovery issues remain for this Court to resolve – relating to AstraZeneca's confidentiality and privilege designations – and that both issues are so "minor" that their resolution need not delay remand of the non-Florida cases. *See* Doc. No. 1387 at 5-6.

Plaintiffs and AstraZeneca have scheduled a "meet and confer" on these issues, and there may be more to say about them at the April 7 conference. For now, suffice it to say that AstraZeneca wholeheartedly agrees with plaintiffs that it must be this Court, and not the transferor courts, that resolves any privilege and confidentiality issues that the parties are not able to resolve on their own.

VI.    **THIS COURT SHOULD RULE ON THE ADMISSIBILITY OF THE PARTIES' DEPOSITION DESIGNATIONS AND THE OBJECTIONS THERETO**

This Court stated on February 18, 2009 that it would resolve all disputes relating to the generic depositions.  *See* 02/18/09 Tr. of Motion Hearing at 3:19-4:3.  In their effort to move their cases out of this Court right now, however, before any screening, plaintiffs propose that the Court *not* resolve those disputes.  Doc. No. 1387 at 6.

AstraZeneca agrees with the Court and disagrees with plaintiffs.  This Court is already familiar with the background of the litigation, and this Court has already considered many of the same issues in deciding the motions *in limine*.  In short, this Court is far better equipped than any other court could possibly be to rule on the admissibility of deposition testimony and the merit of any objections.  Further, the Court will necessarily have to resolve these same deposition issues in dealing with the Florida cases, and there is no reason why those rulings should not be applied to all MDL cases, thereby promoting uniformity across all MDL cases and allowing the parties to prepare videos of general deposition testimony that can be shown at all trials in this Court or in other courts after remand.

VII.    **CONCLUSION**

For the foregoing reasons, AstraZeneca respectfully submits that this Court should refrain from remanding the non-Florida cases at this time.  Instead, this Court should finish dealing with the common issues and implement the screening programs suggested in AstraZeneca's Submission to identify whatever cases might be appropriate for remand.  After the common issues have been addressed and the cases have been screened, the Court should

implement procedures to ensure an efficient and orderly remand of any remaining non-Florida cases in a way that would not overburden the transferor courts or the parties.

Respectfully submitted on this 31st day of March, 2009,

/s/ Fred T. Magaziner
Fred T. Magaziner
Steven B. Weisburd
Stephen J. McConnell
Shane T. Prince
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
E-mail: fred.magaziner@dechert.com
         steven.weisburd@dechert.com
         stephen.mcconnell@dechert.com
         shane.prince@dechert.com

Chris S. Coutroulis
Carlton Fields
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL  33607-5736
Telephone: (813) 229-4301
Facsimile: (813) 282-1970
E-mail: ccoutroulis@carltonfields.com

*Counsel for Defendants AstraZeneca LP*
*and AstraZeneca Pharmaceuticals LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 31, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' Liaison Counsel, who is charged with serving non-CM/ECF participants on the attached Service List.

*/s/ Shane T. Prince*

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>**Plaintiffs' Lead Counsel** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>**Plaintiffs' Lead Counsel** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>**Plaintiffs' Liaison Counsel** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Kallas, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca***<br>***Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant,***<br>***Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>***Attorneys for Defendants Janssen***<br>***Pharmaceutical Products and Johnson &***<br>***Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP***<br>***and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |