**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation**

Case No. 6:06-md-1769-Orl-22DAB

_____

## ORDER

This cause comes before the Court on the hearing held April 22, 2009, at which the parties submitted their views on the method and timetable for remand of the approximately 6,000 cases in this MDL. At the hearing, counsel for Plaintiffs affirmed that they did not wish to seek any further general discovery from Defendants. Therefore, general discovery is closed.

With regard to case-specific discovery, no *Lone Pine* order or fact certification program will be implemented by this Court. Plaintiffs' attorneys have already evaluated the viability of their cases, consistent with their duties under Rule 11 of the Federal Rules of Civil Procedure. Cases without merit under this standard may be dealt with by the transferor courts. Furthermore, Defendants have not articulated any compelling reason why this Court's oversight of case-specific discovery would be superior to that of the transferor courts. Indeed, it is physically impossible for this court to manage case-specific motion practice on nearly 6,000 cases. The Court believes that the transferor courts are in the best position to effectively and efficiently manage discovery on a case-by-case basis.

Given the fact that general discovery is complete, and additional case-specific discovery will be reserved for the transferor courts after remand, only a few matters remain to be resolved in this MDL before a suggestion of remand can be made. First, the Court intends to assist the parties with preparation of generic testimony, in video form or otherwise, for use at trial. To aid in this endeavor,

each party will be required to prepare a list of all generic witnesses[1] who will be unavailable to testify live at trial, but whose deposition testimony will be offered on issues common to all cases. The admissibility of these witnesses' testimony will be determined one of two ways: (1) the witness will appear live before this Court, trial testimony will be elicited, and rulings on objections will be issued simultaneously; or (2) the witness' deposition will be submitted to the Court along with objections, and admissibility rulings will be issued separately.[2] In the end, the Court will return cases to their transferor courts with all generic witness testimony fully prepared for trial.

In addition, the Court will issue rulings on the following outstanding issues common to all cases in this MDL, including, but not limited to: (a) all remaining confidentiality designations and privilege log issues; (b) admissibility of the general causation testimony of Drs. Arnett and Plunkett (Doc. 1112); (c) admissibility of the non-causation testimony of Drs. Wirshing, Plunkett and Arnett (Doc. 1121); (d) admissibility of certain evidence relating to Dr. MacFadden (Doc. 1196); and (e) whether partial summary judgment is warranted based on the doctrine of federal preemption (Doc. 1391). Finally, the Court will enter an Order advising the transferor courts of the progress of the MDL and outlining the issues remaining with respect to discovery and trial. The Court intends to recommend that the transferor courts transfer cases to the district where the plaintiff resides pursuant to 28 U.S.C. § 1404(a).

In furtherance of these tasks, it is **ORDERED** as follows:

---

[1] Generic witnesses are deemed to be only those witnesses who will offer testimony on issues common to all cases in this MDL.

[2] The Court recognizes that most, if not all, of these trial depositions have already been prepared and submitted to the Court with designations and objections in conjunction with the Florida Trial Group One cases.

1. On or before June 1, 2009, the parties shall file a joint list of generic witnesses whose testimony they intend to offer at trial in any form other than live testimony. With respect to each of these witnesses, the parties shall indicate whether the witness will be made available to present live testimony before this Court for purposes of determining admissibility. For those witnesses who will testify only by deposition, the parties shall indicate whether each witness' deposition has previously been submitted to the Court with designations and objections in conjunction with the Florida Trial Group One cases. Courtesy copies of all depositions not previously submitted shall be delivered to the Clerk of Court no later than June 1, 2009, and shall be prepared in the same manner as previously directed with respect to the Florida Trial Group One cases. *See* Doc. 1181. With respect to any new deposition submissions, counsel is instructed to highlight the words of the designated excerpts and objections, rather than simply placing a colored line in the margin.

2. On or before June 1, 2009, the parties shall each submit a proposal for inclusion in the Court's order to the transferor courts. The proposals shall be limited to the following: (a) a description of the appropriate scope of case-specific discovery after remand, including whether continued use of the PMO would be appropriate; and (b) an outline of the significant case-specific and state law issues remaining for adjudication, e.g., specific causation and the applicability of the learned intermediary doctrine.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 28, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge