UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation,
MDL Docket No. 1769

This document relates to:
ALL CASES
_____

MDL DOCKET NO.
6:06-MD-1769-ACC-DAB

ASTRAZENECA'S MOTION TO STRIKE
PLAINTIFFS' RENEWED MOTION TO DE-DESIGNATE
DOCUMENTS IMPROPERLY CLAIMED AS PRIVILEGED OR, IN
THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO RESPOND

AstraZeneca respectfully opposes and moves to strike plaintiffs' Renewed Motion to De-Designate Documents Improperly Claimed As Privileged ("Renewed Motion") (Doc. 1414) because plaintiffs filed it nearly a year late without even attempting to show reasonable cause for their delay. If the Court declines to strike the Renewed Motion, AstraZeneca respectfully moves for an enlargement of time, until fourteen days after the Court's ruling on the motion to strike, to (i) defend the propriety of the Court's prior rulings on the principles governing AstraZeneca's privilege and work product determinations and (ii) respond to plaintiffs' challenges to the 56 logged documents identified in the Renewed Motion.

FACTUAL BACKGROUND

Nearly sixteen months ago, in January 2008, plaintiffs filed a motion to compel raising concerns about (i) the format of AstraZeneca's privilege log and (ii) the general scope of AstraZeneca's privilege and work product designations. Doc. 789. In May 2008, the Court granted in part and denied in part that motion, upholding AstraZeneca's privilege and work product designations for some documents but not others. Doc. 980. Later in May 2008, on its own motion, the Court conducted an *ex parte* hearing at which it elaborated upon the privilege

14991809.1

- 1 -

and work product rules governing AstraZeneca's document production. Doc. 996. At plaintiffs' request and at the Court's direction, AstraZeneca filed and served on plaintiffs in June 2008 a document outlining the privilege and work product principles that the Court articulated at the *ex parte* hearing. Doc. 1034. Based upon the "rules of the road" set forth in the Court's privilege rulings, AstraZeneca embarked on a comprehensive, time-consuming and expensive review of the logged documents — producing those that did not satisfy the Court's rulings (approximately 60 percent of the documents on the October 22, 2007 log challenged in plaintiffs' January 2008 motion) and maintaining privilege for those that did. In July 2008, AstraZeneca provided plaintiffs with a revised privilege log, reflecting the product of its review of the previously logged documents. Moreover, having heard nothing specific from plaintiffs about global privilege issues over the ensuing months, AstraZeneca assumed those issues had been resolved, and thus continued to review and, as appropriate, produce and withhold hundreds of thousands of documents pursuant to the Court's rulings.

The following chronology sets forth the relevant events in greater detail:

January 10, 2008. Plaintiffs filed MDL Plaintiffs' Memorandum and Motion to Compel AstraZeneca to Produce Documents Improperly Designated as Privileged and Documents for which Privilege Should Be Deemed Waived and for the Appointment of a Special Master to Review Privilege Logs ("Privilege Motion"). Doc. 789. The Privilege Motion took issue with the format of AstraZeneca's privilege log and the scope of AstraZeneca's privilege and work product designations.

January 29, 2008. AstraZeneca responded to the Privilege Motion. Doc. 843.

<u>March 11, 2008</u>. At a scheduled status conference, the Court ordered (i) plaintiffs to identify 100 entries on AstraZeneca's log and (ii) AstraZeneca to submit the logged documents and supporting materials for the Court's *in camera* review. Doc. 893; 3/11/08 Tr. at 83-86.

<u>March 20, 2008</u>. AstraZeneca submitted documents and supporting materials for the Court's *in camera* review, and publicly filed a brief supporting its privilege and work product designations. Docs. 908-909.

<u>April 10, 2008</u>. The Court addressed the Privilege Motion, noting "the way I've done that occasionally, when it's been as complicated at this, is to sit down and go almost document by document with somebody who can answer specific questions and then we figure out what pigeonhole they belong in. … So anticipate that possibility. … Then what I've done is typically created an order that allows the other side, if they disagree with my legal reasoning, to take it up, if you want to, or to seek reconsideration, if you need to, after I've done that." 4/10/08 Tr. at 19.

