**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| This document relates to:<br>   ALL CASES | 6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE GENERAL CAUSATION WITNESSES (DOC. 1416) AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs respond in opposition AstraZeneca's Motion for Leave to file a supplemental brief in support of its November 3, 2008 Motion to Exclude the General Causation Witnesses (Doc. 1416, hereinafter the "Motion"). As an initial matter, the Motion violates Local Rule 3.01(d), which states that "[a] motion requesting leave to file . . . a reply or further memorandum . . . ***shall not include, as an attachment or otherwise, the proposed motion***, response, reply, or other paper." Attached as Exhibit A to the AstraZeneca's Motion is the Supplemental Reply Memorandum In Support of Its Motion *In Limine* To Exclude Expert Testimony of Donna K. Arnett, Ph.D., M.S.P.H., filed in connection with the Seroquel product liability litigation pending before the Delaware Superior Court, which the Motion requests leave to file in this litigation. By including the proposed reply as an attachment, the Motion violates Local Rule 3.01(d).

The Court should also deny the Motion because extensive discovery of Dr. Arnett has already occurred, and AstraZeneca fails to show that additional briefing is warranted on Dr. Arnett's alleged "new opinions" set forth in her November 24, 2008 and February 23, 2009 Declarations and in her April 7, 2009 *Daubert* hearing. (Mot. at 3.) In fact, after Dr. Arnett

1

testified for eight hours at her first deposition in October 2008, AstraZeneca unsuccessfully attempted to compel Plaintiffs to produce Dr. Arnett for a second deposition based on the "new opinions" in her November 2008 Declaration. In a hearing on February 18, 2009, the Court stated that AstraZeneca could depose Dr. Arnett again only if she has "any opinions that relate to anything outside of the declaration[]" filed in November 2008. Tr. of Feb. 18, 2009 Hr'g at 24 (Doc. 1301). In its March 9, 2009 Order denying AstraZeneca's motion to compel a second deposition of Dr. Arnett, the Court reiterated that "a second deposition would be permitted only upon a showing that Dr. Arnett has set forth *new opinions* going beyond her November declaration." (Doc. 1341 (emphasis added).) The Court concluded that "[n]o such showing has been made." (*Id.*) The Court added that AstraZeneca could question Dr. Arnett "regarding any *new opinions* she holds" at her *Daubert* hearing on April 7, 2009, which lasted approximately eight hours. (*Id.* (emphasis added).)

Once again, AstraZeneca's Motion fails to show what "new opinions" Dr. Arnett allegedly set forth in her November 2008 and February 2009 Declarations or in her April 2009 *Daubert* hearing, let alone that her "new opinions" justify additional briefing at this juncture. Accordingly, the Court should deny AstraZeneca's Motion. At a minimum, Plaintiffs request the opportunity to respond should the Court again reopen briefing on Dr. Arnett's opinions, which it should not.

DATED: May 11, 2009                                Respectfully submitted,


By:    /s/ K. Camp Bailey
      F. Kenneth Bailey Jr.
      K. Camp Bailey
      Fletcher V. Trammell
      Robert W. Cowan
      **BAILEY PERRIN BAILEY**
      440 Louisiana St., Suite 2100

Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile
kbailey@bpblaw.com
cbailey@bpblaw.com
ftrammell@bpblaw.com
rcowan@bpblaw.com
**Co-Lead Counsel for Plaintiffs**

3

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 11th day of May, 2009, I electronically filed the foregoing: PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO ASTRAZENECA'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE GENERAL CAUSATION WITNESSES with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                                  /s/ Robert W. Cowan
                                                  Robert W. Cowan