**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| This document relates to:<br>    ALL CASES | 6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE TO ASTRAZENECA'S MOTION TO STRIKE PLAINTIFFS' RENEWED PRIVILEGE MOTION TO DE-DESIGNATE DOCUMENTS IMPROPERLY CLAIMED AS PRIVILEGED OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO RESPOND**

Plaintiffs respond briefly as follows to AstraZeneca's "Motion to Strike" (Doc. 1426, the "Motion") both to clarify the record and to challenge AstraZeneca's arguments:

*First,* Plaintiffs have no objection to the Court permitting AstraZeneca a reasonable extension of time to respond to Plaintiffs' Renewed Motion to De-Designate Documents Improperly Claimed As Privileged (Doc. 1414, the "Privilege Motion"). Indeed, Plaintiffs' counsel would readily have agreed to such an extension, had they been asked by defense counsel.

*Second,* AstraZeneca's primary argument supporting its Motion is that Plaintiffs' Privilege Motion is untimely. Arguing that "Plaintiffs have no legitimate grounds for their delay" (Mot. at 8), AstraZeneca's Motion ignores the herculean trial preparation the parties and their counsel undertook since July 25, 2008, when AstraZeneca reportedly first served Plaintiffs' counsel with a revised privilege log (Mot. at 5). Initially, 24 cases had to be prepared for trial in Trial Groups One and Two. As defense counsel is aware, both sides were strapped for resources in the fall of 2008 as they were busy identifying, generating

1

reports from, and deposing general and specific medical causation expert witnesses for as many as 24 cases, taking and defending depositions of AstraZeneca's corporate witnesses in locations around the world, as well as taking and defending Plaintiffs' and related depositions in Florida and elsewhere, drafting and responding to approximately 20 dispositive, *Daubert*, and *in limine* motions, and preparing extensive pretrial stipulations, deposition cuts, jury charges, and addressing and completing other pretrial matters.  AstraZeneca makes much of the fact that the parties had "no issues to raise with the Court" in moving to continue the September 3, 2008 status conference (likewise inferring that Plaintiffs' counsel should have fully digested all the revisions to AstraZeneca's 16,000-entry revised privilege log in 30 days).  However, the Joint Motion to Continue that status conference informs the Court that good cause exists for the continuance in part because "counsel for the Parties currently are expending significant time and energy trying to complete case-specific fact discovery in the Initial Trial Pool cases and working with their expert witnesses to complete reports and prepare for depositions." (Doc. 1769 at 1.)  After all that activity was complete, and the Thanksgiving and end-of-year holidays had passed, Plaintiffs' counsel re-raised the privilege issue with Judge Baker in the January 28, 2009 status conference (Tr. (Doc. 1281) at 12-16), four short months after the parties had passed on the September 3, 2008 status conference.

*Third,* AstraZeneca fails to articulate how it might be prejudiced by the Court checking AstraZeneca's work on the privilege log as a follow-up to the Court's Privilege Order (Doc. 980).  Indeed, it is Plaintiffs who will suffer real prejudice if AstraZeneca has not lived by the so-called "rules of the road."  Unique to privilege issues, only the Court can determine if AstraZeneca has done so.

*Finally,* and most importantly, Judge Conway has already determined that the Court will take up and rule on remaining privilege log issues prior to suggesting remand of the non-Florida cases. (Doc. 1419 at 2 ("[T]he Court will issue rulings on the following outstanding issues common to all cases in this MDL, including, but not limited to: . . . all remaining privilege log issues.").) Therefore, Plaintiffs contend that AstraZeneca's Motion is moot.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask the Court to deny AstraZeneca's Motion to the extent that it seeks to strike Plaintiffs' Privilege Motion. Plaintiffs do not oppose a reasonable extension of time for AstraZeneca to respond to the Privilege Motion.

DATED:  May 19, 2009                     Respectfully submitted,

                                         By:    /s/ Robert W. Cowan
                                                F. Kenneth Bailey Jr.
                                                K. Camp Bailey
                                                Fletcher V. Trammell
                                                Robert W. Cowan
                                                **BAILEY PERRIN BAILEY LLP**
                                                440 Louisiana St., Suite 2100
                                                Houston, Texas 77002
                                                (713) 425-7100 Telephone
                                                (713) 425-7101 Facsimile
                                                kbailey@bpblaw.com
                                                cbailey@bpblaw.com
                                                ftrammell@bpblaw.com
                                                rcowan@bpblaw.com
                                                **Co-Lead Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of May, 2009, I electronically filed the foregoing: PLAINTIFFS' RESPONSE TO ASTRAZENECA'S MOTION TO STRIKE PLAINTIFFS' RENEWED PRIVILEGE MOTION TO DE-DESIGNATE DOCUMENTS IMPROPERLY CLAIMED AS PRIVILEGED OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO RESPOND with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system

.

/s/ Robert W. Cowan
Robert W. Cowan