UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IN RE:  Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This Document Relates to All Cases**

_____

### ASTRAZENECA'S MOTION FOR CLARIFICATION OF THE COURT'S MAY 1, 2009 ORDER

AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") respectfully ask the Court to clarify its May 1, 2009 Order, Doc. No. 1419 ("the May 1 Order"), with respect to:  (1) the completion of general expert discovery, and (2) the role of the transferor courts in screening cases and determining whether there is a sufficient, threshold factual basis for them to proceed.

    **A.**    **Completion of General Expert Discovery**

AstraZeneca asks that the Court clarify whether proceedings related to additional general experts – designation of experts, depositions and *Daubert* motions – are to occur in the MDL (and if so, on what schedule) or in the transferor courts, after remand.  The need for clarification arises from some tension among three of the Court's orders:

- **CMO No. 5, Doc. No. 792 at § 3.C**:  This January 11, 2008 Order expressly permitted the parties to identify additional general expert witnesses in the thousands of non-Florida cases (as well as the 150 or so remaining Florida cases) that were not selected for the 30-case Florida Initial Trial Pool ("ITP"), and contemplated the possibility (which AstraZeneca has requested be

included in this CMO) that such identification might occur in the transferor courts after remand, or in the MDL:

> Plaintiffs shall identify and provide reports for all general experts expected to testify at trials of cases selected for the Initial Trial Pool by August 8, 2008. … As to MDL cases not selected for the Initial Trial Pool, the Parties shall be permitted, on dates that may be set by agreement of the Parties or by later orders of this Court or transferor courts, to identify additional general experts not previously identified for Initial Trial Pool cases.

- **February 11, 2009 Order, Doc. No. 1270 at ¶ 2**: In contrast to CMO No. 5, this Order unequivocally stated that "before any non-Florida cases are remanded the parties will be required to designate and complete discovery of all general experts in the non-Florida cases, if they have not already done so." The Order also required the parties to inform the Court whether designation and discovery of general experts in the non-Florida cases was complete, and if not, to propose a timetable for its completion. In response, AstraZeneca informed the Court (1) that the designation and discovery of non-Florida general experts was <u>not</u> complete, and (2) that AstraZeneca intended to name additional general experts.[1] As ordered, AstraZeneca also proposed a

---

[1] *See* 03/16/09 Submission on the Future of the MDL, Doc. No. 1386 at Pt. II.A; 03/31/09 Response to Plaintiffs' Memorandum in Support of Remand, Doc. No. 1395 at Pt. III; 04/22/09 Status Conference Tr. at 90:6-13.

Approximately 850 MDL plaintiffs have alleged that their use of Seroquel caused them to suffer injuries other than diabetes. AstraZeneca presently intends to designate at least one general expert for each Seroquel-related injury alleged by a significant number of plaintiffs in this MDL, including but not limited to: pancreatitis (alleged by 605 plaintiffs); tardive dyskinesia (150 plaintiffs); neuroleptic malignant syndrome ("NMS") (49 plaintiffs); mental, emotional, or mood disorder and/or

2

timetable for the completion of general expert work. *See* Doc. No. 1386-2. (In their March 16 submission, plaintiffs said that they would ***not*** name more generic experts, but more recently they have said that they actually do intend to name more experts.[2])

- **May 1, 2009 Order, Doc. No. 1419**: This recent order was silent on where and when the designation, depositions and motion practice for additional general experts is to occur. The May 1 Order neither set a schedule for expert disclosures and depositions in the MDL nor directed that such expert proceedings were to occur in the transferor courts, after remand.

Accordingly, AstraZeneca respectfully asks the Court to clarify whether it intends to set an MDL timetable for additional general experts – including deadlines for designation, depositions and *Daubert* motions (if plaintiffs wish to file any)[3] – or intends the designation,

---

mental health issues (34 plaintiffs), blood pressure and/or cholesterol issues (9 plaintiffs), vision problems (8 plaintiffs), and cardiovascular problems (7 plaintiffs). Moreover, AstraZeneca intends to identify additional experts on the general issue of whether Seroquel can cause diabetes, so that AstraZeneca will have enough experts to cover trials after remand in as many as 91 separate district courts.

