# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL DOCKET NO:<br>6:06-MDL-1769-ACC-DAB |

## PLAINTIFFS' PROPOSAL REGARDING SCOPE OF CASE-SPECIFIC DISCOVERY AFTER REMAND AND STATE LAW ISSUES REMAINING FOR ADJUDICATION

Pursuant to this Court's Order filed May 1, 2009 (Doc. 1419, hereinafter the "Order"), Plaintiffs submit this proposal for inclusion in the Court's order to the transferor courts, limited by the Order to the following issues:[1]

**(a)** **Description of the appropriate scope of case-specific discovery after remand, including whether continued use of the PMO would be appropriate**

Generally speaking, the Court should include in its order to the transferor courts the recommendation that the courts each adopt a bellwether trial program ("BTP") adapted from

---

[1] The Order directed that the parties' proposals "*shall be limited to the following*: (a) a description of the appropriate scope of *case-specific* discovery after remand, including whether continued use of the PMO would be appropriate; and (b) an outline of the significant case-specific state-law issues remaining for adjudication, e.g., specific causation and the applicability of the learned intermediary doctrine." (Order at 3 ¶2 (emphasis added).) AstraZeneca has included in its submission many topics plainly beyond the scope requested by the Court, including but not limited to (1) discussion of the designation of *general causation experts* both in the MDL and in the future (Defs.' Submission at 5), (2) lengthy statement (exceeding two pages) on AstraZeneca's position as to the Court's definition of "*generic* fact witnesses" in its Order (Defs.' Submission at 8-10 (emphasis added)), and (3) assertions regarding the perpetuation of the Protective Order (Defs. Submission at 10). None of those discussions have any real bearing on the "scope of case-specific discovery after remand . . . ." (Order at 3 ¶2.) Plaintiffs object to what amount to extraneous arguments in AstraZeneca's proposal that stray unreasonably from the purpose of the requested submission, and ask the Court to disregard AstraZeneca's "proposal" to the extent it addresses issues and topics that were unsolicited by the Court. Otherwise, Plaintiffs would ask the Court for leave to file a response to the above-mentioned and similar portions of AstraZeneca's submission, not to exceed six (6) pages.

1

the Florida Trial Program initiated by this Court in Case Management Order No. 5 (Doc. 792, hereinafter "CMO 5").  The BTP would aid the transferor courts in addressing case-specific discovery needs in a manner calculated to prepare cases for trial across all transferor districts according to an efficient and manageable plan.  Plaintiffs propose that the court's order include the following:

1. Plaintiffs should pick one (1) case for inclusion in the BTP in each transferor district prior to remand.  After final disposition of that case either through trial, dispositive motion, or agreement of the parties, Defendants should pick one (1) case for inclusion in the BTP.  Future case selections, if needed, would alternate between Plaintiffs' selection and Defendants' selection as described above.[2]

2. Each case selected for the BTP should undergo case-specific discovery as described below.  Subject to further consideration by the respective transferor court, all case-specific discovery in the BTP should be conducted in accordance with the Federal Rules of Civil Procedure, except that any party may re-depose a witness who has already given a limited case specific deposition in the MDL as part of the limited case-specific discovery program that occurred prior to January 2008, notwithstanding Fed. R. Civ. P. 30(a)(2)(B) (*see* CMO 5 (Doc. 792) at 1 ¶1), and each side should be limited to six (6) case-specific depositions.  Further:

---

[2] Plaintiffs' initial selections of a single case in each district would result in approximately 50 bellwether cases to be prepared for trial across the country, following the remand schedule that Plaintiffs' counsel first proposed and outlined for the Court at the hearing on April 7, 2009:

| | | |
|---|---|---|
| 1st and 2d Cir. cases | Aug. 31, 2009 suggestion of remand | approx. 4,976 cases |
| 3d and 4th Cir. cases | Sept. 30, 2009 suggestion of remand | approx. 125 cases |
| 5th and 6th Cir. cases | Oct. 31, 2009 suggestion of remand | approx. 282 cases |
| 7th and 8th Cir. cases | Nov. 30, 2009 suggestion of remand | approx. 599 cases |
| 9th and 10th Cir. cases | Dec. 30, 2009 suggestion of remand | approx. 130 cases |
| 11th Cir. (non-Fla.) cases | Jan. 31, 2010 suggestion of remand | approx. 6 cases |

a) Depositions of sales representatives should be limited to 5 hours.

