IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

MDL Docket No. 06-MD-1769

IN RE: Seroquel Products Liability Litigation. )
                                                )
This Document Relates to All Cases              )
                                                )

Bloomberg L.P.'s Submission
Regarding Outstanding Document Confidentiality Issues

On February 13, 2009, Bloomberg, L.P. moved to intervene to oppose the maintenance of confidentiality and the sealing of judicial records. (D.E. 1284). The Court granted the motion on Feb. 19, 2009 (D.E. 1297) to allow Bloomberg to intervene and to be heard at a hearing on February 26, 2009.

The motion to intervene asked the Court to deny the defendants' motions to maintain confidentiality of or seal documents (Doc. No. 1222 & 1237) and plaintiffs' motions to seal documents (Doc. No. 1230 and Case Nos. 6:07-cv-10291 & 15733 Doc. No. 42), and (2) to unseal plaintiffs' responses and supporting documents opposing AstraZeneca's motions for summary judgment and to exclude testimony (MDL Case No. 6:07-cv-10291 Doc. No. 15, listing the responses at issue).

Prior to the hearing, counsel for the plaintiffs and the defendant agreed to release some of the documents that were the subject of the pending motions. Defense counsel also identified at the February 26 hearing the following five categories of documents that the defendant had not agreed to release and that the plaintiffs' counsel had agreed not to seek to

have released:

(1) Call notes by AstraZeneca sales representatives created on or after January 1, 2004.

(2) Data supplied by IMS Health Incorporated to AstraZeneca reflecting the prescribing histories of prescribers for use in marketing.

(3) Some unpublished clinical study reports regarding Seroquel that supposedly would cause competitive harm and jeopardize plans for later publication.

(4) Foreign regulatory documents (both Dutch and French).

(5) AstraZeneca's complete response letter that AstraZeneca submitted to the FDA.

The documents had been filed under seal in support of or in opposition to various summary judgment motions or motions to limit or exclude expert testimony. The Court received testimony and heard oral argument on February 26, 2009, on whether any of these documents should remain under seal and reserved ruling.

The minute entry following the hearing noted that Alfred Nicholas Peterson and Dr. Arthur L. Lazarus testified. It further stated: "Court to take matters under advisement and issue order; Court delivers deadlines on separate issues[;] Court sets further hearing for May 7, 2009 at 10:00 AM." (D.E. 1312 at 2). No ruling was issued on the five categories of documents and no hearing was set for May 7, 2009.

AstraZeneca submitted a report on June 1, 2009 (D.E. 1440), stating "AstraZeneca expects that any remaining confidentiality issues will be resolved by this Court before remand, and that the Court will so inform the transferor courts." The report did not specify which issues AstraZeneca considers to be remaining." Plaintiffs also have not specified whether they consider any confidentiality issues as remaining and their counsel have not

responded to Bloomberg counsel's request for information regarding the status of sealed documents in dispute. Defense counsel also has not provided Bloomberg's counsel with information regarding the status of documents submitted in support of or in opposition to dispositive motions that remain under seal.

As stated in Bloomberg's motion to intervene, "The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) (Posner, J.). The public at large "has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. The Court "is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)," even if the parties agree to the sealing of certain documents. *Id.* Accordingly, "Any request to seal any portion of the record will be closely scrutinized and must be rigorously justified." *KnowledgeAZ, Inc. v. DeFosset*, No. 1:05-cv-1019-DFH-TAB, 2006 WL 3201932, at *1 (S.D. Ind. June 28, 2006) (Baker, M.J.).

The standards for sealing document in this Court are clearly set forth in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001) (per curiam), and Middle District of Florida Local Rule 1.09. Where a third party seeks access to material disclosed during discovery and covered by a protective order, the constitutional right of access, like Rule 26, requires a showing of good cause by the party seeking protection. *Id.*" *Chicago Tribune Co.*, 263 F.3d at 1310. None of the documents in dispute at the February 26, 2009, hearing should remain under seal for the following reasons:

<u>Category 1</u>: The call notes created by sales representatives on or after January 1, 2004

3

are clearly central to the litigation and important to public health and safety. The notes may reflect whether the defendant has engaged in unlawful marketing of the product in dispute and whether doctors have been prescribing the product in accordance with such marketing, possibly jeopardizing public health. AstraZeneca claims that the sales representatives call notes are "trade secrets." Inasmuch as all pharmaceutical manufacturers have ready access to the prescribing histories of all doctors and thousands of sales representatives from all manufacturers frequently visit doctors to discuss their prescribing practices, it seems unlikely that the competitive value of the call notes -- some of which are more than five years old -- would be of only limited competitive value and that the public interest in the substance of the communications between sales representatives and doctors would outweigh whatever competitive interest might exist. Moreover, the Court could protect trade secret information in the documents, such as identities of specific doctors, while releasing those portions of any call notes reflecting that Seroquel had been marketed in a fashion inconsistent with FDA regulations. Certainly there is legitimate interest in maintaining the confidentiality of evidence of unlawful marketing.

