**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | |
| This document relates to: | MDL DOCKET NO: 6:06-MDL-1769-ACC-DAB |
| ALL CASES | |

**PLAINTIFFS' MOTION TO STRIKE IN PART OR, ALTERNATIVELY, FOR LEAVE TO RESPOND TO ASTRAZENECA'S SUBMISSION REGARDING POST-REMAND DISCOVERY AND OUTSTANDING LEGAL ISSUES**

Plaintiffs move to strike portions of, or alternatively seek leave to respond briefly to, certain portions of AstraZeneca's June 1, 2009 submission (Doc. 1440) that Plaintiffs contend improperly addressed issues beyond the scope of the Court's Order of May 1, 2009 (Doc. 1419, hereinafter the "Order").

The Order directed that the parties' proposals "*shall be limited to the following*: (a) a description of the appropriate scope of *case-specific* discovery after remand, including whether continued use of the PMO would be appropriate; and (b) an outline of the significant case-specific state-law issues remaining for adjudication, e.g., specific causation and the applicability of the learned intermediary doctrine." (Order at 3 ¶2 (emphasis added).) AstraZeneca's submission improperly contained <u>argument</u> and discussion regarding numerous topics plainly beyond the <u>proposals</u> requested by the Court, including but not limited to:

- Out-of-turn, unsolicited briefing regarding remand "protocol" in general (Doc. 1440 § III), although the Court already gave AstraZeneca <u>three prior opportunities</u> to address that precise subject matter of post-remand procedure

1

(in two briefs and one oral argument, *see* Order No. 1270 & Docs. 1386, 1395, 1404), <u>but AstraZeneca instead used those opportunities to argue against remand of non-Florida cases *at all*</u>;

- More than two pages of argument (Doc. 1440 § I.B.8) concerning AstraZeneca's interpretation of the Court's meaning of the term "generic witnesses" in the Order, all but ignoring the Court's express definition of the term in footnote one;

- Additional argument concerning the designation and discovery of additional general causation experts in the MDL (Doc. § I.B.4), even though AstraZeneca had already briefed and argued that point on at least three prior occasions (Docs. 1386, 1395, & 1404), in addition to a separate submission on June 1, 2009 (Doc. 1441); and

- Rearguing the parties' competing positions (Doc. 1440 § I.B.8) that were already briefed in the joint filing of May 8, 2009 (Doc. 1427) relative to the disposition of Neuroleptic Malignant Syndrome ("NMS") and similarly situated cases.

This is not the only time recently that AstraZeneca has taken license with this Court's Orders or Rules in furtherance of Defendants' agenda. (*See* Order No. 1432 & Doc. 1416, 1418, & 1428.) At this crucial juncture in the MDL, with the Court evidently in preparation of its recommendation to the transferor courts, Plaintiffs will be prejudiced if they are not afforded an opportunity to respond to AstraZeneca's unsolicited arguments and discussion, or alternatively, unless the Court strikes or otherwise disregards those portions of AstraZeneca's submission.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the opportunity to file a short response, not to exceed six (6) pages, to portions of AstraZeneca's submission (Doc. 1440) including specifically sections I.B.4, I.B.8, and III, or alternatively that the Court order that the above-identified sections were improperly submitted and will be stricken or otherwise disregarded by the Court.

DATED:  June 4, 2009                    Respectfully submitted,

        By:   /s/ K. Camp Bailey
            F. Kenneth Bailey Jr.
            K. Camp Bailey
            Fletcher V. Trammell
            Robert W. Cowan
            **BAILEY PERRIN BAILEY**
            440 Louisiana St., Suite 2100
            Houston, Texas 77002
            (713) 425-7100 Telephone
            (713) 425-7101 Facsimile
            kbailey@bpblaw.com
            cbailey@bpblaw.com
            ftrammell@bpblaw.com
            rcowan@bpblaw.com
            **Co-Lead Counsel for Plaintiffs**

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)

I HEREBY CERTIFY that on this 4th day of June, 2009, I met and conferred with counsel for Defendants regarding the subject matter of this Motion.  Defendants' counsel stated that Defendants were opposed to the Motion.

            /s/  Robert W. Cowan
            Robert W. Cowan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2009, I electronically filed the foregoing: PLAINTIFFS' MOTION TO STRIKE IN PART OR, ALTERNATIVELY, FOR LEAVE TO RESPOND TO ASTRAZENECA'S SUBMISSION REGARDING POST-REMAND DISCOVERY AND OUTSTANDING LEGAL ISSUES with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

            /s/  Robert W. Cowan
            Robert W. Cowan