**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation.**

_____/

Case No. 6:06-md-1769-Orl-22DAB

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFFS' UNOPPOSED MOTION TO SEAL PORTIONS OF THEIR RESPONSE BRIEF AND CERTAIN EXHIBITS FILED IN RESPONSE TO ASTRAZENECA'S BRIEF IN SUPPORT OF PARTIAL SUMMARY JUDGMENT IN ALL MDL CASES BASED ON FEDERAL PREEMPTION (Doc. No. 1397)
>
> **FILED:** April 1, 2009
> _____
>
> **THEREON** it is **ORDERED** that the Motion is **DENIED**.

Plaintiffs filed this Motion to Seal[1] simultaneously with their filing of a redacted version in the public docket of their Response (Doc. No. 1397) to AstraZeneca's Motion for Partial Summary Judgment on the Federal Preemption issue (Doc. No. 1366). Plaintiffs seek leave to file their unredacted response and unredacted exhibits under seal as compelled by the terms of the Protective Order (Doc. No. 478) which bars Plaintiffs from disclosing these documents that AstraZeneca has chosen to designate as "confidential."

The documents proposed for filing under seal do not bear any evident characteristics that would support their being filed under seal, either in whole or in part. The materials sought to be

---

[1] The Court notes that the document was not properly signed.

filed under seal consist of emails and deposition testimony concerning glucose testing and negotiations with the FDA over a label change in the 2003 to 2005 time period. There has been no showing that such information is entitled to protection from the normal use of business information in litigation. In addition, the age of the documents weighs against treating them as being entitled to continuing confidentiality. Receiving, using and referring to material under seal creates a significant burden on the Court, the Clerk's office and the parties. In addition, the public interest in the open adjudication of disputes disfavors filings under seal absent a compelling showing of necessity. Defendants have not made that showing here, and Plaintiffs' acquiescence in the "confidential" designation does not assist in that regard.

The motion for leave to file under seal is **DENIED** and Plaintiffs are **ORDERED** to file the unredacted versions of the documents in the public docket. However, this Ruling is **stayed until July 10, 2009**, to allow AstraZeneca time to file an appeal of this Order if they so desire, supported by a substantial showing that the material is appropriate for filing under seal (in whole or in part). *See* Local Rule 1.09.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record