**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation**

**MDL DOCKET NO. 1769**

**This Document Relates to All Cases**

---

**ASTRAZENECA'S MOTION TO PRECLUDE ADDITIONAL FACT DISCOVERY ON GENERAL ISSUES RELATING TO ALLEGED INJURIES OTHER THAN DIABETES, AND SUPPORTING MEMORANDUM**

AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") hereby move for an order precluding additional fact discovery on general issues relating to alleged injuries other than diabetes.[1] As set forth in greater detail below:

- There are more than 860 cases in this MDL in which plaintiffs alleged in their complaints or fact sheets that Seroquel caused them an injury other than (or in addition to) diabetes.
- During the course of the MDL, the Court made clear that all general fact discovery – including depositions of AstraZeneca's corporate witnesses – would take place in the MDL prior to remand and has never limited such general fact discovery solely to cases alleging diabetes as the injury.
- In urging that the MDL cases were ready for remand, plaintiffs repeatedly represented to the Court that they had completed all general fact discovery for all cases in this MDL both as "to diabetes or whatever the disease is."

[1] There does not appear to be any dispute that general fact discovery as to diabetes has been completed. Accordingly, the instant motion is limited to alleged injuries other than diabetes.

- More recently, however, plaintiffs have stated that "significant general" fact discovery on injuries other than diabetes remains and urge that this discovery should take place in the transferor courts after remand. Thus, for example, plaintiffs now seek to take in the transferor courts general fact discovery of AstraZeneca regarding its knowledge of, and conduct with respect to, the alleged relationship between Seroquel and these other injuries.

AstraZeneca submits that plaintiffs have had more than ample opportunity in this MDL to take general fact discovery. This includes completed general fact discovery on diabetes injuries as well as general fact discovery regarding their alleged injuries other than diabetes. Accordingly, plaintiffs should be held to the representation they made in urging remand: that all general fact discovery is complete. Therefore, AstraZeneca requests that the Court issue an order precluding the taking of any further general fact discovery in any case, including cases in which injuries other than (or in addition to) diabetes are alleged.

## SUPPORTING MEMORANDUM

Although the vast majority of the cases in this MDL involve allegations that the plaintiff's ingestion of Seroquel caused his or her diabetes, there are a substantial number of these MDL cases in which diabetes is not the only injury alleged. Indeed, more than 850 cases present such other injuries alleged to have been caused by plaintiff's ingestion of Seroquel including:

- Pancreatitis – 605 cases.
- Tardive Dyskinesia – 150 cases.
- Neuroleptic Malignant Syndrome ("NMS") – 49 cases.

- Mental, emotional, mood disorder and other mental health issues – 34 cases.[2]

Thus, with respect to each of these alleged injuries other than diabetes, there are dozens – even hundreds – of cases in the MDL that involve general fact discovery issues.

Although plaintiffs chose to focus their fact discovery efforts on diabetes, they were never precluded from taking discovery related to these additional alleged injuries that are common across many of the cases. To the contrary, throughout this MDL, the Court's clear direction to the parties has been that fact discovery of AstraZeneca related to all cases would occur in the MDL, and in Case Management Order No. 5 (*Doc. 792* at 2-3), the Court set deadlines for the completion of "all general discovery," including depositions of all "corporate witnesses," without regard to the types of cases or issues pending.

Plaintiffs never suggested that this was not their understanding of the Court's directive. In fact, their representations to the Court suggested that this indeed was their understanding. For example, in their March 16, 2009 Memorandum in Support of Remand, plaintiffs represented that "substantially all coordinated and consolidated, non-case specific discovery is complete" (at 1), and that, with the "limited discovery-related issues" of confidentiality and privilege (at 5-6), nothing remained to be done in the MDL. As plaintiffs described the status of the MDL cases to the Court:

> "Although events may arise in the future before trial warranting the reopening of discovery as to a discrete issue or set of issues, Plaintiffs cannot presently anticipate the substance or nature of those issues. *Therefore, at present general discovery is complete.*"

(*Id.* at 2, emphasis added).

[2] Other alleged injuries include blood pressure or cholesterol issues (9 cases); vision problems (8 cases), and cardiovascular problems (7 cases).

At the April 22, 2009 hearing, plaintiffs again emphasized that the time for remand had arrived because all general discovery for all the cases in the MDL had been completed. Indeed, plaintiffs' counsel's responses to direct questions from the Court were quite explicit on the issue.

