**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| This document relates to: <br>     ALL CASES | 6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO PRECLUDE ADDITIONAL FACT DISCOVERY ON GENERAL ISSUES RELATING TO ALLEGED INJURIES OTHER THAN DIABETES**

Plaintiffs file this response to AstraZeneca's now *seventh* round of briefing on fundamentally the same issue: the scope and nature of pre- and post remand discovery of the non-Florida cases. (*See* Docs. 1386, 1395, 1427, 1440, 1441, and 1453.) Most of that briefing has targeted some aspect of the Court's "Order on Status" issued May 1, 2009. (Doc. 1419.) Plainly displeased with various aspects of that Order, AstraZeneca has argued or inferred that the Order on Status required clarification (Doc. 1441) and repeatedly contended that the Order neglected to account for expert discovery needed for NMS and other non-diabetes cases (Docs. 1427, 1440, 1453).

In its latest filing, AstraZeneca accuses Plaintiffs of taking inconsistent positions since the Court began preparing for the remand of the non-Florida cases in this MDL last spring. (Defs' Mot. at 2-7 (Doc. 1476).) But that is simply untrue. Plaintiffs have adopted and consistently adhered to the Court's express definition of general or "generic" discovery in the Order on Status (Doc. 1419)—i.e., "generic witnesses are deemed to be *only those witnesses* who will offer testimony on issues common to all cases in this MDL." (Doc. 1419

1

at 2 n.1 (emphasis added).)  Therefore, Plaintiffs have not considered cases involving injuries consisting of NMS (< 1% of total MDL cases), blood pressure or cholesterol "issues" (< .16% of total MDL cases), and cardiovascular "problems" (< .12% of total MDL cases), for example, to be cases involving common-issue discovery as compared to the overwhelming majority of diabetes-related injury cases.

AstraZeneca, in contrast, has flip-flopped on this and related issues, as Plaintiffs have repeatedly identified for the Court.  Most notably for purposes of responding to this Motion is AstraZeneca's acknowledgement on May 8, 2009 that "[n]either party has yet designated a general causation expert regarding NMS or any of the other non-diabetes conditions."  (Doc. 1427.)  Yet, if Plaintiffs "have had years to take [non-diabetes injury] discovery in this MDL" as AstraZeneca claims in its Motion, why then did AstraZeneca fail to designate a single generic expert witness to address any of those cases?  So too has AstraZeneca "had years" to conduct that discovery on behalf of the non-diabetes cases.

The explanation is clear: the "primary focus" of the litigation, as the J.P.M.L. acknowledged recently, has been on the "alleged risk of diabetes."  (J.P.M.L. Apr. 9, 2009 Order Denying Transfer; *see* Doc. 1427 at 3-4.)  And the reality is that both sides' focus has been exclusively on preparing diabetes-related injury cases for trial.  The generic discovery that has been completed in the MDL, as the Court knows, is useable and applicable to *all cases*, regardless of the nature of the alleged injury.

AstraZeneca's so-called "evidence" of Plaintiffs' allegedly inconsistent positions on this issue falls short.  Through careful use of ellipses and lifting Plaintiffs' counsel Larry Roth's from any meaningful context, AstraZeneca attempts to show that Plaintiffs had

2

forsworn in April 2009 any need to conduct additional *generic* discovery of non-diabetes-injury cases.  But, a fair reading of Mr. Roth's comments to the Court reveal that he was referring exclusively to *case-specific discovery* that remained to be completed on the non-Florida cases:

> But case-specific doctor, I'm talking about, Your Honor, because that is entirely different than a general -- a general issue as to, as you've already ruled once, you know, can this drug cause these diseases?  And then it's a question on individual factual basis for an individual plaintiff.  Did it cause or was it a contributing cause or concurring cause to diabetes *or whatever the disease is*?  It's a very focused piece of litigation.  Not like Phen-Fen or anything else where there was all sorts of illnesses being alleged in those cases.  This is very focused and very directed.

(Tr. Hr'g Apr. 22, 2009 (Doc. 1412) at 54:5-15 (emphasis added).)  Mr. Roth was not only discussing *case-specific* discovery in the excerpt cited by AstraZeneca at page four of its Motion, Mr. Roth's comments are clearly directed at the opposite meaning of what AstraZeneca intends:  this is a "very focused" litigation *without* the wide variety of illnesses that were alleged in, for example, the Fen-Phen litigation.

In any case, AstraZeneca's Motion raises issues that are premature and that the Court need not address at this time.  Not a single non-Florida, non-diabetes case has been identified for further discovery or trial, and likely will not be for months or years to come.  When such a case is designated, then the trial court may determine, on motions of the parties if necessary, the appropriate amount and scope of additional general discovery needed, *if any*.

DATED:  June 27, 2009				Respectfully submitted


						By:	/s/ K. Camp Bailey
							F. Kenneth Bailey Jr.
							K. Camp Bailey
							Fletcher V. Trammell
							Robert W. Cowan
							**BAILEY PERRIN BAILEY**
							440 Louisiana St., Suite 2100
							Houston, Texas 77002
							(713) 425-7100 Telephone
							(713) 425-7101 Facsimile
							kbailey@bpblaw.com
							cbailey@bpblaw.com
							ftrammell@bpblaw.com
							rcowan@bpblaw.com
							**Co-Lead Counsel for Plaintiffs**


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2009, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO PRECLUDE ADDITIONAL FACT DISCOVERY ON GENERAL ISSUES RELATING TO ALLEGED INJURIES OTHER THAN DIABETES with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all registered counsel of record.

						/s/  Robert W. Cowan
						Robert W. Cowan