IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

MDL Docket No. 06-MD-1769

IN RE: Seroquel Products Liability Litigation.   )
                                                 )
This Document Relates to All Cases               )
                                                 )

Bloomberg L.P.'s Motion to Correct Magistrate Order Granting,
in Part, Bloomberg's Motion to Unseal Remaining Confidential Documents

Bloomberg L.P. moves pursuant to Federal Rule of Civil Procedure 60 to correct the Magistrate Judge's Order of August 10, 2009 (DE 1497) granting in part and denying in part Bloomberg L.P.'s motion (DE 1464) to unseal the remaining confidential documents because it appears to be based on a mistake.[1]

Memorandum of Law

The order finds "that the best way to balance the interests of the public access to the information with certain privacy interests is to order that the call notes be removed from the confidentiality order with redaction similar to those ordered in the *Zyprexa* MDL." (DE 1497 at 6). The order then directs (1) substitution of numbers for names, addresses, and other identifying information of physicians and their staff and patients; *and* (2) redaction of three categories of information such as "personal interactions," "personal activities, career plans and other events." This is not, however, the type of redaction ordered in the *Zyprexa*

---

[1] Simultaneously with the filing of this motion for modification, Bloomberg is filing an objection to the Magistrate Judge's order in order to protect its right to have that order reviewed by the district court.

HUNTON & WILLIAMS LLP

litigation. The court in that case ordered the substitution of numbers for identifying information and found this substitution made it unnecessary to redact the other types of information from the call notes.

The categories of information to be redacted set forth in the August 10, 2009, order are the same categories of information that Special Master Peter H. Woodin had contemplated having redacted from call notes that would be ordered unsealed in the *Zyprexa* litigation. *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596, 2009 WL 791540 (E.D.N.Y. Mar. 23, 2009) (order of district court staying special master's case management order and attaching the March 20, 2009, case management order as an appendix) (Exhibit 1). The special master initially concluded that redaction of this information would be necessary because he preliminarily concluded that the names and addresses of physicians should *not be redacted* from the unsealed call notes and directed the parties to identify information in the call notes that would be "unnecessarily embarrassing or damaging" to the identified physicians and staff members. *Id.* at *5.

The special master explained that this would be required in part because "plaintiffs intend to post the sales call notes and information contained within them on the internet for the broadest possible public dissemination, with capabilities that will allow anyone who wishes to review and search them, including searches keyed to doctors' names." *Id.* "With that in mind," he directed, "information concerning such things as the health of the physician or members of the physician's family, the physician's lifestyle (e.g., vacation plans, taste in wines or cars, etc.), and similar personal information was sufficiently private in nature so that wide access to that information by others on the internet could cause "'unnecessary

embarrassment or damage'" to the individuals involved." *Id.* Note that the special master did not direct the defendant to make the redactions unilaterally. Instead, he directed both the plaintiffs and the defendant to review the call notes and to submit to the special master their recommendations.

The parties then reviewed the 132,000 call notes at issue and found that they had substantial disagreement regarding which information should be regarded as embarrassing. The plaintiffs concluded that only 488 call notes contained information that should be redacted in accordance with the special master's criteria. The defendant claimed 4,066 call notes contained information that should be redacted under the criteria specified by the special master. *Id.* at *6. The special master then entered an order providing examples of the wide variety of information that the parties believed would unnecessarily embarrass physicians or staff if their names were disclosed and grouped the information into these three broad categories:

(i) Material that describes the personal health of the physicians and family members

(ii) Observations concerning physicians' personality and habits, and personal interactions with physicians

(iii) Notes about various personal activities, career plans and other events in the lives of physicians

*Id.* at *7.

The substantial difference of opinion concerning which call note information should be redacted caused the special master to reconsider his decision not to redact the names and other identifying information of the physicians. He concluded that rather than attempt to review all of the call notes in dispute, it would be better to order the substitution of numbers

for names and identifying information in the call notes and not to redact any of the categories of information that might be regarded as embarrassing to the physicians or staff members. He explained that "The parameters of exactly what personal information could cause 'unnecessary embarrassment or damage' are not readily susceptible to bright line delineation. . . . Redacting names avoids the need for – and arguments about – weighing each individual item of personal information contained in the 132,000 call notes and attempting to derive and apply some consistent standard of what detailed of a particular individual's personal life might cause 'unnecessary embarrassment or damage.'" *Id.* at *7. "In light of the ruling that the names of physicians and staff members shall be redacted, it is un-necessary to redact information that would other-wise cause "unnecessary embarrassment or dam-age" to the individual involved, unless the information is capable of identifying a particular physician or staff member." *Id.*

