IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

MDL Docket No. 06-MD-1769

IN RE: Seroquel Products Liability Litigation. )
                                                )
This Document Relates to All Cases              )
                                                )

Bloomberg L.P.'s Objection to Order Granting,
in Part, Bloomberg's Motion to Unseal Remaining Confidential Documents

Bloomberg L.P. objects pursuant to Federal Rule of Civil Procedure 72(a) to the
Magistrate Judge's Order of August 10, 2009 (DE 1497), granting in part and denying in part
Bloomberg L.P.'s motion  (DE 1464) to unseal remaining confidential documents.  The order
is clearly erroneous and contrary to law because it allows judicial records filed in support of
or in opposition to dispositive, *Daubert,* or sanctions motions to be sealed in the absence of
good cause for sealing those records.  Further, the order is based on a clear misinterpretation
of *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596, 2009 WL 791540 (E.D.N.Y. Mar. 23,
2009).[1]  Specifically, the Magistrate Judge indicated in the order that he believed that he was
resolving a sealing issue in the same manner that a similar sealing issue was resolved in that
case, when in fact he resolved the issue differently and incorrectly.  Because the order
appears to have been entered by mistake, Bloomberg has filed simultaneously with this
objection a motion to correct the order.  If the order is corrected as requested, that would
largely, but not entirely, moot this objection.

---

[1]   Because this objection is based on this mistake and the mistake is ascertainable
from the face of the order at issue, Bloomberg submits that a transcript of the hearing

<u>Memorandum of Law</u>

On February 13, 2009, Bloomberg, L.P. moved to intervene to oppose the maintenance of confidentiality and the sealing of judicial records.  (D.E. 1284).  The Court granted the motion on Feb. 19, 2009 (D.E. 1297) to allow Bloomberg to intervene and to be heard at a hearing on February 26, 2009.

The motion to intervene asked the Court to deny the defendants' motions to maintain confidentiality of or seal documents (Doc. No. 1222 & 1237) and plaintiffs' motions to seal documents (Doc. No. 1230 and Case Nos. 6:07-cv-10291 & 15733 Doc. No. 42), and to unseal plaintiffs' responses and supporting documents opposing AstraZeneca's motions for summary judgment and to exclude testimony (MDL Case No. 6:07-cv-10291 Doc. No. 15, listing the responses at issue).  Bloomberg called the Court's attention to similar products liability litigation in Alaska and New York involving the drug Zyprexa and the fact that many documents under seal in that litigation had been ordered released in light of the public interest in following the litigation and learning about the claims of the plaintiffs and the defenses of the defendant relating to a drug in very widespread use.  (DE 1284 at 12-14).

In the Zyprexa litigation Judge Weinstein had issued a ruling which stated: "Based on this country's long-standing tradition of open access to the courts and court records, the enormous number of people who have taken or will take Zyprexa, the involvement of government regulatory bodies, absent class members' interest in the proceeding, and the age of the documents, the motions to unseal are granted."  *In re Zyprexa Prods. Liab. Litig.,* 253 F.R.D. 69, 94 (E.D.N.Y. Sept. 5, 2008).  His order extended to "All documents, reports,

---

conducted by the Magistrate Judge is unnecessary to the disposition of this objection.

depositions, arguments, and transcripts referred to in the First Amended Complaint, the motions to dismiss, motions for summary judgment (including plaintiffs' Fact Proffer), and certification motions." *Id.* at 208. "Public access" Judge Weinstein wrote, "is now advisable because this litigation involves issues of great public interest, the health of hundreds of thousands of people, fundamental questions about our system of approval and monitoring of pharmaceutical products, and the funding for many health and insurance benefit plans. Public and private agencies and organizations have a right to be informed. At this stage public disclosure, congruent with our long tradition of open courts, is desirable." *Id.* at 209.

On February 24, 2009, AstraZeneca filed its opposition to Bloomberg's request for access to documents. (DE 1309). It identified one category of documents as "Call Notes Reflecting Competitively Sensitive Information." (DE 1309 at It asserted that these notes should not be made public because:

> Call notes reflect proprietary business information concerning the reach, frequency, and focus of AstraZeneca's marketing efforts relating to a drug that remains on the market while competitors market competing drugs, and are entitled to continued confidentiality protection at this time because of the competitive harm their disclosure would cause to AstraZeneca.

