## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| **This document relates to:** | |
| *Wendy Bloome, a/n/f B.L., a minor v. AstraZeneca LP, et al.*, No. 6:07-cv-12090 | **6:06-MDL-1769-ACC-DAB** |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION AND MEMORANDUM OF LAW TO DISMISS CLAIMS OF NON-DIVERSE PLAINTIFFS

Plaintiff Wendy Bloome, as next friend of B.L., a minor ("Plaintiff"), responds in opposition to the Motion to Dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (c) (the "Motion" (Doc. 1509)) filed by Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca"). Plaintiff will respectfully show the Court that the case—which is subject to the federal courts' removal jurisdiction under 28 U.S.C. §§ 1446 and 1447—may not properly be dismissed, but must be remanded to the state court in which it was originally filed, as explained below:

1.     On or about April 28, 2006, Plaintiff and co-plaintiffs filed the lawsuit against AstraZeneca in Middlesex County Superior Court in the State of Massachusetts. (*See* Notice of Removal (Doc. 2) § 1 at 1 & Exhibit A thereto.)

2.     On June 22, 2006, AstraZeneca removed the lawsuit to the United States District Court for the District of Massachusetts based on diversity jurisdiction. (Doc. 2 § 2.)

In setting forth its contentions supporting removal, AstraZeneca acknowledged that "both Plaintiffs Wendy Bloome and [B.L.] and Defendant AstraZeneca LP are citizens of New Jersey" (*id.* § 5 at 3), but nevertheless maintained that Plaintiff's misjoinder with the other reportedly diverse claimants in the same lawsuit did not defeat federal diversity jurisdiction. (*Id.*)[1,2] The case belonged in federal court, argued AstraZeneca.  (*Id.*)

3.      Now, by this Motion, AstraZeneca moves the Court to dismiss Plaintiff's case for lack of subject matter jurisdiction.  But the federal removal statutes and interpretative case law proscribe dismissal of Plaintiff's case under Federal Rules of Civil Procedure 12(b)(1) and 12(c), as sought by AstraZeneca.

4.      Federal law governing procedures after removal explicitly directs that "[i]f at any time before final judgment that the district court lacks subject matter jurisdiction [over a removed case], *the case shall be remanded*."  28 U.S.C. § 1447 (c) (emphasis added).

5.      Case law interpreting that provision makes clear that a federal court lacks discretion to refuse remand—*or to dismiss the case*—once the court determines that subject matter jurisdiction of a removed action does not exist.  "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "Indeed, it is well

---

[1]      AstraZeneca's specific contention supporting its misjoinder theory was that "Plaintiffs' Complaint fails to allege any facts supporting joinder of plaintiffs" and that plaintiffs' having "suffered 'injuries, damages, and losses' as a result of ingesting Seroquel® is not adequate to support joinder of plaintiffs."  (*Id.* § 5 at 4.)

[2]      On July 19, 2006, Plaintiff and her co-plaintiffs moved for remand of the case from the federal district court in Boston, Massachusetts to the Massachusetts state court where it was originally filed.  (Pls.' Mot. to Remand, attached as Exhibit 1.)  In AstraZeneca's Opposition to Plaintiffs' Motion to Remand, AstraZeneca again recognized the lack of complete diversity between Plaintiff and AstraZeneca: "If the Court concludes that it lacks jurisdiction over the *nondiverse* Plaintiffs, Wendy Bloome and [B.L.], AstraZeneca respectfully requests that the Court sever and remand those Plaintiffs."  (Defs.' Opp'n to Pls.' Mot. to Remand, attached as Exhibit 2 (emphasis added).)  The case was subsequently transferred to this Court before the Massachusetts federal court ruled on the Motion to Remand, which remains pending.

settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).  "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-1001 (11th Cir. 1982), *quoted in Univ. of S. Ala.*, 168 F.3d at 410. "Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *Id.* (internal quotation marks and citation omitted).

6.      Therefore, "'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting 28 U.S.C. § 1447 (c)).  "This provision is mandatory and may not be disregarded . . . ." *Id.*; *see Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) ("The language of this section is mandatory – once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court."); *Roach v. W.V. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) ("The plain language of § 1447(c) gives 'no discretion to dismiss rather than remand an action' removed from state court over which the court lacks subject-matter jurisdiction." (quoting *Int'l Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)).

7.      Where district courts have dismissed removed cases for lack of subject matter jurisdiction rather than remand them to their originating state courts, the courts of appeal have found error. *Bromwell*, 115 F.3d at 213; *Roach*, 74 F.3d at 49; *accord Univ. of S. Ala.*,

168 F.3d at 411 ("[B]ecause the district court was in fact without subject matter jurisdiction, . . . the court's ruling was in essence an advisory opinion.  In sum, the district court erred in failing to first address its power to act.").

8.     Here, AstraZeneca has freely recognized on multiple occasions the lack of diversity between the parties and concomitant lack of federal jurisdiction, as shown above, including principally in this Motion.  Yet, the Court should not dismiss the case for the aforementioned reasons established by well-settled, mandatory precedent.

WHEREFORE, PREMISES CONSIDERED, the Court should deny AstraZeneca's Motion to Dismiss Plaintiff's case, and should remand this case in due course for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) to the Middlesex County Superior Court in the State of Massachusetts.

DATED:  September 21, 2009                    Respectfully submitted


By:    /s/ K. Camp Bailey
        F. Kenneth Bailey Jr.
        K. Camp Bailey
        Fletcher V. Trammell
        Robert W. Cowan
        **BAILEY PERRIN BAILEY**
        440 Louisiana St., Suite 2100
        Houston, Texas 77002
        (713) 425-7100 Telephone
        (713) 425-7101 Facsimile
        kbailey@bpblaw.com
        cbailey@bpblaw.com
        ftrammell@bpblaw.com
        rcowan@bpblaw.com
        **Counsel for Plaintiff**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of September, 2009, I electronically filed the foregoing: PLAINTIFF'S RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION AND MEMORANDUM OF LAW TO DISMISS CLAIMS OF NON-DIVERSE PLAINTIFFS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record registered with the CM/ECF service.

/s/  Robert W. Cowan
Robert W. Cowan