# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| Edna J. Beland, et al., | ) |
| Plaintiffs, | ) No. 1:06-cv-11100-NMG |
| v. | ) Jury Trial Demanded |
| AstraZeneca LP, et al., | ) |
| Defendants. | ) |

## Plaintiffs' Motion to Remand

Plaintiffs seek remand of this action to state court because there is no federal jurisdiction. As Defendants admit, at least one plaintiff and one defendant are citizens of the State of New Jersey. Defendants attempt to avoid the fundamental jurisdictional principle that diversity jurisdiction requires that no plaintiff share the same citizenship as any defendant by arguing that plaintiffs have been misjoined.

Fraudulent misjoinder has not been recognized within the First Circuit. Many courts that have considered the theory have rejected it for improperly expanding the federal courts' limited subject matter jurisdiction, failing to fit within the jurisdictional framework and unnecessarily confusing jurisdictional case law with vague standards. Even if fraudulent misjoinder were a viable argument, Plaintiffs meet the requirements for joinder under Massachusetts' joinder rule; therefore, joinder is proper and cannot be the basis for finding diversity jurisdiction. Because this Court lacks subject matter jurisdiction in this case, the matter should be remanded without delay to the state court in which it was originally filed.

I.   **Standard for Removal and Remand**

Federal courts are courts of limited jurisdiction. *See* Article III §2, U.S. Constitution. A case originally filed in state court can be removed to federal court if the federal district court could have exercised original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Original jurisdiction exists if there is complete diversity among the parties or if the plaintiff's claim arises under the Constitution, treaties or laws of the United States, *i.e.*, if it presents a federal question. *See* 28 U.S.C. § 1441(b) (removal statute); 28 U.S.C. § 1332 (diversity statute); 28 U.S.C. § 1331 (federal question statute).

The burden of establishing that a case is within the federal court's removal jurisdiction falls upon the defendant removing the action. *See BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997). Further, removal statutes are strictly construed, with all doubts resolved against the removing defendant and in favor of remand. *See Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). "Due regard" must be given to the power reserved to the states under the Constitution to decide controversies in their own courts. *See, e.g., Sheridan v. New Vista, LLC*, 406 F. Supp. 2d 789 (W.D. Mich. 2005).

II.  **There is No Diversity Jurisdiction because the Parties are Not Completely Diverse**

Defendants plead diversity jurisdiction as the only basis for federal jurisdiction in this case. (*See* Notice of Removal at 1.) Yet Defendants admit that at least one plaintiff and one defendant are citizens of New Jersey. (*See id.* at 3.) Accordingly, complete diversity is lacking, and Defendants fail to meet their burden to establish federal jurisdiction. *See* 28 U.S.C. § 1332 (requiring complete diversity to establish diversity jurisdiction).

### III. Misjoinder is not a Valid Substitute for Diversity Jurisdiction

Given the lack of complete diversity, Defendants turn to the doctrine of fraudulent joinder which, upon a showing of adequate proof, permits federal jurisdiction even absent true diversity if a <u>defendant</u> has been fraudulently joined. *See Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 4 (D. Mass. 2001) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98, 42 S. Ct. 35, 66 L. Ed. 144 (1921)). In this case, however, Defendants do not allege that one or more defendant has been fraudulently joined. Instead, they argue that the plaintiffs have been misjoined and contend that <u>plaintiff</u> misjoinder falls within the fraudulent joinder exception to the requirement of complete diversity. (See Notice of Removal at 3 – 5.)

As will be discussed below, the new doctrine of fraudulent misjoinder has not been adopted by the First Circuit and is fraught with difficulties, including vague standards and questionable legislative authority. By refusing to recognize the fraudulent misjoinder doctrine, this Court can avoid the host of difficulties inherent in the theory while maintaining Defendants' right to removal to federal court should they establish misjoined in the state court.

#### A. The Doctrine of Fraudulent Misjoinder has Never been Recognized as a Basis for Diversity Jurisdiction in this Circuit

Defendants base their removal solely on the doctrine of fraudulent misjoinder without any discussion whether the doctrine even exists within the First Circuit. In the Eleventh and Fifth Circuits, which have adopted the doctrine, a defendant may argue that the "egregious" misjoinder of plaintiffs or claims is the equivalent of fraudulent joinder and that the citizenship of a misjoined plaintiff should be ignored when considering the diversity of the parties. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir.

