# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDNA J. BELAND, WENDY BLOOME, AS NEXT FRIEND OF BAYLEE LAFFERTY, A MINOR, JAMES CANTRELL, ARMANDO L. DUNCAN, TINA HOUCK, AS NEXT FRIEND OF CHAD HOUCK, A MINOR, BRENDA K. LILLY, MIGUEL A. MENENDEZ, and DEBRA CARGAL, INDIVIDUALLY AND ON BEHALF OF ALL STATUTORY BENEFICIES AS EXECUTRIX OF THE ESTATE OF LEWIS YOTHER, DECEASED, <br><br> Plaintiffs. <br><br> vs. <br><br> ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, KBI SUB INC., ASTRAZENECA AB, ASTRA USA, INC., ASTRAZENECA R&D BOSTON, ASTRAZENECA R&D WILMINGTON, and ASTRAZENECA PLC, <br><br> Defendants. | Civil Action No. 06-CV-11100-NMG <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA
LP'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

As Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") demonstrated in their Notice of Removal, this Court has jurisdiction over this case because multiple different plaintiffs from different states alleging different injuries have improperly joined their claims in a single action to defeat diversity jurisdiction. (Notice of Removal ¶ 5.)

As discussed in AstraZeneca's concurrently filed Motion to Stay All Proceedings Pending Transfer to Multidistrict Litigation, this case will shortly be transferred to MDL-1769. AstraZeneca requests that this Court stay proceedings, and allow the remand motion to be decided by the MDL court, together with other pending remand motions in Seroquel cases. Should the Court decline to stay the proceedings, AstraZeneca respectfully requests that the Court deny Plaintiffs' motion to remand.

Plaintiffs spend far more time attempting to the convince this Court not to follow the doctrine of procedural misjoinder than they do arguing that they are not misjoined. The reason for this is clear: under any standard of procedural misjoinder, this Court has jurisdiction. Plaintiffs (1) ignore the persuasive misjoinder cases cited in the Notice of Removal; (2) rely on inapposite cases; (3) misstate the applicable law; and (4) mischaracterize AstraZeneca's burden to demonstrate that none of the named Defendants is a citizen of Massachusetts. Application of the apposite cases and the proper standard compel the conclusion that this Court should deny the motion to remand.[1]

## ARGUMENT

### I. Plaintiffs Are Misjoined

Plaintiffs do not allege that they suffered the same injuries, the same damages or the same losses. Nor do they allege that they took Seroquel for the same conditions, or were prescribed Seroquel or otherwise treated by the same doctor. They do not even reside in the same state. The only fact common to the individual plaintiffs is that they all claim unspecified "injuries, damages, and losses" as a result of their alleged use of Seroquel®. Compl. at ¶ 33. This allegation is not sufficient to justify joinder of their claims in a single action. *See In re*

---

[1] If the Court concludes that it lacks jurisdiction over the nondiverse Plaintiffs, Wendy Bloome and Baylee Lafferty, AstraZeneca respectfully requests that the Court sever and remand those Plaintiffs. FED. R. CIV. P. 21 (authorizing courts to sever misjoined parties).

*Rezulin*, 168 F. Supp. 2d at 145-46; *In re Diet Drugs*, 1999 WL 554584 at *2-3; *In re Norplant Contraceptive Prods. Liab. Litig.*, 168 F.R.D. 579 (E.D. Tex. 1996); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 1996 WL 900346 at *1-2 (E.D. Pa. July 11, 1996) ("*Bone Screw II*").

In their motion to remand, Plaintiffs either ignore or mischaracterize the foregoing cases. Remand Mot. at 8-10. The reason is plain: these cases dispose of the motion. Just like the complaints in these cases, this complaint joins unrelated parties from different states who were treated by different healthcare providers; as such, plaintiffs are misjoined.

Plaintiffs should not be permitted to manipulate the procedural rules in order to avoid diversity jurisdiction by improperly joining parties. *See* FED. R. CIV. P. 20(a) (joinder is proper only where plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145 (S.D.N.Y. 2001). Plaintiffs Wendy Bloome and Baylee Lafferty have been improperly joined in this case solely in order to defeat diversity jurisdiction. Like Plaintiffs Bloome and Lafferty, Defendant AstraZeneca LP is a citizen of New Jersey. *See* Compl. at ¶ 3. However, Plaintiffs' Complaint fails to allege any facts supporting joinder of these or any other Plaintiffs, and their misjoinder "wrongfully deprives Defendants of the right of removal." *In re Diet Drugs*, No. Civ.A. 98-20478, 1999 WL 554584, *3 (E.D. Pa. July 16, 1999).

