**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO: |
| This document relates to: *Wendy Bloome, a/n/f B.L, a minor v. AstraZeneca LP, et al.*, No. 6:07-cv-12090 | 6:06-MDL-1769-ACC-DAB |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A SURREPLY IN SUPPORT OF HER RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION AND MEMORANDUM OF LAW TO DISMISS CLAIMS OF <u>NON-DIVERSE PLAINTIFFS</u>**

Pursuant to M.D. Fla. Local Rule 3.01(d), Plaintiff hereby moves for leave to file a surreply, not to exceed 3 pages, in support of her Response in Opposition to the Motion and Memorandum of Law to Dismiss Claims of Non-Diverse Plaintiffs ("Motion") filed by Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca"). The Court should permit Plaintiff to file a surreply because AstraZeneca raises new arguments and cites new authority in its Reply in support of its Motion. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed.Appx. 777, 788 (11th Cir. 2008) (a district court may permit the filing of a surreply "when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D.Ga.2005))); *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) (granting motion for leave to file a surreply because opposing party presented new arguments in her reply).

1

In its Motion, AstraZeneca argued only that dismissal is proper because complete diversity does not exist in fifteen cases, including Plaintiff's case. (MDL Doc. 1519 at 3.) In its reply, however, AstraZeneca makes dramatically different arguments that (1) this Court can and should dismiss Plaintiff's case because she was a misjoined plaintiff, and (2) dismissal is further warranted because Plaintiff could have reiterated her request for remand or re-filed her case in a state court after this Court severed her case in 2007. As Plaintiff would explain more fully in her surreply, AstraZeneca's new arguments are unavailing. First, unlike in the new cases AstraZeneca cites in its Reply, the Court found that Plaintiff's case was misjoined as opposed to fraudulently joined in order to defeat diversity jurisdiction, distinguishing *In re Diet Drugs*, No. Civ. A. 98-20478, 1203, 1999 WL 554584, at \*4 (E.D. Pa. July 16, 1999) and AstraZeneca's other newly cited authority. (*See* Doc. 113 at 2-6; Doc. 129 at 1-2.) Second, Plaintiff would counter AstraZeneca's suggestion that she had somehow waived (or *could* waive) her challenge to the Court's subject matter jurisdiction in this case—which was properly filed in Massachusetts state court in the first instance. *See Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-1001 (11th Cir. 1982) ("The jurisdiction of a court over the subject matter of a claim . . . cannot be waived or otherwise conferred upon the court by the parties.").

DATED: October 16, 2009                    Respectfully submitted

                                           By:    /s/ K. Camp Bailey
                                                  F. Kenneth Bailey Jr.
                                                  K. Camp Bailey
                                                  Fletcher V. Trammell
                                                  Robert W. Cowan
                                                  **BAILEY PERRIN BAILEY**
                                                  440 Louisiana St., Suite 2100

                                        Houston, Texas 77002
                                        (713) 425-7100 Telephone
                                        (713) 425-7101 Facsimile
                                        kbailey@bpblaw.com
                                        cbailey@bpblaw.com
                                        ftrammell@bpblaw.com
                                        rcowan@bpblaw.com
                                        **Counsel for Plaintiff**

## CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 3.01(g)

I HEREBY CERTIFY that on this 16th day of October, 2009, I conferred with counsel for AstraZeneca regarding the subject matter of this Motion. Counsel for AstraZeneca stated that AstraZeneca was unopposed to Plaintiff's Motion.

                                        /s/ Robert W. Cowan
                                        Robert W. Cowan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2009, I electronically filed the forgoing: PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF HER RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION AND MEMORANDUM OF LAW TO DISMISS CLAIMS OF NON-DIVERSE PLAINTIFFS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record registered with the CM/ECF service.

                                        /s/ Robert W. Cowan
                                        Robert W. Cowan