# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation

Case No.  6:06-md-1769-Orl-22DAB

This document relates to:

WENDY BLOOME, as next friend of B.L., a minor, v. ASTRAZENECA LP, ET AL.
MDL Case No. 6:07-cv-12090-Orl-22DAB

ANGELICA BOHORQUEZ v. ASTRAZENECA PHARMACEUTICALS LP and
ASTRAZENECA LP
MDL Case No. 6:07-cv-16746-Orl-22DAB

FRAN COLOMBUS v. ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA
LP
MDL Case No. 6:08-cv-637-Orl-22DAB

JIM COPPOLA v. ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA LP
MDL Case No. 6:06-cv-1299-Orl-22DAB

VINCENT CORNACCHIA v. ASTRAZENECA PHARMACEUTICALS LP and
ASTRAZENECA LP
MDL Case No. 6:08-cv-812-Orl-22DAB

MARY COSBY v. ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA LP
MDL Case No. 6:07-cv-16762-Orl-22DAB

THOMAS FROMOSKY, JR. v. ASTRAZENECA PHARMACEUTICALS LP and
ASTRAZENECA LP
MDL Case No. 6:06-cv-1302-Orl-22DAB

CHRISTOPHER HENDERSON v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.
MDL Case No. 6:09-cv-370-Orl-22DAB

RAYMOND KAUFMAN v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.
MDL Case No. 6:07-cv-398-Orl-22DAB

**DAVID ALLEN LUMADUE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.**
**MDL Case No. 6:07-cv-393-Orl-22DAB**

**MARVA MAXWELL v. ASTRAZENECA PHARMACEUTICALS LP and**
**ASTRAZENECA LP**
**MDL Case No. 6:06-cv-1333-Orl-22DAB**

**HELEN MYLOTT v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.**
**MDL Case No. 6:07-cv-385-Orl-22DAB**

**SCOTT POLIS v. ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA LP**
**MDL Case No. 6:06-cv-1286-Orl-22DAB**

**GEORGE WOLFE v. ASTRAZENECA PHARMACEUTICALS LP, ET AL.**
**MDL Case No. 6:08-cv-624-Orl-22DAB**

**MARK ZULLO v. ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA LP**
**MDL Case No. 6:08-cv-1506-Orl-22DAB**
_____

## ORDER

This cause comes before the Court for consideration of Defendants' Motion to Dismiss Claims of Non-Diverse Plaintiffs (Doc. 1509), to which only Plaintiff Wendy Bloome has responded (Doc. 1519), and Plaintiff Wendy Bloome's Motion for Leave to File a Surreply (Doc. 1538). Defendants urge the Court to dismiss Plaintiffs' actions because they have failed to establish that there is complete diversity of citizenship between the parties.

Under federal law, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Complete diversity is required; "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Furthermore, "a

corporation shall be deemed to be a citizen of any State by which it has been incorporated . . . ." 28 U.S.C. § 1332(c)(1). Finally, for diversity purposes, the citizenship of a partnership is determined by the citizenship of all of its partners, both general and limited. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).

Plaintiffs Bohorquez, Colombus, Cornacchia, Cosby, Kaufman, Lumadue, Mylott, Wolfe and Zullo allege in their complaints that they are citizens of New York. These plaintiffs have sued, among other entities, AstraZeneca Pharmaceuticals LP. Astra USA, Inc., a partner of AstraZeneca Pharmaceuticals LP, is a New York corporation, and is therefore a citizen of New York. As Astra USA, Inc.'s partner, AstraZeneca Pharmaceuticals LP is considered a citizen of New York for purposes of determining diversity jurisdiction. Therefore, complete diversity does not exist in these cases.

Likewise, Plaintiffs Bloome, Coppola, Fromosky, Henderson, Maxwell, and Polis allege in their complaints that they are citizens of New Jersey. These plaintiffs have sued, among other entities, AstraZeneca LP. KBI Sub, Inc., a limited partner of AstraZeneca LP, has its principle place of business in New Jersey, and is therefore a citizen of New Jersey. As KBI Sub, Inc.'s partner, AstraZeneca LP is considered a citizen of New Jersey for purposes of determining diversity jurisdiction. Therefore, complete diversity does not exist in these cases.

In sum, complete diversity does not exist in any of the above-captioned cases. In the absence of allegations or evidence suggesting that this Court alternatively has federal question jurisdiction over these actions, the Court is left to dismiss or, if appropriate, remand,[1] them for lack of subject

---

[1] Under federal law, a case that has been removed from state court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28

matter jurisdiction.

Accordingly, it is **ORDERED** as follows:

1.      Plaintiff Wendy Bloome's Motion For Leave to File a Surreply (Doc. 1538) is **DENIED**.

2.      Defendants' Motion to Dismiss Claims of Non-Diverse Plaintiffs (Doc. 1509) is **GRANTED** in part, **DENIED** in part and **MOOT** in part.

3.      The motion is granted as to the following Plaintiffs' cases: Angelica Bohorquez (No. 6:07-cv-16746-Orl-2DAB), Fran Colombus (No. 6:08-cv-637-Orl-22DAB), Vincent Cornacchia (No. 6:08-cv-812-Orl-22DAB), Mary Cosby (No. 6:07-cv-16762-Orl-22DAB), Christopher Henderson (No. 6:09-cv-370-Orl-22DAB), Raymond Kaufman (No. 6:07-cv-398-Orl-22DAB), David Lumadue (No. 6:07-cv-393-Orl-22DAB), Helen Mylott (No. 6:07-cv-385-Orl-22DAB), and Mark Zullo (No. 6:08-cv-1506-Orl-22DAB).  These cases are, accordingly, **DISMISSED**.  The Clerk is directed to **CLOSE** these cases.

4.      The motion is denied as to Plaintiff Wendy Bloome's case (No. 6:07-cv-12090-Orl-22DAB), which was removed from state court on June 22, 2006.  This case is hereby **REMANDED** to the Massachusetts Superior Court, Department of the Trial Court, Middlesex County (Case No. 06-1541).  The Clerk shall take all necessary steps to effectuate this remand including forwarding a copy of this Order to that court.  The Clerk is additionally directed to **CLOSE** this case.

5.      Finally, the motion is moot as to the following Plaintiffs' cases, which were previously dismissed by stipulation of the parties: Jim Coppola (No. 6:06-cv-1299-Orl-22DAB), Thomas

U.S.C. § 1447(c).  This is true "notwithstanding the presence of other motions pending before the court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Fromosky, Jr. (No. 6:06-cv-1302-Orl-2DAB), Marva Maxwell (No. 6:06-cv-1333-Orl-22DAB), Scott

Polis (No. 6:06-cv-1286-Orl-22DAB), and George Wolfe (No. 6:08-cv-624-Orl-22DAB).

      6.      The Clerk is directed to file a copy of this Order in each of the above-captioned cases.

      **DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 26, 2009.

Copies furnished to:

Counsel of Record
Clerk of Courts, Massachusetts Superior Court,
Middlesex County (Case No. 06-1541)

ANNE C. CONWAY
United States District Judge

-5-