**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL DOCKET NO:<br>6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S
MOTION AND MEMORANDUM OF LAW PROPOSING A PLAN FOR REMAND**

Plaintiffs have carefully reviewed AstraZeneca's Motion and Memorandum of Law Proposing a Plan for Remand (the "Motion" (Doc. 1539)), and have discussed with AstraZeneca the prospects for finding common ground with respect to the parties' remand proposals. After such further consideration and discussion, Plaintiffs are unable to find common ground with AstraZeneca on those issues and do not agree to AstraZeneca's remand plan as proposed.

*First*, AstraZeneca's novel, unsupported, and prejudicial plan to have this court "administratively close" approximately 6,000 Plaintiffs' cases—when MDL cases have already been locked in a holding pattern for almost four years—is contrary to law and abhorrent to any concept of swift justice. Indeed, federal law governing multi-district litigation *demands* that "***[e]ach action*** so transferred" pursuant to 28 U.S.C. § 1407 "***shall be remanded*** . . . ***at or before the conclusion of*** . . . pretrial proceedings . . . ." 28 U.S.C. § 1407(a) (emphasis added); *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (U.S. 1998) (declaring "obligat[ory]" the "remand [of] any pending case to its

1

originating court *when, at the latest, . . . pretrial proceedings have run their course*") (emphasis added); *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1382 (J.P.M.L. 2004) ("[W]henever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be *accomplished with a minimum of delay*.") (emphasis added); *see also In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (recognizing MDL judge's duty to "move [cases] in a diligent fashion toward resolution by motion, settlement, or trial"); *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, No. 1:02CV16000, MDL 1490, 2008 U.S. Dist. LEXIS 90470, at *12-*20 (N.D. Ohio Aug. 5, 2008) (rejecting argument for delay of remand until other cases in the MDL resolved); *cf. In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 578 (S.D. Tex. 2005) (declaring that while defendants' proposed "interminable" delay in resolution of the MDL cases "*might guarantee lifetime employment for defense counsel, it also calls to mind the saying that 'justice delayed is justice denied*.'").[1]

AstraZeneca cites no authority for wholesale "administrative closure" of 98 percent of the pending MDL cases—notwithstanding its earlier objections to this Court's "unprecedented" actions involving remand. (*See, e.g.*, Doc. 1386 at 6.) It is most telling that, after setting forth a plan for remand of 100 cases maximum (Mot. at 3-4), AstraZeneca's Motion never reveals what shall become of the remaining 6000+ cases held interminably 'on

---

[1]   While providing the prospect of lifetime employment for AstraZeneca's attorneys, AstraZeneca's plan is also plainly designed to permit AstraZeneca to prolong resolution of this litigation (*see* discussion *infra* at 3-4) while minimizing its already exorbitant legal expenses related to Seroquel.  Those legal costs now exceed $1 billion dollars in light of AstraZeneca's announcement last week that it had reached a $520 million agreement to settle federal investigations and lawsuits over the marketing and promotion of Seroquel.  *See, e.g.*, Duff Wilson, *AstraZeneca Pays Millions to Settle Seroquel Cases*, N.Y. Times, Oct. 30, 2009, at B2; *see also* Jim Edwards, *AstraZeneca's Seroquel Legal Bill Is $1.1B and Getting Bigger*, at http://industry.bnet.com/pharma/10005054/azs-seroquel-legal-bill-is-11b-and-getting-bigger/.

ice' in the district clerk's office in the Middle District of Florida, nor does it set forth any timetable for the remand of those cases—only stating that "the Court could confer with the parties and determine how to proceed with the remaining cases" (Mot. at 4) *after* the disposition of the first 100 cases, unquestionably many, many years in the future.[2] It is certainly conceivable, however, that many or most Plaintiffs would object to having their cases "administratively closed" and would necessarily seek appropriate relief from this court, the appellate court, and/or the Judicial Panel on Multidistrict Litigation, inundating those forums with a burdensome and perhaps unprecedented level of briefing and motion practice.

