**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation**

Case No. 6:06-md-1769-Orl-22DAB

_____

## ORDER

This cause comes before the Court for consideration of Bloomberg L.P.'s Objection to Order Granting, in Part, Bloomberg's Motion to Unseal Remaining Confidential Documents (Doc. 1502), to which Defendants responded in opposition (Doc. 1507).

On August 10, 2009, the United States Magistrate Judge entered an Order (Doc. 1497) granting in part and denying in part Bloomberg's motion to unseal confidential documents. Bloomberg moved to unseal three categories of documents that had been filed under seal by the parties in this litigation in support of or in opposition to various summary judgment motions or motions to limit or exclude expert testimony. Specifically, Bloomberg sought access to: (1) post-2004 call notes by AstraZeneca sales representatives; (2) data supplied by IMS Health Inc. reflecting the histories of prescribing physicians for use in marketing; and (3) two documents reflecting foreign regulatory actions. The magistrate judge denied Bloomberg's motion as to the foreign regulatory documents, but ordered AstraZeneca to release the IMS Health Inc. data and the call notes after making specified redactions. Bloomberg now appeals the magistrate judge's decision only as to the call notes.[1]

---

[1] Bloomberg simultaneously filed a motion to amend or correct the magistrate judge's order. The magistrate judge denied that motion on November 6, 2009. *See* Doc. 1547.

## I. STANDARD OF REVIEW

A district judge must affirm a magistrate judge's order on a nondispositive matter unless that order is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the "clearly erroneous" standard, "the factual findings of a trial court must be allowed to stand unless the reviewing court is left with the definite and firm impression that a mistake has been made." *Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1534-35 (11th Cir. 1983).

## II. ANALYSIS

As its primary objection, Bloomberg accuses the magistrate judge of mistakenly interpreting, and improperly applying, a prior order entered by a special master in the *Zyprexa* litigation. In this regard, Bloomberg argues that the magistrate judge's ordering of redactions which exceed the scope of those allowed in the *Zyprexa* litigation was not only a mistake but violates the standards for allowing the sealing of judicial records, as set forth in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1310 (11th Cir. 2001) (requiring the district court to balance the party's interest in obtaining access against the other party's interest in keeping information confidential). Bloomberg believes that a proper balance of the parties' interests in this litigation should at least mirror the balance struck by the special master in *Zyprexa*.

In his August 10, 2009 Order, the magistrate judge directed AstraZeneca to release the post-2004 sales call notes as follows:

> 1. Call notes shall be made available with the redaction of all names and addresses of all physicians and members of the physicians' staff, and replaced by numbers to permit later identification in the event that became necessary, along with any additional information capable of identifying a particular physician or staff member;
> 2. The call notes shall also have redaction of the names and addresses of all patients, replaced by numbers to permit later identification in the event that became

> necessary;
> 3. The redaction shall also include all information identifying a particular physician or staff member: (1) descriptions of the personal health of the physicians and family members; (2) observations concerning physicians' personality and habits, and personal interactions with physicians; and (3) notes about various personal activities, career plans and other events in the lives of physicians.

Doc. 1497 at 6. In contrast, only the first two sets of redactions were ordered in the *Zyprexa* litigation; the third set of redactions was considered but ultimately rejected by the special master.[2] In this case, the magistrate judge's divergence from that approach was neither clearly erroneous nor contrary to law. Orders entered in the *Zyprexa* litigation are not controlling authority, and, therefore, the magistrate judge is not bound to follow them. Moreover, the magistrate judge clearly stated that he sought to impose redaction requirements *similar*, not identical, to those imposed by the special master in *Zyprexa*. *See* Doc. 1497 at 6.

Bloomberg's additional argument that the magistrate judge's deviation from the *Zyprexa* order struck an improper balance of interests is equally without merit. The magistrate judge properly noted the relevant interests in this litigation, i.e., the privacy interests of the plaintiffs and non-parties, as well as the public's interest in access to the call notes, and crafted a solution that he believed best balanced these interests. There is no evidence, and even Bloomberg does not suggest, that the public interest in personal identifying information contained within AstraZeneca representatives' sales call notes is so overwhelming as to indicate that the magistrate judge clearly erred in striking the balance

---

[2] Bloomberg's argument that the magistrate judge mistakenly characterized the special master's order as requiring additional redactions related to other identifying information, such as personal activities and career plans, is well-taken; the order indicates that the special master ultimately found such redactions unnecessary. This mischaracterization was harmless, however, because the magistrate judge merely used the *Zyprexa* order as a starting point for his investigation into how best to balance the competing interests in this case.

in favor of protecting the physicians' privacy.

As an alternative argument, Bloomberg suggests that the magistrate judge's redaction criteria allow AstraZeneca "to make unilateral redactions on the basis of vague criteria . . . ." Doc. 1502 at 11. Instead, Bloomberg urges, the parties should be required to designate those portions of the call notes that should be redacted, and the magistrate judge should resolve any differences of opinion that arise. In Bloomberg's view, this is the only way to protect the public's interest in access to judicial records. The Court disagrees. On the contrary, the redaction criteria set forth by the magistrate judge are clear and specific, thus ensuring that AstraZeneca will redact no more than is necessary to protect physician and patient privacy, and rendering further judicial intervention largely, if not entirely, unnecessary.

### III. CONCLUSION

For the reasons stated, the Court finds that the magistrate judge's order was neither clearly erroneous nor contrary to law. Accordingly, it is **ORDERED** as follows:

1. Bloomberg L.P.'s Objection to Order Granting, in Part, Bloomberg's Motion to Unseal Remaining Confidential Documents (Doc. 1502), filed August 24, 2009, is **OVERRULED**.

2. The Magistrate Judge's August 10, 2009 Order (Doc. 1497) granting in part and denying in part Bloomberg L.P.'s Motion to Unseal Remaining Confidential Documents is **AFFIRMED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 16, 2009.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge David A. Baker