**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability**
**Litigation**

Case No. 6:06-md-1769-Orl-22DAB

_____

**AMENDED ORDER**[1]

This cause comes before the Court for consideration of Plaintiffs' Emergency Motion (Doc. 1551), regarding the preservation of the testimony of Dr. Paul Woolf, to which Defendants responded in opposition (Doc. 1555). Preliminarily, the Court stresses that the labeling of a motion as an "Emergency" in the Middle District of Florida is taken very seriously. For that reason, when an emergency motion is filed, a series of distressful procedures are followed. Specifically, the docket clerk must deliver the motion to the assigned judge immediately for her consideration notwithstanding the status of other cases.

Because the label "Emergency" greatly disrupts the Court's standard operating procedures, the local rules provide that if a motion is improperly designated as an emergency, a district court may impose sanctions. *See* Local Rule 3.01(e) ("The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions."). This discourages litigants from filing emergency motions unless the situation presents an urgent need for relief on account of an unforeseen combination of circumstances that threaten the moving party with imminent irreparable injury.

---

[1] This Order amends page 3 of the Court's prior Order of November 17, 2009 (Doc. 1558) to reflect the correct date on which Dr. Woolf is to appear for testimony. The Orders are identical in all other respects.

The motion now before the Court does not exhibit an urgent need for relief on account of unforeseen circumstances threatening imminent irreparable injury. As such, this motion could and should have been filed according to standard procedures.

Although it would ordinarily be appropriate to deny this motion in its entirety on the grounds that it does not present an emergency, in the interests of judicial economy the Court will consider Plaintiffs' basis for the motion. On November 19, 2009, Dr. Woolf is scheduled to testify live before this Court for the purpose of preserving his testimony for use at future Seroquel trials. Plaintiffs now seek instead to preserve Dr. Woolf's testimony by video deposition outside the courtroom and without intervening rulings by this Court. Plaintiffs maintain that doing so would allow the deposition testimony to be used at upcoming state court trials, where the presiding judges could issue their own rulings on the parties' objections pursuant to their respective jurisdictions' substantive law, rules of evidence and rules of civil procedure. This is important, Plaintiffs argue, because the state law in those jurisdictions may differ from the laws and court rules governing this Court.

AstraZeneca counters that Plaintiffs' request comes too late, and, in any event, should be denied because it would unnecessarily alter the Court's established procedures—procedures that were made available to both parties. AstraZeneca further suggests that any dispute about whether the testimony elicited in this Court can be used in state court should be litigated in state court, not here. The Court agrees. The judges presiding over the state court proceedings can assess for themselves whether the testimony preserved in this MDL is appropriate for use in state court.

Based on the foregoing, it is **ORDERED** as follows:

1. Plaintiffs' Emergency Motion Requesting that the Preservation Deposition of Dr. Paul Woolf Be Videotaped on November 19, 2009 for Rulings by Respective Judges for Upcoming Trials and Remand (Doc. 1551) is **DENIED**. Dr. Woolf shall appear live for videotaped testimony before the undersigned on November 19, 2009, as previously scheduled.

2. On or before November 23, 2009, Plaintiffs shall show cause why they should not be sanctioned for unwarranted designation of their motion (Doc. 1551) as an emergency motion.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 18, 2009.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party