UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MDL DOCKET NO:**

IN RE:  Seroquel Products                                   Case No. 6:06-md-1769-Orl-22DAB
        Liability Litigation

_____/

**PLAINTIFFS' LIAISON COUNSEL'S
RESPONSE TO RULE TO SHOW CAUSE ORDER
DATED NOVEMBER 17, 2009 AND AMENDED ORDER
OF NOVEMBER 18, 2009**

The MDL Plaintiffs' Liaison Counsel, Larry M. Roth, hereby submits to the Court his response to the Rule to Show Cause set forth in the Court's Order of November 17, 2009 (Doc. 1558) and Amended Order of November 18, 2009 (Doc. 1559). To respond to the Rule to Show Cause, Liaison Counsel would set forth the following:

    1. In its Rule to Show Cause Order the Court requested a Response as to why sanctions should not be entered because the Court's belief that an inappropriate Emergency Motion was filed regarding the deposition of Dr. Paul Woolf. The Court is hereby respectfully requested not to enter any sanctions on the Emergency Motion based upon the fact that it was filed in good faith, not for any inappropriate purpose, nor for any intent to cause a disruption to the normal judicial processes of this Court.

    2. Plaintiff's Liaison Counsel is personally responding to this Rule to Show Cause Order because the undersigned made the recommendation to outside plaintiffs' counsel to file the pleading as an "Emergency Motion". The facts are as set forth below. Liaison Counsel is taking full responsibility as it was his recommendation to file the Motion, based upon the information he was provided, as being "emergency" in its nature.

3. Thursday, November 12, 2009, while out of the office, Liaison Counsel was contacted by Jonathan Sedgh of Weitz and Luxemberg (hereinafter "W&L") regarding an issue that had come up on Tuesday, November 10, 2009 at a consolidated Mass Tort hearing in the New Jersey State Court. The issue concerned the upcoming deposition that this Court scheduled on November 19 of Dr. Paul Woolf for preservation as a general causation witness, via videotape, by AstraZeneca ("AZ"). Weitz and Luxemberg counsel advised me they were specifically requested by Judge Mayer in New Jersey to ask "Judge Conway" for a procedure by which Dr. Paul Woolf's deposition could be taken by videotape so that it could be preserved and used in the other consolidated Mass Tort cases pending in New Jersey and Delaware so that the doctor's deposition would not have to be taken several times, and all objections and evidentiary matters would be preserved and ruled upon by the respective Courts. Here is a portion of the colloquy which took place in New Jersey before Judge Mayer on November 10th:

> THE COURT: I don't want to profess to make a ruling for Judge Conway, which was one of the suggestions sort of in here. My thought process was to say take the deposition, submit the deposition to both judges, let the federal court rule federally and the New Jersey court rule New Jersey. If Judge Conway doesn't like that suggestion, so be it. She can tell you otherwise. But that's my suggestion is to say particularly with this one witness, would she entertain such a request, which is being made jointly with the Court's suggestion. She can still say no as you've suggested, Mr. Pogust, no, I want it in my courtroom, in which case I lose. That's okay. It really is. But that's my suggestion is that we say listen, given the schedule and that we have a January 19, would she consider doing Dr. Wolf in that way. She doesn't have to. Make that perfectly clear. If she chooses not to, we'll have to revisit this issue because we're going to have the same problem I assume with Dr. Rarick.
>
> MR. POGUST: The problem is that I can't speak for–the people that Mr. Pennock referred to on our side feel very strongly that this is not the kind of application that should be made to Judge Conway given how she has ruled. I think–

| | |
|---|---|
| THE COURT: | But she's still free to say, New Jersey, too bad. That's okay. I'm okay with that. <u>I'm asking you to ask.</u> The worst that anybody can say is no. |
| MR. POGUST: | Well, Mr. Pennock can ask. |
| THE COURT: | <u>No, but it's a collective asking. Hello, the Court is asking Judge Conway too</u>. The worst that can be is she can say no, New Jersey be darned. (Emphasis added.) |

The New Jersey Judge asked both sides to "ask" Judge Conway about the November 19th deposition before that date.

