**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>*Carol Bradley*, No. 6:07-CV-15931<br>*Stephanie Lash*, No. 6:07-CV-11731<br>*Annie MacKenzie*, No. 6:07-CV-11358<br>*JoEllen Pierson*, No. 6:07-CV-15258<br>*Anita Thomas*, No. 6:07-CV-15419 | MDL DOCKET NO:<br>6:06-MDL-1769-ACC-DAB |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

The above-listed Plaintiffs submit their Response to the Court's December 23, 2009 Order to Show Cause (MDL Doc. 1592). Plaintiffs will respectfully show the Court that it has subject matter jurisdiction over their cases against Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively, "AstraZeneca") based on diversity jurisdiction because complete diversity existed when Plaintiffs' lawsuits were originally filed in the United States District Court for the District of Massachusetts, as explained below:

1. Under federal law, district courts have original subject-matter jurisdiction over civil cases in which (a) the amount in controversy exceeds $75,000.00 and (b) complete diversity of citizenship exists among the parties. 28 U.S.C. § 1332; *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). Complete diversity exists when the parties "on one side of the controversy are citizens of different states from all parties on the other side." *Northbrook Nat's Fire Ins. Co. v. Brewer*, 493 U.S. 6, 18 n.5 (1989).

2. For civil actions initially filed in federal court, diversity jurisdiction is governed by the "time of filing rule," which "measures all challenges to subject-matter

1

jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004); *see also MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Citizenship for diversity purposes is determined at the time the suit is filed."). Thus, events that occur after a lawsuit is filed in federal court do not affect diversity jurisdiction. *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824) (stating that "the jurisdiction of the court depends upon the state of things at the time of the action brought, and . . . after vesting, it cannot be ousted by subsequent events"); *Brough v. Strathmann Supply Co.*, 358 F.2d 374, 376 (3d Cir. 1966) (stating that "[o]nce federal jurisdiction has attached, it is not defeated by a subsequent change in the citizenship of one of the parties" (quoting *Grady v. Irvine*, 254 F.2d 224, 226 (4th Cir. 1958))).

      3.     Relative to AstraZeneca's prior representation that, for purposes of diversity jurisdiction, AstraZeneca Pharmaceuticals LP is a citizen of New York and AstraZeneca LP is a citizen of both New York and New Jersey (MDL Doc. 1509 at 2-3), under the time of filing rule, Plaintiffs are not citizens of New York or New Jersey for purposes of diversity jurisdiction.[1] Plaintiff Bradley was a citizen of Ohio when her lawsuit against AstraZeneca was originally filed on or about October 12, 2006. (Pls.' Original Compl. at 12, 14, MDL Case No. 6:07-cv-15931 (Doc. 2).) Plaintiff Lash was a citizen of North Carolina when her lawsuit against AstraZeneca was originally filed on or about April 26, 2006. (Pls.' Original Compl. at 11, 19, MDL Case No. 6:07-cv-11731 (Doc. 2).) Plaintiff MacKenzie was a citizen of California when her lawsuit was originally filed against AstraZeneca on or about

---

[1] In their original complaints, Plaintiffs allege that the amount in controversy exceeds $75,000, exclusive of interest and costs.

April 25, 2006.[2]  (*See* Pls.' Original Compl. at 11, 12, MDL Case No. 6:07-cv-11358 (Doc. 2).)  Plaintiff Pierson was a citizen of South Carolina when her lawsuit against AstraZeneca was originally filed on or about October 11, 2006 (Pls.' Original Compl. at 12, 28, MDL Case No. 15258 (Doc. 2).)  Plaintiff Thomas was a citizen of North Carolina when her lawsuit was originally filed against AstraZeneca on or about October 11, 2006.[3]  (Pls.' Orig. Compl. at 12, 32, MDL Case No. 6:07-cv-15419 (Doc. 2).)

4. As complete diversity among the parties existed at the time Plaintiffs' lawsuits were originally filed in federal court, the Court has subject matter jurisdiction over their cases.

WHEREFORE, PREMISES CONSIDERED, the Court should not dismiss the above-captioned cases for lack of subject matter jurisdiction.

---

[2] In her amended short form complaint, Plaintiff MacKenzie is named as the proposed administrator of the estate of Rebecca Allison, who died on June 10, 2006.  (Pl.'s Amended Short-Form Compl. at 1, MDL Case No. 6:07-cv-11731 (Doc. 9); Certificate of Death of Rebecca Allison (Exhibit A).)  Rebecca Allison was a citizen of California when her lawsuit against AstraZeneca was originally filed on or about April 25, 2006.  (Pls.' Original Compl. at 11, 12, MDL Case No. 6:07-cv-11358 (Doc. 2).)  For purposes of diversity jurisdiction, Plaintiff MacKenzie is a citizen of California because diversity jurisdiction is determined by the facts on the date the lawsuit was originally filed in federal court and is not affected by subsequent events.  *Grupo Dataflux*, 541 U.S. at 570-71; *Mollan*, 22 U.S. (9 Wheat.) at 539; *see also Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957) ("The rationale, that jurisdiction is tested by the facts as they existed when the action is brought, is applied to a situation where a party dies and a non-diverse representative is substituted.").

[3] The Defendants named in Plaintiffs' original complaints were not citizens of California, Ohio, North Carolina, or South Carolina at time the complaints were filed.

DATED: January 8, 2009                      Respectfully submitted,


                                                      By:     /s/ K. Camp Bailey
                                                                 F. Kenneth Bailey Jr.
                                                                 K. Camp Bailey
                                                                 Fletcher V. Trammell
                                                                 Robert W. Cowan
                                                                **BAILEY PERRIN BAILEY**
                                                                440 Louisiana St., Suite 2100
                                                                Houston, Texas 77002
                                                               (713) 425-7100 Telephone
                                                               (713) 425-7101 Facsimile
                                                               kbailey@bpblaw.com
                                                               cbailey@bpblaw.com
                                                               ftrammell@bpblaw.com
                                                               rcowan@bpblaw.com
                                                               **Counsel for Plaintiffs**


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 8th day of January, 2010, I electronically filed the foregoing: PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.


                                                                   /s/  Robert W. Cowan
                                                                    Robert W. Cowan