# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: Seroquel Products Liability Litigation**

**Case No. 6:06-md-1769-Orl-22DAB**

**This document relates to:**

**VICTORIA AMIRAULT v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-11-Orl-22DAB**

**CHRISTAL ANDERSON v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-12-Orl-22DAB**

**KIM M. CLARK v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-13-Orl-22DAB**

**VICTORIA TURNER v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-14-Orl-22DAB**

**GREGORIO VALADEZ, JR. v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-15-Orl-22DAB**

**CYNTHIA BROOKS v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-16-Orl-22DAB**

**SHIRLEY WACHLIN v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-17-Orl-22DAB**

**MATTHEW Q. DAWSON v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-18-Orl-22DAB**

**CHRISTINA ENGLISH v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-19-Orl-22DAB**

**JESSE HANEY, III v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-20-Orl-22DAB**

**THOMAS HOBSON v. ASTRAZENECA PHARMS. LP, ET AL.**
**MDL Case No. 6:10-cv-21-Orl-22DAB**

**DENNIS W. RICE v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-22-Orl-22DAB

**SUANN M. RICE v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-23-Orl-22DAB

**BURT W. SIMMONS v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-24-Orl-22DAB

**TAMI S. TERRY v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-25-Orl-22DAB

**ROSEMARY JOSEFOWICZ v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-26-Orl-22DAB

**CRYSTAL NICHOLS v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-27-Orl-22DAB

**ERIC L. RECTOR v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-28-Orl-22DAB

**SUSIE H. RHOADES v. ASTRAZENECA PHARMS. LP, ET AL.**
MDL Case No. 6:10-cv-29-Orl-22DAB

## ORDER

This cause comes before the Court for consideration of AstraZeneca's Motion to Return to the Trial Group the 19 Plaintiffs Who Voluntarily Dismissed Their Cases But Then Re-filed in Another Court (Doc. 1601), to which Plaintiffs collectively responded (Doc. 1605). The above-captioned cases were originally filed directly in the Middle District of Florida in June 2009. *See, e.g.*, *Victoria Amirault v. AstraZeneca Pharms. LP, et al.*, No. 6:09-cv-934-Orl-22DAB. At a motion hearing on November 18, 2009, the Court announced the formation of a new trial group consisting of cases involving non-Florida citizens that were either directly filed in the Middle District of Florida or could be tried in the Middle District upon intra-circuit assignment. Having

been filed directly in the Middle District of Florida, the nineteen above-captioned cases were to be part of this new trial group. However, the cases were voluntarily dismissed before the Court entered a written order governing the future progress of the new trial group.[1] In late November 2009, all nineteen of the cases were refiled in the District of Minnesota. By January 5, 2010, the cases had made their way back to this Court as MDL tag-along actions. *See* Conditional Transfer Order (CTO-98), Doc. 1594.          AstraZeneca now asks the Court to return these cases to the Eleventh Circuit Trial Group to remedy what the company views as calculated delay and "a blatant 'end run' around this Court's plan for the prompt resolution of their cases . . . ." Doc. 1601 at 3. Plaintiffs respond that their actions stemmed from both a misunderstanding regarding the consequences of filing their cases directly in the transferee district and a realization that the cases were filed in an improper venue. Plaintiffs further argue that because their cases must now be remanded to the District of Minnesota at the conclusion of pretrial proceedings, they no longer share the same characteristics as the Eleventh Circuit Trial Group and, therefore, should not proceed on the Group's expedited trial preparation schedule.

The Court finds none of Plaintiffs' arguments compelling. Upon review of the master docket in this MDL, the Court can find no basis for Plaintiffs' erroneous belief that they could file their cases directly in the Middle District of Florida without being subject to trial before this Court. Furthermore, Plaintiffs' claim that they voluntarily dismissed their cases because the Middle District of Florida was an improper venue is belied by the fact that the District of Minnesota appears to be

---

[1] AstraZeneca does not dispute that voluntary dismissal was procedurally proper in these cases.

a proper venue in only two of the nineteen cases.[2]  Finally, the fact that these cases must now be returned to Minnesota for trial should have no bearing on Plaintiffs' ability to fully prepare for trial in 2011, as originally intended.

Accordingly, it is **ORDERED** as follows:

1. AstraZeneca's Motion to Return to the Trial Group the 19 Plaintiffs Who Voluntarily Dismissed Their Cases But Then Re-filed in Another Court (Doc. 1601) is **GRANTED**. The above-captioned cases shall proceed as part of the Eleventh Circuit Trial Group, except that no trial will be scheduled in this Court.

2. A case management and scheduling order setting forth specific deadlines and requirements will be entered separately in each of these cases.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 3, 2010.

Copies furnished to:

Counsel of Record

ANNE C. CONWAY
United States District Judge

---

[2] Based on their complaints, only Plaintiffs Brooks and Wachlin are citizens of Minnesota.