UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to All Cases

## ASTRAZENECA'S MOTION TO SET STATUS CONFERENCE TO DISCUSS FUTURE TRANSFERS INTO THE MDL, AND INCORPORATED SUPPORTING MEMORANDUM

AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") hereby move for an order setting a status conference to discuss future transfers into the MDL. The grounds for said motion are set forth below.

On February 5, 2010, the Judicial Panel on Multi-District Litigation ("the Panel") entered an Order vacating the conditional transfer into the MDL of 15 cases, with almost 900 plaintiffs, from the Northern District of California. The Order indicates that, after conferring with this Court, the Panel concluded that the "inclusion of these fifteen actions in MDL No. 1769 is no longer necessary to achieve the just and efficient conduct of the litigation." AstraZeneca has pending before the Panel a Motion for Reconsideration of its February 5 Order (Exhibit A, attached), and hereby requests that this Court convene a status conference so that the parties can discuss with the Court their views on further transfers into the MDL.[1]

In its Motion for Reconsideration, AstraZeneca sets forth its concerns that the Panel, in reaching its conclusion, may not have fully appreciated certain significant benefits that would be achieved by transferring these cases – as well as others -- into the MDL, even if only for a

---

[1] In its Motion for Reconsideration, AstraZeneca advised the Panel that it would seek such a status conference with this Court to discuss the transfer issue. (*See* Ex. A at n.2).

16374746.1

relatively short time, and may not have fully appreciated the numerous inefficiencies, unnecessary burden on the judiciary, and potentially inconsistent rulings that would result if these and other cases were not transferred. More specifically, these benefits include the following:

- A transfer into the MDL would ensure that this Court's previous orders would apply to these cases, as they do for all MDL cases under CMO No. 1, regardless of whether the case was part of the MDL when the order was entered. This would avoid the specter of parties in non-transferred cases urging their courts to disregard this Court's orders that they do not like (e.g., orders approving the use and form of plaintiff fact sheets or finding that general fact discovery is over), which would unnecessarily increase the expense of the litigation, burden the judiciary, and risk inconsistent rulings.

- A transfer into the MDL would ensure that wrongly-aggregated plaintiffs (here, 15 cases are made up of some 900 plaintiffs) are treated in the same way – namely, severance into single-plaintiff cases – as this Court previously has treated such aggregations.

- A transfer into the MDL would ensure that, in those Seroquel cases (like the 15 which are the subject of AstraZeneca's motion for reconsideration) where the plaintiffs have joined a California drug wholesale distributor as a defendant in an attempt to avoid federal court jurisdiction, motions to remand to state court will be decided by a single judge who is extremely familiar with the Seroquel litigation.

- A transfer into the MDL likely would ensure that the claims of 90% of the 900 plaintiffs in these cases who do not reside in California (including 42 plaintiffs who reside in Florida) will ultimately proceed in the judicial districts where they should have been filed

16374746.1

in the first place – the districts where plaintiffs reside. As this Court has indicated, that is precisely what it intends to urge of transferor courts with respect to remanded cases.

- A transfer into the MDL likely would ensure that these cases will benefit from adjudication of the 54 bellwether cases that make up Groups 1 and 2 of this Court's Eleventh Circuit Trial Group of cases, as they then would be subject to this Court's indicated likely request to transferor courts to stay remanded cases until disposition of the 54 bellwether cases. This would enable other federal courts to learn from those bellwether cases and would avoid the inefficiencies and expense of having cases litigated simultaneously in multiple federal courts, thereby fostering the likelihood of inconsistent rulings.

In sum, AstraZeneca believes there are a host of benefits to the judicial system from having cases continue to be transferred into this MDL, even if only for a relatively short period of time. AstraZeneca would request that a status conference be set to discuss this important issue further.

## Certificate of Conference

Pursuant to Local Rule 3.01(g), counsel for AstraZeneca conferred in good faith with counsel for plaintiffs, but counsel were unable to agree on the resolution of this motion.

/s/ Chris S. Coutroulis

Dated: February 16, 2010

Respectfully submitted,

/s/ Chris S. Coutroulis
Chris S. Coutroulis
Fla. Bar No. 300705
Robert L. Ciotti
Fla. Bar No. 333141
**CARLTON FIELDS, P.A.**
Corporate Center Three at International Plaza

16374746.1

        4221 W. Boy Scout Blvd.
        Tampa, FL  22607
        Telephone: (813) 223-7000
        Facsimile: (813) 229-4133
        ccoutroulis@carltonfields.com
        rciotti@carltonfields.com

        Stephen J. McConnell
        Fred T Magaziner
        **DECHERT LLP**
        2929 Arch Street
        Philadelphia, PA  19103
        Telephone: (215) 994-4000
        Facsimile: (215) 994-2222
        stephen.mcconnell@dechert.com
        fred.magaziner@dechert.com
        *Counsel for AstraZeneca LP and AstraZeneca*
        *Pharmaceuticals LP*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 16, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants.

                          /s/ Chris S. Coutroulis

16374746.1