# EXHIBIT A

RECEIVED
CLERK'S OFFICE

2010 FEB 16 P 1: 10

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re Seroquel Products Liability Litigation | : | MDL Docket No. 1769 |

## ASTRAZENECA'S MOTION FOR RECONSIDERATION
## OF THE PANEL'S FEBRUARY 5, 2010 ORDER
## VACATING CONDITIONAL TRANSFER ORDER

## I.   INTRODUCTION

By its order of February 5, 2010, the Panel vacated the conditional transfer of fifteen

cases from the Northern District of California to MDL No. 1769 ("the Seroquel MDL"),

concluding that the "inclusion of these fifteen actions in MDL No. 1769 is no longer necessary to

achieve the just and efficient conduct of the litigation."[1]  While the subject actions number only

fifteen, they include 900 individual plaintiffs, who represent nearly 13 percent of all the Seroquel

plaintiffs with cases now pending in federal court.  AstraZeneca LP and AstraZeneca

Pharmaceuticals LP ("AstraZeneca") respectfully ask the Panel to reconsider the significant

benefits that would be achieved by transferring these cases into the MDL, even if only for a short

---

[1] *See* MDL No. 1769, 2/5/10 Order, attached as Exhibit A.

time, and the numerous inefficiencies, waste of judicial resources, and potentially inconsistent rulings that will result if these cases are not transferred.

AstraZeneca acknowledges that at some point, it may no longer be appropriate to transfer cases to the Seroquel MDL. There inevitably will be a few isolated, individual cases filed at the end of the litigation, for example, for which transfer will be neither necessary nor even beneficial. But these 900 new plaintiffs represent more than *one-eighth* of the federal Seroquel plaintiffs. The multidistrict litigation process is intended to "promote the just and efficient conduct of [common] actions," 28 U.S.C. § 1407(a), but justice and efficiency cannot be achieved if such a substantial portion of the pending federal Seroquel cases are allowed to proceed outside of the MDL process. Moreover, if these cases are not transferred, the resulting disarray will create significant hardship for both the courts and the parties.[2]

Accordingly, AstraZeneca respectfully requests that the Panel reconsider its Order, and transfer these fifteen cases with their 900 plaintiffs to the Seroquel MDL.

## II.  TRANSFER IS NECESSARY IN ORDER TO ACHIEVE JUSTICE AND EFFICIENCY IN FEDERAL SEROQUEL CASES

### A.  Transfer Will Ensure That Judge Conway's Previous Orders Apply to These Cases.

Over the course of the three and a half years that she has presided over the Seroquel MDL, Judge Conway, together with Magistrate Judge Baker, has issued more than 125 orders addressing myriad discovery, evidentiary, and other issues, all designed to promote the uniform and efficient administration of this litigation. Indeed, among the very first of Judge Conway's

---

[2] AstraZeneca understands that the Panel has conferred with Judge Conway about the transfer of additional cases to MDL No. 1769. The parties have not had the opportunity to discuss their views on further transfers with Judge Conway, however. AstraZeneca is providing Judge Conway with a copy of this Motion, and AstraZeneca is also asking Judge Conway to convene a status conference so that the parties can discuss the transfer issue with her.

orders was a directive that every case transferred to this MDL immediately would be subject to all of the MDL Court's orders, regardless of whether the case was part of the MDL when the order was entered, thereby assuring uniformity and consistency in all cases, even after remand. *See* MDL No. 1769, 1/26/07 Case Management Order ("CMO") No. 1, attached as Exhibit B, at 2. To exclude the cases of these 900 plaintiffs – cases that comprise such a substantial portion of the pending federal litigation – would undermine much of what has been accomplished in the Seroquel MDL; indeed, it would threaten the very uniformity and efficiency that were among the principal justifications for creating this MDL in the first place.

For example, Judge Conway has ordered that common discovery is closed. If these 900 plaintiffs are allowed to pursue their cases outside the MDL, they may try to take additional common discovery of AstraZeneca, thereby depriving AstraZeneca of one of the major benefits of coordinated litigation: coordinated common discovery. *See* MDL No. 1769, 7/6/06 Transfer Order, attached as Exhibit C, at 2 ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery.").

Another example relates to Plaintiff Fact Sheets. Judge Conway has required each plaintiff to serve AstraZeneca with a signed Plaintiff Fact Sheet and Records Authorization within 45 days after plaintiff's case is docketed in the MDL. *See* MDL No. 1769, 1/26/07 CMO No. 2, attached as Exhibit D, at 3. The Fact Sheet provides certain basic information about plaintiff's claims, and the Authorization allows AstraZeneca to begin collecting plaintiff's medical records. If these cases are not transferred to the MDL, AstraZeneca will have to move each judge to adopt a similar procedure, leading to further, unnecessarily repetitive motions and potentially inconsistent rulings.

More fundamentally, failure to transfer these cases to the MDL could create the anomalous situation in which one of every eight federal Seroquel claims is adjudicated under a set of orders and procedures different from those that apply to the rest of the cases.  To allow such fundamental inconsistency – literally at the eleventh hour, after the court and parties have expended so much hard work in the MDL -- would undermine the core principles upon which the Seroquel MDL was created.

**B.      Transfer Will Ensure That All Federal Cases Will Benefit from the MDL Bellwether Groups.**

Among the most significant and beneficial of Judge Conway's actions in the Seroquel MDL has been her implementation of bellwether programs for the Florida and Eleventh Circuit cases.  On January 11, 2008, Judge Conway ordered the parties to identify all MDL plaintiffs who reside in Florida or who ingested, obtained, or were prescribed Seroquel in Florida, and to stipulate to the appropriateness of venue in the Middle District of Florida for these plaintiffs' cases.  *See* MDL No. 1769, 1/11/08 CMO No. 5, attached as Exhibit E, at 4.  Consequently, the parties identified 174 "Florida Plaintiffs" and consented to venue in the Middle District of Florida for each.  Since then, Judge Conway has made a number of rulings concerning the Florida cases, including the granting of two summary judgment motions in which she applied Florida law to plaintiffs' claims.

Judge Conway also created another group of bellwether cases (the "Eleventh Circuit Trial Group") comprised of cases filed in the district courts within the Eleventh Circuit by residents of seventeen states other than Florida.  Judge Conway has stated that when she suggests remand of the MDL cases to the transferor courts, she will ask those courts to stay all cases pending case-specific discovery, *Daubert* and dispositive motions, and (if necessary) trial in these bellwether

cases, so that transferor courts will have the benefit of the lessons learned in those cases. *See* MDL No. 1769, 11/18/09 Hrg. Tr., attached as Exhibit F, at 27:12-17.

