UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation

MDL DOCKET NO. 1769

This Document Relates to:
ELEVENTH CIRCUIT TRIAL GROUP CASES

_____

**PARTIES' JOINT STATUS REPORT REGARDING CASE-SPECIFIC
DISCOVERY AND FEASIBILITY OF A PREEMPTION TRIAL**

As directed by the Court's January 14, 2010 Order (Doc. 1599), AstraZeneca LP and AstraZeneca Pharmaceuticals LP ("AstraZeneca") and the Eleventh Circuit Trial Group ("ECTG") Plaintiffs (hereinafter, "Plaintiffs") hereby submit this joint status report regarding the progress of case-specific discovery and trial preparation in the Eleventh Circuit trial cases.  The parties also respectfully submit their respective positions regarding the feasibility of addressing preemption "via jury trial by employing a panel of jurors to consider preemption apart from a full jury trial."  (Doc. 1599).

     **A.**     **Status of Case-Specific Discovery**

The Special Master PMO has been actively involved in assisting the parties with conducting case-specific discovery in the 38 Eleventh Circuit cases slated for trial in 2011.  On February 15, 2010, the PMO submitted a report to the Court (Doc. 1607), which accurately and fully details the status of case-specific discovery in the 38 cases.  The parties hereby adopt the PMO's status report.

B.  **Expert Discovery Schedule**

The Case Management and Scheduling Orders entered by this Court that set forth the timeline for discovery and trial of the Eleventh Circuit Trial Group cases do not include deadlines for expert discovery. *See, e.g.,* MDL Case No. 6:06-cv-1135, Doc. No. 6; MDL Case No. 6:09-cv-111, Doc. No. 6. Therefore, the parties jointly request that the pretrial schedules for these cases be modified as shown below in Table 1 (for the first group of cases) and Table 2 (for the second group of cases). With these modifications, the parties will have sufficient time to exchange expert reports and take expert depositions.

The expert discovery deadlines proposed herein are consistent with the Court's schedule for the Florida Initial Trial Pool cases as set forth in Case Management Order ("CMO") No. 5. (Doc. 792), except that the parties are requesting an additional 13 days for the taking of expert depositions, in recognition of the difficulties they previously encountered in scheduling and completing expert depositions. Under CMO 5:

- Plaintiffs' expert reports were due 15 days after the close of fact discovery;
- AstraZeneca's expert reports were due 28 days after Plaintiffs' expert reports;
- Expert depositions were to be completed 33 days after AstraZeneca's expert reports were due. (Here, the parties propose that they have 46 days to complete these depositions); and
- *Daubert* and dispositive motions were due 16 days after the completion of expert depositions, *i.e.*, 3 months after the close of fact discovery.

The parties' proposed modifications would not delay trial or the close of fact discovery in these cases, and would still result in key filings being made well in advance

2

of the commencement of trial. The parties expect to be able to adhere to the schedules that they are now proposing to the Court.

**TABLE 1 – PROPOSED SCHEDULE FOR FIRST GROUP:**

|  | **Present Group One Schedule** | **Proposed Group One Schedule** |
|---|---|---|
| **Discovery Deadline** | May 3, 2010 | May 3, 2010 *(no change)* |
| **Plaintiffs' Expert Reports** | No date set | May 17, 2010 |
| **AstraZeneca's Expert Reports** | No date set | June 14, 2010 |
| **Depositions of Experts** | No date set | July 30, 2010 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** | July 1, 2010 | Aug. 18, 2010 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | Aug. 2, 2010 | Sept. 22, 2010 |
| **Joint Final Pretrial Statement and Trial Briefs** | Sept. 1, 2010 | Oct. 20, 2010 |
| **All Other Motions Including Motions *In Limine*** | Aug. 2, 2010 | Sept. 22, 2010 |
| **Trial Term Begins** | Jan. 3, 2011 | Jan. 3, 2011 *(no change)* |

