**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>ALL NON-"ELEVENTH CIRCUIT TRIAL GROUP" MDL CASES | MDL DOCKET NO:<br>6:06-MDL-1769-ACC-DAB |

**NON-"ELEVENTH CIRCUIT TRIAL GROUP" MDL PLAINTIFFS' SUBMISSION REGARDING COURT'S SUGGESTION OF SPECIAL TRIAL ON ISSUE OF <u>FEDERAL PREEMPTION (ORDER DOC. NO. 1599)</u>**

On January 14, 2010, the Court issued an Order (Doc. 1599, hereinafter the "Order") regarding "the thirty-eight cases scheduled for trial in the Middle District of Florida in 2011"—a/k/a the "Eleventh Circuit Trial Group" ("ECTG")—requesting the parties' positions on the Court's suggestion of a special trial to decide AstraZeneca's federal preemption defense. In an abundance of caution, MDL Plaintiffs' Co-Lead and Liaison Counsel (hereinafter, "Lead and Liaison Counsel"),[1] having been responsible for all the MDL Plaintiffs' filings and arguments in this Court on federal preemption, and because the ECTG

---

[1] In Case Management Order No. 1 ("CMO 1"), this Court ordered the MDL Plaintiffs to designate Lead Counsel in significant part to deal with AstraZeneca's counsel day-to-day, to initiate and coordinate discovery, and to submit and respond to motions on behalf of all MDL Plaintiffs. (CMO 1 (Doc. 130) at 3-4.) Plaintiffs designated Paul Pennock and Camp Bailey as Plaintiffs' "Co-Lead Counsel." The Court rejected MDL Plaintiffs' proposal for appointment of a Plaintiffs' Steering Committee ("PSC") to organize, coordinate, and share case preparation responsibilities relative to all MDL Plaintiffs' cases, as well as to share costs associated with discovery, motion practice, hearings, and the like. (*See* Doc. 8 at 2; CMO 1 (Doc. 130) at 3-4.) Instead, over the previous four years, Co-Lead Counsel's respective firms have, with limited exceptions, conducted all Plaintiffs' pretrial work in the MDL.
   In addition, in CMO 1 the Court ordered the MDL Plaintiffs to designate Liaison Counsel, primarily to coordinate and execute administrative tasks for the MDL Plaintiffs, such as filing and service. (*Id.* at 5.) The MDL Plaintiffs designated Larry Roth as the MDL Plaintiffs Liaison Counsel. Mr. Roth has dutifully served on behalf of all MDL Plaintiffs since approximately late 2006/early 2007.

Plaintiffs' counsel have had no involvement in the two-plus years of preemption motion practice and oral arguments before this Court, file this separate submission with respect to ¶ 2 of the Order so as to address the following issues uniquely pertaining to the MDL Plaintiffs' cases:

1. As made clear in the Order Vacating CTO-93 issued by the Judicial Panel on Multidistrict Litigation ("JPML") within the last 11 days, "the work of [this] transferee [C]ourt has reached an advanced stage." (JPML Order Vacating CTO-93 (Feb. 5, 2010) at 1 (hereinafter "JPML Order").) "All common discovery [is] complete[]," Your Honor "has made many well considered and useful rulings on procedural, substantive and evidentiary issues," and the Court "is preparing to suggest remand under Section 1407 . . . ." (*Id.*) In light of those circumstances, Lead and Liaison Counsel are compelled to address the effect of a 'special preemption trial' in the ECTG relative to the MDL Plaintiffs' cases.

2. This Court has previously ordered that prior to remand of the MDL cases, it would decide "whether partial summary judgment is warranted based on the doctrine of federal preemption." (Doc. 1419 at 2.) The only pending summary judgment motion before the Court on federal preemption grounds was filed by AstraZeneca in the MDL as to all MDL Plaintiffs (Doc. 1391, hereinafter, the "Motion"), and responded to and argued by attorneys from one or more of Lead and Liaison Counsel's law firms on behalf of all MDL Plaintiffs (Doc. 1396). The ECTG Plaintiffs believe the Order addressed to them suggests the Court intends to deny AstraZeneca's Motion. (*See* Doc. 1609 at 8 ("[T]he ECTG Plaintiffs believe the Order signals, at a minimum, that one or more genuine issues of material fact prevent the Court from granting summary judgment in AstraZeneca's favor on

federal preemption grounds, and therefore indicates that the Court intends to deny AstraZeneca's Motion.").)

