**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION** <br><br> This document relates to: <br><br> ALL MDL CASES | **MDL DOCKET NO: 6:06-MDL-1769-ACC-DAB** |

### NOTICE REGARDING MEDIATOR STATUS REPORT OF APRIL 2, 2010

The MDL Plaintiffs (hereinafter, "Plaintiffs") file this short notice to the Court clarifying information relative to certain representations made in Court-appointed Mediator Stephen A. Saltzburg's April 2, 2010 Mediator's Status Report ("Status Report"). As a general matter, Plaintiffs are certainly not unwilling to engage in any good faith, reasonable efforts that may foster resolution of these matters short of further litigation, and have repeatedly communicated the same to both the Mediator and AstraZeneca's counsel.

However, in the Status Report, the Mediator relates AstraZeneca's assurances to him and his judgment that "serious efforts at settlement will commence without delay" if MDL and non-MDL plaintiffs produce medical records to AstraZeneca pursuant to the Mediator's "Mediation Protocol for Medical Records."[1] The Mediator also suggests that "[t]he Court's encouragement of prompt submission of medical records by plaintiff firms that are in the MDL might help to get the medical records in more quickly" for both MDL and non-MDL cases.[2]

---

[1] Status Report at 5; *see* Status Report App. I.

[2] *Id.* at 3.

Plaintiffs desire to notify the Mediator, and remind the Court, that pursuant to their Plaintiff Fact Sheet ("PFS") obligations, Plaintiffs provided AstraZeneca with executed PFSs including full medical records authorizations commencing at the latest in early 2007.[3] After protracted negotiations, AstraZeneca and Plaintiffs ultimately agreed to a "long-form" PFS/medical authorization process including a single, "official" medical records retrieval and repository service—RecordTrak, Inc.—to facilitate unified medical record collection and access for both sides.[4] The Court subsequently dismissed with prejudice those Plaintiffs who did not timely comply with the PFS/authorization process.[5]  Therefore, since 2007, AstraZeneca has had and continues to have access to the very medical records that AstraZeneca apparently assures the Mediator will help facilitate settlement negotiations.[6]

Fulfillment of the Mediator's suggested *re*-production of any portion of those records would entail wasteful, expensive, and time-consuming efforts on Plaintiffs' and AstraZeneca's part. Indeed, the Mediator has informed Plaintiffs' counsel that AstraZeneca

---

[3] *See* MDL Doc. Nos. 64, 113, 129, 285.

[4] *See, e.g.*, MDL Doc. No. 45 at 1:

> [C]ounsel for AstraZeneca informed plaintiffs that the[ir] proposed . . . approach was unacceptable, explaining that the minimal information provided by plaintiffs' one-page initial disclosure would not provide the essential information needed by AstraZeneca to collect records and defend these cases . . . .

*See also* Hr'g Tr. (Sept. 7, 2006 (MDL Doc. No. 32)) at 30:19-25:

> [BY ASTRAZENECA'S COUNSEL MICHAEL W. DAVIS:] What we ordinarily do, if I may Your Honor, is get a service which issues the authorizations that have been signed by plaintiffs and we work out the sharing of the cost of that. This way they don't have to do a separate location and obtaining of records and we don't either. It's a service that we've worked out and we share the cost.[;]

MDL Doc. No. 95 at 5 (expressing AstraZeneca's desire to "commence record collection immediately").

[5] *See* MDL Doc. Nos. 95, 129, 285; *see, e.g.*, MDL Doc. Nos. 481, 583.

[6] This is at least true for the cases pending in the MDL.

is satisfied with its access to medical records for the vast majority of Plaintiffs with cases pending in the MDL. The Court too has made clear its satisfaction that Plaintiffs have met their discovery obligations to date.[7] Additional "encouragement" by this Court is therefore not needed for cases pending in the MDL and may not have any binding effect on the cases pending in state court, which seem to be the real focus of the Mediator's concern.[8]

DATED: April 5, 2010

Respectfully submitted,

By: /s/ K. Camp Bailey
    F. Kenneth Bailey, Jr.
    K. Camp Bailey
    Fletcher V. Trammell
    Robert W. Cowan
    **BAILEY PERRIN BAILEY**
    440 Louisiana Street, Suite 2100
    Houston, Texas 77002
    Telephone – 713.425.7100
    Facsimile – 713.425.7101
    Email – kbailey@bpblaw.com
            cbailey@bpblaw.com
            ftrammell@bpblaw.com
            rcowan@bpblaw.com

    MDL PLAINTIFFS' CO-LEAD COUNSEL

---

[7] *See* MDL Doc. 1419 at 1.

[8] *See* Status Report at 3.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 5th day of April, 2010, I electronically filed the foregoing: NOTICE REGARDING MEDIATOR STATUS REPORT OF APRIL 2, 2010 with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                                    /s/ Robert W. Cowan
                                                    Robert W. Cowan