**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | |
| This document relates to: | No. 6:06-MDL-1769-ACC-DAB |
| *All Non-"Eleventh Circuit Trial Group" MDL Plaintiffs' Cases* | |

**MDL PLAINTIFFS' OPPOSED MOTION AND INCORPORATED MEMORANDUM
REGARDING THE COURT'S SUGGESTION OF REMAND**

The non-"Eleventh Circuit Trial Group" ("ECTG") MDL Plaintiffs (hereinafter, "MDL Plaintiffs") in this multidistrict litigation file this Opposed Motion and Incorporated Memorandum Regarding the Court's Suggestion of Remand, and respectfully move the Court to issue the portended Suggestion of Remand. The Suggestion of Remand will confirm for the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") that the Court's work as an MDL tribunal – already recognized by the J.P.M.L. as having "reached an advanced stage"[1] – is now complete.

Because of the J.P.M.L. Order denying transfer to the MDL of nearly 1,000 recently filed cases in the Northern District of California, as well as untold numbers of future case filings in courts around the country, the MDL Plaintiffs' cases on hold in the MDL may reach trial substantially later than those nascent cases pending in other jurisdictions. Given the advanced state of the proceedings here, all parties and their counsel stand to benefit – in terms of calendaring, case review, trial preparation, and resource allocation, not to mention

---

[1] J.P.M.L. Order Vacating CTO-93 (Feb. 5, 2010) at 1 (hereinafter "J.P.M.L. Order").

1

swift justice – from this Court's promptly suggesting remand to the J.P.M.L., and in that regard the MDL Plaintiffs would respectfully show this Court as follows:

1. AstraZeneca announced in a filing last week in the Delaware consolidated proceeding that it "is not afraid of litigating Seroquel mass tort cases; and in any event, every time it has been allowed to do so, it has won." Yet, it persists in urging delay in this Court, which has proven to be a tried and true formula for AstraZeneca whenever the Seroquel litigation steers in a direction it doesn't like—e.g., opposing establishment of the MDL in the first place, impeding discovery to a sanctionable degree, objecting to the formation of a bellwether trial program, extensively blocking disclosure of internal documents ultimately deemed as undeserving of confidentiality protections, and exhausting the past year attempting to avoid remand of these cases at every turn. Indeed, it opposes the relief the MDL Plaintiffs seek in this Motion.

2. AstraZeneca has spent over $1 billion in large part facilitating the defense strategy of delay, an amount which also includes (in stark contrast to its litigation approach in this Court) a half billion dollars to plea out of a United States Department of Justice investigation of AstraZeneca's misrepresentations of Seroquel's safety and efficacy (paralleling claims that MDL Plaintiffs assert) pending in the Eastern District of Pennsylvania.[2] As the Court recognized in the most recent status conference, "Certainly MDLs are MDLs in large part because [the J.P.M.L.] expect[s] a settlement to come out of it . . . ." (MDL Doc. No. 1582 at 27:9-11.) But, when resolution doesn't happen, then the

---

[2] Jeanne Whalen & Jason Douglas, *AstraZeneca Settles Seroquel Probe; Net Profits Jump*, Wall St. J., Oct. 30, 2009, *available at* http://online.wsj.com/article/SB10001424052748703363704574503022289816510.html; *see also* AstraZeneca 2009 Annual Report, *available at* http://www.astrazeneca-annualreports.com/2009/downloads/AstraZeneca_ARA_09.pdf.

prudent course is to transition to a decentralized process "of multiple trials, involving different juries, and different standards of liability, in different jurisdictions" in order to fairly and accurately evaluate the individual cases comprising the whole. *In re Bridgestone/Firestone Inc. Tire Prods. Liab. Litig.*, 288 F.3d 1012, 1020 (7th Cir. 2002).

