**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to:<br><br>*McAlexander v. Astra USA, Inc., et al.*,<br>   No. 6:07-cv-10360-ACC-DAB<br>*Whittington v. Astra USA, Inc., et al.*,<br>   No. 6:07-cv-10475-ACC-DAB<br>*Curley v. AstraZeneca LP, et al.*,<br>   No. 6:07-cv-15701-ACC-DAB<br>*Unger v. AstraZeneca LP, et al.*,<br>   No. 6:07-cv-15812-ACC-DAB<br>*Burns v. AstraZeneca LP, et al.*,<br>   No. 6:07-cv-15959-ACC-DAB | **MDL DOCKET NO:**<br>**6:06-MDL-1769-ACC-DAB** |

**PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT'S**
**MARCH 4, 2009 ORDER (MDL DOC. NO. 1331)**

In an attempt to make the most efficient use of the Court's and parties' time, the above-referenced Plaintiffs respectfully request additional guidance from the Court with respect to a prior Order (MDL Doc. No. 1331 (the "Order").)

1.    On March 4, 2009, the Court denied Plaintiffs' Combined Supplemental Memorandum in Response to Defendants' *Daubert* and Summary Judgment Motions, and Plaintiffs' Incorporated Rule 56(f) Motion for Continuance. (*See* Order, MDL Doc. 1331 at 2 (denying MDL Doc. No. 1279 (hereinafter, the "Motion") (attached as Exhibit A).) The Court declared that it was denying the Motion "without prejudice to refiling, if appropriate, at the conclusion of the appeal in *Guinn v. AstraZeneca Pharmaceuticals LP, et al.*, No. 6:07-cv-10291-Orl-22DAB." (Order, MDL Doc. No. 1331 at 2 (underlined

1

emphasis added).)  Meanwhile, the Court stayed the Plaintiffs' cases while the *Guinn* appeal was taken.  (Order, MDL Doc. No. 1331 at 1-2.)

2.  As the Court is aware, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") decided *Guinn* on April 6, 2010.  On April 29, 2010, the Court began reinstating Plaintiffs' cases, setting pretrial conferences and summary judgment hearings in each case for the same day (June 3, 2010).  The Court also set commencement of trial in each case for the same day (July 1, 2010).  Reasonable inferences regarding the Court's expectations as to the disposition of Plaintiffs' cases may be drawn from those *en masse* settings.  (*See* Mot., MDL Doc. 1279, at 8-10 (Ex. A).)  However, those reasonable inferences also may differ in light of the Order's language.  (*See* Order, MDL Doc. No. 1331 at 2.)

3.  Considering the Order that Plaintiffs' Motion may be refiled "if appropriate" (*id.*), Plaintiffs request guidance as to whether the Court views the present circumstances "appropriate" for reconsideration of the Motion's grounds.  Plaintiffs still consider the Motion's premise to be well-founded.  The Court's and parties' competing views on the applicable causation standard (Mot. at 3-5, 7 (Ex. A); *see* MDL Doc. No. at 19:20-22) are still not reconciled; the Eleventh Circuit left that issue unaddressed in *Guinn*.  No. 09-11104, 2010 U.S. App. LEXIS 7076, at *29 n.10 (11th Cir. Apr. 6, 2010).  Also, Plaintiffs still enjoy no benefit or insight from the Court's and/or the Eleventh Circuit's *Daubert* rulings in *Guinn* and/or *Haller*.   Setting aside any perceived shortcomings in Drs. Marks's and Tulloch's opinions or testimony in Plaintiffs' cases, Plaintiffs would re-urge that they not have their cases dismissed by virtue of, at least in part, their sequencing proximate to the *Guinn* and *Haller* cases.  As before, Plaintiffs

would request in their renewed Motion roughly 60 additional days to conduct further expert witness development and discovery, while seeking the postponement of their trial date for 90 days.  The continuances would not be sought for delay only, but so that justice may be done and the time, energy, money, and other resources that the Court and parties committed to those cases is preserved at least in part, while the Court's and/or Eleventh Circuit's direction in *Guinn* and/or *Haller* is put to effective use.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court issue an order merely instructing whether the Court would again consider—upon filing a Motion for Continuance anew—the grounds of Plaintiffs' prior Motion in light of present, appropriate circumstances.

DATED:  May 6, 2010                           Respectfully submitted

By:  ____/s/ K. Camp Bailey_____
      F. Kenneth Bailey Jr.
      K. Camp Bailey
      Fletcher V. Trammell
      Robert W. Cowan
      **BAILEY PERRIN BAILEY**
      440 Louisiana St., Suite 2100
      Houston, Texas 77002
      (713) 425-7100 Telephone
      (713) 425-7101 Facsimile
      kbailey@bpblaw.com
      cbailey@bpblaw.com
      ftrammell@bpblaw.com
      rcowan@bpblaw.com
      ***Co-Lead Attorneys for Plaintiffs***

## **CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

I HEREBY CERTIFY that prior to the filing of this Motion, Plaintiffs' counsel conferred with counsel for AstraZeneca on May 6, 2010 regarding the issues raised and relief requested in this Motion.  The parties were unable to reach agreement or resolution regarding the relief sought in the Motion absent Court intervention.

/s/  Robert W. Cowan
Robert W. Cowan

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May, 2010, I electronically filed the foregoing: PLAINTIFFS' MOTION FOR CLARIFICATION OF COURT'S MARCH 4, 2009 ORDER (MDL DOC. NO. 1331) with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel who have properly registered with the CM/ECF system.

/s/  Robert W. Cowan
Robert W. Cowan