UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

_____

This Document Relates to ALL CASES
_____

REPORT AND RECOMMENDATION NO. 11 BY
CASE-SPECIFIC DISCOVERY SPECIAL MASTER

I. INTRODUCTION

A.   General Background.

On November 23, 2009, the Court entered an Order (Document 1586) designating thirty-eight cases for trial and directing the Parties to employ the services of the Special Master and the Project Management Office to supervise and coordinate case-specific discovery in those suits. On December 16, 2009, the Court entered Case Management and Scheduling Orders setting a discovery completion deadline of May 3, 2010 for the 15 cases in Group 1, while discovery on the 23 cases in Group 2 must be concluded by August 2, 2010.  On February 3, 2010, the Court entered an Order (Document 1606) returning 19 cases to the Eleventh Circuit Trial Group and by separate Order of February 3, 2010, the Court placed these cases in Group 2 subject to the August 2, 2010 discovery deadline for these cases.  On April 13, 2010, the Court entered an Order (Document No. 1624) moving the *D'Angelo* case from Group 1 to Group 2.

After dismissals of certain suits, five active cases remain in Group 1.  There are 22 active cases in Group 2.

#372812

**B.**     <u>**Progress in the Group 1 Cases**</u>.

The PMO has received designations for 29 depositions in the five active Group 1 cases. At direction from the Parties, the PMO ceased efforts to schedule four of the 29 designated deponents. Of the remaining 25 designations, the PMO successfully scheduled all but three of these depositions to occur before the May 3, 2010 cut-off. The following table lists the three depositions we have not been able to finish by that date. The issue is whether these three depositions can occur after May 3:

| Outstanding Depositions in Group 1 Cases | | | |
|---|---|---|---|
| | **Deponent Name** | **Deponent Type** | **Plaintiff Name** |
| 1. | Jeff Alling | Treating Physician | Terry Johnson |
| 2. | Harold Disler | Pharmaceutical Sales Specialist | Cathy Church |
| 3. | Julie Horsfield | Pharmaceutical Sales Specialist | Cathy Church |

**C.**     <u>**The Reasons These Depositions Have Not Occurred**</u>.

    **1.**     <u>**The Alling Deposition**</u>.

The PMO received and scheduled depositions of all five physicians designated in the *Terry Johnson* case, including Dr. Jeff Alling, whose deposition the PMO scheduled to occur on April 23, 2010. On April 21, 2010, Dr. Alling's staff contacted the PMO to report Dr. Alling had undergone emergency surgery and could not proceed with his deposition on April 23, 2010. The PMO notified the Parties and cancelled the April 23 setting. We immediately asked Dr Alling's office to provide a new time before the May 3 discovery cut-off date for Group 1. On April 26, 2010, his staff informed the PMO that Dr. Alling had been readmitted to the hospital and would be unable to sit for a deposition before May 3, 2010. After further efforts, the PMO was able to set Dr. Alling's deposition on May 21, 2010.

2.      **The Disler and Horsfield Depositions.**

In addition to the seven physicians designated in the *Church* case, on April 14, 2010, the Parties requested assistance from the PMO in scheduling the depositions for two Pharmaceutical Sales Specialists (PSS) who are no longer employed by AstraZeneca and thus are not within the company's control, Harold Disler and Julie Horsfield, whose depositions the Plaintiffs felt were necessary.  The PMO promptly contacted Mr. Disler and Ms. Horsfield to arrange their depositions.   Both Mr. Disler and Ms. Horsfield were resistant to scheduling a deposition because of personal circumstances.

The PMO first contacted Mr. Disler on April 15, 2010.  At that time, Mr. Disler advised the PMO that, prior to his retirement five years ago, he was employed by AstraZeneca as a hospital representative and was not a primary Seroquel Sales Specialist.  Further, Mr. Disler informed the PMO he recently learned that contaminated drywall had been installed in his home and he will be displaced from his permanent residence for several months.

The PMO first communicated with Ms. Horsfield on April 16, 2010.  Ms. Horsfield informed the PMO she recently had shoulder surgery, attends physical therapy each day and is residing with her mother during her recovery.  In addition, Ms. Horsfield reported she participated in a deposition for another Seroquel plaintiff in 2008 and asked if counsel could use her prior testimony rather than deposing her again.  That deposition was taken as to a different Seroquel plaintiff by other counsel, and did not cover areas relating to Ms. Church.

On April 16, 2010, the PMO reported to the Parties the information received from Mr. Disler and Ms. Horsfield.  On April 29, 2010, the Plaintiffs notified the PMO that they would like to pursue the depositions of these two former employees, with the understanding that counsel for Ms. Church would review the transcript of Ms. Horsfield's prior deposition and attempt to limit the questioning of Ms. Horsfield on general subjects on which she already has

been fully examined.  The Defendants do not object to these two depositions occurring after May 3.  The Parties have arranged for the Disler and Horsfield depositions on May 28, 2010 and June 4, 2010, respectively.

## II.  **<u>RECOMMENDATION</u>**

Because of the May 3, 2010 deadline to complete case-specific discovery in the Group 1 cases, these three depositions cannot take place after May 3, 2010, unless the Court grants permission to do so.  The Special Master recommends that the Parties be allowed to complete these three depositions, upon these conditions:

(1) The three depositions shall be completed no later than June 4, 2010.

(2) Allowing the Parties to conduct these depositions after May 3 will not affect the pre-trial submission deadlines set forth in the Court's February 9, 2010 Scheduling Order for Group 1 cases.

(3) Conducting these four depositions shall not interfere with or impede the conclusion of case-specific discovery in the Group 2 cases.

For these reasons and with these conditions, the Parties and the Special Master request that the Court allow the Parties to conduct these depositions beyond the May 3, 2010 cut-off.

 

_____
Orran L. Brown
Special Master for Case-Specific Discovery

DATED:  May 6, 2010