# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO:**<br>**6:06-MDL-1769-ACC-DAB** |

STATE OF TEXAS              §
                            §
COUNTY OF HARRIS            §

## AFFIDAVIT OF K. CAMP BAILEY

Before me, the undersigned notary, on this day personally appeared K. CAMP BAILEY, the "Affiant," a person whose identity is known to me. After I administered an oath to Affiant, Affiant testified:

1. "My name is Camp Bailey. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am a partner in the law firm of Bailey Perrin Bailey in Houston, Texas. Bailey Perrin Bailey represents the five remaining Plaintiffs in Trial Group One with cases currently pending before this Court: *Burns v. AstraZeneca Pharm. LP, et al.* (No. 6:07-cv-10291); *Curley v. AstraZeneca Pharm. LP, et al.* (No. 6:07-cv-15701); *Unger v. AstraZeneca Pharm. LP, et al.* (No. 6:07-cv-15812); *McAlexander v. AstraZeneca Pharm. LP, et al.* (No. 6:07-cv-10360); and *Whittington v. AstraZeneca Pharm. LP, et al.* (No. 6:07-cv-10475) (collectively, 'Plaintiffs'). My law firm is co-lead counsel for those and other cases in the *In re Seroquel Products Liability Litigation* MDL.

3. On January 11, 2008, the Court entered Case Management Order No. 5, establishing a bellwether trial program consisting of Florida-resident Plaintiffs' cases. (Doc. 792.) The Court approved 12 cases for inclusion in Trial Group One on July 14, 2008. (Doc. 1044.) General causation, specific causation, and/or damages experts for all 12 cases were diligently researched, interviewed, and identified, and Plaintiffs designated their expert witnesses and served expert reports by early September 2008. (Doc. 1059.) Plaintiffs' designated experts then had between September 15, 2008 and October 3, 2008 to sit for their depositions, several of which extended multiple days. (*Id.*) Plaintiffs responded to Defendants' summary judgment and *Daubert* motions on November 24, 2008. (*Id.*; *see, e.g.,* Doc. 1158.) On January 6, 2009, the Court ordered that Plaintiffs Guinn's and Haller's specific causation experts appear for a *Daubert* hearing commencing on January 14, 2009. (Doc. 1189.) On January 14, 2009, Brian Tulloch, M.D. appeared and testified as Plaintiff Haller's specific causation endocrinologist. On January 15, 2009, Israel Jack Abramson, M.D., Plaintiff Haller's case-specific psychiatrist, and Jennifer Marks, M.D., Plaintiff Guinn's case-specific endocrinologist, appeared and testified before the Court.

1

4.     Dr. Marks is also the designated case-specific endocrinologist for the *Burns* and *Curley* cases.  Dr. Tulloch is also the designated case-specific endocrinologist for the *Unger*, *Whittington*, and *McAlexander* cases.

5.     I am familiar with the Court's Orders granting AstraZeneca's summary judgment motions on specific causation grounds in the *Guinn v. AstraZeneca Pharmaceuticals LP, et al.* (No. 6:07-cv-10291) (Doc. 47) and *Haller v. AstraZeneca Pharmaceuticals LP, et al.* (No. 6:07-cv-15733) (Doc. 50).  The Court issued the Order in *Guinn* on January 30, 2009 and in *Haller* on February 6, 2009.  Plaintiff Guinn took an appeal to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"), and the Eleventh Circuit ruled in AstraZeneca's favor on April 6, 2010.

6.     The particulars of the *Guinn* and *Haller* summary judgment Orders are described in Plaintiffs' Second Rule 56(f) Motion for Continuance (the 'Motion'), as well as in Plaintiffs' Motion for Trial Continuance, to which this Affidavit is attached as Exhibit A.  Put succinctly, the Court determined that the law surrounding the 'substantial factor' specific causation test is, 'at best, unsettled' under Florida law.  (*Guinn* Doc. 47 at 11; *Haller* Doc. 50 at 65.)  Further, it appears that the Court may hold Plaintiffs to both 'but for' and 'substantial contributing factor' standards.  (*See* MDL Doc. No. 1301 at 19.)  The Eleventh Circuit did not address this issue in the *Guinn* appeal.  Plaintiffs, nevertheless, vigorously contend that 'but for' causation is a wholly improper standard for concurring cause cases such as these, and that the overwhelming weight of Florida and other jurisprudence supports Plaintiffs' position.

7.     Although Plaintiffs diligently used the discovery process, through timely identifying their experts, allowing for review of the tens of thousands of pages of medical records, clinical studies, peer-reviewed articles, and other relevant documents, and generating expert reports—all in a greatly compressed period of approximately 39 business days—and subsequently and timely offering the experts for deposition, Plaintiffs did not reasonably anticipate the Court's interpretation of Florida specific causation law, given the multi-factorial nature of diabetes and Florida law on concurrent causation, nor did Plaintiffs know that the Court would deem Florida law relative to the issue to be, 'at best, unsettled.'  Further, as noted, the Court admonished Plaintiffs' counsel not to attempt to modify with 'new' opinion testimony Plaintiffs' specific causation experts' opinions that were already of record.  (*See* MDL Doc. 1281 at 29-30.)  Plaintiffs are left without a choice but to seek leave of the Court to conduct additional expert witness discovery in light of the Court's Orders.  Plaintiffs have also diligently filed their Motions for Continuance, after first requesting guidance from the Court on the issues raised in the Motions on May 6, 2010 (MDL Doc. No. 1633), one week after the Court reactivated Plaintiffs' cases and set the summary judgment hearings and trial dates.  No Order has yet issued on that Motion for Clarification.  (*Id.*)

8.     Plaintiffs seek this relief from the Court for good cause and not for delay only, but so that justice may be done.  Plaintiffs cannot obtain the identified information from any other source.   As noted above, trial has been set in Plaintiffs' cases on July 1, 2010."

2

FURTHER AFFIANT SAYETH NOT.

_____
K. Camp Bailey

SWORN TO and SUBSCRIBED before me by K. CAMP BAILEY on May 21, 2010.

_____
Notary Public in and for the State of Texas

MARIA E. RANGEL
Notary Public, State of Texas
My Commission Expires
December 14, 2012

3