**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | |
| This document relates to: | MDL DOCKET NO: 6:06-MDL-1769-ACC-DAB |
| *Trial Group One Plaintiffs* | |

**TRIAL GROUP ONE PLAINTIFFS' SECOND**
**RULE 56(f) MOTION FOR CONTINUANCE**

In light of the recent ruling by the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") in *Guinn v. AstraZeneca Pharmaceuticals LP*, and this Court's prior specific causation *Daubert* and summary judgment opinions,[1] the remaining Trial Group One Plaintiffs ("Plaintiffs") file this Second Rule 56(f) Motion for Continuance (the "Motion"). As the Court is aware, the Eleventh Circuit decided *Guinn* in AstraZeneca's favor of April 6, 2010. On April 29, 2010, the Court began reinstating Plaintiffs' cases, setting pretrial conferences and summary judgment hearings in each case for the same day (June 3, 2010). The Court also set commencement of trial in each case for the same day (July 1, 2010).

Plaintiffs previously urged a similar motion, filed on February 13, 2009, in advance of the *Guinn* appeal. (MDL Doc. 1279.) The Court denied that motion without prejudice to refiling "if appropriate" at the conclusion of the *Guinn* appeal. (Order of Mar. 4, 2009 (MDL Doc. No. 1331) at 2.) Plaintiffs recently requested guidance from the Court (MDL Doc. No. 1633) as to the circumstances under which the Court would deem

---

[1] *Guinn v. AstraZeneca Pharm. LP,* 598 F. Supp. 2d 1239 (M.D. Fla. 2009); *Haller v. AstraZeneca Pharm. LP*, 598 F. Supp. 2d 1271 (M.D. Fla. 2009).

1

it "appropriate" to re-urge the February 13, 2009 motion, which AstraZeneca opposed (MDL Doc. No.1637), but no guidance has thus far issued from the Court.

For good cause shown, respectfully request the relief described in this Motion under Federal Rule of Civil Procedure 56(f)—i.e., a continuance of the summary judgment hearings currently scheduled for June 3, 2010 for slightly over three months, until the week of September 13, 2010. Plaintiffs request the continuance so they may designate additional specific causation experts and serve reports, to conduct depositions, and to file and respond to specific causation *Daubert* and summary judgment briefing. Pursuant to L.R. 3.09(d), each Plaintiff on behalf of whom this Motion is filed, has been informed of the Motion and has consented to it. Plaintiffs would respectfully show the Court as follows:

## I.
## BACKGROUND

On January 11, 2008, the Court entered Case Management Order No. 5, establishing a bellwether trial program consisting of Florida-resident Plaintiffs' cases. (MDL Doc. 792.) The Court approved 12 cases for inclusion in Trial Group One on July 14, 2008. (MDL Doc. 1044.) General causation, specific causation, and/or damages experts for all 12 cases were diligently researched, interviewed, and identified, and Plaintiffs designated their expert witnesses and served expert reports by early September 2008. (MDL Doc. 1059.) Plaintiffs' designated experts then had between September 15, 2008 and October 3, 2008 to sit for their depositions, several of which extended multiple days. (*Id.*) Plaintiffs responded to Defendants' summary judgment and *Daubert* motions on November 24, 2008. (*Id.*; *see, e.g.,* Doc. 1158.) On January 6, 2009, the Court ordered that Plaintiffs Guinn's and Haller's specific causation experts appear for a

*Daubert* hearing commencing on January 14, 2009.  (Doc. 1189.)  On January 14, 2009, Brian Tulloch, M.D. appeared and testified as Plaintiff Haller's specific causation endocrinologist. On January 15, 2009, Israel Jack Abramson, M.D., Plaintiff Haller's case-specific psychiatrist, and Jennifer Marks, M.D., Plaintiff Guinn's case-specific endocrinologist, appeared and testified before the Court.  (K. Camp Bailey Aff. ("Bailey Aff.), attached as Exhibit A, ¶ 3.)

