UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability Litigation          MDL No. 1769

**This Document Relates to:**

| | |
|---|---|
| *Cathy Church v. AstraZeneca Pharm. LP, et al.* | Case No. 6:07-cv-01698 |
| *Kendra Harper-Howell v. AstraZeneca Pharm. LP, et al.* | Case No. 6:08-cv-00622 |
| *David McCormick v. AstraZeneca Pharm. LP, et al.* | Case No. 6:08-cv-00352 |

**ASTRAZENECA'S UNOPPOSED MOTION TO SEAL ITS "MOTION TO COMPEL DEFENSE ENDOCRINE AND PSYCHIATRIC EXAMINATIONS" CONTAINING CONFIDENTIAL PLAINTIFF INFORMATION AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to M.D. Fla. Local Rule 1.09(a), AstraZeneca hereby seeks leave to file under seal its Motion To Compel Defense Endocrine And Psychiatric Examinations and exhibits thereto, which incorporate Plaintiffs' medical information deemed confidential by the Protective Order governing this MDL. Plaintiffs do not oppose the filing of this motion under seal. In support of its motion, AstraZeneca states as follows:

1. AstraZeneca's motion extensively references Plaintiffs' medical records. Furthermore, exhibits to these filings include medical records, as well as other documents, such as deposition transcripts and expert reports, containing information about Plaintiffs' psychological conditions and medical histories.

2. Because the public filing of such motions and exhibits would violate the Protective Order governing this MDL, which provides that "[a]ll Plaintiffs' Medical Records and Fact Sheets will be deemed confidential" and that confidential discovery materials can be

filed with the Court only under seal pursuant to Local Rule 1.09, AstraZeneca hereby moves for leave to file its motion and exhibits under seal. *See* Doc. No. 478 at ¶¶ 5(C), 10.

3. AstraZeneca will not be able to file a meaningful motion if it is required to file it with wholesale redactions. Significant and important parts of the record would be blacked out, resulting in an incomprehensible filing. For example, AstraZeneca's motion contains a background section on each of the three Plaintiffs who are the subject of the motion, which provides detailed information about each Plaintiff's medical history. Those medical details, along with specific testimony by Plaintiffs' healthcare providers, are discussed throughout the motion. Moreover, Plaintiffs' medical records are among the most important exhibits, but without the relief requested herein, AstraZeneca would have to redact these documents in their entirety. Most of the other exhibits are deposition transcripts of Plaintiffs' healthcare providers, and these transcripts are filled with discussions about Plaintiffs' medical and psychiatric conditions. Given the considerable number of redactions that would be necessary, requiring AstraZeneca to file redacted motions and exhibits would deprive it of its right to present record-based arguments.

4. Pursuant to Local Rule 1.09(a) regarding filings under seal, AstraZeneca submits the following additional information for the Court's consideration, which corresponds to the numerical subparts of the Rule:

(i) The materials to be filed under seal include AstraZeneca's Motion To Compel Defense Endocrine And Psychiatric Examinations along with the exhibits thereto, containing Plaintiffs' medical information that is deemed confidential by Paragraph 5(C) of

2

16920401.1

the Protective Order and that does not implicate any issues of public health, safety, or social-political interest.

(ii) The filing of Plaintiffs' medical information is necessary so that the Court can make an informed decision on AstraZeneca's Motion To Compel Defense Endocrine And Psychiatric Examinations.

(iii) Sealing Plaintiffs' medical information is necessary at this time because the Protective Order governing this MDL deems the information confidential and provides that confidential materials can be filed with the Court only under seal pursuant to Local Rule 1.09.

(iv) There is no means other than filing under seal to protect the medical information at issue here, while at the same time preserving AstraZeneca's right to present record-based arguments in support of its motion. Redaction would only result in incomprehensible briefing and exhibits.

(v) AstraZeneca proposes that such materials remain under seal until this litigation, including any appeals, is final, at which time AstraZeneca will ask that the copies of any materials properly filed under seal be destroyed or returned to counsel for the producing party.

(vi) Good cause exists for AstraZeneca's request to seal its Motion To Compel Defense Endocrine And Psychiatric Examinations, any associated response, and any exhibits thereto, to protect Plaintiffs' medical information. As explained above, AstraZeneca's motion contains specific references to Plaintiffs' medical information, and the vast majority of the exhibits supporting the motion are Plaintiffs' medical records or

3

transcripts discussing Plaintiffs' medical information. The Protective Order therefore requires AstraZeneca to file this motion and exhibits under seal. (Protective Order, Doc. No. 478, at ¶¶ 5(C) & 10).

**WHEREFORE**, based on the foregoing discussing and authorities, AstraZeneca respectfully requests that the Court grant its Motion and permit the filing under seal of its Motion To Compel Defense Endocrine And Psychiatric Examinations, any associated response, and any exhibits thereto that reveal Plaintiffs' medical information.

Dated: May 28, 2010

s/ *Stephen J. McConnell*

Stephen J. McConnell
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19103
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
Stephen.mcconnell@dechert.com


Chris S. Coutroulis
Florida Bar Number 300705
Robert L. Ciotti
Florida Bar Number 333141
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida  33607
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
ccoutroulis@carltonfields.com
rciotti@carltonfields.com

*Counsel for AstraZeneca Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF CONFERRAL

In accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, I hereby certify that moving counsel has conferred with Plaintiffs' counsel in a good-faith effort to resolve the issues raised by this Motion. Plaintiffs' counsel do not oppose AstraZeneca's request to file under seal.

*/s/ Stephen J. McConnell*

16920401.1

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' Liaison Counsel, who is charged with serving any non-CM/ECF participants listed below.

    Holly W. Gibson
    Blizzard, McCarthy & Nabers, LLP
    Lyric Centre Building
    440 Louisiana Street, Suite 1710
    Houston, TX 77002
    T: (713) 844-3750
    F: (713 844-3755
    hgibson@blizzardlaw.com

    Lewis Garrison
    Heninger Garrison Davis, LLC
    2224 1st Avenue North
    Birmingham, AL 35203
    T: (205) 326-3336
    F: (205) 326-3332
    lewis@hgdlawfirm.com

    David J. Dickens
    The Miller Firm, LLC
    The Sherman Building
    108 Railroad Avenue
    Orange, VA 22980
    T: (540-672-4224
    F: 540-672-3055
    DDickens@millerfirmllc.com

    *Counsel for Plaintiffs*

    Larry M. Roth
    Rumberger, Kirk & Caldwell, PA
    300 S Orange Ave - Suite 1400

6

16920401.1

PO Box 1873
Orlando, FL 32802-1873
T: (407) 872-7300
F: (407) 841-2133
lroth@rumberger.com

*Plaintiffs' Liaison Counsel*

/s/ *Robert L. Ciotti*

16920401.1