# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| KENDRA G. HARPER-HOWELL § | Civil Action No 6:08-CV-622-ORL-22-DAB |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| ASTRAZENCA PHARMACEUTICALS § | |
| LP, ASTRAZENECA LP, ASTRA USA, § | |
| INC., KBI SUB INC., ASTRAZENECA § | |
| AB, ASTRAZENECA PLC, ZENECA, § | |
| INC., ASTRAZENECA, UK LIMITED., § | |
| AND ASTRA USA HOLDINGS CORP., § | |
| § | |
| Defendants. | |

## PLAINTIFF'S EXPERT DISCLOSURES

TO: Defendants, ASTRAZENECA PHARMACEUTICALS, LP, ET AL, by and through their attorney of record, Fred T. Maganizer, Dechert, LLP, Circa Centre, 29 Arch Street, Philadelphia, PA 19104

Plaintiff Kendra Harper-Howell makes these expert disclosures as required by the Federal Rule of Civil Procedure 26(a)(2) and in accordance with the orders of this Court (Doc. Nos. 792, 943, 1059) and agreement of the parties.

A.

## IDENTITY OF EXPERTS

1. The following persons may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

    a. Donna Arnett, Ph.D., M.S.P.H.
       University of Alabama at Birmingham
       Department of Epidemiology
       1665 University Boulevard, Room 220 E
       Birmingham, Alabama 35294-0022
       (205) 934-7066

1

    b.  Laura M. Plunkett, Ph.D., D.A.B.T.
        1223 Melford Drive
        Houston, Texas 77077-1544
        (713) 935-0744

    c.  William C. Wirshing, M.D.
        Exodus Recovery Acute Treatment Center
        3828 Delmas Terrace
        Culver City, California 90232
        (310) 253-9494

    d.  Kenneth J. Snow, M.D.
        Joslin Diabetes Center
        25 Royce Road
        Newton, Massachusetts 02459
        (617) 620-2403

## B.

## INFORMATION FROM RETAINED EXPERTS

2.    The foregoing persons are those whom Plaintiff has retained or specially employed to provide expert testimony.

3.    For Kenneth J. Snow, M.D., the Plaintiff attaches his report prepared and signed by the expert in compliance with Rule 26(a)(2)(B) and which provides the following:

    a.  A complete statement of all opinions to be expressed and the basis and reasons for them;

    b.  The data or other information considered in forming the opinions;

    c.  A description of exhibits to be used as a summary or in support of the opinions;

    d.  A curriculum vitae, resume, or other listing of each expert's qualifications, including a list of all publications authored by the expert within the last ten years;

    e.  The compensation to be paid each expert; and

    f.  A list of all other cases in which the expert has testified as an expert at trial or by deposition within the last four years.

4. For experts Arnett, Plunkett and Wirshing, all of whom were previously designated as generic experts in the *In re: Seroquel Products Liability Litigation*, MDL 1769, please see those experts' written reports, reference exhibit lists, curriculum vitae, compensation information, and cases lists, all of which were previously produced. Per agreement of the parties, those materials have not been reproduced with these disclosures. For additional information regarding the opinions of experts Arnett, Plunkett and Wirshing, please see their deposition testimony and any written declarations or live testimony provided in connection with Defendant's Motion to Exclude the General Causation Testimony of Plaintiffs' Generic and Case-Specific Witnesses (Doc. 1112) filed on or about November 3, 2008.

### C.

### REBUTTAL EXPERTS

5. Plaintiff specifically reserves the right to designate her rebuttal experts, if any, as provided by Federal Rule of Procedure 26(a)(2)(C)(ii).

### D.

### UNRETAINED EXPERTS

6. Plaintiff reserves the right to call to testify as experts and/or fact witnesses, either live or by deposition, her health care providers who have been deposed during the course of this litigation. These health care providers may testify as to Plaintiff's physical and/or mental conditions, the medical care given due to her condition, the physical and/or mental limitations she suffered as a result of her Seroquel ingestion, as well as the reasonableness and necessity of Plaintiff's medical expenses (the findings, charges, and opinions of each health care provider is outlined in the records that have been provided and/or obtained by the parties during the course of this litigation). These physicians have neither been retained nor are they under the control of

Plaintiff, but any of their records obtained by Plaintiff's counsel have been made available to Defendants. Most, if not all, records have been obtained from the providers directly by Defendants or the Project Management Office for Case-Specific Discovery.

7. In addition, Plaintiff may call as expert and/or fact witnesses any additional medical practitioners who took part in the medical care of Plaintiff and have knowledge of her condition. Further, Plaintiff may call as an expert and/or fact witness any expert designated or to be designated by any other party, including medical doctors who have seen or examined the Plaintiff at the request of one or more parties to this lawsuit. The identities of these witnesses and their opinions will be revealed during the normal course of discovery.

8. Although not retained as expert witnesses, Plaintiff specifically reserves the right to elicit expert opinion testimony from Defendants' present and/or former employees, agents, and/or representatives based on their education, training, and experience.

9. Plaintiff reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by Defendants. Plaintiff expresses her intention to possibly call, as witnesses associated with adverse parties, any of Defendant's experts or its present or former employees, agents, or representatives. In particular, as present or former employees, agents, or representatives of Defendant, Plaintiff specially advises that such persons may be called to give expert testimony within the scope of their experience, background, and training.

10. Plaintiff reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

11. Plaintiff reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial that would be truthful, beneficial to the jury to determine material issues of fact, and would not violate any existing Court Order or the Federal Rules of Civil Procedure.

12. Plaintiff reserves whatever additional rights she might have with regard to experts, pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Civil Evidence, the case law construing same, and the rulings of the Court and/or trial court.

Dated: May 17, 2010

                          BLIZZARD, MCCARTHY & NABERS

                          By: /s/ Ed Blizzard

                              Edward Blizzard (TBN 02495000)
                              Holly W. Gibson (TBN: 24006035)
                              440 Louisiana, Suite 1710
                              Houston, Texas 77002
                              Telephone: (713) 844-3750

                              ATTORNEYS FOR PLAINTIFF
                              KENDRA G. HARPER-HOWEL

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2010, I electronically transmitted and mailed via Federal Express, overnight delivery, the foregoing Plaintiff's Expert Disclosures to Defendants' counsel.

                              /s/ Ed Blizzard
                              Ed Blizzard