UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

_____

This Document Relates to ALL CASES
_____

REPORT AND RECOMMENDATION NO. 12 BY
CASE-SPECIFIC DISCOVERY SPECIAL MASTER

I.  INTRODUCTION

A.      General Background.

On November 23, 2009, the Court entered an Order (Document 1586) designating thirty-

eight cases for trial and directing the Parties to use the services of the Special Master and the

Project Management Office to supervise and coordinate case-specific discovery in those suits.

On December 16, 2009, the Court entered Case Management and Scheduling Orders setting a

discovery completion deadline of May 3, 2010, for the 15 cases in Group 1, while discovery on

the 23 cases in Group 2 is to be concluded by August 2, 2010.  On February 3, 2010, the Court

entered an Order (Document 1606) returning 19 cases to the Eleventh Circuit Trial Group (the

"Minnesota Cases") and by separate Order of February 3, 2010, the Court placed these

Minnesota Cases in Group 2 subject to the August 2, 2010 discovery deadline for Group 2 cases

Seven of these cases were subsequently dismissed, and dismissal is imminent in the *Shirley*

*Wachlin* case, leaving us with 11 Minnesota Cases.

This Report and Recommendation concerns the remaining 11 Minnesota Cases and the

question whether the case-specific discovery can be concluded in them by the August 2, 2010

deadline.  The Parties have asked that they be allowed until September 30, 2010, to finish such

discovery.  The Parties further request the pre-trial submission deadlines set forth in the Court's

February 9, 2010 Scheduling Order also be adjusted by 60 days to allow additional time for

completion of these cases.  The Minnesota Cases will not be tried in the Florida MDL, but will

be remanded to the transferor court in Minnesota for trial.

 **B.**  <u>**Progress in the Minnesota Cases.**</u>

  On March 13, 2010, the PMO received the first designations for physician depositions in

the Minnesota Cases and immediately began setting those depositions.  On March 18, 2010, the

PMO received the first set of requests for medical records and promptly set to work obtaining

records from those doctors.  This table shows the status of record collection and deposition

scheduling in the Minnesota Cases:

| Outstanding Records Collection and Deposition Scheduling for Minnesota Cases | | | |
|---|---|---|---|
| **Row** | **Plaintiff Name** | **Offices From Which Medical Records Not Obtained** | **Depositions To Be Scheduled** |
| 1. | Amirault, Victoria | 0 | 1 |
| 2. | Anderson, Christal | 2 | 2 |
| 3. | Dawson, Matthew Q. | 3 | 0 |
| 4. | Haney, Jesse | 3 | 4 |
| 5. | Josefowicz, Rosemary | 4 | 1 |
| 6. | Nichols, Crystal M. | 2 | PMO is awaiting designations in this case. |
| 7. | Rector, Eric L. | 1 | 2 |
| 8. | Rhoades, Susie H. | 1 | 1 |
| 9. | Rice, Susanne M. | 0 | 0 |
| 10. | Terry, Tami S. | 2 | 0 |
| 11. | Turner, Victoria | 0 | 0 |
| | **Total** | **18** | **11** |

 **C.**  <u>**The Reasons These Depositions Have Not Occurred.**</u>

  In the Group 2 cases other than the Minnesota Cases, the Parties and the PMO had from

November 23, 2009 until August 2, 2010, a total of 36 weeks, to do so.

The Minnesota Cases were returned to the Eleventh Circuit Trial Group by the February 3, 2010 Order, which allowed the Parties and the PMO approximately 26 weeks before August 2, 2010, to finish discovery.  Though the Parties and the PMO have been working diligently to secure records and set the depositions in all these cases, it is unlikely that we will be successful in finishing all of them by August 2, 2010, for these reasons:

(1)   The PMO has encountered difficulty in scheduling depositions because of the summer vacation schedules of these physicians in June, July and August.  Between the patient schedules and vacation plans of these physicians, we are working with a limited number of days on which the physicians and attorneys covering the depositions are both available.  At the same time, we are concluding depositions in the original Group 2 cases.

(2)   The schedule for the Minnesota Cases permitted ten fewer weeks for collection of medical records and scheduling of depositions.  As the PMO receives medical records, the Parties have continued to make new designations for depositions.  This factor combined with the reduced number of available deposition days has further delayed scheduling of all designated deponents.

(3)   The PMO has not received designations in the *Crystal Nichols* case.  The Parties have informed the PMO that Ms. Nichols is very ill, which has delayed the scheduling of her deposition.  As of this report, the Parties have been unable to submit deponent designations to the PMO.

(4)   Dr. Rao Meka in the *Christal Anderson* case and Dr. Joseph Ozenne in the *Jesse Haney* case have informed the PMO they will not cooperate and refuse to schedule depositions.  The Parties are reviewing the importance of these depositions in each case and will notify the PMO how to proceed.

(5)   The PMO has encountered more than the usual difficulty in locating a number of doctors, or other treaters, designated for depositions, in the Minnesota Cases.  After significant efforts, the PMO has been able to locate most of the deponents, but has not yet located the following: Nurse Practitioner Doris Barlow in the *Eric Rector* case; Dr. Myrna Bobet in the *Shirley Nelson* case; Dr. Kimberly Bell in the *Rosemary Josefowicz* case.

## II.  <u>RECOMMENDATION</u>

We are reluctant to suggest a need to depart from any of the Court's deadlines.  The practical reality, however, is that we are not likely to be able to conclude the discovery in the Minnesota Cases by the August 2, 2010 deadline, though no fault of the Parties.  The Special

Master recommends that the Parties be allowed until September 30, 2010, to conclude discovery in the 11 remaining Minnesota Cases identified in the above table.  This would also require adjusting the pre-trial submission deadlines set forth in the Court's February 9, 2010 Scheduling Order should by 60 days to permit the parties to have the information generated in discovery that is necessary for compliance with those deadlines.  The Special Master thus recommends that the Court enter an Order granting this relief.

.

_____
Orran L. Brown
Special Master for Case-Specific Discovery

DATED:  July 2, 2010