UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: Seroquel Products Liability
Litigation

Case No. 6:06-md-1769-Orl-22DAB

This Document Relates to ALL CASES

### AMENDED REPORT AND RECOMMENDATION NO. 13 BY CASE-SPECIFIC DISCOVERY SPECIAL MASTER

### I. INTRODUCTION

**A.  General Background.**

On July 30, 2010, the Special Master submitted Report and Recommendation No. 13 (Document No. 1675) concerning two matters in two Group 2 cases that could not be finished by the August 2, 2010 discovery deadline. Events have changed since the submission of that Report on those cases. This Amended Report and Recommendation No. 13 updates and replaces the prior Report and Recommendation No. 13 and provides a revised and narrowed recommendation for the Court's consideration.

**B.  Progress in the Group Two Cases.**

With one exception, the PMO and the Parties successfully completed the necessary medical records collection and deposition scheduling in the Group 2 Cases designated in the Court's Order of November 23, 2009, in which, pursuant to the Court's Case Management and Scheduling Order of December 16, 2009, discovery was to be completed by August 2, 2010. Only one remaining Group 2 case, *D'Angelo*, presents a deposition that has not been concluded.

The Parties conducted the deposition of a Dr. Francis Sparrow in the *D'Angelo* case on July 12, 2010, but did not conclude all the questioning that day, largely because Dr. Sparrow's

#376516

personal counsel raised at the time the argument that breaks were to be counted in the measurement of the allowed seven hours time for a deposition. On July 20, 2010, the Parties notified the PMO of the need to schedule a second follow-up deposition with Dr. Sparrow, limited to two and one half hours of questioning. The Parties view Dr. Sparrow as a crucial witness. Dr. Sparrow is the only prescribing physician in the *D'Angelo* case and has treated Mr. D'Angelo for many years.

With July 20 very close to the August 2 discovery cut-off, the PMO immediately went to work to try to set the conclusion of this deposition before the cut-off, but in the limited days remaining could not obtain from Dr. Sparrow and his lawyer a date on which they both were available on which counsel for the plaintiff and the defendants were also available, in part because those last few days were already quite crowded with depositions in other cases to be done before August 2. After much effort, the PMO now has obtained from counsel for Dr. Sparrow, Robert Yosua, the date of September 29, 2010, to finish this deposition. Mr. Yosua has agreed to permit two and a half hours of time. Counsel for both Parties can do the deposition on that date. Dr. Sparrow has been unavailable since August 6, 2010, for he is away on vacation with his family until September 6, 2010. His counsel offered September 8, 2010, and September 15, 2010, as possibilities, but neither date coincided with the availability of the counsel for both Parties who began Dr. Sparrow's deposition, because of other unalterable work demands or a long-standing family commitment.

The Special Master has pressed the Parties on these scheduling issues and is convinced that the difficulties and conflicts are genuine and unavoidable and that forcing either party to conform to a date sooner than September 29, 2010, would create an undue hardship on counsel. The Special Master has also determined that denying the Parties the opportunity to conclude this deposition would impair the Parties' ability to prepare for trial in this case, largely because

2

Dr. Sparrow is the only prescribing physician witness in the case.  The Special Master has made it clear, and the Parties readily agreed, that allowing this deposition to conclude on September 29, 2010, could not interfere with any of the Court's pretrial deadlines in the Court's February 9, 2010 Scheduling Order as to those Group 2 cases.

## II.  RECOMMENDATION

We regret again having to ask to depart from any of the Court's deadlines.  However, we were not able to conclude this one lingering matter in this one Group 2 case by the August 2, 2010 deadline.  The Special Master recommends that the Parties be allowed until September 29, 2010, to finish the Sparrow deposition, provided that this extension will not alter the pretrial deadlines in the Court's February 9, 2010 Scheduling Order as to the *D'Angelo* case or any other Group 2 cases.  The Special Master thus recommends that the Court enter an Order granting this relief.

_____
Orran L. Brown
Special Master for Case-Specific Discovery

DATED:  August 11, 2010