UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MDL DOCKET NO:

IN RE: Seroquel Products Case            No. 6:06-md-1769-Orl-22DAB
Liability Litigation

_____/

**MEDIATOR'S REPORT IN RESPONSE TO
PLAINTIFFS' LIAISON COUNSEL'S
MOTION TO COMPEL DISCLOSURE OF MDL CASES
BEING SETTLED, ESTABLISHMENT OF PROCEDURE
FOR LIAISON COUNSEL FEES TO BE PAID FROM SETTLEMENTS AND/OR
COMMON FUND BENEFITS, AND CERTIFICATION OF OPPOSITION**

Although the Court appointed me as mediator solely in the Multi-District Litigation, I have been mediating during July and August with Plaintiffs' counsel who have both MDL and state cases that are not in the MDL. I am pleased to say that there has been some success in settlement discussions, although I have made no public comment on the extent of settlement activity and will not do so in this Report. I can say that each of the settling firms and AstraZenica have agreed to confidentiality provisions in their settlement discussions and agreements that protect certain information – including the amounts of any settlements – from being disclosed.

The motion filed by Plaintiffs' Liaison Counsel could potentially compromise the confidentiality agreements that have been

1

signed in the course of the mediations and, equally importantly, make it more difficult for me to mediate additional cases.[1] I respectfully suggest that there is a procedure that would assure that Liaison Counsel is fairly compensated while protecting the confidentiality of settlement agreements. It is the same procedure that Liaison Counsel used to obtain payment of my fees from MDL Plaintiffs' counsel: i.e., Liaison Counsel can provide to all MDL Plaintiffs' counsel a record of the hours that he has spent serving as liaison and his hourly rate, and Plaintiffs' counsel can pay their respective portions of the total amount owed to Liaison Counsel. This is precisely what Liaison Counsel did with my bill: i.e., Plaintiffs' counsel paid their proportion of the amount billed to the plaintiffs. This simply meant that of the total number of cases (more than 6,000), each firm paid its proportionate share of the bill. For example, using 6,000 as a round number, a firm that had 1,000 MDL cases would have paid 1/6 of my bill.

    One simple adjustment to the formula described above would seem to be required, but it is a simple one. The Liaison Counsel's motion states that he has reached fee agreements with two Plaintiffs' firms. The amount to be paid under those agreements would have to be deducted from the total bill submitted by Liaison Counsel, and the total number of MDL cases to be used by other Plaintiffs counsel in determining their share of Liaison Counsel's bill would have to be reduced by the number of cases handled by the two firms that have already reached agreement with Liaison Counsel.

    Given that this procedure was chosen by Liaison Counsel and worked effectively, it would seem to be equally available as a

---

[1] It is my hope to continue mediating cases during both August and early September. It is difficult to predict now how long the mediation process will continue after that.

means to assure that he is properly compensated without unnecessary disclosure of the terms of settlement agreements that are confidential. Any settlements that have been or will be reached do not involve "common funds." Moreover, it seems appropriate that all MDL counsel share in the costs of Liaison Counsel whether or not they ultimately settle their cases.[2]

DATE:        August 14, 2010                               RESPECTFULLY SUBMITTED,


/s/ Stephen A. Saltzburg
Stephen A. Saltzburg
Mediator


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14 day of August, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the counsel listed on the Service List. I further certify that I e-mailed the foregoing document to Plaintiffs' Liaison Counsel and to AstraZenica counsel.

/s/ Stephen A. Saltzburg

---

[2] Other than forwarding my bill to Plaintiffs' counsel, Liaison Counsel has had little to do with the mediations. I assume, therefore, that almost all hours expended were expended outside the mediation process, which is why I suggest that all MDL counsel should share in paying his fees.