# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:  Seroquel Products Liability Litigation**
**MDL Docket No. 1769**

**This document relates to:**

**ALL CASES IN EXHIBIT 1**

_____

### ASTRAZENECA'S MOTION TO DISMISS CASES OF PLAINTIFFS
### WHO HAVE FAILED TO VERIFY UPDATED PLAINTIFF FACT SHEETS

Pursuant to the governing Case Management and Scheduling Order ("Scheduling Order"), the 21 plaintiffs identified in Exhibit 1 were required to produce executed, updated Plaintiff Fact Sheets ("PFSs").  Despite a Notice of Overdue Discovery and a 20-day cure period, however, plaintiffs have failed to do so.  Accordingly, AstraZeneca moves this Court to dismiss plaintiffs' cases.  In support of its Motion, AstraZeneca states as follows:

1.     The Scheduling Order governing the cases of the 21 plaintiffs identified in Exhibit 1 required each plaintiff to "produce a ***fully executed*** and updated Plaintiff Fact Sheet, medical records authorization and responsive documents" by July 9, 2010.  *See*, *e.g.*, Scheduling Order, *Altman v. AstraZeneca LP, et al.*, MDL Case No. 6:07-cv-10182, Doc. No. 12 at ¶ I.D (emphasis added).

2.     Moreover, the Scheduling Order explicitly stated that the dismissal procedure set forth in Case Management Order ("CMO") No. 2  "shall apply to delinquent or insufficiently updated ***or verified*** fact sheets, authorizations and responsive documents."  *Id.* (emphasis added).

3.      CMO No. 2 established a procedure to dismiss the cases of those plaintiffs who failed to produce a completed, verified PFS, executed records authorization, and responsive documents within a certain time period.  *See* MDL Doc. No. 129 at ¶¶ I.B-D.

4.      Under CMO No. 2, if a plaintiff did not produce a verified PFS within 10 days of the due date, AstraZeneca could send plaintiff's counsel a Notice of Overdue Discovery. *See id*. at ¶ I.C.  If plaintiff failed to produce a verified PFS within 20 days after receiving such Notice, AstraZeneca could move to dismiss plaintiff's case.  *See id*. at ¶ I.D; *see also* MDL Doc. No. 285 at ¶ 1 (amending CMO No. 2).

5.      The 21 plaintiffs identified in Exhibit 1 produced updated PFSs that were not verified.  Therefore, counsel for AstraZeneca sent a Notice of Overdue Discovery to plaintiffs' counsel on August 4, 2010, pursuant to CMO No. 2.  Plaintiffs have had more than 20 days since receiving the Notice to comply with the Scheduling Order and verify their updated PFSs, but plaintiffs still have not produced any verifications.

6.      Plaintiff verification of updated PFSs not only is required by this Court's Scheduling Order and CMO No. 2, but also is necessary to ensure (a) that all the information in the updated PFSs is current, (b) that any new information is true and accurate, and (c) that plaintiffs still desire to pursue their lawsuits.

7.      Indeed, this Court has recognized on multiple occasions that plaintiff verification of PFSs is necessary to the PFS process:

> In response to Plaintiff's argument that the service of a signed verification is a purely "ministerial act" for which the Court should award more time, the Court stresses that ***verification is an essential part of the PFS production process.  An unverified PFS is virtually as worthless to Defendants as no PFS at all.***  As such, the Court deems Defendants' request for dismissal based

2

on Plaintiff's failure to serve a signed PFS verification entirely consistent with the dismissal procedures outlined in Case Management Order No. 2.

Order, *Arrowood v. AstraZeneca LP, et al.*, MDL Case No. 6:07-cv-14584, Doc. No. 13 at ¶ 1 (emphasis added); *see also* Tr. of May 22, 2007 Status Conference at 39:17-18; 44:17-19, excerpts attached as Exhibit 2 (stating "if there's an unverified fact sheet, that's the same as no fact sheet," and that it is plaintiffs' counsel's "responsibility to make sure that [PFSs] are verified before they leave [plaintiffs' counsel's] office"); MDL Doc. No. 463 at 2-3 (again rejecting the argument that a plaintiff's failure to verify a PFS should not result in dismissal with prejudice "because PFS verifications serve an important role in Defendants' ability to conduct preliminary discovery in this MDL").

8.      The case of plaintiff Jan Ash, one of the 21 plaintiffs identified in Exhibit 1 (MDL Case No. 6:07-cv-10185), is a telling example of why plaintiff verification of updated PFSs is necessary here.  AstraZeneca received an updated PFS for plaintiff Ash on July 19, 2010.  In the course of collecting her records, however, AstraZeneca discovered evidence suggesting that she had died on March 9, 2010.  Notably, plaintiff Ash's "updated" PFS did not mention her death more than four months prior – thus, it was neither current nor accurate – nor did it identify any successor or representative to be substituted in her place.[1]

9.      Recently, the judge overseeing the coordinated Seroquel proceedings in Delaware state court considered whether Seroquel plaintiffs were required to verify updated PFSs and ruled that "all supplemental fact sheets shall be verified by the plaintiffs."  August

_____

[1] AstraZeneca questions how plaintiffs' counsel was able to serve an updated PFS containing new information for plaintiff Ash when she had died three months before the Court entered the Scheduling Order requiring her to serve an updated PFS.  Clearly, counsel have not been in contact with plaintiff Ash since the Court entered the Scheduling Order.

