**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation.**

Case No. 6:06-md-1769-Orl-22DAB

_____/

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:** **PLAINTIFFS' LIAISON COUNSEL'S MOTION FOR DETERMINATION AND APPROPRIATENESS OF ATTORNEYS' FEES ON CERTAIN MDL SETTLEMENTS AND CERTIFICATION (Doc. 1673 in MDL)** |
| **FILED:** JULY 27, 2010 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED.** |
| **MOTION:** **PLAINTIFFS' LIAISON COUNSEL'S MOTION TO COMPEL DISCLOSURE OF MDL CASES BEING SETTLED, ESTABLISHMENT OF PROCEDURE FOR LIAISON COUNSEL FEES TO BE PAID FROM SETTLEMENTS AND/OR COMMON FUND BENEFITS (Doc. 1677 in MDL)** |
| **FILED:** AUGUST 13, 2010 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part** as set forth herein. |

Plaintiffs' Liaison Counsel, Larry M. Roth, seeks an order setting his compensation for acting as the Court-approved Liaison Counsel in the *In re Seroquel* multi-district litigation (MDL) pending in the Middle District of Florida, Orlando Division. Mr. Roth seeks to be compensated for work performed by him for the benefit of all Plaintiffs' cases which were filed and pending in the MDL, and which have been and/or will be settled between the Plaintiffs and AstraZeneca in the future. Mr.

Roth's Motion seeks compensation of up to 1% of the attorneys' fees taken by the Plaintiffs' counsel who have in the past, or who may in the future, settle cases which are pending in the MDL, or for some type of hourly[1] fee.

Mr. Roth filed his Motion for Determination and Appropriateness of Attorney's Fees on Certain MDL Settlements and Certification (Doc. 1673) on July 27, 2010. He subsequently filed a Motion to Compel Disclosure of MDL Cases Being Settled, Establishment of Procedure for Liaison Counsel Fees To Be Paid From Settlements and/or Common Fund Benefits (Doc. 1677). The Mediator, Professor Stephen A. Saltzburg, filed a Response on August 14, 2010 (1679) indicating

that he believed Mr. Roth was entitled to attorneys' fees which he believes should be awarded on some type of hourly basis; he stated that "there has been some success in settlement discussions" and "each of the settling firms and AstraZeneca have agreed to confidentiality provisions in their settlement discussions that protect certain information – including the amounts of any settlements – from being disclosed." Doc. 1679.

AstraZeneca filed its Response, asserting opposition only to the extent Mr. Roth sought information from it concerning mediation settlements and arguing that any dispute over fee sharing among Plaintiffs' counsel should not involve AstraZeneca. Doc. 1680. AstraZeneca argues that disclosure of mediation information would threaten the confidentiality necessary to the mediation process. Doc. 1680.

When no response was received from Plaintiffs' counsel as of September 1, 2010, the Court ordered a response by September 10, 2010. Doc. 1684. On September 7, 2010, Plaintiff's Co-Lead Counsel, Paul Pennock, Esq., filed a Response stating that Plaintiffs' counsel has no opposition and

---

[1] Mr. Roth has indicated that he has time records going back to 2006 which can be filed with the Court if so requested.

concur with Mr. Roth's request to receive a 1% fee for all Seroquel cases pending or previously pending in the MDL, aside from those firms which have previously executed a written agreement with Mr. Roth, who should be bound by their agreements.

No opposition has been filed to the receipt of some form of compensation by Liaison Counsel for any MDL cases that have been settled, or will be settled in the future. As stated in the Manual for Complex Litigation (4th Edition), "The court may award fees to lead counsel, liaison counsel, and other attorneys designated to perform tasks on behalf of a group of litigants." MANUAL FOR COMPLEX LITIGATION (4th) § 14.11 at 186 (Federal Judicial Center 2004); *see* § 10.221 at 24-25 (discussing liaison counsel, its role and duties, and defining duties of "liaison persons" for plaintiffs and defendants).

