**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| **IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION** | | |
| This document relates to: | | No. 6:06-MDL-1769-ACC-DAB |
| *Plaintiffs' Cases Listed in Exhibit A* | | |

**CERTAIN PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO DISMISS CASES OF PLAINTIFFS WHO HAVE FAILED TO VERIFY UPDATED PLAINTIFF FACT SHEETS**

Plaintiffs whose cases are listed in Exhibit A ("Plaintiffs") hereby respond in opposition to the Motion to Dismiss Cases of Plaintiffs Who Have Failed to Verify Updated Plaintiff Fact Sheets (the "Motion" (Doc. 1686)) filed by Defendants AstraZeneca Pharmaceuticals LP, *et al.* (collectively, "AstraZeneca"), and would respectfully show the Court as follows:

1.      At the outset of discovery in this litigation, each Plaintiff whose case is listed on Exhibit A served a completed Plaintiff Fact Sheet ("PFS") upon AstraZeneca, each with the following signed, forward-looking acknowledgement:

> I declare under penalty of perjury that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge . . . and that I have signed, witnessed, and supplied the authorizations attached to this Verification.  ***Further, I acknowledge that I have an obligation to supplement the above responses if I learn that they are in some material respects incomplete or incorrect.***

(Emphasis added.)   AstraZeneca not only agreed to the above language after negotiating the scope of the PFS, AstraZeneca helped draft the language.

2.      Thus, the original acknowledgement signed by the Plaintiffs under penalty of perjury anticipated, under oath, that future changes to the original answers may be necessary.  As

the Court instructed in its Case Management and Scheduling Order (the "Order"), Plaintiffs' PFSs were timely updated, and the updated responses were under oath as contemplated by the original forward-looking verification signed by each Plaintiff.  No new, duplicative verification was served or necessary.  That was in accordance with customary practice between the parties, through which hundreds if not thousands of fact sheet updates have been served upon AstraZeneca over the years without AstraZeneca requesting that an updated verification be signed.

3.     Already having timely signed and served a forward-looking verification in the first year or so of the litigation, Plaintiffs were able to avoid the fate that awaited hundreds upon hundreds of claimants that did not timely verify their PFS answers—i.e., dismissal with prejudice.  As AstraZeneca knows and the courts should know by this time, the Seroquel litigation plaintiffs frequently suffer from mental illnesses, are hospitalized or institutionalized, are homeless, are jobless, depend upon others for their sustenance, well-bring, and contact with the world, go underground and then surface at unexpected times, and/or generally exist on society's fringes, often outside society's customs, rules, and deadlines.  Yet AstraZeneca has no hesitation about running such plaintiffs through the minefield of missed, short-term PFS deadlines with the threat of dismissal sanctions underfoot, all over the supposed need for a signature that Plaintiffs already provided to AstraZeneca at the inception of the litigation, with the goal winning a war of attrition if it happens that Plaintiffs are unable to timely respond.

4.     Nevertheless, in an abundance of caution, and under protest pending the Court's ruling on AstraZeneca's Motion and interpretation of the scope of the verification language set forth above, the Plaintiffs whose cases are listed in Exhibit A have either (a) served an updated verification upon AstraZeneca, (b) filed or will immediately file a stipulation of voluntary

dismissal, (c) had their counsel file a motion to withdraw, or (d) will endeavor to serve an updated verification before the time limit established in Case Management Order 2 expires.  Still, Plaintiffs ask the Court to interpret the foregoing original verification language as forward-looking and covering all future updates to PFSs, as the parties' plainly contemplated and intended at the outset of the litigation.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that the Court deny AstraZeneca's Motion.

DATED:  September 20, 2010                    Respectfully submitted,


By:  /s/ K. Camp Bailey
     F. Kenneth Bailey, Jr.
     K. Camp Bailey
     Fletcher V. Trammell
     Robert W. Cowan
     BAILEY PERRIN BAILEY
     440 Louisiana Street, Suite 2100
     Houston, Texas 77002
     Telephone – 713.425.7100
     Facsimile – 713.425.7101
     Email – kbailey@bpblaw.com
           cbailey@bpblaw.com
           ftrammell@bpblaw.com
           rcowan@bpblaw.com

     PLAINTIFFS' COUNSEL

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of September, 2010, I electronically filed the foregoing: CERTAIN PLAINTIFFS' RESPONSE IN OPPOSITION TO ASTRAZENECA'S MOTION TO DISMISS CASES OF PLAINTIFFS WHO HAVE FAILED TO VERIFY UPDATED PLAINTIFF FACT SHEETS with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.


/s/  Robert W. Cowan
Robert W. Cowan