UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: SEROQUEL PRODUCTS
LIABILITY LITIGATION

This document relates to Case Nos:
6:06-cv-01660-ACC-DAB
6:08-cv-06001-ACC-DAB

No. 6:06-MDL-1769-ACC-DAB

ASTRAZENECA'S RESPONSE TO
PLAINTIFFS' STATUS REPORTS IN
CASE NO. 6:06-CV-01660 AND
CASE NO. 6:08-CV-06001

Defendant AstraZeneca, by its undersigned counsel, hereby files its response to the individual Status Reports filed by plaintiffs in *Segura*, Case No. 6:06-cv-01660 (Doc. 7) and *Garza,* Case. No. 6:08-cv-06001 (Doc. 11).

As explained below, AstraZeneca disagrees with counsel for *Garza* and *Segura* that these two cases (which plaintiffs have indicated are NMS cases) should be remanded for case specific discovery. Instead, AstraZeneca believes the Court's indicated intent to set dispositive motion and pretrial deadlines for unsettled cases is the appropriate, efficient way to proceed.

Of the more than 6,000 cases that were transferred to the MDL (47 of which involved NMS allegations), these are the only two cases that remain totally unresolved.[1] Moving forward with dispositive motions could well lead to an early resolution of both cases, especially because, from inception, the "Warning" section of the Seroquel label has contained a detailed classwide NMS warning; generic discovery has long been completed in the MDL for all types of cases, no

---

[1] Although there is a third case, *King* (6:07-cv-01909), that has not yet been fully resolved, it stands in a very different settlement posture from *Segura* and *Garza*. Unlike those cases, where mediation proved unsuccessful, in *King* (which is a diabetes case) following mediation, the parties are working on a written settlement agreement and therefore request that the Court not set milestone dates.

21681195.1

matter the alleged disease, including NMS; and very little, if any, case specific discovery would be relevant to this generic issue.

To set forth its position more fully, AstraZeneca states as follows:

1. On December 8, 2011, the Court entered orders in 15 cases, including the *Garza* and *Segura* cases, ordering that the parties jointly advise it "as to whether this matter is settled, or should have Summary Judgment Motion and Pretrial Stipulation deadlines set." 6:06-cv-01660 (Dkt. 10) and 6:08-cv-06001 (Dkt. 5). On December 16, 2011, AstraZeneca and plaintiffs' counsel in all cases 15 cases except *Garza* and *Segura* jointly filed a response to the Court's inquiry as to whether or not the indicated case had been settled or should have such deadlines set. Plaintiff's counsel in *Garza* and *Segura* declined to join in that filing, each choosing instead to file its own status report.

2. The *Garza* and *Segura* individual reports are nearly identical and each acknowledged that no settlement encompassed that case. However, rather than acquiescing in the Court's indicated intent to set Summary Judgment Motion and Pretrial Stipulation deadlines, they took issue with that approach, found fault with the plaintiffs' lead counsel in the MDL, and sought immediate remand of their cases to the transferor courts for case specific discovery.

3. However, a remand of these two cases at this stage of the MDL process – where the Court is so close to a complete resolution of every case that was transferred to the MDL – would not be efficient and likely would result in unnecessary delay.

4. As the Court may will recall from its various reviews of the Seroquel label, the "Warning" section of the label – from the product's introduction in the market in 1997 and continuously throughout – has always borne a prominent, detailed classwide warning about the risk of NMS associated with antipsychotic drugs:

21681195.1

**Neuroleptic Malignant Syndrome (NMS)**

A potentially fatal symptom complex sometimes referred to as Neuroleptic Malignant Syndrome (NMS) has been reported in association with administration of antipsychotic drugs. Two possible cases of NMS (2/2387 (0.1%)) have been reported in clinical trials with SEROQUEL. Clinical manifestations of NMS are hyperpyrexia, muscle rigidity, altered mental status, and evidence of autonomic instability (irregular pulse or blood pressure, tachycardia, diaphoresis, and cardiac dysrhythmia). Additional signs may include elevated creatinine phosphokinase, myoglobinuria (rhabdomyolysis) and acute renal failure.

The diagnostic evaluation of patients with this syndrome is complicated. In arriving at a diagnosis, it is important to identify cases where the clinical presentation includes both serious medical illness (e.g., pneumonia, systemic infection, etc.) and untreated or inadequately treated extrapyramidal signs and symptoms. Other important considerations in the differential diagnosis include central anticholinergic toxicity, heat stroke, drug fever and primary central nervous system (CNS) pathology.

The management of NMS should include: 1) immediate discontinuation of antipsychotic drugs and other drugs not essential to concurrent therapy; 2) intensive symptomatic treatment and medical monitoring; and 3) treatment of any concomitant serious medical problems for which specific treatments are available. There is no general agreement about specific pharmacological treatment regimens for uncomplicated NMS.

If a patient requires antipsychotic drug treatment after recovery from NMS, the potential reintroduction of drug therapy should be carefully considered. The patient should be carefully monitored since recurrences of NMS have been reported.

5. This label – which at all times clearly warned of the risk of NMS – squarely puts in issue the generic dispositive effect of the label on the viability of plaintiffs' claims in both *Segura* and *Garza*. And little remains to be done before the Court could consider the issue. As the Court is aware, generic discovery has already been completed for all cases in the MDL, including those involving NMS allegations, and thus there is no occasion for such discovery. (6:06-md-01769 Doc. 1640 at 26). Moreover, case specific discovery does not appear relevant to addressing the generic dispositive effect of this warning. Indeed, even if there were a colorable argument that some case specific discovery were truly needed before this alleged failure to warn issue could be addressed, such case specific discovery obviously would be quite limited and

21681195.1

could easily be conducted in this Court. Therefore, at this stage of the MDL, these two NMS cases should be well on their way to the submission of dispositive motions on the adequacy of the warning issue and quite possibly to a resolution.

6. In contrast, a remand at this time to a Court lacking the familiarity with the case law and Seroquel labeling that this Court has acquired through its years of experience with these cases would be inefficient and unnecessarily delay the resolution of the cases.

7. AstraZeneca recognizes that, if a dispositive motion based on the adequacy of the warning in the label were not sufficient to resolve these cases, then additional case specific discovery on issues such as specific causation would be necessary. But undertaking that discovery now would not be consistent with a potentially early, efficient, and inexpensive resolution of the cases. Such discovery and related motion practice (in accordance with subsequent dates to be set by the Court) should only go forward if a dispositive motion based on the labeling proves unsuccessful.

8. Accordingly, AstraZeneca would urge the Court to reject the *Segura* and *Garza* idea that remand of these cases should take place now. Instead, AstraZeneca submits that the Court should continue on the path it set forth in its prior order: the setting of deadlines for dispositive motions and pretrial activities.

Respectfully submitted,

By: /s/ Robert L. Ciotti
Chris S. Coutroulis
Robert L. Ciotti
CARLTON FIELDS, P.A.
Corporate Center Three at
    International Plaza
4221 W. Boy Scout Blvd.
Tampa, FL 22607
Telephone – 813.223.7000
Email: ccoutroulis@carltonfields.com

21681195.1

                    rciotti@carltonfields.com
                  Counsel for AstraZeneca

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                  /s/  Robert L. Ciotti

21681195.1