**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: Seroquel Products Liability Litigation.**

Case No.  6:06-md-1769-Orl-22DAB

_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DISCLOSURE OF STATUS OF SETTLEMENTS (Doc. No. 1733)**
>
> **FILED:** December 21, 2011
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

The Court previously established a procedure for Plaintiffs' Liaison Counsel, Larry M. Roth, to be compensated for work performed by him for the benefit of all Plaintiffs in their cases while acting as the Court-approved Liaison Counsel in the *In re Seroquel* multi-district litigation (MDL) pending in the Middle District of Florida, Orlando Division.  Mr. Roth sought compensation of 1% of the attorneys' fees taken by the Plaintiffs' counsel who have in the past, or who may in the future, settle cases which are pending in the MDL, or for some type of hourly fee.  Doc. 1692.

Previously, no opposition was filed to the receipt of some form of compensation by Liaison Counsel for any MDL cases that have been settled, or will be settled in the future.  Plaintiffs' counsel were not opposed to compensation of 1% of all settlements to Mr. Roth, which the Court

ordered to the extent no written agreement had been executed[1]. However, the arrangement presented issues of enforcement where the matters must remain confidential. The Court balanced Mr. Roth's entitlement to accurate compensation and compliance with the Court's order with the confidentiality of the settlements and the on-going mediation process. The Court found that the Mediator and AstraZeneca seemed appropriately positioned to solve this dilemma without undue burden, and the Court established a procedure for any attorney who had "already settled cases, who is in the process of settling cases, or who in the future will settle cases that those attorneys and/or law firms who are representing Plaintiffs in this MDL notify Mr. Roth, in confidence, within ten (10) days of the formal agreement with AstraZeneca to settle by providing him the names and case numbers of the cases which are being settled, or will be settled."

Counsel for AstraZeneca was also ordered to provide a list of the names and case numbers for the cases which had settled to the Mediator every thirty days, which could be compared against a list from Mr. Roth of those cases on which he received payment for comparison by the Mediator. Where there were unexplained discrepancies, the Mediator was to take appropriate steps to resolve them, failing which Mr. Roth could seek further relief from the Court. Plaintiffs' attorneys and their law firms were ordered to provide Mr. Roth with his attorneys' fees as specified above within ten (10) days from the settlement closing date of any MDL case.

Apparently there are some Plaintiffs' counsel who have not updated Mr. Roth pursuant to this Court's order (Doc. 1692). According to Mr. Roth "only a few counsel for Plaintiffs responded to the multiple requests made by Plaintiffs' Liaison Counsel for a status update as to those settlements, if any, with the Defendants," which led Mr. Roth to file the Motion to Require All

---

[1] As the Court previously quoted from the Manual for Complex Litigation (4th Edition), "The court may award fees to lead counsel, liaison counsel, and other attorneys designated to perform tasks on behalf of a group of litigants." MANUAL FOR COMPLEX LITIGATION (4th) § 14.11 at 186 (Federal Judicial Center 2004).

Plaintiffs' Counsel to Advise as to the Status of Settlement in Pending Cases. Doc. 1732. He lists seventeen firms which have responded with status (but needs updating) or paid Liaison Counsel's fee. Doc. 1732. No opposition has been filed to Mr. Roth's Motion.

Therefore, it is **ORDERED** that all Plaintiffs' counsel who have entered into settlements in principle, and/or in which settlements have been funded and/or where any Medicare and/or Medicaid Liens have been resolved or pending, to notify in writing Mr. Roth, Plaintiffs' Liaison Counsel, within 20 days of this Order the following information:

1. The status of whether or not they have entered into a settlement with the Defendant;

2. An approximate date any settlement monies will be funded to the Plaintiffs' attorneys;

3. An estimated date of any settlement closings after apportionment of settlement funds to multiple Plaintiffs have been completed so that a closing can take place, and a determination of the distribution timing of the attorneys' fees due Plaintiffs' Liaison Counsel and when they may be received.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record