UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to all cases shown on Exhibit 1A to Exhibit 1 | No. 6:06-MDL-1769-ACC-DAB |

## JOINT MOTION FOR EXTENSION OF TIME AS TO 108 REMAINING CASES

By a contemporaneously filed stipulated motion, AstraZeneca and the plaintiffs in 34 of the 142 cases in this MDL that have not yet been dismissed with prejudice are now seeking entry of a judgment of dismissal with prejudice. That will bring to 5990 the total number of cases either dismissed or due to be dismissed with prejudice (about 98% of the entire docket). However, there are still a relatively few number of cases where additional time is needed. Accordingly, AstraZeneca, by its undersigned counsel, and each of the plaintiffs in the 108 remaining cases listed on Exhibit 1A to Exhibit 1 to this motion, by their separate undersigned counsel, hereby move the Court to enter an order in the form set forth on Exhibit 1 extending by 90 days the time the Court previously provided for moving to re-open any of these actions, upon good cause shown, or for submitting a stipulated form of final order or judgment.

The grounds for the motion are set forth below.

## SUPPORTING MEMORANDUM

The parties previously provided the Court with lists identifying those cases pending in the MDL that were subject to executed settlement agreements. (Doc. 1724, 1731) Those executed settlement agreements (plus one additional agreement) encompass 6,099 MDL cases (all but two of the cases that are contained in the MDL). Setting those two cases aside, the Court subsequently entered a series of dismissal orders covering these 6,099 cases. Those orders

24430233.2

dismissed the cases "without prejudice subject to the right of any party to re-open the action within one hundred and twenty (120) days, upon good cause shown, or to submit a stipulated form of final order or judgment."[1] For each case, the Clerk was directed to close the file. (*Id.*).

Through diligent efforts by AstraZeneca and the plaintiffs, 5,956 of the 6,099 cases have already been dismissed with prejudice and another 34 are now also ready for entry of a judgment of dismissal with prejudice at this time, and the parties to those cases contemporaneously have filed a motion to that effect.[2] However, for 108 cases, the parties are not yet in a position to request such relief, although they are hopeful that they will soon be in a position to do so in many of them. Thus, rather than seeking now to reopen these cases, similar to the approach they followed in February and May they instead seek an additional 90 day period for doing what the Court previously provided with regard to any of the cases pending in the MDL – filing a stipulated motion seeking dismissal with prejudice or, if necessary, a motion to reopen. The parties seek this relief at this time not for purposes of delay, but so that they may be in a position to seek judgments of dismissal with prejudice or other appropriate relief, consistent with the various applicable settlement agreements, in as many of these few remaining cases as possible.

As with the 34 cases for which dismissal with prejudice is now appropriate, each of these 108 cases is encompassed within a settlement agreement reached between AstraZeneca and that particular plaintiff's counsel (AstraZeneca has entered into 31 separate settlement agreements covering the 6,099 cases that made up this MDL; the cases on Exhibit 1A to Exhibit 1 are included in 15 of these agreements). But unlike those 34 cases, the requirements that would

---

[1] See 6:06-MDL-1769 (Docs. 1725-1730); 6:07-cv-01909 (Doc. 7); 6:07-cv-10007 (Doc. 22); 6:07-cv-10416 (Doc. 13); 6:07-cv-14892 (Doc. 14); 6:07-cv-15578 (Doc. 13); 6:07-cv-11358 (Doc. 16); 6:09-cv-00960 (Doc. 7); 6:09-cv-17117 (Doc. 9); 6:09-cv-17134 (Doc. 9); 6:09-cv-17175 (Doc. 11); 6:09-cv-17155 (Doc. 9); 6:09-cv-17186 (Doc. 10); 6:10-cv-00156 (Doc. 7).

[2] One case, that of plaintiff Karen Daniels, No. 6:07-cv-00361-ACC-DAB, had previously been dismissed with prejudice for want of prosecution.

allow for a stipulated dismissal with prejudice for these remaining 108 cases have not been satisfied at this time. The reasons why these cases are not yet in a position for final disposition vary and include the following:

- In some instances, plaintiffs' counsel, despite good faith efforts that are continuing, has not yet been able to locate the plaintiff. As the Court will recall, many of these plaintiffs allegedly suffer from some form of mental illness, including psychosis, making this task more difficult than in another type of case.

- In other instances, the plaintiff has been located but for one reason or another, has not yet provided counsel with all of the documentation or information required for participation under the agreement, such as a fully executed release. With continuing efforts, however, counsel are hopeful that those requirements may still be satisfied.

- In a few instances, the general requirements for consummation of a particular settlement have not yet been satisfied by plaintiffs' counsel with regard to its inventory of cases covered by the settlement agreement. These general requirements extend to that counsel's entire inventory as a whole, including MDL cases, state court cases, and unfiled cases. In many instances, that inventory includes more (often substantially more) state-court cases than MDL cases. Thus, such counsel have had to deal with multiple state cases simultaneously with their MDL cases. Therefore, even if a particular MDL plaintiff is ready to participate in that settlement (and thereupon have his or her case dismissed with prejudice), such a plaintiff cannot do so until consummation occurs pursuant to the overall

terms of the applicable agreement. Counsel are hopeful that with continuing efforts by plaintiffs' counsel, that will still occur.

