# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION | 6:06-MDL-1769-ACC-DAB |
| This document relates to the following cases: | |
| Freda Elam v. AstraZeneca Pharmaceuticals LP, 6:06-cv-01604-ACC-DAB | |
| Ladalia Green v. AstraZeneca Pharmaceuticals LP, et al., 6:09-cv-01865-ACC-DAB | |
| Juanita Pollard v. AstraZeneca Pharmaceuticals LP, et al., 6:10-cv-00160-ACC-DAB | |
| Anthony Hunnicutt v. AstraZeneca Pharmaceuticals LP, et al., 6:09-cv-17207-ACC-DAB | |
| Gerald Neal by his Power of Attorney Rosie Neal v. AstraZeneca Pharmaceuticals LP, et al., 6:08-cv-01227-ACC-DAB | |
| Loretta Howard v. AstraZeneca Pharmaceuticals LP, et al., 6:08-cv-00490-ACC-DAB | |
| Felice Champion v. AstraZeneca Pharmaceuticals LP, et al., 6:09-cv-17162-ACC-DAB | |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND UNOPPOSED MOTION FOR EXTENSION OF TIME

Plaintiffs, Freda Elam, Ladalia Green, Juanita Pollard, Anthony Hunnicutt, Gerald Neal by his Power of Attorney Rosie Neal, Loretta Howard and Felice Champion hereby respond to the Court's Orders to Show Cause [Doc. 1762, 1763] and respectfully request an additional 30 days to finalize their claims. Each of the identified Plaintiffs have recently contacted counsel and have expressed an interest in accepting the terms of the Master Settlement Agreement

22102387.2

(MSA). Plaintiffs respectfully submit that good cause exists for the delay in failing to return an executed Settlement Agreement and Release and anticipate that all Qualifying Materials will be submitted to Defendants within 30 days. A proposed order to that effect is attached as Exhibit A. Plaintiffs have conferred with Defendants and this motion is unopposed.

The grounds for this motion, are set forth below.

## MEMORANDUM

On October 31, 2011, the Court was advised that approximately 6,095 cases were subject to executed settlement agreements and, therefore, the Court entered a series of orders dismissing those cases "without prejudice subject to the right of any party to re-open the action within one hundred and twenty (120) days, upon good cause shown, or to submit a stipulated form of final order or judgment." For each case, the Clerk was directed to place a copy of the order in the individual case file and to close the file. (*Id.*)

Upon joint motion of the parties, the Court extended the deadline by 90 days on two separate occasions. (Doc. Nos. 1737 and 1748). On August 28, 2012, the parties filed another Joint Motion seeking an additional 90 day extension for 108 remaining cases, including an extension for the 7 Plaintiffs bringing this motion. (Doc. No. 1753). On August 31, 2012, the declined to extend the deadline for cases where the Plaintiff has not been located or failed to return the necessary documentation. (Doc. No. 1756). The Court held that "if Plaintiffs have not been located or failed to return the necessary documentation by now, the Court is not convinced that the situations would be resolved within another 90 days." (*Id.*)

On September 26, 2012, the Court entered two Orders to Show Cause requiring Plaintiffs to show good cause, within 21 days, why their case should not be dismissed without prejudice. (Doc. Nos. 1762 and 1763). Counsel mailed a copy of the Court's Orders to each of the

22102387.2

claimants included in AstraZeneca's Unopposed Motion for Entry of an Order to Show Cause. The seven named Plaintiffs were included in those Orders as they were identified as not having returned the required Qualifying Materials to participate in the Settlement. Upon receipt of the Court Order, the above-referenced Plaintiffs immediately contacted counsel regarding their participation in the settlement. Plaintiffs respectfully submit that good cause exists for not having finalized their settlements. As shown below, these clients fall into the following categories: (1) clients who initially owed more in liens than the total value of their settlement; (2) clients who are now disabled and/or deceased; and (2) clients who have just recently been located.

(1) **Freda Elam** – Ms. Elam had initially received the Settlement Agreement and Release advising her of the terms of the MSA and her estimated settlement award. Due to the high costs of medical treatment and liens on her case, Ms. Elam would not have received any money from the settlement. Accordingly, Ms. Elam could not agree to accept the settlement until it was determined whether her Medicaid liens could be reduced. The Garretson Resolution Firm, the Settlement Administrator for The Miller Firm, has reached an agreement to reduce the Medicaid lien and Ms. Elam has expressed a desire to accept the terms of the MSA and participate in the settlement.

(2) **Ladalia Green** – Ms. Green had initially had initially received the Settlement Agreement and Release advising her of the terms of the MSA and her estimated settlement award. Due to the high costs of medical treatment and liens on her case, Ms. Green would not have received any money from the settlement. Accordingly, Ms. Green could not agree to accept the settlement until it was determined whether her Medicaid liens could be reduced. The Garretson Resolution Firm, the Settlement Administrator for The Miller Firm, has reached an agreement to reduce the Medicaid lien and Ms. Green has received a revised Settlement Agreement and Release.

(3) **Juanita Pollard** – Ms. Pollard moved several times, and changed her phone number, prior to the mailing of the Settlement Agreement. Through efforts of counsel, Ms. Pollard was recently located and notified of the terms of the settlement. Ms. Pollard has expressed a desire to accept the terms of the Settlement Agreement and will be submitting Qualifying Materials to AstraZeneca.

(4) **Anthony Hunnicutt** – After entering into the MSA, Anthony Hunnicutt suffered serious brain injuries resulting in ongoing medical treatment. Mr. Hunicutt's mother recently contacted counsel expressing a desire to accept the settlement as the Guardian of her son. She was not aware of the settlement prior to receiving the Order to Show Cause.

(5) **Gerald Neal, through his Power of Attorney Rosie Neal** – Ms. Neal moved and changed her phone number prior to the mailing of the Settlement Agreement. Through efforts of counsel, Ms. Neal was recently located and notified of the terms of the settlement. Ms. Neal has expressed a desire to accept the terms of the Settlement Agreement and will be submitting all Qualifying Materials shortly.

(6) **Loretta Howard, Personal Representative for Bruce Howard** – Ms. Howard has been traveling extensively as she is primarily responsible for the care of numerous family members who have been ill. Due to her obligation to her family members, Ms. Howard did not have an opportunity to thoroughly review the Settlement Agreement. Ms. Howard discussed the settlement in detail with counsel and has expressed a desire to accept the terms of the Settlement Agreement.

(7) **Felice Champion** – Ms. Champion moved and changed her phone number prior to the mailing of the Settlement Agreement. Additionally, Ms. Champion is legally deaf and has been forced to direct all communications through her brother. Ms. Champion has recently been located and expressed a desire to accept the terms of the Settlement Agreement.

Each of the seven above-referenced Plaintiffs have expressed a desire to participate in the MSA and have agreed to submit the necessary Qualifying Materials to the Defendants as soon as possible. Any delay in submitting Qualifying Materials is not the result of bad faith, or intentional disregard of these claimants.

Wherefore, the above-named Plaintiffs hereby move the Court to enter an order allowing them an additional 30 days to finalize their claims prior to the entry of a judgment of dismissal with prejudice.

Respectfully submitted,

/s/ David J. Dickens
David J. Dickens, Esq.
The Miller Firm, LLC
The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960
Telephone:  540-672-4224
Facsimile:  540-672-3055
Email:  ddickens@millerfirmllc.com

22102387.2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/  David J. Dickens

22102387.2