<u>May 7, 2008</u>. The Court entered an order ("5/7/08 Order") granting in part and denying in part the Privilege Motion. Doc. 980. The Court concluded, "To allow final separation of wheat and chaff and to provide guidance as to reclassification of the other documents withheld, the Court will undertake a final *in camera* review of the selected documents with a designated AstraZeneca representative to provide context for documents that … have some possible basis for a privilege or work product claim." *Id*. at 14.

<u>May 19, 2008</u>. The Court held an *ex parte* hearing with AstraZeneca's outside counsel and AstraZeneca Deputy General Counsel Laura Davies. Doc. 996. During the hearing, the Court addressed specific documents with Ms. Davies and elaborated on the principles governing privilege and work product claims in this litigation. *See* 5/19/08 Tr. at 1-37 (confidential).

June 24, 2008. At the June 24, 2008 status hearing, plaintiffs' counsel expressed concern that plaintiffs did not know what "guidance" the Court gave AstraZeneca at the *ex parte* hearing. 6/24/08 Tr. at 15-16. The Court responded that the guidance "was consistent with the written ruling [the 5/07/08 Order]," and suggested that AstraZeneca "write up what you think my guidance was in a way that doesn't reveal any of the things that were privileged, but lets them know what you thought I said and that was the basis for the review that's been ongoing, and you can share that with them." *Id*. at 16. AstraZeneca committed to prepare a document that set forth the principles the Court articulated at the *ex parte* hearing. *Id*. at 17-18.

AstraZeneca's counsel added, "I can tell you … that we took every one of those principles, and this has been a document by document review of the 27,000 documents on [the log], to try to apply them right. It's a complex, very document specific undertaking." *Id*. at 18. Plaintiffs' counsel responded, "Because we will be — *we want to embark [on] reviewing these documents very quickly*. And, as they had mentioned, we got the first major part last night, we will need to, I think, have that guidance very quickly so that — *because we really don't want to start the review until we have a statement of those principles*." *Id*. at 19 (emphasis added).

June 27, 2008. Three days later, AstraZeneca filed AstraZeneca's Summary of Attorney-Client Privilege and Work Product Principles Articulated by Magistrate Judge Baker at May 19, 2008 *Ex Parte* Hearing (the "Principles"). Doc. 1034. The Principles set forth six sets of attorney-client and work product principles articulated by the Court at the *ex parte* hearing, some of which AstraZeneca had opposed.

July 15, 2008. Applying the 5/7/08 Order and the Principles, AstraZeneca reviewed over 12,000 documents that had been produced with privilege and/or work product redactions, and

14991809.1                                    - 4 -

reduced or removed redactions from 7,100 of those documents.  Those documents were re-produced on July 15, 2008.

<u>July 25, 2008</u>.  AstraZeneca provided plaintiffs with a revised privilege log, reflecting the documents that remained on the log after AstraZeneca applied the privilege and work product rules articulated in the 5/7/08 Order and the Principles.[1]  The log supplemented many of the log entries that remained where the prior log might not have completely set forth the basis for AstraZeneca's assertion of privilege or work product.  The documents removed from the log (other than those duplicative of previously produced documents) have been produced either in redacted form or in their entirety.[2]

<u>August 28, 2008</u>.  The parties filed a Joint Motion to Continue the September 3, 2008 Status Conference, which reported that "the Parties have no issues to raise with the Court at this time."  Doc. 1068.

<u>July 25, 2008 through March 12, 2009</u>.  For nearly eight months after receiving the July 25, 2008 privilege log, plaintiffs did not raise any specific questions regarding the Principles, the privilege log, or any of the several updated logs provided by AstraZeneca.  During this time, AstraZeneca examined hundreds of thousands of documents and, applying the 5/07/08 Order and the Principles, either logged or produced the documents.

---

[1] Plaintiffs express concern that AstraZeneca applied the Principles alone, rather than the Principles and the 5/7/08 Order.  Doc. 1414 at 2-3; *see also id*. at 7.  AstraZeneca applied both the 5/7/08 Order and the Principles during its re-review of the logged and redacted documents.