[2] *Compare* 03/16/09 Memorandum in Support of Remand, Doc. No. 1387 at 5 *with* Mr. Pennock's statement that he agreed with AstraZeneca's position that "the parties could both designate new experts in the event of remand," 04/22/09 Status Conference Tr. at 94:16-21, and his statement that "there will undoubtedly be new general experts," *id.* at 94:24-25, and the 05/08/09 Joint Statement Regarding NMS Cases, Doc. No. 1427 at 3 (stating "significant general and case-specific NMS-related discovery will be needed, including the designation and discovery of NMS-injury general and case-specific experts").

[3] If the Court orders that the proceedings relating to general experts are to occur in the MDL, the dates in the timetable that AstraZeneca previously proposed, *see* App. 1 to AstraZeneca's 03/16/09 Submission, Doc. No. 1386-2, will need to be updated.

depositions and motion practice related to additional general experts to occur in the transferor courts, after remand.

### B. Case-Screening and Rule 11

AstraZeneca also asks the Court to clarify the following paragraph of the May 1 Order:

> With regard to case-specific discovery, no *Lone Pine* order or fact certification program will be implemented by this Court. Plaintiffs' attorneys have already evaluated the viability of their cases consistent with their duties under Rule 11 of the Federal Rules of Civil Procedure. Cases without merit under this standard may be dealt with by the transferor courts. Furthermore, Defendants have not articulated any compelling reason why this Court's oversight of case-specific discovery would be superior to that of the transferor courts. Indeed, it is physically impossible for this Court to manage case-specific motion practice on nearly 6,000 cases. The Court believes that the transferor courts are in the best position to effectively and efficiently manage discovery on a case-by-case basis.

Doc. No. 1419 at 1. AstraZeneca interprets this language as an expression of this Court's belief that the transferor courts are in the best position to evaluate case-screening procedures and any Rule 11 issues that may exist. Plaintiffs, however, are interpreting this language to mean that this Court has affirmatively found that the cases in the MDL in fact have a sufficient evidentiary basis to proceed beyond the pleading stage consistent with Rule 11. *See* Plaintiffs' 05/10/09 Response in Opposition to AstraZeneca's Motion for Leave to File a Short Supplemental Brief Setting Forth the History of Case-Specific Discovery and Case Screening in the 6,000 Non-Florida Cases, Doc. No. 1429 at 1. Plaintiffs will no doubt argue as well that this Court has affirmatively determined that transferor courts should do no case-screening.

4

AstraZeneca is concerned that transferor courts, new to the litigation, could possibly misinterpret this language – particularly if plaintiffs urge their view of this language upon those courts. To avoid any risk of misunderstanding, AstraZeneca respectfully asks the Court (A) to clarify that the Court did not mean to discourage transferor courts from applying *Lone Pine* or other screening techniques, and that the Court refrained from ordering case-screening to occur in the MDL because the Court believes that the decision whether and how to screen the non-Florida cases is best left to the courts where the cases ultimately are transferred, and (B) to clarify that this Court has not made any actual Rule 11 findings in any particular case, believing that the transferor courts can best deal with any such issues that may arise.

**Case-Screening:** A transferor court, particularly if urged by plaintiffs, might read the Order to imply that the reason this Court did not implement a screening program was either that AstraZeneca did not seek screening in the MDL or that the Court concluded that screening was useless or inappropriate. As this Court is aware, (1) AstraZeneca sought case-specific discovery and case-screening of the non-Florida cases from the outset of the MDL,[4] (2) plaintiffs strenuously opposed such screening and discovery,[5] (3) the Court ultimately

---

[4] *See* Doc. No. 95 at 2-6; Doc. No. 163 at 7-22; Doc. Nos. 184, 184-2 at 4-5; Doc. No. 204; Doc. No. 602; Doc. No. 618; and Doc. No. 623; *see also* 10/30/07 Status Conference Tr. at 49:5-10.