b) Either party may re-depose any witness who has already been deposed during the MDL's pre-2008 limited case-specific discovery program. Such a re-deposition should count against the noticing party's total limit. The second deposition of a witness may be used as a *de bene esse* or trial deposition if noticed as such.

c) The parties should use their best efforts to accommodate the schedules of lawyers assigned to specific cases and/or expert fields.

d) Each Plaintiff in the initial round of BTP ("IBTP") cases should be produced for his or her deposition not later than 30 days following remand of the particular case by the J.P.M.L.

e) Fact witnesses including treating/prescribing healthcare practitioners for each Plaintiff's IBTP case should be deposed not later than 60 days following remand of the case by the J.P.M.L.

f) Plaintiffs' expert witness designations, as well as reports for all experts expected to testify at trial in IBTP cases (except for general causation experts designated in the MDL), for each Plaintiff's IBTP case should be produced not later than 90 days following remand of the case by the J.P.M.L.

g) Defendants' expert witness designations, as well as reports for all experts expected to testify at trial in IBTP cases (except for general causation experts designated in the MDL), for each Plaintiff's IBTP case should be produced not later than 120 days following remand of the case by the J.P.M.L.

h) All expert depositions in the IBTP cases should be completed after expert reports are generated, but not later than 150 days following remand of the case by the J.P.M.L.[3]

3. Finally, Plaintiffs do not consider the continued services of the MDL Project Management Office to be necessary. Plaintiffs instead recommend that each side initially

---

[3] Plaintiffs reiterate and incorporate by reference their position as set forth in the Parties' Joint Statement Regarding NMS Cases (Doc. 1427)—i.e., that "significant general and case-specific NMS-related discovery will be needed, including the designation and discovery of NMS-injury general and case-specific experts." (Doc. 1427 at 3.) The same holds true for other non-diabetes-related injuries suffered by Plaintiffs that were raised in a tiny fraction (est. <1%) of the cases in the MDL, which should be dealt with by the transferor courts on a case-by-case basis.

designate a point person within their respective counsels' offices to coordinate and manage deposition scheduling for cases pending in each transferor district, leaving to the court in each transferor district the decision regarding whether it is necessary to establish a PMO or the like to assist the parties in that regard.

**(b)** **Outline of the significant case-specific and state law issues remaining for adjudication, e.g., specific causation and the applicability of the learned intermediary doctrine**

The case-specific and state law issues identified below are among those that likely remain for adjudication by the transferor courts. Plaintiffs include the items below without waiving any additional claims or arguments they may assert and without conceding or admitting to the applicability, validity, or merit of any of Defendants' defenses or other arguments.

1. Elements and burdens of proof for each of Plaintiffs' state-law claims, including but not limited to (and where applicable): strict liability failure to warn and design defect, negligence, fraud/intentional misrepresentation, negligent misrepresentation, breach of warranty, conspiracy, and/or consumer protection act claims;

2. Determination of permissible, recoverable damages under state law, including but not limited to compensatory and punitive damages, and applicable burdens of proof;

3. Causation, including each jurisdiction's applicable causation standards;

4. Applicability of, elements and burdens of proof for, and exceptions to each of Defendants' defenses, including but not limited to the learned intermediary doctrine and other of Defendants' defenses asserted in their Answers to Plaintiffs' Complaints; and

5. Jury instructions incorporating necessary, relevant, and applicable state law.

DATED:  June 1, 2009                                Respectfully submitted,


                                                  By:   /s/ K. Camp Bailey
                                                        F. Kenneth Bailey Jr.
                                                        K. Camp Bailey
                                                        Fletcher V. Trammell
                                                        Robert W. Cowan
                                                        **BAILEY PERRIN BAILEY**
                                                        440 Louisiana St., Suite 2100
                                                        Houston, Texas 77002
                                                         (713) 425-7100 Telephone
                                                        (713) 425-7101 Facsimile
                                                        kbailey@bpblaw.com
                                                        cbailey@bpblaw.com
                                                        ftrammell@bpblaw.com
                                                        rcowan@bpblaw.com
                                                        **Co-Lead Counsel for Plaintiffs**


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 1st day of June, 2009, I electronically filed the foregoing: PLAINTIFFS' PROPOSAL REGARDING SCOPE OF CASE-SPECIFIC DISCOVERY AFTER REMAND AND STATE LAW ISSUES REMAINING FOR ADJUDICATION with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.


                                                                    /s/  Robert W. Cowan
                                                                    Robert W. Cowan