Category 2: AstraZeneca declined to produce the IMS Health data it used to market its product to doctors because a private agreement with IMS Health required AstraZeneca to maintain the confidentiality of that information. A private agreement between parties, as noted, cannot supersede the standards for sealing documents in court.

Category 3: Foreign regulatory bodies may have an interest in maintaining the confidentiality of their proceedings involving AstraZeneca, but, like private party agreements, foreign requests to parties do not supersede the rules that govern the sealing of

documents in this Court. If there is no apparent good cause for allowing documents regarding the Dutch and French proceedings that have been filed in support of dispositive or *Daubert* motions in this Court to remain sealed, those documents should be released.

Category 4: Unpublished clinical studies by AstraZeneca submitted in support of or in opposition to dispositive or *Daubert* motions supposedly would cause competitive harm to AstraZeneca, but, inconsistently, AstraZeneca claimed at the February 26 hearing that it intends to publish the studies. It also claimed that release of the studies through this litigation might harm its interest in having third parties publish the studies. It offered no evidence of this other than speculation and the speculation seemed illogical. If the studies were made public through this litigation, this would not destroy the copyright in the studies. The studies therefore would maintain much, if not all, of their value to publishers. Moreover, AstraZeneca provided no evidence to quantify the value to it of publication of its studies.

Category 5: AstraZeneca response to the FDA's inquiries has not been made public, but it has been filed with this Court and partially disclosed in open court. Bloomberg reporters attended the open court proceedings and reported on the testimony that revealed contents of a 2000 report by AstraZeneca safety director Wayne Geller, January 2008 FDA correspondence to AstraZeneca, and AstraZeneca's June 2008 response to that correspondence. The gist of those communications is now publicly known. Release of the entire documents simply would ensure that the press and public have the full context of the documents and not simply those portions that the parties chose to disclose in court. In such circumstance, the continued withholding of records from public view serves little or no

purpose.[1]

Release of the documents at issue is important both to public health and to the public's interest in observing the progress of this litigation. The plaintiffs have made serious charges and the defendant has mounted a vigorous defense. The public cannot assess the fairness of the proceeding without being able to see for itself the materials that the parties have placed before the Court and have claimed are dispositive of the issues presented. In mass products liability litigation against pharmaceutical manufacturers, it is particularly important to protect such transparency. *In re Zyprexa Products Liability Litigation,* 253 F.R.D. 69 (E.D.N.Y. Sept. 5, 2008); *Alaska v. Eli Lilly Co.,* No. 3AN-06-5630 CI (June 12, 2008) (Exhibit A to Bloomberg's motion to intervene).

Counsel for Bloomberg will be present at the June 4, 2009, status conference to address these issues in fuller detail if that would be of assistance to the Court.

Conclusion

Bloomberg respectfully asks the Court to return to the issues raised at the February 26, 2009, hearing and to enter an order requiring disclosure of those records. It further requests the unsealing of any other documents before the Court submitted in support of or in opposition to dispositive motions or *Daubert* motions that do not meet the standards for sealing or maintaining the sealing of documents file with this Court.

---

[1] *See United States v. Rosenthal,* 763 F.2d 1291, 1294 (11th Cir. 1985) (factor to consider in determining whether the presumption in favor of public access has been overcome is "whether the press has already been permitted substantial access to the contents of the records"); *United States v. Camacho,* 22 Media L. Rep. (BNA) 1845, 1849 (S.D. Fla.

Respectfully submitted.

Hunton & Williams LLP
Attorneys for Bloomberg L.P.

By <u>    s/ Thomas R. Julin                            </u>
Thomas R. Julin, Trial Counsel
Jamie Z. Isani
Florida Bar No. 325376 & 728861
1111 Brickell Avenue - Suite 2500
Miami, FL 33131 - 305.810.2516
tjulin@hunton.com

## CERTIFICATE OF SERVICE

I hereby certify that, on June 3, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.


<u>             s/ Thomas R. Julin                         </u>
Thomas R. Julin

---

1994) (Marcus, J.) (ordering release of records that previously had been available to some media).

MDL Docket No. 06-MD-1769

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

Steven B. Weisburd
David Venderbush
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com

Paul J. Pennock, Esq.
Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane - 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
MPederson@weitzlux.com
Plaintiffs' Lead Counsel

Camp Bailey, Esq.
Michael W. Perrin, Esq.
Fletcher Trammell, Esq.
Robert Cowan, Esq.

Bailey Perrin Bailey LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7240
cbailey@bpblaw.com
mperrin@bpblaw.com
Plaintiffs' Lead Counsel

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com
Plaintiffs' Liaison Counsel

Tommy Fibich, Esq.
Fibich, Hampton & Leebron, L.L.P.
1401 McKinney, Suite 1800
Five Houston Center
Houston, TX 77010
Telephone: (713) 751-0025
tfibich@fhl-law.com

Matthew F. Pawa, Esq.
Law Offices of Matthew F. Pawa, P.C.
1280 Centre St., Suite 230
Newton Centre, MA 02459
Telephone: (617) 641-9550
Mp@pawalaw.com

Robert L. Salim, Esq.
Robert L. Salim Attorney at Law
PO Box 2069
Natchitoches, LA 71457-2069
Telephone: (318) 352-5999
robertsalim@cp-tel.net

Keith M. Jensen, Esq.
Jensen, Belew & Gonzalez, PLLC
1024 North Main
Fort Worth, TX 76106

Telephone: (817) 334-0762
kj@kjensenlaw.com

Scott Allen, Esq.
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
sallen@crusescott.com

Matthew E. Lundy, Esq.
Lundy & Davis, LLP
333 North Sam Houston Parkway East
Suite 375
Houston, TX 77060
Telephone: (281) 272-0797
mlundy@lundydavis.com

W. Todd Harvey, Esq.
E. Ashley Cranford, Esq.
Whatley Drake & Callas
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: (205) 328-9576
ACranford@wdklaw.com

Robert L. Ciotti, Esq.
Carlton Fields, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5736
Telephone: (813) 223-7000
rciotti@carltonfields.com
Attorney for Defendants AstraZeneca
Pharmaceuticals, LP, and AstraZeneca LP

Gregory P. Forney, Esq.
Shaffer Lombardo Shurin
911 Main Street, Suite 2000
Kansas City, MO 64105
Telephone: (816) 931-0500
gforney@sls-law.com
rbish@sls-law.com
Attorney for Defendant,

Marguerite Devon French

Randy Niemeyer
22442 Pike 309
Bowling Green, MO 63334-5209
Pro Se

Eric B. Milliken, Esq.
3 Sir Barton Ct.
Newark, DE 19702
Pro Se

Catherine Solomon
3100 N.E. 83
Gladstone, MO 64119
Pro Se

Louisiana Wholesale Drug Co. Inc.
C/O Gayle R. White
Registered Agent
Highway 167N
Sunset, LA 70584
Pro Se

Aaron C. Johnson, Esq.
Summers & Johnson
717 Thomas
Weston, MO 64098
Telephone: (816) 640-9940
firm@summersandjohnson.com

Robert A. Schwartz, Esq.
Bailey & Galyen
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744
bschwartz@galyen.com

Todd S. Hageman, Esq.
Simon and Passanante, PC
701 Market St., Suite 1450
St. Louis, MO 63101
Telephone: (314) 241-2929
thageman@spstl-law.com
Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660

Telephone: (949) 720-1288
mrobinson@robinson-pilaw.com

Thomas F. Campion, Esq.
Heidi E. Hilgendorff, Esq.
Drinker Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
Telephone: (973) 360-1100
Thomas.Campion@dbr.com
Heidi.Hilgendorff@dbr.com
Attorneys for Defendants Janssen

Pharmaceutical Products and Johnson & Johnson Co.
Michael Davis, Esq.
James Mizgala, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7731
mdavis@sidley.com
jmizgala@sidley.com
Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP

Elizabeth Raines, Esq.
Baker, Sterchi, Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
raines@bscr-law.com

Timothy Reese Balducci, Esq.
The Langston Law Firm, PA
P.O. Box 787
100 South Main Street
Booneville, MS 38829-0787
Telephone: (662) 728-3138
tbalducci@langstonlaw.com

Kenneth W. Bean, Esq.
Sandberg, Phoenix & von Gontard
One City Centre
15th Floor

St. Louis, MO 63101-1880
Telephone: (314) 231-3332
kbean@spvg.com
Attorney for Defendant Dr. Asif Habib

John Driscoll, Esq.
Brown & Crouppen, PC
720 Olive St.
St. Louis, MO 63101
Telephone: (314) 421-0216
Jdriscoll@brownandcrouppen.com
asmith@brownandcrouppen.com
blape@brownandcrouppen.com

Aaron K. Dickey, Esq.
Goldenberg and Heller, PC
P.O. Box 959
2227 S. State Road 157
Edwardsville, IL 62025
Telephone: (618) 650-7107
aaron@ghalaw.com

Matthew J. Hamilton, Esq.
Pepper Hamilton
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103
Telephone: (215) 981-4000
hamiltonm@pepperlaw.com

Justin Witkin, Esq.
Ken Smith, Esq.
Aylstock, Witkin, Kreis & Overholtz
803 N. Palafox St.
Pensacola, FL 32501
Telephone: (850) 916-7450
Jwitkin@AWS-LAW.com
ablankenship@aws-law.com
ksmith@aws-law.com
noverholtz@aws-law.com

David P. Matthews, Esq.
Lizy Santiago, Esq.
Matthews & Associates
2905 Sackett Street

Houston, TX 77098
Telephone: (713) 222-8080
dmatthews@thematthewslawfirm.com
lsantiago@thematthewslawfirm.com
msalazar@thematthewslawfirm.com

Howard Nations
Lori A. Siler
Howard L. Nations Attorney At Law
4515 Yoakum Blvd.
Houston, TX 77006-5895
Telephone: (713) 807-8400
nations@howardnations.com

Mary B. Cotton
John D. Giddens, P.A.
226 North President Street
P.O. Box 22546
Jackson, MS 39225-2546
Telephone: (601) 355-2022
betsy@law-inc.com

Salvatore M. Machi
Ted Machi & Associates PC
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744

Jona R. Hefner, Esq.
3441 W. Memorial, Suite 4
Oklahoma City, OK 73134-7000
Telephone: (405) 286-3000
attorneyokc@hotmail.com

David Dickens
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314-3010
(703) 519-8080
ddickens@doctoratlaw.com

Pete Schneider, Esq.
Grady, Schneider & Newman, L.L.P.
801 Congress, 4th Floor
Houston, TX 77002

(713) 228-2200
pschneider@gsnlaw.com

Fred T. Magaziner
Marjorie Shiekman
A. Elizabeth Balakhani
Shane T. Prince
Eben S. Flaster
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19103
(215) 994-4000
fred.magaziner@dechert.com
shane.prince@dechert.com
marjorie.shiekman@dechert.com
eben.flaster@dechert.com
elizabeth.balakhani@dechert.com

Lawrence J. Gornick, Esq.
William A. Levin, Esq.
Dennis J. Canty, Esq.
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
lgornick@lskg-law.com
dcanty@lskg-law.com
lsimes@levins-law.com
jkaiser@lskg-law.com
echarley@lskg-law.com
ddecarli@lskg-law.com
bsund@lskg-law.com
astavrakaras@lskg-law.com

Scott Burdine, Esq.
Hagans Burdine Montgomery
Rustay & Winchester, P.C.
3200 Travis, Fourth Floor
Houston, TX 77006
Telephone: (713) 222-2700
sburdine@hagans-law.com

Lowell Finson, Esq.
Phillips & Associates
3030 North 3rd Street
Suite 1100

11

Phoenix, AZ 85012
(602) 258-8900
lowellf@phillipslaw.ws

Gale D. Pearson, Esq.
Stephen J. Randall, Esq.
Pearson, Randall & Schumacher, P.A.
Fifth Street Towers, Suite 1025
100 South 5th Street
Minneapolis, MN 55402
(612) 767-7500
attorneys@outtech.com

Robert H. Shultz
Heyl, Roster
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
(618) 656-4646
rshultz@hrva.com
bwallace@hrva.com

Ellen R. Serbin
Perona, Langer, Beck, Lalande & Serbin
300 San Antonio Drive
Long Beach, CA 90807-0948
(562) 426-6155
davidhwang@plblaw.com

Scott Armstrong
1719 West Main Street
Suite 201
Rapid City, SD 57702
(605) 399-3994
Scottarmstrong1235@earthlink.net

Linda S. Svitak
Faegre & Benson, LLP
90 South 7th Street, Suite 2200
Minneapolis, MN 55402-3901
(612) 766-7000
lsvitak@faegre.com
wjohnson@faegre.com

James J. Freebery
McCarter & English, LLP
919 N. Market Street, 18th Floor
Wilmington, DE 19801
(973) 622-4444
jfreebery@mccarter.com
tpearson@mccarter.com

Richard D. Hailey
Ramey & Hailey
3891 Eagle Creek Parkway
Suite C
Indianapolis, IN 46254
(317)299-0400
rhailey@sprynet.com

B. Andrew List
Clark, Perdue, Arnold & Scott
471 East Broad Street, Suite 1400
Columbus, OH 43215
(614) 469-1400
alist@cpaslaw.com
lcollins@cpaslaw.com