> The Court: We will take an easy one. Eastern District of North Carolina sent one case here. Are you ready to try that case?
>
> * * *
>
> … [Y]ou don't need any general discovery from AstraZeneca to try that case?
>
> Mr. Roth: Yes. We have. And that's been completed.
>
> * * *
>
> … We have the general discovery that we need. We're ready to try the Florida cases …. We will go to the Eastern District of North Carolina. We will go to the District of Massachusetts, wherever the transfer point is.

(*April 22, 2009 Hearing Transcript at 52-53*). Plaintiffs' counsel then emphasized, in response to additional questions by the Court, that even in all of the Massachusetts-filed cases "or wherever the case is," general fact discovery had been completed as "to diabetes <u>or whatever the disease is</u>" and all that remained were "individual factual" causation issues for each "individual plaintiff." (*Id.* at 54, emphasis supplied). Plaintiffs' counsel then succinctly summarized the situation: "So my point is, on the general issue, yes, Your Honor, … we have done that. We have got the discovery." (*Id.*)

Thus, in both their briefing and at the April 22 hearing, plaintiffs urged that the Court issue a suggestion of remand because general fact discovery was done. They did not even hint that they intended still to take general fact discovery of AstraZeneca on issues related to pancreatitis, NMS, and the other injuries other than diabetes.

Plaintiffs first revealed their actual position only several days **after** the April 22 hearing, when the Court specifically required the parties to "file a joint statement regarding the status of general discovery in the NMS cases" (i.e., in the 49 cases presenting allegations of a particular

type of injury other than diabetes). *(April 27, 2009 Order, Dkt. 1415,* at 1). Rather than confirming for the Court that their previous representations that "general discovery" had been completed both as "to diabetes or whatever the disease is" applied to NMS, plaintiffs instead now took the position that "significant general … NMS-related discovery [is still] needed." *(Parties Joint Statement Regarding NMS Cases, Dkt. 1427,* at 3*).* They asserted that although they had described this discovery as "general" (as was presumably also true for the fact discovery of AstraZeneca relating to the injuries, other than diabetes, that hundreds of plaintiffs had alleged), it should really not be viewed as general discovery because it did not relate to all the MDL cases but instead should "be viewed as matters more appropriately addressed outside" the MDL. (*Id.)*

The MDL Panel, however, did not view this MDL so narrowly as plaintiffs do. Thus, from early on, the MDL Panel broadly described this MDL as "a proper Section 1407 forum for actions involving claims of injury related to the prescription drug Seroquel," and did so without limiting the injuries – as plaintiffs request. *(Id.; accord Oct. 18, 2006 Transfer Order, Dkt. 57).* In fact, the MDL Panel described pancreatitis – which, as noted, is alleged in 605 of the MDL cases – as a "related condition[]" to diabetes *(Apr. 9, 2009 Order Denying Transfer),* and therefore as one of the injuries "primarily involve[d]" in these MDL actions. *(Apr. 4, 2008 Transfer Order, Dkt. 935).*

Further, in application the MDL Panel has not limited this Court's function to managing only cases that allege diabetes. To the contrary, the MDL Panel has transferred two cases alleging only NMS as the injury to the MDL in part because "at least some claims related to NMS [were] already pending" in the MDL and this Court could "determine the degree that these

plaintiffs' claims [would] benefit from centralized pretrial proceedings with the [already pending] claims." (*Apr. 4, 2008 Transfer Order (Dkt. 935).*

Thus, the MDL Panel did not limit the general issues that could be considered prior to remand solely to those that were present in every case, and this Court likewise did not limit discovery in that fashion. Plaintiffs themselves recognized at the outset that general fact discovery in the MDL was not limited solely to diabetes. For example, plaintiffs' initial document request to AstraZeneca was not limited to exclusively diabetes. Instead, it included several specific requests for a broad range of documents relating to "any risk or adverse event associated with the use of Seroquel." (*Plaintiffs' Request for Production of Documents*, dated Nov. 21, 2006, at Requests 1-4, 10-12). In addition, the search terms initially used by AstraZeneca in providing documents to plaintiff and that were subsequently approved by plaintiffs under the auspices of Special Master Ball, specifically included OTHER injuries such as "pancreatitis," "tardive dyskinesia," and "neuroleptic malignant syndrome." Moreover, plaintiffs' discovery of AstraZeneca has not been limited only to those issues applicable to all cases. For example, much of plaintiffs' discovery addressed AstraZeneca's Seroquel label and changes made to it since its introduction in 1997. Such discovery regarding label changes that took effect in 1999, however, would not be applicable to those MDL cases where, for example, the plaintiff did not begin taking Seroquel until 2004.

Taking general fact discovery on issues common to multiple though not all cases in an MDL is consistent with the very purpose of an MDL. When fact issues are common across dozens or hundreds of cases in an MDL, any limitation on discovery to only those fact issues common to all cases would necessarily ignore the efficiencies and consistent pretrial rulings that are the very reason for an MDL.

In now expressing their position that general fact discovery of cases alleging injuries other than (or in addition to) diabetes should be "viewed as matters more appropriately addressed outside" the MDL, plaintiffs did not address the inefficiencies, and potential for inconsistent rulings and wasted judicial and party resources, that would result from their approach. Instead, plaintiffs cited to the MDL Panel's refusal earlier this year to transfer two cases involving Seroquel to this MDL. Those two cases, however, do not support their position. They involve an allegation that Seroquel caused fainting and resulting injuries – one case claiming over 200 fainting episodes resulting in numerous bone fractures, and the other claiming injuries sustained when the plaintiff fainted while driving. Unlike the NMS cases that had been transferred only a year before, these cases are of a peculiarly "individual nature." *(Apr. 9, 2009 Order Denying Transfer)* Thus, the Panel concluded, "we are not persuaded that any factual questions [these two cases] may share with the actions in MDL No. 1769 are sufficient to warrant transfer at this time." *(Id.)*[3]

**Conclusion**

AstraZeneca submits that an order should be entered precluding additional fact discovery on general issues relating to alleged injuries other than diabetes. Although plaintiffs have recently taken the position that significant general fact discovery on such injuries remains (while conceding that all other general fact discovery, including on diabetes, has been completed), and that such additional discovery should be taken after remand, they have had years to take exactly that discovery in this MDL. In fact, in connection with remand, plaintiffs represented that such discovery had been taken, informing the Court that: (1) all "general discovery is complete;" (2) they have all "the general discovery [they] need;" (3) general discovery from AstraZeneca has

---

[3] It bears noting that there is only one case in the MDL in which a plaintiff alleges fainting as a Seroquel-related injury. The plaintiff in that case also alleges additional injuries including hyperglycemia.

"been completed; and (4) this all applies with equal force to fact discovery for "diabetes or whatever the disease is." They amplified to the Court that they could not even "anticipate the substance or nature of any issue" that would necessitate the re-opening of general fact discovery.

To ignore plaintiffs' representations, and adopt their new-found position that general fact discovery is needed after remand on alleged injuries other than diabetes, would create the likelihood of duplicative work and the potential for inconsistent rulings as numerous courts address the same issues -- thereby undermining the very purpose of the MDL. Accordingly, AstraZeneca's motion should be granted.

**Certificate of Conference**

Pursuant to Local Rule 3.01(g), counsel for AstraZeneca conferred in good faith with counsel for plaintiffs, but counsel were unable to agree on the resolution of this motion.

*/s/ Chris S. Coutroulis*

Dated: July 14, 2009

Respectfully submitted,

*/s/ Chris S. Coutroulis*
Chris S. Coutroulis
Fla. Bar No. 300705
Robert L. Ciotti
Fla. Bar No. 333141
**CARLTON FIELDS, P.A.**
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

Stephen J. McConnell
Fred T Magaziner
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com
fred.magaziner@dechert.com
*Counsel for AstraZeneca LP and AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 14, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

/s/ Chris S. Coutroulis

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>***Plaintiffs' Lead Counsel*** | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Robert Cowan, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>rcowan@bpblaw.com<br>***Plaintiffs' Lead Counsel*** |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>***Plaintiffs' Liaison Counsel*** | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | W. Todd Harvey, Esq.<br>E. Ashley Cranford, Esq.<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP*** | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>***Attorney for Defendant, Marguerite Devon French*** |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>***Pro Se*** | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>***Pro Se*** |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>***Pro Se*** | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>***Pro Se*** |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>Heidi.Hilgendorff@dbr.com<br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** | Seth S. Webb, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>swebb@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin, Kreis & Overholtz<br>803 N. Palafox St.<br>Pensacola, FL 32501<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone: (601) 355-2022<br>betsy@law-inc.com |
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |

| | |
|---|---|
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson, Esq.<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900<br>lowellf@phillipslaw.ws |
| Gale D. Pearson, Esq.<br>Stephen J. Randall, Esq.<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Roster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>Scottarmstrong1235@earthlink.net |

| | |
|---|---|
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612) 766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN 46254<br>(317)299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |
| Jane F. Thorpe<br>Scott A. Elder<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>(404) 881-7000<br>jane.thorpe@alston.com<br>scott.elder@alston.com | |