Judge Weinstein's order of March 23, 2009, staying the special master's order directed the parties to file any appeal within 20 days and invited public comment within twenty days. The defendant did not appeal that order. Bloomberg and Prescription Access Litigation, a project of Community Catalyst, filed comments urging the Court to make the call notes public. (Exhibits 2 & 3). Judge Weinstein then affirmed the special master's case management order on May 1, 2009, without modification. *In re Zyprexa Prods. Liab. Litig.*, MDL No. 1596 (E.D.N.Y. May 1, 2009) (unpublished order affirming special master order) (Exhibit 4). Subsequently, on June 23, 2009, Judge Weinstein entered a further order stating: "The approximately 132,000 Lilly sales call notes, with redactions or other modifications as ordered by Special Master Woodin, shall be made available to those who seek access to

them." *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596, 2009 WL 1870931 (E.D.N.Y. June 23, 2009) (exhibit 5).

It appears that the Magistrate Judge in the instant case mistakenly interpreted the June 23, 2009, order by Judge Weinstein as modifying the special master's order to require not only the substitution of numbers for names and identifying information, but also the redaction of unnecessarily embarrassing or damaging information. In fact, Judge Weinstein affirmed the special master's order as it was entered (requiring numbers to be substituted for identifying information, but requiring all other information in the call notes to remain unredacted) and then ordered compliance with that order.

Bloomberg maintains its position that the call notes should be released without any redactions because there is no good cause to redact either the identifying information or the other information in the call notes. No physician has claimed he or she would be embarrassed by the notes, AstraZeneca did not seek redaction on physician embarrassment grounds, and AstraZeneca has no standing to assert physician rights. If the objective, however, was to enter an order consistent with to the order entered in the *Zyprexa* litigation, the order should be modified to make it consistent with that order.

## Conclusion

No redaction of the call note should be permitted before they are unsealed, If, however, the Court wishes to make the order consistent with the order in the *Zyprexa* litigation, it should delete numbered paragraph 3 on page 6 of the order. This modification is necessary in order to comply with the provisions of Federal Rule of Civil Procedure 26(c) and the standards for allowing the sealing of judicial records in this district and this circuit.

*See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). As noted by Special Master Woodin, once the identifying information is redacted, it is no longer necessary to delete substantive information from call notes in order to protect physicians and their staff from embarrassment thus there is no "good cause" for the redaction.

                    Respectfully submitted.

                    Hunton & Williams LLP
                    Attorneys for Bloomberg L.P.

                    By    s/ Thomas R. Julin
                          Thomas R. Julin, Trial Counsel
                          Jamie Z. Isani
                          Florida Bar No. 325376 & 728861
                          1111 Brickell Avenue - Suite 2500
                          Miami, FL 33131 - 305.810.2516
                          tjulin@hunton.com

## CERTIFICATE OF CONSULTATION

I hereby certify that I have consulted with counsel for the plaintiffs and the defendants. The plaintiffs counsel do not oppose Bloomberg's efforts to seek clarification of the August 10, 2009, order. The defendant's counsel will oppose the motion to correct the August 10, 2009, order.

                                            s/ Thomas R. Julin
                                             Thomas R. Julin

CERTIFICATE OF SERVICE

I hereby certify that, on August 24, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

                                                    s/ Thomas R. Julin
                                                    Thomas R. Julin

MDL Docket No. 06-MD-1769

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

Steven B. Weisburd
David Venderbush
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com

Paul J. Pennock, Esq.
Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane - 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
MPederson@weitzlux.com
Plaintiffs' Lead Counsel

Camp Bailey, Esq.
Michael W. Perrin, Esq.
Fletcher Trammell, Esq.
Robert Cowan, Esq.

Bailey Perrin Bailey LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7240
cbailey@bpblaw.com
mperrin@bpblaw.com
Plaintiffs' Lead Counsel

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com
Plaintiffs' Liaison Counsel

Tommy Fibich, Esq.
Fibich, Hampton & Leebron, L.L.P.
1401 McKinney, Suite 1800
Five Houston Center
Houston, TX 77010
Telephone: (713) 751-0025
tfibich@fhl-law.com

Matthew F. Pawa, Esq.
Law Offices of Matthew F. Pawa, P.C.
1280 Centre St., Suite 230
Newton Centre, MA 02459
Telephone: (617) 641-9550
Mp@pawalaw.com

Robert L. Salim, Esq.
Robert L. Salim Attorney at Law
PO Box 2069
Natchitoches, LA 71457-2069
Telephone: (318) 352-5999
robertsalim@cp-tel.net

Keith M. Jensen, Esq.
Jensen, Belew & Gonzalez, PLLC
1024 North Main
Fort Worth, TX 76106

Telephone: (817) 334-0762
kj@kjensenlaw.com

Scott Allen, Esq.
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
sallen@crusescott.com

Matthew E. Lundy, Esq.
Lundy & Davis, LLP
333 North Sam Houston Parkway East
Suite 375
Houston, TX 77060
Telephone: (281) 272-0797
mlundy@lundydavis.com

W. Todd Harvey, Esq.
E. Ashley Cranford, Esq.
Whatley Drake & Callas
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: (205) 328-9576
ACranford@wdklaw.com

Robert L. Ciotti, Esq.
Carlton Fields, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5736
Telephone: (813) 223-7000
rciotti@carltonfields.com
Attorney for Defendants AstraZeneca
Pharmaceuticals, LP, and AstraZeneca LP

Gregory P. Forney, Esq.
Shaffer Lombardo Shurin
911 Main Street, Suite 2000
Kansas City, MO 64105
Telephone: (816) 931-0500
gforney@sls-law.com
rbish@sls-law.com
Attorney for Defendant,

Marguerite Devon French

Randy Niemeyer
22442 Pike 309
Bowling Green, MO 63334-5209
Pro Se

Eric B. Milliken, Esq.
3 Sir Barton Ct.
Newark, DE 19702
Pro Se

Catherine Solomon
3100 N.E. 83
Gladstone, MO 64119
Pro Se

Louisiana Wholesale Drug Co. Inc.
C/O Gayle R. White
Registered Agent
Highway 167N
Sunset, LA 70584
Pro Se

Aaron C. Johnson, Esq.
Summers & Johnson
717 Thomas
Weston, MO 64098
Telephone: (816) 640-9940
firm@summersandjohnson.com

Robert A. Schwartz, Esq.
Bailey & Galyen
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744
bschwartz@galyen.com

Todd S. Hageman, Esq.
Simon and Passanante, PC
701 Market St., Suite 1450
St. Louis, MO 63101
Telephone: (314) 241-2929
thageman@spstl-law.com
Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660

Telephone: (949) 720-1288
mrobinson@robinson-pilaw.com

Thomas F. Campion, Esq.
Heidi E. Hilgendorff, Esq.
Drinker Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
Telephone: (973) 360-1100
Thomas.Campion@dbr.com
Heidi.Hilgendorff@dbr.com
Attorneys for Defendants Janssen

Pharmaceutical Products and Johnson & Johnson Co.
Michael Davis, Esq.
James Mizgala, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7731
mdavis@sidley.com
jmizgala@sidley.com
Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP

Elizabeth Raines, Esq.
Baker, Sterchi, Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
raines@bscr-law.com

Timothy Reese Balducci, Esq.
The Langston Law Firm, PA
P.O. Box 787
100 South Main Street
Booneville, MS 38829-0787
Telephone: (662) 728-3138
tbalducci@langstonlaw.com

Kenneth W. Bean, Esq.
Sandberg, Phoenix & von Gontard
One City Centre
15th Floor

St. Louis, MO 63101-1880
Telephone: (314) 231-3332
kbean@spvg.com
Attorney for Defendant Dr. Asif Habib

John Driscoll, Esq.
Brown & Crouppen, PC
720 Olive St.
St. Louis, MO 63101
Telephone: (314) 421-0216
Jdriscoll@brownandcrouppen.com
asmith@brownandcrouppen.com
blape@brownandcrouppen.com

Aaron K. Dickey, Esq.
Goldenberg and Heller, PC
P.O. Box 959
2227 S. State Road 157
Edwardsville, IL 62025
Telephone: (618) 650-7107
aaron@ghalaw.com

Matthew J. Hamilton, Esq.
Pepper Hamilton
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103
Telephone: (215) 981-4000
hamiltonm@pepperlaw.com

Justin Witkin, Esq.
Ken Smith, Esq.
Aylstock, Witkin, Kreis & Overholtz
803 N. Palafox St.
Pensacola, FL 32501
Telephone: (850) 916-7450
Jwitkin@AWS-LAW.com
ablankenship@aws-law.com
ksmith@aws-law.com
noverholtz@aws-law.com

David P. Matthews, Esq.
Lizy Santiago, Esq.
Matthews & Associates
2905 Sackett Street

Houston, TX 77098
Telephone: (713) 222-8080
dmatthews@thematthewslawfirm.com
lsantiago@thematthewslawfirm.com
msalazar@thematthewslawfirm.com

Howard Nations
Lori A. Siler
Howard L. Nations Attorney At Law
4515 Yoakum Blvd.
Houston, TX 77006-5895
Telephone: (713) 807-8400
nations@howardnations.com

Mary B. Cotton
John D. Giddens, P.A.
226 North President Street
P.O. Box 22546
Jackson, MS 39225-2546
Telephone: (601) 355-2022
betsy@law-inc.com

Salvatore M. Machi
Ted Machi & Associates PC
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744

Jona R. Hefner, Esq.
3441 W. Memorial, Suite 4
Oklahoma City, OK 73134-7000
Telephone: (405) 286-3000
attorneyokc@hotmail.com

David Dickens
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314-3010
(703) 519-8080
ddickens@doctoratlaw.com


Pete Schneider, Esq.
Grady, Schneider & Newman, L.L.P.
801 Congress, 4th Floor
Houston, TX 77002

(713) 228-2200
pschneider@gsnlaw.com

Fred T. Magaziner
Marjorie Shiekman
A. Elizabeth Balakhani
Shane T. Prince
Eben S. Flaster
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19103
(215) 994-4000
fred.magaziner@dechert.com
shane.prince@dechert.com
marjorie.shiekman@dechert.com
eben.flaster@dechert.com
elizabeth.balakhani@dechert.com

Lawrence J. Gornick, Esq.
William A. Levin, Esq.
Dennis J. Canty, Esq.
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
lgornick@lskg-law.com
dcanty@lskg-law.com
lsimes@levins-law.com
jkaiser@lskg-law.com
echarley@lskg-law.com
ddecarli@lskg-law.com
bsund@lskg-law.com
astavrakaras@lskg-law.com

Scott Burdine, Esq.
Hagans Burdine Montgomery
Rustay & Winchester, P.C.
3200 Travis, Fourth Floor
Houston, TX 77006
Telephone: (713) 222-2700
sburdine@hagans-law.com
Lowell Finson, Esq.
Phillips & Associates
3030 North 3rd Street
Suite 1100

Phoenix, AZ 85012
(602) 258-8900
lowellf@phillipslaw.ws

Gale D. Pearson, Esq.
Stephen J. Randall, Esq.
Pearson, Randall & Schumacher, P.A.
Fifth Street Towers, Suite 1025
100 South 5th Street
Minneapolis, MN 55402
(612) 767-7500
attorneys@outtech.com

Robert H. Shultz
Heyl, Roster
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
(618) 656-4646
rshultz@hrva.com
bwallace@hrva.com

Ellen R. Serbin
Perona, Langer, Beck, Lalande & Serbin
300 San Antonio Drive
Long Beach, CA 90807-0948
(562) 426-6155
davidhwang@plblaw.com

Scott Armstrong
1719 West Main Street
Suite 201
Rapid City, SD 57702
(605) 399-3994
Scottarmstrong1235@earthlink.net

Linda S. Svitak
Faegre & Benson, LLP
90 South 7th Street, Suite 2200
Minneapolis, MN 55402-3901
(612) 766-7000
lsvitak@faegre.com
wjohnson@faegre.com

James J. Freebery
McCarter & English, LLP

919 N. Market Street, 18th Floor
Wilmington, DE 19801
(973) 622-4444
jfreebery@mccarter.com
tpearson@mccarter.com

Richard D. Hailey
Ramey & Hailey
3891 Eagle Creek Parkway
Suite C
Indianapolis, IN 46254
(317)299-0400
rhailey@sprynet.com

B. Andrew List
Clark, Perdue, Arnold & Scott
471 East Broad Street, Suite 1400
Columbus, OH 43215
(614) 469-1400
alist@cpaslaw.com
lcollins@cpaslaw.com

HUNTON & WILLIAMS LLP