On the evening before the hearing, counsel for the plaintiffs and the defendant agreed to release many of the documents that were the subject of the pending motions. Defense counsel also identified at the February 26 hearing the following five categories of documents that the defendant had not agreed to release and that the plaintiffs' counsel had agreed not to seek to have released:

> (1)     Call notes by AstraZeneca sales representatives created on or after January 1, 2004.
>
> (2)     Data supplied by IMS Health Incorporated to AstraZeneca reflecting

the prescribing histories of prescribers for use in marketing.

(3)     Some unpublished clinical study reports regarding Seroquel that supposedly would cause competitive harm and jeopardize plans for later publication.

(4)     Foreign regulatory documents (both Dutch and French).

(5)     AstraZeneca's complete response letter that AstraZeneca submitted to the FDA.

The documents had been filed under seal in support of or in opposition to various summary judgment motions, motions to limit or exclude expert testimony, or sanctions motions.  The Court received testimony and heard oral argument on February 26, 2009, on whether any of these documents should remain under seal and reserved ruling.  The minute entry following the hearing stated: "Court to take matters under advisement and issue order; Court delivers deadlines on separate issues." (D.E. 1312 at 2).

On June 16, 2009, before the magistrate judge ruled on the remaining documents in dispute, AstraZeneca filed a status report reflecting that it withdrew its confidentiality claim regarding the last two categories of documents in dispute, but that it maintained its position that the first three categories of documents should remain under seal.  On the same date, Bloomberg filed a motion to unseal the remaining categories of documents.  (DE 1464).

On August 10, 2009, the Magistrate Judge granted the motion in part and denied the motion in part.  (DE 1497).  Bloomberg objects only to that part of the order that deals with the first category of documents -- call notes by AstraZeneca sales representatives created on or after January 1, 2004.  Call notes are the notes taken by AstraZeneca sales representatives reflecting information about their visits to individual prescribers and their staff members. The call notes are important in this litigation because they may support or undermine the

plaintiffs' claims that AstraZeneca marketed Seroquel in violation of federal law. Bloomberg argued before the Magistrate Judge that because the call notes had been filed in support of or in opposition to dispositive motions that they should not be sealed unless good cause existed to seal them and that there is no good cause to seal them.  (DE 1284 at 16-23). AstraZeneca took the position that it had a proprietary interest in the call notes.  (DE 1309 at 18-19).  It advanced no argument that either the names of physicians and their staff members must be redacted to prevent embarrassment of them.  It had no standing to advance such an argument in any event.

After the February 26, 2009, hearing, the Magistrate Judge continued to follow developments in the *Zyprexa* litigation and observed from an order released on March 23, 2009.  *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596, 2009 WL 791540 (E.D.N.Y. Mar. 23, 2009) (order of district court staying special master's case management order and attaching the case management order as an appendix) (Exhibit 1), that the defendant, Eli Lilly & Co., had raised objections with the special master overseeing release of documents previously ordered unsealed by Judge Weinstein that physician call notes might be embarrassing to some of the physicians and staff members who were the subject of the notes. In response to these objections, the *Zyprexa* special master crafted a process to eliminate that embarrassment while still allowing substantial access to the call notes.

Although no party had argued in the instant case that sealing of call notes was needed to protect physicians from embarrassment,[2] Magistrate Judge Baker undertook to balance

---

[2]     As far as Bloomberg is aware, none of the parties notified Magistrate Judge Baker of the subsequent developments in the *Zyprexa* litigation or presented any argument to him regarding the significance of those developments.

physicians' interests in not being embarrassed by what the call notes might contain against the public interest in access to judicial records.  He found "that the best way to balance the interests of the public access to the information with certain privacy interests is to order that the call notes be removed from the confidentiality order with redaction similar to those ordered in the *Zyprexa* MDL."  (DE 1497 at 6).  The order then directed (1) substitution of numbers for names, addresses, and other identifying information of physicians and their staff and patients; *and* (2) redaction of three categories of information such as "personal interactions," "personal activities, career plans and other events."  This is not, however, the type of redaction ordered by the special master in the *Zyprexa* litigation.  The special master in that case ordered the substitution of numbers for identifying information and found this substitution made it *unnecessary* to redact the other types of information from the call notes. *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596, 2009 WL 791540.

The categories of information to be redacted set forth in the August 10, 2009, order are the same categories of information that Special Master Peter H. Woodin had contemplated having redacted from call notes.  *In re Zyprexa Prods. Liab. Litig.,* 2009 WL 791540 (E.D.N.Y. Mar. 23, 2009).  Special Master Woodin initially concluded that redaction of this information would be necessary because he found that the names and addresses of physicians should *not be redacted* from the unsealed call notes and directed the parties to identify information in the call notes that would be "unnecessarily embarrassing or damaging" to the identified physicians and staff members.  *Id.* at *5.

The special master explained that this would be required in part because "plaintiffs intend to post the sales call notes and information contained within them on the internet for

6

the broadest possible public dissemination, with capabilities that will allow anyone who wishes to review and search them, including searches keyed to doctors' names." *Id.* "With that in mind," he directed, "information concerning such things as the health of the physician or members of the physician's family, the physician's lifestyle (e.g., vacation plans, taste in wines or cars, etc.), and similar personal information was sufficiently private in nature so that wide access to that information by others on the internet could cause '"unnecessary embarrassment or damage"' to the individuals involved." *Id.* Significantly, he did not allow the defendant to make the redactions on a unilateral basis. Rather, plaintiffs had full access to the documents and were to participate in the review process.

The parties then reviewed the 132,000 call notes at issue, submitted their views regarding which portions of which call notes should be redacted to the special master. He then found that the parties had substantial disagreements regarding which information should be regarded as embarrassing. The plaintiffs concluded that only 488 call notes contained information that should be redacted in accordance with the special master's criteria. The defendant claimed 4,066 call notes contained information that should be redacted under the criteria specified by the special master. *Id.* at *6. The special master then entered an order providing examples of the wide variety of information that the parties believed would unnecessarily embarrass physicians or staff if their names were disclosed and grouped the information into these three broad categories:

   (i)    Material that describes the personal health of the physicians and family members

   (ii)   Observations concerning physicians' personality and habits, and personal interactions with physicians

> (iii)   Notes about various personal activities, career plans and other events in the lives of physicians

*Id.* at *7.

The substantial difference of opinion concerning which call note information should be redacted caused the special master to reconsider his decision not to redact the names and other identifying information of the physicians.  He concluded that rather than attempt to review all of the call notes in dispute, it would be better to order the substitution of numbers for names and identifying information in the call notes and not to redact any of the categories of information that might be regarded as embarrassing to the physicians or staff members. He explained that "The parameters of exactly what personal information could cause 'unnecessary embarrassment or damage' are not readily susceptible to bright line delineation. . . . Redacting names avoids the need for – and arguments about – weighing each individual item of personal information contained in the 132,000 call notes and attempting to derive and apply some consistent standard of what detailed of a particular individual's personal life might cause 'unnecessary embarrassment or damage.'"  *Id.* at *7.  "In light of the ruling that the names of physicians and staff members shall be redacted, it is unnecessary to redact information that would otherwise cause "unnecessary embarrassment or damage" to the individual involved, unless the information is capable of identifying a particular physician or staff member."  *Id.*

Judge Weinstein's order of March 23, 2009, staying the special master's order directed the parties to file any appeal within 20 days and invited public comment within twenty days.  The defendant did not appeal the order.  Bloomberg and Prescription Access Litigation, a project of Community Catalyst, filed comments urging the Court to make the

8

call notes public.  (Exhibits 2 & 3).  Judge Weinstein then affirmed the special master's case management order on May 1, 2009, without modification.  *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596 (E.D.N.Y. May 1, 2009) (unpublished order affirming special master order) (Exhibit 4).  Subsequently, on June 23, 2009, Judge Weinstein entered a further order stating: "The approximately 132,000 Lilly sales call notes, with redactions or other modifications as ordered by Special Master Woodin, shall be made available to those who seek access to them."  *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596, 2009 WL 1870931 (E.D.N.Y. June 23, 2009) (Exhibit 5).

It appears that the Magistrate Judge in the instant case mistakenly interpreted the June 23, 2009, order by Judge Weinstein as modifying the special master's order to require not only the substitution of numbers for names and identifying information, but also the redaction of unnecessarily embarrassing or damaging information.  In fact, Judge Weinstein affirmed the special master's order as it was entered (requiring numbers to be substituted for identifying information, but requiring all other information in the call notes to remain unredacted) and then ordered compliance with that order.

As it stands, the order now violates Federal Rule of Civil Procedure 26(c) and the standards for allowing the sealing of judicial records in this district and this circuit. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001) (requiring good cause showing to justify sealing of judicial records).  "This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential."  *Id.* at 1313.  It also does not follow the dictates of Local Rule 1.09 which prohibits the making of generalized arguments and the

9

MDL Docket No. 1769

mass sealing of documents through its clear and specific requirements that a party seeking to seal judicial records must provide "(i) an identification and description of *each* item proposed for sealing; (ii) the reason that filing each *item* is necessary; (iii) the reason that sealing *each* item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal."

The order allows AstraZeneca to utilize vague criteria to seal information in judicial records even though that sealing could serve no legitimate purpose.  As noted by Special Master Woodin in the *Zyprexa* litigation, once the identifying information is redacted, it is no longer necessary to delete substantive information from call notes in order to protect physicians and their staff from embarrassment and there is no "good cause" for the redaction. Moreover, even the substitution of the numbers for the identifying information fails to meet the good cause standard.  No party even attempted to argue or had standing to argue that good cause existed to protect physicians or staff members from embarrassment or that the call notes would embarrass physicians or their staff.

Conclusion

The Court should direct the release of the call notes without any redactions because no party demonstrated good cause for such redactions.

Alternatively, if the August 10, 2009, order is not modified by the Magistrate Judge, the Court should modify the August 10, 2009, order (DE 1497), by deleting numbered paragraph 3 on page 6 of the order which requires removal of substantive information

10

notwithstanding that numbers will be substituted for identifying so that the substantive information could not be embarrassing to physicians or their staff members.  This at least would make the order consistent with the case management order entered in the *Zyprexa* litigation, as was the stated intention of the Magistrate Judge.

Finally, if no other relief is granted, the Court should modify the order so that only clear and specific criteria are used to allow redaction, both the plaintiffs and the defendants should be directed to specify which substantive portions of the call notes should be redacted, and the Magistrate Judge should be directed to resolve any differences between the parties and to safeguard the public's interest in access to judicial records.  The defendant should not be permitted to make unilateral redactions on the basis of the vague criteria set forth in the order.

Respectfully submitted.

Hunton & Williams LLP
Attorneys for Bloomberg L.P.

By    s/ Thomas R. Julin
      Thomas R. Julin, Trial Counsel
      Jamie Z. Isani
      Florida Bar No. 325376 & 728861
      1111 Brickell Avenue - Suite 2500
      Miami, FL 33131 - 305.810.2516
      tjulin@hunton.com

MDL Docket No. 1769

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 21, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

s/ Thomas R. Julin
Thomas R. Julin

12

MDL Docket No. 06-MD-1769

SERVICE LIST
In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769

Steven B. Weisburd
David Venderbush
DECHERT LLP
300 West 6th Street, Suite 1850
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
steven.weisburd@dechert.com

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
stephen.mcconnell@dechert.com

Chris S. Coutroulis (Fla. Bar No. 300705)
Robert L. Ciotti (Fla. Bar No. 333141)
CARLTON FIELDS, P.A.
Corporate Center Three at International
Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
ccoutroulis@carltonfields.com

Paul J. Pennock, Esq.
Michael E. Pederson, Esq.
Weitz & Luxenberg, P.C.
180 Maiden Lane - 17th Floor
New York, NY 10038
Telephone: (212) 558-5500
Ppennock@weitzlux.com
MPederson@weitzlux.com
Plaintiffs' Lead Counsel

Camp Bailey, Esq.
Michael W. Perrin, Esq.
Fletcher Trammell, Esq.
Robert Cowan, Esq.

Bailey Perrin Bailey LLP
The Lyric Centre
440 Louisiana, Suite 2100
Houston, TX 77002
Telephone: (713) 425-7240
cbailey@bpblaw.com
mperrin@bpblaw.com
Plaintiffs' Lead Counsel

Larry Roth, Esq.
Law Offices of Larry M. Roth, P.A.
Post Office Box 547637
Orlando, FL 32854-7637
Telephone: (407) 872-2239
LROTH@roth-law.com
Plaintiffs' Liaison Counsel

Tommy Fibich, Esq.
Fibich, Hampton & Leebron, L.L.P.
1401 McKinney, Suite 1800
Five Houston Center
Houston, TX 77010
Telephone: (713) 751-0025
tfibich@fhl-law.com

Matthew F. Pawa, Esq.
Law Offices of Matthew F. Pawa, P.C.
1280 Centre St., Suite 230
Newton Centre, MA 02459
Telephone: (617) 641-9550
Mp@pawalaw.com

Robert L. Salim, Esq.
Robert L. Salim Attorney at Law
PO Box 2069
Natchitoches, LA 71457-2069
Telephone: (318) 352-5999
robertsalim@cp-tel.net
Keith M. Jensen, Esq.
Jensen, Belew & Gonzalez, PLLC
1024 North Main
Fort Worth, TX 76106

MDL Docket No. 1769

Telephone: (817) 334-0762
kj@kjensenlaw.com

Scott Allen, Esq.
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
sallen@crusescott.com

Matthew E. Lundy, Esq.
Lundy & Davis, LLP
333 North Sam Houston Parkway East
Suite 375
Houston, TX 77060
Telephone: (281) 272-0797
mlundy@lundydavis.com

W. Todd Harvey, Esq.
E. Ashley Cranford, Esq.
Whatley Drake & Callas
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: (205) 328-9576
ACranford@wdklaw.com

Robert L. Ciotti, Esq.
Carlton Fields, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5736
Telephone: (813) 223-7000
rciotti@carltonfields.com
Attorney for Defendants AstraZeneca
Pharmaceuticals, LP, and AstraZeneca LP

Gregory P. Forney, Esq.
Shaffer Lombardo Shurin
911 Main Street, Suite 2000
Kansas City, MO 64105
Telephone: (816) 931-0500
gforney@sls-law.com
rbish@sls-law.com
Attorney for Defendant,

Marguerite Devon French

Randy Niemeyer
22442 Pike 309
Bowling Green, MO 63334-5209
Pro Se

Eric B. Milliken, Esq.
3 Sir Barton Ct.
Newark, DE 19702
Pro Se

Catherine Solomon
3100 N.E. 83
Gladstone, MO 64119
Pro Se

Louisiana Wholesale Drug Co. Inc.
C/O Gayle R. White
Registered Agent
Highway 167N
Sunset, LA 70584
Pro Se

Aaron C. Johnson, Esq.
Summers & Johnson
717 Thomas
Weston, MO 64098
Telephone: (816) 640-9940
firm@summersandjohnson.com

Robert A. Schwartz, Esq.
Bailey & Galyen
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744
bschwartz@galyen.com

Todd S. Hageman, Esq.
Simon and Passanante, PC
701 Market St., Suite 1450
St. Louis, MO 63101
Telephone: (314) 241-2929
thageman@spstl-law.com
Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660

14

MDL Docket No. 1769

Telephone: (949) 720-1288
mrobinson@robinson-pilaw.com

Thomas F. Campion, Esq.
Heidi E. Hilgendorff, Esq.
Drinker Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
Telephone: (973) 360-1100
Thomas.Campion@dbr.com
Heidi.Hilgendorff@dbr.com
Attorneys for Defendants Janssen

Pharmaceutical Products and Johnson &
Johnson Co.
Michael Davis, Esq.
James Mizgala, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7731
mdavis@sidley.com
jmizgala@sidley.com
Attorneys for Defendants AstraZeneca LP
and AstraZeneca Pharmaceuticals, LP

Elizabeth Raines, Esq.
Baker, Sterchi, Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
raines@bscr-law.com

Timothy Reese Balducci, Esq.
The Langston Law Firm, PA
P.O. Box 787
100 South Main Street
Booneville, MS 38829-0787
Telephone: (662) 728-3138
tbalducci@langstonlaw.com


Kenneth W. Bean, Esq.
Sandberg, Phoenix & von Gontard
One City Centre
15th Floor

St. Louis, MO 63101-1880
Telephone: (314) 231-3332
kbean@spvg.com
Attorney for Defendant Dr. Asif Habib

John Driscoll, Esq.
Brown & Crouppen, PC
720 Olive St.
St. Louis, MO 63101
Telephone: (314) 421-0216
Jdriscoll@brownandcrouppen.com
asmith@brownandcrouppen.com
blape@brownandcrouppen.com

Aaron K. Dickey, Esq.
Goldenberg and Heller, PC
P.O. Box 959
2227 S. State Road 157
Edwardsville, IL 62025
Telephone: (618) 650-7107
aaron@ghalaw.com

Matthew J. Hamilton, Esq.
Pepper Hamilton
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103
Telephone: (215) 981-4000
hamiltonm@pepperlaw.com

Justin Witkin, Esq.
Ken Smith, Esq.
Aylstock, Witkin, Kreis & Overholtz
803 N. Palafox St.
Pensacola, FL 32501
Telephone: (850) 916-7450
Jwitkin@AWS-LAW.com
ablankenship@aws-law.com
ksmith@aws-law.com
noverholtz@aws-law.com

David P. Matthews, Esq.
Lizy Santiago, Esq.
Matthews & Associates
2905 Sackett Street

HUNTON & WILLIAMS LLP

MDL Docket No. 1769

Houston, TX 77098
Telephone: (713) 222-8080
dmatthews@thematthewslawfirm.com
lsantiago@thematthewslawfirm.com
msalazar@thematthewslawfirm.com

Howard Nations
Lori A. Siler
Howard L. Nations Attorney At Law
4515 Yoakum Blvd.
Houston, TX 77006-5895
Telephone: (713) 807-8400
nations@howardnations.com

Mary B. Cotton
John D. Giddens, P.A.
226 North President Street
P.O. Box 22546
Jackson, MS 39225-2546
Telephone: (601) 355-2022
betsy@law-inc.com

Salvatore M. Machi
Ted Machi & Associates PC
18333 Egret Bay Blvd., Suite 120
Houston, TX 77058
Telephone: (281) 335-7744

Jona R. Hefner, Esq.
3441 W. Memorial, Suite 4
Oklahoma City, OK 73134-7000
Telephone: (405) 286-3000
attorneyokc@hotmail.com

David Dickens
Miller & Associates
105 North Alfred Street
Alexandria, VA 22314-3010
(703) 519-8080
ddickens@doctoratlaw.com

Pete Schneider, Esq.
Grady, Schneider & Newman, L.L.P.
801 Congress, 4th Floor
Houston, TX 77002

(713) 228-2200
pschneider@gsnlaw.com

Fred T. Magaziner
Marjorie Shiekman
A. Elizabeth Balakhani
Shane T. Prince
Eben S. Flaster
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19103
(215) 994-4000
fred.magaziner@dechert.com
shane.prince@dechert.com
marjorie.shiekman@dechert.com
eben.flaster@dechert.com
elizabeth.balakhani@dechert.com

Lawrence J. Gornick, Esq.
William A. Levin, Esq.
Dennis J. Canty, Esq.
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
lgornick@lskg-law.com
dcanty@lskg-law.com
lsimes@levins-law.com
jkaiser@lskg-law.com
echarley@lskg-law.com
ddecarli@lskg-law.com
bsund@lskg-law.com
astavrakaras@lskg-law.com

Scott Burdine, Esq.
Hagans Burdine Montgomery
Rustay & Winchester, P.C.
3200 Travis, Fourth Floor
Houston, TX 77006
Telephone: (713) 222-2700
sburdine@hagans-law.com
Lowell Finson, Esq.
Phillips & Associates
3030 North 3rd Street
Suite 1100

HUNTON & WILLIAMS LLP

MDL Docket No. 1769

Phoenix, AZ 85012
(602) 258-8900
lowellf@phillipslaw.ws

Gale D. Pearson, Esq.
Stephen J. Randall, Esq.
Pearson, Randall & Schumacher, P.A.
Fifth Street Towers, Suite 1025
100 South 5th Street
Minneapolis, MN 55402
(612) 767-7500
attorneys@outtech.com

Robert H. Shultz
Heyl, Roster
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
(618) 656-4646
rshultz@hrva.com
bwallace@hrva.com

Ellen R. Serbin
Perona, Langer, Beck, Lalande & Serbin
300 San Antonio Drive
Long Beach, CA 90807-0948
(562) 426-6155
davidhwang@plblaw.com

Scott Armstrong
1719 West Main Street
Suite 201
Rapid City, SD 57702
(605) 399-3994
Scottarmstrong1235@earthlink.net

Linda S. Svitak
Faegre & Benson, LLP
90 South 7th Street, Suite 2200
Minneapolis, MN 55402-3901
(612) 766-7000
lsvitak@faegre.com
wjohnson@faegre.com

James J. Freebery
McCarter & English, LLP

919 N. Market Street, 18th Floor
Wilmington, DE 19801
(973) 622-4444
jfreebery@mccarter.com
tpearson@mccarter.com

Richard D. Hailey
Ramey & Hailey
3891 Eagle Creek Parkway
Suite C
Indianapolis, IN 46254
(317)299-0400
rhailey@sprynet.com

B. Andrew List
Clark, Perdue, Arnold & Scott
471 East Broad Street, Suite 1400
Columbus, OH 43215
(614) 469-1400
alist@cpaslaw.com
lcollins@cpaslaw.com

17