1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000); *In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002) (approving of the *Tapscott* holding without applying it to the facts of the case before the court). This doctrine has never been adopted by the First Circuit and should not be adopted here. *See Bavone v. Eli Lily and Co.*, 2006 WL 1096280 (S.D. Ill. 2006) (declining to adopt the doctrine after noting that the Seventh Circuit had not passed upon its validity).

### B. The Doctrine of Fraudulent Misjoinder Has Proven to be Flawed

In the circuits that have applied the fraudulent misjoinder doctrine, it has proven flawed in many regards.

#### 1. The Misjoinder Standard is Vague

Within the jurisdictions that have entertained the fraudulent misjoinder theory, it remains unclear whether simple misjoinder is sufficient to invoke diversity jurisdiction or, as in the original fraudulent misjoinder case, the misjoinder must be "egregious." (Compare *Tapscott*, 77 F.3d 1353 (using the egregious standard) with *Burns v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 401 (S.D. W. Va. 2004) (requiring only misjoinder).) If egregious is the standard, it is further unclear what situations will rise to that level. *See A. Kraus & Son*, 2006 WL 1582193 at *3 – 4 (discussing multiple cases that have grappled with the definition of "egregious misjoinder"); *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004). Determining whether parties or claims have been properly joined and, if not whether the misjoinder is egregious, involving case-specific decisions regarding the fairest and most economical way to adjudicate particular claims and is left to the district court's discretion. *See, e.g., Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D. Ohio 1974) (in assessing permissive joinder of

parties, "the Court is operating in an area of considerable discretion. The consideration[s] involved are essentially those of fairness.") Yet, when joinder decisions are made using uncertain, discretionary tests, there is much room for disagreement, increasing the likelihood that a finding of jurisdiction will be reversed on appeal, which would waste the parties and district court's time and resources. *See Bavone*, 2006 WL 1096280 at *5.

### 2. Whether State or Federal Law Applies is Uncertain

It also is unclear whether federal or state rules of procedure apply when evaluating whether a party or claim has been misjoined. The court in *Tapscott* applied Federal Rule 20 while most other courts that have reached the issue have ruled that state procedural rules dictate whether a party was permissibly joined prior to removal. *See Osborn*, 341 F. Supp. 2d at 1128; *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378-79 (S.D.N.Y. 2006).

Federal courts have much experience applying state substantive law, but state procedural law has remained untouched and irrelevant to federal practice. Requiring federal courts to master multiple states' joinder rules would be onerous given the ability to resolve joinder issues in state court prior to removal. *See id.* This counsels against permitting a state procedural rule to be used to determine federal jurisdiction.

### 3. There is No Legislative Authority for Using State Procedural Rules to Create Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *See* Article III §2, U.S. Constitution. Neither Congress nor the United States Supreme Court has sanctioned the use of a state procedural rule to create jurisdiction within a federal district court where it would not otherwise exist. The fraudulent misjoinder doctrine created by the Eleventh

Circuit repeatedly has been found by other courts to be an illegitimate expansion of federal diversity jurisdiction. *See Bavone*, 2006 WL 1096280 at *4, *In re Norplant Contraceptive Prods. Liab. Litig.*, 976 F. Supp. 559, 561 (E.D. Tex. 1997); *A. Kraus & Sons v. Benjamin More & Co.*, 2006 WL 1582193 at *5 (E.D. N.Y. 2006). "[F]ederal courts traditionally have held that matters of state civil procedure, including, presumably, joinder of parties and claims, have no bearing on the existence or nonexistence of federal subject matter jurisdiction in a given case." *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006); *Moore v. Mobil Oil Corp.*, 904 F. Supp. 587, 588 (E.D. Tex. 1995) ("This court cannot rewrite the removal statute to grant itself subject matter jurisdiction over this action.").

### 4. The Doctrine Alters the Burden of Proof and Persuasion

It is well-recognized that the removing defendant has the "heavy" burden to establish removal jurisdiction and that all uncertainties of law and inconsistencies of fact are decided in favor or remand. (*See supra* at 2.) Accordingly, given the great deal of uncertainty associated with the fraudulent misjoinder theory and its application, it is advisable to reject this expansion of the fraudulent joinder doctrine in favor of remanding a case with non-diverse parties. *See Osborn*, 341 F. Supp. 2d at 1128.

### 5. Defendants are Not Harmed by Rejecting this New Theory of Jurisdiction

Judges and commentators alike have advocated the resolution of joinder issues in state court prior to removal. *See Osborn*, 341 F. Supp. 2d at 1127 ("[A]n aggrieved defendant could avoid the confusion and complexity created by this standard by seeking relief from the misjoinder in state court and then removing to federal court."). Refusing access to the federal courts to a defendant who bases jurisdiction on an allegation of

plaintiff misjoinder will not impede the defendant's right to removal. *See* 14B Wright, Miller and Cooper, *Federal Practice & Procedure 3d* § 3723 at 658 (stating that the removing party should challenge misjoinder in state court before seeking removal, and noting that "a requirement that misjoinder be addressed in the state court would not impair the ability of an individual to remove an action following the elimination of the improperly joined party" because the thirty-day time limit for removal would not begin to run until then.).

Thus, by refusing to recognize the fraudulent misjoinder doctrine, this Court can avoid the host of difficulties inherent in the theory while maintaining Defendants' right to removal to federal court should they establish misjoined in the state court.

### C. Plaintiffs are Not Misjoined under Massachusetts Procedural Rules

Even if a misjoinder analysis were appropriate in the context of diversity jurisdiction, the Massachusetts Rule of Civil Procedure, Rule 20(a), permits Plaintiffs in this action to join in a single suit. The Massachusetts joinder rule is analogous to the federal rule and provides as follows:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . . ."

Mass. R. Civ. P. 20(a); *cf.* Fed. R. Civ. P. 20(a). Under Massachusetts law, all "logically related" events entitling a person to institute a legal action are regarded as comprising a transaction or occurrence. *See Catalogna v. Copley Pharmaceutical, Inc.*, 1995 WL 510145 at *2 (Mass. Super. 1995).

Defendants argue that Plaintiffs' claims do not arise out of the same transaction or occurrence because they did not receive their prescriptions from the same physician or purchase Defendants' drug from the same pharmacy. (*See* Defendants' Notice of Removal at 3–4) (relying on cases in which this argument was presented). However, the occurrence that links the plaintiffs' claims need not be an action taken by the plaintiffs (*e.g.*, going to the same pharmacy to fill their prescriptions), it can be an action taken by the defendant instead. *See Catalogna*, 1995 WL 510145 at *2–3.

In *Catalogna*, plaintiffs from six states joined in a single suit against a manufacturer of Albuterol inhalers, alleging that they were harmed after using inhalers contaminated with bacteria. The court interpreted Massachusetts' permissive joinder rule to permit the joinder, finding that the defendant's alleged negligence in the manufacture of Albuterol constituted a single transaction or occurrence or series of transactions or occurrences. *See id.* at *3. The court noted that a great deal of discovery would need to be completed and much evidence would be presented at trial on the issue of defendant's manufacturing conduct and found that the interests of justice and judicial economy counseled in favor or permitting joinder of the plaintiffs alleging similar conduct as the basis for their claims. *See id.* The court noted that the federal rules permit bifurcation and separate trials to simplify matters if the number of parties or issues is later determined to cause a case to be too complex or confusing for a jury. *See id.* at *3–4.

Support for this view of a transaction or occurrence can be found within MDL case law as well. *See In re Norplant Contraceptive Products Liab. Litig.*, 168 F.R.D. 579 (E.D. Tex. 1996). The Norplant defendant argued that Rule 20(a) of the Federal Rules of Civil Procedure required that only those plaintiffs whose Norplant devices were inserted

by the same physician or at the same facility be joined in a case. *See id.* at 581. The defendant cited *In re Bone Screw Prods. Liab. Litig.*, M.D.L. 1014, 1995 WL 428683 (1995) for support, which is the same case on which Defendants rely in this action. *See id.*; *see also* Defendants' Notice of Removal at 3–4.

The *Norplant* Court rejected such a limited view of what can constitute a transaction or occurrence and found that the defendant's actions in failing to adequately warn the plaintiffs of the risks and side effects associated with their product did meet the requirement of a common transaction or occurrence. *See Norplant*, 168 F.R.D. at 581. The Court provided the following justification for rejecting the *Bone Screw M.D.L.*'s limited interpretation of a transaction or occurrence:

> [Under the Federal Rules], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties[, and the] joinder of claims, parties and remedies is strongly encouraged [. . . The] purpose of Rule 20 specifically is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

*Id.* at 580-81 (internal quotations and citations omitted).

Both *Norplant* and *Catalogna* support the conclusion that, under Massachusetts' joinder provision, the defendants' actions in marketing Seroquel for off-label, unapproved uses and concealing the risks of the drug – actions common to all of the plaintiffs – meet the requirement of a single or series of transactions or occurrences and permit joinder of the plaintiffs injured by the defendants' product without further requiring that every plaintiff picked up the defendants' product at the same pharmacy address.

There is no claim that various pharmacies failed to properly fill the prescriptions presented; therefore, the location of each plaintiff's pharmacy is inconsequential.

Requiring commonality of that issue would add nothing. Instead, the goals of Rule 20(a) – to expedite the trial process by permitting similar parties and claims to be joined in a single action – are well served by allowing the plaintiffs, all of whom allege similar actions by Defendants, to combine into a single action.

IV. **Aside from the Misjoinder Issue, Removal was Improper because at least One Defendant is a Citizen of Massachusetts**

A corporate defendant is a citizen of the state in which it was incorporated as well as the state in which it maintains its principle place of business. *See* 28 U.S.C. § 1332(c)(1); *Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). The principal place of business is where the general public perceives the defendant to conduct its business. *See Diaz-Rodriguez v. Pep Boys Corp.*, 410 F.3d 56, 61 (1st Cir. 2005) A defendant that is a citizen of the state in which suit has been filed may not remove a case, even if all other parties are diverse. 28 U.S.C. § 1441(b).

Defendants dispute that any defendant is a citizen of Massachusetts as Plaintiffs contend. They allege that the principal place of business of each corporate defendant and every corporate partner of the partnership defendants is outside of Massachusetts. (*See id.* at 2-3.)

In this case, Plaintiffs' pre-suit research indicated that at least one named defendant does, in fact, have its principal operations and/or principal decision-makers within the State of Massachusetts. Defendants deny that any defendant is a citizen of Massachusetts; however, bald denials are insufficient. Defendants are required to establish federal jurisdiction. *See BIW Deceived*, 132 F.3d at 831; *Danca v. Private Health Care Sys., Inc.*, 185 F.3d at 4. Therefore, Defendants denials should be accompanied by evidence in the form of corporate or partnership documents or affidavits.

Without actual evidence of the defendants' principal places of business, Defendants cannot meet their "heavy" burden for removal jurisdiction.

## V. Plaintiffs' Remand Motion Should be Ruled Upon Without Any Delay Due to the Seroquel MDL

Plaintiffs anticipate that this Motion to Remand will be met by a defense motion requesting a stay pending transfer to the Seroquel MDL – Defendants' preferred venue for this litigation. Accordingly, Plaintiffs wish to address briefly the reasons against entering a stay while their motion to remand is pending.

In the context of a case that could potentially be consolidated into an MDL with a plaintiff seeking immediate remand and a defendant requesting a stay pending consolidation, many courts have found that the jurisdictional issue must be decided <u>first</u> and that staying the proceeding pending MDL transfer is ill-advised. *See, e.g., Karofsky v. Abbott Labs.*, 921 F. Supp. 18 (D. Me. 1996); *Villarreal v. Chrysler Corp.*, 1996 WL 116832 (N.D. Cal. 1996); *McGrew v. Schering-Plough Corp.*, 2001 WL 950790 (D. Kan. 2001); *Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co.*, 302 B.R. 620 (N.D. Iowa 2003); *Tortola Rests., L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997); *Kohl v. Am. Home Prods. Corp.*, 78 F. Supp. 2d 885 (W.D. Ark. 1999).

Jurisdiction is a "first and fundamental question" that a court is "bound to ask and answer for itself." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003 (1998). "The requirement that jurisdiction be established as a <u>threshold</u> matter . . . is inflexible and without exception." *Id.* at 94. Without subject matter jurisdiction over the parties and issues involved, a court does not have the power to take any action. *See* 28 U.S.C. § 1447(c); *Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1115 (W.D. Ky. 2000); *see also Stern v. Mutual Life Ins. Co.*, 968 F. Supp 637, 639 (N.D. Ala.

1997) ("If the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay."); *Lloyd v. Cabell Huntington Hosp. Inc.*, 58 F. Supp. 2d 694, 696 (S.D. W. Va. 1999) (holding that a court "cannot . . . stay proceedings in an action over which it lacks jurisdiction."). Additionally, delaying an inquiry into a court's jurisdiction contravenes the directive found in 28 U.S.C. § 1447(c) that "[i]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."

A determination whether federal jurisdiction exists should be made before a case unnecessarily wastes the time and resources of the federal district court to which it was removed or the MDL. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001) ("If . . . the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the [transferor] court . . . should dismiss the case rather than waste the time of another court."). For this reason, Rule 1.5 of the MDL Panel expressly provide that the fact that a motion may be pending before the MDL Panel does not affect a district court's jurisdiction over all pre-trial matters, including a motion to remand. *See* JPML Rule 1.5.[1]

Accordingly, should Defendants pursue a stay of this case pending transfer to the MDL, Plaintiffs request that this Motion to Remand be ruled upon as a preliminary matter before consideration of the stay.

---

[1] The Rule states, "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning the transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." JPML Rule 1.5.

VI.  **Summary and Conclusion**

Removal jurisdiction is not available because there is not complete diversity among the parties. Defendants admit that at least one plaintiff and one defendant is a citizen of the State of New Jersey. Defendants attempt to avoid the fundamental jurisdictional rule that complete diversity is required to argue diversity jurisdiction by arguing that plaintiff misjoinder falls within the fraudulent joinder exception. However, fraudulent misjoinder has <u>not</u> been recognized within the First Circuit, and many courts that have considered the theory have rejected it for improperly expanding the federal courts' limited subject matter jurisdiction, failing to fit within the jurisdictional framework and unnecessarily confusing the jurisdictional case law with vague standards. Even if fraudulent misjoinder were a viable argument, Plaintiffs meet the requirements for joinder under Massachusetts' joinder rule; therefore, joinder is proper and cannot be the basis for finding diversity jurisdiction.

Separately, removal was improper because at least one defendant is a citizen of Massachusetts and, therefore, prevents any properly joined defendant from removing this action based on diversity of citizenship.

Finally, a timely determination of Plaintiffs' Motion to Remand is warranted. Staying any proceeding while a motion to remand is pending is contrary to recognized jurisdictional principals.

Therefore, Plaintiffs Edna J. Beland, Wendy Bloome, as next friend of Baylee Lafferty, a minor, James Cantrell, Armondo L. Duncan, Tina Houck, as next friend of Chad Houck, a minor, Brenda K. Lilly, Miguel A. Menendez, and Debra Carga, individually and on behalf of all statutory beneficiaries as executrix of the estate of Lewis

Yother, deceased, respectfully request that this case be remanded to the state court from which it was removed and that the issuance of this Court's Order granting Plaintiffs' Motion to Remand be entered expeditiously without regard to Defendants MDL consolidation efforts.

Respectfully submitted,

/s/ Matthew F. Pawa
Matthew F. Pawa, Esq.
BBO # 652933
mp@pawalaw.com
Benjamin A. Krass, Esq.
BBO # 659643
bkrass@pawalaw.com
LAW OFFICES OF MATTHEW F. PAWA, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA  02459
Telephone: (617) 641-9550
Facsimile: (617) 641-9551

*Of Counsel*:

Michael W. Perrin, Esq.
mperrin@bpblaw.com
K. Camp Bailey, Esq.
cbailey@bpblaw.com
F. Kenneth Bailey, Jr., Esq.
kbailey@bpblaw.com
BAILEY PERRIN BAILEY LLP
440 Louisiana St., Suite 2100
Houston, TX 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Edna J. Beland, et al., ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 1:06-cv-11100-NMG |
| ) | |
| v. ) | **Jury Trial Demanded** |
| ) | |
| AstraZeneca LP, et al., ) | |
| ) | |
| Defendants. ) | |

### PROPOSED ORDER ON PLAINTIFFS' MOTION TO REMAND

After considering Plaintiffs' Motion to Remand, any responses thereto, all applicable exhibits and authorities, argument of counsel, and the notice of removal, the court FINDS that complete diversity of citizenship is lacking, therefore the alleged basis for exercise of federal jurisdiction is not proper.

The Plaintiffs' Motion to Remand is GRANTED. Accordingly, this case is hereby REMANDED to the Middlesex County Superior Court in which it originated for all further proceedings.

SIGNED on: _____, 2006.

_____
U.S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED:

/s/ Matthew F. Pawa_____
Matthew F. Pawa, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the parties via the Electronic Case Filing system on this, the 19th day of July, 2006.

/s/ Matthew F. Pawa
Matthew F. Pawa, Esq.

## CERTIFICATE OF CONFERENCE

I hereby certify, pursuant to L.R. 7.1(a)(2), that we have conferred and attempted to resolve the matters raised in this motion with opposing counsel prior to filing this motion.

/s/ Matthew F. Pawa
Matthew F. Pawa, Esq.