II.  **Plaintiffs' Arguments in Favor of Joinder Are Inapposite**

Curiously, rather than address the cases cited in Defendants' Notice of Removal which address the precise issue presented by their complaint, Plaintiffs base their argument entirely on two cases, *Catalogna v. Copley Pharmaceutical, Inc.* (Civ.A. No. 94-6662, 1995 WL 50145 (Mass. Super. Ct. Aug. 11, 1995)) and *In re Norplant Contraceptive Prods. Liab. Litig.*

3

168 F.R.D. 579. Both of these cases actually undermine Plaintiffs' position and demonstrate that Plaintiffs' joinder is improper.

Plaintiffs' reliance on *Catalogna* is misplaced because the claims alleged by Plaintiffs are factually distinct and far more complex than the simple manufacturing defect claim alleged in *Catalogna*. Plaintiffs' claims are in fact more analogous to the cases cited in *Catalogna* that properly denied the joinder of plaintiffs.

Plaintiffs in *Catalogna* alleged that a manufacturer's negligence in the production of asthma inhalers led to bacterial contamination of the devices. *Id.* at *1. Because all of the allegations related to the specific manufacturing processes employed by defendant and the same contamination incident, the court held that Plaintiffs were properly joined. The allegations in that case, however, are a far cry from the myriad allegations Plaintiffs bring against Defendants. In fact, Plaintiffs' case is far more similar to a case the *Catalogna* court *distinguished* in concluding that the plaintiffs were not misjoined, which involved allegedly defective automobiles. *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir.1983). In that case, joinder was properly denied where "the cars were purchased at different times, were driven differently, and had different service histories," and where "there was no proof of reliance on common misrepresentations." *Catalogna*, 1995 WL 510145 (citing *Saval*, 710 F.2d at 1031).

Like the *Saval* plaintiffs, Plaintiffs allege various misrepresentations made to different parties. Compl. at ¶¶ 50-57. Indeed, Plaintiffs allege not just misrepresentations to themselves, but also to their various physicians. *Id.* Further, as in *Saval*, Plaintiffs' factual histories vary widely: They received their medications from different physicians in different states, were likely given different dosages, have different preexisting conditions and genetic tendencies, and were treated for different lengths of time. This is a completely different situation

4

than *Catalogna*, where each plaintiff simply claimed to have used identical inhalers that were contaminated by identical processes. Indeed, it far more analogous to *Saval*, where joinder was denied.

Further, *Catalogna* approvingly cites cases in which the joinder of plaintiffs was found to be improper. *Catalogna* relies on *Abdullah v. Acands, Inc.*, in which the First Circuit found that joinder of plaintiffs violated Federal Rule of Civil Procedure 20. 30 F.3d 264, 269 n.5 (1st Cir. 1994). *Catalogna* was clearly decided on the very narrow grounds presented by plaintiffs' specific manufacturing defect claim and in no way stands for the proposition that plaintiffs who file cases in Massachusetts need not follow the rules of joinder.

Moreover, *Catalogna* was decided *before* any of the key cases exploring the doctrine of misjoinder were decided. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996); *In re Benjamin Moore & Co.*, 318 F.3d 626 (5th Cir. 2002); *In re Rezulin*, 168 F. Supp. 2d 136; *In re Diet Drugs*, 1999 WL 554584. However, because that court endeavored to follow the existing jurisprudence on permissive joinder—relying not only on a case from the First Circuit but also on a case from another federal circuit—there is every indication that the same court would recognize the doctrine of procedure misjoinder as it currently exists.

Furthermore, Plaintiffs baldly misstate the holding of the other case upon which they rely, *In re Norplant Contraceptive Products Liab. Litig.* 168 F.R.D. 579. Plaintiffs fail to mention that the court in that case explicitly held that joined plaintiffs who used the same pharmaceutical product "must have had their implantation of Norplant performed *in the same state*." *Id.* at 582 (emphasis added). *In re Norplant* supports Defendants' position, not Plaintiffs': Defendants argue that plaintiffs may not misjoin plaintiffs from other states in order to defeat diversity jurisdiction.

### III. Plaintiffs Misstate the Law Regarding Misjoinder

#### A. The Doctrine of Misjoinder not Prohibited in the First Circuit

Plaintiffs mistakenly argue that they are not misjoined because the First Circuit has not addressed the misjoinder doctrine. However, Plaintiffs ignore *Abdullah*, the First Circuit case discussed in *Catalogna*, in which the Court concluded that unrelated plaintiffs had improperly joined their claims against asbestos manufacturers. 30 F.3d 264.

Plaintiffs further contend that this Court should ignore the fact that Plaintiffs are misjoined because the First Circuit has not yet explicitly addressed the issue of misjoinder in the context of a motion to remand as the Eleventh and Fifth Circuits have. *See Tapscott* 77 F.3d 1353; *In re Benjamin Moore*, 318 F.3d 626. But the First Circuit has not only held that misjoinder of plaintiffs is improper (*Abdullah*, 30 F.3d 264), it has held that the fraudulent joinder of non-diverse parties cannot destroy diversity jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Similar to the doctrine of fraudulent joinder, the doctrine of misjoinder "recognizes that although plaintiffs are normally free to choose their own forum, a party may not be joined solely for the purpose of defeating diversity jurisdiction." *Diet Drugs*, 1999 WL 554584 at *2 (internal citations omitted). Defendants are aware of no legal basis for ignoring prevailing law based on factual dissimilarities between cases.

Moreover, although neither the First Circuit nor this Court has explicitly addressed the doctrine, other district courts in the First Circuit have cited and relied upon *Tapscott*. *See, e.g., Miara v. First Allmerica Fin. Life Ins. Co.*, 379 F. Supp. 2d 20, 25 (D. Mass. 2005); *Montanez v. Solstar Corp.*, 46 F. Supp. 2d 101, 103 (D.P.R. 1999). Indeed, the district courts of the Second, Third, Fourth, Sixth, Seventh, Eighth, and Ninth Circuits have applied the doctrine regularly despite the fact that those circuit courts have not yet ruled on the issue. *See,*

*e.g., Bowling v. Kerry*, 406 F. Supp. 2d 1057, 1061 (E.D. Mo. 2005); *Asher v. Minn. Mining & Mfg. Co.*, No Civ.A. 04CV522KKC, 2005 WL 1593941 at *7 (E.D. Ky. June 30, 2005); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004); *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D.W. Va. 2004); *Lyons v. Lutheran Hosp. of Ind.*, No. 104CV0728DFHVSS, 2004 WL 2272203 at *4 (S.D. Ind. Sept. 15, 2004); *Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 148; *Diet Drugs*, 1999 WL 554584 at *2. The fact that the First Circuit has not yet formally adopted the doctrine does not prevent this Court from concluding that Plaintiffs have been misjoined.

### B. This Court Has the Authority to Rule on Misjoinder

Plaintiffs' argument that this Court lacks the authority to conclude that Plaintiffs are misjoined lacks merit. The circuit courts that have decided the issue have determined that federal courts have jurisdiction to rule on misjoinder. *Benjamin Moore*, 318 F.3d at 630 (rejecting the plaintiffs' argument about a lack of jurisdiction but finding the defendants' claim moot); *Tapscott*, 77 F.3d at 1359-60. Indeed, district courts frequently rule on this very issue. *See, e.g., Bowling*, 406 F. Supp. 2d at 1061; *Greene*, 344 F. Supp. 2d at 684-85; *Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 148; *Diet Drugs*, 1999 WL 554584 at *2. Although federal courts have limited jurisdiction, a court can exercise jurisdiction over an action where jurisdiction is "lacking on the face of the complaint" to assess "whether there is even arguably a reasonable basis for predicting that the state court would find that the claims were properly joined." *Asher*, 2005 WL 1593941 at *7. The federal joinder rules explicitly grant federal courts discretion to dismiss misjoined parties "on such terms as are just." *Koch v. PLM Int'l, Inc.*, No. Civ.A. 97-0177-BH-C, 1997 WL 907917, *4 (S.D. Ala. Sept. 24, 1997).

C. **The Standard for Misjoinder Is Clear**

Contrary to Plaintiffs' assertions, the standard for misjoinder is far from unclear or unmanageable. Indeed, as Plaintiffs explain, "The considerations involved are essentially those of fairness." Remand Motion at 4-5, *quoting Kuechle v. Bishop*, 64 F.R.D 179, 180 (N.D. Ohio 1974) (*citing Eastern Fireproofing Co., Inc. v. United States Gypsum Co.*, 160 F. Supp. 580 (D. Mass. 1958). Further, as Plaintiffs themselves admit, the standard for misjoinder of plaintiffs is similar to the standard for fraudulent of defendants. Remand Mot. at 4-5 (*quoting Kuechle*, 64 F.R.D. at 180, which addressed fraudulent joinder of defendants); *see also Diet Drugs*, 1999 WL 554584 at *2-*3 (analogizing the doctrine of misjoinder of plaintiffs to the fraudulent joinder doctrine); *Asher*, 2005 WL 1593941 at *7 (same). The First Circuit has expressly recognized the doctrine of fraudulent joinder of defendants. *See Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983).

Courts look to the face of the complaint to determine whether plaintiffs are misjoined. *Diet Drugs*, 1999 WL 554584 at *3. The face of the complaint should clearly indicate a "logical basis for the proposed joinder" of the relevant plaintiffs. *Diet Drugs*, 1999 WL 554584 at *3. For example, in *In re Diet Drugs*, the court found misjoinder because the plaintiffs failed to allege, among other things, that they received the drugs from the same source and that they obtained the drugs from a source within one state. *Id*; *see also In re Norplant*, 168 F.R.D. 579 (finding that joined plaintiffs must have received their pharmaceutical product in the same state). Courts consider whether there is a "'palpable connection' between the claims and the parties joined" or if "the connection between the joined claims and parties is so tenuous so as to justify disregarding the citizenship of the joined parties upon removal." *Bright III v. No Cuts, Inc.*, No. Civ. A. 03-640, 2003 WL 22434232 at *5 (E.D. La. Oct. 27, 2003).

Finally, unlike Plaintiffs, Defendants are confident that this Court can make "case-specific decisions regarding the fairest and most economical way to adjudicate particular claims" without being "reversed on appeal." *See* Remand Mot. at 4-5.[2]

### D. Massachusetts and Federal Joinder Rules Are Identical

Plaintiffs' argument that it is unclear whether state or federal rules of procedure apply to misjoinder and that therefore this Court should refrain from adjudicating the issue is meritless as well. Some courts have applied the doctrine of misjoinder without deciding whether federal or state rules apply because the state and federal rules regarding misjoinder are similar. *See, e.g., Asher*, 2005 WL 1593941 at *7 n.3. In fact, the Massachusetts joinder rule is identical to its federal counterpart. *See* MASS. R. CIV. P. 20(a); FED. R. CIV. P. 20(a). To wit, the court in *Catalogna*, the case on which Plaintiffs heavily rely, notes that it is proper for a Massachusetts state court to "turn to the analysis of the analogous Federal Rule of Civil Procedure 20(a) for guidance." 1995 WL 510145 at *2. Therefore, regardless of which rule the Court applies, it should arrive at the same conclusion: the Plaintiffs are misjoined.

### III. No Defendant Is a Citizen of Massachusetts

Plaintiffs' faulty research into Defendants' citizenship is irrelevant to the question of whether any named defendant is a citizen of Massachusetts. Remand Mot. at 10. In response to Defendants' Notice of Removal, Plaintiffs argue that Defendants' denial of Massachusetts citizenship is insufficient. Remand Mot. at 10-11. Notably, Plaintiffs do not attempt to

---

[2] Further, plaintiffs' argument that the misjoinder doctrine is unclear because it "alters the burden of proof and persuasion" misstates the relevant case law. Courts applying the doctrine of misjoinder have not altered the burdens of proof and persuasion. See *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Tapscott*, 77 F.3d at 1356; *Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1225 (N.D. Ga. 2005). Courts have held that the removing party bears the burden of establishing federal jurisdiction. *See id.* Therefore, this Court may determine whether Plaintiffs are misjoined without looking beyond the traditional burdens.

controvert any of Defendants' assertions and instead challenge the sufficiency of Defendants' averment.

Defendants' descriptions of their citizenship and legal status in the Notice of Removal were sufficient. *See* 28 U.S.C. § 1446(a) (2005) (requiring a "short and plain statement of the grounds for removal"). The Court can dispose of a jurisdictional sufficiency challenge by "'merely [] look[ing] [to] see if [the movant] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) (citation omitted), *cited with approval in Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). Prior to rejecting a movant's jurisdictional allegations, there must be an actual factual controversy. *See Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000). If the Court deems Defendants' Notice of Removal insufficient or that a factual controversy exists, it should allow for supplemental evidence. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

Defendants submit the affidavit of Ann V. Booth-Barbarin to further aid in this determination. (Exhibit A.) Ms. Barbarin's affidavit establishes that there no defendant is a citizen of Massachusetts. *See, e.g., Valedon Martinez v. Hosp. Presbiteriano de la Comunidad, Inc.*, 806 F.2d 1128, 1131, 1136 (1st Cir. 1986) (holding that supplemental affidavits provide a sufficient basis for a finding of diversity of citizenship); *Canedy*, 126 F.3d at 103. Indeed, any uncontested allegations can sufficiently establish diversity. *See Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 626 (7th Cir. 1998) (allowing the use of an unsworn letter as a basis for finding diversity).[3]

---

[3] Should this Court determine that the citizenship of any Defendant has been insufficiently demonstrated, the Court should hold an evidentiary hearing before remanding the case to state court. *See Chico v.*

Further, as explained in the Notice of Removal, no Defendant is a citizen of Massachusetts. (*See* Booth-Barbarin Aff. ¶ 6.) Indeed, the only purported defendant with a Massachusetts address, AstraZeneca R&D Boston, is not a distinct legal entity capable of holding citizenship. (Booth-Barbarin Aff. ¶ 5.) As of January 1, 2001, AstraZeneca R&D Boston became an unincorporated office of AstraZeneca Pharmaceuticals LP. (*Id.*) "'A division of a corporation is not a separate legal entity but is the corporation itself.'" *United States v. President & Fellows of Harvard Coll.*, 323 F. Supp. 2d 151, 165 (D. Mass. 2004) (quoting *In re Sugar Indus. Antitrust Litig.*, 579 F.2d 13, 18 (3d Cir. 1978)). An unincorporated division of a corporation is deemed to have the citizenship "of the corporation of which it is a part." *Brunswick Corp. v. Jones*, 784 F.2d 271, 275 n.3 (7th Cir. 1986); *see also Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 284 (6th Cir. 1990); *Breitman v. May Co.*, 37 F.3d 562, 564 (9th Cir. 1994); *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1358 n.2 (10th Cir. 1990).

## CONCLUSION

Plaintiffs ignore or misstate the relevant case law, invent nonexistent difficulties with the doctrine, and make groundless assertions of Defendants' citizenship. The fact that unrelated plaintiffs from different states and with different healthcare providers have improperly joined together should not defeat diversity jurisdiction.

Defendant respectfully requests, pursuant to its concurrently filed Motion to Stay All Proceedings Pending Transfer to Multidistrict Litigation that this Court refrain from deciding the issue of remand. However, should the Court decline to stay the proceedings, AstraZeneca

---

*Puerto Rico Elec. Power Auth.*, 312 F. Supp. 2d 153, 156 (D.P.R. 2004). "Where subject matter jurisdiction is attacked 'the district court must give the [movant] an opportunity for discovery and for a hearing . . . .'" *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 52 (1st Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981)).

respectfully requests that, for the foregoing reasons and the reasons set forth in Defendants' Notice of Removal, Plaintiffs' remand motion be denied.

August 2, 2006

Respectfully submitted,

ASTRAZENECA LP and
ASTRAZENECA PHARMACEUTICALS LP

BY: /s/Kristen Shea McLean
    Harvey J. Wolkoff (BBO#532880)
    Kristen Shea McLean (BBO#648238)
    Ropes & Gray LLP
    One International Place
    Boston, MA 02110
    (617) 951-7000 Telephone
    (617) 951-7050 Facsimile

Of Counsel:

Michael W. Davis
Tamar B. Kelber
Nathan A. Huey
Deborah K. Pugh
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:   (312) 853-7000
Facsimile:   (312) 853-7036
E-Mail:       mdavis@sidley.com
              tkelber@sidley.com
              nhuey@sidley.com
              dpugh@sidley.com

Attorneys for AstraZeneca LP and
AstraZeneca Pharmaceuticals LP

Case 6:06-md-01769-ACC-DAB   Document 1519-3   Filed 09/21/09   Page 14 of 17 PageID 128595
AUG-02-2006 WED 01:24 PM GENE HULL        FAX NO. 65403                           P. 02
Case 1:06-cv-11100-NMG   Document 12-2   Filed 08/02/2006   Page 1 of 4

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDNA J. BELAND, WENDY BLOOME, AS NEXT FRIEND OF BAYLEE LAFFERTY, A MINOR, JAMES CANTRELL, ARMANDO L. DUNCAN, TINA HOUCK, AS NEXT FRIEND OF CHAD HOUCK, A MINOR, BRENDA K. LILLY, MIGUEL A. MENENDEZ, and DEBRA CARGAL, INDIVIDUALLY AND ON BEHALF OF ALL STATUTORY BENEFICIES AS EXECUTRIX OF THE ESTATE OF LEWIS YOTHER, DECEASED, <br><br> Plaintiffs. <br><br> vs. <br><br> ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, KBI SUB INC., ASTRAZENECA AB, ASTRA USA, INC., ASTRAZENECA R&D BOSTON, ASTRAZENECA R&D WILMINGTON, and ASTRAZENECA PLC, <br><br> Defendants. | Civil Action No. 06-CV-11100-NMG <br><br><br> JURY TRIAL DEMANDED |

### AFFIDAVIT OF ANN V. BOOTH-BARBARIN IN SUPPORT OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Ann V. Booth-Barbarin, being first duly sworn, deposes and states:

1. I am over the age of 21, under no disability, and am competent to testify to the matters contained in this Affidavit. I make this Affidavit in support of the Brief of AstraZeneca Pharmaceuticals LP and AstraZeneca LP to Remove based on diversity jurisdiction. This Affidavit is based upon personal knowledge following my review of

Case 6:06-md-01769-ACC-DAB   Document 1519-3   Filed 09/21/09   Page 15 of 17 PageID 128596
AUG-02-2006 WED 01:24 PM GENE HULL          FAX NO. 65403                P. 03
Case 1:06-cv-11100-NMG   Document 12-2   Filed 08/02/2006   Page 2 of 4

records, reports and other data compilations made and kept in the ordinary course of business of AstraZeneca Pharmaceuticals LP and AstraZeneca LP, by persons with knowledge at AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

2. I am Assistant Secretary of AstraZeneca Pharmaceuticals LP and AstraZeneca LP.

3. For the purposes of determining diversity jurisdiction, the citizenship of the parties named in the complaint is as follows:

   a. AstraZeneca Pharmaceuticals LP is a citizen of Delaware, New York, and Sweden.

   b. AstraZeneca LP is a citizen of Delaware, New York, New Jersey, and Sweden.

   c. KBI Sub, Inc. is a citizen of Delaware and New Jersey.

   d. AstraZeneca AB is a citizen of Sweden.

   e. Astra USA, Inc. is a citizen of New York and Delaware.

   f. AstraZeneca PLC is a citizen of the United Kingdom.

4. AstraZeneca R&D Wilmington is not and never has been an independent legal entity.

5. AstraZeneca R&D Boston is not an independent legal entity; it has been an unincorporated office of AstraZeneca Pharmaceuticals LP since January 1, 2001.

6. None of entities listed herein is a citizen of Massachusetts.

FURTHER AFFIANT SAYETH NOT.

_____
Ann V. Booth-Barbarin
Assistant Secretary

3

Subscribed and sworn to before me this 2nd day of August 2006.

_Carolyn H. Micolucci_
Notary Public of New Castle County, Delaware

My commission expires:

```
CAROLYN H. MICOLUCCI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 10, 2010
```

4

CHI 3573121v.1