***Second***, Plaintiffs take issue with the core premise of AstraZeneca's plan, which presupposes that every case remanded will ultimately be transferred to the district in which each Plaintiff resides. Plaintiffs recognize this Court's intention to recommend to the transferor courts that cases be sent to each Plaintiff's district of residence. However, venue transfer is a discussion for another day and in other forums, as AstraZeneca well knows. *See Lexecon Inc.*, 523 U.S. at 40-41 & n.4. AstraZeneca can no more predict the outcome of the up to 100 motions to transfer venue it would have to file under its plan—in potentially dozens of district courts—than can Plaintiffs. Thus, while offering the sleight-of-hand perception that cases would land in only 4 or 5 districts (Mot. at 3-4), the actual number of districts that may ultimately adjudicate the remanded cases is no more known under AstraZeneca's plan than under Plaintiffs' plan.

***Third***, AstraZeneca's proposal for a "limited" remand renders virtually impotent a powerful influencer of final resolution. Where partial or comprehensive resolution cannot be

---

[2] AstraZeneca's penchant for delay of these proceedings is well documented by Plaintiffs, and should not be ignored by the Court. (*See*, *e.g.*, Doc. 1394 at 1-5.)

3

effectuated within an MDL proceeding, remand is a particularly effective method for determining case values necessary for accurate evaluation of mass tort claims. *See, e.g.*, *In re Bridgestone/Firestone Inc. Tire Prods. Liab. Litig.*, 288 F.3d 1012, 1020 (7th Cir. 2002). A decentralized process "of multiple trials, involving different juries, and different standards of liability, in different jurisdictions," may be the only mechanism for such evaluation. *Id.* "Differences across states may be costly for courts and litigants alike, but they are a fundamental aspect of our federal republic and must not be overridden in a quest to clear the queue in court." *Id.* Accordingly, AstraZeneca's portrayal of Plaintiffs' remand plan as unworkable and burdensome ignores the practicalities and benefits of a decentralized post-remand trial program that any other transferor court could ably facilitate.

========================================

Plaintiffs have presented their detailed remand plan both in their filing of June 1, 2009 (Doc. 1442) and on the record in the hearing on April 22, 2009 (Doc. 1404 at 41-74), both of which Plaintiffs incorporate herein by reference as if repeated in full. Plaintiffs will not repeat those points here.[3] Additionally, Plaintiffs have argued the appropriateness of remand and other related particulars in numerous filings over the course of last spring and summer (Docs. 1387, 1394, 1427, 1429, 1442, 1451, 1454, 1488, and 1537), which Plaintiffs also incorporate herein by reference as if repeated in full. Plaintiffs' counsel will be prepared

---

[3] Plaintiffs proposed a monthly rollout of remanded cases grouped by circuit, with the cases pending in district courts within the circuits of the United States Courts of Appeals for the First and Second Circuits to be the subject of the Court's first suggestion of remand on August 31, 2009. (Doc. 1442 at 2 & n.2.) As that date has passed, Plaintiffs now propose commencing the monthly suggestions of remand set forth in Plaintiffs' schedule on or before December 31, 2009.

to re-present those and other remand-related issues at the hearing set by the Court on November 18, 2009.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that the Court deny AstraZeneca's Motion and Memorandum of Law Proposing a Plan for Remand (Doc. 1539) and instead adopt the plan proposed by Plaintiffs (*see* Docs. 1404 at 41-74 and 1442).

DATED:  November 6, 2009                    Respectfully submitted,

By:   /s/ K. Camp Bailey
F. Kenneth Bailey Jr.
K. Camp Bailey
Fletcher V. Trammell
Robert W. Cowan
**BAILEY PERRIN BAILEY**
440 Louisiana St., Suite 2100
Houston, Texas 77002
(713) 425-7100 Telephone
(713) 425-7101 Facsimile
kbailey@bpblaw.com
cbailey@bpblaw.com
ftrammell@bpblaw.com
rcowan@bpblaw.com
**Co-Lead Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2009, I electronically filed the foregoing: PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION AND MEMORANDUM OF LAW PROPOSING A PLAN FOR REMAND with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/  Robert W. Cowan
Robert W. Cowan