    4.    The issue of urgency was that Dr. Paul Woolf's videotaped deposition in Your Honor's courtroom was going to take place November 19th. Therefore, Plaintiffs were acting upon the request from the New Jersey Judge to "ask" Your Honor to consider as a matter of comity or convenience (a request from a State Court Judge) to devise a procedure by which the videotaped deposition of Dr. Paul Woolf could go forward, but in a manner in which all objections would be preserved so that they could be ruled upon in each respective court: this Court, Delaware and New Jersey. This Court, instead of ruling on objections to testimony and admissibility of exhibits in realtime, the Plaintiffs were going to recommend that the videotape deposition of Dr. Paul Woolf be taken outside of the Courtroom, with all asserted objections preserved and the testimony proceeding as it would in any other situation where witnesses' depositions are taken for trial would normally be conducted, which generally is outside the Courtroom and not in the presence of the Judge. This Court could rule upon objections that would be applicable to the Middle District MDL cases that will be remanded, and then a full Record for the New Jersey and Delaware courts would also be presented so that those Judges, under their particular local rules of Evidence and procedures, could make rulings on any objections, both to forms of questions, and as to evidentiary and

3

testimonial admissibility. AZ counsel was not in favor of any such procedure.

   5.  Because of the closeness in time, nine (9) calendar days before the videotaped deposition of Dr. Paul Woolf would take place, Plaintiffs, as asked by Judge Mayer, wanted to bring this matter before this Court so that perhaps Your Honor would consider an alternative by which to accommodate the other two (2) state courts. The substance of all this information was relayed to the undersigned Liaison Counsel. Initially, a suggestion by W & L was to write a letter to Your Honor. Liaison Counsel said "no" because that did not comply with the Local Rules. Because of the timing issue I felt, in my considered judgment, based upon the information I was provided, that this matter was of an "emergency" nature to bring before the Court. I did not think that the normal motion practice and response time under M.D.L.R. 3.01(a), and under the Orders governing the MDL, that if the Plaintiffs filed a regular Motion either on November 13th or November 14th, with the 11 day response time entitled to AZ, this issue would be otherwise moot by the time of Dr. Woolf's deposition. Additionally, I did not think that bringing up the issue *ore tenus* before the Court at the time of Dr. Paul Woolf's deposition on November 19 would be well received by Your Honor. This was because you were proceeding as if this deposition was taking place in front of a jury, and I presumed your calendaring and timing of such meant that you planned on moving forward as if everyone was ready to proceed on both the direct and cross-examinations of the witness. It was for these reasons last Thursday I recommended the "Emergency" Motion by which to bring this issue before the Court for consideration of a possible alternative method for the taking of Dr. Paul Woolf's deposition that could possibly be used in the three (3) different jurisdictional Mass Tort cases, as a possible accommodation to the state courts. Otherwise, I knew of no other way by which to get the matter before the Court. I understand counsel from W & L did contact the

4

Court's office to advise what the Plaintiffs were going to do. The Emergency Motion was filed with the Court on Friday, November 13, 2009 (Doc. 1551). Because AZ knew this was coming, they were quick to file their opposition papers which were docketed on Monday, November 16, 2009 (Doc. 1555).

6. Based upon what was explained to me by W & L, it was my thought that Your Honor might consider allowing the deposition to be taken in a normal videotape fashion for preservation at trial, with each counsel making their respective objections and tendering of evidence and exhibits. If an objection was made to form, the attorney asking the question could then decide whether or not he or she wanted to rephrase the question, or run the risk of having a form objection sustained later on without the ability to re-ask the question as happens every day in depositions pursuant to the Federal Rules or State Rules which are taken for use at trial. Then, this Court could review both the transcript and the videotape, and the state court Judges would have that same opportunity, in an effort to avoid, at the request of the state court, having to take one or more further depositions of Dr. Paul Woolf when the issues were exactly the same in terms of his testimony. I was told and understood that this particular witness was also going to be offered by AZ through the federal MDL videotape deposition in both the Delaware and New Jersey proceedings.

7. I sincerely apologize to the Court if my recommendation to outside Plaintiffs' counsel to file an Emergency Motion was inappropriate and the incorrect recommendation. Based upon the above, it was my judgment that this Motion would fall within the correct parameters for the limited scope that an "Emergency Motion" can, or should be filed with this Court. I was not unmindful of other Emergency Motions that had been filed with this Court, which I did not think were all that different from the perspective of interpretation as to whether they were truly "emergency" in nature.

The Court is referred, most respectfully, to the following 12 docket numbers where AZ filed 5 Emergency Motions, the Plaintiffs' filed 5 Emergency Motions (excluding the one pertaining to Dr. Woolf), and the parties filed 2 Joint Emergency Motions:

| Motion Title | Filed by | Date | Docket No. |
| --- | --- | --- | --- |
| Plaintiffs' Emergency Motion to Replace Exhibits Previously Filed Via ECF | Plaintiffs | 9/14/07 | 467 |
| AstraZeneca's Emergency Motion to Replace Incorrect Exhibit Previously Filed Via ECF | AZ | 11/8/07 | 649 |
| Plaintiffs' Emergency Motion to Consolidate Cases for Purposes of Appeal or, in the Alternative, for Relief from Judgment or Order Under Federal Rule 60(b) | Plaintiffs | 11/16/07 | 689 |
| AstraZeneca's [Emergency] Motion and Combined Memorandum for a Limited Extension of Time to Search for and Produce Responsive Documents as to Two of the Five Categories of Documents Ordered to Be Produced in the February 21, 2008 Order | AZ | 2/27/08 | 876 |
| Emergency Second Motion to Compel the Deposition of Dr. Michael J. Reinstein | Plaintiffs | 9/10/08 | 1075 |
| AstraZeneca's Emergency Unopposed Motion to Seal its January 23, 2009 Responses to Plaintiffs' Motion in Limine that Contain Plaintiffs' Medical Information | AZ | 1/21/09 | 1221 |
| AstraZeneca's Emergency Unopposed Motion to Seal its Submission in Opposition to Plaintiffs' Notice of Intent to File Emergency Motion for Sanctions for Discovery Abuse | AZ | 1/26/09 | 1237 |

| Motion Title | Filed by | Date | Docket No. |
|---|---|---|---|
| Joint Emergency Motion for Continuance of the February 13, 2009 Hearing | Parties | 2/9/09 | 1264 |
| AstraZeneca's Emergency Motion for Leave to Take Deposition of Plaintiffs' Expert for February 26, 2009 Hearing | AZ | 2/13/09 | 1274 |
| Plaintiffs' Second Emergency Unopposed Motion for Leave to Extent Time | Plaintiffs | 2/27/09 | 1313 |
| Plaintiffs' Emergency Unopposed Motion to Leave to Extend Time | Plaintiffs | 2/27/09 | 1320 |
| Parties' Emergency Joint Motion for Extension of time to File Redacted Motions, Responses and Exhibits | AZ | 3/3/09 | 1329 |

8. I further apologize specifically to Your Honor, your law clerks, your office staff and the Clerk's office for any inconvenience, waste of judicial resources, or any added difficulties to the already difficult administration of justice of proceedings here in the Orlando Division of the Middle District by filing the "Emergency" Motion regarding the deposition of Dr. Paul Woolf (Doc. 1551). It was not the undersigned's intent to cause any stress, or additional work by anyone in the Courthouse that was inappropriate, unnecessary, or to do anything which might result in possible sanctions against me.

9. In terms of a message sent by this Court in your Order for a Rule to Show Cause, it has assuredly been understood, taken to heart, has not been viewed lightly by me, and is not something that this counsel in any way takes for granted in terms of what ruling the Court might make.

RESPECTFULLY SUBMITTED this 23rd day of November, 2009.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of November, 2009, I electronically filed the foregoing **Plaintiffs' Liaison Counsel's Response to Rule to Show Cause Order Dated November 17, 2009 and Amended Order of November 18, 2009,** with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the attached Service List. I further certify that I mailed or e-mailed the foregoing document and the Notice of Electronic Filing by First-Class mail delivery to the non-CM/ECF Participants listed on the attached Service List.

    /s/ Larry M. Roth
**Larry M. Roth**
**Plaintiffs' Liaison Counsel**
**Florida Bar No. 208116**
**LAW OFFICE OF LARRY M. ROTH, P.A.**
**1615 Edgewater Drive, Suite 180 [32804]**
**Post Office Box 547637**
**Orlando, Florida 32854-7637**
**Telephone: 407 - 872-2239**
**Facsimile: 407 - 872-6927**
**E-mail: LROTH@roth-law.com**

**SERVICE LIST**

In Re: Seroquel Products Liability Litigation
MDL Docket No. 1769 - Orl - 22DAB

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>Mpederson@weitzlux.com | Camp Bailey, Esq.<br>Fletcher Trammell, Esq.<br>Michael W. Perrin, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL 32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Benjamin A. Krass, Esq.<br>Law Offices of Matthew F.Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | John Driscoll, Esq.<br>Seth Webb, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797 .<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Kallas, LLC<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>THARVEY@whatleydrake.com<br>ecf@whatleydrake.com |
| Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick, LLP<br>44 Montgomery Street<br>36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>llsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant,*<br>*Marguerite Devon French* |

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>PO Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard, Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>aburrus@aws-law.com<br>asmith@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com<br>jsafe@aws-law.com | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Catherine Solomon<br>(current address unknown)<br>*Pro Se* |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* |

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Thomas Campion, Esq.<br>Steven M. Selna<br>Heidi E. Hilgendorff, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>tcampion@dbr.com<br>steven.selna@dbr.com<br>heidi.hilgendorff@dbr.com<br><br>***Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.*** | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>Post Office Box 22546<br>Jackson, MS 39225-2546<br>(601) 355-2022<br>betsy@law-inc.com |
| Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley, Austin, LLP<br>Bank One Plaza<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>***Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP*** | Joseph C. Langston, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com<br>***Attorney for Defendant AstraZenca, PLC*** | Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>***Attorney for Defendant Dr. Asif Habib*** |

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>***Attorney for Defendants, Astrazeneca Pharmaceuticals, LP and Astrazeneca LP*** | Aaron K. Dickey, Esq.<br>K. Lindsay Rakers, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com |
| Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| David P. Matthews, Esq.<br>Lizy Santiago<br>Matthews & Associates<br>2905 Sackett<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, Virginia 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Howard Nations<br>Lori A. Siler<br>4515 Yoakum Boulevard<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com |

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates, PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058 | Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com |
| Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, Texas 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com | Lizy Santiago, Esq.<br>Abraham, Watkins, Nichols,<br>Sorrels, Matthews & Friend<br>800 Commerce Street<br>Houston, TX 77002-1776<br>(713) 222-7211<br>lsantiago@abrahamwatkins.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>Brennan Joseph Torregrossa<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19103<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net | Linda S. Svitak<br>Russell O. Stewart<br>Krisann Kleibacker Lee<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com |
| James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com | Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |

**SERVICE LIST**

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769 - Orl - 22DAB**

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |
| William N. Riley<br>Jamie R. Kendall<br>Price, Waterhouse & Riley, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>(317)633-8787<br>eamos@price-law.com | Earl Francis Carriveau<br>1012 6th Avenue<br>Lake Charles, LA 70601-4706 |
| Michael T. Gallagher<br>The Gallagher Law Firm<br>2905 Sackett Street<br>Houston, TX 77098<br>(713) 222-8080<br>shawnaf@gld-law.com | Stacy K. Hauer<br>Charles S. Zimmerman<br>651 Nicollet Mall, Suite 501<br>Minneapolis, MN 55402<br>(612) 341-0400<br>(800) 755-0098<br>csz@zimmreed.com |
| Buffy Martines<br>Laminack, Pirtle & Martines<br>440 Louisiana, Suite 1250<br>Houston, TX 77002<br>(713) 292-2750<br>buffm@lpm-triallaw.com | Orran Brown<br>Brown Greer PLC<br>115 South 15th Street, Suite 400<br>Richmond, VA 23219<br>(804) 521-7201<br>obrown@browngreer.com |