Transfer of these cases to the Seroquel MDL will allow all 900 plaintiffs to benefit from Judge Conway's bellwether programs. The 42 Florida residents who are plaintiffs in these fifteen cases will benefit from Judge Conway's rulings concerning the Florida cases, and the remaining plaintiffs will be subject to Judge Conway's request that the transferor courts stay remanded cases while she disposes of the Eleventh Circuit Trial Group. If these cases are not transferred, they will not be subject to Judge Conway's stay request, and some judges may proceed without the benefit of Judge Conway's work in the bellwether cases. If that happens, the parties would have to litigate cases simultaneously in multiple federal courts, again fostering the likelihood of inconsistent rulings and undermining the efficiency that the MDL was created to encourage. *See* Exhibit C, 7/6/06 Transfer Order at 2 ("Centralization under Section 1407 is necessary in order to … prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary."). Accordingly, these cases should be transferred to the MDL.

**C.     Transfer Will Ensure That Judge Conway Decides Pending Remand Motions.**

Transfer of these cases to the Seroquel MDL also will allow Judge Conway to decide the pending motions to remand these cases to California state court.[3] Through her handling of the Seroquel MDL, Judge Conway has become intimately familiar with this complex litigation, including the jurisdictional issues raised by plaintiffs' motions to remand, and is well qualified to

---

[3]  Even though more than 90 percent of the 900 plaintiffs in these cases are residents of states other than California, plaintiffs' counsel, in a blatant attempt to defeat federal subject matter jurisdiction, have included at least one California resident in each of the fifteen complaints and also have fraudulently joined a California drug wholesale distributor, McKesson Corporation.

adjudicate those issues. If the cases are not transferred, however, seven different federal judges will decide the remand motions, thereby risking inconsistent decisions. *See* Exhibit C, 7/6/06 Transfer Order at 2 ("Centralization under Section 1407 is necessary in order to ... prevent inconsistent pretrial rulings."). Accordingly, transfer of these cases to the MDL is appropriate to ensure the efficient and consistent disposition of the motions to remand.

### D.     Transfer Will Allow Judge Conway To Sever the Cases.

These fifteen cases consist of some 900 wrongfully-aggregated plaintiffs. If these cases are transferred to the Seroquel MDL, Judge Conway will have the opportunity to sever each of the fifteen cases into single-plaintiff cases, as she has done in every other multiple-plaintiff case transferred to the MDL. *See* Exhibit D, CMO No. 2 at 2 (automatically severing each multiple-plaintiff case transferred to MDL No. 1769). Otherwise, seven different federal judges will have to address that issue, increasing the likelihood of inconsistent rulings. *See* Exhibit C, 7/6/06 Transfer Order at 2 (centralization necessary to prevent inconsistent pretrial rulings). Accordingly, transfer is appropriate to ensure uniform treatment of all of these multiple-plaintiff complaints.

### E.     Transfer Will Ensure That Plaintiffs' Cases Proceed in the Proper Judicial Districts.

Finally, these 900 plaintiffs reside in 47 different states, and all relevant events in each of their cases – including their prescription, purchase, and ingestion of Seroquel, as well as any alleged injuries – most likely occurred in each individual plaintiff's state of residence. If these cases are transferred to the Seroquel MDL, all 900 plaintiffs will be subject to Judge Conway's announced intention to urge transferor courts to transfer these cases to the judicial districts where they should have been filed in the first place – the districts where plaintiffs reside. *See* Exhibit F, 11/18/09 Hrg. Tr. at 25:11-17. Otherwise, both the courts and the parties will need to spend

additional time and resources to litigate and determine whether such transfers are appropriate, which could also potentially lead to inconsistent decisions. *See* Exhibit C, 7/6/06 Transfer Order at 2 (centralization necessary to prevent inconsistent pretrial rulings and to conserve the resources of the parties, counsel, and the judiciary).

## III.   CONCLUSION

Judge Conway has issued scores of orders and implemented dozens of procedures, all carefully crafted to further the Seroquel litigation toward ultimate resolution. Allowing the 900 plaintiffs in these cases to proceed outside of the MDL would serve only to subvert her orders and procedures.[4] Additionally, Judge Conway is better positioned than any other federal judge to ensure uniformity in the joinder, severance, transfer, and stay issues discussed above, and only the transfer of these cases to the MDL will assure consistency in those rulings. Accordingly, AstraZeneca respectfully requests that the Panel reinstate its Order transferring these cases to the Seroquel MDL.

---

[4]   Moreover, halting the transfer of newly-filed cases to the MDL effectively will create multiple "mini-MDLs" around the country. Indeed, two new cases, brought by a total of 88 plaintiffs from around the country, were only recently filed in California state court and subsequently removed to federal district court. These cases are presently awaiting transfer to MDL No. 1769. And it is almost certain that additional cases will be filed before Judge Conway begins remanding cases to the transferor courts.

Dated: February 15, 2010

Respectfully submitted,

By: _____

Michael W. Davis
James W. Mizgala
Sherry A. Knutson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:      (312) 853-7000
Facsimile:       (312) 853-7036

Lee Kaster
FILICE BROWN EASSA & MCLEOD LLP
Lake Merritt Plaza
1999 Harrison Street, 18th Floor
Oakland, CA 94612-0850
Telephone:      (510) 444-3131
Facsimile:       (510) 839-7940

*Attorneys for Defendants AstraZeneca*
*Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 16th of February , 2010, I caused to be served a copy

of the foregoing Motion for Reconsideration of the Panel's February 5, 2010 Order Vacating

Conditional Transfer Order by U.S. Mail to the individuals listed on the attached Service List.

Michael W. Davis
James W. Mizgala
Sherry A. Knutson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:      (312) 853-7000
Facsimile:      (312) 853-7036

Lee Kaster
FILICE BROWN EASSA & MCLEOD LLP
Lake Merritt Plaza
1999 Harrison Street, 18th Floor
Oakland, CA 94612-0850
Telephone:      (510) 444-3131
Facsimile:      (510) 839-7940

*Attorneys for Defendants AstraZeneca*
*Pharmaceuticals LP and AstraZeneca LP*

## SERVICE LIST

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| David C. Andersen<br>**THE MILLER FIRM, LLC**<br>108 Railroad Avenue<br>Orange, VA 22960<br>Telephone:      (540) 672-4224<br>Facsimile:      (540) 672-3055<br><br>*Attorney for Plaintiffs* | Eric W. Gruenwald<br>**THE MULLIGAN LAW FIRM**<br>4514 Cole Avenue, Suite 300<br>Dallas, TX 75205<br>Telephone:      (214) 219-9779<br>Facsimile:      (214) 520-8789<br><br>*Attorney for Plaintiffs* |
| Michael E. Molland<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Telephone:      (415) 442-1000<br>Facsimile:      (415) 442-1001<br><br>*Attorneys for McKesson Corporation* | |

## Judicial Panel On Multidistrict Litigation - Panel Service List

**Docket:**      1769 - IN RE: Seroquel Products Liability Litigation
**Status:**      Transferred On 07/06/2006
**Transferee District:**   FLM
**Judge:**       Conway, Anne C.
**Transferee District Master Docket No.:**   6:06-md-1769

**Report key:** * Signifies that an appearance was made on behalf of the party by the representing attorney.
                # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
                All counsel and parties no longer active in this litigation have been suppressed.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| **Campion, Thomas F.**<br>DRINKER BIDDLE & REATH LLP<br>500 Campus Drive<br><br>Florham Park NJ 079321047<br>Phone No.:(973) 549-7300<br>Fax No.:  (973) 360-9831<br>thomas.campion@dbr.com | Janssen Pharmaceutica Products, LP* |
| | Johnson & Johnson Co.* |
| | Janssen Pharmaceutica Products, LP* |
| | Johnson & Johnson Co.* |
| | Janssen Pharmaceutica Products, LP* |
| | Johnson & Johnson Co.* |
| | Janssen Pharmaceutica Products, LP* |
| | Johnson & Johnson Co.* |
| | Janssen Pharmaceutica Products, LP* |
| | Johnson & Johnson Co.* |
| | Janssen Pharmaceutica Products, LP* |
| | Johnson & Johnson Co.* |
| **Davis, Michael W.** | AstraZeneca LP* |

SIDLEY AUSTIN LLP
One South Dearborn Street

Chicago IL 60603
Phone No.:(312) 853-7000
Fax No.:   (312) 853-7036
mdavis@sidley.com

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

AstraZeneca LP*

AstraZeneca Pharmaceuticals, LP*

**Driscoll, John J.**
DRISCOLL & CUETO LLC
211 North Broadway
Suite 2440
St. Louis MO 63102
Phone No.:(314) 932-3232
Fax No.:  (314) 952-3233
john@dchelps.com

Bjorn, Kathryn*

Ciaramitaro, Anthony*

Crawford, Michael*

Fowler, Kenneth*

Nelson, Sharon*

Osborne (Ind./Per./Rep./Est.-Amy), Rebecca*

Palmer, Willie*

Price, Judy*

Sanders, Kevin*

Smith, Charlene*

Soucy, Dorothy*

Wilken, Roma*

Williams, Krishaun*

Williams, Larry*

Davis, Kevin*

Jenkins, Carol*

Woll, Norma*

Woodson, Betty*

Andrews, Cynthia*

Spencer, Sylvia*

McCraney-Buzick, Pamela*

**Forney, Gregory P.**
SHAFFER LOMBARDO & SHURIN
911 Main Street
Suite 2000
Kansas City MO 64105
Phone No.:(816) 931-0500
Fax No.:  (816) 931-5775

French, M.D., Devon*

**Hamilton, Matthew J.**
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia PA 191032799
Phone No.:(215) 981-4000
Fax No.:  (215) 981-4750
hamilton@pepperlaw.com

Eli Lilly & Co.*

**Johnson, Aaron C.**
SUMMERS & JOHNSON
717 Thomas Street

Banks, Zula

Weston MO 640980
Phone No.:(816) 640-9940
Fax No.:   (816) 640-2215 370
aaron@summersandjohnson.com

Chambers, Justin

Clark, Wanda

Ewing, Laurie

Farabee, Glen

Gordon, Sheila

Kamal, Linda

Kirksey, Lorie

Skiles (Parent/Guardian/Next Friend-Caitlynn Bearce), Julie

Snavely, Douglas

**Levin, William A.**
LEVIN SIMES KAISER & GORNICK LLP
44 Montgomery Street
36th Floor
San Francisco CA 94104
Phone No.:(415) 646-7160
Fax No.:   (415) 981-1270

Baytos, John

Bellman, Dawn

Bellman, Ricky

Boal, Jeffrey

Bobal, Mark

Bosaw, Jeff

Bosaw, Jennifer

Boyer, Debra

Buchanan, Anita

Cardwell, Leona

Carroll, Lori

Carroll, Scott

Chathams, Sandra

Derosky, Barry

Derosky, Carol

Evans, Betty

Frederick, Golana

Frederick, James

Gangidine, Samantha

Glover, Eddi

Godfrey, Ned

Goldsmith, Shirley

Gringel, Gail

Hawkins, Michael

Heigl, John

Ledbetter, Nichol

Levy, Cheryl

Linderman, Donna

Lockhart (Guardian ad litem-Christopher), Terri

Massey, Michelle

Massey, Shane

Masterson, John

McAllister, Kathleen

McIntyre, Carole

Mozingo, David

O'Hosky, William

Orie, Joy

Popp, Mary

Porter, Dennis

Powell, Shelley

Powell, William

Reed, Betty

Robinson, Lori

Simmons, Gregory

Spung, Clinton

Sulkowski, Edward

Tenney, Leslie F.

Tenney, Sharon

Weldon, Raymond

Calkin, Kenneth

Calkin, Shirley

Anderson, Betty

DiMatteo, Angela

DePastino, Judy

Burger, Nancy

Fernandez, Ramon

Fletcher, Todd

Bradley, Denise

Bradley, Sr., Jerry

McCulley, Brenda

Brendgard, Lori

Carr, Stephen

Castillo, Marisa

Cato, Patti

Cato, Timothy

Cole, Cheryl

Cole, Earl

Crockett, Cynthia

Davis, Rodney

Gaines, Debra

Johnson, Jr., Emanuel

Johnson, Tina

Jones, Casey

Jones, John

Jones, Nancy

Martin, James

Martin, Tracy

McAfee, Herman

McConnell, Faith

McGee (Ind./Per./Rep./Est.-Leo), Dorothy

McGee, Brenda

McGee, David

McGee, Debra

McGee, Douglas

McGee, Michael

McGee, Patricia

McGee, Rhonda

Melebeck, Wendy

Miller, James

Miller, Linda

Senay, Andre

Severi, Jeanette

Thorne, Amesha

Williams, Corde

Biskup, Glenn

Michaelangelo, Gina

Sullivan, Jonathan

Truelove, Kelly

Weaver, Summerstorm

Ali, Donna

Belpuliti, Lamont

Clements, Loraine

Faulk, Edward

Faulk, Laura

Hess, Marjorie

Hopkins-Hyche, Katherene

Hyche, Jr., Joseph

King, Kenneth

Rosales, Elsie

Adams, Jr., Larry

Alderson, Quincy

Burgess, Dawn

Dortch, Barbara

Geones, John

Geones, Mary

Harkins, Ethel

Kasperson, William

Lear, La Monte

Mack, Dianne

Walker, Sharie

Thomas, Winifred

**Lundy, Matthew Edward .**
LUNDY LUNDY SOILEAU & SOUTH LLP
501 Broad Street

Lake Charles LA 70601
Phone No.:(337) 439-0707
Fax No.:   (337) 439-1029
mlundy@lundylawllp.com

Sonnier, Linda Mae

**Milliken, Eric B.**

3 Sir Barton Ct

Newark DE 197022033
Phone No.:
Fax No.:
*** Bad Address ***

Milliken, Eric B.

------------------------------------

**Niemeyer, Randy .**

15863 Pike 43

Bowling Green MO 633342620
Phone No.:
Fax No.:

Niemeyer, Randy

------------------------------------

**Raines, Elizabeth .**
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road
Suite 500
Kansas City MO 641082504
Phone No.:(816) 471-2121
Fax No.:  (816) 472-0288

AstraZeneca PLC

------------------------------------

**Rein, Russell H.**
AYLSTOCK WITKIN KREIS & OVERHOLTZ PLLC
55 Baybridge Drive

Gulf Breeze FL 32561
Phone No.:(877) 810-4808
Fax No.:  (850) 932-0280
rrein@awkolaw.com

Spence, Earl

Kane, James

------------------------------------

**Salim, Robert L.**
LAW OFFICE OF ROBERT L SALIM
1901 Texas Street

Natchitoches LA 71457
Phone No.:(318) 352-5999
Fax No.:  (318) 352-5998
robertsalim@cp-tel.net

Becker, Frederic Charles*

------------------------------------

**Soloman, Catherine .**

3100 N.E. 83

Gladstone MO 64119
Phone No.:
Fax No.:
*** Bad Address ***

Solomon, M.D., Catherine

------------------------------------

**Trammell, Fletcher V.**
BAILEY PERRIN BAILEY LLP
The Lyric Center
440 Louisiana StreetSuite 2100
Houston TX 77002
Phone No.:(713) 425-7100
Fax No.:  (713) 425-7101
ftrammell@bpblaw.com

Gilmore, Linda*

Helm, Terre*

Jones, Loretha*

McDaniel, Joyce*

Rone, Stephanie*

| | Stewart, Melanie* |
| --- | --- |
| | Washington, Stephon* |
| **White, Gayle R.**<br>Registered Agent for Louisiana<br>Wholesale Drug Co., Inc.Highway 167 N.<br>Sunset LA 70584<br>Phone No.:<br>Fax No.: | Louisiana Wholesale Drug Co., Inc. |
| **Witkin, Justin G.**<br>AYLSTOCK WITKIN KREIS & OVERHOLTZ PLLC<br>803 North Palafox Street<br><br>Pensacola FL 32501<br>Phone No.:(850) 916-7450<br>Fax No.:   (850) 916-7449<br>jwitkin@awkolaw.com | Bryant, Cindy* |
| | Diciolla, Carlos* |
| | Perez, Israel* |
| | Sanford (Per./Rep./Est.-Robert), Michelle* |



RECEIVED
CLERK'S OFFICE

200 FEB 16  P 1: 11

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# Exhibit A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 05, 2010**

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**          MDL No. 1769

## ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the entire Panel[*]:**  Plaintiffs in the fifteen Northern District of California actions listed on Schedule A move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the actions to the Middle District of Florida for inclusion in MDL No. 1769. Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP oppose the motions to vacate.

Multidistrict litigation is not static.  The Panel ordered centralization of MDL No. 1769 in July 2006.  Over the past four years, MDL No. 1769 has included over 7,835 cases.  In fact, the Panel transferred actions to MDL No. 1769 in January of this year.  By now, however, the work of the transferee court has reached an advanced stage.  All common discovery was completed in the transferee district.  Judge Anne C. Conway has made many well considered and useful rulings on procedural, substantive and evidentiary issues and is preparing to suggest remand under Section 1407 of many of the cases before her to their respective transferor districts.

Over the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks.  The point of diminishing benefit in tag-along transfers is never absolutely clear.  After a certain point, however, the benefits of transfer should not be assumed to continue.  This is a concern which, in close consultation with transferee judges, we intend to give closer attention.  This is appropriate and necessary for the Panel to continue meeting the worthy goals of Section 1407.

Based on our review of the progress of this litigation and our consultation with the transferee judge, we conclude that inclusion of these fifteen actions in MDL No. 1769 is no longer necessary to achieve the just and efficient conduct of the litigation.  *See* 28 U.S.C. § 1407(a).  We see no reason why the parties in subsequent actions, subject to the same conditions as those imposed on parties to the MDL, should not be able to avail themselves of the documents and depositions accumulated under Judge Conway's supervision of MDL No. 1769.  Moreover, the judges presiding over subsequent actions can almost certainly find useful guidance in Judge Conway's many pretrial rulings.  Thus, even absent transfer, most of the benefits of the MDL are available to expedite resolution of the subject actions.

---

[*]      Judge Hansen took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-93" is vacated with respect to these actions.

PANEL ON MULTIDISTRICT LITIGATION

_John G. Heyburn II_
John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen              W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        David G. Trager

**IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**          MDL No. 1769

**SCHEDULE A**

<u>Northern District of California</u>

Lisa Bain, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4147
Donald Bates, Jr., et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4150
Carolyn Harrison, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4151
Cynthia Arnold, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4157
Todd Boggis, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4159
Paul Trim, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4160
Mark Coffey, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4161
Gloria Miller, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4163
Sharon Diston, et al. v. AstraZeneca LP, et al., C.A. No. 3:09-4165
Lisa Saunders, et al. v. AstraZeneca LP, et al., C.A. No. 4:09-4148
Kimberly Kessler, et al. v. AstraZeneca LP, et al., C.A. No. 4:09-4149
Angel Colon, et al. v. AstraZeneca LP, et al., C.A. No. 4:09-4158
Antonio Burton, et al. v. AstraZeneca LP, et al., C.A. No. 4:09-4162
David Marte, et al. v. AstraZeneca LP, et al., C.A. No. 4:09-4164
Bong Nguygen, et al. v. AstraZeneca LP, et al., C.A. No. 4:09-4166

RECEIVED
CLERK'S OFFICE

200 FEB 16  P 1: 11

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# Exhibit B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

_____

**This Document Relates to ALL CASES**

# ORDER

This cause is before the Court on MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) filed December 12, 2006.

The United States Magistrate Judge has submitted a Report recommending that the Motion be granted in part, denied in part, and modified.

After an independent *de novo* review of the record in this matter, and noting that no objections have been raised as to the proposed changes to Case Management Order No. 1, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendations.

Therefore, it is **ORDERED** as follows:

1.    The Report and Recommendation filed December 22, 2006 (Doc. No.113) , is **ADOPTED** and **CONFIRMED** and made a part of this Order with respect to Case Management Order No. 1.

2.    MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) is granted in part, denied in part, and modified as follows:

## CASE MANAGEMENT ORDER NO. 1

### I.      SCOPE

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of July 6, 2006; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (3) all related cases originally filed in this Court or transferred or removed to this Court.

All subsequent Orders of this Court with the designation "All Cases" entered in MDL-1769 shall likewise apply to all cases that are, or become, part of this MDL, regardless of whether that case was part of MDL-1769 when the order was entered.

### II.     ORGANIZATION OF COUNSEL

#### A.      Plaintiffs' Lead Counsel

Plaintiffs' Lead Counsel will coordinate this litigation on behalf of all Plaintiffs, will be responsible for dealing with Defendants' counsel day-to-day, and will have the authority to bind and/or act on behalf of all Plaintiffs. The responsibilities of Plaintiffs' Lead Counsel, by themselves or through their designees, shall include, but not be limited to, the following:

1.    <u>Discovery</u>

(a)  Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file civil actions that are consolidated with the instant multidistrict litigation known as "MDL-1769, *In re Seroquel® Products Liability Litigation.*"

(b)  Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

(c)  Cause to be issued in the name of all Plaintiffs the necessary pretrial discovery requests, motions, and subpoenas.  Similar requests, notices, and subpoenas may be caused to be issued by Plaintiffs' Lead Counsel upon written request by an individual attorney in order to assist him/her in the preparation of his/her case.

(d)  Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs.

2.    <u>Hearings and Meetings</u>

(a)  Call meetings of counsel for Plaintiffs for any appropriate purpose.

(b)  If any evidentiary hearings are held in this MDL, examine witnesses and introduce evidence on behalf of Plaintiffs.

(c)  Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

3.  <u>Miscellaneous</u>

(a)  Submit and argue any motions presented to the Court on behalf of Plaintiffs as well as oppose, when necessary, any motions submitted by the Defendants or other parties which involve matters within the sphere of the responsibilities of Plaintiffs' Lead Counsel.

(b)  Negotiate and enter into stipulations with Defendants regarding this litigation.  All stipulations entered into by Plaintiffs' Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation.   Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within 5 days after she/he knows or should reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulations will be automatically binding on that party.

(c)  Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs' attorneys.

(d)   Prepare periodic status reports summarizing Plaintiffs' Lead Counsel's work and progress.  These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies  to other Plaintiffs' attorneys.

(e)  Perform any tasks necessary and proper for Plaintiffs' Lead Counsel to accomplish its responsibilities as defined by the Court's orders.

(f)   Perform such other functions as may be expressly authorized or required by further orders of the Court.

(g)   All matters presented to the Court must comply with the Local Rules, especially Local Rule 3.01(g).

**B.    Defendants' Lead Counsel**

Defendants' Lead Counsel shall coordinate this litigation on behalf of all Defendants, and will have the authority to bind and/or act on behalf of all Defendants.

**C.    Liaison Counsel**

To the extent they have not already done so, Plaintiffs' Lead Counsel and Defendants' Lead Counsel shall each designate an attorney to serve as Liaison Counsel who will be charged with essentially administrative matters.  The responsibilities of Liaison Counsel are set forth in the Court's August 15, 2006 Scheduling Order.  Liaison Counsel shall (1) maintain and distribute to co-counsel and opposing Liaison Counsel an up-to-date service list; (2) coordinate service and filing; (3) serve as the recipient of all Court orders; (4) receive and distribute pleadings, Orders, and motions by overnight courier service, email, or fax, unless such service has been waived, in writing, by a receiving counsel; (5) maintain and make available to all co-counsel at reasonable hours a complete file of all documents served by or upon each party (except such documents that may be available in the document depository); and (6) carry out such other duties as the Court may order.

Case 6:06-md-01769-ACC-DAB   Document 1608-1   Filed 02/16/10   Page 34 of 54 PageID
129962
Case 6:06-md-01769-ACC-DAB   Document 130   Filed 01/26/07   Page 6 of 9

## II.    STATUS CONFERENCES

Status conferences shall be held approximately every 6 weeks, on a date selected by the Court, or at such other time as the Court may order.  To aid the Court and the parties in preparing for future conferences, Lead Counsel for the parties shall meet and confer at least 10 days prior to each future status conference to attempt to agree upon a proposed agenda for the conference.  Not less than 3 business days prior to the conference, the parties shall submit a joint agenda that reports on the number of cases in the MDL and the number tagged for transfer, that lists all motions that have been fully briefed and not yet decided, that lists all motions filed but not yet fully briefed, and that identifies any issue that either or both parties wish to raise with the Court.  The parties may submit at the same time separate statements of their positions on said issues.  If the parties agree that they would like the Court to take any action, the joint agenda shall so state.  The agenda is intended to inform the Court of matters that the parties desire to raise at the status conference, and the Court may amend or augment its agenda as it deems appropriate.

## III.    SERVICE OF ORIGINAL COMPLAINTS/AMENDMENTS ADDING PARTIES

To eliminate disputes over service of process and to reduce the expense of such service, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP ("AstraZeneca") have agreed to waive service of process for Seroquel-related cases alleging personal injury filed in federal court and alleging injuries consistent with the stated purpose of this MDL, subject to the provisions of Fed. R. Civ. P. 4(d).  The notice required by that rule should be provided to the following representative of AstraZeneca:

Paulette Hendrix
AstraZeneca Pharmaceuticals LP
Law Department (FOP3)
1800 Concord Pike
Wilmington, Delaware 19850

Plaintiffs shall have 30 days from the date of this Order (or, if later, 30 days from the date a case is subsequently filed in, removed to, or transferred to this Court) to provide notice to AstraZeneca. Notwithstanding any prior Orders of this Court to the contrary, defendants' answers shall be due at the time set forth in the Federal Rules of Civil Procedure.

## IV.   MOTIONS

### A.   <u>Notice of Motions and Briefing Schedule</u>

Except for emergencies or unless otherwise agreed by the parties, motions shall not be brought for hearing at any time other than a regularly scheduled status conference.

In order to be heard at a regularly scheduled status conference, a motion must be filed and served at least 20 days before said conference. Any motion filed and served less than 20 days before a status conference shall be heard not at the upcoming status conference but at the status conference thereafter. The Court may rule on motions without a hearing.

Absent an Order of the Court, briefs in response to motions shall be filed 11 days after the date of service. Replies are not permitted absent leave of Court.

### B.   <u>Applicable Rules</u>

Motion practice shall be governed by the applicable Federal and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

### C.    Telephone Hearings

Hearings may also be conducted by telephone at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties are available and receive at least 48 hours' notice.    In an emergency, the Court may shorten the notice requirement.   Telephone conference calls will often serve as an efficient substitute for Court appearances, as for example, where counsel desire to present short arguments and obtain an immediate ruling.   The Court itself may initiate conference calls on procedural or scheduling matters.

## V.    SERVICE OF DOCUMENTS

### A.    Orders

Henceforth, the Clerk of Court shall forward only to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel a copy of each order or other document normally served by the Clerk.  Service on Liaison Counsel shall be considered service on all parties.  Counsel wishing to be removed from the electronic service list should notify the Clerk.

### B.    Pleadings, Motions and Other Documents

A party filing a pleading, motion, or other document shall provide one copy to Plaintiffs' Liaison Counsel and one copy to Defendants' Liaison Counsel.   A copy of the document shall also be submitted to Liaison Counsel, as Liaison counsel may agree, on a disc or CD-ROM in either WordPerfect format or Microsoft Word, or by email in .pdf format.  Service on Plaintiffs' Liaison Counsel constitutes service on all Plaintiffs' counsel and Plaintiffs who are unrepresented.   Any pleading, motion or other document directed at a non-AstraZeneca Defendant shall be served on Defendants' Liaison Counsel, as well as on the Defendant to whom the pleading, motion or other document is directed.  Service and distribution by Liaison Counsel

to other attorneys of record shall be by overnight courier service, fax or email, reserving any receiving counsel the right to waive, in writing, such receipt.

C.      **Electronic Service/Web Site/Virtual Depository**

Lead Counsel are to confer as to whether electronic service of documents is appropriate in these actions and/or whether a web site and virtual depository would be helpful and advance the course if this litigation.  At the appropriate time, counsel shall report to the Court regarding these matters.

**DONE** and **ORDERED** in Orlando, Florida on January 26, 2007.

ANNE C. CONWAY
United States District Judge

RECEIVED
CLERK'S OFFICE

2010 FEB 16  P 1: 11

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# Exhibit C

A CERTIFIED TRUE COPY

JUL - 6 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 6 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1769*

F I L E D
July 10, 2006
Date                    Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE SEROQUEL PRODUCTS LIABILITY LITIGATION*

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of 92 actions pending in the Northern District of California, seventeen actions in the Southern District of Illinois, two actions in the Western District of Louisiana, and one action each in the Western District of Missouri, District of New Jersey, and Eastern District of Texas, as listed on the attached Schedules A, B and C.[1]  Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of 114 actions.[2]  Plaintiff in one Southern District of Illinois action moves the Panel for coordinated or consolidated pretrial proceedings in the Southern District of Illinois.  Plaintiffs in the two Western District of Louisiana actions move the Panel for centralization under Section 1407 in the Western District of Louisiana.  Also, in the event the Panel grants the motions for transfer, defendants Janssen, L.P., and its parent company Johnson & Johnson (collectively Janssen) and Eli Lilly and Co. (Lilly) ask the Panel to separate and simultaneously remand the claims against these defendants to their respective transferor courts at the time of transfer.  Plaintiffs in the District of New Jersey action oppose any separation and remand of the claims in their action.

Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP (AstraZeneca) oppose the motions for transfer. If the Panel grants the motions over their objections, then these defendants request that the Panel assign the litigation to an experienced jurist with strong case management skills and to a district that has the resources to handle a large caseload and that is convenient to cross-country transportation. AstraZeneca suggests the Middle District of Florida and the Northern District of Illinois

---

[1]  The Panel has been notified of over 120 related actions pending in multiple federal districts.  In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2]  Eight additional Northern District of California actions and one additional District of New Jersey action listed on Schedule D were encompassed by the motions, but have been closed in their respective districts; accordingly, the question of transfer of these actions is now moot.

- 2 -

as districts that meet this criteria. Should the Panel grant the motions for transfer, AstraZeneca also supports separation and remand under Section 1407 of the claims against the other pharmaceutical defendants.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation listed on Schedules A and B involve common questions of fact, and that their centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are brought by persons allegedly injured by AstraZeneca's Seroquel, an atypical antipsychotic medication that allegedly can cause diabetes and related disorders. Common factual questions for the actions in this docket concern, inter alia, i) the development, testing, manufacturing and marketing of Seroquel, and ii) the defendants' knowledge concerning the drug's possible adverse effects. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary. The Panel is persuaded, however, that claims involving prescription drugs other than Seroquel do not share sufficient questions of fact with claims relating to Seroquel to warrant inclusion of the former claims in MDL-1769 proceedings.

Much of AstraZeneca's objection to centralization is rooted in the concern that the creation of multidistrict proceedings pursuant to Section 1407 encourages the filing of numerous actions with little or no merit. AstraZeneca argues, among other things, that the pending actions are in a limited number of federal districts, which are capable of managing Seroquel litigation without multidistrict proceedings. AstraZeneca points to earlier actions in federal court involving Seroquel, which were dismissed prior to the completion of pretrial proceedings. These arguments are not persuasive.

> If the Panel were to adopt the defendants' concept . . . many of the judges assigned to the various actions would be required to needlessly replicate other judges' work on such matters as . . . rulings on motions to dismiss, and so forth. . . . We conclude that such an approach would defeat the very purposes leading to the enactment of Section 1407.

*In re Propulsid Products Liability Litigation*, 2000 U.S. Dist. LEXIS 11651, MDL-1355, at *3-4 (J.P.M.L. Aug. 7, 2000). The response to such concerns more properly inheres in assigning all related actions to one judge committed to disposing of spurious claims quickly.

The Panel further finds that centralization of the actions listed on Schedule C would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation at this time. Plaintiffs in these actions have dismissed their claims against AstraZeneca, leaving claims brought solely against other pharmaceutical companies relating to prescription medications other than Seroquel. The remaining claims do not share sufficient questions of fact with the claims against AstraZeneca in the other actions to warrant inclusion in the MDL-1769 proceedings.

We are persuaded that the Middle District of Florida is an appropriate transferee forum for this litigation. Centralization in this forum permits the Panel to effect the Section 1407 assignment to a

- 3 -

transferee judge with prior experience overseeing Seroquel litigation who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedules A and B are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Anne C. Conway for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that claims against Janssen and Lilly in the actions listed on Schedule B are simultaneously separated and remanded to their respective transferor courts.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, transfer is denied with respect to the actions listed on Schedule C.[3]

FOR THE PANEL:

_Wm. Terrell Hodges_
Chairman

---

[3]   With respect to the actions on Schedules B and C, the Panel plans to issue conditional transfer orders embracing claims involving Zyprexa to MDL-1596 – *In re Zyprexa Products Liability Litigation. See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. at 435-36.

## SCHEDULE A

### MDL-1769 – In re Seroquel Products Liability Litigation

#### Northern District of California

*Lamont Belpuliti v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-550
*John Baytos v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-556
*Shelley Powell, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-557
*Debra Boyer v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-559
*Lori Carroll, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-562
*Eddi Glover v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-564
*Kathleen McAllister v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-568
*Michael Hawkins v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-569
*Dawn Burgess v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-573
*Edward Sulkowski v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-586
*Sharie Walker v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-587
*Carole McIntyre v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-589
*James Frederick, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-590
*Laurel Morris v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-592
*Deborah Collier v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-599
*Julia Boatwright v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-602
*Summerstorm Weaver v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-604
*Gregory Simmons v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-622
*Anita Buchanan v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-623
*Mary Popp v. AstraZeneca Pharmaceutical, LP, et al.*, C.A. No. 3:06-624
*Dianne Mack v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-627
*David Mozingo v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-628
*Terri Lockhart, etc. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-644
*Katherene Hopkins-Hyche, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-645
*Kelly Truelove v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-651
*John Masterson v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-657
*Betty Evans v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-669
*Jeffrey Boal v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-548
*Dawn Bellman, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-552
*La Monte Lear v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-571
*Glenn Biskup. et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-574
*Jonathan Sullivan v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-600
*Betty Reed v. AstraZeneca Pharmaceutical, LP, et al.*, C.A. No. 4:06-647

- A2 -

### Southern District of Illinois

*Norma Woll, et al. v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-57
*Kevin Sanders v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-67
*Sylvia Spencer v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-68
*Judy Price v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-69
*Pamela McCraney-Buzick v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-70
*Willie Palmer v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-71
*Roma Wilkens v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-72
*Cynthia Andrews v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-85
*Michael Crawford v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-96
*Sharon Nelson v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-97
*Betty Woodson v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-98
*Kenneth Fowler v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-110
*Carol Jenkins v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-111
*Dorothy Soucy v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-122
*Larry Williams v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-123
*Charlene Smith, et al. v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-124
*Anthony Ciaramitaro, et al. v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 3:06-125

### Western District of Louisiana

*Linda Mae Sonnier v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 6:05-1022
*Frederic Charles Becker v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 6:06-6

### Western District of Missouri

*Julie Skiles, et al. v. Devon French, M.D., et al.*, C.A. No. 4:06-28

### Eastern District of Texas

*Loretha Jones, et al. v. AstraZeneca Pharmaceuticals, LP*, C.A. No. 5:06-18

## SCHEDULE B

<u>MDL-1769 – In re Seroquel Products Liability Litigation</u>

### <u>Northern District of California</u>

*Joy Orie v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-542
*Michelle Massey, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-544
*Mark Bobal v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-547
*Jerry Bradley, Sr., et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-549
*John Heigl v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-551
*Barbara Dortch v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-555
*Ned Godfrey v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-565
*Ethel Harkins v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-566
*Elsie Rosales v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-567
*Shirley Goldsmith v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-570
*Marjorie Hess v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-572
*Barry Derosky, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-577
*Gail Gringel v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-578
*Leona Cardwell v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-582
*Sandra Chathams v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-585
*Lisa Peat, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-591
*Lucas Webb v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-598
*William Kasperson v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-611
*Cheryl Levy v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-613
*Jennifer Bosaw, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-618
*Kenneth King v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-620
*William O'Hosky v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-625
*Samantha Gangidine v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-643
*Loraine Clements v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-655
*Donna Ali v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-658
*Larry Adams, Jr. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-660
*Lori Robinson v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-663
*Dennis Porter v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-668
*Sharon Tenney, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-541
*Laura Faulk, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-553
*Mary Geones, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-580
*Donna Linderman v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-614
*Raymond Weldon v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-615
*Quincy Alderson v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-621
*Clinton Spung v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-626
*Nichol Ledbetter v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-642
*Winifred Thomas v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-659

- B2 -

<u>District of New Jersey</u>

*Carlos Diciolla, et al. v. Johnson & Johnson Co., et al.*, C.A. No. 2:05-4570

## SCHEDULE C

<u>MDL-1769 – In re Seroquel Products Liability Litigation</u>

### <u>Northern District of California</u>

*John Jones v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-546
*Casey Jones, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-554
*Tracy Martin v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-560
*James Miller, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-563
*Emanuel Johnson, Jr., et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-576
*Cheryl Cole, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-581
*Marisa Castillo v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-583
*Steven Carr v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-584
*Herman McAfee v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-593
*Andre Senay v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-594
*Amesha Throne v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-595
*Faith McConnell v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-596
*Patti Cato, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-597
*Wendy Melebeck v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-605
*Cynthia Crockett v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-607
*James Martin v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-617
*Rodney Davis v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-619
*Dorothy McGee, et al. v. AstraZeneca Pharmaceutical, LP, et al.*, C.A. No. 3:06-641
*Lori Brendgard v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-603
*Debra Gaines v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-612
*Jeanette Severi v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-616
*Corde Williams v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-656

## SCHEDULE D

<u>MDL-1769 -- In re Seroquel Products Liability Litigation</u>

### <u>Northern District of California</u>

*Kenneth Calkin, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-540
*Todd Fletcher v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-579
*Nancy Burger v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-588
*Ramon Fernandez v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-601
*Angela DiMatteo v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-650
*Judy DePastino v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 3:06-664
*Betty Anderson v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-648
*Brenda McCulley v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 4:06-649

### <u>District of New Jersey</u>

*James Kane v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 2:05-4558

RECEIVED
CLERK'S OFFICE

2010 FEB 16  P 1:11

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# Exhibit D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

_____

This Document Relates to ALL CASES

## ORDER

This cause is before the Court on MDL Plaintiffs' and Defendants' Joint Motion

Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110)

filed December 12, 2006.

The United States Magistrate Judge has submitted a Report recommending that the

Motion be granted in part, denied in part, and modified.

After an independent *de novo* review of the record in this matter, and noting the

parties' objections to the proposed changes to Case Management Order No. 2, and Plaintiffs'

objections to severance, the Court agrees entirely with the findings of fact and conclusions of

law in the Report and Recommendations.

Therefore, it is **ORDERED** as follows:

1.        The Report and Recommendation filed December 22, 2006 (Doc. No.113) , is

**ADOPTED** and **CONFIRMED** and made a part of this Order with respect to Case

Management Order No. 2 and severance.

2.     All of the plaintiffs' claims (except for consortium claims ) are hereby severed.  The Clerk is directed to open new separate files for each named plaintiff (with the consortium exception noted above).  By separate order the Court will advise Plaintiffs' counsel of the new case numbers, and the procedures for filing separate Amended Complaints and the payment of the filing fees (or application to proceed *in forma pauperis).*  From this date forward all cases filed in this MDL are subject to this requirement. The disaggregated cases, though filed here, retain their status as transfer cases, subject to remand upon completion of the multidistrict proceedings.

3.     All cases directly filed in the Orlando Division of the Middle District of Florida that are related to this MDL will be reviewed at the conclusion of these proceedings to determine whether they should be transferred to the district court in which the plaintiff resides.

4.     The next status conference is scheduled before Magistrate Judge David A. Baker on February 8, 2007 at 10 AM., in Courtroom 6.

5.     MDL Plaintiffs' and Defendants' Joint Motion Requesting the Court to Adopt and Enter Proposed Case Management Orders (Doc. No. 110) is granted in part, denied in part, and modified as follows:

## CASE MANAGEMENT ORDER NO. 2

**I.     Plaintiff Fact Sheets and Dismissals**

A.  No later than January 31, 2007, at least 500 plaintiffs shall have either: (1) served AstraZeneca with completed Plaintiff Fact Sheets, executed authorizations, and responsive

2

documents requested in the Fact Sheets (collectively "PFS"), or (2) stipulated to dismissal without prejudice of their claims and stipulated that, should he/she later re-file, he/she shall do so by filing a complaint in a United States District Court in which venue is proper, shall not join any parties or amend his/her pleadings in any way that would defeat diversity jurisdiction, and shall not object to said case being transferred to this MDL.  No later than February 28, 2007, and the last business day of each succeeding month ending June 30, 2007 one-fifth of the Bailey plaintiffs shall do the same.  No later than February 28, 2007 , and the last business day of each succeeding month ending April 30, 2007 one-third of the non-Bailey plaintiffs shall do the same.  By February 16, 2007 plaintiffs' counsel shall file a designation of the month each client's completed form is due.

B.  All plaintiffs whose complaints are docketed in this MDL after January 31, 2007 shall serve AstraZeneca with their PFSs within 45 days after docketing.

C.  If AstraZeneca has not received a completed PFS for a plaintiff within 10 days following the due date set forth above, AstraZeneca will send a Notice of Overdue Discovery to plaintiff's counsel identifying the discovery overdue and stating that, unless the plaintiff complies with the Court's discovery orders, the case will be subject to dismissal.

D.  If AstraZeneca has not received a completed PFS within 20 days after serving a plaintiff with a 10-day notice, AstraZeneca may submit to the Court an Order dismissing the Complaint without prejudice, using the form attached as Exhibit A to this Order.  Plaintiff shall have 10 business days from the date AstraZeneca submits the dismissal order to file a notice certifying that the plaintiff has served upon AstraZeneca and AstraZeneca has

received a completed PFS, and attaching appropriate documentation of receipt. If a plaintiff files such a notice, the plaintiff's claims shall not be dismissed. Unless plaintiff has served AstraZeneca with a completed PFS and has moved to vacate the dismissal without prejudice within 60 days after entry of any such Order of Dismissal Without Prejudice, the order will be converted to a Dismissal With Prejudice upon AstraZeneca's motion.

II.      **AstraZeneca's Production of Documents**

A.  By December 19, 2006, AstraZeneca shall produce to Lead Counsel for plaintiffs current organizational charts reflecting its general corporate structure, the structure of the Seroquel team, and the structure of the drug safety team. By January 15, 2006, AstraZeneca shall produce to Lead Counsel for plaintiffs available organizational charts reflecting its general corporate structure, the structure of the Seroquel team, and the structure of the drug safety team for the past ten years. Plaintiffs may at any time serve a written request for additional organizational charts, and AstraZeneca reserves the right to object to such requests. By December 22, 2006, AstraZeneca shall identify the eight custodians for whom it has already substantially collected documents ("the Eight Custodians") and the other custodians (approximately 72) from whom it has begun to collect documents and/or whom it has identified as persons who have custody of documents that are potentially relevant to this litigation.

B.  Plaintiffs may thereafter request that AstraZeneca collect and produce documents from AstraZeneca officers and employees who are not among the approximately 80

custodians whom AstraZeneca has identified.  AstraZeneca reserves the right to object to such requests.

C. AstraZeneca shall first produce the documents collected from the Eight Custodians.  Thereafter, AstraZeneca shall attempt to produce documents to plaintiffs in the order that plaintiffs request AstraZeneca to produce such documents from custodians other than the Eight Custodians, taking into account the status of document collections already underway.

D. AstraZeneca shall begin producing documents collected from the Eight Custodians on or before January 5, 2007, and AstraZeneca shall thereafter produce documents collected from all other custodians as soon as practicable.

E. Plaintiffs may notice the depositions of custodians following receipt of notice from AstraZeneca that the production of the custodian's documents is complete.  In the event plaintiffs elect to take a custodian's deposition prior to receiving notice that production is complete, they may do so, but plaintiffs shall not be entitled to further depose that witness on the grounds that document production was not complete.  AstraZeneca reserves the right to object to notices of deposition on any basis contemplated by the Federal Rules of Civil Procedure or by case law.  On or before February 15, 2007, the parties shall present to the Court a joint proposed Order setting forth the guidelines for conducting depositions of witnesses in this MDL.

F. On or before January 5, 2007, AstraZeneca shall provide Lead Counsel for plaintiffs with a list of databases that correspond to the 14 categories identified in plaintiffs' proposed order regarding document production and preservation,[1] and which potentially contain information relevant to Seroquel.   Thereafter, and before January 25, 2007, AstraZeneca will allow plaintiffs to conduct informal interviews, in person or by telephone, of a knowledgeable AstraZeneca-employed IT person or persons who can adequately address plaintiffs' questions about said databases and how information can potentially be produced or extracted from them.  If, after any such interview, plaintiffs determine that the individual cannot adequately answer their questions or does not have the requisite knowledge about the database in question, plaintiffs shall identify the issues for which they seek additional information, and AstraZeneca shall promptly identify an IT employee with knowledge of such issues and present that person for interview.  Each such interview shall be conducted by one plaintiffs' lawyer and one IT person employed by plaintiffs on behalf of all plaintiffs, although more than one plaintiffs' lawyer and IT person may listen to the interview in person or via telephone.  The interviewing lawyer shall be designated by or have the authority of Lead Counsel for Plaintiffs.

---

[1] Plaintiffs' proposed order identified the following types of databases:  1) adverse event database; 2) sales call tracking database; 3) IMS database; 4) clinical communications database; 5) regulatory database; 6) regulatory contact databases; 7) clinical trial database; 8) medical literature database; 9) research report database; 10) documentum or similar databases (document management systems used by many pharmacy companies); 11) visitor speakers bureau and/or thought leader databases; 12) clinical payments database; 13) field force rosters; and 14) instant message, voicemail, discussion forum and prior website page databases, transcripts and recovery.