**TABLE 2 – PROPOSED SCHEDULE FOR SECOND GROUP:**

|  | **Present Group Two Schedule** | **Proposed Group Two Schedule** |
|---|---|---|
| **Discovery Deadline** | Aug. 2, 2010 | Aug. 2, 2010 *(no change)* |
| **Plaintiffs' Expert Reports** | No date set | Aug. 16, 2010 |
| **AstraZeneca's Expert Reports** | No date set | Sept. 13, 2010 |
| **Depositions of Experts** | No date set | Oct. 29, 2010 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** | Oct. 1, 2010 | Nov. 17, 2010 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | Jan. 4, 2011 | Feb. 16, 2011 |
| **Joint Final Pretrial Statement and Trial Briefs** | Feb. 1, 2011 | Mar. 16, 2011 |
| **All Other Motions Including Motions *In Limine*** | Jan. 4, 2011 | Feb. 16, 2011 |
| **Trial Term Begins** | June 1, 2011 | June 1, 2011 *(no change)* |

    **C.**    **Parties' Position on Special Jury Trial of Preemption Issue**

        **1.**    **AstraZeneca's Position**

In its order of January 14, 2010 (Doc. 1599), the Court indicated that it is considering the possibility of addressing the preemption issues raised by AstraZeneca's pending motion by employing a panel of jurors apart from a full jury trial, and it requested that the parties submit their views on the feasibility of such an approach. AstraZeneca has consulted with Plaintiffs' counsel and understands that Plaintiffs oppose the Court's proposal as legally and practically unworkable. The Court's proposal for a

separate "preemption jury" is novel, and raises many legal and practical issues. If, however, any factual issues to be tried were narrow, AstraZeneca would be open to exploring the potential for a limited evidentiary hearing before the Court, perhaps with the aid of an advisory jury, as discussed below.

The Court's request comes in the context of AstraZeneca's motion for partial summary judgment based on federal preemption, and specifically the supplemental briefing of the parties in the wake of *Wyeth v. Levine*, 129 U.S. 1187 (2009), in which AstraZeneca narrowed its argument to address the preemptive effect of the FDA's classwide diabetes and hyperglycemia warning. (*See* Doc. 1391). In its supplemental briefing, AstraZeneca argued that the question of whether the regulatory record satisfies the *Levine* test for conflict preemption is a question of law for this Court to resolve, and that the relevant record is a regulatory one that is undisputed. In AstraZeneca's view, the regulatory record undisputedly shows that the FDA comprehensively reviewed the evidence, wrote a uniform classwide warning regarding diabetes and hyperglycemia, and secured the manufacturers' compliance with the agency's classwide labeling determination through the exercise of its administrative powers and authority. As AstraZeneca has argued, the FDA's classwide warning determinations and activities have preemptive effect – starting from the day the classwide warning was implemented in early 2004, and extending at least until mid-2007, when the Company issued a CBE supplement based on its recent analysis of new scientific data from clinical trials 126 and 127. Before AstraZeneca completed its assessment of trials 126 and 127, the Company

had received no information materially different from what the FDA had already considered when it wrote the classwide warning.

AstraZeneca continues to believe that the FDA's decision to implement classwide labeling, and to secure the compliance of all manufacturers of all atypical antipsychotics with the FDA's directives and the classwide label written by the FDA itself, satisfies the test for conflict preemption; that the relevant regulatory record is before the Court; and that Plaintiffs have identified no genuine issues of material disputed fact as to the starting date for preemption. Thus, at least as to that threshold legal issue, the Court should make a legal ruling on the present record that preemption attached beginning with AstraZeneca's implementation of the FDA's classwide labeling.

AstraZeneca's recognizes, however, that Plaintiffs contend that a broad range of facts are disputed even as to whether preemption attached with the classwide label in early 2004. (Doc. 1396). Were the Court to accept Plaintiffs' position, then the range of factual issues implicated by any preemption-focused trial or evidentiary hearing (before the Court or any advisory jury) would not only be broad, but also would overlap with a large number of issues and factual questions that will necessarily need to be presented to the jury in a full trial on the merits in any individual case. In this light, any separate preemption-focused "trial" would not involve an efficient use of resources. Such a novel proceeding would also raise significant legal problems – including fundamental Seventh Amendment concerns, given that a different jury would be re-examining facts and issues

decided by the first jury.[1]  Thus, AstraZeneca would not favor a separate trial to determine whether preemption attached with the onset of the classwide label in 2004. Instead, AstraZeneca respectfully requests that the Court rule on that question of law on the undisputed regulatory record currently before the Court.

AstraZeneca likewise believes the present record is sufficient for the Court to resolve, as a matter of law, that the preemptive effect of the classwide label should extend to mid-2007.  If, however, the Court is of the view that it needs to hear evidence to resolve one or more disputed issues of fact before resolving that distinct legal issue, then it may be worthwhile to explore the possibility of fashioning a narrow and limited evidentiary proceeding designed to assist the Court in resolving those issues.  To ensure that any such proceeding would be efficient, AstraZeneca would seek to work with the Plaintiffs to stipulate to all or most of the relevant facts, to narrow the scope of, or potentially even eliminate the need for, a separate fact-finding proceeding involving the Court or an advisory jury.  If there are only a few narrow factual questions to be tried and resolved, then the proceeding might raise fewer concerns regarding efficiency and practicability, and could also alter AstraZeneca's views with respect to some of the legal problems raised by the proceeding.  This would particularly be the case if any empanelled

---

[1] *See*, *e.g.*, *Castano v. American Tobacco Co.,* 84 F.3d 734, 750 (5th Cir. 1996); *Matter of Rhone-Polenc Rorer, Inc.,* 51 F.3d 1293, 1303 (7th Cir. 1995).  The Court's Order indicates that the preemption trial would relate only to the 38 cases currently scheduled for trial in the Middle District of Florida; AstraZeneca notes that, to the extent a preemption jury trial would involve cases not filed in the Eleventh Circuit or Middle District, it would raise concerns as to the Court's adjudicatory authority and jurisdiction under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

jury were purely "advisory" in nature, so that the Court would be making what findings of fact it believed were necessary to resolve the preemption end-date issues presented.

AstraZeneca would of course be prepared to discuss its views on these issues further in briefing or at a status conference should the Court direct.

### 2. Eleventh Circuit Trial Group Plaintiffs' Position

This Court asked the parties to state their views regarding the Court's January 14, 2010 Order,[2] which indicated that the Court was considering resolving AstraZeneca's preemption defense "via jury trial [in the ECTG] by employing a panel of jurors to consider preemption apart from a full jury trial."[3] Preliminarily, the ECTG Plaintiffs believe the Order signals, at a minimum, that one or more genuine issues of material fact prevent the Court from granting summary judgment in AstraZeneca's favor on federal preemption grounds, and therefore indicates that the Court intends to deny AstraZeneca's Motion.[4] (*See* Doc. 1391.) However, for the prevailing legal, procedural, and

---

[2] *See* Order "relat[ing] to the thirty-eight cases scheduled for trial in the Middle District of Florida in 2011" (Doc. 1599, hereinafter, the "Order"), also known as the "Eleventh Circuit Trial Group" or "ECTG," dated Jan. 14, 2010.

[3] *Id.* On July 31, 2007 (Doc. 329), AstraZeneca initially moved for summary judgment on preemption grounds against 11 MDL cases, a motion that the Court denied without prejudice on November 6, 2007 (Doc. 644). AstraZeneca then re-raised a narrower preemption argument in a partial summary judgment motion (limited to claims arising sometime in 2004 through June 2007) against all MDL Plaintiffs on March 23, 2009 (Doc. 1391, hereinafter, the "Motion") following the United States Supreme Court's decision in *Wyeth v. Levine*. The Motion expressly requested that briefing and decision be reserved "on other *aspects* of its federal preemption defense," including but not limited to "warning claims for the periods" other than those years addressed in the Motion. (Mot. at 2-3 (Doc. 1391)).

[4] As the Court is aware, under Fed. R. Civ. P. 56(c)(2), this Court must deny AstraZeneca's Motion if it finds that a genuine issue of material fact exists on any element of AstraZeneca's affirmative defense. Conversely, to grant these motions, this Court would have to find that

constitutional reasons that follow, the ECTG Plaintiffs respectfully contend that the preemption issue may not be decided by a special jury for prevailing legal, procedural, and constitutional reasons.

*First*, federal preemption is a question of law. *Brown v. Brown & Williamson Tobacco Corp.*, 479 F.3d 383, 387 (5th Cir. 2007) ("Preemption by federal law of a common law cause of action is a question of law . . . ."). As the Court is aware and as Plaintiffs have emphasized in their prior briefing, in the case of preemption of pharmaceutical claims after *Wyeth v. Levine*, "absent *clear evidence* that the FDA would *not* have approved a change to [a drug's] label, [the courts should] not conclude that it was impossible for [the defendant drug company] to comply with both federal and state requirements." *Levine*, 129 S. Ct. 1187, 1198 (2009) (emphasis added). There is no such evidence here. Therefore, the Court should deny AstraZeneca's preemption defense on purely legal grounds, rather than send that issue to a jury. *Bruley v. Village Green Mgmt. Co.*, 592 F. Supp. 2d 1381, 1388 (M.D. Fla. 2008) ("Where unresolved issues are primarily legal than factual, [determination of those issues on] summary judgment is particularly appropriate.").

Additionally, AstraZeneca's Motion hinges on a fatally flawed legal premise, which Plaintiffs invalidated in their Response to the Motion. (Doc. 1396, hereinafter, the "Response," at 15-16, 19-21, 26-27.) The Motion contends that because the FDA "mandated" an antipsychotic class warning in 2003-04, the FDA would have rejected any

---

AstraZeneca proved each element of its defense *conclusively*. *EEOC v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De P.R*., 279 F.3d 49, 55 (1st Cir. 2002); *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986); *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986).

9

stronger warning advocated by Plaintiffs. (*See*, *e.g.*, Defs.' Mot. at 19-20.) *The entire Motion is founded on this contention.* (Defs.' Mot. at 1 (x2), 3, 5 (x4), 6 (x2), 7, 8, 15, 17, 18, 19 (x3), 20, 22, 24, 25, 27.). AstraZeneca's contention that the FDA "mandated" a label change is in and of itself *legally* baseless. Under *Levine*, as in any implied conflict preemption analysis, AstraZeneca must have identified a statute or regulation "bearing the force of law . . ." in order to "occasion [the Court] to consider [its] preemptive effect." *See Levine*, 129 S. Ct. at 1204 (rejecting, for example, consideration of preemptive effect of FDA's 2006 regulatory "preamble" because it had no "force of law"); *id.* at 1200 (*only "an agency regulation with the force of law can pre-empt conflicting state requirements"*). Here, the FDA had no legal authority—no "force of law"—to "mandate" that drug manufacturers adopt a particular label until September 2007, notwithstanding AstraZeneca's assertions that the 2003-04 label change was "mandatory."[5] *See Levine*, 129 S. Ct. at 1196, 1198. (Pls.' Resp. at 15-16, 19-21, 26-27.)

Therefore, because implied conflict preemption requires, by definition, that "state law is in actual conflict with *federal law*," such that it is "impossible" to comply with both laws, or the state law "stands as an obstacle to the *full purposes and objectives of Congress*," there is nothing factual for a special jury to consider here because the issue may be decided as a matter of law, not fact. *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (U.S. 1995) (emphasis added). AstraZeneca has identified no federal law or regulation, or purpose or objective of Congress "bearing the force of law" that compelled adoption of the class label. *Levine*, 129 S. Ct. at 1204. (*See, e.g.*, Defs.' Mot. at 20

---

[5] September 2007 is, obviously, beyond the period in which the Motion contends Plaintiffs' claims were preempted.

(repeating the legally inaccurate premise, refuted by *Levine*, that the "FDA exercised its *congressionally delegated authority to mandate classwide labeling* concerning the alleged risks of diabetes and hyperglycemia" (emphasis added).) If the FDA had no legal authority to "mandate" the class label, then the entire premise of AstraZeneca's argument that the FDA would have rejected a stronger warning after "writing itself" and "mandating" the class warning fails. The Court should deny the Motion on purely legal grounds.

*Second*, even if the Court denies AstraZeneca's Motion based on unresolved factual questions—which it should not, as shown above—trying the preemption issue before a special jury presents what Plaintiffs and AstraZeneca apparently view as insurmountable procedural and constitutional roadblocks.

An advisory jury may not be utilized under Federal Rule of Civil Procedure 39(c), for example, because all parties have timely exercised their rights to trial by jury.[6] Additionally, bifurcation of the preemption affirmative defense for trial under Federal Rule of Civil Procedure 42(b) would conflict with the parties' Seventh Amendment jury trial guarantee because the issues underlying preemption and the parties' other claims and defenses are integrally interwoven.[7]

---

[6] *See* Fed. R. Civ. P. 39(c); *Fischer Imaging Corp. v. Gen. Elec. Co.*, 187 F.3d 1187, 1174 (10th Cir. 1999) ("[U]se of advisory jury does not satisfy a party's constitutional right to a jury trial . . . .").

[7] Fed. R. Civ. P. 42(b) ("When ordering a separate trial, the court must preserve any federal right to a jury trial."); *see In re Plywood Antitrust Litig.*, 655 F.2d 627, 636 (5th Cir. 1981) (stating that "in a bifurcated proceeding, the issue or issues to be tried separately in the second trial must be so distinct and separable from the others that a trial of it or them alone may be had without injustice," and approving bifurcation of damages computations in that case where "[r]esolution of those issues, whether by jury, court, or stipulation, will not implicate the integrity of the original

With respect to bifurcation, assuming *arguendo* that the Court rejects the Plaintiffs' dispositive argument that the FDA had no power under law to "mandate" a particular warning, AstraZeneca's federal preemption defense and Plaintiffs' failure to warn claims *so* overlap, jury resolution of one issue overwhelmingly impacts the other. Suppose the special jury in the preemption trial, for example, rejects AstraZeneca's contention that the FDA "mandated" the class warning in 2003-04, adopting instead Plaintiffs' proof and arguments that AstraZeneca had reasonable evidence of an association between Seroquel and diabetes in 2000. On that basis, the special jury finds that AstraZeneca should have strengthened Seroquel's warning in 2000 pursuant to the CBE regulations. But, in the process, the jury has also unwittingly decided in Plaintiffs' favor, at least in significant part, the failure to warn claim, which was not intended to be tried before the special jury. Based on the special jury's finding that AstraZeneca should have made a CBE label change in 2000, Plaintiffs would rightfully argue that the failure to warn issue—save, perhaps, causation and damages—had been established as "law of the case"—not to mention, perhaps, "law of the litigation." AstraZeneca, on the other hand, might legitimately argue that it was constitutionally deprived of presenting any other defense to the failure to warn claim in the special trial because only the preemption defense was at issue in that trial.

---

jury verdict"); *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978) ("[S]eparation of issues is not the usual course that should be followed[;] . . . the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice."); *accord Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931) (holding that a partial *new trial* may be granted only when "it clearly appears that the issue to be retried is so distinct and separate from the others that a trial of it alone may be had without injustice"); *Tharpe v. Illinois Nat'l Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky. 2001) (rejecting bifurcation where court could not "fathom as a practical matter how . . . issues can be separated for purposes of . . . trial").

Moreover, jury determination of the federal preemption issue is ripe for inconsistent verdicts, whether or not the same "special" jury tries both the preemption defense and the "full jury trial." (Order (Doc. 1599) ¶ 2.) In the full jury trial, the same special jury might be swayed by AstraZeneca's other defenses and evidence countering a Plaintiff's failure to warn claim, resulting in a verdict inconsistent with the special jury's earlier federal preemption verdict. A new jury might likewise determine AstraZeneca had no duty to strengthen its warning in 2000, contrary to the finding of the special jury.[8] All the permutations on those and similar scenarios are too numerous to mention here; they at times favor one party or the other, but all or most likely lead to expensive retrials or reversible error. *See Blue Bird*, 573 F.2d at 318 ("Th[e] limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact."); *id.* ("Such a rule is dictated for the very practical reason that if separate juries are allowed to pass on issues involving overlapping legal and factual questions the verdicts rendered by each jury could be inconsistent.").

*Finally*, with respect to AstraZeneca's proposal that the Court hold a limited evidentiary hearing, possibly involving an advisory jury, such a proposal similarly runs counter to the parties' right to a jury trial, which has not been waived by Plaintiffs or by AstraZeneca. Indeed, it is prohibitively difficult to envision a fair and constitutional

---

[8] Additionally, the fact that AstraZeneca has expressly requested that briefing and decision be reserved "on other *aspects* of its federal preemption defense," including but not limited to "warning claims for the periods" other than those years addressed in the Motion (Mot. at 2-3 (Doc. 1391)), highlights the potential for inconsistent verdicts and legal decisions by the Courts within the confines of the federal preemption issue itself.

mechanism for trying the preemption issue alone that avoids the above-identified obstacles.

Therefore, in line with AstraZeneca's grave reservations regarding a separate preemption trial, ECTG Plaintiffs contend that a special trial on the federal preemption issue alone may be had without producing procedurally and/or constitutionally infirm results. Instead, the Court should deny AstraZeneca's Motion as a matter of law.

Respectfully submitted on this 16th day of February, 2010.

| | |
|---|---|
| */s/ Edward F. Blizzard* <br> Edward F. Blizzard <br> Holly W. Gibson <br> BLIZZARD, MCCARTHY & <br> NABERS, LLP <br> 440 Louisiana, Suite 1710 <br> Houston, Texas 77002 <br> Telephone: (713) 581-8451 <br> hgibson@blizzardlaw.com <br><br> *Counsel for Certain Eleventh Circuit Trial Group Plaintiffs and Plaintiff Contact Person for Case-Specific Discovery* | */s/ Fred T. Magaziner* <br> Fred T. Magaziner <br> A. Elizabeth Balakhani <br> DECHERT LLP <br> 2929 Arch Street <br> Philadelphia, PA  19103 <br> Telephone: (215) 994-4000 <br> Facsimile: (215) 994-2222 <br> fred.magaziner@dechert.com <br><br> Chris S. Coutroulis <br> CARLTON FIELDS, P.A. <br> Corporate Center Three at <br> International Plaza <br> 4221 W. Boy Scout Blvd. <br> Tampa, FL  22607 <br> Telephone: (813) 223-7000 <br> Facsimile: (813) 229-4133 <br> ccoutroulis@carltonfields.com <br><br> *Counsel for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals LP* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 16, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' liaison counsel, who is charged with serving any non-CM/ECF participants on the attached Service List.

                                                       */s/ A. Elizabeth Balakhani*

**In Re: Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

| | |
|---|---|
| Paul J. Pennock, Esq.<br>Michael E. Pederson, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane - 17th Floor<br>New York, NY 10038<br>Telephone: (212) 558-5500<br>Ppennock@weitzlux.com<br>MPederson@weitzlux.com<br>*Plaintiffs' Lead Counsel* | Camp Bailey, Esq.<br>Michael W. Perrin, Esq.<br>Fletcher Trammell, Esq.<br>Bailey Perrin Bailey LLP<br>The Lyric Centre<br>440 Louisiana, Suite 2100<br>Houston, TX 77002<br>Telephone: (713) 425-7240<br>cbailey@bpblaw.com<br>mperrin@bpblaw.com<br>Plaintiffs' Lead Counsel |
| Larry Roth, Esq.<br>Law Offices of Larry M. Roth, P.A.<br>Post Office Box 547637<br>Orlando, FL  32854-7637<br>Telephone: (407) 872-2239<br>LROTH@roth-law.com<br>*Plaintiffs' Liaison Counsel* | Tommy Fibich, Esq.<br>Fibich, Hampton & Leebron, L.L.P.<br>1401 McKinney, Suite 1800<br>Five Houston Center<br>Houston, TX 77010<br>Telephone: (713) 751-0025<br>tfibich@fhl-law.com |
| Matthew F. Pawa, Esq.<br>Law Offices of Matthew F. Pawa, P.C.<br>1280 Centre St., Suite 230<br>Newton Centre, MA 02459<br>Telephone: (617) 641-9550<br>Mp@pawalaw.com | Robert L. Salim, Esq.<br>Robert L. Salim Attorney at Law<br>P.O. Box 2069<br>Natchitoches, LA 71457-2069<br>Telephone: (318) 352-5999<br>robertsalim@cp-tel.net |
| Keith M. Jensen, Esq.<br>Jensen, Belew & Gonzalez, PLLC<br>1024 North Main<br>Fort Worth, TX 76106<br>Telephone: (817) 334-0762<br>kj@kjensenlaw.com | Scott Allen, Esq.<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, Texas 77019<br>Telephone: (713) 650-6600<br>sallen@crusescott.com |
| Matthew E. Lundy, Esq.<br>Lundy & Davis, LLP<br>333 North Sam Houston Parkway East<br>Suite 375<br>Houston, TX 77060<br>Telephone: (281) 272-0797<br>mlundy@lundydavis.com | E. Ashley Cranford<br>Whatley Drake & Callas<br>2001 Park Place North, Suite 1000<br>Birmingham, AL 35203<br>Telephone: (205) 328-9576<br>ACranford@wdklaw.com |

| | |
|---|---|
| Robert L. Ciotti, Esq.<br>Carlton Fields, P.A.<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, FL 33607-5736<br>Telephone: (813) 223-7000<br>rciotti@carltonfields.com<br>*Attorney for Defendants AstraZeneca Pharmaceuticals, LP, and AstraZeneca LP* | Gregory P. Forney, Esq.<br>Shaffer Lombardo Shurin<br>911 Main Street, Suite 2000<br>Kansas City, MO 64105<br>Telephone: (816) 931-0500<br>gforney@sls-law.com<br>rbish@sls-law.com<br>*Attorney for Defendant, Marguerite Devon French* |
| Randy Niemeyer<br>22442 Pike 309<br>Bowling Green, MO 63334-5209<br>*Pro Se* | Eric B. Milliken, Esq.<br>3 Sir Barton Ct.<br>Newark, DE 19702<br>*Pro Se* |
| Catherine Solomon<br>3100 N.E. 83<br>Gladstone, MO 64119<br>*Pro Se* | Louisiana Wholesale Drug Co. Inc.<br>C/O Gayle R. White<br>Registered Agent<br>Highway 167N<br>Sunset, LA 70584<br>*Pro Se* |
| Aaron C. Johnson, Esq.<br>Summers & Johnson<br>717 Thomas<br>Weston, MO 64098<br>Telephone: (816) 640-9940<br>firm@summersandjohnson.com | Robert A. Schwartz, Esq.<br>Bailey & Galyen<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744<br>bschwartz@galyen.com |
| Todd S. Hageman, Esq.<br>Simon and Passanante, PC<br>701 Market St., Suite 1450<br>St. Louis, MO 63101<br>Telephone: (314) 241-2929<br>thageman@spstl-law.com | Mark P. Robinson, Jr., Esq.<br>Robinson, Calcagnie & Robinson<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-1288<br>mrobinson@robinson-pilaw.com |
| Thomas F. Campion, Esq.<br>Steven M. Selna, Esq.<br>Drinker Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>Telephone: (973) 360-1100<br>Thomas.Campion@dbr.com<br>steven.selna@dbr.com<br>*Attorneys for Defendants Janssen Pharmaceutical Products and Johnson & Johnson Co.* | Michael Davis, Esq.<br>James Mizgala, Esq.<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:  (312) 853-7731<br>mdavis@sidley.com<br>jmizgala@sidley.com<br>*Attorneys for Defendants AstraZeneca LP and AstraZeneca Pharmaceuticals, LP* |

| | |
|---|---|
| Elizabeth Raines, Esq.<br>Baker, Sterchi, Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br>Telephone: (816) 471-2121<br>raines@bscr-law.com | Timothy Reese Balducci, Esq.<br>The Langston Law Firm, PA<br>P.O. Box 787<br>100 South Main Street<br>Booneville, MS 38829-0787<br>Telephone: (662) 728-3138<br>tbalducci@langstonlaw.com |
| Kenneth W. Bean, Esq.<br>Sandberg, Phoenix & von Gontard<br>One City Centre<br>15th Floor<br>St. Louis, MO 63101-1880<br>Telephone: (314) 231-3332<br>kbean@spvg.com<br>Attorney for Defendant Dr. Asif Habib | John Driscoll, Esq.<br>Brown & Crouppen, PC<br>720 Olive St.<br>St. Louis, MO 63101<br>Telephone: (314) 421-0216<br>Jdriscoll@brownandcrouppen.com<br>asmith@brownandcrouppen.com<br>blape@brownandcrouppen.com |
| Aaron K. Dickey, Esq.<br>Goldenberg and Heller, PC<br>P.O. Box 959<br>2227 S. State Road 157<br>Edwardsville, IL 62025<br>Telephone: (618) 650-7107<br>aaron@ghalaw.com | Matthew J. Hamilton, Esq.<br>Pepper Hamilton<br>3000 Two Logan Square<br>18th & Arch Street<br>Philadelphia, PA 19103<br>Telephone: (215) 981-4000<br>hamiltonm@pepperlaw.com |
| Justin Witkin, Esq.<br>Ken Smith, Esq.<br>Aylstock, Witkin & Sasser, PLC<br>4400 Bayou Boulevard<br>Suite 58<br>Pensacola, FL 32503<br>Telephone: (850) 916-7450<br>Jwitkin@AWS-LAW.com<br>ablankenship@aws-law.com<br>ksmith@aws-law.com<br>noverholtz@aws-law.com | David P. Matthews, Esq.<br>Lizy Santiago, Esq.<br>Matthews & Associates<br>2905 Sackett Street<br>Houston, TX 77098<br>Telephone: (713) 222-8080<br>dmatthews@thematthewslawfirm.com<br>lsantiago@thematthewslawfirm.com<br>msalazar@thematthewslawfirm.com |
| Howard Nations<br>Lori A. Siler<br>Howard L. Nations Attorney At Law<br>4515 Yoakum Blvd.<br>Houston, TX 77006-5895<br>Telephone: (713) 807-8400<br>nations@howardnations.com | Mary B. Cotton<br>John D. Giddens, P.A.<br>226 North President Street<br>P.O. Box 22546<br>Jackson, MS 39225-2546<br>Telephone:  (601) 355-2022<br>betsy@law-inc.com |

| | |
|---|---|
| Salvatore M. Machi<br>Ted Machi & Associates PC<br>18333 Egret Bay Blvd., Suite 120<br>Houston, TX 77058<br>Telephone: (281) 335-7744 | Jona R. Hefner, Esq.<br>3441 W. Memorial, Suite 4<br>Oklahoma City, OK 73134-7000<br>Telephone: (405) 286-3000<br>attorneyokc@hotmail.com |
| David Dickens<br>Miller & Associates<br>105 North Alfred Street<br>Alexandria, VA 22314-3010<br>(703) 519-8080<br>ddickens@doctoratlaw.com | Pete Schneider, Esq.<br>Grady, Schneider & Newman, L.L.P.<br>801 Congress, 4th Floor<br>Houston, TX 77002<br>(713) 228-2200<br>pschneider@gsnlaw.com |
| Fred T. Magaziner<br>Marjorie Shiekman<br>A. Elizabeth Balakhani<br>Shane T. Prince<br>Eben S. Flaster<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-4000<br>fred.magaziner@dechert.com<br>shane.prince@dechert.com<br>marjorie.shiekman@dechert.com<br>eben.flaster@dechert.com<br>elizabeth.balakhani@dechert.com | Lawrence J. Gornick, Esq.<br>William A. Levin, Esq.<br>Dennis J. Canty, Esq.<br>Levin Simes Kaiser & Gornick LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 646-7160<br>lgornick@lskg-law.com<br>dcanty@lskg-law.com<br>lsimes@levins-law.com<br>jkaiser@lskg-law.com<br>echarley@lskg-law.com<br>ddecarli@lskg-law.com<br>bsund@lskg-law.com<br>astavrakaras@lskg-law.com |
| Scott Burdine, Esq.<br>Hagans Burdine Montgomery<br>Rustay & Winchester, P.C.<br>3200 Travis, Fourth Floor<br>Houston, TX 77006<br>Telephone: (713) 222-2700<br>sburdine@hagans-law.com | Lowell Finson<br>Phillips & Associates<br>3030 North 3rd Street<br>Suite 1100<br>Phoenix, AZ 85012<br>(602) 258-8900, ext. 295<br>lowellf@phillipslaw.ws |
| Gale D. Pearson<br>Stephen J. Randall<br>Pearson, Randall & Schumacher, P.A.<br>Fifth Street Towers, Suite 1025<br>100 South 5th Street<br>Minneapolis, MN 55402<br>(612) 767-7500<br>attorneys@outtech.com | Robert H. Shultz<br>Heyl, Royster<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>(618) 656-4646<br>rshultz@hrva.com<br>bwallace@hrva.com |

19

| | |
|---|---|
| Ellen R. Serbin<br>Perona, Langer, Beck, Lalande & Serbin<br>300 San Antonio Drive<br>Long Beach, CA 90807-0948<br>(562) 426-6155<br>davidhwang@plblaw.com | Scott Armstrong<br>1719 West Main Street<br>Suite 201<br>Rapid City, SD 57702<br>(605) 399-3994<br>scottarmstrong1235@eathlink.net |
| Linda S. Svitak<br>Faegre & Benson, LLP<br>90 South 7th Street, Suite 2200<br>Minneapolis, MN 55402-3901<br>(612)766-7000<br>lsvitak@faegre.com<br>wjohnson@faegre.com | James J. Freebery<br>McCarter & English, LLP<br>919 N. Market Street, 18th Floor<br>Wilmington, DE 19801<br>(973) 622-4444<br>jfreebery@mccarter.com<br>tpearson@mccarter.com |
| Richard D. Hailey<br>Ramey & Hailey<br>3891 Eagle Creek Parkway<br>Suite C<br>Indianapolis, IN<br>(317) 299-0400<br>rhailey@sprynet.com | B. Andrew List<br>Clark, Perdue, Arnold & Scott<br>471 East Broad Street, Suite 1400<br>Columbus, OH 43215<br>(614) 469-1400<br>alist@cpaslaw.com<br>lcollins@cpaslaw.com |