3. While the MDL Plaintiffs agree the Court should deny the Motion—although, like ECTG Plaintiffs, they contend the Motion fails on purely legal grounds (*id.* at 9-11)—the MDL Plaintiffs respectfully seek to clarify that any trial on the preemption issue held in the ECTG is necessarily limited to that particular ECTG case, and should not purport to address or dispose of the preemption issue MDL-wide. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) ([T]he straightforward language imposing the [JPML's] responsibility to remand . . . bars recognizing any self-assignment power in a transferee court . . . ."); *see* Manual for Complex Litig. § 20.132 (4th ed.) (explaining, under *Lexecon*, that trial outcomes in cases filed directly in the transferee court may bind MDL cases originally filed elsewhere only upon consent of the parties). AstraZeneca acknowledges this limitation as well in its joint filing with the ECTG Plaintiffs today. (Doc. 1609 at 7 n. 1 ("AstraZeneca notes that, to the extent a preemption jury trial would involve cases not filed in the Eleventh Circuit or Middle District, it would raise concerns as to the Court's adjudicatory authority and jurisdiction under *Lexecon* . . . .").)[2] MDL Plaintiffs believe the Court also rightly recognizes this limitation by directing the Order to the ECTG Plaintiffs.

---

[2] The MDL Plaintiffs also adopt all the reasons that a special trial on federal preemption is not legally, procedurally, or constitutionally necessary and/or permissible that were identified by the ECTG Plaintiffs and AstraZeneca in their joint filing submitted today. (Doc. 1609 at 8-14, incorporated by reference as if repeated in full herein.)

4. More generally, in light of the fact that MDL Plaintiffs' cases and the ECTG Plaintiffs' cases are, for the time being, presently before the Court, under *Lexecon* it is critical to distinguish that trial preparation occurring for the ECTG cases, including but not limited to discovery, motion practice, and Orders related thereto, is occurring independently of the MDL and only on behalf of the ECTG cases. *See id.* This distinction is also important given that **Lead and Liaison Counsel do not represent any ECTG Plaintiffs** and, for example, have not participated in case-specific discovery (such as that identified in Special Master Brown's report yesterday (Doc. 1607)), pretrial scheduling negotiations and agreements (as exemplified in today's AstraZeneca/ECTG joint filing (Doc. 1609 at 1-4)), or motion practice undertaken in the ECTG (like AstraZeneca's motion to return certain plaintiffs' cases to the ECTG, and those plaintiffs' response (Docs. 1601, 1605 respectively)).

5. It is without question this Court has expeditiously and efficiently concluded its work as an MDL transferee tribunal, and has now turned to the separate work of preparing ECTG cases for trial. The JPML evidently believes that transferred cases are ripe for remand and has deemed future transfers unwarranted. (JPML Order at 1.) In vacating conditional transfer of approximately 1,000 new cases to the MDL, the JPML determined that inclusion of such "actions in MDL No. 1769 is no longer necessary to achieve the just and efficient conduct of the litigation." (*Id.*) The JPML added that "judges presiding over subsequent actions can almost certainly find useful guidance in [Chief] Judge Conway's many pretrial rulings. Thus, even absent transfer, most of the benefits of the MDL are available to expedite resolution of the subject actions." (*Id.*)

6. Nevertheless, until such time as the JPML grants this Court's Suggestion of Remand for the non-ECTG cases, presumably alleviating the need for Lead and Liaison Counsel, Counsel considered it prudent to weigh in on this remaining issue of importance to all cases.

DATED: February 16, 2010                    Respectfully submitted,


        By: /s/ Larry M. Roth
            Larry M. Roth, Fla. Bar No. 208116
            LAW OFFICE OF LARRY M. ROTH, P.A.
            1615 Edgewater Drive, Suite 180 [32804]
            Post Office Box 547637
            Orlando, Florida 32854-7637
            Telephone – 407.872.2239
            Facsimile – 407.872.6927
            Email – lroth@roth-law.com

            MDL PLAINTIFFS' LIAISON COUNSEL


        By: /s/ K. Camp Bailey
            F. Kenneth Bailey, Jr.
            K. Camp Bailey
            Fletcher V. Trammell
            Robert W. Cowan
            BAILEY PERRIN BAILEY
            440 Louisiana Street, Suite 2100
            Houston, Texas 77002
            Telephone – 713.425.7100
            Facsimile – 713.425.7101
            Email – kbailey@bpblaw.com
                   cbailey@bpblaw.com
                   ftrammell@bpblaw.com
                   rcowan@bpblaw.com

            CO-LEAD COUNSEL FOR MDL PLAINTIFFS

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 16th day of February, 2010, I electronically filed the foregoing: NON-"ELEVENTH CIRCUIT TRIAL GROUP" MDL PLAINTIFFS' SUBMISSION REGARDING COURT'S SUGGESTION OF SPECIAL TRIAL ON ISSUE OF FEDERAL PREEMPTION (ORDER DOC. NO. 1599) with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

      /s/ Robert W. Cowan
      Robert W. Cowan