3. In conducting this MDL, the Court has dutifully attended to its 28 U.S.C. § 1407 obligations. As the J.P.M.L. recently determined, and this Court declared almost one year ago (*see* MDL Doc. No. 1419 at 1), "[a]ll common discovery [is] complete[]." (J.P.M.L. Order at 1.) Your Honor "has made many well considered and useful rulings on procedural, substantive and evidentiary issues and is preparing to suggest remand . . . ." (*Id.*) The J.P.M.L. also decided that future Seroquel cases need not be transferred to the MDL because, "even absent transfer, most of the benefits of the MDL are available to expedite resolution of the subject cases." (*Id.*) The J.P.M.L. Order accords with this Court's conclusion last May that "the transferor courts are in the best position to effectively and efficiently manage discovery on a case-by-case basis." (MDL Doc. No. 1419 at 1.)

4. The Court has also effectively ruled on all remaining motions pending before it. This Court had previously ordered that prior to remand of the MDL cases, it would decide "whether partial summary judgment is warranted based on the doctrine of federal preemption." (MDL Doc. 1419 at 2.) The Court has expressed its apparent intent to deny AstraZeneca's preemption motion (MDL Doc. 1391), as both the MDL and ECTG Plaintiffs explained in their filings on February 16, 2010. (MDL Docs. 1609 at 8-11 & 1610 at 2-3.)[3]

---

[3] To the extent the Court still intends to rule on deposition designations of the generic witnesses submitted by both Plaintiffs and AstraZeneca, the MDL Plaintiffs would strongly urge the Court to defer those rulings to the transferor courts for consideration in light of case-specific presentations and circumstances. Without question, the deposition designations submitted by the parties in the first days of January 2009 were

5. In light of the Court's efforts and progress, the length of time that MDL Plaintiffs' cases have been pending, the J.P.M.L.'s recent stoppage of transfers to the MDL, and federal law directing timely action by the transferee court, the Court's Suggestion of Remand should promptly issue. Federal law governing multi-district litigation requires that "[e]ach action so transferred" under section 1407 "shall be remanded . . . at or before the conclusion of . . . pretrial proceedings . . . ." 28 U.S.C. § 1407(a); *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (U.S. 1998) (declaring "obligat[ory]" the "remand [of] any pending case to its originating court when, at the latest, . . . pretrial proceedings have run their course").

6. MDL Plaintiffs anticipate that AstraZeneca will respond that the Court should wait to suggest remand until the ECTG cases are prepared for trial, or until some later time. There exists no support for such delay. In deciding whether to remand matters to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." *In re FedEx Ground Package Sys. Emplmt. Prac. Litig.*, MDL No. 527, 2010 U.S. Dist. LEXIS 5757, at *6 (N.D. Ind. Jan. 22, 2010) (quoting *In re Ins. Brokerage Antitrust Litig.*, Civ. Nos. 04-5184, 05-5696, 2009 U.S. Dist.

---

designated with the facts of the *Guinn* and *Haller* cases in mind, in preparation for the trial of those cases. Therefore, testimony regarding, for example, off-label use of Seroquel, use of Seroquel in children or the elderly, use of Seroquel at dosages different than that used by Guinn or Haller, or general testimony relative to specific AstraZeneca documents not relevant in *Guinn* and *Haller* was likely not included in the deposition designations made by either side. Thus, as cases have reached trial, or the eve of it, in other courts, both parties have painstakingly re-cut, re-negotiated, and submitted for court rulings where necessary new deposition cuts that are material to the particular facts of each case, notwithstanding the designations first made in this Court in *Guinn* and *Haller*. The deposition designations previously submitted to the Court should be set aside in favor of rulings by the transferor courts with an eye toward the material facts of each case. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (noting that though in limine rulings can save time, cost, effort and preparation, court is usually better situated during trial to assess evidence); *Rettiger v. IBP, Inc.*, No. 96-4015-SAC, 1999 U.S. Dist. LEXIS 7536, at *2 (D. Kan. 1999) (observing that court is almost always better situated during actual trial to assess value and utility of evidence).

LEXIS 17019, at *2 (D. N.J. March 3, 2009) (citing *In re Bridgestone/Firestone, Inc.*, 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001))). Here, the J.P.M.L. has already concluded that nearly 1,000 new claimants' lawsuits conditionally transferred in the fall of last year would *not* benefit from further coordinated proceedings in the MDL. (J.P.M.L. Order at 1 ("[W]e conclude that inclusion of these fifteen actions in MDL No. 1769 is no longer necessary to achieve the just and efficient conduct of the litigation. We see no reason why the parties in subsequent actions" would need to avail themselves of MDL consolidation.).) Similarly, there is no rationale supporting any continued benefit to the MDL Plaintiffs' cases from further coordinated proceedings.[4]

7. Further, there is no reason to assume that remanded cases cannot participate in ADR overseen by this Court or its appointed mediator. *See In re FedEx Ground*, 2010 U.S. Dist. LEXIS 5757, at *9-10 ("Justice is not served by making these plaintiffs wait without progress while other cases move forward through [pretrial proceedings], just because later ADR might produce a settlement. There is no reason to think this case can't be included in any later global settlement negotiations even if it is back in [the transferee court]."). In any event, MDL Plaintiffs would remind the Court of AstraZeneca's position that cases filed in the MDL are not "cases we would ever consider settling." (MDL Doc. No. 539 at 43:14-15.)

---

[4] As AstraZeneca has previously acknowledged, together with MDL and ECTG Plaintiffs, regarding the Court's suggestion of a special jury trial on the issue of federal preemption in the ECTG, individual trials in the ECTG—which necessarily must focus on the specific facts of a particular case—have limited reach with respect to their precedential effect on the remainder of the cases filed in the MDL and nationally. (*See* MDL Doc. No. 1609 at 7 n. 1 ("AstraZeneca notes that, to the extent a preemption jury trial would involve cases not filed in the Eleventh Circuit or Middle District, it would raise concerns as to the Court's adjudicatory authority and jurisdiction under *Lexecon* . . . ."); *accord* MDL Doc. No. 1610 at 3 ("MDL Plaintiffs respectfully seek to clarify that any trial on the preemption issue held in the ECTG is necessarily limited to that particular ECTG case, and should not purport to address or dispose of the preemption issue MDL-wide.").)

MDL Plaintiffs are unable to discern and report to the Court *any* departure by AstraZeneca from its staid position regarding ADR prospects.

WHEREFORE, PREMISES CONSIDERED, suggestion of remand by this Court as to the MDL Plaintiffs' cases should issue without undue delay.

DATED:  April 20, 2010                                   Respectfully submitted,

                By:  /s/ Larry M. Roth
                   Larry M. Roth, Fla. Bar No. 208116
                   LAW OFFICE OF LARRY M. ROTH, P.A.
                   1615 Edgewater Drive, Suite 180 [32804]
                   Post Office Box 547637
                   Orlando, Florida 32854-7637
                   Telephone – 407.872.2239
                   Facsimile – 407.872.6927
                   Email – lroth@roth-law.com

                   *MDL PLAINTIFFS' LIAISON COUNSEL*


                By:  /s/ K. Camp Bailey
                   F. Kenneth Bailey, Jr.
                   K. Camp Bailey
                   Fletcher V. Trammell
                   Robert W. Cowan
                   BAILEY PERRIN BAILEY
                   The Lyric Centre
                   440 Louisiana Street, Suite 2100
                   Houston, Texas 77002
                   Telephone – 713.425.7100
                   Facsimile – 713.425.7101
                   Email – kbailey@bpblaw.com
                   Email – cbailey@bpblaw.com
                   Email – ftrammell@bpblaw.com
                   Email – rcowan@bpblaw.com

                   *CO-LEAD COUNSEL FOR MDL PLAINTIFFS*

**CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 3.01(g)**

  I HEREBY CERTIFY that on the 19th day of April, 2010, I conferred with counsel for AstraZeneca pursuant to L.R. 3.01(g), who informed me that AstraZeneca continues to oppose the Court's suggestion of remand of Plaintiffs' MDL cases, and therefore the parties were unable to reach an agreed resolution regarding the subject matter of this Motion.

                /s/ Robert W. Cowan
                Robert W. Cowan

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 20th day of April, 2010, I electronically filed the foregoing: OPPOSED MOTION AND INCORPORATED MEMORANDUM REQUESTING THE COURT'S SUGGESTION OF REMAND with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                /s/ Robert W. Cowan
                Robert W. Cowan