As evidenced by the Eleventh Circuit's *Guinn* opinion, and this Court's opinions in *Guinn* and *Haller*, the courts rejected the specific causation experts' methodologies as unreliable.  The Court's and parties' competing views on the applicable Florida causation standard (MDL Doc. 1279; *see* MDL Doc. No. 1301 at 19:20-22) are still not reconciled, however.  The Eleventh Circuit left that issue unaddressed in *Guinn*.  No. 09-11104, 2010 U.S. App. LEXIS 7076, at *29 n.10 (11th Cir. Apr. 6, 2010).

There is no dispute that diabetes is by its nature a multi-factorial disease—Plaintiffs' and defense experts agree on that point.  It is hornbook law that a combination of causative factors—as with nearly any disease or medical condition for which a person seeks a legal remedy in tort—necessarily triggers "concurrent causation" analysis.[2] Plaintiffs maintain that Florida's "substantial contributing factor" test supplants "but for" (sole) causation in such cases.  *Stahl*, 438 So. 2d at 19 ("In . . . 'concurrent cause' cases, the Florida courts have abandoned *sub silientio* the 'but for' test and have employed instead a 'substantial factor' test for the obvious reason that adherence to the 'but for' test

---

[2]   *See*, *e.g.*, *Stahl v. Metropolitan Dade County*, 438 So. 2d 14, 18 (Fla. Ct. App. [3d Dist.] 1983) ("'The defendant sets a fire, which merges with a fire from some other source; the combined fires burn the plaintiff's property, but either one would have done it alone.'" (quoting W. Prosser, Handbook of the Law of Torts § 41, at 239 (4th ed. 1971))); *id.* ("Restricted to the question of causation alone, and regarded merely as a rule of exclusion, the 'but for' rule serves to explain the greater number of cases; but there is one type of situation in which it fails.  If two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed.").

3

in this limited type of case leads to anomalous and unacceptable results."); *see Miller v. Court*, 510 So. 2d 926, 927-28 (Fla. Dist. Ct. App. 1987) (finding reversible error because concurring cause instruction not given where physician's taking plaintiff off medication without prescribing an alternative treatment exacerbated the plaintiff's preexisting diabetic condition causing plaintiff's coma); *Gen. Tel. Co. v. Choate*, 409 So. 2d 1101, 1104 n.2 (Fla. Ct. App. 1982) ("The Florida Supreme Court seems to have modified the traditional 'but for' test to the more modern 'substantial factor' test in cases with separate concurrent causes of the injury."). Plaintiff Guinn's and Haller's expert witness reports and deposition testimony were guided largely, if not exclusively, by the "substantial factor" test based on the foregoing reasonable interpretation of Florida law.[3]

Nevertheless, in both *Guinn* and *Haller*, the Court determined that the causation standard applicable to "concurring causes" is, "at best, unsettled" under Florida law. *Guinn*, 598 F. Supp. 2d at 1246; *Haller*, 598 F. Supp. 2d at 1305. The Court found, however, that evidence of specific causation was lacking in those two cases under either the "but for" or "substantial factor" test. For example, the Court determined with respect

---

[3] *Compare State v. Hubbard*, 751 So. 2d 552, 567 (Fla. 1999) (holding that in the criminal law context, "where 'two causes, each alone sufficient to bring about the harmful result, operate together to cause it,' the 'but for' test becomes impossible to prove. In these circumstances, the State may prove 'cause-in-fact' causation by demonstrating that the defendant's conduct was a 'substantial factor' in bringing about the harm." (internal citations omitted)), *with Eversley v. State*, 748 So. 2d 963, 967 (same), *and Owens-Corning Fiberglas Corp. v. Terwilliger*, 599 So. 2d 130, 132 (Fla. Ct. App. [3d Dist.] 1992) ("'Properly viewed, then, Florida follows the 'but for' causation-in-fact test in negligence cases, as modified by the limited 'substantial factor' exception applicable only in those concurring causes cases where each of the said concurring causes could have alone produced the plaintiff's injury'" (quoting *Stahl*, 438 So. 2d at 19)), *and Barrow v. Bristol-Myers Squibb*, No. 96-689-CIV-ORL-19B, 1998 WL 812318, at *36 (M.D. Fla. Oct. 29, 1998) ("However, in those cases in which each of two or more concurring causes could alone have produced the plaintiff's injury, the court will apply the 'substantial factor' test for causation-in-fact."); *see also Tieder v. Little*, 502 So. 2d 923, 925-26 (Fla. Ct. App. [3d Dist.] 1987) ("There is, however, a 'substantial factor' exception to the 'but for' test where two causes concur to bring about an event in fact, either one of which would have been sufficient to cause the identical result. In that narrow circumstance, it is settled that a '[d]efendant's conduct in an action for personal injuries is considered a case [in fact] of the event if it was a material and substantial factor in bringing it about.'" (quoting *Loftin v. Wilson*, 67 So. 2d 185, 191 (Fla. 1953)) (internal citation omitted)).

to the *Haller* case that no reasonable juror could conclude, based on Drs. Tulloch's opinion, "that Seroquel was the 'but for' cause of, or even a factor that contributed substantially to, diabetes in Haller."  *Haller*, 598 F. Supp. 2d at 1306.  Similarly, the Court found that Dr. Marks was unable to conclude that "but for Guinn's ingestion of Seroquel and the weight gain accompanying it," Guinn never would have developed diabetes, while also finding there was no evidence in the record "from which a reasonable juror could conclude that Seroquel contributed substantially to producing Guinn's injury."  598 F. Supp. 2d at 1247.  Thus, it is unclear whether the Court will require *Seroquel* plaintiffs' experts to meet the "but for" or "substantial factor" tests, or both, to survive future *Daubert* and summary judgment motions.

Prior to the Court's issuance of the *Guinn* and *Haller* summary judgment Orders, Plaintiffs' counsel advised the Court on January 28, 2009 that based on the Orders, there may be additional summary judgment evidence as to specific causation with which Plaintiffs may seek to supplement the summary judgment record—e.g., through declaration of Plaintiffs' designated specific causation experts.  (Tr. Hr'g, Jan. 28, 2009, at 29:7-12.)  In response, the Court expressed its strong view that testimony by Plaintiffs' specific causation experts made after the experts' reports issued, depositions were taken, and summary judgment motions were filed, would be viewed with disfavor to the extent it constituted "new" opinion evidence, and it would not be considered by the Court if deemed "[in]appropriate" under *Daubert*.  (*Id.* at 29:13-30:3.)  The Court instructed,

"That's not how *Daubert* is supposed to work." (*Id.* at 29:19.) Ultimately, the Court admonished Plaintiffs' counsel to "think before you file something." (*Id.* at 30:8.)[4]

## II.
## ARGUMENT & AUTHORITIES

Looking forward, the uncertainty as to the applicable Florida specific causation test and the *Guinn* and *Haller* opinions may subject Plaintiffs' cases to prejudicial summary judgment. The unmistakable implication of the *Guinn* and *Haller* rulings is that Plaintiffs' specific causation experts may be held to the "but for" standard, notwithstanding the "unsettled" nature of Florida law or whether they satisfy the "substantial factor" test. Should the Court find that those experts' opinions are improperly and insufficiently limited to "substantial factor" causation, and their opinions fail to meet the "but for" test, the Court may resolve to summarily dispose of those cases.

**A.     Leave To Conduct Additional Expert Witness Discovery Eliminates Prejudice To Plaintiffs.**

Plaintiffs vigorously contend that "but for" causation is a wholly improper, inferior standard for concurring cause cases such as these, and that the overwhelming

---

[4]     MR TRAMMELL: Obviously, based on your ruling we might – I mean, there will be information that will supplement the existing record. So there will be new summary judgment evidence.

THE COURT: As to specific causation?

MR. TRAMMELL: As to specific causation.

THE COURT: Well, see that's one of the problems with this case. You have your expert give an opinion. They take a deposition based on the opinion, which some of them have just been spoonfed by the plaintiffs, when they file their motion for summary judgment, you have a declaration and then the Daubert hearing is all new stuff. That's not how Daubert is supposed to work.

\* \* \*

THE COURT: I just don't want to get a whole bunch of motions to strike from the defendants because – I want you to think before you file something.

(Tr. Hr'g, Jan. 28, 2009, at 29:7-30:8.)

6

weight of Florida and other jurisprudence supports Plaintiffs' position that only a "substantial factor" test for specific causation need be met. Furthermore, Plaintiffs have not had the opportunity to incorporate or benefit from any of the guidance afforded by the Eleventh Circuit's *Guinn* opinion, or this Courts' opinions in *Guinn* and *Haller*.

Absent a different approach to Plaintiffs' cases than that currently spelled out in the governing Case Management Orders, prejudicial summary judgments may result. Indeed, summary disposition of Plaintiffs' cases based on the specific causation standard set forth in *Guinn* and *Haller*—at least in part because of Plaintiffs' cases' (unfortunate) sequencing and preparation with the *Guinn* and *Haller* cases—contravenes due process and a fundamental purpose of the Court's bellwether trial program. In other words, individual causation in Plaintiffs' cases may effectively be **predetermined** by the fact that those cases were mandatorily and simultaneously prepared for trial alongside *Guinn* and *Haller*, enjoying no benefit from the courts' opinions in *Guinn* and *Haller* that the remaining Florida Trial Pool cases may enjoy. *Compare Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 319 (5th Cir. 1998) (interpreting Texas law as requiring that "causation must be determined as to individuals, not groups"), *with Berry v. CSX Transp., Inc.*, 709 So. 2d 552, 557 (Fla. Ct. App. [1st Dist.] 1998) (recognizing that "specific causation" requires proof that "the substance did cause the disease in a *specific individual*" (citing Federal Judicial Center, *Reference Manual on Scientific Evidence*, 126 (1994))) (emphasis added).

It is without question that a bellwether trial program's core function is "clarifying and streamlining the relevant issues." *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1007-1008 (9th Cir. 2008) (observing that "bellwether trial was meant to be a

'learning process'" and to "establish the relative strengths and weaknesses of the parties"), *cert. denied*, *E.I. Du Pont de Nemours & Co. v. Stanton*, 129 S. Ct. 762 (2008). And, while "[a] bellwether trial designed to answer . . . troubling causation or liability issues *common* to the universe of claimants has as a core element representativeness," it may not "properly be used to determine *individual* causation and damages for other plaintiffs." *Cimino*, 151 F.3d at 318 (emphasis original, citation and internal quotation marks omitted). The Manual for Complex Litigation also adds that while "[r]ulings on motions under Federal Rule of Civil Procedure 12 and 56 may be deemed to apply" to other cases in the complex proceeding, "parties should not, however, be automatically precluded from presenting special issues or requests in individual cases by supplemental pleadings, motions, and arguments."

Without a fair opportunity for Plaintiffs to meet causation standards set forth in *Guinn* and *Haller*, the Court's opinions can have no instructive effect with respect to those cases, but may simply lead to further summary dispositions. Countless hours of the Court's and attorneys' time will have been spent preparing those cases for trial. Moreover, any prejudice to Defendants of conducting further specific causation expert testimony in light of the Court's opinions would pale in comparison to the prejudice suffered by Plaintiffs in having their cases dismissed.

**B.      Plaintiffs' Proposed Schedule Preserves The Work The Parties Have Already Committed To Trial Group One Cases While Minimizing Delay.**

Although Plaintiffs diligently used the discovery process, through timely identifying their experts, allowing for review of the tens of thousands of pages of medical records, clinical studies, peer-reviewed articles, and other relevant documents, and generating expert reports—all in a greatly compressed period of approximately 39

business days—and subsequently and timely offering the experts for deposition, Plaintiffs did not reasonably anticipate the Court's interpretation of Florida specific causation law, given the multi-factorial nature of diabetes and Florida law on concurrent causation, nor did Plaintiffs know that the Court would deem Florida law relative to the issue to be, "at best, unsettled." (Bailey Aff. ¶ 7.) Further, as noted, the Court admonished Plaintiffs' counsel not to attempt to modify with 'new' opinion testimony Plaintiffs' specific causation experts' opinions that were already of record. (Bailey Aff. ¶ 7.) Plaintiffs are left without a choice but to seek leave of the Court to conduct additional expert witness discovery in light of the Court's Orders and the Eleventh Circuit's *Guinn* opinion.

Plaintiffs have also diligently filed their Motions for Continuance, after first requesting guidance from the Court on the issues raised in the Motions on May 6, 2010 (MDL Doc. No. 1633), one week after the Court reactivated Plaintiffs' cases and set the summary judgment hearings and trial dates. (Bailey Aff. ¶ 7.) No Order has yet issued on that Motion for Clarification. (*Id.*)

In order to fairly address the Court's interpretation of Florida specific causation law without prejudicing the Plaintiffs and summarily dispensing with a year of trial preparation in five cases, Plaintiffs request time to designate 1-2 additional case-specific expert witnesses per case in Trial Group One, and to complete attendant discovery. Plaintiffs contend that the bulk of that discovery may be completed within approximately 60 days from the date of filing this Motion, and that the next trial may be fully prepared approximately 90 days later. Plaintiffs request that the Court enter the following schedule for completing additional specific-causation discovery:

| | |
|---|---|
| Trial Group One Plaintiffs designate 1-2 additional case-specific expert | June 18, 2010 |

9

| | |
|---|---|
| witnesses per case and provide reports | |
| Defendants' depositions of Plaintiffs' newly designated case-specific experts completed | July 13, 2010 |
| Defendants' combined case-specific *Daubert* and summary judgment motion on newly designated case-specific experts (one motion) | August 10, 2010 |
| Plaintiffs' combined case-specific *Daubert* and summary judgment response on newly designated case-specific experts (one response) | September 3, 2010 |
| *Daubert* hearings; oral arguments on *Daubert* and summary judgment | Week of September 13, 2010 |
| Pretrial Conference in Plaintiffs' next Florida trial selection | October 4, 2010 |
| Trial setting in Plaintiffs' next Florida trial selection | October 11, 2010 |

For good cause shown, Plaintiffs seek this relief from the Court not for delay only, but so that justice may be done. Plaintiffs cannot obtain the identified information from any other source. (Bailey Aff. ¶ 8.) As noted above, trial has been set in Plaintiffs' cases on July 1, 2010. Plaintiffs have, concurrently with the filing of this Motion, separately moved for continuance of the trial date, and arguments contained in that Motion for Trial Continuance are incorporated by reference as if repeated in full herein.

### III.
### CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Rule 56(f) Motion for Continuance, and set a schedule for completion of specific causation expert witness discovery as described herein.

10

DATED: May 21, 2010          Respectfully submitted

         By:     /s/ K. Camp Bailey
              F. Kenneth Bailey Jr.
              K. Camp Bailey
              Fletcher V. Trammell
              Robert W. Cowan
              **BAILEY PERRIN BAILEY**
              440 Louisiana St., Suite 2100
              Houston, Texas 77002
              (713) 425-7100 Telephone
              (713) 425-7101 Facsimile
              kbailey@bpblaw.com
              cbailey@bpblaw.com
              ftrammell@bpblaw.com
              rcowan@bpblaw.com
              *Co-Lead Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)

       I HEREBY CERTIFY that prior to the filing of this Motion, Plaintiffs' counsel conferred with counsel for AstraZeneca on May 21, 2010 regarding the issues raised and relief requested in this Motion. The parties were unable to reach agreement or resolution regarding the relief sought in the Motion absent Court intervention.

                                              /s/ K. Camp Bailey
                                              K. Camp Bailey

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on this 21st day of May, 2010, I electronically filed the foregoing: TRIAL GROUP ONE PLAINTIFFS' SECOND RULE 56(f) MOTION FOR CONTINUANCE with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel who have properly registered with the CM/ECF service for this litigation.

                                              /s/ Robert W. Cowan
                                              Robert W. Cowan