3

12, 2010 Order, *In re Seroquel Litig.*, C.A. No. 07C-SER-1 (Del. Super. Ct.), attached as

Exhibit 3.  In so ruling, the court found it convincing that "federal courts interpret Fed. R.

Civ. P. 26(e) & 33(b) as requiring a party to verify not only initial interrogatory answers but

also supplemental interrogatory answers."  *Id.*

      10.     As this Court is well aware, PFSs routinely take the place of interrogatories in

mass tort MDLs and are given the same legal significance.  *See, e.g., In re Prempro Prods.*

*Liab. Litig.*, 2010 WL 703151, at *4 (E.D. Ark. Feb. 23, 2010) (verified PFSs "were given

the same legal significance as responses to interrogatories"); *In re PPA Prods. Liab. Litig.*,

460 F.3d 1217, 1224 (9th Cir. 2006) (noting adoption of a PFS protocol "in lieu of

interrogatories").  Courts in this district have ruled that "if a party amends or supplements its

response [to an interrogatory,] the party must attest to the truthfulness of the new response"

and therefore "[the party] must verify its supplemental response to interrogatories."  *Knights*

*Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 466-67 (M.D. Fla. 2008)

(recognizing "Rule 33 is commonly interpreted as requiring all interrogatory answers,

whether initial or supplemental, to be signed under oath").

      11.     Dismissal of cases where plaintiffs failed to provide a completed PFS has

been held to be an appropriate sanction in multi-district product liability litigation.  *See, e.g.,*

*In re PPA Prods. Liab. Litig.*, 460 F.3d at 1234 (affirming district court's dismissal as

appropriate sanction for failure to complete PFSs); *see also In re Guidant Corp. Implantable*

*Defibrillators Prods. Liab. Litig.*, No. 06-3810, 2007 WL 2189069 at *4 (8th Cir. Aug. 1,

2007) (same).

12.     This Court has dismissed the claims of many plaintiffs in this MDL with prejudice due to their failure to serve verified PFSs.  *See, e.g.*, MDL Doc. Nos. 1516; 1549 (dismissing cases with prejudice for plaintiffs' failure to serve verified PFSs).

13.     Because the plaintiffs listed in Exhibit 1 have had ample opportunity to comply with the Court's Orders and serve verified, updated PFSs but have failed to do so, AstraZeneca respectfully requests that the Court dismiss their claims with prejudice, and further order that plaintiffs' claims shall be reinstated only if each plaintiff serves AstraZeneca with "a fully-executed and updated Plaintiff Fact Sheet, medical records authorization and responsive documents" and file a notice certifying same within 80 days. *See Altman*, Doc. No. 12 at ¶ I.D; *see also* MDL Doc. No. 285 at ¶ 1.

14.     Pursuant to the Order amending CMO No. 2, a form dismissal Order is attached as Exhibit 4.  *See* MDL Doc. No. 285 at ¶ 1.

WHEREFORE, AstraZeneca respectfully requests that the Court dismiss with prejudice the claims of the 21 plaintiffs listed in Exhibit 1 because they have failed to serve executed, updated PFSs, and that the Court further order that plaintiffs claims' shall not be reinstated unless, within 80 days, plaintiffs serve AstraZeneca with a fully executed and updated PFS, medical records authorization, and responsive documents, and file a notice certifying same.

Dated:  September 7, 2010

/s/ *Shane T. Prince*
Fred T. Magaziner
Shane T. Prince
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Attorneys for Defendants AstraZeneca LP and*
*AstraZeneca Pharmaceuticals LP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 7, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system through which all participating parties are deemed served.  I further certify that, by using the CM/ECF, the foregoing has been served on plaintiffs' counsel below:

> Camp Bailey, Esq.
> Michael W. Perrin, Esq.
> Fletcher Trammell, Esq.
> Bailey Perrin Bailey LLP
> The Lyric Centre
> 440 Louisiana, Suite 2100
> Houston, TX 77002
> Telephone: (713) 425-7240
> cbailey@bpblaw.com
> mperrin@bpblaw.com
>
> Matthew F. Pawa, Esq.
> Law Offices of Matthew F. Pawa, P.C.
> 1280 Centre St., Suite 230
> Newton Centre, MA 02459
> Telephone: (617) 641-9550
> Mp@pawalaw.com
>
> Larry Roth, Esq.
> Rumberger, Kirk & Caldwell, PA
> 300 S Orange Ave - Suite 1400
> PO Box 1873
> Orlando, FL 32801
> Telephone:  407-872-7300
> Fax:  407-841-2133
> lroth@rumberger.com

*/s/ Shane T. Prince*