Other courts in multi-district litigation cases have awarded compensation to liaison counsel for their efforts and work on behalf of the group of plaintiffs' attorneys. *See, e.g., In re: Litigation, Joint Discovery M./V. Horizon Legionnaires Disease*, 1996 W.L. 39318, *1 (S.D. N.Y. Feb. 1, 1996) (finding "some recompense to Liaison Counsel, counsel on the Committee undertaking work to further consolidated discovery and counsel designated to conduct specific dispositions is, plainly, warranted" and the court would consider such requests at the appropriate time). Because the Remand Order has been withdrawn (*see* Doc. 1682), the Court has jurisdiction in which to order attorneys' fees compensation for Liaison Counsel's efforts which have benefitted all of the plaintiffs since his appointment as Liaison Counsel on September 7, 2006 (Doc. 28).

Based on the Response of Plaintiffs' Counsel to Mr. Roth's Motion, they are not opposed to compensation of 1% of all settlements to Mr. Roth, which the Court will order to the extent no written agreement has been executed. However, such an arrangement presents issues of enforcement where the matters must remain confidential. The Court must balance Mr. Roth's entitlement to

accurate compensation and compliance with the Court's order with the confidentiality of the settlements and the on-going mediation process. The Mediator and AstraZeneca seem appropriately positioned to solve this dilemma without undue burden.

Based on the foregoing, it is **ORDERED** as follows:

1. Larry M. Roth, as Plaintiffs' Liaison Counsel, is entitled to payment of attorneys' fees in the amount of one percent (1%) of any attorneys' fees taken by any plaintiff's' attorney for any case which has been settled, which case was or is part of this federal multi-district litigation.

2. For any attorney who has already settled cases, who is in the process of settling cases, or who in the future will settle cases that those attorneys and/or law firms who are representing Plaintiffs in this MDL notify Mr. Roth, in confidence, within ten (10) days of the formal agreement with AstraZeneca to settle by providing him the names and case numbers of the cases which are being settled, or will be settled.

3. Counsel for AstraZeneca is ordered to provide a list of the names and case numbers for those cases which have settled to the Mediator, Professor Stephen Saltzburg by October 1, 2010, and every thirty days thereafter. Mr. Roth will submit a list of the names and case numbers of those cases on which he has received payment for comparison by the Mediator. The lists shall be in a format to facilitate the Mediator's review and comparison. If there are unexplained discrepancies, the Mediator shall take appropriate steps to resolve them, failing which Mr. Roth may seek further relief from the Court. Mr. Roth and counsel for Astrazeneca are urged to confer in order to create a mutual reporting format that facilitates or automates the process of comparison. The Mediator is authorized to modify and implement these procedures as he sees fit to minimize the burden and expense of assuring appropriate compensation of Mr. Roth's fees.

4. It is further **ORDERED** that every Plaintiff's attorney who has settled a case with AstraZeneca in this MDL, upon the closing of the settlement and distribution of funds, shall pay Larry M. Roth one percent (1%) of their attorneys' fees they are being paid from the settlement of any case or groups of cases in this MDL; every Plaintiff's attorney is **ORDERED** to forward to Mr. Roth a settlement check from the lawyers and/or law firms of those cases made payable to Mr. Roth in the form or format he designates.

5. It is further **ORDERED** that Plaintiffs' Liaison Counsel, Larry M. Roth, is bound by any confidentiality provisions between Plaintiffs' attorneys and AstraZeneca for any case which has been, is being settled, or may be settled in the future, and which confidentiality terms are made part of any settlement.

6. It is **ORDERED** that all Plaintiffs' attorneys and their law firms shall provide Mr. Roth with his attorneys' fees as specified above within ten (10) days from the settlement closing date which takes place for the settlement of any MDL case.

7. This Order does not apply to those attorneys and/or law firms with whom Mr. Roth has pre-existing attorneys' fee agreements for payment. The time frames for payment to Mr. Roth, unless otherwise specified in these contracts, shall be as set forth above in paragraphs 4 and 6. Further, those attorneys and/or law firms who have settled cases, or are in the process of settling cases, or may settle cases in the future from this MDL, but have separate contracts with Mr. Roth, still are bound by the same provisions set forth above with regard to notifying Mr. Roth of what cases are being settled, or have been settled, so that proper records and accounting can be maintained.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record