AstraZeneca and the parties anticipate that many of these situations will be resolved, and therefore, that a stipulated motion for entry of dismissal with prejudice can be filed in a number of these cases if additional time to do so is granted by the Court. That optimism is borne out by the substantial progress that has been made over the last nine months wherein, if the contemporaneously-filed motion for entry of judgment of dismissal with prejudice is granted, 5,990 cases (about 98% of the total in the MDL) will have been moved into the "with prejudice dismissal category." Although motions to reopen may become necessary in some of these relatively few remaining cases, even then, for all or a significant portion of them, counsel may be in a position to request relief that could ultimately result in a dismissal with prejudice through an alternative process.

Wherefore, AstraZeneca and the plaintiffs in each of the cases listed in Exhibit 1A to Exhibit 1, hereby move the Court to enter an order in the form set forth on Exhibit 1 providing that each case remains dismissed without prejudice "subject to the right of any party to re-open the action within ninety (90) days from the date of this order, upon good cause shown, or to submit a stipulated form of final order or judgment."

DATED: August 28, 2012

Respectfully submitted,

/s/ Chris S. Coutroulis
Chris S. Coutroulis
/s/ Robert L. Ciotti
Robert L. Ciotti
Carlton Fields, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd.
Tampa, Florida 22607

24430233.2                                                                    4

Telephone: 813-223-7000
Facsimile: 813-229-4133
E-mail: ccoutroulis@carltonfields.com
rciotti@carltonfields.com
Defendants' Counsel (as to all cases listed on Exhibit 1A to Exhibit 1)

/s/ J.H. Trey Allen
J.H. Trey Allen, Esq.
Allen Law Firm
3838 Oak Lawn Avenue
Suite 1100
Dallas, Texas 75219
Telephone: 214-521-2300
Facsimile: 214-528-7755
E-mail: Trey@allenfirm.net
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Bryan F. Aylstock
Bryan F. Aylstock
Justin G. Witkin
Aylstock, Witkin, Kreis & Overholtz PLLC
17 East Main Street, Suite 200
Pensacola, Florida 32502
Telephone: 850-916-7450
Facsimile: 850-916-7449
E-mail: BAylstock@awkolaw.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ K. Camp Bailey
K. Camp Bailey
Robert W. Cowan
Bailey Perrin Bailey
440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: 713-425-7100
Facsimile: 713-425-7101
Email: cbailey@bpblaw.com
rcowan@bpblaw.com
ltien@bpblaw.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Brett Duke
Brett Duke
Law Offices of Brett Duke, P.C.
4157 Rio Bravo
El Paso, Texas 79902

Telephone: 915-875-0003
Facsimile: 915-875-0004
E-mail: brettduke@brettduke.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ David L. Friend
David L. Friend
Hissey Kientz, LLP
9442 North Capital of Texas Hwy, Suite 400
Austin, Texas 78759
Telephone: 512-320-9100
Facsimile: 512-320-9101
E-mail: dfriend@hkllp.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Howard L. Nations
Howard L. Nations
Law Offices of Howard L. Nations
4515 Yoakum Blvd.
Houston, Texas 77006
Telephone: 713-807-8400
Facsimile: 713-807-8423
E-mail: howard.nations@howardnations.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Lawrence J. Gornick
Lawrence J. Gornick
Dennis J. Canty
Levin Simes Kaiser & Gornick, LLP
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone: 877-575-4529
Facsimile: 415-981-1270
E-mail: lgornick@lskg-law.com
E-mail: dcanty@kaisergornick.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ David P. Matthews
David P. Matthews
Matthews & Associates
2905 Sackett St
Houston, TX 77098
713-222-8080
Fax: 713-535-7184
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Patrick J. Mulligan
Patrick J. Mulligan
The Mulligan Law Firm
4514 Cole Avenue, Suite 300
Dallas, Texas 75205
Telephone: 214-219-9779
Facsimile: 214-520-8789
Email: pmulligan@mulliganlaw.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Spencer P. Browne
Spencer P. Browne
Reyes Bartolomei Browne
5950 Berkshire Lane, Suite 410
Dallas, Texas 75225
Telephone: 214-526-7900
Facsimile: 214-526-7910
E-mail: Spencer@reyeslaw.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Steven J. Skikos
Steven J. Skikos
Skikos, Crawford, Skikos, Joseph & Millican LLP
625 Market Street, 11th Floor
San Francisco, California 94105
Telephone: 415-546-7300
Facsimile: 415-546-7301
E-mail: sskikos@skikoscrawford.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ David J. Dickens
David J. Dickens, Esq.
The Miller Firm, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
Telephone: 540-672-4224
Facsimile: 540-672-3055
Email: ddickens@millerfirmllc.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Paul J. Pennock
Paul J. Pennock
Weitz & Luxenberg, P.C.
700 Broadway
New York, New York 10003

Telephone: 212-558-5549
Facsimile: 212-344-5461
E-mail: Ppennock@weitzlux.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit 1

/s/ Russell Jackson Drake
Russell Jackson Drake
Whatley Drake & Kallas, LLC
1000 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Telephone: 205-328-9576
Facsimile: 205-328-9669
Email: jdrake@wdklaw.com
Plaintiffs' Counsel as indicated on Exhibit 1A to Exhibit

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2012, I electronically filed the foregoing and its attached exhibits with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ Chris S. Coutroulis