[2] Plaintiffs contend that AstraZeneca's "re-review" resulted in the production of "only 15 to 27 percent of the documents on the original privilege log."  Doc. 1414 at 1; *see also id*. at 6 & n.8 (same).  That contention is highly inaccurate.  The Privilege Motion challenged privilege and work product designations on AstraZeneca's October 22, 2007 privilege log, which withheld approximately 18,900 documents.  Of those documents, 11,490 do not appear on AstraZeneca's February 2, 2009 privilege log.  Thus, AstraZeneca's "re-review" of its privilege and work product designations in light of the 5/7/08 Order and the Principles resulted in the removal of approximately 60 percent of the documents on the October 2007 log.

<u>March 12, 2009</u>. In the context of an email exchange regarding confidentiality issues, plaintiffs' counsel Camp Bailey asked AstraZeneca counsel Stephen McConnell whether the parties could address "privilege log issues" as well.

<u>April 1, 2009</u>. Plaintiffs' counsel provided AstraZeneca with a "preliminary analysis" of a "small portion of the privilege log" to "get the ball rolling" on discussions. The parties then engaged in a meet-and-confer process.[3]

<u>April 25, 2009</u>. At about 11:00 pm on Saturday, April 25, 2009, plaintiffs filed the Renewed Motion.

## ARGUMENT

### I. PLAINTIFFS' RENEWED MOTION SHOULD BE STRICKEN.

Plaintiffs assert that it is "entirely reasonable and appropriate to re-raise" issues concerning AstraZeneca's privilege log and the scope of its privilege and work product designations. Doc. 1414 at 1. Nowhere do plaintiffs explain, however, why they remained silent for months about those issues, knowing that AstraZeneca was spending thousands of hours, and millions of dollars, to review hundreds of thousands of documents based on the 5/7/08 Order and

---

[3] While plaintiffs correctly state that they met and conferred with AstraZeneca prior to filing the Renewed Motion, they mischaracterize the position AstraZeneca took during those discussions. According to Plaintiffs, AstraZeneca interpreted Principle ##1 and 4 to provide that "if a draft of a document was submitted to a lawyer for review, then the submitted document — and any transmitting (cover) document — is privileged in its entirety, whether or not the lawyer made any substantive comments or changes to the document, whether or not the document's original purpose or the lawyer's review is demonstrated to be 'primarily legal,' and/or whether subsequent versions of the document are produced." Doc. 1414 at 7. To the contrary, AstraZeneca made clear that, during its re-review of the logged and redacted documents, it applied the primary purpose test articulated by the Court, which provides that privilege applies only where the purpose of the lawyer's review is primarily legal. In addition, AstraZeneca faithfully applied Principle #4, which states that "*only* the draft prepared for the lawyer's review, and statements referring to the advice to be sought from the lawyer, would be protected by the attorney-client privilege." Doc. 1034 at 2 (emphasis added); *accord* 5/19/08 Tr. at 36. And AstraZeneca assured plaintiffs' counsel that the Court made clear at the *ex parte* hearing that the lawyer's role was legal if she "reviewed the draft with a 'legal eye' as opposed to 'a business eye or editorial eye,'" even if the lawyer made only editorial changes or no changes at all, as "the lawyer's approval of a draft in its entirety or in large part still could arise from the lawyer's legal judgment." *Id*. at 1; *accord* 5/19/08 Tr. at 22-24.

the Principles. Because plaintiffs' delay is inexcusable and severely prejudices AstraZeneca, the court should strike the Renewed Motion.

Less than a month ago, a court in this District denied a motion to compel in the face of a less egregious delay. In *Southeastern Mechanical Services, Inc. v. Brody*, 2009 WL 997268 (M.D. Fla. Apr. 14, 2009), the defendant moved to compel the plaintiff to produce electronically stored information. Magistrate Judge Jenkins denied the motion, citing the three months that passed between the time the movant raised the issue with the court and filed its motion, the fact that the movant had ample opportunity to raise the issue earlier, and the lack of any justification for the delay. *Id*. at *2. Judge Jenkins' holding is in accord with a local rule adopted by the Southern District of Florida, which requires parties to file discovery motions within thirty days of the circumstances giving rise to the motion. See S.D. Fla. Local Rule 26.1.H.1.

Other courts, some with local rules akin to S.D. Fla. Local Rule 26.1.H.1 and others without, have denied motions to compel as untimely in the face of comparable unexcused delays by the movant. *See*, *e.g.*, *Dukes v. Miami-Dade County*, 2007 WL 4336319, at *1 (S.D. Fla. Dec. 7, 2007) (rejecting as untimely a motion to compel filed nearly five months after the grounds for the motion arose, with no excuse for the delay); *Poe v. Carnival Corp.*, 2007 WL 21118, at *2 (S.D. Fla. Jan. 23, 2007) (rejecting motion due to unexcused delay of less than three months); *Davidson v. Citizens Gas & Coke Utility*, 238 F.R.D. 234, 235 (S.D. Ind. 2006) ("The delay in filing the motion to compel, alone, was sufficient reason for its denial. The issues in the lawsuit had, to a great degree, been 'sculpted' by that point … ."); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."); *In re Health Mgmt., Inc.*, 1999 WL 33594132, at *5-6 (E.D.N.Y. Sept. 25, 1999) (denying motion to compel

production of documents as untimely given ten month delay in challenging privilege designation); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620 (D. Nev. 1999) (denying motion to compel as untimely where filed 136 days after movant's receipt of assertedly deficient discovery responses); *American Motorists Ins. Co. v. General Host Corp.*, 162 F.R.D. 646, 647 (D. Kan. 1995) (denying motion to compel production of documents because of movant's "extreme delay" in bringing the motion); *see also* 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2285 ("If the moving party has unduly delayed, the court may conclude that the motion is untimely.").

Plaintiffs' Renewed Motion should meet the same fate. Plaintiffs waited ten months after AstraZeneca filed the Principles before filing their motion challenging the Principles, and nine months after AstraZeneca provided the July 25, 2008 privilege log before challenging entries on that log — nine and eight months, respectively, past the deadline applicable in the Southern District. They waited to file their motion until after the first two cases would have been tried, had summary judgment not been granted. And they waited until the Court was in the midst of deciding whether and, if so, how to remand the non-Florida cases back to their respective transferor courts.

Plaintiffs have no legitimate grounds for their delay. There have been no material privilege developments over the past several months that would justify re-raising privilege issues at this late date. To the contrary, the issues raised in the Renewed Motion are the very issues the parties addressed, and the Court adjudicated, in connection with the earlier Privilege Motion. Indeed, at the June 24, 2008 hearing, plaintiffs' counsel stated that they needed AstraZeneca to file the Principles "very quickly" because "we really don't want to start the review until we have a statement of those principles."  6/24/08 Tr. at 19.  Two months after receiving the Principles,

and one month after receiving the revised July 25, 2008 privilege log, plaintiffs informed the Court that they had "no issues" to raise with the Court. Doc. 1068. Plaintiffs cite no circumstance that prevented them from reviewing the Principles — or the entries on the July 25, 2008 log — last Summer, or even last Fall.

In an effort to suggest that they only recently learned of the circumstances giving rise to the Renewed Motion, plaintiffs repeatedly state that they received AstraZeneca's "current privilege log" just "two months ago." Doc. 1414 at 1; *see also id*. at 5, 12. As plaintiffs well know, the February 2009 edition of the log merely updated several prior versions AstraZeneca has provided since July 25, 2008. Indeed, *all but one* of the 56 log entries challenged in the Renewed Motion appeared on the July 25, 2008 log. (The one exception was a clawed back document placed on the log in December 2008.) The fact that plaintiffs received an updated log with those same entries in February 2009 is completely irrelevant and cannot justify waiting until April 2009 to file their motion.

Plaintiffs' delay, moreover, greatly prejudices AstraZeneca. AstraZeneca expended substantial resources litigating the log and privilege issues in 2008. After receiving the "rules of the road" from the Court, AstraZeneca spent substantial time and resources re-reviewing all of the logged and redacted documents and preparing a revised privilege log. AstraZeneca then applied the same "rules of the road" to hundreds of thousands of documents in subsequent document productions. If plaintiffs believed that the Principles did not accurately reflect either this Court's views or privilege law in general, they should have spoken up last summer, before AstraZeneca relied on the Principles and the 5/7/08 Order, and spent enormous amounts of time and money, in conducting its re-review of the previously logged and redacted documents. Indeed, the Court essentially invited plaintiffs to raise such a challenge if they saw fit. *See*

4/10/08 Tr. at 19 ("Then what I've done is typically created an order that allows the other side, if they disagree with my legal reasoning, to take it up, if you want to, or to seek reconsideration, if you need to, after I've done that."). And if plaintiffs had questions about documents included on the July 25, 2008 log, they should have made their objections known then. Changing the privilege rules at this late date, and requiring AstraZeneca to revisit its log again, would entail an enormous number of hours of additional work and enormous additional expense.

In sum, given plaintiffs' unexplained delay and the prejudice caused by that delay, the Renewed Motion should be stricken or summarily denied.

## II. ASTRAZENECA'S RESTATEMENT OF THE PRINCIPLES COMPORTS WITH THIS COURT'S RULINGS AT THE *EX PARTE* CONFERENCE.

Plaintiffs ask the Court to review "AstraZeneca's recounting of the privilege principles reportedly articulated by the Court in its *ex parte* meeting with defense counsel regarding privileged documents." Doc. 1414 at 2; *see also id.* at 3 (suggesting that "the Principles are overly broad or inconsistent with the [5/7/08] Order and/or applicable law"). For the reasons set forth above, plaintiffs' request should be rejected, coming ten months too late. If the Court were to examine the Principles, however, it would find that they faithfully and accurately reflect the views the Court expressed at the *ex parte* hearing, as shown by the citations below to the confidential transcript of that hearing:

<u>Principle #1</u>. *See* 5/19/08 Tr. at 6-7, 9-13, 17-18, 21-24, 28-29, 31-32.[4]

---

[4] Plaintiffs express concern that "strict adherence" to Principle #1 "would still permit AstraZeneca to shield from disclosure … business, technological, science, marketing, and other non-legal documents because they were submitted to an attorney, purportedly for review." Doc. 1414 at 8. That is incorrect. AstraZeneca strictly complied with the rule set forth in Principles #1 — which reaffirmed the rule articulated in the 5/7/08 Order (Doc. 980 at 11), and which was itself reaffirmed in Principle #2 (Doc. 1034 at 1-2) — that a draft sent to a lawyer "is protected by the attorney-client privilege if the lawyer's role was legal, meaning that the lawyer reviewed the draft with 'a legal eye' as opposed to 'a business or an editorial eye.'" Doc. 1034 at 1. AstraZeneca agrees with plaintiffs that, under the Court's privilege rulings, "[t]he mere fact that [documents] may have been submitted to a lawyer for review at some point

Principle #2. *See* 5/19/08 Tr. at 6-7, 9-16, 18-20, 22-24, 32-33.[5]

Principle #3. *See* 5/19/08 Tr. at 9-16, 28-29, 35-36.

Principle #4. *See* 5/19/08 Tr. at 14, 19-20, 29, 31-32, 36.

Principle #5. *See* 5/19/08 Tr. at 5-6, 36.

Principle #6. *See* 5/19/08 Tr. at 25-29, 36.

Because the Principles comport with the Court's guidance at the *ex parte* hearing, plaintiffs' request that the Court revisit these principles is, in effect, a motion for reconsideration. Such a motion is untimely. *See Mutual Life Ins. Co. of N.Y. v. Pointe Tapatio Resort Props. No. 1 L.P.*, 206 F.R.D. 495 (D. Ariz. 2002) (denying motion for reconsideration as untimely). In addition, plaintiffs do not even attempt to satisfy the requirements for reconsideration. *See Ludwig v. Liberty Mut. Ins. Co.*, 2005 WL 1053691, *3 (M.D. Fla. Mar. 30, 2005) ("the Court is unwilling to alter a prior decision absent a showing of clear and obvious error where the interests of justice demand correction.") (internal quotation marks omitted). Plaintiffs' belated request to reconsider the Principles is both too late and too little.

### III. IN THE ALTERNATIVE, ASTRAZENECA REQUESTS AN EXTENSION OF TIME TO RESPOND.

If the Court does not strike or summarily deny the Renewed Motion, AstraZeneca respectfully requests an enlargement of time, until fourteen days after the motion to strike has

---

in the chain does not automatically cloak the entire document in secrecy." Doc. 1414 at 9. AstraZeneca faithfully applied that principle in its re-review of the logged and redacted documents.

[5] Plaintiffs incorrectly suggest that Principle #2 is inconsistent with the 5/7/08 Order. *See* Doc. 1414 at 9-11. The 5/7/08 Order states that a party "*usually* cannot claim" privilege for communications made simultaneously to lawyers and non-lawyers. Doc. 980 at 6 (emphasis added). Principle #2 reflects this general rule, sets forth three limited exceptions where the lawyer's role can predominate in a "mixed audience" communication, and then reaffirms that "[a] lawyer's legal role would not predominate if the non-lawyers were commenting for non-legal purposes as opposed to the purposes just described." Doc. 1034 at 1-2. The general rule also is reflected in Principle #3, which states, "If a draft or other communication is sent to a mixed audience of lawyers and non-lawyers, and the lawyers' role (while legal) did not predominate over the non-legal roles played by the non-lawyers, then the attorney-client privilege does not protect the communication in its entirety." *Id*. at 2.

been ruled upon, to (i) defend the propriety of the Court's prior rulings on the principles governing AstraZeneca's privilege and work product determinations and (ii) respond to plaintiffs' challenges to the 56 logged documents identified in the Renewed Motion.

The Renewed Motion advances numerous arguments challenging AstraZeneca's privilege log and privilege and work product designations.  Preparing an adequate response, which may include supporting affidavits from AstraZeneca personnel, is expected to take more than the amount of time ordinarily allowed for responses to discovery motions.  AstraZeneca therefore seeks an extension to respond to plaintiffs' privilege challenges.  Moreover, given AstraZeneca's substantial argument that plaintiffs' motion should be stricken as untimely, AstraZeneca should not be put to the great expense of preparing that response unless and until it is decided that the Renewed Motion is in fact timely.

## CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that the Court strike Plaintiffs' Renewed Motion as untimely or, in the alternative, extend AstraZeneca's time to (i) defend the propriety of the Court's prior rulings on the principles governing AstraZeneca's privilege and work product determinations and (ii) respond to plaintiffs' challenges to the 56 logged documents identified in the Renewed Motion.

## CERTIFICATE OF COMPLIANCE WITH RULE 3.01(g)

Undersigned counsel participated in several conferences with plaintiffs' counsel in a good faith, yet unsuccessful, attempt to resolve plaintiffs' privilege concerns.  After plaintiffs filed their underlying motion to de-designate documents claimed as privileged, undersigned counsel indicated to plaintiffs' counsel that AstraZeneca planned to file the instant motion.  It

was clear from plaintiffs' counsel's response that plaintiffs would oppose AstraZeneca's motion to strike their underlying motion.

DATED:  May 7th 2009

Respectfully submitted,

s/Chris S. Coutroulis
Chris S. Coutroulis
Florida Bar Number 300705
Robert L. Ciotti
Florida Bar Number 333141
D. Matthew Allen
Florida Bar Number 866326
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida  33607
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

>
> s/ Gary Feinerman
> Gary Feinerman
> Colleen M Kenney
> SIDLEY AUSTIN LLP
> One South Dearborn
> Chicago, IL  60603
> Telephone: (312) 853-2174
> Facsimile:  (312) 853-7036
> gfeinerman@sidley.com
> ckenney@sidley.com
>
> Stephen J. McConnell
> DECHERT LLP
> 2929 Arch Street
> Philadelphia, PA  19103
> Telephone: (215) 994-4000
> Facsimile:  (215) 994-2222
> stephen.mcconnell@dechert.com
>
> *Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7th, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further clarify that, by using the CM/ECF system, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached service list.

>                           /s/ Chris S. Coutroulis
>                                 Attorney

14991809.1

- 14 -

## SERVICE LIST

### In Re: Seroquel Products Liability Litigation
### MDL Docket No. 1769

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Robert Cowan, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>rcowan@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

14991809.1                                                              - 16 -

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | Seth S. Webb, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>swebb@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin, Kreis & Overholtz<br>803 N. Palafox St.<br>Pensacola, FL 32501<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA  22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX  77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA  19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX  77006<br>Telephone:  (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson, Esq.<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ  85012<br>(602) 258-8900<br>lowellf@phillipslaw.ws |
| Gale D. Pearson, Esq.<br>Stephen J. Randall, Esq.<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN  55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Roster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL  62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD  57702<br>(605) 399-3994<br>Scottarmstrong1235@earthlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN  55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE  19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN  46254<br>(317)299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH  43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |
| Jane F. Thorpe<br>Scott A. Elder<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA  30309<br>(404) 881-7000<br>jane.thorpe@alston.com<br>scott.elder@alston.com | |