[5] *See* 10/30/07 Status Conference Tr. at 40:22-41:3; 54:25-55:1 (stating that it would be "counterproductive to have … [non-Florida] cases undergoing the specific discovery while we're trying to do the Florida cases on a full basis."); 12/18/07 Status Conference Tr. at 43:23-44:5 (responding to AstraZeneca's question about generic experts in non-Florida cases by saying that it can be put off); 11/12/08 Status Conference Tr. at 34:11-24 (responding to AstraZeneca's proposal to develop a plan for dealing with the non-Florida cases by saying that decisions regarding case-specific discovery in the non-Florida cases were "issues for the future."); 11/16/07 Order, Doc. No. 688 (denying AstraZeneca's *Lone Pine* motion as "premature"). *See*

5

determined that the litigation could better be managed by focusing solely on the Florida cases,[6] and, therefore, (4) the Court refrained from ordering case-screening in the non-Florida cases.

**Rule 11**: A transferor court might read the language of the May 1 order to suggest that AstraZeneca had filed Rule 11 motions in the MDL and that this Court had resolved those motions by finding that Rule 11 was satisfied. As this Court is aware, however, (1) AstraZeneca has never filed a motion to inquire whether a particular case had a sufficient evidentiary basis under Rule 11 or was based on adequate investigation, (2) the Court has never made any Rule 11 findings one way or the other in these cases, and (3) there is not even any record on which the Court could have based any Rule 11 findings.

The need for clarification is real. As noted above, plaintiffs' counsel have already begun to cite the sentence in the May 1 Order – that "Plaintiffs' attorneys have already evaluated the viability of their cases consistent with their duties under Rule 11 of the Federal Rules of Civil Procedure" – as if it means that the Court has determined that all plaintiffs counsel have in fact adequately investigated all of their cases and that each case has a sufficient basis to proceed. In the absence of clarification, plaintiffs will no doubt continue to urge their interpretation of the May 1 Order, possibly resulting in transferor courts not

---

*also* 04/12/07 Status Conference Tr. at 53:15-54:12 (statement by Attorney Scott Allen about futility of filing case-specific summary judgment motions without first completing case-specific discovery), and 03/02/07 Status Conference Tr. at 79:12-80:2 (the Court itself acknowledging the same problem).

[6] *See* Doc. No. 169; Doc. No. 187; Doc. No. 206; Doc. No. 603; Doc. No. 624; and Doc. No. 660.

pursuing steps to pare down the number of cases or eliminate cases with insufficient factual basis after remand.[7]

## **CONCLUSION**

AstraZeneca respectfully requests that the Court clarify its May 1, 2009 Order as discussed above.

DATED:  June 1, 2009

Respectfully submitted,

/s/ Fred T. Magaziner
Fred T. Magaziner
A. Elizabeth Balakhani
Shane T. Prince
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
fred.magaziner@dechert.com

---

[7]  A sampling of verified PFS's submitted by non-Florida plaintiffs suggests that upwards of 80% may not have possessed medical records when they served their PFS's after they filed their complaints.  This estimate is based on a statistically significant sample of 360 PFS's, chosen by alphabetizing the names of the 5,772 active, non-Florida plaintiffs in this MDL who served PFS's and selecting every sixteenth plaintiff.  Of the 360 randomly-selected plaintiffs, 303 stated under oath that neither they nor their lawyers had any medical or pharmacy records.

/s/ Chris S. Coutroulis
Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL  22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for AstraZeneca LP and AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for AstraZeneca conferred with Lead Counsel for plaintiffs in a good faith effort to resolve the issues raised in this motion. Plaintiffs oppose this motion.

/s/ Chris S. Coutroulis

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 1, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' Liaison Counsel, who is charged with serving non-CM/ECF participants on the attached Service List.

/s/ A. Elizabeth Balakhani

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>*Plaintiffs' Lead Counsel* |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>Whatley Drake, LLC<br>2323 2nd Avenue North<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ccf@whatleydrake.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>**Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>**Attorney for Defendant, Marguerite Devon French** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>**Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>**Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | |